ORIGINAL

NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 255120)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6683
     Facsimile: (213) 894-6269
     Email:     Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar. No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:     Brett.Sagel@usdoj.gov

FILED
CLERK, U.S. DISTRICT COURT
MAR 2 2 2019
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SA19-241M |
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | |
| MICHAEL J. AVENATTI, | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐ 1.   Temporary 10-day Detention Requested (§ 3142(d)) on the
       following grounds:

   ☐  a.   present offense committed while defendant was on release
           pending (felony trial),

|   |   |   |
|---|---|---|
| ☐ | b. | defendant is an alien not lawfully admitted for permanent residence; <u>and</u> |
| ☐ | c. | defendant may flee; or |
| ☐ | d. | pose a danger to another or the community. |
| ☒ | 2. | Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure: |
| ☒ | a. | the appearance of the defendant as required; |
| ☒ | b. | safety of any other person and the community. |
| ☐ | 3. | Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)): |
| ☐ | a. | defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community; |
| ☐ | b. | defendant cannot establish by clear and convincing evidence that he/she will not flee. |
| ☐ | 4. | Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)): |
| ☐ | a. | Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 <u>et seq.</u>) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| ☐ | b. | offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumpion of danger to community and flight risk); |

2

    ☐   c.   offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk);

    ☐   d.   defendant currently charged with an offense described in paragraph 5a - 5e below, AND defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), AND that previous offense was committed while defendant was on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

☒  5.  **Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves:**

    ☐   a.   a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

    ☐   b.   an offense for which maximum sentence is life imprisonment or death;

    ☐   c.   Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;

    ☐   d.   any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under

|   |   |   |   |
|---|---|---|---|
|   |   |   | state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses; |
| ☐ | | e. | any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250; |
| ☒ | | f. | serious risk defendant will flee; |
| ☒ | | g. | serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so). |
| ☐ | 6. | | Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s): |

_____

_____

_____

_____

//
//
//
//
//
//
//
//
//

1  //

2  ☐  7.  Good cause for continuance in excess of three days exists in
3          that:

4

5  _____

6  _____

7  _____

8  _____

9  Dated: March 22, 2019                Respectfully submitted,

10                                      NICOLA T. HANNA
                                        United States Attorney
11
                                        LAWRENCE S. MIDDLETON
12                                      Assistant United States Attorney
                                        Chief, Criminal Division
13
                                        /s/ Julian André
14                                      _____
                                        JULIAN L. ANDRÉ
15                                      BRETT A. SAGEL
                                        Assistant United States Attorneys
16
                                        Attorneys for Plaintiff
17                                      UNITED STATES OF AMERICA