NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 255120)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6683
     Facsimile: (213) 894-6269
     Email:      Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar. No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone:  (714) 338-3598
     Facsimile:  (714) 338-3708
     Email:      Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
| Plaintiff, | GOVERNMENT'S SUBMISSION REGARDING DEFENDANT MICHAEL JOHN AVENATTI'S REPRESENTATION ISSUES |
| v. | |
| MICHAEL JOHN AVENATTI, | Hearing Date: May 7, 2019 |
| Defendant. | Hearing Time: 10:00 a.m. Location:     Courtroom of the Hon. James V. Selna |

In advance of the status conference scheduled for May 7, 2019, in United States v. Michael John Avenatti, SA CR No. 19-061-JVS, plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Julian L. André and Brett A. Sagel, hereby submits the following statement setting forth

the government's position regarding defendant MICHAEL JOHN AVENATTI's representation issues.  As set forth therein, the government submits that if defendant has not yet retained counsel to represent him in this matter, the Court should order defendant to fill out a financial affidavit, immediately appoint counsel to represent defendant, and, if appropriate, order defendant to contribute some or all of the costs of his representation.

This submission is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 6, 2019   Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

/s/ Julian André
JULIAN L. ANDRÉ
BRETT A. SAGEL
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant MICHAEL JOHN AVENATTI ("defendant") is charged in a 36-count indictment with wire fraud; willful failure to pay over withheld payroll taxes; endeavoring to obstruct the administration of the Internal Revenue Code; willful failure to file tax returns; bank fraud; aggravated identity theft; and making false declarations and providing false testimony in bankruptcy proceedings. (CR 16 (the "Indictment").) After defendant appeared for his post-indictment arraignment ("PIA") without counsel (CR 23), this Court scheduled a status conference for May 7, 2019, to address defendant's representation issues. (CR 22.) As of the date of the instant filing, the government has received no notice or other information indicating that defendant has retained counsel or otherwise resolved his representation issues.

If defendant appears at the status conference without counsel, the Court will undoubtedly inquire as to how defendant intends to proceed. The government, however, does not believe that there is any valid reason why defendant has yet to resolve his representation issues and is concerned that defendant will seek to use such issues to unnecessarily delay this prosecution. Thus, if defendant appears without counsel, regardless of defendant's explanation as to why he has yet to obtain counsel, the government believes the appropriate course of action would be for the Court to immediately appoint counsel to represent defendant going forward.

<u>First</u>, the trial in this matter is currently set for June 4, 2019. (CR 23.) With the initial trial date only four weeks away, it is critical that defendant be represented by counsel immediately so

that this prosecution can proceed in a timely and appropriate fashion.

Second, there is a strong public interest in ensuring that this case proceed to trial as soon as possible. The Indictment alleges that the victims of the wire fraud counts in this case have lost millions of dollars as a result of defendant's fraudulent conduct; they have a statutory right to have this case proceed and these allegations be resolved without unnecessary delay. 18 U.S.C. § 3771(7). Indeed, one of defendant's alleged victims, Client 1, had been dependent on defendant for basic living expenses for the last four years and recently lost his Supplemental Security Insurance benefits as a result of defendant's conduct. (See Indictment ¶ 7(j).) Additionally, the public's interest in a speedy trial is particularly heightened here because a number of other cases involving defendant will likely be delayed pending resolution of this prosecution. These cases include, among others, the separate extortion-related criminal charges pending against defendant in the Southern District of New York, United States v. Avenatti, No. 1:19-MJ-2927 (S.D.N.Y) (the "SDNY Prosecution"),[1] and a civil judgment-debtor case involving defendant's law firm pending in this district, In re Eagan Avenatti, No. 8:18-CV-1644-VAP (C.D. Cal.) (the "Judgement-Debtor Case").

Third, defendant has already had a substantial period of time to resolve his representation issues in this matter. Defendant made his

---

[1] The government understands that defendant has not yet retained counsel to represent him in the SDNY Prosecution either. On or about April 25, 2019, defendant waived his right to be charged by information or indictment for an additional 30 days so that he could obtain counsel. See SDNY Prosecution, Dkt. 7.

2

initial appearance in this case six weeks ago on March 25, 2019. (CR 13; CR 15.) Defendant made his initial appearance in this district on April 1, 2019, and had retained counsel representing him at that time. (CR 10.) The indictment in this case was filed on April 10, 2019, nearly one month ago. (CR 16.) Indeed, at PIA defendant stated that he was in the process of "finalizing" his representation.

