NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6683
     Facsimile: (213) 894-6269
     Email:    Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar. No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL JOHN AVENATTI, <br><br> Defendant. | SA CR No. 19-061-JVS <br><br> STIPULATION AND REQUEST FOR: <u>(1) ORDER AUTHORIZING DISCLOSURE OF TAX RETURNS AND RETURN INFORMATION; AND (2) PROTECTIVE ORDER LIMITING DISCLOSURE OF PROTECTED TAX INFORMATION AND SENSITIVE INFORMATION</u> <br><br> [*PROPOSED ORDER LODGED CONCURRENTLY HEREWITH*] |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California ("USAO") and Assistant United States Attorneys Julian L. André and Brett A. Sagel, and defendant MICHAEL JOHN AVENATTI

("defendant"), both individually and by and through his counsel of record, H. Dean Steward (collectively, the "parties"), hereby stipulate, agree, and request that the Court enter: (1) an Order Authorizing Disclosure of Tax Returns and Return Information; and (2) a Protective Order Limiting Disclosure of Protected Tax Information and Sensitive Information.

The bases for this stipulation and request are the following:

1. On April 10, 2019, a grand jury for the Central District of California returned a 36-count indictment charging defendant with: (a) ten counts of wire fraud, in violation of 18 U.S.C. § 1343; (b) eight counts of willful failure to collect and pay over withheld taxes, in violation of 26 U.S.C. § 7202; (c) one count of endeavoring to obstruct the administration of the Internal Revenue Code, in violation of 26 U.S.C. § 7212(a); (d) ten counts of willful failure to file tax returns, in violation of 26 U.S.C. § 7203; (e) two counts of bank fraud, in violation of 18 U.S.C. § 1344(1); (f) one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1); (g) three counts of false declaration in a bankruptcy, in violation of 18 U.S.C. § 152(3); and (h) one count of false oath in a bankruptcy proceeding, in violation of 18 U.S.C. § 152(2). Defendant was arraigned on April 29, 2019, and trial is currently set for August 27, 2019.

2. As part of its investigation in the above-captioned case, the government is in possession of documents related to the charges against defendant, and seeks to provide those documents to counsel for defendant (although some of the material may exceed the scope of the government's discovery obligations). The discovery in this matter is likely to be voluminous. The government currently

2

anticipates that its initial discovery production will consist of over 110,000 pages of materials. The government also anticipates producing to the defense at a later date additional documents and records obtained from search warrants executed during the course of the government's investigation.

3. Among the documents the government may like to produce to defendant are tax returns and return information (as defined in 26 U.S.C. § 6103(b)(2))) of various third-parties, including, but not limited to, defendant's former spouse and defendant's former employees.

4. 26 U.S.C. § 6103(h)(4)(D) specifically authorizes the Court to issue an order authorizing the disclosure of tax returns and return information in a case involving tax administration to the extent such disclosure is required by Federal Rule of Criminal Procedure 16 or 18 U.S.C. § 3500. Further, <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), requires the government to turn over to criminal defendants all materials which may be exculpatory. The government's investigative file in this case involves "return information" of various third parties, which specifically relates to the investigation against defendant. This information may be necessary to the defendant to prepare his defense. <u>See</u> <u>United States v. Lloyd</u>, 992 F.2d 348 (D.C. Cir. 1993) (remand ordered to determine whether withheld third party tax return information was materially exculpatory).

5. Additionally, among the documents that the government would like to produce are documents that contain personal identification information, financial records, and sensitive or confidential information relating to third parties, including, but not limited to,

3

defendant's former clients or employees ("Sensitive Information"). The term "Sensitive Information" includes, without limitation, the names of alleged victims, witnesses, and other third parties; dates of birth; social security numbers; driver's license numbers; PIN numbers; bank or financial account information; taxpayer identification information; tax information; home addresses; phone numbers; email addresses; employment information; passwords; attorney-client communications; and confidential legal information.

6. The return information and Sensitive Information of third-parties (collectively, the "Protected Information") is interspersed throughout the discovery in this case and the Protected Information itself, in many instances, has evidentiary value.  To redact the Protected Information by hand would therefore be prohibitively time consuming and may also prevent defense counsel from effectively reviewing relevant material in the documents containing Protected Information.

7. The parties recognize that the Protected Information that the government produces to the defense is solely for the use of defendant, his attorneys, or other individuals or entities acting within the attorney-client relationship to prepare for the trial in this case.  The purpose of the proposed Protective Order is to prevent the unauthorized dissemination, distribution, or use of materials containing the Protected Information of others.

