NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6683
     Facsimile: (213) 894-6269
     Email:    Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar. No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
| Plaintiff, | ORDER AUTHORIZING DISLCOUSRE OF TAX RETURNS AND RETURN INFORMATION; AND PROTECTIVE ORDER LIMITING DISCLOSURE OF PROTECTED TAX INFORMAITON AND SENSITIVE INFORMATION |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

The Court having considered the stipulation and request for (1) an order authorizing the disclosure of tax returns and return information; and (2) a protective order limiting disclosure of protected tax information and sensitive information filed by the United States Attorney for the Central District of California ("USAO") and Assistant United States Attorneys Julian L. André and

Brett A. Sagel, and defendant MICHAEL JOHN AVENATTI ("defendant"), both individually and by and through his counsel of record, H. Dean Steward (collectively, the "parties") in this matter, and good cause appearing therefor, the Court hereby ORDERS as follows:

1. Pursuant to 26 U.S.C. § 6103(h)(4)(D), the government may produce to counsel for defendant copies of tax returns and return information obtained by the USAO during the course of the investigation leading to the indictment and currently in the USAO's possession.

2. In order to permit the government to provide discovery material to counsel of record for defendant, while avoiding the unauthorized dissemination, distribution, or use of tax returns and return information, as well as personal identification information, financial records, and other sensitive or confidential information relating to third parties, including defendant's former clients or employees ("Sensitive Information"), the parties have stipulated to the entry of this Protective Order in the above-captioned case, United State v. Michael John Avenatti, SA CR No. 19-061-JVS.

3. The term "Sensitive Information" includes, without limitation, the names of alleged victims, witnesses, and other third parties; dates of birth; social security numbers; driver's license numbers; PIN numbers; bank or financial account information; taxpayer identification information; tax information; home addresses; phone numbers; email addresses; employment information; passwords; attorney-client communications; and confidential legal information.

4. This Protective Order shall apply to all discovery materials containing tax returns and return information (as defined in 26 U.S.C. § 6103(b)(2))) and Sensitive Information (collectively,

the "Protected Information") that is produced to the defense team, as defined below, before or after the execution of this Protective Order.

5. For the purposes of this Order, the term "defense team" refers to the counsel of record for defendant and any other defense attorneys for defendant, defense investigators, retained experts or potential experts, and paralegal and legal assistants providing assistance on this case who have been advised of their obligations under the Protective Order and agreed to follow its terms. The "defense team," for the purposes of the Protective Order, includes defendant. The "defense team" does not include family members and other associates of defendant.

6. Defendant's undersigned counsel of record agrees to advise all members of the defense team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing members of the defense team with access to any Protected Information.

7. The defense team, including defendant, shall use materials containing Protected Information only for the preparation and litigation of this matter, and for no other purpose. Litigation of this matter includes any appeal filed by defendant, and any motion filed by defendant pursuant to 28 U.S.C. § 2255.

8. The defense team, including defendant, shall not permit anyone who is not a member of the defense team to retain in his or her possession any materials containing Protected Information.

9. The defense team may review materials containing Protected Information with witnesses or potential witnesses in this case (including their counsel), but the witnesses or potential witnesses

may not retain any materials containing Protected Information after his or her review of those materials with the defense team is complete.

10. The defense team shall maintain all discovery materials containing Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials.

11. To the extent that notes are made that memorialize, in whole or in part, Protected Information, or to the extent that copies of materials containing Protected Information are made for authorized use by members of the defense team, such notes, copies, must be handled in accordance with the terms of the Protective Order.

12. If a party needs to file materials with the Court containing unredacted Protected Information or needs to divulge Protected Information in court filings, such filings should be made under seal. If the Court rejects the request to file such Protected Information under seal, the party seeking to file such Protected Information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact the Protected Information and make all reasonable attempts to limit the divulging of Protected Information.

13. Upon the final disposition of this case, materials containing Protected Information shall not be used, in any way, in any other matter, absent a court order. All materials containing Protected Information maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is

modified by court order.  Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense team shall return any materials containing Protected Information to the USAO or certify that such materials have been destroyed.  Defense counsel is, however, authorized to retain any such materials that defense counsel is required to maintain under the California Rules of Professional Responsibility or any other applicable rule of professional responsibility.

14. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any materials containing Protected Information may be transferred from the undersigned defense counsel to the new defense counsel, who then will become the defense team's custodian of the materials and who shall then become responsible for returning all materials Protected Information to the government upon the conclusion of appellate and post-conviction proceedings.

IT IS SO ORDERED.

May 20, 2019
DATE

HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

Presented by:

    /s/ *Julian L. André*
JULIAN L. ANDRÉ
BRETT A. SAGEL
Assistant United States Attorneys