H. Dean Steward SBN 85317
107 Miramar, Ste. C
San Clemente, CA 92672
949-481-4900
deansteward7777@gmail.com

Attorney for Defendant michael Avenatti

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NUMBER |
|---|---|
| PLAINTIFF | |
| v. | SA-CR-19-61-JVS |
| MICHAEL AVENATTI | |
| DEFENDANT. | APPLICATION FOR REVIEW/RECONSIDERATION OF ORDER SETTING CONDITIONS OF RELEASE/DETENTION (18 U.S.C. §3142) AND REQUEST FOR HEARING |

Application is made by ☐ plaintiff ☑ defendant Michael Avenatti that a hearing be held to review /reconsider the decision of

☐ United States District Judge _____ by order dated: _____

☑ Magistrate Judge J. Early _____ by order dated: April 1, 2019

☐ denying release and imposing detention under subsection ☐ (d) or ☐ (e) of Title 18 U.S.C. §3142; or
☑ ordering release upon certain conditions, or
☐ denying detention.

This application is made ☑ pre-sentence ☐ post-sentence based on the following facts not previously considered by said judicial officer or changed circumstances as follows:
Please see attached.

Relief sought *(be specific)*:
Travel conditions modified to allow travel in the continental U.S. with notice to Pre-Trial Services 24 hours in advance. Mirrors the bond restrictions on Southern District of new York cases.

Counsel for the defendant and plaintiff United States Government consulted on June 3, 2019
and opposing counsel declines to stipulate to an order providing the relief sought.

☐ Telephonic notice given to  ☐ AUSA  ☐ Defendant's Counsel  ☐ PSA  ☐ Interpreter  ☐ USM  ☐ Probation
on _____.

An interpreter is  ☐ required  ☑ not required. Language _____
Defendant is  ☐ in custody  ☑ not in custody.

June 5, 2019                          H. Dean Steward
Date                                  Moving Party

---

APPLICATION FOR REVIEW/RECONSIDERATION OF ORDER SETTING CONDITIONS OF
RELEASE/DETENTION, (18 U.S.C. §3142) AND REQUEST FOR HEARING

CR-88 (06/07)

Supplement to Application for Review
of Order Setting Conditions
U.S. v. Michael Avenatti
SA-CR-19-61-JVS

## I. Introduction

The defense here merely seeks a minor modification of Mr. Avenatti's travel conditions relating to the matter pending in this district. In addition to the necessity, the modification will bring bail conditions in this case in line with those of two cases pending in the Southern District of New York ("SDNY"), the location of Mr. Avenatti's arrest and first appearance on March 25, 2019. The United States Attorney's Office of SDNY recently stipulated to these modified conditions, which were subsequently approved by two different judges in the Southern District on May 28, 2019.

In particular, the defense requests that Mr. Avenatti's travel no longer require the pre-approval of the United States Attorney's Office in this district and Pre-Trial Services as initially required, but rather that Mr. Avenatti's travel be "restricted to SDNY/EDNY/CACD with domestic travel with prior notification with PTS." This is the exact condition that that the Department of Justice agreed to last week in *U.S. v. Michael Avenatti* CR-19-374-DAB, docket #5, p. 5 of 8, SDNY, and in the pending *Nike* matter.

Pre-Trial Services does not object to the change, but inexplicably, the U.S. Attorney's Office in this district opposes the change[1]. They do so despite the fact that (1) Pre-Trial Services has no objection and (2) their colleagues with the Department of Justice in New York and two federal judges in the Southern District all recently approved the change.[2]

**II. Changed Circumstance**

Defendant recently retained lead defense counsel in the *Nike* matter pending in the SDNY, Messrs. Jose Quinon and Scott Srebnick, who are located in Miami, Florida. Mr. Avenatti is actively assisting his attorneys in preparing the *Nike* matter for trial and needs to meet and confer with his counsel in that case on a regular basis.

---

[1] Contacted by e-mail June 3, 2019.

[2] The alleged rationale for the objection by the U.S. Attorney's Office here lacks all merit. In meet and confer correspondence, they argue against the modification based on an alleged claim that (a) Mr. Avenatti poses a "financial danger" to the community and (b) may seek to tamper with witnesses or obstruct justice. Putting aside the fact that neither of the two claims has much support, if any, the government cannot reasonably show that modifying Mr. Avenatti's travel conditions will have any tendency to heighten either of these two claims or make them more likely to occur. Indeed, Mr. Avenatti can conduct financial transactions just as easily in Los Angeles, if not more so, than he can in other cities. Moreover, the alleged concern relating to "witness tampering" is based on a Tweet that Mr. Avenatti sent six weeks ago in his defense in response to an LA Times article, which the government or their close agent leaked and caused to be published, in which the name of an alleged victim was disclosed (not by Mr. Avenatti but by the government or their agent). In any event, Mr. Avenatti subsequently deleted the tweet and Pre-Trial Services found no violation of his bail conditions. More importantly for the purposes of this request, however, the Court will note that Mr. Avenatti's ability to "tweet" bears no relationship to whether he is located in Los Angeles or travelling in some other city.

