H. Dean Steward SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
949-481-4900
Fax: (949) 496-6753

Attorney for Defendant
Michael Avenatti

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>      Plaintiff,<br><br>vs.<br><br>MICHAEL AVENATTI,<br><br>      Defendant. | Case No. SA-CR-19-61-JVS<br><br>NOTICE OF MOTION; MOTION TO COMPEL DISCOVERY; POINTS AND AUTHORITIES; DECLARATIONS OF THOMAS D. WARREN AND JAMES C. BASTIEN; EXHIBITS<br><br>Date: Aug. 26, 2019<br>Time: 8:30 AM |

To: United States Attorney Nicola Hanna and Asst. U.S. Attorneys Brett Sagel and Julian Andre: please take notice that the defense will bring the below motion to compel on Aug. 26, 2019 at 8:30 AM, in the courtroom of the Hon. James V. Selna, 411 W. 4th St., Santa Ana, California.

Dated: July 28, 2019            /s./ H. Dean Steward
                                                      H. Dean Steward
                                                      Counsel for Defendant
                                                      Michael Avenatti

MOTION

The defense hereby moves this honorable court for an order compelling the government to give the defense unfettered, unmonitored access to the Eagan Avenatti LLP servers, as well as the digital devices seized from an Eagan Avenatti employee.

Dated: July 29, 2019         /s./ H. Dean Steward

                             H. Dean Steward
                             Counsel for Defendant
                             Michael Avenatti

POINTS AND AUTHORITIES

This motion seeks to compel the government to provide Mr. Avenatti immediate and unfettered access to the Eagan Avenatti, LLP ("EA") servers, and digital devices seized from an Eagan Avenatti employee, so that Mr. Avenatti may properly defend himself in this matter.  As detailed below, this access is not only warranted, it is critical to Mr. Avenatti's ability to defend against the lengthy 36-count indictment in this case.

### A. The Electronic Files on The Servers Are Critical To Mr. Avenatti's Defense.

The information on the EA servers is essential to Mr. Avenatti's defense in this case, the two criminal cases in the Southern District of New York, and his state bar proceedings.  The servers contain close to all of Mr. Avenatti's business and client files for over a decade, including all his emails.  Nearly 100 percent of the work that Mr. Avenatti performed with respect to the clients named in the indictment in this case is contained on the Eagan Avenatti servers, as is critical information relating to the accounting of various client settlement monies and Mr. Avenatti's taxes and other business interests mentioned in the indictment.  Without access to these files, it will be impossible for Mr. Avenatti and his defense counsel to adequately prepare his defense.  Moreover, these files contain Brady and Giglio materials that the government has an affirmative duty to produce.

Without access to the servers, Mr. Avenatti will be unable to access the following items of information: (1) correspondence with clients and others; (2) client files; (3) time records; (4) settlement communications and documentation of settlements; (5) correspondence and files in relation to the other charges in the indictment; (6) defendant's emails with his tax professionals and others relating to his taxes; and (7) accounting information relating to the clients at issue, including documents showing client costs and expenses, and associated fees.  These items are

plainly necessary to defend the allegations made against him—indeed, this information lies at the center of his defense.

### B. Mr. Avenatti Has A Right to Access the Entirety of His Law Firm's Servers.

In the days and weeks before his arrest on March 25, 2019, Mr. Avenatti had unfettered access to the entirety of the servers—he could remotely access any file located on the servers at will. Mr. Avenatti had enjoyed this level of access since he co-founded the firm in August of 2007. This made sense, as Eagan Avenatti, LLP is Mr. Avenatti's wholly owned law firm. Within approximately 24 hours following his arrest, however, the servers were taken "offline" by the government after a court-appointed Receiver for the firm presumably gave the government access.[1] Within 48 hours, Mr. Avenatti and his counsel began inquiring as to why access had been cut off and when it would be restored, to no avail.

Later, in an April 12, 2019 e-mail to the defense, government counsel wrote that if the defense wants access to the servers, "…you will need to raise those specific concerns with the Receiver." However, the Receiver has refused to allow the defense reasonable access. Importantly, the Receiver is not an attorney and has no right of access to attorney-client privileged information on the servers. The Receiver's sole function is to manage the financial affairs of the firm.

Mr. Avenatti and his counsel have sought the access to the servers they require multiple times, from both the Receiver and the government. This access has been sought not only so that Mr. Avenatti could properly defend himself but also so that he could continue to represent his clients. These efforts have been extensive and repeated. (See attached declarations and exhibits).

---

[1] The defense expressly reserves the right to later challenge the access given to the government as improper and a violation of Mr. Avenatti's constitutional rights.

On April 14, 2019, Mr. Avenatti and the Receiver agreed that if Mr. Avenatti would pay to host the servers (approximately $1000/month), the Receiver would give him access to the servers when the government returned the servers to the Receiver. (Bastian Decl. ¶7-8.) The government returned the servers to the Receiver on April 30, 2019, after making a forensic image of them. (Id. ¶10.) Inexplicably, the Receiver failed to inform Mr. Avenatti that the servers had been returned.

