1  Ellen A. Pansky (SBN 77688)
   Art Barsegyan (SBN 279064)
2  **PANSKY MARKLE ATTORNEYS AT LAW**
   1010 Sycamore Ave., Suite 308
3  South Pasadena, CA. 91030
   Telephone: (213) 626-7300
4  Facsimile: (213) 626-7330

5

6  Attorneys for Respondent
   Michael J. Avenatti, Esq.

7

8                    BEFORE THE STATE BAR COURT

9                    OF THE STATE OF CALIFORNIA

10                   HEARING DEPARTMENT – LOS ANGELES

11

12  In the Matter of                    )   Case No.   SBC-19-TE-30259-YDR
                                         )
13                                       )
                                         )   **DECLARATION OF JAMES C. BASTIAN,**
14  MICHAEL JOHN AVENATTI,               )   **JR. IN SUPPORT OF RESPONDENT'S**
                                         )   **REPLY TO THE STATE BAR'S**
15                                       )   **OPPOSITION TO MOTION FOR**
    Member No. 206929,                   )   **CONTINUANCE**
16                                       )
                                         )
17  A Member of the State Bar.           )
                                         )
18                                       )
                                         )
19  _____  )

20

21  I, James C. Bastian Jr., declare as follows:

22      1.      I am an attorney at law duly licensed to practice before all courts in the State of

23  California.  I am a partner at the law firm of Shulman, Hodges & Bastian LLP, legal counsel for

24  Michael Avenatti.  I know all of the following to be true of my own knowledge except those stated

25  on information and belief, and, if called and sworn as a witness, would competently testify thereto.

26      2.      On March 26, 2019, the day after Mr. Avenatti's arrest and release on March 25,

27  2019, it is my understanding and belief that Mr. Avenatti had complete access to the Eagan

28  Avenatti, LLP ("EA") computer servers and electronic files.  On or about that same day, Mr.

6020-500\1393165.1

_____

                    DECLARATION OF JAMES C. BASTIAN, JR.

1   Avenatti realized that he no longer had access to the servers as they had been shut down.  As Mr.

2   Avenatti's attorney, on March 26, 2019 at 4:09 p.m., I emailed John P. Reitman, attorney for Brian

3   Weiss who had been appointed by the court in *In re Eagan Avenatti, LLP* (a debtor) as the Receiver,

4   and requested a conference call with him and the Receiver to discuss various matters in light of Mr.

5   Avenatti's arrest and related circumstances.  A call was scheduled for 1:00 p.m. the next day, on

6   March 27, 2019.  During that call, Mr. Reitman and Mr. Weiss did not provide me with any

7   substantive information regarding the status of the EA servers and based on our discussions and

8   exchanges, I believed that they did not have access to the EA servers at that time.

9        3.        From the moment Mr. Avenatti was denied access to the EA servers to the present,

10   Mr. Avenatti has been diligent in attempting to gain access and has made repeated demands for

11   access – both directly and through his counsel.

12        4.        From March 28 to March 29 2019, I exchanged emails with Mr. Reitman, wherein I

13   initially requested from the Receiver a complete list of EA's pending clients so that Mr. Avenatti

14   could keep track of the pending client matters and assist the Receiver in transitioning the files to

15   appropriate counsel or responding to client inquiries that were being directly addressed to Mr.

16   Avenatti.  Because the Receiver was not an attorney, and I did not believe it was his role to

17   represent clients for EA, Mr. Avenatti was attempting to facilitate a smooth transition of those

18   clients to new counsel or if such clients desired, to Mr. Avenatti as their counsel.

19        5.        On April 2, 2019, after being led to believe that the servers were not, in fact, seized

20   by the authorities, I emailed Mr. Reitman and inquired whether his client, the Receiver, had taken

21   control of the EA servers, and emphasized the need for Mr. Avenatti to immediately access the

22   servers.

23        6.        The aforementioned emails are part of the email chain between me and John Reitman

24   from March 28, 2019 to May 6, 2019, a true and correct copy of which, including redactions to

25   protect client related information, is attached as **Exhibit A**.

26        7.        The emails with Mr. Reitman and Mr. Weiss regarding Mr. Avenatti's request for

27   access to the EA servers extended well beyond the April 2, 2019 email attached as Exhibit 3 to Mr.

28   Reitman's declaration in support of the State Bar's Opposition to the Motion for Continuance.  On

April 14, 2019, after Mr. Avenatti learned that the Receiver had located the servers and had access and control over the EA servers, Mr. Avenatti sent a detailed email to the Receiver, Brian Weiss, to which I was copied, and reiterated my prior request to the Receiver's attorney that he needed immediate access to the EA servers and explained that he needed access to not only adequately represent clients so they are not prejudiced, but to also defend against pending actions against Mr. Avenatti and EA, including the Barela arbitration.  Mr. Weiss replied that same day and stated that he did not have access to the servers, that whatever source told us this was mistaken and that he did not "expect to have possession in the week(s) to come."  Mr. Weiss further stated that due to the servers being offline, the hosting company needed to be paid $1,000 per month in order to reactivate and host the EA servers, and Mr. Weiss inquired whether Mr. Avenatti would pay that monthly expense in order to reactivate the servers.  Within 20 minutes, Mr. Avenatti replied to Mr. Weiss' email and expressly stated that he would be "happy to pay to host the servers provided [he] is given access."  In his email, Mr. Avenatti also asked Mr. Weiss to provide him with the amount that needed to be paid to the old hosting company for any outstanding balance that was owed for having hosted the EA servers before they were taken offline.  A true and correct copy of the April 14, 2019 email exchange between Michael Avenatti and Brian Weiss, to which I was copied, is attached as **Exhibit B**.

        8.     Based on my review of the email exchange between Mr. Avenatti and Mr. Weiss, I believed that once Mr. Weiss regained possession and control over the servers, he would provide access to Mr. Avenatti provided that Mr. Avenatti pay for the hosting services, which Mr. Avenatti had expressly agreed to do in his April 14, 2019 email.

        9.     Mr. Reitman and Mr. Weiss have never provided me or Mr. Avenatti with the alleged requested balance for the outstanding balance owed for the prior hosting service for the EA servers.

        10.    Mr. Reitman and Mr. Weiss also never informed me or Mr. Avenatti that the EA servers and a forensic image of the servers were apparently delivered to Mr. Weiss on April 30, 2019, by the Internal Revenue Service Criminal Investigation division ("IRS-CI"), after the IRS-CI had taken possession of the servers to access them and make copies.  They failed to disclose this

1  information and did not inform me or Mr. Avenatti about the status of the servers despite the fact

2  that Mr. Avenatti had been attempting to gain access to the servers for weeks.

