**From:** Tom Warren <twarren@piercebainbridge.com>
**Sent:** Thursday, July 11, 2019 5:40 PM
**To:** John Reitman <jreitman@lgbfirm.com>; Brian Weiss <bweiss@force10partners.com>
**Cc:** Ellen Pansky <epansky@panskymarkle.com>; Caroline Polisi <cpolisi@piercebainbridge.com>
**Subject:** RE: In the Matter of: Michael John Avenatti, Case No. SBC-19-TE-30259-YDR

The facts as I recited them are completely accurate. You claim that "the receivership estate does not have the expertise or money to set up and maintain the servers or to access the forensic images and we have so informed Avenatti." That is a strawman. Your client does not need to maintain the servers, because he has a forensic image of the documents on them. Nor does he have to access the forensic images—all he needs to do is make a copy of the forensic image and give it to Mr. Avenatti.

Yet your client has inexplicably refused to give Mr. Avenatti a copy of his own files. Instead, he has created an arbitrary process that unconstitutionally and improperly limits Mr. Avenatti's access to his own files, that requires technical expertise that the receiver does not have, and that requires Mr. Avenatti to pay for that technical expertise.

Your client's continued refusal to provide Mr. Avenatti a copy of his electronic files deprives him of his ability to defend himself in his criminal and disciplinary proceedings, and it will unnecessarily delay those proceedings. I hope you will reconsider your position.

**Tom Warren,** Partner
Pierce Bainbridge Beck Price & Hecht LLP

30195 Chagrin Blvd., Suite 210N
Pepper Pike, OH 44124

355 S. Grand Avenue, 44th Floor
Los Angeles, CA 90071

O: (216) 302-7487  C: (216) 789-9121

Boston | **Cleveland** | **Los Angeles** | New York | Washington, D.C.

PIERCE BAINBRIDGE

This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this email in error, please destroy it and notify me immediately.

**From:** John Reitman <jreitman@lgbfirm.com>
**Sent:** Thursday, July 11, 2019 8:14 PM
**To:** Tom Warren <twarren@piercebainbridge.com>
**Cc:** Brian Weiss <bweiss@force10partners.com>
**Subject:** Re: In the Matter of: Michael John Avenatti, Case No. SBC-19-TE-30259-YDR

Mr. Warren, your recitation of "facts" is not accurate. Both the Receiver and I have informed Mr. Avenatti that he may obtain documents to which he is entitled.

1

The Eagan Avenatti servers are not set up to operate (that was the case when we first located them after Avenatti claimed he did not know where they were). The Receiver does have a forensic image of the contents if the servers - that information can be accessed by a qualified expert.

I am informed that the information on the servers (and therefor the forensic images) includes EA business and financial records, emails, case documents and client files. The receivership estate does not have the expertise or money to set up and maintain the servers or to access the forensic images and we have so informed Avenatti.

The Receiver has offered to make the forensic images available to Avenatti to make a copy of those documents reasonably calculated to enable him to defend himself against the criminal and civil actions filed against him on the following terms: (1) Avenatti will need to provide the Receiver with a written list of the client files and document categories he wants; (2) based on that list the Receiver will provide Avenatti with an estimate of the cost to search and retrieve the documents - the estimate will be prepared by a qualified expert; (3) in advance of commencing the search Avenatti will need to pay the full estimated cost to the Receiver. If the actual cost is less than the estimate the Receiver will return the unused funds. If the actual cost is greater than the estimate Avenatti will need to pay the additional amount before the document copy will be released to him. In the alternative, Avenatti may designate his own expert to do the work. That expert must be acceptable to the Receiver and that expert's work will be supervised by a member of the Receiver's accounting firm at Avenatti's expense. This procedure has already been used in two active litigation matters in which Avenatti formerly was an attorney of record. I understand there is a protective order in place in one of the criminal actions. That order also would apply for this proposed production. The Receiver also does not object to the Government producing documents to Avenatti on terms that do not compromise the rights of Avenatti's former clients.

The Receiver also will permit copies of documents that are not reasonably calculated to enable to defend himself to be made provided that, in addition to he above terms, Avenatti provides the Receiver with the written request/ approval of the client. That request/approval must include the statement that the client has been informed that his/her consent is voluntary and that he/she has been given a reasonable opportunity to consult with independent legal counsel concerning the potential consequences of signing the consent.

I currently am out of town and will not return to my office until Tuesday.

Mr. A

Sent from my iPhone

On Jul 11, 2019, at 2:43 PM, Tom Warren <twarren@piercebainbridge.com> wrote:

> Dear Mr. Reitman:

2

I write to you as co-counsel for Michael Avenatti in connection with the California State Bar's application for involuntary inactive enrollment. I understand that your client, Brian Weiss, allowed the government to make a copy of all of Eagan Avenatti's electronic documents located on the firm's servers, and that since April 30, 2019, you have been in possession of a copy of those electronic documents as well. I also understand that you have refused to make, or allow Mr. Avenatti to make, a copy of those electronic documents—documents that constitute the entirety of the electronic files and email correspondence of Eagan Avenatti.

Mr. Avenatti is entitled to a copy of his own files—Mr. Avenatti was the sole owner of Eagan Avenatti—to function as counsel for his clients and to defend himself in the criminal cases brought against him in the Southern District of New York and the Central District of California as well the California State Bar proceeding. It is inexplicable why your client has refused to provide Mr. Avenatti a copy over the last 100 days, and he has no cause to limit Mr. Avenatti's access to his own files.

Your client's refusal to give Mr. Avenatti a copy of his own files severely prejudices Mr. Avenatti's ability to defend himself and will undoubtedly delay the proceedings in which Mr. Avenatti is involved. Please have your client provide a copy of his electronic documents immediately.

Sincerely,

Tom Warren


**Tom Warren,** Partner
Pierce Bainbridge Beck Price & Hecht LLP

335 S. Grand Avenue, 44th Floor
Los Angeles, CA 90071

30195 Chagrin Blvd., Suite 210N
Pepper Pike, OH 44124

O: (216) 302-7487 C: (216) 789-9121

Boston | **Cleveland** | **Los Angeles** | New York | Washington, D.C.


<image001.png>

This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this email in error, please destroy it and notify me immediately.