**From:** John Reitman <jreitman@lgbfirm.com>
**Sent:** Friday, July 19, 2019 6:37 PM
**To:** Tom Warren <twarren@piercebainbridge.com>
**Cc:** Ellen Pansky <epansky@panskymarkle.com>; Art Barsegyan <abarsegyan@panskymarkle.com>; Caroline Polisi <cpolisi@piercebainbridge.com>; Jim Bastian <JBastian@shbllp.com>
**Subject:** RE: In the Matter of: Michael John Avenatti, Case No. SBC-19-TE-30259-YDR

Your statement "It was previously agreed that my client would have access to the servers upon my client agreeing to pay a $1,000 monthly hosting fee associated with the servers. My client agreed to pay this fee back on April 14" has no basis in fact. Neither the Receiver nor I have received any communication from Mr. Avenatti or anyone else reporting to act on his behalf making any such proposal, and there is no such agreement.

The Receiver will make EA documents available to Mr. Avenatti on the terms set forth in my prior emails, first to Mr. Bastian and more recently to you.

John Reitman
Attorney

**Landau Gottfried & Berger LLP**
1880 Century Park East, Suite 1101
Los Angeles, CA 90067
Main: 310-557-0050
Direct: 310-691-7377
Fax: 310-557-0056
E-mail: jreitman@lgbfirm.com
Web: www.lgbfirm.com
Please consider the environment before printing.

This e-mail is a confidential communication and may also be legally privileged. If you are not the intended recipient, immediately you should: (1) reply via e-mail to sender; (2) destroy this communication and all copies thereof, including deletion of all associated text files from individual and network storage devices; and (3) refrain from disseminating this communication by any means whatsoever.
Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Tom Warren <twarren@piercebainbridge.com>
**Sent:** Friday, July 19, 2019 1:00 PM
**To:** John Reitman <jreitman@lgbfirm.com>
**Cc:** Ellen Pansky <epansky@panskymarkle.com>; Art Barsegyan <abarsegyan@panskymarkle.com>; Caroline Polisi <cpolisi@piercebainbridge.com>
**Subject:** RE: In the Matter of: Michael John Avenatti, Case No. SBC-19-TE-30259-YDR

Dear Mr. Reitman:

I write once again relating to your and Mr. Weiss' continued refusal to provide my client, Mr. Avenatti, access to the documents he requires to defend himself in the current State Bar proceeding relating to Mr. Barela, defend himself in the three criminal matters pending against him (including one involving Mr. Barela), and adequately represent his clients. At the outset, let me remind you that neither you nor

Mr. Weiss has an attorney-client relationship with any EA client. Accordingly, any review by you or Mr. Weiss of any such documents would be an express violation of the attorney-client privilege. Nor may you waive this privilege on behalf of any clients as it relates to review by any third party.

You have unilaterally and improperly put up a series of roadblocks to Mr. Avenatti's access to this information. Under California law, Mr. Avenatti is entitled to a copy of ALL of the client files and documents from EA immediately, including but not limited to all documents relating to Mr. Barela in any way. This includes all emails, accounting and cost records, correspondence, pleadings and filings, etc. This right not only stems from Mr. Avenatti's role as an attorney for each and every one of these clients, but also as a result of his equity in the law partnership. California law is clear in this regard. *See* CA Rules of Prof. Cond., rule 1.16, comment 6: (Upon termination of representation, a lawyer shall promptly provide the client file to the client upon request. However, this rule "does not prohibit a lawyer from making, at the lawyer's own expense, and retaining copies of papers released to the client[.]"); *Chubb & Son v. Sup. Ct.* (2014) 228 Cal. App. 4th 1094, 1103-1109 (attorney litigant entitled to copy of client file from former law firm even after her attorney-client relationship with client ended); CA Corp. Code § 16403(b): (partnership shall provide partners, including former partners and their attorneys, access to books and records pertaining to the period during which they were partners by providing the opportunity to inspect and copy books and records during ordinary business hours).

It was previously agreed that my client would have access to the servers upon my client agreeing to pay a $1,000 monthly hosting fee associated with the servers. My client agreed to pay this fee back on April 14. Despite this fact, you and Mr. Weiss continue to deny my client access to these critical documents without any justification. You do so in a clear effort to prejudice my client and make it impossible for him to defend himself in the State Bar proceeding and in the criminal proceedings pending against him.

We demand that you and Mr. Weiss immediately either reestablish the servers and permit Mr. Avenatti access upon him paying the first month's hosting fee or provide a complete forensic copy of the servers. This must occur without further delay. In addition, we demand that you provide Mr. Avenatti access to all hard copy documents relating to the firm and its clients as many of these documents relate to Mr. Barela and others at issue in the criminal proceedings and/or relate to ongoing matters in which Mr. Avenatti serves as counsel.

Thank you,

Tom Warren

**Tom Warren,** Partner
Pierce Bainbridge Beck Price & Hecht LLP

335 S. Grand Avenue, 44th Floor
Los Angeles, CA 90071

30195 Chagrin Blvd., Suite 210N
Pepper Pike, OH 44124

O: (216) 302-7487 C: (216) 789-9121

Boston  |  Cleveland  |  Los Angeles  |  New York  |  Washington, D.C.

**PIERCE BAINBRIDGE**

This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this email in error, please destroy it and notify me immediately.