H Dean Steward (SBN 85317)
deansteward7777@gmail.com
107 Avenida Miramar, Suite C
San Clemente, California 92672
Tel: (949) 481-4900
Fax: (949) 496-6753

Attorney for Defendant
Michael John Avenatti

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **United States of America**, | SA CR No. 19-061-JVS |
| Plaintiff, | **DECLARATION OF THOMAS D. WARREN IN SUPPORT OF RESPONDENT'S REPLY TO THE STATE BAR'S OPPOSITION TO MOTION FOR CONTINUANCE** |
| v. | |
| **Michael John Avenatti**, | |
| Defendant. | |

I, Thomas D. Warren, declare as follows:

1. I am an attorney at law duly licensed to practice before all courts in the State of California. I am a partner at Pierce Bainbridge, co-counsel for Respondent Michael Avenatti in his State Bar disciplinary proceeding. I know all of the following to be true of my own knowledge except those stated on information and belief, and, if called and sworn as a witness, would competently testify thereto.

2. Mr. Avenatti has diligently tried to regain access to the EA servers from the government and the Receiver, Brian Weiss. On April 14, 2019, Mr. Avenatti and the Receiver agreed that if Mr. Avenatti would pay

**Declaration of Thomas D. Warren**

to host the servers, the Receiver would give him access to the servers when the government returned the servers to the Receiver. But the Receiver did not do so. On May 6, Mr. Avenatti learned that the servers had been returned on April 30. Since then, Mr. Avenatti's counsel have unsuccessfully tried to regain access to the EA server from the Receiver and his attorney, John Reitman.

3. Attached as **Exhibit A** is a true and correct copy of the declaration submitted by James C. Bastian, Jr., co-counsel for Mr. Avenatti in his State Bar disciplinary proceeding, in support of Mr. Avenatti's reply to the State Bar's opposition to a motion for continuance.

4. On July 11, 2019, I sent an email to Mr. Reitman, reiterating Mr. Avenatti's request to receive a copy of the EA computer servers that are in the possession and control of the Receiver, and explaining that Mr. Avenatti needs those files to defend against pending criminal charges and against the State Bar disciplinary proceedings. Mr. Reitman responded by reiterating the numerous arbitrary and unreasonable protocols that must first be met to the satisfaction of the Receiver before providing access to Mr. Avenatti. I replied and explained that the expense of hiring forensic experts and maintaining servers with hosting companies would not be necessary because the Receiver was already provided with a copy of the forensic image of the EA servers – which were created and provided to the Receiver by the IRS – and that the Receiver simply needed to make another copy of the forensic image of the documents on the servers and provide that copy to Mr. Avenatti. I concluded my email by emphasizing Mr. Avenatti's need for a copy of the server files to defend himself in his criminal and disciplinary proceedings.

5. Attached as **Exhibit B** is a true and correct copy of the email exchange between me and John Reitman, on July 11, 2019.

**Declaration of Thomas D. Warren**

6. Mr. Reitman did not respond to my final email on July 11, 2019.

7. On July 19, 2019, I again emailed Mr. Reitman, requesting that the Receiver provide Mr. Avenatti access to the servers containing the EA files. Mr. Reitman responded that he would not provide Mr. Avenatti access unless Mr. Avenatti complied with the terms set out in his earlier email.

8. Attached as **Exhibit C** is a true and correct copy of the email exchange between me and John Reitman, on July 19, 2019.

9. To date, Mr. Avenatti does not have access to any of the EA files. Nor has the Receiver taken any steps to provide a copy of the forensic image of the documents on the EA servers.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th day of July, 2019, at _____, Ohio.