UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | SACR 19-61-JVS | Date | August 26, 2019 |
|---|---|---|---|

| Present: The Honorable | JAMES V. SELNA, U.S. DISTRICT COURT JUDGE |
|---|---|
| Interpreter | |

| Lisa Bredahl | Not Present | Julian Andre/Brett Sagel |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Michael John Avenatti | Not | | X | Dean Steward | Not | | X |

**Proceedings:** [IN CHAMBERS] RULING ON DEFENDANT'S MOTION TO COMPEL [50]

      Defendant Michael Avenatti ("Avenatti") moves to compel discovery. (Docket No. 50.) The Government has filed an opposition. (Docket No. 55.) The Motion was also served on Brian Weiss, the receiver for Eagan Avenatti, LLP ("Receiver"), and the Receiver has filed an opposition. (Docket No. 59.) Avenatti has replied. (Docket No. 62.)

      For the reasons set forth below, the motion is denied.

I.    Background.

      Avenatti was indicted on April 10, 2019 for a series of crimes related to defrauding his clients, his operation of a coffee shop chain, his failure to pay his own taxes and the payroll and other taxes owed by his businesses. (Indictment, Docket No. 16.)

      Prior to the Indictment, Avenatti agreed as part of a separate judgment debtor proceeding that the property of Eagan Avenatti LLP ("EA LLP") would be turned over to the Receiver, which included servers and similar devices.[1] (Andre Decl, Ex. 1.) On April 3, 2019, the Receiver consented to allow the Internal Revenue Service–Criminal Investigation ("IRS-CI") to make a forensic copy of the EA LLP's servers. A warrant was obtained to search the servers. The Government also seized a number of digital devices. The Court refers to the server and the other devices collectively as the "Subject Devices."

---

[1] In re: Eagan Avenatti LLP, Case No. CV 18-1664 VAP (KES).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

By the present Motion, Avenatti seeks "unfettered, unmonitored access" to the Subject Devices. (Motion, p. 2.)

II. <u>Legal Standard.</u>

Rule 16 of the Federal Rule of Criminal Procedure sets forth the Government's discovery obligations: In relevant part, the Rule provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is <u>material to preparing the defense</u>;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

(Fed. R. Crim. P. 16(a)(1)(E): emphasis supplied.) A defendant seeking discovery must make a threshold showing of materiality. <u>United States v. Stever</u>, 603 F.3d 747, 752 (9th Cir 2009); <u>United States v. Santiago</u>, 46 F.3d 885, 894 (9th Cir.1995). General or conclusory statements of materiality do not suffice. <u>United States v. Mandel</u>, 914 F.2d 1215, 1219 (9th Cir. 1995); <u>United States v. Little</u>, 753 F.2d 1420, 1445 (9th Cir.1984).

III. <u>Discussion.</u>

Neither in his broad brush demand for "unfettered" access to the Subject Devices nor in his list of categories has Avenatti made the requisite showing under Rule 16. Unfettered access is simply a different turn of phrase to conduct a fishing expedition through the the Government's subpoenaed materials. The law does not condone that approach. <u>United States v. Anderson</u>, 481 F.2d 685, 694 (4th Cir. 1973).

Avenatti's list of categories does not materially advance his position. He seeks:

• Correspondence with clients.

• Client files.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

- Time records.

- Settlement communications and documentation.

- Correspondence related to other charges in the Indictment.

- Defendant's e-mails in his account.

- Accounting information relating to the client's at issue.

(Motion, pp. 3-4.) To the extent that these categories relate the specifics in the Indictment, the Government has or is in the process of producing the materials. This includes correspondence with victim clients, account materials, and EA LLP's QuickBook records. (Government Opposition, pp. 10-11.) The breadth and general nature of these categories, taken at face value, far exceed the limits of Rule 16.

It is plain from Avenatti's own description of the content of the Subject Devices that the majority of the content is irrelevant to this case. The contents relate to the entirety of Avenatti's practice and business dealings, which go far beyond the clients, transactions, and events described in the Indictment. (See Motion, p. 3.)

The Government has acknowledged its obligation to produce all documents within the scope of the search warrants as well as its Brady[2] and Giglio[3] obligations. (Opposition, pp. 2, 11.)

Whatever rights Avenatti may have as managing partner of EA LLP or as attorney to keep copies the firms's books and records, they do not expand the Government's obligations under Rule 16.[4] (See Motion, pp. 5-6; Rebuttal, pp. 7-9.)

B. The Receiver's Position.

While the Receiver obviously cannot derogate the Government's discovery obligation, he offers a number of reasons why Avenatti has no basis to claim access to the

---

[2] Brady v. Maryland, 373 U.S. 83 (1963).

[3] Giglio v. United States, 405 U.S. 150 (1972).

[4] The Court necessarily expresses no views as to the relief Avenatti might be entitled to in the judgment debtor proceeding.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Subject Devices from him.

First, and foremost, Avenatti agreed that the Receiver could take possession of the Subject Devices.[5] (Reitman Decl., Ex. 1.) Second, the Subject Devices are the property of EA LPP; the information is the property of EA LLP and/or its clients. Third, Avenatti transferred his interest in EA LLP to his former wife. (Reitman Decl., ¶ 11, Ex. 5.) Fourth, the Receiver questions Avenatti's trustworthiness if allowed unfettered and unsupervised access to the Subject Devices.[6] (Receiver's Opposition, p. 8.)

### C. Additional Access to the Materials.

In addition to the Government's obligation to produce in accordance with Rule 16, Avenatti has two other avenues to review the material on the Subject Devices. First, the Government has offered to allow Avenatti to inspect its forensic copies of the Subject Devices at the IRC-CI's offices to allow him to identify relevant information. (Government Opposition, pp. 22-23; see also Docket No. 44, pp. 9-10.) If this review were supervised by the Government's Privilege Review Team, there could be no danger that Avenatti would be forced to reveal his work product/defense strategy to the prosecution team. Second, the Receiver has offered to allow Avenatti to review the Subject Devices under the Receiver's supervision and with the payment of associated costs. (Government Opposition, p. 23; Receiver Opposition, p. 2.) Avenatti is incorrect when he asserts "the only way that the government can ensure that Mr. Avenatti has access to his files in order to properly defend himself in this case is to allow him access." (Motion, p. 7.)

There are alternatives, and Avenatti has chosen not to avail himself of either offer.

### IV. Conclusion.

For reasons set forth above, the motions is denied.[7]

---

[5] The Court need not dwell on Avenatti's efforts to shield the Subject Devices from the Receiver. (Receiver's Opposition, pp. 3-4.)

[6] The Government expresses similar concerns. (Government Opposition, pp. 24-25.) proceeding.

[7] The remarks which the Court made at the July 8, 2019 hearing concerning the mode in which production should be made did not focus on the limitations of Rule 16. (July 8, 2019 Tr., p. 17.) What may be appropriate and required in the context of civil discovery does not translate to criminal discovery.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

|  | : | 0 |
|---|---|---|
| Initials of Deputy Clerk | lmb | |

(<u>Compare</u> Fed. R. Crim. P. 16(a)(1)(E) <u>with</u> Fed. R. Civ. P. 26(b).) Within the scope of permitted discovery, the Court continues to believe that the Government should make production in the most user-friendly fashion.