NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6683
    Facsimile: (213) 894-6269
    Email:    Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
    Ronald Reagan Federal Building
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3598
    Facsimile: (714) 338-3708
    Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL JOHN AVENATTI,<br><br>    Defendant. | SA CR No. 19-061-JVS<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:**<br>August 27, 2019<br><br>**PROPOSED TRIAL DATE:**<br>May 19, 2020 |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Julian L. André and

Brett A. Sagel, and defendant MICHAEL JOHN AVENATTI ("defendant"), both individually and by and through his counsel of record, H. Dean Steward, hereby stipulate as follows:

1. The Indictment in this case was filed on April 10, 2019. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on April 1, 2019. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before June 19, 2019.

2. On April 29, 2019, the Court set a trial date of June 4, 2019, at 8:30 a.m., and a status conference date of May 20, 2019, at 9:00 a.m.

3. The Court has previously continued the trial date in this case from June 4, 2019, to August 27, 2019, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. (CR 34.)

4. On August 7, 2019, the parties submitted a stipulation to continue the trial date from August 27, 2019, to an interim trial date of October 29, 2019. (CR 53.) The Court denied the stipulation indicating it was not inclined to select a temporary trial date, and ordered the parties to be prepared to discuss a firm trial date at a status conference to be held on August 26, 2019. (CR 54.)

5. On August 26, 2019, the parties appeared before the Court for a status conference and hearing on defendant's motion to compel discovery. During the status conference, defendant requested that the Court continue the trial date in this matter from August 27, 2019, until at least June 2020. The government requested that the Court set a trial date in February 2020. After hearing argument from

counsel for defendant and for the government, the Court set a trial date of May 19, 2020.

6. By this stipulation, the parties also request that the Court set the following proposed dates and deadlines:

|  | Proposed Date |
|---|---|
| Expert Witness Disclosure Deadline | March 2, 2020 |
| Deadline to File Pretrial Motions (Motions to Compel, Motions to Suppress, and Motion In Limine) | March 16, 2020 |
| Deadline to File Oppositions to Pretrial Motions | March 30, 2020 |
| Deadline to File Reply Briefs in Support of Pretrial Motions | April 6, 2020 |
| Pretrial Motions Hearing | April 13, 2020 |
| Government Witness List Disclosure Deadline | April 20, 2020 |
| Deadline to Disclose Jencks Act Materials and Witness Statements | April 20, 2020 |
| Final Pretrial Conference | May 4, 2020 |
| Government Exhibit Disclosure Deadline | May 12, 2020 |

7. The parties further request that the Court vacate that September 18, 2019, status conference and schedule interim status conferences on the following dates:

    a. September 30, 2019, at 9:00 a.m.

    b. December 2, 2019, at 9:00 a.m.

    c. January 20, 2020, at 9:00 a.m.

    d. March 2, 2020, at 9:00 a.m.

8. Defendant is released on bond pending trial. The government estimates that the government's case-in-chief in this matter will last approximately 15 days. Defendant's counsel estimates that the defense case will last approximately 10 days.

9. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged in a 36-count indictment with: ten counts of wire fraud, in violation of 18 U.S.C. § 1343; eight counts of willful failure to collect and pay over withheld taxes, in violation of 26 U.S.C. § 7202; one count of endeavoring to obstruct the administration of the Internal Revenue Code, in violation of 26 U.S.C. § 7212(a); ten counts of willful failure to file tax returns, in violation of 26 U.S.C. § 7203; two counts of bank fraud, in violation of 18 U.S.C. § 1344(1); one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1); three counts of false declaration in a bankruptcy, in violation of 18 U.S.C. § 152(3); and one count of false oath in a bankruptcy proceeding, in violation of 18 U.S.C. § 152(2). To date, the government has produced approximately 165,000 Bates-labeled pages of discovery materials, as well as forensic copies of certain digital devices obtained during the government's investigation. The government anticipates producing additional discovery to the defense on a rolling basis going forward, including additional documents and records obtained from search warrants executed during the course of the government's investigation.

    b. Defendant is separately charged in a four-count indictment in the Southern District of New York with offenses relating to an alleged scheme to extort Nike Inc. <u>United States v. Avenatti</u>, No. 1:19-CR-373 (the "SDNY Extortion Case"). The SDNY Extortion Case is set for trial on November 12, 2019. Defendant is represented by separate counsel in the SDNY Extortion Case.

       c.    Defendant is separately charged in a two-count indictment in the Southern District of New York with wire fraud and aggravated identity theft relating to the embezzlement of funds from one of defendant's legal clients. United States v. Avenatti, No. 1:19-CR-374 (the "SDNY Fraud Case"). Defendant's motion to transfer the SDNY Fraud Case to this jurisdiction and consolidate the SDNY Fraud Case with this case is currently pending in the Southern District of New York. A trial date for the SNDY Fraud Case has not been set. Defendant is represented by undersigned counsel, H. Dean Steward, in the SDNY Fraud Case.

       d.    Defendant's counsel represents that he has the following trial conflicts: (1) United States v. Noori, SA CR No. 17-112-DMG, a two-week bank fraud trial scheduled to begin on September 17, 2019; (2) United States v. Michaels, SA CR No. 16-76-JVS, a three-week, multi-defendant fraud trial scheduled to begin on October 22, 2019; (3) United States v. Le, SA CR No. 18-119-AG, a three-week multi-defendant health care fraud trial scheduled to begin on November 26, 2019; and (4) United States v. Garcia, a two-week multi-defendant fraud trial scheduled to begin on December 3, 2019, in the District of Nevada.

       e.    In light of the foregoing, counsel for defendant represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time

necessary for effective preparation, taking into account the exercise of due diligence.

  f. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

  g. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

  10. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of August 27, 2019, to May 19, 2020, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

///

///

///

11. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: August 27, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division


/s/ Julian L. André
JULIAN L. ANDRÉ
BRETT A. SAGEL
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA


I am MICHAEL JOHN AVENATTI's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than May 19, 2020, is an informed and voluntary one.

_____   Date 8/27/19
H. DEAN STEWARD
Attorney for Defendant
MICHAEL JOHN AVENATTI

7

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than May 19, 2020. I understand that I will be ordered to appear in Courtroom 10C of the Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Santa Ana, California on May 19, 2020, at 8:30 a.m.

_____    _____
MICHAEL JOHN AVENATTI                                  Date  8/27/19
Defendant