NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6683
     Facsimile: (213) 894-6269
     Email:     Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone:  (714) 338-3598
     Facsimile:  (714) 338-3708
     Email:      Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
| Plaintiff, | STIPULATION AND REQUEST FOR SECOND AMENDED ORDER AUTHORIZING DISLCOUSRE OF TAX RETURNS AND RETURN INFORMATION; AND AMENDED PROTECTIVE  ORDER LIMITING DISCLOSURE OF PROTECTED TAX INFORMAITON AND SENSITIVE INFORMATION |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |
| | [*PROPOSED ORDER LODGED CONCURRENTLY HEREWITH*] |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Julian L. André and

Brett A. Sagel, and defendant MICHAEL JOHN AVENATTI ("defendant"), both individually and by and through his counsel of record, H. Dean Steward (collectively, the "parties"), hereby stipulate, agree, and request that the Court enter a Second Amended Order Authorizing Disclosure of Tax Returns and Return Information and Protective Order Limiting Disclosure of Protected Tax Information and Sensitive Information (the "[Proposed] Second Amended Protective Order").

The bases for this stipulation and request are the following:

1. On April 10, 2019, a grand jury for the Central District of California returned a 36-count indictment charging defendant with: (a) ten counts of wire fraud, in violation of 18 U.S.C. § 1343; (b) eight counts of willful failure to collect and pay over withheld taxes, in violation of 26 U.S.C. § 7202; (c) one count of endeavoring to obstruct the administration of the Internal Revenue Code, in violation of 26 U.S.C. § 7212(a); (d) ten counts of willful failure to file tax returns, in violation of 26 U.S.C. § 7203; (e) two counts of bank fraud, in violation of 18 U.S.C. § 1344(1); (f) one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1); (g) three counts of false declaration in a bankruptcy, in violation of 18 U.S.C. § 152(3); and (h) one count of false oath in a bankruptcy proceeding, in violation of 18 U.S.C. § 152(2). Defendant was arraigned on April 29, 2019, and trial is currently set for May 19, 2020.

2. On May 20, 2019, the parties in this case filed a stipulation and request for (1) an order authorizing the disclosure of tax returns and return information; and (2) a protective order limiting disclosure of protected tax information and sensitive information. (CR 35.) The Court granted the request and issued the

parties' proposed protective order (the "Initial Protective Order") later that same day. (CR 36.) Among other things, the Initial Protective Order states that the "defense team, including defendant, shall use materials containing Protected Information only for the preparation and litigation of this matter, and for no other purpose." (CR 36 ¶ 7.)

3. Defendant is currently involved in additional litigation matters described more fully below (collectively, the "Additional Matters"), and on October 1, 2019, defendant's counsel advised the United States Attorney's Office for the Central District of California (the "USAO") that it may be necessary for defendant to: (a) provide certain discovery materials produced in this case, including materials defined as "Protected Information" under the Initial Protective Order, to defendant's counsel in the Additional Matters; and (b) use such discovery materials in connection with his defense of the Additional Matters. Defendant is currently involved in the following Additional Matters.

    a. The State Bar of California has filed a petition to place defendant on involuntary inactive status in In re Michael J. Avenatti, Member No. 206929, No. SBC-19-TE-30259-YDR (Cal. State Bar. Ct.), and initiated related disbarment proceedings.

    b. Defendant is charged in a three-count indictment in the Southern District of New York with offenses relating to an alleged scheme to extort Nike Inc. in United States v. Avenatti, No. 1:19-CR-373.

    c. Defendant is also charged in a two-count indictment with wire fraud and aggravated identity in the Southern District of New York in United States v. Avenatti, No. 1:19-CR-374.

4. The USAO has no objection to defendant using the discovery produced in this case, including Protected Information, in the Additional Matters provided that defendant and his counsel in those Additional Matters agree that any Protected Information they received from this case remained subject to, and be used in accordance with, the terms of the [Proposed] Second Amended Protective Order, when used in the Additional Matters.

5. On October 2, 2019, the parties in this case filed a stipulation and request for (1) an amended order authorizing the disclosure of tax returns and return information; and (2) an amended protective order limiting disclosure of protected tax information and sensitive information. (CR 69.) The Court granted the request and issued the parties' proposed protective order (the "Amended Protective Order") on October 3, 2019. (CR 70.)

