NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
      1100 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-6683
      Facsimile: (213) 894-6269
      Email:    Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
      Ronald Reagan Federal Building
      411 West Fourth Street, Suite 8000
      Santa Ana, California 92701
      Telephone:  (714) 338-3598
      Facsimile:  (714) 338-3708
      Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>                v.<br><br>MICHAEL JOHN AVENATTI,<br><br>          Defendant. | SA CR No. 19-061-JVS<br><br>SECOND AMENDED ORDER AUTHORIZING DISLCOUSRE OF TAX RETURNS AND RETURN INFORMATION; AND SECOND AMENDED PROTECTIVE ORDER LIMITING DISCLOSURE OF PROTECTED TAX INFORMATION AND SENSITIVE INFORMATION |

     The Court having considered the stipulation and request for

(1) a second amended order authorizing the disclosure of tax returns

and return information; and (2) a second amended protective order

limiting disclosure of protected tax information and sensitive

information filed by the United States Attorney for the Central

District of California ("USAO") and Assistant United States Attorneys

Julian L. André and Brett A. Sagel, and defendant MICHAEL JOHN
AVENATTI ("defendant"), both individually and by and through his
counsel of record, H. Dean Steward (collectively, the "parties") in
this matter, and good cause appearing therefor, the Court hereby
ORDERS as follows:

1.    Pursuant to 26 U.S.C. § 6103(h)(4)(D), the government may
produce to counsel for defendant copies of tax returns and return
information obtained by the USAO during the course of the
investigation leading to the indictment and currently in the USAO's
possession.

2.    In order to permit the government to provide discovery
material to counsel of record for defendant, while avoiding the
unauthorized dissemination, distribution, or use of tax returns and
return information, as well as personal identification information,
financial records, and other sensitive or confidential information
relating to third parties, including defendant's former clients or
employees ("Sensitive Information"), the parties have stipulated to
the entry of this Second Amended Protective Order in the above-
captioned case, United State v. Michael John Avenatti, SA CR No. 19-
061-JVS.

3.    The term "Sensitive Information" includes, without
limitation, the names of alleged victims, witnesses, and other third
parties; dates of birth; social security numbers; driver's license
numbers; PIN numbers; bank or financial account information; taxpayer
identification information; tax information; home addresses; phone
numbers; email addresses; employment information; passwords;
attorney-client communications; and confidential legal information.

1        4.   This Second Amended Protective Order shall apply to all

2    discovery materials containing tax returns and return information (as

3    defined in 26 U.S.C. § 6103(b)(2)) and Sensitive Information

4    (collectively, the "Protected Information") that is produced to the

5    defense team, as defined below, before or after the execution of this

6    Second Amended Protective Order.

7        5.   For the purposes of this Order, the term "defense team"

8    refers to the counsel of record for defendant and any other defense

9    attorneys for defendant, counsel for defendant in additional

10   litigation matters described more fully in paragraph 8, defense

11   investigators, retained experts or potential experts, and paralegal

12   and legal assistants providing assistance on this case who have been

13   advised of their obligations under the Protective Order and agreed to

14   follow its terms.   The "defense team," for the purposes of the

15   Protective Order, includes defendant.   The "defense team" does not

16   include family members and other associates of defendant.

17       6.   Defendant's counsel of record in this matter agrees to

18   advise all members of the defense team of their obligations under the

19   Second Amended Protective Order and ensure their agreement to follow

20   the Second Amended Protective Order, prior to providing members of

21   the defense team with access to any Protected Information.

22       7.   The defense team, including defendant, shall use materials

23   containing Protected Information only for the preparation and

24   litigation of this matter and the additional litigation matters

25   identified in paragraph 8 below, and for no other purpose.

26   Litigation of this matter includes any appeal filed by defendant, and

27   any motion filed by defendant pursuant to 28 U.S.C. § 2255.

28

8.    The defense team, including defendant, may disclose any discovery produced in this case, including materials containing Protected Information, to his defense counsel in the following additional matters: (a) In re Michael J. Avenatti, Member No. 206929, No. SBC-19-TE-30259-YDR (Cal. State Bar. Ct.); (b) United States v. Avenatti, No. 1:19-CR-373 (S.D.N.Y.); and (c) United States v. Avenatti, No. 1:19-CR-374 (S.D.N.Y.) (collectively, the "Additional Matters").  Defendant may also use the discovery produced in this case, including materials containing Protected Information, for preparation or litigation of the Additional Matters.

