NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6683
     Facsimile: (213) 894-6269
     Email:    Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone:  (714) 338-3598
     Facsimile:  (714) 338-3708
     Email:     Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
| Plaintiff, | GOVERNMENT'S STATUS REPORT |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

     Plaintiff United States of America, by and through its counsel
of record, the United States Attorney for the Central District of
California and Assistant United States Attorneys Julian L. André and
Brett A. Sagel, hereby files its Status Report regarding the review
and production of discovery materials in United States v. Michael

John Avenatti, SA CR No. 19-061-JVS, and other issues relating to this prosecution.

This Status Report is based on the information currently available to the United States Attorney Office for the Central District of California's ("USAO") Prosecution Team.  This Status Report has also been reviewed by the Privilege Review Team Assistant United States Attorneys, Patrick R. Fitzgerald and Joseph B. Woodring from the USAO's National Security Division.  To the extent the USAO learns of additional information that may affect the issues addressed herein, the USAO will immediately advise the Court and defendant.

Dated: February 18, 2020            Respectfully submitted,

                                    NICOLA T. HANNA
                                    United States Attorney

                                    BRANDON D. FOX
                                    Assistant United States Attorney
                                    Chief, Criminal Division

                                    _____
                                    JULIAN L. ANDRÉ
                                    BRETT A. SAGEL
                                    Assistant United States Attorneys

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

DESCRIPTION                                                            PAGE

I.    INTRODUCTION..................................................1

II.   STATUS OF THE SDNY PROSECUTIONS................................1

III.  DISCOVERY PRODUCED TO DEFENDANT...............................3

      A.   Discovery Produced by the Prosecution Team...............3

      B.   Discovery Produced by the Privilege Review Team..........6

           1.   Search Warrant Evidence Collected...................6

           2.   Affirmative Productions of Search Warrant
                Evidence............................................8

           3.   Productions of Search Warrant Evidence Pursuant
                to Defense Requests.................................9

IV.   THE REVIEW AND PRODUCTION OF SEARCH WARRANT EVIDENCE.........11

      A.   The EA LLP Server.......................................11

      B.   Devices Seized from EA Employee 1's Residence...........12

      C.   Devices Seized from Defendant's Residence...............14

      D.   Devices Seized During Defendant's Arrest................15

      E.   GBUS Devices............................................17

      F.   Devices Seized from Law Firm 1..........................18

V.    CONCLUSION...................................................19

**GOVERNMENT'S STATUS REPORT**

**I.    INTRODUCTION**

During the status conference on January 31, 2020, the United States Attorney's Office for the Central District of California (the "USAO") advised the Court that it would submit a status report regarding the USAO's review and production of discovery in this matter.  (CR 97.)  This status report will address the following topics:

1.    The status of the other criminal cases pending against defendant MICHAEL JOHN AVENATTI ("defendant") in the Southern District of New York ("SDNY").

2.    A summary of the discovery the USAO's Prosecution Team and Privilege Review Team have produced to defendant to date.

3.    An update regarding the status of the Privilege Review Team's review and production of search warrant evidence to defendant.

As set forth herein, the USAO has already produced, or is in the process of producing, to defendant substantially all of the relevant discovery in this case.

The next status conference in this case is scheduled for March 2, 2020, at 9:00 a.m.

**II.   STATUS OF THE SDNY PROSECUTIONS**

On February 14, 2020, a jury in the SDNY found defendant guilty of transmission of interstate communications with intent to extort, in violation of 18 U.S.C. § 875(d); attempted extortion, in violation of 18 U.S.C. § 1951; and honest services wire fraud, in violation of 18 U.S.C. §§ 1343, 1346. <u>United States v. Avenatti</u>, No. 1:19-CR-373-PGG (the "SDNY Extortion Case").  Sentencing in the SNDY Extortion

Case is currently scheduled for June 17, 2020.  Defendant is represented by seven attorneys in the SDNY Extortion Case.

