UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

- - -

THE HONORABLE JAMES V. SELNA, JUDGE PRESIDING

```
UNITED STATES OF AMERICA,    ) CERTIFIED TRANSCRIPT
                 Plaintiff,  )
    vs.                      )
                             )  SACR-19-00061-JVS
MICHAEL JOHN AVENATTI,       )
                 Defendant.  )
-----------------------------)
```

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Santa Ana, California

May 15, 2019

SHARON A. SEFFENS, RPR
United States Courthouse
411 West 4th Street, Suite 1-1053
Santa Ana, CA  92701
(714) 543-0870

```
 1   APPEARANCES OF COUNSEL:

 2   For the Plaintiff:

 3   NICOLA T. HANNA
     United States Attorney
 4   BRANDON D. FOX
     Assistant United States Attorney
 5   Chief, Criminal Division
     JULIAN L. ANDRE
 6   Assistant United States Attorney
     Major Frauds Section
 7   1100 United States Courthouse
     312 North Spring Street
 8   Los Angeles, CA  90012
     (213) 894-6683
 9
     BRETT A. SAGEL
10   Assistant United States Attorney
     Ronald Reagan Federal Building
11   411 West Fourth Street, Suite 8000
     Santa Ana, CA  92701
12   (714) 338-3598

13   For the Defendant:

14   H. DEAN STEWARD
     H. DEAN STEWARD LAW OFFICES
15   107 Avenida Miramar, Suite C
     San Clemente, CA  92672
16   (949) 481-4900

17

18

19

20

21

22

23

24

25
```

|  |  |
|---|---|
| 1 | SANTA ANA, CALIFORNIA; WEDNESDAY, MAY 15, 2019; 10:04 A.M. |
| 10:04  2 | THE CLERK: Item No. 3, SACR-19-00061-JVS, United |
| 10:04  3 | States of America versus Michael John Avenatti. |
| 10:04  4 | Appearances, please. |
| 10:04  5 | MR. ANDRE: Good morning, Your Honor. Julian |
| 10:04  6 | Andre on behalf of the United States. |
| 10:04  7 | THE COURT: Good morning. |
| 10:04  8 | MR. STEWARD: Your Honor, Dean Steward on behalf |
| 10:04  9 | of Mr. Avenatti. I have been retained this morning. He is |
| 10:04 10 | present on bond. |
| 10:04 11 | THE COURT: Very good. |
| 10:04 12 | Let me say as an initial matter there will be no |
| 10:04 13 | recording, audio or video, of these proceedings. I have no |
| 10:04 14 | objection to tweets or other electronic communications so |
| 10:04 15 | long as they don't involve an audio or video recording of |
| 10:05 16 | these proceedings. |
| 10:05 17 | I understand the parties have had some discussions |
| 10:05 18 | about timing. |
| 10:05 19 | MR. ANDRE: Yes, Your Honor, that's correct. The |
| 10:05 20 | parties have tentatively agreed to continue the trial date |
| 10:05 21 | about two or three months so that counsel can review the |
| 10:05 22 | initial discovery, and we can have further discussions as to |
| 10:05 23 | whether an additional continuance would be necessary. We |
| 10:05 24 | anticipate we can file a stipulation either tomorrow or at |
| 10:05 25 | the latest Friday morning. |

