```
                UNITED STATES DISTRICT COURT

              CENTRAL DISTRICT OF CALIFORNIA

                    SOUTHERN DIVISION

                         - - -

      THE HONORABLE JAMES V. SELNA, JUDGE PRESIDING


       UNITED STATES OF AMERICA,     )CERTIFIED TRANSCRIPT
                        Plaintiff,   )
          vs.                        )
                                     )  SACR-19-00061-JVS
       MICHAEL JOHN AVENATTI,        )
                        Defendant.   )
       ------------------------------)



           REPORTER'S TRANSCRIPT OF PROCEEDINGS

                  Santa Ana, California

                    August 26, 2019



                  SHARON A. SEFFENS, RPR
                  United States Courthouse
                  411 West 4th Street, Suite 1-1053
                  Santa Ana, CA  92701
                  (714) 543-0870
```

```
 1   APPEARANCES OF COUNSEL:

 2   For the Plaintiff:

 3   NICOLA T. HANNA
     United States Attorney
 4   BRANDON D. FOX
     Assistant United States Attorney
 5   Chief, Criminal Division
     JULIAN L. ANDRE
 6   Assistant United States Attorney
     Major Frauds Section
 7   1100 United States Courthouse
     312 North Spring Street
 8   Los Angeles, CA  90012
     (213) 894-6683
 9
     BRETT A. SAGEL
10   Assistant United States Attorney
     Ronald Reagan Federal Building
11   411 West Fourth Street, Suite 8000
     Santa Ana, CA  92701
12   (714) 338-3598

13   For the Defendant:

14   H. DEAN STEWARD
     H. DEAN STEWARD LAW OFFICES
15   107 Avenida Miramar, Suite C
     San Clemente, CA  92672
16   (949) 481-4900

17   For the Receiver, BRIAN WEISS:

18   JOHN P. REITMAN
     LANDAU LAW, LLP
19   1880 Century Park East, Suite 1101
     Los Angeles, CA  90067
20   (310) 557-0050

21

22

23

24

25
```

| | | |
|---|---|---|
| 08:30 | 1 | SANTA ANA, CALIFORNIA; MONDAY, AUGUST 26, 2019; 8:32 A.M. |
| 08:32 | 2 | THE CLERK: Item No. 1, SACR-19-00061-JVS, United |
| 08:32 | 3 | States of America versus Michael John Avenatti. |
| 08:32 | 4 | MR. ANDRE: Good morning, Your Honor. Julian |
| 08:32 | 5 | Andre and Brett Sagel on behalf of the United States. |
| 08:32 | 6 | MR. STEWARD: Good morning, Your Honor. Dean |
| 08:32 | 7 | Steward with Mr. Avenatti. He is present on bond. |
| 08:32 | 8 | MR. REITMAN: Good morning, Your Honor. John |
| 08:32 | 9 | Reitman, an attorney for Brian Weiss, the Receiver for Eagan |
| 08:32 | 10 | Avenatti, LLC. |
| 08:32 | 11 | THE COURT: Good morning. |
| 08:32 | 12 | Before the Court, first of all, is a Motion to |
| 08:32 | 13 | Compel Discovery. |
| 08:32 | 14 | Mr. Steward, it's your motion. Would you like to |
| 08:32 | 15 | be heard? |
| 08:32 | 16 | MR. STEWARD: Yes, Your Honor, if I may. |
| 08:32 | 17 | Your Honor, having the benefit of the Court's |
| 08:32 | 18 | tentative, which my client and I have both gone over, our |
| 08:32 | 19 | counter suggestion is that we be allowed to send in a |
| 08:33 | 20 | service -- it would probably have to be an expert -- to do a |
| 08:33 | 21 | copy of either the forensic or the originals on this, and we |
| 08:33 | 22 | would bear the cost. My guess is it will take a while to do |
| 08:33 | 23 | that. |
| 08:33 | 24 | Our suggestion is -- |
| 08:33 | 25 | THE COURT: In other words, you want the Court to |

```
08:33   1    grant your motion in total?
