UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

- - -

THE HONORABLE JAMES V. SELNA, JUDGE PRESIDING

```
UNITED STATES OF AMERICA,    )CERTIFIED TRANSCRIPT
                 Plaintiff,  )
   vs.                       )
                             )  SACR-19-00061-JVS
MICHAEL JOHN AVENATTI,       )
                 Defendant.  )
-----------------------------)
```

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Santa Ana, California

December 2, 2019

SHARON A. SEFFENS, RPR
United States Courthouse
411 West 4th Street, Suite 1-1053
Santa Ana, CA  92701
(714) 543-0870

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

```
 1   APPEARANCES OF COUNSEL:

 2   For the Plaintiff:

 3   NICOLA T. HANNA
     United States Attorney
 4   BRANDON D. FOX
     Assistant United States Attorney
 5   Chief, Criminal Division
     JULIAN L. ANDRE
 6   Assistant United States Attorney
     Major Frauds Section
 7   1100 United States Courthouse
     312 North Spring Street
 8   Los Angeles, CA  90012
     (213) 894-6683
 9
     BRETT A. SAGEL
10   Assistant United States Attorney
     Ronald Reagan Federal Building
11   411 West Fourth Street, Suite 8000
     Santa Ana, CA  92701
12   (714) 338-3598

13   For the Defendant:

14   H. DEAN STEWARD
     H. DEAN STEWARD LAW OFFICES
15   107 Avenida Miramar, Suite C
     San Clemente, CA  92672
16   (949) 481-4900

17

18

19

20

21

22

23

24

25
```

```
09:00    1    SANTA ANA, CALIFORNIA; MONDAY, DECEMBER 2, 2019; 9:00 A.M.
09:00    2              THE CLERK:  Item No. 1, SACR-19-00061-JVS, United
09:00    3    States of America versus Michael John Avenatti.
09:00    4              MR. SAGEL:  Good morning, Your Honor.  Brett Sagel
09:00    5    and Julian Andre on behalf of the United States.
09:00    6              MR. STEWARD:  Your Honor, Dean Steward on behalf
09:00    7    of Mr. Avenatti.  We have a waiver on file, but he has asked
09:00    8    to participate by phone.  He is with his attorneys in Miami
09:00    9    preparing for trial in New York.
09:01   10              THE COURT:  Very good.
09:01   11              Can you hear us okay, Mr. Avenatti?
09:01   12              MR. AVENATTI:  I can, Your Honor, and I appreciate
09:01   13    you allowing me to participate by phone this morning.  Good
09:01   14    morning.
09:01   15              THE COURT:  Very good.
09:01   16              This matter is here for a status report.  Let me
09:01   17    begin with the government.
09:01   18              MR. SAGEL:  Thank you, Your Honor.  Part of the
09:01   19    reason we asked to keep this on calendar was the very reason
09:01   20    we have these periodic status conferences to make sure
09:01   21    things stay kind of moving along and that the trial date can
09:01   22    stand.  We just wanted to kind of confirm the situation and
09:01   23    raise maybe just a couple little side issues.
09:01   24              One, in our opinion, we think the discovery is
09:01   25    moving along.  Based on the e-mails I have received from
```

