H. Dean Steward  SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
949-481-4900
Fax: (949) 496-6753
deansteward@fea.net

Attorney for Defendant
Michael J. Avenatti

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>      Plaintiff,<br><br>  vs.<br><br>MICHAEL J. AVENATTI<br><br>  Defendant. | Case No.  SA-CR-19-61-JVS<br><br>SUPPLEMENT TO EX PARTE APPLICATION FOR BAIL RECONSIDERATION; EXHIBITS "A" THROUGH "F" |

Comes now defendant, through counsel, and submits the material below, on invitation from the Court for further clarification and proof.

DATED: March 20, 2020        /s./ H. Dean Steward

                                          H. Dean Steward

                                          Counsel for Defendant

                                          Michael J. Avenatti

**I. Introduction**

On March 18, 2020, this Court requested a response from the defense regarding certain assertions in the bail re-consideration application filed that same day. The defense responds below, with the thought in mind that Mr. Avenatti is a non-violent offender in a non-violent case. It is also a different world today than it was when Mr. Avenatti was remanded in mid-January of this year. Covid 19 has changed everything.

**II. Court Order in *U.S. v. Stephens*, CR-15-95-AJN, Southern District of New York**

Yesterday, U.S. District Judge Alison J. Nathan ordered the release of a defendant on grounds similar to those presented here. (Order attached as Ex. "A"). The Court found, as one of two grounds for release, that the covid 19 epidemic to be a changed circumstance. "Namely, the obstacles the current health crisis poses to the preparation of the Defendant's defense constitute a compelling reason under 18 USC §3142(i)." *Stephens* at p. 5

Mr. Avenatti's ability (or lack thereof) to prepare a defense will be explored in a motion to be filed shortly, seeking a 90-day continuance of the trial and other dates. However, regardless of the ultimate trial date, the covid 19 outbreak is good cause for release of Mr. Avenatti. His personal health and his ability to prepare his defense depend on his release.

**III. Mr. Avenatti's Health**

Attached hereto are the following documents regarding Mr. Avenatti's pneumonia last Fall:

Exhibit "B"- A declaration from defendant's friend who took him to Doctor's Hospital in Coral Gables, Florida. She confirms both the illness and the pneumonia diagnosis.

Exhibit "C"- Visit confirmation to Urgent Care Walk In, Sept. 17, 2019 for Mr. Avenatti.

Exhibit "D"- E-mail to and from Pre-Trial Service Officer Shakira Davis in Los Angeles, confirming Mr. Avenatti's report to her of the illness. Mr. Avenatti sent medical records to Pre-Trial, but as noted in Ms. Davis' e-mail, these records are not available to the defense. Of course, the Court can access them directly.

Exhibit "E"- A 9-20-19 Tweet from Mr. Avenatti to his supporters, confirming he had pneumonia.

## IV. Cellmate Removal

Counsel for the defendant emailed the legal department of the MCC in New York City yesterday, seeking to confirm the removal of Mr. Avenatti's cellmate in the last 10 days for health reasons. The email is attached as Ex ."F".  No response has been received to date. If a timely response is received, it will be filed herein promptly.

## V. MCC New York City

In the original filing, the defense made the point that the MCC in New York City is woefully inadequate to handle an outbreak of any type of virus, let alone covid 19. The facility is 45 years old.

"When the MCC [ in New York City] opened in August 1975, the planned capacity was 449 inmates, an increase of 50% over the former West Street facility. Despite some dormitory accommodations, the MCC was designed primarily to house these inmates in 389 rooms, which originally were intended for single occupancy."

*Bell v. Wolfish* 441 U.S. 520, 524 (1979)

The MCC currently houses 692 inmates, per the facility's website. https://www.bop.gov/locations/institutions/nym/index.jsp

"Medical care at MCC was also condemned by former prisoners and defense attorneys. 'Unless it's life or death there's no immediate medical care,' prisoner Marlon Roberts wrote Gothamist in a letter. '[I]t can take 2 months to answer your sick call request.'

Andrew Laufer, a civil rights attorney who has filed several lawsuits challenging conditions at the BOP's two federal jails in New York City, recalled suing the BOP on behalf of a prisoner at MCC who had had his fingertip chopped off by a cell door. Rather than being placed in an ambulance, alleges Laufer, the man was chained at his ankles and wrists and brought to the hospital by correctional officers, bleeding profusely.

'I think it's a human rights violation,' Laufer says of the medical care at MCC. 'I think it's an Eighth Amendment violation—deliberate indifference.'"

Stahl, Aviva, The Gothamist[1], *Prisoners Endure A Nightmare 'Gulag' In Lower Manhattan, Hidden In Plain Sight,* 6-19-2018

The MCC in New York City is a disaster waiting to happen.

## VI. Conclusion

For the reasons above, the defense continues to ask the Court to consider re-admitting Mr. Avenatti to bail. The defense has suggested increased bail conditions (see proposed order), and while in custody, Mr. Avenatti's health and right to prepare for trial are significantly impaired.

Dated: 3-19-20          /s./ H. Dean Steward

                          H. Dean Steward

                          Counsel for Defendant M. Avenatti

---

[1] The Gothamist is a New York City organization that operates eight city-centric websites that focus on news, events, food, culture, and other local coverage. *Wikipedia*

:

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.

I am not a party to the above entitled action. I have caused, on 3-20-20, service of the defendant's:

**SUPPLEMENT TO BAIL RECONSIDERATION APPLICATION**

On the following parties electronically by filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

**AUSA BRETT SAGEL & JULIAN ANDRE**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 3-20-20

s/ H. Dean Steward

H. Dean Steward