UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | SACR 19-61-JVS | Date | March 21, 2020 |
|---|---|---|---|

Present: The Honorable **JAMES V. SELNA, U.S. DISTRICT COURT JUDGE**

Interpreter

| Lisa Bredahl | Not Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Michael John Avenatti | NOT | X | | Dean Steward | NOT | | X |

**Proceedings:** [IN CHAMBERS] <u>**Minute Order Denying *Ex Parte* Application for Reconsideration of Bail**</u>

      On January 14, 2020, the Court signed a warrant for the arrest of defendant Michael Avenatti ("Avenatti"). (Docket No. 75.) A bail revocation hearing was conducted the following day. (Docket No.94.) The Court found probable cause, based on the voluminous evidence presented, that Avenatti had committed federal and state crimes. (<u>Id.</u>, pp. 36-37.) The Court found that he had failed to rebut the presumption under 18 U.S.C. § 3148(b) that he was a danger to the community. Specifically, the Court found that Avenatti was an "ongoing danger," and that the danger was "real and palpable." (<u>Id.</u>, p. 37.) The Court ordered Avenatti remanded.

      On appeal from that Order, the Ninth Circuit held that the this Court had correctly found that the Government had shown probable cause with regard to the commission of crimes, and that this Court had correctly found that Avenatti had not rebutted the presumption that he was a danger to the community.[1] <u>United States v. Avenatti</u>, United States Circuit Court of Appeals for the Ninth Circuit, No. 20-50017, Mar. 6, 2020, p. 2. The Ninth Circuit affirmed. (<u>Id.</u>)

      Avenatti has applied for reconsideration of the Court's decision to remand him to

---

[1] "The district court also correctly found that appellant failed to rebut the presumption that 'no condition or combination of conditions will assure . . . the safety of . . . the community.' 18 U.S.C. § 3148."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

custody. (Docket No.117.) Upon preliminary review, the Court requested a further evidentiary showing concerning key factual assertions in the application (Docket No. 118), and Avenatti responded (Docket No. 119). The Government has filed an opposition. (Docket No. 120.)

There is no basis to reconsider the Court's earlier determination that Avenatti is a danger to the community. Unlike the situation in United States v. Stephens, United States District Court for the Southern District of New York, No. 5-cr-95, Mar. 19, 2020, p. 2, nothing has been presented to "undermine[]" the Court's initial conclusion. Indeed, subsequent events, namely, his conviction on three felony counts in the New York Extortion trial, confirm the Court's earlier conclusion. The additional terms for release which Avenatti now proposes were in fact raised at the revocation hearing. (Docket No. 94, pp. 29, 35-36.)

Avenatti also asserts that he should be released under the term of 18 U.S.C. § 3142 (i). The statute provides in part:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

(Emphasis supplied.) Avenatti's request is not limited to a temporary release, but rather for full bail. Moreover, he offers no specifics with regard to whose "custody" he would be released.

The Court is mindful of the Covid 19 pandemic. The Court accepts Avenatti's showing that the had pneumonia about six months ago. (Docket No. 119-2, 119-3.) However, there is no showing that his cell mate was infected by the virus, and there have been no reported cases of Covid 19 at the New York MCC.[2] As the Government points out, much of Avenatti's criticism about the facility relate to a different facility in Brooklyn. (See Opposition, p. 10.) There is no basis to release Avenatti on medical grounds. United States v. Birbragher, 2008 WL 1883504 at *2 (N.D. Iowa Apr. 25, 2008). The Bureau of Prisons and MCC specifically have taken substantial steps to mitigate the effects of the pandemic.[3] MCC has moved "at risk" prisoners, which presumably includes Avenatti, to a separate unit. (André Decl. Ex. A., p. 2.)

While trial in this matter is scheduled for May 19, 2020, there will likely be an

---

[2] BOP COVID-19 Coronavirus Disease Resource, available at https://www.bop.gov/coronavirus/index.jsp.

[3] Id.; André Decl., Ex. A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

immediate request for a postponement. However, the fact of the matter is that no jury trial will be conducted until conditions in the Central District normalize. Notwithstanding any current limitations on attorney visits, there will be an adequate opportunity to prepare once conditions normalize.

For all of the foregoing reasons, the application is denied.

|  | : | 0 |
|---|---|---|
| Initials of Deputy Clerk | lmb | |