H. Dean Steward  SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
949-481-4900
Fax: (949) 496-6753

Attorney for Defendant
MICHAEL J. AVENATTI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES, | Case No. SA-CR-19-61-JVS |
|---|---|
| Plaintiff, | EX PARTE APPLICATION FOR A 90 DAY CONTINUANCE OF TRIAL DATE AND ASSOCIATED DEADLINES; POINTS AND AUTHORITIES; DECLARATION OF COUNSEL; SIGNED WAIVER FORM |
| vs. | |
| MICHAEL J. AVENATTI | |
| Defendant. | |

Comes now defendant, together with counsel, and applies ex parte to this court for an order continuing the trial date and associated deadlines for 90 days. Defendant has consented to such a continuance (see attached form), and the points and authorities below show the need and compliance with the Speedy Trial Act.

Dated: 3-24-20                    /s./ H. Dean Steward
                                  H. Dean Steward
                                  Counsel for Defendant
                                  Michael J. Avenatti

- 1 -

POINTS AND AUTHORITIES

## I. Introduction

Defendant Michael Avenatti hereby seeks a continuance of his current trial date of May 19, 2020 for 90 days. In addition, the defense seeks to adjust all dates and deadlines to fit the new trial date. Specifically, the defense seeks this continuance under the Speedy Trial Act, 18 USC §3161 and the following sections of the Act:

    (h)(1)(B)- delay resulting from trial with respect to other charges against defendant-Separate indictment and trial (January/February 2020) in the Southern District of New York- *U.S. v. Avenatti*– CR-19-373-PGG, See *U.S. v. Lopez-Espindola* 632 F.2d 107,109 ( 9th Cir. 1980), ("The particular subsection of the statute which sets forth the applicable excludable period reads: 'delay resulting from trial with respect to other charges against the defendant.'")

    (h)(7)(A)- ends of justice are served by the delay, outweighing the best interests of the public and the defendant- *U.S. v. Madkins* 866 F3d 1136, 1140 (10th Cir. 2017), ("In considering whether there are sufficient ends-of-justice findings in the record... the record must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time." )

(h)(7)(B)(i)- failure to grant the continuance would result in a miscarriage of justice

(h)(7)(B)(ii)- case is so complex that it is unreasonable to expect adequate preparation for trial within normal time limits- here, three different types of charges are joined in one indictment. In addition, the government has released well over 1,000,000 pages of discovery

(h)(7)(B)(iv)- failure to grant the continuance would deny the defense reasonable time necessary for effective preparation, taking into account the exercise of due diligence- huge discovery, defendant largely unavailable to review it and otherwise meet with counsel and prepare for trial

**II. Mountains of Discovery**

In their Feb. 18, 2020 filing, the government set out the enormous amount of discovery that has been released to the defense. [See docket #99, pages 4-5 and elsewhere]. In addition, the trial team for the government has only a sense for the volume of discovery release by the taint team.

Commentators have recognized the dangers created where the government produces a large body of discovery material. See Robert G. Morvillo et al., *Motion Denied: Systematic Impediments to White Collar Criminal Defendants' Trial Preparation,* 42 Am. Crim. L. Rev. 157, 160 (2005); see generally Sara Kropf et al.,

- 3 -

*The "Chief" Problem with Reciprocal Discovery Under Rule 16*, The Champion, September/October 2010.

The defense has been diligent in reviewing the discovery, although defendant himself has had limited access (see §III, below).

**III. Diligence**

Over the course of the last 11 months, defendant and counsel have tried to be diligent in preparing for trial. The undersigned counsel has spent 100+ hours reviewing discovery. In addition, many hours have been spent drafting motions, consulting with the client and preparing trial folders, etc. Counsel has also retained a young lawyer to assist with legal research, and that lawyer has finished several projects on this case.

The defendant has had far less time to prepare. He has had no opportunity to review discovery or prepare in this case since Jan. 14, 2020. Uniquely, over the last 11 months, he has had to spend major amounts of time on:

1. Defending himself on a separate federal indictment and then trial in *U.S. v. Avenatti* – CR-19-373-PGG(Southern District of New York)

2. Defending himself and preparing for trial in *U.S. v. Avenatti* CR-19-374-JMF (Southern District of New York)

3. Defending himself, preparing for and attending numerous hearings in regard to his license to practice law in California. *In the Matter of Michael JohnAvenatti19-TE-30259*

4. Actually practicing law and representing clients, up until the time he was remanded in this case

These obstacles to preparation are unprecedented and exceptional.

## IV. Coronavirus, the Courts & Trial Preparation

Perhaps most importantly, life is at a virtual standstill currently in southern California and across the country. In the Central District of California, federal courts are closed for all intents and purposes, with initial criminal appearances being about the only current court function. Jury trials for at least the next 30 days have been canceled [See General orders **20-2**, filed 3-17-20; **20-3**, filed 3-13-20 and **Covid-19 Notice**, filed 3-21-20].

## V. Conclusion

For the reasons above, the defense asks the Court to consider a 90 continuance on the trial date and re-adjusting the due dates on all other related events. As outlined above, this continuance is fully justified on multiple Speedy Trial Act grounds. Attached hereto is the defendant's waiver of time, plus counsel's declaration regarding full discussions with defendant on this issue.

Dated: 3-24-20        /s./ H. Dean Steward
                      H. Dean Steward
                      Counsel for Defendant
                      Michael J. Avenatti

DECLARATION OF COUNSEL

I, H. Dean Steward, declare:

1. I am retained counsel for defendant in the case above. I make this declaration in support of defendant's request for a 90-day continuance of the trial date herein.

2. The facts set out above are true to the best of my knowledge. I have been able to meet with my client in New York City only once since his remand in this case.

3. I cannot send or leave discovery in this case with him at the MCC in New York City, as the most important portions of discovery are covered by a protective order.

4. The attached waiver form was signed in my presence at the MCC in New York City on the date indicated. Before signing it, my client and I had a detailed discussion of the Speedy Trial Act, and the pro's and con's of requesting this continuance. I provided my client with a copy of the Speedy Trial Act, 18 USC §3161. The waiver appears as an odd PDF, as the scanner in my office is not currently working, and IT repair is currently unavailable.

5. On March 19, 2020, I consulted with government counsel on this application. They indicated that they oppose it, and request time to respond in writing.

I declare that the foregoing is true and correct, to the best of my knowledge.

Dated: 3-24-20            /s./ H. Dean Steward

CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age.

My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.

I am not a party to the above entitled action. I have caused, on 3-24-20, service of the defendant's:

**EX PARTE APP TO CONTINUE TRIAL DATE**

On the following party, using the court's ECF system:

**AUSA's Brett Sagel & Julian Andre**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 3-24-20

s/ H. Dean Steward

H. Dean Steward