NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6683
    Facsimile: (213) 894-6269
    Email:    Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
    Ronald Reagan Federal Building
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3598
    Facsimile: (714) 338-3708
    Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT MICHAEL JOHN AVENATTI'S *EX PARTE* APPLICATION FOR A 90-DAY CONTINUANCE OF TRIAL DATE AND ASSOCIATED DEADLINES |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | *[Proposed] Order Lodged Concurrently Herewith* |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Julian L. André and Brett A. Sagel, hereby files its response to the ex parte application

for a 90-day continuance of the trial date and associated deadlines defendant MICHAEL JOHN AVENATTI ("defendant") filed in the above-captioned matter.

As set forth herein, the government agrees that a continuance of the trial date is appropriate and necessary in light of the COVID-19 public-health emergency and does not object to the Court granting a 90-day continuance on that basis.  The government, however, submits this response to briefly address some of the other arguments set forth in defendant's ex parte application.

This response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 26, 2020              Respectfully submitted,

                                   NICOLA T. HANNA
                                   United States Attorney

                                   BRANDON D. FOX
                                   Assistant United States Attorney
                                   Chief, Criminal Division

                                   /s/ Julian André
                                   _____
                                   JULIAN L. ANDRÉ
                                   BRETT A. SAGEL
                                   Assistant United States Attorney

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant MICHAEL JOHN AVENATTI ("defendant") is currently set to proceed to trial in this case on May 19, 2020.[1]  (CR 66.) Defendant is also separately scheduled to proceed to trial on July 14, 2020, in the Southern District of New York in United States v. Avenatti, 1:19-CR-374-JMF (the "SDNY Fraud Case").

On March 24, 2020, defendant filed an ex parte application for a 90-day continuance of the trial date and other case deadlines.  (CR 122.)  Defendant has executed a written waiver of his right to proceed to trial prior to August 19, 2020.  (CR 122-1.)  The government agrees that a continuance of the trial date and other case deadlines is appropriate and necessary because of the COVID-19 public-health emergency.  The government does not object to the 90-day continuance defendant has requested, but defers to the Court's judgment as to an appropriate new trial date.

The government, however, believes that defendant has already had sufficient time to prepare his defense in this case, and is concerned that defendant will unnecessarily seek to delay this trial in the future.  Indeed, defense counsel advised the government that he views the 90-day continuance request to be merely a "placeholder" and anticipates seeking additional continuances in the future.  The government disagrees with defendant's "placeholder" approach, and believes that defendant should be prepared to proceed to trial on the new trial date (provided that the current circumstances relating to COVID-19 have subsided by that point in time).  The government also

---

[1] The Speedy Trial Act, 18 U.S.C. § 3161, currently requires that trial commence on or before June 3, 2020.

objects to a number of the specific arguments defendant makes in support of his continuance request, which are addressed below.[2]

First, defendant claims that a continuance is necessary due to the complexity of the charges against defendant. (CR 122 at 3.) This is incorrect. Although the Indictment contains a significant number of charges and the trial will be lengthy, the individual charges themselves are not complicated -- they are straight-forward. Defendant is also well aware of the evidence supporting the charges, which is described in extensive detail in the 61-page Indictment (CR 16) and three lengthy search warrant affidavits (CR 78, Exs. 1-3.)

Second, defendant claims that a continuance is necessary due to the volume of discovery produced in this case. (CR 122 at 3-4.) The government disagrees that this is a basis for a continuance. As set forth in the government's February 18, 2020, status report, defendant has had access to the vast majority of the relevant evidence in this case since early-June 2019, including summaries of key witness interviews. (CR 99.) All of the discovery has been produced with database load files, which allows the defense to easily search and review the materials, and detailed indexes.

The government has also produced certain materials to defendant voluntarily or at an earlier date to ensure that defendant can effectively and efficiently prepare for trial. Most recently, on March 1, 2020, the government provided defendant with approximately 80 pages of draft summary charts detailing the financial transactions at issue in this case, as well as a copy of the government's

---

[2] Although the government believes certain factual assertions in defendant's ex parte application are inaccurate, the government has not addressed all of those factual assertions at this time.

2

Microsoft Access database summarizing the bank records obtained during this investigation. And, as noted above, the government has voluntarily produced witness interview summaries months before it is required to do so under the Jencks Act, 18 U.S.C. § 3500 et. seq.

There is likewise no merit to defendant's claim that he is currently unable to review the discovery because of the Protective Order in this case. (CR 122 at 6, ¶ 3.) The Protective Order does not prevent defense counsel from sharing any of the discovery in this case with defendant. (CR 74.) Rather, the Protective Order expressly allows defense counsel to do so. (See CR 74 ¶ 5.)

Third, the government disagrees with defendant's assertion that he has diligently prepared for trial to date. (CR 122 at 4-5.) As the government has previously noted, it appears that defendant has made a strategic decision not to devote resources to the preparation of his defense in this case.[3] Defendant was represented by seven attorneys in United States v. Avenatti, No. 1:19-CR-373-PGG (S.D.N.Y.) (the "SDNY Extortion Case"); represented by four attorneys in the SDNY Fraud Case; and represented by four attorneys in the State Bar involuntary inactive status hearing, In re: Avenatti, No. 19-TE-30259 (the "State Bar Hearing"). Yet, he is represented by a single attorney in this case, which defense counsel has referred to as the "bigger one by far." (CR 111 at 13.)

Additionally, defendant should not be able to rely upon either the SDNY Fraud Case or the State Bar Hearing as a basis for a continuance. Defendant purposefully requested that the trial in the

---

[3] At the March 2, 2020, status conference the Court invited the parties to submit briefing regarding this particular issue. Because the parties agree that a continuance is currently necessary, the government has not submitted any such briefing at this time.

3

SDNY Fraud Case be scheduled one month before the trial in this case, which was already scheduled. (See CR 99 at 2, n.1; CR 120 at 4-5.) And the State Bar Hearing related to defendant's embezzlement of settlement proceeds from "Client 3" in the Indictment. Thus, any time defendant spent preparing for the State Bar Hearing would actually assist defendant in his preparation for this trial.

Fourth, defendant notes that COVID-19 will negatively affect defendant's ability to prepare for trial. The government recognizes that COVID-19 poses significant challenges for all parties and the Court, and agrees that a trial continuance is appropriate on that basis. But the COVID-19 public-health emergency should not prevent defendant and defense counsel from preparing for trial in the interim. For example, there is no reason why defense counsel and defendant cannot continue to review discovery or work on potential pretrial motions during this time period.

In sum, the government agrees that a continuance of the trial date is necessary. The government, however, requests that the Court schedule monthly status conferences (telephonically, for now) so that the Court can continue to monitor the parties' progress preparing for trial and address any other issues. For the Court's convenience, the government has submitted with this response a [proposed] order continuing the trial date to August 18, 2020, and continuing the other relevant case deadlines approximately 90 days from the original deadlines the parties agreed to in August 2019 (CR 66).[4]

---

[4] Since the motions deadline has already been continued three weeks (CR 115), the government has proposed continuing the deadline an additional 10 weeks rather than a full 90 days.

4