H. Dean Steward  SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
949-481-4900
Fax: (949) 496-6753

Attorney for Defendant
MICHAEL J. AVENATTI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES, | Case No. SA-CR-19-61-JVS |
|---|---|
| Plaintiff, | MOTION FOR RECONSIDERATION OF BAIL PENDING TRIAL; POINTS AND AUTHORITIES; DECLARATION OF COUNSEL |
| vs. | |
| MICHAEL J. AVENATTI | |
| Defendant. | |

Comes now defendant and counsel and submits the below motion for reconsideration of bail pending trial.

Dated: March 26, 2020        /s./ H. Dean Steward
                               H. Dean Steward
                               Counsel for Defendant
                               Michal J. Avenatti

- 1 -

POINTS AND AUTHORITIES

## I. Introduction

Defendant herewith seeks re-consideration of the Court's order regarding bail- [docket #121, 3-21-20, denying bail at that time]. Defendant continues to be held at the Metropolitan Correction Center in New York City, New York. New York City is now the undisputed epicenter of the covid 19 outbreak in the United States. B. Chapman & J. Villkind, *New York City Faces Challenges as U.S. Epicenter for Coronavirus* Wall Street Journal 3-23-20.

*https://www.wsj.com/articles/new-york-city-faces-challenges-as-u-s-epicenter-for-coronavirus-11584983498*

As the public health crisis rapidly evolves, so too should the judiciary's perspective on release. The number of people now contracting the virus and accompanying deaths rise alarmingly every day in New York City. Chillingly, the first case of covid 19 at the MCC there has been discovered.

> "A memo from the jail's warden obtained by [ at least two media outlets] says the inmate received the diagnosis on Monday afternoon [3-23-20] after 'complaining of chills, body aches, and fever' Sunday morning."
>
> Flipboard.com, *https://flipboard.com/@VICEINDIA/new-york-jail-that-held-el-chapo-and-jeffrey-epstein-now-has-a-coronavirus-case/a-nalNYD94SUG78Ow7uItGkQ%3Aa%3A3133044743-db7af9f923%2Fvice.com*

## II. Other Courts

Other judges, both federal and state, have very recently recognized the gravity of the covid 19 pandemic and the real danger to those who are incarcerated. For example:

*Xochihua-James v. Barr*, No. 18-71460 (9th Cir. Mar. 23, 2020) (unpublished) (sua sponte releasing detainee from immigration detention "in light of the rapidly escalating public health crisis"); *U.S. v. Garlock*, 18-cr-418-VC-1 (N.D. Cal. Mar. 25, 2020) (citing "chaos" inside federal prisons in sua sponte extending time to self-surrender: "[b]y now it almost goes without saying that we should not be adding to the prison population during the COVID-19 pandemic if it can be avoided"); *U.S. v. Perez*, ECF No. 62, Case No. 1:19-cr-297 (S.D.N.Y. Mar. 19, 2020) (releasing defendant due to the "heightened risk of dangerous complications should he contract COVID-19"); *In re Manrigue*, 2020 WL 1307109 (N.D. Cal. Mar. 19, 2020) ("The risk that this vulnerable person will contract COVID-19 while in jail is a special circumstance that warrants bail."); *In re Request to Commute or Suspend County Jail Sentences*, Docket No. 084230 (N.J. Mar. 22, 2020) (releasing large class of defendants serving time in county jail "in light of the Public Health Emergency" caused by COVID-19); see also *U.S.v. Matthaei*, ECF No. 30, Case No. 1:19-cr-243-BLW (D. Idaho Mar. 16, 2020) (extending self-surrender date by 90 days in light of COVID-19); *U.S. v. Barkman,* 2020 U.S. Dist. LEXIS 45628 (D. Nev. Mar. 17, 2020) (suspending intermittent confinement because "[t]here is a pandemic that poses a direct risk if Mr. Barkman . . . is admitted to the inmate population of the Wahoe County Detention Facility"); *U.S. v. Copeland*, No. 2:05-cr-135-DCN (D.S.C. Mar. 24, 2020) (granting compassionate release to defendant in part due to "Congress's desire for courts to release individuals the age defendant is, with the ailments that defendant has during this current pandemic").

### III. Section 3142(i) and "Compelling Reasons"

Sparse authority exists interpreting "compelling reasons". Almost none exists in this context, as the last pandemic remotely like the present situation was in 1918. In the

original bail application seven days ago, the defense relied heavily on *U.S. v. Stephens*, __F.Supp.3d__, (S.D.N.Y. March 19, 2020), 2020 WL 1295155 and does again here:

