NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-6683
Facsimile: (213) 894-6269
Email: Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
Ronald Reagan Federal Building
411 West Fourth Street, Suite 8000
Santa Ana, California 92701
Telephone: (714) 338-3598
Facsimile: (714) 338-3708
Email: Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL JOHN AVENATTI,

Defendant.

SA CR No. 19-061-JVS

ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT

**NEW TRIAL DATE: August 18, 2020**

Having considered defendant MICHAEL JOHN AVENATTI's ("defendant's) ex parte application for a 90-day continuance of the trial date and associated deadlines (CR 122), defendant's signed written waiver of his Speedy Trial Act rights (CR 122-1), the government's response to defendant's ex parte application (CR 124),

as well as the Central District of California's General Orders Nos. 20-02 and 20-03 In Re: Coronavirus Public Emergency, and good cause appearing, the Court hereby FINDS AS FOLLOWS:

1. The Indictment in this case was filed on April 10, 2019. (CR 16.) Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on April 1, 2010. (CR 10.) The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before June 19, 2019.

2. On April 29, 2019, the Court set a trial date of June 4, 2019. (CR 23.)

3. Defendant is charged in a 36-count indictment with: ten counts of wire fraud, in violation of 18 U.S.C. § 1343; eight counts of willful failure to collect and pay over withheld taxes, in violation of 26 U.S.C. § 7202; one count of endeavoring to obstruct the administration of the Internal Revenue Code, in violation of 26 U.S.C. § 7212(a); ten counts of willful failure to file tax returns, in violation of 26 U.S.C. § 7203; two counts of bank fraud, in violation of 18 U.S.C. § 1344(1); one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1); three counts of false declaration in a bankruptcy, in violation of 18 U.S.C. § 152(3); and one count of false oath in a bankruptcy proceeding, in violation of 18 U.S.C. § 152(2). (CR 16.) The government has produced extensive discovery to the defense, including over 450,000 of Bates-labeled pages of discovery materials and a large volume of digital evidence. (CR 99).

4. The parties estimate that the trial in this matter will last approximately four to six weeks.

5. The Court has previously continued the trial date in this case from June 4, 2019, to May 19, 2020, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. (CR 34; CR 66.)

6. On March 13, 2020, the Central District of California entered a General Order suspending jury selection and jury trials scheduled to begin before April 13, 2020. C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (March 13, 2020). The same day, the Court entered another General Order imposing health- and travel-related limitations on access to Court facilities. C.D. Cal. General Order No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (March 13, 2020). These orders were imposed based on both (1) the California Governor's declaration of a public-health emergency in response to the spread of COVID-19, as well as (2) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. See General Order 20-02, at 1.

7. Given the public-health concerns discussed in General Orders 20-02 and 20-03, and given the facts set forth in the defendant's ex parte application and the government's response, the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial.

8. Failure to grant the continuance would be likely to make a continuation of the proceeding impossible or result in a miscarriage of justice.

9. Failure to continue this case is also likely to put counsel, parties, witnesses, jurors, and Court personnel at unnecessary risk.

10. Due to the restrictions imposed by current public-health concerns it is it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits. Thus, denial of a continuance is likely to deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

11. The continuance is not based on congestion of the Court’s calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

Accordingly, the Court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from May 19, 2020, to August 18, 2020 at 8:30 a.m.

2. The Court also sets the following dates and deadlines:

| | |
|---|---|
| Expert Witness Disclosure Deadline | May 26, 2020 |
| Deadline to File Pretrial Motions (Motions to Compel, Motions to Suppress, and Motions In Limine) | June 8, 2020 |
| Deadline to File Oppositions to Pretrial Motions | June 22, 2020 |
| Deadline to File Reply Briefs in Support of Pretrial Motions | June 29, 2020 |

| | |
|---|---|
| Pretrial Motions Hearing | July 6, 2020 at 8:00 am |
| Government Witness List Disclosure Deadline | July 20, 2020 |
| Deadline to Disclose Jencks Act Materials and Witness Statements | July 20, 2020 |
| Final Pretrial Conference | August 3, 2020 at 8:30 am |
| Government Exhibit Disclosure Deadline | August 11, 2020 |

3. All other case deadlines set forth in the Court's standing Order re: Criminal Trial shall remain in place.

4. The Court further orders the parties to appear[1] for interim status conferences on the following dates:

a. April 27, 2020, at 9:00 a.m.

b. June 1, 2020, at 9:00 a.m.

c. June 29, 2020, at 9:00 a.m.

5. The time period of May 19, 2020, to August 18, 2020, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

6. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of

[1] All such appearances shall be telephonic unless and until otherwise instructed by the Court.

additional time periods from the period within which trial must commence.

7. The Court cautions that the new trial date is not a "placeholder." Recognizing the difficulties presented by the Covid-19 pandemic, the parties should nevertheless prepare diligently to proceed on the indicated trial date. Any further request for continuance will take into account all of the circumstances then existing, including whether the parties heeded the Court's cautionary warning to proceed diligently.

IT IS SO ORDERED.

3/26/20
DATE

HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

Presented by:

/s/
JULIAN L. ANDRÉ
BRETT A. SAGEL
Assistant United States Attorneys