UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL

| Case No. | SACR 19-61-JVS | Date | March 27, 2020 |
|---|---|---|---|

| Present: The Honorable | JAMES V. SELNA, U.S. DISTRICT COURT JUDGE |
|---|---|
| Interpreter | |

| Lisa Bredahl | Not Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Michael John Avenatti | NOT | X | | Dean Steward | NOT | | X |

**Proceedings:** [IN CHAMBERS]  Ruling on *Ex Parte* Request for Reconsideration

At the Court's suggestion, defendant Michael Avenatti ("Avenatti") applied for reconsideration of the Court's decision to deny bail at Docket No. 121. (Docket No. 125.) The Government has responded. (Docket No. 127.)

Having considered the parties' briefs, the Court finds that it has the authority to grant temporary release pursuant to 18 U.S.C. § 3142 (i). The statute provides in part:

> The judicial officer may, by subsequent order, permit <u>the temporary release of the person</u>, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for <u>another compelling reason</u>.

(Emphasis supplied.)

Avenatti has demonstrated that the Covid-19 virus and its effects in greater New York City constitute "another compelling reason." <u>United States v. Stephens</u>, United States District Court for the Southern District of New York, No. 5-cr-95, Mar. 19, 2020, pp. 2-3. This finding is particular to Avenatti's medical history and the specific location and vicinity where he is housed.

However, the Court is not satisfied with the proposed particulars of the release order:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

1. The Government correctly points out that Avenatti has not addressed the question into whose "custody" he should be released. (Opposition, p. 19.) This shortcoming remains despite the Court's pointed directive to deal with the issue. (Docket No. 123, p. 1.) Avenatti has not shown that there is a specific location to house him and the willingness of the facility to accept him.

2. There is no stated mechanism to enforce limitations on his ability to make funds or asset transfers.

3. Any release must be conditioned on a BOP determination that he does not have Covid-19.

4. Any release must provide for a self-quarantine for 14 days with particulars as to how that will be accomplished.

5. Any release order must include the three conditions which the Government outlines in its opposition (pp. 22-23).

6. Any release order is contingent on the additional bonds being approved and in place <u>prior</u> to release.

7. Any release order would include home detention with no exceptions other than a medical emergency after first advising the Probation Officer.

8. Any release would be temporary for a period of ninety days. The Court would reserve the power to revoke release in light changed circumstance after notice to the parties.

The Court has not lost sight and neither should the parties of this Court's finding, and the Ninth Circuit's affirmance, that Avenatti is a danger to the community. <u>United States v. Avenatti</u>, United States Circuit Court of Appeals for the Ninth Circuit, No. 20-50017, Mar. 6, 2020, p. 2. That remains the case, and requires the Court to craft specific, considered and adequate terms for any release under Section 3142(i).

The application is denied without prejudice to a further showing by Avenatti.

|  | : | 0 |
|---|---|---|
| Initials of Deputy Clerk | lmb | |