H. Dean Steward  SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
949-481-4900
Fax: (949) 496-6753

Attorney for Defendant
MICHAEL J. AVENATTI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES,<br><br>           Plaintiff,<br><br>     vs.<br>MICHAEL J. AVENATTI<br>           Defendant. | Case No. SA-CR-19-61-JVS<br><br>SECOND AMENDED MOTION FOR BAIL PENDING TRIAL; POINTS AND AUTHORITIES; [Proposed] SECOND AMENDED ORDER FILE SEPARATELY |
|---|---|

Comes now counsel and submits the below motion and points and authorities in support of release pending trial.

Dated: March 30, 2020        /s./ H. Dean Steward
                              H. Dean Steward
                              Counsel for Defendant
                              Michael J. Avenatti

POINTS AND AUTHORITIES

## I. Introduction

The defense submits the plan below in response to the Court's order of 3/27/20, addressing each point of concern. The defense incorporates by reference the two prior submissions on this issue, docket #117 & #125.

## II. Update on Conditions at MCC New York City

Conditions at the MCC New York City have deteriorated in the last few days. On March 23, the first case of Covid 19 was reported by the Warden (see attached memo, Ex. "A") in Mr. Avenatti's unit, 11 South. New York City continues to be the "current epicenter of the national epidemic with nearly 17,000 known cases." Reuters, *U.S. Prison Official Urges Halt to Inmate Transfers due to Coronavirus Spread,* 3-23-20,   https://nyti.ms/396JgPe

## III. The Court's Concerns

Turning to each of the Court's points in the 3/27/20 order, the defense submits the following detailed plans and options.

*1. Upon release-*the defense proposes that defendant's attorney Mariel Colon transport the defendant to one of two options. If the Court instructs the defendant to undergo a self-quarantine for 14 days upon being discharged from MCC, the defendant in order to meet that requirement, proposes one of the following options with any modification the Court deems appropriate.

- 2 -

In all instances, the defendant would follow any and all CDC court ordered guidelines for self-quarantine. The CDC's "recommended precautions for household members, intimate partners, and caregivers in a non-healthcare setting of a patient with symptomatic laboratory-confirmed COVID-19 or a patient under investigation" provide guidelines for defendant to safely complete a self-quarantine in a household setting where other people reside. [See Exhibit "B"]

**i. CALIFORNIA QUARANTINE OPTIONS**

The defense would note that defendant will be released from the MCC in NYC only after having a negative test for covid 19 from BOP. It may be the safest course to allow him to go directly to JFK, La Guardia or Newark airports for a commercial flight to Los Angeles, and select one of the options below for California quarantine.

If the defendant is permitted by the court to travel to Los Angeles immediately following discharge from MCC, the defendant will fly, via commercial airline, directly to Los Angeles, to the home of Jay Manheimer. The under signed counsel will provide the transportation from LAX to Mr. Manheimer's home.

A) If the Court or Mr. Manheimer prefer the defendant quarantine somewhere other than Mr. Manheimer's permanent residence, the defendant could complete a 14-day quarantine at a Pre-Trial Services-approved hotel in close proximity to Mr. Manheimer's home.

B) Defendant could also quarantine for 14 days in Los Angeles at the home of longtime friend Jay Manheimer, where he will comply with all home quarantine procedures as outlined by the CDC (See attached Ex. "B"). The defendant's family and friends will arrange for sanitizing and protective products necessary to the quarantine be delivered to Mr. Manheimer's address.

Whenever necessary and in all instances, the defendant's family and friends will arrange for the defendant to receive necessary food, grocery and household items, via apps like Postmates, Instacart, DoorDash[1], all of which have implemented safe "no contact" delivery options during COVID-19. Defendant and his family will arrange for the delivery of any prescribed medications.

In all instances, the defendant will comply with any check-in policy ordered by the Court, US Marshals, or Pre-Trial services.

The defendant will also comply with any and all COVID-19 conditions set forth by the CDC, state of California, or the city or county of the sponsor's residence, including California's Executive Order N-33-20 and the Public Order under City of Los Angeles Emergency authority.

Defendant will further comply with any and all conditions set forth by the Court, US Marshals and Pre-Trial Services.

/

ii. **NEW YORK AREA OPTIONS**

However, if the court instructs the defendant to remain in the New York area or defendant must do so to comply with any national, state, or local public-health orders regarding COVID-19 in effect in New York at the time the defendant is released, the defendant could accomplish a 14-day self-quarantine in the New York are under either of the following scenarios:

C) Defendant could quarantine at the Hampton Inn, 125 Flatbush Ave Extension, Brooklyn, NY 11201, in downtown Brooklyn[2], where he will comply with all home quarantine procedures as outlined by the CDC. It is in close proximity to the residence of the defendant's counsel, Mariel Colon, Esq. His counsel Mariel Colon could then provide whatever level of check-in with the defendant the Court and/or Pre-Trial Services deem appropriate. Friends have pledged financial assistance with the cost of travel, hotels, and any other expenses associated with the defendant's temporary release.

D) Defendant could also quarantine for 14 days in Sicklerville NJ, at the home of and under the supervision of his brother-in-law Stephen Rodier, where he will comply with all home quarantine procedures as outlined by the CDC. Defendant would be transported from the MCC in NYC to Sicklerville by Mr. Rodier. The

---

[1] These services are readily available in Los Angeles but can take up to 2 weeks for delivery in New York City, according to New York attorney Mariel Colon.

defendant's family will arrange for sanitizing and protective products necessary to the quarantine be delivered to Mr. Rodier's address.

