H. Dean Steward  SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
949-481-4900
Fax: (949) 496-6753

Attorney for Defendant
Michael J. Avenatti

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES, | Case No. SA-CR-19-61-JVS |
|---|---|
| Plaintiff, | **SECOND** EX PARTE APPLICATION FOR RECONSIDERATION OF BAIL PENDING TRIAL; POINTS AND AUTHORITIES; DECLARATION OF COUNSEL; EXHIBITS [Proposed] ORDER |
| vs. | |
| MICHAEL J. AVENATTI | |
| Defendant. | |

Comes now defendant Michael J. Avenatti, together with counsel, and applies to this Court ex parte for an order re-admitting him to bail pending trial, forthwith, with a number of conditions. This application is based on the below points and authorities, declaration and exhibits.

Dated: April 4, 2020          /s./ H. Dean Steward
                              H. Dean Steward
                              Counsel for Defendant
                              Michael J. Avenatti

- 1 -

POINTS AND AUTHORITIES

I. BACKGROUND

Defendant sought bail pending trial (reconsideration of an earlier detention order) on March 26, 2020 [docket #125]. This Court granted bail, but set a number of conditions, most conditions above what the defense had suggested. (See transcript of file, 3-31-20, docket #132). The defense has since diligently worked to fulfill each condition imposed by the Court.

Currently, a property bond in the amount of $500,000 has begun the process of appraisal and documentation. In addition, surety Hubert Bromma is prepared to sign a signature bond in the amount of $1,000,000. Pre-Trial Services has been provided with contact information for both the surety and the third-party custodian and has been requested to interview both and report back to the Court and counsel.

Because the situation is more dire now at the MCC in New York City, the defense has requested reconsideration of the Court's prior order to include forthwith release with conditions suggested below. *U.S. v. Chen* 820 F. Supp. 1205,1211-12 (N.D. CA. 1992),("The changed circumstances support reconsideration of [defendant's] status as well.").

II. MCC NEW YORK CITY HAS GROWN ALARMINGLY MORE DANGEROUS SINCE THE FIRST APPLICATION FOR RECONSIDERATION FOR BAIL PENDING TRIAL

Up until yesterday, the MCC in New York City has reported 4 inmate cases of covid 19 and 5 staff members have tested positive. [See Ex. "A"]. Importantly, however, the MCC in New York City has no more coronavirus test kits.

"A federal detention center at the epicenter of the coronavirus pandemic in New York City has no in-house ability to test sick or high-risk inmates for covid 19, according to a letter from the jail's top official in court documents reviewed by ABC News. 'MCC New York does not have covid 19 tests', M. Licon-Vitale, the recently installed warden of the Metropolitan Correctional Center in downtown Manhattan, wrote in a letter to a federal judge this week."

J. Hill & L. Barr, *No COVID 19 Tests Available for prisoners at Center of New York Outbreak, Court Documents Show* ABC News, 4-4-20 https://abcnews.go.com/Health/covid-19-tests-prisoners-center-york-outbreak-court/story?id=69969077 [Attached Ex. "B"]

As such, the facility has no idea how many inmates or staff are infected. Indeed, Law.Com reports that only a total of 7 inmates at the MCC, as of today (7 at MCC, 5 more at MDC in Brooklyn), have been covid 19 tested. T. McParland, *NYC Federal Lockups, in Court-Mandated report, Said Only 12 Inmates Have Gotten COVID Tests,* Law.Com/ New York Law Journal, 4-4-20; attached as Ex "__".

Without question, this stunning condition imperils all inmates and staff at the facility, including Mr. Avenatti. Indeed, as the defense has argued earlier, Mr. Avenatti is particularly susceptible to any lung infection/virus, from his bout with pneumonia late last year.

The defense has learned of the following recent cases where release has been granted to defendants due to the covid 19 pandemic:

/

/

- 3 -

Southern District of New York:

• *U.S. v. Resnick,* SDNY 1:12-cr-00152CM (Dkt No. 461): April 2, 2020 order releasing MCC inmate to home confinement "notwithstanding the mandatory 14-day quarantine period." Court found the quarantine at MCC "would subject him to "additional unnecessary risk." Case discusses compassionate release of a sentenced prisoner under 18 USC §3582. [Attached as Ex "C"].

• *US v. Hernandez*, SDNY 19-cr-169VM (Dkt Nos. 163 and 166): April 1, 2020 order ending quarantine so inmate can be released for electronic monitoring; March 30, 2020 order releasing inmate directly from MCC to home confinement. Inmate's bail was previously denied because of nine prior criminal convictions.

• *US v. Corcino*, SDNY 1:19-cr-901 (Dkt. No. 14): March 27, 2020 order releasing MCC inmate to home confinement without further quarantine or COVID-19 testing. Defense and the court addressed the issue as "pre-trial compassionate release". (Dkt No. 14, p. 1) and that release was granted under "stringent conditions". *Id,* p. 2.

Eastern District of New York

• *Us v. Eli*, EDNY 1:20-cr-00050RJD (Doc. Nos. 29, 30 and 32): March 25, 2020 order releasing MDC inmate without quarantine. *Order under seal.*

Southern District of Texas

• *US v. Mace*, SDTX 4:17-cr-00618 (Dkt Nos. 56 and 57): April 1, 2020 order releasing defendant from BOP facility without further quarantine or COVID-19 testing. Sentence reduced to time served to avoid further incarceration in light of pandemic.

