UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————x

UNITED STATES OF AMERICA

        V.                                                   14 CR 810 (CM)

MARK RESNICK,

        Defendant.
———————————————————————x

DECISION AND ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE

McMahon, C.J.:

        On October 7, 2013, following a twelve-day jury trial, Mark Resnick and his two co-defendants, Michael Binday and James Kergil, were found guilty of conspiracy to commit mail and wire fraud, in violation of Title 18, United States Code, Section 1349; mail fraud, in violation of Title 18, United States Code, Section 1341; and wire fraud, in violation of Title 18, United States Code, Section 1343, in connection with a scheme to defraud insurance companies which the defendants purported to serve as agents. Resnick and Kergil were also found guilty of conspiring to obstruct justice through destruction of records, in violation of Title 18, United States Code, Section 1512(k).

        On July 30, 2014, this Court sentenced Binday to 144 months' imprisonment; Kergil to 108 months; and Resnick to 72 months, along with three-year terms of supervised release for each defendant, and substantial forfeiture and restitution. On October 26, 2015, the Second Circuit affirmed the convictions and sentences of Resnick and his co-defendants, directing only a limited remand, at the Government's request, for entry of an amended

EXHIBIT "C"

restitution order in a reduced amount of $37,433,914.17.

Resnick surrendered on July 6, 2016 to begin his term of imprisonment; he has to date served approximately three years and nine months of his six-year sentence. According to BOP's sentence monitoring computation data, as of March 19, 2020, Resnick's projected release date is October 7, 2021, reflecting good-time credit. Computation data from FMC Devens, where he is being held, establishes that as of March 19, 2020, he has served 61.7% of his term of imprisonment.

Before the Court is Resnick's Emergency Motion asking the Court to grant him Compassionate Release, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), or to release him to home confinement, allowing him to serve the remainder of his sentence at home. ("Mot."). Resnick requests such relief because he suffers from chronic medical conditions (including diabetes and related end-stage liver disease) that render him particularly vulnerable to COVID-19. Resnick further asserts that, because he is close to meeting the criteria for the BOP's Elderly Reentry Pilot Program, the Court should release him on that basis as well. (Mot. at 2-3).

Resnick asks that he be immediately release to his wife's home in Connecticut, notwithstanding the mandatory 14-day quarantine period Attorney General Barr has put in place for prisoners being released during the COVID-19 crisis (Attorney General William Barr Memo, dated March 26, 2020). Resnick suggests that such quarantine is not indicated for his situation, and that it would subject him to additional unnecessary risk of contracting COVID-19.

Resnick's proposed release plan provides that:

- Mr. Resnick's wife Amy, who lives a little over an hour from the facility, would pick Resnick up in her car.

- She would provide him with an N-95 mask (and will wear the same herself), as well as other personal protective equipment (PPE) to cover him completely during the journey to her apartment.

- Resnick would reside with his wife in their two bedrooms and two bathroom apartment; allowing Resnick to fulfill a decontamination protocol upon arrival, and complete a period of self-quarantine.

(Mot. at 3).

### Compassionate Release Under 18 U.S.C. § 3582(c)

Section 3582(c) begins with the principle that "a court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also United States v. Goode*, No. 14 Cr. 810 (CM), 2020 WL 58272, *1 (S.D.N.Y. Jan. 6, 2020); *United States v. Israel*, No. 05 Cr. 1039 (CM), 2019 WL 6702522, *1 (S.D.N.Y. Dec. 9, 2019). Prior to the enactment of the First Step Act, a court could not modify a defendant's duly-imposed sentence on compassionate release grounds unless it received a motion from the BOP asking that the court consider such modification. *See, e.g., United States v. Goode*, 2020 WL 58272 at *1 (citing U.S.S.G. § 1B1.13 Reduction in Term of Imprisonment under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement) (Effective Nov 1, 2006; amended effective Nov. 1, 2007; Nov 1, 2010; Nov. 1, 2016; Nov. 1, 2018)); *Stewart v. United States*, 13 Civ. 5279 (JGK), No. 02 Cr. 395 (JGK), 2013 WL 4044756, *3-6 (S.D.N.Y. Aug. 9, 2013); *United States v. Iosifidis*, No. 13 Cr. 170 (JFK), 2016 WL 3267329, *2 (S.D.N.Y. June 9, 2016).

