NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6683
    Facsimile: (213) 894-6269
    Email:    Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
    Ronald Reagan Federal Building
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone:  (714) 338-3598
    Facsimile:  (714) 338-3708
    Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>MICHAEL JOHN AVENATTI,<br><br>    Defendant. | SA CR No. 19-061-JVS<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT MICHAEL JOHN AVENATTI'S FOURTH *EX PARTE* APPLICATION FOR BAIL PENDING TRIAL; DECLARATION OF JULIAN L. ANDRÉ |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Julian L. André and Brett A. Sagel, hereby files its response to defendant MICHAEL JOHN AVENATTI's fourth ex parte application for bail pending trial (CR 136).

This response is based upon the attached memorandum of points and authorities, the declaration of Julian L. André, the files and records in this case, and such further evidence and argument as the Court may permit.  The government also incorporates by reference its oppositions (CR 120, CR 127, CR 131) to defendant's prior ex parte applications for bond pending trial.

Dated: April 5, 2020              Respectfully submitted,

                                  NICOLA T. HANNA
                                  United States Attorney

                                  BRANDON D. FOX
                                  Assistant United States Attorney
                                  Chief, Criminal Division

                                  /s/ Julian André
                                  _____
                                  JULIAN L. ANDRÉ
                                  BRETT A. SAGEL
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant MICHAEL JOHN AVENATTI ("defendant") has filed a fourth ex parte application for bail pending trial in which defendant again seeks a "forthwith release." (CR 136.) During the March 31, 2020, telephonic status conference, this Court stated:

> [T]he Court has not lost sight and neither should the parties of this Court's finding and the Ninth Circuit's affirmance, that Avenatti is a danger to the community. I'm looking for constructive ways to have him released, and these are my minimum terms to see that that's accomplished.

(CR 132 at 6:7-12 (emphasis added).) Crucially, defendant has again ignored or failed to comply with this Court's prior orders and directives regarding the "minimum terms" under which the Court would be willing to grant defendant a temporary release. As a result, the government continues to oppose defendant's request for temporary release under 18 U.S.C. § 3142(i).

On March 27, 2020, and March 31, 2020, this Court set forth in detail the minimum terms under which it would be willing to grant defendant temporary release under Section 3142(i), as well as the steps defendant would need to take before the Court could rule on defendant's request. (See CR 128 (Minute Order); CR 132 (Transcript); CR 134 (Minute Order).) Defendant has failed to comply with the Court's prior orders and directions in numerous ways, including the following:

First, the Court has explicitly stated that, before the Court rules on defendant's request for temporary release, Pretrial Services will need to interview defendant's proposed surety, Hubert Bromma, and defendant's proposed custodian, Jay Manheimer, and prepare a report regarding their suitability. (CR 132 at 3:23-4:3; CR 134.) Only after Pretrial Services and the government indicate that

Mr. Bromma and Mr. Manheimer are acceptable would the Court "continue moving forward." (CR 132 at 7:15-17.) Defendant has largely ignored this requirement. Although defendant's counsel states that he provided Pretrial Services with the contact information for Mr. Bromma and Mr. Manheimer (CR 136 at 2), the ex parte application is silent on when defendant's counsel did so. More importantly, it does not appear that Pretrial Services has had an opportunity to interview them yet or prepare the required report regarding their suitability to serve as custodians.[1] Nor has defendant provided the government with any further information regarding these individuals so that it could conduct its own evaluation and, potentially, expedite the process.[2] (André Decl. ¶ 3.) As the Court and the government still do not have sufficient information to evaluate whether Mr. Bromma or Mr. Manheimer constitute appropriate surety and/or custodian under § 3142(i), defendant's application must again be denied.

Second, defendant also requests that he be immediately released from custody -- before the $500,000 secured bond from Mr. Bromma has been approved and is in place. (CR 136 at 6.) The Court has already rejected this proposal, stating that any release order would be

---

[1] The Proposed Order defendant submitted also does not provide any opportunity for the Court or the government to evaluate whether Mr. Bromma and Mr. Manheimer are appropriate custodians or sureties prior to defendant's release. (CR 136-1.) Instead, the Proposed Order indicates that defendant would be released immediately after Pretrial Services approves an unidentified surety. (CR 136-1, ¶ 1.)

[2] Based on the limited information available online, the government does have some preliminary concerns regarding Mr. Bromma's suitability to serve as a surety or custodian in this case. For example, Mr. Bromma appears to be the author of a book titled "How to Invest in Offshore Real Estate and Pay Little or No Taxes," available at https://www.amazon.com/Invest-Offshore-Estate-Little-Taxes/dp/0071470093.

2

"contingent on the additional bonds being approved and in place <u>prior</u> to release." (CR 128 at 2 (emphasis in original).) Given this Court's prior finding that defendant is a danger to the community (CR 128; CR 132 at 6:3-6:12), there is no basis for the Court to reconsider its prior ruling and allow defendant to be released before the secured bond is approved.[3] Nor can defendant credibly claim that immediate release is necessary because this process would take too long. (CR 136 at 8, ¶ 3.) Defendant has known since at least March 27, 2020, that a secured bond may be required and would need to be in place "<u>prior</u> to release" (CR 127 at 20; CR 128 at 2), yet has waited until now to start making the necessary arrangements.

