NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6683
    Facsimile: (213) 894-6269
    Email:   Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
    Ronald Reagan Federal Building
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone:  (714) 338-3598
    Facsimile:  (714) 338-3708
    Email:   Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>MICHAEL JOHN AVENATTI,<br><br>        Defendant. | SA CR No. 19-061-JVS<br><br>ORDER SETTING FORTH THE CONDITIONS OF TEMPORARY RELEASE FOR DEFENDANT MICHAEL JOHN AVENATTI |

    Pursuant to 18 U.S.C. § 3142(i), the Court temporarily releases defendant MICHAEL JOHN AVENATTI for a period of 90 days under the following terms and conditions:

    1.    Defendant release is conditioned upon the submission and Court approval of a $1,000,000 bond signed by Hubert Bromma, with at

least $500,000 of the bond to be secured by the full deeding of real property or by depositing $500,000 with the Clerk of the Court.

2.   As a condition precedent to release, defendant shall submit to a 14-day quarantine at an appropriate Bureau of Prisons ("BOP") facility prior to release.

3.   As a condition precedent to release, defendant shall also submit to a health screening by the BOP.

4.   Defendant shall not be released until BOP has determined to the best of its abilities that defendant has not contracted COVID-19. If the defendant is found to be exhibiting symptoms consistent with COVID-19 or is confirmed to have COVID-19, the defendant shall not be released to the public because of the danger the defendant poses to the community.

5.   Following release, defendant shall submit to screening for COVID-19 as directed by the United States Probation and Pretrial Services Office ("Pretrial Services").  Should the defendant then or thereafter exhibit symptoms consistent with COVID-19, the defendant shall remain in quarantine or isolation as directed by Pretrial Services in a form directed by Pretrial services, including self-isolation or self-quarantine.

6.   During the period of pre-trial supervision, defendant shall comply with national, state, and local public-health orders regarding COVID-19, including California's Executive Order N-33-20 (March 19, 2020) and, if applicable, the Los Angeles "Safer At Home" Order, Public Order Under City of Los Angeles Emergency Authority (March 19, 2020)

7.   Defendant shall be subject to supervision as directed by Pretrial Services.

8.    Defendant shall be released to the custody of third-party custodian Jay Manheimer.  Prior to defendant's release, third-party custodian Mr. Manheimer must sign, complete, and submit to the Court an Affidavit of Third-Party Custodian (Form CR-31) acknowledging and agreeing to (a) supervise defendant, (b) use every effort to assure defendant's appearance at all court proceedings, and (c) notify Pretrial Services immediately if defendant violates a condition of release or is no longer in the custodian's custody.  The third-party custodian's failure to discharge his obligations may result in the custodian being held in contempt of Court.  The United States Attorney's Office shall review the Affidavit of Third-Party of Custodian before the Affidavit is filed with the Court.

9.    Upon defendant's release from the Metropolitan Correctional Center in New York ("MCC New York"), defendant's counsel, H. Dean Steward, or another individual expressly authorized by this Court, shall transport defendant from MCC New York to the residence of the third-party custodian Jay Manheimer in Venice, California.  Defendant and/or defendant's counsel shall provide Pretrial Services with a copy of defendant's travel itinerary at least 24 hours in advance and must immediately notify Pretrial Services upon defendant's arrival at Mr. Manheimer's residence.  Defendant's counsel shall accompany defendant <u>at all times</u> until defendant arrives at Mr. Manheimer's residence and is placed in Mr. Manheimer's custody.

10.   Defendant shall be confined to the personal residence of Jay Manheimer, in Venice, California (at the address provided to Pretrial Services), at all times and with no exceptions, other than for emergency medical treatment after notification to Pretrial

Services.   Advance permission of the Court shall be required for any other travel, including for court appearances.

11.   Defendant shall participate in the Location Monitoring Program and abide by all requirements of the program, under the direction of Pretrial Services, which shall include a location monitoring bracelet.   Defendant must pay all of the costs of the Location Monitoring Program based upon his ability to pay as determined by Pretrial Services, and will be financially responsible for any lost or damaged equipment.

12.   Defendant shall not possess, use, or access any digital devices that offer or allow internet access.   Defendant may, however, possess and use a non-internet connected telephone, approved by Pretrial Services, to communicate with his attorneys, family, friends, and for other basic living needs during the 90-day term of his temporary release.

