H. Dean Steward  SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
949-481-4900
Fax: (949) 496-6753

Attorney for Defendant
MICHAEL J. AVENATTI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>     vs.<br><br>MICHAEL J. AVENATTI<br>   Defendant. | Case No. SA-CR-19-61-JVS<br><br>EX PARTE APPLICATION RE CLARIFICATION OF BOND CONDITIONS; DECLARATION OF COUNSEL |

Comes now counsel for defendant and seek clarification on two issues prior to the signing of a release order. The parties have been notified by the MCC in New York City that Mr. Avenatti finishes his 14 day quarantine this Friday, April 24, 2020 and is then eligible for release. The issues are:

**1. Property bond-** the property now posted is land in San Luis Obispo, California. The appraisal has been done, and there is ample equity to cover the required $500,000. The deed has been recorded as shown by an appropriate lot book report. However, the

- 1 -

actual paper deed with the County stamp in purple ink has not been received by

defendant's bonding company, and there is no timetable for when it may be received.

From the bonding company retained by the defense, the following message was

received by the parties today:

> The property bond package is complete, but we still have not received the certified copy of the recording from San Luis Obispo County Recorder due to the shutdown. I am not sure when it will be received.
>
> The property is located at  xxxxxxxxxxxx,  San Luis Obispo CA 93401.  It is owned by the Hubert xxxxxx Trust and Catherine xxxxxx (a copy of the trust is attached).

| | | |
|---|---|---|
| The property appraisal reflects a value of | $ | 825,000.00 |
| The property is free and clear | $ | 0.00 |
| Available Equity | $ | 825,000.00 |
| Amount of recording to the court | $ | 500,000.00 |

> *Bail Bond Professionals e-mail 4-21-20*

As indicated, the county clerk's office is closed, and it is counsel's understanding that

only a small group are working in the office.

The defense position is that the lot book report should be sufficient to complete

the property bond, as it shows the recording.  The defense attaches the relevant

documents for the redacted property bond as Ex. "A", which have been shared with the

government.

Also filed under seal herein are Ex. "B", the property appraisal and Ex. "C", the trust documents on the property. Both contain a great deal of personal information that, under local rules, must not be made public.

The government's position on these two issues is included in the declaration of counsel, below.

**2. Signature of the actual bond form and passport form-** the defense discovered yesterday (4-20-20) that the position of the MCC in New York City is that they will not allow any attorney visits, not even to secure signatures on bond papers. They offer two alternatives:

● Submit to the MCC a power of attorney form to be signed by the defendant, empowering defense counsel to sign the bond form on defendant's behalf- they will have the defendant sign that document and return to defense counsel, or

● Defendant to sign the forms as he is leaving the MCC

The defense position is the suggestion that defendant and counsel sign and file the bond with the power of attorney, to be replaced within 72 hours by the bond form signed fully by defendant. On the passport form, the defense notes that Mr. Avenatti signed the same form when he made his first appearance in this district. The defense asks the Court to consider waiving the filing of a second form.

The defense notes that both of these issues are uniquely caused by the coronavirus pandemic, and neither would have occurred during "normal times". To the extent that the defense requests above are somewhat unusual, the times call for such thinking. The bottom line factor remains the health risk to Mr. Avenatti in remaining at the MCC and New York City.

Dated: 4-21-20                    /s./ H. Dean Steward

                                  H. Dean Steward
                                  Counsel for Defendant
                                  Michael J. Avenatti

DECLARATION OF COUNSEL

I, H. Dean Steward, declare:

1. I am retained counsel for defendant Michael J. Avenatti. I make this declaration seeking clarification from the Court on two issues involving bail/bond.

2. I have been working with attorney Mariel Colon in New York City. She is co-counsel on one of the two SDNY cases involving Mr. Avenatti. She has been in contact with a BOP staff member at the MCC, discussing the details of the bond for Mr. Avenatti. The facts set out above were relayed to me by Ms. Colon. I have also had e-mail contact several times with this BOP staff member.

3. I have talked with my client twice in the last 72 hours. He understands the terms of the bond, and I have discussed these terms with him. He accepts them, and if needs be, authorizes me to use his signed power of attorney to sign the bond forms.

4. I have e-mail government counsel several times on the above issues. Their position, by e-mailed to me is as follows:

> (1)    As to the property bond, the government does not believe it can formally recommend approval of the property bond until it has received and reviewed all the necessary documents, including the file-stamped copy of the Recorded Deed of Trust.  The government, however, has reviewed the Property Appraisal and Lot Book Report, and has not identified any issues with either of those documents.  Thus, assuming defendant has satisfied all other conditions precedent to his release, the government would defer to the Court as to whether defendant can be released prior to the receipt of the file-stamped copy of the Recorded Deed of Trust and whether additional documentation, such as a declaration from the individual that filed the Deed of Trust, would be necessary until the file-stamped copy of the Deed of Trust is received.

- 5 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(2)   As to the signed bond paperwork, the government has no objection to defendant signing the bond paperwork immediately prior to or concurrently with defendant's temporary release from BOP custody.  The government would propose that the Court order defendant's counsel Mariel Colon to (a) obtain the signed forms from defendant prior to transporting defendant from MCC New York to the airport, and (b) ensure that such forms are filed with the Court immediately after defendant's release (within 24 hours).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 4-21-20                    /s./H. Dean Steward

PROOF OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age.

My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.

I am not a party to the above entitled action. I have caused, on 4-21-20, service

of the defendant's:

**EX PARTE APPLICATION SEEKING CLARIFICATION ON BOND**

On the following party, using the court's ECF system:

**AUSA'S Brett Sagel & Julian Andre**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 4-21-20

s/ H. Dean Steward

H. Dean Steward