## UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

Case Name: United States of America v. **Michael John Avenatti**    Case No. 8:19-cr-00061-JVS

☒ Defendant    ☐ Material Witness

Violation of Title and Section: **18:1343; 26:7202;18:2(b); 26:7212(a); 26:7203; 18:1344(1),2(b); 18:1028A(a)(1),2(b); 18:152(3),2(b)**

☐ Summons    ☐ Out of District    ☐ **UNDER SEAL**    ☒ Modified Date: April 10, 2020

*Check only one of the five numbered boxes below (unless one bond is to be replaced by another):*

1. ☐ Personal Recognizance (*Signature Only*)
2. ☐ Unsecured Appearance Bond $ _____
3. ☒ Appearance Bond $ 1,000,000 total amount
   - (a). ☒ Cash Deposit (*Amount or %*) (*Form CR-7*) **See item (c)
   - (b). ☒ Affidavit of Surety Without Justification (*Form CR-4*) Signed by: Hubert Bromma for $500,000

   (c). ☒ Affidavit of Surety With Justification (*Form CR-3*) Signed by: Hubert Bromma for $500,000 or ** cash deposit of $500,000 wth the Clerk of the Court
   ☒ With Full Deeding of Property: _____

4. ☐ Collateral Bond in the Amount of (*Cash or Negotiable Securities*): $ _____
5. ☐ Corporate Surety Bond in the Amount of: $ _____

Release No. Conditional Temporary Release Electronically Issued on 4/23/20
*Temporary*
☐ Release to Pretrial ONLY
☐ Release to Probation ONLY
☐ Forthwith Release
_____

☐ All Conditions of Bond (*Except Clearing-Warrants Condition*) Must be Met and Posted by: _____

☒ Third-Party Custody Affidavit (*Form CR-31*)
☒ Bail Fixed by Court: JVS / lmb
(*Judge / Clerk's Initials*)

### PRECONDITIONS TO RELEASE

☐ The government has requested a Nebbia hearing under 18 U.S.C. § 3142(g)(4).
☐ The Court has ordered a Nebbia hearing under § 3142 (g)(4).
☐ The Nebbia hearing is set for _____ at _____ ☐ a.m. ☐ p.m.

### ADDITIONAL CONDITIONS OF RELEASE

In addition to the GENERAL CONDITIONS of RELEASE, the following conditions of release are imposed upon you:

☒ Submit to: ☒ Pretrial Services Agency (PSA) supervision as directed by PSA; ☐ Probation (USPO) supervision as directed by USPO.
(*The agency indicated above, PSA or USPO, will be referred to below as "Supervising Agency."*)

☐ Surrender all passports and travel documents to Supervising Agency no later than _____, sign a Declaration re Passport and Other Travel Documents (*Form CR-37*), and do not apply for a passport or other travel document during the pendency of this case.

☐ Travel is restricted to _____ unless prior permission is granted by Supervising Agency to travel to a specific other location. Court permission is required for international travel.

☐ Reside as approved by Supervising Agency and do not relocate without prior permission from Supervising Agency.

☐ Maintain or actively seek employment and provide proof to Supervising Agency. ☐ Employment to be approved by Supervising Agency.

☐ Maintain or begin an educational program and provide proof to Supervising Agency.

Defendant's Initials: MJA    Date: 4-26-20

Case Name: United States of America v. Michael John Avenatti    Case No. 8:19-cr-00061-JVS

■ Defendant    ☐ Material Witness

☐ Avoid all contact, directly or indirectly (including by any electronic means), with any person who is a known victim or witness in the subject investigation or prosecution, ☐ including but not limited to _____ ; ☐ except _____ .

☐ Avoid all contact, directly or indirectly (including by any electronic means), with any known codefendants except in the presence of counsel. Notwithstanding this provision, you may contact the following codefendants without your counsel present: _____ .

