UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

- - -

THE HONORABLE JAMES V. SELNA, JUDGE PRESIDING


UNITED STATES OF AMERICA,       )CERTIFIED TRANSCRIPT
                    Plaintiff,  )
        vs.                     )
                                )  SACR-19-00061-JVS
MICHAEL JOHN AVENATTI,          )
                    Defendant.  )
------------------------------)


(Per telephonic conference)

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Santa Ana, California

April 27, 2020


SHARON A. SEFFENS, RPR
United States Courthouse
411 West 4th Street, Suite 1-1053
Santa Ana, CA  92701
(714) 543-0870

1    APPEARANCES OF COUNSEL:

2    For the Plaintiff:

3    NICOLA T. HANNA
     United States Attorney
4    BRANDON D. FOX
     Assistant United States Attorney
5    Chief, Criminal Division
     JULIAN L. ANDRE
6    Assistant United States Attorney
     Major Frauds Section
7    1100 United States Courthouse
     312 North Spring Street
8    Los Angeles, CA  90012
     (213) 894-6683
9
     BRETT A. SAGEL
10   Assistant United States Attorney
     Ronald Reagan Federal Building
11   411 West Fourth Street, Suite 8000
     Santa Ana, CA  92701
12   (714) 338-3598

13   For the Defendant:

14   H. DEAN STEWARD
     H. DEAN STEWARD LAW OFFICES
15   107 Avenida Miramar, Suite C
     San Clemente, CA  92672
16   (949) 481-4900

17

18

19

20

21

22

23

24

25

3

|  |  |  |
|---|---|---|
|  | 1 | SANTA ANA, CALIFORNIA; MONDAY, APRIL 27, 2020; 9:00 A.M. |
| 08:49 | 2 | (Per telephonic conference) |
| 09:00 | 3 | THE CLERK:  Item No. 1, SACR-19-00061-JVS, United |
| 09:00 | 4 | States of America versus Michael John Avenatti. |
| 09:00 | 5 | Appearances from the government, please. |
| 09:00 | 6 | MR. ANDRE:  Good morning, Your Honor.  Julian |
| 09:00 | 7 | Andre and Brett Sagel on behalf of the United States. |
| 09:00 | 8 | MR. STEWARD:  Good morning, Your Honor.  Dean |
| 09:00 | 9 | Steward for Mr. Avenatti.  He has a waiver on file but is |
| 09:00 | 10 | with us by telephone. |
| 09:00 | 11 | THE COURT:  Good morning.  This is Judge Selna. |
| 09:00 | 12 | Preliminarily I find that it is appropriate to |
| 09:00 | 13 | conduct this status conference via telephone given the |
| 09:00 | 14 | current circumstances.  As noted, Mr. Avenatti has a waiver |
| 09:00 | 15 | of physical presence and is also on the line. |
| 09:00 | 16 | I would also note on the docket a telephone |
| 09:00 | 17 | call-in number and the access code were public.  I find that |
| 09:00 | 18 | that meets the public's interest in being able to monitor |
| 09:01 | 19 | and listen to this proceeding.  I find that the public's |
| 09:01 | 20 | interest has been satisfied given these unusual |
| 09:01 | 21 | circumstances. |
| 09:01 | 22 | Okay, let's proceed.  We have apparently in place |
| 09:01 | 23 | a schedule which leads to a trial at the end of the summer. |
| 09:01 | 24 | My first question is what is the status of |
| 09:01 | 25 | discovery? |

09:01  1          MR. ANDRE:  Your Honor, this is Julian Andre.

09:01  2          The status of discovery is largely the same as it

09:01  3    was in the report we filed on February 18, 2020.  The

09:01  4    Privilege Review Team did complete the productions to the

09:01  5    defense that we had identified in that report in early

09:01  6    March 2020.  So at this point the defense should have either

09:02  7    access to all the devices or the materials that the

09:02  8    Privilege Review Team identified as being within the scope

09:02  9    from the devices such as the server or EA Employee 1

09:02  10   computers that were found at that residence.

