UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | SACR 19-61-JVS | Date | May 28, 2020 |
|---|---|---|---|

| Present: The Honorable | JAMES V. SELNA, U.S. DISTRICT COURT JUDGE |
|---|---|
| Interpreter | |

| Lisa Bredahl | Not Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Michael John Avenatti | NOT | | X | Dean Steward | NOT | | X |

**Proceedings:** [IN CHAMBERS] ORDER RE JUNE 2, 2020 STATUS CONFERENCE

In preparation for the June 1, 2020 status conference, the Court shares the following thoughts with the parties.

1. In his status report (Docket Nos. 164, 165), Mr. Steward shares many legitimate concerns about proceeding to trial in the midst of the Covid 19 pandemic. The Court assures the parties that the matter will not proceed to trial until all Constitutional rights and guarantees can be satisfied and the health of the parties, the Court staff, and the public can be adequately protected. If necessary, the Court is prepared to make the necessary findings under the Speed Trial Act to achieve this goal.

2. Assuming it is accurate, the Court is troubled by the Government's production of more that 600,000 pages in May. (Docket No. 164, pp. 4, 14.) This is inconsistent with the Government's description of the status of discovery at the last status conference. (Tr. Apr. 27, 2020, p. 4.)

3. Mr. Avenatti's ability to review discovery is essential. Why could the discovery not be loaded on a laptop or desktop, under the supervision of the parties, with disabled communications ability, but with the ability to print. Jurors are often given such computers during deliberations to review exhibits. The State Bar provides restricted laptops for the Bar Exam.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

    4. Some time ago the Court asked for memoranda of law dealing with delay in trial where a defendant has but not deployed the assets necessary to prepare for trial in a timely and effective manner. Said differently, what are the consequence where a defendant has retained counsel of his choice, but not provided the resources for counsel to perform in a constitutionally-effective manner? The Court will invited the parties to provide a date certain for memoranda addressing this issue.

    5. Mr. Steward addresses his age and health at a number of points in the status report. (Docket No. 164, pp. 2, 18.) The Court will ask Mr. Steward whether his age and health permit him to provide the constitutionally-required level of effective counsel. There is at least the suggestion in the status report that he is unable to meet in person with his client at present. There is at least the suggestion that he may not be able to perform his duties: "[E]ven skilled and experienced trial attorneys would find it impossible to maintain the necessary sustained focus in the current environment." (Docket No. 164, p. 18.)[1] Should Mr. Steward at any point conclude that he is unable to provide the constitutionally-required effective counsel, the Court expects him to so advise the Court.

    6. As should be readily apparent to all, the August trial date will need to be continued.

                                       :   0

                                Initials of Deputy Clerk   lmb

---

[1] Further: "Avenatti may be convicted for improper reasons: because defense counsel is too distracted to mount an effective cross-examination . . . ." (Docket No. 164, p. 31.)