H. Dean Steward, SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | SA CR No. 19-061-JVS<br><br>DEFENDANT'S SECOND SUPPLEMENT TO STATUS REPORT<br><br>Hearing Date:   June 1, 2020<br>Hearing Time:  9:00 a.m.<br>Location:       Telephonic - Courtroom of the Hon. James V. Selna |

In advance of the status conference set in this matter for June 1, 2020 and in brief response to each of the issues addressed by the Court in its Order Re Status Conference [Docket No. 165], defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti"), by and through his counsel of record, H. Dean Steward, hereby files this Second Supplement to Status Report.

      1.    <u>A trial in the midst of the pandemic</u>.  The defense appreciates the Court's response to the defense's legitimate concerns relating to proceeding to trial during the current pandemic (as outlined in the Status Report (Docket No. 164)).  In the view of the defense, it is simply not plausible to hold a trial in this matter that adequately protects Mr. Avenatti's rights and the health of the parties, witnesses, Court staff, and the public until 2021.  There are simply far too many unknowns relating to the COVID-19 crisis at this juncture to set this complicated, lengthy case for trial, especially as it relates

to health risk. *Indeed, within the last 24 hours, a study was released that found of COVID-19 patients with diabetes, 10 percent die within seven days of hospital admission, and one in five requires intubation and the use of a ventilator.* As the Court knows, undersigned counsel is at a heightened risk for contracting the virus due to his age and the fact that he has diabetes.[1] Accordingly, the defense submits that the proper course of action is to vacate the trial date and hold a further trial setting conference on August 31. Mr. Avenatti is prepared to waive time under the Speedy Trial Act as required.

2. <u>The May production of over 600,000 pages</u>. As discussed on pages 4-5 and 14 of its Status Report, including in footnotes 5 and 6 (Docket No. 164), this production is also very troubling to the defense, as is the government's unwillingness to commit to a date certain for the production of all remaining discovery. If counsel was able to do nothing other than review 2,500 pages of the 664,000 pages a day (more than 300 pages an hour), it would take 265 days or nearly 9 months (working 8 hours a day) to complete only the review of this production. This estimate does not take into account the review of the approximate 1,000,000 pages produced in March, which must be cross-referenced against the 664,000 page production. Nor does it include the time required to still review other discovery produced in the case, prepare motions, represent other clients, etc.

3. <u>The Court's suggestion regarding a computer for Mr. Avenatti for discovery review</u>. The defense believes the Court's suggestion is a good one and asks that the government work with the defense to accomplish this as quickly as possible. The defense also requests that a solution be devised relating to Mr. Avenatti and counsel's ability to review the documents and emails presently located at the IRS's offices in Los Angeles (*see* Docket No. 164, pp. 2-3).

---

[1] This is one reason why undersigned counsel is not meeting with clients who are incarcerated, namely that he does not want to risk contracting the virus.

2

4. <u>Alleged failure to deploy assets</u>. The defense will timely brief this issue if requested but maintains that it is not necessary. Mr. Avenatti has *not* failed to adequately deploy assets nor has any such alleged failure led to a delay in trial or lack of effective preparation for trial. As discussed in footnote 7 in the Status Report (Docket No. 164), the government's prior claim of Mr. Avenatti "having 7 lawyers in the Nike trial" is simply not accurate. Moreover, as a result of the choices and inefficient strategy deployed by the government in its effort to prosecute Mr. Avenatti, the defendant was indicted on two coasts by way of three separate indictments, including one in which the alleged net loss amount is less than $150,000 (the case relating to Stormy Daniels). As a result, Mr. Avenatti has been forced to expend exponentially more money mounting a defense for three separate matters. At the same time, Mr. Avenatti has been required to retain and pay counsel in connection with a divorce proceeding; numerous civil matters in which he is a defendant; a bankruptcy/receivership of his law firm; and various collection proceedings. All of this is in addition to paying various of his obligations, including monies paid toward child support, living expenses, and other debts for which he was contractually obligated. Further, other assets and monies of Mr. Avenatti have been seized by the government and creditors since his indictment in this matter, including by a creditor undoubtedly assisted along the way by the prosecutors in this case (Mr. Jason Frank), thus interfering with his ability to retain and pay counsel.

5. <u>Effective assistance of counsel</u>. Undersigned counsel remains concerned that in light of COVID-19, his age and health may continue to interfere with the ability of Mr. Avenatti to obtain the constitutionally-required level of effective counsel in this matter. Counsel suggests that this issue be revisited with the Court in thirty (30) days, after counsel has been able to further assess the situation relating to COVID-19 and confer with Mr. Avenatti, and after Mr. Avenatti is able to determine whether he can add additional counsel to his defense.

6. <u>The trial date</u>.  The defense obviously agrees with the Court.  As set forth above, the defense requests that the current trial date be vacated and a trial setting conference be scheduled for August 31.  In the alternative, the defense requests a tentative trial date no earlier than February 2021 in light of (a) the pandemic and resulting trial-related issues (*see* Docket No. 164, pp. 15-33) and (b) the issues relating to discovery (*see* Docket No. 164, pp. 1-14).

Dated: May 29, 2020                            Respectfully submitted,

                                               /s/ H. Dean Steward
                                               H. DEAN STEWARD

                                               Attorney for Defendant
                                               MICHAEL JOHN AVENATTI

## CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672. I am not a party to the above-entitled action. I have caused, on May 29, 2020, service of the defendant's:

## SECOND SUPPLEMENT TO STATUS REPORT

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA JULIAN ANDRE

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 29, 2020

                               /s/ H. Dean Steward
                               H. Dean Steward