NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
        1100 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-6683
        Facsimile: (213) 894-6269
        Email:    Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
        Ronald Reagan Federal Building
        411 West Fourth Street, Suite 8000
        Santa Ana, California 92701
        Telephone:  (714) 338-3598
        Facsimile:  (714) 338-3708
        Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT MICHAEL JOHN AVENATTI'S STATUS REPORT; DECLARATION OF JULIAN L. ANDRÉ |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Julian L. André and Brett A. Sagel, hereby files its response to the Status Report

1  defendant MICHAEL JOHN AVENATTI ("defendant") filed on May 27, 2020,

2  in the above-captioned matter (CR 164).

3      This response is limited to the discovery issues identified in

4  defendant's Status Report (CR 164), and the Court's May 28, 2020,

5  Minute Order (CR 166).  The government will be prepared to address

6  the other issues referenced in defendant's Status Report as needed

7  during the status conference scheduled for June 1, 2020.

8      This response is based upon the attached memorandum of points

9  and authorities, the attached declaration of Assistant United States

10 Attorney Julian L. André and supporting exhibit, the files and

11 records in this case, and such further evidence and argument as the

12 Court may permit.

13  Dated: May 30, 2020               Respectfully submitted,

14                                    NICOLA T. HANNA
                                      United States Attorney
15
                                      BRANDON D. FOX
16                                    Assistant United States Attorney
                                      Chief, Criminal Division
17

18                                    _____
                                      JULIAN L. ANDRÉ
19                                    BRETT A. SAGEL
                                      Assistant United States Attorney
20
                                      Attorneys for Plaintiff
21                                    UNITED STATES OF AMERICA

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

DESCRIPTION                                                                    PAGE

I.      INTRODUCTION....................................................................1

II.     DEFENDANT'S DISCOVERY COMPLAINTS ARE INACURRATE AND
        MISLEADING......................................................................1

        A.      The USAO's Recent Production of Duplicate Search
                Warrant Materials Was Necessary, Proper, and
                Consistent with Its Past Representations to this Court....1

        B.      The USAO Has Been Completely Forthcoming About the
                Discovery in This Case; Defendant Has Not.................6

        C.      Defendant Cannot Claim He Has Been Prevented from
                Reviewing Search Warrant Materials at the IRS Offices
                Because He Has Not Made Any Such Requests Since
                October 2019.............................................................7

        D.      Defendant Has Received Detailed Records Relating to
                the Costs and Expenses Associated with the Victims'
                Cases.......................................................................9

        E.      Defendant Has Provided No Factual Support for His
                Claim that the Government Has Only Produced "Some" of
                His Correspondence with the Named Victims................10

        F.      Expected Additional Discovery Productions................11

III.    CONCLUSION....................................................................14

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On May 27, 2020, defendant MICHAEL JOHN AVENATTI ("defendant") filed a status report (CR 164) in which he raised a number of purported concerns regarding the discovery in this case. Defendant's claims in the status report, including his complaints regarding discovery, are inaccurate and misleading.[1] The United States Attorney's Office for the Central District of California (the "USAO") has worked diligently to produce discovery to defendant in a timely, efficient, and organized manner, and has done so throughout this case. Defendant's meritless discovery complaints are merely an effort to further delay this trial unnecessarily. Although the government recognizes and agrees with the Court that an additional trial continuance will be necessary due to the ongoing issues relating to COVID-19, defendant's discovery complaints do not justify the extensive continuance defendant is requesting. As soon as it is possible for the Court to safely conduct jury trials in this district, defendant should be prepared to proceed.

### II. DEFENDANT'S DISCOVERY COMPLAINTS ARE INACURRATE AND MISLEADING

#### A. The USAO's Recent Production of Duplicate Search Warrant Materials Was Necessary, Proper, and Consistent with Its Past Representations to this Court

Defendant has had most of the relevant discovery in this case since June 2019, including many key witness statements, and the

---

[1] Defendant's status report and supplemental status reports include numerous unsupported factual allegations, most of which are false and/or misleading. The USAO, however, will not address most of defendant's baseless claims in this response, but will be prepared to respond to the other issues raised in defendant's status reports (CR 164; CR 165; and CR 167), as well the Court's initial comments (CR 166), at the June 1, 2020, status conference -- or when defendant files a properly noticed motion.

