NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
      1100 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-6683
      Facsimile: (213) 894-6269
      Email:      Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
      Ronald Reagan Federal Building
      411 West Fourth Street, Suite 8000
      Santa Ana, California 92701
      Telephone:  (714) 338-3598
      Facsimile:  (714) 338-3708
      Email:      Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

                 FOR THE CENTRAL DISTRICT OF CALIFORNIA

                          SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | **CURRENT TRIAL DATE:** August 18, 2020 |
| | **[PROPOSED] TRIAL DATE:** December 8, 2020 |

      Plaintiff United States of America, by and through its counsel
of record, the United States Attorney for the Central District of
California and Assistant United States Attorneys Julian L. André and

1   Brett A. Sagel, and defendant MICHAEL JOHN AVENATTI ("defendant"),

2   both individually and by and through his counsel of record, H. Dean

3   Steward, hereby stipulate as follows:

4       1.   The Indictment in this case was filed on April 10, 2019.

5   Defendant first appeared before a judicial officer of the court in

6   which the charges in this case were pending on April 1, 2019.  The

7   Speedy Trial Act, 18 U.S.C. § 3161, originally required that the

8   trial commence on or before June 19, 2019.

9       2.   On April 29, 2019, the Court set a trial date of June 4,

10   2019, at 8:30 a.m., and a status conference date of May 20, 2019, at

11   9:00 a.m.

12       3.   The Court has previously continued the trial date in this

13   case from June 4, 2019, to August 18, 2020, and found the interim

14   period to be excluded in computing the time within which the trial

15   must commence, pursuant to the Speedy Trial Act.  (CR 34; CR 66; CR

16   126.)

17       4.   On June 1, 2020, the parties appeared before the Court for

18   a status conference to address, among other things, a continuance of

19   the trial date.  In advance of the status conference, defendant

20   requested that the Court continue the trial date in this matter until

21   February 2021 in light of the ongoing COVID-19 pandemic and other

22   factors.  The government in turn requested that the Court set the

23   trial for the earliest possible date upon which it believed jury

24   trials will safely be able to proceed in this district.  After

25   hearing argument from counsel, the Court set a new trial date of

26   December 8, 2020, and a final pretrial conference date of November

27   23, 2020.

28

5.   By this stipulation, the parties request that the Court also set the following proposed dates and deadlines:

|  | Current Date | Proposed Date |
|---|---|---|
| Expert Witness Disclosure Deadline | May 26, 2020 | August 31, 2020 |
| Defendant's Reciprocal Discovery Deadline | June 17, 2020 | August 31, 2020 |
| Deadline to File Pretrial Motions (Motions to Compel, Motions to Suppress, and Motion In Limine) | June 8, 2020 | September 14, 2020 |
| Deadline to File Oppositions to Pretrial Motions | June 22, 2020 | September 28, 2020 |
| Deadline to File Reply Briefs in Support of Pretrial Motions | June 29, 2020 | October 12, 2020 |
| Pretrial Motions Hearing | July 6, 2020 | October 19, 2020 |
| Government Witness List Disclosure Deadline | July 20, 2020 | November 10, 2020 |
| Deadline to Disclose Jencks Act Materials and Witness Statements | July 20, 2020 | November 10, 2020 |
| Final Pretrial Conference | August 3, 2020 | November 23, 2020 |
| Government Exhibit Disclosure Deadline | August 11, 2020 | November 30, 2020 |

6.   The parties further request that the Court schedule interim status conferences on the following dates:

a.   July 6, 2020, at 9:00 a.m.

b.   August 3, 2020, at 9:00 a.m.

c.   September 7, 2020, at 9:00 a.m.

7.   The government estimates that the government's case-in-chief in this matter will last approximately 15 days.  Defendant's

3

1  counsel estimates that the defense case will last approximately 10

2  days.

