UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

- - -

THE HONORABLE JAMES V. SELNA, JUDGE PRESIDING

```
UNITED STATES OF AMERICA,    )CERTIFIED TRANSCRIPT
                Plaintiff,   )
    vs.                      )
                             )  SACR-19-00061-JVS
MICHAEL JOHN AVENATTI,       )
                Defendant.   )
-----------------------------)
```

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Santa Ana, California

June 1, 2020

SHARON A. SEFFENS, RPR
United States Courthouse
411 West 4th Street, Suite 1-1053
Santa Ana, CA  92701
(714) 543-0870

```
 1   APPEARANCES OF COUNSEL:

 2   For the Plaintiff:

 3   NICOLA T. HANNA
     United States Attorney
 4   BRANDON D. FOX
     Assistant United States Attorney
 5   Chief, Criminal Division
     JULIAN L. ANDRE
 6   Assistant United States Attorney
     Major Frauds Section
 7   1100 United States Courthouse
     312 North Spring Street
 8   Los Angeles, CA  90012
     (213) 894-6683
 9
     BRETT A. SAGEL
10   Assistant United States Attorney
     Ronald Reagan Federal Building
11   411 West Fourth Street, Suite 8000
     Santa Ana, CA  92701
12   (714) 338-3598

13   For the Defendant:

14   H. DEAN STEWARD
     H. DEAN STEWARD LAW OFFICES
15   107 Avenida Miramar, Suite C
     San Clemente, CA  92672
16   (949) 481-4900

17   ALSO PRESENT:

18   Michael Avenatti, Defendant

19

20

21

22

23

24

25
```

```
08:45   1   SANTA ANA, CALIFORNIA; MONDAY, JUNE 1, 2020; 9:01 A.M.
08:45   2              (Per telephonic conference)
09:01   3              THE CLERK:  Item No. 1, SACR-19-00061-JVS, United
09:01   4   States of America versus Michael John Avenatti.
09:01   5              Appearances for the government, please.
09:01   6              MR. ANDRE:  Good morning.  Julian Andre and Brett
09:01   7   Sagel on behalf of the United States.
09:01   8              THE CLERK:  For the defendant.
09:01   9              MR. STEWARD:  Dean Steward for Mr. Avenatti.  We
09:01  10   have a waiver on file.  I believe Mr. Avenatti is also
09:01  11   participating in this conference call.
09:01  12              THE COURT:  Good morning.  This is Judge Selna.
09:01  13              I need to make a couple of preliminary findings.
09:01  14   First, Mr. Avenatti needs to consent to conducting this
09:01  15   status conference via telephone conference.
09:01  16              THE DEFENDANT:  Good morning, judge.  I do, Your
09:01  17   Honor.
09:01  18              THE COURT:  I find it's appropriate to proceed
09:01  19   telephonically given the interests of justice and pressing
09:01  20   forward in this case and considering the public health
09:01  21   factors.  As of this weekend, there were more than 6,500
09:02  22   infections reported in Orange County.  With the number
09:02  23   increasing, I believe the public's interest is adequately
09:02  24   recognized under the circumstances given that the docket
09:02  25   posted provides the teleconference number that allows any
```

```
09:02   1    member of the public to dial in and listen to this telephone
09:02   2    conference.
09:02   3              There are a number of topics to cover.  I would
09:02   4    like to begin with the government's recent production of
09:02   5    approximately 600,000 pages of --
09:02   6              Mr. Steward, do you know anything further on that
09:02   7    topic?
09:02   8              MR. STEWARD:  Only that the government seems to
09:02   9    switch back and forth between pages and documents.  It's my
09:02  10    understanding a document could have 100 pages, 200 pages,
09:02  11    and the only relevant description is the page because we are
09:02  12    trying to determine how much time it's going to take the
09:03  13    defense.  If we could speak about only pages, I think that
09:03  14    would be more helpful in talking about documents.
09:03  15              THE COURT:  Did you receive the government's
09:03  16    letter on May 8, 2020, from Mr. Andre to you?
09:03  17              MR. STEWARD:  Yes.
09:03  18              THE COURT:  Doesn't the government point out that
09:03  19    there is substantial duplication of prior production?
09:03  20              MR. STEWARD:  Yes.
09:03  21              THE COURT:  Doesn't the government specifically
09:03  22    provide the Bates number for the duplicate documents?
09:03  23              MR. STEWARD:  No.  The material that we received
09:03  24    from the filter team is not Bate stamped.
09:03  25              THE COURT:  I am looking at Mr. Andre's letter
```

