H. Dean Steward  SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
949-481-4900
Fax: (949) 496-6753

Attorney for Defendant
MIACHAEL J. AVENATTI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>  Plaintiff,<br><br> vs.<br><br>MICHAEL J. AVENATTI<br><br>  Defendant. | Case No.  SA-CR-19-61-JVS<br><br>EX PARTE APPLICATION FOR ORDER RE ATTORNEY/CLIENT PRIVILEGED MATERIAL; POINTS AND AUTHORITIES |

Comes now defendant, together with counsel, and seeks an order modifying the Court's order made during a status conference on June 8, 2020. Specifically, the Court ordered Pre-Trial Services/Probation to "…search [ ] the Manheimer residence and the computer…" RT 6-8-20, p. 10. The defense seeks an amendment to the Court's order, excluding from review any attorney client privileged material by Pre-Trial Services/Probation.


Dated: 6-10-20          /s./ H. Dean Steward
                                H. Dean Steward
                                Counsel for Defendant
                                Michael J. Avenatti

- 1 -

POINTS AND AUTHORITIES

## I. Introduction and Facts

On June 10, 2020, four members of Probation/Pre-Trial Services entered Mr. Manheimer's home uneventfully and professionally. This team removed several computers and a tablet.

Later this day, the defense sent the following e-mail to Ms. Shakira Davis of Pre-Trial Services:

> Earlier today, your office seized several devices from Mr. Manheimer's home. One or more of those devices may contain attorney/client privileged material. I would, of course, object to any review or reading of this material, including email between my client Mr. Avenatti and legal counsel.
>
> Thank you,
>
> Dean Steward

A copy of the e-mail was provided to government counsel, with an invitation to state their position for this ex parte. Their response was that they prefer to respond in writing, after viewing this filing. Ms. Davis responded with a suggestion that, in order to comply with my request not to review privileged material, I should seek clarification from the Court.

## II. The Law

It is bedrock law that communications between an attorney and his or her client are privileged. *Hatton v. Robinson*, 31 Mass. (14 Pick) 416, 422 (1833) (Shaw, C.J.), cited in 8 John H. Wigmore, Evidence at 547 (McNaughton rev. ed. 1961); *U.S. v.*

*Bauer* 132 F.3d 504, 507 (9th Cir. 1997), ("The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, ... as well as an attorney's advice in response to such disclosures.); "*U.S. v. Chen* 99 F.3d 1495, 1501 45 (9th Cir. 1996).

A criminal defendant is guaranteed the right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 (1970); *Coplon v. U.S.* 191 F.2d 749, 757 (D.C.Cir.1951), cert. denied, 342 U.S. 926 (1952). The attorney-client privilege, while it has not been elevated to the level of a constitutional right, see, e.g., *U.S. v. White*, 970 F.2d 328, 336 (7th Cir.1992), is key to the constitutional guarantees of the right to effective assistance of counsel and a fair trial. *Coplon*, 191 F.2d at 757.

To provide effective assistance, a lawyer must be able to communicate freely without fear that his or her advice and legal strategy will be seized and used against the client in a criminal proceeding. See *U.S. v. Levy*, 577 F.2d 200, 209 (3rd Cir.1978); *U.S. v. Rosner*, 485 F.2d 1213, 1224 (2nd Cir.1973), cert. denied, 417 U.S. 950 (1974). One of the principal purposes of the attorney-client privilege is to promote the free and open exchange between the attorney and client, *Fisher v. U.S.*, 425 U.S. 391 (1976), and substantial questions of fundamental fairness are raised where, in connection with a criminal prosecution, the government invades that privilege. *U.S. v. Neill* 952 F.Supp. 834, 839 (D.C.D.C. 1997).

Here, the defense presents a straightforward request for an order enforcing the attorney/client privilege in the Pre-Trial Services/Probation review of machines taken

- 3 -

pursuant to this Court's order. While Pre-Trial Services/Probation are not the prosecution, the privilege should apply equally to their examination. Certainly, they will report back to the Court and all counsel (including the government) on their findings. Such a report could potentially include privileged material, and the requested order will eliminate any such disclosure.

In addition, the prosecution has tacitly recognized this issue with the employment of a taint team regarding other seizures in this case.

III. Conclusion

For the reasons and the case law set out above, the defense asks the Court to issue the attached proposed order.

Dated: 6-10-20            /s./ H. Dean Steward
                         H. Dean Steward
                         Counsel for Defendant
                         Michael J. Avenatti

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.

    I am not a party to the above entitled action. I have caused, on 6-10-20, service of the defendant's:

**Ex parte for Court Order to Pre-Trial Services Examination; Proposed Order**

On the following parties electronically by filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

**AUSA BRETT SAGEL AND JULIAN ANDRE**

**AND PRE-TRIAL SERVICES OFFICER SHAKIRA DAVIS BY E-MAIL**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 6-10-20

s/ H. Dean Steward

H. Dean Steward