H. Dean Steward  SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
949-481-4900
Fax: (949) 496-6753

Attorney for Defendant
MICHAEL J. AVENATTI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES, | Case No. SA-CR-19-61-JVS |
|---|---|
| Plaintiff, | BRIEF REGARDING GOVERNMENT OBLIGATION TO ALLOW ACCESS TO TEMINAL/DATABASE |
| vs. | |
| MICHAEL J. AVENATTI | |
| Defendant. | |

Comes now defendant, together with counsel, and submits the below brief, as requested by the Court.

Dated June 15, 2020          /s./ H. Dean Steward
                                          H. Dean Steward
                                          Counsel for Defendant
                                          Michael J. Avenatti

- 1 -

**I. Introduction**

This Court has asked that counsel brief "...what legal obligation exists at this point for the government to allow access to that [database of materials seized or received by the government privilege review team in Los Angles] database". [RT 6-8-20, p. 8]. This extensive material contains the servers from the Eagan/Avenatti law firm, acquired by the government through a combination of voluntary turn-over by the Receiver appointed to the firm, and one or more search warrants.

**II. The Defense Seeks Access Because the Terminal/Database contains *Brady* Material**

As set out in the defense's Supplemental Status Report of 6-7-20 [docket #178], the materials held at the IRS offices in Los Angeles contain critical documents for defense preparation. These materials include:

● E-mail between staff and lawyers at the Eagan /Avenatti firm

● E-mail, documents and other materials between the defendant, others on his staff and opposing counsel regarding the alleged victims named in the indictment , including timing and payment of settlement proceeds

● Cost and fee information and documentation for the cases involving the alleged victims- i.e. what costs for experts, staff personnel and other reasonable expenses were recorded and net settlements

● Other e-mail and documentation relating to the charges in the indictment (i.e. e-mail relating to bank loans, tax filings, tax issues and regulators, and prior bankruptcy case

The above material is, for the most part, not contained in the Eagan/Avenatti QuickBooks system that was acquired by the government.  And while some of the e-mail to and from the alleged victims may have been turned over to the government by those individuals, such e-mail would only tell part of the story of the case of each alleged victim.  Indeed, the alleged victims would have every reason to disclose to the government inculpatory email only.

The material listed above would demonstrate a clearer picture, is potentially exculpatory and the defense therefore needs access under *Brady*.

## III. The Government Is Obligated to Provide Some Access to the Terminal/Database

To be clear, the defense seeks access to material that is held by the prosecution (albeit the privilege review team herein, and not the line prosecutors in the case). The fact that the privilege review team holds this material is irrelevant to the prosecution team's obligation to provide access to the defense. Prosecutors are deemed to have access to information in the possession of a federal agency participating in the investigation of a defendant. *U.S. v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989). Prosecutors are also deemed to have access to information held by a federal agency charged with "administration of the statute, which has consulted with the prosecutor in the steps leading to prosecution." *U.S. v. Wood,* 57 F.3d 733, 737 (9th Cir. 1995).

The defense seeks access by way of cooperation with the privilege review team. On the prior occasions that the defense has request assistance, a list of names has been

given the IRS IT person, and he has accessed the terminal/database. He has then given the defense a CD or flash drive with the requested material that he has located through his electronic searches. The defense seeks merely to continue this procedure, not set up unlimited access by the defense. As pointed out in the defense's Supplemental Status Report of 6-7-20 [docket #178], defense counsel and defendant need further review of the already-disclosed material to know more precisely what needs to be searched for in the terminal/database.

The factual scenario presented here is unusual. Rarely does a huge body of discovery materials in a criminal case come into the hands of the government in this fashion.  In addition, the material is not in the possession of the trial team prosecuting the case. Rather, it is physically held by the IRS as part of the government's privilege review of materials from a law firm.

However, "...a prosecutor's office cannot get around *Brady* by keeping itself in ignorance, or by compartmentalizing information about different aspects of a case." *Carey v. Duckworth*, 738 F.2d 875, 878 (7th Cir. 1984). The defense is not asking that the government make the searches of the terminal/database. The defense seeks permission and assistance of the privilege review technician in conducting these defense searches.

The examples in the bullet points set out above are a showing of the existence of exculpatory evidence.

/

**IV. Conclusion**

Rule 16 Fed. Rules of Crim. Procedure "promises defendants and their attorneys access to information otherwise inaccessible, limits surprise, and increases opportunity to contest constitutional error" *U.S. v. McElroy*, 697 F.2d 459, 463 (2nd Cir. 1982). Here, the defense has no access to the terminal/database discussed above. At least some access is required, after the defense has made the above showing (and common sense would dictate) that *Brady* material exists in the terminal/database.

Rule 16 and the Brady decision are also designed "...to assure that the defendant will not be denied access to exculpatory evidence only known to the Government." *U.S. v. LeRoy*, 687 F.2d 610, 619 (2d Cir. 1982).  The defense is entitled to such access and requests it here.


Dated June 15, 2020                    /s/ H. Dean Steward
                                       H. Dean Steward
                                       Counsel for Defendant
                                       Michael J. Avenatti

CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age.

My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.

      I am not a party to the above entitled action. I have caused, on 6-15-20, service

of the defendant's:

**BRIEF REGARDING GOVERNMENT OBLIGATION TO ALLOW ACCESS TO TEMINAL/DATABASE**

On the following party, using the court's ECF system:

**AUSAs Brett Sagel & Julian Andre**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 6-15-20

<u>s/ H. Dean Steward</u>

H. Dean Steward