H. Dean Steward, SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | DECLARATION OF H. DEAN STEWARD IN SUPPORT OF DEFENDANT'S MOTION TO PRECLUDE, AND FURTHER OBJECTION TO, REVIEW AND USE OF PORTIONS OF THE JUNE 26, 2020 PRE-TRIAL SERVICES DIGITAL FORENSIC EXAMINATION REPORT |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Comes now H. Dean Steward, counsel for Defendant Michael J. Avenatti, and submits the below Declaration in support of Defendant's Motion to Preclude, and Further Objection to, Review and Use of Portions of the June 26, 2020 Pre-Trial Services Digital Forensic Examination Report.

Dated: July 21, 2020                         Respectfully submitted,

                                             /s/ H. Dean Steward
                                             H. DEAN STEWARD

                                             Attorney for Defendant
                                             MICHAEL JOHN AVENATTI

# DECLARATION

I, H. Dean Steward, declare:

1. I have been retained counsel for defendant Michael J. Avenatti in this matter since May 15, 2019.

2. Attorney Scott Srebnick has been retained counsel for Mr. Avenatti in a criminal matter pending in New York, Case No. 1:19-CR-00373-PGG (SDNY) (the "Nike" case), since the Spring of 2019.

3. Following the telephonic hearing in this matter on June 11, 2020 and as directed by the Court during the hearing, I sent an email to Pre-Trial Services objecting to any review of protected materials and documents in connection with the forensic examination to be conducted on electronic devices obtained from the residence of Mr. Jay Manheimer – the location of Mr. Avenatti's home confinement.  Attached hereto as Exhibit A is a copy of the email, which was sent well before (1) any devices or electronic files were reviewed and (2) a report was prepared and transmitted to the Court and the parties, including the prosecution.

4. Pre-Trial Services subsequently responded to the email, which serves as an acknowledgement of its receipt.  At no time did Pre-Trial Services object to my position in the email, inquire further or inform me that the information that I had requested not be reviewed or disclosed would be analyzed, reviewed or disclosed in any report to the Court or the prosecution.

5. On the afternoon of June 30, I learned that a Digital Forensic Examination Report bearing a date of June 26, 2020 had been transmitted to the Court by Pre-Trial Services (the "Report"), but I was unaware of its contents. I was subsequently provided a copy of the Report later that day, but the copy I received did not include the attachments to the Report.

6. Upon review of the Report, I grew concerned that privileged and protected information might have been analyzed, reviewed and disclosed. As a result, I promptly sought to determine what information had been included in the Report and whether the attachments to the Report had been provided to the Court and the prosecution. I later learned that the entire Report (including the attachments) had been provided to the Court and the prosecution.

7. Upon learning this, I immediately notified the prosecution that the defense objected to any review of the Report by the prosecution because it contains privileged and protected information. The prosecution subsequently admitted that AUSAs Andre and Sagel had already reviewed the Report, but agreed to refrain from further review for a brief period of time.

8. On July 6, 2020, after hearing from the parties on the issue, the Court instructed the defense to raise any specific objection to review and use of the Report by way of a brief, to be filed no later than seven (7) days following the receipt of the final deposition transcript for Mr. Manheimer. That transcript was received on July 14, 2020.

2

9. The Report contains information protected by the attorney-client privilege and the work product doctrine. This information is set forth in the Report (1) at the bottom of page 3 in the section titled "Emails of Interest"; (2) on Page 4 beginning at the top of the page and continuing up until the heading titled "Internet Usage"; and (3) Attachments B, D, E, and F. These portions are collectively referred to this Declaration and in the brief as the "Protected Portions of the Report." Mr. Avenatti has no objection to the review or use of the balance of the Report.

