H. Dean Steward, SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | SA CR No. 19-061-JVS<br><br>DEFENDANT'S SECOND SUPPLEMENTAL FILING IN SUPPORT OF DEFENDANT'S EX PARTE APPLICATION FOR CJA APPOINTMENT |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his counsel of record, H. Dean Steward, hereby files this Second Supplemental Filing in Support of Defendant's Ex Parte Application for CJA Appointment.

Dated: July 27, 2020                    Respectfully submitted,

                                        /s/ H. Dean Steward
                                        H. DEAN STEWARD

                                        Attorney for Defendant
                                        MICHAEL JOHN AVENATTI

## I. INTRODUCTION

The defense submits this supplemental filing for two purposes: (1) to alert the Court to additional authority beyond that previously cited in the original Application and the supplemental filing last Friday [Docket No. 209, pp. 10-12] and (2) to address the issue of what has changed since undersigned counsel's statement in January.

## II. ARGUMENT

### A. Additional Authority

The defense wishes to bring to the Court's attention the Ninth Circuit's statements in *United States v. Wells*, 879 F.3d 900 (9th Cir. 2018) admonishing the government for interfering with the issue of an appointment under the Civil Justice Act, "a matter exclusively within the province of the judiciary." *Id.* at 913. In *Wells*, the court noted that "the prosecution is typically precluded from participating in the determination of a defendant's eligibility for CJA-appointed counsel." *Id.* (citations omitted). The Court went on to note:

> The Government's exclusion from the administration of the CJA is a *significant* contributing factor to the fairness of our system and the CJA's role in redressing the imbalance of power between an indigent defendant and the Government. "A contrary position might well result in a system wherein the outcome of criminal trials would be determined by the poverty of the accused rather than the integrity of the fact-finding process."

*Id.* at 913 (citing *United States v. Hartfield*, 513 F.2d at 254, 258 (9th Cir. 1975)(emphasis added). Despite the clear statement of the law by the Ninth Circuit, the government in this case has purposely interjected itself into the determination of Mr.

Avenatti's eligibility for CJA-appointed counsel by filing a ten page submission [Docket No. 208] in which they basically urge the Court to deny the Application. This is improper and the defense objects to this intrusion.

### B. What Has Changed

On January 31, 2020, undersigned counsel stated, in part, "I'm not in a position to apply for court funding for that…" (Tr. Jan 31, 2020, p.13.) However, that is not all that was said. The entirety of the exchange with the Court relating to the issue is set forth on pages 12-14 of the January 31, 2020 transcript (attached as Exhibit A).

At the time of the above statement, counsel was unable to effectively communicate with Mr. Avenatti as a result of his incarceration in solitary confinement in 10 South at MCC in New York, under extreme security measures.[1] As a result, counsel had no way of communicating with Mr. Avenatti in detail about his finances, available resources, potential sources of additional funding, etc. Nor did counsel have any reasonable way of having Mr. Avenatti complete a financial affidavit, especially seeing as Mr. Avenatti's financial picture is complicated and he had no access to any of his documents or information.

Further, the discussion with the Court centered on undersigned counsel "augmenting" his resources - not seeking a CJA appointment for *his* fees. At the time, counsel expected that Mr. Avenatti's family, friends and supporters would be willing and able to help pay for undersigned counsel's fees. As time has progressed and as Mr.

---

[1] The details of this incarceration and Mr. Avenatti's lack of access to counsel have been previously provided to the Court in other filings.

3

Avenatti's family, friends and supporters have witnessed the aggressive, public allegations the prosecution has made in this case towards those who try and assist Mr. Avenatti, including his first wife Christine Avenatti-Carlin, his surety H. Bromma, and his custodian Jay Manheimer, Mr. Avenatti's family, friends and supporters have not surprisingly grown leery of helping Mr. Avenatti. They are concerned that if they try and help Mr. Avenatti, they will be next. In light of what has transpired in this case, it is difficult for undersigned counsel to assure them otherwise.

## III. CONCLUSION

For each of the above reasons, the Application should be granted.

Dated: July 27, 2020            Respectfully submitted,

/s/ H. Dean Steward
H. DEAN STEWARD

Attorney for Defendant
MICHAEL JOHN AVENATTI

EXHIBIT A

Case 8:19-cr-00061-JVS   Document 111   Filed 03/03/20   Page 1 of 23   Page ID #:2070
Case 8:19-cr-00061-JVS   Document 212   Filed 07/27/20   Page 6 of 10   Page ID #:3477

1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

- - -

THE HONORABLE JAMES V. SELNA, JUDGE PRESIDING

```
UNITED STATES OF AMERICA,    ) CERTIFIED TRANSCRIPT
               Plaintiff,    )
    vs.                      )
                             )   SACR-19-00061-JVS
MICHAEL JOHN AVENATTI,       )
               Defendant.    )
-----------------------------)
```

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Santa Ana, California

January 31, 2020

SHARON A. SEFFENS, RPR
United States Courthouse
411 West 4th Street, Suite 1-1053
Santa Ana, CA  92701
(714) 543-0870

