H. Dean Steward, SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | DEFENDANT'S *EX PARTE* REQUEST FOR BRIEFING SCHEDULE RELATING TO THE GOVERNMENT'S CONSOLIDATED POSITION REGARDING DEFENDANT'S VIOLATIONS OF HIS CONDITIONS OF TEMPORARY RELEASE AND OPPOSITION TO DEFENDANT'S MOTION TO PRECLUDE REVIEW AND USE OF PRE-TRIAL SERVICES REPORT [DOCKET NO. 217] |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his counsel of record, H. Dean Steward, hereby files this *Ex Parte* Request for Briefing Schedule Relating to the Government's Consolidated Position Regarding Defendant's Defendant's Violations of His Conditions of Temporary Release and Opposition to Defendant's Motion to Preclude Review and Use of Pre-Trial Services Report [Docket No. 217].

Dated: July 29, 2020

Respectfully submitted,

/s/ H. Dean Steward
H. DEAN STEWARD

Attorney for Defendant
MICHAEL JOHN AVENATTI

## I. INTRODUCTION

For each of the reasons detailed below, Defendant Michael John Avenatti, by and through his counsel, respectfully requests that the Court set an appropriate briefing schedule relating to the 55-page filing submitted yesterday evening by the government [Docket No. 217.] so as to allow Defendant an opportunity to properly respond. In particular, Defendant respectfully requests that his response to the request made by the government relating to his custody status be due one week following the Court's ruling on the pending defense motion relating to the privileges at issue in the Pre-Trial Services Digital Forensic Examination Report [Docket No. 207]. In the alternative, the defense respectfully requests that the Court set a deadline of August 4, 2020 (seven days from July 28).

## II. ARGUMENT

On July 21, 2020 and pursuant to this Court's directive at the July 6, 2020 Status Conference, Defendant filed his Motion to Preclude, and Further Objection To, Review and Use of Portions of the June 26, 2020 Pre-Trial Services Digital Forensic Examination Report [Docket No. 207] (the "Motion"). The government was permitted seven days to respond.

Yesterday evening, the government filed a 55-page document (with exhibits) titled "Government's Consolidated Position Regarding Defendant's Defendant's Violations of His Conditions of Temporary Release and Opposition to Defendant's Motion to Preclude

3

Review and Use of Pre-Trial Services Report [Docket No. 217]" in which the government not only responded to the defense motion, but also proceeded to make their own motion and seek substantial relief relating to Mr. Avenatti's custody status.[1] The majority of the government's filing does not respond to the arguments raised in Defendant's Motion, but rather argues for the separate relief they seek. Namely, the government seeks to have Mr. Avenatti remanded to jail for working on his criminal defense two months ago (on legal filings), by using a computer, while supervised, that had the internet disconnected and was not capable of accessing the internet when he used it, on one or two occasions, at the specific request and direction of his undersigned counsel.[2]

<u>Moreover, in violation of this Court's clear directive on July 6, 2020, the government proceeded to use the pre-trial forensic report in connection with their request for relief relating to Mr. Avenatti's custody status. [Docket 217, p.14 fn. 9]. This is improper and a violation of Mr. Avenatti's privileges. To compound matters, the government misstated the facts of the report and its attachments when doing so.</u>

---

[1] It is unclear as to why the government did not follow proper procedure and file a separate motion for relief relating to Mr. Avenatti's custody status.

[2] This is no different than what Mr. Avenatti has been able to do for over seven weeks now with consent from the Court and the government – use a computer with the internet turned off to work on his defense.

There is no evidence in the record that he has ever accessed the internet, been able to access the internet, or even tried to access the internet. There is also no evidence in the record that even if he could access the internet, he has any liquid assets exceeding $1,000 that could be moved or transferred (the reason given by the government for the "no internet access" related terms in Mr. Avenatti's bail conditions).

4

The defense maintains that any briefing schedule should take into account the following: ***First***, the prosecution has taken significant liberties with the facts and arguments they rely on in connection with their lengthy submission, including the June 17, 2020 deposition testimony of Mr. Manheimer.[3] The defense needs adequate time to respond to the claims and arguments in the 55-page filing and rebut them.

***Second***, the pending defense Motion is a threshold matter that should be decided first.[4] As evidenced by the government's filing [*see, e.g.*, Docket 217, p.14, fn. 9], the review and use of the forensic report should be fully adjudicated before any party, especially the government, uses the report or the attachments in connection with anything, including the relief requested by the government. The government (AUSA Andre) previously agreed with the defense that the review and use of the report was a threshold issue that should be decided <u>first</u>:

---

[3] By way of example only, Mr. Manheimer never stated there were "at least two" or "more than two" occasions when Mr. Avenatti used his computer with the internet turned off.

