H. Dean Steward, SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | SA CR No. 19-061-JVS<br><br>DEFENDANT'S REPLY IN SUPPORT OF MOTION TO PRECLUDE, AND FURTHER OBJECTION TO, REVIEW AND USE OF PORTIONS OF THE JUNE 26, 2020 PRE-TRIAL SERVICES DIGITAL FORENSIC EXAMINATION REPORT |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his counsel of record, H. Dean Steward, hereby files this Reply in Support of Motion to Preclude, and Further Objection To, Review and Use of the June 26, 2020 Pre-trial Services Digital Forensic Examination Report.

Dated: August 3, 2020      Respectfully submitted,


                           /s/ H. Dean Steward
                           H. DEAN STEWARD

                           Attorney for Defendant
                           MICHAEL JOHN AVENATTI

Case 8:19-cr-00061-JVS Document 228 Filed 08/03/20 Page 2 of 17 Page ID #:3594

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

I. INTRODUCTION ......................................................................................... 1

II. ARGUMENT ................................................................................................. 4

    A. The Government Fails to Address the Work Product Doctrine ........... 4

    B. The Government Fails to Address the Sixth Amendment .................... 5

    C. The Government is Silent as to Defendant's Claim of Irreparable Harm Under the Law ............................................................................ 5

    D. The Government Does Not Mention, Let Alone Respond To, the Declaration Submitted with the Motion ............................................... 6

    E. The Court's Clear Directive During the July 11, 2020 Hearing on Defendant's Motion for Protective Order Undercuts The Government's Argument ....................................................................... 6

    F. Defendant is Not Using the Privilege as a Sword and Shield ............. 7

    G. The Law Does Not Support the Government's "Privilege Log" Argument .............................................................................................. 8

    H. The Government's Use of the Report in its Response is Improper .... 11

III. CONCLUSION ............................................................................................ 12

CERTIFICATE OF SERVICE ............................................................................... 13

# TABLE OF AUTHORITIES

**CASES:** **Page**

*Dole v. Milonas*,
889 F.2d 885 (9th Cir. 1989) ............................................................. 9, 10, 11

*Foster v. City of Fresno*,
392 F.Supp.2d 1140 (2005) ............................................................. 2

*Hickman v. Taylor*,
329 U.S. 495 (1947) ............................................................. 4

*In re Grand Jury Investigation*,
974 F.2d 1068 (9th Cir. 1992) ............................................................. 9, 10, 11

*In re Grand Jury Subpoenas*,
454 F.3d 511 (6th Cir. 2006) ............................................................. 4, 5

*In re Online DVD Rental Antitrust Litig.*,
2011 WL 5883772 ............................................................. 2

*Prism Tech., LLC v. Adobe Sys., Inc.*,
2011 WL 5523389 ............................................................. 9

*Ryan Inv. Corp. v. Pedregal De Cabo San Lucas*,
2009 WL 5114077 ............................................................. 8

*Scott v. City of Phoenix*,
2011 WL 3159166 ............................................................. 2

*Sporck v. Peil*,
759 F.2d 312 (3d Cir. 1985) ............................................................. 3

*Sportscare of America, P.C. v. Multiplan, Inc.*,
2011 WL 589955 ............................................................. 2

*U.S. v. Bouchard Transp.*,
2010 WL 1529248 ............................................................. 8

ii

**OTHER AUTHORITIES:**

U.S. Const. Amend. VI.................................................................................. 1, 5

## I. INTRODUCTION

The Government's Consolidated Position Regarding Defendant's Violations of His Conditions of Temporary Release and Opposition to Defendant's Motion to Preclude Review and Use of Pre-Trial Services Report [Docket No. 217] (the "Response") fails to adequately rebut the arguments and evidence submitted in connection with Defendant's Motion to Preclude, and Further Objection To, Review and Use of the June 26, 2020 Pre-trial Services Digital Forensic Examination Report [Docket No. 207] (the "Motion").[1]

For example, the government does not even address, let alone overcome, Defendant's reliance on the work product doctrine. The Motion is replete with cases, references and argument as to why the information at issue is protected by the work product doctrine, but the government completely ignores all of it, presumably because they have nothing to offer in rebuttal. This failure alone requires that the Motion be granted.

