UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | SACR 19-61-JVS | Date | August 11, 2020 |
|---|---|---|---|

| Present: The Honorable | **JAMES V. SELNA, U.S. DISTRICT COURT JUDGE** |
|---|---|
| Interpreter | |

| Lisa Bredahl | Not Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Michael John Avenatti | NOT | | X | Dean Steward | NOT | | X |

**Proceedings:** [IN CHAMBERS] Ruling on Pretrial Services Report

I. Background.

In June 2020, the Government presented evidence of defendant Michael John Avenatti's ("Avenatti") possible use of a computer with internet access in violation of the terms on release.[1] (Docket No. 177.) In response, the Court ordered pretrial services to conduct a forensic examination of the computer devices at the residence of Jay Manheimer ("Manheimer") where Avenatti is residing. (Tr. June 8, 2020, pp. 10-11.) Avenatti's counsel agreed to this procedure. (Id., p. 10.)

On June 29, 2020, Pretrial Services delivered to the Court a Pretrial Violation Report–Confidential ("Report"). The Court had advised Pretrial Services that any file could be opened, but that if a file evidenced work product or an attorney/client communication upon cursory examination, the file was to be closed. The attachments to the Report provide a detailed forensic analysis of six computer and/or storage devices found at the residence. (Digital Forensic Examination Report, Attachments A-F ["Digital Report"].) The entries for each record examined typically included:

---

[1] The specific term provides: "Defendant shall not possess, use, or access any digital devices that offer or allow internet access." (Docket No. 140, ¶ 12.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

- To
- From
- Date/Time
- Subject
- Attachment name
- Recovery method

For documents other than emails similar data was captured but also included: file name, author, and source.

The Report concluded:

Pretrial Services cannot determine if the defendant was the individual preparing the documents or if his legal counsel was or was not present during said preparation of any documents/correspondence to the attorney. Therefore, <u>Pretrial Services does not view the preliminary findings to be in violation of the defendant's conditions of release</u>. He has maintained compliance with his bond conditions. Pretrial Services does not believe further action is warranted and we request permission to disclose this report and our findings to the parties.

(Report, p. 3; emphasis supplied.)

The Court reviewed the Report, and upon inquiry from Pretrial Services, directed that a copy be provided to the parties.

The Report does not reveal the substance of any work product or attorney/client communication. Some of the entries do reveal the subject of the communication or the subject of the document. Many of the subjects are the names of pleadings. (<u>E.g.</u>, Digital Report, Attachment E, Records 9-16.) Some of the records reveal that the email was a communication between Avenatti and his lawyer or indirectly through Manheimer. (<u>E.g.</u>, <u>id.</u>, Attachment D, Records 1-8.) The Court previously determined that given the restrictions on Avenatti, disclosure to Manheimer was necessary to effect attorney/client communication and did not vitiate any privilege.

II. <u>The Present Motion.</u>

Avenatti moves to bar the Government from reviewing or making any further use of the Report. (Docket 207.) The Government filed an opposition (Docket No. 217), and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Avenatti has replied (Docket No. 228.) The Government agreed to cease any further review of the Report until the Court ruled on the Motion. (Andre Decl. , Ex 3.)

For the following reasons, the Court grants the Motion in part.

II    Discussion.

As an initial matter, it is important to focus, and perhaps refocus, on the context of the present inquiry. Notwithstanding the parties' briefing on the law of privilege, the ultimate question before Court is whether Avenatti violated the terms of his release by using a computer or other device which permitted him to access the internet. Avenatti offers a number of grounds for granting the requested relief.

Attorney/Client Privilege, There is no question that the Report reveals the fact of attorney/client communications, either directly of through Manheimer. The Court does not believe that privilege attaches to the fact of communication. As noted above , the Court has found that the substance of no communication has been disclosed. But the subject of some communications and documents is disclosed. The Court believes that information is subject to privilege.

The Government argues, and the Court agrees, that the Report contains no more than information which would normally be revealed in a privilege log. (Opposition, pp. 25-27; see Fed. R. Civ. 26(b)(5).) But that is not the correct starting point. Avenatti has not been asked to make production, and the Court cannot imagine that the emails or documents would be subject to the defense's reciprocal discovery obligation or production on any other basis. (See Fed. R. Crim. Pro. R. 16(b).)

Moreover, the subject matter of emails and documents does not shed any direct light on whether Avenatti used a computer capable of accessing the internet.

Relief is warranted to protect the attorney/client privilege.

Work/Product Doctrine. Avenatti argues that the Report reveals attorney work product. To the extent one is addressing the attorney's thoughts–pure work product–nothing is revealed. Hickman v. Taylor, 329 U.S. 494, 510-11 (1947); In re Grand Jury Subpoena, 870 F.3d 312, 316 (4th Cir. 2017.) To the extent the subjects reveal lesser protected forms on work product, there is at least a basis to argue that the balance for the need information with regard to potential a violation of the terms on release tips in favor of disclosure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

   But as Avenatti points out in his reply, the Government has chosen not to respond to the claim of work product, and thus the argument is conceded. On this basis, the Court concludes that Avenatti is entitled to relief. (Reply, p.2 and collected cases.)

   <u>Sixth Amendment.</u> Avenatti asserts that disclosure of the Report infringes on his right to effective assistance of counsel under the Sixth Amendment by jeopardizing the confidentially of Avenatti's communications and discouraging full and frank communications. (Motion, pp. 6-7.) Here, again, the Government makes no response.

III. <u>Relief.</u>

   Given the specific context of determining whether Avenatti has violated the terms of his release, the Court finds that the following relief is appropriate:

   1. Within seven days, the Government shall file a declaration that all copies of the Report and all notes or other documents reflecting the information in paragraph 2 below have been destroyed and that no copy in any form has been retained.

   2. Within seven days, Pretrial Services shall prepare a redacted version of the Report which deletes each the following information in records attached to the Digital Report:

    • Subject

    • Attachment Name

    • File Name

    • Title

As well as the following:

    • The reference to subject lines in the Digital Report, last line page 3.

    • The reference to filename in Digital Report, fourth paragraph page 4.

   The Court will make a review of the redacted Report, and if the Report conforms to this Order, will direct that the Report to be produced to Avenatti and the Government.

   3. The Court finds that the remaining information may be used by the Government

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

solely for the purpose of establishing a violation of Avenatti's terms of release.

|  | : | 0 |
|---|---|---|
| Initials of Deputy Clerk | lmb | |