H. Dean Steward, SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL JOHN AVENATTI, <br><br> Defendant. | SA CR No. 19-061-JVS <br><br> DEFENDANT'S STATUS CONFERENCE STATEMENT AND SUBMISSION IN RESPONSE TO THE AREAS OF INQUIRY IDENTIFIED BY THE COURT IN ITS AUGUST 24, 2020 MINUTE ORDER [DOCKET NO. 245] |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his counsel of record, H. Dean Steward, hereby files this Status Conference Statement and Submission in Response to the Areas of Inquiry Identified by the Court in its Minute Order [Docket No. 245].

Dated: August 24, 2020            Respectfully submitted,


                                  /s/ H. Dean Steward
                                  H. DEAN STEWARD

                                  Attorney for Defendant
                                  MICHAEL JOHN AVENATTI

## I. AREAS OF INQUIRY IDENTIFIED BY THE COURT

### A. Severance

Defendant agrees with the Court's suggestion in its Minute Order that the first ten counts of the indictment should be severed and tried first. Such a decision would help prevent Mr. Avenatti from being prejudiced at trial as a result of the introduction before the jury of unrelated evidence and charges. It would also result in a more efficient and shorter trial, as well as make trial preparation more efficient and streamlined. This is especially important in light of the COVID19 pandemic. If the government will not consent, Defendant requests that the Court issue the Order to Show Cause referenced in the August 24, 2020 Minute Order [Docket No. 245].

### B. Further Motion to Revoke Bond

The defense maintains that there is no basis on which to revoke or negatively modify Mr. Avenatti's bond. Since his release four months ago on April 24, 2020, Mr. Avenatti has been fully compliant with each of his numerous bond conditions, including the conditions that he not be able to access the Internet, or access the Internet.

The Court recently stated in its Ruling on Pretrial Services Report [Docket No. 239] that "[T]he ultimate question before Court is whether Avenatti violated the terms of his release by using a computer or other device *which permitted him to access the internet*." (emphasis added). The defense agrees. And there is <u>no evidence</u> that Mr. Avenatti ever used a computer or device that permitted him to access the internet. Pre-trial services did not find any such evidence, or any evidence that Mr. Avenatti had in fact accessed the Internet. Nor did Mr. Manheimer testify that Mr. Avenatti had ever

used a computer or device that permitted him access to the Internet.[1] In fact, he repeatedly testified to the exact opposite – that Mr. Avenatti never had accessed the Internet and never had possession or use of any device that permitted Mr. Avenatti to access the Internet.

By agreement of the government and Order of the Court, Mr. Avenatti has been able to do for the last nearly three months what the government claims he improperly did back in May– use a computer not able to connect to the Internet in order to work on his criminal defense (i.e. exercise his Sixth Amendment rights). Mr. Avenatti is on home confinement with location monitoring at all times, with no evidence that any financial accounts or monies have been accessed, let alone dissipated or transferred, in violation of any of this Court's Orders.[2] He is not presently a risk to the community. Further, the

---

[1] In a prior filing with the Court, the government took considerable liberties with the facts when describing Mr. Manheimer's deposition testimony and revisions. The defense will not address all of those misstatements here but will do so in the future if required. Among other things, Mr. Manheimer testified that Mr. Avenatti and Mr. Manheimer were aware of the bail conditions, Mr. Avenatti has been fully compliant with his bail conditions and taken them seriously, Mr. Avenatti has never accessed the Internet, Mr. Avenatti has never used a device that permitted Mr. Avenatti Internet access, and Mr. Manheimer constantly assisted Mr. Avenatti and his attorneys by creating documents (e.g. pdfs), emailing, and searching for articles and things on the Internet relating to Mr. Avenatti's cases.

[2] This was the sole reason previously provided for the prohibition on Mr. Avenatti having access to the Internet. Further, as the defense has requested repeatedly, if the government has any evidence that Mr. Avenatti has any liquid assets greater than $1,000 to access or transfer, they should immediately disclose it to the Court and the defense. As the

2

general risks related to the COVID-19 pandemic are significantly greater now than in April when Mr. Avenatti was released to home confinement[3] and the risk to Mr. Avenatti's health were he to be remanded is also exponentially greater today than when the Court previously ordered him released. In addition, Pre-Trial Services previously recommended "no action" be taken and found that Mr. Avenatti has "maintained compliance with his bond conditions." Accordingly, there are no grounds for revoking Mr. Avenatti's bond.

If, however, the government still insists on filing a motion to revoke or modify Mr. Avenatti's bond, the defense requests seven (7) days to respond to the motion in writing.

**C.  Discovery**

As previously stated, the defense believes that relevant discovery is located on the servers in the possession of the Internal Revenue Service, including documents relating to the embezzlement counts. The defense is still completing its review of the discovery produced by the government to ensure that the information has not been produced. Further, the defense is verifying that it does not have any reciprocal discovery presently in its possession to produce. In addition, the defense is continuing its efforts to acquire

---

government well knows, Mr. Avenatti has no significant money to transfer via the Internet or otherwise to anyone.

[3] Since April, California has set new records for cases, hospitalizations, and deaths.

3

discovery from third parties, which may result in reciprocal discovery requiring production.

The defense respectfully requests that the Court inquire as to whether all discovery in the possession of the government has now been produced, and if not, when the production will be complete.

## II. OTHER ISSUES

### A. Mr. Avenatti's Bond Status

If necessary, the defense will make a formal request and motion in September requesting that Mr. Avenatti's home confinement be continued for an additional sixty (60) days in light of the COVID19 pandemic, Mr. Avenatti's health risks and the need to prepare for trial. Alternatively, the defense believes the Court should issue the same order it did in early July, extending Mr. Avenatti's release to home confinement for sixty (60) days but reserving the right to revoke Mr. Avenatti's bond if it is later shown that he violated his terms of release.

### B. Application for Appointment of Counsel

This week, and before the Status Conference on Monday, the defense will provide further information to the Court (under seal) relating to Mr. Avenatti's application for the appointment of counsel pursuant to the Criminal Justice Act.

### C. Other Pending Criminal Matters

Mr. Avenatti's trial in the Stormy Daniels related criminal matter in the Southern District of New York has been vacated. A trial setting conference is set for October 13,

2020 and the court has stated that the case will not proceed to trial in 2020. Mr. Avenatti is now represented in that matter by the Federal Defenders of New York.

Mr. Avenatti's sentencing in the Nike related matter in the Southern District of New York is scheduled before Judge Gardephe for October 7, 2020, although it may be continued as a result of COVID19 and other factors.

Dated: August 24, 2020                     Respectfully submitted,


                                           /s/ H. Dean Steward
                                           H. DEAN STEWARD

                                           Attorney for Defendant
                                           MICHAEL JOHN AVENATTI

5

## **CERTIFICATE OF SERVICE**

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672. I am not a party to the above-entitled action. I have caused, on August 24, 2020, service of the defendant's:

DEFENDANT'S STATUS CONFERENCE STATEMENT AND SUBMISSION IN RESPONSE TO THE AREAS OF INQUIRY IDENTIFIED BY THE COURT IN ITS AUGUST 24, 2020 MINUTE ORDER [DOCKET NO. 245]

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA JULIAN ANDRE

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 24, 2020

                                  /s/ H. Dean Steward
                                  H. Dean Steward