NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6683
     Facsimile: (213) 894-6269
     Email:     Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:     Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 19-61-JVS |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT MICHAEL JOHN AVENATTI'S *EX PARTE* APPLICATION FOR AN ORDER RELATING TO THE PROSECUTION'S RECEIPT AND REVIEW OF ATTORNEY-CLIENT PRIVILEGED MATERIALS; EXHIBITS |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Julian L. André and Brett A. Sagel, hereby files its opposition to defendant MICHAEL JOHN AVENATTI's ex parte application for an order relating to the

prosecution's receipt and review of attorney-client privileged materials.

As set forth herein, the government opposes defendant's request that the Court stay all other motion practice pending resolution of defendant's yet-to-be-filed motion regarding alleged violations of the attorney-client privilege.  Although the government does not oppose defendant's request for a briefing schedule regarding this issue, the government requests that the due date for the government's opposition be two weeks after the due date for defendant's motion, which is consistent with the parties' current stipulated briefing schedule.  Defendant should file his motion by September 14, 2020, and the government's opposition should be filed by September 28, 2020.

This opposition is based upon the attached memorandum of points and authorities and exhibits, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 4, 2020           Respectfully submitted,

                                   NICOLA T. HANNA
                                   United States Attorney

                                   BRANDON D. FOX
                                   Assistant United States Attorney
                                   Chief, Criminal Division


                                         /s/
                                   JULIAN L. ANDRÉ
                                   BRETT A. SAGEL
                                   Assistant United States Attorneys

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant MICHAEL JOHN AVENATTI ("defendant") is seeking a stay of all motions practice in this case based solely on inaccurate and unsubstantiated allegations regarding purported violations of the attorney-client privilege. This Court should reject defendant's request for a stay. Even if there were any merit to defendant's allegations (and there is not), such allegations would not provide a basis for effectively staying this litigation pending the resolution of defendant's yet-to-be-filed motion asserting attorney-client privilege claims.

As will be shown if and when defendant files a properly-noticed motion, defendant's current conclusory statement of the facts is inaccurate and misleading.[1] As summarized below, the Prosecution Team handled the documents at issue appropriately at all times:

- In May 2020, while reviewing search warrant materials that the Privilege Review Team had recently released to the Prosecution Team, the Prosecution Team came across a small number of emails between Eagan Avenatti LLP's ("EA LLP") former office manager ("EA Employee 1") and EA LLP's bankruptcy counsel relating to the preparation of documents to be filed in EA LLP's bankruptcy proceeding.[2] (Ex. A.)

---

[1] In his ex parte application, defendant refers to a letter he received from the Privilege Review Team. The Prosecution Team was not provided a copy of this letter and defendant has not attached it to his application, so the Prosecution Team is unable to fully comment on the contents of the letter at this time.

[2] On May 8, 2020, the Prosecution Team reproduced to defendant duplicate copies of approximately 87,226 documents that the Privilege Review Team already produced to defendant in March 2020, and subsequently released to the Prosecution Team in April 2020. (See CR 168 at 2-3.) Contrary to defendant's claims, the Prosecution Team did not review all 87,226 of these documents prior to reproducing the duplicate copies to the defense.

- Although the Prosecution Team did not believe the documents involving EA LLP's bankruptcy counsel were privileged, out of an abundance of caution, the Prosecution Team immediately ceased its review of the documents, informed the Privilege Review Team of the existence of these documents, and requested that the Privilege Review Team evaluate whether the documents were potentially privileged.  (Ex. A.)  The Prosecution Team also informed the Privilege Review Team that the Prosecution Team would not review any other documents involving EA LLP's bankruptcy counsel until the Privilege Review Team had completed its review.  (Ex. A.)

- In late June 2020, the Privilege Review Team advised the Prosecution Team that in an abundance of caution it had removed or clawed-back all of the documents it had identified involving EA LLP's bankruptcy counsel from the Prosecution Team's document review database (approximately 179 documents or 299 documents including family members[3]).  (Ex. A.)  In response, the Prosecution Team requested that the Privilege Review Team notify the defense that these documents, duplicate copies of which had already been produced to defendant, had been clawed-back from the Prosecution Team and therefore were no longer accessible to the Prosecution Team.  (Ex. A.)

