H. Dean Steward (SBN 85317)
107 Avenida Miramar, Ste. C
San Clemente, California 92672
Telephone: 949-481-4900
Facsimile: 949-496-6753

Attorney for Defendant,

MICHAEL AVENATTI

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL AVENATTI, <br><br> Defendant. | CASE NO.: SA-CR-19-61-JVS <br><br> **NOTICE OF MOTION; MOTION TO SEVER COUNTS 1 – 10 FROM COUNTS 11 – 36** <br><br> Date: TBD <br> Time: TBD |

**TO: THE UNITED STATES ATTORNEY NICOLA HANNAH AND ASST. U.S. ATTORNEYS BRETT SAGEL AND JULIAN ANDRE PLEASE TAKE NOTICE**, that the defense will bring, and hereby brings, the below motion to sever counts 1 through 10 from counts 11 through 36. This motion is based upon the Indictment, the above-referenced notice, the attached memorandum of points and authorities, as well as any oral argument that this Court allows.

Dated: September 8, 2020                /s./ H. Dean Steward

                                        H. Dean Steward

                                        Counsel for Defendant

                                        Michael Avenatti

- 1 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On April 10, 2019, Michael J. Avenatti was charged in a 36 count Indictment in this district. The indictment charged generally embezzlement, tax offenses, aggravated identify fraud, bankruptcy and bank fraud. Mr. Avenatti entered a not guilty plea to all counts, and now submits that the counts related to his relationship with former clients (counts 1 through 10) were improperly joined to the remaining counts.

On August 31, 2019, a status conference was held by the Honorable Judge James V. Selna. In advn, the Court indicated the following:

> "The Court is considering issuing an order to show cause why it should not sever and separately try Counts 1 through 10. Such a trial would be far less complex and presumably much shorter. The relevant discovery would appear to be mostly in possession of the defendant, thus reducing the burden to prepare for trial." (Doc No. 245, p. 1).

The defense agrees. Based upon the following memorandum of points and authorities, Mr. Avenatti, through his counsel of record asks that this Court order a severance in this case. Specifically, Mr. Avenatti requests that Counts 1 through 10 be tried separately.

## ARGUMENTS

### I. COUNTS 1 THROUGH 10 ARE ERRONEOUSLY JOINED WITH THE REMAINING COUNTS IN VIOLATION OF FEDERAL RULE OF CRIMINAL PROCEDURE 8

Rule 8 of the Federal Rules of Criminal Procedure permits *joinder* of offenses in a single indictment in order to promote judicial economy. A *mis-joinder* occurs when multiple counts are alleged in a manner not explicitly permitted under this section. Rule 8 allows for joinder in three circumstances: (1) when the offenses are of the same or similar character; (2) when the offenses are based upon the same

act or transaction; and, (3) when the offenses are connected with or constitute part of a common plan or scheme. *U.S. v. Vasquez–Velasco*, 15 F.3d 833, 843–44 (9th Cir.1994).

In determining whether the Indictment properly joins offenses, courts typically require that the government show a logical connection between the offenses. In *United States v. Sarkisian*, 197 U.S. F.3d 966 (9th Cir. 1999), the Ninth Circuit determined that joinder was improper when the counts did not "naturally flow" from each other and there was no substantial overlap in evidence. In its order, the Ninth Circuit indicated,

> "Mere factual similarity of events will not suffice. Rather, there must be some greater 'logical relationship' between the occurrences. Such a logical relationship may be shown by the existence of a common plan, scheme, or conspiracy." *Id.* at 976.

The Ninth Circuit has provided other factors in order to establish whether counts have been properly joined in a single Indictment: (1) elements of the statutory offenses; (2) temporal proximity of acts; (3) modus operandi of crimes; and, (4) the identity of victims. *United States v. Jawara*, 462 F.3d 1173, 1181-82.

The following counts are mis-joined. The counts referenced below charged a multitude of revenue violations, misstatements during bankruptcy proceedings, and bank fraud. The counts referenced immediately below represent a shift from counts 1 through 10. While counts 1 through 10 represent an alleged scheme perpetuated against former clients, the remaining counts are seemingly unrelated.
- ► Counts 11-18: Failure to collect and pay employment taxes
- ► Count 19: Interference with the collection of taxes
- ► Counts 20-23: Failure to file personal returns
- ► Counts 24-29: Failure to file business returns
- ► Counts 30-31: Bank fraud
- ► Count 32: Aggravated identity theft
- ► Counts 33-36: False statements during bankruptcy proceeding

Specific to the connection of fraud counts and tax counts, the Second Circuit previously determined that the connection between these counts showed, "…no link, let alone a direct one, between the fraudulent insurance claim underlying the mail fraud (Count One) and the unreported income underlying Count Two." *U.S. v. Litwok*, 678 F.3d 208, 216-188 (2nd Cir. 2012). The court reversed the conviction. Analogous to the case before this Court, the government will not be able to link counts 1-10 to counts 11-36. In deciding whether an Indictment meets the requirements of Rule 8, trial judges should look only to the face of the indictment. *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990)(holding that the "validity of the joinder is determined solely by the allegations in the indictment…").

In the instant matter, the government is unable to prove any logical relationship between counts 1-10 and counts 11-36. The government has failed to allege sufficient facts within the Indictment that support the notion that counts 1-10 and counts 11-36 were performed through the execution of a common plan, scheme or conspiracy or during a single transaction.

