H. Dean Steward, SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL JOHN AVENATTI, <br><br> Defendant. | SA CR No. 19-061-JVS <br><br> DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE AND OBJECTIONS TO PORTIONS OF AUSA BRETT SAGEL'S DECLARATION SUBMITTED IN SUPPORT OF THE GOVERNMENT'S MOTION TO TERMINATE AND NOT FURTHER EXTEND DEFENDANT'S TEMPORARY RELEASE |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his counsel of record, H. Dean Steward, hereby files his Reply in Support of Defendant's Motion to Strike and Objections To Portions of AUSA Brett Sagel's Declaration Submitted in Support of the Government's Motion to Terminate and Not Further Extend Defendant Michael John Avenatti's Temporary Release [Docket No. 267].

Dated: September 11, 2020

Respectfully submitted,

/s/ H. Dean Steward
 H. DEAN STEWARD

Attorney for Defendant
MICHAEL JOHN AVENATTI

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION/ARGUMENT

Within hours of the filing of Defendant's Motion to Strike and Objections To Portions of AUSA Brett Sagel's Declaration Submitted in Support of the Government's Motion to Terminate and Not Further Extend Defendant Michael John Avenatti's Temporary Release [Docket No. 267](emphasis added), the government (AUSA Sagel) filed a rushed opposition in which the only argument they offer is that the Federal Rules of Evidence do not apply to this Court's determination of the government's Motion.[1]

But the government failed entirely to address the *substance of the objections, including the objections based on the Declaration and its contents lacking any reliability and semblance of foundation.*  For instance, in its objections, the defense explained in detail why the claims made in the Declaration were unreliable and lacking in foundation, including the unbelievable claim that there have been "zero infected inmates" at the Santa Ana Jail for much of the last six months:

> There is nothing in the Declaration establishing or even suggesting that either Mr. Sagel or the Deputy have any personal, firsthand knowledge as to the conditions at the jail, let alone the degree of knowledge necessary to state facts relating to preventative measures, COVID-19 infection rates and risks to inmates.  Importantly, there is also nothing in the Declaration stating what the Deputy's role at the SAJ is, if any, or explaining how he allegedly has detailed, personal knowledge as to the present COVID-19 conditions at the jail or at any time over the last five months.  Indeed, the vague, conclusory statements relating to alleged infection rates; COVID-19 outbreaks, and health protocols suggest just the opposite.  Neither AUSA Sagel nor the Deputy disclose how they supposedly can have this knowledge, what information or data they have reviewed, where these

---

[1] The defense does not concede that the Federal Rules of Evidence and their concepts have no applicability in the determination of the Motion, especially when the government is seeking to assert statements as to facts that are entirely lacking in reliability.  Further, the government's argument relies on a misunderstanding of the definition of "e.g.", which is defined as "for example" *not* "only example."

alleged "significant health protocols" are documented, if anywhere, or how they have been implemented, how they supposedly "know" that SAJ has had "zero" infected inmates for much of the last five months (an incredible claim under the circumstances) and, most importantly, *what degree of testing is being performed at SJA and MCC*. As has been fully established since the pandemic began, and recognized universally, if you do not <u>widely and regularly test all individuals</u> in a given situation (i.e. all inmates at an institution), you cannot legitimately claim a low infection rate, nor can you claim that you "have no cases" or that you "only have X cases" and therefore the risk to an inmate is low. You don't find what you don't look for. Further, this and other factors have been shown to be consistent problems when jails and prisons make claims about alleged low numbers of COVID-19 cases at their facilities, as a simple google search will reveal.

[Docket No. 267, p. 2](emphasis in original).

The defense went on to argue: "Accordingly, the statements in the Sagel Declaration and the corresponding statements in the government's submission are unreliable, inadmissible and should be stricken and not considered by the Court." *Id.*

The government failed to address any of this, let alone attempt to overcome it. Accordingly, those objections and arguments should be deemed uncontested and conceded. *See, e.g., Sportscare of America, P.C. v. Multiplan, Inc.*, No. 2:10–4414, 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011) ("In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue."); *Scott v. City of Phoenix*, No. CV–09–0875–PHX–JAT, 2011 WL 3159166, at *10 (D.Ariz. Jul. 26, 2011) (failure to oppose statute of limitations argument constituted waiver); *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1147 n. 7 (E.D.Cal.2005) ("At any rate, failure of a party to address a claim in an opposition to a motion for summary judgment may constitute a waiver of that claim."); *In re Online DVD Rental Antitrust Litig.*, No. 09–2029 PJH, 2011 WL 5883772, at *12 (N.D.Cal. Nov. 23, 2011) (absent unusual circumstances, failure to

respond to argument on merits "viewed as grounds for waiver or concession of the argument").

## II.   <u>CONCLUSION</u>

For each of the above-detailed reasons, Mr. Avenatti respectfully requests that the Court not consider page 1, paragraph 2, lines 12-24 of the Sagel Declaration, together with their corresponding statements in the government's Memorandum of Points and Authorities (page 23, lines 18-28 and page 24, lines 1-5).  The statements are unreliable and inadmissible, and the defense's unopposed objections should be sustained.

Dated: September 11, 2020              Respectfully submitted,


                                        /s/ H. Dean Steward
                                         H. DEAN STEWARD

                                        Attorney for Defendant
                                        MICHAEL JOHN AVENATTI

## <u>CERTIFICATE OF SERVICE</u>

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.  I am not a party to the above-entitled action.  I have caused, on September 11, 2020, service of the:

DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE
AND OBJECTIONS TO PORTIONS OF AUSA BRETT SAGEL'S DECLARATION
SUBMITTED IN SUPPORT OF THE GOVERNMENT'S MOTION TO TERMINATE
AND NOT FURTHER EXTEND DEFENDANT'S TEMPORARY RELEASE
[DOCKET NO. 262]

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA JULIAN ANDRE

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 11, 2020

/s/ H. Dean Steward

H. Dean Steward

4