H. Dean Steward, SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | DEFENDANT'S NOTICE OF MOTION AND MOTION TO EXTEND THE SEPTEMBER 14, 2020 DEADLINE FOR THE FILING OF DEFENDANT'S PRETRIAL MOTIONS |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | [[Proposed] Order filed concurrently herewith] |

TO U.S. ATTORNEY NICOLA HANNA, AUSA JULIAN ANDRE and AUSA BRETT SAGEL, PLEASE TAKE NOTICE that Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his counsel of record, H. Dean Steward, hereby moves for and files his Motion to Extend the September 14, 2020 Deadline for the Filing of Defendant's Pretrial Motions. Defendant's motion is based on the attached memorandum of points and authorities; the files, records and transcripts in this case; and such further evidence and argument as the Court may permit at a hearing on this matter.

Dated: September 13, 2020                Respectfully submitted,

                                         /s/ H. Dean Steward
                                         H. DEAN STEWARD

                                         Attorney for Defendant
                                         MICHAEL JOHN AVENATTI

# MEMORANDUM OF POINTS AND AUTHORITES

## I. INTRODUCTION

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") respectfully requests that the Court extend the September 14, 2020 deadline for the filing of Defendant's pretrial motions to November 30, 2020 (77 days). As set forth in detail below, the government has produced over 80% of the total discovery in this case - over *1,241,706 pages and more than 140,000 documents* – over the last seven months despite previously representing to the Court and the defense repeatedly that nearly all of the discovery would be produced well before the end of law year. Unfortunately, that did not occur. Instead, the defense has been forced to review and digest a mountain of discovery - tens of thousands of documents - that should have been produced closer in time to when the government received them (in many instances close to a year before production to the defense).

The defense has made considerable progress in their review of the discovery, but significant information remains to be reviewed -- approximately 566,000 pages (67,000 documents) plus electronic images. This discovery must be reviewed by the defense well prior to trial and before deciding on, drafting and finalizing pretrial motions, including but not limited to motions in limine, motions to dismiss, motions to suppress, etc. The defense cannot reasonably be expected to file all of their pretrial motions before completing their review of the discovery. Forcing them to do so would result in significant and substantial prejudice to the defense, in violation of Mr. Avenatti's rights, including his right to fundamental due process.

*Further, the defense is in this position through no fault of their own.* The government delayed producing the discovery and did not do so in a timely manner. Meanwhile, the defense could not review what it did not have. And the defense has been diligent in reviewing the discovery once it was ultimately produced by the government.

2

Accordingly, good cause exists for an extension of the pretrial motion deadline from September 14, 2020 to November 30, 2020 (77 days).

For each of these reasons, as well as those set forth below, the defense respectfully requests that the Court grant the motion.

## II. ARGUMENT

### A. The Government's Charging Decisions Have Complicated This Case and Delayed Its Resolution

After initially charging Mr. Avenatti with limited crimes by way of a criminal complaint in March 2019, the government made the strategic choice to indict Mr. Avenatti via a 36-count indictment involving a myriad of unrelated conduct, including bringing bank fraud charges centered on a loan that had been fully repaid years earlier, with interest, with no loss to the financial institution. They made this decision with full knowledge that the USAO for the Southern District of New York was already pursuing two other cases against Mr. Avenatti, each of which could result in a significant prison sentence. As a result of these charging decisions, this case became significantly more complex (*see* Docket No. 18, designating the case as complex) and burdensome on all involved, including the defense.

Recently, this Court suggested that the first ten counts of the indictment be severed and tried first. In its Order prior to the Status Conference held on August 31, 2020, the Court specifically stated:

> 1. <u>Severance</u>. The Court is considering issuing an order to show cause why it should not sever and separately try Counts 1 through 10. Such a trial would be far less complex and presumably much shorter. The relevant discovery would appear to be mostly in the possession of the defendant, thus reducing the burden to prepare for trial.

3

[Docket No. 245]. The defense subsequently agreed with the Court's suggestion, but the government refused, resulting in the need for the defense to file a motion [Docket No. 265], which is pending as of the date of this submission.

It is the defense's position that severing the first ten counts would significantly conserve the resources of all involved and streamline the trial and preparation for trial, including the review of discovery. It would also have the effect of making it more likely that this case proceeds to trial in a timely manner. The government, however, remains steadfast that all 36 counts must be tried together, a position entirely inconsistent with the government's claim that they want this case to proceed to trial as soon as possible. This position also has the obvious effect of requiring exponentially more work before trial, including the review of *all* of the discovery in the case, which thus far consists of over 1,140,000 pages and vast amounts of electronic data, plus another 363,143 pages produced by the Privilege Review Team that evidently have not yet been produced to the prosecution but relate to the charges in the indictment.

### B. The Government's Late Productions of Discovery Have Prejudiced the Defense

The government made repeated representations to the Court and the defense during 2019 that all or substantially all of the discovery, including the results of various search warrants that had been executed, would be produced to the defense well before the end of 2019. *See, e.g.*, Docket No. 44 (joint report filed July 1, 2019), pp. 7-8 (government estimating production to be complete in three months (meaning in early October 2019) and stating the production would be made on a rolling basis); Docket No. 46 (transcript of Status Conference held on July 8, 2019) at 10:1 – 11:1 (AUSA Andre representing to the Court that the discovery would be produced within three months); Docket No. 49 (government's status report filed July 22, 2019), pp. 7-8 (estimating that the production will be substantially completed in three to four months). However, for reasons still unclear to the defense, this did not occur.

