H. Dean Steward (SBN 85317)
107 Avenida Miramar, Ste. C
San Clemente, California 92672
Telephone: 949-481-4900
Facsimile: 949-496-6753

Attorney for Defendant,

MICHAEL JOHN AVENATTI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | CASE NO.: SA-CR-19-61-JVS<br><br>**NOTICE OF MOTION; MOTION FOR DISCLOSURE OF GRAND JURY MATERIALS; AND, DECLARATION OF COUNSEL**<br><br>Date: Oct. 19, 2020<br>Time: 9:00 AM |

**TO: THE UNITED STATES ATTORNEY NICOLA HANNA AND ASST. U.S. ATTORNEYS BRETT SAGEL AND JULIAN ANDRE PLEASE TAKE NOTICE**, that the defense will bring, and hereby brings, the below motion for disclosure of grand jury transcripts. This motion is based upon the above-referenced notice, the attached memorandum of points and authorities, as well as any oral argument that this Court allows.

Dated: September 14, 2020

/s./ H. Dean Steward
H. Dean Steward
Counsel for Defendant
Michael John Avenatti

- 1 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On April 10, 2019, Michael J. Avenatti was charged in a 36 count Indictment in this district. The Indictment charged generally embezzlement, tax offenses, aggravated identify fraud, bankruptcy and bank fraud. Mr. Avenatti entered a not guilty plea to all counts.

It has come to the attention of Mr. Avenatti and defense counsel that a grand jury was convened in this district after the filing of the above-referenced action. The grand jury was convened after this Indictment was filed to gain additional information on Mr. Avenatti in furtherance of the current charges against him. Mr. Avenatti and his counsel of record have been informed by two separate parties (referenced herein as "witness 1" and "witness 2") that prosecutors sought out additional testimony and documentation in support of the allegations already filed within the current Indictment.

Witness 1 has informed the defense that they received a subpoena to testify and produce documents to the grand jury in approximately July of 2019. These documents were directly related to the current charges against Mr. Avenatti. Witness 1 eventually appeared before prosecutors within this district and supplied information in connections with the allegations already charged.

Witness 2 has similarly and independently informed the defense that they received a subpoena to testify before the grand jury between the periods of December of 2019 to January of 2020.[1] Witness 2 did testify before the grand jury and answered questions specifically in connection with the charges already filed in the Indictment. It is likely that several other witnesses were subpoenaed to testify or provide documents in connection with the Indictment already filed against Mr.

---

[1] The defense is prepared to provide the Court with additional facts related to these claims in-camera if the Court requests more detailed information about Witness 1 and Witness 2.

Avenatti in April of 2019.

Although the government sought additional discovery by way of the grand jury process after April of 2019, the government never superseded the Indictment, and blatantly used the grand jury process as an investigative tool. The defense submits that the use of the grand jury as a means of engaging in a fishing expedition in an already pending criminal action is an improper use of the grand jury process.

Based upon the following, Mr. Avenatti, through his counsel of record, asks that this Court order the disclosure of the grand jury transcripts. Mr. Avenatti, through his counsel of record, will then use those materials to prepare motions to suppress as well as a potential motion to dismiss.

## **ARGUMENTS**

### I. THE GOVERNMENT'S USE OF THE GRAND JURY AS A MEANS OF OBTAINING DISCOVERY VIOLATES THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

The right to a fair and properly conducted grand jury investigation is a due process right protected by the Fifth Amendment to the United States Constitution. When the prosecution uses the grand jury powers for the prosecution's own purposes, rather than as a safeguard to the citizenry, it amounts to an abuse of the grand jury power:

> The Fifth Amendment guarantees that no civilian may be brought to trial for an infamous crime 'unless on a presentment or indictment of a Grand Jury.' **This constitutional guarantee presupposes an investigative body 'acting independently of either prosecuting attorney or judge,'** *Stirone v. U.S.* 361 U.S. 212 (1960), whose mission is to clear the innocent, no less than to bring to trial those who may be guilty. *U.S. v. Dionisio*, 410 U.S. 1, 16-17 (1973) *(emphasis added)*

By using the grand jury as a discovery tool, the government violates not only the spirit of the Fifth Amendment, but also its explicit notions. Justice Stevens

famously spoke on the issue of grand jury abuse in his dissenting opinion authored in *U.S. v. Williams*, 504 U.S. 36, 68-69 (1992):

> "We do not protect the integrity and independence of the grand jury by closing our eyes to the countless forms of prosecutorial misconduct that may occur inside the secrecy of the grand jury room. After all, the grand jury is not merely an investigatory body; it also serves as a 'protector of citizens against arbitrary and oppressive governmental action.' *U.S. v. Calandra*, 414 U.S. 338 at 343 (1974)."

