H. Dean Steward (SBN 85317)
107 Avenida Miramar, Ste. C
San Clemente, California 92672
Telephone: 949-481-4900
Facsimile: 949-496-6753

Attorney for Defendant,
MICHAEL JOHN AVENATTI

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO.: SA-CR-19-61-JVS |
|---|---|
| Plaintiff, | **MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY; AND, REQUEST FOR *DAUBERT* HEARING** |
| vs. | Date: October 19, 2020<br>Time: 9:00 A.M. |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Mr. Avenatti, by and through his counsel of record, moves in limine to exclude three witnesses the government purports to be experts: (1) John Drum, (2) Kevin Mohr, and (3) Traci Kaas. This motion is based upon the attached Memorandum of Points and Authorities. The defense also requests that this Court order a *Daubert* hearing.

Dated: September 14, 2020            /s./ H. Dean Steward
                                     H. Dean Steward
                                     Counsel for Defendant
                                     Michael John Avenatti

- 1 -

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The government has provided the defense notice of its intention to introduce six individuals and have then testify as expert witnesses. The government's notice is attached as Exhibit A. The proposed experts at issue in this motion are John Drum, Kevin Mohr, and Traci Kaas.

The other three of the six individuals are IRS employees and their factual testimony would be directly in connection with the tax-related counts of the Indictment. The defense has filed a motion to sever counts 1 through 10 from counts 11 through 36. Mr. Avenatti comes now formally objecting to the exclusion of John Drum, Kevin Mohr, and Traci Kaas. However, Mr. Avenatti asks that he be permitted to reserve his objection to the remaining IRS employees until after the Court enters its ruling on the motion to sever.

Mr. Avenatti asks that this Court exclude the expert testimony of John Drum, Kevin Mohr, and Traci Kaas. Mr. Avenatti also asks that this Court hold a formal *Daubert* hearing.

### ARGUMENTS

### I. THE GOVERNMENT'S PROPOSED EXPERT WITNESSES ARE NOT SUFFICIENTLY QUALIFIED & CANNOT TESTIFY AS EXPERTS

The United States Supreme Court in *Daubert v. Merrell Dow Pharmaceutical* set out a two-part test for the admittance of expert testimony. For the testimony to be admitted, the trial court must determine whether the proposed expert has (1) sufficient scientific knowledge that will (2) assist the jury with a fact at issue. *Daubert v. Merrell Pharm., Inc.*, 509 U.S. 579, 581 (1993). The term *scientific*, within the meaning of the Federal Rules of Evidence, includes other technical or specialized knowledge. Fed. Rules Evid. Rule 702.

The Ninth Circuit has additionally discussed the standard under which a

district court should consider the admissibility of expert testimony. *City of Pomona v. SQM N. Am. Corp.,* 750 F.3d 1036 (9th Cir. 2014). Rule 702 of the Federal Rules of Evidence provides that expert opinion evidence is admissible if the following criteria are met: (1) the witness is sufficiently qualified as an expert by knowledge, skill, experience, training, or education; (2) the scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (3) the testimony is based on sufficient facts or data; (4) the testimony is the product of reliable principles and methods; and (5) the expert has reliably applied the relevant principles and methods to the facts of the case. Fed. R. Evid. 702. This analysis is dependent upon the witness' knowledge of, and experience within the relevant industry. *U.S. v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000).

An expert may provide opinion testimony if: "the testimony is based upon sufficient facts or data" and "is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case." Fed.R.Evid. 702(b)-(d). "The touchstone of admissibility under Rule 702 is the helpfulness of the evidence to the trier of fact." *U.S. v. Rangel–Arreola*, 991 F.2d 1519, 1524 (10th Cir.1993). Here, the government's proposed experts should not be permitted to testify.

### 1. JOHN DRUM SHOULD NOT BE PERMITTED TO TESTIFY AS AN EXPERT WITNESS

The government seeks to introduce the expert testimony of accountant John Drum (hereafter "Mr. Drum"). The government has indicated that Mr. Drum will perform a financial analysis of the several business and legal entities associated with Mr. Avenatti.

*First,* Mr. Drum is not qualified to testify as an expert. The government has provided counsel with Mr. Drum's resume. (Exhibit B, Resume of Mr. Drum). Mr. Drum's resume is woefully incomplete. He is not qualified to render the types of

opinion the government seeks. His resume vaguely asserts a series of *consulting* jobs without clarifying what he did for those clients or when those jobs occurred. In proffering his expertise, Mr. Drum described his experience "calculating damages suffered by a party" and "attesting to legal fees incurred." Neither of these consulting experiences related to the financial analysis of companies or law firms. His experience in these first two entries and over most of the rest of his resume is lacking and incomplete.

There is no showing of his ability to perform an analysis of defendant and the various business entities he controlled." It appears that Mr. Drum has testified before courts before, but there are no references to specific citations or court information. The defense is entitled to sufficient information in order to review court cases he has been involved with. There is no showing that Mr. Drum has published any writings or had his work peer reviewed. Mr. Drum's resume also fails to clarify the state or licensing body that regulates his status as a CPA. The government has failed to establish a sufficient foundation that Mr. Drum has sufficient training and experience to qualify him as an expert.

