NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6683
    Facsimile: (213) 894-6269
    Email:    Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
    Ronald Reagan Federal Building
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3598
    Facsimile: (714) 338-3708
    Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 19-061-JVS |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT MICHAEL JOHN AVENATTI'S MOTION TO EXTEND THE SEPTEMBER 14, 2020, DEADLINE FOR THE FILING OF DEFENDANT'S PRETRIAL MOTIONS; EXHIBITS |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Julian L. André and Brett A. Sagel, hereby files its opposition to defendant MICHAEL JOHN AVENATTI's motion to extend the September 14, 2020, deadline for the filing of defendant's pretrial motions (CR 274).

This opposition is based upon the attached memorandum of points and authorities, the attached exhibits, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 16, 2020            Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division


          /s/
JULIAN L. ANDRÉ
BRETT A. SAGEL
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On September 7, 2020, this Court denied defendant MICHAEL JOHN AVENATTI's ("defendant") request that the Court stay the September 14, 2020, motions deadline in this case (CR 263), a deadline to which the parties had stipulated (CR 170). Less than a week later, on September 13, 2020, defendant then moved to extend the same September 14, 2020, deadline for defendant to file defendant's pretrial motions until November 30, 2020 (CR 274), which is just one week before the current December 8, 2020, trial date.

All of the arguments set forth in defendant's motion were raised by defendant in May and June 2020, <u>prior</u> to defendant stipulating to the current September 14 motions deadline. To the extent there is any merit to defendant's concerns, they were already been addressed when the Court granted the last continuance of the trial date. Nothing that has occurred since then justifies a further extension. Moreover, extending defendant's motions deadline to the week before trial would not provide the government with sufficient time to respond to the motions, let alone for the Court to fully consider the motions and issue a ruling prior to the trial date.

Accordingly, the Court should deny defendant's last-minute request to extend defendant's motions deadline. If defendant wishes to file any additional motions in advance of trial, the Court should require defendant to seek leave of the Court and demonstrate good cause for the late filing.

## II. ARGUMENT

### A. Defendant Does Not Get to Dictate the Government's Charging Decisions

Defendant's argument that the government's charging decisions justify a continuance of his motions deadline is meritless. This case has now been pending for nearly 18 months. (CR 1.) Defendant has had ample time to prepare and file any motions he sees fit prior the September 14, 2020, deadline.

Defendant is effectively arguing that it is unfair for the government to seek to hold defendant accountable for the full scope of his criminal conduct. Instead, defendant appears to suggest that the government should have abandoned or limited this prosecution merely because the Southern District of New York ("SDNY") subsequently charged defendant with separate offenses.[1] This claim is preposterous.

The government has an obligation to pursue justice for all of defendant's victims, of which there are many. The fact that defendant attempted to extort Nike in March 2020 and stole approximately $150,000 from a different legal client in September 2019, does not absolve defendant of responsibility for the extensive fraudulent conduct alleged in this case, including the theft of approximately $10 million from his other clients, and failure to pay millions of dollars in taxes to the Internal Revenue Service since 2011. Indeed, defendant's counsel has repeatedly recognized that this case is the most significant. (1/31/2020 RT 12:9-13:9.)

---

[1] Defendant conveniently forgets that this case was charged before either of the SDNY prosecutions. Indeed, this investigation began before defendant committed the crimes alleged in the two SDNY prosecutions.

### B. Defendant's Pending Severance Motion Does Not Justify the Requested Extension

Defendant also argues that the extension of the motions deadline is necessary due to the defendant's pending severance motion. In doing so, defendant again fails to be candid with this Court. Specifically, defendant claims that the government "remains steadfast that all 36 counts must be tried together." (CR 274 at 4.) This is demonstrably false. Two weeks ago, the government offered to stipulate to a severance of the wire fraud charges (Counts 1-10) and the bankruptcy fraud charges (Counts 33-36) from the remaining counts in the indictment (Counts 11-32), provided that this case proceeds to trial in December 2020 or January 2021.[2] (Ex. 1.)[3] Defendant, however, rejected this offer. (Ex. 2.) Should a severance be granted at any point, the parties can address any resulting issues at that time.

Moreover, if defendant were truly concerned about the impact of a potential severance on pretrial motions, he could and should have filed his severance motion earlier this year. (See 4/27/2020 RT 9:9-19 (discussing defendant's intent to file a severance motion).) Indeed, in June 2020, the Court specifically encouraged defense

---

[2] The government will explain its position regarding severance in greater detail in its forthcoming opposition to defendant's severance motion. The government continues to believe that severance is neither necessary nor appropriate under Rule 8 and Rule 14, but recognizes that there could be some potential benefits to a severance due to COVID-19's impact on the Court's operations.

