H. Dean Steward (SBN 85317)
107 Avenida Miramar, Ste. C
San Clemente, California 92672
Telephone: 949-481-4900
Facsimile: 949-496-6753

Attorney for Defendant,

MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: SA-CR-19-61-JVS |
| Plaintiff, | **OPPOSITION TO THE GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT EVIDENCE OF OTHER ACTS, CRIMES, AND WRONGDOINGS; EXHIBIT "A"** |
| vs. | |
| | Hearing Date: October 19, 2020 |
| MICHAEL JOHN AVENATTI, | Time: 9:00 a.m. |
| Defendant. | |

Defendant MICHAEL JOHN AVENATTI (hereafter "Mr. Avenatti") by and through his counsel of record hereby files this Opposition to the government's Motion *In Limine* to Admit Evidence of Defendant's Other Acts, Crimes, and Wrongdoings. Defendant's Opposition is based upon the attached memorandum of points and authorities, the attached exhibits, and any oral argument this Court considers.

Dated: September 28, 2020          /s/ H. Dean Steward

                                   H. Dean Steward

                                   Counsel for Defendant

                                   Michael John Avenatti

# TABLE OF CONTENTS

DESCRIPTION                                                                    PAGE NO.

Table of Authorities……………………………………………………………………..iii

Memorandum of Points and Authorities………………………………………………1

I. Introduction………………………………………………………………………......1

II. Argument……………………………………………………………………………...5

    A. The Evidence Sought to be Introduce by the
       Government is Inadmissible…………………………………………………..5

        1.  The Evidence Should Not be Admitted as it is Not
            Inextricably Intertwined with Evidence
            of the Charged Conduct…………………………………………...6

        2.  The Evidence Should Not be Admitted
            Under Rule 404(b) & Cannot Overcome the
            Protective Barrier of Rule 403…………………………………..6

        3.  The Evidence Proposed by the Government……………………7

            a.  Alleged Embezzlement of Settlement Funds
               from Super Bowl Litigation……………………………...7

            b.  Alleged Failure to Pay Over IRS Payroll Taxes………..10

            c.  Alleged Failure to Pay State Taxes for Global
               Baristas US, LLC…………………………………………13

            d.  Alleged fraudulent conduct relating to the
               2017 EA Bankruptcy……………………………………14

            e.  Alleged Perjury During Judgment Debtor
               Examinations……………………………………………..18

            f.  Criminal Conduct Charged in the Southern
               District of New York……………………………………..20

III. Conclusion……………………………………………………………………...22

# <u>TABLE OF AUTHORITIES</u>

*Bhatti v. Ulahannan,*
    414 Fed. Appx. 988 (9th Cir. 2011) …………………………………........9

*Boyd v. City and County of San Francisco,*
    576 F.3d 938 (9th Cir. 2009) …………………………………………........7

*Huddleston v. United States*,
    485 U.S. 681 (1988) …………………………………………….............6

*In Re Eagan Avenatti, LLP,*
    (Bankruptcy Court Case No. 8:18-CV-1644-VAP)…………………….….18,19

*United States v. Avenatti,*
    No. 1:19-CR-374-PGG……………………………………………...20, 21

*U.S. v. Bailey* 696 F.3d 794, 799 (9th Cir. 2012                                      7

*United States v. Basinger,*
    60 G.3d 1400 (9th Cir. 1995) …………………………..……………....7

*United States v. Bradley,*
    5 F.3d 1317 (9th Cir. 1993) …………………………………………....6

*United States v.* Dorsey,
    677 F.3d 944 (9th Cir. 2012) …………………………………………..6

*United States v. Hodges*,
    770 F.2d 1475 (9th Cir. 1985) ………………………………….....6

*United States v. Rubio,*
    727 F.2d 786 (1984). …………………………………………….......6

*United States v. Vizcarra-Martinez,*
    66 F.3d 1006 (9th Cir. 1995)…………………………………..…....6

*Michael Avenatti v. Lisa Storie Avenatti* (OC Case No. 17-D00-99-33)…………….18,19

*Jason Frank Law, PLC v. Michael J. Avenatti* (LA Case No. BC706555)............18,19

**FEDERAL RULES**

Federal Rule of Evidence 403...............................................................*passim*

Federal Rule of Evidence 404(b) .........................................................*passim*

Federal Rule of Evidence 609.........................................................2, 20, 21

Federal Rule of Evidence 106.............................................................17

Federal Rule of Evidence 608.........................................................2, 20, 21

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

On February 4, 2020, the government provided defense counsel with notice of its intention to introduce evidence related to eight general categories of information.[1] (Exhibit A, *February Correspondence from AUSA*). On September 14, 2020, the government filed a formal *in limine* motion to admit six general categories of evidence[2] at the trial against Defendant Michael John Avenatti ("Mr. Avenatti") pursuant to Federal Rule of Evidence 404(b). The six general categories of evidence that the government seeks to introduce may be summarized as the following:

