H. Dean Steward, SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | SA CR No. 19-061-JVS<br><br>DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE DEFENSE EXHIBITS<br><br>Date: Oct. 19, 2020<br>Time: 9:00 AM |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his counsel of record, H. Dean Steward, hereby files this Opposition to the Government's Motion In Limine To Exclude Any Defense Exhibits That Have Not Been Produced Pursuant to Defendant's Reciprocal Discovery Obligations, Including Any Exhibits Relating to an Advice of Counsel Defense. Defendant's opposition to the motion is based on the attached memorandum of points and authorities; the files, records and transcripts in this case; and such further evidence and argument as the Court may permit at a hearing on this matter.

Dated: 9-28-20                    /s./ H. Dean Steward

                                  H. Dean Steward
                                  Counsel for Defendant
                                  Michael J. Avenatti

1

# MEMORANDUM OF POINTS AND AUTHORITES

## I. INTRODUCTION

Despite previously representing to the Court and the defense that they would comply with their Rule 16 obligations and produce nearly all of the relevant discovery in this case well before the end of last year, as set forth in detail below, the government has produced over 80% of the total discovery in this case - over *1,247,900 pages and more than 142,700 documents* – over the last eight months. This has included the results from multiple search warrants that the government executed back in March of 2018. Indeed, the government continues to produce materials from these warrants - <u>less than two weeks ago, after the prosecution filed the instant motion and well past the deadline the prosecution trumpets in their motion, the government produced another 6,236 pages of discovery (2,714 documents) to the defense</u>. And they have stated that even more Rule 16 discovery is left to be produced. Accordingly, any claim that the government has suffered prejudice because of the defense's conduct regarding late production or that the government "substantially compiled" with its own discovery obligations last May and June (2019) rings hollow.

The defense has made considerable progress in their review of the discovery, but significant information remains to be reviewed -- approximately 540,000 pages (64,000 documents) plus electronic images. This discovery must be reviewed by the defense well prior to trial and before determining what reciprocal discovery is required to be produced to the government. This is especially true seeing as the defense is not required to reproduce to the government information that the defense has already received from the government. The defense cannot reasonably be expected to complete their reciprocal discovery obligations before completing their review of the discovery produced by the government.

*Further, the defense is in this position through no fault of their own.* The government delayed producing the discovery and did not do so in a timely manner.

Meanwhile, the defense could not review what it did not have. And the defense has been diligent in reviewing the discovery once it was ultimately produced by the government.

In addition, the government cannot point to any prejudice at this juncture associated with receiving discovery from the defense after the deadline. First, the government has no idea what documents or materials may be later produced, if any, and therefore what prejudice, if any, may be associated with the late production of a particular document or documents. Second, in the last two weeks, the government itself has produced over 6,000 pages (over 2,700 documents) to the defense after the deadline. How can the government legitimately claim prejudice when the government itself is continuing to produce discovery to the defense despite repeatedly assuring the court and the defense that its own discovery obligations would be complete last year? Third, while the trial date is presently December 8, 2020, there is a significant chance that the trial will again be delayed due to the pandemic. If this occurs, it is difficult to comprehend how the government would be prejudiced by any late production in the coming weeks.

Moreover, any exhibits or documents used as impeachment of a witness are not required to be produced until impeachment. The government cannot overcome this rule by way of its motion. In addition, the deadline for the exchange and submission of exhibit lists associated with the trial is well into the future.

Finally, as the defense has informed the government, the defense is still determining whether to assert the advice of counsel defense. They are unable to do so until, at a minimum, the discovery from the government is more thoroughly reviewed and additional information is obtained from third parties. In addition, the defense should be permitted to wait to decide on whether to assert this defense until after the defense observes the government's case and the government rests. There is nothing in the federal rules requiring the defendant to invoke an advice of counsel defense before trial and to notify the government. Such an order from the Court would be highly unusual and inconsistent

with its past practices (*see, e.g., United States v. Michaels et al.*, SA CR 16-76-JVS). Indeed, the government only points to one case in which this has occurred.

