**DECLARATION OF JULIAN L. ANDRÉ**

I, Julian L. André, declare as follows:

1. I am an Assistant United States Attorney ("AUSA") in the United States Attorney's Office for the Central District of California (the "USAO"). I, together with AUSA Brett A. Sagel, am assigned to represent the government in the prosecution of defendant MICHAEL JOHN AVENATTI ("defendant") in <u>United States v. Michael John Avenatti</u>, SA CR 19-61-JVS. I submit this declaration in support of the government's opposition to defendant's motion for privilege review, evidentiary hearing, and discovery.

2. On May 13, 2020, AUSA Sagel and I were using the Prosecution Team's Relativity document review database to conduct a review of the search warrant materials that the Privilege Review Team had recently released to the Prosecution Team. As has been customary in this case, the documents released by the Privilege Review Team were often loaded into the Prosecution Team's Relativity document review database in batches, allowing for a rolling review as materials became available.

3. While searching through the search warrant materials during the afternoon and evening of May 13, 2020, AUSA Sagel and I came across a handful of emails between EA Employee 1 and Eagan Avenatti LLP's ("EA LLP") counsel in the EA LLP bankruptcy proceeding relating to the preparation of EA LLP's Monthly Operating Reports that needed to be filed with the bankruptcy court.

4. On May 14, 2020, AUSA Sagel and I discussed the emails between EA Employee 1 and EA LLP's bankruptcy counsel and agreed that although we did not believe the documents we had reviewed were privileged, out of an abundance of caution, we should notify the

Privilege Review Team to ensure that those documents were not released to the Prosecution Team inadvertently.  I then extracted copies of two examples of the documents we had reviewed from the Relativity database and emailed them to the Privilege Review Team.  Copies of our email correspondence with the Privilege Review Team regarding this issue are attached as Exhibit 17 to the government's opposition.

   5.   Attached as Exhibit 18 to the government's opposition is a spreadsheet that the government's electronic discovery vendor, Leidos, prepared regarding the Relativity database history for the 299 documents the Privilege Review Team removed from the Prosecution Team's database (the "Relativity Spreadsheet").  A copy of the Relativity Spreadsheet was produced to the defense on September 26, 2020.

   6.   Attached as Exhibit 19 to the government's opposition is a copy of the same spreadsheet from Leidos that has been filtered to limit the spreadsheet entries to the Prosecution Team and has been sorted by "Time Stamp" (the "Filtered Relativity Spreadsheet").  Exhibit 19 excludes any entries relating to Leidos employees' access to the 299 documents.  A copy of the Filtered Relativity Spreadsheet was produced to the defense on September 26, 2020.

   7.   Exhibit 20 to the government's opposition is a document Leidos provided to the Privilege Review Team describing the various terms/actions that appear on the Relativity Spreadsheet and the Filtered Relativity Spreadsheet.  A copy of this document was produced to the defense on September 26, 2020.

   8.   Based on my discussions with Leidos and the Privilege Review Team, as well as my review of Exhibit 20, I understand the

following regarding the data on the Relativity Spreadsheet (Ex. 18) and Filtered Relativity Spreadsheet (Ex. 19):

  a. The Relativity Spreadsheet reflects the database activity for each of the 299 documents that were removed from the Prosecution Team's database.

  b. The term "View" means that a document was visible to the user in the Relativity database.  The term "View" does not indicate whether the substance of the document was reviewed by the user or indicate how long the document was viewed.

  c. The term "Update" means a coding field in the Relativity database was modified by the user.  Among other things, any document that the Prosecution Team "tagged" using its document review codes (e.g., tagging a document as a trial exhibit or as relevant to a particular issue) would show up in the Relativity Spreadsheet with an "Update" entry.  Typically, whenever I review the substance of a document, I tag the document using our coding layout.

  d. The term "Update – Mass Edit" reflects that documents were "tagged" as part of a larger batch of documents without actually viewing the documents.  Leidos has confirmed that the "Update – Mass Edit" entries associated with our paralegal Yeni Gomez in the Relativity Spreadsheet reflect that Ms. Gomez batch-tagged all 299 documents, as well as any other documents released to the Prosecution Team at the same time, for production to the defense.  The production tag is how Leidos knows to Bates-label the documents and prepare them for production to the defense.  The "Update – Mass Edit" does not indicate that the documents were viewed by Ms. Gomez.  If the documents had been viewed by Ms. Gomez, there would be a corresponding "View" entry in the Relativity Spreadsheet.

3

   e. The terms "Run" and "Conversion Complete" are largely technical entries that are often triggered by the user viewing a document or the database processing the documents for viewing, but do not necessarily reflect any substantive actions taken by the user.

  9. Although Exhibits 18 and 19 reflect that I may have briefly "viewed" 15 out of the 299 documents that were removed from the Prosecution Team's database, I only recall reviewing the substance of a small number of emails on May 13 and May 14, 2020, that included EA LLP's bankruptcy counsel, and do not recall seeing any similar documents at other times.  I believe that I likely skipped over many of these documents without reviewing the substance of the document and/or did not notice whether they referenced EA LLP's bankruptcy counsel.  Additionally, my general practice was to tag any documents I reviewed.  Because the Relativity Spreadsheet indicates that I only "updated" the coding for 8 out of the 15 documents I "viewed," it is unlikely I reviewed the content of the other 7 documents.

  10. I do not remember anything regarding the content of the documents I reviewed beyond the information included in my May 14, 2020, email to the Privilege Review Team.

  11. Other than the copies of the two documents I emailed the Privilege Review Team on May 14, 2020, which I subsequently deleted (see Ex. 17), I did not save or print any of the other 299 documents the Privilege Review Team removed from the Prosecution Team's possession.

///

///

///

4

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and that this declaration is executed at Los Angeles, California, on September 28, 2020.

*Julian André*
JULIAN L. ANDRÉ
Assistant United States Attorney