NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6683
    Facsimile: (213) 894-6269
    Email:    Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
    Ronald Reagan Federal Building
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3598
    Facsimile: (714) 338-3708
    Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL JOHN AVENATTI, <br><br> Defendant. | SA CR No. 19-061-JVS <br><br> REPLY BRIEF IN SUPPORT OF THE GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE ANY DEFENSE EXHIBITS THAT HAVE NOT BEEN PRODUCED PURSUANT TO DEFENDANT'S RECIPROCAL DISCOVERY OBLIGATIONS, INCLUDING ANY EXHIBITS RELATING TO AN ADVICE-OF-COUNSEL DEFENSE <br><br> Motions Hearing: October 19, 2020 <br> Time: 9:00 a.m. <br> Location: Courtroom of the Hon. James V. Selna |

      Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and

Julian L. André, hereby files its reply brief in support of its motion in limine to exclude defense exhibits that have not been produced pursuant to defendant's reciprocal discovery obligations, including any exhibits that may relate to an advice-of-counsel defense.

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 5, 2020                Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division


     /s/
BRETT A. SAGEL
JULIAN L. ANDRÉ
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

DESCRIPTION                                                          PAGE

TABLE OF AUTHORITIES...................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES....................................1

I.    INTRODUCTION......................................................1

II.   ARGUMENT..........................................................1

      A.   Defendant's Meritless Discovery Claims.......................1

           1.   EA Digital Devices Discovery Produced in 2020..........2

           2.   Discovery Produced While Defendant Was
                Incarcerated...........................................3

           3.   Additional Discovery Productions In 2020...............4

      B.   Defendant's Failure to Comply with Rule 16...................6

           1.   Defendant's Reciprocal Discovery Obligation............6

           2.   Exclusion of Evidence..................................8

      C.   Defendant's Potential Advice-of-Counsel Defense.............10

III.  CONCLUSION......................................................12

**TABLE OF AUTHORITIES**

DESCRIPTION                                                                  PAGE

**FEDERAL CASES**

United States v. Aceves-Rosales,
       832 F.2d 1155 (9th Cir. 1987)...................................9

United States v. Duran,
       41 F.3d 540 (9th Cir. 1994)....................................9

United States v. Ellison,
       704 F. App'x 616 (9th Cir. 2017)...............................7

United States v. Gross,
       424 F. Supp. 3d 800 (C.D. Cal. 2019)...........................4

United States v. Howell,
       231 F.3d 615 (9th Cir. 2000)...............................10, 11

United States v. Michaels et al.,
       No. SA CR 16-76-JVS (C.D. Cal.)..........................7, 8, 12

United States v. Scholl,
       166 F.3d 964 (9th Cir. 1999)...................................9

United States v. Swenson,
       298 F.R.D. 474 (D. Idaho 2014).................................7

**FEDERAL RULES**

Fed. R. Crim. P. 16..........................................passim

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant MICHAEL JOHN AVENATTI ("defendant") has not produced a single document to the government pursuant to his reciprocal discovery obligations.  Despite stipulating to the Court-ordered August 31, 2020, reciprocal discovery deadline, defendant effectively argues that the Court's reciprocal discovery deadline was meaningless and his failure to comply with the deadline is not his fault.  Defendant's opposition primarily relies on irrelevant and misleading discovery claims, and fails to address the legal standards relating to Rule 16 and his reciprocal discovery obligations.  Defendant's arguments are meritless.  Consistent with Ninth Circuit precedent, this Court under its broad discretion should exclude any evidence defendant attempts to introduce absent a showing of good cause.

The Court should likewise prevent defendant from introducing by evidence, arguments, or questioning of witnesses that defendant retained or relied on counsel relating to the charged conduct -- particularly if defendant does not provide proper notice and discovery relating to any purported advice-of-counsel defense well in advance of trial.

**II.   ARGUMENT**

   **A.   Defendant's Meritless Discovery Claims**

To distract from his failure to comply with the Court-ordered deadline, to which he stipulated, defendant raises several claims about the discovery produced in this case.  None of defendant's claims provide any basis to excuse defendant's willful failure to comply with his reciprocal discovery obligations.  Indeed, defendant merely repeats the same arguments he raised in May 2020 --

prior to stipulating to his August 31, 2020, reciprocal discovery deadline. As the government has already briefed these discovery issues repeatedly (see, e.g., CR 168; CR 175; CR 195; CR 293), the government will not repeat all of its prior responses here.

