UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

- - -

THE HONORABLE JAMES V. SELNA, JUDGE PRESIDING

```
UNITED STATES OF AMERICA,     )CERTIFIED TRANSCRIPT
                 Plaintiff,   )
    vs.                       )
                              )   SACR-19-00061-JVS
MICHAEL JOHN AVENATTI,        )
                 Defendant.   )
------------------------------)
```

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Santa Ana, California

March 2, 2020

SHARON A. SEFFENS, RPR
United States Courthouse
411 West 4th Street, Suite 1-1053
Santa Ana, CA  92701
(714) 543-0870

```
 1   APPEARANCES OF COUNSEL:

 2   For the Plaintiff:

 3   NICOLA T. HANNA
     United States Attorney
 4   BRANDON D. FOX
     Assistant United States Attorney
 5   Chief, Criminal Division
     JULIAN L. ANDRE
 6   Assistant United States Attorney
     Major Frauds Section
 7   1100 United States Courthouse
     312 North Spring Street
 8   Los Angeles, CA  90012
     (213) 894-6683
 9
     BRETT A. SAGEL
10   Assistant United States Attorney
     Ronald Reagan Federal Building
11   411 West Fourth Street, Suite 8000
     Santa Ana, CA  92701
12   (714) 338-3598

13   For the Defendant:

14   H. DEAN STEWARD
     H. DEAN STEWARD LAW OFFICES
15   107 Avenida Miramar, Suite C
     San Clemente, CA  92672
16   (949) 481-4900

17

18

19

20

21

22

23

24

25
```

```
08:01    1   SANTA ANA, CALIFORNIA; MONDAY, MARCH 2, 2020; 8:01 A.M.
         2              THE CLERK:  Item No. 2, SACR-19-00061-JVS, United
08:01    3   States of America versus Michael John Avenatti.
08:01    4              THE CLERK:  Appearances please, counsel.
08:01    5              MR. ANDRE:  Good morning, Your Honor.  Julian
08:01    6   Andre and Brett Sagel on behalf of the United States.
08:01    7              THE COURT:  Good morning.
08:01    8              MR. STEWARD:  Your Honor, Dean Steward on behalf
08:01    9   of Mr. Avenatti.  He's not present.  We have a waiver on
08:01   10   file.
08:01   11              THE COURT:  Good morning.
08:01   12              Well, I've reviewed the government's status
08:02   13   report, and it would appear that substantially all discovery
08:02   14   has been provided, and in some instances, the defendant
08:02   15   really has access to more than what the government has as
08:02   16   opposed to the Privilege Review Team.  For the vast majority
08:02   17   of the devices, the defendant has a forensic copy of the
08:02   18   device.  The defendant has also had access to the EA files
08:02   19   via contact with the IRS Team.
08:02   20              As I indicated, the report is very detailed.  Do
08:02   21   you take issue with any of the factual representations,
08:02   22   Mr. Steward?
08:02   23              MR. STEWARD:  I do not, Your Honor.
08:02   24              THE COURT:  Okay.  Then we have a date for
08:02   25   in-limine motions or other pretrial motions.  What should I
```

```
08:02   1    anticipate?
08:02   2              MR. STEWARD:  Well, Your Honor, I think our
08:02   3    deadline is a week from today for filing of pretrial motions
08:02   4    and the rest of that.  I hope to have that accomplished.
08:03   5    I'm at a bit of a disadvantage in that I've been unable to
08:03   6    speak with my client since Wednesday of last week.
08:03   7              The MCC in New York City has been on lockdown.
08:03   8    It's my understanding from media reports it's because a
08:03   9    handgun was seen in the facility.  We've had zero connection
08:03  10    with him.  I'm hoping today that will be lifted, not just me
08:03  11    but also counsel from the two New York cases as well.
08:03  12              I would note, Your Honor, I withdrew from what
08:03  13    we've been commonly calling the Stormy Daniels case about a
08:03  14    week ago in order to concentrate solely on this case, so
08:03  15    that helps in terms of timing.
08:03  16              Again, I don't dispute anything that was in the
08:03  17    status report, but it's difficult to share with the Court
08:04  18    the volume of material that I have.  Just ten days ago --
08:04  19    and I brought the hard drive with me.  I have a hard drive
08:04  20    that I received from the government, and in it is 186,000
08:04  21    Bates-stamped pages.  Plus, there's a lot of material that
08:04  22    isn't Bates-stamped.
08:04  23              I don't know what the total is on the hard drive,
