UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

- - -

THE HONORABLE JAMES V. SELNA, JUDGE PRESIDING

```
UNITED STATES OF AMERICA,     ) CERTIFIED TRANSCRIPT
               Plaintiff,     )
     vs.                      )
                              )  SACR-19-00061-JVS
MICHAEL JOHN AVENATTI,        )
               Defendant.     )
------------------------------)
```

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Santa Ana, California

MARCH 6, 2020

SHARON A. SEFFENS, RPR
United States Courthouse
411 West 4th Street, Suite 1-1053
Santa Ana, CA  92701
(714) 543-0870

```
 1   APPEARANCES OF COUNSEL:

 2   For the Plaintiff:

 3   NICOLA T. HANNA
     United States Attorney
 4   BRANDON D. FOX
     Assistant United States Attorney
 5   Chief, Criminal Division
     JULIAN L. ANDRE
 6   Assistant United States Attorney
     Major Frauds Section
 7   1100 United States Courthouse
     312 North Spring Street
 8   Los Angeles, CA  90012
     (213) 894-6683
 9
     BRETT A. SAGEL
10   Assistant United States Attorney
     Ronald Reagan Federal Building
11   411 West Fourth Street, Suite 8000
     Santa Ana, CA  92701
12   (714) 338-3598

13   For the Defendant:

14   H. DEAN STEWARD
     H. DEAN STEWARD LAW OFFICES
15   107 Avenida Miramar, Suite C
     San Clemente, CA  92672
16   (949) 481-4900

17

18

19

20

21

22

23

24

25
```

|       |    |                                                                                      |
|-------|----|--------------------------------------------------------------------------------------|
|       | 1  | SANTA ANA, CALIFORNIA; FRIDAY, MARCH 6, 2020; 10:03 A.M.                              |
| 10:03 | 2  | THE CLERK: Item No. 1, SACR-19-00061-JVS, United                                     |
| 10:03 | 3  | States of versus Michael John Avenatti.                                              |
| 10:04 | 4  | MR. ANDRE: Good morning, Your Honor. Julian                                          |
| 10:04 | 5  | Andre and Brett Sagel on behalf of the United States.                                |
| 10:04 | 6  | THE COURT: Good morning.                                                             |
| 10:04 | 7  | MR. STEWARD: And, Your Honor, Dean Steward on                                        |
| 10:04 | 8  | behalf of Mr. Avenatti. We have a waiver on file.                                    |
| 10:04 | 9  | THE COURT: Good morning.                                                             |
| 10:04 | 10 | MR. STEWARD: Good morning.                                                           |
| 10:04 | 11 | THE COURT: Mr. Steward, I believe you asked for                                      |
| 10:04 | 12 | this conference.                                                                     |
| 10:04 | 13 | MR. STEWARD: Yes, Your Honor.                                                        |
| 10:04 | 14 | We have a convergence of a number of factors that                                    |
| 10:04 | 15 | I wanted to bring to the Court's attention, and let me start                         |
| 10:04 | 16 | kind of backwards.                                                                   |
| 10:04 | 17 | My request is going to be for at least a 30-day                                      |
| 10:04 | 18 | continuance on each of dates that we have, including the                             |
| 10:04 | 19 | jury trial date. The reasons for my request are multiple.                            |
| 10:04 | 20 | First -- and I don't want to reveal anymore than                                     |
| 10:04 | 21 | this -- the parties are working on a resolution, and                                 |
| 10:04 | 22 | obviously my client's input couldn't be more critical in                             |
| 10:04 | 23 | something like that. I had planned to fly back to New York                           |
| 10:05 | 24 | today.                                                                               |
| 10:05 | 25 | What's happened, if I may -- the Court has some of                                   |

4

| | | |
|---|---|---|
| 10:05 | 1 | this -- is there's been some more that's happened since we |
| 10:05 | 2 | were here on Monday.  As the Court is aware, my client was |
| 10:05 | 3 | in 30 days of isolation when he first went back to the MCC |
| 10:05 | 4 | in New York City, and they had the Nike trial during that |
| 10:05 | 5 | period of time.  He was transferred to general population |
| 10:05 | 6 | approximately two weeks ago.  He's on a floor that houses |
| 10:05 | 7 | people who have been sentenced and are waiting to be moved |
| 10:05 | 8 | out and also people that are serving short sentences. |
| 10:05 | 9 |      Approximately eight days ago, the MCC was locked |
| 10:05 | 10 | down -- and I mentioned this last Monday -- having to do |
| 10:05 | 11 | with a gun potentially in the facility.  I called back there |
| 10:05 | 12 | yesterday morning, knowing that I would be getting on a |
| 10:05 | 13 | plane this morning, and was told that still no attorney |
| 10:05 | 14 | visits and no word on when things might change.  Then |
| 10:05 | 15 | yesterday afternoon I received media reports saying that |
| 10:06 | 16 | today, tomorrow, and Sunday there are limited attorney |
| 10:06 | 17 | visits, and then next week regular attorney visits will |
| 10:06 | 18 | resume. |
| 10:06 | 19 |      I have reason to believe that because of the type |
| 10:06 | 20 | of floor Mr. Avenatti is on he probably is going to be the |
| 10:06 | 21 | last one allowed attorney visits, because everybody else |
| 10:06 | 22 | except him on the floor has resolved their case and wouldn't |
| 10:06 | 23 | need to speak with counsel, but that's my own speculation. |
| 10:06 | 24 |      THE COURT:  I guess I don't follow that. |
| 10:06 | 25 |      MR. STEWARD:  The people on that floor |

```
10:06   1    theoretically don't need to speak with their attorneys
10:06   2    because they have already been sentenced or have otherwise
10:06   3    resolved their case.
10:06   4            THE COURT:  Okay.
10:06   5            MR. STEWARD:  Now, against that background and
10:06   6    apart from that, we have -- I have motions due.  I've
10:06   7    mistakenly said they were due this Monday, but they're due a
10:06   8    week from Monday on the 16th.  Part of what I'm working on
10:06   9    is I received a 404(b) notice from government counsel.  I
10:07  10    got that about four weeks ago.  It's eight pages long, and
10:07  11    they're seeking to admit eight separate instances, so it's
10:07  12    rather complicated.  Then a week ago, I got an expert notice
10:07  13    that they're seeking to put on six different experts.  The
10:07  14    notice is 21 pages, most of which describes what each one of
10:07  15    these experts will say --
10:07  16            THE COURT:  As they are required to do.
10:07  17            MR. STEWARD:  Yes, and I'm talking about the
10:07  18    volume rather than throwing rocks at them.  The
10:07  19    documentation that has been reviewed by the experts is on a
10:07  20    CD.  I'm not sure how much is there, but my guess is it's a
10:07  21    lot.
10:07  22            Pretrial motions, I'm drafting four at the moment,
10:07  23    working on those.
10:07  24            I got new discovery yesterday, approximately 5,000
10:07  25    pages, and it's relatively critical material that Mr. Sagel
```

```
10:08   1    I think in part described last Monday.  These are witness
10:08   2    statements that have been taken since the case was indicted
10:08   3    and the first wave of discovery came out, so there are many
10:08   4    witness statements on there as well.
10:08   5            I still have not received a hard drive coming from
10:08   6    the Taint Team.  They've told me it's coming.  I gave them a
10:08   7    blank one a couple of weeks ago, and I haven't received that
10:08   8    yet either.  I would simply remind the Court that there's
10:08   9    more than a million pages of documentation in this case.
10:08  10            So for all of those reasons, I'm seeking a 30-day
10:08  11    continuance on each one of the dates in order to give me
10:08  12    time to address each one of the things that I just
10:08  13    mentioned.  Honestly, I'd probably ask for more than that,
10:08  14    but I don't have consent or even contact with my client at
10:08  15    the moment in order to get his view of it.  I would think 30
10:09  16    days at a minimum is important.
10:09  17            I am aware that the Ninth Circuit talks about
10:09  18    calendaring and dates and that sort of thing as being
10:09  19    tactical and that that's the lawyer's decision to make.
10:09  20    Oftentimes, we get --
10:09  21            THE COURT:  But not the trial date.
10:09  22            MR. STEWARD:  That's true, Your Honor, because it
10:09  23    involves the Speedy Trial Act.  But all of these dates at
10:09  24    this point are coming up on me, and there is an awful lot to
10:09  25    be done.  I don't believe I have enough time.  So for those
```

|       |    |                                                                 |
|-------|----|-----------------------------------------------------------------|
| 10:09 | 1  | reasons, I ask for 30 days on each one of the dates.            |
| 10:09 | 2  | THE COURT:  Okay.                                               |
| 10:09 | 3  | MR. ANDRE:  Your Honor, I'd start by saying that                |
| 10:09 | 4  | we don't think anything has meaningfully changed between        |
| 10:10 | 5  | when we were here Monday and when we are here today other       |
| 10:10 | 6  | than that there's been --                                       |
| 10:10 | 7  | THE COURT:  Well, there's been a meaningful change              |
| 10:10 | 8  | in what's been first disclosed to me by Mr. Steward.  At        |
| 10:10 | 9  | least it's new to me.                                           |
| 10:10 | 10 | MR. ANDRE:  I understand that.  All this                        |
| 10:10 | 11 | information, though, other than the lockdown, which our         |
| 10:10 | 12 | understanding is that it is now over or at least almost         |
| 10:10 | 13 | over -- he should be able to meet with his client if not        |
| 10:10 | 14 | this weekend, which we understand may be difficult with         |
| 10:10 | 15 | travel, by early next week.                                     |
| 10:10 | 16 | I think the most pressing issue here to address is              |
| 10:10 | 17 | there are motions due, and they are due actually on Monday.     |
| 10:10 | 18 | The Court advanced the schedule a week, so our understanding    |
| 10:10 | 19 | is they are due Monday.  We told Mr. Steward yesterday we       |
| 10:10 | 20 | have no issue with continuing the motion schedule two weeks     |
| 10:10 | 21 | to give him more time to talk to his client about the           |
| 10:10 | 22 | motions and get those ready.  We think that is entirely         |
| 10:10 | 23 | reasonable and entirely appropriate and would still give        |
| 10:10 | 24 | plenty of time for the motions to be considered prior to the    |
| 10:10 | 25 | current trial date.  That I think is something that should      |

```
10:11   1    be done today and could be done easily.  Everything just
10:11   2    gets -- all the motions deadlines get pushed from March 9th
10:11   3    back two weeks.
10:11   4            The issue with respect to the continuance -- I
10:11   5    think as a threshold matter his client isn't here to waive
10:11   6    time.
10:11   7            THE COURT:  Right.
10:11   8            MR. ANDRE:  For all we know, his client may oppose
10:11   9    this.  Mr. Steward recognizes he hasn't talked to his
10:11  10    client.  So we think at least as far as a continuance of the
10:11  11    trial date that should be addressed after Mr. Steward has
10:11  12    had an opportunity to talk to his client.  We think it
10:11  13    should be addressed very soon thereafter because the trial
10:11  14    date is approaching.  But the first step would be for
10:11  15    Mr. Steward to talk to his client, figure out what his
10:11  16    client wants, make sure his client is willing to waive time
10:11  17    and wouldn't object to a continuance.
10:11  18            Once that's been done, we think the appropriate
10:11  19    course of action is for this to be briefed.  On Monday, Your
10:11  20    Honor requested briefing, or at least invited briefing, as
10:11  21    to whether defendant's refusal to devote resources to this
10:12  22    case would justify denying a continuance.  We've been
10:12  23    focused on preparing our pretrial motions, so we hadn't
10:12  24    really started researching that issue until yesterday when
10:12  25    Mr. Steward advised us he'd be seeking a 30-day -- maybe
```

```
10:12   1    more -- a 30-day continuance.
10:12   2              There are a number of issues that we do think need
10:12   3    to be briefed.  In the Ninth Circuit standard, the first
10:12   4    factor the Court is supposed to consider is the diligence of
10:12   5    the defendant, so we think that there should be briefing
10:12   6    here.  I think the government should have an opportunity to
10:12   7    respond, and I think Mr. Steward and the defendant need to
10:12   8    articulate what they've done to prepare for this trial.
10:12   9              I can briefly address some of the specific issues
10:12  10    Mr. Steward raised, but, again, we think that would be
10:12  11    better handled in briefing rather than today in court with
10:12  12    the defendant not present.  So it's up to Your Honor if you
10:12  13    would like me to get into those now, because I think the
10:12  14    information provided is a little misleading, if not
10:13  15    inaccurate.
10:13  16              THE COURT:  Well, I'll order that all motion dates
10:13  17    be continued two weeks.  I don't think I can take up the
10:13  18    issue of continuing the trial without Mr. Steward at least
10:13  19    having some opportunity to speak to his client and confirm
10:13  20    that there is consent for doing so.  So I think that's all
10:13  21    we can do for today.
10:13  22              MR. ANDRE:  Your Honor, we would agree with that.
10:13  23    I think there is some confusion as to the dates for the
10:13  24    motions.  Our current view is that the motions are due
10:13  25    actually on Monday, the 9th, so two weeks would push them
```

```
10:13   1    back to March 23rd.
10:13   2            THE COURT:  Do you want another week, March 28 or
10:13   3    March 30?
10:13   4            MR. STEWARD:  I would certainly take everything I
10:13   5    can get, Your Honor.
10:13   6            THE COURT:  March 30.
10:13   7            MR. ANDRE:  Okay.  Thank you very much, Your
10:13   8    Honor.
10:13   9            MR. STEWARD:  Just briefly for the record, my
10:14  10    calendaring is off of Docket No. 65-1.  I don't doubt that
10:14  11    government counsel is correct, but that's what I've been
10:14  12    working off of.
10:14  13            THE COURT:  Okay.
10:14  14            MR. STEWARD:  Apparently it was superseded by
10:14  15    something I missed.
10:14  16            THE COURT:  Also, I'm going to push the pretrial
10:14  17    conference to --
10:14  18            THE CLERK:  The pretrial motions hearing.
10:14  19            THE COURT:  -- to April 27.
10:14  20            THE CLERK:  To April 27, yes, three weeks.
10:14  21            THE COURT:  Okay.
10:14  22            MR. ANDRE:  Your Honor, would you like a status
10:14  23    conference between now and then?
10:14  24            THE COURT:  Well, when you've talked amongst
10:14  25    yourselves and you have something to report, we'll schedule
```

```
10:14   1   it promptly.
10:15   2             Anything else?
10:15   3             MR. ANDRE:  No, Your Honor.
10:15   4             MR. STEWARD:  No.  Thank you, Your Honor.
10:15   5             (Whereupon, the proceedings were concluded.)
10:15   6                       *     *     *
10:15   7
10:15   8
10:15   9
10:15  10
10:15  11
10:15  12
10:15  13
10:15  14
10:15  15
10:15  16
10:15  17
10:15  18
10:15  19
10:15  20
10:15  21
10:15  22
10:15  23
10:15  24
10:15  25
```

**CERTIFICATE**

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date: October 2, 2020

/s/   Sharon A. Seffens  10/2/20
_____
SHARON A. SEFFENS, U.S. COURT REPORTER

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER