NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6683
     Facsimile: (213) 894-6269
     Email:     Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:     Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SA CR 19-061-JVS |
| Plaintiff, | GOVERNMENT'S SUR-REPLY IN RESPONSE TO DEFENDANT'S REVISED REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR PRIVILEGE REVIEW, EVIDENTIARY HEARING, AND DISCOVERY; GOVERNMENT EXHIBITS 23-24; DECLARATION OF RICHARD A. MARSHACK AND EXHIBIT |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |
| | Hearing Date: October 19, 2020<br>Hearing Time: 9:00 a.m.<br>Location:     Courtroom of the<br>              Hon. James V. Selna |

Pursuant to the Court's October 13, 2020, Order, plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Julian L. André and Brett A. Sagel,

hereby files its sur-reply in response to defendant's revised reply brief in support of defendant's motion for privilege review, evidentiary hearing, and discovery (CR 345; CR 327-1; CR 327-2).

This sur-reply is based upon the attached memorandum of points and authorities, the attached exhibits (Gov't Exs. 23-24), the declaration of Richard A. Marshack and supporting exhibit, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 13, 2020            Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division


      /s/
JULIAN L. ANDRÉ
BRETT A. SAGEL
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  Defendant's Reply Brief Intentionally Omits Relevant Evidence Regarding Communications with the Government Regarding a Potential Advice-of-Counsel Defense**

In defendant's revised reply brief, he argues (for the first time) that the government attempted to "pressure" defendant to waive his attorney-client privilege <u>after</u> the Prosecution Team had reviewed some of the 299 documents relating to EA LLP's bankruptcy counsel. (Rev. Reply at 5.)  Defendant further claims "[i]n seeking to have [defendant] waive the privilege, [] the government hid the fact that they had already been provided many of the privileged documents and reviewed them.  (<u>Id.</u>)  Defendant's claims are false.

In support of this argument, defendant's counsel submitted a declaration and attached to it a portion of an email string with government counsel.  (CR 327-1 at ¶ 2, Ex. A.)  Defense counsel, however, only attached the first page of this document and intentionally omitted the second page of the document that contains two emails government counsel sent defense counsel regarding the advice-of-counsel issue on March 4, 2020, and March 16, 2020 -- both of which attached a letter dated March 4, 2020.  Crucially, these two emails regarding defendant's potential advice-of-counsel defense were sent to the defendant <u>one month before</u> the search warrant materials were even released to the Prosecution Team in April 2020.  (Gov't Ex. 23.)  Defendant also failed to attach the government's March 4, 2020, letter that addressed the advice-of-counsel issue in detail.  (Gov't Ex. 24 (without enclosures).)  A review of the government's requests that defendant provide notice of an advice-of-counsel defense, starting in March 2020, shows that the government never "pressured" defendant to waive his attorney-client privilege and that these

requests were in no way related to documents subsequently released to the government, as defendant now claims (Rev. Reply at 5).

**II. Defendant's Supplemental Declaration Falsely Claims that the Pachulski Firm Represented Defendant**

In support of his revised reply brief, defendant filed a supplemental declaration in which he claimed (for the first time) that he was personally represented by Pachulski Stang Ziehl & Jones LLP in In re Eagan Avenatti LLP, No. 8:17-bk-11961-CB (C.D. Cal.) (the "2017 EA Bankruptcy"). Defendant stated under penalty of perjury:

> In 2017, I retained the law firm Pachulski Stang Ziehl & Jones, LLP (the "Pachulski Firm") to represent EA and its management, including me as Managing Partner, in connection with an ongoing bankruptcy proceeding in the Central District of California under Case No. 8:17-bk-11961-CB.

(CR 327-1 at ¶ 2 (emphasis added).) Defendant's statement is false.

The Pachulski Firm never had an attorney-client relationship with defendant individually. The Retention Agreement between EA LLP and the Pachulski Firm, which defendant signed on behalf of EA LLP, explicitly states that the Pachulski Firm representation of EA LLP "does not include individual officers, directors, partners, shareholders or employees of the Client." (Marshack Decl., Ex. 1 at 6.)

Additionally, pursuant to 11 U.S.C. § 327(a) and Federal Rule of Bankruptcy Procedure 2014, the Pachulski Firm was required to disclose to the bankruptcy court whether it concurrently represented defendant. (See Marshack Decl. ¶ 11.) The Pachulski Firm never disclosed to the bankruptcy court it was also representing defendant because no such representation existed. (Id.); see In re Eagan Avenatti LLP, No. 8:17-bk-11961-CB, Dkt. Nos. 85, 86, 329. Indeed,

2

the Pachulski Firm's subsequent fee application confirms that defendant and Avenatti & Associates ("A&A") were separately represented by independent counsel from SulmeyerKupetz. See id., Dkt. Nos. 329, 408.

Thus, defendant has no legal basis to assert the attorney-client privilege as to any communications with the Pachulski Firm. The only person who can assert or waive EA LLP's privilege as to such communications is Richard A. Marshack, the court-appointed Chapter 7 Bankruptcy Trustee for EA LLP. (Marshack Decl. ¶ 7.)

**III. The Pachulksi Firm's Publicly-Filed Billing Records Are Not Privileged**

In his revised reply, defendant claims (for the first time) that the 299 documents removed from the Prosecution Team's database included "47 pages of billing records from counsel detailing over $230,000 worth of legal work and privileged communications." (Rev. Reply at 3.) This claim is meritless. On January 24, 2018, the Pachulski Firm submitted a detailed application for final approval of compensation to the bankruptcy court describing the legal work the Pachulski Firm did for EA LLP during the 2017 EA Bankruptcy, and attached to the public filing all of the Pachulski Firm's billing records to date. See In re Eagan Avenatti, No. 8:17-bk-11961-CB, Dkt. No. 329 (attaching as Exhibit C over 300 pages of the Pachulski Firm's billing records).[1] Thus, even if defendant held the privilege (and he does not), defendant cannot claim that these publicly-filed billing records are privileged.

---

[1] Pages 177-223 of Exhibit C to the Pachulski Firm's fee application is a 47-page invoice dated July 31, 2017, for approximately $230,000. Thus, the Pachulski Firm appears to have publicly filed the same invoice about which defendant now complains.

3