# GOVERNMENT EXHIBIT 23

| | |
|---|---|
| **From:** | Sagel, Brett (USACAC) |
| **To:** | Dean Steward |
| **Cc:** | Andre, Julian L. (USACAC) |
| **Subject:** | RE: FW: 2020.03.04 Notice of Counsel Defense Letter.pdf |
| **Date:** | Monday, August 3, 2020 8:51:57 PM |

Dean-

We have reached out to you on several occasions regarding whether your client would be asserting an advice of counsel defense, and you provided the below response on May 6, 2020.  The Court ordered that defendant's deadline to provide reciprocal discovery is August 31, 2020, and the pretrial motions deadline is September 14, 2020.   If defendant intends to rely upon an advice of counsel defense at trial, the government believes the case law is clear that defendant would need to produce reciprocal discovery pursuant to FRCP 16(b) regarding any advice of counsel defense, including, but not limited to: correspondence, memoranda, notes, calendar entries, billing records, and other documents reflecting meetings with any attorney on whose advice your client plans to rely and the purpose of the meeting; any documents concerning defendant's knowledge of the attorney(s)' qualifications and reputation; all of the attorney(s)' files and notes concerning defendant's disclosure of facts related to the advice; all files and notes concerning the nature of the advice given by the attorney(s); and any attorney(s) files and notes concerning whether defendant complied with the attorney(s)' advice.  The government is also entitled to sufficient time to conduct discovery regarding any advice of counsel defense.  I am emailing you again now to provide you with sufficient time to produce such discovery within your court-ordered reciprocal discovery deadline.  If you have not produced such reciprocal discovery and provided the government with notice that you intend to rely upon such a defense by the August 31 deadline, we will move to preclude defendant from raising an advice of counsel defense at trial and/or exclude evidence not provided by the deadline.  Let me know if you have any questions or wish to discuss this matter further.
Brett


**From:** Dean Steward <deansteward7777@gmail.com>
**Sent:** Wednesday, May 6, 2020 11:24 AM
**To:** Sagel, Brett (USACAC) <BSagel@usa.doj.gov>
**Subject:** Re: FW: 2020.03.04 Notice of Counsel Defense Letter.pdf

# On advice of counsel, I have not decided. Please note that in the *Michaels* case with Greg Staples and Judge Selna, the issue was not addressed until trial began, and even then towards the end of trial. It was a jury instruction issue.

On Tue, May 5, 2020 at 5:53 PM Sagel, Brett (USACAC) <Brett.Sagel@usdoj.gov> wrote:

> Dean-
> We have sent you the below and attached twice and have not heard anything from you

regarding the matter.  Because the motions date has changed again, please let us know by close of business, May 11, 2020.  Let me know if you have any questions or wish to discuss the matter further.
Brett

---

**From:** Sagel, Brett (USACAC)
**Sent:** Monday, March 16, 2020 3:17 PM
**To:** 'Dean Steward' <deansteward7777@gmail.com>
**Cc:** Andre, Julian L. (USACAC) <JAndre1@usa.doj.gov>
**Subject:** FW: 2020.03.04 Notice of Counsel Defense Letter.pdf

Dean-
We had previously sent you the attached letter with the deadline of March 6, 2020, however, circumstances obviously changed.  In light of the new dates as currently set, please let us know the information sought in the letter by Monday, March 23, 2020.  Also, based on our conversation today in which you stated your client would not accept the plea agreement previously extended to your client by the government, the plea agreement is therefore formally rescinded.  Let us know if you have any questions.
Brett

---

**From:** Sagel, Brett (USACAC)
**Sent:** Wednesday, March 4, 2020 2:35 PM
**To:** deansteward7777_gmail.com <deansteward7777@gmail.com>
**Cc:** Andre, Julian L. (USACAC) <JAndre1@usa.doj.gov>
**Subject:** 2020.03.04 Notice of Counsel Defense Letter.pdf

See attached.

--



949-481-4900  www.deansteward.com

# GOVERNMENT
# EXHIBIT 24

*[Enclosures Intentionally Omitted]*



# United States Department of Justice

## United States Attorney's Office
## Central District of California

BRETT A. SAGEL
Phone:  (714) 338-3598
E-mail:  Brett.Sagel@usdoj.gov

*411 W. 4th Street, Suite 8000*
*Santa Ana, California  92701*

March 4, 2020

**VIA EMAIL**

H. Dean Steward
107 Avenida Miramar, Suite C
San Clemente, California 92672
deansteward7777@gmail.com

  Re: Advice of Counsel Defense in <u>United States v. Michael John Avenatti</u>,
     SA CR No. 19-061-JVS

Dear Counsel:

We are writing to inquire whether your client intends to assert a reliance on counsel defense at trial regarding any of the counts in the indictment.  If so, please provide us with (1) written notice of any such defense and the specific counts to which such a defense would apply; (2) the names and contact information of the attorneys or law firms upon whose advice defendant relied; and (3) any pretrial disclosure of any evidence and/or discovery defendant intends to rely upon in support of such a defense at trial.  Fed. R. Crim Proc. 16(b).  To the extent your client intends to assert a reliance on counsel defense, please provide us with this information no later than close of business March 6, 2020.

Additionally, as it relates to the bankruptcy fraud counts, please advise whether or not your client continues to maintain any attorney-client privilege between himself and attorneys at Pachulski, Stang, Ziehl and Jones, LLP, counsel for the debtor Eagan Avenatti, LLP ("EA LLP") in the matter of <u>In re Eagan Avenatti LLP</u>, 8:19-bk-13560-CB.  Similarly, please advise whether or not your client believes he maintains any attorney-client privilege between himself and attorneys at Sulmeyer Kupetz, APC, regarding the same bankruptcy matter.

Moreover, the government believes the case law is pretty clear that discussions between your client and counsel about information disclosed on public filings, specifically in the EA LLP bankruptcy, cannot be considered confidential communications and therefore not covered by the attorney-client privilege.  The government has enclosed portions of transcripts in which your client asserted he advised counsel regarding allegations contained in the wire fraud and/or bankruptcy fraud counts, as well as a statement you made at the bail revocation hearing alluding to defendant obtaining advice of counsel prior to acting.  Your client's assertions of reliance on counsel may similarly waive any attorney-client privilege he may have enjoyed.  Please let us know if you disagree.

H. Dean Steward
RE:  United States v. Avenatti
March 4, 2020
Page 2


Please let us know if you have any questions or wish to discuss this matter further.

Very truly yours,

BRETT A. SAGEL
Assistant United States Attorney

cc:      Assistant United States Attorney Julian L. André

Enclosure