H. Dean Steward, SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | SA CR No. 19-061-JVS<br><br>DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER EXTENDING DEFENDANT'S TEMPORARY RELEASE |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his counsel of record, H. Dean Steward, hereby files this *Ex Parte* Application for an Order Extending Defendant's Temporary Release for 28 days.

Dated: October 14, 2020          Respectfully submitted,

                                  /s/ H. Dean Steward
                                  H. DEAN STEWARD

                                  Attorney for Defendant
                                  MICHAEL JOHN AVENATTI

Pursuant to this Court's prior Orders, Defendant Michael John Avenatti ("Mr. Avenatti") is presently on temporary release and home confinement in Venice, California. If necessary, the defense is prepared to file a formal noticed motion to extend Mr. Avenatti's temporary release for sixty (60) days for the reasons set forth in (a) the Opposition [Docket No. 271] to the Government's Motion to Terminate and Not Further Extend Defendant Michael John Avenatti's Temporary Release, which is pending, and (b) the accompanying declarations filed with the Opposition, including that of board-certified infectious disease specialist Dr. F. Ramzi Asfour (under seal) [Docket No. 280]. Absent a further extension, Mr. Avenatti will be required to self-surrender on Tuesday, October 20, 2020.

A comparison of the data from March/April, when Mr. Avenatti was ordered released to home confinement, and today demonstrates that the current risks and fallout from the COVID-19 pandemic are far greater now in the Central District. *See, e.g.*, Exhibit A to Docket No. 271 (extensive comparison of the data and citing to multiple sources). The rate of infection is higher; the rate of death is higher; the rate of hospitalization is higher; the number of cases has exploded; and the number of deaths is far greater. According to Johns Hopkins University, California has now surpassed 858,000 confirmed cases statewide – the most in the nation (a 18,650% increase over when Mr. Avenatti was ordered released and California had 4,600 cases in total). Over 16,600 deaths have also been recorded in the state (a 15,000% increase over when Mr. Avenatti was ordered released and California had 110 deaths in total). Further, when Mr. Avenatti was ordered released, Orange County had a <u>total</u> of 3 deaths and 321 cases – those numbers are now routinely matched or exceeded *every two days at most* and the county has now recorded over 1,340 deaths and 55,900 cases according to the Orange County Health Department, an over 44,600% and 17,400% increase, respectively. Comparing the March/April data for Los Angeles County to today is even more stark.

There is nothing indicating that the risks associated with the pandemic are presently declining in Los Angeles and Orange County. And virtually no non-political experts are predicting a further decline in cases and deaths, or a return to normalcy in Los Angeles and Orange counties, in the coming weeks. In fact, case numbers in the counties appear to be rising again after starting to decline this past Summer and are recording numbers not seen since August. This past Sunday, Orange County registered 244 new cases and last Saturday, the county reported 24 COVID-19 deaths. Neither Orange County nor Los Angeles County is on pace to qualify for a less restrictive tier. Recently, California's Health and Human Services Secretary, Dr. Mark Ghaly, announced that he expects hospitalizations to increase in the state 89% by mid-November. *He also stated yesterday in the Los Angeles Times that California was getting ready to "go into what is going to be hard time with COVID, given flu, given cooler weather and much of the increased spread that we're seeing across the nation and the globe."*

Meanwhile, medical expert after medical expert is predicting a second wave that will likely be far more deadly and pervasive than the first wave, including in California and in the Central District. Each day brings a slew of experts who are predicting serious problems in the weeks and months ahead. Dr. Anthony Fauci warned on Monday afternoon that the situation with the current data and flu season approaching was alarming: "I hope these numbers . . . jolt the American public into the realization that we really cannot let this happen - because it's on a trajectory of getting worse and worse. And that's the worst possible thing that can happen as we get into the cooler months." He added on Monday evening, "We're in a bad place now, we've got to turn this around." As of Monday, 31 states had reported more new COVID-19 cases this past week compared to the previous week according to Johns Hopkins University. Nine states reported record-high COVID-19 hospitalizations on Sunday. In more than 15 states, the test positivity rate is

over 10%.  The latest forecast of a widely used model (the University of Washington) projects *another* 181,000 deaths in the United States by February.  Approximately 50,000 new infections are now being reported on a regular daily basis across the nation and the 7-day moving averages for the nation, California, and Orange and Los Angeles counties are still far higher than when Mr. Avenatti was released (and are getting worse).  Over 57,000 cases were reported nationwide last Friday, a nearly two-month high.  New York (the venue of Mr. Avenatti's other two criminal matters) is also experiencing a resurgence, with some areas being placed under severe restrictions in the last week.  And the first case of re-infection was just discovered (involving a 25-year-old Nevada male who got much sicker the second time around).

In addition, the risks to Mr. Avenatti were he to contract the virus remain significant according to expert Dr. F. Ramzi Asfour.  *See* Declaration of Dr. F. Ramzi Asfour (under seal) and attached report (attesting to the risks to Mr. Avenatti's health conditions and the risks to him were he to be remanded) [Docket No. 280].  And in July, the American Medical Association confirmed that "COVID-19 case rates have been substantially higher and escalating much more rapidly in prisons than in the U.S. population."  The Journal article further provides a telling chart on the rate of coronavirus infection in prisons versus the wider population, and there can be no dispute – prisons are vastly more dangerous.  *See* B. Saloner, Ph D., et al., *Covid-19 Cases and Deaths in Federal & State Prisons*, J. Am. Med. Assoc. (July 8, 2020).  The researchers found that the infection rate for prisoners was 5.5 times higher than the U.S. population and the death rate in the prison population was 3.0 times higher.  Other data shows that the risk remains exceedingly high in jails and prisons.  *See*, *e.g.*, charts at end of Exhibit A to Docket No. 271.

Accordingly, in order provide additional time for the Court to rule on the government's pending motion and for the Court and the parties to address any further motion by the defense (to be filed if necessary), as well as examine the data relating to the virus in the interim time period, defendant respectfully requests that the Court extend his temporary release 28 days to November 17, 2020 under the same conditions previously ordered.

Counsel for the defendant and the government conferred and the government's position is as follows: "The government opposes defendant's ex parte application and request for a 28-day extension of his temporary release. The government does not believe any further extensions should be granted until the Court rules on the government's pending motion to terminate and not further extend defendant's temporary release. As there is already a hearing scheduled for Monday, October 19, there is no need to address an extension of defendant's temporary release at this time. Any further issues relating to defendant's temporary release can be addressed with the Court at the upcoming motions hearing and status conference." The defense disagrees as the hearing on the pre-trial motions is only one day before October 20 (the current surrender date), is already packed with issues and motions, and will not allow for the benefit of additional data relating to the pandemic.

Dated: October 14, 2020          Respectfully submitted,

        /s/ H. Dean Steward
H. DEAN STEWARD

Attorney for Defendant
MICHAEL JOHN AVENATTI

4

# **CERTIFICATE OF SERVICE**

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.  I am not a party to the above-entitled action.  I have caused, on October 14, 2020, service of the defendant's:

EX PARTE APPLICATION FOR AN ORDER EXTENDING DEFENDANT'S

TEMPORARY RELEASE

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA JULIAN ANDRE

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 14, 2020

/s/ H. Dean Steward
H. Dean Steward

5