H. Dean Steward, SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | SA CR No. 19-061-JVS<br><br>DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER PERMITITNG THE DEFENSE TO FILE A THREE-PAGE SUR-REPLY IN RESPONSE TO THE GOVERNMENT'S SUR-REPLY RELATING TO DEFENDANT'S MOTION CONCERNING THE ATTORNEY-CLIENT PRIVILEGE |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his counsel of record, H. Dean Steward, hereby files this *Ex Parte* Application for an Order Permitting the Defense to File a Three-Page Sur-Reply In Response to the Government's Sur-Reply relating to Defendant's motion concerning the attorney-client privilege [Docket No. 350].

Dated: October 15, 2020              Respectfully submitted,

                                     /s/ H. Dean Steward
                                      H. DEAN STEWARD

                                     Attorney for Defendant
                                     MICHAEL JOHN AVENATTI

The defense respectfully requests that they be permitted to file a three-page response to the sur-reply recently filed by the government [Docket No. 350] in order to address the following issues and evidence first raised by the government in their sur-reply. Good cause exists for this *Ex Parte* Application because (a) the motion involves critical issues relating to the attorney-client privilege; (b) the government first raised the below arguments and evidence in its sur-reply and the defense has not had a chance to respond; and (c) the defense, as the moving party, will otherwise not have an opportunity to respond in writing and ensure a proper record.

*First*, the government argues in its sur-reply that Mr. Avenatti does not have an attorney-client privilege relationship with the Pachulski law firm. But during the pendency of this case, the government has repeatedly taken the exact opposite position - that Mr. Avenatti **does** have an attorney-client privilege relationship between himself and attorneys at Pachulski, Stang, Ziehl and Jones, LLP. For example, the government stated this in its March 4, 2020 letter to defense counsel asking if Mr. Avenatti was going to assert advice of counsel:

> Additionally, as it relates to the bankruptcy fraud counts, please advise whether or not *your client continues to maintain any attorney-client privilege between himself and attorneys at Pachulski, Stang, Ziehl and Jones, LLP*, counsel for the debtor Eagan Avenatti, LLP ("EA LLP") in the matter of In re Eagan Avenatti LLP, 8:19-bk-13560-CB. Similarly, please advise whether or not your client believes he maintains any attorney-client privileges between himself and attorneys at Sulmeyer Kupetz, APC, regarding the same bankruptcy matter.

[Docket No. 283-1; also Govt. Ex. 23] (emphasis added). The government then repeatedly referred to and affirmed this letter for months thereafter. The government's own words in the letter - "continues to maintain" – must be interpreted to mean exactly what they say (i.e. continue in its existing state). If no privilege ever existed between Mr. Avenatti and the Pachulski firm, there would be

nothing to "continue" or "maintain."  The government cannot now reverse course and credibly claim that Mr. Avenatti lacks an attorney-client privilege with the Pachulski firm.  Further, the government's new claim that no privilege exists is belied by (a) the government's own words in the multiple search warrant applications referenced in the Motion (s*ee*, *e.g.*, Case No. 8:19-mj-00419-DUTY (the server related warrant), Docket No. 4 at xii, ¶8) and (b) the Filter Team's claw back of the documents on privilege grounds earlier this year (after months of analysis).

Mr. Avenatti also did not state in his declaration that the Pachulski law firm represented him *personally* in the bankruptcy case *in his individual capacity* as the government argues for the first time in the sur-reply.  The government fails to acknowledge that entities cannot act except through communications with employees and management, which are privileged, and that management is "represented" in their official capacity.  Further, the government fails to analyze the attorney-client relationship in the proper context of Mr. Avenatti as the managing and founding partner of a professional limited liability law partnership ***that was dissolved by operation of California law well <u>prior to</u> the filing of the current bankruptcy because, among other reasons, it did not have at least two partners***.[1]  *See*, *e.g.*, *California Corp. Code* §§ 16101(9), 16202(a); *Corrales v. Corrales*, 198 Cal. App. 4th 221, 223, 226-28 (4th Dist. 2011 (P.J. Bedsworth)) (holding that a "one-person partnership . . . cannot exist under California law" and

---

[1] The only partner in the partnership other than Mr. Avenatti during any time relevant to this proceeding was Michael Q. Eagan (the other founding partner, John C. O'Malley, was ousted from the partnership in late 2010).  Mr. Eagan informed the government (including ASUAs Sagel and Andre) on August 15, 2019 in an interview that he and Mr. O'Malley had departed the partnership in December 2010.  USAO_00454806 (¶11).  During that same interview, he was shown and asked about a written confirmation of his departure from the partnership (a signed letter dated January 1, 2017, which was attached to a May 18, 2018 email between him and Mr. Avenatti).  Mr. Eagan confirmed the letter and stated that it resulted from Mr. Eagan wanting "written documentation of his departure from EA."  USAO_00454809 (¶33).

2

"If a partnership consists of only two persons, the partnership dissolves by operation of law <u>when one of them departs</u>.")(emphasis added); *see also Carolina Casualty Ins. Co. v. L.M. Ross Law Group, LLP*, 212 Cal. App. 4th 1181, 1192 (2nd Dist. 2012). Indeed, at all times relevant to the analysis, Mr. Avenatti was the only "partner" and member of management of his law firm and thus entitled to assert the privilege. The firm's bankruptcy does not change this as the law firm is not a corporation (it <u>was</u> a professional limited liability *partnership that dissolved by operation of law well prior to the bankruptcy, which was filed on September 13, 2019*). Moreover, there has never been any waiver of the privilege by anyone, including the bankruptcy trustee.

*Second*, the government claims for the first time in its sur-reply that the defense "intentionally omitted evidence." This is not accurate. The March 4, 2020 letter was <u>already in the record</u>, having been filed by the government at Docket No. 283-1 in support of their motion relating to advice of counsel, which is being heard the same day as the defense motion on privilege. Further, the defense never stated in its Reply that the government *only or first* sought waiver of the privilege *after* reviewing the privileged documents. The point in the Reply was that the government ramped up the pressure and continued to repeatedly seek the waiver of the privilege for months while failing to disclose their prior receipt and review of privileged documents (which they still have yet to explain).

*Third*, in its sur-reply, the government argues for the first time that the billing records were publicly filed. But regardless of whether the billing records were previously filed in the public record somewhere (a claim which is being investigated by the defense), (a) the prosecution did not know that at the time they reviewed the records, believed them to be privileged and yet continued to review them and (b) this does not change the prosecution's receipt of over 275 other

3

privileged documents and their review of at least 78 (at a minimum) other privileged documents.

      Counsel for the defendant and the government conferred and the government opposes this application, stating "The government's sur-reply dealt solely with responding to new evidence and arguments defendant raised for the first time in his reply brief and revised reply brief.  Neither the local rules nor applicable case law allow defendant to file a response to the government's sur-reply when defendant already addressed these issues in the first instance in his reply briefs.  Therefore, the government opposes defendant's request to file a response to the government's sur-reply."  Contrary to the government's position, however, and as stated above, the defense as the moving party has not had an opportunity to address the new arguments and evidence raised for the first time by the government in its sur-reply filed two days ago.  Accordingly, defendant requests the opportunity to promptly (within 24 hours) file a very brief three-page memorandum of points and authorities addressing each of the points above.

Dated:  October 15, 2020          Respectfully submitted,

                                           /s/ H. Dean Steward

                                           H. DEAN STEWARD
                                           Attorney for Defendant
                                           MICHAEL JOHN AVENATTI

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672. I am not a party to the above-entitled action. I have caused, on October 15, 2020, service of the defendant's:

DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER PERMITITNG THE DEFENSE TO FILE A THREE-PAGE SUR-REPLY IN RESPONSE TO THE GOVERNMENT'S SUR-REPLY RELATING TO DEFENDANT'S MOTION CONCERNING THE ATTORNEY-CLIENT PRIVILEGE

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA JULIAN ANDRE

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 15, 2020

                                                      /s/ H. Dean Steward
                                                      H. Dean Steward