NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6683
    Facsimile: (213) 894-6269
    Email:    Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
    Ronald Reagan Federal Building
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone:  (714) 338-3598
    Facsimile:  (714) 338-3708
    Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 19-061-JVS |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT MICHAEL JOHN AVENATTI'S *EX PARTE* APPLICATION FOR A BRIEFING SCHEDULE REGARDING DEFENDANT'S PENDING MOTION FOR A PRIVILEGE REVIEW, EVIDENTIARY HEARING, AND DISCOVERY |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Julian L. André and Brett A. Sagel, hereby files its opposition to defendant MICHAEL JOHN AVENATTI's ex parte application for a briefing schedule regarding

defendant's pending motion for a privilege review, evidentiary hearing, and discovery (CR 359).

This opposition is based upon the attached memorandum of points and authorities, the attached exhibit, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 23, 2020              Respectfully submitted,

                                     NICOLA T. HANNA
                                     United States Attorney

                                     BRANDON D. FOX
                                     Assistant United States Attorney
                                     Chief, Criminal Division


                                     _____/s/_____
                                     JULIAN L. ANDRÉ
                                     BRETT A. SAGEL
                                     Assistant United States Attorneys

                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Prior to the pretrial motions hearing on October 19, 2020, the Court issued a tentative ruling indicating that it intended to deny in its entirety defendant's pending motion for a privilege review, evidentiary hearing, and discovery (CR 286).  At the hearing, the Court deferred ruling on defendant's motion, continued the hearing to November 16, 2020, and set a schedule for further briefing -- a schedule to which the parties both agreed.[1]  Specifically, at defendant's request, the Court ordered defendant to submit in camera additional information regarding the relevance of the 79 documents attached as Exhibit B to H. Dean Steward's Supplemental Declaration (CR 345-1) by October 23, 2020.  (CR 359.)  The Court also ordered the parties to simultaneously submit any supplemental briefs regarding defendant's privilege review motion by November 9, 2020. (Id.)  Defendant's request to modify this agreed-upon briefing schedule is unnecessary, illogical, and, at best, premature.

First, there is no basis to continue defendant's October 23, 2020, deadline to submit his in camera brief regarding the relevance of the documents contained in Exhibit B.[2]  Defense counsel indicated that Exhibit B contains 79 documents that were clawed back from the Prosecution Team in June 2020, but which had been previously accessed by the Prosecution Team.  When asked whether any of these documents related to the wire fraud counts in the indictment, defense counsel

---

[1] As the transcript of the hearing is not yet available, the government has based its descriptions of the hearing on the recollection and notes of counsel.

[2] Because defendant's brief would be due the same day as the instant opposition, if the Court denies defendant's application, the government proposes that the Court provide defendant 24 hours to submit his in camera brief after the Court's order on the application is issued.

said that the documents did relate to those counts and that the relevance would be obvious or apparent.  Defense counsel then proposed submitting an _in camera_ brief to the Court regarding the documents' relevance by October 23, 2020.  (CR 359 at 1.)

Defendant submitted Exhibit B to the Court over 10 days ago on October 12, 2020.  (CR 345-1.)  There is no reason why defendant should now need an additional 17 days to submit his _in camera_ brief addressing the documents' relevance, particularly given counsel's claim that the relevance is obvious and the fact that defendant should have addressed the relevance when he first submitted the documents to the Court.  Moreover, the Court ordered defendant to serve a copy of the _in camera_ submission to the government's Privilege Review Team so that the Privilege Review Team can file a response if necessary.  Yet, under defendant's proposed briefing schedule, the government's Privilege Review Team would have less than a week to review his _in camera_ submission and file a response prior to the hearing.  Finally, the Privilege Review Team's further review of _other_ search warrant materials is irrelevant, and does not justify continuing defendant's deadline to provide information regarding the relevance of the 79 documents that defendant has _already submitted_ to the Court.

_Second_, defendant's _ex parte_ application is based on a mischaracterization of the Privilege Review Team's statements during the hearing and is, at best, premature.  The Privilege Review Team never represented to the Court that a "significant number of _additional_ privileged or potentially privileged documents . . . may have been produced to the Prosecution Team."  (CR 359 (emphasis in original).)  Rather, based on the review of the documents referenced

1    in the government's October 9, 2020, Notice to the Court (CR 343),

2    the Privilege Review Team is re-reviewing documents in the

3    Prosecution Team's "clean" database to determine whether it would be

4    prudent to further claw back additional documents beyond the 299

5    documents previously identified.[3]  (Ex. 1.)  The Privilege Review

6    Team hopes to complete that re-review by November 2, 2020, and will

7    file an in camera report with the Court summarizing the status of any

8    additional claw back once the review is complete.  (Id.)  If the

9    Privilege Review Team is unable to complete the re-review by November

10   2, 2020, it will promptly notify the Court and the defense.  (Id.)

11        Additionally, there is no merit to defendant's claim that a new

12   briefing schedule is necessary because the Privilege Review Team

13   provided new information "for the first time" at the hearing.  (CR

14   359 at 2.)  The government notified defendant and the Court on

15   October 9, 2020, that the Privilege Review Team was conducting a

16   further review of the search warrant materials.  (See CR 343.)

17   Indeed, defendant already addressed the government's October 9, 2020,

18   notice in his revised reply brief (CR 345), and during the hearing.

19        To the extent additional briefing is necessary to address the

20   Privilege Review Team's re-review of the search warrant materials,

21   the current November 9, 2020, deadline for simultaneous briefs -- a

22   deadline to which both parties agreed -- is more than sufficient to

23   allow the parties to submit whatever additional evidence or arguments

24   may be necessary or appropriate.  The parties would then have an

25

26        [3] As AUSA Patrick R. Fitzgerald stated at the hearing, the
     Privilege Review Team has never represented that any of the documents
27   released to the Prosecution Team are in fact privileged, that
     defendant holds any applicable privilege that may apply to those
28   documents, or that the Prosecution Team's review of any released
     documents was in any way improper.  (Ex. 1.)

                                     3

1    opportunity to respond to those arguments during the November 16,

2    2020, hearing.

3         In contrast, defendant's proposed schedule would improperly

4    shift defendant's burden to the government, by requiring the

5    government to submit any supplemental briefing on November 5, 2020,

6    before defendant files his supplemental brief or in camera submission

7    on November 10, 2020.  It is defendant's burden to establish that any

8    clawed-back documents are in fact privileged and that defendant holds

9    any applicable privileges that may apply to those documents.  Yet,

10   defendant now suggests that the government should be required to

11   respond to these potential arguments before those arguments are even

12   made because defendant is "the moving party."  This is illogical.

13   Indeed, defendant's proposed briefing schedule does not even provide

14   the government with any opportunity to respond to such arguments.

15        Finally, defendant's request is, at best, premature because the

16   Privilege Review Team has not yet completed its re-review of the

17   search warrant materials.  Any additional briefing will presumably be

18   dependent on the results of the Privilege Review Team's re-review.

19   Indeed, even if the Privilege Review Team were to identify additional

20   documents to claw back out of an abundance of caution, there may not

21   be a need for any additional briefing regarding those issues.  Thus,

22   the more appropriate course of action would be for the Court to leave

23   the current briefing schedule in place.  If after the Privilege

24   Review Team completes its current review, defendant still believes a

25   modification of the briefing schedule is necessary, the parties can

26   meet and confer regarding such a modification at that time.

27        Accordingly, the government respectfully requests that the Court

28   deny defendant's ex parte application.  If the Court denies

                                    4

defendant's application, defendant should be required to submit his in camera submission regarding the relevance of the documents contained in Exhibit B to Mr. Steward's supplement declaration within 24 hours of the Court's order on the instant application.  The November 9, 2020, deadline for simultaneous supplemental briefing should also remain in place, subject to further modification after the Privilege Review Team submits its in camera report, if necessary.

# EXHIBIT 1

| | |
|---|---|
| **From:** | Fitzgerald, Patrick (USACAC) |
| **To:** | Dean Steward |
| **Cc:** | Sagel, Brett (USACAC); Andre, Julian L. (USACAC) |
| **Subject:** | RE: [Defense 10/20/20 Request for Discovery] |
| **Date:** | Wednesday, October 21, 2020 2:47:16 PM |

Counsel:  For the reasons discussed at length at the hearing on Monday 10/19/20, the requests in your email rest on mistaken assumptions or are at best premature.  To reiterate what was said at the hearing regarding the 299 "clawed back" documents:  The Privilege Review Team has not determined or represented that anything in these documents in fact is protected by any attorney-client privilege or the work-product doctrine.  We have not represented that any privilege that may cover these documents is a privilege held by defendant.  Nor have we represented that there was any "improper review" by the Prosecution Team or that there would have been any problem with the Prosecution Team reviewing these documents or using them at trial.

Similarly, there was not "an admission by the Filter Review Team [Monday] in court regarding there being additional privileged documents that were produced to the prosecution team."  Rather, based on the review of the documents referenced in the government's October 9, 2020 Notice to the Court, we are reviewing the documents in the "clean" database to determine whether it would be prudent to further claw back additional documents beyond the 299 previously discussed.  As I stated at the hearing, I hope that re-review will finish in two weeks.  Once the re-review is finished, the Privilege Review Team will file a report with the Court summarizing the status of any additional claw back.  You will be served with a copy of that filing, which will not be served on the Prosecution Team.   I promptly will let you and the Court know if my two-week estimate proves to be overly optimistic.

At a minimum,  any additional discovery will require a claim by you that a document still protected by one of defendant's privileges passed through the filter and a ruling by the Court that this claim is valid.  Please serve me with any privilege claims that you file.  Also, as I believe the Court directed on Monday, please serve me with the *in camera* brief you will file explaining the relevance of the documents in "Exhibit B" so that, if necessary, I can respond.

Patrick R. Fitzgerald
Senior Trial Attorney
United States Attorney's Office
Central District of California
United States Courthouse | 312 N. Spring St. | Suite 1500 | Los Angeles, CA 90012
T: (213) 894-4591 |F: (213) 894-2535| email:  Patrick.Fitzgerald@usdoj.gov

**From:** Dean Steward <deansteward7777@gmail.com>
**Sent:** Tuesday, October 20, 2020 10:33 AM
**To:** Sagel, Brett (USACAC) <BSagel@usa.doj.gov>; Andre, Julian L. (USACAC) <JAndre1@usa.doj.gov>; Fitzgerald, Patrick (USACAC) <PFitzgerald2@usa.doj.gov>
**Subject:**

Counsel:

We were surprised by the admission by the Filter Review Team yesterday in court regarding there
being additional privileged documents that were produced to the prosecution team.  This admission is
even more damning seeing as we have been asking for weeks that you confirm that no other
privileged or potentially privileged documents were produced or reviewed, to which you had not responded.

We demand the you immediately provide a list of all privileged and potentially privileged
documents produced to the prosecution team during this case (March 2019 to the present),
together  with
ALL Relativity database details relating to those documents, including all instances of any member of the
prosecution team or investigative team accessing, viewing, printing, querying, and/or "running" the documents.  We are entitled
We have a right to know which privileged and potentially privileged documents the prosecution and investigative teams not only received but accessed and the details of that access.  This information
is readily available to the  Filter  Team and we demand that it be produced immediately.  As I am sure
you know, other courts have relied on the database details when considering  the conduct of the government.  There is no reason why  this information should not be promptly produced to the defense

in this case. And I'm sure you noted Judge Selna's interest in the issue.

Dean

--



949-481-4900  www.deansteward.com