H. Dean Steward, SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
| Plaintiff, | DEFENDANT'S FILING PURSUANT TO THE COURT'S OCTOBER 30, 2020 UNDER SEAL ORDER |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his counsel of record, H. Dean Steward, hereby complies with the Court's October 30, 2020 under seal Order attached hereto as Exhibit B.

Dated: November 4, 2020          Respectfully submitted,

/s/ H. Dean Steward
H. DEAN STEWARD

Attorney for Defendant
MICHAEL JOHN AVENATTI

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>EXHIBIT A</u>**

H. Dean Steward, SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | SA CR No. 19-061-JVS<br><br>DEFENDANT'S IN CAMERA SUBMISSION REGARDING DEFENDANT'S PENDING MOTION FOR A PROPER PRIVILEGE REVIEW, EVIDENTIARY HEARING AND DISCOVERY |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his counsel of record, H. Dean Steward, hereby files Defendant's In Camera Submission Regarding Defendant's Pending Motion for a Proper Privilege Review, Evidentiary Hearing and Discovery.

Dated: October 23, 2020          Respectfully submitted,


/s/ H. Dean Steward
  H. DEAN STEWARD

Attorney for Defendant
MICHAEL JOHN AVENATTI

I. **INTRODUCTION**

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████ Subsequent
to this statement, the head of the Filter Review Team, Mr. Patrick Fitzgerald,
disclosed for the first time to the Court and the defense that a significant number of
*additional* privileged or potentially privileged documents, beyond the 299
documents previously disclosed in early September, may have been produced to
the prosecution team.  [Transcript at 41:18 – 42:18.]   Specifically, Mr. Fitzgerald
disclosed that the Filter Review Team had identified approximately 10,000
documents that had been previously produced to the prosecution team that now had
to be re-reviewed for privilege due to concerns by the Filter Team that some may
be privileged and have to be clawed back.  [Id.]  Mr. Fitzgerald also stated:  "In
answer to the Court's last question, we do believe that there are additional
documents  . . . that on further review we will probably claw back, so in that
technical sense, yes."  [Id. at 41: 21-25.]  This disclosure followed (a) the defense's
argument to the Court during the hearing that the government had refused to
answer for weeks as to whether any other privileged documents beyond the 299
had been produced to the prosecution or reviewed by them and (b) the

prosecution's failure to directly answer the question when asked by the Court.  [Id. at 40:4 – 41:15.]  As of this filing, the defense still has not been provided a list of the other privileged or potentially privileged documents produced to the prosecution team and/or reviewed by them.

Following Mr. Fitzgerald's revelation, the Court continued the hearing on the motion to November 16 and instructed the Filter Review Team to submit a report in camera in two weeks.  The Court also directed the parties to submit any additional briefs on November 9.

II.     **THE SIGNIFICANCE OF EXHIBIT B**

Immediately after the Filter Team disclosed that 299 privileged or potentially privileged documents had been given to the prosecution and subsequently clawed back months later, the defense promptly filed an *ex parte* application on September 3, 2020 seeking a stay of motion practice pending a determination of the privilege issues and the government's conduct.  [Docket No. 260].  The government successfully opposed that application by way of an opposition filed on September 4, 2020 [Docket No. 261].  In that opposition, the government affirmatively stated the following as "facts" to the Court and the defense:  (1) "*In May 2020*" the prosecution team "came across a small number of emails" between Eagan Avenatti, LLP's former office manager and bankruptcy counsel; (2) even though the prosecution team "did not believe the documents . . . were privileged," the prosecution team "immediately ceased its review of the documents" and agreed they "*would not review any other documents involving EA LLP's bankruptcy counsel* until the Privilege Review Team had completed its

2

review."; (3) "Other than the *handful of emails* the Prosecution Team discovered in May 2020, government counsel does not recall *seeing or reviewing* any other emails involving EA LLP's bankruptcy counsel." (4) "The Privilege Review Team informed defendant that the Prosecution Team reviewed a *small number* of the potentially privileged documents, and upon encountering them, alerted the Privilege Review Team, and *did not review the contents of the remaining 299 documents* . . ."; and (5) "Simply put, the Prosecution Team was exposed to *a small number -- likely three or four at most* -- of potentially privileged emails involving EA LLP's bankruptcy counsel."  [Docket No. 261, pp. 2-3](emphasis added).  The prosecution later again claimed in the filing that they had "only reviewed *a small number*" of the 299 documents and "*never* reviewed the contents of *any* of the other potentially privileged documents."  [Id. at 4:16-19] (emphasis added).  The prosecution then criticized the defense for not accepting the "facts" as disclosed by them at face value and instead seeking relief before the Court.  [Id. at 5:2-8].  The prosecution also once again stated that they only had "*exposure* months ago to a *handful of emails*."  [Id. at 6:6].  *Many similar representations are included in the opposition to the instant motion and the accompanying declarations.*

**Exhibit B, coupled with other exhibits attached to the Revised Reply in support of Defendant's Motion For a Proper Privilege Review, Evidentiary Hearing and Discovery [Docket No. 345], shows that these representations are false**.  In response to continued demands for information by the defense since the filing of the motion, the government finally provided a spreadsheet showing the access to the 299 documents by the prosecution team as reflected by data in the computerized database.[1]  *See* Exhibit 1 attached to Docket No. 345.  This

---

[1] The defense understands that the database keeps a computerized record of each time a user accesses each document electronically, and for how much time.  But this has

spreadsheet shows that the prosecution team, including AUSAs Sagel and Andre, repeatedly accessed, viewed, imaged, read and/or converted for reading (i.e. to pdf) **at least 79** of the 299 documents **beginning in April,** as opposed to May as previously represented. *See id*. at pp. 1, 6.

Further, their review was not of only a few emails, or three or four emails "at most," as they previously told this Court and the defense, nor did they first discover that the documents were potentially privileged in mid-May, nor was any review cursory.  The spreadsheet shows this review and access by AUSAs Sagel and/or Andre occurred on April 22, April 23, April 28, April 29, May 4, May 13, May 14, May 15, and June 10[2] and involved numerous documents, some of which were accessed multiple times by one or both of them.  In some instances, it appears that one AUSA contacted the other AUSA and specifically directed the second AUSA to access and review a privileged document that the first AUSA had recently reviewed.  In other instances, the same AUSA went back and again reviewed a privileged document after reviewing it previously.  *See* Exhibit 2 attached to Docket No. 345.[3]  In addition, this review was not only of emails, it also included other documents.  In other words, the data in the government's own computer database and the documents vitiate any argument by the prosecution that

---

curiously not been provided.  Further, once a document is converted to a pdf or other format for viewing, the user can review that document separately without the program keeping track of how much time is spent reviewing the document.  The content of a document in the database can also be "viewed" in multiple ways that will not register the action "view" in the database, including by simply converting the document to another format (i.e. "Conversion Complete") and also by "running" a document.

[2] On June 10 and numerous other dates, other members of the Investigative and Prosecution Team other than AUSAs Sagel and Andre accessed the privileged documents.

[3] For the Court's benefit, this spreadsheet contains data taken from the spreadsheet produced by the prosecution on September 25 and reflects the actions by AUSAs Sagel and Andre grouped by document.

the documents were not purposely reviewed or that any review was an honest mistake and does not amount to substantial misconduct.

The documents attached as Exhibit B are the 79 documents that the prosecution's own database shows were viewed, imaged, accessed, read and/or converted for reading (i.e. to pdf) by one or more members on the prosecution team after Mr. Avenatti's arrest.  Almost all of the documents (1) contain the name of one two law firms the prosecutors identified in the privilege review protocol they requested be issued with the warrants as likely having privileged communications with Mr. Avenatti - Pachulski Stang Ziehl & Jones, LLP and Raines Feldman LLP [4] - and (2) include some indication on the document that it is privileged or likely privileged.  Because the prosecution knew these firms likely had privileged communications with Mr. Avenatti when they applied for the search warrants in March 2019 (they stated this in the applications), they obviously *knew* communications with these firms were likely privileged when they reviewed them one year later and yet they continued.

These 79 documents generally relate to numerous Counts and allegations in the Indictment, including Counts 1-10 and various tax and bankruptcy counts. Indeed, were the documents not relevant, they would not have been produced by the prosecution to the defense under Rule 16 and assigned a USAO bates stamp number.  It is worth noting that millions of pages of materials were seized by way of the search warrants and were not produced to the defense because they, unlike the 79 documents, were deemed by the prosecution to not be relevant to the charges in the Indictment.  The 79 documents, however, were reviewed for relevance by the prosecution after receipt from the Filter Review Team and

[4] *See*, *e.g.*, Case No. 8:19-mj-00419-DUTY (the server related warrant), Docket No. 4 at xii, ¶8.

5

subsequently produced to the defense. This is an acknowledgement of their relevance.

[redacted]

Moreover, the prosecution has claimed that the bankruptcy counts (counts 33-36) "have substantial overlap of evidence and witnesses" with Counts 1-10. The government also recently successfully argued at the hearing on October 19 as it related to the defense Motion for Severance that evidence from the bankruptcy proceeding, including evidence concerning Mr. Avenatti's alleged failure to disclose various financial transactions and bank accounts in the bankruptcy

---

[redacted]

[redacted]

proceeding and in the reports and filings made in the bankruptcy court, was (a) highly relevant to Counts 1-10, (b) showed furtherance of the scheme to defraud the clients in Counts 1-10, and (c) admissible in connection with a trial on Counts 1-10.  [Transcript at 4:21 – 8:11.]

Further, after the hearing, the government submitted a supplemental brief to the Court arguing these same points and reaffirming their position.  [Docket No. 361.]  Among other things, the prosecution claimed:  "Evidence relating to the 2017 EA Bankruptcy is directly relevant to the Client Counts and is thus admissible in a trial on the Client Counts."  [Docket No. 361 at 2.]  The government further argued that "evidence that defendant concealed his receipt and embezzlement of the clients' settlement proceeds during the 2017 EA Bankruptcy is inextricably intertwined with the Client Counts and is necessary to offer a coherent and comprehensible story regarding defendant's embezzlement of his clients' funds."  [Id. at 2 (citations omitted).]  The government continued:  "Alternatively, this evidence [is] critical to establishing defendant's state of mind and is this admissible under Rule 404(b)."  [Id.]  The government then proceeded to note Mr. Avenatti's disclosure requirements in connection with the bankruptcy [Id. at 2-3], arguing that they are relevant to Counts 1-10.  <u>These requirements and the attorney-client privileged communications surrounding them are squarely at issue in many of the 79 privileged documents that the prosecution reviewed.</u>  The government later repeatedly stated that Mr. Avenatti's alleged failure to disclose various transactions in the bankruptcy pursuant to his obligations, including on the monthly operating reports, is highly relevant to each of the Client Counts.  *See*, *e.g.*, Docket No. 361 at 2-11.

Accordingly, the government, including the Filter Review Team, may not reverse course now and take an entirely different and inconsistent position, namely

7

that the documents attached at Exhibit B and the issues addressed therein have no relevance or bearing on Counts 1-10 and only relate to the bankruptcy counts.

Dated:  October 23, 2020                    Respectfully submitted,

                                            /s/ H. Dean Steward

                                            H. DEAN STEWARD
                                            Attorney for Defendant
                                            MICHAEL JOHN AVENATTI

8

## **CERTIFICATE OF SERVICE**

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.  I am not a party to the above-entitled action.  I have caused, on October 23, 2020, service of the defendant's:

DEFENDANT'S IN CAMERA SUBMISSION REGARDING DEFENDANT'S PENDING MOTION FOR A PROPER PRIVILEGE REVIEW, EVIDENTIARY HEARING AND DISCOVERY

on the following party, via electronic mail (with subsequent confirmation):

AUSA PATRICK FITZGERALD

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 23, 2020

/s/ H. Dean Steward

H. Dean Steward

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>EXHIBIT B</u>**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

| Case No. | SACR 19-61JVS | Date | October 30, 2020 |
|---|---|---|---|

Present: The Honorable **JAMES V. SELNA, U.S. DISTRICT COURT JUDGE**

Interpreter

| Lisa Bredahl | Not Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Michael John Avenatti | NOT | | X | Dean Steward | NOT | | X |

**Proceedings:**   **[IN CHAMBERS] Further Minute Order re Defendant's *in Camera* Submission (UNDER SEAL)**

The Court reviewed Michael John Avenatti's ("Avenatti") *in camera* submission dated October 23, 2020 ("Submission"). On October 26, 2020, the Court issued an order to show cause:

> At the October 19, 2020 hearing, the Court directed Avenatti to file a document tracking the documents in Exhibit B to Counts 1 through 10. It neither invited or directed argument on other topics. In the Court views, much of the Submission as improper *ex parte* argument: page 1, line11("Subsequent . . ,") through page 2, line 8; page 2, line 14 through page 6, line 2; page 6, line, 16 through page 8, line. Particularly egregious is the following accusatory statement which Avenatti submits on an *ex parte* basis with no opportunity for response:
>
> **Exhibit B, coupled with other exhibits attached to the Revised  Reply in support of Defendant's Motion For a Proper Privilege Review, Evidentiary Hearing and Discovery [Docket No. 345], shows that these representations are false.**
>
> (Submission, p. 3; bold in original.) Avenatti is directed to show cause in writing within three days why these portions of the Submission should not be disclosed to the Government.

(Docket No. 365, pp.  1-2; under seal.) The Court has reviewed Avenatti's response, and finds it

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

wanting.  As is evident from the order to show cause, the Court's concern was that Avenatti was using an *ex parte* communication to make substantive arguments on unrelated topics.  Rather than respond to the Court's concern, Avenatti demurs that the extraneous substantive arguments "were already filed in the record almost verbatim."  (Id., p.  2; bold per original.)  If that is so, one can only ask what the purpose was in including them in the document.  While the Court does not subscribe to the view that repetition creates truth, others may wonder.

Avenatti is directed to serve to file and serve on the Government his original filing with all material other than those cited by the Court above redacted along with a copy of this Order.  Avenatti is instructed to limit the content of all future *ex parte* communication with the Court to the purpose of the communication.

_____ :   0

Initials of Deputy Clerk   lmb   _____

## **CERTIFICATE OF SERVICE**

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672. I am not a party to the above-entitled action.  I have caused, on November 4, 2020, service of the:

DEFENDANT'S FILING PURSUANT TO THE COURT'S OCTOBER 30, 2020 UNDER SEAL ORDER

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA JULIAN ANDRE

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 4, 2020

/s/ H. Dean Steward

H. Dean Steward