# GOVERNMENT EXHIBIT 25

# United States Bankruptcy Court
## Middle District of Florida

In re   __Eagan Avenatti LLP__

                               Debtor(s)

Case No.    __17-01329__

Chapter    __11__

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Avenatti & Associates, APC**<br>**520 Newport Center Drive**<br>**Suite 1400**<br>**Newport Beach, CA 92660** | | | |
| **Michael Q. Eagan**<br>**520 Newport Center Drive**<br>**Suite 1400**<br>**Newport Beach, CA 92660** | | | |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

       I, the **Managing Partner** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date   4-6-17                     Signature

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

**EXHIBIT 25**
**Page 1 of 1**

# GOVERNMENT EXHIBIT 26

```
 1                   OFFICE OF THE UNITED STATES TRUSTEE

 2                         SANTA ANA DIVISION

 3

 4  In Re:                        )  Case No. 8:17-bk-11961-CB
                                  )
 5  EAGAN AVENATTI, LLP,          )  Chapter 11
                                  )
 6           Debtor.              )
    _____)
 7

 8                           341(a) MEETING

 9                   MICHAEL HAUSER, Presiding

10                         --oOo--

11                       June 12, 2017

12                   411 West Fourth Street
                         Suite 7160
13               Santa Ana, California 92701

14  APPEARANCES:

15  For the Debtor:              IRA D. KHARASCH, ESQ.
                                 ROBERT M. SAUNDERS, ESQ.
16                               Pachulski, Stang, Ziehl &
                                   Jones, LLP
17                               10100 Santa Monica Boulevard
                                 13th Floor
18                               Los Angeles, California 90067
                                 (310) 277-6910
19

20  For the United States        MICHAEL HAUSER, ESQ.
      Trustee:                   411 West Fourth Street
21                               Suite 7160
                                 Santa Ana, California 92701
22                               (714) 338-3417

23

24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.
```

*Briggs Reporting Company, Inc.*

**EXHIBIT 26**
**Page 1 of 9**

```
                                                                       ii
 1  APPEARANCES:  (cont'd.)

 2  For the United States and        NAJAH J. SHARIFF, ESQ.
      Its Agency, the Internal       United States Attorney's
 3    Revenue Service:                  Office
                                     300 North Los Angeles Street
 4                                   Suite 7211
                                     Los Angeles, California 90012
 5                                   (213) 894-2534

 6  For Jason Frank Law and          SARA L. CHENETZ, ESQ.
      Scott Sims:                    Perkins Coie, LLP
 7                                   1888 Century Park East
                                     Suite 1700
 8                                   Los Angeles, California 90067
                                     (310) 788-3218
 9

10  For Stoll, Nussbaum and          THOMAS POLAS, ESQ.
      Polakov:
11

12  Transcriber:                     Briggs Reporting Company, Inc.
                                     4455 Morena Boulevard
13                                   Suite 104
                                     San Diego, California 92117
14                                   (310) 410-4151

15

16

17

18

19

20

21

22

23

24

25
```

*Briggs Reporting Company, Inc.*

**EXHIBIT 26**
**Page 2 of 9**

iii

1                           I N D E X

2    WITNESSES:                                    EXAMINATION

3    MICHAEL JOHN AVENATTI                               2
                                                        116
4                                                       172

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                                                    1

1    SANTA ANA, CALIFORNIA  MONDAY, JUNE 12, 2017 10:00 AM

2  _____--oOo--

3              TRUSTEE HAUSER:  Good morning.  My name is Michael

4    Hauser.  I'm an attorney with the U.S. Trustee's Office.

5    Today's date is March -- I'm sorry.  Today's date is June

6    12, 2017.  It's approximately 10:00 o'clock in the morning.

7    This is the 341(a) of creditors in the Chapter 11 case of

8    Eagan Avenatti, LLP, case number 8:17-11961-CB.

9              Counsel for the Debtor, could you please make your

10   appearance for the record?

11             MR. KHARASCH:  Ira Kharasch and Rob Saunders of

12   Pachulski Stang, on behalf of the Debtor.

13             TRUSTEE HAUSER:  Okay.  And counsel for the United

14   States, could you please make your appearance on the record?

15             MS. SHARIFF:  Yes.  Najah Shariff, Assistant

16   United States Attorney, for the United States, on behalf of

17   its agency, the Internal Revenue Service.

18             TRUSTEE HAUSER:  Okay.  If there are any other

19   parties that want to make their appearance?  You can either

20   make it now, or after I finish my question, you can come up,

21   you can make -- you can come up to the table here and make

22   your appearance at that time.  So I'll leave that up to you.

23             Okay.  Hearing nothing, we will administer the

24   oath.

25             Mr. Avenatti, could you please raise your right

2

1 hand.

2      MICHAEL JOHN AVENATTI - FOR THE DEBTOR - SWORN

3           THE WITNESS:  Yes.

4           TRUSTEE HAUSER:  Okay.  Could you please state

5 your name for the record and spell it?

6           THE WITNESS:  Michael John Avenatti, A-V-E-N-A-T-

7 T-I.

8           TRUSTEE HAUSER:  Okay.

9                         EXAMINATION

10 BY TRUSTEE HAUSER:

11 Q    And, Mr. Avenatti, you are the managing partner of the

12 Debtor, is that correct?

13 A    Yes.

14 Q    Okay.  And how long have you held that position?

15 A    Nearly 10 years.

16 Q    Okay.  And did you sign the statement of financial

17 affairs, which is docket item number 50 from the Florida

18 docket, and the amended schedules, which are docket items

19 number 104 through 108 on the Santa Ana docket?

20 A    Yes, sir.

21 Q    Okay.  You signed them under penalty of perjury, is

22 that correct?

23 A    Yes, sir.

24 Q    Okay.  And prior to signing them, did you review those

25 documents carefully?

3

1  A   I reviewed the amended schedules more carefully than

2  the statement of financial affairs.  At the time that I

3  signed the statement of financial affairs I was in the

4  middle of a --

5  Q   If you could speak up just a bit, only because it's --

6  I'm seeing it's not picking up.

7  A   I'm sorry.  At the time that I signed the statement of

8  financial affairs I was in the middle of a rather large

9  trial and, as I recall, it was signed at about 2:30 in the

10  morning.

11  Q   Okay.  Okay.  So, you carefully reviewed the amended

12  schedules but not the statement of financial affairs, is

13  that correct?

14  A   Yes, sir.

15  Q   Okay.  And -- but to the best of your knowledge, is the

16  information contained in the amended schedules true and

17  correct?

18  A   To the best of my knowledge, yes.

19  Q   Okay.  And at this time, are there any changes that

20  need to be made, either to the amended schedules or to the

21  statement of financial affairs?

22  A   Well, I've become aware of the fact that I believe on

23  the statement of financial affairs, that there may need to

24  be some corrections, at least as it relates to one of the

25  answers --

*Briggs Reporting Company, Inc.*

**EXHIBIT 26**
**Page 6 of 9**

4

1          MR. KHARASCH:  Number four.

2          THE WITNESS:  "Number four."

3          TRUSTEE HAUSER:  Number four.  Okay.  We're going

4    to -- I'll make a note of that.  So SOFA number four.  We're

5    going to go through it pretty much question by question.  So

6    as we go through it, you can -- in addition to SOFA number

7    four, we can find out if there are any other changes that

8    need to be made.  In fact, that's probably going to be true

9    for the entire set of schedules as well.

10   BY TRUSTEE HAUSER:

11   Q    All right.  I'd like to move over to some corporate

12   governance issues.  What year was the Debtor formed?

13   A    2007, but it carried a different name a the time it was

14   formed in 2007.

15   Q    Okay.  So the predecessor name was?

16   A    Was Eagan, O'Malley and Avenatti, LLP.

17   Q    Okay.  And at what time did it become just Eagan

18   Avenatti?  Approximately?

19   A    I believe the name was formally changed in January of

20   2011.

21   Q    Okay.  And according to the list of equity holders,

22   which is docket item number 52 -- 51 from the Florida

23   docket, the equity holders in the Debtor are Avenatti and

24   Associates, APC, and Michael Eagan, individually, is that

25   correct?

5

1   A      I believe Mr. Eagan holds his equity through the Law

2   Offices of Michael Q. Eagan, as opposed to individually, but

3   I may be mistaken about that.

4   Q      I'm sorry.  That was the law offices of what?

5   A      Michael Q. Eagan.

6   Q      And what's the split, 50-50?

7   A      No.  The split is 75-25 in favor of Avenatti and

8   Associates.

9   Q      Okay.  And has it always been that way?

10  A      No, it's changed over time.

11  Q      Okay.  Could you sort of give me what it was at the

12  inception, and then how it evolved?

13  A      As I recall, when we formed the firm it was 37-and-a-

14  half-percent to Mr. O'Malley, 37-and-a-half-percent to

15  Avenatti and Associates, and 25-percent to Mr. Eagan, and I

16  just don't recall whether that was held by him individually

17  or through this law office entity.

18  Q      Okay.  When -- and so O'Malley leaves in 2011?

19  A      2010.  At the end of 2010.

20  Q      Okay.  And then you, essentially, get all of O'Malley's

21  equity interest?

22  A      Correct.

23  Q      Okay.  Now, as the managing partner of the Debtor, you

24  are the firm's sole executive officer, is that correct?

25  A      Yes.

*Briggs Reporting Company, Inc.*

**EXHIBIT 26**
**Page 8 of 9**

6

1  Q    Okay.  Now, I just want to move over to sort of the

2  employees and staffing at the firm.  The Debtor has

3  approximately like 17, 18, 20 employees?

4  A    In that range, yes.

5  Q    Yeah, I mean -- okay.  Well, let's break it down.  How

6  many lawyers are there, including yourself, six, seven,

7  eight?

8  A    Let me count, if I could.  There's Mr. Eagan, there's

9  myself -- seven, I believe.

10 Q    Okay.  So there's seven lawyers.  And how many support

11 staff?

12 A    Approximately 11.

13 Q    Okay.  So there's a total of 18 employees, including

14 yourself, correct?

15 A    Yes, sir.

16 Q    Okay.  And can you break it out for me what the duties

17 of the different support staff are, you know, like

18 paralegal, IT, bookkeeper, et cetera?

19 A    We have individuals that perform secretarial functions.

20 Q    Okay.  How many of those?

21 A    Well, can I group secretarial and reception?

22 Q    Sure.  Yeah.  Absolutely.

23 A    Five, I believe.

24 Q    Okay.  And then the remaining six people?  Do you have

25 any paralegals?

*Briggs Reporting Company, Inc.*

**EXHIBIT 26**
**Page 9 of 9**

# GOVERNMENT
# EXHIBIT 27



In the Matter Of:

Michael Avenatti

vs

Lisa Storie-Avenatti

J.D.E - MICHAEL AVENATTI Vol I

January 30, 2019

Case No:  17D00-99-30

CERTIFIED COPY

**EXHIBIT 27**
**Page 1 of 7**

Michael Avenatti vs Lisa Storie-Avenatti
J.D.E - Michael Avenatti on 01/30/2019

```
 1              SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2                     FOR THE COUNTY OF ORANGE

 3

 4   In re the Marriage of        )   Case No.: 17D00-99-30
                                  )
 5   Petitioner:  MICHAEL AVENATTI )
                                  )
 6   and                          )
                                  )
 7   Respondent:  LISA STORIE-AVENATTI )
     _____)
 8

 9

10

11

12              JUDGMENT DEBTOR EXAMINATION OF:

13              MICHAEL AVENATTI, VOLUME I

14                   JANUARY 30, 2019

15

16

17

18

19

20

21   Reported by:
     Miranda J. Gentry
22   CSR No. 14165

23

24

25
```

CERTIFIED COPY


**EXHIBIT 27**

**Page 2 of 7**

1          SUPERIOR COURT OF THE STATE OF CALIFORNIA

2                  FOR THE COUNTY OF ORANGE

3

4    In re the Marriage of          )   Case No.: 17D00-99-30
                                     )
5    Petitioner:  MICHAEL AVENATTI   )
                                     )
6    and                             )
                                     )
7    Respondent:  LISA STORIE-AVENATTI )
     _____)

8

9

10

11

12

13

14

15       The Judgment Debtor Examination of MICHAEL AVENATTI,

16   taken on behalf of the Judgment Creditor, before Miranda

17   Gentry, Certified Shorthand Reporter, for the State of

18   California, commencing at 1:17 p.m., Wednesday,

19   January 30, 2019, at 19762 MacArthur Boulevard, Suite 200,

20   Irvine, California.

21

22

23

24

25

                                                              2

**EXHIBIT 27**
**Page 3 of 7**



Michael Avenatti vs Lisa Storie-Avenatti
J.D.E - Michael Avenatti on 01/30/2019

```
 1    APPEARANCES:

 2

 3        For Petitioner:

 4            STEGMEIER, GELBART, SCHWARTZ & BENAVENTE, LLP
              By:   SAUL GELBART
 5            19762 MacArthur Boulevard, Suite 200
              Irvine, California 92612
 6            (949) 337-4050
              sgelbart@sgsblaw.com
 7

 8        For Respondent:

 9            PRESCOTT & PRESCOTT
              By:   MATTHEW S. DEARMEY
10            950 West Seventeenth Street, Suite A
              Santa Ana, California 92706
11            (714) 558-7744
              matt@dearmeylaw.com
12

13

14        Also Present:

15            Lisa Storie-Avenatti

16            Rod Collins

17

18

19

20

21

22

23

24

25
```

3



**EXHIBIT 27**
**Page 4 of 7**

Michael Avenatti vs Lisa Storie-Avenatti
J.D.E - Michael Avenatti on 01/30/2019

```
 1                        Irvine, California
 2              Wednesday, January 30, 2019; 1:17 p.m.
 3
 4                        MICHAEL AVENATTI,
 5   was called by and on behalf of the Judgment Creditor, and
 6   having been first duly sworn by the Court Clerk, was
 7   examined and testified as follows:
 8
 9                         EXAMINATION
10   BY MR. DEARMEY:
11       Q   Sir, you've been previously sworn at court on
12   January 23rd, 2019, for your Judgment Debtor Exam.
13           Do you recall that?
14       A   Yes.
15       Q   Okay.  You understand that you are still under
16   oath?
17       A   Yes.
18       Q   Please state your full name for the record.
19       A   Michael John Avenatti.
20       Q   Sir, before we get started with the questioning,
21   are you aware that the court issued a turnover order on
22   January 25th, 2019?
23       A   I'm aware of a turnover.  I don't recall the exact
24   date.
25       Q   So I have that turnover requires you to turn over
```

5



Michael Avenatti vs Lisa Storie-Avenatti
J.D.E - Michael Avenatti on 01/30/2019

```
 1      A    No.
 2      Q    What happened to the boxes that were located at
 3  the storage?
 4      A    There was 1300 boxes, I believe, that were culled
 5  through.  Some of which were sent to storage, and some of
 6  which were shredded.
 7      Q    Okay.  And the ones that were sent to storage,
 8  where were they sent?
 9      A    I don't know.
10      Q    You don't know?
11      A    I don't know.  I didn't handle it.
12      Q    Who handled it?
13      A    Judy Regnier.
14      Q    Please spell her name for the court reporter.
15      A    R-e-g-n-i-e-r.
16      Q    Who is Judy employed by?
17      A    Eagan Avenatti.
18      Q    Does Eagan Avenatti exist as a corporation?
19      A    Yes.  No.  Wait.  No.  No.
20      MR. GELBART:  Hold on --
21      THE WITNESS:  Not as a corporation.
22  BY MR. DEARMEY:
23      Q    It exists as a partnership?
24      A    Correct.
25      Q    Do you know who the partners of that partnership
```

12

REGAL

Michael Avenatti vs Lisa Storie-Avenatti
J.D.E - Michael Avenatti on 01/30/2019

1   are?

2       A   What do you mean by "partners"?

3       Q   Well, partnership has partners; correct?

4       A   Yep.

5       Q   So who are the partners?

6       A   Avenatti & Associates.

7       Q   Who else?

8       A   Me individually.

9       Q   So you as an individual own a partnership interest

10  in Eagan Avenatti?

11      A   Yes.

12      Q   What partnership interest do you hold in Eagan

13  Avenatti?

14      A   I would have to go back and look at the

15  partnership agreement.

16      Q   You don't recall?

17      A   I don't recall.

18      Q   How much does Avenatti & Associates hold as a

19  partner?

20      A   Same answer.

21      Q   You don't know?

22      A   I would have to go back and look at the

23  partnership agreement.  I don't recall.

24      Q   Do you have a copy of the partnership agreement?

25      A   Not in my possession today.

13

REGAL

GOVERNMENT
EXHIBIT 28

Fill in this information to identify the case:

United States Bankruptcy Court for the:

Central _____ District of California
                                    **(State)**

Case number (*If known*): _____ Chapter 11

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1.  Debtor's name**

The Trial Group, LLP

**2.  All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

Trial Group; TRG, LLP
EA, LLP; EOA Law
Eagan O'Malley & Avenatti, LLP
Eagan Avenatti, LLP

**3.  Debtor's federal Employer Identification Number (EIN)**

3  2 – 0  2  1  0  8  2  4

**4.  Debtor's address**

Principal place of business

1910 Sunset Boulevard
Number      Street

Suite 450

Los Angeles, CA 90026
City                State        ZIP Code

Los Angeles
County

Mailing address, if different from principal place of business

Number      Street

P.O. Box

City                State        ZIP Code

Location of principal assets, if different from principal place of business

Number      Street

City                State        ZIP Code

**5.  Debtor's website (URL)**

Not Applicable

**6.  Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding  LLP)
☐ Other. Specify: _____

Official Form 201                    Voluntary Petition for Non-Individuals Filing for Bankruptcy                    page 1

**EXHIBIT 28**
**Page 1 of 6**

Case 8:19-bk-10822-SC   Doc 1   Filed 03/07/19   Entered 03/07/19 20:28:51   Desc
Main Document   Page 2 of 4

| Debtor | The Trial Group, LLP | Case number (if known) |
|---|---|---|
| | Name | |

| 7. | **Describe debtor's business** | **A.** *Check one:* |
|---|---|---|

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☑ None of the above

**B.** *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.naics.com/search/ .

5  4  1  1

| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
|---|---|---|

☐ Chapter 7
☐ Chapter 9
☑ Chapter 11. *Check all that apply:*

　　☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

　　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

　　☐ A plan is being filed with this petition.

　　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

　　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

　　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** | ☐ No |
|---|---|---|
| | If more than 2 cases, attach a separate list. | ☑ Yes. District Central California When 03/01/2017 Case number 8:17-bk-11961-CB |
| | | MM / DD / YYYY |
| | | District ___ When ___ Case number ___ |
| | | MM / DD / YYYY |

| 10. | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☑ No |
|---|---|---|
| | List all cases. If more than 1, attach a separate list. | ☐ Yes. Debtor ___ Relationship ___ |
| | | District ___ When ___ |
| | | MM / DD / YYYY |
| | | Case number, if known ___ |

**EXHIBIT 28**
**Page 2 of 6**

Debtor   **The Trial Group, LLP**
Name

Case number (if known) _____

**11. Why is the case filed in this district?**

Check all that apply:

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number          Street

_____

_____
City                                 State    ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☑ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**EXHIBIT 28**
**Page 3 of 6**

Debtor   The Trial Group, LLP _____   Case number (if known) _____
         Name

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☑ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

☐   The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

☐   I have been authorized to file this petition on behalf of the debtor.

☐   I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___03/07/2019___
                 MM / DD / YYYY

✗ _____          Michael J. Avenatti
   Signature of authorized representative of debtor          Printed name

Title  Attorney _____

**18. Signature of attorney**

✗ _____          Date   ___03/07/2019___
   Signature of attorney for debtor                          MM / DD / YYYY

Michael J. Avenatti _____
Printed name

Firm name _____

1901 Sunset Boulevard, Suite 450 _____
Number      Street

Los Angeles _____          CA      90026
City                                         State   ZIP Code

949-706-7000 _____
Contact phone                                Email address _____

206929 _____                CA
Bar number                                   State

---

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page 4

**EXHIBIT 28**
**Page 4 of 6**

Fill in this information to identify the case:

Debtor name **The Trial Group, LLP**

United States Bankruptcy Court for the: **Central**          District of **California**
                                                                        (State)

Case number (If known): _____

☐ Check if this is an
   amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders                                12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Baker Keener & Nahra 633 West Fifth Street Suite 5400 Los Angeles, CA 90071 | | Services | | | | 204,554.43 |
| 2 | Competition Economics 2000 Powell Street Suite 510 Emeryville, CA 94608 | | Services | | | | 520,960.40 |
| 3 | David W. Stewart, PhD 13031 Villosa Place, #121 Los Angeles, CA 90094 | | Services | | | | 13,333,33 |
| 4 | Green Street/Spound c/o Frank Sims Stolper 19800 MacArthur Blvd, #855, Irvine, CA 92612 | | Services | | | | 39,924.44 |
| 5 | International Personnel Protection, Inc. P.O. Box 92493 Austin, TX 78709 | | Services | | | | 51,010.33 |
| 6 | Executive Presentations 915 Wilshire Blvd, #1700 Los Angeles, CA 90017 | | Services | | | | 217,225.45 |
| 7 | Nationwide Legal LLC 1609 James M Wood Blvd Los Angeles, CA 90015 | | Services | | | | 42,547.49 |
| 8 | Personal Court Reporters Inc 14520 Sylvan Street Van Nuys, CA 91411 | | Services | | | | 51,684.00 |

**EXHIBIT 28**
**Page 5 of 6**

Debtor __The Trial Group, LLP_____     Case number (if known)_____
         Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Wilentz Goldman & Spitzer 90 Woodbridge Center Drive Suite 900 Box 10 Woodbridge, NJ 07095 | | Services | | | | 58,888.89 |
| 10 | Ricoh P.O. Box 31001-0850 Pasadena, CA 91110 | | Copiers | | | | 13,470.80 |
| 11 | The Irvine Company P.O. Box 844897 Los Angeles, CA 90084 | | Rent | | | | 515,882.35 |
| 12 | John C. Crotts Consulting 688 Serotina Court Mount Pleasant, SC 29464 | | Services | | | | 7,217.49 |
| 13 | Developing Opportunities & Solutions 611 S Main Street, #400 Grapevine, TX 76051 | | Services | | | | 11,261.93 |
| 14 | Int'l. Church of Foursquare c/o Brad S. Sures, Esq. 10803 Gloria Avenue Granada Hills, CA 91344 | | Rent | | | | 10,878.38 |
| 15 | Eisenhower Carlson PLLC 1201 Pacific Ave, #1200 Tacoma, WA 98402 | | Services | | | | 90,632.87 |
| 16 | The X-Law Group 1910 Sunset Boulevard Suite 450 Los Angeles, CA 90026 | | Services | Partially Contingent | | | 2,000,000.00 |
| 17 | Advanced Discovery 17752 Sky Park Circle, #100 Irvine, CA 92614 | | Services | | | | 20,367.34 |
| 18 | Aderant 200 Corporate Pointe, #400 Culver City, CA 90230 | | Services | | | | 10,185.62 |
| 19 | Central Communications 11830 Pierce Street, #100 Riverside, CA 92505 | | Services | | | | 7,497.52 |
| 20 | Alphagraphics 225 S. Olive Street, #101 Los Angeles, CA 90012 | | Services | | | | 3,296.21 |

**EXHIBIT 28**
**Page 6 of 6**

GOVERNMENT
EXHIBIT  29

1    James C. Bastian, Jr. – Bar No. 175415
     Ryan D. O'Dea – Bar No. 273478
2    **SHULMAN BASTIAN FREIDMAN & BUI LLP**
     100 Spectrum Center Drive, Suite 600
3    Irvine, California 92618
     Telephone:     (949) 340-3400
4    Facsimile:     (949) 340-3000
     Email:         jbastian@shulmanbastian.com
5                   rodea@shulmanbastian.com

6    Attorneys for Interested Party
     Michael J. Avenatti
7
                    **UNITED STATES BANKRUPTCY COURT**
8
        **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**
9

10   In re                              Case No.  8:19-bk-13560-CB

11   **EAGAN AVENATTI, LLP,**           Chapter 7

12              Debtor.                 **OPPOSITION TO TRUSTEE'S MOTION
13                                      FOR APPROVAL OF COMPROMISE WITH
                                        ROBERT STOLL JR. AND STOLL
14                                      NUSSBAUM & POLAKOV, APC**

15                                      **Hearing**
                                        Date;   September 23, 2020
16                                      Time: 11:00 a.m.
                                        Ctrm:  5D
17                                      United States Bankruptcy Court
                                        411 W. Fourth Street
18                                      Santa Ana, CA 92701

19

20

21

22

23

24

25

26

27

28

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-000\1514696.1

**EXHIBIT 29**
**Page 1 of 12**

1        Michael J. Avenatti, an interested party ("Avenatti"), by and through his counsel, hereby

2    submits this objection to the Chapter 7 Trustee's (the "Trustee") Motion for Approval of

3    Compromise (the "Motion") with Robert Stoll Jr. and Stoll Nussbaum & Polakov, APC (collectively

4    "Stoll") and respectfully represents as follows:

5                  **I.**    **ARGUMENT**

6        Notwithstanding the fact that the Motion seeks allowance of a $5.5 million unsecured claim,

7    the Trustee provides nothing more than a cursory analysis of the controlling standard for approving

8    a compromise under Fed. R. Civ. Proc. 9019.  Unless the four-part test provided by *In re A&C*

9    *Properties* has been relegated to a rote exercise satisfied by checking a few boxes, the Motion must

10   be denied in its entirety.

11       In determining the fairness, reasonableness and adequacy of a proposed settlement, the Court

12   must consider the following factors:

13           (a) The probability of success in the litigation; (b) the difficulties, if any, to be
        encountered in the matter of collection; (c) the complexity of the litigation

14           involved, and the expense, inconvenience, and delay necessarily attending it; (d)
        the paramount interests of the creditors and a proper deference to their

15           reasonable views in the premises.

16   *A & C Properties*, 784 F.2d at 1381; *Woodson*, 839 F.2d at 620.  In other words, the Court must

17   weigh certain factors in order to determine whether the compromise is in the best interests of the

18   bankrupt estate.  *A & C Properties*, 784 F.2d at 1382.  As evidenced by the Motion, the Trustee's

19   proffered rationale for settling with Stoll falls woefully short of the mark.

20       In an effort to address "the probably of success" prong of the *A&C* test, the Trustee relies

21   exclusively upon the assertion that "[t]he main percipient witness to support of [sic] EA's complaint

22   is Avenatti…[but] Avenatti was recently convicted of attempted extortion." <u>Motion</u> 6:24-26.  The

23   Trustee concludes his "analysis" of this prong by stating: "As a result of these facts, Avenatti will

24   most likely be unavailable to provide whatever knowledge he may have about the Stoll Litigation

25   to the Estate or to testify at the trial of that case." *Id.* 7:3-5.  Not only does the Motion fail to provide

26   an analysis of the <u>merits</u> of the Stoll litigation or the probability of success, the Trustee's entire

27   argument is predicated upon a false premise.

28

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-000\1514696.1

**EXHIBIT 29**
**Page 2 of 12**

2

1    One need not guess why the Trustee failed to provide an actual analysis of the probability of

2    success in the Stoll Litigation.  As acknowledged in the Motion, "the Stoll Litigation has existed for

3    the better part of a decade – the Trustee and his professionals have no institutional knowledge of

4    nearly ten years of litigation." <u>Motion</u> 7:12-13.  Looking at the four-corners of the Motion and the

5    declarations submitted in support, there is no evidence that the Trustee or his counsel have

6    undertaken a review of the discovery in the lawsuit or adequately analyzed the strength or weakness

7    of Stoll's claims therein.  Had the Trustee and his counsel done so, they would have learned, among

8    other things, the following:

9         (a) Stoll testified that he and his firm spent approximately 300 hours in total on

10            the case, including significant time reading the Daily Journal, and yet now

11            demands to be paid over $5,000,000 for this time on the case;

12        (b) Stoll admitted that he and his firm drafted no pleadings, argued no motions,

13            and took no depositions in the case;

14        (c) Thousands of attorney hours were spent on the case by Eagan Avenatti, LLP

15            and Mr. Michael Avenatti, who took the lead on the case and basically did all of

16            the work;

17        (d) The clients, Mr. William Parrish and Mr. Tim Fitzgibbons, both testified that

18            Stoll did basically nothing on the case, actually damaged their case, and

19            counseled them to commit tax fraud as it related to the settlement monies,

20            including at the settlement conference;

21        (e) The clients fired Stoll and his firm before the settlement was finalized

22            because of his misconduct; (f) the clients insisted that Stoll and his firm not be

23            paid; and

24        (g) The expert hired by the clients and Eagan Avenatti, LLP, noted Plaintiff's

25            lawyer Tom Girardi, testified that Stoll is entitled to far less than $500,000.

26    Moreover, there is no evidence that the Trustee or his counsel ever contacted Phil Baker, the

27    <u>lead lawyer</u> who previously represented Eagan Avenatti, LLP, to get an assessment of the strength

28    (or weakness) of Stoll's claims and Eagan Avenatti, LLP's counterclaims against Stoll.  It is

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-000\1514696.1

**EXHIBIT 29**
**Page 3 of 12**

3

1   impossible to properly analyze whether a case should be settled without this knowledge, without a

2   thorough review of the file and without a thorough analysis of the discovery exchanged (at a

3   minimum, a read of the most salient depositions taken in the case – namely, those of Mr. Stoll,

4   Parrish, Fitzgibbons, Panish, Avenatti and Girardi).[1]

5        In an attempt to satisfy the second *A&C* factor, the Trustee asserts that "even if the Estate

6   were to prevail on EA's declaratory relief claim…the Estate would receive no monetary

7   recovery…[but] if the Stoll Parties prevail…its proof of claim [may] exceed $30 million." Motion

8   7:7-11.  The Trustee's assertion is merely anecdotal and does not directly address whether the

9   Trustee will have any difficulty "collecting" on a judgment.   Not surprisingly, it cannot be

10  reasonably disputed that the Trustee will have no difficulty "collecting" on the Estate's prospective

11  declaratory relief judgment against Stoll, as such would be easily effectuated by a post-judgment

12  objection to Stoll's proof of claim.

13       In an attempt to satisfy the third *A&C* factor, the Trustee asserts the Stoll Litigation is

14  complex because it "has existed for the better part of a decade [and] the Trustee and his professionals

15  have no institutional knowledge of nearly ten years of litigation." Motion 7:12-13.  Failing to dig

16  into the substantial amount of discovery and motion practice of the Stoll Litigation and feigning

17  complexity as a basis for settlement is contrary to the very purpose of the *A&C* factors.  The Motion

18  and its supporting declarations provide no reasonable justification that would allow this Court to

19  find the Stoll litigation "complex" under the operative *A&C* test.

20       As it pertains to the fourth *A&C* factor, the Motion summarily states that the proposed Stoll

21  settlement is in the best interest the Estate's creditors.  However, the Trustee's sentiment appears to

22  be predicated upon the fallacy of continued state court litigation and overlooks a potentially

23  unjustified allowed claim of approximately $5.5 million.  One of the benefits of bankruptcy is an

24  alleged creditor's ability to file a proof of claim without needing to obtain a judgment liquidating

25  the claimed debt.  If a trustee believes a given proof of claim is objectionable, the trustee can file a

26

27  ───────────────
[1] The Trustee's premise that Avenatti is the main percipient witness is plainly disproved vis-à-vis

28  the exitance and testimony of Mr. Stoll, Mr. Parrish, Mr. Fitzgibbons and Mr. Girardi.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-000\1514696.1

**EXHIBIT 29**
**Page 4 of 12**

4

1   claim objection and rebut the presumption of validity – ultimately shifting the burden back to the

2   claimant.  All of which can be done through motion practice before this Court.  The bankruptcy

3   claims process avoids the protracted and expensive litigation process alluded to in the Motion as a

4   basis for settlement of the Stoll Litigation.  When this parade of horribles is removed as a red herring,

5   the Court is left with the notion that because the Stoll claim will be reduced from $30 million to

6   approximately $5.5 million, it is in the creditors' best interest.  Viewed in a vacuum, it cannot be

7   disputed that a claim reduction of $25 million is beneficial to the Estate.  Yet when viewed from the

8   proper prospective of the Estate's creditors, it cannot be disputed that an unjustified $5.5 million

9   allowed claim is materially detrimental to their potential *pro rata* return.

10       In addition, the proposed settlement with Stoll will not resolve the obligations or burden of

11  Eagan Avenatti, LLP in the underlying lawsuit.  The clients, William Parrish and Tim Fitzgibbons,

12  still have crossclaims against the firm and its partner(s) and those claims will continue.  Further, Mr.

13  Avenatti will remain a defendant in the case and Eagan Avenatti, LLP has a continuing obligation

14  to provide him a full defense, and indemnification and contribution, pursuant to his partnership and

15  other agreements with the firm, as well as under California law.  The Trustee has made no

16  accommodation for these significant obligations or explained why a settlement with Stoll, and Stoll

17  alone, provides any true benefit to the Estate or its valid creditors under these circumstances.  Indeed,

18  it appears that neither the Trustee nor his counsel even considered, let alone analyzed, these factors

19  prior to filing the Motion.

20  **II.    CONCLUSION**

21       Based upon the aforementioned, the Motion should be denied in its entirety.

22  **SHULMAN BASTIAN FRIEDMAN & BUI LLP**

23  Dated: September 9, 2020       /s/ *Ryan D. O'Dea*
                                James C. Bastian, Jr.

24                              Ryan D. O'Dea

25                              Attorneys for Interested Party Michael Avenatti

26

27

28

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-000\1514696.1

**EXHIBIT 29**
**Page 5 of 12**

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618.

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE WITH ROBERT STOLL JR. AND STOLL NUSSBAUM & POLAKOV, APC** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 9, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state <u>method for each person or entity served</u>): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/09/2020 | Lori Gauthier | */s/ Lori Gauthier* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**EXHIBIT 29**
**Page 6 of 12**

**F 9013-3.1.PROOF.SERVICE**

### ADDITIONAL SERVICE INFORMATION (if needed):

- **James C Bastian**    jbastian@shulmanbastian.com
- **Christopher L Blank**    chris@chrisblanklaw.com
- **Mark S Bostick**    mbostick@wendel.com, bankruptcy@wendel.com
- **Steven Casselberry**    s.casselberry@mpglaw.com, j.jacobs@mpglaw.com
- **Lei Lei Wang Ekvall**    lekvall@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **David B Golubchik**    dbg@lnbyb.com, stephanie@lnbyb.com
- **Martin B Greenbaum**    eparker@collectionlaw.com, mgreenbaum@collectionlaw.com
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Filippo Marchino**    fm@xlawx.com, tc@xlawx.com
- **Judith E Marshall**    jmarshack@marshackhays.com,
  jmarshack@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Richard A Marshall (TR)**    pkraus@marshackhays.com,
  rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Meghan C Murphey**    meghan@themurpheylawyers.com, lorraine@themurpheylawyers.com
- **Karen S. Naylor**    Becky@ringstadlaw.com, Karen@ringstadlaw.com;Arlene@ringstadlaw.com
- **Ryan D O'Dea**    rodea@shulmanbastian.com, LGauthier@shulmanbastian.com
- **Misty A Perry Isaacson**    misty@ppilawyers.com,
  ecf@ppilawyers.com;perryisaacsonmr51779@notify.bestcase.com
- **Eric S Pezold**    epezold@swlaw.com, knestuk@swlaw.com
- **Kurt Ramlo**    kr@lnbyb.com, kr@ecf.inforuptcy.com
- **David M Reeder**    david@reederlaw.com, secretary@reederlaw.com
- **Jack A. Reitman**    jareitman@landaufirm.com,
  srichmond@landaufirm.com;vrichmond@landaufirm.com;avedrova@landaufirm.com
- **John P. Reitman**    jreitman@landaufirm.com,
  srichmond@landaufirm.com;vrichmond@landaufirm.com;avedrova@landaufirm.com
- **Monica Rieder**    mrieder@landaufirm.com,
  vrichmond@landaufirm.com;avedrova@landaufirm.com
- **Nanette D Sanders**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Michael Simon**    msimon@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Andrew Still**    astill@swlaw.com, kcollins@swlaw.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **David Wood**    dwood@marshackhays.com,
  dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**EXHIBIT 29**
**Page 7 of 12**

**F 9013-3.1.PROOF.SERVICE**

1   James C. Bastian, Jr. – Bar No. 175415
    Ryan D. O'Dea – Bar No. 273478
2   **SHULMAN BASTIAN FREIDMAN & BUI LLP**
    100 Spectrum Center Drive, Suite 600
3   Irvine, California 92618
    Telephone:      (949) 340-3400
4   Facsimile:      (949) 340-3000
    Email:      jbastian@shulmanbastian.com
5              rodea@shulmanbastian.com

6   Attorneys for Interested Party
    Michael J. Avenatti
7

8                   **UNITED STATES BANKRUPTCY COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

10

11  | In re | Case No.  8:19-bk-13560-SC |

12  **EAGAN AVENATTI, LLP,**               Chapter 7

13          Debtor.               **SUR-REPLY IN OPPOSITION TO
                                  TRUSTEE'S MOTION FOR APPROVAL OF**
14                                **COMPROMISE WITH ROBERT STOLL JR.
                                  AND STOLL NUSSBAUM & POLAKOV,**
15                                **APC**

16                                **Hearing**
                                  Date;  October 21, 2020
17                                Time:  11:00 a.m.
                                  Ctrm: 5C
18                                United States Bankruptcy Court
                                  411 W. Fourth Street
19                                Santa Ana, CA 92701

20

21

22

23

24

25

26

27

28

**EXHIBIT 29**
**Page 8 of 12**

1    Michael J. Avenatti, an interested party ("Avenatti"), by and through his counsel, hereby

2  submits this sur-reply in objection to the Chapter 7 Trustee's (the "Trustee") Motion for Approval

3  of Compromise (the "Motion") with Robert Stoll Jr. and Stoll Nussbaum & Polakov, APC

4  (collectively "Stoll") and respectfully represents as follows:

## I.    ARGUMENT

6    In addition to the grounds stated in Avenatti's opposition to the Motion, the Motion should

7  be denied for the following reasons:

8    First, in his Reply, the Trustee fails to address the argument in the Opposition that the

9  proposed settlement is not in the best interest of the estate because it will essentially settle little to

10 nothing as it will not dispose of the estate's obligations or participation in the Stoll litigation.  For

11 instance, the liabilities and obligations associated with defending the cross-complaint brought by

12 the clients – Messrs. Parrish and Fitzgibbons – will continue, as will the estate's obligations to

13 indemnify and defend Mr. Avenatti and Avenatti & Associates, APC in the case.  This also has the

14 effect of not permitting any lifting of the stay to occur because the estate would remain an active

15 participation in the litigation.  Because the trustee failed to address these arguments, they are deemed

16 uncontested and conceded under the law.  See, e.g., *Scott v. City of Phoenix, No*. CV–09–0875–

17 PHX–JAT, 2011 WL 3159166, at *10 (D.Ariz. Jul. 26, 2011) (failure to oppose statute of limitations

18 argument constituted waiver); *Foster v. City of Fresno*, 392 F.Supp.2d 1140, 1147 n. 7

19 (E.D.Cal.2005) ("At any rate, failure of a party to address a claim in an opposition to a motion for

20 summary judgment may constitute a waiver of that claim."); *In re Online DVD Rental Antitrust*

21 *Litig*., No. 09–2029 PJH, 2011 WL 5883772, at *12 (N.D.Cal. Nov. 23, 2011) (absent unusual

22 circumstances, failure to respond to argument on merits "viewed as grounds for waiver or

23 concession of the argument"); *Sportscare of America, P.C. v. Multiplan, Inc*., No. 2:10–4414, 2011

24 WL 589955, at *1 (D.N.J. Feb. 10, 2011) ("In most circumstances, failure to respond in an

25 opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment

26 in regard to the uncontested issue.").  Accordingly, the Motion must be denied and the stay must

27 remain in place.

28 ///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6020-000/75/Sur Reply Stoll 9019

**EXHIBIT 29**
**Page 9 of 12**

2

1    Second, the Trustee also fails to explain why no effort has been made to communicate with

2    the prior counsel for the debtor, Mr. Baker, and seek his input as to the exposure of the estate and

3    the defenses in the litigation.  One would think that if the Trustee and his counsel were truly

4    interested in determining the value of the claim, this would be the first place to start.  And yet no

5    evidence has been submitted establishing that an effort has been made to contact Mr. Baker.

6    Third, the claims by the Trustee in the Reply that any defense to the case rises and falls based

7    on the testimony of Mr. Avenatti are incorrect.  As explained in the Opposition, there are numerous

8    witnesses who may testify as to facts and support the defense, including the retained expert Tom

9    Girardi, Brian Panish, the clients – Tim Fitzgibbons and William Parrish, and Mr. Robert Stoll

10   himself (who testified that he spent a total of 300 hours on the case, including the time he billed to

11   the matter for reading the Daily Journal).

12   For the reasons stated in the Opposition, as well as the reasons stated above, the Motion

13   should be denied in its entirety.

14                                        Respectfully submitted,

15                                        **SHULMAN BASTIAN FRIEDMAN & BUI LLP**

16

17   DATED:  October 14, 2020          By: _____/s/ Ryan D. O'Dea_____

18                                        James C. Bastian, Jr.
                                          Ryan D. O'Dea
19                                        Attorneys for Interested Party Michaedl Avenatti

20

21

22

23

24

25

26

27

28

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618      6020-000/75/Sur Reply Stoll 9019

**EXHIBIT 29**
**Page 10 of 12**

Case 8:10-bk-00056-DSC Doc 210-7 Filed 04/14/20 Entered 03/26/14 17:49:09 Desc Case 8:10-cv-00856-DSC Document 37 Filed 01/12/09 Entered 03/26/14 17:49:09 Page 9 of 732

Main Document      Page 4 of 5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618.

A true and correct copy of the foregoing document entitled (*specify*): will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 14, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 14, 2020 | Anne Marie Vernon | /s/ Anne Marie Vernon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**EXHIBIT 29**
**Page 11 of 12**

F 9013-3.1.PROOF.SERVICE

**ADDITIONAL SERVICE INFORMATION (if needed):**

**James C Bastian**   jbastian@shulmanbastian.com
**Christopher L Blank**   chris@chrisblanklaw.com
**Mark S Bostick**   mbostick@wendel.com, bankruptcy@wendel.com
**Steven Casselberry**   s.casselberry@mpglaw.com, j.jacobs@mpglaw.com
**Lei Lei Wang Ekvall**   lekvall@swelawfirm.com,
lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
**David B Golubchik**   dbg@lnbyb.com, stephanie@lnbyb.com
**Martin B Greenbaum**   eparker@collectionlaw.com, mgreenbaum@collectionlaw.com
**D Edward Hays**   ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
**Filippo Marchino**   fm@xlawx.com, tc@xlawx.com
**Judith E Marshack**   jmarshack@marshackhays.com, jmarshack@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
**Richard A Marshack (TR)**   pkraus@marshackhays.com,
rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
**Meghan C Murphey**   meghan@themurpheylawyers.com, lorraine@themurpheylawyers.com
**Karen S. Naylor**   Becky@ringstadlaw.com, Karen@ringstadlaw.com;Arlene@ringstadlaw.com
**Ryan D O'Dea**   rodea@shulmanbastian.com, LGauthier@shulmanbastian.com
**Misty A Perry Isaacson**   misty@ppilawyers.com,
ecf@ppilawyers.com;perryisaacsonmr51779@notify.bestcase.com
**Eric S Pezold**   epezold@swlaw.com, knestuk@swlaw.com
**Kurt Ramlo**   kr@lnbyb.com, kr@ecf.inforuptcy.com
**David M Reeder**   david@reederlaw.com, secretary@reederlaw.com
**Jack A. Reitman**   jareitman@landaufirm.com,
srichmond@landaufirm.com;vrichmond@landaufirm.com;avedrova@landaufirm.com
**John P. Reitman**   jreitman@landaufirm.com,
srichmond@landaufirm.com;vrichmond@landaufirm.com;avedrova@landaufirm.com
**Monica Rieder**   mrieder@landaufirm.com, vrichmond@landaufirm.com;avedrova@landaufirm.com
**Nanette D Sanders**   becky@ringstadlaw.com, arlene@ringstadlaw.com
**Michael Simon**   msimon@swelawfirm.com,
lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
**Andrew Still**   astill@swlaw.com, kcollins@swlaw.com
**United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
**David Wood**   dwood@marshackhays.com,
dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

-\.1      This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                          **EXHIBIT 29**              **F 9013-3.1.PROOF.SERVICE**
                                                     **Page 12 of 12**

# GOVERNMENT

# EXHIBIT 30



Washington Secretary of State
Corporations and Charities Division
801 Capitol Way South
PO Box 40234
Olympia, WA 98504-0234
(360) 725-0377
corps@sos.wa.gov

04/03/2019

GLOBAL BARISTAS, LLC
2003 WESTERN AVE STE 660
SEATTLE WA 98121-2177

## ADMINISTRATIVE DISSOLUTION

Dear Sir/Madam,

UBI #: 603 259 246
Entity Name: GLOBAL BARISTAS, LLC

The above listed entity has not maintained a registered agent. As a result, the entity is no longer in active status.

In accordance with RCW23.95.605-610 the above entity is hereby administratively dissolved as of: **04/03/2019**.

Under RCW 23.95.615, a domestic entity that is administratively dissolved may apply for reinstatement no later than five (5) years after the effective date of administrative dissolution noted above. RCW 23.95.615 identifies the requirements for an application for reinstatement.

You can access the Washington Secretary of State, Corporations and Charities Filing System (CCFS) online for more information on the necessary steps to return your entity to "Active" status using the following website https://www.sos.wa.gov/corps.

Sincerely,

Washington Secretary of State
Corporations and Charities Division
corps@sos.wa.gov


Note: If your documents were recently submitted, please disregard this notice. If you have any questions concerning this matter please contact our office at the address or phone number shown above.

**EXHIBIT 30**
**Page 1 of 1**

GOVERNMENT
EXHIBIT 31

JUDGMENT DEBTOR EXAMINATION, MARCH 15, 2019

```
 1              SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2                 COUNTY OF LOS ANGELES - CENTRAL DISTRICT

 3    DEPT 44    JUDGE:  EDWARD B. MORETON, JR.

 4      JASON FRANK LAW PLC,          )
        Professional law corporation, )
 5                                     )
                             Plaintiff )
 6                                     )
          Vs.                          ) Case No: BC706555
 7                                     )
        MICHAEL J. AVENATTI,           )
 8      An individual,                 )
                                       )
 9                           Defendant.)
        _____)
10

11

12

13              JUDGMENT DEBTOR EXAMINATION,

14      taken on behalf of the Applicant, at the Stanley Mosk

15      Courthouse, 111 North Hill Street, Los Angeles,

16      California, 90012, in Department 44, commencing at 11:57

17      a.m., Friday, March 15, 2019, before Winifred

18      McCray-Moody, C.S.R. No. 12747, (Morning Session), and

19      Ann Bonnette, C.S.R. No. 6108, (Afternoon Session).

20

21

22

23

24

25
```

JUDGMENT DEBTOR EXAMINATION, MARCH 15, 2019

```
1        APPEARANCES:

2        For the Applicant:

3        LAW OFFICES OF FRANK SIMS & STOLPER, LLP

4        BY:  ANDREW D. STOPLER, ESQ.

5        19800 MacArthur Boulevard

6        Suite 855

7        Irvine, CA 92612

8        (949) 201-2400

9        astolper@lawfss.com

10

11       For the Defendant:

12       LAW OFFICES OF SHULMAN HODGES & BASTIAN, LLP

13       BY:  RONALD S. HODGES, ESQ.

14       100 Spectrum Center Drive

15       Suite 600

16       Irvine, CA 92618

17       (949) 340-3400

18       rhodges@shbllp.com

19

20

21

22

23

24

25
```

**EXHIBIT 31**
**Page 2 of 16**

JUDGMENT DEBTOR EXAMINATION, MARCH 15, 2019

```
 1                    I N D E X

 2     WITNESS:              EXAMINATION      PAGE

 3     MICHAEL J. AVENATTI   BY MR. STOLPER   4, 6, 7, 9, 10

 4                                            13, 14, 15, 16

 5                                            26, 28, 29, 31

 6                                            35, 38, 44, 45

 7                                            46, 47, 48, 49

 8                                            50, 57, 58, 59

 9                                            60, 62, 64, 67,

10                                            68

11

12

13                    E X H I B I T S

14                    None.

15

16

17             INSTRUCTIONS NOT TO ANSWER

18             PAGE              LINE

19             6                 9
               9                 4
20             10                11
               15                8
21             16                4
               18                1
22             19                8
               22                25
23             46                22
               47                1
24

25
```

JUDGMENT DEBTOR EXAMINATION, MARCH 15, 2019

```
 1                LOS ANGELES, CALIFORNIA, FRIDAY, MARCH 15, 2019

 2                            11:19 A.M.

 3                            EXAMINATION

 4      BY MR. STOLPER:

 5      Q.      MR. AVANATTI, DO YOU UNDERSTAND YOU'RE UNDER

 6      OATH?

 7      A.      I'M SORRY, SIR?

 8      Q.      DO YOU UNDERSTAND YOU'RE UNDER OATH?

 9      A.      YES.

10      Q.      CAN YOU PLEASE STATE YOUR FULL NAME, PLEASE?

11      A.      MICHAEL JOHN AVANATTI.

12      Q.      WHAT IS YOUR CURRENT RESIDENTIAL ADDRESS?

13      A.      10000 SANTA MONICA BOULEVARD, NUMBER 2107, L.A.,

14      90067.

15      Q.      DO YOU OWN, OR DO YOU RENT?

16      A.      I RENT.

17      Q.      WHAT IS THE NAME THAT THE LEASE IS HELD IN?

18      A.      I THINK IT'S MY NAME, INDIVIDUAL.

19      Q.      WHAT'S THE TERM OF YOUR LEASE?

20      A.      I DON'T REMEMBER.

21      Q.      HOW LONG HAVE YOU LIVED THERE?

22      A.      AT THAT ADDRESS, ABOUT -- I THINK THREE MONTHS.

23      Q.      HOW LONG IN THAT BUILDING?

24      A.      I'VE HAD A UNIT IN THAT BUILDING SINCE MARCH OF

25      2017.
```

JUDGMENT DEBTOR EXAMINATION, MARCH 15, 2019

1     "EQUITY?"

2     Q.     WHAT'S YOUR INTEREST IN AVENATTI AND ASSOCIATES?

3     A.     WELL, ANOTHER DIFFICULT QUESTION TO ANSWER

4     BECAUSE OF THE TURNOVER ORDERS AND OTHER ORDERS

5     ASSOCIATED WITH MY DIVORCE PROCEEDING, BUT PRIOR TO THAT

6     PROCEEDING, IT WAS A HUNDRED PERCENT, BUT I DON'T KNOW

7     IF THAT'S TRUE ANYMORE.

8     Q.     AND YOU OWE -- WHATEVER INTERESTS YOU HAD.  DO

9     YOU HAVE ANY INTEREST THAT YOU'VE HAD OR HAVE OWED

10     AVENATTI AND ASSOCIATES?  WERE THOSE HELD DIRECTLY BY

11     YOU OR INDIRECTLY BY ANOTHER ENTITY?

12     A.     I BELIEVE THEY WERE HELD DIRECTLY BY ME.

13     Q.     WHAT OTHER LLC'S, LLP'S, CORPORATIONS OR

14     BUSINESSES DO YOU OWN DIRECTLY THAT YOU HAVE A DIRECT

15     INTEREST IN?

16     A.     DOPPIO, INC.

17     Q.     WHAT'S YOUR INTEREST IN DOPPIO, INC?

18     A.     A HUNDRED PERCENT.

19     Q.     DO YOU OWN THE INTEREST IN DOPPIO, INC.,

20     DIRECTLY OR INDIRECTLY?

21     A.     DIRECTLY.

22     Q.     AND DOES DOPPIO, INC. OWN ANY COMPANY'S LLC'S,

23     LLP'S, OR OTHER ENTITIES?

24     MR. HODGES:  I'M SORRY.  I DIDN'T HEAR YOU.  ARE

25     YOU ASKING WHAT ASSETS DOPPIO HAS?

JUDGMENT DEBTOR EXAMINATION, MARCH 15, 2019

```
 1              MR. STOLPER:  THAT HE HOLDS.  YES.

 2              MR. HODGES:  I'M GOING TO INSTRUCT HIM NOT TO

 3      ANSWER THAT.  THAT'S PERTAINING TO THE PRIVACY OF

 4      DOPPIO, INC.  THIS IS NOT A JUDGMENT DEBTOR.

 5      BY MR. STOLPER:

 6      Q.     YOU'RE THE HUNDRED PERCENT OWNER OF DOPPIO, INC?

 7      A.     I THINK THAT'S CORRECT.

 8              MR. STOLPER:  DO YOU WANT TO GO WITH THAT?

 9              MR. HODGES:  ABSOLUTELY.

10              MR. STOLPER:  WE CAN ASK THE JUDGE TO COME IN.

11              MR. HODGES:  THAT'S FINE.

12      BY MR. STOLPER:

13      Q.     WHAT OTHER INTEREST OR OTHER ENTITIES DO YOU OWN

14      A DIRECT OR INDIRECT INTEREST IN?

15      A.     WELL, GLOBAL BARISTAS IS LLC, BUT THAT'S OWNED

16      BY DOPPIO, INC., AS I RECALL.

17      Q.     OKAY.  SO ARE THERE ANY OTHER ENTITIES THAT ARE

18      OWNED BY DOPPIO, INC. THAT YOU'RE AWARE OF?

19      A.     WELL, I'M --

20              MR. HODGES:  SAME INSTRUCTION.  YOU'VE ANSWERED.

21      YOU'VE SAID ENOUGH, BUT YOU CAN ANSWER, IF YOU WANT.

22              MR. STOLPER:  HE SAID YOU CAN ANSWER.

23              THE WITNESS:  (NO AUDIBLE RESPONSE.)

24              MR. HODGES:  HE ALREADY DID.  HE SAID, 'NO.'

25      BY MR. STOLPER:
```

JUDGMENT DEBTOR EXAMINATION, MARCH 15, 2019

1    Q.      THERE'S NO OTHER ENTITIES THAT ARE AT DOPPIO,

2    INC., HOLD AN INTEREST, OTHER THAN GLOBAL BARISTAS, LLC?

3            MR. HODGES:  YES OR NO, MR. AVENATTI?

4            THE WITNESS:  I DON'T BELIEVE THERE ARE ANY.

5    BY MR. STOLPER:

6    Q.      AND WHAT INTEREST DOES GLOBAL -- EXCUSE ME.

7    WHAT INTEREST DOES DOPPIO OWN IN GLOBAL BARISTAS, LLC?

8            MR. HODGES:  THAT PERTAINS TO THE RIGHTS OF A

9    THIRD PARTY.

10           YOU'RE INSTRUCTED NOT TO ANSWER THAT QUESTION.

11   BY MR. STOLPER:

12   Q.      ARE YOU GOING TO FOLLOW YOUR ATTORNEY'S

13   INSTRUCTIONS?

14   A.      ALWAYS.

15   Q.      DO YOU CONTROL GLOBAL BARISTAS?

16           MR. HODGES:  OBJECTION TO THE TERM "CONTROL,"

17   LEADS TO CONCLUSION.

18           THE WITNESS:  I DON'T CONTROL GLOBAL BARISTAS.

19   BY MR. STOLPER:

20   Q.      HAVE YOU EVER CONTROLLED GLOBAL BARISTAS AS AN

21   LLC?

22   A.      I THINK LEGALLY AND TECHNICALLY, THAT ANSWER

23   WOULD BE NO.

24   Q.      HAVE YOU EVER HAD A MANAGEMENT ROLE AT GLOBAL

25   BARISTAS, LLC?

JUDGMENT DEBTOR EXAMINATION, MARCH 15, 2019

```
1    A.      YES.

2    Q.      WHAT WAS THAT ROLE?

3    A.      AT SOME POINT IN TIME I SERVED AS THE CEO, AND

4    LATER, AS GENERAL COUNSEL OF THE COMPANY.

5    Q.      AND ARE YOU THE ONE RESPONSIBLE FOR SELLING

6    GLOBAL BARISTAS, LLC?

7    A.      I DON'T UNDERSTAND THE QUESTION.

8    Q.      I'M SORRY.  I READ IN THE PAPER THAT YOU SOLD

9    GLOBAL BARISTAS, LLC, FOR $29,000,000.  IS THAT TRUE?

10   A.      AGAIN, I NEVER HAD AN EQUITY INTEREST IN GLOBAL

11   BARISTAS, SO I DON'T KNOW WHAT YOU'RE GETTING AT.

12   Q.      OKAY.  I GUESS MY QUESTION IS, TO YOUR

13   KNOWLEDGE, HAS GLOBAL BARISTAS, LLC BEEN SOLD?

14   A.      YES.

15   Q.      TO WHOM WAS IT SOLD?

16   A.      THAT'S CONFIDENTIAL.  I'M NOT GOING TO ANSWER

17   THAT QUESTION.

18   Q.      DID YOU RECEIVE ANY MONEY FROM THE SALE OF

19   GLOBAL BARISTAS?

20   A.      NO.

21   Q.      DID YOUR ENTITY THAT YOU EITHER DIRECTLY OR

22   INDIRECTLY CONTROLLED RECEIVE ANY MONEY FROM THE SALE OF

23   GLOBAL BARISTAS?

24   A.      NO.

25   Q.      WHEN WAS THE SALE OF GLOBAL BARISTAS?
```

JUDGMENT DEBTOR EXAMINATION, MARCH 15, 2019

```
 1      A.      I DON'T REMEMBER.  I THINK IT WAS A COUPLE OF

 2      YEARS AGO.  TWO TO THREE YEARS AGO.  I DON'T REMEMBER

 3      EXACTLY.

 4      Q.      WHAT WAS THE ENTITY THAT THE GLOBAL BARISTAS WAS

 5      SOLD TO?

 6      A.      YEAH.  YOU JUST ASKED ME THAT, AND I TOLD YOU, I

 7      WASN'T GOING TO ANSWER IT, BECAUSE IT WAS CONFIDENTIAL.

 8      Q.      IS THERE A CONFIDENTIALITY AGREEMENT BETWEEN

 9      GLOBAL BARISTAS AND THE ENTITIES?

10      A.      YES.

11      Q.      WHO WERE THE SIGNATORIES TO THAT CONFIDENTIALITY

12      AGREEMENT?

13      A.      I'M NOT GOING TO ANSWER THAT QUESTION.  IT HAS

14      NOTHING TO DO WITH --

15      Q.      WELL --

16      A.      YOU'VE GOT TO LET ME FINISH.  IT HAS NOTHING TO

17      DO WITH MY CURRENT ASSETS AND MY ABILITY TO --

18      Q.      -- ARE YOU ONE OF THE SIGNATORIES TO THE OF THE

19      SETTLEMENT FOR SALE OF THE GLOBAL BARISTAS, LLC?

20      A.      I DON'T REMEMBER.

21      Q.      WAS THERE ANOTHER CEO OF GLOBAL BARISTAS AFTER

22      YOU WHO COULD HAVE BEEN THE SIGNATORY FOR SALE OF GLOBAL

23      BARISTAS?

24              MR. HODGES:  I'M SORRY.  MAY I HAVE THAT

25      QUESTION READ BACK?
```

**EXHIBIT 31**
**Page 9 of 16**

JUDGMENT DEBTOR EXAMINATION, MARCH 15, 2019

1          THE REPORTER:  THAT ONE, THERE?

2          MR. HODGES:  YES, PLEASE.

3               (LAST QUESTION READ BACK.)

4          MR. HODGES:  THANK YOU.

5          THE WITNESS:  I DON'T REMEMBER.

6     BY MR. STOLPER:

7     Q.     WAS THERE EVER A CEO OF GLOBAL BARISTAS WHO WAS

8     AFTER YOU, WHO REPLACED YOU?

9     A.     I DON'T KNOW.

10    Q.     YOU DON'T KNOW WHO THE CEO WAS AFTER YOU?

11    A.     ARE YOU ARGUING WITH ME?  YOU ASKED ME A

12    QUESTION.  I ANSWERED THE QUESTION.

13    Q.     SO YOUR TESTIMONY SITTING HERE TODAY, IS THAT

14    YOU HAVE NO UNDERSTANDING OR NOT -- LET ME ASK THIS

15    QUESTION.

16          DO YOU HAVE ANY UNDERSTANDING AS TO WHETHER OR

17    NOT THERE WAS A SUBSEQUENT CEO OF GLOBAL BARISTAS AFTER

18    YOU WERE NO LONGER CEO OF GLOBAL BARISTAS?

19    A.     THERE WAS NOT ANOTHER CEO.

20    Q.     SO YOU DO REMEMBER?

21          MR. HODGES:  IT'S ARGUMENTIVE.  HE SAID HE DID

22    NOT REMEMBER WHO.  HE DIDN'T SAY WHETHER THERE WAS.

23    YOU'RE ASKING A DIFFICULT QUESTION, COUNSEL.  NOW,

24    YOU'RE ARGUING.

25    BY MR. STOLPER:

**EXHIBIT 31**
**Page 10 of 16**

JUDGMENT DEBTOR EXAMINATION, MARCH 15, 2019

1    CONFIDENTIALITY.  HE'S ORDERED TO ANSWER QUESTIONS, AND

2    THAT'S NOT A SUFFICIENT BASIS FOR OBJECTION.  OKAY?

3          MR. HODGES:  YES, YOUR HONOR.

4          THE COURT:  ALL RIGHT.  ANYTHING ELSE BEFORE I

5    LEAVE THAT YOU'D LIKE ME TO LISTEN TO?

6          MR. STOLPER:  NO, YOUR HONOR.  THANK YOU.

7          MR. HODGES:  THANK YOU, YOUR HONOR.

8          MR. FRANK:  THANK YOU, YOUR HONOR.

9          THE COURT:  OKAY.

10               (THE JUDGE EXITS.)

11   BY MR. STOLPER:

12   Q.    MR. AVENATTI, WHO DID YOU SELL GLOBAL BARISTAS

13   TO?

14   A.    I DON'T RECALL.

15   Q.    YOU DON'T REMEMBER WHO YOU SOLD THOSE TO?

16          MR. HODGES:  ARGUMENTATIVE.  ASKED AND ANSWERED.

17   BY MR. STOLPER:

18   Q.    HOW MUCH DID YOU SELL IT FOR?

19   A.    I DON'T REMEMBER THE EXACT AMOUNT, SIR.  TO BE

20   CLEAR, I DIDN'T SELL ANYTHING, BECAUSE I DIDN'T OWN IT.

21   Q.    HOW MUCH WAS GLOBAL BARISTAS SOLD FOR?

22   A.    I DON'T REMEMBER THE EXACT AMOUNT.

23   Q.    APPROXIMATELY HOW MUCH?

24   A.    IT WAS TENS OF MILLIONS OF DOLLARS.  I DIDN'T

25   GET ANY MONEY.

**EXHIBIT 31**
**Page 11 of 16**

JUDGMENT DEBTOR EXAMINATION, MARCH 15, 2019

1    Q.      IT WAS TENS OF MILLIONS OF DOLLARS.  WHO

2    RECEIVED THAT TENS OF MILLIONS OF DOLLARS FOR THE SALE

3    OF GLOBAL BARISTAS?  WHERE DID THAT MONEY GO?

4    A.      I THINK THERE WAS DEBT SERVICE ON THE COMPANY,

5    AS I RECALL, TRADE PAYABLES.  IT'S NO -- THIS HAPPENED A

6    NUMBER OF YEARS AGO.  THERE'S NO MONEY LEFT IN THAT.

7    Q.      DID YOU NEGOTIATE THE SALE OF GLOBAL BARISTAS TO

8    A THIRD PARTY?

9    A.      NO.

10   Q.      WHO DID?

11   A.      I DON'T REMEMBER SPECIFICALLY.

12   Q.      IN GENERAL, WHO COULD IT HAVE BEEN?

13   A.      WHO IT COULD HAVE BEEN.  I DON'T KNOW WHO IT

14   COULD HAVE BEEN.

15   Q.      WELL, YOU WERE THE CEO OF GLOBAL BARISTAS, SO

16   THIS IS THE SALE OF YOUR COMPANY.  YOU DON'T KNOW WHO

17   NEGOTIATED THE SALE OF YOUR COMPANY?

18   A.      SIR, DO YOU WANT TO ARGUE WITH ME?

19   Q.      I WANT YOU TO ANSWER MY QUESTIONS.

20   A.      SIR, I DID ANSWER THE QUESTIONS.  THERE'S NO

21   MONEY LEFT FROM THE SALE AMOUNT.  I NEVER GOT ANY MONEY

22   FROM THE SALE.

23   Q.      THAT'S NOT MY QUESTION.

24   A.      BUT THAT'S WHAT YOU SHOULD BE FOCUSED ON.

25   Q.      I APPRECIATE THAT.  THANK YOU.

**EXHIBIT 31**
**Page 12 of 16**

JUDGMENT DEBTOR EXAMINATION, MARCH 15, 2019

1          MY QUESTION IS AS THE CEO OF GLOBAL BARISTAS,

2     RESPONSIBLE FOR SELLING THE COMPANY OFF FOR TENS OF

3     MILLIONS OF DOLLARS, YOU DON'T KNOW WHO IS RESPONSIBLE

4     OR WHO YOU JUST PAID IN A NEGOTIATION FOR THAT

5     TRANSACTION?

6     A.     COUNSEL, IT WAS AN EARNOUT.  IT WAS NOT A CASH

7     SALE WHERE SOMEBODY WIRED MONEY, OR WROTE A CHECK FOR

8     TWENTY-NINE MILLION DOLLARS.  THE AMOUNT OF CASH THAT

9     CHANGED HANDS WAS EXTREMELY LIMITED AND WILL NEVER BE

10    PAID BECAUSE THE COMPANY SUBSEQUENTLY HAS NOT DONE WELL.

11    Q.     HOW LONG WAS YOUR EARNOUT?

12    A.     I'M SORRY?

13    Q.     HOW LONG WAS YOUR EARNOUT?

14    A.     I DON'T REMEMBER.  IT WAS A NUMBER OF YEARS.  IT

15    WAS, LIKE, FIVE YEARS AGO.

16    Q.     OKAY.  APPROXIMATELY WHEN WAS THE SALE; WAS IT

17    LESS THAN FIVE YEARS AGO?

18    A.     YOU'VE ASKED ME THAT A NUMBER OF TIMES.  I DON'T

19    RECALL EXACTLY.

20    Q.     MY QUESTION IS, WAS IT FIVE YEARS AGO, OR MORE

21    THAN FIVE YEARS AGO?

22          MR. HODGES:  UNFOUNDED AND ARGUMENTATIVE.

23          THE WITNESS:  IT WAS LESS THAN FIVE YEARS AGO.

24    BY MR. STOLPER:

25    Q.     OKAY.  SO THE EARNOUT IS STILL IN EFFECT?

JUDGMENT DEBTOR EXAMINATION, MARCH 15, 2019

```
1    A.      TECHNICALLY, YEAH, BUT THE COMPANY IS DEFUNCT.

2    Q.      SO THERE'S NO EARNOUT.  THERE'S NO MORE MONEY

3    THAT'S GOING TO COME FROM THE EARNOUT?

4    A.      THERE WAS NEVER ANY MONEY COMING FROM THE

5    EARNOUT.

6    Q.      OKAY.  SO --

7    A.      THERE'S AN EARNOUT PROVISION THAT PROVIDED THAT

8    IF THE COMPANY MET CERTAIN TARGETS, INCLUDING

9    INTERNATIONAL TARGETS, THAT MONEY WOULD BE RECEIVED.

10   NONE OF THOSE TARGETS WERE MET, SO NO ADDITIONAL WAS

11   RECEIVED.

12   Q.      HOW MUCH OF THE ORIGINAL CASH RECEIVED, IF THERE

13   WAS NO ADDITIONAL CASH RECEIVED?

14   A.      I THINK IT WAS LESS THAN A MILLION DOLLARS.  IT

15   MAY HAVE EVEN BEEN LESS THAN HALF A MILLION DOLLARS.

16   Q.      OKAY.  YOU JUST TESTIFIED IT WAS A TWENTY-EIGHT

17   OR TWENTY-NINE MILLION DOLLAR SALE A LONG TIME AGO --

18   A.      NO.  I NEVER SAID THAT.

19          MR. HODGES:  HE NEVER SAID THAT FIGURE.  IN

20   FACT, HE SAID HE DIDN'T REMEMBER.

21   BY MR. STOLPER:

22   Q.      OKAY.  HAVE YOU EVER TOLD THE PRESS THAT YOU

23   SOLD THE COMPANY FOR TWENTY-EIGHT MILLION DOLLARS A LONG

24   TIME AGO?

25   A.      I DON'T KNOW.  I'VE TOLD THE PRESS ALL KINDS OF
```

1    THINGS, IN THE LAST YEAR.

2    Q.    SO, YOU COULD HAVE TOLD THEM THAT?

3    A.    I COULD HAVE TOLD ANYBODY ANYTHING AT ANY POINT

4    IN TIME WITHIN REASON.  I MEAN, I DON'T UNDERSTAND WHAT

5    KIND OF QUESTION THAT IS.

6    Q.    MY QUESTION IS, WHAT DID GLOBAL BARISTAS SELL

7    FOR TWENTY-EIGHT MILLION DOLLARS, AS YOU TOLD THE PRESS?

8    A.    I DON'T AGREE WITH THE FOUNDATION OF THE

9    QUESTION.

10   Q.    YOU DON'T?  OKAY.

11        DID GLOBAL BARISTAS SELL FOR TWENTY-EIGHT

12   MILLION DOLLARS?

13   A.    YES.  I THINK YOU COULD MAKE THAT ARGUMENT,

14   BASED ON THE PROPER EVALUATION OF THE EARNOUT, THAT

15   ULTIMATELY DID NOT COME TO PASS.  JUST LIKE MR. FRANK

16   MAKES CLAIMS RELATING TO THE VALUE OF VARIOUS CLASS

17   ACTION SETTLEMENTS, AND THOSE PROVISIONS AND CLASS

18   ACTION SETTLEMENTS THAT REALLY HAVE NO BASIS IN REALITY.

19   Q.    SO HOW MUCH ACTUAL MONEY WAS RECEIVED RELATED TO

20   THE SALE OF GLOBAL BARISTAS?

21   A.    SIR, YOU ALREADY ASKED ME THAT.  WHY ARE YOU

22   ASKING ME THE SAME QUESTION?

23   Q.    LESS THAN A MILLION DOLLARS, SIR?

24   A.    SIR, I'M GOING TO STAND ON MY PRIOR ANSWER.  I

25   TOLD YOU.  I GAVE YOU THE ANSWER.

**EXHIBIT 31**
**Page 15 of 16**

JUDGMENT DEBTOR EXAMINATION, MARCH 15, 2019

```
 1              MR. HODGES:  DON'T ARGUE.
 2        BY MR. STOLPER:
 3        Q.    MY QUESTION IS, TO THE BEST OF YOUR
 4        RECOLLECTION, HOW MUCH MONEY WAS EARNED ON THE SALE OF
 5        GLOBAL BARISTAS, LLC?
 6        A.    I THINK IT WAS LESS THAN A MILLION DOLLARS.
 7        Q.    WHO RECEIVED THAT LESS THAN A MILLION DOLLARS?
 8        A.    THE DEBT SERVICE AND THE TRADE PAYABLE FOR THE
 9        COMPANY.
10        Q.    SO NEITHER YOU NOR ANY ENTITY YOU OWNED OR
11        CONTROLLED, DIRECTLY OR INCORRECTLY, RECEIVED ANY
12        PROCEEDS IN THE SALE OF GLOBAL BARISTAS, LLC; IS THAT
13        CORRECT?
14        A.    EVER; CORRECT.
15        Q.    OKAY.  WHAT ABOUT GLOBAL BARISTAS USA, LLC?
16        A.    THERE IS NO SUCH THING.
17        Q.    WAS THERE EVER A GLOBAL BARISTAS USA, LLC, THAT
18        YOU'RE AWARE OF?
19        A.    NOT THAT I'M AWARE OF.
20        Q.    DID YOU EVER FORM A GLOBAL BARISTAS USA, LLC?
21        A.    NO.
22        Q.    WERE YOU EVER THE MANAGER OF SUCH AN ENTITY?
23        A.    NO.
24        Q.    DID YOU EVER OPEN UP A BANK ACCOUNT IN THE NAME
25        OF GLOBAL BARISTAS USA, LLC?
```

**EXHIBIT 31**
**Page 16 of 16**