H. Dean Steward, SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO EXCLUDE PROPOSED EXPERT TESTIMONY OF KEVIN MOHR |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

    Pursuant to the Court's November 2, 2020 Order, Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his counsel of record, H. Dean Steward, hereby provides additional briefing in support of his request to exclude the testimony of the government's proposed expert witness Kevin Mohr.

Dated: November 9, 2020        Respectfully submitted,

                              /s/ H. Dean Steward
                              H. DEAN STEWARD

                              Attorney for Defendant
                              MICHAEL JOHN AVENATTI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. MR. MOHR'S TESTIMONY WOULD VIOLATE FEDERAL RULES OF EVIDENCE 702, 704 AND 403 AND MUST BE EXCLUDED

The government is inviting reversible error by having the Court admit the testimony of Mr. Kevin Mohr over the defense's objections. The government has proposed to have Mr. Mohr "testify at trial regarding legal duties, ethical rules and professional responsibility requirements of lawyers admitted to the State Bar of California." [Docket No. 285, Exhibit A, p.12]. The government also desires to have Mr. Mohr testify as to the California Rules of Professional Conduct, the California Business and Professions Code, the American Bar Association's model rules, and the duties owed by lawyers to their clients, as well as the application of those standards to Mr. Avenatti's conduct. [Docket No. 285, Exhibit A, pp. 13-16]. The entirety of Mr. Mohr's proposed testimony must be excluded pursuant to Rules 702, 704 and 403.

A purported legal ethics expert should not be permitted to come before the jury in this case and offer testimony regarding the law, including the California Rules of Professional Conduct. Such testimony is <u>widely understood</u> to be inadmissible. Further, the California Rules of Professional Conduct and the California Business and Professions Code are not relevant here. The criminal action before the Court is not an attorney grievance proceeding where Mr. Avenatti is charged with violating his duties under the California Rules of Professional Conduct or other ethical rules or standards. Nor is it a civil attorney malpractice case. Whether Mr. Avenatti did or did not violate his ethical duties or ethical obligations to his clients is irrelevant as to whether he committed criminal acts under the federal criminal statutes.

### A. The Proposed Testimony Violates Federal Rules of Evidence 702(a) and 704

The testimony proffered by the government is in violation of both Rule 702 and 704. Expert testimony interpreting laws and rules is per se improper. Courts have "consistently held" that expert testimony that usurps *either* the role of the trial judge in

instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it, by definition does not aid the jury in making a decision. *See, e.g.*, *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005); *Bernstein and Bernstein Litowitz Berger & Grossman LLP*, 814 F. 3d 132, 144 (2d Cir. 2016) ("As a threshold matter, we note that defendants rely in large part on the conclusions of their legal-ethics expert made in a declaration filed in the district court. We do not consider arguments based on this declaration because of our longstanding rule that expert testimony on issues of domestic law is not to be considered."); *Amnesty Int'l USA v. Clapper*, 638 F.3d 118, 128 n.12 (2d Cir. 2011) (holding that the court was "not compelled to accept" a legal-ethics expert's declaration regarding whether an ethical duty had been triggered, because the question was for the court), *rev'd on other grds.*, ___ U.S. ___, 133 S. Ct. 1138 (2013)); *GST Telecomm., Inc. v. Irwin*, 192 F.R.D. 109, 111 (S.D.N.Y. 2000) (stating that "testimony of legal experts on ethics in the profession is hardly an occasion for which credible experts supply legal opinions") (citation and quotation marks omitted); *Joffe v. King & Spalding LLP*, No. 17-CV-3392 (VEC), 2019 WL 4673554, *3 (S.D.N.Y. Sept. 24, 2019).

As one district court has noted, "[t]he rule prohibiting experts from providing their legal opinions or conclusions is 'so well-established that it is often deemed a basic premise or assumption of evidence law—a kind of axiomatic principle.'" *In re Initial Public Offering Securities Litigation*, 174 F.Supp.2d 61, 64 (S.D.N.Y. 2001) (citing Thomas Baker, "The Impropriety of Expert Witness Testimony on the Law," 40 *U. Kan. L.Rev.* 325, 352 (1992)). "In fact, every circuit has explicitly held that experts may not invade the court's province by testifying on issues of law." *Id.* at 64. "Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards." *Burkhart v. Washington Metropolitan Area Transit Authority*, 112 F.3d 1207 1213 (D.C. Cir. 1997) (citing *Marx & Co. Diners' Club, Inc.* 550 F.2d 505, 509-10 (2d Cir. 1977). Indeed, federal courts typically

2

"prohibit lawyers, professors, or other experts from interpreting the law for the court or from advising [the factfinder] about how the law should apply to the facts of a particular case." *Pinal Creek Group v. Newport Mining Corp.,* 352 F. Supp. 2d 1037, 1039 (D. Ariz. 2005). Testimony "which articulates and applies the relevant law … circumvents the [factfinder's] decision-making function by telling it how to decide the case." *Id.* citing *Specht v. Jensen*, 853 F. 2d 805 (10th Cir. 1988).

Similarly, the Ninth Circuit has rejected legal expert testimony concerning both what the law is and how it should be applied to the facts of a case. *See Aguilar v. International Longshoreman's Union Local #10*, 966 F.2d 443 (9th Cir. 1992) (barring legal expert opinion because matters of law were for the court's sole determination). In *Aguilar*, the Ninth Circuit determined that expert testimony which explains the law and provide legal opinions were outside the parameters of Federal Rule of Evidence 702 and "were inappropriate subjects for expert testimony." *Id. See also, United States v. Weitzenhoff*, 35 F. 3d 1275 (expert testimony explaining the legal effect of an environmental permit was improper because the judge cosigned the interpretation of the law to the jury which was "an impressible delegation of the district judge's duties…"). The California Rules of Professional Conduct and the California Business and Professions Code are, by definition, the law and/or carry the force and effect of law.[1] Accordingly, the testimony must be excluded.

---

[1] The California State Bar Act was enacted by the California Legislature as part of the California Business & Professions Code, §§6000 *et seq.*, which is a comprehensive statutory scheme regulating the practice of law in California. *Birbrower, Montalbano, Condon & Frank v. Superior Court,* (1998) 17 Cal. 4th 119, 127, 70 Cal.Rptr.2d 304. Under the State Bar Act, the Board of Trustees of the California Bar formulates the Rules of Professional Conduct which must be approved by the California Supreme Court and, when approved, are binding upon all licensees of the State Bar. Cal. Bus. & Prof. Code, §§6076, 6077. The Rules of Professional Conduct incorporate definitions from state statutes. *E.g,* Rule 1.6(a) (citing Cal. Bus. & Prof. Code, §6068(e)(1)); Rule 1.8.2 (same); Rule 1.8.3 (citing Cal. Prob. Code §21384). The state courts of California routinely interpret the rules of professional conduct governing lawyers. *See, e.g., Howard v. Babcock*, (1993) 6 Cal. 4th 409, 417, 25 Cal. Rptr. 2d 90.

3

### B. The Proposed Testimony of Mr. Mohr Violates Federal Rule of Evidence 403

Pursuant to Federal Rule of Evidence 403, the Court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In addition to the requirements of Federal Rule of Evidence 702 and 704, "expert testimony is subject to Rule 403, and 'may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.' " *Nimely*, 414, F.3d at 397 (quoting Fed. R. Evid. 403). Expert evidence "can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the preset rules exercises more control over experts than lay witnesses." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993); *See also Jinro Am., Inc. v. Secure Invs. Inc.*, 266 F.3d 993 (9th Cir. 2001). Thus, federal courts have held that "Rule 403 bars expert testimony purporting to interpret the governing law, because such testimony will necessarily confuse the jury by providing competing interpretations of the law." *CDX Liquidating Tr. ex rel. CDX Liquidating Trustee v. Venrock Assocs.*, 411 B.R. 571, 587 (N.D. Ill. 2009) (citation omitted). "Expert testimony about the governing law is barred under Rule 403 because 'it would be a waste of time if witnesses or counsel should duplicate the judge's statement of the law, and it would intolerably confound the jury to have it stated differently.'" *Id.* (quoting *Specht v Jensen*, 853 F.2d 805, 807 (10th Cir. 1988)). Such testimony should be excluded because the jury could be "misled into adopting outright a legal conclusion proffered by the expert." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d. Cir. 1992).

The probative value of the proposed expert testimony in this case would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Given the legal background of Kevin Mohr, the jury would

4

naturally defer to him as a super juror. The testimony of Kevin Mohr would additionally usurp the power of the judge by allowing Mr. Mohr to testify as to what the law is and then applying that law to Mr. Avenatti's conduct.

In addition, permitting testimony regarding the Rules of Professional Conduct and the Business and Professions Code or other legal standards relating to attorneys would turn this criminal case into an attorney grievance proceeding or a civil attorney malpractice case. Indeed, the summary of the proposed testimony makes clear that the government is seeking to convert this case into an attorney grievance proceeding, which would result in ethics rules taking over the trial. The government proposes to have its legal expert provide the equivalent of a CLE seminar on the law of lawyering about a broad array of topics and professional rules. The obvious implication to the jury, if not outright pronouncement by the expert to the jury, will be that Mr. Avenatti violated each of those duties or rules and therefore is guilty of the crimes charged. Such testimony would cause extreme prejudice that substantially outweighs its probative value.

The defense position should be clear - the California Rules of Professional Conduct, and testimony about them, are not relevant in this case and must be excluded. To the extent expert testimony about a broad array of ethics rules is probative at all, it should be excluded under Rule 403 because of "the uniquely important role that Rule 403 has to play in a district court's scrutiny of expert testimony, given the unique weight such evidence may have in a jury's deliberations.'" *Nimely*, 414 F.3d at 397.

## II. CONCLUSION

Based upon the foregoing, Mr. Avenatti respectfully requests that the Court exclude the testimony of proposed expert witness Kevin Mohr in its entirety. In the alternative, defendant requests that the Court hold a Daubert hearing.

Dated: November 9, 2020          Respectfully submitted,

/s/ H. Dean Steward

5

H. DEAN STEWARD

Attorney for Defendant
MICHAEL JOHN AVENATTI

6

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672. I am not a party to the above-entitled action. I have caused, on November 9, 2020, service of the defendant's:

DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO EXCLUDE PROPOSED EXPERT TESTIMONY OF KEVIN MOHR

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA JULIAN ANDRE

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 9, 2020

/s/ H. Dean Steward

H. Dean Steward