NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6683
     Facsimile: (213) 894-6269
     Email:    Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 19-61-JVS |
|---|---|
| Plaintiff, | GOVERNMENT'S SUPPLEMENTAL BRIEF REGARDING EXPERT TESTIMONY OF PROFESSOR KEVIN MOHR |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Pursuant to the Court's November 2, 2020, Order, plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Julian L. André and Brett A. Sagel, hereby files its supplemental brief regarding the expert testimony of Professor Kevin Mohr.

This supplemental brief is based upon the attached memorandum of points and authorities, the attached exhibit, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: November 9, 2020        Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division


          /s/
JULIAN L. ANDRÉ
BRETT A. SAGEL
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Court has requested additional briefing regarding the admissibility and permissible scope of the expert testimony of Professor Kevin Mohr under Federal Rules of Evidence 702(a) and, in particular, whether Professor Mohr may testify about "what the law is." (CR 373.) As this Court previously held (CR 371), the proposed expert testimony of Professor Mohr is entirely appropriate and admissible under the Federal Rules of Evidence.

Professor Mohr is expected to testify regarding the ethical obligations, rules of professional conduct, and standards that applied to lawyers licensed to practice in California, including the standards and rules that applied to lawyers' receipt of client funds and the use of attorney-client trust accounts. Professor Mohr's testimony is necessary to assist the jury in understanding the complex standards and rules that applied to lawyers' handling of client funds, which "are not part of the common knowledge of a lay juror." (CR 371.)

The Ninth Circuit has squarely held that expert testimony regarding a lawyer's ethical obligations is relevant and admissible in a fraud trial. In United States v. Kellington, 217 F.3d 1084 (9th Cir. 2000), the Ninth Circuit stated:

> It is well settled that in the prosecution of a lawyer for conduct stemming for his or her representation of a client, expert testimony of the lawyer's ethical obligations is relevant to establish the lawyer's intent and state of mind.

Id. at 1098 (citations omitted). And numerous other Circuits have reached the same the conclusion. See, e.g., United States v. Skelos, 707 F. App'x 733, 740 (2d Cir. 2017) (upholding admission of testimony by ethics authority regarding New York State ethics rules

but vacating the judgment on other grounds); United States v. Kelly, 888 F.2d 732, 743 (11th Cir. 1989) (error to exclude testimony regarding attorney's understanding of his professional obligations as evidence relevant to intent and state of mind).

The fact that Professor Mohr's expert testimony will address the California Rules of Professional Conduct and California law does not alter this analysis or render such testimony inadmissible under Rule 702. Crucially, Professor Mohr's testimony will not "improperly usurp the Court's role by instructing the jury as to the applicable law." Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1016-17 (9th Cir. 2004) (emphasis added). The Ninth Circuit has held that a "'witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible.'" Id. (quoting Specht v. Jensen, 853 F.2d 805, 809 (10th Cir. 1988). In Hangarter, for example, an expert witness' testimony that the defendant "departed from insurance industry norms relied in part on his understanding of state law." Id. at 1017. The Ninth Circuit held this testimony was admissible because the expert's "references to California statutory provisions – none of which were directly at issue in the case – were ancillary to the ultimate issue of bad faith." Id. The Ninth Circuit further held that the expert's testimony was permissible because the expert never testified that he had reached a "legal conclusion" as to the "ultimate issue of law" -- i.e., whether defendant acted in bad faith. Id. at 1016.

Here, just as in Hangarter, Professor Mohr is not testifying as to the "applicable law" in this case. Defendant is not charged with violating the California Rules of Professional Conduct or his ethical obligations under California law. Defendant is charged with wire

2

fraud, in violation of 18 U.S.C. § 1343.  Professor Mohr's testimony regarding the standards, rules, and ethical obligations that applied to lawyers are therefore "ancillary to the ultimate issue" and entirely permissible.  Moreover, Professor Mohr, will not be offering a legal conclusion that defendant violated these ethical obligations or standards.  Although it would be improper for Professor Mohr to testify as to the "applicable law" or offer a "legal conclusion" on "an ultimate issue of law," Nationwide Transp. Fin. v. Cass Info. Sys., Inc., 523 F.3d 1051, 1058 (9th Cir. 2008), that is plainly not what Professor Mohr will be doing in this case.  Indeed, defendant's challenge to Professor Mohr's testimony is based on a fundamental mischaracterization of the scope of Professor Mohr's testimony.

    The Second Circuit's decision in United States v. Bilzerian, 926 F.2d 1285, 1294 (2d Cir. 1991), is also instructive.  In Bilzerian, the defendant was charged with securities fraud and the making of false statements arising from his failure to disclose the nature of certain purchases on a form filed with the Securities and Exchange Commission.  Id. at 1289-90.  The Second Circuit upheld the district court's admission of the testimony offered by the government from a law professor who explained the "general background on federal securities regulation and the filing requirements."  Id. at 1294.  The Second Circuit rejected the defendant's argument that such expert testimony "constituted an impermissible legal instruction," particularly in light of a limiting instruction explaining that the expert was testifying to provide "background concerning the meaning of terms, the procedures which are followed and his opinion as to the reason for these procedures," and that "[h]e is not here to give his

opinion as to what the law requires." Id. at 1295.[1]  Here, Professor Mohr's testimony is likewise admissible to provide necessary background information so that the jury may evaluate defendant's conduct "against the standards of accepted practice." Id. And a limiting instruction, as discussed further below, can sufficiently address any concerns as to the proper scope and nature of Professor Mohr's testimony.

Additionally, the civil cases defendant cited in his prior reply brief regarding Professor Mohr's testimony (CR 326 at 8-10) are inapplicable. For example, in Englebrick v. Worthington Indus., No. SA CV 08-1296-CJC, 2016 WL 6637712, the issue before the Court was whether lawyers had "breached their professional obligations." The court then excluded an expert declaration because it directly addressed the pertinent law regarding the lawyers' "professional obligations" and offered legal conclusions as to the ultimate issues before the Court in that case. Id. Similarly, in Bernstein v. Bernstein Litowitz Berger & Grossman LLP, 814 F.3d 132 (2d Cir. 2016), the Second Circuit explained that it would not consider arguments by a legal expert as to whether a complaint should be maintained under seal because that was the legal issue under consideration by the court itself. Id. at 144. In each of those cases, the proposed expert sought to provide an opinion as to the ultimate issue to be decided by the fact-finder. That is simply not

---

[1] In Blizerian, the Second Circuit affirmed the district court's decision to limit (but not exclude) the defendant's proposed expert testimony regarding whether the defendant's actual disclosures complied with the legal requirements. Id. at 1294-95. As discussed above, however, the Second Circuit affirmed the admission of the government's expert testimony explaining the background of securities regulations and nature of the disclosure requirements. Id.

the case here -- Professor Mohr is neither testifying regarding the legal standard that is applicable in this prosecution (i.e., the elements of wire fraud) nor offering any legal conclusions.

Finally, regardless of whether Professor Mohr testifies, the government agrees that it would be appropriate for the Court to instruct the jury as to the requirements of the California Rules of Professional Conduct and applicable ethical duties.  As directed by the Court (CR 371 at 14), the government has provided defendant with a proposed jury instruction addressing a layer's ethical obligations and the California Rules of Professional Conduct.  (Ex. A.)[2]  Such a jury instruction may obviate the need for the government to call Professor Mohr to testify in its case-in-chief or, at a minimum, allow the government to significantly narrow the scope of Professor Mohr's testimony.  The government further believes the Court should provide a limiting instruction advising the jury that proof establishing that defendant violated the California Rule of Professional Conduct or his ethical obligations does not necessarily prove that defendant committed wire fraud, but that the jury may consider such evidence in evaluating the elements of the offense, including whether defendant acted with intent to defraud.  (See Ex. A at 3, 5.)  The government has already included such limiting language in the proposed jury instruction it provided defendant.  (Id.)

Accordingly, for the foregoing reasons, the government respectfully requests that the Court reaffirm its denial of defendant's motion to exclude Professor Mohr's testimony.

---

[2] If the parties are unable to reach an agreement regarding an appropriate jury instruction, the government will submit its proposed jury instruction to the Court for its consideration.