# EXHIBIT A

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-6683
Facsimile: (213) 894-6269
Email: Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
Ronald Reagan Federal Building
411 West Fourth Street, Suite 8000
Santa Ana, California 92701
Telephone: (714) 338-3598
Facsimile: (714) 338-3708
Email: Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL JOHN AVENATTI,

Defendant.

No. SA CR 19-061-JVS

JOINT PROPOSED JURY INSTRUCTION REGARDING CALIFORNIA RULES OF PROFESSIONAL CONDUCT

Pursuant to this Court's October 19, 2020, Order, plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Julian L. André and Brett A. Sagel, and defendant MICHAEL JOHN AVENATTI ("defendant"), both individually and by and through his counsel of record, H. Dean Steward, hereby

submits the parties' Joint Proposed Jury Instruction Regarding the California Rules of Professional Conduct.

Dated:

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

____________________________________
JULIAN L. ANDRÉ
BRETT A. SAGEL
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated:________________________

____________________________________
H. DEAN STEWARD
Attorney for Defendant
MICHAEL JOHN AVENATTI

Dated:________________________
____________________

____________________________________
MICHAEL JOHN AVENATTI
Defendant

COURT'S INSTRUCTION NO. _

JOINT PROPOSED INSTRUCTION NO. _

Lawyers' Ethical Duties Under California Law

The government claims that defendant MICHAEL JOHN AVENATTI ("defendant") engaged in a scheme to defraud his legal clients. Because defendant was a licensed member of the State Bar of California at all times relevant to the charges in this case, the ethical duties defendant owed to his legal clients were determined by California law.

The State of California imposed a number of legal duties, ethical rules, and professional responsibility requirements on lawyers licensed to practice law in the State of California, including duties of loyalty, confidentiality, honesty, fair dealing, competence, and reasonable communication with respect to all clients. Among other things, the California Rules of Professional Conduct and California law imposed the following duties on lawyers licensed to practice in California, including defendant:

1. A lawyer owed a fiduciary duty to their clients. A lawyer's fiduciary duty to his clients was of the highest order. A lawyer's fiduciary duty to his clients, included the duty to protect the information and property of clients, and to keep such information or property safe so it is not lost or misused.

2. A lawyer owed a duty of loyalty to their clients. A lawyer's loyalty to his clients must be undivided. A lawyer could not act in a manner that would disadvantage his clients. A lawyer also could not subrogate his duty of loyalty to one client in favor of his own interests or the interests of other clients or third parties.

3. A lawyer owed a duty of honesty and fair dealing to their clients. A lawyer had a duty to keep clients informed of what was going on in the matter with which the lawyer is representing the clients. For example, there were certain decisions that only a client can make, such as filing or settling a lawsuit. To ensure that a client could make an informed decision, a lawyer was required to provide their clients with true and accurate information. A lawyer could not withhold information from or mislead their clients.

4. A lawyer owed a duty of reasonable communication to their clients. A lawyer's clients could not make reasonable or informed decisions, unless the lawyer provided the clients with the necessary facts to make such decisions.

Additionally, under California law, a lawyer was required to enter into written contracts with their clients setting forth the scope of the representations, as well any arrangements regarding the payment of attorneys' fees and costs.

In a civil action, a lawyer practicing in California was required to inform clients of any written settlement offers. Because only the client has the authority to settle a matter, a lawyer had an obligation to disclose to the clients all material terms and conditions of a proposed settlement agreement. The client would also have to sign the settlement agreement. A lawyer could not lie to a client about the terms of a settlement agreement.

If a lawyer's representation of a client was terminated, the lawyer would have been required to release to the client, at the client's request, all of the client's papers and property, including correspondence, pleadings, and any other items reasonably necessary to the client's representation.

You should keep in mind that proof that defendant violated one or more of the duties he owed his legal clients under California law does not necessarily mean that defendant committed wire fraud. You may, however, consider whether defendant violated the duties he owed the alleged client-victims under California law when evaluating whether the government has proven the elements of the offense, including whether defendant engaged in a scheme to defraud, whether the statements made or facts omitted as part of the scheme were material, whether defendant acted with the intent to defraud, and whether defendant had a duty to disclose an omitted fact arising out of a relationship of trust.

Attorney-Client Trust Accounts

At all times relevant to the charges in this case, the California Rules of Professional Conduct contained specific rules governing a lawyer’s receipt of client funds and use of attorney-client trust accounts. An “attorney-client trust account” was a bank account lawyers were required to use to maintain client funds. The purpose of an attorney-client trust account was to protect the funds of a lawyer’s clients. An Interest on Lawyers’ Trust Accounts (“IOLTA”) was a type of attorney-client trust account in which any interest accrued would go to a fund operated by the State Bar of California. The California Rules of Professional Conduct, however, did not distinguish between standard attorney-client trust accounts and IOLTA accounts.

The following rules applied to a lawyer’s financial relationship with their clients and the use of attorney-client trust accounts:

1. A lawyer was required to deposit into an attorney-client trust account any money received or held for the benefit of a client, including settlement proceeds and advances for costs and expenses.

2. A lawyer was required to promptly notify their clients of the receipt of a client's settlement funds and the amount of funds received.

3. A lawyer was required to maintain records of all funds held or received on behalf of their clients and maintained in an attorney-client trust account.

4. A lawyer was required to provide to their clients an accounting of any funds the lawyer or his law firm held or received on behalf of their clients, as well as any fees, costs, or other expenses deducted from the payments made to or on behalf the clients.

5. A lawyer was required to promptly pay to their clients any funds the lawyer or his law firm received on the clients' behalf and to which the client was entitled.

6. A lawyer was required to obtain authorization from their clients before distributing or withdrawing any funds held or received on behalf of the clients from an attorney-client trust account.

7. A lawyer could not withdraw from an attorney-client trust account additional amounts beyond those amounts to which their clients agreed could be withdrawn.

8. Funds belonging to an attorney or a law firm were not allowed to be deposited into an attorney-client trust account. Commingling attorney funds with client funds was prohibited, unless one of the following two exceptions applied:

a. Funds reasonably sufficient to pay bank charges; or

b. In the case of funds belonging in part to a client and in part presently or potentially to the attorney or law firm, the portion belonging to the lawyer or law firm must be withdrawn at the earliest reasonable time after the attorney's interest in that portion becomes fixed.

9. To the extent there was a dispute regarding the payment of any client funds maintained in an attorney-client trust account, a lawyer was required to maintain the disputed amounts in the attorney-client trust account until such dispute was resolved.

You should keep in mind that proof that defendant failed to comply with the rules governing a lawyer's receipt of client funds and/or the use of attorney-client trust accounts does not necessarily mean that defendant committed wire fraud. You may, however, consider whether defendant failed to comply with the rules governing the receipt of client funds and use of attorney-client trust accounts when evaluating whether the government has proven the elements of the offense, including whether defendant engaged in a scheme to defraud, whether the statements made or facts omitted as part of the scheme were material, whether defendant acted with the intent to defraud, and whether defendant had a duty to disclose an omitted fact arising out of a relationship of trust.

Cal. R. Prof. Conduct 3-310, 4-100, 4-200 (1992 ed.); Cal. Bus. & Prof. Code §§ 6068, 6147, 6148 (West 2004); Magee v. State Bar, 58 Cal.2d 423, 430 (1962) (discussing lawyer's fiduciary duty to clients); Bird, Marella, Boxer & Wolpert v. Superior Court, 106 Cal. App. 4th 419, 431 (2003), as modified on denial of reh'g (Mar. 17, 2003) (discussing lawyer's fiduciary duty to clients); Flatt v. Superior Court, 9 Cal. 4th 275 (1994) (discussing lawyer's duty of loyalty); Stanley v. State Bar, 50 Cal. 3d 555, 567 (1990) (discussing lawyer's duty of honesty and fair dealing); Barreiro v. State Bar, 2 Cal. 3d 912 (1970) (discussing lawyer's duty of honesty); Matter of Yagman, No. 91-O-03890, 1997 WL 817721, at *5 (Cal. Bar Ct. Dec. 31, 1997) (discussing lawyer's duty of reasonable communication).