NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6683
    Facsimile: (213) 894-6269
    Email:    Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
    Ronald Reagan Federal Building
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone:  (714) 338-3598
    Facsimile:  (714) 338-3708
    Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>         v.<br><br>MICHAEL JOHN AVENATTI,<br><br>       Defendant. | No. SA CR 19-061-JVS<br><br>STIPULATION REGARDING<br>(1) CONTINUANCE OF TRIAL DATE AND<br>(2) FINDINGS OF EXCLUDABLE TIME<br>PERIODS PURSUANT TO SPEEDY TRIAL<br>ACT<br><br>**CURRENT TRIAL DATE:**<br>  December 8, 2020<br><br>**CONTINUED TRIAL DATES:**<br>  February 23, 2021 (Counts 1-10)<br>  October 12, 2021 (Counts 11-36) |

     Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Julian L. André and

Brett A. Sagel, and defendant MICHAEL JOHN AVENATTI ("defendant"), both individually and by and through his counsel of record, H. Dean Steward, hereby stipulate and agree as follows:

1.   The Indictment in this case was filed on April 10, 2019. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on April 1, 2019.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before June 19, 2019.

2.   On April 29, 2019, the Court set a trial date of June 4, 2019, at 8:30 a.m., and a status conference date of May 20, 2019, at 9:00 a.m.

3.   The Court has previously continued the trial date in this case from June 4, 2019, to December 8, 2020, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.  (CR 34; CR 66; CR 126; CR 171.)

4.   On October 19, 2020, the parties appeared before the Court for a pretrial motions hearing.  (CR 364.)  During the hearing, the Court granted defendant's motion to sever Counts 1 to 10 of the Indictment from Count 11 to 36 of the Indictment.  (CR 364.)  The Court also indicated that, due to the COVID-19 pandemic's impact on Court operations, the trial would not be able to proceed on December 8, 2020, as currently scheduled, and ordered the parties to meet-and-confer regarding new dates for the trial on Counts 1 to 10 of the Indictment and the trial on Counts 11 to 36 of Indictment.

5.   On October 27, 2020, the parties participated in a telephonic status conference to discuss new trial dates in this matter.  (CR 368.)  After hearing argument from counsel, the Court

continued the trial on Counts 1 to 10 from December 8, 2020, to February 23, 2021, and ordered that the trial for Counts 11 to 36 be continued to  a date in October 2021 to be agreed to by the parties.

6.   By this stipulation, the parties agree and do not object to the trial on Counts 11 to 36 being continued to October 12, 2021, at 8:30 a.m.

7.   By this stipulation, the parties further agree that the Court should continue the following dates and deadlines with respect to the trial on Counts 1 to 10 of the Indictment:

| | Current Date | Proposed Date |
|---|---|---|
| Government Witness List Disclosure Deadline | November 10, 2020 | January 25, 2021 |
| Deadline to Disclose Jencks Act Materials and Witness Statements | November 10, 2020 | January 25, 2021 |
| Final Pretrial Conference | November 23, 2020 | February 8, 2021 |
| Government Exhibit Disclosure Deadline | November 30, 2020 | February 16, 2021 |

8.   The parties stipulate and agree that the following facts demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.   Defendant is charged in a 36-count indictment with: ten counts of wire fraud, in violation of 18 U.S.C. § 1343; eight counts of willful failure to collect and pay over withheld taxes, in violation of 26 U.S.C. § 7202; one count of endeavoring to obstruct the administration of the Internal Revenue Code, in violation of 26 U.S.C. § 7212(a); ten counts of willful failure to file tax returns, in violation of 26 U.S.C. § 7203; two counts of bank fraud, in violation of 18 U.S.C. § 1344(1); one count of aggravated identity

theft, in violation of 18 U.S.C. § 1028A(a)(1); three counts of false declaration in a bankruptcy, in violation of 18 U.S.C. § 152(3); and one count of false oath in a bankruptcy proceeding, in violation of 18 U.S.C. § 152(2).

b.   In February 2020, defendant was convicted in the Southern District of New York of two extortion-related offenses and honest services wire fraud. United States v. Avenatti, No. 1:19-CR-373 (the "SDNY Extortion Case"). Sentencing in the SDNY Extortion Case is currently scheduled for December 9, 2020. Defendant is represented by separate counsel in the SDNY Extortion Case.

c.   Defendant is separately charged in a two-count indictment in the Southern District of New York with wire fraud and aggravated identity theft relating to the embezzlement of funds from one of defendant's legal clients. United States v. Avenatti, No. 1:19-CR-374 (the "SDNY Fraud Case"). There is no trial date currently set for the SDNY Fraud Case. Defendant is represented by separate counsel in the SDNY Fraud Case.

d.   On March 13, 2020, following the President's declaration of a national emergency in response to COVID-19, the Court entered a General Order suspending jury selection and jury trials scheduled to begin before April 13, 2020. C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (Mar. 13, 2020). The Court most recently renewed that suspension, until a "date to be determined," on August 6, 2020. C.D. Cal. General Order No. 20-09, In Re: Coronavirus Public Emergency, Further Order Concerning Jury Trials and Other Proceedings (Aug. 6, 2020). Although in-person hearings in criminal matters have resumed in the Southern Division,

4

1    jury trials in the Southern Division remain suspended.  C.D. Cal.

2    General Order No. 20-12, In re Coronavirus Public Emergency, Order

3    Concerning Reopening of the Southern Division (Sep. 14, 2020).  These

4    General Orders were imposed based on both (1) the California

5    Governor's declaration of a public-health emergency in response to

6    the spread of COVID-19, as well as (2) the Centers for Disease

7    Control's advice regarding reducing the possibility of exposure to

8    the virus and slowing the spread of the disease.  See General Order

9    20-02, at 1.

10         e.   The Court's August 6, 2020, General Order concluded

11   that "in order to protect public health, and in order to reduce the

12   size of public gatherings and reduce unnecessary travel," it was

13   necessary to suspend criminal jury trials until further notice.

14   General Order 20-09, at 1 (August 6, 2020).  The Court further

15   concluded that "holding jury trials substantially increases the

16   chances of transmitting the Coronavirus," and it would thus "place

17   prospective jurors, defendant, attorneys, and court personnel at

18   unnecessary risk."  Id. at 3.  The Court concluded that suspending

19   jury trials thus served the ends of justice and outweighed the

20   interests of the public and defendants in a speedy trial.  Id.

21         f.   Given the public-health concerns discussed in General

22   Orders 20-02, 20-03, 20-05, and 20-08, 20-09, and 20-12, the parties

23   agree that ends of justice served by the continuances outweigh the

24   best interest of the public and defendant in a speedy trial.

25         g.   The parties agree that failure to continue the trial

26   dates would likely make a continuation of the proceeding impossible

27   or result in a miscarriage of justice.

28

1    h.    Counsel for defendant represents that he has the

2  following trial conflicts:  (1) United States v. Poon, No. SA CR 19-

3  162-DOC, a two-week health care fraud trial scheduled to commence on

4  February 8, 2021; and (2) United States v. Salah, No. SA CR 13-001-

5  DOC, a three-to-four week mortgage fraud trial scheduled to commence

6  on March 2, 2021.

7    i.    The requested continuance is not based on congestion

8  of the Court's calendar, lack of diligent preparation on the part of

9  the attorney for the government or the defense, or failure on the

10  part of the attorney for the government to obtain available

11  witnesses.

12    9.    For purposes of computing the date under the Speedy Trial

13  Act by which defendant's trial on Counts 1 to 10 of the Indictment

14  must commence, the parties agree that the time period of December 8,

15  2020, to February 23, 2021, inclusive, should be excluded pursuant to

16  18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(i) because the delay results

17  from continuances granted by the Court on its own motion, without

18  objection from defendant or the government, on the basis of the

19  Court's finding that: (i) the ends of justice served by the

20  continuances outweigh the best interest of the public and defendant

21  in a speedy trial; and (ii) failure to grant the continuance would be

22  likely to make a continuation of the proceeding impossible, or result

23  in a miscarriage of justice.

24    10.    For purposes of computing the date under the Speedy Trial

25  Act by which defendant's trial on Counts 11 to 36 of the Indictment

26  must commence, the parties agree that the time period of December 8,

27  2020, to October 12, 2021, inclusive, should be excluded pursuant to

28  18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(i) because the delay results

from continuances granted by the Court on its own motion, without
objection from defendant or the government, on the basis of the
Court's finding that: (i) the ends of justice served by the
continuances outweigh the best interest of the public and defendant
in a speedy trial; and (ii) failure to grant the continuance would be
likely to make a continuation of the proceeding impossible, or result
in a miscarriage of justice.  With respect to Counts 11 to 36, the
parties further agree that the time period of December 8, 2020, to
October 12, 2021, inclusive, should be excluded pursuant to 18 U.S.C.
§ 3161(h)(1)(B) because the delay results from trial with respect to
other charges against defendant.

    11.  Nothing in this stipulation shall preclude a finding that
other provisions of the Speedy Trial Act dictate that additional time
periods be excluded from the period within which trial must commence.
Moreover, the same provisions and/or other provisions of the Speedy
Trial Act may in the future authorize the exclusion of additional
time periods from the period within which trial must commence.

    IT IS SO STIPULATED.

Dated: November 10, 2020          Respectfully submitted,

                                  NICOLA T. HANNA
                                  United States Attorney

                                  BRANDON D. FOX
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                      /s/ *Julian L. André*
                                  JULIAN L. ANDRÉ
                                  BRETT A. SAGEL
                                  Assistant United States Attorneys

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

1        I am MICHAEL JOHN AVENATTI's attorney.  I have carefully

2    discussed every part of this stipulation and the continuance of the

3    trial dates with my client.  I have fully informed my client of his

4    Speedy Trial rights.  To my knowledge, my client understands those

5    rights and agrees to waive them.  I believe that my client's decision

6    to give up the right to be brought to trial on Counts 1 to 10 earlier

7    than February 23, 2021, and the right to be brought to trial on

8    Counts 11 to 36 earlier than October 12, 2021, is an informed and

9    voluntary one.

10   _____          11-12-20

11   H. DEAN STEWARD                          _____
     Attorney for Defendant                   Date

12   MICHAEL JOHN AVENATTI

13

14       I have read this stipulation and have carefully discussed it

15   with my attorney.  I understand my Speedy Trial rights.  I

16   voluntarily agree to the continuances of the trial dates, and give up

17   my right to be brought to trial on Counts 1 to 10 of the Indictment

18   earlier than February 23, 2021, and my right to be brought to trial

19   on Counts 11 to 36 of the Indictment earlier than October 12, 2021.

20   I understand that I will be ordered to appear in Courtroom 10C of the

21   Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth

22   Street, Santa Ana, California on February 23, 2021, at 8:30 a.m., and

23   October 12, 2021, at 8:30 a.m.

24   _____          November 12, 2020

25   MICHAEL JOHN AVENATTI                    _____
     Defendant                                Date

26

27

28