NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6683
    Facsimile: (213) 894-6269
    Email:    Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
    Ronald Reagan Federal Building
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3598
    Facsimile: (714) 338-3708
    Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | GOVERNMENT'S STATUS REPORT RELATING TO MOTIONS ADDRESSED AT THE OCTOBER 19, 2020, MOTIONS HEARING |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Julian L. André, hereby submits the attached Status Report relating to motions addressed at the October 19, 2020, motions hearing.

The government can provide further information regarding the issues identified therein as directed by the Court.

Dated: December 14, 2020          Respectfully submitted,

                                        NICOLA T. HANNA
                                        United States Attorney

                                        BRANDON D. FOX
                                        Assistant United States Attorney
                                        Chief, Criminal Division

                                        ____/s/_____
                                        BRETT A. SAGEL
                                        JULIAN L. ANDRÉ
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

**GOVERNMENT'S STATUS REPORT**

**I.  INTRODUCTION**

Prior to the September 14, 2020, motions deadline in this case, defendant filed a motion to sever Counts 1-10 from the remaining counts of the indictment (CR 265), and a motion in limine to exclude government's expert witnesses (CR 285).  The government filed a motion in limine to exclude evidence defendant failed to produce in reciprocal discovery (CR 283) and a motion in limine to admit other acts evidence (CR 284).  The Court heard arguments on the motions at the hearing on October 19, 2020.  The government files this status report to provide the Court with additional information regarding the Court's orders and directions from the hearing.

**II.  RECIPROCAL DISCOVERY**

Despite numerous Court orders, defendant still has not produced a single document to the government pursuant to his reciprocal discovery obligations.  The Court initially ordered defendant to produce reciprocal discovery by June 19, 2020.  (CR 162, 4/27/20 RT 10:4-18.)  At defendant's request, the Court then ordered that the reciprocal discovery deadline be continued to August 31, 2020.  (CR 170, CR 171.)  Defendant, however, did not comply with the August 31 reciprocal discovery deadline nor seek a further continuance of the deadline.

On September 14, 2020, the government filed its motion in limine to exclude any defense exhibits that defendant had not produced pursuant to defendant's reciprocal discovery obligations.  (CR 283.) The Court issued its Order on Pretrial Motions on October 30, 2020. (CR 371.)  The Court, as an initial matter, found that the government had substantially produced all of its discovery to defendant by March

20, 2020, thereby triggering defendant's obligation to produce reciprocal discovery by the stipulated and ordered date of August 31, 2020. (CR 371 at 5.) Despite defendant failing to produce any reciprocal discovery by the deadline, the Court found "that exclusion should be exercised with care," and ordered that defendant "shall commence a rolling production of Rule 16(b) materials within seven days and shall complete production no later than December 1, 2020. This specifically includes all materials for use at trial other than impeachment evidence." (Id. at 6.)[1]

Even though the Court ordered defendant to start rolling production within seven days and conclude production of reciprocal discovery by December 1, 2020, defendant still did not produce a single document pursuant to his obligations. Defendant's failure to produce any reciprocal discovery -- prior to any of the deadlines -- demonstrates that defendant has not acted in good-faith.

As the government noted in its initial motion, the Court has broad discretion to exclude evidence that defendant failed to produce pursuant to his reciprocal discovery obligations barring a showing of good cause. (CR 283 at 5-7.) Here, it is clear defendant has made a strategic decision not to produce any reciprocal discovery to the government, despite this Court's Orders. Thus, barring a showing of good cause, this Court should exclude any exhibits defendant failed to produce prior to the most recent reciprocal discovery deadline.

---

[1] In its tentative order in advance of the October 19, 2020, hearing, the Court initially set the deadline as November 20, 2020. At the hearing defendant requested that the deadline be extended to December 1, 2020, to which the government did not object. (10/19/2020 RT 11:22-24, 14:17-21.)

2

### III. BANKRUPTCY-RELATED RULE 404(B) EVIDENCE

During the motions hearing on October 19, 2020, in response to defense counsel, the Court stated that its inclination would be to sever the first ten counts, but permit the government to admit allegations in the bankruptcy counts to prove "furtherance of the scheme to defraud the clients." (10/19/2020 RT 9:11-15.) In response to the Court stating it could have the government brief what those allegations would be, defense counsel stated he wanted that briefing, which "would give us the opportunity to object in writing after we take a look at what they propose to do. . . . I mean, who knows? Maybe we wouldn't even object." (Id. at 9:19-24.) On October 23, 2020, the government filed its supplemental statement of bankruptcy-related acts, crimes, and wrongs to admit at a severed trial on Counts 1-10. (CR 361.) Defendant has filed no objection.

### IV. CALIFORNIA ETHICS JURY INSTRUCTION

During the October 19, 2020, motions hearing, the Court denied defendant's request to exclude the expert testimony of Professor Kevin Mohr regarding the California Rules of Professional Conduct. (CR 371 at 14.) However, in response to defendant's suggestion that the applicable legal ethics rules could be covered by way of jury instruction in lieu of expert testimony, the Court also invited the parties to submit proposed jury instructions within thirty days. (Id.) On November 2, 2020, the Court directed the parties to submit supplemental briefing regarding Professor Mohr's expected testimony. (CR 373.)

On November 6, 2020, the government sent defendant's counsel a proposed jury instruction regarding the California legal ethics rules. Defendant's counsel responded that he would get back to the

3

government regarding the proposed stipulation, but never did so. On November 9, 2020, the government filed its supplemental brief regarding Professor Mohr's testimony, and attached as an exhibit its proposed jury instruction. (CR 381.) On November 23, 2020, the government again emailed defendant's counsel to find out whether the government's proposed jury instruction was acceptable to defendant. Defendant's counsel did not respond to this email.

Despite previously suggesting during the motions hearing that the California ethics rules could be addressed by a jury instruction (10/19/20 RT 21-23), on December 12, 2020, defendant's counsel emailed the government and stated that the defense would not agree to the proposed jury instruction because defendant's position is that the ethics rules are not relevant. Defendant did not offer any further information regarding his objection or any proposed revisions to the jury instruction.

Accordingly, the government respectfully requests that the Court consider issuing the government's proposed jury instruction, which was attached as Exhibit A to the government's supplemental briefing (CR 381.) Such an instruction would be appropriate regardless of whether Professor Mohr is called to testify and would, at a minimum, allow the government to streamline Professor Mohr's testimony. If the Court would like additional information or briefing regarding this issue, the government will gladly provide it.

**V.   SPECIAL NEEDS TRUST EXPERT TESTIMONY**

On October 19, 2020, the Court granted defendant's motion to exclude the expert testimony of Traci Kaas regarding special needs trust due to a potential conflict of interest. (CR 371 at 15.) The Court, however, directed the parties to meet-and-confer within twenty

4

days as to a joint stipulation of fact regarding special needs trust. (Id.)  The Court further indicated that "[a]bsent agreement, the Court is likely to grant the Government leave to designate an alternate expert."  (Id.)

    Pursuant to the Court's direction, on November 6, 2020, the government emailed defendant's counsel a proposed factual stipulation regarding special needs trusts.  Defendant's counsel indicated via email that he would get back to the government, but never did so.  On November 23, 2020, the government sent defendant's counsel another email seeking defendant's position regarding the proposed factual stipulation.  On December 12, 2020, defendant's counsel emailed the government stating the defense would not agree to the proposed stipulation because defendant believes the evidence is not relevant.

    As the parties have been unable to reach an agreement regarding a factual stipulation, the government is in the process of identifying and designating an alternate expert to testify regarding special needs trusts.