H. Dean Steward, SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | SA CR No. 19-061-JVS<br><br>DEFENDANT'S MOTION FOR AN ORDER REQUIRING THE GOVERNMENT'S PROMPT COMPLIANCE WITH THE DUE PROCESS PROTECTIONS ACT AND ADVISING THE GOVERNMENT OF THE CONSEQUENCES FOR FAILING TO COMPLY<br><br>[[Proposed] Order filed concurrently herewith] |

TO ACTING U.S. ATTORNEY TRACY WILKINSON, AUSA JULIAN ANDRE and AUSA BRETT SAGEL, PLEASE TAKE NOTICE that Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his counsel of record, H. Dean Steward, hereby moves for and files his Motion For An Order Requiring the Government's Prompt Compliance with the Due Process Protections Act and Advising the Government of the Consequences for Failing to Comply. Defendant's motion is based on the attached memorandum of points and authorities; the files, records and transcripts in this case; and such further evidence and argument as the Court may permit at a hearing on this matter.

Dated: January 18, 2021        Respectfully submitted,

/s/ H. Dean Steward
 H. DEAN STEWARD

Attorney for Defendant
MICHAEL JOHN AVENATTI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Michael John Avenatti ("Mr. Avenatti") has formally requested in writing that the government confirm that it is aware of its obligations under the recently enacted Due Process Protections Act and has fully complied with them. This results from considerable concerns by the defense that the government has failed to produce information as required under the Act, including but not limited to information that may be used to impeach government witnesses. Despite multiple requests, the government has not only failed to provide confirmation, they have failed to respond altogether. Accordingly, Mr. Avenatti seeks an order substantially consistent with those issued in Mr. Avenatti's other criminal matters pending in the Southern District of New York and one that provides that within ten days of the issuance of the Order, the government is directed to fully comply with the Order and affirm their compliance in a writing submitted to the Court.

## II. FACTUAL BACKGROUND

On October 21, 2020, the Due Process Protections Act, P.I. No. 116-182, 134 Stat. Ann. 894 (the "Act") was enacted into law and became effective immediately. The purpose of the Act is to protect defendants from prosecutorial misconduct and overreach by federal prosecutors. It resulted from the government's misconduct in a criminal matter involving another high-profile political target - Senator Ted Stevens of Alaska (a Republican Senator who had served for over four decades). There, following Senator Stevens' conviction by a jury, multiple U.S. Attorneys were found to have failed to timely produce to the defense witness statements and other evidence that could have been used to impeach key government witnesses at trial. A Department of Justice investigation later ensued during which the U.S. Attorneys involved attempted to justify

their actions by claiming that the statements and documents withheld did not constitute information that could be used to impeach a witness, were immaterial, and therefore were not obligated to be disclosed in advance of trial. The investigation found otherwise. Among other things the investigation uncovered was falsification of various 302s and withholding of notes from witness interviews. Multiple U.S. Attorneys were rightly disciplined and forced to resign in disgrace, and the government was forced to dismiss the indictment against Senator Stevens before severe judicial sanctions occurred.

Within weeks of the enactment of the Act, courts across the country began issuing detailed orders requiring prosecutors to comply with the Act forthwith and reminding prosecutors of the consequences that can result for failure to comply with the Act. For instance, both courts in Mr. Avenatti's two other federal criminal matters pending in the Southern District of New York issued detailed orders in late October 2020 describing the Act and its obligations, and directing the government of its obligations to produce documents and information that could be used by the defense, including to impeach government witnesses at trial. *See* Exhibit A (Docket No. 305, SDNY Case No. 19 Cr. 373 (PGG)) and Exhibit B (Docket No. 95, SDNY Case No. 19 Cr. 374) (JMF)) attached hereto.

Both orders require the government to disclose information to Mr. Avenatti "<u>promptly after its existence becomes known to the Government</u> so that the defense may make effective use of the information in the preparation of its case" and provide for severe consequences for failure to do so. *See id* (emphasis added). The Orders also make clear that the government is required to produce <u>all information</u> that "can be used to impeach the trial testimony of a Government witness . . . ." They also provide that the government's "obligations are continuing ones and apply to materials that become known to the Government in the future. Additionally, if information is otherwise subject to disclosure, it must be disclosed regardless of whether the Government credits it." *See*

*id.* The obligations apply to all information, regardless of whether it would "constitute admissible evidence." *See id.*

Following issuance of the written orders, various courts also began informing prosecutors orally of their obligations under the Act at the next scheduled appearance in each case. For instance, on November 10, 2020, the Court in Mr. Avenatti's criminal matter relating to the Stormy Daniels book deal, the Honorable Jesse M. Furman presiding, explained the government's obligations under the Act:

> Congress passed and the President signed, a new law Due Process Protection Act... [P]ursuant to Rule 5(f) of the Federal Rules of Criminal Procedure and the Due Process Protections Act, I remind the government of its obligations under *Brady v. Maryland* and its progeny to disclose to the defense all information, whether admissible or not, that is favorable to the defendant, material either to guilt or to punishment, and known to the government. The government must disclose such information to the defense promptly after its existence becomes known to the government. As part of these obligations, the government must disclose information that can be used to impeach the trial testimony of a government witness within the meaning of *Giglio v. United States* and its progeny and must do so sufficiently in advance of trial in order for the defendant to make effective use of it at trial.
>
> I remind you that these obligations are continuing ones and that they apply to information whether or not the government credits it. I further remind you that for these purposes the government includes any federal, state, or local prosecutors, law-enforcement officers, and other officials who have participated in the investigation or prosecution of this matter whether or not such officials are still part of the prosecution team and that you have an affirmative obligation to seek from these sources all information subject to disclosure. Finally, I caution the government that if it fails to comply with its obligations and this order, any number of consequences may follow...
>
> [11/10/2020 Transcript, pp.5-6.]

Concerned that the government in this case has not fully and timely complied with its obligations under the Act, undersigned counsel wrote to the government over seven weeks ago on November 25, 2020 and requested that the "provisions of the Act be

3

immediately and fully complied with in connection with the prosecution of Mr. Avenatti." *See* Exhibit C.  <u>The government failed to respond or even acknowledge the request</u>.  Last week, the defense again twice requested in writing that the government respond to the defense's request regarding the obligations under the Act and confirm that the government has fully complied with them.  Inexplicably, the government again failed to do so.

### III. ARGUMENT

The purpose of the Due Process Protections Act is to protect criminal defendants like Mr. Avenatti from prosecutorial misconduct and overreach by federal prosecutors. Among other things, it is specifically designed to ensure that defendants timely receive ALL information that could be used to impeach a government witness "promptly after its existence becomes known to the Government," which includes "all federal, state, and local law enforcement officers and other officials who have participated in the investigation and prosecution of the offense or offenses with which the defendant is charged."

Pursuant to the Act, Mr. Avenatti was entitled to prompt production of any and all information covered under the Act following its enactment approximately three months ago. This includes but is not limited to all information that could potentially be used to impeach any one of the over 60 witnesses the government has identified in this case. Unfortunately, this has not occurred.  Indeed, the government refuses to even respond to the defense's communications requesting acknowledgment and compliance with the Act, thus necessitating this motion.

//
//
//
//

## IV. CONCLUSION

For each of the reasons set forth above, Mr. Avenatti respectfully requests that the Court issue an Order in form and substance substantially consistent with those issued in Mr. Avenatti's other criminal matters pending in the Southern District of New York and one that provides that within ten days of the issuance of the Order, the government is directed to fully comply with the Order and affirm their compliance in a writing submitted to the Court and filed on the docket via ECF.

Dated: January 18, 2021

Respectfully submitted,
/s/ H. Dean Steward
H. DEAN STEWARD

Attorney for Defendant
MICHAEL JOHN AVENATTI

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

MICHAEL AVENATTI,

Defendant.

**ORDER**

(S1) 19 Cr. 373 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

This Order is entered, pursuant to Federal Rule of Criminal Procedure 5(f), to remind the Government of its disclosure obligations under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and to summarize the potential consequences of violating those obligations.

The Government must disclose to the defense all information "favorable to an accused" that is "material either to guilt or to punishment" and that is known to the Government. Id. at 87. This obligation applies regardless of whether the information would itself constitute admissible evidence. The Government shall disclose such information to the defense promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case.

As part of its disclosure obligations, the Government must disclose any information that can be used to impeach the trial testimony of a Government witness within the meaning of Giglio v. United States, 405 U.S. 150 (1972), and its progeny. Such information must be disclosed sufficiently in advance of trial in order for the defendant to make effective use of it at trial or at such other time as the Court may order.

The Government's disclosure obligations are continuing in nature and apply to materials that become known to the Government in the future. If information is subject to disclosure pursuant to this Order, it must be disclosed regardless of whether the Government credits the information.

In the event that the Government believes that compliance with this Order would compromise witness safety, victim rights, national security, a sensitive law enforcement technique, or any other substantial government interest, it may apply for a modification of this Order.

For purposes of this Order, the "Government" includes all current or former federal, state, and local prosecutors, and other law enforcement officers, who have participated in the instant prosecution of, or in the investigation that led to the instant prosecution of, the defendant. The Government has an affirmative obligation to seek from such sources all information subject to disclosure under this Order.

If the Government fails to comply with this Order – in addition to ordering production of the information – the Court may:

(1) specify the terms and conditions of such production;

(2) grant a continuance;

(3) impose evidentiary sanctions;

(4) impose sanctions on any responsible lawyer for the Government;

(5) dismiss charges before trial or vacate a conviction after trial or a guilty plea; or

(6) enter any other order that is just under the circumstances.

Dated: New York, New York
October 30, 2020

SO ORDERED.

*Paul G. Gardephe*

Paul G. Gardephe
United States District Judge

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
:  
IN RE: FEDERAL RULE OF CRIMINAL PROCEDURE 5(F)   :         <u>ORDER</u>
:  
--------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      This Order is entered, pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116–182, 134 Stat. 894 (Oct. 21, 2020), to confirm the Government's disclosure obligations under *Brady* v. *Maryland*, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations.

      The Government must disclose to the defense all information "favorable to an accused" that is "material either to guilt or to punishment" and that is known to the Government. *Id.* at 87. This obligation applies regardless of whether the information would itself constitute admissible evidence. The Government shall disclose such information to the defense promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case.

      As part of these obligations, the Government must disclose any information that can be used to impeach the trial testimony of a Government witness within the meaning of *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny. Such information must be disclosed sufficiently in advance of trial in order for the defendant to make effective use of it at trial or at such other time as the Court may order.

      The foregoing obligations are continuing ones and apply to materials that become known to the Government in the future. Additionally, if information is otherwise subject to disclosure, it must be disclosed regardless of whether the Government credits it.

In the event the Government believes that a disclosure under this Order would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a modification of its obligations, which may include in camera review or withholding or subjecting to a protective order all or part of the information otherwise subject to disclosure.

For purposes of this Order, the Government includes all current or former federal, state, and local prosecutors, law-enforcement officers, and other officers who have participated in the prosecution, or investigation that led to the prosecution, of the offense or offenses with which the defendant is charged. The Government has an affirmative obligation to seek from such sources all information subject to disclosure under this Order.

If the Government fails to comply with this Order, the Court, in addition to ordering production of the information, may:

(1) specify the terms and conditions of such production;

(2) grant a continuance;

(3) impose evidentiary sanctions;

(4) impose sanctions on any responsible lawyer for the Government;

(5) dismiss charges before trial or vacate a conviction after trial or a guilty plea; or

(6) enter any other order that is just under the circumstances.

SO ORDERED.

Dated: October 29, 2020
New York, New York

_____
JESSE M. FURMAN
United States District Judge

**EXHIBIT C**

From: Dean Steward deansteward7777@gmail.com
Subject: Due Process Act
Date: November 25, 2020 at 5:21 PM
To: Andre, Julian L. (USACAC) julian.l.andre@usdoj.gov, Sagel, Brett (USACAC) brett.sagel@usdoj.gov
Bcc:

Dear Counsel:

In late October, the Due Process Protections Act was signed into law. The Act resulted from blatant prosecutorial misconduct by multiple AUSAs in the prosecution of a high profile defendant, Senator Ted Stevens of Alaska. This misconduct included the falsification of various 302s and the withholding of notes from witness interviews. https://www.sullivan.senate.gov/newsroom/press-releases/sullivan-durbin-due-process-protections-act-signed-into-law

We respectfully request that the provisions of the Act be immediately and fully complied with in connection with the prosecution of Mr. Avenatti.

Thank you.

Dean

--



H. DEAN STEWARD
ATTORNEY- PROFESSIONAL CORPORATION
949-481-4900 www.deansteward.com

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672. I am not a party to the above-entitled action. I have caused, on January 18, 2021 service of the defendant's:

MOTION FOR AN ORDER REQUIRING THE GOVERNMENT'S PROMPT COMPLIANCE WITH THE DUE PROCESS PROTECTIONS ACT AND ADVISING THE GOVERNMENT OF THE CONSEQUENCES FOR FAILING TO COMPLY

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA JULIAN ANDRE

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 18, 2021

                                          /s/ H. Dean Steward
                                          H. Dean Steward