TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6683
     Facsimile: (213) 894-6269
     Email:    Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone:  (714) 338-3598
     Facsimile:  (714) 338-3708
     Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                  UNITED STATES DISTRICT COURT

             FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 19-061-JVS |
|---|---|
| Plaintiff, | GOVERNMENT'S *EX PARTE* APPLICATION FOR (1) CONTINUANCE OF TRIAL DATE ON COUNTS 1-10 AND (2) FINDINGS OF EXCLUDABLE TIME PERIOD PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | **CURRENT TRIAL DATE:** February 23, 2021 (Counts 1-10) **CONTINUED TRIAL DATES:** July 13, 2021 (Counts 1-10) |

     The United States of America, by and through its counsel of

record, the Acting United States Attorney for the Central District

of California and Assistant United States Attorneys Julian L. André

and Brett A. Sagel, seeks entry of an order (1) continuing the trial date on Counts 1 to 10 of the Indictment and (2) excluding time from the Speedy Trial Act calculation of excludable delay.  Defendant MICHAEL JOHN AVENATTI ("defendant") does not appear to oppose this ex parte application, but opposes continuing the government's Jenck's Act disclosure deadline.

## BACKGROUND

The Indictment in this case was filed on April 10, 2019. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on April 1, 2019.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before June 19, 2019.

On April 29, 2019, the Court set a trial date of June 4, 2019, at 8:30 a.m., and a status conference date of May 20, 2019, at 9:00 a.m.  The Court has previously continued the trial date in this case from June 4, 2019, to December 8, 2020, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.  (CR 34; CR 66; CR 126; CR 171.)

On October 19, 2020, the parties appeared before the Court for a pretrial motions hearing.  (CR 364.)  During the hearing, the Court granted defendant's motion to sever Counts 1 to 10 of the Indictment from Count 11 to 36 of the Indictment.  (CR 364.)  The Court also indicated that, due to the COVID-19 pandemic's impact on Court operations, the trial would not be able to proceed on December 8, 2020.

On November 13, 2020, the Court continued the trial date in this case on Counts 1-10 from December 8, 2020, to February 23,

2021, and continued the trial date in this case on Counts 11-36 from December 8, 2020, to October 12, 2021, and found the interim periods to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.  (CR 386.)

On January 5, 2021, defendant filed a "submission in advance of January 6, 2021 status conference," in which defendant stated "the current February trial date is no longer realistic and should be rescheduled."  (CR 395 at 2.)  Defendant requested that trial on Counts 1 to 10 "be set no earlier than August 24, 2021." (Id. at 6.)

On January 6, 2021, the parties participated in a status conference to discuss new trial dates.  (CR 396.)  After hearing argument from the parties, the Court ordered that the trial on Counts 1 through 10 be continued until July 13, 2021, and the trial on Counts 11 to 36 remain on October 12, 2021.  (Id.)

Defendant is on temporary release until March 31, 2021.  The government estimates that its case-in-chief on Counts 1-10 of the Indictment will last approximately 6-8 days.

Defendant is charged in a 36-count indictment with:  ten counts of wire fraud, in violation of 18 U.S.C. § 1343; eight counts of willful failure to collect and pay over withheld taxes, in violation of 26 U.S.C. § 7202; one count of endeavoring to obstruct the administration of the Internal Revenue Code, in violation of 26 U.S.C. § 7212(a); ten counts of willful failure to file tax returns, in violation of 26 U.S.C. § 7203; two counts of bank fraud, in violation of 18 U.S.C. § 1344(1); one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1); three counts of false declaration in a bankruptcy, in violation of 18 U.S.C. §

152(3); and one count of false oath in a bankruptcy proceeding, in violation of 18 U.S.C. § 152(2).  The government's Prosecution Team has produced to defendant approximately 1,141,174 Bates-labeled pages of discovery, including early Jencks Act disclosures.  (See CR 99; CR 195; CR 293 (describing government discovery productions).) The government's Privilege Review Team has separately produced to defendant additional discovery materials, as well as complete forensic copies of certain digital devices obtained during the course of the government's investigation.  (See CR 99; CR 195; CR 293.)

In February 2020, defendant was convicted in the Southern District of New York of two extortion-related offenses and honest services wire fraud.  United States v. Avenatti, No. 1:19-CR-373 (the "SDNY Extortion Case").  Sentencing in the SDNY Extortion Case is currently scheduled for May 7, 2021.  Defendant is represented by separate counsel in the SDNY Extortion Case.

Defendant is separately charged in a two-count indictment in the Southern District of New York with wire fraud and aggravated identity theft relating to the embezzlement of funds from one of defendant's legal clients.  United States v. Avenatti, No. 1:19-CR-374 (the "SDNY Fraud Case").  At the time of the status conference on January 6, 2021, the trial for defendant's SDNY Fraud trial was set for April 26, 2021, but that trial has since been continued until January 10, 2022.  Defendant is represented by separate counsel in the SDNY Fraud Case.

By this application, the government moves for an Order that the trial on Counts 1 to 10 be continued to July 13, 2021, at 8:30 a.m.,

and the trial on Counts 11 to 36 remain on October 12, 2021, and for an Order from this Court finding that the time between February 23, 2021, and July 13, 2021, should be excluded from the calculation of the time in which trial must commence under the Speedy Trial Act.

By this application, the government further moves for the Court to continue the following dates and deadlines, consistent with the pretrial deadlines to which the parties have stipulated and agreed -- and the Court has ordered -- since the outset of this case, with respect to the trial on Counts 1 to 10 of the Indictment:

|  | Current Date | Proposed Date |
|---|---|---|
| Government Witness List Disclosure Deadline | January 25, 2021 | June 14, 2021 |
| Deadline to Disclose Jencks Act Materials and Witness Statements | January 25, 2021 | June 14, 2021 |
| Final Pretrial Conference | February 8, 2021 | June 28, 2021 |
| Government Exhibit Disclosure Deadline | February 16, 2021 | July 6, 2021 |

**THE COVID-19 PANDEMIC**

On March 13, 2020, following the President's declaration of a national emergency in response to COVID-19, the Court entered a General Order suspending jury selection and jury trials. C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (Mar. 13, 2020). That suspension remains in place until a "date to be determined." C.D. Cal. General Order No. 20-09, In Re: Coronavirus Public Emergency, Further Order Concerning Jury Trials and Other Proceedings (Aug. 6, 2020); see also C.D. Cal. Order of the Chief Judge No. 20-179, In

Re: Coronavirus Public Emergency, Activation of Continuity of Operations Plan, at 3 (Dec. 7, 2020) ("Jury trials remain suspended.").

Also on March 13, 2020, the Court imposed health- and travel-related limitations on access to Court facilities. C.D. Cal. General Order No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (Mar. 13, 2020). On March 19, 2020, by Order of the Chief Judge, the Court implemented its Continuity of Operations ("COOP") Plan, closing all Central District of California courthouses to the public (except for hearings on criminal duty matters) and taking other emergency actions. C.D. Cal. Order of the Chief Judge No. 20-042 (Mar. 19, 2020). On March 29, 2020, the Court authorized video-teleconference and telephonic hearings. C.D. Cal. Order of the Chief Judge No. 20-043 (Mar. 29, 2020). Two days later, on March 31, 2020, the Court suspended all grand-jury proceedings. C.D. Cal. Order of the Chief Judge No. 20-044 (Mar. 31, 2020). That suspension was subsequently extended through June 1, 2020. C.D. Cal. General Order No. 20-05, In Re: Coronavirus Public Emergency, Further Order Concerning Jury Trials and Other Proceedings at 3 ¶ 7 (Apr. 15, 2020).

On August 6 and September 14, 2020, the Court slightly relaxed its restrictions to permit in-person criminal hearings for defendants who do not consent to remote appearance and to allow up to 10 members of the public to attend. General Order No. 20-09, at 2-3; C.D. Cal. General Order No. 20-12, In Re: Coronavirus Public Emergency Order Concerning Reopening of the Southern Division, at 2 (Sept. 14, 2020).

However, on December 7, 2020, following "an unprecedented surge of COVID-19 cases, hospitalizations, and test positivity rates in the Central District," the Court reinstituted its COOP Plan.  Order of the Chief Judge No. 20-179, at 1-2.  Pursuant to the COOP Plan, from December 9, 2020 at 5:00 p.m. through and including January 8, 2021, all grand jury proceedings are suspended and court facilities are once again closed to the public except for hearings on certain criminal duty matters.  Order of the Chief Judge No. 20-179, at 2-3.  On January 6, 2021, the Court extended the COOP plan through and including January 29, 2021.  Order of the Chief Judge, No. 21-02.

These orders were imposed based on (1) the California Governor's declaration of a public-health emergency in response to the spread of COVID-19, as well as (2) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease.  See, e.g., General Order 20-02, at 1.  The Chief Judge has recognized that, during the COVID-19 crisis, all gatherings should be limited to no more than 10 people and elderly and other vulnerable people should avoid person-to-person contact altogether.  See Order of the Chief Judge No. 20-042, at 1-2.  The Court has more broadly recognized CDC guidance advising "precautions to reduce the possibility of exposure to the virus and slow the spread of the disease[.]"  General Order 20-09, at 1.

Consistent with this Court's orders, the Judicial Council of the Ninth Circuit Court of Appeals declared an emergency in the Central District of California, pursuant to 18 U.S.C. § 3174.  In re Approval of Judicial Emergency in the Central Dist. of Cal., 955 F.3d 1140 (9th Cir. 2020).  The Judicial Council's order recognizes

that "under the emergency declarations of national, state, and local governments, as well as recommendations from the Centers for Disease Control and Prevention to convene groups of no more than 10 people, the Court is unable to obtain an adequate spectrum of . . . grand jurors." Id. at 1141.

Local and state governments have adopted similar policies. On March 19, 2020, both Los Angeles Mayor Eric Garcetti and California Governor Gavin Newsom issued emergency orders requiring residents to "stay home," subject to limited exceptions. California Executive Order N-33-20 (March 19, 2020); accord Safer at Home, Public Order Under City of Los Angeles Emergency Authority ¶ 1 (March 19, 2020). Subject to similarly limited exceptions, all travel was prohibited. Safer At Home ¶ 4. Non-essential businesses requiring in-person attendance by workers were ordered to cease operations. Id. ¶ 2. All schools in the Los Angeles Unified School District remain closed to in-person classes.

On December 3, 2020, the Acting State Public Health Officer of the State of California issued a Regional Stay at Home Order based on the "unprecedented surge in the level of community spread of COVID-19." California Regional Stay at Home Order 12/03/2020 (Dec. 3, 2020). That order went into effect on December 6, 2020 and restricts business and social activities, including by suspending outdoor restaurant operations, in California regions for which ICU bed capacity is less than 15%. As the Chief Judge's December 7, 2020 Order reactivating the COOP Plan recognizes, ICU availability in the Southern California region, which includes the entire Central District of California, fell below 15% as soon as the Regional Stay

at Home Order went into effect.  Order of the Chief Judge No. 20-179, at 2.

Based on these facts, the Court's August 2020 order concluded that it was necessary to suspend criminal jury trials until further notice "in order to protect public health, and in order to reduce the size of public gatherings and reduce unnecessary travel." General Order 20-09, at 1.  Given the increased rates of COVID-19-related hospitalization and death over the 30 days preceding the August 2020 order, the Court found that "holding jury trials substantially increases the chances of transmitting the Coronavirus," and it would thus "place prospective jurors, defendant, attorneys, and court personnel at unnecessary risk."  Id. at 3.  The Court concluded that suspending jury trials thus served the ends of justice and outweighed the interests of the public and defendants in a speedy trial.  Id.  The COOP Plan continues the suspension of all jury trials.  Order of the Chief Judge No. 20-179, at 3; Order of the Chief Judge No. 21-02.

The Central District of California has not adopted any protocols for safely conducting jury trials.  See id.

## DISCUSSION

Here, the time between February 23, 2021, and July 13, 2021, should be excluded from the Speedy Trial Act calculation of the date by which trial must commence for Counts 1 to 10 of the Indictment.

The Speedy Trial Act generally requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later, 18 U.S.C. § 3161(c)(1), and entitles the defendant to dismissal of the charges (with or without prejudice) if that deadline is not met, § 3162(a)(2).

Certain periods of time, however, are excluded from the Speedy Trial Act's trial clock.  Id. § 3161(h).  Some periods of time are automatically excluded, including periods of delay resulting from the absence or unavailability of the defendant or an essential witness.  Id. § 3161(h)(3)(A).  Other periods of time are excluded only when a judge continues a trial and finds, on the record, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  Id. § 3161(h)(7)(A).

In this case, the time between February 23, 2021, and July 13, 2021, for Counts 1 to 10 of the Indictment should be excluded from the Speedy Trial Act under the ends-of-justice provision, 18 U.S.C. § 3161(h)(7)(A).

Although the General Orders address district-wide health concerns and make Speedy Trial Act findings under § 3161(h)(7)(A), individualized findings are also required.  See General Order 20-02 at 2 ¶ 4; General Order 20-09 at 2 ¶ 6(a).  Ends-of-justice continuances are permissible only if "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  "[W]ithout on-the-record findings, there can be no exclusion."  Zedner v. United States, 547 U.S. 489, 507 (2006).  The period of exclusion must also be "specifically limited in time."  United States v. Lewis, 611 F.3d 1172, 1176 (9th Cir. 2010).

As the above facts reflect, the ends of justice justify excludable time here.  Pandemic, like natural disaster or other

emergency, grants this Court the discretion to order an ends-of-justice continuance. "Although the drafters of the Speedy Trial Act did not provide a particular exclusion of time for such public emergencies (no doubt failing to contemplate, in the more innocent days of 1974, that emergencies such as this would ever occur), the discretionary interests-of-justice exclusion" certainly covers this situation. United States v. Correa, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) (addressing September 11 attacks); see Furlow v. United States, 644 F.2d 764, 767-69 (9th Cir. 1981) (affirming Speedy Trial exclusion after eruption of Mount St. Helens); accord United States v. Stallings, 701 F. App'x 164, 170-71 (3d Cir. 2017) (same, after prosecutor had "family emergency"); United States v. Hale, 685 F.3d 522, 533-36 (5th Cir. 2012) (same, where case agent had "catastrophic family medical emergency"); United States v. Scott, 245 Fed. Appx. 391, 394 (5th Cir. 2007) (same, after Hurricane Katrina); United States v. Richman, 600 F.2d 286, 292, 293-94 (1st Cir. 1979) (same, after a "paralyzing blizzard" and the informant was hospitalized).

Here, a continuance is warranted to protect public health. Federal, state, and local authorities, along with this Court's orders, have recognized that we are in the midst of a grave public-health emergency requiring people to take extreme measures to limit contact. The Central District of California has no established jury-trial protocol at present; instead, the Court has concluded that jury trials would "place prospective jurors, defendant, attorneys, and court personnel at unnecessary risk." General Order 20-09 at 3 ¶ 6(a). In the absence of such a district-wide protocol, proceeding with a jury trial is unsafe.

An ends-of-justice delay is particularly apt in this case because:

- The trial involves witnesses with high-risk factors, who would endanger themselves by attending court during this pandemic. Specifically, several witnesses have had health issues that place them at high-risk factors to attend trial during the pandemic.

- This trial involves witnesses who must travel, and thus would put themselves and others at risk if they were to come to court during this crisis. Multiple public agencies have recommended against unnecessary travel, particularly for vulnerable populations.

Based on the foregoing, the Court should enter a case-specific order finding excludable time under the Speedy Trial Act by which defendant's trial on Counts 1 to 10 of the Indictment must commence. Specifically, the time period of February 23, 2021, to July 13, 2021, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(i) because the delay results from continuance granted by the Court, without objection from defendant or the government, on the basis of the Court's finding that: (i) the ends of justice served by the continuances outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice.

However, nothing in the Court's order should preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which

trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

### ADDITIONAL DEADLINES

The parties conferred regarding a stipulation but were unable to reach an agreement.  The government sent a proposed stipulation and proposed order to defendant on January 11, 2021, and January 13, 2021, based on prior stipulations by the parties and the Court's ruling at the January 6, 2021, status conference.  On January 14, 2021, defendant replied with proposed changes to the stipulation. Defendant appears to agree to the bases for which this Court can continue the trial on Counts 1 through 10 to July 13, 2021, and the exclusion of time pursuant to the Speedy Trial Act; however, defendant wants the government's deadline to disclose Jencks Act Materials and Witness Statements to remain January 25, 2021, despite the trial date getting continued.

First, the government voluntarily provided defendant with witness statements as early as May and June 2019, and provided defendant additional statements as the government met with witnesses.  Defendant has nearly all -- if not all -- witness statements from the likely witnesses at his trial on Counts 1 to 10, and has had these statements for over 18 month.  Second, the government has and will agree to early compliance with the Jencks Act, however, the Jencks Act relates to trial witnesses, which the government will be in a better position to know specifically closer to the trial date.  The government proposes June 14, 2021, which is approximately one month prior to trial, and is consistent with the

parties' prior stipulations and the Court's prior orders setting the deadline one month prior to trial.

On January 20, 2021, the government sought defendant's position on this <u>ex parte</u> application, and defense counsel provided a response that again does not appear to oppose the continuance or the exclusion of time pursuant to the Speedy Trial Act, but raises objections to other matters.

Dated: January 20, 2021          Respectfully submitted,

                                 TRACY L. WILKISON
                                 Acting United States Attorney

                                 BRANDON D. FOX
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                 _____/s/_____
                                 JULIAN L. ANDRÉ
                                 BRETT A. SAGEL
                                 Assistant United States Attorneys

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

14