H. Dean Steward, SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
| Plaintiff, | DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S EX PARTE APPLICATION FOR (1) CONTINUANCE OF TRIAL DATE ON COUNTS 1-10 AND (2) FINDINGS OF EXCLUDABLE TIME PERIOD PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

## I.   **INTRODCUTION**

The defense submits this brief opposition and response to the government's *Ex Parte* Application [Docket No. 399] as a result of the government's refusal to include the defense's position as the defense requested earlier this morning.

## II.   **ARGUMENT**

Last week, the defense exchanged correspondence with the government wherein the defense agreed with almost all portions of the government's proposed trial related stipulation and proposed order, with only a few exceptions.  *See* Exhibit A (e-mail from H. Dean Steward dated January 14, 2021 explaining the defense position and attaching proposed changes in redline (also included)).  Of particular importance, Mr. Avenatti objected to any change in the deadline relating to *Jencks* materials in light of the recently enacted Due Process Protections Act, P.I. No. 116-182, 134 Stat. Ann. 894, first enacted into law in October 2019 (the "Act") and various court orders interpreting the Act.  *See id*; *see also* Defendant's Motion For An Order Requiring the Government's Prompt Compliance with the Due Process Protections Act and Advising the Government of the Consequences for Failing to Comply [Docket No. 398, filed January 14, 2021.]

Rather than respond to the correspondence or to the concerns raised by the defense relating to the Act and its impact on the Jencks deadline, or even disclose the government's position, the government instead notified undersigned counsel at 9:34 a.m. this morning that they would be filing an *ex parte* application.  *See* Exhibit B.  The defense responded 23 minutes later with an email that reads as follows and requested that the Government include it in their filing (as the defense has done repeatedly for the government when filing *ex parte* applications):

Brett:
Please include this position verbatim in your filing:  "The defense consents to waive Mr. Avenatti's speedy trial act rights in connection with the trial continuance as reflected in the markup of the stipulation the defense provided to

the government last week and the email that accompanied it, both of which we have requested the government attach to their application in their entirety.  The defense does not understand why the government did not respond to the email that was sent last Thursday or further confer before filing the application and burdening the Court."

Dean

*See* Exhibit B.  In response, the Government refused to include the defense position and, without any basis, accused the defense of not acting in good faith.  *See id*.  To compound matters, the Government then proceeded to file their *ex parte* application almost immediately thereafter and not accurately state the defense's position.  This is pure gamesmanship that should not be permitted or condoned.

To be clear, the defense has no objection to the exclusion of time as requested by the government nor does the defense have any objection to the extension of other deadlines other than the Jencks deadline.  Indeed, the defense was prepared to so stipulate.  *See* Exhibit A (defense markup of stipulation and proposed order).

However, the defense does object to an extension of the Jencks deadline in light of the recent passage of the Act, which other courts have found requires the Government to disclose information to Mr. Avenatti "promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case" and provides for severe consequences for failure to do so.  *See, e.g.,* Exhibit A (Docket No. 305, SDNY Case No. 19 Cr. 373 (PGG)) and Exhibit B (Docket No. 95, SDNY Case No. 19 Cr. 374) (JMF)), attached to Defendant's Motion For An Order Requiring the Government's Prompt Compliance with the Due Process Protections Act and Advising the Government of the Consequences for Failing to Comply [Docket No. 398, filed January 14, 2021.]. Importantly, other courts have also determined that the Act (1) requires the government to produce all information that *"can be used to impeach the trial testimony of a Government witness . . . .;"* (2) if information is otherwise subject to disclosure, it must be disclosed regardless of whether the

2

Government credits it;" and (3) the obligations apply to <u>all</u> information, regardless of whether it would "constitute admissible evidence." *See id. (emphasis added).* Accordingly, the defense submits that the Jencks deadline should not be moved and the government should be required to promptly produce all information that the defense could use to impeach any government witness expected to testify at trial (to date - the government has identified in writing over 60 witnesses by name that are expected to testify).

## III.   <u>CONCLUSION</u>

For each of the reasons set forth above, Mr. Avenatti respectfully requests that the Court grant the *ex parte* application in part and deny it in part.

Dated:  January 20, 2021          Respectfully submitted,
                                                    <u>/s/ H. Dean Steward</u>
                                                    H. DEAN STEWARD

                                                    Attorney for Defendant
                                                    MICHAEL JOHN AVENATTI

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>EXHIBIT A</u>**

 Gmail                              **Dean Steward <deansteward7777@gmail.com>**

---

**more on Avenatti**

---

**Dean Steward <deansteward7777@gmail.com>**                              Thu, Jan 14, 2021 at 3:09 PM
To: "Sagel, Brett (USACAC)" <brett.sagel@usdoj.gov>, "Andre, Julian L. (USACAC)" <julian.l.andre@usdoj.gov>
Bcc:

Brett and Julian:

Attached are my revisions to the stipulation and proposed order in the Avenatti case.

You will see that we are not willing to move the deadline to disclose Jencks materials and witness statements as you proposed. As you know, the Due Process Protections Act was signed into law last year. This Act resulted from the government's blatant misconduct in another high profile case involving a political figure - the federal criminal prosecution of former Senator Ted Stevens.  As Judge Furman recently stated in the Daniels case involving Mr. Avenatti: "Congress passed and the President signed, a new law Due Process Protection Act... [P]ursuant to Rule 5(f) of the Federal Rules of Criminal Procedure and the Due Process Protections Act, I remind the government of its obligations under *Brady v. Maryland* and its progeny to disclose to the defense <u>all information, whether admissible or not, that is favorable to the defendant, material either to guilt or to punishment, and known to the government</u>. The government must disclose such information to the defense <u>promptly after its existence becomes known to the government</u>. As part of these obligations, the government must disclose information that can be used to impeach the trial testimony of a government witness within the meaning of *Giglio v. United States* and its progeny and must do so sufficiently in advance of trial in order for the defendant to make effective use of it at trial.

 <u>I remind you that these obligations are continuing ones and that they apply to information whether or not the government credits it. I further remind you that for these purposes the government includes any federal, state, or local prosecutors, law-enforcement officers, and other officials who have participated in the investigation or prosecution of this matter whether or not such officials are still part of the prosecution team and that you have an affirmative obligation to seek from these sources all information subject to disclosure.</u> Finally, I caution the

government that if it fails to comply with its obligations and this order, any number of consequences may follow..." [11/10/2020 Transcript, pp.5-6, emphasis added.]

The government has already identified over 60 witnesses they expect to call in this case. Pursuant to the above, we are entitled to prompt disclosure of ALL information and witness statements relating to these witnesses and ask that you comply with these requirements immediately. I have previously written to you regarding the above and you have ignored my requests.

Dean

--





949-481-4900  www.deansteward.com

_____

**2 attachments**

📄 **STA stip revisions 1-14-21.pdf**
   108K

📄 **STA order revisions 1-14-21.pdf**
   86K

TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6683
     Facsimile: (213) 894-6269
     Email:    Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone:  (714) 338-3598
     Facsimile:  (714) 338-3708
     Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                  UNITED STATES DISTRICT COURT

              FOR THE CENTRAL DISTRICT OF CALIFORNIA

                        SOUTHERN DIVISION

UNITED STATES OF AMERICA,          No. SA CR 19-061-JVS

          Plaintiff,               STIPULATION REGARDING
                                   (1) CONTINUANCE OF TRIAL DATE ON
          v.                       COUNTS 1-10 AND (2) FINDINGS OF
                                   EXCLUDABLE TIME PERIODS PURSUANT
MICHAEL JOHN AVENATTI,             TO SPEEDY TRIAL ACT

          Defendant.               **CURRENT TRIAL DATE:**
                                     February 23, 2021 (Counts 1-10)

                                   **CONTINUED TRIAL DATES:**
                                     July 13, 2021 (Counts 1-10)


     Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Julian L. André and

Brett A. Sagel, and defendant MICHAEL JOHN AVENATTI ("defendant"), both individually and by and through his counsel of record, H. Dean Steward, hereby stipulate and agree as follows:

1.    The Indictment in this case was filed on April 10, 2019. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on April 1, 2019.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before June 19, 2019.

2.    On April 29, 2019, the Court set a trial date of June 4, 2019, at 8:30 a.m., and a status conference date of May 20, 2019, at 9:00 a.m.

3.    The Court has previously continued the trial date in this case from June 4, 2019, to December 8, 2020, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.  (CR 34; CR 66; CR 126; CR 171.)

4.    On October 19, 2020, the parties appeared before the Court for a pretrial motions hearing.  (CR 364.)  During the hearing, the Court granted defendant's motion to sever Counts 1 to 10 of the Indictment from Count 11 to 36 of the Indictment.  (CR 364.)  The Court also indicated that, due to the COVID-19 pandemic's impact on Court operations, the trial would not be able to proceed on December 8, 2020.

5.    On November 13, 2020, the Court continued the trial date in this case on Counts 1-10 from December 8, 2020, to February 23, 2021, and continued the trial date in this case on Counts 11-36 from December 8, 2020, to October 12, 2021, and found the interim periods

1  to be excluded in computing the time within which the trial must

2  commence, pursuant to the Speedy Trial Act.  (CR 386.)

3      6.    On January 6, 2021, the parties participated in a status

4  conference to discuss new trial dates.  (CR 396.)  After hearing

5  argument from the parties, the Court ordered that the trial on Counts

6  1 through 10 be continued until July 13, 2021.  (Id.)

7      7.    ~~By this stipulation, the parties agree and do not object to~~

8  ~~the trial on Counts 1 to 10 being continued to July 13, 2021, at 8:30~~

9  ~~a.m., and the trial on Counts 11 to 36 remaining on October 12, 2021.~~

10     8.    By this stipulation, the parties further agree that the

11 Court should continue the following dates and deadlines with respect

12 to the trial on Counts 1 to 10 of the Indictment:

|  | Current Date | Proposed Date |
|---|---|---|
| Government Witness List Disclosure Deadline | January 25, 2021 | June 14, 2021 |
| Deadline to Disclose Jencks Act Materials and Witness Statements | January 25, 2021 | ~~June 14, 2021~~ **January 25, 2021** |
| Final Pretrial Conference | February 8, 2021 | June 28, 2021 |
| Government Exhibit Disclosure Deadline | February 16, 2021 | July 6, 2021 |

21     9.    The parties stipulate and agree that the following facts

22 demonstrate good cause to support the appropriate findings under the

23 Speedy Trial Act:

24     a.    Defendant is charged in a 36-count indictment with:

25 ten counts of wire fraud, in violation of 18 U.S.C. § 1343; eight

26 counts of willful failure to collect and pay over withheld taxes, in

27 violation of 26 U.S.C. § 7202; one count of endeavoring to obstruct

28 the administration of the Internal Revenue Code, in violation of 26

1  U.S.C. § 7212(a); ten counts of willful failure to file tax returns,

2  in violation of 26 U.S.C. § 7203; two counts of bank fraud, in

3  violation of 18 U.S.C. § 1344(1); one count of aggravated identity

4  theft, in violation of 18 U.S.C. § 1028A(a)(1); three counts of false

5  declaration in a bankruptcy, in violation of 18 U.S.C. § 152(3); and

6  one count of false oath in a bankruptcy proceeding, in violation of

7  18 U.S.C. § 152(2).

8      b.   In February 2020, defendant was convicted in the

9  Southern District of New York of two extortion-related offenses and

10 honest services wire fraud.  United States v. Avenatti, No. 1:19-CR-

11 373 (the "SDNY Extortion Case").  Sentencing in the SDNY Extortion

12 Case is currently scheduled for ~~February 17, 2021, but defendant has~~ **May 7, 2021.**

13 ~~sought an adjournment of the sentencing until May 2021.  Defendant is~~

14 ~~represented by separate counsel in the SDNY Extortion Case.~~

15     c.   Defendant is separately charged in a two-count

16 indictment in the Southern District of New York with wire fraud and

17 aggravated identity theft relating to the embezzlement of funds from

18 one of defendant's legal clients.  United States v. Avenatti, No.

19 1:19-CR-374 (the "SDNY Fraud Case").  At the time of the status

20 conference on January 6, 2021, the trial for defendant's SDNY Fraud

21 trial was set for April 26, 2021, but that trial has since been

22 continued until January 10, 2022.  Defendant is represented by

23 separate counsel in the SDNY Fraud Case.

24     d.   On March 13, 2020, following the President's

25 declaration of a national emergency in response to COVID-19, the

26 Court entered a General Order suspending jury selection and jury

27 trials.  C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public

28 Emergency, Order Concerning Jury Trials and Other Proceedings (Mar.

4

13, 2020).  The Court renewed that suspension, until a "date to be determined," on August 6, 2020.  C.D. Cal. General Order No. 20-09, In Re: Coronavirus Public Emergency, Further Order Concerning Jury Trials and Other Proceedings (Aug. 6, 2020).  "Jury trials remain suspended."  C.D. Cal. Order of the Chief Judge No. 20-179, In Re: Coronavirus Public Emergency, Activation of Continuity of Operations Plan, at 3 (Dec. 7, 2020).

          e.   Also on March 13, 2020, the Court imposed health- and travel-related limitations on access to Court facilities.  C.D. Cal. General Order No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (Mar. 13, 2020).  On March 19, 2020, by Order of the Chief Judge, the Court instituted its Continuity of Operations Plan ("COOP"), closing all Central District of California courthouses to the public (except for hearings on criminal duty matters) and taking other emergency actions.  C.D. Cal. Order of the Chief Judge No. 20-042 (Mar. 19, 2020).  On March 29 and 31, 2020, recognizing COVID-19's continued spread in the community, the Court took further action: implementing video-teleconference and telephonic hearings and suspending all grand-jury proceedings.  C.D. Cal. Orders of the Chief Judge Nos. 20-043 (Mar. 29, 2020) and 20-044 (Mar. 31, 2020).

          f.   On August 6 and September 14, 2020, the Court slightly relaxed its restrictions to permit in-person criminal hearings for defendants who do not consent to remote appearance and to allow up to 10 members of the public to attend.  General Order No. 20-09, at 2-3; C.D. Cal. General Order No. 20-12, In Re: Coronavirus Public Emergency Order Concerning Reopening of the Southern Division, at 2 (Sept. 14, 2020).  However, on December 7, 2020, following "an

5

unprecedented surge of COVID-19 cases, hospitalizations, and test positivity rates in the Central District," the Court reinstituted its COOP Plan. Order of the Chief Judge No. 20-179, at 1-2. Pursuant to the COOP Plan, from December 9, 2020 at 5:00 p.m. through and including January 8, 2021, all grand jury proceedings were suspended and court facilities were once again closed to the public except for hearings on certain criminal duty matters. Order of the Chief Judge No. 20-179, at 2-3. On January 6, 2021, the Court extended the COOP plan through and including January 29, 2021. Order of the Chief Judge, No. 21-02.

g. These orders were imposed based on (1) the California Governor's declaration of a public-health emergency in response to the spread of COVID-19, as well as (2) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. See, e.g., General Order 20-02, at 1. The Chief Judge has recognized that, during the COVID-19 crisis, all gatherings should be limited to no more than 10 people and elderly and other vulnerable people should avoid person-to-person contact altogether. See Order of the Chief Judge No. 20-042, at 1-2. The Court has more broadly recognized CDC guidance advising "precautions to reduce the possibility of exposure to the virus and slow the spread of the disease[.]" General Order 20-09, at 1.

h. On December 3, 2020, the Acting State Public Health Officer of the State of California issued a Regional Stay at Home Order based on the "unprecedented surge in the level of community spread of COVID-19." California Regional Stay at Home Order 12/03/2020 (Dec. 3, 2020). That order went into effect on December

6

6, 2020 and restricts business and social activities, including by suspending outdoor restaurant operations, in California regions for which ICU bed capacity is less than 15%.  As the Chief Judge's December 7, 2020, Order reactivating the COOP Plan recognizes, ICU availability in the Southern California region, which includes the entire Central District of California, fell below 15% as soon as the Regional Stay at Home Order went into effect.  Order of the Chief Judge No. 20-179, at 2.

   i.   Based on these facts, the Court's August 6, 2020 General Order found that the suspension of criminal jury trials was necessary to protect public health, reduce the size of public gatherings, and reduce unnecessary travel.  General Order 20-09, at 1.  The Court determined that, given the increased rates of COVID-19-related hospitalization and death over the preceding 30 days, "holding jury trials substantially increases the chances of transmitting the Coronavirus" and would "place prospective jurors, defendant[s], attorneys, and court personnel at unnecessary risk." Id. at 3.  The Court concluded that suspending jury trials thus served the ends of justice and outweighed the interests of the public and defendants in a speedy trial.  Id.

   j.   Given the public-health concerns discussed in General Orders 20-02, 20-03, 20-05, and 20-08, 20-09, 20-12, and 20-15, the parties agree that ends of justice served by the continuance of Counts 1 to 10 outweigh the best interest of the public and defendant in a speedy trial.

   k.   The parties agree that failure to continue the trial date on Counts 1 to 10 would likely make a continuation of the proceeding impossible or result in a miscarriage of justice.

7

1          l.   Counsel for defendant represents that he has the
2    following trial conflict:  (1) United States v. Poon, No. SA CR 19-
3    162-DOC, a two-week health care fraud trial scheduled to commence on
4    June 1, 2021.
5          m.   The requested continuance is not based on congestion
6    of the Court's calendar, lack of diligent preparation on the part of
7    the attorney for the government or the defense, or failure on the
8    part of the attorney for the government to obtain available
9    witnesses.
10         10.  For purposes of computing the date under the Speedy Trial
11   Act by which defendant's trial on Counts 1 to 10 of the Indictment
12   must commence, the parties agree that the time period of February 23,
13   2021, to July 13, 2021, inclusive, should be excluded pursuant to 18
14   U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(i) because the delay results
15   from continuance granted by the Court, without objection from
16   defendant or the government, on the basis of the Court's finding
17   that: (i) the ends of justice served by the continuances outweigh the
18   best interest of the public and defendant in a speedy trial; and (ii)
19   failure to grant the continuance would be likely to make a
20   continuation of the proceeding impossible, or result in a miscarriage
21   of justice.
22         11.  Nothing in this stipulation shall preclude a finding that
23   other provisions of the Speedy Trial Act dictate that additional time
24   periods be excluded from the period within which trial must commence.
25   Moreover, the same provisions and/or other provisions of the Speedy
26   Trial Act may in the future authorize the exclusion of additional
27   time periods from the period within which trial must commence.
28         IT IS SO STIPULATED.

Dated: January ___, 2021          Respectfully submitted,

                                  TRACY L. WILKISON
                                  Acting United States Attorney

                                  BRANDON D. FOX
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                  _____
                                  JULIAN L. ANDRÉ
                                  BRETT A. SAGEL
                                  Assistant United States Attorneys

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA




     I am MICHAEL JOHN AVENATTI's attorney.  I have carefully

discussed every part of this stipulation and the continuance of the

trial date on Counts 1 to 10 with my client.  I have fully informed

my client of his Speedy Trial rights.  To my knowledge, my client

understands those rights and agrees to waive them.  I believe that my

client's decision to give up the right to be brought to trial on

Counts 1 to 10 earlier than July 13, 2021, is an informed and

voluntary one.


_____          _____
H. DEAN STEWARD                             Date
Attorney for Defendant
MICHAEL JOHN AVENATTI


     I have read this stipulation and have carefully discussed it

with my attorney.  I understand my Speedy Trial rights.  I

voluntarily agree to the continuance of the trial date on Counts 1 to

10, and give up my right to be brought to trial on Counts 1 to 10 of

the Indictment earlier than July 13, 2021.  I understand that I will

be ordered to appear in Courtroom 10C of the Ronald Reagan Federal

Building and U.S. Courthouse, 411 West Fourth Street, Santa Ana,

California on July 13, 2021, at 8:30 a.m.


_____          _____
MICHAEL JOHN AVENATTI                         Date
Defendant

TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6683
     Facsimile: (213) 894-6269
     Email:    Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone:  (714) 338-3598
     Facsimile:  (714) 338-3708
     Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                 UNITED STATES DISTRICT COURT

              FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>         v.<br><br>MICHAEL JOHN AVENATTI,<br><br>      Defendant. | No. SA CR 19-061-JVS<br><br>[PROPOSED] ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:**<br>  February 23, 2021 (Counts 1-10)<br><br>**CONTINUED TRIAL DATE:**<br>  July 13, 2021 (Counts 1-10) |

     The Court has read and considered the Stipulation Regarding (1)

Continuance of Trial Date and (2) Findings of Excludable Time Periods

Pursuant to Speedy Trial Act, filed by the parties in this matter.

The Court has also considered Central District of California General

Orders 20-02, 20-03, 20-05, 20-08, 20-09, 20-12, and 20-15, which address the ongoing public-health concerns relating to the COVID-19 pandemic.

The Court hereby finds that the Stipulation, as well as the applicable General Orders regarding COVID-19 and the Court's ruling on defendant's motion to sever Counts 1 to 10, which this Court incorporates by reference into this Order, demonstrates facts that further support the Court's continuance of the trial date on Counts 1 to 10 of the Indictment in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuances outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuances would be likely to make a continuation of the proceedings impossible, or result in a miscarriage of justice.

THEREFORE, FOR GOOD CAUSE SHOWN:

1.   The trial on Counts 1 to 10 of the Indictment in this matter is continued from February 23, 2021, to July 13, 2021, at 8:30 a.m.

2.   The Court also sets the following dates and deadlines with respect to the trial on Counts 1 to 10 of the Indictment in this matter:

| | |
|---|---|
| Government Witness List Disclosure Deadline | June 14, 2021 |
| Deadline to Disclose Jencks Act Materials and Witness Statements | ~~June 14, 2021~~ **January 25, 2021** |
| Final Pretrial Conference | June 28, 2021 |
| Government Exhibit Disclosure Deadline | July 6, 2021 |

2

1

2     3.   With respect to Counts 1 to 10 of the Indictment, the time

3 period of February 23, 2021, to July 13, 2021, inclusive, is excluded

4 in computing the time within which the trial must commence, pursuant

5 to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(i).

6     4.   Defendant shall appear in Courtroom 10C of the Ronald

7 Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street,

8 Santa Ana, California on July 13, 2021, at 8:30 a.m.

9     5.   Nothing in this Order shall preclude a finding that other

10 provisions of the Speedy Trial Act dictate that additional time

11 periods are excluded from the period within which trial must

12 commence.  Moreover, the same provisions and/or other provisions of

13 the Speedy Trial Act may in the future authorize the exclusion of

14 additional time periods from the period within which trial must

15 commence.

16     IT IS SO ORDERED.

17

18 _____     _____

19  DATE                HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

20 Presented by:

21    /s/ *Julian L. André*
_____

22 JULIAN L. ANDRÉ
BRETT A. SAGEL

23 Assistant United States Attorneys

24

25

26

27

28

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>EXHIBIT B</u>**

 Gmail                                    Dean Steward <deansteward7777@gmail.com>

**more on Avenatti**

Sagel, Brett (USACAC) <Brett.Sagel@usdoj.gov>                Wed, Jan 20, 2021 at 9:34 AM
To: Dean Steward <deansteward7777@gmail.com>, "Andre, Julian L. (USACAC)" <Julian.L.Andre@usdoj.gov>

Dean-

We will be filing an ex parte on this.  Please confirm by noon today that you do not oppose the continuance
or the basis for the Court to exclude time under the Speedy Trial Act, but you oppose continuing the
government's deadline to produce Jencks Act materials and witness statements.

Brett

[Quoted text hidden]

**From:** Dean Steward <deansteward7777@gmail.com>
**Sent:** Wednesday, January 20, 2021 9:57 AM
**To:** Sagel, Brett (USACAC) <BSagel@usa.doj.gov>; Andre, Julian L. (USACAC) <JAndre1@usa.doj.gov>
**Subject:** Avenatti

Brett:

Please include this position verbatim in your filing:  "The defense consents to waive
Mr. Avenatti's speedy trial act rights in connection with the trial continuance as
reflected in the markup of the stipulation the defense provided to the government
last week and the email that accompanied it, both of which we have requested the
government attach to their application in their entirety.  The defense does not
understand why the government did not respond to the email that was sent last
Thursday or further confer before filing the application and burdening the Court."

Dean

**Avenatti**

Sagel, Brett (USACAC) <Brett.Sagel@usdoj.gov>               Wed, Jan 20, 2021 at 11:18 AM
To: Dean Steward <deansteward7777@gmail.com>, "Andre, Julian L. (USACAC)" <Julian.L.Andre@usdoj.gov>

Dean-

Local Rules require a party filing an ex parte to find out from opposing counsel whether they oppose the ex
parte application.  You are then permitted to file an opposition or anything you would like.  As for why the
government has not responded nor conferred further with you, we have not done so because we do not
believe you and your client have acted in good faith and it was clear the parties would be unable to reach an
agreement.

Brett

# **CERTIFICATE OF SERVICE**

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.  I am not a party to the above-entitled action.  I have caused, on January 21, 2020, service of the defendant's:

OPPOSITION TO THE GOVERNMENT'S EX PARTE APPLICATION FOR (1) CONTINUANCE OF TRIAL DATE ON COUNTS 1-10 AND (2) FINDINGS OF EXCLUDABLE TIME PERIOD PURSUANT TO SPEEDY TRIAL ACT

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA JULIAN ANDRE

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 21, 2020

/s/ H. Dean Steward

H. Dean Steward