UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

- - -

THE HONORABLE JAMES V. SELNA, JUDGE PRESIDING

```
UNITED STATES OF AMERICA,    )CERTIFIED TRANSCRIPT
                Plaintiff,   )
     vs.                     )
                             )  SACR-19-00061-JVS
MICHAEL JOHN AVENATTI,       )
                Defendant.   )
-----------------------------)
```

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Santa Ana, California

January 6, 2021

SHARON A. SEFFENS, RPR
United States Courthouse
411 West 4th Street, Suite 1-1053
Santa Ana, CA  92701
(714) 543-0870

```
 1   APPEARANCES OF COUNSEL:

 2   For the Plaintiff:

 3   NICOLA T. HANNA
     United States Attorney
 4   BRANDON D. FOX
     Assistant United States Attorney
 5   Chief, Criminal Division
     JULIAN L. ANDRE
 6   Assistant United States Attorney
     Major Frauds Section
 7   1100 United States Courthouse
     312 North Spring Street
 8   Los Angeles, CA  90012
     (213) 894-6683
 9
     BRETT A. SAGEL
10   Assistant United States Attorney
     Ronald Reagan Federal Building
11   411 West Fourth Street, Suite 8000
     Santa Ana, CA  92701
12   (714) 338-3598

13   For the Defendant:

14   H. DEAN STEWARD
     H. DEAN STEWARD LAW OFFICES
15   107 Avenida Miramar, Suite C
     San Clemente, CA  92672
16   (949) 481-4900

17

18

19

20

21

22

23

24

25
```

```
11:03    1   SANTA ANA, CALIFORNIA; WEDNESDAY, JANUARY 6, 2021; 11:03
         2   A.M.
         3             (Per videoconference)
         4             THE CLERK:  Calling Item No. 1, SACV-19-00061-JVS,
11:03    5   United States of America versus Michael John Avenatti.
11:03    6             Appearances on behalf of the government, please.
11:03    7             MR. SAGEL:  Good morning, Your Honor.  Brett Sagel
11:03    8   on behalf of the United States, and on one of the other
11:03    9   videos is Julian Andre on behalf of the United States as
11:03   10   well.
11:03   11             THE COURT:  Good morning.
11:03   12             THE CLERK:  Appearance by Mr. Fitzgerald, please.
11:03   13             MR. FITZGERALD:  Good morning, Your Honor.
11:03   14   Patrick Fitzpatrick from the Privilege Review Team in the
11:03   15   United States Attorney's Office.
11:03   16             THE COURT:  Good morning.
11:03   17             THE CLERK:  On behalf of the defendant.
11:03   18             MR. STEWARD:  Your Honor, Dean Steward on behalf
11:03   19   of Mr. Avenatti.  We have a waiver on file, and I believe he
11:03   20   has joined us by telephone.
11:03   21             THE COURT:  Mr. Avenatti, do you consent to
11:04   22   allowing us to conduct this hearing via video and telephone?
11:04   23             THE DEFENDANT:  Yes, Your Honor.
11:04   24             THE COURT:  Thank you.
11:04   25             Mr. Steward filed a status report yesterday
```

| | | |
|---|---|---|
| 11:04 | 1 | raising a number of issues.  I suppose at the top of the |
| 11:04 | 2 | list is the trial date.  We are past 49 days from the |
| 11:04 | 3 | present February trial date.  It seems to me it would be |
| 11:04 | 4 | appropriate to pick a date but pick a date in July.  That |
| 11:04 | 5 | would allow Mr. Steward to participate in the Stormy Daniels |
| 11:04 | 6 | case.  I understand he has a matter before Judge Carter that |
| 11:04 | 7 | is scheduled to start June 1.  I would suggest you are in |
| 11:04 | 8 | line with the caveat that if the June 1 trial in front of |
| 11:05 | 9 | Judge Carter resolves I'd advance the date. |
| 11:05 | 10 | Thoughts. |
| 11:05 | 11 | MR. STEWARD:  Your Honor, on behalf of the |
| 11:05 | 12 | defense, we will just stand by what we filed yesterday and |
| 11:05 | 13 | our request for an August trial date.  I can inform the |
| 11:05 | 14 | Court that the case in front of Judge Carter is about as |
| 11:05 | 15 | firm as you can get.  The only thing that will change that I |
| 11:05 | 16 | think is if God forbid the pandemic is still underway. |
| 11:05 | 17 | THE COURT:  Well, that would affect us, too. |
| 11:05 | 18 | I will direct you to meet and confer and put in a |
| 11:05 | 19 | stip for a trial in late July. |
| 11:05 | 20 | MR. SAGEL:  Is Your Honor open to -- I'm looking |
| 11:05 | 21 | at my trial schedule, and I understand everything is in flux |
| 11:05 | 22 | as well.  Would Your Honor be amenable to an earlier July |
| 11:05 | 23 | date rather than a late July date?  Considering the amount |
| 11:05 | 24 | of time that Mr. Steward will have to prepare for both this |
| 11:06 | 25 | case and the other case, which are several months away -- I |

```
11:06   1    think he said that the June 1 date is only a two to
11:06   2    three-week trial -- I don't see why we wouldn't be able to
11:06   3    do -- I'm trying to look at the calendar quickly --
11:06   4    potentially a July 6 trial date.  Obviously there are
11:06   5    victims in this case who have speedy trial rights as well,
11:06   6    and we are trying to get this to trial as soon as possible
11:06   7    also for them.
11:06   8             THE COURT:  July 13.
11:06   9             MR. SAGEL:  Thank you.
11:06  10             THE COURT:  That should give Mr. Steward a month
11:06  11    after he finishes the case in front of Judge Carter.
11:06  12             I want to take up next the issue of privileged
11:06  13    documents.  I understand from Mr. Steward's report that the
11:06  14    government early in the week produced approximately -- the
11:06  15    Privilege Review Team produced approximately 4,300
11:06  16    documents.
11:06  17             First of all, Mr. Fitzgerald, let me ask you is
11:07  18    your review now complete to your satisfaction?
11:07  19             MR. FITZGERALD:  Your Honor, essentially, yes.
11:07  20    Those documents are documents that we determined are covered
11:07  21    by the waiver that has been discussed in the pleadings
11:07  22    before the Court.  At the same time, after discussion with
11:07  23    the Prosecution Team and based on the Court's severance, we
11:07  24    have not given the Prosecution Team access to those
11:07  25    documents until the scope of the other entities' privileges,
```

```
11:07   1    if any, are litigated.
11:07   2              And I have told defense counsel if we decide that
11:07   3    the Prosecution Team will have access to those that either
11:08   4    the Prosecution Team or I will give that decision in advance
11:08   5    to Mr. Steward so he can seek whatever remedy he believes is
11:08   6    appropriate.
11:08   7              THE COURT:  I believe the last time you actually
11:08   8    provided the Court and the defense an in-camera written
11:08   9    report of your activities.  Do you plan to do that with
11:08  10    respect to the 4,300 documents?
11:08  11              MR. FITZGERALD:  I was not planning on doing that,
11:08  12    Your Honor, but certainly if the defense requests it or it's
11:08  13    necessary as part of a pending motion or of course if the
11:08  14    Court requests it, I can do so.  Frankly, I had not planned
11:08  15    on filing anything further since at the moment there is no
11:08  16    pending motion from the defense.  But, of course, I will do
11:08  17    whatever the Court believes is appropriate.
11:08  18              THE COURT:  That leads me to ask you when you are
11:08  19    going to file your renewed motion, Mr. Steward.
11:09  20              MR. STEWARD:  We are planning and doing our best
11:09  21    to file it within the next two weeks assuming we can get
11:09  22    some more answers out of the Privilege Review Team.  I
11:09  23    received an e-mail from Mr. Fitzgerald I think it was this
11:09  24    week outlining four different types of materials that he has
11:09  25    either given us or is reviewing, and I have some more
```

```
11:09   1    questions for him.  I believe he has been on annual leave,
11:09   2    and we haven't had a chance to actually talk about it.
11:09   3            In my view, there are still outstanding materials.
11:09   4    If the government or the Privilege Review Team declines to
11:09   5    provide us with what we think we are entitled to, obviously
11:09   6    we are going to need to file a motion, and we would want to
11:09   7    do that within the next week.  That may well be where we go
11:09   8    depending on the discussions Mr. Fitzgerald and I have.
11:10   9            THE COURT:  All right.  Let me ask you to file
11:10  10    your renewed motion no later than January 22.  If you need
11:10  11    interim relief as a result of your discussions with Mr.
11:10  12    Fitzgerald, move for that on an expedited basis.
11:10  13            MR. STEWARD:  Will do, Your Honor.
11:10  14            THE COURT:  Okay.
11:10  15            MR. ANDRE:  Your Honor, if I may, this is Julian
11:10  16    Andre.
11:10  17            THE COURT:  Yes, sir.
11:10  18            MR. ANDRE:  Your Honor, two things.  One
11:10  19    clarification -- and if I have this incorrect, I believe Mr.
11:10  20    Fitzgerald can correct it.  My understanding is that the
11:10  21    documents that are being referred to, the 4,300 documents,
11:10  22    are documents that were identified and clawed back in
11:10  23    November.  I think it's just the information regarding the
11:10  24    Bates number was requested a couple of weeks ago and
11:10  25    provided.  So my understanding is this is not newly
```

|       |    |                                                                    |
|-------|----|--------------------------------------------------------------------|
| 11:10 | 1  | identified materials.  They are materials that were produced       |
| 11:10 | 2  | and identified for which they requested additional                 |
| 11:10 | 3  | information.                                                       |
| 11:10 | 4  |           Second -- and we can address this when the file          |
| 11:10 | 5  | their new motion -- the government's position remains that         |
| 11:11 | 6  | under the Court's prior orders that they will need to              |
| 11:11 | 7  | demonstrate good cause for filing a new motion.  They may          |
| 11:11 | 8  | well be able to do so, but we will raise that at the time          |
| 11:11 | 9  | when they do file a new motion.                                    |
| 11:11 | 10 |           THE COURT:  Okay.  As part of the law and motion         |
| 11:11 | 11 | practice, I dealt with the issue of whether the government         |
| 11:11 | 12 | is going to be allowed to present a legal expert.  I had           |
| 11:11 | 13 | asked as an alternative that the parties meet and confer and       |
| 11:11 | 14 | see if they couldn't come up with a stipulation as to what         |
| 11:11 | 15 | the relevant law would be, in essence, the jury                    |
| 11:11 | 16 | instructions.  The government tendered a proposal to               |
| 11:11 | 17 | Mr. Steward, and I understand that that wasn't acceptable.         |
| 11:11 | 18 |           At this point, I'm of the view that dealing with         |
| 11:11 | 19 | the issue of the applicable law and the duties of a lawyer         |
| 11:11 | 20 | absent a stipulation of the parties is done by instructions.       |
| 11:12 | 21 | I will ask you to submit proposed instructions 60 days in          |
| 11:12 | 22 | advance of trial dealing specifically with that issue.             |
| 11:12 | 23 | Also, I would plan as part of the initial instructions to          |
| 11:12 | 24 | instruct more on the substance of the law than I ordinarily        |
| 11:12 | 25 | would.  The basic elements of the fraud and the duties of a        |

```
11:12   1    lawyer would go beyond what I usually instruct.
11:12   2             So I would ask that you put that on your calendars
11:12   3    60 days in advance of trial, one set of instructions -- one
11:12   4    joint set of instructions.  If there is an objection, the
11:12   5    objection should be behind it, and if there is an alternate
11:12   6    proposal, it should be there with any objections to that
11:12   7    proposal behind it, so on each issue, I have one packet to
11:12   8    look at.
11:12   9             The status report raises the issue of a special
11:13   10   needs expert.  I indicated that if the parties couldn't
11:13   11   resolve that by some sort of stipulation I would allow the
11:13   12   government to secure a new expert.  My view is that the
11:13   13   parties have yet to come to any agreement.  And the
11:13   14   government if it wishes to should proceed to designate a new
11:13   15   special needs expert and submit the appropriate disclosure.
11:13   16            I was giving consideration to calling Judge Furman
11:13   17   not for the purpose of discussing the substance of either
11:13   18   this case or his case, but rather to make sure we are
11:13   19   coordinating with each other so we can facilitate each case
11:13   20   getting to trial.  Any thoughts on that?
11:13   21            MR. STEWARD:  No objection from the defense, Your
11:13   22   Honor.
11:13   23            MR. SAGEL:  The government would not object.
11:13   24   However, in light of Your Honor's order of the trial likely
11:14   25   being July 13, I think it might be moot at this point
```

```
11:14   1   because either the defendant is going to do what he claimed
11:14   2   to do and keep that trial in April or he is going to
11:14   3   continue it, but now he knows that this trial will be
11:14   4   scheduled for July, so he just does not place this in July.
11:14   5   I think Judge Furman's order referenced the third quarter.
11:14   6   Whether it would be in the second quarter of 2021 or not, if
11:14   7   it was going to be continued, it would be continued past
11:15   8   July 1.
11:15   9           THE COURT:  Well, as long as there is no
11:15  10   objection, let me reflect further on the necessity to give
11:15  11   him a call.  I know him personally from MDL.
11:15  12           Are there any other issues anyone would like to
11:15  13   raise?
11:15  14           MR. SAGEL:  Two points, Your Honor.  One is
11:15  15   relating to the trial date.  Do you want us to continue to
11:15  16   keep -- and I have would look up the specific date.  I
11:15  17   believe the severed counts are currently set for somewhere
11:15  18   in about October.  Are we keeping those dates as they are,
11:15  19   or do we want to move those out as well at this point?
11:15  20           THE COURT:  Let's just leave that date there as a
11:15  21   place holder.
11:15  22           MR. SAGEL:  Okay.  Then the second point that I
11:15  23   would raise -- and I don't think there is anything you need
11:15  24   to rule on or needs decided today, but in their motion or in
11:16  25   their status report they filed yesterday, they basically
```

```
11:16   1    rehashed all the same arguments that I believe were rejected
11:16   2    regarding reciprocal discovery already.
11:16   3            I will note that we received two documents,
11:16   4    documents that were identified both in our Indictment and in
11:16   5    our motion in September.  These are the only two documents.
11:16   6    So when they keep saying, well, we will review discovery and
11:16   7    they'll decide when they'll turn it over, they are
11:16   8    continuing to ignore the orders of this Court.  And we have
11:16   9    received no reciprocal discovery other than the very two --
11:16  10    I think it's a total of six pages.
11:16  11            I just point that out when they say they provided
11:16  12    reciprocal discovery after a supposed mistake.  That's all
11:16  13    we have received for documents that were identified in the
11:16  14    Indictment a year-and-a-half ago, two years ago almost.
11:16  15            THE COURT:  Mr. Steward.
11:16  16            MR. STEWARD:  No further comments, Your Honor.
11:17  17            THE COURT:  I believe I have in place an order to
11:17  18    produce on a rolling basis.
11:17  19            MR. STEWARD:  I agree.
11:17  20            THE COURT:  I suggest you keep your eye on that
11:17  21    issue and make production as you continue to identify --
11:17  22            MR. STEWARD:  That assumes, Your Honor, that we
11:17  23    are going to produce any documents, in other words, that we
11:17  24    are going to have documents in the defense case.  I'm not
11:17  25    sure you can assume that.
```

```
11:17   1            THE COURT:  That's fine, but if you delay on
11:17   2   meeting that obligation, it may have consequences.
11:17   3            MR. STEWARD:  And I fully understand that, Your
11:17   4   Honor.  I get it.
11:17   5            THE COURT:  Okay.  Good.
11:17   6            All right, anything further?
11:17   7            MR. STEWARD:  Your Honor, just a quick question.
11:17   8   We were talking about submitting the jury instruction on the
11:17   9   duties of the attorney 60 days in advance.  That's just for
11:17  10   that particular issue, correct?
11:17  11            THE COURT:  No.  I want all the instructions.
11:17  12            MR. STEWARD:  Okay.  I understand now, and we will
11:18  13   comply.
11:18  14            THE COURT:  Very good.
11:18  15            Okay, I think that's all the business we can
11:18  16   accomplish for today.  Thank you very much.
11:18  17            MR. SAGEL:  Thank you, Your Honor.
11:18  18            MR. ANDRE:  Thank you, Your Honor.
11:18  19            MR. STEWARD:  Thank you, Your Honor.
11:18  20            (Whereupon, the proceedings were concluded.)
11:18  21                          *    *    *
11:18  22
11:18  23
11:18  24
11:18  25
```

**CERTIFICATE**

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date:   January 20, 2021

/s/   Sharon A. Seffens   1/20/21
_____
SHARON A. SEFFENS, U.S. COURT REPORTER