TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6683
     Facsimile: (213) 894-6269
     Email:     Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:     Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SA CR 19-061-JVS |
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT MICHAEL JOHN AVENATTI'S MOTION FOR AN ORDER REQUIRING THE GOVERNMENT'S PROMPT COMPLIANCE WITH THE DUE PROCESS PROTECTIONS ACT AND ADVISING THE GOVERNMENT OF THE CONSEQUENCES FOR FAILING TO COMPLY |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |
| | *[PROPOSED] ORDER LODGED CONCURRENTLY HEREWITH* |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Julian L. André and Brett A. Sagel, hereby files its response to defendant MICHAEL

JOHN AVENATTI's motion for an order requiring the government's prompt compliance with the Due Process Protections Act and advising the government of the consequences for failing to comply (CR 398).

This response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: January 20, 2021               Respectfully submitted,

                                            TRACY L. WILKISON
                                            Acting United States Attorney

                                            BRANDON D. FOX
                                            Assistant United States Attorney
                                            Chief, Criminal Division

                                            */s/ Julian André*
                                            JULIAN L. ANDRÉ
                                            BRETT A. SAGEL
                                            Assistant United States Attorneys

                                            Attorneys for Plaintiff
                                            UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant MICHAEL JOHN AVENATTI has moved for an order requiring the government's prompt compliance with the Due Process Protections Act (the "DPPA"). (CR 398.) The government has no objection to the Court entering an order consistent with the requirements of Federal Rule of Criminal Procedure 5(f), and has concurrently lodged with this Court an appropriate proposed order for its consideration. Defendant's motion, however, mischaracterizes the scope of the DPPA, which does not expand or alter the government's existing discovery obligations. The DPPA merely amended Federal Rule of Criminal Procedure 5 to require the Court to enter an order confirming the government's existing discovery obligations.

**II.   ARGUMENT**

The Due Process Protection Act amended Rule 5 of the Federal Rules of Criminal Procedure to add a new subsection (f) that reads:

> (1) In general.—In all criminal proceedings, on the first scheduled court date when both prosecutor and defense counsel are present, the judge shall issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation of the prosecutor under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and the possible consequences of violating such order under applicable law.
>
> (2) Formation of order.—Each judicial council in which a district court is located shall promulgate a model order for the purpose of paragraph (1) that the court may use as it determines is appropriate.

The Rule is straightforward. <u>Brady</u> and its progeny mandate disclosure of exculpatory and impeachment evidence "that is favorable to an accused" and "material either to guilt or to punishment." <u>Brady</u>, 373 U.S. at 87; <u>accord</u> <u>United States v. Bagley</u>, 473 U.S. 667,

674 (1985); United States v. Collins, 551 F.3d 914, 923 (9th Cir. 2009). Rule 5(f)(1) simply requires an admonition confirming that disclosure obligation and the possible consequences of violating it. Nothing more, nothing less.

To comply with the Rule, the government requests that the Court enter an order stating as follows:

> Pursuant to Rule 5(f), the Court confirms the prosecutor's continuing duty to disclose material evidence that is favorable to the defendant, as required by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. If the Court finds that the government has failed to comply with this obligation, the Court may, as appropriate, order the production of such information; grant a continuance; impose evidentiary and other appropriate sanctions; order a new trial; or, in extreme cases, dismiss charges.

That proposed language is faithful to the text of the Rule and is set forth in the proposed order filed concurrently herewith.[1] Such an order is all that is required or necessary in this case.

Defendant's motion, however, reflects a fundamental misunderstanding of the scope of the DPPA and Rule 5(f). The DPPA does not expand the government's existing discovery obligations. And although defendant repeatedly argues that the government should be required to certify it has complied with the DPPA and that the government has failed to respond to defendant's written requests for such a certification (Mot. at 4), neither the DPPA nor Rule 5(f) as amended impose any affirmative obligations on the government. Defendant's demand that the government certify it has complied with

---

[1] Although the government recognizes that its proposed language differs from the language recently promulgated by the Ninth Circuit's Jury Instructions Committee, this Court retains discretion to use the Ninth Circuit's model order as the Court "determines is appropriate." Fed. R. Crim. P. 5(f)(2). The Ninth Circuit's model order is not appropriate. It is inconsistent with the parameters of Brady and its progeny, and thus expands Rule 5(f) beyond what Congress intended and enacted.

the DPPA, which merely amended the text of Rule 5, is thus nonsensical.

There is likewise no merit to defendant's suggestion that the government has failed to comply with its discovery obligations. (Mot. at 4.) The government is aware of its discovery obligations, including under Brady and its progeny, has complied with its discovery obligations, and will continue to do so as it prepares for trial. (See also CR 55 at 11 (acknowledging the government's discovery obligations); CR 63 at 3 (same).) Indeed, the government has produced extensive discovery to defendant, including the early disclosure of witness interview summaries, and has provided the Court and defendant with regular updates regarding the status of its discovery production throughout this case. (See, e.g., CR 99; CR 195; CR 293; CR 324.)

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court enter the government's concurrently lodged proposed order under Federal Rule of Criminal Procedure 5(f).