H. Dean Steward, SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL JOHN AVENATTI, <br><br> Defendant. | SA CR No. 19-061-JVS <br><br> DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR AN ORDER REQUIRING THE GOVERNMENT'S PROMPT COMPLIANCE WITH THE DUE PROCESS PROTECTIONS ACT AND ADVISING THE GOVERNMENT OF THE CONSEQUENCES FOR FAILING TO COMPLY |

## I. ARGUMENT

By way of its Response [Docket No. 405] to Defendant Michael John Avenatti's ("Mr. Avenatti") motion, the government demonstrates why the Order requested by the defense is not only prudent but required.

*First*, the government's Response, similar to another of its recent filings in this case [Docket No. 399], proves that the government does not understand what its *Brady* obligations are and what exactly is required to be disclosed to the defense and when. Contrary to the government's position, the Supreme Court has stated that "Impeachment evidence is *Brady* material prosecutors are obligated to disclose." *Connick v. Thompson*, 563 U.S. 51, 99 (citing to *Giglio v. United States*, 405 U.S. 150 (1972)) (emphasis added). *See also United States v. Bagley*, 473 U.S. 667, 676 (1985) ("This Court has rejected . . . any distinction between impeachment evidence and exculpatory evidence [in the *Brady* context]."). In addition, all *Brady* material is required to be disclosed by the government promptly after its existence becomes known to the Government. Promptly means "immediately." *See, e.g., United States v. Binday*, 908 F.Supp.2d 485, 498 (SDNY 2012) ("[The Court] reminds the government that "timeliness" with respect to Brady disclosure means immediate disclosure upon discovery."). And where doubt exists as to the usefulness of the evidence to the defendant, the government must resolve all such doubts in favor of full disclosure. *See United States v. Paxson*, 861 F.2d 730, 737 (D.C. Cir. 1988).

Further, *Brady* and *Giglio* always trump the Jencks Act and if information is both *Jencks* material and *Brady*, "it must be disclosed on the earlier *Brady* timeline." *See United States v. Moore*, 867 F. Supp. 150, 152 (D.D.C. 2012) (listing cases); *see also United States v. Rittweger*, 524 F.3d 171, 181 n.4 (2d Cir. 2008) (*Brady* is "a constitutional requirement that trumps the statutory power of 18 U.S.C. § 3500"); *United States v. Tarantino,* 846 F.2d 1384, 1414 n. 11 (D.C. Cir. 1988) (collecting cases).

As a result, any and all evidence presently in the possession of the government or known to the government that could be used to impeach any of the over 60 government witnesses already identified by the government was required to be turned over to the defense <u>immediately</u> once it became known to the government. By the government's own admission, this has not occurred. Indeed, the response and Docket No. 399 makes clear that the government has not turned over <u>all</u> information to the defense that could be used for impeachment. By way of example only, and there are others, the government has not provided to the defense all documents evidencing the criminal histories of any of the alleged embezzlement victims (who will undoubtedly testify for the government). At least one of those alleged victims is believed to be on felony probation and have one or more felony convictions for fraud-related offenses, the details of which could clearly be used for impeachment. And yet all of this information has not been disclosed to the defense. This failure constitutes a violation under *Brady* and *Giglio* and only serves to reinforce why the Order proposed by the defense should be entered.

*Second*, the government offers no explanation or justification for its outright failure <u>for seven weeks</u> to respond to the repeated defense inquiries regarding the Due Process Protections Act and the government's obligations. This is both troubling and reflective of the government's approach to discovery in this case. It is not about what the government <u>has</u> produced, it is about what the government <u>has failed to produce</u> pursuant to *Brady* and *Giglio*, including possible impeachment evidence.

*Third*, without explaining how the SDNY exemplar orders attached to the motion as Exhibits A and B,[1] *and the Ninth Circuit's model order*, are legally inaccurate or impose unlawful burdens on the government (they are not and do not), the government

---

[1] Nearly identical orders are also being entered in cases pending in the Eastern District of New York. *See, e.g.,* Docket No. 8, Case No. 20-CR-0461; Docket No. 179, Case No. 20-CR-0239. These orders, like those attached to the defense motion, were issued in response to a October 26, 2020 Memorandum sent to the federal judiciary by the Administrative Office of the United States Courts.

2

instead proposes to have the Court issue a watered-down order that would provide the government considerable wiggle room if it was later discovered that violations had occurred. The government also proposes that the Court include a qualifying line in the order that reads "None of the Court's case management or discovery orders are otherwise altered." The court should reject this invitation and either enter the proposed order submitted by the defense with the motion or, in the alternative, enter the model order promulgated by the Ninth Circuit. If the exemplar orders are good enough for nearly every criminal case pending in the Southern District of New York, and if the model order is acceptable enough to be approved in the Ninth Circuit for use as a "model order," it is unclear as to why the language of those orders is not acceptable and warranted here.

## II.  CONCLUSION

For each of the reasons set forth above, Mr. Avenatti respectfully requests that the Court grant the motion and enter the proposed order submitted with the motion. In the alternative, Mr. Avenatti requests that the court issue the model order promulgated in the Ninth Circuit.

Dated:  January 22, 2021              Respectfully submitted,
                                       /s/ H. Dean Steward
                                       H. DEAN STEWARD

                                       Attorney for Defendant
                                       MICHAEL JOHN AVENATTI

## CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672. I am not a party to the above-entitled action. I have caused, on January 22, 2020, service of the:

DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR AN ORDER REQUIRING THE GOVERNMENT'S PROMPT COMPLIANCE WITH THE DUE PROCESS PROTECTIONS ACT AND ADVISING THE GOVERNMENT OF THE CONSEQUENCES FOR FAILING TO COMPLY

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA JULIAN ANDRE

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 22, 2020

/s/ H. Dean Steward
H. Dean Steward