H. Dean Steward, SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | SA CR No. 19-061-JVS<br><br>DEFENDANT'S MOTION FOR AN ORDER TO SHOW CAUSE RE CIVIL CONTEMPT AND A FINDING OF CONTEMPT<br><br>[[Proposed] Order and Declaration of H. Dean Steward filed concurrently herewith] |

TO ACTING U.S. ATTORNEY TRACY WILKINSON, AUSA BRANDON FOX, AUSA ALEXANDER WYMAN and AUSA BRETT SAGEL, PLEASE TAKE NOTICE that Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his counsel of record, H. Dean Steward, hereby moves for and files his Motion For An Order To Show Cause Re Civil Contempt and A Finding of Contempt as to why the government should not be held in civil contempt for their failure to comply with the Court's January 25, 2021 Order [Dkt. 408], followed by a finding of contempt. Defendant's motion is based on the attached memorandum of points and authorities; the Declaration of H. Dean Steward filed concurrently herewith; the files, records and transcripts in this case; the reply to be filed by the defendant in response to the government's opposition; and such further evidence and argument as the Court may permit at a hearing on this matter.

Dated: March 8, 2021

Respectfully submitted,

/s/ H. Dean Steward
H. DEAN STEWARD

Attorney for Defendant
MICHAEL JOHN AVENATTI

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................ii

I. INTRODUCTION ..............................................................................1

II. FACTUAL BACKGROUND..............................................................3

   A. The Court's January 25, 2021 Order ......................................................2

   B. The Government's Admissions Regarding the Meaning

      and Requirements of the Order................................................4

   C. The Government's Deficient Response to The Order .........................5

III. ARGUMENT......................................................................................6

   A. Legal Standard for Contempt.................................................................6

   B. The Government Is In Contempt of the Court's Order.........................8

IV. CONCLUSION.................................................................................11

CERTIFICATE OF SERVICE.................................................................................12

# **TABLE OF AUTHORITIES**

**CASES:** **Page**

*Brady v. Maryland*,
373 U.S. 83 (1963) ...................................................................................1, 4-6, 10

*Donovan v. Mazzola*,
716 F.2d 1226 (9th Cir. 1983) ............................................................................ 7, 8

*FTC v. Affordable Media, LLC*,
179 F.3d 1228 (9th Cir. 1999) ................................................................................ 7

*In re Crystal Palace Gambling Hall, Inc.*,
817 F.2d 1361 (9th Cir. 1987) ................................................................................ 7

*In re Special Proceedings*,
No. 09-mc-00198-EGS (D.D.C. Nov. 14, 2011) ..................................................... 2

*Int'l Union, United Mine Workers of America v. Bagwell*,
512 U.S. 827 (1994) ................................................................................................ 7

*Jim Walter Resources, Inc. v. International Union*, UMW,
609 F.2d 165 (5th Cir. 1980) .................................................................................. 7

*McComb v. Jacksonville Paper Co.*,
336 U.S. 187 (1949) ................................................................................................ 7

*Penfield Co. of Cal. v. SEC*,
330 U.S. 585 (1947) ................................................................................................ 7

*Perry v. O'Donnell*,
759 F.2d 702 (9th Cir. 1985) .................................................................................. 8

*SEC v. Bankers Alliance Corp.*,
881 F. Supp. 673 (D.D.C. 1995) ............................................................................ 7

*SEC v. Bilzerian*,
112 F. Supp. 2d 12 (D.D.C. 2000) ......................................................................... 7

*SEC v. First Financial Group of Texas, Inc.*,
659 F.2d 660 (5th Cir. 1981)...................................................................................... 7

*Shillitani v. United States*,
384 U.S. 364 (1966) ..................................................................................................... 7

*United States v. Bundy*,
968 F.3d 1019 (9th Cir. 2020)................................................................................... 10

*United States v. Harvey*,
791 F.3d 294 (4th Cir. 1986)..................................................................................... 11

*United States v. Hernandez-Meza*,
720 F.3d 760 (9th Cir. 2013)..................................................................................... 10

*United States v. Obagi*,
965 F.3d 993 (9th Cir. 2020) .................................................................................... 10

*United States v. Paxson*,
861 F.2d 730 (D.C. Cir. 1988).................................................................................. 10

*United States v. Rylander*,
460 U.S. 752 (1983) ..................................................................................................... 7

*United States v. Soto-Zuniga*,
837 F.3d 992 (9th Cir. 2016) .................................................................................... 10

*United States v. W.R. Grace*,
526 F.3d 499 (9th Cir. 2008)....................................................................................... 4

*Young v. United States*,
481 U.S. 787 (1987) ..................................................................................................... 7


**OTHER AUTHORITIES:**

Due Process Protection Act, P.I. No. 116-182, 134 Stat. Ann. 894 (2020) .......... 1

Federal Rule Criminal Procedure 16................................................................... 5-6, 10

Local Civil Rule 7-18 ................................................................................................ 5

Local Criminal Rule 57-1 .......................................................................................... 5

"Why Innocent People Plead Guilty." Jed S. Rakoff,
N.Y. REV. OF BOOKS (Nov. 20, 2014) ............................................................ 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The government has a crushing 95% or higher conviction rate.[1] It is virtually impossible to defend successfully when the might and power of the federal government focuses on the destruction of an individual, and the government holds all the cards. The rule of *Brady v. Maryland*, requiring the government to disclose evidence favorable to the defense, is likely the single most important underpinning of Due Process for a criminal defendant—yet it is often observed only in the breach. *Brady v. Maryland*, 373 U.S. 83 (1963). While prosecutors routinely recite their full knowledge of and compliance with their *Brady* obligations as window dressing, in truth they often scoff at them and continue to play games to win convictions at all costs. Meanwhile, the defense does not know what the defense does not know.

This problem was demonstrated dramatically in the prosecution of United States Senator Ted Stevens, another high-profile political target (a Republican Senator who had served for over four decades). In fact, it was the prosecutorial misconduct in that case that led to the passage and implementation of the Due Process Protection Act, P.I. No. 116-182, 134 Stat. Ann. 894 (the "Act"). The purpose of the Act is to protect defendants from prosecutorial misconduct and overreach by federal prosecutors.

Following Senator Stevens' conviction by a jury, multiple U.S. Attorneys were found to have failed to timely produce to the defense witness statements and other

---

[1] This is one of the reasons, as the Honorable Jed S. Rakoff (USDJ) wrote, "Why Innocent People Plead Guilty." Jed S. Rakoff, Why Innocent People Plead Guilty, N.Y. REV. OF BOOKS (Nov. 20, 2014), http://www.nybooks.com.mutex.gmu.edu/articles/2014/11/20/why-innocent-people-plead-guilty/ ("How prevalent is the phenomenon of innocent people pleading guilty? The few criminologists who have thus far investigated the phenomenon estimate that the overall rate for convicted felons as a whole is between 2 percent and 8 percent. . . . let us suppose that it is even lower, say, no more than 1 percent. When you recall that, of the 2.2 million Americans in prison, over 2 million are there because of plea bargains, we are then talking about an estimated 20,000 persons, or more, who are in prison for crimes to which they pleaded guilty but did not in fact commit.").

evidence that could have been used to impeach key government witnesses at trial.  A Department of Justice investigation later ensued during which the U.S. Attorneys involved attempted to justify their actions by claiming that the statements and documents withheld did not constitute information that could be used to impeach a witness, were immaterial, and therefore were not obligated to be disclosed in advance of trial.  The investigation found otherwise.[2]  Among other things, the investigation uncovered falsification of various 302s and withholding of notes from witness interviews. Various U.S. Attorneys were rightly disciplined and forced to resign in disgrace, and the government was forced to dismiss the indictment against Senator Stevens before severe judicial sanctions occurred.

On January 18, 2021, concerned that the government had not complied with its various discovery obligations in this case, Defendant Michael John Avenatti ("Mr. Avenatti") moved this Court for an order requiring the government to produce certain discovery to the defense.  [Dkt. 398].  On January 25, 2021, over the government's objection, this Court granted the motion and issued an Order directing the government to produce to the defense "<u>all</u> information or evidence known to the government that is <u>either</u>: (1) <u>relevant</u> to the defendant's guilt or punishment; **or** (2) favorable to the defendant on the issue of guilt or punishment." (emphasis added).  [Dkt. 408 (the

---

[2] "The investigation and prosecution of U.S. Senator Ted Stevens were permeated by the systematic concealment of exculpatory evidence that would have independently corroborated Senator Stevens's defense and his testimony, and seriously damaged the testimony and credibility of the government's key witness. Months after the trial, when a new team of prosecutors discovered, in short order, some of the exculpatory information that had been withheld, the Department of Justice ("DOJ") moved to set aside the verdict and to dismiss the indictment with prejudice. New prosecutors were assigned after U.S. District Judge Emmet G. Sullivan held two of the previous prosecutors in contempt for failing to comply with the Court's order to disclose information to Senator Stevens's attorneys and to the Court regarding allegations of prosecutorial misconduct which were made after trial by an FBI agent who had worked on the case." *Report to Hon. Emmet G. Sullivan of Investigation Conducted Pursuant to the Court's Order dated Apr. 7, 2009* ("Schuelke Report") at 1, *In re Special Proceedings*, No. 09-mc-00198-EGS, (D.D.C. Nov. 14, 2011).

2

"Order").] The Order is neither discretionary nor optional. It is not unclear or open to misinterpretation, purposeful or otherwise. It is, and always has been, a clear ORDER of this Court. Further, at no time since the issuance of the Order six weeks ago has the government sought any reconsideration or "clarification" of the Order.

Unfortunately, despite the Order's unambiguous directives and a subsequent detailed written request by the defense directed to Mr. Brandon Fox, the Chief of the Criminal Division of the Central District, the government has not complied with the Order. *See* H. Dean Steward Declaration in Support of Defendant's Motion for an Order to Show Cause Re Civil Contempt and a Finding of Contempt (the "Steward Decl."), ¶¶ 2-13. Nor has the government learned anything from the rebukes in *Stevens*. The very reason this Court adopted the Order was to impress upon the prosecutors their most solemn obligations and to enable the contempt process to address the government's failure to comply, rather than leaving openings for any excuses or being hamstrung to consider criminal contempt charges as it was in *Stevens* by the absence of a preexisting order. While the defense does not yet request consideration of criminal contempt charges, the failure of the government to comply with its obligations under the Order is ripe for a finding of civil contempt. Accordingly, this Court should (i) issue an order to show cause why the government should not be held in civil contempt because of their failure to comply with this Court's January 25, 2021 Order [Dkt. 408] and (ii) thereafter find the government and the prosecutors in civil contempt of this Court's Order.

## II. FACTUAL BACKGROUND

### A. The Court's January 25, 2021 Order

On January 25, 2021, the Court granted Mr. Avenatti's motion [Dkt. 398] over the objection of the government and issued an Order directing the government to, among other things, produce to the defense "all information or evidence known to the

government that is either: (1) relevant to the defendant's guilt or punishment; **or** (2) favorable to the defendant on the issue of guilt or punishment." [Dkt. 408] (emphasis added). Importantly, in opposing Mr. Avenatti's motion seeking the order, the government argued in its opposition that such an order, if entered by the Court, would require disclosure to the defense that is more expansive than the parameters of *Brady v. Maryland*, 373 U.S. 83 (1963). *See* Dkt. 405, p.2, fn. 1. Despite this argument, the Court correctly issued the Order.[3]

### B. The Government's Admissions Regarding the Meaning and Requirements of the Order

On January 28, 2021, three days after the issuance of the Order, in a letter addressed to Chief Judge Sidney R. Thomas of the U.S. Court of Appeals for the Ninth Circuit, the government (through Tracy L. Wilkinson, the Acting U.S. Attorney for this District, as well as other U.S. Attorneys) argued that the language of a proposed order identical to that in the Order "orders the production of material far beyond what is required under *Brady* and its progeny." *See* Steward Decl., ¶ 3. The government further claimed that under the language, the government is "required to produce all information *relevant* to the crime, regardless whether the material is exculpatory or helpful to the defense, even if the material is wholly inculpatory" (emphasis in original). *Id*. The government also acknowledged that under the language, the government is required to "produce every witness statement, regardless of whether that witness testifies against the defendant." *Id*. In that same letter, the government admitted that the language "orders the production of information regardless of its materiality." *Id*. To be clear, these are the exact words and official position of the office prosecuting this case, as stated in writing to the Chief Judge of the Ninth Circuit within days *after* the issuance of the Order in this case. Accordingly, the government cannot now claim that they did not

---

[3] District court judges always have the ability to order discovery greater than the absolute minimums required under the law. *See, e.g., U.S. v. W.R. Grace*, 526 F.3d 499, 510 (9th Cir. 2008).

4

understand the meaning of the Order, the Order requires something different, or that the Order's requirements are less exacting. Moreover, over six weeks have now passed and the government has not made any effort to seek revocation, reconsideration or clarification of the Order. *See* Steward Decl., ¶ 4. Indeed, any such effort would fail as a matter of law as the government would be unable to show any new material difference in fact or law sufficient to satisfy the stringent requirements of Local Civil Rule 7-18 (Motion for Reconsideration), which is applicable in this criminal proceeding pursuant to Local Criminal Rule 57-1.[4]

### C. The Government's Deficient Response to The Order

In the weeks that followed the issuance of the Order, the government produced no additional information to the defense. As a result, on February 17, 2021, counsel for Mr. Avenatti sent a letter directed to Mr. Fox, copied to AUSAs Brett Sagel and Julian Andre, requesting that the government "immediately and fully comply with (1) the Court's Order issued [] on January 25, 2021 at Docket No. 408; (2) its obligations under *Brady v. Maryland*; and (3) its obligations pursuant to Rule 16." The defense further requested that the government comply by March 5, 2021. *See* Steward Decl., ¶ 5.

Rather than fully comply with the Order and the defense's request, the government instead produced a mere 67 pages of additional materials last week. *See* Steward Decl., ¶ 6. These materials included information in the possession of the

---

[4] The defense anticipates that instead of unequivocally stating that the government has fully complied with the Order, the government will instead attempt to reargue the propriety and scope of the Order in its opposition to this motion. Any such attempt is improper and should be soundly rejected by the Court. The government had ample opportunity to oppose the prior motion [Dkt. 398] and in fact filed an opposition [Dkt. 405] before issuance of the Order [Dkt. 408]. The government also had the opportunity to timely seek reconsideration of the Order if they believed they could meet the legal requirements of the local rules and yet chose not to. This was not a mere oversight - it was a tactical, strategic decision made by the government. As a result, the government should not be heard to complain now about the plain language and import of the Order.

government that should have been produced long ago pursuant to the government's *Brady* and Rule 16 obligations. *See id*. Moreover, the production of these documents demonstrates that the government's prior and repeated oral and written representations to this Court and the defense over the last eighteen months that all *Brady* and Rule 16 material had long ago been produced, including those made when opposing the issuance of the Order [Dkt. 405], were false. *Id*. Equally important, as of the date of this motion, the government has refused to state that it has complied with the clear requirements of the Order. *Id*.

Included among the materials were emails by a government witness[5] that were provided to the prosecution team in January 2020 describing Mr. Avenatti as a "boy scout" and further stating that the witness "never saw nor heard any illegal nor questionable acts that would cause any distrust in approximately 5 years . . . he never once asked me to do anything illegal nor unethical." USAO_01141176-77. *See* Steward Decl., ¶ 7.

The government also produced photographs of exculpatory text messages relating to the charges in the indictment that appear to have been acquired by the prosecution team from various government witnesses in the Fall of 2018 and yet were not previously provided to the defense. USAO_01141220-25. And the government produced criminal history reports relating to two of the alleged client victims in this case that show felony charges for, among other things, diversion of funds, obtaining money under false pretenses, obstructing/resisting a police officer, and rape. USAO_01141227-238. *See Id*.

### III. ARGUMENT

#### A. Legal Standard for Contempt

---

[5] The government listed the individual as a witness in this case within the last year and also subpoenaed him to testify before the grand jury. *See* Steward Decl., ¶ 7.

6

This Court has the inherent power to enforce compliance with its lawful orders through civil contempt. *See Shillitani v. United States*, 384 U.S. 364, 370 (1966); *see also Young v. United States*, 481 U.S. 787, 793 (1987); *SEC v. Bilzerian*, 112 F. Supp. 2d 12, 16 (D.D.C. 2000); *SEC v. Bankers Alliance Corp.*, 881 F. Supp. 673, 678 (D.D.C. 1995). A party commits contempt when it violates a definite and specific court order that requires it to perform a particular act, with knowledge of the court's order. *See In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987); *SEC v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir. 1981).

In civil contempt, a defendant can purge himself of contempt at any time. *Shillitani*, 384 U.S. at 370-71. In this way, civil contempt is "wholly remedial" and is not intended to be punitive. Rather, it is meant to coerce compliance with an order of the court. *See Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827 (1994) ("Civil contempt sanctions, or those penalties designed to compel Future compliance with a court order, are considered to be coercive and avoidable through obedience."); *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949); cf. *Bagwell*, 512 U.S. at 829 (expanding remedial purposes to include losses sustained, not merely future compliance).

To make a prima facie showing of civil contempt, Mr. Avenatti must show only that the government failed to comply with a valid court order. *See United States v. Rylander*, 460 U.S. 752, 755 (1983); *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999). Civil contempt "may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required." *Bagwell*, 512 U.S. at 827; *see also Penfield Co. of Cal. v. SEC*, 330 U.S. 585, 590 (1947). Once a prima facie case has been shown, the burden is on the alleged contemnor to justify its noncompliance "categorically and in detail." *Rylander*, 460 U.S. at 755. In addition, in civil contempt proceedings, intent is not an issue. *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983); *Jim Walter*

7

*Resources, Inc. v. International Union*, UMW, 609 F.2d 165, 168 (5th Cir. 1980). The absence of intent does not excuse civil contempt because it is a sanction to enforce compliance with an order of the court, and therefore is not dependent on the state of mind of the respondent. Even good faith on the part of the defendant is no defense. *Donovan*, 716 F.2d at 1240. Indeed, civil contempt may be established even though the failure to comply with a court order was unintentional. *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985).

### B. The Government Is In Contempt of the Court's Order

Despite the clear requirements of the Court's Order, and the Court warning the government in the Order of the severe consequences for non-compliance, it is readily apparent that the government has not complied with the Order. *See* Steward Decl., ¶ 9. Indeed, the government cannot seriously claim that the 67 pages of documents is the only information responsive to the Order that was not previously produced. Nor can the government assert that they have produced "all information and evidence known to the government that is either: (1) relevant to the defendant's guilt or punishment; or (2) favorable to the defendant on the issue of guilt or punishment." (emphasis added).[6]

Even though it is impossible for the defense to know the totality of what has not been produced by the government, by way of example only, and there are many, the government has failed to produce, among other things, (a) exculpatory financial information relating to fees and expenses due Mr. Avenatti and his law firm from the alleged victim clients (including but not limited to all invoices and expense information); (b) exculpatory information relating to other work performed by Mr. Avenatti for one or more of the alleged victim clients which entitled him to attorney's fees and costs; (c)

---

[6] In opposition to this motion, the government will be unable to state, unequivocally and under penalty of perjury, that they have produced "all information and evidence known to the government that is either: (1) relevant to the defendant's guilt or punishment; or (2) favorable to the defendant on the issue of guilt or punishment" as required under the clear language of the Order.

exculpatory information provided by Mr. Avenatti's ex-wife Christine Carlin and her counsel to AUSAs Sagel and Andre last year;[7] (d) all of the communications between the government and its 67 government witnesses;[8] (e) all of the documents provided to the government by its 67 government witnesses; and (f) the notes from various meetings with its 67 witnesses.[9]  *See* Steward Decl., ¶ 9.  <u>Again, to be clear, this is not an exhaustive list of what the government has failed to produce and how the government has failed to comply with its obligations under the Order – they are mere examples.</u>

---

[7] Mrs. Carlin is referenced in the complaint [Dkt. 1] and has also been repeatedly referred to by the government as a witness, including on the May 2020 list referenced in fn. 8 *infra*.  She was subpoenaed to testify before the grand jury in this case in 2019 and subsequently sat for an interview with AUSAs Sagel and Andre on July 25, 2019.  The government later produced a "Memorandum of Interview" allegedly from the July 25, 2019 interview to the defense on October 5, 2019 (USAO_00173598).  The defense has recently learned that the government provided written questions to Mrs. Carlin, through her counsel, last Spring (2020) as a follow-up to their prior interview.  The defense has also learned that during a subsequent conference call with Mrs. Carlin's counsel last year, the government was confronted with the fact that (a) statements they attributed to her in their Memorandum of Mrs. Carlin's July 25, 2019 interview were not accurate (i.e. the memo did not reflect what the government was actually told during the interview) and (b) the government's representations made to the defense and the Court that Mrs. Carlin had informed them that Mr. Avenatti did not owe Mrs. Carlin money when he made payments to her, including while on bond, were demonstrably false.  Despite repeated requests, the government refuses to provide the written questions they provided to Mrs. Carlin's counsel or the subsequent responses/notes from their follow-up interview, which occurred approximately one year ago.  *See* Steward Decl., ¶¶ 11-12.  The government appears to now be attempting to claim, as part of its effort to avoid producing exculpatory information that is damaging to the government and should have been produced long ago, that Mrs. Carlin, after having been a witness for the last two years, is suddenly no longer a witness and therefore they can withhold the exculpatory information.  *See Id*.

[8] Last year, the government provided the defense with a document entitled "United States v. Avenatti, SA CR No. 19-061-JVS (C.D. Cal.); Government's Victim and Witness List; May 15, 2020," which lists 67 individuals.  *See* Steward Decl., ¶ 10.

[9] Even though certain 302s and memoranda of interviews have been provided, the government has not produced all of its 302s and memoranda, nor has the government provided all of the handwritten notes taken in real time in advance of preparation of the 302s and memoranda.  *See* Steward Decl., ¶ 13.  This information is required to be produced, especially because some of it is likely exculpatory.

9

Moreover, the government's failure to comply with the Order is even more egregious seeing as much of this information should have been produced long ago pursuant to *Brady* and/or Rule 16. Worse yet, these failures have occurred despite recent decisions by the Ninth Circuit finding significant high-profile *Brady* violations by prosecutors in the Central District of California. *See, e.g.*, *U.S. v. Obagi*, 965 F.3d 993, 996 (9th Cir. 2020) (prosecutors failed to disclose an immunity agreement with a witness while telling the jury in closing that the witness "had no agreement" and should therefore be believed.); *U.S. v. Bundy*, 968 F.3d 1019, 1028 (9th Cir. 2020) (upholding a dismissal as a result of a *Brady* violation in one of the most watched trials in the country where the defendants "sought materials showing the presence of armed officers in tactical gear taking positions around the Bundy Ranch" and other related evidence, the government called it a "fantastical fishing expedition,"[10] and the information was later discovered to exist). Further, Rule 16 requires prosecutors to disclose any information to the defense that may assist the defense in preparing a defense even if such information is not itself admissible. *See, e.g.*, *U.S. v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013)(Rule 16(a)(1)(E) requires disclosure of any relevant information that "would have helped [defendant] prepare a defense . . . even if it simply causes a defendant to 'completely abandon' a planned defense and take an entirely different path"); *see also U.S. v. Soto-Zuniga*, 837 F.3d 992 (9th Cir. 2016) (noting that Rule 16 requires the production of any documents or data that "may assist [a defendant] in formulating a defense, including *leading to* admissible evidence."). And where doubt exists as to the usefulness of the evidence to the defendant, the government must resolve all such doubts in favor of full disclosure. *See United States v. Paxson*, 861 F.2d 730, 737 (D.C. Cir. 1988).

The Order issued by this Court was exactly as titled – AN ORDER. And the government was required to fully comply with it, which clearly has not occurred.

---

[10] Nearly identical language has been used by the government in this case to describe requests for information and discovery made by the defense.

10

## IV. **CONCLUSION**

Sunlight is the best disinfectant and no court can do justice until it knows the truth. To maintain any measure of trust and credibility in our law enforcement institutions, the government must be held to the highest standards. *See*, *e.g.*, *United States. v. Harvey*, 791 F.3d 294, 300 (4th Cir. 1986) (citation omitted). "[C]oncerns for the honor of the government, public confidence in the fair administration of justice, and the effective administration of justice in a federal scheme of government" demand it. *Id*.

For each of the reasons set forth above, Mr. Avenatti respectfully requests that this Court (i) issue an order to show cause why the government should not be held in civil contempt because of their failure to fully comply with this Court's January 25, 2021 Order and (ii) thereafter find the government in civil contempt.

Dated:  March 8, 2021

Respectfully submitted,
/s/ H. Dean Steward
H. DEAN STEWARD

Attorney for Defendant
MICHAEL JOHN AVENATTI

## CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672. I am not a party to the above-entitled action. I have caused, on March 8, 2021, service of the defendant's:

MOTION FOR AN ORDER TO SHOW CAUSE RE CIVIL CONTEMPT AND A FINDING OF CONTEMPT

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 8, 2021

/s/ H. Dean Steward
H. Dean Steward