H. Dean Steward, SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | SA CR No. 19-061-JVS<br><br>DECLARATION OF H. DEAN STEWARD IN SUPPORT OF DEFENDANT'S MOTION FOR AN ORDER TO SHOW CAUSE RE CIVIL CONTEMPT AND A FINDING OF CONTEMPT |

Comes now H. Dean Steward, counsel for Defendant Michael John Avenatti, and submits the below Declaration in Support of Defendant's Motion for an Order to Show Cause Re Civil Contempt and a Finding of Contempt.

Dated: March 8, 2021         Respectfully submitted,


                             /s/ H. Dean Steward
                              H. DEAN STEWARD

                             Attorney for Defendant
                             MICHAEL JOHN AVENATTI

## DECLARATION

I, H. Dean Steward, declare:

1. I am currently appointed counsel for Defendant Michael John Avenatti ("Mr. Avenatti"). I was previously retained counsel for Mr. Avenatti from approximately May 15, 2019 through August of 2020.

2. On January 25, 2021, the Court issued an Order directing the government to produce to the defense "<u>all</u> information or evidence known to the government that is either: (1) <u>relevant</u> to the defendant's guilt or punishment; **or** (2) favorable to the defendant on the issue of guilt or punishment." [Dkt. 408] (emphasis added) (the "Order").

3. On January 28, 2021, three days after the issuance of the Order, in a letter addressed to Chief Judge Sidney R. Thomas of the U.S. Court of Appeals for the Ninth Circuit, the government (through Tracy L. Wilkinson, the Acting U.S. Attorney for this District, as well as other U.S. Attorneys) argued that the language of a proposed order identical to that in the Order "orders the production of material far beyond what is required under *Brady* and its progeny." The government further claimed that under the language, the government is "required to produce all information *relevant* to the crime, regardless whether the material is exculpatory or helpful to the defense, even if the material is wholly inculpatory" (emphasis in original). The government also acknowledged that under the language, the government is required to "produce every witness statement, regardless of whether that witness testifies against the defendant." In that same letter, the government admitted that the language "orders the production of information regardless of its materiality."

4. Over six weeks have now passed since the Order was final and the government has not made any effort to seek revocation, reconsideration or clarification of the Order.

5. In the days that followed the issuance of the Order, the government produced no additional information to the defense. As a result, on February 17, 2021, I sent a letter directed to Mr. Brandon Fox, the Chief of the Criminal Division of the Central District, copied to AUSAs Brett Sagel and Julian Andre, requesting that the government "immediately and fully comply with (1) the Court's Order issued [] on January 25, 2021 at Docket No. 408; (2) its obligations under *Brady v. Maryland*; and (3) its obligations pursuant to Rule 16." I further requested that the government fully comply by March 5, 2021.

6. Rather than fully comply with the Order and the defense's request, the government instead produced a mere 67 pages of additional materials last week. These materials included information in the possession of the government that should have been produced long ago pursuant to the government's *Brady* and Rule 16 obligations. Moreover, the production of these documents demonstrates that the government's prior and repeated oral and written representations to this Court and the defense over the last eighteen months that all *Brady* and Rule 16 material had long ago been produced were false.

7. Included among the materials produced last week were emails by a government witness that were provided to the prosecution team in January 2020 describing Mr. Avenatti as a "boy scout" and further stating that the witness "never saw nor heard any illegal nor questionable acts that would cause any distrust in approximately 5 years . . . he never once asked me to do anything illegal nor unethical." USAO_01141176-77. The government listed the individual as a witness in this case within the last year and also subpoenaed him to testify before the grand jury. Also included were photographs of exculpatory text messages relating to the charges in the indictment that appear to have been acquired by the prosecution team from various government witnesses in the Fall of 2018 and yet were not previously provided to the defense based on my knowledge of the discovery in this matter. USAO_01141220-25.

Further, the government produced criminal history reports relating to two of the alleged client victims in this case that show felony charges for, among other things, diversion of funds, obtaining money under false pretenses, obstructing/resisting a police officer, and rape. USAO_01141227-238.

8. As of the date of this motion, the government has refused to state that it has complied with the Order.

9. It is readily apparent that the government has not complied with the Order. By way of example only, and there are many, the government has failed to produce, among other things, (a) exculpatory financial information relating to fees and expenses due Mr. Avenatti and his law firm from the alleged victim clients (including but not limited to all invoices and expense information); (b) exculpatory information relating to other work performed by Mr. Avenatti for one or more of the alleged victim clients which entitled him to attorney's fees and costs; (c) exculpatory information provided by Mr. Avenatti's ex-wife Christine Carlin and her counsel to AUSAs Sagel and Andre last year; (d) all of the communications between the government and its 67 government witnesses; (e) all of the documents provided to the government by its 67 government witnesses; and (f) the notes from various meetings with its 67 witnesses. To be clear, this is not an exhaustive list of what the government has failed to produce and how the government has failed to comply with its obligations under the Order – they are mere examples.

10. Last year, the government provided the defense with a document entitled "United States v. Avenatti, SA CR No. 19-061-JVS (C.D. Cal.); Government's Victim and Witness List; May 15, 2020," which lists 67 individuals.

11. Mrs. Carlin is referenced in the complaint filed in March 2019 [Dkt. 1] and has also been repeatedly referred to by the government as a witness, including on the May 2020 list referenced above. She was subpoenaed to testify before the grand jury in this case in 2019 and subsequently sat for an interview with AUSAs Sagel and Andre on

July 25, 2019. The government later produced a Memorandum of Interview from the July 25, 2019 interview to the defense on October 5, 2019 (USAO_00173598).

12. The defense has recently learned that the government provided written questions to Mrs. Carlin, through her counsel, last Spring (2020) as a follow-up to their prior interview. The defense has also learned that during a subsequent conference call with Mrs. Carlin's counsel last year, the government was confronted with the fact that (a) statements they attributed to her in their Memorandum of Mrs. Carlin's July 25, 2019 interview were not accurate (i.e. the memo did not reflect what the government had actually been told during the interview) and (b) the government's representations made to the defense and the Court that Mrs. Carlin had informed them that Mr. Avenatti did not owe Mrs. Carlin money when he made payments to her, including while on bond, were demonstrably false. Despite repeated requests, the government refuses to provide the written questions they provided to Mrs. Carlin's counsel or the subsequent responses/notes from their follow-up interview, which occurred approximately one year ago. The government appears to now be attempting to claim, as part of its effort to avoid producing exculpatory information that is damaging to the government and should have been produced long ago, that Mrs. Carlin, after having been a witness for the last two years, is suddenly no longer a witness, and therefore they can withhold the exculpatory information.

13. Even though certain 302s and memoranda of interviews have been provided, the government has not produced all of its 302s and memoranda, nor has the government provided all of the handwritten notes taken in real time in advance of preparation of the 302s and memoranda.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration is executed at San Clemente, California.

4

Dated: March 8, 2021 /s/ H. Dean Steward
H. Dean Steward

**CERTIFICATE OF SERVICE**

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672. I am not a party to the above-entitled action. I have caused, on March 8, 2021, service of the defendant's:

DECLARATION OF H. DEAN STEWARD IN SUPPORT OF DEFENDANT'S MOTION FOR AN ORDER TO SHOW CAUSE RE CONTEMPT AND A FINDING OF CONTEMPT

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 8, 2021

/s/ H. Dean Steward
H. Dean Steward

5