TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     Email:    Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 19-061-JVS |
|---|---|
| Plaintiff, | **GOVERNMENT'S OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION FOR AN ORDER EXTENDING DEFENDANT'S TEMPORARY RELEASE; DECLARATION OF BRETT A. SAGEL, EXHIBIT A** |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby files its Opposition to defendant MICHAEL JOHN AVENATTI's Ex Parte Application for an Order Extending Defendant's Temporary Release (CR 420).

This Opposition is based upon the attached memorandum of points and authorities, the attached Declaration of Brett A. Sagel and accompanying exhibit, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 15, 2021                     Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

          /s/
BRETT A. SAGEL
ALEXANDER C.K. WYMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

In March 2020, the Court temporarily released defendant MICHAEL JOHN AVENATTI from custody for 90 days due to the COVID-19 pandemic, its effects in the "greater New York City" area, and defendant's alleged health concerns. (CR 128.) The Court has subsequently extended defendant's release until March 31, 2021. In doing so, the Court, each time, has expressly reserved the right to revoke defendant's temporary release based on any "changed circumstances" after notice to the parties. (CR 128 at 2, ¶ 8; CR 140 at 7, ¶ 25; see also 7/6/2020 RT 10:25-11:8.) Circumstances have now changed.

As of today, March 15, 2021, defendant is eligible to receive a COVID-19 vaccination based on his alleged health conditions. Indeed, the government alerted defense counsel to that fact by email on March 8, 2021, and agreed to stipulate to a modification of defendant's bail conditions to permit him to leave his third-party custodian's residence in order to receive the vaccination. (Sagel Decl. Ex. 1.) The government also provided defense counsel with a link to California's vaccination website (https://covid19.ca.gov/vaccines/), which lists "five ways [people with high-risk medical conditions] may be able to find an appointment after March 15," including by visiting a healthcare provider or scheduling an appointment at a local pharmacy. Moreover, in addition to the two-shot options that have been available for months from Pfizer-BioNTech and Moderna, there are now supplies of the one-shot vaccine from Johnson & Johnson/Janssen.

Due in large part to these effective vaccines and their increasing availability to the general population, COVID-19 numbers, while still very concerning, are rapidly trending downward. See, e.g., Bettina Boxall, "COVID-19 Hospitalizations and Deaths Continue

to Decline," Los Angeles Times (Mar. 13, 2021), available at https://www.latimes.com/california/story/2021-03-13/los-angeles-county-covid-19-hospitalizations-continue-to-decline.  Indeed, both Los Angeles County and Orange County recently entered the less restrictive "red tier," and the government understands that based on the current trend the Central District of California will begin holding jury trials as early as the end of May 2021.  The pandemic continues to pose serious risks to the entire population, but the risk landscape is now vastly different thanks to the vaccines that have become available to a subset of that population, such as defendant.

These vaccines are also not limited to individuals out of custody.  The Bureau of Prisons ("BOP") has been vaccinating inmates at all of its many facilities across the country.  As of February 22, 2021, all BOP facilities have received some doses of a vaccine.  https://www.bop.gov/resources/news/20210223_vaccination_status.jsp.  The first priority is to vaccinate staff to prevent transmission in and out of facilities, but inmates are also being vaccinated.  See https://www.bop.gov/resources/news/20210116_covid_vaccine_efforts_commended.jsp.  As of today, the BOP has administered 79,676 doses of COVID-19 vaccines, and a total of 110 inmates at the Los Angeles Metropolitan Detention Center have been fully vaccinated (i.e., received both doses of either the Pfizer-BioNTech or Moderna vaccine).  See https://www.bop.gov/coronavirus/.

In short, the circumstances giving rise to defendant's temporary release -- and which justified his continued release -- have changed.  He is now eligible to receive any one of three vaccines that would nearly eliminate the health risks that he has relied upon in seeking

release from custody. What has not changed, and will not change, is that defendant "is a danger to the community." (CR 128 at 2.) The government has also proven by clear and convincing evidence that he violated the conditions of his temporary release by using a computer that offers internet access to draft pleadings in this case and that he intentionally misled the Court on numerous occasions. (CR 262; CR 296.) As the party seeking an extension of his temporary release under 18 U.S.C. § 3142(i), defendant bears the burden to show that temporary release remains "necessary" under that provision. See United States v. Dupree, 833 F. Supp. 2d 241, 246 (E.D.N.Y. 2011). That he cannot do.

The government alerted defense counsel of defendant's impending eligibility for a vaccine a week before his eligibility date, which gave him ample time to secure an appointment to receive his first vaccination dose this week. Any delay at this point in securing protection against the virus justifying his release is entirely of his own creation, and it should not justify his continued release. This Court should deny defendant's ex parte application, grant the government's pending motion to revoke defendant's bond (CR 262) and/or not further extend the temporary release, and remand him into custody.

Alternatively, if this Court is inclined to extend defendant's release based on his current application, there appears no further basis to extend defendant's release after these additional sixty days. Defendant himself states that he "expects to be able to begin and complete the vaccination process" during his requested 60-day extension, which will "permit [defendant] adequate time to be fully vaccinated and acquire immunity." (App. at 6.) Barring a change in

3

the direction of the COVID-19 numbers, defendant will have no basis to continue his release beyond these sixty-days -- and further delay in scheduling his vaccine should not be a basis.