H. Dean Steward, SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL JOHN AVENATTI,

Defendant.

SA CR No. 19-061-JVS

DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR AN ORDER TO SHOW CAUSE RE CIVIL CONTEMPT AND A FINDING OF CONTEMPT

[Supplemental Declaration of H. Dean Steward filed concurrently herewith]

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his counsel of record, H. Dean Steward, hereby files this Reply in support of his Motion for an Order to Show Cause Re Civil Contempt and a Finding of Contempt.

Dated: March 22, 2021

Respectfully submitted,

/s/ H. Dean Steward
H. DEAN STEWARD

Attorney for Defendant
MICHAEL JOHN AVENATTI

## TABLE OF CONTENTS


TABLE OF AUTHORITIES .................... ii

I. INTRODUCTION .................... 1

II. ARGUMENT .................... 3

A. The Government Has Conceded What the Order Requires For Compliance .................... 3

B. The Government Does Not State They Have Fully Complied With the Order and They Have Failed to Meet Their Burden and Rebut the Steward Declaration with Competent Evidence .................... 5

C. Numerous Examples of the Government's Noncompliance Exist....... 6

D. The Government's Prior False Representation to the Court Regarding Discovery Requires that the Order Be Strictly Enforced . 10

E. The Government's Arguments in Opposition Lack Merit and Do Not Excuse Their Noncompliance .................... 11

CERTIFICATE OF SERVICE .................... 14

# TABLE OF AUTHORITIES

**CASES:** **Page**

*Brady v. Maryland*,
373 U.S. 83 (1963) ........ *passim*

*Calderon v. Thompson*,
523 U.S. 538 (1998) ........ 4

*Drake v. Kemp*,
762 F.2d 1449 (11th Cir. 1985) ........ 4

*Hook v. Arizona Dept. of Corrections*,
107 F.3d 1397 (9th Cir. 1997) ........ 1, 5

*In re Online DVD Rental Antitrust Litig.*,
2011 WL 5883772 (N.D. Cal. Nov. 23, 2011) ........ 4

*Maggio v. Zeitz*,
333 U.S. 56 (1948) ........ 2

*Oscanyon v. Arms Co.*,
103 U.S. 261 (1893) ........ 4

*Reno Air Racing Ass'n., Inc. v. McCord*,
452 F.3d 1126 (9th Cir. 2006) ........ 1, 5

*Sinclair v. Fox Hollow of Turlock Owners Ass'n*,
2014 WL 4275470 (E.D. Cal. Aug. 29, 2014) ........ 2, 3

*Smith v. Groose*,
205 F.3d 1045 (8th Cir. 2000) ........ 4

*Sportscare of America, P.C. v. Multiplan, Inc.*,
2011 WL 589955 (D.N.J. Feb. 10, 2011) ........ 4

*Thompson v. Calderon*,
120 F.3d 1045 (9th Cir. 1997)(en banc) ........ 4

*United States v. Ali*,
874 F.3d 825 (4th Cir. 2017)........................................................................5, 6

*United States v. Bundy*,
968 F.3d 1019 (9th Cir. 2020) ........................................................................*passim*

*United States v. Flores*,
679 F.2d 173 (9th Cir. 1982) ........................................................................4

*United States v. Olsen*,
704 F.3d 1172 (9th Cir. 2013) ........................................................................*passim*

*United States v. Price*,
566 F.3d 900 (9th Cir. 2009) ........................................................................*passim*

*United States v. Rylander*,
460 U.S. 752 (1983)........................................................................2, 5-6

*United States v. Singh*,
2016 WL 1089153 (E.D. Cal. Mar. 21, 2016)........................................................................2

*Zapon v. U.S. Dep't of Justice*,
53 F.3d 283 (9th Cir. 1995) ........................................................................3

**OTHER AUTHORITIES:**

18 U.S.C. § 3500 (the "Jencks Act") ........................................................................8

Fed. R. Crim. P. 16 ........................................................................8

California Rule of Professional Conduct 3.8 ........................................................................4

U.S. Department of Justice, Justice Manual 9-5.001(B)(1)........................................................................4

DuVivier, *Nothing New Under the Sun: Plagiarism in Practice*, Colo. Law., 32-May Colo. Law 53 ........................................................................13

Shatz & McGrath, *Beg, Borrow, Steal: Plagiarism vs. Copying in Legal Writing*, California Litigation Vol. 26, No. 3 (2013) ........................................................................13

# I. INTRODUCTION

"The government has fully complied with the Court's January 25, 2021 Order." In over 140 pages submitted in response to Defendant's contempt motion (the "Motion"), these words appear nowhere. They are not in the opposition [Dkt. 418]. Nor can they be found in the three-page Declaration of Brett A. Sagel, which is the only ***evidence*** the government submitted in opposing the motion [Dkt. 418-1]. In fact, AUSA Sagel's declaration never mentions the Order [Dkt. 408] or the government's compliance. Not once. The government's silence on this issue, which is the issue at the center of Defendant's contempt motion, is deafening. And it is fatal to the government's opposition.[1]

The burden was on the government to respond to the Motion and demonstrate with evidence that they "took *all reasonable steps* within [their] power to ensure compliance with" the Court's Order issued two months ago. *Hook v. Arizona Dept. of Corrections*, 107 F.3d 1397, 1403 (9th Cir. 1997)(emphasis added); *see also Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (citation omitted). But the government submitted no such evidence. This is not surprising seeing as the government refuses to state, and indeed cannot state, that they have fully complied with the Order and produced to the defense "all information or evidence known to the government that is either: (1) relevant to the defendant's guilt or punishment; **or** (2) favorable to the defendant on the issue of guilt or punishment" as required under the Order. [Dkt. 408 (the "Order")(emphasis added).]. Further, the government has made no attempt to show that they were unable, despite best efforts, to comply with the Order. Nor has the government claimed that their noncompliance is due to an innocent misinterpretation of the Court's Order. This too is unsurprising seeing as (1) the Order is clear and not subject to any misinterpretation and (2) the government has already told the Chief Judge

---

[1] In the Motion, the defense correctly predicted that the government in opposition would be unable to state they have fully complied with the Order. [Motion at 8, fn. 7.]

of the Ninth Circuit what they are required to produce under the plain language of the Order. *See* Motion [Dkt. 415, the "Motion"] at 4.

Instead, the government concocts a smokescreen and asserts a series of meritless arguments and issues designed to distract the Court away from the central question raised by the Motion, *really the only question*, which is "Has the government fully complied with the clear language of the Order?" At the center of this diversion is an attempt by the government to re-argue the propriety of the Order and its factual and legal basis, and thereby recast their compliance obligations into something more nebulous and beneficial to the government. As stated by the Supreme Court repeatedly, however, this is patently improper. "[A] contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed." *United States v. Rylander*, 460 U.S. 752 (1983)(citations omitted)(affirming a contempt finding from the Ninth Circuit); *see also Maggio v. Zeitz*, 333 U.S. 56, 75 (1948)("It would be a disservice to the law if we were to depart from the long-standing rule that a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed . . ."). Indeed, the reason for this "long-standing rule," which has been the law for at least 72 years, is because "disagreement with . . . the merits of the underlying order is not a justification for disobeying the order." *United States v. Singh*, 2016 U.S. Dist. LEXIS 36429, 2016 WL 1089153, at *4 (E.D. Cal. Mar. 21, 2016). As a result, the government's attempt to revisit the factual and legal basis underlying this Court's January 25, 2021 Order must be ignored.[2]

The Order requires exactly what the Order says. This Court's orders "are not mere suggestions to be set aside or disregarded at [the government's] whim." *Sinclair v.*

---

[2] As part of their improper collateral attack on the Order, the government claims that somehow a later issued General Order by the Chief Judge of the Central District absolves the government from having to comply with the clear, prior written Order issued in this case. Opposition at 7. The government is wrong. The General Order relates entirely to an <u>oral order</u> judges in the Central District are directed to give as a result of the Due Process Protection Act. It has no bearing on the written Order at issue in the Motion or the government's compliance.

*Fox Hollow of Turlock Owners Ass'n*, 2014 WL 4275470, at *5 (E.D. Cal. Aug. 29, 2014). They are required to be followed and enforced. "Only in the rarest of situations do federal courts countenance a party's disregard of an existing court order . . . ." *Zapon v. U.S. Dep't of Justice*, 53 F.3d 283, 285 (9th Cir. 1995). There is no good faith exception to the requirement that a court order be followed. Rather, "obedience . . . is required unless and until [the order] has been vacated or reversed." *Id.* (citations omitted). For this reason and the reasons set forth in detail below and in the Motion, the Court should grant the Motion and the relief requested by Mr. Avenatti.

## II. ARGUMENT

### A. The Government Has Conceded What the Order Requires for Compliance

In the Motion, Mr. Avenatti detailed the recent statements made by the government explaining what the Order requires be produced to the defense. [Dkt. insert at 4]. He did so early in his brief under a bolded heading titled "B. The Government's Admissions Regarding the Meaning and Requirements of the Order." *Id.* By way of these statements, Mr. Avenatti claimed, the government acknowledged that the language of the Order requires, among other things, (1) "the production of material far beyond what is required under *Brady* and its progeny;" (2) the production of "all information *relevant* to the crime, regardless whether the material is exculpatory or helpful to the defense, even if the material is wholly inculpatory;" (3) the production of "every witness statement, regardless of whether that witness testifies against the defendant;" and (4) "the production of information regardless of its materiality."[3] *Id.* (citing to letter

---

[3] This is consistent with well-established law in the Ninth Circuit holding that "materiality" is a post-verdict appellate standard that has no applicability prior to a verdict being reached. *See, e.g., United States v. Bundy*, 968 F.3d 1019, 1033 (9th Cir. 2020)(requiring all favorable evidence to be disclosed by prosecutors pretrial, without regard to materiality: "[T]rial prosecutors must disclose favorable information without attempting to predict whether its disclosure might affect the outcome of the trial. . . . The retrospective definition of materiality is appropriate only in the context of appellate review" and not at the trial level.), *cont. . . .*

provided to the Chief Judge of the Ninth Circuit). Mr. Avenatti further argued that these statements bound the government and prevented them from arguing in this case that the Order requires something different. *Id.* This is true because these statements are factual admissions, admissible against the government. *See, e.g.*, *Oscanyon v. Arms Co.*, 103 U.S. 261, 263 (1893); *United States v. Flores*, 679 F.2d 173, 177-78 (9th Cir. 1982).

In its opposition, the government fails to address this point or the government's prior admissions as to what the Order requires. As a result, the point is conceded and the government may not now argue that compliance with the Order requires something different. *See, e.g.*, Dkt. 239, Hon. J. Selna Ruling on Pretrial Services Report, p. 4 ("But as Avenatti points out in his reply, the Government has chosen not to respond to the claim of work product, and thus the argument is conceded."); *Sportscare of America, P.C. v. Multiplan, Inc.*, No. 2:10–4414, 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011) ("In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue."); *In re Online DVD Rental Antitrust Litig.*, No. 09–2029 PJH, 2011 WL 5883772, at *12 (N.D. Cal. Nov. 23, 2011). Indeed, this result is correct and equitable. The government cannot be permitted to argue to the Chief Judge of the Ninth Circuit that the language of the Order requires one thing and then reverse course and argue to this Court that the language requires something entirely different. To hold otherwise would make a mockery of this proceeding and constitute a violation of Mr. Avenatti's due process rights. *See, e.g.*, *Thompson v. Calderon*, 120 F.3d 1045, 1058

---

(citation omitted); *United States v. Price*, 566 F.3d 900 (9th Cir. 2009)(requiring prosecutors to produce all potentially exculpatory or otherwise favorable evidence without regard to how the withholding of such evidence might be viewed as affecting the outcome of the trial); *United States. v. Olsen*, 704 F.3d 1172, 1183 n.3 (9th Cir. 2013)(explaining that a prosecutor should not produce only what he considers "material" because it is "just too difficult to analyze before trial" what may be material). *See also* California RPC 3.8 (applicable to federal prosecutors pursuant to 28 U.S.C. § 530B(a) and requiring disclosure to the defense without regard to materiality); Justice Manual 9-5.001(B)(1) (requiring AUSAs to "err on the side of disclosing exculpatory and impeaching evidence.").

(9th Cir. 1997)(en banc), *rev'd on other grounds*, *Calderon v. Thompson*, 523 U.S. 538 (1998); *Smith v. Groose*, 205 F.3d 1045 (8th Cir. 2000); *Drake v. Kemp*, 762 F.2d 1449, 1479 (11th Cir. 1985) (Clark, J., concurring) ("Such actions reduce criminal trials to mere gamesmanship and rob them of their supposed search for truth.").

It is beyond dispute that the government has not produced all of the information covered by its own interpretation of the Order as described above. In fact, the government has never claimed that they have. As a result, the motion should be granted.

### B. The Government Does Not State They Have Fully Complied With The Order and They Have Failed to Meet Their Burden and Rebut the Steward Declaration with Competent Evidence

In connection with the motion, the defense filed a detailed declaration from H. Dean Steward (the "Steward Decl.") [Dkt. 415-1] regarding the government's failure to comply with the Order. This declaration is in the record as evidence, *without objection*.

As set forth above, in response to the motion and the Steward Declaration, the government was required to respond with evidence demonstrating compliance with the Order and that the government "took all reasonable steps within [their] power to ensure compliance with" the Court's Order. *See Hook v. Arizona Dept. of Corrections*, 107 F.3d at 1403; *see also Reno Air Racing Ass'n.*, 452 F.3d at 1130 (citation omitted). In the alternative, the government was required to show, through evidence, an inability to comply with the Order (e.g. compliance was impossible). *See, e.g.*, *Rylander*, 460 U.S. at 757-58.

Here, the government did neither. The only **evidence**[4] submitted by the government is a three-page declaration of AUSA Sagel that attaches various exhibits. The Sagel declaration is silent as to the Order and, like the opposition, fails to state that

[4] Argument by counsel in an opposition filed in connection with a contempt motion is not evidence. *See, e.g.*, *United States v. Ali*, 874 F.3d 825, 828 (4th Cir. 2017). And even if it was, the government's opposition likewise fails to (a) address, let alone meet, the government's obligations pursuant to contempt case law or (b) refute the statements contained in the Steward Declaration.

the government has fully complied with the Order. The Sagel declaration is equally silent as to the Steward Declaration and the factual statements included in that declaration. In fact, neither the Sagel Declaration nor the opposition make any reference to the Steward Declaration. AUSA Sagel's declaration also mentions nothing about the steps the government took to comply with the Order, let alone establish that the government took "all reasonable steps within [their] power to ensure compliance" with the Order. Nor does the declaration establish any inability of the government to comply. Further, the Sagel declaration, like the opposition, does not state that the government does not have unproduced information or evidence responsive to the plain language of the Order. As a result of these glaring failures, the government has failed to rebut the Steward Declaration and meet their burden. Thus, the motion should be granted.

**C. Numerous Examples of the Government's Noncompliance Exist**

In connection with a contempt motion:

> Even when a defendant produces some documents in response to an [] order, the complainant [Mr. Avenatti] need not show that the defendant [the government] has actual possession of other responsive documents that [they] failed to produce. Rather, because failure to produce documents presumptively within the defendant's possession constitutes an actual or constructive violation of an existing [] order, it is enough for the complainant to demonstrate, by clear and convincing evidence, that the defendant's production was presumptively incomplete. This can be done, for example, by demonstrating that any complete production would necessarily include certain types of documents . . .

*United States v. Ali*, 874 F.3d at 833 (citing *Rylander*, 460 U.S. at 761 n.3).

Here, there are numerous examples of information and evidence that is responsive to the Order and yet have not been produced by the government. *See* H. Dean Steward Declaration, ¶¶ 9-13. In addition, the government has not complied with the requirements of the Order under its own interpretation as stated to the Ninth Circuit. *See*, *infra*, II. A, p.3. Importantly, the government does not even claim that they have. Likewise, the government does not claim that they have produced "all information or

evidence known to the government that is either: (1) relevant to the defendant's guilt or punishment; or (2) favorable to the defendant on the issue of guilt or punishment" as required under the Order. [Dkt. 408 (emphasis added).] Indeed, the government's silence as to compliance with this language leaves the H. Dean Steward Declaration unrebutted and uncontroverted as it relates to the sole issue before the Court, namely compliance with *the plain language of the Order.*

By way of example only, the government does not claim in the opposition or in the Sagel Decl. that they have produced all of the 302s and memoranda of interviews and the documents used to compile those memoranda. The defense asserted that some of this information has been withheld (*see* Steward Decl., ¶13) and the government has offered no evidence to rebut this claim nor have they stated that **all** such information has been produced as required by the Order. The reason for this is simple – because the government knows that all such information has not been produced.

Further, the defense claimed in the Motion and in the Steward Decl. (¶¶ 11, 12) that the government conducted a subsequent interview with Mrs. Carlin through her counsel in the Spring of 2020 (before they listed her on the May "Witness List" provided to the defense). The government does not dispute these facts and they are therefore conceded for the purpose of the motion. And yet the government refuses to provide this information despite it being required to be produced by the clear language of the Order and the requirements of *Brady, Bundy, Price* and *Olsen.* Instead, the government is now attempting to hide behind a sudden claim that Mrs. Carlin is no longer a witness because they did not find her credible[5] and, therefore, they are justified in violating the Court's Order and refusing to produce the information. This constitutes purposeful contempt of the Court's Order.

---

[5] This begs the question as to exactly when the government allegedly decided Mrs. Carlin was no longer credible and whether the reason they did so is part of an effort to avoid producing exculpatory information to the defense.

In addition, the defense has recently uncovered yet more evidence of the government's failure to comply with the Order. *See* Supplemental Declaration of H. Dean Steward ("Supp. Steward Decl.," ¶3). In many instances, this information was also required to be produced long ago pursuant to *Brady,*[6] *Bundy, Price, Olsen* and Rule 16 and yet was not. By way of example only:

1. Handwritten Notes from the Interview of Client 1. On March 31, 2019, the government interviewed a former client of Mr. Avenatti's identified as victim Client 1 in the Indictment [Dkt. 16]. Client 1 was shown a settlement agreement that the government claims in the Indictment Mr. Avenatti hid the terms of and deceived Client 1 about (Indictment, ¶¶ 7.(f) and (g)). According to a typewritten summary prepared later from "notes made during and immediately after the interview," Client 1 admitted in the interview "he may have signed the document" when his case was settled and that Mr. Avenatti went to Client 1's residence at the time to "deliver this document to [Client 1]"[7] [*See* USAO_0013358, 62.] The government has withheld the handwritten notes from the defense despite the clear language of the Order. *See* Supp. Steward Decl., ¶3a. **Further, there can be little question that the notes should have been produced two years ago pursuant to *Brady, Bundy, Price* and *Olsen*. There is no excuse for the government's continued failure to produce this information.** In fact, this is the very same type of conduct that led to the dismissal of all charges in the Stevens matter.

2. Handwritten Notes From Other Interviews. The government has interviewed approximately 100 witnesses in connection with this case, sometimes for

---

[6] The government's *Brady* obligation to promptly provide favorable information to the defense is not diminished by the fact that such information may also be required to be produced later pursuant to 18 U.S.C. § 3500 (the "Jencks Act") or by the fact that such information need not be produced according to Rule 16. *See, e.g.*, Advisory Committee Note to Fed. R. Crim. P. 16 (1974) ("the rule is designed to prescribe the minimum amount of discovery to which the parties are entitled.").

[7] The government had this information before obtaining the Indictment. It is unknown whether they disclosed it to the grand jury.

multiple days. Most of these interviews have been attended by multiple agents and members of the prosecution team. And yet the government has not produced any of the handwritten notes from the interviews. These notes were required to be produced pursuant to the Order but were not. *See* Supp. Steward Decl., ¶3b. Further, does the government expect the Court and the defense to believe that not a single witness out of 100 said anything favorable to the defense and, therefore, no handwritten notes were required to be produced pursuant to *Brady, Bundy, Price* and *Olsen*?

3. Immunity and Proffer Agreements. The government entered into immunity and/or proffer agreements with at least five government witnesses (MH, TC, GT, FM, and CC). These agreements were required to be produced pursuant to the Order but have not been produced. *See* Supp. Steward Decl., ¶3c. They also should have been produced pursuant to *Brady, Bundy, Price* and *Olsen.*

4. The JR Search Warrant Materials. On March 25, 2019, the government executed a search warrant at the residence of JR, Mr. Avenatti's Office Manager and Lead Paralegal. The government obtained eleven (11) boxes of hardcopy documents (comprising thousands of pages) from the residence relating to the charges in the Indictment. [*See* Search Warrant Return, Dkt. 6, Case No. 8:19-mj-00243, filed 05/16/19.] All of these documents were required to be produced pursuant to the Order but have not been produced.[8] *See* Supp. Steward Decl., ¶3d. Some of these materials were also required to be produced pursuant to *Brady, Bundy, Price* and *Olsen.*

5. Thank You Notes, Emails and Awards. The government obtained files containing thank you notes and emails Mr. Avenatti received from countless clients between 2007 and 2019, as well as various awards. All of this information is favorable to the defense. It is believed that these files include communications from clients identified in the Indictment and various government witnesses, including some related to

---

[8] The government has repeatedly represented to the defense in writing since 2019 that these materials were produced as part of the government's production No. 5 made on August 26, 2019. These representations are false. *See* Supp. Steward Decl., ¶3e.

the government's efforts to introduce Rule 404(b) evidence. All of this information was required to be produced pursuant to the Order and *Brady, Bundy, Price* and *Olsen,* but has not been produced. *See* Supp. Steward Decl., ¶3e.

6. The Notes from the Interview(s) With LS. The government interviewed LS, Mr. Avenatti's second wife to whom he is still legally married, on least one occasion for 45 minutes on January 6, 2020. [*See* Memorandum of Contact at USAO_454799.]. The government has failed to produce the notes from this interview, which are required to be produced pursuant to the Order and may also be required to be produced pursuant to *Brady, Bundy, Price* and *Olsen.* In addition, this interview and the notes may raise additional issues relating to the government's use of information protected by the marital communications privilege. *See* Supp. Steward Decl., ¶3f.

**D. The Government's Prior False Representation to the Court Regarding Discovery Requires that the Order be Strictly Enforced**

Approximately seven months ago, on August 31, 2020, the government falsely represented to the Court and the defense that all discovery relating to all the charges in the Indictment had been produced to the defendant:

> The Court: I sent out a minute order on August 24 listing a number of items I wanted to discuss. I would like to go through those and visit any additional matters you would like to discuss . . .
>
> AUSA Andre: Julian Andre on behalf of the government. . . . We also note that under ordinary circumstances the most efficient and appropriate way to proceed would be to try the entire case at one time as opposed to having two trials. There would be a significant amount of overlapping evidence and witnesses between the two trials. I know the Court indicated in its order an issue with respect to the discovery. **The defendant[] has all the discovery as to all the charges at this point**.

[August 31, 2020 Transcript [Dkt. 289] at 3:17 – 4:16 (emphasis added)]. The recent 67-page production alone demonstrates that this unequivocal representation was false when it was made. In fact, since this representation was made, the government has produced a

total of nearly 450 pages of additional discovery (USAO_1140794 – USAO_1141241), including information favorable to the defense that should have been produced months prior pursuant to *Brady, Bundy, Price* and *Olsen*. This fact, together with the declarations of H. Dean Steward filed in connection with the current motion and the examples set forth above, further demonstrates why this Court must require strict compliance with the Order.

**E. The Government's Arguments in Opposition Lack Merit and Do not Excuse Their Noncompliance**

In opposition and in keeping with their unusual personal approach to this case, the government loges a litany of ad hominem attacks aimed at Mr. Avenatti and his counsel. The government likewise interjects a series of irrelevant issues, all in an effort to avoid the Court focusing on the issue of whether the government has complied with the Order. The defense will not respond to each of these irrelevant claims, but does wish to address the following:

*First*, the government claims that the JC emails were not required to be produced pursuant to *Brady*. Opposition at 11. It is difficult, if not impossible, to explain how statements by a grand jury witness subpoenaed by the government, who was a five-year employee of Mr. Avenatti's during the years 2015 to 2020 and likely spent more time with Mr. Avenatti during that time period than any other single human being, calling Mr. Avenatti a "boy scout" and further stating that the witness "never saw nor heard any illegal nor questionable acts that would cause any distrust in approximately 5 years . . . he never once asked me to do anything illegal nor unethical" [USAO_01141175-77; *see* Steward Decl., ¶ 7] are not favorable to the defense and thus not required to be produced pursuant to *Brady, Bundy, Price* and *Olsen*. The case law is clear that it is not the prosecutors' role to determine whether they find favorable statements and evidence "nonsensical" or whether they contain "irrelevant" information and therefore the prosecutors can avoid producing it to the defense. This information was required to be produced when it was received by the government via email (including AUSA Sagel)

over a year ago on January 2, 2020 [USAO_01141175]. It inexplicably was not. This failure is emblematic of the government's approach in this case and illustrates why the Order was needed in the first place and must be strictly enforced.

*Second*, the government attempts to lead the Court into believing all of the text messages recently produced were previously produced. Opposition at 11. This is misleading at best. Certain of the text messages were never produced in any form prior to March of this year (*see*, *e.g.*, Exh. 4 to the Sagel Decl, pp. 76-77). And those that were "produced" were given to the defense in a different format and buried in a large forensic copy of an iPhone produced on November 25, 2019. Moreover, all of these text messages are favorable to the defense and should have been produced immediately after the Indictment was issued because they have been in the possession of the government since approximately <u>September 2018</u>. *See* Supp. Steward Decl., ¶4.

*Third*, the government claims that it can continue to withhold information required to be produced pursuant to the Order because the Order only requires "timely" compliance and the trials are months away. Opposition at 16. The government is wrong. The trial(s) in this case were repeatedly scheduled to occur long ago and, but for the pandemic, would have concluded; the Order was issued two months ago and has not been appealed or reconsidered; and much of the information required to be produced should have been provided to the defense pursuant to *Brady, Bundy, Price* and *Olsen* over a year ago (in some instances two years ago). There is no excuse for continued delay.

*Fourth*, the government claims that the Motion "is not grounded in the facts of this case" and "is copied nearly word for word" from a filing in the *Flynn* case. Opposition at 18. Even a cursory reading of the Motion shows that this claim is both irrelevant and demonstrably false. The Motion is directly tied to the facts of this case and includes a

litany of facts, arguments, claims and citations not found in the *Flynn* motion.[9] The fact that a few paragraphs of the motions are similar does not make the arguments contained therein any less salient nor does it make the Motion improper.[10]

Dated: March 22, 2021

Respectfully submitted,

/s/ H. Dean Steward
H. DEAN STEWARD

Attorney for Defendant
MICHAEL JOHN AVENATTI

---

[9] Footnote 10 in the government's opposition demonstrates that the government remains in the dark as to why the Due Process Protection Act was passed, why the Act requires courts to issue written orders requiring compliance, and why the Order was issued in this case.

[10] *See, e.g.*, Shatz & McGrath, *Beg, Borrow, Steal: Plagiarism vs. Copying in Legal Writing*, California Litigation Vol. 26, No. 3 (2013)("There are no bonus points for creative writing, rhetorical flourish, or intellectual brilliance. In fact, novel ideas are typically the weakest legal position and the hardest to argue."); DuVivier, *Nothing New Under the Sun: Plagiarism in Practice*, Colo. Law., 32-May Colo. Law 53 at *54 ("The client has nothing to gain from paying an attorney to start from scratch with each new document.").

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672. I am not a party to the above-entitled action. I have caused, on March 22, 2021, service of the:

DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR AN ORDER TO SHOW CAUSE RE CIVIL CONTEMPT AND A FINDING OF CONTEMPT

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 22, 2021

/s/ H. Dean Steward

H. Dean Steward