H. Dean Steward, SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | SA CR No. 19-061-JVS<br><br>SUPPLEMENTAL DECLARATION OF H. DEAN STEWARD IN SUPPORT OF DEFENDANT'S MOTION FOR AN ORDER TO SHOW CAUSE RE CIVIL CONTEMPT AND A FINDING OF CONTEMPT |

Comes now H. Dean Steward, counsel for Defendant Michael John Avenatti, and submits the below Supplemental Declaration in Support of Defendant's Motion for an Order to Show Cause Re Civil Contempt and a Finding of Contempt.

Dated: March 22, 2021              Respectfully submitted,


                                   /s/ H. Dean Steward
                                   H. DEAN STEWARD

                                   Attorney for Defendant
                                   MICHAEL JOHN AVENATTI

# DECLARATION

I, H. Dean Steward, declare:

1. I am currently appointed counsel for Defendant Michael John Avenatti ("Mr. Avenatti"). I was previously retained counsel for Mr. Avenatti from approximately May 15, 2019 through August of 2020.

2. On January 25, 2021, the Court issued an Order directing the government to produce to the defense "<u>all</u> information or evidence known to the government that is <u>either</u>: (1) <u>relevant</u> to the defendant's guilt or punishment; <u>or</u> (2) favorable to the defendant on the issue of guilt or punishment." [Dkt. 408] (emphasis added) (the "Order"). As explained in my prior declaration [Dkt. 415-1] and below, the government has not fully complied with the Order.

3. During the last ten days, the defense has uncovered additional evidence of the government's failure to comply with the Order. In many instances, this information was also required to be produced long ago pursuant to *Brady, Bundy, Price, Olsen* and Rule 16 and yet was not. By way of example only:

   a. <u>Handwritten Notes from the Interview of Client 1</u>. On March 31, 2019, the government interviewed a former client of Mr. Avenatti's identified as victim Client 1 in the Indictment [Dkt. 16]. Client 1 was shown a settlement agreement that the government claims in the Indictment Mr. Avenatti hid the terms of and deceived Client 1 about (Indictment, ¶¶ 7.(f) and (g)). According to a typewritten summary prepared later from "notes made during and immediately after the interview," Client 1 admitted in the interview "he may have signed the document" when his case was settled and that Mr. Avenatti went to Client 1's residence at the time to "deliver this document to [Client 1]" [*See* USAO_0013358, 62.] The government had this information before obtaining the Indictment and it is unknown whether they disclosed it to the grand jury. The government has withheld the handwritten notes from the defense despite the clear language of the Order.

b.      <u>Handwritten Notes From Other Interviews</u>. The government has interviewed approximately 100 witnesses in connection with this case, sometimes for multiple days. Most of these interviews have been attended by multiple agents and members of the prosecution team. And yet the government has not produced any of the handwritten notes from the interviews. These notes were required to be produced pursuant to the Order but were not.

c.      <u>Immunity and Proffer Agreements</u>. The government entered into immunity and/or proffer agreements with at least five government witnesses (MH, TC, GT, FM, and CC). These agreements were required to be produced pursuant to the Order but have not been produced.

d.      <u>The JR Search Warrant Materials</u>. On March 25, 2019, the government executed a search warrant at the residence of JR, Mr. Avenatti's Office Manager and Lead Paralegal. The government obtained eleven (11) boxes of hardcopy documents (comprising thousands of pages) from the residence relating to the charges in the Indictment. [*See* Search Warrant Return, Dkt. 6, Case No. 8:19-mj-00243, filed 05/16/19.] All of these documents were required to be produced pursuant to the Order but have not been produced. The government has repeatedly represented to the defense in writing since 2019 that these materials were produced as part of the government's production No. 5 made on August 26, 2019. These representations are false.

e.      <u>Thank You Notes, Emails and Awards</u>. The government obtained files containing thank you notes and emails Mr. Avenatti received from countless clients between 2007 and 2019, as well as various awards. All of this information is favorable to the defense. It is believed that these files include communications from clients identified in the Indictment and various government witnesses, including some related to the government's efforts to introduce Rule 404(b) evidence. All of this information was

2

required to be produced pursuant to the Order and *Brady, Bundy, Price* and *Olsen,* but has not been produced.

   f. <u>The Notes from the Interview(s) With LS</u>. The government interviewed LS, Mr. Avenatti's second wife to whom he is still legally married, on at least one occasion for 45 minutes on January 6, 2020. [*See* Memorandum of Contact at USAO_454799.]. The government has failed to produce the notes from this interview, which were required to be produced pursuant to the Order and may also have been required to be produced pursuant to *Brady, Bundy, Price* and *Olsen.* In addition, this interview and the notes may raise additional issues relating to the government's use of information protected by the marital communications privilege.

   4. In their opposition to the contempt motion, the government attempts to lead the Court into believing all of the text messages recently produced by the government on March 1 were previously produced. Opposition at 11. This is misleading at best. Certain of the text messages were never produced in any form prior to March of this year (*see, e.g.,* Exh. 4 to the Sagel Decl, pp. 76-77). And those that were "produced" were given to the defense in a different format and buried in a large forensic copy of an iPhone produced on November 25, 2019. Moreover, all of these text messages are favorable to the defense and should have been produced immediately after the Indictment was issued because they have been in the possession of the government since approximately <u>September 2018</u>.

   5. Since the Court issued the Order on January 25, 2021, the government has produced no additional information or evidence to the defense beyond the 67 pages referenced in the contempt motion, which were sent to the defense on March 1.

//
//
//
//

3

1  I declare under penalty of perjury under the laws of the United States of America
2  that the foregoing is true and correct and that this Declaration is executed at San
3  Clemente, California.

5  Dated: March 22, 2021          /s/ H. Dean Steward
6                                 H. Dean Steward

# **CERTIFICATE OF SERVICE**

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672. I am not a party to the above-entitled action. I have caused, on March 22, 2021, service of the defendant's:

SUPPLEMENTAL DECLARATION OF H. DEAN STEWARD IN SUPPORT OF DEFENDANT'S MOTION FOR AN ORDER TO SHOW CAUSE RE CONTEMPT AND A FINDING OF CONTEMPT

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 22, 2021

/s/ H. Dean Steward
H. Dean Steward

5