1            DECLARATION OF ALEXANDER C.K. WYMAN

2        I, Alexander C.K. Wyman, declare as follows:

3        1.    I am an Assistant United States Attorney ("AUSA") in the

4   United States Attorney's Office for the Central District of

5   California.  Together with AUSA Brett A. Sagel, I am assigned to

6   represent the government in the prosecution of defendant MICHAEL JOHN

7   AVENATTI ("defendant") in United States v. Michael John Avenatti, SA

8   CR 19-61-JVS.  I submit this declaration in support of the

9   government's Motion for Leave to Designate an Alternate Expert on the

10  Subject of Special Needs Trusts.

11       2.    Attached hereto as **Exhibits 1** and **2** are true and correct

12  copies of emails that government counsel in this case sent to defense

13  counsel, H. Dean Steward, in November 2020 regarding a potential

14  stipulation concerning the subject of special needs trusts.

15       3.    Attached hereto as **Exhibit 3** is a true and correct copy of

16  an email that Mr. Steward sent to government counsel in November

17  2020.  Based on my review of email correspondence related to this

18  case and conversations with AUSA Sagel, it does not appear that the

19  government received any other response from Mr. Steward on the issue

20  of a stipulation regarding special needs trusts.

21       4.    Attached hereto as **Exhibit 4** is a true and correct copy of

22  an email that I sent to Mr. Steward on March 16, 2021.  Attached as

23  **Exhibit 5** is the attachment to that email.  Mr. Steward provided the

24  following response to my email on March 24, 2021: "We would oppose

25  the motion and will do so after your filing."

26  //

27  //

28  //

1       I declare under penalty of perjury under the laws of the United

2 States of America that the foregoing is true and correct and that

3 this declaration is executed at Los Angeles, California, on March 29,

4 2021.

ALEXANDER C.K. WYMAN

# EXHIBIT 1

| | |
|---|---|
| **From:** | Andre, Julian L. (USACAC) |
| **Sent:** | Friday, November 6, 2020 11:04 AM |
| **To:** | Dean Steward |
| **Cc:** | Sagel, Brett (USACAC) |
| **Subject:** | Avenatti - Proposed Instruction & Trial Stipulation |
| **Attachments:** | Trial Stipulation re Special Needs Trusts - DRAFT 2020.11.06.pdf; Proposed Instruction re Cal Ethics Rules - DRAFT 2020.11.06.pdf |

Dean:

Pursuant to the Court's directions at the motions hearing on October 19, attached for your review please find a proposed jury instruction regarding the California ethics rules, and a proposed trial stipulation regarding special needs trusts. Please let us know if these are acceptable to you and your client. Thank you.

Julian

**Julian L. André**
**Assistant United States Attorney**
**Major Frauds Section**
United States Courthouse, Suite 1100
312 N. Spring St. | Los Angeles, California 90012
T: 213.894.6683 | julian.l.andre@usdoj.gov

**Exhibit 1**
1

# EXHIBIT 2

| | |
|---|---|
| **From:** | Andre, Julian L. (USACAC) |
| **Sent:** | Monday, November 23, 2020 3:32 PM |
| **To:** | Dean Steward |
| **Cc:** | Sagel, Brett (USACAC) |
| **Subject:** | FW: Avenatti - Proposed Instruction & Trial Stipulation |
| **Attachments:** | Trial Stipulation re Special Needs Trusts - DRAFT 2020.11.06.pdf; Proposed Instruction re Cal Ethics Rules - DRAFT 2020.11.06.pdf |

Dean:

We have not heard back from you regarding the proposed jury instruction and trial stipulation we sent you on November 6. Please let us know as soon as possible whether these are acceptable to you and your client. Thank you.

Julian

**Julian L. André**
**Assistant United States Attorney**
**Major Frauds Section**
United States Courthouse, Suite 1100
312 N. Spring St. | Los Angeles, California 90012
T: 213.894.6683 | julian.l.andre@usdoj.gov

---

**From:** Andre, Julian L. (USACAC)
**Sent:** Friday, November 6, 2020 11:04 AM
**To:** Dean Steward <deansteward7777@gmail.com>
**Cc:** Sagel, Brett (USACAC) <BSagel@usa.doj.gov>
**Subject:** Avenatti - Proposed Instruction & Trial Stipulation

Dean:

Pursuant to the Court's directions at the motions hearing on October 19, attached for your review please find a proposed jury instruction regarding the California ethics rules, and a proposed trial stipulation regarding special needs trusts. Please let us know if these are acceptable to you and your client. Thank you.

Julian

**Julian L. André**
**Assistant United States Attorney**
**Major Frauds Section**
United States Courthouse, Suite 1100
312 N. Spring St. | Los Angeles, California 90012
T: 213.894.6683 | julian.l.andre@usdoj.gov

# EXHIBIT 3

**From:**        Dean Steward <deansteward7777@gmail.com>
**Sent:**        Saturday, December 12, 2020 2:10 PM
**To:**          Sagel, Brett (USACAC); Andre, Julian L. (USACAC)
**Subject:**     Ji and stip re professional conduct rules

First, I apologize for not getting back to you on these. I've had family issues to deal with.

Second, we cannot agree to either the proposed jury instruction or the stip. We previously objected that the rules and the proposed evidence are not relevant, and our position has not changed.

Dean

--



949-481-4900 www.deansteward.com

# EXHIBIT  4

| | |
|---|---|
| **From:** | Wyman, Alex (USACAC) |
| **Sent:** | Tuesday, March 16, 2021 9:08 AM |
| **To:** | deansteward7777@gmail.com |
| **Cc:** | Sagel, Brett (USACAC) |
| **Subject:** | Avenatti - Supplemental Expert Witness Disclosure |
| **Attachments:** | 2021.03.16 - Supplemental Expert Disclosure Notice.pdf |

Dean,

Please see the attached correspondence regarding Susan Katzen, an expert on the subject of special needs trusts.  We intend to file a motion seeking leave of court to designate Ms. Katzen as an expert witness at trial.  Please let us know your position on such a motion.

Thanks,
Alex

**Alex Wyman** | **Assistant United States Attorney**
**Major Frauds Section**
United States Attorney's Office | Central District of California
312 N. Spring St. | Los Angeles, California  90012
T: 213.894.2435 | Alex.Wyman@usdoj.gov

# EXHIBIT 5



# United States Department of Justice

## United States Attorney's Office
## Central District of California

---

*Alex Wyman*
*Phone:  (213) 894-2435*
*E-mail:  alex.wyman@usdoj.gov*

*1100 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California  90012*

March 16, 2021

<u>**VIA EMAIL**</u>

H. Dean Steward, Esq.
107 Avenida Miramar, Suite C
San Clemente, California 92672
deansteward7777@gmail.com

      Re:    <u>United States v. Avenatti,</u>
              SA CR No. 19-61-JVS

Dear Counsel:

On March 1, 2020, the government provided your client, defendant MICHAEL JOHN AVENATTI, with notice of its intent to call Tracy Kaas, among other witnesses, to testify under Federal Rules of Evidence 702, 703, and 705.  Specifically, the government provided notice that Ms. Kaas would testify at trial as an expert witness regarding the subject of special needs trusts.

On October 30, 2020, the Court granted defendant's motion to exclude Ms. Kaas as an expert witness at trial on the basis that her work with another law firm provided "a colorable basis for disqualification." (CR 371 at 15.)  In so ruling, the Court noted that "the subject of special needs trust is highly relevant to the Counts involving Client 1," that "[t]he subject matter is far beyond the ken of lay jurors and likely most lawyers," and that "[t]estimony in this area would be helpful to the jury." (*Id.*)  As a result, and absent a stipulation between the parties on this topic,[1] the Court noted that it was "likely to grant the Government leave to designate an alternate expert." (*Id.*)  Accordingly, the government hereby provides notice that it will be seeking leave to designate Susan Katzen as an alternate expert witness on this topic.

**<u>Testimony of Susan Katzen</u>**

The government anticipates calling Susan Katzen to testify regarding special needs trusts and structured settlements.  A copy of Ms. Katzen's curriculum vitae is attached hereto as **Exhibit A**.

In summary, based on her training and experience and review of this matter, Ms. Katzen is expected to testify as follows:

---

[1] The government remains open to a stipulation but understands that defendant is not currently prepared to enter into such a stipulation.

**Exhibit 5**
5

H. Dean Steward, Esq.
RE:  United States v. Avenatti
March 16, 2021
Page 2

- A special needs trust is a vehicle that allows people with disabilities to maintain their eligibility for needs-based benefits, such as Supplemental Security Income ("SSI"), food stamps, Section 8 housing, in-home support services, and needs-based Medi-Cal.

- The main purpose of a special needs trust is to protect a person with disabilities and enhance his or her quality of life by allowing him or her to continue to receive needs-based government benefits.

- There are two types of special needs trust, a "first party" special needs trust and a "third party" special needs trust.  First party special needs trusts are funded with assets that belong to the trust beneficiary or to which the beneficiary was legally entitled, such as assets from an award or settlement.

- Had a special needs trust been set up for Geoffrey Johnson, it would have been considered a first party special needs trust.

- Special needs trusts need to be drafted by an attorney.  Special needs trusts are typically drafted by attorneys who specialize in special needs trusts because doing so requires specific knowledge of, and experience dealing with, particular rules and regulations, many of which change frequently.  Special needs trusts can typically be drafted in two to three weeks.

- In 2015, a first party special needs trust for Mr. Johnson would have needed to be established by a parent, a grandparent, or a state court.[2]  Prior to 2016, first party special needs trusts were typically only established by the court when the beneficiary did not have any living parents or grandparents, was incapacitated, or was a minor.

- If the court is involved in establishing a first party special needs trust, the attorney representing the beneficiary or a party who petitions the court to establish the special needs trust would need to provide certain government agencies with notice of the court hearing to approve and establish the trust.

- If the court is involved in establishing a first party special needs trust, the court process typically takes two to three months to be completed.

- Prior to the establishment of a first party special needs trust, a trustee is chosen.  The trustee can be a corporate trustee, a professional fiduciary, or an individual, such as a family member of the beneficiary.

---

[2] These requirements have changed since 2015 when EA LLP received the $4,000,000 settlement payment for Mr. Johnson.  Under current law, a special needs trust can be established by the client/beneficiary, so long as he or she is a competent adult.

Exhibit 5
6

H. Dean Steward, Esq.
RE:  <u>United States v. Avenatti</u>
March 16, 2021
Page 3

- After the first party special needs trust is established, the special needs trust attorney or the trustee is supposed to provide notice of the establishment of the trust to certain government agencies.

- When a special needs trust is established in California, notice needs to be provided to certain state agencies, including the California Department of Health Care Services, and is often provided to certain local or county agencies.

- Notice of the establishment of a first party special needs trust is provided so that the agencies providing government benefits can seek reimbursement of funds from the special needs trust when the beneficiary dies.  The agencies may also review the special needs trust to ensure that it meets the requirements for the beneficiary to maintain his or her eligibility to receive government benefits.  If the agency determines that the special needs trust does not satisfy the necessary requirements, the beneficiary's attorney or trustee is often given an opportunity to revise the special needs trust to comply with any additional requirements.

- Any settlement payments that are to be used to fund the special needs trust should be transferred into the trust immediately after the beneficiary's attorney receives the funds.  Although there may be occasional delays in transferring the beneficiary's portion of the settlement payment to the trust, such as to clear medical liens, these delays would usually last no more than a few months.

- Whenever a beneficiary has the ability to regularly utilize funds held in the attorney's trust account, the beneficiary can be considered to have constructive receipt of the settlement funds and may lose access to the government benefits that the special needs trust is designed to protect.

- A structured settlement is a type of settlement arrangement designed to provide a guaranteed payment stream to the client/plaintiff.

- A structured settlement has to be negotiated and included as part of the actual settlement agreement.  There must be specific language regarding the structured settlement in the agreement itself in order to avoid constructive receipt issues.

- A structured settlement is funded by the defendant and paid to a third party that will then make fixed payments to the client/plaintiff or special needs trust.  A law firm or an attorney cannot fund or administer a structured settlement.

- Defendant does not appear to have made any effort to establish a special needs trust for Mr. Johnson or to set up a structured settlement for Mr. Johnson.

As discussed previously and noted above in footnote 1, in lieu of presenting testimony from Ms. Katzen, the government may be willing to enter into an appropriate trial stipulation regarding special needs trusts and/or structured settlements.  Please let us know whether you are interested in discussing such a stipulation.

**Exhibit 5**
7

H. Dean Steward, Esq.
RE:  <u>United States v. Avenatti</u>
March 16, 2021
Page 4

* * *

The government also again renews its request, pursuant to Federal Rule of Criminal Procedure
16(b)(1)(C), that defendant provide a written summary of any testimony that defendant intends to
use under Rules 702, 703, or 705, including the witness's opinions, the bases and reasons for
those opinions, and the witness's qualifications.

Please let us know if you have any questions regarding the above information or believe this
notice is insufficient.


Very truly yours,


ALEXANDER C.K. WYMAN
Assistant United States Attorney


cc:      AUSA Brett A. Sagel

**Exhibit 5**
**8**

# EXHIBIT A

Exhibit 5
9



# SUSAN A. KATZEN

## ATTORNEY & COUNSELOR AT LAW

### ABOUT ME

With over 40 years of expertise in estate planning, I practice exclusively in the areas of special needs planning, litigation settlement planning, trust planning, probate, and trust administration. I am currently a member of both the distinguished Academy of Special Needs Planners and Special Needs Coalition. I regularly teach courses to the public, financial professionals, professional fiduciaries, trustees, and other attorneys on special needs trusts, litigation settlement planning, estate planning, and trust administration.

### EDUCATION

**UNIVERSITY OF WISCONSIN, LA CROSSE**
BACHELOR OF ARTS, '75

**WESTERN STATE UNIVERSITY**
JURIS DOCTORATE, '78

### PROFESSIONAL AFFILIATIONS

- State Bar of California
- Estate Planning, Trust & Probate Section of the State Bar of California
- Orange County Bar Association
- Orange County Trial Lawyers Association (OCTLA)
- National Academy of Elder Law Attorneys (NAELA)
- National Alliance of Mental Illness (NAMI)
- Special Needs Settlement Planning Committee
- Academy of Special Needs Planners(ASNP)
- Special Needs Coalition (SNC)
- Advisor's Forum, LLC
- California Advocates for Nursing Home Reform(CANHR)
- Consumer Attorneys of Los Angeles (CAALA)
- Special Olympics Regional Leadership Council
- The Orange County Asperger's Support Group
- WealthCounsel, LLC
- ElderCounsel, LLC

### CONTACT

📍 Office Address:
4440 Von Karman Ave., Suite 350 Newport Beach, CA 92660

✉️ susan@skatzenlaw.com

🖥️ www.skatzenlaw.com

in @susanakatzen

**Exhibit 5**
**10**

**A U T H O R / P R E S E N T E R**

- Author "**The Difference Between SSI and SSDI: An Overview**"– Special Needs Coalition (2015)
- Author "**Three Ways Special Needs Settlement Planning Experts Can Help Trial Lawyer**s - Law Firm of Susan A. Katzen (2015)
- Author "**ABLE Account - A New Tool in the Toolbox**" - Law Firm of Susan A. Katzen (2016)
- Author "**How Not to Go from Hero to Zero and then Get 'Grillo-ed'...What Every PI Attorney Needs to Know About Special Needs Trusts**"- OCTLA Gavel Magazine Vol. 20 No. 3 (page 14) (2017)
- Contributing Author "**All the Bunnies**" – Academy of Special Needs Planners, 1st Ed. (2009)
- Contributing Author "**California Durable Powers of Attorne**y"– Continuing Education of the Bar (CEB) (2014, 2015)
- Consulting Editor "**Administering the California Special Needs Trust**" - Urbatsch, K. (2011)  iUniverse
- Presenter "**Health Care Powers**" - Southern California Institute (2005)
- Presenter "**Introduction to Estate Planning**" - Souther California Institute (2006)
- Presenter "**Planning for a Loved one with Special Needs - Conservatorships and Special Needs Trusts**" - Williams Syndrome National Convention (2008); Special Needs Coalition - Workshop (2010)
- Presenter "**Special Needs Trusts - How to Plan for a Loved One with Special Needs**" - Special Needs Coalition - Workshop (2008)
- Presenter "**The Maze of Public Benefits**" – Special Needs Coalition - Workshop (2009, 2013)
- Presenter "**Who Can Care for your Special Needs Child Better than You?**" – Special Needs Coalition - Workshop (2009)
- Presenter "**Special Needs Trusts: A Case Study**" – Goodwill Industries (2009)
- Presenter "**Planning for a Loved One with Special Needs**" – Progressive Resources Center (2009); Special Needs Coalition - Fairview Development Center (2010); Special Needs Coalition - Workshop (2013); Down Syndrome Association of Orange County (2013, 2014, 2015); The Orange County Aspberger's Association (2016); Special Olympics of Southern California (2017); Irvine Unified School District (2019)
- Presenter "**Special Needs Planning: an Overview**"– Estate Planning and Trust Council of Long Beach (2010)
- Presenter "**Settling the Case After Settling the Cas**e" - MCLE  Workshop (2010)
- Presenter "**How to Plan for a Loved One with Special Needs**" - Special Needs Coalition - Workshop (2010)
- Presenter "**Seminar: Administering the California Special Needs Trust (Orange County and LA)**" - Institute for Professional Fiduciary Studies (2012)
- Presenter "**SNTs Documenting Long-term Care Incapacity and End-of-life Decisions**" - National Business Institute (2013)
- Presenter "S**pecial Needs Trusts - Who Needs Them and How to Create One**" - Special Needs Coalition - Workshop (2013)
- Presenter "**Administering the California Special Needs Trust: Learn How to Properly Manage Any Type of SNT**" - Institute for Professional Fiduciary Studies (2013)
- Presenter "**Estate Planning For a Loved One with a Disability**" - Academy of Special Needs Planners (2014)
- Presenter - "**The Most Fundamental Issues Confronting Families of Children with Disabilities**" - Merrill Lynch Wealth Management (2014)
- Presenter "**Current Issues in Disability, Special Needs & Trust Administration**" - Professional Fiduciary Association of California Conference (2014)
- Presenter "**Special Needs Planning: A Guide for Parents and Grandparents**" - The Orange County Asperger's Support Group (2015)
- Presenter "**10 Costly Mistakes When Planning for a Loved One with Special Needs**" – The Orange County Asperger's Support Group (2016); Down Syndrome Association of Orange County (2016, 2018); KCNQ2 Cure Alliance National Meeting (2018)
- Presenter "**Achieving a Better Life Experience - 'The ABLE Act'**" – Team of Advocates for Special Kids (TASK) (2016)

**Exhibit 5**
**11**

**A U T H O R / P R E S E N T E R ,   C O N T ' D**

- Presenter "**First and Third Party Special Needs Trusts**" - Professional Fiduciary Association of California Conference (2016)
- Presenter "**What Every Attorney Needs to Know About Government Benefits**" - Consumer Attorneys of Inland Empire, Chapter of the Consumer Attorneys of California and the Orange County Trial Lawyers Association (2017)
- Presenter "**How to Plan for Your Special Needs Child**" – The Orange County Asperger's Support Group (2016)
- Presenter "**Settlement Planning for those with Special Needs: Case Studies Using the Collaborative Approach**" - ProVisors (2017)
- Presenter "**Estate Planning 101**" - Orange County ALA Legal Secretary Course (2017)
- Presenter "**Special Needs Subtrust vs. Standalone Special Needs Trust**" - Orange County Bar Association Elder Law Section (2017)
- Presenter "**ABLE - Achieving Better Life Experience**" - Special Olympics Orange County Regional Leadership Council (2017)
- Presenter "**Administering Third Party Special Needs Trusts**" - Orange County Bar Association Trusts and Estates Section (2017)
- Presenter "**Planning for a Loved One with Special Needs and the Able Account 2018**" - Downs Syndrome Association of Orange County (2018)
- Presenter "**Top Challenges for the Attorney in a Special Needs Trust Administration**" - Academy of Special Needs Planners National Conference (2018)
- Presenter "**Take Action: The Busy Parent's Guide to Building your Life Plan**" - Girl Scouts of America - Volunteer Conference (2018)
- Presenter "**The Interplay Between Child Support, Special Needs Trusts and Government Benefits**" - Orange County Bar Association Family Law Section (2018)
- Presenter "**Administering Third Party Special Needs Trusts: Ins and Outs - the Do's and the Dont's**" - Orange County Bar Association (2018)
- Presenter "**The Valuable Estate Planning Paralegal: Drafting Beyond the Basic Estate Plan**" - Orange County Paralegal Association (2018)
- Presenter "**The Planning Toolbox for a Person with Disabilities**" - North Orange Continuing Education - Cypress Center (2018)
- Presenter "**Planning for Incapacity**"- It's Your Estate Workshop (2018)
- Presenter "**Structured Settlements and the Special Needs Trust**" - National Structured Settlement Trade Association (2018)
- Presenter "**Estate Planning Essentials for Non-Trusts & Estate Lawyers**" - Orange County Bar Association (2019, 2020)
- Presenter "**Special Needs Planning and Wealth Management**" - Morgan Stanley (2019)
- Presenter "**Navigating the Medi-Cal Lien Machine**" - Orange County Trial Lawyers Association (2019)
- Presenter "**Let's Get to the Heart of the Matter: First Party Special Needs Planning and the Benefits and Services Available to Promote the Quality of Life for Individuals with Disabilities**" - Orange County Bar Association Trust & Estates Section (2019)
- Presenter "**The Ins and Outs of Trust Administration**" - Capital First Trust Company (2019)
- Presenter "**Special Needs Trusts and Conservatorships**" - The Orange County Asperger's Support Group (2020)
- Presenter "**The Planning Toolbox for a Person with Disabilities: Conservatorships, Estate Plans & Special Needs Trusts**" - Down Right Blessed (2020)
- Presenter "**How to Protect Your Assets and the People You Love**" - Handel on the Law - Law Day (2020)

**Exhibit 5**
**12**

## TRAINING PROVIDED TO

- UNION BANK OF CALIFORNIA, NA & UNION BANK OF CALIFORNIA INVESTMENTS
- BANK OF AMERICA & BANK OF AMERICA,INVESTMENT SERVICES, INC.
- CITIBANK
- WELLS FARGO BACK
- AMERIPRISE
- HARTFORD INSURANCE
- EDWARD JONES INVESTMENT COMPANIES
- CAPITAL FIRST TRUST COMAPNY

## AWARDS

- LAW FIRM 500 HONOREE, 2020 & 2017

Exhibit 5
13