H. Dean Steward, SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR LEAVE TO DESIGNATE AN ALTERNATE EXPERT ON THE SUBJECT OF SPECIAL NEEDS TRUSTS AND OBJECTION TO AND REQUEST TO EXCLUDE THE PROPOSED TESTIMONY |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his counsel of record, H. Dean Steward, hereby files this Opposition to the Government's Motion For Leave to Designate an Alternate Expert on the Subject of Special Needs Trusts and Objection to and Request to Exclude the Proposed Testimony. Defendant's opposition to the motion is based on the attached memorandum of points and authorities; the files, records and transcripts in this case; and such further evidence and argument as the Court may permit at a hearing on this matter.

//
//
//

Dated: April 5, 2021                    Respectfully submitted,

/s/ H. Dean Steward
 H. DEAN STEWARD

Attorney for Defendant
MICHAEL JOHN AVENATTI

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.      INTRODUCTION AND FACTUAL BACKGROUND

On November 2, 2020, following the hearing on the government's proposed experts, the Court requested supplemental briefing as to the defendant's argument that it would be improper to have a legal ethics expert come before the jury and testify as to what the law is. [Dkt. 373.]. The defendant and the government subsequently submitted supplemental briefing on November 9, 2020. [Dkt. 380, 381.]. The parties await a ruling from the Court.

On March 16, 2021, the government provided notice of the government's intention to designate a local attorney, Ms. Susan Katzen, as an expert regarding structured settlements and special needs trusts and sent the defense a summary of her anticipated testimony. [Dkt. 430-1, Wyman Decl., Ex. 5, pp. 1-3]. Based on the government's disclosure, Ms. Katzen appears to have no prior experience serving as a designated expert in any legal proceeding nor does she appear to have ever been qualified or permitted to testify as an expert. Further, for many of the same reasons set forth in defendant's supplemental brief regarding the government's proposed ethics expert (Mr. Kevin Mohr), defendant objects to the government being granted leave to designate Ms. Katzen as an expert regarding special needs trusts and to her proposed testimony. Indeed, the summary provided by the government demonstrates that Ms. Katzen's testimony would violate Federal Rules of Evidence 702, 704 and 403.

As a result, the government's motion should be denied and the testimony excluded. In the alternative, defendant requests that the Court hold a *Daubert* hearing prior to ruling on the motion and permitting any testimony from Ms. Katzen.

## II. ARGUMENT

### A. Ms. Katzen's Testimony Would Violate Federal Rules of Evidence 702, 704 and 403 and Therefore The Motion Should be Denied and The Testimony Excluded

The government is inviting reversible error by seeking to have the Court allow the designation of Ms. Katzen and permit her proposed testimony. The government proposes to have Attorney Katzen testify as to the legal requirements and standards relating to structured settlements and special needs trusts, including the "particular rules and regulations" and what courts require and do in connection with special needs trusts. [Dkt. 430-1, Wyman Decl., Ex. 5, pp. 1-3]. This is improper and the entirety of Ms. Katzen's proposed testimony must be excluded pursuant to FRE 702, 704 and 403.[1]

The establishment and maintenance of structured settlements and special needs trusts are governed by state and federal law, including but not limited to California Probate Code §§ 3600 *et seq*. and § 4541; the federal Omnibus Budget Reconciliation Act of 1993 (OBRA 1993) (42 U.S.C., § 1396p(d)(4)) and the federal Foster Care Independence Act of 1999 (FCIA) (42 U.S.C., §1382(b)). Each of these statutes, together with others, set forth the exact legal requirements, regulations, standards and rules necessary for establishing and maintaining special needs trusts, including those relating to receipt of funds, how distributions may be made, by whom and when, and various notice requirements.

---

[1] In addition, the government has not provided any disclosure of any instance in which Ms. Katzen has served as an expert, been qualified as an expert, or testified in any proceeding. As a result, pursuant to Rule 702, the defendant further objects to the proposed designation and testimony of Ms. Katzen due to her lack of qualifications and experience. To the extent Ms. Katzen has previously served as an expert or testified, this information should be promptly provided to the defense so that the defense may determine what additional information, if any, must be brought to the attention of the Court and whether additional grounds exist to exclude Ms. Katzen or object to her testimony (i.e. a potential conflict). This is further reason why a *Daubert* hearing may be required. This is even more true if this is the first case in which Ms. Katzen has attempted to serve as an expert and testify.

2

Ms. Katzen should not be permitted to come before the jury in this case and offer testimony regarding the law and legal rules and regulations relating to the establishment and maintenance of special needs trusts. Further, her proposed testimony as to the role courts play and what they do and do not require is especially problematic. Indeed, all of the proposed testimony is <u>widely understood</u> to be inadmissible.

In addition, these rules and regulations are irrelevant in this case. The criminal action before the Court is not an attorney malpractice proceeding where Mr. Avenatti is alleged to have not followed the rules and regulations relating to structured settlements and special needs trusts. Nor is it a state bar ethics proceeding. Whether Mr. Avenatti did or did not follow the rules and regulations relating to the establishment and maintenance of special needs trusts is irrelevant as to whether he committed criminal acts under the federal criminal statutes.

  1. *The Proposed Testimony Violates Federal Rules of Evidence 702(a) and 704*

The testimony proffered by the government is in violation of both Rule 702 and 704. Expert testimony describing and interpreting laws, rules and regulations, and informing the jury about what courts do, is per se improper. Courts have "consistently held" that expert testimony that usurps ***either*** the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it, by definition does not aid the jury in making a decision. *See, e.g., Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005); *Bernstein and Bernstein Litowitz Berger & Grossman LLP*, 814 F. 3d 132, 144 (2d Cir. 2016) ("As a threshold matter, we note that defendants rely in large part on the conclusions of their legal-ethics expert made in a declaration filed in the district court. We do not consider arguments based on this declaration because of our longstanding rule that expert testimony on issues of domestic law is not to be considered."); *Amnesty Int'l USA v. Clapper*, 638 F.3d 118, 128 n.12 (2d Cir. 2011) (holding that the court was "not compelled to accept" a legal-ethics expert's

declaration regarding whether an ethical duty had been triggered, because the question was for the court), *rev'd on other grds.*, ___ U.S. ___, 133 S. Ct. 1138 (2013)); *GST Telecomm., Inc. v. Irwin*, 192 F.R.D. 109, 111 (S.D.N.Y. 2000) (stating that "testimony of legal experts on ethics in the profession is hardly an occasion for which credible experts supply legal opinions") (citation and quotation marks omitted); *Joffe v. King & Spalding LLP*, No. 17-CV-3392 (VEC), 2019 WL 4673554, *3 (S.D.N.Y. Sept. 24, 2019).

As one district court has noted, "[t]he rule prohibiting experts from providing their legal opinions or conclusions is 'so well-established that it is often deemed a basic premise or assumption of evidence law—a kind of axiomatic principle.'" *In re Initial Public Offering Securities Litigation*, 174 F.Supp.2d 61, 64 (S.D.N.Y. 2001) (citing Thomas Baker, "The Impropriety of Expert Witness Testimony on the Law," 40 *U. Kan. L.Rev.* 325, 352 (1992)). "In fact, every circuit has explicitly held that experts may not invade the court's province by testifying on issues of law." *Id.* at 64. "Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards." *Burkhart v. Washington Metropolitan Area Transit Authority*, 112 F.3d 1207 1213 (D.C. Cir. 1997) (citing *Marx & Co. Diners' Club, Inc.* 550 F.2d 505, 509-10 (2d Cir. 1977). **Indeed, federal courts typically "prohibit lawyers, professors, or other experts from interpreting the law for the court or from advising [the factfinder] about how the law should apply to the facts of a particular case**." *Pinal Creek Group v. Newport Mining Corp.,* 352 F. Supp. 2d 1037, 1039 (D. Ariz. 2005)(emphasis added). **Testimony "which articulates and applies the relevant law … circumvents the [factfinder's] decision-making function by telling it how to decide the case."** *Id.* citing *Specht v. Jensen*, 853 F. 2d 805 (10th Cir. 1988)(emphasis added).

Similarly, the Ninth Circuit has rejected legal expert testimony concerning both what the law is and how it should be applied to the facts of a case. *See Aguilar v.*

4

*International Longshoreman's Union Local #10*, 966 F.2d 443 (9th Cir. 1992) (barring legal expert opinion because matters of law were for the court's sole determination). In *Aguilar*, the Ninth Circuit determined that expert testimony which explains the law and provide legal opinions were outside the parameters of Federal Rule of Evidence 702 and "were inappropriate subjects for expert testimony." *Id. See also, United States v. Weitzenhoff*, 35 F. 3d 1275 (expert testimony explaining the legal effect of an environmental permit was improper because the judge cosigned the interpretation of the law to the jury which was "an impressible delegation of the district judge's duties…"). As explained above, special needs trusts are creatures of law and specific legal requirements and regulations. Accordingly, the testimony must be excluded.

        2.  *The Proposed Testimony Violates Federal Rule of Evidence 403*

Pursuant to Federal Rule of Evidence 403, the Court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In addition to the requirements of Federal Rule of Evidence 702 and 704, "expert testimony is subject to Rule 403, and 'may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.' " *Nimely*, 414, F.3d at 397 (quoting Fed. R. Evid. 403). Expert evidence "can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the preset rules exercises more control over experts than lay witnesses." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993); *See also Jinro Am., Inc. v. Secure Invs. Inc.,* 266 F.3d 993 (9th Cir. 2001). Thus, federal courts have held that "Rule 403 bars expert testimony purporting to interpret the governing law, because such testimony will necessarily confuse the jury by providing competing interpretations of the law." *CDX Liquidating Tr. ex rel. CDX Liquidating*

5

*Trustee v. Venrock Assocs.,* 411 B.R. 571, 587 (N.D. Ill. 2009) (citation omitted). "Expert testimony about the governing law is barred under Rule 403 because 'it would be a waste of time if witnesses or counsel should duplicate the judge's statement of the law, and it would intolerably confound the jury to have it stated differently.'" *Id.* (quoting *Specht v Jensen*, 853 F.2d 805, 807 (10th Cir. 1988)). Such testimony should be excluded because the jury could be "misled into adopting outright a legal conclusion proffered by the expert." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d. Cir. 1992).

   The probative value of the proposed expert testimony in this case would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Given the legal background of Ms. Katzen, the jury would naturally defer to her as a super juror. Her testimony would additionally usurp the power of the judge by allowing her to testify as to what the law is and then apply that law to Mr. Avenatti's conduct. Further, permitting her to testify concerning courts, what they require and how they conduct matters before them, would improperly elevate her in the eyes of the jury and be highly prejudicial to the defense.

   In addition, permitting testimony regarding the law concerning special needs trusts and the legal rules and regulations relating to the establishment and maintenance of special needs trusts would turn this criminal case into a civil attorney malpractice case or an attorney grievance proceeding. Indeed, the summary of the proposed testimony makes clear that the government is seeking to convert the charges relating to Client 1 into a case about whether Mr. Avenatti followed the legal requirements concerning the establishment and maintenance of special needs trusts. The government proposes to have Ms. Katzen provide the equivalent of a CLE seminar on the law and regulations concerning structured settlements and special needs trusts. The obvious implication to the jury, if not outright pronouncement by the expert to the jury, will be that Mr. Avenatti did not follow the rules and regulations concerning special needs trusts and

therefore is guilty of the crimes charged. Such testimony would cause extreme prejudice that substantially outweighs its probative value.

Testimony regarding the law and legal rules and regulations relating to the establishment and maintenance of special needs trusts, as well as testimony about the role courts play and what they do and do not require in connection with special needs trusts, is not relevant and must be excluded. To the extent expert testimony about these topics is at all probative, it should be excluded under Rule 403 because of "the uniquely important role that Rule 403 has to play in a district court's scrutiny of expert testimony, given the unique weight such evidence may have in a jury's deliberations.'" *Nimely*, 414 F.3d at 397.

### III. CONCLUSION

For each of the foregoing reasons, Mr. Avenatti respectfully requests that the Court deny the government's motion in its entirety and exclude the proposed testimony of Ms. Katzen. In the alternative, defendant requests that the Court hold a *Daubert* hearing prior to ruling on the motion and permitting any testimony from Ms. Katzen.

Dated: April 5, 2021          Respectfully submitted,

                               /s/ H. Dean Steward
                                 H. DEAN STEWARD

                                 Attorney for Defendant
                                 MICHAEL JOHN AVENATTI

## CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672. I am not a party to the above-entitled action. I have caused, on April 5, 2021, service of the defendant's:

OPPOSITION TO THE GOVERNMENT'S MOTION FOR LEAVE TO DESIGNATE AN ALTERNATE EXPERT ON THE SUBJECT OF SPECIAL NEEDS TRUSTS AND OBJECTION TO AND REQUEST TO EXCLUDE THE PROPOSED TESTIMONY

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 5, 2021

/s/ H. Dean Steward
H. Dean Steward