TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2435
    Facsimile: (213) 894-6269
    Email:    Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
    Ronald Reagan Federal Building
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3598
    Facsimile: (714) 338-3708
    Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

                FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,              SA CR No. 19-061-JVS

          Plaintiff,                   JOINT REPORT

               v.                      Hearing Date: April 7, 2021
                                       Hearing Time: 9:30 a.m.
MICHAEL JOHN AVENATTI,

          Defendant.

          Pursuant to the Court's request, plaintiff United States of

America, by and through its counsel of record, the Acting United

States Attorney for the Central District of California and Assistant

United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, and

///

defendant MICHAEL JOHN AVENATTI, by and through his counsel of record, H. Dean Steward, hereby file their Joint Report.

Dated: April 6, 2021                    Respectfully submitted,

                                        TRACY L. WILKISON
                                        Acting United States Attorney

                                        BRANDON D. FOX
                                        Assistant United States Attorney
                                        Chief, Criminal Division

                                          /s/
                                        BRETT A. SAGEL
                                        ALEXANDER C.K. WYMAN
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

Dated: April 6, 2021                     /s/ (authorization at 11:51 with
                                        additions)
                                        H. DEAN STEWARD

                                        Attorney for Defendant
                                        MICHAEL JOHN AVENATTI

2

**TABLE OF CONTENTS**

I.   THE COURT'S AGENDA FOR THE APRIL 7, 2021, STATUS CONFERENCE....1

II.  DISCLOSURES................................................2

     A.   Advice of Counsel (20 Days Before Trial)..................2

          1.   USAO's Statement....................................2

          2.   Defendant's Statement...............................2

     B.   Status of Avenatti's Reciprocal Discovery Obligations.....2

          1.   USAO's Statement....................................2

          2.   Defendant's Statement...............................3

III. MOTIONS.  DEADLINE ALREADY PAST............................3

     A.   USAO's Statement.........................................3

     B.   Defendant's Statement....................................4

IV.  GOVERNMENT'S MOTION FOR ADDITIONAL EXPERT......................4

     A.   USAO's Statement.........................................4

     B.   Defendant's Statement....................................4

V.   TRIAL ISSUES...............................................5

     A.   Current Trial Estimate...................................5

          1.   USAO's Statement....................................5

          2.   Defendant's Statement...............................5

     B.   Logistics for Mr. Avenatti's Attendance..................5

          1.   USAO's Statement....................................5

          2.   Defendant's Statement...............................6

     C.   Time Qualified Jurors or MJ Screening....................6

          1.   USAO's Statement....................................6

          2.   Defendant's Statement...............................6

     D.   Size of Venire...........................................6

          1.   USAO's Statement....................................6

2.  Defendant's Statement...................................7

E.  Questionnaire: Screening Re Avenatti Publicity or More Extensive...................................................7

    1.  USAO's Statement....................................7

    2.  Defendant's Statement...............................8

F.  Voir Dire...................................................9

    1.  USAO's Statement....................................9

    2.  Defendant's Statement..............................10

G.  Agreed Statement in Lieu of Reading Indictment..........10

H.  Jury Instructions (Due May 13, 2021)....................10

I.  Jury: 12 + 2 OR 4.......................................11

J.  Peremptory Challenges: 10 And 6 Plus 1/2 For Alternates................................................11

VI. ADDITIONAL ISSUES BY DEFENDANT.............................11

A.  Whether [EA Employee 1] Will Testify....................11

    1.  Defendant's Statement..............................11

    2.  USAO's Statement...................................12

B.  Whether the Government's Proposed Ethics Expert Will Be Permitted to Testify..................................13

    1.  Defendant's Statement..............................13

    2.  USAO's Statement...................................13

C.  Transcripts and Questionnaires Related to Jury Selection................................................14

    1.  Defendant's Statement..............................14

    2.  USAO's Statement...................................15

D.  Trial Continuance.......................................15

    1.  Defendant's Statement..............................15

    2.  USAO's Statement...................................16

**JOINT REPORT**

**I.    THE COURT'S AGENDA FOR THE APRIL 7, 2021, STATUS CONFERENCE**

The Court requested the United States Attorney's Office for the Central District of California (the "USAO") and defendant MICHAEL JOHN AVENATTI ("defendant") to file a joint report addressing the following:

1.    Disclosures:

       a.    Advice of Counsel (20 days before trial).

       b.    Status of Avenatti's reciprocal discovery obligation.

2.    Motions.  Deadline already past.

3.    Government's motion for additional expert.

4.    Trial issues:

       a.    Current trial estimate.

       b.    Logistics for Mr. Avenatti's attendance.

       c.    Time qualified jurors or MJ screening.

       d.    Size of venire: 150?

       e.    Questionnaire: screening re Avenatti publicity or more extensive?

       f.    Voir dire:

             i.    Individual re Avenatti publicity.

             ii.   Balance in group: 16 at a time.

                   (I)   1 hour per side for initial group.

       g.    Agreed statement in lieu for reading Indictment.

       h.    Jury instructions (due May 13, 2021).

             i.    Initial

             ii.   final

       i.    Jury: 12 + 2 or 4

j.   Peremptory challenges: 10 and 6 plus 1/2 for alternates.

The parties' respective positions regarding these issues are set forth below.

## II.  DISCLOSURES

### A.   Advice of Counsel (20 Days Before Trial)

#### 1.   USAO's Statement

This Court previously ordered defendant to "disclose his intent to rely on advice of counsel and all evidence that would support that defense . . . no later than 20 days before trial."  (CR 371 at 6-7.) If defendant does not comply with this deadline, the Court should preclude defendant from confusing the jury by making any arguments, questioning any witnesses, or presenting any evidence concerning any alleged legal advice defendant received.

#### 2.   Defendant's Statement

Defendant will comply with the Court's prior Order and inform the government no later than 20 days before trial.

### B.   Status of Avenatti's Reciprocal Discovery Obligations

#### 1.   USAO's Statement

After defendant failed to comply with his stipulated deadline to produce reciprocal discovery, on October 30, 2020, this Court ordered defendant to start producing his reciprocal discovery to the government "within seven days and shall complete production no later than December 1, 2020." (CR 371 at 6.)  Neither prior to the Court's Order nor during the time period in which the Court ordered defendant to produce reciprocal discovery did defendant produce any reciprocal discovery.  On December 13, 2020, the government filed a status report with the Court stating that defendant produced no discovery

2

pursuant to the Court's Order (CR 387), and defendant then sent two documents, totaling six pages of reciprocal discovery, to the government on December 17, 2020.  Defendant has produced no additional discovery since then.  Barring a showing of good cause, this Court should exclude any exhibits defendant failed to produce pursuant to his reciprocal discovery obligations and deadlines.

   2. Defendant's Statement

  Defendant is continuing to review discovery in this case and may provide additional reciprocal materials promptly upon discovery. Defendant has been hampered by the government's failure to produce materials and information as required by *Brady v. Maryland*, 373 U.S. 83(1963), *United States v. Bundy*, 968 F.3d. 1019, 1033 (9th Cir. 2020); *United States v. Price*, 566 F. 3d 900, 909 (9th Cir. 2009); *United States v. Olsen*, 704 F.3d 1172, 1183 n.3 (9th Cir. 2013); Fed. R. Crim. P. 16; and the Court's January 25, 2021 Order (Dkt. 408). The government's specific failures to produce information and materials to the defense as required will be set forth in an additional letter to the government this week.

**III.** **MOTIONS.   DEADLINE ALREADY PAST**

 **A.** **USAO's Statement**

  The September 14, 2020, motions deadline to which defendant stipulated and this Court ordered has passed.  Defendant on at least two occasions attempted to continue the motions deadline (CR 260, 274), which this Court denied each time (CR 263, 295 ("Avenatti may apply for the late filing of any motion upon a particularized showing of good cause relating the specific issues raised by any late tendered motion.")).  At the October 19, 2020, motions hearing, the Court set a new briefing schedule, to which defendant agreed, for any

1   outstanding issues related to defendant's privilege motion.  (CR

2   371.)  Defendant first filed an <u>ex parte</u> application for a new

3   briefing schedule (CR 359), this Court denied the application (CR

4   363), and defendant filed a notice of withdrawal of his privilege

5   motion (CR 378).[1]  All motions deadlines have passed and defendant

6   would need to seek leave of the Court and demonstrate particularized

7   good cause as to what precluded the timely filing of the motion.

8       **B.   Defendant's Statement**

9       The defense is aware of the Court's prior deadline but reserves

10   the right to file additional motions and demonstrate good cause if

11   necessary.

12   **IV.   GOVERNMENT'S MOTION FOR ADDITIONAL EXPERT**

13       **A.   USAO's Statement**

14       The government relies upon its previously filed documents (CR

15   430; <u>see also</u> CR 285), and this Court's prior Order (CR 371) and

16   statements at the January 6, 2021, status conference (1/6/2021 RT 9

17   ("I indicated that if the parties couldn't resolve that by some sort

18   of stipulation I would allow the government to secure a new

19   expert.")).  Pursuant to this Court's Order Re Criminal Trial and the

20   Central District of California's Local Criminal Rules, defendant's

21   opposition to the government's two-page motion for leave to designate

22   an alternative expert was due on April 5, 2021.

23       **B.   Defendant's Statement**

24       Defendant's opposition to the motion was filed on April 5, 2021.

25   (Dkt. 432). As set forth in the opposition, there are significant

26

27       [1] The Court also provided additional dates for defendant to file
any renewed privilege motion, including at the January 6, 2021,

28   status conference whereby the Court set a deadline of January 22,
2021; defendant filed nothing.

1    issues relating to the retention and proposed testimony of Ms.

2    Katzen.

3 **V.**    **TRIAL ISSUES**

4       The USAO and the defendant propose the following in response to

5    the trial issues raised by the Court in its agenda.  The government's

6    proposals are contingent on what the Court and Clerk's Office

7    determines is possible.

8       **A.    Current Trial Estimate**

9         1.    USAO's Statement

10       With reasonable cross-examination and defense case, if any,

11    approximately 12-15 trial days (not including jury selection).

12         2.    Defendant's Statement

13       Defendant's trial estimate is 18-20 court days excluding jury

14    selection.

15       **B.    Logistics for Mr. Avenatti's Attendance**

16         1.    USAO's Statement

17       The Court recently extended defendant's temporary release until

18    May 31, 2021 (CR 425).  According to a filing by defendant in one of

19    his other criminal cases, defendant claims he will receive his first

20    of two COVID-19 vaccines by the end of April (see United States v.

21    Avenatti, No. S1 19 CR 373 (PGG), Doc 311); thus, defendant should

22    receive both doses by the end of May.  Moreover, as of March 31,

23    2021, Orange County entered the Orange Tier of the State's Blueprint

24    for a Safer Economy.  See, e.g., https://covid19.ca.gov/safer-

25    economy/; https://occovid19.ochealthinfo.com/.  Barring a dramatic

26    change in the COVID-19 numbers and landscape, the government

27    maintains that this Court should no longer extend defendant's

28    temporary release.  As such, the United States Marshals Service can

and will capably handle the logistics of defendant's attendance at trial.  If, however, the Court permits defendant to remain on release pending trial, defendant will need a suitable third party to bring defendant to and from the courthouse for each trial day.

### 2.   Defendant's Statement

Mr. Avenatti should remain on temporary release through the trial.  He should be permitted to travel between Venice and the courthouse, as well as his counsel's office, subject to approval and conditions by Pre-Trial Services. Remanding Mr. Avenatti to custody will substantially interfere with the defendant and his counsel's ability to prepare for trial in this complex case with well over 1 million pages of discovery. Further, were Mr. Avenatti to be remanded, the defense will likely lose at least one month of trial preparation because Mr. Avenatti would be required to travel to New York for his sentencing in the Nike-related matter (scheduled for June 30, 2021), and then back to the Central District, all while in custody. This is highly prejudicial and unnecessary. The defense is prepared to formally brief this issue if required.

### C.   Time Qualified Jurors or MJ Screening

#### 1.   USAO's Statement

The government has no objection to either time-qualified jurors or a magistrate judge screening potential jurors.

#### 2.   Defendant's Statement

The defendant requests time qualified jurors.

### D.   Size of Venire

#### 1.   USAO's Statement

The government believes 150 is a sufficient venire.

2. <u>Defendant's Statement</u>

The defendant requests a venire of no fewer than 150 individuals.

**E.   Questionnaire: Screening Re Avenatti Publicity or More Extensive**

1. <u>USAO's Statement</u>

The government believes the Court should utilize a detailed jury questionnaire that would include many of the questions the Court and the parties would ask in voir dire as well as additional questions dealing with any publicity relating to this specific case.  The government suggests that the parties either: (a) submit a Joint Proposed Jury Questionnaire to the Court on June 7, 2021, or earlier, which would include questions to which both parties agree, as well as any questions one party believes should be included in the questionnaire -- along with any objections from the other side; or (b) simultaneously submit proposed questions for a jury questionnaire by June 1, 2021, or earlier, and file any objections to questions by June 7, 2021.  If necessary, the Court can schedule a status conference to finalize the jury questionnaire.

The government further proposes that the 150-person venire should come to the Courthouse in groups, both in the mornings and afternoons, on June 28-30, 2021, to fill out detailed jury questionnaires (i.e., approximately 25 people in each morning and afternoon of these three days).  The parties would then receive the completed questionnaires by July 2, 2021.  The parties would then provide the Court by July 6, 2021, a joint report on which prospective jurors the parties would seek to strike for cause, including the jurors the parties would jointly agree to dismiss as

1  well as any jurors either side believes should be stricken for cause

2  and why.

3      2.   Defendant's Statement

4      In order to ensure a clear record, the defendant intends to file

5  his requested and proposed jury questionnaire no later than Monday,

6  April 12. This extensive questionnaire will include questions

7  relevant to publicity and issues anticipated in connection with the

8  trial. If the government objects to the defendant's questionnaire, or

9  wishes to propose additional questions, they should be required to do

10 so no later than April 26. The defense should then be permitted one

11 week to respond to the government's submission. To the extent any

12 issues remain, the Court can schedule a status conference to finalize

13 the jury questionnaire at the Court's convenience.

14     Due to the pandemic, the defense is presently unaware of the

15 logistics of having jurors appear to fill out the questionnaire,

16 including how many will be permitted at any given time, what schedule

17 is agreeable to the Court and its staff, etc. As a result, the

18 defense requests input from the Court before taking a definitive

19 position as to the logistics concerning completion of the

20 questionnaires. However, the defense objects to jury selection or any

21 other portion of the trial beginning before July 13, 2021 as

22 scheduled. Undersigned counsel has a trial in June before Judge

23 Carter and he will be busy preparing for the trial in this case

24 immediately afterward up through and including July 13, 2021. In

25 addition, Mr. Avenatti will also be preparing for his sentencing in

26

27

28

the Nike-related matter, which is presently scheduled for June 30 and will require travel to New York.[2]

**F.    Voir Dire**

1.    USAO's Statement

a.    Individual re Avenatti publicity – The government would propose that starting on July 7, 2021 (and through July 9, 2021, if necessary), the Court and the parties would conduct individualized voir dire for the prospective jurors with whom either side wishes to follow-up to possibly strike for cause.  This individualized voir dire would not be limited only to publicity issues, but any for-cause bases.

b.    Balance in group: 16 at a time – 1 hour per side for initial group – The government proposes that general voir dire to exercise peremptory challenges would continue when the individualized for-cause voir dire concludes.  If the individualized voir dire concludes at any time during July 7-9, 2021, the general voir dire would start at that time and would continue until completed.  The government has no objection to the general voir dire proceeding in groups of sixteen.  The government believes, at most, fifteen minutes per side would be sufficient for the first group, and would and should be quite limited due to the use of the extensive jury questionnaire.

---

[2] **Government's Response:** Defendant and his counsel have known about and have had time to prepare for each of the matters defendant references for well over a year.  Moreover, the venire coming in to complete the questionnaire as proposed by the government starting on June 28, 2021, and the parties receiving the completed questionnaires by July 2, 2021, requires nothing additional from the parties.

1          2.    Defendant's Statement

2              a.    Individual re Avenatti publicity – No fewer than

3   24 hours after completion of all of the questionnaires,

4   individualized voir dire should be conducted at side bar as to any

5   questionnaire response that poses a concern to the government or the

6   defendant. As stated above, the defendant objects to any portion of

7   the trial or jury selection starting early.

8              b.    Balance in group: 16 at a time – 1 hour per side

9   for initial group – Following individualized voir dire concerning the

10  questionnaires, general voir dire for potential cause and preemptory

11  challenges should last one hour per side, not including voir dire

12  conducted by the Court, for the initial group of 16. The government's

13  proposal of 15 minutes per side is insufficient to ensure that a fair

14  and impartial jury is seated in a case of this complexity and

15  extensive publicity.

16      **G.    Agreed Statement in Lieu of Reading Indictment**

17      The parties agree to a statement of the case being read in lieu

18  of reading Counts 1-10 of the indictment.  The parties agree that the

19  proposed statement could be submitted to the Court by May 13, 2021,

20  along with the jury instructions.

21      **H.    Jury Instructions (Due May 13, 2021)**

22      The parties plan to proceed pursuant to this Court's prior

23  orders and statements at the January 6, 2021, status conference, and

24  provide the proposed jury instructions in this matter by May 13,

25  2021.[3]   The parties propose that the Court set a hearing on the jury

26

27  _____

28      [3] At the upcoming status conference, the parties will seek
    further guidance and clarification on exactly what the Court will
    want on May 13, 2021.

                                    10

instructions, and the government can submit a finalized version of the jury instructions based on the rulings of the Court, on a date determined by the Court.

**I.   Jury: 12 + 2 OR 4**

The parties agree four alternate jurors are appropriate under the circumstances.

**J.   Peremptory Challenges: 10 And 6 Plus 1/2 For Alternates**

The parties agree that pursuant to Federal Rule of Criminal Procedure 24, the defendant and government should receive 10 and 6 peremptory challenges, respectively, and an additional two per side only for alternate jurors.

**VI.   ADDITIONAL ISSUES BY DEFENDANT**

**A.   Whether [EA Employee 1] Will Testify**

1.   Defendant's Statement

[EA Employee 1] is a critical witness at the center of this case who participated in all or nearly all of the financial transactions at issue in Counts 1 through 10 of the Indictment. She has been known to the government for over two years and has been interviewed/questioned by the government on at least a half a dozen occasions. Based on statements made within the last 10 days by her counsel in a related civil matter, the defense understands that she intends on invoking her Fifth Amendment privilege at trial in this case unless she is granted full immunity (which presumably includes both State and Federal immunity).  According to a declaration signed on March 31, 2021 by Mr. Francis Donohue, an attorney for the witness, and representations made on the record last Friday to Orange County Superior Court Judge Robert Moss by Steven Bledsoe, an attorney for the individual identified as Client 3 in the Indictment,

11

1    [EA Employee 1] is asserting her Fifth Amendment right and requiring

2    a grant of immunity or similar agreement before she will agree to

3    testify.  Because it has a significant impact on the defendant's

4    planned defense and trial preparation, the defense needs to know well

5    before trial whether [EA Employee 1] will be granted State and

6    Federal immunity and then testify, or whether she will assert her

7    Fifth Amendment right and not testify. To date, the government has

8    not produced any information or materials reflecting any

9    communications about, or requests relating to, immunity for [EA

10   Employee 1]. If any such information or materials exist, it is *Brady*

11   and should be immediately produced.

12           2.   USAO's Statement

13        EA Employee 1 voluntarily met with the government and provided

14   statements on several occasions (defendant received the memorandum of

15   interviews of these meetings in 2019).  She also testified against

16   defendant in February 2020 in the trial that led to defendant's

17   criminal convictions.  At no point did EA Employee 1 invoke her Fifth

18   Amendment Rights or ask for immunity.  Defendant's complaint that the

19   government has not produced any communications about this issue --

20   which he claims would be *Brady* material -- is just the latest example

21   of many, in which defendant is demanding exculpatory evidence that

22   simply does not exist (and if it did, it would be *Giglio* material,

23   not *Brady*).  If at any point this changes, the government, as it has

24   done to date, will comply with its discovery obligations.[4]

25   _____

26        [4] For the first time this morning, defendant provided the "facts
     supporting" his claim, which occurred a week ago on March 31, 2021,
27   in one of his civil cases.  This was the first the government knew
     about it and the government obtained the declaration to which
28   defendant references thereafter.  Defendant fails to include both the

                                              *(footnote cont'd on next page)*

**B.    Whether the Government's Proposed Ethics Expert Will Be Permitted to Testify**

       1.    Defendant's Statement

The Court previously requested additional briefing on the defendant's objections to the proposed testimony of the government's proposed ethics expert. (Dkt. 373). The government and the defendant subsequently filed supplemental briefs on November 9, 2020. (Dkt. 380, 381). A decision has not yet been issued by the Court. If the Court permits the testimony over the objection of the defendant, the defendant may seek leave to offer a rebuttal expert depending on the scope of the Court's Order.

       2.    USAO's Statement

The Court directly addressed this matter in its Order re Pretrial Motions (CR 372 at 14-15) and at the January 6, 2021, status conference.  Specifically, the Court stated:

> As part of the law and motion practice, I dealt with the issue of whether the government is going to be allowed to present a legal expert. I had asked as an alternative that the parties meet and confer and see if they couldn't come up with a stipulation as to what the relevant law would be, in essence, the jury instructions. The government tendered a proposal to Mr. Steward, and I understand that that wasn't acceptable.
>
> At this point, I'm of the view that dealing with the issue of the applicable law and the duties of a lawyer absent a stipulation of the parties is done by instructions.  I will ask you to submit proposed instructions 60 days in advance of trial dealing specifically with that issue.

---

context of the declaration -- which was in support of a motion to continue the civil trial until after the criminal case -- and that it specifically states that EA Employee will "will not hesitate to invoke those rights in the civil trial if it were to proceed before the criminal trial."  (emphasis added).  The government can provide the Court with the declaration if the Court wants to see a copy.

1    (1/6/21 RT 8.)   The government will submit its proposed ethics jury

2    instruction on May 13, 2021.

3          **C.    Transcripts and Questionnaires Related to Jury Selection**

4                **1.   Defendant's Statement**

5          The defense in the Nike-related matter recently learned for the

6    first time that a reporter from the *New York Post* was present at side

7    bar during individualized voir dire, without the knowledge or consent

8    of the defendant or his counsel. The reporter subsequently published,

9    prior to a jury being impaneled, articles referencing private

10   statements made by prospective jurors at side bar. The defendant

11   objects to any similar attendance at side bar in this case and

12   further objects to any release of any transcript from individualized

13   voir dire before a verdict is reached. The defendant also objects to

14   any release of any questionnaires completed by any member of the

15   venire before a verdict is reached. Absent these protections, there

16   is a significant risk of prejudice to Mr. Avenatti.  If necessary,

17   the defense is prepared to brief this issue as defendant's objections

18   are well taken. *See, e.g. Richmond Newspapers, Inc. v. Virginia*, 448

19   U.S. 555, 598, ft. 23 (1980)(Brennan, J. and Marshall, J.

20   concurring)("when engaging in interchanges at the bench, the trial

21   judge is not required to allow public or press intrusion upon the

22   huddle."); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609

23   n. 25 (1982); *In Re Associated Press*, Order on Petition for Writ of

24   Mandemus, no. 06-1301, pt. 4, 10-12 (4th Cir. - Mar. 22 2006)(denying

25   multiple news organizations contemporaneous access to transcripts of

26   bench conferences conducted during the course of the trial after the

27   district court had ruled that access to transcripts of side bar

28

1 conferences "would undermine the very reason for having such

2 conferences.")

3         2.    <u>USAO's Statement</u>

4      The government will defer to the Court on this issue but notes

5 that defendant's request may be contrary to the First Amendment and

6 Supreme Court precedent. <u>See</u> <u>Richmond Newspapers, Inc. v. Virginia</u>,

7 448 U.S. 555, 576-80 (1980) (holding the First Amendment guarantees

8 the right to attend criminal trials both for the public and the media

9 and that right to attend includes the right of access and the right

10 to gather information); <u>see also</u> <u>Press-Enterprise Co. v. Superior</u>

11 <u>Court</u>, 464 U.S. 501, 508-10 (1980) (extending the holding from

12 <u>Richmond Newspapers</u> that the right of access and to gather

13 information applies to voir dire in criminal trials as well, and

14 provides a test to overcome "[t]he presumption of openness").[5]

15     **D.   Trial Continuance**

16         1.    <u>Defendant's Statement</u>

17      The defendant believes a continuance is necessary due to COVID-

18 19, jury selection and associated issues, and the failure of the

19 government to timely produce information as required by *Brady, Bundy,*

20 *Price, Olsen*, Rule 16 and the Court's January 25, 2021 Order. The

21 defendant will file a motion seeking a continuance within 30 days of

22

23      [5] Based on information provided by the SDNY AUSAs who handled
defendant's previous criminal trial, defendant's factual claims are

24 also dubious. First, it is difficult to believe defendant's claim
that he just "recently learned for the first time" this information

25 as it was obvious to all that there was an individual at side bar,
not part of the government or defense team, with a notepad taking

26 notes. And, as defendant acknowledges, the individual was
contemporaneously reporting the information. Moreover, the court

27 likely did not obtain defendant's "consent" due to binding caselaw
and the First Amendment, which specifically permit the procedures the

28 court allowed. Finally, the statements were on the record,
transcribed in real time, which defendant never sought to seal.

the status conference and after the Central District issues its anticipated COVID-19 jury trial protocols. In that motion, the defendant will explain in detail why a brief continuance should be granted.

2. USAO's Statement

As the government noted at the beginning of this case when defendant appeared without retained counsel at multiple hearings: "defendant has a pattern and practice of using delay tactics to avoid responsibility for his conduct." (CR 26 at 4.) This is just defendant's latest attempt. This case has been pending for over two years, the government has complied with its discovery obligations -- many times far in advance of when the disclosures are required -- and the victims of defendant's conduct have speedy trial rights. The real victims of defendant's conduct charged in Counts 1-10 lost millions of dollars due to defendant's criminal conduct and are waiting to have their rights vindicated. A continuance would prejudice them. There is no basis for a continuance of the trial in this case. Even defendant's suggestion that he will file the motion "within 30 days" shows defendant's bad faith and his ongoing attempts to delay.

**E. Request that the Court Orally Direct the Government Per the General Order and the DPPA**

1. Defendant's Statement

Unfortunately the defense anticipates significant issues emerging immediately before trial and at trial relating to the government's failure to timely produce information and materials favorable to the defense as required under *Brady v. Maryland* and its progeny, including *Bundy*, *Price*, and *Olsen*. As a result, and in order

16

to ensure there is no ambiguity, the defendant requests that the Court, at the status conference and pursuant to the General Order (21-02) recently issued by the Chief Judge of the Central District and the Due Process Protections Act, (a) issue the oral admonitions and warnings to the government contained within the General Order (21-02), (b) require each representative of the government in this case to acknowledge on the record, the admonitions and warnings required by the General Order, and (c) direct that the docket in this case include an entry reflecting the admonitions and warnings issued to the government and their acknowledgements.

2. <u>USAO's Statement</u>

At 9:05 this morning, when this joint status report is due, defendant raised this additional issue for the first time -- along with additional facts and claims in his reciprocal discovery response and regarding EA Employee 1's testimony. The government will be prepared to respond, if necessary, at the status conference, but clearly defendant has not appreciated the Court's pronouncement: "While the Court does not subscribe to the view that repetition creates truth, others may wonder." (CR 377, Ex. B at 2.)