H. Dean Steward, SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
| Plaintiff, | DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY OF SUSAN KATZEN AND REQUEST FOR *DAUBERT* HEARING |
| v. | |
| MICHAEL JOHN AVENATTI, | [Proposed Order filed concurrently herewith] |
| Defendant. | |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his counsel of record, H. Dean Steward, hereby files this Motion in Limine to Exclude Expert Testimony of Susan Katzen and Request for *Daubert* Hearing. Defendant's motion is based on the attached memorandum of points and authorities; the files, records and transcripts in this case; the Reply to be filed following the government's opposition, and such further evidence and argument as the Court may permit at a hearing.

Dated: April 14, 2021          Respectfully submitted,

/s/ H. Dean Steward
 H. DEAN STEWARD

Attorney for Defendant
MICHAEL JOHN AVENATTI

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.     INTRODUCTION AND FACTUAL BACKGROUND

On November 2, 2020, following the hearing on the defendant's objections to the government's proposed experts, the Court requested supplemental briefing as to the defendant's argument that it would be improper for the government to be permitted to have a legal ethics expert (Mr. Kevin Mohr) come before the jury and testify as to what the law is.  [Dkt. 373.]  The defendant and the government subsequently submitted supplemental briefing on November 9, 2020. [Dkt. 380, 381.]  On April 7, 2021, in connection with the status conference in this matter and the defendant requesting a formal ruling on his prior *Daubert* challenge relating to Mr. Mohr, the Court stated:

> With regard to the government's designation of a legal expert <u>on a lawyer's obligations</u>, I had requested additional briefing, and I thought that I had sent out an order – I'll go back and check – to the effect that I'd come to a different conclusion after reviewing the supplemental supplement showings and concluded that the best way to deal with the obligations of lawyers is to do it by way of the jury instructions. . . . [I]t seems to me that presenting that material by way of a jury instruction <u>recognizes that there are legal issues there, and it's for the Court to advise the jury with regard to legal issues</u>.

[Transcript, pp. 4:20 – 5:7 (emphasis added).]  After the government claimed that the Court had already announced its ruling at the January 6, 2021 status conference, the Court added:  "Well, then the record is clear, so I don't think we need an additional order for the record." [Transcript, pp. 19-20.]  As a result, the government's proposed legal ethics expert has been excluded for the reasons outlined by the defendant in his submissions.  <u>The Court should now exclude the testimony of the government's most recent proposed expert, local attorney Ms. Susan Katzen, for the same reasons, as well as those additional reasons set forth below</u>.

On March 16, 2021, the government provided notice of the government's intention to designate Ms. Katzen as an expert regarding structured settlements and special needs trusts and sent the defense a summary of her proposed testimony.  [*See* Exhibit 1 (the "Disclosure").]  This followed the Court sustaining the defendant's objection that the government's prior proposed expert on the same subjects had a conflict that required her exclusion.  On April 7, 2021, the Court permitted the government to designate Ms. Katzen as a replacement expert, but specifically stated:  "Mr. Steward, if you have any Daubert [] objections or a sufficiency of disclosure objection, I think you are free to bring that."  [Transcript, p. 4:16-18.][1]

Permitting Ms. Katzen to testify would violate the principles outlined in *Daubert* and its progeny, as well as in Federal Rules of Evidence 702, 704 and 403.  <u>First</u>, the Disclosure demonstrates that Ms. Katzen, like the government's prior excluded legal ethics expert, intends to testify regarding legal issues, such as a lawyer's duties and obligations associated with special needs trusts and structured settlements and how courts operate.  This is improper and the government has once again invited reversible error by attempting to inject this testimony into the trial.  <u>Second</u>, Ms. Katzen is not qualified to testify in this serious criminal matter.  According to the Disclosure, she appears to have no prior experience serving as a designated expert in any legal proceeding nor does she appear to have ever been qualified or permitted to testify as an expert.[2]  <u>Third</u>, Ms. Katzen's methodology is flawed as she does not appear to have reviewed sufficient data and materials prior to reaching her opinions nor is there any indication that she applied her alleged knowledge and skill to any facts or data.  <u>In fact, the Disclosure is completely silent as what information, if any, she reviewed or</u>

---

[1] The transcript reads in full:  "Mr. Steward, if you have any Daubert client objections or a sufficiency of disclosure objection, I think you are free to bring that."  The addition of the word "client" appears to be a transcription error.

[2] Prior to filing this motion, the defense inquired as to whether the government had any further information to add to their Disclosure regarding Ms. Katzen.  The government responded that they did not intend to supplement their March 16, 2021 disclosure regarding Ms. Katzen's anticipated testimony and qualifications.

2

considered before reaching her conclusions.  Fourth, the proposed testimony violates Federal Rule of Evidence 403 because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.

Accordingly, Mr. Avenatti moves to have Ms. Katzen's proposed testimony excluded in its entirety.  In the alternative, defendant requests that the Court hold a *Daubert* hearing prior to ruling on the motion and permitting any testimony from Ms. Katzen.

## II.    LEGAL STANDARD

Rule 702 of the Federal Rules of Evidence provides that expert opinion evidence is admissible if the following criteria are met: (1) the witness is sufficiently qualified as an expert by knowledge, skill, experience, training, or education; (2) the scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (3) the testimony is based on sufficient facts or data; (4) the testimony is the product of reliable principles and methods; and (5) the expert has reliably applied the relevant principles and methods to the facts of the case. Fed. R. Evid. 702.  *See U.S. v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000).

The United States Supreme Court in *Daubert v. Merrell Dow Pharmaceutical* set out a two-part test for the admittance of expert testimony.  For the testimony to be admitted, the trial court must determine whether the proposed expert has (1) sufficient scientific knowledge that will (2) assist the jury with a fact at issue.  *See Daubert v. Merrell Pharm., Inc.*, 509 U.S. 579, 581 (1993); *see also City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036 (9th Cir. 2014).  The term "*scientific*" within the meaning of the Federal Rules of Evidence, includes other technical or specialized knowledge. Fed. R. Evid. 702.

In addition, Rule 703 requires that the expert base her opinion on facts or data in the case that she has been made aware of or personally observed.  Rule 704 excludes an

expert in a criminal case from offering opinions as to various elements of a crime or of a defense.

### III.    ARGUMENT

#### A. Ms. Katzen's Proposed Testimony Violates Federal Rules of Evidence 702 and 704

The government is inviting reversible error by seeking to have the Court permit Ms. Katzen's proposed testimony.  The government proposes to have Attorney Katzen testify as to the legal requirements and standards relating to structured settlements and special needs trusts, including the "particular rules and regulations" and what courts require and do in connection with special needs trusts.  [*See* Exhibit 1, pp. 1-3].  This is improper and the entirety of Ms. Katzen's proposed testimony must be excluded.

The establishment and maintenance of structured settlements and special needs trusts are governed by state and federal law, including but not limited to California Probate Code §§ 3600 *et seq.* and § 4541; the federal Omnibus Budget Reconciliation Act of 1993 (OBRA 1993) (42 U.S.C., § 1396p(d)(4)) and the federal Foster Care Independence Act of 1999 (FCIA) (42 U.S.C., §1382(b)).  Each of these statutes, together with others, set forth the exact legal requirements, regulations, standards and rules necessary for establishing and maintaining special needs trusts, including those relating to receipt of funds, how distributions may be made, by whom and when, and various notice requirements.

Ms. Katzen should not be permitted to come before the jury in this case and offer testimony regarding the law and legal rules and regulations relating to the establishment and maintenance of special needs trusts.  Further, her proposed testimony as to the role courts play and what they do and do not require is especially problematic.  Indeed, all of the proposed testimony is <u>widely understood</u> to be inadmissible.

In addition, these rules and regulations are irrelevant in this case.  The criminal action before the Court is not an attorney malpractice proceeding where Mr. Avenatti is

alleged to have not followed the rules and regulations relating to structured settlements and special needs trusts.  Nor is it a state bar ethics proceeding.  Whether Mr. Avenatti did or did not follow the rules and regulations relating to the establishment and maintenance of special needs trusts is irrelevant as to whether he committed criminal acts under the federal criminal statutes.

The testimony proffered by the government is in violation of both Rule 702 and 704.  Expert testimony describing and interpreting laws, rules and regulations, and informing the jury about what courts do, is per se improper.  Courts have "consistently held" that expert testimony that usurps **either** the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it, by definition does not aid the jury in making a decision.  *See*, *e.g.*, *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005); *Bernstein and Bernstein Litowitz Berger & Grossman LLP*, 814 F. 3d 132, 144 (2d Cir. 2016) ("As a threshold matter, we note that defendants rely in large part on the conclusions of their legal-ethics expert made in a declaration filed in the district court.  We do not consider arguments based on this declaration because of our longstanding rule that expert testimony on issues of domestic law is not to be considered."); *Amnesty Int'l USA v. Clapper*, 638 F.3d 118, 128 n.12 (2d Cir. 2011) (holding that the court was "not compelled to accept" a legal-ethics expert's declaration regarding whether an ethical duty had been triggered, because the question was for the court), *rev'd on other grds.*, ___ U.S. ___, 133 S. Ct. 1138 (2013)); *GST Telecomm., Inc. v. Irwin*, 192 F.R.D. 109, 111 (S.D.N.Y. 2000) (stating that "testimony of legal experts on ethics in the profession is hardly an occasion for which credible experts supply legal opinions") (citation and quotation marks omitted); *Joffe v. King & Spalding LLP*,  No. 17-CV-3392 (VEC), 2019 WL 4673554, *3 (S.D.N.Y. Sept. 24, 2019).

As one district court has noted, "[t]he rule prohibiting experts from providing their legal opinions or conclusions is 'so well-established that it is often deemed a basic

premise or assumption of evidence law—a kind of axiomatic principle.'" *In re Initial Public Offering Securities Litigation*, 174 F.Supp.2d 61, 64 (S.D.N.Y. 2001) (citing Thomas Baker, "The Impropriety of Expert Witness Testimony on the Law," 40 *U. Kan. L.Rev.* 325, 352 (1992)). "In fact, every circuit has explicitly held that experts may not invade the court's province by testifying on issues of law." *Id.* at 64. "Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards." *Burkhart v. Washington Metropolitan Area Transit Authority*, 112 F.3d 1207 1213 (D.C. Cir. 1997) (citing *Marx & Co. Diners' Club, Inc.* 550 F.2d 505, 509-10 (2d Cir. 1977). **Indeed, federal courts typically "prohibit lawyers, professors, or other experts from interpreting the law for the court or from advising [the factfinder] about how the law should apply to the facts of a particular case**." *Pinal Creek Group v. Newport Mining Corp.,* 352 F. Supp. 2d 1037, 1039 (D. Ariz. 2005)(emphasis added). **Testimony "which articulates and applies the relevant law … circumvents the [factfinder's] decision-making function by telling it how to decide the case."** *Id.* citing *Specht v. Jensen*, 853 F. 2d 805 (10th Cir. 1988)(emphasis added).

Similarly, the Ninth Circuit has rejected legal expert testimony concerning both what the law is and how it should be applied to the facts of a case. *See Aguilar v. International Longshoreman's Union Local #10*, 966 F.2d 443 (9th Cir. 1992) (barring legal expert opinion because matters of law were for the court's sole determination). In *Aguilar*, the Ninth Circuit determined that expert testimony which explains the law and provide legal opinions were outside the parameters of Federal Rule of Evidence 702 and "were inappropriate subjects for expert testimony." *Id. See also, United States v. Weitzenhoff*, 35 F. 3d 1275 (9th Cir. 1993)(expert testimony explaining the legal effect of an environmental permit was improper because the judge cosigned the interpretation of the law to the jury which was "an impressible delegation of the district judge's

duties…").  As explained above, special needs trusts are creatures of law and specific legal requirements and regulations.  Accordingly, the testimony must be excluded.

### B. Ms. Katzen Is Not Qualified to Testify as Required Under Rule 702

The government has not disclosed any instance in which Ms. Katzen has served as an expert, been qualified as an expert, or testified in any proceeding.  As a result, pursuant to Rule 702, the defendant further objects to the testimony of Ms. Katzen due to her lack of qualifications and experience.  To the extent Ms. Katzen has previously served as an expert or testified, this information should have been promptly provided to the defense so that the defense could determine what additional information, if any, must be brought to the attention of the Court and whether additional grounds exist to exclude Ms. Katzen or object to her testimony (i.e. a potential conflict).  Indeed, as noted above in fn. 2, *infra*, prior to filing this motion, the defense specifically inquired and was told the government had no further information to disclose.  This is further reason why a *Daubert* hearing may be required, especially if this is the first case in which Ms. Katzen has ever served as an expert or testified.

### C. In Violation of Rules 702 and 703, Ms. Katzen Used A Faulty Methodology and Failed to Review Sufficient Facts and Data Prior to Arriving at Her Opinions

Rule 702 permits the introduction of expert testimony only if the expert bases her proposed opinions on sufficient facts or data; the testimony is the product of reliable principles and methods; <u>and</u> the expert reliably applies the relevant principles and methods to the facts of the case.  Further, Rule 703 requires that "[t]he expert's opinion must rest on 'facts or data in the case that the expert has been made aware of or personally observed,' not merely assumptions and speculation." *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 856 (9th Cir. 2019)(quoting Fed. R. Evid. 703; citing *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 830-21 (9th Cir. 2001); *DePaepe v. Gen. Motors Corp.*, 141 F.3d 715, 720 (7th Cir. 1998).  Put simply, the expert must <u>first</u>

review facts and data from the dispute and <u>then</u> apply her skill and knowledge to those facts and data <u>before</u> reaching her opinions and conclusions.  Otherwise, the testimony is inadmissible as a matter of law.

Here, according to the Disclosure and the subsequent admission by the government that they have nothing to add to the Disclosure, *see* fn. 2, *infra*, Ms. Katzen relied on no facts or data before arriving at her opinions.  She reviewed no documents or materials, she did not personally observe anything relating to this case, and she was not made aware of any facts at any time, let alone <u>before</u> reaching her conclusions.  In fact, her Disclosure literally lists nothing she reviewed in connection with this case and no facts she relied on.  As a result, she could not have possibly applied relevant principles and methods to the facts of the case before agreeing to testify to her conclusions and opinions as required under black letter law.  Accordingly, her testimony must be excluded in its entirety pursuant to Rules 702 and 703.

### D. The Proposed Testimony Violates Rule of Evidence 403

Pursuant to Federal Rule of Evidence 403, the Court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

In addition to the requirements of Federal Rules of Evidence 702, 703 and 704, "expert testimony is subject to Rule 403, and 'may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.' " *Nimely*, 414, F.3d at 397 (quoting Fed. R. Evid. 403).  Expert evidence "can be both powerful and quite misleading because of the difficulty in evaluating it.  Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the preset rules exercises more control over experts than lay witnesses." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993); *See also Jinro Am., Inc. v. Secure Invs. Inc.*, 266 F.3d 993 (9th Cir. 2001).  Thus, federal

courts have held that "Rule 403 bars expert testimony purporting to interpret the governing law, because such testimony will necessarily confuse the jury by providing competing interpretations of the law." *CDX Liquidating Tr. ex rel. CDX Liquidating Trustee v. Venrock Assocs.,* 411 B.R. 571, 587 (N.D. Ill. 2009) (citation omitted). "Expert testimony about the governing law is barred under Rule 403 because 'it would be a waste of time if witnesses or counsel should duplicate the judge's statement of the law, and it would intolerably confound the jury to have it stated differently.'" *Id.* (quoting *Specht v Jensen*, 853 F.2d 805, 807 (10th Cir. 1988)).  Such testimony should be excluded because the jury could be "misled into adopting outright a legal conclusion proffered by the expert." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d. Cir. 1992).

The probative value of the proposed expert testimony in this case, which is minimal at best, would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.  Given the legal background of Ms. Katzen, the jury would naturally defer to her as a super juror.  Her testimony would additionally usurp the power of the judge by allowing her to testify as to what the law is and then apply that law to Mr. Avenatti's conduct.  Further, permitting her to testify concerning courts, what they require and how they conduct matters before them, would improperly elevate her in the eyes of the jury and be highly prejudicial to the defense.

In addition, permitting testimony regarding the law concerning special needs trusts and the legal rules and regulations relating to the establishment and maintenance of special needs trusts would turn this criminal case into a civil attorney malpractice case or an attorney grievance proceeding.  In fact, the summary of the proposed testimony makes clear that the government is seeking to convert the charges relating to Client 1 into a case about whether Mr. Avenatti followed the legal requirements concerning the establishment and maintenance of special needs trusts.  The government proposes to have Ms. Katzen provide the equivalent of a CLE seminar on the law and regulations concerning structured settlements and special needs trusts.  The obvious implication to

the jury, if not outright pronouncement by the expert to the jury, will be that Mr. Avenatti did not follow the rules and regulations concerning special needs trusts and therefore is guilty of the crimes charged. Such testimony would cause extreme prejudice that substantially outweighs its probative value.

Testimony regarding the law and legal rules and regulations relating to the establishment and maintenance of special needs trusts, as well as testimony about the role courts play and what they do and do not require in connection with special needs trusts, is not relevant and must be excluded. To the extent expert testimony about these topics is at all probative, it should be excluded under Rule 403 because of "the uniquely important role that Rule 403 has to play in a district court's scrutiny of expert testimony, given the unique weight such evidence may have in a jury's deliberations.'" *Nimely*, 414 F.3d at 397.

## IV.   CONCLUSION

For each of the foregoing reasons, Mr. Avenatti respectfully requests that the Court exclude the proposed testimony of Ms. Katzen in its entirety and exclude her from testifying. In the alternative, defendant requests that the Court hold a *Daubert* hearing prior to ruling on this motion and permitting any testimony from Ms. Katzen.

Dated: April 14, 2021                              Respectfully submitted,

                                                  /s/ H. Dean Steward
                                                   H. DEAN STEWARD

                                                  Attorney for Defendant
                                                  MICHAEL JOHN AVENATTI

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**



# United States Department of Justice

## United States Attorney's Office
## Central District of California

---

*Alex Wyman*
*Phone:  (213) 894-2435*
*E-mail:  alex.wyman@usdoj.gov*

*1100 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California  90012*

March 16, 2021

**VIA EMAIL**

H. Dean Steward, Esq.
107 Avenida Miramar, Suite C
San Clemente, California 92672
deansteward7777@gmail.com

Re:  <u>United States v. Avenatti,</u>
SA CR No. 19-61-JVS

Dear Counsel:

On March 1, 2020, the government provided your client, defendant MICHAEL JOHN AVENATTI, with notice of its intent to call Tracy Kaas, among other witnesses, to testify under Federal Rules of Evidence 702, 703, and 705.  Specifically, the government provided notice that Ms. Kaas would testify at trial as an expert witness regarding the subject of special needs trusts.

On October 30, 2020, the Court granted defendant's motion to exclude Ms. Kaas as an expert witness at trial on the basis that her work with another law firm provided "a colorable basis for disqualification." (CR 371 at 15.)  In so ruling, the Court noted that "the subject of special needs trust is highly relevant to the Counts involving Client 1," that "[t]he subject matter is far beyond the ken of lay jurors and likely most lawyers," and that "[t]estimony in this area would be helpful to the jury." (*Id.*)  As a result, and absent a stipulation between the parties on this topic,[1] the Court noted that it was "likely to grant the Government leave to designate an alternate expert." (*Id.*)  Accordingly, the government hereby provides notice that it will be seeking leave to designate Susan Katzen as an alternate expert witness on this topic.

**Testimony of Susan Katzen**

The government anticipates calling Susan Katzen to testify regarding special needs trusts and structured settlements.  A copy of Ms. Katzen's curriculum vitae is attached hereto as **Exhibit A**.

In summary, based on her training and experience and review of this matter, Ms. Katzen is expected to testify as follows:

---

[1] The government remains open to a stipulation but understands that defendant is not currently prepared to enter into such a stipulation.

H. Dean Steward, Esq.
RE:  United States v. Avenatti
March 16, 2021
Page 2

- A special needs trust is a vehicle that allows people with disabilities to maintain their eligibility for needs-based benefits, such as Supplemental Security Income ("SSI"), food stamps, Section 8 housing, in-home support services, and needs-based Medi-Cal.

- The main purpose of a special needs trust is to protect a person with disabilities and enhance his or her quality of life by allowing him or her to continue to receive needs-based government benefits.

- There are two types of special needs trust, a "first party" special needs trust and a "third party" special needs trust.  First party special needs trusts are funded with assets that belong to the trust beneficiary or to which the beneficiary was legally entitled, such as assets from an award or settlement.

- Had a special needs trust been set up for Geoffrey Johnson, it would have been considered a first party special needs trust.

- Special needs trusts need to be drafted by an attorney.  Special needs trusts are typically drafted by attorneys who specialize in special needs trusts because doing so requires specific knowledge of, and experience dealing with, particular rules and regulations, many of which change frequently.  Special needs trusts can typically be drafted in two to three weeks.

- In 2015, a first party special needs trust for Mr. Johnson would have needed to be established by a parent, a grandparent, or a state court.[2]  Prior to 2016, first party special needs trusts were typically only established by the court when the beneficiary did not have any living parents or grandparents, was incapacitated, or was a minor.

- If the court is involved in establishing a first party special needs trust, the attorney representing the beneficiary or a party who petitions the court to establish the special needs trust would need to provide certain government agencies with notice of the court hearing to approve and establish the trust.

- If the court is involved in establishing a first party special needs trust, the court process typically takes two to three months to be completed.

- Prior to the establishment of a first party special needs trust, a trustee is chosen.  The trustee can be a corporate trustee, a professional fiduciary, or an individual, such as a family member of the beneficiary.

---

[2] These requirements have changed since 2015 when EA LLP received the $4,000,000 settlement payment for Mr. Johnson.  Under current law, a special needs trust can be established by the client/beneficiary, so long as he or she is a competent adult.

H. Dean Steward, Esq.
RE:  United States v. Avenatti
March 16, 2021
Page 3

- After the first party special needs trust is established, the special needs trust attorney or the trustee is supposed to provide notice of the establishment of the trust to certain government agencies.

- When a special needs trust is established in California, notice needs to be provided to certain state agencies, including the California Department of Health Care Services, and is often provided to certain local or county agencies.

- Notice of the establishment of a first party special needs trust is provided so that the agencies providing government benefits can seek reimbursement of funds from the special needs trust when the beneficiary dies.  The agencies may also review the special needs trust to ensure that it meets the requirements for the beneficiary to maintain his or her eligibility to receive government benefits.  If the agency determines that the special needs trust does not satisfy the necessary requirements, the beneficiary's attorney or trustee is often given an opportunity to revise the special needs trust to comply with any additional requirements.

- Any settlement payments that are to be used to fund the special needs trust should be transferred into the trust immediately after the beneficiary's attorney receives the funds. Although there may be occasional delays in transferring the beneficiary's portion of the settlement payment to the trust, such as to clear medical liens, these delays would usually last no more than a few months.

- Whenever a beneficiary has the ability to regularly utilize funds held in the attorney's trust account, the beneficiary can be considered to have constructive receipt of the settlement funds and may lose access to the government benefits that the special needs trust is designed to protect.

- A structured settlement is a type of settlement arrangement designed to provide a guaranteed payment stream to the client/plaintiff.

- A structured settlement has to be negotiated and included as part of the actual settlement agreement.  There must be specific language regarding the structured settlement in the agreement itself in order to avoid constructive receipt issues.

- A structured settlement is funded by the defendant and paid to a third party that will then make fixed payments to the client/plaintiff or special needs trust.  A law firm or an attorney cannot fund or administer a structured settlement.

- Defendant does not appear to have made any effort to establish a special needs trust for Mr. Johnson or to set up a structured settlement for Mr. Johnson.

As discussed previously and noted above in footnote 1, in lieu of presenting testimony from Ms. Katzen, the government may be willing to enter into an appropriate trial stipulation regarding special needs trusts and/or structured settlements.  Please let us know whether you are interested in discussing such a stipulation.

H. Dean Steward, Esq.
RE:  <u>United States v. Avenatti</u>
March 16, 2021
Page 4

* * *

The government also again renews its request, pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C), that defendant provide a written summary of any testimony that defendant intends to use under Rules 702, 703, or 705, including the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Please let us know if you have any questions regarding the above information or believe this notice is insufficient.

Very truly yours,

ALEXANDER C.K. WYMAN
Assistant United States Attorney

cc:      AUSA Brett A. Sagel

# EXHIBIT A



# SUSAN A. KATZEN

## ATTORNEY & COUNSELOR AT LAW

### ABOUT ME

With over 40 years of expertise in estate planning, I practice exclusively in the areas of special needs planning, litigation settlement planning, trust planning, probate, and trust administration. I am currently a member of both the distinguished Academy of Special Needs Planners and Special Needs Coalition. I regularly teach courses to the public, financial professionals, professional fiduciaries, trustees, and other attorneys on special needs trusts, litigation settlement planning, estate planning, and trust administration.

### EDUCATION

**UNIVERSITY OF WISCONSIN, LA CROSSE**
BACHELOR OF ARTS, '75

**WESTERN STATE UNIVERSITY**
JURIS DOCTORATE, '78

### PROFESSIONAL AFFILIATIONS

- State Bar of California
- Estate Planning, Trust & Probate Section of the State Bar of California
- Orange County Bar Association
- Orange County Trial Lawyers Association (OCTLA)
- National Academy of Elder Law Attorneys (NAELA)
- National Alliance of Mental Illness (NAMI)
- Special Needs Settlement Planning Committee
- Academy of Special Needs Planners(ASNP)
- Special Needs Coalition (SNC)
- Advisor's Forum, LLC
- California Advocates for Nursing Home Reform(CANHR)
- Consumer Attorneys of Los Angeles (CAALA)
- Special Olympics Regional Leadership Council
- The Orange County Asperger's Support Group
- WealthCounsel, LLC
- ElderCounsel, LLC

### CONTACT

📍 Office Address:
4440 Von Karman Ave., Suite
350 Newport Beach, CA 92660

✉️ susan@skatzenlaw.com

🖥️ www.skatzenlaw.com

in @susanakatzen

**A U T H O R / P R E S E N T E R**

- Author "**The Difference Between SSI and SSDI: An Overview**"– Special Needs Coalition (2015)
- Author "**Three Ways Special Needs Settlement Planning Experts Can Help Trial Lawyer**s - Law Firm of Susan A. Katzen (2015)
- Author "**ABLE Account - A New Tool in the Toolbox**" - Law Firm of Susan A. Katzen (2016)
- Author "**How Not to Go from Hero to Zero and then Get 'Grillo-ed'...What Every PI Attorney Needs to Know About Special Needs Trusts**"- OCTLA Gavel Magazine Vol. 20 No. 3 (page 14) (2017)
- Contributing Author "**All the Bunnies**" – Academy of Special Needs Planners, 1st Ed. (2009)
- Contributing Author "**California Durable Powers of Attorn**ey"– Continuing Education of the Bar (CEB) (2014, 2015)
- Consulting Editor "**Administering the California Special Needs Trust**" - Urbatsch, K. (2011)  iUniverse
- Presenter "**Health Care Powers**" - Southern California Institute (2005)
- Presenter "**Introduction to Estate Planning**" - Souther California Institute (2006)
- Presenter "**Planning for a Loved one with Special Needs - Conservatorships and Special Needs Trusts**" - Williams Syndrome National Convention (2008); Special Needs Coalition - Workshop (2010)
- Presenter "**Special Needs Trusts - How to Plan for a Loved One with Special Needs**" - Special Needs Coalition - Workshop (2009)
- Presenter "**The Maze of Public Benefits**" – Special Needs Coalition - Workshop (2009, 2013)
- Presenter "**Who Can Care for your Special Needs Child Better than You?**" – Special Needs Coalition - Workshop (2009)
- Presenter "**Special Needs Trusts: A Case Study**" – Goodwill Industries (2009)
- Presenter "**Planning for a Loved One with Special Needs**" – Progressive Resources Center (2009); Special Needs Coalition - Fairview Development Center (2010); Special Needs Coalition - Workshop (2013); Down Syndrome Association of Orange County (2013, 2014, 2015); The Orange County Aspberger's Association (2016); Special Olympics of Southern California (2017); Irvine Unified School District (2019)
- Presenter "**Special Needs Planning: an Overview**"– Estate Planning and Trust Council of Long Beach (2010)
- Presenter "**Settling the Case After Settling the Cas**e" - MCLE  Workshop (2010)
- Presenter "**How to Plan for a Loved One with Special Needs**" - Special Needs Coalition - Workshop (2010)
- Presenter "**Seminar: Administering the California Special Needs Trust (Orange County and LA)**" - Institute for Professional Fiduciary Studies (2012)
- Presenter "**SNTs Documenting Long-term Care Incapacity and End-of-life Decisions**" - National Business Institute (2013)
- Presenter "**S**pecial Needs Trusts - Who Needs Them and How to Create One" - Special Needs Coalition - Workshop (2013)
- Presenter "**Administering the California Special Needs Trust: Learn How to Properly Manage Any Type of SNT**" - Institute for Professional Fiduciary Studies (2013)
- Presenter "**Estate Planning For a Loved One with a Disability**" - Academy of Special Needs Planners (2014)
- Presenter - "**The Most Fundamental Issues Confronting Families of Children with Disabilities**" - Merrill Lynch Wealth Management (2014)
- Presenter "**Current Issues in Disability, Special Needs & Trust Administration**" - Professional Fiduciary Association of California Conference (2014)
- Presenter "**Special Needs Planning: A Guide for Parents and Grandparents**" - The Orange County Asperger's Support Group (2015)
- Presenter "**10 Costly Mistakes When Planning for a Loved One with Special Needs**" – The Orange County Asperger's Support Group (2016); Down Syndrome Association of Orange County (2016, 2018); KCNQ2 Cure Alliance National Meeting (2018)
- Presenter "**Achieving a Better Life Experience - 'The ABLE Act'**" – Team of Advocates for Special Kids (TASK) (2016)

2

## AUTHOR/PRESENTER, CONT'D

- Presenter "**First and Third Party Special Needs Trusts**" - Professional Fiduciary Association of California Conference (2016)
- Presenter "**What Every Attorney Needs to Know About Government Benefits**" - Consumer Attorneys of Inland Empire, Chapter of the Consumer Attorneys of California and the Orange County Trial Lawyers Association (2017)
- Presenter "**How to Plan for Your Special Needs Child**" – The Orange County Asperger's Support Group (2016)
- Presenter "**Settlement Planning for those with Special Needs: Case Studies Using the Collaborative Approach**" - ProVisors (2017)
- Presenter "**Estate Planning 101**" - Orange County ALA Legal Secretary Course (2017)
- Presenter "**Special Needs Subtrust vs. Standalone Special Needs Trust**" - Orange County Bar Association Elder Law Section (2017)
- Presenter "**ABLE - Achieving Better Life Experience**" - Special Olympics Orange County Regional Leadership Council (2017)
- Presenter "**Administering Third Party Special Needs Trusts**" - Orange County Bar Association Trusts and Estates Section (2017)
- Presenter "**Planning for a Loved One with Special Needs and the Able Account 2018**" - Downs Syndrome Association of Orange County (2018)
- Presenter "**Top Challenges for the Attorney in a Special Needs Trust Administration**" - Academy of Special Needs Planners National Conference (2018)
- Presenter "**Take Action: The Busy Parent's Guide to Building your Life Plan**" - Girl Scouts of America - Volunteer Conference (2018)
- Presenter "**The Interplay Between Child Support, Special Needs Trusts and Government Benefits**" - Orange County Bar Association Family Law Section (2018)
- Presenter "**Administering Third Party Special Needs Trusts: Ins and Outs - the Do's and the Dont's**" - Orange County Bar Association (2018)
- Presenter "**The Valuable Estate Planning Paralegal: Drafting Beyond the Basic Estate Plan**" - Orange County Paralegal Association (2018)
- Presenter "**The Planning Toolbox for a Person with Disabilities**" - North Orange Continuing Education - Cypress Center (2018)
- Presenter "**Planning for Incapacity**"- It's Your Estate Workshop (2018)
- Presenter "**Structured Settlements and the Special Needs Trust**" - National Structured Settlement Trade Association (2018)
- Presenter "**Estate Planning Essentials for Non-Trusts & Estate Lawyers**" - Orange County Bar Association (2019, 2020)
- Presenter "**Special Needs Planning and Wealth Management**" - Morgan Stanley (2019)
- Presenter "**Navigating the Medi-Cal Lien Machine**" - Orange County Trial Lawyers Association (2019)
- Presenter "**Let's Get to the Heart of the Matter: First Party Special Needs Planning and the Benefits and Services Available to Promote the Quality of Life for Individuals with Disabilities**" - Orange County Bar Association Trust & Estates Section (2019)
- Presenter "**The Ins and Outs of Trust Administration**" - Capital First Trust Company (2019)
- Presenter "**Special Needs Trusts and Conservatorships**" - The Orange County Asperger's Support Group (2020)
- Presenter "**The Planning Toolbox for a Person with Disabilities: Conservatorships, Estate Plans & Special Needs Trusts**" - Down Right Blessed (2020)
- Presenter "**How to Protect Your Assets and the People You Love**" - Handel on the Law - Law Day (2020)

## TRAINING PROVIDED TO

- UNION BANK OF CALIFORNIA, NA & UNION BANK OF CALIFORNIA INVESTMENTS
- BANK OF AMERICA & BANK OF AMERICA,INVESTMENT SERVICES, INC.
- CITIBANK
- WELLS FARGO BACK
- AMERIPRISE
- HARTFORD INSURANCE
- EDWARD JONES INVESTMENT COMPANIES
- CAPITAL FIRST TRUST COMAPNY

## AWARDS

- LAW FIRM 500 HONOREE, 2020 & 2017

## **CERTIFICATE OF SERVICE**

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.  I am not a party to the above-entitled action.  I have caused, on April 14, 2021, service of the defendant's:

MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY OF SUSAN KATZEN
AND REQUEST FOR DAUBERT HEARING

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 14, 2021

/s/ H. Dean Steward

H. Dean Steward