TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2435
    Facsimile: (213) 894-6269
    Email:    Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
    Ronald Reagan Federal Building
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3598
    Facsimile: (714) 338-3708
    Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>           v.<br><br>MICHAEL JOHN AVENATTI,<br><br>        Defendant. | No. SA CR 19-061-JVS<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY OF SUSAN KATZEN AND REQUEST FOR *DAUBERT* HEARING; DECLARATION OF ALEXANDER C.K. WYMAN, EXHIBITS 1-2 |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby files its Opposition to defendant MICHAEL JOHN AVENATTI's Motion in Limine to Exclude Expert Testimony of Susan Katzen and Request for Daubert Hearing (CR 438).

1    This Opposition is based upon the attached memorandum of points

2 and authorities, the attached Declaration of Alexander C.K. Wyman and

3 accompanying exhibits, the files and records in this case, and such

4 further evidence and argument as the Court may permit.

5  Dated: April 20, 2021          Respectfully submitted,

6                                 TRACY L. WILKISON
                                  Acting United States Attorney
7
                                  BRANDON D. FOX
8                                 Assistant United States Attorney
                                  Chief, Criminal Division
9

10                                _____/s/_____
                                  BRETT A. SAGEL
11                                ALEXANDER C.K. WYMAN
                                  Assistant United States Attorneys
12
                                  Attorneys for Plaintiff
13                                UNITED STATES OF AMERICA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Ignoring the Court's repeated rulings regarding the "highly relevant" and "helpful" nature of the government's proposed testimony on special needs trusts (CR 371 at 15), defendant MICHAEL JOHN AVENATTI seeks to exclude Susan Katzen as an expert by repeating his previously rejected claims under Federal Rules of Evidence 702, 704, and 403.  In fact, defendant raised the same arguments he presents in this motion just weeks ago in his opposition to the government's motion for leave to designate Ms. Katzen as an expert.  (CR 432.)  In granting the government's motion over defendant's objection (CR 434), the Court rejected defendant's claims.  The Court's comments at the recent status conference made clear the only remaining challenges available to defendant with regard to Ms. Katzen's proposed testimony, namely, "any Daubert objections or a sufficiency of disclosure objection."  (RT 4/7/2021 at 4:16-18.)  The Court should again reject defendant's meritless claims regarding relevance, prejudice, and the propriety of Ms. Katzen's anticipated testimony.

The Court should similarly reject defendant's remaining objections to Ms. Katzen's qualifications and deny defendant's request for a Daubert hearing.  Ms. Katzen's 40 years of experience practicing in the fields of special needs trust planning and administration make her eminently qualified to give the background on special needs trusts and structured settlements that she is expected to provide at trial.  Defendant's principal complaint about her qualifications as an expert -- that she has not previously testified as an expert on this subject -- would, if credited, mean that no one could ever become qualified as an expert unless they had previously

1   been so, an absurd proposition that is without support in law.

2   Moreover, contrary to defendant's arguments, Ninth Circuit law makes

3   clear that Daubert does not apply in the same manner to testimony

4   like Ms. Katzen's that is based on her knowledge and experience,

5   rather than on scientific or technical analysis.  Defendant's motion,

6   and his request for a Daubert hearing, should therefore be denied.

7   **II.   RELEVANT BACKGROUND**

8          The government first disclosed its intent to call an expert on

9   special needs trusts and structured settlements on March 1, 2020.

10  Specifically, the government disclosed that it would call Traci Kaas,

11  an attorney with approximately 14 years of experience in settlement

12  planning and settlement consulting.  (See CR 285, Ex. A at 16-18;

13  Wyman Decl. Ex. 1 (curriculum vitae ("CV") of Traci Kaas produced to

14  defendant in connection with original expert disclosure in March

15  2020).)  Neither the government's disclosure letter nor Ms. Kaas's CV

16  indicated that she had ever testified before as an expert on special

17  needs trusts or structured settlements.  In that initial disclosure,

18  the government also noted that the government "may be willing to

19  enter into an appropriate trial stipulation regarding special needs

20  trusts and/or structured settlements" and invited defendant to

21  discuss such a stipulation.  (CR 285, Ex. A at 18.)

22         On September 14, 2020, defendant moved to exclude Ms. Kaas.  (CR

23  285.)  He did not claim that her experience was insufficient or that

24  she was unqualified because she had not previously testified on the

25  subject matter, as he does now with Ms. Katzen.  Instead, defendant

26  argued that Ms. Kaas had a disqualifying conflict of interest, that

27  the testimony on special needs trusts was not relevant, and that the

28  testimony would be confusing and unhelpful and would waste the jury's

time.  (Id. at 6-8.)  In opposition, the government addressed the
conflict issue and explained why providing the jury with a background
on special needs trusts was not only relevant but critical in order
for the jury to understand the lies defendant told to Client 1 for
over four years to conceal his theft of Client 1's settlement funds.
(CR 299 at 13-14.)  Finally, the government noted that defendant had
failed even to respond to the government's proposal that the special
needs trust testimony be addressed through an appropriate trial
stipulation.  (Id. at 15.)

On October 30, 2020, the Court excluded Ms. Kaas as an expert on
the basis that her work with another law firm provided "a colorable
basis for disqualification." (CR 371 at 15.)  In so ruling, the
Court rejected defendant's relevance arguments, finding that "the
subject of special needs trust is highly relevant to the Counts
involving Client 1," that "[t]he subject matter is far beyond the ken
of lay jurors and likely most lawyers," and that "[t]estimony in this
area would be helpful to the jury." (Id.)  The Court then ordered
the parties to meet and confer regarding a potential stipulation on
this issue and stated that, absent a stipulation between the parties
on this topic, the Court was "likely to grant the Government leave to
designate an alternate expert." (Id.)  The government attempted to
meet and confer, as ordered, sending defendant a proposed stipulation
on the topic of special needs trusts on November 6, 2020, and then
following up on November 23, 2020. (CR 430, Exs. 1-2.)  Defendant
never responded to the government's proposed stipulation.

Without any agreement as to a stipulation on this important
issue, the government sought leave of this Court to designate an
alternative expert on special needs trusts and structured

3

settlements.  (CR 430.)  Defendant opposed.  (CR 432.)  In his opposition, filed just weeks ago, defendant argued, as he does in this motion, that Ms. Katzen's testimony "[w]ould [v]iolate Federal Rules of Evidence 702, 704 and 403."  (Id. at 2-7.)  Despite the Court's prior finding that the anticipated testimony of Ms. Kaas -- which was nearly identical to the anticipated testimony of Ms. Katzen -- was "highly relevant to the Counts involving Client 1" and that "[t]estimony in this area would be helpful to the jury" (CR 371 at 15), defendant argued that Ms. Katzen's testimony "is not relevant and must be excluded" (CR 432 at 7).  Defendant also claimed that Ms. Katzen's testimony was improper because it would "usurp the power of the judge" by telling the jury "what the law is."  (CR 432 at 6.)

At the April 7, 2021 status conference, the Court granted the government's motion to "allow the government to present the additional expert with regard to special needs trusts," and later issued a written order to that effect.  (RT 4/7/2021 at 4:10-18; CR 434.)  In granting the government's motion over defendant's Rule 702, 704, and 403 objections, the Court told defense counsel at the status conference that he was nevertheless free to bring "any Daubert objections or a sufficiency of disclosure objection."  (RT 4/7/2021 at 4:10-18.)  Later that day, defense counsel emailed government counsel asking whether "there [was] a different disclosure you intend to make before we file our Daubert /702/704/403 Motion to Exclude." (Wyman Decl. Ex. 2.)  In response, government counsel noted, "the Court has already ruled on the Rule 702, 704, and 403 arguments you raised in opposition to our motion for leave to designate Ms. Katzen as an expert."  (Id.)  On April 14, 2021, defendant filed the instant motion raising those same arguments.  (CR 438.)

4

1   **III. ARGUMENT**

2         Defendant's motion relies primarily on arguments about the

3   relevance, propriety, and prejudicial impact of Ms. Katzen's

4   testimony that this Court has twice rejected.  (CR 371, 434.)  The

5   portions of the motion that address the issues the Court has not

6   ruled on -- objections either to the government's disclosures or

7   under <u>Daubert</u> -- reflect a fundamental misunderstanding of Ninth

8   Circuit law on the admissibility of expert testimony.  His motion

9   should be denied.

10         **A.    The Court Should Reject Defendant's Rule 702, 704, and 403**

11             **Arguments for a Third Time**

12         Ms. Katzen's proposed testimony does not violate Rules 702 and

13   704.  Her testimony will not instruct the jury on the law applicable

14   to the charges as defendant claims; rather, it will educate the jury

15   on a subject that "is far beyond the ken of lay jurors and likely

16   most lawyers."  (CR 371 at 15.)  Despite defendant's claims to the

17   contrary (Mot. at 4), the Court has already found that the subject --

18   special needs trusts -- is "highly relevant to the Counts involving

19   Client 1" (CR 371 at 15).  Indeed, defendant's false and fraudulent

20   statements regarding a special needs trust for Client 1 lie at the

21   core of the wire-fraud charges relating to Client 1.  As alleged in

22   the Indictment, for <u>over four years</u>, defendant lulled Client 1 and

23   concealed defendant's theft of Client 1's settlement funds by falsely

24   claiming that Client 1 could not be paid his settlement funds because

25   the County of Los Angeles had not yet approved a special needs trust

26   for Client 1.  (Indictment ¶¶ 7(g)-(l).)  The evidence at trial will

27   prove that defendant never took any of the necessary steps to set up

28   a special needs trust for his client, which provides strong

1    circumstantial evidence of defendant's fraudulent intent.  It is

2    therefore critical for the jury to understand what a special needs

3    trust is and what steps must be taken to establish one, and that is

4    what Ms. Katzen's testimony will accomplish.

5         Defendant misconstrues both Ms. Katzen's proposed testimony and

6    the Court's rulings in attempting to have her excluded.  For example,

7    contrary to defendant's claims in his motion, the Court did not

8    exclude the government's legal ethics expert (Kevin Mohr) "for the

9    reasons outlined by the defendant" in his papers about the propriety

10   of an expert testifying "as to what the law is." (Mot. at 1.)  In

11   fact, the Court did not exclude Mr. Mohr at all; the Court simply

12   "concluded that the best way to deal with the obligations of lawyers

13   is to do it by way of the jury instructions." (RT 4/7/2021 at 4:25-

14   5:2.)  The government does not object to that approach; indeed, the

15   government has repeatedly offered to take a similar approach with

16   regard to the special needs trust testimony that Ms. Katzen would

17   provide. (See CR 285, Ex. A at 18; CR 299 at 15; CR 430 at 1-2; Mot.

18   Ex. 1 at 1 n.1; see also CR 371 at 15 (Court directing parties to

19   meet and confer regarding a stipulation on this issue).)  Defendant

20   has consistently ignored the government's proposals and the Court's

21   suggestions to that effect, which is why the government is proceeding

22   with Ms. Katzen's testimony instead.  Having refused to agree to a

23   jury instruction or stipulation on this "highly relevant" issue (CR

24   371 at 15), defendant cannot now object to testimony on that subject

25   on the basis that it "usurps either the role of the trial judge in

26   instructing the jury as to the applicable law or the role of the

27   jury" (Mot. at 5 (emphasis omitted)).

28

Defendant's Rule 403 objections are similarly misplaced.  As discussed above, Ms. Katzen is not testifying as to what law governs the charges in this case, but rather providing background on a legal instrument (special needs trusts) that defendant used to conceal his embezzlement of client funds.  As such, there is no risk that the jury would view Ms. Katzen as a "super juror."  (Mot. at 9.)  Nor is there any risk of her straightforward -- and likely short -- testimony turning the trial into a "CLE seminar" or a "civil attorney malpractice case."  (Id.)  Ms. Katzen's testimony is also not unfairly prejudicial to defendant.  Evidence is only unfairly prejudicial under Rule 403 when it "not only has a significant impact on the defendant's case" but "results in some unfairness to the defendant because of its non-probative aspect" -- that is, its tendency to "affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged."  United States v. Bailleaux, 685 F.2d 1105, 1111 & n.2 (9th Cir. 1982) (emphasis added); see also United States v. Simas, 937 F.2d 459, 464 (9th Cir. 1991) (damaging and prejudicial testimony of prior thefts by a defendant charged with mail fraud admissible because prejudice to the defendant was not "unfair"); United States v. Blitz, 151 F.3d 1002, 1009 (9th Cir. 1998) ("some prejudice" does not necessarily constitute "unfair prejudice").  The only prejudice to defendant from Ms. Katzen's testimony is that the jury will understand the full scope and nature of defendant's lies after learning what a special needs trust is and how it actually works, which is precisely why the testimony is relevant.  Because any prejudice inherent in Ms. Katzen's testimony flows directly from its

1    probative aspects, the prejudice is not unfair and the evidence

2    should not be excluded under Rule 403.

3        In short, this Court should again reject defendant's Rule 702,

4    704, and 403 arguments.  They were meritless the first two times he

5    made them, and repeating them for a third time does not make them any

6    more persuasive.  (See CR 377, Ex. B at 2 ("While the Court does not

7    subscribe to the view that repetition creates truth, others may

8    wonder.").)

9        **B.   Susan Katzen Is Qualified to Testify as an Expert on**
         **Special Needs Trusts and Structured Settlements**
10

11       Defendant has failed to demonstrate that Ms. Katzen is not

12   qualified as an expert witness on special needs trusts and structured

13   settlements.  A witness can qualify as an expert on the basis of

14   "knowledge, skill, experience, training, or education."  Fed. R.

15   Evid. 702.  "The threshold for qualification is low for purposes of

16   admissibility; minimal foundation of knowledge, skill, and experience

17   suffices."  In re ConAgra Foods, Inc., 90 F. Supp. 3d 919, 953 (C.D.

18   Cal. 2015), aff'd sub nom. Briseno v. ConAgra Foods, Inc., 844 F.3d

19   1121 (9th Cir. 2017); see also Advisory Notes to Rule 702 ("[T]he

20   rejection of expert testimony is the exception rather than the

21   rule.").  As evidenced by Ms. Katzen's CV (attached as an exhibit to

22   the government's expert notice, CR 430, Ex. 5 at 10-13), Ms. Katzen

23   has over 40 years of experience practicing in the areas of special

24   needs planning, litigation settlement planning, trust planning,

25   probate, and trust administration.  That experience clearly satisfies

26   the "minimal foundation of knowledge, skill, and experience" required

27   for expert testimony.  ConAgra Foods, 90 F. Supp. 3d at 953.

28

                                      8

Defendant's principal complaint about Ms. Katzen's qualifications is that she has never testified on the subject of special needs trusts before.  (Mot. at 7.)  Unsurprisingly, defendant cites no authority for the proposition that an expert must have previously testified on the subject of the expert testimony to qualify as an expert, since such a rule would make it impossible for anyone to qualify as an expert in the first instance.  Moreover, Ms. Katzen's lack of experience in testifying is not a reflection of her expertise on this subject matter; rather, it reflects the infrequency with which practitioners in this field are called upon to testify in "serious criminal matter[s]" like this.  (Mot. at 2.)  Because, fortunately, few criminal cases involve allegations of the defendant using a legal instrument designed to help people with disabilities to conceal the criminal victimization of those same people with disabilities.

Ms. Katzen is clearly qualified to testify on the subject matter of special needs trusts and structured settlements.  To the extent defendant believes otherwise, he is free to cross-examine Ms. Katzen at trial as to her qualifications and the bases for her opinions.

**C.   The Court Should Deny Defendant's Request for a Daubert Hearing**

Lastly, defendant provides no legal authority -- as he cannot -- to justify his request for a Daubert hearing; therefore, the Court should deny defendant's request.  The Ninth Circuit has expressly held that trial courts are not compelled to conduct pretrial hearings to discharge the gatekeeping function as to expert testimony.  See United States v. Alatorre, 222 F.3d 1098, 1099 (9th Cir. 2000).  Moreover, Daubert does not apply to testimony, like the anticipated

9

testimony here by Ms. Katzen, that is based on an expert's knowledge and experience, rather than on scientific or technical analysis.  The "Daubert factors (peer review, publication, potential error rate, etc.) are not applicable to this kind of testimony, whose reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it."  United States v. Hankey, 203 F.3d 1160, 1169 (9th Cir. 2000) (gang expert); see also Alatorre, 222 F.3d at 1103-04 (rejecting claim "that a Daubert hearing must be conducted" as to law enforcement expert on street value of drugs); United States v. Mendoza-Paz, 286 F.3d 1104, 1112-13 (9th Cir. 2002) (Daubert hearing unnecessary where expert is relying on his own knowledge and experience); United States v. Cordoba, 104 F.3d 225, 230 (9th Cir. 1997) (Daubert hearing not required where "[t]he government expert testified on the basis of specialized knowledge, not scientific knowledge"); United States v. Espinosa, 827 F.2d 604, 611-12 (9th Cir. 1987) (rejecting claim that expert testimony by detective regarding drug pay/owe sheets was "not based on a particular science or specialized field of training," and explaining that investigators with "sufficient qualifications may testify concerning the methods and techniques employed in an area of criminal activity").  Defendant fails to establish the need for a pretrial Daubert hearing for Ms. Katzen.  His request should be denied.

## IV.  CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion in its entirety.