H. Dean Steward, SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
| Plaintiff, | DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY OF SUSAN KATZEN AND REQUEST FOR DAUBERT HEARING |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | Hearing Date: May 17, 2021 |
| | Hearing Time: 10:00 a.m. |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his counsel of record, H. Dean Steward, hereby files this Reply in Support of Defendant's Motion in Limine to Exclude Expert Testimony of Susan Katzen and Request for Daubert Hearing.

Dated: April 27, 2021                Respectfully submitted,

                                     /s/ H. Dean Steward
                                      H. DEAN STEWARD

                                     Attorney for Defendant
                                     MICHAEL JOHN AVENATTI

## I.    INTRODUCTION

As the government did with their prior legal ethics expert, Mr. Mohr,[1] the government attempts to lead the Court astray and to commit reversible error by admitting the testimony of Ms. Susan Katzen.  They do so despite the fact that (1) Ms. Katzen reviewed and considered literally <u>nothing from this case</u> prior to reaching her opinions - no information, materials, documents or facts; (2) a litany of case law (as cited in the Motion and in the supplemental briefing regarding Mr. Mohr [Dkt. 380]) holds that it is improper for the Court to permit an expert like Ms. Katzen to come before the jury and testify regarding legal issues and a lawyer's obligations (i.e. a lawyer's duties associated with special needs trusts and structured settlements and how courts operate); and (3) Ms. Katzen has <u>never</u> served as a consulting or testifying expert in any matter – civil or criminal.  For each of these reasons and the reasons set forth in detail below, the Court should grant the motion and exclude the testimony.  In the alternative, the Court should hold a *Daubert* hearing prior to ruling on the motion and permitting any testimony from Ms. Katzen.

---

[1] For an as yet unidentified reason, the government claims that Mr. Mohr was not excluded from testifying. [Opposition at 6:5-14.]  The record, however, demonstrates that this claim is false.  After the government provided notice of their intention to call Mr. Mohr, the defendant moved to exclude the testimony.  [Dkt. 285.]  The Court issued a tentative ruling permitting the testimony, but later asked for additional briefing after the defendant argued at the hearing that permitting such testimony would be erroneous. [Dkt. 373.]  The parties subsequently submitted supplemental briefs, which included extensive citation by the defendant establishing that the government was leading the Court to commit reversible error (which the government disputed). [Dkt. 380, 381.]  On April 7, 2021, at a status conference and in response to the defendant's inquiry, the Court stated:  "With regard to the government's designation of a legal expert <u>on a lawyer's obligations</u>, I had requested additional briefing, and I thought that I had sent out an order – I'll go back and check – to the effect that <u>I'd come to a different conclusion after reviewing the supplemental supplement showings</u> and concluded that the best way to deal with <u>the obligations of lawyers</u> is to do it by way of the jury instructions. . . . [I]t seems to me that presenting that material by way of a jury instruction <u>recognizes that there are legal issues there, and it's for the Court to advise the jury with regard to legal issues</u>." [Transcript, pp. 4:20 – 5:7 (emphasis added).]  As a result, there can be no dispute as to whether the Court excluded the testimony of Mr. Mohr for the reasons set forth in defendant's supplemental briefing.

## II.   ARGUMENT

### A. The Court Has Not Previously Ruled on the Defendant's Objections to Ms. Katzen's Proposed Expert Testimony

Contrary to the government's claims in the opposition, the Court has not previously twice rejected defendant's objections to the proposed testimony of Ms. Katzen.  First, the Court's prior statements regarding the <u>relevance</u> of the proposed testimony of a different expert, Ms. Kaas, are of little assistance to the government.  Ms. Kaas was a different expert, with a different disclosure of different anticipated testimony, utilizing a different methodology, and with far greater expertise serving as an expert.  Further, the Court's statements concerning the proposed testimony of Ms. Kaas were made without the benefit of the defendant's supplemental brief regarding the impropriety of having an expert opine as to a lawyer's legal obligations [Dkt. No. 380], which the Court subsequently considered and then correctly ruled that the government's legal ethics expert would be excluded.

Second, when the Court permitted the government to designate Ms. Katzen as a replacement expert <u>as a procedural matter</u>, the Court did not reach or rule on any of the defendant's *Daubert*-type objections (i.e. based on Rules 702, 703, 704).  Indeed, the Court specifically stated at the time:  "Mr. Steward, if you have any Daubert [] objections or a sufficiency of disclosure objection, I think you are free to bring that." [April 7, 2021 Transcript, p. 4:16-18.][2]  Accordingly, the government's claim that the Court, by permitting the designation, overruled the defendant's objections raised in the motion, is without merit.

---

[2] The transcript reads in full:  "Mr. Steward, if you have any Daubert client objections or a sufficiency of disclosure objection, I think you are free to bring that."  The addition of the word "client" appears to be a transcription error.

**B. The Government Has Conceded That Ms. Katzen's Methodology is Flawed In That She Reviewed and Considered No Facts or Information From the Case, Thus Requiring Her Exclusion Under The Law**

In the Motion, the defense argued that Ms. Katzen's proposed testimony was required to be excluded because she had violated Rules 702 and 703: "Ms. Katzen's methodology is flawed as she does not appear to have reviewed sufficient data and materials prior to reaching her opinions nor is there any indication that she applied her alleged knowledge and skill to any facts or data. In fact, the Disclosure is completely silent as what information, if any, she reviewed or considered before reaching her conclusions." [Motion at pp. 2-3.] Indeed, a heading in Motion is entitled: "In Violation of Rules 702 and 703, Ms. Katzen Used A Faulty Methodology and Failed to Review Sufficient Facts and Data Prior to Arriving at Her Opinions" [*Id*. at 7]. Within this section of the Motion, the defense explained that pursuant to Rules 702 and 703, the expert's opinions must be based on the expert's application of her skill and knowledge to the facts or data in the case after having reviewed information and facts from the dispute:

> Rule 702 permits the introduction of expert testimony only if the expert bases her proposed opinions on sufficient facts or data; the testimony is the product of reliable principles and methods; and the expert reliably applies the relevant principles and methods to the facts of the case. Further, Rule 703 requires that "[t]he expert's opinion must rest on 'facts or data in the case that the expert has been made aware of or personally observed,' not merely assumptions and speculation." *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 856 (9th Cir. 2019)(quoting Fed. R. Evid. 703; citing *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 830-21 (9th Cir. 2001); *DePaepe v. Gen. Motors Corp.*, 141 F.3d 715, 720 (7th Cir. 1998). Put simply, the expert must first review facts and data from the dispute and then apply her skill and knowledge to those facts and data before reaching her opinions and conclusions. Otherwise, the testimony is inadmissible as a matter of law.

> Here, according to the Disclosure and the subsequent admission by the government that they have nothing to add to the Disclosure, *see* fn. 2, *infra*,

3

Ms. Katzen relied on no facts or data before arriving at her opinions. She reviewed no documents or materials, she did not personally observe anything relating to this case, and she was not made aware of any facts at any time, let alone <u>before</u> reaching her conclusions. In fact, her Disclosure literally lists nothing she reviewed in connection with this case and no facts she relied on. As a result, she could not have possibly applied relevant principles and methods to the facts of the case before agreeing to testify to her conclusions and opinions as required under black letter law. Accordingly, her testimony must be excluded in its entirety pursuant to Rules 702 and 703. [Motion at pp. 7-8.]

**In its Opposition, the government completely fails to address this argument, let alone overcome it. As a result, the argument is deemed conceded, thus requiring the exclusion of Ms. Katzen for failing to utilize an adequate methodology and failing to properly review and consider facts and information from the case prior to arriving at her opinions and conclusions.** *See*, *e.g.*, Dkt. 239, Hon. J. Selna Ruling on Pretrial Services Report, p. 4 ("But as Avenatti points out in his reply, the Government has chosen not to respond to the claim of work product, and thus the argument is conceded."); *Sportscare of America, P.C. v. Multiplan, Inc.*, No. 2:10–4414, 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011) ("In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue."); *In re Online DVD Rental Antitrust Litig.*, No. 09–2029 PJH, 2011 WL 5883772, at *12 (N.D. Cal. Nov. 23, 2011).

Moreover, even in the absence of a concession by the government, the law in the Ninth Circuit is clear that it is improper to admit the testimony of an expert in a criminal case, no matter how well qualified, when that expert, like Ms. Katzen, has failed to consider facts and information from the case at issue and explain what facts and information were considered and how she arrived at her opinions. *See*, *e.g.*, *United States v. Hermanek*, 289 F.3d 1076 (9th Cir. 2002). As the Ninth Circuit held in *Hermanek*:

4

The district court relied solely on Broderick's general qualifications **without requiring the government to explain the method Broderick used** . . . . <u>**This was error**</u>.  As a prerequisite to making the Rule 702 determination that an expert's methods are reliable, the court must assure that the methods are adequately explained. *See Daubert*, 43 F.3d at 1319 (holding that the expert must "explain the methodology …followed to reach [his or her] conclusions"); *Claar v. Burlington N.R.R. Co.*, 29 F.3d 499, 502 (9th Cir. 1994) ("The district court repeatedly ordered the experts to explain the reasoning and methods underlying their conclusions. … [Because the experts'] affidavits are devoid of any such explanation…the district court could not make the findings required by Rule 702[.]"); *United States v. Rincon*, 28 F.3d 921, 924 (9th Cir. 1994) (explaining that the methods used by the expert must be described "in sufficient detail" such that the district court can determine if they are reliable);Fed. R. Evid. 702 advisory committee's note (2000) ("The trial judge in all cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted. The …expert must explain how the conclusion is so grounded."). As we said in Daubert, "we've been presented with only the expert['s] qualifications, [his] conclusions and [his] assurances of reliability. Under Daubert, that's not enough." 43 F.3d at 1319.

The only attempt made to explain Broderick's method emerged during voir dire questioning by defense counsel. Assuming arguendo that Broderick's explanation on voir dire - rather than the government's offer of proof and Broderick's general qualifications - formed the basis of the district court's decision admitting the testimony, we nonetheless find this explanation inadequate. The factors Broderick identified – his knowledge and prior investigation of defendants and the "evidence seized" in the case - were too vague and generalized to satisfy the requirements of Rule 702.  Under Rule 702, the proffered expert must establish that reliable principles and methods underlie the particular conclusions offered . . . .As the Supreme Court stated in *Kumho*, the expert must establish the reliability of the principles and methods employed "to draw a conclusion regarding the particular matter to which the expert testimony was directly relevant." 526 U.S. at 154. Broderick failed to explain in any detail the knowledge, investigatory facts and evidence he was drawing from. In *United States v. Hankey*,[3] by

---

[3]  The government cites *Hankey* for a different proposition in the Opposition [p. 10:6-7], but fails to alert the Court to the Ninth Circuit's subsequent applicable holding two years later in *Hermanek*.  Importantly, in *Hankey*, unlike here, the expert had personal knowledge of certain of the defendants and the facts of the case in which he was testifying.  Ms. Katzen, by contrast, has no personal knowledge and has made no attempt to acquire or review any facts, information

5

contrast, we approved of a law enforcement expert's testimony that two
witnesses were affiliated with gangs where the expert explained in detail the
nature of his personal knowledge and explained the connection between that
knowledge and the particular conclusion that the witnesses were gang
members. 203 F.3d at 1168-70. . . . Without a link between Broderick's
knowledge and the particular matter he interpreted, "there is simply too
great an analytical gap between the data and the opinion proffered." Gen.
Elec. Co. v. Joiner, 522 U.S. 136, 146, 139 L. Ed. 2d 508, 118 S. Ct. 512
(1997).

Accordingly, the testimony of Ms. Katzen should be excluded in its entirety.

### C. The Government Has Failed to Adequately Rebut the Arguments and Case Law Cited in the Motion Relating to Ms. Katzen's Attempt to Testify as to a Lawyer's Obligations, What the Law is, and What Court's Do, All in Violation of Rules 702 and 704

In the Motion, the defendant explained in detail why the proposed testimony of
Ms. Katzen concerning the legal requirements and standards relating to structured
settlements and special needs trusts, including the "particular rules and regulations,"
what courts require and do in connection with special needs trusts, and what a lawyer's
obligations are, was prohibited under the law and widely excluded under Rules 702 and
704. [Motion at pp. 4-7.] Within this portion of the Motion, the defense cited to
authority demonstrating that establishment and maintenance of structured settlements
and special needs trusts are governed by state and federal law, which set forth the exact
legal requirements, regulations, standards and rules necessary for establishing and
maintaining special needs trusts, including those relating to receipt of funds, how
distributions may be made, by whom and when, and various notice requirements.
[Motion at p. 4.] The defense further noted that Ms. Katzen's "proposed testimony as to
the role courts play and what they do and do not require is especially problematic" and
that "[t]he testimony proffered by the government is in violation of both Rule 702 and
704. Expert testimony describing and interpreting laws, rules and regulations, and

_____

or materials before reaching her conclusions.

informing the jury about what courts do, is per se improper.  Courts have 'consistently held' that expert testimony that usurps *either* the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it, by definition does not aid the jury in making a decision. . . . **Indeed, federal courts typically 'prohibit lawyers, professors, or other experts from interpreting the law for the court or from advising [the factfinder] about how the law should apply to the facts of a particular case**.' . . . **Testimony 'which articulates and applies the relevant law … circumvents the [factfinder's] decision-making function by telling it how to decide the case.' "** [Motion at pp. 4-6 (citations omitted)(emphasis in original).]

In its Opposition, the government fails to adequately address these arguments and likewise fails to rebut the litany of authority offered by the defense showing that the testimony offered by Ms. Katzen is *per se* improper.  This is fatal to the government's opposition.  To be clear, and as explained in the Motion, it is not the role of an expert to come before a jury and testify as what the law requires of an attorney when establishing and maintaining special needs trusts and structured settlements, and what courts do or do not do as it relates to special needs trusts and structured settlements.  If relevant at all, this role is for the Court and the Court alone.  *See Aguilar v. International Longshoreman's Union Local #10*, 966 F.2d 443 (9th Cir. 1992) (barring legal expert opinion because matters of law were for the court's sole determination).  As explained above, special needs trusts are creatures of law with specific legal requirements and regulations.  Accordingly, the testimony must be excluded.

## D. Ms. Katzen Is Not Qualified to Testify as Required Under Rule 702

The government has conceded that Ms. Katzen has never served as an expert in any proceeding – civil or criminal.  She has never served as a testifying expert in any case or arbitration.  And she has never served as an expert in any attorney malpractice case, fee dispute or State Bar proceeding.  Unfortunately, this is not surprising seeing as Ms. Katzen failed to undertake the most basic step of any expert and review facts and

7

information from this case *before* arriving at her opinions and conclusions (which evidently were instead provided to her by the government).  Indeed, Ms. Katzen's approach to serving as an expert in this matter fails to demonstrate the intellectual vigor and lack of bias necessary for all experts, regardless of their qualifications and field of expertise.  All of this leads to inescapable conclusion that Ms. Katzen is unqualified to serve as a testifying expert in this case, a complex, high-profile federal criminal proceeding involving multiple felony charges.  Simply put, the stakes are far too great for the government and Ms. Katzen to treat this matter as her "starter case."  Thus, her testimony should be excluded pursuant to Rule 702.

## III.    CONCLUSION

For each of the foregoing reasons, Mr. Avenatti respectfully requests that the Court exclude the proposed testimony in its entirety and exclude Ms. Katzen from testifying.  In the alternative, defendant requests that the Court hold a *Daubert* hearing prior to ruling on the Motion and permitting any testimony from Ms. Katzen.

Dated: April 27, 2021                              Respectfully submitted,

                                                   /s/ H. Dean Steward
                                                     H. DEAN STEWARD

                                                   Attorney for Defendant
                                                   MICHAEL JOHN AVENATTI

## **CERTIFICATE OF SERVICE**

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.  I am not a party to the above-entitled action.  I have caused, on April 27, 2021, service of the defendant's:

REPLY IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY OF SUSAN KATZEN AND REQUEST FOR DAUBERT HEARING

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 27, 2021

/s/ H. Dean Steward

H. Dean Steward