TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     Email:     Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:     Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 19-061-JVS |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION FOR ORDER CONTINUING TRIAL DATE AND FINDING EXCLUDABLE TIME (CR 447); EXHIBITS 1-4 |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby files its Opposition to defendant MICHAEL JOHN AVENATTI's Ex Parte Application for Order Continuing Trial Date and Finding Excludable Time (CR 447).

This Opposition is based upon the attached memorandum of points and authorities, the accompanying exhibits, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 10, 2021　　　　　　　　　Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

　　　　　/s/
BRETT A. SAGEL
ALEXANDER C.K. WYMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

As the government stated at the inception of this case, and has stated repeatedly since, defendant MICHAEL JOHN AVENATTI "has a pattern and practice of using delay tactics to avoid responsibility for his conduct." (CR 26 at 4.) Indeed, his primary goal appears to be to delay these proceedings ad infinitum. His current motion for a trial continuance -- which fails to provide any information not previously presented to the Court either before the Court set the current trial date or before it stated at the previous status conference that no continuance was necessary -- is just the latest, bad faith attempt at prolonging the moment at which he will be held accountable for his crimes. The Court should deny defendant's request.

**II. ARGUMENT**

    **A. Defendant's Alleged Bases for a Continuance Do Not Warrant Continuing the Trial Date**

Each of defendant's stated reasons for needing a continuance is not new, has previously been rejected by the Court, is misleading, and/or is inaccurate.

First, defense counsel's complaints that he will not be ready to try this case on the current trial date ring hollow and are contradicted by his own prior statements. As the Court is aware, the Court specifically accommodated defense counsel's upcoming trial schedule in setting the current trial date of July 13. During the January 6, 2021, status conference in this matter, the Court and the parties discussed defense counsel's Poon trial "before Judge Carter that is scheduled to start June 1." (RT 1/6/2021 at 4:6-7.) Defense

counsel requested an August trial date, and the Court instead imposed the current date of July 13, noting, "That should give Mr. Steward a month after he finishes the case in front of Judge Carter." (Id. at 4:1-5:11.) Nothing has changed with regard to defense counsel's trial before Judge Carter, which he described at the January status conference as "about as firm as you can get. The only thing that will change that I think is if God forbid the pandemic is still underway." (Id. at 4:13-16.).

Defense counsel has also not sought a continuance in the Poon trial before Judge Carter (also a non-violent, white collar matter) on the same bases he raises here that would apply there as well, including, but not limited to, the fact that defense counsel is "in [his] 70s, with pre-existing health conditions,"[1] and the alleged impairment he has faced in his ability to review discovery due to the pandemic. (Appl. ¶ 7.) This suggests that it is defendant's bad faith, rather than defense counsel's trial schedule, age, and caseload, that is motivating this request for a continuance, which he

---

[1] Defense counsel is, by his own account, in his 70s with preexisting health conditions, meaning that he has long since been eligible to receive a vaccine, so it is unclear how the pandemic is affecting his ability to prepare for a trial in July 2021. He also requested to be appointed in this case in July 2020, when there was no end to the pandemic in sight and he already knew the case's complexity and discovery volume since he had been previously retained. (CR 202.) The government is not privy to defendant and his counsel's representations to the Court for the Court to appoint defense counsel pursuant to the Criminal Justice Act; however, the government requested that, due to representations defense counsel had previously made about the size and complexity of the case, the Court inquire of defense counsel as to whether he would be prepared to proceed to trial and provide effective assistance for what was at that time a 36-count, far more complex trial scheduled for December 2020. (CR 208 at 10.)

2

inexplicably filed on an ex parte basis on a Friday afternoon over a month after he claimed he would be seeking a continuance.[2]

Moreover, on August 30, 2019, pursuant to a stipulation between the parties, the Court set a trial date of May 19, 2020, which was on all 36 counts of the indictment. (CR 66.) At that time, defense counsel also represented defendant in the Southern District of New York in defendant's criminal case involving the theft of money from another client. United States v. Avenatti, No. 1:19-CR-374 (the "SDNY Fraud Case"). On October 8, 2019, after the May 2020 trial date was set in this matter, defendant and his counsel appeared at a status conference in the SDNY Fraud Case and requested an April 21, 2020, trial date in the SDNY Fraud Case, which was estimated to be a two-week trial. (SDNY Fraud Case, RT 10/08/2019 at 9-11.)

At the December 2, 2019, status conference in this case, defense counsel raised a potential conflict between his SDNY Fraud Case and the proposed motions hearings date the Court was going to set in this case. The government raised the fact that defendant and his counsel created the conflict after the trial date in this case was already set, prompting the Court to ask defense counsel when the SDNY Fraud Case was scheduled, to which defense counsel responded: "I believe it is early April because I remember there was a 30-day window when I would finish the one and have that time to prepare for this case." (RT 12/02/2019 at 7-8.)[3]

---

[2] Defense Counsel presumably has not had any trials in the last fourteen months, further suggesting he has had sufficient time to prepare, especially since January when the Court set the July 13 trial date.

[3] In reality, based on a two-week trial estimate in the SDNY Fraud Case, defense counsel would have had three weeks to prepare for this case on all 36-counts.

3

In addition, in October 2020, defense counsel represented to both the Court and government counsel that he would be ready to proceed to trial when contemplating a trial date in February 2021 -- five months before the current trial date. At the October 27, 2020, status conference, the Court stated the following while continuing the trial date at that time from December 8, 2020, until February 23, 2021:

> In my view, there has been sufficient preparation such that had we been able to conduct a jury trial commencing December 8 we would have started the trial December 8. Given it will be another two months out, I believe there is more than adequate time for the defense preparation, particularly since Mr. Avenatti has been out of custody since I guess April.

(RT 10/27/2020 at 5:23-6:4.) In response, defense counsel stated, "Your Honor, to be clear, <u>this is not a request from the defense having to do with preparation</u>. It has to do with these other two trials." (<u>Id.</u> at 6:5-7 (emphasis added).) Two days later, after the government sent defense counsel a stipulation to continue the trial date consistent with the Court's guidance, defense counsel made significant edits to the stipulation. In response to a question by government counsel about these proposed edits, defense counsel responded, "you have language that sets out a defense request for a continuance to be adequately prepared. if you recall, I specifically told Judge Selna that is not why the trial is being put over." (Exhibit 1.) Defense counsel's statements now that he cannot be adequately prepared to try this case in July 2021 appear disingenuous at best.

At the motions hearing on October 19, 2020, the Court severed the wire fraud counts involving defendant embezzling funds from his clients ("client counts") from the various tax fraud counts, bank

4

fraud counts, aggravated identity theft count, and bankruptcy fraud counts. The Court noted, the severed counts "are substantially more complex than the Client Counts." (CR 371 at 2.) In granting the severance motion, the Court explained that a trial on the client counts alone would be "substantially shorter" and "focus on a limited set of similar transactions." (Id.)[4] The client counts charged in this case are straightforward, defendant is well aware of the evidence supporting the charges from the detailed indictment and search warrant affidavits, and defendant has had access to the vast majority of the relevant discovery, including key witness summaries, since 2019, as well as nearly all evidence since early 2020. Defense counsel, who has previously referenced his forty-plus years of criminal defense experience, certainly has had sufficient time to prepare for trial on the client counts. Moreover, defendant fails to even acknowledge or reference that this Court appointed another lawyer to represent defendant along with Mr. Steward since at least November 2020.[5]

Second, defendant's complaints about his own availability owing to his upcoming sentencing in the Nike case in the Southern District of New York are similarly unfounded and misleading. He neglects to inform the Court that, after the Court set the trial date in this matter, defendant unilaterally requested a continuance of the

---

[4] Defendant even stated -- nearly eight months ago -- that he would be able "to proceed to trial on counts 1 through 10 earlier than on the other counts due to the complex nature of counts 11 through 36." (CR 265 at 7.)

[5] On November 10, 2020, Dean Steward informed the government that the Court appointed another attorney, Courtney Cummings, to assist in the representation of defendant in this matter. Defendant has had the assistance of two attorneys to prepare for the trial on the client counts for at least six months.

5

sentencing in the Nike case "until **June 23-25, 2021**, or **June 28-30, 2021**" -- not "as a result of the pandemic conditions in New York" as defendant now claims (Appl. ¶ 11), but rather because defendant's "two daughters will finish high school in California on or about June 10, 2021 and wish to attend the sentencing hearing." United States v. Avenatti, No. 1:19-cr-373-PGG (Dkt. 311) (S.D.N.Y. Mar. 30, 2021) (attached hereto as Exhibit 2). Although defendant mentioned the ongoing pandemic in the motion to continue his sentencing hearing, the continuance of the sentencing to a date that defendant chose (June 30) was to accommodate a personal request by defendant. Defendant knew, when he made that request, that this trial was set to proceed on July 13, and he cannot now claim that the sentencing date poses a conflict. Defendant was found guilty in that case in February 2020, and the presentence investigation report has long since been disclosed to the parties -- defendant has sought numerous continuances of his sentencing since it was initially scheduled in June 2020. Defendant cannot legitimately claim that his need to "work[] closely" with his defense counsel in the Nike case to prepare for his sentencing would somehow prevent him from fully participating in his trial preparation in this case.

Third, defendant's baseless accusations of discovery misconduct -- by now a familiar refrain -- are (once again) completely unfounded and have already been rejected by this Court. Defendant does not identify any actual discoverable material that he claims to be missing, instead claiming without support that there must be Brady material in the agent notes of a victim interview. (Appl. ¶ 8.) Once again, defendant complains about exculpatory evidence that he does not have because it simply does not exist. And with regard to

the discovery he complains was produced only "36 days before the then scheduled May 19, 2020 trial date," he fails to explain how that is even remotely relevant to the timing of the current trial date of July 13, 2021 -- approximately 14 months later.

Defendant has raised all of these discovery arguments in the past, and the government has responded in turn each time. Most recently, defendant claimed in the parties' joint status report filed April 6, 2021, that a continuance of the trial date was necessary because of these same alleged discovery violations. (CR 433 at 15-16.) Addressing these claims the next day at the status conference, the Court stated that defense counsel was "free to make that motion" for a trial continuance, but that it was "highly unlikely" to be successful, noting in particular that "Mr. Avenatti has been available to you I guess for nearly a year now," and, "as I've suggested, I think the government has satisfied its discovery obligations. <u>I see no reason to continue on that basis</u>." (RT 4/7/2021 at 12:2-11 (emphasis added).) Nothing has changed since then. There remains no reason for a continuance on that basis.

<u>Fourth</u>, defendant's request for a continuance utterly ignores the speedy trial rights of his victims. Instead, he suggests that a continuance would not prejudice his victims because they have already filed civil lawsuits or arbitrations against defendant and are pursuing civil remedies against him. (Appl. ¶ 14.) That his victims have sued him to recoup their substantial losses has, of course, no impact whatsoever on their speedy trial rights, nor, unfortunately, does it enable them to recoup their losses from defendant before this case proceeds to trial. Moreover, the victims' civil cases have been stayed pending the outcome of this criminal trial -- mostly at

7

defendant's requests. As a result, until this trial proceeds, defendant's victims cannot have their rights vindicated, they cannot obtain a judgment or restitution order for the money defendant stole, and they cannot put this horrible abuse of trust behind them and move on with their lives.

Finally, defendant's claim that the media coverage of his sentencing hearing on June 30 -- which, again, is the date defendant requested knowing of his July 13 trial date -- will taint his jury pool is completely unfounded. The case upon which defendant relies, Sheppard v. Maxwell, 384 U.S. 333 (1966), applies to cases "where the media significantly interfere[s] with the trial itself" -- for example, where there is a "'carnival atmosphere' that the press create[s] at trial." Hayes v. Ayers, 632 F.3d 500, 508 (9th Cir. 2011) (quoting Sheppard, 384 U.S. at 358). "Pretrial news coverage alone" does not infringe upon a defendant's due process rights, even if there are "months of virulent publicity." Id. (emphasis added) (discussing Sheppard and quoting Skilling v. United States, 561 U.S. 358, 380 (2010)). Rather, district court judges are granted considerable discretion in determining whether pretrial media attention is likely to prohibit a fair trial. Id. at 510. And where the press coverage "cannot be characterized as a barrage of inflammatory publicity immediately prior to trial, amounting to a huge wave of public passion," the "pretrial media attention alone cannot justify a presumption of prejudice." Id. (cleaned up).

As much as defendant may beg to differ, his upcoming sentencing in the Nike case is not going to reach that level of publicity. As the Honorable Jesse M. Furman, United States District Judge for the Southern District of New York, recently held in one of defendant's

8

other pending criminal cases in response to a similar media-related objection by defendant, "Put simply, given the passage of time; the fact that Donald J. Trump, the Defendant's erstwhile nemesis, is no longer President of the United States; and the Defendant's other legal troubles (including but not limited to his conviction before Judge Gardephe), the Defendant is not quite as high profile as he once was." United States v. Avenatti, No. 1:19-cr-374-JMF (Dkt. 120) (S.D.N.Y. May 6, 2021) (attached hereto as Exhibit 3).

### B. A Trial Continuance Is Not Necessary to Ensure Adequate Assistance of Counsel

In June 2020, before defendant requested that his counsel be appointed pursuant to the Criminal Justice Act, the Court directed the parties to brief defendant's representation issues as they related to possible requests for delay of the trial. (CR 166.) The government provided the relevant caselaw in that brief (CR 175) that the Court should consider in denying defendant's current motion. In short, defendant has a Sixth Amendment right to assistance of counsel, but that right is circumscribed by the need to maintain the fair, orderly, and efficient administration of justice. Defendant may not use his right to counsel as a ploy to delay this prosecution, which is what defendant has attempted to do for over two years -- starting when he appeared at several hearings without counsel.

When a continuance request implicates the right to counsel, a court does not abuse its discretion unless the denial of a continuance was "arbitrary or unreasonable." United States v. Moreland, 622 F.3d 1147 (9th Cir. 2010); United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir. 1985) ("We do not find a clear abuse of discretion unless, after carefully evaluating all the relevant

9

factors, we conclude that the denial was arbitrary or unreasonable."). The Court must balance several factors to evaluate such continuance requests, including:

> (1) the extent of a defendant's diligence in his efforts to ready his defense prior to the trial date;
> (2) whether the continuance would serve a useful purpose if granted;
> (3) the extent to which granting the continuance would inconvenience the Court and the opposing party, including its witnesses; and
> (4) the extent to which defendant may suffer harm as a result of the denial of a continuance.

Flynt, 756 F.2d at 1359 (internal citations omitted).[6]

Crucially, it is also necessary for the Court to evaluate "whether the delay is the defendant's fault." United States v. Turner, 897 F.3d 1084, 1102 (9th Cir. 2018) (quoting United States v. Thompson, 587 F.3d 1165, 1174 (9th Cir. 2007)). In United States v. Lawrence, 607 F. App'x 756, 757 (9th Cir. 2015), for example, the Ninth Circuit affirmed the district court's denial of a continuance request because most of the delays were caused by defendant. Because defendant's "behavior was consistent with dilatory tactics" and "his course of conduct was consistent with 'gamesmanship' utilized to avoid going to trial," the district court did not abuse its discretion in denying the continuance request. Id.

Moreover, defendant has never provided this Court with any specific information as to what defendant or his counsel have actually done to prepare for trial in the past two-plus years, let alone in the seven months since this Court severed the client counts from the remaining -- more complex -- counts of the Indictment.

---

[6] The Speedy Trial Act also states that a continuance "shall not be granted because of . . . lack of diligent preparation." 18 U.S.C. § 3161(h)(7)(C).

10

1  Instead, all defendant and his counsel have offered this Court -- now
2  and previously -- are misleading complaints regarding discovery and
3  vague statements regarding their ability to prepare for trial.  And
4  the mere fact that discovery in this case is voluminous does not
5  require the Court to provide defendant with an unlimited amount of
6  time to review such discovery.  See United States v. Wilkes, 662 F.3d
7  524, 543 (9th Cir. 2011) (holding district court did not abuse its
8  discretion in denying defendant's request to continue the trial to
9  "enable his counsel to review voluminous discovery"); see also United
10 States v. Vincent, 416 F.3d 593, 599 (7th Cir. 2005) (holding
11 defendant's Sixth Amendment rights were not violated by denial of
12 trial continuance where the district court properly considered "the
13 amount of time to prepare, defendant's failure to examine the
14 available discovery, and his familiarity with the facts").
15      For all of these reasons, defendant's motion for continuance
16 should be denied.  It also bears noting that defendant's current
17 motion exemplifies the bad faith in which he continues to act in
18 litigating this case.  He continues to lodge baseless discovery
19 misconduct claims; he continues to attempt to mislead the Court; and
20 he continues to try to delay these proceedings as long as possible.
21 Even the Application's statement that government counsel failed to
22 respond to defense counsel (Appl. ¶ 15) is false.  Government counsel
23 responded with their position at 9:52 AM, approximately six hours
24 before defendant filed the Application.  (Exhibit 4.)  Defendant's
25 motion is simply another example of his bad faith and gamesmanship.
26 Cf. Lawrence, 607 F. App'x at 757.  Defendant and his counsel have
27 had more than sufficient time to prepare for trial, and there are no
28

legitimate bases for a continuance; therefore, the Court should deny defendant's motion.

## III. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion in its entirety.