# EXHIBIT 1

**Sagel, Brett (USACAC)**

| | |
|---|---|
| **From:** | Dean Steward <deansteward7777@gmail.com> |
| **Sent:** | Thursday, October 29, 2020 5:01 PM |
| **To:** | Andre, Julian L. (USACAC); Sagel, Brett (USACAC) |
| **Subject:** | Re: stip to continue |

for example, you have language that sets out a defense request for a continuance to be adequately prepared. if you will recall, I specifically told Judge Selna that is not why the trial is being put over.

On Thu, Oct 29, 2020 at 4:58 PM Dean Steward <deansteward7777@gmail.com> wrote:

That which I sent you

On Thu, Oct 29, 2020 at 4:49 PM Andre, Julian L. (USACAC) <Julian.L.Andre@usdoj.gov> wrote:

Dean:

Your proposed changes do not make sense to us and would likely make the stipulation ineffective. The Court asked us to work with you on a proposed stipulation; what is your client willing to stipulate to regarding the two trial dates?

**Julian L. André**

**Assistant United States Attorney**

**Major Frauds Section**
United States Courthouse, Suite 1100

312 N. Spring St. | Los Angeles, California 90012
T: 213.894.6683 | julian.l.andre@usdoj.gov

**From:** Dean Steward <deansteward7777@gmail.com>
**Sent:** Thursday, October 29, 2020 3:40 PM
**To:** Sagel, Brett (USACAC) <BSagel@usa.doj.gov>; Andre, Julian L. (USACAC) <JAndre1@usa.doj.gov>
**Subject:** stip to continue

**Attached are my changes**

--



949-481-4900  www.deansteward.com

--



949-481-4900  www.deansteward.com

--



949-481-4900  www.deansteward.com

# EXHIBIT 2

March 30, 2021

**Via ECF**
Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:    *United States v. Avenatti*, **No. S1 19 Cr. 373 (PGG)**
             **Unopposed Motion for an Additional 50-day Adjournment**
             **of Sentencing Date and Filing of Sentencing Submissions**

Dear Judge Gardephe

      Mr. Avenatti's sentencing hearing is currently scheduled for May 7, 2021. We write to respectfully request an additional adjournment of the sentencing date for approximately fifty (50) days, until **June 23-25, 2021**, or **June 28-30, 2021**. Mr. Avenatti further requests a corresponding adjournment of the dates for the defense and government to file their sentencing submissions. The government does not oppose the requested adjournment.

      As this Court is aware, on February 14, 2020, a jury found Mr. Avenatti guilty of the three counts charged against him in the Superseding Indictment. At the time, Mr. Avenatti was in custody pursuant to a remand order entered by United States District Judge James Selna of the Central District of California. On April 24, 2020, Mr. Avenatti was temporarily released to home confinement in California pursuant to conditions set by Judge Selna in the wake of the COVID-19 pandemic. *See United States v. Avenatti*, Case No. SA-CR-19-61-JVS (ECF No. 154:7). Mr. Avenatti remains under home confinement in Venice, California.

      COVID-19 cases continue to spike around the United States. https://www.cnn.com/2021/03/30/health/us-coronavirus-tuesday/index.html. The United States has averaged 65,700 new cases per day over the last week – a 22% jump from the prior week. The seven-day moving average of new cases in New York City is 6,166 (and 10,033 new cases in the State), higher than when the Court last granted an adjournment. The director of the CDC has expressed concern about surges because of spring break travel and the B.1.1.7 variant that is deadlier and more contagious. On March 11, 2021, the United States District Court for the Southern District of New York issued a Fourth Amended Standing Order, M-10-468, 20 Misc 176 (CM), extending the provisions of the CARES Act for the holding of criminal proceedings remotely for 90 days from March 24, 2021 (i.e., through June 22, 2021), having

Exhibit 2
3

found that proceedings such as sentencing hearings "cannot in all instances be conducted in person without seriously jeopardizing public health and safety."

Mr. Avenatti is scheduled to receive his first dose of a two-dose COVID-19 vaccine regimen during the last week of April 2021. His two daughters will finish high school in California on or about June 10, 2021 and wish to attend the sentencing hearing. For these reasons, Mr. Avenatti respectfully requests that the Court grant an additional adjournment of the sentencing of approximately 50 days, until late June 2021, before requiring him and his family to travel to New York for sentencing. It is reasonable to expect that, by late June 2021, Mr. Avenatti will have been fully vaccinated and the increased vaccination of the public will make domestic travel safer and allow for in-person hearings. Moreover, Mr. Avenatti respectfully requests that his sentencing submission be due three weeks before any new sentencing date and that the government's sentencing submission be due one week after the due date for the defense submission.

A further delay would not prejudice the government. Mr. Avenatti remains on home confinement, subject to restrictive conditions, and continues to prepare for multiple trials in connection with two additional indictments.[1] The alleged victims in the case – Coach Gary Franklin and Nike – have already testified extensively at trial, so there is no risk that the victims will not be heard.

The government advised that it has no objection to an adjournment to the suggested dates. Thank you for your consideration of this request.

        Respectfully Submitted,
        /s Scott Srebnick
        Scott A. Srebnick
        E. Danya Perry

cc: Government Counsel

---

[1] Mr. Avenatti's trial (of severed counts) in the California case has been set for July 13, 2021.

Exhibit 2
4

# EXHIBIT 3

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA,                                         :
                                                                  :
                -v-                                               :   19-CR-374 (JMF)
                                                                  :
MICHAEL AVENATTI,                                                 :   MEMORANDUM OPINION
                                                                  :        AND ORDER
                                Defendant.                        :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On March 13, 2020, the parties submitted a joint letter addressing, among other things, the issue of press access to *voir dire* at trial in this case. *See* ECF No. 46. The letter proposed

> that the defendant and, assuming more than one member of the press requests to be present at sidebar discussions, a single pool reporter be permitted to be present at sidebar discussions with potential jurors. In addition, the parties ask that the Court ensure that jurors are aware that they can request that the reporter be excused from sidebar and that the Court excuse the reporter on its own initiative if it determines that a juror does not appear fully comfortable answering questions fully and honestly in the presence of the reporter. . . . Finally, transcripts of oral *voir dire* should only be made available following the impanelment of a jury, and should jury selection take more than a day, the members of the venire should be instructed not to review any press reporting about the case, including the previous days' jury selection.

*Id.* at 5 (citation omitted). Over one year later, on April 14, 2021, the Defendant, represented by new counsel, filed a letter-motion revising his position and objecting to the presence of a reporter at sidebar during *voir dire*. *See* ECF No. 107 ("Def.'s Ltr."). Thereafter, two media outlets — the Daily News and Inner City Press — filed letters opposing the Defendant's request to revisit the issue, *see* ECF Nos. 108 and 110; the Government filed a letter expressing its views, *see* ECF No. 111; and the Defendant filed a reply, *see* ECF No. 114 ("Reply").

Upon review of all these submissions, the Court overrules the Defendant's objection and adopts the proposal set forth in the parties' letter of March 13, 2020, which is consistent with the

Exhibit 3
5

procedures followed by Judge Matsumoto in *United States v. Shkreli*, 260 F. Supp. 3d 257 (E.D.N.Y. 2017). In the Court's view, these procedures strike the right balance between the Defendant's right to a fair trial and the First Amendment right of public access to judicial proceedings, substantially for the reasons explained by Judge Matsumoto. *See id.* at 260-64; *see also ABC, Inc. v. Stewart*, 360 F.3d 90, 99-106 & n.5 (2d Cir. 2004). *United States v. King*, 140 F.3d 76 (2d Cir. 1998), and *United States v. Loera*, No. 09-CR-466 (BMC), 2018 WL 5624143 (E.D.N.Y. Oct. 30, 2018) — upon which the Defendants relies — do not call for greater restrictions on public access as the questioning of prospective jurors in this case is not likely to involve the same number or kind of "sensitive and controversial issues" and "politically charged topics" that the questioning of prospective jurors in those cases involved. *Loera*, 2018 WL 5624143, at *2; *see id.* at *3 (emphasizing the "unique facts" of the case); *King*, 140 F.3d at 83 (emphasizing the "unusual" nature of the case). Accordingly, in the Court's view, it will suffice for the Court to "ensure that prospective jurors are comfortable requesting that the reporter be excused from sidebar"; to "excuse the reporter if the [C]ourt determines that a juror does not appear comfortable answering questions fully and honestly in the presence of the reporter"; and to "excuse the pool reporter[] if a prospective juror so requests in order to provide a more fulsome, candid answer, when questioning may elicit issues of a personal or private nature." *Shkreli*, 260 F. Supp. 3d at 263 & n.3.

Contrary to the Defendant's suggestion, his trial before Judge Gardephe in early 2020 supports, rather than undermines, the case for press access to sidebars during *voir dire*. First, it is plain that Judge Gardephe did, in fact, "'permit[]' a reporter's presence at sidebar during *voir dire*" in that trial. Def.'s Ltr. 3. Indeed, the Defendant's own letters later reference a reporter's attendance at sidebar. *See id.* at 4 n.5; *see* Reply 5. Second, there is no evidence for the

2

Exhibit 3
6

Defendant's assertion that the media engaged in "questionable conduct" during the trial before Judge Gardephe. Reply 5. The Defendant's sole support for that assertion is two articles written by a reporter regarding jury selection. *See id*. But that conduct is not "questionable"; it is core First Amendment activity and precisely what the right of press and public access to jury selection is designed to protect. Finally, and in any event, the Defendant provides zero evidence that the press coverage of jury selection in his trial before Judge Gardephe affected the fairness of that trial (or that any concerns could not be addressed through less restrictive measures, such as admonishing prospective jurors not to read any press about the case). If anything, the case for allowing press access at a trial in this case in January 2022 will be much stronger than it was in the trial before Judge Gardephe in early 2020. Put simply, given the passage of time; the fact that Donald J. Trump, the Defendant's erstwhile nemesis, is no longer President of the United States; and the Defendant's other legal troubles (including but not limited to his conviction before Judge Gardephe), the Defendant is not quite as high profile as he once was.[1]

In short, the Court adopts the proposed procedures for press attendance at sidebars during *voir dire* set forth in the parties' letter of March 13, 2020, and overrules the Defendant's more recent objections. The Clerk of Court is directed to terminate ECF No. 107.

SO ORDERED.

Dated: May 6, 2021
New York, New York

JESSE M. FURMAN
United States District Judge

---

[1] Indeed, for these reasons, a jury questionnaire may not actually be necessary or appropriate in this case. The Court need not decide that — let alone whether or when the press would be given access to completed jury questionnaires — at this time.

# EXHIBIT 4

| | |
|---|---|
| **From:** | Sagel, Brett (USACAC) |
| **Sent:** | Friday, May 7, 2021 9:52 AM |
| **To:** | Dean Steward; Wyman, Alex (USACAC) |
| **Subject:** | RE: Avenatti |

We oppose.

**From:** Dean Steward <deansteward7777@gmail.com>
**Sent:** Thursday, May 6, 2021 3:08 PM
**To:** Wyman, Alex (USACAC) <AWyman@usa.doj.gov>; Sagel, Brett (USACAC) <BSagel@usa.doj.gov>
**Subject:** Avenatti

Brett & Alex:

We intend to apply ex parte for a brief trial continuance to August 31, 2021 due to the following: (a) the proximity of the current trial date to the Nike sentencing; (b) the proximity of the current trial date to my previously scheduled trial before Judge Carter with the Daniels (Lim and Ahn); and (c) the current covid-19 pandemic protocols for trials.

Please let us know by noon tomorrow as to your position.

Thanks,

Dean

--



949-481-4900  www.deansteward.com

1
Exhibit 4
8