TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     Email:    Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

             UNITED STATES DISTRICT COURT

          FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | JOINTLY SUBMITTED JURY QUESTIONNAIRE AND OBJECTIONS |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

   Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby files the parties' proposed jury questionnaires and objections to the other party's proposed

questionnaire.  The parties respectfully reserve the right to supplement these jury questionnaires as needed.

```
Dated: May 13, 2021                  Respectfully submitted,

                                     TRACY L. WILKISON
                                     Acting United States Attorney

                                     BRANDON D. FOX
                                     Assistant United States Attorney
                                     Chief, Criminal Division


                                           /s/
                                     BRETT A. SAGEL
                                     ALEXANDER C.K. WYMAN
                                     Assistant United States Attorneys

                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA
```

**Jury Questionnaires**

**I. THE COURT'S REQUEST**

During the April 7, 2021, status hearing, the Court provided the following guidance with respect to a jury questionnaire:

> With regard to a jury questionnaire, I have no difficulty with a fairly complete questionnaire. I think it will speed up the voir dire process, which would be helpful. I'd ask you, however, to submit one joint proposal. If you've got questions that one side objects to, put it all in one document so I can take a look at it, and why don't you agree on the date that you could do that. Mr. Steward was proposing the end of April, April 26. I think if you could get the questionnaire to me by mid-May that would be satisfactory.

(RT 4/7/2021 at 6:25-7:9.) Although the government appreciates that the Court wanted the proposed questionnaire in "one joint proposal," the government provides the parties' proposed questionnaires and objections based on the timing and responses the government received (and did not receive) from defendant.

By way of brief background, the Court wanted a joint status report filed by noon on April 6, 2021, for the status conference to be held the following day. Despite having the government's positions for some time and requests from the government for defendant's positions, defendant provided many of his positions and bases for his positions, for the first time, on April 5, 2021, and the morning of April 6, 2021. To avoid the same situation in which the government is forced to prepare joint filings at the last moment based on late-arriving information from defendant, with minimal to no time to prepare, on April 19, 2021, the government emailed proposed dates for the parties to exchange positions in relation to the four items the Court wanted jointly filed on May 13, 2021 (jury instructions, jury questionnaire, verdict form, and summary of the case). On April 21,

2021, defense counsel replied, in part, "As for the schedule you proposed on the items due three weeks from now, it is premature and unacceptable."

On April 22, 2021, defendant provided the government with defendant's "initial draft questionnaire for use during jury selection" and asked that the government "provide any additional questions or objections you may have no later than May 6, 2021." On April 29, 2021, the government provided defendant with its proposed questionnaire, which was based on defendant's proposed questionnaire and the questions the government would want included. The government also provided comments on defendant's initial draft questionnaire to assist defendant in seeing where his questions were included in the government's proposed questionnaire, included in alternative form, and any objections the government had. The government asked defendant to let the government know by May 6, 2021, to which questions defendant would agree, object, and/or suggest modifications, as well as any positions defendant wanted to provide regarding the government's questions, so that the parties could work on the joint submission from there. On May 11, 2021 (1:56 PM), defendant provided the government with defendant's objections to the government's proposed questionnaire (which are included below). At 3:14 PM the same day, the government emailed defense counsel to follow-up on its previous response on April 29, 2021, which identified various questions proposed by defendant that the government believed it covered in a modified manner, format, and/or order, and again trying to determine what objections, if any, defendant had to these or any other issues defendant had to the government's proposed questionnaire, including the order. As of the

time of this filing, defendant has not responded nor provided any responses to the government's comments and objections previously provided to defendant.

Attached as Exhibit 1 is defendant's proposed jury questionnaire as provided to the government on April 22, 2021. Attached as Exhibit 2 is the government's proposed jury questionnaire. The parties' positions regarding the other party's proposed jury questionnaire are below.[1]

## II. GOVERNMENT'S OBJECTIONS AND POSITIONS TO DEFENDANT'S PROPOSED JURY QUESTIONNAIRE (EXHIBIT 1)

Defendant's Introduction/Preface: The government objects to the introductory language proposed by defendant and proposes the introduction in the government's proposed questionnaire (see Exhibit 2, attached). Defendant's introductory language includes references to the questionnaires being "confidential" and "completely confidential," which is inaccurate and provides misleading information to the prospective jurors. Although during the voir dire process, the questionnaires will only be disseminated to the parties and the Court, the parties may follow-up with the prospective jurors and/or discuss with the Court the information contained within the questionnaire. The prospective jurors should not be given inaccurate information about the "confidentiality" of their answers. The government's proposed introductory language properly conveys to the

---

[1] The government acknowledges that the below and the attached questionnaires are not exactly what the Court envisioned, but the government believes it did what it could to attempt to comply. The best way to review the below is to have a copy of Exhibits 1 and 2 to read along with the below objections and comments.

3

prospective jurors how the questionnaires will be used and allows them to note information that they would seek to remain confidential.

The government also objects to defendant's attempts to include jury instructions and law favorable to the defense in the introductory language that the Court will provide to the jurors separately.

Finally, a jury questionnaire is designed to elicit a prospective juror's pre-existing knowledge of the case, any potential bias, and/or whether a potential juror could be impartial. The questionnaire is not intended to provide information to the prospective jurors that they did not know to create a potential basis for knowledge or bias -- as defendant's proposed introduction does. For example, defendant includes in his introductory statements: "This case has received significant press attention. Many of you may have heard of Michael Avenatti. He is a well-known lawyer who has been involved in a number of high-profile matters." The prospective jurors will have ample opportunity to provide any knowledge they have of defendant and/or this case, and the government submits that its introductory language, which has been used in prior jury questionnaires, is more suitable.

Defendant's Proposed Questions 1 and 2: The government believes these questions are better covered by the government's proposed questions 2 and 3 (Exhibit 2).

Defendant's Proposed Questions 3 and 4: The government believes these questions are better covered by the government's proposed questions 7 through 12 (Exhibit 2).

4

<u>Defendant's Proposed Questions 5 through 12</u>:  The government believes these questions are better covered by the government's proposed questions 25 through 29 (Exhibit 2).

<u>Defendant's Proposed Question 13</u>:  The government objects to the question as irrelevant.  If the prospective jurors know who defendant is, they will include their knowledge of defendant in their answers.

<u>Defendant's Proposed Questions 14 and 15</u>:  The government believes these questions are better covered by the government's proposed questions 32 through 34 (Exhibit 2).

<u>Defendant's Proposed Question 16</u>:  The government objects to the question as a prospective juror's belief of whether "attorneys make too much money or take advantage of the legal system" is irrelevant.

<u>Defendant's Proposed Question 17</u>:  The government objects to the question as a prospective juror's belief of whether "a lawyer representing a client should not communicate with the press, go on television, or hold press conferences" is irrelevant.

<u>Defendant's Proposed Question 18</u>:  The government believes that most of defendant's proposed question 18 is irrelevant and would object (namely, the portions regarding prospective jurors' beliefs about civil lawsuits); however, the government included defendant's introduction to question 18 and both subsections a. and b. in the government's proposed question 32 (Exhibit 2).

<u>Defendant's Proposed Question 19</u>:  The government objects to the question as a prospective juror's belief of whether "large public companies behave ethically and responsibly" is irrelevant.

<u>Defendant's Proposed Questions 20 and 21</u>:  The government included defendant's proposed questions 20 and 21 into the government's proposed question 45 (Exhibit 2).

Defendant's Proposed Questions 22 and 23: The government believes these questions are better covered by the government's proposed questions 14 through 17 (Exhibit 2).

Defendant's Proposed Question 24: The government objects to the question because whether a prospective juror is "a fan of the National Football League" ("NFL") is irrelevant. Although evidence that defendant settled a case with the NFL on behalf of clients will come into evidence to show defendant embezzled some of the settlement funds from that case, nothing about the NFL or jurors' views about the NFL is relevant.

Defendant's Proposed Question 25: The government objects to the question because "how many [NFL] games" a prospective juror "attend[s] or watch[es] on television each year" is irrelevant.

Defendant's Proposed Question 26: The government included defendant's proposed question 26 into the government's proposed question 30 (Exhibit 2).

Defendant's Proposed Question 27: The government included defendant's proposed question 27 into the government's proposed question 37 (Exhibit 2).

Defendant's Proposed Question 28: The government included defendant's proposed question 28 into the government's proposed question 35 (Exhibit 2).

Defendant's Proposed Questions 29 and 30: The government objects to the questions about who the prospective jurors admire most and least as this is irrelevant. The prospective jurors will be spending enough time filling out the comprehensive questionnaires, their time should not be wasted on such questions.

<u>Defendant's Proposed Question 31</u>: To the extent that the prospective jurors' "hobbies" are relevant, the government believes the question is better covered by the government's proposed question 18 (Exhibit 2).

<u>Defendant's Proposed Questions 32 through 34</u>: The government believes these questions are better covered by the government's proposed questions 14 through 17 (Exhibit 2), and does not believe there is a reason to highlight specific cable channels as listed in defendant's proposed question 34.

<u>Defendant's Proposed Questions 35 through 37</u>: The government believes these questions are better covered by the government's proposed questions 21 through 24 (Exhibit 2).

<u>Defendant's Proposed Question 38</u>: The government included defendant's proposed question 38 in the government's proposed question 39 (Exhibit 2).

<u>Defendant's Proposed Question 39</u>: The government included defendant's proposed question 39 in the government's proposed question 40 (Exhibit 2).

<u>Defendant's Proposed Question 40</u>: The government believes this question is better covered by the government's proposed question 31 (Exhibit 2).

<u>Defendant's Proposed Question 41</u>: The government believes this question is better covered by the government's proposed questions 42 through 44 (Exhibit 2).

<u>Defendant's Proposed Questions 43 and 44</u>: The government included defendant's proposed questions 43 and 44 in the government's proposed questions 50 and 51 (Exhibit 2).

7

<u>Defendant's Proposed Questions 45 and 46</u>: The government believes these questions are better covered by the government's proposed question 52 (Exhibit 2).

<u>Defendant's Proposed Question 47</u>: The government included defendant's proposed question 47 in the government's proposed question 56 (Exhibit 2).

<u>Defendant's Proposed Question 48</u>: The government included defendant's proposed question 48 in the government's proposed question 57 (Exhibit 2).

**III. DEFENDANT'S OBJECTIONS TO THE GOVERNMENT'S PROPOSED JURY QUESTIONNAIRE (EXHIBIT 2)**

On May 11, 2021, defendant provided the following objections -- without any further comments or responses -- to the government's proposed questionnaire. The government will provide its responses, if any, immediately following defendant's objections.

<u>Government's Introduction/Preface</u>:

<u>Defense Objection</u>: the defense objects to any questionnaire responses being disseminated to any other individual or party at any time, including the media, until a verdict is reached in the case.

<u>Government Response</u>: Defendant fails to provide whether he is in agreement to use the government's introductory language rather than defendant's or address the language at all. The government will not disseminate the questionnaires to anyone outside of the prosecution team.

<u>Government's Proposed Question 1</u>:

<u>Defense Objection</u>: the words "serious" and "extreme" should not be included or emphasized.

8

<u>Government Response</u>: This is the requirement under 28 U.S.C. § 1866 (replacing "undue" with "serious").

<u>Government's Proposed Question 31</u>:

<u>Defense Objection</u>: the words "or on social media" should be included after "in the media."

<u>Government Response</u>: The government has included defendant's requested inclusion.

<u>Government's Proposed Question 32</u>:

<u>Defense Objection</u>: the defense objects to the phrase "who sues individuals and corporations" as argumentative and prejudicial.

<u>Government Response</u>: This was defendant's proposed question 18 (Exhibit 1). The government included it based on defendant's proposed question but has no objection to deleting the language.

<u>Government's Proposed Question 38</u>:

<u>Defense Objection</u>: the question should not be limited to criminal investigations nor should it be limited to law enforcement agencies.

<u>Government Response</u>: Defendant's objection would modify the question of: "Have you, or someone close to you, ever been questioned as part of a criminal investigation by a law enforcement agency?" to "Have you, or someone close to you, ever been questioned?" This objection would render the question meaningless.

<u>Government's Proposed Question 46</u>:

<u>Defense Objection</u>: the defense objects as the question is unnecessary and confusing.

<u>Government Response</u>: The government believes the question explains the role of the Court and the jurors and seeks to confirm that the jurors will follow the law.

9

Government's Proposed Question 50:[2]

Defense Objection: Unnecessary; there should be no reference to the Indictment in the questionnaire.

Government Response: This was defendant's proposed question 43 (Exhibit 1). The government included it based on defendant's proposed question but has no objection to deleting it if defendant no longer wants it.

Government's Proposed Question 51:

Defense Objection: the words "and the Constitution" should be included after the word "law".

Government Response: This was defendant's proposed question 44 (Exhibit 1). Although the government finds the inclusion superfluous as the Constitution is part of the law, the government has included defendant's requested inclusion into defendant's previously proposed question.

Government's Proposed Question 60:

Defense Objection: there should be no reference to the Indictment in the questionnaire.

Government Response: The prospective jurors will be told that defendant has been charged by way of indictment, therefore defendant's objection is baseless. Moreover, the question about whether the jury will not consider punishment while deliberating is based on the law and instructions this Court will give.

---

[2] Defendant had also objected to the government's previously proposed question number 49, which was included in error and was a repeat of a prior question. Therefore, the government's proposed questions in Exhibit 2 starting at number 49 were previously 50 and above on the version to which defendant objected.

10