TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     Email:    Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SA CR 19-061-JVS |
| Plaintiff, | GOVERNMENT'S FILING OF PARTIES' PROPOSED JURY INSTRUCTIONS |
| v. | Trial Date: July 13, 2021 |
| MICHAEL JOHN AVENATTI, | Trial Time: 8:30 |
| Defendant. | Location:   Courtroom of the Hon. James V. Selna |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby submits the Government's Filing of the Parties' Proposed Jury Instructions in the above-

captioned case.  The parties respectfully reserve the right to supplement these jury instructions as needed.

Unless otherwise noted, the parties have used the most recent version (as of March 2021) of the Jury Instructions found on the Ninth Circuit's website at: http://www3.ce9.uscourts.gov/jury-instructions/model-criminal.

The government contacted defense counsel about preparing this joint filing on April 19, 2021, proposing a schedule by which the government would provide defendant with its proposed jury instructions by April 23, 2021, and defendant would then provide the government with his positions and any additions or proposed modifications by April 30, 2021, thereby allowing the parties ample time to provide their positions to the Court in this filing.  After the government followed up about this proposed schedule on April 21 (because defense counsel failed to respond), defense counsel responded that the proposed schedule was "premature and unacceptable," and requested that the government send defendant its proposed jury instructions by April 29, stating: "We will provide our response no later than May 6."

As requested, the government sent defendant its proposed jury instructions on April 29, 2021.  On May 6, after 5 PM, defense counsel emailed the government stating, "We are still reviewing your proposed jury instructions and verdict form [also provided to defense counsel on April 29] and will provide any objections or further proposed instructions or edits early next week."  In response that evening, government counsel reminded defense counsel of his commitment to provide defendant's response by no later than May 6 and the fact that the Court had ordered a joint filing on the

proposed jury instructions by Thursday, May 13.  The government then requested that defendant provide at least the government instructions to which defendant objected and any new proposed instructions by defendant by close of business on May 7, so that the parties could meet the Court's deadline.

Defendant did not respond to the government's email, and did not provide the government with any information on the jury instructions by May 7, choosing instead to file an ex parte application (on a Friday afternoon) for a trial continuance -- a motion he promised to file over a month earlier in the parties' April 6, 2021, status report -- and a 38-page filing asking the Court to reopen his detention hearing based on arguments he has been raising for over a year.

On May 11 (two days before the filing deadline), after 5 PM, defendant sent the government his many objections to the government's proposed jury instructions.  The government has included these objections in this filing and has attempted in the limited time allowed to respond to his objections.  Then, on May 12 (the day before the filing deadline), at 3:47 PM, defendant sent the government 11 proposed jury instructions, only one of which is a Ninth Circuit model instruction.  Defendant did not indicate whether any of his proposed instructions are proposed alternatives for proposed instructions by the government, nor did he provide any input as to the order in which he believed they should be given.  As a result, the government has included these 11 proposed instructions and has attempted to respond to them in the very short timeframe allowed by defendant, but requests the opportunity to respond further to defendant's requested instructions if the Court is

1  inclined to give any of the instructions over the government's

2  objection.

3      Today, at approximately 12:42 PM, the government sent defense

4  counsel this version of the jury instructions (with the government's

5  responses to defendant's late-provided objections and proposed

6  instructions) as a joint filing, asking defendant to inform the

7  government by 3:00 PM whether defendant agreed to make this a joint

8  filing.  At 2:07 PM, defense counsel sent the government an email

9  saying that the proposed joint filing was "unacceptable" owing to

10 this introductory portion explaining defendant's failure to

11 participate in a good faith manner in preparing a joint filing by

12 the Court's deadline, which defense counsel described as "inaccurate

13 and irrelevant."  At 2:12 PM, the government responded by asking

14 defense counsel to identify which portions were inaccurate before

15 the government filed at 3:00 PM.  (Exhibit 1 (email exchange).)  As

16 of the time of this filing (3:15 PM), defense counsel has not

17 responded.

18 Dated: May 13, 2021          Respectfully submitted,

19                             TRACY L. WILKISON
                               Acting United States Attorney
20
                               BRANDON D. FOX
21                             Assistant United States Attorney
                               Chief, Criminal Division
22

23          _____/s/_____
                               BRETT A. SAGEL
24                             ALEXANDER C.K. WYMAN
                               Assistant United States Attorneys
25
                               Attorneys for Plaintiff
26                             UNITED STATES OF AMERICA

27

28

                                  4

## INDEX OF PROPOSED JURY INSTRUCTIONS

| Proposed No. | Title | Source | Page |
|---|---|---|---|
| **PRELIMINARY INSTRUCTIONS** | | | |
| 1 | Duty of Jury | 9th Cir. 1.01 | 2 |
| 2 | The Charge -- Presumption of Innocence | 9th Cir. 1.02, 8.124; Case law | 3 |
| 3 | Duties of a Lawyer Under California Law | California Rules of Professional Conduct; Case law | 9 |
| 4 | What is Evidence | 9th Cir. 1.03 | 20 |
| 5 | What is Not Evidence | 9th Cir. 1.04 | 21 |
| 6 | Direct and Circumstantial Evidence | 9th Cir. 1.05 | 22 |
| 7 | Ruling on Objections | 9th Cir. 1.06 | 23 |
| 8 | Credibility of Witnesses | 9th Cir. 1.07 | 24 |
| 9 | Conduct of the Jury | 9th Cir. 1.08 | 26 |
| 10 | No Transcript Available to Jury | 9th Cir. 1.09 | 29 |
| 11 | Taking Notes | 9th Cir. 1.10 | 30 |
| 12 | Outline of Trial | 9th Cir. 1.11 | 31 |
| **INSTRUCTIONS IN THE COURSE OF TRIAL** | | | |
| 13 | Stipulations of Fact [IF APPLICABLE] | 9th Cir. 2.3 | 33 |
| 14 | Opinion Evidence, Expert Witness | 9th Cir. 4.14 | 34 |

i

| Proposed No. | Title | Source | Page |
|---|---|---|---|
| | **INSTRUCTIONS AT END OF TRIAL** | | |
| 15 | Duties of the Jury to Find Facts and Follow Law | 9th Cir. 3.1 | 36 |
| 16 | Charge Against Defendant Not Evidence -- Presumption of Innocence -- Burden of Proof | 9th Cir. 3.2 | 38 |
| 17 | Defendant's Decision Not To Testify/To Testify | 9th Cir. 3.3 & 3.4 | 39 |
| 18 | Reasonable Doubt -- Defined | 9th Cir. 3.5 | 40 |
| 19 | What Is Evidence | 9th Cir. 3.6 | 41 |
| 20 | What Is Not Evidence | 9th Cir. 3.7 | 42 |
| 21 | Direct and Circumstantial Evidence | 9th Cir. 3.8 | 43 |
| 22 | Credibility of Witnesses | 9th Cir. 3.9 | 44 |
| 23 | Impeachment, Prior Conviction of Defendant | 9th Cir. 4.6 | 46 |
| 24 | Activities Not Charged | 9th Cir. 3.10 | 47 |
| 25 | Separate Consideration of Multiple Counts -- Single Defendant | 9th Cir. 3.11 | 48 |
| 26 | Statements by Defendant | 9th Cir. 4.1 | 49 |
| 27 | Other Crimes, Wrongs or Acts of Defendant | 9th Cir. 4.3 | 50 |
| 28 | Impeachment Evidence -- Witness [IF APPLICABLE] | 9th Cir. 4.8 | 51 |

| Proposed No. | Title | Source | Page |
|---|---|---|---|
| 29 | Opinion Evidence, Expert Witness | 9th Cir. 4.14 | 52 |
| 30 | Charts and Summaries Not Admitted Into Evidence [IF APPLICABLE] | 9th Cir. 4.16 | 53 |
| 31 | Charts and Summaries Admitted Into Evidence | 9th Cir. 4.17 | 54 |
| 32 | On or About -- Defined | 9th Cir. 3.18 | 56 |
| 33 | Wire Fraud | 9th Cir. 8.124; Case law | 57 |
| 34 | Each use of the mails and each transmission by wire communication in interstate commerce -- Defined | O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 47.15 (6th ed. 2009) | 62 |
| 35 | Knowingly -- Defined | 9th Cir. 5.6 | 64 |
| 36 | Duties of a Lawyer Under California Law | California Rules of Professional Conduct; Case law | 65 |
| 37 | Negligence of Victims Not a Defense | Case law | 76 |
| 38 | Belief that Victims Will Be Repaid Not a Defense | Case law | 78 |
| 39 | Duty to Deliberate | 9th Cir. 7.1 | 80 |
| 40 | Consideration of Evidence -- Conduct of the Jury | 9th Cir. 7.2 | 82 |
| 41 | Use of Notes | 9th Cir. 7.3 | 84 |
| 42 | Jury Consideration of Punishment | 9th Cir. 7.4 | 85 |

iii

| Proposed No. | Title | Source | Page |
|---|---|---|---|
| 43 | Verdict Form | 9th Cir. 7.5 | 86 |
| 44 | Communication with Court | 9th Cir. 7.6 | 87 |
| 45 | Hybrid Presumption of Innocence | Hybrid pattern jury instructions | 88 |
| 46 | Good Faith | Case law | 92 |
| 47 | Opinion Testimony | Case law | 94 |
| 48 | Law Enforcement Testimony | Case law | 97 |
| 49 | Accomplice Testimony | 5th Circuit Pattern Instructions #1.14; Case law | 100 |
| 50 | Bias and Hostility | L. Sand, et. al., Modern Jury Instructions #7-2 | 102 |
| 51 | Interest in Outcome | L. Sand, et. al., Modern Jury Instructions #7-3; Case law | 103 |
| 52 | Impeachment by Felony Conviction – Non-Defendant | L. Sand, et. al., Modern Jury Instructions #7-12; Case law | 106 |
| 53 | Testimony of Witnesses Involving Special Circumstances -- Immunity, Benefits, Accomplice, Plea | 9th Cir. 4.9 | 107 |
| 54 | Impeachment by Prior Inconsistent Statement | L. Sand, et. al., Modern Jury Instructions #7-19 | 109 |
| 55 | Previous Lying Under Oath | Federal Judicial Center Pattern Instruction #29 | 111 |

iv

1
2
3
4
5
6
7
8
9
10
11
12
13
14                                           **PRELIMINARY INSTRUCTIONS**
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1                          COURT'S INSTRUCTION NO. 1

2                  JOINT PROPOSED INSTRUCTION NO. 1

3     Jurors: You now are the jury in this case, and I want to take a

4 few minutes to tell you something about your duties as jurors and to

5 give you some preliminary instructions.  At the end of the trial I

6 will give you more detailed written instructions that will control

7 your deliberations.

8     When you deliberate, it will be your duty to weigh and to

9 evaluate all the evidence received in the case and, in that process,

10 to decide the facts.  To the facts as you find them, you will apply

11 the law as I give it to you, whether you agree with the law or not.

12 You must decide the case solely on the evidence and the law before

13 you.

14     Perform these duties fairly and impartially.  You should not be

15 influenced by any person's race, color, religious beliefs, national

16 ancestry, sexual orientation, gender identity, gender, or economic

17 circumstances.  Also, do not allow yourself to be influenced by

18 personal likes or dislikes, sympathy, prejudice, fear, public

19 opinion, or biases, including unconscious biases.  Unconscious

20 biases are stereotypes, attitudes, or preferences that people may

21 consciously reject but may be expressed without conscious awareness,

22 control, or intention.  Like conscious bias, unconscious bias can

23 affect how we evaluate information and make decisions.

24

25

26 Ninth Circuit Model Criminal Jury Instructions, No 1.1 (2010 ed.)

27 [Duty of Jury]

28

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 2

This is a criminal case brought by the United States government. The government charges the defendant with ten counts of wire fraud, in violation of Section 1343 of Title 18 of the United States Code. The charges against the defendant are contained in the indictment. The indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes that the government must prove to make its case:

In order to establish wire fraud, the government must prove the existence of either a scheme to defraud or, alternatively, a scheme for obtaining money or property by means of false or fraudulent pretenses, representations, or promises. Although the government can prove both types of schemes, it only needs to prove the existence of one type of scheme.

In order for the defendant to be found guilty of wire fraud based upon a scheme to obtain money or property, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in or devised a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or omitted facts.  Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

To convict the defendant of wire fraud based on omissions of material facts, you must find that the defendant had a duty to disclose the omitted facts arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance which it would ordinarily exercise.

In order for the defendant to be found guilty of wire fraud based upon a scheme to defraud, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in or devised a scheme or plan to defraud;

1    Second, the scheme was material; that is, it had a natural

2    tendency to influence, or was capable of influencing, a person to

3    part with money or property;

4    Third, the defendant acted with the intent to defraud, that is,

5    the intent to deceive and cheat; and

6    Fourth, the defendant used, or caused to be used, an interstate

7    wire communication to carry out or attempt to carry out an essential

8    part of the scheme.

9    In determining whether a scheme to defraud exists, you may

10   consider not only the defendant's words and statements, but also the

11   circumstances in which they are used as a whole.

12   A defendant's actions can constitute a scheme to defraud even

13   if there are no specific false statements involved.  Deception need

14   not be premised upon words or statements standing alone.  Evidence

15   beyond a reasonable doubt that a scheme was reasonably calculated to

16   deceive and cheat is sufficient to establish a scheme to defraud.

17   A wiring is caused when one knows that a wire will be used in

18   the ordinary course of business or when one can reasonably foresee

19   such use.

20   It need not have been reasonably foreseeable to the defendant

21   that the wire communication would be interstate in nature.  Rather,

22   it must have been reasonably foreseeable to the defendant that some

23   wire communication would occur in furtherance of the scheme, and an

24   //

25   //

26   //

27   //

28

5

1   interstate wire communication must have actually occurred in

2   furtherance of the scheme.

3

4   Ninth Circuit Model Jury Instructions, Nos. 1.2, 8.124 (as amended

5   9/2020) [The Charge -- Presumption of Innocence; Wire Fraud]

6   (modified to reflect indictment); United States v. Woods, 335 F.3d

7   993, 997-98 (9th Cir. 2003)

8

9

10                          Defendant's Objection

11  [Defense Objection: Page 4, Lines 15-21, and Page 5, Lines 12-16,

12  are not part of the Ninth Circuit Model Instructions. These passages

13  are highly prejudicial, designed to fill a hole in the government's

14  case, and to the extent the *Woods* decision supports the paragraph,

15  it is wrongly decided.]

16

17                          Government's Response

18       The first portion defendant objects to (page 4, lines 15-21) is

19  taken verbatim from Ninth Circuit Model Jury Instruction No. 8.124

20  and is supported by Ninth Circuit law.  See, e.g., United States v.

21  Shields, 844 F.3d 819, 822-23 (9th Cir. 2016); United States v.

22  Milovanovic, 678 F.3d 713, 723-24 (9th Cir. 2012).  It is not clear

23  from defendant's objection why he objects to this portion of the

24  instruction, but it is clearly applicable in cases like this, where

25  the defendant is alleged to have owed a duty to disclose (as his

26  victims' attorney) and to have violated that duty in omitting and

27

28

                                    6

concealing material facts.  (<u>See</u> Indictment ¶¶ 6, 7(b), 7(h), 7(i), 7(n), 7(o), 7(p), 7(t), 7(v), 7(w).)

As to defendant's second objection (to page 5, lines 12-16), <u>Woods</u> is binding Ninth Circuit law.  The Court in <u>Woods</u> unequivocally approved of an almost verbatim instruction given by the district court in that case:

> In determining whether a scheme to defraud exists, you are entitled to consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.
>
> <u>A defendant's actions can constitute a scheme to defraud even if there are no specific false statements involved. The deception need not be premised upon words or statements standing alone.</u>  The arrangement of the words or the circumstances in which they are used may create an appearance which is false or deceptive, even if the words themselves fall short of this.  Thus, even if statements as part of the scheme are not literally false, you may consider whether the statements taken as a whole were misleading and deceptive.  <u>Evidence beyond a reasonable doubt that a scheme was reasonably calculated to deceive is sufficient to establish a scheme to defraud.</u>

335 F.3d at 997-98 (emphasis added).  Such an instruction is appropriate in cases involving schemes that do not center on a defendant's misstatements or omissions in particular, which is often the case when the charges involve allegations of misappropriation or embezzlement.  Here, defendant is charged with a scheme that involves both misstatements and material omissions to his victims but also simple embezzlement; that is, even if defendant lawfully obtained his victims' funds in his attorney-client trust accounts, he defrauded them when he decided to embezzle the funds rather than transfer the funds to his victims as he was legally required to do.  That portion of the scheme need not involve any statements or

omissions (though here it did) in order to constitute wire fraud. See id. at 998 ("[I]f a scheme is devised with the intent to defraud, and the mails are used in executing the scheme, the fact that there is no misrepresentation of a single existing fact is immaterial." (quoting Lustiger v. United States, 386 F.2d 132, 138 (9th Cir. 1967) (emphasis in original))).

In opposing this portion of the instruction, defendant gives no reason why it should not be included other than stating, in conclusory fashion, that Woods was "wrongly decided."  If it was, defendant fails to explain why, and it remains binding authority on this Court.

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

<u>Lawyers' Ethical Duties Under California Law</u>

The government charges the defendant with engaging in a scheme to defraud his legal clients.  Because the defendant was a licensed member of the State Bar of California at all times relevant to the charges in this case, the ethical duties that the defendant owed to his legal clients were determined by California law.

The State of California imposed a number of legal duties, ethical rules, and professional responsibility requirements on lawyers licensed to practice law in the State of California, including duties of loyalty, confidentiality, honesty, fair dealing, competence, and reasonable communication with respect to all clients.  Among other things, the California Rules of Professional Conduct and California law imposed the following duties on lawyers licensed to practice in California, including the defendant:

1.   A lawyer owed a fiduciary duty of the highest order to his clients.  A lawyer's fiduciary duty to his clients included the duty to protect the information and property of his clients, and to keep such information or property safe so it was not lost or misused.

2.   A lawyer owed a duty of loyalty to his clients.  A lawyer's loyalty to his clients must be undivided.  A lawyer could not act in a manner that would disadvantage his clients.  A lawyer also could not subrogate his duty of loyalty to one client in favor of his own interests or the interests of other clients or third parties.

3.   A lawyer owed a duty of honesty and fair dealing to his clients.   A lawyer had a duty to keep clients informed of developments in the matter in which the lawyer was representing the clients.   For example, there were certain decisions that only a client could make, such as filing or settling a lawsuit.   To ensure that a client could make an informed decision, a lawyer was required to provide his clients with true and accurate information.   A lawyer could not withhold information from or mislead his clients.

4.   A lawyer owed a duty of reasonable communication to his clients.   A lawyer's clients could not make reasonable or informed decisions unless the lawyer provided the clients with the necessary facts to make such decisions.

Additionally, under California law, a lawyer was required to enter into written contracts with his clients setting forth the scope of the representations, as well as any arrangements regarding the payment of attorneys' fees and costs.

In a civil action, a lawyer practicing in California was required to inform clients of any written settlement offers. Because only the client had the authority to settle a matter, a lawyer had an obligation to disclose to the clients all material terms and conditions of a proposed settlement agreement.   The client would also have to sign the settlement agreement.   A lawyer could not lie to a client about the terms of a settlement agreement.

If a lawyer's representation of a client was terminated, the lawyer would have been required to release to the client, at the client's request, all of the client's papers and property, including

10

correspondence, pleadings, and any other items reasonably necessary to the client's representation.

You should keep in mind that proof that the defendant violated one or more of the duties he owed his legal clients under California law does not necessarily mean that the defendant is guilty of the charged offenses of wire fraud. You may, however, consider whether the defendant violated the duties he owed the alleged client-victims under California law when evaluating whether the government has proven the elements of the offense, including whether the defendant engaged in a scheme to defraud, whether the statements made or facts omitted as part of the scheme were material, whether the defendant acted with the intent to defraud, and whether the defendant had a duty to disclose an omitted fact arising out of a relationship of trust.

Attorney-Client Trust Accounts

At all times relevant to the charges in this case, the California Rules of Professional Conduct contained specific rules governing a lawyer's receipt of client funds and the use of attorney-client trust accounts. An "attorney-client trust account" was a bank account that lawyers were required to use to maintain client funds. The purpose of an attorney-client trust account was to protect the funds of a lawyer's clients. An Interest on Lawyers' Trust Accounts (or "IOLTA") was a type of attorney-client trust account in which any interest accrued would go to a fund operated by the State Bar of California. The California Rules of Professional Conduct, however, did not distinguish between standard attorney-client trust accounts and IOLTA accounts.

11

The following rules applied to a lawyer's financial relationship with his clients and the use of attorney-client trust accounts, including IOLTA accounts:

1.   A lawyer was required to deposit into an attorney-client trust account any money received or held for the benefit of a client, including settlement proceeds and advances for costs and expenses.

2.   A lawyer was required to promptly notify his clients of the receipt of a client's settlement funds and the amount of funds received.

3.   A lawyer was required to maintain records of all funds held or received on behalf of his clients and maintained in an attorney-client trust account.

4.   A lawyer was required to provide to his clients an accounting of any funds the lawyer or his law firm held or received on behalf of their clients, as well as any fees, costs, or other expenses deducted from the payments made to or on behalf the clients.

5.   A lawyer was required to promptly pay to his clients any funds the lawyer or his law firm received on the clients' behalf and to which the client was entitled.

6.   A lawyer was required to obtain authorization from his clients before distributing or withdrawing any funds held or received on behalf of the clients from an attorney-client trust account.

7.   A lawyer could not withdraw from an attorney-client trust account additional amounts beyond those amounts to which his clients agreed could be withdrawn.

8.   Funds belonging to an attorney or a law firm were not allowed to be deposited into an attorney-client trust account. Commingling attorney funds with client funds was prohibited, unless one of the following two exceptions applied:

a.   Funds reasonably sufficient to pay bank charges; or

b.   In the case of funds belonging in part to a client and in part presently or potentially to the attorney or law firm, the portion belonging to the lawyer or law firm must be withdrawn at the earliest reasonable time after the attorney's interest in that portion becomes fixed.

9.   To the extent there was a dispute regarding the payment of any client funds maintained in an attorney-client trust account, a lawyer was required to maintain the disputed amounts in the attorney-client trust account until such dispute was resolved.

You should keep in mind that proof that the defendant failed to comply with the rules governing a lawyer's receipt of client funds and/or the use of attorney-client trust accounts does not necessarily mean that the defendant is guilty of the charged offenses of wire fraud.  You may, however, consider whether the defendant failed to comply with the rules governing the receipt of client funds and use of attorney-client trust accounts when evaluating whether the government has proven the elements of the offense, including whether the defendant engaged in a scheme to defraud, whether the statements made or facts omitted as part of the

scheme were material, whether the defendant acted with the intent to
defraud, and whether the defendant had a duty to disclose an omitted
fact arising out of a relationship of trust.


Cal. R. Prof. Conduct 3-310, 4-100, 4-200 (1992 ed.); Cal. Bus. &
Prof. Code §§ 6068, 6147, 6148 (West 2004); Magee v. State Bar, 58
Cal.2d 423, 430 (1962) (discussing lawyer's fiduciary duty to
clients); Bird, Marella, Boxer & Wolpert v. Superior Court, 106 Cal.
App. 4th 419, 431 (2003), as modified on denial of reh'g (Mar. 17,
2003) (discussing attorney's fiduciary duty to clients); Flatt v.
Superior Court, 9 Cal. 4th 275 (1994) (discussing lawyer's duty of
loyalty); Stanley v. State Bar, 50 Cal. 3d 555, 567 (1990)
(discussing attorney's duty of honesty and fair dealing); Barreiro
v. State Bar, 2 Cal. 3d 912 (1970) (discussing lawyer's duty of
honesty); Matter of Yagman, No. 91-O-03890, 1997 WL 817721, at *5
(Cal. Bar Ct. Dec. 31, 1997) (discussing lawyer's duty of reasonable
communication)



Defendant's Objection
[Defense Objection: The California Rules of Professional Conduct and
ethics rules, and testimony and jury instructions about them, are
not relevant in this case and should be excluded. The criminal
action before the Court is not an attorney grievance proceeding
where Mr. Avenatti is charged with violating his duties under the
Rules of Professional Conduct or other ethical rules or standards.
Whether Mr. Avenatti did or did not violate his ethical duties or

14

ethical obligations to his clients is irrelevant as to whether he committed criminal acts under the federal criminal statutes. Further, inclusions of references to the rules violates FRE 403 as the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading and distracting the jury. Interjecting the Rules of Professional Conduct into the trial in this case, especially in the jury instructions, is fraught with problems and increases the likelihood of reversible error.

The only set of circumstances under which the rules are relevant and perhaps proper to place before the jury involves cases where the lawyer defendant affirmatively seeks to use his reliance on the rules as a defense. In such cases, the lawyer places the rules and standards at issue because he seeks to explain acts that he undertook by offering evidence of his obligations under the rules of professional responsibility, in order to negate criminal intent. Here, however, Mr. Avenatti does not intend to present evidence of ethics rules nor claim that any particular act was motivated by his understanding of a particular California Rule of Professional Conduct.

Further, the very first rule of the California Rules of Professional Conduct makes clear that "A violation of the rule does not itself give rise to a cause of action for damages caused by failure to comply with the rule. Nothing in these rules or the Comments to the rules is intended to enlarge or to restrict the law regarding the liability of lawyers to others." *See* Rule 1.0, titled "Purpose and Function of the Rules of Professional Conduct," at

(b)(3). While this is generally applied in connection with
prohibiting civil liability based on the rules in an attorney
malpractice case, it is even more true as it relates to prohibiting
criminal liability founded in whole or in part on violation of a
rule. Thus, the alleged violation of any rule of professional
conduct or professional standard by Mr. Avenatti is entirely
irrelevant as to whether he is guilty of any of the charges as
alleged by the government.

Moreover, allowing jury instructions concerning the Rules of
Professional Conduct creates an unnecessary and prejudicial risk
that the jury will convict Mr. Avenatti based in whole or in part on
a finding that they believe he violated a Rule of Professional
Conduct. This would be improper.

Accordingly, Mr. Avenatti hereby objects to ***any*** testimony,
evidence, or jury instruction concerning the rules of professional
conduct or any ethics standards as they are irrelevant to the
charges in this case, and the probative value is substantially
outweighed by the danger of unfair prejudice, confusion of the
issues, and misleading and distracting the jury.

In the event the Court overrules Mr. Avenatti's objections as
set forth above, Mr. Avenatti requests an opportunity to object to
the specific instructions proposed by the government relating to the
Rules of Professional Conduct and a lawyer's duties, and propose
additional instructions so as to ensure the jury is properly
instructed.]

16

1

Government's Response

2      Defendant again repeats his same objections to admission of

3  this testimony and a jury instruction on this issue that the Court

4  has rejected on several occasions.

5      First, defendant objected to this subject matter in seeking to

6  exclude testimony of the government's expert, Kevin Mohr.  In

7  rejecting defendant's arguments (echoed here) that such testimony

8  was "a waste of time, is cumulative and need not be the subject of

9  expert testimony," the Court stated that it "disagree[d],"

10  reasoning: "A lawyer's fiduciary obligations are not part of the

11  common knowledge of a lay juror.  Nor are the complex rules with

12  regard to the handling of client funds and restrictions on

13  transactions with clients.  The Court finds that such testimony

14  would assist the jury, particularly with regard to the Client

15  Counts.  His testimony involves far more than a high level

16  discussion of honesty and fair dealing.  Moreover to the extent that

17  the Government is pursing fraud by omission, Mohr's testimony will

18  support a finding of a duty to disclose." (CR 371 at 14 (citations

19  omitted).)  The Court noted that, at the hearing, defendant had

20  "suggested that the ethical ground rules might be covered by way of

21  jury instructions in lieu of expert testimony" and invited the

22  parties to submit a proposed jury instruction on the issue.  (Id.)

23      Pursuant to the Court's Order, the government sent defense

24  counsel a proposed jury instruction on this issue -- which was

25  almost verbatim the proposed instruction above -- on November 6,

26  2020.  (See CR 430-1 at 4.)  The government followed up with defense

27  counsel, resending the proposed instruction, on November 23, 2020,

28

17

asking if defendant would agree to this instruction.  (Id. at 6.)
Defense counsel responded by saying that they could not agree to the
instruction because defendant "objected that the rules and the
proposed evidence are not relevant."  (Id. at 8.)

During the January 6, 2021, status conference in this matter,
the Court acknowledged that defense counsel had rejected the
government's proposed jury instructions on this issue, and then
stated, "At this point, I'm of the view that dealing with the issue
of the applicable law and the duties of a lawyer absent a
stipulation of the parties is done by instructions.  I will ask you
to submit proposed instructions 60 days in advance of trial dealing
specifically with that issue."  (RT 1/6/2021 at 8:18-22.)

Despite the Court's clear statements that it wanted a jury
instruction on this matter, defendant inexplicably stated in the
parties' joint report on April 6, 2021, that "[a] decision ha[d] not
yet been issued by the Court" regarding whether the government's
proposed legal ethics expert would testify at trial.  (CR 433 at
13.)  The following day at the April 7, 2021, status conference, the
Court reiterated that it had "concluded that the best way to deal
with the obligations of lawyers is to do it by way of the jury
instructions," noting that "presenting that material by way of a
jury instruction recognizes that there are legal issues there, and
it's for the Court to advise the jury with regard to the legal
issues."  (RT 4/7/2021 at 4:25-5:7.)  The Court then stated that the
Court "anticipate[s] that the parties in submitting their proposed
joint instructions would deal with that issue."  (Id. at 5:8-10.)

The Court could not have been clearer that an instruction on this subject matter was appropriate _and_ that the Court expected proposed instructions on the subject at the time the Court set for proposed jury instructions.  Defendant's curious request in his objection for "an opportunity to object to the specific instructions proposed" by the government if the Court overrules his objection to giving an instruction on this subject matter both ignores that the Court has repeatedly rejected defendant's objections to this subject and fails to comply with the Court's order to submit a proposed instruction on this topic.  This was defendant's opportunity to object to the specific instruction proposed.  He should not be permitted yet another chance to object further.

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 4

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are received in evidence; and

(3) any facts to which the parties agree.

Ninth Circuit Model Criminal Jury Instructions, No. 1.3 (2010 ed.) [What Is Evidence]

20

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 5

The following things are <u>not</u> evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)  statements and arguments of the attorneys;

(2)  questions and objections of the attorneys;

(3)  testimony that I instruct you to disregard; and

(4)  anything you may see or hear when the Court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Ninth Circuit Model Criminal Jury Instructions, No. 1.4 (2010 ed.) [What Is Not Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 6

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 1.5 (2010 ed.) [Direct and Circumstantial Evidence]

22

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 7

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Ninth Circuit Model Criminal Jury Instructions, No. 1.6 (2010 ed.) [Ruling On Objections]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

1        The weight of the evidence as to a fact does not necessarily

2   depend on the number of witnesses who testify about it.   What is

3   important is how believable the witnesses are, and how

4   much weight you think their testimony deserves.

26   Ninth Circuit Model Criminal Jury Instructions, No. 1.7 (2010 ed.)

27   [Credibility Of Witnesses]

28

1              COURT'S INSTRUCTION NO. _____

2           JOINT PROPOSED INSTRUCTION NO. 9

3      I will now say a few words about your conduct as jurors.

4      First, keep an open mind throughout the trial, and do not

5  decide what the verdict should be until you and your fellow jurors

6  have completed your deliberations at the end of the case.

7      Second, because you must decide this case based only on the

8  evidence received in the case and on my instructions as to the law

9  that applies, you must not be exposed to any other information about

10  the case or to the issues it involves during the course of your jury

11  duty.  Thus, until the end of the case or unless I tell you

12  otherwise:

13          Do not communicate with anyone in any way and do not let

14      anyone else communicate with you in any way about the merits of

15      the case or anything to do with it.  This restriction includes

16      discussing the case in person, in writing, by phone, tablet, or

17      computer, or any other means, via email, via text messaging, or

18      any Internet chat room, blog, website or application, including

19      but not limited to Facebook, YouTube, Twitter, Instagram,

20      LinkedIn, Snapchat, TikTok, or any other forms of social media.

21      This restriction also applies to communicating with your fellow

22      jurors until I give you the case for deliberation, and it

23      applies to communicating with everyone else including your

24      family members, your employer, the media or press, and the

25      people involved in the trial, although you may notify your

26      family and your employer that you have been seated as a juror

27      in the case, and how long you expect the trial to last.  But,

28

if you are asked or approached in any way about your jury
service or anything about this case, you must respond that you
have been ordered not to discuss the matter.  In addition, you
must report the contact to the court.

Because you will receive all the evidence and legal
instruction you properly may consider to return a verdict: do
not read, watch, or listen to any news or media accounts or
commentary about the case or anything to do with it; do not do
any research, such as consulting dictionaries, searching the
Internet or using other reference materials; and do not make
any investigation or in any other way try to learn about the
case on your own.  Do not visit or view any place discussed in
this case, and do not use the Internet or any other resource to
search for or view any place discussed during the trial.  Also,
do not do any research about this case, the law, or the people
involved -- including the parties, the witnesses, or the
lawyers -- until you have been excused as jurors.  If you
happen to read or hear anything touching on this case in the
media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case
decided only on evidence that has been presented here in court.
Witnesses here in court take an oath to tell the truth, and the
accuracy of their testimony is tested through the trial process.  If
you do any research or investigation outside the courtroom, or gain
any information through improper communications, then your verdict
may be influenced by inaccurate, incomplete or misleading
information that has not been tested by the trial process.  Each of

the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Model Criminal Jury Instructions, No. 1.8 (2010 ed.) [Conduct of the Jury]

28

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 10

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Ninth Circuit Model Criminal Jury Instructions, No. 1.9 (2010 ed.)

[No Transcript Available to Jury]

29

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 11

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions, No. 1.10 (2010 ed.) [Taking Notes]

30

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 12

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.  After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Model Criminal Jury Instructions, No. 1.11 (2010 ed.)
[Outline of Trial]

1
2
3
4
5
6
7
8
9
10
11
12
13
14                    **INSTRUCTIONS IN THE COURSE OF TRIAL**
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1          COURT'S INSTRUCTION NO. _____

2        JOINT PROPOSED INSTRUCTION NO. 13

3              [IF APPLICABLE]

4      The parties have agreed to certain facts that have been stated

5  to you.   Those facts are now conclusively established.

26  Ninth Circuit Model Criminal Jury Instructions, No. 2.3 (2010 ed.)

27  [Stipulations of Fact]

33

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 14

You are about to hear testimony from [John Drum / Susan Katzen] who will testify to opinions and the reasons for [his / her] opinions.  This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Criminal Jury Instructions, No. 4.14 (2010 ed.) [Opinion Evidence, Expert Witness (modified with names of government expert witnesses)]

Defendant's Objection

[Defense Objection: the defense renews its objection to the proposed testimony of Mr. Drum and Ms. Katzen for the reasons previously stated in the defendant's filings challenging such testimony.]

Government's Response

The Court has already ruled that Mr. Drum and Ms. Katzen will be permitted to testify, subject to a Daubert objection or an objection based on sufficiency of the government's disclosures with regard to Ms. Katzen.  (CR 371 at 12-14; RT 4/7/2021 at 4:10-18.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14                    **INSTRUCTIONS AT END OF CASE**
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 15

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. You will recall that you took an oath promising to do so at the beginning of the case.

36

1      You must follow all these instructions and not single out some

2 and ignore others; they are all important.  Please do not read into

3 these instructions or into anything I may have said or done any

4 suggestion as to what verdict you should return -- that is a matter

5 entirely up to you.

26 Ninth Circuit Model Criminal Jury Instructions, No. 3.1 (2010 ed.)

27 [Duties of Jury to Find Facts and Follow Law]

28

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 16

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 3.2 (2010 ed.) [Charge Against Defendant Not Evidence -- Presumption of Innocence -- Burden of Proof]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 17

[If the defendant does not testify]

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.


[If the defendant testifies]

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Model Criminal Jury Instructions, Nos. 3.3 and 3.4 (2010 ed.) [Defendant's Decision Not To Testify/To Testify]

39

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 18

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Ninth Circuit Model Criminal Jury Instructions, No. 3.5 (2010 ed.) [Reasonable Doubt -- Defined]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 19

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

Ninth Circuit Model Criminal Jury Instructions, No. 3.6 (2010 ed.) [What Is Evidence]

41

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 20

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  [IF APPLICABLE:  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Criminal Jury Instructions, No. 3.7 (2010 ed.) [What Is Not Evidence]

42

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 21

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 3.8 (2010 ed.) [Direct and Circumstantial Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 22

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not

44

to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 3.9 (2010 ed.)

[Credibility of Witnesses]

45

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 23

[IF APPLICABLE]

You have heard evidence that the defendant has previously been convicted of a crime.  You may consider that evidence only as it may affect the defendant's believability as a witness.  You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.

Ninth Circuit Model Criminal Jury Instructions, No. 4.6 (2010 ed.) [Impeachment, Prior Conviction of Defendant]

46

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 24

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

Ninth Circuit Model Criminal Jury Instructions, No. 3.10 (2010 ed.)
[Activities Not Charged]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 25

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

Ninth Circuit Model Criminal Jury Instructions, No. 3.11 (2010 ed.)

[Separate Consideration of Multiple Counts -- Single Defendant]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 26

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Ninth Circuit Model Criminal Jury Instructions, No. 4.1 (2010 ed.)

[Statements by Defendant]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 27

You have heard evidence that the defendant committed other crimes, wrongs, and acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, knowledge, and absence of mistake or accident, and for no other purpose.  You may not consider this evidence as evidence of guilt of the crimes for which the defendant is now on trial.

Ninth Circuit Model Criminal Jury Instructions, No. 4.3 (2010 ed.) [Other Crimes, Wrongs or Acts of Defendant]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 28

[IF APPLICABLE]

You have heard evidence that [name of witness], a witness, [specify basis for impeachment].  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

Ninth Circuit Model Criminal Jury Instructions, No. 4.8 (2010 ed.) [Impeachment Evidence]

51

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 29

You have heard testimony from Susan Katzen and John Drum, who testified to opinions and the reasons for their opinions.  This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinions, and all the other evidence in the case.

Ninth Circuit Model Criminal Jury Instructions, No. 4.14 (2010 ed.) [Opinion Evidence – Expert Witness]

Defendant's Objection

[Defense Objection: the defense renews its objection to the proposed testimony of Mr. Drum and Ms. Katzen for the reasons previously stated in the defendant's filings challenging such testimony.]

Government's Response

The Court has already ruled that Mr. Drum and Ms. Katzen will be permitted to testify, subject to a Daubert objection or an objection based on sufficiency of the government's disclosures with regard to Ms. Katzen.  (CR 371 at 12-14; RT 4/7/2021 at 4:10-18.)

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 30

[IF APPLICABLE]

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 4.16 (2010 ed.)

[Charts and Summaries Not Admitted Into Evidence]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 31

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.


Ninth Circuit Model Criminal Jury Instructions, No. 4.17 (2010 ed.) [Charts and Summaries Admitted Into Evidence]


Defendant's Objection

[Defense Objection: The defense requests that the following sentence be added to this instruction, "If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence."]


Government's Response

This proposed instruction is taken verbatim from Ninth Circuit Model Jury Instruction No. 4.17, and defendant provides no reason to deviate from the model instruction. Moreover, his proposal -- that the jury may "disregard" particular charts in favor of evaluating "the underlying evidence" -- flies directly in the face of the purpose of Federal Rule of Evidence 1006 (governing summary charts and exhibits), which is "to allow the use of summaries when the documents are unmanageable or when the summaries would be useful to the judge and jury." United States v. Rizk, 660 F.3d 1125, 1130

(9th Cir. 2011) (quoting <u>Davis & Cox v. Summa Corp.</u>, 751 F.2d 1507, 1516 (9th Cir. 1985)).  The Rule "permits admission of summaries based on voluminous records that cannot readily be presented in evidence to a jury and comprehended.  It is essential that the underlying records from which the summaries are made be admissible in evidence, and available to the opposing party for inspection, but the underlying evidence does not itself have to be admitted in evidence and presented to the jury."  <u>Id.</u> at 1131.  Defendant's proposal renders Rule 1006 useless by effectively inviting the jury to compare any summary charts (admitted pursuant to Rule 1006) to the voluminous underlying records to those charts that are admissible but might not be admitted at trial due to their voluminous nature.

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 32

The indictment charges that the offenses alleged were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

Ninth Circuit Model Criminal Jury Instructions, No. 3.18 (2010 ed.) [On or About -- Defined]

1          COURT'S INSTRUCTION NO. _____

2       GOVERNMENT'S PROPOSED INSTRUCTION NO. 33

3       The defendant is charged in counts one through ten of the

4  indictment with wire fraud, in violation of Section 1343 of Title 18

5  of the United States Code.  In order to establish wire fraud, the

6  government must prove the existence of either a scheme to defraud

7  or, alternatively, a scheme for obtaining money or property by means

8  of false or fraudulent pretenses, representations, or promises.

9  Although the government can prove both types of schemes, it only

10 needs to prove the existence of one type of scheme.

11      In order for the defendant to be found guilty of wire fraud

12 based upon a scheme to obtain money or property, the government must

13 prove each of the following elements beyond a reasonable doubt:

14      First, the defendant knowingly participated in or devised a

15 scheme or plan for obtaining money or property by means of false or

16 fraudulent pretenses, representations, or promises, or omitted

17 facts.  Deceitful statements of half-truths may constitute false or

18 fraudulent representations;

19      Second, the statements made or facts omitted as part of the

20 scheme were material; that is, they had a natural tendency to

21 influence, or were capable of influencing, a person to part with

22 money or property;

23      Third, the defendant acted with the intent to defraud, that is,

24 the intent to deceive and cheat; and

25      Fourth, the defendant used, or caused to be used, an interstate

26 wire communication to carry out or attempt to carry out an essential

27 part of the scheme.

28

To convict the defendant of wire fraud based on omissions of material facts, you must find that the defendant had a duty to disclose the omitted facts arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance which it would ordinarily exercise.

In order for the defendant to be found guilty of wire fraud based upon a scheme to defraud, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in or devised a scheme or plan to defraud;

Second, the scheme was material; that is, it had a natural tendency to influence, or was capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A defendant's actions can constitute a scheme to defraud even if there are no specific false statements involved. Deception need not be premised upon words or statements standing alone. Evidence

beyond a reasonable doubt that a scheme was reasonably calculated to deceive and cheat is sufficient to establish a scheme to defraud.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature.  Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

Ninth Circuit Model Jury Instructions, No. 8.124 (as amended 9/2020) [Wire Fraud] (modified to reflect indictment); United States v. Woods, 335 F.3d 993, 997-98 (9th Cir. 2003)

Defendant's Objection

[Defense Objection: Page [58], Lines 24-[26], and Page [59], Line[s] [1-2], are not part of the Ninth Circuit Model Instructions. These passages are highly prejudicial, designed to fill a hole in the government's case, and to the extent the Woods decision supports the paragraph, it is wrongly decided.]

Government's Response

Unlike in the Government's Proposed Instruction No. 2, defendant does not object to the omissions portion of this

instruction that was taken verbatim from Ninth Circuit Model Jury Instruction No. 8.124.  As stated above, this portion of the instruction is clearly applicable in cases like this, where the defendant is alleged to have owed a duty to disclose (as his victims' attorney) and to have violated that duty in omitting and concealing material facts.  (See Indictment ¶¶ 6, 7(b), 7(h), 7(i), 7(n), 7(o), 7(p), 7(t), 7(v), 7(w).)

As to defendant's objection here (to page 58, line 24, to page 59, line 2), Woods is binding Ninth Circuit law.  The Court in Woods unequivocally approved of an almost verbatim instruction given by the district court in that case:

> In determining whether a scheme to defraud exists, you are entitled to consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.
>
> A defendant's actions can constitute a scheme to defraud even if there are no specific false statements involved. The deception need not be premised upon words or statements standing alone.  The arrangement of the words or the circumstances in which they are used may create an appearance which is false or deceptive, even if the words themselves fall short of this.  Thus, even if statements as part of the scheme are not literally false, you may consider whether the statements taken as a whole were misleading and deceptive.  Evidence beyond a reasonable doubt that a scheme was reasonably calculated to deceive is sufficient to establish a scheme to defraud.

335 F.3d at 997-98 (emphasis added).  Such an instruction is appropriate in cases involving schemes that do not center on a defendant's misstatements or omissions in particular, which is often the case when the charges involve allegations of misappropriation or embezzlement.  Here, defendant is charged with a scheme that involves both misstatements and material omissions to his victims

60

but also simple embezzlement; that is, even if defendant lawfully obtained his victims' funds in his attorney-client trust accounts, he defrauded them when he decided to embezzle the funds rather than transfer the funds to his victims as he was legally required to do. That portion of the scheme need not involve any statements or omissions (though here it did) in order to constitute wire fraud. See id. at 998 ("[I]f a scheme is devised with the intent to defraud, and the mails are used in executing the scheme, the fact that there is no misrepresentation of a single existing fact is immaterial." (quoting Lustiger v. United States, 386 F.2d 132, 138 (9th Cir. 1967) (emphasis in original))).

In opposing this portion of the instruction, defendant gives no reason why it should not be included other than stating, in conclusory fashion, that Woods was "wrongly decided." If it was, defendant fails to explain why, and it remains binding authority on this Court.

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 34

Each transmission by wire communication in interstate commerce to advance, to further, or to carry out the scheme or plan to defraud may be a separate violation of the wire fraud statute.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 47.15 (6th ed. 2009) [Each use of the mails and each transmission by wire communication in interstate commerce -- Defined]; <u>see also</u> <u>United States v. Garlick</u>, 240 F.3d 789, 792 (9th Cir. 2001); <u>United States v. Ferreyro</u>, CR 18-865-JFW (Dkt. 74 at 18) (proposed instruction above given as instruction in wire fraud trial)

<u>Defendant's Objection</u>

[Defense Objection: Unnecessary, argumentative, seeks to confuse the jury, and attempts to have the jury convict the defendant based on wire communications/acts not charged.]

<u>Government's Response</u>

This short instruction serves one purpose: to explain to the jury why they are rendering verdicts on ten separate counts of wire fraud when they have been presented with one, overarching scheme to defraud.  Defendant's objection fails to articulate how this instruction is argumentative or confusing, or how it could possibly have the jury convict him "based on wire communications/acts not charged," particularly when the charged wires will, at least under

the government's proposed version, be spelled out in the verdict form to ensure that the jury renders a verdict based on the charged wire communications.   The Ninth Circuit has approved this O'Malley et al. pattern jury instruction (in a mail fraud trial) in <u>United States v. Garlick</u>, 240 F.3d 789, 792 (9th Cir. 2001), and the Honorable John F. Walter, United States District Judge, recently gave this instruction in a wire fraud trial in this district in <u>United States v. Ferreyro</u>, CR 18-865-JFW (Dkt. 74 at 18).

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 35

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Ninth Circuit Model Jury Instructions, No. 5.6 (2010 ed.) [Knowingly -- Defined]

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 36

<u>Lawyers' Ethical Duties Under California Law</u>

The government charges the defendant with engaging in a scheme to defraud his legal clients.  Because the defendant was a licensed member of the State Bar of California at all times relevant to the charges in this case, the ethical duties that the defendant owed to his legal clients were determined by California law.

The State of California imposed a number of legal duties, ethical rules, and professional responsibility requirements on lawyers licensed to practice law in the State of California, including duties of loyalty, confidentiality, honesty, fair dealing, competence, and reasonable communication with respect to all clients.  Among other things, the California Rules of Professional Conduct and California law imposed the following duties on lawyers licensed to practice in California, including the defendant:

1.   A lawyer owed a fiduciary duty of the highest order to his clients.  A lawyer's fiduciary duty to his clients included the duty to protect the information and property of his clients, and to keep such information or property safe so it was not lost or misused.

2.   A lawyer owed a duty of loyalty to his clients.  A lawyer's loyalty to his clients must be undivided.  A lawyer could not act in a manner that would disadvantage his clients.  A lawyer also could not subrogate his duty of loyalty to one client in favor of his own interests or the interests of other clients or third parties.

65

3. A lawyer owed a duty of honesty and fair dealing to his clients. A lawyer had a duty to keep clients informed of developments in the matter in which the lawyer was representing the clients. For example, there were certain decisions that only a client could make, such as filing or settling a lawsuit. To ensure that a client could make an informed decision, a lawyer was required to provide his clients with true and accurate information. A lawyer could not withhold information from or mislead his clients.

4. A lawyer owed a duty of reasonable communication to his clients. A lawyer's clients could not make reasonable or informed decisions unless the lawyer provided the clients with the necessary facts to make such decisions.

Additionally, under California law, a lawyer was required to enter into written contracts with his clients setting forth the scope of the representations, as well as any arrangements regarding the payment of attorneys' fees and costs.

In a civil action, a lawyer practicing in California was required to inform clients of any written settlement offers. Because only the client had the authority to settle a matter, a lawyer had an obligation to disclose to the clients all material terms and conditions of a proposed settlement agreement. The client would also have to sign the settlement agreement. A lawyer could not lie to a client about the terms of a settlement agreement.

If a lawyer's representation of a client was terminated, the lawyer would have been required to release to the client, at the client's request, all of the client's papers and property, including

correspondence, pleadings, and any other items reasonably necessary to the client's representation.

You should keep in mind that proof that the defendant violated one or more of the duties he owed his legal clients under California law does not necessarily mean that the defendant is guilty of the charged offenses of wire fraud.  You may, however, consider whether the defendant violated the duties he owed the alleged client-victims under California law when evaluating whether the government has proven the elements of the offense, including whether the defendant engaged in a scheme to defraud, whether the statements made or facts omitted as part of the scheme were material, whether the defendant acted with the intent to defraud, and whether the defendant had a duty to disclose an omitted fact arising out of a relationship of trust.

Attorney-Client Trust Accounts

At all times relevant to the charges in this case, the California Rules of Professional Conduct contained specific rules governing a lawyer's receipt of client funds and the use of attorney-client trust accounts.  An "attorney-client trust account" was a bank account that lawyers were required to use to maintain client funds.  The purpose of an attorney-client trust account was to protect the funds of a lawyer's clients.  An Interest on Lawyers' Trust Accounts (or "IOLTA") was a type of attorney-client trust account in which any interest accrued would go to a fund operated by the State Bar of California.  The California Rules of Professional Conduct, however, did not distinguish between standard attorney-client trust accounts and IOLTA accounts.

The following rules applied to a lawyer's financial relationship with his clients and the use of attorney-client trust accounts, including IOLTA accounts:

1.    A lawyer was required to deposit into an attorney-client trust account any money received or held for the benefit of a client, including settlement proceeds and advances for costs and expenses.

2.    A lawyer was required to promptly notify his clients of the receipt of a client's settlement funds and the amount of funds received.

3.    A lawyer was required to maintain records of all funds held or received on behalf of his clients and maintained in an attorney-client trust account.

4.    A lawyer was required to provide to his clients an accounting of any funds the lawyer or his law firm held or received on behalf of their clients, as well as any fees, costs, or other expenses deducted from the payments made to or on behalf the clients.

5.    A lawyer was required to promptly pay to his clients any funds the lawyer or his law firm received on the clients' behalf and to which the client was entitled.

6.    A lawyer was required to obtain authorization from his clients before distributing or withdrawing any funds held or received on behalf of the clients from an attorney-client trust account.

68

7.    A lawyer could not withdraw from an attorney-client trust account additional amounts beyond those amounts to which his clients agreed could be withdrawn.

8.    Funds belonging to an attorney or a law firm were not allowed to be deposited into an attorney-client trust account. Commingling attorney funds with client funds was prohibited, unless one of the following two exceptions applied:

a.    Funds reasonably sufficient to pay bank charges; or

b.    In the case of funds belonging in part to a client and in part presently or potentially to the attorney or law firm, the portion belonging to the lawyer or law firm must be withdrawn at the earliest reasonable time after the attorney's interest in that portion becomes fixed.

9.    To the extent there was a dispute regarding the payment of any client funds maintained in an attorney-client trust account, a lawyer was required to maintain the disputed amounts in the attorney-client trust account until such dispute was resolved.

You should keep in mind that proof that the defendant failed to comply with the rules governing a lawyer's receipt of client funds and/or the use of attorney-client trust accounts does not necessarily mean that the defendant is guilty of the charged offenses of wire fraud.  You may, however, consider whether the defendant failed to comply with the rules governing the receipt of client funds and use of attorney-client trust accounts when evaluating whether the government has proven the elements of the offense, including whether the defendant engaged in a scheme to defraud, whether the statements made or facts omitted as part of the

69

scheme were material, whether the defendant acted with the intent to defraud, and whether the defendant had a duty to disclose an omitted fact arising out of a relationship of trust.


Cal. R. Prof. Conduct 3-310, 4-100, 4-200 (1992 ed.); Cal. Bus. & Prof. Code §§ 6068, 6147, 6148 (West 2004); Magee v. State Bar, 58 Cal.2d 423, 430 (1962) (discussing lawyer's fiduciary duty to clients); Bird, Marella, Boxer & Wolpert v. Superior Court, 106 Cal. App. 4th 419, 431 (2003), as modified on denial of reh'g (Mar. 17, 2003) (discussing attorney's fiduciary duty to clients); Flatt v. Superior Court, 9 Cal. 4th 275 (1994) (discussing lawyer's duty of loyalty); Stanley v. State Bar, 50 Cal. 3d 555, 567 (1990) (discussing attorney's duty of honesty and fair dealing); Barreiro v. State Bar, 2 Cal. 3d 912 (1970) (discussing lawyer's duty of honesty); Matter of Yagman, No. 91-O-03890, 1997 WL 817721, at *5 (Cal. Bar Ct. Dec. 31, 1997) (discussing lawyer's duty of reasonable communication)



Defendant's Objection

[Defense Objection: The California Rules of Professional Conduct and ethics rules, and testimony and jury instructions about them, are not relevant in this case and should be excluded. The criminal action before the Court is not an attorney grievance proceeding where Mr. Avenatti is charged with violating his duties under the Rules of Professional Conduct or other ethical rules or standards. Whether Mr. Avenatti did or did not violate his ethical duties or

ethical obligations to his clients is irrelevant as to whether he committed criminal acts under the federal criminal statutes. Further, inclusions of references to the rules violates FRE 403 as the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading and distracting the jury. Interjecting the Rules of Professional Conduct into the trial in this case, especially in the jury instructions, is fraught with problems and increases the likelihood of reversible error.

The only set of circumstances under which the rules are relevant and perhaps proper to place before the jury involves cases where the lawyer defendant affirmatively seeks to use his reliance on the rules as a defense. In such cases, the lawyer places the rules and standards at issue because he seeks to explain acts that he undertook by offering evidence of his obligations under the rules of professional responsibility, in order to negate criminal intent. Here, however, Mr. Avenatti does not intend to present evidence of ethics rules nor claim that any particular act was motivated by his understanding of a particular California Rule of Professional Conduct.

Further, the very first rule of the California Rules of Professional Conduct makes clear that "A violation of the rule does not itself give rise to a cause of action for damages caused by failure to comply with the rule. Nothing in these rules or the Comments to the rules is intended to enlarge or to restrict the law regarding the liability of lawyers to others." See Rule 1.0, titled "Purpose and Function of the Rules of Professional Conduct," at

(b)(3). While this is generally applied in connection with prohibiting civil liability based on the rules in an attorney malpractice case, it is even more true as it relates to prohibiting criminal liability founded in whole or in part on violation of a rule. Thus, the alleged violation of any rule of professional conduct or professional standard by Mr. Avenatti is entirely irrelevant as to whether he is guilty of any of the charges as alleged by the government.

Moreover, allowing jury instructions concerning the Rules of Professional Conduct creates an unnecessary and prejudicial risk that the jury will convict Mr. Avenatti based in whole or in part on a finding that they believe he violated a Rule of Professional Conduct. This would be improper.

Accordingly, Mr. Avenatti hereby objects to any testimony, evidence, or jury instruction concerning the rules of professional conduct or any ethics standards as they are irrelevant to the charges in this case, and the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading and distracting the jury.

In the event the Court overrules Mr. Avenatti's objections as set forth above, Mr. Avenatti requests an opportunity to object to the specific instructions proposed by the government relating to the Rules of Professional Conduct and a lawyer's duties, and propose additional instructions so as to ensure the jury is properly instructed.]

1

Government's Response

2      Defendant again repeats his same objections to admission of

3  this testimony and a jury instruction on this issue that the Court

4  has rejected on several occasions.

5      First, defendant objected to this subject matter in seeking to

6  exclude testimony of the government's expert, Kevin Mohr.  In

7  rejecting defendant's arguments (echoed here) that such testimony

8  was "a waste of time, is cumulative and need not be the subject of

9  expert testimony," the Court stated that it "disagree[d],"

10  reasoning: "A lawyer's fiduciary obligations are not part of the

11  common knowledge of a lay juror.  Nor are the complex rules with

12  regard to the handling of client funds and restrictions on

13  transactions with clients.  The Court finds that such testimony

14  would assist the jury, particularly with regard to the Client

15  Counts.  His testimony involves far more than a high level

16  discussion of honesty and fair dealing.  Moreover to the extent that

17  the Government is pursing fraud by omission, Mohr's testimony will

18  support a finding of a duty to disclose." (CR 371 at 14 (citations

19  omitted).)  The Court noted that, at the hearing, <u>defendant</u> had

20  "suggested that the ethical ground rules might be covered by way of

21  jury instructions in lieu of expert testimony" and invited the

22  parties to submit a proposed jury instruction on the issue.  (<u>Id.</u>)

23      Pursuant to the Court's Order, the government sent defense

24  counsel a proposed jury instruction on this issue -- which was

25  almost verbatim the proposed instruction above -- on November 6,

26  2020. (<u>See</u> CR 430-1 at 4.)  The government followed up with defense

27  counsel, resending the proposed instruction, on November 23, 2020,

28

73

1  asking if defendant would agree to this instruction.  (Id. at 6.)
2  Defense counsel responded by saying that they could not agree to the
3  instruction because defendant "objected that the rules and the
4  proposed evidence are not relevant."  (Id. at 8.)

5       During the January 6, 2021, status conference in this matter,
6  the Court acknowledged that defense counsel had rejected the
7  government's proposed jury instructions on this issue, and then
8  stated, "At this point, I'm of the view that dealing with the issue
9  of the applicable law and the duties of a lawyer absent a
10 stipulation of the parties is done by instructions.  I will ask you
11 to submit proposed instructions 60 days in advance of trial dealing
12 specifically with that issue."  (RT 1/6/2021 at 8:18-22.)

13      Despite the Court's clear statements that it wanted a jury
14 instruction on this matter, defendant inexplicably stated in the
15 parties' joint report on April 6, 2021, that "[a] decision ha[d] not
16 yet been issued by the Court" regarding whether the government's
17 proposed legal ethics expert would testify at trial.  (CR 433 at
18 13.)  The following day at the April 7, 2021, status conference, the
19 Court reiterated that it had "concluded that the best way to deal
20 with the obligations of lawyers is to do it by way of the jury
21 instructions," noting that "presenting that material by way of a
22 jury instruction recognizes that there are legal issues there, and
23 it's for the Court to advise the jury with regard to the legal
24 issues."  (RT 4/7/2021 at 4:25-5:7.)  The Court then stated that the
25 Court "anticipate[s] that the parties in submitting their proposed
26 joint instructions would deal with that issue."  (Id. at 5:8-10.)

27
28

The Court could not have been clearer that an instruction on this subject matter was appropriate and that the Court expected proposed instructions on the subject at the time the Court set for proposed jury instructions.  Defendant's curious request in his objection for "an opportunity to object to the specific instructions proposed" by the government if the Court overrules his objection to giving an instruction on this subject matter both ignores that the Court has repeatedly rejected defendant's objections to this subject and fails to comply with the Court's order to submit a proposed instruction on this topic.  This was defendant's opportunity to object to the specific instruction proposed.  He should not be permitted yet another chance to object further.

1          COURT'S INSTRUCTION NO. _____

2          GOVERNMENT'S PROPOSED INSTRUCTION NO. 37

3      A victim's negligence, gullibility, or even foolishness is not

4  a defense to a charge of wire fraud.

5

6  United States v. Lindsey, 850 F.3d 1009, 1015 (9th Cir. 2017) ("We

7  join several of our sister circuits in holding that a victim's

8  negligence is not a defense to wire fraud."); United States v.

9  Ciccone, 219 F.3d 1078, 1083 (9th Cir. 2000) ("In this circuit, it

10 is immaterial whether only the most gullible would have been

11 deceived by the defendants' scheme." (cleaned up) (quoting United

12 States v. Hanley, 190 F.3d 1017, 1023 (9th Cir. 1999); Lemon v.

13 United States, 278 F.2d 369, 373 (9th Cir. 1960))); see also United

14 States v. Elmezayen, CR 18-809(A)-JFW (Dkt. 350 at 33) (proposed

15 instruction above given as instruction in wire fraud trial)

16

17

18              Defendant's Objection

19 [Defense Objection: argumentative, not part of any pattern

20 instructions, presents government theories dressed up as jury

21 instructions, seeks to direct a verdict in favor of the alleged

22 victim clients.]

23

24              Government's Response

25     This instruction is amply supported by Ninth Circuit law, as

26 demonstrated by the authority cited above.  It is appropriate and

27 should be given whenever the defense may attempt to confuse the jury

28

by suggesting that the defendant was not guilty because the victims should have known about the defendant's scheme.  This short, simple instruction makes clear that even where victims were negligent, or even foolish, in believing a defendant, the defendant is still guilty of the charge of wire fraud.  It is commonly given, including in a recent wire fraud trial in this district before the Honorable John F. Walter, United States District Judge.  United States v. Elmezayen, CR 18-809(A)-JFW (Dkt. 350 at 33).  Defendant does not explain how this two-line instruction presents a government theory or seeks to direct a verdict in favor of defendant's victims.

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 38

A belief that the victims will be paid in the future or will sustain no economic loss, even if that belief is held in good faith, is no defense to a charge of wire fraud.


United States v. Benny, 786 F.2d 1410, 1417 (9th Cir. 1986) ("a good-faith belief that the victim will be repaid and will sustain no loss is no defense at all" to mail fraud charges); see also United States v. Molinaro, 11 F.3d 853, 863 (9th Cir. 1993) (approving instruction with similar language and citing Benny); United States v. Oren, 893 F.2d at 1062 (belief that property was worth price paid by victims of fraud scheme not a defense to federal fraud charge)


### Defendant's Objection

[Defense Objection: argumentative, not part of any pattern instructions, presents government theories dressed up as jury instructions, seeks to direct a verdict in favor of the alleged victim clients.]


### Government's Response

This short, simple instruction is amply supported by Ninth Circuit law, as demonstrated by the authority cited above. It is appropriate and should be given whenever the defense may attempt to confuse the jury by suggesting that the defendant was not guilty because he intended to repay his victims. Such an instruction is particularly important in multi-victim cases like this and the

typical Ponzi scheme, where defendants often claim that they genuinely believed they would be able to pay back the victims (usually with the next victim's money).  Defendant does not explain how the instruction presents a government theory or seeks to direct a verdict in favor of defendant's victims.

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 39

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes,

80

attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Ninth Circuit Model Criminal Jury Instructions, No. 7.1 (2010 ed.)

[Duty to Deliberate]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 40

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

   Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

   Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an

opportunity to address.  A juror who violates these restrictions

jeopardizes the fairness of these proceedings.  If any juror is

exposed to any outside information, please notify the court

immediately.

Ninth Circuit Model Criminal Jury Instructions, No. 7.2 (2010 ed.)

[Consideration of Evidence -- Conduct of the Jury]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 41

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions, No. 7.3 (2010 ed.) [Use of Notes]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 42

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 7.4 (2010 ed.) [Jury Consideration of Punishment]

1          COURT'S INSTRUCTION NO. _____

2          JOINT PROPOSED INSTRUCTION NO. 43

3     A verdict form has been prepared for you.  After you have

4 reached unanimous agreement on a verdict, your foreperson should

5 complete the verdict form according to your deliberations, sign and

6 date it, and advise the clerk that you are ready to return to the

7 courtroom.

Ninth Circuit Model Criminal Jury Instructions, No. 7.5 (2010 ed.)

[Verdict Form]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 44

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Model Criminal Jury Instructions, No. 7.6 (2010 ed.) [Communication with Court]

87

1               COURT'S INSTRUCTION NO. _____

2         DEFENDANT'S PROPOSED INSTRUCTION NO. 45

3      I instruct you that you must presume the Defendant to be

4 innocent of the crimes charged. Thus, the Defendant, although

5 accused of crimes in the Indictment, begins the trial with a "clean

6 slate" – with no evidence against him.  The Indictment, as you

7 already know, is not evidence of any kind. The law permits nothing

8 but legal evidence presented before the jury in court to be

9 considered in support of any charge against Defendant. The

10 presumption of innocence alone, therefore, is sufficient to acquit

11 Defendant.

12      The burden is always upon the prosecution to prove guilt beyond

13 a reasonable doubt. This burden never shifts to a defendant because

14 the law never imposes upon a defendant in a criminal case the burden

15 or duty of calling any witnesses or producing any evidence. The

16 defendant is not even obligated to produce any evidence by cross-

17 examining the witnesses for the government.

18      It is not required that the government prove guilt beyond all

19 possible doubt. The test is one of reasonable doubt. A reasonable

20 doubt is a doubt based upon reasonable and common sense and is not

21 based purely on speculation – the kind of doubt that would make a

22 reasonable person hesitate to act. Proof beyond a reasonable doubt

23 must, therefore, be proof of such a convincing character that a

24 reasonable person would not hesitate to rely and act upon it in the

25 most important of his or her own affairs.

26      Unless the government proves, beyond a reasonable doubt, that

27 Defendant has committed each and every element of an offense

28

charged, you must find Defendant not guilty of that offense. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that Defendant is guilty of that offense, it is your duty to find Defendant guilty.

If you view the evidence in the case as reasonably permitting either of two conclusions - one of innocence, the other of guilt - you must, of course, adopt the conclusion of innocence.


Hybrid formulation based upon O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 12.10 (6th ed. 2006) [Presumption of Innocence, Burden of Proof, and Reasonable Doubt] and Ninth Circuit Model Jury Instruction No. 3.5 (2009) [Reasonable Doubt - Defined] (version of this hybrid formulation credited to the Honorable Consuelo B. Marshall).


<u>Government's Objection</u>

The jury will already be instructed twice on the presumption of innocence pursuant to the parties' Joint Instructions Nos. 2 and 16, which follow the Ninth Circuit's Model Instructions Nos. 1.02 and 3.2, respectively.  The Ninth Circuit has deemed such instructions to adequately instruct the jury on this important issue.  Indeed, the Ninth Circuit has even held that failure to give a presumption-of-innocence instruction at the end of the case is not plain error, although "it is preferable for the court" to give one "when charging the jury," as the parties already propose doing in Joint Proposed Instruction No. 16.  <u>United States v. Garcia-Guizar</u>, 160 F.3d 511,

1    524 (9th Cir. 1998).  Defendant offers no explanation as to why a

2    third instruction is needed.

3         Moreover, the Ninth Circuit has held that "the Constitution

4    does not require jury instructions to contain any specific language"

5    on this issue; rather, they simply "must convey both that a

6    defendant is presumed innocent until proven guilty and that he may

7    only be convicted upon a showing of proof beyond a reasonable

8    doubt." Gibson v. Ortiz, 387 F.3d 812, 820 (9th Cir. 2004),

9    overruled on other grounds, Byrd v. Lewis, 566 F.3d 855 (9th Cir.

10   2009).  The joint proposed instructions on this issue accomplish

11   that goal already.

12        Similarly, the parties have already proposed Ninth Circuit

13   model instructions on the government's burden of proof and

14   reasonable doubt.  See Proposed Instructions Nos. 2 (9th Cir. 1.02),

15   16 (9th Cir. 3.2), 18 (9th Cir. 3.5).  The government's proposed

16   wire fraud instructions similarly reiterate the applicable burden of

17   proof for the charges.  Proposed Instructions Nos. 2, 33.  With

18   regard to reasonable doubt, the parties' joint proposed instruction

19   (No. 18) not only is the Ninth Circuit model instruction, it has

20   been repeatedly upheld by the Ninth Circuit.  See, e.g., United

21   States v. Soto-Zuniga, 837 F.3d 992, 1004 (9th Cir. 2016); United

22   States v. Ruiz, 462 F.3d 1082, 1087 (9th Cir. 2006).  And, as with

23   the presumption of innocence, "[t]he Constitution does not require

24   that any particular form of words be used in advising the jury of

25   the government's burden of proof." United States v. Gomez, 725 F.3d

26   1121, 1131 (9th Cir. 2013) (citing United States v. Artero, 121 F.3d

27   1256, 1258 (9th Cir. 1997)).  Rather, the instruction simply must

28

(1) convey to the jury that it must consider only the evidence and (2) properly state the government's burden of proof.  Victor v. Nebraska, 511 U.S. 1, 5 (1994).  The parties' existing proposed instructions already accomplish these goals.

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO. 46

"Good faith" is a complete defense to a charge that requires intent to defraud. A defendant isn't required to prove good faith. The government must prove intent to defraud beyond a reasonable doubt.

An honestly held opinion or an honestly formed belief cannot be fraudulent intent – even if the opinion or belief is mistaken. Similarly, evidence of a mistake in judgment, an error in management, or carelessness can't establish fraudulent intent.

*U.S. v. Tarallo* 380 F.3d 1174, 1191 (9th Cir. 2004), ("An honest mistake in judgment or an error in management does not rise to the level of intent to defraud."); *U.S. v. Gay,* 967 F.2d 322, 35 Fed. R. Evid. Serv. 1410 (9th Cir. 1992), (...[e]vidence which establishes only that a person made a mistake of judgment or an error in management, or was careless, does not establish fraudulent intent.") *U.S. v. Molinaro*, 11 F.3d 853, 863 (9th Cir.1993); *U.S. v. Williams*, F.Supp.3d __ (D. Hawaii, 8-19-2020) WL 4883937 (good faith instruction given under those case facts).

Government's Objection

The government does not oppose the inclusion of an instruction on good faith, provided it is given in conjunction with the Government's Proposed Instruction No. 38, which is the approach

approved of by the authority defendant cites.  In <u>Molinaro</u>, for
example, the Ninth Circuit approved of the following instruction:

> You may determine whether a defendant had an honest, good
> faith belief in the truth of the specific
> misrepresentations alleged in the indictment in
> determining whether or not the defendant acted with
> intent to defraud.  However, a defendant's belief that
> the victim of the fraud will be paid in the future or
> will sustain no economic loss is no defense to the crimes
> charged in the indictment.

11 F.3d 853, 863 (9th Cir. 1993).  Similarly, the (much longer) good
faith instruction given in <u>Tarallo</u> included the following
statements:

> A belief that a victim will be repaid and will
> sustain no loss, even if that belief is held in good
> faith, is not a defense to a charge of securities or mail
> fraud.
> It is also not a defense to charges of securities
> fraud and mail fraud that the victim may have been
> gullible or negligent.  The laws against fraud are
> designed to protect the naive and careless as well as the
> experienced and careful.
> While good faith is a defense to securities fraud
> and mail fraud, an honest belief in the ultimate success
> of the enterprise is not, in itself, a defense.

380 F.3d at 1191.  <u>Tarallo</u> and <u>Gay</u> provided these instructions to
distinguish between "puffing" and fraudulent misrepresentations,
which is not a likely issue to be raised at trial.  Nevertheless,
the government has no objection to including the above instruction
provided in <u>Molinaro</u>, which the Ninth Circuit cited favorably in the
comments to its Model Jury Instruction on the intent to defraud (9th
Cir. No. 5.12).  There is no basis, however, for defendant's
proposed formulation of this instruction, which is argumentative.

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO. 47

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

*United States v. Rrapi*, 175 F.3d 742 (9th Cir. 1999); *U.S. v. Parkhurst* 865 F.3d 509, 519 (7th Cir. 2017).

94

Government's Objection

Defendant proposes what appears to be an alternative instruction on expert opinion testimony, which is already covered in the Government's Proposed Instructions Nos. 14 (during trial) and 29 (at end of trial).  The government's proposed instructions -- which defendant did not lodge substantive objections to beyond reiterating his objections to the expert testimony itself -- are taken verbatim from the Ninth Circuit model instruction on expert testimony (9th Cir. 4.14).  Defendant offers no reason for giving this far more argumentative version in their place (or to supplement the model instructions).

Nor does defendant's cited authority support his proposal.  In Rrapi, the Ninth Circuit approved, albeit in a different context (whether the district court properly admitted a tape in a foreign language through an expert translator), of an instruction on expert opinion testimony that is almost verbatim the Ninth Circuit model instruction that the government has proposed above: "You have heard testimony from a person described as an expert.... Expert opinion testimony should be judged just like any other testimony.  You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case."  175 F.3d at 748 (modification in original).

Defendant's citation to the Seventh Circuit opinion in Parkhurst provides no more support.  There, the court approved of the following instruction on expert testimony:

> You have heard witnesses, [including] ... Detective Todd Koester, who, in some instances, gave opinions and testimony about certain subjects, specifically, ...

95

1
2
3
4
5
6

> online investigations involving minors.  You do not have
> to accept these witnesses' opinions or testimony.  You
> should judge these witnesses' opinions and testimony the
> same way you judge the testimony of any other witness.
> In deciding how much weight to give to these opinions and
> testimony, you should consider the witnesses'
> qualification, how they reached their opinions or
> conclusions, and the factors I have described for
> determining the believability of testimony.

7   865 F.3d at 519 (modifications in original).  In addition to being

8   out-of-circuit authority that is not binding on this Court, it does

9   not provide support for the most argumentative portions of

10  defendant's proposed instruction.

11      In short, the Court should give Ninth Circuit Model Instruction

12  No. 4.14, as provided in the Government's Proposed Instructions Nos.

13  14 (during trial) and 29 (at end of trial), not the version proposed

14  by defendant.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO. 48

You have heard testimony from law enforcement officials. The fact that a witness may be employed by the federal government or local authorities as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give that testimony whatever weight, if any, you find it deserves.

*U.S. v. Rahamin,* 168 Fed.Appx. 512, 522 (3rd Cir. 2006); *U.S. v. Bethancourt,* 65 F.3rd 1074, 1079 (3rd Cir. 1995).

Government's Objection

Defendant fails to provide any support for giving this unnecessary instruction, which government counsel has never encountered before despite that law enforcement officials testify in virtually every criminal trial (although exceptionally few will likely testify in this trial, incidentally).  This argumentative instruction appears to suggest to the jury that law enforcement

testimony should be treated with caution in the same manner as cooperator testimony -- for example, by stating that it is "quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case" -- which is without support in the Ninth Circuit.

Defendant cites two out-of-circuit cases for support.  In the first, Rahamin, the Third Circuit rejected claims that the prosecutor vouched for a law enforcement witness during closing argument, in part because the district court gave the following instruction: "You have heard the testimony of law enforcement officials.  The fact that a witness may be employed by a law enforcement agency does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness."  The instruction did not provide the argumentative elements of defendant's proposed instruction, nor did it suggest that law enforcement witnesses had "a personal or professional interest in the outcome of the case."

The second case, also from the Third Circuit, also dealt with accusations of vouching by the prosecutor.  Bethancourt, 65 F.3d 1079.  As in Rahamin, the court rejected the claims of vouching, here on the basis that the prosecutor's "isolated and marginal comments in the course of a short rebuttal summation" were harmless.  Id.  The court noted that the statements were particularly harmless given that the district court "instructed the jurors that they alone should decide whether witnesses were credible and that the testimony of a witness is not more or less believable because the witness is

an official." Id.  The Third Circuit then quoted the instruction given by the district court in a footnote, without comment, which did include the language that "it's quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case." Id. at 1079 n.3.  The Third Circuit in Bethancourt did not approve of this instruction or even comment on it beyond to imply that the district court correctly instructed the jurors that it was up to them to decide whether witnesses were credible and that the testimony of a witness is not more or less believable because the witness is an official. Id. at 1079.  Defendant has cited no further authority, let alone in the Ninth Circuit, approving of such an argumentative and unnecessary instruction as he proposes here.

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO. 49

The testimony of an alleged accomplice, and the testimony of one who provides evidence against a defendant as an informer for personal advantage or vindication, must always be examined or weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness' testimony has been affected by any of those circumstances, or by the witness' interest in the outcome of the case, or by prejudice against a defendant, or by the benefits the witness has received. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

5th Circuit Pattern Instructions #1.14 Informer-Immunity (2012); *U.S. v. Bernard*, 625 F.2d 854, 857 (9th Cir.1980).

Government's Objection

Defendant seeks to have the Court give a cautionary instruction regarding the testimony of either an "accomplice" or an "informer for personal advantage or vindication."  The instruction is both inapplicable given the facts of this case and duplicative of (and conflicting with) approved Ninth Circuit instructions on evaluating witness credibility.

First, the government has not charged anyone as an accomplice of defendant, and no one has admitted to being an accomplice to the crime charged. Accordingly, the accomplice testimony instruction approved by the Ninth Circuit (9th Cir. 4.9) is inapplicable here.

Second, the government has no informants or "informers" in this case, just witnesses. All of the government's lay witnesses, as a matter of course, had interactions with defendant and "informed" the government about those interactions, but the government did not use any informants in this case, paid or otherwise. Defendant can attempt to claim that any witness is testifying "for personal advantage or vindication," but he is not entitled to a separate cautionary instruction on it. The Ninth Circuit's instructions on witness credibility (9th Cir. 1.7, 3.9) more than adequately cover witness bias, and the parties have already proposed instructions on that basis. See Joint Proposed Instruction Nos. 8, 22. Defendant offers no basis to provide an additional instruction on this topic.

Nor does defendant's sparse authority support giving his proposed instruction here. Bernard is inapposite, as there is no paid informant, and no alleged or admitted accomplice. 625 F.2d at 856-57. So, too, is the Fifth Circuit pattern instruction cited by defendant, which is from a different circuit and appears, from its comments, to apply only to compensated witnesses or accomplices. See 5th Circuit Pattern Instructions No. 1.15 (Informer-Immunity).[1]

_____

[1] Defendant cites No. 1.14, but it appears that his proposed instruction is modeled after No. 1.15.

101

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO. 50

In connection with your evaluation of the creditability of the witnesses, you should specifically consider evidence of resentment or anger which one or more government witnesses may have towards the defendant.

Evidence that a witness is biased, prejudiced or hostile toward the defendant requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

L. Sand, et. al. Modern Jury Instructions (2003), #7-2 Bias and Hostility.

Government's Objection

This instruction covers witness bias, a topic already adequately covered by Ninth Circuit Model Jury Instructions Nos. 1.7 and 3.9, and already included as Proposed Instructions Nos. 8 and 22.  Defendant offers no reason for providing an additional instruction on bias or hostility.

In support of this proposed instruction, defendant relies solely on a pattern jury instruction guide authored by Judge Leonard Sand.  The Court's Criminal Trial Order, however, makes clear that the parties are to use the Ninth Circuit Model Instructions when available and, when not, the O'Malley instructions.  (See Order Re Criminal Trial, Honorable James V. Selna, at 6 (¶ 16).)

1          COURT'S INSTRUCTION NO. _____

2          DEFENDANT'S PROPOSED INSTRUCTION NO. 51

3          In evaluating the credibility of witnesses, you should take

4   into account any evidence that the witness who testified may benefit

5   in some way from the outcome of the case. Such an interest in the

6   outcome creates a motive to testify falsely and may sway the witness

7   to testify in a way that advances his own interests. Therefore, if

8   you find that any witness whose testimony you are considering may

9   have an interest in the outcome of this trial, then you should bear

10  that factor in mind when evaluating the credibility of his or her

11  testimony and accept it with great care.

12         This is not to suggest that every witness who has an interest

13  in the outcome of a case will testify falsely. It is for you to

14  decide to what extent, if at all, the witness' interest has affected

15  or colored his or her testimony.

16

17  L. Sand Modern Jury Instructions (2003)- #7-3-Interest in Outcome;

18  *U.S. v. Jackson,* 126 Fed.Appx. 5 (2nd Cir. 2005); *U.S. v.*

19  *Bufalino,* 683 F.2d 639 (2nd Cir 1982), cert denied 459 U.S. 1104

20  (1983).

21

22

23              Government's Objection

24         This instruction covers a witness's interest in the outcome of

25  the case, a topic already adequately covered by Ninth Circuit Model

26  Jury Instruction Nos. 1.7 and 3.9, and already included as Proposed

27  Instructions Nos. 8 and 22.  Defendant offers no reason for

28

                    103

1  providing an additional instruction on a witness's interest in the

2  outcome of the case.

3      In support of this proposed instruction, defendant relies on a

4  pattern jury instruction guide authored by Judge Leonard Sand.  The

5  Court's Criminal Trial Order, however, makes clear that the parties

6  are to use the Ninth Circuit Model Instructions when available and,

7  when not, the O'Malley instructions.  (See Order Re Criminal Trial,

8  Honorable James V. Selna, at 6 (¶ 16).)

9      Defendant's other authority does not support giving this

10  instruction either.  In Jackson, the Second Circuit rejected an

11  argument by defendant on appeal that the district court should not

12  have given a similar instruction because it undermined his own

13  credibility in testifying at his criminal case.  126 F. App'x at 6.

14  Unless defendant intends to testify and believes the jury should be

15  further advised that his testimony should be "scrutinized and

16  weighed with care," Jackson provides no support for giving this

17  instruction as requested.  Id. (quoting United States v. Gleason,

18  616 F.2d 2, 15 (2d Cir. 1979)).  In the other case cited by

19  defendant, Bufalino, the Second Circuit held that it was not

20  reversible error that the district court failed to give a similar

21  instruction related to the testimony of two accomplices who

22  testified for the government, both of whom "received-or stood to

23  receive-substantial benefits from the government."  683 F.3d at 647-

24  48.  As discussed above, that is not the circumstance here.

25      Defendant offers no explanation for why such an instruction

26  should be given.  As in most fraud cases, many of defendant's

27  victims have an interest in seeing defendant brought to justice --

28

namely, they may receive a restitution order if defendant is convicted.  Although some of defendant's victims have separately sued defendant, that does not warrant a separate instruction on a witness's interest in the outcome of the case.  The Ninth Circuit model instructions are adequate, and defendant's request to give this additional instruction should be denied.

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO. 52

You have heard the testimony from several witnesses who were previously convicted of a crime or crimes. These prior convictions were put in evidence for you to consider in evaluating the witness' credibility. You may consider the fact that the witness who testified has been convicted of a crime in deciding how much of his testimony to accept and what weight, if any, it should be given.

L. Sand, et. al. Modern Jury Instructions (2003),7-12-Impeachment by Felony Conviction-Non-Defendant (slightly modified to add multiple witnesses and to allow for misdemeanors involving dishonesty and/or false statements); FRE 609; *U.S. v. DeLoach* 34 F.3d 1001, 1003n. 4 (11th Cir. 1994).

Government's Objection

Defendant does not give any explanation for why an instruction regarding impeachment of a witness through his or her criminal history should be given.  To the extent an instruction on this issue should be provided, for example, if defendant is permitted to cross-examine Client 3 regarding his criminal history, the Court should give the Ninth Circuit model instruction governing this issue (9th Cir. 4.8), not this out-of-circuit pattern instruction.  (See Order Re Criminal Trial, Honorable James V. Selna, at 6 (¶ 16).)

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO. 53

You have heard testimony from [witness], a witness who

[received immunity]. That testimony was given in exchange for a
promise by the government that [the witness will not be prosecuted]
[the testimony will not be used in any case against the witness];

[received benefits] [compensation] [favored treatment] from the
government in connection with this case];

[[admitted being] [was alleged to be] an accomplice to the
crime charged.  An accomplice is one who voluntarily and
intentionally joins with another person in committing a crime];

[pleaded guilty to a crime arising out of the same events for
which the defendant is on trial. This guilty plea is not evidence
against the defendant, and you may consider it only in determining
this witness's believability].

For [this][these] reason[s], in evaluating [witness's]
testimony, you should consider the extent to which or whether
[witness's] testimony may have been influenced by [this] [any of
these] factor[s]. In addition, you should examine [witness's]
testimony with greater caution than that of other witnesses.


Ninth Circuit Model Criminal Jury Instructions, No. 4.9 (2010 ed.)
*United States v. Tirouda*, 394 F.3d 683, 687-88 (9th Cir.2005), cert.
denied, 547 U.S. 1005 (2006).

1

<u>Government's Objection</u>

2       Defendant has simply copied and pasted the unmodified model

3  instruction from the Ninth Circuit on a witness who received

4  benefits (9th Cir. 4.9), so it is unclear what portion he seeks to

5  have the Court give.  No government witness has, to date, been given

6  immunity, been charged, been alleged or admitted to being an

7  accomplice, or pleaded guilty to a crime arising out of the same

8  conduct at issue in this case.  As a result, the government does not

9  believe such an instruction is appropriate.  To the extent that

10 circumstance changes, the government would not object to the model

11 instruction being given as modified appropriately.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO. 54

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness' trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had  to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine  whether  the prior statement was inconsistent,  and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.


L. Sands Modern Jury Instructions (2003) #7-19, Impeachment by Prior Inconsistent Statement.

Government's Objection

This instruction covers whether a witness's testimony is contradicted by other evidence, a topic already adequately covered by Ninth Circuit Model Jury Instructions Nos. 1.7 and 3.9 (instructing the jury to consider "whether other evidence contradicted the witness's testimony," and noting that "[s]ometimes a witness may say something that is not consistent with something else he or she said"), and already included as Proposed Instructions Nos. 8 and 22.  Defendant offers no reason for providing an additional instruction on bias or hostility.

In support of this proposed instruction, defendant relies solely on a pattern jury instruction guide authored by Judge Leonard Sand.  The Court's Criminal Trial Order, however, makes clear that the parties are to use the Ninth Circuit Model Instructions when available and, when not, the O'Malley instructions.  (<u>See</u> Order Re Criminal Trial, Honorable James V. Selna, at 6 (¶ 16).)

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO. 55

It has been shown that, [name], one of the witnesses for the government, lied under oath on an earlier occasion.  A person who lies when he was sworn to tell the truth is guilty of perjury.

Whether [name] is telling the truth in this trial is for you to decide. But the fact that he lied under oath on an earlier occasion should make you cautious about believing him now.

Federal Judicial Center Pattern Instruction # 29 (1986).

Government's Objection

Apart from citing no Ninth Circuit authority for providing such an instruction, defendant offers no reason why such an instruction would be applicable in this case.  The only potential witness the government is aware of who lied under oath on an earlier occasion is defendant himself.  Absent a legitimate explanation for why such an instruction is relevant, it should be rejected.

To the extent defendant does have a good faith belief that a government witness lied under oath, Ninth Circuit Model Jury Instructions Nos. 1.7 and 3.9 (proposed already as Proposed Instructions Nos. 8 and 22) adequately instruct the jury on evaluating witness credibility.  Prior false testimony under oath is the quintessential silver bullet to a witness's credibility; it does not require a separate instruction to be explained.

111