UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | SACR 19-61-JVS | Date: May 13, 2021 |

Present: The Honorable **JAMES V. SELNA, U.S. DISTRICT COURT JUDGE**

Interpreter

| Lisa Bredahl | Not Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Michael John Avenatti | NOT | | X | Dean Steward | NOT | | X |

Proceedings: **[IN CHAMBERS]** Minute Order re *Ex Parte* Application

      Michael John Avenatti ("Avenatti") has applied to the Court to continue the July 13, 2021 trial to August 2021. (Docket No. 447.) The Government has filed an opposition. (Docket No. 449.)

      Avenatti offers a number of grounds for a continuance, none of which individually or collectively present a sufficient basis for a continuance.

      1. Avenatti's counsel has a trial in front of Judge Carter commencing on June 1, 2021, United States v. Poon, SACR 19-62. The Court was previously advised of counsel's commitment in January. The Court observed at the time, "That should give Mr. Steward a month after he finishes the case in from of Judge Carter." (Tr. Jan. 6, 2021, pp. 4-5.) The same is true now.

      2. The Court finds that Mr. Steward has had adequate time to prepare for trial. This matter has been pending since April 2019. Avenatti has been out of custody since April 2020, and thus available to assist Mr. Steward in his preparation of the case.[1] Moreover, as the Government points out, when Avenatti sought a continuance of the then-December 8, 2020 trial date, Mr. Steward represented that it was not because of a lack of time to prepare. (Opposition,

---

[1] The Court notes that it agreed to release Avenatti on bond on March 27, 2020. (Docket No. 128.) It took Avenatti another another month to comply with the terms of the order. (Docket No. 154.)

| CR-11 (10/08) | CRIMINAL MINUTES - GENERAL | Page 1 of 3 |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Ex. 1.) Since that representation, the Court has pared the initial trial down substantially by severing the Client Counts 1 through 10 from the balance of the counts which are highly complex violations of various tax laws and bankruptcy law. (Docket No. 364.) Finally, the Court has considered the factors outlined in United States v. Flynt, 756 F.2d 1352, 1358-59 (9th Cir 1985). None supports a continuance.

      3. Avenatti raises a concern that publicity surrounding his sentencing in the Nike case in late June may taint the pool of prospective jurors. (Steward Decl., ¶¶ 11-13.) The Court first notes that this case has itself generated substantial publicity. For that reason, as the Court has previously advised the parties, the Court will use a jury questionnaire and will conduct individual voir dire of jurors to learn of any juror knowledge or prejudice concerning Avenatti. Moreover, the Court doubts that any effect flowing from the Nike sentencing would evaporate with a six-week continuance. As Avenatti notes the Court plan to summons 150 prospective jurors. (Steward Decl., ¶ 14.) This is evidence in itself of the Court's commitment to seating a fair and impartial jury and willingness to take the time to achieve that end.

      4. Avanatti's complaint about the Government's production of discovery material has been considered previously. Most recently, the Court rejected Avenatti's request for an order to show cause re contempt. (Docket No. 431.) Bare assertions that the Government has not complied with its Brady for Rule 5(f) obligations go nowhere. (See Steward Decl., ¶ 8.) No alleged deficiency in the Government's production bars proceeding to trial.

      5. Avenatti down plays the public significance of this case. (Steward Decl., ¶ 14.) However, his concern about publicity would seem to belie this argument. Moreover, the victims have the right to see this case adjudicated. The fact that they may be pursing civil claims is beside the point. Should the Government prevail, an order of restitution is likely to issue long before the civil litigation is resolved. Finally, non-violent crimes can inflict different but equally devastating consequences on the public. There is nothing benign about fraud and victimization of vulnerable individuals if proved.

      For all the foregoing reasons, the application is denied.

                                                                                                                   :    0

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Initials of Deputy Clerk    lmb