UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL

| Case No. | SACR 19-61-JVS | Date | May 13, 2021 |
|---|---|---|---|

| Present: The Honorable | **JAMES V. SELNA, U.S. DISTRICT COURT JUDGE** |
|---|---|
| Interpreter | |

| Lisa Bredahl | Not Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Michael John Avenatti | NOT | | X | Dean Steward | NOT | | X |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion <u>in Limine</u> to Exclude Expert**

Defendant Michael John Avenatti ("Avenatti") filed a motion *in limine* to exclude the testimony of Susan Katzen ("Katzen"), a witness for the Government. Mot., ECF No. 438, at 4-5. In the alternative, Avenatti requests a <u>Daubert</u> hearing. <u>Id.</u> The Government filed an opposition. Opp'n, ECF No. 440. Avenatti filed a reply. Reply, ECF No. 441.

For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the motion and **DENIES** the request for a <u>Daubert</u> hearing.

## I. BACKGROUND

On March 16, 2021, the Government provided notice of its intention to designate Katzen as an expert regarding structured settlements and special needs trusts. Mot. at 3. The Government sent Avenatti a summary of Katzen's proposed testimony. <u>Id.</u> On April 7, 2021, the Court designated Katzen as an expert, but clarified at a status conference that Avenatti is free to raise any <u>Daubert</u> or sufficiency-of-disclosure objections he may have. Transcript, ECF No. 436, at 4:16-18.

In her proposed testimony, Katzen explains the purpose and procedure of establishing a special needs trust and structured settlements. See Exhibit 1, ECF No. 438, at 14-5. Additionally, Katzen expresses the following opinion:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

[Avenatti] does not appear to have made any effort to establish a special needs trust for Mr. Johnson or to set up a structured settlement for Mr. Johnson.

Id. at 15.

## II. Legal Standard

### A. Rules Governing Expert Qualification Requirements

Federal Rule of Evidence 702 states that an expert witness who is qualified by "knowledge, skill, experience, training, or education" may testify in the form of an opinion or otherwise if the "(a) the expert's [] specialized knowledge will help the trier of fact understand the evidence or determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." A trial court has a "gatekeeping" obligation to admit expert testimony only when it is both reliable and relevant. Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 589 (1993); Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147-49 (1999).

Federal Rule of Evidence 703 states that "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted."

Federal Rule of Evidence 704 states that "[i]n a criminal case, an expert witness must not state an opinion of whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." Otherwise, "[a]n opinion is not objectionable just because it embraces an ultimate issue." Id. Additionally, an expert may not instruct the jury as to applicable law, as such conduct "is the distinct and exclusive province" of the court. A.G. v. Paradise Valley Unified School District No. 69, 815 F.3d 1195, 1207-08 (9th Cir. 2016).

### B. Federal Rule of Evidence 403

Federal Rule of Evidence 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

### III. DISCUSSION

Avenatti raises three arguments for excluding Katzen as an expert witness.[1] First, Katzen should be excluded as a witness because she is prohibited from instructing the jury on applicable law. Mot. at 4. Second, Katzen fails to meet the qualification expert requirements. Id. at 7. Third, Katzen's testimony violates Federal Rule of Evidence 403. Id. at 8. Alternatively, Avenatti requests a Daubert hearing. Id. at 10. The Court addresses each argument in turn.

    *A.    Instructing the Jury on Applicable Law*

Avenatti first argues that Katzen's testimony regarding the process of establishing a special needs trust is impermissible under Rules 702 and 704 for two reasons: first, such testimony is irrelevant; and second, the testimony usurps the role of the trial judge or jury. Id. at 4-5.

First, in relation to relevance, this Court already found that, "the subject of special needs trust is highly relevant" to the Counts involving Client 1 and that testimony on this subject would be "helpful to the jury." Order, ECF No. 371, at 15. The Court maintains this finding and rejects this basis for exclusion.

Second, the Court disagrees with Avenatti's blanket conclusion that Katzen's discussion of the law is improperly instructing the jury. Mot. at 5. An expert cannot give an opinion on an "*ultimate* issue of law." Hangarter v. Provident Life and Accident Insurance Co, 373 F.3d 998, 1016 (9th Cir. 2004) (emphasis added). But where particular laws are "ancillary" to the ultimate issues in the case, it is permissible for an expert to make references to the law. Id. at 1017 (concluding that because an expert's "references to California statutory provisions —none of which were directly at issue in the case—were ancillary to the ultimate issue of" the case, the expert "did not improperly usurp the court's role by instructing the jury as to the applicable law").

Katzen's testimony relating to the requirements for establishing a special needs trust is ancillary to the ultimate issue at the case. The Government has alleged that Avenatti engaged in wire fraud, and the Government intends to use Katzen's testimony as circumstantial evidence of Avenatti's fraudulent intent. Opp'n at 5-6. Thus, the details of the law relating to special needs trusts are not the ultimate issue about which an expert cannot testify. This is distinguishable from the Ninth Circuit cases that Avenatti cites, each of which involves an expert testifying to

---

[1] Although the Court permitted the Government to designate Katzen as an expert over Avenatti's Rules 702, 704, and 403 objections, Avenatti was free to bring any disclosure and Daubert objections. Transcript at 16-8. Thus, the Government was inaccurate in stating that this Court already ruled on the issues raised in Avenatti's motion. See Opp'n at 5.

whether the ultimate issues of law. See <u>United States v. Weitzenhoff</u>, 35 F. 3d 1275, 1286-87 (9th Cir. 1993) (excluding expert testimony about meaning of environmental permit where "[t]he central issue at trial . . . was the meaning of the permit"); <u>Aguilar v. International Longshoreman's Union Local #10</u>, 966 F.2d 443, 447 (9th Cir. 1992) (excluding expert testimony about reasonableness of reliance in case where ultimate issue was existence of contract under theory of promissory estoppel).

The Court therefore concludes that Katzen is not improperly instructing the jury about the law, and her testimony cannot be excluded on this basis.

### B. Lack of Experience as an Expert

Avenatti next argues that Katzen's testimony must be excluded because she has not been qualified as an expert in any proceeding before. Mot. at 7. Stated plainly, there is no language in Rule 702 to suggest that an expert witness needs experience in testifying as an expert to qualify as an expert. See Fed. R. Evid. 702. Nor did Avenatti cite any authority to support this conclusion. See Mot. Thus, the Court agrees with the Government that Katzen's "40 years of experience in the areas of special needs planning, litigation settlement planning, trust planning, probate, and trust administration" satisfies the "minimal foundation of knowledge, skill, and experience." Opp'n at 8 (citing <u>In re ConAgra Foods, Inc.</u>, 90 F.Supp.3d 919, at 953 (C.D. Cal. 2015)); see <u>Fontem Ventures, B.V. v. NJOY, Inc.</u>, 2015 WL 12743861, at *5 (C.D. Cal. Oct. 22, 2015) (finding an expert who gained experience by spending thirty years in the tobacco industry and had not testified as an expert to meet expert qualification requirements).

### C. Katzen's Failure to Rely on Sufficient Facts

Avenatti then argues that Katzen's testimony is inadmissible because she "relied on no facts or data before arriving at her opinions." Mot. at 7-8. The Government does not respond to this argument. See Opp'n. It is true that "[t]he expert's opinion must rest on 'facts or data in the case that the expert has been made aware of or personally observed,' not merely assumptions and speculation." <u>Stephens v. Union Pacific Railroad Co.</u>, 935 F.3d 852, 856 (9th Cir. 2019) (citing Fed. R. Evid. 703). However, the Court notes that the majority of Katzen's testimony does not rely on the facts of the case. Nor does the testimony rely on data, as Katzen appears to describe the generic process of establishing a special needs trust based the knowledge she acquired during forty years of relevant experience. See Mot. at 14-15.

Rather, the only portion of Katzen's testimony that makes direct reference to Avenatti's conduct is her conclusion that Avenatti "does not appear to have made any effort to establish a special needs trust for Mr. Johnson or to set up a structured settlement for Mr. Johnson." <u>Id.</u> at

15. Without having reviewed any facts of this case, Katzen does not have a sufficient factual basis for drawing this conclusion. This opinion is therefore improper and **EXCLUDED**. Nevertheless, Katzen's remaining testimony regarding the requirements for establishing a special needs trust are amply supported by her experience in the law, and so the Court does not exclude the rest of her testimony.

### D. *Prejudice*

Finally, Avenatti argues that Katzen's testimony must be excluded because its probative value is substantially outweighed by a danger of unfair prejudice in violation of Rule 403. Mot. at 8-10. The Court disagrees. In making his argument, Avenatti reiterates many of the arguments he makes earlier in his motion, including that Katzen would improperly instruct the jurors on governing law and apply that law to Avenatti. Id. But the Court has already found that Katzen will not be improperly instructing the jury on governing law. The Court also is excluding the part of Katzen's testimony that would express an opinion on how the law relating to special needs trusts applies to Avenatti. The only remaining argument that Avenatti makes is that Katzen's testimony would be prejudicial because she would be viewed as a "super juror." Id. at 9. But there is no basis for this characterization. Katzen would not be discussing the specific facts of Avenatti's case—meaning she is far removed from the role of a fact finder. Nor would any possible source of prejudice be non-probative, as is required for a finding of "unfair prejudice" under Rule 403. United States v. Bailleaux, 685 F.2d 1105, 1111 & n.2 (9th Cir. 1982). There is thus no basis for a finding of unfair prejudice justifying exclusion under Rule 403.

### E. *Daubert Hearing*

The Court notes that Avenatti has not cited any legal authority justifying his request for a Daubert hearing. See Mot. As the Court concludes that arguments regarding the admissibility of Katzen's testimony were sufficiently presented in the briefs, the Court **DENIES** Avenatti's request.

## IV. CONCLUSION

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the motion and **DENIES** Avenatti's request for a Daubert hearing. The Court finds that oral argument would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

not be useful in this matter. Fed. R. Civ. P. 78; L-R 7-15. Hearing set for May 24, 2021, is ordered **VACATED**.

       **IT IS SO ORDERED.**

                                                                             :    0

Initials of Deputy Clerk    lmb