# EXHIBIT 1

1    Thomas D. Warren (SBN 160921)
     twarren@piercebainbridge.com
2    Daniel Dubin (SBN 313235)
     ddubin@piercebainbridge.com
3    Pierce Bainbridge Beck Price & Hecht LLP
4    355 South Grand Avenue, 44th Floor
     Los Angeles, CA 90071
5    Tel:  (213) 262-9333

6    Attorney for Defendant
7    Michael Avenatti

8

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11              COUNTY OF LOS ANGELES – CENTRAL DISTRICT

12

13   JASON FRANK LAW PLC, a professional        Case No.: BC706555
     law corporation,
14                                              **DECLARATION OF**
15              Plaintiff,                       **MICHAEL J. AVENATTI**
                                                **IN SUPPORT OF HIS**
16        vs.                                   **OPPOSITION**
                                                **TO PLAINTIFF'S MOTION**
17   MICHAEL J. AVENATTI, an individual,        **FOR A TURNOVER ORDER**
                                                **PURSUANT TO CCP**
18              Defendant.                      **SECTION 699.040**
19
                                                Date:   Aug. 29, 2019
20                                              Time:   8:30 AM
                                                Dept.:  44
21                                              Judge:  Hon. Edward B.
22                                                      Moreton, Jr.
23
24
25
26
27
28
                      Declaration of Michael J. Avenatti

1      I, Michael J. Avenatti, declare as follows:

2      1.    I am a party to the present action. I make this declaration in

3 support of my opposition to to Plaintiff's motion for a turnover order pursuant

4 to CCP Section 699.040. I know all of the following to be true of my own

5 knowledge, and, if called and sworn as a witness, I would competently testify

6 thereto.

7      2.    Apart from the Plaintiff in this action, I have several creditors,

8 many of whom have judgments against me. Many of these judgments also

9 predate Plaintiff's by years. I am also presently a defendant in at least five

10 other civil matters whereby parties are attempting to collect monies they

11 claim are due them.

12      3.    On July 23, 2007, the Los Angeles Superior Court entered a

13 Spousal and Child Support Judgment against me relating to obligations owed

14 to my first wife and two minor daughters. The judgment requires me to pay

15 me former wife, Mrs. Christine Avenatti-Carlin, among other things, child

16 support for my two minor daughters, private school tuition, medical expenses,

17 and expenses associated with extracurricular activities. Attached as **Exhibit**

18 **A** is a true and correct copy of the July 23, 2007 Judgment.

19      4.    I presently have significant arrears and am behind in my

20 obligations to Ms. Avenatti-Carlin as provided under the Spousal and Child

21 Support Judgment in an amount far exceeding $500,000.

22      5.    August 20, 2019, Ms. Lisa Storie, my second wife (after Mrs.

23 Avenatti-Carlin), brought a foreclosure auction for certain artwork to

24 partially satisfy her own judgment against me, claiming over $2.5 million in

25 past due child support obligations.  At the Sheriff's auction, which Mr. Frank

26 attended, I paid $18,000 for the items, which will in turn be paid by the

27

28

**Declaration of Michael J. Avenatti**

1   Sheriff's Department to Ms. Storie.  The bidding was "open" with no

2   restrictions and approximately 10 bidders participated.  Mr. Frank could

3   have bid on the items but he did not.

4        6.     Almost immediately after the auction, on August 20, Mrs.

5   Avenatti-Carlin made a demand that I turn over the artwork to her in

6   exchange for a $20,000 credit against the owed obligations under the Spousal

7   and Child Support Judgment. That same day, I did so.

8        7.     Attached as **Exhibit B** is a true and correct copy of the

9   agreement Mrs. Carlin-Avenatti and I signed whereby Mrs. Carlin-Avenatti

10   acknowledged receipt and sole possession of the artwork in exchange for a

11   $20,000 credit against the obligations owing under her judgment.

12       I declare under penalty of perjury under the laws of the State of

13   California that the foregoing is true and correct.

14       Executed this 28th day of August, 2019, at Los Angeles, CA.

15

16                      Michael J. Avenatti

17

18

19

20

21

22

23

24

25

26

27

28

---

**Declaration of Michael J. Avenatti**

# EXHIBIT A

EXHIBIT A

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*

Jo Ann B. Makous
Law Office Of Jo Ann B. Makous
235 S Rossmore Avenue
Los Angeles, CA 90004

TELEPHONE NO.: 323-939-2856   FAX NO. *(Optional):* 323-939-2859
E-MAIL ADDRESS *(Optional):* jomakous@yahoo.com
ATTORNEY FOR *(Name):* Christine & Michael Avenatti

**FOR COURT USE ONLY**

FILED
LOS ANGELES SUPERIOR COURT
JUL 2 3 2007
JOHN A. CLARKE, CLERK
BY D. BECKLES, DEPUTY

FL-180

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 825 Maple Avenue
MAILING ADDRESS: 825 Maple Avenue
CITY AND ZIP CODE: Torrance CA 90503-5096
BRANCH NAME: Southwest District- Torrance

**MARRIAGE OF**
PETITIONER: Michael Avenatti

RESPONDENT: Christine Avenatti

**JUDGMENT**

[x] DISSOLUTION   [ ] LEGAL SEPARATION   [ ] NULLITY
  [ ] Status only
  [ ] Reserving jurisdiction over termination of
      marital or domestic partnership status
  [ ] Judgment on reserved issues
Date marital or domestic partnership status ends:   JUL 2 3 2007

**CASE NUMBER:**
YD 051533

1. [ ] This judgment [ ] contains personal conduct restraining orders. [ ] modifies existing restraining orders.
   The restraining orders are contained on page(s) _____ of the attachment. They expire on *(date):*

2. This proceeding was heard as follows: [ ] Default or uncontested  [x] By declaration under Family Code section 2336
   [ ] Contested
   a. Date:   Dept.:   Room:
   b. Judicial officer *(name):*   [ ] Temporary judge
   c. [ ] Petitioner present in court   [ ] Attorney present in court *(name):*
   d. [ ] Respondent present in court   [ ] Attorney present in court *(name):*
   e. [ ] Claimant present in court *(name):*   [ ] Attorney present in court *(name):*
   f. [ ] Other *(specify name):*

3. The court acquired jurisdiction of the respondent on *(date):* December 8, 2006
   a. [x] The respondent was served with process. Notice of Acknowledgement & Recept Attached
   b. [ ] The respondent appeared.

**THE COURT ORDERS, GOOD CAUSE APPEARING**

4. a. [x] Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the
          status of single persons
          (1) [ ] on *(specify date):* JUL 2 3 2007
          (2) [ ] on a date to be determined on noticed motion of either party or on stipulation.
   b. [ ] Judgment of legal separation is entered.
   c. [ ] Judgment of nullity is entered. The parties are declared to be single persons on the ground of *(specify):*

   d. [ ] This judgment will be entered nunc pro tunc as of *(date):*
   e. [ ] Judgment on reserved issues.
   f. The [ ] petitioner's [ ] respondent's   former name is restored to *(specify):*
   g. [ ] Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
   h. [x] This judgment contains provisions for child support or family support. Each party must complete and file with the court a
          *Child Support Case Registry Form* (form FL-191) within 10 days of the date of this judgment. The parents must notify the
          court of any change in the information submitted within 10 days of the change, by filing an updated form. The *Notice
          of Rights and Responsibilities—Health Care Costs and Reimbursement Procedures and Information Sheet on Changing a
          Child Support Order* (form FL-192) is attached.

Form Adopted for Mandatory Use
Judicial Council of California
FL-180 [Rev. January 1, 2007]

**JUDGMENT**
(Family Law)

Legal
Solutions
Plus

Page 1 of 2
Family Code, §§ 2024, 2340,
2343, 2346

| CASE NAME (Last name, first name of each party): Avenatti v. Avenatti | FL-180 |
|---|---|
| | CASE NUMBER: YD 051533 |

**4. (Cont'd.)**

i. ☐ A settlement agreement between the parties is attached.

j. ☒ A written stipulation for judgment between the parties is attached.

k. ☐ The children of this marriage or domestic partnership.

    (1) ☐ The children of this marriage or domestic partnership are:

        Name                           Birthdate

    (2) ☐ Parentage is established for children of this relationship born prior to the marriage or domestic partnership.

l. ☒ Child custody and visitation are ordered as set forth in the attached

    (1) ☒ settlement agreement, stipulation for judgment, or other written agreement.

    (2) ☐ *Child Custody and Visitation Order Attachment* (form FL-341).

    (3) ☐ *Stipulation and Order for Custody and/or Visitation of Children* (form FL-355).

    (4) ☐ other *(specify)*:

m. ☒ Child support is ordered as set forth in the attached

    (1) ☒ settlement agreement, stipulation for judgment, or other written agreement.

    (2) ☐ *Child Support Information and Order Attachment* (form FL-342).

    (3) ☐ *Stipulation to Establish or Modify Child Support and Order* (form FL-350).

    (4) ☐ other *(specify)*:

n. ☒ Spousal or partner support is ordered as set forth in the attached

    (1) ☒ settlement agreement, stipulation for judgment, or other written agreement.

    (2) ☐ *Spousal, Partner, or Family Support Order Attachment* (form FL-343).

    (3) ☐ other *(specify)*:

    **NOTICE:** It is the goal of this state that each party will make reasonable good faith efforts to become self-supporting as provided for in Family Code section 4320. The failure to make reasonable good faith efforts may be one of the factors considered by the court as a basis for modifying or terminating spousal or partner support.

o. ☒ Property division is ordered as set forth in the attached

    (1) ☒ settlement agreement, stipulation for judgment, or other written agreement.

    (2) ☐ *Property Order Attachment to Judgment* (form FL-345).

    (3) ☐ other *(specify)*:

p. ☐ Other *(specify)*:

Each attachment to this judgment is incorporated into this judgment, and the parties are ordered to comply with each attachment's provisions.

Jurisdiction is reserved to make other orders necessary to carry out this judgment.

Date: xxxxxxxxxxxxxxxxxxxxxxx

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

JUDICIAL OFFICER

☒ SIGNATURE FOLLOWS LAST ATTACHMENT

5. Number of pages attached: _____

**NOTICE**

Dissolution or legal separation may automatically cancel the rights of a spouse or domestic partner under the other spouse's or domestic partner's will, trust, retirement plan, power of attorney, pay-on-death bank account, transfer-on-death vehicle registration, survivorship rights to any property owned in joint tenancy, and any other similar thing. It does not automatically cancel the rights of a spouse or domestic partner as beneficiary of the other spouse's or domestic partner's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance policies, retirement plans, and credit reports, to determine whether they should be changed or whether you should take any other actions.

A debt or obligation may be assigned to one party as part of the dissolution of property and debts, but if that party does not pay the debt or obligation, the creditor may be able to collect from the other party.

An earnings assignment may be issued without additional proof if child, family, partner, or spousal support is ordered.

Any party required to pay support must pay interest on overdue amounts at the "legal rate," which is currently 10 percent.

FL-180 [Rev. January 1, 2007]

**JUDGMENT**
**(Family Law)**

Page 2 of 2

## I.  RECITALS

A.   Petitioner and Respondent stipulate to this matter being heard as an uncontested matter before a Judge/Commissioner of the Superior Court.

B.   Michael J. Avenatti ("Petitioner") and Christine R. Avenatti ("Respondent") were married on May 21, 1994 and since that time have been and now are husband and wife.

C.   Petitioner and Respondent have two children, the issue of their relationship namely Lauren Louise Avenatti, born October, 17, 2002 and Nicole Frances Avenatti, born October 28, 2004.

D.   Petitioner and Respondent legally separated on June 1, 2006.

E.   Petitioner filed a Petition for Dissolution of Marriage on December 8, 2006, in the Superior Court of California, County of Los Angeles, Southwest District – Torrance, bearing Case No. YD 051533.

## II.  CUSTODY

A.   LEGAL CUSTODY

   1.   The Petitioner and the Respondent are awarded joint legal custody of the minor children of the marriage, Lauren Louise Avenatti, born October 17, 2002 and Nicole Frances Avenatti, born October 28, 2004, subject to further order of a court of competent jurisdiction.

   2.   Subject to the mutual agreement of the parties or Order of Court if they cannot agree, Petitioner and Respondent are ordered to consult in all major decisions concerning the minor children's health and welfare.  If they cannot agree, the parties shall jointly consult with a mutually acceptable child counselor, psychologist, and/or psychiatrist, or Conciliation Court in a good faith effort to resolve any disagreements prior to filing a motion unless exigent circumstances exist.

   3.   Except as otherwise provided herein, in exercising joint legal custody the parties shall cooperate, confer and agree in making any major educational decisions, including, but not limited to, enrollment in a private school, commencement of psychiatric,

JUDGMENT

- 1 -

JO ANN B. MAKOUS
235 S ROSSMORE AVENUE
LOS ANGELES, CA 90004
323-939-2856

psychological or other such mental health counseling or therapy, non-routine medical appointments and enrollment in regularly occurring extracurricular activities.

4. Notice to the other party shall be required for routine medical appointments. If either party schedules a well-child care doctor's appointment for the minor children they will inform the other parent by email no less than seven days prior to the appointment date.

5. Petitioner and Respondent are awarded the same access to medical, psychological, dental and school records pertaining to the minor children and are awarded the right to independently consult with all concerned professionals. Each party shall advise all schools and health care providers of the name, address and phone numbers of the other parent in all forms in which family information is requested.

6. Each party is ordered to provide the other party with the current address and telephone number at which the minor children reside while in the care of that party and each party is further ordered to notify the other party, in advance, as soon as reasonably possible, of any change of address or telephone number, but in no event later than five (5) business days prior to said change.

7. Petitioner and Respondent are mutually enjoined and restrained from changing the surname of the minor children or causing the minor children's surnames to be changed on medical, dental, school, Department of Motor Vehicle records or other legal documents without the consent of the other party or prior Order of Court.

8. The consent of both Petitioner and Respondent is required for any decision affecting the minor children for which parental consent is ordinarily required including but not limited to, issuance of a passport, issuance of a driver's license, issuance of a work permit, appointment of a children's guardian *ad litem*, issuance of a marriage license, enlistment in the armed forces, etc.

9. Day-to-day decisions are the responsibility of the party in whose home the minor children are then residing.

JUDGMENT

- 2 -

JO ANN B. MAKOUS
235 S ROSSMORE AVENUE
LOS ANGELES, CA 90004
323-939-2856

10. Either party is awarded the authority to obtain emergency health care for the minor children without the consent of the other party. If a party obtains emergency health care for the minor children, such party is ordered to notify the other party as soon as reasonably possible by cell phone, but in no case later than four hours.

11. In the event either party desires to change his/her residence outside the State of California, that party shall provide the other party one-hundred and twenty (120) days advance written notice of such intention to move. In the event either party desires to change his/her residence more than fifty (50) miles from their current residence that party shall provide the other party sixty (60) days advance written notice of such intention to move. The provisions of this paragraph may be modified without Court approval in a writing signed by the parties.

12. The parties shall use their best efforts to avoid scheduling appointments that impact on the other's custodial period and will confer and agree with the other party prior to doing so in the event that such a situation presents itself. Notwithstanding the foregoing, each party shall use their best efforts to take the minor children to any scheduled appointments, extracurricular activities (i.e. sports team events), and or social events (i.e. birthday parties) the minor children may have during his/her respective periods of physical custody.

13. Neither party will remove the minor children from the State of California without providing the other party with contact information for the minor children while located outside the state. Notice shall be given one week prior to departure. If either party is traveling with the minor children by airplane, a copy of the airline ticket or e-ticket information will be provided to the other party. The provisions of this paragraph may be modified without Court approval in a writing signed by the parties.

14. Neither parent will remove the minor children from the United States without the written and notarized permission of the other parent and providing the other party with

JUDGMENT

- 3 -

JO ANN B. MAKOUS
235 S ROSSMORE AVENUE
LOS ANGELES, CA 90004
323-939-2856

an itinerary of places and telephone numbers where the minor children can be contacted. Sixty days notice is required. The non-custodial parent shall sign a notarized permission to travel 30 days in advance of the planned international travel at the request of the traveling parent, unless he/she has given written notice of an objection. Permission to travel internationally shall not be unreasonably withheld.

15. Notwithstanding the foregoing, the parties will negotiate in good faith with each other as to all custodial matters. This shall include but not be limited to acting reasonably in allowing international travel, variations to the custody plan due to working schedules, illness and the like and cooperating to ensure appropriate vacation schedules for both parties.

16. Additionally, if Respondent has solicited a response from the Petitioner or given notice to the Petitioner as to matters listed above (i.e. doctor's appointments, extra curricular activities and the like) and Petitioner has not responded within five days, Respondent can make a reasonable unilateral decision on behalf of the minor children.

B. PHYSICAL CUSTODY

1. Regular Custody Schedule:

a. Respondent shall have primary physical custody of the minor children.

b. If either parent is going out of town overnight during their custodial period, the other parent shall have the right of first refusal to care for the children during the period they are out of town.

c. Petitioner and Respondent shall have physical custody of the minor children according to the following "regular custody schedule." The "vacation/holiday schedule" shall take precedence over the "regular custody schedule."

d. Petitioner will have custody of the minor children on the first weekend (starting on a Friday) of every month from Saturday at 5:00 pm through Sunday at 5:00 pm or other agreed upon time.

JUDGMENT

- 4 -

JO ANN B. MAKOUS
235 S ROSSMORE AVENUE
LOS ANGELES, CA 90004
323-939-2856

e.   Petitioner will have custody of the minor children the third weekend of every month from after work on Friday through Sunday early evening.

f.   Respondent will attempt to accommodate Petitioner's work schedule to facilitate mid-week visits between the Petitioner and the minor children at the mutual convenience of both parties.

2.   Vacation/Holiday Schedule:

a.   Each party will be entitled to summer and holiday vacation time with the minor children.   To avoid booking conflicting vacation periods, in odd years, Petitioner shall have first choice and notify Respondent of his choice of vacation periods as soon as possible, but no later than April 1 and Respondent shall notify Petitioner of her choice as soon as possible but no later than April 20.   In even years, Respondent shall have first choice and notify Petitioner of her choice of weeks as soon as possible, but no later than April 1 and Petitioner shall notify Respondent of his choice as soon as possible but no later than April 20.   Both parties will work cooperatively to accommodate the other.

b.   Respondent will have custody of the minor children on Mother's Day weekend from after school on Friday until Monday morning or as otherwise agreed by the parties.

c.   Petitioner will have custody of the minor children on Father's Day weekend from after school on Friday until Monday morning or as otherwise agreed by the parties.

d.   Each party will enjoy custody of the minor children for the Thanksgiving Holiday in alternating years.

e.   The Halloween holiday shall commence after school, or 5:00 pm if there is no school on October 31 until November 1 at the start of school or up until 9:00 am if there is no school. Respondent will have custody of the minor children

JUDGMENT

- 5 -

during even years and Petitioner will have custody of the minor children during odd years.

f.   The Easter Holiday will commence from Friday at 6:00 pm until Sunday evening at 6:00 pm.  Petitioner will have custody of the minor children for Easter weekend during even years and Respondent will have custody of the minor children during Easter weekend in odd years.  If this holiday coincides with the minor children's Spring Break, the parties can discuss holiday time for each parent.

g.   Both parties will work cooperatively to ensure that each has a period of custody with the minor children on Christmas Eve–Christmas morning until 12:00 noon on Christmas day in alternating years.  If either party wishes to travel with the children for the Christmas holiday, the parties shall work together to accommodate said request and alternate years for travel.

h.   For all other mid-week holidays and non-school days not specified, the minor children will be in the custody of the Respondent unless otherwise agreed upon by the parties.

i.   For all other Monday and Friday holidays, the party who has the attached weekend custodial time will have custody of the minor children commencing Friday morning at 9:00 am for Friday holidays or until 6:00 pm for Monday holidays unless otherwise agreed upon by the parties.

j.   Both parties will work cooperatively to ensure that any work-related travel time is accommodated in limiting the number of days the minor children go without seeing the other parent, either by allowing for make-up time or by exchanging custodial periods.

JUDGMENT

- 6 -

JO ANN B. MAKOUS
235 S ROSSMORE AVENUE
LOS ANGELES, CA 90004
323-939-2856

k.   Upon entering Kindergarten, all vacation-holiday custody of the minor children will take place during non-school time, unless the parties agree otherwise in writing.

C.   JURISDICTION

1.   This Court has jurisdiction over the minor children because California is the children's home state.

2.   The habitual residence of the minor children is the United States of America.

3.   Both parties acknowledge being advised that any violation of this Order may result in civil or criminal penalties.

4.   This child custody stipulation and order is intended to be a final order pursuant to *Marriage of Montenegro*.

D.   RIGHTS AND RESPONSIBILITIES

1.   Petitioner and Respondent are mutually enjoined and restrained from making disparaging and/or derogatory remarks about the other party or any significant other of the other party, in the presence of the parties' minor children, or allowing others to do so.

2.   Petitioner and Respondent are mutually enjoined and restrained from discussing any aspects of the dissolution proceeding, or any future litigation proceedings including, but not limited to, finances, custody, support or property, with or in the presence of the parties' minor children or allowing others to do so.

### III.   CHILD SUPPORT

A.   MONTHLY CHILD SUPPORT:

1.   Commencing June 1, 2006, Petitioner will pay to Respondent as and for child support for the parties' minor children, Lauren Louise Avenatti, and Nicole Frances Avenatti, the sum of $4,070, per month payable by the fifth day of each month.

2.   The Court has based this calculation on the following findings:

JUDGMENT

- 7 -

JO ANN B. MAKOUS
235 S ROSSMORE AVENUE
LOS ANGELES, CA 90004
323-939-2856

a.   Petitioner will enjoy ~15% custody of the minor children.

b.   Petitioner and Respondent will file separate tax returns for the 2007 calendar year and going forward, each with a "head of household" designation, each taking one child as a deduction.

c.   Petitioner earns $24,585 per month.

d.   Respondent is unemployed at this time.

e.   Petitioner's monthly medical/dental insurance expense is $390.

B.   **YEARLY CHILD SUPPORT:**

1.   Upon notice of Petitioner's actual earned income, from all sources each year (excluding from hereinafter what will be called the "Select Cases" including any and all income earned from the *Case 1* and *Case 2* litigation, which shall be treated as assets for the purpose of determining Respondent's interest therein as outlined below), the dissomaster shall be employed to determine if any additional sums of child support are to be paid over and above the "monthly child support" currently set at $4,070.

2.   In consideration of the fact that the dissomaster, has for the purposes of this Judgment imputed Petitioner's monthly income at the rate of $24,585.00, Respondent will be entitled to the difference between the twelve month aggregate amount of child support she has been paid based upon the factors listed in Section III. A. 2. and the amount calculated based upon Petitioner's total actual earned income, including his monthly income.

C.   **OTHER PROVISIONS**

1.   By their stipulation to this agreement, the parties agree that they are fully informed of their rights concerning child support, that the agreement for child support is being agreed to without coercion or duress, that this is in the best interests of the children involved, that the needs of the children will be adequately met by the stipulated amounts provided by this agreement, and the right to support has not been assigned to

JUDGMENT

- 8 -

JO ANN B. MAKOUS
235 S ROSSMORE AVENUE
LOS ANGELES, CA 90004
323-939-2856

any County under Section 11477 of the Welfare & Institutions Code and no application for public assistance is pending.

2.     The Parties acknowledge that support of the minor children is subject to order of a court of competent jurisdiction at any time during the children's minority and that the provisions for both monthly and yearly or any later child support order are subject to modification.

D.     **MEDICAL EXPENDITURES**

1.     The Petitioner will maintain the minor children on his Medical Insurance. Both parties will make all efforts to file benefit claims on a timely basis. If said claims are not filed timely, the party incurring the expense will be liable for the claim amount.

2.     Respondent and Petitioner will share equally in the payment of all reasonable and necessary health care costs not covered by insurance, including medical, pharmaceutical, vision, dental, orthodontic and mental health costs.

3.     Each party will consult the other before incurring any medical or dental expenses exceeding $300.00, other than for well-doctor visits or in cases of medical or dental emergencies.

4.     Each party shall provide the other with insurance coverage information, identification documents, documents, claim forms and any other documents and information necessary to utilize insurance coverage for the supported children to obtain reimbursement for health care services costs incurred for the supported children.

E.     **PRIVATE PRE-SCHOOL**

1.     The parties will share equally in the cost of the minor children's private pre-school, subject to the provisions of Section II. A. 3.

F.     **PRIVATE SCHOOL EDUCATION KINDERGARTEN – TWELFTH GRADE**

1.     If the parties agree to enroll their children in private school at anytime between kindergarten through twelfth grade, the following allocation of the tuition payments

JUDGMENT

\- 9 -

will apply. (Earnings based on the "Select Cases" will not be considered for the purposes of the following allocation for either party.)

2. Respondent and Petitioner will share equally in the payment of all private education for the minor children, through high-school, unless Petitioner earns in excess of $300,000 in any given year (including the bonus for that year despite the timing of the distribution of the bonus).

3. If/When Petitioner earns in excess of $300,000 Petitioner will pay for 60% of said private school education unless Petitioner earns in excess of $400,000 (including the bonus for that year despite the timing of the distribution of the bonus).

4. If/When Petitioner earns in excess of $400,000 Petitioner will pay for 70% of said private school education unless Petitioner earns in excess of $550,000 (including the bonus for that year despite the timing of the distribution of the bonus).

5. If/When Petitioner earns in excess of $550,000 Petitioner will pay for 80% of said private school education unless Petitioner earns in excess of $650,000 (including the bonus for that year despite the timing of the distribution of the bonus).

6. If/When Petitioner earns in excess of $650,000 Petitioner will pay for all of said private school education tuition for the minor children.

G. COLLEGE TUITION

1. As and part of Petitioner's child support obligation, if Petitioner's income, including the "Select Cases" exceeds $300,000 either per year or amortized for the next ten years, Petitioner will pay up to and including the sum of $35,000 per year for each child for four years of college.

H. WORK-RELATED CHILDCARE; SUMMER CAMP; EXTRACURRICULAR ACTIVITIES

1. If the parties employ work-related child-care, (i.e. upon Respondent procuring employment outside the home) enroll their children in summer camp(s) or extracurricular activities (i.e. art classes, ballet, soccer and the like) the following

.NT

- 10 -

allocation of costs will apply. (Earnings based on the "Select Cases" will not be considered for the purposes of the following allocation for either party.)

2. Respondent and Petitioner will share equally in the payment of all designated costs for the minor children, through high-school, unless Petitioner earns in excess of $300,000 in any given year (including the bonus for that year despite the timing of the distribution of the bonus).

3. If/When Petitioner earns in excess of $300,000 Petitioner will pay for 60% of all designated costs unless Petitioner earns in excess of $400,000 (including the bonus for that year despite the timing of the distribution of the bonus).

4. If/When Petitioner earns in excess of $400,000 Petitioner will pay for 70% of all designated costs unless Petitioner earns in excess of $550,000 (including the bonus for that year despite the timing of the distribution of the bonus).

5. If/When Petitioner earns in excess of $550,000 Petitioner will pay for 80% of all designated costs unless Petitioner earns in excess of $650,000 (including the bonus for that year despite the timing of the distribution of the bonus).

6. If/When Petitioner earns in excess of $650,000 Petitioner will pay for all designated costs.

I.    WAGE ASSIGNMENT ORDER

1. Pursuant to Family Code Section 5230(a), the Petitioner is ordered to assign to the Petitioner that portion of his earnings sufficient to pay the amount of support indicated in the terms of this Judgment establishing support. A Wage Assignment Order will not issue as long as monthly children support payments are no more than 10 days late during any one calendar month.

J.    RIGHT TO CLAIM DEPENDENCY EXEMPTION

1. The Petitioner and Respondent will file separate tax returns for the 2007 calendar year and going forward. Each party may elect the designation of "head of household" or

JUDGMENT

- 11 -

JO ANN B. MAKOUS
235 S ROSSMORE AVENUE
LOS ANGELES, CA 90004
323-939-2856

"married filing jointly" (upon remarriage) or "married filing separate" (upon remarriage), each taking one child as a deduction.

2.   The Petitioner and Respondent further agree to timely execute any waivers, declarations and/or other documents required by federal or state law to effect the Parties' intent as stated in this paragraph J, and Parties agree to indemnify each other for any losses incurred as a result of either parties failure to timely execute said waivers, declarations and/or other documents for any single tax year for so long as this Agreement remains in effect.

K.   LIFE INSURANCE

1.   As and for additional Child Support, the Petitioner will maintain a life insurance policy naming the Respondent as the non-modifiable beneficiary (without written, notarized consent of the Respondent or further order of the Court) in the amount of $1,000,000 until the minor children reach the age of majority as defined by the Family Law Code.

2.   The Petitioner will provide the Respondent with Proof of Insurance within thirty days of signing of this agreement.   The Petitioner will provide proof of renewal of said Insurance to the Respondent on a yearly basis at her request.   Respondent is restricted from borrowing any funds against said policy until the minor children reach the age of majority, as defined by the Family Law Code, or if prior to that event he obtains the written, notarized consent of the Respondent or a further order of the Court.

IV.   **SPOUSAL SUPPORT**

A.   PETITIONER'S WAIVER OF SPOUSAL SUPPORT

1.   The Petitioner waives, discharges and releases the Respondent from any and all claims for spousal support, both temporary and permanent.   The Petitioners' waiver, discharge and release of the Respondent for any and all claims for spousal support, both temporary and permanent, is hereby approved.   The Court finds that the Petitioner has been informed that he cannot at any time hereafter petition the Superior Court of the

JUDGMENT

- 12 -

State of California, or any other court, in the future, for any spousal support, or maintenance, either temporary or permanent, from the Respondent. The Court will have absolutely no power or jurisdiction to make any order for spousal support, or maintenance for the Petitioner, whether as to amount or duration. The Petitioner will hereby forbear from seeking an order from any court for spousal support, or maintenance regardless of any future circumstances or change in the law.

B.    THE PAYMENT OF SPOUSAL SUPPORT TO RESPONDENT FROM PETITIONER

1.    Commencing June 1, 2006, Petitioner is ordered to pay directly to Respondent, as and for spousal support, the sum of $5,350 per month, payable on or before the fifteenth of each month through December 16, 2012.

2.    If during any one calendar year between January 1, 2007 and December 31, 2012, Petitioner earns in excess of $5,000,000 (without consideration to income earned on the "Select Cases"), no matter how many years this event may occur, Petitioner will pay to Respondent the one-time sum of $500,000 designated as and for spousal support (i.e. if Petitioner earns $5,000,000 during each calendar year 2009, 2010 and 2011, Respondent shall be entitled to only one payment totaling $500,000).

C.    "RESOLVED CASE" LITIGATION FEE PAYABLE AS SPOUSAL SUPPORT

1.    In 2006, upon resolution of the "Resolved Case", Avenatti & Associates was paid $1,142,321 as reflected on form 1099. The Respondent's claimed interest therein shall be due and payable by the Petitioner, and designated as spousal support.

2.    Respondent's share of said amount in the total amount of $571,160 is offset by the following factors:

a.    Half ($96,155) of the total amount ($192,310) previously distributed to the community to pay off community debt;

b.    A taxable rate of 35% of the $96,155 of the community debt paid for a total of $33,654;

JUDGMENT

- 13 -

JO ANN B. MAKOUS
235 S ROSSMORE AVENUE
LOS ANGELES, CA 90004
323-939-2856

    c.    Overpayment of support for 2006 in the amount of $17,330 as outlined below in Section IV. D. 1. b.  There will be no deduction for taxes on this amount, in light of the fact that the parties are filing joint tax returns for 2006.

    d.    Overpayment of support for 2007 in the amount of $10,900 as outlined below in Section IV. D. 2. b.

    e.    A taxable rate of 35% of the $10,900 of the overpayment of support for 2007 for a total of $3,815;

3.    The distribution of the balance due and owing to Respondent $409,315 will be paid in the following manner designated as non-modifiable spousal support:

    a.    $5,000 per month for 48 months commencing June 1, 2007 (for a total of $240,000).

    b.    On or before July 1, 2011 the balance owed in the sum of $169,315.

    c.    If at any time prior to the total amount of $409,315 distributed to Respondent, the parties agree to any alternate distribution and or advances, said agreement or agreements shall be in writing signed by both parties, without court approval.

    d.    If prior to December 31, 2012, Respondent's right to support terminates upon Respondent remarrying or by stipulation or by further order of the Court, Petitioner shall still be required to make the payments as set forth in paragraphs a. through c. above and Respondent's right to receive the $409,315 described herein shall not terminate.

D.    REIMBURSEMENT FOR OVER PAYMENTS OF SPOUSAL SUPPORT

1.    2006:

    a.    Petitioner paid to Respondent the sum of $83,272 in 2006 undesignated support.

JUDGMENT

- 14 -

b. Petitioner shall be credited with a reimbursement for paying $17,330 to the Respondent for the months of June 1, 2006 through December 31, 2006, an amount indicative of sums paid over and above Petitioner's current total monthly obligation of $9,420 per month including both spousal support and child support.

c. Said differential of $17,330 will be deducted against amounts owed to the Respondent by the Petitioner for her claim to the proceeds from the "Resolved Case" discussed above at Section IV. C. 2. c.

d. Said differential of $17,330 and any portion of said total amount paid to the Respondent by the Petitioner of $83,272 will not be taxable to the Respondent.

2. 2007:

a. Petitioner paid to Respondent the sum of $58,000 between January 1, 2007 and May 18, 2007 as and for undesignated support.

b. Petitioner shall be credited with a reimbursement for paying $10,900 to the Respondent for the months of January 1, 2007 through May 18, 2007, an amount indicative of sums paid over and above Petitioner's current total monthly obligation of $9,420 per month including both spousal support and child support.

c. Said differential of $10,900, plus the of $3,815, as and for taxes due on said amount, will be deducted against amounts owed to the Respondent by the Petitioner for her claim to the proceeds from the "Resolved Case" discussed above at Section IV. C. 2. d. and e.

3. Additional sums in an amount in excess of $19,000, were paid to Respondent by Petitioner between June 1, 2006 and May 18, 2007, for which Petitioner is not seeking reimbursement.

JUDGMENT

- 15 -

JO ANN B. MAKOUS
235 S ROSSMORE AVENUE
LOS ANGELES, CA 90004
323-939-2856

E.      MODIFICATION OF TERMS FOR SPOUSAL SUPPORT

1.      Respondent is precluded from requesting any sum over $64,000 per year for spousal support. The Court will not maintain jurisdiction to award an increase of said amount at any time.

2.      Petitioner can request a modification/reduction as to the amount of his support obligation only if:

   a.      Respondent earns over $100,000 in any calendar year; or

   b.      Petitioner becomes disabled or fired from his current employment and is unable to find comparable employment within 90 days; or

   c.      Respondent cohabitates with another individual; or

   d.      Respondent bears another child.

3.      Petitioner can request a modification/reduction as to the duration of his support obligation only if:

   a.      Petitioner becomes disabled or fired from his current employment and is unable to find comparable employment within 90 days; or

   b.      Respondent cohabitates with another individual; or

   c.      Respondent bears another child.

4.      Respondent can request a modification for the provisions of the support as to duration only if the event described in IV B. 2 has not occurred **and**:

   a.      Said motion is filed prior to December 31, 2012; and

   b.      With the understanding that the following shall be deemed res judicata upon the entry of this Judgment, such that there will be no jurisdiction of any Court to modify, clarify or otherwise alter the following agreed upon issues:

      1.      Respondent has maintained her standard of living since the separation of the parties on June 1, 2006; and

JUDGMENT

- 16 -

JO ANN B. MAKOUS
235 S ROSSMORE AVENUE
LOS ANGELES, CA 90004
323-939-2856

2.     Respondent has an income earning capacity of no less than $65,000 per year.

F.    TAX LIABILITY

1.     The spousal support payments to Respondent pursuant to this Paragraph IV are ordered included in the gross income of Respondent and allowable as a deduction to Petitioner for income tax purposes. Petitioner and Respondent are ordered to treat the spousal support payments for federal and state income tax purposes in accordance with the above designation.

G.    TERMINATION OF SPOUSAL SUPPORT

1.     Respondent's right to support will terminate without further order of the Court upon Respondent's remarriage, death, or December 31, 2012, whichever occurs first, unless there is a further order of the Court.

2.     In accordance with *In re Marriage of Gavron*, the Respondent is hereby notified that parties expect that she will be employed for compensation on a full-time basis prior to December 31, 2012.

3.     The Respondent is hereby notified that if she desires not to be employed outside the home the Court will attribute income to her beyond her earned income for the purposes of determining spousal support as defined above.

V.    **OBLIGATIONS AND INDEBTEDNESS**

A.    The Court finds that the parties have paid $192,309 in community debt obligations since the date of separation (June 1, 2006).

B.    All debts and obligations currently in the name of either party accrued after June 1, 2006 shall remain the obligation of said party incurring the same.

C.    Claims by Third Parties. Except as set forth in this Judgment, the Court finds that each Party warrants that he or she has not incurred, and each is ordered not to incur, any liability or obligation on which the other will be liable. The Court orders that if any claim, action, or

JUDGMENT

- 17 -

JO ANN B. MAKOUS
235 S ROSSMORE AVENUE
LOS ANGELES, CA 90004
323-939-2856

proceeding shall be brought seeking to hold the other liable on account of any such liability, obligation, act, or omission (other than those incurred for the support and maintenance of a Party), the obligated Party shall, at his or her sole expense, defend the other Party against any such claim, liability, or obligation (whether or not well founded) and shall hold the other Party free and harmless from it.  This indemnification shall include any costs, including attorney's fees, reasonably incurred by the other Party in defending any claim made against him or her. The Court finds that the Parties understand that any orders contained in this Judgment for one Party to assume the obligation of the community or post-separation debts of the other Party will not be binding on creditors and that a creditor will have rights to seek payment against either Party.  The Court further finds that the Parties understand that their obligations to each other, and to third-party creditors, are subject to possible discharge in bankruptcy.

D.   **Unknown Debts.**  Petitioner and Respondent each represent one to the other that she or he is not aware of any obligations of the Petitioner and/or Respondent incurred prior to the date of their separation other than the obligations described in this Judgment.  In the event of any obligations of Petitioner and Respondent which were incurred prior to the date of separation or subsequently discovered, the party incurring and assuming the same shall indemnify the other from any and all liabilities arising there from or relating thereto, and shall further hold the other party harmless from and against any and all costs and expenses, including reasonable attorney fees relating thereto.

E.   **Debts Incurred After the Date of Separation.**  Except for any debt or obligation of Petitioner or Respondent created or assumed under this Judgment, Petitioner and Respondent each agrees to pay and to hold the other harmless from all outstanding debts and obligations not otherwise paid, incurred by him or her since and after the date of their separation; and if any claim, action or proceeding is hereafter sought seeking to hold the other party liable on account of such debts or obligations, such party will, at his or her sole expense, defend the other party against any such claim, action or proceeding, and indemnify the other party from any and all

JUDGMENT

- 18 -

liability arising there from or relating thereto, and shall further hold the other party harmless from and against any and all costs and expenses, including reasonable attorney fees relating thereto.

F.    Nothing contained in this Judgment confers rights on any creditors or third persons to assert claims against either party hereto as a third-party beneficiary of this Judgment and this Judgment does not confer additional rights on any third party, which do not otherwise exist in the absence of this Judgment.

G.    The parties acknowledge by signing this agreement, that no community debt, other than that disposed of herein is outstanding at this time.

## VI.    DIVISION OF COMMUNITY ASSETS/PROPERTY

The following property, whether community, quasi-community, separate or mixed, is awarded as follows:

A.    AUTOMOBILES: Those certain automobiles of the parties shall be awarded to the parties as their sole and separate property to the party having possession or control of the same.  Each party shall protect and indemnify the other party from any liability or debts secured by or against the subject automobile or automobiles awarded to that party.  Each party shall, contemporaneously with the execution of the settlement documentation, execute any transfer documentation, which will be necessary with regard to any such automobiles.

1.    Specifically, Petitioner is awarded a 2004 Mercedes E55 as his sole and separate property, license number: 5GJD073.

2.    Specifically, Respondent is awarded a 2005 Volkswagen Touareg as her sole and separate property, license number: 5LTT333.

3.    Car Insurance:  The insurance policy for both cars designated above is paid through or will be paid through March 15, 2008 by the Petitioner.  As of March 15, 2008, both parties are obligated to procure and pay for their own respective car insurance

JUDGMENT

- 19 -

premiums in accordance with the terms of the lease agreements associated with the automobile in their possession and control.

B.    HOUSEHOLD FURNITURE AND FURNISHINGS:  All items of household furniture, furnishings, objects of art, appliances and personal property in the possession and/or control of each of the parties, are awarded as sole and separate property to the party having possession or control of the same.

C.    PERSONAL BELONGINGS:  Those certain items of tangible personal belongings and effects currently in the possession of each of the parties, including, without limitation, jewelry, pen collections and clothing, are awarded as sole and separate property to the party having possession or control of the same.

D.    RESIDENTIAL LEASE DEPOSITS:

1.    The Petitioner's residence located at 122 West Oak Avenue, has a lease deposit in the amount of $5,200.

2.    The Respondent's residence located at 1118 North Ardmore Avenue, has a lease deposit in the amount of $4,200.

3.    The designated lease deposits are awarded to the party residing in said residence as their sole separate property.

E.    FINANCIAL ACCOUNTS:

1.    The following financial accounts, irrespective of any community interest therein, shall be awarded as the sole and separate property of the party designated below, without claims of reimbursement from the non-designated party:

| | ACCOUNT | AWARDED TO: |
|---|---|---|
| a. | Citibank Checking Acct. No. ****2291 | Petitioner |
| b. | Citibank Checking Acct. No. ****8085 | Respondent |
| c. | Southland Civic C.U. Acct. No. ****3138 | Petitioner |
| d. | Greene Broillet 401K | Respondent |

JUDGMENT

- 20 -

JO ANN B. MAKOUS
235 S ROSSMORE AVENUE
LOS ANGELES, CA 90004
323-939-2856

e.   Citibank Money Market Acct. No. ****4603      Petitioner

F.   **CASH VALUE LIFE INSURANCE**

1.   The cash value of the following insurance policies, irrespective of any community interest therein, shall be awarded as the sole and separate property of the party designated below, without claims of reimbursement from the non-designated party:

| TERM POLICY NAME | AWARDED TO: |
|---|---|
| a.   First Colony – Policy No. 2566682 | Respondent |
| b.   Farmer's New World – Policy No. 006121819 | Petitioner |

G.   **TAX REFUNDS/CREDITS**

1.   All current state and federal tax refunds, credits, and/or amounts on account are awarded to the Petitioner as his sole and separate property.

H.   **UNSECURED NOTE**

1.   The community interest in an unsecured note designating Stephen Rodier as obligor in the amount of $3,700 shall be awarded as the sole and separate property of the Respondent, without claims of reimbursement from the Petitioner.

I.   **FREQUENT FLYER MILES**

1.   All frequent flyer miles held in the name of Respondent and the minor children shall be awarded as the sole and separate property of the Respondent, without claims of reimbursement from the Petitioner.

2.   All frequent flyer miles held in the name of Petitioner shall be awarded as the sole and separate property of the Petitioner, without claims of reimbursement from the Respondent.

J.   **OUTSTANDING CONTINGENGY FEE CASES WITH COMMUNITY INTEREST**

1.   The following cases (the "Select Cases") constitute contingency fee litigation pending as of June 1, 2006, the date of separation.  With respect to the undetermined attorney fee award potentially payable to the Petitioner upon the resolution of said matters, the

JUDGMENT

- 21 -

JO ANN B. MAKOUS
235 S ROSSMORE AVENUE
LOS ANGELES, CA 90004
323-939-2856

Petitioner and Respondent agree that said fees will be distributed and characterized in the following manner:

a.  *Case 1* - The undetermined attorney fee award potentially payable to the Petitioner, up to and including 12% of the total attorney fees paid upon the resolution of said matter, shall be divided equally between the parties. The distribution of any fee paid to the Petitioner, up to and including 12% of the total attorney fees paid, will be designated as a community asset and each party shall be liable for taxes owing on their equal portion of the distribution of said fee. Any such fee paid to the Petitioner or Respondent, shall for no year be considered "earned income" of the Petitioner or the Respondent for the purposes of determining or adjusting child support or any modification of the spousal support provisions outlined above.

b.  *Case 2* – The undetermined attorney fee award potentially payable to the Petitioner, up to and including 25% of the total attorney fees paid upon the resolution of said matter, shall be divided equally between the parties. The distribution of any fee paid to the Petitioner, up to and including 25% of the total attorney fees paid, will be designated as a community asset and each party shall be liable for the taxes owed for their portion of the distribution of said fee. Any such fee paid to the Petitioner or the Respondent, shall for no year be considered "earned income" of the Petitioner or the Respondent for the purposes of determining or adjusting child support or any modification of the spousal support provisions outlined above.

c.  *Case 3* - The undetermined attorney fee award potentially payable to the Petitioner upon the resolution of said matter shall be considered the Petitioner's sole and separate property, provided, however, that any such fee shall be included in the gross income of the Petitioner in determination of the "yearly

JUDGMENT

- 22 -

JO ANN B. MAKOUS
235 S ROSSMORE AVENUE
LOS ANGELES, CA 90004
323-939-2856

1   "child support" due and owing Respondent for the calendar year for which said

2   fee is paid.

3   **K.   AVENATTI & ASSOCIATES, A PROFESSIONAL CORPORATION**

4       1.   The Court finds that with the exception of the "Select Cases" previously referenced

5           and divided therein, Respondent has waived any and all rights she may have in

6           Avenatti & Associates, A Professional Corporation.

7

8   **L.   MTJS, LLC INVESTMENT**

9       1.   The Court finds that Respondent has waived any and all rights she may have in MTJS,

10          LLC INVESTMENT.

11  **M.   MISCELLANEOUS**

12      1.   Dallas Cowboy Season Tickets: shall be awarded as the sole and separate property of

13          the Petitioner, without claims of reimbursement from the Respondent.

14      2.   125cc Go-Kart: shall be awarded as the sole and separate property of the Petitioner,

15          without claims of reimbursement from the Respondent.

16  **VII.   ATTORNEY FEES**

17      1.   Any and all outstanding attorney fees and costs due and owing Jo Ann B. Makous, for

18          services in conjunction with the procurement of a mediated settlement agreement for

19          the dissolution of the parties marriage will be paid by the Petitioner.

20

21  **VIII.   FEDERAL AND STATE INCOME TAX RETURNS**

22      1.   The Petitioner and Respondent will jointly file their 2006 federal and state income tax

23          returns, which are currently on extension.

24      2.   The Petitioner and Respondent will file separate tax returns for the 2007 calendar year

25          and going forward, each with a "head of household" designation, each taking one child

26          as a deduction.  If any deficiency is assessed against the parties by reason of said

27          returns, the party incurring the same shall protect and indemnify the other and shall pay

28          such deficiency.  If any refund is received resulting from the filing of any such tax

JUDGMENT                                    - 23 -                    JO ANN B. MAKOUS
                                                                     235 S ROSSMORE AVENUE
                                                                     LOS ANGELES, CA 90004
                                                                     323-939-2856

returns for the 2007 calendar year said refund shall be the sole and separate property of the receiving party.

    3.    If any deficiency is assessed against the parties by reason of any State or Federal return filed prior to the 2007 calendar year, said deficiency will be payable by the Petitioner, who shall protect and indemnify the Respondent for the payment of said deficiency.

    4.    If any refund is paid to the parties by reason of any State or Federal return filed prior to the 2007 calendar year said refund shall be the sole and separate property of the Petitioner free and clear of any claims of the Respondent.

## IX.   WAIVER OF INTEREST IN POST-SEPARATION EARNINGS AND ACQUISITIONS

A.    With the exception of any prior designations above, each party shall own and hold all property, associations, joint ventures and/or partnerships, received or entered into by him or her under the terms of this Judgment and all earnings, accumulations and other property, interests, associations, businesses, joint ventures and/or partnerships acquired after June 1, 2006, as his or her sole and separate property, free from any claim or interest of the other (except as otherwise expressly provided in this Judgment) or of any creditor of the other by reason of the community property laws of the State of California, or by reason of any law or fact.

## X.   WAIVER OF OTHER CLAIMS

A.    The Court finds that each of the parties has forever released the other from any and all other claims, debts or disabilities of any kind or nature whether known or unknown, which such party holds or might hold against the other at any time prior to the filing of this Judgment in addition to the releases provided above.

## XI.   MUTUAL RELEASE

A.    The Court finds that the Parties intend to settle all aspects of their marital relationship and rights by this Judgment.  Except as otherwise provided in this Judgment, the Court finds that the Parties mutually release and forever discharge each other from any and all actions,

JUDGMENT

- 24 -

JO ANN B. MAKOUS
235 S ROSSMORE AVENUE
LOS ANGELES, CA 90004
323-939-2856

liabilities, claims, demands, and obligations of any kind or character, both in law and in equity, that either of them ever had, now has, or will have against the other upon or by reason of any matter, cause, or thing up to the Effective Date. The Court finds that it is the Parties' intent that after the Effective Date of the Judgment, there shall be, as between them, only those rights and obligations as are specifically provided in this Judgment.

## XII.   DIVISION OF UNDISCLOSED PROPERTY

A.   The Court shall have continuing jurisdiction to award community assets or liabilities that have not been divided in this Judgment pursuant to the provisions of California Family Code section 2556.

## XIII.   WARRANTY OF FULL DISCLOSURE

A.   The Court finds that each Party warrants that he or she has made a full and accurate disclosure to the other pursuant to Family Code section 2100 of all assets, liabilities, and encumbrances, and their values, in which one or both Parties have or will have an interest, and each has made a full and accurate disclosure of his or her income. The Court finds that the Parties warrant that they have met their duty pursuant to Family Code section 2100 to update and augment that information including advising the other of any material facts that could substantially affect the value of any asset up until the time of this Judgment.

## XIV.   WAIVER OF INHERITANCE RIGHTS

A.   The Court finds that each Party waives any and all right to inherit the estate of the other at his or her death; or to take property from the other by devise or bequest (unless under a will executed subsequent to the Effective Date of the Parties' Judgment); or to claim any family allowance or probate homestead; or to act as the personal representative upon intestacy of the other's estate (except as the nominee of another person legally entitled to the right); or to act as the personal representative under the will of the other (unless under a will executed subsequent to the Effective Date of the Parties' Judgment).

JUDGMENT

- 25 -

## XV.    REIMBURSEMENT WAIVERS

A.    Except as otherwise provided in this Judgment, the Court finds that each Party waives each of the following:

    1.    *Epstein* credits (*In re Marriage of Epstein* (1979) 24 Cal.3d 76) and all rights to reimbursement to which a Party may be entitled to as a result of the payment of community obligations since the Separation Date.

    2.    *Watts* credits (*In re Marriage of Watts* (1985) 171 Cal.App.3d 366) and all rights to reimbursement to which a Party may be entitled to as a result of one Party's use of community assets since the Separation Date.

    3.    All rights to reimbursement under Family Code section 2640, or otherwise, for separate property contributed to the acquisition or maintenance of community property.

## XVI.    WAIVER OF ADDITIONAL DISCOVERY RIGHTS

A.    The Court finds that the Parties understand that they have a right to additional discovery, which includes taking depositions, submitting interrogatories, obtaining documents, requesting admissions, using subpoenas, and obtaining appraisals. The Court finds that they have chosen not to exercise any further right to discovery or conduct any investigation beyond that already performed. The Court finds that the Parties each understand that by failure to engage in additional discovery may result in either one not fully appreciating the extent of the assets and debts of the Parties subject to the Court's jurisdiction or the character and value of each asset and debt. The Court finds that each Party understands that this lack of knowledge may mean that the division of community property is not equal, that the level of support provided may be less than fully available under law, or that either one may not have received the optimum settlement to which he or she is entitled under California law.

///

////

JUDGMENT

- 26 -

JO ANN B. MAKOUS
235 S ROSSMORE AVENUE
LOS ANGELES, CA 90004
323-939-2856

## XVII.  ATTORNEY REPRESENTATION

A.   Petitioner and Respondent jointly retained Jo Ann B. Makous an attorney at law duly licensed to practice in the State of California, to advise them in connection with this Judgment and proceeding for dissolution of marriage.

B.   Petitioner and Respondent acknowledge that they have been fully and completely advised by their attorney with reference to the inherent conflict that exists in both parties being represented by the same counsel.

C.   Petitioner and Respondent acknowledge that they have an independent understanding as to the terms and conditions of the agreement.  Said terms are agreed to in consideration of what is fair and equitable.

D.   Petitioner and Respondent acknowledge that they have been fully and completely advised by their attorney that in the event of further litigation, the attorney-client privilege will be waived.

E.   Petitioner and Respondent acknowledge that the terms and conditions agreed upon herein were based upon mutual agreement and not upon legal advice that would have potentially resolved this matter to a different conclusion.

F.   With respect to any boilerplate language contained herein, Petitioner and Respondent acknowledge that they have been fully and completely advised by their attorney with reference to all such terms and provisions and that no dispute arises therefrom.

G.   Petitioner and Respondent further acknowledge that they have been advised by their attorney of the legal effect of this Judgment with respect to their obligations, rights and duties.

H.   Petitioner and Respondent each acknowledge that they have been provided ample opportunity to have counsel of their choosing other than Jo Ann B. Makous review this Judgment and advise them relating to the terms contained herein prior to agreeing to such terms.  Respondent further acknowledges that she has consulted with counsel of her choosing other than Jo Ann B. Makous concerning the terms of this Judgment prior to agreeing to such terms.

JUDGMENT

- 27 -

## XVIII. RESERVATION OF JURISDICTION

A.  The Court retains jurisdiction (except as otherwise provided in this Judgment) to make orders and determinations that are necessary and/or appropriate (i) to enforce any of the terms of this Judgment or otherwise effectuate the division of property as specified in the Judgment; (ii) to resolve any matter subject to the jurisdiction of the Court that has not otherwise been resolved by the terms of the Judgment, or to resolve any dispute that will arise concerning the terms of the Judgment; and (iii) to resolve claims regarding omitted or undisclosed property and obligations.

## XIX.   SEVERABILITY

A.  If a court holds any provision of this Judgment to be invalid, unenforceable, or void, the remainder of this Judgment shall remain in full force and effect.

## XX.   EXECUTION OF DOCUMENTS

A.  Each Party is ordered, at the request of the other, to execute and deliver any instrument, furnish any information, and perform any other act reasonably necessary to carry out the provisions of this Judgment without undue delay or expense. Any party who fails to comply with this section is ordered to reimburse the other party for any reasonable expenses, including attorney fees and court costs that as a result of this failure become reasonably necessary to carry out the terms of this Judgment.

## XXI.   AMENDMENTS OR MODIFICATIOINS TO JUDGMENT POST ENTRY

A.  Following the entry of this Judgment as a Court Order any and all terms of this Judgment may be modified without Court approval in a writing signed by the parties.

B.  Prior to either party filing any motion or request with any court or adjudicating body regarding the terms contained herein relating to any financial issues, including but not limited to child support and spousal support, the parties agree to jointly meet, in-person, with a mutually acceptable mediator in an attempt to resolve any dispute by way of non-binding mediation.

C.  Prior to either party filing any motion or request with any court or adjudicating body regarding the terms contained herein relating to child custody or visitation, the parties agree to jointly meet, in-person, with a Conciliation Court counselor, a mutually acceptable mediator/child

JUDGMENT                                          - 28 -

counselor, or a like person in an attempt to resolve any dispute by way of non-binding mediation.

## XXII.  WAIVER OF FINAL DISCLOSURE

A.    Both parties have complied with Section 2104 and Preliminary Declarations of Disclosure have been completed and exchanged.

B.    Both parties waive Final Declarations of Disclosure.

C.    Both parties have completed and exchanged a current income and expense declaration.

D.    The waiver is knowingly, intelligently, and voluntarily entered into by each of the parties.

E.    Each party understands that by signing the waiver, he or she will be affecting his or her ability to have the Judgment set aside as provided by law.

## XXIII.  ACKNOWLEDGMENT

A.    The Court finds that each Party acknowledges that he or she respectively (i) is fully informed as to the facts relating to the subject matter of this Judgment, and as to the rights and liabilities of both Parties; (ii) enters into this Judgment voluntarily, free from fraud, undue influence, coercion, or duress of any kind; and (iii) has read, considered, and understands each provision of this Judgment.

**SO STIPULATED AND AGREED TO:**

Date:  6-17-2007

_____
Michael J. Avenatti: Petitioner

Date:  6.17-2007

_____
Christine R. Avenatti: Respondent

**GOOD CAUSE APPEARING IT IS SO ORDERED:**

Date:  JUL 2 3 2007

_____
Judge or Commissioner of the
Superior Court

JUDGMENT

- 29 -

JO ANN B. MAKOUS
235 S ROSSMORE AVENUE
LOS ANGELES, CA 90004
323-939-2856

# EXHIBIT B

# EXHIBIT B

### Acknowledgement of Receipt and Partial Satisfaction of Judgment

On July 23, 2007, a Judgment was entered in the martial dissolution proceeding then pending between Michael Avenatti and Christine Avenatti-Carlin (fka Christine Avenatti) in the Los Angeles Superior Court (Case No. YD 051533).  Pursuant to the Judgment and its amendments, Debtor Michael Avenatti is obligated to pay to Creditor Christine Avenatti-Carlin various sums, including child support for their two minor daughters, private school tuition, medical expenses, expenses associated with extracurricular activities, etc. (the "Obligation Payments").  As of August 20, 2019, Debtor Michael Avenatti is in arrears to Creditor Christine Avenatti-Carlin for the Obligation Payments in an amount far in excess of $500,000.00.

In consideration of Debtor Michael Avenatti hereby simultaneously (a) transferring any and all right, title and possession to the art assets identified on Exhibit A to Creditor Christine Avenatti-Carlin and (b) waiving any and all rights to those assets, Creditor Christine Avenatti-Carlin agrees that Debtor Michael Avenatti's Obligation Payments now owing under the Judgment are hereby reduced and partially satisfied in the amount of $20,000.00.

Agreed to this 20th day of August, 2019.


Christine Avenatti-Carlin


Michael J. Avenatti





# Exhibit A



☒ SUPERIOR
☐ MUNICIPAL

COURT OF CALIFORNIA, COUNTY OF
JUDICIAL DISTRICT

| Michael Avenatti | CERTIFICATE OF SALE OF PERSONAL PROPERTY |
|---|---|
| vs | |
| Lisa Storie-Avenatti | CASE NUMBER 17D009930 |

I, the undersigned, Sheriff of Orange County, State of California, do hereby certify that under and by virtue of an execution issued out of the above court, on a judgment rendered therein on ___04/23/18 & 10/22/18___ in favor of creditor ___Lisa Storie-Avenatti___ 24040 Camino del Avion, Ste., A-109, Monarch Beach, CA 92629 and against debtor ___Michael Avenatti___ 10000 Santa Monica Blvd., No 2205, Los Angeles, CA 90024, which execution was attested on ___05/10/19___, and by which I was required to make the sum of $2,553,088.88 dollars, with interests and costs, to satisfy said judgment, out of the personal property of said debtor if sufficient personal property could be found, all of which more fully appears from said execution, to which reference is hereby made.
I levied on the following described personal property:

1 Small Sculpture Metal Head and Stand
1 Large Sculpture, Face, Bicycle
1 Artwork of a Batman 1of 3
1 Artwork of a Batman 2 of 3
1 Artwork of a Batman 3 of 3
1 Artwork of an Impressionist Street in Rain
1 Artwork of a Fingerprint of Gold Leaf on Black
1 Artwork of a Fingerprint of Gold Text on Red
1 Artwork of a Blue, White, Red Lines
1 Artwork of an Orange/ Pink Lines
1 Artwork of a Blurry Silver/Blue Lines
1 B&W Photo of Stone Bridge
1 B&W Photo of Eiffel Tower
1 B&W Photo of Race Car

and at   CITY OF LAGUNA HILLS   , on   August 20, 2019   , duly sold all the right, COUNTY OF ORANGE, STATE OF CALIFORNIA

title, and interest of the judgment debtor in and to the same at public auction, according to law and after due and legal notice, to   Michael Avenatti, Attorney In Fact   , who made the highest bid therefore at such sale, for the sum of   $18,000.00   dollars, current lawful money of the United States of America, which sum was the whole price paid for such property.

Date:        August 20, 2019

Location:    Santa Ana, CA
F0328-142.3

DON BARNES
SHERIFF-CORONER OF ORANGE COUNTY

By: _____
Deputy

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of __Orange__        )

On ____August 20, 2019____ before me, __Nathanel Nget, Notary Public_____ ,
　　　　　　Date　　　　　　　　　　　　　　　　Here Insert Name and Title of the Officer

personally appeared __Quynh #9986_____
　　　　　　　　　　　　　　　　　Name(s) of Signer(s)

_____ ,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
　　　　　　　Signature of Notary

NATHANEL NGET
Notary Public - California
Orange County
Commission # 2175283
My Comm. Expires Dec 11, 2020

Place Notary Seal Above

———————————— **OPTIONAL** ————————————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: __Certificate of Sale of Personal Property Case 17D009930__

Document Date: __08/20/2019_____    Number of Pages: __2__

Signer(s) Other Than Named Above: _____

1                                    **PROOF OF SERVICE**

2           STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3              I am over the age of 18 and not a party to this action.  I am employed in the county

4 where the service occurred; my business address is 355 S. Grand Ave., 44th Floor, Los

5 Angeles, California 90071.

6              On August 28, 2019, I caused to be served the following documents described as:

7        **1.   DEFENDANT MICHAEL AVENATTI'S OPPOSITION TO PLAINTIFF'S MOTION FOR A TURNOVER ORDER PURSUANT TO CCP SECTION 699.040**

8

9        **2.   DECLARATION OF MICHAEL J. AVENATTI IN SUPPORT OF HIS OPPOSITION TO PLAINTIFF'S MOTION FOR A TURNOVER ORDER PURSUANT TO CCP SECTION 699.040**

10

11 on the interested parties in this action as stated below:

12 **Brown George Ross LLP**
Eric M. George
Ira Bibbero

13 Jacob S. Sarabian
2121 Avenue of the Stars, Suite 2800

14 Los Angeles, CA 90067
Email: egeorge@bgrfirm.com

15            ibibbero@bgrfirm.com
           jsarabian@bgrfirm.com

16 *Attorneys for Plaintiff*

**Frank Sims & Stolpher, LLP**
Scott H. Sims
Andrew D. Stolper
19800 MacArthur Blvd., Suite 855
Irvine, CA 92612
Email: ssims@lawfss.com
         astolper@lawfss.com

*Attorneys for Plaintiff*

17

18 **[x] ELECTRONIC SERVICE:** By transmitting the document by electronic mail to the electronic mail address as stated above via 3rd Party Legal Vendor One Legal, concurrent

19 with the filing.

20 **[ ] OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.

21

22 **[ ] FEDEX OVERNIGHT:** By placing in sealed envelope(s) designated by FedEx for overnight delivery with delivery fees paid or provided for and directed to the address identified on the service list.  I deposited the envelope in a facility or drop box regularly

23 maintained by FedEx or delivered to a FedEx courier, at Los Angeles, California.

24             I declare under penalty of perjury under the laws of the State of California that the

25 above is true and correct

26             Executed on  August 28, 2019, at Los Angeles, California.

27

28                                          Herbert Nacion

# EXHIBIT 2

Electronically FILED by Superior Court of California, County of Los Angeles on 12/23/2019 09:12 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden,Deputy Clerk

Case 8:19-cr-00061-JVS   Document 459-1   Filed 05/14/21   Page 45 of 84   Page ID #:6823

1  Thomas D. Warren (SBN 160921)
   twarren@piercebainbridge.com
2  Daniel Dubin (SBN 313235)
   ddubin@piercebainbridge.com
3  Pierce Bainbridge Beck Price & Hecht LLP
4  355 South Grand Avenue, 44th Floor
   Los Angeles, CA 90071
5  Tel:  (213) 262-9333

6  Attorneys for Defendant Michael Avenatti
7  and Third Party Christine Avenatti Carlin

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
10            COUNTY OF LOS ANGELES – CENTRAL DISTRICT

11 JASON FRANK LAW PLC, a professional      | Case No.: BC706555
12 law corporation,                          | Hon. Edward B. Moreton, Dept. 44
13              Plaintiff,                    | **Defendant Michael Avenatti and**
                                             | **Third Party Christine Avenatti**
14      vs.                                   | **Carlin's Opposition to Plaintiff Jason**
                                             | **Frank Law PLC's Motion for Order**
15                                            | **Requiring Delivery of Property**
16 MICHAEL J. AVENATTI, an individual,       | **Following Examination of Third-**
                                             | **Party Christine Carlin**
17              Defendant.
                                             | **Hearing Date:** January 7, 2020
18                                            | **Time:** 9:30 a.m.
19                                            | **Dept.:** 44
20
21
22
23
24
25
26
27
28

---

**Opposition to Plaintiff's Motion for a Turnover Order**

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................1

II.   BACKGROUND ...............................................................................................1

III.  ARGUMENT .....................................................................................................4

    A.    There Is No Basis for a Turnover Order ...................................................4

          1.    Section 699.040 Does Not Apply to Third Parties...........................4

          2.    There Is No Factual Basis for a Turnover Order Pursuant to Section 708.205 ...............................................................................5

                a.    Mr. Avenatti's and Ms. Avenatti Carlin 's Fifth Amendment Assertions Are Proper ...................................5

                b.    In California, There Are No Adverse Inferences Associated with Fifth Amendment Assertions ...................................6

                c.    Plaintiff Misreads Section 708.205................................7

                d.    Section 708.180 Is Inapplicable ....................................8

                e.    The Admissible Evidence Shows that the Relevant Property Belongs to Ms. Avenatti Carlin .................................8

                     i.    The Spousal and Child Support Judgment...........................8

                     ii.    Ms. Avenatti Carlin's Artwork .........................................12

                    iii.    Ms. Avenatti Carlin's Car ................................................13

                    iv.    Ms. Avenatti's Carlin's Money.........................................13

IV.  CONCLUSION.................................................................................................14

1

## <u>TABLE OF AUTHORITIES</u>

2                                                                           **Page(s)**

3   **Cases**

4   *Evans v. Paye*,
        32 Cal. App. 4th 265 (1995) ..........................................................................8
5
    *In the Matter of Michael John Avenatti*,
6       No. 206929..........................................................................................................2

7   *Office Depot, Inc. v. Zuccarini*,
        488 F. Supp. 2d 920 (N.D. Cal. 2007) ........................................................5
8
9   *People v. Holloway*,
        33 Cal.4th 96 (2004) ......................................................................................6
10
    *Sea Foods Co., Ltd v. O.M. Foods Co., Ltd.*,
11      150 Cal. App. 4th 769 (2007) ......................................................................8

12  *Spielbauer v. County of Santa Clara*,
        45 Cal.4th 704 (2009) ....................................................................................2
13
14  *United States v. Avenatti*,
        Case No. 19 Cr. 373 (S.D.N.Y.) ..................................................................2
15
16  *United States v. Avenatti*,
        Case No. 19 Cr. 374 (S.D.N.Y) ....................................................................2
17
    *United States v. Avenatti*,
18      Case No. 19-061-JVS (C.D. Cal.) ............................................................2, 5

19  **Statutes**

20  Cal. Code Civ. Proc. § 699.040(a) ......................................................................4

21  Cal. Code Civ. Proc. § 699.040 ......................................................................4, 5

22  Cal. Code Civ. Proc. § 708.180 ............................................................................8

23  Cal. Code Civ. Proc. § 708.205 ....................................................................4, 7, 8

24  Cal. Evid. Code § 913(a)......................................................................................6

25  Cal. Fam. Code § 3900 ..........................................................................................9

26  Cal. Fam. Code § 3901 ..........................................................................................9

27

28

**Opposition to Plaintiff's Motion for a Turnover Order**

1

**Other Authorities**

2

Alan M. Ahart, *Cal. Prac. Guide: Enforcing Judgments & Debts*, § 6.1337 (Rutter
2019) ...............................................................................................................7

3

U.S. Const. amend. V............................................................................ *passim*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Opposition to Plaintiff's Motion for a Turnover Order**

1     Defendant Michael Avenatti and Third Party Christine Avenatti Carlin

2  respectfully submit this opposition to Plaintiff Jason Frank Law PLC's motion for

3  the turnover of certain property belonging to Christine Avenatti Carlin.

4  **I.   INTRODUCTION**

5     For several months, Plaintiff Jason Frank Law PLC ("Plaintiff") has elected

6  to pursue debtor's examinations of Defendant Michael Avenatti despite the fact that

7  there are three ongoing criminal matters against Mr. Avenatti that implicate the

8  same issues. Not surprisingly, Mr. Avenatti has elected to assert his right against

9  self-incrimination under the Fifth Amendment in connection with various questions

10  during the debtor's examinations that have occurred to date, as has Mr. Avenatti's

11  ex-wife, Christine Avenatti Carlin.

12     The result of Plaintiff's decision to proceed at this time as opposed to after

13  the criminal matters are concluded (all of which are currently set within the next

14  eight months) is that Plaintiff has failed to establish a right to the requested

15  turnover order. Moreover, cognizant of its failure of proof, Plaintiff improperly seeks

16  to use Mr. Avenatti's and Ms. Avenatti Carlin's invocations of the Fifth Amendment

17  against them. But under California law, no adverse inference may arise from the

18  invocation of the Fifth Amendment. In fact, the admissible evidence—Mr. Avenatti's

19  testimony, the Spousal and Child Support Judgment, and the Acknowledgement of

20  Receipt and Partial Satisfaction of Judgment—establishes that Mr. Avenatti owes a

21  significant debt to Ms. Avenatti Carlin.

22     The Court should deny the turnover order, as the only evidence in the record

23  is that the property in question belongs or was transferred to Ms. Avenatti Carlin to

24  settle part of an antecedent child-support obligation.

25  **II. BACKGROUND**

26     "The constitutional guarantee against compelled self-incrimination protects

27  an individual from being forced to testify against himself or herself in a pending

28  criminal proceeding, but it does more than that. It also privileges a person not to

1  answer official questions in any other proceeding, 'civil or criminal, formal or

2  informal,' where he or she reasonably believes the answers might incriminate him

3  or her in a criminal case." *Spielbauer v. County of Santa Clara*, 45 Cal.4th 704, 714

4  (2009). As of the date of this filing, Defendant Michael Avenatti is a criminal

5  defendant in three ongoing matters, *United States v. Avenatti*, Case No. 19 Cr. 373

6  (S.D.N.Y.), *United States v. Avenatti*, Case No. 19 Cr. 374 (S.D.N.Y), and *United*

7  *States v. Avenatti*, Case No. 19-061-JVS (C.D. Cal.). He is also a respondent in a

8  disciplinary matter before the State Bar of California, *In the Matter of Michael John*

9  *Avenatti*, No. 206929. Each of these matters involve allegations relating to his

10 financial condition, financial transactions, assets, liabilities, cash flow, accounting,

11 and banking.

12      Noting the overlap of issues between the present matter and the criminal

13 cases, and the risk of self-incrimination, the Court initially suspended Mr.

14 Avenatti's debtor's examination in its entirety. The Court then ordered the parties

15 to resume Mr. Avenatti's debtor's examination months later after Mr. Avenatti

16 submitted a declaration on August 26, 2019 in response to Plaintiff's motion for the

17 turnover of certain artwork. The Court, however, noted that Mr. Avenatti's waiver

18 of the Fifth Amendment was *limited*.

19      During the resumed debtor's examination, Mr. Avenatti asserted his Fifth

20 Amendment right against self-incrimination in response to certain questions related

21 to his finances, bank accounts, and financial transactions to the extent the privilege

22 had not been waived.

23      Plaintiff then set a debtor's examination of Christine Avenatti Carlin, Mr.

24 Avenatti's first ex-wife, who remarried 10 years ago and has been divorced from Mr.

25 Avenatti for 12 years. The application was based entirely on Jason Frank's

26 *information and belief, which in reality was nothing more than self-serving*

27 *guesses*—not facts. This is not surprising seeing as Mr. Frank does not know the

28 status of Mr. Avenatti's child support obligations, what has been paid or not, how

the original judgment has been modified over the years (which did not require court
approval or notice to the court), what monies are presently due Mr. Avenatti's
children, what health, tuition and other expenses his children have incurred, what
cases referenced in the judgment have settled and resulted in Mr. Avenatti owing
large sums to his ex-wife, and what additional support is due Ms. Avenatti Carlin
because of the *Ostler/Smith* provision in the prior judgment.[1] *See* Declaration of
Jason Frank in Support of the Examination of Third Party Christine Avenatti
Carlin at 3, ¶ 11 ("I am informed and believe that Ms. Carlin has control over the
Car, But Avenatti maintain [sic] an interest in it."); *id.* at 3, ¶ 17 ("I am informed
and believe that Avenatti is not past due on his debts to Ms. Carlin and that if she
does indeed possess or control the artwork . . . it is Avenatti who maintains an
interest in it."). Plaintiff also served document requests on Ms. Avenatti Carlin.

On November 25, 2019, the debtor's exam of Ms. Avenatti Carlin took place.[2]
During the examination, she asserted her Fifth Amendment right against self-
incrimination in response to all questions related to her dealings with Mr. Avenatti.
In fact, the only substantive question Ms. Avenatti Carlin answered was to
positively identify her signature on the Acknowledgement of Receipt and Partial
Satisfaction of Judgment that Mr. Avenatti attached as Exhibit B to his August 26
declaration. Ms. Avenatti Carlin also served written objections to document
requests on the basis of the Fifth Amendment.

---

[1] As the Court is well aware, *Ostler/Smith* requires ongoing modifications for
support depending on income without subsequent court order. Accordingly, as Mr.
Avenatti's income increased dramatically over the years since the original order, his
support obligations likewise increased.

[2] Prior to the examination, Ms. Avenatti Carlin's counsel orally requested the Court
to adjourn the examination based on Ms. Avenatti Carlin's intention to assert her
Fifth Amendment right against self-incrimination in response to all questions
related to her dealings with Mr. Avenatti. Since the Fifth Amendment is a personal
right, Mr. Avenatti's limited waiver of the Fifth Amendment of certain topics was
inapplicable to Ms. Avenatti Carlin. The Court allowed the examination to move
forward on the understanding that Ms. Avenatti Carlin must plead the Fifth
Amendment on a question-by-question basis.

1    Following the examination, Plaintiff's counsel orally moved the Court for a

2    turnover order pursuant to California Code of Civil Procedure Section 708.205. It

3    requested the turnover of three items:  (1) certain artwork belonging to Ms.

4    Avenatti Carlin; (2) a "2019 Mercedes" with the license plate 7ETG892; and (3) cash

5    proceeds in the amount of $717,723. The Court rejected Plaintiff's oral motion

6    because it stated that Plaintiff did not obtain any new evidence during Ms. Avenatti

7    Carlin's examination. The Court instructed Plaintiff to file a written motion instead,

8    which it did on December 12, 2019.

9    **III.  ARGUMENT**

10       **A.  <u>There Is No Basis for a Turnover Order</u>**

11       There is neither a procedural mechanism nor a factual basis for a turnover

12   order. The California Code of Civil Procedure prescribes two means for obtaining a

13   turnover order. First, California Code of Civil Procedure Section 699.040 states

14   that, "[T]he judgment creditor may apply to the court *ex parte*, or on noticed motion

15   if the court so directs or a court rule so requires, for an order directing the judgment

16   debtor to transfer to the levying officer … (1) Possession of the property sought to be

17   levied upon if the property is sought to be levied upon by taking it into custody."

18   Second, California Code of Civil Procedure Section 708.205 states that, "[A]t the

19   conclusion of a proceeding pursuant to this article, the court may order the

20   judgment debtor's interest in the property in the possession or under the control of

21   the judgment debtor or the third person or a debt owed by the third person to the

22   judgment debtor to be applied toward the satisfaction of the money judgment. . . ."

23   Both are inapplicable here.

24              **1.  Section 699.040 Does Not Apply to Third Parties**

25       California Code of Civil Procedure Section 699.040 is inapplicable to property

26   in the possession, custody, or control of a third person. That statute provides only

27   that a court can order "*the judgment debtor* to transfer to the levying officer"

28   property in his possession or control. Cal. Code Civ. Proc. § 699.040(a) (emphasis

– 4 –

**Opposition to Plaintiff's Motion for a Turnover Order**

1  added); *Office Depot, Inc. v. Zuccarini*, 488 F. Supp. 2d 920, 922 (N.D. Cal. 2007)

2  (holding that no authority exists under Section 699.040 "requiring third parties to

3  transfer the property sought"). Because Plaintiff seeks the turnover of property

4  purportedly in Ms. Avenatti Carlin's possession, custody, and control, Plaintiff

5  cannot rely on Section 699.040.

6        **2.**    **There Is No Factual Basis for a Turnover Order Pursuant**

7              **to Section 708.205**

8          a.  <u>Mr. Avenatti's and Ms. Avenatti Carlin's Fifth Amendment</u>

9              <u>Assertions Are Proper</u>

10      Mr. Avenatti is a criminal defendant in multiple lawsuits. Among the allegations

11  in the indictments are allegations of tax fraud, wire fraud, and bankruptcy fraud.

12  While the cases are ongoing, Mr. Avenatti has every reason to avoid self-

13  incrimination—particularly in the face of questions and documents requests that

14  seek information related to his finances and financial dealings. His Fifth Amendment

15  assertions are plainly proper.

16      Ms. Avenatti Carlin can similarly assert her Fifth Amendment right against

17  self-incrimination. Indeed, the Central District of California's criminal complaint

18  against Mr. Avenatti refers to transfers Mr. Avenatti made to Ms. Avenatti Carlin.

19  *See Avenatti*, Case No. 19-061-JVS (C.D. Cal.), Dkt. 1. at 113 ("Between 2011 and

20  2018, A&A [Avenatti & Associates] paid AVENATTI'S ex-wife, C.C [Christine

21  Carlin], approximately $979.590. The investigation has not yet identified any other

22  payments from Avenatti to C.C, which supports the inference that these payments

23  constituted either child support or alimony, or both."). Ms. Avenatti Carlin was also

24  subpoenaed to testify before the grand jury in that case. And Plaintiff's attorney

25  Andrew Stolper, a former Assistant United States Attorney, has been encouraging

26  federal prosecutors to pursue Ms. Avenatti-Carlin in an effort to intimidate and apply

27  pressure on Mr. Avenatti. This establishes that federal agents have investigated and

28  likely continue to investigate Ms. Avenatti Carlin's dealings and financial

1    transactions with Mr. Avenatti. Thus, Ms. Avenatti Carlin possesses a reasonable

2    belief that answering questions and providing documents pertaining to her financial

3    dealings with Mr. Avenatti would potentially subject her to self-incrimination—until

4    at least Mr. Avenatti's criminal cases are resolved. Ms. Avenatti Carlin was thus

5    faced with the untenable position of answering questions that she reasonably

6    believed could put her in legal jeopardy. Accordingly, Ms. Avenatti Carlin's counsel

7    advised her to assert her Fifth Amendment right.

8              b.   In California, There Are No Adverse Inferences Associated with

9                   Fifth Amendment Assertions

10   California Evidence Code Section 913(a) provides that, "If in the instant

11   proceeding … a privilege is … exercised not to testify with respect to any matter, or

12   to refuse to disclose or to prevent another from disclosing any matter, neither the

13   presiding officer nor counsel may comment thereon, no presumption shall arise

14   because of the exercise of the privilege, and the trier of fact may not draw any

15   inference therefrom as to the credibility of the witness or as to any matter at issue

16   in the proceeding. *See People v. Holloway*, 33 Cal.4th 96, 131 (2004) (holding that

17   Cal. Evid. Code § 913(a) applies to civil and criminal cases alike).

18        Plaintiff argues that if Ms. Avenatti Carlin "is legitimately the owner of the

19   Mercedes" or "if the cashier's check and artwork were, in fact, paid to satisfy an

20   actual debt owed under the Dissolution Judgment," then there would be "no real

21   danger" of incrimination. *Put differently, Plaintiff takes the remarkable position that*

22   *if Ms. Avenatti Carlin is innocent, there is no real danger of incrimination and thus*

23   *her Fifth Amendment assertion is improper*. But that argument would obliterate

24   Section 913(a). If that were the law, an adverse inference would attach with every

25   Fifth Amendment assertion. Plaintiff's position here illustrates the bigger issue

26   with Plaintiff's motion:  Rather than rely on evidence, Plaintiff would like the Court

27   to use Mr. Avenatti's and Ms. Avenatti Calin's Fifth Amendment assertions as

28   evidence against them. That is plainly improper under California law.

### c. Plaintiff Misreads Section 708.205

California Code of Civil Procedure Section 708.205 is proper when a judgment debtor has interest in property in the possession or control of a third party. If the judgment debtor does not have an interest in the property, a turnover order is inapplicable. Plaintiff states that where a plaintiff makes a *prima facie* showing that property was provided to a third-party, the burden shifts to the third-party to prove by a preponderance of the evidence that she had a good faith claim to the property. *This is nonsense*. A turnover under Section 708.205 is proper when it becomes clear at the conclusion of an examination that the judgment debtor has an interest in property in a third party's possession. Cal. Code. Civ. Proc. § 708.205; *see also* Alan M. Ahart, *Cal. Prac. Guide: Enforcing Judgments & Debts*, § 6.1337 (Rutter 2019) ("At the conclusion of the examination, the court may order that a judgment debtor's interest in nonexempt property be applied to satisfy a judgment. Such a 'turnover order' is authorized both where the debtor is examined and *where an examination of a third persons reveals* that the person possesses or controls property in which the debtor has an interest or owes over $250 to the debtor.") (emphasis added). Indeed, the Court denied Plaintiff's oral motion following Ms. Avenatti Carlin's examination because the Court properly concluded that the examination did not reveal any facts showing Mr. Avenatti had an interest in the artwork, Mercedes, and money. In fact, the Court hinted at the opposite—that the examination revealed that the money and art exclusively belonged to Ms. Avenatti Carlin.[3] The burden rests with the Plaintiff to show that the judgment debtor has an interest in the property in the third-party's possession, which Plaintiff has failed to meet.

---

[3] This is consistent with Mr. Avenatti's sworn testimony under oath in this matter regarding his current debt to Ms. Avenatti-Carlin and the express language of the Judgment.

1          d.   Section 708.180 Is Inapplicable

2          Plaintiff also relies on *Sea Foods Co., Ltd v. O.M. Foods Co., Ltd.*, 150 Cal.

3   App. 4th 769 (2007) and *Evans v. Paye*, 32 Cal. App. 4th  265, 270 (1995) to argue

4   that Ms. Avenatti Carlin failed to meet her burden that she had a good faith claim

5   to the property at issue. However, those cases consider California Code of Civil

6   Procedure Section 708.180, not Section 708.205. In fact, Section 708.205 is entirely

7   absent from *Sea Foods*. Section 708.180 states that, "[I]f a third person examined

8   pursuant to Section 708.120 claims an interest in the property adverse to the

9   judgment debtor or denies the debt, the court may, if the judgment creditor so

10  requests, determine the interests in the property or the existence of the debt." And

11  *Sea Foods* and *Evans* state that the third party must do so by a preponderance of

12  the evidence.

13         However, Ms. Avenatti Carlin did not claim an interest in the property

14  adverse to Mr. Avenatti during her examination at all; she asserted her Fifth

15  Amendment right against self-incrimination. Accordingly, Section 708.180 is

16  inapplicable. Any other holding would violate Ms. Avenatti Carlin's constitutional

17  rights by placing her in the very position the Fifth Amendment is designed to

18  prevent:  requiring Ms. Avenatti Carlin to prove her interest and risk self-

19  incrimination or remain silent and risk losing artwork, a car, and money.

20         e.   The Admissible Evidence Shows that the Relevant Property

21              Belongs to Ms. Avenatti Carlin

22         When stripped of its adverse inferences argument, Plaintiff is unable to show

23  that Mr. Avenatti has an interest in the pertinent artwork, Mercedes, and money.

24  In fact, the admissible evidence establishes that those items all belong to Ms.

25  Avenatti Carlin.

26         i.   *The Spousal and Child Support Judgment*

27         Plaintiff first argues that Mr. Avenatti is not indebted to Ms. Avenatti Carlin

28  because Ms. Avenatti Carlin's right to spousal support pursuant to their July 23,

1    2007 Spousal and Child Support Judgment ended either when she remarried in or

2    around 2009 or on December 31, 2012. In making its argument, Plaintiff relies on

3    Section IV.G of the Judgment and the absence of any modifications of the Judgment

4    *filed with the court*. However, Plaintiff ignores Mr. Avenatti's testimony that several

5    modifications have been made to the Judgment since its original filing, which by its

6    express terms, as is customary, were not required to be filed with the Court or

7    approved. Further, Plaintiff ignores virtually every other pertinent provision of the

8    Judgment.

9         First, Section IV.G applies only to spousal support payments. Even assuming

10   Plaintiff's assumption that Mr. Avenatti is no longer required to pay spousal

11   support is correct, the Judgment still requires Mr. Avenatti to pay child support.

12   Indeed, there is no provision in the Judgment that terminates Mr. Avenatti's child

13   support obligations upon Ms. Avenatti Carlin's remarriage. In fact, Mr. Avenatti is

14   obligated to pay child support until both of his children reach the age of majority.

15   *See* Cal. Fam. Code § 3900 ("[T]he father and mother of a minor child have an equal

16   responsibility to support their child in the manner suitable to the child's

17   circumstances."). And in some cases, support continues past the age of majority. *See*

18   Cal. Fam. Code Code § 3901 ("The duty of support imposed by Section 3900

19   continues as to an unmarried child who has attained 18 years of age, is a full-time

20   high school student … who is not is not self-supporting, until the time the child

21   completes the 12th grade or attains 19 years of age, whichever occurs first.").

22        The Judgment states that Mr. Avenatti and Ms. Avenatti Carlin have two

23   daughters:  Lauren Louise Avenatti (b. October 17, 2002) and Nicole Frances

24   Avenatti (b. October 28, 2004). Declaration of Jason Frank ("Frank Decl."), Ex. A at

25   7.[4] Both are still minors. Lauren will turn 18 next October and Nicole will turn 18

26   in 2022. Accordingly, Mr. Avenatti has been required to make annual and monthly

27   ――――――――――――――

28   [4] Unless stated otherwise, citations to Exhibit A to Mr. Frank's Declaration (the
     judgment) refer to the internal page number of the judgment.

**Opposition to Plaintiff's Motion for a Turnover Order**

1   child support payments since 2007. Section III.A.1. of the Judgment states that Mr.

2   Avenatti must pay $4,070 per month. *See id.* And Mr. Avenatti is also required to

3   pay yearly child support in an amount based on Mr. Avenatti's yearly income. *See*

4   *id.* at 8. Indeed, as referenced above, the amount is subject to regular *Ostler/Smith*

5   modifications, which ensure that the support obligation is modified upward with

6   Mr. Avenatti's income level.  Seeing as Mr. Avenatti's income was that of a seventh

7   year associate attorney in 2007, it is not surprising that Mr. Avenatti's child

8   support obligations have risen dramatically in the years since. But that's not all.

9   Mr. Avenatti is also required to pay at least a portion of his daughters' healthcare

10  costs, medical and dental expenses, private school costs, work-related childcare,

11  summer camps, extracurricular activities, and a life insurance policy. *See id.* at 8–

12  12. The Judgment also requires Mr. Avenatti to pay "up to and including the sum of

13  $35,000 per year for each child for four years of college" if Mr. Avenatti earned over

14  $300,000. *Id.* at 10.[5] Plaintiff's motion is silent with respect to these costs. Plaintiff

15  has not presented any evidence that Mr. Avenatti paid these amounts when due

16  and is not in arrears. Nor has it presented any evidence that Mr. Avenatti doesn't

17  owe these amounts to Ms. Avenatti Carlin.

18      What's more, although Plaintiff argues that Mr. Avenatti no longer must

19  make spousal support payments, Plaintiff does not present any evidence whatsoever

20  that Mr. Avenatti is up-to-date on payments that were required. At minimum, the

21  Judgment required that Mr. Avenatti pay Ms. Avenatti Carlin $5,350 per month in

22  support payments until December 31, 2012 or until Ms. Avenatti Carlin remarried.

23  *Id.* at 13. However, the Judgment further states that "if during any one calendar

24  year between January 1, 2007 and December 31, 2012, [Mr. Avenatti] earns in

25  excess of $5,000,000 … [Mr. Avenatti] will pay to [Ms. Avenatti Carlin] the one-time

26  sum of $500,000 designated and for spousal support." *Id.* That means that if Mr.

27  ───────────────

28  [5] Mr. Avenatti was likewise permitted to pre-pay any such costs via a 529 savings plan.

1  Avenatti made $5,000,000 in 2012, Mr. Avenatti was obligated to pay Ms. Avenatti

2  Carlin a one-time payment of $500,000. This is true even if Ms. Avenatti Carlin

3  married in 2009. Indeed, the Judgment does not provide that Mr. Avenatti's past

4  obligations to Ms. Avenatti Carlin disappear on December 31, 2012 or when she

5  remarried.

6         Moreover, Plaintiff also ignores the Judgement's treatment of Mr. Avenatti's

7  outstanding contingency cases as assets in Section VI.J. *See* Frank Decl., Ex. A at

8  21–23. The court explicitly ordered that upon settlement of these cases, referred to

9  as *Case* 1 and *Case* 2 in the Judgment, Mr. Avenatti must pay to Ms. Avenatti

10  Carlin up to and including 12% and 25% "of the total attorney fees paid," from those

11  cases, respectively. *See id.* And because the Court treated these cases as assets, Mr.

12  Avenatti was required to pay these significant amounts to Ms. Avenatti Carlin even

13  if she remarried *no matter the year in which the cases finally resolved*. As this Court

14  knows, it is not unusual for complex cases, with appeals, to last for years.

15         Finally, Plaintiff also ignores Section XX: Amendments or Modifications to

16  Judgment Post Entry. That provision states that, "Following the entry of this

17  Judgment as a Court Order any and all terms of this Judgment may be modified

18  *without Court approval* in a writing signed by the parties." *Id.* at 28 (emphasis

19  added). So, modifications of the Judgment were not required to be filed. If Ms.

20  Avenatti Carlin and Mr. Avenatti wanted to amend **any** provision of the

21  Judgement, they were only obligated to enter into an agreement between them.

22  What's more, Mr. Avenatti testified during his October 18, 2019 debtor's

23  examination that the original Judgment was "amended from time to time."

24  Declaration of Thomas D. Warren, Ex A at 45. And under these amendments, Mr.

25  Avenatti testified that he owes Ms. Avenatti Carlin "well over a couple million

26  dollars." *Id.* at 11. Earlier, Mr. Avenatti also submitted a declaration stating that he

27  had "significant arrears" and owes Ms. Avenatti Carlin "an amount far exceeding

28  $500,000." August 28, 2019 Declaration of Michael Avenatti in Support of his

– 11 –

**Opposition to Plaintiff's Motion for a Turnover Order**

1    Opposition to Plaintiff's Motion for a Turnover ("Avenatti Decl."). Plaintiff ignores

2    this evidence entirely.

3         Plaintiff does not provide any evidence of Mr. Avenatti's income from 2007 to

4    the present; Plaintiff does not provide any *Ostler / Smith* calculations showing the

5    resulting child support obligations; Plaintiff does not present any evidence showing

6    the amounts that were due under all of the provisions above, including the large

7    lump sum payment provisions for cases, income levels and the like; Plaintiff does

8    not show any evidence showing how much Mr. Avenatti actually owes Ms. Avenatti

9    Carlin in spousal or child support; Plaintiff does not present any evidence showing

10   how much Mr. Avenatti actually paid Ms. Avenatti Carlin. Accordingly, the

11   admissible evidence that Mr. Avenatti owed Ms. Avenatti Carlin well over a couple

12   million dollars remains unrebutted.[6]

13                    *ii.   Ms. Avenatti Carlin's Artwork*

14        Plaintiff claims that it is entitled to Ms. Avenatti Carlin's artwork, which Mr.

15   Avenatti transferred to her on August 20, 2019. Plaintiff is wrong because Mr.

16   Avenatti transferred his entire interest in the artwork in exchange for a $20,000

17   deduction in the amount he owes Ms. Avenatti Carlin. In support of this, Mr.

18   Avenatti submitted the Acknowledgement of Receipt and Partial Satisfaction of

19   Judgment memorializing the transfer of this art to Ms. Avenatti Carlin. *See*

20   *generally* Avenatti Decl., Ex. B. On November 25, 2019, Ms. Avenatti Carlin

21   confirmed during her examination that it was her signature on the document. The

22   Receipt confirms that Mr. Avenatti transferred "any and all right, title, and

23   possession to the art." *Id.* Plaintiff's only retort is that it believes that Mr. Avenatti

24   is not past due on spousal and child support payments. *But again, Plaintiff has not*

25   _____

26   [6] Plaintiff cannot now complain that Ms. Avenatti Carlin asserted her Fifth
     Amendment right against self-incrimination in response to questions and document

27   requests related to this issue. Despite Mr. Avenatti's and the Court's willingness to
     stay the matter until after Mr. Avenatti's criminal matters are resolved, Plaintiff

28   decided to proceed with its collection efforts at this time. In other words, Plaintiff
     made its bed and now must sleep in it—despite the dearth of evidence.

1   *provided any evidence supporting his self-serving guess*. Accordingly, Mr. Avenatti's

2   transfer of the art to Ms. Avenatti Carlin was valid. Mr. Avenatti did not retain any

3   interest in the art. The art cannot be turned over.

4                          *iii. Ms. Avenatti Carlin's Car*

5        Second, Plaintiff claims that it is entitled to Mr. Avenatti's interest in a

6   Mercedes Car, license plate number 7ETG892. In support of this request, Plaintiff

7   provides evidence purportedly showing Mr. Avenatti using the car on occasion.

8   However, Plaintiff's counsel also submitted evidence showing that Ms. Avenatti

9   Carlin is the registered owner of a 2014 Mercedes vehicle with a 7ETG892 license

10  plate number. Frank Decl. at ¶ 25, Ex. O. This unequivocally supports the fact that

11  Ms. Avenatti Carlin owns the car. Even if she has allowed Mr. Avenatti to use her

12  car, Plaintiff has not provided any evidence that Mr. Avenatti has a legal interest in

13  the car or that it was purchased with money belonging to Mr. Avenatti. Ms.

14  Avenatti-Carlin is the legal owner of the car, which was purchased with

15  approximately $50,000.00 of her own money. If she permits Mr. Avenatti to borrow

16  the car from time to time, that does not transform the car into Mr. Avenatti's

17  property any more than if Mr. Avenatti rented a car from a rental company. Put

18  simply, the evidence shows the car legally belongs to Ms. Avenatti Carlin. The

19  Court cannot issue a turnover order for Ms. Avenatti Carlin's car based on

20  Plaintiff's mere speculations and a few pictures.

21                          *iv. Ms. Avenatti's Carlin's Money*

22       Third, Plaintiff requests a turnover of cash proceeds in the amount of

23  $717,723. This is based on a $717,723.00 cashier's check that Mr. Avenatti remitted

24  to Ms. Avenatti Carlin on May 8, 2019. *See* Frank Decl., Ex. L at 182[7]. Tellingly, the

25  memo line says "per judgment," which is consistent with Mr. Avenatti's testimony

26  that he owes significant arrears to Ms. Avenatti Carlin. Again, Plaintiff's argument

27  is based exclusively on the notion, without evidence, that Mr. Avenatti is not behind

28  ─────────────────────
[7] This number refers to the internal page number of Mr. Frank's declaration.

1   on support obligations. But as stated above, Plaintiff is unable to provide any

2   factual basis in support of this argument. It also has no basis for the argument that

3   the check was not remitted to Ms. Avenatti Carlin pursuant to the judgment that

4   she has against him, as written on the check itself. Plaintiff's turnover motion thus

5   fails.

6   **IV. CONCLUSION**

7         The Court must deny Plaintiff's motion for the turnover of Ms. Avenatti

8   Carlin's property. Plaintiff has provided no evidence that Mr. Avenatti has an

9   interest in these items. The California Code of Civil Procedure does not allow for the

10   turnover of property in such cases.

11

12   Dated: December 23, 2019           Respectfully submitted,

13                                   **Pierce Bainbridge Beck Price & Hecht LLP**

14

15                                 By: _____

16

17                                   Thomas D. Warren
                                        *Attorneys for Defendant Michael*

18                                   *Avenatti and Third Party Christine Avenatti Carlin*

19

20

21

22

23

24

25

26

27

28

**Opposition to Plaintiff's Motion for a Turnover Order**

1    **PROOF OF SERVICE**

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3          I am over the age of 18 and not a party to this action.  I am employed in the

4    county where the service occurred; my business address is 355 S Grand Avenue, 44th

5    Floor, Los Angeles, California 90071.

6          On December 23, 2019, I caused to be served the following documents

7    described as:

8    **Defendant Michael Avenatti's Opposition to Plaintiff Jason Frank Law
     PLC's Motion for Order Requiring Delivery of Property Following
9    Examination of Third-Party Christine Carlin**

10   on the interested parties in this action as stated below:

11

12   **BROWNE GEORGE ROSS LLP**          **FRANK SIMS & STOLPER,**
     Eric M. George                      Scott H. Sims
     Ira Bibbero                         Andrew D. Stolper
13   Jacob S. Sarabian                   19800 MacArthur Blvd.
     2121 Avenue of the Stars, Suite 2800  Suite 855
14   Los Angeles, CA 90067               Irvine, CA 92612
     Phone: (310) 274-7100               Phone:  (949) 201-2400
15   Email: egeorge@bgfirm.com           Email:  ssims@lawfss.com
            ibibbero@bgfirm.com                 astolper@lawfss.com
16         jsarabian@bgfirm.com

17         Attorneys for Plaintiff and Creditor Jason Frank Law PLC

18   **[X] ELEECTRONIC SERVICE:** I caused the aforementioned document(s)
     to be transmitted electronically to the email addresses as stated above.
19

20         I declare under penalty of perjury under the laws of the State of

21   California that the above is true and correct.

22   Executed on December 23, 2019, at Los Angeles, California.

23

24                                         _____

25                                         Grace Chang

26

27

28

---

**Proof of Service**

# EXHIBIT 3

```
 1                SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2                   FOR THE COUNTY OF LOS ANGELES
 3
 4    DEPARTMENT 44              HON. EDWARD B. MORETON, JR., JUDGE
 5
 6    JASON FRANK LAW PLC,                )
                                          )
 7                   PLAINTIFF,           )CASE NO. BC706555
                                          )
 8          V.                            )
                                          )
 9    MICHAEL J. AVENATTI, AN INDIVIDUAL  )
                                          )
10                   DEFENDANT.           )
                                          )
11
12
13                REPORTER'S TRANSCRIPT OF PROCEEDINGS
14                    TUESDAY, JANUARY 7, 2020
15
16    APPEARANCES:
17    FOR PLAINTIFF:        FRANK, SIMS & STOLPER, LLP
                            BY:  ANDREW D. STOLPER, ESQ.
18                               JASON FRANK, ESQ.
                            19800 MACARTHUR BOULEVARD
19                          SUITE 855
                            IRVINE, CALIFORNIA  92612
20
      FOR DEFENDANT:        PIERCE, BAINBRIDGE, BECK, PRICE & HECHT,
21                          LLP
                            BY:  THOMAS D. WARREN, ESQ.
22                               DANIEL DUBIN, ESQ.
                            355 SOUTH GRAND AVENUE
23                          44TH FLOOR
                            LOS ANGELES, CALIFORNIA  90071
24
25
26
27    REPORTED BY:               ESTRELLA HERMAN, CSR NO. 13865
                                 OFFICIAL PRO TEM COURT REPORTER
28
```

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INDEX

TUESDAY, JANUARY 7, 2020


WITNESSES

NONE


EXHIBITS

NONE

1

```
 1    CASE NUMBER:            BC706555
 2    CASE NAME:              JASON FRANK LAW PLC V. MICHAEL J.
                              AVENATTI
 3
      LOS ANGELES, CALIFORNIA  TUESDAY, JANUARY 7, 2020
 4
      DEPARTMENT 44           HON. EDWARD B. MORETON, JR.
 5
      REPORTER:               ESTRELLA HERMAN, CSR NO. 13865
 6
      TIME:                   9:45 A.M.
 7
 8
 9                            -OOO-
10
11         (THE FOLLOWING PROCEEDINGS WERE HELD IN OPEN COURT.)
12       THE COURT:  ITEM NO. 9, JASON FRANK LAW PLC V. MICHAEL
13    J. AVENATTI.
14       MR. WARREN:  GOOD MORNING, YOUR HONOR.  TOM WARREN AND
15    DANIEL DUBIN ON BEHALF OF MR. AVENATTI.
16       MR. STOLPER:  GOOD MORNING, YOUR HONOR.  ANDREW STOLPER
17    AND JASON FRANK ON BEHALF OF JFL LAW.
18       THE COURT:  GOOD MORNING.
19         SO WE'RE HERE ON TWO MOTIONS IN THIS CASE BY -- BY THE
20    PLAINTIFF.  ONE, A MOTION FOR A TURNOVER ORDER AND, SECOND, A
21    MOTION TO COMPEL PRODUCTION OR, MORE PRECISELY, TO REQUIRE
22    MS. -- THE THIRD PARTY, MS. CARLIN, TO RETURN AND SUBMIT TO
23    FURTHER EXAMINATION TO FIND THAT SHE MAY NOT ASSERT THE
24    FIFTH AMENDMENT IN RESPONSE TO THE -- TO THE QUESTIONS IN SUCH
25    AN EXAMINATION AND TO ORDER -- COMPEL HER TO PRODUCE DOCUMENTS
26    IN RESPONSE TO A DOCUMENT PRODUCTION REQUEST.
27         AND THEN THE SECOND MOTION, THE HEARING ON A MOTION
28    FOR A TURNOVER ORDER, ASKS FOR AN ORDER COMPELLING MS. CARLIN
```

1   TO TURN OVER 700-SOME-ODD THOUSAND DOLLARS; A MERCEDES; AND

2   $18,000, APPROXIMATELY, WORTH OF ARTWORK.  I'M GOING TO GIVE

3   YOU MY TENTATIVE RULINGS ON BOTH.

4           FIRST OF ALL, WITH RESPECT TO THE MOTION TO COMPEL

5   PRODUCTION, MY TENTATIVE RULING IS THAT MS. CARLIN HAS SHOWN A

6   REAL RISK OR REASONABLE FEAR THAT SHE MAY INCRIMINATE HERSELF

7   IF SHE WOULD ANSWER SOME OF THE QUESTIONS.  I DON'T THINK

8   THERE'S A SUFFICIENT SHOWING THAT -- THAT EVERY QUESTION SHE

9   WOULD BE ASKED WOULD NECESSARILY QUALIFY FOR AN ASSERTION OF

10  THE FIFTH AMENDMENT PRIVILEGE.  AND THAT'S BASED, IN PART -- I

11  DROPPED MY LAST PEN.  I CAN'T SEE IT UNDER THERE.

12          DO YOU HAVE ANY OTHERS, MR. FLETES?

13      MR. WARREN:  COUNSEL WILL BE SCURRYING FOR PENS IN A

14  MINUTE.

15      THE COURT:  THAT WOULD BE MUCH APPRECIATE, BETTER THAN ME

16  CLIMBING UNDERNEATH THE DESK.  BECAUSE IT'S UNDER THERE

17  SOMEWHERE, BUT IT'S DARK AND I CAN'T SEE WHERE IT IS.

18      MR. WARREN:  YOUR HONOR, I WOULD NOTE -- I WOULD NOTE,

19  WITH THIS SIDE, WE ALSO REPRESENT MS. CARLIN IN THIS

20  PROCEEDING.

21      THE COURT:  RIGHT.  I UNDERSTAND THAT.  I GUESS YOU

22  DIDN'T SAY THAT IN YOUR APPEARANCE.

23      MR. WARREN:  I DID NOT.

24      THE COURT:  AND I THINK THIS IS WHERE I LEFT OFF.

25          WITH RESPECT TO THE MOTION TO COMPEL PRODUCTION, MY

26  TENTATIVE RULING IS TO DENY THE MOTION WITH RESPECT TO ALL OF

27  THE REQUESTS FOR PRODUCTION.  AND THAT'S NOT BECAUSE THERE ARE

28  NO DOCUMENTS THAT MS. CARLIN COULD BE REQUIRED TO PRODUCE, BUT

```
 1        THE COURT:  THERE'S DOCUMENTARY EVIDENCE AND VARIOUS
 2   THINGS.
 3        MR. WARREN:  WELL, THERE'S DOCUMENTARY, BUT LET'S TALK
 4   ABOUT WHAT THE DOCUMENTARY EVIDENCE IS.
 5         SO THE FIRST THING THAT IS -- THE FIRST THING I WANT
 6   TO NOTE IS THAT THE BASIS OF THIS MOTION IN THE FIRST INSTANCE
 7   WAS THE FOLLOWING DECLARATION OF MR. FRANK, MY COLLEAGUE TO MY
 8   RIGHT.  AND I QUOTE -- THIS IS ON PAGE 3 OF OUR OPPOSITION TO
 9   THEIR MOTION.  HE SAYS, "I AM INFORMED AND BELIEVE THAT
10   AVENATTI IS NOT PAST DUE ON HIS DEBTS TO MS. CARLIN."
11         SO THE POSITION OF MR. FRANK --
12        THE COURT:  THAT'S -- WELL, THAT'S NOT -- THAT'S NOT
13   TERRIBLY IMPORTANT TO MY TENTATIVE.
14        MR. WARREN:  WELL --
15        THE COURT:  WHAT'S IMPORTANT TO MY TENTATIVE RULING IS
16   THE EVIDENCE THAT HE EARNED THIS MONEY, EITHER IN CONNECTION
17   WITH THAT CONTINGENCY FEE MATTER OR BY SELLING ARTWORK AND THAT
18   HE IMMEDIATELY TRANSFERRED THAT MONEY TO MS. CARLIN.
19        MR. WARREN:  RIGHT.  AND TO THE EXTENT THAT THERE IS
20   EVIDENCE IN THE RECORD THAT THE TRANSFER OF THAT MONEY WAS IN
21   SATISFACTION OF AN ANTECEDENT DEBT.
22        THE COURT:  THERE'S EVIDENCE IN THE RECORD THAT HE MAY
23   HAVE AN ANTECEDENT DEBT.  THERE'S -- IT'S PLAUSIBLE THAT HE HAD
24   AN ANTECEDENT DEBT, BUT THERE'S NO EVIDENCE THAT THAT'S, IN
25   FACT, WHAT HE WAS DOING.  THERE'S ALSO NO ACTUAL EVIDENCE THAT
26   HE, IN FACT, DID HAVE AN ANTECEDENT DEBT.  THERE'S JUST A BASIS
27   FOR A SUPPOSITION THAT HE MAY HAVE HAD IT.
28        MR. WARREN:  WELL, FIRST OF ALL, HE TESTIFIED UNDER OATH
```

14

1   THAT HE HAD -- SO THERE'S DIRECT EVIDENCE IN THE RECORD THAT HE

2   WAS -- THAT HE HAD AN ANTECEDENT DEBT OF AT LEAST $2 MILLION TO

3   MS. AVENATTI CARLIN.  THERE IS ALSO EVIDENCE -- I WOULD NOTE,

4   YOUR HONOR, THAT THE GOVERNMENT IN --

5        THE COURT:  MAYBE I SHOULD SAY ASIDE FROM MR. AVENATTI'S

6   OWN SELF-SERVING STATEMENTS.

7        MR. WARREN:  WELL, YOUR HONOR, THEY'RE NOT ONLY

8   SELF-SERVING STATEMENTS, THEY ARE CORROBORATED IN MANY

9   RESPECTS.

10        FIRST OF ALL, WE HAVE A -- WE HAVE THE

11   GOVERNMENT -- THE PARTIES SUBMITTED DOCUMENTS TO THE COURT

12   YESTERDAY.  SO THE GOVERNMENT IN THE -- MR. AVENATTI IS BEING

13   PROSECUTED --

14        THE COURT:  BY THE WAY, YOU SAY THAT -- I AM NOT -- I

15   NOTICED THAT ON MY DESK THIS MORNING WAS A DECLARATION OF TOM

16   WARREN, WHICH WAS FILED YESTERDAY.  I'M NOT CONSIDERING THAT.

17        MR. WARREN:  WELL, I WANT TO BRING TO THE COURT THE

18   ATTENTION OF SOMETHING THAT WAS SUBMITTED BY THE UNITED STATES

19   GOVERNMENT AFTER OUR BRIEFS WERE SUBMITTED BECAUSE I THINK IT'S

20   RELEVANT TO THE ISSUE HERE, AND IT WAS NOT SOMETHING WE COULD

21   HAVE BRIEFED AT THE TIME THAT OUR BRIEF WAS SUBMITTED.

22        THAT IS THE GOVERNMENT IN THE NIKE CASE, WHICH

23   MR. AVENATTI'S GOING TO TRIAL ON IN A COUPLE OF WEEKS IN

24   NEW YORK, HAS MADE A -- HAS -- MR. AVENATTI MADE A MOTION TO

25   EXCLUDE FROM EVIDENCE IN THAT CASE EVIDENCE OF MOTIVE, THAT HE

26   WAS IN DEBT AND THAT HE NEEDED TO ACHIEVE WHATEVER FINANCIAL

27   RESULTS HE DID IN THAT CASE IN ORDER TO SATISFY THOSE DEBTS.

28        THE GOVERNMENT IN RESPONSE, BECAUSE THAT MOTION WAS A

1    MOTION IN LIMINE ANTICIPATING THE GOVERNMENT -- THE GOVERNMENT,

2    IN HIS PART OF THE FILING THAT YOUR HONOR HAS BACK IN THE

3    CHAMBERS, SAID THAT IT INTENDS TO PROVE AT TRIAL THAT

4    MR. AVENATTI WAS $15 MILLION, OR APPROXIMATELY, IN DEBT AND

5    THAT THAT DEBT WAS -- INCLUDED TO BOTH OF HIS FORMER WIVES.

6         THE COURT:  WHAT'S RELEVANT ABOUT ANY OF THAT?

7         MR. WARREN:  WELL, THE GOVERNMENT IS MAKING A STATEMENT

8    IN COURT THAT IT INTENDS TO PROVE AT TRIAL THAT MR. AVENATTI --

9         THE COURT:  YOU KNOW THAT'S NOT RELEVANT IN THIS CASE,

10   THAT THE GOVERNMENT SAYS THEY'RE GOING TO PROVE SOMETHING IN

11   ANOTHER CASE.  EVEN IF IT WAS IN THIS CASE, IT'S NOT RELEVANT.

12   IT'S NOT EVIDENCE, AND IT'S NOT RELEVANT THAT THEY'RE GOING TO

13   PROVE -- THAT THEY SAY THEY'RE GOING TO PROVE SOMETHING.

14        MR. WARREN:  FURTHERMORE, WE HAVE EVIDENCE IN THE RECORD

15   THAT A COURT -- AND YOUR HONOR IS AWARE THAT THERE HAS TO BE

16   ADJUSTMENTS TO CHILD SUPPORT.  THERE'S NO DISPUTE THAT

17   MR. AVENATTI AND MS. CARLIN HAVE TWO MINOR CHILDREN.

18        THE COURT:  I WASN'T AWARE OF THAT UNTIL YOU BROUGHT IT

19   TO MY ATTENTION IN YOUR PAPERS, BUT I'LL ACCEPT THAT.

20        MR. WARREN:  WELL, THERE'S NO DISPUTE ON THAT POINT.

21        THE COURT:  RIGHT.  I JUST WASN'T ALREADY AWARE OF IT.

22        MR. WARREN:  SO HE HAS TWO MINOR CHILDREN.  UNDER SMITH

23   OSTLER, THE CHILD SUPPORT IS OBLIGATED TO BE --

24        THE COURT:  RIGHT.  SO IT'S PLAUSIBLE.  I AGREE IT'S

25   PLAUSIBLE, BUT THAT'S NOT THE SAME AS SUFFICIENT PROOF TO REBUT

26   THE PRIMA FACIE SHOWING.

27        MR. WARREN:  WELL, IT'S MORE THAN PLAUSIBLE, YOUR HONOR.

28   IN FACT, IN THE -- WHILE MR. FRANK BEGAN THIS PROCEEDING BY

1  SAYING HE DID NOT BELIEVE THAT THEY WERE -- THAT MR. AVENATTI

2  WAS IN ARREARS TO MS. CARLIN, IN FACT, DOCUMENTS PAYMENTS OF

3  HUNDREDS OF THOUSANDS OF DOLLARS TO MS. CARLIN ON A YEARLY

4  BASIS OVER THE COURSE OF THIS PERIOD OF TIME, WHICH ITSELF

5  CORROBORATES THE FACT THAT THERE IS AN ONGOING DEBT.

6         NOW -- SO WE HAVE EVIDENCE IN THE RECORD OF PAYMENTS

7  TO MS. CARLIN ON A REGULAR BASIS. WE HAVE TESTIMONY FROM

8  MR. AVENATTI. YOU MAY CALL IT SELF-SERVING, BUT IT'S THE

9  TESTIMONY OF MR. AVENATTI THAT IS UNREBUTTED THAT HE OWES IN

10 EXCESS OF $2 MILLION. THERE IS NO EVIDENCE IN THE RECORD THAT

11 HE DOES NOT OWE THAT MONEY.

12     THE COURT: IS THERE ANY TESTIMONY IN THE RECORD THAT

13 THAT PAYMENT OF -- I FORGET EXACTLY HOW MUCH IT WAS -- SOME

14 AMOUNT LESS THAN THAT MILLION DOLLARS WAS IN PAYMENT OF A

15 PRE-EXISTING DEBT?

16     MR. WARREN: YEAH. THAT WAS WRITTEN ON THE CHECK.

17     THE COURT: NO. YOU MEAN BECAUSE IT SAYS "JUDGMENT"?

18     MR. WARREN: UH-HUH.

19     THE COURT: WELL, I THINK IT'S MORE THAN EQUALLY POSSIBLE

20 THAT THAT'S BECAUSE THAT PAYMENT IS AS A RESULT OF A JUDGMENT

21 IN THAT CASE, NOT SOME REFERENCE TO A DOMESTIC CASE.

22     MR. WARREN: SO THIS IS THE EVIDENCE WE HAVE. WE HAVE

23 EVIDENCE IN THE RECORD OF A CHILD SUPPORT OBLIGATION. WE HAVE

24 EVIDENCE IN THE RECORD THAT THE JUDGMENT IN THAT CASE, IT

25 INCLUDED A REQUIREMENT THAT PAYMENTS BE MADE TO MS. CARLIN UPON

26 THE SETTLEMENT OF CONTINGENT FEE CASES. WE HAVE --

27     THE COURT: WHAT'S THAT EVIDENCE?

28     MR. WARREN: YOUR HONOR, A MOMENT WHILE I PULL IT.

39

1  LEGITIMATE PROCEEDS OF THE SALE.  WHAT'S WRONG WITH JUST DOING

2  IT THAT WAY?

3        MR. STOLPER:  THAT'S FINE WITH US, YOUR HONOR.

4        THE COURT:  ANYTHING ELSE YOU WANT TO SAY ON THAT?

5        MR. WARREN:  NO, YOUR HONOR.

6        THE COURT:  AND MY UNDERSTANDING -- I'M GOING TO CHANGE

7  THAT TO "OR THE PROCEEDS FROM THE DISPOSITION OF THE ARTWORK."

8           AND I'M TELLING YOU ALL, AND IT'S ON THE RECORD, THAT

9  THAT'S -- MY UNDERSTANDING WOULD BE THAT WOULD BE A GOOD

10 FAITH --

11       MR. STOLPER:  ARM'S LENGTH TRANSACTION.

12       THE COURT:  -- ARM'S LENGTH -- PROCEEDS OF A GOOD FAITH

13 ARM'S LENGTH TRANSACTION.

14          OKAY.  I ALSO CHANGED, IN PARAGRAPH 3, FROM FIVE TO

15 SEVEN.  YOU DID IT ABOVE, BUT NOT -- YOU DID IT IN 1 BUT NOT IN

16 3.

17       MR. STOLPER:  YES, YOUR HONOR.

18       THE COURT:  SO JUST TO BE CONSISTENT.

19          SO I'M NOW -- WITH THOSE CHANGES, I AM SIGNING AND

20 ISSUING THE ORDER.

21          OKAY.  SO THANK YOU ALL FOR YOUR VIGOROUS ARGUMENTS,

22 BOTH WRITTEN AND ORAL, AND AN INTERESTING -- SOME INTERESTING

23 ISSUES.  AND THEN I'LL STILL BE EXPECTING A PROPOSED ORDER

24 FROM -- FROM MS. CARLIN WITH RESPECT TO THE MOTION TO COMPEL.

25       MR. STOLPER:  THANK YOU, YOUR HONOR.

26       MR. FRANK:  THANK YOU, YOUR HONOR.

27          (WHEREUPON, THE PROCEEDINGS CONCLUDED AT 10:46 A.M.)

28                          -oOo-

```
 1              SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2                  FOR THE COUNTY OF LOS ANGELES
 3
 4    DEPARTMENT 44              HON. EDWARD B. MORETON, JR., JUDGE
 5
 6    JASON FRANK LAW PLC,                )
                                          )
 7                   PLAINTIFF,           )CASE NO. BC706555
                                          )
 8         V.                             )REPORTER'S
                                          )CERTIFICATE
 9    MICHAEL J. AVENATTI, AN INDIVIDUAL  )
                                          )
10                   DEFENDANT.           )
                                          )
11
12
13              I, ESTRELLA HERMAN, OFFICIAL PRO TEM REPORTER OF THE
14    SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY OF
15    LOS ANGELES, DO HEREBY CERTIFY THAT THE FOREGOING PAGES, 1
16    THROUGH 39, COMPRISE A TRUE AND CORRECT TRANSCRIPT OF THE
17    PROCEEDINGS TAKEN IN THE ABOVE-ENTITLED MATTER REPORTED BY ME
18    ON JANUARY 7, 2020.
19    DATED:  JANUARY 9, 2020
20
21
22
23
24    _____
                ESTRELLA HERMAN, CSR
25          OFFICIAL PRO TEM COURT REPORTER
                   CSR NO. 13865
26
27
28
```

# EXHIBIT 4

1  BROWNE GEORGE ROSS LLP
   Eric M. George (State Bar No. 166403)
2      egeorge@bgrfirm.com
   Ira Bibbero (State Bar No. 217518)
3      ibibbero@bgrfirm.com
   Jacob S. Sarabian (State Bar No. 322108)
4      jsarabian@bgrfirm.com
   2121 Avenue of the Stars, Suite 2800
5  Los Angeles, California 90067
   Telephone: (310) 274-7100
6  Facsimile: (310) 275-5697

7  FRANK SIMS & STOLPER, LLP
   Scott H. Sims (SBN 234148)
8      ssims@lawfss.com
   Andrew D. Stolper (SBN 205462)
9      astolper@lawfss.com
   19800 MacArthur Blvd., Suite 855
10 Irvine, CA  92612
   Telephone (949) 201-2400
11 Facsimile:  (949) 201-2405

12 Attorneys for Plaintiff Jason Frank Law PLC

13

14             SUPERIOR COURT OF THE STATE OF CALIFORNIA

15             COUNTY OF LOS ANGELES – CENTRAL DISTRICT

16

17 JASON FRANK LAW PLC, a professional      Case No. BC706555
   law corporation,                         [Hon. Dennis J. Landin, Dept. 51]
18
                Plaintiff,                   **NOTICE OF RULING ON MOTION FOR**
19                                           **ORDER REQUIRING DELIVERY OF**
        vs.                                  **PROPERTY FOLLOWING**
20                                           **EXAMINATION OF THIRD-PARTY**
   MICHAEL J. AVENATTI, an individual        **CHRISTINE CARLIN**
21
                Defendant.                   Date: January 7, 2020
22                                           Time: 9:30 a.m.
                                             Judge: Hon. Edward B. Moreton
23                                           Dept.: 44

24                                           Action Filed:      5/16/2018
                                             Trial Date:        None Set
25

26

27

28

   1401750.1

              NOTICE OF RULING ON TURNOVER MOTION

1   TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

2       PLEASE TAKE NOTICE that the motion of Plaintiff Jason Frank Law, PLC ("Plaintiff")

3   for an Order Requiring Delivery of Property After Examination of Third-Party Christine Avenatti-

4   Carlin ("Carlin") (the "Motion") came on regularly for hearing on January 7, 2020 at 9:30 a.m. in

5   Department 44 of the above referenced Court, the Honorable Edward B. Moreton presiding.

6   Appearances are as noted in record.

7       PLEASE TAKE FURTHER NOTICE that upon review of parties' supporting and

8   opposing documents, the pleadings and papers filed in this action, and any arguments of counsel

9   presented at the hearing on the motion, the Court issued a final ruling granting the Motion as

10  follows.

11      Carlin shall deliver:

12  1.      Cash in the amount of $717,723.00 to Plaintiff's counsel of record, Andrew

13  Stolper, at his business address of 19800 MacArthur Blvd., #855, Irvine, CA 92612, within seven

14  (7) days of entry of the Order;

15  2.      The artwork, or the proceeds of a good faith arm's length transaction from the

16  disposition of the artwork, purchased by judgment debtor Michael Avenatti ("Avenatti") on

17  August 20, 2019 to be delivered through the Los Angeles County Sheriff's Office, Civil Division,

18  Room 525 of this Courthouse within seven (7) days of entry of the Order. The specific pieces of

19  artwork to be delivered are as follows:

| |
|---|
| SEO YOUNG DEOK, Anguish 23 30X30X50 METAL CHAIN SCULPTURE w/ pedestal |
| Sculpture "Meditation 2" , metal chain by Seo Young-Deok in commissione |
| Antonio Sannino, BATMAN MULTIPLE PROJECT 1 140x185 dipinto tecnica mista su tela - **Bar Code No. 193-10225** |
| Antonio Sannino, BATMAN MULTIPLE PROJECT 2 140x185 dipinto tecnica mista su tela - **Bar Code No. 193-10225** |
| Antonio Sannino, BATMAN MULTIPLE PROJECT 3 140x185 dipinto tecnica mista su tela - **Bar Code No. 193-10225** |
| Dipinto contemporaneo olio su tela di 185x150 "Undressed 88" - **Bar Code No. 193-10217** |

| |
|---|
| fingerprint of gold leaf on black - **Bar Code No. 193-10227** |
| fingerprint of gold text on red - **Bar Code No. 193-10228** |
| Escape III - **Bar Code No. 193-10223** |
| Escape IV - **Bar Code No. 193-10225** |
| Landscape 3 - **Bar Code No. 193-10224** |
| b/w photo of stone bridge - **Bar Code No. 193-10221** |
| Sous la jupe - **Bar Code No. 193-10222** |
| b/w photo of racecar, custom gift - **Bar Code No. 193-10226** |

A minute order from the Motion is attached hereto as Exhibit A.

Dated: January 14, 2020

BROWNE GEORGE ROSS LLP
Eric M. George
Ira Bibbero
Jacob Sarabian

By: _____
Jacob S. Sarabian
Attorneys for Plaintiff Jason Frank Law PLC

# EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 44

**BC706555**                                                    January 7, 2020
**JASON FRANK LAW PLC VS MICHAEL J AVENATTI**                    9:30 AM

Judge: Honorable Edward B. Moreton          CSR: Estrella Herman, CSR13865
Judicial Assistant: J. Fletes               ERM: None
Courtroom Assistant: S. Brown               Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): PLC Jason Frank Law by Andrew D. Stolper and Jason M. Frank

For Defendant(s): Michael J. Avenatti by Daniel Dubin and Thomas D. Warren

**NATURE OF PROCEEDINGS:** Hearing on Motion - Other Turnover Order; Hearing on Motion to Compel Production

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956, Estrella Herman, CSR#13865, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

The matter is called for hearing.

Motion for turnover order is heard, argued, and granted as to cash only, not vehicle.

The Court orders property to be turned over in seven days.

Order granting motion for order requiring delivery of property is signed and filed as modified.

Motion to Compel production is denied as to all.

Counsel to submit a new proposed order.

Minute Order                                                    Page 1 of 1

-5-

**PROOF OF SERVICE**

**Jason Frank Law, PLC v. Michael J. Avenatti**
**Los Angeles County Superior Court Case No. BC706555**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 2121 Avenue of the Stars, Suite 2800, Los Angeles, CA 90067.

On January 14, 2020, I served true copies of the following document(s) described as **NOTICE OF RULING ON MOTION FOR ORDER REQUIRING DELIVERY OF PROPERTY FOLLOWING EXAMINATION OF THIRD-PARTY CHRISTINE CARLIN** on the interested parties in this action as follows:

| | |
|---|---|
| Thomas D. Warren, Esq.<br>Daniel Dubin, Esq.<br>Pierce Bainbridge Beck Price & Hecht LLP<br>355 South Grand Avenue, 44th Floor<br>Los Angeles, California 90071<br>Telephone:  (213) 262-0333<br>email:  twarren@piercebainbridge.com<br>ddubin@piercebainbridge.com | Counsel for Michael J. Avenatti |

**BY OVERNIGHT DELIVERY:**  I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 14, 2020, at Los Angeles, California.

_Angelina Caviles_
Angelina Caviles

1   BROWNE GEORGE ROSS LLP
    Eric M. George (State Bar No. 166403)
2   egeorge@bgrfirm.com
    Ira Bibbero (State Bar No. 217518)
3   ibibbero@bgrfirm.com
    Jacob S. Sarabian (State Bar No. 322108)
4   jsarabian@bgrfirm.com
    2121 Avenue of the Stars, Suite 2800
5   Los Angeles, California 90067
    Telephone: (310) 274-7100
6   Facsimile: (310) 275-5697

7   FRANK SIMS & STOLPER, LLP
    Andrew D. Stolper (SBN 205462)
8   astolper@lawfss.com
    19800 MacArthur Blvd., Suite 855
9   Irvine, CA 92612
    Telephone (949) 201-2400
10  Facsimile (949) 201-2405

11  Attorneys for Plaintiff Jason Frank Law PLC

12

13              SUPERIOR COURT OF THE STATE OF CALIFORNIA

14              COUNTY OF LOS ANGELES – CENTRAL DISTRICT

15

16  JASON FRANK LAW PLC, a professional        Case No. BC706555
    law corporation,                           [Hon. Dennis J. Landin, Dept. 51]
17
                    Plaintiff,                  Reservation ID: 495633553918
18
            vs.                                 [PROPOSED] ORDER GRANTING
19                                              PLAINTIFF JASON FRANK LAW PLC'S
    MICHAEL J. AVENATTI, an individual          MOTION FOR ORDER REQUIRING
20                                              DELIVERY OF PROPERTY
                    Defendant.                  FOLLOWING EXAMINATION OF
21                                              THIRD-PARTY CHRISTINE CARLIN
                                                [CODE OF CIV. PROC. §708.205]
22
                                                Date:     January 7, 2020
23                                              Time:     9:30 a.m.
                                                Judge:    Hon. Edward B. Moreton
24                                              Dept.:    44
25                                              Action Filed:   May 16, 2018
                                                Trial Date:     None Set
26

27

28

FILED
Superior Court of California
County of Los Angeles

JAN 07 2020

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
        Javier Fletes

                                        1

1   The motion of Plaintiff Jason Frank Law, PLC ("Plaintiff") for an order requiring delivery

2   of property after examination of third-party Christine Avenatti-Carlin ("Carlin") came for a hearing

3   on January 7, 2020, on regular notice.  Appearances are as noted in the record.  Having considered

4   the parties' supporting and opposing documents, the pleadings and papers filed in this action, and

5   any arguments of counsel presented at the hearing on the motion,

6       **IT IS ORDERED** that Carlin shall immediately deliver:

7       1)      Cash ~~proceeds~~ in the amount of $717,723.00 to Plaintiff's counsel of record, Andrew

8   Stolper, at his business address of 19800 MacArthur Blvd #855, Irvine, CA 92612, within ~~five (5)~~ *seven 7*

9   days of entry of this Order;

10      2)      The Mercedes S550, Vehicle No. WDDUG8CB8EA00895, ~~License No. 7ETG892~~,

11  including title and any other ownership ~~documents, to be~~ delivered through the Los Angeles County

12  Sheriff's Office, Civil Division, Room 525 of this Courthouse within ~~five (5) days of entry of~~ this

13  Order; *or any cash ~~equivalent~~ from the disposition of the Artworks*

14      3)      The artwork purchased by judgment debtor Michael Avenatti ("Avenatti") on August

15  20, 2019 to be delivered through the Los Angeles County Sheriff's Office, Civil Division, Room

16  525 of this Courthouse within ~~five (5)~~ *(seven (7))* days of entry of this Order.  The specific pieces of artwork to

17  be delivered are as follows:

| |
|---|
| SEO YOUNG DEOK, Anguish 23 30X30X50 METAL CHAIN SCULPTURE w/ pedestal |
| Sculpture "Meditation 2" , metal chain by Seo Young-Deok In commissione |
| Antonio Sannino, BATMAN MULTIPLE PROJECT 1 140x185 dipinto tecnica mista su tela - **Bar Code No. 193-10225** |
| Antonio Sannino, BATMAN MULTIPLE PROJECT 2 140x185 dipinto tecnica mista su tela - **Bar Code No. 193-10225** |
| Antonio Sannino, BATMAN MULTIPLE PROJECT 3 140x185 dipinto tecnica mista su tela - **Bar Code No. 193-10225** |
| Dipinto contemporaneo olio su tela di 185x150 "Undressed 88" - **Bar Code No. 193-10217** |
| fingerprint of gold leaf on black - **Bar Code No. 193-10227** |
| fingerprint of gold text on red  - **Bar Code No. 193-10228** |
| Escape III - **Bar Code No. 193-10223** |
| Escape IV - **Bar Code No. 193-10225** |

2

| | |
|---|---|
| Landscape 3 - **Bar Code No. 193-10224** | |
| b/w photo of stone bridge - **Bar Code No. 193-10221** | |
| Sous la Jupe - **Bar Code No. 193-10222** | |
| b/w photo of racecar, custom gift - **Bar Code No. 193-10226** | |

**NOTICE IS HEREBY GIVEN** that failure to comply with this order may subject Christine Avenatti-Carlin to arrest and punishment for Contempt of Court.

DATED:   January **7**, 2020

_____
HON. EDWARD B. MORETON, JR.
Judge of the Superior Court

Prepared by Browne George Ross LLP
and Frank Sims & Stolper, LLC,
attorneys for Jason Frank Law PLC

3

[PROPOSED] ORDER GRANTING MOTION FOR DELIVERY OF PROPERTY RE: CHRISTINE CARLIN