TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
        1100 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-2435
        Facsimile: (213) 894-6269
        Email:    Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
        Ronald Reagan Federal Building
        411 West Fourth Street, Suite 8000
        Santa Ana, California 92701
        Telephone: (714) 338-3598
        Facsimile: (714) 338-3708
        Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                   UNITED STATES DISTRICT COURT

                  FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,            No. SA CR 19-061-JVS

            Plaintiff,               GOVERNMENT'S RESPONSE TO
                                     DEFENDANT'S BRIEF AND PROFFER IN
                 v.                  SUPPORT OF BAIL (CR 465)

MICHAEL JOHN AVENATTI,

            Defendant.


        Plaintiff United States of America, by and through its counsel
of record, the Acting United States Attorney for the Central District
of California and Assistant United States Attorneys Brett A. Sagel
and Alexander C.K. Wyman, hereby files its Response to defendant
MICHAEL JOHN AVENATTI's Brief and Proffer in Support of Bail (CR
465).

1      This Response is based upon the attached memorandum of points

2  and authorities, the files and records in this case, and such further

3  evidence and argument as the Court may permit.

4  Dated: May 26, 2021                    Respectfully submitted,

5                                         TRACY L. WILKISON
                                          Acting United States Attorney
6
                                          SCOTT M. GARRINGER
7                                         Assistant United States Attorney
                                          Chief, Criminal Division
8

9                                              /s/
                                          _____
                                          BRETT A. SAGEL
10                                        ALEXANDER C.K. WYMAN
                                          Assistant United States Attorneys
11
                                          Attorneys for Plaintiff
12                                        UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3      Sixteen months after the Court revoked defendant's bail (CR 83)

4  and over a year after the Court granted defendant's temporary release

5  (CR 140), on May 7, 2021, defendant filed his motion to reopen his

6  January 15, 2020, bail hearing (CR 448).  The government opposed the

7  motion (CR 459), and at the May 17, 2021, status conference, at

8  defendant's request, the Court continued the hearing on defendant's

9  motion until Monday, May 24, 2021, to allow defendant to file a

10  reply.  (CR 461.)  Defendant filed his reply on May 18, 2021.  (CR

11  462.)  On Friday, May 21, 2021, defendant filed the present brief and

12  proffer in support of bail "in anticipation of the Court granting

13  defendant's motion to reopen the detention hearing."  (CR 465 at

14  Cover; see also id. at 1 ("in the event this Court grants defendant's

15  pending motion to reopen detention hearing and reopens the

16  hearing").)  In response to defendant's filing on the eve of the

17  hearing to address the motion, the Court continued the hearing and

18  directed the government to respond to defendant's filing.  (CR 467.)

19      At best, defendant's latest filing is premature -- and the Court

20  can strike it for this reason.  At its core, however, defendant's

21  latest filing incorrectly states the law, ignores the facts of this

22  case, and relies upon misleading and irrelevant facts.  For the

23  reasons stated in the government's opposition (CR 459), the Court

24  should deny defendant's request to reopen the revocation hearing and

25  nothing in the current brief changes anything.

26

27

28

1  **II.  ARGUMENT**

2       Even though defendant's filing acknowledges that it is entirely

3  premature and is only relevant if the Court grants defendant's motion

4  to reopen, the government will briefly respond to show that

5  defendant's legal and factual claims do not support defendant's

6  request for "permanent bail" in this matter.[1]

7       **A.  Defendant Incorrectly States the Applicable Law**

8       Copying nearly the identical arguments and citations from his

9  initial motion (compare CR 465 at 1-3 with CR 448 at 20-22),

10 defendant wrongly cites the law and standards for the Court to apply

11 in determining whether to grant bail to defendant.  First, as he did

12 in his motion to reopen, defendant completely ignores this Court's

13 prior findings:

> The Court has not lost sight and neither should the parties
> of this Court's finding, and the Ninth Circuit's
> affirmance, that Avenatti is a danger to the community.
> United States v. Avenatti, United States Circuit Court of
> Appeals for the Ninth Circuit, No. 20-50017, Mar. 6, 2020,
> p. 2. That remains the case, and requires the Court to
> craft specific, considered and adequate terms for any
> release under Section 3142(i).

14

15

16

17

18

19 (CR 128 at 2; see also CR 140 ¶ 26 ("This Order does not withdraw, is

20 not in derogation of, and does not conflict with this Court's prior

21 finding, and the Ninth Circuit's affirmance of this Court's finding,

22 that there is probable cause to believe that defendant committed

23 state and federal crimes while on pretrial release, that defendant is

24 a danger to the community, and that defendant failed to rebut the

25

26       [1] The government will not respond to each of defendant's legal
   and factual claims he makes in the present filing.  The government
27 reserves the right to respond to any claims and present law and
   evidence to the Court if the Court reopens defendant's bail hearing.
28 The government's election not to respond to defendant's premature
   claims should not be interpreted as an agreement with them.

1   presumption that no conditions or combination of conditions will

2   assure the safety of the community. <u>See</u> <u>United States v. Avenatti</u>,

3   C.A. No. 20-50017 (9th Cir. Mar. 6, 2020).")  By ignoring the

4   Court's prior findings, defendant attempts to claim the Court should

5   only look at Section 3142 in determining whether the Court should

6   release defendant on bail.  (CR 465 at 1-5.)

7       This Court, however, has already determined that there is

8   probable cause to believe defendant committed felony offenses while

9   on release, therefore, Section 3148(b) is the applicable section to

10   determine whether the Court should grant bail.  Specifically, upon

11   the Court's findings, there is a rebuttable presumption that

12   defendant poses a danger to the community.  As detailed in the motion

13   to revoke defendant's bail (CR 98 at 45-47), defendant has engaged in

14   an extensive pattern of criminal conduct since as early as 2011 and

15   continued his criminal conduct until 2020.[2]  The Court specifically

16   held that defendant did not rebut the presumption and stated, "I

17   believe that the danger to the community is real and palpable and

18   required that he be remanded."  (1/15/20 RT 37.)  Defendant could not

19   then, and he cannot now, rebut the presumption that he is an ongoing

20   danger to the community, and nothing in defendant's newly proffered

21   facts changes this.

22       Next, defendant's reliance on <u>United States v. Twine</u>, 344 F.3d

23   987 (9th Cir. 2003), is misplaced.  First, as stated above, because

24   of the Court's prior findings, Section 3148(b) applies in determining

25

26       [2] As previously noted, defendant's criminal conduct continued up
    to the day of his arrest on January 14, 2020, when he wrote a $20,000
27   check from his Southland Credit Union account to his lawyers in the
    State Bar disciplinary proceedings, despite the fact that this bank
28   account had a balance of $0.62 at the time and did not have more than
    $10 in it for a month.  (CR 120 at 17.)

                                    3

1    whether to grant defendant bail, which was not the case in <u>Twine</u>,

2    where the court was determining the defendant's bail at his initial

3    hearing under Section 3142 without any presumptions.  <u>Id.</u> at 987-88.

4    Second, defendant misconstrues both <u>Twine</u> and the requirements under

5    Section 3142(f)(2) in claiming that danger to the community alone

6    cannot support detention under the Bail Reform Act.  Regardless, the

7    government has satisfied the requirements under both.

8         Preliminarily, under the Bail Reform Act a detention hearing is

9    appropriate if either the government or the court believes that the

10   case "involves . . . a serious risk that such person will flee."  18

11   U.S.C. § 3142(f)(2)(A).  There is little case law within the Ninth

12   Circuit about the burden the government must meet in order to

13   establish its entitlement to a detention hearing under 18 U.S.C.

14   § 3142(f)(2)(A).  However, as one district court within the Ninth

15   Circuit has persuasively observed, "[b]ecause of the immediacy with

16   which the [detention] hearing should happen, the government or Court

17   need only express their belief that the defendant poses a serious

18   risk of flight for the hearing to commence."  <u>United States v. White</u>,

19   2018 WL 5291989, at *4 (N.D. Cal. Oct. 19, 2018).  Moreover, because

20   the standard of proof to <u>detain</u> a defendant based on risk of non-

21   appearance is by a preponderance of evidence, <u>see</u> <u>United States v.</u>

22   <u>Motamedi</u>, 767 F.2d 1403, 1406 (9th Cir. 1985), it follows that the

23   standard of proof to demonstrate the government's entitlement to a

24   hearing based on flight risk must necessarily be lower than a

25   preponderance.  In sum, "the belief that entitles the government to

26   the detention hearing is ultimately a very low threshold."  <u>White</u>,

27   2018 WL 5291989, at *4.

28

4

Once the government satisfies this low threshold of articulating a belief that defendant poses a serious risk of flight, the court must hold a detention hearing.  18 U.S.C. § 3142(f)(2)(A).  At the hearing, detention is appropriate where a defendant is either a danger to the community or a risk of non-appearance; it is not necessary to prove both.  Motamedi, 767 F.2d at 1406.  A finding that a defendant is a danger to the community must be supported by clear and convincing evidence.  18 U.S.C. § 3142(f).  A finding that a defendant is a risk of non-appearance need only be supported by a preponderance of the evidence.  Motamedi, 767 F.2d at 1406-07.  The court may consider a number of factors, including the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant (including criminal history), and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g).

Defendant maintains that "[i]n over two years, the government has never argued in any of Mr. Avenatti's three cases that he is a flight risk."  (CR 465 at 11.)  This is demonstrably false.  From the start of this case (CR 4), in the government's motion to revoke defendant's bond (CR 98 at 44 n.26), and in opposing defendant's reconsideration of his bail pending trial (CR 120 at 15), the government has consistently and repeatedly claimed defendant is a serious risk of flight.  Defendant remains so today.

The advisory sentencing guideline range on the client counts alone in this case if defendant is convicted after his July 13, 2021,

1   trial is approximately 210 to 262 months' imprisonment.[3]   Moreover,

2   defendant's advisory sentencing guideline range for the extortion-

3   related charges to which defendant has already been found guilty is

4   approximately 135 to 168 months.   As defendant has consistently

5   complained about his three months of incarceration as well as the

6   conditions during his time on home confinement, the Court can easily

7   infer that defendant is a serious flight risk to avoid returning to

8   complete his period(s) of incarceration.   The government continues to

9   believe -- as should the Court -- that defendant is a serious risk of

10  flight.[4]

11      **B.   Defendant's Proffered Facts Do Not Support Bail**

12      Defendant repeats many of the same proffered facts he included

13  in his motion to reopen bail and his reply in support of his motion

14  (CR 448, 462) and adds additional unsupported facts that provide no

15  further basis for bail.   The government will respond to defendant's

16  proffer and/or provide evidence to the Court, if the Court reopens

17  defendant's January 15, 2020, hearing or seeks such information from

18  the government.   The government will briefly respond to a couple

19  points that undermine defendant's claims.

20      First, defendant focuses only on his conduct and purported

21  compliance during the last year to support his claim that there are

22

23      [3] This advisory sentencing guideline range does <u>not</u> include
    enhancements related to evidence to be presented at a severed trial

24  on Counts 11 through 36 or the two-year mandatory consecutive
    sentence if defendant is convicted on Count 32.

25      [4] Relying primarily on <u>United States v. Torres</u>, No 21-50006,
    2021 WL 1589361 (9th Cir. Apr. 23, 2021), defendant again frivolously

26  asserts that the Right to Due Process provides him a legal basis for
    bail.   (CR 465 at 6, 17.)   Even if defendant were detained pretrial

27  -- which he is <u>not</u> -- <u>Torres</u> provides no relief to defendant.   2021
    WL 1589361, at *2 (finding no Speedy Trial rights or Due Process

28  rights violated where the defendant had been detained for eighteen
    months without a trial due, in part, to COVID-19).

                                      6

1   conditions upon which he can be released on bail.  This Court's

2   analysis is not limited to the timeframe defendant wants.  Moreover,

3   in making this argument defendant basically concedes that the

4   conditions this Court imposed in granting defendant a temporary

5   release are the conditions necessary to be imposed to ensure

6   defendant's compliance.  Second, defendant falsely states that

7   Pretrial Services recommends that defendant "be granted permanent

8   bond."  (CR 465 at 8.)  As the Court can see for itself, Pretrial

9   Services simply recommends that defendant's "current, temporary bond

10  should remain in effect on a permanent status."  (May 17, 2021 PTS

11  Report at 3 (emphasis added).)[5]

12      Third, defendant again argues at length that his circumstances

13  now are different from when the Court detained defendant in January

14  2020 because defendant lacks assets and income and cannot be a danger

15  to the community.  (CR 465 at 12-16.)  Defendant is wrong.  Defendant

16  is and was an economic danger both when he had money and when he did

17  not.  As the evidence that led to his convictions in the Southern

18  District of New York showed, defendant committed his criminal conduct

19  when he lacked financial resources.  Contrary to defendant's

20  assertions (id. at 15), his economic danger to the community goes

21  beyond simply hiding assets from creditors.

22      Finally, defendant's proposed conditions of release do not

23  require defendant to live with a custodian and defendant curiously

24

25  ───────────────────

26  [5] And "on a permanent status" presumably means until the trial's
    conclusion.  The report inaccurately relays the government's
    position, namely, the government simply told the Officer that as the
27  Court had stated that it would extend defendant's temporary release
    until trial, which the government would not oppose, the motion was a
28  waste of time.  For purposes of defendant's motion and the current
    filing, the statement attributed to the government is immaterial.

omits where he would live -- or how he would pay for such living arrangements -- if granted the relief he seeks.  This is just one of many reasons defendant's proffer is lacking.[6]

**III.  CONCLUSION**

    For the reasons stated in its previously filed opposition (CR 459), the government respectfully requests that this Court deny defendant's motion to reopen his bail hearing in its entirety.

---

[6] Defendant also claims the Court should grant him bail to allow him to assist in his defense.  Defendant does not cite to one thing -- as he cannot -- that is currently preventing him from assisting his counsel in preparation for trial.