TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     Email:     Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:     Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 19-061-JVS |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT BUSINESS RECORDS UNDER THE SELF-AUTHENTICATION PROVISION OF FEDERAL RULE OF EVIDENCE 902(11); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ALEXANDER C.K. WYMAN, EXHIBITS A-B |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |
| | Hearing Date: June 28, 2021 |
| | Hearing Time: 8:00 AM |
| | Location:     Courtroom of the Hon. James V. Selna |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby files its Motion in Limine to Admit

Business Records Under the Self-Authentication Provision of Federal Rule of Evidence 902(11).

This Motion is based upon the attached memorandum of points and authorities, the Declaration of Alexander C.K. Wyman and the accompanying exhibits, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 31, 2021               Respectfully submitted,

                                  TRACY L. WILKISON
                                  Acting United States Attorney

                                  SCOTT M. GARRINGER
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                        /s/
                                  BRETT A. SAGEL
                                  ALEXANDER C.K. WYMAN
                                  Assistant United States Attorneys

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Between 2015 and 2019, defendant MICHAEL JOHN AVENATTI defrauded his former clients by embezzling settlement funds totaling millions of dollars.  For his actions, he has been charged with ten counts of wire fraud, and his trial on these counts begins on July 13, 2021.  A significant portion of the government's anticipated evidence at trial is composed of business records that the government obtained from third parties over the course of its investigation.  The government has provided defendant with detailed notice of the records it may seek to introduce at trial, identifying for defendant the bates ranges of those documents (all of which have long since been produced in discovery) and the corresponding declarations from custodians of records.  (Declaration of Alexander C.K. Wyman ¶ 2, Ex. A.)  In doing so, the government requested defendant's position on the admissibility of these documents (with the exception of objections for relevance).  (Id. Ex. A at 10.)  Defendant has indicated that he opposes this motion.  (Id. ¶ 4, Ex. B.)

To streamline what will already be a lengthy trial, the government seeks a pretrial order from the Court that these business records are admissible under Rule 902(11) and may, if also admissible under Rules 401 and 403, be admitted at trial without the government needing to call custodians of records to authenticate the exhibits.

**II.   ARGUMENT**

**A.   Self-Authenticating Business Records**

Rule 902(11) permits the admission of self-authenticating business records.  Specifically, the Rule dictates that certified domestic records of a regularly conducted activity "are self-

authenticating" and therefore "require no extrinsic evidence of authenticity in order to be admitted." Fed. R. Evid. 902(11). To qualify under this provision, the records in question must be "[t]he original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person." Id. The Rule also requires that the proponent of such evidence provide an adverse party, prior to trial, with "reasonable written notice of the intent to offer the record -- and . . . make the record and certification available for inspection -- so that the party has a fair opportunity to challenge them." Id.

Under Rule 803(6)(A)-(C), a business record is admissible if: (A) "the record was made at or near the time by -- or from information transmitted by -- someone with knowledge"; (B) "the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit"; and (C) "making the record was a regular practice of the activity." Fed. R. Evid. 806(A)-(C). Moreover, admitting business records under Rule 902(11) without testimony from a custodian of records does not violate a defendant's rights to confront witnesses because business records are not testimonial in nature. See Bullcoming v. New Mexico, 564 U.S. 647, 659 n.6 (2011) ("Elaborating on the purpose for which a 'testimonial report' is created, we observed in [Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009)] that business and public records 'are generally admissible absent confrontation . . . because -- having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial -- they are not testimonial.'" (quoting Melendez-Diaz, 557 U.S. at 324)).

Here, the government has produced business records from the custodians of records (or other qualified persons) of various businesses, as detailed in Exhibit A. The government has also produced declarations from the respective custodians of records (or other qualified persons) from these companies laying the required foundation under Rule 803(6)(A)-(C). (<u>See</u> Wyman Decl. Ex. A.) In addition, on May 21, 2021, the government gave written notice to defendant of its intent to authenticate and admit those business records under Federal Rule of Evidence 902(11). (<u>See</u> <u>id.</u>)

Certification under Rule 902(11) obviates the need for the government to authenticate business records at trial and permits the records to be admitted under Federal Rule of Evidence 803(6). <u>See</u> Fed. R. Evid. 902(11). Accordingly, in order to admit the business records referenced in Exhibit A as exhibits at trial, the government should not need to call the custodians of records for these businesses to testify. Rather, these business records should be admissible based on the certifications above -- provided they are relevant and admissible under Rules 401 and 403.[1]

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court issue an order that the documents subject to this motion are self-authenticating, meaning that "they require no extrinsic evidence of authenticity in order to be admitted." Fed. R. Evid. 902. The government seeks an order that it has satisfied the authenticity and foundational requirements for admission of these

---

[1] The government reserves the right to provide further notice of other entities from which it intends to introduce business records under Federal Rule of Evidence 902(11).

3

documents without calling document custodians and that the documents will be admitted at trial subject only to objections under Federal Rules of Evidence 401 (relevance) and 403 (undue prejudice).