**EXHIBIT B**

```
1              UNITED STATES DISTRICT COURT

2        CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3        HONORABLE MARGARET M. MORROW, U.S. DISTRICT JUDGE

4                           - - -

5

6

7                                        )
    GEOFFREY ERNEST JOHNSON,              )
8                                        )
                      PLAINTIFF,          )
9                                        )
         vs.                              )  No. CV13-4496-MMM (AJWX)
10                                        )
    LEROY BACA, ET AL.,                   )
11                                        )
                      DEFENDANTS.         )
12  _____ )

13

14

15          REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                  LOS ANGELES, CALIFORNIA

17                 FRIDAY, NOVEMBER 7, 2014

18                        10:00 AM

19

20

21

22       _____

23          CINDY L. NIRENBERG, CSR 5059, FCRR
              U.S. Official Court Reporter
24              255 East Temple Street
                Los Angeles, CA 90012
25              www.msfedreporter.com
```

**Exhibit B**

```
1   APPEARANCES OF COUNSEL:

2


3   FOR THE PLAINTIFF (TELEPHONICALLY):
                 EAGAN AVENATTI
4                BY: MICHAEL J. AVENATTI, ATTORNEY AT LAW
                     CARLOS X. COLORADO, ATTORNEY AT LAW
5                450 NEWPORT CENTER DRIVE
                 2ND FLOOR
6                NEWPORT BEACH, CA 92660
                 949-706-7000
7

8

9

10

11  FOR THE DEFENDANTS (TELEPHONICALLY):
                 HURRELL CANTRALL
12               BY: THOMAS C. HURRELL, ATTORNEY AT LAW
                 700 SOUTH FLOWER STREET
13               SUITE 900
                 LOS ANGELES, CA 90017
14               213-426-2000

15

16

17  ALSO PRESENT: GAIL KILLIFER, ADR PROGRAM DIRECTOR

18

19

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**Exhibit B**

```
 1                         I N D E X
 2
 3     COMMENTS BY:                              PAGE
 4     MR. AVENATTI                                4
 5     MR. HURRELL                                 6
 6     MR. AVENATTI                                7
 7     MR. HURRELL                                10
 8     MR. AVENATTI                               12
 9     MR. HURRELL                                13
10     MR. AVENATTI                               14
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**Exhibit B**

```
 1            LOS ANGELES, CALIFORNIA; FRIDAY, NOVEMBER 7, 2014

 2                               10:00 A.M.

 3                                - - - - -

 4            THE CLERK:  Counsel, I'm going to call the case and

 5   ask that you state your appearances.

 6            CV13-4496, Johnson versus Baca, et al.

 7            Counsel, your appearances, please.

 8            MR. AVENATTI:  Michael Avenatti and Carlos Colorado

 9   on behalf of the plaintiff.  Good morning.

10            MR. HURRELL:  Good morning, Your Honor.  Tom Hurrell

11   for the defendants.

12            THE COURT:  Counsel, good morning.

13            We placed this matter on calendar this morning

14   because we were advised by the ADR department that counsel

15   wished to have a status conference with the Court regarding a

16   possible settlement in this case.

17            MR. AVENATTI:  That is correct, Your Honor.  This is

18   Michael Avenatti.  If I could update the Court?

19            THE COURT:  Yes.  Sure.

20            MR. AVENATTI:  Okay.  Your Honor, for the last week

21   or two, we've been in active settlement discussions involving a

22   retired judge, Louis Meisinger.  The good news is is that the

23   parties have reached a tentative settlement relating to all

24   material terms with the exception of one material term, which

25   is providing some angst and for which Mr. Hurrell and I decided
```

```
 1   yesterday that perhaps the Court, based on Your Honor's
 2   experience, could assist us with resolving.
 3           And that one material term is mainly when the
 4   settlement dollars are to be paid to Mr. Johnson, who, as the
 5   Court knows, is a paraplegic and is in need of the funds.
 6           So that is the purpose of the settlement conference,
 7   to inform Your Honor of the status of the settlement
 8   negotiations and to have a very frank discussion with Your
 9   Honor as to how we might be able to bridge the gap and have
10   this trial be continued, removed from the Court's docket -- at
11   least immediate docket, so to resolve the case for all
12   involved.
13           THE COURT:  So what are the parties' respective
14   positions about this?
15           MR. AVENATTI:  Your Honor, the respective
16   positions -- and I'm sure Mr. Hurrell will correct me if I'm
17   wrong -- is as follows:  Mr. Johnson would like the moneys paid
18   within 60 days, namely today or Monday so that he can utilize
19   the money for his living expenses and other needs.
20           I understand that the County has some difficulty,
21   according to Mr. Hurrell, in getting the settlement approved by
22   the Board of Supervisors that quickly, but what we've asked is,
23   "Well, if you can't do it within 60 days, when can it be done,"
24   and thus far the County's position has been that they can't
25   give us a definitive date as to when it will be done, which
```

**Exhibit B**

1  obviously puts us in a very difficult position, namely, I've
2  never settled a case in my career where my side was to either
3  pay money or receive money and there's no deadline by which
4  that money is to be paid.
5          THE COURT: Mr. Hurrell.
6          MR. HURRELL: Your Honor, yes, I think Mr. Avenatti
7  has accurately characterized our conversations.
8          What I've been informed by the County -- and this is
9  specifically the County Counsel -- is that to get a matter
10 before the board would take a minimum of six months and maybe
11 more.
12         THE COURT: Six months?
13         MR. HURRELL: I know. I'm -- that's a long, long
14 time, I agree.
15         THE COURT: That seems highly unreasonable,
16 Mr. Hurrell. I mean, I can see that it could take, you know,
17 60 days to get it in front of the board, maybe in view of the
18 fact that it's a board that has new members and it's turning
19 over December 1 or 2, 90 days, but six months?
20         MR. HURRELL: I know.
21         THE COURT: You know, that's unreasonable in my view.
22         MR. HURRELL: Yes. The process the board dictates is
23 that it has to have a settlement -- for the facts underlying
24 the settlement, you have to have a Corrective Action Plan by
25 the sheriff's department. After that's done, it goes to the

```
 1   claims board and then to the board of supervisors, and I've
 2   been told that that process is running six months and perhaps
 3   even more right now.
 4               THE COURT:  So the County would rather try the case?
 5               MR. HURRELL:  No.  They think -- and I'm on Mr.
 6   Avenatti's side -- in this case I think that it's a very --
 7   settled --
 8               THE COURT:  Mr. Hurrell, you're breaking up.  Could
 9   you say that again, please?
10               MR. HURRELL:  Oh, sure.  I think it's in the best
11   interests of all parties to get this matter -- this settlement
12   done as quickly as possible, but this is the quandary that
13   we're in.
14               THE COURT:  What is it that you suggest?  Do you want
15   me to order some supervisors in?
16               MR. HURRELL:  No.  On my end, I can probably expedite
17   the process through the sheriff's department of the Corrective
18   Action Plan.
19               The other -- when it goes to the board of
20   supervisors, though, I don't think either myself or County
21   Counsel -- that is kind of beyond our control as to when they
22   put it on their agenda, so I -- that's kind of what we wanted
23   to see, if Your Honor had any thoughts about how we could make
24   this go through a lot quicker to get Mr. Johnson's money.
25               MR. AVENATTI:  Your Honor, this is Michael Avenatti
```

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**Exhibit B**

```
 1   on behalf of the plaintiff.  Obviously Your Honor has
 2   considerably more power at Your Honor's disposal than either
 3   Mr. Hurrell or I.
 4              THE COURT:  Maybe a little, Mr. Avenatti.
 5              MR. AVENATTI:  Your Honor, I've appeared in front of
 6   a number of federal judges around the country and I'd put
 7   you -- this is not gratuitous.  I think you have a considerable
 8   amount of power, but in any event, Your Honor, the problem from
 9   our perspective is we had the exact same reaction that Your
10   Honor did.
11              I mean, for us to wait six months for even -- or
12   perhaps, quote, longer, closed quote, for the board of
13   supervisors to approve this and I don't know how much longer
14   after that in order to actually get the settlement payment made
15   to my client, who is a paraplegic, is not acceptable.
16              Furthermore, it seems absolutely -- and I'm going to
17   use this word, but I think it's appropriate -- silly and a
18   complete waste of judicial resources for us to proceed with a
19   trial in this case over this issue, especially in light of how
20   busy Your Honor's calendar is and the magnitude of this case.
21   So there's got to be something that can be done here.
22              And perhaps if there's an Order to Show Cause or
23   something that is issued by Your Honor that can get someone's
24   attention, I'm highly confident that this case could be settled
25   in an expeditious manner.
```

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**Exhibit B**

```
 1              I'd be very, very surprised if upon receiving an
 2    appropriate order from Your Honor that that does not happen.
 3    I'd be shocked, quite honestly.  I've been shocked before, but
 4    I would be doubly shocked.
 5              THE COURT:  Mr. Hurrell, who sets -- who decides what
 6    goes on in the board of supervisors' agenda for any given
 7    meeting?  How often do they meet?
 8              MR. HURRELL:  I think they meet twice a month.  Yeah,
 9    but I don't have the exact --
10              THE COURT:  Who decides what goes on the agenda?
11              MR. HURRELL:  I don't know.  I'll find out.  I think
12    it's the board deputy, but I can find out.
13              THE COURT:  Does County Counsel --
14              MR. AVENATTI:  Your Honor --
15              THE COURT:  Does County Counsel control what legal
16    matters go before the board?
17              MR. HURRELL:  No, they don't.
18              THE COURT:  Okay.  Was someone else going to say
19    something?
20              MR. AVENATTI:  Your Honor, this is Michael Avenatti
21    again.
22              My understanding is is that the board between now and
23    the end of the year has at least I believe four or five
24    additional meetings set.  My understanding is they meet on a
25    very regular basis, at least twice a month and sometimes
```

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**Exhibit B**

1    weekly.
2            THE COURT:  Well, I imagine they're not meeting --
3    maybe they're meeting this month, but they can't get this done
4    this month, and I imagine the board would simply put it over to
5    the seating of the new board in any event.
6            But I -- I mean, one thing that comes to mind,
7    Mr. Hurrell, is that I could order whoever it is who sets these
8    agendas into court here with all of you present and request --
9    or read the riot act to the person.
10           MR. HURRELL:  Okay.  One thing that I do know about
11   the process is before anybody can get it on the board agenda, I
12   have to have the Corrective Action Plan in place, so perhaps I
13   should work on getting that taken care of first.
14           THE COURT:  Well, I mean, part of the Corrective
15   Action Plan has already been implemented, right?  They put the
16   netting up.
17           MR. HURRELL:  I -- the netting I don't think was
18   placed in all areas.  I think it was placed in some other pods,
19   but I think you're right, the idea has been implemented.
20           THE COURT:  And would there be more to the Corrective
21   Action Plan than that?  Would there be something related to the
22   High Observation Unit and how the medical personnel's orders
23   are being communicated to deputies making decisions about
24   housing?
25           MR. HURRELL:  That would be my guess and that would

```
 1   probably be in collaboration with the Department of Mental
 2   Health.  That portion of the plan, it's my guess that's how
 3   that would occur.
 4            THE COURT:  And what's your experience about how long
 5   these so-called Corrective Action Plans usually take to put
 6   together?
 7            MR. HURRELL:  Oh, boy, they take a long time, but I
 8   think there's more ability to expedite that process on County
 9   Counsel and the sheriff's department, and I think there's more
10   control over that portion of the process than getting this on
11   to the board.  So I can start the work on that side of the
12   equation right now.
13            THE COURT:  Let me tell you what I think is
14   reasonable overall and then ask counsel how you think we can
15   get to that point.
16            It seems to me, given that we have a new board coming
17   in, we have the holidays, which slows government down almost to
18   a standstill usually, we have the need for board approval and
19   we have the need for the Corrective Action Plan, that a period
20   of 120 days is reasonable here.
21            What do you think about that, Mr. Avenatti?
22            MR. AVENATTI:  Your Honor, for the reasons you've
23   indicated, I do think that that's reasonable, provided that the
24   120 days means the deadline by which the payment is made and
25   the settlement is finally effectuated in the case and the case
```

```
 1   is dismissed.  I have some views as to how we can get there, if
 2   Your Honor would like to hear that.
 3              THE COURT:  Well, let me first hear from Mr. Hurrell
 4   and then, yes, I would like to hear them.
 5              MR. HURRELL:  Well, I -- from my perspective -- and
 6   given Mr. Johnson -- obviously 120 days is reasonable.  I'd
 7   certainly like it sooner, but from my personal perspective on
 8   how to get that accomplished -- I don't know, but I will
 9   certainly do what I can to make the things happen that I have
10   control over to make sure it's on the way to that goal.  Okay?
11              THE COURT:  Mr. Avenatti.
12              MR. AVENATTI:  Your Honor, my view is that we should
13   not leave this to some ambiguous timeline in the ether
14   somewhere.  I think that's going to be a recipe for disaster
15   and we're going to be back before you in a few months and we're
16   probably not going to be hearing very good news from the
17   County.
18              So if we're going to utilize this 120-day time frame,
19   which I believe is reasonable for all parties involved, I
20   believe that there needs to be some deadlines or a timeline put
21   in place by Your Honor as to when things are going to happen
22   and how things are going to progress.  And if that means that
23   Your Honor needs to have a hearing and, to use Your Honor's
24   words, read the riot act to some individual so that everyone is
25   crystal clear as to what Your Honor expects as it relates to
```

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**Exhibit B**

```
 1   the settlement, I think that that would be time well spent.
 2           THE COURT:  Well, I sort of agree with that,
 3   Mr. Hurrell.  I mean, I understand that the County has this
 4   process where the action plan has to be put together, but maybe
 5   to effectuate what at least counsel believes is a reasonable
 6   settlement of this action and to avoid the cost and expense of
 7   a trial and to avoid the possible adverse result that an even
 8   larger judgment is returned, County Counsel and the sheriff's
 9   department need to expedite this -- the creation of this action
10   plan.
11           I mean, the things that need to happen, even to me,
12   who is something of an outside observer here, are pretty clear.
13   I don't think it should require immense amounts of time to
14   figure out what to do here, and it would seem that having that
15   action plan completed -- we're in mid November -- by mid
16   December ought to be doable if everybody makes it a priority
17   matter.
18           And at that point, the Court would be willing to
19   bring this individual, if it's the board deputy or whoever it
20   would be, into court and basically order him to get the thing
21   on those supervisors' calendar within a certain period of time
22   so payment can be made 120 days from today.
23           MR. HURRELL:  Okay.  This is Tom Hurrell, Your Honor.
24   If that's going to be the Court's order, I'll set everything in
25   motion.
```

**Exhibit B**

|     |                                                                          |
| --- | ------------------------------------------------------------------------ |
| 1   | THE COURT: Well, I'm inviting you to comment. I'm                        |
| 2   | not just imposing that, but it seems to me that some kind of a           |
| 3   | stepped process like that is going to be required because there          |
| 4   | are so many county actors involved here that if there's not a            |
| 5   | stepped process, it will fall by the wayside somewhere.                  |
| 6   | MR. HURRELL: Yes.                                                        |
| 7   | THE COURT: Right?                                                        |
| 8   | MR. HURRELL: Well -- yeah, I think you're right,                         |
| 9   | Your Honor. And I would -- what I would suggest is 60 days for           |
| 10  | the Corrective Action Plan to be completed because of -- we are          |
| 11  | going to be into the holidays, and from my past experience,              |
| 12  | getting on the claims board agenda occurs fairly quickly, and            |
| 13  | then the board of supervisors immediately thereafter within,             |
| 14  | you know, two to four weeks. So I think we can probably try to           |
| 15  | accomplish that second stage within the remaining 60 days.               |
| 16  | THE COURT: We're just looking for a 2015 calendar.                       |
| 17  | MR. AVENATTI: Your Honor, Michael Avenatti on behalf                     |
| 18  | of the plaintiff. Can I make a suggestion?                               |
| 19  | THE COURT: Sure.                                                         |
| 20  | MR. AVENATTI: Your Honor, for the reason that you've                     |
| 21  | indicated, we think a Corrective Action Plan is not that                 |
| 22  | complicated in this case and we believe that can be completed            |
| 23  | by -- certainly by the 19th of December, which is effectively a          |
| 24  | little more than -- I think five weeks from today.                       |
| 25  | What we would suggest is as follows: That Your Honor                     |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**Exhibit B**

```
 1   vacate the trial date, number one, and any deadlines between
 2   now and that trial date, and set a status conference on
 3   December 19th, if that date is available to Your Honor, or
 4   shortly thereafter; and that Your Honor direct that at that
 5   status conference that Mr. Hurrell, certainly myself, counsel
 6   for the plaintiff be required to appear together with one or
 7   two individuals -- and Mr. Hurrell can, I guess, direct us as
 8   to who those are -- to comment as to the status of the
 9   settlement, et cetera, so that if we get to the 19th and a
10   Corrective Action Plan has not been completed by that date so
11   that Your Honor at that point can ask some rather pointed
12   questions as to where exactly we are on this and when can we
13   expect it to be completed by.
14             THE COURT:  It seems to me, Mr. Hurrell, that the way
15   to send a message to the County that this needs to be a
16   priority is to set a shorter deadline rather than a longer
17   deadline, and -- the 19th would not be a good day for the
18   Court, but the 15th would be.
19             And I think it's appropriate to set the matter down
20   for a status conference on the 15th of December with the
21   expectation on the part of the Court and the direction on the
22   part of the Court that a Corrective Action Plan be completed by
23   that date and to require the parties jointly to present a
24   status conference report to the Court no later than the --
25   shall we say 11th of December to give maximum time for everyone
```

```
 1   to do what they need to do, accepting your representation that
 2   thereafter we would have probably a period of about 60 days to
 3   get onto the supervisors' agenda and hopefully get a check cut.
 4           And if -- you know, if the County doesn't meet that
 5   deadline, then we'll have some conversation about it at that
 6   point, but I really think given the potential magnitude of the
 7   judgment in this case, I think this one needs to be made a
 8   priority.  So that's what the Court --
 9           MR. HURRELL:  Thank you, Your Honor.  Tom Hurrell.
10           THE COURT:  Yes, go ahead.
11           MR. HURRELL:  No, that's fine, Your Honor.  I'm
12   jotting down everything you're saying.
13           THE COURT:  And at that status conference,
14   Mr. Hurrell, if there is not a completed Correction Action
15   completed -- completed Corrective Action Plan, then you will
16   need to be accompanied by the decision makers with regard to
17   the action plan from whatever departments in the County are
18   involved in putting it together.
19           That would be, I presume, the sheriff's department
20   and the Department of Mental Health at a minimum.  And when I
21   say the decision makers, I don't mean low-level people.  I mean
22   the people at the very top of the chain so that they can
23   explain to me why it's been impossible for them to do this.
24           MR. HURRELL:  Okay, Your Honor.
25           THE COURT:  Okay?  Mr. Avenatti, is that satisfactory
```

```
 1  from your point of view?
 2          MR. AVENATTI:  Absolutely, Your Honor.  I want to
 3  thank the Court and the court staff for accommodating us on
 4  such short notice.  Thank you very much -- and for allowing us
 5  to appear by phone.
 6          MR. HURRELL:  Likewise, Your Honor.
 7          THE COURT:  Well, the Court has expressed itself on
 8  several occasions with regard to its view that this is a case
 9  that really needed to be settled for everyone's benefit, and so
10  I was happy to participate.
11          That status conference, gentlemen, will be at 9:00
12  a.m. on the 15th of December.
13          MR. HURRELL:  Very good, Your Honor.
14          MR. AVENATTI:  Thank you, Your Honor.
15          THE COURT:  Okay.  Mr. Hurrell.
16          MR. AVENATTI:  And obviously the trial date is
17  vacated as well as all superseding dates, including the
18  deadline today for various matters.
19          THE COURT:  That's correct.  I will vacate the trial
20  date until we see how this goes, and then we'll put all those
21  dates back in place if we can't get this done.
22          MR. AVENATTI:  Your Honor, thank you for your
23  assistance.
24          THE COURT:  Sure.
25          MR. HURRELL:  Likewise here.  Thank you.
```

| | |
|---|---|
| 1 | THE COURT: Thank you, gentlemen. |
| 2 | MR. AVENATTI: Thank you. |
| 3 | *(Proceedings concluded 10:21 A.M.)* |
| 4 | --oOo-- |

**Exhibit B**

```
 1
 2
 3                         CERTIFICATE
 4
 5      I hereby certify that pursuant to Section 753,
 6   Title 28, United States Code, the foregoing is a true and
 7   correct transcript of the stenographically reported
 8   proceedings held in the above-entitled matter and that the
 9   transcript page format is in conformance with the
10   regulations of the Judicial Conference of the United States.
11
12   Date: DECEMBER 11, 2014
13
14
15
16
17               /s/  Cindy L. Nirenberg, CSR No. 5059
18                         Official Court Reporter
19
20
21
22
23
24
25
```