# EXHIBIT F

# GENERAL RELEASE; SETTLEMENT AGREEMENT; AND ACKNOWLEDGEMENT OF ACCOUNTING

This General Release; Settlement Agreement; and Acknowledgement of Accounting (this "Agreement") dated and effective as of this 23rd day of March, 2019 is made and entered into by, between and among Geoffrey Johnson on the one hand ("Johnson"), and Michael J. Avenatti, Esq. and Avenatti and Associates, APC on the other hand (collectively, "Counsel") (each a "Party" and collectively the "Parties").

For and in consideration for the covenants, terms and conditions provided in this Agreement, the Parties agree as follows:

**1.   PAYMENTS; RECEIPT OF MONIES**

**1.1**   Johnson previously authorized Counsel to pursue litigation against the County of Los Angeles, the Sheriff's Department and others relating to Johnson's improper detention and treatment while in custody. Counsel has successfully and ethically represented Johnson, Johnson has previously received significant monies from Counsel per his direction, and Counsel has advanced significant out-of-pocket costs and expenses on behalf of Johnson. In full and final settlement of all of Johnson's claims released pursuant to Paragraph 4 below, Johnson has agreed to accept the additional sum of $1,911,381.30 on the following terms: Johnson, or his designee or beneficiary as directed by Johnson in writing, shall be paid $10,618.79 per month, on the first (1st) of each month, for a period of 180 months, to a bank account designated by Johnson.

**2.   NON-ADMISSION OF LIABILITY**

**2.1**   The Parties acknowledge that the settlement embodied in this Agreement is not an admission of liability by any Party as to any matter or lawsuit.

**3.   STRICT CONFIDENTIALITY**

**3.1**   The Parties hereby agree that the terms and conditions of this Agreement and the underlying negotiations leading to settlement and execution of the Agreement shall remain strictly confidential among the Parties to this Agreement and shall not be disclosed to any other person or entity, provided, however, that nothing herein shall restrict the disclosure of this Agreement and its terms in a proceeding brought for the purpose of enforcing this Agreement and/or in connection with responding to a lawfully issued subpoena, provided, however, that in the event such a subpoena is received, the Party receiving the subpoena much provide the other Parties written notice of such a subpoena within 48 hours of receipt so as to provide such Parties the opportunity to seek to quash the subpoena or otherwise prevent the disclosure of this Agreement and its terms. In any such instance, this Agreement shall not be disclosed in response to the subpoena until such a challenge is fully adjudicated, including through the exhaustion of any and all appeals.

**4. GENERAL RELEASE AND WAIVER OF ALL CLAIMS**

    **4.1** **General Release.** Johnson, on behalf of himself and on behalf of his agents, firms, attorneys, partners, employees, representatives, successors and assigns, hereby forever releases and discharges each of the other Parties to this Agreement, the County of Los Angeles, and the Sheriff's Department, and each of the other Party's current and former agents, partners, employees, representatives, counsel, law firms, including but not limited to Eagan Avenatti, LLP, joint venturers, officers, directors, insurers, attorneys, and parent, subsidiary and affiliated companies and entities, from any and all present, future, liquidated, unliquidated, matured, un-matured, related, un-related, filed, unfiled, known, unknown, contingent and non-contingent claims, complaints, lawsuits, demands, debts, liabilities, accounts, obligations, contracts, costs, expenses, liens, actions, causes of action (at law, in equity, or otherwise), rights, rights of action, rights of indemnity (legal or equitable), rights to subrogation, rights to contribution and remedies of any nature whatsoever (except for those arising as a result of the duties imposed by this Agreement and/or a breach of any provision of this Agreement). **For the avoidance of all doubt, it is the express intention of the Parties that this release and discharge be given the absolute broadest scope, construction, interpretation, and application, and that any and all disputes relating to the scope of this release and discharge be decided in favor of inclusion.**

    **4.2** **California Civil Code Section 1542.** The Parties understand that the releases provided for in this Agreement extend to all claims, whether or not claimed or suspected or ripe, up to and including the date of execution hereof, and constitute a waiver of each and all of the provisions of California Civil Code section 1542 which reads as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

    Each Party to this Agreement hereby expressly, unconditionally and irrevocably relinquishes any and all rights and benefits it has or may have under Section 1542, and any other similar provision contained in the law of any jurisdiction, to the full extent it may lawfully so waive all such rights and benefits pertaining to the subject matter of the release contained in this Agreement. Each Party understands and acknowledges the significance and consequences of this specific waiver of Section 1542, and hereby assumes responsibility for any injury, damage, or loss that may hereafter arise in respect to the release specifically provided in this Agreement, although unknown or unanticipated at the time of the execution of this Agreement. The Parties hereby acknowledge that the effect and import of California Civil Code section 1542 has been fully explained to them and that they are aware of its contents and legal effect. Johnson further

acknowledges that he has had independent counsel of his choosing review this Agreement in its entirety, including all of its terms and the release language in this paragraph and Paragraph 4.1 above, prior to its execution and has relied on the advice of such counsel prior to entering into this Agreement.

5. **MISCELLLANEOUS PROVISIONS**

    **5.1**    This Agreement constitutes the entire settlement agreement between the Parties pertaining to the subject matters set forth above and supersedes all prior and contemporaneous agreements and understandings of the Parties; there are no warranties, representations or other agreements between the Parties pertaining to the subject matters hereof except as expressly set forth herein. No supplementation, modification, waiver or termination of this Agreement shall be binding unless executed in a signed writing by the Party to be bound thereby.

    **5.2**    This Agreement shall be governed by the internal laws of the State of California, without regard to choice of law principles.

    **5.3**    **Exclusive Jurisdiction and Arbitration.** The Parties expressly agree that upon execution of this Agreement, any and all disputes, claims or controversies relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof, including the scope of the release provided herein and any question as to arbitrability, shall be exclusively determined by way of a confidential JAMS arbitration proceeding brought in Los Angeles pursuant to the comprehensive JAMS arbitration rules then in effect. This clause expressly precludes any Party from seeking adjudication of any dispute, claim or controversy relating to this Agreement or the breach, termination, enforcement, interpretation, scope or validity of any term thereof, in any other court or venue.



    **5.4**    No waiver of any of the provisions of this Agreement shall be deemed or shall constitute a waiver of any of the other provisions hereof whether or not similar, nor shall such waiver constitute a continuing waiver. The Parties hereto may amend or modify this Agreement in such manner that may be agreed upon only by written instruments executed by such Parties.

    **5.5**    Each of the Parties hereto agrees that they will execute and deliver any and all documents and instruments as may be reasonably necessary to effectuate the terms of this Agreement to the fullest extent possible and further agree to act in good faith in performing their respective obligations herein.

    **5.6**    This Agreement may be executed in counterparts and, as so executed, shall constitute one agreement binding on all Parties. Facsimile signatures shall be deemed the equivalent of an original signature.

    **5.7**    This Agreement shall inure to the benefit and shall be binding upon the respective successors and assigns of each of the Parties hereto.

**5.8** This Agreement shall not be construed in favor of or against any of the Parties regardless of which of the Parties prepared this Agreement and, in this regard, the Parties hereby expressly waive California Civil Code section 1654.

**5.9** The Parties agree and acknowledge that if any provision of this Agreement is determined by a final judgment to be illegal or unenforceable, such assertion or determination shall not affect the balance of this Agreement, which shall remain in full force and effect as such invalid provision shall be deemed severable.

**5.10** This Agreement shall be governed by the internal laws of the State of California, without regard to choice of law principles.

**5.11** The paragraph headings and titles are used only for the purpose of convenience and shall not be deemed to limit the subject of the paragraphs of this Agreement or to be considered in their construction.

**5.12** Each Party expressly acknowledges that they have been represented by competent independent counsel in connection with entering this Agreement and have entered into this Agreement only after having a fair and adequate opportunity to review the Agreement with independent counsel of their choosing.

**5.13** Each Party agrees and acknowledges that at all times, all other Parties to this Agreement have been responsive and truthful with them as it relates to Johnson's litigation and Counsel's representation of Johnson. Johnson further agrees and acknowledges that Counsel has acted diligently and ethically in their representation of Johnson at all times; Counsel was previously authorized to negotiate and settle the litigation on Johnson's behalf, including by executing any and all documents relating thereto; and Counsel adequately informed Johnson and sought and obtained Johnson's consent and approval as required as it related to the representation, litigation, settlement, accounting, and receipt and payment of all monies/settlement proceeds, as required under California law and the Rules of Professional Conduct.



**5.14** Each Party to Bear Their Own Costs and Fees. Except as expressly provided herein, each Party agrees to bear their own costs and fees, including attorneys' fees and litigation costs, in connection with any and all disputes, matters, lawsuits and claims released by way of this Agreement.

**5.15** Warranty of Authority. Each individual executing this Agreement on behalf of any Party expressly represents and warrants that he has authority to execute and thereby bind the Party on behalf of who/which he executes this Agreement to the terms of this Agreement and agrees to indemnify and hold harmless every other Party from any damages, fees or costs resulting from any claim that such authority did not exist.

**5.16** Extrinsic Evidence Exclusion. Each Party hereby expressly waives the right to introduce any extrinsic evidence in connection with (i) the circumstances or negotiations surrounding the execution of this Agreement and/or (ii) any determination of the intent of the Parties as to this Agreement or any of its terms, and further represents and warrants that it has not heretofore assigned to any other person or entity any part or all of any right, claim, cause of action, obligation, liability, indebtedness, cost, expense, damage, attorneys' fees, or demand released and discharged by it under this Agreement.

IN WITNESS WHEREOF, the Parties have entered into and executed this Agreement as of the date set forth below.

**Geoffrey Johnson**

_____
Geoffrey Johnson

**Michael J. Avenatti, Esq.**

_____
Michael Avenatti

**Avenatti & Associates, APC**

By: _____
Michael Avenatti

Page 5 of 5

**Exhibit F**                                                                    DEF00006