TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     Email:    Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SA CR 19-061-JVS |
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE UNDERLYING FACTS FROM THE CIVIL LITIGATION THAT RESULTED IN SETTLEMENTS PURSUANT TO FRE 401, 402, AND 403 |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | *[DECLARATION OF BRETT A. SAGEL AND EXHIBITS LODGED UNDER SEAL CONCURRENTLY HEREWITH]* |
| | Hearing Date: June 28, 2021 Hearing Time: 8:00 AM Location:     Courtroom of the             Hon. James V. Selna |

     Plaintiff United States of America, by and through its counsel
of record, the Acting United States Attorney for the Central District
of California and Assistant United States Attorneys Brett A. Sagel

and Alexander C.K. Wyman, hereby files its motion _in limine_ to exclude underlying facts from the civil litigation that resulted in settlements pursuant to Federal Rules of Evidence 401, 402, and/or 403.

This motion is based upon the attached memorandum of points and authorities, the under seal declaration of Brett A. Sagel and exhibits, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 31, 2021                 Respectfully submitted,

                                     TRACY L. WILKISON
                                     Acting United States Attorney

                                     SCOTT M. GARRINGER
                                     Assistant United States Attorney
                                     Chief, Criminal Division


                                     _____/s/_____
                                     BRETT A. SAGEL
                                     ALEXANDER C.K. WYMAN
                                     Assistant United States Attorneys

                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant MICHAEL JOHN AVENATTI is charged with embezzling millions of dollars in settlement funds from his clients: Geoffrey Johnson (Client 1), Alexis Gardner (Client 2), Gregory Barela (Client 3), Michelle Phan (Client 4), and Long Tran (Client 5).  The Court has also found admissible evidence related to defendant's alleged embezzlement of settlement funds belonging to clients he represented in litigation over the National Football League ("NFL") Super Bowl. (CR 371 at 9.)  Defendant is alleged in the Indictment to have executed a scheme to defraud his clients between January 2015 and March 2019 by, among other things, negotiating settlements on behalf of his clients, concealing the true nature of those settlements from his clients, causing the settlement funds to be deposited into attorney-client trust accounts he controlled, embezzling the client funds and misappropriating them for his own personal use, and then lying to his clients to lull them into believing their settlement funds were safe and to prevent them from discovering his misappropriation.  (Indictment (CR 16) ¶¶ 6-7.)

Witness testimony and documentary evidence will establish that defendant represented the following clients in the following matters: defendant represented Mr. Johnson in a lawsuit against the County of Los Angeles and others alleging violations of Mr. Johnson's constitutional rights that led to severe emotional stress and severe physical injuries, including paraplegia; defendant represented Ms. Gardner in potential litigation against Hassan Whiteside, an individual with whom Ms. Gardner had a personal relationship; defendant represented Mr. Barela in connection with an intellectual

1  property dispute against Brock USA, LLC; defendant represented Ms.

2  Phan and Mr. Tran in connection with their separation and divestment

3  from Ipsy/Personalized Beauty Discovery Inc., a company in which Ms.

4  Phan and Mr. Tran owned shares of the company's stock; and defendant

5  represented over two hundred individuals ("NFL plaintiffs") in a

6  lawsuit against the NFL related to the location of seats at Super

7  Bowl 45 in Dallas, Texas.  All of the settlement agreements that

8  defendant negotiated in this case other than Mr. Johnson's were

9  confidential.  Defendant -- the lead attorney for all of these

10  clients who negotiated these confidential settlements -- was and is

11  keenly aware of the civil litigants' desires to keep the underlying

12  facts of the civil disputes confidential, including even providing

13  notice to the other side in some instances that all confidential

14  discovery related to the civil case had been destroyed. (Exs. 6, 7.)

15      Defendant's representation of the victim-clients resulted in the

16  other parties to the settlement agreements making payments that

17  defendant deposited into trust accounts he controlled.  The evidence

18  at trial will show that once defendant received his clients'

19  settlement money into these attorney-client trust accounts, defendant

20  misappropriated for his own use the money intended for the clients

21  that, as a fiduciary, defendant was required to hold in trust.

22      As alleged in the Indictment and will be proven at trial, on

23  January 26, 2015, defendant caused the $4,000,000 settlement payment

24  for Mr. Johnson to be deposited into a trust account that defendant

25  controlled, and he then transferred or used all of the settlement

26  proceeds by July 2015 without transferring Mr. Johnson's share of the

27  settlement proceeds to him.  (Indictment ¶ 7(h)-(i).)  On January 25,

28  2017, defendant caused the $2,750,000 settlement payment for Ms.

2

1   Gardner to be deposited into a trust account that defendant
2   controlled, after which defendant immediately transferred all of the
3   settlement proceeds to purchase a private plane and to use on other
4   expenses of defendant and his businesses without transferring Ms.
5   Gardner's share of the settlement proceeds to her.  (Id. ¶ 7(o)-(p).)
6   On January 5, 2018, defendant caused the $1,600,000 settlement
7   payment for Mr. Barela to be deposited into a trust account that
8   defendant controlled, and within three months defendant transferred
9   or used all of the settlement proceeds without transferring Mr.
10  Barela's share of the settlement proceeds to him.  (Id. ¶ 7(v)-(w).)
11  And on March 14, 2018, defendant caused $8,146,288 of the settlement
12  payment for Ms. Phan to be deposited into a trust account defendant
13  controlled, and defendant used $4,000,000 of the settlement proceeds
14  for himself even though defendant was to transfer the full $8,146,288
15  of the settlement proceeds to Ms. Phan.  (Id. ¶ 7(bb)-(cc).)

16      The principal issues at trial will likely center on whether
17  defendant unlawfully misappropriated the settlement funds, whether
18  defendant made materially false representations or omitted material
19  facts from his clients, and whether defendant acted with intent to
20  defraud.  The underlying facts and claims that resulted in the other
21  parties agreeing to the settlements has no bearing on the issues the
22  jury is to decide.[1]  This case is about whether defendant stole his
23  clients' money, not why he was representing them in the first place.
24
25
26      [1] Pursuant to the Protective Order in this case (CR 36, 74) and
    third-party privacy interests, the government is filing several
    exhibits under seal to provide the Court with relevant information
27  regarding some of the underlying matters.  (See Exs. 3-5.)  If
    defendant plans do discuss this information, pursuant to the
28  Protective Order in this case and third-party privacy interests,
    defendant should similarly file this information under seal.

On May 18, 2021, the government contacted defendant's counsel to determine whether defendant intended to introduce any of the non-public underlying facts that resulted in the above settlement agreements at trial -- with the exception of very limited facts such as those described above regarding the type of representation and matter.  The government inquired to determine whether the parties could enter into a stipulation to limit such irrelevant facts or, if necessary, file a motion in limine to exclude the information as irrelevant under Federal Rules of Evidence 401 and 403.  (Ex. 1.)  On May 19, 2021, defendant informed the government that he would not so stipulate, as it "would significantly impair [defendant's] defenses in this case," and that he would oppose excluding such evidence. (Ex. 2.)  Defendant explained neither how the underlying facts and claims that resulted in the settlement agreements were relevant to the charges in this case nor how they would significantly impair his defenses.

The underlying facts and claims, which in several of the settlement agreements the parties specifically did not admit to and which were and remain confidential between the parties, are not relevant in this criminal case as to whether defendant embezzled his clients' settlement money.  Even if defendant were able to show this evidence to have some marginal relevance, its limited probative value would be substantially outweighed by the risk of wasting time, confusing and misleading the jury, and unfair prejudice -- including unfair prejudice to defendant's victim-clients and the third parties involved in the civil matters.  Pursuant to Federal Rules of Evidence 401, 402, and 403, the government respectfully moves to exclude argument and evidence related to underlying facts and claims that

resulted in the civil settlement agreements as they are not relevant and their admission will confuse the issues, mislead the jury, waste time, and be unfairly prejudicial.

**II.  ARGUMENT**

>  **A.  Legal Standards**

Evidence is relevant only if it tends "to make a fact more or less probable than it would be without the evidence."  Fed. R. Evid. 401; see also Fed. R. Evid. 402 (excluding irrelevant evidence).  And even if evidence is marginally relevant, it can be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  The proponent of evidence bears the burden of establishing admissibility.  See Dowling v. United States, 493 U.S. 342, 351 n.3 (1990); United States v. Chang, 207 F.3d 1169, 1176 (9th Cir. 2000); United States v. Conners, 825 F.2d 1384, 1390 (9th Cir. 1987).  A district court has "wide discretion" to exclude irrelevant evidence.  United States v. Alvarez, 358 F.3d 1194, 1205 (9th Cir. 2004); see also Borunda v. Richmond, 885 F.2d 1384, 1388 (9th Cir. 1988) (holding that a district court's discretion under Rule 403 is "very broad," and, "absent abuse . . . will not be disturbed on appeal" (internal quotation omitted)).

Although a criminal defendant is guaranteed "a meaningful opportunity to present a complete defense," "well-established rules of evidence" such as Rules 401 and 403 allow trial judges to exclude irrelevant evidence or "to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury."  Holmes

1   v. South Carolina, 547 U.S. 319, 324 (2006).  Such relevance rules

2   are "familiar and unquestionably constitutional."  Id. at 327

3   (quoting Montana v. Egelhoff, 518 U.S. 37, 42 (1996) (plurality

4   opinion)).

    **B.   Evidence Regarding the Facts and Claims Underlying the
5          Civil Settlements Is Irrelevant, and Any Marginal Relevance
6          Would Be Substantially Outweighed by Dangers of Confusing
7          the Issues, Misleading the Jury, Wasting Time, and Unfair
           Prejudice**

8          1.   The facts underlying the civil settlements whose
9               proceeds defendant embezzled are irrelevant

10      In general, to prove defendant guilty of the wire fraud counts,

11  the government must prove the following beyond a reasonable doubt:

12  defendant knowingly participated in either a scheme to defraud or,

13  alternatively, a scheme for obtaining money or property by means of

14  false or fraudulent pretenses, representations, or promises, or

15  omitted facts; the scheme to defraud or the statements made or facts

16  omitted as part of the scheme were material; defendant acted with the

17  intent to defraud; and defendant used, or caused to be used, an

18  interstate wire communication to carry out or attempt to carry out an

19  essential part of the scheme.  See, e.g., Ninth Circuit Model Jury

20  Instruction No. 8.124 (as amended 9/2020); United States v. Woods,

21  335 F.3d 993, 997-98 (9th Cir. 2003).

22      The government is unaware of any basis in which the underlying

23  facts and claims that resulted in the settlement agreements are

24  relevant to the determination of whether defendant committed wire

25  fraud.  How the victims obtained the funds before defendant

26  misappropriated the funds has no connection to whether defendant

27  fraudulently diverted them to his own use.  Here, none of the

28  underlying facts from the civil matters bear on defendant's intent to

defraud <u>at the time</u> of the fraudulent acts and omissions.  To the contrary, the fraudulent scheme defendant engaged in involved defendant's misappropriating the clients' settlement funds <u>after</u> defendant received the funds.  Rather than complying with his legal and ethical obligations to notify his clients and pay them the money they were due, defendant stole the money and made false statements and representations to his clients.

As such, the underlying facts that resulted in the settlement payments are irrelevant.  At the very least, defendant has not advanced any plausible connection, and it is his burden to do so as the proponent of the evidence.  If he cannot, then the evidence should be excluded as irrelevant under Rules 401 and 402.[2]

    2.   <u>Any marginal relevance would be substantially outweighed by confusion of the issues, misleading the jury, waste of time, and unfair prejudice</u>

Even if defendant could articulate some plausible reason to introduce evidence of the facts underlying the civil settlements whose proceeds he stole, this Court still has discretion to exclude such evidence if the probative value of the evidence is "substantially outweighed by the danger of prejudice, confusion of the issues, or misleading the jury, or by considerations of undue

---

[2] After the Indictment in this case -- and after Mr. Johnson sued defendant civilly -- defendant made statements, including in tweets, in which defendant made accusations and inferences about his victims and third parties.  For example, defendant claimed that, "but for [his] assistance, Mr. Johnson would have been convicted of multiple crimes he was charged with relating to his alleged assault of a nurse" and that he "clearly is disturbed."  <u>See, e.g.</u>, https://abc7.com/paraplegic-man-sues-former-attorney-michael-avenatti/5345745/.  In addition, on April 21, 2019, defendant tweeted, which he later deleted, that he looked forward to disclosing confidential personal information about a victim and third-party witness in this case.  (Ex. 3.)  If this information is what defendant believes is "significant" to his defense, the Court can clearly see that it is irrelevant.

7

delay, waste of time, or needless presentation of cumulative
evidence." Fed. R. Evid. 403; see also United States v. Espinoza-
Baza, 647 F.3d 1182, 1189 (9th Cir. 2011) ("Where the evidence is of
very slight (if any) probative value, even a modest likelihood of
unfair prejudice or a small risk of misleading the jury will justify
excluding that evidence." (quotation marks and alterations omitted)).

The risk of confusion, misleading the jury, and undue delay is
obvious: it is difficult to imagine a clearer example of inviting a
"mini-trial" than asking the jury to consider the merits of civil
disagreements involving defendant's victims and third parties that
caused the third parties to enter into confidential settlements with
the victims of defendant's fraud. United States v. Singh, 995 F.3d
1069 (9th Cir. May 3, 2021) (finding no abuse of discretion in
district court excluding evidence pursuant to Federal Rule of
Evidence 403 where the probative value "was substantially outweighed
by the danger of confusing the issues before the jury and wasting
time with a mini trial"); United States v. Waters, 627 F.3d 345, 353
(9th Cir. 2010) (excluding defense evidence under Rule 403 where it
"ran the risk of creating a mini-trial" regarding defense evidence
that was of "quite low" probative value); see also Holmes v. Miller,
768 F. App'x 781, 783 (9th Cir. 2019) (evidence properly excluded
under Rule 403 where it "would have resulted in a series of mini-
trials . . . that would have unduly complicated the issues"
(quotation marks omitted)). As such, the introduction of evidence
relating to the underlying facts of the civil matters, which are
separate from and occurred before the conduct forming the basis of
defendant's fraudulent scheme, would only serve to waste time as well

as confuse and mislead the jurors, especially given the number of factually and legally distinct claims.

Worse still, victim/third-party evidence could be extremely prejudicial, depending on how defendant sought to use it. (As noted above, defendant has not explained at all how he intends to use it, and it appears to be irrelevant.) Defendant may attempt to use confidential[3] information to embarrass defendant's victims and/or the third parties they accused, to blame the victims in some way, and/or to suggest that defendant's fraud was motivated by a desire to empty the wallets of the accused (with the diversion of the money to his own pocket a merely incidental consequence).[4] Defendant has already victimized his former clients through embezzling their funds, and to allow him to further embarrass and victimize them through the use of confidential information would be unfairly prejudicial. In addition, "the perpetrator of a fraud may not defend himself by blaming the victim for being duped." United States v. Serfling, 504 F.3d 672, 679 (7th Cir. 2007) (internal citation omitted). Nor is a "Robin Hood defense" -- that a defendant was "robbing the rich to help the poor" -- a legal defense to the crimes charges. United States v. Gatto, 986 F.3d 104, 133 (2d Cir. 2021) (Lynch, J., concurring in part and dissenting in part); see also United States v. Vrdolyak, 593

---

[3] It should be noted that the only way in which defendant even knows about the underlying facts and claims in the civil matters is through defendant's representations of these clients to whom he holds a duty of confidentiality and loyalty. See, e.g., Cal. Rules Prof. Conduct 1.6, 1.9.

[4] Based on discussions government counsel has had with lawyers representing the victims and third parties in this matter, they have stated that they would object to defendant's use of confidential and private information from the underlying civil matters in the present case. If necessary, the victims and third parties can provide the Court with their positions.

1    F.3d 676, 684 (7th Cir. 2010).[5]  Regardless of how defendant would
2    attempt to use the evidence, it would be unfairly prejudicial.

3         Whatever defendant's theory might be (should he ultimately
4    advance one), Rule 403 clearly calls for the Court to exclude the
5    evidence.  Defendant has every right to present evidence relevant to
6    his actions and state of mind, and the government of course has the
7    right to (and intends to in its case-in-chief) introduce evidence of
8    the factual context in which defendant's fraud took place.  But the
9    details involving defendant's victims and third parties in the
10   underlying civil matters could only confuse the issues, mislead the
11   jury, or cause undue prejudice.  Such evidence should be excluded
12   under Rule 403.

13   **III. CONCLUSION**

14        For the foregoing reasons, the government respectfully requests
15   that the Court exclude evidence and arguments about the underlying
16   facts and claims that resulted in civil settlements pursuant to
17   Federal Rules of Evidence 401, 402, and/or 403.

---

26        [5] This is not to say that a Robin Hood defense would even make
27   sense under the facts of this case.  Defendant was not attacking
     high-profile wrongdoers to divert their money to his clients; he was
     stealing from his clients.  Nor was he helping the poor -- he was
28   buying a private plane, paying tens of thousands per month in rent,
     and funding his race car and coffee companies with the money.