H. Dean Steward, SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | SA CR No. 19-061-JVS<br><br>DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S EX PARTE APPLICATION FOR ORDER CONTINUING TRIAL DATE AND FINDING EXCLUDABLE TIME |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his counsel of record, H. Dean Steward, hereby files this reply in support of his Ex Parte Application for Order Continuing Trial Date and Finding Excludable Time.

Dated: June 10, 2021              Respectfully submitted,

                                  /s/ H. Dean Steward
                                   H. DEAN STEWARD

                                  Attorney for Defendant
                                  MICHAEL JOHN AVENATTI

I. ARGUMENT

A. **<u>An Expert Witness is Permitted to Testify as to Mental Condition</u>**. The government argues that an expert witness cannot opine as to a witness' mental condition and is not permitted to testify specifically to a witness' credibility. Opposition at 8:11-15. The government cites *United States v. Rivera*, 43 F.3d 1291 (9th Cir. 1995) in support. The Court is urged to read this case because it does not stand for the proposition claimed by the government. *Rivera* stands for the unremarkable proposition that an expert cannot be called to <u>bolster</u> a witness' credibility. It says nothing about having an expert opine as to a witness' serious mental illness and how that illness impacts a witness' ability to accurately recall facts and details. Further, the government's position is undercut by numerous state and federal cases holding to the contrary. *See Seidel v. Merkle*, 146 F.3d 750 (9th Cir. 1998); *Bloom v. Calderon*, 132 F.3d 1267, 1277 (9th Cir. 1997); *Aguirre v. Alameida*, 120 Fed. Appx. 721 (2005); *Boyko v. Parke*, 259 F.3d 781, 784 (7th Cir. 2001); *Doe v. Superior Court*, (1995) 39 Cal. App. 4th 540, 541 fn. 2 ("Expert testimony on . . . PTSD is routinely admitted in criminal trials in California and other states and no one suggests they are not recognized psychiatric conditions." (citations omitted)).

Moreover, the government's suggestion that the defense can simply cross-examine Employee 1 as to her mental illness is nonsensical. Individuals diagnosed with serious mental deficiencies such as PTSD are not capable of explaining to a jury the cognitive effects of the illness, how it impacts their brain, and how it may impact their ability to truthfully testify and accurately recall detailed facts. *See*, *e.g.*, Exhibits B and C attached to the Application. (Dkt. 484). Indeed, the defense submits that most individuals suffering from mental conditions likely would inform a jury that they are "just fine" and have a near perfect memory, when nothing could be further from the truth. This is why an expert is needed, and indeed required, in situations involving witnesses with mental illness. Lastly, the defense is entitled not only to present expert testimony on the topic of

Employee 1's mental condition, but is also entitled to discovery as to her mental health records prior to her and the expert's testimony. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987)(finding due process entitles a criminal defendant to have a witness's potentially privileged records reviewed *in camera* for material evidence and use at trial).

B. **Employee 1's Mental Condition in the Months Leading Up to Her Testimony and When Testifying is Highly Relevant**. In opposition, the government goes so far as to claim that a witness' mental condition *at the time of testifying* is not relevant and is a collateral matter. Opposition at 8:25-9:17. This argument is obviously without any basis in the law; it is also directly contrary to years of jurisprudence. *See* Charles Allen Wright & Victor James Gold, Federal Practice and Procedure § 6097 (1990); Michael Graham, Handbook of Federal Evidence, § 607.4 (4th ed. 1996). This is why the cases cited by the government do not support the government's claim. For instance, *United States v. Kohring*, 637 F.3d 895 (9th Cir. 2011) and the other cases cited by the government are easily distinguishable as they do not involve the situation here, where you have a key government witness with a *current diagnosed mental illness* who the government seeks to call in its case in chief. The relevance of this is obvious.

C. **The Client Counts Were Not All Charged When Employee 1 Was First Interviewed.** The government claims in their opposition that defendant was charged and arrested before the government interviewed Employee 1.[1] Opposition at 7:17-20. This is half true at best. Mr. Avenatti was initially charged on March 22, 2019 by way of a criminal complaint; that complaint included only one of the client counts that is at issue in the upcoming trial. [Dkt. 1.] Only *after* AUSA Sagel had interviewed Employee 1 for five hours on March 25, thousands of pages of materials had been seized from her home, and the government had further contacts with Employee 1 in the days and weeks that followed, was the government able to later indict Mr. Avenatti on the other nine client

---

[1] In the Application, the defense went to considerable lengths not to disclose Employee 1's name for privacy reasons. In opposition, the government unfortunately did not protect her privacy (*see* Opposition Exhibit 5), resulting in her name being disseminated.

counts. [Dkt. 16.] Further, the government does not dispute that Employee 1 will be called as a witness nor can they – she is in many instances the sole link between the alleged transactions and any alleged criminal conduct by Mr. Avenatti (as evidenced by the government's own search warrant application targeting Employee 1).

D. **The Withheld Information is *Brady* and Should Have Been Disclosed Last Year**. The government does not dispute that it never disclosed the details of Exhibit A and Employee 1's PTSD diagnosis before last week.[2] Nor does the government offer any legitimate excuse as to why they failed to provide this highly relevant information to the defense a year ago. Instead, the government argues the information at best is *Giglio* and *Jencks*. The government is wrong. First, *Giglio* is *Brady*. Second, the Ninth Circuit has held that Brady encompasses all favorable evidence, without regard to materiality. *See, e.g., United States v. Bundy*, 968 F.3d 1019, 1033 (9th Cir. 2020); *United States v. Price*, 566 F.3d 900 (9th Cir. 2009). The information should have been produced last year but was instead kept from the defense.

E. **Defense Counsel Did Not Contact a Represented Witness**. The government claims that undersigned counsel contacted Employee 1, who was represented in this case by counsel at the time. Opposition at 6:16-7:5. The government knows this is not accurate. As explained in paragraph 12 of the Application, defense counsel approached Employee 1 <u>on March 15, March 22 and March 26</u> of this year. She never responded and instead immediately and directly informed the government. <u>Days later, on March 30</u>, Mr. Donohue, <u>civil counsel for Employee 1,</u> contacted defense counsel and informed him that Employee 1 was represented by him in <u>two related civil matters</u>. *See* Opposition Exhibit 5. Mr. Donohue has never represented Employee 1 in this case and defense counsel was never informed Employee 1 was represented by any lawyer in this case until late April 2021 (she is now represented by Mr. John Barton).

---

[2] It was recently discovered in the Nike-related matter that critical Jencks Act materials were withheld by the USAO-SDNY and USAO-CDCA prior to Employee 1's trial testimony, which explains why she was not cross-examined in that case. *See* Dkt. 315 (SDNY, 19Cr.373 (PGG)).

3

Dated: June 10, 2021               Respectfully submitted,

<u>/s/ H. Dean Steward</u>
H. DEAN STEWARD

Attorney for Defendant
MICHAEL JOHN AVENATTI

## **CERTIFICATE OF SERVICE**

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672. I am not a party to the above-entitled action. I have caused, on June 11, 2021, service of the defendant's:

REPLY IN SUPPORT OF DEFENDANT'S EX PARTE APPLICATION FOR ORDER CONTINUING TRIAL DATE AND FINDING EXCLUDABLE TIME

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 11, 2021

/s/ H. Dean Steward

H. Dean Steward