H. Dean Steward, SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S IN LIMINE MOTION TO ADMIT BUSINESS RECORDS |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his counsel of record, H. Dean Steward, hereby files this opposition to the government's Motion in Limine to Admit Business Records Under the Self-Authentication Provision of Federal Rule of Evidence 902(11). (Dkt. 473). Defendant's opposition is based on the attached memorandum of points and authorities; the files, records and transcripts in this case; and argument as the Court may permit at a hearing.

Dated: June 12, 2021            Respectfully submitted,

/s/ H. Dean Steward
H. DEAN STEWARD

Attorney for Defendant
MICHAEL JOHN AVENATTI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By way of their motion, the government requests that the Court issue a blanket order finding that approximately <u>11,014 documents, totaling 107,559 pages</u>, are self-authenticating and that a proper foundation has been provided by the government for admission of the documents at trial. [Dkt. 473 at 3]. In addition, the government seeks a ruling by the Court that all 11,014 documents are admissible at trial, despite Defendant's hearsay and other objections,[1] and that the documents "will be admitted at trial subject only to objections under Federal Rules of Evidence 401 (relevance) and 403 (undue prejudice)." [Dkt. 473 at 4.]. <u>The scope of the motion is as broad as it is improper.</u>

In moving for this extraordinary relief, the government fails to provide any of the 11,014 documents to the Court for review and also fails to provide any of the 59 affidavits/declarations allegedly relied on by the government pursuant to Rule 803(6). These fundamental deficiencies require the denial of the motion from the outset. The Court cannot grant the grand relief the government seeks without engaging in the analysis demanded under the law. And that analysis cannot be conducted without reviewing in detail the actual documents, together with the affidavits/declarations the government is relying on for admission of the documents over Defendant's objections.

What the government is asking the Court to do is blatantly improper. It would result in the wholesale authentication and overruling of Defendant's objections, and ultimately likely admission, of literally thousands of documents that would otherwise be inadmissible due to hearsay, authentication, foundation and Confrontation Clause objections. <u>All without any legal analysis by the Court</u>. The motion should be denied, with prejudice, in its entirety.

---

[1] To be clear, the defendant objects to admission of each of the documents based on hearsay, lack of foundation and authentication, as well as the fact that admission at trial would violate Defendant's right to confrontation as guaranteed by the Sixth Amendment.

## II. FACTUAL BACKGROUND

On May 21, 2021, the government sent undersigned counsel a letter indicating that the "government intends to introduce [at trial] business records from various entities at trial pursuant to Federal Rule of Evidence 902(11)." [Dkt. 473-1]. The government indicated that it sought to introduce business records from 59 entities: AC Fine Art, Alant Corp. dba Circle Porsche, AppRiver LLC, American Express, Arizona DMV, AT&T Mobility, Bank of America, Blue Water Escrow, Burke Contracting LLC, California Bank & Trust, Chase Bank City Bank National, Competition Motorsports, Cox Communications, Daytona International Speedway LLC, Early Warning Services, E*Trade Securities LLC, Exclusive Resorts LLC, European Collectibles, Experian, FAA, Fidelity National Financial, First National Bank of Omaha, Gall Builders, Inc. Google, Gold N Koi LLC, GoDaddy, Graham Architecture, Halaby Restoration, Home Street Bank, Honda Aircraft Company, LLC, Ide & Associates Inc., IMSA, Jaguar Land Rover, Jewelers on Time, Key Bank, Mariners Escrow, Montage Hotel, Paychex, Peterson Sullivan LLP, Porsche, Rusnak Auto Group, SM 10000 Property LLC, Southland Credit Union, Sprint, the California Club, the Escrow Connection, the George Washington University, the People's Bank, TSYS Merchant Solutions, Union Bank, US Bank, USAA Federal Savings, Verizon Wireless, Villas and Apartments, Vincent Builders Inc., and Wells Fargo Bank.

The documents the government listed in its letter total 11,014 in number and span 107,559 pages. The materials include all manner of documents and records, including but not limited to emails, notes, handwritten notes, reports, faxes, memoranda, recordings, contracts, and letters. Many of the documents were not automatically computer generated. Countless documents contain double and triple hearsay. Other documents appear to have originated outside of the entity that produced them to the government (meaning the producing entity cannot attest to their creation and trustworthiness). The government gave the defense **six days** (to May 27, 2021) to

review the 11,014 documents and inform the government as to whether the Defendant objected to the admission of the documents as business records.

On May 23, 2021, undersigned counsel informed the government that their request was improper for multiple reasons.[2] On May 31, 2021, the government filed the instant motion.

Importantly, none of the 11,014 documents or any certified affidavit or declaration from a custodian of records was filed with the motion for the Court's review. Instead, the government asks that the Court, in a vacuum, rule that over 11,000 documents satisfy the authentication and hearsay requirements of Rules 902(11) and 803(6) and therefore are admissible over Defendant's objections. Worse yet, the government requests that the Court order "that the documents will be admitted at trial subject only to objections under Federal Rules of Evidence 401 (relevance) and 403 (undue prejudice)" [Dkt. 473 at 4], meaning that all other objections the defendant may have as to admissibility are overruled. Further, within this motion, the government reserves the right to provide further notice of even more documents that it intends to introduce as purported business records under Federal Rule of Evidence 902(11).[3]

### III. ARGUMENT

#### A. The Government's Effort to Authenticate the Purported Business Records Is Woefully Deficient Under the Law

The government requests that the Court "issue an order that the documents subject to this motion are self-authenticating" and require no extrinsic evidence to be admitted. [Dkt. 473]. The government further requests that the Court find that it has made a sufficient showing for the authenticity and foundational requirements of Rule 902. But

---

[2] At the time of the initial response, the defense was still calculating the total number of documents identified in the government's letter but had preliminarily determined that it was over 6,400 documents (and over 26,000 pages).

[3] Mr. Avenatti expressly reserves the right to make future objections as to any such documents.

3

1 in seeking this relief, the government not only fails to provide a *sufficient foundation* for
2 admission of each of the 11,014 documents, *they provide no foundation at all*. Instead,
3 the government effectively asks that the Court perform no analysis and overrule
4 Defendant's objections as to over 107,000 pages of purported "business records" without
5 reviewing a single document or corresponding affidavit/declaration from a qualified
6 custodian. The government's efforts should be soundly and swiftly rejected.

7       Federal Rule of Evidence 902(11) allows for certain domestic records of regularly
8 conducted activity to be self-authenticating and excuses the need for extrinsic evidence
9 of authenticity. Rule 902(11) works in tandem with Rule 803(6) to "allow proponents of
10 business records to qualify them for admittance with an affidavit or similar written
11 statement rather than live testimony." *See United States v. Kahre*, 610 F. Supp. 2d 1261,
12 1263 (D. Nev. 2009) (citing *DirecTV, Inc. v. Murray*, 307. F.Supp. 2d 764, 772 n. 3
13 (D.S.C 2004)).

14       Pursuant to Rule 902(11), the original or a copy of a domestic record that meets
15 the requirements of Rule 803(6)(A)-(C), as shown by the certificate of the custodian or
16 another qualified individual, are self-authenticating and require no additional extrinsic
17 evidence. Rule 803(6) "excepts records of regularly conducted activity from the
18 disqualifying consequence of the rule against hearsay…" *United States v. Way*, 2018
19 U.S. Dist. LEXIS 92293, *3 (E.D. Cal. 2018). A party seeking to admit a business record
20 under the business records exception to the hearsay rule - in this instance the government
21 - bears the burden of proof. *In Re Kupfer*, 579 B.R. 222, 227 (N.D. Cal. Bankr. 2017).

22       Under Rule 803(6), business records act as an exception to the rule against hearsay
23 so long as the following requirements are met:

> (A) the record was made at or near the time by – or from information transmitted by – someone with personal knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice;

4

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate lack of trustworthiness." Fed. R. Evid. 803(6)

In order to satisfy the requirements of Rules 902(11) and 803(6), the proponent of the business records must set forth sufficient grounds to justify the pre-trial authentication for each document. <u>The proponent must do so by way of a document-by-document analysis and showing submitted to the Court.</u> Merely submitting the documents en masse, together with the affidavits, is woefully inadequate.[4] *See, e.g., United States v. Larkin*, 2017 U.S. Dist. LEXIS 34549 at *2-6 (D. Nev. 2017)(the government's act of listing over 2,000 documents and attaching the relevant custodian of records' declarations, without more, was insufficient to warrant the pre-trial authentication pursuant to Rules 902(11) and 803(6)). The reason for this is obvious - each document or record must separately qualify under Rules 902(11) and 803(6) in order to be admitted.

Indeed, the law is clear that whether "the particular record qualifies for the exception hinges upon the content and preparation of the record." *In Re Oil Rig "Deepwater Horizon,"* 2012 U.S. Dist. LEXIS 3406, *10 (E.D. La. 2012)(citing Anthony J. Dreyer, *When the Postman Beeps Twice: The Admissibility of Electronic Mail Under the Business Records Exception of the Federal Rules of Evidence*, 64 Fordham L. Rev. 2285, 2326 (1996)); *See also, Monotype Corp. PLC v. International Typeface Corp.*, 43 F.3d 443 (9th Cir. 1994) (ruling on the inadmissibility of alleged

---

[4] Here, as noted, no documents or affidavits/declarations were provided to the Court. Further, any submission of the documents and affidavits by the government on reply would be procedurally improper and, therefore, defendant objects. To the extent the government was required to make a showing to the Court and provide an adequate foundation for the relief requested, the government was required to have done so in the motion.

5

business records on a document-by-document basis). This is true regardless of the type of document proposed to be admitted. *See It's My Party, Inc. v. Live Nation, Inc.,* 2012 U.S. Dist. LEXIS 119625 (D. Md. 2012)("I decline to accept a blanket rule that emails constitute business records; more specificity is required regarding the party's recordkeeping practices to show that a particular email in fact constitutes a business record."); *Brown v. West Corp.,* 2014 U.S. Dist. LEXIS 62476, at *7-8 ("each email must be analyzed to determine whether it meets the elements of the business record exception."). To establish that exhibits fall within the business records exception, it is not enough for a party to "simply say that the submitted exhibit 'is clearly a business record.'" *Marcaeau v. Dep't of Ins,* 2011 U.S. Dist. LEXIS 87076, at *24 (D. Idaho 2011).

Further, the content of the affidavits and declarations matter - it is not enough for the custodian to merely parrot the language of Rule 803(6) without regard for the type of documents being produced. Indeed, courts have "<u>refused to admit records where declarants offer no more than conclusory statements that repeat the language of Rule 803(6).</u>" *Izett v. Crown Asset Mgmt., LLC,* 2019 U.S. Dist. LEXIS 170548, at *16 (N.D. Cal. 2019)(emphasis added); *see also Orlob-Radford,* 2016 U.S. Dist. LEXIS 142598, at *5 (E. D. Wash. 2016)(district court refused to accept "conclusory statements as foundation" to establish foundation of business record when the declarant "parroted the foundational language of Fed. R. Evid. 803(6) but provided no basis to show how he knew the records were actually created in the ordinary course of business."); *See also, Rogers v. Oregon Train Elec. Consumers Co-Op., Inc.,* 2012 U.S. Dist. LEXIS 65883, at *9 (D. Or. 2012)(requiring more than "boiler, conclusory statements that simply parrot the elements of the business record exception to the hearsay rule").

Here, it is obvious as to why the government did not submit the affidavits and declarations to the Court - namely because many of them are facially deficient and fail to meet the basic requirements of Rules 902(11) and 803(6). For instance, some fail to

6

state whether the records were kept in the course of regularly conducted business. Several do not describe whether the relevant records were made at or near the time of the event by someone with personal knowledge. Others are unsigned by the purported custodian of records. On some, the certifying party has failed to include their job title or state whether the documents are originals or true and correct duplicates. Many only parrot the elements of the business records exception and provide no true basis as to why the specific records qualify as self-authenticating business records under Rules 803(6) and 902(11).

In addition, it is also readily apparent as to why the government did not submit any of the claimed business records for review by the Court - namely because thousands of the documents are obviously not business records and suffer from significant hearsay problems, including double and triple hearsay.

Moreover, many of the documents also contain testimonial, prejudicial statements and are in violation of the Sixth Amendment. The Confrontation Clause of the Sixth Amendment requires that the accused shall enjoy the right to be confronted with the witnesses against him. The government is prohibited from introducing a witness's out-of-court, "testimonial" statements at trial unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 60 (2004). Testimonial statements have the primary purpose of "establishing or proving past events potentially relevant to a later criminal prosecution." *Bullcoming v. New Mexico*, 131 S. Ct. 2705, 2714 (2011). Testimonial statements "would not qualify as business records under Fed. R. 803(6)." *United States v. Feliz*, 467 F.3d 227, 233-34 (2nd Cir. 2006). Business records kept in the ordinary course of business may be admitted at trial, but "that is not the case where the regularly conducted business activity is the productive of evidence for use at trial." *United States v. Sage*, 2015 U.S. Dist. LEXIS 50454, *10-11 (E.D. Cal. 2015); citing *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 321 (2009) (finding that a crime lab's certificate of

analysis were made in the preparation of trial and could not be admitted as a business record). Within the documents sought to be admitted by the government are letters, memos, emails, notes and handwritten notes between third parties that are not expected to testify at trial. Some documents contain dialogue directed to the prosecution and others that describe the relevant records, the absence of the records or the circumstances surrounding the records requested. The testimonial nature of these documents and Defendant's Sixth Amendment rights preclude the records from being admitted or authenticated as business records.

    The government has failed to meet the foundational requirements of Rules 902(11) and 803(6). Instead of providing the Court with a document-by-document analysis together with the documents and the required affidavits/declarations, the government asks that the Court accept as truth that over 11,000 documents, of all types and ages, are properly authenticated as business records. This is insufficient. Because the government has failed to satisfy the authenticity and foundational requirements for admission of the documents, the motion should be denied in its entirety.

### B. The Government Failed to Provide Mr. Avenatti Proper Notice of the Records it Seeks to Designate as Business Records

    When a party seeks to self-authenticate documents through certification rather than live testimony, the records must meet the requirements of Rule 803(6)(A)-(C). Before the trial or hearing, "the proponent must give an adverse party *reasonable written notice* of the intent to offer the record – and must make the record and certification available for inspection-so that the party has a fair opportunity to challenge them." *Id.* (emphasis added). Records are not admissible under the business records rule when introduced shortly before trial providing insufficient time for opposing parties to sufficiently challenge them. See *HSBC Ins. V. Scanwell Container Line*, 2011 U.S. Dist. LEXIS 26908 at *5 (C.D. Cal. 2001)("The Plaintiff only provided receipts and [the] declaration shortly before trial so there was insufficient time for the opposing parties to

8

challenge them. Thus, the receipts are not admissible under the business records rule.") The central aspect of the rule "is to provide adverse party adequate time to investigate and challenge the adequacy of the underlying records." *United States v. Komasa*, 767 F.3d 151, 156 (2nd Cir. 2014)(citing *United States v. Daniels*, 723 F.3d 562, 579-81 (5th Cir. 2013). This notice requirement is in place "to ensure that evidence [is] to be accompanied by an affidavit [that] can be vetted for objection or impeachment in advance." *United States v. Brown*, 553 F.3d 768, 793 (5th Cir. 2008).

Here, the government failed to provide Mr. Avenatti with adequate or reasonable written notice of its intent to authenticate over 100,000 pages of documents. In addition, after its initial correspondence dated May 21, 2021, the government provided the defense with a mere six days to review over 11,000 documents and determine whether they would agree to their admissibility. Six days is an insufficient period of time to review and perform meaningful investigation and challenges to the relevant documents. Only ten days after sending its initial correspondence, the government filed its instant motion seeking wholesale authentication of 11,000 documents from 59 different entities. The government's conduct does not qualify as reasonable notice under the language of Rule 803(6) and requires the denial of the motion.

## IV. CONCLUSION

Based upon the foregoing, Mr. Avenatti respectfully requests that the Court deny the government's Motion in Limine to Admit Business Records Under the Self-Authentication Provision of Federal Rule of Evidence 902(11) in its entirety and with prejudice.

Dated: June 12, 2021　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s/ H. Dean Steward
　　　　　　　　　　　　　　　　　　　H. DEAN STEWARD

　　　　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　　　MICHAEL JOHN AVENATTI

9

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672. I am not a party to the above-entitled action. I have caused, on June 12, 2021, service of the defendant's:

**DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S IN LIMINE MOTION TO ADMIT BUSINESS RECORDS**

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 12, 2021

/s/ H. Dean Steward

H. Dean Steward

10