H. Dean Steward, SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL JOHN AVENATTI, <br><br> Defendant. | SA CR No. 19-061-JVS <br><br> DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S IN LIMINE MOTION TO ADMIT DEFENDANT'S STATEMENTS AND EXCLUDE OTHER STATEMENTS AS HEARSAY |

    Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his counsel of record, H. Dean Steward, hereby files an opposition to the Government's Motion in Limine to Admit Relevant Statements by Defendant and to Exclude Defendant's Remaining Statements as Hearsay. Defendant's opposition is based on the attached memorandum of points and authorities; the files, records and transcripts in this case; and such further evidence and argument as the Court may permit at a hearing.


Dated: June 14, 2021          Respectfully submitted,

                         /s/ H. Dean Steward
                          H. DEAN STEWARD

                         Attorney for Defendant
                         MICHAEL JOHN AVENATTI

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES.................................................................ii

I.   INTRODUCTION...............................................................1

II.  FACTUAL BACKGROUND....................................................2

III. ARGUMENT....................................................................4

A. The Rule of Completeness Requires the Admission of Contextual, Exculpatory Statements and Mr. Avenatti Cannot be Precluded from Offering any other Statements.................................................4

    i.   The Rule of Completeness is Only Partially Codified by Rule 106

    ii.  The Failure to Enforce the Principles of the Common Law Rule of Completeness Will Result in a Fifth Amendment Violation

    iii. Mr. Avenatti Should Not be Denied the Ability to Introduce Any Other Statements

B. Mr. Avenatti Objects to the Authentication of Transcripts and the Use of Transcripts in Lieu of Audio-Recorded Statements............................11

C. Mr. Avenatti Objects to the Admission of the Transcript Excerpts as they Violate Rules 401, 403 and 404(b)...........................................14

IV.  CONCLUSION.................................................................16

CERTIFICATE OF SERVICE......................................................18

1

## TABLE OF AUTHORITIES

**CASES:**  Page

*Beech Aircraft Corp. v. Rainey,*
488 U.S. 153 (1988)............................................................5,6

*United States v. Socony-Vacuum Oil Co.,*
310 U.S. 150 (1940)...........................................................15

*Abdulal v. United States,*
2005 U.S. Dist. LEXIS 52747 (W.D. Wash. 2005)............................11

*Cornejo v. Ocwen Loan Servicing, LLC,*
2016 U.S .Dist. LEXIS 125912 (E.D. Cal. 2016)............................10

*Garcia v. Fawzy (In Re Garcia),*
2020 Bankr. LEXIS 2337 (9th Cir. Bankr. 2020)............................12

*Howarth v. Luther,*
2018 U.S. Dist. LEXIS 89662 (D. Id. 2018)................................14

*In re Homestore.com, Inc. Sec. Litig.,*
2011 U.S. Dist. LEXIS 10677 (C.D. Cal. 2011)............................10

*SEC v. Franklin,*
348 F. Supp. 2d 1159 (S.D. Cal. 2004)................................11,13

*Sperberg v. Goodyear Tire and Rubber Co.,*
 519 F.2d 702 (6th Cir. 1975)............................................10

*United States v. $2,164,341 in United States Currency,*
2013 U.S. Dist. LEXIS 796969 (D. Ariz. 2013)............................13

*United States v. Bailey,*
322 F.Supp. 3d 661(D. Md. 2017)...........................................7

*United States v. Delgado,*
357 F.3d 1061 (9th Cir. 2004)............................................14

*United States v. Franco,*
136 F.3d 622 (9th Cir. 1997)............................................14

ii

*United States v. Gadson*,
763 F.3d 1189 (9th Cir. 2014)…………………………………………………………...8

*United States v. Harry*,
816 F.3d 1268 (10th Cir. 2016)…………………………………………………..7

*United States v. LeFevour*,
798 F.2d 977 (7th Cir. 1986)…………………………………………………………..7

*United States v. Marin*,
669 F.2d 73 (2d Cir. 1982)…………………………………………………………..9

*United States v. Pacquette*,
557 Fed. Appx. 933 (11th Cir. 2014)…………………………………………………6

*United States v. Perlmuter*,
693 F. 2d 1290 (9th Cir. 1982)…………………………………………………………11

*United States v. Quinones-Chavez*,
641 Fed. Appx. 722 (9th Cir. 2016)(unpublished)…………………………………6,9,10

*United States v. Range*,
94 F.3d 614 (11th Cir. 1996)…………………………………………………………..6

*United States v. Sutton*,
801 F.2d 1346 (D.C. Cir. 1986)…………………………………………………...7,9

*United States v. Turner*,
528 F.2d 143 (9th Cir. 1975)…………………………………………………………14

*United States v. Vallejos*,
742 F.3d 902 (9th Cir. 2014)…………………………………………………………..5

*United States v. Walker*,
652 F.2d 708 (7th Cir. 1981)…………………………………………………………9

*United States v. Workinger*,
909 F.3d 1409, 1415 (9th Cir. 1996)…………………………………………………11

*United States v. Whitman*,
771 F.2d 1348 (9th Cir. 1985)…………………………………………………………..8

*We Are Am. v. Maricopa Count Bd. of Supervisors,*
297 F.R.D. 373, (D. Ariz. 2013)…………………………………………………...13

**FEDERAL RULES & U.S. CONSTITUTIONAL PROVISIONS:**

Fed. R. Evid. 106……………………………………………………………1,5,6,7,9

Fed. R. Evid. 106, *Notes of Advisory Committee*………………………………...5

Fed. R. Evid. 401…………………………………………………………………..14

Fed. R. Evid. 403………………………………………………………………14,15

Fed. R. Evid. 404(b)……………………………………………………………14,15

Fed. R. Evid. 801(d)(2)(A)………………………………………………………….4

Fed. R. Evid. 901……………………………………………………………11,12,13

Fed. R. Evid. 902(4)…………………………………………………………….12,13

Fed. R. Evid. 1002…………………………………………………………...13,14

U.S. Const. Amend. V…………………………………………………………...9

**OTHER AUTHORITES:**

Harold F. Baker,
*Completing the Rule of Completeness: Amending Rule 106 of the Federal Rules of Evidence,* Creighton L. Rev. 281, 304 (2017)……………………………………9

21A Kenneth W. Graham, Jr.,
*Federal Practice and Procedure* § 5072 (2d ed. 2015)…………………………..6

Stephen A. Saltzburg et al.,
*Federal Rules of Evidence Manual* § 106.02 (11th ed. 2015)…………………….6

Dale A. Nance,
*Verbal Completeness and Exclusionary Rules Under the Federal Rules of Evidence,*
75 Tex. L. Rev. 51, 54 (1996)……………………………………………………6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

By way of their motion, the government requests that the Court issue a blanket order allowing the prosecution to introduce 55 excerpts from over 1,091 pages of transcripts. The prosecution also asks that this Court preclude Mr. Avenatti from introducing exculpatory and contextual statements in response, and prevent Mr. Avenatti from introducing " the remaining portions of these transcripts (and <u>any other statements of defendant that he may seek to introduce)</u>… " as inadmissible hearsay [Dkt. 474, p. 7](emphasis added). The government's request is improper and should be denied.

First, the common law rule of completeness, codified only partially in Rule 106, permits Mr. Avenatti to introduce all or part of a writing that is needed to repair a misleading impression created by the prosecution. Second, the government argues that it should be permitted to introduce contextual statements made by various courts and other questioning attorneys as they are "admitted for context … and not for the truth of the matter asserted." [Dkt. 474, p. 13.] However, the government asks that the Court determine that any statements offered by the Defendant, within these transcripts or elsewhere, are inadmissible hearsay.

In addition, requiring the Defendant to choose between suffering the consequences of the admission of cherry-picked and misleading evidence or be a witness against himself violates the Fifth Amendment by unconstitutionally compelling him to testify. Further, requesting that the Court rule in a vacuum and preclude "any other statements of defendant" as inadmissible hearsay is not supported by the law. The government not only requests that Defendant be prohibited from using other statements from within the transcripts, but also seeks to limit Mr. Avenatti from offering any additional, prior statements not included within these transcripts, regardless of their origin and whether they were made orally or in writing. This request lacks all merit and any support in the law. If there are specific statements that the government seeks to exclude as inadmissible

hearsay, it must identify those statements and request the appropriate relief.

In the motion, the government also fails to lay the proper foundation and authenticate the transcripts as true and correct versions of the originals and accurate portrayals of the audio-recorded proceedings they seek to represent. In addition, some of the answers given by Mr. Avenatti were subject to objections lodged on the record, which have yet to be ruled on.

For each of these reasons and those set forth below, Mr. Avenatti asks that the government's motion be denied.

## II.    FACTUAL BACKGROUND

On May 25, 2021, the government contacted undersigned counsel and indicated that the prosecution intended to file a motion to admit "statements by [Mr. Avenatti] at various proceedings … as statements of a party opponent." [Dkt. 474-2.] The government identified the excerpts it sought to introduce and asked for a response by May 28, 2021, four days prior to undersigned counsel beginning a jury trial. On May 26, 2021, the defense contacted the government and indicated that 72 hours to review over 1,000 pages and provide substantive objections and completeness arguments was unreasonable. [Dkt. 474-12.] Six days later, on May 31, 2021, the government filed the instant motion attaching ten exhibits with the excerpts it seeks to introduce at trial. The government seeks to admit excerpts from the following transcripts.

Exhibit B – *Reporter's Transcript from Johnson v. Leroy Baca, et al.*: On November 7, 2014, a status conference was held at the U.S. District Court for the Central District of California in connection with the *Johnson v. Baca, et al.* matter. Mr. Avenatti appeared on behalf of Mr. Johnson. The government has indicated that it seeks to introduce statements made by Mr. Avenatti during this conference regarding active settlement discussions, a tentative settlement agreement, and the timing of the potential settlement payout. The government expressed its intent to introduce the statement, "when the settlement dollars are to be paid to Mr. Johnson, who as the Court knows, is a

paraplegic and is in need of the funds." [Dkt. 474, p. 8]. However, this portion of the government's Exhibit B is not highlighted to signal its request for admission. [Dkt. 474-3, p. 6.][1]

Exhibit C – *Transcript from United States Bankruptcy Court In Re: Eagan Avenatti, LLP*: On July 19, 2018, Mr. Avenatti testified during the EA LLP judgment debtor examination in connection with the EA LLP bankruptcy. Of the 140 pages of transcripts, the government seeks to introduce statements made on pages 5, 94, 109, and 113. The government seeks to admit statements that show Mr. Avenatti was under oath, exercised control over Global Barista, LLC, participated in a specific class action lawsuit, and worked with out-of-state co-counsel.

Exhibit D – *Transcript from United States Bankruptcy Court In Re: Eagan Avenatti, LLP*: On March 22, 2019, Mr. Avenatti testified during a second EA LLP judgment debtor examination. Of the 247 page transcript, the government asks that the Court not only admit several statements from Mr. Avenatti but also from various attorneys as well as the court. The government seeks to admit statements made by Mr. Avenatti regarding Mr. Johnson, Mr. Barela, Ms. Phan, and several plaintiffs from the NFL litigation.

Exhibit G and H – *Transcripts from Section 341(a) Creditors Meetings*: On June 12, 2017 and July 14, 2017, Mr. Avenatti testified during an EA LLP bankruptcy creditors meeting. Of the 197 pages of transcript that resulted from the June 12, 2017 proceeding, the government seeks to admit 9 different excerpts. Of the 147 pages produced from the July 14, 2017 creditors meeting, the government seeks to introduce 2 pages. The government seeks to introduce statements regarding Mr. Avenatti's role in his former legal practice, his ethical duties to his clients, and his control over a single City National Bank attorney-client trust account.

---

[1] The government's attempt to admit this statement is directly contrary to its own motion in limine seeking to preclude information from the underlying claims and litigation [Dkt. 476].

Exhibit I – *Transcript from In Re: Marriage of Michael Avenatti and Lisa Storie-Avenatti*: On January 30, 2019, Mr. Avenatti testified in this proceeding related to the divorce of his current wife, Lisa Storie. Of the 147 page transcript, the government seeks to admit three excerpts to establish that Mr. Avenatti was under oath, resided in an expensive apartment and understood a legal conclusion relating to trust accounts. [Dkt. 474-10, p. 49.]

Exhibit J – Transcript from *Jason Frank Law PLC, v. Michael Avenatti*: On March 15, 2019, Mr. Avenatti testified during a judgment debtor examination. From the transcripts totaling 178 pages, the government seeks to introduce statements from 9 pages. The statements are related to Mr. Avenatti's former residence and its rental value, GB Autosport, vendors used by Global Baristas, LLC, and Mr. Avenatti's attorney-client relationship with Mr. Johnson. The government asks that the Court introduce over a page of dialogue between the court and counsel regarding Mr. Avenatti's assertion of the attorney-client privilege. [Dkt. 474-11, p. 135.]

## III.   ARGUMENT

### A. The Rule of Completeness Requires the Admission of Contextual, Exculpatory Statements and Mr. Avenatti Cannot be Precluded from Offering any other Statements

The government asks that the Court admit certain excerpts of transcripts and prior statements of Mr. Avenatti. The government argues that these statements by Defendant are admissions of a party-opponent, which are made admissible by Rule 801(d)(2)(A). The government also asks that the Court make a finding that "the statements of the questioning attorneys and the court are not hearsay because they are admitted for context -- to help the jury understand defendant's statements -- and not for the truth of the matter asserted." [Dkt. 474, p. 13]. However, within the same breath, the government argues that the remaining portions of these transcripts (and any other statements of defendant that he may seek to introduce) are inadmissible hearsay." [Dkt. 474, p. 7](emphasis

4

added). The government seeks to employ the principles of the rule of completeness by requesting that the Court permit the prosecution to introduce statements of questioning attorneys and the relevant court as contextual non-hearsay. However, when applied to the Defendant's same request, any statements proffered for context or otherwise are inadmissible hearsay according to the government.

Pursuant to Federal Rule of Evidence 106, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, <u>of any other part – or any other writing or recorded statement – that in fairness ought to be considered at that time</u>." Fed. R. Evid. 106 (emphasis added). The Notes of Advisory Committee indicate that the rule is based on two considerations: (1) an attempt to repair "the misleading impression created by taking matters of context, " and (2) the prevention of "the inadequacy of repair work when delayed to a point later in trial." Fed. R. Evid. 106, *Notes of Advisory Committee.* The rule of completeness requires that a "full document or set of documents be introduced: 'when one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only though presentation of another portion … the material required for completeness is ipso facto relevant and therefore admissible.'" *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996). The rule of completeness aims to avoid misrepresentation of a statement "by requiring presentation of those portions of the statement that are relevant to understanding its meaning." *United States v. Castro-Cabrera*, 534 F. Supp. 2d 1156, 1159-60 (C.D. Cal. 2008).

**i.   The Rule of Completeness is Only Partially Codified by Rule 106**

Rule 106, only partially codifies the common law rule of completeness, which "exists to avert 'misunderstanding or distortion' caused by introduction of only part of a document." *United States v. Vallejos*, 742 F.3d 902, 904 (9th Cir. 2014); *citing Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172 (1988)(finding that Federal Rule of Evidence 106 "partially codifies the common-law doctrine of completeness…"). Both

the Ninth Circuit and the Supreme Court have recognized that the rule of completeness "continues to operate independently notwithstanding its partial codification in Rule 106." *United States v. Quinones-Chavez*, 641 Fed. Appx. 722, 728 (9th Cir.2016) (unpublished) (Fisher, J. concurring in part and dissenting in part); *citing Beech Aircraft Corp., supra,* 488 U.S. at 171-72.

      Several legal commentators have interpreted the rule of completeness to have a "trumping function" that allows for the admission of completeness evidence, although the evidence would otherwise be hearsay. *Quinones-Chavez*, *supra,* 641 Fed. Appx. at 729-30; *citing* 21A Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5072 (2d ed. 2015); *See also* Stephen A. Saltzburg et al., *Federal Rules of Evidence Manual* § 106.02 (11th ed. 2015)("A party should not be able to be able to admit an incomplete statement that gives an unfair impression, and then object on hearsay grounds to completing the statements that would rectify the unfairness."); *See* Dale A. Nance, *Verbal Completeness and Exclusionary Rules Under the Federal Rules of Evidence*, 75 Tex. L. Rev. 51, 54 (1996)(the proponent may be tempted to introduce part of an admission that is the most damaging the opponent, but "the completeness doctrine vitiates this maneuver by assuring the introduction of all parts of the admission [and] … trumps exclusionary rules that would otherwise prevent the opponent's response.").

      Other circuits have determined that the common law principles of the rule of completeness allow for the admission of otherwise inadmissible evidence in order to effectuate the fairness aspect of the common law rule. *Quinones-Chavez*, *supra,* 641 Fed. Appx. at 729-30; *citing United States v. Bucci*, 525 F.3d 116, 133 (1st Cir. 2008)("our case law unambiguously establishes that the rule of completeness may be invoked to facilitate the introduce of otherwise inadmissible evidence."); *See also United States v. Pacquette*, 557 Fed. Appx. 933, 936-37 (11th Cir. 2014), *citing* United *States v. Range*, 94 F.3d 614, 621 (11th Cir. 1996)("Under the Rule 106 fairness standard, the exculpatory portion of the defendant's statement should have been admitted if it was

relevant to an issue in the case and necessary [to] clarify or explain the portion received."); *United States v. Sutton*, 801 F.2d 1346, 1368 (D.C. Cir. 1986)(finding that fairness may require the admission of some otherwise inadmissible evidence); *United States v. Harry*, 816 F.3d 1268, 1279-80 (10th Cir. 2016)(the fairness principle of Rule 106 "can override the rule excluding hearsay."); *See also, United States v. Bailey*, 322 F.Supp. 3d 661, 675-75 (D. Md. 2017)(due to a split in authority within the Fourth Circuit, "a court may allow inadmissible evidence under the completeness doctrine…"); *United States v. LeFevour*, 798 F.2d 977, 981 (7th Cir. 1986) ("If otherwise inadmissible evidence is necessary to correct a misleading impression, then either it is admissible for this limited purpose by force of Fed. R. Evid. 106, or if it is inadmissible … the misleading evidence must be excluded too.").

The rule of completeness demands that Mr. Avenatti have the opportunity to provide jurors further context for the excerpts offered as evidence by the government. Several of the excerpts identified by the government are misleading, irrelevant, and require the admission of other excerpts or other writings to provide background to the relevant statements and ensure the jury is not misled. It is impossible to select all of the statements the defense will wish to introduce for completeness purposes at this juncture. The government's questioning, argument, and the theories the prosecution develops throughout the trial, together with exactly which statements the government seeks to place before the jury during the trial, will determine which completeness evidence and other rebuttal evidence is necessary and relevant.  However, by way of example only, the following statements would be required:  (1) the balance of Exhibit B; (2) Exhibit C - 111:14-112:10, 112:24-113:3; (3) Exhibit D – 87:12-88:24,  89:15-21, 152:13-18, 153:5-16, 189:22-190:7, 215:1-13, 215:17-216:4, 220:2-4, 224:1-9, 224:18-8, 233:13-234:2, 241:16-18.[2]

---

[2] These selected portions of the transcripts are provided only to illustrate one of the problems with the broad relief sought by the government.  As stated above, it is impossible to select all of the statements the defense will wish to introduce for

Mr. Avenatti also objects to the government's admission of hearsay statements made by questioning attorneys and the various judicial officers. [Dkt. 474, p. 13.] Statements of the attorneys and the court are not statements by a party opponent and cannot be introduced through this exception to the general ban on hearsay. The government does not merely seek to provide limited "clarification and context" as the case law it cites represents. *See United States v. Gadson*, 763 F.3d 1189, 1212 (9th Cir. 2014)(officer's statement that Defendant "made these admissions to use" were not offered for the truth of the matter asserted because officer did not describe nature of admissions or suggest they were true); *United States v. Whitman*, 771 F.2d 1348, 1352 (9th Cir. 1985)(recorded statements of informant were not admitted for truth but for context when the same informant testified during trial and Defendant had an opportunity to cross-examine him).

The government seeks to introduce multiple pages of testimony from questioning attorneys and various courts. Unlike the caselaw the government cites, these same questioning attorneys and the various courts will not be present at Mr. Avenatti's trial and he will be deprived of the ability to cross-examine them. The government does not seek to introduce a single statement for context as to time and place. The government seeks to introduce pages of out-of-court statements made by questioning attorneys and judicial officers, many of which contain false and misleading assertions of fact. Mr. Avenatti objects to the admission of the statements by the courts and the questioning attorneys as they are inadmissible hearsay and in violation of the Sixth Amendment Confrontation Clause.

In addition, some of the answers given by Mr. Avenatti in the transcripts were subject to objections lodged on the record, which have yet to be ruled on. Mr. Avenatti's answers cannot be admitted prior to a ruling on the objections.

---

completeness and rebuttal purposes at this pre-trial stage.

### ii.  The Failure to Enforce the Principles of the Common Law Rule of Completeness Will Result in a Fifth Amendment Violation

The Fifth Amendment protects a criminal defendant by declaring that he shall not be "compelled in any criminal case to be a witness against himself…" U.S. Const. Amend. V. In the traditional sense, compel means "to cause or bring about by force, threats, or overwhelming pressure" and "even though the right appears well understood, and even well-defined, there may still be instances where there is no traditional compulsion, but rather an implied mandate that testimony is necessary." Harold F. Baker, *Completing the Rule of Completeness: Amending Rule 106 of the Federal Rules of Evidence,* Creighton L. Rev. 281, 304 (2017). A criminal defendant should not be forced to choose between allowing for the government to present misleading and incomplete evidence or waiving his rights against self-incrimination. The very nature of this choice compels the Defendant to testify and violates his Fifth Amendment rights.

Judge Fisher strongly emphasized this Sophie's choice in the dissenting opinion in *Quinones-Chavez*:

> [A] criminal defendant should not be forced to choose between leaving the government's distorted presentation unanswered and surrendering the Fifth Amendment right not testify. *See Sutton*, 801 F.2d at 1370("Since this was a criminal case [the defendant] had a constitutional right not to testify, and it was thus necessary for [the defendant] to rebut the government's inference with the excluded portions of these recordings."); *United States v. Marin*, 669 F.2d 73, 84 n. 6 (2d Cir. 1982)("[W]hen the government offers in evidence a defendant's confession and in confessing the defendant has also made exculpatory statements that the government seeks to omit, the defendant's Fifth Amendment rights may be implicated."); *United States v. Walker*, 652 F.2d 708, 713-14 (7th Cir. 1981)(observing "the Government's incomplete presentation may have pained a distorted picture of [the criminal defendant's] prior testimony which he was powerless to remedy without taking the stand" and acknowledging that "[f]orcing the defendant to take the stand in order to introduce the omitted exculpatory portions of [a] confession … is a denial of his right against his self-incrimination.

*Quinones-Chavez*, 641 Fed. Appx. at 731 (unpublished)(Fisher, J. concurring in part, dissenting in part)

Were the Court to grant the motion, Mr. Avenatti would be forced to choose between testifying in his upcoming criminal trial or allowing the government to cherry-pick misleading statements without an opportunity for him to provide contextual evidence related to those admissions. Indeed, the government's arguments in its motion support the defense's theory that Mr. Avenatti is being compelled to testify in violation of the Fifth Amendment to the United States Constitution: "To the extent defendant wishes to introduce his own statements at trial, defendant is free to take the stand and testify as to his explanations, but he cannot backdoor his defense through false exculpatory, hearsay statements he made in connection with his various legal proceedings prior to his indictment in this case." [Dkt. 474, p. 7]. If Mr. Avenatti is not permitted to offer into evidence statements made in these proceedings, or "any other statements of defendant" as the government seeks, then Mr. Avenatti will be improperly compelled to testify in violation of his Fifth Amendment rights.

### iii.    Mr. Avenatti Should Not be Denied the Ability to Introduce Any Other Statements

The government's request for relief is shockingly broad and improper. The prosecution not only asks that this Court prevent Mr. Avenatti from introducing exculpatory and contextual statements within these transcripts, but it also seeks to exclude "any other statements of defendant that he may seek to introduce…" [Dkt. 474, p. 7](emphasis added). This request should be denied.

Motions in limine "seeking the exclusion of broad categories of evidence are disfavored." *Cornejo v. Ocwen Loan Servicing, LLC*, 2016 U.S .Dist. LEXIS 125912, *2 (E.D. Cal. 2016); *citing Sperberg v. Goodyear Tire and Rubber Co.,* 519 F.2d 702, 712 (6th Cir. 1975); *See also, In re Homestore.com, Inc. Sec. Litig.,* 2011 U.S. Dist. LEXIS 10677 (C.D. Cal. 2011)(motions in limine should "rarely seek to exclude broad

categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial.") Motions in limine must be "specific enough for the Court to determine the admissibility of certain evidence at trial." *Abdual v. United States*, 2005 U.S. Dist. LEXIS 52747, at *3-4 (W.D. Wash. 2005).

The government has failed to articulate specific statements that it seeks to exclude from this trial. Instead, the prosecution asks for a blanket order preventing Mr. Avenatti from introducing statements made by him in any form. Regardless of the statements' evidentiary value, authenticity or purpose, the government asks that the Court prevent Mr. Avenatti from introducing any statement, oral or written, in his defense. This broad and vague request for relief must be summarily denied. If the government wishes to prevent Mr. Avenatti from introducing one or more specific statements, the admissibility of each statement must be addressed and analyzed individually.

## B. Mr. Avenatti Objects to the Government's Alleged Authentication of the Transcripts and the Use of Transcripts in Lieu of Audio-Recorded Statements

Federal Rule of Evidence 901 requires the proponent of evidence to produce sufficient evidence to support a finding that the "evidence is what the proponent claims it is." Fed. R. Evid. 901(a). A document may be authenticated by the testimony of a witness with knowledge of its contents and preparation. *United States v. Workinger*, 909 F.3d 1409, 1415 (9th Cir. 1996)(finding that authentication was satisfied in connection with deposition transcripts when the individual who transcribed the tapes testified as to their preparation and accuracy and counsel who participated in the taped interview similarly testified and verified its validity); *citing United States v. Childs*, 5 F.3d 1328, 1336 (9th Cir. 1993). ***The Ninth Circuit "requires strict compliance with the authenticity rules."*** *SEC v. Franklin*, 348 F. Supp. 2d 1159, 1163 (S.D. Cal. 2004) (emphasis added); *citing United States v. Perlmuter*, 693 F. 2d 1290, 1292 (9th Cir. 1982).

1  The government has failed to lay a proper foundation and sufficiently authenticate

2  the transcripts it asks the Court to admit into evidence. With the government's motion,

3  the government included a three-page declaration from AUSA Wyman certifying that

4  Exhibits B, C, D, E, H, I and J are each a "true and correct copy" of a transcript of the

5  relevant proceeding. [Dkt. 474-1.] This declaration is insufficient to authenticate the

6  documents pursuant to Rule 901. Counsel for the government did not prepare the

7  relevant transcriptions, was not present during the relevant hearing, did not indicate that

8  he personally listened to the audio and compared the language to the transcript, and

9  presented no facts that he has personal knowledge as to the statements made during these

10  proceedings.

11  Further, if the government was seeking to have the transcripts self-authenticated as

12  an official or public record, the prosecution was required to comply with the

13  requirements of Rule 902(4), which it did not do. *See Garcia v. Fawzy (In Re Garcia)*,

14  2020 Bankr. LEXIS 2337, *20 (9th Cir. Bankr. 2020)(finding that trial transcripts are

15  self-authenticating under Rule 902(4) where the transcripts contained court reporter's

16  certification). Pursuant to this section, "[a] copy of an official record – or a copy of a

17  document that was recorded or filed in a public office" is self-authenticating so long as

18  the following requirements are met: the copy is certified as correct by the "custodian or

19  another person authorized to make the certification," or a certificate is included that

20  complies with Rule 902(1), (2), or (3), a federal statute, or a rule prescribed by the

21  Supreme Court. Fed. R. Evid. 902(4)(A), (B). The government has failed to present any

22  evidence that all of these transcripts meet the self-authentication requirements of Rule

23  902(4).  The reason for this is clear – because some of them do not, thus requiring their

24  exclusion from evidence and the denial of the motion.

25  The *In Re Eagan Avenatti, LLP* judgement debtor examination of Mr. Avenatti

26  held on March 22, 2019, marked as Exhibit D, is unsigned and not properly certified as

27  true and correct. Similarly, the *Jason Frank Law, PLC v. Michael J. Avenatti*, judgment

28

debtor examination, attached as Exhibit J, includes two unsigned and improper certifications. Because these certifications are unsigned, they cannot be used to authenticate the relevant transcripts and the transcripts cannot be used at trial. *See United States v. $2,164,341 in United States Currency*, 2013 U.S. Dist. LEXIS 796969, *13 (D. Ariz. 2013)("without a certificate satisfying Rule 902(4), the unsigned and unsealed public documents are not self-authenticating under Rule 902."); *See also We Are Am. v. Maricopa Count Bd. of Supervisors*, 297 F.R.D. 373, (D. Ariz. 2013)(unsigned letter and unauthenticated Arizona House Representative minutes could not be considered due to a lack of foundation under Rule 901 and the documents were not self-authenticating.); *See also SEC v. Franklin*, 348 F.Supp. 1159, 1162 (S.D. Cal. 2004)("No court has held that an unsigned copy of a transcript is 'a comparable certification under oath.'")

In its motion, the government also indicated that "some of the these proceedings were audio-recorded as well. For each of those proceedings, the government will seek to introduce the excerpted recording -- and display the transcript as an aid for the jury…" [Dkt. 474, p. 7, n. 1.] The government has failed to provide Mr. Avenatti with notice of which audio recordings it seeks to introduce and similarly failed to include within its motion which specific proceedings were audio-recorded. However, based upon the certifications attached to the transcriptions, Exhibits G and H appear to have originally been audio recorded. But the government has failed to authenticate these transcripts and present sufficient evidence that the audio recordings, which were not contemporaneously transcribed, are identical to the transcripts. As a result, Exhibits G and H must be excluded from evidence.

Where audio recordings are available, defendant objects to the admission of transcripts in lieu of, or in addition to the recordings themselves. Federal Rule of Evidence 1002 requires "an original writing, recording, or photograph … in order to prove its contents…" Fed. R. Evid. 1002. The best evidence rule applies when secondary evidence is offered to prove the content of the original evidence without producing the

1    original itself. *See United States v. Bennett*, 363 F.3d 9947, 953 (9th Cir. 2004); *See also*

2    *Howarth v. Luther*, 2018 U.S. Dist. LEXIS 89662, at *9-10 (D. Id. 2018)("Rule 1002

3    requires the original recording to prove its content … [absent] argument that use of the

4    transcript in lieu of recording would be permitted by other rule or statute. Hence, the best

5    evidence rule applies.").

6         When audio recordings are in English, "they normally constitute the actual

7    evidence and transcripts are used only as aids to understanding the tapes." *United States*

8    *v. Franco*, 136 F.3d 622, 626 (9th Cir. 1997). When a transcript is used as a listening aid,

9    the jurors should be instructed that if the audio and the transcript vary, the audio

10   recording is controlling. *Id; See also, United States v. Turner*, 528 F.2d 143, 167-68 (9th

11   Cir. 1975). The jury should also be instructed that the tape, rather than the transcript is

12   evidence. *United States v. Delgado*, 357 F.3d 1061, 1070-71 (9th Cir. 2004)(holding that

13   the trial court acted properly in preventing the jury from accessing transcripts during

14   deliberation and instructing the jurors that the audio, rather than transcript was

15   evidence).

16        Based on the foregoing, Mr. Avenatti asks that the Court find that the government

17   has failed to provide proper foundation and authentication for the transcripts marked as

18   Exhibits B, C, D, E, H, I and J. Additionally, when audio recordings are available, Mr.

19   Avenatti objects to the admission or use of the transcripts in addition to or in lieu of the

20   audio recordings. Finally, if the Courts permit the jury to use any transcript as a listening

21   aid, Mr. Avenatti requests that certain cautionary instructions be given to the jury.

22        **C. Mr. Avenatti Objects to the Admission of the Transcript Excerpts as they**

23            **Violate Rules 401, 403 and 404(b)**

24        Evidence is relevant when it has any tendency in reason to make a fact more or

25   less probable than it would be without the evidence and the fact is of consequence in

26   determining the action. Fed. R. Evid. 401. Pursuant to Federal Rule of Evidence 403, the

27   Court may exclude relevant evidence "if its probative value is substantially outweighed

28

                                          14

1    by a danger of one or more of the following: unfair prejudice, confusing the issues,

2    misleading the jury, undue delay, wasting time, or needlessly presenting cumulative

3    evidence." Fed. R. Evid. 403. Federal Rule of Evidence 404(b) regulates the admission

4    of evidence of acts not charged in the Indictment. Under Rule 404(b), evidence of other

5    crimes, wrongs, or acts is not admissible to prove the character of a person to show that

6    he acted in conformity therewith. Fed. R. Evid. 404(b).

7         Several excerpts of the transcripts proffered by the government are highly

8    prejudicial and irrelevant to the counts proceeding to trial and relate only to counts

9    previously severed by the Court's October 30, 2020 Order. [Dkt. 371.] There was a

10   reason why the first ten counts were severed and the government should not be permitted

11   to turn the trial into a trial about all of the counts, complete with the same evidence that

12   would be used if all counts were at issue.

13        Exhibit C includes statements regarding Mr. Avenatti's alleged involvement in the

14   Eden Memorial Park class action case, a matter unrelated to Counts 1 through 10. [Dkt.

15   474-4, p. 111.] The government fails to articulate how this action is relevant to the

16   matter before the Court. The introduction of this evidence will likely confuse jurors and

17   mislead them into believing that the Eden Memorial Park class action, a lawsuit that

18   gained extensive media coverage, is at issue in this case.

19        Exhibit I and J include statements made by Mr. Avenatti regarding the rental fee

20   associated with his previous apartment in Los Angeles. [Dkt. 474-10, p. 10; Dkt. 474-11,

21   p. 5.]. Mr. Avenatti's prior living situation, and its expense has no relevance to the

22   instant action. Mr. Avenatti has previously filed a motion in limine to exclude such

23   evidence of wealth and lavish spending. [Dkt. 475.]  As described in Mr. Avenatti's prior

24   motion in limine, "appeals to class prejudice are highly improper and cannot be

25   condoned and trial courts should ever be alert to prevent them." *United States v. Socony-*

26   *Vacuum Oil Co.,* 310 U.S. 150, 239 (1940). "Whether a man be rich or poor, he is

27

28
                                             15

entitled to the same considerations…" *Id.* at 238. This evidence is irrelevant to the instant action and highly prejudicial.

Several of the exhibits include statements regarding Global Baristas, LLC, vendors used by Global Baristas, LLC as well as GB Autosport that are only tangentially, if at all, related to the Client Counts. [Dkt. 474-11; 474-4]. Mr. Avenatti asks that the Court deny the government's request to admit statements that are unrelated to the Client Counts, Counts 1 through 10. The introduction of evidence on these various entities will waste time and cause confusion to the jurors.

Finally, Mr. Avenatti renews his objections made pursuant to Federal Rule of Evidence 404(b). Federal Rule of Evidence 404(b) regulates the admission of evidence of acts not charged in the Indictment. Mr. Avenatti continues to object to the admission of evidence in this matter as it relates to Global Baristas, LLC, GB Autosport, the bankruptcy proceedings, and the NFL litigation. Any statements that the government seeks to admit that are unrelated to the Client Counts or those which the prosecution has failed to provide the Defendant adequate, written notice should be excluded.

## IV.    CONCLUSION

Based upon the foregoing, Mr. Avenatti respectfully requests that the Court deny the government's motion. First, Mr. Avenatti asks that this Court deny the government's request to limit the Defendant's ability to admit completeness evidence and other, unidentified statements of the Defendant. Second, Defendant asks that this Court find that the government has failed to provide the proper foundation and authentication for the transcripts, thus requiring their exclusion. Next, Mr. Avenatti requests that this Court refrain from allowing transcripts, in addition to or in lieu of, audio recordings that are available. If any transcript is permitted as a listening aid, Mr. Avenatti asks that cautionary jury instructions be provided in connection with the use of such transcript. Finally, Mr. Avenatti asks that this Court exclude several excerpts of the transcripts that are irrelevant and highly prejudicial.

Dated: June 14, 2021                    Respectfully submitted,

                                        /s/ H. Dean Steward
                                        H. DEAN STEWARD

                                        Attorney for Defendant
                                        MICHAEL JOHN AVENATTI

**CERTIFICATE OF SERVICE**

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.  I am not a party to the above-entitled action.  I have caused, on June 14, 2021, service of the defendant's:

DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S IN LIMINE MOTION TO ADMIT DEFENDANT'S STATEMENTS AND EXCLUDE OTHER STATEMENTS AS HEARSAY

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 14, 2021

/s/ H. Dean Steward

H. Dean Steward