H. Dean Steward, SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
| Plaintiff, | DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S IN LIMINE MOTION TO EXCLUDE UNDERLYING FACTS FROM THE CIVIL LITIGATION THAT RESULTED IN SETTLEMENTS PURSUANT TO FRE 401, 402, AND 403 |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his counsel of record, H. Dean Steward, hereby files this opposition to the government's Motion in Limine to Exclude Underlying Facts from the Civil Litigation That Resulted in Settlements Pursuant to FRE 401, 402, and 403 [Dkt. 476].  Defendant's opposition is based on the attached memorandum of points and authorities; the files, records and transcripts in this case; and argument as the Court may permit at a hearing.

Dated: June 14, 2021                    Respectfully submitted,

/s/ H. Dean Steward
H. DEAN STEWARD

Attorney for Defendant
MICHAEL JOHN AVENATTI

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

By way of their motion, the government requests that the Court issue a broad ruling that all "evidence and arguments about the underlying facts and claims that resulted in civil settlements"[1] for the five clients referenced in the indictment be excluded from trial pursuant to Federal Rules of Evidence 401, 402, and 403.  In so moving, the government fails to point to any particular fact, detail or event they want excluded.[2]  Instead, they seek to have the Court, in a vacuum and without the benefit of first hearing any evidence at trial, rule that the defense is basically precluded from informing the jury about what really transpired as it relates to Mr. Avenatti's representation of each of the clients and why he is not guilty of the charges.  This is improper and amounts to a thinly disguised attempt to have the court direct a verdict against Mr. Avenatti on all counts.

In essence, the government requests that the court gut the defense by precluding the defendant from, among other things, placing before the jury numerous highly relevant facts that go directly to the question of whether Mr. Avenatti is guilty of the crimes charged and had the requisite intent or instead acted in good faith, including:  (1) the circumstances of Mr. Avenatti's initial retentions, the terms, and why Mr. Avenatti and the clients agreed to such terms; (2) the scope of the retentions; (3) the amount and type of work Mr. Avenatti performed for the clients and why; (4) the quality of the work;

---

[1] As argued *infra*, because the government has not explained the exact evidence and facts it seeks to exclude and what it means by "underlying facts and evidence," the defense has not been provided proper notice of the motion and requested relief, or a meaningful opportunity to respond.  Accordingly, the motion should be summarily denied.

[2] Had the government provided particular facts or pieces of evidence they wished to have excluded, the defense would have been receptive to attempting to reach a resolution. Instead, the government demanded that the defense agree to the same overly broad relief they seek in the motion, which was unacceptable.  **To be clear, however, the defense has no intention of causing any witness, regardless of whether they are a former client of Mr. Avenatti's, any unnecessary embarrassment or emotional turmoil.**

(5) the challenges in the representations and what they entailed; (6) the amount of money due Mr. Avenatti, why, how and when; (7) the out-of-pocket costs advanced in the cases, including payments directly to the clients, and why; (8) why and how Mr. Avenatti was entitled to be reimbursed for certain monies advanced for the clients; (9) the work outside of the representations referenced in the indictment that the same clients requested be performed by Mr. Avenatti and why; (10) the agreements between Mr. Avenatti and the clients relating to costs and fees, and how and why they were agreed to; (11) why and how various agreements were modified to allow Mr. Avenatti to retain monies received from settlements, including things that transpired during the representations after the initial retention agreements were signed; (12) misstatements made by the clients at the time of retention that later had a bearing on the amount of fees due Mr. Avenatti; and (13) what information was shared by Mr. Avenatti with the clients about their cases, when, how and why.  All of this information goes directly to whether Mr. Avenatti made materially false representations or omitted material facts from his clients, unlawfully misappropriated monies from the clients, and whether he acted with intent to defraud and cheat his clients.[3]  Proper presentation of this information as part of the defense requires context, facts and details – not some nebulous, non-descript references.  And yet the government wants it all excluded.

In addition, the relevance of the facts and circumstances of the cases and Mr. Avenatti's client representations is far beyond any prejudice that the government can point to under Rule 403.  Moreover, each of the clients executed, at the request of the government, full and complete explicit waivers of the attorney-client privilege and confidentiality years ago.  Each of them are also expected to testify for the government. Accordingly, the government should not be heard to argue that Mr. Avenatti cannot use information obtained during the representations for his benefit in mounting a defense.

---

[3] The evidence and defense presentation at trial will establish that the government lacks a fundamental understanding of how contingency agreements work and how Mr. Avenatti's law firm administered settlements.

2

1  Indeed, even in the absence of the waivers, Mr. Avenatti would be entitled to freely use

2  the information as part of his defense. *See, e.g.*, Cal. Evid. Code § 958; *Chevron Corp.*

3  *v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992); *Gerawan Farming, Inc. v.*

4  *Townsend & Townsend & Crew LLP*, 2011 WL 4440188, at *1-2 (E.D. Cal. Sept. 23,

5  2011). To hold otherwise would permit the government and the clients to use the

6  privilege and confidentiality as both a sword and a shield, something the law does not

7  permit.

8        For each of these reasons and those explained below, the Court should deny the

9  government's motion in its entirety. In the alternative, the Court should defer ruling on

10  the motion until the time of trial, at which time the Court will have the benefit of other

11  evidence and a proper context.

12  **II.     ARGUMENT**

13       **A. Legal Standard**

14            1.  <u>Motions in Limine</u>

15       A motion in limine must be "specific enough for the Court to determine the

16  admissibility of certain evidence at trial." Abdual v. United States, 2005 U.S. Dist.

17  LEXIS 52747, at *3-4 (W.D. Wash. 2005). ***Motions that seek the exclusion of broad***

18  ***and unspecified categories of information, like the government's present motion, are***

19  ***greatly disfavored and <u>rarely granted</u>***. *See, e.g.*, *Sperberg v. Goodyear Tire and Rubber*

20  *Co.*, 519 F.2d 708, 712 (6th Cir. 1975)(emphasis added); *Cornejo v. Ocwen Loan*

21  *Servicing, LLC*, 2016 U.S. Dist. LEXIS 125912, *2 (E.D. Cal. 2016); *In re*

22  *Homestore.com, Inc. Sec. Litig.*, 2011 U.S. Dist. LEXIS 10677 (C.D. Cal. 2011). When

23  addressing such motions, rather than ruling in a vacuum without the benefit of context

24  and other evidence, the Court "is almost always better situated during the actual trial to

25  assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216,

26  1218 (D. Kan. 2007).

27

28

1

## 2. <u>The Right to a Defense and the Rules of Evidence</u>

Under the United States Constitution, Mr. Avenatti is guaranteed a "meaningful opportunity to present a complete defense." *United States v. Stever*, 603 F.3d 747, 755 (9th Cir. 2010)(internal quotations omitted). Importantly, this right includes **"the right to present the defendant's version of the facts."** *Washington v. Texas*, 388 U.S. 14, 19 (1967)(emphasis added). It also includes the right to "put before a jury evidence that might influence the determination of guilt," *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987); *see also Chambers v. Mississippi*, 410 U.S. 284, 294 (1973)("The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations."). Moreover, when a defendant's evidence is excluded on the basis of an improper application of the evidentiary rules, the likelihood of a due process violation is significant. *See Stever*, 603 F.3d at 755; *United States v. Lopez-Alvarez*, 970 F.2d 583, 588 (9th Cir. 1992).

Under Rule 401, "Evidence is relevant if: (a) it has ***any*** tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401 (emphasis added). Evidence may be excluded under Rule 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Critically, when weighing probative value against unfair prejudice under Rule 403, the Court must analyze the issue assuming "<u>the evidence is believed</u>, not the degree the Court finds it believable." *Bowden. V. McKenna*, 600 F.2d 282, 284-85 (1st Cir. 1979)(citations omitted)(emphasis added). "The court may not exclude relevant evidence – or [] assign it no probative value – on the ground that it does not find the evidence to be credible." United States v. Evans, 728 F.3d 953, 963 (2013), *citing United States v. Candoli*, 870 F.2d 496, 509 (9th Cir. 1989)(quotation omitted)). Put simply, credibility and believability are for the jury, not the Court. *Id*. at fn. 13 (citations

4

omitted).

### B. The Government Has Failed to Identify with Particularity What Evidence it Seeks to Exclude, Which Requires Denial of the Motion

In bringing the instant motion, the government failed to identify which particular pieces of evidence or facts that it seeks to exclude from the trial as required. *See, e.g.,* *Abdulal*, 2005 U.S. Dist. LEXIS 52747, at *3-4. Instead, the government requests that the Court broadly exclude all "evidence and arguments about the underlying facts and claims that resulted in civil settlements." [Dkt. 476, pgs. 4, 5, 10]. <u>First</u>, it is difficult to determine what exactly this means and what information the government requests be excluded. Nowhere in the motion does the government explain what is meant by "underlying facts and claims." For this reason alone, the motion should be summarily denied. <u>Second</u>, the government's failure to identify with particularity the details, facts, and evidence it is moving to exclude makes it incredibly difficult (if not impossible) for the defense to determine the scope of the requested relief and properly respond to the motion (and likely the Court to properly rule on it). <u>Third</u>, the government admits in the motion, despite their request that all evidence and arguments regarding the client matters be excluded, that the government nonetheless intends to offer at trial some facts and evidence regarding the clients and their matters. In other words, the government invites the Court to rule that (1) the government can discuss the client matters and the facts relating to the representations that the government believes are necessary for their theory of the case, but (2) the defense is precluded from offering a counter narrative about those same clients and those same matters. The law does not permit this inequity, especially in a federal felony criminal trial. For each of these reasons, the government's motion should be denied.

### C. The "Facts and Claims" Includes Highly Relevant Evidence and Likely Impeachment Evidence

As explained above, because the government has failed to properly identify the

exact information it seeks to exclude (as required), the defense is left to guess and speculate. Accordingly, the defendant assumes for the purpose of responding to the motion that the government is attempting to have all information relating to the client matters, with the exception of the settlement amounts and where the money went, excluded from evidence. If so, granting such a motion would deprive Mr. Avenatti a fair trial and fundamental due process. *See, e.g., Washington*, 388 U.S. at 19; *Pennsylvania*, 480 U.S. at 56; *Chambers*, 410 U.S. at 294; *Stever*, 603 F.3d at 755. <u>It would also create a narrative for the jury that is incomplete and fundamentally false.</u>

At trial, Mr. Avenatti intends to offer evidence bearing on the critical issues in this case, including whether he made materially false representations or omitted material facts from his clients, unlawfully misappropriated monies from the clients, acted with intent to defraud and cheat, or instead acted in good faith, believed he was entitled to the monies, and whether he was in fact entitled to the monies. Accordingly, all of the following, which arguably are covered by the government's motion, are highly relevant to Mr. Avenatti's defense: (1) the circumstances of Mr. Avenatti's initial retentions, the terms, and why and how Mr. Avenatti and the clients agreed to such terms; (2) the scope of the retentions; (3) the amount and type of work Mr. Avenatti performed for the clients and why; (4) the quality of the work; (5) the challenges in the representations and what they entailed; (6) the amount of money due Mr. Avenatti, why, how and when; (7) the out-of-pocket costs advanced in the cases, including payments directly to the clients, how and why; (8) why and how Mr. Avenatti was entitled to be reimbursed for certain monies advanced for the clients; (9) the work outside of the representations referenced in the indictment that the same clients requested be performed by Mr. Avenatti and why; (10) the agreements between Mr. Avenatti and the clients relating to costs and fees, and how and why they were agreed to; (11) why and how various agreements were modified to allow Mr. Avenatti to retain monies received from settlements, including things that transpired during the representations after the initial retention agreements were signed;

(12) misstatements made by the clients at the time of retention that later had a bearing on the amount of fees due Mr. Avenatti; and (13) what information was shared by Mr. Avenatti with the clients about their cases, when, how and why.[4]  *See also United States v. Molinaro*, 11 F.3d 853, 863 (9th Cir. 1993) (good faith is a defense to fraud); *United States v. Miller*, 953 F.3d 1095, 1101 (9th Cir. 2020) (holding that in order to convict a defendant of wire fraud, the government must prove that the defendant acted with the intention to deceive <u>and cheat</u>); *Mardirossian & Assoc., Inc. v. Ersoff*, 153 Cal.App.4th 257, 272 (2007)(explaining right of attorney to be paid attorneys' fees under quantum meruit and listing relevant factors including "the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure of the attorney's efforts, the attorney's skill and learning, including his [or her] age and experience in the particular type of work demanded.")(citing *Los Angeles v. Los Angeles Inyo-Farms Co.*, 134 Cal. App. 268, 276 (1933); *PLCM Group, Inc. v. Drexler*, 22 Cal.4th 1084, 1096 (2000)); *Farina v. Wedbush*, 2008 Cal.App. LEXIS 6489 (4th Dist. 2008)(unpublished).  As a result, the motion must be denied because it would operate to substantially preclude Mr. Avenatti from offering his defense to the charges. *See Washington,* 388 U.S. at 19 (defendant is entitled to present his version of the facts to the jury).

In addition, seeing as the clients will testify, there is a significant likelihood that the evidence the government seeks to exclude includes evidence and facts that can be used for impeachment of the client witnesses.  This is yet another reason why the motion should be denied.  Mr. Avenatti cannot be precluded from impeaching the government's own witnesses by way of the broad relief sought by the government in its motion.  To

---

[4] This is not an exhaustive list of the highly relevant information that may be covered by the government's motion.  If necessary, the defendant can file with the Court, under seal and *in camera*, a submission explaining additional various facts and aspects of the defense case that could be improperly excluded if the government succeeds on its motion.

7

allow otherwise would deprive Mr. Avenatti of his rights to fundamental due process and a fair trial.

### D. Federal Rule of Evidence 403 Does Not Require Exclusion

Because the government failed in its motion to identify the exact evidence it wishes to exclude, the Court is unable to conduct the proper analysis and make the 403 finding necessary prior to issuing the order of exclusion requested by the government. This is one reason why motions that seek the exclusion of broad and unspecified categories of information, like the government's present motion, are greatly disfavored and <u>rarely granted</u>. *See, e.g., Cornejo v. Ocwen Loan Servicing, LLC*, 2016 U.S. Dist. LEXIS 125912, *2 (E.D. Cal. 2016). Absent a proper 403 analysis and finding, the evidence cannot be excluded.

Further, even if the Court was able to conduct a Rule 403 analysis based on the limited record before it, the law does not support broad exclusion of the evidence and the gutting of the defense. This is true because the probative value of the evidence is not "***substantially outweighed*** by the danger of prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403 (emphasis added). In fact, the government cannot point to any specific evidence that would meet the requirements of 403 and likewise fails to explain how such evidence would cause prejudice, confuse the issues, mislead the jury, or result in delay, a waste of time or presentation of cumulative evidence.

Instead, the government constructs two straw men. First, they argue that the defendant intends on having the jury engage in a "mini-trial" regarding the underlying claims litigated by Mr. Avenatti. There is no basis for this assertion because it is false – the defense has no intention of re-litigating those claims. Second, the government alleges that the defendant intends on using the information to embarrass the clients or harass them. Like the first straw man, this too is pure speculation without any factual

basis.  As stated above, the defense has no intention of causing any witness, regardless of whether they are a former client of Mr. Avenatti's, any unnecessary embarrassment, harassment or emotional turmoil.  Indeed, the Court is very familiar with undersigned counsel and his decorum before the Court.[5]

The government also claims that Mr. Avenatti is not entitled to mount a defense through use of the clients' privileged and confidential information.  [Dkt. 476, p. 9].  The government is wrong.  First, at the request of the government, each client waived, in writing, their rights to confidentiality and the attorney-client privilege over two years ago.  And the government will call each client as a witness at trial.  Second, various third parties likewise waived confidentiality during the course of the government's investigation.  Those third parties are also expected to testify at the government's request.  As a result, having used the information as a sword against the defendant, the government cannot now use confidentiality and the attorney-client privilege as a shield in order to prevent Mr. Avenatti from mounting a defense.  *See*, *e.g.*, Cal. Evid. Code § 958 (privilege no longer applies when alleged breach of duty to client is at issue); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992); *Gerawan Farming, Inc. v. Townsend & Townsend & Crew LLP*, 2011 WL 4440188, at *1-2 (E.D. Cal. Sept. 23, 2011).

## III.    CONCLUSION

Based upon the foregoing, Mr. Avenatti respectfully requests that the Court deny the government's motion.  In the alternative, Mr. Avenatti requests that the Court defer ruling on the motion until the time of trial, at which time the Court will have the benefit of other evidence and a proper context.

Dated: June 14, 2021                          Respectfully submitted,

---

[5] Without any citation to legal authority, the government also argues that unfair prejudice to third parties may be considered when conducting a Rule 403 analysis.  The government is incorrect.  Any alleged "prejudice" to third parties is irrelevant.

9

/s/ H. Dean Steward
H. DEAN STEWARD

Attorney for Defendant
MICHAEL JOHN AVENATTI

**CERTIFICATE OF SERVICE**

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672. I am not a party to the above-entitled action. I have caused, on June 14, 2021, service of the defendant's:

DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S IN LIMINE MOTION TO EXCLUDE UNDERLYING FACTS FROM THE CIVIL LITIGATION THAT RESULTED IN SETTLEMENTS PURSUANT TO FRE 401, 402, AND 403

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 14, 2021

/s/ H. Dean Steward

H. Dean Steward

11