TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
        1100 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-2435
        Facsimile: (213) 894-6269
        Email:    Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
        Ronald Reagan Federal Building
        411 West Fourth Street, Suite 8000
        Santa Ana, California 92701
        Telephone: (714) 338-3598
        Facsimile: (714) 338-3708
        Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SA CR 19-061-JVS |
| Plaintiff, | REPLY IN SUPPORT OF GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT RELEVANT STATEMENTS BY DEFENDANT AND TO EXCLUDE DEFENDANT'S REMAINING STATEMENTS AS HEARSAY |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | Hearing Date: June 28, 2021<br>Hearing Time: 8:00 AM<br>Location:    Courtroom of the<br>                   Hon. James V. Selna |

     Plaintiff United States of America, by and through its counsel

of record, the Acting United States Attorney for the Central District

of California and Assistant United States Attorneys Brett A. Sagel

and Alexander C.K. Wyman, hereby files its reply in support of its

motion in limine to admit relevant statements by defendant and to exclude remaining statements as inadmissible hearsay.

This reply is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 19, 2021                    Respectfully submitted,

                                        TRACY L. WILKISON
                                        Acting United States Attorney

                                        SCOTT M. GARRINGER
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                        _____/s/_____
                                        BRETT A. SAGEL
                                        ALEXANDER C.K. WYMAN
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendant's opposition reflects a fundamental misunderstanding of the law governing hearsay.  It is black-letter law that a party may not offer his (or any declarant's) out-of-court statements at trial because such statements, when offered for the truth of the matter asserted, are hearsay.  Fed. R. Evid. 801, 802.  Defendant cannot, therefore, offer his own statements from the transcripts attached to the government's motion on his own.  Rule 801(d)(2)(A), however, makes clear that defendant's statements are not hearsay and <u>can</u> be admitted when offered by a party-opponent -- here, the government -- if the statements are relevant to the charges.  All of the excerpts identified by the government in its motion are highly relevant to the client counts set for trial in July 2021.

It is further well-settled that the "Rule of Completeness" only justifies admission of additional statements beyond those offered by the party-opponent when such additional statements are required to avoid misunderstanding or distortion.  Defendant offers few additional statements that he believes should be included (and with no explanation as to why), choosing instead to argue that it is "impossible" to know what other statements should be included, even though the Rule of Completeness only justifies including additional statements from the <u>same proceeding</u>, and the entire transcript of each proceeding has been attached to the government's motion. Indeed, the entire point of this motion is to resolve any Rule of Completeness objections so that the parties are not required to argue their positions at trial while the jury waits.  Defendant's continued obstructionist approach is neither productive nor reasonable.

Defendant's remaining arguments have little, if any, relevance to the Court's determination of this motion, and none provides a reason not to grant the relief that the government has requested. Accordingly, the government respectfully requests that the Court grant the government's motion and overrule defendant's many and varied objections under Rules 401, 403, 404(b), 901, and 902, the Fifth Amendment, the Rule of Completeness, and other inapplicable authorities that defendant cites in his opposition.

## II.   DEFENDANT'S OUT-OF-COURT STATEMENTS ARE HEARSAY UNLESS OFFERED BY THE GOVERNMENT AS A PARTY-OPPONENT

The Federal Rules of Evidence prohibit defendant from admitting his own out-of-court statements unless they are not offered for the truth of the matter asserted, are not hearsay for one of the reasons in Rule 801, or fall within one of the exceptions in Rules 803 and 807.  Defendant's complaints regarding the government's request to exclude "statements of defendant that he may seek to introduce" thus amount to a complaint that the government seeks a pretrial ruling prohibiting defendant from violating the Federal Rules of Evidence. The government does not typically seek prophylactic rulings -- the government ordinarily expects the defense to follow the law -- but given the unusual lack of cooperation by the defense and his refusal to meet and confer regarding the admissibility of evidence, the government deemed this motion necessary to avoid arguing about these issues in front of the jury or making the jury wait while the parties and the Court resolve issues that could be, and should be, resolved before trial.  See United States v. Tokash, 282 F.3d 962, 968 (7th Cir. 2002) ("Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that

2

trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues.").

Motions in limine such as the instant motion are, as a matter of course, requests for preliminary rulings. "[A]ny ruling on a motion in limine is necessarily tentative in nature; a 'district court may change its ruling at trial because testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling.'" Pigeon v. W. Skyways, Inc., 2017 WL 1807647, at *1 (S.D. Cal. May 5, 2017) (quoting United States v. Bensimon, 172 F.3d 1121, 1127 (9th Cir. 1999)). The government does not know what statements of defendant's he may seek to introduce at trial, or whether such statements could conceivably fall within a hearsay exception. If, at trial, defendant seeks to admit an out-of-court statement that is relevant, falls within an exception to the hearsay prohibition (or is not hearsay), and is admissible under Rule 403, the Court will presumably allow defendant to admit it. But at this stage, where the Court is evaluating the government's proposed evidence of defendant's prior sworn testimony, it is appropriate to issue a tentative ruling, consistent with the hearsay rules, excluding defendant's statements offered by defendant at trial.

**III. THE EXCERPTS IDENTIFIED BY THE GOVERNMENT ARE ALL RELEVANT**

Each of the excerpts that the government identified for defendant and the Court is relevant to the client embezzlement wire fraud counts set for trial. Despite the government attaching highlighted transcripts showing precisely which statements the government intends to admit, defendant identifies very few particular statements that he believes should be excluded under Rule 401 and/or Rule 403. Instead, he identifies three categories of statements that

3

he believes should be excluded as irrelevant and/or unduly prejudicial.[1]  Each argument fails.

First, defendant challenges the relevance of statements in Exhibit C "regarding [defendant's] alleged involvement in the Eden Memorial Park class action case." (Opp'n at 15.)  These statements, which span from page 109 to page 111 in Exhibit C, establish that defendant had a fee-sharing relationship with attorney Edward Ricci from a prior legal matter unrelated to victim Gregory Barela.  Evidence at trial will demonstrate that defendant wired a substantial portion of the settlement funds belonging to Mr. Barela (over $600,000) to Mr. Ricci in January 2018.  The following excerpt from Exhibit C, on page 113, gives further context on defendant's relationship with Mr. Ricci.  These excerpts are not only relevant, they are necessary to show how defendant used Mr. Barela's funds and, importantly, that he used them to pay an attorney associated with defendant on a matter unrelated to Mr. Barela.  Defendant does not explain how this evidence would confuse jurors, because it would not.

Second, defendant seeks to exclude "statements [from Exhibits I and J] made by [defendant] regarding the rental fee associated with his previous apartment in Los Angeles," both on the basis that they are irrelevant and because they constitute "evidence of wealth and lavish spending." (Opp'n at 15.)  The only statement that defendant appears to be referring to is on page 33 of Exhibit I -- there does not appear to be any related statements in Exhibit J -- where defendant testifies that he was paying $11,000 in rent at his Los

---

[1] Defendant also objects on the basis of Rule 404(b), but it appears he is just reiterating his prior objections that the Court has overruled.  The testimony at issue does not appear to the government to implicate any new Rule 404(b) issues.

Angeles apartment in January 2019.  As discussed in the government's
opposition to defendant's motion to exclude evidence of his debts and
lavish lifestyle (CR 498), this evidence is relevant to establishing
defendant's financial motive.  During the time period charged in the
Indictment, defendant was constantly in debt while, at the same time,
living a lavish lifestyle that he could only afford by stealing his
clients' money.  Testimony that he lived in an expensive apartment
during the charged scheme is therefore relevant to proving financial
motive.  (See id. at 13-19.)  It also refutes the possible defense
defendant may seek to assert that he planned to pay his victims back
once he had money to do so.  Finally, for the reasons discussed in
the government's opposition to defendant's motion on these issues
(id. at 19-21), such evidence of defendant's lifestyle and financial
condition is not unfairly prejudicial.

The last category of statements defendant challenges on
relevancy are those "regarding Global Baristas, LLC, vendors used by
Global Baristas, LLC as well as GB Autosport." (Opp'n at 16.)
Defendant does not specify which statements (or even which exhibits)
he is referring to, but all of the statements that the government
identified in its motion on these issues are highly relevant.  For
example, on page 122 of Exhibit J, defendant admits that Alki Bakery
is a vendor for Global Baristas, which is relevant because evidence
at trial will show that defendant caused wires totaling tens of
thousands of dollars from Mr. Barela's settlement funds to Alki
Bakery.  Similarly, defendant's admission (on pages 123 to 124 of
Exhibit J) that Dillanos Coffee Roasters is a coffee roaster with
which defendant did business on behalf of Global Baristas is relevant
because evidence at trial will show that defendant caused wires of

over $100,000 from Mr. Barela's settlement funds to Dillanos.  Given

that evidence at trial (including defendant's own statements, see Ex.

C at 94:9-16) will show that defendant controlled Global Baristas,

these excerpts show that he was misappropriating Mr. Barela's

settlement funds to pay vendors associated with defendant's coffee

company.  The same is true with respect to GB Autosport.  On page 159

of Exhibit J, defendant admits that GB Autosport was not involved in

any other business besides racing, which is relevant because

defendant sent $50,000 belonging to his paraplegic client, Geoffrey

Johnson, to GB Autosport.  Just as evidence of how defendant used his

victims' settlement funds is relevant, so, too, is evidence like this

testimony demonstrating that such uses of the funds were for

defendant's personal benefit rather than the benefits of his victims.

## IV.   DEFENDANT'S RULE OF COMPLETENESS ARGUMENTS DO NOT REQUIRE ADMISSION OF ANY FURTHER STATEMENTS

Defendant devotes a significant amount of his opposition brief

to a discussion of the Rule of Completeness.  At bottom, however, the

law is clear: the Rule of Completeness only applies when the

government has included a portion of a statement or recording and

"misunderstanding or distortion can be averted only through

presentation of another portion" of the statement or recording.

Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 172 (1988).

To facilitate a pretrial resolution of any Rule of Completeness

objections defendant may wish to raise, the government attached the

entirety of each of the transcripts at issue, highlighted to show

which portions the government seeks to admit.  Rather than engage

with the majority of these excerpts, however, defendant claims it

would be "impossible to select all of the statements the defense will

1    wish to introduce for completeness purposes at this juncture" (Opp'n

2    at 7), even though the government provided the entire transcript of

3    each proceeding and the Rule of Completeness does not apply to

4    recordings or proceedings that are "entirely separate and distinct

5    from the admitted recorded conversations," <u>United States v. Reese</u>,

6    666 F.3d 1007, 1019 (7th Cir. 2012).  Defendant's unwillingness to

7    address this issue evinces his unreasonable approach to litigating

8    this case.  Government counsel have litigated this issue in multiple

9    other cases, and doing so in the pretrial setting greatly streamlines

10   the presentation at trial.  If, as defendant requests, the Court did

11   not decide on any Rule of Completeness issues until "during the

12   trial" (Opp'n at 7), the trial would be unnecessarily long, with

13   numerous breaks while the jury waits for the parties and the Court to

14   resolve issues that could have been resolved earlier.

15       The few specific Rule of Completeness objections he does make

16   only demonstrate that his objections are without merit:

17       First, defendant argues that "the balance of Exhibit B" should

18   be admitted.[2]  He does not explain why, nor is it clear why the

19   remainder of this transcript is necessary to avoid misleading the

20   jury.  Indeed, the remainder of the transcript primarily involves

21   discussion of timing for future proceedings.  These statements are

22   irrelevant to the trial, do not inform the statements the government

23   has selected in the excerpt, and should be excluded.

24

25

---

26       [2] Defendant states that the portion of Exhibit B quoted in the
27   government's motion -- "when the settlement dollars are to be paid to
     Mr. Johnson, who, as the Court knows, is a paraplegic and is in need
28   of the funds" -- is not highlighted in Exhibit B; however, the filed
     version of Exhibit B is in fact highlighted (CR 474-3 at 6:3-5).

7

Second, defendant claims that two additional excerpts should be included in Exhibit C.  The first is from page 111, line 14, to page 112, line 10, and relates to fees related to the Eden Memorial Park class action case.  As discussed earlier, the portion selected by the government is relevant because it describes defendant's financial relationship with Edward Ricci.  This additional excerpt discussing fees that defendant's law firm received from the case and the claims administrator Gilardi & Company is irrelevant.  The other excerpt from Exhibit C that defendant argues should be included spans from page 112, line 24, to page 113, line 3.  Again, the relevance of the additional statements is unclear from the face of the transcript (and defendant provides no explanation), and they in no way change the substance or interpretation of the government's corresponding excerpt, which establishes that Mr. Ricci is an attorney who acted as defendant's co-counsel in the case.  (Ex. C at 113:4-8.)

Third, defendant proposes 10 additional excerpts from Exhibit D, all of which are unnecessary:

- **87:12-88:24:**  Here, defendant is refusing to answer the question about his former law partner Mr. Eagan's role at the firm that he is ultimately forced to answer in the excerpt identified by the government.  Defendant's proposed addition adds nothing to the substance of the government's excerpt and should be excluded as irrelevant.

- **89:15-21:**  As with the previous excerpt, this portion is not relevant to the relevant testimony about Mr. Eagan, namely, that Mr. Eagan "never directed any monies" and "wasn't a signatory on any bank accounts."  Defendant's additional testimony about Mr. Eagan is irrelevant.

- **152:13-18:**  This standalone question and answer is independent of the excerpts that precede and follow it; its inclusion is not necessary to avoid a misleading impression in the government's excerpts.

- **153:5-16:**  This portion involves defendant claiming that he "sought advice from an ethics counsel and others, and it was handled aboveboard."  That testimony is both unrelated to the other excerpts and suggests an advice of counsel defense that defendant has yet to provide notice he will be asserting.[3]  Even if defendant ultimately asserts such a defense, this testimony remains inadmissible hearsay.

- **189:22-190:7:**  Whether defendant's law firm maintained copies of client statements after a settlement was reached is wholly unrelated to the preceding excerpt identified by the government, so this portion is unnecessary.

- **215:1-13:**  This excerpt, which consists entirely of attorneys talking except for defendant's statement "Sir, I don't remember," is irrelevant to the government's corresponding excerpts about Geoffrey Johnson.

- **215:17-216:4:**  This portion is irrelevant.

- **220:2-4:**  This excerpt is unnecessary to avoid distortion.

- **224:1-9:**  This portion relates to a document placed before defendant during his testimony, whereas the following testimony identified by the government asks if defendant recalled receiving Mr. Johnson's settlement money, regardless of any exhibit.  This portion is not necessary.

---

[3] The deadline for such notice is 20 days before trial, or June 23, 2021.  (CR 371 at 6-7; RT 4/7/2021 at 3:18-21.)

- **224:18-225:8:**  This excerpt is completely distinct from the excerpt identified by the government, which is clear given that defendant's proposed addition begins with the attorney stating that he would now ask "a different question."

- **233:13-234:2:**  Here, the attorneys and the Court are discussing a new exhibit that defendant's attorney objects to; it is completely unrelated to the government's excerpts and should not be included.

- **241:16-18:**  This is a separate question from defendant's testimony in the previous excerpt; its inclusion is unnecessary.

Each of defendant's Rule of Completeness objections is therefore unnecessary, and the Court should overrule them.

## V.   EACH TRANSCRIPT IS ADMISSIBLE AND WILL BE PROPERLY AUTHENTICATED

As noted in the government's motion (Mot. at 1 n.1), some of the proceedings at issue were audio-recorded as well as transcribed.[4] For those proceedings, which are the Section 341(a) examinations (Exs. G, H), the government will introduce the recording itself, which can be authenticated by anyone who recognizes defendant's voice.  Defendant has both the transcripts the government intends to use (those attached to this motion) and the audio recordings, yet he has not raised any objections to the accuracy of these transcripts. The government does not intend to admit the transcripts of Exhibits G and H into evidence; rather, the government intends to use these as

---

[4] The reason the government provided the transcripts and not the recordings in this motion is obvious -- it is far easier to resolve Rule of Completeness objections through a transcript than a recording, which the government would have explained to defendant if he had been willing to meet and confer rather than responding, per usual, that he objects to everything.

"aids to understand the tapes" as defendant suggests, and the government has no objection to the Court giving Ninth Circuit Model Criminal Instruction No. 2.6 on this issue.  (Opp'n at 14 (quoting United States v. Franco, 136 F.3d 622, 626 (9th Cir. 1997)).)

With regard to the remaining transcripts for which there is no audio recording, the government will defer to the Court as to how the Court wishes to admit such evidence.  The government can have it read into the record by government witnesses or attorneys, and/or the government can admit the transcript as a document.  With regard to authentication, the government intends to admit the non-audio-recorded transcripts through Federal Rule of Evidence 902(4).  (See Ex. B at 20; Ex. C at 123; Ex. I at 131 (signed certifications by court reporters).)  Defendant argues that Exhibits D and J cannot be authenticated under Rule 902(4) because the court reporter certifications on those transcripts are not signed.  (Opp'n at 12-13.)  Because defendant apparently refuses to stipulate to the authenticity of these transcripts, the government will obtain signed certifications to admit at trial.

## VI.   DEFENDANT'S REMAINING ARGUMENTS FAIL

Defendant lodges a variety of additional objections to the statements offered by the government.  Each argument is meritless.

First, as discussed in the government's motion, the statements of the questioning attorneys and the court in the transcripts are not hearsay, both because they are not offered for the truth of the matter asserted and because they provide necessary context for defendant's statements.  (See Mot. at 9 (citing cases).)  Also, the questions posed to defendant by the attorneys and the court are not statements at all -- they are questions -- and are therefore not

11

1   hearsay under Rule 801.  <u>United States v. Torres</u>, 794 F.3d 1053, 1059

2   (9th Cir. 2015) (questions are hearsay statements only "where the

3   declarant intends the question to communicate an implied assertion

4   and the proponent offers it for this intended message").

5       Second, defendant's argument under the Fifth Amendment is

6   unfounded.  It appears entirely predicated on his proclaimed fear of

7   having "to choose between leaving the government's distorted

8   presentation unanswered and surrendering the Fifth Amendment right

9   not testify."  <u>United States v. Quinones-Chavez</u>, 641 F. App'x 722,

10  731 (9th Cir. 2016) (Fisher, J., concurring).  Setting aside

11  defendant's lack of authority supporting that introduction of

12  defendant's own statements could constitute a violation of his Fifth

13  Amendment rights, the entire purpose of the government's motion is to

14  ensure that any objections defendant has based on "distortion" or

15  misunderstanding are resolved.  The government does not intend to

16  give a "distorted presentation," nor would the Court allow it.

17      Lastly, defendant's claim that his own statements in the prior

18  proceedings "cannot be admitted prior to a ruling on the objections"

19  lodged by his attorneys on the record in those proceedings is

20  completely without support.  These statements are being admitted in a

21  criminal case as statements of a party opponent under Rule

22  801(d)(2)(A), not as deposition testimony in a civil trial.

23  Defendant does not attempt to claim any reason that would justify

24  excluding his statements in a criminal case -- as none exist.

25  **VII. CONCLUSION**

26      For the foregoing reasons, the government respectfully requests

27  that the Court grant the government's motion in its entirety.

28