H. Dean Steward, SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | DEFENDANT'S REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF WEALTH, SPENDING HABITS, DEBTS, FINANCIAL CONDITIONS, AND LIFESTYLE |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his counsel of record, H. Dean Steward, hereby files this Reply in support of Defendant's Motion in Limine to Exclude Evidence of Wealth, Spending Habits, Debts, Financial Condition and Lifestyle. [Dkt. 475].

Dated: June 21, 2021              Respectfully submitted,

                                  /s/ H. Dean Steward
                                  H. DEAN STEWARD

                                  Attorney for Defendant
                                  MICHAEL JOHN AVENATTI

# TABLE OF CONTENTS

TABLE OF AUTHORITIES....................................................................................ii

    I.    INTRODUCTION.....................................................................................1

    II.   ARGUMENT............................................................................................3

        A. The Admission of Evidence Concerning Wealth, Spending Habits, Debts, Financial Condition, and Lifestyle Violates the Notice Requirements of Rule of Evidence 404(b)(3)............................................................................3

        B. Evidence of Mr. Avenatti's Wealth, Spending Habits, Debts, Financial Condition and Lifestyle is Irrelevant............................................................6

        C. Evidence of Mr. Avenatti's Purported Wealth, Spending Habits, Debts, Financial Condition, and Lifestyle Violates Rule of Evidence 403.............................................................................................10

    III.  CONCLUSION.......................................................................................11

CERTIFICATE OF SERVICE..............................................................................12

# TABLE OF AUTHORITIES

**CASES:**                                                                                               **Page**

*Smilovits v. First Solar, Inc.,*
2019 U.S. Dist. LEXIS 212972 (D. Az. 2019)......................................................................8

*United States v. Cohen,*
539 F. App's 743 (9th Cir. 2013)(unpublished)..................................................................8

*United States v. Dowie,*
411 Fed. Appx. 21 (9th Cir. 2010)(unpublished)................................................................6

*United States v. Dorsey,*
677 F.3d 944 (9th Cir. 2012).............................................................................................5

*United States v. Hatfield,*
685 F. Supp. 2d 320 (E.D.N.Y. 2010)................................................................................8

*United States v. Holden,*
625 F. App'x 316 (9th Cir. 2014)(unpublished).................................................................8

*United States v. Holmes,*
2021 U.S. Dist. LEXIS 98060 (N.D. Cal. 2021)..............................................................1,8

*United States v. Jackson-Randolph,*
282 F.3d 369 (6th Cir. 2002).............................................................................................9

*United States v. Mujahid,*
2011 U.S. Dist. LEXIS 170568 (D. Ak. 2011)...................................................................3

*United States v. Nill,*
518 F.2d 793 (5th Cir. 1975).............................................................................................9

*United States v. Reyes,*
660 F.3d 454 (9th Cir. 2011).........................................................................................7,8

*United States v. Shields,*
673 Fed. Appx. 625 (9th Cir. 2016)(unpublished)...........................................................10

*United States v. Stahl,*
616 F.2d 30 (2nd Cir. 1980)……...………………………………………..………..9

*United States v. Turner,*
2007 U.S. Dist. LEXIS 24850 (W.D. Wash. 2007)……………………………………6

*United States v. Vega,*
188 F.3d 1150 (9th Cir. 1999)………………………………………………………3

*United States v. Vizcarra-Martinez,*
66 F.3d 1006 (9th Cir. 1995)………………………………………………………..5

*United States v. Wanland,*
657 Fed. Appx. 631(9th Cir. 2014)(unpublished)……………………………………8

*United States v. Weygandt,*
681 Fed. Appx. 630 (9th Cir. 2017)(unpublished)……………………………………8

**FEDERAL RULES:**

Fed. R. Evid. 401……………………………………………………………………6

Fed. R. Evid. 403……………………………………………………………10,11

Fed. R. Evid. 404(b)(3)………………………………………………………..2,3,4,5

**OTHER AUTHORITES:**

James, *Relevance, Probability and the Law*, 29 Calif. L. Rev. 689 (1941)……………6

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On May 31, 2021, Mr. Avenatti filed a Motion in Limine to Exclude Evidence of Wealth, Spending Habits, Debts, Financial Condition and Lifestyle evidence. [Dkt. 475]. On June 14, 2021, the government filed its opposition[1] to the Defendant's motion with several exhibits under seal. [Dkt. 498, 504]. As made clear by the government in the opposition, the government seeks to introduce at trial not only transactions allegedly "directly traceable to client settlement funds" (of which there are but a handful), but also those allegedly relating to "defendant's debts and lavish lifestyle during the time period alleged in the Indictment…" [Dkt. 498, p. 18]. This is improper and highly prejudicial. *The admission of this evidence will also turn the trial into a full-blown examination of Mr. Avenatti's finances and earning potential, especially considering that according to the government in the opposition, they intend to argue to the jury that Mr. Avenatti had no other means to pay his expenses.*[2] This, the Court cannot allow.

---

[1] The government previously claimed in this case that the defense had copied portions of another brief from another case when it filed its motion for contempt. The government argued this was improper and used the allegation to denigrate undersigned counsel. [Dkt. 418, pp. 1, 19.] The Court is urged to compare the government's opposition in this case [Dkt. 498] with the opposition filed in the Elizabeth Holmes criminal case pending in the Northern District of California (Case. No. 18-CR-00258, Dkt. 663). The government evidently has modified its position as to the propriety of copying other filings because that is exactly what the government has done in filing its opposition – it copied portions of other attorneys' work from an entirely different case verbatim. The Court should note that the *Holmes* court proceeded to substantially grant the motion to exclude lifestyle and financial evidence. *See United States v. Holmes*, 2021 U.S. Dist. LEXIS 98060, at *16-17 (N.D. Cal. 2021).

[2] The government's claim in the opposition that this "motive" evidence would not open the door to the defense admitting evidence demonstrating Mr. Avenatti's past successes, earning potential and other financial means is meritless. The government cannot be permitted to argue that Mr. Avenatti had to steal monies from his clients in order to support his lifestyle and then argue that he must be precluded from introducing contrary evidence demonstrating this is entirely false.

In its opposition, the government argues that it has provided the Defendant with proper, written notice of its intent to introduce evidence of Mr. Avenatti's wealth, spending habits, financial condition and glamorous lifestyle. The government claims that this notice was provided by way of statements made within the Indictment, bank record summaries produced in discovery, and a single sentence within a February 2020 letter. By omission, the government concedes that evidence of Mr. Avenatti's lavish lifestyle, expensive apartment, use of a private jet and spending habits was not included within its formal, written 404(b) notice. The government claims that this evidence does not fall under the purviews of Rule 404(b) because it is inextricably intertwined with the charged conduct. This is incorrect. Because the government is not required to prove that Mr. Avenatti personally benefited from the charged scheme, any argument that this evidence is necessary for the presentation of its case is unfounded.

Evidence of Mr. Avenatti's lifestyle, especially transactions that are unrelated to Defendant's former clients, is irrelevant and highly prejudicial. This is especially true because the government concedes in its opposition that "<u>it is often impossible to determine whether certain purchase were made with client funds or funds from another source.</u>" [Dkt. 498, p. 10-11](emphasis added). For nearly two decades, Mr. Avenatti had an extremely successful law practice that resulted in millions of dollars of legal fees. The fees earned by Mr. Avenatti were the result of hard work, long hours and grit. If the government cannot clearly and definitively trace each "lavish" transaction entirely to an illegitimate source, the prosecution cannot be permitted to introduce this evidence under any set of circumstances. Not only is this evidence irrelevant, but it improperly appeals to class prejudice, alienates Mr. Avenatti from jurors, and wastes time.

Based upon the following, Mr. Avenatti requests that the Court exclude any evidence regarding his alleged lavish lifestyle, wealth, debts, spending habits, financial condition or other similar evidence.

## II. ARGUMENT

### A. The Admission of Evidence Concerning Wealth, Spending Habits, Debts, Financial Condition, and Lifestyle Violates the Notice Requirement of Rule of Evidence 404(b)(3)

Mr. Avenatti asks that this Court exclude evidence of Mr. Avenatti's wealth, spending habits, debts financial conditions and lifestyle pursuant to Rule 404(b). In a criminal case, the prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it." Fed. R. Evid. 404(b)(3)(A). This notice must be performed "…in writing before trial" and must *"articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose."* Fed. R. Evid. 404(b)(3)(B), (C)(emphasis added).

The purpose of the 404(b) notice requirement is to "reduce surprise and promote early resolution of admissibility issues." *United States v. Vega*, 188 F.3d 1150, 1153 (9th Cir. 1999)(finding that the government's failure to provide pretrial 404(b) notice of pretrial border crossings and bank deposits required the exclusion of this evidence from trial). This notice requirement is not met when the government indicates that it seeks to introduce broad categories of materials. *United States v. Mujahid*, 2011 U.S. Dist. LEXIS 170568, *5-6 (D. Ak. 2011)(the prosecution's letter describing a broad category of voluminous materials in a complex case did not fulfil the notice requirements of 404(b)). Failure to provide notice or obtain an excuse from the court, "renders the other acts evidence inadmissible, whether the evidence is used in the prosecution's case-in-chief or for impeachment." *Vega, supra,* 188 F.3d at 1153.

The government claims that it has "provided ample notice to defendant of its intent to introduce such evidence." [Dkt. 498, p. 16]. The government cites to the Indictment and argues that the charging instrument puts Mr. Avenatti on notice "that such personal expenses were relevant in the Indictment." *Id.* The government cannot

3

point to the Indictment as a means to put the defendant on notice of 404(b) evidence. If that were the case, then the 404(b) written, pretrial notice requirement would be meaningless. Every defendant charged by way of a criminal indictment would be on constructive notice of all "other acts" evidence the government sought to introduce at trial so long as it was alluded in any way within the charging instrument. This is not the law.

On February 2, 2020, the government provided Mr. Avenatti with a letter in connection with its intent to introduce evidence of other crimes, wrongs, or acts. Within one of the bullet points in connection with the evidence related to the NFL litigation, the government indicated that Defendant paid various clients using funds received from other sources as opposed to from the settlement proceeds, "which defendant had already used for his own personal and professional purposes." [Dkt. 284-1, p. 3]. The government argues that this statement constitutes actual, written notice of its intent to introduce evidence relating to Mr. Avenatti's prior travel, expensive apartment, use of a jet, racing cars, or other evidence related to wealth and lavish lifestyle. This is not the type of notice that 404(b) demands. It is unreasonable to expect that Mr. Avenatti would be notice of the government's intent to introduce wealth evidence through this statement.

Finally, the government argues that Mr. Avenatti was placed on notice of its intent to introduce this wealth evidence from Mr. Drum's summary charts. [Dkt. 498, p. 16].[3] In May of 2020, the government provided Mr. Avenatti with summary charts prepared by its purported expert witness. Within these charts, the language "DRAFT" appears across each of the 95 pages. These charts display several transactions that occurred from

---

[3] To date, Mr. Drum has been paid over $567,000 by the government to conduct his alleged financial "analysis." The evidence at trial will show that Mr. Drum's charts and analysis are deeply flawed. Further, despite written demand, the government refuses to provide specific citations to all of the documents and data relied on by Mr. Drum. Instead, Mr. Drum cites to things like "Quickbooks," which tells the defense nothing. This is akin to Mr. Drum citing to "filing cabinet." The defense intends on filing a motion relating to Mr. Drum's failures prior to his testimony.

4

2013 through 2018 to various entities including GBUS, Passport 420, GB Auto and Montage Resort and Spa. Again, the government argues that these transactions place Mr. Avenatti on notice of its intent to introduce *wealth* evidence. This argument is nonsensical and is not the type of notice 404(b) requires. Allowing for the production of discovery related to bank transactions act as 404(b) notice would put nearly every defendant facing a finance-related crime on notice of the government's intent to introduce other act evidence in connection with some or all of the transactions recorded within the bank statements.

The government argues that the evidence it seeks to introduce is not "'other act' evidence" and instead is "inextricably intertwined" in the offense charged. [Dkt. 498, p. 14]. The government argues that evidence related to Mr. Avenatti's personal expenses is "necessary to prove that defendant was not sending the money to his clients" and without the evidence, "the government cannot adequately prove that defendant misappropriated their money for himself." *Id.* at p. 15. The government also argues that this evidence is necessary and relevant to Mr. Avenatti's use of the funds related to the NFL Super Bowl litigation. The government makes these arguments, however, while acknowledging that many of the transactions cannot be traced to alleged ill-gotten gains.

If the government can prove that the proffered evidence is inextricably intertwined with the scheme charged in the Indictment, then the evidence is not subject to the scrutiny under Federal Rule of Evidence 404(b). *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012). Other acts are inextricably intertwined, and therefore admissible, when the evidence is either "a part of the transaction that serves as the basis for the criminal charge" or "a coherent and comprehensible story regarding the commission of the crime." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012-13 (9th Cir. 1995). However, if the government offers such "inextricably intertwined" evidence at trial, "that the Court determines falls within the category of 'extrinsic' evidence of which Rule 404(b) requires notice, and the government has not provided such notice,

5

*such evidence will be inadmissible"* absent a showing of good cause. *United States v. Turner,* 2007 U.S. Dist. LEXIS 24850, at *6 (W.D. Wash. 2007)(emphasis added).

Evidence of Mr. Avenatti's wealth, spending habits, debt, financial conditions and lifestyle are not inextricably intertwined with the offenses charged and this evidence is not necessary for the presentation of the government's case. A conviction for wire fraud "requires the Government to prove the defendant had a specific intent to defraud, <u>not an intent to personally gain from the fraud. An intent to defraud does not turn on personal gain</u>." *United States v. Dowie,* 411 Fed. Appx. 21, 25 (9th Cir. 2010) (unpublished) (emphasis added). Accordingly, the information is irrelevant.

Although the Indictment alleges that Mr. Avenatti used settlement proceeds for his own personal and business expenses, the government need not establish personal gain "to prove that defendant was not sending the money to his clients." [Dkt. 498, p. 10-11]. The alleged victims either received money they were entitled to or they did not. Further, the government not only seeks to introduce transactions "directly traceable to client settlement funds" but also those that are evident of "of defendant's debts and lavish lifestyle during the time period alleged in the Indictment…" [Dkt. 498, p. 18]. The government's argument that the extravagant transactions, unrelated to his former clients, are inextricably intertwined with the charged conduct is unconvincing and unsubstantiated.

### B. Evidence of Mr. Avenatti's Wealth, Spending Habits, Debts, Financial Condition, and Lifestyle is Irrelevant

Evidence is relevant if it has any tendency to make a fact more or less probable and the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevancy "is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." Fed. R. Evid. 401, Notes of Advisory Committee on Rules; *citing* James, *Relevance, Probability and the Law*, 29 Calif. L. Rev. 689, 696 (1941).

6

In the government's opposition, it makes clear that the prosecution is not only attempting to introduce transactions that are "directly traceable to client settlement funds" but also evidence "of defendant's debts and lavish lifestyle during the time period alleged in the Indictment…" [Dkt. 498, p. 18]. The government argues that evidence of Mr. Avenatti's "lifestyle of luxury, flash, and glamour" establish Mr. Avenatti's motive for committing these crimes. At the same time, the government demands that Mr. Avenatti's counter evidence relating to his earning potential and other financial means be entirely excluded as "irrelevant." *See, e.g.*, [Dkt. 498, p. 20].

The government cites several cases for the proposition that evidence related to a defendant's wealth is relevant and admissible to prove financial motive in fraud-related cases. [Dkt. 298, p. 21-22.] In *United States v. Reyes,* 660 F.3d 454 (9th Cir. 2011), Defendant Reyes, the former CEO of Brocade, was permitted to unilaterally provide employees the right to purchase company stock, which was priced retroactively and below the stock's current market value. Reyes was later indicted in connection with his scheme of granting of these stock options to himself. Reyes personally received $130,000,000 worth of backdated stock options. The district court allowed for the introduction of evidence regarding how many stock options had been received but "the district court showed sensitivity to undue prejudice concerns when it forbade the introduction of evidence that Reyes made $500 million from the sale of Brocade stock, reasoning that such evidence was unduly prejudicial… " Id. at 463-64. The evidence was offered to establish motive because it "permitted the jury to draw a reasonable inference that he knew what he was doing, and how the scheme operated to benefit him." *Id.*

The government's reliance on the *Reyes* case is misplaced. In *Reyes*, the entire scheme revolved around the stock options that the Defendant wrongfully acquired. Even though the government was permitted to show the value of the stock options and how many stock options that Reyes received, the government was ultimately precluded from

7

<u>presenting evidence of Reyes' financial gain from the scheme in an effort to avoid prejudice</u>. There was no presentation of Reyes' lavish or glamorous lifestyle. Applied to the case before the Court, the government similarly need not prove that Mr. Avenatti financially gained and should similarly show "sensitivity to undue prejudice concerns." Unlike Reyes, and as conceded by the government, "<u>it is often impossible to determine whether certain purchase were made with client funds or funds from another source</u>" and the wealth evidence proffered by the government cannot be linked to the charged scheme with certainty. [Dkt. 498, p. 10-11](emphasis added)

      The government also cites to four other cases, which the prosecution fails to properly annotate as unpublished, to stand for the similar proposition that evidence of wealth may be used to establish a Defendant's motive, knowledge and intent. In *United States v. Weygandt*, 681 Fed. Appx. 630 (9th Cir. 2017)(unpublished), Weygant appealed his conviction and argued that the references to his wealth denied him of due process. However, Weygandt <u>failed to object to the admission of this evidence at trial</u>, so the claim was revealed for plain error. In light of "potentially valid uses for the wealth-related evidence, any error … was not 'clear' or 'obvious.'" *Id.* at 633-34. The remaining unpublished cases the government cites, *Wanland, Holden* and *Cohen*, provide no meaningful analysis and summarily parrots the language of *Reyes*, which allows for the introduction of wealth evidence under select circumstances to establish financial motive. *See United States v. Wanland*, 657 Fed. Appx. 631, 635 (9th Cir. 2014)(unpublished); *United States v. Holden*, 625 F. App'x 316, 318 (9th Cir. 2014)(unpublished); *United States v. Cohen*, 539 F. App's 743, 745 (9th Cir. 2013)(unpublished).

      Evidence of an "individual's lavish spending habits, without a connection to an individual's participation in criminal activity is irrelevant." *United States v. Holmes*, 2021 U.S. Dist. LEXIS 98060, *12-13; *citing United States v. Hatfield*, 685 F. Supp. 2d 320, 326 (E.D.N.Y. 2010)("**[I]t is irrelevant if [defendant] spent his fortune on lavish parties, instead of donating it to starving Malawian orphans.**"); *See Smilovits v. First*

8

1  *Solar, Inc.*, 2019 U.S. Dist. LEXIS 212972, *47 (D. Az. 2019)("[t]he Court has
2  difficulty seeing the relevance of other evidence of Defendant's wealth, such as their net
3  worth of lifestyle independent of the stock sales alleged in the complaints…")

4      Other circuits have similarly determined that when the evidence is unrelated to the
5  charged scheme or cannot be directly traced to an illegitimate source it is irrelevant and
6  must be excluded. *See United States v. Jackson-Randolph*, 282 F.3d 369, 378 (6th Cir.
7  2002)(the prosecution may present wealth evidence so long as the "wealth was not
8  derived from legitimate sources…"); *See also United States v. Stahl*, 616 F.2d 30 (2nd
9  Cir. 1980)(the prosecutor's appeals to class-prejudice were improper and "ha[d] no place
10 in a courtroom" despite government's argument that arguments were made to establish
11 motive); *United States v. Nill*, 518 F.2d 793, 802 (5th Cir. 1975)("[a] man's wealth is
12 wholly irrelevant to his guilt or innocence in a criminal prosecution unless the wealth is
13 directly connected to the offense for which he is standing trial.")

14     Mr. Avenatti asks that this Court determine that the evidence the government
15 seeks to introduce is irrelevant and is not being properly offered to establish motive,
16 knowledge or intent to commit the instant offenses. First, the government acknowledges
17 that it is unable to properly trace each alleged extravagant transaction to illegitimate
18 means. The prosecution, by their own admissions, is incapable of definitively
19 establishing that Mr. Avenatti's cars, meals, or apartment were funded by his former
20 clients' settlement proceeds as opposed to legitimate funds that Mr. Avenatti earned
21 through decades of prosperous legal practice. <u>This alone renders the information
22 inadmissible</u>. Additionally, the government is not merely seeking to introduce
23 transactions that it claims it may trace to the client's alleged settlement funds. Instead,
24 the government has claimed that it intends to introduce evidence "of defendant's debts
25 and lavish lifestyle during the time period alleged in the Indictment…" [Dkt. 498, p. 18].
26 The evidence the government seeks to introduce is irrelevant. Further, even if relevant,
27 any probative value that this evidence has is greatly outweighed by the prejudice it will
28

cause. It must be excluded from this trial.

### C. Evidence of Mr. Avenatti's Purported Wealth, Spending Habits, Debts, Financial Condition, and Lifestyle Violates Rule of Evidence 403

The government's opposition makes clear that the government intends on turning the trial into a full-blown, one sided presentation of Mr. Avenatti's finances and spending habits. They intend on offering evidence of "how defendant used the funds he misappropriated" and to "demonstrate the financial motive for his crimes." [Dkt. 498, p.1-2]. The government also intends on arguing that stealing his clients' money was the only way he could support his lifestyle (while at the same time arguing to the Court that all counter evidence must be excluded). The government's effort should be denied.

In order to inflame the jury, elicit an emotional response, and focus their attention on vilifying Mr. Avenatti and convicting him because of his spending habits and "extravagant lifestyle," the government intends on presenting a litany of purchases and expenses entirely unrelated to any alleged payment due a client – "luxury" cars; "fancy" restaurants; a "luxury" apartment, etc. Indeed, the government is not shy about their intentions, they nakedly admit them in their opposition – the government intends on putting Mr. Avenatti's wealth and spending habits on trial. This is the very epitome of what Rule 403 is designed to protect against it and the Court should not allow it. "[Rule 403 prevents the admission of evidence] that has an undue tendency to suggest a decision on an improper basis such as emotion or character rather than evidence presented on the crime charged." *United States v. Shields*, 673 Fed. Appx. 625, 627 (9th Cir. 2016)(unpublished).

It is entirely irrelevant how Mr. Avenatti spent his money, what car he drove, where he travelled to, where he lived, where he ate, what clothes he wore, etc. Indeed, there is no legitimate reason to interject these details into the trial. The only reason the government seeks to place this information before the jury is to ensure that the jury is prejudiced against Mr. Avenatti and emotionally charged to find against him.

10

Further, contrary to the government's assertion, if this evidence is permitted at trial, it will result in a significant waste of time. If the government intends to argue, as they state in their opposition, that Mr. Avenatti did not have the ability to spend as he did unless he stole from his clients and this was the motivation behind his alleged crimes, then the government will undoubtedly open the door to significant evidence to the contrary, including evidence of Mr. Avenatti's successes, earning potential, other financial resources, financial condition, verdicts, settlements, awards, etc. Under no circumstances can the government be permitted to make their claims and then have the Court prevent the Defendant from offering significant evidence to the contrary (as they argue for in their opposition [Dkt. 498, p.20]). This will result in a colossal waste of time and a far longer trial.

Pursuant to Federal Rule of Evidence 403, the Court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of **one** or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." (emphasis added). Here, the probative value is substantially outweighed by not one factor, but by multiple factors - danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and needlessly presenting cumulative evidence. Accordingly, the motion should be granted and the evidence excluded.

### III. CONCLUSION

For each of the reasons stated above and in the motion, the motion should be granted.

Dated: June 21, 2021                    Respectfully submitted,

                                        /s/ H. Dean Steward
                                        H. DEAN STEWARD

                                        Attorney for Defendant
                                        MICHAEL JOHN AVENATTI

11

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672. I am not a party to the above-entitled action. I have caused, on June 21, 2021, service of the defendant's:

DEFENDANT'S REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF WEALTH, SPENDING HABITS, DEBTS, FINANCIAL CONDITIONS, AND LIFESTYLE

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 21, 2021

/s/ H. Dean Steward

H. Dean Steward

12