# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

| Case No. | SACR 19-61-JVS | | Date | June 22, 2021 |
|---|---|---|---|---|

| Present: The Honorable | **JAMES V. SELNA, U.S. DISTRICT COURT JUDGE** |
|---|---|
| Interpreter | |

| Lisa Bredahl | Not Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Michael John Avenatti | NOT | | X | Dean Steward | NOT | | X |

**Proceedings:**   **[IN CHAMBERS] Minute Order re Ex Parte to Continue**

Defendant Michael John Avenatti ("Avenatti") moves the Court *ex parte* to continue the July 13, 2021 trial for approximately 60 days. (Docket No. 484). The Government has filed an opposition (Docket No. 490), and with leave of Court, Avenatti filed a reply (Docket No. 496). The application focuses on disclosures concerning Employee 1.

The Court denies the application for the following reasons.

1. Avenatti claims that Employee 1 is the "lynchpin" and "the most important government witness in the case." (Motion, p. 2.) This is far from clear. The Government case was largely formulated before the Government interviewed Employee 1.[1] The Government identifies numerous other sources to support for the claims Count 1 through 10, including the victim clients. (Opposition, pp. 5-8.)

2. The Government produced the notes from two interviews with Employee 1 on June 3, 2021, prior to the date for disclosing Jenks material. The Government represents that these reports were previously disclosed to Avenatti in the <u>Nike</u> case in advance of that trial.[2] (Opposition, p. 2.) Avenatti does not contend otherwise.

---

[1]This so even though the Government did interview Employee 1 in the interval between filing the criminal complaint and the indictment. (<u>See</u> Reply, pp. 2-3.)

[2]Collectively, the reports run to 24 pages of detail.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

3.  The November 19, 2019 interview revealed that she had potential mental health issues and was taking medication.  (Opposition, Ex. 3, p. 1; pagination per exhibit).  The Government's disclosure of Employee 1's potential issue in a May 4, 2021 email to the Government as part of the June 3, 2021 production was not the first such indication.[3]

4.  The Court is not prepared to decide on this application whether and to what extent expert testimony concerning the conditions Employee 1 has manifested are the proper subject to expert testimony.  (See Opposition, pp, 8-9; Reply, pp. 2-3.)  Nevertheless, the Court believes that there is ample time before trial to identify and retain an expert.[4]

5.  The Court does not find that the scope of the June 3, 2021 production supports a continuance.  A detailed index was provided, and the Government represent that much of the production consists of duplicates of prior production.

Initials of Deputy Clerk _____ : _____ 0 _____

lmb

---

[3]The email was not buried in the production which was accompanied by a detailed index, including a specific entry for Employee 1's email.  (See Opposttion, Ex. 1, Index, p. 30, last line.)

[4]Employee 1's condition is neither arcane nor unknown.  As Avenatti points out, the condition "is a signficant and widely recognized medical disorder," and is included in DSM-5, one of the standard texts in the field.  (Motion, p. 5.)