UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | SACR 19-61-JVS | Date | June 28, 2021 |
|---|---|---|---|

| Present: The Honorable | **JAMES V. SELNA, U.S. DISTRICT COURT JUDGE** |
|---|---|
| Interpreter | |

| Lisa Bredahl | Not Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Michael John Avenatti | NOT | | X | Dean Steward | NOT | | X |

**Proceedings:** **[IN CHAMBERS] Minute Order re Motions *in Limine*** 

Michael John Avenatti ("Avenatti") and the Government have applied to the Court for relief by way of Motions *in Limine*. The Court now enters its rulings.

I.   The Government's Motions *in Limine.*

   A.   Motion *in Limine* No.1:  Admission of Certain Business Records.

The Government seeks a pretrial ruling concerning the admission of certain business records which it contends are self-authenticating under Federal Rule of Evidence 902(11).  (Docket No. 473.)  Avenatti has filed an opposition (Docket No. 497), and the Government has replied (Docket No. 506).

   1.   Legal Standard.

Federal Rule of Evidence 902(11) provides an expedited procedure for admitting certain types of documents:

> The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:
>
> . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

(11) Certified Domestic Records of a Regularly Conducted Activity. The original or a copy of a domestic record that <u>meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court</u>. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record--and must make the record and certification available for inspection--so that the party has a fair opportunity to challenge them.

(Fed. R. Evid. 902(11); emphasis supplied.) Federal Rule of Evidence 803(A)-(C) lays out the business record exception to the hearsay rule. (Fed. R. Evid. 803(A)-(C).) Neither party disputes the applicable rules.

2. <u>Discussion</u>.

In its Motion, the Government identifies approximately sixty sources for documents along with identification of certificates by the relevant custodians of records. (Motion, Ex. A.) Conspicuously, none of the custodian certificates is before the Court, nor are any of the approximately 11,000 documents comprising approximately 107,000 pages were filed with the motion.[1]

The Court cannot assess the admissibility of the records in a vacuum. The Court is unable to assess the sufficiency of the custodian certificates. Nor is the Court able to review the content of the records to determine whether the records in fact satisfy the business records exception. Even if the Court could assess these two issues, it would be imprudent to make a ruling at this time given the possibility of multiple hearsay and other factors which could vitiate the application of the business records exception.

The Motion is denied without prejudice. That said, the Court urges the parties to conduct further discussions in advance to trial to see if there is agreement on the admission of specific documents. While the Court has no knowledge of exactly what the documents contain, it may be that information might be better presented through a compilation under Federal Rule of Evidence 1006.

B. <u>Motion *in Limine* No. 2: Admission or Exclusion of Avenatti Statements.</u>

The Government seeks a pretrial ruling permitting the admission of certain statements made by Avenatti and the exclusion of certain statements attributed to Avenatti.

---

[1] The Government did file the certificates with its reply.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

(Docket No. 474.)  Avenatti has filed an opposition (Docket No. 500), and the Government has replied (Docket No. 505).

1. <u>Legal Standard.</u>

Statements by a party opponent are admissible even against a criminal defendant.

Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay:

. . .

(2) An Opposing Party's Statement. The statement is offered against an opposing party and:

(A) was made by the party in an individual or representative capacity;

(Fed. R. Evid. 801(d)(2)(a).)

Rule 106 provides a rule of completeness where a party offers only part of an opponent's writing or recording:

If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part--or any other writing or recorded statement--that in fairness ought to be considered at the same time.

(Fed. R. Evid. 106.)  However, the Government's offer of inculpatory statements does not open the door for a defendant to offer his own exculpatory hearsay statements under Rule 106. <u>United States v. Ortega</u>, 203 F.3d 675, 682 (9th Cir. 2000); <u>United States v. Collicott</u>, 92 F.3d 973, 983 (9th Cir. 1996).  The rule bends only "when one party has made use of a portion of a document, such that <u>misunderstanding or distortion</u> can be averted only through presentation of another portion, the material required for completeness is ipso facto relevant and therefore admissible under Rules 401 and 402." <u>Beech Aircraft Corp. v. Rainey</u>, 488 U.S. 153, 172 (1988) (emphasis supplied).  Judge Fisher's comments in an unpublished, concurring and dissenting opinion on a defendant's right to request additional passages does not change the basic rules. (Opposition, p. 9-10, citing <u>United States v. Quinones-Chavez</u>, 641 Fed. Appx. 722, 731 (9th Cir. Feb. 23, 2016).)

2. <u>Discussion.</u>  Avenatti has testified in numerous judgment debtor exams,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

bankruptcy proceedings, and other proceedings. The Government has identified and provided the transcripts for each of the relevant proceedings which are set out in Exhibits A through K to the Wyman Declaration. Avenatti objects to certain passages specifically and to others in a blanket or wholesale fashion. (Opposition, passim.) He also offers a short list of additional passages which he believes should be admitted. (Opposition, p. 7.) Accordingly, the Court deals below with each passage to which Avenatti objects and each passage which he now proffers.[2]

However, the Court deals with several other issues before reaching the details. First, questions by lawyers are not admitted for the truth but only to provide context. On that basis they are properly admitted along with Avenatti's statements. See United States v. Godson, 763 F.3d 1189, 1212 (9th Cir. 2014). However, the Court will require the Government to delete colloquy between counsel and objections not sustained. (See Opposition, p. 8.) Third, the Court finds it irrelevant that Avenatti was questioned by different lawyers in different cases. The questioner has no bearing or effect on the content of Avenatti's statements. Given that the questions of the examiners will not be received for the truth, there is no need to have them present at trial for cross-examination. Fourth, there is no violation of Avenatti's right to present a complete case by following the strict rules of admission of a defendant's hearsay statements. (Opposition, pp. 10-11.) Fifth, the Government acknowledges that it will be required to authenticate each recording or transcript. (Reply, pp.10-11.) As part of the last status conference, the Court will deal with the manner in which recorded statements should be handled.[3] Finally, the rulings which the Government invites are appropriate for pretrial determination and will make the trial more efficient. United States v. Tokash, 282 F.3d 962, 968 (7th Cir. 2002).

While advancing many blanket objections to the Government's designations, he addresses relatively few specific passages. The Court rules on Avenatti's objections:

| Passage | Ruling | Comment |
|---|---|---|
| Exhibit C, p. 111 | Overruled. | Relevant to victim Gregory Barela |

---

[2] The Court rejects Avenatti's effort to offer only certain counter-designations at this time while lying in the weeds for another day. (Opposition, p. 7n.2.)

[3] If recordings are played, the Court is likely to require the distribution of transcripts, which will not be binding since the evidence is the recording itself. (See Opposition, p. 14.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| | | |
|---|---|---|
| Exhibit C | Overruled. | Avenatti cites no specific passage which is objectionable. |
| Exhibit I, p. 10 | Overruled. | Passage not designated by the Government. The Government advised that the intended passage was likely at page 33. |
| Exhibit J, p. 5 | Sustained | <u>See</u> discussion in Section II, below. |
| Exhibit J | Overruled. | Avenatti cites no specific passage which is objectionable. Avenatti's alleged disbursement of client settlement funds to other Avenatti-controlled entities is relevant. |

Avenatti asserts that he should be permitted to offer the following statements which he made in various hearings or depositions. However, he provides no reasons why these passages are necessary to avoid misrepresentation or distortion in any particular passage designed by the Government. For example, in Exhibit B, the Government has designed 53 lines (a little less than two pages) and Avenatti, without explanation, requests that the entire 20-page transcript be read.

| Passage | Ruling | Comment |
|---|---|---|
| Exhibit B | | |
|    Balance of Ex. B | Overruled. | Does not meet <u>Beech</u> test. |
| Exhibit C | | |
|    111:14-112:10 | Overruled. | Does not meet <u>Beech</u> test. |
|    112:24-113:3 | Overruled. | Does not meet <u>Beech</u> test. |
| Exhibit D | Overruled. | |

| 87:12-88:24[4] | Overruled. | Does not meet Beech test. |
| --- | --- | --- |
| 89:15-21 | Overruled. | Does not meet Beech test. |
| 152:13-18 | Overruled. | Does not meet Beech test. |
| 153:5-16[5] | Overruled. | Does not meet Beech test. |
| 189:22-190:7 | Overruled. | Does not meet Beech test. |
| 215:1:13 | Overruled. | Does not meet Beech test. |
| 215:17-216:4 | Overruled. | Does not meet Beech test. |
| 220:2-4 | Overruled. | Does not meet Beech test. |
| 224:1-9 | Overruled. | Does not meet Beech test. |
| 224:18-8 [sic] | Overruled. | Does not meet Beech test. |
| 233:13-234:2 | Overruled. | Does not meet Beech test. |
| 241:16-18 | Overruled. | Does not meet Beech test. |

With out specifics, Avenatti objects to passages relating to other litigations under Federal Rule of Evidence 404(b).  (Opposition, p. 16.)  The rule provides:

b) Other Crimes, Wrongs, or Acts.

(1) Prohibited Uses. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

(Fed. R. Evid. 404(b).)  The record is insufficient to rule on this objection.  However, motive would clearly fall within the ambit of permissible other acts.

---

[4]Most of this passage consists of "I don't know" responses.  This is also true of a number of other passages.

[5]The Government notes that Avenatti has yet to assert an advice of counsel defense.  (Reply, p. 9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

C. Motion *in Limine* No. 3: Exclusion of Underlying Facts res Certain Settlements.

The Government seeks a pretrial ruling to exclude the facts underlying certain civil settlements which Avenatti reached. (Docket No. 476.) Avenatti has filed an opposition (Docket No. 501), and the Government has replied (Docket No. 507).[6]

1. Background.

Between 2015, Avenatti settled four civil lawsuits for aggregate of approximately $16.5 million. In the so-called Client Counts, Avenatti is alleged to have misappropriated portions of the settlement funds not due him. The underlying cases involved violations of constitutional rights, an intellectual property dispute, a dispute among owners of a company, and a dispute over the distribution of Superbowl tickets. No two cases were factually similar.

2. Legal Standard.

Relevance of evidence is tested under Federal Rule of Evidence 401:

Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

(Fed. R. Evid. 401.) Irrelevant evidence is excluded under Rule 402.

Even if evidence is relevant, it may be subject to exclusion on various grounds. Rule 403 provides:

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

(Fed. R. Evid. 403.) In each instance, the Court must make a balancing determination. The

---

[6] At the outset, the Court rejects the contention that the Government's motion lacks specificity or that the motion is not ripe. (See Opposition, pp. 3, 5, 9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Court's exercise of its discretion to exclude evidence is not in derogation of a defendant's right to present a complete defense. Holmes v. South Carolina, 547 U.S. 319, 324 (2006).

    2. Discussion.

The Government argues that the key issue here is whether Avenatti diverted client funds. Further, the Government argues that the nature of the cases and why they were settled shed no light on that issue. The Court agrees, and finds that the facts underlying the cases are irrelevant.

The Government also argues that probing the underlying facts would be unduly time consuming and not warranted even assuming some relevance. The Court agrees. Avenatti's approach amounts to a classic case of delving into one or more cases within a case. United States v. Singh, 995 F.3d 1069, 1091 (9th Cir. 2021); United States v. Waters, 627 F.3d 345, 353 (9th Cir. 2010).

The Government agrees that the contractual particulars concerning Avenatti's representation do not fall within the scope of its motion and that the following are admissible:

> the agreements between defendant and his clients regarding the scope of the representation; the amount of money defendant would be entitled to under the agreements if settlements were obtained; the amount and type of work defendant performed as it relates to costs to be reduced from the settlement amounts to be paid to his clients; the settlement agreements and terms relating to the timing of the payments under the agreement; and the amount of money from the settlements to which defendant was entitled, including costs advanced and paid to the clients.

(Reply, p. 7.) These facts would shed light on what Avenatti was entitled to take from the settlements, and thus are relevant.

Avenatti's bill of particulars covers a number of these items but goes well beyond. (Opposition, pp. 6-7.) The following item are irrelevant or would entail undue consumption of time:

    (4) the quality of the work;

    (5) the challenges in the work and what they entailed;

    (9) the work outside the representations referenced in the indictment;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

>(11) . . . things that transpired during the representation after the initial retention agreements were signed;
>
>(12) misstatements made by the clients at the time of retention that later had a bearing on the amount of fees due Mr. Avenatti;
>
>(13) what information was shared by Mr. Avenatti with the clients about their cases, when, how, and why.

(Id.) The last item in particular would allow Avenatti to replay virtually the entirety of the facts underlying each case. A balancing assessment requires that these items be excluded.

At oral argument, the Government contended that it needed brief questioning with each client to establish the nature of the settled claim and how the client came to meet Avenatti. The Court will allow such brief questioning, but will do so in light of Avenatti's claim that anything further may open the door to more extensive exploration of the representations.

The Government notes that in terms of his reciprocal discovery obligations under Federal Rule of Criminal Procedure 16(b), Avenatti has produced a total of six pages. (Reply, p. 4.) Thus looms the question as to what if any information Avenatti will be allowed to present.

As described above, the Motion is granted.

II.  Avenatti's Motion *in Limine*: Exclusion of Certain Evidence Concerning Financial and Other Data.

Avenatti seeks an order to exclude evidence of his wealth, spending habits, debts, financial condition, and spending habits. (Docket No. 475.) The Government has filed an opposition (Docket No. 498), and Avenatti has replied (Docket No. 508.)

  1. Legal Standard.

The Court is guided by the rules for relevance and exclusion of otherwise admissible evidence, discussed in the previous section. The Court also notes that motive is a proper basis for admitting other acts under Rule 404(b)(2), again as noted above. Rule 404(b) required the Government to provide notice if it plans to offer 404(b) evidence. (Fed. R. Evid. 404(b)(3).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

2. <u>Discussion</u>.

At the outset, the Court finds that the Government gave adequate notice with sufficient detail in compliance with 404(b)'s notice requirement.[7] The Government's February 4, 2020 letter provides eight pages of detailed descriptions. (Docket No. 284, Ex. 1, pp. 1-8; pagination per letter.) Moreover, the production of the Drum analysis in May 2020 further supports the adequacy of the disclosure.

A part from the broad brush request for exclusion of evidence of wealth, spending habit, debts, financial condition and lifestyle, Avenatti identifies little in the way of specific exclusions.

In the Drum analysis, the Government's expert traces funds from the settlements recited in the indictment to various uses by Avenatti. (Opposition, Ex. 1.) This is direct evidence of Avenatti taking funds for his own use. The Court has previously denied Avenatti's effort to exclude this evidence. (Docket No. 371, pp. 12-14.) It does so again. However, should Avenatti believe that the admission of specific entries would run afoul of the Court's ruling below, Avenatti may bring that to the Court's attention by way of *ex parte* application.

To the extent that the Government offer evidence of Avenatti's "life style of luxury, flash, and glamour" (Opposition, p. 13), the Court excludes such evidence as more prejudicial than probative. This includes specifically cars and apartment rent. While such evidence may support a finding of motive, it reeks of classes. The Government's effort's to show that "he was jet-setting around the world, dining at fancy restaurants making expensive purchases, and otherwise projecting a life style and wealth" falls into the same category. (<u>See</u> Opposition, p. 18.) The Court acknowledges the many authorities which have permitted lifestyle evidence. (<u>See</u> Opposition, pp. 13-17, collecting cases.) However, in every case, it is a question of degree of prejudice. Here the Court finds that there is substantial likelihood of prejudice that is not counter-balanced by its probative value. The Government's own description of its evidence presents such fascinating sparkle that the jury is likely to be diverted from, and prejudiced it in addressing, its main inquiry: Did Avenatti divert funds to which he was not entitled.

Proof of Avenatti's debts outstanding at the time of his alleged embezzlements, with reference only to the generic nature of the debt, may be admitted. Such evidence is more probative than prejudicial. (Tr. Jan. 22, 2020, pp. 2-16, <u>United States v. Avenatti</u>, United

---

[7] The Government contends that such evidence is independently admissible because it is bound up with direct evidence to prove the various embezzlements. Avenatti acknowledges that there is a legitimate basis for this position. (Reply, pp. 5-6.)

States District Court for the Southern District of New York, Case No. 19 CR 0373 (P.G.).) The Court finds that the diversion of funds from the Plan settlement to resolve Avenatti's bankruptcy debts is sufficiently akin to indebtedness to be received. (See Opposition, p. 18.)

If the Government believes that there are specific expenditures which fall outside the Court's ruling, it is free to apply to the Court by *ex parte* application.

The Court grants the Motion in part and denies the Motion in part.

\* \* \* \* \* \* \* \* \* \* \* \* \*

**Counsel are ordered to advise the parties and all witnesses of the Court's rulings so that there are no inadvertent violations of this Order.**

:   0

Initials of Deputy Clerk   lmb