H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 497-6753

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER EXTENDING DEFENDANT'S TEMPORARY RELEASE |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his counsel of record, H. Dean Steward, hereby files this *Ex Parte* Application for an Order Extending Defendant's Temporary Release from July 13, 2021 to August 17, 2021. The government has informed the defense that they will defer to the Court.

Dated: July 9, 2021          Respectfully submitted,

                             /s/ H. Dean Steward
                              H. DEAN STEWARD

                             Attorney for Defendant
                             MICHAEL JOHN AVENATTI

Pursuant to this Court's prior Orders, Defendant Michael John Avenatti ("Mr. Avenatti") is presently on temporary release and home confinement in Venice, California. Absent a further extension, Mr. Avenatti will be required to self-surrender on July 13, 2021, the first day of trial in this matter.

Mr. Avenatti respectfully requests the ability to remain on temporary release through August 17, 2021 for the following reasons:

(1) In order to properly defend Mr. Avenatti at trial and present a proper defense, undersigned counsel must have significant access to Mr. Avenatti during the trial of this complex case, which involves well over 1,000,000 pages of discovery, hundreds of exhibits identified by the government, and over 35 government witnesses – this necessary access cannot occur if Mr. Avenatti is in custody.

(2) The Bureau of Prisons ("BOP") COVID-19 protocols associated with placing Mr. Avenatti in custody now, including the quarantine requirement, are not conducive to permitting the trial to proceed as scheduled.

(3) The BOP COVID-19 protocols associated with holding Mr. Avenatti in custody will severely impede Mr. Avenatti's ability to meet with his defense team and Mr. Avenatti's access to discovery, trial exhibits, etc. and infringe on Mr. Avenatti's right to meaningfully participate in his defense and mount a defense. Mr. Avenatti also needs to be able to provide facts and information to his counsel as the trial progresses.

(4) As the Court noted during the final pre-trial conference (June 28, 2021), the risks associated with COVID-19 are still significant and the vaccine is "no silver bullet" – even if one is vaccinated, you can still contract the virus and suffer serious illness.[1] The risks of placing someone in custody generally, and the risks to

---

[1] Further, according to recent press reports, Covid-19 cases have begun to dramatically increase again in the Central District, largely as a result of the Delta

Mr. Avenatti in particular, are already well documented in the record in this case.[2]

(5) Mr. Avenatti has complied with the terms of his temporary release for well over a year and he continues to comply with the terms without incident. On May 14, 2021, the Pretrial Services Agency submitted a report to the Court stating that "Throughout the period of temporary release, the defendant has remained in compliance and has been cooperative with directives from Pretrial Services" (page 3)(emphasis added). According to PSA, Mr. Avenatti "has shown a pattern of consistently compliant behavior" and PSA "has not received any new information that would suggest [Mr. Avenatti] is a flight risk or danger to the community." *Id*. Further, in PSA's view, the government has not provided anything new that would suggest Mr. Avenatti is currently a flight risk or danger to the community. *Id*. Further, Mr. Avenatti travelled to New York and back this week with no issues or complications.

(6) In connection with Mr. Avenatti's sentencing, which was completed before the Hon. Paul Gardephe in the Southern District of New York yesterday,[3] (a) Judge Gardephe permitted Mr. Avenatti to remain on bond until September 15, 2021 and set that date for Mr. Avenatti to self-surrender and (b) the prosecutors from SDNY informed the court that, after having consulted with their counterparts in this case, they were not seeking Mr. Avenatti's remand and had concluded that

---

variant. *See, e.g.*, "Coronavirus spread worsens across L.A. County as Delta variant brings rising alarm," Los Angeles Times, July 9, 2021. The positivity rate has doubled in the last week in Los Angeles County and cases have increased 165%.

[2] *See, e.g.*, (a) the Opposition [Docket No. 271] to the Government's Motion to Terminate and Not Further Extend Defendant Michael John Avenatti's Temporary Release, which is pending, and (b) the accompanying declarations filed with the Opposition, including that of board-certified infectious disease specialist Dr. F. Ramzi Asfour (under seal) [Docket No. 280].

[3] A transcript from the hearing is not yet available but it was widely reported in the media and undersigned counsel listened to the sentencing in real time.

Mr. Avenatti could remain out on bond until the completion of the trial in this case, which they understood would be completed by August 31.

(7) In determining Mr. Avenatti's sentence, Judge Gardephe specifically found that Mr. Avenatti had faced "horrible conditions" while in custody in New York for 100 days, almost all of which was in solitary confinement and/or under lock down status.  <u>He also specifically stated it was hard to believe that the conditions Mr. Avenatti had to endure could occur in the United States.</u>

(8) Placing Mr. Avenatti in custody now will result in significant further negative press coverage and make it much more difficult, if not impossible, to avoid additional prejudice to Mr. Avenatti on the eve of trial, including in connection with jury selection.  In addition, it will result in additional burdens and impediments being placed on the Court, the defense and the government in connection with the trial.  The trial already promises to be challenging enough without these added challenges and obstacles.

(9) Remanding Mr. Avenatti on the first day of trial would be punitive and serve no legitimate purpose.  There is no prejudice to the government if Mr. Avenatti is permitted to remain on release, but there is significant prejudice to the defense if Mr. Avenatti is remanded.

For each of the above reasons, defendant respectfully requests that the Court extend his temporary release to August 17, 2021 under the same conditions previously ordered.

Counsel for the defendant and the government conferred and the government's position is that they will defer to the Court.

Dated:  July 9, 2021                              Respectfully submitted,

                                                          <u>/s/ H. Dean Steward</u>

H. DEAN STEWARD

Attorney for Defendant
MICHAEL JOHN AVENATTI

4

# **CERTIFICATE OF SERVICE**

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California 92660. I am not a party to the above-entitled action. I have caused, on July 9, 2021, service of the defendant's:

EX PARTE APPLICATION FOR AN ORDER EXTENDING DEFENDANT'S TEMPORARY RELEASE

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 9, 2021

/s/ H. Dean Steward
H. Dean Steward

5