H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 706-9994

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | DEFENDANT'S OBJECTIONS TO *VOIR DIRE* PROCEDURES; MOTION FOR NEW VENIR; AND MOTION FOR MISTRIAL |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his counsel of record, H. Dean Steward, hereby files Defendant's Objections to *Voir Dire* Procedures; Motion for New Venir; and Motion for Mistrial. These objections and these motions are based upon the attached memorandum of points and authorities, the files, records and transcripts in this case, and further evidence and argument as the Court may permit at a hearing.

Dated: July 13, 2021              Respectfully submitted,

                                  /s/ H. Dean Steward
                                   H. DEAN STEWARD

                                  Attorney for Defendant
                                  MICHAEL JOHN AVENATTI

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Jury selection began in this matter earlier today at approximately 9:30 a.m. and continues as of this filing.  At the start of *voir dire*, approximately 80 members of the venir were assembled in the jury room, which was not open to the general public.  The courtroom was not utilized.  After the Court introduced the parties, including Mr. Avenatti, the Court requested that individuals seeking to be excused be brought to a private, smaller room for questioning.  Prior to leaving the main jury room, the venir was not instructed not to do any research about Mr. Avenatti or the case, including on their smart phones (which many of the prospective jurors had with them).

During the questioning conducted in the smaller ancillary room, approximately nine individuals from the venir were questioned outside the presence of the other jurors and outside the presence of the general public.  The only individuals permitted in the room during this questioning were the Court, the Court's staff, the Court Reporter, counsel for the government, counsel for the defendant, and the defendant.  The questioning of these jurors was not entirely limited to alleged hardship excuses.  For example, in one instance, a prospective juror (BS) was asked about his relationship to the defendant and the defendant's daughters and whether that relationship would impact his ability to serve.  Another juror (SC) was asked about his ability to understand English.

Approximately halfway through the questioning, the Court decided to have the parties return to the larger room so that the Court could read the Statement of the Case to the venir.  The Court then read the statement, which included the charges against the defendant and certain identifying information about the defendant.  At the end of the statement, the Court and the parties returned to the smaller room so the individual questioning of certain of the jurors could continue.  Prior to leaving the larger room, the venir was again not instructed not to do any research about Mr. Avenatti or the case, including on their smart phones (which many of the prospective jurors still had with

them). Again, the only individuals permitted in the smaller room during this questioning were the Court, the Court's staff, the Court Reporter, counsel for the government, counsel for the defendant, and the defendant. As of the end of the individualized *voir dire*, approximately four of the prospective jurors had been excused, including one who was not questioned by agreement of the parties and the Court.

The parties then returned to the larger jury room, where the remaining prospective jurors were seated, with many of them busy on their smart phones. The panel of approximately 76 remaining jurors was divided into three groups and placed in three separate rooms so they could complete their written *voir dire* questionnaires. Because they were divided, it was impossible for the defendant and his counsel to observe all of the jurors, including their facial expressions, as they completed their questionnaires. Further, none of the rooms were open to the general public.

## II.     LEGAL STANDARD AND ARGUMENT

The *voir dire* process utilized violates Mr. Avenatti's right to due process and his rights under the Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution and constitutes structural error. <u>First</u>, Mr. Avenatti has a right to have the general public present for <u>all aspects</u> of the trial, including all aspects of *voir dire*. *See*, *e.g.*, *Presley v. Georgia*, 588 U.S. 209, 212-216 (2010); *see also Weaver v. Massachusetts*, 137 S. Ct. 1899 (2017) (defendant alleged ineffective assistance of counsel case where no objection was made). Indeed, the Sixth Amendment specifically provides: "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." The public trial right extends to *voir dire* proceedings. *See Waller v. Georgia*, 467 U.S. 39, 45 (1984) (citing *Press–Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984)). It was created for the benefit of defendants and allows for the public to see that the accused is treated fairly, helps ensure that the judge and prosecutor carry out their duties responsibly, encourages witnesses to come forward,

and discourages perjury. *Id*. at 46; *U.S. v. Sherlock*, 962 F.2d 1349, 1356 (9th Cir.1989). Excluding the public from various aspects of *voir dire* is violative of this right.[1]

<u>Second</u>, Mr. Avenatti has a Constitutional right under the Fifth and Sixth Amendments to be present at all stages of the trial in this case, including all aspects of *voir dire* (which includes the distribution of the questionnaires and the venir's completion of the questionnaires). *See, e.g.*, *Cohen v. Senkowski*, 290 F.3d 485 (2d Cir. 2002); *see also* Fed. R. Crim. P. 43. Mr. Avenatti has not waived that right. Dividing the prospective jurors across three separate rooms did not permit Mr. Avenatti to be physically present while the entire venir completed the questionnaires. Thus, Mr. Avenatti was unable to observe the panel during the process, including their facial expressions and demeanor when they were confronted with various questions on the questionnaire and completed the questionnaires.

<u>Third</u>, the failure to instruct the venir not to do any research or look up information on Mr. Avenatti after he was introduced to the venir and again after the Statement of the Case was read, and before providing them the questionnaires approximately one hour later, was violative of Mr. Avenatti's right to due process and ability to choose a fair and impartial jury. There is no telling how many prospective jurors researched Mr. Avenatti in the interim time period.

//
//
//
//

---

[1] The Court is further directed to the recent case of *United States v. Gregory B. Craig*, Case. No. 19-cr-125 (D.D.C. 2019), where the government agreed that an entire venir was required to be dismissed and a new venir used as a result of similar structural errors. The Hon. Amy Berman Jackson agreed. *See also*, Washington Post, "Trial of Former Obama White Counsel Gregory Craig Delayed Over Jury Screening Error," August 13, 2019.

### III. CONCLUSION

For each of the above reasons, Mr. Avenatti respectfully requests that the Court excuse the venir in its entirety and begin jury selection anew with a new venir. Mr. Avenatti further requests a mistrial.

Dated: July 13, 2021　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ H. Dean Steward
　　　　　　　　　　　　　　　　　　　　H. DEAN STEWARD

　　　　　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　　　　MICHAEL JOHN AVENATTI

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California 92660. I am not a party to the above-entitled action. I have caused, on July 13, 2021, service of the:

DEFENDANT'S OBJECTIONS TO *VOIR DIRE* PROCEDURES; MOTION FOR

NEW VENIR; AND MOTION FOR MISTRIAL

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 13, 2021

/s/ H. Dean Steward
H. Dean Steward