H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 706-9994

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | DEFENDANT'S OBJECTIONS TO THE PROPOSED INTRODUCTORY JURY INSTRUCTIONS |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

   Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his counsel of record, H. Dean Steward, hereby files the Defendant's Objections to the Proposed Introductory Jury Instructions and objects to the Court's draft jury instructions.

Dated: July 15, 2021            Respectfully submitted,

                                /s/ H. Dean Steward
                                 H. DEAN STEWARD

                                Attorney for Defendant
                                MICHAEL JOHN AVENATTI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On May 13, the government filed the "government's filing of parties' proposed jury instructions." [Dkt. 454]. On May 24, 2021, the government filed joint proposed jury instructions. [Dkt. 468]. These filings both included agreed upon instructions, the Defendant's requested instructions, the government's requested instructions and corresponding objections. [Dkt. 468]. On June 30, 2021, the Court provided the parties with a copy of the Court's draft, initial instructions. The Court indicated it would conduct a settling conference prior to the initial instructions. On the afternoon of July 14, 2021, the Court stated it planned to discuss the instructions the next morning on July 15, 2021. Mr. Avenatti submits this filing in advance of that conference.

Based upon the foregoing, Mr. Avenatti objects to the following initial instructions. Mr. Avenatti reserves the right to lodge additional objections to any instructions to be used throughout the remainder of the trial.

## II. ARGUMENT

### A. Mr. Avenatti Objects to Any Instructions Regarding the California Bar Rules and, In the Alternative, Proposes Revised Instructions

On May 13, 2021 and May 24, 2021, the government filed its proposed jury instructions as it relates to the California Bar Rules. [Dkt. 454, 468]. The defense lodged its objections to these instructions. [Dkt. 468, p. 21]. The Court's draft initial instructions have modified the government's proposal. Mr. Avenatti renews his objection to <u>any instructions</u> on the California Bar Rules of Professional Conduct and any other ethics rules as it relates to his role as an attorney.

The California Rules of Professional Conduct and ethics rules, and testimony and jury instructions about them, are not relevant in this case and should be excluded. The criminal action before the Court is not an attorney grievance proceeding where Mr. Avenatti is charged with violating his duties under the Rules of Professional Conduct or

2

...
...

other ethical rules or standards. Whether Mr. Avenatti did or did not violate his ethical duties or ethical obligations to his clients is irrelevant as to whether he committed criminal acts under the federal criminal statutes. *See People v. Stein*, 94 Cal.App. 3d 235, 239 (1979)("trial court committed reversible error by instructing the jury on the California State Bar Rules of Professional Conduct").[1]  Moreover, allowing jury instructions concerning the Rules of Professional Conduct creates an unnecessary and prejudicial risk that the jury will convict Mr. Avenatti based in whole or in part on a finding that they believe he violated a Rule of Professional Conduct.

Indeed, instructing the jury as the Court proposes creates a far different, lower standard for the jury to use to determine whether Mr. Avenatti violated the federal criminal statutes and will effectively direct a verdict against Mr. Avenatti for violating his ethical duties as opposed to violating any federal criminal statute.  This is error.  Mr. Avenatti is entitled to have his conduct determined by the jury in this case under the exact same standards that would be used for any other non-attorney defendant. Interjecting the Rules of Professional Conduct into the trial in this case, especially in the jury instructions, is fraught with problems and increases the likelihood of reversible error.

The only set of circumstances under which the rules are relevant and perhaps proper to place before the jury involves cases where the lawyer defendant affirmatively seeks to use his reliance on the rules as a defense. In such cases, the lawyer places the rules and standards at issue because he seeks to explain acts that he undertook by offering evidence of his obligations under the rules of professional responsibility, in

---

[1] In *Stein*, an attorney was found guilty of grand theft by means of embezzlement based upon shortages in his attorney-client trust account. During the trial, the trial court instructed jurors on the California State Rules of Professional Conduct. The Court of Appeal reversed the conviction and found that it was "improper to use the professional rules of conduct to show that a violation of the rules, if any, would tend to prove that defendant possessed the specific intent required…" *Id.* at 239.

order to negate criminal intent. Here, however, Mr. Avenatti does not intend to present evidence of ethics rules nor claim that any particular act was motivated by his understanding of a particular California Rule of Professional Conduct.

Further, the very first rule of the California Rules of Professional Conduct makes clear that "A violation of the rule does not itself give rise to a cause of action for damages caused by failure to comply with the rule. Nothing in these rules or the Comments to the rules is intended to enlarge or to restrict the law regarding the liability of lawyers to others." *See* Rule 1.0, titled "Purpose and Function of the Rules of Professional Conduct," at (b)(3). While this is generally applied in connection with prohibiting civil liability based on the rules in an attorney malpractice case, it is even more true as it relates to prohibiting criminal liability founded in whole or in part on violation of a rule. Thus, the alleged violation of any rule of professional conduct or professional standard by Mr. Avenatti is entirely irrelevant as to whether he is guilty of any of the charges as alleged by the government.

Accordingly, Mr. Avenatti hereby objects to any and all jury instructions in the Court's proposed instructions concerning the rules of professional conduct or any ethics standards as they are irrelevant to the charges in this case.

In the event the Court overrules Mr. Avenatti's above objections, Mr. Avenatti asks that the Court provide initial jury instructions that include only the exact language of the potentially applicable Rules. Several of the Court's proposed instructions relate to ethical duties and obligations owed from an attorney to a client that are inapplicable to this case, prejudicial and will likely confuse the jurors. *See United States v. Dove*, 916 F.2d 41, 45(2d Cir. 1990)(holding that it is the trial court's duty to give balanced jury instructions and failure to provide proper jury instructions may result in retrial); *Gilbrook v. City of Westminster*, 177 F.3d 839 (9th Cir. 1999)("jury instructions must be formulated so that they fairly and adequately cover the issues presented, correctly state the law and are not misleading."); *Gracie v. Gracie*, 217 F.3d 1060, 1067 (9th Cir.

2000)(jury instructions may not be misleading or confusing, inadequately guide jury deliberations, or improperly intrude on the fact finding process). These include: the duty to protect the information and property of his clients and keep such information or property safe so that it was not lost or misused; the obligations of an attorney if a lawyer's representation of a client was terminated; and the general duty of loyalty and fair dealings, etc.

Accordingly, Mr. Avenatti respectfully requests that the following instruction be used in lieu of the draft instruction:

"You should keep in mind that proof that the defendant violated one or more of the duties he owned his legal clients under California law does not necessarily mean that defendant is guilty of the charged offenses of wire fraud. You may, however, consider whether the defendant violated the duties he owed the alleged client-victims under California law when evaluating whether the government has proven the elements of the offense, including whether the defendant engaged in a scheme to defraud, whether the statements made or facts omitted as part of the scheme were material, whether the defendant acted with the intent to defraud, and whether the defendant had a duty to disclose an omitted fact arising out of a relationship of trust. **Ultimately, you will be asked to determine whether the defendant violated the law – not whether he violated his ethical obligations.**

<u>Duty of Communicate Settlement:</u>[2] (a) A lawyer shall promptly communicate to the lawyer's client: (1) all terms and conditions of a proposed plea bargain or other dispositive offer made to the client in a criminal matter; and (2) all amounts, terms, and conditions of any written offer of settlement made to the client in all other matters. (b) As used in this rule, "client" includes a person who possesses the authority to accept an offer of settlement or plea, or, in a class action, all the named representatives of the class.

---

[2] California Rule of Professional Conduct 1.4.1 – Communication of Settlement Offers.

5

Duty of Safekeeping Funds and Property of Clients or Other Persons:[3] (a) All funds received or held by a lawyer or law firm for the benefit of a client, or other person to whom the lawyer owes a contractual, statutory, or other legal duty, including advances for fees, costs and expenses, shall be deposited in one or more identifiable bank accounts labeled "Trust Account" or words of similar import, maintained in the State of California, or, with written consent of the client, in any other jurisdiction where there is a substantial relationship between the client or the client's business and the other jurisdiction. (b) Notwithstanding paragraph (a), a flat fee paid in advance for legal services may be deposited in a lawyer's or law firm's operating account, provided: (1) the lawyer or law firm discloses to the client in writing (i) that the client has a right under paragraph (a) to require that the flat fee be deposited in an identified trust account until the fee is earned, and (ii) that the client is entitled to a refund of any amount of the fee that has not been earned in the event the representation is terminated or the services for which the fee has been paid are not completed; and (2) if the flat fee exceeds $1,000.00, the client's agreement to deposit the flat fee in the lawyer's operating account and the disclosures required by paragraph (b)(1) are set forth in a writing signed by the client. Funds belonging to the lawyer or the law firm shall not be deposited or otherwise commingled with funds held in a trust account except: (1) funds reasonably sufficient to pay bank charges; and (2) funds belonging in part to a client or other person and in part presently or potentially to the lawyer or the law firm, in which case the portion belonging to the lawyer or law firm must be withdrawn at the earliest reasonable time after the lawyer or law firm's interest in that portion becomes fixed. However, if a client or other person disputes the lawyer or law firm's right to receive a portion of trust funds, the disputed portion shall not be withdrawn until the dispute is finally resolved. (d) A lawyer shall: (1) promptly notify a client or other person of the receipt of funds, securities, or other property in which the lawyer knows or reasonably should know*the

---

[3] California Rule of Professional Conduct 1.15 – Safekeeping Funds and Property of Clients and Other Persons

client or other person has an interest; (2) identify and label securities and properties of a client or other person promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable; (3) maintain complete records of all funds, securities, and other property of a client or other person coming into the possession of the lawyer or law firm; (4) promptly account in writing to the client or other person for whom the lawyer holds funds or property; (5) preserve records of all funds and property held by a lawyer or law firm under this rule for a period of no less than five years after final appropriate distribution of such funds or property; (6) comply with any order for an audit of such records issued pursuant to the Rules of Procedure of the State Bar; and (7) promptly distribute, as requested by the client or other person, any undisputed funds or property in the possession of the lawyer or law firm that the client or other person is entitled to receive. (e) The Board of Trustees of the State Bar shall have the authority to formulate and adopt standards as to what "records" shall be maintained by lawyers and law firms in accordance with paragraph (d)(3). The standards formulated and adopted by the Board, as from time to time amended, shall be effective and binding on all lawyers."

**B. Mr. Avenatti Renews his Objections as to Other Introductory Instructions**

On May 13, 2021 the government filed the "government's filing of parties' proposed jury instructions." [Dkt. 454]. On May 24, 2021, the government filed joint proposed jury instructions. [Dkt. 468]. These filings both included agreed upon instructions, the Defendant's requested instructions, the government's requested instructions and corresponding objections. [Dkt. 468]. Mr. Avenatti renews each of his objections and requests for additional instructions as specified in both the May 13, 2021 and May 24, 2021 filings. [Dkt. 454, 468].

**III.   CONCLUSION**

Based upon the foregoing, Mr. Avenatti renews his objections to the Court's proposed introductory jury instructions.

Dated: July 15, 2021        Respectfully submitted,

/s/ H. Dean Steward
H. DEAN STEWARD

Attorney for Defendant
MICHAEL JOHN AVENATTI

## CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California 92660. I am not a party to the above-entitled action. I have caused, on July 15, 2021, service of the:

DEFENDANT'S OBJECTIONS TO THE PROPOSED INTRODUCTORY JURY INSTRUCTIONS

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 15, 2021

/s/ H. Dean Steward
H. Dean Steward

9