H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 706-9994

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | DEFENDANT'S RENEWED MOTION FOR NEW VENIRE AND MOTION FOR MISTRIAL |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

    Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his counsel of record, H. Dean Steward, hereby files Defendant's Renewed Motion for New Venire and Renewed Motion for Mistrial. These motions are based upon the attached memorandum of points and authorities, the files, records and transcripts in this case, and further evidence and argument as the Court may permit at a hearing.

Dated: July 15, 2021                  Respectfully submitted,

                                          /s/ H. Dean Steward
                                           H. DEAN STEWARD

                                           Attorney for Defendant
                                           MICHAEL JOHN AVENATTI

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  INTRODUCTION AND FACTUAL BACKGROUND

Defendant Michael John Avenatti ("Mr. Avenatti") renews his prior motions for a new venire and for mistrial due to multiple Constitutional violations in connection with the *voir dire* conducted thus far in this proceeding. In so doing, Mr. Avenatti (a) expressly incorporates herein by reference those facts and arguments previously set forth in his related objections and motions filed at approximately 1:05 p.m. on June 13, 2021 [Dkt. 536] ("Defendant's Prior *Voir Dire* Objections and Venire Motion") and (b) supplements the motions with the following additional facts and arguments.

After the Court's denial of Defendant's Prior Objections and Venire Motion at approximately 2:00 p.m. on June 13, 2021, the Court resumed *voir dire* in the jury room with approximately 89 individuals at 2:21 p.m. At that time, and all other relevant times on June 13, including in the morning, the jury room was not open to the general public. Indeed, a sign positioned outside the doors to the jury room proclaimed, "UNITED STATES DISTRICT COURT JURORS ONLY".[1] The Court proceeded to read the Summary of the Case and instruct the jurors, introduce Mr. Avenatti and counsel for the defense and the government, and answer questions posed by some jurors, all in the private jury room. This was over the objections of Mr. Avenatti [Dkt. 536], which had been filed on the record and overruled by the Court earlier that afternoon.

The Court then directed the parties and their counsel to return to the public courtroom for individualized *voir dire* of jurors seeking recusal for hardships (Courtroom 10-C).[2] Individualized *voir dire* of approximately 20 prospective jurors

---

[1] In addition, the jury room is located approximately 75 feet from the security desk for the courthouse, which is manned by the United States Marshall Service.

[2] This was in contrast to earlier in *voir dire*, when individualized *voir dire* was conducted in a private room not open to the public.

2

began at approximately 2:52 p.m. and concluded at approximately 4:39 p.m., with a brief recess of approximately nine minutes taken between 4:00 and 4:09 p.m.

Meanwhile, at the direction of the Court, the other prospective jurors were provided the questionnaires in the jury room to complete in three different rooms or parts of the jury room, all of which were not open to the public. The distribution of the questionnaires and instructions provided to the prospective jurors was done outside the presence of the public and Mr. Avenatti, who was sitting with his counsel in the courtroom 10 floors above and attending individualized *voir dire*. Mr. Avenatti was not able to be present because he was incapable of being in four places (the courtroom and all three private jury rooms) at one time. At one point, while Mr. Avenatti was attending individualized *voir dire* in the courtroom, a paralegal working on Mr. Avenatti's defense team ("MCB") went to the jury room to observe the questionnaires being completed. However, she was unable to view all of the prospective jurors at the same time because they had been divided into the three rooms.

At approximately 4:00 p.m., the Court took a recess from the individualized *voir dire* in Courtroom 10-C. Mr. Avenatti, together with MCB, promptly made their way to the jury room to attempt to view the questionnaire process. Most of the jurors had already completed their questionnaires and left. Others were still divided in separate rooms, making it impossible for Mr. Avenatti to adequately view the jurors completing the questionnaires. At approximately 4:06 p.m., Mr. Avenatti was required to return to the courtroom because the Court was about to resume individualized *voir dire*, which it did at 4:09 p.m.

## II.     LEGAL STANDARD AND ARGUMENT

The *voir dire* process mandated by the Court, including the process used on the afternoon of July 13, 2021, violated Mr. Avenatti's right to due process and his rights under the Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution. It constitutes structural error and requires granting of the motions.

1    <u>First</u>, Mr. Avenatti had a right to have the general public present for <u>all aspects</u> of the trial, including <u>all aspects</u> of *voir dire*. *See, e.g.*, *Presley v. Georgia*, 588 U.S. 209, 212-216 (2010); *see also Weaver v. Massachusetts*, 137 S. Ct. 1899 (2017) (defendant alleged ineffective assistance of counsel case where no objection was made). Mr. Avenatti has never waived this right for any aspect of *voir dire.* Indeed, the Sixth Amendment specifically provides: "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." The public trial right extends to *voir dire* proceedings. *See Waller v. Georgia*, 467 U.S. 39, 45 (1984) (citing *Press–Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984)). The right was created for the benefit of defendants and allows for the public to see that the accused is treated fairly, helps ensure that the judge and prosecutor carry out their duties responsibly, encourages witnesses to come forward, and discourages perjury. *Id*. at 46; *U.S. v. Sherlock*, 962 F.2d 1349, 1356 (9th Cir.1989). Excluding the public from various aspects of *voir dire* is violative of this right.[3]

<u>Second</u>, Mr. Avenatti had a Constitutional right under the Fifth and Sixth Amendments to be <u>personally present</u> at all stages of the trial in this case, including <u>all aspects</u> of *voir dire* (which includes the distribution of the questionnaires and the venire's completion of the questionnaires). *See, e.g.*, *Cohen v. Senkowski*, 290 F.3d 485 (2d Cir. 2002); *see also* Fed. R. Crim. P. 43. A criminal defendant has a constitutional and statutory right to be present during trial proceedings including voir dire. *See United States v. Reyes*, 764 F.3d 1184, 1188 (9th Cir. 2014); *citing Campbell v. Wood*, 18 F.3d 662, 671 (9th Cir. 1994)("a person charged with a felony has a fundamental right to be present at every stage of the trial … [including] the voir dire…"); *United States v. Bordallo*, 857 F.2d 519, 522 (9th Cir. 1988)("there is authority that Rule 43 requires the

---

[3] *See, e.g.*, August 13, 2019 Trial Transcript from *United States v. Gregory B. Craig*, Case. No. 19-cr-125 (D.D.C. 2019) (Hon. Amy Berman Jackson), Dkt. 131. *See also*, Washington Post, "Trial of Former Obama White Counsel Gregory Craig Delayed Over Jury Screening Error," August 13, 2019.

4

defendant's presence at the voir dire examination of prospective jurors."). A defendant's presence during *voir dire* is important as it "allows him to observe the prospective jurors' answers and demeanor so that he can assist his attorney in constructing an impartial jury." *Reyes, supra,* 764 F.3d 1184 at 1194; *citing Bustamante v. Eyman*, 456 F.2d 269, 274 (9th Cir. 1972)("The right to be present at trial stems in part from the fact that by his <u>physical presence</u> the defendant <u>can hear and see</u> the proceedings, <u>can be seen by the jury</u>, and can participate in the presentation of his rights."(emphasis added)). Mr. Avenatti never waived that right.

Conducting the individualized *voir dire* in the courtroom at the same time other parts of *voir dire* were occurring in three separate rooms in the private jury room 10 floors below did not permit Mr. Avenatti to be present for all stages of the trial. Among other things, Mr. Avenatti was unable to observe the panel during the process, including their facial expressions and demeanor when they were confronted with various questions on the questionnaire and completed the questionnaires. Further, Mr. Avenatti was unable to observe the distribution of the questionnaires and the instructions provided in connection with that portion of *voir dire*. The *voir dire* process mandated by the Court denied Mr. Avenatti his Constitutional rights.

### III.  CONCLUSION

For each of the above reasons, Mr. Avenatti respectfully requests that the Court excuse the venire in its entirety and begin jury selection anew with a new venire. Mr. Avenatti further requests a mistrial.

Dated: July 15, 2021                      Respectfully submitted,

                                                          /s/ H. Dean Steward
                                                   H. DEAN STEWARD

                                                   Attorney for Defendant
                                                   MICHAEL JOHN AVENATTI

# **CERTIFICATE OF SERVICE**

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California 92660. I am not a party to the above-entitled action. I have caused, on July 15, 2021, service of the:

DEFENDANT'S RENEWED MOTION FOR NEW VENIRE AND MOTION FOR MISTRIAL

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 15, 2021

                                         /s/ H. Dean Steward
                                         H. Dean Steward