H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 706-9994

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | SA CR No. 19-061-JVS<br><br>DEFENDANT'S FURTHER OBJECTIONS TO *VOIR DIRE* PROCEDURES |

   Defendant Michael John Avenatti ("Mr. Avenatti"), through counsel, hereby files his further objections to the *voir dire* procedures mandated by the Court in this case. On July 13, 2021, *voir dire* began in this case; it continues as of this filing.

   The defense understands that the Court intends on "splitting" the venire into three groups beginning on July 16, with one group of prospective jurors in the courtroom and the other two groups in two separate rooms observing the proceedings and listening to the questions via one-way closed-circuit television. The defense further understands that the Court intends on limiting the public access to the courtroom and closing one or more of the other rooms. Mr. Avenatti objects to these procedures and any similar procedures because they are violative of his Constitutional rights and rights under Fed. R. Crim. P. 43.

First, Mr. Avenatti has a Constitutional right under the Fifth and Sixth Amendments to be <u>personally present</u> at all stages of the trial in this case, including <u>all aspects</u> of *voir dire* (which includes the distribution of the questionnaires and the venire's completion of the questionnaires). *See*, *e.g.*, *Cohen v. Senkowski*, 290 F.3d 485 (2d Cir. 2002); *see also* Fed. R. Crim. P. 43. A criminal defendant has a constitutional and statutory right to be present during trial proceedings including *voir dire*. *See United States v. Reyes*, 764 F.3d 1184, 1188 (9th Cir. 2014); *citing Campbell v. Wood*, 18 F.3d 662, 671 (9th Cir. 1994)("a person charged with a felony has a fundamental right to be present at every stage of the trial … [including] the voir dire…"); *United States v. Bordallo*, 857 F.2d 519, 522 (9th Cir. 1988)("there is authority that Rule 43 requires the defendant's presence at the voir dire examination of prospective jurors."). A defendant's presence during *voir dire* is important as it "allows him to observe the prospective jurors' answers and demeanor so that he can assist his attorney in constructing an impartial jury." *Reyes, supra,* 764 F.3d 1184 at 1194; *citing Bustamante v. Eyman*, 456 F.2d 269, 274 (9th Cir. 1972)("The right to be present at trial stems in part from the fact that by his <u>physical presence</u> the defendant <u>can hear and see</u> the proceedings, <u>can be seen by the jury</u>, and can participate in the presentation of his rights."(emphasis added)).

Splitting the prospective jurors into multiple groups ensures that neither Mr. Avenatti nor his counsel will have the ability to observe the prospective jurors in the other rooms, including their demeanor, body language and reaction while the *voir dire* questions are being asked and answered in the courtroom. This is a violation of Mr. Avenatti's rights, including his right to due process, and interferes with his and his counsel's ability to select a fair and impartial jury. Mr. Avenatti has a Constitutional right and a right under Rule 43 to <u>personally observe</u> all aspects of *voir dire* – the plan adopted by the Court does not adequately respect those rights because it permits Mr. Avenatti to only be present in the courtroom with approximately 28 prospective jurors while 90 or more other prospective jurors are located elsewhere during *voir dire*.

Further, even if the questions are repeated again for jurors who are brought from the other rooms to the courtroom, the violations remain uncured – Mr. Avenatti and his counsel are entitled to view the prospective jurors' demeanor, body language and reaction during the entire *voir dire*, including when they hear the questions the first time, when they hear the answers by other jurors, and when they hear comments or questions from the Court.  As a result, Mr. Avenatti objects to any splitting of the venire and to any other procedure that does not permit Mr. Avenatti and his counsel to personally observe all of the prospective jurors during <u>all aspects</u> of *voir dire*.

<u>Second</u>, Mr. Avenatti has a right to have the general public present for all aspects of the trial, including all aspects of *voir dire*.  *See*, *e.g.*, *Presley v. Georgia*, 588 U.S. 209, 212-216 (2010); *see also Weaver v. Massachusetts*, 137 S. Ct. 1899 (2017) (defendant alleged ineffective assistance of counsel case where no objection was made). Mr. Avenatti has never waived this right for any aspect of *voir dire.*  Indeed, the Sixth Amendment specifically provides:  "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ."  The public trial right extends to *voir dire* proceedings. *See Waller v. Georgia*, 467 U.S. 39, 45 (1984) (citing *Press–Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984)).  The right was created for the benefit of defendants and allows for the public to see that the accused is treated fairly, helps ensure that the judge and prosecutor carry out their duties responsibly, encourages witnesses to come forward, and discourages perjury. *Id*. at 46; *U.S. v. Sherlock*, 962 F.2d 1349, 1356 (9th Cir.1989). Closing the courtroom and/or the other rooms to the public violates Mr. Avenatti's right to a public trial.  Accordingly, Mr. Avenatti objects to any such closure.

Dated: July 15, 2021 	 Respectfully submitted,

/s/ H. Dean Steward
H. DEAN STEWARD

Attorney for Defendant
MICHAEL JOHN AVENATTI

4

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California 92660. I am not a party to the above-entitled action. I have caused, on July 15, 2021, service of the:

DEFENDANT'S FURTHER OBJECTIONS TO *VOIR DIRE* PROCEDURES

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 15, 2021

                                                  /s/ H. Dean Steward
                                                  H. Dean Steward