FILED
CLERK, U.S. DISTRICT COURT

7/16/21

CENTRAL DISTRICT OF CALIFORNIA
BY: LB DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL JOHN AVENATTI,

    Defendant.

CASE NO: SACR 19-61JVS

SUMMARY OF THE CASE

SUMMARY OF THE CASE

F                                                1

This is a summary of the charges which the government makes in Counts 1 through 10 of the Indictment, the document that charges Michael John Avenatti ("Avenatti") with certain crimes. This summary is not evidence and proves nothing. It is simply provided to offer context for the questionnaire you will be asked to complete and for questions you may be asked in person in open court as part of the jury selection process.

The government has charged Avenatti with ten counts of wire fraud. Avenatti denies all charges and has pled not guilty. He is presumed innocent of the charges against him, and it is the government's burden to prove, beyond a reasonable doubt, that he committed these crimes. Unless and until the government does so, he is presumed innocent.

According to the government, during the relevant time period, Avenatti was an attorney licensed to practice law in the State of California, and provided legal services to clients in exchange for attorneys' fees. The government claims that Avenatti practiced law through his law firms, Eagan Avenatti LLP ("EA LLP") and Avenatti & Associates, APC ("A&A"), which were principally located in Newport Beach and Los Angeles, California.

The government asserts that beginning as early as in or about January 2015 and continuing through at least in or about March 2019, Avenatti knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud

F 2

victim-clients to whom defendant Avenatti had agreed to provide legal services, namely Geoffrey Johnson, Alexis Gardner, Gregory Barela, Michelle Phan, and Long Tran, and to obtain money and property from such victim-clients by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts that Avenatti had a duty to disclose according to the government.

The government maintains that Avenatti operated the fraudulent scheme by taking the following actions: first, he would negotiate, on behalf of a client, a settlement that would require the payment of funds to the client; then, he would misrepresent, conceal, and falsely describe to the client the true terms of the settlement and/or the disposition the settlement proceeds; next, he would cause the settlement proceeds to be deposited into a bank account that Avenatti controlled; he would then embezzle and misappropriate settlement proceeds to which he was not entitled; and finally, he would lull the client to prevent the client from discovering his embezzlement and misappropriation by, among other things, falsely denying that the settlement proceeds had been paid, sending funds to the client under the false pretense that such funds were "advances" on the purportedly yet-to-be received settlement proceeds, and falsely claiming that payment of the settlement proceeds to the client had been delayed for legitimate reasons and would occur at a later time.

At this point, these are mere allegations by the government that have yet to

F                                                      3

be proven with any evidence.  Avenatti, as is his right, disputes the government's allegations and maintains his innocence.

I remind you that this summary is not evidence and proves nothing.  Avenatti is presumed innocent of the charges against him, and it is the government's burden to prove, beyond a reasonable doubt, that he committed these crimes.  Unless and until the government does so, he is presumed innocent.