H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 706-9994

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | SA CR No. 19-061-JVS<br><br>OBJECTION TO THE TESTIMONY OF GOVERNMENT EXPERT JOHN DRUM, THE USE OF RULE 1006 SUMMARIES PROPOSED BY THE GOVERNMENT AND RENEWED REQUEST FOR A *DAUBERT* HEARING |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his counsel of record, H. Dean Steward, hereby files this objection to the testimony of John Drum and the use of Rule 1006 summaries as proposed by the government, and makes a renewed request for a *Daubert* Hearing. Further, based upon exhibits produced to the Defendant on July 9, 2021, Mr. Avenatti lodges these formal objections to Mr. Drum's testimony and the government's reliance on summaries that fail to comply with Rule 1006.

Dated: July 19, 2021                    Respectfully submitted,

                                                                   /s/ H. Dean Steward
                                                                    H. DEAN STEWARD

                                                             Attorney for Defendant
                                                             MICHAEL JOHN AVENATTI

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

On March 1, 2020, the government sent undersigned counsel notice of the prosecution's intent to call several expert witnesses, including John Drum, during its case-in-chief. A copy of Mr. Drum's draft summary was also provided at this time. On May 26, 2020, the government supplemented its March 2020 expert disclosure as it related to Mr. Drum's testimony and provided updated draft summaries. *See* Dkt. 299, p. 24. These draft summaries were later filed under seal as Exhibit 1 to the government's opposition to the Defendant's Motion to Exclude Expert Witness Testimony on September 28, 2020. [Dkt. 299].

A review of the May 2020 draft summaries created by Mr. Drum reveal <u>some, but not all</u>, of the sources that underly the graphics' creation. At the bottom of several pages of the graphics, Mr. Drum described the bates ranges and other sources of information that supported the summary's creation. A review of those bates ranges revealed that Mr. Drum relied on several bank accounts, settlement agreements, attorney-client fee contracts and other records from various entities. These entities include, but are not limited to, the EA Attorney-Client Trust account with California Bank & Trust, the A&A Professional Corporation Account with California Bank & Trust, EA Debtor in Possession Tax Account with California Bank & Trust, the Global Baristas LLC Key Bank Account, Michael Avenatti Checking Account with City National Bank, a City National Bank Attorney Client Trust Account, the X-Law Group Chase Bank account, GB Autosport Bank of America account, a jointly held Bank of America checking account and other account summaries. Mr. Drum's graphics seek to summarize the transactions of various accounts at various financial institutions.

On May 31, 2021, the government filed a Motion in Limine to Admit Business Records pursuant to Rule 902(11). [Dkt. 473]. In its motion, the government requested that the Court authenticate over 107,559 pages of purported business records from 59 entities without attaching a single document or declaration. The Court correctly denied

the government's motion and held, "[t]he Court cannot asses the admissibility of the records in a vacuum. The Court is unable to assess the sufficiency of the custodian certificates. Nor is the Court able to review the content of the records to determine whether the records in fact satisfy the business records exception." [Dkt. 512, p. 2].

On July 9, 2021, the government disclosed its exhibit list to the Defendant and indicated that the prosecution intended to introduce records from five entities as non-hearsay business records. The government has yet to authenticate and lay the proper foundation for the admission of these records under the business records exception. The government has indicated that it "will have the declarations available at trial for the Court's inspection." [Dkt. 528, p. 17]. The Defendant intends to object to the records as hearsay and object to the government's attempt to rely on the business record exception.

Also included within the July 9, 2021 exhibit disclosure were updated draft summaries prepared by government expert John Drum. <u>The summaries identified as proposed exhibits are different than those produced to the Defendant on May 26, 2020</u>. The May 26, 2020 disclosure of the draft summaries contained bates numbers and references to other sources on the bottom of each chart. Not only have several of the calculations changed, but <u>all of the sources of information are noticeably absent from the Rule 1006 summaries</u> produced to the Defendant in the government's exhibit disclosures. It is now impossible to know the sources of information for which these exhibits were created. Instead, the Defendant is forced to *guess* or *speculate* as to the underlying sources of information supporting the summaries.

Based on the following, Mr. Avenatti asks that this Court find that the summaries proffered by the government do not meet the requirements of Rule 1006. Additionally, Mr. Avenatti asks that the Court find that Mr. Drum cannot act as a fact witness and he cannot rely on inadmissible hearsay.

## II.  OBJECTIONS

### A. Mr. Drums Summaries do not Meet the Requirements of Rule 1006 & the Sources of Mr. Drum's Opinions are Unclear

Federal Rule of Evidence 1006 indicates, "[t]he proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." The proponent must make the original or duplicates "available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court." Fed. R. Evid. 1006. The Ninth Circuit has made it clear that "[i]t is essential that the underlying records from which the summaries are made be admissible in evidence…" *United States v. Rizk*, 660 F.3d 1125, 1130-31 (9th Cir. 2011)(emphasis added). Although "these materials must be admissible" they "need not themselves be admitted into evidence." *Id. See also Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1260 (9th Cir. 1984)("it is clear that a summary of both inadmissible and admissible hearsay should not be admitted under Rule 1006"); *citing United States v. Johnson*, 594 F.2d 1253, 1255 (9th Cir. 1979)("Under Fed. R. Evid. 1006 the proponent of the summary must establish that the underlying materials upon which the summary is based are admissible in evidence."(emphasis added)); *See also 1600 East Newlands Drive, LLC v. Amazon.com NVDC, LLC*, 2019 U.S. Dist. LEXIS 144131 (D. Nev. 2019)("[w]hile it is possible that the records could qualify as business records, it is the proponent's burden to show that all of the criteria to qualify are met through sworn testimony by custodian of the records."); *citing Washington Cent. R. Co. v. Nat'l Mediation Bd.,* 830 F. Supp. 1343, 1353-54 (holding that records that facially appear to constitute business records did not meet the requisite hearsay exception.)

The government cannot be permitted to offer Exhibits 420-456, 460 and 461 as Rule 1006 summaries because the underlying evidence has not been and cannot be properly authenticated and is thus inadmissible. On May 31, 2021, the government sought a blanket order authenticating and admitting purported business records from 59 entities into evidence. This request was properly denied by the Court. The government

4

now attempts to hide behind the Rule 1006 summaries without making any attempts to prove that the underlying materials are properly authenticated and/or admissible. This is impermissible. The government should not be permitted to circumvent the Court's order by creating Rule 1006 summaries that are not compliant with the Federal Rules of Evidence.

Based upon the government's trial exhibit disclosure, it does not seek to admit the majority of the materials that underlie the summaries prepared by Mr. Drum. Although the admission of these records is not a prerequisite to them being properly summarized in compliance with Rule 1006, the government has the burden of establishing that the underlying records are, in fact, admissible. Mr. Avenatti asks that this Court order the government to make available and identify each and every source that underlies Exhibits 420 – 456, 460 and 461. Mr. Avenatti further asks that the Court order the government to make a showing that each of the underlying records is properly authenticated and admissible, regardless of whether the government seeks to actually introduce the underlying evidence at trial. It is the government's burden to establish that the underlying material is admissible in evidence. Absent such a showing, the government must be precluded from offering Exhibits 420 – 456, 460 and 461 as Rule 1006 summaries.

### B. Mr. Drum Cannot Act as a Fact Witness for the Government

Rule 702 of the Federal Rules of Evidence provides that expert opinion evidence is admissible if the following criteria are met: (1) the witness is sufficiently qualified as an expert by knowledge, skill, experience, training, or education; (2) the scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (3) the testimony is based on sufficient facts or data; (4) the testimony is the product of reliable principles and methods; and (5) the expert has reliably applied the relevant principles and methods to the facts of the case. Fed. R. Evid. 702. "The touchstone of admissibility under Rule 702 is the helpfulness of the evidence to the trier of fact." *U.S. v. Rangel–Arreola*, 991 F.2d 1519, 1524 (10th

Cir.1993). The United States Supreme Court in *Daubert v. Merrell Dow Pharmaceutical* set out a two-part test for the admittance of expert testimony. For the testimony to be admitted, the trial court must determine whether the proposed expert has (1) sufficient scientific knowledge that will (2) assist the jury with a fact at issue. *See Daubert v. Merrell Pharm., Inc.*, 509 U.S. 579, 581 (1993)

Testimony is only properly characterized as *expert testimony* only if it concerns matters that the average juror is incapable of understanding on his or her own. *United States v. Mejia*, 545 F.3d 179, 194 (2d Cir. 2008)("the traditional common law rule is that expert testimony is called for when the untrained layman would be unable to intelligently determine the particular issue in absence of guidance from an expert"); *See also United States v. Cervantes*, 2016 U.S. Dist. LEXIS 51810, at *23 (N.D. Cal. 2016); *citing United States v. Garcia*, 793 F.3d 1194, 1213 (10th Cir. 2015)(If the jury is "every bit as qualified to analyze a piece of mundane evidence as the purported expert, the expert provides no added value on which to be cross-examined.") Rule 702 makes inadmissible expert testimony "as to a matter which obviously is within the common knowledge of jurors because such testimony, almost by definition, can be of no assistance." *United States v. Freeman*, 498 F.3d 893, 905 (9th Cir. 2007). When an expert testifies as to the meaning of "seemingly innocuous activities, district court[s] ought be careful to ensure that the expert not base his opinion on mere speculation."

Pursuant to Rule 703, "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." In order to qualify as a fact witness, however, the witness must form an opinion that is (a) rationally based in the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and, (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702. Rule 701(a) contains a personal knowledge requirement. *United States v. Lopez*, 762 F.3d 852, 864 (9th Cir. 2014). In presenting a lay opinion under Rule 701, "the personal knowledge requirement may be met if the witness can demonstrate firsthand knowledge or observation." *Erhart v. Bofi Holding, Inc.*, 445 F. Supp. 3d 831, 838 (C.D. Cal. 2020); *citing Lopez*, *supra*, 762 F.3d at 864.

6

Personal knowledge refers to "knowledge produced by the direct involvement in the senses." *Lopez,* 762 F.3d at 863; *citing* 3 Mueller & Kirkpatrick, *Federal Evidence* 6.6 (3d ed. 2012).

The Ninth Circuit has previously recognized the potential for prejudice when a witness testifies as both a fact witness and an expert witness. *Jinro Am., Inc. v. Secure Invs., Inc.,* 266 F.3d 993, 1004 (9th Cir. 2001); *See also, United States v. Diaz*, 2006 U.S. Dist. LEXIS 71123, at *16 (N.D. Cal. 2006); *United States v. Dukagjini*, 326 F.3d 45, 53-55 (2d. Cir. 2003). When a single witness acts as a fact and expert witness, "the government confers upon him the aura of special reliability and trustworthiness surrounding the expert testimony, which out to caution its use." *Id.* Additionally, the dual-role of a single witness may "inhibit cross-examination, thereby impairing the trial's truth seeking function." *Id.* There is also an increased danger that "the expert testimony will stray from applying reliably methodology and convey to the jury 'sweeping conclusions' about the defendant's activities contrary to the structures of Rule 403 and 702." *United States v. Iniguez*, 2005 U.S. Dist. LEXIS 39160, at *6 (E.D. Wash. 2005). *See also United States v. Anchrum*, 590 F.3d 795, 803-04 (9th Cir. 2009)(dividing the agent's testimony into two separate phases, expert testimony and lay testimony, to avoid blurring the distinction between the two roles).

The government cannot be permitted to circumvent the Federal Rules of Evidence and the general ban on hearsay by offering Mr. Drum as a fact witness. Because the government does not want to and/or cannot authenticate and admit into evidence the records underlying Mr. Drum's opinions, it seeks to have Mr. Drum testify as to the alleged facts of various transactions in reliance on as yet unidentified financial records. This is improper. The government should not be permitted to elicit the testimony of Mr. Drum to describe and parrot the financial records it cannot offer as evidence. The government cannot demonstrate that reading and inspecting bank statements is outside of the ordinary knowledge of the average juror. The purpose of Mr. Drum's testimony should be to *analyze* the relevant records <u>not to describe the content of various bank summaries, checks, agreements, and other inadmissible documents that the government</u>

7

is unable to get into evidence. The government should not be permitted to offer Mr. Drum as a fact witness as to the contents of financial records.

Importantly, Mr. Drum does not have any first-hand personal knowledge as to the transactions, the creation of the financial records or the facts underlying them. The government should be excluded from offering Mr. Drum as an expert witness only to describe the records that it cannot properly authenticate or admit into evidence. If the government is unable to authenticate and prove the admissibility of the facts underlying the purported Rule 1006 summaries, Mr. Drum's expert testimony is even less relevant, helpful or necessary to the presentation of the government's case. Accordingly, Mr. Avenatti asks that Mr. Drum be specifically excluded from testifying as a witness.

### C. Mr. Drum Cannot Rely on Inadmissible Hearsay

Pursuant to Federal Rule of Evidence 703, an expert may base an opinion on "facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." Fed. R. Evid. 703. Although an expert may base his opinion on some inadmissible facts, the "rules do not specifically provide for the admission into evidence of the otherwise inadmissible evidence relied upon by the expert." *United States v. 0.59 Acres of Land*, 109 F.3d 1493, 1496 (9th Cir. 1997); *citing* Michael H. Graham, *Federal Practice and Procedure* 6651, Bases of Opinion Testimony by Experts (1992). Rule 703 requires a court to ask two questions when evaluating otherwise inadmissible evidence: (1) whether the facts are of a type reasonably relied on by experts in the particular field; and, (2) whether the probative value of the underlying data substantially outweighs its prejudicial effect. *Turner v. Burlington Northern Santa Fe R.R.*, 338 F.3d 1058, 1060 (9th Cir. 2003). Further, the Sixth Amendment to the United States Constitution bars the admission of testimonial statements of a witness who does not appear at trial and the defendant had an opportunity to cross-examine the witness. *United States v. Gomez*, 725 F.3d 1121, 1129 (9th Cir. 2013); *citing Crawford v. Washington*, 541 U.S. 36, 53-54

Mr. Avenatti hereby objects to Mr. Drum relying on inadmissible hearsay and the admission of inadmissible hearsay. Because the summary exhibits provided fail to detail the sources of information, it is impossible to make more specific objections. However, for the purposes of this objection, Mr. Avenatti relies on the sources that were included in the draft summaries produced in May of 2020. The sources of those drafts reveal Mr. Drum's reliance on witness interview summaries, settlement agreements, attorney-client contracts, documents labeled as "Ayres," and other materials that a forensic accountant would not reasonably rely on in forming an opinion on this subject. Mr. Avenatti asks that the Court find that Mr. Drum may not rely on these forms of inadmissible hearsay as they are forms of evidence not reasonably relied on by forensic accounting analysts. Additionally, any statements made by witnesses who Mr. Avenatti has not had a prior opportunity to cross-examine and are not available for trial should be excluded by way of the Sixth Amendment to the United States Constitution.

### D. In Violation of Federal Rules 16, 702 and 703, the Government has Failed to Identify the Sources of Information Underlying Mr. Drum's Expert Opinions

Pursuant to Rule 16(a)(1)(G), at the defendant's request, the government must provide the defendant with a written summary of any testimony that the government intends on using under Rules 702, 703 and 705. This summary must describe "the witness's opinions, <u>the bases and reasons for those opinions</u>, and the witness's qualifications." *Id.* (emphasis added).

Rule 702 permits the introduction of expert testimony only if the expert bases her proposed opinions on sufficient facts or data; the testimony is the product of reliable principles and methods; <u>and</u> the expert reliably applies the relevant principles and methods to the facts of the case. Further, Rule 703 requires that "[t]he expert's opinion must rest on 'facts or data in the case that the expert has been made aware of or personally observed,' not merely assumptions and speculation." *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 856 (9th Cir. 2019)(quoting Fed. R. Evid. 703; citing *Guidroz-*

9

*Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 830-21 (9th Cir. 2001); *DePaepe v. Gen. Motors Corp.*, 141 F.3d 715, 720 (7th Cir. 1998).

As described above, despite being requested to do so, the government has failed to provide the Defendant <u>with the specific sources of information that underlie Mr. Drum's opinions and conclusions</u>. Although Mr. Drum's summaries include references to some specific bates numbers, not all bates numbers are listed and other references are extremely ambiguous and general, making it impossible for the Defendant to determine what specific facts or data in the case the expert relied on and prepare for cross-examination. For example, references to "QuickBooks" or "Ayres" does not provide the Defendant with notice as to what specific documents, transactions or records Mr. Drum relied on in forming his opinion. This is akin to stating "filing cabinet," "banking records," or "documents." Accordingly, well before any testimony is placed before the jury, the government should be required to provide the specific bates stamp numbers for *all* of the documents relied on by Mr. Drum in reaching each of his opinions and conclusions.

### III. CONCLUSION

For each of the above reasons, Mr. Avenatti respectfully requests that the Court order the government to identify the exact sources of information that underlie the proposed summaries and make the underlying materials immediately available. Mr. Avenatti also requests that the Court require the government to make a showing that the materials underlying the summaries <u>are admissible and, if not, rule that the summaries are inadmissible.</u> Mr. Avenatti further asks that the Court limit Mr. Drum's proposed testimony as specified above. Finally, Mr. Avenatti makes a renewed request for a *Daubert* hearing.

Dated: July 19, 2021        Respectfully submitted,

/s/ H. Dean Steward
  H. DEAN STEWARD

Attorney for Defendant
MICHAEL JOHN AVENATTI

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California 92660. I am not a party to the above-entitled action. I have caused, on July 19, 2021, service of the:

OBJECTION TO THE TESTIMONY OF GOVERNMENT EXPERT JOHN DRUM, THE USE OF RULE 1006 SUMMARIES PROPOSED BY THE GOVERNMENT AND RENEWED REQUEST FOR A *DAUBERT* HEARING

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 19, 2021

/s/ H. Dean Steward
H. Dean Steward

11