H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 706-9994

Attorney for Defendant
MICHAEL JOHN AVENATTI

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | SA CR No. 19-061-JVS<br><br>DEFENDANT'S ADDITIONAL OBJECTIONS TO *VOIR DIRE* PROCEDURES; MOTION FOR CONTINUANCE, AND IN THE ALTERNATIVE, REQUEST TO MOVE *VOIR DIRE* |

Defendant Michael John Avenatti ("Mr. Avenatti"), through counsel, hereby files additional objections to the *voir dire* procedures mandated by the Court, renews the defendant's prior request for a continuance, and in the alternative, requests that *voir dire* be moved.

On July 13, 2021, jury selection began in this case; it continues as of this filing. On Friday, July 16, over the defendant's objections, the Court divided the venire into three groups, with one group of approximately 28 prospective jurors being seated in this Court's courtroom (10-C), another group of approximately 25 prospective jurors being seated in an adjacent courtroom, and the remaining approximately 65 prospective jurors

being seated in the jury room on the first floor.[1]  The Court attempted to use a one-way closed-circuit television and audio feed from Courtroom 10-C to the adjacent courtroom and the jury room, but those efforts were unsuccessful due to technical problems with the audio.  In particular, the prospective jurors in the adjacent courtroom and the jury room were unable to hear the statements by the Court and others.  This required the entire venire to be dismissed for the day and ordered to return on Tuesday, July 20.

While the Court was on the record, two defense paralegals - EYH and MCB - observed prospective jurors in the jury room not paying attention to the proceedings and instead using their smart phones and devices. Additionally, prospective jurors in the jury room were getting up from their seats and using the vending machines and bathrooms instead of focusing on the proceedings and the Court's instructions and comments.

In addition, during a break in the proceedings, undersigned counsel, the defense paralegals and the defendant all observed that the video feed from Courtroom 10-C being broadcast to the adjacent courtroom and the jury room is woefully deficient.  For instance:  the camera angle is from the back of Courtroom 10-C and distant, the field of vision is narrow, and the quality is poor, all of which results in the prospective jurors in the other rooms being unable to see (a) the defendant, (b) lead defense counsel, (c) government counsel (with the exception of the backs of their heads), (d) the face of the questioner standing at the podium during *voir dire*, and (e) the prospective jurors in Courtroom 10-C (with the exception of approximately five).

Further, while seated in Courtroom 10-C, the Court, the defendant, defense counsel, and the government are all unable to see and hear any of the prospective jurors seated in the adjacent room or in the jury room.  As a result, there is no way to view their

---

[1] On the first day of jury selection, July 13, the jury room had been closed to the public for the *voir dire* in this case and a sign had been positioned outside the door that read, "UNITED STATES DISTRICT COURT JURORS ONLY" On the morning of July 16, presumably at the direction of the Court, the sign was removed and the room was opened to the public.

reactions, facial expressions, and mannerisms; gauge their interest; see their reaction to the defendant and his counsel; ensure they remain present; and measure their ability to adhere to the Court's instructions (among other things).  And were Mr. Avenatti to attempt view the proceedings from the adjacent courtroom or the jury room, he would still be unable to see the other room, would only have a very limited video view of Courtroom 10-C due to the camera problems described above, and would not be with his counsel in Courtroom 10-C.

Mr. Avenatti objects to the procedures being utilized by the Court and any similar procedures because they are violative of his Constitutional rights and rights under Fed. R. Crim. P. 43.  Mr. Avenatti has a Constitutional right under the Fifth and Sixth Amendments to be personally present at all stages of the trial in this case, including all aspects of *voir dire*.  *See*, *e.g.*, *Cohen v. Senkowski*, 290 F.3d 485 (2d Cir. 2002); *see also* Fed. R. Crim. P. 43.  Splitting the prospective jurors into multiple groups and utilizing the system described above is violative of those rights, including Mr. Avenatti's right to due process.  It also interferes with his and his counsel's ability to select a fair and impartial jury in this case.

On the morning of July 16, the Court denied the defendant's request for a trial continuance so as to allow for proper *voir dire*.  The defense renews that request now.  In the event this request and Defendant's formal motion filed earlier today [Dkt. 547] is denied, in the alternative, the defense respectfully requests that the Court move *voir dire* to the large CDCA ceremonial courtroom located at 350 W 1st Street in Los Angeles. That courtroom should permit jury selection to proceed in a manner consistent with Mr. Avenatti's rights.

//

//

//

Dated: July 19, 2021                    Respectfully submitted,

                                        /s/ H. Dean Steward
                                         H. DEAN STEWARD

                                        Attorney for Defendant
                                        MICHAEL JOHN AVENATTI

## CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California 92660. I am not a party to the above-entitled action. I have caused, on July 19, 2021, service of the:

DEFENDANT'S ADDITIONAL OBJECTIONS TO *VOIR DIRE* PROCEDURES;
MOTION FOR CONTINUANCE, AND IN THE ALTERNATIVE, REQUEST TO
MOVE *VOIR DIRE*

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 19, 2021

/s/ H. Dean Steward
H. Dean Steward