H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 706-9994

Attorney for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | DEFENDANT'S OBJECTION TO THE GOVERNMENT'S USE OF EXHIBITS DURING OPENING STATEMENTS |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Defendant Michael John Avenatti ("Mr. Avenatti"), through counsel H. Dean Steward, hereby files his further objections to the government's use of multiple exhibits during its opening statement.

Dated: July 19, 2021           Respectfully submitted,

/s/ H. Dean Steward
  H. DEAN STEWARD

Attorney for Defendant
MICHAEL JOHN AVENATTI

## I. INTRODUCTION AND FACTUAL BACKGROUND

On Friday, July 16, 2021, at 8:06 a.m., the government informed undersigned counsel that it intends on using portions of Exhibits 41, 130, 160, 184, 187 and 368 in its opening statement. Later that morning, in open court, the Defendant objected to the government's use of exhibits during its opening statement. The Court overruled the Defendant's objection and indicated, "[a]nything as to which there is a reasonable belief that it will come in may be shown in opening statements. If it doesn't come in and the party fails to deliver on their promise, essentially a promise made in the opening statement, the other side is free to point that out in closing arguments." [R.T. 16: 19-24]. For the preservation of the record and the issue, including for a potential appeal, the defendant lodges the following additional objections and authority.

## II. LEGAL STANDARD AND ARGUMENT

The purpose of an opening statement "is to state what evidence will be presented, to make it easier for the jurors to understand what is to follow, and to relate parts of the evidence and testimony to the whole; it is not an occasion for argument." *United States v. McCabe*, 1997 U.S. App. LEXIS 33707, at *11 (9th Cir. 1997); citing *United States v. Dinitz*, 424 U.S. 600, 612 (1976)("[a]n opening statement has a narrow purpose and scope."); *Maxworthy v. Horn Elec. Serv., Inc.,* 452 F.2d 1141, 1143 (4th Cir. 1972)(holding that an opening statement is only intended as an outline of a party's anticipated proof). The opening statement, acting as an objective summary of the evidence, "does not allow the prosecution to refer to evidence of questionable admissibility…or evidence unsupported at trial." *United States v. Novak*, 918 F.2d 107, 110 (10th Cir. 1990); *citing United States v. Hernandez*, 779 F.2d 456 (8th Cir. 1985).

Federal Rule of Evidence 103(d) provides, "the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Fed. R. Evid. 103(d). A "prosecutor acts imprudently to jeopardize possible conviction by cunningly attempting to place before jury otherwise inadmissible evidence during opening statement…" *United States v. Schindler*, 614 F.2d 227, 228 (9th Cir. 1980); see also, *United States v. Taren-Palma*, 977 F.2d 525, 532 (9th Cir. 1993)("opening argument,

like closing, should not refer to matters that are not to be presented as evidence"); *Cozumel Leasing, LLC v. Int'l Jets Inc.,* 2018 U.S. Dist. LEXIS 176774, at *4 (W.D. Wash. 2018)("[n]on admitted evidence should not be used during voir dire and opening statement"); *Carpenter v. Forest Meadows Owners Ass'n*, 2011 U.S. Dist. LEXIS 82295, at *20 (E.D. Cal. 2011)(without adequate assurances that deposition would be admitted into evidence, party was prohibited from reading portion of transcript during opening); *citing* Warren D. Wolfson, Trial Evid. 29-43 (3d ed. 2005)(opening statements should not discuss inadmissible or unprovable evidence). Further, allowing non admitted evidence into the government's opening statement is especially problematic and prejudicial because these are some of the very first documents shown to the jury.

      Accordingly, the defendant objects to any exhibits not admitted into evidence being used in the government's opening statement and/or being shown to the jury. This includes Exhibits 41, 130, 160, 184, 187 and 368. The defendant respectfully requests that the government be prohibited from presenting these exhibits, or any portion thereof, to the jury during opening statements.

Dated: July 19, 2021　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ H. Dean Steward
　　　　　　　　　　　　　　　　　　　H. DEAN STEWARD

　　　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　　MICHAEL JOHN AVENATTI

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California 92660. I am not a party to the above-entitled action. I have caused, on July 19, 2021, service of the:

DEFENDANT'S OBJECTION TO THE GOVERNMENT'S USE OF EXHIBITS DURING OPENING STATEMENTS

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 19, 2021

/s/ H. Dean Steward
H. Dean Steward

3