H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 706-9994

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | SA CR No. 19-061-JVS<br><br>DEFENDANT'S FURTHER OBJECTIONS TO THE PROPOSED INTRODUCTORY JURY INSTRUCTIONS |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his advisory counsel, H. Dean Steward, hereby files the Defendant's Further Objections to the Proposed Introductory Jury Instructions and objects to the Court's draft jury instructions dated July 19, 2021.


Dated: July 20, 2021                    Respectfully submitted,

                                        /s/ Michael J. Avenatti

                                        Defendant
                                        MICHAEL JOHN AVENATTI

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

On July 19, 2021, the Court provided the government and the defendant with its proposed "Initial Jury Instructions," dated July 19, 2021 (attached hereto as Exhibit A) (the "Current Proposed Jury Instructions").  Mr. Avenatti renews his prior objections[1] and, based on the following, Mr. Avenatti continues to object to the Current Proposed Jury Instructions.  Mr. Avenatti reserves the right to lodge additional objections to any instructions to be used throughout the remainder of the trial.

### II.   ARGUMENT

### A. Mr. Avenatti Objects to Any Instructions Regarding the California Bar Rules

Mr. Avenatti renews his objection to <u>any instructions</u> on the California Rules of Professional Conduct and any other ethics rules as it relates to his role as an attorney.

The California Rules of Professional Conduct and ethics rules, and testimony and jury instructions about them, are not relevant in this case and should be excluded. The criminal action before the Court is not an attorney grievance proceeding where Mr. Avenatti is charged with violating his duties under the California Rules of Professional Conduct or other ethical rules or standards. Whether Mr. Avenatti did or did not violate his ethical duties or ethical obligations to his clients is irrelevant as to whether he committed criminal acts under the federal criminal statutes. *See People v. Stein*, 94 Cal.App. 3d 235, 239 (1979)("trial court committed reversible error by instructing the

---

[1] On May 13, 2021, the government filed the "government's filing of parties' proposed jury instructions." [Dkt. 454]. On May 24, 2021, the government filed joint proposed jury instructions. [Dkt. 468]. These filings both included agreed upon instructions, the Defendant's requested instructions, the government's requested instructions and corresponding objections. [Dkt. 468]. Mr. Avenatti renews each of his objections and requests for additional instructions as specified in both the May 13, 2021 and May 24, 2021 filings. [Dkt. 454, 468].

jury on the California State Bar Rules of Professional Conduct").[2]  Moreover, allowing jury instructions concerning the Rules of Professional Conduct creates an unnecessary and prejudicial risk that the jury will convict Mr. Avenatti based in whole or in part on a finding that they believe he violated a Rule of Professional Conduct.

Indeed, instructing the jury as the Court proposes creates a far different, lower standard for the jury to use to determine whether Mr. Avenatti violated the federal criminal statutes and will effectively direct a verdict against Mr. Avenatti for violating his ethical duties as opposed to violating any federal criminal statute.  This is error.  Mr. Avenatti is entitled to have his conduct determined by the jury in this case under the exact same standards that would be used for any other non-attorney defendant. Interjecting the Rules of Professional Conduct into the trial in this case, especially in the jury instructions, is fraught with problems and increases the likelihood of reversible error.

The only set of circumstances under which the rules are relevant and perhaps proper to place before the jury involves cases where the lawyer defendant affirmatively seeks to use his reliance on the rules as a defense. In such cases, the lawyer places the rules and standards at issue because he seeks to explain acts that he undertook by offering evidence of his obligations under the rules of professional responsibility in order to negate criminal intent. Here, however, Mr. Avenatti does not intend to present evidence of ethics rules nor claim that any particular act was motivated by his understanding of a particular California Rule of Professional Conduct.

Further, the very first rule of the California Rules of Professional Conduct makes

---

[2] In *Stein*, an attorney was found guilty of grand theft by means of embezzlement based upon shortages in his attorney-client trust account. During the trial, the trial court instructed jurors on the California State Rules of Professional Conduct. The Court of Appeal reversed the conviction and found that it was "improper to use the professional rules of conduct to show that a violation of the rules, if any, would tend to prove that defendant possessed the specific intent required…" *Id.* at 239.

clear that "A violation of the rule does not itself give rise to a cause of action for damages caused by failure to comply with the rule. Nothing in these rules or the Comments to the rules is intended to enlarge or to restrict the law regarding the liability of lawyers to others." *See* Rule 1.0, titled "Purpose and Function of the Rules of Professional Conduct," at (b)(3). While this is generally applied in connection with prohibiting civil liability based on the rules in an attorney malpractice case, it is even more true as it relates to prohibiting criminal liability founded in whole <u>or in part</u> on violation of a rule. Thus, the alleged violation of any rule of professional conduct or professional standard by Mr. Avenatti is entirely irrelevant as to whether he is guilty of any of the charges as alleged by the government.

Accordingly, Mr. Avenatti hereby objects to any and all jury instructions in the Court's Current Proposed Jury Instructions concerning the Rules of Professional Conduct [pp. 7-11] or any ethics standards as they are irrelevant to the charges in this case. This includes but is not limited to the preliminary paragraphs on page 7.

If the Court again overrules this objection, Mr. Avenatti lodges the following specific objections:

<u>First</u>, several of the instructions in the Current Proposed Jury Instructions relate to ethical duties and obligations owed by attorney to a client that are irrelevant, inapplicable to this case, prejudicial and will likely confuse the jurors. Accordingly, defendant objects to the instructions. *See United States v. Dove*, 916 F.2d 41, 45(2d Cir. 1990)(holding that it is the trial court's duty to give balanced jury instructions and failure to provide proper jury instructions may result in retrial); *Gilbrook v. City of Westminster*, 177 F.3d 839 (9th Cir. 1999)("jury instructions must be formulated so that they fairly and adequately cover the issues presented, correctly state the law and are not misleading."); *Gracie v. Gracie*, 217 F.3d 1060, 1067 (9th Cir. 2000)(jury instructions may not be misleading or confusing, inadequately guide jury deliberations, or improperly intrude on the fact finding process). These include: Paragraph No. 1 [7:14-17];

Paragraph No. 2 [7:19-21]; and Paragraph No. 3 [8:1-20].

<u>Second</u>, proposed Paragraph No. 5 [9:7 – 11:4] is incomplete and, therefore, defendant objects.

<u>Third</u>, the last paragraph of the proposed instruction [11:6-18] should be read first.

<u>Fourth</u>, some of the proposed instructions appear to have been taken from the current California Rules Professional Conduct, which were revised and became effective on November 1, 2018.  Certain of the alleged conduct as alleged in the indictment occurred before this date, rendering the Rules further inapplicable.  As a result, Defendant objects to the Court's Proposed Instruction No. 4 [7:3 – 11:18].

## III.   CONCLUSION

Based upon the foregoing, Mr. Avenatti renews his objections to the Court's proposed introductory jury instructions.

Dated: July 20, 2021                      Respectfully submitted,

/s/ Michael John Avenatti

Defendant
MICHAEL JOHN AVENATTI

5

EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| | CASE NO: SACR 19-61 JVS |
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| | INITIAL JURY INSTRUCTIONS |
| v. | |
| | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

July 19, 2021                                        1

COURT'S INSTRUCTION NO. 1

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

COURT'S INSTRUCTION NO.  2

July 19, 2021                                    2

1      This is a criminal case brought by the United States government.  The
2  government charges the defendant with ten counts of wire fraud, in violation of
3  Section 1343 of Title 18 of the United States Code.  The charges against the
4  defendant are contained in the indictment.  The indictment simply describes the
5  charges the government brings against the defendant.  The indictment is not
6  evidence and does not prove anything.

7

8      The defendant has pleaded not guilty to the charges and is presumed
9  innocent unless and until the government proves the defendant guilty beyond a
10 reasonable doubt.  In addition, the defendant has the right to remain silent and
11 never has to prove innocence or present any evidence.

12

13     In order to help you follow the evidence, I will now give you a brief
14 summary of the elements of the crimes that the government must prove to make its
15 case:

16

17     In order to establish wire fraud, the government must prove the existence of
18 either a scheme to defraud or, alternatively, a scheme for obtaining money or
19 property by means of false or fraudulent pretenses, representations, or promises.
20 Although the government can prove both types of schemes, it only needs to prove
21 the existence of one type of scheme.

22     In order for the defendant to be found guilty of wire fraud based upon a
23 scheme to obtain money or property, the government must prove each of the

24

25 July 19, 2021                                    3

1  following elements beyond a reasonable doubt:

2

3      First, the defendant knowingly participated in or devised a scheme or plan

4  for obtaining money or property by means of false or fraudulent pretenses,

5  representations, or promises, or omitted facts.  Deceitful statements of half-truths

6  may constitute false or fraudulent representations;

7

8      Second, the statements made or facts omitted as part of the scheme were

9  material; that is, they had a natural tendency to influence, or were capable of

10  influencing, a person to part with money or property;

11

12      Third, the defendant acted with the intent to defraud, that is, the intent to

13  deceive and cheat; and

14

15      Fourth, the defendant used, or caused to be used, an interstate wire

16  communication to carry out or attempt to carry out an essential part of the scheme.

17

18      To convict the defendant of wire fraud based on omissions of material facts,

19  you must find that the defendant had a duty to disclose the omitted facts arising out

20  of a relationship of trust. That duty can arise either out of a formal fiduciary

21  relationship, or an informal, trusting relationship in which one party acts for the

22  benefit of another and induces the trusting party to relax the care and vigilance

23  which it would ordinarily exercise.

24

25  July 19, 2021                              4

In order for the defendant to be found guilty of wire fraud based upon a scheme to defraud, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in or devised a scheme or plan to defraud;

Second, the scheme was material; that is, it had a natural tendency to influence, or was capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

July 19, 2021                                               5

COURT'S INSTRUCTION NO.  3

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

July 19, 2021                                                6

1    COURT'S INSTRUCTION NO.  4

2

3        The government charges the defendant with engaging in a scheme to defraud

4    his legal clients.  Because the defendant was a licensed member of the State Bar of

5    California at all times relevant to the charges in this case, the ethical duties that the

6    defendant owed to his legal clients are determined by California law.

7

8        The State of California imposed a number of legal duties, ethical rules, and

9    professional responsibility requirements on lawyers licensed to practice law in the

10   State of California.  Among other things, the California Rules of Professional

11   Conduct and California law imposed the following duties on lawyers licensed to

12   practice in California, including:

13

14       1.      A lawyer owed a fiduciary duty of the highest order to his clients.  A

15   lawyer's fiduciary duty to his clients included the duty to protect the information

16   and property of his clients, and to keep such information or property safe so it was

17   not lost or misused.

18

19       2.      A lawyer owed a duty of loyalty to his clients.  A lawyer's loyalty to

20   his clients must be undivided.  A lawyer could not act in a manner that would

21   disadvantage his clients.

22

23

24

25   July 19, 2021                              7

3.  (a) A lawyer shall:

(1) promptly inform the client of any decision or circumstance with respect to which disclosure or the client's informed consent1 is required by these rules or the State Bar Act;

(2) reasonably consult with the client about the means by which to accomplish the client's objectives in the representation;

(3) keep the client reasonably informed about significant developments relating to the representation, including promptly complying with reasonable requests for information and copies of significant documents when necessary to keep the client so informed; and

(4) advise the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

(c) A lawyer may delay transmission of information to a client if the lawyer reasonably believes that the client would be likely to react in a way that may cause imminent harm to the client or others.

4.  A lawyer shall promptly communicate to the lawyer's client: (1) all terms and conditions of a proposed plea bargain or other dispositive offer made to

July 19, 2021                              8

the client in a criminal matter; and (2) all amounts, terms, and conditions of any written offer of settlement made to the client in all other matters. (b) As used in this rule, "client" includes a person who possesses the authority to accept an offer of settlement or plea, or, in a class action, all the named representatives of the class.

5 . (a) All funds received or held by a lawyer or law firm for the benefit of a client, or other person to whom the lawyer owes a contractual, statutory, or other legal duty, including settlement proceeds, advances for fees, costs and expenses, shall be deposited in one or more identifiable bank accounts labeled "Trust Account" or words of similar import, maintained in the State of California, or, with written consent of the client, in any other jurisdiction where there is a substantial relationship between the client or the client's business and the other jurisdiction.

(b) Notwithstanding paragraph (a), a flat fee paid in advance for legal services may be deposited in a lawyer's or law firm's operating account, provided: (1) the lawyer or law firm discloses to the client in writing (i) that the client has a right under paragraph (a) to require that the flat fee be deposited in an identified trust account until the fee is earned, and (ii) that the client is entitled to a refund of any amount of the fee that has not been earned in the event the representation is terminated or the services for which the fee has been paid are not completed; and (2) if the flat fee exceeds $1,000.00, the client's agreement to deposit the flat fee in the lawyer's operating account and the disclosures required by paragraph (b)(1) are

July 19, 2021                                    9

set forth in a writing signed by the client.

(c) Funds belonging to the lawyer or the law firm shall not be deposited or otherwise commingled with funds held in a trust account except: (1) funds reasonably sufficient to pay bank charges; and (2) funds belonging in part to a client or other person and in part presently or potentially to the lawyer or the law firm, in which case the portion belonging to the lawyer or law firm must be withdrawn at the earliest reasonable time after the lawyer or law firm's interest in that portion becomes fixed. However, if a client or other person disputes the lawyer or law firm's right to receive a portion of trust funds, the disputed portion shall not be withdrawn until the dispute is finally resolved.

(d) A lawyer shall: (1) promptly notify a client or other person of the receipt of funds, securities, or other property in which the lawyer knows or reasonably should know the client or other person has an interest; (2) identify and label securities and properties of a client or other person promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable; (3) maintain complete records of all funds, securities, and other property of a client or other person coming into the possession of the lawyer or law firm; (4) promptly account in writing to the client or other person for whom the lawyer holds funds or property; (5) preserve records of all funds and property held by a lawyer or law firm under this rule for a period of no less than five years after final appropriate distribution of such funds or property; (6) comply with any order

July 19, 2021                                    10

for an audit of such records issued pursuant to the Rules of Procedure of the State Bar; and (7) promptly distribute, as requested by the client or other person, any undisputed funds or property in the possession of the lawyer or law firm that the client or other person is entitled to receive.

You should keep in mind that proof that the defendant failed to comply with the rules governing a lawyer's duties, including receipt of client funds and/or the use of attorney-client trust accounts, does not necessarily mean that the defendant is guilty of the charged offenses of wire fraud. You may, however, consider whether the defendant failed to comply with the rules governing the receipt of client funds and use of attorney-client trust accounts when evaluating whether the government has proven the elements of the offense, including whether the defendant engaged in a scheme to defraud, whether the statements made or facts omitted as part of the scheme were material, whether the defendant acted with the intent to defraud, and whether the defendant had a duty to disclose an omitted fact arising out of a relationship of trust. Ultimately, you will be asked to determine whether the defendant violated the law–not whether he violated his ethical obligations.

July 19, 2021                                      11

COURT'S INSTRUCTION NO.  5

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are received in evidence; and

(3) any facts to which the parties agree.

July 19, 2021                                        12

COURT'S INSTRUCTION NO.  6

The following things are <u>not</u> evidence, and you must not consider them as evidence in deciding the facts of this case:

  (1) statements and arguments of the attorneys;

  (2) questions and objections of the attorneys;

  (3) testimony that I instruct you to disregard; and

  (4) anything you may see or hear when the Court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

July 19, 2021       13

COURT'S INSTRUCTION NO.  7

        Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

        You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

July 19, 2021                                              14

COURT'S INSTRUCTION NO.  8

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

July 19, 2021                                       15

1      COURT'S INSTRUCTION NO.  9

2

3          In deciding the facts in this case, you may have to decide which testimony to

4   believe and which testimony not to believe.  You may believe everything a witness

5   says, or part of it, or none of it.

6

7          In considering the testimony of any witness, you may take into account:

8

9          (1) the witness's opportunity and ability to see or hear or know the things

10   testified to;

11

12          (2) the witness's memory;

13

14          (3) the witness's manner while testifying;

15

16          (4) the witness's interest in the outcome of the case, if any;

17

18          (5) the witness's bias or prejudice, if any;

19

20          (6) whether other evidence contradicted the witness's testimony;

21

22          (7) the reasonableness of the witness's testimony in light of all the evidence;

23   and

24

25   July 19, 2021                              16

1    (8) any other factors that bear on believability.

2

3    You must avoid bias, conscious or unconscious, based on a witness's race, color,

4    religious beliefs, national ancestry, sexual orientation, gender identity, gender, or

5    economic circumstances in your determination of credibility.

6

7          Sometimes a witness may say something that is not consistent with

8    something else he or she said.  Sometimes different witnesses will give different

9    versions of what happened.  People often forget things or make mistakes in what

10   they remember.  Also, two people may see the same event but remember it

11   differently.  You may consider these differences, but do not decide that testimony

12   is untrue just because it differs from other testimony.

13

14         However, if you decide that a witness has deliberately testified untruthfully

15   about something important, you may choose not to believe anything that witness

16   said.  On the other hand, if you think the witness testified untruthfully about some

17   things but told the truth about others, you may accept the part you think is true and

18   ignore the rest.

19

20         The weight of the evidence as to a fact does not necessarily depend on the

21   number of witnesses who testify about it.  What is important is how believable the

22   witnesses are, and how much weight you think their testimony deserves.

23

24

25   July 19, 2021                              17

1

COURT'S INSTRUCTION NO.  10

2

3        Opinion testimony is allowed because of the education or experience of this

4    witness.  Such opinion testimony should be judged like any other testimony.  You

5    may accept it or reject it, and give it as much weight as you think it deserves,

6    considering the witness's education and experience, the reasons given for the

7    opinion, and all the other evidence in the case.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    July 19, 2021                              18

COURT'S INSTRUCTION NO.  11

1

2

3    I will now say a few words about your conduct as jurors.

4

5    First, keep an open mind throughout the trial, and do not decide what the

6    verdict should be until you and your fellow jurors have completed your

7    deliberations at the end of the case.

8

9    Second, because you must decide this case based only on the evidence

10   received in the case and on my instructions as to the law that applies, you must not

11   be exposed to any other information about the case or to the issues it involves

12   during the course of your jury duty.  Thus, until the end of the case or unless I tell

13   you otherwise:

14

15   Do not communicate with anyone in any way and do not let anyone else

16       communicate with you in any way about the merits of the case or anything to

17       do with it.  This restriction includes discussing the case in person, in writing,

18       by phone, tablet, or computer, or any other means, via email, via text

19       messaging, or any Internet chat room, blog, website or application, including

20       but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn,

21       Snapchat, TikTok, or any other forms of social media.  This restriction also

22       applies to communicating with your fellow jurors until I give you the case for

23       deliberation, and it applies to communicating with everyone else including

24

25   July 19, 2021                                    19

your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter.  In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved -- including the parties, the witnesses, or the lawyers -- until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an

July 19, 2021                                            20

1  oath to tell the truth, and the accuracy of their testimony is tested through the trial

2  process.  If you do any research or investigation outside the courtroom, or gain any

3  information through improper communications, then your verdict may be

4  influenced by inaccurate, incomplete or misleading information that has not been

5  tested by the trial process.  Each of the parties is entitled to a fair trial by an

6  impartial jury, and if you decide the case based on information not presented in

7  court, you will have denied the parties a fair trial.  Remember, you have taken an

8  oath to follow the rules, and it is very important that you follow these rules.

9

10     A juror who violates these restrictions jeopardizes the fairness of these

11  proceedings.  If any juror is exposed to any outside information, please notify the

12  court immediately.

13

14

15

16

17

18

19

20

21

22

23

24

25  July 19, 2021                                              21

COURT'S INSTRUCTION NO.  12

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

July 19, 2021                                    22

COURT'S INSTRUCTION NO.  13

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors

July 19, 2021                            23

1

2

COURT'S INSTRUCTION NO.  14

3       The next phase of the trial will now begin.  First, each side may make an

4   opening statement.  An opening statement is not evidence.  It is simply an outline

5   to help you understand what that party expects the evidence will show.  A party is

6   not required to make an opening statement.

7

8       The government will then present evidence and counsel for the defendant

9   may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for

10   the government may cross-examine.

11

12       After the evidence has been presented, I will instruct you on the law that

13   applies to the case and the attorneys will make closing arguments.  After that, you

14   will go to the jury room to deliberate on your verdict.

15

16

17

18

19

20

21

22

23

24

25   July 19, 2021                                    24

COURT'S INSTRUCTION NO. 15


I have some additional instructions concerning the Covid-19 pandemic and the steps we will be taking to keep all us safe and healthy.


Individuals who are fully vaccinated at their option may choose to wear or not wear a mask.  Individuals who are not vaccinated  must wear a mask at all times.  The removal of masks will be required for testifying witnesses, jurors while being questioned individually, and in-court identifications, if permitted by the judge.  A masked individual who is permitted to remove or lower his or her mask will be required to wear a face shield and/or speak from behind a plexiglass barrier and maintain appropriate physical distancing while the individual is not wearing a mask. Do not concern yourself with the reasons why a participant may or may not have worn a mask or face shield.  You should not draw any conclusions or be influenced in any way based solely on whether someone wears a mask or face shield during this trial.


I have ordered that in-court proceedings be conducted in a manner that allows for all participants to practice social distancing.  An exception may be permitted for counsel who choose not to physically distance from each other or their clients.


Throughout trial, please immediately notify the Court of any change in your health and the health of those you live with or have had close contact.  Do not report to the courthouse if you have developed symptoms associated with COVID-19, have reason to believe that you have COVID-19, have taken a COVID-19 test and are awaiting the results, or have learned that you have had close contact with

July 19, 2021                                    25

anyone who has been suspected of or diagnosed with COVID-19 within the last 14 days.  Instead, immediately contact the courtroom deputy at the number that has been provided to you.  We will then determine whether it is safe for you to report to the courthouse.

If you have any questions about Covid-19 or these procedures, please send me a note by giving it to the courtroom deputy.

I want all of us to stay safe and healthy.  Thank you for your understanding and cooperation.

July 19, 2021                                                26

## **CERTIFICATE OF SERVICE**

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California 92660.  I am not a party to the above-entitled action.  I have caused, on July 20, 2021, service of the:

DEFENDANT'S OBJECTIONS TO THE PROPOSED INTRODUCTORY JURY
INSTRUCTIONS

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 20, 2021

/s/ H. Dean Steward
H. Dean Steward