H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 706-9994

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>MICHAEL JOHN AVENATTI,<br><br>       Defendant. | SA CR No. 19-061-JVS<br><br>DEFENDANT'S NOTICE OF TRIAL MOTION AND TRIAL MOTION PURSUANT TO 18 U.S.C. § 3500, *JENCKS v. U.S.*, AND RULE 26.2 |

     TO U.S. ATTORNEY TRACY WILKISON, AUSA ALEXANDER WYMAN, and AUSA BRETT SAGEL, PLEASE TAKE NOTICE that Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his counsel of record, H. Dean Steward, hereby moves and files his Trial Motion Pursuant to 18 U.S.C. § 3500, *Jencks v. United States*, and Rule 26.2.  Defendant's motion is based on the attached memorandum of points and authorities; the evidence referenced in the attached; the files, records and transcripts in this case and the other cases cited herein; and such further evidence and argument as the Court may permit at a hearing on this matter.  In the event the government files an opposition, Defendant specifically requests an opportunity to file a Reply prior to the Court's ruling on the motion.

//

//

Dated:  July 21, 2021                        Respectfully submitted,

                                             /s/ Michael J. Avenatti

                                             Defendant
                                             MICHAEL JOHN AVENATTI

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Pursuant to the Supreme Court's holding in *Jencks v. United States*, 353 U.S. 657 (1957); 18 U.S.C. § 3500 (the "Jencks Act"); and Rule 26.2, Defendant Michael John Avenatti ("Mr. Avenatti") respectfully requests that the Court, prior to the beginning of cross-examination of every witness called by the government at trial, (1) Order the government to immediately produce any and all statements made by the witness, which the particular witness signed, adopted, or approved, in whole or in part, and which generally pertain in any way to their testimony at trial and (2) Order the government to immediately produce, for the examination and use of defendant, any statement of the witness that is in the possession of the United States and that relates to the subject matter of the witness's testimony in whole or in part. Defendant further requests that to the extent any information covered by Nos. 1 or 2 above has been spoliated, destroyed, or is otherwise unavailable, that the government immediately notify the Court and the defense prior to the witness being called to testify by the government so that the issue may be properly addressed by the parties and the Court prior to the witness taking the stand.

## II.    ARGUMENT

The Supreme Court's holding in *Jencks v. United States*, 353 U.S. 657 (1957), 18 U.S.C. § 3500 (the "Jencks Act"), and Fed.R.Crim.P. 26.2 are all clear as to the requirement of production of witness statements immediately after a government witness testifies. Equally clear are the consequences for non-compliance – striking a witness's testimony and/or ordering a mistrial. Pursuant to this authority, defendant moves for orders directing the government to strictly comply with their obligations to produce all statements after each of their witnesses has testified and before cross-examination begins. Such statements must be produced and organized by witness. Further, defendant requests that if the government is aware of any reason why the government is unable to

comply with these requirements, i.e. a statement has been spoliated, destroyed, or is otherwise unavailable, that the government inform the Court and the defense immediately and prior to calling the applicable witness to testify at trial so that the issue may be properly addressed before the witness provides any testimony for the jury. Defendant wishes to avoid any potential prejudice, delay in the trial, or need for a mistrial due to the failure to produce information as required.

The Jencks Act requires the government to produce all statements in the possession of the United States "which relate to the subject matter as to which the witness [will] testif[y]."  18 U.S.C. § 3500(b).  Importantly, "the statement need relate only *generally* to the events and activities testified to by the witness to come within [the] sweep" of 18 U.S.C. § 3500.  *United States v. Bibbero*, 749 F.2d 581, 585 (9th Cir. 1984)(emphasis added).  "The act requires the government, upon the defendant's motion, to produce statements made by any of its witnesses which the particular witness *signed, adopted <u>or</u> approved*, and which pertain to their testimony at trial.  The hope is that these statements will afford the defense a basis for effective cross-examination of government witnesses and the possible impeachment of their testimony . . ."  *United States v. Kimoto*, 588 F.3d 464, 475 (7th Cir. 2009)(emphasis added)(citing *United States v. Johnson*, 200 F.3d 529, 534 (7th Cir. 2000)(internal citations omitted)."  *See also*, Fed.R.Crim.P. 26.2(f) (defining "statement" to include any "written statement that the witness makes and signs, *or otherwise adopts or approves*," as well as any substantially verbatim, contemporaneously recorded recital of the witness's oral statement)(emphasis added). Accordingly, "statements" include, but are not limited to, notes of witness interviews (handwritten and typed), audio and video recordings of the witness, and letters, text messages and emails from the witness, adopted by the witness, or approved by the witness.  Further, 18 U.S.C. § 3500(b)-(d) requires the Court to issue the orders requested herein, as does Rule 26.2(a)-(e).

//

2

### III. <u>CONCLUSION</u>

For each of the reasons stated above, defendant respectfully requests that the Court grant the motion and the defendant's requested relief.

Dated:  July 21, 2021                    Respectfully submitted,

<u>/s/ Michael J. Avenatti</u>

Defendant
MICHAEL JOHN AVENATTI

## **CERTIFICATE OF SERVICE**

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California 92660.  I am not a party to the above-entitled action.  I have caused, on July 21, 2021, service of the:

DEFENDANT'S NOTICE OF TRIAL MOTION AND TRIAL MOTION PURSUANT TO 18 U.S.C. § 3500, *JENCKS v. U.S.*, AND RULE 26.2

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 21, 2021

/s/ H. Dean Steward

H. Dean Steward

4