FILED
CLERK, U.S. DISTRICT COURT

7/21/21

CENTRAL DISTRICT OF CALIFORNIA
BY: _____LB_____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

CASE NO: SACR 19-61 JVS

UNITED STATES OF AMERICA,

Plaintiff,

INITIAL JURY INSTRUCTIONS

v.

MICHAEL JOHN AVENATTI,

Defendant.

F

1

COURT'S INSTRUCTION NO. 1

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

COURT'S INSTRUCTION NO.  2

F                                                            2

1    This is a criminal case brought by the United States government.  The

2  government charges the defendant with ten counts of wire fraud, in violation of

3  Section 1343 of Title 18 of the United States Code.  The charges against the

4  defendant are contained in the indictment.  The indictment simply describes the

5  charges the government brings against the defendant.  The indictment is not

6  evidence and does not prove anything.

7

8    The defendant has pleaded not guilty to the charges and is presumed

9  innocent unless and until the government proves the defendant guilty beyond a

10  reasonable doubt.  In addition, the defendant has the right to remain silent and

11  never has to prove innocence or present any evidence.

12

13    In order to help you follow the evidence, I will now give you a brief

14  summary of the elements of the crimes that the government must prove to make its

15  case:

16

17    In order to establish wire fraud, the government must prove the existence of

18  either a scheme to defraud or, alternatively, a scheme for obtaining money or

19  property by means of false or fraudulent pretenses, representations, or promises.

20  Although the government can prove both types of schemes, it only needs to prove

21  the existence of one type of scheme.

22    In order for the defendant to be found guilty of wire fraud based upon a

23  scheme to obtain money or property, the government must prove each of the

24

25  F                                              3

following elements beyond a reasonable doubt:

First, the defendant knowingly participated in or devised a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or omitted facts. Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

To convict the defendant of wire fraud based on omissions of material facts, you must find that the defendant had a duty to disclose the omitted facts arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance which it would ordinarily exercise.

F                                                              4

In order for the defendant to be found guilty of wire fraud based upon a scheme to defraud, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in or devised a scheme or plan to defraud;

Second, the scheme was material; that is, it had a natural tendency to influence, or was capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

F

5

COURT'S INSTRUCTION NO.  3

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

F

COURT'S INSTRUCTION NO.  4

The government charges the defendant with engaging in a scheme to defraud his legal clients.  Because the defendant was a licensed member of the State Bar of California at all times relevant to the charges in this case, the ethical duties that the defendant owed to his legal clients are determined by California law.

You should keep in mind that proof that the defendant failed to comply with the rules governing a lawyer's duties, including receipt of client funds and/or the use of attorney-client trust accounts, does not necessarily mean that the defendant is guilty of the charged offenses of wire fraud.  You may, however, consider whether the defendant failed to comply with the rules governing the receipt of client funds and use of attorney-client trust accounts when evaluating whether the government has proven the elements of the offense, including whether the defendant engaged in a scheme to defraud, whether the statements made or facts omitted as part of the scheme were material, whether the defendant acted with the intent to defraud, and whether the defendant had a duty to disclose an omitted fact arising out of a relationship of trust.  Ultimately, you will be asked to determine whether the defendant violated the law–not whether he violated his ethical obligations.

The State of California imposed a number of legal duties, ethical rules, and professional responsibility requirements on lawyers licensed to practice law in the

F                                    7

State of California.  Among other things, the California Rules of Professional Conduct and California law imposed the following duties on lawyers licensed to practice in California, including:

1.     A lawyer owed a fiduciary duty of the highest order to his clients.  A lawyer's fiduciary duty to his clients included the duty to protect the information and property of his clients, and to keep such information or property safe so it was not lost or misused.

2.     A lawyer owed a duty of loyalty to his clients.  A lawyer's loyalty to his clients must be undivided.  A lawyer could not act in a manner that would disadvantage his clients.

3. A member shall keep a client reasonably informed about significant developments relating to the employment or representation, including promptly complying with reasonable requests for information and copies of significant documents when necessary to keep the client so informed.

4.(A) A member shall promptly communicate to the member's client:

(1) All terms and conditions of any offer made to the client in a criminal matter; and

(2) All amounts, terms, and conditions of any written offer

F                                                    8

1    of settlement made to the client in all other matters.

2

3         (B) As used in this rule, "client" includes a person who

4    possesses the authority to accept an offer of settlement or plea, or, in a class

5    action, all the named representatives of the class.

6

7         5.    (A) All funds received or held for the benefit of clients by a

8    member or law firm, including advances for costs and expenses, shall be

9    deposited in one or more identifiable bank accounts labeled "Trust Account,"

10   "Client's Funds Account" or words of similar import, maintained in the State

11   of California, or, with written consent of the client, in any other jurisdiction

12   where there is a substantial relationship between the client or the client's

13   business and the other jurisdiction. No funds belonging to the member or the law

14   firm shall be deposited therein or otherwise commingled therewith except as

15   follows:

16

17   (1) Funds reasonably sufficient to pay bank charges.

18

19   (2) In the case of funds belonging in part to a client and in part presently or

20   potentially to the member or the law firm, the portion belonging to the

21   member or law firm must be withdrawn at the earliest reasonable time

22   after the member's interest in that portion becomes fixed. However, when

23   the right of the member or law firm to receive a portion of trust funds

24

25   F                              9

is disputed by the client, the disputed portion shall not be withdrawn until the dispute is finally resolved.

(B) A member shall:

(1) Promptly notify a client of the receipt of the client's funds, securities, or other properties.

(2) Identify and label securities and properties of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.

(3) Maintain complete records of all funds, securities, and other properties of a clientcoming into the possession of the member or law firm and render appropriate accounts to the client regarding them; preserve such records for a period of no less than five years after final appropriate distribution of such funds or properties; and comply with any order for an audit of such records issued pursuant to the Rules of Procedure of the State Bar.

(4) Promptly pay or deliver, as requested by the client, any funds, securities, or other properties in the possession of the member which the client is entitled to receive.

F

10

(C) The  Board of Governors of  the  State  Bar  shall have  the authority  to  formulate  and  adopt  standards as to what "records" shall be maintained by members and law firms in accordance with subparagraph  (B)(3). The  standards  formulated  and adopted by the Board, as from time to time amended, shall be effective and binding on all members.

I remind you that ultimately, you will be asked to determine whether the defendant violated the law–not whether he violated his ethical obligations.

F

11

COURT'S INSTRUCTION NO.  5

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are received in evidence; and

(3) any facts to which the parties agree.

F

12

COURT'S INSTRUCTION NO.  6


The following things are <u>not</u> evidence, and you must not consider them as evidence in deciding the facts of this case:

    (1)    statements and arguments of the attorneys;

    (2)    questions and objections of the attorneys;

    (3)    testimony that I instruct you to disregard; and

    (4)    anything you may see or hear when the Court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

F

13

COURT'S INSTRUCTION NO.  7


Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.


You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

F

14

COURT'S INSTRUCTION NO.  8

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

F                                             15

1          COURT'S INSTRUCTION NO.  9

2

3          In deciding the facts in this case, you may have to decide which testimony to

4    believe and which testimony not to believe.  You may believe everything a witness

5    says, or part of it, or none of it.

6

7          In considering the testimony of any witness, you may take into account:

8

9          (1) the witness's opportunity and ability to see or hear or know the things

10   testified to;

11

12         (2) the witness's memory;

13

14         (3) the witness's manner while testifying;

15

16         (4) the witness's interest in the outcome of the case, if any;

17

18         (5) the witness's bias or prejudice, if any;

19

20         (6) whether other evidence contradicted the witness's testimony;

21

22         (7) the reasonableness of the witness's testimony in light of all the evidence;

23   and

24

25   F                              16

(8) any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

F                                                      17

COURT'S INSTRUCTION NO.  10


Opinion testimony is allowed because of the education or experience of this witness.  Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

F

18

COURT'S INSTRUCTION NO.  11

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including

F                                                            19

your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter.  In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved -- including the parties, the witnesses, or the lawyers -- until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an

F                                              20

oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

F

21

COURT'S INSTRUCTION NO.  12


     At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

F

22

COURT'S INSTRUCTION NO.  13

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors

F                                                           23

1
2

COURT'S INSTRUCTION NO.  14

3          The next phase of the trial will now begin.  First, each side may make an

4   opening statement.  An opening statement is not evidence.  It is simply an outline

5   to help you understand what that party expects the evidence will show.  A party is

6   not required to make an opening statement.

7

8          The government will then present evidence and counsel for the defendant

9   may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for

10  the government may cross-examine.

11

12         After the evidence has been presented, I will instruct you on the law that

13  applies to the case and the attorneys will make closing arguments.  After that, you

14  will go to the jury room to deliberate on your verdict.

15
16
17
18
19
20
21
22
23
24
25  F                                        24

COURT'S INSTRUCTION NO. 15

I have some additional instructions concerning the Covid-19 pandemic and the steps we will be taking to keep all us safe and healthy.

Individuals who are fully vaccinated at their option may choose to wear or not wear a mask.  Individuals who are not vaccinated  must wear a mask at all times.  The removal of masks will be required for testifying witnesses, jurors while being questioned individually, and in-court identifications, if permitted by the judge.  A masked individual who is permitted to remove or lower his or her mask will be required to wear a face shield and/or speak from behind a plexiglass barrier and maintain appropriate physical distancing while the individual is not wearing a mask. Do not concern yourself with the reasons why a participant may or may not have worn a mask or face shield.  You should not draw any conclusions or be influenced in any way based solely on whether someone wears a mask or face shield during this trial.

I have ordered that in-court proceedings be conducted in a manner that allows for all participants to practice social distancing.  An exception may be permitted for counsel who choose not to physically distance from each other or their clients.

Throughout trial, please immediately notify the Court of any change in your health and the health of those you live with or have had close contact.  Do not report to the courthouse if you have developed symptoms associated with COVID-19, have reason to believe that you have COVID-19, have taken a COVID-19 test and are awaiting the results, or have learned that you have had close contact with

F

1  anyone who has been suspected of or diagnosed with COVID-19 within the last 14

2  days.  Instead, immediately contact the courtroom deputy at the number that has

3  been provided to you.  We will then determine whether it is safe for you to report

4  to the courthouse.

5        If you have any questions about Covid-19 or these procedures, please send

6  me a note by giving it to the courtroom deputy.

7

8        I want all of us to stay safe and healthy.  Thank you for your understanding

9  and cooperation.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  F                                              26