TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     Email:    Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 19-061-JVS |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO THE TESTIMONY OF GOVERNMENT EXPERT JOHN DRUM, THE USE OF RULE 1006 SUMMARIES PROPOSED BY THE GOVERNMENT AND RENEWED REQUEST FOR A *DAUBERT* HEARING (CR 546); EXHIBITS 1-2 |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

     Plaintiff United States of America, by and through its counsel
of record, the Acting United States Attorney for the Central District
of California and Assistant United States Attorneys Brett A. Sagel
and Alexander C.K. Wyman, hereby files its Response to defendant
MICHAEL JOHN AVENATTI's Objection to the Testimony of Government

Expert John Drum, the Use of Rule 1006 Summaries Proposed by the Government and Renewed Request for a Daubert Hearing (CR 546).

This Response is based upon the attached memorandum of points and authorities, the attached exhibits, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 21, 2021　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　TRACY L. WILKISON
　　　　　　　　　　　　　　　　　Acting United States Attorney

　　　　　　　　　　　　　　　　　SCOTT M. GARRINGER
　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　Chief, Criminal Division


　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　BRETT A. SAGEL
　　　　　　　　　　　　　　　　　ALEXANDER C.K. WYMAN
　　　　　　　　　　　　　　　　　Assistant United States Attorneys

　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant MICHAEL JOHN AVENATTI again seeks to exclude the testimony of the government's financial expert, John Drum. Relying primarily on arguments that the Court rejected nine months ago when denying defendant's first motion to exclude Mr. Drum's testimony, defendant challenges the admissibility of the government's summary exhibits prepared by Mr. Drum under Federal Rule of Evidence 1006 and contends that Mr. Drum cannot "act as a fact witness" and rely on bank records, which he characterizes repeatedly as "inadmissible hearsay." (CR 546 at 3.) Bank records are not inadmissible hearsay. They are the quintessential examples of business records that are exempt from the hearsay prohibition under Rule 803(6), and they are perhaps the most common records to be presented in trials through the use of summary exhibits under Rule 1006. See United States v. Aubrey, 800 F.3d 1115, 1130 (9th Cir. 2015). Nor is Mr. Drum serving as a fact witness; the Court has approved of Mr. Drum as an expert witness, and he will testify as such at trial.

Defendant's remaining arguments are simply more examples of defendant's bad faith. The government's summary trial exhibits from Mr. Drum are nearly identical to the draft summary charts that the government produced to defendant in May 2020, with one exception: the government removed the annotations (which specified which documents Mr. Drum was relying upon) for a cleaner trial exhibit presentation. Defendant knows just as well now as he did in May 2020 what the underlying documents to these exhibits are, yet he waited until the middle of trial to file this objection despite multiple opportunities to do so earlier. The Court should overrule defendant's objection.

## II. RELEVANT BACKGROUND

On March 2, 2020, and again on May 26, 2020, the government provided defendant with detailed expert notice letters regarding Mr. Drum's qualifications for his expected expert testimony in this case. (CR 285 Ex. A; CR 299 Ex. 2.) In these letters, the government described in great detail the various categories of testimony Mr. Drum is anticipated to cover, as well as his anticipated points of testimony within those categories. (Id.) The government further informed the defense that Mr. Drum's testimony would include "introduc[ing] into evidence charts and summaries of voluminous business and financial records under Federal Rule of Evidence 1006." (CR 299 Ex. 2 at 2.) The government then provided the defense with drafts of these charts. (CR 299 Ex. 1.)

On September 14, 2020, defendant filed a motion to exclude Mr. Drum, among other witnesses. (CR 285.) In that motion, defendant, as he does now, requested a Daubert hearing to challenge Mr. Drum's qualifications and then complained that Mr. Drum relied upon "hearsay" in creating his summary charts: "[T]he proposed documents that Mr. Drum would rely on as an expert witness include a great deal of hearsay and are unreliable. **The government has provided the defense with the materials Mr. Drum reviewed in preparation for his testimony.**" (CR 285 at 4-5 (emphasis added).) The government opposed, noting that, "As defendant is aware, the vast majority (if not all) of Mr. Drum's proposed testimony involves foundation for and explanation of Rule 1006 summary exhibits, which the government produced to defendant along with its Rule 16 notice." (CR 299 at 2.) The government then discussed the law regarding Rule 1006 summary

2

1  exhibits and why the draft charts prepared by Mr. Drum were
2  admissible under Rule 1006.  (Id. at 2-5.)
3       In reply, defendant argued, as he does now, that "Mr. Drum's
4  testimony as both a fact witness and an expert witness is improper."
5  (CR 326 at 2.)  Defendant then complained that "the government seeks
6  to use John Drum to lay the foundation for exhibits that attempt to
7  summarize **thousands of documents and hundreds of thousands of pages**,"
8  and then proceeded to cite the categories of underlying documents
9  that had been identified by the government.  (CR 326 at 2 (double
10 emphasis in original).)  His reply brief then made very similar
11 arguments about the admissibility of business records that he makes
12 in his instant filing.  (Id. at 2-4.)
13      On October 30, 2020, the Court denied defendant's motion to
14 exclude Mr. Drum's testimony.  In doing so, the Court noted that Mr.
15 Drum was "expected to testify concerning a number of financial
16 transactions involving [defendant] and his entities," including
17 "trac[ing] the distribution of funds from settlements received by the
18 clients identified in the Client Counts."  (CR 371 at 13.)  The Court
19 then rejected each of defendant's many and varied challenges to Mr.
20 Drum's testimony, several of which he raises again in his instant
21 filing.  For example, the Court rejected defendant's argument "that
22 Drum's reliance on reports and summaries prepared by others will
23 deprive him of the right of confrontation under Crawford," holding,
24 correctly, that "[a]n expert is entitled to rely on such sources for
25 foundation and to support his opinion.  Such information is not
26 received for the truth but simply as a basis for the opinion."  (CR
27 371 at 13.)  The Court then addressed defendant's complaint about the
28 "thousands of documents" that Mr. Drum would be summarizing.  As the

Court reasoned, "This overlooks the fact that summaries are admissible under Federal Rule of Evidence 1006 where the underlying documents have been produced.  The Government represents that [it] has made such production."  (Id. at 14.)

Approximately two months ago, on May 24, 2021, defense counsel sent government counsel a letter regarding the government's disclosures concerning Mr. Drum's testimony, in which he "demand[ed]" much of the same information he claims he lacks in the instant filing.  (See Ex. 1.)  On June 8, 2021, the government responded by letter, addressing each of defendant's claims and explaining why the government had already complied with its obligations with respect to each of the issues raised by defendant about Mr. Drum.  (Ex. 2.)  Defendant never responded, nor did he file a motion in limine on this basis.  Instead, he waited six weeks until the parties were in the middle of trial and filed the instant "objection."

**III. ARGUMENT**

    **A.    The Government's Summary Exhibits Are Properly Admissible Under Federal Rule of Evidence 1006**

Defendant has previously raised the same objections to Mr. Drum's testimony and the summary charts now finalized as Trial Exhibits 420 through 456.[1]  These Trial Exhibits are virtually identical to the draft summary charts that defendant sought to exclude in his original motion in limine to exclude Mr. Drum's testimony and these charts.  (Compare CR 299 Ex. 1 at USAO_EX_000102-61, with Trial Exs. 420-456.)  Apart from small revisions to the

---

[1] Defendant also objects to Exhibits 460 and 461, but those exhibits were not prepared by Mr. Drum.  The government intends to admit those exhibits, which are also based on bank records, as Rule 1006 summaries through its summary witness with the IRS-CI.

4

calculations that Mr. Drum made in finalizing the charts, there is only one material difference: the government removed the annotations and commentary from the bottom of the drafts to make for a cleaner trial presentation and to remove any commentary that could be deemed testimonial, argumentative, or otherwise inappropriate under Rule 1006. Even a cursory review of the Trial Exhibits next to the draft summary charts makes clear that the same underlying documents cited in the draft charts would apply to the Trial Exhibits. Accordingly, defendant's objections here are the same that he raised in October 2020. The Court already rejected those arguments and should do so again here. (CR 371 at 13-14.)

Moreover, at bottom, defendant's objection amounts to an attack on the admissibility of the bank records underlying these exhibits. As the government briefed in greater detail in its opposition to defendant's first attempt to exclude Mr. Drum (CR 299 at 2-8), Rule 1006 allows a party to admit a summary exhibit for voluminous materials at trial provided that "the underlying materials on which the summary is based are admissible" and "the underlying documents were made available to the opposing party for inspection." Fed. R. Evid. 1006. "These materials must be admissible, but need not themselves be admitted into evidence." United States v. Rizk, 660 F.3d 1125, 1130 (9th Cir. 2011); accord United States v. Johnson, 594 F.2d 1253, 1255 (9th Cir. 1979) (noting that "summaries may . . . prove more meaningful to the judge and jury"). Voluminous bank records like those at hand represent one of the prototypical examples of materials that are appropriately the subject of summary evidence under Rule 1006. See, e.g., Aubrey, 800 F.3d at 1130 ("'Multiple bankers' boxes of bank statements constitute the type of materials

anticipated by Rule 1006."); United States v. Anekwu, 695 F.3d 967, 982 (9th Cir. 2012) (upholding admission of chart summarizing bank records under Rule 1006).

Defendant does not claim that the documents underlying Mr. Drum's summary charts are not "voluminous," nor can he claim that he has not had notice of these documents, since they were produced to him in some of the very first productions over two years ago. Rather, his principal complaint appears to be that the bank records themselves are not admissible.  While bank records "are among the most common type of business record routinely used in our courts," United States v. Miller, 830 F.2d 1073, 1077 (9th Cir. 1987), and are admitted under Rules 803(6) and 902(11) in virtually every white-collar criminal case in this District, defendant claims that the government's business records in this case are inadmissible hearsay. Indeed, defendant states definitively in his filing that "The Defendant intends to object to the records as hearsay and object to the government's attempt to rely on the business record exception." (CR 546 at 3.)  All of the bank records relied upon by Mr. Drum have been produced to defendant, and all of them have accompanying custodian-of-record declarations (also produced to defendant) demonstrating that they are admissible under Rule 803(6) and 902(11). The vast majority of these records are from California Bank & Trust ("CB&T") and City National Bank ("CNB"), whose custodian-of-record declarations have been identified as Trial Exhibits 394 (CB&T) and 397 (CNB).[2]  Defendant does not identify any specific bank records

---

[2] As the Court can see from the various CB&T and CNB records that the government identified as Trial Exhibits (see, e.g., Trial Exhibits 356-91), these are ordinary bank records of the kind commonly admitted at trial.

6

that he believes are inadmissible, choosing instead to pretend that he does not know what the underlying documents for the exhibits are.

Defendant's remaining arguments as to the Rule 1006 charts are similarly meritless.  The Court has already addressed defendant's complaints under Crawford v. Washington, 541 U.S. 36 (2004), and rejected his contention that a financial expert like Mr. Drum cannot rely on hearsay as the basis for his opinion.  (CR 371 at 13.)  As for the reliability of the summary charts and the documents on which they are based, defendant will have the opportunity to cross-examine Mr. Drum when he testifies at trial and can challenge the reliability of the exhibits at that time.  Defendant's objection to the Rule 1006 exhibits should be overruled.

**B.   The Government Provided Adequate Disclosures**

Despite receiving lengthy, detailed expert disclosures accompanied by draft summary charts over a year before trial, defendant now claims that he has received inadequate disclosure by the government under Federal Rule of Criminal Procedure 16.  He makes these claims to the Court without disclosing that defendant wrote to the government with a similar complaint almost two months ago and the government responded with a detailed letter addressing each of his complaints and explaining how, in the government's view, the government's disclosures were more than adequate.  (Exs. 1-2.) Defendant's decision not to bring a motion at that time, apparently "while lying in the weeds for another day" (CR 512 at 4 n.2), as the Court has aptly stated, is emblematic of the bad faith tactics that defendant has employed since day one in this case -- and continues to employ in trial.  For the reasons described above and in the government's letter response to defense counsel (Ex. 2), the

7

government has more than met its disclosure obligations with regard to Mr. Drum, and defendant's decision not to raise this issue in a motion until the middle of trial evidences his bad faith.[3]

### C. Defendant's Remaining Arguments Fail

Defendant's remaining arguments in his filing are meritless. First, the government agrees that Mr. Drum is not a fact witness. He will be testifying as a financial expert to summarize bank records that he analyzed. The Court has already found that he is qualified to testify as an expert in this capacity and that his "financial expertise will be helpful to the jury." (CR 371 at 13-14.) Second, because he is not testifying as a fact witness, there is no issue of whether he can rely on hearsay, although, as discussed above, the bank records about which he testifying are not hearsay. Lastly, because the Court has already determined Mr. Drum to be qualified as a financial expert and previously rejected defendant's request for a Daubert hearing, defendant's renewed request for a Daubert hearing should be denied.

## IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court overrule defendant's objection to Mr. Drum's testimony and deny defendant's requests in their entirety.

---

[3] Defendant's complaints now that the government has not provided him with the documents Mr. Drum reviewed also ring hollow in light of what he represented to the Court in his first motion to exclude Mr. Drum. (See CR 285 at 4-5 ("The government has provided the defense with the materials Mr. Drum reviewed in preparation for his testimony.").)

8

# EXHIBIT 1

# H. Dean Steward
ATTORNEY AT LAW

107 Avenida Miramar
Suite "C"
San Clemente, CA 92672
949-481-4900

May 24, 2021

Via E-Mail

Mr. Alexander Wyman
Assistant United States Attorney
(alex.wyman@usdoj.gov)

Mr. Brett Sagel
Assistant United States Attorney
(brett.sagel@usdoj.gov)

    Re:    **United States v. Avenatti (SA CR No. 19-061-JVS)**
              Demand for Information Relating to the Proposed
              Testimony of John Drum

Gentlemen:

    Pursuant to Federal Rule of Criminal Procedure 16, including Rule 16(a)(1)(G) and Rule 702, defendant Michael Avenatti requests that the government, within 14 days of the date of this letter, provide (1) a written summary disclosing the testimony that the government seeks to use at trial from Mr. John Drum; (2) a description of each of the opinions and conclusions Mr. Drum intends to offer at trial; (3) the <u>bases and reasons</u> for each portion of Mr. Drum's testimony; and (4) the current qualifications of Mr. Drum, including a listing of all prior expert or consulting engagements, as well as all prior testimony provided by Mr. Drum.

• Admitted-California & Hawaii • Fellow-American College of Trial Lawyers •  1
fax: 949-496-6753 • e-mail: deansteward7777@gmail.com

The prior disclosure(s) made by the government is insufficient and incomplete. By way of example only (there are others), the "bases and reasons" must include a listing of each document and piece of data relied on by Mr. Drum for his testimony, including the bates numbers. Further, it is not sufficient for the government to state that Mr. Drum is generally relying on information from "Quickbooks" for his testimony. This is akin to the government asserting that Mr. Drum is relying on "bank records," "financial records," or "data in a filing cabinet" and fails to inform the defense of anything of any substance. The defendant is entitled to know, well before trial, which exact documents and data from Quickbooks form the basis for each portion of Mr. Drum's testimony and is also entitled to have them identified with specificity so that the defense may properly prepare for cross-examination.

In addition, the defense does not appear to have been provided a description of the entirety of Mr. Drum's proposed testimony nor has the defense been provided each of the opinions and conclusions Mr. Drum intends to offer.

Thank you in advance for your timely response.

Very truly yours,

H. Dean Steward

# EXHIBIT 2



# United States Department of Justice

## United States Attorney's Office
## Central District of California

---

*Alex Wyman*  
*Phone: (213) 894-2435*  
*E-mail: alex.wyman@usdoj.gov*

*1100 United States Courthouse*  
*312 North Spring Street*  
*Los Angeles, California  90012*

June 8, 2021

**VIA E-MAIL**

H. Dean Steward, Esq.
107 Avenida Miramar, Suite C
San Clemente, CA  92672
deansteward7777@gmail.com

      Re:    United States v. Michael John Avenatti,
                SA CR No. 19-061-JVS

Dear Mr. Steward:

      We write in response to your letter dated May 24, 2021, in which you demand information regarding the anticipated trial testimony of John Drum.

      First, with regard to your request that the government provide a written summary disclosing the testimony, opinions, and conclusions of Mr. Drum, the government has provided you with more than adequate notice of what Mr. Drum's testimony is likely to entail. Specifically, the government provided detailed expert notice letters to you on March 2, 2020, and on May, 26, 2020.  In connection with these detailed summaries of Mr. Drum's anticipated testimony, we produced draft summary charts created by Mr. Drum and others working at his direction that we intend to introduce at trial through Mr. Drum.

      As part of our March 2, 2020 letter—and as supplemented by our May 26, 2020 letter—we also described in great detail the various categories of testimony Mr. Drum is anticipated to cover, as well as his anticipated points of testimony within those categories.  After this lengthy description of Mr. Drum's testimony in the March 2, 2020 letter (which spanned over ten pages), we informed you that Mr. Drum's testimony would include "introduc[ing] into evidence charts and summaries of voluminous business and financial records under Federal Rule of Evidence 1006."  We then provided you with drafts of these charts.  (USAO_EX_0000021–100, 102–196.)

      We provided this notice to your client more than one year ago, and your client has never challenged the adequacy of this disclosure as it concerns his anticipated testimony.  Instead, your client filed a motion seeking to exclude Mr. Drum's testimony on a number of grounds, which the Court denied.  (CR 285 at 3–6; CR 371 at 12–14.)  Far from challenging the adequacy of the government's disclosure concerning Mr. Drum's anticipated testimony, your client decried the length of the government's disclosure, complaining that "the government proposes testimony amounting to 10 pages, single space," and that, "[o]n May 26, 2020, the government notified the

H. Dean Steward
RE: Michael John Avenatti
June 8, 2021
Page 2

defense of even more testimony they plan to elicit from Drum." (CR 285 at 6 & n.1.) In denying your motion, the Court cited the government's disclosures to explain that Mr. Drum is "expected to testify concerning a number of financial transactions involving Avenatti and his entities. (Motion, Ex. A, pp. 1-12 ['Government Expert Disclosure']. Among other things, he will trace the distribution of funds from settlements received by the clients identified in the Client Counts. (Id., pp. 2-5)." (CR 371 at 13.)

Your next request, for "the bases and reasons for each portion of Mr. Drum's testimony," was similarly addressed in the government's prior disclosures. Indeed, in defendant's motion to exclude Mr. Drum, your client challenged the government's disclosures on this basis, claiming, without support, that "[t]he government ha[d] failed to provide sufficient evidence of how Mr. Drum came to his conclusions and what methods he ha[d] used." (CR 285 at 4.) In rejecting this argument, the Court reasoned, "It is apparent that Drum uses the tools of a trained financial analyst in presenting his summaries of various transactions. Moreover, the extensive charts which the Government has produced as part of its opposition provide details concerning Drum's opinions and how he developed them." (CR 371 at 13.)

As part of this challenge that was previously rejected by the Court, you claim that the government has not adequately disclosed to you what materials Mr. Drum has reviewed in reaching his conclusions. We disagree. We informed you in March 2020—over one year and three months ago—that Mr. Drum reviewed the following materials in conducting his analysis:

> (1) bank and credit card account records; (2) a Microsoft Access database created at the direction of IRS-CI which summarized relevant bank and credit card records; (3) loan documents; (4) accounting records, including EA LLP's QuickBooks records and documents the government obtained from defendant's former accountant, Marjorie Hendricks; (5) business records obtained from various third-parties; (6) engagement letters and settlement agreements relating to the victim-clients identified in the Indictment; and (7) a limited number of witness interview summaries that directly relate to defendant's finances.

In addition, the draft summary charts prepared by Mr. Drum have numerous annotations listing, by bates number, various documents that supported his analysis. We also provided you with a copy of the Microsoft Access database for your convenience. (USAO_EX_000101.) You did not challenge the adequacy of these disclosures at the time we provided them, nor did you raise such a challenge with the Court in your motion to exclude Mr. Drum's testimony.

Lastly, we have previously provided the materials identified in your request for "the current qualifications of Mr. Drum, including a listing of all prior expert or consulting engagements, as well as all prior testimony provided by Mr. Drum." We provided you with these materials by sending you a curriculum vitae ("CV") in March 2020 (USAO_EX_000001) and in our October 27, 2020 letter in which we provided details of Mr. Drum's "prior testimonial assignments." Nevertheless, we have contacted Mr. Drum and requested that he provide relevant

H. Dean Steward
RE: Michael John Avenatti
June 8, 2021
Page 3

updates, if any, to his qualifications and prior testimonial assignments, and we will send you any relevant updates to his qualifications once we receive them.

    Please let me know if you have any questions, or would like to further discuss any of the matters raised above.

Very truly yours,

ALEXANDER C.K. WYMAN
Assistant United States Attorney
Major Frauds Section

cc:    AUSA Brett A. Sagel