H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 706-9994

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL JOHN AVENATTI, <br><br> Defendant. | SA CR No. 19-061-JVS <br><br> DEFENDANT'S SUBMISSION REGARDING THE APPLICABILITY OF FEDERAL RULE 801(d)(2)(C), (D) AND THE WORK PRODUCT DOCTRINE TO THE ANTICIPATED TESTIMONY OF GOVERNMENT WITNESS JUDY REGNIER |

Defendant Michael John Avenatti ("Mr. Avenatti"), through advisory counsel, H. Dean Steward, hereby files his submission regarding certain evidentiary issues that will likely arise in connection with the testimony of Judy Regnier.

Dated: July 25, 2021                    Respectfully submitted,

                                        /s/ Michael J. Avenatti
                                        Defendant
                                        MICHAEL JOHN AVENATTI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On July 23, 2021, the government informed Mr. Avenatti that it intended to call Ms. Judy Regnier as a witness on Tuesday, July 27. *See*, *e.g.*, Trial Tr. (7/23/21, Vol. 3) 105-106. The government estimated that its direct examination of Ms. Regnier would last approximately four to six hours. Mr. Avenatti represented to the government and to the Court that the cross-examination of Ms. Regnier could exceed eight hours.

In preparation for Ms. Regnier's testimony, Mr. Avenatti anticipates the following evidentiary issues that will likely arise in connection with her direct and cross examination. These issues were similarly raised in Mr. Avenatti's trial brief filed on July 12, 2021. [Dkt. 535]. These evidentiary issues are highly relevant to Ms. Regnier's anticipated testimony. Mr. Avenatti intends on objecting to the government's attempted admission of certain evidence and testimony through Ms. Regnier. In order to alert the government and the Court to the basis of these objections, Mr. Avenatti submits the following brief on these issues.

## III. EVIDENTIARY ISSUES & LEGAL AUTHORITY

### A. Authorized or Agency Admissions

Pursuant to Federal Rule of Evidence 801(d)(2)(C), a statement is not excluded as hearsay if "the statement is offered against an opposing party and was made by a person whom the party authorized to make a statement on the subject." The statement, however, "must be considered but does not by itself establish the declarant's authority under [subsection] (C)." The Ninth Circuit has made it clear that Rule 801(d)(2)(C) "<u>requires the declarant to have specific authority from a party to make a statement concerning a particular subject</u>." *United States v. Bonds*, 608 F.3d 495, 502 (9th Cir. 2010)(emphasis added)(upholding the district court's exclusion of statements because sufficient control over party was not established). In the context of Rule 801(d)(2)(C), authority "means 'authority to speak' on a particular subject on behalf of someone else." *Precision Piping*

2

*& Instruments, Inc.* v. *E.I. Du Pont de Nemours & Co.*, 951 F.2d 613, 620 (4th Cir. 1991)(upholding district court's exclusion of hearsay because the statements of purported agent were not matters within the scope of their employment).

Federal Rule of Evidence Rule 801(d)(2)(D) similarly allows for the admission of a statement, as not hearsay, so long as the statement is offered against an opposing party and "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed…" Fed. R. Evid. 801(d)(2)(D). This rule "requires the proffering party to lay a foundation to show that an otherwise excludable statement relates to a matter within the scope of the agent's employment." *Sims v. Lakeside Sch.,* 2007 U.S. Dist. LEXIXS 90261, at *6-7 (W.D. Wash. 2007); *citing Breneman v. Kennecott Corp.,* 799 F.2d 470, 473 (9th Cir. 1986). When a court is evaluating whether such a foundation has been established, "the contents of the statement shall be considered but are not alone sufficient to establish the agency or employment relationship and scope thereof." *Sea-Land Serv. v. Lozen Int'l, LLC*, 285 F.3d 808, 821 (9th Cir. 2002). This rule "sets forth three elements necessary for admitting a statement that would otherwise be excluded as hearsay: (1) the statement must be made by an agent or employee of the party against whom the statement is being offered; (2) the statement must concern a matter within the scope of that employment relationship; and (3) the statement must be made while the declarant is yet employed by the party." *Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 999 (9th Cir. 2019).

The Ninth Circuit has made it clear that in order to determine whether the statements are admissible under Rule 801(d)(2)(D), the court "must 'undertake a fact-based inquiry applying common law principles of agency.'" *Bonds, supra,* 608 F.3d 495 at 504, *citing NLRB v. Friendly Cab Co., Inc.,* 512 F.3d 1090, 1096 (9th Cir. 2008). The Second Restatement of Agency sets forth ten factors for the district courts to consider: (1) the control exerted by the employer, (2) whether the one employed is engaged in a distinct occupation, (3) whether the work is normally done under the supervision of an employer, (4) the skill required, (5) whether the employer supplies tools and instrumentalities, (6) the length of time employed, (7) whether payment is by time or by

the job, (8) whether the work is in the regular business of the employer, (9) the subjective intent of the parties, and (10) whether the employer is or is not in business. *Id.* 505; *citing Restatement (Second) Agency* 220(2) (1958).

The government has previously alerted Mr. Avenatti that it intends on introducing prior statements of Ms. Regnier as "non-hearsay … authorized admissions under Federal Rules of Evidence 801(d)(2)(C) and 801(d)(2)(D)." [Dkt. 528, p. 15]. As described above, the scope of Rule 801(d)(2)(C) is narrow and should only apply to statements that the government can prove were made at the specific direction of the defendant. Absent a showing of a *specific instruction*, the government should not be permitted to rely on this exception to the hearsay rule for the broad introduction of statements and documents that are otherwise inadmissible. Mr. Avenatti acknowledges that the scope of the 801(d)(2)(D) is broader. However, the government must still be obligated to establish the agency relationship between Ms. Regnier and Mr. Avenatti. The government must also establish that the relevant statement occurred within the scope of Ms. Regnier's employment, concerned a matter involving her employment, and the statement was made while Ms. Regnier was employed.

### B. Attorney Work Product Doctrine/Privilege

Pursuant to Federal Rule of Evidence 501, privileges are created and governed exclusively by common law unless the United States Constitution, a federal statute or the Supreme Court directly provides otherwise. Fed. R. Evid. 501. The work-product doctrine has been partially codified in Federal Rule of Civil Procedure 26 and Federal Rule of Criminal Procedure 16. The United States Supreme Court has also explicitly recognized the attorney work-product doctrine in its seminal decision, *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947). The Court in *Hickman* indicated that the unambiguous creation of the privilege was necessary because an attorney must be permitted to "work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Id.* at 511. Absent this protection, the Supreme Court concluded that "[i]nefficiency, unfairness and sharp practices would inevitable

develop in the giving legal advice and in the preparation of cases for trial…" *Id.* The work-product privilege is narrower than the attorney-client privilege but operates to serve a common interest, "people should be free to make requests of their attorneys without fear, and that their attorneys should be free to conduct research and prepare litigation strategies without fear that these preparations will be subject to review by outside parties." *In Re Grand Jury Subpoenas*, 454 F.3d 511, 520 (6th Cir. 2006).

The work-product doctrine protects "documents and tangible things prepared by a party or his representative in anticipation of litigation." *United States v. Richley*, 632 F.3d 559, 567 (9th Cir. 2011); *citing Admiral Ins. Co v. U.S. Dist. Ct.,* 881 F.2d 1486, 1494 (9th Cir. 1989). The Ninth Circuit has identified only two requirements for the work-product protection to apply to documents: (1) they must be "prepared in anticipation of litigation or for trial"; and (2) they must be prepared "by or for [the] party [seeking the protection] or by or for that . . . party's representative." *Wichansky v. Zowine*, 2015 U.S. Dist. LEXIS 132711, at *8 (D. Az. 2015); *quoting United States v. Torf (In Re Grand Jury Subpoena)*, 357 F.3d 900, 907 (9th Cir. 2004). There are two types of attorney work product that fall within this doctrine: fact work product and opinion work product. *See In Re Grand Jury* Subpoenas, 870 F.3d 312, 316 (4th Cir. 2017). The work product privilege "shields both opinion and fact work product from discovery…" *ACLU of N. Cal. v. United States DOJ*, 880 F.3d 473, 488 (9th Cir. 2018). Whether the work-product doctrine applies, "cannot be decided simply by looking at one motive that contributed to a document's preparation. The circumstances surrounding the documents preparation must also be considered." *Torf (In Re Grand Jury Subpoena),* 357 F.3d at 908.

At its core, "the work-product doctrine shelters the mental processes of the attorney, providing it a privileged area within which he can analyze and prepare his client's case, and protects both material prepared by agents for the attorneys as well as those prepared by the attorney himself." *United States v. Sanmina Corp, & Subsidiaries*,

968 F.3d 1107, 1112 (9th Cir. 2020). The doctrine is intensely practical and "the protection extended beyond work prepared by attorneys to work prepared by other people, such as investigators, working under the direction of attorneys." *Shenwick v. Twitter, Inc.,* 2019 U.S. Dist. LEXIS 75551, at *8 (N.D. Cal. 2019); *quoting United States v. Nobles*, 422 U.S. 225, 238 (1975). The work product privilege protection "continues even after the litigation is completed." *Lopez v. Vieira*, 719 F.Supp. 2d 1199, 1201 (E.D. Cal. 2010); *See also Memry Corp. v. Ky. Oil Tech., N.V.,* 2007 U.S. Dist. LEXIS 104031, at *7 (N.D. Cal. 2007)("work product protection 'endures after termination of proceedings for which the document was created.'")

Unlike the broader attorney-client privilege, **"[t]he protection stemming from the work product doctrine belongs to the professional, rather than the client,** and efforts to obtain disclosures of opinion work product should be evaluated with particular care." *Natural-Immunogenics Corp. v. Newport Trial Grp.,* 2018 U.S. Dist. LEXIS 228114, at *39 (C.D. Cal. 2018)(emphasis added); *citing Rhone-Poulenc Rorer Inc. v. Home Indem. Co,* 32 F.3d 851, 866 (3rd Cir. 1994); *See also, Xcentric Ventures, LLC v. Borodkin*, 934 F. Supp. 2d 1125, 1146 (D. Az. 2013)("It is the attorney, though, who has standing to assert the work-product privilege."); *Bozzuto v. Cox*, 255 F.R.D. 673, 679 (C.D. Cal. 2009)("The holder of the work product immunity includes the attorney who prepared the work.").

The Supreme Court, in creating privileges, has oftentimes weighed the states' prior recognition of the relevant privilege in fashioning its decision to create a federal counterpart, "[t]he policy decisions of the states bear on the question whether federal courts should recognize a new privilege or amend the coverage of an existing one" and "[b]ecause state legislatures are fully aware of the need to protect the integrity of the factfinding functions of their courts, the existence of a consensus among the States indicates that 'reason and experience' support recognition of the privilege." *Jaffee v. Redmond*, 518 U.S. 1, 13-14 (1996). California courts provide guidance for the

expansive nature of the attorney-client work product doctrine.  Similar to its federal equivalent, the California attorney work-product doctrine "creates for the attorney a qualified privilege against discovery of general work product and an absolute privilege against disclosure of writings containing the attorney's impressions, conclusions, opinions, or legal theories." *State Comp. Insurance Fund v. Superior Court*, 91 Cal. App. 4th 1080, 1091 (2001). The attorney "is the exclusive holder of the privilege." *Id. See also, People v. Superior Court (Laff)*, 25 Cal. 4th 703 (the California Penal Code does not restrict a court's authority to adjudicate claims of privilege or work product raised by attorneys who are suspects).

     If the government intends on relying on Federal Rule of Evidence Rule 801(d)(2)(D) to establish that Ms. Regnier was an agent of Mr. Avenatti, the application of the work product doctrine is even more applicable and relevant in this case. As indicated above, the work product doctrine extends not only to work performed by Mr. Avenatti but also his representatives. Therefore, if the government intends on introducing prior statements of Ms. Regnier, within her capacity as Mr. Avenatti's representative and/or agent, the work product doctrine and privilege would apply to her communications as well.

Dated: July 25, 2021       Respectfully submitted,

                /s/ Michael J. Avenatti

                Defendant
                MICHAEL JOHN AVENATTI

## CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California 92660. I am not a party to the above-entitled action. I have caused, on July 25, 2021, service of the:

DEFENDANT'S SUBMISSION REGARDING THE APPLICABILITY OF FEDERAL RULE 801(d)(2)(C), (D) AND THE WORK PRODUCT DOCTRINE TO THE ANTICIPATED TESTIMONY OF GOVERNMENT WITNESS JUDY REGNIER

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 25, 2021

/s/ H. Dean Steward
H. Dean Steward