TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     Email:     Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:     Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
| Plaintiff, | BRIEF REGARDING DEFENDANT'S RECIPROCAL DISCOVERY OBLIGATIONS |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby files its brief regarding defendant's reciprocal discovery obligations.

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 26, 2021  Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

          /s/
BRETT A. SAGEL
ALEXANDER C.K. WYMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

After defendant MICHAEL JOHN AVENATTI failed to produce a single document pursuant to the reciprocal discovery deadline the Court ordered, to which defendant had stipulated, the government filed a motion in limine pursuant to Federal Rule of Criminal Procedure 16(b)(1) asking the Court to require defendant to produce reciprocal discovery and/or to exclude any defense exhibits defendant would seek to admit at trial that defendant had not produced, absent a showing of good cause.  (CR 283.)  Defendant opposed the government's filing (CR 301), and the government filed a reply in support of the motion (CR 324).  The Court ordered defendant to produce reciprocal discovery on "a rolling production of Rule 16(b) materials within seven days and shall complete production no later than December 1, 2020.  <u>This specifically includes all material for use at trial other than impeachment evidence</u>.  Dalliance is no substitute for performance."  (CR 371 at 6 (emphasis added and footnote omitted).) Defendant failed to produce any reciprocal discovery by the December deadline, and only after the government informed the Court that defendant failed to provide reciprocal discovery, defendant produced two documents totaling six pages to the government on December 17, 2020.[1]  Other than these six pages, defendant has produced no reciprocal discovery before or since, and has not provided any trial exhibits to the government.

---

[1] The government introduced into evidence, as Trial Exhibits 121 and 122, the two documents defendant produced as his reciprocal discovery.  Defendant asked no questions about Exhibit 121 and approximately one question on Exhibit 122 to Geoffrey Johnson, the only witness to whom these documents relate.

As described below, this Court has consistently stated that there will be consequences for defendant's failure to produce reciprocal discovery without a showing of good cause. Defendant simply continued -- and continues -- to flout the Court's orders.

## II. RECIPROCAL DISCOVERY

### A. Federal Rule of Criminal Procedure 16

In October 2020, the Court determined that defendant's reciprocal discovery obligations had "long ago" been triggered under Federal Rule of Criminal Procedure 16(b)(1), because defendant sought discovery under Rule 16 and the government had substantially complied with its discovery obligations. (CR 371 at 5-6.) As a result, Rule 16 required defendant to disclose to the government any documents, objects, and reports of examinations and tests that he intended to use in the defense case-in-chief, including any such evidence defendant intended to introduce through a witness called by the government. Fed. R. Crim. Proc. 16(b)(1); United States v. Ellison, 704 F. App'x 616, 624-25 (9th Cir. 2017) (affirming district court's ruling that defendant must provide pretrial reciprocal discovery of all non-impeachment documents defendant intended to use at trial); United States v. Crowder, 325 F. Supp. 3d 131, 137 (D.D.C. 2018) (collecting cases to state that a defendant must produce pursuant to his Rule 16(b) disclosures all documents defendant intends to use at trial, including to cross-examine government witnesses, except for true impeachment documents); United States v. Swenson, 298 F.R.D. 474, 476-77 (D. Idaho 2014) (defendants have "a duty to produce any exhibits they intend to use at trial during cross examination of a government witness other than for impeachment purposes"). Indeed, as this Court ordered in a recent criminal jury trial in which current

defense advisory counsel was counsel of record, "All defendants are ordered to produce . . . every document or other evidence they intend to use either for examination in the Government's case in chief or their case in chief, save only true impeachment documents." United States v. Michaels et al., No. SA CR 16-76-JVS (C.D. Cal.), Doc. 768 at 2-3 (citations omitted); see also id., Doc. 804 at 2-3 ("It is insufficient to simply state that the defendant will be using documents produced by government in discovery." (citations omitted)). "One of the objectives of Rule 16 is to eliminate the idea that a criminal trial is a sporting contest in which the game of cat and mouse is acceptable." United States v. Howell, 231 F.3d 615, 625 (9th Cir. 2000).

Although in opposing the government's reciprocal discovery motion defendant claimed that he did not need to reproduce to the government any discovery the government produced to defendant (CR 301 at 1), the government's reply cited to numerous cases showing defendant's position was simply wrong (CR 324 at 7-8). The Court agreed, finding that defendant must produce reciprocal discovery on a rolling basis and complete his production by December 1, 2020, which included "all materials for use at trial other than impeachment evidence." (CR 371 at 6.)[2]

---

[2] There's little doubt that defendant understood this, because in the parties' joint status report filed on April 6, 2021, defendant claimed he "is continuing to review discovery in this case and may provide additional reciprocal materials promptly upon discovery." (CR 433 at 3.) The only "discovery in this case" is from the government.

3

### B. The Court Should Exclude Evidence Defendant Failed to Produce in Reciprocal Discovery

The Ninth Circuit has held that district courts have broad discretion in enforcing discovery rules, and a defendant's failure to comply with his discovery obligations under Rule 16(b)(1)(A) can result in exclusion of evidence at trial. See United States v. Scholl, 166 F.3d 964, 972 (9th Cir. 1999) (upholding district court's decision to exclude defense evidence as a sanction for violating Rule 16 based on trial court's finding that defendant's failure to produce the evidence to the government in discovery was "a strategic decision to withhold the [evidence] until the government would be unable to fully investigate"); United States v. Duran, 41 F.3d 540, 545-46 (9th Cir. 1994) (upholding exclusion of evidence that was not disclosed in violation of Rule 16 where defense counsel failed to produce evidence without showing of good cause); United States v. Aceves-Rosales, 832 F.2d 1155, 1156-57 (9th Cir. 1987) (upholding exclusion of evidence not timely disclosed where defense counsel "made a strategic decision to withhold the document until after the close of the government's case"); see also United States v. Young, 248 F.3d 260, 269-70 (4th Cir. 2001) (upholding exclusion under Rule 16 of audiotape evidence defendant did not produce in pretrial discovery where defendant sought to introduce audiotape on cross-examination of government witness not for impeachment purposes, but as substantive "evidence in chief" that someone else committed the crime).

At the hearing on October 19, 2020, in response to the government's request to make defendant's production requirements even stricter than the Court's tentative order, the Court stated:

4

> I don't think I really could be any clearer in putting some teeth in this order. I think the record will be sufficient right now if I conclude it's appropriate to simply default him on coming forward with pretrial materials and so on, but that remedy needs to be a very considered one.

(10/19/20 RT at 13.)

After the government raised defendant's failure to produce reciprocal discovery again at the January 6, 2021, status conference and the Court warned defendant to be mindful of his obligations, defendant (through then counsel) stated, "That assumes, Your Honor, that we are going to produce any documents, in other words, that we are going to have documents in the defense case. I'm not sure you can assume that." (1/6/21 RT at 11.) The Court replied, "That's fine, but if you delay on meeting that obligation, it may have consequences." (Id. at 12.) Defense counsel acknowledged, "And I fully understand that, Your Honor. I get it." (Id.)[3]

Finally, in response to the parties' positions regarding reciprocal discovery in the joint report in advance of the April 7, 2021, status conference (CR 433), the Court declared:

> With regard to Mr. Avenatti's reciprocal discovery obligations, I think I've made my view clear when I ordered a rolling production. If there's additional production and it's not forthcoming fairly soon, I think there'll be an inquiry as to why the defendant should be permitted to use such materials, but I think everybody understands the ground rules. The longer the disclosure is postponed or doesn't happen the more likely there is to be prejudice to the government, but I can't predict that on the present record.

(4/7/21 RT at 3-4.)

Defendant has knowingly failed to produce any reciprocal discovery and defendant has produced no trial exhibits to the

---

[3] Defendant was present at the hearing via telephone. (1/6/21 RT at 3.)

5

government. At this point, prejudice to the government should be assumed, and barring a showing of good faith, the Court should exclude any defense exhibit that that is not true impeachment material.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court exclude defense exhibits that have not been produced pursuant to defendant's reciprocal discovery obligations.