TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     Email:     Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:     Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
| Plaintiff, | GOVERNMENT'S TRIAL BRIEF REGARDING CROSS-EXAMINATION AND FEDERAL RULE OF EVIDENCE 403 |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby files its Trial Brief Regarding Cross-Examination and Federal Rule of Evidence 403.

This Brief is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 25, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

_____/s/_____
BRETT A. SAGEL
ALEXANDER C.K. WYMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

"Your right to cross-examine isn't unlimited." (RT 7/22/2021, Vol. I, at 117.) The Court advised defendant of this black-letter legal principle on the second day of witness testimony after defendant spent hours cross-examining the government's first three witnesses, far exceeding the amount of time that the government (who holds the burden of proof) spent with each of these witnesses, as well as the time estimates for cross-examination that defendant provided to the government. Lengthy cross-examination is understandable in certain instances and is appropriate when the topics covered are both relevant and not repetitive. Defendant's cross-examination, however, has repeatedly strayed into irrelevant issues, and defendant has routinely repeated his same questions (often in only slightly different form) three or four times to the witnesses, even after they have given him their answers.

On Thursday, July 22, 2021, the Court admonished defendant that his right to cross-examine was not unlimited, and suggested to defendant that "when you ask a question, you only ask it once and don't ask the same question three or four different ways." (RT 7/22/2021, Vol. I, at 117.) Immediately after the lunch break on that same day, however, defendant continued his repetitive cross-examination, asking victim-witness Geoffrey Johnson at least three times about the barely relevant issue of when he last met with the government prior to testifying:

> Q BY MR. AVENATTI: Sir, when's the last time that you met with the Government in preparation for your testimony here today?
>
> A Monday of this week.
>
> Q So three days ago?

```
1          A Yes.
2          Q On the 19th of July?
3          A Yes.
4          . . . .
5          Q You told them that just Monday; right?
6          A Yeah.
7          Q "Yes"?
8          A Yes.
```

9  (RT 7/22/2021, Vol. II, at 48-49.)  This exchange is typical of how
10 defendant has been questioning witnesses, asking them the same
11 question over and over again, which, in addition to being
12 objectionable, is a waste of time.
13      Defendant has also spent a meaningful amount of time with every
14 witness on matters that are at best tangential, or worse, irrelevant.
15 For example, he has asked several witnesses to perform in-court
16 identifications of their attorneys in the courtroom, a feature of
17 trials that is usually reserved for the accused to establish
18 identity.  Although it is foreseeable that the fact of representation
19 could become relevant in certain situations, it is hardly clear why
20 having the witness identify the attorney in the audience at trial
21 adds anything at all; this, too, wastes time.  Similarly, defendant
22 seems intent on asking every witness about every meeting they have
23 had with the government, what the precise dates of those meetings
24 were -- and to confirm, if the witness does not remember the exact
25 dates, that the witness does not "dispute" defendant's dates -- which
26 prosecutors and agents were there, what documents were discussed, and
27 who was asking the witness questions.  Often, in connection with such
28

questioning, defendant will have the witness identify the agents and prosecutors in the courtroom, which, again, is irrelevant.

The result of these curious tactics is that the trial is proceeding slowly.  Moreover, because defendant's initial cross-examination estimates were so far below the time he actually spent cross-examining witnesses, the government has had to reschedule many witnesses' travel arrangements.  As one such example, Joseph Varani of the DOJ Cybercrime Lab flew out from Washington, D.C. for this trial and ended up spending several days in Santa Ana waiting to testify.  Even though this lengthy stay was due to his cross-examination, defendant attempted to exploit this fact during Mr. Varani's cross-examination in an apparent attempt to suggest that the government forced Mr. Varani to spend a week in California for his 15-minute direct testimony, a line of questioning that the Court agreed was irrelevant:

> Q And you traveled all the way from Washington, D.C., to California at the request of the prosecutors to testify in this case; is that right?
>
> A Yes, I did.
>
> Q And you have been -- unfortunately you've had to be cooling your heels out in the hallway waiting for your testimony, right?
>
> A Yes.
>
> MR. WYMAN: Objection. Relevance.
>
> THE COURT: Sustained.

(RT 7/23/2021, Vol. I, at 21.)

In the government's view, much of defendant's questioning on cross-examination is a waste of time and should be limited under Federal Rule of Evidence 403.  As the Court is aware, Rule 403 permits the Court to exclude even relevant evidence where "its

3

probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." To the extent defendant continues to waste time through repetitive and only marginally relevant questioning, the Court should place limits on defendant's time to conduct cross-examination.

As the Court acknowledged, defendant's right to cross-examination is not unlimited or absolute. "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." United States v. Larson, 495 F.3d 1094, 1101 (9th Cir. 2007) (en banc) (quoting Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986)). "A restriction of cross-examination does not violate the Confrontation Clause unless it limits relevant testimony and prejudices the defendant. 'The trial court does not abuse its discretion as long as the jury receives sufficient information to appraise the biases and motivations of the witness.'" United States v. Shabani, 48 F.3d 401, 403 (9th Cir. 1995) (quoting United States v. Feldman, 788 F.2d 544, 554 (9th Cir. 1986)). Indeed, it is well established that "the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross examination that is effective in whatever way, and to whatever extent, the defense might wish." Delaware v. Fensterer, 474 U.S. 15, 20 (1985) (emphasis in original); see also Gibbs v. Covello, 996 F.3d 596, 601 (9th Cir. 2021) (same).

4

Accordingly, should defendant continue to waste time through lengthy and repetitive cross-examination on issues of only marginal relevance (if any), the government respectfully requests that the Court curtail defendant's cross-examination to a reasonable length of time and range of topics.  Defendant is already on notice from the Court's prior statements on July 22, 2021 that he should be more efficient in his questioning, so he cannot claim surprise if the Court sets limits on his cross-examination.  How he spends that time is his choice, but he is not entitled to unlimited cross-examination.