Michael J. Avenatti (Pro Se)

H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 706-9994

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | SA CR No. 19-061-JVS<br><br>DEFENDANT'S OBJECTIONS TO THE DOCUMENTS PROFFERED AS BUSINESS RECORDS BY THE GOVERNMENT ON JULY 23, 2021 |

Defendant Michael John Avenatti ("Mr. Avenatti"), through advisory counsel, H. Dean Steward, hereby files his submission and objections regarding the documents proffered as business records by the government via correspondence on Friday, July 23, 2021.

Dated: July 26, 2021

Respectfully submitted,

/s/ Michael J. Avenatti

Defendant
MICHAEL JOHN AVENATTI

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

On May 20, 2021, the government sent advisory counsel a letter indicating that the "government intends to introduce [at trial] business records from various entities at trial pursuant to Federal Rule of Evidence 902(11)." [Dkt. 473-1].  The government stated that it sought to introduce business records from 59 entities. The government identified by bates number the corresponding declaration from the purported custodian of record.

On May 31, 2021, the government filed a motion in limine to admit business records under the self-authentication provision of Federal Rule of Evidence 902(11). [Dkt. 473]. In its motion, the government requested that the Court authenticate approximately 11,014 purported business records (comprising 107,559 pages) from 59 entities without attaching a single document or declaration. The Court properly denied the government's motion and held, "[t]he Court cannot asses the admissibility of the records in a vacuum. The Court is unable to assess the sufficiency of the custodian certificates. Nor is the Court able to review the content of the records to determine whether the records in fact satisfy the business records exception." [Dkt. 512, p. 2].

On July 6, 2021, the government provided Mr. Avenatti its first drafted exhibit list as well as exhibit disclosures. The government included within its exhibit disclosures various business records as well as certain declarations from custodians of record. However, the organization of the exhibits disclosures made it difficult for the defendant and the Court to determine which declaration corresponded with each specific purported bank record.

On July 23, 2021, at 1:07 p.m., the government provided advisory counsel with an email outlining the specific custodian of record declarations that apply to the business records the government intends to move into evidence. The government provided Mr. Avenatti with a chart that outlined the specific exhibit it seeks to admit and the

corresponding custodian of record declaration exhibit.  The government then alerted the court:  "I e-mailed Mr. Steward a list of the particular pages in the custodian of record declaration exhibits to which the business record exhibits apply. I assume they will have an opportunity to look at it prior to our next proceeding." *See*, *e.g.*, Trial Tr. (7/23/21, Vol. 2) 105.

Each of the exhibits constitute hearsay and defendant specifically objects to their admission on that basis.  Further, Mr. Avenatti lodges the following specific objections to the use of the business record exception to the hearsay rule, for each of the 41 exhibits the government seeks to admit as business records. For the convenience and ease of the Court, Mr. Avenatti has adopted the chart created by the government and has made his objections by way of codes that are more thoroughly briefed and discussed below. *See also* Exhibit A – Chart of Objections.

## II.    THE REQUIREMENTS OF FEDERAL RULES OF EVIDENCE 902(11) AND 803(6)

Federal Rule of Evidence 902(11) allows for certain domestic records of regularly conducted activity to be self-authenticating and excuses the need for extrinsic evidence of authenticity.  Rule 902(11) works in tandem with Rule 803(6) to "allow proponents of business records to qualify them for admittance with an affidavit or similar written statement rather than live testimony." *See United States v. Kahre*, 610 F. Supp. 2d 1261, 1263 (D. Nev. 2009) (citing *DirecTV, Inc. v. Murray*, 307. F.Supp. 2d 764, 772 n. 3 (D.S.C 2004)).

Pursuant to Rule 902(11), the original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by the certificate of the custodian or another qualified individual, are self-authenticating and require no additional extrinsic evidence.  Rule 803(6) "excepts records of regularly conducted activity from the disqualifying consequence of the rule against hearsay…" *United States v. Way*, 2018 U.S. Dist. LEXIS 92293, *3 (E.D. Cal. 2018). A party seeking to admit a business record

under the business records exception to the hearsay rule - in this instance the government - bears the burden of proof.  *In Re Kupfer*, 579 B.R. 222, 227 (N.D. Cal. Bankr. 2017).

Under Rule 803(6), business records act as an exception to the rule against hearsay so long as the following requirements are met:

> (A) the record was made at or near the time by – or from information transmitted by – someone with personal knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate lack of trustworthiness." Fed. R. Evid. 803(6)

In order to satisfy the requirements of Rules 902(11) and 803(6), the proponent of the business records must set forth sufficient grounds to justify the pre-trial authentication for each document.  <u>The proponent must do so by way of a document-by-document analysis and showing submitted to the Court.</u>  As this Court has aptly stated when previously addressing this issue: "[the] question arises in every instance, is the declaration sufficient, if the person has foundation to render it, and so on. Those questions can't be answered on a blanket basis." *See*, *e.g.*, Trial Tr. (7/22/21, Vol. 1) 14.

## III.   OBJECTIONS

### A.  Objections to the Substance of the Records

<u>**Objection No. 1**</u> – Emails Should not be Recognized as Business Records:

The government seeks to introduce email correspondence as business records. This is improper. Email correspondence is not the type of record that is kept in an automated fashion. *See It's My Party, Inc. v. Live Nation, Inc.,* 2012 U.S. Dist. LEXIS 119625 (D. Md. 2012)("I decline to accept a blanket rule that emails constitute business records;

4

more specificity is required regarding the party's recordkeeping practices to show that a particular email in fact constitutes a business record."); *Brown v. West Corp.,* 2014 U.S. Dist. LEXIS 62476, at *7-8 ("each email must be analyzed to determine whether it meets the elements of the business record exception.") The email proffered as a business record is marked as government exhibit 25. This exhibit contains multiple layers of hearsay. Specifically, "Mark suggested that I…" The e-mail also contains an attachment. There is no showing that these e-mails were created by the People's Bank in the ordinary course of business.

   B. *Objections to the Custodian of Record Declarations*

**Objection No. 2** – Declaration Improperly Parrots the Language of the Business Records Exception: Several exhibits improperly and, without more, parrot the language of the business record exception. It appears that various entities were sent subpoenas to produce the relevant records. Mr. Avenatti believes that these entities were provided a fill in the blank form to authenticate the records pursuant to Rules 803(6) and 902(11). These forms merely parrot the language of the business record exception to the hearsay rule. It is not enough for the custodian to merely parrot the language of Rule 803(6) without regard for the type of documents being produced.  Indeed, courts have "refused to admit records where declarants offer no more than conclusory statements that repeat the language of Rule 803(6)." *Izett v. Crown Asset Mgmt., LLC*, 2019 U.S. Dist. LEXIS 170548, at *16 (N.D. Cal. 2019)(emphasis added); *see also Orlob-Radford*, 2016 U.S. Dist. LEXIS 142598, at *5 (E. D. Wash. 2016)(district court refused to accept "conclusory statements as foundation" to establish foundation of business record when the declarant "parroted the foundational language of Fed. R. Evid. 803(6) but provided no basis to show how he knew the records were actually created in the ordinary course of business."); *See also, Rogers v. Oregon Train Elec. Consumers Co-Op., Inc.,* 2012 U.S. Dist. LEXIS 65883, at *9 (D. Or. 2012)(requiring more than "boiler, conclusory

statements that simply parrot the elements of the business record exception to the hearsay rule").

**Objection No. 3** – Declaration Fails to Describe the Documents with Particularity: In the referenced declarations from purported custodians of records, there is no description of the records that the government seeks to admit. The government requires the Court and the defendant to trust that one specific declaration corresponds with the relevant business record without any description of the records. The government uses 5 declarations to authenticate 42 exhibits. For example, the same declaration (government exhibit 394) is used to authenticate government exhibits 41, 147, 148, 158, 356, 357, 358, 359, 360, 375, 376, 377, 378, 379, 380, 381, 383, 384, 385, 386, 387, 388, 391. The two declarations contained in government exhibit 397 are used to authenticate 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, and 374.  These declarations, as identified, fail to describe with any specificity, or at all, the records referenced by the author of the declaration.  *See, e.g. Wilson v. Biomat USA, Inc.,* 2011 U.S. Dist. LEXIS 119991, at *6  (D. Nev. 2011)("the certificate of authenticity or affidavit must list, describe or otherwise identify the… records which Plaintiff seeks to admit."); *See also, United States v. Way*, 2018 U.S. Dist. LEXIS 92293, at *6-7 (E.D. Cal. 2018)(holding that the certification's failure to identify with any specificity the records it purported to certify as business records was insufficient for pretrial authentication).

**Objection No. 4** – Declaration Fails to State that the Records Were Kept in the Course of a Regularly Conducted Activity of a Business: Federal Rule of Evidence 803(6)(B) requires a showing that "the record was kept in the course of a regularly conducted activity of a business, organization, occupation or calling, whether or not for profit." These declarations fail to make any statement that the business record was *kept* in the course of a regularly conducted activity of a business.

**Objection No. 5** – Declaration Fails to State that the Making of the Record was a Regular Practice of the Business Activity: Federal Rule of Evidence 803(6)(C) requires a

6

showing that "making the record was a regular practice of that activity." These declarations fail to make any statement that the business entity made these records as a regular practice of its business activity.

**Objection No. 6** – Fails to Adequately Describe that the Record was Made by Someone with Knowledge:  Federal Rule of Evidence 803(6)(A) requires a showing that "the record was made at or near the time by – or from information transmitted by – someone with knowledge." These declarations fail to address whether the person who created or were subsequently transmitted the information had *knowledge.* Instead, these declarations merely indicate that they were prepared by "the personnel of City National Bank."

**Objection No. 7** – Author of Declaration is Not a Qualified Custodian of Record: Pursuant to Federal Rule of Evidence 902(11), items of evidence may be considered self-authenticating so long as the records comply with the requirements of 803(6)(A)-(C), "as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court." The relevant custodian of record or other qualified person, "need not be the custodian of record, but only needs to demonstrate that she is familiar with, and understands, the record keeping system." *Harms v. Bank of N.Y. Melton (In re Harms)*, 603 B.R. 19, 29 (9th Cir. Bankr. 2019). Without more, government exhibit 394 merely states, "I am a duly authorized custodian of records for California Bank & Trust, a division of ZB, N.A. and as such have access to the records and data maintained by this division in the regular course of its business." Similarly, both declarations contained in government exhibit 397 state "I am employed by City National Bank, a national banking association, which is engaged in the general business of banking … I am duly authorized custodian of the records, or qualified witness, and have authority to certify the records herein described." These declarations fail to lay the proper foundation for these individuals' alleged familiarity with the record keeping system. Finally, government exhibit 396 is authored by C.B., senior counsel for

the Honda Aircraft Company, LLC. C.B. fails to identify his job duties but declares that he is knowledgeable about the record keeping practices solely based on his "familiarity with relevant policy/policies" and "hands-on experience." This declaration also fails to establish C.B. is a custodian of record or other qualified person for the purposes of Rule 902(11).

## IV.    CONCLUSION

Based upon the foregoing, Mr. Avenatti objects to the admission of the exhibits and respectfully requests that this Court (1) find that the relevant business records and their corresponding declarations from purported custodians of record do not meet the requirements of Federal Rule of Evidence 803(6) or 902(11) and (2) refuse to admit the exhibits and/or allow them to be placed before the jury.

Dated: July 26, 2021                    Respectfully submitted,

/s/ Michael J. Avenatti

Defendant
MICHAEL JOHN AVENATTI

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **EXHIBIT A**

| Business Record Exhibit No. | Applicable Custodian Declaration Exhibit No. | Page of Custodian Declaration Exhibit Nos. | Defendant's Objection Code Nos. |
|---|---|---|---|
| 25 | 393 | 1-2 | 1, 2, 3 |
| 41 | 394 | 2 | 2, 3, 7 |
| 147 | 394 | 2 | 2, 3, 7 |
| 148 | 394 | 2 | 2, 3, 7 |
| 158 | 394 | 2 | 2, 3, 7 |
| 349 | 396 | 1-2 | 2, 3, 7 |
| 356 | 394 | 2 | 2, 3, 7 |
| 357 | 394 | 2 | 2, 3, 7 |
| 358 | 394 | 2 | 2, 3, 7 |
| 359 | 394 | 2 | 2, 3, 7 |
| 360 | 394 | 2 | 2, 3, 7 |
| 361 | 397 | 3-4 | 4, 5, 6, 7 |
| 362 | 397 | 3-4 | 4, 5, 6, 7 |
| 363 | 397 | 3-4 | 4, 5, 6, 7 |
| 364 | 397 | 3-4 | 4, 5, 6, 7 |
| 365 | 397 | 3-4 | 4, 5, 6, 7 |
| 366 | 397 | 3-4 | 4, 5, 6, 7 |
| 367 | 397 | 3-4 | 4, 5, 6, 7 |
| 368 | 397 | 3-4 | 4, 5, 6, 7 |
| 369 | 397 | 3-4 | 4, 5, 6, 7 |
| 370 | 397 | 3-4 | 4, 5, 6, 7 |
| 371 | 397 | 3-4 | 4, 5, 6, 7 |
| 372 | 397 | 3-4 | 4, 5, 6, 7 |
| 373 | 397 | 1-2 | 4, 5, 6, 7 |
| 374 | 397 | 1-2 | 4, 5, 6, 7 |
| 375 | 394 | 2 | 2, 3, 7 |
| 376 | 394 | 2 | 2, 3, 7 |
| 377 | 394 | 2 | 2, 3, 7 |
| 378 | 394 | 2 | 2, 3, 7 |
| 379 | 394 | 2 | 2, 3, 7 |
| 380 | 394 | 2 | 2, 3, 7 |

| Business Record Exhibit No. | Applicable Custodian Declaration Exhibit No. | Page of Custodian Declaration Exhibit Nos. | Defendant's Objection Code Nos. |
|---|---|---|---|
| 381 | 394 | 2 | 2, 3, 7 |
| 382 | 394 | 2 | 2, 3, 7 |
| 383 | 394 | 2 | 2, 3, 7 |
| 384 | 394 | 2 | 2, 3, 7 |
| 385 | 394 | 2 | 2, 3, 7 |
| 386 | 394 | 2 | 2, 3, 7 |
| 387 | 394 | 2 | 2, 3, 7 |
| 388 | 394 | 2 | 2, 3, 7 |
| 390 | 394 | 2 | 2, 3, 7 |
| 391 | 394 | 2 | 2, 3, 7 |

## <u>CERTIFICATE OF SERVICE</u>

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California 92660.  I am not a party to the above-entitled action.  I have caused, on July 26, 2021, service of the:

DEFENDANT'S OBJECTIONS TO THE DOCUMENTS PROFFERED AS
BUSINESS RECORDS BY THE GOVERNMENT ON JULY 23, 2021

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 26, 2021

/s/ H. Dean Steward<br>H. Dean Steward