Michael J. Avenatti (Pro Se)

H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 706-9994

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>Plaintiff, <br><br>v. <br><br>MICHAEL JOHN AVENATTI, <br><br>Defendant. | SA CR No. 19-061-JVS <br><br>REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO THE TESTIMONY OF GOVERNMENT EXPERT JOHN DRUM AND THE USE OF RULE 1006 SUMMARIES |

    Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his advisory counsel of record, H. Dean Steward, hereby files this Reply to the government's opposition to his objection to the testimony of John Drum.

Dated: July 26, 2021          Respectfully submitted,

                                   /s/ Michael J. Avenatti

                                   Defendant
                                   MICHAEL JOHN AVENATTI

## I. INTRODUCTION

On July 19, 2021, the defendant filed his Objection to the Testimony of Government Expert John Drum, the Use of the Rule 1006 Summaries Proposed by the Government and a Renewed Request for a *Daubert* Hearing. [Dkt. 546.] This objection was filed shortly after receiving the government's first draft exhibit list and exhibits on July 6, 2021 at 10:42 p.m., which included the latest version of Mr. Drum's proposed draft Rule 1006 summaries.

On July 20, 2021, the Court asked that the government file an opposition in connection with the underlying materials supporting Mr. Drum's draft summaries and the summary charts' compliance with Rule 1006. *See*, *e.g.*, Trial Tr. (7/20/21, Vol. 1) 6. On July 21, 2021, the government filed its Response to Defendant's Objection to the Testimony of Government Expert John Drum, the use of Rule 1006 Summaries Proposed by the Government and Renewed Request for a *Daubert* Hearing. [Dkt. 564]. On July 22, 2021, the government sought a ruling in connection with five declarations of five entities that allegedly supported the admission of certain supporting documents as business records. The Court replied by indicating, "I think it's a one-on-one analysis." *See*, *e.g.*, Trial Tr. (7/22/21, Vol. 1) 14.

Based upon the following, Mr. Aveantti respectfully renews his requests and objections made in his Objection to the Testimony of Government Expert John Drum, the Use of the Rule 1006 Summaries Proposed by the Government and a Renewed Request for a *Daubert* Hearing. [Dkt. 546.] Mr. Avenatti further asks that the Court order the government to identify the exact sources of information that underly each of the proposed summaries and make the underlying materials available to the Court and the defense. Mr. Avenatti also asks that the Court require the government to make a showing that the materials underlying each of the summaries are themselves admissible before any use of the summaries is permitted at trial.

## II. ARGUMENT

### A. The Government's Summary Exhibits do not Meet the Requirements of Federal Rule of Evidence 1006

Federal Rule of Evidence 1006 provides, "[t]he proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." The proponent must make the original or duplicates "available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court." Fed. R. Evid. 1006. The Ninth Circuit has made clear that "**[i]t is essential that the underlying records from which the summaries are made be admissible in evidence…**" *United States v. Rizk*, 660 F.3d 1125, 1130-31 (9th Cir. 2011)(emphasis added); *United States v. Johnson*, 594 F.2d 1253, 1255 (9th Cir. 1979)("Under Fed. R. Evid. 1006 the proponent of the summary must establish that the underlying materials upon which the summary is based are admissible in evidence."). *See also 1600 East Newlands Drive, LLC v. Amazon.com NVDC, LLC*, 2019 U.S. Dist. LEXIS 144131 (D. Nev. 2019)("[w]hile it is possible that the records could qualify as business records, it is the proponent's burden to show that all of the criteria to qualify are met through sworn testimony by custodian of the records.").

The government should not be permitted to offer Exhibits 420-456, 460 and 461 as Rule 1006 summaries because the underlying evidence is not admissible and the government continues to make no effort to prove the admissibility of all underlying materials as required. Mr. Avenatti does not deny that Rule 1006 allows for a party to admit a summary exhibit in lieu of voluminous materials. However, the government's attempts to offer *these summaries* pursuant to Rule 1006 is improper as the requirements of Rule 1006 have not been met.

### 1. The Sources Underlying the Government's Proffered Rule 1006 Summaries are Unknown

First, the sources underlying the proposed summaries are unknown. Mr. Avenatti acknowledges that a draft exhibit from Mr. Drum was provided to the defense on May 26, 2020. The May 26, 2020 draft summaries included references to several bates numbers, allowing for the defendant to search the corresponding materials. However, other "sources" included within the summaries made it impossible for Mr. Avenatti to understand what materials or sources of information Mr. Drum relied upon. For example, the draft summaries indicated that Mr. Drum relied on "Quickbooks" or "Ayres" documentation, making it impossible for Mr. Avenatti to understand or investigate the exact source of the specific data or information Mr. Drum's apparently relying on.

In its opposition, the government did not substantively address this argument and instead attached June 8, 2021 correspondence where it again referenced the Quickbooks merely as "EA LLP's Quickbooks records and documents the government obtained from defendant's former accountant…" [Dkt. 563, p. 16]. This is akin to saying "banking records." It is impossible for Mr. Avenatti to perform a meaningful cross examination of Mr. Drum if the specific Quickbooks entries or other inadequately described sources are not identified.

Second, there have been substantive changes in Mr. Drum's calculations since the May 26, 2020 disclosure. The government acknowledges that revisions have been made stating, "[a]part from small revisions to the calculations that Mr. Drum made in finalizing the charts, there is only one material difference: the government removed the annotations and commentary from the bottom of the drafts to make for a clear trial presentation…" [Dkt. 564, p. 7](emphasis added). The government further states, "[e]ven a cursory review of the Trial Exhibits next to the draft summary charts make clear that the same underlying documents cited in the draft charts would apply to the Trial Exhibits." [Dkt. 564, p. 7]. A cursory review is insufficient and inappropriate. Instead, the government must provide a

thorough review of each of the underlying documents supporting the Rule 1006 exhibits and prove their admissibility. If Mr. Drum's calculations have changed at all, it reasonable for the defendant to expect that the sources of information have as well. Although the government claims that the underlying documents cited in the draft charts would apply to the trial exhibits, the government makes no statement that the sources are identical. Mr. Avenatti asks that the Court order the government to identify the sources that underly the materials summaries by the government's proposed Rule 1006 charts.

### 2. The Government Makes No Attempts to Authenticate and Proffer the Admissibility of the Documents Underlying the Prosecution's Proposed Rule 1006 Charts

The government acknowledges that the documents underlying the Rule 1006 summaries "must be admissible. . . ." [Dkt. 564, p. 7]; citing *United States v. Rizk*, 660 F.3d 1125, 1130 (9th Cir. 2011). The government cites *United States v. Johnson*, 594 F.2d 1253 (9th Cir. 1979) for the proposition that summaries may be more meaningful to the jury than the records themselves. However, this same *Johnson* case makes clear that "under this Rule, the proponent of the summary must establish that the underlying materials upon which the summary is based are admissible in evidence." *Id.* at 1255. Similarly, in the *United States v. Aubrey*, 800 F.3d 115 (9th Cir. 2015) case cited by the government, the Ninth Circuit relied on *Rizk* in determining that the summary must be based on admissible evidence. The defendant has been clear that the Rule 1006 summaries, as proposed by the government, are improper as the government has not established that the underlying documents are themselves admissible.

The government has not performed a single analysis of any specific declaration from any custodian of witness to establish the records underlying the Rule 1006 summaries are admissible. Instead, the government improperly imposes the burden on Mr. Avenatti to establish that each specific document underlying the drafted summaries is inadmissible. [Dkt. 564, p. 8-9]("Defendant does not identify any specific bank records that he believes

5

are inadmissible, choosing instead to pretend that he does not know what the underlying documents for the exhibits are."). There is no *pretending* by the defendant. The exact sources of information underlying these draft summaries are unknown to the defendant and it is impossible for the Court to make a proper ruling without being provided each document that underlies the drafted Rule 1006 summaries. This analysis must be done on a document by document, "one-on-one" basis.

Critically, the government has not made a single attempt to meet their burden and proffer the admissibility of any document that underlies the proposed Rule 1006 summary. Instead, the government indicates that materials of these sort, "are admitted under Rules 803(6) and 902(11) in virtually every white-collar criminal case in this District…" and bank records are among the most common types of business records. [Dkt. 564, p. 8]. The government, however, fails to cite to a single case to support the proposition that a prosecutor's bald statement that a document is a business record overcomes its obligations to meet Rules 803(6) and 902(11). Instead, the government argues that the Defendant is engaging in "bad faith tactics" by not bringing this objection sooner. [Dkt. 564]. Mr. Avenatti brought forth this objection soon after receiving the trial exhibits. Mr. Avenatti simply requests that the government abide by the requirements of Federal Rule of Evidence 1006. Requesting compliance with the Federal Rules of Evidence cannot be described as "bad faith tactics."

By way of example only, Mr. Avenatti presents examples of exhibits that contain inadmissible hearsay. The following exhibits contain documents (which have been proffered as business records) that have not been properly authenticated and do not meet the requirements of the business records exception. Because Mr. Avenatti does not know the bates numbers underlying the current proposed Rule 1006 summaries, the defendant relies exclusively on the draft summaries provided by the government in May of 2020.

| 5/20 Exhibit No.[1] | Comparable Gov. Exhibit No. | Objection |
|---|---|---|
| 1A, 2A, 3A, 4A, 5A | 420, 430, 439, 444, 451 | Hearsay. Further, these exhibits only reference "EA Quickbooks" as the source without any additional information, citation or declaration from any custodian of witness. This descriptor makes it impossible for the Defendant to cross-examine Mr. Drum on the specific transactions he refers to in connection with Quickbooks. |
| 5A, 5B | 451, 452 | Hearsay. Further, these exhibits reference Ayres 1-566 and 548 without any additional explanation, reference or connection with a specific bates stamp number. This descriptor makes it impossible for the Defendant to cross-examine Mr. Drum in connection with the specific transactions, examinations or other "Ayres" sources he refers to. |
| 1E, 1I, 2D, 2I, 3D, 3E, 4A, 4B, 4C, 4D, 4E, 4F, 4G, 8 | 425, 429, 433, 438, 442, 443, 444, 445, 446, 447, 448, 449, 450, equivalent exhibit unknown. | Hearsay. Further, the government has made the representation that the City National Bank records referenced as USAO_00042595-USAO_00042796 is authenticated by a declaration marked as USAO_00042593-USAO_0042594. The declaration fails to meet the requirements of 803(6)(A), (B) in that there is no statement that the record was kept or made by "someone with knowledge," that the "record was kept in the course of a regularly conducted activity of a business" and that "making the record was a regular practice of that activity." |
| 1E, 1G, 1H, 2D, 2H, 11 | 425, 427, 428, 433, 437, equivalent exhibit | Hearsay. Further, the government has indicated that the KeyBank records identified as USAO_00068754- |

---

[1] *See*, e.g. Dkt. No. 299, Exhibit 1 – Under Seal.

| | unknown | USAO_00069828 are authenticated pursuant to a declaration from a custodian of record bearing bates number USAO_00068753. This range of KeyBank records includes USAO_00068832-USAO_00068880. The corresponding declaration from purported custodian A.O. is facially deficient. The substance of the declaration includes only the following language and fails to meet the requirements of 803(6), "I am Custodian of Records for <u>KeyBank National Association</u>, and I have knowledge of the matters herein referred to. Attached hereto, and made a part of hereof, are true and correct copies of the original documents of KeyBank National Association. These records are maintained in the normal course of business at <u>KeyBank National Association</u>." (emphasis in original) |
|---|---|---|

The references above are *merely examples* of the government's failures to properly authenticate the records underlying the drafted summaries. **Critically, it is not the *defendant's burden* to establish that each of the records underlying Mr. Drum's summaries are *inadmissible*. To the contrary, it is the *government's burden* to establish that each of the records is *admissible*.** Absent this burden being met, the Court must exclude the Rule 1006 summaries. *See Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1260 (9th Cir. 1984)("[I]t is clear that a summary of both inadmissible and admissible hearsay should not be admitted under Rule 1006.")

In order for the Court to make a proper ruling, the defendant asks that the government to be directed to provide the Court and the defense with each document it claims (a) supports each summary and (b) is admissible as a business record, so that the Court can determine its potential admissibility and ability to serve as a basis for a Rule

8

1006 summary. As the Court aptly stated in connection with a similar business record dispute, "[I]t's a one-on-one analysis." *See*, *e.g.*, Trial Tr. (7/22/21, Vol. 1) 14.

### B. The Government Fails to Adequately Respond to the Remaining Objections Offered by the Defendant

In the defendant's motion, Mr. Avenatti also provided the following objections to Mr. Drum's testimony and the proposed Rule 1006 summaries: (1) Mr. Drum cannot act as a fact witness for the government; (2) Mr. Drum cannot rely on inadmissible hearsay; and (3) Mr. Drum's testimony and potential opinions are in violation of Federal Rules 16, 702, and 703.

Although the government refutes the defedant's objections that Mr. Drum may not act as a fact witness, argues that Mr. Drum is qualified as an expert witness, and summarily states that "there is no issue of whether he can rely on hearsay," the government fails to respond to the remaining arguments. The government provides no meaningful analysis and also fails to address several of Mr. Avenatti's specific objections.

For instance, the government fails to respond to the defendant's claims that a forensic accountant does not typically rely on witness interview summaries, settlement agreements and attorney-client contracts. The government likewise fails to address Mr. Avenatti's confrontation clause objections as it relates to Mr. Drum's reliance on the witness interview summaries. As a result, these points are conceded. *See*, *e.g.*, Dkt. 239, Hon. J. Selna Ruling on Pretrial Services Report, p. 4 ("But as Avenatti points out in his reply, the Government has chosen not to respond to the claim of work product, and thus the argument is conceded."); *Sportscare of America, P.C. v. Multiplan, Inc.*, No. 2:10–4414, 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011) ("In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue."); *In re Online DVD Rental Antitrust Litig.*, No. 09–2029 PJH, 2011 WL 5883772, at *12 (N.D. Cal. Nov. 23, 2011).

### III. CONCLUSION

For each of the above reasons, Mr. Avenatti renews his objections and requests for relief presented in the defendant's initial objection to the testimony of government expert John Drum, the Use of the Rule 1006 Summaries Proposed by the Government and Renewed Request for a *Daubert* Hearing [Dkt. 546.] Mr. Avenatti further respectfully requests that the Court order the government to identify the sources of information that underly each of the proposed summaries and make the underlying materials available to the Court and the defendant. <u>Mr. Avenatti also asks that the Court require the government to make a showing that the materials underlying each of the summaries are themselves admissible before any use of the summaries is permitted at trial.</u>

Dated: July 26, 2021                    Respectfully submitted,

                                         /s/ Michael J. Avenatti

                                         Defendant
                                         MICHAEL JOHN AVENATTI

## CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California 92660.  I am not a party to the above-entitled action.  I have caused, on July 26, 2021, service of the:

REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO THE TESTIMONY OF GOVERNMENT EXPERT JOHN DRUM AND THE USE OF RULE 1006 SUMMARIES

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 26, 2021

/s/ H. Dean Steward
H. Dean Steward

11