Michael J. Avenatti (Pro Se)

H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 706-9994

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
| Plaintiff, | DEFENDANT'S SUBMISSION REGARDING GOVERNMENT'S FAILURE TO PRODUCE STATEMENTS OF MS. JUDY REGNIER AND REQUEST FOR AN EVIDENTIARY HEARING PURSUANT TO *CAMPBELL V. UNITED STATES*, 365 U.S. 85 (1961) AND ITS PROGENY |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his advisory counsel of record, H. Dean Steward, hereby files this submission regarding the government's failure to produce statements of Ms. Judy Regnier in violation of the Jencks Act and Rule 26.2. Mr. Avenatti respectfully requests an immediate evidentiary hearing be held on the subject.

Dated: July 30, 2021

Respectfully submitted,

/s/ Michael J. Avenatti

Defendant
MICHAEL JOHN AVENATTI

## I. INTRODUCTION

On January 25, 2021, the Court issued an Order continuing Mr. Avenatti's jury trial from February 23, 2021 until July 13, 2021. [Dkt. 407]. In that same Order, the Court indicated that the "Deadline to Disclose Jencks Act Materials and Witness Statements" was set for June 14, 2021. [Dkt. 407, p. 3].

Since this time, Mr. Avenatti has made repeated requests that the government be required to comply with its obligations under the Jencks Act and Rule 26.2. [Dkt. 511 (Defendant's Status Report for June 28, 2021 Status Conference), 535 (Defendant's Trial Brief), 561 (Motion for Disclosure of Jencks Act / 26.2 Materials)]. During trial, in response to Mr. Avenatti again raising the issue, the Court instructed Mr. Avenatti: "The Government's under an ongoing obligation with respect to each witness to provide any *Jencks* material that has not been provided by the time the witness finishes his direct. There's no need to make that request every time, Mr. Avenatti." *See*, *e.g.*, Trial Tr. (7/21/21, Vol. 2) 5.

On July 28, 2021, the government completed its direct examination of Ms. Regnier, which started on July 27, touched on over 75 exhibits and lasted approximately 6 hours and 22 minutes. During this examination, which was significantly longer and more detailed than any other government witness called thus far in the trial, it became clear that Ms. Regnier was a key, if not the key, government witness. On July 28, 2021, Mr. Avenatti began his cross-examination of Ms. Regnier.

On July 29, 2021, through cross examination, it was revealed that Ms. Regnier exchanged text message correspondence with government agents during the pendency of this case, beginning in 2019:

> Q: Did you have occasion to send any text messages to any agents or Assistant U.S. Attorneys?
> A: I may have.
> Q: You have a recollection of perhaps doing so? That's just a yes-or-no question.

> A: I believe I did, yes.
> Q: Can you estimate how many text messages you sent? Just a number.
> A: No.
> ….
> Q: When do you recall texting with Mr. [Karlous]?
> A: It was back shortly after all of this started.
> Q: So in 2019?
> A: 2019.
> Q: It was after you were interviewed by Mr. [Karlous] and Mr. Sagel on March 25, right?
> A: Yes, it was.

*See, e.g.*, Trial Tr. (7/29/21, Vol. 1(rough) [1]) p. 65-67.

Later, Ms. Regnier testified that she does not think she has access to the text messages any longer and she had "texted with Ramon [Karlous], and I don't remember the names of other people. *See, e.g.*, Trial Tr. (7/29/21, Vol. 1 (rough)) p. 66-67.

At the lunch break, while he was still in the middle of his cross-examination, Mr. Avenatti raised the fact that he had not been provided all of the text messages as required under the Jencks Act and Rule 26.2. *See, e.g.*, Trial Tr. (7/29/21, Vol. 1 (rough)) p. 101-103. The Court then ordered the government to provide the Court with an explanation. *See, e.g.*, Trial Tr. (7/29/21, Vol. 1 (rough)) p. 102.

Upon returning from lunch, Mr. Sagel represented to the Court, "Any and all text messages that we've received from Ms. Regnier or any other witness that would apply under *Jencks*, that we're aware of, have been disclosed." *See, e.g.*, Trial Tr. (7/29/21, Vol. 2) p. 5. The government indicated, "[t]he only ones we have are text messages that are with an agent with week saying, 'I'm here, I'm parking, I'm coming up,' stuff like that. Nothing have to do with her testimony. Based on everything that's in the government's possession, we've turned them over to the defendant's There's nothing more." *See, e.g.*, Trial Tr. (7/29/21, Vol. 2) p. 5.

---

[1] As of the time of this filing, the final transcript was not yet available. Therefore, the defendant has relied on the rough draft of the transcript.

3

After the completion of the court day, on July 29, 2021 at 4:44 p.m., advisory counsel contacted the government on behalf of Mr. Avenatti and requested that Mr. Sagel and Mr. Wyman provide the bates stamp numbers for any text messages that came from Ms. Regnier, were directed to any member of the investigative or prosecution team, and were produced by the government in this case. In this email, Mr. Steward specifically requested, "Please immediately provide the Bates stamp numbers for any text messages that came from Ms. Regnier, were directed to any member of the investigative or prosecution team, and were produced by the government in this case. If any such messages were deleted or destroyed, please provide the details." Mr. Steward did so because Mr. Avenatti and Mr. Steward are not aware of any text messages fitting this description having been produced. As of this filing, the government has not provided any response.

Based upon the foregoing facts and the law cited below, Mr. Avenatti respectfully requests that this Court hold an immediate evidentiary hearing regarding the Regnier text messages that the government has failed to produce to the defendant despite Mr. Avenatti's consistent requests. **To be clear, the defendant is unaware of any text messages between Ms. Regnier and the government agents/prosecutors ever having been produced.**

## II.   ARGUMENT

The Supreme Court's holding in *Jencks v. United States*, 353 U.S. 657 (1957), 18 U.S.C. § 3500 (the "Jencks Act"), and Fed.R.Crim.P. 26.2 are all clear as to the requirement of production of witness statements immediately after a government witness testifies. Equally clear are the consequences for non-compliance – striking a witness's testimony and/or ordering a mistrial. The Jencks Act requires the government to produce all statements "which relate to the subject matter as to which the witness [will] testif[y]." 18 U.S.C. § 3500(b). Importantly, "the statement need relate only *generally* to the events and activities testified to by the witness to come within [the] sweep" of 18 U.S.C. § 3500. *United States v. Bibbero*, 749 F.2d 581, 585 (9th Cir. 1984)(emphasis

added). "The act requires the government, upon the defendant's motion, to produce statements made by any of its witnesses which the particular witness *signed, adopted or approved*, and which pertain to their testimony at trial. The hope is that these statements will afford the defense a basis for effective cross-examination of government witnesses and the possible impeachment of their testimony . . ." *United States v. Kimoto*, 588 F.3d 464, 475 (7th Cir. 2009)(emphasis added)(citing *United States v. Johnson*, 200 F.3d 529, 534 (7th Cir. 2000)(internal citations omitted)." *See also*, Fed.R.Crim.P. 26.2(f) (defining "statement" to include any "written statement that the witness makes and signs, *or otherwise adopts or approves*," as well as any substantially verbatim, contemporaneously recorded recital of the witness's oral statement)(emphasis added); *United States v. Ogbuehi*, 18 F.3d 807 (9th Cir. 1994)("where it is shown that a witness adopted a notes that were not provided to the defendant, court is required to remand so that district court can conduct an in camera review to determine if the notes are 'statements'). Rather than limiting *Jencks*, the Jencks Act "reaffirms the *Jencks* case in its holding that provides that a defendant on trial in a criminal prosecution is entitled to relevant and competent reports and statements in possession of the government *touching the events and activities* as to which a government witness has testified at the trial." *Goldberg v. United States*, 425 U.S. 94, 96 (1976)(emphasis added); *See also,United States v. Bobadilla-Lopez*, 954 F.2d 519, 524 (9th Cir. 1992)("the Court has noted explicitly that the legislative history of the Jencks Act indicates clearly that the statute 'was not intended to limit the *Jencks* decision").

Accordingly, "statements" include, but are not limited to, notes of witness interviews (handwritten and typed), audio and video recordings of the witness, and letters, text messages and emails from the witness, adopted by the witness, or approved by the witness. Further, 18 U.S.C. § 3500(b)-(d) requires the Court to issue the orders requested herein, as does Rule 26.2(a)-(e). The Jencks Act defines statements as (1) writings made by the witness and signed, adopted or approved by a witness; (2) accounts which are substantially verbatim of the witnesses' oral statements. *United States v. Pac. Gas &. Elec. Co.*, 2016 U.S. Dist. 75467, at *7 (N.D. Cal. 2016).

5

An email may be a written statement that the witness makes and signs, or otherwise adopts or approves. *See United States v. Hamilton*, 2012 U.S. Dist. LEXIS 167591, at *18 (W.D. Wash. 2012); *citing* Fed. R. Crim. P. 26.2(f)(1); 18 U.S.C. 3500(e)(1); *United States v. Toilolo*, 2015 U.S. Dist. LEXIS 85100, *30-31 (D. Haw. 2015)(e-mail communications should have been provided to the defendant as *Jencks* and *Giglio* material as the e-mails were the witness' statements). A text message similarly often meets the definition of a "statement" as defined by the Jencks Act. *United States v. Losch*, 2019 U.S. Dist. LEXIS 208926, at *6 (D. Az. 2019)("the Court agrees that a text message may meet the definition of 'statement' as outlined in the Jencks Act."). Even statements regarding "meeting times, meeting locations, and other logistical arrangements may potentially relate to the subject matter of a witness' testimony." *Id.* The government's obligations under the Jencks Act extends to statements possessed by the prosecutorial arm of the federal government. *United States v. Merlino*, 349 F.3d 144, 146 (3d Cir. 2003); *see also, United States v. Waters*, 2006 U.S. Dist. LEXIS 102198, at *4 (W.D. Wash. 2006).

In *Campbell v. United States*, 365 U.S. 85, 95 (1961), the Supreme Court found that the lower court had committed error in failing to conduct an adequate inquiry after the defendant's cross examination of a government witness, as in this case, had "shown a *prima facie* case of their entitlement to a statement . . ." The Court was clear in holding that "at least, the judge should have required the Government to come forward **with sufficient evidence** to answer that case." *Id.* at 96 (emphasis added). Instead, in response to the showing on cross-examination that a statement may not have been properly supplied to the defendant, the "trial judge conducted an inquiry without the jury present to take testimony and hear argument of counsel. Plainly enough <u>this was a proper, even a required, proceeding in the circumstances</u>." *Id.* at 93. (emphasis added). But the Court failed to call the agent to testify, which the Supreme Court found was error. The Court noted that the government agent was the "obvious witness to call" and that the inquiry was a "proceeding necessary to aid the judge to discharge the responsibility laid upon him to enforce the statute." As a result, the case was remanded to the district court for

6

additional proceedings as to whether a *Jencks* violation supported the defendant's motion to strike.

Importantly, the ordinary rule, based on considerations of fairness, "does not place the burden upon a litigant of establishing facts peculiarly within the knowledge of his adversary." *First Cmty. Bank v. Gaughan (In Re Miller)*, 853 F.3d 508, 518, n.4 (9th Cir. 2017). Despite this, the defendant has already made a prima facie showing that the government has failed to produce statements by government witness Ms. Regnier. Ms. Regnier testified under oath that she engaged in text message correspondence with the government about this case. **There is no evidence that these statements were ever produced to the Defendant**.

Further, the statements of Ms. Regnier are of particular importance due to the government's extensive examination of this witness. The government has spent more time eliciting testimony from Ms. Regnier than from any other witness. As predicted, Ms. Regnier is the lynchpin of the government's case despite the prosecution's prior representations to the Court that, "defendant can try all he wants to characterize EA Employee 1 as 'critical' and the 'linchpin' of the government's case, but his statements do not make that true. [Dkt. 490, p. 4].

### III. CONCLUSION

Mr. Avenatti respectfully requests that an immediate evidentiary hearing be held to determine what statements have not been provided to the defendant and why they have not been provided (e.g., are they destroyed?). During this hearing, Mr. Avenatti requests that Special Agent Karlous as well as other members of the CDCA investigation/prosecution team be required to provide sworn testimony regarding their text message correspondence with Ms. Regnier. This hearing, outside of the presence of the jury, is required and necessary to establish the form of relief to which Mr. Avenatti is entitled – striking her testimony or a mistrial.

//
//
//

Dated: July 30, 2021

Respectfully submitted,

/s/ Michael J. Avenatti

Defendant
MICHAEL JOHN AVENATTI

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California 92660. I am not a party to the above-entitled action. I have caused, on July 30, 2021, service of the:

DEFENDANT'S SUBMISSION REGARDING GOVERNMENT'S FAILURE TO PRODUCE STATEMENTS OF MS. JUDY REGNIER AND REQUEST FOR AN EVIDENTIARY HEARING PURSUANT TO *CAMPBELL V. UNITED STATES*, 365 U.S. 85 (1961) AND ITS PROGENY

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 30, 2021

/s/ H. Dean Steward
H. Dean Steward