FILED

2021 JUL 29  PM 2:52

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY: ___DTA___

1  **CALLAHAN & BLAINE, APLC**
   Daniel J. Callahan (SBN 91490)
2  Edward Susolik (SBN 151081)
   Raphael Cung (SBN 201829)
3  Drew Harbur (SBN 279511)
   3 Hutton Centre Drive, Ninth Floor
4  Santa Ana, California 92707
   Telephone (714) 241-4444
5
   Attorneys for Drew Harbur
6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  UNITED STATES OF AMERICA,           Case No. SA CR No. 19-061-JVS

12                Plaintiff,            **THIRD PARTY DREW HARBUR'S**
                                        **NOTICE OF MOTION AND**
13        v.                           **MOTION TO QUASH SUBPOENA**
                                        **IN A CRIMINAL CASE**
14  MICHAEL JOHN AVENATTI,
                                        [Filed concurrently with Declaration of
15                Defendant.            Drew Harbur]

16                                      Hon. James V. Selna
                                        Date:   August 3, 2021
17                                      Time:   9:00 a.m.
                                        Dept.:  10C
18

19

20

21

22  TO THE COURT AND ALL PARTIES:

23        PLEASE TAKE NOTICE that on August 3, 2021, at 9 a.m. in Courtroom 1C

24  of the above-captioned district court located at 411 West Fourth Street, Santa Ana,

25  Calfornia, 92701, third party, Drew Harbur, through his counsel, Callahan & Blaine,

26  APLC, will and hereby does move to quash the Subpoena in a Criminal Case served

27  on him on July 26, 2021.

28  \\

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

BY FAX

ORIGINAL

- 1 -
MOTION TO QUASH SUBPOENA IN A CRIMINAL CASE

1    This motion will be based upon this Notice of Motion and Motion, the

2    concurrently filed Points and Authorities, the Declaration of Drew Harbur, and such

3    other pleadings and argument as the Court may consider.

4

5    Dated:  July 29, 2021                    CALLAHAN & BLAINE, APLC

6

7                                             By:
                                                 Edward Susolik

8                                                Raphael Cung
                                                 Drew Harbur

9                                                Attorneys for Drew Harbur

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 2 -

MOTION TO QUASH SUBPOENA IN A CRIMINAL CASE

## I.   **Introduction**

The Defendant stands accused of, among other things, defrauding various clients out of millions of dollars.  Each client-victim has (or will) testify in this matter and be subject to extensive cross-examination by the Defendant himself.  But the Defendant has now decided that such cross-examination, however many hours it may span, is not enough.  Therefore, the Defendant has taken the extraordinary step of subpoenaing oral testimony and documents from the *lawyers* who currently represent those client-victims, either (1) in connection with *ongoing civil* lawsuits against the Defendant – ironically, to recover the very funds the Defendant stole in the first place – and/or (2) in connection with their testimony against Defendant in the instant criminal trial.

For example, the Defendant has subpoenaed Drew Harbur, a senior trial attorney with the firm Callahan & Blaine, APLC, the firm serving as current counsel for Geoffrey Johnson.  The Defendant has demanded that Mr. Harbur provide both oral testimony and voluminous documents.  Mr. Johnson, as the Court knows, is Client No. 1 in the Government's indictment of the Defendant.  The Defendant knows that Mr. Harbur represents Mr. Johnson in an ongoing civil matter against the Defendant to recover the millions of dollars the Defendant stole from Mr. Johnson.  The Defendant also knows that Mr. Harbur represented Mr. Johnson in connection with the day-long testimony he provided in this matter on July 22, 2021.  This included an appearance by Mr. Harbur in front of Your Honor, prior to Mr. Johnson's testimony, to discuss concerns about Mr. Johnson's testimony invading the attorney-client privilege and to also discuss confidentiality agreements applicable to arbitration proceedings related to Mr. Johnson's civil lawsuit against the Defendant and certain former employees/partners of the Defendant's law firm, Eagan Avenatti, LLP.  In addition to serving as counsel to a witness in this matter, it should be noted that Mr. Harbur has *zero* first-hand knowledge of the facts underlying both the civil and criminal cases filed against the Defendant.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Moreover, any opinion Mr. Harbur may have regarding the civil liability of former employees/partners of Eagan Avenatti, LLP, is irrelevant to this jury's determination of the Defendant's criminal culpability and it is also protected work product. For these reasons alone, the Defendant's request for testimony from Mr. Harbur should be denied.

Additionally, the Defendant has also requested that Mr. Harbur produce voluminous documents related to the Arbitration Proceedings including, but not limited to, (1) deposition transcripts of witnesses who evidently have not even testified (and likely will not) in this matter, (2) unverified pleading and briefs submitted by Mr. Johnson's lawyers outlining civil theories of liability under California law, and (3) written decisions prepared by the arbitrator. These documents are not relevant, constitute multiple levels of hearsay (in most instances), constitute a fishing expedition for information the Defendant hopes "may" materialize into some sort of defense, and therefore are an improper use of Rule 17 trial subpoenas. In fact, the Defendant's similar (and improper) use of Rule 17 trial subpoenas was denied in the context of his recent conviction in New York. *See United States v. Avenatti*, No. S119CR373PGG, 2020 WL 508682, at *1 (S.D.N.Y. Jan. 31, 2020) (granting motion to quash the Defendant's Rule 17 subpoena because it had "the earmarks of a fishing expedition premised on a mere hope that something useful will turn up.") (internal quotations omitted).

For each of these reasons and those outlined more fully below, Mr. Harbur requests that the Court grant this Motion to Quash. In the alternative, Mr. Harbur requests that the Court significantly limit the scope of any potential testimony in a hearing outside the jury's presence and significantly reduce the scope of the document production sought by the Defendant.

## II.   Facts

The instant criminal proceedings relate to, among other things, the Defendant's representation of Mr. Johnson from approximately 2011 through 2019.

- 2 -

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1  In mid-2019, when Mr. Johnson realized that the Defendant had stolen the
2  settlement money he was supposed to receive from a $4 million settlement reached
3  with the County of Los Angeles, Mr. Johnson sought civil counsel.  Mr. Johnson
4  retained Callahan & Blaine, APLC, Mr. Harbur's firm, who filed a civil lawsuit on
5  his behalf on June 11, 2019 (the "Civil Case").  (Harbur Decl. ¶ 2.)  The Civil Case
6  was filed against the Defendant, his personal corporation, his former law firm (i.e.,
7  Eagan Avenatti, LLP), and former partners/employees of Eagan Avenatti, LLP:
8  Michael Q. Eagan, Jason M. Frank, Jason Frank Law, PLC, Scott H. Sims, and
9  Judith K. Regnier.  (Harbur Decl. ¶ 3.)  The unverified complaint filed in the Civil
10  Case relies on theories of joint and several liability under California civil law – in
11  other words, there is no dispute that the Defendant was the primary and lead bad
12  actor with respect to defrauding Mr. Johnson.

13  Following the filing of the Civil Case, Mr. Johnson arbitrated his claims
14  against Messrs. Eagan, Frank, Sims and Jason Frank Law, PLC (the "Arbitration
15  Proceedings") and those proceedings are now final.  (Harbur Decl. ¶ 4.)  The Civil
16  Case was stayed as to the other defendants, including Avenatti, during the pendency
17  of the Arbitration Proceedings.  The Defendant was aware of the Arbitration
18  Proceedings and knows they are final because the Defendant personally appeared at
19  a Case Management Conference in the Civil Case on May 20, 2021, where he
20  objected to the setting of a trial date.  (Harbur Decl. ¶ 5, Ex. A.)  The stay put in
21  place in the Civil Case as to the Defendant has been lifted and a trial date has been
22  set.  (Harbur Decl. ¶ 6.)  Mr. Harbur's firm, Callahan & Blaine, APLC, continues to
23  represent Mr. Johnson in the ongoing Civil Case against the Defendant.  (Harbur
24  Decl. ¶ 7.)

25  On July 22, 2021, Mr. Johnson appeared and testified in the instant criminal
26  matter.  (Harbur Decl. ¶ 8.)  Mr. Johnson is "Client No. 1" in the Government's
27  indictment.  Mr. Johnson was represented by Mr. Harbur in connection with his
28  testimony.  (Harbur Decl. ¶ 9.)  Mr. Harbur appeared in front of Your Honor prior to

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 3 -

Mr. Johnson's testimony, to raise concerns regarding attorney-client privilege and the confidentiality of the Arbitration Proceedings. (Harbur Decl. ¶ 10.) Your Honor carefully considered the arguments of counsel and ultimately ruled that Mr. Johnson would be required to answer questions from the Defendant about the Arbitration Proceedings. (Harbur Decl. ¶ 11.) Mr. Johnson complied, answering hours of questions from the Defendant regarding, among other things, the Arbitration Proceedings. (*Id.*) The length of the Defendant's cross-examination of Mr. Johnson even led the Court to comment, "Mr. Avenatti, the right to cross-examination is broad but it is not unlimited." (*Id.*)

Following Mr. Johnson's testimony, and on July 26, 2021, the Defendant served a subpoena (the "Subpoena") on the receptionist at Callahan & Blaine, APLC, Mr. Harbur's firm. (Harbur Decl. ¶ 12.) Witness fees were not tendered. (*Id.*) The Subpoena seeks oral testimony from Mr. Harbur and also includes four requests for documents. (Harbur Decl. ¶ 13, Ex. B.)

On July 28, 2021, Callahan & Blaine, APLC, served objections on Mr. Harbur's behalf and subsequently filed the instant Motion to Quash. (Harbur Decl. ¶ 14, Ex. C.)

## III. Rule 17 is Narrow Means to Obtain Relevant, Admissible, Specific Evidence

Federal Rule of Criminal Procedure 17(c) provides that "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Fed. R. Crim. P. 17(c)(1). Of particular relevance here, "Rule 17(c) was not intended to provide an additional means of discovery" to a defendant in a criminal case. *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951); *see, e.g.*, *United States v. Caro*, 597 F.3d 608, 620 (4th Cir. 2010) ("We have emphasized that Rule 17(c) is not a discovery device") (internal citation omitted).

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   Rather, "[i]ts chief innovation was to expedite the trial by providing a time and
2   place before trial for the inspection of the subpoenaed materials." *Bowman*, at 220
3   (citing *United States v. Md. & Va. Milk Producers Ass'n,* 9 F.R.D. 509, 510 (D.D.C.
4   1949)). "Unlike subpoenas that are returnable prior to trial, however, subpoenas for
5   impeachment material are only returnable 'if and when[ ] the witness who has made
6   the statement takes the stand and testifies. The defendant only then is entitled to
7   inspect [these] statements...." *Id.* (quoting *United States v. James*, No. 02-CV-0778
8   (SJ)(CLP), 2007 WL 914242, at *29 (E.D.N.Y. Mar. 21, 2007) (quoting *United*
9   *States v. Palermo*, 21 F.R.D. 11, 13 (S.D.N.Y. 1957))).

10         The proponent of a subpoena must demonstrate "(1) relevancy; (2)
11   admissibility; [and] (3) specificity" of the requested materials. *United States v.*
12   *Nixon*, 418 U.S. 683, 699-700 (1974); *see United States v. Pac. Gas & Elec. Co.,*
13   No. 14-CR-175, 2016 WL 3365754, at *3 (N.D. Cal. June 17, 2016) ("the same
14   standard applies" to Rule 17(c) trial subpoenas as Rule 17(c) pre-trial
15   subpoenas; *see also Stern v. United States*, 214 F.3d 4, 17 (1st Cir. 2000) (holding
16   that materials requested with a subpoena *duces tecum* must be relevant, admissible
17   and specific). "Relevancy" under this test requires a "sufficient likelihood" that the
18   subpoenaed records are "relevant to the offenses charged in the indictment." *Nixon*,
19   418 U.S. at 699-700 (internal citation omitted). There must also be a "sufficient
20   preliminary showing" that the subpoenaed material "contains evidence admissible
21   with respect to the offenses charged in the indictment." *Id.* at 701. The party
22   seeking the subpoenaed documents shoulders the burden of "show[ing] the
23   evidentiary nature of the requested material with appropriate specificity." *United*
24   *States v. Shinderman*, 232 F.R.D. 147, 149 (D. Me. 2005). Additionally, a party
25   seeking a Rule 17(c) subpoena must also demonstrate that the application is made in
26   good faith and is not intended as a general "fishing expedition." *Nixon*, 418 U.S. at
27   699-700 (citing *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952)
28   (Weinfeld, J.)) (footnote omitted).

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

MOTION TO QUASH SUBPOENA IN A CRIMINAL CASE

A.   **The Request for Oral Testimony from Mr. Johnson's Lawyer is a**
     **(Harassing) Fishing Expedition and Will Not Lead to Relevant,**
     **Admissible Evidence**

Mr. Johnson's counsel, Mr. Harbur, does not have any relevant, admissible testimony to offer in this matter.  Mr. Harbur has no firsthand knowledge of the conduct underlying criminal allegations in this matter, or the conduct underlying the allegations in any other matter filed against the Defendant, civil or criminal.  *See* Fed. R. Evid. 602.  Further, Mr. Harbur's impressions and analysis of the *civil* liability of former employees of Eagan Avenatti, LLP, under California law is (1) protected work product, and (2) not relevant to this jury's determination of the Defendant's criminal liability.  Additionally, Mr. Johnson has already testified at length about the Arbitration Proceedings and his understanding of the events/ resolution attendant to those proceeding.  For these further reasons, any testimony from Mr. Harbur on these matters would be cumulative and irrelevant.  *See, e.g.,* Fed. R. Evid. 403.

The request for oral testimony from Mr. Harbur is also burdensome and harassing.  Mr. Harbur's firm currently represents Mr. Johnson in an ongoing civil litigation against the Defendant.  (*See, e.g.,* Harbur Decl. ¶ 2, 7.)  The Defendant is well aware of that fact based on (1) Mr. Johnson's testimony in this matter on July 22, 2021, in which Mr. Harbur was identified in the courtroom as Mr. Johnson's lawyer, and (2) the fact that the Defendant is now representing himself in the civil matter and recently appeared at a Case Management Conference, in which Mr. Harbur also participated.  (*See* Harbur Decl. ¶ 5, Ex. A.)  Courts are generally extremely hesitant to allow counsel to be examined by opposing parties.  As the courts in this district have stated, albeit in the context of civil proceedings:

> Undoubtedly, counsel's task in preparing for trial would
> be much easier if he could ... simply depose opposing
> counsel in an attempt to identify the information that

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

opposing counsel has decided is relevant and important to his legal theories and strategy.... Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation. It is not hard to imagine additional pretrial delays to resolve work-product and attorney-client objections, as well as delays to resolve collateral issues raised by the attorney's testimony. Finally, the practice of deposing opposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent. Moreover, the 'chilling effect' that such practice will have on the truthful communications from the client to the attorney is obvious.

*Moroccanoil, Inc. v. Marc Anthony Cosms.*, Inc., No. CV132747DMGAGRX, 2014 WL 12591805, at *3 (C.D. Cal. May 29, 2014) (citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). The concerns outlined by the court in *Moroccanoil* are equally present here. Consequently, the Defendant's request for oral testimony from Mr. Harbur should be denied.

**B.** **The Subpoena's Request for Documents Is Improper, Harassing, and Burdensome and Will Not Lead to Admissible, Relevant Evidence**

The Subpoena requests voluminous documents without regard for their relevance or admissibility. As a threshold matter, the Defendant is misusing the Subpoena – a trial subpoena – to conduct a far-reaching (and misguided) investigation of defenses he *hopes* might materialize. *See, e.g., United States v. Rand*, 835 F.3d 451, 463 (4th Cir. 2016) ("The right to defend oneself does not extend to using the power of the Court to compel third parties to provide information that may not even be admissible at trial or at a hearing or that is merely 'investigatory'") (internal citation omitted); *see United States v. Noriega*, 764 F.Supp. 1480, 1493 (S.D. Fla. 1991) ("If the moving party cannot reasonably

MOTION TO QUASH SUBPOENA IN A CRIMINAL CASE

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1  specify the information contained or believed to be contained in the documents

2  sought but merely hopes that something useful will turn up, this is a sure sign that

3  the subpoena is being misused.").

4       For example, **Request No. 1** demands "any sworn testimony" provided by

5  Mr. Johnson in connection with the Arbitration Proceedings, regardless of the

6  content.  However, the Defendant has already questioned Mr. Johnson at length

7  about his testimony in the Arbitration Proceedings and his understanding of those

8  proceedings.  Mr. Johnson testified that his testimony in the Arbitration Proceedings

9  was entirely consistent with his testimony in the instant criminal proceedings.

10  As such, further testimony regarding Mr. Johnson's prior testimony is not relevant,

11  cumulative, will only waste the Court's time and confuse the jury, and constitutes a

12  fishing expedition. *See*, *e.g.*, Fed. R. Evid. 403; *see Nixon*, 418 U.S. at 699-700

13  (citing *Iozia*, 13 F.R.D. at 338 (S.D.N.Y. 1952) (Weinfeld, J.)) (footnote omitted).

14       **Request No. 2** demands the "decision(s), award(s), and findings of the

15  arbitrator . . . ." Subpoena at 2.  The findings of the arbitrator in connection with a

16  civil proceeding against former employees/partners of Eagan Avenatti, LLP – and

17  which did not include the Defendant – are not relevant to this jury's determination

18  of the Defendant's guilt or innocence.  The findings and decisions, to the extent

19  there are any, would also constitute multiple levels of hearsay and be inadmissible

20  on those grounds. *See*, *e.g.* Fed. R. Evid. 801-802, 805.

21       **Request No. 3** demands "[a]ny submissions made by Mr. Johnson in

22  connection with the Arbitration," including those made "through counsel."  As the

23  Defendant knows well from his days as a civil litigator, Mr. Johnson would not have

24  made any "submissions" during the Arbitration, other than through his testimony.

25  All pleadings and briefing (i.e., "submissions") would have been prepared by his

26  counsel.  To that extent, the civil theories of liability pursued in pleadings/briefs

27  prepared by Mr. Johnson's counsel are of no relevance or consequence to this jury,

28  who have been tasked with determining the Defendant's responsibility for his

- 8 -

1 individual criminal conduct.  If anything, injecting civil theories of joint and several

2 liability under California law would only result in the undue consumption of time

3 and confusion for the jury.  *See, e.g.*, Fed. R. Evid. 403.

4      **Request No. 4** demands "any sworn testimony provided in connection with

5 the Arbitration by any former employee or partner of Eagan Avenatti, LLP."  As a

6 threshold matter, such testimony is hearsay and is not relevant or admissible.  *See,*

7 *e.g.* Fed. R. Evid. 801-802.  Additionally, it is unclear if any such former

8 employees/partners of Eagan Avenatti, LLP, have been (or will be called) as

9 witnesses in this matter, meaning any testimony they may have given in connection

10 with the Arbitration Proceedings is inadmissible and irrelevant, nor can it be

11 properly subpoenaed as "impeachment" evidence at this juncture.  *See, e.g.*, Fed. R.

12 Evid. 401-403.[1]

13 **IV.   Conclusion**

14      The Defendant should not be allowed to consume the time and resources of

15 the Court, the jury, and now third parties, by engaging in an improper fishing

16 expedition.  Nor should the Defendant be allowed to retaliate against his victims and

17 their current lawyers under the guise of a Rule 17 trial subpoena.  The Defendant

18 has already cross-examined Mr. Johnson for hours about the Arbitration

19 Proceedings.  If the Defendant believes further questions must be asked, he can

20 subpoena the actual witnesses who testified in those proceedings.  After all, those

21 are the only individuals with first-hand knowledge of the underlying events.

22      For each of these reasons and those outlined more fully above, Mr. Harbur

23 requests that the Court grant this Motion to Quash.  In the alternative, Mr. Harbur

24 requests that the Court significantly limit the scope of any potential testimony in a

25 hearing outside the jury's presence and significantly reduce the scope of the

26 document production sought by the Defendant.

27

28 [1] For example, Judith K. Regnier did not provide a deposition or provide any sworn testimony a the arbitration hearing in connection with the Arbitration Proceedings.  (Harbur Decl. 15.)

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Dated:  July 29, 2021

CALLAHAN & BLAINE, APLC

By: _____
    Edward Susolik
    Raphael Cung
    Drew Harbur
    Attorneys for Drew Harbur

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 10 -

MOTION TO QUASH SUBPOENA IN A CRIMINAL CASE

**PROOF OF SERVICE**

(CODE CIV. PROC. § 1013A(3))

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 years and am not a party to the within action; my business address is **3 Hutton Centre Drive, Ninth Floor, Santa Ana, California 92707.**

On July 29, 2021, I served the following document(s) described as:

**THIRD PARTY DREW HARBUR'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA IN A CRIMINAL CASE**

on the interested parties in this action by placing: ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

Please see attached "Service List"

☒ **BY MAIL:** I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the United States Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE:** I caused such envelope to be hand delivered by Nationwide Legal to the addressees below.

☐ **BY FEDERAL EXPRESS**: I deposited such envelopes at Santa Ana, California for collection and delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices.  I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by Federal Express.  They are deposited with a facility regularly maintained by Federal Express for receipt on the same day in the ordinary course of business.

☒ **BY EMAIL:** I transmitted the foregoing documents by electronic mail to the party(s) identified on the attached service list by using the electronic mail as indicated.  Said electronic mail was verified as complete and without error.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 29, 2021, at Santa Ana, California.

Jane Nichols

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

## SERVICE LIST

### USA v. Avenatti
### USDC Case No. SA CR No. 19-061-JVS

| | |
|---|---|
| Michael J. Avenati, Pro se<br>H. Dean Steward, Esq. (Advisory Counsel)<br>17 Corporate Plaza, Suite 250<br>Newport Beach, CA 92660<br>(949) 481-4900<br>deansteward7777@gmail.com | *For Defendant Michael J. Avenatti* |

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 2 -

Proof of Service