CALLAHAN & BLAINE, APLC
Daniel J. Callahan (SBN 91490)
Edward Susolik (SBN 151081)
Raphael Cung (SBN 201829)
Drew Harbur (SBN 279511)
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone (714) 241-4444

Attorneys for Drew Harbur

FILED
2021 JUL 29 PM 2:52
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY: DTA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL JOHN AVENATTI, <br><br> Defendant. | Case No. SA CR No. 19-061-JVS <br><br> **DECLARATION OF DREW HARBUR IN SUPPORT OF MOTION TO QUASH SUBPOENA IN A CRIMINAL CASE** <br><br> [Filed concurrently with Motion to Quash Subpoena] <br><br> Hon. James V. Selna <br> Date: August 3, 2021 <br> Time: 9:00 a.m. <br> Dept.: 10C |

I, Drew Harbur, hereby declare:

1. I am an attorney at law duly licensed to practice before all of the courts of the State of California and am a trial attorney at Callahan & Blaine, APLC. If called as a witness, I could and would competently testify based on my personal knowledge to the following:

2. Geoffrey Johnson retained Callahan & Blaine, APLC, who filed a civil lawsuit on his behalf on June 11, 2019 (the "Civil Case"). I became involved in that matter on behalf of my firm in the context of the arbitration proceedings involving

Michael Q. Eagan, Jason M. Frank, Jason Frank Law, PLC, Scott H. Sims (the "Arbitration Proceedings." I personally took and defended all depositions in connection with the Arbitration Proceedings and also first-chaired the arbitration hearing itself.

3. The Civil Case was filed against the Defendant, his personal corporation, his former law firm (i.e., Eagan Avenatti, LLP), and former partners/employees of Eagan Avenatti, LLP: Michael Q. Eagan, Jason M. Frank, Jason Frank Law, PLC, Scott H. Sims, and Judith K. Regnier.

4. Mr. Johnson arbitrated his claims against Michael Q. Eagan, Jason M. Frank, Jason Frank Law, PLC, and Scott H. Sims, and the Arbitration Proceedings are now final.

5. The Civil Case was stayed as to all other defendants during the pendency of the Arbitration Proceedings. The Defendant was aware of the Arbitration Proceedings and knows they are final because the Defendant personally appeared at a Case Management Conference in the Civil Case on May 20, 2021, where he objected to the setting of a trial date. I personally appeared at this Case Management Conference in which the Defendant identified himself and appeared on the record. Attached hereto as **Exhibit A**, is a true and correct copy of a Minute Order dated May 2021, issued by the Honorable Ronald L. Bauer, Superior Court of California, County of Orange.

6. The stay put in place in the Civil Case as to the Defendant has been lifted and a trial date has been set.

7. My firm, Callahan & Blaine, APLC, continues to represent Mr. Johnson in the ongoing Civil Case against the Defendant.

8. On July 22, 2021, Mr. Johnson appeared to testify in the instant criminal matter.

9. I, on behalf of my firm, represented Mr. Johnson in connection with his testimony.

10. I appeared in front of Your Honor prior to Mr. Johnson's testimony, to raise concerns regarding attorney-client privilege and the confidentiality of the Arbitration Proceedings.

11. Your Honor ultimately ruled that Mr. Johnson would be required to answer questions from the Defendant about the Arbitration Proceedings. Mr. Johnson complied, answering hours of questions, in my presence, from the Defendant regarding, among other things, the Arbitration Proceedings. The length of the Defendant's cross-examination of Mr. Johnson even led the Court to comment, "Mr. Avenatti, the right to cross-examination is broad but it is not unlimited."

12. Following Mr. Johnson's testimony, and on July 26, 2021, the Defendant served a subpoena (the "Subpoena") on the receptionist at Callahan & Blaine, APLC. Witness fees were not tendered.

13. The Subpoena seeks oral testimony from Mr. Harbur and also includes four requests for documents. Attached hereto as **Exhibit B** is a true and correct copy of the Subpoena.

14. On or around July 28, 2021, Callahan & Blaine, APLC, served objections on my behalf and later filed the instant Motion to Quash. A true and correct copy of the objections served on the Defendant is attached hereto as **Exhibit C**.

15. Judith K. Regnier did not provide a deposition or testify at the arbitration hearing in connection with the Arbitration Proceedings.

I declare under penalty of perjury under the laws of the United States of American and the State of California that the foregoing is true and correct. Executed this 29th day of July 2021, in Santa Ana, California.

Drew Harbur

# EXHIBIT A

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 05/20/2021　　　　　　　　　　TIME: 01:30:00 PM　　　DEPT: C13

JUDICIAL OFFICER PRESIDING: Ronald L. Bauer
CLERK: Alma Bovard
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2019-01076162-CU-PN-CJC**　CASE INIT.DATE: 06/11/2019
CASE TITLE: **Johnson vs. Avenatti**
CASE CATEGORY: Civil - Unlimited　　CASE TYPE: Professional Negligence

EVENT ID/DOCUMENT ID: 73509395
**EVENT TYPE:** ADR Review Hearing

**APPEARANCES**

Counsel for Michael Eagan: Brook Dooley
Counsel for Jeffrey Johnston: Drew Harbur
Counsel for Jason Frank: Andrew Stolper
Self Represented Defendant: Michael Avenatti

Hearing conducted via CourtCall.

Counsel reported that bankruptcy as to Eagan Avenatti LLP is ongoing.

Discussion held regarding the proposed judgment submitted on May 5, 2021.

Judgment signed and filed this date.

The Jury Trial is scheduled for 06/20/2022 at 09:00 AM in Department C13.

Plaintiff to give notice.

# EXHIBIT B

Attorney's Name, Address & Phone:
Michael J. Avenatti, Pro Se
H. Dean Steward, Esq., Bar No. 85317 (Advisory Counsel)
17 Corporate Plaza, Suite #250
Newport Beach, CA 92660
Tel. (949) 481-4900
Fax (949)706-9994
Email: deansteward7777@gmail.com

CLEAR FORM

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America | CASE NUMBER |
|---|---|
| PLAINTIFF | SA CR No. 19-061-JVS |
| v. | |
| Michael John Avenatti | SUBPOENA IN A CRIMINAL CASE |
| DEFENDANT(S) | |

TO: Drew Harbur, Esq., Callahan & Blaine, 3 Hutton Centre Drive, 9th Floor, Santa Ana, CA 92707

☑ **YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

Place: Ronald Reagan Fed Bldg & U.S. Courthouse, 411 W. 4th Street, Santa Ana, CA , Courtroom: 10 C

Date: August 3, 2021 , Time: 9 am .

☑ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

1. The transcripts and recordings of any sworn testimony provided by Mr. Geoff Johnson in connection with his recent JAMS arbitration proceeding against Mr. Michael Q. Eagan et al. relating to his claims of fraud/theft of his settlement monies (the "Arbitration").

2. The decision(s), award(s), and findings of the arbitrator in the Arbitration.

3. Any submission made by Mr. Johnson in connection with the Arbitration directly, or through counsel, in which Mr. Johnson claimed that individuals other than Mr. Avenatti were responsible, in whole or in part, for any fraud, theft, or financial damages suffered by Mr. Johnson.

4. The transcripts and recordings of any sworn testimony provided in connection with the Arbitration by any former employee or partner of Eagan Avenatti, LLP.

*Kiry K. Gray*
Kiry K. Gray, Clerk of Court

July 26, 2021
Date

CR-21 (10/15)     SUBPOENA IN A CRIMINAL CASE     Page 1 of 2

# EXHIBIT C

**CALLAHAN & BLAINE, APLC**
Daniel J. Callahan (SBN 91490)
Edward Susolik (SBN 151081)
Raphael Cung (SBN 201829)
Drew Harbur (SBN 279511)
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone (714) 241-4444

Attorneys for Drew Harbur

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | Case No. SA CR No. 19-061-JVS<br><br>**OBJECTIONS TO SUBPOENA IN A CRIMINAL CASE**<br><br>Hon. James V. Selna<br>Date: August 3, 2021<br>Time: 9:00 a.m.<br>Dept.: 10C |

Drew Harbur ("Responding Party") by and through his counsel of record, Callahan & Blaine, APLC, hereby objects to the Subpoena in a Criminal Case as follows:

### PRELIMINARY STATEMENT

The statements made herein are based upon such information and documents as are presently available, and specifically known to the Responding Party and disclose only those facts and documents, which presently are available to the Responding Party.

- 1 -

Based on the foregoing, the information set forth below is provided without representation, express or implied, as to the existence or nonexistence of other possibly responsive information.

## DOCUMENTS REQUESTED TO BE PRODUCED

**REQUEST NO. 1:**

The transcript and recordings of any sworn testimony provided by Mr. Geoff Johnson in connection with his recent JAMS arbitration proceeding against Mr. Michael Q. Eagan et al. relating to his claims of fraud/theft of his settlement monies (the "Arbitration").

**OBJECTION TO REQUEST NO. 1:**

Responding Party objects to this Request because it calls for information and documents that are subject to a stipulated protective/confidentiality order. Responding party further objects to the extent this Request seeks irrelevant information. Finally, this Request constitutes a misuse of Federal Rule of Criminal Procedure 17. *See Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951) ("Rule 17(c) was not intended to provide an additional means of discovery" to a defendant in a criminal case."); *see, e.g., United States v. Caro*, 597 F.3d 608, 620 (4th Cir. 2010) ("We have emphasized that Rule 17(c) is not a discovery device") (internal citation omitted); *United States v. Nixon*, 418 U.S. 683, 699-700 (1974) (The proponent of a subpoena must demonstrate "(1) relevancy; (2) admissibility; [and] (3) specificity" of the requested materials).

**REQUEST NO. 2:**

The decision(s), award(s), and findings of the arbitrator in the Arbitration.

**OBJECTION TO REQUEST NO. 2:**

Responding Party objects to this Request because it calls for information and documents that are subject to a stipulated protective/confidentiality order. Responding party further objects to the extent this Request seeks irrelevant

1  information. Finally, this Request constitutes a misuse of Federal Rule of Criminal
2  Procedure 17. *See Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)
3  ("Rule 17(c) was not intended to provide an additional means of discovery" to a
4  defendant in a criminal case."); *see, e.g.*, *United States v. Caro*, 597 F.3d 608, 620
5  (4th Cir. 2010) ("We have emphasized that Rule 17(c) is not a discovery device")
6  (internal citation omitted); *United States v. Nixon*, 418 U.S. 683, 699-700 (1974)
7  (The proponent of a subpoena must demonstrate "(1) relevancy; (2) admissibility;
8  [and] (3) specificity" of the requested materials).

### REQUEST NO. 3:

Any submission made by Mr. Johnson in connection with the Arbitration directly, or through counsel, in which Mr. Johnson claimed that individuals other than Mr. Avenatti were responsible, in whole or in part, for any fraud, theft, or financial damages suffered by Mr. Johnson.

### OBJECTION TO REQUEST NO. 3:

Responding Party objects to this Request because it calls for information and documents that are subject to a stipulated protective/confidentiality order. Additionally, this Request would require Mr. Johnson and his counsel to search through voluminous filings made in connection with the Arbitration and to determine if each submission somehow suggests that individuals other than Avenatti were responsible, rendering the request overbroad, burdensome, oppressive and harassing. Moreover, this Request is unlikely to lead to the discovery of admissible or relevant evidence because submissions made in connection with the Arbitration would not include Mr. Johnson's statements but, rather, legal theories put forward by his lawyers based on principles of civil law. This Request is also objectionable because it calls for information protected by the attorney-client and attorney work-product doctrines. Finally, this Request constitutes a misuse of Federal Rule of Criminal Procedure 17. *See Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951) ("Rule 17(c) was not intended to provide an additional means of discovery"

to a defendant in a criminal case."); *see, e.g., United States v. Caro*, 597 F.3d 608, 620 (4th Cir. 2010) ("We have emphasized that Rule 17(c) is not a discovery device") (internal citation omitted); *United States v. Nixon*, 418 U.S. 683, 699-700 (1974) (The proponent of a subpoena must demonstrate "(1) relevancy; (2) admissibility; [and] (3) specificity" of the requested materials).

**REQUEST NO. 4:**

The transcripts and recordings of any sworn testimony provided in connection with the Arbitration by any former employee or partner of Eagan Avenatti, LLP.

**OBJECTION TO REQUEST NO. 4:**

Responding Party objects to this Request because it calls for information and documents that are subject to a stipulated protective/confidentiality order. Additionally, Responding Party objects because this information can easily be sought directly from former employees and/or partners of Eagan Avenatti, LLP. Thus, Mr. Johnson's counsel should not have to bear the burden and expense of gathering and producing these materials. Finally, this Request constitutes a misuse of Federal Rule of Criminal Procedure 17. *See Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951) ("Rule 17(c) was not intended to provide an additional means of discovery" to a defendant in a criminal case."); *see, e.g., United States v. Caro*, 597 F.3d 608, 620 (4th Cir. 2010) ("We have emphasized that Rule 17(c) is not a discovery device") (internal citation omitted); *United States v. Nixon*, 418 U.S. 683, 699-700 (1974) (The proponent of a subpoena must demonstrate "(1) relevancy; (2) admissibility; [and] (3) specificity" of the requested materials).

Dated: July 28, 2021	**CALLAHAN & BLAINE, APLC**

By: *[signature]*
Edward Susolik
Raphael Cung
Drew Harbur
Attorneys for Drew Harbur

- 4 -
OBJECTIONS TO SUBPOENA IN A CRIMINAL CASE

# PROOF OF SERVICE

## (CODE CIV. PROC. § 1013A(3))

### STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is **3 Hutton Centre Drive, Ninth Floor, Santa Ana, California 92707.**

On July 28, 2021, I served the following document(s) described as:

**OBJECTIONS TO SUBPOENA IN A CRIMINAL CASE**

on the interested parties in this action by placing: ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

Please see attached "Service List"

☒ **BY MAIL:** I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE:** I caused such envelope to be hand delivered by Nationwide Legal to the addressees below.

☐ **BY FEDERAL EXPRESS:** I deposited such envelopes at Santa Ana, California for collection and delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by Federal Express. They are deposited with a facility regularly maintained by Federal Express for receipt on the same day in the ordinary course of business.

☒ **BY EMAIL:** I transmitted the foregoing documents by electronic mail to the party(s) identified on the attached service list by using the electronic mail as indicated. Said electronic mail was verified as complete and without error.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 28, 2021, at Santa Ana, California.

_____
Jane Nichols

Proof of Service

## SERVICE LIST

### USA v. Avenatti
### USDC Case No. SA CR No. 19-061-JVS

| | |
|---|---|
| Michael J. Avenatti, Pro se<br>H. Dean Steward, Esq. (Advisory Counsel)<br>17 Corporate Plaza, Suite 250<br>Newport Beach, CA 92660<br>(949) 481-4900<br>deansteward7777@gmail.com | *For Defendant Michael J. Avenatti* |

**PROOF OF SERVICE**

(CODE CIV. PROC. § 1013A(3))

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is **3 Hutton Centre Drive, Ninth Floor, Santa Ana, California 92707.**

On July 29, 2021, I served the following document(s) described as:

**DECLARATION OF DREW HARBUR IN SUPPORT OF MOTION TO QUASH SUBPOENA IN A CRIMINAL CASE**

on the interested parties in this action by placing: ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

Please see attached "Service List"

☒ **BY MAIL:** I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE:** I caused such envelope to be hand delivered by Nationwide Legal to the addressees below.

☐ **BY FEDERAL EXPRESS**: I deposited such envelopes at Santa Ana, California for collection and delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by Federal Express. They are deposited with a facility regularly maintained by Federal Express for receipt on the same day in the ordinary course of business.

☒ **BY EMAIL:** I transmitted the foregoing documents by electronic mail to the party(s) identified on the attached service list by using the electronic mail as indicated. Said electronic mail was verified as complete and without error.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 29, 2021, at Santa Ana, California.

_Jane Nichols_
Jane Nichols

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Proof of Service

## SERVICE LIST

**USA v. Avenatti**
**USDC Case No. SA CR No. 19-061-JVS**

| | |
|---|---|
| Michael J. Avenati, Pro se<br>H. Dean Steward, Esq. (Advisory Counsel)<br>17 Corporate Plaza, Suite 250<br>Newport Beach, CA 92660<br>(949) 481-4900<br>deansteward7777@gmail.com | *For Defendant Michael J. Avenatti* |