Michael John Avenatti (Pro Se)

H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 706-9994

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | DEFENDANT'S TRIAL BRIEF IN ADVANCE OF TESTIMONY OF GOVERNMENT WITNESS FILIPPO MARCHINO |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Defendant Michael John Avenatti ("Mr. Avenatti"), through advisory counsel, H. Dean Steward, hereby files his trial brief in advance of testimony of government witness Filippo Marchino, who is expected to testify on Tuesday, August 3, 2021.

Dated:  August 1, 2021

Respectfully submitted,

/s/ Michael J. Avenatti

Defendant
MICHAEL JOHN AVENATTI

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND FACTUAL BACKGROUND

The government has informed Mr. Avenatti that they intend on calling attorney Filippo Marchino as a government witness on Tuesday, August 3, 2021.  Mr. Marchino previously worked with the defendant on various lawsuits, represented the defendant as an attorney and was a friend of the defendant's.  His offices were searched by multiple federal agents on March 25, 2019 and he appears to have previously been a target for potential criminal prosecution.  Mr. Marchino subsequently entered into a written proffer agreement with the government.

There is substantial reason to believe that the government has not complied with their obligations under *Brady*, *Bundy*, *Price* and *Giglio* as it relates to Mr. Marchino.  In particular, the defendant believes that the government is in possession of documents and materials relating to his past fraudulent and possible criminal conduct and prior instances of dishonesty that have not been produced.  Further, the defendant anticipates significant cross-examination at trial regarding Mr. Marchino's reputation for, and prior instance of, untruthfulness pursuant to Fed R. Evid. 608.  Accordingly, defendant submits this trial brief in advance of Mr. Marchino's testimony.

## II.   ARGUMENT AND LEGAL AUTHORITY

### A.   The Government's Obligations Under Rule 16, *Brady*, *Giglio* and Their Progeny

The law is clear that the government is required to promptly produce to the defense all favorable information to the defense, regardless of materiality – otherwise known as *Brady* material.  *See, e.g., United States v. Bundy*, 968 F.3d 1019, 1033 (9th Cir. 2020)(requiring all favorable evidence to be disclosed by prosecutors pretrial, without regard to materiality:  "[T]rial prosecutors must disclose favorable information without attempting to predict whether its disclosure might affect the outcome of the trial.

. . . The retrospective definition of materiality is appropriate only in the context of appellate review" and not at the trial level.)(citation omitted); *United States v. Price*, 566 F.3d 900 (9th Cir. 2009)(requiring prosecutors to produce all potentially exculpatory or otherwise favorable evidence without regard to how the withholding of such evidence might be viewed as affecting the outcome of the trial); *United States v. Olsen*, 704 F.3d 1172, 1183 n.3 (9th Cir. 2013)(explaining that a prosecutor should not produce only what he considers "material" because it is "just too difficult to analyze before trial" what may be material). *See also* California RPC 3.8 (applicable to federal prosecutors pursuant to 28 U.S.C. § 530B(a) and requiring disclosure to the defense without regard to materiality); Justice Manual 9-5.001(B)(1) (requiring AUSAs to "err on the side of disclosing exculpatory and impeaching evidence.").

In *Giglio v. United States*, 405 U.S. 150 (1972), the Supreme Court extended the government's *Brady* obligations to include all information in the possession of the government that may be used to impeach a witness. <u>This includes, but is not limited to, all information in the government's possession that may bear on a witness's credibility or demonstrate untruthfulness, regardless of whether such information is within the files of the prosecutors</u>.

Further, the government's *Brady/Giglio* obligations to promptly provide favorable information to the defense are not diminished by the fact that such information may also be required to be produced later pursuant to 18 U.S.C. § 3500 (the "Jencks Act") or by the fact that such information need not be produced according to Rule 16. *See*, *e.g.*, Advisory Committee Note to Fed. R. Crim. P. 16 (1974) ("the rule is designed to prescribe the <u>minimum</u> amount of discovery to which the parties are entitled.").

Finally, Rule 16 requires prosecutors to disclose any information to the defense that may assist the defense in preparing a defense. *See*, *e.g.*, *U.S. v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013)(Rule 16(a)(1)(E) requires disclosure of any relevant information that "would have helped [defendant] prepare a defense . . . even if it simply

causes a defendant to 'completely abandon' a planned defense and take an entirely different path"). <u>Even where doubt exists as to the usefulness of the evidence to the defendant, the government must resolve all such doubts in favor of full disclosure.</u> *See United States v. Paxson*, 861 F.2d 730, 737 (D.C. Cir. 1988).

Accordingly, the government is obligated to produce to the defense any and all information relating to Mr. Marchino's credibility, including any and all information relating to any prior dishonest or fraudulent acts committed by Mr. Marchino.

## B.    Fed. R. Evid. 608

Fed. R. Evid. 608 provides as follows:

(a) Reputation or Opinion Evidence. A witness's credibility may be attacked or supported by testimony <u>about the witness's reputation for having a character for truthfulness or untruthfulness,</u> or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked.

(b) Specific Instances of Conduct. Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. <u>But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of</u>:
  (1) <u>the witness</u>; or
  (2) another witness whose character the witness being cross-examined has testified about.

By testifying on another matter, a witness does not waive any privilege against self-incrimination for testimony that relates only to the witness's character for truthfulness.

(emphasis added).

Thus, Rule 608 enables a lawyer to ask targeted and damaging questions about a witness's past bad actions, or specific instances of misconduct, during cross-examination. And at its core, Rule 608(b) permits any questions on cross-examination

4

that relate to specific instances of misconduct in the witness's past, so long as the lawyer has a good-faith basis to believe that such instances of misconduct are probative of the witness's character for truthfulness or untruthfulness. The rule's broad scope captures any instances where the witness lied or acted in a dishonest or deceitful way, with no explicit time or substance restrictions. This could include virtually any dishonest conduct in the witness's past, from lying in a lawsuit to failing to file tax returns to more serious allegations of misconduct, like theft, bribery or fraud. The conduct need not even amount to a criminal action, as criminal conduct is covered by a separate rule of evidence – Fed. R. Evid. 609.

Accordingly, Rule 608 opens a wide door to possible impeachment of Mr. Marchino. For instance, evidence of any prior frauds purported by Mr. Marchino is probative of his untruthfulness and therefore admissible. *See e.g. United States v. Gay*, 967 F.2d 322, 328 (9th Cir. 1992); *United States v. Jackson*, 882 F.2d 1444, 1447-48 (9th Cir. 1989).

Even though the Federal Rules of Evidence generally prohibit introducing evidence of a person's character or character trait, the general prohibition against character evidence only applies if the evidence is offered to prove propensity, or that the person acted in accordance with that character trait on a particular date and time.  Rule 608, however, specifically permits questioning on a witness's character for truthfulness or untruthfulness not to prove propensity, but rather to assess the witness's honesty and credibility. This is an explicit acknowledgement of the basic premise that every witness who testifies places their character for truthfulness or untruthfulness at issue. Mr. Marchino is no different and the government was undoubtedly aware of this standard before choosing to call him as a witness.

## III.    CONCLUSION

For each of the above stated reasons, defendant respectfully requests that the Court (1) direct the government to ensure that all information required pursuant to Rule

5

16, *Brady*, *Giglio*, *Bundy*, *Price*, and/or *Olsen* is produced to the defendant before Mr. Marchino takes the stand and (2) permit broad cross-examination of Mr. Marchino pursuant to Fed. R. Evid. 608.

Dated: August 1, 2021                    Respectfully submitted,

/s/ Michael J. Avenatti

Defendant
MICHAEL JOHN AVENATTI

6

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California 92660.  I am not a party to the above-entitled action.  I have caused, on August 1, 2021, service of the:

DEFENDANT'S TRIAL BRIEF IN ADVANCE OF TESTIMONY OF
GOVERNMENT WITNESS FILIPPO MARCHINO

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 1, 2021

/s/ H. Dean Steward
H. Dean Steward