TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     Email:     Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:     Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>MICHAEL JOHN AVENATTI,<br><br>            Defendant. | SA CR No. 19-061-JVS<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DEEMING DEFENDANT'S FIVE SUBPOENAS SERVED ON GOVERNMENT AGENTS INEFFECTIVE DUE TO FAILURE TO COMPLY WITH *TOUHY* REGULATIONS (CR 614) |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby files its Response to Defendant's Motion for Reconsideration of the Court's Order Deeming Defendant's

Five Subpoenas Served on Government Agents Ineffective Due to Failure to Comply with Touhy Regulations (CR 614).

This Response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 2, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

_____/s/_____
BRETT A. SAGEL
ALEXANDER C.K. WYMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant MICHAEL JOHN AVENATTI asks this Court to reconsider its prior ruling that defendant failed to properly subpoena five special agents. (CR 614.) Three of these agents are involved in this case; two are not. None of the agents are on the government's witness list, and although each of them participated in various witness interviews, it is not clear what relevant testimony defendant could seek to elicit from any of these agents, and he has provided no explanation for why he has attempted to serve them with subpoenas.[1]

This Court held that defendant had failed to comply with the Touhy regulations for subpoenaing Department of Justice employees, see 28 C.F.R. § 16.21 et seq., and there is no reason to revisit that determination. The Touhy "housekeeping" regulations (named after the Supreme Court's decision in Touhy v. Ragen, 340 U.S. 462 (1951), approving similar procedures) govern who within the Department of Justice has the authority to "make the threshold determination whether to resist disclosure of official information in the hands of the Department." In re Boeh, 25 F.3d 761, 767 (9th Cir. 1994). The regulations allow "centralized decisionmaking" when an agency divulges or resists divulging information. Id. The point is not to "allow an agency to refuse to disclose information," but to "allow an agency to choose who may disclose the information and the procedure to be followed for such disclosure." United States v. Henson, 123

---

[1] In his motion for reconsideration, defendant has attached five subpoenas signed by the Clerk of Court. (Mot. Ex. A.) Yet none of the subpoenas received by the agents actually bore a signature; they were all unsigned. As discussed in this Response, the government is not seeking a ruling that defendant be precluded from calling these agents as witnesses for failure to serve them properly, but it is unclear that they were, in fact, served with valid subpoenas.

F.3d 1226, 1237 (9th Cir. 1997), overruled on other grounds by United States v. Foster, 165 F.3d 689 (9th Cir. 1999).

At the very least, to allow the government attorneys to comply with their obligations under the DOJ's Touhy regulations, a defendant seeking to present testimony from government agents should offer some explanation (if it is not otherwise obvious) as to what the subject matter of the testimony is going to be and why it might be relevant to the case. That aspect of the Touhy doctrine merely supplements the power the Court already has to require the same thing: a proponent of evidence always bears the burden of establishing the admissibility of that evidence, including its relevance. See Dowling v. United States, 493 U.S. 342, 351 n.3 (1990); see also United States v. Alvarez, 358 F.3d 1194, 1205 (9th Cir. 2004) (district court has "wide discretion" to exclude irrelevant evidence). And although a criminal defendant is guaranteed "a meaningful opportunity to present a complete defense," "well-established rules of evidence" such as Rules 401 and 403 of the Federal Rules of Evidence allow trial judges to exclude irrelevant evidence or "to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." Holmes v. South Carolina, 547 U.S. 319, 324 (2006). Such relevance rules are "familiar and unquestionably constitutional." Id. at 327 (quoting Montana v. Egelhoff, 518 U.S. 37, 42 (1996) (plurality opinion)).

The case defendant relies on, United States v. Bahamonde, 445 F.3d 1225 (9th Cir. 2006), is not to the contrary. Bahamonde involved a defense demand for testimony from a case agent who "attended the entire trial, sat next to the prosecutor at the

prosecutor's table, assisted him throughout, and was listed on the government's witness list." Id. at 1228. And the "sole ground" for preventing the defense from calling that agent was the lack of a timely written demand for the testimony setting forth "the nature and relevance of the official information sought." Id. (noting that defense counsel offered to make such a demand but the district court ruled the offer "untimely"). Even then, the Ninth Circuit's decision turned on the "unfairness inhere[nt]" in requiring the defense "to state with specificity the testimony [it] expected from" the agent without requiring the government to reciprocate by revealing "what evidence it expected to offer in rebuttal," and the abuse of discretion on the part of the district court by categorically barring the defense from calling the agent without any consideration of the "countervailing interests," in particular the importance of the witness. Id. at 1229, 1231.

None of that is at issue here. The government is not asking this Court to categorically exclude any witness, much less a "very important" witness. Id. at 1229. To the contrary, defendant has offered no explanation of what relevance these witnesses have at all. For example, no witness has denied making a statement to agents that would require calling the agent to impeach the witness's testimony. And to the extent defendant is concerned about a lack of "reciprocal" information from the government, id., government counsel are willing to provide reciprocal information related to any relevant testimony that any of these witnesses might offer. The problem at this point is that defendant has not yet offered any indication of what relevant testimony these witnesses might give.

Moreover, defendant claims that "[e]ach of the agents actively participated in the investigation of this case, gathered evidence in connection with this case, and/or had considerable interactions with witnesses in this case concerning the subject matter(s) of their testimony." (CR 614.) This is simply false as it relates to the two special agents from the Southern District of New York. Other than defendant's conclusory -- and incorrect -- statements, defendant has no good faith basis for these two witnesses to testify.

Before the Court permits defendant to call any of these witnesses to testify, including requiring two special agents to fly across the country to do so, the Court should require defendant to proffer what relevant testimony under Rule 403 defendant would be seeking and the good faith basis he has for doing so.