TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     Email:    Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 19-061-JVS |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR MISTRIAL OR, IN THE ALTERNATIVE, TO STRIKE THE TESTIMONY OF NINE GOVERNMENT WITNESSES DUE TO VIOLATIONS OF THE JENCKS ACT AND RULE 26.2 (CR 629) |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby files its Opposition to defendant MICHAEL JOHN AVENATTI's Motion for Mistrial or, in the Alternative,

to Strike the Testimony of Nine Government Witnesses Due to Violations of the Jencks Act and Rule 26.2 (CR 629).

    This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 4, 2021          Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


      /s/
BRETT A. SAGEL
ALEXANDER C.K. WYMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant moves for a mistrial (or, in the alternative, to strike the testimony of nine government witnesses) for Jencks Act violations. (CR 629.) He claims that, "[o]f the eleven government witnesses that have testified thus far, testimony has been elicited on cross-examination from nine of the witnesses that establishes that materials and information required to be provided to the defendant before cross-examination began were withheld and continue to be withheld." (Id. at 2.) That claim is false with respect to each of the nine witnesses he names, and it appears to be based on a misreading of the Jencks Act, unfounded speculation, or both.

The Jencks Act, 18 U.S.C. § 3500, requires production of the following types of "statements" made by government witnesses, in the possession of the government, if those statements "relate[] to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b); see also Fed. R. Crim. P. 26.2 (applying the Jencks Act). There are three Jencks categories (18 U.S.C. § 3500(e)):

> (1) a written statement made by said witness and signed or otherwise adopted or approved by him;
>
> (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or
>
> (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

Not all notes of witness interviews fall within the Jencks Act. Indeed, most do not. As the Act makes clear, while it is possible for notes to contain witness statements that are either "adopted or approved" by the witness or are "substantially verbatim"

"transcription," even detailed notes about what a witness said will not necessarily qualify. Specifically, the Ninth Circuit has explained that "for production to be required under the Jencks Act, the materials should not only reflect the witness' own words, but should also be in the nature of a complete recital that eliminates the possibility of portions being selected out of context." United States v. Robertson, 895 F.3d 1206, 1217-18 (9th Cir. 2018); see also United States v. Reed, 575 F.3d 900, 921 (9th Cir. 2009) (holding that there was no Jencks Act violation when a government agent "had taken handwritten notes of interviews, converted them into a typed report, and then destroyed the original notes" because there was no evidence that the notes were "adopted or approved by any of the witnesses").

Similarly, not all written messages sent by a witness will "relate[] to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b). If a communication memorializes something that the witness did not testify about, that communication is not related to the subject matter of the witness's testimony. See, e.g., United States v. Ruzicka, 988 F.3d 997, 1007 (8th Cir. 2021) ("report merely memorialized the reverse proffer, and Agent Kinney did not testify about the reverse proffer").

Applying these principles belies defendant's claims. Defendant's claims fall into two categories. First, defendant claims that there are handwritten notes by government agents of various witness interviews that should have been disclosed. Second, defendant claims that multiple witnesses testified that they had sent texts or emails to government agents, and that all of those texts or emails need to be disclosed.

2

Defendant has not made a "threshold showing" that any agent's "rough notes" constitute a "statement" under the Jencks Act -- meaning, as relevant here, that the statement is either substantially verbatim or adopted by the witness. <u>Robertson</u>, 895 F.3d at 1218. Indeed, defendant has not even pointed to any particular portions of the reports themselves that fall within the Act. This is not a case where (for example) handwritten notes might reveal a different version of a quotation from a witness than what is reflected in the final report. At least, defendant has not met his burden to make such a showing. And in the instance in which the Court acquiesced to defendant's request to review (in camera) the notes of a memorandum of interview of Geoffrey Johnson, the Court found that there was no substantive material in the notes not already reflected in the memorandum and, thus, no Jencks (or other) violation.

With respect to emails and text messages, defendant offers no reason to believe that any unproduced email or text from a witness to the government "relates to" the "subject matter" of the witness's testimony. The closest defendant comes is claiming there might be emails or texts sent by witnesses "in connection with" this case. (<u>See</u> CR 629 at 7-8.) But that is not the standard. A logistical or scheduling email, for example -- or a text saying "I'll be five minutes late" -- is not a statement relating to the subject matter of the witness's testimony. (Unless of course the witness testified about the exact timing of her meeting with government agents because that was relevant somehow.) As with the notes of Mr. Johnson's interview, the Court examined in camera, at defendant's request, the emails in the government's possession with Joel Weiner. And again, the Court found that no further production was required and that no

3

Jencks violation had occurred.  Similarly, both the Court and defendant are now in possession of all text and email correspondence with the government in Judy Regnier's possession, since her counsel provided them to the government and the defense, and the government provided it to the Court.  All substantive communications in those materials have already been produced by the government, and defendant does not (and cannot credibly) claim otherwise.

Moreover, defendant cross-examined, at length, the witnesses whose testimony he quotes in his motion, and defendant had ample opportunity to inquire specifically about what these witnesses put in text or email or to ask whether they discussed the substance of this case.  He had a chance to make a threshold Jencks showing; he failed to do so.  This Court should not now indulge him in a bid for delay in the middle of trial.

Finally, with respect to remedy, defendant is entirely off base in asking for a mistrial.  The provision of Rule 26.2 he quotes applies when "an attorney for the government disobeys the order." Fed. R. Crim. P. 26.2(e).  Nothing of the sort has happened here, nor will it.  The government has and will continue to comply with any order by the Court to turn over any document or category of documents in its possession.  And to the extent that the Court determines any particular notes or texts contain a Jencks statement and must be produced to defendant, the remedy would be to allow defendant a "reasonabl[e]" "recess" to review the statement and then recall the witness for further cross-examination.  18 U.S.C. § 3500(c); Fed. R. Crim. P. 26.2(d).

Defendant's motion should be denied it its entirety.

4