TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     Email:    Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
| Plaintiff, | GOVERNMENT'S TRIAL BRIEF REGARDING WHETHER COMPENSATION FROM ALLEGED JOINT TORTFEASORS IS A DEFENSE TO WIRE FRAUD |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby files its Trial Brief Regarding Whether Compensation from Alleged Joint Tortfeasors Is a Defense to Wire Fraud.

This Brief is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 6, 2021          Respectfully submitted,

                               TRACY L. WILKISON
                               Acting United States Attorney

                               SCOTT M. GARRINGER
                               Assistant United States Attorney
                               Chief, Criminal Division


                                      /s/
                               BRETT A. SAGEL
                               ALEXANDER C.K. WYMAN
                               Assistant United States Attorneys

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

This Court has requested briefing on "whether compensation by a joint tortfeasor is a defense to wire fraud." (RT 8/4/2021, Vol. 1, at 14.) No type of compensation or reimbursement is a defense to wire fraud -- even compensation by the defendant himself.

Wire fraud, 18 U.S.C. § 1343, has three elements: (1) a scheme to defraud, (2) use of wires to further that scheme, and (3) a specific intent to defraud. United States v. Brugnara, 856 F.3d 1198, 1207 (9th Cir. 2017); see also 9th Cir. Model Criminal Jury Instructions No. 8.124. In short, wire fraud criminalizes the use of wires to further a scheme to defraud someone of money or property, i.e., to cheat someone out of something valuable. United States v. Miller, 953 F.3d 1095, 1101 (9th Cir. 2020). So long as a defendant intended to make false statements or utilize some form of deception in order to deprive a victim of money or property, and used the wires as part of that scheme, the defendant is guilty of wire fraud. Id.

Based on these elements, after-the-fact compensation paid to the victims of wire fraud by any third party -- or even by the defendant himself -- is not a defense to wire fraud. For instance, in Miller, the Court rejected the defendant's defense that he was not guilty of wire fraud because he intended to pay back the funds he had deceptively obtained. Id. at 1103. The court explained that an intent to permanently deprive a victim of money or property is not required; the question is whether there was an intent to deprive at all. See also United States v. Treadwell, 593 F.3d 990, 996 (9th Cir. 2010) ("[O]ne can intentionally deprive another of property while at the same time intending to restore it at a later date."). A

fortiorari, a third party's later compensation cannot negate a defendant's wire fraud.

Indeed, the Supreme Court has squarely held that a third party's after-the-fact reimbursement is no defense to wire, mail, and bank fraud. As the Court explained, "where cash is taken from a bank but the bank is fully insured, the theft is complete when the cash is taken; the fact that the bank has a contract with an insurance company enabling it to shift the loss to that company is immaterial." Shaw v. United States, 137 S. Ct. 462, 467 (2016) (alterations and internal quotation marks omitted); id. at 468 (construing the wire-, mail-, and bank-fraud statutes together); see also United States v. Oren, 893 F.2d 1057, 1061 (9th Cir. 1990) (recognizing that wire fraud does not require the government to show defendant caused an actual loss of money or property). Accordingly, a defendant would still be guilty of wire fraud even if a third party, including a joint tortfeasor -- or even the defendant himself -- later reimbursed the victim's losses. Reimbursement is not a defense. See, e.g., United States v. Namvar, 498 F. App'x 749, 750 (9th Cir. 2012) (district court properly excluded evidence of the defendant's intent to repay victims).