Michael John Avenatti (Pro Se)

H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 497-6753

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | SA CR No. 19-061-JVS<br><br>DEFENDANT'S TRIAL BRIEF REGARDING WHETHER COMPENSATION BY JOINT TORTFEASORS IS A DEFENSE TO WIRE FRAUD |

On July 26, 2021, the defendant issued a subpoena to Mr. Drew Harbur to appear and to produce the subpoenaed materials on August 3, 2021. [Dkt. 611, p. 7]. On July 29, 2021, counsel for Mr. Harbor filed a "Third Party Drew Harbur's Notice of Motion and Motion to Quash Subpoena in Criminal Case." [Dkt. 610, 611]. On August 3, 2021, the defendant filed his Opposition to the Motion to Quash the Subpoena. [Dkt. 636].

On August 4, 2021, the Court heard Mr. Harbur's Motion to Quash. At that time, Mr. Harbur acquiesced to the defendant and provided him as well as the government with a copy of the sworn testimony of Mr. Geoffrey Johnson in connection with his JAMS arbitration proceeding against Mr. Michael Q. Eagan. Because the government expressed willingness to stipulate to the material's authenticity, the request for Mr. Harbur's oral testimony is moot. The Court, at Mr. Harbur's request, quashed request number 2. With respect to request number 3 (submissions offered by Johnson in

connection with the Arbitration) and number 4 (transcripts/recordings of testimony of former EA, LLP employees in connection with Arbitration), the Court indicated, "I will await the parties' briefing on the issue that I have outlined." *See e.g.*, (8/4/21, Vol. 1) p. 16. The Court requested briefing as to "whether compensation by a joint tortfeasor is a defense to wire fraud." *See e.g.*, Trial Tr. (8/4/21, Vol. 1, p. 14)(emphasis added). On August 6, 2021, the government filed its "Trial Brief Regarding Whether Compensation from Alleged Joint Tortfeasors is a Defense to Wire Fraud." [Dkt. 649].

Mr. Avenatti asks that the Court find that conduct and compensation by joint tortfeasors are a defense to wire fraud and analogous to a third-party culpability defense theory. The Ninth Circuit has consistently determined that a criminal defendant is entitled to present a defense regarding third party culpability. For instance, in *United States v. Armstrong*, 621 F.2d 951, 953 (9th Cir. 1980), the court held that "fundamental standards of relevancy, subject to the discretion of the court to exclude cumulative evidence and to insure orderly presentation of a case, <u>require the admission of testimony which tends to prove that a person other than the defendant committed the crime that is charged</u>." (emphasis added). *See also, United States v. Urias Espinoza*, 880 F.3d 506, 511 (9th Cir. 2018)("all evidence of third-party culpability that is relevant is admissible, unless barred by another evidentiary rule."); *citing United States v. Crosby*, 75 F.3d 1343 (9th Cir. 1996)(reversing the defendant's conviction due to district court's failure to allow for the defendant to present evidence that another individual had committed the crime). *See also, United States v. Perkins*, 937 F.2d 1397, 1400 (9th Cir. 1991)("A defendant is entitled to introduce evidence which tends to prove someone else committed the crime."); *United States v. Brannon*, 616 F.2d 413, 418 (9th Cir. 1980)("A defendant is entitled to prove his innocence by showing that someone else committed the crime.").

Further, if the defendant seeks to introduce evidence that someone else committed the offense in order "to cause the jury to doubt, the court should not attempt to decide for the jury that this doubt is purely speculative and fantastic but should afford the accused

**every opportunity to create that doubt**." *Urias Espinoza*, 880 F.3d at 517 (emphasis added); *citing United States v. Crosby*, 75 F.3d 1343, 1349 (9th Cir. 1996)(emphasis added); John Henry Wigmore, *Evidence in Trials at Common Law* § 139 (Tillers Rev. 1983).

     Accordingly, Mr. Avenatti asks that the Court find that he is permitted to obtain the subpoenaed materials outlined in request number 3 and 4 as they are relevant and necessary to his defense. Specifically, these materials support his third-party culpability defense – i.e. that other individuals, specifically the individuals other than Mr. Avenatti Mr. Johnson is suing, are responsible for any alleged misappropriation of funds related to Mr. Johnson's settlement. The submissions made by Mr. Johnson in connection with the arbitration directly, or through counsel, in which Mr. Johnson claimed other individuals were responsible for the alleged misappropriation (Request No. 3) are necessary for Mr. Avenatti to further his defense that others are responsible for the conduct charged in this case. Similarly, the sworn testimony of former EA, LLP employees provided in connection with the relevant Arbitration (Request No. 4) will support the defendant's third-party culpability defense.

     Mr. Johnson's own statements, both direct and through counsel, and those made by former EA, LLP employees, made under oath regarding the litigation underlying this criminal action are relevant. Mr. Johnson's acts of holding other, third-parties responsible for the conduct underlying the charges in this case is relevant to whether Mr. Avenatti misappropriated Mr. Johnson's settlement funds. Accordingly, Mr. Avenatti asks that the Court order Mr. Harbur to produce the materials responsive to Request Nos. 3 and 4.

Dated:  August 7, 2021

Respectfully submitted,

/s/ Michael J. Avenatti

Defendant
MICHAEL JOHN AVENATTI

## CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California. I am not a party to the above-entitled action. I have caused, on August 7, 2021, service of the:

DEFENDANT'S TRIAL BRIEF REGARDING WHETHER COMPENSATION BY JOINT TORTFEASORS IS A DEFENSE TO WIRE FRAUD

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 7, 2021

/s/ H. Dean Steward
H. Dean Steward