1  Michael John Avenatti (Pro Se)

2  H. Dean Steward, SBN 85317
   17 Corporate Plaza, Suite 254
3  Newport Beach, California 92660
   Tel (949) 481-4900
4  Fax (949) 497-6753

5  Advisory Counsel for Defendant
   MICHAEL JOHN AVENATTI
6

7
                    UNITED STATES DISTRICT COURT
8
               FOR THE CENTRAL DISTRICT OF CALIFORNIA
9

10 | UNITED STATES OF AMERICA,        | SA CR No. 19-061-JVS
11 |         Plaintiff,                |
                                       | DEFENDANT'S OPPOSITION TO
12 |         v.                        | GOVERNMENT'S NOTICE
                                       | REGARDING SUMMARY EXHIBITS
13 | MICHAEL JOHN AVENATTI,            | DISCLOSED AS TRIAL EXHIBITS 457
                                       | AND 460-468 AND OBJECTION TO THE
14 |         Defendant.                | USE OF SUCH EXHIBITS
15

16

17
       Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his
18
   advisory counsel of record, H. Dean Steward, hereby opposes the government's Notice
19
   Regarding Summary Exhibits Disclosed as Trial Exhibits 457 and 460-469 [Dkt. 640],
20
   and objects to the use of the exhibits. This opposition and objection is based on the
21
   attached memorandum of points and authorities; the files, records and transcripts in this
22
   case and the other cases cited herein; and such further evidence and argument as the
23
   Court may permit at a hearing on this matter.
24

25  Dated: August 8, 2021              Respectfully submitted,

26                                     /s/ Michael J. Avenatti

27                                     Defendant
                                       MICHAEL JOHN AVENATTI
28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On August 2, 2021, the government provided advisory counsel with a letter indicating that it sought to introduce Trial Exhibits 457 as well as 460 through 468 pursuant to Federal Rule of Evidence 1006. Exhibits 460 through 468 were disclosed on July 6, 2021. The summary provided in Exhibit 457 was provided to the defendant for the first time on July 14, 2021. An updated version of Exhibit 460 was then provided on August 3, 2021.

The government did not identify, list or itemize the materials underlying government exhibits 457 and 460-468 until August 2, 2021, weeks into the trial. On August 3, 2021, one day after its disclosure, the government filed its Notice Regarding Summary Exhibits Disclosed as Trial Exhibits 457 and 460-468. [Dkt. 640]. These summaries can be grouped into two categories: (1) graphics that summarize banking records (exhibits 457, 460 and 461); and (2) graphics that summarize cell phone data (exhibits 464, 465, 466, 467, and 468). The government indicates that it will seek to introduce these materials by way of foundational witness Special Agent Steve Bellis.

Based upon the following and as set forth below, Mr. Avenatti objects to the use of government exhibits 457 and 460-468 due to the government's failure to comply with Rule 1006.

## II. ARGUMENT

### A. The Government Failed to Provide Adequate Notice As Required

Federal Rule of Evidence 1006 provides, "[t]he proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." The proponent must make the original or duplicates "available for examination or copying, or both, by other parties at a *reasonable time and place*..." Fed. R. Evid. 1006 (emphasis added). Further, even

though Rule 1006 does not specify the precise time that the summaries must be made available, Rule 1006 "does not allow a party to spring summaries of voluminous documents on the opposing party so late in the proceedings that the party cannot check their accuracy prior to trial." *In Re Taco Bell Wage & Hour Actions*, 2016 U.S. Dist. LEXIS 48557, at *34 (E.D. Cal. 2016). Availability of the records is not enough, "the opposing party must be given 'an opportunity to verify the reliability and accuracy of **the summary**.'" *1660 East Newlands Drive, LLC v. Amazon.com NVDC, LLC,* 2019 U.S. Dist. LEXIS 144131 at *22 (D. Nev. 2019)(emphasis added)(excluding summary offered under Rule 1006 because although the underlying materials were provided in discovery, there was "no indication which documents supports which figure as there were no citations in the summary.")

To satisfy the *made available* requirement, "a party seeking to use a summary under Rule 1006 must identify its exhibit as such, provide a list or description of the documents supporting the exhibit, and state when and where they may be reviewed." *Air Safety v. Roman Catholic Archbishop*, 94 F.3d 1, 8 (1st Cir. 1996). In addition to the government's production of discovery, "Rule 1006 requires that the offering party identify as an exhibit as a summary and identify the documents that support the summary." *L.A. Printex Indus. V. Target Corp.*, 2008 U.S. Dist. LEXIS 127289, at *3 (C.D. Cal. 2008)(emphasis added). It is not enough for the government to claim that the "documents have been available or could have been available or were available when they were not identified as the source for [a] summary." *United States ex rel. Maris Equip. Co. v. Morganti, Inc.*, 163 F.Supp. 2d 174, 201-202 (E.D.N.Y. 2001)(excluding the use of a Rule 1006 summary because the proffering party failed to provide a description of the supporting documents in sufficient advance of trial and finding that a decision otherwise "would have been a gross abuse of the appropriate utilization of Rule 1006" due to the mass materials and discovery in the case); *quoting Air Safety*, *supra*, 94 F.3d 1 at 8. Passive availability "may be satisfactory in the context of general discovery,

but it does not fulfill the separate obligation imposed by Rule 1006." *Id.* A party "has an absolute right to <u>subsequent production</u> of material under Fed. R. Evid. 1006, should that material become incorporated in a chart, summary, or calculation, regardless of whether that materials has been requested in discovery." *Jade Trading, LLC v. United States*, 67 Fed. Cl. 608, 615 (2005)(holding that the proper remedy for a late disclosure of Rule 1006 materials was exclusion of summary exhibit); *citing United States v. Modena*, 302 F.3d 626, 633 (6th Cir. 2002).

Rule 1006 "and clear Ninth Circuit precedent require the government to provide a defendant its summary evidence, and the material that evidence purports to summarize, *in advance of trial*. Failure to do so is grounds for exclusion." *United States v. Pac. Gas & Elec. Co.*, 2016 U.S. Dist. LEXIS 92358, at *4 (N.D. Cal. 2016); *citing Davis & Cox v. Summa Corp.,* 751 F.2d 1507, 1516 (9th Cir. 1985)(affirming the district court's exclusion of summaries because the proffering party failed to make the summaries and underlying documents available until just before trial). The purpose of Rule 1006's availability requirement is "to give the opposing party an opportunity verify the reliability and accuracy of the summary prior to trial." *Amarel v. Connell*, 102 F.3d 1494, 1516 (9th Cir. 1996); *citing Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1259 (9th Cir. 1983).

As described above, the defendant did not receive government exhibit 457 until July 14, 2021. Mr. Avenatti received government exhibits 460 through 468 on July 6, 2021. The government later modified exhibit 460, which was provided on August 3, 2021. The government failed to identify, list or itemize the materials underlying these purported summaries until August 2, 2021 (in the middle of trial). The timing of the government's disclosure is violative of Rule 1006 and Mr. Avenatti's right to due process. It is not enough for the government to simply say that the underlying materials have been in the defendant's possession. Well over <u>one-million pages</u> of discovery have been produced by the government in this case, together with vast amounts of electronic

3

1  data. Indeed, the defendant has continued to receive additional discovery from the
2  government during the trial. Prior to the August 2, 2021 disclosure, it was impossible for
3  Mr. Avenatti to guess which records underly these exhibits. Further, it is frankly absurd
4  to expect Mr. Avenatti, in the middle of trial, to analyze the underlying records (many of
5  which require technical cell site analysis), compare them to the proposed summary
6  charts, offer his substantive challenges to the summaries, and prepare for the
7  corresponding cross-examination of Special Agent Bellis.
8        The government's mid-trial act of itemizing the materials underlying government
9  exhibits 457 and 460-468 is not the type of sufficient notice that Rule 1006 demands. In
10 addition, it would be entirely inequitable to preclude Mr. Avenatti from using evidence
11 produced by the government during cross-examination, as the Court has done, but then
12 allow the government to rely on its prior production of discovery to justify and excuse
13 away its failure to comply with the requirements of Rule 1006. If Mr. Avenatti is
14 precluded from offering materials due to his reciprocal discovery obligations under Rule
15 16, the government should not be permitted to argue that because it previously produced
16 the materials underlying these Rule 1006 summaries, the late disclosures are immaterial.
17 Mr. Avenatti will be severely prejudiced as a result of the government's late itemization
18 if the government is permitted to present these purported Rule 1006 summaries.

     **B.**    **The Government Must Establish that the Materials Underlying the Exhibits are Admissible**

21       The Ninth Circuit has made it clear that "[i]t is essential that the underlying
22 records from which the summaries are made be admissible in evidence…" *United States*
23 *v. Rizk*, 660 F.3d 1125, 1130-31 (9th Cir. 2011)(emphasis added). Although "these
24 materials must be admissible" they "need not themselves be admitted into evidence." *Id.*
25 *See also Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1260 (9th Cir. 1984)("it is
26 clear that a summary of both inadmissible and admissible hearsay should not be admitted
27 under Rule 1006"); *citing United States v. Johnson*, 594 F.2d 1253, 1255 (9th Cir.
28 1979)("Under Fed. R. Evid. 1006 the proponent of the summary must establish that the

underlying materials upon which the summary is based are admissible in evidence."(emphasis added)); *See also 1600 East Newlands Drive*, *LLC v. Amazon.com NVDC, LLC*, 2019 U.S. Dist. LEXIS 144131 (D. Nev. 2019)("[w]hile it is possible that the records could qualify as business records, it is the proponent's burden to show that all of the criteria to qualify are met through sworn testimony by custodian of the records."); *citing Washington Cent. R. Co. v. Nat'l Mediation Bd.,* 830 F. Supp. 1343, 1353-54 (holding that records that facially appear to constitute business records did not meet the requisite hearsay exception).

The government has previously indicated that the materials underlying the bank record summaries are business records and admissible by way of Federal Rules of Evidence 803(6) and 902(11). It appears that the government seeks to prove the authenticity and admissibility of the AT&T and Verizon records by way of these sections as well. Pursuant to Rule 902(11), the original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by the certificate of the custodian or another qualified individual, are self-authenticating and require no additional extrinsic evidence. Rule 803(6) "excepts records of regularly conducted activity from the disqualifying consequence of the rule against hearsay…" *United States v. Way*, 2018 U.S. Dist. LEXIS 92293, *3 (E.D. Cal. 2018). A party seeking to admit a business record under the business records exception to the hearsay rule - in this instance the government - bears the burden of proof. *In Re Kupfer*, 579 B.R. 222, 227 (N.D. Cal. Bankr. 2017).

Under Rule 803(6), business records act as an exception to the rule against hearsay so long as the following requirements are met:

> (A) the record was made at or near the time by – or from information transmitted by – someone with personal knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

5

(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate lack of trustworthiness." Fed. R. Evid. 803(6)

In order to satisfy the requirements of Rules 902(11) and 803(6), the proponent of the business records must set forth sufficient grounds to justify the pre-trial authentication for each document. The authenticity and admissibility of the materials underlying each exhibit is discussed immediately below.

**Exhibit 457** is a summary chart of ten wires between January 30, 2015 and July 13, 2018. According to the government's August 3, 2021 disclosure, the underlying materials include nine California Bank and Trust statement of accounts, one excel spreadsheet with 850 entries (USAO_00033123), one excel spreadsheet with 37 entries of outgoing wires (USAO_00033130), and three MLP settlement trust, attorney-client trust account summaries. The government indicated that the underlying records are supported by three declarations from three custodians of record (Exhibit 394 – page 2, Exhibit 394 – pages 3-4 and Exhibit 397 pages 3-4).

On July 26, 2021, Mr. Avenatti filed "Defendant's Objections to the Documents Proffered as Business Records by the Government on July 23, 2021." [Dkt. 596]. Therein, defendant specifically challenged the declarations marked as government exhibits 394 (page 2), 394 (pages 3-4), and 397 (pages 3-4). Mr. Avenatti renews these objections to the declarations from the purported custodians of records. Based upon these prior and now renewed objections, the documents underlying exhibit 457 are not admissible as business records and cannot form the basis of a proper Rule 1006 summary exhibit. Because the government has failed to establish the admissibility of documents underlying Exhibit 457, the graphic cannot serve as a summary pursuant to Rule 1006.

**Exhibit 460** is a summary chart of Mr. Avenatti's payments to Geoffrey Johnson. Exhibit 460 is a purported summary of 86 documents including California Bank and Trust checks to Geoffrey Johnson, 15 charts outlining incoming/outgoing wire transfers, California Bank and Trust account summaries, an excel spreadsheet with 850 entries and

another excel spreadsheet with 37 entries. The government indicated that these records are supported by three declarations from three custodians of record (Exhibit 394 – page 2, Exhibit 394 – pages 3-4 and Exhibit 397 pages 3-4). Mr. Avenatti comes now and renews his objections to the declarations from the purported custodians of records. [Dkt. 596]. Based upon these prior and now renewed objections, the documents underlying exhibit 460 are not admissible as business records and cannot form the basis of a proper Rule 1006 summary exhibit. Because the government has failed to establish the admissibility of documents underlying exhibit 460, the graphic cannot serve as a summary pursuant to Rule 1006.

**Exhibit 461** is a summary chart of Mr. Avenatti's payments to Alexis Gardner. Exhibit 461 is a purported summary of California Bank and Trust checks, various statements of accounts, an excel spreadsheet with 850 entries, another excel spreadsheet with 37 entries, a chart outlining incoming/outgoing wire transfers, and a Union Bank wire activity report. The government indicated that these records are supported by four declarations from four custodians of record (Exhibit 394 – page 2, Exhibit 394 – pages 3-4 and Exhibit 397 pages 3-4). Mr. Avenatti comes now and renews his objections to the declarations from the purported custodians of records. [Dkt. 596].

In addition to the three declarations listed above, the government offers a new declaration from a custodian of records that has not been previously identified as a government exhibit. This declaration is in support of the Union Bank wire activity report (USAO_00163767). This declaration fails to comply with Federal Rules of Evidence 902(11) and 803(6). The Union Bank declaration attempts to comply with these requirements by the following statement, "[t]he original records were prepared by the Bank's personnel in the ordinary course of business at or about the time of the act, condition, or event." There is no statement that the custodian has personal knowledge of the events described, that the records were kept in the course of regularly conducted business activity, and that making these records was a regular practice.

7

Mr. Avenatti objects to Exhibit 461 because the government cannot prove the authenticity and admissibility of the underlying documents. As described, the records and their corresponding declarations from purported custodians of records do not comply with the requirements of Federal Rules of Evidence 902(11) and 803(6).

**Exhibit 462, 463, 464, 465, 466, 467 and 468** are proffered summaries of Mr. Avenatti's alleged phone calls. Exhibit 462 is a summary of calls with Geoff Johnson. Exhibit 463 is a summary of calls with Alexis Gardner. Exhibit 464 is a summary of calls with Greg Barela. Exhibit 465 is a summary of calls with Michelle Phan. Exhibit 466 is a summary of calls with Long Tran. Exhibit 467 is a summary of calls with Judy Regnier. Finally, Exhibit 468 is a summary of calls between Mr. Avenatti and Eagan Avenatti, LLP. In its disclosure, the government does not separate the materials underlying each exhibit. Instead, the government provided a conclusory disclosure leading Mr. Avenatti to speculate that Exhibit 462, 463, 464, 465, 466, 467 and 468 are supported by the identical materials. These materials include (1) a 41 page AT&T call log from AT&T from the period of February 14, 2014 through July 18, 2018; (2) a 682 page AT&T call log from the period of January 1, 2014 through August 1, 2018; (3) a Verizon call log chart with 1,936 entries from March 6, 2019 through March 26, 2019; (4) a Verizon toll records log with 23,029 entries; and, (5) a Verizon toll records log with 15,890 entries. Without more, the government indicates that the summaries offered as government exhibits 462, 463, 464, 465, 466, 467, and 468 are composed of these materials.

The government's late disclosure does not comply with Rule 1006. Especially given the timing of the government's disclosure of the underlying materials, it is impossible for Mr. Avenatti to identify, analyze and sufficiently challenge Exhibits 462, 463, 464, 465, 466, 467, and 468.

In addition, in support of the phone records, the government offers three declarations from purported custodians of records. The government offers two

8

declarations (USAO_00009811 and USAO 00011126) in support of the AT&T records. [Dkt. 604, p. 8]. The government offers a single, form declaration in support of the Verizon records (USAO_00123132-33). [Dkt. 604, p. 8].

     These three declarations improperly parrot the language of the business records exception and present no substantive description of the records they seek to identify. Courts have correctly refused to admit records where "declarants offer no more than conclusory statements that repeat the language of Rule 803(6)." *Izett v. Crown Asset Mgmt., LLC,* 2019 U.S. Dist. LEXIS 170548, at *16 (N.D. Cal. 2019); *See also, Orlob-Radford*, 2016 U.S. Dist. LEXIS 142598, at *5 (E.D. Wash. 2016)(district court refused to accept conclusory statements as foundation to establish foundation of business record); *United States v. Way*, 2018 U.S. Dist. LEXIS 92293, at *6-7 (E.D. Cal. 2018)(holding that the certification's failure to identify with any specificity the records it purported to certify as business records was insufficient for pretrial authentication).

     For these reasons, the AT&T records, the Verizon records and their corresponding declarations from purported custodians of records do not comply with the requirements of Federal Rules of Evidence 902(11) and 803(6) and are not admissible. Because the government has failed to establish that the purported business records meet the requirements of Rules 902(11) and 803(6), the provisions of Rule 1006 are not met.

//
//
//
//

9

### III. CONCLUSION

For each of the reasons set forth above, Mr. Avenatti objects to the use of government exhibits 457 and 460-468 due to the government's failure to comply with Rule 1006.

Dated: August 8, 2021                    Respectfully submitted,

/s/ Michael J. Avenatti

Defendant
MICHAEL JOHN AVENATTI

10

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California. I am not a party to the above-entitled action. I have caused, on August 8, 2021 service of the:

DEFENDANT'S OPPOSITION TO GOVERNMENT'S NOTICE REGARDING SUMMARY EXHIBITS DISCLOSED AS TRIAL EXHIBITS 457 AND 460-468 AND OBJECTION TO THE USE OF SUCH EXHIBITS

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 8, 2021

/s/ H. Dean Steward
H. Dean Steward