TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     Email:    Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 19-061-JVS |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S SUPPLEMENTAL BRIEF RE SPECIAL AGENTS DELEASSA PENLAND AND CHRIS HARPER (CR 651) |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby files its Opposition to defendant MICHAEL JOHN AVENATTI's Supplemental Brief re Special Agents Deleassa Penland and Chris Harper (CR 651).

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 8, 2021          Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

            /s/
BRETT A. SAGEL
ALEXANDER C.K. WYMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant filed a supplemental brief regarding his attempt to call two special agents from the Southern District of New York ("SDNY"), Deleassa Penland and Chris Harper, who are not involved with the present investigation and prosecution of defendant, based on his claim that they had "interactions with government witness Judy Regnier where an accompanying local Special Agent was not present and could not testify to the facts asserted during those meetings." (CR 651 at 2.) Defendant presumably is claiming -- as he does not specifically state -- that these witnesses are relevant because the interviews include a discussion of topics "explored on direct by the government." (Id.) Defendant's supplemental brief provides no basis for this Court to allow defendant to call these two SDNY special agents and simply establishes that defendant does not understand the Federal Rules of Evidence.[1]

First, any statements that Ms. Regnier made to the SDNY agents in those interviews is hearsay without an exception. At no point during her direct or cross-examination did Ms. Regnier deny making statements to those agents in the particular reports defendant attaches; thus, defendant has no basis to call the special agents to impeach Ms. Regnier. Although defendant attempts to claim the statements in those reports cover topics the government addressed in examination of witnesses, that does not make the special agents either fact witnesses or relevant witnesses to require them to travel across the country.

---

[1] As the government previously advised the Court, the SDNY agents were not present during any of the meetings or interviews of Ms. Regnier conducted by the Central District of California agents or AUSAs relating to our matter.

Moreover, defendant's assertions about how the reports cover topics addressed in the government's case is at best barely true, but regardless does not make the inadmissible evidence admissible. Nearly all of the interviews involve discussions of the firm's debt and dire financial condition at the time defendant attempted to extort Nike to prove motive, which was the primary basis that Ms. Regnier was called to testify in that prosecution. As but one example, defendant states that "[t]hese interactions included discussions/evidence collection relating to the X-Law Group." (Id.) The only discussion of the X-Law Group in the reports, however, relates to defendant's failure to pay the X-Law Group's rent as he had promised and a mention of how many lawyers worked at the X-Law Group to establish that defendant's statements in the undercover recording were false when defendant told the attorneys representing Nike how many attorneys defendant employed and where. Defendant does not make a single representation about what would be relevant in these reports to our case that would require him to call these agents -- because he cannot. Finally, if defendant is permitted to call these agents, the Court should allow the government to cross-examine these witnesses on who they are and what role if any they had in investigating and prosecuting defendant, which is to say that they investigated and prosecuted defendant for other criminal matters involving defendant defrauding other clients.

After undertaking the balancing exercise as required in United States v. Bahamonde, 445 F.3d 1225, 1231 (9th Cir. 2006), this Court should quash the subpoenas defendant issued to the two SDNY special agents.