Michael John Avenatti (Pro Se)

H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 497-6753

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | SA CR No. 19-061-JVS<br><br>DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF HIS OBJECTIONS TO THE TESTIMONY OF GOVERNMENT EXPERT JOHN DRUM, THE USE OF THE RULE 1006 SUMMARIES PROPOSED BY THE GOVERNMENT AND RENEWED REQUEST FOR A *DAUBERT* HEARING |

On July 19, 2021, Mr. Avenatti filed an "Objection to the Testimony of Government Expert John Drum, the Use of the Rule 1006 Summaries Proposed by the Government and Renewed Request for a Daubert Hearing." [Dkt. 546]. On July 21, 2021, the government filed a Response. [Dkt. 564]. The defendant filed a Reply to the government's Response on July 26, 2021. [Dkt. 600].

On August 6, 2021, the Court indicated that it would hear the parties' arguments and take up the issues related to proposed expert John Drum on Tuesday, August 10, 2021. *See Trial Tr.* (8/6/21, Vol. 2) p. 107.

Mr. Avenatti comes now, through his advisory counsel of record H. Dean Steward, supplementing his previous filings [Dkt. 285, 339,546, 600] renewing the

objections made therein, and providing the Court with a list of various outstanding issues relating to government expert John Drum.

### 1. __The Sources Underlying the Summaries are Unknown.__

Despite repeated requests spanning months, the government continues to withhold the identity of each of the materials, documents and sources underlying each of the Rule 1006 summary exhibits. As stated in Mr. Avenatti's prior filings, the old draft versions of the summaries were previously provided with <u>some</u> corresponding bates numbers, which alerted the defendant to <u>some</u> of the materials allegedly underlying those draft summaries. Additionally, the old draft summaries contained general references to "*Quickbooks*" or "*Ayres*" without any explanation or reference as to which exact materials those entries relate to.

The current summaries marked as government exhibits, which the government wishes to use before the jury, do not contain references to any bates ranges or any references at all for that matter. Additionally, the substantive calculations contained in the summaries have changed, which leads the defendant to reasonably believe that the materials underlying these calculations have similarly changed from the old draft (which itself was incomplete). Mr. Avenatti should not be placed in a position to *guess* the sources for each of the summaries.  He is entitled to know, well prior to Mr. Drum's testimony, the exact sources of information (i.e. the identifying bates stamp numbers) used for each of the summaries so that he can determine whether there are appropriate objections to the sources and their admissibility, and therefore appropriate challenges to the use of the summaries.  He also requires this information in order to properly cross-examine Mr. Drum.  The government should not be permitted to withhold this information from the defendant in violation of Rule 1006 and Mr. Avenatti's right to due process.

### 2. __The Sources Underlying the Summaries are Likely Inadmissible.__

On August 6, 2021, the Court indicated that to the extent Mr. Drum plans on

relying on bank records covered by declarations that the Court has previously approved, "the bank records would be admissible." *See Trial Tr.* (8/6/21, Vol. 2) p. 109.[1] However, not all of the bank records likely underlying the proposed Rule 1006 summary are supported by declarations that have been previously marked as government exhibits and/or approved by the Court. In his prior filings, Mr. Avenatti has challenged the materials underlying the summaries as unauthenticated, inadmissible hearsay. As indicated directly above, Mr. Avenatti is not on notice of the specific materials underlying the summaries marked as government exhibits. Instead, Mr. Avenatti is in a position where he is forced to assume, guess or speculate as to which records support the government proffered Rule 1006 summaries. Therefore, he cannot make meaningful challenges to the new documents proffered as business records without their specific identification.[2]

### 3.  Mr. Drum's Testimony Should be Limited in Scope.

Mr. Avenatti asks that the Court limit the scope of Mr. Drum's testimony. The government is required to prove that Mr. Avenatti misappropriated funds for which he was not legally entitled. However, as acknowledged by several government witnesses thus far in the trial, Mr. Avenatti was entitled to (1) his earned legal fees from the client matter, (2) reimbursement of the costs and advances associated with the matter/client; and (3) fees, advances and costs associated with other matters carried out for the benefit

---

[1] For the record, Mr. Avenatti renews his prior objections to the admissibility and use of each of these bank records on authentication and hearsay grounds.

[2] For instance, in May of 2020, the government provided its old draft summaries. Some bates number references were included within these drafts. Within these drafts, the government identified Key Bank Records (USAO_00068754-00069828) as bank records underlying six of the draft charts. However, the corresponding custodian of record (USAO_00068753) has not been identified as a government exhibit and does not comply with Federal Rules of Evidence 803(6) and 902(11).  Because the government refuses to provide references for the current summaries, it is unknown whether the Key Bank records are being relied on to support any of the summaries.

of the clients.

Accordingly, Mr. Drum should not be permitted to testify as to how funds, to which Mr. Avenatti was legally entitled, were spent or transferred. Such evidence is irrelevant to whether Mr. Avenatti committed any crime and must be excluded pursuant to Rule 403.  If the evidence supports the notion that a settlement was earned, Mr. Avenatti took certain funds owed to him and spent them as he wished, Mr. Drum should not be permitted to provide testimony tracing those funds.

Further, if it is the government's theory that Mr. Avenatti misappropriated client funds, any alleged crime was complete once the misappropriated funds left the trust account. As a result, any subsequent transfer or spending of the monies is irrelevant and must be excluded under Rule 403.  *See*, *e.g.*, *United States v. Phillips*, 704 F.3d 754, 763 (9th Cir. 2012) (finding that the defendant's use of the stolen funds, after deposit into his personal account, did not in any way effect the scheme to defraud); *United States v. Redcorn*, 528 F.3d 727, 738–42 (10th Cir. 2008) (holding that the defendants' scheme was complete when they deposited stolen funds into their personal accounts, and that the interstate wire transfer of their stolen funds from their personal account for an investment was not an essential part of their scheme).  As the *Redcorn* court correctly held:

> Nonetheless, at some point the fraudulent scheme must be complete, and the perpetrators' subsequent enjoyment of its fruits— buying groceries, going to the movies, redecorating the bathroom—is not an "essential" part of the scheme. *United States v. Taylor*, 789 F.2d 618, 620 (8th Cir.1986); *United States v. Altman*, 48 F.3d 96, 103 (2d Cir.1995). The defendants claim that once they had deposited the embezzled funds in their personal bank accounts in Oklahoma, the scheme was complete; the subsequent transfers to Florida, they say, were simply a means of using their ill-gotten gains. Reluctantly, we are forced to agree. Once the defendants deposited the funds into their personal bank accounts, they had accomplished their crime and the funds were available for their personal use. That they chose to transfer part of their stolen money to their broker in Florida for the purpose of investments is purely incidental to the fraud; they could just as easily

4

have decided to blow it on a luxury trip to the Ozarks. Without a closer connection to the mechanism of their fraud, what they did with the stolen money afterward cannot itself relate to an "essential part of [the] scheme." *Mann*, 884 F.2d at 536. (quoting *Puckett*, 692 F.2d at 669).

*Redcorn*, 528 F.3d at 739.

### 4. **The Government Has Not Responded to Defendant's Other Substantive Challenges and Objections.**

Mr. Avenatti also raised several other challenges and objections to Mr. Drum's testimony: (1) Mr. Drum should not be permitted to act as a fact witness for the government; (2) Mr. Drum should not be permitted to rely on inadmissible hearsay; and (3) Mr. Drum's testimony and potential opinions are in violation of Rules 702 and 703. [Dkt. 564, p.8] The government has also failed to respond to claims that a forensic accountant does not typically rely on witness interview summaries, settlement agreements and attorney-client contracts. And the government has failed to respond to Mr. Avenatti's confrontation clause objections as it relates to Mr. Drum's reliance on witness interview summaries. As a result, each of these points have been conceded and Mr. Drum's testimony should be excluded.

For each of the above reasons, Mr. Avenatti (1) renews his request for a *Daubert* hearing prior to the Court permitting Mr. Drum to testify; (2) renews each of his prior objections and requests for relief related to Mr. Drum as outlined in his prior filings. [Dkt. 285, 339, 546, 600]; and (3) respectfully requests that Mr. Drum's testimony be limited as set forth above.

Dated:  August 9, 2021

Respectfully submitted,

/s/ Michael J. Avenatti

Defendant
MICHAEL JOHN AVENATTI

## **CERTIFICATE OF SERVICE**

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California. I am not a party to the above-entitled action.  I have caused, on August 9, 2021, service of the:

DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF HIS OBJECTIONS TO THE TESTIMONY OF GOVERNMENT EXPERT JOHN DRUM, THE USE OF THE RULE 1006 SUMMARIES PROPOSED BY THE GOVERNMENT AND RENEWED REQUEST FOR A DAUBERT HEARING

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 9, 2021

/s/ H. Dean Steward

H. Dean Steward