TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     Email:    Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 19-061-JVS |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION TO QUASH SUBPOENA TO SPECIAL AGENT MELISSA GALICIA |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby files its Motion to Quash the trial subpoena to Special Agent Melissa Galicia.

This Motion is based upon the attached memorandum of points and authorities, the files and records in this case, the ruling of the Court on August 10, 2021, and such further evidence and argument as the Court may permit.

Dated: August 10, 2021      Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


      /s/
BRETT A. SAGEL
ALEXANDER C.K. WYMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

On August 6, 2021, defendant filed a supplemental brief regarding his attempt to call two special agents from the Southern District of New York ("SDNY"), Deleassa Penland and Chris Harper, who are not involved with the present investigation and prosecution of defendant. (CR 651.) Defendant stated nothing in his filing -- nor in Court on August 10, 2021, when arguing the issue related to their testimony -- indicating that he also intended to call Special Agent Melissa Galicia. The Court ordered the subpoena to Special Agent Harper quashed based on Federal Rule of Evidence 403, among other bases stated in the record. At the end of the court day, defendant raised his ability to call Special Agent Galicia and stated that he did not include her in his filing because she was served afterwards.[1]

First, after Court, government counsel contacted Supervisory Special Agent Dane Christiansen, Associate Division Counsel of the FBI, New York Field Office, and learned that Special Agent Galicia and Special Agent Harper were both served trial subpoenas on August 3, 2021. Defendant included Special Agent Harper in his August 6, 2021, filing and knowingly chose not to include Special Agent Galicia, for whatever reason. Moreover, it appears that defendant's statements to the Court about when he served Special Agent Galicia, and why she was not included in his filing, were false.

Second, the Court's ruling to quash the trial subpoena for Special Agent Harper would apply equally -- or more forcefully -- to Special Agent Galicia. Special Agent Galicia was not present during

---

[1] The government does not have the transcript at this time and is paraphrasing based on its notes and memory of defendant's statement.

the January 9, 2020, report that defendant included as his under seal Exhibit B, which the Court referenced in permitting defendant to call Special Agent Penland.  Although Special Agent Harper was present during that meeting, the Court quashed the subpoena regarding Special Agent Harper.  The only "meetings" defendant includes relating to Special Agent Galicia are: a "consent to search electronic equipment, storage media or online account" by Judy Regnier, in which Special Agent Penland was also a witness to Ms. Regnier's consent; and a four-page report for a meeting on January 16, 2020, in which Special Agent Penland was present and wrote the report.  Special Agent Harper was also present during the January 16, 2020, meeting, but the Court ordered the subpoena to him quashed.  The meeting dealt with payments and bills defendant and his firm had and/or paid in March 2019.

   Finally, for all the reasons stated in the government's August 8, 2021, filing (CR 667), and after undertaking the balancing exercise as required in United States v. Bahamonde, 445 F.3d 1225, 1231 (9th Cir. 2006), this Court should quash the subpoena defendant issued to Special Agent Melissa Galicia.