1  Michael John Avenatti (Pro Se)

2  H. Dean Steward, SBN 85317
3  17 Corporate Plaza, Suite 254
   Newport Beach, California 92660
4  Tel (949) 481-4900
   Fax (949) 497-6753

5  Advisory Counsel for Defendant
6  MICHAEL JOHN AVENATTI

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | DEFENDANT'S OPPOSITION TO MOTION TO QUASH SUBPOENA TO SPECIAL AGENT MELISSA GALICIA [DKT. 675]. |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his advisory counsel of record, H. Dean Steward, hereby files this opposition to the government's Motion to Quash Subpoena to Special Agent Melissa Galicia. [Dkt. 675].

Dated: August 11, 2021            Respectfully submitted,

                                  /s/ Michael J. Avenatti

                                  Defendant
                                  MICHAEL JOHN AVENATTI

On August 3, 2021, Mr. Avenatti served a trial subpoena on Special Agent Melissa Galicia. On August 10, 2021, the government objected to the testimony of Special Agent Melissa Galicia. Later on August 10, 2021, the government filed a Motion to Quash the Subpoena to Special Agent Melissa Galicia. [Dkt. 675].

In its filing the government argues that Mr. Avenatti should be precluded from subpoenaing Special Agent Melissa Galicia for three primary reasons: (1) Mr. Avenatti misrepresented the timing of Special Agent Galicia's service; (2) the testimony of Special Agent Galicia is violative of 403 due to her involvement in the case; and (3) the arguments in its August 8, 2021 filing, as well as the balancing test of *United States v. Bahamonde*, 445 F.3d 1225 (9th Cir. 2006) support the order to quash.

First, the government argues that Mr. Avenatti misrepresented the timing of the serving of the relevant subpoena. This is false. Special Agent Galicia was served the subpoena on August 3, 2021. This was after Mr. Avenatti filed his Motion for Reconsideration of the Court's Order Deeming Defendant's Five Subpoenas Served on Government Agents Ineffective Due to Failure to Comply with *Touhy* Regulations on July 31, 2021. [Dkt. 614].

Second, the government in this case is operating under a fundamental fallacy – namely that the only time a defendant may call a government agent to the stand is to offer impeachment of what another witness has already testified to. Thankfully, this runs counter to over a hundred years of jurisprudence and the Constitution. As the government should know, a criminal defendant has the power to issue a subpoena pursuant to Federal Rule of Criminal Procedure 17 and both the government and the defendant "have the right to call witnesses, and the power to compel witness testimony is essential to our system of justice." *Barnett v. Norman*, 782 F.3d 417, 422 (9th Cir. 2015); *citing Blair v. United States*, 250 U.S. 273, 281-82 (1919). Indeed, the Supreme Court has repeatedly held that a defendant has a fundamental due process right to mount a defense and call witnesses on his behalf. *See, e.g., Taylor v. Illinois*, 484 U.S. 400, 409

(1988):

> As we noted just last Term, "[o]ur cases establish, at a minimum, that criminal defendants have the right to the government's assistance in compelling the attendance of favorable witnesses at trial and the right to put before a jury evidence that might influence the determination of guilt." *Pennsylvania* v. *Ritchie*, 480 U.S. 39, 56 (1987). Few rights are more fundamental than that of an accused to present witnesses in his own defense, see, *e. g., Chambers* v. *Mississippi*, 410 U.S. 284, 302 (1973). Indeed, this right is an essential attribute of the adversary system itself.

> "We have elected to employ an adversary system of criminal justice in which the parties contest all issues before a court of law. The need to develop all relevant facts in the adversary system is both fundamental and comprehensive. The ends of criminal justice would be defeated if judgments were to be founded on a partial or speculative presentation of the facts. The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts, within the framework of the rules of evidence. To ensure that justice is done, it is imperative to the function of courts that compulsory process be available for the production of evidence needed either by the prosecution or by the defense." *United States* v. *Nixon*, 410 U.S. 683, 709 (1974).

> The right to compel a witness' presence in the courtroom could not protect the integrity of the adversary process if it did not embrace the right to have the witness' testimony heard by the trier of fact. The right to offer testimony is thus grounded in the Sixth Amendment even though it is not expressly described in so many words:

> "The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law." Washington v. Texas, 388 U.S. 14, 19 (1967).

Third, the Supreme Court has held that a criminal defendant is permitted to attack

law enforcement's investigation, motivation and alleged good faith in connection with his defense. *See Kyles v. Whitley*, 514 U.S. 419, 445-449 (1995). Simply put, a criminal defendant is entitled to put the investigation and its motivations on trial and is likewise permitted to attack the investigation and prosecution in front of the jury by examining witnesses and in closing argument. *See also United States v. Hanna* (9th Cir. 1995) 55 F.3d 1456; *United States v. Sager* (9th Cir. 2000) 227 F.3d 1138, 1145-1146 (noting the legitimacy and importance of a defense of failure to investigate properly). This includes the failure of the government to properly gather and maintain evidence, including electronic evidence.

Accordingly, Mr. Avenatti is entitled to call Special Agent Melissa Galicia. She participated in the investigation of Mr. Avenatti, specifically as it related to government witness Judy Regnier. Indeed, the Honorable Paul Gardephe of the Southern District of New York has already held that that the United States Attorney's Office in both the Southern District of New York and the Central District of California engaged in a joint investigation of Mr. Avenatti, specifically as it related to government witness Judy Regnier. [Dkt. 605 (attaching Hon. Paul Gardephe ruling)].

Moreover, Ms. Galicia's testimony cannot be held to be cumulative to any other agent's testimony at this juncture because (1) no other case agent that dealt with Ms. Regnier has testified; (2) it is not known what any other agent will testify to or how the jury will weigh the credibility of that agent vs. Ms. Galicia; and (3) there is no evidence that Ms. Galicia did the exact same tasks or conducted herself in the exact same way during the investigation as any other agent (Ms. Penland included). Under the government's theory, which makes little sense, only one witness would ever be permitted to testify as to any one subject or conversation. The defendant would simply be stuck with whatever the first witness testified to with no ability to call any other witness about their knowledge or conduct as to the same general topic.

Finally, the balancing test discussed in *United States v. Bahamonde*, 445 F.3d 1225, 1231 (9th Cir. 2006), which the government continues to point to, has no applicability. *Bahamonde* held, contrary to the government's arguments to this Court, that Touhy regulations have no applicability in a criminal context. The court then went on to analyze the possible exclusion of a witness <u>as a sanction for failure to follow a statute</u>. Here, no statute has been violated and therefore, no sanction is warranted.

Lastly, if necessary, the defendant is prepared to make an in-camera proffer relating to the potential need to call Ms. Galicia, although this should not be necessary or required.

I.  **CONCLUSION**

For each of the reasons stated above, defendant respectfully requests that the Court deny the government's motion to quash the subpoena of Special Agent Galicia.

Dated:  August 11, 2021            Respectfully submitted,

<u>/s/ Michael J. Avenatti</u>

Defendant
MICHAEL JOHN AVENATTI

4

## CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California. I am not a party to the above-entitled action. I have caused, on August 11, 2021, service of the:

DEFENDANT'S NOTICE OF MOTION AND MOTION TO REOPEN DETENTION HEARING (18 U.S.C. § 3142(f))

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 11, 2021

/s/ H. Dean Steward
H. Dean Steward

5