Michael John Avenatti (Pro Se)

H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 497-6753

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | DEFENDANT'S MOTION TO STRIKE THE TESTIMONY OF ALEXIS GARDNER DUE TO VIOLATIONS OF RULE 615 |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Michael J. Avenatti ("Mr. Avenatti") comes now, through his advisory counsel of record, H. Dean Steward, requesting that the Court strike the testimony of government witness Alexis Gardner due to her violations of Federal Rule of Criminal Procedure 615.

Dated: August 11, 2021

Respectfully submitted,

/s/ Michael J. Avenatti

Defendant
MICHAEL JOHN AVENATTI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On July 30, 2021, the government called Alexis Gardner as a witness in its case-in-chief. *See. e.g.,* Trial Tr. (7/30/21, Vol. 1) p. 67. She was called by the government as the second alleged client victim in the case.

On July 30, 2021, Mr. Avenatti began his cross-examination of Ms. Gardner. On August 3, 2021, the defendant continued his cross-examination. *See. e.g.,* Trial Tr. (8/3/21, Vol. 1) p. 21. During this cross-examination, it was revealed that Ms. Gardner had been following, during the trial, the news and certain social media account(s) posting about the trial. *See. e.g.,* Trial Tr. (8/3/21, Vol. 1) p. 25. In particular, Ms. Gardner indicated that she had been following "Ms. Cuniff's tweets on social media about this case." *See. e.g.,* Trial Tr. (8/3/21, Vol. 1) p. 25.[1] Ms. Gardner answered "[y]es" to the question, "[y]ou wanted to learn what was going on in the case, so you read the tweets?" *See. e.g.,* Trial Tr. (8/3/21, Vol. 1) p. 27. Ms. Gardner acknowledged that she was aware that Ms. Cuniff's tweets included what other witnesses had been testifying to during the trial and before Ms. Gardner took the stand. *See. e.g.,* Trial Tr. (8/3/21, Vol. 1) p. 26.

In the midst of Ms. Gardner's cross-examination, in light of this testimony, Mr. Avenatti made an oral motion pursuant to Federal Rule of Evidence 615 and requested individualized voir dire of Ms. Gardner outside the presence of the jury. *See. e.g.,* Trial Tr. (8/3/21, Vol. 1) p. 52-53. The Court found that there had been no violation of Rule 615 because Ms. Gardner was not physically present in the courtroom before she appeared to testify. *See. e.g.,* Trial Tr. (8/3/21, Vol. 1) p. 53.

At the end of the morning session, Mr. Avenatti again raised the issue Rule 615. *See. e.g.,* Trial Tr. (8/3/21, Vol. 1) p. 76. Mr. Avenatti asked the Court to review the holding of *United States v. Robertson*, 895 F.3d 1206 (9th Cir. 2018) as well as *United*

---

[1] A true and correct copy of Ms. Cuniff's twitter profile home page is attached hereto as Exhibit A.

*States v. McMahon*, 104 F.3d 638, 642-45 (4th Cir. 1997). Mr. Avenatti alerted the Court that these cases stand for the proposition that a witness' review of trial transcripts is akin to being physically present in the courtroom for the purposes of Rule 615. *See. e.g.,* Trial Tr. (8/3/21, Vol. 1) p. 76. Mr. Avenatti explained that reporter Meghann Cuniff "has been live tweeting questions and answers extensively during this trial" and "it's worse in a lot of ways than the transcript … because they contain Ms. Cuniff's gloss or spin in many instances on the testimony. Let's just say that that [sic] has been generally for the better part of a couple years in this case less than complimentary towards the defendant and about 70 percent accurate at best."[2] *See. e.g.,* Trial Tr. (8/3/21, Vol. 1) p. 76-77. Mr. Avenatti again requested an individualized voir dire outside the presence of the jury. *See. e.g.,* Trial Tr. (8/3/21, Vol. 1) p. 77. Mr. Avenatti objected to cross-examining the witness regarding the specific tweets, explaining to the Court, "Your Honor, the problem is this. We have instructed the jury not to read social media and news reports about the case, and now I'm being put in a position where in the presence of the jury I have to interject that into the case and potentially suffer significant prejudice. That is a Hobson's choice that I should not be placed under, Your Honor." *See. e.g.,* Trial Tr. (8/3/21, Vol. 1) p. 77. The Court indicated that it would review the relevant authority during the lunch break.

After the lunch break, the Court agreed that "the ambit of 615 is not limited to literal presence in the courtroom in violation of the exclusion order. The rule can also be violated by the witness reviewing transcripts." *See. e.g.,* Trial Tr. (8/3/21, Vol. 2) p. 4. But the Court determined that "reviewing tweets is not the equivalent of reviewing transcripts and that there is, in fact, no Rule 615 violation here." *See. e.g.,* Trial Tr. (8/3/21, Vol. 2) p. 4. However, there is no indication that the Court made this

---

[2] Ms. Cuniff has a multi-year history of writing inaccurate articles and spreading misinformation on social media about the defendant and his family, including his first wife, who is a breast cancer survivor. On information and belief, during the pendency of this matter, she has also maintained a relationship with the AUSAs assigned to this case, as well as disgraced former AUSA Andrew Stolper.

determination after having reviewed any of the tweets. The Court then explained that Mr. Avenatti could explore this issue by way of cross-examination of the witness. The Court stated that Mr. Avenatti would be permitted to present any specific tweets to Ms. Gardner and ask her questions about them. *See. e.g.,* Trial Tr. (8/3/21, Vol. 2) p. 5-6.

In response, Mr. Avenatti explained, "I don't believe that the Court has before it an adequate record relating to what these tweets really are, because they're not just generalized tweets … these tweets include questions and answers for every day of the trial as well as filings that have been made before Your Honor outside the presence of the jury." *See. e.g.,* Trial Tr. (8/3/21, Vol. 2) p. 6-7. The defendant then requested a thirty-minute recess to gather the specific tweets and review them in order to continue with his cross-examination. *See. e.g.,* Trial Tr. (8/3/21, Vol. 2) p. 7. Mr. Avenatti alerted the Court, "I don't have all the tweets at my disposal right now, Your Honor. I don't know how -- how am I supposed to cross examine the witness --" *See. e.g.,* Trial Tr. (8/3/21, Vol. 2) p. 7. Mr. Avenatti indicated that although he had reviewed the tweets, "there's a difference between conversing with people on my team and them showing me the tweets and me having a hard copy of the actual tweets." *See. e.g.,* Trial Tr. (8/3/21, Vol. 2) p. 8. This request was denied. The cross-examination continued without the defendant having the benefit of having the tweets to sufficiently cross-examine Ms. Gardner.

In issuing its rulings, the Court stated, "[i]f you wish to put a full record of the tweets before the Court, you're invited to make that filing." *See. e.g.,* Trial Tr. (8/3/21, Vol. 2) p. 7. Because of the large quantity of tweets made in connection with this case, a video of the trial-related tweets by reporter Meghann Cuniff before Ms. Gardner testified is being lodged contemporaneously with the Court (and provided to the government) as Exhibit B. This video (lodged on a thumb drive) establishes Ms. Cuniff's coverage of witness testimony in this case between the period of July 13, 2021 through the beginning of Ms. Gardner's testimony and further evidences the inflammatory nature and bias at

4

the core of Ms. Cuniff's alleged reporting about this case and the trial.

For each of the reasons contained herein, Mr. Avenatti asks that the Court strike the testimony of government witness Alexis Gardner.

## II. ARGUMENT

### A. Government Witness Alexis Gardner's Review of Prior Testimony Violates Rule 615 and Striking her Testimony is the Proper Remedy

Pursuant to Federal Rule of Evidence 615, at a "party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." *See*, *e.g.*, *Perry v. Leeke*, 488 U.S. 272, 281-82 (1989)("[W]itnesses may be sequestered to lessen the danger that their testimony will be influenced by hearing what other witnesses have to say, and to increase the likelihood that they will confine themselves to truthful statements based on their own recollections.") Rule 615 expands on the long-standing common law by making witness sequestration a matter of right when a party requests sequestration within the rule's scope. *See* Fed. R. Evid. 615 advisory committee's notes ("The authority of the judge is admitted, the only question being whether the matter is committed to his discretion or one of right. The rule takes the latter position. No time is specified for making the request."); *United States v. Seschillie*, 310 F.2d 1208, 1213 n.3 (9th Cir. 2002)("Because Rule 615 states that the court, at the request of a party, *shall* order witnesses excluded, '[t]he rule makes the exclusion a matter of right and the decision is no longer committed to the court's discretion as it once was.'" (emphasis in *United States v. Seschillie*)(quoting *United States v. Brewer*, 947 F.2d 404, 408 (9th Cir. 1991); and citing *United States v. Ell*, 718 F.2d 291, 293-94 (9th Cir. 1983))).

The purpose of a Rule 615 exclusion order "is to reduce the danger that a witness's testimony will be influenced by hearing the testimony of other witnesses, and to increase the likelihood that the witness's testimony will be based on her own recollections." *United States v. Robertson*, 895 F.3d 1206, 1214 (9th Cir. 2018).

Providing a witness with another "witness's testimony. From a transcript <u>runs counter to the rule's core purpose – 'to prevent witnesses from tailoring their testimony to that of earlier witnesses</u>.'" *Id.* (emphasis added); *citing Larson v. Palmateer*, 515 F.3d 1057, 1065 (9th Cir. 2008). The Ninth Circuit in *Roberson* joined multiple other circuits in concluding that reading transcripts is the functional equivalent of being present in the courtroom. *Id.* at 1215; *citing United States v. McMahon*, 104 F.3d 638, 642-45 (4th Cir. 1997); *United States v. Friedman*, 854 F.2d 535, 568 (2d. Cir. 1988); *United States v. Jimenez*, 780 F.2d 975, 980, n. 7 (11th Cir. 1986); *Miller v. Universal City Studios, Inc*, 650 F.2d 1365, 1373074 (5th Cir. 1981).

      The Supreme Court has recognized three sanctions for the violation of a Rule 615 sequestration order: (1) holding the offending witness in contempt; (2) permitting cross-examination concerning the violation; and, (3) precluding the witness from testifying. *United States v. Georges*, 1997 U.S. Lexis 14853, at *4 (9th Cir. 1997); *citing United States v. Hobbs*, 31 F.3d 918, 921 (9th Cir. 1994). It is "the law of this circuit 'that when a court fails to comply with Rule 615, prejudice is presumed and reversal is required unless it is manifestly clear from the record that the error was harmless or unless the prosecution proves harmless error by a preponderance of the evidence." *United States v. Brewer*, 947 F.2d 404, 411 (9th Cir. 1991). A witness' or their attorney's "willful violation of the Court's sequestration order has the same prejudicial effect as if the Court had failed to grant such a request and allowed" the witness to observe the other testimony. *Woodland v. City of Menlo Park*, 2013 U.S. Dist. LEXIS 147012, at *42-44 (N.D. Cal. 2013)(finding that although a witness was not personally aware of the sequestration order, his act of listening to prior testimony violated the court's sequestration order resulting in a new trial).

      In order to justify the disqualification of a witness from testifying, there must be a "particular set of circumstances justifying disqualification." *United States v. Lopez*, 1998 U.S. App. LEXIS 7120, at *11 (9th Cir. 1998). The trial court has the discretion to

6

impose a severe sanction as a result of the conduct by a witness in violation of a Rule 615 order. *United States v. Ward*, 18. Fed. Appx. 502, 504 (9th Cir. 2001); *citing United States v. Buchanan*, 787 F.2d 477, 485 (10th Cir. 1986).

  Mr. Avenatti respectfully requests that the testimony of Alexis Gardner be stricken as it is the only appropriate remedy under the circumstances. Ms. Gardner deliberately and purposefully sought out information regarding this case, was privy to the testimony of other witnesses, and by way of these tweets was given access to pleadings and evidence the jurors have not seen. Ms. Gardner was exposed to the testimony of others, which undercuts the purpose of Rule 615.

  Mr. Avenatti requested that the Court perform individualized voir dire at the time, in order to gather further information, but this request was denied. The Court then indicated that it would permit Mr. Avenatti to cross-examine Ms. Gardner regarding the specific tweets but did not give him the opportunity to have a 30-minute recess to print the specific tweets for his cross-examination. Further, even if this information would have been readily available, Mr. Avenatti would have been forced to inject inaccurate media and social media coverage into the trial and place it before the jury. This is directly contrary to the admonitions given to the jury to avoid such information because it otherwise violates Mr. Avenatti's right to due process. Accordingly, the circumstances warrant the retroactive preclusion of witness Alexis Gardner.

//
//
//
//

## III. CONCLUSION

Mr. Avenatti respectfully requests that the Court strike the testimony of government witness Alexis Gardner due to her violations of Federal Rule of Criminal Procedure 615.

Dated: August 11, 2021                    Respectfully submitted,

                                          /s/ Michael J. Avenatti

                                          Defendant
                                          MICHAEL JOHN AVENATTI

# EXHIBIT A



**EXHIBIT B
(LODGED MANUALLY WITH COURT)**

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California. I am not a party to the above-entitled action. I have caused, on August 11, 2021 service of the:

DEFENDANT'S MOTION TO STRIKE THE TESTIMONY OF ALEXIS GARDNER DUE TO VIOLATIONS OF RULE 615

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 11, 2021

/s/ H. Dean Steward
H. Dean Steward

9