Michael John Avenatti (Pro Se)

H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 497-6753

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | DEFENDANT'S BRIEF AND REQUEST FOR RELIEF RELATING TO WITNESS 1 |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Michael J. Avenatti ("Mr. Avenatti") comes now, through his advisory counsel of record, H. Dean Steward, and files his brief and request for relief relating to Witness 1.

Dated: August 11, 2021

Respectfully submitted,

/s/ Michael J. Avenatti

Defendant
MICHAEL JOHN AVENATTI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On August 8, 2021, defendant served Witness 1 with a trial subpoena requiring her to appear to testify in defendant's case-in-chief on Thursday, August 12. Witness 1 presently claims that she has Covid-19, although there is competing claims as to whether she informed the defense paralegal who served her on August 8, 2021 that she was no longer suffering from Covid-19. *See, e.g.*, Dkt. 674, 681.

## II. ARGUMENT

For each of the following reasons, Witness 1 should be required to comply with the subpoena and testify live or, if she is presently unable to do so due to her health, the trial should be adjourned until such time as she is able to testify live.

First, defendant accurately predicted that Covid-19 and the Delta variant would interfere with the ability to complete the trial in a proper manner. In fact, citing his concerns about Covid-19, defendant moved for a trial continuance. [Dkt. 547, filed July 19, 2021]. The government opposed. Despite the prejudice to the government associated with any delay being negligible, the defendant's motion was denied on July 20, 2021. *See e.g.*, Trial Tr. (7/20/21, Vol. 1) p. 7.

Second, defendant has a right to compulsory process and to call witnesses in his defense. A criminal defendant has the power to issue a subpoena pursuant to Federal Rule of Criminal Procedure 17 and both the government and the defendant "have the right to call witnesses, and the power to compel witness testimony is essential to our system of justice." *Barnett v. Norman*, 782 F.3d 417, 422 (9th Cir. 2015); *citing Blair v. United States*, 250 U.S. 273, 281-82 (1919). Indeed, the Supreme Court has repeatedly held that a defendant has a fundamental due process right to mount a defense and call witnesses on his behalf. *See, e.g., Taylor v. Illinois*, 484 U.S. 400, 409 (1988):

As we noted just last Term, "[o]ur cases establish, at a minimum, that criminal defendants have the right to the government's assistance in compelling the attendance of favorable witnesses at trial and the right to put before a jury evidence that might influence the determination of guilt." *Pennsylvania* v. *Ritchie*, 480 U.S. 39, 56 (1987). Few rights are more fundamental than that of an accused to present witnesses in his own defense, see, *e. g., Chambers* v. *Mississippi*, 410 U.S. 284, 302 (1973). Indeed, this right is an essential attribute of the adversary system itself.

"We have elected to employ an adversary system of criminal justice in which the parties contest all issues before a court of law. The need to develop all relevant facts in the adversary system is both fundamental and comprehensive. The ends of criminal justice would be defeated if judgments were to be founded on a partial or speculative presentation of the facts. The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts, within the framework of the rules of evidence. To ensure that justice is done, it is imperative to the function of courts that compulsory process be available for the production of evidence needed either by the prosecution or by the defense." *United States* v. *Nixon*, 418 U.S. 683, 709 (1974).

The right to compel a witness' presence in the courtroom could not protect the integrity of the adversary process if it did not embrace the right to have the witness' testimony heard by the trier of fact. The right to offer testimony is thus grounded in the Sixth Amendment even though it is not expressly described in so many words:

"The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law." *Washington v. Texas*, 388 U.S. 14, 19 (1967).

<u>Third</u>, a criminal defendant's right to confrontation is constitutionally guaranteed. U.S. Const. amend. VI; *accord Pennsylvania v. Ritchie*, 480 U.S. 39, 51 (1987). There is

3

also support that confrontation is a fundamental component of procedural and substantive due process under the Fifth and Fourteenth Amendments. Indeed, the right of confrontation is critical "where the evidence consists of the testimony of individuals whose memory might be faulty or who, in fact, might be perjurers or persons motivated by malice, vindictiveness, intolerance, prejudice, or jealousy." *Greene v. McElroy*, 360 U.S. 474, 496 (1959). A key component of testimony for a finder of fact is being able to perceive the witness and his or her nonverbal cues, behaviors, and reactions upon being asked questions. As Justice Scalia wrote, "The perception that confrontation is essential to fairness has persisted over the centuries because there is much truth to it. A witness may feel quite differently when he has to repeat his story looking at the man whom he will harm greatly by distorting or mistaking the facts. He can now understand what sort of human being that man is." *Coy v. Iowa*, 487 U.S. 1012, 1019 (1988) (quoting Zechariah Chafee, Jr., The Blessings of Liberty 35 (1956)). And under the Constitution's Confrontation Clause, a criminal witness must be physically present to testify. *See United States v. Gigante*, 166 F.3d 75, 80 (2d Cir. 1999).

      <u>Fourth</u>, it is widely understood among courts that videoconferencing is not a perfect substitute for live hearings. "The immediacy of a living person is lost." *Stoner v. Sowders*, 997 F.2d 209, 213 (6th Cir. 1993). Moreover, "watching an event on the screen remains less than the complete equivalent of actually attending it." *United States v. Lawrence*, 248 F.3d 300, 304 (4th Cir. 2001). Indeed, remote testimony may have a significant effect on a jury's ability to assess witness credibility, as well as how the witness is perceived.

      <u>Fifth</u>, Witness 1 is a critical defense witness. The government has (1) asked specific questions of its witnesses on direct relating to Witness 1 (i.e. AUSA Wyman on July 23, 2021: "Who is [Witness 1] who is ending this email"), (2) admitted trial exhibits bearing her name (i.e. Exhibit 7), and (3) had multiple contacts with Witness 1 during their investigation, including at least one interview - on March 2, 2020. This is

not surprising seeing as Witness 1 was one of the first two employees of Eagan Avenatti, LLP (fka Eagan O'Malley Avenatti, LLP) (together with Judy Regnier) when the firm began in 2007 and remained at the firm for approximately a decade, until 2017. According to her interview with the government, during this time, Witness 1 was the equal to Ms. Regnier, served as defendant's assistant and was active in communicating with the clients of the firm and assisting with the running of the law firm. She reported directly to the defendant and worked with all of the attorneys in the office. According to Ms. Regnier's trial testimony, Witness 1 was as active as Ms. Regnier at the firm. *See e.g.,* Trial Tr. (7/28/21, Vol. 2) p. 43. According to Witness 1 as stated at her interview with the government, during her tenure, Ms. Regnier never expressed any concerns about the firm to Witness 1. Witness 1 eventually quit the firm due to Ms. Regnier. Also, according to Witness 1, she assisted in completing attorney fee contracts with clients and was involved in the Geoffrey Johnson and Greg Barela cases. Further, on information and belief, Witness 1 recently testified in the Johnson arbitration matter. Finally, during her interview with the government, Witness 1 informed agents and AUSA Sagel that defendant never asked her to forge any signature, never asked her to destroy documents, and never asked her to manipulate any documents.

<u>Sixth</u>, the government's desire to quickly convict the defendant at all costs must yield to the defendant's Constitutional rights, including his right to due process, right to compulsory process, right to call witnesses, and right to confrontation. First the trial must be done right. Only then can it be done quickly.

### III. CONCLUSION

For each of the above reasons, Witness 1 should be required to comply with the subpoena and testify live or, if she is presently unable to do so, the trial should be adjourned until such time as she is able to testify live.

5

Dated:  August 11, 2021         Respectfully submitted,

/s/ Michael J. Avenatti

Defendant
MICHAEL JOHN AVENATTI

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California. I am not a party to the above-entitled action. I have caused, on August 11, 2021 service of the:

 DEFENDANT'S BRIEF AND REQUEST FOR RELIEF RELATING TO WITNESS 1 on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 11, 2021

/s/ H. Dean Steward
H. Dean Steward

7