1  TRACY L. WILKISON
   Acting United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
4  Assistant United States Attorney
   Major Frauds Section
5       1100 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-2435
7       Facsimile: (213) 894-6269
        Email:     Alex.Wyman@usdoj.gov
8
   BRETT A. SAGEL (Cal. Bar No. 243918)
9  Assistant United States Attorney
        Ronald Reagan Federal Building
10      411 West Fourth Street, Suite 8000
        Santa Ana, California 92701
11      Telephone: (714) 338-3598
        Facsimile: (714) 338-3708
12      Email:     Brett.Sagel@usdoj.gov

13 Attorneys for Plaintiff
   UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 19-061-JVS |
|---|---|
| Plaintiff, | GOVERNMENT'S POSITION ON THE COURT'S FINAL JURY INSTRUCTIONS AS OF AUGUST 11, 2021, AND ADDITIONAL PROPOSED JURY INSTRUCTION |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby files its Position on the Court's Final Jury Instructions as of August 11, 2021, and Additional Proposed Jury Instruction.

This Position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 11, 2021               Respectfully submitted,

                                                          TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


                                                          /s/
                                         BRETT A. SAGEL
ALEXANDER C.K. WYMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

On August 11, 2021, the Court submitted to the parties the Court's current set of final jury instructions. The government has reviewed the Court's instructions and hereby provides its position on the following instructions:

- Court's Instruction No. 13: This instruction concerns evidence that defendant has previously been convicted of a crime. By its terms, it appears to be applicable only if defendant testifies.
- Court's Instruction No. 18: No government witness who has testified in this trial has been given immunity. This instruction therefore appears to be inapplicable.
- Court's Instruction No. 20: It has not been shown that any government witness "lied under oath on an earlier occasion." The only possible witness the government is aware of who has previously lied under oath is defendant. Moreover, to the extent that defendant has a good faith belief that a government (or defense) witness lied under oath, Ninth Circuit Model Jury Instructions Nos. 1.7 and 3.9 adequately instruct the jury on evaluating witness credibility.
- Court's Instruction No. 26: The government does not object to this "good faith" instruction, but it should be paired -- or combined -- with Court's Instruction No. 29, which also discusses good faith, as the Ninth Circuit approved in United States v. Molinaro, 11 F.3d 853, 863 (9th Cir. 1993).

In addition, the government proposes that the Court give the following instruction regarding the absence of any requirement by the government to prove that the victims suffered particular losses:

> "Intent to deceive and cheat" means that, to be guilty of wire fraud, a defendant must act with the intent not only to make false statements or utilize other forms of deception, but also to deprive a victim of money or property by means of those deceptions.
>
> The government is not required to prove that a victim suffered any particular amount of loss or any loss at all, only that the defendant intended to deprive the victim of money or property by deceptive means. It is not a defense that the defendant intended to repay the victim later, or compensate the victim with something of equal value.
>
> Sources: Comment to 9th Cir. Model Criminal Jury Instr. No. 8.124; United States v. Miller, 953 F.3d 1095, 1101-03 (9th Cir. 2020); Shaw v. United States, 137 S. Ct. 462, 467 (2016); Nijhawan v. Holder, 557 U.S. 29, 32 (2009).

This instruction is necessary to rebut the arguments defendant made during his opening statement, and has attempted to make during cross-examination, that the government is required to prove the exact losses suffered by each victim. Specifically, defendant made the following argument during his opening statement:

> **It is the government's burden to prove, ladies and gentlemen, each and every one of these items to the dollar.** This is a criminal case, a serious one. This isn't a civil case. It's not a State Bar proceeding. **Close is not good enough. To the dollar, ladies and gentlemen**. And the evidence will show that despite working on this case for well over two years, despite all of the resources and agents of the federal government, they still don't have the numbers right. It doesn't add up.

(RT 7/21/2021, Vol. 1, at 69 (emphasis added).) Over the course of trial, defendant has attempted to make this argument through cross-examining government witnesses, requesting his victims on the stand to perform math calculations about exactly how much they are owed in

2

an apparent attempt to prove that the government cannot pinpoint the exact number of their losses. Defendant has then repeatedly asked witnesses whether the government has previously asked the victims to perform these calculations. Defendant's clear implication in doing so is that he is not guilty of wire fraud if the government cannot establish how much the victims lost.

That is not the law. The Supreme Court acknowledged as much in Nijhawan v. Holder, 557 U.S. 29, 32 (2009), in which it noted that "none of these statutes [mail fraud, wire fraud, bank fraud, and money laundering, 18 U.S.C. §§ 1341, 1343, 1344, 1956(h)] requires a finding of any particular amount of victim loss." In Shaw v. United States, the Supreme Court explicitly held that the bank fraud statute, 18 U.S.C. § 1344, "while insisting upon 'a scheme to defraud,' **demands neither a showing of ultimate financial loss nor a showing of intent to cause financial loss**." 137 S. Ct. 462, 467 (2016) (emphasis added). As the Court reasoned, "Many years ago Judge Learned Hand pointed out that '[a] man is none the less cheated out of his property, when he is induced to part with it by fraud,' **even if 'he gets a quid pro quo of equal value.'**" Id. (quoting United States v. Rowe, 56 F.2d 747, 749 (2d Cir. 1932)). "That is because '[i]t may be impossible to measure his loss by the gross scales available to a court, but he has suffered a wrong; he has lost,' for example, 'his chance to bargain with the facts before him.'" Id.

Indeed, the law is clear that a defendant need not have "an intent to permanently deprive a victim of money or property" to be guilty of wire fraud. United States v. Miller, 953 F.3d 1095, 1103 (9th Cir. 2020) (emphasis added). "Intent to repay, therefore, is

3

not a defense to wire fraud." Id.; see also Ninth Circuit Model Criminal Jury Instruction No. 8.124, comment ("Miller also left unchanged the precedent that intent to repay 'is not a defense to wire fraud.'" (quoting Miller, 953 F.3d at 1103)).

Without this instruction, the jury may be confused by defendant's arguments and believe that defendant is only guilty of wire fraud if the government proves that his victims suffered a particular amount of loss. Because this proposed instruction provides helpful guidance on the definition of "intent to deceive and chat" from the recent published Ninth Circuit opinion (Miller) that rendered that definition of "intent to defraud," the government believes that this additional instruction in its entirety is appropriate and would help the jury. At the very least, however, the government requests that the following language be included in what is currently the Court's Instruction No. 29: "The government is not required to prove that a victim suffered any particular amount of loss or any loss at all, only that the defendant intended to deprive the victim of money or property by deceptive means."

4