1  Michael John Avenatti (Pro Se)

2  H. Dean Steward, SBN 85317
   17 Corporate Plaza, Suite 254
3  Newport Beach, California 92660
   Tel (949) 481-4900
4  Fax (949) 497-6753

5  Advisory Counsel for Defendant
   MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | DEFENDANT'S MOTION FOR MISTRIAL DUE TO PURPOSEFUL GOVERNMENTAL VIOLATIONS OF FEDERAL RULE OF EVIDENCE 615 |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his advisory counsel of record, H. Dean Steward, hereby moves and files his Motion for a Mistrial Due to Purposeful Governmental Violations of Federal Rule of Evidence 615. Defendant's motion is based on the attached memorandum of points and authorities; the evidence referenced in the attached; the files, records and transcripts in this case and the other cases cited herein; and such further evidence and argument as the Court may permit at a hearing on this matter.

Dated: August 11, 2021      Respectfully submitted,

                            /s/ Michael J. Avenatti

                            Defendant
                            MICHAEL JOHN AVENATTI

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION AND FACTUAL BACKGROUND

Prior to opening statements and in anticipation of his case-in-chief, defendant Michael John Avenatti ("Mr. Avenatti") served trial subpoenas on five government agents, including Special Agents Remoun Karlous, James Kim, and Ryan Roberson. Messrs. Karlous, Kim and Roberson were all served on July 14, 2021. Each of the agents actively participated in the investigation of this case, gathered evidence in connection with this case, and/or had considerable interactions with witnesses in this case concerning the subject matter(s) of their testimony. On July 16, 2021, defendant moved for an order pursuant to Rule 615 requiring all trial witnesses, including all government agents subpoenaed by the defense, to be excluded from the courtroom. [Dkt. 545.]

On July 21, 2021, at the urging of the government and over the objection of the defendant, the Court deemed the subpoenas of the agents "ineffective" due to defendant's failure to comply with the *Touhy* regulations. *See, e.g.*, Trial Tr. (7/21/21, Vol. 1), p. 15-16. At the request of AUSAs Sagel and Wyman, Special Agent Kim and Special Agent Roberson proceeded to be present in the courtroom at all relevant times, including to listen the testimony of witnesses, on July 21, 2021, July 22, 2021, July 23, 2021, July 27, 2021, July 28, 2021, July 29, 2021, and July 30, 2021 (the first seven trial days). The agents' presence was even referenced during the testimony of several witnesses. *See, e.g.,* Trial Tr. (7/21/21, Vol. 1) p. 60-61; Trial Tr. (7/21/21, Vol. 2) p. 12, 13, 17, 67, 104, 107, 108; Trial Tr. (7/23/21, Vol. 1) p. 69, 91; Trial Tr. (7/23/21, Vol. 2) p. 7, 96.

On July 31, 2021, Mr. Avenatti filed a "Motion for Reconsideration of the Court's Order Deeming Defendant's Five Subpoenas Served on Government Agents Ineffective due to Failure to Comply with *Touhy* Regulations." [Dkt. 614]. In his motion, the defendant explained that the government had led the Court to commit reversible error

under the law of the Ninth Circuit. On August 2, 2021, the government filed an Opposition. [Dkt. 630].

On August 3, 2021, the Court heard the defendant's motion. The Court ruled, "The Court summarily in effect quashed the subpoenas based on a failure to comply with [*Touhy*]. I don't believe the defendant has to comply with [*Touhy*]." *See e.g.,* Trial Tr. (8/3/21, Vol. 1) p. 6. The Court reconsidered its prior Order and vacated its prior ruling that quashed the prior subpoenas related to Special Agents James Kim, Ryan Roberson and Remoun Karlous. *See e.g.,* Trial Tr. (8/3/21, Vol. 1) p. 6.

Later on August 3, 2021, Mr. Avenatti made an oral motion for a mistrial as a result of a violation of Federal Rule of Evidence 615. *See e.g.,* Trial Tr. (8/3/21, Vol. 1) p. 19. Mr. Avenatt stated, "We made a motion at the beginning of trial for witness exclusion, and in particular we asked that the rule be followed. Your Honor allowed the agents to remain in the courtroom, all three agents. We can provide a filing to the Court, all three agents have been in this courtroom this entire trial. Under *Kyles v. Whitley*, it is a principal defense of mine relating to the sloppiness of this investigation. And these agents, all three of them -- Mr. [Karlous], Mr. Roberson, and Mr. Kim -- have been sitting in this courtroom listening to the testimony. They should have been excluded pursuant to 615. The subpoenas should have never been quashed for the reasons they were quashed, and therefore I'm making a motion for mistrial. And in the alternative, I want them excluded from the courtroom." *See e.g.,* Trial Tr. (8/3/21, Vol. 1) p. 19-20. The Court ruled, "At this point the Court declined to exclude them prior to the motion for reconsideration. It was proper. I reconsidered. Those agents will be excluded except Agent [Karlous], who is the government's chief agent. It's appropriate that he be here. The others given that I've reinstated the screens will be excluded. The motion for mistrial is denied." *See e.g.,* Trial Tr. (8/3/21, Vol. 1) p. 20.

## II. LEGAL STANDARD

The Court's failure to exclude Special Agents Kim and Roberson at the beginning of the trial testimony was highly prejudicial and constitutes a violation of Mr. Avenatti's right to due process as guaranteed under the Constitution. **"It is the law of this circuit that 'when a court fails to comply with Rule 615, prejudice is presumed and reversal is required unless it is manifestly clear from the record that the error was harmless or unless the prosecution proves harmless error by a preponderance of the evidence.' *United States v. Ell,* 718 F.2d 291, 293-94 (9th Cir. 1983)."** *United States v. Brewer*, 947 F.2d 404, 408 (9th Cir. 1991) (emphasis added). Here, the government purposely led the Court to commit reversible error and then, knowing that error had occurred, compounded their misconduct and the prejudice to the defendant by insisting that the agents remain in the courtroom to listen to seven days of trial testimony. This was improper.

Rule 615 of the Federal Rules of Evidence requires that: "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. The rule, which traces its origins to Biblical times, seeks to preserve evidence's integrity by preventing one witnesses' testimony from influencing another witness's statements. *See, e.g.*, *Perry v. Leeke*, 488 U.S. 272, 281-82 (1989)("[W]itnesses may be sequestered to lessen the danger that their testimony will be influenced by hearing what other witnesses have to say, and to increase the likelihood that they will confine themselves to truthful statements based on their own recollections."); *United States v. McGirr*, 660 F. App'x 685, 690 (10th Cir. 2016)("'The purpose of the rule is to prevent one witness from shaping his testimony to match that given by other witnesses at the trial.'" (quoting *Tasty Baking Co. v. N.L.R.B.*, 254 F.3d 114, 122-23 (D.C. Cir. 2001)); *United States v. Salcido Luzania*, 173 F.3d 865, 1999 WL 176130, at *5 (10th Cir. 1999)(unpublished table opinion)("The rule's purpose is obvious -- to prevent the shaping of testimony by hearing what other witnesses say." (citing *Taylor v. United*

3

*States*, 388 F.2d 786, 788 (9th Cir. 1967)); *Opus 3 Ltd. v. Heritage Park, Inc.*, 91, F.3d 625, 628 (4th Cir. 1996)("The rule is designed to discourage and expose fabrication, inaccuracy, and collusion." (citing Rule 615 advisory committee's note; *United States v. Leggett*, 326 F.2d 613, 613 (4th Cir. 1964)); *United States v. Shurn*, 849 F.2d 1090, 1094 (8th Cir. 1988)("The practice of excluding witnesses serves to prevent them from tailoring their testimony to that which has already been presented, and helps to detect testimony that is less than candid." (citing *United States v. Perry*, 815 F.2d 1100, 1105 (7th Cir. 1987))).

The rule is grounded in long-standing common law legal traditions advancing the same purposes. *See, e.g.*, *United States v. Williams*, 136 F.3d 1166, 1168-69 (7th Cir. 1998)("The rule codified a well-established common law tradition of sequestering witnesses "'as a means of discouraging and exposing fabrication, inaccuracy, and collusion.'" (citing *United States v. Jackson*, 60 F.3d 128, 133 (2d Cir. 1995))); *United States v. Jackson*, 60 F.3d at 133 ("The Supreme Court observed that this practice, which goes back to 'our inheritance of the common Germanic law,' serves two purposes: it 'exercises a restraint on witnesses 'tailoring' their testimony to that of earlier witnesses; and it aids in detecting testimony that is less than candid.'" (quoting *Geders v. United States*, 425 U.S. 80, 87 (1976))); *Frideres v. Schiltz*, 150 F.R.D. 153, (S.D. Iowa 1993)(Bennett, M.J.)(tracing witness sequestration to Biblical times).

Rule 615 expands on the long-standing common law by making witness sequestration <u>a matter of right</u> when a party requests sequestration within the rule's scope. *See* Fed. R. Evid. 615 advisory committee's notes ("The authority of the judge is admitted, the only question being whether the matter is committed to his discretion or one of right. The rule takes the latter position. No time is specified for making the request."); *United States v. Seschillie*, 310 F.2d 1208, 1213 n.3 (9th Cir. 2002)("Because Rule 615 states that the court, at the request of a party, *shall* order witnesses excluded, '[t]he rule makes the exclusion a matter of right and the decision is no longer committed

4

to the court's discretion as it once was.'" (emphasis in *United States v. Seschillie*)(quoting *United States v. Brewer*, 947 F.2d 404, 408 (9th Cir. 1991); and citing *United States v. Ell*, 718 F.2d 291, 293-94 (9th Cir. 1983))).

### III. ARGUMENT

The government led the Court to commit reversible error when it requested that the Court rely on *Touhy* when it was on notice <u>for two weeks prior</u> that *Touhy* did not apply in a criminal case. Indeed, in connection with the subpoena of agents out of the Southern District of New York, AUSA Sagel objected via email to the lawfulness of the subpoenas and cited *Touhy*. In response, on July 6, 2021, advisory counsel H. Dean Steward sent AUSAs Sagel and Wyman an e-mail alerting them that *Touhy* regulations "are not applicable in a criminal case in the Ninth Circuit." *See, e.g.,* Exhibit A (E-mail Correspondence). Counsel even specifically directed the government to *United States v. Bahamonde*, 445 F.3d 1225 (9th Cir. 2006) and requested contrary authority. *See id*. <u>But no such contrary authority was provided</u>. Instead, two weeks later, the government proceeded to lead the Court astray by urging the Court to quash the subpoenas for failure to comply with *Touhy*, knowing full well that on-point Ninth Circuit authority was directly contrary to their position. To make matters worse, they did so without alerting the Court to *Bahamonde*.

The Court, relying on the government's *Touhy* objections and their presumed good faith, proceeded to quash the subpoenas related to Special Agent Kim and Special Agent Roberson. The government then proceeded to have the agents remain in the courtroom and listen to the trial testimony of Carlos Colorado, Tom Goeders, Elsa Guerrero, Thomas Hurrell, Geoffrey Johnson, Patrick McNicholas, Judy Regnier, Nshan Taschyan, Joel Weiner, Joseph Varani, and a portion of the testimony of Alexis Gardner. Both Agents Kim and Roberson had the luxury of listening to the testimony of these witnesses prior to being called as witnesses in Mr. Avenatti's defense case, including questions

relating to the scope and conduct surrounding the government's investigation (i.e. *Kyles v. Whitley* related inquiry). This is precisely the type of situation that Rule 615 was created to avoid. Mr. Avenatti is now forced to choose between calling Special Agent Kim and Special Agent Roberson with knowledge that they have been privy to the testimony of 11 government witnesses **or** forgo calling them as witnesses all together despite their extensive work on both the investigation and preparation of this case. This dilemma results from the government's misconduct and is highly prejudicial.

A mistrial is the only appropriate remedy under these facts. The government led the Court to commit reversible error when it relied on *Touhy* despite knowing that the Ninth Circuit had determined that the defendant need not comply with the provisions of *Touhy* in order to effectuate a proper subpoena of a federal agent. The government then purposely compounded the error and the prejudice to the defendant by insisting on having the agents in the courtroom for the testimony of 11 government witnesses. Mr. Avenatti should not have been put in a position where he is forced to decide between calling an agent that has been privy to the testimony of eleven government witnesses or forgo his examination of these witnesses all together. Having purposely violated Rule 615 and interfered with Mr. Avenatti's right to due process, prejudice is presumed under Ninth Circuit authority and a mistrial should be granted.

## IV. CONCLUSION

For each of the reasons stated above, defendant respectfully requests that the Court grant the motion for a mistrial.

Dated: August 11, 2021                Respectfully submitted,

/s/ Michael J. Avenatti

Defendant
MICHAEL JOHN AVENATTI

6

# EXHIBIT A



Dean Steward <deansteward7777@gmail.com>
Tue 7/6/2021 5:34 PM
To: Sagel, Brett (USACAC); Wyman, Alex (USACAC)

Brett and Alex:

The Touhy regulations you reference are not applicable in a criminal case in the Ninth Circuit. See *United States v. Bahamonde*, 445 F.3d 1225 (9th Cir. 2006). If you have any contrary authority, please provide it.

Please confirm you will accept service of all of the subpoenas.

Dean

--



949-481-4900  www.deansteward.com

## CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California. I am not a party to the above-entitled action. I have caused, on August 11, 2021, service of the:

DEFENDANT'S MOTION FOR MISTRIAL DUE TO PURPOSEFUL GOVERNMENTAL VIOLATIONS OF FEDERAL RULE OF EVIDENCE 615

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 11, 2021

/s/ H. Dean Steward
H. Dean Steward