TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     Email:    Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR MISTRIAL BASED ON VIOLATIONS OF RULE 615 (CR 686); EXHIBIT 1 |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby files its Opposition to Defendant's Motion for Mistrial Based on Violations of Rule 615 (CR 686).

This Opposition is based upon the attached memorandum of points and authorities, the attached exhibit, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 12, 2021          Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

          /s/
BRETT A. SAGEL
ALEXANDER C.K. WYMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant MICHAEL JOHN AVENATTI again moves for a mistrial based on a violation of Federal Rule of Evidence 615 that did not occur. The Court already denied defendant's motion on this very basis on August 3, 2021, after the Court reinstated defendant's subpoenas regarding the government's case agents, and nothing has changed since then.  The Court had -- and has -- discretion to allow multiple government case agents to be in the courtroom during trial, so even if the subpoenas were deemed valid from the start of trial, there is no violation of Rule 615 by allowing the case agents to remain in the courtroom.  Moreover, the remedy for any Rule 615 violation would be the opportunity to cross-examine the witnesses regarding their exposure to the other testimony, and defendant will have that opportunity should he choose to call any of the government's case agents.  Finally, even assuming a Rule 615 violation, there is no prejudice to defendant because the Court properly ruled that the government could communicate with the other case agents about the witnesses' testimony because defendant "can't co-op them from doing their normal duties."  (RT 8/4/2021 at 21.)  The Court should again deny defendant's motion for a mistrial.

**II.  BACKGROUND**

On July 21, 2021, defendant sought to exclude from the courtroom IRS-CI Special Agents James Kim and Ryan Roberson on the basis that they, along with Special Agent Remoun Karlous, were under subpoena by the defense.  (RT 7/21/2021 at 16.)  After the Court inquired as to whether these agents had been subpoenaed, government counsel responded, "we don't believe there is either proper service, proper

subpoena, or that they complied with the regulations." (Id.) Indeed, the subpoenas that the agents had received at that time -- and they have not received any different subpoenas since -- were neither "signed and sealed" by the Clerk of Court nor accompanied by information regarding "the witness one day's witness-attendance fee and the legal mileage allowance," as required by Federal Rule of Criminal Procedure 17. Fed. R. Crim. P. 17(a), (d).[1] (See Ex. 1 (photographs of subpoenas received by agents).) The Court then stated, "If there has been no [Touhy] compliance, until proven otherwise, I regard the subpoenas as ineffective and both agents may remain." (RT 7/21/2021 at 16.)

On August 3, 2021, the Court reconsidered its order quashing the subpoenas to Special Agents Karlous, Kim, and Roberson. (RT 8/3/2021 at 6.) Defendant then made a motion for a mistrial or, "in the alternative, I want them excluded from the courtroom." (Id. at 20.) The Court ordered that Special Agents Kim and Roberson be excluded from the courtroom for the remainder of the trial, and ruled that "[t]he motion for mistrial is denied." (Id.)

After the Court's ruling, government counsel noted that defendant "still has to provide some basis to Your Honor of why he is calling these agents," and that "[t]here needs to be a 403 proffer to the Court, even if it's not in our presence, that it's not just a fishing expedition, which has been most of his examinations to date." (Id.) The Court responded that the testimony of these agents would not "come on in any event until the defense's case-in-chief." (Id.

---

[1] In addition to raising the concerns regarding possible deficiencies in the subpoena and/or service in court, the government similarly noted that the subpoenas were unsigned when opposing defendant's motion for reconsideration. (CR 630 at 1 n.1.)

2

at 21.) The Court then stated to defendant, "So I will direct that we hold either an in-camera session or you give me some indication as to the relevance of these folks or do it in writing." (Id.) Defendant responded that he "will do that in advance of the case-in-chief." (Id.) To the government's knowledge, defendant still has yet to provide that proffer in camera.

The following day, August 4, 2021, government counsel asked for clarification regarding the Court's exclusion order with respect to Special Agents Kim and Roberson. (RT 8/4/2021 at 20-21.) Specifically, government counsel noted that Special Agents Kim and Roberson "are case agents on this matter," and that, although "[t]hey're not in this courtroom" and "[t]hey're not going to be following along obviously here," the government still intended to work with the case agents: "We are still working with them. We want to make sure that we can continue to communicate with them about the case. They know what the case is about, and we can proceed as usual just without them being in the courtroom. I just want to make sure that we're not running afoul." (Id.) In response, the Court held, "That's the only restriction. Just because Mr. Avenatti may wish to call them, there is no basis to exclude them from their ongoing regular duties in this case." (Id. at 21.) Defendant objected to "any communication of any witness testimony by any witness in this matter to any individual who has been excluded under 615, including those two agents." (Id.) And the Court ruled, "Sir, you can't co-op them from doing their normal duties. . . . Sir, to the extent they need to know what's going on in the courtroom to perform their duties, you can't co-op them from doing that. Moreover, you have yet to file a witness list. You have yet to commit to any single

witness." (Id. at 21.) As of this filing, defendant still has yet to provide a witness list to the government.

**III. ARGUMENT**

First, the Ninth Circuit clearly has stated that a district court has the discretion in deciding whether a witness, and particularly case agents, should be excluded from the courtroom pursuant to Federal Rule of Evidence 615. See United States v. Valencia-Riascos, 696 F.3d 938, 940, 941 (9th Cir. 2012) ("Federal Rule of Evidence 615 requires a district court to permit a designated officer to be present during trial. Any related decisions are discretionary."). When the Court initially refused to exclude the two IRS-CI Special Agents from the courtroom, the district court, within its discretion, determined that there was not a basis to exclude the agents at that time. The government from the outset stated there were several reasons, not just based on the Touhy regulations, see 28 C.F.R. § 16.21 et seq., that the subpoenas to the agents may not be sufficient to exclude them from the courtroom simply because defendant attempted to subpoena them. (RT 7/21/2021 at 16.) An additional reason, raised later by the government, was that defendant had still (and has still) yet to proffer to the Court the relevancy of their testimony. (RT 8/3/2021 at 6.) The Court within its discretion initially permitted the agents to remain in the courtroom, and upon reconsideration, the Court, again within its discretion, excluded two of the case agents. Both exercises of discretion by the Court were proper.

Second, the government's failure to exclude these agents during the first portion of trial was not deliberate, but based on the government's belief that defendant had not met all bases to exclude

4

the witnesses and in reliance on the Court's ruling. As the Court properly noted when reconsidering its exclusion ruling, the appropriate sanction for a Rule 615 violation is to allow defendant to cross-examine the agent-witness about his exposure where, as here, the violation is not deliberate. United States v. Robertson, 895 F.3d 1206, 1216 (9th Cir. 2018). As with Robertson, the government did not intend to violate the exclusion order, and defendant remains free to cross-examine either of the case agents who were present for a week of testimony in front of the jury "to cure any unintentional violation." Id. (citing cases for the rule that imposing a remedy for a Rule 615 is left to the sound discretion of the trial court).

Third, there is no prejudice to defendant and he cannot cite any. Although defendant claims he may want to call the agents to show an alleged deficiency in the investigation, defendant has not cited any basis for which listening to witness testimony would prevent defendant from inquiring into their purported actions or inactions prior to the trial or how their presence would alter his ability to present his case. The Ninth Circuit has rejected a general Due Process claim on similar complaints that an agent may be able to alter his testimony based on listening to defendant's opening statements and testimony of other prosecution witnesses. Valencia-Riascos, 696 F.3d at 942-43. Moreover, the Court has correctly overruled defendant's objection -- even after reconsidering its ruling quashing the subpoenas -- to the government sharing information regarding the trial with Special Agents Roberson and Kim. (RT 8/4/2021 at 20-21.) The marginal additional exposure to the agents of actually being in the courtroom for the first week of trial does not cause defendant any prejudice.

For all the reasons the Court stated previously, there was no violation of Rule 615 and, if any violation occurred, the appropriate remedy in this Court's sound discretion would be to allow cross-examination of the witnesses based on their exposure to the testimony at trial.

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion for a mistrial.

# EXHIBIT 1

Attorney's Name, Address & Phone:

H. Dean Steward, Esq., Bar No. 85317
17 Corporate Plaza, Suite #250
Newport Beach, CA 92660
Telephone: (949) 481-4900
Fax: (949)706-9994
Email: deansteward7777@gmail.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| United States of America | CASE NUMBER |
|---|---|
| PLAINTIFF | SA CR No. 19-061-JVS |
| v. | |
| Michael John Avenatti | SUBPOENA IN A CRIMINAL CASE |
| DEFENDANT(S) | |

TO:   SA James Kim

☒ **YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

Place: Ronald Reagan Fed Bldg & U.S. Courthouse, 411 W. 4th Street, Santa Ana, CA , Courtroom: 10-C

Date: July 20, 2021 , Time: 9:00 am .

☐ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):



Kiry K. Gray, Clerk of Court

July 5, 2021
Date

CR-21 (10/15)   SUBPOENA IN A CRIMINAL CASE   Page 1 of 2

| PROOF OF SERVICE |||||
|---|---|---|---|---|
| Received by Server | DATE | | PLACE ||
| Served | DATE | | PLACE ||
| SERVED ON (PRINT NAME) |||  FEES AND MILEAGE TENDERED TO WITNESS  ☐ Yes ☐ No  Amount $ ||
| SERVED BY (PRINT NAME) |||  TITLE ||

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
            Date                                         *Signature of Server*

Address of Server: _____

ADDITIONAL INFORMATION

Attorney's Name, Address & Phone:

H. Dean Steward, Esq., Bar No. 85317
17 Corporate Plaza, Suite #250
Newport Beach, CA 92660
Telephone: (949) 481-4900
Fax: (949)706-9994
Email: deansteward7777@gmail.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America | | CASE NUMBER |
|---|---|---|
| | PLAINTIFF | SA CR No. 19-061-JVS |
| v. | | |
| Michael John Avenatti | | SUBPOENA IN A CRIMINAL CASE |
| | DEFENDANT(S) | |

TO: SA Roberson, Ryan

☒ YOU ARE HEREBY COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

Place: Ronald Reagan Fed Bldg & U.S. Courthouse, 411 W. 4th Street, Santa Ana, CA ,Courtroom: 10-C

Date: July 20, 2021 , Time: 9:00 am .

☐ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):



_____          July 5, 2021
Kiry K. Gray, Clerk of Court           Date

SUBPOENA IN A CRIMINAL CASE                                Page 1 of 2

CR-21 (10/18a)

Attorney's Name, Address & Phone:

H. Dean Steward, Esq., Bar No. 85317
17 Corporate Plaza, Suite #250
Newport Beach, CA 92660
Telephone: (949) 481-4900
Fax: (949)706-9994
Email: deansteward7777@gmail.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America | CASE NUMBER |
|---|---|
| PLAINTIFF | SA CR No. 19-061-JVS |
| v. | |
| Michael John Avenatti | SUBPOENA IN A CRIMINAL CASE |
| DEFENDANT(S) | |

TO:   SA Remoun Karlous

☒ **YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

Place: Ronald Reagan Fed Bldg & U.S. Courthouse, 411 W. 4th Street, Santa Ana, CA     Courtroom: 10-C

Date: July 20, 2021     Time: 9:00 am

☐ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

Kiry K. Gray, Clerk of Court

July 5, 2021
Date

CR-21 (10/15)     SUBPOENA IN A CRIMINAL CASE     Page 1 of 2