TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     Email:    Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE THE TESTIMONY OF ALEXIS GARDNER DUE TO VIOLATIONS OF RULE 615 (CR 679) |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby files its Opposition to Defendant's Motion to strike the testimony of Alexis Gardner due to violations of Rule 615 (CR 679).

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 16, 2021             Respectfully submitted,

                                   TRACY L. WILKISON
                                   Acting United States Attorney

                                   SCOTT M. GARRINGER
                                   Assistant United States Attorney
                                   Chief, Criminal Division


                                        /s/
                                   BRETT A. SAGEL
                                   ALEXANDER C.K. WYMAN
                                   Assistant United States Attorneys

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

On August 3, 2021, during victim Alexis Gardner's testimony, defendant claimed there was a Rule 615 violation based on Ms. Gardner's answers to questions about reading about the case prior to her testimony. The Court responded that "reviewing tweets is not the equivalent of reviewing transcripts and that there is, in fact, no Rule 615 violation here." (RT 8/3/2021 V.2 at 4.) The Court further stated that "there's no indication that the witness, Ms. Gardner, did so at the request of the Government or even with the knowledge of the Government." (Id.) Relying upon United States v. Robertson, 895 F.3d 1206, 1216 (9th Cir. 2018), the Court ruled that, "[a]ssuming there was a Rule 615 violation, . . . the remedy is cross-examination." (RT 8/3/2021 V.2 at 4.) The Court, in its discretion, determined that it would not conduct an evidentiary hearing and did not believe disqualifying the witness was an appropriate remedy "given the limited exposure via Ms. Cuniff's tweets." (Id. at 5.) See also Robertson, 895 F.3d at 1216 (citing cases for the rule that imposing a remedy for a Rule 615 is left to the sound discretion of the trial court). The Court provided defendant with the opportunity to further cross-examine the witness about what she was exposed to and what effect it had on her testimony. (RT 8/3/2021 V.2 at 5.)

On August 11, 2021, defendant filed a motion to strike the testimony of Alexis Gardner due to alleged violations of Rule 615. (CR 679.) Other than baseless accusations about a reporter and attaching an exhibit that shows the tweets the reporter had written during the trial, defendant provides no new basis for the Court to

reconsider its prior ruling.[1]  Moreover, the Court's prior ruling was correct and no evidence submitted by defendant changes that.

In addition, a review of Ms. Gardner's testimony hardly supports the claims defendant made on August 3, 2021, or in his present motion.  Prior to the Court's ruling on August 3, 2021, defendant asked Mr. Gardner whether she's "been following the case over the last two weeks," to which she replied, "Yes and no. It's a bit stressful, so I try to stay away from it."  (RT 8/3/2021 V.1 at 25.)  Defendant then inquired if Ms. Gardner "read things on social media about this case," to which she answered, "L.A. Times as well as social media," including Twitter.  (Id.)  Defendant then questioned whether she "read the tweets because [she] wanted to find out what was going on in the case," to which she stated she "read the tweets because [she] was scared" and "wanted to know what [she] was walking into."  (Id. at 26.)  At no point prior to defendant's claim of a Rule 615 violation did defendant elicit any testimony about what she read or saw from another witness nor what if anything impacted her testimony.

After the Court denied defendant's remedies under defendant's claim of a Rule 615 violation, defendant's additional cross-examination of Ms. Gardner did not provide any further basis for a Rule 615 violation.  Ms. Gardner testified that she "slept a lot"

---

[1] Both in Court and in defendant's filing, defendant accuses the reporter of inaccurate reporting and spreading misinformation; however, defendant does not provide a single example of such. Without any basis in fact, as none exists, defendant accuses the reporter of "maintaining a relationship" with the government prosecutors (CR 679 at 3 n.2), whatever that means.  In the same footnote, defendant ironically refers to an attorney who has never been convicted of a crime and still has a license to practice law as "disgraced."  (Id.)

2

during the two prior weeks of the case (RT 8/3/2021 V.2 at 13), and stated the way she found the L.A. Times article and twitter information on the case was through a search of her name on google and twitter (id. at 15).

Ms. Gardner's testimony provided no basis to establish a Rule 615 violation because, as the Court properly noted, reviewing tweets does not equal being present at a trial or reviewing a transcript of the trial. Furthermore, nothing in her testimony established a "deliberate" violation of Rule 615; therefore, even if there was a violation, the remedy the Court provided, further cross-examination, was entirely appropriate. Finally, nothing in defendant's Exhibit B to his filing changes anything. The Court should deny defendant's motion in its entirety.