Michael John Avenatti (Pro Se)

H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 497-6753

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
| Plaintiff, | DEFENDANT'S POSITION REGARDING THE JURY INSTRUCTIONS AS OF AUGUST 16, 2021 |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his advisory counsel of record, H. Dean Steward, hereby provides his position regarding the current draft jury instructions, including his objections and requests for modification and additional instructions.

Dated:  August 16, 2021

Respectfully submitted,

/s/ Michael J. Avenatti

Defendant
MICHAEL JOHN AVENATTI

On August 11, 2021, the Court provided the parties with the Court's current set of final jury instructions. On August 11, 2021, the government provided comments, objections and requests for additional instructions. [Dkt. 685].  The parties are presently in trial.  On August 13, 2021, the government rested.  The defense case begins tomorrow on August 17, 2012.

Mr. Avenatti hereby submits his position as to the current draft instructions, including his objections, requested modifications and requested additional instructions. Mr. Avenatti expressly reserves the right to further object, request further modification, and request additional instructions prior to the jury being charged.  Mr. Avenatti also respectfully requests a final charge conference after the close of all of the evidence.  In addition, on May 13, 2021, and May 24, 2021, Mr. Avenatti previously lodged additional objections and proposed defense jury instructions. *See, e.g.,* Dkts. 454, 468. Mr. Avenatti incorporates by reference the objections and requested jury instructions contained within those pleadings.

## I.   OBJECTIONS TO THE COURT'S PROPOSED INSTRUCTIONS

Mr. Avenatti provides the following objections to the Court's draft final jury instructions.

<u>Instruction No. 3:</u> Mr. Avenatti asks that the Court modify this instruction as he does not anticipate testifying at this time. Accordingly, the second half of the draft jury instruction should be eliminated.

<u>Instruction No. 5:</u> Mr. Avenatti renews his objections to any instructions on the California Bar Rules of Professional Conduct and any other ethics rules as it relates to his role as an attorney. The criminal action before the Court is not an attorney grievance proceeding where Mr. Avenatti is charged with violating his duties under the California Rules of Professional Conduct or other ethical standard. In recognizing this principle, the Court indicated, "<u>as suggested in the initial jury instructions, this case is not about whether Mr. Avenatti malpracticed in any way but, rather did he commit the crimes</u>?"

*See, e.g.,* Trial Tr. (7/23/21, Vol. 1) p. 117 (emphasis added).  Mr. Avenatti renews his prior objections to the inclusion of these rules in the jury instructions. *See, e.g.,* Dkt. 454, 468, 559.

If the Court provides this instruction, Mr. Avenatti requests the following changes. On page 7, line 11, Mr. Avenatti asks that the Court remove the word "necessarily".  On page 7, line 12, Mr. Avenatti asks that the Court include the language "or committed any crime" after the phrase "is guilty of the charged offenses of wire fraud." Mr. Avenatti requests that on page 7, line 19, the sentence "Ultimately, you will be asked to determine whether the defendant violated the law – not whether he violated his ethical obligations." be replaced with the sentence, "You are being asked to determine whether the defendant committed a crime not whether he violated any ethical obligation or committed legal malpractice. It is possible that the defendant may have violated an ethical obligation or committed legal practice but not have committed a crime." Mr. Avenatti also requests that the last sentence on page 11, that begins with "I remind you that…" be replaced with the following language: "I remind you that you are being asked to determine whether the defendant committed a crime not whether he violated any ethical obligation or committed legal malpractice. It is possible that the defendant may have violated an ethical obligation or committed legal practice but not have committed a crime."

<u>Instruction No. 8:</u> Throughout this trial, Mr. Avenatti has objected to evidence being admitted for the purpose of *notice* only. Because notice is not at issue in this case, Mr. Avenatti continues to object to the admission of the evidence for this purpose and objects to the evidence being considered as non-hearsay. Further, although this instruction refers to emails only, other evidence was admitted where only certain portions were being received for the truth. Mr. Avenatti also requests that at the terminus of the trial, this instruction include the specific exhibits where portions have been received for notice only. The act of itemizing the specific exhibits will assist the jurors in remembering which exhibits contain portions that have been received for notice of the

content only. Because of the vast number of documents that have been admitted for notice only, it would be impossible to expect that jurors would be able to remember specifically which e-mails were admitted for the truth and which e-mails were admitted by the Court for a non-hearsay purpose. Mr. Avenatti further requests that the instruction more adequately explain the concept of "truth of the matter asserted" and provide an example to illustrate the concept for the jury. *See Fogleman v. Cty of L.A.*, 2012 U.S. Dist. LEXIS 199922, at *14-15 (C.D. Cal. 2012)(denying the request to admit evidence for a non-hearsay purpose of notice and finding "[n]otice of untrue facts is not notice that would matter in this case at all. Therefore, unless the out-of-court statements are true, the information contained therein is not relevant."); *See also, Hathaway v. Idaho Pac. Corp*, 2019 U.S. Dist. LEXIS 183647, at *7-9 (D. Id. 2019)(holding that non-hearsay notice evidence could only be admitted to counter argument that information was withheld); *GemCap Lending*, *LLC v. Quarles & Brady, LLP*, 269 F.Supp. 3d 1007, 1021 (C.D. Cal. 2017)(allowing out-of-court statements for notice purposes only to establish that plaintiff could not rely on defendant's alleged concealments because plaintiff was on notice of the evidence admitted for non-hearsay purposes). Here, there was never a representation that Mr. Avenatti was on notice, or not, of the information contained in the e-mails and other items of evidence admitted for non-hearsay purposes. The majority of the exhibits admitted for the purposes of notice were not made in an effort to refute a claim of lack of notice and were improperly introduced at trial.

Instruction No. 11: Mr. Avenatti objects to the language included on page 18, lines 7 through 18 as outside of the Ninth Circuit's model jury instruction. *See, e.g.,* Ninth Circuit Model Criminal Jury Instructions No. 1.7, Credibility of Witnesses. This language is sufficiently covered by the instructions initial statements, "[y]ou may believe everything a witness says, or part of it, or none of it."  Mr. Avenatti objects to the additional language included at lines 7 through 18 as superfluous, an attempt to excuse away inconsistencies in the testimony of numerous witnesses, and contrary to the law.

**Instruction No. 13:** Mr. Avenatti objects to this instruction. Because Mr. Avenatti does not anticipate testifying in this case, there is no need for this instruction. In the government's filing related to these instructions the government agrees, "By its terms, it appears to be applicable only if defendant testifies." *See, e.g.,* Dkt. 685, p. 3.

**Instruction No. 14:** Mr. Avenatti renews his objection that if the Court is not going to allow the jury to see the Indictment, all references to the Indictment should be eliminated from the instructions. *See e.g.,* Dkt. 468. The language should be amended and references to "the indictment" should be replaced with "the ten counts."

**Instruction No. 17:** Mr. Avenatti objects to this instruction as it improperly alleges that Mr. Avenatti committed other crimes, wrongs and acts not charged in the Indictment. There is no need for this instruction and it is inapplicable.

**Instruction No. 19:** Mr. Avenatti agrees this instruction should be given.  Mr. Avenatti will provide the Court and the government with the names of witnesses and the specific methods of impeachment at the close of the trial.

**Instruction No. 22:** Mr. Avenatti renews his request that the following additional language be added to this instruction, "If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence." *See e.g.,* Dkt. 454, 468.

**Instruction No. 23:** Mr. Avenatti objects to this instruction as it differs from the Ninth Circuit model instruction sent to all parties by the Court's clerk on August 5, 2021, as modified by the Ninth Circuit in June of 2021. Mr. Avenatti requests that the Court utilize the exact model instruction in lieu of this draft instruction, which varies from the model instruction and is prejudicial. *See, e.g.,* Ninth Circuit Model Jury Instruction 8.124.

**Instruction No. 25:** Mr. Avenatti renews his objection to this instruction as argumentative, unnecessary, seeking to confuse the jury and to convict the defendant based upon wire communications and acts not charged. *See e.g.,* Dkt. 468, Dkt. 454. The

government has presented evidence of wire transfers unrelated to Counts 1 through 10 and this jury instruction will prejudice defendant by leading the jurors to believe that those transfers constitute separate violations. This is not a model jury instruction and the language contained therein is adequately covered by the language contained in the Ninth Circuit Model Jury Instruction related to wire fraud. *See, e.g.,* Ninth Circuit Model Jury Instruction 8.124.

Instruction No. 27: Mr. Avenatti objects to this instruction. The language included within this instruction is extremely confusing and hard to follow. Further, this language is cumulative to the language contained in the Ninth Circuit Model Jury Instruction related to wire fraud. *See, e.g.,* Ninth Circuit Model Jury Instruction 8.124.

Instruction No. 28: Mr. Avenatti renews his objection to this instruction. This instruction is argumentative, not part of any pattern instruction, improperly argues the prosecution theories within the instructions, and seeks to direct a verdict in favor of the alleged victims. *See e.g.,* Dkt. 468, Dkt. 454.

Instruction No. 29: Mr. Avenatti renews his objections to this instruction. This instruction is argumentative, not part of any pattern instruction, improperly argues the prosecution theories within the instructions, and seeks to direct a verdict in favor of the alleged victims. *See e.g.,* Dkt. 468, Dkt. 454. The government is required to prove that Mr. Avenatti devised a scheme to deceive and cheat his clients (i.e. misappropriate unearned funds) and the relevant wires were done as an essential part of this scheme. Instructing the jury that a belief that the victims will be paid in the future or sustain no economic loss is not a defense is inconsistent with the prior instruction regarding good faith, especially in the context of this case and its facts surrounding the client settlements.  This instruction is not part of any model instruction and must be excluded.

Instruction No. 30: Mr. Avenatti objects to this instruction as it is not part of any model jury instruction. Mr. Avenatti believes that this instruction is related to the Court's request for briefing in connection with "whether compensation by a joint tortfeasor is a

defense to wire fraud." Both the government and the defendant filed a brief in response to this issue. *See, e.g.,* Dkt. 649 and 653. The Court found that Mr. Avenatti's brief did not address the question posed by the Court. [Dkt. 671]. Mr. Avenatti argued previously to this Court that the question posed was analogous to a third-party culpability defense theory, i.e., the compensation by a joint tortfeasor establishes the third party's culpability. The precise question posed by the Court appears to be unanswered by the case law that the defense could find. This notion is further supported by the government's similar inability to answer the question posed by the Court. In the government's brief, it does not answer the question as to whether compensation by a joint tortfeasor is a defense to wire fraud. Instead, the government answers the following, different questions: does an intent to reimburse, or an actual reimbursement of, a victim act as a defense to wire fraud? *See e.g.,* Dkt. 649, p. 3-4. The government has failed to establish that compensation by a joint tortfeasor is not a defense to wire fraud.

Because the case law does not affirmatively establish that compensation by a joint tortfeasor is NOT a defense to wire fraud, and this is not a model instruction of any form, Mr. Avenatti requests that the Court eliminate this instruction all together. The instruction is argumentative, prejudicial, misstates the law, and unnecessary, and improperly interjects the word "embezzled" and assumes as a predicate that Mr. Avenatti committed a crime.  It is also unsupported by the case law provided to the Court by the government.

Instruction No. 35: Mr. Avenatti renews his objections to this instruction. First, if the Court is not going to permit the jury to see the indictment, all references to the indictment should be eliminated from the instructions. Dkt. 468. The language "in the Indictment" referred to twice in the first paragraph should be deleted. Further, the additional "the" included on line 8 should be deleted and read, "Rather, for each count the government must prove beyond a reasonable doubt all the elements of the crime."

## II.    OBJECTIONS TO THE GOVERNMENT'S PROPOSED INSTRUCTION AND RESPONSE TO THEIR OBJECTIONS

<u>Instruction No. 18:</u> The government objects to this instruction arguing that no government witness has received immunity. This is only a portion of the relevant instruction. Several government witnesses have been provided benefits and/or compensation of some sort (i.e. Mr. Drum) and several have also been provided limited immunity in connection with various proffer sessions.

<u>Instruction No. 20:</u> Mr. Avenatti renews his request for this instruction. In response, the government claims that it has not been shown that a government witness lied under oath on an earlier occasion. This is untrue. By way of example only, during trial, the testimony established that government witness Greg Barela submitted a declaration under penalty of perjury that was demonstrably false. Therefore, Mr. Avenatti renews his request for this instruction. *See e.g.,* Dkt. 468, Dkt. 454. Mr. Avenatti reserves the right to provide the Court with the names of additional witnesses and other instances of perjury at the close of the trial.

<u>Instruction No. 26</u>: Mr. Avenatti renews his request for this instruction without modification. The government claims that the good faith instruction is incorporated within Instruction No. 29. Other than the word "good faith" appearing in proposed instruction 29, that instruction in no way incorporates the language or concept contained in instruction No. 26. Mr. Avenatti objects to any modification of this instruction.

## III.    ADDITIONAL PROPOSED INSTRUCTIONS

As the court is aware, the government rested and completed its case-in-chief on Friday, August 13, 2021. The defendant has yet to present evidence during his case-in-chief. Mr. Avenatti comes now, and provides the following requested instructions and reserves the right to present additional, proposed jury instruction after the completion of his defense case. Further, on May 13, 2021, and May 24, 2021, Mr. Avenatti previously

lodged additional objections and proposed defense jury instructions. *See, e.g.,* Dkts. 454, 468. Mr. Avenatti incorporates by reference the objections lodged within those pleadings. On May 24, 2021, Mr. Avenatti requested that the Court incorporate several jury instructions that have not been included within the draft Final Jury Instructions provided to the parties. Mr. Avenatti renews his requests for the jury instructions lodged within this filing as identified as Defendant's Proposed Jury Instruction No. 11, 12, 18, 22, 27, 28, 29, 30, 38, 39, 41 and 57. *See, e.g.,* Dkt. 468.

Defense Instruction No.1: Mr. Avenatti requests that the Court include Ninth Circuit Model Instruction No. 4.19, Lost or Destroyed Evidence. Throughout the trial, the evidence has established that evidence has been lost, destroyed, and the government failed to preserve potentially exculpatory materials. By way of example only, Ms. Regnier shredded documents during the case after consulting with the government. Additionally, Mr. Drum testified that e-mail communications between himself and the government were destroyed during his work on the case. There are other examples that will be illuminated during the defense case. Accordingly, Mr. Avenatti asks that the following instruction be provided. Mr. Avenatti reserves the right to provide to the Court, at the close of trial, with additional specific instances of evidence destruction.

> If you find that the government intentionally [destroyed][failed to preserve][*insert description of evidence*] that the government knew or should have known would be evidence in this case, you may infer, but are not required to infer, that this evidence was unfavorable to the government.
>
> Ninth Circuit Model Instruction No. 4.19

Defense Instruction No. 2: Mr. Avenatti requests that an instruction be given as a result of the government's failure to timely produce the Tabs data requested repeatedly by the defendant as well as complete access to the QuickBooks updated and comprehensive electronic data. *See, e.g.* Dkt. 706. Mr. Avenatti renews his objections related to access to that data as he extensively briefed in his prior filing. *See, e.g.* Dkt. 706. These untimely

discovery productions are not limited to these issues and also extend to the government's failure to produce various *statements* despite the prosecution's obligations under Rule 16, Rule 26.2, *Jencks, Brady,* and *Giglio.*

The Ninth Circuit Model Jury Instructions note that the district court may provide an instruction related to the "untimely disclosure of exculpatory evidence or impeachment evidence." *See, e.g.,* Ninth Circuit Model Jury Instruction No. 4.20. The Ninth Circuit Model Jury Instruction specifically referenced the instruction provided in the trial proceeding related to *United States v. Garrison,* 888 F.3d 1057, 1061 (9th Cir. 2018)(upholding the district court's instruction in connection with the government's untimely disclosures). Mr. Avenatti specifically requests that this same instruction be given in this case.  It reads as follows:

> "Under the United States Constitution, in order for the defendant to receive a fair trial, the government must inform the defense of any information known to the government that tends to suggest the defendant might not have committed the crime(s) charged and any information that casts doubt on the credibility of the government's own evidence.
>
> In this case, the government violated those important constitutional principles, upon which the fair administration of our system of justice depends, on multiple occasions.
>
> In evaluating the merits of this case, you can decide what weight, if any, to give to the government's violations of these constitutional principles. The government's actions, standing alone, or in combination with other facts presented in this case, may create a reasonable doubt in your mind about the defendant's guilt."

> *United States v. Garrison*, Central District of California Case No. 11-cr-00922-FMO, Dkt. 849, p. 16.

Defense Instruction No. 3: Mr. Avenatti requests that the Court provide the following instruction regarding a duty to read. Each of the alleged client victims and others have testified regarding agreements and contracts and their signing of such agreements and contracts. Accordingly, Mr. Avenatti requests the following instruction:

10

> You have heard and seen evidence of various agreements and contracts that were signed by one or more witnesses.  Under the law, someone who signs an agreement or contract has a duty to read the entire agreement or contract before signing it and, if the person signs the agreement or contract, the person is presumed to have read the entire agreement or contract, have knowledge of each of its terms, and agreed to each of its terms.

*See* Bibbs v. House of Blues New Orleans Rest. Corp., 2011 U.S. Dist. LEXIS 51449 * (D. La. 2011); In Gray v. Rent-a-Center West, Inc., 2007 U.S. Dist. LEXIS 6324, 2007 WL 283035, *5 (D. Or. Jan. 24, 2007); DeBono v. Washington, 2006 U.S. Dist. LEXIS 89283, 2006 WL 3538938 (S.D.N.Y. Dec. 8, 2006); Roy Ryden Anderson, Disclaiming the Implied Warranties of Habitability and Good Workmanship in the Sale of New Houses: The Supreme Court of Texas and the Duty to Read the Contracts You Sign, 15 TEX. TECH. L. REV. 517, 544 (1984) ("The duty to read has its place in the law of contract."); Ian Ayres & Alan Schwartz, The No-Reading Problem in Consumer Contract Law, 66 STAN. L. REV. 545, 548 n.9 (2014) ("Courts have routinely relied upon the duty to read doctrine in enforcing contracts."); Shmuel I. Becher, Asymmetric Information in Consumer Contracts: The Challenge That Is Yet to Be Met, 45 AM. BUS. L.J. 723, 729 (2008) ("The duty to read contracts is a well-recognized common law doctrine"); Michael  Giusto, Mortgage Foreclosure  for  Secondary Breaches: A Practitioner's Guide to Defining "Security Impairment," 26 CARDOZO L. REV. 2563, 2584 n.131 (2005) ("It is a fundamental precept of contract law that a party has a duty to read a contract"); Charles L. Knapp, Is There a "Duty to Read"?, 66 HASTINGS L.J. 1083, 1085 (2015) ("The notion that there is in general contract law a 'duty to read' persists in the decisions of American courts."); Michael L. Rustad & Thomas H. Koenig, Wolves of the World Wide Web: Reforming Social Networks' Contracting Practices, 49 WAKE FOREST L. REV. 1431, 1451 (2014) ("The duty to read is a long-standing principle in Anglo-American contract law"); Jennifer L. Nusbaum, Comment, North

Carolina's Duty to Read: The Demise of Accountability for Transactional Attorneys?, 92 N.C. L. REV. ADDENDUM 147, 149 (2014) ("Courts have long recognized an individual's duty to read a document when contracting with another party.").  See also Ayres & Schwartz, at 548 n.10 (providing examples of the application of the duty to read in the context of consumer contracts); *see also* Wayne R. Barnes, Toward a Fairer Model of Consumer Assent to Standard Form Contracts: In Defense of Restatement Subsection 211(3), 82 WASH. L. REV. 227, 230 (2007) ("Contract law has always assumed that consumers have a duty to read the contracts"); Becher, at 730 n.32 ("Indeed, applying a strict duty to read contracts, including [standard form contracts], is currently a dominant approach taken by courts.").

 Dated:  August 16, 2021                    Respectfully submitted,

                                            /s/ Michael J. Avenatti

                                            Defendant
                                            MICHAEL JOHN AVENATTI

## <u>CERTIFICATE OF SERVICE</u>

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California. I am not a party to the above-entitled action.  I have caused, on August 16, 2021, service of the:

DEFENDANT'S POSITION REGARDING THE JURY INSTRUCTIONS AS OF
AUGUST 16, 2021

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 16, 2021

<u>/s/ H. Dean Steward</u>
H. Dean Steward