NINA MARINO, ESQ. (State Bar No. 142815)
CODY ELLIOTT, ESQ. (State Bar No. 334068)
KAPLAN MARINO, PC
1546 North Fairfax Avenue
Los Angeles, CA 90046
Tel: (310) 557-0007
Fax: (310) 861-1776
Email: marino@kaplanmarino.com
       elliott@kaplanmarino.com

Attorneys for Third Party
Evan Carter

FILED
CLERK, U.S. DISTRICT COURT
8/16/21
CENTRAL DISTRICT OF CALIFORNIA
BY: LB DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL JOHN AVENATTI, <br><br> Defendant. | Case No. SACR-19-00061-JVS <br><br> **THIRD PARTY EVAN CARTER'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA IN CRIMINAL CASE** <br><br> Hon. James V. Selna <br> Dept: 10C <br> Date: TBD <br> Time: TBD |

TO: THE CLERK OF THE ABOVE-ENTITLED COURT AND ALL PARTIES:

PLEASE TAKE NOTICE that on a date to be determined by the Court, third party EVAN CARTER through her attorneys of record, NINA MARINO and CODY ELLIOTT, will and hereby does move to quash the Subpoena in a Criminal Case served on her on August 12, 2021.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Nina Marino, the files and records in this action, and any other evidence that may be presented at or before the hearing on this matter.

//
//
//
//
//

1 | DATED: August 16, 2021

Respectfully submitted,
KAPLAN MARINO, PC

_____/s/_____
NINA MARINO
CODY ELLIOTT
Attorneys for Third Party
EVAN CARTER

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant is currently on trial facing various charges, including allegations that he embezzled millions of dollars in client funds. As part of his trial strategy, Defendant has vigorously attempted, but ultimately failed, to exclude expert testimony from John Drum, a vice president with Analysis Group and expert in complex financial accounting. To compensate for these failures, Defendant has now embarked on a fanciful fishing expedition by subpoenaing testimony and communication records from Evan Carter, a manager with Analysis Group who aided Mr. Drum in his preparation for testimony. (See Ex. A, Subpoena to Evan Carter; Marino Decl. ¶ 2.)

Defendant first attempted to exclude Mr. Drum's testimony via a Motion in Limine to Exclude Expert Testimony filed on September 14, 2020m, (Dkt. No. 285), which the Court denied, stating "Drum's financial expertise will be helpful to the jury." (Dkt. No. 371.)

Defendant again attempted to have Mr. Drum's testimony excluded, along with the Rule 1006 summaries which would be relied upon during his testimony, by filing an Objection to the Testimony of Government Expert John Drum on July 19, 2021, (Dkt. No. 546), which the Court also denied. (August 10, 2021 Reporter's Transcript at 18:25, *United States v. Avenatti*, SACR-19-00061-JVS.) Mr. Drum subsequently testified on August 12, 2021.

Amidst his failed attempts to exclude the testimony of Mr. Drum, Defendant took the extraordinary step of subpoenaing Evan Carter - **and** her text messages and emails with the government in connection with this matter. (See Ex. A.) Ms. Carter accepted service on August 12, 2021 through counsel. (Marino Decl. ¶ 1.) In response to inquiry regarding the relevance of Ms. Carter's testimony and the requested documents, Mr. Avenatti stated that "something tells [him]" that Ms. Carter did a majority of the work with respect to the preparation of Mr. Drum's testimony and related trial exhibits. (Marino Decl. ¶ 3.)

Defendant has made no showing as to the relevancy or admissibility of the testimony of Evan Carter or the requested materials, nor can any relevancy or admissibility be inferred from the nature of the request. Ms. Carter is not an expert nor has she been designated as an expert witness in this matter. (See Dkt. No. 371.) Moreover, Ms. Carter is not a percipient witness. As such, her

1  testimony and communications sought by Defendant are patently irrelevant and inadmissible.

2  **II.  LEGAL STANDARD**

3  "A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1). However, Rule 17 "was not intended to provide [a criminal defendant with] an additional means of discovery" and was not intended to be employed in "a fishing expedition to see what may turn up." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220-21 (1951); *see, e.g.*, *United States v. Fowler*, 932 F.2d 306, 311 (4th Cir. 1991) ("Rule 17(c) . . . is not a discovery device.") "[T]he court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).

Under the test articulated in *United States v. Nixon*, the moving party must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

418 U.S. 683, 699-700 (1974). To overcome a motion to quash a subpoena, the moving party "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Id.* at 700.

**III.  ARGUMENT**

Ms. Carter's testimony and her communications with the government in this matter are both entirely irrelevant to Defendant's case and clearly inadmissible as evidence. Anything that Defendant seeks from Ms. Carter would be more appropriately sought from Mr. Drum or the government. The fact that Defendant is seeking testimony and documents from a non-witness subordinate of Mr. Drum indicates an obvious fishing expedition, especially considering the fact that Defendant represented to Ms. Carter's counsel that his subpoena is supported by nothing more than a hunch. (See Marino Decl. ¶ 3.)

//
//
//

### A. Ms. Carter's Testimony and Communications with the Government are Inadmissible and Irrelevant

For Defendant's subpoena to be proper under Rule 17, he must show that the requested testimony and documents are both admissible and sufficiently likely to be "relevant to the offenses charged in the indictment." *Id*. Ms. Carter's testimony and communications with the government are neither. First, Ms. Carter has no firsthand knowledge of Defendant's conduct underlying the criminal charges, and thus cannot act as a percipient witness. See Fed. R. Evid. § 602. Similarly, her testimony is inadmissible because she is not an expert nor has she been designated as an expert witness in this matter. See Fed. R. Evid. § 702.

Because she is not appropriately a fact or expert witness, Ms. Carter's testimony and communications with the government have no relevance to Defendant's conduct as charged in the indictment. The irrelevance is further compounded by the fact that Mr. Drum possesses the same knowledge as Ms. Carter with respect to this matter, is a party to the same communications with the government as Ms. Carter, and has already provided testimony at Defendant's trial in this matter. (See Marino Decl. ¶¶ 2, 5.) Any testimony from Ms. Carter would be cumulative and thus irrelevant and inadmissible.

The fact that Defendant has failed to identify any grounds for relevance and admissibility with respect to the testimony and communications sought indicates only one thing – he is desperately fishing with nothing more than hope and a hunch to use as a hook. This is textbook abuse of Rule 17.

### B. The Information Sought from Ms. Carter is More Appropriately Sought from Mr. Drum or the Government

Defendant's subpoena seeks "[a]ll text messages and emails (with attachments) sent to any government agent, employee, or Assistant U.S. Attorney in connection with the above referenced case." (See Ex. A.) However, Mr. Drum is included on every email that exists between Ms. Carter and "government agent[s], employee[s], or Assistant U.S. Attorney[s]". (Marino Decl. ¶ 5.) Everything that Defendant seeks from Ms. Carter is more appropriately sought from Mr. Drum – ***the actual expert witness testifying in the matter***. Ms. Carter is not a witness in this matter, as she

is not an expert and has no personal knowledge of Defendant's charged conduct. Ms. Carter is a mid-level associate who aided Mr. Drum in his capacity as a designated expert.

Further, to the extent that Defendant believes the requested materials contain relevant information, for example, *Brady* evidence, such request should be directed to the government (who also happen to be a party to this matter and included on all communications sought from Ms. Carter). Ultimately, being a third party and non-expert, Ms. Carter is the least appropriate individual to subpoena the requested materials from.

### C. Compliance with Defendant's Subpoena Would be Unduly Burdensome and Oppressive

Compliance with Defendant's subpoena would place an undue burden on Ms. Carter. First, it would require her to review the emails between her and the government and meticulously redact each piece of personal identifying information, thus consuming her valuable time and resources. Second, Ms. Carter lives, and is currently located, in Colorado. (Marino Decl. ¶ 6.) Compliance with Defendant's subpoena would require Ms. Carter to secure flight arrangements and travel accommodations to travel across state lines, in the middle of a pandemic, for the sake of indulging Defendant's quixotic fishing endeavor. This burden is compounded by the aforementioned irrelevance and inadmissibility of the communications and testimony sought in Defendant's subpoena, rendering the request an unabashed abuse of Rule 17.

### IV. CONCLUSION

For the foregoing reasons, Ms. Carter respectfully requests that this Court grant this Motion to Quash Subpoena in a Criminal Case.

DATED: August 16, 2021

Respectfully submitted,
KAPLAN MARINO, PC

___/s/_____
NINA MARINO
CODY ELLIOTT
Attorneys for Third Party
EVAN CARTER