KELLI L. SAGER (State Bar No. 120162)
  kellisager@dwt.com
ERIC M. STAHL (State Bar No. 292637)
  ericstahl@dwt.com
SAM F. CATE-GUMPERT (State Bar No. 335715)
  samcategumpert@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Non-Party CNN Producer
JACQUELINE ROSE

```
FILED
CLERK, U.S. DISTRICT COURT

8/16/21

CENTRAL DISTRICT OF CALIFORNIA
BY:      LB        DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>MICHAEL JOHN AVENATTI,<br><br>                    Defendant. | Case No. **SA CR No. 19-061-JVS**<br><br>**EX PARTE APPLICATION OF NON-PARTY CNN PRODUCER JACQUELINE ROSE FOR ORDER TO QUASH DEFENDANT'S SUBPOENA FOR TESTIMONY AND DOCUMENTS OR, IN THE ALTERNATIVE, FOR AN ORDER SHORTENING TIME; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date:      August 17, 2021<br>Time:                    8:00 AM<br>Courtroom:        10C<br>                            Hon. James V. Selna<br><br>[Declarations of Jacqueline Rose and Kelli L. Sager with Exhibits 1-6; Notice Of Lodging of Declaration of Krista Kordt Hester With DVD Exhibits A-C; and [Proposed] Order Concurrently Filed]<br><br>Action Filed:  April 10, 2019 |

## NOTICE OF *EX PARTE* APPLICATION

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that non-party CNN Producer Jacqueline Rose hereby applies to this Court ex parte for an order quashing the subpoena issued by Defendant Michael Avenatti ("Defendant"), which he emailed to her on August 9, 2021, or in the alternative, to shorten time for a motion to quash to be heard.  The subpoena demanded that Ms. Rose, an editorial producer for CNN who lives in Chappaqua, New York, appear in person in Santa Ana, California on four days' notice, and to produce "[a]ll text messages with Michael Avenatti during the time period April 23, 2018 through May 4, 2018."  See concurrently-filed Declaration of Jacqueline Rose, ¶ 3 & Exhibit 1 ("Subpoena").  Defendant subsequently extended the return date to Tuesday, August 17, but he has refused to withdraw the Subpoena.  See concurrently-filed Declaration of Kelli L. Sager, ¶¶ 2, 4-7.

Ex parte relief is warranted and good cause exists for this Court to hear Ms. Rose's application immediately.  The Subpoena was purportedly served with a return date scheduled four days later, such that a regularly-noticed motion was not possible.  Ms. Rose, an editorial producer for CNN, is the primary care-taker of her one-year-old child; she cannot travel cross-country on the short notice provided by Defendant, and is concerned about putting her health and the health of her child at risk.  Rose Decl. ¶ 5.  Nor should she be required to do so:  as detailed below, and as Defendant has been informed, she has no documents responsive to the Subpoena, and no independent recollection of the fact Defendant apparently seeks to prove through Ms. Rose – that he was physically present in CNN's New York studio on certain dates more than three years ago.  Furthermore, Defendant's Subpoena implicates Ms. Rose's First Amendment rights, which protect journalists from compelled disclosure of information obtained in the course of newsgathering, absent a heightened showing that Defendant cannot meet.

Ms. Rose's counsel attempted to reach a resolution with Defendant, including by offering to provide authenticated DVDs showing Defendant's in-person appearances at CNN's New York studio during the period in question, to no avail.

1

NON-PARTY CNN PRODUCER JACQUELINE ROSE'S
EX PARTE APPLICATION FOR ORDER TO QUASH
4852-2255-5638v.1 0026517-000213

DAVIS WRIGHT TREMAINE LLP
865 S  FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

See concurrently-lodged Notice Of Lodging Of Declaration of Krista Kordt Hester With DVD Exhibits A-C; Sager Decl. ¶ 5 & Ex. 4.

Consequently, Defendant's Subpoena should be quashed for each of the following independent reasons:

1.     Defendant failed to properly serve the Subpoena.  Although he claims that Ms. Rose "agreed" to be served by email, rather than personal service, she did not knowingly waive any of her due process rights.  Among other defects, Defendant did not disclose that the document being emailed to Ms. Rose purported to demand her appearance in California four days later, nor did he explain the legal significance of the document he asked to email to her; he also failed to proffer the required witness fee, and Ms. Rose did not agree to waive this requirement.  See Memorandum, Section III.

2.     Defendant cannot satisfy the standard under Federal Rule of Criminal Procedure 17 for compelling information from a third-party, because Ms. Rose does not possess responsive documents, nor does she have any relevant testimony to offer in this case.  Defendant purportedly seeks to compel Ms. Rose to travel cross-country to "impeach" a prosecution witness whom he claims testified about Defendant's whereabouts on a particular date, but his rationale relies on a misconstruction of the witness' testimony, and Ms. Rose has no personal knowledge or responsive texts that would be admissible for this attenuated purpose in any event.  See Memorandum, Section IV.

3.     The Subpoena should be quashed for the additional reason that it would impose an unreasonable and inappropriate burden on this third-party witness.  Ms. Rose is the primary caretaker for a one-year-old child; she lives and works in New York.  Requiring her to travel cross-country on short notice, particularly during an ongoing public health crisis, would impose an unreasonable burden on Ms. Rose and her family.  Defendant's callous disregard for this third-party witness should not be countenanced by the Court.  See Memorandum, Section V.

2

NON-PARTY CNN PRODUCER JACQUELINE ROSE'S
EX PARTE APPLICATION FOR ORDER TO QUASH
4852-2255-5638v.1 0026517-000213

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

4.  The qualified federal reporter's privilege under the First Amendment to the United States Constitution protects Ms. Rose against the compelled disclosure of information gathered or created in connection with newsgathering activities. E.g., Shoen v. Shoen, 5 F.3d 1289, 1292 (9th Cir. 1993).  Defendant cannot meet the strict standards for overcoming this constitutional privilege, which requires him to demonstrate (1) that alternative sources have been exhausted; (2) that the information sought would not be cumulative; and (3) that the information sought is clearly relevant to an important issue – that is, that his defense rises or falls on the issue.  Defendant cannot meet any of these requirements, let alone all of them. Among other things, Defendant's physical whereabouts on May 1, 2018 – to the extent it is relevant at all – can be easily established through sources that do not infringe upon Ms. Rose's constitutional rights.  Nor is the evidence sought crucial to Defendant's case; he cannot show that the information he seeks is even relevant for "impeachment," let alone that it goes to the heart of his defense, as required to overcome her constitutional rights.  See Memorandum, Section VI.

Notice of this ex parte application was given telephonically and by email to counsel for all parties in this litigation.  On August 16, 2021, Ms. Rose's attorney Kelli L. Sager left email messages for and telephoned Assistant United States Attorney Brett A. Sagel and Defendant's advisory attorney, H. Dean Steward (leaving a voicemail message for Mr. Steward), advising them of this application. See Sager Decl. ¶ 9.  At Ms. Sager's instruction, a copy of this Application and supporting declarations also was emailed to Mr. Sagel, Mr. Steward, and defense paralegal Emma Hernandez.

The attorneys' addresses and phone numbers are:

1.    Advisory counsel for defendant Michael Avenatti:  H. Dean Steward, Esq. of H. Dean Steward Law Offices, 17 Corporate Plaza Suite 254, Newport Beach, California 92660, (949) 481- 4900.

DAVIS WRIGHT TREMAINE LLP
865 S  FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

2.      Assistant United States Attorney:  Brett A. Sagel, Esq., Office of the United States Attorney Criminal Division, 411 West Fourth Street, Suite 8000, Santa Ana, California 92701, (714) 338-3598.

This Application is based upon the attached Memorandum of Points and Authorities; the concurrently-filed Declarations of Jacqueline Rose and Kelli L. Sager With Exhibits 1-6; the concurrently lodged Notice of Lodging of Declaration of Krista Kordt Hester With Exhibits A-C; the complete files and records in this action, and such oral argument and other documents as may be received by this Court at any hearing on this Application.  For each of these reasons, non-party CNN producer Jacqueline Rose respectfully requests this Court to quash Defendant's Subpoena directed to her, and further order Defendant to refrain from any further harassment of Ms. Rose (or her employer, CNN).[1]

DATED: August 16, 2021

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
ERIC M. STAHL
SAM F. CATE-GUMPERT

By:_____/s/ Kelli L. Sager_____
              Kelli L. Sager

Attorneys for Non-Party CNN
Producer Jacqueline Rose

---

[1] In the alternative, Ms. Rose respectfully requests this Court to shorten time for her motion to quash to be heard, and stay enforcement of the Subpoena until that motion has been adjudicated.

4

NON-PARTY CNN PRODUCER JACQUELINE ROSE'S
EX PARTE APPLICATION FOR ORDER TO QUASH
4852-2255-5638v.1 0026517-000213

# TABLE OF CONTENTS

**Page**

I.      SUMMARY OF ARGUMENT ........................................................ 1

II.     FACTUAL AND PROCEDURAL BACKGROUND ................................... 4

III.    SERVICE OF THE SUBPOENA WAS DEFECTIVE. ............................... 7

IV.     DEFENDANT'S SUBPOENA FAILS TO MEET THE
        REQUIREMENTS OF F.R.C.P. 17(C). .......................................... 9

V.      THE SUBPOENA IS OPPRESSIVE AND UNREASONABLE. ............... 12

VI.     DEFENDANT CANNOT OVERCOME THIS CNN PRODUCER'S
        CONSTITUTIONAL PROTECTIONS ........................................... 13

        A.    The First Amendment Journalist's Privilege Applies to the
              Evidence Sought by Defendant's Subpoena. ...................... 13

        B.    Defendant Cannot Meet His Burden of Overcoming Ms. Rose's
              First Amendment Rights ............................................... 15

VII.    CONCLUSION ................................................................... 20

i

NON-PARTY CNN PRODUCER JACQUELINE ROSE'S
EX PARTE APPLICATION FOR ORDER TO QUASH
4852-2255-5638v.1 0026517-000213

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page**

**Cases**

Amsler v. United States,
381 F.2d 37 (9th Cir. 1967) .................................................................. 12

Arnsberg v. United States,
757 F.2d 971 (9th Cir. 1985) ................................................................. 7

Branzburg v. Hayes,
408 U.S. 665 (1972) .............................................................................. 13

Cefalu v. Holder,
2013 WL 5315079 (N.D. Cal. Sept. 23, 2013), reconsidered on
other grounds, 2013 WL 6671799 (N.D. Cal. Dec. 18, 2013 ............... 17

CF & I Steel Corp. v. Mitsui & Co.,
713 F.2d 494 (9th Cir. 1983) ................................................................. 9

Curtis Publ'g Co. v. Butts,
388 U.S. 130 (1967) ............................................................................... 8

Damiano v. Sony Music Entertainment, Inc.,
168 F.R.D. 485 (D.N.J. 1996) .............................................................. 18

Edwards v. Arizona,
451 U.S. 477 (1981) ............................................................................... 8

Farr v. Pitchess,
522 F.2d 464 (9th Cir. 1975) ............................................................... 14

Ferlauto v. Hamsher,
74 Cal. App. 4th 1394 (1999) ................................................................ 8

Fujikura Ltd. v. Finisar Corp.,
2015 U.S. Dist. LEXIS 135871 (N.D. Cal. May 14, 2015)................... 9

Gonzales v. NBC,
194 F.3d 29 (2d Cir. 1999).................................................................... 13

ii

NON-PARTY CNN PRODUCER JACQUELINE ROSE'S
EX PARTE APPLICATION FOR ORDER TO QUASH
4852-2255-5638v.1 0026517-000213

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

In re Behar,
   779 F. Supp. 273 (S.D.N.Y. and C.D. Cal. 1991) ................................................. 17

In re McCray, Richardson, Santana, Wise, & Salaam Litig.,
   928 F. Supp. 2d 748, aff'd, 991 F. Supp. 2d 464 (S.D.N.Y. 2013) ..................... 19

In re Slack,
   768 F. Supp. 2d 189 (D.D.C. 2011) ........................................................................ 14

Jimenez v. City of Chicago,
   733 F. Supp. 2d 1268 (W.D. Wash. 2010) ........................................................... 19

Krase v. Graco Children Prod., Inc.,
   79 F.3d 346 (2d Cir. 1996) ............................................................................ 18, 19

Nat'l Polymer Prods., Inc. v. Borg-Warner Corp.,
   641 F.2d 418 (6th Cir. 1981) .................................................................................. 8

O'Grady v. Superior Court,
   139 Cal. App. 4th 1423 (2006) ........................................................................... 15

Planet Aid, Inc. v. Reveal, Ctr. for Investigative Reporting,
   2019 WL 935131 (N.D. Cal. Feb. 26, 2019) ...................................................... 15

Riley v. City of Chester,
   612 F.2d 708 (3d Cir. 1979) ................................................................................ 16

S.F. BART Dist. v. Spencer,
   2006 U.S. Dist. LEXIS 73140 (N.D. Cal. Sept. 25, 2006) ................................... 9

Shoen v. Shoen,
   48 F.3d 412 (9th Cir. 1995) ........................................................................ passim

Shoen v. Shoen,
   5 F.3d 1289 (9th Cir. 1993) ........................................................... 2, 3, 13, 14, 16

United States v. Bergeson,
   425 F.3d 1221 (9th Cir. 2005) ............................................................................ 10

United States v. Blanton,
   534 F. Supp. 295 (S.D. Fla. 1982) ...................................................................... 14

United States v. Burke,
   700 F.2d 70 (2d Cir. 1983) .................................................................................. 17

iii

NON-PARTY CNN PRODUCER JACQUELINE ROSE'S
EX PARTE APPLICATION FOR ORDER TO QUASH
4852-2255-5638v.1 0026517-000213

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

United States v. Caporale,
   806 F.2d 1487 (11th Cir. 1986) ..................................................................... 18

United States v. Cuthbertson,
   630 F.2d 139 (3d Cir. 1980)................................................................... 14, 18

United States v. Eden,
   659 F.2d 1376 (9th Cir. 1981) ...................................................................... 11

United States v. George,
   883 F.2d 1407 (9th Cir. 1989) ...................................................................... 10

United States v. LaRouche Campaign,
   841 F.2d 1176 (1st Cir. 1988) ...................................................................... 14

United States v. MacKey,
   647 F.2d 898 (9th Cir. 1981) ....................................................................... 10

United States v. Marcos,
   1990 WL 74521 (S.D.N.Y. 1990)................................................................. 14

United States v. Moore,
   225 F.3d 637 (6th Cir. 2000) .......................................................................... 9

United States v. Nixon,
   418 U.S. 683 (1974)................................................................................. 9, 10

United States v. Reed,
   726 F.2d 570 (9th Cir. 1984) ................................................................. 10, 11

United States v. Rodriguez,
   2016 WL 6217063 (E.D. Cal. Oct. 24, 2016)............................................... 12

United States v.Rodriguez,
   2017 WL 4700043 (E.D. Cal. Oct. 19, 2017), aff'd, 746 F. App'x
   682 (9th Cir. 2018)....................................................................................... 12

United States v. Sabhnani,
   2008 WL 7842013 (E.D.N.Y. July 19, 2008).................................................7

United States v. Scott,
   2018 WL 2182290 (S.D. Ga. May 9, 2018) ...................................................8

iv

DAVIS WRIGHT TREMAINE LLP
865 S  FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

United States v. Venecia,
    172 F.R.D. 438 (D. Or. 1997) ............................................................. 8

United States v. W.R. Grace,
    434 F. Supp. 2d 869 ......................................................................... 10

Von Bulow v. Von Bulow,
    811 F.2d 136 (2d Cir. 1987) ............................................................ 15

Von Saher v. Norton Simon Museum of Art at Pasadena,
    592 F.3d 954 (9th Cir. 2010) ........................................................... 17

Zerilli v. Smith,
    656 F.2d 705 (D.C. Cir. 1981) ................................................... 16, 18

**Statutes**

18 U.S.C.
    § 1343 ................................................................................................ 4
    § 1344(1) ........................................................................................... 4

**Rules**

Federal Rule of Criminal Procedure 17 .............................................. passim

Federal Rules of Evidence 201 ............................................................... 17

**Constitutional Provisions**

United States Constitution
    First Amendment......................................................................... passim

v

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  SUMMARY OF ARGUMENT

Jacqueline Rose, an editorial producer for CNN, lives in Chappaqua, New York with her one-year-old child.  On August 9, 2021, Defendant Michael Avenatti emailed her a Subpoena that demanded that she appear in California on four days' notice to testify in this case, and further demanded that she locate and produce any text messages she exchanged with him over a six-day period in April and May 2018 – texts Defendant apparently believes will prove that he was physically in New York on some or all of those dates.[2]  Defendant already has been told that Ms. Rose does not have any such text messages in her possession, nor does she have any independent recollection of any in-person appearances on specific dates that occurred more than three years ago.  He also has been told that Ms. Rose is the primary caretaker for her 1-year-old child, and cannot travel cross-country on short notice (even setting aside her concerns about traveling during an ongoing global pandemic).  This pointless and harassing subpoena, seeking testimony from one of CNN's editorial staff about unpublished communications with a source for its news programming, also poses an unwarranted intrusion into First Amendment protections against compelled production of information gathered by journalists.

Despite being told all of these things – and even though the Subpoena was not properly served in any event – Defendant has refused to withdraw it.  CNN even offered to provide footage of Defendant's live appearances in CNN's New York studio during news programs that were telecast on April 30, May 1, and May 2, 2018, along with a custodian's declaration confirming the video's authenticity – but

---

[2] Defendant has not explained how a text message from him saying he is in a particular city – assuming such a text message exists – would be admissible to "prove" his physical presence in that city.

NON-PARTY CNN PRODUCER JACQUELINE ROSE'S
EX PARTE APPLICATION FOR ORDER TO QUASH
4852-2255-5638v.1 0026517-000213

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  he still refused to withdraw his improper subpoena to Ms. Rose, unless CNN

2  produces another "live witness" for him.[3]

3        Defendant's attempt to force Ms. Rose to appear at trial as a witness under

4  these circumstances is completely frivolous, and should not be countenanced by this

5  Court.  Ms. Rose is not a percipient witness in this matter; she has no firsthand

6  knowledge of the conduct that is alleged to give rise to the charges against

7  Defendant.  The purported attempt to use her to "impeach" a prosecution witness is

8  not necessary, or even relevant, to the defense.  And to insist that a news producer

9  testify about unpublished newsgathering material implicates important First

10  Amendment rights.  As the Ninth Circuit has recognized, compelled disclosure of

11  information from journalists "can constitute a significant intrusion into the

12  newsgathering and editorial processes.  Like the compelled disclosure of

13  confidential sources, it may substantially undercut the public policy favoring the

14  free flow of information."  Shoen v. Shoen, 5 F.3d 1289, 1292 (9th Cir. 1993)

15  ("Shoen I") (quotation omitted).  Multiple grounds justify quashing the Subpoena.

16        First, the Subpoena was not properly served.  Fed. R. Crim. P. 17(d) requires

17  personal service of trial subpoenas, and simultaneous payment of a mandatory

18  witness fee.  After ambushing Ms. Rose by phone, Defendant emailed her a

19  subpoena (with no payment).  Ms. Rose did not knowingly agree to waive her due

20  process rights, nor was she even asked to waive the requirement of a witness fee (let

21  alone agree to do so).  This alone justifies an order quashing the Subpoena.  See

22  Section III, infra.

23        Second, Defendant cannot meet the requirements under Federal Rule of

24  Criminal Procedure 17(c) for compelling information from a third party.  Ms. Rose

25  does not have any records responsive to the Subpoena, nor does she have any

26

27    [3] The custodian declaration and DVDs have been concurrently lodged with the

28  Court.  See Notice of Lodging With Declaration Of Krista Kordt Hester and
Exhibits A-C.

2

recollection of the content of texts that allegedly were sent more than three years ago. Defendant claims he is seeking information from Ms. Rose to impeach a government witness who testified about an email sent to one of Defendant's clients, which the witness says Defendant directed her to send. Defendant wants to argue that he was in New York on the date when the email was sent, so he could not have typed the email from the witness' computer in Los Angeles. But the witness did not say that Defendant was sitting at her computer when the email was sent, so his purported attempt to "impeach" her by "proving" that he was in another city is baseless, and does not satisfy Rule 17. See Section IV, infra.

Third, the Subpoena should be quashed as unreasonably burdensome and oppressive. Demanding that Ms. Rose travel cross-country on short notice is plainly unwarranted, given that she is the primary caretaker for an infant; that burden is even more unreasonable and oppressive during an ongoing global pandemic. See Section V, infra.

Finally, the Subpoena should be quashed because forcing a CNN producer to testify about information she would have obtained (if at all) in the course of her newsgathering responsibilities directly implicates her First Amendment rights. See Shoen I, 5 F.3d at 1292. Before a non-party journalist can be compelled to testify about or produce newsgathering information, the party seeking the information must show that it is "(1) unavailable despite exhaustion of all reasonable alternative sources; (2) noncumulative; and (3) clearly relevant to an important issue in the case." Shoen v. Shoen, 48 F.3d 412, 416 (9th Cir. 1995) ("Shoen II"). Even if Ms. Rose had text messages that discussed Defendant's whereabouts in 2018, or remembered any such messages (which she does not), that evidence would not even meet the lower relevance threshold under Rule 17; it plainly does not satisfy Defendant's heightened burden under the First Amendment, which requires a showing that his defense rises or falls on the issue. Moreover, many alternative sources exist to establish his whereabouts on the dates at issue. Defendant does not

3

NON-PARTY CNN PRODUCER JACQUELINE ROSE'S
EX PARTE APPLICATION FOR ORDER TO QUASH
4852-2255-5638v.1 0026517-000213

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

require Ms. Rose's testimony or documents to obtain information about the text messages; he was a party to those texts, so he could obtain authenticated copies from his own wireless carrier.  He also could establish that he was traveling to New York through records or witnesses from airlines, banks, hotels or restaurants.  And CNN offered to provide videos showing his appearances during live news programs telecast from CNN's studio in New York, with a declaration from its Atlanta-based Director of Content Management verifying their authenticity.[4]  His demand for a "live" witness, when it is unnecessary and unreasonable, cannot overcome Ms. Rose's constitutional rights.  See Section VI, infra.

For all of these reasons, Ms. Rose respectfully requests that this Court quash the Subpoena that Defendant emailed to her, and preclude Defendant from further harassment of her or her employer (CNN).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Defendant is charged with two counts of criminal fraud, arising out of an alleged scheme to defraud his former law clients (under 18 U.S.C. § 1343), and to defraud a bank (under 18 U.S.C. § 1344(1)).  See Complaint, Dkt. No. 1.  A jury trial on the Section 1343 charge began on July 21, 2021 and is continuing.

On Monday, August 9, 2021, a paralegal working for Defendant telephoned Jacqueline Rose, a CNN editorial producer; Ms. Rose answered her cell phone without knowing who was calling.  In what can only be described as an ambush, the paralegal immediately put Defendant on the line.  Rose Decl. ¶ 3.  Ms. Rose knew who Defendant was, because of his appearances on CNN news programs prior to his arrest, but she had no advance warning that he would be calling her (let alone that he would be seeking to subpoena her for his criminal trial, which would have caused her to enlist CNN's legal counsel).  Id.  Defendant told Ms. Rose that he

---

[4] Those DVDs have been lodged with the Court, along with a custodian declaration authenticating them.

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

needed text messages from her to show where he was on a particular date, and asked if he could email a document to her.  Id.  He did not explain to Ms. Rose that he was attempting to serve her with legal process, nor did he tell her that he was trying to force her to come to California later that same week to testify at his trial.  Although Defendant is a lawyer, and Ms. Rose is not, Defendant did not explain her due process rights, tell her that he was asking her to waive her rights, or suggest that she talk to a lawyer.  He did not mention witness fees, or ask her to waive her rights to receive such fees.  Although Ms. Rose did not understand what Defendant was trying to do, when he asked if he could email her a document, she said yes.  Id. ¶¶ 3-4.

That same day, Defendant's paralegal emailed Ms. Rose the Subpoena, which purported to demand her appearance at Defendant's criminal trial four days later, on August 13, 2021.  Rose Decl. ¶ 3 & Ex. 1 ("Subpoena").[5]  The Subpoena also directed her to produce "[a]ll text messages with Michael Avenatti during the time period April 23, 2018 through May 4, 2018."  Id. ¶ 6 & Ex. 1.  Defendant only emailed the Subpoena; Ms. Rose was never served personally.  Defendant did not provide Ms. Rose a witness fee.  Rose Decl. ¶ 4.  Neither Defendant nor his paralegal asked whether Ms. Rose was willing or able to appear in person for a trial in Santa Ana, California on August 13, 2021, or any other date.  Id.  Ms. Rose did not agree that she would travel to California to testify, did not knowingly agree to waive her due process rights, and did not agree to waive witness fees.  Id.

Ms. Rose lives in Chappaqua, New York, and is the primary caretaker of her one-year-old child.  Id. ¶ 5.  Even under normal circumstances, she could not travel to California on short notice, given her child-care obligations.  Id.  She is particularly concerned about doing so during the ongoing COVID-19 pandemic.  Id.

---

[5] After Ms. Rose's counsel reached out to discuss the Subpoena, Defendant said that he did not need her until the following week, and agreed to continue the return date to Tuesday, August 17, 2021.  See Sager Decl. ¶ 2 & Ex. 2.

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Ms. Rose has no direct knowledge about the matters for which Defendant is being tried.  Any communications she may have had with Defendant in April or May of 2018 would have been in her capacity as an editorial producer for CNN.  Id. ¶¶ 6, 7.  She has conducted a reasonable search for responsive records, and confirmed that she does not have any text messages with Defendant from 2018, or any text messages at all dated before 2019.  Id. ¶ 6.  She has no recollection of any text messages between her and Defendant in April and May 2018, or of the dates on which he may have appeared on CNN programs more than three years ago – let alone whether his appearance was in person or from a remote location on any particular occasion.  Id.

Defendant advised Ms. Rose's counsel that he was seeking Ms. Rose's testimony in response to a government witness; he claimed the witness testified that Defendant was in a particular place on a particular day, and the text messages would "prove" he was not there.  Sager Decl. ¶ 3.  In subsequent communications, Defendant and his defense team explained that he seeks to prove that he was physically in CNN's studios in New York and Washington, D.C. on particular dates in April and May, 2018.  Sager Decl. ¶ 3 & Ex. 3.

The government witness in question apparently is Judith Regnier, a former paralegal for Defendant, who testified at trial on July 28, 2021.  Notably, Ms. Regnier did not testify that Defendant was physically sitting at her computer in Los Angeles on May 1, 2018, typing on her computer – the point that Defendant apparently wants to dispute.  Instead, she testified that Defendant had directed her to send emails to clients with misleading information about the status of bank wires; she pointed to an email thread dated between April 30 and May 4, 2018 as an example of occasions when he had done so.  Sager Decl. Ex. 6 at 14 (7/28/2021 Tr. v.1 at 56:1) ("that's what Michael [Avenatti] had me write"); see also id. at 12-16 (Tr. at 54:3-58:25).  On cross examination, Defendant asked Ms. Regnier whether she had told the government on an earlier occasion, in a pre-trial interview, that

Defendant "may have used [Regnier's] computer" to send one of the emails in the thread, dated May 1, 2018; although she was not permitted to complete her response, because Defendant cut her off, Ms. Regnier acknowledged saying that Defendant "may have" done that.  Id. at 18-21 (7/28/2021 Tr v. 2 at 15:2-18:14).

On August 12, 2021, counsel for Ms. Rose informed Defendant that in an effort to resolve the objections to the Subpoena, and avoid burdening the Court with a motion to quash, CNN would be willing to provide DVDs containing as-telecast footage of Defendant's appearances on CNN news programs on April 30, May 1, and May 2, 2018, along with a custodian's declaration attesting to the authenticity of each video clip, which includes the time, dates and locations from which the live programs were telecast.  Sager Decl. ¶ 5 & Ex. 4.  Defendant refused.  Id. ¶¶ 6-7. [6]

## III.   SERVICE OF THE SUBPOENA WAS DEFECTIVE.

As a threshold matter, the Subpoena should be quashed because it was not properly served.  The subpoena was emailed to Ms. Rose, rather than being personally served, and without her knowingly waiving her rights.  She was not offered, did not waive, and did not receive the witness fee required under Federal Rule of Criminal Procedure 17.

The Federal Rules of Criminal Procedure require personal service of subpoenas.  See Fed. R. Crim. P. 17(d) ("[t]he server must deliver a copy of the subpoena to the witness"); Arnsberg v. United States, 757 F.2d 971, 975 (9th Cir. 1985) (personal service required by Rule 17(d)).  Failure to personally serve a witness is grounds to quash the subpoena.  See, e.g., United States v. Sabhnani, 2008 WL 7842013, at *3 (E.D.N.Y. July 19, 2008) (motion to quash granted where

---

[6] CNN has lodged three DVDs, along with a custodial declaration from its Atlanta-based Director of Content Management that authenticates the contents of the DVDs, including the date, time, and location from which the CNN program was telecast.  See Notice of Lodging With Declaration of Krista Kordt Hester And Exhibits A-C.

subpoenas were not personally served).  "[I]t is clear that service by email is ineffective," as email "does not constitute personal service."  <u>United States v. Scott</u>, 2018 WL 2182290, at *2 (S.D. Ga. May 9, 2018).

Here, Defendant only transmitted the Subpoena to Ms. Rose by email.  Rose Decl. ¶ 3.  He claims that she "agreed" to accept it, but plainly she did not knowingly waive her rights; she is not a lawyer, and Defendant did not explain the legal import of the document he was asking to email to her, nor did he explain the rights of due process or suggest she seek legal counsel.  He did not even offer her a witness fee, let alone get her consent to waive it.  <u>Id.</u> ¶ 4.  The subpoena should be quashed for this reason alone.  <u>See</u> <u>United States v. Venecia</u>, 172 F.R.D. 438, 438-39 (D. Or. 1997) (granting motion to quash defendant's subpoena to state prosecutor under Rule 17(d) on ground that subpoena was not personally served, notwithstanding that prosecutor had advised "that they would accept the subpoena by fax.").  Particularly where, as here, constitutional rights are at stake, a waiver of rights "must not only be voluntary, but must also constitute a knowing and intelligent relinquishment or abandonment of a known right or privilege."  <u>Edwards v. Arizona</u>, 451 U.S. 477, 482 (1981).[7]  That "knowing and intelligent" waiver or "abandonment" of rights did not happen here.

Defendant also failed to provide the required daily witness fee.  Rose Decl. ¶ 4.  The Federal Rules of Criminal Procedure mandate that the party serving the subpoena "must tender to the witness one day's witness-attendance fee[.]"  Fed. R.

---

[7] This strict limit on purported "waiver" is especially important where First Amendment rights are involved.  <u>See</u> <u>Nat'l Polymer Prods., Inc. v. Borg-Warner Corp.</u>, 641 F.2d 418, 423-24 (6th Cir. 1981) (agreements purporting to restrict First Amendment rights "must be narrowly construed"); <u>see also</u> <u>Ferlauto v. Hamsher</u>, 74 Cal. App. 4th 1394, 1399-1401 (1999) (rejecting argument that parties' confidentiality agreement precluded defendant from asserting First Amendment defense; "we are unwilling to find waiver in circumstances which fall short of being clear and compelling"), citing <u>Curtis Publ'g Co. v. Butts</u>, 388 U.S. 130, 145 (1967)) (internal quotations omitted).

NON-PARTY CNN PRODUCER JACQUELINE ROSE'S
EX PARTE APPLICATION FOR ORDER TO QUASH
4852-2255-5638v.1 0026517-000213

DAVIS WRIGHT TREMAINE LLP
865 S  FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Crim. P. 17(d).  Courts have held that service of a criminal subpoena without the required fee is defective, and is sufficient grounds for quashing the subpoena.  See CF & I Steel Corp. v. Mitsui & Co., 713 F.2d 494, 496 (9th Cir. 1983) ("the plain meaning of Rule 45[(b), the analogous civil rule to Rule 17(d)] requires **simultaneous** tendering of witness fees") (emphasis added); United States v. Moore, 225 F.3d 637, 644 n.2 (6th Cir. 2000) (affirming order quashing subpoenas that were not accompanied by required fee); Fujikura Ltd. v. Finisar Corp., 2015 U.S. Dist. LEXIS 135871, at *13 (N.D. Cal. May 14, 2015) ("failure to tender fees **at the time of servi**ce invalidates the subpoena and the deposition testimony will not be compelled.") (emphasis added; internal quotation omitted); S.F. BART Dist. v. Spencer, 2006 U.S. Dist. LEXIS 73140, at *3 (N.D. Cal. Sept. 25, 2006) (subpoenas were invalid where not accompanied by tender of witness fees).

Ms. Rose's counsel advised Defendant that his purported "service" of the Subpoena was defective, among other reasons because Ms. Rose was not paid a witness fee and did not waive her right to receive it.  Sager Decl. ¶ 4.  He refused to withdraw it, even though he has not disputed that no witness fee was tendered or waived.  Id.  Because service of the Subpoena was clearly defective, it should be quashed for this reason alone.

## IV.   DEFENDANT'S SUBPOENA FAILS TO MEET THE REQUIREMENTS OF F.R.C.P. 17(C).

The subpoena should be quashed for the additional reason that Defendant cannot establish a basis for demanding Ms. Rose's testimony or for compelling the production of the requested documents under Federal Rule of Criminal Procedure 17(c).  As the Supreme Court has explained, a party serving a Rule 17 subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity."  United States v. Nixon, 418 U.S. 683, 700 (1974).  This test ensures that any information sought under Rule 17 is actually "evidentiary and relevant," and that "the application is made in good faith and is not intended as a general 'fishing

9

NON-PARTY CNN PRODUCER JACQUELINE ROSE'S
EX PARTE APPLICATION FOR ORDER TO QUASH
4852-2255-5638v.1 0026517-000213

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  expedition.'"  Id. at 699-700; see also United States v. Reed, 726 F.2d 570, 577 (9th

2  Cir. 1984) ("Rule 17(c) was not intended as a discovery device, or to 'allow a blind

3  fishing expedition seeking unknown evidence.'"), quoting United States v.

4  MacKey, 647 F.2d 898, 901 (9th Cir. 1981).[8]

5       Under this standard, "where the party seeking the subpoena can describe the

6  material sought only in broad terms or is unsure whether the material even exists,

7  and where the claim of relevance is necessarily speculative, the request is likely to

8  be denied."  United States v. W.R. Grace, 434 F. Supp. 2d 869, 873 (D. Mont.

9  2006) (emphasis added).  Here, Defendant cannot meet his burden of showing that

10 the Subpoena seeks relevant and specific information, because there is no such

11 information in Ms. Rose's possession.  She has searched her cell phone for

12 responsive documents, and does not have any text messages from Defendant

13 between April 23 and May 4, 2018.  See Rose Decl. ¶ 6; Ex. 1.  In fact, she has no

14 text messages at all from earlier than 2019.  Rose Decl. ¶ 6.  Ms. Rose also does not

15 have any recollection of the contents of the alleged text messages from 2018, nor

16 could she testify from personal knowledge as to any particular date(s) when

17 Defendant appeared on CNN programs more than three years ago, or where he was

18 when he appeared.  Id.

19      But even if Ms. Rose could produce the text messages or recall their contents

20 (which she cannot), the messages fail to meet Rule 17's relevancy standards.  The

21 contents of a text message does not establish the whereabouts of the person sending

22 or receiving a text; even if Defendant said in a text that he was in a particular

23

24 ───────────────

   [8] These restrictions apply both to trial and pretrial subpoenas, and apply both to
25 requests for testimony or the production of documents.  See United States v.
   George, 883 F.2d 1407, 1418 (9th Cir. 1989) (applying Nixon test to affirm order
26 quashing subpoena issued after trial began); United States v. Bergeson, 425 F.3d
   1221, 1226-27 (9th Cir. 2005) (affirming order quashing a testimony-only subpoena
27 under Rule 17).

28

NON-PARTY CNN PRODUCER JACQUELINE ROSE'S
EX PARTE APPLICATION FOR ORDER TO QUASH
4852-2255-5638v.1 0026517-000213

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

location, that content would be inadmissible hearsay.  As an editorial producer for CNN, Ms. Rose communicated with many individuals to determine whether they would be willing to appear on CNN news programs.  Rose Decl. ¶ 2.  If she had any texts with Defendant on the dates in question, at most they would show that CNN was communicating with him about appearing on a CNN program; the text message would not prove that Defendant did appear on CNN on any particular day, or where he was physically located at the time of the appearance.

Finally, even if Ms. Rose had or remembered text messages discussing Defendant's whereabouts on a particular day in 2018 – which she does not – such evidence would not be sufficiently probative of any relevant issue to satisfy the Rule 17(c) standard.  At best, such information would be completely tangential: Defendant apparently is looking for some way to impeach Ms. Regnier, who testified for the prosecution, on a factual point that <u>she did not even make</u> in her trial testimony.  Specifically, he seeks to show that he was on the east coast on May 1, 2018, and thus could not have been physically sitting at Ms. Regine's computer in Los Angeles on the date when a particular email was sent to one of Defendant's clients.  But Ms. Regnier did not testify that Defendant was physically present in Los Angeles on that date, or that he personally sent the email from her computer that was the subject of her testimony.  <u>See</u> Ex. 6.  In other words, Defendant is demanding a third-party journalist travel across the country to testify for the purpose of impeaching Ms. Regnier for something she did not actually say.

Courts consistently have rejected subpoenas under Rule 17 when they seek evidence of such attenuated relevance.  <u>See</u>, <u>e.g.</u>, <u>Reed</u>, 726 F.2d at 577 (quashing defendants' subpoena to third party where they had "not sufficiently demonstrated the relevance of the documents sought" because they had "not pointed to any substantial foundation for believing that the" information would prove their defense); <u>United States v. Eden</u>, 659 F.2d 1376, 1381 (9th Cir. 1981) (party could not meet Rule 17 relevance requirement with "mere conclusory statements").  Here,

DAVIS WRIGHT TREMAINE LLP
865 S  FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    because Ms. Rose has no evidence to offer about Defendant's whereabouts in

2    April and May of 2018, and because the issue is not relevant in any event,

3    Defendant has failed to meet his burden under Rule 17.

4          **V. THE SUBPOENA IS OPPRESSIVE AND UNREASONABLE.**

5          A court may quash a subpoena "if compliance would be unreasonable or

6    oppressive." Fed. R. Crim. P. 17(c)(2). Although Rule 17(c)(2) applies to

7    documents, courts also have applied it to subpoenas seeking testimony that would

8    be unreasonable or oppressive. See, e.g., Amsler v. United States, 381 F.2d 37, 51

9    (9th Cir. 1967). Among the factors courts consider to determine whether a

10   subpoena for testimony is oppressive are the distance the witness would be required

11   to travel; the witness's familial situation; and the potential relevancy of her

12   testimony. See, e.g., United States v. Rodriguez, 2016 WL 6217063, at *1 (E.D.

13   Cal. Oct. 24, 2016).

14         Rodriguez is instructive. In that case, a defendant on trial for criminal

15   conspiracy involving mortgage fraud sought testimony from a third-party witness

16   about the underwriting practices of the witness' employer. Id.; see also United

17   States v.Rodriguez, 2017 WL 4700043, at *1 (E.D. Cal. Oct. 19, 2017), aff'd, 746 F.

18   App'x 682 (9th Cir. 2018). The court held that the witness had no relevant

19   testimony to offer, because he was an administrator and was uninvolved in the

20   company's "actual" underwriting practices. Rodriguez, 2016 WL 6217063 at *1.

21   Moreover, the court noted that the witness "live[d] about 400 miles from

22   Sacramento [and] is a care-giver for his 1-year old daughter." Given these facts, the

23   court found that "requiring [the witness] to appear during trial would be oppressive

24   under Federal Rule of Criminal Procedure 17(c)(2)." Id.

25         The circumstances here are far more oppressive and unreasonable than in

26   Rodriguez. Ms. Rose lives on the other side of the country in New York, more than

27   2,800 miles from Santa Ana. See Rose Decl. ¶ 5. She, like the witness in

28   Rodriguez, is the primary caregiver for a one-year old child, which would make it

                                          12

NON-PARTY CNN PRODUCER JACQUELINE ROSE'S
EX PARTE APPLICATION FOR ORDER TO QUASH
4852-2255-5638v.1 0026517-000213

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

extremely burdensome for her to travel across the country on short notice even in normal times.  Id.  Given her concern over the ongoing threat of the COVID-19 pandemic – against which her child cannot be vaccinated – it would be both unreasonable and oppressive to force Ms. Rose to travel to Santa Ana, where she has no relevant testimony to offer.  Id.; see Section IV, infra.  Defendant's Subpoena should be quashed for this independent reason.

## VI.  DEFENDANT CANNOT OVERCOME THIS CNN PRODUCER'S CONSTITUTIONAL PROTECTIONS.

Notwithstanding all of the other defects in Defendant's Subpoena, at its core, it is seeking to force a CNN editorial producer to testify about information she would have gathered in the course and scope of her newsgathering responsibilities at CNN.  Because enforcing the Subpoena would unduly infringe on Ms. Rose's First Amendment rights, it should be quashed for this additional reason.

### A.  The First Amendment Journalist's Privilege Applies to the Evidence Sought by Defendant's Subpoena.

The United States Supreme Court recognized almost fifty years ago that important First Amendment interests are implicated when a party attempts to compel a non-party journalist to testify, noting that, "without some protection for seeking out the news, freedom of the press could be eviscerated."  Branzburg v. Hayes, 408 U.S. 665, 681 (1972).  Compelling a journalist to become a witness or to produce even non-confidential information "harms the press' ability to gather information" and poses the risk that "journalists might well be shunned by persons who might otherwise give them information."  Shoen I, 5 F.3d at 1295; see also Gonzales v. NBC, 194 F.3d 29, 35 (2d Cir. 1999) (compelled testimony "risk[s] the symbolic harm of making [the reporter] appear to be an investigative arm of the judicial system, the government, or private parties.").  To protect these vital First Amendment interests, the Ninth Circuit has recognized a qualified constitutional privilege that "protects journalists against compelled disclosure in all judicial

13

NON-PARTY CNN PRODUCER JACQUELINE ROSE'S
EX PARTE APPLICATION FOR ORDER TO QUASH
4852-2255-5638v.1 0026517-000213

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  proceedings, <u>civil and criminal alike</u>."  <u>Shoen I</u>, 5 F.3d at 1292 (emphasis added);

2  <u>see</u> <u>also</u> <u>Farr v. Pitchess</u>, 522 F.2d 464, 467-68 (9th Cir. 1975) (recognizing

3  privilege applies in criminal proceedings).

4       This qualified privilege shields journalists against the compelled disclosure of

5  both confidential and non-confidential information.  <u>See</u> <u>Shoen I</u>, 5 F.3d at 1294.

6  This recognizes that the compelled production of even non-confidential information

7  "'can constitute a significant intrusion into the newsgathering and editorial

8  processes.  Like the compelled disclosure of confidential sources, it may

9  substantially undercut the public policy favoring the free flow of information that is

10 the foundation for the privilege.'"  <u>Id.</u>, quoting <u>United States v. Cuthbertson</u>, 630

11 F.2d 139, 147 (3d Cir. 1980).  The privilege is essential to protect "the vitality of

12 the newsgathering process," given the "'lurking and subtle threat to journalists and

13 their employers if disclosure of outtakes, notes, and other unused information, even

14 if nonconfidential, becomes routine and casually, if not cavalierly, compelled.'"

15 <u>Shoen II</u>, 48 F.3d at 416, quoting <u>United States v. LaRouche Campaign</u>, 841 F.2d

16 1176, 1182 (1st Cir. 1988).

17      Notably here, the privilege applies even where a reporter's testimony "is

18 sought only to authenticate or confirm otherwise nonconfidential or public

19 information."  <u>In re Slack</u>, 768 F. Supp. 2d 189, 194 (D.D.C. 2011) ("[i]f a

20 reporter's privilege did not apply to nonconfidential information, it would result 'in

21 a wholesale exposure of press files to litigant scrutiny [and] would burden the press

22 with heavy costs of subpoena compliance"); <u>United States v. Marcos</u>, 1990 WL

23 74521, at *2 (S.D.N.Y. 1990) ("[m]any doors will be closed to reporters who are

24 viewed as investigative resources for litigants"); <u>United States v. Blanton</u>, 534 F.

25 Supp. 295, 296-97 (S.D. Fla. 1982) (quashing subpoena directed to reporter in

26 criminal case that sought verification about published statements).

27      These First Amendment interests broadly apply to all those who engage in

28 newsgathering to disseminate information to the public.  <u>See</u> <u>Shoen I</u>, 5 F.3d at

14

NON-PARTY CNN PRODUCER JACQUELINE ROSE'S
EX PARTE APPLICATION FOR ORDER TO QUASH
4852-2255-5638v.1 0026517-000213

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1293 ("the journalist's privilege is designed to protect investigative reporting, regardless of the medium used to report the news to the public."), citing Von Bulow v. Von Bulow, 811 F.2d 136 (2d Cir. 1987); Planet Aid, Inc. v. Reveal, Ctr. for Investigative Reporting, 2019 WL 935131, at *2 (N.D. Cal. Feb. 26, 2019) (applying privilege to journalist's conversation even where some of the topics were not intended for publication); see also O'Grady v. Superior Court, 139 Cal. App. 4th 1423, 1467 (2006) (First Amendment privilege applies to all individuals who "gather, select, and prepare, for purposes of publication to a mass audience, information about current events of interest and concern to that audience.").

Defendant's Subpoena to Ms. Rose plainly seeks information that is protected by the qualified journalists' privilege. She is employed as an editorial producer for CNN, where she works with CNN's reporters and editors to gather and disseminate information to the public. Rose Decl. ¶ 2. The Subpoena seeks Ms. Rose's text messages with Defendant in April and May of 2018 – information she only would have (if at all) in the course of her newsgathering work for CNN, and which Defendant himself has described as related to his appearances on CNN news programs. Id. ¶ 2; Sager Decl. ¶ 3. Ms. Rose has no percipient knowledge of the underlying events in this criminal case; the information sought from her relates only to her editorial work for CNN. Id. She is entitled to invoke the journalists' privilege here.

## B.    Defendant Cannot Meet His Burden of Overcoming Ms. Rose's First Amendment Rights.

Under controlling Ninth Circuit law, a litigant may obtain information falling within the scope of the First Amendment journalists' privilege "only upon a showing that the requested material is (1) unavailable despite exhaustion of all reasonable alternative sources; (2) noncumulative; and (3) clearly relevant to an important issue in the case." Shoen II, 48 F.3d at 416 (emphases added). Consistent with the policies underlying the privilege, courts apply this test strictly,

1  to "ensure that compelled disclosure is the exception, not the rule."  Id.  See also

2  Zerilli v. Smith, 656 F.2d 705, 712 (D.C. Cir. 1981) ("if the privilege does not

3  prevail in all but the most exceptional cases, its value will be substantially

4  diminished").  Defendant cannot meet his burden as to any of these First

5  Amendment requirements.

6      First, Defendant cannot demonstrate that he has exhausted all reasonable

7  alternative sources for the information he claims to want from Ms. Rose – namely,

8  verification of his whereabouts on specific dates in late April and early May 2018.

9  The exhaustion requirement is stringent:  "compelled disclosure from a journalist

10  must be a last resort after pursuit of other opportunities has failed."  Shoen I, 5 F.3d

11  at 1297-98 (emphasis added).  The subpoenaing party must make a "strong

12  showing" that "there is no other source for the information requested."  Riley v.

13  City of Chester, 612 F.2d 708, 716 (3d Cir. 1979).

14      Defendant cannot make that showing here, because he has numerous, readily

15  available alternative sources for the information he seeks from Ms. Rose.

16  Defendant has demanded text message from Ms. Rose in which he was a

17  participant.  He could obtain and present copies of the messages from his mobile

18  device carrier (which also could authenticate the messages, in the event the

19  government does not stipulate to their authenticity).  See Shoen I, 5 F.3d at 1297-98

20  (privilege barred subpoena where a "patently available other source" exists for the

21  requested information).  Defendant could establish that he was in New York on a

22  certain date, rather than Los Angeles, through records available from airlines, travel

23  rewards programs, hotels, restaurants and other businesses, banks and credit card

24  companies (to name just a few examples).  His alleged communications with

25  journalists are not the only way for him to establish his whereabouts on a specific

26  day.

27      Moreover, to the extent Defendant needed to establish that he appeared in

28  person on CNN programs that were telecast live from its New York studio, counsel

16

NON-PARTY CNN PRODUCER JACQUELINE ROSE'S
EX PARTE APPLICATION FOR ORDER TO QUASH
4852-2255-5638v.1 0026517-000213

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

for Ms. Rose worked with in-house counsel at her employer, CNN, to offer – and the Court now has been provided – DVDs showing CNN's as-telecast footage of programs from April 30, May 1, and May 2, 2018, along with a custodial declaration verifying their authenticity and the date, time, and location of the telecast.  See Notice of Lodging.  This published material – which was offered to Defendant as a means of avoiding the need for motion practice, but which he refused – obviates the need for Ms. Rose to testify.[9]  Because Defendant has not met the exhaustion requirement, this alone justifies quashing the Subpoena.

Second, Defendant cannot meet his burden of demonstrating that the information sought from Ms. Rose is non-cumulative.  "When testimony sought from a reporter would be cumulative of other evidence, it cannot be 'necessary or critical' to an action so as to override the First Amendment privilege."  In re Behar, 779 F. Supp. 273, 275-76 (S.D.N.Y. and C.D. Cal. 1991).  See also United States v. Burke, 700 F.2d 70, 77-78 (2d Cir. 1983) (quashing subpoena where information sought "would be merely cumulative and would not defeat [the reporters'] First Amendment privilege," and recognizing that "the important social interests in the

---

[9] It is difficult to imagine that the government would dispute the authenticity of the DVDs. Ms. Rose's counsel offered to talk to the government's counsel about whether they would stipulate to the DVDs' authenticity, but Defendant refused that suggestion as well, even though he simultaneously asserted that he was certain they would not agree. Sager Decl. ¶ 6.  Moreover, the DVDs fall easily within the realm of judicially-noticeable materials.  Another federal district court had no difficulty taking "judicial notice that [a party] appeared on CNN in May 2010," based on a video excerpt of the CNN "Anderson Cooper 360°" program of May 27, 2010. Cefalu v. Holder, 2013 WL 5315079, at *16 & n.17 (N.D. Cal. Sept. 23, 2013), reconsidered on other grounds, 2013 WL 6671799 (N.D. Cal. Dec. 18, 2013), citing Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010) ("[c]ourts may take judicial notice of publications introduced to indicate what was in the public realm at the time"; taking notice of fact that newspapers and magazines had published information about subject at issue in litigation); see also FRE 201 (court may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

NON-PARTY CNN PRODUCER JACQUELINE ROSE'S
EX PARTE APPLICATION FOR ORDER TO QUASH
4852-2255-5638v.1 0026517-000213

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  free flow of information that are protected by the reporter's qualified privileged are

2  particularly compelling in criminal cases").

3          Defendant subpoenaed Ms. Rose in an apparent effort to establish that he

4  could not have written an email on Judith Regnier's computer in Los Angeles on

5  May 1, 2018, because he was not in Los Angeles that day.  Even if Ms. Rose could

6  provide documents or testify about his whereabouts – which she cannot – such

7  evidence would be cumulative of other readily available information that is more

8  directly probative of Defendant's whereabouts than his alleged texts with Ms. Rose

9  – including video depicting his physical appearance at CNN's New York studio on

10 the relevant dates (as well as airline, hotel and bank records).

11         <u>Third</u>, Defendant cannot show that the information he seeks from Ms. Rose is

12 relevant to an "important" trial issue.  As the Ninth Circuit has emphasized, the

13 party seeking to overcome the journalist's privilege "must [make] a showing of

14 <u>actual</u> relevance; a showing of <u>potential</u> relevance will not suffice."  <u>Shoen II</u>, 48

15 F.3d at 416 (emphasis added).  This constitutional standard is strictly applied.  To

16 demonstrate relevance, the subpoenaing party must show that the testimony at issue

17 "go[es] to the 'heart of the matter'" and is "crucial to the case."  <u>Zerilli</u>, 656 F.2d at

18 713.  <u>See also Damiano v. Sony Music Entertainment, Inc.</u>, 168 F.R.D. 485, 497

19 (D.N.J. 1996) (information sought must relate to a "central element" of the case).  It

20 is not sufficient that the information simply would be "useful."  <u>Krase v. Graco</u>

21 <u>Children Prod., Inc.</u>, 79 F.3d 346, 351 (2d Cir. 1996) (applying New York shield

22 law).  Instead, there must be a finding that the claim for which the information is to

23 be used "virtually rises or falls" on the admission of the materials.  <u>Id.</u>  Put another

24 way, the party issuing the subpoena to the reporter must show that the information

25 sought is "highly relevant" and is "necessary to the proper presentation of the case."

26 <u>United States v. Caporale</u>, 806 F.2d 1487, 1504 (11th Cir. 1986).  <u>See also</u>

27 <u>Cuthbertson</u>, 651 F.2d at 196 (party seeking information from journalist must show

28 it is "crucial to the claim").

18

NON-PARTY CNN PRODUCER JACQUELINE ROSE'S
EX PARTE APPLICATION FOR ORDER TO QUASH
4852-2255-5638v.1 0026517-000213

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendant cannot meet this exacting standard.  He is not seeking Ms. Rose's testimony as a witness with firsthand knowledge of any of the allegations against him, much less about any issue crucial to his defense.  Instead, he is seeking her appearance solely to "impeach" a government witness, even though Ms. Rose does not have the documents he seeks, nor first-hand recollection about Defendant's whereabouts on any particular date in 2018.

Moreover, the purported attempt to "impeach" Ms. Regnier is without merit. As the transcript of her trial testimony shows, she did not testify that Defendant wrote the email in question while sitting at her computer, or that he was even in Los Angeles when it was sent; to the contrary, her testimony was that Defendant "had me write it."  Sager Decl. Ex. 6 at 14 (7/28/2021 Tr. v.1 at 56:1).  Even if Defendant were proven to be in New York at the time, that does not contradict her testimony. On cross-examination, Defendant brought up a pre-trial interview Ms. Regnier had done with the government, trying to create some inconsistency, but she made clear that her prior statement was only that the May 1 email "may have" been one of the emails that Defendant had authored from her computer.  Id. at 20 (7/28/2021 Tr. v.2 at 17:25).  In short, the evidence Defendant seeks in his subpoena to Ms. Rose (if it existed) would not impeach Ms. Regnier, because she did not say he was physically in Los Angeles on May 1.

In any event, "impeachment material is ordinarily not critical or necessary to the maintenance or defense of a claim," and therefore is not a sufficient basis for overcoming the reporter's privilege.  In re McCray, Richardson, Santana, Wise, & Salaam Litig., 928 F. Supp. 2d 748, 758, aff'd, 991 F. Supp. 2d 464 (S.D.N.Y. 2013), citing In re Application to Quash Subpoena to Nat'l Broad. Co., 79 F.3d 346, 352 (2d Cir.1996); Jimenez v. City of Chicago, 733 F. Supp. 2d 1268, 1273 (W.D. Wash. 2010) (quashing subpoena to journalist where the "only explicit relevance claimed (the impeachment of a third party) is merely collateral" to underlying lawsuit).  Defendant's claim is particularly weak here, for the reasons explained

19

NON-PARTY CNN PRODUCER JACQUELINE ROSE'S
EX PARTE APPLICATION FOR ORDER TO QUASH
4852-2255-5638v.1 0026517-000213

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 | above.  Accordingly, Ms. Rose's testimony is not "clearly relevant to an important
2 | issue in the case." <u>Shoen II</u>, 48 F.3d at 416.

3 | Because Defendant cannot establish any of the requirements for overcoming
4 | Ms. Rose's First Amendment rights, let alone all of those requirements, his
5 | Subpoena should be quashed.

6 | ## VII.   CONCLUSION

7 | Defendant's insistence on having Ms. Rose travel cross country to testify
8 | about something she has no recollection about, for a frivolous impeachment
9 | attempt, does not justify the unreasonable and oppressive burden on Ms. Rose, nor
10 | the infringement of her First Amendment rights.  Ms. Rose respectfully requests
11 | that this Court quash the Subpoena, and restrict Defendant from any further
12 | harassment of her.

13 | DATED: August 16, 2021                    DAVIS WRIGHT TREMAINE LLP
14 |                                           KELLI L. SAGER
     |                                           ERIC M. STAHL
15 |                                           SAM F. CATE-GUMPERT

16 |                                           By:_____/s/Kelli L. Sager_____

17 |                                                   Kelli L. Sager

18 |                                           Attorneys for Non-Party CNN
19 |                                           Producer Jacqueline Rose

20

21

22

23

24

25

26

27

28

20

NON-PARTY CNN PRODUCER JACQUELINE ROSE'S
EX PARTE APPLICATION FOR ORDER TO QUASH
4852-2255-5638v.1 0026517-000213

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899