Michael John Avenatti (Pro Se)

H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 497-6753

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | DEFENDANT'S OPPOSITION TO THIRD PARTY EVAN CARTER'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA IN CRIMINAL CASE |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his advisory counsel of record, H. Dean Steward, hereby files this Opposition to Third Party Evan Carter's Notice of Motion and Motion to Quash Subpoena in Criminal Case. [Dkt. 712.]

Dated: August 17, 2021

Respectfully submitted,

/s/ Michael J. Avenatti

Defendant
MICHAEL JOHN AVENATTI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND FACTUAL BACKGROUND

On August 12, 2021, Evan Carter accepted service of the relevant subpoena by way of her attorney, Nina Marino.[1] *See, e.g.,* Dkt. 712, p. 3. This followed days of the defendant attempting to serve Ms. Carter. Personal service attempts were made on August 3, 2021 at 2:53 p.m., August 5, 2021 at 8:00 p.m., August 6, 2021 at 5:58 p.m., August 7, 2021 at 7:15 p.m., and August 8, 2021 at 4:25 p.m. *See, e.g.,* Exhibit A.

Mr. Avenatti effectuated this subpoena as a result of Ms. Carter appearing in government interview notes for an interview conducted on July 26, 2021, in which she is listed as a "**Witness**." SA Roberson, SA Karlous, and AUSA Wyman were all present during the interview.

The following day, August 13, 2021, Mr. Drum testified that Evan Carter worked on this case. *See, e.g.,* Trial Tr. (8/13/21, Vol. 1), p. 112. Mr. Drum testified that recently Ms. Carter spent "a lot" of time on the matter and was also "heavily involving in preparing [Mr. Drum] for [his] testimony in this case." *See, e.g.,* Trial Tr. (8/13/21, Vol. 1), p. 113. She was heavily involved in preparing the exhibits that Mr. Drum was asked about by the government and that were admitted into evidence. *See, e.g.,* Trial Tr. (8/13/21, Vol. 1), p. 114. Mr. Drum acknowledged that Ms. Carter was highly knowledgeable about this case. *See, e.g.,* Trial Tr. (8/13/21, Vol. 1), p. 114.

He also testified, "Evan Carter was heavily involved in assisting me to prepare for this testimony." *See, e.g.,* Trial Tr. (8/13/21, Vol. 1), p. 114. Ms. Carter's role was so integral that she flew from Colorado to California to met with Mr. Drum in preparation for his testimony. *See, e.g.,* Trial Tr. (8/13/21, Vol. 1), p. 116. Mr. Drum testified that he

---

[1] Based on the defendant's recollection of this morning's proceedings, in absence of the transcripts at this time, the Court identified improper service of process as a reason to quash the subpoena. Counsel for Ms. Carter subsequently alerted the Court that she had agreed to accept electronic service on behalf of her client.

engaged in mock-cross examinations with Ms. Carter across two and a half weeks where Ms. Carter played Mr. Avenatti. *See, e.g.,* Trial Tr. (8/13/21, Vol. 1), p. 118. Mr. Drum testified that Ms. Carter also had fairly regular e-mail communications, at Mr. Drum's direction, with the government agents and prosecutors in connection with this case. *See, e.g.,* Trial Tr. (8/13/21, Vol. 2), p. 10.

On August 16, 2021, counsel for Ms. Carter moved to quash the subpoena related to Ms. Carter's oral testimony and production of documents. *See, e.g.,* Docket No. 712. In her filing, Ms. Carter argues that Mr. Avenatti has failed to make a showing as to the relevance or admissibility of Evan Carter's testimony. Ms. Carter argues that she is not a percipient witness and the testimony sought is "patently irrelevant and inadmissible." *See, e.g.,* Docket No. 712, p. 3.

On August 17, 2021, the Court heard argument from Ms. Carter's counsel, Nina Marino. The Court conditionally quashed the subpoena but reserved final ruling until the defendant had an opportunity to present his position to the Court. Based on Mr. Avenatti's recollection of the Court's ruling, the motion to quash was conditionally granted on the basis that the subpoena's service was improper and it would not lead to relevant information. The document requests were conditionally quashed because they were overbroad.

For the reasons set forth below, Mr. Avenatti requests that the Court deny Ms. Carter's motion to quash.

## II. LEGAL STANDARD AND ARGUMENT

A criminal defendant has the power to issue a subpoena pursuant to Federal Rule of Criminal Procedure 17. A subpoena may "order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. Proc. 17(c)(1). Both the government and the defendant "have the right to call witnesses, and the power to compel witness testimony is essential to our system of justice." *Barnett v.*

2

*Norman*, 782 F.3d 417, 422 (9th Cir. 2015); *citing Blair v. United States*, 250 U.S. 273, 281-82 (1919). The "interest in full disclosure and the fair administration of justice overrides concerns that testimony might be inconvenient, burdensome, or harmful to a witness's social or economic status." *Id.; citing United States v. Calandra*, 414 U.S. 338, 345 (1974). The Ninth Circuit has made it clear, "[f]ew witnesses want to testify, and if given the choice, almost never would … But much like jury service, witness testimony is not optional in our justice system – it is essential." *Barnett v. Norman*, 782 F.3d 417, 424-25 (9th Cir. 2015). Indeed, the Supreme Court has repeatedly held that a defendant has a fundamental due process right to mount a defense and call witnesses on his behalf. *See*, *e.g.*, *Taylor v. Illinois*, 484 U.S. 400, 409 (1988).

Upon the motion of a subpoenaed party, "the Court may quash or modify the subpoena if 'compliance would be unreasonable or oppressive.'" *United States v. Cota*, 2009 U.S. Dist. LEXIS 18736, at *4 (N.D. Cal. 2009). A decision to enforce or quash criminal subpoena rests within the discretion of the district court. *United States v. Bentacount*, 277 Fed. Appx. 708, 711 (9th Cir. 2008). The Supreme Court has previously determined that the proponent of the subpoena must "clear three hurdles: (1) relevance, (2) admissibility; and (3) specificity." *United States v. Reyes*, 239 F.R.D. 591, 598 (N.D. Cal. 2006); *quoting United States v. Nixon*, 418 U.S. 683 (1974). The subpoena must be brought in good faith and cannot be intended as a general fishing expedition. *United States v. Scovis*, 743 Fed. Appx. 795, 800 (9th Cir. 2018).

The subpoena at issue directed to Ms. Carter seeks relevant, admissible and specific testimony and documents.

    **A.**    **Mr. Carter's Testimony and Communications with the Government are Admissible and Relevant**

Contrary to Ms. Carter's assertions, her testimony is relevant to the charges in the Indictment. Evidence is relevant if it has any tendency to make a fact more or less probable and the fact is of consequence in determining the action. Fed. R. Evid. 401. The

3

relevancy rule "contains a low threshold for relevance, because '[a]ny more stringent requirement is unworkable and unrealistic.'" *Griffin v. Union Pac. R.R. Co.,* 2018 U.S. Dist. LEXIS 211337, at *35 (E.D. Cal. 2018); *citing United States v. Goxcon-Chagal*, 885 F.Supp. 2d 1118, 1162 (D.N.M. 2012)(quoting Fed. R. Evid. 401 Advisory Committee's note); *See also, Magee v. J.R. Simplot Co.,* 2021 U.S. Dist. LEXIS 130628 (D. Id. 2021)("[R]elevance is a very low threshold to overcome in determining the admissibility of evidence.")

      Ms. Carter also cites Rule 602 for the notion that her testimony is irrelevant because she has "no firsthand knowledge of Defendant's conduct underlying the criminal charges, and thus cannot act as a percipient witness in this case." *See, e.g.,* Dkt. 712, p. 5. Ms. Carter's interpretation of Rule 602 is incorrect. A witness need not be personally privy to the underlying criminal conduct but may instead be a witness to the series of events, including the investigation, after the alleged offense has completed. If. Ms. Carter's interpretation of Rule 602 were correct, most federal agents, investigators, and other foundational or summary witnesses would be excluded as a result of a lack of personal knowledge.

      Here, at a minimum, Ms. Carter has personal knowledge and could testify regarding the following facts relevant to this case, among others: (1) the manner and method of preparation of the financial summary charts prepared by Ms. Carter and expert John Drum; (2) the analysis of Mr. Avenatti and the law firm's finances performed in connection with this case; (3) the mock cross-examinations performed between Mr. Drum and Ms. Carter where Mr. Carter played the role of Mr. Avenatti; (4) the sources used in performing the analysis of Mr. Avenatti and the law firm's finances and his alleged misappropriation of client funds; (5) Ms. Carter's frequent communications with the government regarding this case; and (6) the scope and manner of the government's investigation, some of which was performed through Mr. Drum and Ms. Carter. *See Kyles v. Whitley*, 514 U.S. 419, 445-449 (1995); *United States v. Sager*

(9th Cir. 2000) 227 F.3d 1138, 1145-1146.

Indeed, Mr. Avenatti is entitled to attack the government's financial investigation of Mr. Avenatti and the law firm by showing that their outsourcing of that investigation to Mr. Drum, Ms. Carter and others (well before the indictment was even issued in this case), led to shoddy, incompetent work, and countless errors.

Ms. Carter's testimony would be both relevant and admissible and consistent with the principles of Rule 602. *See, e.g.,* Fed. R. Evid. 602 ("[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter"). There has been a sufficient showing that the testimony of Ms. Carter is both relevant and admissible.

**B.     The Scope of the Subpoena is Narrow and Specific**

Ms. Carter argues that Mr. Avenatti's request for "[a]ll text messages and emails (with attachments) sent to any government agent, employee, or Assistant U.S. Attorney in connection with the above-referenced case" is not properly sought through Ms. Carter and instead "more appropriately sought from Mr. Drum…" *See, e.g.,* Dkt. 712, p. 5. Ms. Carter argues, "to the extent that Defendant believes the requested materials contain relevant information, for example, *Brady* evidence, such request should be directed to the government…" *See, e.g.,* Dkt. 712, p. 6. However, to the extent *Brady*/*Giglio* information is in the possession of Ms. Carter, Mr. Avenatti is entitled to it.

Mr. Avenatti asks that the Court find that the scope of the subpoena is narrow, specific and not overly broad. However, even if the Court concludes that the production of documents is not appropriate, Mr. Avenatti asks that the Court permit the testimony of Ms. Carter based upon the showing made herein.

**C.     Compliance with Defendant's Subpoena Would be Unduly Burdensome and Oppressive**

Finally, Ms. Carter argues that "Defendant's subpoena would place an undue burden on Ms. Carter" for the following reasons: (1) Ms. Carter would be required to

5

review and redact the emails between her and the government; (2) Ms. Carter would be required to travel from her home state of Colorado "in the middle of a pandemic, for the sake of indulging Defendant's quixotic fishing endeavor. This burden is compounded by the aforementioned irrelevance and inadmissibility of the communications and testimony sought in Defendant's subpoena…" *See, e.g.,* Dkt. 712, p. 6.

First, Ms. Carter's act of accessing and potentially redacting e-mails with the prosecution team should not be particularly challenging given her assertions that minimizes Ms. Carter's role in this case as merely a "mid-level associate who aided Mr. Drum in his capacity as a designed expert." *See, e.g.,* Dkt. 712, p. 6.

Second, Ms. Carter cannot claim the subpoena is unduly burdensome. Mr. Drum testified that although Ms. Carter worked out of Denver, Colorado, she traveled to California and was in California in the days leading up to his testimony in order to prepare him to testify. *See, e.g.,* Trial. Tr. (8/13/21, Vol. 1) p. 116. In anticipation of Mr. Drum's testimony, Ms. Carter and Mr. Drum again discussed this case at the local Residence Inn Hotel near the courthouse on the morning of Wednesday, August 11 (six days ago). *See, e.g.,* Trial. Tr. (8/13/21, Vol. 1) p. 116. They then discussed the case again on Thursday, August 12, 2021. Trial. Tr. (8/13/21, Vol. 1) p. 115-16.

If Ms. Carter's role in the financial analysis related to this case is so *de minimis* and the burden allegedly so great during the pandemic, it is unclear how and why she was able to travel from Colorado to California to assist on this case just last week. Arguing now, when the *defendant* wishes to call Ms. Carter as a witness, that this travel is suddenly overly burdensome and oppressive, lacks all merit.

### III. CONCLUSION

Based upon the foregoing, Mr. Avenatti respectfully requests that this Court deny the request to quash and order Ms. Carter to comply with the subpoena as served.

6

Dated: August 17, 2021          Respectfully submitted,

<u>/s/ Michael J. Avenatti</u>

Defendant
MICHAEL JOHN AVENATTI

7

# EXHIBIT A

# Magnum-Diego Priority Services

**Plaintiff:**
UNITED STATES OF AMERICA

v.

**Defendant:**
MICHAEL JOHN AVENATTI

**Service Status Report**

Case #:   19-061-JVS

Compliance Date:   08-10-2021 09:00 am

Serve   **EVAN CARTER**

| Status | Attempt Date/Time | Location |
|---|---|---|
| Unsuccessful | 08-08-2021 04:25 pm | ▮▮▮▮▮, Denver, Denver County, CO 80211 |

Knocked on door, no answer, unsure if anyone is home.

| Unsuccessful | 08-07-2021 07:15 pm | ▮▮▮▮▮, Denver, Denver County, CO 80211 |
|---|---|---|

Knocked on door, no answer.

| Unsuccessful | 08-06-2021 05:58 pm | ▮▮▮▮▮, Denver, Denver County, CO 80211 |
|---|---|---|

No answer at the door, same as last night.

| Unsuccessful | 08-05-2021 08:00 pm | ▮▮▮▮▮, Denver, Denver County, CO 80211 |
|---|---|---|

No answer at the door, there is a door bell ring system. It answers however no one say anything.

| Unsuccessful | 08-03-2021 02:53 pm | **Analysis Group,** ▮▮▮▮▮, Denver, Denver County, C |
|---|---|---|

Receptionist Shawna Myerly office is closed until October because of covid everybody's working from home

**Field Sheet Id: 15578**

**Client Reference**   United States 19-061-JVS

Page 1 of 1

Process ServerSoftware  Pro

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California. I am not a party to the above-entitled action. I have caused, on August 17, 2021, service of the:

DEFENDANT'S OPPOSITION TO THIRD PARTY EVAN CARTER'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA IN CRIMINAL CASE

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 17, 2021

                                              /s/ H. Dean Steward
                                              H. Dean Steward