Michael John Avenatti (Pro Se)

H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 497-6753

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | SA CR No. 19-061-JVS<br><br>DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF HIS MOTION FOR A JUDGMENT OF ACQUITTAL PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 29 [Dkt. 717] |

    Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his advisory counsel of record, H. Dean Steward, hereby files this supplemental brief in support of his "Motion for a Judgment of Acquittal Pursuant to Federal Rule of Criminal Procedure 29." [Dkt. 717].

Dated: August 17, 2021

Respectfully submitted,

/s/ Michael J. Avenatti

Defendant
MICHAEL JOHN AVENATTI

# MEMORANDUM OF POINTS AND AUTHORITIES

On August 16, 2021, Mr. Avenatti filed a "Motion for a Judgment of Acquittal Pursuant to Federal Rule of Criminal Procedure 29." [Dkt. 717]. On August 17, 2021, the Court asked for briefing on the following topic: whether wire fraud requires the unlawfulness of the wire transfer itself.[1] The Court invited additional briefing on this issue.

In response, Mr. Avenatti directs the Court to pages 8 through 11 of Mr. Avenatti's original filing [Dkt. 717], which addressed this issue. Further, the defendant directs the Court to *United States v. Narum*, 577. Fed. Appx. 689, 691 (9th Cir. 2014)(attached as Exhibit A). There, the Court held as follows:

> Narum next argues that we should reverse his conviction for counts 1, 2, and 6 of the indictment, which charged Narum with wire fraud arising out of transfers from his personal bank account to pay for a dragster and dragster parts. We agree. Once Narum converted Young & Sons' funds by transferring them to his personal bank account, his subsequent use of the wires to buy dragsters was not in furtherance of his scheme to defraud, but instead was meant to allow him to enjoy the fruits of his crime. *United States v. Redcorn*, 528 F.3d 727, 739 (10th Cir. 2008). **The conduct charged in counts 1, 2, and 6 thus does not constitute wire fraud as a matter of law.** United States v. McNeil, 320 F.3d 1034, 1040 (9th Cir. 2003) ("Wire fraud has three elements: a scheme to defraud, use of the wires in furtherance of the scheme, and the specific intent to defraud."). We reject the government's contention that a wire fraud conviction may be based on any wire transfer taking place during the time period encompassed by the scheme to defraud. Wire fraud requires a use of the wires *in furtherance* of a scheme to defraud, not merely a use of the wires *during* a scheme to defraud.

(italics in original, bold added).

---

[1] This is based upon the defense's recollection of the Court's request. Because the transcripts have not yet been released, the defendant is unable to cite the exact language and inquiry of the Court.

**Accordingly, Mr. Avenatti should be granted an acquittal on all ten counts because the government has failed to show that each of the wire transmissions identified in counts 1-10 were *in furtherance* of a scheme to defraud as opposed to *during* a scheme to defraud. Any wire transmission (1) involving monies rightly due Mr. Avenatti or his law firm, or (2) relating to any alleged effort by Mr. Avenatti to enjoy the fruits of his alleged crime, cannot serve as the basis for any conviction as a matter of law.**

Based upon the foregoing, Mr. Avenatti respectfully requests that this Court grant his motion for acquittal pursuant to Federal Rule of Criminal Procedure 29.

Dated: August 17, 2021          Respectfully submitted,

/s/ Michael J. Avenatti

Defendant
MICHAEL JOHN AVENATTI

# EXHIBIT A

 Cited
As of: August 18, 2021 3:27 AM Z

# United States v. Narum

United States Court of Appeals for the Ninth Circuit

May 13, 2014, Argued and Submitted, San Francisco, California; June 2, 2014, Filed

No. 12-10467, No. 12-10658

**Reporter**
577 Fed. Appx. 689 *; 2014 U.S. App. LEXIS 10203 **; 115 A.F.T.R.2d (RIA) 2015-1513

UNITED STATES OF AMERICA, Plaintiff - Appellee, v. PHILLIP ERNEST NARUM, Defendant - Appellant.

**Notice:** PLEASE REFER TO *FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1* GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**Prior History: [**1]** Appeal from the United States District Court for the District of Arizona. D.C. No. 4:10-CR-03578-DCB-HCE-1. D.C. No. 4:10-CR-03578-DCB-HCE-1. David C. Bury, District Judge, Presiding.

## Core Terms

counts, wire fraud, restitution, scheme to defraud, sentence, district court, convictions, argues, wires

## Case Summary

**Overview**

HOLDINGS: [1]-Court reversed conviction for counts charging defendant with wire fraud arising out of transfers from his personal bank account to pay for personal items, as wire fraud required use of the wires in furtherance of the scheme to defraud, not merely use of the wires during a scheme to defraud; [2]-District court properly grouped defendant's wire fraud and tax convictions under *USSG § 3D1.2*, as one of the counts embodied conduct that was treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts; [3]-As defendant did not plead guilty to all of the properly grouped offenses, he was not entitled to an acceptance of responsibility adjustment; [4]-Restitution figure had to be reduced to exclude pre-signatory authority excess payments approved by defendant's employer.

**Outcome**
The court reversed defendant's convictions on three counts, affirmed his remaining conviction and sentence, vacated a restitution order, and remanded.

## LexisNexis® Headnotes

Criminal Law & Procedure > ... > Fraud > Wire Fraud > Elements

### *HN1*[ ] Wire Fraud, Elements

Wire fraud has three elements: a scheme to defraud, use of the wires in furtherance of the scheme, and the specific intent to defraud. A wire fraud conviction may not be based on any wire transfer taking place during the time period encompassed by the scheme to defraud. Wire fraud requires a use of the wires in furtherance of a scheme to defraud, not merely a use of the wires during a scheme to defraud.

Criminal Law & Procedure > ... > Fraud > Wire Fraud > Elements

Criminal Law & Procedure > ... > Fraud Against the Government > Tax Fraud > Elements

Criminal Law & Procedure > ... > Sentencing Guidelines > Adjustments & Enhancements > Multiple Counts

### *HN2*[ ] Wire Fraud, Elements

Wire fraud and tax counts are properly grouped where one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts. *U.S. Sentencing Guidelines Manual § 3D1.2(c)*.

Criminal Law & Procedure > ... > Sentencing Guidelines > Adjustments & Enhancements > Acceptance of Responsibility

Criminal Law & Procedure > ... > Sentencing Guidelines > Adjustments & Enhancements > Multiple Counts

HN3[↓] **Adjustments & Enhancements, Acceptance of Responsibility**

Where a defendant does not plead guilty to all properly grouped offenses, he is not entitled to an acceptance of responsibility adjustment.

**Counsel:** For United States of America (12-10467), Plaintiff - Appellee: Jane L. Westby, Assistant U.S. Attorney, USTU- Office of the US Attorney, Tucson, AZ.

For Phillip Ernest Narum (12-10467), Defendant - Appellant: Steven P. Sherick, Esquire, Sherick & Bleier, PLLC, Tucson, AZ.

For United States of America (12-10658), Plaintiff - Appellee: Jane L. Westby, Assistant U.S. Attorney, USTU- Office of the US Attorney, Tucson, AZ.

For Phillip Ernest Narum (12-10658), Defendant - Appellant: Steven P. Sherick, Esquire, Sherick & Bleier, PLLC, Tucson, AZ.

**Judges:** Before: D.W. NELSON, McKEOWN, and M. SMITH, Circuit Judges.

# Opinion

 [*690] MEMORANDUM[*]

Phillip Narum pled guilty to two counts of filing a false tax return and one count of failure to file an income tax return, and was found guilty of fourteen counts of wire fraud after a jury trial. Narum received principally a 48-month sentence and was ordered to pay $632,685.99 in restitution [**2] to Michael Young and Bryant Young. Narum appeals his wire fraud convictions, his sentence, and his restitution order. We have jurisdiction under *28 U.S.C. § 1291*, and we reverse in part, affirm in part,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

vacate in part, and remand for further proceedings.

Narum first argues that the district court erred by admitting into evidence all transfers of money from Young & Sons' accounts to Narum, including money he received pursuant to the terms of his employment contracts. We reject this argument. The charged wire fraud is inextricably intertwined with Narum's employment history with Young & Sons and the transfers of money from the company [*691] to Narum. *United States v. King, 200 F.3d 1207, 1215 (9th Cir. 1999)*; *United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012-13 (9th Cir. 1995)*.

Narum next argues that we should reverse his conviction for counts 1, 2, and 6 of the indictment, which charged Narum with wire fraud arising out of transfers from his personal bank account to pay for a dragster and dragster parts. We agree. Once Narum converted Young & Sons' funds by transferring them to his personal bank account, his subsequent use of the wires to buy dragsters was not in furtherance of his scheme [**3] to defraud, but instead was meant to allow him to enjoy the fruits of his crime. *United States v. Redcorn, 528 F.3d 727, 739 (10th Cir. 2008)*. The conduct charged in counts 1, 2, and 6 thus does not constitute wire fraud as a matter of law. *United States v. McNeil, 320 F.3d 1034, 1040 (9th Cir. 2003)* (HN1[↑]) "Wire fraud has three elements: a scheme to defraud, use of the wires in furtherance of the scheme, and the specific intent to defraud."). We reject the government's contention that a wire fraud conviction may be based on any wire transfer taking place during the time period encompassed by the scheme to defraud. Wire fraud requires a use of the wires *in furtherance* of a scheme to defraud, not merely a use of the wires *during* a scheme to defraud.

Narum next argues that there was insufficient evidence to convict him of wire fraud based on his use of the Young & Sons credit card for personal expenses. We reject this argument. Although Narum contends that he intended to repay Young & Sons and that his personal use of the company card was therefore authorized, viewed in the light most favorable to the prosecution, a rational jury was free to reject this argument and conclude Narum never intended [**4] to repay the company. *United States v. Inzunza, 638 F.3d 1006, 1013 (9th Cir. 2011)* (amended opinion).

Turning to sentencing, Narum argues that the district court erred by grouping Narum's wire fraud and tax convictions under *U.S.S.G. § 3D1.2*, and by denying

Narum a reduction for acceptance of responsibility for pleading guilty to the tax counts. We reject these arguments. HN2[↑] The counts were properly grouped because "one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts." U.S.S.G. § 3D1.2(c). Specifically, the tax counts were subject to a two-level enhancement due to the conduct underlying the wire fraud, because the fraudulently derived income Narum failed to report was from a "source of income exceeding $10,000 in any year from criminal activity." Id. § 2T1.1(b)(1). HN3[↑] Since Narum did not plead guilty to all of the properly grouped offenses, he was not entitled to an acceptance of responsibility adjustment. United States v. Ginn, 87 F.3d 367, 370 (9th Cir. 1996) ("[A] defendant is not entitled to an adjustment when he does not accept responsibility for all of the counts of which [**5] he is convicted."); United States v. Garrido, 596 F.3d 613, 618-19 (9th Cir. 2010) (limiting Ginn in cases where counts are grouped separately and it is thus "possible to calculate acceptance of responsibility for each separate offense").

Finally, Narum argues that the district court erroneously calculated restitution and loss by (1) undervaluing Narum's work on the Copper Hills Project, (2) failing to credit him the full $500,000 he was purportedly owed under his second written employment contract, and (3) concluding that the restitution and loss figures included the excess pay he received prior to the date he obtained signatory authority over the Young & Sons accounts. We [*692] reject the first argument. While Narum points out that the government submitted inconsistent valuations of this work at different points in the case, the district court's restitution order carefully explains these inconsistencies, and its final valuation did not constitute clear error. United States v. Lawrence, 189 F.3d 838, 844 (9th Cir. 1999). We also reject the second argument. Narum's second written employment contract contemplated that he would be paid $100,000 per year, and Bryant Young testified that he did [**6] not approve payments in excess of that amount. We agree, however, with Narum's third argument. According to the testimony at trial, all payments Narum received prior to the date he obtained signatory authority were approved by Bryant Young, and there was no evidence that Narum obtained this approval by fraud. Instead, the evidence merely showed that Narum asked for money beyond what he was due under his contract, and that Young gave him the money. Thus, the excess payments Narum received prior to obtaining signatory authority over Young & Sons' accounts were not obtained through Narum's scheme to defraud.

Although the district court's loss figure was therefore inflated, the error was not material to the district court's application of the Guidelines. Subtracting the pre-signatory authority overpayments from the district court's computation of loss could not yield a loss figure below $400,000, leading to the same base offense level the district court used in its determination of Narum's Guidelines sentence. Thus, we affirm Narum's sentence of 48 months. The restitution figure, however, should be reduced to exclude the pre-signatory authority excess payments approved by Young. We remand [**7] for further proceedings to allow the district court to calculate the precise amount of this reduction, allocate the reduction between Michael Young and Bryant Young, and then reenter a restitution order against Narum.

Accordingly, we **REVERSE** Narum's convictions on counts 1, 2, and 6 of the indictment, **AFFIRM** Narum's remaining conviction and sentence, **VACATE** the district court's order directing Narum to pay restitution to Michael Young and Bryant Young, and **REMAND** for further proceedings consistent with this disposition.

**End of Document**

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California. I am not a party to the above-entitled action. I have caused, on August 17, 2021, service of the:

DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF HIS MOTION FOR A JUDGMENT OF ACQUITTAL PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 29 [Dkt. 717]

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 17, 2021

/s/ H. Dean Steward
H. Dean Steward

3