Michael John Avenatti (Pro Se)

H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 497-6753

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | DEFENDANT'S OBJECTION TO PUBLIC ACCESS TO EXHIBITS DURING TRIAL |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his advisory counsel of record, H. Dean Steward, hereby files this brief in opposition to the media's request to access trial exhibits during trial.

Dated: August 18, 2021

Respectfully submitted,

/s/ Michael J. Avenatti

Defendant
MICHAEL JOHN AVENATTI

## MEMORANDUM OF POINTS AND AUTHORITIES

On August 16, 2021, without any prior notice to the defendant of any request by the media having been made,[1] the Court issued an in-chambers Order directing the "Clerk's Office to make copies of exhibits for the media as requested. The Clerk's Office may charge whatever fee is applicable." *See, e.g.,* Dkt. 711.

On August 17, 2021, Mr. Avenatti orally raised this issue with the Court and asked for clarification, "I would inquire as to whether there was a request made before that order was issued. And if so, was that a request by the Clerk's Office or a request from a member of the press?" *See, e.g.,* Trial Tr. (8/17/21, Vol. 1) p. 31. The Court indicated that a member of the press asked to obtain copies of the exhibits. *See, e.g.,* Trial Tr. (8/17/21, Vol. 1) p. 31. The Court stated, "I believe that the press, just as the press has a right not be here and the defendant has a right to a public trial, that extends to the exhibits in the trial unless they're under seal for some reason. Or there's some other privilege reason why the press shouldn't have them. I believe that's part of the defendant's right to a public trial." *See, e.g.,* Trial Tr. (8/17/21, Vol. 1) p. 32.

Mr. Avenatti objected to this ruling. *See, e.g.,* Trial Tr. (8/17/21, Vol. 1) p. 32. Mr. Avenatti also expressed concern with the process and the manner in which this Order came to fruition, "I will note my objection to the process. If there are any requests made to the Court relating to the providing of exhibits or anything else of that nature, I believe that again under Rule 43 I have a right to know about that." *See, e.g.,* Trial Tr. (8/17/21, Vol. 1) p. 32.

On August 18, 2021, the Court ordered Mr. Avenatti to submit any written objections or argument before the Court before noon today. Mr. Avenatti comes now, objecting to the process that was utilized in advance of the issuance of the August 16, 2021 Order. *See, e.g.,* Dkt. 711. Mr. Avenatti also objects to the public release of the trial exhibits prior to the conclusion of this trial.

---

[1] This was violative of defendant's rights under Federal Rule of Criminal Procedure 43.

At the outset, there is no First Amendment right to access of documents filed in connection with a criminal trial. *United States v. De Lorean*, 561 F.Supp. 797, 800 (C.D. Cal. 1983). After performing an analysis of both Supreme Court and Ninth Circuit case law, the Central District in that case determined:

> "This court recognizes that documents in criminal matters are filed publicly. <u>However, this court is unconvinced that public scrutiny of and access to documents would, to any significant degree, enhance the quality of or contribute to the integrity of a criminal trial when the trial itself, i.e., all in-court proceedings, is completely open to public scrutiny and criticism</u>, and when in almost every instance, all facts and arguments contained in the documents, if relevant and probative of a particular issue at hand, will necessarily stand revealed at the in-court proceeding …. public scrutiny of documents filed incidental to in-court, i.e., 'trial' proceedings would not be promotive of any societal or judicial interest."

*De Lorean, supra,* 561 F.Supp at 800-801. (emphasis added).

Although no First Amendment right attaches to these documents, there is a "common law right to access to documents filed in connection with a criminal trial." *Id. citing Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597-98 (1978). The "right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access can be denied where court files might become a vehicle for improper purposes. Courts refuse to permit their files to serve as reservoirs of libelous statements for press consumption or as sources of business information that might harm a litigant's competitive standing." *Nixon, supra,* 435 U.S. at 598. This case is instructive on this matter. Mr. Avenatti asks that the Court find that the release of the exhibits prior to any verdict in this matter will prejudice the defendant.

Based upon the foregoing, Mr. Avenatti objects to any release of the trial exhibits prior to the verdict this matter.

Dated:  August 18, 2021          Respectfully submitted,

<u>/s/ Michael J. Avenatti</u>

Defendant
MICHAEL JOHN AVENATTI

3

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California. I am not a party to the above-entitled action. I have caused, on August 18, 2021, service of the:

DEFENDANT'S OBJECTION TO PUBLIC ACCESS TO EXHIBITS DURING TRIAL

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 18, 2021

/s/ H. Dean Steward
H. Dean Steward