## DECLARATION OF MORGAN WITOS PURSUANT TO 28 U.S.C. § 1746

I, MORGAN WITOS, hereby declare and state as follows:

1.  I am the individual served with a subpoena to testify in this matter and submit this declaration pursuant to 28 U.S.C. § 1746 to be included with my motion to quash filed *pro se*. This motion and declaration is in supplement to the letter sent to the Court and counsel by attorney Christopher Adams, who assisted me *pro bono* in connection with the subpoena, as my father is a member of his firm and I do not have the means to retain counsel in California to file this motion.

2.  On Saturday, August 14, 2021 in Frisco Texas, I was served the subpoena from the Defendant requiring me to testify three days later in Santa Ana, California on Tuesday, August 17, 2021.

3.  On August 16, 2021, Mr. Adams spoke with Mr. Avenatti and his advisory counsel, Mr. Steward, regarding the subpoena that Mr. Avenatti served, as well as that which he sought to elicit from me if I was to testify. As Mr. Adams explained in his letter to the Court, he explained to Messrs. Avenatti and Steward that I left the employ of his firm before any of the relevant conduct alleged in the indictment. In response to his request for an offer of proof, Mr. Avenatti stated that Ms. Witos' testimony related to the allegations regarding his representation in the "Johnson matter" which he advised is referred to as "Client 1" In the indictment. Mr. Avenatti acknowledged that it was "inconvenient", but he did not agree to withdraw or recall the subpoena.

4.  To be clear, I worked as a bookkeeper for Mr. Avenatti from July 2009 until October 2014, and my responsibilities included entering attorneys' time into Tabs and expenses into Tabs and QuickBooks. I also handled administrative tasks, such as dealing with vendors for ordering food and office supplies and answering the phones.

5. I have no personal knowledge of the facts relating to "Client 1" or any of the other allegations in this matter related to the "Johnson matter."

6. I have no personal knowledge of Mr. Avenatti's personal bank accounts, or the bank account for Mr. Avenatti's Global Baristas company, nor did I handle client disbursements while working at Mr. Avenatti's law firm.

7. I live in Frisco, Texas, with my husband and three children, where I have resided since February 2020.

8. I am the sole caretaker of our three children, ages 9 years, 3 years, and 8 months old. My eight-month-old child is exclusively breastfed and feeds every two hours each day, my three-year-old is in pre-school, and my nine-year-old has resumed schooling virtually and must be monitored at all times.

9. I have no family or friends who can care for my children so that I may travel to California alone. My husband works fulltime and cannot care for the children while I travel to California, testify, and then travel back to Texas. Mr. Avenatti has not suggested any means to address my childcare should I be required to testify in this matter.

10. Despite Mr. Avenatti's representation that I live in a nice house and should therefore be able to travel to California, it would be financially onerous and even more personally onerous for me to travel with an unvaccinated 8-month old, whom I nurse, and expect me to leave my other two children behind, with no one to care for them since my husband works full time; and the alternative of having my entire family travel to California (for 3 days - 1 to get there, 1 to testify, and 1 to return) is at least as onerous, given my husband's work responsibilities and the disruption to our children.

I declare under penalty of perjury the foregoing is true and correct.

Dated:  August 19, 2021          <u>    s/ *Morgan Witos*          </u>
                                 MORGAN WITOS