TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2435
    Facsimile: (213) 894-6269
    Email:    Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
    Ronald Reagan Federal Building
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3598
    Facsimile: (714) 338-3708
    Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>MICHAEL JOHN AVENATTI,<br><br>       Defendant. | No. SA CR 19-061-JVS<br><br>GOVERNMENT'S MOTION TO PRECLUDE DEFENDANT FROM RECALLING MICHELLE PHAN AS A WITNESS AND NOTICE OF POTENTIAL REBUTTAL WITNESS |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby files its motion to preclude defendant from recalling Michelle Phan as a witness and notice of potential rebuttal witness.

1    This Motion is based upon the attached memorandum of points and

2 authorities, the files and records in this case, and such further

3 evidence and argument as the Court may permit.

4  Dated: August 20, 2021                Respectfully submitted,

5                                        TRACY L. WILKISON
                                         Acting United States Attorney
6
                                         SCOTT M. GARRINGER
7                                        Assistant United States Attorney
                                         Chief, Criminal Division
8

9                                           /s/
                                         BRETT A. SAGEL
10                                       ALEXANDER C.K. WYMAN
                                         Assistant United States Attorneys
11
                                         Attorneys for Plaintiff
12                                       UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2      On August 18, 2021, the government raised potential issues with

3 some of the witnesses listed on defendant's witness list, and the

4 Court stated that no motions were made to exclude any witnesses so

5 defendant was free to raise issues in advance with the Court if

6 defendant believed there may be issues.  (8/18/21 V.1 RT at 7-8).

7 Defendant on his own, provided an example of a potential issue with a

8 witness:

9          I'll give you an example. I want to call Ms. Phan back
        to the stand, and I want to talk to her about what the
10       Newport Beach investigator told her.
            Now, you sustained objections while she was on the
11      stand relating to that questioning. I want to be able to
        present argument to Your Honor, preferably before she gets
12      on the stand, about why that questioning is appropriate and
        permissible under the rules of evidence in light of
13      especially what she's already testified to.

14 (Id. at 8.)

15      The Court responded: "Sir, you tell me how much time you think

16 you're going to need, and we'll schedule a hearing sufficiently in

17 advance of the day she's going to come on to deal with that. I have

18 no problem with that."  (Id. at 8-9.)  Defendant replied, "Thank

19 you."  (Id. at 9.)

20      Since defendant provided the example relating to Ms. Phan prior

21 to the trial commencing in the morning of August 18, 2021, defendant

22 has not presented any argument to the Court on why the questioning is

23 now appropriate despite the Court's prior exclusion of the testimony.

24 At 7:59 p.m. on August 19, 2021, defendant through his paralegal,

25 emailed the government and stated: "Please make sure Mr. Drum and Ms.

26 Phan are present on Tuesday to be recalled."  Before Ms. Phan is

27 required to return on Tuesday, defendant should be required to

28 provide the Court with a basis to recall her to ask her relevant and

1    admissible questions.

2        The Court properly sustained objections to defendant's attempt

3    to claim the Newport Beach Police Department ("NBPD") investigator

4    told Ms. Phan that NBPD was declining to prosecute the matter because

5    they purportedly believed it was a civil matter.  Defendant attempted

6    to ask the same inappropriate questions approximately four times,

7    despite the Court's repeated sustained objections.  (8/12/21 V.2 RT

8    at 14-16).  In addition to the reasons the Court sustained the

9    objections at the time, the predicate for defendant's questions --

10   i.e., the investigator with NBPD told Ms. Phan her allegations did

11   not warrant criminal prosecution -- is simply false.

12       Despite defendant listing NBPD Investigator Emily Bledstein on

13   his witness list filed on August 17, 2021, the government understands

14   defendant nor anyone on defendant's legal team, has reached out to

15   Investigator Bledstein.  Moreover, the government understands that

16   Investigator Bledstein would testify that not only did she not tell

17   Ms. Phan or her legal representatives what defendant claimed in his

18   questions, Investigator Bledstein prepared a report and submitted it

19   to the Orange County District Attorney's Office ("OCDA") for criminal

20   prosecution and that an investigator from the OCDA was assigned to

21   the matter.[1]  Contrary to defendant's claims in his questioning, the

22   NBPD investigator did believe it was a criminal matter.

23       Defendant should not be able to recall Ms. Phan on Tuesday

24   without first complying with what defendant told the Court he would

25   do, and the Court's requirement that defendant do so "sufficiently in

26

27        [1] And the reason the NBPD and/or OCDA did not further pursue the
     matter is because the U.S. Attorney's Office contacted them to take
28   the matter over as part of its larger, ongoing investigation into
     defendant.

advance of the day she's going to come."  At a minimum, defendant should file something prior to the hearing scheduled for Monday, August 23, 2021, so the Court can rule on whether Ms. Phan would need to be present on Tuesday, August 24, 2021.  Based on the current record, because defendant has yet to file anything with new bases to recall Ms. Phan, the Court should preclude defendant from recalling Ms. Phan to attempt to re-ask questions that are inappropriate and inadmissible, which this Court has already ruled (multiple times). If defendant is permitted to recall Ms. Phan, the government will be prepared to call Investigator Bledstein as a rebuttal witness.