Michael John Avenatti (Pro Se)

H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 497-6753

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | SA CR No. 19-061-JVS<br><br>DEFENDANT'S RENEWED MOTION FOR AN ORDER DIRECTING THE PRIVILEGE REVIEW TEAM TO FILE, *IN CAMERA*, ALL OF THEIR PRIOR COMMUNICATIONS WITH THE PROSECUTION TEAM |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his advisory counsel of record, H. Dean Steward, hereby files this Motion for an Order Directing the Privilege Review Team to File, *In Camera*, All of Their Prior Communications with the Prosecution Team.

Dated: August 22, 2021         Respectfully submitted,

/s/ Michael J. Avenatti

Defendant
MICHAEL JOHN AVENATTI

## MEMORANDUM OF POINTS AND AUTHORITIES

On August 15, 2021, Mr. Avenatti filed a Notice of Motion and Motion to Dismiss the Case or In the Alternative Motion for Mistrial due to the Government's (1) Failure to Produce Information as Required by Rule 16, *Brady*, *Giglio*, and (2) Contempt of this Court's January 25, 2021 Order. This motion was brought in response to the government's failure to produce the Tabs and complete QuickBooks data from the Eagan Avenatti, LLP servers. [Dkt. 705.] In preparation for the hearing on this motion, the Court ordered:

> "Obviously the Tabs issue is an important one, and I would like Mr. Fitzgerald here or his designee or whoever is heading up the taint team. I want to know whether the Tabs data is in the materials that the taint team holds. The present record would seem to indicate that no inquiry has been made of the taint team with respect to the Tabs data."

*See, e.g.,* Trial Tr. (8/19/21, Vol. 1) p. 23.

On August 20, 2021, the Court held a hearing on the matter with AUSA Patrick Fitzgerald, head of the Privilege Review Team (the "PRT"), present. During the hearing, Mr. Avenatti asked the Court for the following relief:

> "One request, Your Honor. To the extent that there has been any requests made by the prosecution team to the taint team for production of documents **during the case**, I would ask that those be submitted in camera to Your Honor. And the reason is because it goes directly to the question of access and availability, and so I would make that request."
> *See, e.g.,* Trial Tr. (8/20/21, Vol. 1) p. 17 (emphasis added).

In response, Mr. Fitzgerald told the Court: "Your Honor, I can answer that now. They [sic] have been no requests, and we have not produced anything. I have not been involved in the trial at all other than reading media reports and yesterday when the Court's request to be down here was conveyed to me." *See, e.g.,* Trial Tr. (8/20/21, Vol.

1) p. 17-18.  AUSA Sagel and AUSA Wyman made no statement in response to Mr. Fitzgerald's answer to Mr. Avenatti's request.

      Following the hearing, and surprised by the representation made to the Court and the defense, the defendant conducted a review of prior filings and transcripts that addressed the work of the PRT and might evidence any coordination or communication with the AUSAs assigned to this case during 2019, 2020 and 2021.  This review suggested that AUSA Fitzgerald's representation was not accurate and that there had been considerable private coordination from 2019-2021 between the PRT and the AUSAs prosecuting this case and that the AUSAs had made specific requests to the PRT for certain financial documents and files, and categories of materials, from the servers and other EA electronic devices during this time period.  For example, on August 12, 2019, the prosecution filed its "Opposition to Defendant Michael John Avenatti's Motion to Compel Discovery" and stated: "[T]he USAO's Privilege Review Team has already located on one of the EA Devices copies of EA LLP's QuickBooks accounting records, which are being processed and should be produced to defendant shortly." [Dkt. 55, p. 15.]  However, before this filing, the PRT never communicated this fact to the defense.  Thus, it appeared that in 2019, the prosecution team was having private, specific communications with the PRT about which financial data was needed, being identified, searched for, discovered and produced.

      On Saturday, August 21, 2021, Mr. Avenatti and advisory counsel had a conference call with AUSA Fitzgerald regarding the search of the EA servers (as of this filing, the PRT and the defense are cooperating in getting this accomplished). During this call, Mr. Avenatti asked AUSA Fitzgerald about his representation to the Court and explained that he found it odd in light of the August 12, 2019 filing (referenced above) and other facts that suggested that there had been extensive coordination.  AUSA Fitzgerald immediately stated that he must have misunderstood defendant's request on Friday as asking for communications "during the trial" as opposed to "during the case."

2

When Mr. Avenatti explained that he meant "the case" as he stated during the hearing, <u>Mr. Fitzgerald readily acknowledged that his representation to the Court in response to that request was not accurate in response to what defendant had asked;</u>[1] <u>that the PRT and the prosecution team had been in regular contact during 2019-2021 and that the prosecution team had made requests for specific documents and categories of documents.</u> None of these communications were ever shared with the defense and the defense remains in the dark as to what the prosecution team requested from the PRT and when.

Accordingly, Mr. Avenatti comes now and renews his request for an Order directing the PRT to file, in camera, all of their communications with the prosecution team. These communications are important in order for the Court to determine what the prosecution team sought access to, what they were provided access to, and what the prosecution team actually had in their possession. They are also important to establish what the prosecution team had knowledge of as it related to the financial data on the servers. They also may have a bearing on whether the prosecution fulfilled its obligation to seek all relevant exculpatory materials in connection with this case. *See*, *e.g.*, *Kyles v. Whitley*, 514 U.S. 419 (1995)("the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case … whether, that is, a failure to disclose in good faith or bad faith -- the prosecution's responsibility for failing to disclose known and favorable evidence rising to a material level of importance is inescapable.").[2] Moreover, the communications between the PRT

---

[1] Mr. Avenatti is not suggesting that AUSA Fitzgerald purposely sought to lead the Court astray.

[2] Mr. Avenatti has consistently objected to the manner in which AUSA Sagel and AUSA Wyman have defined "*prosecution team*" and "*government*" for the purposes of discovery obligations. The law is clear that a prosecutor is not relieved of his discovery obligations by unilaterally altering the definition of *government* or providing unsupported justifications as to what is within the prosecution team's reach. *United*

3

and the AUSAs prosecuting this matter may shed considerable light on whether the PRT was truly independent as required.

Dated:  August 22, 2021              Respectfully submitted,

/s/ Michael J. Avenatti

Defendant
MICHAEL JOHN AVENATTI

---

*States v. Bryan*, 868 F.2d. 1032, 1036 (9th Cir. 1989) ("the prosecutor will be deemed to have knowledge of and access to <u>anything in the possession, custody or control of any federal agency participating in the same investigation of the defendant</u>." (emphasis added)).

4

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California. I am not a party to the above-entitled action. I have caused, on August 22, 2021, service of the:

DEFENDANT'S RENEWED MOTION FOR AN ORDER DIRECTING THE PRIVILEGE REVIEW TEAM TO FILE, *IN CAMERA*, ALL OF THEIR PRIOR COMMUNICATIONS WITH THE PROSECUTION TEAM

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 22, 2021

/s/ H. Dean Steward
H. Dean Steward

5