TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     Email:     Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:     Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>             v.<br><br>MICHAEL JOHN AVENATTI,<br><br>        Defendant. | SA CR No. 19-061-JVS<br><br>GOVERNMENT'S TRIAL BRIEF REGARDING THE APPLICABILITY OF THE CONFRONTATION CLAUSE TO DEFENSE WITNESSES |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby files its Trial Brief Regarding the Applicability of the Confrontation Clause to Defense Witnesses.

This Brief is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 23, 2021                    Respectfully submitted,

                                        TRACY L. WILKISON
                                      Acting United States Attorney

                                      SCOTT M. GARRINGER
                                      Assistant United States Attorney
                                      Chief, Criminal Division


                                          /s/
                                      BRETT A. SAGEL
                                      ALEXANDER C.K. WYMAN
                                      Assistant United States Attorneys

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant has subpoenaed Morgan Witos, a mother of three who lives in Texas and lacks child support, and who stopped working at defendant's firm months before the inception of the scheme charged in this case. Ms. Witos has filed a motion to quash her subpoena (CR 746), and defendant opposed (CR 752), in which he represented to the Court that video testimony by Ms. Witos would not be a sufficient alternative because, "under the Constitution's Confrontation Clause, a criminal witness must be physically present to testify." That is a misstatement of the law as it applies to defense witnesses, which defendant knew because the Court cited a Ninth Circuit case demonstrating as much on August 12, 2021 when the Court addressed possible COVID-19 concerns regarding another defense witness defendant had subpoenaed. (RT 8/12/2021, Vol. 1, at 7-8.)

"The Confrontation Clause of the Sixth Amendment guarantees a criminal defendant the right 'to be confronted with the witnesses against him.'" United States v. Carter, 907 F.3d 1199, 1204 (9th Cir. 2018) (quoting U.S. Const. amend. VI) (emphasis added); see also Crawford v. Washington, 541 U.S. 36, 51 (2004) (noting that the Confrontation clause "applies to witnesses against the accused"). Its "main and essential purpose . . . is to secure for the opponent the opportunity of cross-examination." Davis v. Alaska, 415 U.S. 308, 315-16 (1974). By its terms, the Confrontation Clause applies to adverse witnesses to the defense, not to witnesses called by the defendant in his own case-in-chief. As the Ninth Circuit held in United States v. Swisher, 360 F. App'x 784, 786 (9th Cir. 2009), the Confrontation Clause is "not implicated by" testimony by a defense witness. There, the Ninth Circuit rejected a defendant's claim that

telephonic testimony by a defense witness violated the defendant's rights under the Confrontation Clause, noting that the defendant did "not contend that [the defense witness's] testimony was adverse or inculpatory in any way." Id.; see also United States v. Fox, No. CR16-0100-JCC, 2018 WL 1517674, at *1 (W.D. Wash. Mar. 28, 2018) ("Where, as here, it is a defense witness testifying remotely, the Court is not concerned with violating the Confrontation Clause.").

Other circuits are in accord with the principle that Confrontation Clause issues are not implicated by testimony of defense witnesses. See, e.g., United States v. Morsley, 454 F. App'x 191, 193 (4th Cir. 2011) ("To the extent he claims a violation of the Confrontation Clause, his claim must fail because 'the confrontation right pertains only to adverse witnesses offering testimony at trial.'" (quoting United States v. Soriano-Jarquin, 492 F.3d 495, 504 (4th Cir. 2007))); United States v. Andrews, 765 F.2d 1491, 1501 (11th Cir. 1985) ("[T]he Sixth Amendment guarantees only the opportunity to confront adverse witnesses; it does not guarantee the right to confront witnesses who testify not against but rather in favor of the party asserting the right." (emphasis in original)); United States v. Kindig, 854 F.2d 703, 709 (5th Cir. 1988) ("[A]s none of Tullos' testimony was actually adverse to Kindig, we conclude that no right of confrontation ever arose."); United States v. Doddington, 822 F.2d 818, 821 (8th Cir. 1987) (Confrontation Clause not implicated because the witness at issue "was called as a defense witness and did not testify for the prosecution").

Accordingly, should Ms. Witos or any other defense witness be available only to testify remotely, it would not violate defendant's Confrontation Clause rights to require her to testify by video,

including over defendant's objection.  See Swisher, 360 F. App'x at 786; Fox, 2018 WL 1517674, at *1.