FILED
CLERK, U.S. DISTRICT COURT

8/24/21

CENTRAL DISTRICT OF CALIFORNIA
BY: ___LB___ DEPUTY

**MORGAN WITOS**, *pro se*
2298 Idlewild Drive
Frisco, TX 75036
morganwitos@gmail.com
*Pro se* Third Party Movant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>MICHAEL JOHN AVENATTI,<br><br>                Defendant. | SA CR No. 19-061-JVS<br><br>**THIRD PARTY MORGAN WITOS' REPLY TO OPPOSITION TO MOTION TO QUASH DEFENDANT'S SUBPOENA**<br><br>Hon. James V. Selna<br>Dept: 10C |

Third Party Morgan Witos, *pro se*, hereby files this Reply to Defendant's Opposition to Third Party Morgan Witos' Notice of Motion and Motion to Quash Subpoena in a Criminal Case.

Respectfully submitted,

Dated:  August 23, 2021          By:___s/ *Morgan Witos*_____
                                                     MORGAN WITOS, *pro se*

## MEMORANDUM OF POINTS AND AUTHORITIES

In a last-ditch effort to cast Morgan Witos as a necessary witness with relevant information, the Defendant makes countless affirmative misstatements to the Court. One can speculate as to why the Defendant would go to these lengths to drag a former bookkeeper and her three young children 1400 miles away to testify at trial for stealing from his clients, but the fact remains that it is oppressive and overly burdensome.

I.   ARGUMENT

### A. Morgan Witos is not a CPA

Defendant repeatedly represents to the Court that Morgan Witos was a CPA at the firm. That is a lie. Morgan Witos is not a CPA, nor has she ever been – especially not at Eagan Avenatti. (Witos Reply Declaration ¶ 2.) Morgan Witos was employed as an entry-level bookkeeper/administrative assistant during her tenure with the Defendant's law firm. (Witos Reply Declaration ¶ 2.) Morgan Witos graduated from California State University at Long Beach in May 2009 with a bachelor's degree in business administration. (Witos Reply Declaration ¶ 2.) Upon graduation, she immediately commenced employment with the Defendant's firm in July 2009 as her very first "office job." (Witos Reply Declaration ¶ 2.) Her employment was the most basic, entry level position at the firm, and her starting salary was $30,000 annually. (Witos Reply Declaration ¶ 2.)

### B. Morgan Witos did not have an Essential Role at Eagan Avenatti

Ms. Witos' position at the Defendant's firm was far from "essential" and Defendant's suggestions to that effect to the Court are disingenuous at best. Ms. Witos' role was simply to assist Judy, and after she left, her tasks were dispersed back between her, and the receptionist, Hillary. (Witos Reply Declaration ¶ 3.)

Furthermore, Ms. Witos has no unique perspective or knowledge of the systems, how they worked, and entry of these costs and expenses as it relates to two alleged victims. (Witos Reply Declaration ¶ 4.) In fact, Ms. Witos has no recollection of what Defendant suggests in his opposition. (Witos Reply Declaration ¶ 4.) As such, her testimony would be speculative as it lacks any personal knowledge required by Fed. R. Evid. § 602.

On the other hand, Judy Regnier, an employee who assumed most of Ms. Witos' tasks after she left the Defendant's firm, possesses the same knowledge, albeit closer in time, because she handled this both before and after Ms. Witos left. (Witos Reply Declaration ¶ 5.) According to news reports, Defendant intends to recall Ms. Regnier this week. Ms. Witos knowledge of bookkeeper and time and expense entry is dwarfed by Ms. Regnier. (Witos Reply Declaration ¶ 5.) Ms. Regnier could testify about everything the Defendant seeks to elicit from Ms. Witos and then some. (Witos Reply Declaration ¶ 5.) Any testimony that Ms. Witos could offer on this matter would be needlessly cumulative of Ms. Regnier and therefore inadmissible under Fed. R. Evid. § 403.

### C. Morgan Witos does not have the Ability to Obtain Childcare in her Absence

Defendant's callousness is boundless in his assumption that Morgan Witos can find a stranger to leave her three young children with so that she can participate in this charade. Ms. Witos and her family moved to Texas shortly before the pandemic began. (Witos Reply Declaration ¶ 6.) Because of the pandemic and ensuing lockdown, she never secured any local childcare. (Witos Reply Declaration ¶ 6.) Now, when the State of Texas is responsible for 10% of the new COVID cases nationwide,[1] securing suitable, vaccinated childcare is not as simple as having the means to pay for it. (Witos Reply Declaration ¶ 6.)

---

[1] https://news.google.com/covid19/map?hl=en-US&mid=%2Fm%2F07b_l&gl=US&ceid=US%3Aen

Defendant also conveniently ignores the issue surrounding Ms. Witos' eight-month-old and her nursing schedule. Sadie, her youngest, has always been what mothers call "fussy" because she has never nor will she even take a bottle – she exclusively nurses. (Witos Reply Declaration ¶ 7.) As Ms. Witos describes, because of the pandemic and the lack of a need to go anywhere, she never tried to break Sadie of this, nor has she built up a milk supply. (Witos Reply Declaration ¶ 7.) Even if she would take a bottle, she has no milk supply to leave with her. (Witos Reply Declaration ¶ 7.) Accordingly, Sadie would have to join her on this escapade to California, and that is the epitome of an oppressive and overly burdensome request. (Witos Reply Declaration ¶ 7.)

Offering to pay for her flight and transportation alone does not alleviate the child related issues. Is the Court going to permit her to testify while holding her eight-month-old? Is there someone vaccinated and qualified to watch the child at the courthouse while she testifies? These are the realities that are conveniently ignored.

**D.  Defendant makes even more Misstatements about Ms. Witos Home and Husband.**

Defendant states in his opposition that "Ms. Witos and her husband moved to a suburb of Dallas, Texas and purchased a 4,471 square foot home on a quarter acre, complete with a home theater and a mother-in-law suite." This is yet another lie in a series of several to the Court. As Ms. Witos states in her declaration, "If I have a mother-in-law suite, I'd love to know where it is." (Witos Reply Declaration ¶ 9.) Moreover, the "home theater" that he describes is a room with a television in it. (Witos Reply Declaration ¶ 9.) This confusion with stated facts and actual reality is striking similar to those alleged in the indictment.

Defendant even goes so far as to misidentify Mr. Witos in his quest to miscast the entire family as some affluent couple who could jet set to California on a moment's notice. Ms. Witos

husband, Tim, is not a Fortune 500 Executive as Defendant suggests. (Witos Reply Declaration ¶ 10.) Mr. Witos is a Director of Information Security in the Risk Management Department. (Witos Reply Declaration ¶ 10.)

The Court should note what Defendant failed to do/say: although he went to the expense and time of photographing Ms. Witos' home, he omitted the substantial mortgage which is no doubt recorded and a matter of public record. (Witos Reply Declaration ¶ 9.) And while he went to great pains to wrongfully describe Ms. Witos' husband's job, he declined to cite any legal authority for the position that her husband is obligated to fund HIS defense costs.

### E. Ms. Witos has no knowledge regarding the Johnson or Barela Matters.

Defendant continues to suggest that Ms. Witos has relevant knowledge regarding the Johnson and Barela matters. This is not so. Ms. Witos has no recollection of details of either matter, and Defendant even acknowledges that the settlement in the Johnson matter, which he is alleged to have embezzled, occurred months after Ms. Witos left the firm. (Witos Reply Declaration ¶ 11.) How that translates into relevant admissible testimony is a stretch, at best. In fact, her testimony would inadmissible as speculative because it lacks any personal knowledge required by Fed. R. Evid. § 602.

### CONCLUSION

For the foregoing reasons, Ms. Witos respectfully requests that this Court grant this Motion to Quash the Subpoena. In the alternative, Ms. Witos would request to participate via remote teleconference technology should the Court permit it.

Respectfully submitted,

Dated:  August 23, 2021         By: _s/ Morgan Witos_
                                    MORGAN WITOS, *pro se*