1  Michael John Avenatti (Pro Se)

2  H. Dean Steward, SBN 85317
   17 Corporate Plaza, Suite 254
3  Newport Beach, California 92660
   Tel (949) 481-4900
4  Fax (949) 497-6753

5  Advisory Counsel for Defendant
   MICHAEL JOHN AVENATTI

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | DEFENDANT'S NOTICE OF FILING OF EMAIL SENT TO THE COURT IN ADVANCE OF THE TELEPHONIC STATUS CONFERENCE HELD AUGUST 26, 2021 |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

    Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his advisory counsel of record, H. Dean Steward, and pursuant to the Court's directive, hereby files this Notice of Filing of Email Sent to the Court in Advance of the Telephonic Status Conference Held August 26, 2021. The email is attached hereto as Exhibit A.

Dated: August 26, 2021

                                     Respectfully submitted,

                                     /s/ Michael J. Avenatti

                                     Defendant
                                     MICHAEL JOHN AVENATTI

**EXHIBIT A**

**emma hernandez**  🔗  Yesterday at 9:05 AM
U.S. v. Avenatti - Request for Brief Telephonic Status Conference  Details
To: Lisa Bredahl Armijo,  Cc: Dean Steward,  Sagel, Brett (USACAC),  Wyman, Alex (USACAC),  Courtney Cummings

From Defendant Michael Avenatti

Good morning Ms. Bredahl:

Defendant respectfully requests a brief telephonic status conference with the Court to discuss the following issues:

**1. Trial date conflict.** The October 12 trial date conflicts with another trial Mr. Steward has before this Court, which is scheduled for October 26 (U.S. v. Liao, No. 19-cr-00004). Defendant learned of this conflict late yesterday.

**2. The briefing schedule for defendant's motion(s) relating to the mistrial and Brady-related issues (i.e. with or without prejudice/dismissal).** Defendant is still awaiting the remaining Tabs/Quickbooks discovery from the privilege review team and then will require time to go through it, together with the 6GB of data produced on Monday afternoon. This must be accomplished before defendant's opening brief is filed in order to fully understand and argue the associated prejudice. Assuming the current trial date holds and the remaining data is produced this week, defendant proposes that his opening brief be due on Monday, September 17, with the government's opposition due on September 24, and the reply due on September 29. Defendant requests that a hearing on the motion be held on October 5.

**3. Local Criminal Rule 57-3.1.** Pursuant to L.Cr.R. 57-3.1, "It is the Court's policy to facilitate the parties' efforts to dispose of complex criminal cases without trial. It is also the Court's policy that the judge assigned to preside over a complex criminal case (the trial judge) may ask if parties desire a settlement conference but shall not participate in facilitating settlement."  Defendant respectfully requests that the Court ask as permitted under the rule.

**4. Defendant's temporary release.** Defendant's temporary release in this case is scheduled to end on September 3 absent further order of the Court. Defendant requests a further extension of his temporary release until December 3, which is seven weeks and three days after the October 12 trial date (the same amount of time between the prior July 13 trial date and September 3). Defendant requests this extension so that he can adequately prepare for trial, participate in the trial, have access to his advisory counsel/paralegals and the discovery, including the new discovery just produced, and as a result of the health risks associated with Covid while in custody (as previously set forth in the record). Defendant further informs the Court that he will also be seeking an extension of his September 15 surrender date in the Nike matter to sometime in December due to the trial in this case.

**5. Time qualification of potential jurors and hardships.** Defendant objects to time qualification of any potential jurors, as well as the granting of any hardship excuses, outside of the presence of the defendant (i.e. by the jury commissioner) as violative of the Jury Selection and Service Act. Defendant is entitled to a jury chosen at random from a fair cross section of the community. Permitting potential jurors to deselect themselves from the pool without any voir dire by the Court or the defendant is inconsistent with this requirement and the principles underlying the Act.

I thank the Court for its consideration.

Respectfully submitted,

Michael Avenatti

--
Emma Hernandez, Paralegal

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California. I am not a party to the above-entitled action. I have caused, on August 26, 2021, service of the:

DEFENDANT'S NOTICE OF FILING OF EMAIL SENT TO THE COURT IN ADVANCE OF THE TELEPHONIC STATUS CONFERENCE HELD AUGUST 26, 2021

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 26, 2021

/s/ H. Dean Steward
H. Dean Steward

2