# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| | |
|---|---|
| Case No. | SACR 19-61-JVS |
| Date | August 26, 2021 |

Present: The Honorable **JAMES V. SELNA, U.S. DISTRICT COURT JUDGE**

Interpreter

| Lisa Bredahl | Sharon Seffens | Brett Sagel/Alex Wyman<br>Patrick Fitzgerald |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| **Michael John Avenatti** | X | | X | Dean Steward | X | | X |

**Proceedings:**   TELEPHONIC STATUS CONFERENCE

Cause is called for hearing telephonically, with the defendant, his counsel and counsel for the Government present. The Court orders the defendant's email of August 25, 2021 filed with this minute order. Prior to any further request for a Status Conference or filing of a motion or ex parte, counsel shall meet and confer re all issues and provide the Court with an agreed on list of points for discussion if a Status Conference is requested.

With the agreement of the defendant, the Court continues the jury trial in this matter to November 2, 2021 at 8:30 a.m. for jury selection. Jury questionnaires will be filled out by the venire on October 28, 2021 and will be reviewed by counsel and the Court on October 29, 2021. Counsel shall file a speedy trial stipulation and proposed order.

Court and counsel confer re Local Criminal Rule 57-3.1. The Government states does not wish to engage in a settlement conference.

Counsel to meet and confer re a trial date on the bifurcated counts and submit a speedy trial stipulation and proposed order.

The Court will issue an Order to Show Cause why the Magistrate Judge Should Not hear juror excusals for this trial.

Defendant's temporary release is extended to September 10, 2021. Defendant shall file an application and proposed order to continue his release further when a decision has been made

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CRIMINAL MINUTES - GENERAL**

by the New York Judge on the defendant's surrender date.

Status Conference set for September 2, 2021 at 8:30 a.m. is vacated.

|                        |       | :   | 15  |
|------------------------|-------|-----|-----|
|                        | Initials of Deputy Clerk | lmb |     |

| | |
|---|---|
| **From:** | emma |
| **To:** | Lisa |
| **Cc:** | dean ; Sagel Wyman, Courtney |
| **Subject:** | U.S. v. Avenatti - Request for Brief Telephonic Status Conference |
| **Date:** | Wednesday, August 25, 2021 9:04:57 AM |

**CAUTION - EXTERNAL:**

From Defendant Michael Avenatti

Good morning Ms. Bredahl:

Defendant respectfully requests a brief telephonic status conference with the Court to discuss the following issues:

**1. Trial date conflict.** The October 12 trial date conflicts with another trial Mr. Steward has before this Court, which is scheduled for October 26 (U.S. v. Liao, No. 19-cr-00004). Defendant learned of this conflict late yesterday.

**2. The briefing schedule for defendant's motion(s) relating to the mistrial and Brady-related issues (i.e. with or without prejudice/dismissal).** Defendant is still awaiting the remaining Tabs/Quickbooks discovery from the privilege review team and then will require time to go through it, together with the 6GB of data produced on Monday afternoon. This must be accomplished before defendant's opening brief is filed in order to fully understand and argue the associated prejudice. Assuming the current trial date holds and the remaining data is produced this week, defendant proposes that his opening brief be due on Monday, September 17, with the government's opposition due on September 24, and the reply due on September 29. Defendant requests that a hearing on the motion be held on October 5.

**3. Local Criminal Rule 57-3.1.** Pursuant to L.Cr.R. 57-3.1, "It is the Court's policy to facilitate the parties' efforts to dispose of complex criminal cases without trial. It is also the Court's policy that the judge assigned to preside over a complex criminal case (the trial judge) may ask if parties desire a settlement conference but shall not participate in facilitating settlement." Defendant respectfully requests that the Court ask as permitted under the rule.

**4. Defendant's temporary release.** Defendant's temporary release in this case is scheduled to end on September 3 absent further order of the Court. Defendant requests a further extension of his temporary release until December 3, which is seven weeks and three days after the October 12 trial date (the same amount of time between the prior July 13 trial date and September 3). Defendant requests this extension so that he can adequately prepare for trial, participate in the trial, have access to his advisory counsel/paralegals and the discovery, including the new discovery just produced, and as a result of the health risks associated with Covid while in custody (as previously set forth in the record). Defendant further informs the Court that he will also be seeking an extension of his September 15 surrender date in the Nike matter to sometime in December due to the trial in this case.

**5. Time qualification of potential jurors and hardships.** Defendant objects to time qualification of any potential jurors, as well as the granting of any hardship excuses, outside of the presence of the defendant (i.e. by the jury commissioner) as violative of the Jury Selection and Service Act. Defendant is entitled to a jury chosen at random from a fair cross section of the community. Permitting potential jurors to deselect themselves from the pool without any

voir dire by the Court or the defendant is inconsistent with this requirement and the principles underlying the Act.

I thank the Court for its consideration.

Respectfully submitted,

Michael Avenatti

--

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.