1  Michael John Avenatti (Pro Se)

2  H. Dean Steward, SBN 85317
3  17 Corporate Plaza, Suite 254
   Newport Beach, California 92660
4  Tel (949) 481-4900
   Fax (949) 497-6753
5
6  Advisory Counsel for Defendant
   MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER EXTENDING DEFENDANT'S TEMPORARY RELEASE |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti"), by and through his advisory counsel of record, H. Dean Steward, hereby files this *Ex Parte* Application for an Order Extending Defendant's Temporary Release from September 10, 2021 to December 1, 2021. The parties have conferred and the government has informed the defense that they will defer to the Court.

Dated: September 1, 2021         Respectfully submitted,

                                 /s/ Michael John Avenatti
                                 MICHAEL JOHN AVENATTI

Pursuant to this Court's prior Orders, Defendant Michael John Avenatti ("Mr. Avenatti") is presently on temporary release and home confinement in Venice, California. Absent a further extension, defendant will be required to self-surrender on September 10, 2021. Defendant respectfully requests the ability to remain on temporary release through December 1, 2021 for the following reasons:

(1) This case involves well over 1,000,000 pages of discovery, hundreds of exhibits identified by the government, over 35 government witnesses, and a number of complex legal issues. In order to properly prepare for the upcoming November trial in this complex case, defend himself at trial, and mount and present a proper defense, Mr. Avenatti requires regular access to (a) the vast amount of discovery in this case, including the 6 GB of Tabs and QuickBooks data recently produced by the government; (b) his advisory counsel and paralegals; (c) a computer, printer and legal research; and (d) defense witnesses. This access cannot occur if defendant is in custody.

(2) The Bureau of Prisons ("BOP") COVID-19 protocols associated with holding defendant in custody will severely impede his ability to meet with his defense team and witnesses, his access to discovery, trial exhibits, etc., and infringe on his right to meaningfully participate in his defense and mount a defense. Defendant also needs to be able to easily exchange facts and information with his team as the trial progresses.

(3) As the Court noted during a recent final pre-trial conference (June 28, 2021), the risks associated with COVID-19 are still significant and the vaccine is "no silver bullet" – even if one is vaccinated, you can still contract the virus and suffer serious illness. This is even more true now than it was then due to the dramatic rise in cases and health risks due to the Delta variant. The risks of placing someone in custody generally, and the risks to Mr. Avenatti in particular,

are already well documented in the record in this case.[1]

(4) Defendant has complied with the terms of his temporary release for over sixteen months and he continues to comply with the terms without incident. The Court recently observed defendant in trial for over six weeks – defendant consistently appeared as directed, complied with the directives of the Court and demonstrated respect for the Court, its staff and the process. Further, on May 14, 2021, the Pretrial Services Agency submitted a report to the Court stating that "<u>Throughout the period of temporary release, the defendant has remained in compliance and has been cooperative with directives from Pretrial Services</u>" (page 3)(emphasis added). According to PSA, defendant "<u>has shown a pattern of consistently compliant behavior</u>" and PSA "<u>has not received any new information that would suggest [Mr. Avenatti] is a flight risk or danger to the community</u>." *Id*. In addition, in PSA's view, the government has not provided anything new that would suggest defendant is currently a flight risk or danger to the community. *Id*. Moreover, defendant travelled to New York and back for his sentencing in the Nike related case in early July with no issues or complications.

(5) In connection with defendant's sentencing, which was completed before the Hon. Paul Gardephe in the Southern District of New York on July 8, 2021: (a) Judge Gardephe permitted defendant to remain on bond until September 15, 2021 and set that date for defendant to self-surrender and (b) the prosecutors from SDNY informed the court that, after having consulted with their counterparts in this case, they were not seeking defendant's remand and had concluded that defendant could remain out on bond until the completion of the first trial in this

---

[1] *See, e.g.*, (a) the Opposition [Docket No. 271] to the Government's Motion to Terminate and Not Further Extend Defendant Michael John Avenatti's Temporary Release, which is pending, and (b) the accompanying declarations filed with the Opposition, including that of board-certified infectious disease specialist Dr. F. Ramzi Asfour (under seal) [Docket No. 280].

case, which they understood would be completed by August 31. Last Friday, Judge Gardephe extended defendant's surrender date to December 15 in order to accommodate the trial in this case and allow defendant to meaningfully participate in his defense. [SDNY Dkt. 351.] This request was unopposed by the prosecutors in the Southern District of New York.

(6) In determining Mr. Avenatti's sentence, Judge Gardephe specifically found that Mr. Avenatti had faced "horrific conditions" while in custody in New York for 100 days, almost all of which was in solitary confinement and/or under lock down status. <u>He also specifically stated it was hard to believe that the conditions Mr. Avenatti had to endure could occur in the United States.</u> "Mr. Avenatti was held in horrific conditions at the MCC for more than three months, in solitary confinement for much of the time and in lockdown for nearly all of it; first, because a loaded handgun had been smuggled by someone into the facility, and later because of the Covid-19 pandemic. Conditions were terrible. It's hard to believe they could occur in the United States of America. Mr. Avenatti himself was at risk from the Covid-19 virus as the result of a preexisting medical condition." *See, e.g.,* SDNY Case No. 19-CR-00373-PGG, Dkt. 341, p. 43. The conditions are so substandard and barbaric, that it was announced last week by the Department of Justice that the jail where Mr. Avenatti was previously held is being shut down. *See*, *e.g.*, "Justice Dept. to Close Troubled Jail Where Jeffrey Epstein Died," New York Times, August 26, 2021.

(7) Placing defendant in custody now will result in additional burdens and impediments being placed on the Court, the defense and the government in connection with the trial. The trial already promises to be challenging enough without these added challenges and obstacles.

(8) Remanding defendant now would be punitive and serve no legitimate purpose. There is no prejudice to the government if defendant is permitted to

remain on release, but as outlined above, there is significant prejudice to the defendant if he is remanded.

    For each of the above reasons, defendant respectfully requests that the Court extend his temporary release to December 1, 2021 under the same conditions previously ordered.

    The defendant and the government have conferred and the government's position is that they will defer to the Court.

Dated:  September 1, 2021          Respectfully submitted,

                                      /s/ Michael John Avenatti
                                  MICHAEL JOHN AVENATTI

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254, Newport Beach, California 92660. I am not a party to the above-entitled action. I have caused, on September 1, 2021, service of the defendant's:

EX PARTE APPLICATION FOR AN ORDER EXTENDING DEFENDANT'S TEMPORARY RELEASE

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 1, 2021

/s/ H. Dean Steward
H. Dean Steward

5