TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     Email:     Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:     Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SA CR 19-061-JVS |
| Plaintiff, | STIPULATION REGARDING <u>(1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u> |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | **CONTINUED TRIAL DATES:**<br>November 2, 2021 (Counts 1-10)<br>May 10, 2022 (Counts 11-36) |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel

and Alexander C.K. Wyman, and defendant MICHAEL JOHN AVENATTI ("defendant"), hereby stipulate and agree as follows:

1. The Indictment in this case was filed on April 10, 2019. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on April 1, 2019. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before June 19, 2019.

2. On April 29, 2019, the Court set a trial date of June 4, 2019, at 8:30 a.m., and a status conference date of May 20, 2019, at 9:00 a.m.

3. The Court has previously continued the trial date in this case from June 4, 2019, to July 13, 2021, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. (CR 34; CR 66; CR 126; CR 171; CR 386; CR 407.)

4. On October 19, 2020, the parties appeared before the Court for a pretrial motions hearing. (CR 364.) During the hearing, the Court granted defendant's motion to sever Counts 1 to 10 of the Indictment from Counts 11 to 36 of the Indictment. (CR 364.) The trial on Counts 1 to 10 were to proceed on July 13, 2021, with a trial date on Counts 11 to 36 to proceed on October 12, 2021. (CR 386; CR 407.)

5. On July 13, 2021, the trial commenced on Counts 1 to 10. (CR 553.) On August 24, 2021, the Court granted defendant's motion for a mistrial. (CR 780.) On August 26, 2021, the Court conducted a telephonic status conference in which the Court proposed dates for a new trial and directed the parties to file a speedy trial stipulation

and proposed order regarding the trials on both Counts 1 to 10 as well as Counts 11 to 36. (CR 781.)

6. Defendant has provided notice that he intends on filing a motion on or about September 17, 2021 asserting that he cannot be retried due to double jeopardy and prosecutorial misconduct (the "Motion") and the Indictment must be dismissed. Accordingly, his agreement to the terms of this stipulation are expressly conditioned on the Motion ultimately being denied. By entering into this stipulation, Defendant does not intend to waive any rights associated with the Motion or the requested relief.

7. By this stipulation, the parties agree and do not object to the trial on Counts 1 to 10 being continued to November 2, 2021, at 8:30 a.m., and the trial on Counts 11 to 36 being continued to May 10, 2022, at 8:30 a.m.

8. The parties stipulate and agree that the following facts demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged in a 36-count indictment with: ten counts of wire fraud, in violation of 18 U.S.C. § 1343; eight counts of willful failure to collect and pay over withheld taxes, in violation of 26 U.S.C. § 7202; one count of endeavoring to obstruct the administration of the Internal Revenue Code, in violation of 26 U.S.C. § 7212(a); ten counts of willful failure to file tax returns, in violation of 26 U.S.C. § 7203; two counts of bank fraud, in violation of 18 U.S.C. § 1344(1); one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1); three counts of false declaration in a bankruptcy, in violation of 18 U.S.C. § 152(3); and

one count of false oath in a bankruptcy proceeding, in violation of 18 U.S.C. § 152(2).

   b. Defendant is separately charged in a two-count indictment in the Southern District of New York with wire fraud and aggravated identity theft relating to the embezzlement of funds from one of defendant's legal clients. <u>United States v. Avenatti</u>, No. 1:19-CR-374 (the "SDNY Fraud Case"). The trial date in the SDNY Fraud Case is currently set for January 10, 2022. Defendant is represented by separate counsel in the SDNY Fraud Case.

   c. The parties agree that failure to continue the trial dates would likely make a continuation of the proceeding impossible or result in a miscarriage of justice.

   d. Advisory Counsel for defendant represents that he has the following trial conflict: <u>United States v. Liao</u>, No. SA CR 19-04-JVS, which is currently set to begin on October 26, 2021.

   e. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

   f. The parties are requesting an order excluding time pursuant to the Speedy Trial Act for Counts 1 to 10 of the Indictment to November 2, 2021, but understand that the trial, or at least the jury selection process, may begin prior to November 2, 2021.

 9. For purposes of computing the date under the Speedy Trial Act by which defendant's trial on Counts 1 to 10 of the Indictment must commence, the parties agree that the time period of July 13,

2021, to November 2, 2021, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(e) because defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial and pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(i) because the delay results from continuances granted by the Court on its own motion, without objection from defendant or the government, on the basis of the Court's finding that: (i) the ends of justice served by the continuances outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice.

10. For purposes of computing the date under the Speedy Trial Act by which defendant's trial on Counts 11 to 36 of the Indictment must commence, the parties agree that the time period of October 12, 2021, to May 10, 2022, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(i) because the delay results from continuances granted by the Court on its own motion, without objection from defendant or the government, on the basis of the Court's finding that: (i) the ends of justice served by the continuances outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice. With respect to Counts 11 to 36, the parties further agree that the time period of October 12, 2021, to May 10, 2022, inclusive, should be excluded pursuant to 18 U.S.C.

§ 3161(h)(1)(B) because the delay results from trial with respect to other charges against defendant.

11. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: September 1, 2021            Respectfully submitted,

                                    TRACY L. WILKISON
                                    Acting United States Attorney

                                    SCOTT M. GARRINGER
                                    Assistant United States Attorney
                                    Chief, Criminal Division


                                        /s/
                                    BRETT A. SAGEL
                                    ALEXANDER C.K. WYMAN
                                    Assistant United States Attorneys

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

I have read and carefully reviewed this stipulation. I understand my Speedy Trial rights. I voluntarily agree to the continuances of the trial dates, and give up my right to be brought to trial on Counts 1 to 10 of the Indictment earlier than November 2, 2021, and my right to be brought to trial on Counts 11 to 36 of the Indictment earlier than May 10, 2022. I understand that I will be ordered to appear in Courtroom 10C of the Ronald Reagan Federal

Building and U.S. Courthouse, 411 West Fourth Street, Santa Ana, California on November 2, 2021, at 8:30 a.m., and May 10, 2022, at 8:30 a.m.

_____   9/2/2021
MICHAEL JOHN AVENATTI            Date
Defendant

7