TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     Email:     Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:     Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>MICHAEL JOHN AVENATTI,<br><br>          Defendant. | SA CR No. 19-061-JVS<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S OBJECTION TO THE TIME QUALIFICATION OF POTENTIAL JURORS OUTSIDE THE PRESENCE OF THE COURT OR A MAGISTRATE JUDGE AND WITHOUT NOTICE TO DEFENDANT AND AN OPPORTUNITY TO PARTICIPATE (CR 805) |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby files its Opposition to Defendant's Objection to the time qualification of potential jurors outside the

presence of the court or a magistrate judge and without notice to defendant and an opportunity to participate (CR 805).

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 12, 2021        Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


         /s/
BRETT A. SAGEL
ALEXANDER C.K. WYMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

On August 25, 2021, defendant sent an email to the Court claiming that the manner in which the Court would time screen potential jurors violated the law (CR 779), and then filed the present motion on September 8, 2021, claiming the same (CR 805). Defendant's present motion fails to comply with statutory requirements to challenge the selection of jurors and fails to provide any case law supporting his claims -- as none exists. Defendant's motion is unsupported by fact or law, and the Court should deny it and proceed as this District chooses prospective jurors in all cases and cases that require a time-screened jury pool.

**II.  ARGUMENT**

Defendant's motion claims that the process this Court intends to use (and previously used) would violate the Jury Selection and Service Act (hereinafter the "Jury Selection Act"), the Constitution, General Order 19-07 of the United States District Court for the Central District of California, and Federal Rule of Criminal Procedure 43.  (CR 805 at 3-10.)  Each claim fails.

First, defendant has failed to establish a violation of the Jury Selection Act.  The Jury Selection Act, codified in Title 28, United States Code, Sections 1861-1869, includes specific requirements to challenge the procedures used to comply with the Act in Section 1867. Defendant's motion completely fails to comply with the statute's requirements, which include "a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of this title."  28 U.S.C. § 1867(d).  For this reason alone, the Court can and should deny defendant's motion.

Even though binding Supreme Court and Ninth Circuit law address statutory and Constitutional challenges to the procedures used to select a jury, defendant's motion does not cite to a single case on this issue and fails to address the binding case law that undermines his claims. The Supreme Court has stated that the Jury Selection Act and the Sixth Amendment afford defendants "the right to be tried by an impartial jury drawn from sources reflecting a fair cross section of the community." Berghuis v. Smith, 559 U.S. 314, 319 (2010); see United States v. Hernandez-Estrada, 749 F.3d 1154, 1158 (9th Cir. 2014) (en banc); see also Taylor v. Louisiana, 419 U.S. 522, 538 (1975) ("Defendants are not entitled to a jury of any particular composition.").

"A statutory challenge will be allowed only for 'substantial failure to comply' with the Act"; "[t]echnical violations are insubstantial where they do not frustrate the Act's goals." United States v. Nelson, 718 F.2d 315, 318 (9th Cir. 1983) (citing 28 U.S.C. § 1867(a); United States v. Goodlow, 597 F.2d 159, 162 (9th Cir. 1979)); see Hernandez-Estrada, 749 F.3d at 1167. "The two underlying goals of the [Jury Selection] Act are the random selection of prospective jurors 'from voter lists' and exclusions of prospective jurors 'on the basis of objective criteria only.'" Hernandez-Estrada, 749 F.3d at 1167 (quoting Nelson, 718 F.2d at 318). The burden is on defendant to present facts constituting a substantial violation that contravenes the twin policies of the Jury Selection Act. Hernandez-Estrada, 749 F.3d at 1167, 1169 (finding that the fact that clerks alone made determinations to exclude prospective jurors based on English proficiency did not make any violations of the Jury Selection Act substantial).

Defendant has failed to present any facts -- as he cannot -- to establish a substantial violation -- or any violation at all. Instead, defendant claims without any support that the procedure the Clerk's Office for the Central District of California "allows prospective jurors to 'de-select' themselves from jury service in this case, resulting in a skewed venire that is not a fair cross-section of the community." (CR 805 at 8.) Defendant provides nothing to support his claims that anyone "de-selects" themselves and nothing to show how the procedure results in "a skewed venire." Despite having nearly 150 jury questionnaires from the initial trial, defendant has not a single fact to support his claims. Defendant therefore fails to meet his burden to prove a statutory violation of the Jury Selection Act.

Second, defendant's claims of a constitutional violation likewise fail. "To establish a prima facie violation of the fair cross-section requirement directly under the Constitution, the litigant must show that a distinctive group is not represented on the venire in a reasonable ratio to the percentage of that group in the community population, and that the underrepresentation is due to systematic exclusion from the jury selection process." Nelson, 718 F.2d at 319 (citation omitted); see also Duren v. Missouri, 439 U.S. 357, 364 (1979) (creating the three-part test to establish a prima facie violation of the fair-cross-section requirement under the Constitution). The burden to establish a constitutional violation is on defendant. Duren, 439 U.S. at 364; Hernandez-Estrada, 749 F.3d at 1165 ("[I]n determining whether the defendant has satisfied the burden of establishing a prima facie case, courts must consider the evidence proffered by the defendant."). Again, despite defendant

having approximately 150 juror questionnaires from the first trial, defendant has proffered no evidence and failed to meet his burden, and, as in Nelson, there is "not an iota of evidence" that the procedures used by this Court would deprive defendant of "his right to a fair and impartial jury composed of a fair cross-section of the community." 718 F.2d at 320.

Third, the procedures used by this Court and the Central District of California are appropriate and are explicitly permitted under the Jury Selection Act. See 28 U.S.C. § 1866(c). The District's policy and procedures to postpone or excuse potential jurors, as outlined in its General Order 19-07, attached as Exhibit A to defendant's motion, also properly conforms with the Jury Selection Act and the purposes behind the Jury Selection Act. In addition to defendant failing to meet his burden, the procedures this Court used in the first trial and plans to use, do not create any statutory or constitutional violation. Nor do they violate -- or even "undermine[]" (CR 805 at 7) -- General Order 19-07, and defendant does not explain how they do.

Finally, defendant claims he must be present for any decisions by the Court or the Clerk's Office in determining the pool of prospective jurors pursuant to Rule 43, the Sixth Amendment, and his Due Process rights. (CR 805 at 8-10.) The cases defendant cites for that proposition do not remotely address what he is claiming here that he is entitled to: to be present for the time-screening of the jury. It is undisputed that defendant is entitled to be present to question and examine prospective jurors as part of the voir dire process, but the Jury Section Act, Rule 43, the Constitution, or any other authority do not provide defendant with the right to be part of

the process to summons in potential jurors.  See, e.g., United States v. Bradford, 237 F.3d 1306, 1309 (11th Cir. 2001) (holding that the Eleventh Circuit and every other circuit to address the issue have concluded that a trial commences under Rule 43 when jury selection begins).  Defendant's position is not supported by law and is simply impractical to expect that every defendant be allowed to participate in the jury exemption, excuse, and postponement process.

**III. CONCLUSION**

For the foregoing reasons, the Court should deny defendant's motion in its entirety.