Michael John Avenatti (Pro Se)

H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 497-6753

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
| Plaintiff, | REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S OBJECTION TO THE TIME QUALIFICATION OF POTENTIAL JURORS OUTSIDE THE PRESENCE OF THE COURT OR A MAGISTRATE JUDGE AND WITHOUT NOTICE TO DEFENDANT AND AN OPPORTUNITY TO PARTICIPATE |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his advisory counsel, H. Dean Steward, hereby files his reply to the government's opposition to defendant's Objection to the Time Qualification of Potential Jurors Outside the Presence of the Court or a Magistrate Judge and Without Notice to Defendant and an Opportunity to Participate.

Dated:  September 12, 2021          Respectfully submitted,


                                    /s/ Michael J. Avenatti

                                    Defendant
                                    MICHAEL JOHN AVENATTI

On September 8, 2021, Mr. Avenatti filed his Objection to the Time Qualification of Potential Jurors Outside the Presence of the Court or a Magistrate Judge and Without Notice to Defendant and an Opportunity to Participate. [Dkt. 805]. On September 12, 2021, the government filed its opposition. [Dkt. 806]. Mr. Avenatti replies as follows.

First, the government does not address Mr. Avenatti's specific objections to the proposed procedures' failure to comply with the Central District General Order and the Jury Selection and Service Act. Other than bald claims that "Defendant provides nothing to support his claims that anyone 'de-selects' themselves" and a conclusory statement that "the procedures used by this Court and the Central District of California are appropriate and are explicitly permitted under the Jury Selection Act[,]" the prosecution fails to address Mr. Avenatti's objections to the time-qualification procedure proposed for the next trial. The government fails to respond to the argument that a potential juror's unavailability for a lengthy trial alone is not a basis for exclusion, exemption or disqualification. The government likewise fails to address the claim that unavailability or inconvenience does not provide the Clerk with the authority to summarily dismiss a juror from service. The government also fails to challenge defendant's arguments that the sample letter to jurors allows for excuses (i.e. medical appointments or prepaid vacations) that are unauthorized by the Act and the General Order. As a result, these points are conceded.  *See*, *e.g.*, Dkt. 239, Hon. J. Selna Ruling on Pretrial Services Report, p. 4 ("But as Avenatti points out in his reply, the Government has chosen not to respond to the claim of work product, and thus the argument is conceded."); *Sportscare of America, P.C. v. Multiplan, Inc.*, No. 2:10–4414, 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011) ("In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue."); *In re Online DVD Rental Antitrust Litig.*, No. 09–2029 PJH, 2011 WL 5883772, at *12 (N.D. Cal. Nov. 23, 2011).

Second, the government claims that Mr. Avenatti has failed to comply with the

2

procedures set forth in the Act. This argument is misplaced and unpersuasive. Mr. Avenatti's objection is a *prospective* challenge and objection. At this juncture, there has been no violation of the Act in connection with his future jury trial. After Mr. Avenatti made a preliminary objection, the Court ordered briefing in an effort to make a determination as to what procedures should be utilized in connection with the second trial. If the Court determines it will proceed with the prior method of time-qualifying jurors, Mr. Avenatti will then be on notice of a violation of the Act and will comply with the procedures as outlined in 28 U.S.C. § 1867. Through this section, a defendant "may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury." 28 U.S.C. § 1867(a).

Third, the government argues that Mr. Avenatti has not established a constitutional violation. The prosecution claims that "despite defendant having approximately 150 juror questionnaires from the first trial, defendant has proffered no evidence and failed to meet his burden…" But the questionnaires from the first trial are entirely irrelevant. Although the procedures utilized in the first trial were not in accordance with the Act, Mr. Avenatti's instant objection does not seek relief in connection with the procedures used for the first trial – it seeks to avoid having those same procedures used for the next trial. The completed case-specific questionnaires and what they show have no bearing on this issue. The point is that jurors who should have been provided the opportunity to complete a case-specific questionnaire, in court, in the presence of the parties, were excluded by way of a faulty time-qualification procedure *before they ever appeared*. Therefore, evidence of potential jurors being excused, out of court, due to temporal unavailability, could never be found within the 150 questionnaires referenced by the government.

Finally, the government argues that the time qualification of jurors is not part of jury selection. The prosecution concedes, "It is undisputed that defendant is entitled to be

present to question and examine prospective jurors as part of the voir dire process…" [Dkt. 806, p. 6]. The government claims that this right is limited to jury selection and not the summoning of jurors. The government's citation to *United States v. Bradford* after the claim that "the Jury Selection Act, Rule 43, the Constitution, or any other authority do not provide defendant with the right to be part of the process to summons in potential jurors" is misleading. *See United States v. Bradford*, 237 F.3d 1306 (11th Cir. 2001). The case has nothing to do with the summoning of the jury and instead stands for the proposition that jury selection is a *stage of the trial* for which the defendant is entitled to be present. Mr. Avenatti's arguments are consistent with this case. Mr. Avenatti has the right to be present for the questioning of jurors who are deemed eligible and who do not fall within one of the well-delineated exemptions for excusal as defined by the Jury Selection and Service Act as well as the Central District Plan. If the excusals are not directly pursuant to the Act or the Plan, then any dismissal must be done as part of the jury selection voir dire process for which Mr. Avenatti's presence is essential. Depriving Mr. Avenatti of notice and the opportunity to be heard in connection with the excusal of potential jurors deprives him of his rights under Rule 43, the Sixth Amendment, and due process.

Mr. Avenatti again objects to the exclusion of otherwise qualified jurors for any reason other than the disqualifications, exemptions, or exclusions outlined by the Jury Selection and Service Act.

Dated:  September 12, 2021                    Respectfully submitted,


/s/ Michael J. Avenatti

Defendant
MICHAEL JOHN AVENATTI

## **CERTIFICATE OF SERVICE**

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California. I am not a party to the above-entitled action. I have caused, on September 12, 2021 service of the:

REPLY TO THE GOVERNMENT'S OPPOSITION TO DEFENDANT'S OBJECTION TO THE TIME QUALIFICATION OF POTENTIAL JURORS OUTSIDE THE PRESENCE OF THE COURT OR A MAGISTRATE JUDGE AND WITHOUT NOTICE TO DEFENDANT AND AN OPPORTUNITY TO PARTICIPATE

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 12, 2021

/s/ H. Dean Steward

H. Dean Steward