TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     Email:    Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone:  (714) 338-3598
     Facsimile:  (714) 338-3708
     Email:     Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

               FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,          SA CR No. 19-061-JVS

          Plaintiff,               GOVERNMENT'S MOTION FOR AN ORDER
                                   THAT DEFENDANT IDENTIFY ANY
          v.                       FURTHER MATERIAL ON THE EAGAN
                                   AVENATTI SERVERS REQUESTED BY THE
MICHAEL JOHN AVENATTI,             DEFENSE BY OCTOBER 12, 2021;
                                   MEMORANDUM OF POINTS AND
          Defendant.               AUTHORITIES; EXHIBITS 1-5

                                   [PROPOSED ORDER LODGED HEREWITH]

                                   Hearing Date:  October 4, 2021
                                   Hearing Time:  9:00 AM
                                   Location:      Courtroom of the
                                                  Hon. James V. Selna

     Plaintiff United States of America, by and through its counsel

of record, the Acting United States Attorney for the Central District

of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby files its Motion for an Order that Defendant Identify Any Further Material on the Eagan Avenatti Servers Requested by the Defense by October 12, 2021.

This Motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.  Defendant opposes this Motion.

Dated: September 13, 2021          Respectfully submitted,

                                   TRACY L. WILKISON
                                   Acting United States Attorney

                                   SCOTT M. GARRINGER
                                   Assistant United States Attorney
                                   Chief, Criminal Division


                                         /s/
                                   _____
                                   BRETT A. SAGEL
                                   ALEXANDER C.K. WYMAN
                                   Assistant United States Attorneys

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

# TABLE OF CONTENTS

I.    INTRODUCTION.....................................................1

II.   BACKGROUND.......................................................2

      A.   The Government's Discovery Productions to Date............2

      B.   The Court's Three Prior Orders Denying Defendant a
           Forensic Copy of the EA LLP Servers.....................3

      C.   Defendant's Access to the EA LLP Servers................5

      D.   The Tabs Data on the EA LLP Servers.....................6

           1.   Tabs Data for Geoffrey Johnson.....................7

           2.   Tabs Data for Alexis Gardner......................10

           3.   Tabs Data for Gregory Barela......................11

      E.   The Court's Finding of a Brady Violation Based on the
           Tabs Data in the EA LLP Servers........................13

III.  ARGUMENT........................................................16

      A.   The Government's Discovery Obligations Under Brady......16

      B.   The Court Should Require Defendant to Identify What
           Further Material, if Any, He Requests from the EA LLP
           Servers...............................................23

      C.   Alternatively, the Court Should Reconsider Its Three
           Prior Rulings and Allow Defendant a Forensic Copy of
           the EA LLP Servers to Prevent Further Claims of
           Discovery Violations..................................24

IV.   CONCLUSION......................................................25

## TABLE OF AUTHORITIES

**Cases**

Benn v. Lambert,
   283 F.3d 1040 (9th Cir. 2002) ................................. 19

Bonnaudet v. Henry,
   303 F. App'x 375 (9th Cir. 2008) ............................. 21

Boss v. Pierce,
   263 F.3d 734 (7th Cir. 2001) ................................. 19

Brady v. Maryland,
   373 U.S. 83 (1963) ...................................... passim

Comstock v. Humphries,
   786 F.3d 701 (9th Cir. 2015) ................................. 18

Cunningham v. Wong,
   704 F.3d 1143 (9th Cir. 2013) ............................ 21, 22

Diep v. Cate,
   749 F. App'x 534 (9th Cir. 2018) ............... 18, 20, 21, 22

Paonessa v. Hall,
   241 F. App'x 391 (9th Cir. 2007) ............................. 20

Pennsylvania v. Ritchey,
   480 U.S. 39 (1987) ............................... 4, 5, 9, 12

Raley v. Ylst,
   470 F.3d 792 (9th Cir. 2006) ................... 18, 19, 20, 22

Sanchez v. United States,
   50 F.3d 1448 (9th Cir. 1995) ................................. 23

Spencer v. Coursey, No. 2:18-CV-00126-AC,
   2020 WL 10505228 (D. Or. Mar. 26, 2020) ..................... 18

Strickler v. Greene,
   527 U.S. 263 (1999) .......................................... 18

Tennison v. City & Cnty. of San Francisco,
   570 F.3d 1078 (9th Cir. 2009) ................................ 19

United States v. Price,
   566 F.3d 900 (9th Cir. 2009) ................................. 18

United States v. Aichele,
   941 F.2d 761 (9th Cir. 1991) ....................... 18, 19, 22

United States v. Bailleaux,
   685 F.2d 1105 (9th Cir. 1982) ................................ 20

ii

United States v. Bond,
    552 F.3d 1092 (9th Cir. 2009) ................................ 19

United States v. Bundy,
    968 F.3d 1019 (9th Cir. 2020) ................................ 16

United States v. Cano,
    934 F.3d 1002 (9th Cir. 2019) ............................ 24, 25

United States v. Dupuy,
    760 F.2d 1492 (9th Cir. 1985) ................................ 18

United States v. Fernandez,
    231 F.3d 1240 (9th Cir. 2000) ................................ 22

United States v. Gordon,
    844 F.2d 1397 (9th Cir. 1988) ................................ 22

United States v. Higgs,
    663 F.3d 726 (4th Cir. 2011) ................................ 20

United States v. Jernigan,
    492 F.3d 1050 (9th Cir. 2007) ........................... 17, 18

United States v. Wilson,
    160 F.3d 732 (D.C. Cir. 1998) ................................ 22

**Rules**

Federal Rule of Evidence 702 ..................................... 14

Federal Rule of Criminal Procedure 16 ........................... 23

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3      After approximately five weeks of trial testimony, the Court

4  declared a mistrial on the basis that defendant MICHAEL JOHN AVENATTI

5  was not provided with data from an expense and timekeeping software

6  application used by his law firm called "Tabs."  The Court determined

7  that, under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny,

8  the government should have provided defendant with this data from the

9  Eagan Avenatti LLP ("EA LLP") servers, even though the prosecution

10 team did not and does not, in fact, have the Tabs data and, through

11 the Privilege Review Team, the government had made the EA LLP servers

12 containing the Tabs data available to defendant upon request and

13 defendant actually reviewed the servers on two occasions in 2019.

14     Although the government disagrees with the Court both that any

15 discovery violation occurred, and that it was necessary to declare a

16 mistrial, the focus of this motion is not to seek reconsideration of

17 the Court's prior ruling or to seek any relief regarding the first

18 trial.  Rather, this motion seeks to prevent similar issues from

19 arising in the upcoming trial.  Defendant does not have a forensic

20 copy of the servers, and the government -- whose authority to access

21 the servers lapsed over a year ago under the terms of the search

22 warrants -- cannot provide a copy to defendant, given the Court's

23 three prior orders denying defendant a copy of the servers.

24     Accordingly, and in view of defendant's familiarity with the

25 contents of the EA LLP servers and the prosecution team's inability

26 to access them, the government seeks an order requiring defendant to

27 identify what, if anything else, on the servers he believes the

28 government must produce to him in discovery and the bases for those

1 materials' asserted discoverability.  Such an order will assure that

2 the upcoming trial proceeds smoothly and will avoid further concerns

3 regarding defendant's access to materials on the servers that

4 defendant believes are relevant.  Alternatively, the Court should

5 reconsider its prior rulings denying defendant a forensic copy of the

6 servers and permit the government to provide him with a copy so that

7 the government can ensure that it has complied with the Court's

8 rulings regarding the government's discovery obligations.

9 **II.  BACKGROUND**

10      **A.    The Government's Discovery Productions to Date**

11      Throughout this case, the government has provided updates to the

12 Court -- and defendant -- about the discovery produced to defendant

13 and the procedures and protocols used.  (See, e.g., CR 44, CR 49, CR

14 99, CR 109, CR 111, CR 164, CR 195, CR 293, CR 317, CR 399, CR 418.)

15 The prosecution team has produced over 1,144,000 pages of bates-

16 labeled discovery, accompanied by a detailed index consisting of over

17 1,200 entries (rows), as well as forensic extraction reports of

18 numerous digital devices and native versions of files, including

19 QuickBooks records, which are only provided a single corresponding

20 Bates number even though such devices and files may contain

21 voluminous pages and other data.  Thus, the discovery produced

22 includes well more than the 1.1 million pages of discovery.

23      In addition to the discovery the prosecution team has produced

24 to defendant, the Privilege Review Team has separately produced to

25 defendant voluminous discovery, the contents of which the prosecution

26 team is only generally aware.  For example, in a status report filed

27 with the Court in February 2020, the prosecution team outlined some

28 of the discovery the Privilege Review Team provided to defendant

directly, including: approximately 2,760 files (the entire contents) from the electronic Filesite case files system on the EA LLP servers for client files related to Geoffrey Johnson, Alexis Gardner, and Gregory Barela (produced in September 2019); a list of folder names on the EA LLP servers (produced in September 2019); and over 51,000 files based on defendant's requests for records and files from the EA LLP servers (produced in October 2019).  And, as described further below, the government made the EA LLP digital devices, which included the servers, available in their entirety to defendant from the beginning of the case until the completion of the search of the digital devices pursuant to the warrants, but defendant only availed himself of that option twice.  On neither occasion did defendant request "Tabs" data from the government.

**B.   The Court's Three Prior Orders Denying Defendant a Forensic Copy of the EA LLP Servers**

The Court has, on three separate occasions, denied defendant a forensic copy of the EA LLP servers.[1]

First, on July 28, 2019, defendant sought "unfettered access" to the servers, claiming that such access was critical to defendant's defense.  (CR 50.)  The Court denied defendant's motion, ruling that neither defendant's "broad brush demand for 'unfettered' access to the Subject Devices nor his list of categories" -- which did not include "Tabs" data -- provided defendant with a right to a copy of the servers.  (CR 63.)  The Court remarked that the government was

---

[1] In doing so, the Court ruled that defendant was not entitled to a copy of the servers because the servers were property of EA LLP, not defendant (and defendant no longer held an interest in EA LLP), and because defendant had other alternatives for accessing the servers of which he had chosen not to avail himself.  (CR 63 at 4.)

1    already producing financial discovery, including the QuickBooks

2    records, and defendant had two alternative means to obtain the

3    requested records, but had failed to avail himself of them (including

4    working with the Privilege Review Team to obtain materials on the

5    servers or working with the EA LLP receiver).  (Id.)

6         Second, after the Privilege Review Team produced the search

7    warrant returns from the EA LLP digital devices, including the

8    servers -- both the potentially privileged and non-privileged

9    material -- on June 15, 2020, defendant sought further access to the

10   EA LLP devices claiming he needed access to critical material for his

11   defense.  (CR 193.)  The Court, for a second time, denied defendant's

12   motion, noting that the government had provided defendant

13   opportunities to meet with the Privilege Review Team to search the

14   servers, which defendant only availed himself of twice the previous

15   year and had made no efforts since.  (CR 199; RT 7/6/20 at 11.)  The

16   Court, citing Pennsylvania v. Ritchey, 480 U.S. 39, 59 (1987), found

17   there was no discovery obligation to provide defendant further

18   access, but suggested that defendant file a motion to compel if

19   "defendant believes that there is a gap in the production."  (RT

20   7/6/20 at 12-13.)  Defendant never filed a motion to compel or

21   identified Tabs data as a "gap in the production."

22        Third, on Friday, August 20, 2021, the Court ordered the

23   Privilege Review Team to work with defendant over that weekend to

24   attempt to locate Tabs data on the servers.  (CR 749.)  On August 22,

25   2021, the prosecution team learned that defendant was seeking a

26   forensic copy of the servers, something the Court had denied on two

27   prior occasions.  As a result, the prosecution team sought a

28   telephonic status conference, which the Court held that day.  (CR

4

765.)  Defendant emailed the Court his position seeking a copy of the servers (id. at 2), but at the beginning of the status conference, the Court rejected the request for a third time: "I'm not prepared to give you a copy" of the servers (RT 8/22/21 at 3).

### C.   Defendant's Access to the EA LLP Servers

Due to the amount of time required to complete a full scope and privilege review of the EA LLP digital devices as required under the warrants, from the outset of the case, the government offered to permit defendant to review the EA LLP digital devices at the Internal Revenue Service-Criminal Investigation's ("IRS-CI") office and identify materials he believed should be produced to him in discovery.  (See, e.g., CR 44 at 10.)  After the Court denied defendant's first motion for a copy of the servers (CR 63), defendant contacted the government for the first time to request to review the EA LLP digital devices, including the servers, at IRS-CI's offices. To facilitate this review, an IRS-CI computer specialist, Special Agent Nshan Tashchyan, set up a virtual computer system to access and search the forensic copy of the servers under the supervision of the Privilege Review Team.  Defendant and his counsel only visited IRS-CI on two occasions, once in September 2019 and once in October 2019.

According to defendant, defendant twice requested that the Privilege Review Team run searches on the servers relating to the victim-clients named in the Indictment.  (CR 178 at 2.)  Based on defendant's visits to IRS-CI and his search requests, the Privilege Review Team made three discovery productions to defendant consisting of 10,156 files, 244 files, and 40,960 files on October 1, 2019, October 21, 2019, and October 24, 2019, respectively.  After these productions, there were no outstanding document requests by

1  defendant, and neither defendant nor his counsel requested to review

2  evidence at IRS-CI between October 2019 and June 2020.  Agent

3  Tashchyan provided defendant with the requested files and information

4  and defendant never asked for Tabs data -- and Agent Tashchyan never

5  denied defendant access to it.  (RT 8/19/21, Vol. 2, at 13-16.)

6       Throughout the pendency of the case when the Privilege Review

7  Team worked with and provided opportunities to defendant to review

8  the forensic copy of the servers, defendant repeatedly expressed

9  appreciation for the Privilege Review Team's efforts.  At the

10 December 12, 2019, status conference, defendant's counsel stated that

11 the Privilege Review Team had "been very cooperative in terms of

12 being available for us and giving us what we request."  (RT 12/2/2019

13 at 5-6.)  At the April 27, 2020, status conference, defense counsel

14 reiterated that the Privilege Review Team was "very accommodating"

15 and "cooperative."  (RT 4/27/2020 at 5.)  In defendant's June 7,

16 2020, supplemental status report in which he sought further access to

17 the servers through the Privilege Review Team, defendant stated that

18 "the defense ha[d] previously enjoyed a professional, cooperative

19 relationship with the Privilege Review Team with no disputes."  (CR

20 178 at 2.)  The government provided defendant access to the copies of

21 the servers and the files he asked for -- in his words, "giving

22 [defendant] what [he] request[ed]" with "no disputes."

23      **D.   The Tabs Data on the EA LLP Servers**

24      On the evening of August 23, 2021, after defendant was provided

25 access to the remote computer with the EA LLP servers to locate the

26 law firm's Tabs data, IRS-CI Special Agent Remoun Karlous was

27 permitted to browse the Tabs data on the computer related to the

28 clients at issue in this case: Geoffrey Johnson, Alexis Gardner,

Gregory Barela, and Michelle Phan and Long Tran.  Agent Karlous was able to identify the most recent Tabs materials in the database related to Mr. Johnson, Mr. Barela, and Ms. Gardner.  He was unable to locate any Tabs data for Ms. Phan or Mr. Tran, likely because their fee agreements with defendant did not entitle defendant to recover any expenses incurred.  (See Trial Exs. 266, 267, 296.)

## 1.   Tabs Data for Geoffrey Johnson

A printout of the Tabs data for Mr. Johnson is attached as Exhibit 1.  This printout, like the printout emailed from Ms. Regnier to defendant in Trial Exhibit 48, is labeled "Draft," which appears to be an automatic watermark applied when printing the statement on the Tabs system to PDF.  As is evident from the statement date, this is the data on the system as of August 23, 2021, when Agent Karlous reviewed it.  (See Ex. 1 at 1 (upper-right-hand corner).)

The printout for Mr. Johnson tracks both client expenses, beginning on page 8, and advances, beginning on page 12.[2]  The expenses as of February 4, 2015 -- the date that Ms. Regnier emailed defendant the Tabs printout in Trial Exhibit 48, and five days after defendant deposited the settlement check -- are the same as those listed in Trial Exhibit 48, which end with a December 15, 2014 expense for FedEx.  (Compare Ex. 1 at 8-10, with Trial Ex. 48 at 1-4.)  The next expense listed is on April 1, 2015, which is two months after the settlement money came in and would therefore not affect the analysis of the government's financial expert, John Drum, in Trial Exhibit 420, of what Mr. Johnson was owed at the time of his

---

[2] There are also entries for the hours some of the attorneys spent working on the matter, but these entries are irrelevant to defendant's defense because Mr. Johnson's matter, like the matters pertaining to the other victims, was a contingency fee matter.

settlement.  (See Trial Ex. 420 (titled "Total Amount Due to Geoffrey Johnson as of 1/29/15" (emphasis added)).)  Similarly, the advances listed in the Tabs data (Exhibit 1) are the same as the advances listed in Trial Exhibit 48 up until the date Ms. Regnier emailed the statement to defendant on February 4, 2015.  (Compare Ex. 1 at 12-16, with Trial Ex. 48 at 4-8.)  Accordingly, the Tabs data, as of August 23, 2021, is precisely the same as Trial Exhibit 48 with respect to the relevant time period -- the time prior to defendant depositing the settlement check, which is the time period Mr. Drum relied upon.

Indeed, Mr. Drum explained during his testimony how he calculated expenses for Mr. Johnson's matter, which did not include, for example, QuickBooks entries of expenses incurred after the January 29, 2015 deposit of the settlement check, because those expenses were not relevant to his analysis of what Mr. Johnson was owed as of the date the settlement money came in:

> Q Below the row that says "less legal fees," what does the next row say?
>
> A "Less case-related expenses for $532,062."
>
> Q What does that figure represent?
>
> A That represents the expenses that I identified that are related to the Geoffrey Johnson case.
>
> Q As of what date?
>
> A As of January 29, 2015.
>
> Q The date that the settlement money was paid?
>
> A Yes.

(RT 8/12/2021 at 59.)  Mr. Drum further testified that he calculated the expense figure in Trial Exhibit 420 by relying on the firm's "Eagan Avenatti's QuickBooks records, which identify expenses associated with particular matters the firm worked on, as well as a

1  spreadsheet that was e-mailed by Judy Regnier that outlined expenses

2  associated with the Geoffrey Johnson case [Trial Exhibit 48]."  (Id.)

3       Unsurprisingly, the "new" expenses and advances logged on Tabs

4  after the settlement money was deposited in January 2015 are not

5  case-related expenses.  Rather, they are either (1) rent payments for

6  Mr. Johnson to Freedom to Live or Sunrise (the assisted-living

7  facilities where Mr. Johnson lived), which are often logged as

8  "Outside professional fee[s]"; (2) the periodic $1900 lulling

9  payments to Mr. Johnson logged as "Johnson Living Expenses"; or

10 (3) Federal Express charges that defendant appears to have incurred

11 in sending Mr. Johnson his lulling payments, which he then apparently

12 charged Mr. Johnson for as well.  (See Ex. 1 at 10-12, 16.)  In

13 arguing the importance of the updated Tabs data in his filing on

14 August 23, 2021, defendant emphasized that there was "a $37,724

15 payment made by the firm on Mr. Johnson's behalf" that the government

16 and Mr. Drum did not consider.  (CR 775 at 3 n.4.)  The following

17 morning, defendant represented to the Court, "The $37,000 payment I

18 think was made within a few months of the settlement.  Who's to say

19 that wasn't associated with the settlement?  It's not some minor

20 $1,900 payment.  It's a significant payment."  (RT 8/24/2021 at 55.)

21 As defendant knew when he stated that to the Court, that was a July

22 1, 2015 payment logged as "Outside professional fee - New Start Home

23 Health Care, Inc."  (Ex. 1 at 16.)  This payment, like all payments

24 logged on Tabs after the settlement money came in, was not a case-

25 related expense; it was a lulling payment related to Mr. Johnson's

26 living expenses, and it was part of defendant's fraud.

27      In short, the Tabs data for Mr. Johnson does not undermine the

28 government's evidence presented at trial.  To the contrary, it

9

matches to the penny what Mr. Drum calculated using Trial Exhibit 48, and it shows that, despite defendant's many insinuations to the jury that there were additional case-related expenses that the government had not accounted for, all remaining payments were lulling payments designed to cover up his fraud.  Of course, even crediting all these lulling payments between 2015 and 2019 as legitimate expenses results in Mr. Johnson being owed approximately $1.6 million, not zero.

## 2.   Tabs Data for Alexis Gardner

A printout of the Tabs data found for Alexis Gardner is attached as Exhibit 2.  It is slightly longer than one page, and it lists total expenses of $6,156.85 and total advances of $13,634, for a total amount of $19,790.85.  (Ex. 2 at 1.)  That is approximately $45,000 _less_ than what Mr. Drum gave defendant credit for in his calculation of expenses in Trial Exhibit 430, since Mr. Drum credited the one-year rent payment that defendant made for Ms. Gardner, which he lied to her about, telling her it was from Hassan Whiteside.

Moreover, with the exception of Federal Express costs totaling $32.43 and Nationwide Legal "advances" totaling $528, each of the expenses or advances on the Tabs printout was already included in the case-related expenses that the government introduced at trial in either Trial Exhibit 157 (the QuickBooks entry for Ms. Gardner) or Trial Exhibit 167 (the email from Filippo Marchino detailing the expenses he incurred).  For example, the Tabs printout reflects three expenditures of over $1,000.  First, there are two expenses for "Travel expense – Lodging Gardner" for $3,354.62 and $2,713.  (Ex. 2 at 19.)  Those same expenses appear in Trial Exhibit 167 as "Sofitel" (the hotel where Ms. Gardner stayed) and "Airbnb."  (Trial Exhibit 167 at 2.)  These expenses were among those that Mr. Marchino and his

1    firm -- not defendant -- incurred, and which Mr. Marchino testified

2    he was never reimbursed for by defendant.  (RT 8/3/2021 at 75.)

3       As with Mr. Johnson, crediting defendant with this additional

4    $560.43 ($528 + $32.43) in expenses -- on top of the fraud payment of

5    Ms. Gardner's rent that Mr. Drum already gave defendant credit for

6    (Trial Ex. 430) -- results in a total amount due to Ms. Gardner as of

7    January 25, 2017 of $1,693,824.57, not zero.

8           3.   Tabs Data for Gregory Barela

9       The Tabs data printout for Gregory Barela is attached as Exhibit

10    3.  The expenses listed are the same as those listed in the "draft"

11    version sent by Ms. Regnier to defendant in Trial Exhibit 174, for a

12    total of $10,482.46.[3]  (Compare Ex. 3 at 34, with Trial Ex. 174 at

13    2.)  The advances listed in the Tabs data similarly appear identical

14    to those listed in Trial Exhibit 174, although the total amount of

15    advances in the Tabs data is $100,630.76 (Ex. 3 at 36), while the

16    total in Trial Exhibit 174 was $98,718.26 (Trial Ex. 174 at 3).

17       The total expenses and advances reflected in the Tabs data is

18    therefore $111,113.22 ($10,482.46 + $100,630.76).  (Ex. 3 at 36, 37.)

19    That is the precise amount -- to the penny -- reflected in Trial

20    Exhibit 193 as the amount that EA LLP withdrew in "Case Costs" from

21    the Barela settlement.  Ms. Regnier testified that Trial Exhibit 193

22    reflected the "case costs that were due from Barela."  (RT 7/27/2021,

23    Vol. 2, at 72.)  She further testified that Trial Exhibit 174 -- the

24    draft Tabs printout admitted into evidence -- "had the costs as of

25    December" and that the amount of $111,113.22 reflected in Trial

26

27

28       [3] As with the Tabs data for Mr. Johnson, there are a number of
time entries kept by attorneys working on Mr. Barela's matter, but it
is again undisputed that Mr. Barela's was a contingency fee matter.

1    Exhibit 193, which is dated January 11, 2018, had "[t]he final cost."

2    (RT 7/27/2021, Vol. 2, at 72-73.)   In other words, the Tabs data for

3    Mr. Barela's matter confirms the amount of costs the government

4    elicited at trial, to the penny.   It also is less than what Mr. Drum

5    gave defendant credit for in Trial Exhibit 439 -- $180,797 -- since

6    Mr. Drum included various expenses reflected on QuickBooks.[4]   (See

7    Trial Ex. 439; RT 8/13/2021, Vol. 1, at 55-56.)

8         In his filing on August 23, 2021, regarding the Tabs data he

9    reviewed that day, defendant represented to the Court that "Hourly

10   time was billed for at least one client matter for one of the clients

11   in the indictment and yet the client never directly paid the bill

12   (meaning the hourly fees were deducted from the settlement)."   (CR

13   775 at 3.)   The only client identified in the Indictment who had

14   multiple matters with EA LLP was Mr. Barela, and the government found

15   the Tabs data for the hourly time billed to Mr. Barela on the other

16   matter, a printout of which is attached as Exhibit 4.   It shows that

17   EA LLP attorneys Ahmed Ibrahim and John Arden billed a total of 2.3

18   hours to the matter, for total fees of $865, and that there was one

19   expense of $79.34, for total fees and expenses of $944.34.   (Ex. 4.)

20   The fees and expenses on this separate matter occurred in July,

21   September, and October 2018, seven to ten months after defendant lied

22

23   _____

24        [4] As defendant's office manager and paralegal, Judy Regnier,
     testified during trial, EA LLP used two different programs --
25   QuickBooks and Tabs -- to track client costs and expenses.   (RT
     7/27/2021, Vol. 1, at 125.)   She explained, "If a cost [wa]s incurred
26   [at EA LLP], it was entered into QuickBooks" (id. at 41), whereas
     Tabs "had a lot to do with the hourly billing, and it was a double-
27   entry system on the costs and expenses" (RT 7/28/2021, Vol. 1, at 92-
     93).   In order to arrive at the correct amount of costs and expenses,
28   she would typically look at both QuickBooks and Tabs expenses since
     an expense reflected on one "might be a duplicate or something" of
     expenses logged on the other.   (RT 7/28/2021, Vol. 2, at 29-30.)

1   to Mr. Barela and failed to provide him with any of his settlement

2   money.  Apart from that being a separate matter for which there was

3   presumably a separate fee agreement, even deducting that amount from

4   Mr. Barela's settlement would not result in him being owed nothing.

5        **E.**   **The Court's Finding of a Brady Violation Based on the Tabs Data in the EA LLP Servers**

6

7         During his opening statement, defendant repeatedly argued that

8   his victim-clients did not understand how much of their money he was

9   entitled to take because of the costs -- expenses and advances --

10  that he incurred during their matters.  (See, e.g., RT 7/21/2021,

11  Vol. 1, at 65 ("We were entitled to be reimbursed our costs, our

12  expenses out of pocket."), 67 ("[I]f we successfully settle the

13  matter . . . we were also entitled to be reimbursed for any money

14  that we had advanced directly to the clients in anticipation that we

15  might recover some money for them years later. . . .  And the

16  evidence will show that in some instances we advanced enormous

17  amounts of money to these clients.").)  Defendant also wrote out a

18  chart to explain how fees, advances, and expenses are deducted from

19  the settlement award.  Defendant's cross-examinations then proceeded

20  to focus on case costs throughout the government's case-in-chief.

21        On August 12, 2021, day 19 of trial, defendant for the first

22  time requested the Tabs data from the government as the government

23  prepared to call its last witness, Mr. Drum.  (RT 8/12/2021, Vol. 1,

24  at 18 ("Your Honor, in preparing for Mr. Drum's testimony today, it

25  became apparent to me that the government has not produced the Tabs

26  data relating to the costs to the various clients.").)  That day,

27  defendant again attempted to prevent Mr. Drum from testifying, this

28  time on the basis that his testimony was purportedly unreliable under

Federal Rule of Evidence 702 because he had not reviewed the Tabs data.  (RT 8/12/2021, Vol. 2, at 66-67.)  The Court responded, "Assuming you're correct that it wasn't produced, I believe it's a subject for cross-examination and it goes to the weight, not the admissibility of his testimony."  (Id. at 67.)

On August 15, 2021, defendant filed a motion to dismiss or, in the alternative, for a mistrial based on the fact that the government did not produce the Tabs data that he believed was in the EA LLP servers.  (CR 706, 733.)  The government opposed (CR 737), and defendant replied (CR 745).  On August 23, 2021, defendant filed a status report, characterizing as "critical" and "exculpatory" the Tabs data he had reviewed that day after the Court directed the Privilege Review Team to make the servers available to defendant again so that he could look for the Tabs data.  (CR 775 at 4, 5.) The government, whose case agent (Agent Karlous) was permitted to review the data in the late evening after defendant left, was not afforded an opportunity to respond to defendant's characterization of the data prior to the 8:00 AM hearing the next morning.

The next morning, the Court held a hearing and, after hearing from defendant and a representative of the Privilege Review Team, stated, "I believe the parties have done what I requested yesterday. You've provided me with a sampling of what's in the collection of documents held by the Privilege Review Team.  I think that sufficiently informs me to rule on Mr. Avenatti's motion at [Docket No.] 706.  I don't think I need an exhaustive presentation of exactly what's there.  I think I have enough information to intelligently rule on 706."  (RT 8/24/2021 at 9.)  The Court then heard argument at

length from defendant, who stated that he did "not believe that it is possible for this trial to proceed" any further.  (Id. at 19.)

The Court then asked government counsel, "wouldn't you agree that the financial data goes to the heart of this case?"  The Court pressed government counsel on Mr. Drum's financial analysis, stating: "if that perspective were incorrect because not all of the data was taken into account, wouldn't that potentially provide a basis to question everything Mr. Drum did, to question across the board the accuracy of the government's financial presentation?"  (Id. at 22.) The government responded that the Tabs data that the government reviewed for the first time the night before did not provide a basis to question the accuracy of the government's financial presentation, offering to walk the Court through the Tabs printouts the government had just obtained to explain how they did not undermine Mr. Drum's calculations.  (Id. at 22-23.)  The Court declined the government's offer, stating, "[I]f there is evidence out there that would have allowed the defendant to make a challenge under any theory, I think the defendant was entitled to have the data to do that, even if in some other fashion you can show prima facie that it was correct.  In other words, I think he is entitled to make non-winning challenges as well as winning challenges.  The point is he is entitled to that data to make the challenges."  (Id. at 23 (emphasis added).)

The government further noted that defendant, "on two occasions that he took advantage of -- and on more occasions, as many as he wanted, had access to the virtual servers."  (Id.)  The Court responded, "[T]hat doesn't convince me.  It's the obligation of the government to produce Brady, Giglio, et cetera.  He is entitled to sit back and wait for you to serve it up on a platter."  (Id.)  The

1  Court then made various findings, including that the government had
2  "made a good-faith showing that the Prosecution Team produced all of
3  the Tabs data that it had at Docket No. 737 and the attachment," and
4  that the government "put before the Court and the defendant the
5  totality of the Tabs data that the Prosecution Team had."  (Id. at
6  24.)  The Court also found that there had been no misconduct by the
7  prosecution team or the Privilege Review Team.  (Id. at 62, 64.)

8  Nevertheless, the Court declared a mistrial and found a Brady
9  violation on the bases that (1) "the Tabs and other accounting data
10  that was not produced would have been favorable to the defendant";
11  (2) the data "wasn't produced through inadvertence and a failure to
12  appreciate what was there"; and (3) defendant was prejudiced by not
13  having the data because it denied him the ability to use it to cross-
14  examine witnesses, it may have affected the way he "craft[ed] his
15  overall theory of the case and presentation, including the opening
16  statement," and it may have undermined his "ability to question the
17  government's preparation techniques generally."  (Id. at 62-65.)

18  **III.  ARGUMENT**

19  **A.  The Government's Discovery Obligations Under Brady**

20  "[U]nder Brady a defendant is entitled to evidence both
21  favorable to the accused and material either to guilt or to
22  punishment.  Brady evidence can be favorable either because it is
23  exculpatory or impeaching."  United States v. Bundy, 968 F.3d 1019,
24  1031 (9th Cir. 2020).  For a Brady violation to have occurred, a
25  court must find both that the government either "willfully or
26  inadvertently failed to produce the evidence" and that "the
27  suppression . . . prejudiced the defendant."  Id.  In other words, as
28  the Court acknowledged, there are three elements to a Brady claim:

1  (1) "the evidence at issue must be favorable to the accused";

2  (2) "the evidence must have been suppressed by the government

3  willfully or inadvertently"; and (3) "there must be a finding that

4  prejudice must have ensued."  (RT 8/24/2021 at 62); United States v.

5  Jernigan, 492 F.3d 1050, 1053 (9th Cir. 2007) (en banc).

6      Elements one and three -- whether the evidence at issue was

7  "favorable to the accused" and whether there was prejudice -- depend

8  on the nature of the evidence and the effect of the nondisclosure.

9  As a result, these factors are more case-specific than the second

10  element.  For example, in finding a Brady violation, this Court

11  determined that "the Tabs and other accounting data that was not

12  produced would have been favorable to the defendant."  (RT 8/24/2021

13  at 62.)  Although the data is not "favorable" to defendant in the

14  traditional sense -- it does not negate any of the elements of wire

15  fraud or undermine any of the government's evidence -- the Court

16  nevertheless found that defendant was "entitled [under Brady] to make

17  non-winning challenges as well as winning challenges."[5]  (RT

18  8/24/2021 at 23.)  Consequently, the Court found that defendant was

19  prejudiced (element three) by not having the Tabs data because it

20  deprived him of the ability to use it for cross examination,[6] because

21  it may have affected the way he "craft[ed] his overall theory of the

22  case and presentation, including the opening statement," and because

23

24  _____

25      [5] The fact that Brady requires only the disclosure of material
    favorable evidence -- that is, evidence having a reasonable
26  probability of affecting the outcome -- undercuts the suggestion that
    a defendant is entitled to make "non-winning" challenges.

27      [6] As the government argued during the August 24, 2021 hearing
    (RT 8/24/2021 at 22-23), and as is evident from the Tabs printouts
28  (Exs. 1-4), the data is consistent with Mr. Drum's expense
    calculations that were presented to the jury.

1    it may have undermined his "ability to question the government's

2    preparation techniques generally."  (Id. at 62-63.)

3        The second element -- suppression by the government -- is

4    somewhat less fact-specific than elements one and three.  Whether

5    evidence is considered to have been "suppressed" by the government in

6    a given situation has been the subject of many opinions by the

7    Supreme Court and the Ninth Circuit.  It is axiomatic that, "in order

8    for a Brady violation to have occurred, the evidence at issue 'must

9    have been suppressed by the State.'"  United States v. Price, 566

10   F.3d 900, 907 (9th Cir. 2009) (quoting Strickler v. Greene, 527 U.S.

11   263, 282 (1999)).  "Suppression" of exculpatory evidence occurs

12   "where it is known to the State and not disclosed to the defendant."

13   Comstock v. Humphries, 786 F.3d 701, 709 (9th Cir. 2015).  However,

14   "if the means of obtaining the exculpatory evidence has been provided

15   to the defense, the Brady claim fails."  United States v. Dupuy, 760

16   F.2d 1492, 1502 (9th Cir. 1985) (emphasis added); see also Spencer v.

17   Coursey, No. 2:18-CV-00126-AC, 2020 WL 10505228, at *11 (D. Or. Mar.

18   26, 2020) ("[T]he rule in Brady applies only to evidence unknown to

19   the defendant at the time of the trial.").

20       Indeed, the Ninth Circuit has repeatedly held that "where the

21   defendant is aware of the essential facts enabling him to take

22   advantage of any exculpatory evidence, the Government does not commit

23   a Brady violation by not bringing the evidence to the attention of

24   the defense."  Raley v. Ylst, 470 F.3d 792, 804 (9th Cir. 2006).

25   Accordingly, the government does not "suppress" evidence where the

26   evidence at issue is "equally and readily available to defense

27   counsel."  Diep v. Cate, 749 F. App'x 534, 536 (9th Cir. 2018); see

28   also United States v. Aichele, 941 F.2d 761, 764 (9th Cir. 1991)

                                    18

1  ("When, as here, a defendant has enough information to be able to

2  ascertain the supposed <u>Brady</u> material on his own, there is no

3  suppression by the government.").  Similarly, even if the defense

4  does not actually know of the specific information at issue, there is

5  no suppression if "defendant has enough information to be able to

6  ascertain the supposed <u>Brady</u> material on his own" so long as "there

7  was no government action to throw the defendant off the path of the

8  alleged <u>Brady</u> information."  <u>United States v. Bond</u>, 552 F.3d 1092,

9  1095-96 (9th Cir. 2009) (government did not suppress witness's

10 testimony by failing to call him after indicating it would where

11 defense knew both of witness's existence and substance of likely

12 testimony because defense had received transcripts of witness's

13 earlier testimony); <u>see also</u> <u>Raley</u>, 470 F.3d at 804 (no <u>Brady</u>

14 violation from failure to disclose exculpatory evidence contained in

15 defendant's medical records from pretrial confinement because

16 defendant had the "salient facts regarding the existence of the

17 records that he claims were withheld"); <u>Aichele</u>, 941 F.2d at 764 (no

18 suppression of witness's California Department of Corrections file

19 "under the control of California officials" because when "a defendant

20 has enough information to be able to ascertain the supposed <u>Brady</u>

21 material on his own, there is no suppression by the government").[7]

22

23 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

   [7] <u>Cf.</u> <u>Tennison v. City & Cnty. of San Francisco</u>, 570 F.3d 1078,
   1091-92 (9th Cir. 2009) (defendants' awareness that witness "might
24 have information helpful to their case" not equivalent to knowledge
   of witness's extensive exculpatory statements to police, rejecting
25 "'as untenable a broad rule that any information possessed by a
   defense witness must be considered available to the defense'"
26 (quoting <u>Boss v. Pierce</u>, 263 F.3d 734, 740 (7th Cir. 2001))); <u>Benn v.</u>
   <u>Lambert</u>, 283 F.3d 1040, 1062 (9th Cir. 2002) (government suppressed
27 expert opinions that fire was accidental because, while disclosing
   the experts' names, the government "actually misled the defense by
28 disclosing a part of the experts' findings that, read alone, would
   lead to a conclusion directly opposite to the one they reached").

1        During the hearing on August 24, 2021, the Court asked the
2   government: "Would access free you of your obligation under Brady to
3   produce Brady material?  Does access free you of your Brady
4   obligation to produce Brady material?"  (RT 8/24/2021 at 27.)  The
5   answer to those questions is "yes," providing access to the defense
6   does satisfy the government's discovery obligations.  See, e.g.,
7   United States v. Bailleaux, 685 F.2d 1105, 1113 (9th Cir. 1982)
8   ("[Brady] obligates the Government to make available to the defendant
9   all 'evidence favorable to the accused upon request where the
10  evidence is material either to guilt or punishment.'" (quoting Brady,
11  373 U.S. at 87) (emphasis added)); Paonessa v. Hall, 241 F. App'x
12  391, 393 (9th Cir. 2007) (failure to transcribe interview not a Brady
13  violation where tape of the interview "was made available to defense
14  counsel"); United States v. Higgs, 663 F.3d 726, 735 (4th Cir. 2011)
15  (no Brady violation "if the evidence is available to the defense from
16  other sources or the defense already possesses the evidence").  In
17  fact, affirmatively providing access to information -- as the
18  government did here on two separate occasions in 2019 and again, at
19  the Court's direction, during trial -- is more than what is required
20  under Brady "where the defendant is aware of the essential facts
21  enabling him to take advantage of any exculpatory evidence," Raley,
22  470 F.3d at 804, or where the evidence "was equally and readily
23  available to defense counsel," Diep, 749 F. App'x at 536.  In such
24  situations, there is no "suppression" by the government, and
25  therefore no Brady violation.
26       In nevertheless finding a Brady violation for failing to provide
27  the Tabs data to defendant, the Court acknowledged that "suppression"
28  was probably not an "appropriate word in the context," but that the

1   data "wasn't produced through inadvertence and a failure to

2   appreciate what was there."  (RT 8/24/2021 at 62.)   The basis for the

3   Court's finding of "suppression" here appears to be the Court's

4   belief, as expressed during the hearing, that "It's the obligation of

5   the government to produce Brady, Giglio, et cetera.  [Defendant] is

6   entitled to sit back and wait for you to serve it up on a platter."

7   (Id. at 23 (emphasis added).)   That is not the law.

8           Rather, as the above case law illustrates, there is no

9   "suppression" of favorable evidence -- and thus no violation of Brady

10  -- where the defendant has sufficient facts to access the evidence

11  for himself.  See, e.g., Cunningham v. Wong, 704 F.3d 1143, 1154 (9th

12  Cir. 2013) (because the defendant's attorneys possessed the "salient

13  facts" to access the alleged Brady evidence, "[t]here was no

14  suppression of this easily attainable evidence"); Bonnaudet v. Henry,

15  303 F. App'x 375, 376 (9th Cir. 2008) (because the defendant "took

16  the van to the body shop herself and knew its condition," she was

17  "aware of the essential facts enabling her to take advantage of the

18  exculpatory evidence" -- namely, the proposed testimony of body shop

19  employees who cleaned the van).  Here, despite making no request from

20  the government for Tabs data prior to August 12, 2021 -- almost one

21  month into trial -- defendant was without question aware of the Tabs

22  data on the servers well in advance of trial.  Defendant was the

23  owner of EA LLP while the firm used the software, and the

24  government's trial exhibits containing Tabs data (Trial Exhibits 48

25  and 174) show defendant's paralegal, Judy Regnier, sending the Tabs

26  data printouts to defendant in 2015 and 2018.  Moreover, the emails

27  and Tabs data in Trial Exhibits 48 and 174 were attached to the

28  government's response to defendant's second attempt to obtain a

forensic copy of the servers.  (CR 195 Exs. 6-7.)  Specifically, the government attached the exhibits to show the discovery in the prosecution team's possession already provided to defendant (CR 195 at 18-19) in response to defendant's claim that he needed "cost and fee information" for the cases involving defendant's victims (CR 193 at 2).  Similarly, the references to Tabs in two interview reports with Ms. Regnier in July and November 2019 -- which were the basis for the Court finding that the government was "on notice of the significance of the Tabs data" (RT 8/24/2021 at 56-57) -- were produced to defendant approximately a year and a half before trial began, specifically, on February 11, 2020, and on March 17, 2020. Accordingly, notwithstanding the Court's finding to the contrary, there was no "suppression" of the Tabs data.  See Cunningham, 704 F.3d at 1154; Raley, 470 F.3d at 804; Aichele, 941 F.2d 761, 764; Diep, 749 F. App'x at 536.

Moreover, even where there is nondisclosure of Brady material, there is no Brady violation if the material is disclosed "at a time when disclosure would be of value to the accused." United States v. Gordon, 844 F.2d 1397, 1403 (9th Cir. 1988). "Brady merely requires the government to turn over the evidence in time for it to be of use at trial." United States v. Fernandez, 231 F.3d 1240, 1248 n.5 (9th Cir. 2000); see also United States v. Wilson, 160 F.3d 732, 742 (D.C. Cir. 1998) (new trial "rarely warranted" under Brady "where the defendants obtained the information in time to make use of it").

The government respectfully disagrees with the Court's conclusion that a new trial was necessary to address the Tabs data, but because reconstituting the jury at this point is not possible, seeking reconsideration is moot.  The government has stated its

1   position on the issues that led to the mistrial declaration, however,

2   due to the very real possibility that, at the upcoming trial,

3   defendant will again claim purported discovery violations in an

4   attempt to derail the government's case.[8]  Simply put, the

5   government's position is that no <u>Brady</u> violation occurred.

6      **B.   The Court Should Require Defendant to Identify What Further**

7   **Material, if Any, He Requests from the EA LLP Servers**

8        Understanding that the government's analysis under <u>Brady</u> is

9   inconsistent with the Court's August 24, 2021 ruling, the government

10  seeks an order that will ensure that the government is able to comply

11  with its discovery obligations under the Court's ruling.  As the

12  Court is aware, the government does not have -- and has not had for

13  some time -- access to the EA LLP servers to determine what else is

14  on them.  It was (and is) undisputed that the prosecution team never

15  had the Tabs data at issue, and that what it had it produced in

16  discovery.  It is, of course, black-letter law that "[t]he government

17  has no obligation to produce information [] it does not possess or of

18  which it is unaware."  <u>Sanchez v. United States</u>, 50 F.3d 1448, 1453

19  (9th Cir. 1995).  But the government previously had access to the

20  servers and (through the IRS-CI and Privilege Review Team) retains

21  forensic copies of the EA LLP servers, and the Court found a <u>Brady</u>

22  violation based on information (the Tabs data) on those servers.

23

24

25

26        [8] This concern is not based on mere speculation.  On September
    7, 2021, defendant (through a paralegal) emailed the prosecution team
    and the Privilege Review Team "demand[ing] that information from the
27  servers required to be produced pursuant Rule 16, Brady, Giglio,
    Bundy, Price and/or the Court's January 2021 Order, be produced to
28  the defense immediately," and making further accusations about the
    government's discovery productions to date.  (Ex. 5.)

The government is unaware of what else is on the servers that it does not have but that defendant may claim is favorable to the defense or otherwise discoverable.  To prevent any further claims of Brady violations based on what is on the servers -- and to address any further potential "failure[s] to appreciate what was there" in the servers (RT 8/24/2021 at 62) -- the government seeks an order requiring defendant to identify, by October 12, 2021, any materials on the servers that defendant believes should be produced to him, and the grounds for such requests.  It should now be clear, to the extent it was not already, what the government's case entails, and defendant knows as well as (if not better than) anyone what is on the EA LLP servers given his regular access to the servers during his time at the firm.  Even if defendant does not wish to communicate his requests to the prosecution team, defendant should identify at least to the Privilege Review Team what he requests from the servers. Otherwise, defendant may continue to play his game of "gotcha" in an attempt to delay or derail the proceedings based on evidence that the government is unaware exists.  See United States v. Cano, 934 F.3d 1002, 1024 (9th Cir. 2019) ("[T]he prosecutor's disclosure obligations turn on the extent to which the prosecutor has knowledge of and access to the documents sought by the defendant.").

**C.  Alternatively, the Court Should Reconsider Its Three Prior Rulings and Allow Defendant a Forensic Copy of the EA LLP Servers to Prevent Further Claims of Discovery Violations**

If the Court is disinclined to order defendant to identify -- to either the prosecution team or the Privilege Review Team -- what else, if anything, he believes is discoverable on the servers, the Court should reconsider its prior orders denying defendant a forensic copy of the servers.  Without defendant either (1) identifying other

potentially discoverable material on the servers, or (2) being provided with a full copy of the servers, the government has no confidence that defendant will not attempt to claim another <u>Brady</u> violation based on something on the servers that the government does not have, since, again, everything the prosecution team has from the servers has been produced to the defense.  Providing defendant with a copy of the servers would ensure that defendant has everything on the servers including, by definition, anything that defendant might argue is discoverable.  Nor would providing a copy of the servers warrant any continuance of the current trial date because there would be nothing new related to the government's case and defendant -- who managed EA LLP and presumably knows what he believes is relevant on the servers -- would be able expeditiously to find any specific items he believes he needs, and would not have to review the entirety of the data on the servers or conduct keyword searches such as the government would need to do.  Indeed, on August 23, 2021, defendant told the Court that the search for and production of "Tabs data and QuickBooks data" was "all the intention [was] on the defense side" in reviewing the EA LLP servers.  (RT 8/23/2021 at 7-8).  Accordingly, if defendant is given a copy of the servers, it should be "straightforward" for him to retrieve what he believes he needs and no continuance of the trial date would be warranted.  (<u>Id.</u>)

IV.  **CONCLUSION**

For the foregoing reasons, the Court should order that defendant identify, by October 12, 2021, what additional material on the EA LLP servers, if any, he believes should be produced to the defense. Alternatively, the Court should reconsider its prior orders and permit defendant a forensic copy of the EA servers.

# EXHIBIT 1

| Primary Tmkpr: | Jason M. Frank | Return To: | | ☐ On Hold - Do not Bill |
|---|---|---|---|---|
| Reviewed By: | | Review Date: | | ☐ Reprint with Edits |
| Notes: | | | | ☐ Released to Bill |

Statement Date: August 23, 2021
Statement No. 1
Account No. JOHNS
Page: 1

RE: Johnson v. LA County

Interim Statement

Fees

| Date | | | Rate | Hours | |
|---|---|---|---|---|---|
| 09/30/2011 | | | | | |
| | LAW | Review/analyze issues regarding procedural requirements for complaint and supervisory liabilty and prepare MTF regarding same | 425.00 | 4.00 | 1,700.00 |
| 10/03/2011 | | | | | |
| | LAW | Research prison supervisory issues and prepare MTF regarding same | 425.00 | 6.70 | 2,847.50 |
| 10/19/2011 | | | | | |
| | JMF | Attend hearing; meeting with client's family on background | 550.00 | 4.00 | 2,200.00 |
| 11/14/2011 | | | | | |
| | DLR | Government agency claim process research | 325.00 | 2.90 | 942.50 |
| 11/16/2011 | | | | | |
| | DLR | Government claim work | 325.00 | 3.10 | 1,007.50 |
| 11/17/2011 | | | | | |
| | DLR | Calling medical care facilities | 325.00 | 0.20 | 65.00 |
| | DLR | Calling medical care facilities | 325.00 | 3.10 | 1,007.50 |
| 11/18/2011 | | | | | |
| | DLR | Calling medical care facilities | 325.00 | 2.30 | 747.50 |
| | DLR | CLRA research | 325.00 | 2.50 | 812.50 |
| 12/01/2011 | | | | | |
| | DLR | Traveled to LA and met with Defense attorney and client's parents | 325.00 | 4.50 | 1,462.50 |
| 12/06/2011 | | | | | |
| | DLR | Reading through case information and preparing government claim form description | 325.00 | 2.50 | 812.50 |
| 02/01/2012 | | | | | |
| | DLR | Discussed case with Scott; went over timeline and basic claims | | | |

**Exhibit 1**

Johnson v. LA County

| | | Rate | Hours | |
|---|---|---:|---:|---:|
| | requirements for government claims | 325.00 | 0.80 | 260.00 |
| **02/16/2012** | | | | |
| DLR | Retrieve timeline for Michael | 325.00 | 0.20 | 65.00 |
| **11/13/2012** | | | | |
| SGH | Draft form interrogatories | 150.00 | 0.80 | 120.00 |
| **11/16/2012** | | | | |
| SGH | Review discovery and update relevant deadlines | 150.00 | 0.30 | 45.00 |
| **11/19/2012** | | | | |
| SGH | Review meet and confer correspondence and update response deadlines | 150.00 | 0.20 | 30.00 |
| **11/20/2012** | | | | |
| SGH | Review discovery and update responsive deadlines | 150.00 | 0.30 | 45.00 |
| **11/27/2012** | | | | |
| SGH | Review discovery and update relevant responsive deadlines | 150.00 | 0.30 | 45.00 |
| **12/06/2012** | | | | |
| AI | Review and make proposed revisions and comments to draft of opposition to Opposition to Motion for Protective order to quash Baca deposition | 250.00 | 1.00 | 250.00 |
| **08/16/2013** | | | | |
| LAW | Analyze legal issue of government immunity | 425.00 | 0.80 | 340.00 |
| **10/03/2013** | | | | |
| CXC | Conduct factual research in support of Second Amended Complaint | 0.00 | 3.50 | |
| CXC | Draft/revise factual section of Second Amended Complaint | 0.00 | 1.50 | |
| **10/04/2013** | | | | |
| CXC | Conduct factual research in support of Second Amended Complaint | 0.00 | 3.50 | |
| CXC | Draft/revise factual section of Second Amended Complaint | 0.00 | 1.50 | |
| CXC | Telephone conference with attorney Samuel Paz regarding causation issues for Second Amended Complaint | 0.00 | 0.75 | |
| **10/07/2013** | | | | |
| CXC | Continue factual research in support of Second Amended Complaint | 0.00 | 2.50 | |
| CXC | Continue to draft/revise factual section of Second Amended Complaint | 0.00 | 1.50 | |
| CXC | Telephone conference with attorney Samuel Paz regarding causation issues for Second Amended Complaint | 0.00 | 0.75 | |
| **10/08/2013** | | | | |
| CXC | Continue factual research in support of Second Amended Complaint | 0.00 | 2.50 | |
| CXC | Continue to draft/revise factual section of Second Amended Complaint | 0.00 | 0.75 | |

**Exhibit 1**

**2**

Account No:        JOHNSON-001C
Statement No:                     1

Johnson v. LA County

| | | | Rate | Hours | |
|---|---|---|---|---|---|
| **10/09/2013** | | | | | |
| | CXC | Continue factual research in support of Second Amended Complaint | 0.00 | 4.50 | |
| | CXC | Continue to draft/revise factual section of Second Amended Complaint | 0.00 | 1.50 | |
| | JMF | Review revised fact draft; conference with S. Sims regarding complaint | 550.00 | 1.00 | 550.00 |
| **10/10/2013** | | | | | |
| | SHS | Telephone conference with C. Phan regarding Stipulation on deadline for SAC | 390.00 | 0.30 | 117.00 |
| | SHS | Prepare Stipulation regarding deadline for SAC and responsive pleading | 390.00 | 0.50 | 195.00 |
| | SHS | Research and prepare SAC | 390.00 | 7.00 | 2,730.00 |
| | CXC | Draft joint Stipulation regarding date on which to file Second Amended Complaint | 0.00 | 0.75 | |
| | CXC | Continue factual research in support of Second Amended Complaint | 0.00 | 5.25 | |
| | CXC | Continue to draft/revise factual section of Second Amended Complaint | 0.00 | 1.25 | |
| **10/11/2013** | | | | | |
| | SHS | Research and prepare SAC | 390.00 | 10.50 | 4,095.00 |
| | CXC | Telephone conference with client regarding factual issues for Second Amended Complaint | 0.00 | 1.50 | |
| | CXC | Continue factual research in support of Second Amended Complaint | 0.00 | 1.75 | |
| | CXC | Continue to draft/revise factual section of Second Amended Complaint, including blurbs on jurisdiction, Baca supervisory role and punitive confinement | 0.00 | 4.50 | |
| **10/12/2013** | | | | | |
| | SHS | Research and prepare Second Amended Complaint | 390.00 | 6.50 | 2,535.00 |
| | CXC | Proof/revise Second Amended Complaint and confer with S. Sims regarding same | 0.00 | 3.50 | |
| **10/13/2013** | | | | | |
| | SHS | Research and prepare SAC | 390.00 | 2.00 | 780.00 |
| | SHS | Conference with J. Frank regarding SAC | 390.00 | 0.20 | 78.00 |
| | CXC | Continue to proof/revise Second Amended Complaint and confer with S. Sims regarding same | 0.00 | 1.50 | |
| **10/14/2013** | | | | | |
| | SHS | Prepare SAC | 390.00 | 1.00 | 390.00 |
| | CXC | Continue to proof/revise Second Amended Complaint and confer with S. Sims regarding same | 0.00 | 3.00 | |
| **10/15/2013** | | | | | |
| | CXC | Review/analyze defense discovery responses, document productions, and initial disclosures | 0.00 | 4.50 | |
| **10/16/2013** | | | | | |
| | CXC | Continue to review/analyze defense discovery responses, | | | |

**Exhibit 4**

**3**

Account No:     JOHNSON-001C
Statement No:     1

Johnson v. LA County

| | | Rate | Hours |
|---|---|---|---|
| | document productions, and initial disclosures | 0.00 | 3.50 |
| CXC | Meet and confer with opposing counsel regarding Joint Rule 26 report | 0.00 | 0.75 |
| **10/17/2013** | | | |
| CXC | Continue to review/analyze defense discovery responses, document productions, and initial disclosures | 0.00 | 4.50 |
| CXC | Redline Joint Rule 26 Report | 0.00 | 1.25 |
| **10/18/2013** | | | |
| CXC | Continue to review/analyze defense discovery responses, document productions, and initial disclosures | 0.00 | 4.50 |
| CXC | Redline Joint Rule 26 Report | 0.00 | 0.75 |
| CXC | Telephone conference with client regarding medical records releases and update regarding case | 0.00 | 0.75 |
| **10/23/2013** | | | |
| CXC | Continue to review/analyze defense discovery responses, document productions, and initial disclosures | 0.00 | 1.50 |
| CXC | Redline Joint Rule 26 Report | 0.00 | 0.50 |
| **10/24/2013** | | | |
| CXC | Continue to review/analyze defense discovery responses, document productions, and initial disclosures | 0.00 | 5.00 |
| CXC | Summarize defense discovery responses, document productions, and initial disclosures in who's who document and new chronology | 0.00 | 1.50 |
| **10/25/2013** | | | |
| CXC | Continue to review/analyze defense discovery responses, document productions, and initial disclosures | 0.00 | 4.50 |
| CXC | Continue to summarize defense discovery responses, document productions, and initial disclosures in who's who document and new chronology | 0.00 | 1.75 |
| **10/28/2013** | | | |
| CXC | Continue to review/analyze defense discovery responses, document productions, and initial disclosures | 0.00 | 4.00 |
| CXC | Continue to summarize defense discovery responses, document productions, and initial disclosures in who's who document and new chronology | 0.00 | 2.50 |
| **10/29/2013** | | | |
| CXC | Continue to review/analyze defense discovery responses, document productions, and initial disclosures | 0.00 | 4.25 |
| CXC | Continue to summarize defense discovery responses, document productions, and initial disclosures in who's who document and new chronology | 0.00 | 1.75 |
| **10/30/2013** | | | |
| CXC | Continue to review/analyze defense discovery responses, document productions, and initial disclosures | 0.00 | 3.50 |
| CXC | Continue to summarize defense discovery responses, document productions, and initial disclosures in who's who | | |

**Exhibit 1**

**4**

Account No:     JOHNSON-001C
Statement No:     1

Johnson v. LA County

|  |  | Rate | Hours |  |
|---|---|---|---|---|
|  | document and new chronology | 0.00 | 2.50 |  |
| **10/31/2013** |  |  |  |  |
| CXC | Continue to review/analyze defense discovery responses, document productions and initial disclosures | 0.00 | 3.50 |  |
| CXC | Continue to summarize defense discovery responses, document productions, and initial disclosures in who's who document and new chronology | 0.00 | 1.75 |  |
| **11/21/2013** |  |  |  |  |
| SHS | Telephone conference with M. Avenatti regarding strategy and discovery | 390.00 | 0.20 | 78.00 |
| **11/22/2013** |  |  |  |  |
| SHS | Telephone conference with C. Pham regarding document production | 390.00 | 0.10 | 39.00 |
| **11/25/2013** |  |  |  |  |
| SHS | Telephone conference with A. Park | 390.00 | 0.30 | 117.00 |
| SHS | Prepare email to C. Phan | 390.00 | 0.10 | 39.00 |
| **12/10/2013** |  |  |  |  |
| SHS | Telephone conference with M. Avenatti regarding Johnson deposition strategy | 390.00 | 0.30 | 117.00 |
| SHS | Conference with Carlos Colorado regarding Johnson deposition preparation | 390.00 | 0.20 | 78.00 |
| **12/11/2013** |  |  |  |  |
| SHS | Prepare for G. Johnson deposition | 390.00 | 10.50 | 4,095.00 |
| SHS | Telephone conference with M. Avenatti regarding Johnson deposition | 390.00 | 0.20 | 78.00 |
| **12/12/2013** |  |  |  |  |
| SHS | Prepare for and attend G. Johnson deposition | 390.00 | 14.70 | 5,733.00 |
| **01/10/2014** |  |  |  |  |
| SHS | Prepare 30(b)(6) topic list | 390.00 | 4.20 | 1,638.00 |
| **01/13/2014** |  |  |  |  |
| SHS | Telephone conference with Ruth Johnson | 390.00 | 0.50 | 195.00 |
| **01/14/2014** |  |  |  |  |
| SHS | Telephone conference with C. Phan regarding depositions | 390.00 | 0.10 | 39.00 |
| **01/15/2014** |  |  |  |  |
| SHS | Telephone conference with A. Park regarding medical exam | 390.00 | 0.10 | 39.00 |
| **02/03/2014** |  |  |  |  |
| CXC | Review and revise meet and confer correspondence relating to defendants' responses to Requests for Production; confer with S. Sims regarding same | 0.00 | 1.50 |  |
| CXC | Draft and revise opposition to motion to dismiss | 0.00 | 3.50 |  |

**Exhibit 1**

**5**

Johnson v. LA County

| | | Rate | Hours | |
|---|---|---|---|---|
| **02/05/2014** | | | | |
| CXC | Continue to draft and revise opposition to motion to dismiss | 0.00 | 1.50 | |
| **02/06/2014** | | | | |
| CXC | Continue to draft and revise opposition to motion to dismiss | 0.00 | 1.25 | |
| **02/07/2014** | | | | |
| CXC | Continue to draft and revise opposition to motion to dismiss | 0.00 | 0.75 | |
| CXC | Confer with Geoff Johnson regarding additional deposition errata changes; confer with S. Sims regarding same | 0.00 | 2.25 | |
| **02/09/2014** | | | | |
| CXC | Continue to draft and revise opposition to motion to dismiss | 0.00 | 3.25 | |
| **02/12/2014** | | | | |
| CXC | Factual research regarding consultant status of Dr. Hedge | 0.00 | 1.25 | |
| **02/17/2014** | | | | |
| CXC | Factual research regarding Johnson evidence, and state of production; confer with S. Sims regarding same | 0.00 | 3.50 | |
| **02/18/2014** | | | | |
| CXC | Continue factual research regarding Johnson evidence, and state of production | 0.00 | 2.75 | |
| **02/19/2014** | | | | |
| CXC | Continue factual research regarding Johnson evidence, and state of production | 0.00 | 3.25 | |
| **02/20/2014** | | | | |
| CXC | Continue factual research regarding Johnson evidence, and state of production | 0.00 | 4.50 | |
| **02/21/2014** | | | | |
| CXC | Continue factual research regarding Johnson evidence, and state of production | 0.00 | 3.75 | |
| **02/24/2014** | | | | |
| CXC | Continue factual research regarding Johnson evidence, and state of production | 0.00 | 4.50 | |
| **02/25/2014** | | | | |
| CXC | Continue factual research regarding Johnson evidence, and state of production | 0.00 | 3.75 | |
| **02/26/2014** | | | | |
| CXC | Continue factual research regarding Johnson evidence, and state of production | 0.00 | 5.25 | |
| **03/03/2014** | | | | |
| JMF | Review order; conference with S. Sims regarding same; correspond and conference with P. McNicholas regarding same | 550.00 | 1.00 | 550.00 |

**Exhibit 1**
**6**

Account No:       JOHNSON-001C
Statement No:                     1

Johnson v. LA County

| | | Rate | Hours | |
|---|---|---|---|---|
| **04/03/2014** | | | | |
| CXC | Prepare to take deposition of Dr. Colin Dias | 0.00 | 4.50 | |
| **04/04/2014** | | | | |
| CXC | Take deposition of Dr. Colin Dias | 0.00 | 5.50 | |
| JMF | Deposition of doctor | 550.00 | 5.00 | 2,750.00 |
| **04/15/2014** | | | | |
| SHS | Conference with Carlos Colorado regarding Graves deposition | 390.00 | 0.25 | 97.50 |
| **04/16/2014** | | | | |
| SHS | Meet and confer with R. Snader; prepare for and attend telephonic status conference | 390.00 | 1.00 | 390.00 |
| CXC | Attend telephonic status conference with J. Morrow | 0.00 | 1.25 | |
| **04/17/2014** | | | | |
| CXC | Draft motion for sanctions based on failure to prepare 30(b)(6) witnesses | 0.00 | 2.50 | |
| **04/18/2014** | | | | |
| CXC | Continue to draft motion for sanctions based on failure to prepare 30(b)(6) witnesses | 0.00 | 2.25 | |
| **04/21/2014** | | | | |
| CXC | Attend discovery hearing on Plaintiff's motion to compel further production of documents and Defendants' motion to compel further Request for Admission responses | 0.00 | 3.00 | |
| CXC | Continue to draft motion for sanctions based on failure to prepare 30(b)(6) witnesses | 0.00 | 2.50 | |
| CXC | Continue to draft motion for sanctions based on failure to prepare 30(b)(6) witnesses | 0.00 | 2.75 | |
| **04/24/2014** | | | | |
| CXC | Draft errata sheets for Johnson family depositions | 0.00 | 4.00 | |
| **04/25/2014** | | | | |
| CXC | Finalize errata sheets for Johnson family depositions | 0.00 | 2.00 | |
| **07/30/2014** | | | | |
| JMF | Review M&C; conference with Carlos Colorado regarding status | 550.00 | 1.00 | 550.00 |
| **08/29/2014** | | | | |
| JMF | Conference with team regarding status and strategy | 550.00 | 2.00 | 1,100.00 |
| **09/10/2014** | | | | |
| LAW | prepare objections to expert deposition | 425.00 | 1.00 | 425.00 |
| **09/11/2014** | | | | |
| LAW | prepare objections to expert depositions | 425.00 | 1.00 | 425.00 |
| **09/12/2014** | | | | |
| LAW | Prepare evidence objection to defendants declarations in support of Motion for Summary Judgment | 425.00 | 3.80 | 1,615.00 |

**Exhibit 1**
**7**

Account No:      JOHNSON-001C
Statement No:      1

Johnson v. LA County

| | | | Rate | Hours | |
|---|---|---|---|---|---|
| **09/15/2014** | | | | | |
| | LAW | prepare evidentiary objections in opposition to Motion for Summary Judgment | 425.00 | 1.70 | 722.50 |
| **09/17/2014** | | | | | |
| | LAW | finalize evid. objections | 425.00 | 0.30 | 127.50 |
| **09/30/2014** | | | | | |
| | LAW | Admissibility of subsequent remedial measures | 425.00 | 1.30 | 552.50 |
| **10/03/2014** | | | | | |
| | LAW | Legal Research regarding MILs | 425.00 | 0.50 | 212.50 |
| **10/13/2014** | | | | | |
| | LAW | Review Motion for Summary Judgment order and revise pretrial order | 425.00 | 1.80 | 765.00 |
| | | For Current Services Rendered | | 306.15 | 48,842.50 |

Recapitulation

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| Ahmed Ibrahim | 1.00 | $250.00 | $250.00 |
| Carlos X. Colorado | 183.50 | 0.00 | 0.00 |
| Suzy Garcia | 1.90 | 150.00 | 285.00 |
| Jason M. Frank | 14.00 | 550.00 | 7,700.00 |
| Scott H. Sims | 60.75 | 390.00 | 23,692.50 |
| Damon L. Rogers | 22.10 | 325.00 | 7,182.50 |
| Lisa A. Wegner | 22.90 | 425.00 | 9,732.50 |

Expenses

| | | |
|---|---|---|
| 01/06/2012 | Postage - FedEx 3202 | 9.13 |
| 02/07/2012 | CareMeridian | 66,780.00 |
| 02/29/2012 | Postage - FedEx 3729 | 16.35 |
| 03/22/2012 | Postage - FedEx 7110 | 9.96 |
| 04/30/2012 | CareMeridian | 16,695.00 |
| 06/01/2012 | CareMeridian | 16,695.00 |
| 06/15/2012 | CareMeridian | 16,695.00 |
| 07/01/2012 | CareMeridian | 16,695.00 |
| 07/15/2012 | CareMeridian | 14,503.00 |
| 07/15/2012 | CareMeridian | 16,695.00 |
| 08/01/2012 | CareMeridian | 16,695.00 |
| 08/15/2012 | CareMeridian | 17,808.00 |
| 08/31/2012 | CareMeridian | 16,695.00 |
| 09/12/2012 | LA Superior Court - Copies of court documents | 4.75 |
| 09/15/2012 | CareMeridian | 17,808.00 |
| 10/01/2012 | CareMeridian | 16,695.00 |
| 10/15/2012 | CareMeridian | 16,695.00 |
| 11/01/2012 | CareMeridian | 16,695.00 |
| 11/16/2012 | Postage - FedEx 0699 | 8.84 |
| 11/16/2012 | Sunrise Senior Living | 500.00 |
| 11/17/2012 | Postage - FedEx 2117 | 27.14 |
| 12/06/2012 | Sunrise Senior Living | 7,940.00 |

**Exhibit 1**

8

Account No:        JOHNSON-001C
Statement No:                    1

Johnson v. LA County

| Date | Description | Amount |
|------|-------------|-------:|
| 12/08/2012 | Postage - FedEx 7362 | 27.02 |
| 12/10/2012 | Apria Healthcare | 211.43 |
| 12/31/2012 | Omnicare of Canoga Park | 85.29 |
| 01/07/2013 | Postage - FedEx 7784 | 11.30 |
| 01/08/2013 | Apria Healthcare | 211.43 |
| 01/10/2013 | Sunrise Senior Living | 8,095.00 |
| 01/17/2013 | Travel expense - Parking | 18.00 |
| 02/07/2013 | Apria Healthcare | 211.43 |
| 02/10/2013 | Sunrise Senior Living | 5,611.19 |
| 02/25/2013 | Postage - FedEx 3405 | 14.61 |
| 03/01/2013 | Sunrise Senior Living | 5,271.33 |
| 03/05/2013 | CourtCall Appearance Fee | 108.00 |
| 03/07/2013 | Apria Healthcare | 211.43 |
| 03/22/2013 | Postage - FedEx 9928 | 9.18 |
| 04/01/2013 | Sunrise Senior Living | 4,432.22 |
| 04/07/2013 | Apria Healthcare | 211.43 |
| 05/01/2013 | Sunrise Senior Living | 4,317.62 |
| 05/10/2013 | Travel expense - fuel | 80.00 |
| 05/10/2013 | Travel expense - parking | 18.00 |
| 05/10/2013 | J. Frank - Meal expense for Motion Hearing | 10.94 |
| 05/21/2013 | Postage - FedEx 0323 | 9.48 |
| 06/01/2013 | Sunrise Senior Living | 5,893.35 |
| 06/21/2013 | Postage - FedEx 1550 | 9.40 |
| 07/01/2013 | Sunrise Senior Living | 4,270.00 |
| 07/08/2013 | Apria Healthcare | 211.43 |
| 08/01/2013 | Sunrise Senior Living | 4,630.00 |
| 08/07/2013 | Apria Healthcare | 211.43 |
| 08/20/2013 | Postage - FedEx 3204 | 9.35 |
| 09/01/2013 | Sunrise Senior Living | 4,270.00 |
| 09/09/2013 | Apria Healthcare | 211.43 |
| 10/01/2013 | Sunrise Senior Living | 4,120.00 |
| 11/01/2013 | Sunrise Senior Living | 4,278.00 |
| 12/01/2013 | Sunrise Senior Living | 4,925.00 |
| 12/19/2013 | Mileage to/from - S. Sims - Meeting with client | 85.03 |
| 01/01/2014 | Sunrise Senior Living | 2,306.00 |
| 01/03/2014 | Postage - FedEx 2039 | 9.44 |
| 01/07/2014 | Apria Healthcare | 211.43 |
| 01/20/2014 | Airline fee | 50.00 |
| 01/22/2014 | Airfare - S. Sims | 318.00 |
| 01/22/2014 | Travel expense - transportation | 160.50 |
| 01/22/2014 | S. Sims - Meal expense for depositions of Sandy, Ruth & Phillip Johnson | 9.67 |
| 01/22/2014 | S. Sims - Meal expense for depositions of Sandy, Ruth & Phillip Johnson | 50.41 |
| 01/22/2014 | S. Sims - Transportation expense for depositions of Sandy & Ruth Johnson | 40.00 |
| 01/23/2014 | S. Sims - Meal expense for depositions of Sandy, Ruth & Phillip Johnson | 67.06 |
| 01/24/2014 | Airfare - S. Sims | 533.00 |
| 01/24/2014 | S. Sims - Transportation expense for deposition of Phillip Johnson | 78.00 |
| 01/24/2014 | S. Sims - Meal expense for depositions of Sandy, Ruth & Phillip Johnson | 11.05 |
| 01/24/2014 | S. Sims - Lodging expense for depositions of Sandy, Ruth & Phillip Johnson | 316.08 |
| 01/24/2014 | S. Sims - Airport parking for depositions of Sandy, Ruth, & Phillip Johnson | 119.00 |
| 01/24/2014 | Airfare - S. Sims | 422.00 |
| 01/24/2014 | S. Sims - Transportation expense | 155.00 |
| 01/28/2014 | Postage - FedEx 2782 | 9.85 |
| 02/01/2014 | Sunrise Senior Living | 4,220.00 |
| 02/07/2014 | Postage - FedEx 4973 | 9.94 |
| 02/07/2014 | Apria Healthcare | 211.43 |

**Exhibit 1**
**9**

Account No:      JOHNSON-001C
Statement No:                    1

Johnson v. LA County

| Date | Description | Amount |
|------|-------------|-------:|
| 02/20/2014 | Apria Healthcare | 634.29 |
| 02/26/2014 | Postage - FedEx 4701 | 37.24 |
| 02/26/2014 | Postage - FedEx 4318 | 40.62 |
| 03/01/2014 | Sunrise Senior Living | 3,030.00 |
| 03/31/2014 | Pacer research copies for the period 1/1/2014 - 3/31/2014 | 3.00 |
| 04/10/2014 | Sunrise Senior Living | 3,632.86 |
| 04/15/2014 | Postage - FedEx 0341 | 9.94 |
| 04/25/2014 | Postage - FedEx 2504 | 17.12 |
| 04/30/2014 | Omnicare of Canoga Park | 290.56 |
| 05/01/2014 | Sunrise Senior Living | 4,039.16 |
| 05/31/2014 | Omnicare of Canoga Park | 18.01 |
| 06/01/2014 | Sunrise Senior Living | 282.14 |
| 06/23/2014 | Travel expense - Parking | 5.00 |
| 06/25/2014 | Travel expense - Parking | 32.00 |
| 07/01/2014 | Sunrise Senior Living | 2,052.00 |
| 07/14/2014 | Postage - FedEx 5790 | 9.49 |
| 07/17/2014 | Carlos Colorado - Parking for Ex Parte Appearance | 18.00 |
| 07/18/2014 | Photocopy charges | 29.79 |
| 08/01/2014 | Sunrise Senior Living | 7,399.00 |
| 08/05/2014 | Postage - FedEx 8288 | 16.35 |
| 08/07/2014 | Postage - FedEx 7225 | 26.66 |
| 08/08/2014 | Postage - FedEx 6630 | 29.29 |
| 08/11/2014 | Postage - FedEx 3016 | 18.03 |
| 08/13/2014 | Travel expense - S. Sims Mileage | 48.31 |
| 08/13/2014 | Travel expense - Parking | 6.00 |
| 08/18/2014 | Postage - FedEx 5107 | 12.01 |
| 09/17/2014 | Travel expense - Parking | 10.00 |
| 09/25/2014 | Omnicare of Canoga Park | 64.10 |
| 09/25/2014 | Federal Express 7308 | 9.45 |
| 10/01/2014 | Pacer 7/1/14-9/30/14 | 106.50 |
| 10/13/2014 | Travel expense - Parking | 8.00 |
| 10/13/2014 | Travel expense - Transportation | 48.31 |
| 10/16/2014 | Travel expense - Parking | 18.40 |
| 10/16/2014 | Photocopy charges | 10.25 |
| 10/16/2014 | Travel expense - Parking | 10.00 |
| 10/21/2014 | After Hours Access | 560.00 |
| 10/22/2014 | Parking | 18.00 |
| 10/22/2014 | Travel expense - Parking | 30.00 |
| 10/30/2014 | Travel expense - Parking | 5.00 |
| 12/09/2014 | Apria Healthcare | 211.43 |
| 12/11/2014 | Omnicare | 64.10 |
| 12/15/2014 | FedEx 0066 | 9.19 |
| 04/01/2015 | FedEx - 6724 | 9.49 |
| 04/02/2015 | Federal Express 1311 | 9.49 |
| 04/02/2015 | Federal Express 1599 | 15.53 |
| 07/17/2015 | Johnson Living Expenses | 1,000.00 |
| 08/10/2015 | FedEx 2389 | 14.28 |
| 10/09/2015 | Johnson Living Expenses | 1,900.00 |
| 10/20/2015 | Johnson Living Expenses | 1,900.00 |
| 11/03/2015 | Johnson Living Expenses | 1,500.00 |
| 11/03/2015 | Johnson Living Expenses | 1,900.00 |
| 11/03/2015 | Federal Express 4418 | 13.61 |
| 11/09/2015 | Johnson Living Expenses | 1,900.00 |
| 11/09/2015 | Federal Express 0101 | 13.61 |
| 11/16/2015 | Johnson Living Expenses | 1,900.00 |

**Exhibit 1**

Account No:      JOHNSON-001C
Statement No:                    1

Johnson v. LA County

| Date | Description | Amount |
|---|---|---|
| 11/16/2015 | Johnson Living Expenses | 1,900.00 |
| 11/30/2015 | Federal Express 0660 | 14.24 |
| 12/22/2015 | Johnson Living Expenses | 1,900.00 |
| 12/22/2015 | Federal Express 6338 | 14.24 |
| 01/04/2016 | Johnson Living Expenses | 1,500.00 |
| 01/04/2016 | Federal Express 1828 | 14.64 |
| 02/01/2016 | Johnson Living Expenses | 1,900.00 |
| 02/02/2016 | Federal Express 4004 | 14.43 |
| 02/17/2016 | Federal Express 5630 | 10.75 |
| 02/18/2016 | Johnson Living Expenses | 1,100.00 |
| 03/07/2016 | Johnson Living Expenses | 1,900.00 |
| 03/07/2016 | Federal Express 7700 | 14.53 |
| 03/17/2016 | Federal Express 2860 | 23.88 |
| 03/31/2016 | Johnson Living Expenses | 1,900.00 |
| 03/31/2016 | Federal Express 3512 | 14.53 |
| 04/26/2016 | Johnson Living Expenses | 1,900.00 |
| 04/27/2016 | Federal Express 1144 | 14.32 |
| 05/20/2016 | Johnson Living Expenses | 1,900.00 |
| 05/25/2016 | Johnson Living Expenses | 1,000.00 |
| 06/02/2016 | Johnson Living Expenses | 1,100.00 |
| 06/08/2016 | Johnson Living Expenses | 1,900.00 |
| 06/08/2016 | Federal Express 2504 | 14.68 |
| 06/21/2016 | Federal Express 1510 | 14.68 |
| 06/21/2016 | Johnson Living Expenses | 1,000.00 |
| 06/21/2016 | Johnson Living Expenses | 1,900.00 |
| 07/06/2016 | Johnson Living Expenses | 1,900.00 |
| 07/06/2016 | Johnson Living Expenses | 1,900.00 |
| 08/01/2016 | Johnson Living Expenses | 1,900.00 |
| 08/01/2016 | Johnson Living Expenses | 1,900.00 |
| 08/01/2016 | Johnson Living Expenses | 1,900.00 |
| 08/01/2016 | Johnson Living Expenses - Freedom to Live | 1,100.00 |
| 08/31/2016 | Johnson Living Expenses | 1,900.00 |
| 08/31/2016 | Johnson Living Expenses | 1,900.00 |
| 09/29/2016 | Johnson Living Expenses | 1,900.00 |
| 09/29/2016 | Johnson Living Expenses | 1,900.00 |
| 09/29/2016 | Federal Express 1323 | 14.82 |
| 10/05/2016 | Johnson Living Expenses - Freedom to Live | 1,100.00 |
| 11/09/2016 | Johnson Living expenses | 1,900.00 |
| 11/09/2016 | Johnson Living Expenses | 1,900.00 |
| 11/09/2016 | Federal Express 2147 | 14.86 |
| 12/01/2016 | Johnson Living Expenses | 1,900.00 |
| 12/01/2016 | Johnson Living Expenses | 1,900.00 |
| 12/01/2016 | Johnson Living Expenses - Freedom to Live | 1,100.00 |
| 12/01/2016 | Federal Express 4055 | 14.86 |
| 12/16/2016 | Johnson Living Expenses | 1,900.00 |
| 12/16/2016 | Johnson Living Expenses | 1,900.00 |
| 12/17/2016 | Federal Express -9427 | 31.45 |
| 01/04/2017 | Johnson Living Expenses | 1,900.00 |
| 01/04/2017 | Johnson Living Expenses | 1,900.00 |
| 01/04/2017 | Federal Express 6751 | 15.36 |
| 01/30/2017 | Federal Express 7773 | 15.36 |
| 01/30/2017 | Johnson Living Expenses | 1,900.00 |
| 01/30/2017 | Johnson Living Expenses | 1,900.00 |
| 01/30/2017 | Johnson Living Expenses | 1,900.00 |
| 02/28/2017 | Johnson Living Expenses - Freedom to Live | 1,100.00 |

**Exhibit 1**
**11**

Johnson v. LA County

| Date | Description | Amount |
|---|---|---|
| 02/28/2017 | Johnson Living Expenses | 1,900.00 |
| 02/28/2017 | Johnson Living Expenses | 1,900.00 |
| 02/28/2017 | Federal Express 1095 | 15.16 |
| 04/21/2017 | Johnson Living Expenses | 1,900.00 |
| 06/08/2017 | Johnson Living Expenses | 1,900.00 |
| 06/19/2017 | Johnson Living Expenses | 1,900.00 |
| 06/19/2017 | Johnson Living Expenses - Freedom to Live | 1,450.00 |
| 07/10/2017 | Johnson Living Expenses | 1,900.00 |
| 07/13/2017 | Johnson Living Expenses | 1,900.00 |
| 07/26/2017 | Johnson Living Expenses | 800.00 |
| 08/09/2017 | Johnson Living Expenses | 1,900.00 |
| 08/14/2017 | Johnson Living Expenses | 1,800.00 |
| 09/11/2017 | Johnson Living Expenses | 1,900.00 |
| 09/15/2017 | Johnson Living Expenses | 1,900.00 |
| 09/20/2017 | Johnson Living Expenses | 2,065.00 |
| 09/20/2017 | Johnson Living Expenses | 2,000.00 |
| 10/06/2017 | Johnson Living Expenses | 1,900.00 |
| 10/16/2017 | Johnson Living Expenses | 1,900.00 |
| 11/01/2017 | Johnson Living Expenses | n/c |
| 11/13/2017 | Johnson - Living Expenses | n/c |
| 11/17/2017 | Johnson Living Expenses | n/c |
| 12/08/2017 | Johnson Living Expenses | n/c |
| 12/19/2017 | Johnson Living Expenses | n/c |
| | Total Expenses | 495,371.18 |
| 09/01/2014 | Sunrise Senior Living CREDIT | -2,876.37 |
| | Total Credits for Expenses | -2,876.37 |

Advances

| Date | Description | Amount |
|---|---|---|
| 10/01/2011 | Thomson West - Online legal research for the month of September | 40.39 |
| 11/01/2011 | Thomson West - Online legal research for the month of October | 11.91 |
| 11/30/2011 | Outside professional fee - Advanced Discovery | 201.79 |
| 12/01/2011 | Thomson West - Online legal research for the month of November | 18.58 |
| 12/14/2011 | Expert Fee - Barry I. Ludwig, MD | 1,500.00 |
| 12/14/2011 | Nationwide Legal 0329 - Delivery of documents | 140.00 |
| 12/19/2011 | Nationwide Legal 1140 - Delivery of box | 107.00 |
| 01/05/2012 | Expert Fee - Lester M. Zackler | 5,000.00 |
| 02/08/2012 | Nationwide Legal 1117 - Delivery of envelope | 18.00 |
| 02/09/2012 | Expert Fee - Roughan & Associates | 1,466.26 |
| 02/13/2012 | Expert Fee - Roughan & Associates | 4,000.00 |
| 02/22/2012 | Nationwide Legal 3739 - Delivery of letter | 163.50 |
| 02/23/2012 | Nationwide Legal 4083 - Service of Acknowledgment | 132.00 |
| 03/01/2012 | Thomson West - Online legal research for the month of February | 8.94 |
| 03/22/2012 | Nationwide Legal 0073 - Delivery of envelope | 72.00 |
| 06/01/2012 | Thomson West - Online legal research for the month of May | 15.11 |
| 08/14/2012 | Outside professional fee - Roughan & Associates | 4,143.29 |
| 09/30/2012 | CareMeridian | 16,695.00 |
| 10/09/2012 | Nationwide Legal 0767 - Filing of Summons and Complaint | 148.50 |
| 10/09/2012 | Filing fee - Nationwide Legal 0767 | 435.00 |
| 10/09/2012 | Nationwide Legal 0776 - Service of Summons and Complaint | 135.00 |
| 10/10/2012 | Nationwide Legal 1114 - Service of Summons and Complaint | 310.00 |
| 10/10/2012 | Nationwide Legal 1115 - Service of Summons and Complaint | 37.10 |
| 10/12/2012 | Outside professional fee - Roughan & Associates | 411.70 |

Exhibit 1
12

Account No:        JOHNSON-001C
Statement No:                  1

Johnson v. LA County

| | | |
|---|---|---|
| 10/17/2012 | Nationwide Legal 9283 - Filing of 3 POS | 15.00 |
| 10/19/2012 | Nationwide Legal 9360 - Filing of Preemptory Challenge | 15.00 |
| 10/31/2012 | CareMeridian | 17,808.00 |
| 11/01/2012 | Thomson West - Online legal research for the month of October | 21.10 |
| 11/13/2012 | Outside professional fee - Roughan & Associates | 276.06 |
| 11/14/2012 | Nationwide Legal 8497 - Delivery of envelope | 132.00 |
| 12/01/2012 | Thomson West - Online legal research for the month of November | 77.02 |
| 12/17/2012 | Outside professional fee - Roughan & Associates | 5,029.94 |
| 12/19/2012 | Expert Fee - Roughan & Associates | 4,000.00 |
| 01/01/2013 | Thomson West - Online legal research for the month of December | 171.02 |
| 01/04/2013 | Nationwide Legal 7414 - Filing of Opposition | 114.00 |
| 01/14/2013 | Outside professional fee - Rouhgan & Associates | 5,229.34 |
| 01/25/2013 | Nationwide Legal 1140 - Filing of Verified Statement | 114.00 |
| 02/01/2013 | Thomson West - Online legal research for the month of January | 222.69 |
| 02/04/2013 | Nationwide Legal 9538 - Filing of Notice | 15.00 |
| 02/14/2013 | Nationwide Legal 9659 - Filing of Notice of CMC | 15.00 |
| 02/14/2013 | Outside professional fee - Roughan & Associates | 3,448.78 |
| 02/27/2013 | Nationwide Legal 9783 - Filing of Case Management Statement | 15.00 |
| 03/01/2013 | Thomson West - Online legal research for the month of February | 402.40 |
| 03/06/2013 | Nationwide Legal 9914 - Filing of Joint Stipulation | 15.00 |
| 03/08/2013 | Outside professional fee - Roughan & Associates | 164.87 |
| 03/10/2013 | Outside professional fee - KNJ Group | 147.49 |
| 03/31/2013 | Outside professional fee - Roughan & Associates | 546.28 |
| 04/01/2013 | Thomson West - Online legal research for the month of March | 100.77 |
| 04/05/2013 | Nationwide Legal 4826 - Delivery of envelope | 65.00 |
| 04/18/2013 | Filing fee - Nationwide Legal 7369 | 500.00 |
| 04/18/2013 | Nationwide Legal 7369 - Filing of 6 Motion Documents | 164.00 |
| 04/18/2013 | Nationwide Legal 7370 - Service of 6 Motion Documents | 132.00 |
| 04/26/2013 | LA Superior Court - Court Copies | 27.89 |
| 04/26/2013 | LA Superior Court - Court Copies | 16.54 |
| 04/29/2013 | Nationwide Legal 9405 - Filing of Oppositions | 163.50 |
| 04/29/2013 | Filing fee - Nationwide Legal 9405 | 435.00 |
| 05/01/2013 | Thomson West - Online legal research for the month of April | 607.04 |
| 05/12/2013 | Outside professional fee - Roughan & Associates | 354.13 |
| 05/24/2013 | Nationwide Legal 4595 - Filing of First Amended Complaint | 111.00 |
| 05/24/2013 | Nationwide Legal 4596 - Service of First Amended Complaint | 77.00 |
| 05/27/2013 | Outside professional fee - KNJ Group | 152.95 |
| 06/01/2013 | Thomson West - Online legal research for the month of May | 393.22 |
| 06/04/2013 | Nationwide Legal 1125 - Filing of Notice to Request to take Hearing on MSA off Calendar | 15.00 |
| 06/09/2013 | Outside professional fee - Roughan & Associates | 763.47 |
| 07/01/2013 | Thomson West - Online legal research for the month of June | 51.08 |
| 07/11/2013 | Outside professional fee - Roughan & Associates | 236.63 |
| 08/07/2013 | Outside professional fee - Roughan & Associates | 446.23 |
| 08/14/2013 | Nationwide Legal 9405 - Delivery of envelope | 82.00 |
| 09/01/2013 | Thomson West - Online legal research for the month of August | 1,349.51 |
| 09/03/2013 | Nationwide Legal 2609 - Filing of Chamber Copies | 112.00 |
| 09/05/2013 | Nationwide Legal 3151 - delivery of two documents | 105.00 |
| 09/14/2013 | Outside professional fee - Roughan & Associates | 636.30 |
| 09/30/2013 | LexisNexis - Online legal research for the month of September | 1,016.73 |
| 09/30/2013 | Pacer research and copies for the period 7/1/2013 - 9/30/2013 | 3.40 |
| 10/01/2013 | Thomson West - Online legal research for the month of September | 119.32 |
| 10/10/2013 | Outside professional fee - Roughan & Associates | 160.00 |
| 10/11/2013 | Nationwide Legal 9879 - Delivery of courtesy copies | 121.00 |
| 10/15/2013 | Nationwide Legal 0316 - Filing of 2nd Amended Complaint; delivery of courtesy | |

**Exhibit 1**

**13**

Account No:      JOHNSON-001C
Statement No:                 1

Johnson v. LA County

| Date | Description | Amount |
|---|---|---:|
| | copies | 136.00 |
| 11/01/2013 | Thomson West - Online legal research for the month of October | 340.29 |
| 11/10/2013 | Outside professional fee - Roughan & Associates | 169.55 |
| 11/10/2013 | Outside professional fee - KNJ Group | 460.95 |
| 11/25/2013 | Nationwide Legal 7817 - Retrieval of large envelope/box | 69.00 |
| 12/01/2013 | Thomson West - Online legal research for the month of November | 137.45 |
| 12/07/2013 | Outside professional fee - Roughan & Associates | 186.95 |
| 12/11/2013 | Nationwide Legal 0423 - Service of Objection | 45.00 |
| 12/12/2013 | Centex Legal Services - Transcript of deposition of Geoffrey Ernest Johnson | 1,418.15 |
| 12/16/2013 | Nationwide Legal 1286 - Service of Objection | 45.00 |
| 12/17/2013 | Nationwide Legal 1425 - Delivery of envelope | 91.00 |
| 12/17/2013 | Nationwide Legal 1449 - Delivery to Judge | 95.00 |
| 12/18/2013 | Nationwide Legal 1687 - Delivery of Reply | 124.00 |
| 12/23/2013 | Nationwide Legal 2616 - Delivery of envelope | 124.00 |
| 12/31/2013 | Pacer research and copies for the period 10/1/2013 - 12/31/2013 | 8.20 |
| 01/01/2014 | Thomson West - Online legal research for the month of December | 296.62 |
| 01/06/2014 | Outside professional fee - CareMeridian | 175,000.00 |
| 01/13/2014 | Outside professional fee - Roughan & Associates | 177.30 |
| 01/13/2014 | Nationwide Legal 5853 - Service of two deposition notices | 115.00 |
| 01/22/2014 | Nationwide Legal 7548 - Service of Objection to Deposition | 136.00 |
| 01/23/2014 | Centex Legal Services - Transcript of deposition of Ruth Ann Johnson | 2,278.76 |
| 01/24/2014 | Centex Legal Services - Transcript of deposition of Philip A. Johnson | 914.05 |
| 01/24/2014 | Centex Legal Services - Transcript of deposition of Philip A. Johnson | 381.10 |
| 01/28/2014 | Nationwide Legal 8681 - Service of Objections | 83.50 |
| 02/01/2014 | Thomson West - Online legal research for the month of January | 106.03 |
| 02/11/2014 | Nationwide Legal 1361 - Delivery of Opposition | 95.00 |
| 02/19/2014 | Outside professional fee - Roughan & Associates | 222.53 |
| 02/20/2014 | Nationwide Legal 2872 - Delivery of courtesy copies | 37.50 |
| 03/01/2014 | Thomson West - Online legal research for the month of February | 664.83 |
| 03/05/2014 | Nationwide Legal 5453 - Service of Objection | 65.00 |
| 03/05/2014 | Nationwide Legal 5454 - Service of Objection | 65.00 |
| 03/09/2014 | Outside professional fee - Roughan & Associates | 210.19 |
| 03/13/2014 | Nationwide Legal 7033 - Delivery of envelope | 105.00 |
| 03/18/2014 | Nationwide Legal 7841 - Delivery of courtesy copies | 75.00 |
| 03/19/2014 | Personal Court Reporters - Videotaped deposition of Sargent Kimberly Largent PMK | 711.25 |
| 03/19/2014 | Personal Court Reporters - Transcript of deposition of PMK for County of LA and LA Sheriff's Dept | 1,296.80 |
| 03/20/2014 | Ronsin - Cost of subpoenaed records from LA County USC, Dr. Hedge & Valley Renal Medical Group | 221.66 |
| 03/25/2014 | Personal Court Reporters - Videotaped deposition of David Kidwell, MD | 711.25 |
| 03/25/2014 | Personal Court Reporters - Transcript of deposition of Witness for County of LA and LA Sheriff's Dept. | 1,180.95 |
| 03/25/2014 | Nationwide Legal 9152 - Delivery of courtesy copies | 28.05 |
| 03/26/2014 | Personal Court Reporters - Videotaped deposition of PMK for County of LA, Los Angeles Sheriff's Dept. | 735.00 |
| 03/26/2014 | Personal Court Reporters - Transcript of deposition of PMK for County of LA | 1,483.30 |
| 04/01/2014 | Thomson West - Online legal research for the month of March | 747.08 |
| 04/02/2014 | Nationwide Legal 0895 - Filing of Reply | 16.00 |
| 04/04/2014 | Centex Legal Services - Transcript of deposition of Colin P. Dias, M.D. | 477.20 |
| 04/07/2014 | Nationwide Legal 1659 - Delivery of Joint Stipulation | 27.00 |
| 04/09/2014 | Outside professional fee - Rouhgan & Associates | 183.29 |
| 05/01/2014 | Thomson West - Online legal research for the month of April | 72.89 |
| 05/03/2014 | Outside professional fee - KNJ Group | 574.17 |
| 05/08/2014 | Personal Court Reporters - Videotaped deposition of Deputy Stavros Vitogiannis | 807.75 |
| 05/08/2014 | Personal Court Reporters - Transcript of deposition of Deputy Sheriff Stavros | |

**Exhibit 1**

**14**

Johnson v. LA County

|  | Vitogiannis | 967.70 |
|---|---|---|
| 05/15/2014 | Nationwide Legal 8944 - Delivery of envelope | 91.00 |
| 06/01/2014 | Thomson West - Online legal research for the month of May | 12.58 |
| 06/17/2014 | Personal Court Reporters - Videotaped deposition of Deputy Perez-Argueta & Sergeant Carter | 999.55 |
| 06/17/2014 | Personal Court Reporters - Transcript of deposition of Deputy Brian Stuardo Perez-Argueta | 1,171.70 |
| 06/18/2014 | Nationwide Legal 5544 - Delivery of Mediation Brief | 135.00 |
| 06/30/2014 | Pacer research and copies for the period 4/1/2014 - 6/30/2014 | 0.10 |
| 06/30/2014 | Nationwide Legal 7852 - Service of Subpoena | 254.20 |
| 07/01/2014 | Thomson West - Online legal research for the month of June | 90.04 |
| 07/08/2014 | Nationwide Legal 9168 - Service of Subpoena to Testify | 559.50 |
| 07/16/2014 | Personal Court Reporters - Videotaped deposition of Sgt. Maria Nobles, Vol 2 | 640.00 |
| 07/16/2014 | Personal Court Reporters - Transcript of deposition of PMK for County of LA and LA Sheriff's Dept | 832.35 |
| 07/17/2014 | Personal Court Reporters - Videotaped deposition of Sgt. Kimberly Largent, Volume 2 | 663.75 |
| 07/17/2014 | Personal Court Reporters - Transcript of 30(B)(6) of PMK for County of LA and LA Sheriff's Dept. | 798.30 |
| 07/18/2014 | Personal Court Reporters - Videotaped deposition of Commander Mark McCorkle | 575.00 |
| 07/18/2014 | Personal Court Reporters - Transcript of deposition of Commander Mark McCorkle | 754.70 |
| 07/29/2014 | Nationwide Legal 2928 - Delivery of courtesy copies | 105.00 |
| 07/30/2014 | Nationwide Legal 3309 - Delivery of courtesy copy | 29.20 |
| 08/01/2014 | Thomson West - Online legal research for the month of July | 306.46 |
| 08/04/2014 | Nationwide Legal 4479 - Service of Subpoena | 341.90 |
| 08/04/2014 | Nationwide Legal 4480 - Service of Subpoena | 135.90 |
| 08/13/2014 | Personal Court Reporters - Videotaped deposition of Dr. Joseph Ortego & Kavita Khajuria | 1,054.25 |
| 08/13/2014 | Personal Court Reporters - Transcript of deposition of Joseph Ortego, MD | 2,253.50 |
| 08/14/2014 | Anne Barnes - Expert Retainer fee | 1,500.00 |
| 08/14/2014 | David R. Patterson, M.D. - Expert  Retainer Fee | 3,000.00 |
| 08/14/2014 | Zengler & Inouye, LLC - Expert Retainer Fee | 3,500.00 |
| 08/20/2014 | Personal Court Reporters - Videotaped deposition of Deputy William Hong | 1,228.50 |
| 08/20/2014 | Personal Court Reporters - Transcript of deposition of Deputy William Hong | 2,028.80 |
| 08/30/2014 | Veritext - Transcript of deposition of Alfred Buck Carter | 1,249.50 |
| 08/31/2014 | Outside professional fee - KNJ Group | 2,015.37 |
| 09/01/2014 | Thomson West - Online legal research for the month of August | 515.05 |
| 09/05/2014 | Outside professional fee - Anne Barnes | 4,692.00 |
| 09/09/2014 | Nationwide Legal 0758 - Delivery of Ex Parte Application | 88.00 |
| 09/11/2014 | Nationwide Legal 1151 - Delivery of courtesy copy | 28.05 |
| 09/17/2014 | Nationwide Legal 2445 - Delivery of Courtesy Copy | 77.00 |
| 09/19/2014 | Nationwide Legal 2837 - Delivery of Courtesy Copy |  |
| 09/24/2014 | Nationwide Legal 3723 - Delivery of Courtesy Copy | 30.15 |
| 09/29/2014 | Nationwide Legal 4658 - Delivery of Courtesy Copy | 111.00 |
| 10/01/2014 | Nationwide Legal 5042 - Courtesy Copies | 105.00 |
| 10/02/2014 | Nationwide Legal 5284 - Courtesy Copies | 27.00 |
| 10/06/2014 | Nationwide Legal 5966 - Courtesy Copies | 27.00 |
| 10/10/2014 | Outside professional fee - Geronimo Fulgentes Would Consultant | 150.00 |
| 10/13/2014 | Nationwide Legal 7145 - Courtesy Copies | 11.00 |
| 10/14/2014 | Transcription Fees Deposition Roger Clark | 322.36 |
| 10/15/2014 | Nationwide Legal 7610 - Service of Documents | 76.00 |
| 10/15/2014 | Transcription fees Personal Court Reporters - Video of Peter Perroncello | 885.00 |
| 10/15/2014 | Transcription fees Personal Court Reporters - Deposition of Perroncello | 1,592.25 |
| 10/16/2014 | Outside professional fee - Sunrise | 2,778.03 |
| 10/16/2014 | Outside professional fee - Dr. Edwin Amos Retainer Fee | 600.00 |

**Exhibit 1**
**15**

Johnson v. LA County

| | | |
|---|---|---:|
| 10/16/2014 | Transcription fees Deposition Edwin Amos | 504.10 |
| 10/16/2014 | Transcription fees Deposition James Russell High, M.D. | 635.30 |
| 10/16/2014 | Parking | 18.00 |
| 10/16/2014 | Transcription fees Personal Court Reporters - Deposition of Edwin Amos | 551.00 |
| 10/16/2014 | Transcription fees Personal Court Reporters - Video of James High | 513.40 |
| 10/16/2014 | Nationwide Legal 8017 - Copy to Judge Morrow | 77.00 |
| 10/17/2014 | ADR - Mediation | 2,695.00 |
| 10/17/2014 | Nationwide Legal 8139 - Delivery to ADR | 85.00 |
| 10/30/2014 | Nationwide Legal 0781 - Copies to Judge Morrow | 16.00 |
| 11/05/2014 | Omnicare of Canoga Park | 64.10 |
| 11/06/2014 | Nationwide 2068 - Delivery to Judge | 95.00 |
| 11/07/2014 | Outside professional fee  - Zengler & Inouye, LLC | 1,448.75 |
| 11/10/2014 | Roughan & Associates | 216.64 |
| 11/11/2014 | Omnicare of Southern California | 64.10 |
| 12/01/2014 | Outside professional fee - Police Procedures Consultant | 3,700.00 |
| 12/05/2014 | Outside professional fee - Sunrise (November) | 5,270.00 |
| 12/05/2014 | Outside professional fee - Sunrise (December) | 5,070.00 |
| 12/10/2014 | Outside professional fee - Sunrise (January) | 5,470.00 |
| 12/10/2014 | Transcription fees - Hearing Transcript | 212.00 |
| 12/10/2014 | Nationwide Legal - Obtain Transcript (8856) | 85.70 |
| 12/12/2014 | Nationwide Legal - Obtain Hearing Transcripts (9369) | 82.00 |
| 01/11/2015 | Outside professional fee - Omnicare | 8.31 |
| 01/30/2015 | Outside professional fee - Sunrise (February) | 5,550.38 |
| 02/03/2015 | Outside professional fee - Sunrise (March) | 5,550.00 |
| 03/11/2015 | Outside professional fee - Sunrise (April) | 5,982.00 |
| 04/01/2015 | Outside professional fee - Sunrise May 2015 | 6,240.00 |
| 04/01/2015 | Nationwide Legal 0896 | 76.00 |
| 06/01/2015 | Outside professional fee - Sunrise June 2015 | 6,112.01 |
| 07/01/2015 | Outside professional fee - New Start Home Health Care, Inc. | 37,724.00 |
| 08/10/2015 | Johnson Living Expenses | 1,000.00 |
| 08/26/2015 | Johnson Living Expenses | 1,000.00 |
| 09/08/2015 | Johnson Living Expenses | 1,900.00 |
| 09/16/2015 | Johnson Living Expenses | 1,500.00 |
| 09/16/2015 | Federal Express 1491 | 14.14 |
| 10/09/2015 | Federal Express 8988 | 30.16 |
| 10/20/2015 | Federal Express 2750 | 14.00 |
| 11/16/2015 | Federal Express 9240 | 13.61 |
| 11/30/2015 | Freedom to Live - Johnson Living Expenses | 1,100.00 |
| 11/30/2015 | Johnson Living Expenses | 1,900.00 |
| 11/30/2015 | Johnson Living Expenses | 1,500.00 |
| 02/01/2016 | Freedom to Live - Johnson Living Expenses | 1,100.00 |
| 03/31/2016 | Freedom to Live - Johnson Living Expenses | 1,100.00 |
| 07/06/2016 | Federal Express 2762 | 14.82 |
| 08/01/2016 | Federal Express 4170 | 14.09 |
| 08/31/2016 | Federal Express 5530 | 14.89 |
| | Total Advances | 421,216.60 |
| | Total | 962,553.91 |
| | Balance Due | $962,553.91 |

**Exhibit 1**

**16**

Page: 17
08/23/2021
Account No:        JOHNSON-001C
Statement No:                  1

Johnson v. LA County

## Billing History

| Fees | Hours | Expenses | Advances | Finance Charge | Payments |
|---|---|---|---|---|---|
| 48,842.50 | 306.15 | 492,494.81 | 421,216.60 | 0.00 | 0.00 |

**Exhibit 1**
**17**

Draft Statement Run Totals 08/23/2021

| | |
|---|---|
| Statements Printed: | 1 |
| Hours: | 306.15 |
| Fees: | 48,842.50 |
| Expenses: | 495,371.18 |
| Total Exp Credits: | -2,876.37 |
| Advances: | 421,216.60 |

**Exhibit 1**
**18**

EXHIBIT 2

# EAGAN AVENATTI, LLP

*520 Newport Center Drive*
*Suite 1400*
*Newport Beach, CA 92660*

(949) 706-7000

|  |  |
|---|---|
| Statement Date: | August 23, 2021 |
| Statement No. | 1 |
| Account No. | GARDNER.001 |
| Page: | 1 |

RE: GARDNER v. WHITESIDE

Interim Statement

## Fees

| | | |
|---|---|---:|
| 12/08/2016 | Telephone conference with counsel for H. Whiteside regarding case background | 180.00 |
| 01/04/2017 | Prepare letter brief for mediation | 1,845.00 |
| 01/05/2017 | Continue drafting mediation brief | 2,970.00 |
| 01/06/2017 | conference with M. Avenatti regarding mediation | 180.00 |
| | For Current Services Rendered | 5,175.00 |

## Expenses

| | | |
|---|---|---:|
| 12/02/2016 | Federal Express 3561 | 16.50 |
| 12/12/2016 | Federal Express 1555 | 20.15 |
| 12/12/2016 | Federal Express 9470 | 20.15 |
| 12/13/2016 | Travel expense - Lodging Gardner | 3,354.62 |
| 12/13/2016 | Travel expense - Lodging Gardner | 2,713.00 |
| 01/20/2017 | Federal Express 5716 | 11.24 |
| 01/26/2017 | Federal Express 4216 | 21.19 |
| | Total Expenses | 6,156.85 |

## Advances

| | | |
|---|---|---:|
| 12/07/2016 | Nationwide Legal - 4208 ███████ | 195.00 |
| 12/07/2016 | Nationwide Legal - 4209 ███████ | 98.00 |
| 12/22/2016 | Outside professional fee - ADR Services Inc. | 13,095.00 |
| 12/07/2017 | Nationwide Legal 4213 - █████ | 235.00 |
| | Total Advances | 13,623.00 |
| | Total | 24,954.85 |
| | Balance Due | $24,954.85 |

TAX ID 32-0210824

## Exhibit 2

Draft Statement Run Totals 08/23/2021

| | |
|---|---|
| Statements Printed: | 1 |
| Hours: | 11.50 |
| Fees: | 5,175.00 |
| Expenses: | 6,156.85 |
| Advances: | 13,623.00 |

**Exhibit 2**
**20**

EXHIBIT 3

| Primary Tmkpr: | Michael J. Avenatti | Return To: | ☐ On Hold - Do not Bill |
| Reviewed By: | | Review Date: | ☐ Reprint with Edits |
| Notes: | | | ☐ Released to Bill |

Statement Date: August 23, 2021
Statement No. 1
Account No. BARELA
Page: 1

Interim Statement

## Fees

| Date | | Description | Rate | Hours | |
|------|---|-------------|------|-------|---|
| 08/11/2016 | | | | | |
| | TEG | research modification of scheduling order for expert discover | 350.00 | 4.90 | 1,715.00 |
| 08/17/2016 | | | | | |
| | JNA | Phone call with G. Barela regarding drafting discovery responses; Research and draft discovery responses; Draft correspondence to counsel re: discovery meet and confer and contacting firm clients | 280.00 | 4.00 | 1,120.00 |
| 08/18/2016 | | | | | |
| | JNA | Draft supplemental discovery response; Draft special interrogatories, requests for admission, requests for production | 280.00 | 3.00 | 840.00 |
| 08/22/2016 | | | | | |
| | JNA | Draft stipulation regarding motion to modify the scheduling order; draft meet and confer letter regarding discovery responses | 280.00 | 3.00 | 840.00 |
| 08/23/2016 | | | | | |
| | JNA | Draft correspondence regarding discovery responses; Draft supplemental privilege log; Correspondence with client | 280.00 | 2.00 | 560.00 |
| 08/24/2016 | | | | | |
| | JNA | Draft supplemental privilege log | 280.00 | 1.00 | 280.00 |
| 08/29/2016 | | | | | |
| | JNA | Research and draft opposition to motion for sanctions; Draft discovery responses | 280.00 | 4.50 | 1,260.00 |
| 08/30/2016 | | | | | |
| | JNA | Conference call with Arbitrator re: motion for sanctions and case management order; Prepare discovery responses; Prepare draft joint statement regarding amendments to the case management order; Research and analysis regarding claims construction procedure | 280.00 | 4.00 | 1,120.00 |

**Exhibit 3**

21

|            |     |                                                                                                                              | Rate   | Hours |          |
|------------|-----|------------------------------------------------------------------------------------------------------------------------------|--------|-------|----------|
| 08/31/2016 | JNA | Research and draft correspondence to counsel re: discovery requests; Prepare revised scheduling order                         | 280.00 | 1.50  | 420.00   |
| 09/07/2016 | JNA | Research regarding revised case management order and claims construction procedure.                                           | 280.00 | 0.50  | 140.00   |
| 09/08/2016 | JNA | Meet and confer regarding revisions to case management order; correspondence regarding deposition scheduling; Draft revised proposed revisions to the case management order. | 280.00 | 1.50  | 420.00   |
| 09/09/2016 | JNA | Prepare revised case management order; correspondence with witnesses regarding deposition dates; draft letter to opposing counsel regarding discovery responses | 280.00 | 1.00  | 280.00   |
| 09/12/2016 | JNA | Review and analyze motions to compel filed by Brock regarding Interrogatory responses, Request for Admission responses, and privilege log issues | 280.00 | 2.00  | 560.00   |
| 09/13/2016 | JNA | research and analysis regarding motions to compel filed by Brock                                                              | 280.00 | 5.00  | 1,400.00 |
| 09/14/2016 | JNA | draft opposition to motions to compel re: interrogatories, RFAs, and privilege log.                                          | 280.00 | 5.00  | 1,400.00 |
| 09/15/2016 | JNA | Draft opposition to motions to compel regarding privilege log, interrogatories, and requests for admission; Conference call with arbitrator regarding Case Management Order. | 280.00 | 6.00  | 1,680.00 |
| 09/16/2016 | JNA | draft opposition to motions to compel regarding privilege log, interrogatories, and requests for admission                    | 280.00 | 4.50  | 1,260.00 |
| 09/22/2016 | JNA | Research and draft opposition to motion to compel regarding privilege log, interrogatories, and requests for admission         | 280.00 | 3.00  | 840.00   |
| 09/26/2016 | JNA | Research and draft opposition to motion to compel regarding privilege log, interrogatories, and requests for admission         | 280.00 | 5.50  | 1,540.00 |
| 09/27/2016 | JNA | Research and draft opposition to motion to compel regarding privilege log, interrogatories, and requests for admission.        | 280.00 | 4.00  | 1,120.00 |
| 09/28/2016 | JNA | Research and draft opposition to motion to compel regarding                                                                   |        |       |          |

Exhibit 3
22

|  |  | Rate | Hours |  |
|---|---|---|---|---|
|  | privilege log, interrogatories, and requests for admission | 280.00 | 5.50 | 1,540.00 |
| **09/29/2016** | | | | |
| JNA | Research and draft opposition to motion to compel regarding privilege log, interrogatories, and requests for admission | 280.00 | 4.00 | 1,120.00 |
| **10/03/2016** | | | | |
| JNA | Review documents and case information in preparation for upcoming depositions; Meet with G. Barela in preparation for his deposition; Correspondence with C. Kramer and J. Balsz. | 280.00 | 5.00 | 1,400.00 |
| AI | Review and analyze first amended complaint and background information; conferences with J. Arden regarding case background | 450.00 | 2.50 | 1,125.00 |
| AI | Conference with G. Barela regarding preparation for deposition | 450.00 | 1.00 | 450.00 |
| AI | Research case law regarding correction of investorship and misappropriation of trade secrets | 450.00 | 1.50 | 675.00 |
| **10/04/2016** | | | | |
| JNA | Correspondence with G. Barela, C. Kramer, and J. Balsz regarding upcoming depositions. | 280.00 | 1.00 | 280.00 |
| **10/05/2016** | | | | |
| JNA | Attend and assist in defending the deposition of Greg Barela | 280.00 | 8.00 | 2,240.00 |
| AI | Attend deposition of Greg Barela | 450.00 | 1.50 | 675.00 |
| **10/06/2016** | | | | |
| JNA | Correspondence with C. Kramer re: deposition; Correspondence with J. Balsz re: deposition | 280.00 | 2.00 | 560.00 |
| AI | Telephone conference with C. Kramer regarding deposition | 450.00 | 1.00 | 450.00 |
| AI | Telephone conference with J. Balsz regarding deposition | 450.00 | 1.00 | 450.00 |
| **10/07/2016** | | | | |
| JNA | Preparation for Kramer and Balsz depositions | 280.00 | 1.50 | 420.00 |
| AI | Conference with J. Arden regarding Kramer and Balsz depositions; add to deposition outline | 450.00 | 1.00 | 450.00 |
| **10/10/2016** | | | | |
| JNA | Preparation for the J. Balsz deposition; assist in defending the deposition of J. Balsz. | 280.00 | 6.50 | 1,820.00 |
| AI | Meeting with J. Balsz to prepare for deposition | 450.00 | 1.70 | 765.00 |
| AI | Defend deposition of J. Balsz | 450.00 | 5.50 | 2,475.00 |
| **10/11/2016** | | | | |
| JNA | Preparation for the C. Kramer deposition; assist in defending the deposition of C. Kramer | 280.00 | 6.50 | 1,820.00 |
| AI | Meet with Clint Kramer to prepare for deposition | 450.00 | 1.50 | 675.00 |
| AI | Defend deposition of Clint Kramer | 450.00 | 6.00 | 2,700.00 |
| **10/17/2016** | | | | |
| JNA | Research and analyze claim construction procedure and law. | 280.00 | 3.00 | 840.00 |
| **10/18/2016** | | | | |
| JNA | Research and analyze claim construction procedure and law. | 280.00 | 4.00 | 1,120.00 |

**Exhibit 3**

|  |  |  | Rate | Hours |  |
|---|---|---|---|---|---|
| 10/19/2016 | | | | | |
| | JNA | Research and analyze claim construction procedure and law. | 280.00 | 3.00 | 840.00 |
| 10/20/2016 | | | | | |
| | JNA | Research and analyze claim construction procedure and law. | 280.00 | 2.00 | 560.00 |
| 10/21/2016 | | | | | |
| | JNA | Research and analyze claim construction procedure and law. | 280.00 | 1.00 | 280.00 |
| 10/24/2016 | | | | | |
| | JNA | Research and analyze claim construction procedure and law. | 280.00 | 3.00 | 840.00 |
| 10/25/2016 | | | | | |
| | JNA | Research and analysis regarding claim construction procedure and law; Draft chart to be exchanged regarding proposed claims to be construed and proposed construction of those claims. | 280.00 | 7.00 | 1,960.00 |
| 10/26/2016 | | | | | |
| | JNA | Draft chart to be exchanged regarding proposed claims to be construed and proposed construction of those claims. | 280.00 | 3.00 | 840.00 |
| 10/28/2016 | | | | | |
| | JNA | Case strategy and analysis; Draft discovery requests. | 280.00 | 1.00 | 280.00 |
| 10/31/2016 | | | | | |
| | JNA | Case strategy and analysis | 280.00 | 1.00 | 280.00 |
| 11/02/2016 | | | | | |
| | JNA | Draft discovery requests | 280.00 | 1.00 | 280.00 |
| 11/07/2016 | | | | | |
| | JNA | Research and draft motion to modify Revised Case Management Order | 280.00 | 4.00 | 1,120.00 |
| 11/08/2016 | | | | | |
| | JNA | Research and draft motion to modify Revised Case Management Order | 280.00 | 2.00 | 560.00 |
| 11/09/2016 | | | | | |
| | JNA | Research and draft motion to modify Revised Case Management Order | 280.00 | 5.00 | 1,400.00 |
| 11/15/2016 | | | | | |
| | JNA | Draft correspondence to counsel regarding November 3 Order from the Arbitrator and privilege log | 280.00 | 0.50 | 140.00 |
| 11/30/2016 | | | | | |
| | JNA | Conference call with the Arbitrator re: Motion to Modify Revised Case Management Order; Review charts of proposed terms for claim construction and analysis regarding joint submission of proposed terms for construction | 280.00 | 3.50 | 980.00 |
| | AI | Conference with J. Arden regarding claims construction disputes | 450.00 | 0.50 | 225.00 |

**Exhibit 3**

**24**

| | | Rate | Hours | |
|---|---|---|---|---|
| **12/01/2016** | | | | |
| JNA | Conference call and correspondence with opposing counsel regarding joint submission for claim construction proceeding; Draft proposed joint chart regarding terms to be construed in claims construction briefing. | 280.00 | 4.00 | 1,120.00 |
| AI | Telephone conference with defense counsel regarding claims construction chart; prepare for same | 450.00 | 1.50 | 675.00 |
| AI | Review and edit draft of joint claims construction chart | 450.00 | 1.00 | 450.00 |
| AI | Edit email to defense counsel regarding joint claims construction chart | 450.00 | 0.40 | 180.00 |
| AI | Review deposition transcript of R. Runkles deposition | 450.00 | 2.50 | 1,125.00 |
| **12/02/2016** | | | | |
| JNA | Draft chart of proposed terms for claim construction and analysis regarding joint submission of proposed terms for construction; Document review and analysis regarding case strategy and discovery. | 280.00 | 5.00 | 1,400.00 |
| AI | Finalize joint claims construction chart and file with arbitrator; conference with J. Arden regarding same | 450.00 | 1.00 | 450.00 |
| AI | Conference with J. Arden regarding discovery and depositions | 450.00 | 0.50 | 225.00 |
| **12/05/2016** | | | | |
| JNA | Correspondence with proposed expert witness; Research and analysis regarding claims at issue and case strategy; Document review | 280.00 | 3.50 | 980.00 |
| AI | Telephone conference with potential damages experts; conference with J. arden regarding damages | 450.00 | 2.00 | 900.00 |
| **12/06/2016** | | | | |
| JNA | Research and analysis regarding claims at issue and case strategy; Document review | 280.00 | 4.00 | 1,120.00 |
| AI | Review and analyze protective order and email to B. Reed regarding same; conference with J. Arden regarding same | 450.00 | 1.30 | 585.00 |
| AI | Conference with J. Arden regarding strategy concerning use of non-retained expert | 450.00 | 0.50 | 225.00 |
| **12/07/2016** | | | | |
| JNA | Research and analysis regarding claims at issue and case strategy; Document review; Correspondence with expert witness | 280.00 | 5.50 | 1,540.00 |
| AI | Telephone conference with B. Reed regarding damages; prepare for same | 450.00 | 1.70 | 765.00 |
| AI | Review documents relating to damages and make notes regarding same; conference with J. Arden regarding same | 450.00 | 2.30 | 1,035.00 |
| AI | Revise proposed deposition schedule; conference with J. Arden regarding same | 450.00 | 0.80 | 360.00 |
| AI | Telephone conference with counsel for John Kemp regarding scheduling deposition; email correspondence regarding same | 450.00 | 0.20 | 90.00 |
| **12/08/2016** | | | | |
| AI | Research law regarding recoverability of damages for misappropriation of trade secrets | 450.00 | 1.80 | 810.00 |

**Exhibit 3**

|  |  | Rate | Hours |  |
|---|---|---|---|---|
| **12/09/2016** | | | | |
| JNA | Document review; Correspondence with expert witness regarding damages | 280.00 | 2.00 | 560.00 |
| AI | Telephone conference with B. Reed regarding expert report on damages and Brock 30(b)(6) witness regarding financial issues | 450.00 | 0.70 | 315.00 |
| AI | Email correspondence with counsel for Oldcastle regarding John Kemp deposition | 450.00 | 0.20 | 90.00 |
| AI | Review and analyze documents produced in the case relevant to damages | 450.00 | 3.00 | 1,350.00 |
| AI | Revise notice of deposition of Brock 30(b)(6) witness regarding finance issues | 450.00 | 0.20 | 90.00 |
| **12/12/2016** | | | | |
| JNA | Review draft expert report regarding damages; Travel to Chicago for deposition of 30(b)(6) witness; Research and analysis regarding damage analysis | 280.00 | 8.00 | 2,240.00 |
| AI | Prepare for deposition of Brock 30 (B)(6) witness regarding finance issues; telephone conference with B. Reed; travel to Chicago for deposition; review and analyze draft expert report | 450.00 | 10.50 | 4,725.00 |
| **12/13/2016** | | | | |
| JNA | Attend and assist with deposition of 30(b)(6) witness on damages; Travel from Chicago to Orange County | 280.00 | 14.00 | 3,920.00 |
| AI | Take deposition if Brock 30(b)(6) witness regarding finance issues; prepare for same; return travel to California | 450.00 | 14.00 | 6,300.00 |
| **12/14/2016** | | | | |
| JNA | Review draft expert report regarding damages; Research and analysis regarding damage analysis | 280.00 | 5.00 | 1,400.00 |
| AI | Review and analyze draft expert report of damages expert along with exhibits to same; revise draft report and exhibits; telephone conference with B. Reed regarding report | 450.00 | 10.00 | 4,500.00 |
| **12/15/2016** | | | | |
| AI | Conference with J. Arden regarding Duggan deposition | 450.00 | 0.30 | 135.00 |
| **12/19/2016** | | | | |
| JNA | Document review and outline in preparation for the deposition of James Duggan | 280.00 | 5.50 | 1,540.00 |
| **12/20/2016** | | | | |
| JNA | Document review and outline in preparation for the deposition of James Duggan | 280.00 | 4.00 | 1,120.00 |
| **12/21/2016** | | | | |
| AI | Prepare for deposition of James Deggan and travel to Chicago regarding same | 450.00 | 12.00 | 5,400.00 |
| **12/22/2016** | | | | |
| JNA | Draft correspondence to counsel regarding protective order. | 280.00 | 0.50 | 140.00 |
| AI | Take deposition of James Duggan and return travel to California | 450.00 | 12.00 | 5,400.00 |

**Exhibit 3**

**26**

|  |  | Rate | Hours |  |
|---|---|---|---|---|
| **01/06/2017** | | | | |
| AI | Telephone conference with Brock lawyers regarding Kemp and Jones depositions; conference with J. Arden regarding same | 450.00 | 0.50 | 225.00 |
| **01/11/2017** | | | | |
| JNA | Draft stipulation and proposed order to modify deposition schedule. | 280.00 | 1.00 | 280.00 |
| AI | Revise stipulation to modify order regarding deposition dates; conference with J. Arden regarding same | 450.00 | 0.50 | 225.00 |
| **01/13/2017** | | | | |
| JNA | Research state and federal law regarding the timing of rebuttal expert disclosures. | 280.00 | 1.50 | 420.00 |
| **01/16/2017** | | | | |
| JNA | Research and draft motion to exclude rebuttal expert reports | 280.00 | 3.00 | 840.00 |
| **01/17/2017** | | | | |
| JNA | Research and draft motion to exclude rebuttal expert reports | 280.00 | 5.00 | 1,400.00 |
| **01/18/2017** | | | | |
| JNA | Research and draft motion to exclude rebuttal expert reports | 280.00 | 3.00 | 840.00 |
| **01/20/2017** | | | | |
| JNA | Revise and finalize for filing motion to exclude rebuttal expert witnesses | 280.00 | 1.00 | 280.00 |
| **01/23/2017** | | | | |
| JNA | Research and analysis regarding claims construction briefing | 280.00 | 3.00 | 840.00 |
| **01/24/2017** | | | | |
| JNA | Research and analysis regarding claims construction briefing. | 280.00 | 2.50 | 700.00 |
| **01/25/2017** | | | | |
| JNA | Deposition preparation for R. Jones and J. Kemp, Review and analysis regarding claims construction briefing | 280.00 | 6.50 | 1,820.00 |
| **01/27/2017** | | | | |
| JNA | Conference call with G. Barela; Preparation for deposition of John Kemp and Rusk Jones | 280.00 | 3.50 | 980.00 |
| AI | Telephone conference with G. Barela regarding J. Kemp and R. Jones depositions | 450.00 | 1.00 | 450.00 |
| AI | Conference with J. Arden regarding prepare for J. Kemp and R. Jones depos | 450.00 | 0.80 | 360.00 |
| **01/30/2017** | | | | |
| JNA | Research and draft claim construction brief | 280.00 | 3.50 | 980.00 |
| AI | Travel to Chicago for deposition of J. Kemp and R. Jones and prepare for same | 450.00 | 7.00 | 3,150.00 |
| **01/31/2017** | | | | |
| JNA | Research and draft claim construction brief. | 280.00 | 9.00 | 2,520.00 |
| AI | Take deposition of J. Kemp and prepare for same | 450.00 | 6.50 | 2,925.00 |
| AI | Prepare for R. Jones deposition | 450.00 | 1.50 | 675.00 |

**Exhibit 3**

**27**

|  |  |  | Rate | Hours |  |
|---|---|---|---|---|---|
| **02/01/2017** |  |  |  |  |  |
|  | JNA | Research and draft claim construction brief | 280.00 | 5.00 | 1,400.00 |
|  | AI | Take Deposition of R. Jones | 450.00 | 3.00 | 1,350.00 |
|  | AI | Return Travel to CA from depositions | 450.00 | 6.00 | 2,700.00 |
| **02/02/2017** |  |  |  |  |  |
|  | JNA | Research and draft claim construction brief | 280.00 | 8.50 | 2,380.00 |
|  | AI | Conference with J. Arden regarding depositions and claim construction brief | 450.00 | 1.00 | 450.00 |
| **02/03/2017** |  |  |  |  |  |
|  | JNA | Research and draft claim construction brief | 280.00 | 7.00 | 1,960.00 |
| **02/05/2017** |  |  |  |  |  |
|  | JNA | Research and draft claim construction brief | 280.00 | 2.00 | 560.00 |
| **02/06/2017** |  |  |  |  |  |
|  | JNA | Research and draft claim construction brief | 280.00 | 8.00 | 2,240.00 |
| **02/07/2017** |  |  |  |  |  |
|  | JNA | Research and analysis regarding crime-fraud exception to attorney-client privilege and inadvertent disclosure as waiver of privilege. | 280.00 | 2.00 | 560.00 |
| **02/08/2017** |  |  |  |  |  |
|  | JNA | Research and draft claim construction brief. | 280.00 | 9.00 | 2,520.00 |
|  | AI | Review and analyze transcript of 30(b)(6) deposition of Brock regarding damages; prepare additional requests for production of documents and special interrogatories | 450.00 | 2.50 | 1,125.00 |
|  | AI | Conference with J. Arden regarding claims construction brief | 450.00 | 0.30 | 135.00 |
| **02/09/2017** |  |  |  |  |  |
|  | JNA | Research and draft claim construction brief. | 280.00 | 5.00 | 1,400.00 |
|  | AI | Conference with J. Arden regarding opposition to motions in limine and Daubert Motions | 450.00 | 0.40 | 180.00 |
| **02/10/2017** |  |  |  |  |  |
|  | JNA | Revise and prepare for filing Plaintiff's claim construction brief. | 280.00 | 1.50 | 420.00 |
|  | AI | Review and revise Plaintiff's claim construction brief and conference with J. Arden regarding same | 450.00 | 2.80 | 1,260.00 |
| **02/15/2017** |  |  |  |  |  |
|  | JNA | Research and draft reply brief in support of motion to exclude the rebuttal expert reports of Kunin and Jones. | 280.00 | 7.00 | 1,960.00 |
| **02/16/2017** |  |  |  |  |  |
|  | JNA | Research and draft reply brief in support of motion to exclude the rebuttal expert reports of Kunin and Jones. | 280.00 | 8.00 | 2,240.00 |
| **02/17/2017** |  |  |  |  |  |
|  | JNA | oResearch and draft reply brief in support of motion to exclude the rebuttal expert reports of Kunin and Jones. | 280.00 | 2.50 | 700.00 |
|  | AI | Review and revise reply in support of motion to | | | |

**Exhibit 3**
**28**

| | | Rate | Hours | |
|---|---|---|---|---|
| | defendants experts | 450.00 | 1.50 | 675.00 |
| **02/28/2017** | | | | |
| AI | Email to defense counsel regarding expert depositions | 450.00 | 0.20 | 90.00 |
| **03/03/2017** | | | | |
| JNA | Review discovery requests.  Research and analysis regarding responses to discovery requests | 280.00 | 0.80 | 224.00 |
| AI | Email to defense counsel regarding depositions of damages experts | 450.00 | 0.40 | 180.00 |
| AI | Telephone conference with B. Reed regarding deposition | 450.00 | 0.30 | 135.00 |
| **03/07/2017** | | | | |
| JNA | Preparation for deposition of Defendant's damages expert | 280.00 | 0.50 | 140.00 |
| AI | Review and analyze damage report for Brock's expert Frances McCloskey | 450.00 | 2.50 | 1,125.00 |
| AI | Prepare for deposition of G. McCloskey | 450.00 | 3.50 | 1,575.00 |
| AI | Telephone conference with B. Reed to prepare for deposition | 450.00 | 1.20 | 540.00 |
| **03/08/2017** | | | | |
| JNA | Research and analysis regarding trade secret damages; Review and analyze requests for admission and requests for production | 280.00 | 3.00 | 840.00 |
| AI | Take deposition of F. McCloskey (defense damage expert); prepare for same | 450.00 | 8.70 | 3,915.00 |
| **03/09/2017** | | | | |
| JNA | Research and draft responses to requests for admission and requests for production; Research and analysis law regarding trade secret damages | 280.00 | 5.00 | 1,400.00 |
| **03/10/2017** | | | | |
| JNA | Research and draft responses to requests for admission and requests for production; Research and analysis law regarding trade secret damages | 280.00 | 5.50 | 1,540.00 |
| **03/13/2017** | | | | |
| JNA | Research and draft responses to requests for admission and requests for production; Assist in preparation for the deposition of Brett Reed | 280.00 | 7.00 | 1,960.00 |
| AI | Meet with B. Reed to prepare for deposition; review B. Reed report to preapre for meeting | 450.00 | 4.50 | 2,025.00 |
| **03/14/2017** | | | | |
| JNA | Deposition of Brett Reed; Draft and revise responses to Requests for Production and Requests for Admission | 280.00 | 8.00 | 2,240.00 |
| AI | Defend deposition of B. Reed | 450.00 | 8.50 | 3,825.00 |
| **03/15/2017** | | | | |
| JNA | Prepare responses to Request for Admission | 280.00 | 1.00 | 280.00 |
| AI | Review draft of responses to request for admission | 450.00 | 0.30 | 135.00 |
| **04/26/2017** | | | | |
| AI | Telephone conference with B. Reed regarding deposition | | | |

**Exhibit 3**
**29**

|  |  | Rate | Hours |  |
|---|---|---|---|---|
|  | transcript corrections; email correspondence with B. Reed regarding same | 450.00 | 0.30 | 135.00 |
| **07/05/2017** |  |  |  |  |
| AI | Review and analyze Brock's motion for summary judgment and make notes regarding same; conference with J. Arden regarding same. | 450.00 | 2.50 | 1,125.00 |
| AI | Begin research for opposition for motion for summary judgment. | 450.00 | 2.00 | 900.00 |
| **07/06/2017** |  |  |  |  |
| AI | Review transcript of J. Duggan deposition and make notes regarding same for summary judgment opposition. | 450.00 | 3.60 | 1,620.00 |
| **07/07/2017** |  |  |  |  |
| JNA | Research and analysis regarding opposition to motion for summary judgment | 280.00 | 3.00 | 140.00 |
| AI | Continue reviewing transcript of J. Duggan deposition and make notes regarding same for summary judgment apposition. | 450.00 | 0.50 | 225.00 |
| **07/10/2017** |  |  |  |  |
| JNA | Research and analysis regarding opposition to motion for summary judgment. | 280.00 | 6.50 | 1,820.00 |
| **07/11/2017** |  |  |  |  |
| JNA | Research and analysis regarding opposition to motion for summary judgment. | 280.00 | 7.70 | 2,156.00 |
| **07/12/2017** |  |  |  |  |
| JNA | Research, analyze, and draft opposition to motion for summary judgment. | 280.00 | 9.00 | 2,520.00 |
| AI | Conference with J. Arden regarding opposition for motion for summary judgment. | 450.00 | 0.60 | 270.00 |
| **07/13/2017** |  |  |  |  |
| JNA | Research, analyze, and draft opposition to motion for summary judgment. | 280.00 | 9.00 | 2,520.00 |
| **07/14/2017** |  |  |  |  |
| JNA | Research, analyze, and draft opposition to motion for summary judgment. | 280.00 | 7.00 | 1,960.00 |
| **07/17/2017** |  |  |  |  |
| JNA | Research, analyze, and draft opposition to motion for summary judgment | 280.00 | 8.10 | 2,268.00 |
| AI | Review and analyze deposition transcript of D. Sawyer and make notes regarding same. | 450.00 | 2.50 | 1,125.00 |
| **07/18/2017** |  |  |  |  |
| JNA | Research, analyze, and draft opposition to motion for summary judgment | 280.00 | 9.50 | 2,660.00 |
| **07/19/2017** |  |  |  |  |
| JNA | Research, analyze, and draft opposition to motion for summary | | | |

**Exhibit 3**
**30**

Page: 11
08/23/2021
Account No:         BARELA-001
Statement No:                 1

|  |  | Rate | Hours |  |
|---|---|---:|---:|---:|
|  | judgment | 280.00 | 8.50 | 2,380.00 |
| TEG | research whether future profits are compensable through unjust enrichment | 350.00 | 1.20 | 420.00 |
| AI | Conferences with J. Arden regarding opposition to motion for summary judgment. | 450.00 | 0.80 | 360.00 |
| AI | Review transcript of R. Jones deposition; make notes regarding same. | 450.00 | 1.20 | 540.00 |
| **07/20/2017** | | | | |
| JNA | Research, analyze, and draft opposition to motion for summary judgment | 280.00 | 8.50 | 2,380.00 |
| TEG | research whether future profits are compensable through unjust enrichment | 350.00 | 4.30 | 1,505.00 |
| TEG | research whether future profits are compensable through unjust enrichment | 350.00 | 4.30 | 1,505.00 |
| AI | Continue reviewing transcript of R. Jones deposition and make notes regarding same. | 450.00 | 1.00 | 450.00 |
| **07/21/2017** | | | | |
| JNA | Research, analyze, and draft opposition to motion for summary judgment | 280.00 | 8.00 | 2,240.00 |
| TEG | research whether future profits are compensable through unjust enrichment | 350.00 | 4.70 | 1,645.00 |
| TEG | research whether future profits are compensable through unjust enrichment | 350.00 | 1.70 | 595.00 |
| TEG | work on evidentiary objections | 350.00 | 0.30 | 105.00 |
| AI | Conferences with J. Arden regarding summary judgment opposition. | 450.00 | 0.70 | 315.00 |
| **07/24/2017** | | | | |
| JNA | Research, analyze, and draft opposition to motion for summary judgment | 280.00 | 8.00 | 2,240.00 |
| TEG | look for evidentiary objections | 350.00 | 4.80 | 1,680.00 |
| TEG | look for evidentiary objections | 350.00 | 4.10 | 1,435.00 |
| **07/25/2017** | | | | |
| JNA | Research, analyze, and draft opposition to motion for summary judgment; Draft documents and affidavits in support of opposition to motion for summary judgment | 280.00 | 9.00 | 2,520.00 |
| TEG | look for evidentiary objections | 350.00 | 3.70 | 1,295.00 |
| TEG | look for evidentiary objections | 350.00 | 4.30 | 1,505.00 |
| TEG | look for Colorado case saying that if any fact in statement of undisputed facts is disputed, you win summary judgment | 350.00 | 0.50 | 175.00 |
| **07/26/2017** | | | | |
| JNA | Research, analyze, and draft opposition to motion for summary judgment; Draft documents and affidavits in support of opposition to motion for summary judgment | 280.00 | 8.00 | 2,240.00 |
| TEG | look for Colorado case saying that if any fact in statement of undisputed facts is disputed, you win summary judgment | 350.00 | 1.80 | 630.00 |
| **07/27/2017** | | | | |
| JNA | Research, analyze, and draft opposition to motion for summary judgment; Draft documents and affidavits | | | |

Exhibit 3
31

| | | | Rate | Hours | |
|---|---|---|---|---|---|
| | | opposition to motion for summary judgment | 280.00 | 9.00 | 2,520.00 |
| AI | | Review and revise opposition to motion for summary judgment; conference with J. Arden regarding same. | 450.00 | 3.00 | 1,350.00 |
| 07/28/2017 | | | | | |
| JNA | | Finalized documents and affidavit in support of opposition to motion for summary judgment for filing | 280.00 | 2.50 | 700.00 |
| 08/15/2017 | | | | | |
| JNA | | Review documents filed in reply to opposition to Brock's motion for summary judgment. | 280.00 | 1.50 | 420.00 |
| 09/27/2017 | | | | | |
| AI | | Review and analyze order on motion for summary judgment; conference with J. Arden regarding same. | 450.00 | 1.00 | 450.00 |
| 10/02/2017 | | | | | |
| AI | | E-mail to Judge Boland regarding pre-arbitration deadlines and requirements not spelled out in scheduling order | 450.00 | 0.70 | 315.00 |
| 10/04/2017 | | | | | |
| JNA | | Prepare deposition testimony designations for arbitration hearing on the merits. | 280.00 | 4.00 | 1,120.00 |
| 10/05/2017 | | | | | |
| JNA | | Prepare deposition testimony designations for arbitration hearing on the merits. | 280.00 | 6.50 | 1,820.00 |
| AI | | Review transcripts of depositions to designate testimony to be played at arbitration | 450.00 | 3.00 | 1,350.00 |
| AI | | E-mail to J. Culig regarding exhibit list and split of arbitration fees | 450.00 | 0.40 | 180.00 |
| 10/06/2017 | | | | | |
| JNA | | Prepare deposition testimony designations for arbitration hearing on the merits. | 280.00 | 4.00 | 1,120.00 |
| AI | | Continue reviewing transcripts of depositions to designate testimony to be played at arbitration | 450.00 | 9.00 | 4,050.00 |
| 10/09/2017 | | | | | |
| AI | | Finalize deposition designations | 450.00 | 1.50 | 675.00 |
| 10/13/2017 | | | | | |
| JNA | | Prepare counterdesignations of Kemp and Balsz depositions for arbitration hearing. | 280.00 | 1.20 | 336.00 |
| 10/16/2017 | | | | | |
| JNA | | Prepare counter designation of Kramer deposition for arbitration hearing. | 280.00 | 0.80 | 224.00 |
| 10/17/2017 | | | | | |
| AI | | E-mail to D. Sheikh regarding postponing pre-arbitration hearing deadlines | 450.00 | 0.20 | 90.00 |

**Exhibit 3**
**32**

|            |                                                                                                                      | Rate   | Hours |          |
|------------|----------------------------------------------------------------------------------------------------------------------|--------|-------|----------|
| 10/18/2017 |                                                                                                                      |        |       |          |
| AI         | Appear for telephone conference with Judge Boyd and defense counsel regarding setting new arbitration hearing date and pre-arbitration deadlines; prepare for same | 450.00 | 0.60  | 270.00   |
| 11/09/2017 |                                                                                                                      |        |       |          |
| JNA        | Review documents and filings in order to prepare mediation materials.                                                | 280.00 | 2.00  | 560.00   |
| 11/14/2017 |                                                                                                                      |        |       |          |
| JNA        | Review documents and filings in order to prepare mediation materials.                                                | 280.00 | 4.00  | 1,120.00 |
| 11/15/2017 |                                                                                                                      |        |       |          |
| JNA        | Research and draft mediation brief in preparation for December 15 mediation.                                          | 280.00 | 4.50  | 1,260.00 |
| 11/16/2017 |                                                                                                                      |        |       |          |
| JNA        | Research and draft mediation brief in preparation for December 15 mediation.                                          | 280.00 | 3.00  | 840.00   |
| 11/17/2017 |                                                                                                                      |        |       |          |
| JNA        | Review documents and filings in order to prepare mediation materials.                                                | 280.00 | 1.50  | 420.00   |
| 11/20/2017 |                                                                                                                      |        |       |          |
| JNA        | Research and draft mediation brief in preparation for December 15 mediation.                                          | 280.00 | 1.50  | 420.00   |
| 11/21/2017 |                                                                                                                      |        |       |          |
| JNA        | Research and draft mediation brief in preparation for December 15 mediation; Review documents and relevant law in preparation for hearing on the merits. | 280.00 | 3.50  | 980.00   |
| 11/28/2017 |                                                                                                                      |        |       |          |
| JNA        | Research and draft mediation brief in preparation for December 15 mediation; Review documents and relevant law in preparation for hearing on the merits. | 280.00 | 4.50  | 1,260.00 |
| 11/29/2017 |                                                                                                                      |        |       |          |
| JNA        | Research and draft mediation brief in preparation for December 15 mediation; Review documents and relevant law in preparation for hearing on the merits. | 280.00 | 4.00  | 1,120.00 |
| 11/30/2017 |                                                                                                                      |        |       |          |
| JNA        | Research and draft mediation brief in preparation for December 15 mediation; Review documents and relevant law in preparation for hearing on the merits. | 280.00 | 2.00  | 560.00   |
| 12/12/2017 |                                                                                                                      |        |       |          |
| JNA        | Review and analyze documents, deposition transcripts and case law relevant to issues pertaining to mediation and the merits of the action. | 280.00 | 3.00  | 840.00   |

**Exhibit 3**

|  |  |  | Rate | Hours |  |
|---|---|---|---|---|---|
| 12/13/2017 | | | | | |
| | JNA | Review and analyze documents, deposition transcripts and case law relevant to issues pertaining to mediation and the merits of the action. | 280.00 | 2.50 | 700.00 |
| 12/14/2017 | | | | | |
| | JNA | Prepare for mediation; Travel to Denver, CO to attend mediation | 280.00 | 6.50 | 1,820.00 |
| 12/15/2017 | | | | | |
| | JNA | Attend mediation; Return travel to Orange County, California. | 280.00 | 11.00 | 3,080.00 |
| 12/01/1017 | | | | | |
| | JNA | Research and draft mediation brief in preparation for December 15 mediation; Review documents and relevant law in preparation for hearing on the merits | 280.00 | 1.50 | 420.00 |
| | | For Current Services Rendered | | 785.30 | 256,978.00 |

Recapitulation

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| Ahmed Ibrahim | 205.60 | $450.00 | $92,520.00 |
| Thomas E. Gray | 40.60 | 350.00 | 14,210.00 |
| John A.N. Arden | 3.00 | 46.67 | 140.00 |
| John A.N. Arden | 536.10 | 280.00 | 150,108.00 |

Expenses

| | | |
|---|---|---|
| 08/18/2014 | Postage - FedEx 3661 | 9.49 |
| 07/17/2015 | Federal Express - 3237 | 15.97 |
| 08/26/2015 | FedEx 3619 | 15.82 |
| 03/05/2016 | Federal Express 2520 | 31.63 |
| 05/13/2016 | Federal Express 1584 | 17.52 |
| 06/20/2016 | Travel expense - M. Avenatti | 1,008.20 |
| 06/21/2016 | Travel expense - J. Arden | 876.20 |
| 06/21/2016 | Federal Express 9264 | 179.26 |
| 06/22/2016 | Travel expense - J. Arden | 641.91 |
| 09/21/2016 | Federal Express 0376 | 17.41 |
| 12/12/2016 | Travel expense - A. Ibrahim | 171.21 |
| 12/15/2016 | Travel expense - Meals AI | 144.74 |
| 12/16/2016 | Travel expense - J. Arden | 257.47 |
| 12/22/2016 | Travel expense - A. Ibrahim | 224.63 |
| 01/30/2017 | Federal Express 9250 | 203.08 |
| 01/30/2017 | Travel expense - A. Ibrahim | 399.50 |
| 04/01/2017 | Travel expense - A. Ibrahim | 178.04 |
| 07/28/2017 | Federal Express 4326/4618 | 127.60 |
| 10/05/2017 | Travel expense - A. Ibrahim | 160.08 |
| 12/08/2017 | Federal Express 3776 | 131.70 |
| 12/15/2017 | Travel expense - M. Avenatti and J. Arden | 1,891.00 |
| 12/15/2017 | Westlaw Online Research | 3,780.00 |
| | Total Expenses | 10,482.46 |

**Exhibit 3**

**34**

Advances

| | | |
|---|---|---:|
| 10/24/2014 | FedEx 0858 | 17.00 |
| 10/24/2014 | FedEx 2767 | 16.26 |
| 12/21/2014 | Outside professional fee - KNJ - 7134 | 312.08 |
| 05/19/2015 | Filing fee - Complaint | 400.00 |
| 05/21/2015 | Nationwide Legal - 2071/2713 - Service of Process | 207.11 |
| 07/20/2015 | Nationwide Legal - 3735 Opposition | 5.10 |
| 03/22/2016 | Outside professional fee - Judicial Arbiter Group, Inc. | 1,125.00 |
| 04/04/2016 | Filing fee - File & ServeXpress | 28.50 |
| 04/14/2016 | Outside professional fee  - Judicial Arbiter Group | 20,000.00 |
| 05/02/2016 | Arbiter Fees for Filing | 28.50 |
| 05/11/2016 | Outside professional fee - Judicial Arbiter Group | 3,712.50 |
| 06/01/2016 | Filing fee - File & Serve | 13.50 |
| 06/23/2016 | Transcription fees - Deposition of Runkles | 1,625.90 |
| 06/23/2016 | Video Fees - Deposition of Runkles | 1,027.25 |
| 06/24/2016 | Transcription fees - Deposition of Sawyer | 1,264.70 |
| 06/24/2016 | Video Fees - Deposition of Sawyer | 788.75 |
| 07/01/2016 | Filing fee - File & ServeXpress | 21.00 |
| 08/01/2016 | Filing fees - File & ServeXpress | 21.00 |
| 08/17/2016 | Outside professional fee - KNJ 0658 | 691.49 |
| 09/01/2016 | File & ServeXpress | 21.00 |
| 09/15/2016 | Outside professional fee - Judicial Arbiter Group, Inc. | 1,856.25 |
| 10/03/2016 | Filing Fees - File & ServeXpress | 21.00 |
| 10/25/2016 | Transcription fees - Balsz | 799.90 |
| 10/26/2016 | Transcription fees - Kramer | 691.00 |
| 10/31/2016 | Transcription fees - Barala Vol 1 & 2 | 1,214.00 |
| 12/01/2016 | Filing fee - File & Servexpress | 13.50 |
| 12/11/2016 | Outside professional fee - KNJ 0927 | 114.98 |
| 12/13/2016 | Transcription fees - PMK Runkles | 2,194.60 |
| 12/13/2016 | Video Fees - PMK Runkles | 805.00 |
| 12/22/2016 | Filing fee - file & ServeXpress | 6.00 |
| 01/03/2017 | Video fees - Duggan | 875.00 |
| 01/03/2017 | Transcription fees - Duggan | 2,066.10 |
| 01/05/2017 | Filing fee - File & ServeXpress | 21.00 |
| 01/14/2017 | Outside professional fee - KNJ 1023 | 82.13 |
| 01/31/2017 | Transcription fees - John Kemp | 3,053.00 |
| 01/31/2017 | Video fees - John Kemp | 965.00 |
| 02/01/2017 | Video fees - Rusk Jones | 620.00 |
| 02/01/2017 | Transcription fees - Rusk Jones | 1,417.55 |
| 02/28/2017 | Outside professional fee - KNJ 1205 | 147.83 |
| 03/01/2017 | Filing fee - File & ServeXpress | 28.50 |
| 03/08/2017 | Transcription fees - F. McCloskey | 4,225.45 |
| 03/08/2017 | Video Fees M. McCloskey | 1,425.00 |
| 03/14/2017 | Transcription fees - Brett Reed | 1,231.10 |
| 04/20/2017 | Outside professional fee - Competition Economics | 11,975.88 |
| 04/20/2017 | Outside professional fee - Competition Economics | 3,920.00 |
| 04/20/2017 | Filing fee - File&ServeXpress | 67.50 |
| 05/04/2017 | Outside professional fee - Judicial Arbiter Group | 12,000.00 |
| 05/24/2017 | Outside professional fee - Competition Economics | 3,752.00 |
| 06/07/2017 | Outside professional fee - Judicial Arbiter Group | 1,137.50 |
| 09/27/2017 | Outside professional fee - Judicial Arbiter Group | 5,793.75 |
| 10/02/2017 | Filing fee - File&ServeXpress | 10.00 |
| 10/12/2017 | Outside professional fee - JAMS Mediation | 4,707.50 |
| 12/22/2017 | Transcription fees - Duggan | 2,066.10 |

**Exhibit 3**

35

| | | | |
|---|---|---|---|
| Total Advances | | | 100,630.76 |
| Total | | | 368,091.22 |
| Balance Due | | | $368,091.22 |

### Billing History

| Fees | Hours | Expenses | Advances | Finance Charge | Payments |
|---|---|---|---|---|---|
| 256,978.00 | 785.30 | 10,482.46 | 100,630.76 | 0.00 | 0.00 |

**Exhibit 3**

**36**

Draft Statement Run Totals 08/23/2021

| | |
|---|---|
| Statements Printed: | 1 |
| Hours: | 785.30 |
| Fees: | 256,978.00 |
| Expenses: | 10,482.46 |
| Advances: | 100,630.76 |

**Exhibit 3**
**37**

# EXHIBIT 4

| Primary Tmkpr: | Michael J. Avenatti | Return To: | | ☐ On Hold - Do not Bill |
|---|---|---|---|---|
| Reviewed By: | | Review Date: | | ☐ Reprint with Edits |
| Notes: | | | | ☐ Released to Bill |

Barela

Statement Date: August 23, 2021
Statement No. 1
Account No. BARELA
Page: 1

RE: CARTHEY v. PIRCH

Interim Statement

### Fees

| Date | | Description | Rate | Hours | |
|---|---|---|---|---|---|
| 09/10/2018 | JNA | Research and draft answer to cross-complaint. | 280.00 | 1.00 | 280.00 |
| 10/19/2018 | AI | Appear by court-call for case management conference | 450.00 | 1.00 | 450.00 |
| 10/29/2018 | AI | Telephone conference with S. Gaffney regarding case background and settlement | 450.00 | 0.30 | 135.00 |
| | | For Current Services Rendered | | 2.30 | 865.00 |

### Recapitulation

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| Ahmed Ibrahim | 1.30 | $450.00 | $585.00 |
| John A.N. Arden | 1.00 | 280.00 | 280.00 |

### Expenses

| | | |
|---|---|---|
| 07/24/2018 | Records Expense - Pleadings SDSC | 79.34 |
| | Total Expenses | 79.34 |
| | Total | 944.34 |
| | Balance Due | $944.34 |

### Billing History

| Fees | Hours | Expenses | Advances | Finance Charge | Payments |
|---|---|---|---|---|---|
| 865.00 | 2.30 | 79.34 | 0.00 | 0.00 | 0.00 |

**Exhibit 4**

Draft Statement Run Totals 08/23/2021

Statements Printed:            1
Hours:                      2.30
Fees:                     865.00
Expenses:                  79.34

**Exhibit 4**
**39**

# EXHIBIT 5

| | |
|---|---|
| **From:** | emma hernandez <workingwitheh@gmail.com> |
| **Sent:** | Tuesday, September 7, 2021 11:27 AM |
| **To:** | Fitzgerald, Patrick (USACAC) |
| **Cc:** | Sagel, Brett (USACAC); Wyman, Alex (USACAC); Dean Steward |
| **Subject:** | Re: Avenatti Filter -- Status of Processing EA Files for Further Forensic Search |

From Mr. Steward and Mr. Avenatti

Patrick:  Thank you for the update; disappointing to say the least. As Michael mentioned last week, this process could go much quicker if the DOJ forensic images that Mr. Varani is working with could simply be provided to SA Tashchyan so he could complete the searches and promptly provide the missing data.  Please provide a further update no later than Friday.

On a related topic, we again demand that information from the servers required to be produced pursuant Rule 16, Brady, Giglio, Bundy, Price and/or the Court's January 2021 Order, be produced to the defense immediately. And by "ALL," we mean ALL. The fact that you are still not able to assure us that all such material has previously been produced, as you acknowledged on the call, is a rather shocking admission seeing as we nearly completed a trial and contrary representations have been repeatedly made by the AUSAs to the Court for over two years.  Further, it is clear to us based on our further review of the discovery over the last three weeks that all such information has not been produced, serious deficiencies exist, and, to put it bluntly, the repeated mantra "the government is aware of its discovery obligations and has fully complied with them" has been, at best, a smokescreen.

On Tue, Sep 7, 2021 at 10:32 AM Fitzgerald, Patrick (USACAC) <Patrick.Fitzgerald@usdoj.gov> wrote:

All:  I spoke to SA Tashchyan this morning.  The machine still is processing the files in the larger server and he does not have an estimate when that processing will be complete.  He will process the last two small servers when the large one is finished and then will run the requested searches.

**Patrick R. Fitzgerald**

**Senior Trial Attorney**

**United States Attorney's Office**

**Central District of California**

United States Courthouse | 312 N. Spring St. | Suite 1000 | Los Angeles, CA 90012

T: (213) 894-4591 |F: (213) 894-2535| email:  Patrick.Fitzgerald@usdoj.gov

--

Emma Hernandez, Paralegal
(626) 622-9371
workingwithEH@gmail.com