1  Michael John Avenatti (Pro Se)

2  H. Dean Steward, SBN 85317
3  17 Corporate Plaza, Suite 254
   Newport Beach, California 92660
4  Tel (949) 481-4900
   Fax (949) 706-9994
5  Email: DeanSteward7777@gmail.com

6  Advisory Counsel for Defendant
   MICHAEL JOHN AVENATTI

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S EX PARTE APPLICATION FOR AN ORDER SETTING A BRIEFING SCHEDULE ON GOVERNMENT'S MOTION FOR AN ORDER THAT DEFENDANT IDENTIFY ANY FURTHER MATERIAL ON THE EAGAN AVENATTI SERVERS REQUESTED BY THE DEFENSE BY OCTOBER 12, 2021 |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his advisory counsel of record, H. Dean Steward, hereby files his Opposition to the Government's Ex Parte Application for an Order Setting a Briefing Schedule on Government's Motion for an Order that Defendant Identify Any Further Material on the Eagan Avenatti Servers Requested by the Defense by October 12, 2021.

Dated: September 13, 2021                 Respectfully submitted,

                                          /s/ Michael J. Avenatti
                                          ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
                                          Defendant
                                          MICHAEL JOHN AVENATTI

On September 13, 2021, at 1:30 p.m., the government filed its *Ex Parte* Application for an Order Setting Briefing Schedule on Government's Motion for an Order that Defendant Identify Any Further Material on the Eagan Avenatti Servers Requested by the Defense by October 12, 2021. [Dkt. 810]. The underlying motion, with exhibits, totals 76 pages. Defendant first learned of the government's intention to file the motion last Friday (September 10) at 11:42 a.m. At that time, the government informed the defendant that it would be filing a motion on Monday, September 13, 2021, seeking "(1) an order requiring the defendant to identify what further materials, if any, he believes he is entitled to on the EA LLP servers; or, alternatively (2) an order permitting the government to provide a forensic copy of the servers to the defendant."

In response, on September 10, 2021, less than an hour after AUSA Wyman's e-mail was sent, the defendant proposed a compromise in order to avoid burdening the parties and the Court. He alerted AUSA Wyman, "we will stipulate to an order providing us forensic copies of the servers under the same terms that were agreed to with Mr. Fitzgerald three weeks ago (which you opposed at the time). If this is acceptable, please provide a proposed stipulation and order as soon as possible."

Later on September 10, 2021, AUSA Wyman alerted the defendant, "We will not agree to a stipulation to provide you with a forensic copy of the servers. We have provided you with notice of the motion we intended to file. If you have a position you would like us to include – either on the relief we are seeking or on the briefing schedule and our motion; you will be free to file an opposition to our filings."

In response, on September 10, 2021, the defendant inquired, through a defense paralegal, as to what the prosecution meant in connection with its statement regarding the briefing schedule, "Are you filing a motion with a separate ex parte re the briefing schedule? Or are you moving for relief ex parte?" The defendant then requested that if an ex parte was to be filed, that the government include his position in their application as follows:

"Defendant will supplement his position in a filing but generally opposes any effort by the government to shorten time and have their motion for relief heard in connection with defendant's motion to dismiss, which has been set for October 4 for weeks. On multiple occasions over the last two years, including over the last two weeks, defendant has provided the government with lists of documents and information that are required to be produced pursuant to Rule 16, Brady, Giglio, Price, Bundy, and/or the Court's January 2021 Order and yet have not been produced. Defendant has done so even though, as the Court acknowledged on August 24, "It's the obligation of the government to produce Brady, Giglio, et cetera. He is entitled to sit back and wait for you to serve it up on a platter. Agreed?" Defendant has also suggested that the government stipulate to produce the forensic copies of the servers to the defendant pursuant to the protective order so as to help avoid any Brady issues during any re-trial. In response to these requests and suggestions, the government has failed to produce any additional information and has refused to stipulate to produce the servers. Accordingly, there is no urgency requiring an expedited briefing schedule."

Earlier today at 9:41 a.m., AUSA Wyman contacted the defense and stated, "We will be filing our motion and an ex parte application to set the briefing schedule we proposed. We will note that you oppose briefing schedule and our motion; you will be free to file an opposition to our filings." Once again, Mr. Avenatti and his advisory counsel asked AUSA Wyman to include the defendant's position in the application and provided it. At 1:25 p.m., AUSA Wyman responded, "We will simply indicate that the defense opposes the application, which is what is required under the Local Rules. We will be filing shortly."[1]

---

[1] Local Rule 7-19.1 states in part that the party making the *ex parte* application shall "advise the Court in writing and under oath efforts to contact other counsel and whether any other counsel, after such advice, opposes the application." AUSA Wyman's act of summarizing a thread of correspondence, over the period of several days, and the defendant's substantive position into a single sentencing stating "On September 10, 2021, I contacted the defense by email. Defendant and his advisory counsel, through a

2

At 1:31 p.m., prior to being notified of the filing, the defense responded, "This is not consistent with your requirements nor is it consistent with the Court's recent directives relating to your obligations to cooperate, coordinate and consult. Once again, we ask that you include our position. If you fail to do so, we will bring your failure to the attention of the Court and ask that the Court address it." The defense position unfortunately was not included in the application.

The application should be denied for the following reasons:

<u>First</u>, the government has failed to comply with the Local Rule 7-19 and 7-19.1 by refusing to include the defendant's position in its application. *See, e.g., Capital Records, LLC v. Bluebeat Inc.,* 2009 U.S. LEXIS 139159, at *11 (C.D. Cal. 2009)("Applications that fail to conform with Local Rules 7-19 and 7-19.1, including a statement of opposing counsel's position, <u>will not be considered</u>."(emphasis added)); *Bouyer v. 501-541 Glenoaks LLC,* 2021 U.S. Dist. LEXIS 145392, at *22 (C.D. Cal. 2021)("Ex parte applications that fail to conform with Local Rule 7-19 and 7-19.1, including a statement of opposing counsel's position, will not be heard except upon a specific showing of good cause."). Despite the defendant's <u>repeated requests</u> for the government to include the defense position its application, the government failed to do so and, therefore, the application should not be heard.

<u>Second</u>, in its application, the government provides no legitimate basis for expediting the briefing schedule on the motion. The government states that it requests an expedited hearing on this matter "[f]or efficiency, and to ensure resolution of the government's motion sufficiently in advance of the November 2, 2021, trial date…" [Dkt. 810, p. 3]. The government claims that the "application is not made for purposes of delay or tactical advantage, but for efficiency given that the Court has already scheduled a hearing for October 4, 2021." [Dkt. 810, p. 4]. These conclusory statements are insufficient for the Court to order an expedited briefing schedule in this matter.

---

paralegal, informed me that defendant opposes the relief sought herein" does not fulfill his obligations under this local rule. *See, e.g.* Dkt. 810, p. 4

Contrary to the government's assertions, the prosecution is attempting to link the hearing on the instant motion with the October 4, 2021 hearing on the defendant's forthcoming motion to dismiss on double jeopardy grounds for tactical reasons. The government seeks to have both matters heard at the same time to convolute the issues, counter-weight defendant's motion, and improperly shift the burden of the prosecution's discovery obligations on to the defendant. The prosecution's Motion for an Order that Defendant Identify Any Further Material on the Eagan Avenatti Servers Requested by the Defense by October 12, 2021 seeks only *prospective relief* in connection with its discovery obligations *moving forward*. By contrast, the motion to dismiss currently scheduled to be heard on October 4, 2021, <u>for which the briefing schedule was set weeks ago</u>, deals entirely with the Court's prior ruling that a mistrial was appropriate and whether Mr. Avenatti can be re-tried. Because these matters are entirely separate, expediting the briefing schedule on the government's motion and hearing the motions together serves no practical or logistical purpose. Instead, the prosecution's request is solely for the purpose of gaining a tactical advantage.

<u>Third</u>, the defendant is in the process of preparing his motion to dismiss, which is due to be filed this Friday. Requiring him to read the 76 page submission, research the issues, and draft his response over these same days is unduly prejudicial and onerous.

For each of these reasons, the government's *ex parte* application should be denied.

Dated: September 13, 2021    Respectfully submitted,

/s/ Michael J. Avenatti

Defendant
MICHAEL JOHN AVENATTI

4

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California. I am not a party to the above-entitled action. I have caused, on September 13, 2021 service of the:

DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S EX PARTE APPLICATION FOR AN ORDER SETTING A BRIEFING SCHEDULE ON GOVERNMENT'S MOTION FOR AN ORDER THAT DEFENDANT IDENTIFY ANY FURTHER MATERIAL ON THE EAGAN AVENATTI SERVERS REQUESTED BY THE DEFENSE BY OCTOBER 12, 2021

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 13, 2021

/s/ H. Dean Steward
H. Dean Steward