TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     Email:     Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:     Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 19-061-JVS |
|---|---|
| Plaintiff, | [PROPOSED] ORDER GRANTING GOVERNMENT'S MOTION FOR AN ORDER THAT DEFENDANT IDENTIFY ANY FURTHER MATERIAL ON THE EAGAN AVENATTI SERVERS REQUESTED BY THE DEFENSE BY OCTOBER 12, 2021 |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

The Court has read and considered the government's Motion for an Order that Defendant Identify any Further Material on the Eagan Avenatti Servers Requested by the Defense by October 12, 2021.  For the reasons set forth below, the government's motion is GRANTED.

The government has discovery obligations pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.  The government's

Brady obligations require the government "to make available to the defendant all 'evidence favorable to the accused upon request where the evidence is material either to guilt or punishment.'" United States v. Bailleaux, 685 F.2d 1105, 1113 (9th Cir. 1982) (quoting Brady, 373 U.S. at 87). However, "where the defendant is aware of the essential facts enabling him to take advantage of any exculpatory evidence, the Government does not commit a Brady violation by not bringing the evidence to the attention of the defense." Raley v. Ylst, 470 F.3d 792, 804 (9th Cir. 2006); see also United States v. Aichele, 941 F.2d 761, 764 (9th Cir. 1991) ("When, as here, a defendant has enough information to be able to ascertain the supposed Brady material on his own, there is no suppression by the government.").

During the first trial in this matter, defendant raised, and the Court sustained, an objection under Brady based on data not in the prosecution team's possession, custody, or control that was located on the Eagan Avenatti LLP ("EA LLP") servers seized by the Internal Revenue Service-Criminal Investigation ("IRS-CI"). The IRS-CI retains a forensic copy of the EA LLP servers, but the prosecution team no longer has access to the contents of the servers since the warrants have expired. "The government has no obligation to produce information which it does not possess or of which it is unaware." Sanchez v. United States, 50 F.3d 1448, 1453 (9th Cir. 1995).

Accordingly, to ensure that defendant obtains the evidence to which he believes he is entitled, and to ensure that the government is able to comply with its discovery obligations, IT IS HEREBY ORDERED that defendant shall identify for the government, in writing

by October 12, 2021, any materials on the servers that defendant believes should be produced to him, and the grounds for such requests. Defendant shall identify such materials with sufficient specificity to allow the government to determine what materials on the EA LLP servers are responsive to defendant's requests and to efficiently locate such materials. It is not sufficient for defendant to request broad descriptive categories such as "financial records" that he claims are located on the servers. Rather, defendant must specify with particularity what files, databases, or other documents he requests from the servers and does not already have. Absent this required specificity, defendant will be deemed to have waived any further requests for materials within the EA LLP servers, as well as any claims that he was entitled to additional materials from the servers. Within seven days of defendant making requests consistent with this Order, the government shall file a status report informing the Court of the nature of the requests and the steps taken by the government to respond to the requests.

IT IS SO ORDERED.

DATE

HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

Presented by:

     /s/
BRETT A. SAGEL
ALEXANDER C.K. WYMAN
Assistant United States Attorneys

3