TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     Email:     Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:     Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
| Plaintiff, | GOVERNMENT'S EX PARTE APPLICATION FOR PERMISSION TO FILE AN OVERSIZE BRIEF |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby files its ex parte application for permission to file an oversize brief in connection with the

government's opposition to defendant MICHAEL JOHN AVENATTI's ("defendant's") motion to dismiss (CR 822).

Defendant's motion seeks to dismiss charges based on allegations that the government has committed misconduct and violated defendant's constitutional rights, as well as that a retrial would subject defendant to double jeopardy. Defendant's initial motion was forty-four pages with a lengthy declaration and more than 500 pages of exhibits. (CR 818.) Defendant filed an ex parte application to file the forty-four page brief, in excess of this Court's 25-page limit, because of, in part, the "lengthy factual history and complex legal arguments in the memorandum." (CR 819.) The Court granted, in part, defendant's request to file an oversize-brief, but limited defendant's brief to 30 pages. (CR 820.) Defendant then filed his thirty-page amended brief by transposing approximately fourteen pages from his initial motion to a lengthy and argumentative declaration. (CR 822, 822-1.)

To adequately respond to defendant's misconduct claims and his misleading and inaccurate factual background, the government's opposition describes over two years of factual and procedural history relating to the discovery and pleadings in connection with the prosecution of this case, and addresses the various legal issues defendant raised.

The government has endeavored to streamline the memorandum of points and authorities in support of its opposition. These efforts, however, were challenging due to the lengthy factual and legal issues which must be addressed in response to defendant's claims. Thus, despite the government's best efforts, the memorandum of points and authorities in support of the government's opposition currently

2

exceeds the 25-page limit and is 30 pages long -- the same length as defendant's amended brief. The government believes that the facts and legal analysis set forth in the government's opposition are necessary to provide the Court with the factual information and legal arguments necessary for the Court to thoroughly evaluate defendant's claims.

To the extent the Court denies the government's ex parte application, the government requests that it be provided a reasonable amount of time to submit a revised brief that complies with 25-page limit or any other page-limitation the Court believes would be appropriate under these specific circumstances.

On September 17, 2021, defendant, in his ex parte application to file a forty-four page motion, stated he "has no objection to the government being granted a similar page limit for their opposition." (CR 819.) Defendant claimed his "detailed Factual Background in [his] opening brief should eliminate the need for the government to repeat the facts." The government has not repeated facts, however, defendant's misleading and incomplete facts submitted in his brief requires the government to include additional factual context.

This ex parte application is based upon the attached declaration of Assistant United States Attorney Brett A. Sagel, the files and records in this case, and such further evidence and argument as the Court may permit.

```
Dated: September 24, 2021      Respectfully submitted,

                               TRACY L. WILKISON
                               Acting United States Attorney

                               SCOTT M. GARRINGER
                               Assistant United States Attorney
                               Chief, Criminal Division


                                      /s/
                               BRETT A. SAGEL
                               ALEXANDER C.K. WYMAN
                               Assistant United States Attorneys

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA
```

**DECLARATION OF BRETT A. SAGEL**

I, Brett A. Sagel, declare and state as follows:

1. I am an Assistant United States Attorney ("AUSA") in the United States Attorney's Office for the Central District of California ("USAO"). I, together with AUSA Alexander C.K. Wyman, am assigned to represent the government in the prosecution of defendant MICHAEL JOHN AVENATTI ("defendant") in <u>United States v. Michael John Avenatti</u>, SA CR 19-61-JVS.

2. I submit this declaration in support of the government's <u>ex parte</u> application for permission to file an oversize brief in connection with the government's opposition to defendant MICHAEL JOHN AVENATTI's ("defendant's") motion to dismiss (CR 822).

3. Defendant's motion seeks to dismiss charges based on allegations that the government has committed misconduct and violated defendant's constitutional rights, as well as that a retrial would subject defendant to double jeopardy. Defendant's initial motion was forty-four pages with a lengthy declaration and more than 500 pages of exhibits. (CR 818.) Defendant filed an <u>ex parte</u> application to file the forty-four page brief, in excess of this Court's 25-page limit, because of, in part, the "lengthy factual history and complex legal arguments in the memorandum." (CR 819.) The Court granted, in part, defendant's request to file an oversize-brief, but limited defendant's brief to 30 pages. (CR 820.) Defendant then filed his thirty-page amended brief by transposing approximately fourteen pages from his initial motion to a lengthy and argumentative declaration. (CR 822, 822-1.)

4. To adequately respond to defendant's misconduct claims and his misleading and inaccurate factual background, the government's

5

opposition describes over two years of factual and procedural history relating to the discovery and pleadings in connection with the prosecution of this case, and addresses the various legal issues defendant raised.

5. The government has endeavored to streamline the memorandum of points and authorities in support of its opposition. These efforts, however, were challenging due to the lengthy factual and legal issues which must be addressed in response to defendant's claims. Thus, despite the government's best efforts, the memorandum of points and authorities in support of the government's opposition currently exceeds the 25-page limit and is 30 pages long -- the same length as defendant's amended brief. The government believes that the facts and legal analysis set forth in the government's opposition are necessary to provide the Court with the factual information and legal arguments necessary for the Court to thoroughly evaluate defendant's claims.

6. I believe that the statements of facts and legal analysis set forth in the government's opposition are necessary to provide the Court with the factual information and legal arguments necessary for the Court to thoroughly evaluate defendant's claims.

7. To the extent the Court denies the government's <u>ex parte</u> application, the government requests that it be provided a reasonable amount of time to submit a revised brief that complies with 25-page limit or any other page-limitation the Court believes would be appropriate under these circumstances.

8. On September 17, 2021, defendant, in his <u>ex parte</u> application to file a forty-four page motion, stated he "has no objection to the government being granted a similar page limit for

their opposition." (CR 819.)  Defendant claimed his "detailed Factual Background in [his] opening brief should eliminate the need for the government to repeat the facts."  The government has not repeated facts, however, defendant's misleading and incomplete facts submitted in his brief requires the government to include additional factual context.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Santa Ana, California, on September 24, 2021.

/s/
BRETT A. SAGEL