TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     Email:    Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 19-061-JVS |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT RELATED TO THE FIRST TRIAL, THE MISTRIAL, AND THE REASONS FOR THE MISTRIAL PURSUANT TO FEDERAL RULES OF EVIDENCE 401, 402, AND 403 |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | Hearing Date: October 27, 2021<br>Hearing Time: 8:30 AM<br>Location:    Courtroom of the<br>             Hon. James V. Selna |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby files its motion in limine to

exclude evidence and argument related to the first trial, the mistrial, and the reasons for the mistrial pursuant to Federal Rules of Evidence 401, 402, and 403.

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

On September 28, 2021, government counsel contacted the defense to determine if they would stipulate to the relief sought herein. Defendant stated that he opposes the motion "as worded," although he did not propose any alternative language.

Dated: September 29, 2021    Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


       /s/
BRETT A. SAGEL
ALEXANDER C.K. WYMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

The parties originally proceeded to trial on counts one through ten of the Indictment concerning defendant's embezzlement of his clients' funds beginning on July 13, 2021. After weeks of testimony, defendant for the first time complained that he was missing "Tabs" client accounting data from the Eagan Avenatti LLP servers that he argued was relevant to his defense. On August 24, 2021, which was the 26th day of trial, the Court declared a mistrial on the basis that defendant was entitled to the Tabs data under Brady and its progeny. The Court has scheduled the retrial for November 2, 2021.

During the retrial, either defendant or government counsel may seek to impeach witnesses based on their under oath testimony from the first trial. In doing so, it will be relevant to establish that the prior testimony was (1) related to the allegations at issue and (2) under oath. Neither the fact that the prior proceeding was a trial, the fact that it ended in a mistrial, nor the reason for the mistrial is relevant for any permissible purpose at the retrial. Moreover, allowing defendant to reference the mistrial or the reasons for the mistrial carries a substantial risk of defendant misleading and confusing the jury to the significant prejudice of the government. Accordingly, neither party should be permitted to refer to the first trial in this matter, the fact that it resulted in a mistrial, or the reason for the mistrial.

**II. ARGUMENT**

Evidence is relevant only if it tends "to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401; see also Fed. R. Evid. 402 (excluding irrelevant evidence). And

even if evidence is marginally relevant, it can be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  The proponent of evidence bears the burden of establishing admissibility.  See Dowling v. United States, 493 U.S. 342, 351 n.3 (1990); United States v. Chang, 207 F.3d 1169, 1176 (9th Cir. 2000); United States v. Conners, 825 F.2d 1384, 1390 (9th Cir. 1987).  A district court has "wide discretion" to exclude irrelevant evidence.  United States v. Alvarez, 358 F.3d 1194, 1205 (9th Cir. 2004); see also Borunda v. Richmond, 885 F.2d 1384, 1388 (9th Cir. 1988) (holding that a district court's discretion under Rule 403 is "very broad," and, "absent abuse . . . will not be disturbed on appeal" (internal quotation omitted)).

Although a criminal defendant is entitled to "a meaningful opportunity to present a complete defense," "well-established rules of evidence" such as Rules 401 and 403 allow trial judges to exclude irrelevant evidence or "to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." Holmes v. South Carolina, 547 U.S. 319, 324 (2006).  Such relevance rules are "familiar and unquestionably constitutional." Id. at 327 (quoting Montana v. Egelhoff, 518 U.S. 37, 42 (1996)).

Neither the fact that there was a first trial, the fact of a mistrial, nor the reason for the mistrial is relevant to the charges. They do not prove or negate any element of the charge of wire fraud, nor do they have any bearing on any permissible defense at trial.  At best, defendant may elicit from a government agent the date on which

the government obtained the additional Tabs data beyond the printouts provided in emails to defendant (Trial Exhibits 48, 174) -- that is, August 23, 2021 -- to pursue his defense that the government's investigation was sloppy, but that does not make the Court's orders involving the Tabs data relevant. Nor is such testimony particularly relevant given that, as the government has described elsewhere (see CR 809 at 6-13, 17-18), the Tabs data does not actually undermine any of the government's evidence or financial analysis.

Courts facing similar circumstances have routinely granted the relief sought by the government here and prohibited parties from referencing the prior trial. In United States v. Fabricant, No. CR 03-1257(A)-RSWL, 2008 WL 11504222, at *4 (C.D. Cal. Aug. 20, 2008), for example, the court granted a similar motion in limine in preparation for a retrial after the Ninth Circuit Court of Appeals reversed the defendants' convictions. Specifically, the court precluded the parties from referencing either the first trial, the defendants' appeal of the original convictions, or the Ninth Circuit's reversal, reasoning that evidence related to the appeal and reversal was "irrelevant to the issues in this matter and would be unduly prejudicial and confusing to the jury," and that "references regarding the first trial" would be "similarly irrelevant." Id. Recognizing, as the government does here, however, "that references to the first trial may become necessary" due to possible impeachment avenues, the court held that "the parties [we]re precluded from mentioning the 'first trial' by name," and ordered that "the parties shall instead exclusively refer to the first trial as the 'prior proceeding' or to any prior testimony at that trial as testimony occurring at a 'prior proceeding under oath.'" Id.

3

Other district courts have granted the same relief when presented with similar circumstances. See, e.g., United States v. Quinones-Davila, No. CR 2016-0009, 2018 WL 1123867, at *1 (D.V.I. Feb. 28, 2018) (concurring with parties' agreement "that any potential prejudice presented by references to the first trial can be cured through a requirement for the second trial that the parties characterize the first trial as a 'prior proceeding,'" and "precluding the parties from referencing the fact that a prior trial occurred"); United States v. Thomas, 214 F. Supp. 3d 187, 194 (E.D.N.Y. 2016) ("The Court finds any reference to a 'prior trial' inappropriate because it is inadmissible hearsay, irrelevant to this trial, and will potentially confuse the jury.  The parties may not mention the 'prior trial'; any reference to the trial before Judge Korman must be to a 'prior proceeding,' a term broad enough to encompass a deposition, hearing, or trial."); United States v. King, No. CR-08-002-E-BLW, 2009 WL 1045885, at *8 (D. Idaho Apr. 17, 2009) (granting motion "to forbid reference to, or description of, prior proceedings when presenting prior testimony").  The Ninth Circuit has approved of such orders, which fall squarely within the Court's legal authority to exclude irrelevant evidence.  See, e.g., United States v. Doss, 630 F.3d 1181, 1192 (9th Cir. 2011) (holding that the "district court did not abuse its discretion by . . . implementing precautions to prevent the jury from learning of the previous trial" where precautions included "order[ing] the parties to refer to the first trial as an 'official proceeding'").

Federal courts have taken similar approaches when confronted with defendants who had been previously acquitted in state court.  In United States v. Garcia-Zarate, 419 F. Supp. 3d 1176, 1178 (N.D. Cal.

2020), for example, the court denied the defendant's "request to introduce evidence that [he] was acquitted in state court," and ordered the parties to "refrain from specific references to the state court trial, instead referring generically to 'prior proceedings' or 'prior testimony under oath.'" Indeed, courts in the Central District have previously observed that, "[i]n federal criminal prosecutions, courts have consistently held that evidence of an acquittal is generally inadmissible because it (1) is inadmissible hearsay and (2) because it is not relevant." United States v. Young, No. CR 10-00923(C)-SJO, 2013 WL 12222473, at *1-2 (C.D. Cal. Nov. 22, 2013) (citing United States v. Bisanti, 414 F.3d 168, 172 (1st Cir. 2005); United States v. De La Rosa, 171 F.3d 215, 219-20 (5th Cir. 1999); United States v. Thomas, 114 F.3d 228, 250 (D.C. Cir. 1997); United States v. Kerley, 643 F.2d 299, 300-01 (5th Cir. 1981); United States v. Viserto, 596 F.2d 531, 537 (2d Cir. 1979)); see also Pico v. Woodford, No. ED CV 06-00890-DSF (MLG), 2008 WL 4811093, at *7 (C.D. Cal. Oct. 27, 2008) ("[F]ederal courts have uniformly concluded that evidence of a prior acquittal is neither a reliable indicator that the underlying conduct did not occur, nor a useful tool for the trier of fact."). Other courts are in accord. See, e.g., United States v. Jones, 808 F.2d 561, 566-67 (7th Cir. 1986) ("The district court's decision to exclude the acquittal evidence was not error. In general, evidence of a prior acquittal is only relevant in determining whether the prosecution is barred by double jeopardy or collateral estoppel. Evidence of an acquittal is not otherwise relevant because it does not prove innocence but rather merely indicates that the prior prosecution failed to meet its burden of

proving beyond a reasonable doubt at least one element of the crime." (internal citations and quotation marks omitted)).

Even if defendant could articulate some plausible reason to introduce evidence of either the fact of the first trial, the fact of the mistrial, or the reason for the mistrial, this Court still has discretion to, and should, exclude such evidence because the minimal probative value of the evidence is "substantially outweighed by the danger of prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; see also United States v. Espinoza-Baza, 647 F.3d 1182, 1189 (9th Cir. 2011) ("Where the evidence is of very slight (if any) probative value, even a modest likelihood of unfair prejudice or a small risk of misleading the jury will justify excluding that evidence." (quotation marks and alterations omitted)).

Here, the risk of prejudice, confusion, and misleading the jury is both clear and acute. If defendant is permitted to introduce the fact that the Court declared a mistrial or that the Court found a Brady violation, he will create the misimpression that the government committed misconduct, even though the Court found explicitly that there was no misconduct. (RT 8/24/2021 at 62, 64.) Moreover, by referencing a prior trial, the jury will naturally wonder what evidence was presented to the other jury, what that jury found, and why a second trial is occurring. The Court should therefore exclude any references to the first trial, the fact of a mistrial, and the reason for the mistrial under Rule 403.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court exclude evidence and arguments about the first trial, the fact that a mistrial occurred, and the reason for the mistrial, pursuant to Federal Rules of Evidence 401, 402, and/or 403. Should it become necessary to refer to testimony by any witness during the first trial, the Court should order that the parties refer to the first trial as either a "prior proceeding" or the witness's "prior testimony under oath."