1 | TRACY L. WILKISON
Acting United States Attorney
2 | SCOTT M. GARRINGER
Assistant United States Attorney
3 | Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
4 | Assistant United States Attorney
Major Frauds Section
5 |      1100 United States Courthouse
       312 North Spring Street
6 |      Los Angeles, California 90012
       Telephone: (213) 894-2435
7 |      Facsimile: (213) 894-6269
       Email:      Alex.Wyman@usdoj.gov
8 |
BRETT A. SAGEL (Cal. Bar No. 243918)
9 | Assistant United States Attorney
       Ronald Reagan Federal Building
10 |     411 West Fourth Street, Suite 8000
       Santa Ana, California 92701
11 |     Telephone:  (714) 338-3598
       Facsimile:  (714) 338-3708
12 |     Email:      Brett.Sagel@usdoj.gov

13 | Attorneys for Plaintiff
UNITED STATES OF AMERICA

14

UNITED STATES DISTRICT COURT

15

FOR THE CENTRAL DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* FOR THE COURT TO IMPOSE LIMITS ON DEFENDANT'S CROSS-EXAMINATIONS PURSUANT TO FEDERAL RULES OF EVIDENCE 611 AND 403 |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | Hearing Date: October 27, 2021 Hearing Time: 8:30 AM Location:    Courtroom of the Hon. James V. Selna |

17
18
19
20
21
22
23

24       Plaintiff United States of America, by and through its counsel

25  of record, the Acting United States Attorney for the Central District

26  of California and Assistant United States Attorneys Brett A. Sagel

27  and Alexander C.K. Wyman, hereby files its Motion *in limine* for the

28

1  Court to impose limits on defendant's cross-examinations pursuant to

2  Federal Rules of Evidence 611 and 403.

3      This Motion is based upon the attached memorandum of points and

4  authorities, the files and records in this case, and such further

5  evidence and argument as the Court may permit.

6      On September 28, 2021, government counsel contacted the defense

7  to determine if they would stipulate to the relief sought herein.

8  Defendant declined to stipulate and threatened to seek sanctions if

9  the government filed this motion.

10  Dated: September 29, 2021       Respectfully submitted,

11                                  TRACY L. WILKISON
                                    Acting United States Attorney
12
                                    SCOTT M. GARRINGER
13                                  Assistant United States Attorney
                                    Chief, Criminal Division
14

15              /s/
                                    BRETT A. SAGEL
16                                  ALEXANDER C.K. WYMAN
                                    Assistant United States Attorneys
17
                                    Attorneys for Plaintiff
18                                  UNITED STATES OF AMERICA

19

20

21

22

23

24

25

26

27

28

2

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2    "Your right to cross-examine isn't unlimited."  (RT 7/22/2021,

3  Vol. I, at 117.)  The Court advised defendant of this black-letter

4  legal principle at the beginning of the first trial after defendant

5  spent hours cross-examining the government's first three witnesses,

6  far exceeding the amount of time that the government spent with each

7  of these witnesses.  In addition to the government having the burden

8  of proof, the government had to introduce numerous exhibits through

9  witnesses, as defendant did not stipulate to the admissibility of any

10  exhibits and objected to the admission of every exhibit, including

11  statements of defendant, regardless of whether there was any

12  legitimate basis to raise an objection.[1]

13    Lengthy cross-examination is understandable in certain instances

14  and is appropriate when the topics covered are both relevant and not

15  repetitive.  Defendant's cross-examination of witnesses, however,

16  repeatedly strayed into irrelevant issues, and defendant routinely

17  repeated his same questions (often in only slightly different form)

18  three or four times to the witnesses, even after they had given him

19  their answers.  (See, e.g., RT 7/22/2021, Vol. I, at 117 (Court

20  admonishing defendant that his right to cross-examine was not

21  unlimited, and suggested to defendant that "when you ask a question,

22  you only ask it once and don't ask the same question three or four

23  different ways"); RT 7/22/2021, Vol. II, at 48-49 (defendant asking

24

25

26    [1] Even after the Court stated: "Where it's obvious that the
Court is only going to receive an exhibit for limited purpose such as
notice, it might be helpful if you make that offer in -- when you

27  move it in. I think it might necessitate fewer objections.  Just a
suggestion."  (RT 8/4/2021, Vol. II, at 109.)  The government agreed

28  to do that but expressed skepticism that proceeding as the Court
suggested would result in fewer objections.  It didn't.

1  victim-witness Geoffrey Johnson at least three times about the barely

2  relevant issue of when he last met with the government prior to

3  testifying).)  As the Court kept track of the time the parties spent

4  on direct and cross-examinations, the Court can see that several of

5  defendant's cross-examinations were unreasonably long.  For example,

6  the government's direct examinations of Geoffrey Johnson, Alexis

7  Gardner, and Gregory Barela were 1:24, 1:59 and 3:38, respectively;

8  however, defendant's cross-examinations of these three victims were

9  2:34, 3:56, and 4:15, respectively.

10      Defendant also spent a meaningful amount of time with every

11  witness on tangential or even irrelevant matters.  For example, he

12  asked several witnesses to perform in-court identifications of their

13  attorneys in the courtroom, a feature of trials that is usually

14  reserved for the accused to establish identity.  Defendant also asked

15  nearly every witness about every meeting they had with the government

16  and what the precise dates of those meetings were.  Even if the

17  witnesses said the dates sounded correct, defendant sought to refresh

18  the witnesses' recollection on the precise date, even if there was no

19  dispute to the date in which the meeting occurred.  As defendant had

20  no exhibit binders, considerable time was wasted with defendant

21  needing to provide copies of the memoranda of interviews ("MOI") to

22  the government, the Court, and the witness -- as well as approaching

23  and returning from the witness stand -- to establish the undisputed

24  date of the interview.  With Judy Regnier, defendant wanted to

25  establish the dates of each interview or contact she had with the

26  government and approached the witness numerous times with each MOI to

27  "refresh" the witness's recollection of the undisputed date and then

28  take additional time to write the date on a flip chart.  Defendant

1   also would typically ask the witnesses which prosecutors and agents

2   were at an interview and repeatedly had the witness identify the

3   agents and prosecutors in the courtroom, which, again, is irrelevant.

4       In addition, defendant spent considerable time during the cross-

5   examination of several witnesses writing information on a flip chart,

6   which were not in response to any statements by the witness, meaning

7   that defendant could have written the information at any time without

8   causing the jury and the entire proceedings to wait for defendant.

9   Defendant also frequently stood at the lectern or the defense table

10  reading documents to himself or with his paralegal and looking at the

11  clock, typically in the afternoon and the end of the week, presumably

12  to run out the time.

13      The result of defendant's curious tactics was that the trial

14  proceeded slowly and well past the trial estimate provided to the

15  prospective jurors.  Much of defendant's questioning on cross-

16  examination was a waste of time, and the Court should limit

17  defendant's cross-examinations in the upcoming trial under Federal

18  Rules of Evidence 611 and 403.

19      As the Court is aware, the Court has a duty to "exercise

20  reasonable control over the mode and order of examining witnesses and

21  presenting evidence so as to . . . avoid wasting time[] and protect

22  witnesses from harassment and undue embarrassment."  Fed. R. Evid.

23  611(a) (numbering omitted).  In addition, Federal Rule of Evidence

24  403 permits the Court to exclude even relevant evidence where "its

25  probative value is substantially outweighed by a danger of . . .

26  undue delay [and] wasting time."

27      The Court has already correctly acknowledged that defendant's

28  right to cross-examination is not unlimited or absolute.  "[T]rial

3

1  judges retain wide latitude insofar as the Confrontation Clause is

2  concerned to impose reasonable limits on such cross-examination based

3  on concerns about, among other things, harassment, prejudice,

4  confusion of the issues, the witness' safety, or interrogation that

5  is repetitive or only marginally relevant." United States v. Larson,

6  495 F.3d 1094, 1101 (9th Cir. 2007) (en banc) (quoting Delaware v.

7  Van Arsdall, 475 U.S. 673, 679 (1986)).  "A restriction of cross-

8  examination does not violate the Confrontation Clause unless it

9  limits relevant testimony and prejudices the defendant.  'The trial

10 court does not abuse its discretion as long as the jury receives

11 sufficient information to appraise the biases and motivations of the

12 witness.'"  United States v. Shabani, 48 F.3d 401, 403 (9th Cir.

13 1995) (quoting United States v. Feldman, 788 F.2d 544, 554 (9th Cir.

14 1986)).  Indeed, it is well established that "the Confrontation

15 Clause guarantees an opportunity for effective cross-examination, not

16 cross examination that is effective in whatever way, and to whatever

17 extent, the defense might wish." Delaware v. Fensterer, 474 U.S. 15,

18 20 (1985) (emphasis in original); see also Gibbs v. Covello, 996 F.3d

19 596, 601 (9th Cir. 2021) (same).

20    The Court should place time limits on defendant's cross-

21 examinations, not to exceed the length of the direct examination of

22 the particular witness, without a showing by defendant why good cause

23 exists to permit additional time if necessary.  To the extent

24 defendant seeks to waste time through repetitive and only marginally

25 relevant questioning, he does so knowing the time limits imposed.

26 How he spends that time is his choice, but he is not entitled to

27 unlimited cross-examination.

28

4