Michael John Avenatti (Pro Se)

H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 706-9994
Email: DeanSteward7777@gmail.com

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL JOHN AVENATTI, <br><br> Defendant. | SA CR No. 19-061-JVS <br><br> DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* ON DEFENDANT'S CROSS-EXAMINATIONS PURSUANT TO FEDERAL RULES OF EVIDENCE 611 AND 403 |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his advisory counsel of record, H. Dean Steward, hereby files his Opposition to the Government's Motion *In Limine* on Defendant's Cross-Examinations Pursuant to Federal Rules of Evidence 611 and 403. Defendant's Opposition is based on the attached memorandum of points and authorities; the evidence referenced in the attached; the files, records and transcripts in this case and the other cases cited herein; and such further evidence and argument as the Court may permit at a hearing on this matter.

Dated: October 4, 2021      Respectfully submitted,

/s/ Michael J. Avenatti

Defendant
MICHAEL JOHN AVENATTI

## I. INTRODUCTION

The government's motion asking the Court to impose a blanket order placing "time limits on defendant's cross-examinations not to exceed the length of the direct examination of the particular witness" is <u>patently frivolous and lacks all merit</u>. The prosecution requests that the Court forgo any analysis of each cross-examination topic, question or witness and, instead, rule in a vacuum and place arbitrary time restrictions on the defendant designed to prejudice him and limit testimony favorable to the accused. The Constitution, Rule 611 and Rule 403 do not permit the Court to issue a blanket order setting time limits on the defendant's cross-examination that mirror the prosecution's direct examination absent a showing of "good cause." Indeed, such an order is frankly unheard of in a criminal case.[1] And issuing such an order would constitute reversible error. Accordingly, the motion should be denied in its entirety.

## II. LEGAL STANDARD

In *Pointer v. Texas*, 380 U.S. 400 (1965), the Supreme Court held, in an unanimous decision, that it "cannot seriously be doubted at this late date that the right of cross-examination is included in the right of an accused in a criminal case to confront the witnesses against him." *Id.*, at 404. Citing and quoting from such cases as *Kirby v. United States*, 174 U.S. 47 (1899), *Alford v. United States*, 282 U.S. 687 (1931), *Greene v. McElroy*, 360 U.S. 474 (1959), *In re Oliver*, 333 U.S. 257 (1948), and *Turner v. Louisiana*, 379 U.S. 466 (1965), the Court observed that "[there] are few subjects, perhaps, upon which this Court and other courts have been more nearly unanimous than in the expressions of belief that the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." *Pointer*, 380 U.S. at 405.

---

[1] The defendant informed the government in writing of the frivolous nature of their motion before they filed it. This unfortunately did not dissuade the government.

The Supreme Court reaffirmed the importance of cross-examination twenty years later in the case of *Lee v. Illinois*, 476 U.S. 530, 540 (1986), stating:

> On one level, the right to confront and cross-examine adverse witnesses contributes to the establishment of a system of criminal justice in which the perception as well as the reality of fairness prevails. To foster such a system, the Constitution provides certain safeguards to promote to the greatest possible degree society's interest **in having the accused and accuser engage in an open and even contest in a public trial**. The Confrontation Clause advances these goals by ensuring that convictions will not be based on the charges of unseen and unknown -- and hence unchallengeable -- individuals.
>
> **But the confrontation guarantee serves not only symbolic goals. The right to confront and to cross-examine witnesses is primarily a functional right that promotes reliability in criminal trials.** In *California v. Green*, 399 U.S. 149, 158 (1970), we identified how the mechanisms of confrontation and cross-examination advance the pursuit of truth in criminal trials. Confrontation, we noted, "(1) insures that the witness will give his statements under oath -- thus impressing him with the seriousness of the matter and guarding against the lie by the possibility of a penalty for perjury; (2) **forces the witness to submit to cross-examination, the 'greatest legal engine ever invented for the discovery of truth'**; (3) permits the jury that is to decide the defendant's fate to observe the demeanor of the witness making his statement, thus aiding the jury in assessing his credibility' (footnote omitted). *Ibid*.

(emphasis added).

Moreover, the Supreme Court and the Ninth Circuit have made clear that a defendant is to be given wide latitude when cross-examining a witness. *See, e.g., Smith v. Illinois*, 390 U.S. 129 (1968); *United States v. Uramoto*, 638 F.2d 84 (9th Cir. 1980). The Ninth Circuit's decision in *Uramoto* is instructive. There, the Court held as follows:

> We have repeatedly insisted that wide latitude be given to defendants in their cross-examination of key prosecution witnesses, *see United States v. Bleckner*, 601 F.2d 382, 385 (9th Cir. 1979); *United States v. Stanfield*, 521 F.2d 1122, 1128 (9th Cir. 1975) . . . We have found cross-examination impermissibly limited both when the defendant was not given adequate scope to impeach a witness's credibility, *see, e.g., Burr v. Sullivan*, 618 F.2d 583,

2

>587-88 (9th Cir. 1980) (arson defendant has right to cross-examine juvenile witnesses concerning their admission of 100 burglaries to show their bias), and when matters clearly relevant to crucial issues were excluded, *see, e.g.*, *United States v. McLister*, 608 F.2d 785, 788 (9th Cir. 1979) (cross-examination of detective needed to counter possible misapprehension by jury); *United States v. Miranda*, 510 F.2d 385, 387 (9th Cir. 1975) (cross-examination inappropriately limited when defense not allowed to ask if others besides defendant had access to cabinet in which missing money was kept).

*Uramoto*, 638 F.2d at 86-87.

The government's reliance on *United States v. Larson*, is actually helpful to the defendant and establishes the Ninth Circuit's continued findings that "[e]ffective cross-examination is critical to a fair trial because '[c]ross-examination is the principal means by which the believability of a witness and the truth of his testimony are related.'" *United States v. Larson*, 495 F.3d 1094, 1102 (9th Cir. 2007); *citing Davis v. Alaska*, 415 U.S. 308, 316 (1974). The Ninth Circuit ultimately concluded "that the district court abused its discretion, violating Defendant's Sixth Amendment constitutional right to effective cross-examination when it prevented defense counsel from exploring the mandatory life sentence…" *Id.* at 1107. Similarly the government's reliance on *United States v. Feldman*, supports the proposition that the defendant is entitled to pursue cross-examination of issues related to the trial: "A defendant's constitutional right to cross-examination is limited to issues relevant to the trial. However, a restriction of cross-examination may still be error if sufficiently prejudicial." *United States v. Feldman*, 788 F.2d 544, 554 (9th Cir. 1986); *citing United States v. Brady*, 561 F.2d 1319, 1320 (9th Cir. 1977).

Although the government cites to Federal Rule of Evidence 611 as the authority supporting its request, it fails to cite the portion of the rule relating to cross-examination. Rule 611(b) states, "cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility. The court may allow inquiry into additional matters as if on direct examination." Fed. R. Evid. 611(b). Rule 611 is silent in connection with the Court's ability to place obstructive pre-determined

time restrictions on a defendant's cross-examinations that directly mirror the government's direct.

"Broad cross-examination rights are favored by the Ninth Circuit." *United States v. McCord*, 1993 U.S. App. LEXIS 34427, *3 (9th Cir. 1993)(emphasis added); *citing United States v. Sidman*, 470 F.2d 1158, 1165 (9th Cir. 1972)("the widest possible latitude should be given to counsel on cross-examination…"). Limits on cross-examination will violate the Sixth Amendment Confrontation Clause when the limits restrict relevant testimony, prejudice the defendant and deprives the jury of sufficient information to appraise the biases and motivations of the witness. *United States v. Urena*, 659 F.3d 903, 907-08 (9th Cir. 2011); *citing United States v. Bensimon*, 172 F.3d 1121, 1128 (9th Cir. 1999). The Court may limit cross-examination by way of Rule 611, as well as Rule 403, "but only so long as the jury has before it sufficient information to make a discriminatory appraisal of the witness's possible biases and motive for testifying…" *United States v. Mohamed*, 410 F.Supp. 2d 913, 916 (S.D. Cal. 2005); *citing United States v. Dudden*, 65 F.3d 1461, 1468 (9th Cir. 1995); *See also, United States v. Wilmore*, 381 F.3d 868, 872 (9th Cir. 2004)("[the Court] may not impose restrictions that 'limit relevant testimony and prejudice the defendant'" (internal citations omitted)).

### III.　ARGUMENT

The prosecution asks that the Court issue a pre-trial order imposing oppressive restrictions on the cross-examination. The government requests that an order be issued stating that Mr. Avenatti's cross shall "not to exceed the length of the direct examination of the particular witness, without a showing by defendant why good cause exists to permit additional time if necessary." [Dkt. 831, p. 6]. This request is per se unreasonable, frivolous, and designed to improperly bolster the government's case and protect its witnesses. It should be squarely rejected.

<u>First</u>, the government provides the Court with instances when Mr. Avenatti's cross-examination were "unreasonably long" in an attempt to support the instant request. The proffered examples underlying the prosecution's request establish the prosecution's bad faith in bringing the motion. The prosecution claims that the following "tactics" utilized by Mr. Avenatti support the limiting order: (1) Mr. Avenatti asked several witnesses to perform in-court identification of counsel; (2) the defendant asked the witnesses about "every meeting" they had with the government and which "precise dates"; (3) Mr. Avenatti's lack of exhibit binders forced him to spending time providing parties the documents he sought to use to refresh a witness' recollection; (4) the defendant asked the witnesses which prosecutors and agents were present during their interviews; (5) Mr. Avenatti used the flip chart in front of jurors; and, (6) the defendant read documents during his questioning (both alone and with his paralegal).

The government has failed to establish that these alleged "tactics" were unreasonable, made in an effort to delay proceedings, or in any way went outside of the questions elicited by way of direct examination or were not related to the credibility of the witness. In fact, many of these so called "tactics" are utilized by trial lawyers in hundreds of trials across America on any given day, especially when those trial lawyers do not have the significant advantages of the government, including the ability to rehearse a witness' testimony 5-10 times before the witness takes the stand.

To establish bias and credibility, Mr. Avenatti was entitled to alert jurors that the witnesses met with the government on numerous occasions and had counsel present to protect themselves from potential criminal liability. The dates of the interviews and the parties present during said interviews further allows for the jurors to assess each witness' memory and recollection of the events that transpired. Mr. Avenatti is entitled to confer with his defense team, just like prosecutors did on multiple occasions – both among themselves and with the government agents. *See, e.g.,* Trial Tr. (7/21/21, Vol. 1) p. 106; Trial Tr. (7/21/21, Vol. 2) p. 64; Trial Tr. (7/22/21, Vol. 1) p. 15; Trial Tr. (7/23/21, Vol. 1) p. 47; Trial Tr. (7/23/21, Vol. 1) p. 60; Trial Tr. (8/03/21, Vol. 2) p. 92; (8/13/21, Vol.

5

1) p. 54. Further, Mr. Avenatti need not provide the government with a copy of his impeachment materials prior to trial and is not required to provide the government with any binders of materials he seeks to use in advance. *See,* Hon. Selna Order Re: Criminal Trial, p. 4 ("ALL of the government's exhibits, with the official exhibit tags attached and bearing the same number shown on the exhibit list. Defendant's counsel does not have to deliver his or her exhibits to the Courtroom Deputy on the first day of trial."(emphasis in original)). Finally, Mr. Avenatti's "tactic" of using a flip chart with witnesses must have been appreciated by AUSA Sagel and Wyman because they adopted it midway through the trial. Indeed, both AUSA Wyman and AUSA Sagel utilized the flip chart and wrote on the chart *during* their examinations in court, choosing not to make the illustrations ahead of time.

Second, the government's comparison of the length of the defendant's prior cross-examinations versus the length of the prosecution's direct examination is unpersuasive and a red herring. Mr. Avenatti, unlike the prosecution, did not have the luxury of repeatedly rehearsing the questions and answers with each government witness. The prosecution had multiple meetings with many of its witnesses, in some instances over ten times, and was thus in a position to predict with certainty the responses it would receive from each witness. Mr. Avenatti, on the other hand, could not have reasonably predicted all of the answers that would be elicited on cross-examination and what areas of questioning those answers would uncover. In fact, because of the inherently adverse relationship between Mr. Avenatti and many of the prosecution's witnesses, many of the government witnesses failed to provide direct answers or responses that answered the call of the defendant's questioning.

Finally, the instant request by the government furthers the defendant's prior arguments that the prosecution will benefit from the re-trial of this case to Mr. Avenatti's detriment. The government has now had the opportunity to observe how each of their witnesses performed on direct examination and has the advantage of hearing the questions posed by Mr. Avenatti. In preparation for the re-trial, the government

continues to meet with its witnesses and will now tailor its questions to avoid problematic issues that arose during the first trial. The government will likely avoid questioning that explores topics that could result in unfavorable testimony on cross. Limiting the defendant's cross-examination to the time spent on direct is an attempt to further prevent jurors from hearing unfavorable testimony that was elicited during the first trial.

The government's request for a highly-restrictive order limiting cross-examination regardless of the importance of the witness, the biases and motives of said witness, and the inherent adverse relationship between a self-represented defendant and the witness is in violation of the Sixth Amendment and invites reversible error. If the defendant, or the prosecutor, explores questioning that is outside of the scope of direct examination, is irrelevant, or elicits testimony violative of Rule 403, each party is free to object on a question-by-question basis, as was done during the first trial. Ruling in a vacuum and imposing restrictive time limits on the defendant is impractical, unreasonable and inherently unduly prejudicial. The government's motion should be denied in full.

## IV. CONCLUSION

For each of the reasons set forth herein, Defendant respectfully requests that the Court deny the government's motion in its entirety.

Dated: October 4, 2021　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Michael J. Avenatti

　　　　　　　　　　　　　　　　　　　　Defendant
　　　　　　　　　　　　　　　　　　　　MICHAEL JOHN AVENATTI

# **CERTIFICATE OF SERVICE**

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California. I am not a party to the above-entitled action. I have caused, on October 4, 2021, service of the:

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* ON DEFENDANT'S CROSS-EXAMINATIONS PURSUANT TO FEDERAL RULES OF EVIDENCE 611 AND 403

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 4, 2021

/s/ H. Dean Steward
H. Dean Steward