Michael John Avenatti (Pro Se)

H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 706-9994
Email: DeanSteward7777@gmail.com

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL JOHN AVENATTI,<br><br>    Defendant. | SA CR No. 19-061-JVS<br><br>DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT RELATED TO THE FIRST TRIAL, THE MISTRIAL, AND THE REASONS FOR THE MISTRIAL PURSUANT TO FEDERAL RULES OF EVIDENCE 401, 402 AND 403 |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his advisory counsel of record, H. Dean Steward, hereby files his Opposition to Government's Motion *In Limine* to Exclude Evidence and Argument Related to the First Trial, the Mistrial, and the Reasons for the Mistrial Pursuant to Federal Rules of Evidence 401, 402 and 403. Defendant's Opposition is based on the attached memorandum of points and authorities; the evidence referenced in the attached; the files,

1 | records and transcripts in this case and the other cases cited herein; and such further
2 | evidence and argument as the Court may permit at a hearing on this matter.

Dated: October 5, 2021            Respectfully submitted,

/s/ Michael J. Avenatti

Defendant
MICHAEL JOHN AVENATTI

## I. INTRODUCTION

Under clear Supreme Court precedent, *see*, *e.g.*, *Kyles v. Whitley*, 514 U.S. 419, 445-449 (1995), Mr. Avenatti is entitled to present a defense that establishes that the government's investigation and prosecution have been sloppy and hasty, the privilege review team failed to abide by its own protocols, and that to-date the government has failed to even review 63% of the data it seized from the defendant's former law firm (despite having the information for well over 2 years). In an attempt to suppress these arguments and evidence, the government asks this Court for an Order excluding evidence about the first trial, the fact that a mistrial occurred, and the reasons for the mistrial pursuant to Federal Rules of Evidence 401, 402, and 403. Based on the following, Mr. Avenatti asks that the Court find that the government's request for an Order depriving the defendant from pursuing a defense that establishes the inadequacies of the government's investigation, which led to the mistrial, is violative of his due process right to present a defense. For each of the reasons set forth herein, the Court should deny the government's motion in full.

## II. LEGAL STANDARD

Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence … and the fact is of consequence in determining the action." Fed. R. Evid. 401(a)-(b). Relevancy "simply requires that the evidence logically advance a material aspect of the party's case." *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1189 (9th Cir. 2019). The "determination of whether evidence is relevant to an action or issue is expansive and inclusive." *United States v. Whitmore*, 2013 U.S. LEXIS 67636, at *4 (D. Nev. 2013); citing *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384-87 (2008).  Evidence may be excluded under Rule 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  Critically, when weighing

probative value against unfair prejudice under Rule 403, the Court must analyze the issue assuming "<u>the evidence is believed</u>, not the degree the Court finds it believable." *Bowden. V. McKenna*, 600 F.2d 282, 284-85 (1st Cir. 1979)(emphasis added)(citations omitted). "The court may not exclude relevant evidence – or [] assign it no probative value – on the ground that it does not find the evidence to be credible." United States v. Evans, 728 F.3d 953, 963 (2013), *citing United States v. Candoli*, 870 F.2d 496, 509 (9th Cir. 1989)(quotation omitted)). Put simply, credibility and believability are for the jury, not the Court. *Id*. at fn. 13 (citations omitted).

The Supreme Court has repeatedly held that a defendant has a fundamental due process right to mount a defense, call witnesses on his behalf, and present relevant evidence. *See*, *e.g.*, *Taylor v. Illinois*, 484 U.S. 400, 409 (1988). In presenting his defense, the Supreme Court has recognized that a criminal defendant is permitted to attack law enforcement's investigation, motivation and alleged good faith in connection with his defense. *See Kyles v. Whitley*, 514 U.S. 419, 445-449 (1995):

> "[W]hen the probative force of the prosecution's evidence depends on the circumstances in which it was obtained, and those circumstances raise a possibility of fraud, indications of conscientious police work will enhance probative force and slovenly work will diminish it."

*Id*. at 445, n. 15.

<u>A criminal defendant is entitled to put the investigation and the government's motivations on trial and is likewise permitted to attack the investigation and prosecution in front of the jury by examining witnesses and in closing argument</u>. *See, United States v. Hanna*, 55 F.3d 1456 (9th Cir. 1995)(emphasis added); *See also, United States v. Sager*, 227 F.3d 1138, 1145-1146 (9th Cir. 2000) (noting the legitimacy and importance of a defense of failure to investigate properly); *United States v. Howell*, 231 F.3d 615 (9th Cir. 2000)("A common trial tactic of defense lawyers is to discredit the caliber of the investigation or the decision to charge the defendant…" (internal citations omitted)). Indeed, the defendant is entitled to obtain and a jury is permitted to consider

2

"facts demonstrating skewed or biased investigation." *United States v. Aguilar-Noriega*, 831 F.Supp.2d 1180, 1203 (C.D. Cal. 2011). In accordance with the Supreme Court, the Ninth Circuit has demonstrated its position to allow jurors to hear evidence regarding the thoroughness of an investigation, "[t]o tell the jury that it may assess the product of an investigation, but that it may not analyze <u>the quality of the investigation that produced the product</u>, <u>illogically removes from the jury potentially relevant information</u>." *Sager*, 227 F.3d at 1145 (emphasis added).

The government relies heavily on *United States v. Fabricant*, 2008 U.S. Dist. LEXIS 133228 (C.D. Cal. 2008) for the proposition that "Courts facing similar circumstances have routinely granted the relief sought by the government here and prohibited parties from referencing the prior trial." [Dkt. 830, p. 5]. This case is unpersuasive and the government's citation to it is misleading. In *Fabricant*, a new trial was granted not as a result of a *Brady* violation,[1] but instead "based exclusively on the Court's restriction of the cross-examination of the confidential informant." *Fabricant*, 2008 U.S. Dist. LEXIS at *2. Prior to the second trial, the government filed a motion to use the defendant's prior testimony in the government's case-in-chief and preclude references to the first trial, appeal or the Ninth Circuit's reversal. *Id.* at *9-10. The defense opposed the request, <u>but only as it related to the prior testimony of the defendant</u> and <u>did not</u> oppose the exclusion of references to the prior trial.

The other cases cited by the government present the same situation - where the defendant did not oppose, or joined, the government's request to exclude references to the prior trial. None of the cases cited by the government are comparable to the instant

---

[1] **There is no such thing as a *Brady* violation that is not the fault of the government. A *Brady* violation, whether inadvertent or purposeful, can only result from government misfeasance and/or malfeasance. Either way, the government, and the government alone, is responsible. To put it another way, if there is a *Brady* violation, then it is axiomatic that the government failed to adhere to its obligations under the law and adequately protect a defendant's fundamental Constitutional rights.**

case where the government performed a hasty investigation, failed to produce <u>millions</u> of files, and the extent of the prosecution's wrongdoings were uncovered <u>days</u> before a potential verdict in the first trial after the prosecutors had made repeated misrepresentations to the Court and the defendant. *See, e.g., United States v. Quinones-Davila*, 2018 U.S. Dist. LEXIS 32552, at *2(D.V.I Feb. 28, 2018)(the defendant submitted that he "does not object to an order barring reference to a prior trial"); *United States v. Thomas*, 214 F.Supp. 3d 187, 194 (E.D.N.Y 2016)(After a mistrial based on failed jury deliberations, "Defendant agrees to refer to the first trial as a prior proceeding, but requests the right to bring the first trial to the jury's attention in the even the Government presents arguments inconsistent with its theory at the first trial."); *United States v. King*, 2009 U.S. Dist. LEXIS 32935, *12-13 (D. Idaho Apr. 17, 2009)(granting the request by both the government <u>and</u> the defendant to referring to prior grand jury proceedings solely as a prior proceeding); *See also, United States v. Doss*, 630 F.3d 1181, 1192 (9th Cir. 2011)(references to prior trial was analyzed only as it related to whether the district court abused discretion in denying severance motion).

      The government's sloppy investigation, the government's failure to search all, or even half of, the materials contained in the EA servers, the prosecution's suppression of evidence, and the cause of the mistrial are all facts relevant to the quality of the investigation and the instant prosecution against Mr. Avenatti. *See Kyles*. <u>They also go directly to the lack of good faith inherent in the investigation and prosecution, and demonstrate the "win at all costs" mentality and personal animus that has plagued the government's approach to this case from moment one.</u>

### III. ARGUMENT

      The government moves the Court for an order that states that "neither party should be permitted to refer to the first trial in this matter, the fact that it resulted in a mistrial, or the reason for the mistrial." [Dkt. 830, p. 3].

4

<u>First</u>, the government argues that "the fact that there was a mistrial, the fact of a mistrial, nor the reason for the mistrial is relevant to the charges. They do not prove or negate any element of the charge of wire fraud, nor do they have any bearing on any permissible defense at trial." [Dkt. 830, p. 4]. The facts underlying the mistrial, the *Brady* violation, the prosecution's failure to search and/or review 15.5 million files (nearly 63% of the servers), the recent disclosure of the EA LLP forensic files, and the government expert's exclusive reliance on limited and self-serving data, is <u>highly relevant</u> to Mr. Avenatti's defense that the government's investigation of this case was sloppy, shoddy, hasty, and remains incomplete. The Court has already ruled that the defendant is entitled to call into question the government's investigation:

> "MR. AVENATTI: Your Honor, I maintain that under Kyles v. Whitley and its progeny in the Ninth Circuit, I am entitled as part of my defense to call into question the government's investigation, how it was conducted, whether it was sloppy or shoddy, as well as the motivation behind it and whether this prosecution and the investigation was pursued in good faith or bad faith….
>
> THE COURT: <u>I agree that you are entitled to get into those things … If you want to establish that the government's investigation was faulty or that it didn't follow procedures or any of that, I agree you are entitled to get into it</u>."

Trial Tr. (7/29/21, Vol. 1) pp. 14-15 (emphasis added).

The facts underlying the mistrial as well as the information that has come to light after the mistrial (including Mr. Varani's false testimony elicited by AUSA Wyman), are relevant to the defense that the government's investigation was faulty and did not follow the proper procedures. Indeed, the government concedes this to some extent when it states in the motion: "At best, defendant may elicit from a government agent the date on which the government obtained the additional Tabs data beyond the printouts provided in emails to defendant … to <u>pursue his defense that the government's investigation was sloppy</u>…" [Dkt. 830, pp. 4-5](emphasis added). However, the defendant cannot be limited to this single point in furtherance of his defense.

5

      Moreover, not only is the defendant entitled to present evidence regarding the sloppiness of the government's investigation, but Mr. Avenatti should be permitted to elicit testimony and make argument should the government change its trial strategy. When "the government chooses to change its strategy at successive trials, and contradict its previous theories of the case and version of the historical facts, <u>the jury is entitled to be aware of what the government has previously claimed, and accord whatever weight it deems appropriate to such information</u>." *United States v. GAF Corp.,* 928 F.2d 1253, 1263 (2d Cir. 1991)(emphasis added). The defendant is entitled to present, and the jurors are entitled to hear, <u>all relevant evidence</u>. Just because the evidence Mr. Avenatti seeks to present is unfavorable to the prosecution team, the Privilege Review Team, and the government's overall investigation of this case, does not negate its relevance.

      <u>Second</u>, the government argues that even if the defendant establishes relevance, "this Court still has discretion to, and should, exclude such evidence because the minimal probative value of the evidence is 'substantially outweighed by the danger of prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" [Dkt. 830, p. 8 (internal citations omitted)].

      The government has failed to establish how and why the evidence that it seeks to exclude is *substantially outweighed* by the factors described by Rule 403. Other than conclusory statements that jurors may wonder what evidence was presented or why a second trial is occurring, the government has failed to establish any reasonably foreseeable prejudice that *substantially outweighs* the introduction of highly relevant and probative evidence. *See, United States v. Patterson*, 819 F.2d 1495, 1505 (9th Cir. 1987)(Rule 403 is "<u>an extraordinary remedy to be used sparingly</u> because it permits the trial court to exclude otherwise relevant evidence."(emphasis added)); *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995)("the danger of prejudice <u>must not merely outweigh</u> the probative value of the evidence, <u>but *substantially* outweigh it</u>." (emphasis added)). The Ninth Circuit has made it clear, "<u>Not everything that hurts is unfairly

6

prejudicial under Fed. R. Evid. 403." *United States v. Akpa*, 2005 U.S. App. LEXIS 12302, at *7 (9th Cir. 2005)(emphasis added). The government has failed to establish that unfair prejudice, confusion, undue delay or any of the other 403 factors *substantially outweigh* the highly relevant and probative evidence the prosecution seeks to exclude. Accordingly, the Court should not exclude the highly relevant evidence at this time, especially in a vacuum. Should the government wish to exclude specific lines of questioning or the introduction of specific items of evidence, the prosecution should be free to object and the defendant free to respond, all in the context of the trial and the evidence and testimony presented thus far. The Court will be in a better position to address the evidence's relevance and potential prejudice at that time.

### IV. CONCLUSION

For each of the reasons set forth herein, defendant respectfully requests that the Court deny the government's motion in its entirety.

Dated: October 5, 2021            Respectfully submitted,

/s/ Michael J. Avenatti

Defendant
MICHAEL JOHN AVENATTI

7

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California. I am not a party to the above-entitled action. I have caused, on October 5, 2021, service of the:

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT RELATED TO THE FIRST TRIAL, THE MISTRIAL, AND THE REASONS FOR THE MISTRIAL PURSUANT TO FEDERAL RULES OF EVIDENCE 401, 402 AND 403

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 5, 2021

/s/ H. Dean Steward
H. Dean Steward

8