TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     Email:     Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:     Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY OF JOHN DRUM AND REQUEST FOR A *DAUBERT* HEARING (CR 833) |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | Hearing Date: October 27, 2021<br>Hearing Time: 8:30 AM<br>Location:     Courtroom of the Hon. James V. Selna |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby files its opposition to defendant's

motion in limine to exclude expert testimony of John Drum and request for a Daubert hearing (CR 833).

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 6, 2021                    Respectfully submitted,

                                          TRACY L. WILKISON
                                          Acting United States Attorney

                                          SCOTT M. GARRINGER
                                          Assistant United States Attorney
                                          Chief, Criminal Division


                                                 /s/
                                          _____
                                          BRETT A. SAGEL
                                          ALEXANDER C.K. WYMAN
                                          Assistant United States Attorneys

                                          Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

"The Court does not write on a clean slate and neither do the parties." (CR 838 at 1.) Nevertheless, defendant ignores the considerable amount of ink spilled in this case regarding the testimony of the government's financial expert John Drum and, once again, seeks to exclude Mr. Drum for the same reasons the Court already rejected at least twice. Indeed, the only "new" argument since defendant's last written motion seeking to exclude Mr. Drum -- based on the production of "Tabs" data -- was squarely rejected as a basis for excluding Mr. Drum's testimony by the Court, which correctly found that production of the Tabs data presented "a subject for cross-examination and it goes to the weight, not the admissibility[,] of his testimony." (RT 8/12/2021, Vol. 2, at 67.)

The Court has previously rejected each of defendant's grounds for seeking to exclude Mr. Drum's testimony and his summary exhibits stated in defendant's instant motion. Nothing has changed. The Court should reject them again and deny this motion.

**II. DEFENDANT'S PREVIOUS FAILED ATTEMPTS TO EXCLUDE MR. DRUM**

Defendant tried to exclude Mr. Drum for the first time on September 14, 2020. (CR 285.) In that motion, defendant argued, among other things, that Mr. Drum was not qualified to testify as a financial expert, that "the proposed documents that Mr. Drum would rely on as an expert witness include a great deal of hearsay and are unreliable," and that Mr. Drum's testimony would be "unnecessary, a waste of time, and will cause undue delay." (Id. at 3-6.) Defendant also requested a <u>Daubert</u> hearing. (Id. at 8-9.)

The Court denied defendant's motion on October 30, 2020. (CR 371.) In doing so, the Court explained that Mr. Drum was "expected to testify concerning a number of financial transactions involving Avenatti and his entities," including "trac[ing] the distribution of funds from settlements received by the clients identified in the Client Counts," and found Mr. Drum qualified as a financial expert to testify about that tracing analysis -- denying defendant's request for a Daubert hearing. (Id. at 13, 15.) The Court then rejected each of defendant's many and varied challenges to Mr. Drum's testimony. For example, the Court rejected defendant's argument "that Drum's reliance on reports and summaries prepared by others will deprive him of the right of confrontation under Crawford," holding, correctly, that "[a]n expert is entitled to rely on such sources for foundation and to support his opinion. Such information is not received for the truth but simply as a basis for the opinion." (Id. at 13.) The Court then addressed defendant's complaint about the "thousands of documents" that Mr. Drum would be summarizing. As the Court reasoned, "This overlooks the fact that summaries are admissible under Federal Rule of Evidence 1006 where the underlying documents have been produced. The Government represents that [it] has made such production." (Id. at 14.)

On July 19, 2021, after trial had begun, defendant filed another motion to exclude Mr. Drum, in which he repeated many of his same arguments from his prior motion. (CR 546.) In that motion -- sections of which he appears to have copied almost word for word in drafting the instant motion -- defendant argued that Mr. Drum should be excluded under Rules 702 and 703, that Mr. Drum cannot rely on "inadmissible hearsay" (defendant's characterization of bank

2

records), and that the summary exhibits the government sought to admit through Mr. Drum failed to meet the requirements of Rule 1006. After the government opposed (CR 564), defendant filed a reply brief, asserting further objections under Rules 702, 703, and 1006, as well as the hearsay rules (CR 600). Defendant then attempted in court to raise additional challenges to Mr. Drum's proposed testimony orally (RT 8/6/2021, Vol. 2, at 109-10), and then filed a "supplemental brief" in support of his motion, in which he raised even further challenges to Mr. Drum's testimony that overlap with his claims in the instant motion (CR 668).

On August 10, 2021, the Court orally denied defendant's motion to exclude Mr. Drum as an expert. (RT 8/10/2021, Vol. 1, at 6-18.) After defendant began to argue that the bank records the government sought to admit were hearsay (an issue the Court had already ruled on multiple times), the Court admonished defendant: "Sir, I have read the briefs, and I appreciate -- if you're going to make new points, make them. I have read the brief and particularly given additional consideration to your objection to the bank records as being authenticated by the various custodian. I have ruled on that, and my position is the same with respect to this motion and Mr. Drum's use of those records." (Id. at 6.) Defendant then argued that Mr. Drum was relying on bank records that the Court had not yet ruled on, claiming, "It's a fundamental problem that Mr. Drum cannot come in testify as a fact witness and cannot rely on bank records that are not admissible in the case. They don't necessarily have to be admitted, but they have to be admissible. And the government has to -- it's their burden and they have to overcome that as to each of these bank records." (Id. at 7.) Defendant also made additional

arguments about the admissibility of Mr. Drum's summary exhibits under Rule 1006. (Id. at 13-15.)

The Court rejected all of defendant's arguments. (Id. at 15-18.) As for defendant's challenges under Rule 1006, the Court correctly informed defendant: "The 1006 obligation only requires that the government present you with documents that underlie the summary. It's not required to tell you where each number came from. Nothing in 1006 says that. Now, you can cross-examine him. Maybe he knows the exact source of the particular number and maybe he doesn't. But that's not a 1006 violation." (Id. at 15.) After defendant, without citing any authority, disagreed with the Court's interpretation of the Rule, the Court continued, "assuming, one, the government has in fact produced all the documents that underlie the summaries, I don't believe 1006 says the government has an obligation to tie each number to a specific document. Two, you're going to be able to cross-examine. Ask the very questions you said you're going to ask. That's cross-examination, classic cross-examination." (Id. at 17.) The Court then "den[ied] the objection to the use of the summaries that Mr. Drum [wa]s going to present," finding that "the government ha[d] performed its obligation with respect to the underlying documents." (Id.) The Court further reasoned that it had already found the bank records offered by the government to be admissible pursuant to the business exception rule, and that Rule 703 also "allows an expert to rely upon documents that are not admitted and also rely on documents that would not be directly admissible." (Id. at 18.) The Court also rejected defendant's confusing argument that Mr. Drum cannot testify as a "fact witness," explaining that Mr. Drum was "not being offered as a fact witness, nor as I perceive his

4

testimony will he be testifying as a fact witness. He will report on his examination of financial records relating to Mr. Avenatti and his law firms as a forensic expert does. He will then trace where the funds went. That is an appropriate task for a forensic expert to do." (Id.)

Two days later, on August 12, 2021, defendant raised yet another challenge to Mr. Drum's testimony on the basis that "the government ha[d] not produced the Tabs data relating to the costs to the various clients." (RT 8/12/2021, Vol. 1, at 18.) Specifically, defendant argued, "The Government is now purporting to have an expert [John Drum] testify in front of the jury who didn't review the relevant data, in violation of 702. He was asked what he reviewed in preparation of these charts, Your Honor. There was not a single mention of Tabs." (RT 8/12/2021, Vol. 2, at 66.) The Court responded, "Sir, in my view, that goes to the weight of his evidence. . . . Assuming you're correct that it [the Tabs data] wasn't produced, I believe it's a subject for cross-examination and it goes to the weight, not the admissibility of his testimony." (Id. at 67.) Defendant then claimed that "there should be a Daubert hearing as to whether he reviewed any of the Tabs data. Although, I think at this point it's fairly clear that he did not, which I think is violative of 702." (Id.) In response, the Court reiterated, "This goes to the weight of his testimony." (Id. at 68.)

**III. ARGUMENT**

On October 4, 2021, defendant stated to the Court, "I'm assuming -- and I believe the government agrees with my position on this -- that all of Your Honor's motion in-limine rulings made prior to the first trial carry over to the next trial, and any objections or

5

motions that were made by either side are deemed for the record to have been made in connection with this second trial." (RT 10/4/2021 at 18.) The Court confirmed that that was correct. (Id.) That should dispose of this motion, which is almost verbatim the same as defendant's filing during trial, which was titled "Objection to the Testimony of Government Expert John Drum, the Use of 1006 Summaries Proposed by the Government and Renewed Request for a Daubert Hearing." (CR 546 (emphasis added).) In fact, as described herein, the Court has already properly rejected each of defendant's arguments, often multiple times over, including in the Court's overruling of defendant's objection to Mr. Drum on August 10, 2021.

First, the Court has already properly rejected defendant's challenge to Mr. Drum's testimony under Rule 702. The thrust of defendant's current argument is that Mr. Drum's expert testimony is "derived from erroneous or incomplete data" because "Mr. Drum was never provided any access to the Tabs database." (CR 833 at 5.) Defendant has already tried to exclude Mr. Drum's testimony on this very same basis, and the Court properly rejected that argument on the basis that "that goes to the weight of his evidence." (RT 8/12/2021, Vol. 2, at 67.) As the Court stated, "Assuming you're correct that it [the Tabs data] wasn't produced, I believe it's a subject for cross-examination and it goes to the weight, not the admissibility of his testimony." (Id.) Defendant appears to be attempting to conflate -- misleadingly -- what the Court found to be a discovery issue -- namely, that defendant was entitled to the Tabs data in order to attempt to challenge Mr. Drum's analysis -- with a finding by the Court that the Tabs data actually contradicted Mr. Drum's analysis. To the contrary, the Court's finding was based on its view

that defendant was "entitled to make non-winning challenges as well as winning challenges," most notably to the financial analysis of Mr. Drum. (RT 8/24/2021 at 23.) The Court did not find that the Tabs data (which the Court had not even seen at the time) actually showed that Mr. Drum's analysis "wasn't accurate" (CR 833 at 6 (quoting RT 8/24/2021 at 60)), and defendant's attempts to mislead the Court as to its own rulings is more evidence of his bad faith. Moreover, when the government receives, from the Privilege Review Team, a copy of the Tabs data that defendant already has, the government will likely provide the relevant information to Mr. Drum so that he may factor it into his analysis, although the government does not expect it to materially alter Mr. Drum's analysis for the reasons described in the government's previous filing. (See CR 809 at 6-12.)[1]

Second, the Court should again reject defendant's arguments under Rule 703. Ignoring the Court's prior findings to the contrary, defendant argues that "[t]he government should not be permitted to circumvent the Federal Rules of Evidence and the general ban on hearsay by offering Mr. Drum as a fact witness." (CR 833 at 7-8.) As the Court previously stated prior to Mr. Drum testifying in the first trial, Mr. Drum is "not being offered as a fact witness, nor as

---

[1] Contrary to defendant's curious assertion that "[i]t would be actually impossible at this time [a month before trial] for the purported expert to perform a meaningful analysis of the suppressed financial data prior to trial" (CR 833 at 6), the government expects it will be rather straightforward to incorporate the Tabs data for the three clients for whom it existed into Mr. Drum's analysis, especially since Mr. Drum already had the Tabs data for two of them (in Trial Exhibits 48 and 174). Although Mr. Drum's analysis with regard to the severed tax and other fraud counts is more complex, the financial analysis for the client embezzlement counts is quite simple -- defendant just stole his clients' money and diverted it into his personal or business accounts to pay off his many debts or fund his lavish lifestyle, such as buying himself a private plane.

I perceive his testimony will he be testifying as a fact witness. He will report on his examination of financial records relating to Mr. Avenatti and his law firms as a forensic expert does. He will then trace where the funds went. That is an appropriate task for a forensic expert to do." (RT 8/10/2021, Vol. 1, at 18.) Defendant again claims that the government is attempting to offer Mr. Drum as a fact witness, but he offers no support for that claim -- not a single citation to Mr. Drum's actual testimony from the first trial -- and the government is still not offering Mr. Drum as a fact witness. Nor is the government having Mr. Drum "lay foundation for inadmissible and hearsay documents" (CR 833 at 8); the Court admitted the bank records through the custodian declarations marked as trial exhibits, and admitted the summary exhibits pursuant to Rule 1006.[2]

Third, the Court has already rejected defendant's arguments that Mr. Drum's summary exhibits are inadmissible under Rule 1006. Indeed, it is clear from defendant's motion that he is just repeating his same arguments, as he states that he "renews his requests to exclude previously marked government exhibits 420-450 and 456 based on their failure to comply with Rule 1006" and he "renews his objection to these summaries." (CR 833 at 9 (emphasis added).) Mr. Drum's summary exhibits remain admissible pursuant to Rule 1006, and the Court should again reject defendant's recycled arguments here.

Fourth, the Court should also again reject defendant's challenges under Rule 403. Rule 403 is designed to prevent "unfair" prejudice, meaning evidence that "not only has a significant impact

---

[2] Moreover, as the Court acknowledged when denying defendant's most recent objection to Mr. Drum, Rule 703 "allows an expert to rely upon documents that are not admitted and also rely on documents that would not be directly admissible." (RT 8/10/2021, Vol. 1, at 18.)

8

on the defendant's case" but "results in some unfairness to the defendant because of its non-probative aspect" -- that is, its tendency to "affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." United States v. Bailleaux, 685 F.2d 1105, 1111 & n.2 (9th Cir. 1982) (emphasis added); see also United States v. Blitz, 151 F.3d 1002, 1009 (9th Cir. 1998) ("some prejudice" does not necessarily constitute "unfair prejudice").[3] Mr. Drum's analysis is not unfairly prejudicial, and defendant acknowledges as much in his motion. As defendant put it, "The government relied heavily on these exhibits and Mr. Drum's explanation of them to tie together its case against the defendant." (CR 833 at 10-11.) Tying together its case against the defendant is not unfair prejudice -- it is proving the government's case, and it illustrates that Mr. Drum's testimony and summary exhibits were prejudicial precisely because they were probative of defendant's guilt. That is not the type of prejudice that Rule 403 addresses. See Bailleaux, 685 F.2d at 1111 & n.2.

Finally, the Court should, for a third time, reject defendant's request for a Daubert hearing. The Court has already found Mr. Drum to be qualified to testify as a financial expert, and his testimony at the first trial proved that he was well qualified to explain the simple tracing analysis reflected in his summary exhibits.

---

[3] Indeed, defendant concedes as much in his opposition to the government's motion in limine to exclude references to the first trial. As defendant argues, while citing an unpublished and uncitable (pre-2007) Ninth Circuit case, "Not everything that hurts is unfairly prejudicial under [Rule 403]." (CR 840 at 6-7 (emphasis in original) (quoting United States v. Akpa, 2005 U.S. App. LEXIS 12302, at *7 (9th Cir. 2005)).)

**IV. CONCLUSION**

For the foregoing reasons, the Court should deny defendant's motion in its entirety.