TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2435
Facsimile: (213) 894-6269
Email: Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
Ronald Reagan Federal Building
411 West Fourth Street, Suite 8000
Santa Ana, California 92701
Telephone: (714) 338-3598
Facsimile: (714) 338-3708
Email: Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL JOHN AVENATTI,

Defendant.

No. SA CR 19-061-JVS

GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT GOVERNMENT TRIAL EXHIBITS THAT THE COURT PREVIOUSLY ADMITTED IN THE FIRST TRIAL; EXHIBITS

Hearing Date: October 27, 2021
Hearing Time: 8:30 AM
Location: Courtroom of the Hon. James V. Selna

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby files its motion in limine to admit

government trial exhibits that the Court previously admitted in the first trial.

This motion is based upon the attached memorandum of points and authorities, the attached exhibits, the files and records in this case, and such further evidence and argument as the Court may permit.

On October 4, 2021, government counsel contacted defendant to determine if he would stipulate to the relief sought herein. Defendant declined to stipulate and opposes this motion.

Dated: October 6, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

/s/
BRETT A. SAGEL
ALEXANDER C.K. WYMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

# I. INTRODUCTION

Despite efforts by the government in advance of the first trial as well as urging by this Court for the parties to attempt to stipulate to the admissibility of certain exhibits, defendant refused to agree to the admission of any exhibits prior to trial. At the first trial, the government sought the admission of approximately 242 exhibits. Defendant objected to approximately 218 of the government's exhibits; many of defendant's objections, including objecting to his own statements offered by the government as hearsay, were not well-founded. The Court received all of the approximately 242 exhibits the government sought to admit. The Court has already confirmed -- in response to a question by defendant -- that objections made by the parties at the first trial will be deemed made at the second trial. Accordingly, and to streamline what will be a lengthy trial for jurors during the holiday season, pursuant to its inherent authority and Rule 611, the Court in its discretion should rule that all exhibits admitted at the first trial are admissible at the second trial with the same witnesses without further foundational questions.

# II. ARGUMENT

## A. Background

Prior to the first trial, the government filed a motion in limine to admit certain business records pursuant to Federal Rules of Evidence 902(11) and 803(6). (CR 473.) In denying the motion without prejudice, the Court stated:

> The Court cannot assess the admissibility of the records in a vacuum. The Court is unable to assess the sufficiency of the custodian certificates. Nor is the

> Court able to review the content of the records to determine whether the records in fact satisfy the business records exception. Even if the Court could assess these two issues, it would be imprudent to make a ruling at this time given the possibility of multiple hearsay and other factors which could vitiate the application of the business records exception.
>
> The Motion is denied without prejudice. That said, the Court urges the parties to conduct further discussions in advance of trial to see if there is agreement on the admission of specific documents.

(CR 512 (emphasis added).) Defendant refused to stipulate to the admissibility of any exhibits prior to the first trial.

At the first trial, the government moved to admit various business record exhibits pursuant to the corresponding custodian declarations. Over defendant's objections, the Court admitted each of the business record exhibits and determined the supporting custodian declarations from the People's Bank (Trial Ex. 393), California Bank and Trust (Trial Ex. 394), Honda Aircraft Company (Trial Ex. 396), and City National Bank (Trial Ex. 397) were sufficient. (See, e.g., RT 7/27/2021, Vol. I, at 85, 102; RT 7/27/2021, Vol. II, at 26, 37, 66; RT 8/10/2021, Vol. II, at 112.)

At the status conference on Monday, October 4, 2021, defendant asked the following question, which the Court confirmed was "correct": "The first is I'm assuming -- and I believe the government agrees with my position on this -- that all of Your Honor's motion in-limine rulings made prior to the first trial carry over to the next trial, and any objections or motions that were made by either side are deemed for the record to have been made in connection with this second trial." (RT 10/04/2021 at 18 (emphasis added).) In response to this request by defendant and the Court's confirmation that objections and rulings from the first trial would apply in the

second trial, the government emailed defendant after the hearing to see if defendant would agree to having exhibits admitted at the first trial be admitted at the second trial without further foundation with the agreement that defendant would not waive his prior objections. (Exhibit 1.) In response, defendant stated he would not agree to the proposal by the government and claimed his question and the Court's response only related to motions in limine. (Id.) Defendant's question and the Court's answer were not limited to motions in limine. In a further good faith effort to meet and confer about attempting to streamline the trial through a possible stipulation to the admission of exhibits that were not contested, the government asked whether defendant would agree to the admissibility of the approximately 24 exhibits to which defendant did not object at the first trial.[1] Defendant again refused. (Id.)

**B. Legal Standards**

The Supreme Court and Ninth Circuit have repeatedly found that a motion in limine allows a district court to rule on the admissibility of evidence or testimony in advance of trial. See Ohler v. United States, 529 U.S. 753, 754-55 (2000); United States v. Heller, 551 F.3d 1108, 1111-12 (9th Cir. 2009); see also United States v. Tokash, 282 F.3d 962, 968 (7th Cir. 2002) ("Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance."). District Courts have broad discretion to rule on evidentiary issues pre-trial through motions in limine based on the "court's inherent authority to manage the course of trials."

[1] Based on the government's review of the transcripts, defendant did not object to the admission of government trial exhibits 1, 2, 26, 30, 31, 32, 33, 34, 37, 46, 48, 50, 69, 70, 73, 85, 121, 122, 132, 142, 145, 146, 151, and 239.

Luce v. United States, 469 U.S. 38, 41 n.4 (1984); see also United States v. Komisaruk, 885 F.2d 490, 493 (9th Cir. 1989) (district court's in limine ruling on the admission of evidence is an evidentiary ruling and therefore the court has discretion in making its ruling); Fed. R. Evid. 611(a) ("The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time."). Although courts often reserve evidentiary rulings until trial to resolve questions of foundation, relevancy, and prejudice in context, the court can provisionally admit the evidence in advance of trial. See, e.g., United States v. Babichenko, --- F. Supp. 3d ---, 2021 WL 2419523 *1 (D. Idaho 2021).

**C. The Court Should Order the Government's Exhibits Admitted in Trial One Admitted Without Further Foundation in Trial Two and Defendant's Previously Raised Objections Are Not Waived for the Record**

To streamline what will again be a lengthy trial, and this time during the holiday season, the Court should order that the exhibits that the government admitted at the first trial may be admitted at the second trial with the same witnesses without further foundational questions asked. The Court has already resolved all issues of foundation, relevancy, prejudice, and other objections, and admitted these exhibits. In its discretion, the Court should again do so in advance of the second trial. For example, there is no doubt that the countless emails and text messages between witnesses and defendant are "true and accurate" copies of the various messages as witnesses already provided these foundational answers. The Court, in admitting the exhibits also ruled on any other objections. Requiring these

foundational questions to be asked and answered on well over a hundred exhibits -- and then resolving defendant's many objections again -- does not serve the jury's determination of the truth and only results in wasting the jury's and the Court's time.[2] Given concerns regarding COVID-19 exposure, as well as the scheduling conflicts that always arise in trials occurring close to (and, here, during) the holiday season, streamlining the trial in this manner will also mitigate the Court's previously stated concerns -- at and before the first trial -- about maintaining the jury.

In addition, as opposed to prior to the first trial, the Court has now assessed the sufficiency of the custodian certificates, reviewed the contents of the records, and ruled on other objections to determine the business record exhibits were admissible. The Court can easily rule in advance of the second trial that the various business records are admissible.

Rule 611 specifically provides this Court the discretion to control the presentation of evidence at trial, among other bases, to "avoid wasting time." The government will not repeat what it has already detailed for the Court, to which the Court was privy, regarding the manners in which defendant wasted considerable time during the first trial (CR 831). Throughout trial defendant objected to his own statements as hearsay and continued to raise the same objections in full to business records even after the Court found the custodian declarations sufficient and the business records were not

---

[2] The Honorable John F. Walter, United States District Court Judge, for example, requires the parties in some cases to meet and confer on which government trial exhibits are and are not objected to and the bases for any objections prior to trial in order to pre-admit exhibits and not waste the jury's time. An example of one of Judge Walter's orders is attached as Exhibit 2.

hearsay. At one point, defendant refused the government's stipulation to admit defendant's exhibit and insisted on asking foundational questions for three minutes before seeking to admit the same exhibit, even though the government had agreed to its admission several minutes earlier. (RT 8/12/21, Vol. I, at 61-63.) The Court should prevent defendant's gamesmanship and apparent desire to waste everyone's time and should issue an order allowing the government to admit any exhibits at the second trial without further foundational questions that the government previously admitted with the witness at the first trial. Defendant's previously raised objections will be deemed made for the record.[3]

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court admit the government's trial exhibits previously admitted at the first trial at the second trial without further foundational questions.

---

[3] If the Court wants the government to provide the exhibits previously admitted and/or any breakdown of the exhibits such as by which witness or through which custodian declaration, the government can do so.

# EXHIBIT 1

**Sagel, Brett (USACAC)**

**From:** emma hernandez [redacted] >
**Sent:** Tuesday, October 5, 2021 8:10 AM
**To:** Sagel, Brett (USACAC)
**Cc:** Dean Steward; Wyman, Alex (USACAC); Courtney Cummings
**Subject:** Re: [EXTERNAL] Re: Additional Motion in Limine

From Mr. Steward and Mr. Avenatti

Mr. Sagel: Defendant will not stipulate. Any decision not to object during the first trial was based on any number of factors, including trial testimony establishing foundation and authentication. Your repeated attempts to short circuit the requirements of the evidence code and turn the second trial into a summary proceeding are not well taken. And you are well past the motion in limine deadline and cannot demonstrate good cause.

On Mon, Oct 4, 2021 at 5:51 PM Sagel, Brett (USACAC) <Brett.Sagel@usdoj.gov> wrote:

> For defendant:
>
> Prior to the first trial we attempted to meet and confer on exhibits of which the parties could stipulate to the admissibility. You declined to enter into any such stipulation. During the trial, the government moved for the admission of the following exhibits to which defendant stated "no objection": Exhibits 1, 2, 26, 30, 31, 32, 33, 34, 37, 46, 48, 50, 69, 70, 73, 85, 121, 122, 132, 142, 145, 146, 151, and 239. Are you willing to enter into a stipulation of the admissibility of these exhibits prior to the second trial? Please let us know by noon tomorrow.
>
> ---
>
> **From:** emma hernandez [redacted] >
> **Sent:** Monday, October 4, 2021 4:42 PM
> **To:** Sagel, Brett (USACAC) <BSagel@usa.doj.gov>
> **Cc:** Dean Steward <deansteward7777@gmail.com>; Wyman, Alex (USACAC) <AWyman@usa.doj.gov>; Courtney Cummings [redacted] >
> **Subject:** [EXTERNAL] Re: Additional Motion in Limine
>
> From Mr. Steward and Mr. Avenatti
>
> Mr. Sagel:

First, that was not the question nor the Court's statement (both of which related to motions in limine). Second, defendant opposes the effort by the government to have the Court carte blanche admit all of the documents from the first trial without the government complying with the Rules of Evidence and without permitting the defense an opportunity to object. If the government wishes to admit exhibits at trial, they will need to strictly comply with the rules of evidence, at which time defendant will object if appropriate. Defendant will not agree to either requested form of relief.

On Mon, Oct 4, 2021 at 12:33 PM Sagel, Brett (USACAC) <Brett.Sagel@usdoj.gov> wrote:

> For defendant:
>
> Based on your question to the Court today and the Court's confirmation that all of the Court's rulings from the first trial would apply in the second trial, the Government plans to file a motion in limine this Wednesday to seek to have the Court pre-admit the exhibits that the Court admitted in the first trial (or issue an Order that those exhibits are admissible without further foundation during examination in the second trial) pursuant to Rule 611 in order to streamline the government's case-in-chief, with the understanding that the defense is not waiving any of its objections from the first trial to the government's exhibits. Please let us know by 9 a.m. tomorrow whether you would agree to the relief sought and, if not, whether you would agree to shorten time on filing the motion in limine by this Wednesday to be heard on October 27, 2021, at the previously scheduled pre-trial hearing.

--

Emma Hernandez, Paralegal

--

Emma Hernandez, Paralegal

# EXHIBIT 2

Case 2:18-cr-00809-JFW Document 46 Filed 01/31/19 Page 1 of 3 Page ID #:297

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,
v.
ALI F. ELMEZAYEN,
Defendant.

Case No. **CR18-809 JFW**

**AMENDED CRIMINAL TRIAL ORDER**

The above matter is set for trial on June 18, 2019 before the Honorable John F. Walter, Courtroom 16, United States Courthouse. In addition to the filing deadlines required by the Court in the Criminal Trial Order filed on November 30, 2018 as modified the Court's order dated December 18, 2018, the Court Orders the following:[1]

1. The Government shall prepare (but not file) a Pre-Trial Exhibit List which shall contain a numbered list of all

[1] The Pre-Trial Exhibit List, Joint Pre-Trial Exhibit Stipulation, and Pre-Trial Witness List described herein are in addition to, and do not replace, counsel's obligations to comply with the Court's Criminal Trial Order and the Local Rules regarding exhibit and witness lists.

of the exhibits the Government intends to offer during trial. For each exhibit listed, the Government shall identify the exhibit by providing the following information: title, date, number of pages, and author (if identified in the document) (collectively the "description" of the exhibit). The Government shall also identify each witness it anticipates will testify about and/or lay the foundation for the exhibit. The Government shall provide a copy of the foregoing Pre-Trial Exhibit List to the Defendant no later than **June 3, 2019.** Within three (3) calendar days of receipt of the Government's Pre-Trial Exhibit List, counsel for Defendant shall meet and confer with the Government, **in person**, to prepare a Joint Pre-Trial Exhibit Stipulation. The Joint Pre-Trial Exhibit Stipulation shall set forth the Defendant's objections to the Government's exhibits, if any, the basis for each objection and the Government's response to the objection. All exhibits to which there is no objection shall be admitted into evidence. The parties shall stipulate to the authenticity of exhibits whenever possible, and the Pre-Trial Exhibit Stipulation shall identify any exhibits for which authenticity has not been stipulated to and the specific reasons for Defendant's failure to stipulate.

The Joint Pre-Trial Exhibit Stipulation filed by the Government and the Defendant shall be substantially in the following form:

Joint Pre-Trial Exhibit Stipulation

Government's Exhibits

| Number | Description | Witness | If Objection, State Grounds | Response to Objection |
| --- | --- | --- | --- | --- |

Case 2:18-cr-00809-JFW Document 46 Filed 01/31/19 Page 3 of 3 Page ID #:299

The Joint Pre-Trial Exhibit Stipulation shall be filed no later than **June 10, 2019**. Failure by the Defendant to meet and confer and/or advise the Government of his objections will constitute a waiver of those objections unless the Defendant is able to demonstrate good cause for his failure to comply with this Order.

2. The Government shall prepare a Pre-Trial Witness List identifying the witnesses it intends to call during trial in the order that the witnesses will be called, including a brief summary of each witness's expected testimony and an estimate of the length of time needed for direct examination. The Government shall file its Pre-Trial Witness List on or before **June 12, 2019**. The Defendant shall file, no later than **June 14, 2019**, a response to the Government's Pre-Trial Witness List identifying the approximate length of time counsel anticipate they will need for cross-examination of the Government's witnesses.

IT IS SO ORDERED.

Dated: January 31, 2019

JOHN F. WALTER
UNITED STATES DISTRICT JUDGE