1  Michael John Avenatti (Pro Se)

2  H. Dean Steward, SBN 85317
3  17 Corporate Plaza, Suite 254
   Newport Beach, California 92660
4  Tel (949) 481-4900
   Fax (949) 706-9994
5  Email: DeanSteward7777@gmail.com

6  Advisory Counsel for Defendant
   MICHAEL JOHN AVENATTI

7

8              UNITED STATES DISTRICT COURT

9           FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME AND SETTING A BRIEFING SCHEDULE ON GOVERNMENT'S MOTION IN LIMINE TO ADMIT TRIAL EXHIBITS THAT THE COURT PREVIOUSLY ADMITTED IN THE FIRST TRIAL |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his advisory counsel of record, H. Dean Steward, hereby files his Opposition to the Government's Ex Parte Application for an Order Shortening Time and Setting a Briefing Schedule on Government's Motion *In Limine* to Admit Trial Exhibits that the Court Previously Admitted in the First Trial.

Dated:  October 7, 2021            Respectfully submitted,

                                   /s/ Michael J. Avenatti
                                   _____
                                   Defendant
                                   MICHAEL JOHN AVENATTI

On October 6, 2021, the government filed an *ex parte* application seeking an order shortening time and setting a briefing schedule on the government's *in limine* motion for an order to admit the government's trial exhibits that the Court previously admitted in the first trial at the next trial. The application should be denied because the government has not shown good cause for the application or their failure to meet the deadline for filing the motion, nor can they.

<u>First,</u> the government's *in limine* motion [Dkt. 845] is untimely and the government fails to offer any reasonable excuse for its failure to timely file the motion. Local Rule 6-1 states "[u]nless otherwise provided by rule or order of the Court, … The notice of motion shall be filed with the Clerk not later than <u>twenty-eight (28) days set for hearing</u>." (emphasis added). The Court's individual rules, describe "Ex Parte applications are for <u>extraordinary relief only</u>." Hon. James. V. Selna, *Judge's Procedures, No. 6* (emphasis added). On September 20, 2021, the Court set the final, pretrial conference for October 27, 2021 and, in response to an inquiry by AUSA Sagel, made it clear that the parties should file their *in limine* motions accordingly. The government had ample time to prepare and file their *in limine* motion before the deadline but failed to. Accordingly, no good cause exists for the application.

<u>Second,</u> the government claims that the "motion <u>in limine</u> only became ripe at the October 4, 2021, status conference when defendant asked, and the Court confirmed, that previously made rulings from the first trial will carry over to the next trial and objections will be deemed made for the record." [Dkt. 844, p. 4]. This is demonstrably false on two fronts, including that it misstates what was said at the October 4 status conference.

On September 29, 2021, Mr. Avenatti contacted the government and asked to address a number of issues relating to the motions *in limine*. Specifically, the defense indicated: "First, we are assuming that the government agrees that each of the Court's **prior in limine rulings apply to the re-trial** and that the parties need not refile their previously filed motions in advance of the re-trial and they are deemed made in

connection with the re-trial. Please let us know your position by 5:00 p.m. today so that we may bring the issue to the attention of the Court if necessary."[1] (emphasis added). That same day, AUSA Wyman replied, "**We do agree that the Court's prior in limine rulings apply to the retrial**, including the Court's prior denials of the defendant's previous motions to exclude John Drum pursuant to all the rules you cite below." (emphasis added). Nothing was said about the objections made during trial in connection with specific items of evidence.

Five days later, on October 4, 2021, the defendant confirmed this understanding with the Court to ensure there was a proper record. Mr. Avenatti stated, "I believe the government agrees with my position on this -- that all of Your Honor's **motion in-limine rulings** made prior to the first trial carry over to the next trial, and any objections or motions that were made by either side are deemed for the record to have been made in connection with this second trial." Trial Tr. (10/04/2021, Vol. 1) pp. 17-18 (emphasis added). The Court agreed, "Correct." *Id.* at p. 18. The government said nothing in connection this representation by the defendant.

The government comes now, by way of an application signed under penalty of perjury, claiming, "[a]s described more fully in the simultaneously filed motion in limine, part of the basis for the motion in limine only became ripe at the October 4, 2021, status conference when defendant asked, and the Court confirmed, that previously made rulings from the first trial will carry over to the next trial and objections will be deemed made for the record." [Dkt. 844, p. 4]. In the government's instant application and its attached motion *in limine*, however, the government fails to quote what was actually said and misleads the Court as to what was said and the context. The government also fails to alert the Court to the fact that the defendant raised the *in limine* issue days prior in his September 29, 2021 email correspondence. The prosecution

---

[1] For context, the e-mail correspondence between the defense and the government also requested that the government provide the defendant with its position regarding the defense's anticipated motion to exclude government expert John Drum.

distorts the defendant's language within the October 4, 2021 status conference by arguing that defendant was referring to the evidentiary rulings and objections made during trial. Mr. Avenatti's language was clear that he was referring to "<u>motion in-limine rulings</u>" made "<u>prior</u>" to the trial.

    <u>Third</u>, the government cannot show good cause for the relief sought because the proposed *in limine* motion is devoid of all merit. Clear U.S. Supreme Court and Ninth Circuit precedent provides that a new trial leaves the parties in the "same situation as if no trial had ever taken place…" *See, e.g., United States v. Jimenez Recio*, 371 F.3d 1093, 1105, n. 11; *citing United States v. Ayres*, 76 U.S. 608 (1869). The law is clear that a declaration of a mistrial renders all trial proceedings null and void, with the same result as if there had been no trial at all. It is analogous to that which results from an appellate reversal and remand for new trial. The parties are returned to their original positions and, at the new trial, can assert their objections, including new objections, anew. *See*, *e.g.*, *United States v. Shotwell Mfg. Co.*, 355 U.S. 233, 243 (1957). Accordingly, the government is required to law a proper foundation and follow the rules of evidence at the new trial if they wish to admit exhibits – they cannot simply wholesale "adopt" the foundation, etc. from the first trial in order to admit hundreds of exhibits. Nor may they preclude defendant from making new objections as to those exhibits. A new trial is just that – a "<u>NEW</u> trial."

    For each of the below reasons, the government's application should be denied.

Dated: October 7, 2021          Respectfully submitted,

                                    <u>/s/ Michael J. Avenatti</u>

                                    Defendant
                                    MICHAEL JOHN AVENATTI

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California. I am not a party to the above-entitled action. I have caused, on October 7, 2021 service of the:

DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME AND SETTING A BRIEFING SCHEDULE ON GOVERNMENT'S MOTION IN LIMINE TO ADMIT TRIAL EXHIBITS THAT THE COURT PREVIOUSLY ADMITTED IN THE FIRST TRIAL

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 7, 2021

/s/ H. Dean Steward
H. Dean Steward