1  Michael John Avenatti (Pro Se)

2  H. Dean Steward, SBN 85317
3  17 Corporate Plaza, Suite 254
   Newport Beach, California 92660
4  Tel (949) 481-4900
   Fax (949) 706-9994
5  Email: DeanSteward7777@gmail.com

6
7  Advisory Counsel for Defendant
   MICHAEL JOHN AVENATTI

8

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT TRIAL EXHIBITS THAT THE COURT PREVIOUSLY ADMITTED IN THE FIRST TRIAL |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his advisory counsel of record, H. Dean Steward, hereby files his Opposition to the Government's Motion *In Limine* to Admit Trial Exhibits that the Court Previously Admitted in the First Trial. Defendant's Opposition is based on the attached memorandum of points and authorities; the files, records and transcripts in this case; and argument as the Court may permit at a hearing.

Dated: October 8, 2021                     Respectfully submitted,

                                           /s/ Michael J. Avenatti

                                           Defendant
                                           MICHAEL JOHN AVENATTI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On August 24, 2021, after approximately six weeks of trial, this Court found that the government had committed a significant *Brady* violation that prejudiced the defendant and required a mistrial. Thousands of manhours of work and hundreds of thousands of dollars were lost, not to mention the emotional toll incurred by many, all because the government failed for over two years to do what the law required them to do and what the defendant had repeatedly begged them to do – simply give the defendant the discovery he is entitled to so he can present his defense.

In the weeks since the mistrial, the government has continued to suggest, if not outright claim, that the *Brady* violation was not their fault. This is ludicrous. <u>There is no such thing as a *Brady* violation that is not the fault of the government</u>. A *Brady* violation, whether inadvertent or purposeful, can only result from government misfeasance and/or malfeasance. Either way, the government, and the government alone, is responsible for the waste of resources associated with the first trial and any need for another trial.

Despite this fact, the government's motion attempts to blame Mr. Avenatti, while advocating for the extraordinary relief of having the Court ignore the rules of evidence and simply admit all exhibits admitted during the first trial, regardless of basic evidentiary concepts like foundation, authentication, and witness availability. The Court should reject this effort. The prosecution should not be permitted to meet its evidentiary requirements by relying on the testimony and foundational steps taken during the first trial to admit its evidence in any subsequent trial, especially when the government's conduct caused the mistrial. Requesting that the Court rule in a vacuum and admit all of the previously admitted exhibits is equally improper. For each of the reasons set forth herein, the Court should deny the motion.

## II.   FACTUAL BACKGROUND

On May 31, 2021, the government filed a Motion in Limine to Admit Business Records Under the Self-Authentication Provision of the Federal Rules of Evidence 902(11). [Dkt. 473]. As stated by the government, this motion was denied and the Court indicated, "The Court cannot assess the admissibility of the records in a vacuum… it would be imprudent to make a ruling at this time given the possibility of multiple hearsay and other factors which could vitiate the application of the business records exception." [Dkt. 512].[1]

During trial, the government admitted 236 exhibits into evidence. The government indicates that the Court "received all of the approximately 242 [sic] exhibits the government sought to admit." [Dkt. 845, p. 3].[2] After the Court declared a mistrial as a result of the government's suppression of key financial data, the Court set a new trial date for November 2, 2021. [Dkt. 804]. Shortly thereafter, the Court set a final pretrial conference for October 27, 2021. [Dkt. 823]. In anticipation of the motions *in limine*, the defense contacted the government and requested its position as to the Court's prior rulings on the motions in limine and their application to any subsequent trial.

On September 29, 2021, Mr. Avenatti contacted the government and asked to address a number of issues relating to the motions *in limine*. Specifically, the defense indicated: "First, we are assuming that the government agrees that each of the Court's prior in limine rulings apply to the re-trial and that the parties need not refile their

---

[1] The prosecution and the defense have both stipulated, and the Court agreed, that the *in limine* rulings would remain in effect for any subsequent trial. This agreement is inclusive of the relief sought by the government, and previously denied by the Court, in connection with the wholesale admission of exhibits identified as business records.

[2] A review of the Court's summary of the government's exhibits establishes that 236 exhibits were admitted into evidence, not 242. *See* Dkt. 782. The government's calculation also fails to consider that many exhibits were introduced for a limited purpose.

2

previously filed motions in advance of the re-trial and they are deemed made in connection with the re-trial. Please let us know your position by 5:00 p.m. today so that we may bring the issue to the attention of the Court if necessary."[3] (emphasis added). That same day, AUSA Wyman replied, "<u>We do agree that the Court's prior in limine rulings apply to the retrial,</u> including the Court's prior denials of the defendant's previous motions to exclude John Drum pursuant to all the rules you cite below." (emphasis added). Nothing was said about the objections or rulings made during trial in connection with specific items of evidence. Indeed, at no time has the defendant agreed to limit his objections at any subsequent trial to those made during the first trial, nor has he agreed that evidentiary rulings during the first trial apply to any subsequent trial.

On October 4, 2021, the Court held a status conference. During the hearing, the defendant confirmed his understanding of the previous in limine rulings with the Court to ensure that all parties were in agreement and that the Court concurred with the parties' stipulation. Mr. Avenatti stated, "I believe the government agrees with my position on this -- that all of Your Honor's <u>motion in-limine rulings</u> made prior to the first trial carry over to the next trial, and any objections or motions that were made by either side are deemed for the record to have been made in connection with this second trial." Trial Tr. (10/04/2021, Vol. 1) pp. 17-18 (emphasis added). The Court agreed, "Correct." *Id.* at p. 18. The government said nothing in connection this representation by the defendant.

After the hearing on October 4, 2021, the government contacted the defense and manipulated the words of the Court and the prior agreements by the parties, "Based on your question to the Court today and the Court's confirmation that all of the Court's rulings from the first trial would apply in the second trial, the Government plans to file a motion in limine this Wednesday to seek to have the Court pre-admit the exhibits that the

---

[3] For context, the e-mail correspondence between the defense and the government also requested that the government provide the defendant with its position regarding the defense's anticipated motion to exclude government expert John Drum.

3

Court admitted in the first trial…"[4] *See,* [Dkt. 845, p. 11]. The defense responded by stating "that was not the question nor the Court's statement (both of which related to motions in limine)." [Dkt. 845, p. 11]. AUSA Sagel then asked whether Mr. Avenatti would stipulate to the exhibits introduced during the first trial to which the defendant had no objection. The defense responded by stating that he would not stipulate and that "[a]ny decision not to object during the first trial was based on any number of factors…" [Dkt. 845, p. 10].

On October 6, 2021, the government filed its motion seeking to have the Court wholesale admit the trial exhibits from the first trial. [Dkt. 845].

### III.  LEGAL STANDARD

A motion *in limine* must be "specific enough for the Court to determine the admissibility of certain evidence at trial." *Abdulal v. United States,* 2005 U.S. Dist. LEXIS 52747, at *3-4 (W.D. Wash. 2005). When addressing such motions, rather than ruling in a vacuum without the benefit of context and other evidence, the Court "is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007). As opposed to tackling the admissibility of evidence in a vacuum on a motion in limine, "a better practice is to deal with questions of admissibility as they arise [in actual trial]." *Jackson v. Cnty. of San Bernardino,* 2106 U.S. Dist. LEXIS 184177, at *4 (C.D. Cal. 2016); *quoting Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708 (6th Cir. 1975); *See also, United States v. Marino*, 200 F.3d 6, 11 (1st Cir. 1999)(recognizing that proffered evidence can be more accurately assessed in the context of other evidence).

---

[4] The correspondence marked as government Exhibit 1 and the government's motion begs the question: if the prosecution was under the impression that there was a true meeting of the minds and an agreement that <u>all prior evidentiary rulings</u> would apply, then why express interest in filing, and ultimately file, the instant request for relief?

4

The instant motion *in limine* seeks the wholesale admission of <u>all</u> exhibits the government successfully admitted during the first trial. This is improper.

    A mistrial "is commonly defined as '[a] trial that a judge brings to an end, without a determination on the merits, because of a procedural error or serious misconduct during the proceedings.'" *Cole v. Lizarraga*, 2017 U.S. Dist. LEXIS 120015, 39-40 (9th Cir. 2017); *quoting Black's Law Dictionary* at 1023 (8th ed. 2004). In order words, a mistrial "is equivalent to no trial and is [a] nugatory trial." *Id. citing In Re Bartholomae's Estate*, 261 Cal. App. 2d 839, 842 (1968). The law is clear that a declaration of a mistrial renders all trial proceedings null and void, with the same result as if there had been no trial at all. It is analogous to that which results from an appellate reversal and remand for new trial. The parties are returned to their original positions and, at the new trial, can assert their objections, including new objections, anew. The Ninth Circuit has recognized, "the Supreme Court held long ago:

> 'It is quite clear, that <u>the order granting a new trial has the effect of vacating the former judgment, and to render it null and void, and the parties are left in the same situation as if no trial had ever taken place</u> … This is the legal effect of a new trial by a court competent to grant it.'"

*United States v. Jimenez Recio*, 371 F.3d 1093, 1105, n. 11 (9th Cir. 2004); *citing United States v. Ayres*, 76 U.S. 608 (1869)(emphasis added). With the granting of a new trial, the parties are returned to their original positions and, at the new trial, can assert their objections, including new objections, anew. *See*, *e.g.*, *United States v. Shotwell Mfg. Co.*, 355 U.S. 233, 243 (1957); *United States v. Howard*, 2104 U.S. Dist. LEXIS 200232, at *4 (D. Nev. 2014)( A mistrial is "a nugatory proceeding."); *United States v. Mischilch*, 310 F. Supp. 669, 672 (D. N.J. 1970)("The declaration of a mistrial renders rogatory all trial proceedings with the same result as if there had been no trial at all. The situation which exists is analogous to that which results from an appellate reversal and remand for new trial. The parties are returned to their original positions…"); *Newton v. Superior*

*Court of Cal.,* 803 F.2d 1051, 1056 (9th Cir. 1986)(upholding the state court determination that a mistrial is tantamount to no trial).

### IV. ARGUMENT

<u>First</u>, the government relies on Federal Rule of Evidence 611 for the proposition that the Court may admit "any exhibits at the second trial without further foundational questions that the government previously admitted with the witness at the first trial." [Dkt. 845, p. 8]. The government asks that the Court to exercise its discretion in order to "prevent defendant's gamesmanship and apparent desire to waste everyone's time…" [Dkt. 845, p. 9]. There is nothing in Rule 611, and the government <u>fails to cite a single case</u>, that supports the notion that Rule 611 (or any other rule for that matter) allows for the wholesale admission of 236 exhibits in a new trial without any proper foundation or authentication beyond that which was provided in a trial that was rendered null and void due to the government's own conduct. Rule 611 does not allow for the admission of over 200 exhibits, without any foundational testimony, in an effort to *save time*.

<u>Second</u>, the factors surrounding the government's attempts to admit each of the 236 exhibits will determine whether or not previously admitted evidence should be admitted once again. The government's instant motion treats each of its witness' availability and presence at trial as a foregone conclusion and assumes that each witness's testimony during the first trial will identically mirror the witness's statements during any subsequent trial. The government's instant motion also fails to consider that newly produced evidence could undermine the authenticity or admissibility of previously admitted exhibits. If the relevant testimony changes, a witness is no longer available or newly produced evidence undermines prior exhibits, the evidentiary analysis relating to the exhibit will change as well. It is for these reasons, among others, that the defendant has refused to stipulate to the relief sought and to the admission of exhibits.

<u>Third</u>, defendant may lodge different, or additional, objections to the offered exhibits at the time of any subsequent trial, depending on the evidence and testimony received. Until then, it is far too speculative to know exactly what may occur.

<u>Finally</u>, the nature of the mistrial and the evidence that has come to fruition since the mistrial will likely alter the reliability, foundation and potential admissibility of many specific exhibits that were introduced during the first trial. By way of example only, during the first trial the government relied extensively on government exhibits 48 and 174 to establish the costs associated with the Johnson and Barela cases, respectively. Now that these exhibits have been found to be incomplete and outdated, the Court's view on these exhibits' admissibility, when compared to the updated versions, may change. Additionally, in light of the newly produced materials, the defense has filed a Motion in Limine to Exclude Expert Testimony of John Drum, which requested the exclusion of Mr. Drum as well as his summary charts based upon the purported expert's failure to consider, and include within his analysis, a large portion of the data available to the government. *See* Dkt. 833. Should the Court grant the defendant's motion, in full or in part, the exhibits would need to be amended and/or excluded in full.

For these reasons, the government's request for relief must be denied. The prosecution is required to prove each element beyond a reasonable doubt through the presentation of witnesses and the proper admission of evidence in accordance with the Rules of Evidence. The government fails to cite a single case, nor can they, for the proposition that the government may cause a mistrial after nearly <u>six weeks</u> of trial, complain about the waste of time (that they alone caused), and then admit 236 exhibits in a wholesale fashion "without further foundational questions," by relying on the testimony from the first trial (which was rendered null and void under the law).

V. **CONCLUSION**

Based on the foregoing, Mr. Avenatti asks that the Court deny the Government's motion.

7

Dated: October 8, 2021                    Respectfully submitted,

                                          /s/ Michael J. Avenatti

                                          Defendant
                                          MICHAEL JOHN AVENATTI

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California. I am not a party to the above-entitled action. I have caused, on October 8, 2021 service of the:

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT TRIAL EXHIBITS THAT THE COURT PREVIOUSLY ADMITTED IN THE FIRST TRIAL

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 8, 2021

/s/ H. Dean Steward
H. Dean Steward

9