Michael John Avenatti (Pro Se)

H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 706-9994
Email: DeanSteward7777@gmail.com

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>                v.<br><br>MICHAEL JOHN AVENATTI,<br><br>                Defendant. | SA CR No. 19-061-JVS<br><br>DECLARATION OF MICHAEL JOHN AVENATTI IN SUPPORT OF DEFENDANT'S MOTION FOR AN ORDER TO SHOW CAUSE RE CIVIL CONTEMPT AND FINDING OF CONTEMPT; AND MOTION TO COMPEL DISCOVERY<br><br>(Exhibits attached hereto) |

## <u>DECLARATION OF MICHAEL JOHN AVENATTI</u>

I, Michael John Avenatti, declare as follows:

1.  I have knowledge of the facts set forth below. Each of the following statements are true and correct to the best of my knowledge.

2.  I am the defendant in *United States v. Michael John Avenatti* (CDCA Case No. SA CR No. 19-061-JVS) and am appearing in this matter *pro se*. I was previously represented in this case by John Littrell, Esq. and H. Dean Steward, Esq.  Mr. Steward presently serves as my advisory counsel.  The government was initially represented in this matter by AUSA Brett Sagel and AUSA Julian Andre. AUSA Andre later left the U.S. Attorney's Office in early 2021 and was replaced with AUSA Alexander Wyman.  AUSA Wyman and AUSA Sagel represent the government as of this filing.

3.  Attached hereto as <u>Exhibit A</u> is a true and correct copy of a letter sent from defense counsel H. Dean Steward to AUSA Brett Sagel and AUSA Julian Andre on <u>May 15, 2019</u>.

4.  Attached hereto as <u>Exhibit B</u> is a true and correct copy of a letter sent from defense counsel H. Dean Steward to AUSA Brett Sagel and AUSA Julian Andre on <u>May 22, 2019</u>.

5.   Attached hereto as <u>Exhibit C</u> is a true and correct copy of a letter sent from defense counsel H. Dean Steward to AUSA Brett Sagel and AUSA Julian Andre on <u>June 25, 2019</u>.

6.   Attached hereto as <u>Exhibit D</u> is a true and correct copy of a letter sent from defense counsel H. Dean Steward to AUSA Brandon D. Fox on <u>February 17, 2021</u>.  At the time of this letter, AUSA Fox served as the Chief of the Criminal Division for the U.S. Attorney's Office for the Central District of California and regularly appeared on the filings for the government in this matter. AUSA Brett Sagel and AUSA Julian Andre were sent a copy of this correspondence on February 17, 2021.

7.   Attached hereto as <u>Exhibit E</u> is a true and correct copy of a letter sent to defense counsel H. Dean Steward from AUSA Brett Sagel on <u>March 1, 2021</u>. AUSA Brandon Fox and AUSA Alexander Wyman were also copied on this correspondence.

8.   Attached hereto as <u>Exhibit F</u> is a true and correct copy of a letter sent from defense counsel H. Dean Steward to AUSA Brett Sagel and AUSA Alexander Wyman on <u>April 8, 2021</u>.

9.   Attached hereto as <u>Exhibit G</u> is a true and correct copy of an email sent from AUSA Brett Sagel to defense counsel H. Dean Steward and AUSA Alexander Wyman on <u>April 14, 2021</u>.

10. Attached hereto as <u>Exhibit H</u> is a true and correct copy of a letter sent from defense counsel H. Dean Steward to AUSA Brett Sagel and AUSA Alexander Wyman on <u>April 15, 2021</u>.

11. Attached hereto as Exhibit I is a true and correct copy of an email sent from AUSA Brett Sagel to defense counsel H. Dean Steward and AUSA Alexander Wyman on April 21, 2021.

12. Attached hereto as Exhibit J is a true and correct copy of a letter sent from me and Mr. Steward to AUSA Brett Sagel and AUSA Alexander Wyman on August 26, 2021.

13. Attached hereto as Exhibit K is a true and correct copy of an email sent from AUSA Alexander Wyman to the defense and copied to AUSA Brett Sagel on September 10, 2021.

14. Attached hereto as Exhibit L is a true and correct copy of an email sent from me and Mr. Steward to AUSA Alexander Wyman and AUSA Brett Sagel on September 10, 2021.

15. Attached hereto as Exhibit M is a true and correct copy of an email sent from me and Mr. Steward to AUSA Alexander Wyman and AUSA Brett Sagel on September 20, 2021.

16. Attached hereto as Exhibit N is a true and correct copy of an email sent from me and Mr. Steward to AUSA Alexander Wyman and AUSA Brett Sagel on September 22, 2021.

17. Attached hereto as Exhibit O is a true and correct copy of an email sent from me and Mr. Steward to AUSA Alexander Wyman and AUSA Brett Sagel on September 29, 2021.

18. Attached hereto as <u>Exhibit P</u> is a true and correct copy of an email sent from me and Mr. Steward to AUSA Alexander Wyman and AUSA Brett Sagel on <u>October 5, 2021</u>.

19. Attached hereto as <u>Exhibit Q</u> is a true and correct copy of an email sent from AUSA Alexander Wyman to the defense and copied to AUSA Brett Sagel on <u>October 5, 2021</u>.

20. Attached hereto as <u>Exhibit R</u> is a true and correct copy of an email sent from me and Mr. Steward to AUSA Alexander Wyman and AUSA Brett Sagel on <u>October 5, 2021</u>.

21. Attached hereto as <u>Exhibit S</u> is a true and correct copy of an email sent from AUSA Brett Sagel to the defense and copied to AUSA Alexander Wyman on <u>October 5, 2021</u>.

22. Attached hereto as <u>Exhibit T</u> is a true and correct copy of an email sent from me and Mr. Steward to AUSA Alexander Wyman and AUSA Brett Sagel on <u>October 5, 2021</u>.

   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 11, 2021

_____

MICHAEL JOHN AVENATTI

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27    EXHIBIT A
28

H. Dean Steward
ATTORNEY AT LAW

107 Avenida Miramar
Suite "C"
San Clemente, CA 92672
949-481-4900

May 15, 2019

Brett Sagel & Julian Andre
Asst. U.S. Attorneys
411 W. 4th St., 8th Floor
Santa Ana, CA 92701

Re: US v. Michael Avenatti discovery

Gentlemen-

I request the following discovery:

1. All documents, information, materials, electronic information, etc. referenced in the complaint, including but not limited to forensic copies of all electronic files, computers, servers, drives, USB keys, cell phones, and iPads.

2. All documents, information, materials, electronic information, etc. referenced in the indictment, including but not limited to forensic copies of all electronic files, computers, servers, drives, USB keys, cell phones, and iPads.

3. All documents, information, materials, electronic information, etc. obtained from Michael Avenatti at the time of his arrest, including but not limited to forensic copies of all electronic files, computers, servers, drives, USB keys, cell phones, and iPads.

1

4. All documents, information, materials, electronic information, etc. obtained from Judy Regnier and/or a search of the residence of Judy Regnier, including but not limited to forensic copies of all electronic files, computers, servers, drives, USB keys, cell phones, and iPads.

5. All documents, information, materials, electronic information, etc. obtained from Filippo Marchino and/or The X-Law Group or any corresponding search including but not limited to forensic copies of all electronic files, computers, servers, drives, USB keys, cell phones, and iPads.

6. All documents, information, materials, electronic information, etc. obtained from Brian Weiss and/or Eagan Avenatti, LLP or any corresponding search including but not limited to forensic copies of all electronic files, computers, servers, drives, USB keys, cell phones, and iPads.

7. All documents, information, materials, electronic information, etc. obtained from the residence of Michael Avenatti, including but not limited to forensic copies of all electronic files, computers, servers, drives, USB keys, cell phones, and iPads.

8. All documents, information, materials, electronic information, etc. obtained from Jason Frank, Andrew Stolper, or Scott Sims, including but not limited to forensic copies of all electronic files, computers, servers, drives, USB keys, cell phones, and iPads.

9. All documents, text messages, emails, materials, etc. relating to or reflecting any communications regarding Mr. Avenatti with Jason Frank, Andrew Stolper, or Scott Sims.

10. All documents, text messages, emails, materials, etc. relating to or reflecting any communications regarding Mr. Avenatti with Donald J. Trump, or any other individual employed at the White House, and William Barr of the Department of Justice.

11. Copies of any search warrants concerning Mr. Avenatti.

12.  Copies of any subpoenas concerning Mr. Avenatti.

13.  Copies of all information and recordings obtained in connection with any wiretap, wire, electronic monitoring or surveillance of Mr. Avenatti, Ms. Regnier, Mr. Marchino or any other witness.

14. All documents, information, materials, electronic information, etc. obtained from David Nold, including but not limited to forensic copies of all electronic files, computers, servers, drives, USB keys, cell phones, and iPads.

15. All documents, text messages, emails, materials, etc. relating to or reflecting any communications regarding Mr. Avenatti with David Nold.

16. All documents, information, materials, electronic information, etc. obtained from any current or former employee associated with any company that you maintain was controlled by Michael Avenatti in whole or in part, including but not limited to forensic copies of all electronic files, computers, servers, drives, USB keys, cell phones, and iPads.

15. All documents, text messages, emails, materials, etc. relating to or reflecting any communications regarding Mr. Avenatti with any current or former employee associated with any company that you maintain was controlled by a Michael Avenatti in whole or in part.

16.  My client's statements:  Under Fed. R. Crim. P. 16(a)(1)(A), the defendant is entitled to disclosure of all copies of any written or recorded statements made by the defendant.

17.  All arrest reports, together with notes.  This request includes, but is not limited to, any rough notes records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained.  This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and *Brady v. Maryland*, 373 U.S. 83 (1963).  See also *Loux v. U.S.* 389 F.2d 911 (9th Cir. 1968); U.S.

3

v. Johnson, 525 F.2d 999 (2d Cir. 1975); U.S. v. Lewis, 511 F.2d 798 (D.C. Cir. 1975); *U.S. v. Pilnick,* 267 F. Supp. 791 (S.D.N.Y. 1967).

19. *Brady* material: I request all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. ( i.e. 8, 9 and 10, above). Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused. See *U.S. v. Bagley*, 473 U.S. 667 (1985); *U.S. v. Agurs*, 427 U.S. 97 (1976).

20. Tangible objects: I'd request, under Fed. R. Crim. P. 16(a)(2)(C), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, buildings, automobiles, or places, or copies, depictions, or portions thereof which are material to the defense or intended for use in the government's case-in-chief, or were obtained for or belong to the defendant.

21. Information regarding informants and cooperating witnesses: I'd request that the government provide all relevant information concerning any informants or cooperating witnesses involved in this case. At a minimum, the government is obligated to disclose the identification and location of any informants or cooperating witnesses, as well as the identity and location of any other percipient witnesses unknown to the defendant. *Roviaro v. U.S.,* 353 U.S. 53 (1957). Specifically, the defendant requests all "'documents, and information relating to the period between [all potential or actual informer/accomplice/cooperating witness's] initial contact with the government regarding possible cooperation and the point at which the witness and the government reached an agreement concerning [such person's possible] testimony' in this case." *United States v. Sudikoff,* 36 F.Supp.2d 1196 (C.D. Cal. 1999).

4

22.  Evidence of bias or motive to lie-  The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. *Pennsylvania v. Ritchie,* 480 U.S. 39 (1987); *U.S. v. Strifler*, 851 F.2d 1197 (9th Cir. 1988).

23.  *Impeachment evidence*:  The defendant requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant.  See Fed. R. Evid. 608, 609 and 613.  Such evidence is discoverable under *Brady*, 373 U.S. at 83.  See *U.S. v. Strifler*, above (witness' prior record), *Thomas v. U.S.*, 353 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

23.  Evidence of criminal investigation of any government witness: I'd request any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.  *U.S. v. Chitty,* 760 F.2d 425 (2d Cir. 1985).

24.  Names of witnesses favorable to the defendant:  I'd request the name of any witness who has made an arguably favorable statement concerning the defendant. *Jackson v. Wainwright,* 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina,* 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir. 1978); *Hudson v. Blackburn,* 601 F.2d 785 (5th Cir. 1979).

25. Jencks Act Material:  The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2.  The defendant specifically requests pretrial production of these statements so that the court may avoid unnecessary recesses and delays for defense counsel to properly use any Jencks statements and prepare for cross-examination.

5

26.   Giglio information:  Pursuant to *Giglio v. U.S.*, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information that could arguably be used for the impeachment of any government witnesses.

27.   Government examination of law enforcement personnel files:  I'd request that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers and agents who may have been controlling or contacting the confidential information in this case.  The defendant requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under *U.S. v. Henthorn,* 931 F.2d (9th Cir. 1991).

28.  Expert witness notification and summary of testimony:  I'd request that the government provide notice of any witness it intends to proffer as an expert to give opinion testimony and a summary of the witness's opinion, bases and reasons for the opinions, and the witness's qualifications pursuant to its duty under Federal Rule of Criminal Procedure 16(a)(1)(G).

Thank you in advance for your consideration of each of these requests.


Sincerely,


H. Dean Steward

6

EXHIBIT B

H. Dean Steward
ATTORNEY AT LAW

107 Avenida Miramar
Suite "C"
San Clemente, CA 92672
949-481-4900

May 22, 2019

Julian Andre & Brett Sagal
Asst. U.S. Attorneys
Via E-mail

Re: Avenatti case

Gentlemen:

I write relating to the status of the production of the electronic discovery concerning my client, Michael Avenatti. As you know, in connection with his arrest on March 25, from informal demands, and various search warrants obtained by the government before and after that arrest, the government has obtained significant electronic evidence including but not limited to: multiple computer servers, desktop computers, hard drives, cell phones, laptops, and USB drives.

Some of this evidence has been in the possession of the government for months (prior to my client's arrest) and yet my client has received none of it to date. To be clear, not a single image or electronic file has been produced to date.

1

• Admitted-California & Hawaii • Fellow-American College of Trial Lawyers •
fax: 949-496-6753 • e-mail:

Mr. Avenatti does not have images of the computer servers for his law firm (which he owns 100 percent), his laptop, his cell phone, other desktop computers, etc. He has been provided nothing. This is not acceptable and certainly is not in keeping with the government's significant discovery obligations in a criminal case of this magnitude under Rule 16.

This failure to timely provide discovery is highly prejudicial and is not excused by the alleged attorney-client issue you identified during our last court appearance, nor is it excused by any alleged need for an attorney-client "taint" review. Mr. Avenatti was counsel for the clients at all relevant times and is still counsel in many instances.

He previously had unfettered access to this information and he has an immediate right to this information now. The government's failure to provide this information is even more egregious considering that I understand that the government has given images of certain electronic files to third-parties who are not attorneys, have no attorney-client relationship with any client, and who, unlike Mr. Avenatti, do not have an urgent need for the information. This includes providing images to the Receiver for Eagan Avenatti, LLP.

If the government was able to provide this information to those third-parties, there can be no legitimate reason why the government did not provide that same information contemporaneously.

Accordingly, and pursuant to our previous discovery demand letter, I ask that (1) forensic images of all electronic data and information be provided to my office no later than Tuesday, May 27 and (2) you provide an inventory of all electronic devices imaged or

2

accessed, together with the size of each device, at the same time.

Sincerely,

H. Dean Steward

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT C

# H. Dean Steward
ATTORNEY AT LAW

107 Avenida Miramar
Suite "C"
San Clemente, CA 92672
949-481-4900

June 25, 2019

Julian Andre
Brett Sagel
Asst. U.S. Attorneys

**VIA E-MAIL**

Re: Avenatti matter

Gentlemen:

In advance of our call tomorrow and the status conference scheduled for July 8, I write to address a serious issue relating to discovery - the government's failure to produce the following, at a minimum:

1. The return of the laptop and cell phone seized from Mr. Avenatti upon his arrest.

2. All data - emails, pleadings, settlement agreements, accounting information, etc. from the servers and computers relating to Mr. Avenatti's law firm.

I have previously requested this information, in writing, without success.[1] As you know, the government has charged my client with multiple counts relating to numerous client matters in which he served as counsel. Despite this fact, you continue to fail to provide us the discovery relating to these matters necessary for him to defend himself. Indeed, there can be

---

[1] Please see my letter to you, May 15, 2019, §1 through §15, detailed requests.

• Admitted-California & Hawaii • Fellow-American College of Trial Lawyers •   1
fax: 949-496-6753 • e-mail: ███████████

no question that the items above are critically important in this case and critical to the defense. Further, I understand that the information is voluminous and will require significant time to review. Accordingly, time is of the essence.

The above information has been in the possession of the government since the last week of March - 3 months. We ask that it be produced immediately.

Sincerely,

H. Dean Steward

EXHIBIT D

H. Dean Steward
ATTORNEY AT LAW
_____

107 Avenida Miramar
Suite "C"
San Clemente, CA 92672
949-481-4900

February 17, 2021

Via U.S. Mail and E-Mail

Mr. Brandon D. Fox
Assistant United States Attorney
Chief, Criminal Division
1300 United States Courthouse
312 North Spring Street
Los Angeles, CA 90012

Re: **United States v. Avenatti (SA CR No. 19-061-JVS)**
Demand for Immediate and Full Compliance with Court
Order (Dkt. 408);
*Brady v. Maryland;* and Rule 16

Dear Mr. Fox:

I write to request that the government immediately and fully
comply with (1) the Court's Order issued in the above referenced
matter on January 25, 2021 at Docket No. 408; (2) its obligations
under *Brady v. Maryland;* and (3) its obligations pursuant to Rule
16. Unfortunately, due to the purposeful and repeated failures of
Assistant United States Attorneys Brett Sagel and Julian Andre to
timely produce information and discovery, it has become necessary
to bring this critical issue to your attention in a final effort aimed at

• Admitted-California & Hawaii • Fellow-American College of Trial Lawyers •
fax: 949-496-6753 • e-mail: ███████████████

1

securing full compliance and avoiding motion practice before the Court.

The Court's January 25, 2021 Order (Dkt. 408)

On January 25, 2021 and over the government's objection, the Court issued an Order directing the government to produce to the defense "all information or evidence known to the government that is either: (1) relevant to the defendant's guilt or punishment; **or** (2) favorable to the defendant on the issue of guilt or punishment." (emphasis added). Importantly, in opposing Mr. Avenatti's motion seeking the order, AUSAs Sagel and Andre argued that such an order, if entered by the Court, would require disclosure to the defense that is more expansive than the parameters of *Brady v. Maryland*, 373 U.S. 83 (1963). *See* Dkt. 405, p.2, fn. 1. Despite this argument, the Court issued the Order.[1]

Three days later, on January 28, 2021, in a letter addressed to Chief Judge Sidney R. Thomas of the U.S. Court of Appeals for the Ninth Circuit, your office (through Acting U.S. Attorney Tracy L. Wilkinson) stated that the Order "orders the production of material far beyond what is required under *Brady* and its progeny." Your office further admitted that under the Order, the government is "required to produce all information *relevant* to the crime, regardless whether the material is exculpatory or helpful to the defense, even if the material is wholly inculpatory" (emphasis in original). Your office also acknowledged that under the Order, the government is required to "produce every witness statement, regardless of whether that witness testifies against the defendant." In that same letter, your office admitted that the Order "orders the production of information regardless of its materiality." Again, these are the exact words of your office, as stated to the Chief Judge of the Ninth Circuit within days *after* the issuance of the Order in this case. Accordingly, the government cannot now claim that the

---

[1] It is worth noting that district judges always have the ability to order discovery greater than the absolute minimums required under the law. *See, e.g., U.S. v. W.R. Grace*, 526 F.3d 499, 510 (9th Cir. 2008).

2

Order requires something different or that the Order's requirements are less exacting.

Three weeks have now passed, and the government has not sought reconsideration or modification of the Order. This is presumably because the government correctly recognizes that its prior objections and arguments were considered and overruled by the Court, and there are no legitimate grounds on which to seek reconsideration. As a result, the Order is valid and remains in full force and effect.

Despite the clear requirements of the Court's Order, and the Court warning the government in the Order of the severe consequences for non-compliance, AUSAs Sagel and Andre have produced *nothing* to the defense since the issuance of the Order. This failure is not a mere oversight, it is purposeful as there can be no serious debate that there is significant information and evidence "known to the government that is either: (1) relevant to the defendant's guilt or punishment; **or** (2) favorable to the defendant on the issue of guilt or punishment." (emphasis added). Indeed, by way of example only, and there are many, the government has failed to produce (a) all information relating to the prior criminal conduct of various alleged victims identified in the Indictment, (b) all information relating to the statements and information provided by Ms. Christine Carlin and her counsel (including information demonstrating that statements made to the Court by AUSA Sagel when attempting to have my client remanded last January are demonstrably false, he knew them to be false when they made, and the government has failed to subsequently alert the Court to this fact as required); (c) communications provided to the government by Mr. James Cameron; (d) all communications between the government and various witnesses; (e) every witness statement; and (f) exculpatory financial information relating to fees and expenses due Mr. Avenatti and his law firm from the alleged victims. To be clear, this is not an exhaustive list of what the government has failed to produce and how the government has failed to comply with its obligations under the Order – they are mere examples. **The Order is clear - government is required to produce all**

**"relevant" information and nothing less. The Order is just that - an Order. It is not optional.**

The government's failure to comply with the Order is even more egregious seeing as much of this information should have been produced long ago pursuant to *Brady* and/or Rule 16. Worse yet, these failures have occurred despite recent decisions by the Ninth Circuit finding significant high-profile *Brady* violations by prosecutors in the Central District of California. *See, e.g., U.S. v. Obagi*, 965 F.3d 993, 996 (9th Cir. 2020)[2] (prosecutors failed to disclose an immunity agreement with a witness while telling the jury in closing that the witness "had no agreement" and should therefore be believed.); *U.S. v. Bundy*, 968 F.3d 1019, 1028 (9th Cir. 2020) (upholding a dismissal as a result of a *Brady* violation in one of the most watched trials in the country where the defendants "sought materials showing the presence of armed officers in tactical gear taking positions around the Bundy Ranch" and other related evidence, the government called it a "fantastical fishing expedition,"[3] and the information was later discovered to exist).

Moreover, Rule 16 requires prosecutors to disclose any information to the defense that may assist the defense in preparing a defense. *See, e.g., U.S. v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013)(Rule 16(a)(1)(E) requires disclosure of any relevant information that "would have helped [defendant] prepare a defense . . . even if it simply causes a defendant to 'completely abandon' a planned defense and take an entirely different path"). And even where doubt exists as to the usefulness of the evidence to the defendant, the government must resolve all such doubts in favor of full disclosure. *See United States v. Paxson*, 861 F.2d 730, 737 (D.C. Cir. 1988).

Accordingly, we demand that the government, no later than March 5, 2021, fully comply with (1) the Court's Order issued in the above referenced matter on January 25, 2021 at Docket No. 408; (2)

---

[2] My case.
[3] Similar language has been used by the government in this case to describe requests for information made by the defense.

its obligations under *Brady v. Maryland*; and (3) its obligations pursuant to Rule 16.  In the event the government fails to do so, we will have no choice but to bring these failures to the attention of the Court and seek the imposition of significant consequences for the government's conduct, including but not limited to dismissal of all charges.

Very truly yours,

H. Dean Steward

Cc: AUSA's Brett Sagel and Julian Andre

5

EXHIBIT E



# United States Department of Justice

## United States Attorney's Office
## Central District of California

*BRETT A. SAGEL*
*Phone:  (714) 338-3598*
*E-mail:* ███████████

*411 W. 4th Street, Suite 8000*
*Santa Ana, California  92701*

March 1, 2021

## VIA U.S. Mail (with enclosure) and EMAIL (without enclosure)

H. Dean Steward
107 Avenida Miramar, Suite C
San Clemente, California 92672

███████████████████████████

     Re:    <u>United States v. Michael John Avenatti</u>, SA CR No. 19-061-JVS

Dear Counsel:

     We are writing in response to your February 17, 2021, letter to this Office's Criminal Division Chief, Brandon D. Fox.  As we have previously represented to you, the government is aware of its discovery obligations, has complied with them, and will continue to do so.  In addition to providing your client with discovery to which he is entitled, we have produced discovery far in advance of our obligations -- for example, we provided nearly all Jencks material in May and June 2019, over two years before the current trial date -- and we have voluntarily produced a significant amount of materials in excess of our discovery obligations. The government acknowledges the utmost importance of fulfilling its discovery obligations in every case, particularly as to *Brady* material; however, neither Federal Rule of Criminal Procedure 5(f) nor the Court's January 25, 2021, Order (CR 408) expands the government's discovery obligations.  Your repeated accusations that the government has withheld discovery material are baseless.

     Pursuant to your requests in the letter, enclosed please find additional materials, which have been Bates-labeled USAO_01141175-USAO_01141241. These materials are being produced subject to the Court's May 20, 2019, Protective Order.  (CR 36.)  The government is providing these materials to you voluntarily, at your request, even though they either exceed the government's discovery obligations or are being produced far in advance of the government's discovery deadlines.

     The enclosed materials, information, and any future discovery provided to you that may exceed the scope of discovery mandated by the Federal Rules of Criminal Procedure, federal statute, or relevant case law are provided voluntarily and solely as a matter of discretion.  By producing such materials and information to you at this time, the government does not waive its right to object to any future discovery requests beyond the ambit of its legal obligations and does not waive any privileges the government holds.

     Included in the material are criminal history reports regarding the victims listed in the indictment as you requested.  We previously provided you with all materials in our possession regarding any criminal histories of the victims and will run criminal history reports on our witnesses prior to trial to ensure that we have complied with our discovery obligations under *Giglio*.  At your request, however, we ran these reports now for your convenience, far in advance of when any *Giglio* material is due to be produced.  At least with respect to one victim, who is

H. Dean Steward
RE:  United States v. Avenatti
March 1, 2021
Page 2


identified in the Indictment as Client 3, your client appears already to have been in possession of this information for some time, given that your client spent over a day at his state bar proceedings cross-examining Client 3 about his criminal history and the details regarding his criminal history.  Client 3's felony conviction was also included in the complaint affidavit (CR 1 at 5 n.1), which your client received when arrested on March 25, 2019.  We have also included correspondence and documents we received from James Cameron as well as further communications with an employee of GBUS that might not have been previously produced.  To be clear, these documents are similarly being produced voluntarily at this time as they exceed our discovery obligations.

Please let us know if you have any questions or wish to discuss this matter further.

Very truly yours,

BRETT A. SAGEL
Assistant United States Attorney

cc:     Assistant United States Attorney Brandon D. Fox
        Assistant United States Attorney Alexander C.K. Wyman


Enclosure

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27    EXHIBIT F
28

# H. Dean Steward
ATTORNEY AT LAW

107 Avenida Miramar
Suite "C"
San Clemente, CA 92672
949-481-4900

April 8, 2021

Via E-Mail

Mr. Alexander Wyman
Assistant United States Attorney

████████████████████

Mr. Brett Sagel
Assistant United States Attorney

████████████████████

Re:   **United States v. Avenatti (SA CR No. 19-061-JVS)**
      Request for Immediate and Full Compliance with *Brady,*
      *Bundy, Price, Olsen,* Rule 16, the Court's January 25,
      2021 Order [Dkt. 408], and the RPC

Dear Mr. Wyman and Mr. Sagel:

I write to request that the government ensure that the defense
promptly receives all of the information to which it is entitled and
that any prior misrepresentations made to the defense or the Court
in this case by any current or former member of your office,
whether in writing or on the record, be immediately corrected.  As
you know, the government has an obligation at all times to see to it
that my client receives all information required to be produced and

• Admitted-California & Hawaii • Fellow-American College of Trial Lawyers •    1
fax: 949-496-6753 • e-mail: ████████████████

that neither the defense nor the Court is misled as to any issue. Further, the government cannot turn a blind eye, or be indifferent, to conduct or actions that they learn of that are inconsistent with either the government's production obligations or the ethical rules.

Applicable Law

The law is clear that the government is required to promptly produce to the defense all favorable information to the defense, regardless of materiality.  *See, e.g., United States v. Bundy*, 968 F.3d 1019, 1033 (9th Cir. 2020)(requiring all favorable evidence to be disclosed by prosecutors pretrial, without regard to materiality: "[T]rial prosecutors must disclose favorable information without attempting to predict whether its disclosure might affect the outcome of the trial. . . . The retrospective definition of materiality is appropriate only in the context of appellate review" and not at the trial level.)(citation omitted); *United States v. Price*, 566 F.3d 900 (9th Cir. 2009)(requiring prosecutors to produce all potentially exculpatory or otherwise favorable evidence without regard to how the withholding of such evidence might be viewed as affecting the outcome of the trial); *United States v. Olsen*, 704 F.3d 1172, 1183 n.3 (9th Cir. 2013)(explaining that a prosecutor should not produce only what he considers "material" because it is "just too difficult to analyze before trial" what may be material).  *See also* California RPC 3.8 (applicable to federal prosecutors pursuant to 28 U.S.C. § 530B(a) and requiring disclosure to the defense without regard to materiality); Justice Manual 9-5.001(B)(1) (requiring AUSAs to "err on the side of disclosing exculpatory and impeaching evidence.").

The government's *Brady* obligation to promptly provide favorable information to the defense is not diminished by the fact that such information may also be required to be produced later pursuant to 18 U.S.C. § 3500 (the "Jencks Act") or by the fact that such information need not be produced according to Rule 16.  *See, e.g.*, Advisory Committee Note to Fed. R. Crim. P. 16 (1974) ("the rule is designed to prescribe the <u>minimum</u> amount of discovery to which the parties are entitled.").

2

Further, Rule 16 requires prosecutors to disclose any information to the defense that may assist the defense in preparing a defense. *See, e.g., U.S. v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013)(Rule 16(a)(1)(E) requires disclosure of any relevant information that "would have helped [defendant] prepare a defense . . . even if it simply causes a defendant to 'completely abandon' a planned defense and take an entirely different path"). <u>Even where doubt exists as to the usefulness of the evidence to the defendant, the government must resolve all such doubts in favor of full disclosure.</u> *See United States v. Paxson*, 861 F.2d 730, 737 (D.C. Cir. 1988).

Moreover, over two months ago on January 25, 2021, the Court issued an Order in this case directing the government to produce to the defense "<u>all</u> information or evidence known to the government that is either: (1) <u>relevant</u> to the defendant's guilt or punishment; **or** (2) favorable to the defendant on the issue of guilt or punishment." [Dkt. 408, the "Order" (emphasis added)]. The Court reaffirmed this Order at the status conference held on April 7, 2021. Within days of the Order being issued in January, your office acknowledged to the Chief Judge of the Ninth Circuit that the Order requires, among other things, (1) "the production of material far beyond what is required under *Brady* and its progeny;" (2) the production of "all information *relevant* to the crime, regardless whether the material is exculpatory or helpful to the defense, even if the material is wholly inculpatory;" (3) the production of "every witness statement, regardless of whether that witness testifies against the defendant;" and (4) "the production of information regardless of its materiality." As a result, you cannot now take the position that the Order requires the production of something different or less. <u>At an absolute minimum, the defense in this case is entitled to all of the information required to be produced under the interpretation of the Order you provided to the Ninth Circuit.</u>

Finally, the California Rules of Professional Conduct ("RPC"), which are applicable to federal prosecutors pursuant to 28 U.S.C. § 530B(a), are clear that prosecutors have a duty to correct any misstatement of fact or law made to a tribunal, as well as to disclose any false evidence previously placed before a tribunal, even

3

if they are not directly responsible. *See, e.g.*, California RPC 3.3(a). Further, Rule 3.3(b) requires that any lawyer who becomes aware of any fraudulent conduct related to a proceeding has a duty to take remedial measures to rectify such conduct. Importantly, the duties of Rules 3.3(a) and (b) "continue to the conclusion of the proceeding," meaning so long as this case remains open, you have an obligation to ensure these requirements are met. Rule 3.4(a) provides that a lawyer shall not "unlawfully obstruct another party's access to evidence . . . or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or *assist another person* to do any such act." (emphasis added). Rule 3.4(b) prohibits a lawyer from suppressing "*any evidence* that the lawyer or the lawyer's client has a legal obligation to reveal or to produce." (emphasis added) Rule 3.8(d) specifically requires that a prosecutor "make timely disclosure to the defense of all evidence *or information* known to the prosecutor that the prosecutor knows or reasonably should know tends to negate the guilt of the accused, mitigate the offense, or mitigate the sentence . . ." (emphasis added). Critically, state and federal courts have repeatedly held prosecutors to account when they fail to adhere to these requirements. *See, e.g.*, *N. Mariana Islands v. Bowie*, 243 F.3d 1109, 1117-18 (9th Cir. Haw. 2001); *People v. Centino*, 60 Cal. 4th 659, 666-67 (2014); *DiSabatino v. State Bar*, 27 Cal. 3d 159 (1980); *United States v. Scruggs*, Case No. 3:07-cr-192-B-A, Dkt. 368 (Order granting motion to disqualify prosecutor due to misstatements) (N.D. Miss. May 2011).

<u>Information and Materials the Government Has Failed to Produce</u>

The government has not complied with its obligations under *Brady, Bundy, Price, Olsen,* Rule 16, the Court's Order, the RPC, and the Justice Manual. These failures are significant and must be rectified immediately. By way of example only:

1.  *Handwritten Notes from the Interview of Client 1.* On March 31, 2019, the government interviewed a former client of Mr. Avenatti's identified as victim Client 1 in the Indictment [Dkt. 16]. Client 1 was shown a settlement agreement that the government claims in the Indictment Mr. Avenatti hid the terms of and deceived

4

Client 1 about (Indictment, ¶¶ 7.(f) and (g)).  According to a typewritten summary prepared later from "notes made during and immediately after the interview," Client 1 admitted in the interview "he may have signed the document" when his case was settled and that Mr. Avenatti went to Client 1's residence at the time to "deliver this document to [Client 1]"  [*See* USAO_0013358, 62.]  The government has withheld the handwritten notes from the defense. This is improper.  Mr. Avenatti could not have hidden the terms of a settlement agreement from the client and misled the client about those terms when the client admits signing the actual agreement and contemporaneously receiving a copy.  The notes should have been produced two years ago pursuant to *Brady, Bundy, Price* and *Olsen* as they are exculpatory.

     2.    *Notes and Documents from the Meetings with Judy Regnier.*  The government has failed to produce to the defense in this case (a) handwritten notes from a March 25, 2019 interview of government witness Judy Regnier attended by two agents and AUSA Sagel (approximately 5 hours); (b) handwritten notes from a March 26, 2019 meeting between Ms. Regnier and two agents; (c) handwritten notes from a November 19, 2019 interview of Ms. Regnier attended by two agents and AUSA Sagel (approximately 8.5 hours); (d) handwritten notes from interactions with Ms. Regnier on October 24, 2019 and December 5, 2019 and (e) certain documents referenced in other interview memoranda and notes produced to the defense from interviews with Ms. Regnier (*e.g.*, the screenshot sent to Special Agent Penland and referenced during Ms. Regnier's interview in connection with the *Nike-related* case (USAO_460560)). Other typewritten summaries and reports relating to Ms. Regnier likewise appear not to have been produced.  All of this information was required to be turned over to the defense long ago pursuant to the authorities cited above and the Court's Order.

     To compound matters, before Ms. Regnier testified at trial in the Nike-related case (No. 19-cr-373 (PGG), SDNY), all of this information was required to be produced by the government pursuant to (a) 18 U.S.C. § 3500 (the "Jencks Act") and (b) the letter agreement submitted to the court in that matter on October 17, 2019 [Dkt. 68, p. 2 (requiring 3500 material to be produced on or

before January 14, 2020 and stating that the obligation is continuing and requires "timely" production, meaning "the same day it is generated, and prior to the witness to whom it applies taking the stand."]. Further, some of this information was also likely required to be turned over to Mr. Avenatti well before trial pursuant to *Brady v. Maryland*, 363 U.S. 83 (1963) and its progeny, as well as pursuant to *Giglio*. And yet the information was never provided before Ms. Regnier testified on February 6, 2020 (during which AUSAs Sagel and Andre were present in the gallery after assisting in preparing her), before Ms. Regnier's testimony was used by the government in closing argument, or at any time in the fourteen months since.

In addition, the withheld information is responsive to the Nike court's October 2020 Order, which directs the government to produce certain documents and information to the defense, including any that could be used to impeach a government witness at trial. *See* SDNY Dkt No. 305 (the "Order"). Your office was specifically made aware of the terms of this Order no later than January of this year, when it was referenced in connection with a defense motion in this case and attached as an exhibit. *See* CDCA Dkt. No. 398, p. 1-2 and Ex. A. The Order makes clear that the government is required to produce <u>all information</u> that "can be used to impeach the trial testimony of a Government witness . . . ." It further provides that the government's "<u>obligations are continuing ones and apply to materials that become known to the Government in the future</u>. Additionally, if information is otherwise subject to disclosure, it must be disclosed regardless of whether the Government credits it." The obligations apply to all information, regardless of whether it would "constitute admissible evidence." The Order requires the government to disclose information to Mr. Avenatti that is material either to guilt or to punishment "promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case" and provides for severe consequences for failure to do so. The Order was issued nearly six months ago but the information has yet to be produced.

Further, the government's continued failure to timely produce this information is especially unsettling in light of the opinion recently issued by the Hon. Alison Nathan of the Southern District of New York in the case of Ali Sadr Hashemi Nejad (18-cr-224 (AJN)) (Dkt. 379), which found significant and systemic prosecutorial misconduct surrounding the failure to timely produce information to the defense, including 3500 material, and noted that "the Government's failure to further pursue the question of whether the [] 302s were required to be disclosed under *Brady* is shocking . . . With each document wrongfully withheld, an innocent person faces the chance of wrongful conviction." *Id.* at pp. 11, 33. Judge Nathan specifically ordered every AUSA and SAUSA in SDNY to read her opinion and the Acting U.S. Attorney to file a declaration within one week affirming this had been done. Even though this Order was issued in September 2020 and the government was put on notice of the serious consequences of not producing *Brady* and *Giglio* information, the government continued to withhold the Regnier information.

The facts demonstrate that one of three scenarios occurred: (1) For well over a year (in some instances, two years), your office withheld this information not only from the defense teams in this case and the Nike case, but also from the AUSAs from the Southern District of New York; (2) Your office made USAO-SDNY aware of this information prior to the Nike trial and/or since the conclusion of the Nike trial, and they made the decision to withhold the information from the defense and not alert the Nike court; or (3) The information and materials were destroyed despite the fact that the government was aware since at least March 25, 2019 (prior to the original creation of the information and materials) that Ms. Regnier was a key witness likely to testify. <u>In any event, this constitutes a serious breach of the government's obligations and Mr. Avenatti's rights in at least two cases, and possibly a third (the Daniels related case where Ms. Regnier is also a witness). These failures must be addressed by the government immediately and all applicable information and materials produced so that a determination may be made as to the degree of prejudice suffered by Mr. Avenatti.</u>

   3. *Information and Materials Relating to Immunity Requests, Leniency and Similar Communications with Judy Regnier.* The defense has learned within the last two weeks that Ms. Regnier is refusing to testify unless she is granted immunity or provided similar consideration or assurance. Pursuant to *Brady* and *Giglio*, the defense is entitled to know about <u>all</u> communications that have occurred between the government and Ms. Regnier (or any of her attorneys or representatives) concerning this issue. This is true even if such communications have yet to be reduced to writing. Further, if any of these communications occurred before February 6, 2020, this information was required to be produced to the defense before Ms. Regnier testified in the Nike related matter. However, no such information was produced.

   4. *Handwritten Notes from Other Interviews.* The government has interviewed approximately 100 witnesses in connection with this case, sometimes for multiple days. Most of these interviews have been attended by multiple agents and members of the prosecution team. And yet the government has not produced the handwritten notes from the interviews. Further, the government has not produced all of the 302s and memoranda of interviews, and the documents referred to in those memoranda.

   5. *Immunity and Proffer Agreements.* The government entered into immunity and/or proffer agreements with at least five government witnesses (Ms. Hendricks, Mr. Cassaro, Mr. Marchino, Mrs. Carlin, and Mr. Tobin). These agreements have not been produced. All similar agreements and communications concerning leniency, immunity, etc. are likewise required to be produced. This is likewise true if any such agreements or communications exist relating to Ms. Regnier.

   6. *The Regnier Search Warrant Materials.* On March 25, 2019, the government executed a search warrant at the residence of Ms. Regnier, Mr. Avenatti's office manager and lead paralegal. The government obtained eleven (11) boxes of hardcopy documents (comprising thousands of pages) from the residence relating to the charges in the Indictment. [*See* Search Warrant Return, Dkt. 6, Case No. 8:19-mj-00243, filed 05/16/19.]. These documents were

8

required to be produced long ago but have not been produced. Worse yet, the government has repeatedly represented to the defense in writing since 2019 that these materials were produced as part of the government's production No. 5 made on August 26, 2019. These representations are false.

7. *Thank You Notes, Emails and Awards.* The government obtained files containing thank you notes and emails Mr. Avenatti received from countless clients between 2007 and 2019, as well as various awards. All of this information is favorable to the defense not only in this case, but in the Nike-related case as well, especially as it relates to sentencing and mitigation. It is believed that these files include communications from clients identified in the Indictment and various government witnesses, including some related to the government's efforts to introduce Rule 404(b) evidence. This information should have been produced long ago.

8. *The Notes from the Interview with Lisa Storie.* The government interviewed Ms. Lisa Storie, Mr. Avenatti's second wife to whom he is still legally married, for 45 minutes on January 6, 2020. [*See* Memorandum of Contact at USAO_454799.]. The government has failed to produce the notes from this interview. In addition, this interview and the notes may raise additional issues relating to the government's use of information protected by the marital communications privilege.

9. *The Information Relating to Mrs. Carlin.* Mrs. Carlin is referenced in the complaint filed in March 2019 [Dkt. 1]. She was subpoenaed to testify before the grand jury in this case in 2019 and subsequently sat for an interview with AUSAs Sagel and Andre on July 25, 2019. The government later produced a Memorandum of Interview from the July 25, 2019 interview to the defense on October 5, 2019 (USAO_00173598) but failed to produce any handwritten notes from the interview. In March 2020, the government provided follow-up questions to Mrs. Carlin, through her counsel, relating to her 2019 interview. The government has not produced those questions or the emails relating to them. On or about April 1, 2020, the government conducted a subsequent interview/proffer session with Mrs. Carlin's counsel relating to the

9

2019 interview.  This lasted approximately 2.5 hours.  The defense
has learned that during this interview, the government was
confronted with the fact that (a) statements they attributed to Mrs.
Carlin in their Memorandum of Mrs. Carlin's July 25, 2019
interview were not accurate (i.e. the memo did not reflect what the
government had actually been told during the interview) and (b) the
government's representations made to the defense and the Court
that Mrs. Carlin had informed them that Mr. Avenatti did not owe
Mrs. Carlin money when he made payments to her, including while
on bond, were demonstrably false.  No notes have been produced
relating to the April 1, 2020 interview/proffer session.  The defense
is entitled to the notes from the July 2019 interview, the questions
the government sent in March 2020 and the related emails, and all
notes and memoranda relating to the April 2020 interview/proffer
session.  Further, the prior representations made to the Court by
the government in connection with Mr. Avenatti's remand to
custody in January 2020, on the eve of the Nike trial, must be
corrected immediately as they are demonstrably false.

     10.  *Financial Information Relating to the Clients Identified in
the Indictment and the Government's 404(b) Notice.*  Despite repeated
representations to the Court and the defense, the government has
failed to produce all of the accounting and financial information
relating to the clients identified in the Indictment and the clients
identified in the government's 404(b) notice, including those relating
to the NFL case.  The information withheld includes information
concerning fees, costs and expenses, as well as time records.  <u>The
defense is entitled to all of this information</u> and it was required to
be produced long ago pursuant to *Brady, Bundy, Price, Olsen,* Rule
16, and the Court's Order at a minimum.  Indeed, it is difficult to
imagine information more fundamental to the defense than this
information.

<u>Defendant's Requests</u>

     In addition to the specific requests made above, we request
that you ensure that we promptly receive <u>all</u> of the requested
information no later than April 22, 2021.  To the extent no such
information exists, we ask that you state that in writing.  We also

request that you ensure that all other information to which the defense is entitled pursuant to *Brady, Bundy, Price, Olsen,* Rule 16, and/or the Court's Order, but which has not been previously produced, likewise be provided to the defense no later than April 22, 2021.  Finally, we ask that you comply with your obligations as set forth above, including those delineated under the California Rules of Professional Conduct, and guarantee that all prior misrepresentations made to the defense or the Court, whether in writing or on the record, are immediately corrected.

In the event these requests are not met or ignored, we will have no choice but to bring these failures to the attention of the Court and seek the imposition of significant consequences/sanctions.  We are hopeful that will not be necessary.

Very truly yours,

H. Dean Steward

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27          EXHIBIT G
28

From: **Sagel, Brett (USACAC)**█████████████████████
Date: Wed, Apr 14, 2021, 5:54 PM
Subject: RE: discovery in Avenatti case
To: Dean Steward █████████████████████████████>, Wyman, Alex (USACAC)
█████████████████████

Dean-

In reviewing the attached letter, I wanted to follow-up on a couple of the requests/comments before we respond in full, as we have attempted – and will continue to attempt -- to get you discoverable material well in advance of any of our deadlines.  First, on page 5, you state "other typewritten summaries and reports relating to Ms. Regnier likewise appear not to have been produced." What additional reports do you believe you do not have? Next, on Page 8, number 4, it says "the government has not produced all of the 302s and memoranda of interviews, and the documents referred to in those memoranda." Please let us know what 302s/MOIs you believe have not been produced.  Thanks,

Brett

EXHIBIT H

# H. Dean Steward
ATTORNEY AT LAW

107 Avenida Miramar
Suite "C"
San Clemente, CA 92672
949-481-4900

April 15, 2021

Via E-Mail

Mr. Alexander Wyman
Assistant United States Attorney
█████████████████████

Mr. Brett Sagel
Assistant United States Attorney
█████████████████

Re:   **United States v. Avenatti (SA CR No. 19-061-JVS)**
Letter in Response to April 14 E-Mail Regarding April 8
Letter

Dear Mr. Wyman and Mr. Sagel:

I write in response to the government's email sent late
yesterday in partial response to my detailed letter of April 8, 2021.
By way of the email, the government seeks to have the defendant
further identify for the government certain information and
materials the government has withheld from the defense.

First, it is not the defendant's duty to tell the government
everything they have failed to produce. This is true because the
information and materials are in the exclusive possession of the

government.  Rather, it is the government's duty at all times to act with the utmost of good faith and identify and ensure that **all** (not some) required information and materials are timely provided to the defense.  Contrary to your repeated representations to the Court and the defense, and as set forth in the letter, this has not occurred.

Second, as explained in the letter, it is the government's obligation to produce to the defense all information and materials required to be produced pursuant to the Court's January 25, 2021 Order (under the government's interpretation provided to the Ninth Circuit), *Brady, Bundy, Price, Olsen,* Rule 16, and the California Rules of Professional Conduct.  "All" means "all."  Further, this obligation includes all information known to the government, regardless of whether it was written down.  Accordingly, we repeat the request made in the letter (and many times before) – that the government immediately comply with its obligations and the legal requirements we have outlined and produce ALL of the information and materials requested.  This should be able to be easily accomplished by a simple review of the government's file.

Third, the government has had a separate obligation in the Nike-related case (No. 19-cr-373 (PGG), SDNY) to produce all information and materials required to be produced pursuant to *Brady*, *Giglio*, Rule 16, 18 U.S.C. § 3500 (the "Jencks Act"), the letter agreement submitted to the court in that matter on October 17, 2019, and Judge Gardephe's Order issued over six months ago in October 2020 [Dkt No. 305].  The "government" includes your office, the USAO-SDNY, and all other government agencies involved in the investigation of Mr. Avenatti.  *See, e.g.*, *United States v. Martoma*, 990 F. Supp. 2d 458 (SDNY 2014, J. Gardephe).

Despite these requirements, all indications are that your office failed to produce information required to be produced well over a year ago in connection with the Nike case, including in connection with Ms. Regnier's trial testimony.  To make matters worse, the government never voluntarily disclosed this failure to the defense or brought it to the attention of the Nike court.  Moreover, in light of the uncontroverted facts, including your involvement with

2

interviewing Ms. Regnier, preparing Ms. Regnier to testify in that case and your close working relationship with USAO-SDNY as it relates to Mr. Avenatti, beginning with your coordination during the week of March 18, 2019 relating to his March 25, 2019 arrest, it is difficult to see how this failure could be determined by any court to have been "inadvertent."  Finally, as you know, if *any* handwritten notes or other materials relating to Ms. Regnier (or any other alleged victim or witness) have been destroyed, the consequences for the government promise to be significant.  *See, e.g., United States v. Bufalino*, 576 F.2d 446 (2d Cir. 1978) (warning the government that the court "will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act 'statement' by reference to 'department policy' or 'established practice' or anything of the like. There simply is no longer any excuse for official ignorance regarding the mandate of the law.")

Fourth, even a cursory review of the Regnier materials demonstrates that not all reports, summaries, contacts, notes and memoranda relating to Ms. Regnier have been produced in this case or in the Nike-related matter.  And we suggest you re-review your file in full before stating otherwise.  In addition, in connection with a related issue and by way of example only (there are others), where are (a) the documents relating to *Ms. Regnier contacting the government* when seeking counsel in late 2019; (b) the documents relating to your communications with Ms. Regnier's criminal and civil counsel; and (c) the documents relating to your communications with Ms. Regnier and her counsel concerning her criminal liability and her concerns relating to criminal exposure?

Fifth, presumably the government knows what witnesses it has had contact with as part of its investigation of Mr. Avenatti and has records documenting each of these contacts.  Based on the defense investigation to date, the number is approximately 100.  And yet all documents relating to every witness contact and interview have not been produced despite the government's obligations, including its recent representation to the Chief Judge of the Ninth Circuit that the language of the Order issued in this case requires (1) "the production of material far beyond what is required under *Brady* and its progeny;" (2) the production of "all information

3

*relevant* to the crime, regardless whether the material is exculpatory or helpful to the defense, even if the material is wholly inculpatory;" (3) the production of "every witness statement, regardless of whether that witness testifies against the defendant;" and (4) "the production of information regardless of its materiality." Is it the government's position that they have produced all of this information, including all information, materials, summaries and memorandum relating to any witness contact or interview? Further, has the government produced all of its contacts, notes, statements and emails relating to and evidencing communications with counsel for witnesses and proffers? The obvious answer to both of these questions is "No." In fact, a review of the May 2020 witness list against the discovery in this case alone reveals that all information, notes and memoranda concerning these witnesses have not been produced. As explained in the letter, <u>all</u> of the witness information was required to be produced pursuant to the legal authority cited in the letter and the Order.

We look forward to the government's prompt compliance with each of the obligations identified in the April 8, 2021 letter.

Very truly yours,

H. Dean Steward

4

EXHIBIT I

From: **Sagel, Brett (USACAC)** ███████████████
Date: Wed, Apr 21, 2021 at 4:06 PM
Subject: Response to Discovery Letter(s)
To: Dean Steward ███████████████
Cc: Wyman, Alex (USACAC) ███████████████


Dean–

Your April 8, 2021, discovery letter requested a response from the government by April
22, 2021.  As we have repeatedly represented to you, the government is aware of its
discovery obligations, has complied with them, and will continue to do so.  In addition
to providing defendant with discovery to which he is entitled, we have produced
discovery far in advance of our obligations, including much of the material you
reference in said letter.  On April 14, 2021, the government attempted to work with you
to identify with particularity any discovery you believe was not actually provided.
Rather than engage professionally to identify any real discovery issue, you chose again
in your April 15, 2021, letter, to simply make further baseless accusations.  The
government will continue to comply with its discovery obligations and the deadlines
set by the Court -- not to arbitrary deadlines set by defendant.

Brett

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT J

August 26, 2021

Mr. Brett Sagel
Mr. Alex Wyman
Assistant U.S. Attorneys
United States Department of Justice

**Re:    United States v. Avenatti (SA Cr. No. 19-061-JVS)**
       **Request for Immediate Compliance with Discovery Obligations**

Dear Mr. Sagel and Mr. Wyman:

I write to again request that the government immediately produce all materials and information required to be produced under Rule 16, the Jencks Act, Rule 26.2, *Brady*, *Giglio*, *Price*, *Olsen*, *Bundy*, and/or the Court's January 2021 Order [Dkt. 398].

As you are aware, the suppression of evidence favorable to an accused is itself sufficient to amount to a denial of due process. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The prosecution's suppression of evidence that is favorable to the accused "violates due process where the evidence is material either to guilt or to punishment, irrespective of good faith or bad faith of the prosecution." *Id.* at 88. Under *Brady*, the prosecution is "trusted to turn over evidence to the defense because its interest is not that it shall win a case, but that justice shall be done." *United States v. Bundy*, 968 F.3d 1019, 1023 (9th Cir. 2020) (affirming the district court's dismissal because the government flagrantly disregarded its *Brady* obligations by failing to disclose materials until several days into trial). The term "suppression" does not describe merely "overt or purposeful acts on the part of the prosecutor; sins of omission are equally within the Brady's scope." *United States v. Price*, 566 F.3d 900, 907 (9th Cir. 2009); *citing Benn v. Lambert*, 283 F.3d 1040, 1053 (9th Cir. 2002) (the terms "suppression," "withholding" and "failure to disclose" have the same meaning for *Brady* purposes). Further, the prosecution has "a duty to learn of any exculpatory evidence known to others acting on the government's behalf. Because the prosecution is in a unique position to obtain information known to other agents of the government, it may not be excused from disclosing what it does not know but could have learned." *Id.* at 909; *quoting United States v. Zuno-Acre*, 44 F.3d 1420, 1427 (9th Cir. 1997). In addition, *Giglio* materials and information are by their definition *Brady*. Finally, the *Jencks* Act and Rule 26.2 require all "statements" made, adopted or approved by a government witness be produced – this includes all text messages, emails, and attachments.

In the light of the law in the Ninth Circuit and the Court's January Order, together with the statements made by the Court during Tuesday's mistrial hearing, each of the following are beyond dispute:

(a) the prosecution team has an affirmative duty to seek out and produce all information favorable to the defense, even if such information is in the possession of another "office" of the government, this includes the DOJ computer lab in Washington, D.C., the privilege review team, and the agents who are part of the investigative team;

(b) the production requirement is not limited to that information that the prosecution team determines would fully exonerate the defendant – anything favorable to the defense must be produced;

(c) the prosecution team must conduct a diligent and thorough search for responsive information and materials – i.e. merely searching for *Jencks* in the email accounts of two AUSAs is woefully insufficient;

(d) having chosen to seize such a broad and massive amount of information and materials in this case, the government is required to search that same information/materials for responsive documents; and

(e) the government is required to produce "all information or evidence known to the government that is either: (1) relevant to the defendant's guilt or punishment; or (2) favorable to the defendant on the issue of guilt or punishment." [Dkt. 408] (emphasis added).

**Accordingly, please immediately produce all materials and information required to be produced under Rule 16, the Jencks Act, Rule 26.2, *Brady*, *Giglio*, *Price*, *Olsen*, *Bundy*, and/or the Court's January 2021 Order [Dkt. 398]. By way of example only, included within the materials that must be produced are, at a minimum, the following:**

1. All communications from Mr. John Drum and those acting on his behalf, including others at Analysis Group (i.e. Evan Carter). This must include all emails, drafts of charts and exhibits, and Powerpoint decks or slides.

2. All communications sent by Mr. Andrew Stolper to any member of the prosecution or investigative team from 2018 to the present.

3. All documents and emails from the files and/or servers of Eagan Avenatti, LLP (fka Eagan O'Malley & Avenatti, LLP) that are in any way responsive to the search warrants and/or relate to the five clients identified in the indictment or the finances of EA. This includes but is not limited to all emails from current or former EA employees and all invoices and bills from third parties relating to the five clients in the indictment.

4. All drives, documents, information and materials provided to Mr. Drum or his colleagues in connection with his work in this case. This specifically includes the drive he was provided, which he used in connection with his work, and that has never been produced to the defense.

5. All invoices and bills received from Analysis Group or John Drum.

Thank you in advance for your prompt attention to this letter and your discovery obligations.  In light of the impending trial date, it is critical that all information and materials be promptly provided to the defense.

Please note that you may reach me via email sent to Mr. Steward or Ms. Hernandez.

Very truly yours,
/s/
Michael J. Avenatti

EXHIBIT K



**Wyman, Alex (USACAC)**                                    September 10, 2021 at 11:42 AM
RE: US v. Avenatti – Letter of August 26, 2021

**To:** emma hernandez,   Sagel, Brett (USACAC),   **Cc:** Dean Steward,   Courtney Cummings          Details

Emma,

We disagree with the many assertions regarding discovery made in the defendant's letter, but it would not be productive to discuss them here.

As for the defendant's specific requests regarding John Drum and the Analysis Group, Nos. 1, 4, and 5, we will review what is in our possession with these requests in mind and determine promptly if there is additional discovery to produce.

With regard to the request related to communications with Mr. Stolper, No. 2, anything substantive we have related to the defendant either has been produced to the defense or was provided *in camera* to the Court several weeks ago.

Lastly, with respect to the defendant's request related to documents and emails on the EA LLP servers, we will be filing a motion on Monday (September 13) seeking (1) an order requiring the defendant to identify what further materials, if any, he believes he is entitled to on the EA LLP servers; or, alternatively, (2) an order permitting the government to provide a forensic copy of the servers to the defendant.  Please let us know the defense's position on this motion.  We would propose the following briefing schedule for this motion so as to allow it to be heard the same day as the defendant's anticipated motion to dismiss (October 4):  Motion filed September 13; Opposition due September 20; Reply due September 24.  Please let us know if that schedule is agreeable to the defense.

The government will continue to review the materials in its possession, custody, and control and produce, in advance of trial, anything discoverable under the government's ongoing discovery obligations.

Alex

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

EXHIBIT L

28



☆ **emma hernandez**                                                          September 10, 2021 at 12:38 PM
   Re: US v. Avenatti - Letter of August 26, 2021
   **To:** Wyman, Alex (USACAC),   **Cc:** Sagel, Brett (USACAC),    Dean Steward,    Courtney Cummings                    Details

From Mr. Steward and Mr. Avenatti

Mr. Wyman:

First, we will stipulate to an order providing us with forensic copies of the servers under the same terms that were agreed to with Mr. Fitzgerald three weeks ago (which you opposed at the time).  If this is acceptable, please provide a proposed stipulation and order as soon as possible.

Second, if this is not acceptable, we request that you state in writing, the following: "Other than the Tabs data, Defendant has been provided all information and materials that are required to be produced pursuant to Rule 16, Brady, Giglio, Price, Bundy, and/or the Court's January 2021 Order, including but not limited to all such information and materials from the Eagan Avenatti, LLP servers."  If you are unable to make this representation, we ask that you so state in writing.  Please get back to us on this promptly so we can consider our position on the motion, which we only first learned about earlier today when we received your email.

Third, please immediately produce all of the materials we requested in our letter, including but not limited to the information we requested in Nos. 1, 4, and 5.  We need this information so we can prepare for trial.

Fourth, our further review of the discovery has revealed that the government still has not produced information and materials required to be produced pursuant to Brady, Giglio, Price, Bundy, and/or the Court's January 2021 Order.  This includes, but is not limited to the following:  (1) all financial information relating to the clients identified in the Indictment; (2) all cost, expense and invoice information relating to the clients identified in the Indictment; (3) all financial information relating to the law firm, its financial position, its bankruptcy, and its financial prospects (all topics explored by the government during its case-in-chief in the first trial); (4) all statements of each of the government's witnesses that relate to the subject matters of their testimony (i.e. the government has thousands of emails from Ms. Regnier relating to the subjects of her testimony elicited on direct that have never been produced); (5) all statements of the defendant relating to the subject matters of the Indictment and/or those explored by the government during its case-in-chief (once again, thousands of these emails have never been produced); (6) all financial reports relating to the clients and the firm; and (7) all emails relating to the settlements of the client matters, the finances of the firm, and/or costs, expenses, or advances made on behalf of the clients identified in the Indictment.  We need all of this information produced immediately.

Thank you in advance.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT M

 **emma hernandez**                                                    September 20, 2021 at 9:05 AM
Re: US v. Avenatti – Letter of August 26, 2021                                           **Details**
To: Wyman, Alex (USACAC),   Cc: Sagel, Brett (USACAC),   Dean Steward,   Courtney Cummings

From Mr. Steward and Mr. Avenatti

Gentlemen:

Please get back to us on the items identified by way of the Second, Third and Fourth points below.  Time is of the essence.

Further, it is clear that there is Brady material and relevant information responsive to the Court's January 2021 Order that still has not been produced.  Please produce it immediately as we need it for the defense.

On Fri, Sep 10, 2021 at 12:38 PM emma hernandez <​⬛⬛⬛⬛⬛⬛⬛⬛​> wrote:
From Mr. Steward and Mr. Avenatti

Mr. Wyman:

First, we will stipulate to an order providing us with forensic copies of the servers under the same terms that were agreed to with Mr. Fitzgerald three weeks ago (which you opposed at the time).  If this is acceptable, please provide a proposed stipulation and order as soon as possible.

Second, if this is not acceptable, we request that you state in writing, the following: "Other than the Tabs data, Defendant has been provided all information and materials that are required to be produced pursuant to Rule 16, Brady, Giglio, Price, Bundy, and/or the Court's January 2021 Order, including but not limited to all such information and materials from the Eagan Avenatti, LLP servers." If you are unable to make this representation, we ask that you so state in writing.  Please get back to us on this promptly so we can consider our position on the motion, which we only first learned about earlier today when we received your email.

Third, please immediately produce all of the materials we requested in our letter, including but not limited to the information we requested in Nos. 1, 4, and 5.  We need this information so we can prepare for trial.

Fourth, our further review of the discovery has revealed that the government still has not produced information and materials required to be produced pursuant to Brady, Giglio, Price, Bundy, and/or the Court's January 2021 Order.  This includes, but is not limited to the following: (1) all financial information relating to the clients identified in the Indictment; (2) all cost, expense and invoice information relating to the clients identified in the Indictment; (3) all financial information relating to the law firm, its financial position, its bankruptcy, and its financial prospects (all topics explored by the government during its case-in-chief in the first trial); (4) all statements of each of the government's witnesses that relate to the subject matters of their testimony (i.e. the government has thousands of emails from Ms. Regnier relating to the subjects of her testimony elicited on direct that have never been produced); (5) all statements of the defendant relating to the subject matters of the Indictment and/or those explored by the government during its case-in-chief (once again, thousands of these emails have never been produced); (6) all financial reports relating to the clients and the firm; and (7) all emails relating to the settlements of the client matters, the finances of the firm, and/or costs, expenses, or advances made on behalf of the clients identified in the Indictment.  We need all of this information produced immediately.

Thank you in advance.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27        EXHIBIT N
28

 **emma hernandez**                                                                September 22, 2021 at 8:27 AM
Fwd: US v. Avenatti - Letter of August 26, 2021
**To:** Sagel, Brett (USACAC),   Wyman, Alex (USACAC),   **Cc:** Dean Steward,   Courtney Cummings        Details

From Mr. and Mr. Avenatti

Gentlemen:

Tomorrow will be four weeks since the attached letter was sent and we have yet to receive any of the requested materials apart from the forensic copies of the servers.  Further, we have recently discovered that other cost, expense, and fee information that constitutes Brady material and was also required to be produced pursuant to the January 2021 Order, has not been produced.

We hoped that the Court's recent mistrial Order, together with the Court's clear orders and statements in August regarding the government's obligations, would cause the government (and the supervisors/leadership of the USAO for the Central District) to adopt a new approach as it relates to discovery in this case and produce what is required.  Shockingly, that has not occurred. Indeed, it appears that the government has no intention of complying with its discovery obligations and instead intends on risking another mistrial, a dismissal and/or a possible reversal by the Ninth Circuit.

We once again demand that you immediately fully comply with the requirements of Brady, Giglio, Price, Bundy, Rule 16 and the Court's January 2021 Order and produce all required information.  Time is of the essence and the information is needed for the defense.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT O

 **emma hernandez**                                    September 29, 2021 at 3:26 PM

U.S. v. Avenatti - Demand for Production Re John Drum

**To:** Sagel, Brett (USACAC),   Wyman, Alex (USACAC),   Dean Steward,   Courtney Cummings

From Mr. Steward and Mr. Avenatti

Gentlemen:

We received your most recent production earlier today, which included pages of billing statements from Mr. Drum.  As you know, we requested this information before the first trial and at the first trial but it was never produced before today, despite the fact that it was required to be produced pursuant to Brady, Giglio, Bundy, Price, Rule 16, and the Court's January Order.  Further, your production raises a number of additional issues, including the following:

1.  The production includes various emails.  Please immediately produce the native emails with the native attachments.

2.  The billing records do not appear to be complete.  Months are missing (i.e. Sept 2020 - May 2021, July 2021 and August 2021) and detailed billing entries for every month are also missing.  Please produce this information immediately.

3.  Please immediately produce the draft and preliminary exhibits previously provided to your office by Mr. Drum (as referenced in the billing and during Mr. Drum's testimony), together with any decks or presentations.

4.  Please immediately produce the memoranda referenced in the billing records.

5.  We again demand that the other information relating to Mr. Drum as previously referenced in Mr. Avenatti and Mr. Steward's letters be immediately produced.

Thank you in advance for your prompt attention to this matter.

We have demanded these materials repeatedly and they have not been produced despite the

--
Emma Hernandez, Paralegal

EXHIBIT P

 **emma hernandez**                                                    October 5, 2021 at 8:19 AM
Re: U.S. v. Avenatti - Demand for Production Re John Drum
**To:** Sagel, Brett (USACAC),     Wyman, Alex (USACAC),     Dean Steward,     Courtney Cummings

From Mr. Steward and Mr. Avenatti

Gentlemen:

Please produce ALL of the requested materials by noon tomorrow or we will file a motion detailing the government's misconduct and seek severe sanctions.  We have written repeatedly to the government and demanded full compliance with its discovery obligations, including Brady, and yet the government continues to "blow off" these demands.  This is not acceptable and reflects unbridled contempt for defendant's due process rights, the Court's orders, and the requirements of Brady, Giglio, Jencks, Rule 16, Bundy, Price and Olsen.  It also demonstrates a purposeful disregard of the Court's recent mistrial order and the events leading to that order. Indeed, it appears the government learned nothing.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT Q

 **Wyman, Alex (USACAC)**                                October 5, 2021 at 2:30 PM
RE: [EXTERNAL] Re: U.S. v. Avenatti – Demand for Production Re John Drum
**To:** emma hernandez,    Sagel, Brett (USACAC),    Dean Steward,    Courtney Cummings

For defendant:

We have already provided you with the invoices and transmittal emails in our possession.  As we stated when we produced them, those materials fall outside the scope of our discovery obligations, but we have produced them to you as a courtesy in an attempt to work with you on your discovery complaints.  If you have a specific explanation as to why you need the native versions of those emails, we will consider your request.

As for the invoices, we have produced those in our possession.  We do not believe Analysis Group has worked on this matter every month since they were retained, so there should not be billing records or invoices for every month.  Once we receive the invoices for July, August, and September 2021, we will produce them to you on a rolling basis, although we maintain that such materials are outside the scope of our discovery obligations.

We have provided you with multiple draft sets of the summary exhibits prepared by Mr. Drum.  As we have previously informed you, drafts are not statements subject to production under Jencks, and you have provided no authority to the contrary.  Nevertheless, again as a courtesy and in an attempt to accommodate you, we will be producing shortly the additional draft charts and slide decks we have been able to find in our possession from Analysis Group.  Many of these are related to the severed counts, not the instant trial, but we are providing them to you anyway.

Lastly, you request "memoranda referenced in the billing records," although you do not specify what you mean.  The sole reference to a memorandum we have been able to find is in an August 2019 invoice (USAO_01144189).  We do not know what that is a reference to, but we will ask Analysis Group if they have a copy of it and, if they do, we will review it to determine if it is discoverable.  If you are referring to different "memoranda," please let us know.

The tone of your emails and filings, and your threats of "severe sanctions," demonstrate your continued unprofessional conduct despite you claiming you want the government to "cooperate, coordinate, and consult" pursuant to the Court's statements.  Despite your claims to the contrary, we are not blowing off your discovery requests.  In making such requests, it would be helpful for you to identify with greater specificity what you are asking for and the authority for such requests beyond generic references to Brady, Rule 16, Giglio, and Jencks.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT R

 **emma hernandez**                                                     October 5, 2021 at 3:39 PM
Re: [EXTERNAL] Re: U.S. v. Avenatti - Demand for Production Re John Drum
To:  Wyman, Alex (USACAC),   Cc:  Sagel, Brett (USACAC),     Dean Steward,     Courtney Cummings     **Details**

From Mr. Steward and Mr. Avenatti

Please see our response below.

1.  The invoices and emails do not fall outside your discovery obligations. *See Brady, Gigilio and 18 USC 3500.*  We are requesting the native emails and attachments because we are entitled to them and we do not believe what has been provided is complete, especially in light of Mr. Drum's trial testimony.

2.  We find it very difficult to believe that Mr. Drum and his company performed no work in June 2019, July 2019, or Sept 2020 - May 2021.  We are entitled to these invoices together with the detailed descriptions of all work performed.

3.  We are entitled to ALL drafts of the summary charts - they are required under Jencks, Giglio, Brady and the Court's January 2021 Order  and we have been requesting them specifically for nearly two months.  Your claim to the contrary is without all merit and directly contradicted by Mr. Drum's testimony.  Further, as you know, your prior claim that they were work product was shown at trial to be devoid of all merit and contrary to Supreme Court precedent.

4.  All memoranda referenced in the invoices should be immediately produced and should have been immediately produced long ago.

5.  To the extent that any other *Jencks, Giglio* and/or *Brady* materials relating to Mr. Drum have not been produced, they should be produced immediately but in no event by the end of the week.

6.  The idea that we need to point you to authority other than seminal criminal cases decided by the United States Supreme Court and federal statutes, not to mention the DOJ manual, in order to convince you to comply with your most basic obligations lacks all merit.  For years, the defense has been requesting that the government comply with its obligations.  In response, the government has made repeated misrepresentations to the defense and the Court (*see, e.g.,* Dkt. 822, pp. 10-26, Dkt. 822-1).

7.  Most recently, the government claimed in a filing that its *Brady* obligations are limited by a materiality standard (Dkt. 825, p. 26, fn. 8).  This reflects a fundamental misunderstanding of the law and is frankly shocking, especially when considering the role of a federal prosecutor.  To be clear, there is no materiality standard for Brady.  *See, e.g., United States v. Bundy*, 968 F.3d 1019, 1033 (9th Cir. 2020) (requiring all favorable evidence to be disclosed by prosecutors pretrial, without regard to materiality:  "[T]rial prosecutors must disclose favorable information without attempting to predict whether its disclosure might affect the outcome of the trial. . . . The retrospective definition of materiality is appropriate only in the context of appellate review" and not at the trial level.)(citation omitted); *United States v. Price*, 566 F.3d 900 (9th Cir. 2009) (requiring prosecutors to produce all potentially exculpatory or otherwise favorable evidence without regard to how the withholding of such evidence might be viewed as affecting the outcome of the trial); *United States v. Olsen*, 704 F.3d 1172, 1183 n.3 (9th Cir. 2013); *United States v. Blanco*, 392 F.3d 382, 387 (9th Cir. 2004); *Gantt v. Roe*, 389 F.3d 908 (9th Cir. 2004)("Brady is not confined to evidence that affirmatively proves a defendant innocent: Even if evidence is merely 'favorable to the accused,' its suppression violates Brady if prejudice results. The evidence the prosecution failed to disclose here surely satisfies the low 'favorable to the accused' standard.")(citations omitted).  If, after reading the above cases, you continue to believe that a materiality standard applies, please inform us in writing so that we can bring it to the attention of the Court.  We again demand that all *Brady* materials be produced regardless of whether they relate to Mr. Drum or some other issue in the case.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
EXHIBIT S
28

 **Sagel, Brett (USACAC)**                                                    October 5, 2021 at 6:38 PM
Re: [EXTERNAL] Re: U.S. v. Avenatti - Demand for Production Re John Drum
**To:** emma hernandez,   **Cc:** Wyman, Alex (USACAC),    Dean Steward,    Courtney Cummings    Details

---

The below is simply the latest in a never-ending string of unprofessional and unproductive correspondence from you, and comes less than an hour after you claimed you would be filing a motion seeking serious sanctions against us. We told you previously that we would only respond to professional and constructive dialogue, which we reiterate now.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT T

 **emma hernandez**

Re: [EXTERNAL] Re: U.S. v. Avenatti – Demand for Production Re John Drum

To: Sagel, Brett (USACAC),   Cc: Wyman, Alex (USACAC),   Dean Steward,   Courtney Cummings

October 6, 2021 at 8:32 AM

*Details*

---

From Mr. Steward and Mr. Avenatti

Mr. Sagel:  You may continue to ignore our communications at your own risk.  If you do not want us filing motions seeking to hold you accountable, then please dispense with the unprofessional non-responses and simply comply with your ethical and discovery obligations. We had hoped that the granting of the mistrial and the Court's comments about the government's Brady violation would usher in a different approach to this case by the U.S. Attorney's Office for the Central District of California. Indeed, one would have thought that someone in leadership in the Office (and/or the OPR) would have taken a serious interest in the case and the record, and taken concrete steps to ensure that the case was handled correctly. Unfortunately, we were wrong as evidenced by your and AUSA Wyman's refusal to timely respond to our correspondence, address our concerns, and produce all required materials.

"The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that **justice shall be done**. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor-- indeed, he should do so. But, while he may strike hard blows, **he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.**" *Berger v. United States,* 295 U.S. 78 (1935)(emphasis added).

## **CERTIFICATE OF SERVICE**

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California. I am not a party to the above-entitled action.  I have caused, on October 11, 2021 service of the:

DECLARATION OF MICHAEL JOHN AVENATTI IN SUPPORT OF DEFENDANT'S MOTION FOR AN ORDER TO SHOW CAUSE RE CIVIL CONTEMPT AND FINDING OF CONTEMPT; AND MOTION TO COMPEL DISCOVERY

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 11, 2021

/s/ H. Dean Steward

H. Dean Steward