TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2435
    Facsimile: (213) 894-6269
    Email:   Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
    Ronald Reagan Federal Building
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3598
    Facsimile: (714) 338-3708
    Email:   Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>            v.<br><br>MICHAEL JOHN AVENATTI,<br><br>        Defendant. | No. SA CR 19-061-JVS<br><br>REPLY IN SUPPORT OF GOVERNMENT'S MOTION _IN LIMINE_ TO EXCLUDE EVIDENCE AND ARGUMENT RELATED TO THE FIRST TRIAL, THE MISTRIAL, AND THE REASONS FOR THE MISTRIAL PURSUANT TO FEDERAL RULES OF EVIDENCE 401, 402, AND 403<br>(CR 830) |

     Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby files its reply in support of its motion in limine to exclude evidence and argument related to the

first trial, the mistrial, and the reasons for the mistrial pursuant to Federal Rules of Evidence 401, 402, and 403 (CR 830).

This reply is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 13, 2021          Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


_____/s/_____
BRETT A. SAGEL
ALEXANDER C.K. WYMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

1        **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3            Defendant's opposition demonstrates why the Court should issue a

4    pretrial order preventing the parties from discussing the first

5    trial, the fact that it resulted in a mistrial, or the reason for the

6    mistrial in front of the jury.  Defendant clearly intends to

7    mischaracterize to the jury -- as he does in his motion -- why there

8    was a first trial and the reason for the retrial in an attempt to

9    prejudice the government.  This Court has explicitly found that the

10   government committed no misconduct and that the prosecution team did

11   not commit a <u>Brady</u> violation, and yet defendant appears poised to

12   tailor his entire defense around a false narrative not only that the

13   government's investigation was sloppy (a defense he is entitled to

14   present, even if it has no merit), but also that the government's

15   prosecution team has a "'win at all costs' mentality and personal

16   animus" (CR 840 at 4) that is without support in the record and which

17   is an improper defense unrelated to the government's investigation.

18   Indeed, the government's investigation concluded long before the

19   discovery issue that led to the mistrial; they are temporally and

20   substantively unrelated.  The Court should grant the government's

21   requested relief and prohibit defendant from pursuing his improper,

22   bad faith tactics during the retrial.

23   **II.   ARGUMENT**

24           To begin, defendant appears to concede that the fact of the

25   first trial, the fact that it resulted in a mistrial, and the reason

26   for the mistrial are not relevant to proving or disproving any

27   element of the crime of wire fraud.  Instead, he claims that such

28   information is relevant to his "defense that the government's

investigation of this case was sloppy, shoddy, hasty, and remains incomplete." (CR 840 at 4.) The government agrees that defendant is entitled to put on evidence (to the extent it exists) of, as the Supreme Court phrased it in <u>Kyles v. Whitley</u>, 514 U.S. 419, 446 n.15 (1995), "slovenly work" by law enforcement in conducting its investigation. All of the authority cited by defendant in his opposition stands for that unremarkable proposition, namely, that he is entitled to attempt "to discredit the caliber of the investigation or the decision to charge the defendant." <u>United States v. Howell</u>, 231 F.3d 615, 625 (9th Cir. 2000) (quoting <u>Bowen v. Maynard</u>, 799 F.2d 593, 613 (10th Cir. 1986)). That is also what the Court acknowledged on the record, telling defendant, correctly, "If you want to establish that the government's investigation was faulty or that it didn't follow procedures or any of that, I agree you are entitled to get into it." (CR 840 at 5 (quoting RT 7/29/2021, Vol. 1 at 14-15).)

None of defendant's authority, however, supports his apparent position that he is entitled to lob unsupported, <u>ad hominem</u> attacks at the government's prosecution team in front of the jury in an attempt to undermine the "quality of . . . the instant prosecution against" defendant. (CR 840 at 4.) Similarly, none of defendant's authority suggests that the defense can, in front of the jury, attack the sufficiency of the government's discovery productions, which is unrelated to the investigation that led to the collection of the evidence that comprises discovery in a criminal case. Nor would that make sense. Discovery productions by the prosecutors are unrelated to "establish[ing] that the government's investigation was faulty or that it didn't follow procedures" (RT 7/29/2021, Vol. 1 at 14-15), or to "attack[ing] the reliability of the investigation," <u>Kyles</u>, 514

2

1    U.S. at 446.  In short, and as the government acknowledged in its

2    motion, Kyles and its progeny may allow defendant to elicit the date

3    on which the government first obtained the additional Tabs data -- in

4    an attempt to suggest that the government's investigation was

5    unreliable because it did not timely capture certain data -- but it

6    does not permit defendant to cast aspersions on the government's

7    prosecutors during trial regarding the state of discovery.

8           Even if there were authority for such a defense, defendant would

9    be unable to pursue it here because it is contradicted by the record.

10   The Court has repeated on three separate occasions that it "found no

11   misconduct on the part of either the Privilege Review Team or the

12   Prosecution Team."  (CR 838 at 2; see also RT 8/24/2021 at 62 ("I

13   find no willful conduct on the part of the Prosecution Team.  I find

14   no willful conduct on the part of the Privilege Review Team."), 64

15   ("I want to go back and emphasize two points.  I repeat my findings

16   that I find no misconduct on the part of the Prosecution Team and no

17   misconduct on the part of the Taint Team.").)  In fact, in denying

18   defendant's most recent misconduct motion, the Court explicitly held

19   that "there was no Brady violation by the Prosecution Team."[1]  (CR

20   838 at 4-5.)  And, of course, it is the Prosecution Team, not the

21   Privilege Review Team, who is prosecuting defendant and will be

22   presenting its evidence at trial.  So even if defendant were entitled

23   to attack the prosecution's handling of discovery in front of the

24   jury, he has no good faith basis to pursue this defense because it is

25   directly contradicted by the Court's findings in this case.

26

27          [1] In his opposition, defendant accuses the government, without
     any support whatsoever, of eliciting false testimony from Joe Varani
28   at trial.  As with all of defendant's accusations of misconduct, this
     allegation is unfounded and without merit.

3

1    Lastly, defendant's hypothetical argument about the government

2    adopting a different trial strategy has no bearing on this motion.

3    For one thing, the Second Circuit case defendant relies on, United

4    States v. GAF Corp., 928 F.2d 1253, 1262 (2d Cir. 1991), involved a

5    situation in which the government "contradict[ed] its previous

6    theories of the case and version of the historical facts."  Here,

7    there is only one (very simple) theory of the case and one version of

8    the facts: defendant stole his clients' money.  Relatedly, the

9    government has no intention of adopting a new trial strategy; the

10   evidence the government presented in its case-in-chief during the

11   first trial proved beyond a reasonable doubt that defendant was

12   guilty, and the government expects to present a very similar case

13   during the retrial.

14   For all of these reasons, evidence or argument about the fact

15   that there was a first trial, the fact of a mistrial, and the reason

16   for the mistrial are irrelevant and should be excluded under Rule

17   402.  Even if the Court finds that there is some minimal probative

18   value to such evidence, it should still be excluded under Rule 403

19   because that probative value is "substantially outweighed by the

20   danger of prejudice, confusion of the issues, or misleading the jury,

21   or by considerations of undue delay, waste of time, or needless

22   presentation of cumulative evidence."  Fed. R. Evid. 403; see also

23   United States v. Espinoza-Baza, 647 F.3d 1182, 1189 (9th Cir. 2011)

24   ("Where the evidence is of very slight (if any) probative value, even

25   a modest likelihood of unfair prejudice or a small risk of misleading

26   the jury will justify excluding that evidence." (quotation marks and

27   alterations omitted)).

28

4

1   Accordingly, the Court should rule that the parties are limited

2   to referring to a "prior proceeding" or similar language rather than

3   discussing the fact that there was a first trial, the fact of a

4   mistrial, or the reason for the mistrial in front of the jury, just

5   as other courts have done in similar factual circumstances.  See,

6   e.g., United States v. Fabricant, No. CR 03-1257(A)-RSWL, 2008 WL

7   11504222, at *4 (C.D. Cal. Aug. 20, 2008); United States v. Quinones-

8   Davila, No. CR 2016-0009, 2018 WL 1123867, at *1 (D.V.I. Feb. 28,

9   2018); United States v. Thomas, 214 F. Supp. 3d 187, 194 (E.D.N.Y.

10  2016); United States v. King, No. CR-08-002-E-BLW, 2009 WL 1045885,

11  at *8 (D. Idaho Apr. 17, 2009).[2]

12  **III. CONCLUSION**

13  For the foregoing reasons, the government respectfully requests

14  that the Court exclude evidence and arguments about the first trial,

15  the fact that a mistrial occurred, and the reason for the mistrial,

16  pursuant to Federal Rules of Evidence 401, 402, and/or 403.  Should

17  it become necessary to refer to testimony by any witness during the

18  first trial, the Court should order that the parties refer to the

19  first trial as either a "prior proceeding" or the witness's "prior

20  testimony under oath."

21

22

23

24

_____

25  [2] Defendant's argument about how the defendants in some of the
    government's cited cases did not oppose the requested relief misses

26  the mark.  The point of these cases is that other courts have found
    the requested relief appropriate when confronting the prospect of a

27  retrial.  That the defendants in those cases agreed with the
    government and the court that the parties should not refer to the

28  first trial only underscores the unreasonableness of defendant's
    position in opposing this motion.