TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     Email:     Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:     Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 19-061-JVS |
|---|---|
| Plaintiff, | GOVERNMENT'S *EX PARTE* APPLICATION FOR AN ORDER (1) REQUIRING SOFTWARE TECHNOLOGY, LLC TO FACILITATE THE GOVERNMENT'S RESTORATION OF TABS SOFTWARE FILES SEIZED FROM THE EAGAN AVENATTI LLP SERVERS, AND (2) EXTENDING DEADLINE FOR GOVERNMENT TO FILE REPORT ON TABS DATA; DECLARATION OF ALEXANDER C.K. WYMAN |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |
| | [PROPOSED ORDER LODGED HEREWITH] |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby files this ex parte application for

an order (1) requiring Software Technology, LLC to facilitate the government's restoration of Tabs software files seized from the Eagan Avenatti LLP servers, and (2) extending the deadline for the government to file a report on the Tabs data. This application is based upon the attached Declaration of Alexander C.K. Wyman. The government believes that defendant opposes this application.

Dated: October 13, 2021    Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

      /s/
BRETT A. SAGEL
ALEXANDER C.K. WYMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DECLARATION OF ALEXANDER C.K. WYMAN

I, Alexander C.K. Wyman, declare as follows:

1. I am an Assistant United States Attorney ("AUSA") for the Central District of California. Together with AUSA Brett A. Sagel, I represent the government's prosecution team in <u>United States v. Michael John Avenatti</u>, SA CR 19-061-JVS. I have personal knowledge of the facts set forth below and could testify competently thereto.

2. I make this declaration in support of the government's application for an order (1) requiring Software Technology, LLC to facilitate the government's restoration of Tabs software files seized from the Eagan Avenatti LLP servers, and (2) extending the deadline for the government to file a report on the Tabs data.

3. The Privilege Review Team has provided the prosecution team with a copy of the Tabs3 ("Tabs") data found on the servers of Eagan Avenatti LLP ("EA LLP"). From what IRS-CI Special Agent Nshan Tashchyan has told me, I understand that the data is in the form of software files that can be accessed using Tabs software if they are properly restored onto the software program.

4. The government acquired the current version of the Tabs software in order to access the Tabs files. I understand from Special Agent Tashchyan that neither he nor other agents with whom he has spoken have been able to determine how to restore the Tabs software files, which include files from previous versions of the Tabs software, so that the files may be reviewed on the current version of the software.

5. In recent weeks, IRS-CI agents have been in communication with representatives from the company that makes the Tabs software, Software Technology, LLC, about obtaining technical assistance in

1  reviewing the Tabs data. An executive from Software Technology, LLC
2  indicated that the company would like to help and that a subpoena may
3  be necessary to enable the company to provide the requested technical
4  assistance.
5      6.  On October 12, 2021, the Court ordered the parties to
6  provide reports by noon on October 14, 2021 detailing the Tabs data
7  that the parties have received from the EA LLP servers since August
8  2021.
9      7.  On the afternoon of October 12, 2021, at the request of
10 Software Technology, LLC, the government served Software Technology,
11 LLC with a trial subpoena directing the company to provide assistance
12 to the government in accessing the Tabs data in the government's
13 possession related to defendant. A true and correct copy of that
14 trial subpoena is attached hereto as **Exhibit A**.
15     8.  Later that day, AUSA Sagel and I were contacted by counsel
16 for Software Technology, LLC. Counsel informed us that Software
17 Technology, LLC would like to provide the requested assistance but
18 that they were concerned that doing so could expose the company to a
19 claim by defendant (even if meritless) that the company had violated
20 the confidentiality provisions of agreements that the company had
21 entered into with defendant's former law firms. AUSA Sagel and I
22 explained that we were not asking for any data -- we already had the
23 data -- and that we only needed technical assistance in restoring the
24 files. Counsel stated that they still had concerns that defendant
25 might claim they were indirectly providing us access to confidential
26 files because, but for their assistance, we would be unable to access
27 the files. We asked counsel to describe their concerns in an email,
28

2

which they did. A true and correct copy of that email is attached hereto as **Exhibit B**.

9. On October 13, 2021, I contacted one of defendant's paralegals, Emma Hernandez, as well as advisory counsel H. Dean Steward, to request defendant's position on Software Technology, LLC assisting us in restoring the Tabs software files. In my email, I made clear that we were "not requesting any data from Software Technology, LLC; we are just asking for them to provide technical assistance in helping us restore the software files from the servers that you also received." Ms. Hernandez responded with a message from Mr. Steward and defendant, in which they requested contact information for counsel for Software Technology, LLC and asserted that the files included "privileged and confidential information" for clients who have not waived those privileges and rights. A true and correct copy of my email to Ms. Hernandez, and her response, is attached hereto as **Exhibit C**.

10. Because the Court's deadline by which to report on the Tabs data in the government's possession is tomorrow, we are proceeding on an <u>ex parte</u> basis to require Software Technology, LLC to provide the technical assistance that they alone appear able to provide to enable the government to access the Tabs data found on the EA LLP servers. The only information that the government seeks to review relates to clients of EA LLP, of which defendant is no longer an owner.

11. Because the Court has ordered the parties to file reports concerning the Tabs data by tomorrow (Thursday) at noon, and as the government still does not have access to the Tabs data to review, the government also requests an extension of the deadline by which to

3

file this report, until Friday, October 15, 2021, at 2:00 PM.  The government expects the Tabs data to be largely, if not entirely, duplicative of the Tabs printouts that the government accessed on August 23, 2021, and which the government has attached to filings since that date.  (CR 809 Exs. 1-4.)

12.  On October 13, 2021, I contacted the defense by email to Ms. Hernandez.  Since the message I received in response from Mr. Steward and defendant did not provide a position on the relief sought herein, but instead sought to communicate with counsel for Software Technology, LLC, the government is proceeding with the understanding that defendant opposes this request.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed at Los Angeles, California on October 13, 2021.

                                  /s/
                            ALEXANDER C.K. WYMAN

# EXHIBIT A

Brett A. Sagel
Alex Wyman
Assistant United States Attorney
411 West Fourth Street, Suite 8000
(714) 338-3500

Special Agent, IRS-CI, Ryan Roberson
(949) 285-7773

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| United States of America | CASE NUMBER |
|---|---|
| PLAINTIFF | SA CR 19-61-JVS |
| v. | |
| Michael John Avenatti | SUBPOENA IN A CRIMINAL CASE |
| DEFENDANT(S) | |

TO: Software Technology, LLC (TABS3)

☑ **YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

Place: 411 W. FOURTH STREET, SANTA ANA, CALIFORNIA 92701 , Courtroom: 10C

Date: November 2, 2021 , Time: 8:30 a.m. .

☑ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

See attachment.



Kiry K. Gray, Clerk of Court



October 12, 2021

Date

CR-21 (10/15)      **SUBPOENA IN A CRIMINAL CASE**      Page 1 of 2

| PROOF OF SERVICE | | | |
|---|---|---|---|
| **Received by Server** | DATE | PLACE | |
| **Served** | DATE | PLACE | |
| SERVED ON (PRINT NAME) | | | FEES AND MILEAGE TENDERED TO WITNESS<br>☐ Yes  ☐ No  Amount $ _____ |
| SERVED BY (PRINT NAME) | | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
   *Date*                              *Signature of Server*

Address of Server: _____

ADDITIONAL INFORMATION

ATTACHMENT TO SUBPOENA ISSUED TO:  Software Technology, LLC (TABS3)

Records relative to:

Any and all assistance to restore old Tabs3 programs, and access to data licenses for years 2011 through 2019 for any of the following entities:

Eagan Avenatti LLP
Avenatti & Associates
All other entities related to Michael Avenatti


Please contact Special Agent Ryan Roberson if you have any questions or need additional information at 949-575-6225 or ryan.roberson@ci.irs.gov.

**EXHIBIT B**

## Sagel, Brett (USACAC)

| | |
|---|---|
| **From:** | John V. Matson <John.Matson@koleyjessen.com> |
| **Sent:** | Tuesday, October 12, 2021 8:16 PM |
| **To:** | Sagel, Brett (USACAC); Wyman, Alex (USACAC) |
| **Cc:** | dan.berlin@tabs3.com; Roberta L. Christensen |
| **Subject:** | [EXTERNAL] U.S. v. Avenatti - Subpoena to Software Technology, LLC |

RE:   UNITED STATES OF AMERICA V. MICHAEL JOHN AVENATTI
       SUBPEONA ISSUED TO SOFTWARE TECHNOLOGY, LLC DATED OCTOBER 12, 2021

Brett and Alex,

Thank you for taking the time to speak with us this afternoon. During our conversation, you asked us for two items of information:

1) What is the basis for Software Technology, LLC's concern regarding the technical assistance that the Assistant United States Attorney's Office has requested/required via the Subpeona?
2) If required to provide such assistance, what specifically would Software Technology do?

With respect to the first question: Software Technology licensed software and provided maintenance services to one or more of the Firms identified in your Subpeona pursuant to agreements with such Firms. The agreements contained confidentiality provisions. The following are the relevant provisions from those agreements:

- The Avenatti Firms' "Confidential Information" is defined so as to include, without limitation, "financial and accounting data, compensation and technical data."
- Software Technology acknowledges that the Confidential Information is a valuable, special and unique asset of the Firms, and that the disclosure to or use of such Confidential Information by third parties would cause irreparable damage to the Firms' businesses.
- The Confidential Information can only be disclosed to third parties who have a need to know in order to enable Software Technology to perform its obligations under the agreements, and who have agreed to likewise keep it confidential.
- The Confidential Information must be held in "trust and confidence" and Software Technology must use the same degree of care in safeguarding the Confidential Information as it uses to safeguard its own confidential information.
- The Confidential Information can be disclosed "pursuant to the requirement or request of a governmental agency or a subpoena, order or other such legal process or requirement of law," so long as Software Technology "(i) first notifies the Firms of such request or requirement; (ii) furnishes only the portion that it is advised in writing by counsel that it is legally required to disclose; and (iii) cooperates with the Firms in their efforts to obtain an order or other reliable assurance that confidential treatment shall be accorded to the portion of the Confidential Information is required to be disclosed."

With respect to the second question, Software Technology would be advising the technical specialists from your office as to how to convert the Firms' data, which was stored and processed using a now-unsupported version of Tabs3, to data that can be processed using the version of Tabs3 that your office just purchased. Once that is done, your office will be able to access and read that data. (Please note that Software Technology offers more than one software application to customers, so it would be advisable to identify this software as "Tabs3," particularly.) However, there are three areas of concern to Software Technology in this process:

1) If Software Technology engaged in the foregoing process without further protective actions being taken, Software Technology would, arguably, not have complied with the notice, limited disclosure and cooperation requirements set forth in the final bullet above.
2) Should Mr. Avenatti allege that the U.S. Attorney's Office deleted, added to or changed the data, Mr. Avenatti could potentially allege that such actions could not have occurred but for Software Technology's enabling actions.
3) The data is several years old, and has been residing on a server that utilizes an unsupported version of Tabs3, as discussed above.  The data may be corrupt.  If it is, any efforts to correct that corruption would require that a copy of the data be sent to Lincoln, Nebraska, so that Software Technology's technical specialists could work on the data directly, for the purpose of enabling it to be converted to the version of Tabs3 purchased by your office.  This directly exposes the company and its specialists to the data, as well as potentially to claims from Mr. Avenatti that they deleted, added to, changed, or further corrupted the data.

We believe that the best next step here would be for your office to seek a Court order requiring Software Technology to provide the requested assistance, which will allow Mr. Avenatti the opportunity to object and request any limitation he feels is necessary to protect the confidential information at issue. As part of that effort, we would request that the motion indicate that the United States is willing to take steps to alleviate the three concerns identified above (we would welcome the opportunity to provide feedback on the language of the anticipated motion).

We reiterate that before we were to provide the assistance you have requested, we would want Software Technology to have the opportunity to complete the steps referenced above in the applicable confidentiality provisions from the parties' agreements relating to disclosures required by Court process.

We understand that the United States will hold the subpoena in question in abeyance until the issues discussed in this email are resolved. Please let us know if that is not the case so we can proceed with seeking a protective order or related relief from the Court. Thank you.

Best regards,
John Matson

**John V. Matson  |  Attorney**
Koley Jessen P.C., L.L.O.  |  1125 S. 103rd St., Suite 800  |  Omaha, NE  68124
402.343.3814 (direct)  | 402.499.2827 (cell) | 402.390.9005 Fax
John.Matson@koleyjessen.com|  www.koleyjessen.com





CONFIDENTIALITY:  This message (including any attachment) is confidential.  It may also be privileged or otherwise protected by work-product immunity or other legal rules.  If you have received it by mistake, please delete it from your system; you may not copy or disclose its contents to anyone.

# EXHIBIT C

**Wyman, Alex (USACAC)**

| | |
|---|---|
| **From:** | emma hernandez <​█████████████​> |
| **Sent:** | Wednesday, October 13, 2021 10:35 AM |
| **To:** | Wyman, Alex (USACAC) |
| **Cc:** | Dean Steward; Sagel, Brett (USACAC); Courtney Cummings |
| **Subject:** | [EXTERNAL] Re: Tabs |

From Mr. Steward and Mr. Avenatti

First, your email misstates what the Court directed. Second, please have counsel for the software company promptly contact us directly at this email address or provide us with their contact information and we will discuss their concerns. Third, we note that the financial data contained within the Tabs and Quickbooks files includes privileged and confidential information belonging to thousands of clients which are not identified in the indictment, as well as information protected by the work product doctrine (which belongs to attorneys, not clients, in California). Some of this information belongs to clients who retained the firm in connection with federal and state criminal investigations/prosecutions. None of these privileges/protections have been waived to the best of our knowledge.

On Wed, Oct 13, 2021 at 9:49 AM Wyman, Alex (USACAC) <Alex.Wyman@usdoj.gov> wrote:

> For defendant:
>
> As you know, we have received from the Privilege Review Team a copy of the Tabs data from the Eagan Avenatti LLP servers.  We have also obtained the Tabs3 software in order to review the data.  So far, the agents have been unable to load the Tabs data on the software, and it appears we need technical assistance from the software company (Software Technology, LLC) in order to restore the Tabs software files on the program.
>
> We have communicated with counsel for Software Technology, LLC, and they have expressed concern about providing us with the assistance we are requesting on the basis that it may expose their client to an allegation, by you, that the company has violated the confidentiality provisions of the agreements that it had with your former law firms by indirectly providing us access to the data.
>
> To be clear, we are not requesting any data from Software Technology, LLC; we are just asking for them to provide technical assistance in helping us restore the software files from the servers that you also received.  Please let us know if you object to Software Technology, LLC providing us with this assistance.  If you do object, we will seek a court order so as to allow us to comply with the Court's order from yesterday requiring a report on the Tabs data the parties have received to date.
>
> **Alex Wyman | Assistant United States Attorney**

**Major Frauds Section**

United States Attorney's Office | Central District of California

312 N. Spring St. | Los Angeles, California  90012
T: 213.894.2435 | Alex.Wyman@usdoj.gov

--
Emma Hernandez, Paralegal