TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     Email:    Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL JOHN AVENATTI, <br><br> Defendant. | SA CR No. 19-061-JVS <br><br> GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* FOR THE COURT TO IMPOSE LIMITS ON DEFENDANT'S CROSS-EXAMINATIONS PURSUANT TO FEDERAL RULES OF EVIDENCE 611 AND 403 |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby files its Reply in Support of its Motion *in limine* for the Court to impose limits on defendant's cross-examinations pursuant to Federal Rules of Evidence 611 and 403.

This Reply is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 13, 2021                    Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


           /s/
BRETT A. SAGEL
ALEXANDER C.K. WYMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Looking behind the hyperbole and bluster, the citations to irrelevant law, and the misstatements of the remedy the government is seeking, defendant admits that the Court has the discretion to do exactly what the government asks of the Court. Defendant concedes that "[t]he Court may limit cross-examination by way of Rule 611, as well as Rule 403, but only so long as the jury has before it sufficient information to make a discriminatory appraisal of the witness's possible biases and motive for testifying." (CR 836 at 4 (citations omitted).) Defendant provides no explanation why he cannot confine his cross-examinations, including areas to attack a witness's credibility, bias, and motive, to the length of the direct examinations. Moreover, the remedy the government seeks would allow defendant to demonstrate good cause, i.e., to alert the Court what questions he still needs to ask the witness and why he could not or did not cover those areas within the time limits imposed, if he would need additional time past the time limits established by the Court. The Court should not let defendant unilaterally decide to waste the jurors' time, and should impose time limits on defendant's cross-examinations, not to exceed the length of the direct examination of the particular witness, without a showing by defendant why good cause exists to permit additional time if necessary.

In referring to the remedy the government seeks, defendant claims the government wants a "blanket order placing 'time limits on defendant's cross-examinations not to exceed the length of the direct examination of the particular witness.'" (CR 836 at 1 (quoting government's motion).) Defendant leaves out of his quote the remainder of the remedy the government seeks, in which the Court

would still have the ability to extend the time if there is a legitimate basis. Defendant refers to the remedy as "oppressive" and "highly-restrictive" (id. at 4, 7), but other than his rhetoric, does not once explain why he would need more time for cross-examination of witnesses in the second trial than the government would need when the government carries the burden and needs to introduce and cover hundreds of exhibits.

Defendant claims the government's request is "patently frivolous and lacks all merit," and "such an order is frankly unheard of in a criminal case . . . and would constitute reversible error." (Id.) At best, defendant is wrong, or worse, he purposefully ignores the considerable amount of criminal cases in which courts have properly imposed time limitations on cross-examinations.[1] The Ninth Circuit has made it clear that a district court "has considerable discretion in restricting cross-examination," and there is only error when that discretion is abused or the limitations prevent "relevant testimony that prejudices the defendant." United States v. Larson, 172 F.3d 1121, 1128 (9th Cir. 1999) (internal citations and quotations omitted).

As such, the Ninth Circuit has repeatedly approved of time limits placed on cross-examinations in criminal matters. See, e.g., United States v. Rutgard, 116 F.3d 1270, 1279 (9th Cir. 1997) ("In a long trial, marked by repetitive cross-examination by the defense, the court had the discretion to impose reasonable time limits on the

---

[1] The government used the search "district court placing time limits on cross examination in criminal case" in Westlaw to obtain countless circuit court cases addressing the issue, which the Court knows is likely a small sampling of such cases in which district courts imposed such time limits in criminal cases as these are simply the cases in which the specific issue was appealed.

examination of the witnesses."); United States v. Marbella, 73 F.3d 1508, 1513 (9th Cir. 1996) ("We conclude the time limitations on cross-examination did not violate [defendant's] right of confrontation."); United States v. Spangler, 638 F. App'x 611, 613 (9th Cir. 2016) (unpublished) (finding no error in placing time limit on defendant's cross-examination where court gave warnings that questioning was "repetitive, argumentative, and unfocused"); United States v. Hummingway, 111 F. App'x 879, 880 (9th Cir. 2004) (unpublished) ("The district court acted within its discretion when it placed time limits on [defendant's] cross-examination of government witnesses.").[2]

Defendant's claims and citations to cases about his constitutional right to confront witnesses against him are irrelevant and misleading. Defendant cites Pointer v. Texas, 380 U.S. 400

---

[2] Out-of-circuit decisions have also approved of district courts imposing time limitations on cross-examination in criminal cases. See, e.g., United States v. Walker, 917 F.3d 1004, 1279 (8th Cir. 2019) (affirming the district court's imposition of time limits on defendant's cross-examination of victim-witness); United States v. Morrison, 833 F.3d 491, 504 (5th Cir. 2016) ("Imposing time limits during trial is a growing trend among district court. . . . We have thus approved their use, so long as the limits are reasonable, even in criminal cases where limits are more controversial."); id. at 504 n.3 ("The authority to set limits stems from a district court's authority to oversee the presentation of evidence. Fed. R. Evid. 611(a)."); United States v. Vest, 116 F.3d 1179, 1186-88 (7th Cir. 1997) (upholding the time limitations the district court placed on cross-examination of government witnesses where defendant had reasonable chance and time to cover any area defendant sought and the court imposed no limitations on topics and provided flexibility if needed); United States v. Spence, 703 F. App'x 121, 124-25 (3d Cir. 2017) (unpublished) (upholding the district court's time restrictions of pro se defendant's cross-examinations to the same time as the government's direct examinations where defendant's cross-examinations were "taking an excessive amount of time" and many of the questions were "marginally relevant," "repetitive," "confusing," and "just problematic"); United States v. Torres-Bonilla, 556 F. App'x 875, 880-81 (11th Cir. 2014) (unpublished) (finding the district court did not abuse its discretion when it placed time limits on defendant's cross-examination of government witnesses).

(1965), and Lee v. Illinois, 476 U.S. 530 (1985), (CR 836 at 1-2), but these cases do not provide any guidance in this case as defendant will have the right to confront and cross-examine the witnesses against him. In Pointer, the defendant was not able to confront and cross-examine a government witness when the government used a witness's testimony from a preliminary hearing against defendant at trial. 380 U.S. at 407. And in Lee, the court found one defendant guilty based on the co-defendant's statements to police when arrested without the opportunity for the defendant to confront or cross-examine the co-defendant. 476 U.S. at 531.

Defendant's citations to cases establishing that defendant is entitled to wide latitude on cross-examination (CR 836 at 2-3) are similarly irrelevant because the remedy sought imposes no limitations on topics or areas on which defendant can cross-examine the witnesses. The requested remedy would simply prevent defendant from having unlimited time to cross-examine the witnesses with marginally relevant information and/or simply to waste time -- a remedy that defendant's conduct in the first trial demonstrates is warranted.

In response to the examples the government provided showing defendant was simply wasting time, defendant does not deny the claims, but instead argues that the "government has failed to establish that these alleged 'tactics' were unreasonable, made in an effort to delay proceedings, or in any way went outside of the questions elicited by way of direct examination or were not related to the credibility of the witness." (CR 836 at 5.) Again without denying that he wasted time through his use of flip charts writing information that should have been done outside the presence of the jury, or his reading documents to himself or consulting with his

4

paralegal, defendant attempts to excuse his wasting time by claiming the government did the same. (Id. at 5-6.) Over the course of five weeks, the Court witnessed the parties' conduct and whether such conduct wasted time. Specifically, the Court can state in support of an order the bases and reasons for such an order, including that the time limits are necessary to prevent defendant from further wasting the jury's time.

Defendant also unconvincingly claims his cross-examinations required so much time because he did not know what answers the witnesses would give to his questions because he was unable to meet with them in advance. (Id.) Defendant has now cross-examined each witness at length, so staying within court-imposed time limits should not be difficult in the second trial as defendant will not need to use his cross-examinations for marginally relevant fishing expeditions. Defendant further justifies the significant waste of time constantly walking to and from the witness stand to refresh recollection on undisputed facts on the basis that the Court's trial order does not require defendant to provide exhibits to the government in advance of trial. In addition to this being irrelevant, the Court certainly can (and should) require defendant to have exhibit binders and place potential exhibits before a witness all at once to prevent defendant from continuing to waste time in a second trial.[3]

---

[3] Defendant also claims that the government's request shows the government will benefit from the retrial to defendant's detriment because the government will avoid problematic issues and topics, but everything points to the opposite. First, there were no problematic issues or topics that defendant exposed on cross-examination. Second, defendant would still be able to attempt to "impeach" the witnesses with such information. And finally, the party most likely
*(footnote cont'd on next page)*

5

As such, the Court should grant the relief requested in the government's motion in limine. Specially, the Court should place time limits on defendant's cross-examinations, not to exceed the length of the direct examination of the particular witness, without a showing by defendant why good cause exists to permit additional time if necessary.

---

to avoid problematic issues and topics is defendant, who constantly opened the door to questions on redirect through his questions on cross-examination.