TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2435
    Facsimile: (213) 894-6269
    Email:    Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
    Ronald Reagan Federal Building
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3598
    Facsimile: (714) 338-3708
    Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | No. SA CR 19-061-JVS |
|---|---|
| Plaintiff, | *EX PARTE* APPLICATION FOR AN ORDER FOR SOFTWARE TECHNOLOGY, LLC TO PROVIDE TECHNICAL ASSISTANCE TO RESTORE TABS DATA |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby submits the following *ex parte*

application for an Order for Software Technology, LLC to provide technical assistance to restore tabs data.

At the status conference on October 15, 2021, and in its order granting in part the government's *ex parte* application (CR 864), the Court asked the parties to submit an Order for the Court that directs the assistance from Software Technology, LLC "that captures [the] limited function that the Court will permit . . . to have in writing what the ground rules are so everybody understands them, including the Court." (RT 10/15/21 at 15-16.)

At the same status conference, defendant stated that he has "no objection obviously to an examination of the data for the five clients" by the prosecution team (id. at 13), and has no objection to the privilege review team supervising the process as to all of the data (id. at 13-14). In response to questions by the Court about whether defendant has any objection to the prosecution team seeking the assistance of the Software Technology firm as it relates to the clients involved in Counts 1 through 10 (id. at 14-15), defendant stated he has "no objection provided that that is a transparent process and that we have visibility into that process" and "if the technology company is going to assist either party, it should basically be a neutral third party that assists either party, either the government or the defendant, to the extent that access is needed to the software" (id. at 15).

On October 22, 2021, the government sent a proposed stipulation and order to defendant regarding the requested assistance from Software Technology, LLC, based on defendant's and the Court's statements at the status conference. The government asked defendant

"if [he had] any proposed edits or changes and/or whether [he would] agree with the stipulation." (Ex. 1, attached.) Instead of responding with any concerns, edits, or discussions, on October 25, 2021, defendant sent an email to the lawyers representing Software Technology, LLC, seeking a conference call and claimed he had concerns with whether the assistance would be provided to both sides and whether the data provided to the prosecution team would be limited. (Ex. 2, attached.) The government responded that defendant still had yet to express any concerns or issues with the proposed stipulation and order and that the proposed filings specifically address both issues defendant claimed he wanted to discuss with the company, and did not believe a conference call would be necessary, or at least not before defendant attempted to discuss the matter with the government as the Court instructed. (Id.)

In response, defendant acknowledged that "the Court instructed the parties to work together on a stipulation that addressed [defendant's] concerns and carried out his suggested resolution." Defendant claimed the stipulation would allow "the company [to] provide the prosecution with complete access to all of the data (which is not permitted)." (Id.) The government replied:

> We sent you a proposed stipulation and order (which covered the concerns you stated at the hearing as well as what the company told us was their concerns), and instead of responding, you sent an email to the company asking for a conference call (and you neither told us your concerns with either the proposed stipulation and order nor contacted us about a conference call). Your response below again fails to meet and confer in any good faith with us about any specific concerns you have. Your statement that the proposed stipulation and order "provide[s] the prosecution team with complete access to all of the data" is directly contradicted by the proposed stipulation and order. For the third time we are asking you to identify what concerns you have with our stipulation or proposed order and propose

3

> any modifications to them so that we can consider and possibly incorporate them and/or present them to the Court. There is no need to involve the company in the process of drafting a stipulation and proposed order that the Court has already asked us to submit.

(Id.) As of October 27, 2021, defendant has still yet to reply to the government's three requests, but continues to insist on a conference call with the company. The government therefore believes that defendant objects to the remedy sought herein.[1]

The government has attempted to work with defendant in good faith to submit an Order to the Court. At this point, the government seeks an Order from the Court on an *ex parte* basis for the following, which is identical to what the government sought a stipulation from defendant:

1. Software Technology, LLC, can provide technical assistance to the Prosecution Team[2] and defendant, including advising on how to restore and/or convert Tabs3 data using previous versions of the software to the current version of Tabs3 software and, if any data is corrupt, providing specialist support to work on the data directly for the purpose of restoring the data and converting it to the current version of Tabs3 software, as it relates to any Tabs data concerning Geoffrey Johnson, Alexis Gardner, Gregory Barela, Michelle Phan, and Long Tran obtained from forensic copies of the Eagan Avenatti LLC servers.

---

[1] The government seeks permission to file a reply to address any objections or claims defendant may raise in an opposition as the government does not know what objections or concerns defendant has because he has refused to provide them to the government.

[2] The Prosecution Team includes Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman and Special Agents Remoun Karlous, James Kim, and Ryan Roberson.

2. Software Technology, LLC, can provide technical assistance to the Privilege Review Team[3] and defendant, including advising on how to restore and/or convert Tabs3 data using previous versions of the software to the current version of Tabs3 software and, if any data is corrupt, providing specialist support to work on the data directly for the purpose of restoring the data and converting it to the current version of Tabs3 software, as it relates to any Tabs data obtained from forensic copies of the Eagan Avenatti LLC servers.

Dated: October 27, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

___/s/_____
BRETT A. SAGEL
ALEXANDER C.K. WYMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

---

[3] The Privilege Review Team includes Assistant United States Attorney Patrick Fitzgerald and Special Agent Nshan Tashchyan.



# Sagel, Brett (USACAC)

| | |
|---|---|
| **From:** | Sagel, Brett (USACAC) |
| **Sent:** | Friday, October 22, 2021 1:19 PM |
| **To:** | emma hernandez; deansteward7777_gmail.com |
| **Cc:** | Wyman, Alex (USACAC) |
| **Subject:** | Proposed Stipulation and Order |
| **Attachments:** | Proposed Order Re Software Technology LLC 10.22.21.docx; Stipulation Re Software Technology LLC 10.22.21.docx |

For defendant:

See attached proposed stipulation and proposed order regarding assistance from Software Technology, LLC.  Let us know if you have any proposed edits or changes and/or whether you will agree with the stipulation.

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
....1100 United States Courthouse
....312 North Spring Street
....Los Angeles, California 90012
....Telephone: (213) 894-2435
....Facsimile: (213) 894-6269
....Email:....Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
....Ronald Reagan Federal Building
....411 West Fourth Street, Suite 8000
....Santa Ana, California 92701
....Telephone: (714) 338-3598
....Facsimile: (714) 338-3708
....Email:....Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SA CR 19-061-JVS |
| Plaintiff, | [PROPOSED] ORDER FOR SOFTWARE TECHNOLOGY, LLC TO PROVIDE TECHNICAL ASSISTANCE TO RESTORE TABS DATA |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

....The Court has read and considered the Stipulation for an Order for Software Technology, LLC to provide technical assistance to restore Tabs data, filed by the parties in this matter.

....THEREFORE, FOR GOOD CAUSE SHOWN:

1. Software Technology, LLC, can provide technical assistance to the Prosecution Team[1] and defendant, including advising on how to restore and/or convert Tabs3 data using previous versions of the software to the current version of Tabs3 software and, if any data is corrupt, providing specialist support to work on the data directly for the purpose of restoring the data and converting it to the current version of Tabs3 software, as it relates to any Tabs data concerning Geoffrey Johnson, Alexis Gardner, Gregory Barela, Michelle Phan, and Long Tran obtained from forensic copies of the Eagan Avenatti LLC servers.

2. Software Technology, LLC, can provide technical assistance to the Privilege Review Team[2] and defendant, including advising on how to restore and/or convert Tabs3 data using previous versions of the software to the current version of Tabs3 software and, if any data is corrupt, providing specialist support to work on the data directly for the purpose of restoring the data and converting it to the current version of Tabs3 software, as it relates to any Tabs data obtained from forensic copies of the Eagan Avenatti LLC servers.

IT IS SO ORDERED.

_____      _____
DATE                                HONORABLE JAMES V. SELNA
                                    UNITED STATES DISTRICT JUDGE

---

[1] The Prosecution Team includes Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman and Special Agents Remoun Karlous, James Kim, and Ryan Roberson.
[2] The Privilege Review Team includes Assistant United States Attorney Patrick Fitzgerald and Special Agent Nshan Tashchyan.

Presented by:

      /s/
BRETT A. SAGEL
ALEXANDER C.K. WYMAN
Assistant United States Attorneys

3

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2435
    Facsimile: (213) 894-6269
    Email:    Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
    Ronald Reagan Federal Building
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3598
    Facsimile: (714) 338-3708
    Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | No. SA CR 19-061-JVS |
|---|---|
| Plaintiff, | STIPULATION FOR AN ORDER FOR SOFTWARE TECHNOLOGY, LLC TO PROVIDE TECHNICAL ASSISTANCE TO RESTORE TABS DATA |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel

and Alexander C.K. Wyman, and defendant MICHAEL JOHN AVENATTI ("defendant"), hereby stipulate and agree as follows:

1. Software Technology, LLC, can provide technical assistance to the Prosecution Team[1] and defendant, including advising on how to restore and/or convert Tabs3 data using previous versions of the software to the current version of Tabs3 software and, if any data is corrupt, providing specialist support to work on the data directly for the purpose of restoring the data and converting it to the current version of Tabs3 software, as it relates to any Tabs data concerning Geoffrey Johnson, Alexis Gardner, Gregory Barela, Michelle Phan, and Long Tran obtained from forensic copies of the Eagan Avenatti LLC servers.

2. Software Technology, LLC, can provide technical assistance to the Privilege Review Team[2] and defendant, including advising on how to restore and/or convert Tabs3 data using previous versions of the software to the current version of Tabs3 software and, if any data is corrupt, providing specialist support to work on the data directly for the purpose of restoring the data and converting it to the current version of Tabs3 software, as it relates to any Tabs data obtained from forensic copies of the Eagan Avenatti LLC servers.

---

[1] The Prosecution Team includes Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman and Special Agents Remoun Karlous, James Kim, and Ryan Roberson.
[2] The Privilege Review Team includes Assistant United States Attorney Patrick Fitzgerald and Special Agent Nshan Tashchyan.

IT IS SO STIPULATED.

Dated: October 22, 2021              Respectfully submitted,

                                     TRACY L. WILKISON
                                     Acting United States Attorney

                                     SCOTT M. GARRINGER
                                     Assistant United States Attorney
                                     Chief, Criminal Division


                                     _____
                                     BRETT A. SAGEL
                                     ALEXANDER C.K. WYMAN
                                     Assistant United States Attorneys

                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA


_____       _____
MICHAEL JOHN AVENATTI                 Date
Defendant



**Sagel, Brett (USACAC)**

| From: | Sagel, Brett (USACAC) |
|---|---|
| Sent: | Monday, October 25, 2021 1:25 PM |
| To: | emma hernandez |
| Cc: | deansteward7777_gmail.com; Wyman, Alex (USACAC); Courtney Cummings |
| Subject: | RE: [EXTERNAL] Re: Proposed Stipulation and Order |

We sent you a proposed stipulation and order (which covered the concerns you stated at the hearing as well as what the company told us was their concerns), and instead of responding, you sent an email to the company asking for a conference call (and you neither told us your concerns with either the proposed stipulation and order nor contacted us about a conference call). Your response below again fails to meet and confer in any good faith with us about any specific concerns you have. Your statement that the proposed stipulation and order "provide[s] the prosecution team with complete access to all of the data" is directly contradicted by the proposed stipulation and order. For the third time we are asking you to identify what concerns you have with our stipulation or proposed order and propose any modifications to them so that we can consider and possibly incorporate them and/or present them to the Court. There is no need to involve the company in the process of drafting a stipulation and proposed order that the Court has already asked us to submit.

**From:** emma hernandez <workingwitheh@gmail.com>
**Sent:** Monday, October 25, 2021 12:35 PM
**To:** Sagel, Brett (USACAC) <BSagel@usa.doj.gov>
**Cc:** deansteward7777_gmail.com <deansteward7777@gmail.com>; Wyman, Alex (USACAC) <AWyman@usa.doj.gov>; Courtney Cummings <courtneycummingsesq@outlook.com>
**Subject:** Re: [EXTERNAL] Re: Proposed Stipulation and Order

From Mr. Avenatti and Mr. Steward

We do not understand why everything has to be so difficult. Mr. Avenatti made his position known during the conference with the court and the court instructed the parties to work together on a stipulation that addressed Mr. Avenatti's concerns and carried out his suggested resolution. Your stipulation does not do that. In fact, it does nothing to protect the clients' information and suggests that the company provide the prosecution with complete access to all of the data (which is not permitted). Are you refusing to have a call with the company to address the issues and finalize a process?

On Mon, Oct 25, 2021 at 12:01 PM Sagel, Brett (USACAC) <Brett.Sagel@usdoj.gov> wrote:

> You have yet to say in either the email seeking a conference call or in the below email anything that you have a concern with the proposed stipulation and/or order or the basis for any concern. Please let us know what concerns, if any, you have (as the two main areas you list below, that the relevant data be provided to both sides and other client files not be provided to the prosecution team, are covered in the proposed stipulation and order). If you're seeking a conference call to confirm that the lawyers and company will comply with the proposed court order, we do not believe such a conference call is necessary.
>
> **From:** emma hernandez <workingwitheh@gmail.com>
> **Sent:** Monday, October 25, 2021 9:35 AM
> **To:** Sagel, Brett (USACAC) <BSagel@usa.doj.gov>

**Cc:** deansteward7777_gmail.com <deansteward7777@gmail.com>; Wyman, Alex (USACAC) <AWyman@usa.doj.gov>; Courtney Cummings <courtneycummingsesq@outlook.com>
**Subject:** [EXTERNAL] Re: Proposed Stipulation and Order

From Mr. Steward and Mr. Avenatti

Please see request for conference call just sent. We need to involve the software company in order to ensure this is handled correctly, the same relevant data is provided to both sides, and access to other clients' data is not provided to the prosecution team. Once we have agreement from the company and the parties as to how this is going to work, which should not take long, we can submit a proposed stipulation.

Thank you.

On Fri, Oct 22, 2021 at 1:19 PM Sagel, Brett (USACAC) <Brett.Sagel@usdoj.gov> wrote:

> For defendant:
>
> See attached proposed stipulation and proposed order regarding assistance from Software Technology, LLC. Let us know if you have any proposed edits or changes and/or whether you will agree with the stipulation.

--

Emma Hernandez, Paralegal

(626) 622-9371

workingwithEH@gmail.com

--
Emma Hernandez, Paralegal
(626) 622-9371
workingwithEH@gmail.com