Michael John Avenatti (Pro Se)

H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 706-9994
Email: DeanSteward7777@gmail.com

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL JOHN AVENATTI,<br><br>　　　　Defendant. | SA CR No. 19-061-JVS<br><br>DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S EX PARTE APPLICATION FOR AN ORDER FOR SOFTWARE TECHNOLOGY, LLC TO PROVIDE TECHNICAL ASSISTANCE TO RESTORE TABS DATA |

　　　Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his advisory counsel of record, H. Dean Steward, hereby files his Opposition to the Government's Ex Parte Application for an Order for Software Technology, LLC to Provide Technical Assistance to Restore Tabs Data. Based on the following, Mr. Avenatti asks that the Court deny the government's request.

　Dated:  October 28, 2021　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ Michael J. Avenatti

　　　　　　　　　　　　　　　　　　Defendant
　　　　　　　　　　　　　　　　　　MICHAEL JOHN AVENATTI

## I. INTRODUCTION

Shortly after a mistrial was declared, the Court told the parties in clear and certain terms that the new trial order marked a new chapter in this case. A chapter to be defined by <u>cooperation, coordination, and consultation</u>. Unfortunately, the government did not get the message. Indeed, the instant ex parte application is an example of its disregard for these principals and the prosecution's refusal to work amicably with the defense.

Without any prior notice of the ex parte to the defendant, the government seeks a faulty and impractical order. They do so without providing the Court with an adequate history of the efforts that have been made by the defense to resolve the issues discussed at the October 15, 2021 hearing. <u>Notably, the government filed the instant request an hour and eight minutes before a previously scheduled call between the defense, the prosecution, Tabs3 personnel, and counsel for Software Technology, LLC for the purpose of working through details related to the disclosure of materials sought by all parties</u>. Instead of waiting for the call to take place and working together to gain access to all relevant and pertinent materials, the government filed its emergency request for relief and then refused to participate during the call.

Based on the following, the government's ex parte application should be denied in its entirety and the alternative proposed order submitted with this application should be entered.

## II. RELEVANT FACTUAL HISTORY

On October 13, 2021, the government filed an *ex parte* application for (1) an order requiring Software Technology, LLC to facilitate the government's restoration of Tabs software seized from the Eagan Avenatti, LLP servers, and (2) an extension of time to file a report related to the Tabs data. On October 14, 2021, the defendant filed his Opposition. [Dkt. 857]. Among other concerns, Mr. Avenatti urged the Court to deny the government's request as the relief sought ignored the confidentiality, attorney-client

privilege and work-product concerns regarding clients unrelated to the five clients identified in the Indictment.

On October 15, 2021, a status conference was held and the Court addressed the government's ex parte application. During the hearing, AUSA Sagel claimed that the prosecution team was in possession of the raw Tabs data but needed the assistance of merging it with the software so that it is in a readable, unchanged format. *See,* Trial Tr. (8/15/21) p. 9. AUSA Sagel claimed, "So we're not looking at really anything other than Geoffrey Johnson, Gregory Barela, Alexis Gardner and hypothetically if they exist Michelle Phan and Long Tran." Trial Tr. (8/15/21) p. 10. He stated, "Even though the TABS [sic] data itself that has been extracted from the forensic software may include 100 other names and clients, we're not looking in any of those files and have no intention of looking in any of those files." Trial Tr. (8/15/21) p. 11.

In response to the Court's question, "Are you contending that the government has privileged documents with respect to – that is, the Prosecution Team – with respect to other clients other than those in issue here?" Mr. Avenatti alerted the Court that the Privilege Review Team provided the entire Tabs database of all of the client cost information for all of the clients of the law firm to the Prosecution Team and did not segregate out the specific client data for the five clients named in the Indictment. Trial Tr. (8/15/21) p. 12. Mr. Avenatti made it clear, "I have no objection obviously to an examination of the data for the five clients, but I don't believe it is appropriate or legal for the government to have --- the Prosecution Team to have unfettered access to all of the client data for all of the other clients…" Trial Tr. (8/15/21) p. 13.

Among other solutions proffered by the defendant, Mr. Avenatti ultimately suggested: "…I think perhaps the Court should issue an order permitting both parties to use the technology company **so that *the technology company* can extract the data relating to the five clients and provide it to both the government and the defense**." **Trial Tr. (8/15/21) p. 15 (emphasis added).** AUSA Sagel stated in response, "That's

**all we have ever wanted, so no, no objection from the government." Id (emphasis added). The Court then ordered the following: "Why don't you tender me an order <u>that captures that limited function that the Court will permit</u>." *Id* (emphasis added). The Court concluded, "I want to have in writing what the ground rules are so everybody understands them, including the Court." Trial Tr. (8/15/21) p. 16 (emphasis added).**

Shortly after the hearing, on October 15, 2021, the defense sent counsel for Software Technology, LLC an email alerting the company to what had transpired during the hearing. AUSA Sagel and AUSA Wyman were included on the correspondence. *See,* Exhibit A.

The government waited a full week before providing a proposed order. On Friday afternoon on October 22, 2021, the government sent the defense a proposed stipulation and proposed order regarding Software Technology, LLC's assistance. *See,* Dkt. 873, Exhibit 1. The next court day, Monday, October 25, 2021, at 9:28 a.m., the defense then sent representatives with Software LLC an email requesting a conference call, "We would like to schedule a conference call later today anytime between 1-4pm pacific time, tomorrow at 2pm pacific time, or anytime Wednesday to discuss the outstanding issue of the Tabs data, the role of the Software Technology, and how the government and the defense can obtain the data with the company's assistance while ensuring that other client's data and information are protected." *See,* Exhibit B. Immediately after, on October 25, 2021, at 9:35, the defense contacted the prosecution again stating that Software Technology LLC needed to be involved in order to ensure this was handled correctly, "<u>Once we have agreement from the company and the parties as to how this is going to work, which should not take long, we can submit a proposed stipulation</u>." *See,* Dkt. 873, Exhibit 2 (emphasis added).

Later on October 25, 2021, counsel for Software Technology LLC agreed to a conference call on October 27, 2021 at 2:00 p.m. AUSA Wyman and AUSA Sagel were copied on the e-mail correspondence. *See,* Exhibit B.

Yesterday, on October 27, 2021, at 12:52 p.m., an hour and eight minutes prior to the conference call taking place, the government's ex parte application was filed without any prior notice to the defendant or a request for Mr. Avenatti's position. Seven minutes later at 12:59 p.m., AUSA Sagel then alerted counsel for Software Technology LLC and the defense: "The government does not believe a conference call at this point is necessary as the Court instructed the parties to work together on a Court Order that provides in writing the limited function the Court will permit Software Technology, LLC to assist the parties in relation to the Tabs data." *See,* Exhibit C. AUSA Sagel concluded, "If you still plan on having a conference call today, the government will likely have a representative on the call, but will not be participating." *Id.* The defense and Software Technology LLC agreed to proceed with the call as scheduled. *See,* Exhibit C.

On October 27, 2021 at 2:00 p.m., a conference call took place between Mr. Avenatti, Ms. Cummings-Cefali, three representatives from Tabs3, two attorneys for Software Technology, LLC and AUSA Sagel.[1] During the call Mr. Avenatti made his position clear that he had no objection to Tabs3 and/or Software LLC providing both the defendant and the government with information and data relating to the five individuals named in the Indictment. However, Mr. Avenatti objected to the release of other information/data related to clients not named in the Indictment based on confidentiality, work product, and attorney-product privilege concerns. Mr. Avenatti asked if there was a way for Tabs3/Software Technology, LLC to splice the data in such a way that would

---

[1] AUSA Sagel refused to participate in the call. He failed to even identify himself as a caller until concerns were expressed by the call participants that an uninvolved third party had somehow gained access to the private call-in information and was not identifying themselves. Additionally, when AUSA Sagel was addressed by name with requests for comments and suggestions on how to resolve the data issues, AUSA Sagel refused to answer and remained completely silent.

4

provide data <u>only</u> as it related to specific individuals/cases. During the call, it became clear that Software Technology, LLC has the ability to splice data by cases or clients. The representative shared that because firms are often divided by partners whose practices are divided, the software was created to be divided without a complete overhaul or without the development of additional technology.

Counsel for Software Technology, LLC expressed concern over splicing the data internally, made it clear that it wanted to avoid taking possession of the data and wished to have a third party perform the data separation. When Mr. Avenatti inquired whether this process would essentially provide the entirety of the database to that party, the representatives indicated that it would.

### III. ARGUMENT

The Court should deny the application for multiple reasons. <u>First</u>, the proposed order proffered by the government fails to define <u>any</u> ground rules as specifically ordered by the Court. *See,* Trial Tr. (8/15/21) p. 16 ("I want to have in writing what the ground rules are so everybody understands them, including the Court.").

<u>Second</u>, the proposed order attached to the government's ex parte application fails to address the confidentiality, attorney-client privilege and work-product concerns regarding the clients unrelated to the five clients identified in the Indictment. <u>The Privilege Review Team has provided the prosecution team all of the Tabs data contained on the EA, LLP servers, including the data for thousands of other clients</u>. Therefore, the prosecution team is in possession of confidential materials protected by both the attorney-client privilege as well as Mr. Avenatti's work-product privilege. To be clear, defendant expressly asserts both the attorney-client privilege and work product doctrine in connection with the thousands of clients not at issue in this case. *See, e.g.*, *Fisher v. United States*, 425 U.S. 391, 402 n.8 (1976) ("[I]t is universally accepted that the attorney-client privilege may be raised by the attorney[.]"); *In re Grand Jury*

5

*Proceedings*, 727 F.2d 1352, 1354- 55 (4th Cir. 1984) (emphasizing that a lawyer "is entitled to raise [a claim of] privilege on behalf of his . . . client"). Indeed, lawyers are <u>obligated</u> to protect the attorney-client privilege to the maximum possible extent on behalf of their current and former clients. *See, e.g., Republic Gear Co. v. Borg-Warner Corp.*, 381 F.2d 551, 556 (2d Cir. 1967) (lawyer has duty to invoke claim of privilege on client's behalf); Model Rules of Prof'l Conduct r. 1.6(a), (c) (Am. Bar Ass'n 1983) (lawyer owes duty of confidentiality to client and must prevent unauthorized disclosure of confidential information).

The prosecution team should not be given access to the materials unrelated to those specifically at issue in the Indictment. If the government is provided the technical support it seeks by way of its proposed order, <u>the government would then be given unfettered access to all of the client information for all of the firm's clients (not just the five clients at issue)</u>.

<u>Third</u>, the government has failed to comply with this Court's prior order and Local Rules 7-19 and 7-19.1 by failing to alert the defendant of its intention to file an *ex parte* application and failing to inquire as to and/or include the defendant's position in its application. On August 27, 2021, the Court issued an order wherein it stated in **bold:**

> "**1. Absent emergency circumstances, no motion or *ex parte* application shall be filed without conferring with the opposing party sufficiently in advance to have a meaningful discussion of the issues raised.**"

*See,* Dkt. 785 (emphasis in original).

The government failed to provide the defendant with any notice of the instant ex parte application and also refused to meaningfully confer and discuss the issues. In fact, the entire application could have been avoided had the government simply participated on the call and worked cooperatively with the defense and the software company to resolve the technical issues.

6

For each of the above reasons, the government's application should be denied. In the alternative, the court should enter the proposed order filed with this opposition.

Dated: October 28, 2021       Respectfully submitted,

/s/ Michael J. Avenatti

Defendant
MICHAEL JOHN AVENATTI

# EXHIBIT A

**From:** emma hernandez <███████████████>
**Sent:** Friday, October 15, 2021 5:09 PM
**To:** John V. Matson <███████████████>
**Cc:** Sagel, Brett (USACAC) <███████████████> Wyman, Alex (USACAC) <███████████████> Dan Berlin <███████████████> ███████████████; Roberta L. Christensen <███████████████>
**Subject:** Re: US v. Avenatti - Further Correspondence re Subpoena to Software Technology, LLC

Warning: This email originated outside of Koley Jessen. Use caution opening attachments, clicking on links, and replying.

From Mr. Steward and Mr. Avenatti

Mr. Matson:

This morning, the Court held a hearing regarding the government's request relating to your client. The Court ordered on the record that the government and the defense are to submit a joint proposed order to the Court relating to assistance to be provided by your client to BOTH the government and the defense. This proposed order will state what assistance is permitted, the protocol to be used, and the details surrounding the protection to be afforded the information not belonging to the five clients identified in the indictment. The Court will then review the order and, if acceptable to the court, approve it. In the interim, the status quo should be maintained.

Once we have the transcript, we will provide a copy for your review. Please let us know if you have any questions or concerns. Have a good weekend.

**EXHIBIT B**



**emma hernandez**
Re: US v. Avenatti - Further Correspondence re Subpoena to Software Technology, LLC
To: John V. Matson,
Cc: Sagel, Brett (USACAC),   Wyman, Alex (USACAC),   khill@          ,   Dan Berlin,
Roberta L. Christensen,   Courtney Cummings

October 25, 2021 at 9:28 AM

Hide

From Mr. Steward and Mr. Avenatti

Counsel:

We would like to schedule a conference call later today anytime between 1-4pm pacific time, tomorrow at 2pm pacific time, or anytime Wednesday to discuss the outstanding issue of the Tabs data, the role of Software Technology, and how the government and the defense can obtain the data with the company's assistance while ensuring that other client's data and information are protected. This call is needed so that a proper stipulation, consistent with the court's statements at the last status conference and the need for confidentiality, may be submitted to the court for review and approval.

Please let us know your availability.

Thank you.



**emma hernandez**
Re: US v. Avenatti - Further Correspondence re Subpoena to Software Technology, LLC
To: John V. Matson,
Cc: Sagel, Brett (USACAC),   Wyman, Alex (USACAC),   khill@          Dan Berlin,
Roberta L. Christensen,   Courtney Cummings,   Dean Steward

October 25, 2021 at 12:45 PM

Hide

From Mr. Steward and Mr. Avenatti

Mr. Matson:

In advance of the requested call and as it relates to the role of Software Technology and the confidentiality of the client information separate and apart from the five clients at issue, please find attached the transcript from the recent October 15 hearing. We direct your attention in particular to pages 12-16 of the transcript, which addresses the limits on the data to be provided to the government and the defense.

Please let us know your availability for a call.



**John V. Matson**
RE: US v. Avenatti - Further Correspondence re Subpoena to Software Technology, LLC
To: emma hernandez,
Cc: Sagel, Brett (USACAC),   Wyman, Alex (USACAC),   khill          Dan Berlin,
Roberta L. Christensen,   Courtney Cummings,   Dean Steward

October 25, 2021 at 6:36 PM

Hide

Emma, We are available Wednesday at 4:00 PM CST / 2:00 PM PT. Please circulate a dial-in or Zoom invite.
Thanks, John

John V. Matson | Attorney



ATTORNEYS

CONFIDENTIALITY: This message (including any attachment) is confidential. It may also be privileged or otherwise protected by work-product immunity or other legal rules. If you have received it by mistake, please delete it from your system; you may not copy or disclose its contents to anyone.

**EXHIBIT C**



**Sagel, Brett (USACAC)** — 12:59 PM
RE: US v. Avenatti - Further Correspondence re Subpoena to Software Technology, LLC
To: John V. Matson, emma hernandez,
Cc: Courtney Cummings, Dan Berlin, Dean Steward, Roberta L. Christensen, Wyman, Alex (USACAC), khill███████ Marisela Barberena

Mr. Matson:

The government does not believe a conference call at this point is necessary as the Court instructed the parties to work together on a Court Order that provides in writing the limited function the Court will permit Software Technology, LLC to assist the parties in relation to the Tabs data. Because defendant has not provided any specific feedback on issues with the proposed stipulation and order, the government has sought an order from the Court on an ex parte basis. I have attached a copy of the ex parte application and proposed order so that you can see that the proposed order tracks language you provided to the government in guidance on assistance. It also permits assistance to be provided to both parties (and would limit the information provided to the Prosecution Team vs. our Privilege Review Team). Also, as previously noted, the data in question are from the law firm of Eagan Avenatti, LLP ("EA"), which defendant no longer has any management or ownership interest and any claims made on behalf of the firm would be from the Bankruptcy Trustee currently overseeing the EA bankruptcy. If you still plan on having a conference call today, the government will likely have a representative on the call, but will not be participating. If you have any questions or concerns, we will be happy to discuss them with you.
Brett Sagel



**emma hernandez** — 1:21 PM
Re: US v. Avenatti - Further Correspondence re Subpoena to Software Technology, LLC
To: Sagel, Brett (USACAC),
Cc: John V. Matson, Courtney Cummings, Dan Berlin, Dean Steward, Roberta L. Christensen, Wyman, Alex (USACAC), khill███████ Marisela Barberena

The call will proceed as scheduled. If the government wishes to participate, they are welcome to do so. On the call, we will discuss how to ensure the data that is needed (and only that data) is provided.

Under no circumstances is the government entitled to access the data beyond the five clients at issue - the court has previously made that clear and the government's attempt to circumvent that directive is improper. Further, any protocol that enables the government to access the data of other clients would violate confidentiality and privileges that belong to other parties and clients and subject the company to legal liability from those other parties and clients. The order proposed by the government does nothing to protect those third parties and clients or the company.

Following the call, we will file a response to the ex parte and explain what was discussed on the call and a proper protocol which is what the Court has requested. This protocol cannot be presented to the court without input from the company.

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California. I am not a party to the above-entitled action. I have caused, on October 28, 2021 service of the:

DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S EX PARTE APPLICATION FOR AN ORDER FOR SOFTWARE TECHNOLOGY, LLC TO PROVIDE TECHNICAL ASSISTANCE TO RESTORE TABS DATA

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 28, 2021

/s/ H. Dean Steward
H. Dean Steward

8