TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2435
    Facsimile: (213) 894-6269
    Email:   Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
    Ronald Reagan Federal Building
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone:  (714) 338-3598
    Facsimile:  (714) 338-3708
    Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

       Plaintiff,

          v.

MICHAEL JOHN AVENATTI,

       Defendant.

SA CR No. 19-061-JVS

REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER FOR SOFTWARE TECHNOLOGY, LLC TO PROVIDE TECHNICAL ASSISTANCE TO RESTORE TABS DATA

     Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby submits the following reply in support of *ex parte* application for an Order for Software Technology, LLC to provide technical assistance to restore Tabs data.

This Reply is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 28, 2021          Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


        /s/
BRETT A. SAGEL
ALEXANDER C.K. WYMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2      After failing on multiple occasions to provide the government

3 any response to the proposed stipulation and order that the Court

4 requested (CR 873 Ex. 2), defendant now opposes the government's *ex*

5 *parte* application based on irrelevant claims and misleading

6 statements.  Defendant's opposition is just his latest bad faith,

7 obstructionist posture that directly contradicts his previous

8 statements and positions.  The Court now has two competing proposed

9 orders and can easily determine that the government's proposed order

10 is consistent with this Court's directives and the law.

11      Specifically, the government's proposed order describes the

12 assistance Software Technology, LLC ("the company") can provide <u>both</u>

13 parties and differentiates the assistance the company would provide

14 to the Prosecution Team versus the Privilege Review Team based on

15 which client the data relates to, and is consistent with what the

16 company has stated it could provide in assistance.[1]  At the hearing

17 on October 15, 2021, defendant conceded that the Privilege Review

18 Team could have access to the full data -- as they always have -- and

19 could supervise the process to determine non-privileged information.

20      Defendant first objects to the government's proposed order

21 because he claims it fails to set ground rules as required by the

22

23      [1] The Privilege Review Team, as it has properly done throughout the case, would then be able to determine whether any additional cost and expenses in the Tabs data is not privileged and can be provided to the Prosecution Team.  Defendant remains charged with twenty-six other counts, including various tax and bank fraud charges that could require an analysis of the Tabs data to determine tax due and owing as well as a comparison between Tabs data and the financial statements defendant provided to the bank.  Defendant concedes that the prosecution team may need the additional data when he says: "the prosecution team should not be given access to the materials unrelated to those specifically at issue in the Indictment."  (CR 874 at 6.)

1   Court (CR 874 at 5), but the Court can determine for itself whether

2   the government's proposed order -- which provides more specific

3   details than defendant's proposed order -- sets forth the necessary

4   details.  Defendant's opposition and other objections reflect

5   defendant's attempts to claim the importance of the Tabs data (which

6   he already has) while denying the government equal access to the same

7   data.  Although defendant raises client confidentiality, attorney-

8   client privilege, and work-product[2] objections to the government's

9   proposed order, defendant fails to provide any basis for his claims,

10  fails to show how he has standing to raise any of these challenges,

11  and points to no specific documents that would be so privileged or

12  protected.[3]  And, as the Court is aware, this is not the first time

13  that defendant has claimed documents or information are privileged

14  without any specific showing of privilege.

15      Moreover, defendant's opposition to the government's application

16  -- indeed, his objections to the government receiving the Tabs data

17  in total -- rests on the faulty premise that a law firm's accounting

18  data related to its clients is protected by the attorney-client

19  privilege.  To the contrary, the Ninth Circuit has repeatedly held

20  that the attorney-client privilege does not cover financial

21  accounting data that, like the Tabs data in question, "contain

22

23      [2] Defendant asserts without any basis that it is his work-
24  product privilege (CR 874 at 5), but, as the Court knows, the work-
    product privilege, if any, would be held by Eagan Avenatti, LLP ("EA
25  LLP"), not defendant.

26      [3] Defendant's asserted concerns for the rights of his former
    clients are not credible, not least because, as the Court knows,
27  defendant stipulated to turn over all of his firm's former clients'
    materials to the EA LLP Receiver in February 2019 and because the
28  full QuickBooks records and countless Tabs records for clients other
    than those in Counts 1 through 10 have been possessed and used by
    both parties throughout this case without any objection by defendant.

2

information on the identity of the client, the case name for which payment was made, the amount of the fee, and the general nature of the services performed," but "nothing . . . that reveals specific research or litigation strategy which would be entitled to protection from disclosure." Clarke v. Am. Com. Nat'l Bank, 974 F.2d 127, 130 (9th Cir. 1992) (citing In re Grand Jury Witness (Salas and Waxman), 695 F.2d 359, 361 (9th Cir. 1982); United States v. Cromer, 483 F.2d 99, 101 (9th Cir. 1973)); see also United States v. Amlani, 169 F.3d 1189, 1194 (9th Cir. 1999) ("[T]he attorney billing records requested in the challenged subpoenas are not protected by the attorney-client privilege."); Tattersalls Ltd. v. Wiener, No. 17CV1125-BTM(KSC), 2020 WL 620286, at *3 (S.D. Cal. Feb. 10, 2020) (finding attorney billing records not covered by attorney-client privilege where the "billing records convey[ed] only general information about the work performed," "appear[ed] to have been prepared as part of the usual practice of recordkeeping that is done to facilitate the payment of attorney's fees and for no other purpose," and "did not reveal anything that appeared to reveal the content of confidential communications with the client or litigation strategy").

Lastly, defendant's citations to cases that a client's attorney can assert the attorney-client privilege on behalf of his clients ignores the obvious: these are not his clients -- and defendant as an unlicensed attorney does not have clients.[4]

---

[4] Defendant raises numerous other claims and makes assertions in his opposition with which the government disagrees, but the government will reserve any response if requested by the Court, as the government is limited to three pages for this reply brief.

3