Michael John Avenatti (Pro Se)

H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 706-9994
Email: DeanSteward7777@gmail.com

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>MICHAEL JOHN AVENATTI,<br><br>　　　　　Defendant. | SA CR No. 19-061-JVS<br><br>DEFENDANT'S NOTICE OF FILING OF COURT'S PROPOSED FINAL JURY INSTRUCTIONS DATED AUGUST 16, 2021 |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his advisory counsel of record, H. Dean Steward, hereby files his Notice of Filing of Court's Proposed Final Jury Instructions dated August 16, 2021.  Attached as Exhibit A is a true and correct copy of an email received from the Court on August 17, 2021, together with a document attached to that email labeled "Final JI 8-16-21_mtd_mtd.pdf" which set forth the Court's proposed Final Jury Instructions dated August 16, 2021.  The red highlighting in Exhibit A was included in the pdf attachment as received by the parties.

Dated:  October 30, 2021

Respectfully submitted,

/s/ Michael J. Avenatti

Defendant
MICHAEL JOHN AVENATTI

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

From: **Lisa Bredahl Armijo** ███████@cacd.uscourts.gov>
Date: Tue, Aug 17, 2021, 4:40 PM
Subject:
To: deansteward7777_gmail.com <deansteward7777@gmail.com>
Cc: Sagel, Brett (USACAC) <███████████>, Wyman, Alex (USACAC) <█████████████>



Final JI
8-16-2...td.pdf

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CASE NO: SACR 19-61 JVS

UNITED STATES OF AMERICA,

Plaintiff,

FINAL JURY INSTRUCTIONS

v.

MICHAEL JOHN AVENATTI,

Defendant.

August 16, 2021                              1

COURT'S INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should

August 16, 2021                              2

1   return -- that is a matter entirely up to you.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   August 16, 2021                          3

COURT'S INSTRUCTION NO.  2

This is a criminal case brought by the United States government.  The government charges the defendant with ten counts of wire fraud, in violation of Section 1343 of Title 18 of the United States Code.  The charges against the defendant are contained in the indictment.  The indictment simply describes the charges the government brings against the defendant.  The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant has the right to remain silent and does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

August 16, 2021                                        4

COURT'S INSTRUCTION NO.  3


A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

August 16, 2021                                5

COURT'S INSTRUCTION NO.  4

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

August 16, 2021                                6

COURT'S INSTRUCTION NO.  5

The government charges the defendant with engaging in a scheme to defraud his legal clients.  Because the defendant was a licensed member of the State Bar of California at all times relevant to the charges in this case, the ethical duties that the defendant owed to his legal clients are determined by California law.

You should keep in mind that proof that the defendant failed to comply with the rules governing a lawyer's duties, including receipt of client funds and/or the use of attorney-client trust accounts, does not, **by itself**, mean that the defendant is guilty of the charged offenses of wire fraud.  You may, however, consider whether the defendant failed to comply with the rules governing the receipt of client funds and use of attorney-client trust accounts when evaluating whether the government has proven the elements of the offense, including whether the defendant engaged in a scheme to defraud, whether the statements made or facts omitted as part of the scheme were material, whether the defendant acted with the intent to defraud, and whether the defendant had a duty to disclose an omitted fact arising out of a relationship of trust.  Ultimately, you will be asked to determine whether the defendant violated the law–not whether he violated his ethical obligations.

The State of California imposed a number of legal duties, ethical rules, and professional responsibility requirements on lawyers licensed to practice law in the

August 16, 2021                                           7

State of California. Among other things, the California Rules of Professional Conduct and California law imposed the following duties on lawyers licensed to practice in California, including:

1.      A lawyer owed a fiduciary duty of the highest order to his clients. A lawyer's fiduciary duty to his clients included the duty to protect the information and property of his clients, and to keep such information or property safe so it was not lost or misused.

2.      A lawyer owed a duty of loyalty to his clients. A lawyer's loyalty to his clients must be undivided. A lawyer could not act in a manner that would disadvantage his clients.

3. A member shall keep a client reasonably informed about significant developments relating to the employment or representation, including promptly complying with reasonable requests for information and copies of significant documents when necessary to keep the client so informed.

4.(A) A member shall promptly communicate to the member's client:

(1) All terms and conditions of any offer made to the client in a

criminal matter; and

August 16, 2021                          8

(2) All amounts, terms, and conditions of any written offer of settlement made to the client in all other matters.

(B) As used in this rule, "client" includes a person who possesses the authority to accept an offer of settlement or plea, or, in a class action, all the named representatives of the class.

5.  (A) All funds received or held for the benefit of clients by a member or law firm, including advances for costs and expenses, shall be deposited in one or more identifiable bank accounts labeled "Trust Account," "Client's Funds Account" or words of similar import, maintained in the State of California, or, with written consent of the client, in any other jurisdiction where there is a substantial relationship between the client or the client's business and the other jurisdiction. No funds belonging to the member or the law firm shall be deposited therein or otherwise commingled therewith except as follows:

(1) Funds reasonably sufficient to pay bank charges.

(2) In the case of funds belonging in part to a client and in part presently or potentially to the member or the law firm, the portion belonging to the member or law firm must be withdrawn at the earliest reasonable time after the member's interest in that portion becomes fixed. However, when

August 16, 2021                     9

the right of the member or law firm to receive a portion of trust funds is disputed by the client, the disputed portion shall not be withdrawn until the dispute is finally resolved.

(B) A member shall:

(1) Promptly notify a client of the receipt of the client's funds, securities, or other properties.

(2) Identify and label securities and properties of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.

(3) Maintain complete records of all funds, securities, and other properties of a clientcoming into the possession of the member or law firm and render appropriate accounts to the client regarding them; preserve such records for a period of no less than five years after final appropriate distribution of such funds or properties; and comply with any order for an audit of such records issued pursuant to the Rules of Procedure of the State Bar.

(4) Promptly pay or deliver, as requested by the client, any funds, securities, or other properties in the possession of the member which the client is entitled to receive.

August 16, 2021                    10

**(C) The  Board of Governors of  the  State  Bar  shall have  the authority  to  formulate  and  adopt  standards as to what "records" shall be maintained by members and law firms in accordance with subparagraph (B)(3).  The  standards  formulated  and adopted by the Board, as from time to time amended, shall be effective and binding on all members.** [Court will delete as irrelevant.]

I remind you that ultimately, you will be asked to determine whether the defendant violated the law–not whether he violated his ethical obligations.  **It is possible that the defendant may have violated an ethical obligation or committed legal practice but not have committed a crime**.

August 16, 2021                                                11

COURT'S INSTRUCTION NO.  6

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are received in evidence; and

(3) any facts to which the parties agree.

August 16, 2021                              12

COURT'S INSTRUCTION NO.  7

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence:  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

August 16, 2021                          13

COURT'S INSTRUCTION NO.  8

You will recall that with regard to many emails, I instructed you that only certain portions were being received for the truth; for example, emails which the defendant authored.  I also instructed you that certain portions were only being received for notice but not for the truth: specifically, that the defendant or other recipient received the email and had notice of the content.

COURT'S INSTRUCTION NO.  9

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

August 16, 2021                    15

COURT'S INSTRUCTION NO.  10

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

COURT'S INSTRUCTION NO.  11

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

August 16, 2021                     17

(8) any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

August 16, 2021                    18

COURT'S INSTRUCTION NO.  12


Opinion testimony is allowed because of the education or experience of this witness.  Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

COURT'S INSTRUCTION NO.  13

You have heard evidence that the defendant has previously been convicted of a crime.  You may consider that evidence only as it may affect the defendant's believability as a witness.  You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial. **[Court will reserve until the close of evidence.  The Court agrees that the instruction is probably not needed if defendant does not testify.]**

August 16, 2021                              20

COURT'S INSTRUCTION NO.  14


You are here only to determine whether the defendant is guilty or not guilty of the charges in the **Counts 1 through 10 in the indictment**.  The defendant is not on trial for any conduct or offense not charged in the indictment.

August 16, 2021                                     21

COURT'S INSTRUCTION NO.  15

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

August 16, 2021                          22

COURT'S INSTRUCTION NO.  16


You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

August 16, 2021                                    23

COURT'S INSTRUCTION NO.  17

You have heard evidence that the defendant committed other crimes, wrongs, and acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, knowledge, and absence of mistake or accident, and for no other purpose.  You may not consider this evidence as evidence of guilt of the crimes for which the defendant is now on trial.  **[The court does not believe there has been any 404(b) evidence, and is likely to withdraw.]**

August 16, 2021                                24

COURT'S INSTRUCTION NO. 18

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO. 36

You have heard testimony from [witness], a witness who

[received immunity]. That testimony was given in exchange for a promise by the government that [the witness will not be prosecuted] [the testimony will not be used in any case against the witness];

[received benefits] [compensation] [favored treatment] from the government in connection with this case];

[[admitted being] [was alleged to be] an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime];

[pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability].

For [this][these] reason[s], in evaluating [witness's] testimony, you should consider the extent to which or whether [witness's] testimony may have been influenced by [this] [any of these] factor[s]. In addition, you should examine [witness's] testimony with greater caution than that of other witnesses.

**[What evidence supports this instruction?]**

August 16, 2021                    25

COURT'S INSTRUCTION NO.  19

You have heard evidence that [name of witness], a witness, [specify basis for impeachment].  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

COURT'S INSTRUCTION NO.  20

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO. 40

It has been shown that, [name], one of the witnesses for the government, lied under oath on an earlier occasion.  A person who lies when he was sworn to tell the truth is guilty of perjury.

Whether [name] is telling the truth in this trial is for you to decide. But the fact that he lied under oath on an earlier occasion should make you cautious about believing him now.

**[What evidence supports this instruction?]**

Federal Judicial Center Pattern Instruction # 29 (1986).

Government's Objection

Apart from citing no Ninth Circuit authority for providing such an instruction, defendant offers no reason why such an instruction would be applicable in this case.  The only potential witness the government is aware of who lied under oath on an earlier occasion is defendant himself.  Absent a legitimate explanation for why such an instruction is relevant, it should be rejected.

To the extent defendant does have a good faith belief that a government witness lied under oath, Ninth Circuit Model Jury Instructions Nos. 1.7 and 3.9

August 16, 2021                          27

(proposed already as Proposed Instructions Nos. 8 and 26) adequately instruct the jury on evaluating witness credibility.  Prior false testimony under oath is the quintessential silver bullet to a witness's credibility; it does not require a separate instruction to be explained.

Defendant's Response

The evidence at trial will show that at least one, and perhaps as many of four, of the government's key witnesses has previously lied under oath. Accordingly, the instruction is appropriate.

August 16, 2021                                    28

COURT'S INSTRUCTION NO.  21


During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

August 16, 2021                                         29

COURT'S INSTRUCTION NO.  22


Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves. **[Court declines the proposed addition.]**

COURT'S INSTRUCTION NO.  23

The government charges the defendant with wire fraud in violation of 18 U.S.C,. § 1343.

In order to establish wire fraud, the government must prove the existence of either a scheme to defraud or, alternatively, a scheme for obtaining money or property by means of false or fraudulent pretenses, representations, or promises. Although the government can prove both types of schemes, it only needs to prove the existence of one type of scheme.

In order for the defendant to be found guilty of wire fraud based upon a scheme to obtain money or property, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in or devised a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or omitted facts.  Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

August 16, 2021                               31

1   Third, the defendant acted with the intent to defraud, that is, the intent to

2   deceive and cheat; and

3

4   Fourth, the defendant used, or caused to be used, an interstate wire

5   communication to carry out or attempt to carry out an essential part of the scheme.

6

7   To convict the defendant of wire fraud based on omissions of material facts,

8   you must find that the defendant had a duty to disclose the omitted facts arising

9   out of a relationship of trust. That duty can arise either out of a formal fiduciary

10   relationship, or an informal, trusting relationship in which one party acts for the

11   benefit of another and induces the trusting party to relax the care and vigilance

12   which it would ordinarily exercise.

13

14   In order for the defendant to be found guilty of wire fraud based upon a

15   scheme to defraud, the government must prove each of the following elements

16   beyond a reasonable doubt:

17

18   First, the defendant knowingly participated in or devised a scheme or plan

19   to defraud;

20

21   Second, the scheme was material; that is, it had a natural tendency to

22   influence, or was capable of influencing, a person to part with money or property;

23

24

25   August 16, 2021                              32

1    Third, the defendant acted with the intent to defraud, that is, the intent to

2    deceive and cheat; and

3

4    Fourth, the defendant used, or caused to be used, an interstate wire

5    communication to carry out or attempt to carry out an essential part of the scheme.

6

7    In determining whether a scheme to defraud exists, you may consider not

8    only the defendant's words and statements, but also the circumstances in which

9    they are used as a whole.

10

11    A defendant's actions can constitute a scheme to defraud even if there are

12    no specific false statements involved.  Deception need not be premised upon

13    words or statements standing alone.  Evidence beyond a reasonable doubt that a

14    scheme was reasonably calculated to deceive and cheat is sufficient to establish a

15    scheme to defraud.

16

17    A wiring is caused when one knows that a wire will be used in the ordinary

18    course of business or when one can reasonably foresee such use.

19

20    It need not have been reasonably foreseeable to the defendant that the wire

21    communication would be interstate in nature.  Rather, it must have been

22    reasonably foreseeable to the defendant that some wire communication would

23    occur in furtherance of the scheme, and an interstate wire communication must

24

25    August 16, 2021                    33

have actually occurred in furtherance of the scheme.


**[The Model instruction would not appear to cover all the Government's**

**theories:**

**8.124 WIRE FRAUD**
**(18 U.S.C. § 1343)**

The defendant is charged in [Count _____ of] the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code. In order fFor the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt: First, the defendant knowingly [participated in] [devised] [intended to devise] a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises[, or omitted facts.] [Deceitful statements of half-truths may constitute false or fraudulent representations]; Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property; Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and Fourth, the defendant used, or caused to be used, an interstate [or foreign] wire communication to carry out or attempt to carry out an essential part of the scheme. In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole. [To convict defendant[s] of wire fraud based on omission[s] of material fact[s], you must find that defendant[s] had a duty to disclose the omitted fact[s] arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance which it would ordinarily exercise.]

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate [or foreign] in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate [or foreign] wire communication must have actually occurred in furtherance of the scheme.]

August 16, 2021                                              34

COURT'S INSTRUCTION NO.  24

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

August 16, 2021                                    35

COURT'S INSTRUCTION NO.  25

Each of **the charged** transmissions by wire communication in interstate commerce to advance, to further, or to carry out the scheme or plan to defraud may be a separate violation of the wire fraud statute.

August 16, 2021                                    36

1

COURT'S INSTRUCTION NO. 26

2       "Good faith" is a complete defense to a charge that requires intent to
defraud. A defendant isn't required to prove good faith. The government must
3  prove intent to defraud beyond a reasonable doubt.

4       An honestly held opinion or an honestly formed belief cannot be fraudulent
intent – even if the opinion or belief is mistaken.  Similarly, evidence of a mistake
5  in judgment, an error in management, or carelessness can't establish fraudulent
intent.

6

*U.S. v. Tarallo* 380 F.3d 1174, 1191 (9th Cir. 2004), ("An honest mistake in
7  judgment or an error in management does not rise to the level of intent to
defraud."); *U.S. v. Gay*, 967 F.2d 322, 35 Fed. R. Evid. Serv. 1410 (9th Cir. 1992),
8  (...[e]vidence which establishes only that a person made a mistake of judgment or
an error in management, or was careless, does not establish fraudulent intent.")
9  *U.S. v. Molinaro*, 11 F.3d 853, 863 (9th Cir.1993); *U.S. v. Williams*, F.Supp.3d __
(D. Hawaii, 8-19-2020) WL 4883937 (good faith instruction given under those
10  case facts).

11

Government's Objection
12       The government does not oppose the inclusion of an instruction on good
faith, provided it is given in conjunction with the Government's Proposed
13  Instruction No. 51, which is the approach approved of by the authority defendant
cites.  In Molinaro, for example, the Ninth Circuit approved of the following
14  instruction:

15          You may determine whether a defendant had an honest, good faith
belief in the truth of the specific misrepresentations alleged in the
16          indictment in determining whether or not the defendant acted with
intent to defraud.  However, a defendant's belief that the victim of the
            fraud will be paid in the future or will sustain no economic loss is no
17          defense to the crimes charged in the indictment.

18

11 F.3d 853, 863 (9th Cir. 1993).  Similarly, the (much longer) good faith
19  instruction given in Tarallo included the following statements:

20          A belief that a victim will be repaid and will sustain no loss,
even if that belief is held in good faith, is not a defense to a charge of
            securities or mail fraud.

21

22          It is also not a defense to charges of securities fraud and mail
fraud that the victim may have been gullible or negligent.  The laws
23  against fraud are designed to protect the naive and careless as well as
the experienced and careful.

24

25  August 16, 2021                    37

1       While good faith is a defense to securities fraud and mail fraud,
2    an honest belief in the ultimate success of the enterprise is not, in itself,
     a defense.

3
4    380 F.3d at 1191.  Tarallo and Gay provided these instructions to distinguish
     between "puffing" and fraudulent misrepresentations, which is not a likely issue to
     be raised at trial.  Nevertheless, the government has no objection to including the
5    above instruction provided in Molinaro, which the Ninth Circuit cited favorably in
     the comments to its Model Jury Instruction on the intent to defraud (9th Cir. No.
6    5.12).  There is no basis, however, for defendant's proposed formulation of this
     instruction, which is argumentative
7

8
        [If defendant does not intend to testify, what evidence would support a
9    good faith instruction?

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   August 16, 2021                    38

COURT'S INSTRUCTION NO. 27.

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

August 16, 2021                                    39

COURT'S INSTRUCTION NO.   28


A victim's negligence, gullibility, or even foolishness is not a defense to a charge of wire fraud.

COURT'S INSTRUCTION NO.  29


A belief that the victims will be paid in the future or will sustain no economic loss, even if that belief is held in good faith, is no defense to a charge of wire fraud. **[If defendant is not going to argue to the contrary, the Court will likely not give.]**

COURT'S INSTRUCTION NO.  30

You have heard testimony that certain individuals made payments to certain clients of defendant or his firm(s) to compensate the clients  for amounts which defendant had allegedly **misappropriated**.

The fact that others have paid money to a victim for amounts allegedly **misappropriated** by the defendant is no defense to the crime of wire fraud.

If you find beyond a reasonable doubt that the defendant committed the crime charge, it no defense that another person may have committed the same crime or assisted the defendant in committing the crime.

August 16, 2021                                     42

COURT'S INSTRUCTION NO.  31

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You

1  should also not be influenced by any person's race, color, religious beliefs,

2  national ancestry, sexual orientation, gender identity, gender, or economic

3  circumstances.  Also, do not allow yourself to be influenced by personal likes or

4  dislikes, sympathy, prejudice, fear, public opinion, or biases, including

5  unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences

6  that people may consciously reject but may be expressed without conscious

7  awareness, control, or intention.

8

9  It is your duty as jurors to consult with one another and to deliberate with

10  one another with a view towards reaching an agreement if you can do so.  During

11  your deliberations, you should not hesitate to reexamine your own views and

12  change your opinion if you become persuaded that it is wrong.

13

14

15

16

17

18

19

20

21

22

23

24

25  August 16, 2021                                    44

COURT'S INSTRUCTION NO.  32

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

August 16, 2021                              45

1    The law requires these restrictions to ensure the parties have a fair trial

2  based on the same evidence that each party has had an opportunity to address.  A

3  juror who violates these restrictions jeopardizes the fairness of these proceedings.

4  If any juror is exposed to any outside information, please notify the court

5  immediately.

August 16, 2021                                    46

COURT'S INSTRUCTION NO.  33

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

August 16, 2021                                    47

COURT'S INSTRUCTION NO.  34


A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

August 16, 2021                                    48

COURT'S INSTRUCTION NO.  35

The verdict form will ask you to render a verdict on each of the ten counts of wire fraud charged in the Indictment.  Each of these counts relates to a specific wire communication identified in the Indictment.  Of course, the government must do more than merely prove that the wires listed below were sent.  Rather, for each count the government must prove beyond a reasonable doubt all of the elements of the crime.  (See Court's Instruction No. __.)  These wires are as follows:

For Count One, a wire transfer, on or about January 30, 2015, of approximately $250,000 sent from a California Bank & Trust account ending in 0661 in the name of "Avenatti & Assoc. A Professional Corp.," through the Fedwire Funds Transfer System, to a HomeStreet Bank account in Seattle, Washington in the name of Global Baristas US LLC.

For Count Two, a wire transfer, on or about February 10, 2015, of approximately $50,000 sent from a California Bank & Trust account ending in 0661 in the name of "Avenatti & Assoc. A Professional Corp.," through the Fedwire Funds Transfer System, to a Bank of America account in the name of the defendant.

For Count Three, a wire transfer, on or about January 26, 2017, of approximately $2,500,000 sent from a California Bank & Trust account ending in

August 16, 2021                                           49

8671 in the name "The State Bar of California, Eagan Avenatti LLP, Attorney Client Trust Account," through the Fedwire Funds Transfer System, to a JP Morgan Chase Bank account in the name of The X-Law Group PC.

For Count Four, a wire transfer, on or about January 5, 2018, of approximately $1,600,000 sent from a Silicon Valley Bank account in the name of Brock USA, LLC, through the Fedwire Funds Transfer System, to a City National Bank account ending in 5566 in the name of "Michael J. Avenatti, Attorney Client Trust Account."

For Count Five, a wire transfer, on or about January 10, 2018, of approximately $60,000 sent from a City National Bank account ending in 5566 in the name of "Michael J. Avenatti, Attorney Client Trust Account," through the Fedwire Funds Transfer System, to a California Bank & Trust account ending in 3714 in the name of "The State Bar of California, Eagan Avenatti LLP, Attorney Client Trust Account."

For Count Six, a wire transfer, on or about March 15, 2018, of approximately $3,000,000 sent from a City National Bank account ending in 4705 in the name of "Michael J. Avenatti, Esq., Attorney Client Trust Account," through the Fedwire Funds Transfer System, to a California Bank & Trust account ending in 4613 in the name of "State Bar of California, Eagan Avenatti LLP, Attorney Client Trust Account."

August 16, 2021                                         50

1         For Count Seven, a wire transfer, on or about March 15, 2018, of

2    approximately $2,828,423 sent from a California Bank & Trust account ending in

3    4613 in the name of "State Bar of California, Eagan Avenatti LLP, Attorney Client

4    Trust Account," through the Fedwire Funds Transfer System, to a bank account

5    with City National Bank in the name of SulmeyerKupetz.

6

7         For Count Eight, a wire transfer, on or about March 20, 2018, of

8    approximately $200,000 sent from a City National Bank account ending in 4705 in

9    the name of "Michael J. Avenatti, Esq., Attorney Client Trust Account," through

10   the Fedwire Funds Transfer System, to a California Bank & Trust account ending

11   in 4613 in the name of "State Bar of California, Eagan Avenatti LLP, Attorney

12   Client Trust Account."

13

14        For Count Nine, a wire transfer, on or about June 18, 2018, of

15   approximately $16,000 sent from a California Bank & Trust account ending in

16   4613 in the name of "State Bar of California, Eagan Avenatti LLP, Attorney Client

17   Trust Account," through the Fedwire Funds Transfer System, to a JP Morgan

18   Chase Bank account in the name of Alexis Gardner.

19

20        For Count Ten, a wire transfer, on or about July 13, 2018, of approximately

21   $1,900 sent from a California Bank & Trust account ending in 4613 in the name of

22   "State Bar of California, Eagan Avenatti LLP, Attorney Client Trust Account,"

23   through the Fedwire Funds Transfer System, to a Bank of America account in the

24

25   August 16, 2021                                    51

1  name of Geoffrey Johnson.

25  August 16, 2021                    52

COURT'S INSTRUCTION NO.  36

        If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

* * * * * *

        Note to counsel: The Court will entertain further discussion re Defense Instruction No. 1.  Even if there is no evidence of destructin or failure to preserve, there may be a basis to instruct re failure to produce stronger evidence (e.g. TABS).

August 16, 2021                          53

## **CERTIFICATE OF SERVICE**

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California. I am not a party to the above-entitled action.  I have caused, on October 30, 2021 service of the:

DEFENDANT'S NOTICE OF FILING OF COURT'S PROPOSED FINAL JURY
INSTRUCTIONS DATED AUGUST 16, 2021

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 30, 2021

/s/ H. Dean Steward
H. Dean Steward