TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2435
    Facsimile: (213) 894-6269
    Email:    Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
    Ronald Reagan Federal Building
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3598
    Facsimile: (714) 338-3708
    Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | No. SA CR 19-061-JVS |
|---|---|
| Plaintiff, | STATUS REPORT REGARDING THE TABS DATA THE COURT DIRECTED THE GOVERNMENT TO FILE WITH THE COURT |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel

1  and Alexander C.K. Wyman, hereby submits the following status report
2  regarding the Tabs data the Court directed the government to file
3  with the Court.
4      Although the Prosecution Team is not privy to the communications
5  between defendant, the Privilege Review Team ("PRT"), and counsel for
6  Software Technology, LLC, based on the limited information the
7  Prosecution Team has received, the Prosecution Team does not yet have
8  the data to provide to the Court and will do so when it becomes
9  available. The Prosecution Team will briefly provide the Court with
10 the background and where things currently stand (based on the
11 Prosecution Team's understanding) so the Court appreciates why the
12 government cannot comply with the Court's November 15, 2021, deadline
13 to produce the documents.
14     On October 12, 2021, the Court ordered the parties to provide
15 reports to the Court by October 14, 2021, detailing the Tabs data the
16 parties received from the Eagan Avenatti LLP servers since August
17 2021. The government contacted Software Technology, LLC ("the
18 company") for assistance regarding the Tabs data, and counsel for the
19 company stated that they would assist but would need a court order to
20 protect their client against any future claims (regardless of merit)
21 by defendant. As a result, the government filed an *ex parte*
22 application for assistance from the company and to extend the
23 deadline for the government to comply with the Court's Order to
24 submit the data. (CR 855.) On October 15, 2021, the Court granted
25 the government's *ex parte* application, extended the government's
26 deadline by thirty days to submit the Tabs data to the Court, and
27
28

asked the parties to submit a stipulated proposed order directing the assistance of the company. (CR 864; RT 10/15/21 at 15-16.)

Defendant would not meet and confer with the government regarding a potential stipulation and proposed order, which resulted in the government filing another *ex parte* application for an Order for the company to assist the government to obtain the Tabs data. (CR 873.) Over defendant's objections (CR 874), on November 1, 2021, the Court issued the Order the government proposed (CR 877). On November 2, 2021, government counsel sent an email to the counsel for the company attaching a copy of the Court's Order, putting them in touch with the PRT, and advising counsel for the company that the Court's deadline for the government to provide the information was November 15, 2021. Counsel for the company replied that after the Court issued its Order, defendant raised concerns and objections with the company providing assistance to the government and therefore the company would wait to provide assistance until the parties resolved all disputes and disagreements or the government received further guidance from the Court. Based on the limited information the Prosecution Team received, defendant's "concerns and objections" were the same ones defendant raised in his opposition to the government's *ex parte* application (CR 874), which were before the Court prior to the Court issuing its Order (CR 877). In the interim, the PRT attempted to work with defendant to resolve any issues.

On November 4, 2021, the PRT advised the Prosecution Team that defendant and the PRT would have a Zoom conference call with the company on November 9, 2021, and defendant told the PRT that he would not oppose moving the government's November 15, 2021, deadline if the

government needed more time to provide the documents to the Court. On November 9, 2021, after the Zoom call between defendant, the PRT, and the company, the PRT informed the Prosecution Team that defendant agreed to the procedures and protocols the company had provided to the parties on October 26, 2021, to provide the data, but that defendant was still raising objections that this Court specifically resolved in issuing its November 1, 2021, Order. Specifically, defendant claimed the PRT could not have access to any Tabs data involving clients not related to Counts 1-10 of the indictment, despite the Court explicitly ordering this procedure. (CR 877.)

Because of the ongoing delays, which to the understanding of the Prosecution Team are directly the result of the time necessary to "resolve" the objections and concerns defendant continued to raise with the company (and the PRT), the Prosecution Team still does not have access to the additional Tabs Data. The PRT has informed the Prosecution Team that defendant will agree to procedures that will allow the Prosecution Team to get the Tabs data relating to the clients in Counts 1 to 10, but likely not before November 15, 2021. The Prosecution Team will file these records with the Court pursuant to the Court's directive once the Prosecution Team obtains these records.

If the Court wishes to have a telephonic status conference for defendant, counsel for the company, and the government (both the PRT and Prosecution Team), to address the timing issues or defendant's ongoing objections, and/or to hear directly from the other parties (whose communications the Prosecution Team is not privy to), the

Prosecution Team is available any day the week of November 15, 2021, for such a hearing.

Dated: November 12, 2021  Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

　　　/s/
BRETT A. SAGEL
ALEXANDER C.K. WYMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

5