Michael John Avenatti (Pro Se)

H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 497-6753

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | SA CR No. 19-061-JVS<br><br>DEFENDANT'S RESPONSE TO THE GOVERNMENT'S STATUS REPORT REGARDING THE TABS DATA |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his advisory counsel of record, H. Dean Steward, hereby responds to the prosecution's "Status Report Regarding the Tabs Data the Court Directed the Government to File with the Court." [Dkt. 881].

Dated:  November 14, 2021          Respectfully submitted,

/s/ Michael J. Avenatti

Defendant
MICHAEL JOHN AVENATTI

The Government's Status Report does not accurately reflect the record or the facts relating to the Tabs data and the recent events relating to that data.  The facts are as follows:

1.     The testimony at trial showed that on least two, and likely three, separate occasions, beginning on the day of defendant's arrest on Match 25, 2019, Judy Regnier, defendant's former Office Manager, told members of the prosecution team, including AUSA Sagel directly, about the Tabs data and its relevance.  The interview notes of the Government confirm this.  And yet, the prosecution team made no effort for almost two and a half years to examine and produce the information, which was clearly *Brady* and in the possession of the government.

2.     Before trial and at trial, Defendant made repeated requests for all *Brady* and specifically for the cost, expense, and advance data (which was stored in Tabs). The prosecution team on <u>at least ten occasions</u> told this Court and the defense that all information had been produced even though they knew this was not accurate because the Tabs data, which they had known about for years, had not been produced.  They even went so far as to mock the defendant and his counsel when they made these requests. Even after defendant specifically demanded the Tabs data by name in the middle of trial – i.e. on the record on August 12 - the prosecution team made no effort to produce the data.

3.     After approximately six weeks of jury selection and trial, on August 24, 2021, the Court granted the defendant's motion for mistrial because of the *Brady* violation. *See* Dkt. 780; Trial Tr. (8/24/21, Vol. 1) pp. 56-64. "I found a Brady violation with respect to a very important range of documents relating to the financial affairs of Mr. Avenatti's firm."  Dkt. 867 (transcript), p. 4.  By definition, *Brady* violations are the fault of the government and the government alone. "Under *Brady*, '[t]he <u>prosecution</u> is trusted to turn over evidence to the defense because its interest 'is not that it shall win a case, but that justice shall be done.''' *United States v. Bundy*, 968 F.3d 1019, 1023 (9th

Cir. 2020) (emphasis added), quoting *Amado v. Gonzalez*, 758 F.3d 1119, 1133–34 (9th Cir. 2014) (quoting *Strickler v. Greene*, 527 U.S. 263, 281 (1999)).

4.    When the issue relating to the Tabs data surfaced during the trial, the prosecution team represented to the Court and the defense that the data was not exculpatory or helpful to the defense. These representations continued post trial. We now know there was no basis for these representations because, according to the recent admission by the prosecution team, they have not been able to access the data.  <u>If the prosecution team had never reviewed the data, how could they represent to the Court that it was not exculpatory or helpful to the defense?</u>

5.    On October 12, 2021, a status conference was held and the Court ordered each of the parties to submit a brief by Thursday, October 14, 2021, regarding the status of the production of the relevant Tabs and QuickBooks materials. *See* 10/12/21 Tr., p. 10. *Importantly, the Court never requested the parties to submit the actual Tabs data to the Court.* The Court ordered the following:

> "I would like a report from the parties by noon on Thursday on the government's production during the week of August 23, the files that Mr. Varani produced, and what has been produced subsequent. What's in there that would constitute Tabs or QuickBooks documents with respect to the four clients that are relevant in Counts 1 through 10? I want to know whether the relevant Tabs and QuickBooks files for these specific clients have been produced in the subsequent production.

10/12/21 Tr., p. 10.

The defendant then clarified on the record that the actual data was <u>not</u> to be provided. *See,* e.g., 10/12/21 Tr., p. 11 ("I want to make sure that I understand exactly what Your Honor is asking for… We obviously have a forensic copy of the servers now. We have whatever Tabs and QuickBooks files were on those servers, so I can represent to the Court that we have that now."); 10/12/21 Tr., p. 12 ("You mean what the information shows or just ---"). In response to the defendant's question regarding

2

whether or not the Court wished to have an analysis on "what the information shows" the Court indicated, "No, no, no." 10/12/21 Tr., p. 12.  Instead, the Court's request was simple: "In theory and practice, the database is organized. And if I want Tabs data for a given client, I can search the database on that and get the document that relates to Tabs data for that client. That's what I'm suggesting both sides do, so I have in concrete before me what data is out there that would be relevant to the claims that these folks didn't get their money…" 10/12/21 Tr., p. 16.

6.      On October 13, 2021, the government filed an *ex parte* application seeking an Order extending the deadline for the government to file a report on the Tabs data and also requiring that Software Technology, LLC (the makers of Tabs) facilitate the government's restoration of the Tabs software. [Dkt. 855].  By way of this filing, the government admitted they had not been able to review the actual data, which means they have no idea whether it is exculpatory.

7.      In response, among other arguments, Mr. Avenatti objected to Software Technology facilitating the prosecution's unfettered access to the Tabs data related to clients not named in the Indictment on the basis of confidentiality, attorney-client privilege, and work product concerns. [Dkt. 857]. On October 14, 2021, both the PRT and the defendant filed the status report as ordered by the Court.[1] *The government did not submit a filing even though they do not need access to the contents of the Tabs data to comply with the Court's directive.*

8.      On October 15, 2021, an additional telephonic status conference was held. During the hearing, Mr. Avenatti made clear, "I have no objection obviously to an examination of the data for the five clients, but I don't believe it is appropriate or legal for the government to have – the Prosecution Team to have unfettered access to all of the client data for all of the other clients…." *See*, Trial Tr. (10/15/21) p. 13. (emphasis

---

[1] With advance permission of the Court, the defendant's filing was made in-camera. *See,* Dkt. 859.

3

added). Mr. Avenatti suggested: "[I] think perhaps the Court should issue an order permitting both parties to use the technology company so that the technology company can extract the data <u>relating to the five clients</u> and provide it to both the government and the defense." Trial Tr. (8/15/21) p. 15 (emphasis added). AUSA Sagel stated in response, "<u>That's all we have ever wanted</u>, so no, no objection from the government." *Id* (emphasis added). The Court then ordered the following: "Why don't you tender me an order <u>that captures that limited function that the Court will permit</u>." *Id* (emphasis added). The Court concluded, "I want to have in writing what the ground rules are so everybody understands them, including the Court." Trial Tr. (8/15/21) p. 16 (emphasis added).

9.      Shortly after the hearing, on October 15, 2021, the defense sent counsel for Software Technology an email alerting the company to what had transpired during the hearing. AUSA Sagel and AUSA Wyman were included on the email. On Friday afternoon on October 22, 2021, the government sent the defense a proposed stipulation and proposed order regarding Software Technology's assistance. *See,* Dkt. 873, Exhibit 1.  The next court day, Monday, October 25, 2021, at 9:28 a.m., the defense then sent representatives with Software Technology an email requesting a conference call to discuss the protocol. Immediately after, on October 25, 2021, at 9:35, the defense contacted the prosecution again stating that Software Technology needed to be involved in order to ensure this was handled correctly, "<u>Once we have agreement from the company and the parties as to how this is going to work, which should not take long, we can submit a proposed stipulation</u>."  *See,* Dkt. 873, Exhibit 2 (emphasis added).

10.      On October 27, 2021, shortly before a previously scheduled conference call[2] with Software Technology and the parties, the government filed an additional *ex parte* application for an order for Software Technology to provide technical assistance to

---

[2] This call between representatives from Software Technology and the defense proceeded in an attempt to resolve the ongoing issue but AUSA Sagel, who was present on the call, refused to participate or answer any questions from Software Technology.

restore the tabs data. [Dkt. 873]. On November 1, 2021, the Court granted the prosecution's application and ordered that Software Technology was <u>permitted</u> to assist the Prosecution Team with the data as it related to Geoffrey Johnson, Alexis Gardner, Gregory Barela, Michelle Phan, and Long Tran. [Dkt. 877, p. 1]. Importantly, the Order does not order the company to provide the assistance, nor could it, because there is no basis for such an order.

11.    On November 1, 2021, after receiving the Court's Order, the defense forwarded the Order to the PRT as well as counsel for Software Technology and alerted the company: "Mr. Avenatti specifically objects to any Tabs information or data not relaying to the five clients identified in the indictment being provided to the prosecution team." Mr. Avenatti also indicated: "The order makes clear that the prosecution team's access is limited to that information relating to the five clients. No further data or information should be provided to the prosecution team by the privilege review team or Software Technology absent consultation with the defense and approval from the Court." In response, counsel for Software Technology indicated: "Software Technology intends at this time to wait until the below issue(s) have been resolved before taking any further action on this matter. If there are any open disputes/disagreements or objections regarding such matters that cannot be resolved by agreement/stipulation, we request the parties seek further guidance from the Court so Software Technology has direction from the Court on any outstanding disputes regarding its involvement."

12.    On November 9, 2021, at the suggestion and urging of the defendant, and after the defendant consulted with the PRT, the defense, the PRT, and Software Technology had a second conference call that was productive and promoted resolution. During the call, the parties discussed a solution wherein both the defense and the PRT will physically meet together, sever the data related to the five clients from the remaining data, and be provided remote, technical assistance from Software Technology. The data related to Geoffrey Johnson, Gregory Barela, Alexis Gardner, Michelle Phan, and Long

Tran will be provided to both the PRT and the defendant. To initiate this process, Software Technology asked that the parties present the companies with a stipulation.

13.     Two days ago, on November 12, 2021, the defense sent the PRT an initial draft of the points to be included within this stipulation. On Saturday, November 13, 2021, the PRT confirmed receipt of the message and replied:  "Good morning. I think this attempts to capture what we discussed, but I do have some questions.  I have forwarded this to Nshan to get his input and then we will get back to you."  The defense is awaiting further word from the PRT.  Accordingly, the defendant and the PRT are working efficiently to enter into a stipulation that allows for the production of the data for the five clients to both sides, addresses the valid confidentiality concerns of the defense, is in compliance with the Court's November 1, 2021 Order, and provides Software Technology with the assurances it requires before it provides the requested the technical assistance.

14.     Any implications that the defendant is standing in the way of the release of the Tabs data related to the clients named in the Indictment is inaccurate and devoid of merit.  The defense has worked consistently and diligently in facilitating a resolution that all parties, including the software company, can live with and is in compliance with the Court's November 1, 2021 Order. As of the date of this filing, this diligence continues.

15.     The defense does not object to the government's request for additional time to file the report previously due on October 14, 2021, which was previously extended to November 15, 2021. But, again, the Court never requested that the entirety of the Tabs data for the five clients be submitted to the Court. The Court merely wanted to know whether all of the relevant Tabs data has now been produced to the defense, which it has.

6

### **CERTIFICATE OF SERVICE**

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California. I am not a party to the above-entitled action.  I have caused, on November 14, 2021, service of the:

DEFENDANT'S RESPONSE TO THE GOVERNMENT'S STATUS REPORT
REGARDING TABS DATA

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 14, 2021

/s/ H. Dean Steward
H. Dean Steward

7