Michael John Avenatti (Pro Se)

H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 497-6753

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | SA CR No. 19-061-JVS<br><br>DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER SETTING A STATUS CONFERENCE REGARDING DEFENDANT'S CONDITIONS OF RELEASE AND NEED TO PREPARE FOR AND ATTEND TRIAL IN NEW YORK |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti"), by and through his advisory counsel of record, H. Dean Steward, hereby files this *Ex Parte* Application for an Order Setting a Status Conference Regarding Defendant's Conditions of Release and Need to Prepare For, and Attend, Trial in New York. The defendant and the government conferred, and it appears that the government opposes this request.

Dated: December 8, 2021            Respectfully submitted,

/s/ Michael John Avenatti
MICHAEL JOHN AVENATTI

# DECLARATION OF MICHAEL J. AVENATTI

I, Michael J. Avenatti, declare:

1. I am the defendant in this case and am appearing *pro se*. I make this declaration in support of the Defendant's *Ex Parte* Application for An Order Setting a Status Conference Regarding Defendant's Conditions of Release and Need to Prepare For, and Attend, Trial in New York.

2. Pursuant to this Court's prior Orders, defendant is presently on temporary release and home confinement in Venice, California under conditions set nearly 20 months ago.

3. Last Thursday, the Hon. Jesse M. Furman issued an order confirming that the trial in the Stormy Daniels related criminal case (SDNY: 19-cr-374(JMF)) (the "*Daniels*" case) will begin on January 24, 2022 in the Southern District of New York. Jury selection is set to begin on January 13, 2022 with motions in limine due December 9, 2021, and a final pre-trial conference set for January 18, 2022.

4. Defendant cannot adequately prepare for trial in the *Daniels* case; assist and meet with his counsel, including next week; review the necessary discovery; and meaningfully participate in the pre-trial and trial proceedings if he is unable to travel to New York or is required to adhere to the same release conditions in connection with such travel. Those conditions are simply not conducive to defendant's exercise of his Sixth Amendment rights, economically feasible, or necessary considering the facts of the last 20 months and the current circumstances.

5. Defendant is not a flight risk and no court has ever found that defendant is a flight risk, let alone a serious flight risk. In fact, this Court, together with (a) every other court faced with the question of defendant's risk of flight, (b)

1

the Pretrial Services Agency ("PSA"), and (c) U.S. Probation (in connection with the Nike sentencing), has previously noted that defendant is **not** a flight risk, let alone a serious flight risk as required for detention pursuant to *U.S. v. Twine,* 344 F.3d 987 (9th Cir. 2003).[1]

6. Since his arrest nearly three years ago, defendant has never attempted to flee nor has he ever been late to or missed a single court appearance in any of his three cases (there have been well over 50 appearances). Further, defendant is a well-known figure with deep ties to the community and his children, and no means to flee.

7. In addition, the current status of defendant's cases shows that defendant has significant reason to continue to fight the allegations against him and remain fully compliant with any bail conditions: (1) defendant has a strong appeal pending in the Ninth Circuit, which seeks dismissal of the Indictment in this case due to the government's *Brady* violations and misconduct (as documented in defendant's opening brief filed yesterday); (2) defendant has a pending motion for new trial in the Nike related case due to another recently discovered *Brady* violation (Dkt. 358, SDNY Case No. 19-CR-00373-PGG); and (3) the *Daniels* prosecution is faltering because it is beginning to become apparent that the government has been duped and key evidence has been withheld by one or more government witnesses, thus creating a very real likelihood of acquittal.

8. Defendant has complied with each of the terms of his temporary release for nearly 20 months and continues to comply without incident. The Court recently observed defendant in trial for approximately six weeks – defendant consistently appeared as directed, complied with the directives of the Court and

---

[1] A transcript for the last bail hearing before this Court, held on May 28, 2021, is not presently available. However, notes from the hearing indicate that the Court made a statement that no one has ever claimed defendant is a flight risk.

demonstrated respect for the Court, its staff and the process. Further, on May 14, 2021, the Pretrial Services Agency submitted a report to the Court stating that "<u>Throughout the period of temporary release, the defendant has remained in compliance and has been cooperative with directives from Pretrial Services</u>" (page 3)(emphasis added). According to PSA, defendant "<u>has shown a pattern of consistently compliant behavior</u>" and PSA "<u>has not received any new information that would suggest [Mr. Avenatti] is a flight risk or danger to the community</u>." *Id*. In addition, in PSA's view, the government has not provided anything new that would suggest defendant is currently a flight risk or danger to the community. *Id*. This is also consistent with the PSI report U.S. Probation prepared and filed before defendant's sentencing.

     9.     The Bail Reform Act of 1984, 18 U.S.C. §§ 3141, *et seq*. requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community. *See United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); *United States v. Motamedi*, 767 F.2dd 1403, 1405 (9th Cir. 1985). Further, § 3142 does not seek ironclad guarantees and the requirement that conditions of release will "reasonably assure" the safety of the community cannot be read to require a set of conditions that make it a near certainty that the community will be protected at all times under any conceivable set of circumstances. *See, e.g.*, *United States v. Tortora*, 922 F.2d 880, 884 (1st Cir. 1990) (where the issue is the safety of the community, Congress did not require guarantees in enacting the Bail Reform Act). Critically, "A finding that a defendant is a danger to any other person or the community must be supported by 'clear and convincing evidence,'" *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008), as must a finding that no combination of conditions will reasonably assure the safety of the community. *See* U.S.C. § 3142(f)(2)(B). Moreover, this

3

requirement remains constant throughout a case, and must take into account changed circumstances, the introduction of new facts and information, and the passage of time. As a result, findings that defendant is <u>presently</u> a danger to the community <u>and</u> no conditions can reasonably assure safety must both be supported by clear and convincing evidence.

10. The Ninth Circuit has held that the Bail Reform Act does not authorize pretrial detention on the ground that the defendant presents a risk of danger to the community <u>unless one of the two § 3142(f) factors is also applicable</u>: (1) the defendant is charged with one of the enumerated offenses listed in U.S.C. § 3142(f)(1)(A)-(E) (involving crimes of violence, offenses for which the maximum sentence is life imprisonment or death, drug trafficking offenses, felonies involving a minor victim, and offenses involving the possession or use of a firearm (the "enumerated offenses"), or (2) the government shows that there is a "*serious* risk that [the defendant] will flee" or obstruct justice.² 18 U.S.C. § 3142(f)(2). As the Ninth Circuit held in *United States v. Twine*, 344 F.3d 987 (9th Cir. 2003): "We are not persuaded that the Bail Reform Act authorizes pretrial detention without bail based solely on a finding of dangerousness. This interpretation of the Act would render meaningless 18 U.S.C. § 3142(f)(1) and (2). Our interpretation is in accord with our sister circuits who have ruled on this issue. *See United States v. Byrd*, 969 F.2d 106 (5th Cir. 1992); *United States v. Ploof*, 851 F.2d 7 (1st Cir. 1988); *United States v. Himler*, 797 F.2d 156 (3d Cir. 1986)." Accordingly, alleged danger to the community, standing alone, is not enough. Absent one of these two factors, a defendant must be granted bail. Every other circuit court that has addressed this issue – the First, Second, Third, Fifth and D.C. – agrees with the

---

² This is a far higher standard than ordinary "risk of flight" and requires the government to substantiate its request that no bail be granted with evidence that there is a <u>serious</u> risk the defendant will flee.

4

Ninth Circuit's decision in *Twine*. *See United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988)("The Bail Reform Act does not permit detention on the basis of dangerousness in the absence of risk of flight, obstruction of justice, or an indictment for the offenses enumerated [in § 3142(f)(1)]."); *United States v. Singleton*, 182 F.3d 7, 9 (D.C. Cir. 1999); *United States v. Byrd*, 969 F.2d 106, 110 (5th Cir. 1992)("[W]e find ourselves in agreement with the First and Third Circuits: a defendant's threat to safety of other persons or to the community, standing alone, will not justify pre-trial detention" and even "a defendant who <u>clearly</u> may pose a danger to society cannot be detained on that basis alone." (emphasis added); *United States v. Ploof*, 851 F.2d 7 (1st Cir. 1988); *United States v. Himler*, 797 F.2d 156 (3d Cir. 1986).

  11. Moreover, district courts in the Ninth Circuit have consistently followed the Ninth Circuit's holding in *Twine* and granted bail, including over the objection of the government, in cases where only danger to the community is alleged. *See*, *e.g.*, *United States v. Djoko*, 2019 WL 4849537, at *2 (W.D. Wash. Oct. 1, 2019) (revoking a U.S. Magistrate Judge's order of detention for a defendant charged with cyberstalking, citing legislative history for its finding that "Congress limited the categories of cases eligible for pretrial detention to those listed in 18 U.S.C. § 3142(f)" and that it did so "[t]o ensure that pretrial detention would continue to be an exception[,]" and noting that "unless the government can show by a preponderance of the evidence that a case falls into one of those [§ 3142(f)] categories, a defendant cannot be detained pending trial"); *United States v. Gentry*, 455 F. Supp. 2d 1018, 1019 n.2 (D. Ariz. Oct. 5, 2006) ("Since none of the crimes charged in the indictment meet the statutory definition of 'crime of violence' . . . the Government does not argue as a basis for detention that Defendant is a danger to the community."). *See also United States v. Qazi*, 2017 WL 2484102, at *11 (D. Nev. June 8, 2017) (noting that the defendant was

"eligible for detention based on the offense charged" because "in 2006, Congress amended the Bail Reform Act to authorize detention of a defendant charged with any felony that involves possession or use of a firearm"); *United States v. Bell*, 2008 WL 11411709, at *2 (C.D. Cal. June 6, 2008) (noting that the court was authorized to detain the defendant as a danger to the community because the defendant was charged with an enumerated offense).

12. Accordingly, defendant respectfully requests that the Court set a status conference so that the parties and the Court may discuss, with the benefit of input from defendant's counsel from the Public Defenders of New York, a reasonable modification of defendant's bail conditions in light of defendant's upcoming trial.

13. On December 6-7, 2021, defendant conferred with the government as to the above issues via email. A true and correct copy of those emails are attached as Exhibit A.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 8, 2021

/s/ Michael John Avenatti
MICHAEL JOHN AVENATTI

6

# EXHIBIT A

**From:** emma hernandez <
**Sent:** Monday, December 6, 2021 9:29 AM
**To:** Sagel, Brett (USACAC) <BSagel@usa.doj.gov>; Wyman, Alex (USACAC) <AWyman@usa.doj.gov>
**Cc:** Robert Baum <Robert_Baum@fd.org>; Tamara Giwa <tamara_giwa@fd.org>; Andrew Dalack <Andrew_Dalack@fd.org> 
**Subject:** [EXTERNAL] Avenatti: Release Modification due to Daniels Trial

From Mr. Steward and Mr. Avenatti

Dear Counsel:

As you know, last week, the trial in the Daniels case was confirmed for late January in New York. In preparation for trial, it is necessary for the defendant to meet with his counsel in the Southern District. It is not feasible, economically or otherwise, to require defendant to have a minder present at all times during this process or during trial. As a result, defendant is requesting that you stipulate to a modification to his current conditions of release as follows:

Provided that such travel is approved by Pretrial Services and defendant remains subject to the supervision of Pretrial Services and electronic monitoring, Defendant is permitted to travel from the Central District of California to the Southern District of New York during the time period December 10, 2021 to February 18, 2021 for the purposes of meeting with his counsel and trial.

Please let us know by 5pm today if you will agree to this modification or have a reasonable alternative. If not, defendant intends on moving ex parte for the setting of a status conference this week so that the issue may be raised with the Court and defendant's defense counsel in the Daniels case (copied above) may address the Court on the issue and defendant's Sixth Amendment rights.

Thank you.

--
Emma Hernandez, Paralegal

---

**Sagel, Brett (USACAC)**     Mon, Dec 6, 4:24 PM (2 days ago)
to me, Alex

The below does not provide any information on where defendant will stay and/or with whom, this was a specific condition of defendant's release here ordered by the Court (and stipulated by defendant). Please provide us with who would defendant's third-party custodian be and where would defendant's location monitoring be set up? Also, has defendant confirmed with his surety, Mr. Bromma, that the surety would agree to this. And finally, why does defendant need to be in New York as early as December 10?

---

**emma hernandez** <        Tue, Dec 7, 8:26 AM (1 day ago)
to Brett, Alex, Robert, Andrew, Tamara, Dean

from Mr. Steward and Mr. Avenatti

Mr. Sagel:

First, defendant's electronic monitoring is nationwide - his ankle bracelet emits a GPS signal that can be tracked by Pretrial Services anywhere in the continental United States.

Second, defendant will stay in a location to be approved by Pretrial Services. There will be no third-party custodian nor is there a need for one; if you have any evidence suggesting that defendant is a flight risk, please promptly provide it.

Third, defendant's surety will approve the travel with Pretrial Services.

Fourth, defendant does not plan on being in New York continually starting on December 10 - he plans on taking one to two trips before trial to meet with his counsel and prepare for trial as is his right under the Sixth Amendment.

Fifth, please provide any authority establishing that the Ninth Circuit's decision in U.S. v. Twine is no longer good law or not applicable.

Finally, please note that we have added defendant's counsel back on this email thread because they were removed by you for some reason.

**Sagel, Brett (USACAC)**     Tue, Dec 7, 12:00 PM (21 hours ago)
to me, Alex, Dean

Please provide us with the specific dates defendant plans on travelling to New York, where he plans on staying, and additional information that is consistent with the conditions of release that the Court ordered (to which defendant stipulated) pursuant to defendant's temporary release (after defendant's bond was revoked). Once you provide us this information we can work with you on a stipulation to modify the terms of defendant's temporary release to permit him to travel to New York.

**emma hernandez**     Dec 7, 2021, 12:37 PM (21 hours ago)
to Brett, Alex, Dean, Robert, Andrew, Tamara, Courtney

from Mr. Steward and Mr. Avenatti

Mr. Sagel:

We have explained our position. If you will agree to permit defendant to travel alone to New York as we have proposed, please let us know by 5pm today so we can avoid the need for an ex parte and a status conference with the Court. Further, we note that (a) you have provided no evidence of flight risk; (b) you have provided nothing that suggests that U.S. v. Twine is not applicable; and (c) you again excluded defendant's counsel in New York.

# **CERTIFICATE OF SERVICE**

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254, Newport Beach, California 92660. I am not a party to the above-entitled action. I have caused, on December 8, 2021, service of the:

DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER SETTING A STATUS CONFERENCE REGARDING DEFENDANT'S CONDITIONS OF RELEASE AND NEED TO PREPARE FOR AND ATTEND TRIAL IN NEW YORK

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA ALEXANDER WYMAN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 8, 2021

/s/ H. Dean Steward
H. Dean Steward

7