TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     Email:    Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone:  (714) 338-3598
     Facsimile:  (714) 338-3708
     Email:     Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

                FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,            SA CR No. 19-061-JVS

          Plaintiff,                 GOVERNMENT'S RESPONSE TO
                                     DEFENDANT'S *EX PARTE* APPLICATION
               v.                    FOR AN ORDER SETTING A STATUS
                                     CONFERENCE (CR 887)
MICHAEL JOHN AVENATTI,

          Defendant.

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, hereby submits the following response to defendant's *ex parte* application for an Order setting a status

conference regarding defendant's conditions of release and need to prepare for and attend trial in New York (CR 887).

This Response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: December 9, 2021          Respectfully submitted,

                                 TRACY L. WILKISON
                                 United States Attorney

                                 SCOTT M. GARRINGER
                                 Assistant United States Attorney
                                 Chief, Criminal Division

                                 _____/s/_____
                                 BRETT A. SAGEL
                                 ALEXANDER C.K. WYMAN
                                 Assistant United States Attorneys

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

In January 2020, the Court found that there was probable cause to believe defendant committed crimes while on release and revoked defendant's bail -- a finding and order that were subsequently affirmed by the Ninth Circuit.  In March 2020, the Court, in its discretion, granted temporary release to defendant, based on the conditions the Court determined were the minimum terms necessary to protect the public.  Defendant previously sought to have the Court reopen his bail revocation hearing and grant defendant permanent bail (CR 448), which the Court properly denied (CR 471).  The Court has also modified defendant's conditions of release to permit him to travel to New York for his sentencing on his extortion convictions (CR 521) as well as to leave his home detention to meet with counsel and attend court hearings in this case (CR 478).

Defendant now applies ex parte for an order setting a status conference regarding defendant's conditions of release.  The government respectfully request that the Court deny this request as premature or unnecessary.  Prior to filing his application, defendant asked the government to stipulate to a modification of his conditions of release.  The government declined because defendant's proposed modification directly conflicted with this Court's prior orders.  The government recommends that the parties be given additional time to address defendant's proposed modification of his release conditions and work together in good faith to formulate a proposed stipulation regarding any appropriate modifications to the existing conditions for the Court to consider.  The parties will notify the Court if such

1   a stipulation cannot be reached and, if the Court deems a status

2   conference to be necessary, can set one at that time.[1]

3   **II.  BACKGROUND**

4        In January 2020, the Court revoked defendant's bail and ordered

5   him detained pending trial.  (CR 83.)  The Court found probable cause

6   to believe that defendant had committed federal and state crimes

7   while on pretrial release, that there was an "ongoing danger" that

8   defendant would violate the conditions of his release and commit

9   further crimes, and that the danger to the community was "real and

10  palpable."  (RT 11/15/2020 at 36-37.)  The Ninth Circuit affirmed

11  this Court's ruling, holding that both this Court's probable-cause

12  and safety findings were "correct."  (CR 116.)

13       In March 2020, at the beginning of the COVID-19 pandemic, the

14  Court granted temporary release to defendant pursuant to 18 U.S.C.

15  § 3142(i) and found that specific release terms would be necessary to

16  effectuate defendant's release. (CR 128; <u>see also</u> RT 3/31/2020 at 3-

17  6; <u>id.</u> at 6 ("I have an ultimate duty to protect the public here.  As

18  I reiterated at Docket No. 128, the Court has not lost sight and

19  neither should the parties of this Court's finding and the Ninth

20  Circuit's affirmance, that Avenatti is a danger to the community.

21  I'm looking for constructive ways to have him released and these are

22  my <u>minimum terms</u> to see that that's accomplished." (emphasis added));

23  CR 140 § 26 ("This Order does not withdraw, is not in derogation of,

24  and does not conflict with this Court's prior finding, and the Ninth

25

26  _____

27       [1] The government believes it may be helpful if the Court issues
    a minute order stating the terms with which the Court would require
    defendant to comply in connection with any modification of
28  defendant's conditions of temporary release allowing him to travel to
    New York to prepare for his upcoming trial.

2

1  Circuit's affirmance of this Court's finding, that there is probable
2  cause to believe that defendant committed state and federal crimes
3  while on pretrial release, that defendant is a danger to the
4  community, and that defendant failed to rebut the presumption that no
5  conditions or combination of conditions will assure the safety of the
6  community.  See United States v. Avenatti, C.A. No. 20-50017 (9th
7  Cir. Mar. 6, 2020).").)  The Court ordered defendant's release
8  pursuant to those minimum terms (CR 140), to which defendant had
9  stipulated (CR 139).

10  In May 2021, defendant sought to reopen his bail hearing from
11  January 2020 and for the Court to rescind the temporary release and
12  the specific conditions the Court ordered for defendant to be on
13  temporary release.  (CR 448, 465.)  Defendant raised basically the
14  same legal arguments in those filings as he does in his present
15  motion.  Defendant's arguments were, and are, incorrect for the
16  reasons explained in the government's brief responding to them when
17  first presented.  (CR 470 at 2-6.)  The Court properly denied
18  defendant's motion to reopen his bail.  (CR 471.)  On two occasions
19  after the Court denied defendant's motion to reopen his bail, the
20  Court modified defendant's temporary release conditions -- without
21  objection from the government -- to allow him to leave his home
22  detention to attend proceedings and meet with his counsel in this
23  case as well as his Nike extortion matter if his third-party
24  custodian and/or a member of his defense team accompanied defendant.
25  (CR 478, CR 521.)

26  **III. ARGUMENT**

27  Defendant's present application is completely devoid of any
28  reference to this Court's revocation of defendant's bail and the

3

1  findings of this Court.[2]  Since the Court made its findings in

2  January 2020 establishing the minimum conditions required to release

3  defendant, the only new material change in defendant's circumstances

4  is that defendant was convicted by a jury of three felonies and

5  sentenced to thirty months in custody.  This change further supports

6  the finding already made by the Court that defendant is a danger to

7  the community.

8      That said, and as the government's email responses to defendant

9  (CR 887 Ex. A) make clear, the government is willing to work with

10  defendant to modify his release conditions consistent with this

11  Court's prior orders to travel to New York.  Notwithstanding his

12  assertions, defendant cannot unilaterally decide what his release

13  terms should be regardless of this Court's prior findings and orders.

14  (Cf. id. ("There will be no third-party custodian nor is there a need

15  for one.").)  As noted above, the government is willing to work with

16  defendant to formulate a proposed stipulation regarding any

17  appropriate modifications to the existing conditions for the Court to

18  consider. The government will briefly respond to the additional

19  claims and representations by defendant.

20      In that regard, the government requests that the Court require

21  defendant to provide the Court and the government specifics of his

22  proposed travel to and stay in New York, including dates of travel,

23  location in which defendant will be staying,[3] and who will ensure

24  _____

25      [2] Defendant even states that he has not attempted to flee in his
    three years since his arrest (CR 887 ¶ 6), but ignores his criminal
26  conduct that resulted in his bail revocation.

27      [3] If defendant will be staying at someone's residence, this may
    resolve the third-party custodian issue.  If defendant intends to
    stay at a hotel or somewhere similar, this may raise other issues as
28  defendant continues to claim he is indigent and incapable of
    contributing to his defense.

4

1  defendant's compliance with his conditions of temporary release.
2  Notably, defendant did not provide this information on November 18,
3  2021, when defendant sought to extend his temporary release based, in
4  part, on his trial in New York for stealing funds from another
5  client, Stephanie Clifford, set for January 24, 2022 ("SDNY
6  embezzlement trial") (CR 884 ¶ 4) and has not done so in the present
7  application.

8      Defendant includes generic claims about his inability to prepare
9  for his SDNY embezzlement trial unless he is allowed to travel to New
10 York whenever he wants between this week and through the conclusion
11 of that trial.  (CR 887 ¶ 4.)  Neither defendant nor any of his three
12 public defenders representing him in New York provide any specifics
13 on why defendant needs to travel to New York so early, and why
14 defendant cannot prepare with counsel -- at least through the end of
15 the year -- under defendant's current conditions of release.[4]
16 Moreover, the SDNY embezzlement case has been pending since May 2019,
17 and defendant has stated to this Court that the case only relates to
18 $150,000 out of an $800,000 book deal in which defendant claims to
19 have a written retention agreement with his client that shows
20 defendant is entitled to the proceeds.  (CR 395 at 1.)  Judge Furman,
21 who is presiding over that case, recently stated that the case "is
22 not the most complicated trial."  (United States v. Avenatti, 19 CR
23 374-JMF (SDNY), CR 162.)  There is no reason, and defendant has not
24 provided any, that defendant cannot assist in his own defense from
25 California prior to traveling to New York in January.

26

27      [4] Defendant was able to work with his new appellate counsel in
   Florida on his nearly 100-page opening brief (prior to being stricken
28 due to exceeding the permitted length) and over 3,000 pages of an
   excerpt of record.

1    Defendant also repeats his claims of not being a flight risk.

2  (CR 887 ¶¶ 5-8.)  He is.  Defendant has already been sentenced to 30

3  months imprisonment on his extortion convictions, has an upcoming

4  trial in which a conviction would likely result in a custodial

5  sentence, and the advisory sentencing guideline range for the client

6  counts on the one hand or the severed Counts 11-36 on the other hand

7  in this matter are each well over ten years in prison.[5]  Given that

8  defendant has consistently complained about his brief period of

9  detention in this matter, as well as the conditions during his time

10  on home confinement, the Court can easily infer that defendant's

11  interest in avoiding returning to complete his period(s) of

12  incarceration makes him a serious flight risk.

13    Defendant, as he has done previously, claims he "has complied

14  with each of the terms of his temporary release for nearly 20 months

15  and continues to comply without incident." (CR 887 ¶ 8.)  This is

16  inaccurate.  This Court specifically stated in April 2021 that it has

17  "been holding off ruling on the government's motion to have

18  [defendant] remanded" for violating his terms of his temporary

19  release. (RT 4/7/21 at 6.)  The Court has not stated defendant has

20  fully complied with his conditions of release, and defendant even

21  admitted – eventually, after being caught -- to using his custodian's

22

23    [5] Defendant claims the current status of the three cases provide
   a reason he will not flee. (CR 887 ¶ 7.)  Not so.  Defendant claims
24  in this matter he "has a strong appeal pending in the Ninth Circuit,
   which seeks dismissal of the Indictment in this case." (Id.)
25  Defendant's appeal is not strong and even if he were to prevail on
   his appeal, defendant would still face a trial on the remaining 26
26  counts of the indictment.  Defendant claims he has a pending motion
   for a new trial in the New York extortion matter (id.), but defendant
27  concedes in that motion that the court is without jurisdiction to
   grant it because it was filed after the notice of appeal was filed in
28  the case.  The government will not comment on defendant's opinion
   about the strength of the government's case in the upcoming trial.

computer, which was a violation of his temporary conditions of release.

Finally, defendant spills considerable ink about the Bail Reform Act and defendant's claims about his conditions of release.  (CR 887 ¶¶ 9-11.)  Defendant raised these same arguments previously in attempting to reopen his bail revocation (CR 448, 465), which the Court properly rejected (CR 471).  The Court has already determined that there was probable cause to believe defendant committed felony offenses while on release, therefore, Section 3148(b) is the applicable section to determine what conditions of release, if any, the Court should impose.  (See CR 470.)

## IV.  CONCLUSION

The government does not object to a hearing, but believes it may be unnecessary if the Court issues a minute order stating the terms with which the Court would require defendant to comply in connection with any modification of defendant's conditions of temporary release allowing him to travel to New York to prepare for his upcoming trial. In the alternative, the court should defer setting such a hearing and allow the parties a period of time to propose a stipulation regarding such modifications.

7