TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     Facsimile: (213) 894-6269
     Email:     Alex.Wyman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:     Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | JOINT REPORT |
| v. | Hearing Date: December 16, 2021<br>Hearing Time: 10:00 a.m. |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Pursuant to the Court's request, plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Alexander C.K. Wyman, and

///

defendant MICHAEL JOHN AVENATTI, pro se, and through his advisory counsel, H. Dean Steward, hereby file their Joint Report.

Dated: December 15, 2021

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

        /s/
BRETT A. SAGEL
ALEXANDER C.K. WYMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: December 15, 2021

   /s/ with authorization
H. DEAN STEWARD

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

2

**JOINT REPORT**

**I.    THE GOVERNMENT'S POSITION**

On December 8, 2021, defendant filed an ex parte application for a hearing regarding defendant's conditions of release and need to travel to New York to meet with his counsel and attend his upcoming embezzlement trial in United States v. Avenatti, 19 CR 374-JMF (SDNY).  (CR 887.)  The government filed its response the following day noting that the government is willing to stipulate to modify defendant's conditions of release to permit defendant to travel to New York as long as the proposed modifications are consistent with this Court's prior orders.  (CR 888, citing CR 140, CR 478, CR 521.) On December 9, 2021, the Court directed the parties to meet and confer to determine what modifications the parties could agree on and file a joint report by noon in advance of the hearing.

The parties met and conferred on December 13, 2021, at 3:30 p.m. At approximately 10:00 a.m. in advance of the meet and confer, the government provided defendant with the following proposed language for the parties to discuss that the government believed would be consistent with the parties' prior stipulations and this Court's prior orders:

> Defendant is permitted to travel to the Southern District of New York for the purposes of attending his trial in SDNY Case No. 19 Cr. 374 (JMF) and meeting with his attorneys during the time period from ___(start date)___ to two days following the conclusion of the trial, provided that: (a) defendant is accompanied during his travel from the Central District of California to the Southern District of New York and from the Southern District of New York to the Central District of California at all times by _____ (which can be an approved third-party custodian or a member of the defense team from either the CDCA or SDNY case); (b) While in New York, defendant is permitted to be present at, and travel in between, the airport, his hotel (or other location approved by Court/PSA), the offices of his attorneys, and the federal courthouse for the Southern

      District of New York, provided he is accompanied by (which can be an approved third-party custodian or a member of the defense team from either the CDCA or SDNY case); (c) defendant provides his flight and hotel (or other location approved by Court/PSA) information to the Pretrial Services Agency ("PSA") (and the Court if requested) at least 72 hours prior to any travel; (d) defendant complies with any other conditions imposed by the PSA and previously imposed by this Court in setting defendant's temporary release (CR 140); and, (e) Mr. H. Dean Steward provides confirmation to PSA that defendant's surety consents to permit defendant to travel as set forth above.

(Exhibit 1, attached.) In the government's filing (CR 888) and proposed language submitted to defendant in advance of the meet and confer, the government's position was clear that it did not believe it could agree to a modification that conflicts with this Court's prior orders setting forth what the Court deemed to be the minimum conditions necessary to grant defendant's temporary release.

    At the meet and confer, defendant asked Andrew Dalack, one of defendant's three public defenders from his SDNY embezzlement case, to speak on defendant's behalf. Mr. Dalack recommended that the parties agree to a modification of defendant's bond conditions that would allow defendant to travel alone to and from California and New York and that would remove the requirement that defendant be accompanied by a custodian or have supervision of any kind while traveling and while in New York. Mr. Dalack claimed these requirements were unnecessary and that the Public Defender's Office had the resources to subsidize defendant's travel but not to pay for an additional person to accompany defendant. The government informed Mr. Dalack, as it had previously noted in its filing, that defendant's requested modifications conflicted with the orders of this Court (as well as the stipulations of defendant), and that the government could not agree to something that conflicted with this

2

Court's orders. In response, Mr. Dalack stated that the defense intended to ask the Court for the modification defendant was seeking. The government asked whether the defense wanted to discuss any further language for a proposed modification, and Mr. Dalack stated, in sum, that if the government was not willing to agree to conditions less restrictive than what the Court previously ordered, defendant would simply raise their proposed modifications with the Court.

At all times, the government has been willing to work with defendant to modify his conditions of temporary release to permit him to travel to and from New York to meet with his counsel to prepare for and attend his trial, provided that those modifications are consistent with the Court's prior orders. On each occasion, defendant has sought a stipulation from the government that conflicts with the conditions of release that the Court ordered (and to which defendant stipulated). The government set forth its position and responses to defendant's claims in its response to defendant's <u>ex parte</u> application (CR 888). The government believes that its proposed modification, set forth above, will both allow defendant to attend his upcoming trial in New York and respect the conditions of temporary release previously ordered by this Court. Accordingly, the government respectfully requests that the Court adopt the government's proposal should it grant defendant's request for a modification of the conditions of his temporary release.

II. **DEFENDANT'S POSITION**

On December 13, 2021, defendant and one of his attorneys in *United States v. Avenatti*, 19-CR-374-JMF (the "*Daniels* case"), Andrew J. Dalack, Esq., participated in a conference call with the government. The slated purpose of the "meet and confer" was to

3

discuss whether any possible agreement amongst the parties regarding modifications to defendant's bail conditions could be reached that would allow defendant to adequately meet with his attorneys in New York and prepare for and attend trial in the *Daniels* case.

On the call, Mr. Dalack explained to AUSA Brett Sagel that defendant needed to modify the conditions so that he could travel and be present without a custodian. Mr. Dalack also explained that while his office is able to cover defendant's travel costs, his office cannot cover the expenses associated with a custodian, and that a custodian is otherwise unnecessary under the circumstances and given that all other conditions would remain the same--i.e., that defendant would still be subject to location monitoring and supervision by Pre-Trial Services.

During the call, Mr. Sagel stated that he was unwilling to agree to anything that was more permissive than what defendant's current bail conditions currently permit, with the exception of merely allowing defendant to travel to New York. Mr. Dalack stated that he thought the entire purpose of the call was to discuss a possible reasonable modification of the bail conditions and to try to reach an agreement to be presented to the Court for approval. The call concluded with no agreement between the parties. As a result, defendant is filing a brief with his specific requests for modification and setting forth the facts and law supporting his position.

# EXHIBIT 1

## Sagel, Brett (USACAC)

| | |
|---|---|
| **From:** | Sagel, Brett (USACAC) |
| **Sent:** | Monday, December 13, 2021 9:55 AM |
| **To:** | emma hernandez; Dean Steward |
| **Cc:** | Wyman, Alex (USACAC) |
| **Subject:** | For the call today |

For defendant:

Prior to our phone call at 3:30 today, we wanted to send you a proposed modification to your temporary release conditions based on the parties' prior stipulations and the Court's prior orders (specifically CR 140, CR 478, and CR 521).  Also, please let us know if you want us to circulate a dial-in number or you will do so.

Defendant is permitted to travel to the Southern District of New York for the purposes of attending his trial in SDNY Case No. 19 Cr. 374 (JMF) and meeting with his attorneys during the time period from _(start date)_____ to two days following the conclusion of the trial, provided that: (a) defendant is accompanied during his travel from the Central District of California to the Southern District of New York and from the Southern District of New York to the Central District of California at all times by _____ (which can be an approved third-party custodian or a member of the defense team from either the CDCA or SDNY case); (b) While in New York, defendant is permitted to be present at, and travel in between, the airport, his hotel *(or other location approved by Court/PSA)*, the offices of his attorneys, and the federal courthouse for the Southern District of New York, provided he is accompanied by _____ (which can be an approved third-party custodian or a member of the defense team from either the CDCA or SDNY case); (c) defendant provides his flight and hotel *(or other location approved by Court/PSA)* information to the Pretrial Services Agency ("PSA") (and the Court if requested) at least 72 hours prior to any travel; (d) defendant complies with any other conditions imposed by the PSA and previously imposed by this Court in setting defendant's temporary release (CR 140); and, (e) Mr. H. Dean Steward provides confirmation to PSA that defendant's surety consents to permit defendant to travel as set forth above.