UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

- - -

THE HONORABLE JAMES V. SELNA, JUDGE PRESIDING

```
UNITED STATES OF AMERICA,     )CERTIFIED TRANSCRIPT
                 Plaintiff,   )
     vs.                      )
                              )  SACR-19-00061-JVS
MICHAEL JOHN AVENATTI,        )
                 Defendant.   )
------------------------------)
```

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Santa Ana, California

December 16, 2021

SHARON A. SEFFENS, RPR
United States Courthouse
411 West 4th Street, Suite 1-1053
Santa Ana, CA  92701
(714) 543-0870

```
 1   APPEARANCES OF COUNSEL:

 2   For the Plaintiff:

 3   NICOLA T. HANNA
     United States Attorney
 4   BRANDON D. FOX
     Assistant United States Attorney
 5   Chief, Criminal Division
     BENJAMIN R. BARRON
 6   Assistant United States Attorney
     Chief, Santa Ana Branch Office
 7   BRETT A. SAGEL
     Assistant United States Attorney
 8   Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
 9   Santa Ana, CA  92701

10   (714) 338-3598

11   For the Defendant:

12   MICHAEL JOHN AVENATTI, PRO SE

13   H. DEAN STEWARD, ADVISORY COUNSEL
     H. DEAN STEWARD LAW OFFICES
14   107 Avenida Miramar, Suite C
     San Clemente, CA  92672
15   (949) 481-4900

16

17

18

19

20

21

22

23

24

25
```

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

```
                1   SANTA ANA, CALIFORNIA; THURSDAY, DECEMBER 16, 2021; 10:01
                2   A.M.
10:01           3            THE CLERK:  Item No. 1, SACR-19-00061-JVS, United
10:01           4   States of America versus Michael John Avenatti.
10:01           5            Counsel, please state your appearances for the
10:01           6   record.
10:01           7            MR. SAGEL:  Good morning, Your Honor.  Brett Sagel
10:01           8   on behalf of the United States.
10:01           9            MR. AVENATTI:  Good morning, Your Honor.
10:01          10   Defendant Michael Avenatti present with his advisory
10:02          11   counsel, Mr. Steward.
10:02          12            THE COURT:  Good morning.
10:02          13            Let's take up first the issue of modifying the
10:02          14   terms of release.  I'm not prepared to do that.  I made a
10:02          15   finding more than a year ago that Mr. Avenatti was a danger
10:02          16   to the community.  The Ninth Circuit affirmed that finding,
10:02          17   and nothing has changed.  So the Motion to Modify Bail is
10:02          18   denied.
10:02          19            Let's turn to the issue of Mr. Avenatti's
10:02          20   arrangements for the trial in New York.  These are my
10:02          21   thoughts.  I'm prepared to allow him to travel alone so that
10:02          22   the Federal Defender's Office doesn't have to incur
10:02          23   additional expense under the following terms:
10:02          24            One, he is dropped off at the airport by a member
10:03          25   of the defense team and that person observes him going
```

```
10:03   1   through security.  On the other end, somebody from the
10:03   2   defense team meets him at the airport and takes him directly
10:03   3   to the hotel or residence or wherever he is going to be
10:03   4   residing.
10:03   5           The probation officer is to be informed at least
10:03   6   72 hours in advance of what the travel arrangements are, and
10:03   7   the travel is to be nonstop either to Newark, JFK, or
10:03   8   LaGuardia.
10:03   9           I am also going to direct the probation officer to
10:03  10   notify the U.S. Marshal's Office of that itinerary, both
10:03  11   coming and going.
10:03  12           Beyond that, the present terms of release will
10:03  13   control.  He is restricted to the residence, be that a hotel
10:04  14   or an individual residence, the offices of counsel, and the
10:04  15   courthouse.
10:04  16           I think that adequately meets the needs of
10:04  17   Mr. Avenatti and accommodates the economic concerns of the
10:04  18   federal defender in New York.
10:04  19           Thoughts.
10:04  20           MR. AVENATTI:  Your Honor, and those same terms
10:04  21   control as it relates to my ability to travel to
10:04  22   New York before the trial to prepare?
10:04  23           THE COURT:  Are you anticipating more than one
10:04  24   trip?
10:04  25           MR. AVENATTI:  I am anticipating going to New York
```

```
10:04    1    at least once between now and early January and then coming
10:04    2    back and traveling to New York for the trial.
10:04    3              THE COURT:  Does the government have any thoughts?
10:05    4              MR. SAGEL:  I always have thoughts, but I don't
10:05    5    know if they are useful.
10:05    6              THE COURT:  Just as long as they are relevant.
10:05    7              MR. SAGEL:  Not always the standard from what I
10:05    8    have been reading lately.
10:05    9              We will defer to the Court.  I'm aware from what I
10:05   10    have read that there is a reason he can't prepare from here
10:05   11    with his counsel or he couldn't just go a week early.  But I
10:05   12    really don't know their circumstances, so I will defer to
10:05   13    the Court.
10:05   14              THE COURT:  Well, remote preparation just isn't
10:05   15    the same as being there in the room.  I think in fairness to
10:05   16    Mr. Avenatti he needs to be in the room with his defense
10:05   17    counsel in New York.  If that takes a trip in advance, so be
10:05   18    it.  So one trip in advance and one trip for the trial.
10:05   19              MR. AVENATTI:  Understood, Your Honor.
10:06   20              THE COURT:  Okay.  Any questions about the terms
10:06   21    for the travel that I have outlined?
10:06   22              MR. AVENATTI:  No, sir.
10:06   23              MR. SAGEL:  Do you want to put a date certain for
10:06   24    a return post-trial, that he must return within "X" number
10:06   25    of -- one day, two days, after the trial's conclusion?
```

```
10:06   1            THE COURT:  Two days after the trial's conclusion.
10:06   2   I don't allow additional travel for post-trial motions, et
10:06   3   cetera, but at least as far as the trial is concerned, he
10:06   4   comes back within two days of the conclusion of the trial.
10:06   5            MR. SAGEL:  Is Your Honor just going to issue a
10:06   6   minute order with what Your Honor has stated on the record
10:06   7   here today?
10:06   8            THE COURT:  I think it's clear enough in the
10:06   9   record.  If you want to order it --
10:07  10            Do you want to order, Mr. Avenatti, the terms the
10:07  11   Court has set?
10:07  12            MR. AVENATTI:  Your Honor, I agree with you.  I
10:07  13   think the terms are crystal clear as stated on the record.
10:07  14            THE COURT:  Okay.
10:07  15            (Court and clerk conferring)
10:07  16            THE COURT:  Do we need to get the surety to agree
10:07  17   to this?
10:07  18            MR. AVENATTI:  Your Honor, my understanding is the
10:07  19   surety will agree.  Mr. Steward can confirm that and then
10:07  20   confirm with Mr. Sagel if that's acceptable to Your Honor.
10:07  21            THE COURT:  That's fine.
10:07  22            Okay, anything else we should take up for today?
10:07  23            MR. SAGEL:  Going backwards -- I apologize -- I
10:07  24   don't know if Your Honor has said it or not but whether or
10:08  25   not he is at a hotel or residence or so forth, is that being
```

```
10:08   1   provided to Pretrial in advance of each trip?
10:08   2              THE COURT:  Yes, full details of travel and
10:08   3   itinerary, flights, wherever you are going to be at.
10:08   4              MR. SAGEL:  Nothing further, Your Honor.
10:08   5              MR. AVENATTI:  Nothing further.  Thank you, Your
10:08   6   Honor.
10:08   7              THE COURT:  Okay.  Thank you.
10:08   8              (Recess)
10:30   9              THE CLERK:  Recalling Item No. 1,
10:30  10   SACR-19-00061-JVS, United States of America versus Michael
10:30  11   John Avenatti.
10:30  12              Counsel, please state your appearances for the
10:30  13   record.
10:30  14              MR. SAGEL:  Brett Sagel on behalf of the United
10:30  15   States.
10:30  16              THE COURT:  Good morning.
10:30  17              MR. AVENATTI:  Good morning, Your Honor.  Michael
10:30  18   Avenatti present with advisory counsel, Mr. Steward.
10:30  19              THE COURT:  Good morning.
10:30  20              Is there anything else the parties want to take
10:30  21   up?
10:30  22              MR. AVENATTI:  Your Honor, this is my mistake in
10:30  23   not raising it earlier.  I apologize for the inconvenience
10:30  24   to the Court and Mr. Sagel.
10:30  25              As the Court is aware, I am a party to various
```

```
10:30   1   civil lawsuits, and I am also a third-party witness in
10:30   2   connection with various cases.  One or more parties wish to
10:30   3   take my deposition here in the Central District.  I want to
10:30   4   confirm with the Court that it's acceptable for me to sit
10:30   5   for a deposition in the Central District either in person or
10:30   6   by Zoom provided that I am accompanied by a member of the
10:31   7   defense team at all times.  I am asking out of an abundance
10:31   8   of caution.
10:31   9              THE COURT:  I appreciate that.  Thank you for
10:31  10   having the foresight to do that.
10:31  11              If you are accompanied by a member of the defense
10:31  12   team, that's fine.  If you are present via Zoom, that's
10:31  13   fine, too.
10:31  14              MR. AVENATTI:  Again, when it comes to my bail,
10:31  15   Your Honor, I'm super careful.
10:31  16              THE COURT:  I understand.  I appreciate that.
10:31  17              MR. AVENATTI:  So I can go to another location in
10:31  18   the Central District if I am accompanied by a member of the
10:31  19   defense team, and if I am in the residence, I don't need a
10:31  20   member of the defense team present with me?
10:31  21              THE COURT:  Correct.
10:31  22              MR. AVENATTI:  Thank you, sir.
10:31  23              THE COURT:  Okay.
10:31  24              Does the government have any comments?
10:31  25              MR. SAGEL:  Not on that, but I understand the
```

```
10:31   1    terms are clear for those of us sitting in the courtroom.
10:31   2    Pretrial Services and the United States Marshal's are not
10:31   3    here.  So I would ask one of two things if it's possible,
10:32   4    that either a minute outlining what you said or if the Court
10:32   5    could provide a transcript of the hearing to Pretrial
10:32   6    Services so they understand --
10:32   7              THE COURT:  Mr. Avenatti, would you present an
10:32   8    order, please?
10:32   9              MR. AVENATTI:  Yes.
10:32  10              THE COURT:  Okay.  Thank you.
10:32  11              (Whereupon, the proceedings were concluded.)
10:32  12                            *    *    *
10:32  13
10:32  14
10:32  15
10:32  16
10:32  17
10:32  18
10:32  19
10:32  20
10:32  21
10:32  22
10:32  23
10:32  24
10:32  25
```

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

**CERTIFICATE**

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date: December 20, 2021

/s/   Sharon A. Seffens   12/20/21
_____
SHARON A. SEFFENS, U.S. COURT REPORTER