Michael John Avenatti (Pro Se)

H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 497-6753

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER PERMITTING THE PRIVILEGE REVIEW TEAM TO PROVIDE MATERIALS TO DEFENDANT |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti"), by and through his advisory counsel of record, H. Dean Steward, hereby files this *Ex Parte* Application for an Order Permitting the Privilege Review Team to Provide Materials to Defendant. The defendant and the Privilege Review Team (AUSA Patrick Fitzgerald and IRS-CI Nshan Tashchyan) conferred by telephone, and the Privilege Review Team did not voice any objection to this request and stated that they do not take any formal position on this *ex parte* application. The prosecutors oppose the relief.

Dated: January 14, 2022        Respectfully submitted,

                                                /s/ Michael John Avenatti
                                                MICHAEL JOHN AVENATTI

# DECLARATION OF MICHAEL J. AVENATTI

I, Michael J. Avenatti, declare:

1. I am the defendant in this case and appearing *pro se*. I make this declaration in support of the Defendant's Application for an Order Permitting the Privilege Review Team to Provide Materials to Defendant.

2. As the Court is aware, cost, expense and advance financial data relating to the clients of Eagan Avenatti, LLP was generally stored in two programs on the servers for the law firm[1] – "Tabs3" and "QuickBooks." Further, the servers also stored client folders, containing other relevant information, in a program called "FileSite." The servers were seized by the government in the Spring of 2019. The failure of the government to produce certain of the financial data led this Court to declare a mistrial in August 2021. [Dkt. 780].

3. The defendant and the Privilege Review Team are presently working cooperatively with technical specialists from Software Technology, LLC, the makers of Tabs3 software, to access the data relating to the various charges in the indictment from the government's forensic copy of the servers. It is expected that this process will be complete within the next fifteen days.

---

[1] The servers total approximately 19.86 terabytes, which equals approximately twice the amount of information stored in the Library of Congress. *See, e.g., Schwartz v. United States*, 828 Fed.Appx. 628, 634 n. 3 (11th Cir. 2020):

> According to the conversion rate found in *McNulty v. Reddy Ice Holdings, Inc.*, 3 terabytes would equal approximately 660 million pages of "printed text." 271 F.R.D. 569, 570 n.1 (E.D. Mich. 2011). Without delving into the distinctions between "plain" text and "printed" text, let's just say a terabyte is more than a little information. Three terabytes would hold 3,000 copies of the Encyclopedia Britannica, or 30% of the printed collection of the Library of Congress. *United States v. Salyer*, Cr. No. S-10-0061-LKK, 2011 WL 1466887, at *1 n.2 (E.D. Cal. Apr. 18, 2011) (quotation omitted), *report and recommendation adopted*, Cr. No. S-10-061-LKK, 2011 WL 1811211 (E.D. Cal. May 12, 2011).

4.  The defendant recently learned that critical financial information relating to defendant's prior representation of Stephanie Clifford (a/k/a Stormy Daniels) is included within the Tabs3 data. Defendant is also aware that folders containing significant information relating to defendant's prior representation of Ms. Clifford is stored within four folders within the FileSite data stored on the servers (the "Clifford Folders").

5.  In September 2019, defendant requested that the government (the Privilege Review Team) provide defendant access to the Clifford Folders within FileSite. [Dkt. 902]. The government did not provide the data. *See Id.*

6.  In September 2021, this Court ordered the government to provide a complete forensic copy of the servers to defendant. [Dkt. 817]. The government complied. Due to technical issues and despite considerable time and effort, however, defendant's computer expert has been unable to access the Tabs3 data relating to Ms. Clifford and the Clifford Folders from defendant's forensic copy of the servers. Defendant requires this information for his defense in the upcoming trial in *United States v. Avenatti*, 19-cr-374 (JMF)(SDNY), which is scheduled to begin on January 24, 2022, and in order to respond to a subpoena recently issued by the prosecutors in the Southern District of New York.[2]

7.  During a recent telephonic meet and confer, the Privilege Review Team informed defendant that it did not have an objection to (a) defendant accessing the Tabs3 data from their forensic copy at the same time the other data is extracted with the assistance of Software Technology, LLC and (b) providing defendant with the Clifford Folders from their copy, provided this Court issues an order permitting them to do so.

---

[2] At the request of the government, Ms. Clifford previously waived the attorney-client privilege in writing.

2

8. The prosecution's position, which is incorrect and inaccurate for the reasons set forth in paragraph 9 below, is as follows: "Discovery issues relating to Stephanie Clifford are matters for Judge Furman and the prosecutors handling <u>U.S. v. Avenatti</u>, CR 19-374-JMF (S.D.N.Y.). Neither the prosecution team nor the PRT in this district has access to materials pertaining to Clifford, which are outside the scope of the original search warrant. Discovery issues relating to Clifford are not relevant to the case pending in this district, and this Court is without jurisdiction to address them. In the event that defendant requests an order from the Court in this district regarding discovery related to Clifford, and the Court in this district entertains the request, any order to provide the materials should require that they are produced both to defendant and the prosecution team in the Southern District of New York. We understand that, to the extent the PRT 'voiced no objection,' it is because the PRT takes no position on the request and defers to the Court."

9. The prosecution is wrong. *First*, the PRT is under the authority of this Court, not the Court in the Southern District of New York. *Second*, the PRT and the investigative team do have access to materials relating to Ms. Clifford. The search warrant (19-MJ-419, Attachment B, ¶12) specifically provides access to the financial data: "Such documents and/or data will be maintained under seal by the investigating agency without further review as set forth in paragraphs 7 and 10 above absent subsequent authorization from the Court. *This provision, however, shall not preclude the Privilege Review Team or Investigation Team from reviewing financial and accounting records covered by paragraphs 1.d, 1.f, 1.g, and 1.r above, which references the representations of Ms. Clifford* or Ms. Swetnick." This is why the financial data relating to Ms. Clifford was never segregated and was included in Quickbooks and the banking data that was routinely accessed by the investigative team and the prosecutors in this case and provided to government expert John Drum and others at his company. If the

government's current position, that they had no right to access this date, is accurate, then they repeatedly violated the terms of the search warrant in connection with this prosecution, which raises a host of other serious issues. *Third*, the PRT has already confirmed that the Clifford Folders are readily available for copying and can be promptly produced to defendant. *Fourth*, the government consented, in September 2021, to turnover a copy of the servers to defendant. And did so in mid-September. The only reason his computer expert cannot access the data from defendant's copy is due to technical difficulties. *Fifth*, the information in the Clifford Folders contains work product belonging to defendant and therefore cannot wholesale be turned over to the prosecutors in New York. As the Court is aware, work product protection cannot be waived by the client under California law because the privilege belongs to the attorney (here, defendant).

10. Accordingly, defendant respectfully requests that the Court issue the proposed order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  January 14, 2022

/s/ Michael John Avenatti
MICHAEL JOHN AVENATTI

4

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254, Newport Beach, California 92660. I am not a party to the above-entitled action. I have caused, on January 14, 2022, service of the:

DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER PERMITTING THE PRIVILEGE REVIEW TEAM TO PROVIDE MATERIALS TO DEFENDANT

on the following party, using the Court's ECF system:

AUSA RANEE KATZENSTEIN and AUSA BRETT SAGEL

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 14, 2022

                                                    /s/ H. Dean Steward
                                                    H. Dean Steward