TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RANEE A. KATZENSTEIN (Cal. Bar No. 187111)
Assistant United States Attorney
Chief, Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2432
    Facsimile: (213) 894-6269
    Email: Ranee.Katzenstein@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
    Ronald Reagan Federal Building
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3598
    Facsimile: (714) 338-3708
    Email: Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION FOR AN ORDER PERMITTING THE PRIVILEGE REVIEW TEAM TO PROVIDE MATERIALS TO DEFENDANT (CR 903) |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Ranee A. Katzenstein, hereby submits the following opposition to

defendant's *ex parte* application for an Order permitting the Privilege Review Team to provide materials to defendant (CR 903).

    This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: January 19, 2022        Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


      /s/
BRETT A. SAGEL
RANEE A. KATZENSTEIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Despite having a copy of the EA servers since September 2021 and having an upcoming trial in the Southern District of New York relating to a client who is not at issue in the case pending in this district (Stephanie Clifford), *United States v. Avenatti*, 19-00374-JMF (S.D.N.Y.) ("SDNY matter"), on January 14, 2022, defendant filed an *ex parte* application in this district related to material potentially relevant to the SDNY matter, after jury questionnaires had already been completed in the SDNY matter. Defendant filed numerous pre-trial motions and raised numerous other issues at various hearings in his SDNY matter, but only decided to seek "relief" in this district at the last minute and notwithstanding the fact that the issue he raises pertains to the case pending before the Honorable Jesse M. Furman, District Court Judge in the Southern District of New York, and not to the case pending here. This Court is without jurisdiction to address discovery issues in the SDNY matter, which are properly presented to the judge presiding over that matter. The Court should reject defendant's current application, which defendant can present to Judge Furman to determine whether defendant is entitled to any relief.

### II. ARGUMENT

Defendant's current application is not only filed at the eleventh hour, but it also presents misleading and inaccurate information to the Court. Moreover, defendant's declaration further establishes why the issue he seeks to present to this Court should be presented to Judge Furman in the SDNY.

First, defendant's application is completely silent on why -- if the material is "critical" as defendant claims (CR 903 at 2) -- he waited four months to seek assistance from the government (and/or the Court) to obtain it. Although defendant claims his computer expert encountered "technical issues" and spent "considerable time and effort" on the matter (*id.*), there is no declaration from said expert or any information from the expert supporting said claim from defendant. Defendant's tactical decision does not create an emergency for this Court to address what should have -- and easily could have -- been addressed by Judge Furman over the last four months.[1]

Second, defendant claims he needs the information for his defense and to respond to a subpoena recently issued by the government in the SDNY matter. (*Id.*) The government in this case has limited knowledge of the SDNY matter, but from its understanding, there has been considerable litigation regarding the scope of the evidence to be introduced as well as litigation regarding the subpoena and its requirements. For these reasons as well, the Court should require defendant to raise this issue with Judge Furman who can properly assess what is required based on prior rulings in that case.

Further, defendant's presentation of this issue to this Court rather than to Judge Furman risks inconsistent rulings. It also

---

[1] As Judge Furman noted in a minute order issued on January 7, 2022, "Defendant has had the servers since September 2021. Although the volume of materials on the servers may be large, four months is ample time to prepare for trial . . given, among other things, Defendant's own knowledge of what is on the servers and the tools available to search and review electronic data." (DKT No. 213 in SDNY matter).

2

1 affords defendant an opportunity for gamesmanship.  Indeed, the
2 government understands that defendant (through counsel in the SDNY
3 matter) stated that any materials defendant would receive from the EA
4 servers would be produced to the government as well, but defendant's
5 current application specifically states to the contrary: "the
6 information in the Clifford Folders contains work product belonging
7 to defendant and therefore cannot wholesale be turned over to the
8 prosecutors in New York."  (CR 903 at 4.)
9     Third, defendant's application includes misleading and false
10 statements about the PRT and the search warrant to support his
11 efforts to persuade this Court to issue his proposed order.  For
12 example, defendant, citing paragraph 12 of the search warrant's
13 Attachment B, claims "the PRT and the investigative team do have
14 access to the materials related to Ms. Clifford," and points to
15 financial documents and data relating to Ms. Clifford produced in
16 discovery.  The warrant specifically provided that the exclusion of
17 material relating to Ms. Clifford exempted certain financial data --
18 as defendant is facing a host of tax related offenses, but
19 specifically excludes other materials relating to Ms. Clifford (19-
20 mj-419, Doc 4 ¶¶ 1.p, 12).[2]  Ms. Clifford's FileSite folders clearly
21 would not fall within the warrant, but defendant ignores this fact
22 and attempts to conflate all the Clifford material in his request.

---

[2] Paragraph 1.p. of Attachment B includes the following (emphasis added): "Records, documents, programs, applications, or materials from January 2011 through March 25, 2019, relating to attorneys' fees or costs earned or collected by EA LLP, A&A, and/or AVENATTI, including attorney-client fee contracts, engagement letters, fee agreements, cost-sharing agreements, fee-sharing agreements, settlement agreements, and client billing records, **but excluding any such records relating to the representations of Stephanie Clifford or Julie Swetnick.**"

Moreover, defendant cites to correspondence he had with the PRT in September 2019 (CR 903 at 2), that he just filed two days prior to this application, but conspicuously leaves out the letter referenced in the correspondence detailing why the PRT would not produce the Stephanie Clifford folders (CR 902 at 15). Defendant has known for well over two years of the folders' existence, yet made no effort in his SDNY matter or before this Court to gain any access.

Finally, defendant's claim that the PRT does not have an objection (*id.* at 2), is misleading at best. The prosecution team understands that the PRT team told defendant that they have no authority to provide such material and can only act upon court authority. Taking no position because they have no real authority to do so is hardly "having no objection."[3]

**III. CONCLUSION**

This Court should deny defendant's request and require defendant to seek relief, if he chooses, in the Southern District of New York.

---

[3] Defendant's application and proposed order seeks an order that the PRT "is permitted to provide" the materials sought by defendant; the PRT will not provide anything short of a court order requiring it to do so.

4