TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RANEE A. KATZENSTEIN (Cal. Bar No. 187111)
Assistant United States Attorney
Chief, Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2432
     Facsimile: (213) 894-6269
     Email: Ranee.Katzenstein@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone:  (714) 338-3598
     Facsimile:  (714) 338-3708
     Email:      Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-061-JVS |
|---|---|
| Plaintiff, | GOVERNMENT'S *EX PARTE* APPLICATION FOR AN ORDER PERMITTING THE PROSECUTION TEAM TO RECEIVE THE SEPTEMBER 2019 CORRESPONDENCE BETWEEN DEFENDANT AND THE PRIVILEGE REVIEW TEAM; DECLARATION OF BRETT A. SAGEL |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |
| | [PROPOSED ORDER LODGED HEREWITH] |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Ranee A. Katzenstein, hereby files this ex parte application for an

order permitting the Prosecution Team to receive the September 2019 correspondence between defendant and the Privilege Review Team ("PRT").

On January 12, 2022, without explanation or prior consultation with either the Prosecution Team or the PRT, defendant publicly filed a notice of filing correspondence from the government dated September 5, 2019 and September 19, 2019, which included a letter (and enclosures) and an email from the PRT to defendant. (CR 902.) These communications addressed defendant's request for certain folders on the EA servers, including six folders that the PRT did not produce. Defendant's filing did not include defendant's communication requesting the folders, to which the government's email on September 19, 2019, responded, or the letter the PRT sent to defendant the following day, in which the PRT explained why it was not producing the six folders that had been requested.

Defendant may attempt to rely on the correspondence he filed on January 12, 2022, in support of any arguments he presents in his reply brief in his currently pending appeal from this Court's denial of his motion to dismiss. Defendant's reply brief is due to the Ninth Circuit on January 28, 2022.[1] By this application, the government asks the Court to permit the Prosecution Team to obtain from the PRT the complete correspondence between defendant and the PRT regarding defendant's request for the six folders so that the

---

[1] Any attempt by defendant to rely in his appeal on the correspondence he filed on January 12, 2022, would be inappropriate because that correspondence was not part of the record at the time of the decision being appealed. The government reserves its right to object to any citation of this correspondence and, in the event that a motion to expand the record is granted, to argue that that the record should include the complete correspondence.

2

government may ensure that the record is not incomplete or misleading.[2] Specifically, the government seeks an Order from the Court permitting the PRT to provide the Prosecution Team with defendant's communication to the PRT requesting specific folders and the letter of explanation the PRT sent defendant, both of which are referenced in the September 19, 2019, email (CR 902 at 15).

This application is based upon the attached Declaration of Brett A. Sagel, the records and files in this case, and such further evidence and argument as may be received by the Court.

Defendant opposes this application.

Dated: January 21, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

         /s/
BRETT A. SAGEL
RANEE A. KATZENSTEIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

---

[2] The government is not seeking all communications between defendant and the PRT, only those related to and referenced in the communications that defendant put in the public record.

3

DECLARATION OF BRETT A. SAGEL

I, Brett A. Sagel, declare as follows:

1. I am an Assistant United States Attorney ("AUSA") for the Central District of California. Together with AUSA Ranee A. Katzenstein, I represent the government in United States v. Michael John Avenatti, SA CR 19-061-JVS. I have personal knowledge of the facts set forth below and could testify competently thereto.

2. I make this declaration in support of the government's ex parte application for an order permitting the prosecution team to receive the complete September 2019 correspondence between defendant and the privilege review team ("PRT"). Specifically, the government seeks an Order from the Court permitting the PRT to provide the prosecution team with defendant's communication to the PRT requesting specific folders and the letter of explanation the PRT sent defendant, both referenced in the September 19, 2019, email (CR 902 at 15).

3. On January 12, 2022, without explanation or prior consultation with either the Prosecution Team or the PRT, defendant publicly filed his "notice of filing correspondence from the government dated September 5, 2019 and September 19, 2019," which included a letter (and enclosures) and an email from the PRT to defendant. (CR 902.) Defendant's filing, however, omitted defendant's communication requesting the folders to which the email on September 19, 2019, responded, as well as the letter from the PRT to defendant sent the following day with the explanation for not producing six folders (also referenced in the September 19, 2019, email).

4. Because defendant previously argued that his filing of an interlocutory appeal divested the district court of jurisdiction (CR 861), the government believes defendant's filing on January 12, 2022, was made in preparation for, and to be cited in, his reply brief before the Ninth Circuit, which is due on January 28, 2022. The government maintains that it would be inappropriate for defendant to cite in his appeal the correspondence he filed on January 12, 2022, which was not part of the record at the time of the decision that is the subject of defendant's appeal. If, however, defendant does attempt to expand the record, the government believes the record should include all of the related correspondence so that the record is complete and not misleading. The government is <u>not</u> seeking all communications between defendant and the PRT, only those related to and referenced in the communications that defendant has publicly filed in the record of this case.

5. On January 19, 2022, the undersigned sent defendant an email (through his advisory counsel and paralegal) asking defendant to provide the additional communication to the government or to let the government know if he objected to the PRT providing the Prosecution Team with the communication (and if he objected, any basis for his objection). The following day, defendant provided the following response: "I object for the reasons previously stated on the record." Based on defendant's response, the government advised defendant that it would be filing this <u>ex parte</u> application to obtain any additional correspondence relating to the September 2019 communications that defendant filed and sought his position to include in the application.

2

6. On January 20, 2022, defendant provided the following as his position: "The government waited to file its *ex parte* application until the defendant, who is pro se in this matter, was in trial in the Southern District of New York. The government did so while also failing to disclose the purpose behind the application (i.e., why the prosecution team is demanding the correspondence at this juncture). The defendant opposes the application and will file a written opposition pursuant to the rules of the Court."

7. This application is not made for purposes of tactical advantage, but is being filed now because defendant only filed the correspondence at issue last week and his reply brief to which the filed correspondence likely relates is due next week. The government sought to resolve this issue with defendant without needing to present it to the Court. Defendant has yet to provide the government with any specific objections explaining why the Prosecution Team should not have the related communications referenced in his public filing. Notwithstanding that defendant is in trial in New York, he has been able to respond timely on two separate occasions to the government's request. Defendant also has sent the government several emails and filed motions in this matter since voir dire began in his New York trial -- including a motion to strike this week (CR 907) -- and has stated that he will file a written opposition pursuant to the rules.

///

3

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed at Santa Ana, California on January 21, 2022.

                                          /s/
                                  BRETT A. SAGEL

4