Michael John Avenatti (Pro Se)

H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 706-9994
Email: DeanSteward7777@gmail.com

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | SA CR No. 19-CR-061-JVS<br><br>DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S EX PARTE APPLICATION FOR AN ORDER PERMITTING THE PROSECUTION TEAM TO RECEIVE THE SEPTEMBER 2019 CORRESPONDENCE BETWEEN DEFENDANT AND THE PRIVILEGE REVIEW TEAM |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his advisory counsel of record, H. Dean Steward, hereby files his Opposition to the Government's Ex Parte Application for an Order Permitting the Prosecution Team to Receive the September 2019 Correspondence between Defendant and the Privilege Review Team. Based on the following, Mr. Avenatti asks that the Court deny the government's request.

Dated:  January 22, 2022          Respectfully submitted,

                                  /s/ Michael J. Avenatti

                                  Defendant
                                  MICHAEL JOHN AVENATTI

On January 21, 2022, the government filed an *ex parte* application seeking an Order allowing the Privilege Review Team ("PRT") to provide the prosecution team with September 2019 correspondence between the PRT and defendant. [Dkt. 910]. According to the prosecution, this application was prompted by Mr. Avenatti's Notice of Filing on January 12, 2022. [Dkt. 902].[1] The government requests the following materials: (1) communication by the defense to the PRT requesting specific folders and (2) a letter of explanation the PRT sent defendant.

Based on the following, Mr. Avenatti's objects to the government's request and asks that the Court deny the government's *ex parte* application.

First, the government's request does not support relief on an *ex parte* basis. The Court's individual rules, describe "Ex Parte applications are for <u>extraordinary relief only</u>." Hon. James. V. Selna, *Judge's Procedures, No. 6* (emphasis added).[2] On January 12, 2022, Mr. Avenatti filed the correspondence between the defense and the PRT that allegedly prompted the government's application. Seven (7) days later, on January 19, 2022, the government contacted the defense for the first time and asked for a copy of the correspondence without any explanation for its request other than, "You did not include that correspondence in your filing." The government made no reference to the instant application. On January 20, 2022, defendant informed the government he objected to the release of the communications. On January 20, 2022, the government again requested the correspondence and indicated it would be filing an *ex parte* with the Court. Again, the prosecution provided no explanation for why it sought these materials.

The government waited until ten (10) days after Mr. Avenatti filed the relevant correspondence between the PRT and the defense to file its *ex parte* application. The

---

[1] The purpose of the January 12, 2022 filing was to allow for Mr. Avenatti to use a portion of the filed correspondence in his Ninth Circuit reply brief that is due on January 28, 2022.

[2] On January 18, 2022, three days prior to the government's filing, the prosecution objected to defendant's *ex parte* application on this basis. *See* Dkt. 904, p. 6 ("The government objects to proceeding by way of <u>ex parte</u> application because the Court's procedures state that 'Ex Parte applications are for extraordinary relief only'…").

government argues that the *ex parte* basis is necessary because "his reply brief to which the filed correspondence likely relates is due next week." *See*, Dkt. 910, *Declaration*, p. 2. The government does not explain why <u>the government</u> would need correspondence for <u>defendant's</u> reply brief, especially seeing as the government has no right to file a sur reply in the Ninth Circuit. Further, if the relief requested was truly urgent, why did the government wait ten (10) days to make the instant filing? The prosecution team was well aware that Mr. Avenatti, who is proceeding *pro se* in the instant matter, has been engaged with trial proceedings in the Southern District of New York. *See*, Dkt. 904. In an effort to gain a tactical advantage against Mr. Avenatti, the government filed its application the Friday before opening statements were scheduled to begin in the Southern District of New York on January 24, 2022.

<u>Second</u>, the correspondence the government seeks will not resolve any ambiguities or cure any misrepresentations related to Mr. Avenatti's Ninth Circuit reply brief due on January 28, 2022. In the government's answering brief before the Ninth Circuit, it made many false statements regarding the prosecution team's access to the Eagan Avenatti servers and claimed that the PRT was not part of the investigation of Mr. Avenatti. The September 5, 2019 letter from PRT AUSA Woodring is one of many examples of the PRT and the prosecution team working in unison. Specifically, this letter establishes that the PRT was provided with the prosecution team's witness interviews to facilitate the search of the EA servers. Defendant does not intend on making any references in his reply brief to the enclosures or other correspondence sought by the government. Accordingly, the government has no need for the letter it references, which was sent in response to a different issue entirely.

<u>Third</u>, Mr. Avenatti objects to the release of the communications sought by the government because the PRT is supposed to be independent from the prosecution team and engage in protected communications with the defense. The prosecution team and the PRT have repeatedly claimed that the PRT was responsible for performing a privilege

analysis to determine whether materials should be provided to the defendant or to both the defense and the prosecution team. *See, e.g.,* Tr. (8/24/21, Vol. 1, p. 42) ("[t]he Privilege Review Team really had two tasks…taking the material that was found and determining what the privilege consequences were and sending it to the Prosecution Team or sending it to the defense."); Gov Answer Brief [Ninth Circuit Dkt. 35, p. 12] ("[F]or the government, there were two steps to the filter process: a relevance/scope review and a privilege review. Only materials that passed through both filters were produced to the prosecution team."). The purpose of the PRT is to work with the defendant to resolve confidentiality concerns regarding former clients and protect materials covered by the attorney-client privilege and work product doctrine. The prosecution has no compelling need to obtain these materials.[3]

      <u>Finally</u>, the government seeks an Order from this Court that would disclose defendant's trial strategy and work product, which are privileged. At its core, "the work-product doctrine shelters the mental processes of the attorney, providing it a privileged area within which he can analyze and prepare his client's case, and protects both material prepared by agents for the attorneys as well as those prepared by the attorney himself." *United States v. Sanmina Corp, & Subsidiaries*, 968 F.3d 1107, 1112 (9th Cir. 2020).

      The government asks that this Court allow for the PRT to provide the prosecution with the "communications [that] addressed defendant's request for certain folders on the EA servers…" [Dkt. 910, p. 2]. If the prosecution team is alerted to what materials the defense requested, the government will improperly be provided insight into Mr. Avenatti's trial strategy and what documents he identified as crucial in fashioning his defense. *See, e.g., United States v. Ramos*, 2014 U.S. Dist. LEXIS 131778, at *13 (C.D.

---

[3] The prosecution team has also ignored defendant's repeated requests for the prosecution team to submit their communications with the PRT in-camera for the Court to determine what the prosecution team sought access to on the servers and what the prosecution team actually had in their possession. *See, e.g.,* Dkt. 760. If defendant is not entitled to these materials, it is difficult to understand how the prosecution team could be entitled to the materials it seeks in the application.

3

Cal. 2014) (finding that "cases support defense counsel's assertion that an attorney's selection of documents may disclose trial strategy"); *citing Sporck v. Peil*, 759 F.2d 312 (3d Cir. 1985); *See also*, *James Julian, Inc., v. Raytheon Co.,* 93 F.R.D. 138, 144 (D. Del. 1982) ("In selecting and ordering a few documents out of thousands counsel could not help but reveal important aspects of his understanding of the case."). Mr. Avenatti's selection of documents and requests made to the PRT are defense work-product and cannot be disclosed to the prosecution.

      For each of the above reasons, the government's application should be denied.

Dated: January 22, 2022          Respectfully submitted,

        /s/ Michael J. Avenatti

        Defendant
        MICHAEL JOHN AVENATTI

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California. I am not a party to the above-entitled action. I have caused, on January 22, 2022 service of the:

DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S EX PARTE APPLICATION FOR AN ORDER PERMITTING THE PROSECUTION TEAM TO RECEIVE THE SEPTEMBER 2019 CORRESPONDENCE BETWEEN DEFENDANT AND THE PRIVILEGE REVIEW TEAM

on the following party, using the Court's ECF system:

AUSA BRETT SAGEL AND AUSA RANEE KATZENSTEIN

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 22, 2022

/s/ H. Dean Steward
H. Dean Steward