TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RANEE A. KATZENSTEIN (Cal. Bar No. 187111)
Assistant United States Attorney
Chief, Major Frauds Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2432
Facsimile: (213) 894-6269
Email: Ranee.Katzenstein@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
Ronald Reagan Federal Building
411 West Fourth Street, Suite 8000
Santa Ana, California 92701
Telephone: (714) 338-3598
Facsimile: (714) 338-3708
Email: Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL JOHN AVENATTI,

Defendant.

SA CR No. 19-061-JVS

GOVERNMENT’S STATUS REPORT RE: (1) DENIAL OF DEFENDANT’S APPEAL OF THE COURT’S ORDER DENYING DEFENDANT’S MOTION TO DISMISS (CR 838) AND (2) MATTERS PERTAINING TO THE RESUMPTION OF TRIAL PROCEEDINGS; REQUEST FOR STATUS CONFERENCE TO SET DATE FOR RETRIAL

Proposed Status Conference Date: May 9, 2022

On March 16, 2022, the Court of Appeals for the Ninth Circuit issued its decision denying defendant Michael J. Avenatti’s appeal from this Court’s denial of his motion to dismiss the indictment.

(C.A. No. 21-50225, Entry 51.) Defendant filed a petition for rehearing and rehearing *en banc* on March 30, 2022. (*Id.* Entry 52.) The petition was rejected on April 26, 2022, and the mandate is set to issue on May 3, 2022. (*Id.* Entry 54; Fed. R. App. P. 41(b).)

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Ranee A. Katzenstein, now files this status report regarding matters that were pending when defendant filed his notice of appeal to assist the Court to resume trial proceedings expeditiously. The government requests that the Court schedule a status conference on May 9, or as soon thereafter as is convenient for the Court, so that a trial date may be set and the retrial may begin as soon as possible.

Dated: April 29, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

/s/
BRETT A. SAGEL
RANEE A. KATZENSTEIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**GOVERNMENT'S STATUS REPORT**

## I. PROCEEDINGS IN THE COURT OF APPEALS

On March 16, 2022, the Court of Appeals for the Ninth Circuit filed and entered a memorandum opinion affirming this Court's denial of defendant's motion to dismiss all counts of the indictment due to double jeopardy, prosecutorial misconduct, contempt of this Court's January 25, 2021, order, and violations of defendant's right to due process. (Dkt. No. 917; CA No. 21-50225, Entry 51.) On March 30, 2022, the last day of the period in which a petition for rehearing could be filed, defendant filed such a petition and a petition for rehearing *en banc.* (CA No. 21-50225, Entry 52.) *See* Fed. R. App. P. 40, 35. The Court of Appeals denied the petitions on April 26, 2022. (CA No. 21-50225, Entry 54.) Accordingly, the mandate is set to issue on May 3, 2022. *See* Fed. R. App. P. 41 ("The court's mandate must issue . . . 7 days after entry of an order denying a timely petition for panel rehearing, petition for hearing *en banc*, or motion for stay of mandate, whichever is later.").[1]

## II. PROCEEDINGS IN THIS COURT

At the time defendant filed his notice of appeal on October 12, 2021 (Dkt. No. 852), and the Court found it was divested of jurisdiction (RT 10/15/21 at 4), the following matters were pending before this Court.

### A. Trial Dates

On September 2, 2021, the Court found excludable time and continued the trial on counts 1 to 10 to November 2, 2021, and the trial on counts 11 to 36 to May 10, 2022. (Dkt. No. 804.)

---

[1] In the unlikely event issuance of the mandate is delayed or stayed, the status conference can be continued or vacated.

On October 15, 2021, after considering the parties' briefs regarding jurisdiction, the Court found that it "does not have jurisdiction given the interlocutory appeal." (Dkt. No. 866; RT 10/15/21 at 5.) The Court vacated the November 2, 2021, trial date and all pretrial dates, and vacated "all pending motions to be re-noticed once jurisdiction is restored to the Court." (*Id.*) Although the Court did not state explicitly that the May 10, 2022, trial date for counts 11 to 36 was also vacated, the Court stated that it was "divested of jurisdiction by virtue of the Notice of Appeal" and, again, "divested of jurisdiction" with respect to "any substantive issues" (RT 10/15/21 at 4, 18) and thus implicitly vacated the May 10, 2022, trial date as well as the November 2, 2021, trial date because defendant's appeal sought dismissal of the entire indictment, not just the counts at issue in the first trial. (CA No. 21-50225, Entry 29.)

The Speedy Trial Act provides that, "[i]f the defendant is to be tried again following an appeal [], the trial shall commence within seventy days from the date the action occasioning the retrial becomes final . . ." 18 U.S.C. § 3161(e). Here, the action occasioning the retrial will become final when the mandate is issued. Accordingly, if the mandate is issued on May 3, 2022, the retrial must commence by July 12, 2022, unless the Court finds excludable time. At the October 15, 2021, hearing, the Court stated that, once jurisdiction is returned to this Court, "we're going to move forward very promptly to a new trial." (RT 10/15/21 at 17.)

The government hereby notifies the Court that the government is ready to proceed to trial and respectfully asks the Court to set a date as soon as possible for the retrial on counts 1-10. If the

parties are unable to agree on a new date to propose for the trial of counts 11-36, the government will submit an *ex parte* application to set a trial date for those counts along with proposed findings regarding excludable time.

**B. Pending Motions *in Limine***

The following motions *in limine* were pending when defendant filed his notice of appeal. As described below, three of these motions have already been fully briefed. The government requests that the Court set a schedule for the filing of any remaining briefs regarding these motions and a hearing on the motions.

*a. Motion to Exclude Evidence and Argument Related to the First Trial, the Mistrial, and the Reasons for the Mistrial (Dkt. No. 830)*

The government filed a motion *in limine* to exclude evidence and argument related to the first trial, the mistrial and the reasons for the mistrial pursuant to Federal Rules of Evidence 401, 402, and 403. (Dkt. No. 830). Defendant filed an opposition. (Dkt. No. 840). The government filed a reply. (Dkt. No. 854).

*b. Motion to Limit Cross-Examination (Dkt. No. 831)*

The government filed a motion *in limine* to limit cross-examination pursuant to Federal Rules of Evidence 611 and 403. (Dkt. No. 831). Defendant filed an opposition. (Dkt. No. 836). The government filed a reply. (Dkt. No. 856).

*c. Motion to Exclude Questions, Evidence and Arguments about Andrew Stolper (Dkt. No. 832)*

The government filed a motion *in limine* to exclude questions, evidence and argument about Andrew Stolper pursuant to Federal Rules of Evidence 401, 402, and 403. (Dkt. No. 832). Defendant sought additional time to respond to this motion, and the Court ordered

defendant to file any opposition by October 18, 2021. (Dkt. No. 837.) No opposition had been filed at the time the Court vacated the pending motions on October 15, 2021.

*d. Motion to Exclude Expert Testimony of John Drum and Request for a Daubert Hearing (Dkt. 833)*

Defendant filed a motion to exclude the expert testimony of John Drum pursuant to Federal Rules of Evidence 702 and 703, exclude summaries that had been offered by the government in the first trial under Rule 1006, and for a *Daubert* hearing. (Dkt. No. 833.) The government filed an opposition. (Dkt. No. 843.) Defendant filed a reply. (Dkt. No. 849.)

*e. Motion to Admit Government Trial Exhibits that the Court Previously Admitted in the First Trial (Dkt. 845)*

The government filed a motion seeking a ruling pursuant to the Court's inherent authority and Federal Rule of Evidence 611 that all exhibits admitted at the first trial are admissible at the second trial with the same witnesses without further foundational questions. (Dkt. No. 845.) Defendant filed an opposition. (Dkt. No. 848.) The government's reply was due on October 20, 2021 (Dkt. No. 847), but the Court vacated the pending motions prior to the government filing its reply. The government is filing its reply simultaneously with the filing of this status report.

**C. Tabs Data**

On August 24, 2021, this Court granted defendant's motion for a mistrial because the government had not provided accounting data from a "Tabs" program on the Eagan Avenatti LLP ("EA LLP") servers to defendant. (Dkt. No. 780.) The Court found no misconduct on the part of the Prosecution Team or the Taint Team but found that the

data was material under *Brady* because it would have been useful even if not necessarily exculpatory.

On October 12, 2021, the Court ordered the parties to provide reports by noon on October 14, 2021, detailing the Tabs data the parties had received from the EA LLP servers since August 2021. (RT 10/12/21 at 10.)

The government had been working to obtain access to the Tabs data on the EA LLP servers but had encountered difficulties. To overcome those difficulties, the government filed an *ex parte* application for an order (1) requiring the manufacturer of Tabs, Software Technology, LLC (the "Company"), to facilitate the government's restoration of Tabs Software files seized from the EA LLP servers; and (2) extending to October 15, 2021, the deadline previously set by the Court for the government to file a report on the Tabs data. (Dkt. No. 855.) At a hearing on the government's application, defendant stated that he had no objection to the Prosecution Team seeking the Company's assistance to access information pertaining to the clients at issue in counts 1-10 provided that the process was "transparent." (RT 10/15/21 at 15-16.) The Court granted the government's application and directed the government to submit a proposed order requiring the Company to assist and setting forth the ground rules in writing "so everybody understands them." (Dkt. No. 864; RT 10/15/21 at 15-16.) The government submitted a proposed order (Dkt. No. 873), which the Court issued on November 1, 2021 (Dkt. No. 877), over defendant's objection (Dkt. No. 874).

The Prosecution Team understands that the Company has stated that, notwithstanding the Court's Order, the Company will not assist

regarding the Tabs Data without (a) an order from the Court directing the Company to do so, or (b) defendant's agreement that the Company may provide the assistance. Although defendant has repeatedly stated that he has no objection to the Company assisting the parties to access the Tabs data for the clients identified in counts 1-10 (*see* Dkt. Nos. 874, 882; RT 10/15/21 at 13-15), the Company has informed the Prosecution Team that defendant continues to object to the Company's assistance. The Prosecution Team understands that the Company: views the Court's November 1, 2021, Order as permissive only; has been informed by defendant that he objects to the Company assisting the government to segregate the Tabs Data (even regarding the clients at issue in counts 1-10); and is not assisting the government based on defendant's objection.

On February 10, 2022, the Prosecution Team sent an email to defendant requesting clarification as to what objection, if any, defendant had to the Company assisting the government with segregating the Tabs data, particularly since defendant had previously informed the Court, both in written filings and orally during at least one hearing, that he had no objection to the government's examination of the Tabs Data with respect to the clients at issue in counts 1-10. To date, defendant has not responded to the government's request for clarification.

Separate from seeking assistance from the Company, the government continued its own efforts to obtain Tabs data from the EA LLP servers. On or about March 10, 2022, a privilege review agent completed, without assistance from the Company, her review of the Tabs data extracted from the EA LLP servers at the Cyber Crime Lab in Washington, D.C., for any files that relate to the clients at issue

in counts 1-10. The Privilege Review Team produced the Tabs data the privilege review agent identified, comprising 89 pages, to the Prosecution Team.[2]

The Prosecution Team compared this data regarding the specified clients to the Tabs data that the case agent had been able to access in August 2021 on the forensic copy of the EA LLP servers stored on the virtual computer at the IRS-CI Offices in Los Angeles (*see* Dkt. No. 809 at 6-13). The data sets were determined to be consistent with one another. The Tabs data from the copy of the EA LLP servers in Washington D.C. is also entirely consistent with the evidence presented at the first trial, including through the testimony and exhibits of the government's expert, John Drum. On April 1, 2022, the government produced to defendant the 89-pages of Tabs data (along with a detailed discovery index) the Privilege Review Team had just produced to the Prosecution Team.[3] Although in November 2021, defendant had already acknowledged that "all of the relevant Tabs data has now been produced to the defense" (Dkt. No. 882 at 6), the government re-produced the 89 pages in an abundance of caution.[4]

The government does not believe there are any further outstanding issues regarding the Tabs data.

---

[2] The Tabs data relates to Clients 1-3 (Johnson, Gardner, and Barela). No Tabs records were found for Clients 4-5 (Phan and Tran) -- likely because their fee agreements with defendant did not entitle defendant to recover any expenses incurred (*see* Trial Exs. 266, 267, 296).

[3] If the Court so requests, the government will lodge the 89 pages of Tabs data that relate to clients 1-3 with the Court.

[4] Defendant has also acknowledged "[W]e have the benefit of the totality of the forensic images of the servers," which he "got back on September 16 [2021]." (RT 10/4/2021 at 8.)

**D. Other Remaining Issues**

1. Indexing of EA LLP servers

When defendant filed his notice of appeal, the Privilege Review Team was still indexing the EA LLP servers, which was taking longer to complete than expected. Although defendant received a full forensic copy of the EA LLP servers on September 16, 2021, the Court directed the government to continue the indexing. (RT 10/15/2021 at 16.) The Prosecution Team understands that, on or about April 19, 2022, the Privilege Review Team completed the indexing and made available a hard-drive with the indexed documents as well as instructions regarding use of the indexed documents to defendant, which defendant's paralegal picked up on April 22, 2022.

2. Reciprocal Discovery

At the status conference on October 12, 2021, the Court set October 22, 2021, as the deadline for defendant to produce reciprocal discovery in advance of the then-scheduled November 2, 2021, trial. (RT 10/12/21 at 16.) The Court stated that, even if defendant had not produced in discovery a document in his possession prior to the first trial, defendant could seek admission of the document as evidence at the retrial, provided he produced the document in discovery by the deadline and showed good cause for the late disclosure. (*Id.* at 16-17.) The notice of appeal was filed the same day (October 12, 2021), and the Court may wish to set a new deadline by which defendant must produce any reciprocal discovery.

**III. CONCLUSION**

The government requests that the Court set a status/trial setting conference on May 9, 2022, or as soon thereafter as is convenient for the Court, so that the Court may set (1) a date for

the retrial of counts 1-10; (2) a date for trial on counts 11-36; and (3) a hearing on all pending motions *in limine*.

# Certificate of Service

I am a citizen of the United States and am employed in the County of Orange, California. I am over 18 years of age, and I am not a party to the above-entitled action. My business address is the United States Attorney's Office, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Suite 8000, Santa Ana, California 92701.

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction the service was made. On this date, April 29, 2022, I served a copy of the foregoing document(s), described as follows:

**GOVERNMENT'S STATUS REPORT RE: (1) DENIAL OF DEFENDANT'S APPEAL OF THE COURT'S ORDER DENYING DEFENDANT'S MOTION TO DISMISS (CR 838) AND (2) MATTERS PERTAINING TO THE RESUMPTION OF TRIAL PROCEEDINGS; REQUEST FOR STATUS CONFERENCE TO SET DATE FOR RETRIAL**

in the following manner:

☐ by placing a true copy in a sealed envelope, addressed to the person(s) specified below, and placing it for interoffice delivery within the courthouse to:

■ by placing the documents in a sealed envelope, bearing the requisite postage thereon, and placing it for mailing via the U.S. Postal Service address as follows:

**Michael Avenatti, Register Number: 86743-054**
**FCI TERMINAL ISLAND**
**FEDERAL CORRECTIONAL INSTITUTION**
**PO BOX 3007**
**SAN PEDRO, CA 90733**
**Attn: Legal/Special Mail**

☐ by e-mailing a pdf. version of the document(s) to the e-mail addresses specified as:

I declare under penalty of perjury that the foregoing is true and correct, executed on April 29, 2022 at Santa Ana, California.

/s/
LINDA R. BENNETT