TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RANEE A. KATZENSTEIN (Cal. Bar No. 187111)
Assistant United States Attorney
Chief, Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2432
     Facsimile: (213) 894-6269
     Email:     Ranee.Katzenstein@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:     Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO ADMIT GOVERNMENT'S TRIAL EXHIBITS THAT THE COURT PREVIOUSLY ADMITTED IN THE FIRST TRIAL |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Ranee A. Katzenstein, hereby files its Reply in Support of its Motion *in limine* to admit government's trial exhibits that the Court previously admitted in the first trial.

This Reply is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: April 29, 2022          Respectfully submitted,

                                        TRACY L. WILKISON
                                      United States Attorney

                                        SCOTT M. GARRINGER
                                        Assistant United States Attorney
                                        Chief, Criminal Division

                                              /s/
                                        BRETT A. SAGEL
                                        RANEE A. KATZENSTEIN
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

Case 8:19-cr-00061-JVS Document 922 Filed 04/29/22 Page 3 of 8 Page ID #:22554

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. Introduction**

Defendant's opposition to the government's motion *in limine* ignores the specific remedy the government seeks, discusses irrelevant facts and law, and relies on meritless objections. By opposing the government's motion, defendant attempts to ensure his ability to waste this Court's and another jury's time by again lodging objections that the Court has already overruled. For the reasons set forth in the government's motion (CR 845), the Court pursuant to its inherent authority and Federal Rule of Evidence 611 should rule that all exhibits admitted at the first trial are admissible at the second trial with the same witnesses.

**II. Argument**

    **A. The Government's Motion Complies with the Rules of Evidence**

Defendant argues that the government is asking the Court to "ignore the rules of evidence and simply admit all exhibits admitted during the first trial, regardless of basic evidentiary concepts like foundation, authentication, and witness availability." (CR 848 at 1.) To the contrary, the government's motion is premised on the fact that the foundation for and authentication of the exhibits have already been demonstrated to the Court's satisfaction. As the government described in its motion, and defendant does not -- and cannot -- dispute, the witnesses already testified to the foundation and authenticity of the exhibits, which testimony provided the basis for the Court's rulings admitting the exhibits. The evidentiary concepts defendant claims are being ignored have been addressed and satisfied. As for witness availability, defendant misstates the government's position. The government's motion specifically states

1  that the exhibits would only be admissible through the same witness
2  that admitted the exhibit at the first trial (CR 845 at 1, 4, 6);
3  therefore, the exhibits would only be admitted again if the witness
4  is available and testifying.  Defendant's complaint that the
5  government's motion "treats each of its witness' [sic] availability
6  and presence at trial as a foregone conclusion" (CR 848 at 6) is thus
7  a red herring.

**B.   Defendant's Specific Objections Lack Merit**

Defendant disputes whether the government admitted 242 exhibits or 236 exhibits at the first trial.  (CR 848 at 2.)  The difference relates to six transcripts of proceedings involving defendant (Trial Exhibits 22, 402, 403, 404, 405, and 406) that were admitted when the government read them into the record.  Defendant further claims the government's motion fails to recognize that certain exhibits were introduced for a limited purpose.  (CR 848 at 2 (n.2).)  Because the government's motion seeks to have the Court's admissibility rulings from the first trial entered in the retrial, by definition, the limitations included in those rulings would apply.  Any exhibits that were admitted for a limited purpose, for example emails sent to defendant that the Court admitted for notice to defendant and not for the truth of the matters asserted, would be admitted for the same purposes and the Court would provide the same limiting instruction.

Using language from this Court's denial without prejudice of the government's motion to admit business records based on the custodian of records declarations without the need to call custodial witnesses, defendant claims the government is now asking the Court to "rule in a vacuum."  (CR 848 at 1.)  Not so.  The Court is hardly being asked to rule in a vacuum as it has already received evidence regarding the

2

foundation and authenticity of the exhibits at issue and has heard and considered defendant's objections to these exhibits, which it has rejected.  For example, as discussed in the government's motion (CR 845 at 5) and not addressed, let alone disputed, in defendant's opposition, the Court assessed the sufficiency of the custodian certificates (Trial Exhibits 393, 394, 396, 397), reviewed the contents of the records, and ruled on other objections to determine the business record exhibits (Trial Exhibits 25, 41, 147, 148, 349, 356, 359, 367-372, 378-380, 382, 384, 387, 391) were admissible.[1] The Court can easily rule in advance of the second trial that the various business records are again admissible.

    Defendant does not address or dispute any of the government's legal analysis or case citations stating that this Court has the discretion under its inherent authority and Rule 611 to grant the remedy sought, but instead claims neither Rule 611 nor any case the government cites stands for the proposition that 236 exhibits previously admitted can be admitted again without any foundational testimony to save time.  (CR 848 at 6.)  Defendant is wrong.  This Court does have the discretion and has already heard the foundational testimony to ensure that the exhibits are true and correct copies of documents and that the witnesses laid the foundations for the admissibility of the exhibits. *See, e.g.*, *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *United States v. Komisaruk*, 885 F.2d 490, 493 (9th Cir. 1989); Fed. R. Evid. 611(a).

---

[1] If the Court requests, the government will provide the specific transcript citations for each of the Court's findings that the custodian declarations are sufficient and admitting the various business records pursuant to the declarations.

3

Defendant further claims that if the "relevant testimony changes, a witness is no longer available[2] or newly produced evidence undermines prior exhibits, the evidentiary analysis relating to the exhibit will change as well." (*Id.*) Defendant also asserts that he "may lodge different, or additional, objections to the offered exhibits at the time of any subsequent trial, depending on the evidence and testimony received" and it is "too speculative" at this time. (*Id.* at 7.) Defendant does not provide any basis or examples to support either of these entirely conjectural claims. Defendant had no meritorious objections in the first trial and allowing him to assert the same baseless objections in the retrial would only be a waste of the Court and the jury's time. In any case, the relief the government requests in its motion would allow the objections defendant made at the first trial to be deemed made at the retrial. If defendant wishes to object on additional or different grounds, he can be allowed to raise such new objections if and when "evidence and testimony received" provides support for them.

Finally, defendant maintains "the nature of the mistrial and the evidence that has come to fruition since the mistrial will likely alter the reliability, foundation and potential admissibility of many specific exhibits that were introduced during the first trial." (*Id.*) Defendant provides Trial Exhibits 48 and 174 as examples, claiming that they have now "been found to be incomplete and outdated." (*Id.*) Defendant's examples, however, demonstrate the baselessness of defendant's assertion. Trial Exhibits 48 and 174 are

---

[2] As stated above, the government's motion only relates exhibits admitted through the same testifying witnesses and, thus, this argument misses the mark.

4

emails Judy Regnier sent to defendant at defendant's direction providing costs for the Johnson and Barela matters as of the time of the emails. After receiving the email on the Johnson matter (Trial Exhibit 48), defendant withdrew the exact amount of money, to the penny, shown on the email from the trust account. And as Regnier testified, defendant wanted the costs from the Barela matter sent to him (Trial Exhibit 174) while defendant was in mediation on the matter so that defendant would know how much defendant and the client would receive based on settlement offers. Absolutely nothing about the Court's decision to grant a mistrial changes the "reliability, foundation, and potential admissibility" of these or any other exhibits that the Court admitted at the first trial.

**III. Conclusion**

For all these reasons and the reasons set forth in the government's motion *in limine*, the Court should issue an order admitting at the retrial the government's trial exhibits that were admitted at the first trial without further foundational questions to the witnesses whose testimony provided the foundation for the exhibits at the first trial. The government further submits that any limits on the purposes for which the exhibits could be considered that were ordered by the Court at the first trial should be deemed ordered at the retrial, the objections defendant made at the first trial should be deemed made at the retrial, and defendant should be permitted to raise further objections only if they are based on additional or different grounds.

5

# Certificate of Service

I am a citizen of the United States and am employed in the County of Orange, California.  I am over 18 years of age, and I am not a party to the above-entitled action.  My business address is the United States Attorney's Office, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Suite 8000, Santa Ana, California 92701.

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction the service was made.  On this date, April 29, 2022, I served a copy of the foregoing document(s), described as follows:

**GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO ADMIT GOVERNMENT'S TRIAL EXHIBITS THAT THE COURT PREVIOUSLY ADMITTED IN THE FIRST TRIAL**

in the following manner:

☐    by placing a true copy in a sealed envelope, addressed to the person(s) specified below, and placing it for interoffice delivery within the courthouse to:

■    by placing the documents in a sealed envelope, bearing the requisite postage thereon, and placing it for mailing via the U.S. Postal Service address as follows:
**Michael Avenatti, Register Number: 86743-054
FCI TERMINAL ISLAND
FEDERAL CORRECTIONAL INSTITUTION
PO BOX 3007
SAN PEDRO, CA  90733
Attn: Legal/Special Mail**

☐    by e-mailing a pdf. version of the document(s) to the e-mail addresses specified as:

I declare under penalty of perjury that the foregoing is true and correct, executed on April 29, 2022 at Santa Ana, California.

                                                /s/
                                   LINDA R. BENNETT