TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RANEE A. KATZENSTEIN (Cal. Bar No. 187111)
Assistant United States Attorney
Chief, Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2432
     Facsimile: (213) 894-6269
     Email:     Ranee.Katzenstein@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:     Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 19-061-JVS |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS IF DEFENDANT TESTIFIES AT TRIAL |
| v. | |
| MICHAEL JOHN AVENATTI, | Hearing Date: June 13, 2022 |
| Defendant. | Hearing Time: 8:30 a.m. |
| | Location: Courtroom of the Hon. James V. Selna |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Ranee A. Katzenstein, hereby files its motion in limine to admit defendant' prior convictions if defendant testifies at trial.

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 11, 2022					Respectfully submitted,

							TRACY L. WILKISON
							United States Attorney

							SCOTT M. GARRINGER
							Assistant United States Attorney
							Chief, Criminal Division


							        /s/
							_____
							BRETT A. SAGEL
							RANEE A. KATZENSTEIN
							Assistant United States Attorneys

							Attorneys for Plaintiff
							UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The government previously filed a motion in limine to admit, pursuant to Federal Rule of Evidence 609, defendant's prior convictions for extortion and honest services fraud in the Southern District of New York ("SDNY") in United States v. Avenatti, No. 1:19-CR-373-PGG (the "SDNY Extortion Case"), if defendant testified at trial. (CR 284.) The Court granted the motion pursuant to Rule 609(a)(2) stating "[t]here can be little doubt that these crimes involve dishonest or false statements." (CR 371 at 10.)

Defendant has since been convicted in the SDNY of wire fraud and aggravated identity theft in United States v. Avenatti, No. 1:19-CR-374-JMF (the "SDNY Theft Case"). Should defendant testify at trial, the government moves to admit evidence of defendant's convictions for wire fraud and aggravated identity theft from his SDNY Theft Case, in addition to his convictions from the SDNY Extortion Case, pursuant to Rule 609.[1] Notably, defendant's convictions in the SDNY Theft Case directly relate to defendant's truthfulness, and defendant's pattern and practice of deceiving his clients.

## II. ARGUMENT

On February 4, 2022, a jury in the SDNY found defendant guilty of wire fraud, in violation of 18 U.S.C. § 1343, and aggravated identity theft, in violation of 18 U.S.C. § 1028A. Verdict, SDNY Theft Case, Dkt. 420. Defendant's wire fraud conviction required the government to prove that defendant engaged in a scheme or artifice to

---

[1] Although defendant's convictions from the SDNY Theft Case are arguably also admissible pursuant to Federal Rule of Evidence 404(b), the government is seeking to admit the prior convictions only pursuant to Rule 609 if defendant testifies.

defraud or to obtain money or property by materially false and fraudulent pretenses, representations, or promises to defendant's legal client.  See id., Trial Transcript at 1735 (final jury instructions).  Defendant's aggravated identity theft conviction required the government to prove that defendant knowingly used, transferred, or possessed a means of identification of another person during and in relation to committing the wire fraud offense.  Id. at 1749.  If defendant chooses to testify at trial in this matter, the government is entitled to introduce evidence of defendant's prior convictions in the SDNY Theft Case, in addition to his prior convictions in the SDNY Extortion Case, under Federal Rule of Evidence 609.

Under Rule 609(a)(2), evidence of a prior criminal conviction, regardless of punishment, "must be admitted if the court can readily determine that establishing the elements of the crime required proving -- or the witness's admitting -- a dishonest act or false statement."  Defendant's convictions in the SDNY Theft Case required proving a dishonest act; thus, defendant's convictions in the SDNY Theft Case are automatically admissible under Rule 609(a)(2), regardless of their probative value or prejudicial effect.  United States v. Glenn, 667 F.2d 1269, 1272 (9th Cir. 1982) ("Convictions involving 'dishonesty or false statement' within the meaning of rule 609(a)(2) are automatically admissible.").[2]  Moreover, the convictions from the SDNY Theft Case may be used to impeach defendant

---

[2] Defendant's convictions are alternatively admissible under Rule 609(a)(1)(B), as evidence of a prior criminal conviction punishable by imprisonment for more than one year, which "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect."

2

regardless of whether a judgment has been entered or defendant has been sentenced.[3] United States v. Smith, 623 F.2d 627, 630-31 (9th Cir. 1980).

Prior to defendant's first trial, the government sought the admission of defendant's prior convictions from the SDNY Extortion Case[4] pursuant to Rule 609 if defendant testified at trial. (CR 284.) This Court ruled:

> *Admission of Nike Conviction*. In the Nike case, Avenatti was convicted of wire fraud, 18 U.S.C. §§ 1343, 1346; extortion, 18 U.S.C. 875(d); and attempted extortion, 18 U.S.C. § 1851. There can be little doubt that these crimes involve dishonest or false statements. The Motion is granted: the conviction "must be admitted." (Fed. R. Evid. 609(a)(2).)

(CR 371 at 10.) The same ruling and analysis should apply to defendant's convictions in the SDNY Theft Case.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court admit evidence of defendant's convictions for wire fraud and aggravated identity theft from his SDNY Theft Case if defendant testifies at trial.

---

[3] Defendant's sentencing in the SDNY Theft Case is currently set for June 2, 2022; therefore, defendant will likely be sentenced on those convictions prior to trial in this matter.

[4] This Court referred to the SDNY Extortion Case as the "Nike" case.

3

# Certificate of Service

I am a citizen of the United States and am employed in the County of Orange, California. I am over 18 years of age, and I am not a party to the above-entitled action. My business address is the United States Attorney's Office, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Suite 8000, Santa Ana, California 92701.

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction the service was made. On this date, May 11, 2022, I served a copy of the foregoing document(s), described as follows:

**GOVERNMENT'S MOTION IN LIMINE TO ADMIT EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS IF DEFENDANT TESTIFIES AT TRIAL**

in the following manner:

☐ by placing a true copy in a sealed envelope, addressed to the person(s) specified below, and placing it for interoffice delivery within the courthouse to:

☒ by placing the documents in a sealed envelope, bearing the requisite postage thereon, and placing it for mailing via the U.S. Postal Service address as follows:

**Michael Avenatti, Register Number: 86743-054**
**FCI TERMINAL ISLAND**
**FEDERAL CORRECTIONAL INSTITUTION**
**PO BOX 3007**
**SAN PEDRO, CA  90733**
**Attn: Legal/Special Mail**

☐ by e-mailing a pdf. version of the document(s) to the e-mail addresses specified as:

I declare under penalty of perjury that the foregoing is true and correct, executed on May 11, 2022 at Santa Ana, California.

_/s/_
LETY ZAMBRANO