UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

- - -

THE HONORABLE JAMES V. SELNA, JUDGE PRESIDING

```
UNITED STATES OF AMERICA,     )CERTIFIED TRANSCRIPT
                Plaintiff,    )
     vs.                      )
                              )  SACR-19-00061-JVS
MICHAEL JOHN AVENATTI,        )
                Defendant.    )
------------------------------)
```

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Santa Ana, California

May 6, 2022

SHARON A. SEFFENS, RPR
United States Courthouse
411 West 4th Street, Suite 1-1053
Santa Ana, CA  92701
(714) 543-0870

```
 1   APPEARANCES OF COUNSEL:

 2   For the Plaintiff:

 3   NICOLA T. HANNA
     United States Attorney
 4   BRANDON D. FOX
     Assistant United States Attorney
 5   Chief, Criminal Division
     RANEE KATZENSTEIN
 6   Assistant United States Attorney
     Major Frauds Section
 7   1100 United States Courthouse
     312 North Spring Street
 8   Los Angeles, CA  90012
     (213) 894-0141
 9
     BRETT A. SAGEL
10   Assistant United States Attorney
     Ronald Reagan Federal Building
11   411 West Fourth Street, Suite 8000
     Santa Ana, CA  92701
12   (714) 338-3598

13   For the Defendant:

14   MICHAEL JOHN AVENATTI, PRO SE

15   H. DEAN STEWARD, ADVISORY COUNSEL
     H. DEAN STEWARD LAW OFFICES
16   107 Avenida Miramar, Suite C
     San Clemente, CA  92672
17   (949) 481-4900

18

19

20

21

22

23

24

25
```

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

```
10:03    1   SANTA ANA, CALIFORNIA; FRIDAY, MAY 6, 2022; 10:03 A.M.
10:03    2            THE CLERK:  Item No. 2, SACR-19-00061-JVS, United
10:03    3   States of America versus Michael John Avenatti.
10:04    4            MR. SAGEL:  Good morning, Your Honor.  Brett Sagel
10:04    5   and Ranee Katzenstein on behalf of the United States.
10:04    6            MS. KATZENSTEIN:  Good morning, Your Honor.
10:04    7            THE COURT:  Good morning.
10:04    8            MR. STEWARD:  Good morning, Your Honor.  Dean
10:04    9   Steward, advisory counsel, for Mr. Avenatti.  I believe he
10:04   10   is joining us by telephone from Terminal Island.
10:04   11            MR. AVENATTI:  Good morning, Your Honor, Michael
10:04   12   Avenatti.  I thank the Court for allowing me to participate
10:04   13   by phone today.
10:04   14            THE COURT:  Good morning.
10:04   15            I note that a waiver is also on file allowing us
10:04   16   to do this via a telephonic conference.
10:04   17            Well, the mandate was issued from the Ninth
10:04   18   Circuit, and I believe that the T-max date for the Speedy
10:04   19   Trial Act would be July 13.
10:04   20            MR. SAGEL:  We would agree with that, Your Honor.
10:04   21            THE COURT:  Have you had any discussions about
10:04   22   setting a date within the T-max?
10:04   23            MR. SAGEL:  We have not, Your Honor.  Not on this
10:04   24   subject but on a prior subject, I attempted to work with
10:04   25   Mr. Steward to communicate with Mr. Avenatti, and we were
```

| | | |
|---|---|---|
| 10:04 | 1 | told that Mr. Steward would not do so and that we needed to |
| 10:04 | 2 | talk to Mr. Avenatti directly, which we have not done.  So I |
| 10:05 | 3 | do not have a sense of what he is asking for, but we would |
| 10:05 | 4 | ask for a date within that time period. |
| 10:05 | 5 | THE COURT:  Mr. Avenatti. |
| 10:05 | 6 | MR. AVENATTI:  Yes, Your Honor.  I don't believe a |
| 10:05 | 7 | date within that time period is possible.  One, I want to |
| 10:05 | 8 | waive my rights under the Speedy Trial Act of that trial, |
| 10:05 | 9 | and I would like to explain to you why.  I had asked for the |
| 10:05 | 10 | opportunity to speak at the sentencing in the Daniels case |
| 10:05 | 11 | by video, and that request was denied.  As a result, I'm |
| 10:05 | 12 | getting ready to be transported to New York for the sentence |
| 10:05 | 13 | in the Daniels case, which is set to occur on June 2 in the |
| 10:05 | 14 | Southern District of New York before Judge Furman. |
| 10:05 | 15 | I expect to be back here by the end of June, and I |
| 10:05 | 16 | expect to leave shortly to proceed to or be transported to |
| 10:05 | 17 | New York.  So during that time period, I'm not going to have |
| 10:06 | 18 | access to any of the discovery or items necessary for me to |
| 10:06 | 19 | prepare for trial unfortunately during that time period.  So |
| 10:06 | 20 | I believe that a trial date in late August would be |
| 10:06 | 21 | appropriate under the circumstances. |
| 10:06 | 22 | THE COURT:  Well, it's not clear to me why it's |
| 10:06 | 23 | going to take you until the end of June to get back here if |
| 10:06 | 24 | the sentencing hearing is on June 2. |
| 10:06 | 25 | Secondly, I believe everything is in place to set |

```
10:06   1    a trial date now.  As I view it, there are no document
10:06   2    production or discovery issues remaining.  The government
10:06   3    has made its production, which despite all the efforts
10:06   4    turned out to be something less than 90 pages of new
10:06   5    material I believe from essentially the Tabs records.  The
10:06   6    defendant has had all the files for some time now.  So I
10:07   7    don't see any impediment to setting a trial date other than
10:07   8    to accommodate Mr. Avenatti's need and desire to be at the
10:07   9    Daniels sentencing hearing.
10:07  10              MR. AVENATTI:  Well, again, Your Honor, my desire
10:07  11    would be to do that by video for a whole host of reasons,
10:07  12    but unfortunately that request was denied.  I have no
10:07  13    control over how long it takes for me to be transported
10:07  14    back.  It's not unusual for that to take at least 30 days,
10:07  15    at least that's my understanding based on what I have heard.
10:07  16              Your Honor, as it relates to the Tabs records, I
10:07  17    don't agree that the 90 or so pages is the complete Tabs
10:07  18    records relating to the clients at issue.  There is still a
10:07  19    remaining issue relating to Tabs separate and apart from
10:08  20    what I have been provided.
10:08  21              I'm not allowed to take any paperwork with me or
10:08  22    anything with me when I am transported to New York and back.
10:08  23    So I don't have access given that entire time period to any
10:08  24    of the discovery in this case or anything that would allow
10:08  25    me to prepare for trial.  So that is why I don't believe
```

```
10:08   1    that the July 13 date is a realistic date.
10:08   2              Furthermore, as it relates to additional discovery
10:08   3    I am entitled to, we have a pending Motion to Show Cause
10:08   4    that was filed on October 11, 2021, at Docket 851 that
10:08   5    delineates a number of things that I believe I'm entitled to
10:08   6    in connection with this case.  That has yet to be responded
10:08   7    to by the government because of the appeal that was taken at
10:08   8    the Ninth Circuit.  Those issues are going to need to be
10:08   9    resolved prior to trial.
10:08  10              THE COURT:  One step at a time.  Why don't we set
10:09  11    a date for a hearing on the government's four pending
10:09  12    motions in-limine, withdraw Mr. Avenatti's motion in-limine
10:09  13    at Docket 843 and the additional motion.
10:09  14              When can the government respond to his filing at
10:09  15    851?
10:09  16              MR. SAGEL:  If the Court is willing to give us,
10:09  17    May 16, which is slightly more than a week from Monday.
10:09  18              THE COURT:  That's fine.
10:09  19              Why don't we set a hearing on all those motions on
10:10  20    June 13.
10:10  21              MR. SAGEL:  That works for the government.
10:10  22              THE CLERK:  10:30, Judge.
10:10  23              THE COURT:  Is that doable?
10:10  24              MR. AVENATTI:  Your Honor, is there any way we can
10:10  25    do it earlier?  I have a 11:00 sentencing in Judge Carney's
```

| | | |
|---|---|---|
| 10:10 | 1 | court. |
| 10:10 | 2 | THE CLERK:  8:30. |
| 10:10 | 3 | MR. STEWARD:  That's fine with me. |
| 10:10 | 4 | THE COURT:  Okay, 8:30 on June 13.  We will take |
| 10:10 | 5 | up all of those.  In light of whatever rulings the Court |
| 10:10 | 6 | makes, I'll -- I'm going to set a trial date today, so that |
| 10:10 | 7 | we have a trial date with the understanding that in all |
| 10:11 | 8 | likelihood as a result of Mr. Avenatti's travel we will have |
| 10:11 | 9 | to make some adjustment. |
| 10:11 | 10 | I'm going to set the matter down for trial on July |
| 10:11 | 11 | 5, 2022, at 8:30 a.m.  At that time, I will discuss the |
| 10:11 | 12 | particulars of the trial and any other matters related to |
| 10:11 | 13 | the trial, things such as reciprocal discovery obligations |
| 10:11 | 14 | and so on. |
| 10:11 | 15 | Mr. Avenatti, are you filing a petition for cert? |
| 10:12 | 16 | MR. AVENATTI:  I haven't made that determination, |
| 10:12 | 17 | Your Honor.  I plan on making it next week. |
| 10:12 | 18 | THE COURT:  Well, I think the case law is pretty |
| 10:12 | 19 | clear that a filing of a petition for cert has no effect on |
| 10:12 | 20 | the Speedy Trial Act. |
| 10:12 | 21 | MR. AVENATTI:  Understood, Your Honor. |
| 10:12 | 22 | I have one question relating to the May 16 |
| 10:12 | 23 | opposition date on Docket 851.  I would like an opportunity |
| 10:12 | 24 | to file a reply to that, as well as an opposition to the |
| 10:12 | 25 | motion relating to Mr. Stolper, which I believe is at Docket |

```
10:12   1   832.
10:12   2              THE COURT:  Correct.
10:12   3              MR. AVENATTI:  Can I submit both of those
10:12   4   documents on or before May 30?  The only reason I ask for
10:12   5   that date is because again I don't know what the travel is
10:12   6   going to be.
10:12   7              THE COURT:  That's fine.  Come back to the Court
10:13   8   if you need some slight adjustment on your unavailability.
10:13   9              MR. AVENATTI:  Okay.  I appreciate that, Your
10:13  10   Honor.
10:13  11              THE COURT:  Mr. Avenatti is presently being
10:13  12   detained pursuant to Judge Furman's order.  I would like the
10:13  13   parties' agreement that I can give Judge Furman a call and
10:13  14   ask whether he would be willing to make a request of the
10:13  15   marshals that Mr. Avenatti be housed in Santa Ana.  I think
10:13  16   that would be a lot easier for the marshals when we get to
10:13  17   trial to transport him just from Santa Ana.  Also obviously
10:13  18   it's a convenience to Mr. Avenatti in terms of Mr. Steward's
10:13  19   access to him.
10:13  20              MR. SAGEL:  No objection from the government, Your
10:13  21   Honor.
10:13  22              MR. STEWARD:  Could we hear from Mr. Avenatti on
10:13  23   that?
10:13  24              MR. AVENATTI:  Your Honor, I would actually
10:13  25   object.  I would note the following.  I'm actually not being
```

```
10:13   1    housed here at Terminal Island pursuant to the rule of Judge
10:13   2    Furman.  I'm in the middle of serving my sentence on the
10:14   3    Nike case where I was sentenced by Judge Gardephe, so I'm
10:14   4    committed to the custody of the Bureau of Prisons in that
10:14   5    case.  So I would object to being moved from Terminal Island
10:14   6    to Santa Ana until immediately before trial.  I'm in a
10:14   7    program here at Terminal Island.
10:14   8              THE COURT:  You are in what, sir?
10:14   9              MR. SAGEL:  I'm in programming.  I'm taking
10:14  10    various programming pursuant to BOP policies, et cetera.  So
10:14  11    I would like that not to be disturbed until immediately
10:14  12    before trial.  I don't want to be kept in Santa Ana for an
10:14  13    extended period of time, especially if the trial for some
10:14  14    reason gets moved from the July 5 date, which Your Honor has
10:14  15    indicated that it might be.  I think it would be premature
10:14  16    to have me moved at this point.
10:15  17              I don't want to cause inconvenience to anyone
10:15  18    starting with the Court, including the marshals, but also
10:15  19    including me.  So, again, I'm in the middle of this
10:15  20    sentence.  I'm serving my time as directed by Judge
10:15  21    Gardephe.  You know, I would ask that at least we hold off
10:15  22    on that until I get back from New York and after the
10:15  23    evidentiary --
10:15  24              THE COURT:  That's fine.
10:15  25              (Court and clerk conferring)
```

10:15    1              THE COURT: Well, we will visit that issue on
10:15    2    June 13.
10:15    3              Any other issues that anyone would like to take up
10:16    4    today?
10:16    5              MR. SAGEL: Yes, Your Honor, briefly. I believe
10:16    6    there are two. One relates to Mr. Avenatti's sentencing in
10:16    7    New York on June 2. Just by way of background, when Judge
10:16    8    Gardephe -- I'm sorry, when Judge Furman -- and this is my
10:16    9    understanding, so I may not say it exactly right. From my
10:16    10   understanding and in my consultation with the prosecutors
10:16    11   there, when he set the sentencing date, he said I don't want
10:16    12   to cause any conflicts with the trial in California. At
10:16    13   that point, the case was on appeal, so we didn't have a date
10:16    14   and so forth. That was also at the same time where the
10:16    15   defendant requested a video conference, which was denied at
10:16    16   that point.
10:16    17             At this point, we do have a trial date. I guess I
10:16    18   would ask whether we can consult with our colleagues to
10:16    19   request that they maybe revisit a video teleconference
10:17    20   sentencing, or if Your Honor wanted to make that request,
10:17    21   however you want to do it, that would save the defendant
10:17    22   what he is referring to as potentially up to 45 to 60 days
10:17    23   of travel time.
10:17    24             THE COURT: Well, I would like to hear from the
10:17    25   marshals on his transportation. So I will set a hearing for

```
10:17   1   9:00 a.m. next Monday.  I will have a representative of the
10:17   2   Marshal's Office here to explain to me what the logistics
10:17   3   are for transportation and how we can expedite that if need
10:17   4   be.
10:17   5           I have no objection to you talking to the folks in
10:17   6   New York and see if there can't be some accommodation to
10:17   7   allow Mr. Avenatti to participate in the sentencing via
10:17   8   video.  I think it differs from district to district, but
10:17   9   I'm not sure whether the CARES Act authority if it's not
10:18  10   being invoked by the chief judge of the Southern District of
10:18  11   New York -- I'm not sure whether it's in place there, wheter
10:18  12   it's still in place there, and whether there is authority
10:18  13   outside the CARES Act to do that.  But be that as it may, I
10:18  14   think it would be helpful if you investigate whether there
10:18  15   is a means to have him participate here via video.
10:18  16           Do you have any objection to that, Mr. Avenatti?
10:18  17   I think that's your preference, to not be on the road for a
10:18  18   number of weeks.
10:18  19           MR. AVENATTI:  Your Honor, you're absolutely
10:18  20   right.  That is my preference.  Just by way of background,
10:18  21   following the jury verdict before Judge Furman, Judge Furman
10:18  22   set a tentative sentencing date of I believe it was May 26
10:18  23   at the time.
10:18  24           A few weeks later my counsel in that case in
10:18  25   New York after consultation with me made a motion in front
```

```
10:18   1    of Judge Furman to allow me to appear by video.  The
10:19   2    government did not oppose that motion.  Despite that, the
10:19   3    judge denied the motion and required me to attend in person
10:19   4    in New York.  So if that can be changed and I can
10:19   5    participate on June 2 by video, that would be fantastic.
10:19   6    That's absolutely my preference.
10:19   7              THE COURT:  Okay.  Well, you know, that's
10:19   8    obviously up to Judge Furman ultimately.
10:19   9              MR. SAGEL:  Thank you, Your Honor.
10:19  10              And the second issue we want to raise -- and I
10:19  11    will take however you tell me your preference would be --
10:19  12    the trial date that you set currently for July 5 would be on
10:19  13    Counts 1 through 10.
10:19  14              THE COURT:  Correct.
10:19  15              MR. SAGEL:  We previously set a trial date for
10:19  16    Counts 11 through 36 for May 10, next Tuesday.  I'm assuming
10:19  17    those dates are vacated.  I guess the question is how you
10:19  18    want us to go about setting a trial date for that, if you
10:19  19    want to set one and do a speedy trial --
10:20  20              THE COURT:  Well, I will let you meet and confer.
10:20  21    I think that the contemplation is basically a four to
10:20  22    six-month gap between Phase I and Phase II.  I want you to
10:20  23    meet and confer and come back to me with something.  If not,
10:20  24    tell me that you are unable to agree, and I will make the
10:20  25    findings under the Speedy Trial Act.
```

```
10:20   1           MR. SAGEL:  Is Your Honor willing to ask whether
10:20   2   or not the defendant at least of right now agrees that the
10:20   3   Speedy Trial Act was stayed during his appeal that he
10:20   4   filed --
10:20   5           THE COURT:  Well, I mean, that's pretty clear.
10:20   6           MR. SAGEL:  Okay.  Then that's sufficient for us,
10:20   7   Your Honor.
10:20   8           THE COURT:  I mean, in theory, worst case is the
10:20   9   Speedy Trial Act clock starts with respect to all counts.
10:20  10           MR. SAGEL:  As of three days ago.
10:20  11           THE COURT:  Right.
10:21  12           MR. AVENATTI:  Your Honor, can I make one
10:21  13   suggestion related to the hearing on Monday at 9:00 a.m.?
10:21  14           THE COURT:  Yes.
10:21  15           MR. AVENATTI:  Can I suggest that we push that
10:21  16   back one week because perhaps in the interim I would be able
10:21  17   to participate by video?
10:21  18           THE COURT:  I'm going to leave the date there, but
10:21  19   I will direct the government to proceed promptly with those
10:21  20   discussions and advise me informally by the end of next week
10:21  21   whether there is any likelihood of Mr. Avenatti being able
10:21  22   to appear via video.  If he is going to be there in person,
10:21  23   I want the particulars as to how long he is going to be gone
10:21  24   and how we can expedite that.
10:21  25           As you recall, Mr. Avenatti had to be transported
```

```
10:22   1   to New York on rather short notice in the Nike case, and in
10:22   2   a somewhat unconventional manner, he got there very
10:22   3   promptly.  So I'm leaving the discussion for next Monday
10:22   4   there, but would you get me a report by the end of next
10:22   5   week?
10:22   6           MR. SAGEL:  You want the hearing on May 9 at 9:00
10:22   7   a.m., but --
10:22   8           THE COURT:  No, no, no, I -- well, I will push
10:22   9   that to the 16th.
10:22  10           MR. SAGEL:  Thank you for the clarification.
10:22  11           THE COURT:  Okay.  Anything further?
10:22  12           Okay, thank you.
10:23  13           MR. AVENATTI:  Thank you, Your Honor.
10:23  14           (Whereupon, the proceedings were concluded.)
10:23  15                          *    *    *
10:23  16
10:23  17
10:23  18
10:23  19
10:23  20
10:23  21
10:23  22
10:23  23
10:23  24
10:23  25
```

10:23 1
10:23 2
10:23 3
10:23 4 **CERTIFICATE**
10:23 5
10:23 6      I hereby certify that pursuant to Section 753,
10:23 7 Title 28, United States Code, the foregoing is a true and
10:23 8 correct transcript of the stenographically reported
10:23 9 proceedings held in the above-entitled matter and that the
10:23 10 transcript page format is in conformance with the
10:23 11 regulations of the Judicial Conference of the United States.
10:23 12
10:23 13 Date: May 12, 2022
10:23 14
10:23 15
10:23                 /s/   Sharon A. Seffens   5/12/22
10:23 16               _____
10:23               SHARON A. SEFFENS, U.S. COURT REPORTER
10:23 17
10:23 18
19
20
21
22
23
24
25