Michael John Avenatti (Pro Se)

H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 497-6753

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL JOHN AVENATTI,<br><br>    Defendant. | SA CR No. 19-061-JVS<br><br>DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE TO ADMIT EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS IF DEFENDANT TESTIFIES AT TRIAL |

    Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti"), by and through his advisory counsel of record, H. Dean Steward, hereby files his Opposition to the Government's Motion In Limine to Admit Evidence of Defendant's Prior Convictions if Defendant Testifies at Trial.

///

///

///

     Defendant's filing is based on the attached memorandum of points and authorities; the evidence referenced in the attached; the files, records and transcripts in this case and the other cases cited herein; and such further evidence and argument as the Court may permit at a hearing on this matter.

Dated: June 13, 2022            Respectfully submitted,

                                           /s/ Michael John Avenatti
                                           MICHAEL JOHN AVENATTI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION[1]

The government seeks an Order authorizing it to impeach Mr. Avenatti's credibility with a prior conviction should he testify at trial. [Dkt. 928].

On February 14, 2020, Mr. Avenatti was found guilty of three counts in Southern District of New York case number 19-cr-00373-PGG (the "Nike matter"): (1) transmission of interstate communications with intent to extort (18 U.S.C. 875(d)), (2) attempted extortion (18 U.S.C. 1951), and (3) honest services wire fraud (18 U.S.C. 1343). [SDNY Dkt. 265]. On July 15, 2021, Mr. Avenatti was sentenced to a total term of 30 months. [SDNY Dkt. 339].

In January 2022, Mr. Avenatti proceeded to trial (in the "Clifford matter") in Southern District of New York case number 19-cr-00374-JMF. On February 4, 2022, Mr. Avenatti was found guilty of two counts: (1) wire fraud (18 U.S.C. 1343) and (2) aggravated identity theft (18 U.S.C. 1028A). [SDNY Dkt. 420]. On June 2, 2022, Mr. Avenatti was sentenced to a total term of 48 months. [SDNY Dkt. 442]. Of the 48 months, Mr. Avenatti was ordered to serve 18 months concurrent to the sentence imposed on the Nike matter. Judge Furman ruled that 30 months would be served consecutive to the Nike matter sentence.

In September 2020, CDCA prosecutors moved the Court for an Order allowing the government to impeach Mr. Avenatti with the Nike matter 2020 conviction. [Dkt. 284, p. 35]. Mr. Avenatti objected to the admission of the Nike evidence on the basis that a new trial motion was pending, the case had gained widespread attention, Mr. Avenatti had not been sentenced on that case, and the admission of evidence would cause great prejudice. [Dkt. 297, p. 20-21]. The Court granted the government's request over Mr. Avenatti's objection. [Dkt. 371, p. 10].

On May 11, 2022, the government again moved the Court for an Order allowing the

---

[1] On June 12, 2022, Mr. Avenatti filed defendant's "Notice of (A) Intent to Change Plea and Request Sentencing and (B) Request for Telephonic or Video Status Conference." [Dkt. 945]. This filing is made out of an abundance of caution.

1

admission of defendant's recent conviction in Southern District of New York case number 19-cr-00374-JMF. Mr. Avenatti, comes now, asking that the Court preclude the government from offering evidence of this prior conviction should Mr. Avenatti choose to testify on his own behalf.

## II. LEGAL STANDARD

Every criminal defendant has a fundamental right to testify on his own behalf. The "right of an accused to testify in how own defense is well established, and is a 'constitutional right of fundamental dimension.'" *United States v. Contreras Orozco*, 764 F.3d 997, 1001 (9th Cir. 2014), *citing United States v. Pino-Noriega*, 189 F.3d 1089, 1094 (9th Cir. 1999). This fundamental right stems from multiple provisions of the Constitution including the Fourteenth Amendment's Due Process Clause, the Sixth Amendment's Compulsory Process Clause, and the Fifth Amendment privilege against self-incrimination. *Pino-Noriega*, 189 F.3d at 1094. The right to testify during the defense case, is a personal right and "may only be relinquished by the defendant, and the defendant's relinquishment of the right must be knowing and intentional." *Id.*, *quoting United States v. Joelson*, 7 F.3d 174, 177 (9th Cir. 1993). Should the defendant choose to testify in his own defense, however, he may subject himself to impeachment.

Pursuant to Federal Rule of Evidence 609(a), a witness may be impeached by evidence of a prior criminal conviction. Pursuant to this section, for a crime that "was punishable by death or by imprisonment for more than one year, the evidence "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant. . . ." and "for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement." Fed. R. Evid. 609(a)(1)(B), (a)(2).

The Ninth Circuit has outlined five factors to be used "in balancing the probative value of evidence of a defendant's prior convictions against that evidence's prejudicial effect. . ." *United States v. Moi*, 2022 U.S. Dist. LEXIS 30307, at *4-5 (D. Ak 2022), *citing*

*United States v. Hursh*, 2017 F.3d 761, 768 (9th Cir. 2000). These factors include (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged conduct; (4) the importance of defendant's testimony, and (5) the centrality of the defendant's credibility. *Id.*

Even if the Court decides that the government may introduce evidence of the prior conviction, "[A]bsent exceptional circumstances, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction." *United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009), *quoting United States v. Sine*, 493 F.3d 1021, 1036, n. 14 (9th Cir. 2007). Further, "only the prior conviction, its general nature, and punishment of felony range [are] fair game for testing the defendant's credibility." *Id.*, *citing United States v. Albers*, 93 F.3d 1469, 1480 (10th Cir. 1996). The Ninth Circuit has determined that "the scope of the inquiry is limited because of the unfair prejudice and confusion that could result from the details of the prior crime." *Id.*

Based on the following, Mr. Avenatti respectfully requests that the government's motion be denied.

### III. ARGUMENT

<u>First</u>, the factors described above illustrate the prejudicial effect of Mr. Avenatti's prior conviction. Mr. Avenatti concedes that he was found guilty of an offense involving dishonesty or a false statement. Mr. Avenatti was found guilty by a jury in February 2022 of wire fraud and aggravated identity theft. However, in fashioning its decision, Mr. Avenatti respectfully requests that the Court weigh the prejudice that would ensue should this prior conviction be admitted to impeach the defendant if he chose to testify.

The conduct underlying that verdict is very similar to that alleged in the instant case. It was alleged that while acting as an attorney, Mr. Avenatti unlawfully converted client proceeds for personal gain. The government here has similarly alleged that Mr. Avenatti

misappropriated client funds to which he is not entitled. This factual similarly alone will cause extreme prejudice amongst jurors. Additionally, the Southern District of New York case involved public figure Stephanie Clifford (aka Stormy Daniels). As a result, this case and the subsequent conviction gained widespread media attention. Further, because of the affiliation between Ms. Clifford and the former President of the United States, this case was particularly controversial and is inherently polarizing. If the government's request is granted, the effect will improperly curtail Mr. Avenatti's decision as to whether he will testify on his own behalf. Because Mr. Avenatti's credibility will be of utmost importance if he chose to testify, the admission of this evidence will prevent him from testifying in the defense case. The prejudice is compounded because Mr. Avenatti is representing himself. As established herein, the Ninth Circuit factors evidence the prior conviction's prejudicial effect.

<u>Second</u>, if the Court is inclined to permit the government to offer this impeachment evidence, the nature of the offense should be sanitized to prevent prejudice. Mr. Avenatti asks that the Court preclude the government from introducing any evidence regarding the specific nature of the prior offense. The evidence presented to jurors about the Clifford matter should be limited to the date of conviction, its felony nature, and only the general nature of the offense. Mr. Avenatti respectfully requests that the Court preclude the government from presenting evidence that (1) Ms. Clifford was the alleged victim of the SDNY case and (2) that matter similarly involved the misappropriation of client funds.

<u>Third</u>, both convictions are presently on appeal before the Second Circuit Court of Appeals with substantial legal disputes at issue. Therefore, they should not be used as impeachment evidence in the instant case. If one or both convictions are reversed, it may very well result in a new trial in this case because, among other reasons (1) the convictions impact Mr. Avenatti's decision as to whether to testify in this case, and/or (2) the presentation of this evidence would result in highly prejudicial convictions, later vacated, being placed before the jury in this case.

For these reasons, Mr. Avenatti respectfully requests that the Court deny the

government's motion in its entirety.

### IV. CONCLUSION

Based on the foregoing, Mr. Avenatti asks that the Court deny the government's motion.

Dated: June 13, 2022                    Respectfully submitted,

/s/ Michael John Avenatti
MICHAEL JOHN AVENATTI

5

# **CERTIFICATE OF SERVICE**

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California. I am not a party to the above-entitled action. I have caused, on June 13, 2022 service of the:

DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE TO ADMIT EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS IF DEFENDANT TESTIFIES AT TRIAL

on the following party, using the Court's ECF system:

AUSA RANEE KATZENSTEIN AND AUSA BRETT SAGEL

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 13, 2022

/s/ H. Dean Steward
H. Dean Steward