Defendant also appears to have the financial wherewithal to retain counsel. Defendant is currently represented by retained counsel in other litigation matters. See, e.g., In re The Trial Group, LLP a/k/a Eagan Avenatti, LLP, No. 8:19-BK-10822-CB (C.D. Cal.); In re Eagan Avenatti, No. 8:18-CV-1644-VAP (C.D. Cal.). Defendant recently stated in a nationally-televised interview on CNN that he is "not broke" and is not having any money problems.[2] See Sara Sidner, After a year in the spotlight, Michael Avenatti claims "I've been humbled", CNN (Apr. 27, 2019, 5:19 p.m.), https://www.cnn.com/2019/04/26/politics/michael-avenatti-humbled/index.html. The government also understands that as recently as April 2019 defendant was renting a luxury condominium for approximately $11,000 per month.

Additionally, on April 26, 2019, the Friday before defendant's Monday PIA, defendant posted the following message on Twitter.com: "Please note that I will be severely limiting my tweets regarding either criminal case as we prepare for trial across the coming months or more. I am very fortunate to have some of the best lawyers in

---

[2] To the extent defendant's public statements are accurate, defendant should be required to make a full contribution for any legal services that have been or will be provided to him by appointed counsel. To the extent these public statements are inaccurate, there is no reason why defendant should not seek the immediate appointment of counsel.

3

America advising me." Defendant's failure to retain counsel by PIA, or to date, would appear to signify that defendant either does not have the resources to obtain counsel, or is not retaining counsel for purposes of delay. Because there does not appear to be any valid reason why defendant has been unable to resolve his representation issues thus far, there is no reason for the Court to delay appointing counsel if defendant appears at the status conference without counsel.

Finally, the government is concerned that defendant will use his representation issues to delay this prosecution unnecessarily. Defendant has a pattern and practice of using delay tactics to avoid responsibility for his conduct. For example, as alleged in the Indictment, defendant repeatedly sought to lull his former legal clients in an effort to prevent them from discovering that he had embezzled their money. (See Indictment ¶ 7.) Similarly, defendant repeatedly sought to impede and obstruct an Internal Revenue Service ("IRS") collection action relating to defendant's company, Global Baristas US LLC ("GBUS"), in an effort to avoid having to pay to the IRS the payroll taxes that GBUS had withheld from its employees paychecks. (See Indictment ¶¶ 10-26.)

Defendant has also repeatedly sought to delay civil or bankruptcy proceedings in which defendant and/or defendant's law firm, Eagan Avenatti LLP ("EA LLP"), were involved. Most recently, on March 7, 2019, defendant filed a bankruptcy petition on behalf of EA LLP in In re The Trial Group, No. 8:19-BK-10822-CB. This petition appears to have been filed for the specific purpose of delaying a judgment debtor exam of defendant that had been scheduled for March 8, 2019, in the Judgment-Debtor Case. Defendant, however, did not

4

have authorization to file such a petition because in February 2019 defendant stipulated to the appointment of a receiver who had complete authority to oversee EA LLP's business affairs, including the decision to file for bankruptcy. In re Eagan Avenatti, No. 8:18-CV-1644-VAP, Dkt. No. 53 (Feb. 12, 2019).  The Honorable Catherine E. Bauer, United States Bankruptcy Judge, dismissed the bankruptcy petition for this very reason and issued an Order to Show Cause to determine whether defendant should be sanctioned for this conduct, which Judge Bauer scheduled for May 8, 2019.[3]  In re The Trial Group LLP, No. 8:19-BK-10822, Dkt. Nos. 35, 39.

In conclusion, the government submits that if defendant appears at the statue conference without counsel the appropriate course of action would be for the Court to order defendant to submit a financial affidavit, immediately appoint counsel to represent defendant in this matter, and, if appropriate, order defendant to contribute some or all of the costs of his representation.  If defendant later obtains retained counsel, retained counsel can be substituted in to represent defendant at that time.  Although the government recognizes that defendant has a right to be represented by retained counsel if he so choses, defendant should not be allowed to delay this case indefinitely while he resolves his representation issues.

---

[3] On April 17, 2019, defendant filed a motion to stay the contempt proceedings and the May 8, 2019, Order to Show Cause hearing pending resolution of this criminal prosecution. In re The Trial Group LLP, No. 8:19-BK-10822, Dkt. No. 45. As of the date of the instant filing, defendont's motion to stay was still pending before the bankruptcy court. As noted above, defendant is represented by retained counsel in the bankruptcy proceedings.