8. Therefore, in order to permit the government to provide discovery material to defense counsel while avoiding the unauthorized dissemination, distribution, or use of Protected Information (i.e., tax returns, return information, and Sensitive Information) relating to victims, witnesses, and other third parties, the parties have

stipulated to the entry of: (1) an Order Authorizing Disclosure of Tax Returns and Return Information; and (2) a Protective Order Limiting Disclosure of Tax Returns, Return Information, and Sensitive Information.

Accordingly, the parties hereby stipulate and request that the Court issue an Order and Protective Order that mandates the following:

A. Pursuant to 26 U.S.C. § 6103(h)(4)(D), the government may produce to counsel for defendant copies of tax returns and return information obtained by the USAO during the course of the investigation leading to the indictment and currently in the USAO's possession.

B. In order to permit the government to provide discovery material to counsel of record for defendant, while avoiding the unauthorized dissemination, distribution, or use of tax returns and return information, as well as personal identification information, financial records, and other sensitive or confidential information relating to third parties, including defendant's former clients or employees ("Sensitive Information"), the parties have stipulated to the entry of this Protective Order in the above-captioned case, <u>United State v. Michael John Avenatti</u>, SA CR No. 19-061-JVS.

C. The term "Sensitive Information" includes, without limitation, the names of alleged victims, witnesses, and other third parties; dates of birth; social security numbers; driver's license numbers; PIN numbers; bank or financial account information; taxpayer identification information; tax information; home addresses; phone numbers; email addresses; employment information; passwords; attorney-client communications; and confidential legal information.

D.   This Protective Order shall apply to all discovery materials containing tax returns and return information (as defined in 26 U.S.C. § 6103(b)(2))) and Sensitive Information (collectively, the "Protected Information") that is produced to the defense team, as defined below, before or after the execution of this Protective Order.

E.   For the purposes of this Order, the term "defense team" refers to the counsel of record for defendant and any other defense attorneys for defendant, defense investigators, retained experts or potential experts, and paralegal and legal assistants providing assistance on this case who have been advised of their obligations under the Protective Order and agreed to follow its terms.  The "defense team," for the purposes of the Protective Order, includes defendant.  The "defense team" does not include family members and other associates of defendant.

F.   Defendant's undersigned counsel of record agrees to advise all members of the defense team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing members of the defense team with access to any Protected Information.

G.   The defense team, including defendant, shall use materials containing Protected Information only for the preparation and litigation of this matter, and for no other purpose.  Litigation of this matter includes any appeal filed by defendant, and any motion filed by defendant pursuant to 28 U.S.C. § 2255.

H.   The defense team, including defendant, shall not permit anyone who is not a member of the defense team to retain in his or her possession any materials containing Protected Information.

I.   The defense team may review materials containing Protected Information with witnesses or potential witnesses in this case (including their counsel), but the witnesses or potential witnesses may not retain any materials containing Protected Information after his or her review of those materials with the defense team is complete.

J.   The defense team shall maintain all discovery materials containing Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials.

K.   To the extent that notes are made that memorialize, in whole or in part, Protected Information, or to the extent that copies of materials containing Protected Information are made for authorized use by members of the defense team, such notes, copies, must be handled in accordance with the terms of the Protective Order.

L.   If a party needs to file materials with the Court containing unredacted Protected Information or needs to divulge Protected Information in court filings, such filings should be made under seal.  If the Court rejects the request to file such Protected Information under seal, the party seeking to file such Protected Information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact the Protected Information and make all reasonable attempts to limit the divulging of Protected Information.

M.   Upon the final disposition of this case, materials containing Protected Information shall not be used, in any way, in

any other matter, absent a court order.  All materials containing Protected Information maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order.  Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense team shall return any materials containing Protected Information to the USAO or certify that such materials have been destroyed.  Defense counsel is, however, authorized to retain any such materials that defense counsel is required to maintain under the California Rules of Professional Responsibility or any other applicable rule of professional responsibility.

N.   In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any materials containing Protected Information may be transferred from the undersigned defense counsel to the new defense counsel, who then will become the defense team's

///
///
///

1 custodian of the materials and who shall then become responsible for
2 returning all materials Protected Information to the government upon
3 the conclusion of appellate and post-conviction proceedings.
4     IT IS SO STIPULATED.

                                NICOLA T. HANNA
                                United States Attorney

                                LAWRENCE S. MIDDLETON
                                Assistant United States Attorney
                                Chief, Criminal Division

May 15, 2019                  /s/ *Julian L. André*
DATE                                JULIAN L. ANDRÉ
                                BRETT A. SAGEL
                                Assistant United States Attorneys

5-19-19
DATE



                                H. DEAN STEWARD
                                Attorneys for Defendant
                                MICHAEL JOHN AVENATTI

5/19/19
DATE                                MICHAEL JOHN AVENATTI
                                Defendant