In addition, Mr. Avenatti remains an active attorney with clients and business interests located throughout the United States, including in Chicago, Atlanta, Kansas City, Michigan, and Florida. Most recently, within the last three weeks, the Supreme Court of Florida granted review in a matter in which Mr. Avenatti has served as counsel since May 2005 (fourteen years), which Mr. Avenatti successfully tried to verdict in 2014 and subsequently argued on appeal.

Mr. Avenatti is also presently assisting with multiple state and federal criminal investigations/prosecutions being led out of New York, Chicago, and Palm Beach, Florida. These investigations/prosecutions include alleged crimes for rape, sexual assault, sex trafficking of minors and child pornography and have become extremely active since Mr. Avenatti's bail conditions were originally set on March 25. It is important that Mr. Avenatti be permitted to travel throughout the United States in order to assist prosecutors and investigators in these matters.

**III. Mr. Avenatti is Not a Flight Risk**

There can be no legitimate argument that Mr. Avenatti, who until late March had never been charged with a single crime in his life, is a flight risk and therefore should have his travel restricted. Indeed, each of the following facts demonstrate that Mr. Avenatti is not a flight risk nor can the government legitimately claim he is a flight risk:

1. Mr. Avenatti's family established roots in the Central District beginning in approximately 1905, 114 years ago.

2. Mr. Avenatti has been a continuous resident of the Central District for the last 19 years. He presently has three minor children who reside in Newport Beach.

3. Mr. Avenatti has practiced law in California for 19 years with no prior disciplinary action before recently, with his principal law office located in the Central District.

4. The arrest warrant for Mr. Avenatti issued out of this district on Friday, March 22. Government agents were in the gallery watching his testimony in a debtor's exam both prior to and after the arrest warrant was issued that day, with the scheduled testimony taking place in Federal District Court in downtown Los Angeles. The government then permitted Mr. Avenatti to remain free all weekend and to fly to New York on Sunday night with both of his passports (U.S. and Italy) in his possession. They did not arrest him until Monday in New York, after which prosecutors from this district held a press conference in *New York* for maximum media attention. Had the government truly viewed Mr. Avenatti as a flight risk, they would have arrest him in Los Angeles on Friday while he was in the federal courthouse for the entire day.

5. Mr. Avenatti had access to his Italian passport for approximately 60 hours after his release in New York on March 25. He subsequently flew to Los Angeles, where he surrendered the passport in Orange County.

6. Mr. Avenatti has voluntarily appeared in this district since being granted bail for four separate court hearings across the last eight weeks.

7. Mr. Avenatti voluntarily flew to New York and surrendered last Tuesday morning to the FBI in connection with the new indictment.

8. Mr. Avenatti voluntarily appeared at two hearings last Tuesday in New York after he was released on bail.

9. Mr. Avenatti has enjoyed an excellent relationship with his Pre-Trial Services officer and has not violated the conditions of his release since his arrest on March 25, 2019.

10. Mr. Avenatti has been travelling for work throughout the country (with approval) without incident for the last nine weeks.

11. Mr. Avenatti is very well known, having given more TV interviews in the United States in 2018 than any other individual. Simply put, it would be incredibly difficult for him to flee due to his notoriety and the fact that he is easily recognizable.

Moreover, the government cannot reasonably claim that Mr. Avenatti's ability to flee would be heightened were he be permitted to travel more freely because the current travel conditions already permit Mr. Avenatti free access to two major international points of entry/exit – New York and Los Angeles.

**IV. Pre-Trial Services Does Not Object to the Requested Modification**

On May 30, 2019, the undersigned counsel contacted Pre-Trial Services officer Shakira Davis in Los Angeles by e-mail, explaining the requested modification above. Officer Davis responded that her office has no objection.

/

- 5 -

## V. Conclusion

The requested modification is a routine, almost ministerial change that is normally stipulated to in this district. The requested modification is reasonable in light of both the changed circumstances and the over-all facts of the case and defendant's background. Defendant, therefore, respectfully requests that the Court modify the travel condition as requested.

Dated: June 5, 2019               /s./ H. Dean Steward
                                  H. Dean Steward
                                  Counsel for Defendant
                                  Michael Avenatti

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED THAT:

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age.

My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.

I am not a party to the above entitled action. I have caused, on 6-5-19 service of the defendants:

**Application for review of order Setting Bail Conditions**

On the following parties electronically by e-mail, because the case is wholly under seal:

**AUSA's Brett Sagal & Julian Andre**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 6-5-19

H. Dean Steward

H. Dean Steward