When Mr. Avenatti later learned on May 6 that the servers had been returned to the Receiver, and reached out to him, the Receiver reneged on the agreement, refusing to allow Mr. Avenatti to access the servers. (Id. ¶11.) Since that time, the Receiver has rejected multiple additional entreaties from Mr. Avenatti and his counsel to mount and access the servers, including as recently as a few days ago. (See attached declarations). Instead, the Receiver and his counsel have placed a variety of unreasonable obstacles in the way of Mr. Avenatti's access to his files. These obstacles recently led the State Bar court to conclude that Mr. Avenatti had good cause to continue his trial in that matter.

There is no reason why Mr. Avenatti should be denied access to the servers. Mr. Avenatti is still the managing partner of Eagan Avenatti and owns 100% of the firm. At all relevant times, all of Eagan Avenatti's clients were clients of Mr. Avenatti. And whether those clients are at present current clients or former clients, Mr. Avenatti is entitled to maintain a copy of his client files under California law. See CA Rules of Prof. Cond., rule 1.16, comment 6 (rule requiring lawyer to provide client file to client on request when attorney-client relationship terminates "does not prohibit a lawyer from making, at the lawyer's own expense, and retaining copies of papers released to the client"); *Chubb & Son v. Sup. Ct.,* 228 Cal. App. 4th 1094, 1103-1109 (2014) (attorney litigant entitled to copy of client file from former law firm even after attorney-client relationship with client ended). Moreover, as a partner in the law firm, Mr. Avenatti is entitled to the entirety of the law firm's files. CA Corp. Code § 16403(b) (partnership shall provide partners access to books and records during

ordinary business hours).  Accordingly, there is no basis under the law to deprive Mr. Avenatti of access to these files. And the fact that these files have been kept from Mr. Avenatti by the government and the Receiver for over four months is inexcusable.[2]

Moreover, both the government and the Receiver have made forensic images of the servers, so there can be no concern about document preservation.  The government and the Receiver have in their possession a pristine copy of all electronic files contained on the servers as of the date of Mr. Avenatti's arrest, and Mr. Avenatti's access to the servers to defend himself cannot affect chain of custody or the integrity of the documents in the government's possession.

**C.     The Government Concedes That Mr. Avenatti Can Only Readily Access Documents on The Eagan Avenatti Servers Themselves, Not on A Forensic Image Of The Servers.**

At the July 8, 2019 status conference in this matter, the Court stated that it was "very likely to require the government to produce whatever it produces back in a format that's sufficiently similar to the original format so the original existing tools could be used.  I don't think that the defendant should have be forced to cope with a new or different format.  I don't think it's sufficient to just say there are tools out there." (7/8/19 Tr. 17:14-20.)

In its July 22, 2019 status report, the government conceded that if it were to produce forensic images of the servers to Mr. Avenatti instead of access to the servers themselves, Mr. Avenatti would likely have to "retain an eDiscovery vendor or computer forensics expert to assist with the technical of such a review." (ECF 49 at 11.)  Moreover, the government further conceded that "there is no way for the USAO to ensure that defendant will be able to review the contents of the forensic images in

---

[2] The failure to provide this critical information has been highly prejudicial to Mr. Avenatti's ability to mount a defense in his criminal cases and the State Bar proceeding. It has likewise been highly prejudicial to Mr. Avenatti's legal clients.

1  the same manner as he would be able to if defendant were reviewing the original
2  devices." (*Id.*)
3        Accordingly, the only way that the government can ensure that Mr. Avenatti has
4  access to his files in order to properly defend himself in this case is to allow him access
5  to the servers, which are at present in the custody of the Receiver. While the Receiver
6  is not a party to this lawsuit, the government has already demonstrated that it has
7  control over the servers, as the Receiver already surrendered the servers to the
8  government earlier in this case at the government's direction. See Fed. Rule. Crim.
9  Proc. § 16(a)(1)(E) (Rule 16 discovery requirements apply to materials either in the
10 custody or in the control of the government).
11
12 **D.  Mr. Avenatti Is Also Entitled to Access the Digital Devices Seized From The**
13 **Former Eagan Avenatti Employee.**
14       Mr. Avenatti is also entitled to unfettered access to the digital devices seized
15 from the former Eagan Avenatti employee. As set forth above, Mr. Avenatti owns
16 100% of the firm, and owns the company-owned digital devices seized from the
17 former employee as well. Accordingly, there is no meaningful distinction between the
18 unfettered and unmonitored access to which Mr. Avenatti is entitled regarding the
19 servers and the unmonitored and unfettered access to which he is entitled regarding the
20 digital devices seized from the former Eagan Avenatti employee.
21     /
22     /
23     /
24     /
25     /
26     /
27     /
28     /

**E. CONCLUSION**

    For the foregoing reasons, the Court should grant to the motion to compel.

Dated: July 28, 2019    Respectfully submitted,


                        <u>/s/ H. Dean Steward</u>
                        H. Dean Steward
                        Attorney for Defendant
                        Michael Avenatti

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED THAT:

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.

    I am not a party to the above entitled action. I have caused, on July 28, 2019, service of the defendant's:

NOTICE OF MOTION AND MOTION TO COMPEL

On the following parties electronically by filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

AUSA'S BRETT SAGEL AND JULIAN ANDRE

I declare under penalty of perjury that the foregoing is true and correct.

Executed on JULY 28, 2019

s/ H. Dean Steward

H. Dean Steward