3      11.    It was not until May 6, 2019, after I independently learned that the EA servers had in

4  fact been provided to Mr. Weiss, that I emailed Mr. Weiss's attorney, John Reitman, to have him

5  confirm that was correct, and I reiterated the request to obtain a copy of the EA servers and

6  specifically stated "at Michael [Avenatti]'s expense."  Despite having explained to Mr. Reitman and

7  Mr. Weiss multiple times before the reasons for Mr. Avenatti's need to obtain access to the EA

8  servers (as Mr. Avenatti had also explained, including in the April 14 email), Mr. Reitman replied

9  to my request that same day by questioning the purpose of the request.  Moreover, although

10  previous communications only appeared to me to condition the provision of a copy of the EA

11  servers to Mr. Avenatti upon Mr. Avenatti paying for the monthly hosting services for the servers –

12  which Mr. Avenatti always agreed to do, in his May 6, 2019 email, Mr. Reitman made additional

13  arbitrary conditions including obtaining written authorization from clients and a detailed list of

14  specific items requested from the servers.  A true and correct copy of the May 6, 2019 email

15  exchange is contained as part of the larger email chain contained in Exhibit "A" referenced above.

16      12.    On June 4, 2019, Mr. Avenatti sent a follow up email to Mr. Weiss, to which I was

17  copied, and reiterated his request for the urgency that he be provided with access to the EA servers,

18  specifically stating that he needed the files to defend himself in the pending criminal matters and the

19  State Bar matter.  In response, rather than allowing Mr. Avenatti access to the servers so long as he

20  paid for the monthly hosting fees, as we believed was the condition to such access, Mr. Reitman

21  added new conditions and protocols (which appeared to me to be unnecessary and arbitrary) for

22  granting access to Mr. Avenatti  that Mr. Avenatti would need to meet before Mr. Weiss would

23  provide him access to, or copies of, the EA servers.  Such additional conditions included covering

24  the additional expense of paying for a forensic expert to search through and pull specific documents

25  from the servers, an executed confidentiality agreement on terms acceptable to the Receiver, and

26  written explanations by Mr. Avenatti describing exactly which files he wants and written

27  explanations to justify to the Receiver why the requested files are necessary or appropriate for Mr.

28

1    Avenatti's defense.  A true and correct copy of the June 4, 2019 email exchange is attached as

2    **Exhibit C**.

3

4        I declare under penalty of perjury under the laws of the State of California that the foregoing

5    is true and correct.

6        Executed this 17th day of July, 2019, at _____, California.

7

8

9        _____

        James C. Bastian, Jr.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

**Art Barsegyan**

---

**From:** John Reitman <jreitman@lgbfirm.com>
**Date:** May 6, 2019 at 6:02:13 PM PDT
**To:** Jim Bastian <JBastian@shbllp.com>
**Cc:** Brian Weiss <bweiss@force10partners.com>
**Subject: RE: EA servers**

Jim:  Your 1st request: (1) On whose behalf and for what purpose is this information requested?  (2) If this request relates to client files, the Receiver will require the written authorization of the client or, if the matter is active, written confirmation from the attorney of record for the client before releasing the information. (3) Are you requesting access to the servers themselves?  If so, you should understand that they are not set up and operable. (3) If you are requesting forensic images of information on the servers, are you requesting is a copy of everything or particular sets of information?  (4) If the latter, we will need a list of the information requested.  (5) The Receiver will not relinquish control of the servers or forensic images. All copies will need to be made in-house or by outside vendors acceptable to him and paid for (estimated labor and out of pocket expenses) in advance. (6) When the Receiver has answers to his questions 1-4, he will be able to more fully respond to your request.


Your 2nd request/question:  (1) The Receiver and I previously discussed this with you and explained the Receiver's position to the Bankruptcy Court in connection with the motion to dismiss the case that Mr. Avenatti filed without authority to do so.  The Receiver continues to consider his options.


John Reitman
Attorney

**Landau Gottfried & Berger LLP**
1880 Century Park East, Suite 1101
Los Angeles, CA 90067
Main: 310-557-0050
Direct:  310-691-7377
Fax: 310-557-0056
E-mail:  jreitman@lgbfirm.com
Web:  www.lgbfirm.com

Please consider the environment before printing.

This e-mail is a confidential communication and may also be legally privileged. If you are not the intended recipient, immediately you should: (1) reply via e-mail to sender; (2) destroy this communication and all copies thereof, including deletion of all associated text files from individual and network storage devices; and (3) refrain from disseminating this communication by any means whatsoever.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Jim Bastian <JBastian@shbllp.com>
**Sent:** Monday, May 6, 2019 3:39 PM
**To:** John Reitman <jreitman@lgbfirm.com>
**Cc:** 'Brian Weiss (bweiss@force10partners.com)' <bweiss@force10partners.com>; Jack
Reitman <jareitman@lgbfirm.com>
**Subject:** RE: EA servers


John:


I wanted to follow-up regarding two open issues that have not yet been addressed apparently.


First, I understand that Brian has been provided a mirror image of the servers that were being
serviced and stored with MixinIT.  We have not been able to get access to the servers and if this
is correct, I would like to obtain a copy (at Michael's expense).  Time is of the essence on this,
so if you can confirm, we can make arrangements to take care of this right away.


Next, we had suggested that the receiver consider a chapter 11 for EA to address various pending
claims and lawsuits because you don't have funds to defend these claims and actions. As an
alternative, it would seem appropriate to ask the District Court to stay all actions against EA and
necessary defendants.  It is very common in my experience for stays of litigation claims against
the entity subject to the receivership estates to be issued, especially in a situation like this where
funds are scarce.  Have you considered this option?


I look forward to your prompt response.


Jim



James C. Bastian, Jr.
*Partner*
jbastian@shbllp.com
http://www.shbllp.com


2

**Orange County** - <u>100 Spectrum Center Drive, Suite 600, Irvine, CA 92618</u>, Phone: 949-340-3400  Fax: 949-340-3000

**Inland Empire** – <u>3550 Vine Street, Suite 210, Riverside, CA 92507</u>, Phone: 951-275-9300  Fax: 951-275-9303

<u>Confidentiality Notice:</u> The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

**From:** John Reitman <jreitman@lgbfirm.com>
**Sent:** Tuesday, April 2, 2019 4:00 PM
**To:** Jim Bastian <JBastian@shbllp.com>
**Cc:** 'Brian Weiss (bweiss@force10partners.com)' <bweiss@force10partners.com>; Jack Reitman <jareitman@lgbfirm.com>
**Subject:** RE: EA servers

Thank you for the information.  Who had the business card, who removed the servers from EA's office and who gave the servers to the vendor?   Please inform Mr. Avenatti that (1) he is not to contact the vendor without Mr. Weiss' written authorization or do anything else that might interfere with the Receiver's efforts to recover the servers and (2) any such direct or indirect action by him will result in Mr. Weiss filing an OSC for violating the Receivership Order.

John Reitman
Attorney

**Landau Gottfried & Berger LLP**
<u>1801 Century Park East, Suite 700</u>
<u>Los Angeles, CA 90067</u>
Main: 310-557-0050

Direct:  310-691-7377
Fax:  310-557-0056
E-mail:  jreitman@lgbfirm.com
Web:  www.lgbfirm.com

Please consider the environment before printing.

This e-mail is a confidential communication and may also be legally privileged. If you are not the intended recipient, immediately you should: (1) reply via e-mail to sender; (2) destroy this communication and all copies thereof, including deletion of all associated text files from individual and network storage devices; and (3) refrain from disseminating this communication by any means whatsoever.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Jim Bastian <JBastian@shbllp.com>
**Sent:** Tuesday, April 2, 2019 3:22 PM
**To:** John Reitman <jreitman@lgbfirm.com>
**Cc:** 'Brian Weiss (bweiss@force10partners.com)' <bweiss@force10partners.com>; Jack Reitman <jareitman@lgbfirm.com>
**Subject:** RE: EA case list
**Importance:** High

Gentlemen:

I have been able to get information on the location of the servers.  See attached image of a business card we located.  The servers are housed with a third party data storage vendor apparently located in Newport Beach called mixinIT.  We have attempted to contact this entity by telephone and in person but the phone number provided goes to an anonymous google voice mail (my messages have gone unreturned) and the physical location for the address on this card is a mail box.

I have conferred with Judy Regnier and this is the only information she has on this as all her other information was stored on her phone or computers which were seized by Federal agents.

If you are able to get access to or control over the servers, please let me know immediately so we can make arrangements for Michael to get access to information he needs and which is critical to his ability to earn a living, mount a defense to the criminal charges against him, practice law and communicate with his clients.  Michael reserves all rights with respect to these servers, including to preserve and access information stored on these servers and to maintain the confidentiality of private and client related information, communications and material.  We trust you will respect

those rights to the extent you are able to access the servers and that you will cooperate with us to the extent necessary.

If you need anything further or assistance from me or Michael with this, let me know.

Thanks.

Jim

James C. Bastian, Jr.
*Partner*
jbastian@shbllp.com
http://www.shbllp.com

Orange County - 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618, Phone: 949-340-3400 Fax: 949-340-3000

Inland Empire – 3550 Vine Street, Suite 210, Riverside, CA 92507, Phone: 951-275-9300 Fax: 951-275-9303

**Confidentiality Notice:** The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

**From:** Jim Bastian
**Sent:** Tuesday, April 2, 2019 10:57 AM
**To:** John Reitman <jreitman@lgbfirm.com>
**Cc:** Brian Weiss (bweiss@force10partners.com) <bweiss@force10partners.com>; Jack Reitman
<jareitman@lgbfirm.com>
**Subject:** RE: EA case list
**Importance:** High

Gentlemen:

We have been working on getting access to the servers and have discovered that the servers are
offline and not accessible by Michael. We had thought that the servers had been seized by the
authorities related to the criminal proceedings, but have learned that this is not the case. This
leads us to believe that perhaps you have taken control of the servers? Can you confirm if this is
the case? This is critically important as Michael needs access to the servers in order to address
cases in which he is counsel and also cases in which EA has an interest. If you have not taken
control of the servers, then something else has occurred and we need to figure out how to obtain
access.

Next, with respect to the case list, Michael advises that the list you have provided is not complete
and does not reflect the more extensive case list discussed between Michael and Brian, and
which was apparently memorialized in some fashion through an Excel spread sheet. Can you
provide the complete list?

With respect to the list you have provided, I have reviewed this with Michael and in connection
with the cases listed, Michael's position is as follows:

▆▆▆▆ – you can reassign.
▆▆▆▆▆ – Michael's position is that he is lead counsel and that EA has a fee interest. Since you
have filed a motion on this, the courts will decide this it appears but to be clear, it is Michael's
position that you are not permitted to tamper with the case or client. If Brian has any evidence
that EA is lead counsel as opposed to Michael individually, he has yet to see it even though he
has been asking for it. That all being said, again, it appears the courts will resolve this. I say
"courts" because I am frankly not sure which court will ultimately decide the issue as there
appears to be some conflict between the court presiding over the receivership and that court
handling the underlying case.
▆▆▆▆▆▆▆ - you can reassign. Michael believes that EA is probably only
entitled to 50% of the fees presently because of referring counsel (see email Michael sent to

6

Brian the weekend before last).  As such, EA will likely get a very small percentage at best once cases are reassigned.

██████ - ████████ action; you can reassign

██████ - ████████ action; you can reassign

██████ – abandoned by the client so no action needed

██████ - case is over due to ruling from ████████████ Court

██████ - Michael will remain as counsel

██████ - Michael will remain as counsel

██████ - Michael will remain counsel

██████ – as you are aware, client has terminated the firm and Michael. Now entitled only to QM, and likely has little value.

██████ – you can reassign; case likely only worth $150k in fees at most

██████ - ████████ arbitration; Michael will remain counsel

██████ – Michael will remain counsel

██████ – Michael will remain counsel

██████ – abandoned by client

██████ - class action; you can reassign

Again, if you can provide the full list, we can provide answers on other cases.

Finally, with respect to the remaining open items on the spreadsheet (copy attached again for your easy reference), Michael's responses to open items are in the MJA Notes section in red font (scroll over to the far right of the spread sheet), which responses were provided to Brian before my involvement.  As we have advised, due to the criminal matter and authorities seizing of documents and computers, Michael presently has no access to the books and records and other documentation and data bases, including that which was under the control of Judy Regnier.

And if you can let me know about the servers asap, this is of critical importance.  If you do not have control over the servers than something else is going on and we need to dig deeper.  Thanks.

Jim


James C. Bastian, Jr.
*Partner*
jbastian@shbllp.com
http://www.shbllp.com

**Orange County -** 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618, Phone: 949-340-3400  Fax: 949-340-3000

**Inland Empire –** 3550 Vine Street, Suite 210, Riverside, CA 92507, Phone: 951-275-9300  Fax: 951-275-9303

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

**From:** John Reitman <jreitman@lgbfirm.com>
**Sent:** Friday, March 29, 2019 11:49 AM
**To:** Jim Bastian <JBastian@shbllp.com>
**Cc:** Brian Weiss (bweiss@force10partners.com) <bweiss@force10partners.com>; Jack Reitman <jareitman@lgbfirm.com>
**Subject:** RE: EA case list

Jim, Brian Weiss has asked that I respond to your email. His view of Mr. Avenatti's degree of cooperation is verified by the still "open" requests on the list attached to your email. The requests were made more than or nearly a month ago (except the one requesting an explanation of the name change). Mr. Weiss also sent multiple copies of the list to Mr. Avenatti and repeatedly asked for the information and the status of efforts to provide it. We also provided the list to you on March 18 and you replied on the following day that "I am working with my client on all this and expect to have things moving on this later this week." Finally, the requests also were made at a time (from mid-February through my email to you) when Mr. Avenatti had unfettered access to the information sought. Nevertheless, Mr. Avenatti represented to Mr. Weiss that he did not the EA servers and that the business and financial information on the servers was being copied for Mr. Weiss when it now appears that those representations were not accurate. From Mr. Weiss' perspective, Mr. Avenatti's cooperation to date has been far less than that required by the Receivership Order and far from sufficient to enable Mr. Weiss to fully perform his tasks as the receiver. Mr. Weiss is duty bound to and will so inform the Court.

If Mr. Avenatti want a conference call simply to update us on his efforts to complete the open items on the request, it would be more helpful for him to do so in writing. If there are other subjects that he wants to cover in the call, please let me know what they are. I will then let you know how Mr. Weiss would like to proceed.

John Reitman
Attorney

**Landau Gottfried & Berger LLP**
1801 Century Park East, Suite 700
Los Angeles, CA 90067
Main: 310-557-0050
Direct: 310-691-7377
Fax: 310-557-0056
E-mail: jreitman@lgbfirm.com
Web: www.lgbfirm.com

Please consider the environment before printing.

This e-mail is a confidential communication and may also be legally privileged. If you are not the intended recipient, immediately you should: (1) reply via e-mail to sender; (2) destroy this communication and all copies thereof, including deletion of all associated text files from individual and network storage devices; and (3) refrain from disseminating this communication by any means whatsoever.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Jim Bastian <JBastian@shbllp.com>
**Sent:** Friday, March 29, 2019 10:47 AM
**To:** John Reitman <jreitman@lgbfirm.com>
**Cc:** Brian Weiss (bweiss@force10partners.com) <bweiss@force10partners.com>; Jack Reitman <jareitman@lgbfirm.com>
**Subject:** RE: EA case list

John:

Michael is happy to get on a call and review the spread sheet of open items (which is attached). He has cooperated and will continue to cooperate with Brian. As you will recall, we requested a call last weekend for this purpose but never got a response. I am involved in a meditation today at my office but expect to have frequent long breaks to have a call.

Also, beyond all the back and forth emailing, are you going to provide a copy of the case list? This will help make our discussion most productive. Thanks.

Jim

James C. Bastian, Jr.
*Partner*
jbastian@shbllp.com
http://www.shbllp.com

**Orange County** - 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618, Phone: 949-340-3400  Fax: 949-340-3000

**Inland Empire** – 3550 Vine Street, Suite 210, Riverside, CA 92507, Phone: 951-275-9300  Fax: 951-275-9303

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

**From:** John Reitman <jreitman@lgbfirm.com>
**Sent:** Thursday, March 28, 2019 3:44 PM
**To:** Jim Bastian <JBastian@shbllp.com>
**Cc:** Brian Weiss (bweiss@force10partners.com) <bweiss@force10partners.com>; Jack Reitman <jareitman@lgbfirm.com>
**Subject:** RE: EA case list

As a starting point, my email neither misstates or distorts the facts.

Second, my email references paragraph 29 of the Receivership Order so that you and Mr. Avenatti would understand that we are not criticizing his decision to file the withdrawal of

10

counsel. Our criticism is directed to his failure to immediately advise Brian of the client's request. This fully responds to three paragraphs of your email.

Third, we are not "missing the point" as it relates to the request for Mr. Weiss' list of EA cases and clients. Instead, you have ignored our concern which is reasonable given your client's lack of performance of his obligations under the Receivership Order. Because you did not attend the proceeding, I did not address Mr. Avenatti's equally faulty memory at the EA judgment debtor examination.

The rest of your comments are gratuitously insulting, serve only to exacerbate a difficult situation and do not rate a response.

Mr. Weiss has made diligent efforts to help resolve the disputes between Mr. Avenatti and Mr. Frank and to perform his obligations as the receiver. Mr. Weiss still would welcome Mr. Avenatti's cooperation but that requires Mr. Avenatti's prompt, truthful and direct responses to Mr. Weiss' requests.

John Reitman
Attorney

**Landau Gottfried & Berger LLP**
1801 Century Park East, Suite 700
Los Angeles, CA 90067
Main: 310-557-0050
Direct: 310-691-7377
Fax: 310-557-0056
E-mail: jreitman@lgbfirm.com
Web: www.lgbfirm.com

Please consider the environment before printing.

This e-mail is a confidential communication and may also be legally privileged. If you are not the intended recipient, immediately you should: (1) reply via e-mail to sender; (2) destroy this communication and all copies thereof, including deletion of all associated text files from individual and network storage devices; and (3) refrain from disseminating this communication by any means whatsoever.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used,

and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Jim Bastian <JBastian@shbllp.com>
**Sent:** Thursday, March 28, 2019 2:44 PM
**To:** John Reitman <jreitman@lgbfirm.com>
**Cc:** Brian Weiss (bweiss@force10partners.com) <bweiss@force10partners.com>; Jack Reitman <jareitman@lgbfirm.com>
**Subject:** RE: EA case list

John:

This is not productive. I have told you several times I am trying to help you guys here. Sending me a self-serving long email that I now have to respond to because it misstates facts and distorts others only increases costs and causes further delay, but since this is apparently the way you want to play this, I guess I have no choice.

As Michael advised Brian, general counsel to ▮▮▮▮▮ contacted Michael that they wanted him to IMMEDIATELY withdraw from the case and have local counsel take over. (I can send you the text if you want). The request was urgent apparently in light of an upcoming deadline or hearing. That is the client's right and Michael had no option but to agree. It appears to be your position that Michael must obtain Brian's consent to take any action requested by his clients. It appears to me that there is a real conflict here given an attorneys' ethical duties and the apparent duties of the Receiver. However, the Order appointing Brian has language in the last paragraph 29 that provides guidance: **"Nothing in this order excuses or alters any ethical duties that EA and/or EA's attorneys may have to their clients."**

In this instance, ▮▮▮▮▮ advised Michael that it wished to terminate his services and Michael had an absolute duty to comply and withdraw. (See ABA Model Rule 1.16(a)(3); *Fracasse v. Brent*, 6 Cal. 3d 784, 790 (1972).) A client can even terminate counsel in the middle of a trial, though the court may refuse to grant a continuance to secure new representation. (See *Berger v. Mantle*, 18 Cal. App. 2d 245, 248–294 (1936).)

As such, Michael was ethically bound to withdraw and the Receiver order protects the fulfillment of that ethical duty. With respect to the language from the order you cite, I am not sure how Michael's action could possibly be violative of the order given paragraph 29. If the client wants to change counsel, Brian cannot do anything about that and in fact, your position infers that Brian has the right to deny a client its absolute right to terminate as noted above. This cannot be your position.

With respect to the names of the clients issue you note, you are clearly missing my point (and misstating what I said to you). I merely want a copy of the list Michael provided (and apparently which Michael and Brian spent several hours reviewing) so that I was "singing from the same sheet of music" you guys were – again in my effort to help you maximize the value of this estate. This was because Michael has no access to any data or emails as all of his computers have been seized and the servers apparently have as well.

As far as Michael's recollection and your implication that he is hiding information or cases from Brian, give me a break. I have 50-60 pending client matters and I rely heavily on a list my assistant maintains. I can remember most of the cases but not all. I want to eliminate the guess work and room for error by simply having the data you have, again so I can help you! Michael and I have gone over some of the cases but he cannot remember all of them.

I am not going to engage in these games. Demanding that I send you a list of what Michael remembers is just plain silly. As I have told you, my goal is to develop a comprehensive list (to the extent not already developed among Michael and Brian) through a review of what has been developed to date and then reviewing it with Michael to make sure there are no others. Then if there are cases that he is working on that are not EA related, we can identify those so there is no question as to the estate's interest. Again, I am trying to help you guys here.

Please just send me the list. I see no harm in this. All you are doing I driving up costs and now basically taking an adversarial approach that is not going to help.

I also would suggest that you do not need two attorneys on this file at all times. I note that every call, hearing and email is involving you and Jack. This is not necessary and wasteful.

To be clear – the request for this list is not Michael's request – it is my request. I do not have this document and have no way of obtaining it. I plan to work with Michael on the list but again, my purpose is so that I can help you guys here.

Let's get beyond this stuff. Thanks.

Jim

James C. Bastian, Jr.
*Partner*
jbastian@shbllp.com
http://www.shbllp.com

**Orange County -** 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618, Phone: 949-340-3400 Fax: 949-340-3000

**Inland Empire –** 3550 Vine Street, Suite 210, Riverside, CA 92507, Phone: 951-275-9300 Fax: 951-275-9303

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

**From:** John Reitman <jreitman@lgbfirm.com>
**Sent:** Thursday, March 28, 2019 1:02 PM
**To:** Jim Bastian <JBastian@shbllp.com>
**Cc:** Brian Weiss (bweiss@force10partners.com) <bweiss@force10partners.com>; Jack Reitman <jareitman@lgbfirm.com>
**Subject:** RE: EA case list

Jim, as Brian and I expressed to you during our last phone conversation, Mr. Avenatti had control over the servers for approximately six weeks after Brian was appointed but withheld

access to the information stored on those servers in violation of the Receivership Order. More recently, we learned without advance warning that Mr. Avenatti had withdrawn as counsel for Medline. Please inform Mr. Avenatti that he should more carefully read the Receivership Order by which he is bound. By way of example only, Mr. Avenatti has violated the following Receivership Order requirements: paragraphs 27 a, b and h; and 28 a, b and e. His conduct has directly negatively affected Brian's ability to "take such action as is necessary and appropriate to preserve and take control of and to prevent the waste, dissipation, loss of value, concealment, or disposition of any assets of or managed by EA" (paragraph 14. p).


In our last phone conversation, you also asserted that Mr. Avenatti needed the names of his own clients and the cases in which he represents them because he was unable to remember all of them. In response, we told you that Mr. Avenatti had previously provided a case and client list to Brian, and that additional information has been derived from other sources. To again ask for a list of all of the cases now known to the Receiver causes us to question whether Mr. Avenatti was fully forthcoming in his earlier disclosure. In the circumstances, lets start with Mr. Avenatti providing a list of the cases he recalls and is willing to transfer to other counsel and which cases he is not willing to transfer; for example, what about ████████████ and the ███████████ ████? We can then re-address Mr. Avenatti's request.

John Reitman
Attorney

**Landau Gottfried & Berger LLP**
1801 Century Park East, Suite 700
Los Angeles, CA 90067
Main: 310-557-0050
Direct: 310-691-7377
Fax: 310-557-0056
E-mail: jreitman@lgbfirm.com
Web: www.lgbfirm.com

Please consider the environment before printing.

This e-mail is a confidential communication and may also be legally privileged. If you are not the intended recipient, immediately you should: (1) reply via e-mail to sender; (2) destroy this communication and all copies thereof, including deletion of all associated text files from individual and network storage devices; and (3) refrain from disseminating this communication by any means whatsoever.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.


**From:** Jim Bastian <JBastian@shbllp.com>
**Sent:** Thursday, March 28, 2019 11:40 AM
**To:** John Reitman <jreitman@lgbfirm.com>; Brian Weiss (bweiss@force10partners.com) <bweiss@force10partners.com>
**Subject:** EA case list

Guys:

Following our call yesterday, I would appreciate it if you could  please send me the case list. I do not have it and Michael cannot access any records as all servers and computers have been seized by the authorities.  I am working with him to go through the list and confirm the cases he is willing to release any interest in and sign substitutions of attorney to the extent necessary.  There are a few cases he wants to keep but the majority it appears he is happy to transition to new counsel.  I need the list to assist in this process.  Thanks.

Jim

James C. Bastian, Jr.
*Partner*
jbastian@shbllp.com
http://www.shbllp.com

**Orange County –** 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618, Phone: 949-340-3400  Fax: 949-340-3000

**Inland Empire –** 3550 Vine Street, Suite 210, Riverside, CA 92507, Phone: 951-275-9300  Fax: 951-275-9303

**Confidentiality Notice:** The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

--
Michael J. Avenatti

# Exhibit B

**Art Barsegyan**

---------- Forwarded message ---------
From: **Michael Avenatti** <m@thefight.us>
Date: Sun, Apr 14, 2019 at 3:11 PM
Subject: Re: EA - Urgent Matters
To: Brian Weiss <bweiss@force10partners.com>
CC: Jim Bastian <JBastian@shbllp.com>, John Reitman <jreitman@lgbfirm.com>

Thanks for the quick response. Please see below.

1. My criminal defense counsel John Littrell was told this by the US Attys office, which came as a surprise to me. We will follow up with them in light of your email. I am happy to pay to host the servers provided I am given access. I am unaware of how much is owed the old hosting company but they were fully paid through the end of March I believe. Do you have this amount? PLEASE NOTE for the avoidance of all doubt, that I am not waiving any rights, privileges or objections as to the information contained on the servers as it relates to my criminal matters, including any 5th amendment rights.

2. Understood.

3. I have not "left EA." Nor have I misappropriated money due EA. Nor am I under an obligation to continue to fund EA operations or expenses. Times have obviously changed for me over the last few weeks from a financial perspective, which has changed my ability to defend various matters and/or assume the defense on behalf of EA and others. And new matters have been filed. Accordingly, I need EA to step up and provide the defense we all need and are entitled to under the law. If the firm is not able to do that or pay even basic expenses because it has no incoming cash, then EA needs to file for bankruptcy in order to preserve assets and protect all creditors.

I likewise am available to discuss at your convenience.

Regards,

Michael

On Sun, Apr 14, 2019 at 2:51 PM Brian Weiss <bweiss@force10partners.com> wrote:
Michael,

Please find below my responses to each of your points below. John may supplement by responses, if necessary.

1. I am not sure who informed you that I have access to the servers. Whatever source told you this is mistaken. Please advise as to who told you this. I do not, nor do I expect to have possession in the week(s) to come. Once the servers are returned, we face an issue getting them back online and where to house them. Unfortunately, your prior firm, Mixinit is owed money and does not want to provide future services nor does the receivership estate does not have any funds to secure a new provider. Will you be providing the funding to get them back online? To bring them back online and to keep them housed is ~$1k per month.

2. Your assertion regarding Ahmed handling the ███████ case is incorrect. I only saw your email to us on Friday, April 12, 2019 and have not been contacted by Ahmed to discuss the case. On the same day, we attempted to

1

reach the Becker Law Firm and are awaiting a return call. With this case and all others, to avoid issues and compliance with the Receivership Order, let's discuss your plans in advance to see if we can come to an agreement. To date, you have not discussed, rather have "informed" after the fact.

3. Per our discussions and my requests, you stated to me you were going to handle the defense and provide your strategy to do so (see the information request with this line item). To date, I have not received a response from you on this subject. You left EA with no funds to provide indemnification. Are you willing to contribute funds to EA to allow this to occur? I will defer to my counsel for further comment.

Please advise when you will be returning the ▇▇▇▇ money to EA that was misappropriated. These funds can be used the servers back online when they are received.

I am available Monday through Wednesday of this week to discuss.

Regards,
Brian

On Sun, Apr 14, 2019 at 2:22 PM Michael Avenatti <m@thefight.us> wrote:

Brian:

There are at least three matters that deserve your immediate attention. They are as follows:

1. I need access to the EA servers so that I can adequately represent our clients. As it presently stands, I do not have access to (a) our calendar showing case deadlines and the like; (b) the document database with past pleadings and motions; and (c) prior emails and correspondence. I now understand that you have access to the servers. We need to arrange to grant me access as soon as possible so we can fulfill our obligations to the clients. I also need access for my criminal defense. If we are unable to do what we need to do in this regard, we are likely going to subject ourselves, you and EA included, to significant exposure for liability and damages. I know that we both want to avoid this. As a result, please work with me forthwith to get me the access I need.

2. Seeing as you seem to object to Ahmed moving forward with the ▇▇▇▇▇▇ class action in ▇▇▇ I need to know what your alternative proposal is. Once again, we have duties to the client in that case and the putative class. The defense has objected to our renewed motion for class certification based on alleged inadequacy of counsel so we need a solution ASAP. Otherwise, we risk adverse consequences to our client and possibly the class, resulting in potential liability. We need to avoid this.

3. A plan for defending the various actions in which EA has an indemnification obligation. As you know, there are presently multiple cases/arbitrations in which the firm and its employees/partners are named as defendants. These include the Barela arbitration, ▇▇▇'s federal collection action, the ▇▇▇▇ matter filed in ▇▇▇▇▇▇▇, and the ▇▇▇ lawsuit pending in ▇▇▇▇▇▇▇▇. There may be additional not yet filed actions. As I know you know, under California law and the partnership agreement, EA has an obligation to provide me with a defense in these matters. Moreover, EA also has an obligation to provide EA employees with a defense in these matters to the extent they are named as defendants (see, e.g., the CA Labor Code). I need to know what the plan is for the firm to provide a defense in connection with these cases. If the firm is unable to provide a defense as required, for itself, me and others, I do not understand how the firm can

possibly avoid filing for bankruptcy protection.  Otherwise, the firm will be openly subjecting itself to millions in liabilities and default judgments.

I am available anytime tomorrow to discuss these matters by phone as time is of the essence.  Please let me know how you would like to proceed.

Thank you.

Michael



**Brian Weiss**
at Force 10 Partners
**A** 20341 SW Birch Suite 220, Newport Beach CA 92660
**D** (949) 357-2368  **P** (949) 357-2360  **M** (949) 933-7011  **E** bweiss@force10partners.com  **W** http://force10partners.com

This message is for the named person's use only. It may contain confidential, proprietary or legally privileged information. No confidentiality or privilege is waived or lost by any mistransmission. If you receive this message in error, please immediately delete it and all copies of it from your system, destroy any hard copies of it and notify the sender. You must not, directly or indirectly, use, disclose, distribute, print, or copy any part of this message if you are not the intended recipient. Force 10 Partners and each of its subsidiaries each reserve the right to monitor all e-mail communications through its networks.

--
Michael J. Avenatti
--
Michael J. Avenatti

# Exhibit C

**Art Barsegyan**

From: **John Reitman** <jreitman@lgbfirm.com>
Date: Tue, Jun 4, 2019 at 3:14 PM
Subject: FW: Urgent: EA Servers and Documents
To: Jim Bastian <JBastian@shbllp.com>
CC: Jack Reitman <jareitman@lgbfirm.com>, Michael Avenatti <m@thefight.us>

Jim, as previously requested, all communications from your client (see the following email from Mr. Avenatti) should be made through you.

As to Mr. Avenatti's request:

1. Pursuant to an Order to Deliver Specific Property filed in the Family Law Court on April 4, 2019, filed in Avenatti v. Lisa Storie-Avenatti, Orange County Superior Court Case No. 17D00930, Mr. Avenatti was required to immediately turnover, among other things, 100% of his personal ownership interest in EA (para. 1) and 100% of the shares of A&A (para. 2) to be applied toward satisfaction of Ms. Storie's judgment against him. Accordingly, on what basis does Mr. Avenatti still claim to "own" EA?

2. Mr. Avenatti is not entitled the broad range of documents he has requested. As to client documents, they are owned by the clients. Subject to para. 4 below, the Receiver will make client documents available to those clients who request them in a signed, verifiable writing delivered to the Receiver. With such request, the Receiver will require a reasonable description of the requested files/documents and where they may be found before undertaking any work. As you know, there are voluminous electronically stored documents and approximately 480 un-inventoried boxes of paper documents stored at Affiliated Storage (that entity also is owed storage fees which may need to be paid before it will release documents).

3. As for non-client documents, subject to para. 4 below, the Receiver will make a copy of non-client EA documents available to Mr. Avenatti that are necessary or reasonably appropriate for him to continue his representation of identified, existing clients or for his defense of the criminal charges. Accordingly, the Receiver will require a written reasonable description of the files/documents requested and a written reasonable explanation of why those files/documents are necessary or appropriate for those purposes before undertaking any work. The Receiver also reserves the right to require a fully signed confidentiality agreement(on terms acceptable to him) covering requested EA documents.

4. When Mr. Avenatti executed the Joint Stipulation and Order re Appointment of Receiver and Restraining Order, he had in front of him all the information he needed to determine the consequences of

1

that action for EA's clients and himself.  The Restraining Order made clear that the Receiver would, among other things, "[14.a] [t]ake possession of all past and current client engagement contracts, case files, books and records, electronic files, and other documents necessary to manage the Receivership Assets . . .." and "[14.l] [h]ave access to and become the "administrative user" for all of EA's software . . .."  Instead of giving the Receiver access to EA's servers, Mr. Avenatti at various times represented to the Receiver that (1) he (Avenatti) had access to the servers; (2) he didn't have such access; (3) he didn't know where the servers were; and (4) EA had sold the servers to X-Law Group.  In fact, however, Mr. Avenatti had caused EA's computer servers to be moved from EA's Newport office to a third-party vendor, to store and maintain, and EA paid the vendor for that service.  Mr. Avenatti continued that deception until April 2, approximately 75 days after the Receiver was appointed by the District Court.  Throughout that 75-day period, Mr. Avenatti continued to have what amounts to exclusive control over all EA information then necessary for him to continue his representation of its clients or to permit the clients to transfer their matters to substitute counsel.  During that entire time, Mr. Avenatti could have but apparently chose not to inform EA's clients of the status of their respective files or to make those files available to them.  Instead, he stopped EA from paying for the maintenance and storage of the servers.  He also made sure that EA had no cash to enable it to operate. At this time, the receivership estate still has no funds.



The Receiver is not obligated to and will not, at his own expense, make documents available to EA's former clients or to Mr. Avenatti.  Upon receipt of a proper request for documents (as outlined above) or a court order requiring the production of documents, the Receiver will make a good faith estimate of the cost (supervision and labor, at the customary hourly rates for persons employed by Force 10 Partners) and out of pocket expenses to produce the requested documents.  The Receiver also will require, in advance of doing any work on the production, pre-payment of the estimated cost of the production.  If the estimated cost of the production at any time exceeds the deposit, the Receiver may require the deposit of additional funds.  The Receiver will return any deposited funds not used for a production and will not release any requested documents until all costs of a production have been paid.



The Receiver may permit outside IT specialists or other vendors to do document retrieval, imaging and copying work on terms acceptable to him to ensure that electronically stored or imaged information and paper documents are not altered or damaged and at no cost to the Receiver or the receivership estate.  The Receiver will not permit the review or production of documents unless it is supervised by a Force 10 representative or other person acceptable to him (which supervision shall be at the expense of the requesting party).

John Reitman
Attorney

**Landau Gottfried & Berger LLP**
1880 Century Park East, Suite 1101
Los Angeles, CA 90067
Main: 310-557-0050
Direct:  310-691-7377
Fax: 310-557-0056
E-mail: jreitman@lgbfirm.com
Web: www.lgbfirm.com

Please consider the environment before printing.

This e-mail is a confidential communication and may also be legally privileged. If you are not the intended recipient, immediately you should: (1) reply via e-mail to sender; (2) destroy this communication and all copies thereof, including deletion of all associated text files from individual and network storage devices; and (3) refrain from disseminating this communication by any means whatsoever.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Michael Avenatti <m@thefight.us>
**Sent:** Tuesday, June 4, 2019 4:42 AM
**To:** Brian Weiss (bweiss@force10partners.com) <bweiss@force10partners.com>; Dean Steward <deansteward7777@gmail.com>; Ellen Pansky <epansky@panskymarkle.com>; Jack Reitman <jareitman@lgbfirm.com>; Jim Bastian <JBastian@shbllp.com>; John Reitman <jreitman@lgbfirm.com>; Jose M. Quiñon <jquinon@quinonlaw.com>; Scott Srebnick <scott@srebnicklaw.com>
**Subject:** Urgent: EA Servers and Documents

Brian:

As you know, for over two months now, I have been trying to gain access to the EA servers and related documents. Despite multiple requests and the fact that I own 100 percent of the law firm, you have refused to provide me any access.

To be clear, since March 26 I have not had access to my prior email, correspondence with clients, settlement agreements, client accountings, case files, financial records, etc. I need access to this information in order to continue to service clients and attend to their matters. I also urgently need access in order to defend myself in the three criminal matters pending against me as well as the newly filed State Bar matter.

Demand is once again made that you provide me access to ALL of the books and records and electronic files of EA in their entirety and that it be done by the close of business today. Time is of the essence and there is no legitimate reason as to why you should continue to refuse to provide me unfettered access to this information.

Please inform me as to when today I can begin accessing the information.

Thank you.

Michael


--

Michael J. Avenatti

Page Intentionally Left Blank to
Separate Supporting Declarations

1    Ellen A. Pansky (SBN 77688)
     Art Barsegyan (SBN 279064)
2    **PANSKY MARKLE ATTORNEYS AT LAW**
     1010 Sycamore Ave., Suite 308
3    South Pasadena, CA. 91030
     Telephone:  (213) 626-7300
4    Facsimile:  (213) 626-7330

5

     Attorneys for Respondent
6    Michael J. Avenatti, Esq.

7

8                     BEFORE THE STATE BAR COURT

9                      OF THE STATE OF CALIFORNIA

10               HEARING DEPARTMENT – LOS ANGELES

11

12
     In the Matter of                    )   Case No.  SBC-19-TE-30259-YDR
13                                        )
                                          )   **DECLARATION OF THOMAS D.**
14   MICHAEL JOHN AVENATTI,               )   **WARREN IN SUPPORT OF**
                                          )   **RESPONDENT'S REPLY TO THE STATE**
15                                        )   **BAR'S OPPOSITION TO MOTION FOR**
     Member No. 206929,                   )   **CONTINUANCE**
16                                        )
                                          )
17   A Member of the State Bar.           )
                                          )
18                                        )
                                          )
19   ―――――――――――――――――――――                )

20

21   I, Thomas D. Warren, declare as follows:

22        1.      I am an attorney with an active license from The State Bar of California.  I am a

23   partner at Pierce Bainbridge Beck Price & Hecht LLP, co-counsel for Respondent Michael Avenatti

24   in his State Bar disciplinary proceeding.  I know the following to be true of my own knowledge

25   except as stated on information and belief, and, if called and sworn as a witness, would competently

26   testify thereto.

27        2.      On July 11, 2019, I sent an email to John Reitman, attorney for Receiver Brian

28   Weiss, reiterating Mr. Avenatti's request to receive a copy of the files on the EA computer servers

―――――――――――――――――――――――――――――――――――――――――――――――――――――
DECLARATION OF THOMAS D. WARREN

1  that are in the possession and control of the Receiver, and explaining that Mr. Avenatti needs those

2  files to defend against pending criminal charges and against the State Bar disciplinary proceedings.

3  Mr. Reitman responded by reiterating numerous arbitrary and unreasonable protocols that must first

4  be met to the satisfaction of the Receiver before providing access to Mr. Avenatti.  I replied and

5  explained that the expense of hiring forensic experts and maintaining servers with hosting

6  companies would not be necessary because the Receiver was already provided with a copy of the

7  forensic image of the EA servers – which were created and provided to the Receiver by the IRS –

8  and that the Receiver simply needed to make another copy of the forensic image of the documents

9  on the servers and provide that copy to Mr. Avenatti.  I concluded my email by emphasizing Mr.

10  Avenatti's need for a copy of the server files to defend himself in his criminal and disciplinary

11  proceedings.

12       3.     Attached as **Exhibit D** is a true and correct copy of the email exchange between me

13  and John Reitman on July 11, 2019.

14       4.     To date, Mr. Reitman has not responded to my last email on July 11, 2019, nor has

15  he or Mr. Weiss to my knowledge taken any further steps to provide a copy of the forensic image of

16  the documents on the EA servers.

17

18       I declare under penalty of perjury under the laws of the State of California that the foregoing

19  is true and correct.

20       Executed this 17th day of July, 2019, at ___Los Angeles___, California.

21

22

23                           Thomas D. Warren

24

25

26

27

28

# Exhibit D

## Art Barsegyan

**From:** Tom Warren <twarren@piercebainbridge.com>
**Sent:** Thursday, July 11, 2019 5:40 PM
**To:** John Reitman <jreitman@lgbfirm.com>; Brian Weiss <bweiss@force10partners.com>
**Cc:** Ellen Pansky <epansky@panskymarkle.com>; Caroline Polisi <cpolisi@piercebainbridge.com>
**Subject:** RE: In the Matter of: Michael John Avenatti, Case No. SBC-19-TE-30259-YDR

The facts as I recited them are completely accurate. You claim that "the receivership estate does not have the expertise or money to set up and maintain the servers or to access the forensic images and we have so informed Avenatti." That is a strawman. Your client does not need to maintain the servers, because he has a forensic image of the documents on them. Nor does he have to access the forensic images—all he needs to do is make a copy of the forensic image and give it to Mr. Avenatti.

Yet your client has inexplicably refused to give Mr. Avenatti a copy of his own files. Instead, he has created an arbitrary process that unconstitutionally and improperly limits Mr. Avenatti's access to his own files, that requires technical expertise that the receiver does not have, and that requires Mr. Avenatti to pay for that technical expertise.

Your client's continued refusal to provide Mr. Avenatti a copy of his electronic files deprives him of his ability to defend himself in his criminal and disciplinary proceedings, and it will unnecessarily delay those proceedings. I hope you will reconsider your position.

**Tom Warren,** Partner
Pierce Bainbridge Beck Price & Hecht LLP

30195 Chagrin Blvd., Suite 210N
Pepper Pike, OH 44124

355 S. Grand Avenue, 44th Floor
Los Angeles, CA 90071

O: (216) 302-7487 C: (216) 789-9121

Boston | **Cleveland** | **Los Angeles** | New York | Washington, D.C.

PIERCE BAINBRIDGE

This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this email in error, please destroy it and notify me immediately.

**From:** John Reitman <jreitman@lgbfirm.com>
**Sent:** Thursday, July 11, 2019 8:14 PM
**To:** Tom Warren <twarren@piercebainbridge.com>
**Cc:** Brian Weiss <bweiss@force10partners.com>
**Subject:** Re: In the Matter of: Michael John Avenatti, Case No. SBC-19-TE-30259-YDR

Mr. Warren, your recitation of "facts" is not accurate. Both the Receiver and I have informed Mr. Avenatti that he may obtain documents to which he is entitled.

The Eagan Avenatti servers are not set up to operate (that was the case when we first located them after Avenatti claimed he did not know where they were). The Receiver does have a forensic image of the contents if the servers - that information can be accessed by a qualified expert.

I am informed that the information on the servers (and therefor the forensic images) includes EA business and financial records, emails, case documents and client files. The receivership estate does not have the expertise or money to set up and maintain the servers or to access the forensic images and we have so informed Avenatti.

The Receiver has offered to make the forensic images available to Avenatti to  make a copy of those documents reasonably calculated to enable him to defend himself against the criminal and civil actions filed against him on the following terms: (1) Avenatti will need to provide the Receiver with a written list of the client files and document categories he wants; (2) based on that list the Receiver will provide Avenatti with an estimate of the cost to search and retrieve the documents - the estimate will be prepared by a qualified expert; (3) in advance of commencing the search Avenatti will need to pay the full estimated cost to the Receiver. If the actual cost is less than the estimate the Receiver will return the unused funds. If the actual cost is greater than the estimate Avenatti will need to pay the additional amount before the document copy will be released to him. In the alternative, Avenatti may designate his own expert to do the work. That expert must be acceptable to the Receiver and that expert's work will be supervised by a member of the Receiver's accounting firm at Avenatti's expense. This procedure has already been used in two active litigation matters in which Avenatti formerly was an attorney of record.  I understand there is a protective order in place in one of the criminal actions. That order also would apply for this proposed production. The Receiver also does not object to the Government producing documents to Avenatti on terms that do not compromise the rights of Avenatti's former clients.

The Receiver also will permit copies of documents that are not reasonably calculated to enable to defend himself to be made provided that, in addition to he above terms, Avenatti provides the Receiver with the written request/ approval of the client. That request/approval must include the statement that the client has been informed that his/her consent is voluntary and that he/she has been given a reasonable opportunity to consult with independent legal counsel concerning the potential consequences of signing the consent.

I currently am out of town and will not return to my office until Tuesday.

Mr. A

Sent from my iPhone

On Jul 11, 2019, at 2:43 PM, Tom Warren <twarren@piercebainbridge.com> wrote:

    Dear Mr. Reitman:

I write to you as co-counsel for Michael Avenatti in connection with the California State Bar's application for involuntary inactive enrollment. I understand that your client, Brian Weiss, allowed the government to make a copy of all of Eagan Avenatti's electronic documents located on the firm's servers, and that since April 30, 2019, you have been in possession of a copy of those electronic documents as well. I also understand that you have refused to make, or allow Mr. Avenatti to make, a copy of those electronic documents—documents that constitute the entirety of the electronic files and email correspondence of Eagan Avenatti.

Mr. Avenatti is entitled to a copy of his own files—Mr. Avenatti was the sole owner of Eagan Avenatti—to function as counsel for his clients and to defend himself in the criminal cases brought against him in the Southern District of New York and the Central District of California as well the California State Bar proceeding. It is inexplicable why your client has refused to provide Mr. Avenatti a copy over the last 100 days, and he has no cause to limit Mr. Avenatti's access to his own files.

Your client's refusal to give Mr. Avenatti a copy of his own files severely prejudices Mr. Avenatti's ability to defend himself and will undoubtedly delay the proceedings in which Mr. Avenatti is involved. Please have your client provide a copy of his electronic documents immediately.

Sincerely,

Tom Warren


**Tom Warren,** Partner
<u>Pierce Bainbridge Beck Price & Hecht LLP</u>

335 S. Grand Avenue, 44th Floor
Los Angeles, CA 90071

30195 Chagrin Blvd., Suite 210N
Pepper Pike, OH 44124

O: (216) 302-7487 C: (216) 789-9121

Boston | **Cleveland** | **Los Angeles** | New York | Washington, D.C.


\<image001.png\>

This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this email in error, please destroy it and notify me immediately.

**PROOF OF SERVICE**

*In the Matter of Michael John Avenatti*

I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is 1010 Sycamore Ave., Suite 308, South Pasadena, California 91030.

On July 17, 2019, I served the foregoing document(s) described as:

**RESPONDENT'S REPLY IN SUPPORT OF MOTION FOR CONTINUANCE OF TRIAL DATE; DECLARATIONS OF JAMES C. BASTIAN, JR. AND THOMAS D. WARREN IN SUPPORT**

on all interested parties in this action by placing a true copy of each document, enclosed in a sealed envelope addressed as follows:

Eli Morgenstern, Senior Trial Counsel
Office of the Chief Trial Counsel
          Enforcement
The State Bar of California
845 Figueroa Street
Los Angeles, CA 90017

( X )  **BY PERSONAL SERVICE:**  I personally delivered such envelope addressed to Eli Morgenstern, Senior Trial Counsel to the California State Bar reception desk, on July 17, 2019.

( X )  **BY E-MAIL:**  On July 17, 2019, I transmitted the above-referenced documents via electronic mail to the following e-mail address:      Eli.Morgenstern@calbar.ca.gov

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed July 17, 2019 at Los Angeles, California.

_____
Valerie Markle