6. Among other things, the Amended Protective Order contained the following additional provisions that were not contained in the Initial Protective Order:

   a. The defense team, including defendant, may disclose any discovery produced in this case, including materials containing Protected Information, to his defense counsel in the following additional matters: (a) <u>In re Michael J. Avenatti, Member No. 206929</u>, No. SBC-19-TE-30259-YDR (Cal. State Bar. Ct.); (b) <u>United States v. Avenatti</u>, No. 1:19-CR-373 (S.D.N.Y.); and (c) <u>United States v. Avenatti</u>, No. 1:19-CR-374 (S.D.N.Y.). Defendant may also use the discovery produced in this case, including materials containing Protected Information, for the preparation or litigation of the Additional Matters.

   b. Defendant and defendant's undersigned counsel of

4

record agreed that any discovery produced in this case that defendant provides to defendant's counsel in the Additional Matters shall be subject to the terms of the Amended Protective Order. Defendant's undersigned counsel agreed that he shall advise defendant's counsel in the Additional Matters of their obligations under the Amended Protective Order and ensure their agreement to follow the terms of the Amended Protective Order, prior to providing defendant's counsel in the Additional Matters with access to any discovery produced in this case, including any Protected Information.

      c. To the extent defendant is obligated to do so, defendant may produce to the opposing parties in the Additional Matters discovery that the USAO produced in this case, including materials containing Protected Information. Prior to producing any discovery from this case to the opposing parties in the Additional Matters, defendant's counsel shall notify the USAO in writing that such materials are being produced and ensure that the opposing parties have agreed to follow and be bound by the terms of the Amended Protective Order.

    7. At a status conference on December 2, 2019, in response to the USAO raising a potential issue with counsel in the Additional Matters complying with the terms of the Amended Protective Order, the Court advised that the Amended Protective Order should be further amended to require any of defendant's counsel in the Additional Matters who has received and/or would receive material pursuant to the Amended Protective Order to sign an acknowledgement by which he/she confirms his/her understanding of, and agrees to comply with, the terms of the [Proposed] Second Amended Protective Order.

    8. Accordingly, the parties hereby stipulate and request that

the Court modify the Amended Protective Order and issue the concurrently lodged [Proposed] Second Amended Protective Order. Among other things, the [Proposed] Second Amended Protective Order contains the following additional provisions that are not contained in the Amended Protective Order:

    a. Any of defendant's counsel in the Additional Matters who receive discovery produced in this case, which may include Protected Information, must confirm, by way of the attached Acknowledgment, that, among other things, he/she has been given a copy of the [Proposed] Second Amended Protective Order and he/she confirms his/her understanding of, and agrees to comply with, the terms of the [Proposed] Second Amended Protective Order as he/she are considered part of the "defense team" pursuant to the [Proposed] Second Amended Protective Order.

    b. Any of defendant's counsel in the Additional Matters who previously received discovery produced in this case, which may have included Protected Information, must confirm, by way of the attached Acknowledgment, that, among other things, he/she previously received the Amended Protected Order and has been given a copy of the [Proposed] Second Amended Protective Order and he/she confirms his/her understanding of, and agrees to comply with, the terms of the [Proposed] Second Amended Protective Order as he/she are considered part of the "defense team" pursuant to the [Proposed] Second Amended Protective Order. If defendant's undersigned counsel previously provided defendant's counsel in the Additional Matters discovery produced in this case that contained Protected Information, defendant's undersigned counsel and/or defendant's counsel in the Additional Matters has/have 14 days from the issuance of the

[Proposed] Second Amended Protective Order to comply with the requirements of the [Proposed] Second Amended Protective Order by either executing the attached Acknowledgement or confirming in writing that any previously produced discovery materials have been returned to defendant's undersigned counsel.

    c.    Defendant's undersigned counsel shall maintain copies of the Acknowledgements executed by defendant's counsel in the additional matters and shall promptly provide government counsel and the Court with copies of such Acknowledgements if requested to do so.

    IT IS SO STIPULATED.

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

12/5/19
DATE

JULIAN L. ANDRE
BRETT A. SAGEL
Assistant United States Attorneys


_____
DATE

H. DEAN STEWARD
Attorneys for Defendant
MICHAEL JOHN AVENATTI


_____
DATE

MICHAEL JOHN AVENATTI
Defendant

[Proposed] Second Amended Protective Order to comply with the requirements of the [Proposed] Second Amended Protective Order by either executing the attached Acknowledgement or confirming in writing that any previously produced discovery materials have been returned to defendant's undersigned counsel.

c.  Defendant's undersigned counsel shall maintain copies of the Acknowledgements executed by defendant's counsel in the additional matters and shall promptly provide government counsel and the Court with copies of such Acknowledgements if requested to do so.

IT IS SO STIPULATED.

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

_____
DATE

JULIAN L. ANDRÉ
BRETT A. SAGEL
Assistant United States Attorneys

12-24-19
_____
DATE

H. DEAN STEWARD
Attorneys for Defendant
MICHAEL JOHN AVENATTI

12-23-19
_____
DATE

MICHAEL JOHN AVENATTI
Defendant

7