9.    Defendant and defendant's counsel of record in this matter agree that any discovery produced in this case that defendant provides to defendant's counsel in the Additional Matters shall be subject to the terms of this Second Amended Protective Order. Defendant's counsel in this matter agrees that prior to providing discovery produced in this case to defendant's counsel in the Additional Matters, defendant's counsel in this matter must provide a copy of this Second Amended Protective Order to defendant's counsel in the Additional Matters and receive a signed Acknowledgment in the form attached hereto, from defendant's counsel in the Additional Matters confirming his/her receipt of, understanding of, and compliance with the terms of the Second Amended Protective Order.

10.   Defendant and defendant's counsel of record in this matter agree that any discovery produced in this case that defendant previously provided to defendant's counsel in the Additional Matters shall be subject to the terms of this Second Amended Protective Order, as well as the previously issued Amended Protective Order. Defendant's counsel in this matter agrees that he will obtain a

signed Acknowledgment in the form attached hereto, from defendant's counsel in the Additional Matters that previously received discovery pursuant to the previously issued Amended Protective Order, and defendant's counsel in this matter must provide a copy of this Second Amended Protective Order to defendant's counsel in the Additional Matters, which the signed Acknowledgment in the form attached hereto, will confirm from defendant's counsel in the Additional Matters that he/she is in receipt of, understands, and will comply with the terms of the Second Amended Protective Order, or defendant's counsel in this matter must confirm in writing that any previously produced discovery materials have been returned to defendant's counsel in this matter.

11.  Within fourteen (14) days of the issuance of the Second Amended Protective Order, defendant's counsel in this matter shall obtain a signed Acknowledgment in the form attached hereto, from any of defendant's counsel in the Additional Matters that has already received discovery produced in this case.  Within fourteen (14) days of the issuance of the Second Amended Protective Order, any of defendant's counsel in the Additional Matters that previously received discovery produced in this case, must take any necessary actions to comply with the Second Amended Protective Order.

12.  December 31, 2019the Acknowledgments executed by defendant's counsel in the Additional Matters and shall promptly provide government counsel and the Court with copies of such Acknowledgments if requested to do so.

13.  To the extent defendant is obligated to do so, defendant may produce to the opposing parties in the Additional Matters discovery that the USAO produced in this case, including materials

containing Protected Information.  Prior to producing any discovery from this case to the opposing parties in the Additional Matter, defendant's counsel in this matter and/or defendant's counsel in the Additional Matters shall notify the USAO in writing that such materials are being produced and ensure that the opposing parties have agreed follow the terms of this Second Amended Protective Order.

14.  Other than as set forth in paragraph 8 above, the defense team, including defendant, shall not permit anyone who is not a member of the defense team to retain in his or her possession any materials containing Protected Information.

15.  The defense team may review materials containing Protected Information with witnesses or potential witnesses in this case (including their counsel), but the witnesses or potential witnesses may not retain any materials containing Protected Information after his or her review of those materials with the defense team is complete.

16.  The defense team shall maintain all discovery materials containing Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials.

17.  To the extent that notes are made that memorialize, in whole or in part, Protected Information, or to the extent that copies of materials containing Protected Information are made for authorized use by members of the defense team, such notes, copies, must be handled in accordance with the terms of the Protective Order.

18.  If a party needs to file materials with the Court containing unredacted Protected Information or needs to divulge Protected Information in court filings, such filings should be made

under seal.  If the Court rejects the request to file such Protected Information under seal, the party seeking to file such Protected Information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact the Protected Information and make all reasonable attempts to limit the divulging of Protected Information.

19.  Upon the final disposition of this case and the Additional Matters identified in paragraph 8 above, materials containing Protected Information shall not be used, in any way, in any other matter, absent a court order.  All materials containing Protected Information maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order.  Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense team shall return any materials containing Protected Information to the USAO or certify that such materials have been destroyed.  Defense counsel is, however, authorized to retain any such materials that defense counsel is required to maintain under the California Rules of Professional Responsibility or any other applicable rule of professional responsibility.

20.  In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any materials containing Protected Information may be transferred from the defense counsel of record to the new defense counsel, who then will become the defense team's custodian of the materials and who shall then become responsible for

returning all materials Protected Information to the government upon the conclusion of appellate and post-conviction proceedings.


        IT IS SO ORDERED.


December 31, 2019
_____            _____
DATE                                   HONORABLE JAMES V. SELNA
                                       UNITED STATES DISTRICT JUDGE

Presented by:

_____/s/ Julian L. André_____
JULIAN L. ANDRÉ
BRETT A. SAGEL
Assistant United States Attorneys