Separately, in <u>United States v. Avenatti</u>, No. 1:19-CR-374-JMF (the "SDNY Fraud Case"), defendant is charged with wire fraud, in violation of 18 U.S.C. § 1343, and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).  The SDNY Fraud Case is currently set for trial on April 21, 2020.[1]  On February 11, 2020, however, the SDNY Fraud case was transferred to the Honorable Jesse M. Furman from the late Honorable Deborah A. Batts, and Judge Furman scheduled a status conference for February 25, 2020, for the parties to address "the trial date and pretrial deadlines."  Defendant is currently represented by four attorneys in the SDNY Fraud Case, including H. Dean Steward, who is defendant's sole attorney in this case.  Notably, one of defendant's four attorneys in the SDNY Fraud Case filed her notice of appearance today (February 18, 2020), despite the fact that Mr. Steward advised this Court during the status conference on January 31, 2020, that he was unable to obtain any assistance to prepare for trial in this case.

As defendant is currently in custody in the SDNY, the USAO will be filing an <u>ex parte</u> application seeking an order directing the United States Marshals Service to transport defendant back to this district immediately after the February 25, 2020, status conference in the SDNY Fraud Case so that defendant can be present in this district for the March 2, 2020, status conference in this case.  The

---

[1]  On August 26, 2019, this Court scheduled the trial in this case for May 19, 2020.  (CR 63; CR 66.)  Nevertheless, on October 8, 2019, defendant, through his counsel H. Dean Steward, requested that the SDNY Fraud Case be scheduled for trial on April 21, 2020, less than a month before the trial date in this matter in which defendant is represented by the same counsel.

2

USAO understands that defendant currently opposes this request even though Mr. Steward, who is counsel of record in both this case and the SDNY Fraud Case, is located in Orange County.

### III. DISCOVERY PRODUCED TO DEFENDANT

The USAO's Prosecution Team and Privilege Review Team have already produced, or are in the process of producing, to defendant substantially all of the relevant discovery materials in this case.

### A. Discovery Produced by the Prosecution Team

In May and June 2019, the USAO's Prosecution Team produced to defendant the vast majority of the relevant evidence in its possession, custody, or control. (See CR 43.) Since then, the Prosecution Team has continued to make rolling discovery productions to defendant as it obtained or generated additional discovery materials.[2] To date, the USAO's Prosecution Team has made nine discovery productions to defendant, totaling approximately 452,431 Bates-labeled pages of discovery materials.[3]

The discovery produced to defendant includes, but is not limited to, the following materials:

---

[2] On February 4, 2020, the USAO provided defendant with notice that it intends to introduce evidence of other crimes, wrongs, or acts defendant committed on the basis that such crimes, wrong, or other acts are part of the charged conduct in the Indictment, are inextricably intertwined with the charged conduct, or, alternatively, are admissible pursuant to Federal Rules of Evidence 404(b), 608, and/or 609. The government has already produced, or in the process of producing, to defendant all discovery materials relating to the additional criminal conduct identified in the government's notice.

[3] Certain discovery materials, such as forensic extraction reports for cellphones and tablets or EA LLP's QuickBooks files have been produced only in their native format. Although any such native files have been given a single corresponding Bates number, such files may include numerous pages of materials or other data. Thus, the discovery produced actually includes more than 452,431 pages of material.

- Memorandum summarizing the government's interviews with potential witnesses in this case, including the five victim-clients identified in the Indictment.[4]

- Correspondence, emails, and other records obtained from the five victim-clients identified in the indictment, including emails and text messages an IRS-CI computer specialist extracted from the cellphones and/or computers belonging to Client 1 and Client 3.

- Financial records, including bank and credit card account records, for defendant and defendant's business entities, including, but not limited to, Eagan Avenatti LLP ("EA LLP"), Avenatti & Associates, APC ("A&A"), Global Baristas US LLC ("GBUS"), and Global Baristas LLC ("GB LLC").

- Internal Revenue Service ("IRS") records relating to defendant and defendant's business entities, including, but not limited to, EA LLP, A&A, GBUS, and GB LLC.

- EA LLP's QuickBooks accounting records, which were seized from a computer located at the residence of EA LLP's former office manager ("EA Employee 1").

- Business records, tax records, and emails obtained from defendant's former accountant.

- GBUS employee emails, which were seized from a hard-drive containing emails that were backed-up from GBUS's cloud-based email server.

- Approximately 2,760 documents downloaded from EA LLP's FileSite document management system on the EA LLP server, which the Privilege Review Team reviewed for privilege and subsequently released to the Prosecution Team.  These documents include the documents located in EA LLP's electronic case files for Client 1, Client 2, and Client 3.[5]  The Privilege Review Team was unable to locate an electronic case file for Client 4 and Client 5 on EA LLP's FileSite system, and EA Employee 1 informed the Prosecution Team that EA Employee 1 did not believe that such an electronic case file existed.

---

[4] The majority of the interview memoranda in this case were produced to defendant on June 28, 2019.  Additional interview memoranda have been produced on a rolling basis as they were prepared and finalized.  The government has voluntarily produced these witness statements at an early date to ensure that defendant would have sufficient time to prepare for trial.

[5] The Prosecution Team understands that the Privilege Review Team informally produced the entire contents of electronic case files relating to Client 1, Client 2, and Client 3 to defendant on or about September 5, 2019.

- Approximately 18,374 emails and other documents from the EA LLP server, which the Privilege Review Team reviewed for privilege and subsequently released to the Prosecution Team for production to defendant.

- Forensic extraction reports for six cellphones and tablets seized from EA Employee 1's residence. These extraction reports include all non-privileged information[6] that the Privilege Review determined fell within the scope of the applicable search warrant and subsequently released to the Prosecution Team. Each forensic extraction report was produced to defendant on a standalone DVD containing a copy of the software necessary to access the report.

- Hard-copy documents seized from EA Employee 1's residence, which the Privilege Review Team reviewed for privilege and subsequently released to the Prosecution Team for production to the defense.

- Business records and documents obtained from other third-parties.

- Documents, pleadings, and other documents from various legal proceedings involving defendant, including, but not limited to, the 2017 EA LLP Bankruptcy proceedings, In re: Eagan Avenatti LLP, No. 8:17-bk-11961-CB, the various judgment debtor proceedings against defendant and EA LLP, and defendant's family law proceedings involving his divorce from his second wife.

- Transcripts and/or recordings of defendant's prior testimony in other legal proceedings.

- Questionnaires and documents submitted by approximately 65 of defendant's clients in the litigation against the National Football League relating to the 2011 Super Bowl.

The discovery materials referenced above have been Bates-labeled and produced to defendant with database load files. Producing the discovery with database load files allows the defense to easily search and review the discovery materials. The Prosecution Team has also provided defendant with detailed indexes for each discovery production.

---

[6] As used herein, "non-privileged information" also includes any potentially privileged information for which there was a written waiver of the attorney-client privilege.

The Prosecution Team is currently preparing a limited set of additional discovery materials to produce to defendant, including a number of recent witness interview summaries and documents the government recently obtained from third-parties.  It typically takes one to two weeks for the USAO's discovery vendor to process discovery materials so that they can be produced with database load files to the defense.

The Prosecution Team will continue to make rolling discovery productions to defendant as it generates or obtains additional discovery materials during trial preparations.

**B.   Discovery Produced by the Privilege Review Team**

1.   <u>Search Warrant Evidence Collected</u>

As set forth in the parties' July 1, 2019, Joint Report (CR 43) and the government's July 22, 2019, Status Report (49), the Internal Revenue Service – Criminal Investigation ("IRS-CI") obtained the following digital devices or forensic copies thereof during the course of its investigation:

1.   The computer server belonging to defendant's former law firm, EA LLP (the "EA LLP server");

2.   Digital devices seized from EA Employee 1's residence, which the USAO understands belong to EA LLP or are the personal property of EA Employee 1;

3.   Digital devices and other evidence seized during defendant's arrest on March 25, 2019;

4.   Digital devices seized from defendant's residence;

5.   Digital devices obtained from former employees of defendant's coffee company, GBUS; and

6.  Digital devices seized from another law firm with which defendant had a business relationship ("Law Firm 1").

The USAO understands that the devices referenced above contain a total of approximately 20 terabytes ("TB") of data.  The USAO and IRS-CI obtained warrants to search each of these devices for evidence relating to the investigation of defendant.[7]

IRS-CI also seized approximately 15 to 20 boxes of hard-copy materials during the execution of search warrants at defendant's residence, EA Employee 1's residence, and Law Firm 1's business premises.

Pursuant to the terms of the applicable search warrants, the USAO's Privilege Review Team has been conducting a review of the digital devices and hard-copy documents referenced above to determine whether any of the materials contain privileged or potentially privileged information.  The Privilege Review Team has also been reviewing the digital devices referenced above to identify materials falling within the scope of the search warrants.

As set forth further below, the Privilege Review Team produced to defendant forensic copies of the digital devices seized from defendant's residence; the digital devices seized during defendant's arrest; and the digital devices obtained from GBUS employees. Consistent with this Court's Order (CR 63), the USAO has not provided defendant with forensic copies of the EA LLP server; the digital devices seized from EA Employee 1's residence; and the digital devices seized from Law Firm 1.

---

[7] Additional details regarding the USAO's review and production of this search warrant evidence is set forth in Section III below.

7

2.   <u>Affirmative Productions of Search Warrant Evidence</u>

As of the filing of this Status Report, the USAO's Privilege Review Team has nearly completed the production of search warrant evidence to defendant.

On or about June 10, 2019, the Privilege Review Team produced to defendant forensic copies of the following digital devices: (1) seven cellular telephones, tablets, and external hard drives seized from defendant's residence; (2) nine digital devices obtained from GBUS employees; (3) three USB flash drives law enforcement agents in SDNY seized during defendant's arrest.  The Privilege Review Team also produced copies of all hard-copy documents seized during defendant's arrest.

On or about September 5, 2019, the Privilege Review Team informally produced to defendant the entire contents of EA LLP's FileSite electronic case files relating to Client 1, Client 2, and Client 3.

On or about January 6, 2020, the Privilege Review Team produced to defendant a forensic image of the Apple iMac seized from defendant's residence, which previously had been encrypted.  An IRS-CI computer specialist was first able to decrypt and access the Apple iMac in December 2019.

On or about January 24, 2020, the Privilege Review Team produced to defendant approximately 4,646 document that were withheld from the Prosecution Team on the basis of privilege or produced to the Prosecution Team only in redacted form.  The Privilege Review Team also produced the privileged portions of three forensic extraction reports for certain digital devices seized from EA Employee 1's residence.

8

Additionally, the Privilege Review Team has prepared for production to defendant approximately 116,764 additional documents. The Prosecution Team understands that this production includes various documents seized from the EA LLP server and other digital devices that the Privilege Review Team has determined fall within the scope of the search warrants, as well as scanned copies of the hard copy documents seized from defendant's residence, EA Employee 1's residence, and Law Firm 1.  The Privilege Review Team has already informed defendant's counsel that this production is ready and is currently waiting for defense counsel to provide an external hard drive that can be used to transmit the discovery production to the defense.  These documents have been Bates-labeled and are being produced with database load files.

As explained further below, the Privilege Review Team is also preparing to make at least one additional discovery production to defendant containing the remaining documents on the EA LLP server and digital devices seized from EA Employee 1's residence that the Privilege Review Team has determined fall within the scope of the warrant.  See infra Section III.A-B.  It typically takes one to two weeks for the USAO's discovery vendor to process discovery materials so that they can be produced to the defense.

3.   Productions of Search Warrant Evidence Pursuant to Defense Requests

At the outset of this case, the USAO offered to allow defendant to review the digital devices seized during the course of this investigation at IRS-CI's office and to work directly with the USAO's Privilege Review Team to identify relevant documents on the digital devices for production to the defense.  (See CR 44 at 9-10; CR 55 at

3, 22-23.)   After the Court denied defendant's motion to compel production of forensic copies of the EA LLP server and other digital devices seized from EA Employee 1's residence (collectively, the "EA Devices") on August 26, 2019 (CR 63), defendant began working directly with the USAO's Privilege Review Team to review the EA Devices at IRS-CI's offices and to request that the Privilege Review Team produce certain documents directly to the defense.

The Prosecution Team understands that defendant and/or defense counsel visited IRS-CI's offices on at least two occasions in September and October 2019 to meet with the Privilege Review Team and review digital devices.   The Privilege Review Team also provided defendant with a list of the folder names on the EA LLP server in September 2019.

The Prosecution Team further understands that the Privilege Review Team made the following informal discovery productions pursuant to specific requests from defendant:

- On or about October 1, 2019, the Privilege Review Team produced approximately 10,156 files to defendant.

- On or about October 21, 2019, the Privilege Review Team produced approximately 244 files to defendant.

- On or about October 24, 2019, the Privilege Review Team produced approximately 40,960 files to defendant.[8]

The Privilege Review Team has informed the Prosecution Team that there are no outstanding requests from the defense for the production

---

[8]   The USAO has agreed that the Privilege Review Team will not provide the Prosecution Team with any substantive information regarding defendant's review of the digital devices or the defense's requests for specific documents.   Thus, the only information available to the Prosecution Team is how many times defendant visited IRS-CI's offices to review the digital devices, and the dates and volume of any discovery productions to defendant.

1  of additional materials, and the Privilege Review Team has completed

2  its production of the documents and files that defendant specifically

3  requested.

4  **IV.   THE REVIEW AND PRODUCTION OF SEARCH WARRANT EVIDENCE**

5      Below are additional details regarding the status of the USAO's

6  review and production of the digital search warrant evidence obtained

7  by IRS-CI during the course of its investigation.

8      **A.   The EA LLP Server**

9      In May 2019, IRS-CI obtained a warrant to search the EA LLP

10  server.  In re Search Warrant, No. 8:19-MJ-419 (C.D. Cal.).  The EA

11  LLP server consisted of six separate digital devices, one of which

12  appeared to have been EA LLP's email server and another of which

13  appeared to have been EA LLP's file server.  The Prosecution Team

14  understands that the email server contained approximately 3 million

15  items totaling approximately 3.5 TB of data, and that the file server

16  contained approximately 19 million items totaling approximately 6.5

17  TB of data.  The Privilege Review Team prioritized the review of the

18  EA LLP server because the EA LLP server contained the largest volume

19  of documents and data, defendant indicated that documents on the EA

20  LLP server were of particular importance, and defendant was not

21  provided a forensic copy of the EA LLP server.

22      The Privilege Review Team has nearly completed its review and

23  production of documents on the EA LLP server that it identified as

24  falling within the scope of the search warrant.  As of February 18,

25  2020, the Privilege Review Team had only approximately 1,500

26  documents left to review for scope on the EA LLP server.  The

27  Privilege Review Team anticipates that its review of these remaining

28  documents will be complete within the next 24 hours.  Once the

11

Privilege Review Team has completed its scope review of the remaining documents on the EA LLP server, the Privilege Review Team will prepare the remaining documents from the EA LLP server it has identified as falling within the scope of the warrant for production to defendant.

The Privilege Review Team, however, is still reviewing some of the materials seized from the EA LLP server to determine if they contain privileged or potentially privileged information. Accordingly, many of the documents from the EA LLP server that fell within the scope of the warrant have yet to be released to the Prosecution Team, even though those documents have already been produced, or are in the process of being produced, to defendant. Once the Privilege Review Team has completed its privilege review, it will release any non-privileged materials to the Prosecution Team. To the extent the Prosecution Team needs to reproduce to defendant any of the materials the Privilege Review Team releases, such materials would be duplicative of the materials already produced to defendant.

**B.   Devices Seized from EA Employee 1's Residence**

In March 2019, IRS-CI seized a number of digital devices from EA Employee 1's residence pursuant to a search warrant, including computers, cellphones, tablets, and external hard drives.  <u>In re Search Warrant</u>, 8:19-MJ-243 (C.D. Cal.)  The Prosecution Team understands that the digital devices seized from EA Employee 1's residence contained approximately 2 TB of data.

The Privilege Review Team completed its scope review of the devices seized from EA Employee 1's residence.  Any documents falling within the scope of the search warrant have either already been

produced, or are in the process of being produced, to defendant.  For example, among other things, the Prosecution Team produced to defendant the EA LLP QuickBooks accounting records found on one of EA Employee 1's computer in August 2019 and forensic extraction reports of six cellphones and tablets seized from EA Employee 1's residence in November 2019.

The Privilege Review Team, however, is still reviewing some of the documents from EA Employee 1's digital devices that fall within the scope of the warrants to determine if they contain privileged or potentially privileged information.  Accordingly, many of the documents from EA Employee 1's devices that fall within the scope of the warrant have yet to be released to the Prosecution Team, even though those documents have already been produced, or are in the process of being produced, to defendant.  To the extent the Prosecution Team needs to reproduce to defendant any of the materials the Privilege Review Team releases, such materials would be duplicative of the materials already produced to defendant.

IRS-CI also seized approximately 69 computer backup tapes from EA Employee 1's residence.  The Prosecution Team understands that these backup tapes relate to data that is stored on the EA LLP server.  Because IRS-CI was able to obtain a forensic copy of the EA LLP server, IRS-CI and the USAO will not be searching the backup tapes.  Instead, these backup tapes will be returned to the court-appointed bankruptcy trustee for EA LLP.

Additionally, IRS-CI located a number of additional USB thumb drives and other digital devices stored with certain hard-copy documents that were seized from EA Employee 1's residence.  Because such devices were not covered by the search warrant or any subsequent

extension requests, the USAO made arrangements to return any such digital devices belonging to EA LLP to the bankruptcy trustee and any digital devices belonging to defendant to defendant's counsel.

Finally, IRS-CI seized four digital devices from EA Employee 1's residence which were encrypted or could not be accessed. Accordingly, the USAO is not searching these four digital devices.

## C. Devices Seized from Defendant's Residence

In March 2019, IRS-CI seized nine digital devices from defendant's residence pursuant to a search warrant, including an Apple iMac, cellphones, tablets, and external hard drives. In re Search Warrant, No. 8:19-MJ-247 (C.D. Cal.). The Prosecution Team understands that the accessible devices contained approximately 2.5 TB of data.[9]

The Privilege Review Team completed its production to defendant of forensic copies of the accessible digital devices seized from defendant's residence. In June 2019, the Privilege Review Team produced to defendant forensic copies of the then accessible digital devices seized from defendant's residence. In January 2020, the Privilege Review Team produced to defendant a forensic copy of the Apple iMac, which had previously been encrypted. Thus, defendant has complete access to all accessible digital search warrant evidence from his residence.

The Privilege Review Team completed its review of the cellphones, tablets, and two of the external hard drives found in defendant's residence, and did not identify any documents falling

___

[9] One of the cellphones from defendant's residence was encrypted and another cellphone contained no data. Accordingly, these two cellphones were not imaged and are not being searched by IRS-CI or the USAO.

within the scope of the search warrant.  The Privilege Review Team, however, is still reviewing documents from defendant's Apple iMac and one external hard drive that fall within the scope of the search warrant to determine if those documents contain privileged or potentially privileged information.  Once the Privilege Review Team has completed its privilege review, it will release any non-privileged materials that fall within the scope of the warrant to the Prosecution Team.  To the extent the Prosecution Team needs to reproduce to defendant any of the materials the Privilege Review Team releases, such materials would be duplicative of the materials already produced to defendant.

**D.   Devices Seized During Defendant's Arrest**

During defendant's arrest on March 25, 2019, in New York, the Federal Bureau of Investigation ("FBI") and United States Attorney's Office for the SDNY ("SDNY USAO") seized six digital devices from defendant, including three USB flash drives, an Apple MacBook Pro, an Apple iPad, and an Apple iPhone X.  At the time, however, the SDNY USAO was unable to access defendant's MacBook Pro, iPad, and iPhone because those three devices were encrypted.

In May 2019, IRS-CI obtained a warrant to search the three USB flash drives seized during defendant's arrest, as well as scanned copies of miscellaneous documents found in defendant's briefcase during his arrest.  In re Search Warrant, No. 8:19-MJ-419 (C.D. Cal.).  On June 10, 2019, the Privilege Review Team produced to defendant forensic copies of all of the files found on the three USB flash drives, as well as scanned copies of the miscellaneous documents found in defendant's briefcase.

The Privilege Review Team completed its review of the three USB drives and miscellaneous documents from defendant's briefcase, and is in the process of releasing any non-privileged documents falling within the scope of the warrant to the Prosecution Team.  To the extent the Prosecution Team needs to reproduce to defendant any of the materials the Privilege Review Team releases, such materials would be duplicative of the materials already produced to defendant.

In or around November 2019, the SDNY USAO was able to decrypt defendant's Apple MacBook Pro.  The USAO understands that the SDNY USAO immediately produced a forensic copy of defendant's MacBook Pro to defendant in connection with the two SDNY prosecutions.  On January 17, 2020, IRS-CI obtained a separate warrant to search the Apple MacBook Pro in connection with this prosecution.  In re Search Warrant, 8:20-MJ-25 (C.D. Cal.)  The Privilege Review Team has not yet conducted a review of defendant's MacBook Pro because defendant already has a forensic copy of this device, and the Privilege Review Team has been focused on completing the production of materials from the EA Devices to defendant.  Once the Privilege Review Team has completed its review of the MacBook Pro, it will release any non-privileged materials that fall within the scope of the warrant to the Prosecution Team.  To the extent the Prosecution Team needs to reproduce to defendant any of the materials the Privilege Review Team releases, such materials would be duplicative of the materials already produced to defendant.

The USAO understands that the SDNY USAO still has not been able to decrypt defendant's iPad or iPhone.  The USAO, however, understands that the SDNY USAO obtained a warrant for defendant's Apple iCloud account, which would likely contain much of the same

data, including defendant's text messages.  The USAO understands that in September 2019 the SDNY USAO produced to defendant a complete copy of the Apple iCloud data it received pursuant to that search warrant.

**E.   GBUS Devices**

In February 2019, IRS-CI obtained a warrant to search seven digital devices it obtained from former GBUS employees.  In re Search Warrant, No. 8:19-MJ-103 (C.D. Cal.)  On June 10, 2019, the Privilege Review Team produced to defendant forensic copies of all seven GBUS devices.  Thus, defendant already has access to all of the materials contained on the GBUS devices.

The Privilege Review Team and IRS-CI prioritized the review of one digital device containing GBUS emails that had been backed up from GBUS's cloud-based server because this device was most likely to contain relevant materials.  The Privilege Review Team has identified potentially privileged documents on this device, and is in the process of reviewing such documents for privilege.  The IRS-CI case agents have completed their review of the non-privileged documents on this digital device that were released by the Privilege Review Team to determine whether they fall within the scope of the search warrant.  The non-privileged documents from this digital device falling within the scope of the search warrant were produced to defendant in May 2019 and December 2019.

The Privilege Review Team and IRS-CI has not yet completed its review of the other six GBUS devices.  Once the Privilege Review Team has completed its review of the other GBUS devices, it will release any non-privileged materials to the Prosecution Team.  Although the Prosecution Team may reproduce to defendant any non-privileged materials that the Privilege Review Team releases to the Prosecution

Team, any such materials will be duplicative of the materials already produced to defendant because defendant already has complete access to these devices.

**F.   Devices Seized from Law Firm 1**

In March 2019, IRS-CI seized approximately 29 digital devices from the business premises of Law Firm 1.  Defendant has not been provided forensic copies of these devices because they are likely to contain privileged information relating to a separate law firm and its clients.  Defendant did not move to compel the government to produce forensic copies of these digital devices.  (See CR 50.)

Based on additional information and evidence the Prosecution Team and IRS-CI have obtained since the execution of the search warrant in March 2019, the Prosecution Team has determined that only 6 out of the 29 digital devices seized from Law Firm 1 are likely to contain information falling within the scope of the search warrant. Because the other digital devices seized from Law Firm 1 are unlikely to contain information falling within the scope of the search warrant, the Prosecution Team has instructed the Privilege Review Team not to review the remaining digital devices.[10]  The forensic copies of these other digital devices will be maintained under seal pursuant to the terms of the search warrant.

Although the Privilege Review Team has not completed its review of the six Law Firm 1 digital devices, the Prosecution Team believes that these devices are unlikely to contain a substantial amount of relevant data.  Moreover, Law Firm 1 voluntarily produced to the

---

[10]  Four digital devices seized from Law Firm 1 were either encrypted or contained no data.  Accordingly, these four devices were not imaged and are not being searched by IRS-CI or the USAO.

18

Prosecution Team approximately 432 pages of documents in its possession relating to the charges in the Indictment.   These materials were already produced to defendant in November 2019.

**V.     CONCLUSION**

As set forth above, the USAO has largely completed its production of discovery materials to defendant.   The USAO's Privilege Review Team has produced to defendant forensic copies of many of the digital devices IRS-CI obtained during the course of its investigation.   The Privilege Review Team has also produced, or is in the process of producing, to defendant any documents on the EA LLP server and the devices seized from EA Employee 1's residence falling within the scope of the applicable search warrants.   Additionally, since the outset of this case, defendant has had the ability to review the digital devices at IRS-CI's offices or request that the Privilege Review Team produce specific items directly to defendant.