|       |    |                                                                          |
|-------|----|--------------------------------------------------------------------------|
| 10:05 | 1  | MR. STEWARD:  My only addition do that, Your                             |
| 10:05 | 2  | Honor, is if we are going to set a tentative trial date at               |
| 10:05 | 3  | this point, we'd ask for it to be towards the end of the                 |
| 10:05 | 4  | year.  As the Court is aware, I have the U.S. versus                     |
| 10:05 | 5  | Michaels case in this court, and I'm pretty jammed this                  |
| 10:05 | 6  | fall.                                                                    |
| 10:05 | 7  | THE COURT:  I think I'd like to set a trial date                         |
| 10:05 | 8  | two or three months out understanding that it's probably                 |
| 10:05 | 9  | quite tentative and at that time pick a realistic trial date             |
| 10:06 | 10 | to which we can all abide.                                               |
| 10:06 | 11 | MR. STEWARD:  That's fine, Your Honor.                                   |
| 10:06 | 12 | THE COURT:  Okay.  Why don't you pick a date a                           |
| 10:06 | 13 | couple months out and do a stip and order.                               |
| 10:06 | 14 | The events in the case go back to 2015 in terms of                       |
| 10:06 | 15 | the transactions, and they go back that far in terms of the              |
| 10:06 | 16 | various tax years that are in issue for a number of                      |
| 10:06 | 17 | different reasons.  This case will proceed promptly but on a             |
| 10:06 | 18 | reasonable basis.  We'll have a conference in a couple                   |
| 10:06 | 19 | months, and I would plan to have conferences every couple of             |
| 10:06 | 20 | months to monitor the status of discovery and any problems               |
| 10:06 | 21 | that may arise.                                                          |
| 10:06 | 22 | What is the status of the government's production                        |
| 10:06 | 23 | of discovery?                                                            |
| 10:06 | 24 | MR. ANDRE:  Your Honor, since there has been an                          |
| 10:06 | 25 | issue with representation, we haven't actually received a                |

```
10:06    1   discovery request yet.  The first round of production is
10:07    2   ready to go subject to the Court entering a Protective
10:07    3   Order.  It's about 115,000 pages, a large portion of which
10:07    4   is bank records.
10:07    5               THE COURT:  A large portion is what?
10:07    6               MR. ANDRE:  Bank records.
10:07    7               THE COURT:  In what form is the discovery?
10:07    8               MR. ANDRE:  The production is being prepared in
10:07    9   basically a load file so that it can be put into a database.
10:07   10   We anticipated there being retained counsel, and in our
10:07   11   experience, retained counsel's preference is this format.
10:07   12               THE COURT:  Okay.  What about production of
10:07   13   materials that were seized either from Mr. Avenatti or his
10:07   14   offices?
10:07   15               MR. ANDRE:  Your Honor, those materials are still
10:07   16   going through a privilege review process.  The
10:07   17   materials have been -- all of those devices have been
10:07   18   imaged.  They are going to be processed and go through a
10:07   19   privilege review.
10:07   20               As to some of those images, we would have no
10:07   21   objection to providing a complete set of the images to
10:07   22   Mr. Avenatti and his counsel.  There are, however, concerns
10:07   23   with some of the devices from some of the locations, that it
10:08   24   may contain information to which Mr. Avenatti is not
10:08   25   entitled to.  So that's an issue I think we will need to
```

| | | |
|---|---|---|
| 10:08 | 1 | discuss with defense counsel.  But we are working to try to |
| 10:08 | 2 | get through that information as soon as possible and provide |
| 10:08 | 3 | as much possible to the defendant as soon as we can. |
| 10:08 | 4 |       THE COURT:  To the extent that his files don't |
| 10:08 | 5 | involve materials to which he is arguably not entitled to |
| 10:08 | 6 | access, I think the government ought to move forward |
| 10:08 | 7 | promptly and provide mirror images.  There's no need to do a |
| 10:08 | 8 | privilege review in terms of giving him back his own files. |
| 10:08 | 9 |       MR. ANDRE:  Your Honor, we would agree with that. |
| 10:08 | 10 | The issue that arises with some of the devices is -- some of |
| 10:08 | 11 | the devices are property of the law firm with which |
| 10:08 | 12 | Mr. Avenatti no longer controls, so that raises some |
| 10:08 | 13 | concerns there.  I'm hopeful we will be able to work that |
| 10:08 | 14 | out and work that out promptly.  Anything where that is not |
| 10:09 | 15 | an issue we will get mirror images to him as soon as |
| 10:09 | 16 | possible. |
| 10:09 | 17 |       THE COURT:  Okay.  Well, in terms of coming to an |
| 10:09 | 18 | agreed date, I think two months would be an appropriate |
| 10:09 | 19 | amount of time to push the current trial date out. |
| 10:09 | 20 |       Mr. Steward, I trust you would be in a position to |
| 10:09 | 21 | fix on a more accurate trial date at that time. |
| 10:09 | 22 |       MR. STEWARD:  I would think so, Your Honor, yes. |
| 10:09 | 23 |       THE COURT:  Okay. |
| 10:09 | 24 |       Anything else we ought to take up this morning? |
| 10:09 | 25 |       MR. ANDRE:  Your Honor, the only other issue I |

| | | |
|---|---|---|
| 10:09 | 1 | would raise is whether Mr. Avenatti will be making any |
| 10:09 | 2 | contribution for the services the Public Defender's Office |
| 10:09 | 3 | has already provided to him up until this point. |
| 10:09 | 4 | THE COURT: I had hoped Ms. Carlin would be here. |
| 10:09 | 5 | My primary question is whether that office considers that |
| 10:09 | 6 | they have established an attorney/client privilege. |
| 10:09 | 7 | Notwithstanding, the Court hasn't appointed that office, if |
| 10:10 | 8 | an attorney/client was established, I think payment is |
| 10:10 | 9 | appropriate. |
| 10:10 | 10 | MR. STEWARD: Your Honor, Mr. Ortega, the Chief |
| 10:10 | 11 | Deputy, is here from the Federal Public Defender's Office if |
| 10:10 | 12 | the Court has questions. |
| 10:10 | 13 | THE COURT: Can you comment on it, Mr. Ortega? |
| 10:10 | 14 | MR. ORTEGA: Good morning, Your Honor. I have no |
| 10:10 | 15 | comment other than the fact that we did prepare the filing |
| 10:10 | 16 | yesterday that the Court reviewed. |
| 10:10 | 17 | THE COURT: Do you consider yourself to have |
| 10:10 | 18 | established an attorney/client relationship with |
| 10:10 | 19 | Mr. Avenatti? Did your office consider that? |
| 10:10 | 20 | MR. ORTEGA: I believe so, yes, Your Honor. We |
| 10:10 | 21 | consulted with Mr. Avenatti. |
| 10:10 | 22 | THE COURT: Then I think it's appropriate for him |
| 10:10 | 23 | to compensate your office for your services. |
| 10:10 | 24 | MR. STEWARD: We have no objection to that, Your |
| 10:10 | 25 | Honor. |

8

| | | |
|---|---|---|
| 10:10 | 1 | THE COURT: Would you see that your office submits |
| 10:10 | 2 | a bill to him within 15 days and carbon copy Mr. Steward on |
| 10:10 | 3 | it? |
| 10:10 | 4 | MR. ORTEGA: Is the Court ordering a particular |
| 10:10 | 5 | contribution amount? |
| 10:10 | 6 | THE COURT: A hundred percent. |
| 10:10 | 7 | MR. ORTEGA: Understood, Your Honor. We don't |
| 10:10 | 8 | have an hourly rate per se. The Court in my experience |
| 10:10 | 9 | typically fixes an hourly rate that we then compare to the |
| 10:11 | 10 | amount of work we did. |
| 10:11 | 11 | THE COURT: Well, bill for your time at the CJA |
| 10:11 | 12 | rate. |
| 10:11 | 13 | MR. ORTEGA: Thank you, Your Honor. |
| 10:11 | 14 | THE COURT: Okay, anything else? |
| 10:11 | 15 | MR. ANDRE: Nothing from the government, Your |
| 10:11 | 16 | Honor. |
| 10:11 | 17 | THE COURT: Okay. Thank you very much. |
| 10:11 | 18 | MR. STEWARD: Thank you, Your Honor. |
| 10:11 | 19 | (Whereupon, the proceedings were concluded.) |
| 10:11 | 20 | *   *   * |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

```
 1
 2
 3
 4
 5                          CERTIFICATE
 6
 7         I hereby certify that pursuant to Section 753,
 8   Title 28, United States Code, the foregoing is a true and
 9   correct transcript of the stenographically reported
10   proceedings held in the above-entitled matter and that the
11   transcript page format is in conformance with the
12   regulations of the Judicial Conference of the United States.
13
14   Date:  February 27, 2020
15
16
                         /s/   Sharon A. Seffens  2/27/20
17                       _____
                         SHARON A. SEFFENS, U.S. COURT REPORTER
18
19
20
21
22
23
24
25
```