08:33   2               MR. STEWARD:  Well, the compel part of it is not
08:33   3    really compulsion in the sense that they have to do
08:33   4    anything.  It's to allow us to simply go in and get a copy.
08:33   5    Now, for example --
08:33   6               THE COURT:  Sir, did you really read the
08:33   7    tentative?
08:33   8               MR. STEWARD:  Yes.
08:33   9               THE COURT:  The tentative focused on the scope of
08:33  10    Rule 16.
08:33  11               MR. STEWARD:  Right.
08:33  12               THE COURT:  The scope of Rule 16 is not consistent
08:33  13    with a mirror image of the forensic or the Receiver's copy.
08:33  14               MR. STEWARD:  I disagree in the sense that in
08:33  15    order for us to be able to adequately prepare we need a
08:33  16    copy.  That's all I am asking for, to send somebody in to
08:33  17    get what is basically his -- not basically but which are my
08:33  18    client's files.  I don't see how anybody is damaged or
08:34  19    harmed by us doing that.
08:34  20               THE COURT:  Sir, this is a motion under Rule 16
08:34  21    seeking to enforce the government's obligation to produce
08:34  22    discovery as required by Rule 16 and as required by Brady
08:34  23    and Giglio.  This is not a civil discovery motion.  I'm not
08:34  24    prepared to grant any relief beyond what is compelled by
08:34  25    Brady, Giglio, and Rule 16.
```

```
08:34   1              Now, as I suggest in the footnote, you have may
08:34   2   other avenues of recourse that aren't here.  But as far as
08:34   3   this Court is concerned and what we are litigating today
08:34   4   that is the government's obligations, I'm not prepared to
08:34   5   grant your oral request.  Your oral request just flies in
08:34   6   the face of the tentative.
08:34   7              MR. STEWARD:  I understand the Court's position.
08:34   8              THE COURT:  Okay.
08:34   9              MR. STEWARD:  And as to the Court's suggestion
08:34  10   about other avenues, we may well pursue those.  Thank you.
08:34  11              THE COURT:  Mr. Andre, do you want to be heard?
08:35  12              MR. ANDRE:  Your Honor, the government agrees with
08:35  13   the Court's tentative, and unless the Court has any
08:35  14   questions, we would submit on the papers.
08:35  15              THE COURT:  Mr. Reitman.
08:35  16              MR. REITMAN:  Your Honor, we agree with the
08:35  17   Court's tentative.
08:35  18              THE COURT:  Okay, the tentative will be the order
08:35  19   of the Court.
08:35  20              I also wanted to conduct a status conference.  The
08:35  21   parties submitted an interim stipulation to continue the
08:35  22   trial to tomorrow which I denied with the thought that we
08:35  23   would have a discussion about a trial date today.
08:35  24              Have the parties had any further discussions about
08:35  25   a potential trial date?
```

```
08:35   1              MR. ANDRE:  The parties have not had any further
08:35   2   discussions about a trial date, Your Honor, but we are
08:35   3   prepared to address it with the Court.
08:35   4              THE COURT:  Please.
08:35   5              MR. ANDRE:  The government would propose a trial
08:35   6   date in February 2020.  That's still six months from now.
08:35   7   It should provide the defendant with sufficient time to
08:35   8   prepare, particularly given that the charges here were
08:35   9   initially filed five months ago.  So that would be our
08:35  10   request, Your Honor.
08:35  11              THE COURT:  What's the timetable for completing
08:35  12   the review by the Privilege Review Team and the actual
08:36  13   production?
08:36  14              MR. ANDRE:  It has not changed since our last
08:36  15   status report.  I think we are about three months away from
08:36  16   substantially completing the review.  As we noted in the
08:36  17   status report, the Privilege Review Team has prioritized the
08:36  18   server, as well as the other devices from EA Employee 1.
08:36  19   Their plan is as soon as they have completed or
08:36  20   substantially completed the scope review -- narrowed the
08:36  21   materials down to what would be within the scope of the
08:36  22   search warrant -- to produce those immediately prior to
08:36  23   completing the Privilege Review, which means that the
08:36  24   defense should get those materials prior to actually us
08:36  25   seeing them.  There are also a number of other devices which
```

| | | |
|---|---|---|
| 08:36 | 1 | the defense already has their own forensic copies of, so |
| 08:36 | 2 | those have kind of been put to the back of line. |
| 08:36 | 3 | THE COURT: So you're basically telling me that |
| 08:36 | 4 | the estimated completion of production is November 1? |
| 08:37 | 5 | MR. ANDRE: That's about right, Your Honor. |
| 08:37 | 6 | THE COURT: Mr. Steward. |
| 08:37 | 7 | MR. STEWARD: Your Honor, we'd ask the Court to |
| 08:37 | 8 | consider a June trial date in large part because of my |
| 08:37 | 9 | schedule. I have in this court U.S. versus Michaels |
| 08:37 | 10 | starting October 22. It's going to be an eight-to-ten |
| 08:37 | 11 | defendant case that should take a month to try. I |
| 08:37 | 12 | immediately follow that with United States versus Ted Le in |
| 08:37 | 13 | Judge Guilford's court which starts November 26. That's |
| 08:37 | 14 | another month. So I'm realistically not going to be |
| 08:37 | 15 | available until January. |
| 08:37 | 16 | I also have a trial scheduled for December 2 in |
| 08:37 | 17 | Las Vegas before Judge Boulware. We have a new lawyer who |
| 08:37 | 18 | just came in that was approved by the Court, so my guess is |
| 08:37 | 19 | that's going to get continued. |
| 08:37 | 20 | We have also, Your Honor, kind of floating out |
| 08:37 | 21 | there one of two cases in New York City. For shorthand |
| 08:38 | 22 | purposes, we're calling them the Nike case and the Stormy |
| 08:38 | 23 | Daniels case. My client has been indicted in both of those |
| 08:38 | 24 | I represent him on the Stormy Daniels case. We have a |
| 08:38 | 25 | transfer motion pending before Judge Batts on that. The |

| | |
|---|---|
| 08:38 1 | government's response I think is due the end of next week. |
| 08:38 2 | If it's successful, it would be transferred to this |
| 08:38 3 | district. If not, the prosecutors in that case and I have |
| 08:38 4 | discussed April or May on a trial date for that case back in |
| 08:38 5 | New York City. |
| 08:38 6 | So kind of the bottom line here is that my dance |
| 08:38 7 | card is full. I keep thinking about how much material in |
| 08:38 8 | this case that I need to go over. As the Court is aware, I |
| 08:38 9 | am a sole practitioner. I don't have any associates. Much |
| 08:38 10 | of this I will have to do on my own. I just don't see how I |
| 08:38 11 | could be prepared within the timeframe the government |
| 08:38 12 | suggests. I will do everything I possibly can to be ready |
| 08:38 13 | in June, but that would be my request. |
| 08:39 14 | THE COURT: Wouldn't it be more efficient on your |
| 08:39 15 | part to either take on an associate or a paralegal? |
| 08:39 16 | MR. STEWARD: It may well be that I am going to be |
| 08:39 17 | forced to do that whether I want to or not, but, yes. |
| 08:39 18 | THE COURT: That wouldn't be an uncommon |
| 08:39 19 | delegation of tasks would it? |
| 08:39 20 | MR. STEWARD: No, and I understand that. It's |
| 08:39 21 | certainly something I've considered. But as the Court saw |
| 08:39 22 | from the status report that the government filed, we're |
| 08:39 23 | talking millions of pages here. It's taking them another |
| 08:39 24 | couple of months just to get the privileged stuff to us. We |
| 08:39 25 | got discovery today, which I think is Production No. 5 of |

```
08:39   1    another 30,000 pages.
08:39   2            The bulk of the discovery here is just enormous.
08:39   3    I agree with the Court's suggestion, and I may absolutely
08:39   4    have to do that, bring somebody else in.  But still even if
08:39   5    it's two of us, it's a herculean task, and it doesn't seem
08:39   6    to me with my client on bond that a June date is
08:39   7    unreasonable.
08:39   8            THE COURT:  Are you prepared to stipulate to a
08:39   9    June date for speedy trial purposes?
08:40  10            MR. STEWARD:  Yes, Your Honor.
08:40  11            MR. ANDRE:  Your Honor, if I may.
08:40  12            THE COURT:  Mr. Andre.
08:40  13            MR. ANDRE:  There are two issues that I would like
08:40  14    to address.  First, with respect to the Stormy Daniels case
08:40  15    pending in New York, our position is that this case should
08:40  16    proceed prior to that case if the Stormy Daniels case is not
08:40  17    transferred here.  This case involves $9 million of loss,
08:40  18    actual loss, to the victims named in the Indictment as well
08:40  19    as --
08:40  20            THE COURT:  This case should proceed first?
08:40  21            MR. ANDRE:  This case should proceed first.
08:40  22            THE COURT:  Okay.
08:40  23            MR. ANDRE:  There is $9 million of loss to the
08:40  24    named victims in the Indictment.  There is at least
08:40  25    $3.2 million in loss to the IRS in connection with the tax
```

```
08:40   1    charges.  The Stormy Daniels case involves I believe
08:40   2    $148,000 or $149,000 of loss.  This case should proceed
08:40   3    first.  We don't think that it would be appropriate to delay
08:40   4    this case until June so that that case can proceed in April.
08:40   5            THE COURT:  Well, if you complete production
08:40   6    November 1, I don't think a February trial date is fair or
08:41   7    reasonable.
08:41   8            MR. ANDRE:  Your Honor, one thing I can say there
08:41   9    is our hope is that the documents from the server that were
08:41  10    within scope -- the documents from the Eagan Avenatti
08:41  11    devices that are within scope -- will be produced prior to
08:41  12    that.  What would lag until towards the end of the time
08:41  13    period would be the privilege review of the other devices of
08:41  14    which the defendant already has complete forensic copies.
08:41  15            As far as discovery goes, though, Your Honor --
08:41  16            THE COURT:  Is that accurate?  Do you have
08:41  17    complete forensic copies of the other devices, Mr. Steward?
08:41  18            MR. STEWARD:  I don't believe so, Your Honor.
08:41  19            MR. ANDRE:  Your Honor, he has complete forensic
08:41  20    copies of the devices that were seized from the defendant's
08:41  21    residence.  Three of the accessible devices that were seized
08:41  22    upon Mr. Avenatti's arrest, as well as the devices that were
08:41  23    obtained from his former coffee company, Global Baristas --
08:41  24    those devices -- those forensic copies were produced I want
08:41  25    to say in early June.  At the last status conference, that's
```

```
08:42   1    when Mr. Steward indicated that he had these millions of
08:42   2    pages of documents to review.
08:42   3              The other point I would make with respect to
08:42   4    discovery is that we did produce additional discovery today.
08:42   5    It's I believe about 25,000 pages.  It includes the
08:42   6    Quickbook records for the firm, which we believe is
08:42   7    important evidence for our case, and it will be important
08:42   8    for the defense to review.  But the vast majority of the
08:42   9    critical discovery in this case was produced three months
08:42  10    ago -- the documents that are referenced in the Indictment,
08:42  11    the financial records, correspondence with the various
08:42  12    clients, correspondence with people from his coffee company.
08:42  13    And that has been in his possession now for about three
08:42  14    months.
08:42  15              So while there is this other universe of data that
08:42  16    does need to be reviewed, what is going to be relevant from
08:42  17    that set is not nearly as significant as what has already
08:43  18    been produced and what was already produced months ago.
08:43  19              THE COURT:  Isn't Mr. Steward entitled to make
08:43  20    that judgment?
08:43  21              MR. ANDRE:  He is, Your Honor, and we think he is
08:43  22    going to be in a position to have made that judgment in time
08:43  23    to be prepared for a trial date in advance of June.  We do
08:43  24    believe February, even late February, would be more than
08:43  25    enough time.  This case has been pending for five months.
```

```
08:43    1    That's still six months from now.  So we do believe that
08:43    2    that is a sufficient amount of time for him to prepare.  We
08:43    3    don't think a June trial date after the Daniels case is
08:43    4    appropriate here, Your Honor.
08:43    5              The other thing I would note is if Mr. Steward is
08:43    6    indicating that he could be prepared in April for the
08:43    7    Daniels case, there is no reason why he couldn't be prepared
08:43    8    in April for this case.
08:43    9              THE COURT:  Does that case have a firm trial date
08:44   10    yet?
08:44   11              MR. STEWARD:  No, Your Honor.
08:44   12              THE COURT:  What about April, Mr. Steward?
08:44   13              MR. STEWARD:  April, Your Honor, for this case?
08:44   14              THE COURT:  Yes.
08:44   15              MR. STEWARD:  Well, again, I am concerned about
08:44   16    preparation time with all of the vast materials that I've
08:44   17    got.  I just feel very uncomfortable about April given all
08:44   18    of the things that I have in the middle between April and
08:44   19    today.  I'm going to lose two months on the two different
08:44   20    trials that we've got.  I've got trial prep plus as
08:44   21    government counsel concedes there's millions of pages in
08:44   22    this.
08:44   23              One of the things that concerns me, Your Honor,
08:44   24    is, for example, e-mails.  The last report we got from the
08:44   25    government is that there are three million e-mails here.
```

```
08:44   1    Those e-mails Mr. Avenatti tells me are not -- for example,
08:44   2    if we go to the Smith file, the Smith file may be there, but
08:44   3    the e-mails that have to do with it are not there.  They are
08:44   4    totally separate.  There are pieces of these cases
08:44   5    throughout the server, the flash drives, all of these
08:45   6    different devices.  So it's not like we can just go to the
08:45   7    Smith file, and there's everything we need.  That's part of
08:45   8    the problem with going through a volume of material like
08:45   9    this, and that's my concern.
08:45  10              THE COURT:  Why don't we set a May date.  Mr.
08:45  11    Steward?
08:45  12              MR. STEWARD:  I'll do my best, Your Honor.
08:45  13              THE COURT:  Okay.  For present purposes, are you
08:45  14    prepared for speedy trial purposes to stipulate to a May
08:45  15    date?
08:45  16              MR. STEWARD:  We are, Your Honor, yes.
08:45  17              THE COURT:  Okay.  Then I'd ask you to prepare an
08:45  18    appropriate stipulation to set the matter down for May 19.
08:45  19    Would you also meet and confer and propose a series of dates
08:45  20    leading up to trial including a status conference and dates
08:45  21    for the various production events, basically the same series
08:46  22    of events you outlined in the last joint report.  Come up
08:46  23    with a new set of dates.
08:46  24              MR. ANDRE:  Yes, Your Honor.
08:46  25              THE COURT:  Okay.
```

```
08:46   1              MR. STEWARD:  That's fine, Your Honor.
08:46   2              THE COURT:  Okay.
08:46   3              I think we ought to discuss another status
08:46   4   conference, which I'll set now.  I propose September 30.  Is
08:46   5   that convenient?
08:46   6              MR. SAGEL:  Your Honor, we currently have one on
08:46   7   September 18th.
08:46   8              THE COURT:  19th?
08:46   9              MR. SAGEL:  18th I believe.
08:46  10              THE COURT:  Well, it wouldn't be the 18th.  Maybe
08:46  11   it was September 9th.
08:46  12              MR. SAGEL:  I believe you set it for a Wednesday
08:46  13   because of the --
08:46  14              THE CLERK:  September 18th at 8:30.
08:46  15              THE COURT:  Okay.  Let's just keep that then.
08:46  16              Has the government given any indication of what
08:47  17   its position is with regard to the Stormy Daniels case being
08:47  18   transferred to this district?  Mr. Steward.
08:47  19              MR. STEWARD:  Yes.  They oppose it back in
08:47  20   New York.
08:47  21              THE COURT:  Okay.
08:47  22              Are there any other matters anyone would like to
08:47  23   take up this morning?
08:47  24              MR. STEWARD:  No, Your Honor.
08:47  25              MR. ANDRE:  No, Your Honor.  Thank you.
```

08:47  THE COURT: Okay. Very good. Thank you.
08:47  (Whereupon, the proceedings were concluded.)
08:47             \*   \*   \*

CERTIFICATE

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date: February 27, 2020

/s/ Sharon A. Seffens  2/27/20
_____
SHARON A. SEFFENS, U.S. COURT REPORTER