|       |    |                                                              |
|-------|----|--------------------------------------------------------------|
| 09:01 | 1  | defense counsel, I believe he thinks things are moving along |
| 09:01 | 2  | because they didn't even think this hearing was necessary.   |
| 09:01 | 3  | I can detail anything Your Honor wants on the discovery      |
| 09:01 | 4  | front, but things are moving.                                |
| 09:01 | 5  |     THE COURT: Well, I thought it would have been |
| 09:01 | 6  | completed by this time.                                      |
| 09:01 | 7  |     MR. SAGEL: It has not been completed, and I can |
| 09:02 | 8  | kind of break it down to various things. But the specific    |
| 09:02 | 9  | parts of the server that relate to the clients and, for      |
| 09:02 | 10 | example, the Quickbook accounts -- much of the privilege     |
| 09:02 | 11 | review has been done for what we would say are the most      |
| 09:02 | 12 | pertinent things, but it's actually very cumbersome and      |
| 09:02 | 13 | long. So it's moving along.                                  |
| 09:02 | 14 |     Defense counsel has had at least -- again, we are |
| 09:02 | 15 | not privy to all the details -- four or more meetings with   |
| 09:02 | 16 | the Privilege Review Team for them to get whatever files     |
| 09:02 | 17 | that they've sought. They have received just from their own  |
| 09:02 | 18 | productions that are outside of us in the review I think     |
| 09:02 | 19 | about 45,000 different files that they've been able to       |
| 09:02 | 20 | earmark from the digital devices. So we're still moving      |
| 09:02 | 21 | along. I don't want to give a date specific of when it's     |
| 09:02 | 22 | going to be finished, but it's moving.                       |
| 09:02 | 23 |     Then I can answer anything else with the discovery |
| 09:03 | 24 | or get more specific if you want.                            |
| 09:03 | 25 |     THE COURT: Well, the obvious next question is |

```
09:03   1    when will it be complete?
09:03   2             MR. SAGEL:  It's a good question.
09:03   3             THE COURT:  It's a good question, and it needs a
09:03   4    good answer.
09:03   5             MR. SAGEL:  A good answer is -- I think I could
09:03   6    say that obviously every time the defense meets with our
09:03   7    Privilege Review Team attorneys that obviously slows down
09:03   8    their work on just the discovery part of it for this.
09:03   9             We've narrowed down the scope tremendously on all
09:03   10   the digital devices, so the number of files have been
09:03   11   limited dramatically.  On many of these things -- and I'd
09:03   12   have to break it out depending on the device.  Some of the
09:03   13   devices they have in whole, or they have the full in-scope
09:03   14   documents, and now we are trying to do the privilege review.
09:03   15   So they have much more than what we have.
09:04   16            The final review I would hope would probably be
09:04   17   done hopefully in early January.  I say that without having
09:04   18   any privy to the circumstances in which they are doing it
09:04   19   and how they are getting through the files.  It's not for
09:04   20   lack of manpower both on the agents' side or the privilege
09:04   21   review attorneys' side to keep doing the review.
09:04   22            THE COURT:  Okay.  Mr. Steward.
09:04   23            MR. STEWARD:  Your Honor, we have visited the
09:04   24   Privilege Review Filter Team, Taint Team, whatever you want
09:04   25   call them, in Los Angeles twice, and they have been very
```

09:04 1 cooperative. We have requested files. They have
09:04 2 electronically given us what we needed.
09:04 3 Our plan all along has been to take it a piece at
09:04 4 a time, take what's hot and relevant, get that now, and then
09:04 5 go to the next one. We plan on continuing to do that. Like
09:04 6 I said, they have been very cooperative in terms of being
09:05 7 available for us and giving us what we request, but that's
09:05 8 all the things up in Los Angeles.
09:05 9 Down here from government counsel I just received
09:05 10 seven more CDs this morning, and our index of discovery is
09:05 11 up to 31 pages, and each one of the pages has 30 entries,
09:05 12 maybe more. So there's a great deal to review.
09:05 13 The production, like I said, sounds like it's
09:05 14 moving along. However, the review on my side has been
09:05 15 hindered. As the Court knows, I have been here the last six
09:05 16 weeks. I probably have got another two weeks to go in total
09:05 17 here before I can turn my attention fully to all of this,
09:05 18 but I feel like right now I am behind. I'm doing the best I
09:05 19 can. We'll just see where the government's production goes
09:05 20 and what they give us.
09:05 21 I've been led to believe that the seven CDs I
09:06 22 received today contains a great deal of material. It's
09:06 23 phones and devices from Judy Regnier, who was Mr. Avenatti's
09:06 24 right-hand person in his practice, his office manager, if
09:06 25 you will, and it contains a great deal of relevant material

| | | |
|---|---|---|
| 09:06 | 1 | that I need to carefully review.  But, you know, there is a |
| 09:06 | 2 | whole lot of it, and all I can say at this point is we are |
| 09:06 | 3 | doing the best we can. |
| 09:06 | 4 |        THE COURT:  Okay.  Looking at the schedule going |
| 09:06 | 5 | forward, there are a couple of dates that I need to adjust. |
| 09:06 | 6 | We have a pretrial motions hearing presently scheduled for |
| 09:06 | 7 | April 13.  I'm going to be gone most of April.  So we can |
| 09:06 | 8 | either advance that a week or push it into May and maybe set |
| 09:06 | 9 | the trial date a week later. |
| 09:06 | 10 |        MR. STEWARD:  I would certainly ask for May, Your |
| 09:06 | 11 | Honor, given my situation and the amount of discovery in the |
| 09:07 | 12 | case. |
| 09:07 | 13 |        MR. SAGEL:  Not surprisingly, I think we would |
| 09:07 | 14 | have taken the opposite approach and said to advance it a |
| 09:07 | 15 | week.  But I am just looking at my calendar.  April 6th is |
| 09:07 | 16 | good with the government, Your Honor. |
| 09:07 | 17 |        THE COURT:  Well, I'm going to advance the |
| 09:07 | 18 | pretrial motions hearing date to April 6th. |
| 09:07 | 19 |        MR. STEWARD:  Your Honor, the only problem for me |
| 09:07 | 20 | is what has commonly been called the Stormy Daniels case is |
| 09:07 | 21 | scheduled for April.  I wish I had my calendar with me. |
| 09:07 | 22 |        THE COURT:  That's staying in New York? |
| 09:07 | 23 |        MR. STEWARD:  Yes, it is staying in New York. |
| 09:07 | 24 |        MR. SAGEL:  I would also point out, Your Honor, |
| 09:07 | 25 | that trial date that's now set in April was set by Mr. |

| | | |
|---|---|---|
| 09:07 | 1 | Steward after we had a May trial date here.  He knew of this |
| 09:07 | 2 | May trial date when he asked for the April date for that |
| 09:07 | 3 | trial in New York.  So it seems a little wierd to be using |
| 09:08 | 4 | that as a conflict for the dates in this matter. |
| 09:08 | 5 |       MR. STEWARD:  I'm doing the best I can, Your |
| 09:08 | 6 | Honor. |
| 09:08 | 7 |       THE COURT:  Well, you don't have an exact trial |
| 09:08 | 8 | date? |
| 09:08 | 9 |       MR. STEWARD:  I'm sorry.  I don't.  I believe it |
| 09:08 | 10 | is early April because I remember there was a 30-day window |
| 09:08 | 11 | when I would finish the one and have that time to prepare |
| 09:08 | 12 | for this case. |
| 09:08 | 13 |       MR. SAGEL:  April 21st, Your Honor. |
| 09:08 | 14 |       THE COURT:  Well, I'm going to advance the motions |
| 09:08 | 15 | hearing date to April 6th.  The final pretrial conference is |
| 09:08 | 16 | presently scheduled for May 4th.  I'd like to keep it in |
| 09:08 | 17 | that week but just later in the week.  So I propose at 8:00 |
| 09:08 | 18 | any day late in the week, Thursday or Friday.  What's your |
| 09:08 | 19 | pleasure? |
| 09:08 | 20 |       MR. STEWARD:  Friday for me, Your Honor. |
| 09:08 | 21 |       MR. SAGEL:  Friday if the Court pleases. |
| 09:08 | 22 |       THE COURT:  That's fine.  May 8th at 8:30 a.m.  I |
| 09:08 | 23 | would also like to set another one of these status |
| 09:09 | 24 | conferences, and I propose the very end of January. |
| 09:09 | 25 |       MR. SAGEL:  I was going to mention we currently |

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

```
09:09   1    have one on January 20th, which is obviously Martin Luther
09:09   2    King Day that we mistakenly set, so if we could modify the
09:09   3    January 20 date, Your Honor.
09:09   4             THE COURT:  How about the 26th?
09:09   5             MR. STEWARD:  That's fine, Your Honor.
09:09   6             THE CLERK:  That's a Sunday.
09:09   7             THE COURT:  The 27th.  Sorry.
09:09   8             MR. STEWARD:  That's also fine.
09:09   9             THE COURT:  Okay.  At the same time.
09:09  10             Okay, anything else we should take up?
09:09  11             MR. SAGEL:  One other matter and I'll confer.  I
09:09  12   can go into the details of the Protective Order if you want.
09:09  13   But as Your Honor knows, we had a Protective Order in this
09:09  14   case and then we modified the Protective Order because
09:10  15   Mr. Avenatti has various other legal matters going on, not
09:10  16   exclusively, but his State Bar hearing, his New York
09:10  17   criminal trials.  So we modified it so that defense counsel
09:10  18   here would be able to share discovery he received in this
09:10  19   case with other counsel but with limitations.
09:10  20             About a couple weeks ago -- I can look at the
09:10  21   exact date of the e-mail -- I got an e-mail from one of the
09:10  22   State Bar counsel saying out of an abundance of caution we
09:10  23   are producing documents to the State Bar.  They never listed
09:10  24   out the documents or never told us what they were producing,
09:10  25   or that they were following a Protective Order, and there
```

|       |    |                                                                     |
|-------|----|---------------------------------------------------------------------|
| 09:10 | 1  | are various parts of the Protective Order they would need to        |
| 09:10 | 2  | follow, including --                                                |
| 09:10 | 3  | THE COURT: In making documents available to other                   |
| 09:10 | 4  | counsel, was there any requirement for them to officially           |
| 09:10 | 5  | sign onto the Protective Order so they acknowledge they are         |
| 09:10 | 6  | bound by it?                                                        |
| 09:10 | 7  | MR. SAGEL: You are asking of his State Bar                          |
| 09:10 | 8  | counsel or the counsel he is sending it on to?  The                 |
| 09:11 | 9  | Protective Order in this case requires for Mr. Steward to           |
| 09:11 | 10 | share anything with other counsel.                                  |
| 09:11 | 11 | THE COURT: Right.                                                   |
| 09:11 | 12 | MR. SAGEL: He's basically averring to the Court                     |
| 09:11 | 13 | that he has gone over and provided them with the Protective         |
| 09:11 | 14 | Order and making sure that they are complying with that             |
| 09:11 | 15 | Protective Order in the same regard as if they were sitting         |
| 09:11 | 16 | at that table with Mr. Steward.  When we basically followed         |
| 09:11 | 17 | up with State Bar counsel like that's not within the                |
| 09:11 | 18 | Protective Order and provided them a copy, it's been radio          |
| 09:11 | 19 | silence.  We haven't heard anything since.  I have raised           |
| 09:11 | 20 | this with Mr. Steward, and I haven't heard back from either         |
| 09:11 | 21 | he or State Bar counsel why they're not complying with the          |
| 09:11 | 22 | Protective Order.                                                   |
| 09:11 | 23 | THE COURT: Would you submit either a revised                        |
| 09:11 | 24 | Protective Order or an addendum to the current Protective           |
| 09:11 | 25 | Order that requires before any counsel other than Mr.               |

```
09:11   1    Steward and whatever public assistance he has in this case
09:11   2    receive documents subject to the Protective Order that the
09:12   3    recipients sign onto the Protective Order so basically I've
09:12   4    got jurisdiction over it?
09:12   5              MR. SAGEL:  No problem, Your Honor.
09:12   6              THE COURT:  If documents have been disclosed
09:12   7    already, provide that Mr. Steward obtain a similar
09:12   8    acknowledgment of the Protective Order from the recipient
09:12   9    counsel.
09:12   10             MR. SAGEL:  Will do.
09:12   11             MR. STEWARD:  That's fine, Your Honor.
09:12   12             THE COURT:  Okay.  Anything else then?
09:12   13             MR. STEWARD:  Not from the defense, Your Honor.
09:12   14             MR. SAGEL:  Nothing from the government, Your
09:12   15   Honor.
09:12   16             THE COURT:  Okay.  Thank you.
09:12   17             MR. STEWARD:  Thank you, Your Honor.
09:12   18             MR. SAGEL:  Thank you.
09:12   19             (Whereupon, the proceedings were concluded.)
09:12   20                         *    *    *
09:12   21
09:12   22
09:12   23
09:12   24
09:12   25
```

CERTIFICATE

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date:   February 27, 2020


/s/   Sharon A. Seffens  2/27/20
_____
SHARON A. SEFFENS, U.S. COURT REPORTER