> "The text of Section 3142(i) provides that the Court may temporarily release a detained defendant to the custody of an 'appropriate person' where a 'compelling reason' necessitates such release. Compelling reasons may exist where release is necessary for the preparation of the defendant's defense, see 18 U.S.C. § 3142(i), or where the defendant's serious medical conditions warrant release, see, e.g., U.*S. v. Rebollo-Andino*, 312 F. App'x 346, 348 (1st Cir. 2009) (explaining that a defendant who is denied bail "retains the ability to request[,] ... in extraordinary circumstances, ... temporary release under § 3142(i)" should future developments with respect to his medical conditions so warrant); see also U.*S. v. Birbragher*, No. 07-cr-1023-(LRR), 2008 WL 1883504, (N.D. Iowa Apr. 25, 2008) (describing U.*S. v. Scarpa*, 815 F. Supp. 88 (E.D.N.Y. 1993), and U.*S. v. Cordero-Caraballo*, 185 F. Supp. 2d 143 (D.P.R. 2002), as cases in which courts found "compelling reason" to temporarily release defendants due to the defendants' serious medical issues).
>
> *****************
>
> The Court concludes that the Defendant has met his burden by demonstrating at least one compelling reason that also necessitates his release under this provision. *Namely, the obstacles the current public health crisis poses to the preparation of the Defendant's defense constitute a compelling reason under 18 U.S.C. § 3142(i). See id.* (providing that the Court "may ... permit the temporary release of [a] person, in the custody of a United States marshal or another appropriate person, to the extent [it] determines such release to be necessary for preparation of the person's defense"). The spread of COVID-19 throughout New York State—and the country—has compelled the BOP to suspend all visits— including legal visits, except as allowed on a case-by-case basis—until further

- 4 -

notice. See Federal Bureau of Prisons, Federal Bureau of Prisons COVID-19 Action Plan,

*U.S. v. Stephens* --- F.Supp.3d ----, (S.D.N.Y. March 19, 2020), 2020 WL 1295155 (emphasis added)

As District Judge G. Daniels in the Southern District of New York observed yesterday:

> "The courts have long recognized that there is no greater necessity than keeping a defendant alive, no matter the charge., 'We do not punish those who have not been proven guilty. When we do punish, we do not act cruelly. Continued incarceration of this terminally ill defendant threatens both of these fundamental characteristics of our democracy. '*U.S. v. Scarpa*, *supra*, (pretrial defendant with AIDS facing murder charges released on bail because of the 'unacceptably high risk of infection and death on a daily basis inside the MCC')."

*U.S. v. Little* __ F.Supp. 3d __ (S.D.N.Y. March 24, 2020), 2020 WL 1439979

Mr. Avenatti is at extreme risk of contracting covid 19 at the MCC. His health has been compromised by pneumonia in the last 9 months, and he is more susceptible than most to the covid 19 respiratory virus.

**IV. Proposed Bail Details**

Bail set before remand for Mr. Avenatti was:

1. $300,000 personal surety bond

2. Two sureties co-sign (by Mr. Avenatti's ex-wife and her husband signed)

3. Some travel restrictions

    4. Pre-trial Services supervision

    5. Surrender travel documents (appropriately surrendered)

    6. No contact with relevant parties

The defense now proposes these same conditions, with the following changes/additions:

    a. Surety to be Hugh Bromma of San Francisco, California- Mr. Bromma is the CEO of a major investment advisory firm. He is 74 years old, no criminal record, and substantial personal assets. He is a longtime friend of the defendant.

        ▶ Surety bond form to be signed within 48 hours, filed within 72 hours

        ▶ If no local U.S. Attorney's Office is available to review the surety's identification, surety to provide the court, counsel and Pre-Trial Services with a copy of his driver's license and a phone number that can be used to interview him

    b. Reside at a half-way house/CTC in Orange or Los Angeles counties, placed by Pre-Trial Services/Probation

    c. Pre-Trial Services to approve any financial transaction of $1,000 or more in advance

    d. Forthwith release

    e. Bond form to be signed by defendant within 48 hours of release and filed within 72 hours

f. No travel except to and from the Southern District of New York for court appearances- 24 hours' notice to Pre-Trial Services

**V. Conclusion**

As set out above, there are "compelling reasons" to believe that defendant's health is in immediate jeopardy from covid 19. As set out in the original bail application, Mr. Avenatti is more at risk than most, as he had pneumonia late last year. The MCC where he is being held has its first covid 19 case, and the potential for true disaster and wholesale death from the virus is enormous.

Dated: 3-26-20 /s./ H. Dean Steward

H. Dean Steward

Counsel for Defendant

Michael J. Avenatti

DECLARATION OF COUNSEL

I, H. Dean Steward, declare:

1. I am retained counsel for defendant Michael J. Avenatti. I make this declaration in support of his motion for re-consideration of bail pending trial.

2. I have conveyed the proposed conditions for bail as outlined above to my client via Corrlinks. He consents to setting these conditions, if the Court will allow.

3. I have been in contact with potential surety Hubert Bromma. I have explained his obligations if he signs, given him a blank surety form, and he advises that he will act as surety. I told him the tentative amount of the bond would be $300,000 and he continues to agree to serve.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge.

Dated: 3-26-20  /s./ H. Dean Steward

CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age.

My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.

    I am not a party to the above entitled action. I have caused, on 3-26-20, service

of the defendant's:

**MOTION FOR RECONSIDERATION OF BAIL PENDING TRIAL**

On the following party, using the court's ECF system:

**AUSA BRETT SAGEL AND JULIAN ANDRE**

**AND BY E-MAIL ON**

**PRE-TRIAL SERVICES OFFICER SHAKIRA DAVIS**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 3-26-20

s/ H. Dean Steward

H. Dean Steward