After completion of a 14-day quarantine in the New York area, the defendant would be transportedto JFK, La Guardia or Newark airports for immediate travel via commercial airline to Los Angeles to reside with his longtime friend, Jay Manheimer[3], where the defendant could self-quarantine for 14 days, if he is so directed or if required by any national, state, or local public-health orders in effect at the time of the defendant's arrival into Los Angeles.

2. *Financial transactions*- defendant not to engage in any financial transactions over $500. Defendant will allow Pre-Trial Services/Probation to make random checks on any electronic devices the defendant may have access to, for any showing of financial transactions or asset movement by defendant.

Defendant will be under full house arrest with electronic monitoring, so no physical access to banks or other financial institutions. During the recent Nike trial in New York City involving the defendant, the prosecution made repeated representations to the Court and jury that the defendant was broke, deeply in debt and did not have significant financial means:

---

[2] The defense has confirmed on 3-30-20 that the Hampton Inn is accepting new reservations and guests.
[3] Mr. Manheimer has agreed to allow defendant to reside with him for 90 days.

> "The Government expects that the evidence at trial will show that, at the time of his charged conduct, the defendant was in significant debt," Assistant US Attorney Matthew Podolsky wrote in documents filed late Tuesday in Manhattan federal court.
>
> "Specifically, the Government presently estimates that the defendant's debts at that time were, conservatively, in excess of $15 million."
>
> R. Rosenberg, New York Post, *Michael Avenatti was 15 Million in Debt During Nike Extortiom- Feds* 12-25-19
>
> https://nypost.com/2019/12/25/michael-avenatti-was-15-million-in-debt-during-nike-extortion-feds/

In addition, there can be no doubt that the prosecution on both this case and the New York cases has done exhaustive research into Mr. Avenatti's finances over the last 18 months, and are aware that he is now almost broke.

*3. BOP determination that he does not have Covid-19-* The Metropolitan Correction Center in New York City will conduct a Covid 19 test prior to release, pursuant to the proposed order filed concurrently herein.

*4. Self-quarantine for 14 days* with particulars as to how that will be accomplished- see #1, above.

*5. Three conditions which the Government outlines-* in its opposition (pp. 22-23)- have been added to proposed order. The only exception is the defense suggestion that if

- 7 -

defendant tests negative before release at the MCC, he should be released at that point. He would not a COVID 19 danger to the community. Remaining at the MCC for another 14 days is unnecessary, as he'll do one of two suggested 14 day quarantines, eliminating the need for further MCC quarantine.

Additionally, remaining at the MCC *is* dangerous. It has been widely reported that the rate of infection in NYC prisons and jails (not to mention correctional facilities across the country) is significantly higher than in New York City itself or the country as a whole. (Rikers Island currently has the highest rate of COVID-19 infection in the world.) There is no scientific or medical argument that defendant would be safer from infection in quarantine at MCC or that he would pose less of a danger in terms community spread at MCC than he would in quarantine outside of MCC. In fact, all the evidence (and simple math) suggest that he would be less likely to infect others in self-quarantine with adequate access to basic sanitary supplies and the ability to fully comply with CDC guidelines than in MCC, even under quarantine.

*6. Additional bond-* to be approved and in place prior to release- additional bond to be by Hubert Bromma, in the amount of $300,000. Contact and other details about Mr. Bromma to be provided to Pre-Trial Services and the government 48 hours before release. He has already signed such a bond.

*7. Home detention with no exceptions-* other than a medical emergency after first advising the Probation Officer- included in proposed order.

*8. Any release would be temporary for a period of ninety days-* The Court would reserve the power to revoke release in light changed circumstance after notice to the parties- the defense and defendant understand this requirement, and it is incorporated into the proposed order.

IV. Conclusion

The Department of Justice has very recently recognized the dangers for jailed federal inmates. Attorney General William Barr gave a directive to the Bureau of Prisons (BOP) to expand the use of home confinement. W. Pavlo, Forbes Magazine, *COVID-19 Takes Life Of Federal Inmate In Louisiana*, 3/29/20- https://www.forbes.com/sites/walterpavlo/2020/03/29/covid-19-takes-life-of-federal-inmate-in-louisiana/#13638c7563ab

For the same reasons, the House Judiciary Committee today wrote a detailed letter to Attorney General Barr seeking "aggressive measures to release medically compromised [ala Mr. Avenatti who suffered from pneumonia late last year], elderly and pregnant prisoners..." See attached Ex. "C", letter date 3-30-20 from Chairman Jerry Nadler and Chair of the Subcommittee on Crime, Terrorism and Homeland Security Karen Bass.

On the points and on the conditions set out above, the defense asks the Court to consider release of the defendant, under these strict conditions.

Dated: 3-30-20  /s./ H. Dean Steward
H. Dean Steward
Counsel for Defendant
Michael J. Avenatti

- 9 -

CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.

I am not a party to the above entitled action. I have caused, on 3-30-20, service of the defendant's:

**SECOND AMENDED MOTION FOR BAIL PENDING TRIAL**

On the following party, using the court's ECF system:

**AUSA'S BRETT SAGEL AND JULIAN ANDRE**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 3-30-20

s/ H. Dean Steward

H. Dean Steward