/

/

III. QUARANTINE

The Federal Bureau of Prisons imposed a nationwide 14-day quarantine on all prisoners on March 31, 2020 (See attached Ex. "D"].[1] However, it does virtually nothing to address: 1) pre-symptomatic inmate spread (BOP only started quarantining asymptomatic new arrivals on March 26); 2) jail churn (staff keep coming in, contractors keep coming in, inadequate screening of both); 3) numerous exceptions to the lockdown; 4) inadequate sanitation & preventive measures (e.g. no masks, no gloves); and 5) and at the MCC in New York City, no testing or contact tracing at all. The quarantine can have little effect, due to these issues.

In the case at hand, continued confinement subjects Mr. Avenatti to potentially deadly, unnecessary risks. In addition, the district court in the four cases cited above released the defendants with no BOP testing or further quarantine.

IV. DEFENDANT DOES NOT NEED TO BE TESTED:

According to the ABC News report above, the MCC in New York City lacks the ability to test inmates. Mr. Avenatti does not need and cannot be tested at this point. There is also a nationwide shortage of test kits swabs and required reagent. The likelihood of the Bureau of Prisons getting any priority in acquiring test kits is remote.

"Not everyone needs to be tested for COVID-19," according to the CDC. Only patients with severe symptoms. https://www.cdc.gov/coronavirus/2019-ncov/symptoms-testing/testing.html. Tests are rationed in every state. Many symptomatic patients don't even get them unless their symptoms meet certain severity

---

[1] Mr. Avenatti's unit at MCC, 11 South, has actually been under quarantine since March 23, as the first suspected covid 19 case was an inmate from that unit. His 14 days will actually expire April 6, 2020. See attached declaration.

thresholds. https://www.npr.org/2020/04/03/826044608/many-who-need-testing-for-covid-19-fail-to-get-access. And again, the four cases above involved inmate releases with no further "out-the-door" testing.

## V. IF IMMDICATE RELEASE IS GRANTED, REQUESTED BAIL CONDITIONS

If the Court considers immediate release, the defense suggests the following ramped-up conditions from previous suggestions:

1. Immediate release for 90 days after defendant and a responsible, Pre-Trial Services approved surety have signed and filed a signature bonds in the amount of $1,000,000. No further quarantine or testing will be required before release.

2. Posting of property with proven equity of $500,000 by April 20, 2020- (See Declaration of Counsel re the current logistical difficulties in posting a property bond).

3. Release only to an officer the court (defense attorney), for immediate transportation to Newark, La Guardia or JFK airports. Then counsel and defendant shall fly to Los Angles, and counsel shall transport defendant to the home of third-party custodian Jay Manheimer.

4. Defendant shall be under home detention, electronic monitoring and shall not leave the premises except for medical emergencies, in such case with immediate notification to Pre-Trial Services.

5. Defendant shall not have access to any electronic devices.

6. Such further conditions as the Court may impose.

/

VI. CONCLUSION

Because of changed circumstances and deteriorating conditions at the MCC in New York City, the defense asks the Court to consider setting bond as suggested above. Defendant remains medically "at risk" at the MCC due to his previous health issues, and release is necessary to avoid disastrous health consequences.


Dated: 4-4-20                 /s/ H. Dean Steward
                              H. Dean Steward
                              Counsel for Defendant
                              Michael J. Avenatti

DECLARATION OF COUNSEL

I, H. Dean Steward, declare:

1. I am retained counsel for defendant Michael J. Avenatti. I make this declaration in support of the attached second ex parte application for bond pending trial.

2. I have talked with surety Hubert Bromma and third party custodian Jay Manheimer. Mr. Bromma has offered a piece of property that he owns in San Luis Obispo, California as surety for $500,000 in real property equity.

3. I have retained Bail Bond Professionals [BBP] of Tustin, California to assist me in the preparation of all documents regarding the property bond, then walk them through the required approvals. I have been informed by a representative of BBP that what normally taken 3-4 days to accomplish in the process of posting a property bond, now takes two weeks. This is due to closed clerk's offices (both federal court and county clerk), difficulty in hiring an appraiser to go to and review the property, and a general slowdown is each step of the process. For example, Mr. Bromma lives in the Northern District of California. Normally, he would go to the U.S. Attorney's office in San Francisco for surety bond review and approval. That office is currently closed.

4. The statements in the attached second ex parte for bail pending trial are true to the best of my knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 4-4-20        /s/ H. Dean Steward

CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age.

My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.

     I am not a party to the above entitled action. I have caused, on  4-4-20, service

of the defendant's:

**Second MOTION FOR RECONSIDERATION OF BAIL PENDING TRIAL**

On the following party, using the court's ECF system:

**AUSA BRETT SAGEL AND JULIAN ANDRE**

_____

**AND BY E-MAIL ON**

**PRE-TRIAL SERVICES OFFICER SHAKIRA DAVIS**

_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 4-4-20

s/ H. Dean Steward

H. Dean Steward

- 9 -