On December 21, 2018, Congress passed the First Step Act, Pub. L. No. 115-391, which amended 18 U.S.C. § 3582(c)(1) to permit a court to consider a defendant's motion for compassionate release following the exhaustion of his or her administrative remedies with the BOP or 30 days after submitting a request to the appropriate Warden, whichever is sooner:

3

> The court <u>may not modify a term of imprisonment once it has been imposed except that</u>, . . . the court, upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, <u>may reduce the term of imprisonment…</u>

18 U.S.C. § 3582(c)(1)(A) (emphasis added). The First Step Act did not amend the eligibility requirements for compassionate release, which are set forth in 18 U.S.C. § 3582(c)(1)(A) and Section 1B1.13 of the United States Sentencing Guidelines. The court can only modify a sentence if, "after considering the factors set forth in section 3553(a) to the extent they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i); or that the defendant is at least 70 years old and has served at least 30 years in prison, among other things. 18 U.S.C. § 3582(c)(1)(A)(ii). In either case, the proposed reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Application Notes to Section 1B1.13 describe the circumstances under which "extraordinary and compelling reasons exist." U.S.S.G. § 1B1.13 Application Note 1. These include an assessment of the defendant's medical condition and his or her age:

> (A) Medical Condition of the Defendant—
>
> > (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> > (ii) The defendant is—
> >
> > > (I) suffering from a serious physical or medical condition,
> > > (II) suffering from a serious functional or cognitive impairment, or
> > > (III) experiencing deteriorating physical or mental health because of the aging process,

4

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

U.S.S.G. § 1B1.13 Application Note 1.

Resnick's motion is predicated on his medical condition, in combination with the present COVID-19 pandemic.

BOP Program Statement No. 5050.50, "Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582, 4205(g)," sets forth the administrative procedures that the BOP follows when considering inmate requests, as well as the substantive criteria used by the BOP to evaluate whether a motion for a sentence modification is appropriate. As is relevant here, an elderly defendant may be considered for a reduced sentenced if the following criteria are met:

(i) Age 65 and older;

(ii) Suffer from chronic or serious medical conditions related to the aging process;

(iii) Experiencing deteriorating mental or physical health that substantially diminishes their ability to function in a correctional facility;

(iv) Conventional treatment promises no substantial improvement to their mental or physical condition;

(v) Have served at least 50% of their sentence.

U.S. Department of Justice, Federal Bureau of Prisons, Program Statement, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582, 4205(g), OPI OGC/LCI, No. 5050.50 (Jan. 17, 2019).

The defendant bears the burden of proving that he is entitled to relief under 18 U.S.C.

§ 3582. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease); *United States v. Clarke*, No. 09 Cr. 705 (LAP), 2010 WL 4449443, at *1 (S.D.N.Y. Oct. 29, 2010) (same).

### Pilot Program for Eligible Elderly Offenders

Prior to the enactment of the First Step Act in December 2018, Section 60541(g) of Title 34, United States Code, part of the Second Chance Act of 2007, required the establishment of a pilot program at one or more BOP facilities to evaluate early community re-entry for eligible elderly offenders. The Pilot Program was authorized and funded for 2009 and 2010. 34 U.S.C. § 60541(g)(1)(A), (g)(3) (2014). Section 60541 established minimum requirements for "eligible elderly offenders," *id.* § 60541(g)(5)(A) (2014),[1] but left the decision about which eligible elderly offenders to release to the discretion of the Attorney General in two ways. First, the pilot program was not required to be established at all BOP facilities but only at "a Bureau of Prisons facility." *id.* § 60541(g)(1)(A) (2014). Second, the statute provided that the Attorney General "may release some or all eligible elderly offenders from the Bureau of Prisons facility to home detention," *id.* § 60541(g)(1)(B) (2014), and thus expressly did not require that every eligible elderly offender be placed in home confinement.

As is relevant here, the First Step Act reauthorized and expanded the Pilot Program. Under the First Step Act, the Pilot Program is re-established and funded for the years 2019 through 2023. Pub. L. No. 115-391, § 504(b)(1)(A). In addition, 34 U.S.C. § 60541(g) is modified to provide in relevant part:

> (A) The Attorney General shall conduct a pilot program to determine the effectiveness of removing eligible elderly offenders and

---

[1] An eligible elderly offender was an inmate who was at least 65 years old and had served the greater of 10 years' imprisonment or 75% of his or her release.

eligible terminally ill offenders from a Bureau of Prisons facilities and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced.

(B) In carrying out a pilot program as described in subparagraph A, the Attorney General may release some or all eligible elderly offenders and eligible terminally ill offenders from the Bureau of Prisons facilities to home detention upon written request from either the Bureau of Prisons or an eligible elderly offender or terminally ill offender.

Pub. L. No. 115-391, § 603; *see also* 34 U.S.C. § 60541(g)(1)(A), (B). The First Step Act further modifies 34 U.S.C. § 60541 to state: "the term 'eligible elderly offender' means an offender in the custody of the Bureau of Prisons – (i) who is not less than 60 years of age; (ii) who is serving a term of imprisonment that is not life imprisonment ... and has served 2/3 of the term of imprisonment to which the offender was sentenced..." Pub. L. No. 115-391, § 603; *see also* 34 U.S.C. § 60541(g)(5)(A). The First Step Act did not remove the Attorney General's discretion in determining which eligible elderly offenders or eligible terminally ill offenders to release to home confinement under the pilot program.

BOP Operations Memorandum No. 001-2019, "Home Confinement under the First Step Act," sets forth the administrative procedures that the BOP will follow when considering inmate eligibility for the "Pilot Program for Eligible Elderly Offenders and Terminally Ill Offenders," and the substantive criteria used by the BOP to evaluate eligible elderly offenders. As is relevant here, an eligible elderly offender is defined as an offender in the custody of the BOP:

1) who is not less than 60 years of age;
2) who is serving a term of imprisonment that is not life imprisonment based on a conviction for an offense or offenses that do not include any crime of violence, sex offense, offense under 18 U.S.C. § 2332b(g)(5)(B), or offense under chapter 37 of Title 18, and has served 2/3 of the term of imprisonment to which the offender was sentenced;
3) who has not been convicted in the past of any Federal or State crime of

7

violence, sex offense, or other offense described in paragraph (2), above;

4) who has not been determined by the Bureau, on the basis of information the Bureau uses to make custody classifications, and in the sole discretion of the Bureau, to have a history of violence, or of engaging in conduct constituting a sex offense or other offense described in paragraph (2), above;

5) who has not escaped, or attempted to escape, from a Bureau of Prisons institution;

6) with respect to whom the Bureau of Prisons has determined that release to home detention under this section will result in a substantial net reduction of costs to the Federal Government; and

7) who has been determined by the Bureau to be at no substantial risk of engaging in criminal conduct or of endangering any person or the public if released to home detention.

U.S. Department of Justice, Federal Bureau of Prisons, Operations Memorandum, Home Confinement under the First Step Act, OPI RSD/RRM, No. 001-2019 (Apr. 4, 2019).

### Covid-19 and the Attorney General's Guidance to BOP

The world is presently in the grip of a pandemic due to the new coronavirus that causes the viral disease known as COVID-19.

In light of this unprecedented crisis, and while recognizing the ability of the Bureau of Prisons to deal with COVID-19 outbreaks within its facilities, the Attorney General has directed the Bureau of Prisons, when assessing compassionate release applications, to prioritize the transfer of incarcerated inmates to home confinement "where appropriate" to decrease the risks to their health. In assessing which inmates BOP should consider seriously for compassionate release, the Bureau is expected to consider:

- The age and vulnerability of the inmate to COVID-19, in accordance with the Centers of Disease Control and Prevention (CDC) guidelines;
- The security level of the facility where the inmate resides, with priority given to those residing in low and medium security facilities;



ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__ April 1, 2020 _

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

April 1, 2020

**BY ECF AND EMAIL**
The Honorable Victor Marrero
United States District Court Judge
New York, New York 10007

    Re:    *United States v. Pedro Hernandez*, **19 Cr. 169 (VM)**

Dear Judge Marrero:

    The parties write to request an urgent modification of the Court's March 30, 2020 order granting the defendant's temporary pretrial release with certain conditions. (Doc. No. 163).

    One such conditions was: "Home incarceration at a homeless shelter designated by the New York City Department of Homeless Services, with monitoring by means chosen at the discretion of Pretrial Services." Paragraph 3(c). Another condition was that: "The defendant shall be released upon the signature of the defendant on the bond and upon the Pretrial Services Office's installation of the monitoring technology that it selects." Paragraph 3(j).

    Pretrial Services advises that, because of the defendant's quarantine status, he cannot be fitted with any monitoring technology for 14 days and therefore he cannot be released from custody without a modification of the Court's order. Accordingly, the parties request that the Court suspend the monitoring conditions in the March 30, 2020 order for 14 days, so that the defendant can be released from custody immediately.

    Pretrial Services has advised the Government that, with the proposed modification, the defendant will be released from custody.

**SO ORDERED:** April 1, 2020

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____
Justin V. Rodriguez
Assistant United States Attorney
(212) 637-2591

_____
Victor Marrero
U.S.D.J.

cc:    Counsel of record (by ECF and email)

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------- ------x
                                        :
UNITED STATES OF AMERICA                :   ORDER
                                        :
          - v. -                        :   19 Cr. 169 (VM)
                                        :
PEDRO HERNANDEZ,                        :
                                        :
                    Defendant.          :
                                        :
--------------------------------- ------x
```

VICTOR MARRERO, U.S.D.J.

    Upon the application of defendant Pedro Hernandez, pursuant to 18 U.S.C. § 3142(i) for temporary release from custody during the current COVID-19 pandemic (Dkt. Nos. 160 and 161), and the Government's consent based on the terms and conditions set forth herein, IT IS HEREBY ORDERED:

    1. The Court's decision in this case is based on, among other things, the unique confluence of serious health issues and other risk factors facing this defendant, including the defendant's age (64 years old), asthma, and high blood pressure, which place him at a substantially heightened risk of dangerous complications should he contract COVID-19 as compared to most other individuals. Accordingly, this Order should not be construed as a determination by this Court that pretrial detention is unsafe or otherwise inappropriate as a general matter or in any other specific case.

2. Pursuant to 18 U.S.C. § 3142(i), the Court concludes that compelling reasons exist for temporary release of the defendant from custody during the current public health crisis. Accordingly, the defendant's application is GRANTED pursuant to the following conditions:

3. The Clerk of Court is directed to prepare a personal recognizance bond with the following conditions of release:

    a. A personal recognizance bond in the amount of $50,000, to be signed by the defendant;

    b. All mandatory conditions of release included in this Court's standard "Order Setting Conditions of Release" form;

    c. Home incarceration at a homeless shelter designated by the New York City Department of Homeless Services, with monitoring by means chosen at the discretion of Pretrial Services. The defendant shall be on 24-hour lockdown in the shelter except for emergency medical visits and visits with his attorneys. Any other leave from the shelter must be approved by either the Pretrial Services officer or by the Court on application from defense counsel.

    d. Pretrial Services supervision as directed by the Pretrial Services Office;

    e. Surrender all passports and other travel documents and make no applications for new or replacement documents;

2

f. Drug testing and treatment as directed by the Pretrial Services Office;

g. The defendant shall not possess a firearm, destructive device, or other weapon;

h. The defendant shall not use or possess any narcotic drug or controlled substance unless prescribed by a licensed medical practitioner;

i. The defendant shall have no contact whatsoever with any of his codefendants charged in Docket Number 19 Mag. 118 or 19 Cr. 169, including Angela Bosquez, Manolo Dones, Luis Garcia, Joanna Martinez, Alberto Pellot, and Edward Torres;

j. The defendant shall be released upon the signature of the defendant on the bond and upon the Pretrial Services Office's installation of the monitoring technology that it selects; and,

k. Upon the defendant's release, the defendant must report directly to the intake unit for homeless men operated by the New York City Department of Homeless Services at 400 East 30th Street, New York, New York.

4. The Pretrial Services Office is directed to immediately alert the Court, the Government, and defense counsel of any violation of the above conditions, without need for a formal violation petition. The defendant is hereby notified that

3

violation of the conditions of release will likely result in revocation of this temporary release.

5. Defense counsel is directed to submit a status update letter to the Court once a week after consultation with the Government, informing the Court as to the defendant's status and health. If defense counsel identifies other living arrangements for the defendant, for example, with the defendant's daughters or other family members, defense counsel must notify the Court of that fact in its weekly status update letter to the Court.

6. This Order is subject to modification or revocation by the Court at any time. The Court intends to terminate the defendant's temporary release and return the defendant to pretrial detention as soon as the Court concludes that the defendant no longer faces the acute health risk posed by the current circumstances.

7. This Order is without prejudice to any future application by either party seeking to amend it.

SO ORDERED.

Dated: New York, New York
       March 30, 2020

_____
                Victor Marrero
                   U.S.D.J.

4

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 1

United States District Court
Southern District of Texas
ENTERED
April 02, 2020
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## Southern District of Texas
### Holding Session in Houston

| UNITED STATES OF AMERICA | ) | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| ANTHONY MACE | ) | Case Number: 4:17CR00618-001 |
| | ) | USM Number: 32734-479 |
| Date of Original Judgment: September 28, 2018 | ) | Nicolas Bourtin & Ann-Elizabeth Ostrager |
| *(Or Date of Last Amended Judgment)* | ) | Defendant's Attorney |

**Reason for Amendment**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))
*☒ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant to ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
☒ pleaded guilty to count(s) 1 on November 9, 2017
☐ pleaded nolo contendere to count(s) which was accepted by the court.
☐ was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 15 U.S.C. §§ 78dd-2 and 3, and 18 U.S.C. § 371 | Conspiracy to violate the Foreign Corrupt Practices Act | 12/31/2011 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 2, 2020
Date of Imposition of Judgment

*/s/ David Hittner*
Signature of Judge

DAVID HITTNER
UNITED STATES DISTRICT JUDGE
Name and Title of Judge

April 2, 2020
Date

1

AO 245C (Rev. 09/19)  Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page  2  of  7

DEFENDANT: ANTHONY MACE
CASE NUMBER: 4:17CR00618-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:  TIME SERVED (16 months and 14 days)

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____ .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page 3 of 7

DEFENDANT: ANTHONY MACE
CASE NUMBER: 4:17CR00618-001

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of : 14 months and 7 days

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | Criminal Action No. H-17-618 |
| ANTHONY MACE | § § § | |

ORDER FOR REDUCED SENTENCE AND RELEASE TO HOME
CONFINEMENT PURSUANT TO
18 U.S.C. § 3582(c)(1)(A)

Pending before the Court is Expedited Motion for Reduced Sentence and Release to Home Confinement Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i) in Light of the COVID-19 Emergency (Document No. 54). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

On November 9, 2017, Defendant Anthony Mace ("Mace"), an English citizen, waived extradition and indictment. The same day, Mace pleaded guilty to a Criminal Information charging him with conspiracy to violate the Foreign Corrupt Practices Act ("FCPA") in violation of 18 U.S.C. § 371. On September 28, 2018, the Court sentenced Mace to imprisonment for a term of thirty-six months.

On October 22, 2019, the Department of Justice ("DOJ") approved Mace's application to be transferred to a prison in England pursuant to the International Prisoner Transfer Program. On February 25, 2020, Mace was transferred from Moshannon Valley Correctional Center in Philipsburg, Pennsylvania to the

Metropolitan Correctional Center ("MCC") in New York City, New York to await his then-imminent transfer to England. However, Mace's transfer has been suspended in light of the COVID-19 pandemic. On March 27, 2020, Mace moved for a reduced sentence and release to home confinement.[1]

The First Step Act provides this Court with authority to consider motions for compassionate release filed by defendants. *See* First Step Act of 2018, § 603, Pub. L. No. 115-391, 132 Stat. 5194, 5239–40 (2018); 18 U.S.C. § 3582(c)(1)(A)(i). The Court has discretion to modify a prison term to home confinement: (1) after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable; (2) if it finds that extraordinary and compelling reasons warrant such a reduction; and (3) if it finds a reduction is consistent with applicable policy statements in U.S.S.G. § 1B1.13. *See United States* v. *Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *7 (S.D. Tex. June 17, 2019) (Marmolejo, J.); 18 U.S.C. § 3582(c)(1)(A)(i). Because the policy statements were not updated after the enactment of the First Step Act, the Court may determine whether the defendant has shown extraordinary and compelling reasons for compassionate release. *See Cantu*, 2019 WL 2498923 at *5 (S.D. Tex. June 17, 2019) (Marmolejo, J.).

---

[1] The Court notes Mace's lengthy motion, filed by his New York counsel, Sullivan & Cromwell LLP, contains references to New York political officials and comments on alleged conditions within the Federal Bureau of Prisons. Such inappropriate comments were not persuasive to this Court in reaching its ultimate, legal decision herein.

2

Mace is sixty-eight years old and an English citizen.[2] Mace waived extradition and accepted responsibility by pleading guilty to a violation of the FCPA in connection with his role with his former business.[3] Mace has no other criminal convictions or arrests.[4] Mace has been incarcerated since November 20, 2018,[5] and has already served approximately sixteen months of his sentence. In addition, Mace cooperated with DOJ and was approved for transfer to England to serve the remainder of his sentence.[6] Because of Mace's approval for transfer by DOJ and in light the current COVID-19 pandemic, the Court finds extraordinary and compelling reasons warrant release to home confinement. Careful consideration of the applicable factors in 18 U.S.C. § 3553(a) also support the Court's finding that release to home confinement is appropriate. Thus, the motion for reduced sentence and release to home confinement is granted. Accordingly, the Court hereby

**ORDERS** that Defendant Anthony Mace's Expedited Motion for Reduced Sentence and Release to Home Confinement Pursuant to 18 U.S.C. §

---

[2] *Expedited Motion for Reduced Sentence and Release to Home Confinement Pursuant to 18 U.S.C. § 3582(C)(1)(A)(I) In Light of The COVID-19 Emergency*, Document No. 54 at 1–2 [hereinafter *Motion for Home Confinement*].

[3] *Plea Agreement*, Document No. 18.

[4] *Final Presentence Report*, Document No. 40.

[5] *Imprisonment and Executed Judgment*, Document No. 50.

[6] *Motion for Home Confinement*, *supra* note 2, at 4.

3

3582(C)(1)(A)(i) in Light of the COVID-19 Emergency (Document No. 54) is **GRANTED**. Mace will remain in home confinement, within the jurisdictional boundaries of the Southern District of New York, for what would have otherwise been the remainder of his term of imprisonment pending his transfer to the United Kingdom. The Federal Bureau of Prisons is directed to proceed expeditiously to avoid any unnecessary delay in Mace's release from custody and his ultimate return to the United Kingdom.

SIGNED at Houston, Texas, on this ___1___ day of April, 2020.

DAVID HITTNER
United States District Judge

4