<u>Third</u>, this Court has <u>twice</u> ruled that defendant will need to be quarantined for fourteen days at the Metropolitan Correctional Center in New York ("MCC New York") prior to his temporary release. (CR 128; CR 132; CR 134.) Most recently, the Court stated: "I see no point in releasing him to the public until we have some assurance that going out the door from MCC he is not infected." (CR 132 at 4:4-7.) Despite these prior rulings, defendant again requests this Court release defendant immediately from MCC New York without undergoing any such quarantine. (CR 136 at 5.) Although defendant's application notes that additional individuals at MCC New York have tested positive for COVID-19 since his last application, the number of positive cases are increasing rapidly throughout the country, not just in BOP facilities. And, contrary to defendant's position, the

---

[3] The government notes that defendant has not provided the Court or the government with any specific information regarding the property that Mr. Bromma intends to use for the $500,000 secured portion of the $1,000,000 bond. At this point, there is no evidence that such a property exists, let alone that there is sufficient equity in the property to support a $500,000 secured bond.

3

fact that additional inmates at MCC New York have tested positive for COVID-19 actually supports this Court's ruling that defendant must be quarantined for fourteen days prior to release. Defendant should not be released from custody and allowed to travel across the country until BOP and the United States Marshals Service are confident defendant has not been infected with COVID-19.

Fourth, defense counsel made no effort to confer with the government regarding a proposed release order (André Decl. ¶ 5), despite being directed by the Court to do so (CR 132 at 7:7-10). As a result, the proposed order defendant has submitted (CR 136-1) is woefully deficient, and fails to include many of the conditions of temporary release that this Court previously indicated would be necessary. For example, among other things, the proposed order defendant submitted does not include the previously imposed conditions of release, does not include any "stated mechanism to enforce limitations on [defendant's] ability to make funds or asset transfers" (CR 128 at 2), does not "include the three conditions which the Government outline[d] in its [March 27, 2020] opposition" (id. (citing CR 127 at 22-23)), does not require defendant's custodian to "acknowledge the terms upon which the defendant is being released and acknowledge that if he observes any violation he assumes the obligation to promptly advise the pretrial services officer" (CR 134), and does not state that the electronic monitoring is at defendant's expense.

Finally, although the Court found that there are "extraordinary circumstances here" and said that "neither side need to revisit that issue in any future court filing" (CR 134), defendant devotes the majority of his ex parte application doing exactly that (CR 136 at 2-

4

6). Defendant's generalized arguments regarding the conditions at MCC New York do not justify defendant's failure to comply with this Court's prior orders and have been rejected by a number of district judges in the Southern District of New York. Given the Court's prior order (CR 134), however, the government will not further respond to these arguments unless directed to do so.

This Court has repeatedly identified the terms and conditions upon which it would be willing to grant defendant a temporary release, and the specific additional steps defendant needs to take before any such release can be granted. Yet, despite this Court's prior orders, defendant insists that he should be granted a forthwith release -- before the Court or the government can evaluate whether Mr. Bromma and Mr. Manheimer constitute appropriate persons under Section 3142(i), before the required secured bond is in place, without any period of quarantine or evaluation to protect the public, and without many of the specific conditions of release the Court previously indicated would be necessary. Defendant and his counsel continue to demonstrate that they are either unable or unwilling to follow this Court's directions, thereby wasting valuable judicial and government resources during a time when such resources are already stretched thin. This Court should deny defendant's request.

**DECLARATION OF JULIAN L. ANDRÉ**

I, Julian L. André, declare as follows:

1. I am an Assistant United States Attorney ("AUSA") in the United States Attorney's Office for the Central District of California. Together with AUSA Brett A. Sagel, I am assigned to represent the government in United States v. Michael John Avenatti, SA CR 19-61-JVS.

2. Since defendant filed his initial ex parte application for bond pending trial on March 18, 2020, defense counsel has never attempted to confer with the government regarding defendant MICHAEL JOHN AVENATTI's ("defendant's") request to be temporarily released.

3. To date, defense counsel has not provided me or AUSA Sagel with any information regarding defendant's proposed custodian, Jay Manheimer, or defendant's proposed surety, Hubert Bromma.

4. To date, defense counsel has not provided me or AUSA Sagel with any specific information regarding the property defendant claims that Mr. Bromma has agreed to use for the $500,000 secured portion of defendant's bond.

5. At no point prior to the filing of defendant's fourth ex parte application, did defense counsel provide me or AUSA Sagel a copy of the proposed order defendant submitted, or seek to confer with us regarding what specific terms should be included in the proposed order. Indeed, government counsel first learned of defendant's instant ex parte application when the filing notification came through the Court's CM/ECF system.

///

///

///

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on April 5, 2020.

/s/ Julian André
JULIAN L. ANDRÉ

2