13.   Although defendant may not possess, use, or access any internet-enabled digital devices, this Order does not preclude defendant's legal counsel from emailing legal documents to defendant's third-party custodian, Jay Manheimer, so that defendant's third-party custodian can print them for defendant to review. Defendant may also access and use an internet-enabled digital device while in the presence of defendant's legal counsel, solely for the purpose of preparing his defense in this case and in the two pending prosecutions in the Southern District of New York ("SDNY"), United States v. Avenatti, No. 1:19-cr-373-PGG (SDNY), and United States v. Avenatti, No. 1:19-cr-374-JMF (SDNY).

14.   Within 48 hours of defendant's release, defendant shall disclose to Pretrial Services all bank accounts, credit card

4

accounts, or other financial accounts that defendant controls, either directly or indirectly, and provide Pretrial Services with a list of any assets exceeding $5,000 that defendant owns, possess, or controls, either directly or indirectly.

15. Defendant shall not open, either directly or indirectly, any new bank accounts, credit card accounts, or other financial accounts without notifying and obtaining the prior approval of Pretrial Services.

16. Defendant shall not engage in any financial transactions exceeding $500, either directly or indirectly, without notifying and obtaining the prior approval of Pretrial Services.

17. Defendant shall not sell, transfer, or give away any asset valued at $500 or more, either directly or indirectly, without notifying and obtaining prior approval of Pretrial Services.

18. Defendant shall provide to Pretrial Services every two weeks a report (or other documentation approved by Pretrial Services) detailing all of defendant's financial transactions, including any transactions under $500, during the prior two-week period.

19. Defendant shall avoid all contact (except in the presence of counsel), directly or indirectly, with any person who the government has identified as victim or potential witness in this prosecution and investigation, except for Christine Avenatti Carlin. Defendant, however, shall not engage in any substantive discussions with Ms. Carlin regarding this prosecution and investigation (except in the presence of counsel).

20. Defendant shall comply with all court orders, including, but not limited to, any conditions of release in <u>United States v.</u>

Avenatti, No. 1:19-cr-373-PGG (SDNY), and United States v. Avenatti, No. 1:19-cr-374-JMF (SDNY).

21.   Defendant shall surrender all passports and travel documents to Pretrial Services within 24 hours of his release (to the extent he has not already done so), sign a Declaration re Passport and Other Travel Documents (Form CR-37), and shall not apply for a passport or other travel document during the pendency of this case.

22.   Defendant shall comply with the General Conditions of Release set forth in the Central District of California Release Order and Bond Form.

23.   In order to determine compliance with these conditions of release, defendant agrees to submit to a search of his person and/property by Pretrial Services in conjunction with the U.S. Marshal.  Defendant's third-party custodian Jay Manheimer shall also agree to provide Pretrial Services and the U.S. Marshal with access to his residence in order to conduct such a search if requested to do so.

24.   At the expiration of defendant's 90-day temporary release period, defendant shall surrender to the United States Marshals office at 411 W. 4th Street, Second Floor Santa Ana, CA 92701, or the United States Marshals office in the Southern District of New York at 500 Pearl Street, Suite 400, New York, NY 10007, as directed by Pretrial Services or the Court.  Defendant's counsel, H. Dean Steward, defendant's third-party custodian, Jay Manheimer, or another party authorized by the Court, shall transport defendant from Mr. Manheimer's residence to United States Marshals office, and shall accompany defendant at all times during transport.

25.   The Court reserves the right to revoke this Order temporarily releasing defendant prior to the expiration of the 90-day period in light of changed circumstances after notice to the parties.

26.   This Order does not withdraw, is not in derogation of, and does not conflict with this Court's prior finding, and the Ninth Circuit's affirmance of this Court's finding, that there is probable cause to believe that defendant committed state and federal crimes while on pretrial release, that defendant is a danger to the community, and that defendant failed to rebut the presumption that no conditions or combination of conditions will assure the safety of the community.  See United States v. Avenatti, C.A. No. 20-50017 (9th Cir. Mar. 6, 2020).

IT IS SO ORDERED.


April 10, 2020
_____
DATE

_____
HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE


Presented by:

_____/s/_____
JULIAN L. ANDRÉ
BRETT A. SAGEL
Assistant United States Attorneys


_/s/ via email authorization____
H. DEAN STEWARD
Attorney for Defendant
MICHAEL JOHN AVENATTI