☐ Do not possess any firearms, ammunition, destructive devices, or other dangerous weapons. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not use or possess any identification, mail matter, access device, or any identification-related material other than in your own legal or true name without prior permission from Supervising Agency. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not engage in telemarketing.

☐ Do not sell, transfer, or give away any asset valued at $ _____ or more without notifying and obtaining permission from the Court, except _____ .

☐ Do not engage in tax preparation for others.

☐ Do not use alcohol.

☐ Participate in the electronic remote alcohol monitoring program as directed by Supervising Agency and abide by all the rules and requirements of the program. You must pay all or part of the costs for treatment based upon your ability to pay as determined by Supervising Agency.

☐ Do not use or possess illegal drugs or state-authorized marijuana. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not use for purposes of intoxication any controlled substance analogue as defined by federal law or street, synthetic, or designer psychoactive substance capable of impairing mental or physical functioning more than minimally, except as prescribed by a medical doctor.

☐ Submit to: ☐ drug and/or ☐ alcohol testing. If directed to do so, participate in outpatient treatment approved by Supervising Agency. You must pay all or part of the costs for testing and treatment based upon your ability to pay as determined by Supervising Agency.

☐ Participate in residential ☐ drug and/or ☐ alcohol treatment as directed by Supervising Agency. You must pay all or part of the costs of treatment based upon your ability to pay as determined by Supervising Agency. ☐ **Release to PSA only** ☐ **Release to USPO only**

☐ Submit to a mental health evaluation. If directed to do so, participate in mental health counseling and/or treatment approved by Supervising Agency. You must pay all or part of the costs based upon your ability to pay as determined by Supervising Agency.

■ Participate in the Location Monitoring Program and abide by all of the requirements of the program, under the direction of Supervising Agency, which ■ will or ☐ will not include a location monitoring bracelet. You must pay all or part of the costs of the program based upon your ability to pay as determined by Supervising Agency. You must be financially responsible for any lost or damaged equipment.

☐ Location monitoring only - no residential restrictions;

-or-

☐ You are restricted to your residence every day:

☐ from _____ ☐ a.m. ☐ p.m. to _____ ☐ a.m. ☐ p.m.

☐ as directed by Supervising Agency;

-or-

Defendant's Initials: MJA    Date: 4-26-20

**Case Name:** United States of America v. **Michael John Avenatti**     **Case No.** 8:19-cr-00061-JVS

☒ Defendant  ☐ Material Witness

☐ You are restricted to your residence at all times except for medical needs or treatment, attorney visits, court appearances, and _____, all of which must be preapproved by Supervising Agency;

☐ Release to PSA only    ☐ Release to USPO only

☒ You are placed in the third-party custody (*Form CR-31*) of Jay Manheimer. See Order filed 4/10/2020, dkt no. 140.

☐ Clear outstanding ☐ warrants or ☐ DMV and traffic violations and provide proof to Supervising Agency within ___ days of release from custody.

☒ Do not possess or have access to, in the home, the workplace, or any other location, any device that offers internet access except as approved by Supervising Agency. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not associate or have verbal, written, telephonic, electronic, or any other communication with any person who is less than the age of 18 except in the presence of a parent or legal guardian of the minor.

☐ Do not loiter or be found within 100 feet of any schoolyard, park, playground, arcade, or other place primarily used by children under the age of 18.

☐ Do not be employed by, affiliated with, own, control, or otherwise participate directly or indirectly in the operation of any daycare facility, school, or other organization dealing with the care, custody, or control of children under the age of 18.

☐ Do not view or possess child pornography or child erotica. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property, including computer hardware and software, by Supervising Agency in conjunction with the U.S. Marshal.

☒ Other conditions:
See attached Orders, filed April 10, 2020, April 13, 2020 and April 23, 2020, document numbers 140, 142 and 151, respectively, for additional conditions.

## GENERAL CONDITIONS OF RELEASE

I will appear in person in accordance with any and all directions and orders relating to my appearance in the above entitled matter as may be given or issued by the Court or any judicial officer thereof, in that Court or before any Magistrate Judge thereof, or in any other United States District Court to which I may be removed or to which the case may be transferred.

I will abide by any judgment entered in this matter by surrendering myself to serve any sentence imposed and will obey any order or direction in connection with such judgment as the Court may prescribe.

I will immediately inform my counsel of any change in my contact information, including my residence address and telephone number, so that I may be reached at all times.

I will not commit a federal, state, or local crime during the period of release.

I will not intimidate any witness, juror, or officer of the court or obstruct the criminal investigation in this case. Additionally, I will not tamper with, harass, or retaliate against any alleged witness, victim, or informant in this case. I understand that if I do so, I may be subject to further prosecution under the applicable statutes.

I will cooperate in the collection of a DNA sample under 42 U.S.C. § 14135a.

Defendant's Initials: MJA    Date: 4-26-20

Case Name: United States of America v. **Michael John Avenatti**    Case No. 8:19-cr-00061-JVS

☒ Defendant    ☐ Material Witness

## ACKNOWLEDGMENT OF DEFENDANT/MATERIAL WITNESS

As a condition of my release on this bond, pursuant to Title 18 of the United States Code, I have read or have had interpreted to me and understand the general conditions of release, the preconditions, and the additional conditions of release and agree to comply with all conditions of release imposed on me and to be bound by the provisions of Local Criminal Rule 46-6.

Furthermore, it is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which will continue in full force and effect until such time as duly exonerated.

I understand that violation of any of the general and/or additional conditions of release of this bond may result in a revocation of release, an order of detention, and a new prosecution for an additional offense which could result in a term of imprisonment and/or fine.

I further understand that if I fail to obey and perform any of the general and/or additional conditions of release of this bond, this bond may be forfeited to the United States of America. If said **forfeiture is not set aside, judgment may be summarily entered in this Court against me and each surety, jointly and severally, for the bond amount, together with interest and costs. Execution of the judgment may be issued or payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States, and any cash or real or personal property or the collateral previously posted in connection with this bond may be forfeited.**

4-26-20    /s/ Michael John Avenatti    949-887-4110
*Date*    *Signature of Defendant / Material Witness*    *Telephone Number*

Venice CA
*City and State* **(DO NOT INCLUDE ZIP CODE)**

☐ **Check if interpreter is used:** I have interpreted into the _____ language this entire form and have been told by the defendant that he or she understands all of it.

_____
*Interpreter's Signature*    *Date*

Approved: /s/ James V. Selna    April 27, 2020
United States District Judge / Magistrate Judge    *Date*

If cash deposited: Receipt # _____ for $ _____

(This bond may require surety agreements and affidavits pursuant to Local Criminal Rule 46.)

Defendant's Initials: MJA    Date: 4-26-20

CR-1 (05/19)    CENTRAL DISTRICT OF CALIFORNIA RELEASE ORDER AND BOND FORM    PAGE 4 OF 4

```
NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6683
     Facsimile: (213) 894-6269
     Email:     Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:     Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | ORDER SETTING FORTH THE CONDITIONS OF TEMPORARY RELEASE FOR DEFENDANT MICHAEL JOHN AVENATTI |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Pursuant to 18 U.S.C. § 3142(i), the Court temporarily releases defendant MICHAEL JOHN AVENATTI for a period of 90 days under the following terms and conditions:

1. Defendant release is conditioned upon the submission and Court approval of a $1,000,000 bond signed by Hubert Bromma, with at

Defendant's Initials MJA  Date 4-26-20

1 least $500,000 of the bond to be secured by the full deeding of real
2 property or by depositing $500,000 with the Clerk of the Court.
3     2.   As a condition precedent to release, defendant shall submit
4 to a 14-day quarantine at an appropriate Bureau of Prisons ("BOP")
5 facility prior to release.
6     3.   As a condition precedent to release, defendant shall also
7 submit to a health screening by the BOP.
8     4.   Defendant shall not be released until BOP has determined to
9 the best of its abilities that defendant has not contracted COVID-19.
10 If the defendant is found to be exhibiting symptoms consistent with
11 COVID-19 or is confirmed to have COVID-19, the defendant shall not be
12 released to the public because of the danger the defendant poses to
13 the community.
14     5.   Following release, defendant shall submit to screening for
15 COVID-19 as directed by the United States Probation and Pretrial
16 Services Office ("Pretrial Services"). Should the defendant then or
17 thereafter exhibit symptoms consistent with COVID-19, the defendant
18 shall remain in quarantine or isolation as directed by Pretrial
19 Services in a form directed by Pretrial services, including self-
20 isolation or self-quarantine.
21     6.   During the period of pre-trial supervision, defendant shall
22 comply with national, state, and local public-health orders regarding
23 COVID-19, including California's Executive Order N-33-20 (March 19,
24 2020) and, if applicable, the Los Angeles "Safer At Home" Order,
25 Public Order Under City of Los Angeles Emergency Authority (March 19,
26 2020)
27     7.   Defendant shall be subject to supervision as directed by
28 Pretrial Services.

2    Defendant's Initials /MJA/  Date 4-26-20

1     8.    Defendant shall be released to the custody of third-party
2  custodian Jay Manheimer.  Prior to defendant's release, third-party
3  custodian Mr. Manheimer must sign, complete, and submit to the Court
4  an Affidavit of Third-Party Custodian (Form CR-31) acknowledging and
5  agreeing to (a) supervise defendant, (b) use every effort to assure
6  defendant's appearance at all court proceedings, and (c) notify
7  Pretrial Services immediately if defendant violates a condition of
8  release or is no longer in the custodian's custody.  The third-party
9  custodian's failure to discharge his obligations may result in the
10 custodian being held in contempt of Court.  The United States
11 Attorney's Office shall review the Affidavit of Third-Party of
12 Custodian before the Affidavit is filed with the Court.
13    9.    Upon defendant's release from the Metropolitan Correctional
14 Center in New York ("MCC New York"), defendant's counsel, H. Dean
15 Steward, or another individual expressly authorized by this Court,
16 shall transport defendant from MCC New York to the residence of the
17 third-party custodian Jay Manheimer in Venice, California.  Defendant
18 and/or defendant's counsel shall provide Pretrial Services with a
19 copy of defendant's travel itinerary at least 24 hours in advance and
20 must immediately notify Pretrial Services upon defendant's arrival at
21 Mr. Manheimer's residence.  Defendant's counsel shall accompany
22 defendant at all times until defendant arrives at Mr. Manheimer's
23 residence and is placed in Mr. Manheimer's custody.
24    10.   Defendant shall be confined to the personal residence of
25 Jay Manheimer, in Venice, California (at the address provided to
26 Pretrial Services), at all times and with no exceptions, other than
27 for emergency medical treatment after notification to Pretrial
28

3 Defendant's Initials MA  Date 4-21-20

Services. Advance permission of the Court shall be required for any other travel, including for court appearances.

11. Defendant shall participate in the Location Monitoring Program and abide by all requirements of the program, under the direction of Pretrial Services, which shall include a location monitoring bracelet. Defendant must pay all of the costs of the Location Monitoring Program based upon his ability to pay as determined by Pretrial Services, and will be financially responsible for any lost or damaged equipment.

12. Defendant shall not possess, use, or access any digital devices that offer or allow internet access. Defendant may, however, possess and use a non-internet connected telephone, approved by Pretrial Services, to communicate with his attorneys, family, friends, and for other basic living needs during the 90-day term of his temporary release.

13. Although defendant may not possess, use, or access any internet-enabled digital devices, this Order does not preclude defendant's legal counsel from emailing legal documents to defendant's third-party custodian, Jay Manheimer, so that defendant's third-party custodian can print them for defendant to review. Defendant may also access and use an internet-enabled digital device while in the presence of defendant's legal counsel, solely for the purpose of preparing his defense in this case and in the two pending prosecutions in the Southern District of New York ("SDNY"), United States v. Avenatti, No. 1:19-cr-373-PGG (SDNY), and United States v. Avenatti, No. 1:19-cr-374-JMF (SDNY).

14. Within 48 hours of defendant's release, defendant shall disclose to Pretrial Services all bank accounts, credit card

4     Defendant's Initials MKA     Date 4-21-20

accounts, or other financial accounts that defendant controls, either directly or indirectly, and provide Pretrial Services with a list of any assets exceeding $5,000 that defendant owns, possess, or controls, either directly or indirectly.

15. Defendant shall not open, either directly or indirectly, any new bank accounts, credit card accounts, or other financial accounts without notifying and obtaining the prior approval of Pretrial Services.

16. Defendant shall not engage in any financial transactions exceeding $500, either directly or indirectly, without notifying and obtaining the prior approval of Pretrial Services.

17. Defendant shall not sell, transfer, or give away any asset valued at $500 or more, either directly or indirectly, without notifying and obtaining prior approval of Pretrial Services.

18. Defendant shall provide to Pretrial Services every two weeks a report (or other documentation approved by Pretrial Services) detailing all of defendant's financial transactions, including any transactions under $500, during the prior two-week period.

19. Defendant shall avoid all contact (except in the presence of counsel), directly or indirectly, with any person who the government has identified as victim or potential witness in this prosecution and investigation, except for Christine Avenatti Carlin. Defendant, however, shall not engage in any substantive discussions with Ms. Carlin regarding this prosecution and investigation (except in the presence of counsel).

20. Defendant shall comply with all court orders, including, but not limited to, any conditions of release in United States v.

5 Defendant's Initials MJA Date 4-26-20

1  Avenatti, No. 1:19-cr-373-PGG (SDNY), and United States v. Avenatti,
2  No. 1:19-cr-374-JMF (SDNY).
3      21.  Defendant shall surrender all passports and travel
4  documents to Pretrial Services within 24 hours of his release (to the
5  extent he has not already done so), sign a Declaration re Passport
6  and Other Travel Documents (Form CR-37), and shall not apply for a
7  passport or other travel document during the pendency of this case.
8      22.  Defendant shall comply with the General Conditions of
9  Release set forth in the Central District of California Release Order
10  and Bond Form.
11      23.  In order to determine compliance with these conditions of
12  release, defendant agrees to submit to a search of his person
13  and/property by Pretrial Services in conjunction with the U.S.
14  Marshal.  Defendant's third-party custodian Jay Manheimer shall also
15  agree to provide Pretrial Services and the U.S. Marshal with access
16  to his residence in order to conduct such a search if requested to do
17  so.
18      24.  At the expiration of defendant's 90-day temporary release
19  period, defendant shall surrender to the United States Marshals
20  office at 411 W. 4th Street, Second Floor Santa Ana, CA 92701, or the
21  United States Marshals office in the Southern District of New York at
22  500 Pearl Street, Suite 400, New York, NY 10007, as directed by
23  Pretrial Services or the Court.  Defendant's counsel, H. Dean
24  Steward, defendant's third-party custodian, Jay Manheimer, or another
25  party authorized by the Court, shall transport defendant from
26  Mr. Manheimer's residence to United States Marshals office, and shall
27  accompany defendant at all times during transport.
28

6   Defendant's Initials MJA   Date 4-26-20

25. The Court reserves the right to revoke this Order temporarily releasing defendant prior to the expiration of the 90-day period in light of changed circumstances after notice to the parties.

26. This Order does not withdraw, is not in derogation of, and does not conflict with this Court's prior finding, and the Ninth Circuit's affirmance of this Court's finding, that there is probable cause to believe that defendant committed state and federal crimes while on pretrial release, that defendant is a danger to the community, and that defendant failed to rebut the presumption that no conditions or combination of conditions will assure the safety of the community. See United States v. Avenatti, C.A. No. 20-50017 (9th Cir. Mar. 6, 2020).

IT IS SO ORDERED.

April 10, 2020
DATE

HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

Presented by:

/s/
JULIAN L. ANDRÉ
BRETT A. SAGEL
Assistant United States Attorneys


/s/ via email authorization
H. DEAN STEWARD
Attorney for Defendant
MICHAEL JOHN AVENATTI

7 Defendant's Initials MKA Date 4-26-20

H. Dean Steward SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
949-481-4900
Fax: (949) 496-6753

Attorney for Defendant
MIACHAEL J. AVENATTI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES, | Case No. SACR 19-61-JVS |
|---|---|
| Plaintiff, | ORDER RE ATTORNEY MINDERS FOR DEFENDANT'S TRANSPORTATION- NEW YORK TO VENICE, CALIFORNIA |
| vs. | |
| MICHAEL J. AVENATTI | |
| Defendant. | |

GOOD CAUSE HAVING BEEN SHOWN, it is ordered that upon release from the Metropolitan Correction Center in New York City, NY, defendant shall be accompanied by attorney Mariel Colon to one of three local New York City airports, (JKK, La Guardia or Newark), there to be met by attorney Douglas Hatherley from California. Mr. Avenatti will then travel with attorney Hatherley from New York to California LAX airport via a flight that has been disclose to Pre-Trial Services at least 24 hours in advance of that travel.

Upon arrival at LAX, attorney H. Dean Steward will meet the defendant and attorney Hatherley. Attorney Steward will transport the defendant to the home of Jay S. Manheimer in Venice, California, and turn over the defendant to Mr. Manheimer.

- 1 - Defendant's Initials MJA Date 4-26-20

It is the intension of this Court that the defendant be accompanied by counsel <u>at all times during this trip.</u>

**By assuming the role of minder each attorney below consents to jurisdiction of this Court and shall so acknowledge by endorsing and causing to be filed with this Court a copy of this order.**

So ordered.

Dated: April 13, 2020

_____
Hon. James V. Selna
U.S. District Judge

With respect to my duties as a minder under the above order, I consent to the jurisdiction of the United States District Court for the Central District of California.

Dated: April __, 2020      _____
                           Mariel Colon

Dated: April __, 2020      _____
                           Douglas Hatherley

- 2 -   Defendant's Initials KJA  Date 4-26-20

1  H. Dean Steward  SBN 85317
   107 Avenida Miramar, Ste. C
2  San Clemente, CA 92672
   949-481-4900
3  Fax: (949) 496-6753

4  Attorney for Defendant
   MIACHAEL J. AVENATTI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES, | Case No. SACR 19-61-JVS |
|---|---|
| Plaintiff, | |
| vs. | AMENDED ORDER AND |
| MICHAEL J. AVENATTI | CLARIFICATION RE BAIL PENDING |
| Defendant. | TRIAL |

GOOD CAUSE HAVING BEEN SHOWN, the Court makes the following clarifications on the previously issued order re bond. [docket # 140].

1. Defendant shall sign the bond and passport forms immediately after release, and counsel shall file within 48 hours after his release. If he fails to do so, the minder shall immediately deliver him to MCC, and the release order is revoked. Defendant shall submit to GPS monitoring by Pretrial Services immediately upon arrival at the Manheimer residence.

2. The Court, assuming all other conditions and requirements of the posting of a property bond in this district are met, will approve the submitted property bond without the actual file-stamped deed from the County of San Luis Obispo. The Court

- 1 -  Defendant's Initials MA  Date 4/26/21

will rely primarily on the lot book report issued by Pacific Corporate and Title Services of Sacramento, California and on file herein. When received, a copy of the file stamped deed shall be submitted to the U.S. Attorneys Office.

Dated: April 23, 2020

*James V. Selna*

Hon. James V. Selna

U.S. District Judge

- 2 - Defendant's Initials MRA  Date 4-26-20