09:02  11         We do anticipate there may be some additional

09:02  12   discovery in terms of materials that are generated in

09:02  13   preparation for trial, and we anticipate that the

09:02  14   prosecution team as to materials that have been released to

09:02  15   us will be providing some additional productions.  Those

09:02  16   will be largely duplicative of the materials that the

09:02  17   defense already has access to.

09:02  18         THE COURT:  Mr. Steward.

09:02  19         MR. STEWARD:  Yes, Your Honor.  We have a couple

09:02  20   of issues.  One of them and the most important from my

09:02  21   perspective is that Mr. Avenatti has been unable to review

09:02  22   anything since his arrest back in January, so we have in

09:03  23   essence lost about three-and-a-half months where he has been

09:03  24   unable to work on this case at all.  The logistics of

09:03  25   getting him material and information in his current

09:03   1   situation I am thinking about and going to try and come up

09:03   2   with some solutions.

09:03   3           We also have a protective order in place on a

09:03   4   great deal of material.  Him being able to review the

09:03   5   various devices is again something that I'm trying to figure

09:03   6   out what's the most expeditious way to do it giving him

09:03   7   access and at the same time recognizing the constraints of

09:03   8   the protective order.

09:03   9           In terms of the material that is in Los Angeles

09:03   10  with the filter team, specifically we had looked at e-mails

09:04   11  some months back on two different occasions, and how we're

09:04   12  going to accommodate that now I'm not sure.  What we did the

09:04   13  very first time was to give their IT person a list of names.

09:04   14  They ran those names and gave us whatever e-mails were

09:04   15  attached to those names.  We may be able to do something

09:04   16  similar now, not just names but also organizations or dates

09:04   17  or whatever, but that needs to be worked out as well.

09:04   18          I will say that the filter team has been very

09:04   19  accommodating.  Unfortunately, they only have one IT guy for

09:04   20  their entire office, which is the Los Angeles Office of the

09:04   21  Criminal Division of the IRS, so the poor gentleman is

09:04   22  stretched pretty thin.  But they have been cooperative, and

09:04   23  my intent is to work with them in the coming days and try to

09:05   24  get whatever it is that Mr. Avenatti and I feel is relevant

09:05   25  and helpful to the defense.

09:05  1          That's kind of where we are right now.  We're

09:05  2  going to take it at a day at a time and do the best we can,

09:05  3  and we will see where we are.

09:05  4          MR. ANDRE:  Your Honor, this is Julian Andre.  May

09:05  5  I respond briefly to a couple of points raised by Mr.

09:05  6  Steward?

09:05  7          THE COURT:  Go ahead.

09:05  8          MR. ANDRE:  First of all, with respect to the

09:05  9  protective order -- and I believe we put this in a response

09:05  10  to their continuance request -- there is nothing in the

09:05  11  protective order that precludes the defendant from accessing

09:05  12  any of these materials.

09:05  13          I would also note that in the conditions of

09:05  14  release that the government proposed and the defendant

09:05  15  agreed to there were certain ways that he would still be

09:05  16  able to review materials.  I also don't think it's accurate

09:06  17  to say that it was impossible for Mr. Avenatti to review

09:06  18  discovery or work on this case since January.  I just wanted

09:06  19  to raise this point because there should be not be any

09:06  20  impediment to Mr. Avenatti being able to review materials in

09:06  21  this case.  He has had quite some time with these materials.

09:06  22          THE DEFENDANT:  Your Honor, this is Mr. Avenatti.

09:06  23  Is it appropriate for me to provide some background

09:06  24  information?

09:06  25          MR. STEWARD:  No, Mr. Avenatti, it is not.  This

| | | |
|---|---|---|
| 09:06 | 1 | is Mr. Steward.  I'm going to ask you not to speak. |
| 09:06 | 2 | THE DEFENDANT:  Okay. |
| 09:06 | 3 | THE COURT:  Mr. Steward noted that the defense had |
| 09:06 | 4 | lost three-and-a half months.  I also note that we pushed |
| 09:06 | 5 | the trial out. |
| 09:06 | 6 | In terms of the preparation for trial.  I think I |
| 09:06 | 7 | would like to schedule another status conference at the |
| 09:07 | 8 | beginning of June. |
| 09:07 | 9 | MR. SAGEL:  This is Brett Sagel.  I believe we |
| 09:07 | 10 | have one on June 1. |
| 09:07 | 11 | THE CLERK:  We have one on May 26 that I have down |
| 09:07 | 12 | for a telephonic conference at 8:00 a.m.  I will look at the |
| 09:07 | 13 | docket and confirm, but that's what I have. |
| 09:07 | 14 | MR. SAGEL:  The date that I have that was in the |
| 09:07 | 15 | last order is we have expert disclosures on May 26 and then |
| 09:07 | 16 | a status conference at 9:00 a.m. on June 1. |
| 09:07 | 17 | THE CLERK:  I also have one on June 1.  Clearly we |
| 09:07 | 18 | wouldn't need both of them. |
| 09:07 | 19 | THE COURT:  Let's just go to the June 1 date. |
| 09:07 | 20 | Mr. Steward, what is the status of the case in |
| 09:08 | 21 | New York that has yet to go to trial? |
| 09:08 | 22 | MR. STEWARD:  I believe the trial date is in July. |
| 09:08 | 23 | Mr. Avenatti, on this one, I will let you speak. |
| 09:08 | 24 | Is that right as to our trial date on that one? |
| 09:08 | 25 | THE DEFENDANT:  Yes.  The Court vacated the prior |

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

|         |    |                                                              |
|---------|----|--------------------------------------------------------------|
| 09:08   | 1  | trial date and set that trial date in July and is expecting  |
| 09:08   | 2  | I believe a status report from counsel, both the government  |
| 09:08   | 3  | and my defense counsel, in May noting whether that trial     |
| 09:08   | 4  | date is realistic in light of everything that's going on,    |
| 09:08   | 5  | including the current stay-away or lockdown orders, et       |
| 09:08   | 6  | cetera, in New York City.                                    |
| 09:08   | 7  | MR. STEWARD:  Thank you, Mr. Avenatti.                       |
| 09:08   | 8  | THE COURT:  The deadline for filing motions is              |
| 09:08   | 9  | coming up.  Can you give me a preview however brief about    |
| 09:09   | 10 | what you anticipate in terms of pretrial motions?  The       |
| 09:09   | 11 | government.                                                  |
| 09:09   | 12 | MR. ANDRE:  Your Honor, this is Julian Andre.               |
| 09:09   | 13 | Currently we anticipate filing at least two                 |
| 09:09   | 14 | pretrial motions.  We will be filing a motion to introduce   |
| 09:09   | 15 | other acts evidence.  These are on the basis that it was     |
| 09:09   | 16 | part of the charged conduct but was not specifically         |
| 09:09   | 17 | identified in the Indictment and is inextricably intertwined |
| 09:09   | 18 | with charges in the Indictment or is admissible under        |
| 09:09   | 19 | 404(b).  We provided the defense with a very detailed notice |
| 09:09   | 20 | explaining what evidence we would seek to introduce on I     |
| 09:09   | 21 | believe February 4 of this year.  So that will be the first  |
| 09:09   | 22 | motion.                                                      |
| 09:09   | 23 | We also are likely going to move to exclude --              |
| 09:09   | 24 | well, we may move to exclude any sort of advice of counsel   |
| 09:10   | 25 | defense.  We have raised this issue with defense counsel     |

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

| | | |
|---|---|---|
| 09:10 | 1 | well over about two months ago whether they intended to |
| 09:10 | 2 | present any sort of advice of counsel defense for any of the |
| 09:10 | 3 | charges.  We have not yet heard a response.  Unless they |
| 09:10 | 4 | provide us with reciprocal discovery and identify that they |
| 09:10 | 5 | are planning to pursue such a defense, we intend to move to |
| 09:10 | 6 | exclude it. |
| 09:10 | 7 | THE COURT:  Okay. |
| 09:10 | 8 | Mr. Steward, in terms of motions. |
| 09:10 | 9 | MR. STEWARD:  At this point, Your Honor, severance |
| 09:10 | 10 | of the counts as dissimilar.  And I am looking at another |
| 09:10 | 11 | Motion to Dismiss, but I don't want to say anything more |
| 09:10 | 12 | than that because I need to further investigate the facts |
| 09:10 | 13 | behind it.  I don't want to shoot my mouth off at this point |
| 09:10 | 14 | without significant facts.  I have it sort of sketched out |
| 09:10 | 15 | in my mind.  It would involve Mr. Stolper, Mr. Sagel, and |
| 09:11 | 16 | perhaps others.  That's all I can say at this point. |
| 09:11 | 17 | THE COURT:  That's fine. |
| 09:11 | 18 | Are there any other matters anyone would like to |
| 09:11 | 19 | take up? |
| 09:11 | 20 | MR. ANDRE:  Your Honor, this is Julian Andre. |
| 09:11 | 21 | One issue that I think will need to be addressed |
| 09:11 | 22 | soon is the matter of reciprocal discovery.  Mr. Avenatti |
| 09:11 | 23 | and Mr. Steward actually are in a situation here where they |
| 09:11 | 24 | have access to a much broader range of evidence and data |
| 09:11 | 25 | than the government does.  I mean, they have complete copies |

| | | |
|---|---|---|
| 09:11 | 1 | of many of these devices, and they have more materials in |
| 09:11 | 2 | these devices than what was provided to the government from |
| 09:11 | 3 | the Privilege Review Team. |
| 09:11 | 4 | We think it's going to be critical here that the |
| 09:11 | 5 | defense be required to produce reciprocal discovery in a |
| 09:11 | 6 | timely manner.  So what we would be requesting is that the |
| 09:11 | 7 | Court set a deadline for that.  We are thinking mid June |
| 09:12 | 8 | would be appropriate.  That would give the defense enough |
| 09:12 | 9 | time to identify those materials. |
| 09:12 | 10 | THE COURT:  I understand no reciprocal discovery |
| 09:12 | 11 | has been provided at all by the defense.  Is that accurate? |
| 09:12 | 12 | MR. ANDRE:  That's accurate, Your Honor. |
| 09:12 | 13 | THE COURT:  Mr. Steward, a deadline for -- |
| 09:12 | 14 | MR. STEWARD:  That's fine, Your Honor.  Today I |
| 09:12 | 15 | have none.  By mid June, I think we can meet that deadline. |
| 09:12 | 16 | THE COURT:  Why don't we say you will make |
| 09:12 | 17 | reciprocal discovery no later than Friday, June 19.  That |
| 09:12 | 18 | will be reflected in the minutes. |
| 09:12 | 19 | Anything else? |
| 09:12 | 20 | MR. ANDRE:  Nothing from the government at this |
| 09:12 | 21 | time, Your Honor. |
| 09:12 | 22 | MR. STEWARD:  Nothing from the defense, Your |
| 09:12 | 23 | Honor. |
| 09:12 | 24 | THE COURT:  Okay.  Very good.  Thank you. |
| 09:12 | 25 | MR. ANDRE:  Thank you. |

11

```
09:13    1           MR. STEWARD:   Thank you.
09:13    2           (Whereupon, the proceedings were concluded.)
09:13    3                      *     *     *
09:13    4
09:13    5
09:13    6
09:13    7
09:13    8
09:13    9
09:13   10
09:13   11
09:13   12
09:13   13
09:13   14
09:13   15
09:13   16
09:13   17
09:13   18
09:13   19
09:13   20
09:13   21
09:13   22
09:13   23
09:13   24
09:13   25
```

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

09:13    1
09:13    2
09:13    3
09:13    4
09:13    5                        CERTIFICATE
09:13    6
09:13    7          I hereby certify that pursuant to Section 753,
09:13    8   Title 28, United States Code, the foregoing is a true and
09:13    9   correct transcript of the stenographically reported
09:13   10   proceedings held in the above-entitled matter and that the
09:13   11   transcript page format is in conformance with the
09:13   12   regulations of the Judicial Conference of the United States.
09:13   13
09:13   14   Date:   May 26, 2020
09:13   15
09:13   16
09:13
09:13   17                      /s/   Sharon A. Seffens  5/26/20
09:13                           _____
09:13   18                      SHARON A. SEFFENS, U.S. COURT REPORTER
09:13
        19
        20
        21
        22
        23
        24
        25