Privilege Review Team substantially completed its review and production of search warrant materials directly to the defense in March 2020.  The USAO's recent production of 664,292 pages of duplicate search warrant materials was entirely consistent with the USAO's past representations to defendant and this Court, and should have no impact on defendant's ability to prepare for trial in a timely manner.  In fact, the USAO's production of duplicate search warrant materials in May 2020 is the direct result of the USAO's extensive efforts to expedite defendant's receipt of the relevant search warrant materials.

On March 13, 2020, to expedite defendant's receipt of the relevant search warrant materials, the Privilege Review Team produced directly to the defense approximately 126,288 documents that it had determined fell within the scope of the search warrants.[2]  (André Decl. Ex. 1.)  These materials were produced to defendant before they were reviewed for privilege or provided to the Prosecution Team.  (Id.)  The Privilege Review Team subsequently completed its privilege review of these materials in April 2020, and then released to the Prosecution Team 87,226 out of the 126,288 documents that had been produced to defendant on March 13, 2020.[3]  (Id.)

---

[2]  The forthcoming production of these documents was specifically referenced in the February 2020 status report.  (CR 99 at 9, 11-13.) The Privilege Review Team's production of these materials was, however, delayed for a few weeks due to technical difficulties loading the materials on to the external hard drive defense counsel had provided.

[3]  The Privilege Review Team did not release to the Prosecution Team the remaining documents from the March 13, 2020, production because they determined that such materials were privileged or potentially privileged.

1      On May 8, 2020, the USAO's Prosecution Team produced to the

2 defense duplicate copies of the 87,226 documents (totaling 664,275

3 pages) that the Privilege Review Team produced to defendant on March

4 13, 2020, and subsequently released to the Prosecution Team in April

5 2020.  (Id.)  The USAO's discovery letter and corresponding index

6 clearly identifies these documents by Bates-number as "duplicates" of

7 the search warrant materials that the Privilege Review Team produced

8 directly to defendant in March 2020.  (Id.)[4]

9      The USAO produced duplicate copies of these materials to ensure

10 that defendant had a complete record of the materials that have been

11 released to the Prosecution Team.  Among other reasons, the USAO

12 believes defendant should be able to access the same set of materials

13 that the Prosecution Team will be using going forward as it prepares

14 for trial.  Because the Prosecution Team does not have access to the

15 discovery materials the Privilege Review Team produced directly to

16 defendant, producing duplicate Bates-labeled copies of the released

17 search warrant materials was the best and most efficient way to

18 ensure that the defense could easily identify and locate by Bates-

19 number the documents the USAO intends to use at trial or discusses

20 with witness in preparation for trial.  The USAO also did not want

21

22      [4]  On May 8, 2020, the USAO also produced 17-pages of records
from defendant's iCloud account, which the FBI had seized in
23 connection with the pending prosecutions in the Southern District of
New York ("SDNY"), and a two-page business records declaration the
24 government had recently obtained from defendant's former escrow
company.  A week later, on May 15, 2020, the USAO produced an
25 additional 119 pages of discovery, which consisted of three
additional emails (and attachments) the Privilege Review Team
26 retrieved from the EA LLP server and a four-page factual stipulation
that defendant signed in connection with his State Bar proceedings.
27 In total, out of the 664,414 pages of materials produced to the
defense in May 2020, defendant already had copies of 664,292 pages of
28 those materials from discovery in this case, and the iCloud records
and factual stipulation defendant already had from other litigation.

there to be any dispute now, or in the future, as to whether certain search warrant materials had been provided to the Prosecution Team.

Crucially, this is exactly what the USAO always said it planned to do.  During the January 31, 2020, status conference (CR 111) and in its February 2020 status report (CR 99), the USAO explained in detail the process by which it would review and produce the remaining search warrant evidence in this case:

(1)  The Privilege Review Team would review the digital devices to identify documents within the scope of the search warrants.

(2)  To expedite the defendant's receipt of the search warrant materials, the Privilege Review Team would produce any documents it determined to fall within the scope of the warrants directly to the defense <u>before</u> the privilege review was completed and the documents were released to the Prosecution Team.

(3)  Once the Privilege Review Team completed the privilege review at a later date, it would release any non-privileged search warrant materials to the Prosecution Team.

(4)  The Prosecution Team would produce <u>duplicate</u> copies of the released search warrant materials to the defense so that defendant would have a complete record of what the Prosecution Team received.

(<u>See generally</u> 1/31/2020 RT 4-6; CR 99 at 11-13.)

Indeed, during the January 31, 2020, status conference, the USAO explicitly stated that once search warrant materials are released to the Prosecution Team, "they'll actually end up being reproduced to the defense so the defense knows what we have."  (1/31/2020 RT 5:17-21; <u>see also</u> 1/31/2020 RT 8:4-10 ("Once the Privilege Review Team . . .

4

1  . releases the materials to us, they will be reproduced.").)  The

2  USAO then reiterated its February 2020 status report that it would

3  likely be producing duplicate copies of certain search warrant

4  materials, but that "such materials would be duplicative of the

5  materials already produced to defendant." (CR 99 at 11-13.)  And

6  during the April 27, 2020, telephonic status conference, that USAO

7  again noted that there would be additional productions of materials

8  that had been released to the Prosecution Team, which "will be

9  largely duplicative of the materials that the defense already has

10  access to." (4/27/2020 RT 4:11-17.)

11      Simply put, the USAO has done exactly what it said was going to

12  do and had done previously.[5]  Prior to the filing of his status

13  report on May 27, 2020, defendant never expressed any concern to the

14  USAO or the Court about the USAO's long-stated plan of producing

15  <u>duplicate</u> copies of the search warrant materials to defendant once

16  the Privilege Review Team released them to the Prosecution Team.

17      Finally, there is no merit to defendant's claim that he cannot

18  readily "determine what exactly has been previously produced and what

19  is duplicative." (CR 164 at 4, n.6.)  This information has been

20

21  ─────────────────

22      [5] As early as August 26, 2019, the USAO said it planned to have
    the Privilege Review Team produce certain search warrant materials to
    defendant prior to those documents being reviewed for privilege or
23  released to the Prosecution Team.  (8/26/2020 RT 6:14-7:2.)  This is
    also not the first time the USAO has produced duplicate search
24  warrant materials.  As the Court may recall, the Privilege Review
    Team was able to locate the specific electronic case files for three
25  of defendant's victims using EA LLP's FileSite document management
    system.  (CR 99 at 4, n.5.)  The Privilege Review Team informally
26  produced complete copies of these electronic client files directly to
    the defense in September 2019, long before they were reviewed for
27  privilege or released to the Prosecution Team.  (<u>Id.</u>)  In February
    2020, the Prosecution Team then reproduced to defendant duplicate
28  Bates-labeled copies of the non-privileged materials from the
    FileSite system that the Privilege Review Team had released.  (<u>Id.</u>)

5

provided to defendant; the Bates-numbers of the <u>duplicate</u> materials

are specifically identified in the USAO's discovery letter (André

Decl. Ex. 1), as well as the corresponding index.  If defendant

believes it is necessary to confirm that the information the USAO

provided is accurate, it would be neither difficult nor time

consuming for defense counsel or his discovery vendor to spot check

the recently produced <u>duplicate</u> materials and confirm that they were

included in the Privilege Review Team's March 2020 production --

particularly given that both productions are fully and easily

searchable.[6]

**B.   The USAO Has Been Completely Forthcoming About the Discovery in This Case; Defendant Has Not**

Contrary to defendant's claims (CR 164 at 4-5), the USAO has

been completely forthcoming with the defense -- and the Court --

about the USAO's review and production of discovery materials

throughout this case.  The USAO has filed multiple, detailed status

reports with this Court, has addressed discovery issues extensively

during the periodic status conferences, and has provided defendant

with detailed discovery letters and indexes.  The defendant already

has all of the information he is now requesting that the Court

require the USAO to provide.[7]

---

[6] As with the USAO's prior productions, both the Privilege Review Team's March 2020 production and the Prosecution Team's May 2020 production of the duplicate search warrant materials included database load files so that the materials could be easily searched or sorted in whichever document review platform defense counsel has been using for this case.

[7] If the Court would like, the USAO can submit copies of all of its discovery letters and the most recent detailed discovery index. As the discovery index contains non-public information, such as the full names of various witnesses and victims, the government would request permission to file the discovery index under seal.

1    Defendant cannot say the same thing.  Although defendant spills
2    considerable ink making baseless claims about the USAO's discovery
3    productions and the amount of time it will require defendant to
4    review the discovery going forward, the defense has not provided this
5    Court with any information about its own efforts to review the
6    discovery.  Notably absent from defendant's filings are any details
7    as to what defendant or his counsel have actually done to review the
8    discovery in the past year, or at least the eight months prior to
9    defendant's bail revocation.  Defendant's actions, including waiting
10   nearly five weeks after his release from custody to claim he cannot
11   review discovery because he cannot use a computer, bespeak of someone
12   who has no intention of actually reviewing discovery and simply wants
13   to use frivolous discovery claims as a basis to further delay this
14   trial and avoid responsibility for his criminal conduct.

15       C.   **Defendant Cannot Claim He Has Been Prevented from Reviewing
16            Search Warrant Materials at the IRS Offices Because He Has
             Not Made Any Such Requests Since October 2019**

17   Defendant's complaint that he is being prevented from reviewing
18   search warrant materials at the IRS-CI's office is frivolous.
19   Defendant's counsel has never even contacted the Privilege Review
20   Team since defendant was temporarily released from custody in April
21   2020.  Indeed, defendant's counsel has not asked to review any of the
22   search warrant materials or electronic devices in IRS-CI's custody
23   since the Privilege Review Team completed the last requested
24   production to defendant in October 2019 -- nearly eight months ago.
25   (CR 99 at 9-11.)  It also unclear how defendant can claim that the
26   review process is "less than 20% complete" when the Privilege Review
27   Team already produced all of defendant's requested documents,
28   defendant has not requested any additional materials in nearly eight

7

1    months, and the USAO first offered to make these materials available

2    for him to review at IRS-CI's offices over a year ago in May 2019.

3         Additionally, the USAO notes that it offered to allow defendant

4    to work directly with the Privilege Review Team to identify materials

5    on the EA LLP server and other EA LLP digital devices, in large part,

6    to expedite his ability to access and review those discovery

7    materials while the Privilege Review Team's scope and privilege

8    reviews were ongoing.  And the Privilege Review Team and IRS-CI

9    expended significant resources last year to ensure that such a review

10   would be possible.  Now that the Privilege Review Team's scope and

11   privilege review of the EA LLP server and other EA LLP devices has

12   been completed,[8] and all of the relevant materials the Privilege

13   Review Team identified on those devices have been produced to the

14   defense, there is no legitimate basis for defendant to effectively

15   demand that the Privilege Review Team start that review process over

16   or conduct extensive additional searches on defendant's behalf.

17   Indeed, defendant appears to be requesting that the USAO and IRS-CI

18   make the Privilege Review Team available indefinitely so that

19   defendant can conduct a fishing expedition on the EA LLP server and

20   other digital devices for unspecified documents that likely have

21   already been produced.  At this point, if defendant believes that

22   there are any discoverable documents that have not yet been produced,

23

24        [8] Although the Privilege Review Team has completed its review of
     the EA LLP server and many of the other digital devices obtained
25   during this investigation, the Privilege Review Team and Prosecution
     Team are still in the process of conducting quality control reviews
26   of the prior productions.  The Privilege Review Team and Prosecution
     Team are also finishing their review of certain other digital
27   devices, as discussed below.  With the exception of 85 documents from
     Law Firm 1 that are still being reviewed, defendant already has
28   complete forensic copies of almost all devices that are still being
     reviewed.

1  defendant should be required to identify such documents with

2  specificity to the Prosecution Team or the Court so that any such

3  issues can be resolved efficiently and effectively.

4       **D.   Defendant Has Received Detailed Records Relating to the**
         **Costs and Expenses Associated with the Victims' Cases**

5

6       Defendant's claim that he still has not received "critical

7  records detailing costs and expenses on cases involving the alleged

8  victims" (CR 164 at 3-4) is demonstrably false.  On August 26, 2019,

9  the government produced to defendant EA LLP's QuickBooks accounting

10  files, which were located on a computer at EA Employee 1's residence.

11  Among other things, the QuickBooks files contain detailed information

12  regarding the costs and expenses incurred in connection with all EA

13  LLP legal matters for which they kept such records, including for

14  three of the four victims identified in the indictment.[9]

15       Additionally, on March 1, 2020, the USAO provided defendant with

16  its initial expert disclosure notice, which included the USAO's

17  accounting expert's analysis of the costs and expenses associated

18  with each victim, as well as a tracing of the relevant bank records

19  demonstrating defendant's receipt and embezzlement of the victim's

20  settlement funds.  The USAO has also provided the defense with draft

21  summary charts reflecting its accounting expert's calculations and

22  financial tracing, and a copy of IRS-CI's Microsoft Access database

23  summarizing the bank records obtained during this investigation.

24

25

26

27       [9] EA Employee 1, who was principally responsible for maintaining
EA LLP's files and accounting records, has told the USAO that there
was not a case file created for the representation of Clients 4 and

28  5.

Finally, the search warrant materials the Privilege Review Team produced to defendant in March 2020 and that the Prosecution Team subsequently reproduced do in fact contain the cost bills for two of defendant's victims, Client 1 and Client 3.[10]  Notably, defendant never shared these cost bills with his victims, and these cost bills conclusively establish that the victims were entitled to receive substantial portions of the total settlement amounts.  Had defendant asked government counsel for these documents, the USAO would have immediately provided them to the defense as they were not difficult to locate in the search warrant materials using basic search terms, such as the victim's name and the word "cost."[11]

**E.   Defendant Has Provided No Factual Support for His Claim that the Government Has Only Produced "Some" of His Correspondence with the Named Victims**

There is no basis for defendant's claim that he has only received "some" of his correspondence with the victims.  (CR 164 at 3-4.)  The government obtained copies of the relevant email and text message correspondence with defendant directly from the victims, and produced them to defendant in May and June 2019.  The search warrant materials released to the Prosecution Team also contain extensive email correspondence between defendant and the victims, members of defendant's law firm and the victims, as well as between defendant

---

[10]  EA LLP does not appear to have created cost bills for two of the alleged victims, Client 2 and Client 4, and the costs associated with Client 1 appear to be significantly inflated.

[11] As the USAO has repeatedly noted, the USAO has produced the discovery to defendant with database load files so that the discovery would be fully searchable.  Additionally, defendant's counsel could at any time inquire with government counsel about the location of particular discovery items, but has never done so to date.

and other members of his law firm.[12]  As noted above, defendant has had all of these search warrant materials (and more) since at least March 13, 2020.  And defendant has provided no factual support for his claim that additional documents are missing.  If defendant believes there are relevant discoverable materials that are missing, he should file a properly noticed motion and identify those materials with specificity.

**F.    Expected Additional Discovery Productions**

As the USAO indicated during the last status conference, the government anticipates that any additional discovery productions from the USAO will primarily consist of either (1) documents that have been recently obtained or generated in preparation of trial; (2) <u>Jencks</u> materials, such as additional witness interview summaries; and (3) additional search warrant materials that are released to the Prosecution Team, the vast majority of which defendant likely already has access.

For example, as to the additional search warrant materials, the case agents are still conducting a scope review of certain documents located on digital devices obtained from the employees of defendant's coffee company, Global Baristas US, LLC ("GBUS").  Once the scope review is complete, the USAO will produce Bates-labeled copies of the seized items to defendant so that he has a complete record of the materials in the USAO's possession.  However, because the USAO provided defendant with complete forensic copies of all of the GBUS

---

[12]  In the past month, undersigned government counsel has personally reviewed thousands of emails from the search warrant evidence relating to the named victims' cases.  The USAO will gladly submit relevant examples of such correspondence to the Court upon request.

11

devices in June 2019, any materials seized from these devices and reproduced to defendant will be entirely duplicative of information defendant already received.  (See also 1/31/2020 RT 11:7-17 (discussing duplicate productions of materials from defendant's MacBook).)

As for specific additional productions, government counsel understands that the following additional productions will be forthcoming:

- The Prosecution Team is preparing to produce to defendant approximately 3,351 documents that defendant's former employee, M.S., produced directly to the Privilege Review Team.[13]  The Privilege Review Team reviewed these materials for privilege and recently released any non-privileged materials to the Prosecution Team.  Based on government counsel's initial review of these materials, they appear to be largely irrelevant to the charges and relate primarily to defendant's political ambitions and a separate company called Desert Harvest LLC, but we are producing them to defendant out of an abundance of caution.  The Privilege Review Team will separately produce to defendant any materials from this production that it determined to be privileged.

- The Prosecution Team is preparing to produce additional witness interview memorandum that were recently finalized. The USAO is voluntarily producing these items at an early

---

[13] As these materials were produced directly to the Privilege Review Team, the Prosecution Team was unaware of the volume of the materials until they were recently released to the Prosecution Team.

date, as it has done with other witness interview summaries, to assist defendant with trial preparations.

- The Privilege Review Team is in the process of completing the privilege review of approximately 85 documents from Law Firm 1's digital devices that it determined fell within the scope of the applicable search warrant.  Any non-privileged documents will be released to the Prosecution Team, and then produced to defendant.[14]

- The Privilege Review Team is currently preparing to release to the Prosecution Team and/or produce to defendant approximately 5,250 additional documents from the search warrant materials.  At this time, it is unclear whether these materials were obtained from the digital devices to which defendant already has complete access, such as defendant's MacBook, or are additional materials from the EA LLP server or other EA LLP digital devices.  The USAO will provide additional information regarding these materials to defendant and the Court as soon as possible.

- The Privilege Review Team will be producing directly to defendant approximately 1,100 documents from the search warrant materials that were identified using the scope key words, but appear to have various technical issues.  Although the Privilege Review Team has been unable to review these documents due to technical issues, it is producing them to the defense out of an abundance of caution in case the

---

[14] As these devices belonged to a separate law firm and/or other individuals, defendant is not entitled to any privileged materials on those digital devices.

13

defense would like to attempt to access them.  As these
documents cannot be reviewed for privilege, they are not
being released to the Prosecution Team.

**III. CONCLUSION**

The USAO is aware of its discovery obligations and has gone to
great lengths to produce discovery to defendant in a timely,
organized, and efficient manner throughout this case.  The USAO
produced the vast majority of the relevant discovery to defendant in
May and June 2019, including witness statements and complete forensic
copies of many digital devices, and has continued to produce
additional materials on a rolling basis as it received them.  And the
Privilege Review Team substantially completed its review and
production of search warrant materials to defendant in March 2020.

As set forth above, defendant's vague complaints about the
discovery productions in this case are meritless.  Indeed, defendant
appears to be more interested in complaining about the discovery
process in an effort to further delay this trial than he is in
actually reviewing the discovery that has been produced to him over
the course of the past year.  To the extent defendant has further
concerns regarding the discovery, defendant should either attempt to
resolve those issues with the USAO or file a properly noticed motion
with the Court so that the USAO can respond.

## DECLARATION OF JULIAN L. ANDRÉ

I, Julian L. André, declare as follows:

1.    I am an Assistant United States Attorney ("AUSA") in the United States Attorney's Office for the Central District of California (the "USAO").  I am one of the AUSAs assigned to represent the government in <u>United States v. Michael John Avenatti</u>, SA CR 19-61-JVS.  I submit this declaration in support of the USAO's response to defendant MICHAEL JOHN AVENATTI's ("defendant's") recent status reports (CR 164; CR 167).

2.    Attached hereto as Exhibit 1 is a true and correct copy of my May 8, 2020, letter to H. Dean Steward regarding "Discovery Production Volume 12" in this matter.  As the corresponding discovery index contains non-public information, such as the names of witnesses and victims, the USAO has not submitted the discovery index for the Court's review at this time.  If the Court would like to review the discovery index, the USAO would request to file the discovery index under seal.

3.    The USAO will also gladly submit to the Court any other materials referenced in this response, including the most recent discovery index the USAO provided to defendant, and all of the USAO's discovery letters in this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on May 30, 2020.

_____
JULIAN L. ANDRÉ

# EXHIBIT 1



**United States Department of Justice**

**United States Attorney's Office**
**Central District of California**

*Julian L. André*                                           *1100 United States Courthouse*
*Phone:   (213) 894-6683*                          *312 North Spring Street*
*E-mail:   Julian.L.Andre@usdoj.gov*        *Los Angeles, California  90012*

May 8, 2020

**<u>VIA FEDERAL EXPRESS (w/ enclosure)</u>**

H. Dean Steward
107 Avenida Miramar, Suite C
San Clemente, California 92672
deansteward7777@gmail.com

       Re:    <u>United States v. Michael John Avenatti,</u>
               SA CR No. 19-061-JVS
               Discovery Production Volume 12

Dear Counsel:

Pursuant to your May 15, 2019, request for discovery, enclosed please find an encrypted[1] drive containing additional discovery materials, which have been Bates-labeled USAO_00460651 to USAO_01124945, and an updated discovery index.  These materials are being produced subject to the Court's December 31, 2019, Protective Order.  (CR 74.)

Please note that almost all of these discovery materials (USAO_00460670 to USAO_01124945) are duplicative of the search warrant materials that the Privilege Review Team previously produced directly to you on March 13, 2020.  Specifically, we understand that the search warrant materials contained in this production (USAO_00460670 to USAO_01124945) were all included in the two productions you received from the Privilege Review Team on March 13, 2020. Although the Privilege Review Team already produced these materials directly to the defense, we are reproducing them to you now so that you have a complete record of the documents that the Privilege Review Team released to the Prosecution Team.

Additionally, please note that not all of the documents the Privilege Review Team produced to you on March 13, 2020, are included in this production.  Rather, the approximately 87,226 documents included in this production (USAO_00460670 to USAO_01124945) constitute a subset of the approximately 126,288 documents that we understand the Privilege Review Team produced directly to the defense on March 13, 2020.  We understand that the Privilege Review Team determined that some of the 126,288 documents it produced to the defense on March 13, 2020, were either privileged or potentially privileged.  Such documents have not been released to the Prosecution Team and therefore are not included in this production.

---

[1]  The password to access the encrypted drive will be provided by e-mail.

H. Dean Steward
RE:  United States v. Avenatti
May 8, 2020
Page 2


As with prior productions, the enclosed materials, and any future discovery provided to you, may exceed the scope of discovery mandated by the Federal Rules of Criminal Procedure, federal statute, or relevant case law, and are thus provided voluntarily and solely as a matter of discretion.  By producing such materials to you, the government does not waive its right to object to any future discovery requests beyond the ambit of its legal obligations.

Please let me know if you have any questions.

Very truly yours,

JULIAN L. ANDRÉ
Assistant United States Attorney
Major Frauds Section


cc:     Assistant United States Attorney Brett A. Sagel

Enclosures