3      8.   Defendant requests the continuance based upon the following

4  facts, which the parties believe demonstrate good cause to support

5  the appropriate findings under the Speedy Trial Act:

6          a.   Defendant is charged in a 36-count indictment with:

7  ten counts of wire fraud, in violation of 18 U.S.C. § 1343; eight

8  counts of willful failure to collect and pay over withheld taxes, in

9  violation of 26 U.S.C. § 7202; one count of endeavoring to obstruct

10  the administration of the Internal Revenue Code, in violation of 26

11  U.S.C. § 7212(a); ten counts of willful failure to file tax returns,

12  in violation of 26 U.S.C. § 7203; two counts of bank fraud, in

13  violation of 18 U.S.C. § 1344(1); one count of aggravated identity

14  theft, in violation of 18 U.S.C. § 1028A(a)(1); three counts of false

15  declaration in a bankruptcy, in violation of 18 U.S.C. § 152(3); and

16  one count of false oath in a bankruptcy proceeding, in violation of

17  18 U.S.C. § 152(2).  The government's Prosecution Team has produced

18  to defendant approximately 1,125,065 Bates-labeled pages of

19  discovery.  The government's Privilege Review Team has separately

20  produced to defendant additional discovery materials, as well as

21  complete forensic copies of certain digital devices obtained during

22  the course of the government's investigation.

23          b.   In February 2020, defendant was convicted in the

24  Southern District of New York of two extortion-related offenses and

25  honest services wire fraud.  United States v. Avenatti, No. 1:19-CR-

26  373 (the "SDNY Extortion Case").  Sentencing in the SDNY Extortion

27  Case is currently scheduled for August 19, 2020.  Defendant is

28  represented by separate counsel in the SDNY Extortion Case.

c.   Defendant is separately charged in a two-count indictment in the Southern District of New York with wire fraud and aggravated identity theft relating to the embezzlement of funds from one of defendant's legal clients.  United States v. Avenatti, No. 1:19-CR-374 (the "SDNY Fraud Case").  The SDNY Fraud Case is currently set for trial on October 13, 2020.  Defendant is represented by separate counsel in the SDNY Fraud Case.

d.   On March 13, 2020, the Central District of California entered a General Order suspending jury selection and jury trials scheduled to begin before April 13, 2020.  C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (March 13, 2020).  The same day, the Court entered another General Order imposing health- and travel-related limitations on access to Court facilities.  C.D. Cal. General Order No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (March 13, 2020).  These orders were imposed based on both (1) the California Governor's declaration of a public-health emergency in response to the spread of COVID-19, as well as (2) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease.  See General Order 20-02, at 1.

e.   On April 13, 2020, the Central District of California entered General Order No. 20-05, further suspending criminal jury trials until June 1, 2020.  C.D. Cal. General Order No. 20-05.

f.   On May 28, 2020, the Central District of California entered General Order No. 20-08, setting forth the Plan for Phased Resumption of Operations ("Reopening Plan") to address the ongoing public-health concerns relating to COVID-19.  C.D. Cal. General Order

No. 20-08.  Under the Reopening Plan, jury trials currently remain suspended indefinitely and will resume at a later date to be determined.  Id.

g.   Given the public-health concerns discussed in General Orders 20-02, 20-03, 20-05, and 20-08, the parties agree that the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial.

h.   The parties agree that failure to continue this case is also likely to put counsel, parties, witnesses, jurors, and Court personnel at unnecessary risk.

i.   In light of the current public-health concerns regarding COVID-19, counsel for defendant represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

j.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

k.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

9.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of August 18, 2020, to December 8, 2020, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

///

///

///

10.   Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: June 1, 2020                    Respectfully submitted,

                                       NICOLA T. HANNA
                                       United States Attorney

                                       BRANDON D. FOX
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                          /s/ *Julian L. André*
                                       _____
                                       JULIAN L. ANDRÉ
                                       BRETT A. SAGEL
                                       Assistant United States Attorneys

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA


I am MICHAEL JOHN AVENATTI's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client.  I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than December 8, 2020, is an informed and voluntary one.


   */s/ via email authorization*              *June 2, 2020*
_____     _____
H. DEAN STEWARD                      Date
Attorney for Defendant
MICHAEL JOHN AVENATTI

8

1        I have read this stipulation and have carefully discussed it

2    with my attorney.  I understand my Speedy Trial rights.  I

3    voluntarily agree to the continuance of the trial date, and give up

4    my right to be brought to trial earlier than December 8, 2020.  I

5    understand that I will be ordered to appear in Courtroom 10C of the

6    Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth

7    Street, Santa Ana, California on December 8, 2020, at 8:30 a.m.

8

                                                  6/2/2020

9    MICHAEL JOHN AVENATTI                          Date
     Defendant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28