| | | |
|---|---|---|
| 09:04 | 1 | which is attached as Exhibit 1 to the government's most |
| 09:04 | 2 | recent filing over the weekend.  Paragraph two says: |
| 09:04 | 3 | "Please note that almost all of these discovery materials |
| 09:04 | 4 | USAO_00460670 to USAO_O112495 are duplicative of the server |
| 09:04 | 5 | materials that the privilege team previously produced to you |
| 09:04 | 6 | on March 13, 2020."  Then it goes on to provide some |
| 09:04 | 7 | specific references. |
| 09:04 | 8 | In addressing this issue, do you not believe that |
| 09:04 | 9 | the material for the Court's consideration to be advised |
| 09:04 | 10 | that the production is duplicative? |
| 09:04 | 11 | MR. STEWARD:  Yes, absolutely, but the problem is |
| 09:04 | 12 | I can't tell what is duplicated and what's not because of |
| 09:05 | 13 | the lack of Bates numbers on the filter team material. |
| 09:05 | 14 | THE COURT:  Even so, I believe it's material to my |
| 09:05 | 15 | consideration to assess this problem to note that there |
| 09:05 | 16 | is -- I'm troubled by the fact that no where in your filing |
| 09:05 | 17 | did you mention that in your status report updated May 27. |
| 09:05 | 18 | Sir, I expect a greater degree of candor going |
| 09:05 | 19 | forward.  That's a material fact that should have been |
| 09:05 | 20 | presented to the Court along with your concerns about the |
| 09:05 | 21 | production. |
| 09:05 | 22 | MR. STEWARD:  Understood, Your Honor. |
| 09:05 | 23 | THE DEFENDANT:  It was included on Page 4, |
| 09:05 | 24 | Footnote 5, actually. |
| 09:05 | 25 | THE COURT:  Who is that speaking? |

```
09:05   1              MR. STEWARD:  That was my client, Your Honor.
09:05   2   That's the disadvantage of doing this by telephone.  He
09:06   3   can't whisper in my ear.  But he is correct.  If the Court
09:06   4   would take a look at Page 4, Footnote 5, of my
09:06   5   teleconference filing.
09:06   6              THE COURT:  Okay.
09:06   7              Remarks.
09:06   8              THE DEFENDANT:  Your Honor --
09:06   9              THE COURT:  Mr. Avenatti, you don't get to speak.
09:06  10              THE DEFENDANT:  Understood, Your Honor.  Sorry
09:06  11   about that.
09:06  12              THE COURT:  In the order I sent out, it provided
09:06  13   some thoughts for this hearing and raised the possibility of
09:06  14   providing Mr. Avenatti a disabled laptop with the discovery
09:06  15   on it.  I don't see why that can't be done and can't be done
09:06  16   promptly.
09:06  17              MR. STEWARD:  This is Mr. Steward.
09:06  18              Your Honor, I agree with the understanding that
09:06  19   it's -- there's too much to load on just one laptop.  I
09:07  20   think what we have to do is give him the disks and hard
09:07  21   drives and that sort of thing.  But the bottom line is I
09:07  22   agree with that.
09:07  23              MR. ANDRE:  This is Julian Andre on behalf of the
09:07  24   U.S. Attorney's Office.
09:07  25              With respect to a computer, we have no objection
```

```
09:07   1   to Mr. Avenatti being provided a computer.  Had this been
09:07   2   raised to us weeks ago, we would have set it up.  We have no
09:07   3   objection to Mr. Steward providing the defendant a disabled
09:07   4   computer.  I think the only thing that we would suggest is
09:07   5   that Pretrial Services be advised of a computer and what
09:07   6   computer he will be using and at least be given an
09:07   7   opportunity to confirm that the computer has been disabled.
09:07   8           THE COURT:  I would expect you to meet and confer
09:07   9   with Mr. Steward with regard to a computer and whatever
09:07  10   external devices you are going to need to have agreed
09:08  11   material loaded so that everybody knows what he gets and
09:08  12   what it's on.
09:08  13           MR. STEWARD:  Yes, Your Honor, I'll do that.
09:08  14   Pretrial Services is not in a position to go out to his
09:08  15   place of residence at this time.  For example, they did the
09:08  16   walk-through with a computer via video.  But the Court's
09:08  17   suggestion is good one, and we can certainly do that.
09:08  18           THE COURT:  I want a report by Friday how this is
09:08  19   going to be accomplished, and I expect this to be
09:08  20   accomplished in no less than seven days from today.
09:08  21           MR. ANDRE:  Your Honor, Julian Andre.
09:08  22           May I briefly back up and respond to a couple of
09:08  23   points Mr. Steward raised regarding the discovery?
09:08  24           THE COURT:  Go ahead.
09:08  25           MR. ANDRE:  First, with respect to the Privilege
```

```
09:08   1    Review Team's production, obviously I never seen it, but our
09:08   2    understanding is that our start team 2020 production was in
09:09   3    fact Bate stamped.  It was produced with database load
09:09   4    files.  It would be fully searchable.  Our understanding is
09:09   5    those documents were in fact Bates labeled and that they
09:09   6    should be able to in addition to the information we provided
09:09   7    quickly confirm that the information we provided was
09:09   8    accurate.
09:09   9              The other issue Mr. Steward mentioned is the
09:09  10    difference between pages and documents.  The reason why we
09:09  11    focused on the number of documents is pretty simple.  What a
09:09  12    lot of these materials included are all the litigation
09:09  13    documents for all of these cases.  For example, if a witness
09:09  14    was deposed in connection with one of the three cases of
09:09  15    victims, that deposition is going to essentially be included
09:09  16    in the government materials.  So it may be a 200-page
09:10  17    document, but it takes only one second to realize that
09:10  18    position of an expert witness is not relevant to the
09:10  19    allegations.
09:10  20              THE COURT:  Okay.  I want to move on to the IRS
09:10  21    terminal.
09:10  22              Mr. Steward, tell me physically what the process
09:10  23    was when you went to the IRS Office.
09:10  24              MR. STEWARD:  We set up an appointment with the
09:10  25    filter team, and we met them at the Federal Building on
```

| | | |
|---|---|---|
| 09:10 | 1 | Los Angeles Street.  They accompanied us up to the IRS |
| 09:10 | 2 | offices where there was a technical person from IRS.  I |
| 09:10 | 3 | understand he is the only one in the district.  What we did |
| 09:10 | 4 | was give him a list of e-mails -- people's names that we |
| 09:11 | 5 | wanted him to search.  He did that, and after a half hour or |
| 09:11 | 6 | 45 minutes, it came he came up with all of these e-mails |
| 09:11 | 7 | connected to the names of relevant people in the case, and |
| 09:11 | 8 | he then put them on a disk for us.  So that was the first |
| 09:11 | 9 | time we did it. |
| 09:11 | 10 | The second time former counsel, Tom Warren, was |
| 09:11 | 11 | with him or his associate, and I don't know how they did it |
| 09:11 | 12 | the second time, but that's the way we did it. |
| 09:11 | 13 | THE COURT:  Why can't that same process be carried |
| 09:11 | 14 | out remotely either by a teleconference or a zoom |
| 09:11 | 15 | conference?  You're in touch with the IRS agent or this |
| 09:11 | 16 | person that works for them, this specialist.  Give him the |
| 09:11 | 17 | search terms, and he produces a disk for you.  Why can't |
| 09:11 | 18 | that be done? |
| 09:11 | 19 | MR. STEWARD:  Well, we can do that, but part of |
| 09:11 | 20 | the problem is follow-up on it.  In other words, we have got |
| 09:12 | 21 | to review it and then see what the follow-up would be. |
| 09:12 | 22 | Another part of the problem is I don't know whether they are |
| 09:12 | 23 | even around.  I know most of the U.S. Attorneys are working |
| 09:12 | 24 | for home.  I don't know whether the IRS or filter team are. |
| 09:12 | 25 | It's certainly something we can inquire about. |

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

| | | |
|---|---|---|
| 09:12 | 1 | THE COURT: Well, I will ask Mr. Andre to gather |
| 09:12 | 2 | those facts and come back to you. You may have to review |
| 09:12 | 3 | what the search produces, but why can't the process of |
| 09:12 | 4 | providing a search term, getting the results, and then after |
| 09:12 | 5 | providing you a disk with those results go forward? |
| 09:12 | 6 | MR. STEWARD: I think we should absolutely try |
| 09:12 | 7 | that. I don't know whether there are other problems that I |
| 09:12 | 8 | can't anticipate, but we can certainly give that a shot and |
| 09:12 | 9 | see what happens. |
| 09:12 | 10 | THE COURT: Okay. In the report coming back to me |
| 09:12 | 11 | on Friday with regard to the laptop, I'd like you also to |
| 09:12 | 12 | address providing remote access to the IRS terminal. |
| 09:13 | 13 | MR. ANDRE: Your Honor, we have concerns at this |
| 09:13 | 14 | point about their request that they be given kind of free |
| 09:13 | 15 | reign to the EA server. Obviously if they have reasonable |
| 09:13 | 16 | requests, we're happy to discuss that and accommodate them |
| 09:13 | 17 | to the best of our ability. But what they are asking us to |
| 09:13 | 18 | do is to recreate a process that was in place nine months |
| 09:13 | 19 | ago for that. I don't believe they demonstrated that that |
| 09:13 | 20 | is even necessary at this point. |
| 09:14 | 21 | THE COURT: Mr. Andre, you're going to give access |
| 09:14 | 22 | to that terminal. A sufficient showing has been made. You |
| 09:14 | 23 | just need to put in place the tools to allow them to do |
| 09:14 | 24 | that. |
| 09:14 | 25 | MR. SAGEL: This is Brett Sagel. |

```
09:14   1              Our concern is Mr. Steward keeps complaining about
09:14   2    duplicative or numerous documents.  Anything he is going to
09:14   3    have access to in that terminal -- which we're not opposing
09:14   4    what you're saying, but what he should look at is the
09:14   5    e-mails -- the references that he has in his 600,000 pages
09:14   6    of material that were produced from that server first to see
09:14   7    what he is missing.
09:14   8              The problem is when he was given access to those
09:14   9    computers and those devices last September and October he
09:15  10    did not have any of that produced in discovery.  That's why
09:15  11    we made it available for him.  The government went to great
09:15  12    expense and resources.  That's not the case right now.
09:15  13    Right now he does have all of that.  He hasn't even
09:15  14    mentioned one thing he thinks he is missing.  I'm not sure
09:15  15    what he has even looked at to know what he thinks he's
09:15  16    missing.
09:15  17              From someone who has looked through most of what's
09:15  18    there, it's pretty voluminous, and it's hard to believe what
09:15  19    else out is out there.  He has got the entire victim folders
09:15  20    that were on the share drives, as well as all the e-mails
09:15  21    between all those individuals.
09:15  22              THE COURT:  Well, Mr. Steward, you're going to
09:15  23    have to make a good-faith effort to analyze what you have
09:15  24    and what you need rather than reinventing a complete wheel
09:15  25    through the IRS terminal.
```

```
09:15   1              MR. STEWARD:  I will do that, Your Honor.
09:15   2              THE COURT:  Okay.  Let's talk about a trial date.
09:16   3    The government didn't address that issue in its response.
09:16   4              MR. ANDRE:  Your Honor, we're happy to do it now.
09:16   5    This is Julian Andre.
09:16   6              Our position is that we -- we obviously recognize
09:16   7    COVID-19 is an issue in this district and across the country
09:16   8    and that a further continuance is necessary at this point
09:16   9    and could be necessary again in the future.  Our position is
09:16  10    that right now COVID-19 is a reasonable basis for a
09:16  11    continuance in this case.
09:16  12              THE COURT:  The assumption is that the existence
09:16  13    of COVID-19 has had no impact on the defense's ability to
09:16  14    prepare.  That said --
09:16  15              MR. ANDRE:  Your Honor, I understand the point the
09:16  16    Court is raising.  That being said, the Court has already
09:17  17    fairly recently continued the trial three months.  We would
09:17  18    request that the Court set the earliest trial date that the
09:17  19    Court believes it may be able to hold a criminal jury trial.
09:17  20    I think the Court might have a better sense of that.  We
09:17  21    were thinking September 15, which would be one month.
09:17  22    Obviously we recognize that could change again.
09:17  23              We strongly oppose what they have requested.  They
09:17  24    have given two options, either February 2021 or just vacate
09:17  25    the date and wait until the end of August, which would have
```

| | | |
|---|---|---|
| 09:17 | 1 | effectively the same impact as waiting until 2021. |
| 09:17 | 2 | This case has been pending for 14 months. We |
| 09:17 | 3 | understand what COVID-19 does. It's very challenging. It |
| 09:17 | 4 | may well create challenges as far as preparation. It |
| 09:18 | 5 | creates challenges for the government, too. We bear the |
| 09:18 | 6 | burden here, and we are dealing with the same challenges. |
| 09:18 | 7 | But this case has been pending for 14 months. There's |
| 09:18 | 8 | plenty that can be done to get ready for trial whether it's |
| 09:18 | 9 | motion practice or other things. We would request the Court |
| 09:18 | 10 | continue it a month at this point. |
| 09:18 | 11 | Then the other last point I would mention is that |
| 09:18 | 12 | there are victims in this case, and those victims have |
| 09:18 | 13 | statutory rights to proceedings without unnecessary delay. |
| 09:18 | 14 | They have been waiting for their day in court a long time |
| 09:18 | 15 | now, and to just continue this indefinitely would not be |
| 09:18 | 16 | consistent with their rights or the public interests. |
| 09:18 | 17 | So our proposal would be the Court set this for |
| 09:18 | 18 | the next available -- the first possible date the Court |
| 09:18 | 19 | believes we may be able to hold a trial, and that additional |
| 09:19 | 20 | time will hopefully also provide the defendant whatever |
| 09:19 | 21 | additional time he needs to resolve any issues that have |
| 09:19 | 22 | been caused by COVID-19. |
| 09:19 | 23 | THE COURT: I'm setting the matter down for a jury |
| 09:19 | 24 | trial December 8, 2020, at 8:30 a.m. We'll do the final |
| 09:19 | 25 | status conference November 23 at 9:00 a.m. |

```
09:19   1            No one can predict with certainty that there is
09:19   2   probably a high likelihood that we will be able to proceed
09:19   3   in a manner that addresses everyone's concerns about the
09:19   4   logistics and mechanics of a trial.  That's obviously
09:19   5   subject to further change in the conditions in the
09:19   6   United States, subject to further guidance from the Ninth
09:19   7   Circuit which has provided some further guidance from the
09:19   8   United States Judicial Conference and the Administrative
09:20   9   Office of the Courts.
09:20  10            I think we should put the case on a track that
09:20  11   gets that done.  That means people need to get down to
09:20  12   business.  That's why I want promptly in place the disabled
09:20  13   laptop for Mr. Avenatti and a scheme to pursue the IRS
09:20  14   terminal.  So I will look for your report on those two
09:20  15   topics by the end of the week.
09:20  16            I would like to set another 9:00 a.m. next Monday
09:20  17   if that's convenient for everybody.
09:20  18            MR. ANDRE:  9:00 a.m. on Monday is fine for the
09:20  19   government.
09:20  20            THE COURT:  Mr. Steward.
09:20  21            MR. STEWARD:  Same for me, Your Honor, and my
09:20  22   client.
09:20  23            THE COURT:  Okay.
09:20  24            MR. ANDRE:  At this point, would the Court be
09:20  25   willing to take a waiver as to the Speedy Trial Act from the
```

```
09:20    1   defendant?
09:20    2           THE COURT: Oh, yes. I mean, either -- if I don't
09:21    3   see a written waiver within seven days, advise me that it's
09:21    4   not coming, and I'll make the required judicial findings
09:21    5   under the Speedy Trial Act to continue the trial to that
09:21    6   date.
09:21    7           MR. STEWARD: That's fine.
09:21    8           MR. ANDRE: There is one other issue I would like
09:21    9   to flag. This is Julian Andre. And it may be more
09:21   10   appropriate to save this to discuss next Monday.
09:21   11           There obviously have been raised some issues with
09:21   12   respect to counsel. Our view is that those issues need to
09:21   13   be resolved immediately, particularly given that -- although
09:21   14   there's some complications with respect to COVID-19, many of
09:21   15   the issues regarding counsel have been the same since last
09:21   16   July or last August. We would request that those issues be
09:21   17   addressed next Monday. We don't want to be three or four
09:21   18   months down the road and be dealing with the same thing
09:21   19   again and again.
09:22   20           THE COURT: Well, one of the items I noted in the
09:22   21   order I sent out was a date certain for the parties to
09:22   22   provide me the legal research as to the effect of a party
09:22   23   having but failing to apply resources in terms of a speedy
09:22   24   trial and other rights. So I would ask that I get that
09:22   25   memorandum by Friday separately from each side, and we will
```

| | | |
|---|---|---|
| 09:22 | 1 | discuss that Monday as well. |
| 09:22 | 2 | MR. ANDRE: Thank you very much. |
| 09:22 | 3 | MR. STEWARD: That's fine. |
| 09:22 | 4 | THE COURT: Mr. Steward, you give some indication |
| 09:22 | 5 | in your supplement, your status report, that additional |
| 09:22 | 6 | assistance is coming on. You can address that as well in |
| 09:22 | 7 | whatever you put in by Friday. |
| 09:22 | 8 | MR. STEWARD: I will do that, Your Honor. |
| 09:22 | 9 | THE COURT: Okay. With regard to your status |
| 09:23 | 10 | report, Mr. Steward, the local rules limit you to 25 pages. |
| 09:23 | 11 | I realize that when counsel enter briefs in a conventional |
| 09:23 | 12 | fashion it's about 28 lines. Perhaps the clock could be |
| 09:23 | 13 | alleviated if you did that. I expect you to file conforming |
| 09:23 | 14 | briefs. The court's resources are limited, and they're |
| 09:23 | 15 | tasked in a special way as everyone is tasked in performing |
| 09:23 | 16 | their role. |
| 09:23 | 17 | I would ask you to address relevant topics, that |
| 09:23 | 18 | is, relevant to me managing this case and the difficulties |
| 09:23 | 19 | which are presented going forward. Much of your brief |
| 09:23 | 20 | recounted Mr. Avenatti's experiences at MCC. While I'm sure |
| 09:23 | 21 | you have accurately described them, they don't assist me in |
| 09:23 | 22 | addressing case management issues in this case. I would ask |
| 09:23 | 23 | you going forward to concentrate on what we are about here |
| 09:24 | 24 | and present me complete but net expressions of your opinions |
| 09:24 | 25 | on the issues. |

|||||
|---|---|---|---|
|09:24|1|            MR. STEWARD:  Understood, Your Honor.  The only|
|09:24|2|reason we included all that was Mr. Andre's statement that|
|09:24|3|my client would have had access to discovery in this case|
|09:24|4|while he was at the MCC.  We were just trying to show that|
|09:24|5|that's not the case.  The Court is very familiar with my|
|09:24|6|writing.  I am usually very succinct.|
|09:24|7|            THE COURT:  I believe that's all the topics I want|
|09:24|8|to cover.|
|09:24|9|            Any other matters anyone would like to address?|
|09:24|10|            MR. ANDRE:  This is Julian Andre.|
|09:24|11|            Currently the motion deadline for this case was|
|09:24|12|actually on Monday.  Our strong preference is that motions|
|09:24|13|continue forward.  I understand move that off a couple of|
|09:25|14|weeks.  But our view is motions should continue to proceed,|
|09:25|15|at least any motions that can be filed as soon as possible.|
|09:25|16|            MR. STEWARD:  Dean Steward.|
|09:25|17|            The only problem is that -- well, a number of|
|09:25|18|problems, but the main problem is that motions are almost|
|09:25|19|always dependent on a thorough review of the discovery.  I'm|
|09:25|20|not going to beat the horse any further, but we still have|
|09:25|21|an awful lot of work to do.  A motion, for example, like|
|09:25|22|severance counts, which I intend to bring -- certainly we|
|09:25|23|can bring that at any time.  But just about any other|
|09:25|24|motion -- for example, suppression motions are bound to|
|09:25|25|what's in the discovery, and we certainly have not completed|

```
09:25   1    our review.
09:25   2              THE COURT:  All dates will be continued
09:25   3    commensurate with the trial date which I have announced
09:25   4    based on the intervals of the existing order.
09:26   5              MR. ANDRE:  If the Court is going to keep the
09:26   6    existing schedule in place and just back everything up,
09:26   7    would the Court like the government to file a proposed
09:26   8    order?
09:26   9              THE COURT:  Yes.  Meet and confer and put in a
09:26  10    stip waiving time or otherwise provide me with an order,
09:26  11    yes.
09:26  12              MR. ANDRE:  Thank you, Your Honor.
09:26  13              MR. STEWARD:  That's fine, Your Honor.
09:26  14              THE COURT:  Okay, thank you very much.  We will
09:26  15    visit with you again at 9:00 a.m. on Monday.
09:26  16              (Whereupon, the proceedings were concluded.)
09:26  17                          *    *    *
09:26  18
09:26  19
09:26  20
09:26  21
09:26  22
09:26  23
09:26  24
09:26  25
```

CERTIFICATE

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date: June 5, 2020

/s/   Sharon A. Seffens  6/5/20
_____
SHARON A. SEFFENS, U.S. COURT REPORTER