10. At the bottom of page 3 of the Report, there is reference to the subjects of various email communications between Mr. Avenatti and his legal counsel. The Report proceeds, in Attachment D, to list in detail information relating to 81 emails exchanged between Mr. Avenatti (through Mr. Manheimer) and his legal counsel, all but three of which (Record Nos. 2, 20 and 21) directly relate to Mr. Avenatti's criminal defense in this case. This listing includes in many instances not only the subject of what was discussed between Mr. Avenatti and me, but also the title or filename of the documents exchanged between us, which in and of itself discloses (a) the topic or subject of our communication and (b) which documents Mr. Avenatti exchanged with his counsel. The emails sent between me and my client (through Mr. Manheimer) relate to legal advice and representation I was providing, in my capacity as an attorney, were made in confidence, by

3

both Mr. Avenatti and myself, and were expected to be protected from disclosure at the time they were made. The emails further reflect what was discussed, as well as the thought process of what documents me and Mr. Avenatti chose to exchange, have reviewed by each other, and provide comment on, all in the course of Mr. Avenatti's criminal defense. Accordingly, the emails, including the subjects or topics of the emails and their attachments, are protected from disclosure.

11. On page 4 of the Report, the details of a document created by Mr. Avenatti's criminal counsel in the Nike criminal case – Mr. Scott Srebnick - with input from Mr. Avenatti, for use in that case, are disclosed. This document was prepared in the course of Mr. Srebnick's representation of Mr. Avenatti in that matter. It was communicated strictly between Mr. Srebnick and Mr. Avenatti. This information reflects what was discussed, as well as the thought process of what documents Mr. Srebnick and Mr. Avenatti chose to exchange, have reviewed by each other, and provide comment on, all in the course of Mr. Avenatti's criminal defense in the Nike matter.

12. Attachment B to the Report provides details (including the title or filename) relating to other Word documents prepared by me or at my direction in connection with my representation of Mr. Avenatti. They relate to legal advice and representation I was providing, in my capacity as an attorney,

4

were made in confidence, by both Mr. Avenatti and myself, and were expected to be protected from disclosure at the time they were made. They reflect what was discussed, as well as the thought process of what documents me and Mr. Avenatti chose to exchange, have reviewed by each other, and provide comment on, all in the course of Mr. Avenatti's criminal defense.

13. Attachment E to the Report lists details (including the title or filename) relating to other Word documents prepared for use in Mr. Avenatti's criminal cases and other legal matters (with the exception of Record No. 4, which does not relate to Mr. Avenatti's legal matters and was drafted by Mr. Manheimer), and Attachment F to the Report discloses details (including the title and filename) as to pdf documents exchanged between Mr. Avenatti and his counsel in connection with Mr. Avenatti's representation. These documents were prepared by me, Mr. Avenatti's other lawyers, and/or at our direction in connection with our representation of Mr. Avenatti. They relate to legal advice and representation we were providing, in our capacity as attorneys, were made in confidence, by both Mr. Avenatti and ourselves, and were expected to be protected from disclosure at the time they were made. They reflect what was discussed, as well as the thought process of what documents we chose to exchange, have

5

reviewed by each other, and provide comment on, all in the course of representing Mr. Avenatti.

14. Permitting the prosecution further access to the Protected Portions of the Report would provide the prosecution with improper knowledge as to, among other things, the defense camp; its processes; what documents have been exchanged between Mr. Avenatti and his counsel, and reviewed, and by whom and when; what subjects have been discussed (which can be determined by the title or filename of the document); the thoughts and impressions of Mr. Avenatti's legal counsel, including which documents on which subjects counsel chose to provide to Mr. Avenatti, have him review and comment on; and which documents Mr. Avenatti deemed important to review and comment on, and provide to his counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 21, 2020              /s/ H. Dean Steward
                                  H. DEAN STEWARD

6

**EXHIBIT A to Declaration of H. Dean Steward**

 Gmail     Dean Steward <deansteward7777@gmail.com>

## Re: Mr. Avenatti
5 messages

**Shakira Davis** <Shakira_Da—    **REDACTED**    Tue, Jun 30, 2020 at 1:43 PM
To: "deansteward7777_gmail.

Hello Mr. Steward,

Our office has completed the forensic inspection of all the devices that were surrendered. A report has been submitted to the Court and no action is being taken by our office. We are waiting on direction from the Court to determine if PSA is authorized to release the findings to all the parties in this case. The devices have been returned to the defendant and the 3rd party custodian.

Should the Court approve for PSA to release the findings, we will provide you with a copy.

Thank you for your cooperation.

Get Outlook for iOS

---

**From:** Shakira Davis
**Sent:** Friday, June 12, 2020 8:21:26 AM
**To:** Dean Steward <deansteward7777@gmail.com>
**Subject:** RE: Mr. Avenatti

I did speak to the Judge yesterday evening.

**From:** Dean Steward <deansteward7777@gmail.com>
**Sent:** Thursday, June 11, 2020 5:54 PM
**To:** Shakira Davis <Shakira_D:
**Subject:** Re: Mr. Avenatti    **REDACTED**

Ok, he said during our hearing that he was going to call you.

On Thu, Jun 11, 2020, 4:01 PM Shakira Davis <Shakira_Dav    **REDACTED**

> I have not spoken to the Judge yet.
>
> **From:** Dean Steward <deansteward7777@gmail.com>
> **Sent:** Thursday, June 11, 2020 3:54 PM
> **To:** Shakira Davis <Shakira_Dav
> **Subject:** Mr. Avenatti    **REDACTED**

Ms. Davis-

I hope by now Judge Selna has contacted you. My position on the privileged material is that any of the following is covered under attorney/client ①

privilege:

1. Emails, including all attachments, sent or received between or among Jay Manheimer (jaymanheimer@gmail.com), Dean Steward (deansteward7777@gmail.com), Roy Black (rblack@royblack.com), Evan Jennness (evan@jennesslaw.com), Scott Srebnick (scott@srebnicklaw.com), Howard Srebnick (hsrebnick@royblack.com), Joanna Knight (joannaknightconsulting@gmail.com ), Prescott Baier (baiermja@gmail.com), Tom Warren (tom.warren@warrenterzian.com), Daniel Dubin (Daniel.dubin@warrenterzian.com), Saul Gelbart (sgelbart@sgsblaw.com), Doug Hatherley (dhatherley@sgsblaw.com), Jim Bastian (jbastian@shulmanbastian.com), Ryan O'Dea (rodea@shulmanbastian.com), and/or Mariel Colon (mariel.colon8@gmail.com). All are attorneys working on one or more of the current legal matters, except Joanna Knight, who is a consultant working for the lawyers on the Nike case in NYC, and my friend Jay Manheimer. Judge Sela described Mr. Manheimer today in our hearing as "like a Fed Ex man", being a conduit between my client and the various attorneys.

2. All documents in any way relating to any of Mr. Avenatti's cases, including any pleadings, memorandum, research, and articles, relating to this case, any of Mr. Avenatti's other criminal matters (i.e. the cases in SDNY) and/or his incarceration, whether in microsoft word form, .pdf form, .html form, or any other electronic form.

Thank you,

Dean Steward

--



949-481-4900    www.deansteward.com

---

**Dean Steward** <deansteward77                                       Tue, Jun 30, 2020 at 2:03 PM
To: Shakira Davis <Shakira_Da\

**REDACTED**

Thanks for the update.
[Quoted text hidden]

**REDACTED**

③

# **CERTIFICATE OF SERVICE**

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672. I am not a party to the above-entitled action. I have caused, on July 21, 2020, service of the defendant's:

DECLARATION OF H. DEAN STEWARD IN SUPPORT OF DEFENDANT'S MOTION TO PRECLUDE, AND FURTHER OBJECTION TO, REVIEW AND USE OF PORTIONS OF THE JUNE 26, 2020 PRE-TRIAL SERVICES DIGITAL FORENSIC EXAMINATION REPORT

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA JULIAN ANDRE

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 21, 2020

/s/ H. Dean Steward
H. Dean Steward

7