Case 8:19-cr-00061-JVS   Document 111   Filed 03/03/20   Page 12 of 23   Page ID #:2081
Case 8:19-cr-00061-JVS   Document 212   Filed 07/27/20   Page 7 of 10   Page ID #:3478

12

```
08:12   1              THE COURT:  Okay.
08:12   2              MR. ANDRE:  So that's why there is a difference
08:12   3   there.  Again, what we propose is we can submit a status
08:12   4   report in two weeks detailing where we are.
08:12   5              THE COURT:  Would you do that, please?
08:12   6              MR. ANDRE:  We will.
08:12   7              THE COURT:  Mr. Steward, any thoughts or comments?
08:12   8              MR. STEWARD:  All I can tell the Court is on
08:12   9   Monday I received 41,000 pages from what I have been calling
08:12  10   the Filter Team in Los Angeles.  It appears to involve law
08:12  11   firm correspondence and documentation.  We're having format
08:13  12   problems.  I'm sure we can solve those problems.  But I am
08:13  13   still kind of at a loss for -- am I going to get a big wave,
08:13  14   or is this going to be a small splash, or how much more is
08:13  15   coming?  Obviously I have got more than a million pages I
08:13  16   think at this point.
08:13  17              If you total everything up together, the Southern
08:13  18   District of New York case that I'm involved in is commonly
08:13  19   called the Stormy Daniels case, and as to that one, the
08:13  20   documentation and the discovery is manageable.  It's a
08:13  21   relatively simple case, and frankly I'm not concerned about
08:13  22   that one, although I have to defend it.  Our trial date
08:13  23   is --
08:13  24              THE COURT:  You're primary counsel in that case?
08:13  25              MR. STEWARD:  I am indeed, Your Honor, so I have
```

```
08:13  1   to defend that one, but my concern is here, this case.  Just
08:13  2   the sheer volume of material, complexity, length, and scope
08:13  3   of the Indictment, compared to the two in the Southern
08:14  4   District of New York, this is the bigger one by far, and I
08:14  5   remain for the most part by myself on this.
08:14  6            However, I am doing the best I can.  I'll continue
08:14  7   to do that.  I've got a couple of months, and all I can do
08:14  8   is if we are getting close to trial and I'm not where I
08:14  9   think I should be preparation-wise, I'll notify the Court.
08:14 10            THE COURT:  Well, sir, this is the type of case
08:14 11   where if you need to augment your resources you need to do
08:14 12   that.
08:14 13            MR. STEWARD:  Well, I can't to do that, Your
08:14 14   Honor.  I'm unable to do that.  This is going to be a solo
08:14 15   shot for me.  I don't have the resources to do that, and I'm
08:14 16   not in a position to apply for court funding for that.
08:14 17            THE COURT:  Understood.
08:14 18            MR. STEWARD:  I'm stuck, so I'll do the best I
08:14 19   can.
08:14 20            MR. STEWARD:  That's all I have.  Thank you.
08:14 21            THE COURT:  Well, I've got to say that's
08:14 22   troubling.
08:14 23            MR. STEWARD:  It troubles me, too, Your Honor.  I
08:15 24   don't know what the solution is, though.
08:15 25            THE COURT:  Would a discussion with your client to
```

Case 8:19-cr-00061-JVS   Document 111   Filed 03/03/20   Page 14 of 23   Page ID #:2083
Case 8:19-cr-00061-JVS   Document 212   Filed 07/27/20   Page 9 of 10   Page ID #:3480

14

```
08:15   1    provide you more resources so that you can augment your
08:15   2    forces --
08:15   3              MR. STEWARD:  That's not possible, not the
08:15   4    discussion but the actual augmentation is not possible, and
08:15   5    I don't have access to my client right now, Your Honor.
08:15   6              THE COURT:  Understood.
08:15   7              From the press, I gather that the Nike trial began
08:15   8    this week.
08:15   9              MR. STEWARD:  It's my understanding, Your Honor,
08:15   10   they started Monday.  Opening statements were Wednesday and
08:15   11   they are into witnesses now.  The prediction is two to
08:15   12   two-and-a-half weeks of trial.  I expect I'll have my client
08:15   13   back at some point after that.  I would hope and pray that
08:15   14   he comes back the same way he went back there, but I've got
08:15   15   a feeling that's not going to happen.
08:15   16             THE COURT:  Well, there were exigent
08:15   17   circumstances --
08:15   18             MR. STEWARD:  Understood.
08:15   19             THE COURT:  -- to ensure that he got there, and I
08:15   20   made clear to the marshals that they were to engage whatever
08:16   21   resources -- and I mean whatever resources -- to ensure that
08:16   22   he was there on Friday.
08:16   23             MR. STEWARD:  And they complied.
08:16   24             THE COURT:  They complied.
08:16   25             As to the Stormy Daniels case, what's the start
```

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672. I am not a party to the above-entitled action. I have caused, on July 27, 2020, service of the defendant's:

DEFENDANT'S SECOND SUPPLEMENTAL FILING IN SUPPORT OF DEFENDANT'S EX PARTE APPLICATION FOR CJA APPOINTMENT

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA JULIAN ANDRE

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 27, 2020

/s/ H. Dean Steward
H. Dean Steward

6