[4] In the Motion, in footnote 2, the defense specifically stated: "Consistent with the discussion with the Court during the July 6, 2020 Status Conference, the directive of the Court on the record, and the Court's Minute Order dated July 6, 2020 [Docket No. 199], this motion and brief address the issue of whether the prosecution should be permitted to review and use the Protected Portions of the Report. At this time, the defense is not providing any further briefing on the issue of any alleged violation by Mr. Avenatti of any bail condition (which the defense vehemently disputes) because there is no pending motion, or request for that relief, filed by the government. Once the threshold issues raised in this brief relating to the Report are addressed by the Court, and when and if the government affirmatively seeks to remand Mr. Avenatti or modify his bail conditions, the defense will respond in writing to any such request/motion and explain why the request/motion should be denied under the facts and the law. To be clear, the prior motion filed by the government [Docket No. 177] requested an "inquiry" in the form of a search of the devices at the residence of Mr. Manheimer and a deposition of Mr. Manheimer, but did not seek to have Mr. Avenatti remanded or his conditions modified. A search and deposition were completed in June, and on or about June 26, Pre-Trial Services filed a written recommendation with the Court (separate from the forensic report) recommending that no action be taken relating to Mr. Avenatti's custody status or bail conditions. The Court later ruled on July 6: "The Court finds the pretrial services report does not merit any action at this time." [Docket No. 199].

5

> So I think what our request today would be is that *first* the Court either confirm that we are authorized to review the forensic report, which is what we understand already occurred, or review the report in-camera and then release it to us, if appropriate, and *then* provide us with some time once we have the finalized transcript at the end of this week to submit some information to the Court in writing.

[July 6, 2020 Transcript, p.5:16-23]

The Court's determination of this issue - the defense's objections to the review and use of the Report and whether certain information is privileged or protected - has a significant impact on the pending filing by the government and the defense's ability to oppose the relief requested. For example, if successful in their Motion, the defense may want to use the government's prior review of the Report, the government's use of the Report in their filing, and the protected information disclosed as grounds to deny the requested relief. If unsuccessful, the defense may want to use portions of the Report to refute the claims and arguments of the government in their filing (i.e. waive privilege). Before doing so, however, the defense must first know whether those portions are deemed by the Court to be privileged or protected, so that Defendant can make an informed decision about whether to waive privilege as to those portions for use in his opposition.

Further, the Court's ruling on the privilege claims will also impact other arguments Defendant may raise in opposition and will likely also have a bearing on other evidence Defendant may wish to use in opposition (i.e. specific emails). In addition, if the government is going to be permitted to utilize the Report in any way in connection

6

with their request, Defendant obviously needs to know that before responding. Among other things, the defense may attempt to retain a forensic computer expert who can provide an independent analysis to the defense so that the defense can be in a position to respond to and rebut allegations relating to, among other things, the electronic devices; access to, and use of, the devices and documents on the devices; internet usage and access; and the "Last Author" field on various Microsoft Word documents.

As a result, the Court's determination of Defendant's claim of privilege and work product protection is a threshold matter that should be decided before the filing of Defendant's opposition and any hearing on the matter.

***Finally***, there is no prejudice to the government if this request is granted nor is there any urgency requiring immediate action. Mr. Avenatti is on home confinement with location monitoring at all times, with no evidence that any internet website or financial accounts/monies have been accessed, let alone dissipated or transferred, in violation of any of this Court's Orders. There is no evidence that he is an immediate threat to the community, or a flight risk, under his current conditions. The conduct at issue allegedly occurred months ago. And by agreement of the government and an Order of the Court issued seven weeks ago, he is expressly permitted to do what the government now claims he should be jailed for – use a computer not connected to the Internet to work on his criminal defense (i.e. exercise his Sixth Amendment rights). Further, the COVID-19 pandemic is surging[5] and the risk to Mr. Avenatti's health were

7

he to be remanded is *exponentially greater* today than when the Court ordered him released in April. And Pre-Trial Services, which has been closely and consistently monitoring Mr. Avenatti, and has regular contact with him, has recommended "no action" be taken.

### III. CONCLUSION

For each of the above reasons, Defendant respectfully requests that his response to the request made by the government relating to his custody status be due one week following the Court's ruling on the pending defense Motion [Docket No. 207]. In the alternative, the defense respectfully requests that the Court set a deadline of August 4, 2020 (seven days from July 28), so that Defendant and his counsel may have enough time to properly respond to the government's filing.

Dated: July 29, 2020                    Respectfully submitted,

/s/ H. Dean Steward
H. DEAN STEWARD

Attorney for Defendant
MICHAEL JOHN AVENATTI

---

[5] Nearly every day, California is setting new records for cases, hospitalizations, and deaths. The conditions in jails are even more dire. Even had there been a technical violation of his bail conditions, done at the request of counsel, it does not warrant Mr. Avenatti's health and life being placed at risk.

8

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672. I am not a party to the above-entitled action. I have caused, on July 29, 2020, service of the defendant's:

*EX PARTE* REQUEST FOR BRIEFING SCHEDULE RELATING TO THE GOVERNMENT'S CONSOLIDATED POSITION REGARDING DEFENDANT'S VIOLATIONS OF HIS CONDITIONS OF TEMPORARY RELEASE AND OPPOSITION TO DEFENDANT'S MOTION TO PRECLUDE REVIEW AND USE OF PRE-TRIAL SERVICES REPORT [DOCKET NO. 217]

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA JULIAN ANDRE

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 29, 2020

/s/ H. Dean Steward
H. Dean Steward