Similarly, the government does not address Defendant's arguments asserting the Sixth Amendment. Nor does the government respond to Defendant's arguments regarding irreparable harm. The government also does not address or rebut the content

---

[1] Pursuant to the Order of this Court, this brief is confined to addressing the issues raised in the Motion. It does not address the argument and "facts" cited by the government in its Response concerning Mr. Avenatti's alleged violation of his bail conditions, which the defense vehemently denies. When and if the government re-files any request relating to Mr. Avenatti's bail conditions, the defense will respond and detail the factual misrepresentations by the government, especially as it relates to Mr. Manheimer's testimony, and why Mr. Avenatti has not violated his conditions by working on his criminal defense in accordance with his the Sixth Amendment.

of the Steward Declaration submitted with the Motion [Docket No. 207-1], which establishes that the attorney-client privilege and work product doctrine apply, as well as the resulting prejudice were the information to be disclosed. All of this is fatal to the government's opposition.[2]

It is not the Court's role to make arguments for the government when the government fails to do so. If the government fails to oppose core arguments of a motion, those arguments are deemed uncontested and conceded. *See, e.g., Sportscare of America, P.C. v. Multiplan, Inc.*, No. 2:10–4414, 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011) ("In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue."); *Scott v. City of Phoenix*, No. CV–09–0875–PHX–JAT, 2011 WL 3159166, at *10 (D.Ariz. Jul. 26, 2011) (failure to oppose statute of limitations argument constituted waiver); *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1147 n. 7 (E.D.Cal.2005) ("At any rate, failure of a party to address a claim in an opposition to a motion for summary judgment may constitute a waiver of that claim."); *In re Online DVD Rental Antitrust Litig.*, No. 09–2029 PJH, 2011 WL 5883772, at *12 (N.D.Cal. Nov. 23, 2011) (absent unusual circumstances, failure to respond to argument on merits "viewed as grounds for waiver or concession of the argument").

---

[2] Because of the repeated failure by the government to address, let alone rebut, a number of the arguments in the Motion and the evidence offered by the defense (which is now uncontroverted), no *in camera* review of the protected information is warranted by the record.

2

In addition, on the few occasions when the government's filing does address certain arguments raised by the Defendant in the Motion, the government does not adequately challenge the facts and law as outlined by the defense. For example, the government still has not explained, nor can they explain, how the **_subject_** of what an attorney and his client communicate about during a pending criminal matter is not privileged. This is because the government is not permitted to know what topics or subjects a criminal defendant and his attorney communicate about in connection with the representation. Period. Full stop. This is true regardless of how "unimportant" or mundane the subject may be. Nor has the government explained how or why it is permissible for the government to be privy to the following information, all of which will be reviewed and used by the government if this Court does not grant the Motion: (a) which documents Mr. Avenatti and his attorneys have communicated about? (b) which documents Mr. Avenatti's attorneys have chosen to send to him, and when; (b) which documents Mr. Avenatti has commented on and reviewed at the direction of his attorneys; (d) which documents Mr. Avenatti has chosen to send to his attorneys and when; (e) which documents Mr. Avenatti's attorneys have reviewed at Mr. Avenatti's request; and (f) which documents Mr. Avenatti's attorneys have chose to work with him on and when.

To further illustrate the point, is it the government's position that the defense is entitled to know which particular subjects AUSAs Andre and Sagel have communicated about with each other and when during this case? Is the defense entitled to know the

3

subject lines of all of their emails and other communications? Is the defense entitled to know what documents (by name) they have chosen to exchange with each other or with the agents assigned to this case and when?[3] The answer to each of these questions is "Of course not." And yet, this is the exact same information the government now seeks to use from the defense.

Finally, even though the government was instructed by the Court not to review or use the Report until the instant motion and the privilege issues could be resolved, the government nonetheless proceeds to use their "recollection" of the protected content of the Report in their opposition. [*See, e.g.*, Response at p. 14, fn. 9; p. 26, fn. 14]. This is highly improper and constitutes a violation of the protections afforded the Defendant. To make matters worse, the government's use and "recollection" of the Report is inaccurate.

For each of the reasons set forth in the Motion and herein, the Motion should be granted.

## II. ARGUMENT

### A. The Government Fails to Address the Work Product Doctrine

Throughout the Motion, the defense raises the protections afforded by the work product doctrine as a core reason why information in the Report is protected and cannot be disclosed or used by the government. [*See, e.g.*, Motion at 2-12.] In fact, this

---

[3] There is little question this information is protected. *See, e.g., Sporck v. Peil*, 759 F.2d 312, 315-16 (3d Cir. 1985).

4

argument is just as prevalent in the Motion as the argument centering on the attorney-client privilege. Despite this, the government completely fails in its 55-page submission to offer any response or counter argument. Nor does the government explain, or even attempt to explain, why the holdings of *Hickman v. Taylor,* 329 U.S. 495, 510-11, 67 S.Ct. 385, 91 L.Ed. 451 (1947) and *In re Grand Jury Subpoenas*, 454 F.3d 511, 520 (6th Cir. 2006) ("[P]eople should be free to make requests of their attorneys without fear, and that their attorneys should be free to conduct research and prepare litigation strategies without fear that these preparations will be subject to review by outside parties.") do not require the Court to grant the Motion. Indeed, the response is eerily silent as to the work product issues raised by the defense. Accordingly, the Defendant's arguments that the work product doctrine protects the information from disclosure are conceded by the government, *see cases infra. p. 2,* and the Motion should be granted.

**B. The Government Fails to Address the Sixth Amendment**

As with the work product doctrine, the government likewise fails to counter Defendant's arguments and cases relating to the Sixth Amendment to the United States Constitution. [*See, e.g.*, Motion at 2, 3, 6, 7, 11.] As a result, Defendant's arguments are conceded, *see cases infra. p. 2*, and the Motion should be granted.

**C. The Government is Silent as to Defendant's Claim of Irreparable Harm Under the Law**

Citing multiple cases, the Defendant argues in Section II.D of the Motion that the disclosure of the portions of the Report would result in serious injury and irreparable harm. [*See, e.g.,* Motion at 7.] The government offers no rebuttal in its response to this

5

portion of the Motion. Thus, the argument is uncontested, *see cases infra. p. 2*, and the Court should grant the Motion.

### D. The Government Does Not Mention, Let Alone Respond To, the Declaration Submitted with the Motion

In connection with the filing of the Motion, the defense submitted evidence in the form of a declaration from undersigned counsel establishing the existence of the attorney-client privilege and work product protections, and further substantiating why the information must be protected and why the Court should grant the Motion. [Declaration of H. Dean Steward, Docket 207-1.] The government's 55-page filing does not contain a single mention of this evidence, let alone any response to it. The government makes a conclusory, one sentence statement that Defendant has not met his burden of establishing the protections apply [Response at p. 24], but then neglects to address, acknowledge, mention, oppose or rebut any portion of the Steward Declaration. Accordingly, this evidence is uncontroverted and unchallenged in the record, requiring that the Motion be granted.

### E. The Court's Clear Directive During the July 11, 2020 Hearing on Defendant's Motion for Protective Order Undercuts the Government's Arguments

At the July 11, 2020 telephonic hearing on Defendant's Motion for Protective Order, the Court stated that the only task to be performed by Pre-Trial Services as it related to privileged or protected documents was to "open up any e-mail *for the limited purpose* of determining whether it's an attorney/client communication." [July 11, 2020 Transcript at 10:10-12 (emphasis added).] The Court went on to state: "So let's go

6

forward with Pretrial Services conducting its inspection understanding that it's entitled to open a document sufficient for it to determine whether it's attorney/client privilege *but not to otherwise review any documents*." [Id. at 10:19-23 (emphasis added).]

Despite this clear language, the government suggests in its Response on pages 9-10 that the defense consented to allow Pre-Trial Services to gather details as to the documents and subsequently disclose them to the Court and the government. This is meritless. The defense consented to exactly what the Court directed and *only* what the Court directed, namely that Pre-Trial Services could determine whether a document was protected, and if so, was not permitted to do anything else relating to that document (i.e. "otherwise review any documents"). The only way the information at issue could have been compiled and included in the Report is if the documents and emails were "otherwise reviewed." One cannot gather the detailed information disclosed in the Report and its attachments simply by opening the documents and reviewing them to determine whether they are privileged. Had the defense known or been informed that a further review would be done, and that protected, detailed information would be compiled and placed in a report, the defense would not have consented to the process and would have objected.

### F. Defendant is Not Using the Privilege as a Sword and Shield

Contrary to the argument of the government in the Response, the Defendant is not using the attorney-client privilege as both a sword and a shield. It is *the government* who first sought the inquiry into Mr. Manheimer's devices, not the Defendant. And it is *the*

7

*government* who has placed Mr. Avenatti's communications with his attorneys and the work product of his lawyers at issue by way of the arguments and claims they are making. After the Court ordered the devices searched, the defense timely objected and filed a Motion for Protective Order, with the Defendant being granted relief by the Court on July 11 at the telephonic hearing. And after the Report was disclosed, the Defendant immediately objected and filed the instant Motion. There is simply no basis to the claim that the defense is using the privilege as a sword.

### G. The Law Does Not Support the Government's "Privilege Log" Argument

Citing various cases in which a party voluntarily chose to include the subject or title of a document on a privilege log, the government claims this is a common, near universal practice throughout the Ninth Circuit and thus, the information at issue is not privileged or protected. This interpretation of the law and logic are flawed.

First, communications between an attorney and his client during a case (as opposed to before a case commences or in anticipation of litigation) are presumptively privileged and almost never required to be listed on a privilege log. The same standard applies to documents and work product prepared and exchanged with counsel during a pending case. *See, e.g., Ryan Inv. Corp. v. Pedregal De Cabo San Lucas*, No. C 06-3219, 2009 U.S. Dist. LEXIS 118337, at *9, 2009 WL 5114077 (N.D. Cal 2009) ("[C]ounsel's communications with the client and work product developed once the litigation commences are presumptively privileged and need not be included on any privilege log."); *U.S. v. Bouchard Transp.*, No. 08-CV4490, 2010 WL 1529248, at *2

8

(E.D.N.Y. 2010) ("[Privilege logs are commonly limited to documents created before the date litigation was initiated. . . . [I]n many situations, it can be assumed that all documents created after . . . a lawsuit has been filed and withheld on the grounds of privilege were created 'because of' that pending litigation."); *Prism Tech., LLC v. Adobe Sys., Inc.*, 2011 WL 5523389, at *2 (D. Neb. 2011)(ruling that communications during the litigation are presumptively privileged and thus are not required to be listed on a privilege log).[4] As a result, the government is wrong when it states that the information at issue here, all of which was created while this case has been pending, is "near universally" listed on a privilege log.

Second, the fact that a few parties in select cases have voluntarily (and mistakenly) chosen to include on a privilege log information itself protected from disclosure does not change black letter law in the Ninth Circuit. Arguing to the contrary is akin to claiming that because a party choose to waive the privilege in another case or mistakenly disclosed information, an unrelated party in a completely unrelated case is likewise required to waive information and disclose the information. This makes little sense and is not consistent with the law.

Third, the cases cited by the defense in the Motion, i.e. *Dole v. Milonas*, 889 F.2d 885, 888 n.3, 890 (9th Cir. 1989) and *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992), are clear as to what information is required to be listed on a

---

[4] This is another reason why an *in camera* review is not warranted nor necessary – because all of the information at issue is presumptively privileged under the law and there has been no showing by the government sufficient to overcome that presumption.

9

privilege log: (1) the identity of the attorney and client involved; (2) the nature of the document (e.g. letter, memorandum, etc.); (3) all persons or entities shown as recipients on the document; (4) all persons or entities known to have been informed of the substance of the document; and (5) the date the document was generated, prepared, or dated. *Nowhere in these decisions does it state that the title or subject of a document or communication is to be listed.* Nor has counsel been able to locate any other decision by the Ninth Circuit announcing or mentioning this new standard proposed by the government. The reason for this should be readily apparent – because to do so would disclose information itself privileged or protected. It bears repeating that an opposing party is not permitted to learn what subjects or topics are discussed during communications between an attorney and a client in connection with a representation, nor is an opposing party permitted to learn which documents (by name) are exchanged between an attorney and a client. This is true regardless of how "nebulous" or "inconsequential" the subject or document may appear to be to a third-party or the government.[5] Indeed, the "importance" of a subject or topic of communication between an attorney and client during a case, or of a document exchanged, is <u>never</u> a factor when determining whether the communication or document is protected from disclosure.

Fourth, the government claims that the reason why *Dole* and *In re Grand Jury Investigation* do not require the subject of an email communication to be listed on a

---

[5] Any experienced litigator or trial attorney knows that what appears to be "nebulous" or "inconsequential" in a case today may prove to be incredibly important and highly consequential tomorrow.

10

privilege log is because those decisions were decided before the widespread use of email. This argument lacks merit. At the time of the decisions in *Dole* (1989) and *In re Grand Jury Investigation* (1992), letters and correspondence, which almost always have "Re:" or subject lines, were widely used. Similarly, reports, presentations, and documents routinely had titles, including oftentimes on a cover page or at the top of the document. Despite this, the Ninth Circuit did not hold that "Re:" lines or subjects of letters or correspondences are required to be listed on a log, nor did the Ninth Circuit hold that the title of a report, presentation or document must be disclosed. Instead, the Ninth Circuit stated that only the general *nature* of the document (e.g. is it a letter, memorandum, etc.) must be listed. Thus, the government's effort to distinguish *Dole* and *In re Grand Jury Investigation* rings hollow.

**H.  The Government's Use of the Report in its Response Is Improper**

The Court made it clear to the government that they were not to review or use the Report until Defendant's motion and privilege objections were adjudicated. Despite this, the government used their "recollection" of portions of the Report in their opposition. [*See, e.g.*, Response at p. 14, fn. 9, p. 26, fn. 14]. The government's action is a clear violation of this Court's directive. To make matters worse, the government's use and "recollection" is inaccurate. By way of example only, the government suggests that all of the emails sent from counsel to Mr. Avenatti, and vice-versa, since Mr. Avenatti's release to Mr. Manheimer can be found on Mr. Manheimer's devices and thus are contained or referenced in the Report. This is categorically false. As the defense

pointed out in the Motion at footnote 4 (page 9), "only a subset of the emails sent between Mr. Manheimer, Mr. Steward, and Mr. Avenatti's other attorneys are listed in the attachment [to the Report]. This is evidently because Mr. Manheimer does not save emails locally on his computer."[6] Accordingly, the suggestion by the government that because the forensic report contains all of the emails between Mr. Avenatti and his counsel (it does not), the report undercuts the representations made to the Court regarding the processes used by the defense in preparing documents and pleadings, is without merit.

## III. CONCLUSION

For each of the reasons set forth above and in the Motion, Mr. Avenatti respectfully requests that the Court issue an order preventing any further review or use of the Protected Portions of the Report for any purpose.

Dated: August 3, 2020                    Respectfully submitted,


                                         /s/ H. Dean Steward
                                         H. DEAN STEWARD

                                         Attorney for Defendant
                                         MICHAEL JOHN AVENATTI

---

[6] Mr. Manheimer uses Gmail, a cloud-based email platform where emails are generally stored on the cloud as opposed to locally on a computer.

12

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672. I am not a party to the above-entitled action. I have caused, on August 3, 2020, service of the defendant's:

DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO PRECLUDE, AND FURTHER OBJECTION TO, REVIEW AND USE OF PORTIONS OF THE JUNE 26, 2020 PRE-TRIAL SERVICES DIGITAL FORENSIC EXAMINATION REPORT

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA JULIAN ANDRE

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 3, 2020

/s/ H. Dean Steward
H. Dean Steward

13