- At no point between the time when the Prosecution Team first presented this issue to the Privilege Review Team in May 2020

---

[3] "Family members" are related documents.  For example, if an email is identified as a potentially privileged document, all emails within that email string and/or any attachments to those emails would be "family members."

2

        and when the Privilege Review Team removed these documents from the Prosecution Team's database in June 2020, did the Prosecution Team review any of these documents or any other documents involving EA LLP's bankruptcy counsel.  (Ex. A.)

- Other than the handful of emails the Prosecution Team discovered in May 2020, government counsel does not recall seeing or reviewing any other emails involving EA LLP's bankruptcy counsel.

- The Privilege Review Team informed defendant that the Prosecution Team reviewed a small number of the potentially privileged documents, and upon encountering them, alerted the Privilege Review Team, and did not review the contents of the remaining 299 documents pending the Privilege Review Team removing them from the Prosecution Team's database.[4]

Simply put, the Prosecution Team was exposed to a small number -- likely three or four at most -- of potentially privileged emails involving EA LLP's bankruptcy counsel, at which point it immediately notified the Privilege Review Team and ceased its review of those documents and any other emails involving EA LLP's bankruptcy counsel. (Ex. A.)  The Prosecution Team's actions were entirely consistent with the specific search protocols set forth in the applicable search warrant.  The applicable search warrant provides:

    If, upon review, a member of the Investigation Team determines that a document or data appears to contain potentially privileged information, the Investigation Team member shall discontinue its review of the document or data

---

[4] Although the Prosecution Team does not have a copy or access to the letter the Privilege Review Team sent to defendant, the Prosecution Team believes that this information was conveyed to defendant because the Privilege Review Team sought verification of the accuracy of this information from the Prosecution Team on September 2, 2020.

3

>     and shall immediately notify a member of the Privilege
>     Review Team.  The Investigation Team member may record
>     identifying information regarding the potentially
>     privileged document or data that is reasonably necessary to
>     identify the document or data for the Privilege Review
>     Team. The Investigation Team shall not further review any
>     documents or data that appears to contain such potentially
>     privileged information until after the Privilege Review
>     Team has completed its review of the additional potentially
>     privileged information discovered by the Investigation Team
>     member.

Search and Seizure Warrant, In re: Search of Ten Digital Devices, No. 8:19-mj-419, Dkt. 4, Att. B at ¶ 14 (May 24, 2019).  Defendant neither challenges the court-authorized search warrant protocols, nor claims that the government failed to abide by the search protocols. Defendant's application simply asserts inflammatory claims with no citation to any facts, supporting evidence, or applicable case law.

In an attempt to delay these criminal proceedings, defendant has again provided this Court with misleading information.  Although the Privilege Team presumably told defendant that the Prosecution Team had only reviewed a small number of the potentially privileged documents, immediately informed the Privilege Review Team of their existence, and never reviewed the contents of any of the other potentially privileged documents, defendant claims "the prosecution team received and reviewed approximately 299 attorney-client privileged documents reflecting communications between Mr. Avenatti and his lawyers."  (CR 260 at 2.)  Defendant was aware when he filed the instant application that the Prosecution Team did not "review 299 attorney-client privileged documents," yet failed to disclose this fact to the Court.

Moreover, defendant does not appear to be interested in ascertaining the actual facts relating to this issue.  Defendant advised the Prosecution Team that defendant intended to file this ex

4

parte application via an e-mail at approximately 10:00 a.m. on September 3, 2020. (Ex. B.) In response, the Prosecution Team told defendant that the facts set forth in his email -- facts similar to what defendant sets forth in his ex parte application -- were inaccurate and offered to provide defendant with additional information. (Ex. B.) Rather than seek such additional information from the Prosecution Team, defendant filed the instant ex parte application one hour later.[5]

Defendant has also failed to provide any information regarding the potentially privileged documents themselves. The mere fact that an email involves EA LLP's bankruptcy counsel does not establish that such a document is privileged. As noted above, the few emails the Prosecution Team reviewed months ago were not between defendant and his individually retained bankruptcy attorneys, but between EA Employee 1 and EA LLP's bankruptcy counsel. Thus, assuming arguendo those communications were privileged and no exception to the privilege applies, the privilege would not belong to defendant.[6]

Finally, there is no legal basis for the Court to stay all other briefing in this case based solely on defendant's bare assertion that

---

[5] Defendant's representation that "the government responded that they do not oppose the briefing schedule" (CR 260 at 4) is inaccurate. The government told defendant: "As for your request for a briefing schedule, we do not believe such a request is necessary. As long as the briefing schedule conforms with our previously agreed to schedule of two weeks to oppose, one week to reply, you are free to file your motion whenever you want." (Ex. B.) At 1:20 p.m., approximately twenty minutes after defendant filed the instant application, the government notified defense counsel that the application misrepresented the government's position and asked whether defendant would correct their filing. (Ex. C.) Defendant has neither responded nor corrected his filing.

[6] The government will address more completely whether the documents and emails are privileged when it responds to defendant's motion.

he intends to file a motion seeking unspecified, yet potentially drastic, relief. Defendant does not cite any case law demonstrating that he is entitled to a stay merely because he intends to file a motion regarding an alleged violation of the attorney-client privilege. Nor has defendant explained how the Prosecution Team's exposure months ago to a handful of emails, which may not even be privileged, would prevent the Court from resolving other pretrial motions or pending issues, such as severance or whether defendant has violated his temporary release conditions. And defendant's ex parte application, which cites no actual evidence, certainly does not establish that he is likely to succeed on the merits of any such motion, let alone that there is any likelihood that he would obtain such drastic relief as dismissal of the indictment or disqualification of counsel. Instead, defendant relies on conclusory allegations that he has suffered some unidentified irreparable harm and that his constitutional rights were violated. For example, defendant claims that the disclosure of the potentially privileged communications involving EA LLP's bankruptcy counsel (presumably in 2017 or 2018 during the pendency of the EA LLP bankruptcy) violates defendant's Sixth Amendment right to counsel. This claim is nonsensical. "[T]he Sixth Amendment does not govern civil cases," Turner v. Rogers, 564 U.S. 431, 441 (2011), and does not attach in a criminal proceeding "until a prosecution is commenced," McNeil v. Wisconsin, 501 U.S. 171, 176 (1991).

    In sum, defendant should not be allowed to significantly delay this case based on inaccurate and misleading assertions purporting to support a motion that defendant has not yet filed for potential relief to which he is not entitled. Accordingly, the government

respectfully submits that the Court should deny defendant's <u>ex parte</u> application, order defendant to file a properly noticed motion, and set a briefing schedule consistent with the parties' prior stipulation, which would provide the government with two weeks to file an opposition and defendant one week to file a reply. Alternatively, the Court should deny defendant's <u>ex parte</u> application and simply require defendant to file his motion by the September 14, 2020, motions deadline, with the previously set briefing schedule.

# EXHIBIT A

# Andre, Julian L. (USACAC)

| | |
|---|---|
| **From:** | Andre, Julian L. (USACAC) |
| **Sent:** | Friday, June 26, 2020 5:01 PM |
| **To:** | Woodring, Joseph (USACAC); Fitzgerald, Patrick (USACAC) |
| **Cc:** | Sagel, Brett (USACAC) |
| **Subject:** | RE: Avenatti - Privilege Review |

Patrick and Joe,

Thank you for looking into this issue. Although Brett and I did not believe those documents were privileged, we appreciate you taking a cautious approach to these issues. Since we already reproduced copies of those particular documents to the defense, however, we believe we will need to advise defendant that the Privilege Review Team has clawed those documents back, that the Prosecution Team no longer has access to those particular documents, and that if the defense intends to rely on any of those documents at trial they would need to produce them to the Prosecution Team pursuant to defendant's reciprocal discovery obligations. Our preference would be that the Privilege Review Team send defendant a letter to advising him that the documents have been clawed back, copying us and attaching a list of the relevant Bates-numbers. At a minimum, we will need a list of the relevant Bates-numbers that have been extracted from the Clean database for our own records.

This email will also confirm that I have deleted the sample documents I had attached to the initial email I sent you on May 14, 2020. I have not opened the files since we sent them to you on May 14, 2020.

Please let us know if you would like to discuss further. Thank you.

Julian

---

**From:** Woodring, Joseph (USACAC) <JWoodring1@usa.doj.gov>
**Sent:** Wednesday, June 24, 2020 3:35 PM
**To:** Andre, Julian L. (USACAC) <JAndre1@usa.doj.gov>; Fitzgerald, Patrick (USACAC) <PFitzgerald2@usa.doj.gov>
**Subject:** RE: Avenatti - Privilege Review

Julian,

Patrick and I are following up on the below email about emails between [EA Employee 1] and Eagan Avenatti LLP's counsel in the bankruptcy proceeding (Robert Saunders from Pachulski Stang Ziehl Jones) in the prosecution team workspace. Upon review with the assistance of a PRT contract attorney, we have decided to remove any such emails from the prosecution team database in an abundance of caution. Leidos located 179 of these documents in the prosecution team database (299 documents total including family members), and will be removing the 299 documents from the clean workspace at our direction.

Let us know if you have questions.

Thanks,

Joe

---

**From:** Andre, Julian L. (USACAC) <JAndre1@usa.doj.gov>
**Sent:** Thursday, May 14, 2020 11:19 AM

1

**To:** Woodring, Joseph (USACAC) <JWoodring1@usa.doj.gov>; Fitzgerald, Patrick (USACAC) <PFitzgerald2@usa.doj.gov>
**Subject:** Avenatti - Privilege Review

Patrick and Joe:

Last night while reviewing the documents the Privilege Review Team recently released to us, Brett and I came across a handful of emails between [EA Employee 1] and Eagan Avenatti LLP's counsel in the bankruptcy proceeding (Robert Saunders from Pachulski Stang Ziehl Jones) relating to the preparation of Eagan Avenatti's LLP Monthly Operating Reports (MORs) which needed to be filed with the bankruptcy court. I have attached two examples of these documents. Brett and I do not believe these communications are privileged, but we wanted to double check with you out of an abundance of caution to make sure they were not released to us inadvertently. Until we hear back from you, we will simply skip any similar documents we come across in the database and mark them for further review by the privilege review team.

Please let me know if you would like to discuss. Thank you.

Julian

**Julian L. André**
**Assistant United States Attorney**
**Major Frauds Section**
United States Courthouse, Suite 1100
312 N. Spring St. | Los Angeles, California 90012
T: 213.894.6683 | julian.l.andre@usdoj.gov

2

# EXHIBIT B

**Andre, Julian L. (USACAC)**

| | |
|---|---|
| **From:** | Andre, Julian L. (USACAC) |
| **Sent:** | Thursday, September 3, 2020 11:58 AM |
| **To:** | Dean Steward |
| **Cc:** | Sagel, Brett (USACAC) |
| **Subject:** | RE: AUSA Woodring's letter of yesterday |

Dean:

As we were not provided a copy of the letter you received from AUSA Woodring, we do not know the contents therein. We, however, are certain that the "facts" you set forth below are not even close to accurate. If you would like to discuss this matter further, we would be glad to provide you with additional information. We are confident that you will soon realize that there is no basis for you to seek any relief from the Court regarding this matter, which was handled appropriately at all times.

As for your request for a briefing schedule, we do not believe such a request is necessary. As long as the briefing schedule conforms with our previously agreed to schedule of two weeks to oppose, one week to reply, you are free to file your motion whenever you want. We do, however, oppose the stay of all other motions practice as we believe this is simply an attempt at delay. Even if your allegations were accurate (and they are not), there is no reason why such allegations would preclude the Court from addressing any other motions.

**Julian L. André**
**Assistant United States Attorney**
**Major Frauds Section**
United States Courthouse, Suite 1100
312 N. Spring St. | Los Angeles, California 90012
T: 213.894.6683 | julian.l.andre@usdoj.gov


**From:** Dean Steward <deansteward7777@gmail.com>
**Sent:** Thursday, September 3, 2020 10:07 AM
**To:** Sagel, Brett (USACAC) <BSagel@usa.doj.gov>; Andre, Julian L. (USACAC) <JAndre1@usa.doj.gov>
**Subject:** AUSA Woodring's letter of yesterday

Gentlemen:

Late yesterday, we learned that the prosecution team acquired and reviewed certain of my client's attorney-client privileged documents – nearly 300 documents and well over 1,000 pages. To compound matters, it appears that your team has had these documents in your possession for over six months in some instances and yet you

1

never alerted the defense as required pursuant to your ethical obligations under federal and California law.

    This is especially egregious seeing as you previously represented to the Court that your team had thoroughly reviewed the entirety of the discovery production and were prepared to proceed to trial.

We intend to move ex parte for the following later today: (1) a briefing schedule for a motion we will be filing seeking relief as a result of the prosecution team's review of my client's attorney-client privileged documents, including but not limited to:

(a) your disqualification and

(b) an evidentiary hearing (if necessary)

and (2) a stay of all other motion practice before the Court pending a ruling on our motion, which deals with a threshold issue that must be resolved before this case continues.

    We intend to ask for the Court to permit us to file our brief no later than September 11, with the government's opposition due seven days later on September 18, and our reply due no later than September 25.

Please let me know by noon if you oppose our ex parte.

Thank you.

Dean

--


949-481-4900  www.deansteward.com

# EXHIBIT C

**Andre, Julian L. (USACAC)**

| | |
|---|---|
| **From:** | Sagel, Brett (USACAC) |
| **Sent:** | Thursday, September 3, 2020 1:20 PM |
| **To:** | Dean Steward |
| **Cc:** | Andre, Julian L. (USACAC) |
| **Subject:** | FW: Activity in Case 8:19-cr-00061-JVS USA v. Avenatti Motion for Order |

Dean-

The ex parte that you filed stated that "The government responded that they do not oppose the briefing schedule."

That is inaccurate and not what we specifically told you this morning. In our email to you we stated our position as follows: "As for your request for a briefing schedule, we do not believe such a request is necessary. As long as the briefing schedule conforms with our previously agreed to schedule of two weeks to oppose, one week to reply, you are free to file your motion whenever you want." Please let us know if you are going to correct your filing.

Brett

**From:** cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
**Sent:** Thursday, September 3, 2020 1:03 PM
**To:** ecfnef@cacd.uscourts.gov
**Subject:** Activity in Case 8:19-cr-00061-JVS USA v. Avenatti Motion for Order

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## Notice of Electronic Filing

The following transaction was entered by Steward, H on 9/3/2020 at 1:02 PM PDT and filed on 9/3/2020

| | |
|---|---|
| **Case Name:** | USA v. Avenatti |
| **Case Number:** | 8:19-cr-00061-JVS |
| **Filer:** | Dft No. 1 - Michael John Avenatti |
| **Document Number:** | 260 |

**Docket Text:**
**EX PARTE APPLICATION for Order for Setting Briefing Schedule- Privileged Documents Released to Prosecution Filed by Defendant Michael John Avenatti. (Attachments: # (1) Proposed Order) (Steward, H)**

1

**8:19-cr-00061-JVS-1 Notice has been electronically mailed to:**

Brett A Sagel    brett.sagel@usdoj.gov, CaseView.ECF@usdoj.gov, USACAC.SACriminal@usdoj.gov

H Dean Steward    deansteward7777@gmail.com, deansteward@fea.net

Jack Andrew Reitman    jareitman@landaufirm.com, avedrova@landaufirm.com, jreitman@landaufirm.com, srichmond@landaufirm.com, vrichmond@landaufirm.com

John P Reitman    jreitman@landaufirm.com, avedrova@landaufirm.com, srichmond@landaufirm.com, vrichmond@landaufirm.com

Julian Lucien Andre    julian.l.andre@usdoj.gov, CaseView.ECF@usdoj.gov, USACAC.Criminal@usdoj.gov

**8:19-cr-00061-JVS-1 Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\fakepath\1 ex parte disclosed docs 9-3-20.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/3/2020] [FileNumber=30469422-0]
[1229c743ee1dfa229d977aae1ea92413c5f5e43c77cd25cdc6d13cb01e40162bacab
195ed7318119d16dd62d1fd70988c8d0f55ef3bc9969861f3c7bb5e5c59a]]
**Document description:** Proposed Order
**Original filename:** C:\fakepath\1 ex parte proposed order 9-3-20.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/3/2020] [FileNumber=30469422-1]
[c3c176944a47a567ad01544bb8708c557d0dcdfcafa1f7e1604be903c1f47d03182e
8c021bd159d569a3870b41451e649fd0e84a8b37c4b98596eb69c5a8e3c6]]