**Counts 1 through 10** represent specific allegations in connection with the wiring of funds from former clients. Common in all of these allegations is the government's belief that Mr. Avenatti misappropriated client funds. Seemingly conceding to the relatedness of counts 1 through 10, the government has joined these counts under a single heading and grouped the conduct together.

**Counts 11 through 29** represent a factual shift in the nature of the case. Counts 11 through 29 allege facts almost related exclusively to taxes and the IRS.

**Counts 30 and 31** represent another factual shift in the Indictment. These bank fraud counts allege "no loss" crimes against a separate victim, the Peoples Bank. These counts are remotely related to counts 11 through 29 because the false statements alleged were statements made inconsistent with tax returns filed with the Internal Revenue Service. The only connection between counts 30 and 31 with

counts 11 through 29 is the involvement of the IRS. Although this connection is slim and remote, it represents a more common plan or scheme than that of the connection with counts 1 through 10. Next, **count 32** allege aggravated identity theft during and in relation to the offense of bank fraud. Again, on its face, this count seems to be more logically related to the offenses charged in counts 11 through 31 and completely unrelated to counts 1 through 10.

Finally, **counts 33, 34, 35, and 36** allege false statements in connection with bankruptcy proceedings. These counts have no logical or factual connection to claims that Mr. Avenatti misappropriated funds from his former clients. These counts have no rational relationship to counts 1 through 10.

Looking to the face of the allegations in the Indictment, is clear that counts 11 through 36 were improperly joined with counts 1 through 10 and violate Federal Rule of Criminal Procedure 8.

## II. THE JOINDER OF COUNTS 11 THROUGH 36 WITH COUNTS 1 THROUGH 10 CAUSES PREJUDICE TO MR. AVENATTI AND THE COUNTS SHOULD BE SEVERED PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 14

Pursuant to Federal Rule of Criminal Procedure Rule 14, "if the joinder of offenses … in an indictment … appears to prejudice a defendant or the government, the court may order separate trials of counts … or provide any relief that justice requires." Fed. R. Crim. Pro § 14(a). Rule 14 was created to provide defendants an additional layer of protection by permitting the severance of offenses that are otherwise properly joined under Rule 8.

The decision to grant the request for severance lies solely with the district court. *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993). Even if counts are correctly joined initially under Federal Rule of Criminal Procedure 8, the district court may still sever the counts under Rule 14 if the joinder is "manifestly

prejudicial." *U.S. v. Kinslow* 860 F.2d 963, 966-67 (9th Cir. 1988)[1]; *See also Zafiro v. United States,* 506 U.S. 534, 538 (1993).

The defendant has the burden of showing that prejudice will result if the defendant is forced to proceed to a single trial on all counts. One of the primary considerations in assessing the prejudicial effect is "whether [the] jury can reasonably be expected to compartmentalize evidence as it relates to each defendant, in view of volume and limited admissibility of some evidence." *United States v. Douglas*, 780 F.2d 1472, 1481 (9th Cir. 1986).

A joint trial of all the counts would create the danger that the jury would use evidence admissible as to one type of count "to infer a criminal disposition" on the part of Mr. Avenatti as to other counts. *Id.*; see *U.S. v. Foutz,* 540 F.2d 733, 736-39 (4th Cir. 1976), ("...it is possible that the jury found him guilty of that crime under the rationale that with so much smoke there must be fire."); *U.S. v. Gregory,* 369 F.2d 185, 189 (D.C. Cir. 1966), cert. denied, 396 U.S. 865 (1969). And a joint trial on all counts against Mr. Avenatti creates a grave danger that the evidence as to each separate count will "cumulat[e] in the jurors' minds." *Id.*; see *U.S. v. Halper,* 590 F.2d 422, 430 (2d Cir. 1978).

Because of the great factual disparity between counts 1 through 10 and counts 11 through 36, as described in detail in the section above, the jury would struggle to compartmentalize the information presented regarding Mr. Avenatti's alleged former clients and the evidence presented in connection with his obligations to the IRS, misstatements to the Peoples Bank, and false testimony during Bankruptcy proceedings. The jury's view of Mr. Avenatti would be inherently tainted based solely on the volume of the information presented. The jury would struggle to separate the conduct alleged against the various victims: his former

---

[1] The undersigned counsel represented defendant Kinslow in both the district court and on appeal.

clients, the IRS, the Peoples Bank, and the Bankruptcy parties.

Additionally, Mr. Avenatti may be able to proceed to trial on counts 1 through 10 earlier than on the other counts due to the complex nature of counts 11 through 36. Because of the high volume of discovery in the instant matter, much of which has yet to be provided, it would be more efficient to proceed to trial on counts 1 through 10 prior to the remaining counts.

Based upon the foregoing, Mr. Avenatti asks that this Court sever counts 1 through 10 from counts 11 through 36 pursuant to Rule 14.

### III. CONCLUSION

For each of these reasons, severance of the tax counts, bank fraud allegations, and bankruptcy claims from the remaining counts is required. The counts misjoined here are not part of a common scheme or plan, nor are they similar in character. For the foregoing reasons, defendant Michael Avenatti requests the Court sever counts one through ten from counts 11 through 36.

Dated: September 8, 2020           /s./ H. Dean Steward
                                    H. Dean Steward
                                    Counsel for Defendant
                                    Michael Avenatti