On January 15, 2020, the government succeeded in having Mr. Avenatti remanded to custody. As of that date, the government had produced approximately 262,043 pages of discovery (in total) to the defense, together with electronic data. Mr. Avenatti was subsequently transferred to the Metropolitan Correctional Center in New York on January 17, 2020. For approximately the next three and a half months, until April 24, 2020 when this Court released Mr. Avenatti to home confinement, Mr. Avenatti was predominately held in solitary confinement and/or in locked-down status under abhorrent, brutal conditions that have been previously documented for the Court and never refuted by the government. *See, e.g.*, Docket No. 164, pp. 6-13. He was not permitted to review any of the discovery in this case during his confinement nor was be able to regularly and meaningfully communicate with his lawyers in this case. *Id.*

Meanwhile, the government began making a series of late productions of discovery containing large numbers of documents and pages, the vast majority of which resulted from the search warrants executed in the case close to a year prior:

1. February 11, 2020: Bates 262044 - 452431 (190,387 pages[1])
2. March 3, 2020: Bates 452432 – 457801 (5,369 pages)
3. March 13, 2020: PRT Bates 41677 – 1069024 (1,027,347 pages; 126,288 documents)
4. March 17, 2020: Bates 457802 – 460560 (2,758 pages)
5. May 8, 2020: Bates 460651 – 1124945 (664,294 pages; 87,266 documents)[2]
6. May 15, 2020: Bates 1124946 – 1125065 (119 pages)
7. June 10, 2020: Bates 1125066 – 1137893 (12,827 pages)
8. July 15, 2020: Bates 1137894 – 1138103 (209 pages)
9. July 29, 2020: Bates 1138103 – 1140793 (2,690 pages)

---

[1] The term "pages" is meant to include not only copies of pages of documents but other materials as well such as audio recordings, photographs, etc.

[2] These documents and pages were a duplicative subset of what had been produced by the Privilege Review Team on March 13, 2020.

5

*Thus, since February 11 (<u>approximately seven months ago</u>), the government has produced a net[3] total of 1,241,706 pages of discovery to the defense, which translates into more than 140,000 documents.* This does not include additional electronic data produced by the government during this time period.

Critically, much of this discovery was in the possession of the government for close to one year before it was produced to the defense. And when it was finally produced, the majority of it was produced while Mr. Avenatti was in solitary confinement and/or under locked-down status, and (b) the COVID-19 pandemic swept the country and substantially interfered with the defense's ability to prepare for trial.[4]

### C. No Fault Lies with the Defense

The failure by the government to produce discovery earlier in this case is their failure and their failure alone. The defense bears no responsibility for the government taking almost a year in some cases to produce the results of various search warrants. The prosecution represented to the Court and the defense that nearly all of the discovery would be produced last year. That did not occur. In fact, on a percentage basis, less than 20% of the total discovery was produced before February 11 of this year. And at the time, this case was set for trial in May.[5]

Further, the defense has been diligent in reviewing the discovery once they received it. Indeed, the defense cannot be faulted for needing more time to review the discovery when it took the government, with their vast and virtually unlimited resources, much longer (in some cases close to a year) to review the same materials and produce them to the defense.

---

[3] The duplicative subset referenced in footnote 2 above is not included in this calculation.

[4] At a June 1 Status Conference in this case, the Court acknowledged that the COVID-19 pandemic had impacted the defense's ability to prepare for trial in this matter.

[5] It is unclear how the government could have had a legitimate, reasonable expectation of this case proceeding to trial in May when it had not yet produced to the defense 80% of the discovery, consisting of over 1 million pages, most of which resulted from search warrants.

### D. The Defense Must Be Afforded A Reasonable Opportunity to Complete Their Review of the Discovery Before Filing Pretrial Motions and Before Trial

The defense cannot be expected to file all of their pretrial motions before completing its review of the discovery. Discovery illuminates the case and its facts while serving as the seeds for pretrial and trial strategies alike, including motion practice. The defense should not be placed in the unreasonable position of having to decide on, draft, and finalize all of their pretrial motions, including but not limited to motions in limine, motions to dismiss, motions to suppress, etc., without the benefit of all of the discovery. Forcing them to do so would result in significant and substantial prejudice to the defense, in violation of Mr. Avenatti's right to fundamental due process and his right to be aware of, and adequately confront, the evidence offered against him.[6]

There are presently approximately 566,000 pages (67,000 documents) plus electronic images left for the defense to review. Using the aggressive metric of 50 documents per hour, this review will require a minimum of 1,340 manhours. As a result, a 77-day deadline extension is more than reasonable.

## III. CONCLUSION

As established above, good cause exists for an extension of the pretrial motion deadline from September 14, 2020 to November 30, 2020 (77 days). Accordingly, Mr. Avenatti respectfully requests that the Court grant the motion.

Dated: September 13, 2020      Respectfully submitted,

/s/ H. Dean Steward
H. DEAN STEWARD

Attorney for Defendant
MICHAEL JOHN AVENATTI

---

[6] In addition, the Court's decision on the pending severance motion will have an obvious impact on the scope and the necessity of various pretrial motions. The defense should have the benefit of that ruling before having to determine which motions to file and their scope.

7

## CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672. I am not a party to the above-entitled action. I have caused, on September 13, 2020, service of the:

DEFENDANT'S NOTICE OF MOTION AND MOTION TO EXTEND THE SEPTEMBER 14, 2020 DEADLINE FOR THE FILING OF DEFENDANT'S PRETRIAL MOTIONS

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA JULIAN ANDRE

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 13, 2020

/s/ H. Dean Steward
H. Dean Steward