A grand jury subpoena may not be issued for the sole or dominate purpose of collecting additional evidence for a pending federal criminal case. *United States v. Leung*, 40 F.3d 577, 581 (2nd Cir. 1994). It is improper to use the grand jury for the purpose of preparing an already pending indictment for trial. "*In re Grand Jury Subpoena Duces Tecum Dated Jan. 2, 1985* 767 F.2d 26, 29 (2d Cir. 1985); *U.S. v. La Salle Nat. Bank*, 437 U.S. 298 (1978); *U.S. v. Dardi* 330 F.2d 316 (2nd Cir. 1964), cert. denied 379 U.S. 845 (1964). The grand jury also may not be utilized by the prosecution as a substitute for discovery. See *U.S. v. Doe* 455 F.2d 1270, 1273 (1st Cir. 1972); See 8 *J. Moore*, Moore's Federal Practice ¶ 6.04[5] at 6-86 (1984).

The United States Supreme Court has made it clear that although the investigative powers of the grand jury are broad, they may not be used to engage in arbitrary fishing expeditions or to target individuals out of malice or an intent to harass. *United States v. R. Enters., Inc.*, 498 U.S. 292, 299 (1991). The abuse of the grand jury process may be challenged through a motion to dismiss.

As described above, the defense has received information from two independent parties, witness 1 and witness 2, claiming that the government has subpoenaed them to provide testimony or documentation to the grand jury. The topic of testimony was Mr. Avenatti and the charges already alleged in the Indictment. These parties each individually relayed that their testimony was sought

long after the initial Indictment was filed on April 10, 2019. Witness 1 indicated that they received a subpoena to supply documents to the grand jury in July of 2019. Witness 1 ultimately spoke with prosecutors about the conduct that had already been alleged in the Indictment.

Several months later, witness 2 indicated that they were called to testify before the grand jury between December of 2019 and January of 2020. Both parties indicated that Mr. Avenatti and the charges previously filed against him acted as the topic of conversations.

Based upon the statements from witness 1 and witness 2, it is clear that prosecutors in this action continued to use the grand jury as a means of gathering additional discovery within the instant action. Further, it is clear that prosecutors were not using the grand jury for legitimate means as they have not filed a superseding indictment. The defense has no reason to believe that the government ever planned on doing so. This is further supported by the notion that the testimony was taken over nine months ago and approximately a year after the initial Indictment's filing.

Mr. Avenatti asks that this Court make a finding that the government improperly convened the grand jury as a means of furthering an already filed criminal matter.

## II. THE GOVERNMENT ENGAGED IN PROSECUTORIAL MISCONDUCT WHEN IT USED THE GRAND JURY AS A DISCOVERY TOOL

Outrageous government misconduct during the investigatory stage of a criminal case that violates a defendant's right to due process can lead to the dismissal of criminal charges under the Fifth Amendment. *See United States v. Russell*, 411 U.S. 423, 431-32 (1973). Outrageous government conduct has no precise definition, but the United States Supreme Court has made it clear that

dismissal may be required when conduct by law enforcement or government agents *shocks the conscious. Hampton v. United States*, 425 U.S. 484, 495 (1976).

Acting as an agent of the government, the prosecution is required to *play fair* and "stay well within the rules." *U.S v. Kojayan*, 8 F. 3d 1315, 1323 (9th Cir. 1993). When the prosecutor engages in unfair tactics, a trial may be rendered unfair simply due to the power that the prosecutor inherently wields. Instances of misconduct may infect a trial with unfairness and may require future reversal. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). When the prosecution commits multiple acts of misconduct, their steady accumulation may rise by accretion and similarly constitute reversible error. *See Berger v. U.S.*, 295 U.S. 78, 88 (1935), (holding that the prosecuting attorney acted with pronounced and persistent misconduct with a cumulative effect on the jury that required reversal).

The defense asks that this Court make the initial finding that the government engaged in misconduct by convening the grand jury for the sole or dominant purpose of seeking information regarding an already filed criminal case against Mr. Avenatti. In doing so, the government continues to engage in foul play. The steady accumulation of the government's transgressions in this case may require an eventual reversal.

### III. MR. AVENATTI ASKS THAT THIS COURT ORDER DISCLOSURE OF THE GRAND JURY TRANSCRIPTS PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 6

Although Rule 6 of the Federal Rules of Criminal Procedure generally precludes the release of grand jury transcripts, two exceptions to this general ban exist. First, the district court may authorize the release of the relevant grand jury transcripts when the grand jury material is "related fairly directly to some identifiable litigation, pending or anticipated." *U.S. v. Baggot*, 463 U.S. 476, 476 (1983). Second, and particularly relevant to the current situation before this Court,

***the district court may authorize the disclosure of grand jury matter at the request of a defendant who demonstrates that a ground may exist to dismiss the indictment due to misconduct before the grand jury***. Fed. R. Crim. P. 6 (e)(3)(E)(ii), (emphasis added). For the defense to access grand jury materials, the defense is required to set forth facts that support a colorable claim of grand jury misconduct. *U.S. Bennet*, 702 F.2d 833, 836 (9th Cir. 1983).

The defense has already made a specific showing of grand jury misconduct and the government's improper use of the grand jury as an investigative tool. As described below, the defense may also establish a *particularized need* for the requested materials. This *particularized need* standard has "a general suggestion in favor of disclosure." *U.S. v. Walczak*, 783 F.2d 852 (9th Cir. 1986).

The United States Supreme Court previously created a three-part test for determining whether defendant has made a sufficient showing of particularized need in connection with the disclosure of pretrial discovery of grand jury transcripts: (1) has the defense made a showing that the material requested is need to avoid a possible injustice?; (2) is the need for disclosure greater than the need for continued secrecy?; (3), is the request narrowly tailored and structured to cover only material so needed? *Douglas Oil Co. of Cal. V. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979).

***First,*** the grand jury materials are necessary for the defense to meaningfully prepare motions to suppress the testimony of witnesses and to prepare a motion to dismiss the Indictment. Based upon the above-referenced claims, the defense is aware that the prosecution improperly convened the grand jury and gathered testimony about an already filed criminal Indictment. Because dismissal of the indictment acts as a legitimate form of relief in connection with grand jury abuse, access to these materials are necessary. *See Bank of Nova Scotia v. U.S.* 487 U.S. 250, 254 (1988). Failure to allow the defense access to these materials would allow

for the government to unfairly reap the benefits of its unlawful discovery tactics.

***Second,*** the need for disclosure outweighs the need for continued secrecy. Mr. Avenatti's Constitutional rights to prepare a defense and fair trial will be obstructed if the defense is unable to meaningfully challenge the prosecution's improper use of the grand jury. The Ninth Circuit has laid out five policy reasons behind the grand jury's secrecy: (1) to prevent the escape of those whose indictment may be considered; (2) to insure freedom of the grand jury to deliberate; (3) to prevent perjury; (4) to encourage free and untrammeled disclosure by people who have information in connection with the crimes; and, (5) to protect an individual who is later found innocent due to no probability of guilty. *U.S. Industries v. U.S. Dist. Court*, 345 F.2d 18, 19 (9th Cir. 1965), (holding that if reasons for maintaining secrecy do not apply in a given situation or apply only insignificantly, showing of large compelling needs is not warranted). These policy reasons are not furthered by the grand jury's secrecy in this matter.

Mr. Avenatti's constitutional rights and his narrowly tailored request outweighs continued secrecy. The grand jury's secrecy "is maintained to serve particular ends. But when secrecy will not serve those ends or when the advantages gained by secrecy are outweighed by a countervailing interest in disclosure, secrecy may and should be lifted…" *Id.*

***Finally,*** the request is narrowly tailored. Mr. Avenatti requests that that the following information be provided:

1. The relevant subpoena served on witness 1 & a summary of the interview with witness 1 that was performed on or about July of 2019;
2. A copy of any and all documents provided by witness 1 to the prosecution;
3. A copy of the grand jury transcripts in connection with the testimony provided by witness 2 between December of 2019 and January of 2020;

4. A copy of any and all testimony and/or documents provided to the grand jury after April of 2019 in connection with the ongoing investigation of Mr. Avenatti. Specifically, the ongoing investigation of the charges alleged in the current Indictment. This request is not limited to the testimony and documentation provided by witness 1 and 2.

5. A copy of any and all subpoenas for testimony and/or documentation served on witness 1, witness 2, and any other witnesses that were called to testify or produce documentation in connection with grand jury proceedings focused on the subject of Mr. Avenatti after April of 2019.

Mr. Avenatti requests that this Court order the government to produce transcripts of grand jury proceedings where witnesses were called to testify or provide documents after the original Indictment was filed on April 10, 2019. Specifically, Mr. Avenatti seeks the disclosure of testimony rationally related to the current charges within the Indictment. Mr. Avenatti does not request access, at this time, to grand jury testimony provided prior to the original Indictment.

Based upon the contents of those transcripts, Mr. Avenatti, through his counsel of record, will seek additional relief: (1) suppression of statements, (2) preclusion of witnesses at trial called in the grand jury, and/or (3) dismissal of the Indictment.

## IV. CONCLUSION

For each of these reasons, Mr. Avenatti, through his counsel of record, asks that this Court remedy the government's improper use of the grand jury process. Mr. Avenatti asks that this Court require that the government produce the requested grand jury materials.

Dated: September 14, 2020                /s./ H. Dean Steward
                                         H. Dean Steward
                                         Counsel for Defendant
                                         Michael John Avenatti