***Second,*** the methodology used by Mr. Drum is unclear. Methodology and expert qualifications are important in determining admissibility. *U.S. v. Kayne* 90 F.3d 7 (1st Cir. 1996). The government has failed to provide sufficient evidence of how Mr. Drum came to his conclusions and what methods he has used. The government must show the reliability of the proposed testimony before it can be admitted. *Frymire-Brinati v. KPMG Peat Marwick* 2 F.3d 183, 186 (7th Cir. 1993). A "trial judge must ensure that any and all [expert] testimony or evidence admitted is not only relevant, but reliable." *Daubert* at p. 589.

***Third,*** the proposed documents that Mr. Drum would rely on as an expert witness include a great deal of hearsay and are unreliable. The government has provided the defense with the materials Mr. Drum reviewed in preparation for his

testimony. Mr. Drum reviewed witness interview summaries that were undoubtedly drafted by the prosecutors and/or law enforcement agents. (Exhibit A, p. 2). It is unknown by the defense which specific interviews were summarized and later reviewed by Mr. Drum.

These reports include hearsay statements and are inherently biased based upon their preparation. For example, the interview of witness 1 was performed by federal agents. The interview was likely then summarized by either that same agent, another agent, or the prosecutor. By providing these summaries to Mr. Drum, this creates an opportunity for slanting statements to incriminate the defendant by the prosecution team, coupled with unreliable double hearsay. The sources of information relied on by the purported expert are inherently unreliable and one-sided.

If the government is permitted to allow Mr. Drum to testify regarding these summarized interviews, the defense will be deprived of the ability to cross-examine those individuals. This inability to perform cross examination is in direct violation of the confrontation clause of the Sixth Amendment. *Crawford v. Washington*, 541 U.S. (2004). At a bare minimum, the defense requests advance notice of which specific witness statement summaries were reviewed by Mr. Drum.

***Fourth,*** the government seeks to have Mr. Drum testify regarding issues that should be reserved for the jury. The government is seeking conclusions from Mr. Drum that are part of the very issues that the jury must decide. They are not the subject of expert testimony. The jury will need to make these judgments. Admission of this or like testimony will direct a verdict against Mr. Avenatti. "[A]n expert may not go so far as to usurp the exclusive function of the jury to weigh the evidence and determine credibility." *U.S. v. Hill* 749 F.3d 1250, 1260 (10th Cir. 2014).

For example, Mr. Drum opines, "Defendant used at least $\_\_\_\_\_ [amounts vary] for his own personal expenses." This is the heart of the wire fraud allegations

in counts one through ten. Drum goes too far in making this claim, and if believed by the jury, directs a verdict of guilty. (Exhibit A, pgs. 6-10).

*Finally,* the proposed expert testimony will not be helpful to the jury. The testimony proposed is unnecessary, a waste of time, and will cause undue delay. As the Court can see from the attached Ex. "A", the government proposes testimony amounting to 10 pages, single spaced, including details that will be time consuming, irrelevant, and boring to the jury.[1] The prejudicial nature of his testimony will improperly mislead the jury by providing Mr. Drum with the unearned opportunity to direct a verdict against Mr. Avenatti.

### 2. KEVIN MOHR SHOULD NOT BE PERMITTED TO TESTIFY AS AN EXPERT WITNESS

The government also seeks to introduce the expert testimony of Kevin Mohr (hereafter "Mr. Mohr"). Mr. Mohr acts as a law professor at Western State University. The government has provided the defense with notice that Mr. Mohr will testify regarding the duties and ethical limitations of an attorney.

The testimony of Mr. Mohr is unnecessary and would not be helpful to a jury. Expert testimony is not necessary to establish that it is impermissible for an attorney to misappropriate funds from a client as alleged in counts 1 through 10. The jury does not need to be told by an expert of the duty of honesty and fair dealing binding any attorney. The proposed testimony by Mr. Mohr in connection with the technical rules of the California Business and Professions Code are a waste of time. (Exhibit A, p. 13).

The 3 ½ pages of proposed testimony proffered by the government is a waste of time, is cumulative, common sense and need not be the subject of expert testimony. (Exhibit A, p. 16). Mr. Mohr's testimony should be excluded.

---

[1] On May 26, 2020, the government notified the defense of even more testimony they plan to elicit from Drum.

### 3. TRACI KAAS SHOULD NOT BE PERMITTED TO TESTIFY AS AN EXPERT WITNESS

The government also seeks to admit expert testimony of Traci Kaas (hereafter "Ms. Kaas"). Ms. Kaas should not be permitted to testify as an expert witness in this matter.

***First,*** there is a double conflict of interest with Ms. Kaas. The government concedes to the veracity of this conflict. The government provided the defense with the following notice:

> "Please note that Ms. Kaas has previously worked with McNicholas & McNicholas LLP and Patrick McNicholas. Patrick McNicholas served as co-counsel during EA LLP's representation of Geoffrey Johnson and will likely be called to testify during the government's case-in-chief. Ms. Kaas, however, had no involvement in the Geoffrey Johnson representation. Additionally, Ms. Kaas regularly works with Callahan & Blaine, which is currently representing Mr. Johnson in litigation against defendant, Jason Frank Law, and others relating to the embezzlement of Mr. Johnson's settlement proceeds. Although we understand that Ms. Kaas at one point briefly discussed the possibility of assisting Callahan & Blaine with Mr. Johnson's case, Ms. Kaas was not hired by Callahan & Blaine to work on the case, has not done any work for Callahan & Blaine on the case, and has not had any substantive discussions with Callahan & Blaine regarding the case." (Exhibit A, p. 18).

The defense suggests that these admissions scuttle Ms. Kaas as a witness in this case. At a bare minimum, there is the appearance of <u>two different</u> conflicts of interest, with connections to this case outside of the instant federal criminal action. "Any remedy imposed in a case where an expert witness has a conflict of interest should promote fundamental fairness in the litigation process." *Sells v. Wamser* 158 F.R.D. 390, 393 (S.D. Ohio 1994). Fundamental fairness requires the exclusion of M. Kaas.

***Second,*** the government purposes that Ms. Kaas's expert testimony will be surrounding the details and functions of a special needs trust. (Exhibit A, p. 16-18). However, the need for an expert witness on this subject is minimal due to the subject's lack of materiality in this case. The Indictment mentions a special needs

trust only in passing:
1. The Indictment defines a special needs trust (p. 5);
2. The Indictment alleges that Mr. Avenatti falsely told Client 1 that a portion of the settlement was held in a special needs trust despite not being a true term of the agreement (p. 8);
3. The Indictment alleges that Mr. Avenatti claimed the special needs trust had not yet been approved by LA County (p. 10); and,
4. The Indictment alleges that Mr. Avenatti indicated the special needs trust had been approved and Client 1 needed to sign a document to finalize it (p. 11).

From these references, the government now seeks to admit expert testimony about special needs trusts, including first party trusts, third party trusts, trustee requirements, who can and cannot be a trustee, notice requirements to states and "certain local or county agencies," the purpose of such notices, the definition of structured settlements, and funding details. Although the government alleges that the special needs trust was used as a means of delaying the transfer of funds from Mr. Avenatti to Client 1, the technical components of a special needs trust need not be explained by an expert.

***Finally,*** the presentation of this evidence will be confusing, will waste time, and will not be helpful to the jury. The above referenced materials are just a few of the unnecessary details the government plans to elicit from Ms. Kaas. None of the above details are relevant or helpful to the jury, given the limited role and allegations about special needs trusts in the indictment. An important aspect of the guidance from *Daubert* is "whether the testimony [will be] helpful to the trier of fact, i.e., whether it rests on a reliable foundation and is relevant to the facts of the case." *Bogosian v. Mercedes-Benz of N. Am., Inc.,* 104 F.3d 472, 476 (1st Cir. 1997). Here, Ms. Kaas's testimony would not be helpful or on point.

## II. THE DEFENSE REQUESTS A FORMAL *DAUBERT* HEARING

A trial judge has a "gatekeeping" obligation with respect to opinion testimony of experts. *Daubert* at p. 589. "[T]he trial judge must "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."

*Id.* The Supreme Court in *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-149 (1999) expanded the gatekeeping obligation of the courts, holding that it is not limited to scientific expert testimony, but applies to all expert testimony.

The *Daubert* factors do not constitute a definitive checklist or test and the gatekeeping inquiry must be tied to the particular facts. *Kumho*, at p. 138. This Court, under Federal Rules of Evidence 403, may exclude expert testimony "...if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

For the reasons set out above, a *Daubert* hearing is appropriate. At such a hearing, the defense will probe the question set out above. *U.S. v. Valencia-Lopez* ___ F.3d ___ 2020, (9th Cir. August 19, 2020) WL 481413920, (conviction vacated and remanded- district court abused discretion and should have allowed a *Daubert* hearing on an expert- error not harmless).

Mr. Avenatti asks that this Court order a *Daubert* hearing so that the defense may meaningfully challenge each expert in open court.

### III. CONCLUSION

For the reasons set out above, all or part of the proposed testimony of three proffered expert witnesses should be excluded from the trial. The defense requests a hearing under *Daubert* to answer the questions set out above.

Dated: September 14, 2020        /s./ H. Dean Steward
                                 H. Dean Steward
                                 Counsel for Defendant
                                 Michael Avenatti

PROOF OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.

I am not a party to the above entitled action. I have caused, on 9-14-20, service of the defendant's:

**MOTION TO EXCLUDE EXPERTS**

On the following party, using the court's ECF system:

**AUSA'S Brett Sagel & Julian Andre**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 9-14-20

s/ H. Dean Steward

H. Dean Steward