[3] Defendant quoted from the government's email regarding a potential severance in both his ex parte application for a stay and his privilege motion, yet failed to provide the Court with the context in which the government made this statement. (CR 260 at 2 n.2 (noting the "substantial overlap of evidence and witnesses" between the wire fraud and bankruptcy fraud charges); CR 286 at 2 (same).)

3

counsel to file his severance motion "earlier rather than later" because "such a motion has obvious ramifications for the shape of the trial." (6/8/2020 RT 13-14.) The fact that defendant nevertheless waited until the last minute to file such a motion does not justify his requested extension.

### C. Defendant's Discovery Complaints are Meritless and Do Not Justify an Extension of the Motion's Deadline

Defendant's argument that the government's production of discovery materials to the defense justifies the extension is likewise meritless. Defendant is merely repeating the same arguments he raised earlier this year before the Court set the December 8 trial date, and the parties stipulated to the September 14 motions deadline. There is nothing new here that would justify the requested extension.[4]

All of the discovery issues defendant raises in his motion, have been raised by defendant previously. (See, e.g., CR 164.) And the Court already continued the trial to December 8, 2020, at least in part, to provide defendant with additional time to review the very same discovery he references in the instant motion. As the government has already briefed these discovery issues repeatedly, including in its May 30, 2020, status report (CR 168), its brief regarding defendant's representation issues (CR 175), and its response to defendant's brief regarding access to the Eagan Avenatti LLP ("EA LLP") digital device (CR 195), the government will not

---

[4] Defendant once again claims he was not able to review discovery in this case while incarcerated in New York, but fails to mention that defendant opposed his return to the Central District of California on February 23, 2020. (CR 101.)

4

repeat all of those arguments herein. There are, however, two specific issues that should be noted.

First, defendant continues to claim that he does not understand why certain discovery materials were not produced until earlier this year. (CR 274 ("for reasons still unclear to the defense, this did not occur").) This argument is completely disingenuous. Almost all of the discovery materials referenced in defendant's motion came from the EA LLP digital devices, including the EA LLP server. As the Court and defendant are well aware, these materials were not produced immediately because defendant does not have a right to unlimited access to those devices (see CR 63), and the government's Privilege Review Team needed to complete a scope and privilege review pursuant to the applicable search warrants prior to the production of the materials to defendant. The government's Privilege Review Team worked diligently to complete this process, and the Prosecution Team regularly updated the Court and the defense regarding the status of the privilege review in status reports and during the monthly status conferences. (See, e.g., CR 49; CR 99.)

Moreover, although the privilege review process took longer than initially expected, defendant had access to the materials on the EA LLP server and other EA LLP digital devices while the review process was ongoing, but failed to take full advantage of that opportunity. Indeed, the Court specifically addressed this issue during the July 6, 2020, status conference, stating:

> Last fall the government's production wasn't proceeding I think as everyone had hoped it would. As an accommodation, the government offered to make the taint team available to assist in the searches, and on two occasions in October, Mr. Avenatti availed himself of that opportunity. He didn't make any further effort to avail himself of that opportunity thereafter until the issue came up last month.

5

(7/6/2020 RT 11-13.)

Second, the three productions that occurred after the parties stipulated to the September 14, 2020, motions deadline do not justify an extension. The June 10, 2020, production primarily consisted of documents obtained from defendant's former employee, M.S. These documents are largely irrelevant to the charges as they appear to relate almost exclusively to defendant's political ambitions and a separate company called Desert Harvest LLC. The government specifically advised the Court and defendant that this production was forthcoming in its May 30, 2020, status report. (CR 168 at 13.) The July 15, 2020, production primarily consisted of additional witness interview summaries, which the government voluntarily produced months before it was required to do so. And the July 29, 2020, production consisted entirely of approximately 174 documents obtained via the various search warrants and subsequently released to the Prosecution Team. Notably, many of these documents came from defendant's MacBook, a complete forensic copy of which defendant has had since approximately November 2019.

### D. Defendant's Motion Would Unnecessarily Delay the Trial in this Case

At the outset of this case, the government expressed concern that defendant would seek to delay this prosecution unnecessarily, as he has repeatedly done in other proceedings. (CR 26 at 4.) The government is concerned that the instant motion is just another delay tactic.

At the August 31, 2020, status conference, the Court told that parties that it was "hopeful the matter will proceed [to trial] on December 8, and everyone ought to proceed on that assumption."

6

(8/31/2020 RT 8:23-9:6.) Nevertheless, defendant now proposes that his pretrial motions be due on November 30 -- just one week before trial. This would not provide the government with sufficient time to respond to such motions before trial, let alone provide the Court with sufficient time to consider the motions. Accordingly, defendant's proposed extension would undoubtedly lead to a delay of the trial.

This case has now been pending for nearly 18 months. There is no reason why defendant could not have filed all of his pretrial motions by the stipulated September 14, 2020, deadline. Indeed, all of the motions defendant did file prior to the September 14 deadline likely could have been filed months ago. Moreover, the motions defendant claims he would need the benefit of reviewing all discovery to file, such as motions to dismiss and motions to suppress, likely could have also been filed at any time prior to the September 14 deadline. Defendant should not now get two bites at the apple, and be allowed to spring numerous additional motions on the government a week before trial. Rather, if defendant wishes to file any additional motions, he should be required to seek leave of the Court and demonstrate good cause as to why the motions were not filed prior to the motions deadline, including, what additional review of the discovery precluded defendant from timely filing the motion.

**III. CONCLUSION**

For the foregoing reasons, defendant's motion for an extension of defendant's motions deadline should be denied. However, to the extent the Court grants any relief to defendant, such relief should be conditioned upon a showing of good cause and should apply to both parties.

7

# EXHIBIT 1

| | |
|---|---|
| **From:** | Sagel, Brett (USACAC) |
| **To:** | deansteward7777_gmail.com |
| **Cc:** | Andre, Julian L. (USACAC) |
| **Subject:** | Proposed Severance Stipulation |
| **Date:** | Tuesday, September 1, 2020 6:37:08 PM |

Dean-

As we stated during the status conference, we believe all the counts in the indictment are properly joined under Rule 8, and there is no legal basis to sever counts in the indictment under Rule 8 or Rule 14 as all of the crimes were interconnected and part of the same course of fraudulent conduct. The government, however, would be willing to stipulate to a severance of counts under certain conditions in the interest of justice and under the court's inherent power to manage its docket. First, we would agree to stipulate to sever counts 1-10 (the wire fraud counts) along with counts 33-36 (the bankruptcy fraud counts) from the remaining counts in the indictment, as we believe counts 1-10 and 33-36 have substantial overlap of evidence and witnesses.  Second, this agreement would be contingent on the trial of these fourteen counts commencing on December 8, 2020, or at least by the end of January 2021.  If the commencement of the trial is delayed beyond January 2021 for any reason, including the current pandemic preventing the commencement of trials prior to January 2021, then this agreement is voided and all counts would be tried together, absent any relief sought by defendant and granted by the Court.  Third, the parties would agree to exclude time on the remaining counts of the indictment to a date in 2021 (likely in late Spring, early Summer).  Finally, nothing in this agreement would prevent the government from introducing relevant and necessary evidence of the facts underlying the remaining counts of the indictment in the trial on the severed counts.  If you and your client are interested in the above stipulation, we ask that you let us know by September 7, 2020, as such an agreement may affect motions to be filed by the September 14, 2020, motions deadline.  And if you and your client are in agreement, we can put together a formal stipulation.  If you have any questions or wish to discuss this matter further, do not hesitate to reach out to us.

Thanks,

Brett

# EXHIBIT 2

| | |
|---|---|
| **From:** | Sagel, Brett (USACAC) |
| **To:** | Dean Steward; Andre, Julian L. (USACAC) |
| **Subject:** | RE: severance |
| **Date:** | Wednesday, September 2, 2020 9:16:30 AM |

Thank you for the prompt response.  We cannot stipulate to a severance of just the wire fraud counts.
Brett

**From:** Dean Steward <deansteward7777@gmail.com>
**Sent:** Wednesday, September 2, 2020 8:39 AM
**To:** Andre, Julian L. (USACAC) <JAndre1@usa.doj.gov>; Sagel, Brett (USACAC) <BSagel@usa.doj.gov>
**Subject:** severance

Gentlemen:

Thank you for the email.  We are not willing to stipulate as you have proposed.

If you wish to stipulate to sever the first ten counts and try those first, please let us know.

Dean

--



949-481-4900  www.deansteward.com