1. Evidence of the embezzlement of settlement funds from the Super Bowl litigation;
2. Evidence of failure to pay IRS payroll taxes;
3. Evidence of failure to pay State taxes for Global Baristas US, LLC;
4. Evidence of fraudulent conduct relating to the 2017 EA LLP Bankruptcy;
5. Evidence of perjury during judgement debtor examinations; and
6. Evidence of criminal conduct charged in the Southern District of New York

The government has stated the general evidence it seeks to introduce and its anticipated method of admitting the above referenced categories. The government argues that this evidence is inextricably intertwined with the conduct charged in the

---

[1] Within the AUSA's initial notice to the defense, the government relayed its intention to introduce evidence of "Defendant's ongoing efforts to defraud and conceal his assets from creditors" and "embezzlement of funds from other legal clients." (Exhibit A, p. 8). It appears as if the government no longer seeks to introduce this evidence. However, if the government pursues the admission of this evidence in the future, the defense reserves its objection.

[2] Because the government has not identified all of the evidence that they wish to admit with specificity, the defense is unable to lodge specific objections to all of the individual pieces of evidence such as hearsay, cumulative, best evidence, unduly prejudicial, etc. The defense expressly reserves this right and each of its objections (there will be many). However, for starters, the evidence offered at Exhibits 9 and 10 with the motion constitutes classic hearsay. Moreover, as it relates to any summaries the government has offered, there has been an insufficient showing that a summary is required because the underlying documents are too voluminous or unwieldy.

Indictment. Alternatively, the government argues that this conduct is admissible pursuant to Federal Rules of Evidence 404(b), 608, and/or 609.

To begin with, as this Court is aware, the defense has filed a motion to sever counts 1 through 10 from counts 11 through 36, in an effort to streamline the trial and shorten its duration from its current six to eight-week estimate. By way of their motion, however, the government seeks to do just the opposite – turn this case from a 36-count indictment into a case involving roughly 200 counts or more. Indeed, a large majority of the highly prejudicial evidence the government seeks to introduce is unrelated to counts 1 through 10 and would also prolong the trial in this case by weeks, if not months, by forcing the parties to engage in a series of minitrials with countless more witnesses and exhibits. The government may believe that they can attempt to distract the Court away from concluding that the introduction of such evidence would greatly expand the trial and the issues by repeatedly using words like "few," 'brief," "at most" and "summary" in their motion, but their effort is transparent. If the Court grants the motion, this case, which is already overbroad and dominated by a lack of prosecutorial discretion, will become virtually unmanageable, even more complicated, and require a trial that will last every bit of three months. The government's motion only further establishes the need for severance of counts 1 through 10 from counts 11 through 36.

Moreover, if the government wishes to try Mr. Avenatti for the additional alleged crimes they outline in their motion (which they have known about for close to two years in most instances), then they should seek a superseding indictment or a separate indictment whereby Mr. Avenatti may then be afforded adequate protections under the law. Seeking to backdoor the evidence and the charges by way of introducing them in this case as 404(b) evidence is improper and highly prejudicial.

- 2 -

Further, it is critical that this Court keep in mind the unique position and background of the defendant when ruling on the instant motion, especially as it relates to the degree of controversary surrounding him and the significant challenges that the defense and Court already face (before the introduction of the highly inflammatory evidence in the motion) in order to ensure that Mr. Avenatti's constitutional rights are protected and that he is provided a fair trial, free from prejudice, in a county that is very Republican, with a significant amount of animosity toward Mr. Avenatti as a result of his past advocacy in opposition to Donald Trump, the President of the United States.[3]

Indeed, in late March of this year, the defense requested that Mr. Avenatti be released to home confinement as a result of his underlying health conditions and risk for serious injury or death were he to contract COVID-19 while incarcerated. The government opposed this effort, and on March 21, this Court denied the request.  Despite the country being in the middle of a deadly pandemic, with thousands of Americans losing their lives and millions at risk for serious illness, Mr. Trump nevertheless took the time and opportunity to gloat by sending the following tweet to his 85 million followers (including likely tens of thousands in the Central District):

/

/

/

/

/

/

---

[3] Under the Constitution and the laws of the United States, the President is the chief federal law enforcement official in the country and the head of the Department of Justice.

- 3 -

This tweet, sent by the President in the middle of a national pandemic, demonstrates Mr. Trump's highly unusual focus on Mr. Avenatti's criminal proceedings and his continued personal animosity directed toward Mr. Avenatti. It also raises significant additional concerns regarding Mr. Avenatti's ability to obtain a fair trial and his Constitutional rights under Trump's Department of Justice.

As of this filing, a simple google search of Mr. Avenatti's name reveals over 500,000 mentions.

As a result of the publicity surrounding Mr. Avenatti and the public animosity demonstrated by the highest federal law enforcement officer in the nation, the defense and the Court will face extreme difficulty in attempting to seat a group of jurors who do not have a preconceived opinion of Mr. Avenatti and who have not been exposed to the media coverage surrounding him or the President's attacks aimed at him. Indeed, a venir of at least 175 potential jurors will be required *merely as starting point*.[4]  It will also be difficult for all parties involved to

---

[4] In the recently tried case in the Southern District of New York involving Mr. Avenatti (the Nike related matter), a venir of 125 potential jurors was used. The Court in the New York case relating to Stormy Daniels has stated a minimum of 150 potential jurors

guarantee that Mr. Avenatti is not prejudiced by materials available and easily accessible outside of the courtroom simply by searching on one's smart phone. Adding in the extensive categories of information that the government seeks to do by way of their motion will further delay these proceedings, make the case exponentially more complicated, make jury selection much more difficult, significantly add to the potential for prejudice, and make it much more likely that Mr. Avenatti will not be afforded a fair trial and fundamental due process.  It will also greatly expand the time required for the trial.

For each of the reasons stated herein, as well as those to be stated at the hearing, Mr. Avenatti requests that this Court deny the government's requests to admit the six categories into evidence.

## II.   ARGUMENT

### A. THE EVIDENCE SOUGHT TO BE INTRODUCED BY THE GOVERNMENT IS INADMISSIBLE

As described in detail below, the evidence sought to be introduced is inadmissible. The government has failed to make sufficient showings that the evidence sought is inextricably intertwined with the conduct alleged in the Indictment. Further, the evidence is improperly proffered as admissible evidence under Federal Rule of Evidence 404(b).  Finally, even if this Court does find that it is admissible under those sections, the relevant evidence cannot overcome the barrier of Rule 403.

/

---

will be used in that case in order to help ensure Mr. Avenatti receives a fair trial.  This case will require even a larger panel due to the venue and conservative bent of Orange County and the recent press relating to Mr. Avenatti and his conviction.  It is unclear how effective voir dire can possibly occur with a panel of this size in the middle of a deadly pandemic, where at least a six-foot radius is required per individual and masks are mandated.

**1.  The Evidence Should Not Be Admitted as it is Not Inextricably
      Intertwined with Evidence of the Charged Conduct**

If the government can prove that the proffered evidence is inextricably
intertwined with the scheme charged in the Indictment, then the evidence is not
subject to the scrutiny under Federal Rule of Evidence 404(b). *U.S. v.* Dorsey, 677
F.3d 944, 951 (9th Cir. 2012). Other acts are inextricably intertwined, and therefore
admissible, when the evidence is either "a part of the transaction that serves as the
basis for the criminal charge" or "a coherent and comprehensible story regarding
the commission of the crime." *U.S. v. Vizcarra-Martinez*, 66 F.3d 1006, 1012-13
(9th Cir. 1995).

The Ninth Circuit has made it explicitly clear that the "guilt or innocence of
the accused must be established by evidence relevant to the particular offense being
tried, not by showing that the defendant has engaged in other acts of wrongdoing."
*U.S. v. Bradley*, 5 F.3d 1317, 1320 (9th Cir. 1993), (quoting *U.S. v. Hodges*, 770
F.2d 1475, 1480 (9th Cir. 1985); *See also U.S. v. Vizcarra-Martinez*, 66 F.3d 1006,
1009 (9th Cir. 1995).  Despite this clear mandate, the government seeks to do just
this – soil Mr. Avenatti with a litany of evidence demonstrating, in their view, that
Mr. Avenatti has engaged in other acts of wrongdoing.

**2.  The Evidence Should Not be Admitted Under Rule 404(b) & Cannot
      Overcome the Protective Barrier of Rule 403**

Federal Rule of Evidence 404(b) regulates the admission of evidence of acts
not charged in the indictment. *U.S. v. Rubio*, 727 F.2d 786, 798 (1984). Under this
rule, evidence of other crimes, wrongs, or acts is not admissible to prove the
character of a person to show that he acted in conformity therewith. Fed. R. Evid.
404(b). The United States Supreme Court has held that evidence of similar acts is
only relevant if the jury "can reasonably conclude that the act occurred and that the
defendant was the actor." *Huddleston v. United States*, 485 U.S. 681, 771 (1988).

Within the Ninth Circuit, several factors are used in order to determine if 404(b) permits admission: (1) whether the evidence proves a material element of the offense charged; (2) whether the evidence is similar to the offense charged; (3) whether there is sufficient evidence of the prior conduct; and, (4) the proximity in time. *U.S. v. Basinger*, 60 G.3d 1400, 1408 (9th Cir. 1995). As described below, the evidence the Government seeks to introduce cannot be admitted under this standard.

Moreover, even if the evidence meets the standard under 404(b), the Court must determine whether it can overcome the barrier of Rule 403. *U.S. v. Bailey*, 696 F.3d 794,799 (9th Cir. 2012). Rule 403 clearly states that although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of ***unfair prejudice, confusion of the issues, or other considerations such as undue delay, waste of time, or needless presentation of cumulative evidence*** (emphasis added). The Ninth Circuit has consistently excluded evidence that is cumulative or could cause confusion amongst jurors. *Boyd v. City and County of San Francisco*, 576 F.3d 938, 947 (9th Cir. 2009)(emphasis added). As described below, each of the categories of evidence that the government seeks to introduce are cumulative, a waste of time, would cause extreme confusion and would cause severe prejudice to Mr. Avenatti.  Indeed, the government seeks to have the jury convict Mr. Avenatti based on evidence relating to other acts as opposed to evidence supporting the charges in the indictment.

**3.  The Evidence Proposed By the Government**

a.  <u>Alleged Embezzlement of Settlement Funds from Super Bowl Litigation</u>:

The government has indicated that it seeks to introduce evidence of Mr. Avenatti's representation of approximately 200 clients related to "the Super Bowl litigation." The government argues that Mr. Avenatti embezzled a portion of

the 1.55 million settlement funds when he transferred $408,724 to an EA LLP bank account at the California Bank & Trust. The government claims that "a vast majority of the Super Bowl Clients" were never provided payments in connection with this settlement. The government seeks to introduce the following evidence to establish this conduct:

1. Testimony from EA LLP Office Manager;
2. Testimony from local counsel on Super Bowl Litigation;
3. Testimony from other EA LPP attorneys who worked on the Super Bowl litigation;
4. "Brief" testimony from "at most two" of the Super Bowl Clients;
5. Documents regarding the settlement of the Super Bowl litigation;
6. Electronic search warrant evidence;
7. Bank records; and,
8. Demonstrative evidence of bank records.

Inextricably Intertwined: The government claims this conduct is inextricably intertwined with the wire fraud counts because this conduct shows that "the alleged scheme to defraud was not limited to the specific victim-clients identified in the Indictment." (Exhibit A, p. 2). By its own argument, the government claims that the clients referenced in the Super Bowl litigation are not the victim clients alleged in Counts 1 through 10. Instead, the government argues that this evidence would establish *uncharged* transactions. The government's showing is inadequate and evidence of this conduct is not necessary to establish Counts 1 through 10.

Further, the government claims that this conduct is inextricably intertwined with Counts 33 and 36 based on the allegations that "defendant made false statements regarding EA LLP's receipt of the NFL settlement funds…" during the EA LLP Bankruptcy action in 2017. The testimony from at least five individuals, the presentation of demonstrative evidence, and the introduction of additional bank records is unnecessary to establish that EA LLP allegedly received funds in

- 8 -

connection with the NFL litigation.  The government can attempt to establish this by way of the bank records alone.

Finally, the government claims that this conduct is directly admissible in connection with Counts 23, 26, and 29. The government argues that the introduction of this evidence is necessary to establish that EA LLP received funds that were not reported to the IRS. Again, this amount of inadmissible evidence is unnecessary to establish that Mr. Avenatti's firm received funds during the 2017 calendar year. That argument is unpersuasive.

404(b), 403: The government argues that the evidence is also admissible under Rule 404(b) to demonstrate knowledge, motive, plan, intent, absence of mistake, or lack of accident. The government's introduction of evidence related to the Super Bowl litigation is not necessary to prove a material element of any offense charged. The government need not introduce evidence regarding the representation of 200 individuals to present its case-in-chief regarding the clients identified in the indictment. This litigation is also confusing, a waste of time, and would require proceedings consistent with a trial within a trial. *See Bhatti v. Ulahannan*, 414 Fed. Appx. 988, 989 (9th Cir. 2011).

If the government seeks to introduce the testimony of "at most two" Super Bowl clients, the defense will be forced to present the testimony of many more Super Bowl clients. Mr. Avenatti will subpoena these clients as witnesses to establish, among other things, the agreements made between them, the clients' expectations of settlement payments, the fee arrangements, how costs would be paid, etc.  If the government is going to claim before the jury that Mr. Avenatti defrauded 200 people in connection with this litigation (he did not), then he is entitled to face his accusers and cross-examine every one of them under oath.  It is improper for the government to make this highly inflammatory claim and then preclude the defense from calling the actual alleged NFL "victims" to debunk the

government's claim.  One or two cherry-picked clients from a mass tort will not suffice.

Allowing the government to admit this evidence and engage in these accusations against Mr. Avenatti at trial will cause a full-blown mini trial about the NFL representation, which in and of itself could last over a week.  Indeed, to be clear, if this evidence is permitted, the defense will be forced to mount a significant defense to these claims at trial that will involve a multitude of documents and many witnesses from across the country.

Further, this NFL litigation was highly publicized. The pretrial publicity of the NFL litigation will create additional time-consuming *voir dire* issues. It will already be extremely difficult for the government and the defense to select an unbiased jury.  The NFL litigation will make selecting a jury that much more difficult. Admission of this evidence will require the defense and the government to question potential jurors about the NFL, the Super Bowl, and the NFL litigation, as well as the highly publicized issues that are actually alleged in this Indictment.

In addition, interjecting the government's claims regarding Mr. Avenatti's alleged representation of football fans and, according to the government, his alleged cheating of them of money, would be highly prejudicial and risk that the jury will convict Mr. Avenatti based not on the evidence supporting the charges against him, but instead on his alleged conduct in the NFL case.  This is a textbook example of the type of evidence that should be excluded under Rule 403.   For these reasons, this evidence should not be admitted.

b. Alleged Failure to Pay Over IRS Payroll Taxes:

The government indicated that it seeks to introduce evidence that between 2015 and 2017, Mr. Avenatti failed to pay the IRS payroll taxes that were withheld from EA LLP employees' paychecks. The government indicated that it wishes to

present this evidence in order to establish that Mr. Avenatti was aware of other personal and organizational obligations to the IRS.

The government argues that Mr. Avenatti used the funds withheld from employees' paychecks for his personal expenses. The government claims that when these funds ran out, Mr. Avenatti began misappropriating funds from Clients 1 and 4 in order to fulfill his obligations to the IRS and settle his claims with the Bankruptcy Court.

The government seeks to admit the following evidence in connection with this claim:

a. Testimony from EA Employee 1;
b. Testimony from an IRS Reporting Officer;
c. Testimony from defendant's former accountant, M.H.;
d. Documents and records from the IRS regarding EA LLP's payroll taxes;
e. Documents and records obtained from Paychex and other third parties;
f. Electronic search warrant evidence;
g. Bank records;
h. Summary testimony relating to EA LLP's finances;
i. Stipulation defendant signed.

Inextricably Intertwined: First, the government argues that defendant's actions regarding EA LLP's payroll taxes is direct proof of his knowledge of his obligations to pay Global Baristas US LLC [GBUS's] payroll taxes, as well as his obligations to pay individual tax returns and EA LLP's tax returns. The government argues that evidence of Mr. Avenatti's knowledge in connection with the failure to pay over to the IRS payroll taxes withheld from EA LLP's employees' paychecks proves his knowledge of his other obligations to the IRS. The government need not admit this extensive amount of additional evidence to establish that Mr. Avenatti was aware of his obligations to the IRS. The only commonality between the conduct

the government seeks to admit and the conduct charged in the Indictment is the idea that Mr. Avenatti, much like most other Americans, had an obligation to the IRS.

The government claimed that this evidence is also inextricably intertwined with Count 1, specifically as it relates to Clients 1 and 4. The government argues that Mr. Avenatti obtained $4,000,000 on behalf of Client 1 and used a portion of those funds for his own purposes. When that money ran out, he turned to the funds that were withheld from the employees' paychecks for his personal expenses. The government also alleges that Mr. Avenatti used funds he obtained from Client 4's settlement to repay the IRS a portion of the unpaid taxes in connection with the 2017 EA Bankruptcy settlement. The admission of testimony from several individuals, tax documentation, documents from former tax-preparers, bank records, and demonstrative testimony related to EA LLP's finances is unnecessary to establish these claims.

404(b), 403: The government argues that the evidence is also admissible under Rule 404(b) to demonstrate knowledge, motive, plan, intent, absence of mistake, or lack of accident. The government is seeking to prosecute Mr. Avenatti for offenses not charged in the Indictment by using the evidence requested to improperly bolster the current claims against him. The years' worth of information and testimony that the government seeks to introduce is confusing, time consuming, and a waste of time.

Jurors would struggle to compartmentalize what specific tax documents are being proffered to establish the counts alleged in the Indictment and those offered for the purpose of knowledge, plan or absence of mistake. Further, these documents would cause extreme prejudice and delay. The introduction of superfluous tax documents and claims of other misdeeds will distract jurors from the issues alleged in the Indictment. Additional IRS documents would only waste time and cause all parties to perform a lengthy tax lesson in order to differentiate between the

materials.    Again, if the government wishes to charge Mr. Avenatti with misconduct, then they should issue a superseding indictment.. For these reasons, this evidence should not be admitted.

c. Alleged Failure to Pay State Taxes for Global Baristas US, LLC:

The government has also indicated that it intends on introducing evidence that GBUS failed to pay the Washington Department of Revenue and other **state** taxing authorities taxes that were due and owing. The government seeks to introduce the following evidence to establish this conduct:

1. Testimony from **numerous** GBUS employees;
2. Testimony from EA Employee 1;
3. Documents obtained from GBUS employees;
4. Documents obtained from the Washington Department of Revenue;
5. Electronic search warrant evidence;
6. Bank records;
7. Summary of bank records;
8. Emails

Inextricably Intertwined: The government claims that this evidence is inextricably intertwined with "the other tax charges..." and is coextensive with the evidence relating to Counts 11 through 19. Counts 11 through 18 represent Mr. Avenatti's alleged failure to file quarterly, **federal** payroll taxes between January of 2016 and October of 2017 on behalf of Global Baristas US LLC. Count 19 alleges that Mr. Avenatti attempted to impede the IRS's collection of the payroll taxes owed. The Indictment makes no allegations in connection with Mr. Avenatti's alleged failures to pay the Washington Department of Revenue, the state taxing authority. This information should not be introduced as evidence as it is inherently separate from any federal tax claims made against Mr. Avenatti associated with Global Baristas US, LLC.

- 13 -

404(b), 403: The government argues that if the evidence is also admissible under Rule 404(b) to demonstrate knowledge, motive, plan, intent, absence of mistake, or lack of accident. This evidence is not required for the government to prove any portion of this case. The allegations alleged would cause confusion to jurors. The claims relating to GBUS's obligations to the IRS may be improperly bolstered by evidence relating to the same company but different taxing authority. The evidence sought to be introduced spans over a longer period of time (October 2015 through September 2019) than the allegations made in the indictment. This evidence would cause confusion, would waste time, and would unduly prejudice Mr. Avenatti. For these reasons, this evidence should not be admitted.

d. Alleged Fraudulent Conduct Relating to the 2017 EA Bankruptcy:

The government indicated that it seeks to introduce evidence that defendant engaged in fraudulent conduct in connection with the 2017 EA Bankruptcy proceeding. Specifically, the government claims that in February or March of 2017, Mr. Avenatti arranged for REDACTED an involuntary bankruptcy proceeding against EA LLP in Florida for the purpose of obstructing ongoing litigation with REDACTED LC. The government argues that Mr. Avenatti had another attorney (Lawyer 1) fly to Florida to assist his filing.

The government also plans on admitting evidence that during the eventual EA LLP Bankruptcy proceedings Mr. Avenatti made various false statements. Finally, the government wishes to introduce evidence that Mr. Avenatti was aware of a forgery committed during the execution of a Bankruptcy-related settlement agreement. The government does not allege that Mr. Avenatti committed this forgery; instead, he was simply aware that it had occurred.

/

- 14 -

The government seeks to introduce the following "extensive testimonial and documentary" evidence to establish this conduct:

1. Testimony from EA Employee 1;
2. Testimony of Lawyer 1 (counsel who flew to Florida);
3. Testimony of Partner 1;
4. Publicly filed documents from the 2017 EA Bankruptcy;
5. Recordings of defendant's testimony during debtor's examinations;
6. Documentary and electronic evidence provided by Lawyer 1 & Partner 1;
7. Electronic search warrant evidence;
8. Bank records.

Remarkably, the government is proposing that they will have a current member of the California Bar, who has not been charged ("Lawyer 1"), appear at trial and testify under oath that he committed multiple federal felonies, including conspiracy, in connection with this alleged scheme. But critically, they will not bring Mr. ′ REDACTED who allegedly committed the forgery and engaged in bankruptcy fraud and *multiple acts of perjury* under their theory, to testify. Presumably this is because he has asserted his Fifth Amendment right or the government wishes to avoid the defense being able to cross-examine ‒ REDACTED to his lengthy criminal record and multiple felonies, as well as his prior perjury. This is beyond improper and highly prejudicial.

Inextricably Intertwined: The government claims that this evidence is inextricably intertwined with Counts 33, 34, 35, and 36. Based upon the following, the conduct described above is not inextricably intertwined with these counts.

The false statement alleged in Count 33 was that Mr. Avenatti misrepresented EA LLP's Monthly Operating Report between May 1, 2017 through May 30, 2017. Count 34 alleges the same misrepresentation between September 1, 2017 and September 30, 2017. Count 35 alleges the same conduct between the period of January 1, 2018 and January 30, 2018. Count 36 alleges that Mr. Avenatti

falsely stated that he did not receive attorney's fees in connection with the Super Bowl NFL Litigation.

The "extensive testimonial and documentary evidence" that the government seeks to introduce is not necessary to prove its case-in-chief and has nothing to do with the charges at issue. The government argues that the presentation of this evidence is necessary to present "a coherent and comprehensible story regarding the commission of the crime." This is untrue. The misconduct alleged above (even if true, which it is not) is entirely unrelated to the claims described in Counts 33, 34, 35, and 36. The reason for the bankruptcy or how it came about or what other agreements were entered into in connection with the bankruptcy has nothing to do with whether the monthly operating reports were false (which is what has been charged). Once again, Mr. Avenatti has not been charged with any crimes relating to these actions despite the government knowing about them for years now. The government is attempting to improperly bolster the Indictment by alleging other bad acts that were not described within the charging instrument and have little relation to the charged conduct.

Once again, it appears that the government is attempting to try Mr. Avenatti for conduct not charged in the Indictment. If the government believes that there is extensive testimony and documentary evidence supporting these additional misstatements and misrepresentations, it should have sought to supersede the Indictment. The information sought to be introduced is not inextricably intertwined with Counts 33, 34, 35, and 36.

404(b), 403: The government argues that the evidence is also admissible under Rule 404(b) to demonstrate knowledge, motive, plan, intent, absence of mistake, or lack of accident. The government is attempting to make their presentation of Counts 33, 34, 35, and 36 much more complex than it needs to be. The claims against Mr. Avenatti in Counts 33 through 35 are simple. The

- 16 -

government alleged that Mr. Avenatti lied about three different Monthly Operating Reports. Count 36 alleges a false claim in connection with the receipt of attorney's fees.

Allowing the government to proceed in the manner it proposes is inequitable and highly prejudicial. The government requests that it be permitted to introduce carefully selected pages from the Bankruptcy Court proceedings. (Doc. No. 284-1, Exhibit 5, p. 31). Specifically, the government requests that it be permitted to introduce pages 11, 12 and 30. If the government wishes to introduce three pages from a proceeding, the rule of completeness provides the defense the opportunity to introduce "any other part – or any other writing or recorded statement – that fairness ought to be considered at the same time." Fed. R. Evid. 106.

Admitting the evidence from the bankruptcy matter will waste time, cause confusion and force all parties to engage in a week-long trial within a trial.

Moreover, the significant prejudice associated with the introduction of this side matter is further enhanced by the fact that under the government's proposal, the defense will evidently not be permitted to cross examine Mr. — REDACTED about his numerous prior statements in the bankruptcy proceeding and under oath relating to its legitimacy.[5] This fact only further demonstrates that what the government is attempting to do is improper.

The government is seeking to introduce lengthy and inflammatory evidence about unproven and uncharged false statements and false documentation provided to the Bankruptcy Court. The introduction of unrelated witnesses and thousands of pages of materials will waste time, cause confusion, and prejudice Mr. Avenatti. It will also cause a mini trial as to the new allegations and further increase the

---

[5] Under no circumstances should the government be permitted to interject this claim into the case knowing full well that Mr. — REDACTED · center of the issue, will not be permitted to be cross-examined by the defense at trial. The prejudice resulting from such a scenario cannot be overstated.

1   likelihood that Mr. Avenatti will be convicted based on evidence relating to other

2   uncharged acts as opposed to evidence supporting the charges in the Indictment.

3   For these reasons, this evidence should not be admitted.

4

5         e.   <u>Alleged Perjury During Judgment Debtor Examinations:</u>

6         The government has indicated that it will seek to introduce evidence related

7   to allegedly false statements Mr. Avenatti made during Judgment Debtor

8   Examinations in 2018 and 2019. First, the government argues that on July 25, 2018,

9   during the 2017 EA Bankruptcy, Mr. Avenatti falsely testified that he believed EA

10  LLP filed its 2013, 2014, 2015, and 2016 tax returns. Second, the government

11  argues that Mr. Avenatti lied during a judgment debtor exam when he claimed to

12  have filed his personal and business tax returns for the 2016 tax years.[6] Third, the

13  government claims that Mr. Avenatti made false statements when he claimed that

14  Client 1 received his settlement proceeds.[7] Fourth, the government argues that Mr.

15  Avenatti dishonestly stated that he had no ownership interest in Augustus LLP. The

16  government also seeks to introduce statements that Mr. Avenatti claimed that EA

17  LLP filed federal tax returns for each year since 2013.[8] Next, the government claims

18  that Mr. Avenatti falsely asserted that he did not steal funds from Client 4's

19  settlement proceeds.

20        Attached to its motion, the government provided a series of proposed

21  exhibits. Included within these exhibits are excerpts from the judgment debtor

22  proceedings and bankruptcy proceeding described above:

23

24        1.   A portion of testimony from *Michael Avenatti v. Lisa Storie Avenatti*
             (pgs. 14, 15, & 16)

25        2.   A portion of testimony from *Jason Frank Law, PLC v. Michael J.*
             *Avenatti* (pgs. 2, 74, 96, 97, 130-141); and,

26

27  ──────────────

28  [6] *Michael Avenatti v. Lisa Storie Avenatti* (OC Case No. 17-D00-99-33)
    [7] *Jason Frank Law, PLC v. Michael J. Avenatti* (LA Case No. BC706555)
    [8] *In Re Eagan Avenatti, LLP,* (Bankruptcy Court Case No. 8:18-CV-1644-VAP)

3. A portion of testimony from *In Re Eagan Avenatti* (pgs. 6, 31-33, 214-242).

The government also seeks to introduce the additional "extensive documentary and testimonial" evidence to establish this conduct:

4. "few" additional documents;
5. "few" additional emails

Inextricably Intertwined: The government argues that this conduct is inextricably intertwined with Count 1. The government argues that Mr. Avenatti lied during the judgment creditor exam when he indicated that he did not steal from Client 1 and referred to the settlement as confidential. The government claims that Mr. Avenatti drove to Client's 1 house immediately after the examination to "lull and prevent Client 1 from discovering defendant's embezzlement of Client 1's settlement." The admission of several out-of-court proceedings is not necessary for the government to present a comprehensive narrative in connection with Count 1. Mr. Avenatti's statements that he did not steal from Client 1 are not necessary for the government to present its case in connection with Count 1.  Further, Mr. Avenatti's testimony as to whether he believed he had filed tax returns has no bearing on whether such returns were actually filed.  Nor is there any relevance as to the statement regarding Augustus LLP. *Again, if the government is that confident that Mr. Avenatti committed perjury during his examinations, they should indict him for it.  But what they are not permitted to do is attempt to indirectly convict him for these alleged bad acts by way of this case.*

404(b), 403: The government argues that the evidence is also admissible under Rule 404(b) to demonstrate knowledge, motive, plan, intent, absence of mistake, or lack of accident. Through the admission of this evidence, the government is again attempting to complicate an already complex set of facts. The introduction of alleged false statements from six different federal and state court

judgment debtor examinations will require both the defense and the prosecution to pursue a detailed inquiry into the veracity of each statement made at each of these proceedings.

Similar to the Bankruptcy proceeding, the government is attempting to carefully select the pages of the judgment examination it wishes to introduce as evidence. If the government is permitted to introduce a portion of these proceedings, the defense may choose to introduce the entire proceeding. Not only will this waste time, but it will cause confusion and force all parties to relitigate the out-of-court proceedings.

This inquiry is not material and is not necessary for the government to proceed in its case-in-chief. The presentation of this evidence will prejudice Mr. Avenatti by putting him in a position to re-litigate and explain each of these judgment debtor examinations, the surrounding testimony, and litigate the issues at the center of each of these disputes. For these reasons, this evidence should not be admitted.

   f.   Criminal Conduct Charged in the Southern District of New York:

The government wishes to introduce evidence related to Mr. Avenatti's criminal conviction in the Southern District of New York, *United States v. Avenatti*, No. 1:19-CR-374-PGG (the "Nike Case"). The government indicated that it seeks to introduce this evidence pursuant to Rules 404(b), 608 or 609.[9]

On February 14, 2020, Mr. Avenatti was found guilty on three counts: transmission of interstate communications with intent to extort, attempted extortion and honest services wire fraud. Mr. Avenatti has not been sentenced in the case

---

[9] In the government's February 2020 notice, it relayed its intention of introducing evidence related to Mr. Avenatti's other case pending in the Southern District of New York relating to Stormy Daniels. Based upon its pleadings, the government does not presently request the admission of these materials. The defense reserves its objection to the admission of that evidence if later offered.

and his post-trial motion seeking an acquittal and a new trial has been pending for approximately six months.  If the motion is denied, an appeal of the conviction on multiple grounds will be promptly filed before the Second Circuit.  This case and the conviction have gained widespread media attention, including on national television.

Pursuant to Rule 608 and 609, except for a criminal conviction, extrinsic evidence is not admissible to prove specific instances of a witness' conduct in order to attack the witness' character for truthfulness. Although a verdict was rendered against Mr. Avenatti in the Nike matter, he has not been sentenced and a judgment of conviction has not been entered.

Mr. Avenatti requests that this Court exclude this conduct and conviction from admission in the trial. First, this case was highly publicized. If the government is permitted to present evidence regarding this case, the defense will be required to ask potential jurors about this case alongside the other complex and highly-publicized matters at issue in this Indictment.  This will further complicate juror selection and make it that more unlikely that Mr. Avenatti will receive a fair trial.

Second, the introduction of this conviction would also cause extreme prejudice due to the closeness in time in which these claims arose. Jurors would be led to believe that because he was found guilty in that matter, he must be guilty of the charges in this case as well. Mr. Avenatti will be forced to re-prepare his defense in the Nike matter in preparation for this trial and likewise re-argue the evidence in his defense.  This will further cause a longer trial.

Mr. Avenatti requests that the Court exclude this evidence.

/

/

/

/

- 21 -

**III. CONCLUSION**

    For each of the above reasons, Mr. Avenatti, through his counsel of record, requests that this Court deny the government's request for the admission of the six general categories of evidence.


Dated: September 28, 2020        /s/ H. Dean Steward
                                    H. Dean Steward
                                    Counsel for Defendant
                                    Michael Avenatti

CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.

I am not a party to the above entitled action. I have caused, on 9-28-20, service of the defendant's:

**OPPOSITION TO GOVERNMENT 404(b) MOTION**

On the following party, using the court's ECF system:

**AUSA JULIAN ANDRE & BRETT SAGEL**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 9-28-20

s/ H. Dean Steward

H. Dean Steward