For each of these reasons, as well as those set forth below, the defense respectfully requests that the Court deny the government's motion.

## II. ARGUMENT

### A. The Government's Late Productions of Discovery Prejudiced the Defense and Made It Impossible for the Defense to Meet the Deadline

Any assertion that the defense has had ample time to review the discovery in this case and identify reciprocal discovery is meritless and belied by (a) the actual data showing the quantity of the government's productions and (b) simple math associated with the time it takes to review discovery.[1]

The government made repeated representations to the Court and the defense during 2019 that all or substantially all of the discovery, including the results of various search warrants that had been executed, would be produced to the defense well before the end of 2019. *See, e.g.*, Docket No. 44 (joint report filed July 1, 2019), pp. 7-8 (government estimating production to be complete in three months (meaning in early October 2019) and stating the production would be made on a rolling basis); Docket No. 46 (transcript of Status Conference held on July 8, 2019) at 10:1 – 11:1 (AUSA Andre representing to the Court that the discovery would be produced within three months); Docket No. 49 (government's status report filed July 22, 2019), pp. 7-8 (estimating that the production will be substantially completed in three to four months). However, for reasons still unclear to the defense, this did not occur.

On January 15, 2020, the government succeeded in having Mr. Avenatti remanded to custody. As of that date, the government had produced approximately 262,043 pages

---

[1] If the government is going to continue to make this claim, then the government should explain to the Court in detail, with calculations reflecting average documents reviewed per hour, how the defense was reasonably expected to complete literally thousands of hours reviewing the government's discovery produced over the last seven months.

3

of discovery (in total) to the defense, together with certain electronic data. Mr. Avenatti was subsequently transferred to the Metropolitan Correctional Center in New York on January 17, 2020. For approximately the next three and a half months, until April 24, 2020 when this Court released Mr. Avenatti to home confinement, Mr. Avenatti was predominately held in solitary confinement and/or in locked-down status under abhorrent, brutal conditions that have been previously documented for the Court and never refuted by the government. *See, e.g.*, Docket No. 164, pp. 6-13. He was not permitted to review any of the discovery in this case during his confinement nor was be able to regularly and meaningfully communicate with his lawyers in this case. *Id. As a result, he was in no position to identify reciprocal discovery to be produced.*

Meanwhile, the government began making a series of late productions of discovery containing large numbers of documents and pages, the vast majority of which resulted from the search warrants executed in the case close to a year prior:

1. <u>February 11, 2020</u>:  Bates 262044 - 452431 (190,387 pages[2])
2. <u>March 3, 2020</u>:  Bates 452432 – 457801 (5,369 pages)
3. <u>March 13, 2020</u>:  PRT Bates 41677 – 1069024 (1,027,347 pages; 126,288 documents)
4. March 17, 2020:  Bates 457802 – 460560 (2,758 pages)
5. May 8, 2020:  Bates 460651 – 1124945 (664,294 pages; 87,266 documents)[3]
6. May 15, 2020:  Bates 1124946 – 1125065 (119 pages)
7. June 10, 2020:  Bates 1125066 – 1137893 (12,827 pages)
8. July 15, 2020:  Bates 1137894 – 1138103 (209 pages)
9. July 29, 2020:  Bates 1138103 – 1140793 (2,690 pages)

---

[2] The term "pages" is meant to include not only copies of pages of documents but other materials as well such as audio recordings, photographs, etc.

[3] These documents and pages were a duplicative subset of what had been produced by the Privilege Review Team on March 13, 2020.

10. September 17, 2020: PRT Bates 1069025 – 1070296 (1,271 pages; 241 documents) and PRT 1070297 – 1075262 (4,935 pages; 2,232 documents)

*Thus, since February 11 (less than eight months ago), the government has produced a net[4] total of 1,247,912 pages of discovery to the defense, which translates into more than 142,700 documents.* This does not include additional electronic data produced by the government during this time period.

Critically, much of this discovery was in the possession of the government for close to one year before it was produced to the defense. And when it was finally produced, the majority of it was produced while Mr. Avenatti was in solitary confinement and/or under locked-down status, and (b) the COVID-19 pandemic swept the country and substantially interfered with the defense's ability to prepare for trial.[5]

### B. No Fault Lies with the Defense

The failure by the government to produce discovery earlier in this case is their failure and their failure alone. The defense bears no responsibility for the government taking almost a year in some cases to produce the results of various search warrants. The prosecution represented to the Court and the defense that nearly all of the discovery would be produced last year. That did not occur. In fact, on a percentage basis, <u>less than 20%</u> of the total discovery (and very little of the search warrant materials) was produced before February 11 of this year. And at the time, this case was set for trial in May. Accordingly, any claim that the government had substantially complied with its obligation under Rule 16 a year ago (in May and June of 2019) is meritless. Less than 20% and very little of the critical search warrant materials cannot be classified as substantial compliance under Rule 16.

---

[4] The duplicative subset referenced in footnote 2 above is not included in this calculation.

[5] At a June 1 Status Conference in this case, the Court acknowledged that the COVID-19 pandemic had impacted the defense's ability to prepare for trial in this matter.

5

Further, the defense could not have reasonably been expected to review over 1 million pages of discovery (approximately 130,000 documents) between March 13, 2020 and the deadline, especially considering that the rule of thumb is approximately 50 documents per hour can be reviewed, meaning 2,600 hours at a minimum is required to complete the review. The defense cannot be faulted for needing more time to review the discovery when it took the government, with their vast and virtually unlimited resources, much longer (in some cases close to a year) to review the same materials and produce them to the defense.

Moreover, the defense is not required to reproduce to the government information that the government has already produced to the defense. Therefore, the defense cannot reasonably be expected to complete their reciprocal discovery obligations before completing their review of the discovery produced by the government. This is why Rule 16 requires the government to substantially complete its Rule 16 obligations <u>first</u>. It is designed to permit the defense adequate time to review the government's discovery before determining what the defense is required to produce. When the government dumps over a million pages of discovery on the defense late in the case, it substantially delays the process.

### C. The Government Cannot Be Granted A Wholesale Exclusion of Documents and Materials

The government's attempt to obtain a blanket order from the Court excluding all information produced after the reciprocal discovery deadline is improper. In the event documents and materials are later produced and the government wishes to have that information excluded from evidence, the government must seek to do so on a document by document basis and must make an adequate showing of prejudice. But what the government cannot do is what it attempts to do by way of its motion – have the Court rule in a vacuum and exclude any and all information that may be later produced regardless of why it may have been produced late, what it is, its relevance, the context and timing of its

production (i.e. during trial or before trial), whether the government had notice of the document before production, and the resulting prejudice (if any).[6] In fact, in light of the government's own continued late production of materials, *including over 2,400 documents in the last two weeks* (well after the deadline the government uses for the centerpiece of its motion), it is difficult to fathom how the government can reasonably argue the degree of prejudice necessary to have the information excluded from trial at this juncture. How can the government seek to have defense documents and materials excluded from evidence due to them being produced late when the government itself is still producing documents and materials and expecting to be able to use them at trial?

The requirement of a document by document analysis and a showing of specific prejudice is why the cases cited by the government predominantly involve situations of documents being produced during the trial – not weeks or months before trial. For instance, *U.S. v. Scholl*, 166 F.3d 964 (9th Cir. 1999) affirmed a lower court finding that defense counsel had deliberately concealed cashier's checks. During the trial, the defendant attempted to introduce nine cashier's checks. Previous to the trial, the defense had made a representation that it had performed a full financial audit and provided everything to the government. The evidence showed the defense had strategically lied and failed to provide these checks. In *U.S. v. Duran* 41 F.3d 540 (9th Cir. 1994), the defendants attempted to introduce evidence of a worker's compensation award. The defendants admitted that they did not disclose this award until after the government concluded its case in chief. After the government's case-in-chief, the district court held a hearing during which the government successfully moved to exclude the exhibits not previously provided to the government. In *U.S. v. Aceves-Rosale*, 832 F.2d 1155 (9th Cir. 1987), the defense sought to introduce evidence of a one-page medical report prepared by his doctor in the emergency room. The defense learned of the medical report the day before the trial and

---

[6] There remains a significant chance that the trial will need to be moved due to the COVID-19 pandemic. If this occurs, the prejudice hurdle for the government will likely become that much higher.

7

subpoenaed it but did not alert the government that they had done so and instead attempted to surprise the government at trial. The document was subsequently excluded. Importantly, none of these cases involve a wholesale exclusion of documents and materials months before trial, which is what the government seeks by way of its motion.

Further, the remedy the government seeks is drastic. If a party fails to comply with Rule 16 discovery obligations, the district court may order disclosure, grant a continuance, prohibit the use of the evidence or enter any other order that is just under the circumstances. Fed. R. Crim. Proc 16(b)(2)(A), (B). ***Exclusion is an appropriate remedy for a discovery rule violation "only where the omission was willful and motivated by a desire to obtain a tactical advantage."*** *U.S. v. Finley*, 301 F.3d 1000, 1002 (9th Cir. 2002), (emphasis added). In determining whether exclusion is proper, the district court must also consider the "decisive value" of the relevant evidence as well as whether the exclusion would be proportionate to the conduct of counsel. *U.S. v. Duran*, supra, at 545

The United States Supreme Court has held that few rights are more fundamental than an accused's ability to present his defense. *Finley*, 301 F. 3d at 1002. (citing *Taylor v. Illinois*, 484 U.S. 400, 415 (1988)). Accordingly, the Ninth Circuit has warned district courts to "use particular caution when apply[ing] the drastic remedy of excluding…." a witness or other defense materials. *Id.* The government has made no showing that any omission was willful and motivated by a desire to obtain a tactical advantage. Because the government has requested a blanket exclusion, rather than seeking to exclude documents or witnesses individually, the government has failed to weigh the evidence's decisive value.

Finally, any exhibits, documents or materials used for impeachment of a witness are not required to be produced until the time of impeachment. If a witness testifies at trial inconsistent with a document, the defense is permitted to use that document to impeach the witness regardless of whether it was previously provided to the government. The government cannot have this rule cast aside by way of its motion.

### D. The Defense Need Not Assert the Advice of Counsel Defense Now

As the defense has informed the government, the defense is still determining whether to assert the advice of counsel defense. They are unable to do so until, at a minimum, the discovery from the government is more thoroughly reviewed and additional information is obtained from third parties. In addition, the defense should be permitted to wait to decide on whether to assert this defense until after the defense observes the government's case and the government rests. This is especially true in light of the defense's motion to sever, currently pending before the Court, which could have a significant impact on which counts are tried first and therefore whether an advice of counsel defense is viable as to the first counts to be tried.

To be clear, there is nothing in the federal rules requiring the defendant to invoke an advice of counsel defense before trial and to notify the government. Such an order from the Court would be highly unusual and inconsistent with its past practices (*see, e.g., United States v. Michaels et al.*, SA CR 16-76-JVS). Indeed, the government only points to one case in which this has ever occurred. There is no legitimate reason why this case should be the second.

### III. **CONCLUSION**

For each of the above reasons, Mr. Avenatti respectfully requests that the Court deny the motion.

Dated: September 28, 2020

Respectfully submitted,

/s/ H. Dean Steward
H. DEAN STEWARD

Attorney for Defendant
MICHAEL JOHN AVENATTI

## CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672. I am not a party to the above-entitled action. I have caused, on September 28, 2020, service of the:

DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE ANY DEFENSE EXHIBITS THAT HAVE NOT BEEN PRODUCED PURSUANT TO DEFENDANT'S RECIPROCAL DISCOVERY OBLIGATIONS, INCLUDING ANY EXHIBITS RELATING TO AN ADVICE OF COUNSEL DEFENSE

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA JULIAN ANDRE

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 28, 2020

/s/ H. Dean Steward

H. Dean Steward