1. EA Digital Devices Discovery Produced in 2020

Presumably to excuse missing his deadline, defendant claims that "for reasons still unclear to the defense," the government did not produce discovery by 2019 as previously anticipated, thus the government's discovery production was "late." (Opp. at 3.) Defendant, however, raised this exact same disingenuous argument in connection with his motion to continue the pretrial motions deadline (CR 274 at 4), which the Court properly denied (CR 295).

Nearly all of the discovery materials referenced in defendant's motion came from the EA LLP digital devices, including the EA LLP server. As defendant is well aware, these materials were not produced immediately because this Court held that defendant does not have a right to unlimited access to those devices (see CR 63; CR 199), and the government's Privilege Review Team needed to complete a scope and privilege review pursuant to the applicable search warrants prior to producing the materials to defendant. The government's Privilege Review Team worked diligently to complete this process, and the Prosecution Team regularly updated the Court and the defense regarding the status of the privilege review in status reports and during the monthly status conferences. (See CR 317 at 4-7.)

Moreover, this Court has already held that defendant had access to the materials on the EA LLP devices while the privilege review was ongoing, but did not make "any further effort to avail himself of that opportunity" after October 2019. (7/6/2020 RT 11:15-24; see

2

also CR 99 at 9-11; CR 63 at 4; CR 44 at 9-10.) This discovery, to which defendant already had access, was not produced "late."

        2.    <u>Discovery Produced While Defendant Was Incarcerated</u>

Defendant next attempts to excuse his failure to comply with the reciprocal discovery deadline by arguing that he was incarcerated from approximately January 17, 2020, through April 24, 2020, at the Metropolitan Correction Center in New York ("MCC"), and "as a result, he was in no position to identify reciprocal discovery to be produced." (Opp. at 4.)[1] Defendant's claim is baseless.

First, defendant is not <u>pro se</u>; he is represented by competent counsel and has been since May 2019. Although defendant may not have been able to review discovery during his confinement, there is no such excuse for defense counsel.

Second, as noted above, defendant had ample opportunity to review the EA LLP devices in 2019 (prior to defendant's incarceration); the defense's failure to do so falls on them. And the defense has long known what relevant information they would be seeking from the discovery due to the detailed indictment and search warrant affidavits. (<u>See</u> CR 175 at 19.)

Third, defendant and his counsel are both experienced attorneys who know how to efficiently handle document-intensive cases. It should be "evident to all" that "a review of the discovery produced does not require counsel to manually review [] millions of pages of

---

[1] Defendant again references his supposed conditions at MCC and claims the government has never refuted them. (Opp. at 4.) The government has not addressed these unsupported claims because they are entirely irrelevant. Indeed, when defendant first raised the same confinement claims in his May 27, 2020, status report (CR 164), the Court admonished defendant for filing an over-sized brief that included pages on irrelevant information such as defendant's "experiences at MCC." (6/1/2020 RT 16.)

documents" United States v. Gross, 424 F. Supp. 3d 800, 803 (C.D. Cal. 2019), as defendant claims. Rather, "a variety of electronic searches" can be used to "identify any relevant documents." Id.

Finally, defendant's argument also ignores the obvious: defendant has been out of custody for nearly six months and could have worked with counsel to identify reciprocal discovery during that time period -- especially since June 2, 2020, when defendant stipulated to his deadline (CR 170; CR 171).

### 3.  Additional Discovery Productions In 2020

Defendant also complains that the government has made additional "late productions" of discovery containing large numbers of documents and pages (Opp. at 3-5), presumably preventing him from complying with his agreed upon reciprocal discovery deadline. Defendant simply identifies the discovery by amount and date and purposefully fails to describe the contents of the productions, as these details would undercut defendant's argument.

Defendant takes issue with the amount of documents and percentages of documents released since February 2020, but neglects to mention that approximately 98% of the discovery was from the EA LLP devices provided to defendant in March 2020 and prior to defendant stipulating to his reciprocal discovery deadline in June 2020. Furthermore, defendant also fails to acknowledge that he had access to these devices in 2019 during the privilege review.

The productions that occurred after the parties stipulated to the August 31, 2020, reciprocal discovery deadline also do not provide any excuse for defendant. The government disclosed on May 30, 2020, that these productions would be coming (CR 168 at 11-14), and the specific productions further undercut any claim by

4

defendant.[2]  The June 10, 2020, production primarily consisted of irrelevant documents obtained from defendant's former employee, M.S, which relate almost exclusively to defendant's political ambitions and a separate company called Desert Harvest LLC.  The July 15, 2020, production primarily consisted of additional witness interview summaries, which the government voluntarily produced months before it was required to do so.  The July 29, 2020, production consisted entirely of approximately 174 documents obtained via the various search warrants and subsequently released to the Prosecution Team.  Notably, many of these documents came from defendant's MacBook, a complete forensic copy of which defendant has had since approximately November 2019.  Finally, the September 17, 2020, production that defendant complains the government produced after the deadline (Opp. at 2), was actually produced by the Privilege Review Team, and to the government's knowledge, consists of files that hit on search terms but contain technical issues rendering them incapable of review.[3]

Each of the government's discovery productions also includes detailed discovery letters and indexes, and the government produces all the discovery in fully-searchable load-files.  As the government stated in May 2020, defendant's complaints and actions (or

---

[2] Although not referenced in defendant's opposition based on timing, the government also provided approximately 225 pages of discovery on September 30, 2020, including witness interview materials and a letter defendant recently wrote to an author of a book demanding a retraction of statements.  The government has again voluntarily produced the witness statements prior to being required.

[3] The government specifically described in the May 30, 2020, status report that the Privilege Review Team would release files with technical issues out of an abundance of caution in case defendant could access the files.  Although the government does not have access to the letter provided to defendant with the September 17, 2020, production, the government expects that the letter detailed the non-accessible contents.  Defendant neither disclosed that the production came from the Privilege Review Team nor that they are inaccessible.

5

inactions), bespeak of someone who has no intention of actually reviewing the discovery or complying with his own obligations, but who instead simply wants to use these discovery claims as a basis to further delay this trial and avoid responsibility for his conduct. (CR 168 at 7; see also CR 175 at 8-18.)

### B. Defendant's Failure to Comply with Rule 16

#### 1. Defendant's Reciprocal Discovery Obligation

Defendant does not contest that Rule 16 requires defendant to produce pretrial reciprocal discovery to the government once the government substantially complies with its discovery obligation, or that the government has substantially complied with its obligations. Rather, defendant focuses nearly all of his opposition to repeating his prior misleading discovery complaints. Nearly all of the discovery productions about which defendant complains, however, occurred before defendant stipulated to the reciprocal discovery deadline on June 2, 2020. (CR 170; CR 171.)

As the government predicted in its motion, defendant now claims that he cannot produce any reciprocal discovery until he has reviewed all of the discovery in this case. (Opp. at 1.) Defendant's position is disingenuous and completely fails to address the numerous categories of discovery the government highlighted in its motion:

- Documents already in defendant's possession, including, for example, the documents defendant attached to tweets regarding Client 1.

- Documents and files produced directly to defendant from the Privilege Review Team, which were not provided to the Prosecution Team, including, but not limited to: the nearly 50,000 documents defendant obtained from the EA Servers through requests of the Privilege Review Team in 2019; the nearly 400,000 pages of potentially privileged materials provided to defendant but not to the Prosecution Team in March 2020; and the forensic copies of defendant's digital devices.

6

- Discovery received from third parties, such as in defendant's other legal matters, including with the State Bar of California and his criminal matters in the Southern District of New York.

- The discovery defendant has actually reviewed to date.

(Mot. at 3-5.) Defendant's failure to produce <u>any</u> reciprocal discovery from these materials demonstrates that defendant is not acting in good-faith.

Defendant does not address the first three categories above, and instead claims he does not need to "reproduce to the government information that the defense already received from the government." (Opp. at 1.) This is wrong. Defendant's reciprocal discovery obligations, as detailed in the government's motion, require defendant to disclose all non-impeachment[4] documents defendant intends to introduce at trial, including through cross-examination of government witnesses. Fed. R. Crim. Proc. 16(b)(1); <u>United States v. Ellison</u>, 704 F. App'x. 616, 625 (9th Cir. 2017); <u>United States v. Crowder</u>, 325 F. Supp. 3d 131, 137 (D.D.C. 2018); <u>United States v. Swenson</u>, 298 F.R.D. 474, 476-78 (D. Idaho 2014); <u>see</u> <u>also</u> <u>United States v. Michaels et al.</u>, No. SA CR 16-76-JVS, Doc. 768, 804 (C.D. Cal.).

As this Court stated in <u>Michaels</u>, and the government quoted in its motion, "It is insufficient to simply state that the defendant will be using documents produced by government in discovery."

---

[4] Although the government specifically stated in its motion, "[d]efendant must produce all documents save for true impeachment material" (Mot. at 3), defendant argues that the government cannot require him to produce impeachment material as part of his reciprocal discovery obligations (Opp. at 2). The government did not argue such, and considering defendant has produced no reciprocal discovery, it is curious to argue what he does not need to produce.

7

Michaels, Doc. 804 at 2.[5]  Considering the volume of evidence in this case, the fact that defendant has access to a much broader volume of materials than the Prosecution Team, and allegations that defendant has forged and manipulated documents in the past, the need to produce pretrial reciprocal discovery in a timely manner is necessary to avoid delay and to permit any necessary investigation into the legitimacy of the documents.  (See 4/27/2020 RT 9:20-10:18.)

### 2. Exclusion of Evidence

As detailed in the government's motion, this Court has broad discretion to exclude evidence that defendant failed to produce pursuant to his reciprocal discovery obligations barring a showing of good cause.  (Mot. at 5-7.)  Defendant's opposition attempts to shift the burden onto the government for defendant's Rule 16 violation.  Defendant claims that if the government wants to exclude any materials that defendant produces later, the government must "do so on a document by document basis and must make an adequate showing of prejudice."  (Opp. at 6.)  Defendant further provides various tests and questions that the Court needs to resolve, including again for the government to establish prejudice, before the government can obtain exclusion.  (Id. at 6-7.)  Noticeably absent from defendant's brief, however, is a single citation to Rule 16 or case law supporting defendant's arguments.  Defendant appears to make up the government's burden to establish prejudice out of whole cloth.

---

[5] In relation to the advice-of-counsel issue, defendant cites to this Court's prior ruling in Michaels to say that any order from the Court different from that case "would be highly unusual and inconsistent."  (Opp. at 2-3.)  Defendant is conspicuously quiet about this Court's prior reciprocal discovery orders from the same case, cited in the government's motion.

8

Rule 16(d)(2) specifically provides the options for the Court if defendant "fails to comply with this rule," including to "prohibit that party from introducing the undisclosed evidence" or "enter any other order that is just under the circumstances." Fed. R. Crim. Proc. 16(d)(2)(C-D). The Ninth Circuit articulated the rule for exclusion of defendant's evidence at trial as a sanction for a Rule 16 reciprocal discovery violation in United States v. Aceves-Rosales, 832 F.2d 1155, 1156-57 (9th Cir. 1987). In Aceves-Rosales, defendant had agreed to provide reciprocal discovery under Rule 16 and violated his continuing obligation to provide reciprocal discovery under Rule 16(c). The Ninth Circuit held that the district court had discretion to exclude evidence that was not provided in reciprocal discovery if it "was not of decisive value" and "its exclusion was not disproportionate to the conduct of counsel." Id. The Ninth Circuit then ruled the district court did not abuse its discretion excluding the evidence at issue because the defendant "made a strategic decision to withhold the document" and defendant "must accept the risk arising from this behavior." Id. at 1157; see also United States v. Scholl, 166 F.3d 964, 972 (9th Cir. 1999) (upholding district court's decision to exclude defense evidence as a sanction for violating Rule 16 based on trial court's finding that defendant's failure to produce the evidence to the government in discovery was "a strategic decision to withhold the [evidence] until the government would be unable to fully investigate"); United States v. Duran, 41 F.3d 540, 545-46 (9th Cir. 1994) (upholding exclusion of evidence that was not disclosed in violation of Rule 16 where defense counsel failed to produce evidence without a showing of good cause).

In claiming that his failure to comply with the reciprocal discovery deadline does not matter, defendant argues that "the government has no idea what documents or materials may be later produced, if any, and therefore what prejudice, if any, may be associated with the late production of a particular document or documents." (Opp. at 2.) First, as already stated, the burden is not on the government to show prejudice for defendant's violation, the burden is on defendant to show good cause why the court should not impose a sanction for defendant's willful violation. Second, defendant's argument demonstrates the gamesmanship that the Ninth Circuit has stated has no place in a criminal case. "One of the objectives of Rule 16 is to eliminate the idea that a criminal trial is a sporting contest in which the game of cat and mouse is acceptable." <u>United States v. Howell</u>, 231 F.3d 615, 625 (9th Cir. 2000) (citing Fed. R. Crim. P. 16, Advisory Comm. Note)).

Here, it is clear defendant has made a strategic decision not to produce <u>any</u> reciprocal discovery to the government, despite this Court's Order. Thus, barring a showing of good cause, this Court should exclude any exhibits defendant failed to produce prior to the Court-ordered reciprocal discovery deadline to which he stipulated.

**C. Defendant's Potential Advice-of-Counsel Defense**

Defendant provides no legitimate basis for not providing notice of an intent to assert an advice-of-counsel defense. Defendant claims he cannot do so until he reviews all evidence, or until after "observ[ing] the government's case and the government rests." (Opp. at 9.) In truth, defendant does not want to provide early disclosure of such a defense because that would permit a timely investigation into the claims that could undermine any such defense. This Court

has broad discretion to require defendant to provide early notice, and this Court should order defendant to do so.

First, in March 2019 defendant had no problem unequivocally stating, multiple times, that he sought and relied upon advice from counsel. (CR 273 at 7-10.) Nothing is preventing defendant from early disclosure other than his ongoing desire to delay this matter and for gamesmanship purposes.

Second, defendant's argument that he cannot say whether or not he would assert the defense until he completes his review of all discovery is also unavailing. Defendant had access to all of the discovery on the EA Servers through the Privilege Review Team in 2019, and has had full discovery, including potentially privileged materials, since March 2020. Moreover, at any point during the past <u>eighteen months</u> since he was indicted, defendant (as the client) could have obtained any information or documentation necessary for such a defense from attorneys he purportedly consulted with and from whom he obtained advice. Defendant's position that he should not have to disclose his defense until whenever he is ready, regardless of the inevitable delays it will cause, is "strategic posturing" that has no place in criminal trials. <u>Howell</u>, 231 F.3d at 625.

As defendant has not produced any reciprocal discovery regarding an advice-of-counsel defense, barring a specific proffer from defendant establishing the elements of a advice-of-counsel defense, this Court should preclude defendant from confusing the jury by making any arguments or questioning any witnesses concerning any alleged legal advice he received. As stated in the government's motion, the mere fact that defendant had bankruptcy counsel or ethics counsel is insufficient to establish an advice-of-counsel defense.

Thus, the Court should prohibit defendant from arguing that an attorney's mere involvement in defendant's activities negates his fraudulent intent in connection with the charged offenses.

Alternatively, this Court should set a deadline for defendant to provide pretrial notice of an intent to rely upon the defense so that the claims can timely and properly be litigated. Although this Court did not require the same in Michaels, the circumstances in this case, at this time, are very different. Among other reasons, due to COVID-19, this Court has not had jury trials since at least March 2020 and any unnecessary delays in this case will have additional impacts on this Court's docket and many other matters. Indeed, the government identified numerous factors justifying early disclosure in its motion, whereas defendant basically argues "I should not have to" in response. There are ample bases for the Court to require the early disclosure, and it should do so. If the Court does set a pretrial notice deadline and defendant does not comply, the Court should preclude from trial any reference to defendant relying upon or retaining counsel.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court grant the government's motion in limine to exclude defense exhibits that have not been produced pursuant to defendant's reciprocal discovery obligations, including any documents related to an advice-of-counsel defense. Alternatively, the government requests that the Court order defendant to disclose any intent to rely upon an advice-of-counsel defense and produce all relevant discovery by October 30, 2020.

12