08:04  24    but there are audio recordings, spreadsheets, documents from
08:04  25    lawsuits.  There's at least one deposition I've come across.
```

```
08:04   1    I'd be guessing that it's at least 200,000 pages of
08:04   2    material.  This is Production No. 11, and to the
08:04   3    government's credit, it's not just bank statements and
08:04   4    things like that.  I mean, a lot of the material that I've
08:04   5    looked at is directly related to victim counts, things like
08:04   6    that, so it's not the kind of thing that I can skim.
08:05   7            My procedure has been from day one as I get each
08:05   8    one of these productions is to skim it to see what's there
08:05   9    and try and make my own index of what's there.  Then I've
08:05  10    gone back and tried to review the things that I think are
08:05  11    absolutely necessary that need to be reviewed now for
08:05  12    purposes of pretrial motions and for purposes of trial
08:05  13    preparation, but it continues to be a daunting situation.  I
08:05  14    continue to do it as quickly I can.
08:05  15            We've had to stop altogether the review of the
08:05  16    Filter Team, Taint Team, whatever, the other team that's
08:05  17    looking at this material.  The first two times that we were
08:05  18    up there --
08:05  19            THE COURT:  That's the only two times?
08:05  20            MR. STEWARD:  The only two times, that's correct.
08:05  21    When we were up there, the entire discussion was between my
08:05  22    client and the IT gentleman from the IRS Criminal Division,
08:06  23    and it was my client telling him what we need at this point.
08:06  24    So we did that on two occasions.  Obviously since he went
08:06  25    into custody, we haven't been able to do it.
```

```
08:06   1              I guess I could go up and sort of guess or my
08:06   2    client can tell me what further material we need out of
08:06   3    there, but we've been somewhat stymied on that just because
08:06   4    of his physical unavailability.  That's something I can't go
08:06   5    back to New York and accomplish other than having him tell
08:06   6    me what he thinks we need.  Now, I intend to do that, and if
08:06   7    I have to camp out in New York City, I'm going to do that.
08:06   8              But, again, the volume is just back-breaking, and
08:06   9    I'm doing the best I can.  That's all I can tell the Court
08:06  10    at this point.
08:06  11              THE COURT:  Other than for a couple day period at
08:06  12    the hearing on whether he should be remanded, I believe
08:06  13    you've been the sole counsel.
08:07  14              MR. STEWARD:  Correct.
08:07  15              THE COURT:  And that counsel has not come back
08:07  16    into this case.
08:07  17              MR. STEWARD:  Correct.
08:07  18              THE COURT:  At the last hearing, you indicated to
08:07  19    me that further resources weren't available to you.
08:07  20              MR. STEWARD:  That's correct, Your Honor.  It's
08:07  21    still true.
08:07  22              THE COURT:  It would appear that Mr. Avenatti has
08:07  23    substantial legal resources deployed elsewhere, and it's
08:08  24    presumably his choice to do so.  I invite a brief from
08:08  25    either side on whether this Court should delay the trial in
```

```
08:08   1    the context where a defendant would appear to have
08:08   2    sufficient resources to go to trial on the present schedule
08:08   3    but for whatever reason declines to deploy those resources.
08:08   4    There is no timetable for that, but I would appreciate a
08:08   5    brief from either or both sides on that.
08:08   6              MR. STEWARD:  Understood, Your Honor.
08:08   7              THE COURT:  Okay.
08:08   8              MR. ANDRE:  Understood, Your Honor.
08:08   9              THE COURT:  Anything else for this morning?
08:08  10              MR. ANDRE:  Your Honor, obviously if the Court has
08:08  11    any questions about the status report or if you would like
08:08  12    us to respond to the issues Mr. Steward raised, we're happy
08:08  13    to do so.  We'll note we have been providing indexes of the
08:08  14    discovery, including the production he identified.  Those
08:08  15    documents have been produced in a way in which they are
08:09  16    fully searchable, so he should have a very good sense of
08:09  17    what's in there.  At least in production as it comes from
08:09  18    us, we know there are, you know, pleadings for these cases,
08:09  19    but those documents honestly don't relate to whether the
08:09  20    defendant took someone's settlement money.
08:09  21              We would note with respect to working with the
08:09  22    Privilege Review Team that our understanding is the last
08:09  23    communication or the last time they met would have been
08:09  24    October/November.  It's been about two or three months
08:09  25    before Mr. Avenatti went into custody in which they could
```

```
08:09   1    have worked together.  I understand they've received 50,000
08:09   2    documents pursuant to their request, so I don't know what
08:09   3    else they are looking for, and obviously we're not supposed
08:09   4    to know.
08:09   5             The one issue that we did discuss with Mr.
08:09   6    Steward -- the parties are in agreement here that a jury
08:09   7    questionnaire would be appropriate for this case.  We will
08:09   8    obviously confer with Mr. Steward as to the substance of
08:09   9    such a questionnaire.  But we wanted to see if the Court had
08:10  10    any guidance as to what it would like to be in the
08:10  11    questionnaire, and also as to timing of when you would like
08:10  12    us to submit either a joint proposed questionnaire, or if we
08:10  13    have disputes how to resolve those with you.
08:10  14             THE COURT:  At a minimum, I would use a screening
08:10  15    questionnaire to identify each person who has knowledge of
08:10  16    Mr. Avenatti, has strong feelings one way or the other about
08:10  17    this case.  I'm not sure we need an extensive questionnaire.
08:10  18    The key point that I wouldn't want to take up in open court
08:10  19    is an individual juror's knowledge and/or feelings about
08:10  20    Mr. Avenatti.  Regardless of the length of the
08:10  21    questionnaire, I propose to individually voir dire any
08:10  22    person who has knowledge or feelings.  I just think it's
08:10  23    dangerous to expose that commentary to the pool.
08:11  24             So in terms of timing, if you could get your
08:11  25    proposed questionnaire in a couple weeks before trial,
```

```
08:11   1    that's fine.
08:11   2              MR. ANDRE:  Thank you very much, Your Honor.
08:11   3              MR. STEWARD:  Your Honor, one other point I forgot
08:11   4    to mention.  The Filter Team asked me for another hard
08:11   5    drive, so I have that coming from them on top of what we've
08:11   6    already talked about and what the government lays out in
08:11   7    their status report.
08:11   8              THE COURT:  They're not giving you the hard drive?
08:11   9              MR. STEWARD:  They're apparently still loading it,
08:11  10    and I had to provide it, yes.
08:11  11              THE COURT:  Okay.
08:11  12              MR. ANDRE:  Your Honor, our understanding is that
08:11  13    there were some technical issues with the last hard drive.
08:11  14    I don't know if it's an issue with the hard drive or an
08:11  15    issue on our end, but our understanding is that's being
08:11  16    resolved and should be resolved within the next two to three
08:11  17    days.
08:11  18              THE COURT:  Okay.  If we need an interim hearing
08:11  19    between now and the date for the motions hearing, contact
08:12  20    Ms. Bredahl and we'll hold a hearing, even on short notice
08:12  21    if you need a hearing.  Otherwise, we'll see you again at
08:12  22    the motions hearing.
08:12  23              MR. ANDRE:  Thank you, Your Honor.
08:12  24              MR. STEWARD:  Thank you, Your Honor.
08:12  25              THE COURT:  Okay.  Thank you.
```

10

```
08:12   1            (Whereupon, the proceedings were concluded.)
08:12   2                            *   *   *
08:12   3
08:12   4
08:12   5
08:12   6
08:12   7
08:12   8
08:12   9
08:12  10
08:12  11
08:12  12
08:12  13
08:12  14
08:12  15
08:12  16
08:12  17
08:12  18
08:12  19
08:12  20
08:12  21
08:12  22
08:12  23
08:12  24
08:12  25
```

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

**CERTIFICATE**

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date:  October 2, 2020


/s/   Sharon A. Seffens   10/2/20
_____
SHARON A. SEFFENS, U.S. COURT REPORTER

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER