TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RANEE A. KATZENSTEIN (Cal. Bar No. 187111)
Assistant United States Attorney
Chief, Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2432
    Facsimile: (213) 894-6269
    Email:    Ranee.Katzenstein@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
    Ronald Reagan Federal Building
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3598
    Facsimile: (714) 338-3708
    Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL JOHN AVENATTI,<br><br>    Defendant. | No. SA CR 19-061-JVS<br><br>GOVERNMENT'S *EX PARTE* APPLICATION FOR (1) CONTINUANCE OF TRIAL DATES AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**PROPOSED TRIAL DATES:**<br>  July 26, 2022 (Counts 1-10)<br>  February 21, 2023 (Counts 11-36) |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Ranee A. Katzenstein, seeks entry of an order: (1) continuing the

trial dates on Counts 1 to 10 of the Indictment to July 26, 2022, and the trial dates on Counts 11 to 36 of the Indictment to February 21, 2023; and (2) excluding time from the Speedy Trial Act calculation of excludable delay.

1. The Indictment in this case was filed on April 10, 2019. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on April 1, 2019. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before June 19, 2019.

2. On April 29, 2019, the Court set a trial date of June 4, 2019, at 8:30 a.m., and a status conference date of May 20, 2019, at 9:00 a.m.

3. On May 17, 2021; August 30, 2019; March 26, 2020; and June 4, 2020, the Court continued the trial date in this case from June 4, 2019, to December 8, 2020, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. (CR 34; CR 66; CR 126; CR 171.)

4. On October 19, 2020, during a pretrial motions hearing, the Court granted defendant's motion to sever Counts 1 to 10 of the Indictment from Counts 11 to 36 of the Indictment. (CR 364.) Pursuant to a stipulation of the parties (CR 385), he Court set the trial on Counts 1 to 10 for February 23, 2021, and the trial on Counts 11 to 36 for October 12, 2021, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. (CR 386.) On January 25, 2021, the Court continued the trial on Counts 1 to 10 to July 13, 2021, and found the interim period to be excluded in computing the

time within which the trial must commence, pursuant to the Speedy Trial Act. (CR 407.)

5. On July 13, 2021, trial commenced on Counts 1 to 10. (CR 553.) On August 24, 2021, the Court granted defendant's motion for a mistrial. (CR 780.) On August 26, 2021, during a telephonic status conference, the Court proposed dates for a new trial and directed the parties to file a speedy trial stipulation and proposed order regarding the dates for the trials on Counts 1 to 10 and on Counts 11 to 36. (CR 781.)

6. On September 2, 2021, pursuant to a stipulation of the parties, the Court continued the trial on Counts 1 to 10 to November 2, 2021, and the trial on Counts 11 to 36 to May 10, 2022, and found the interim periods to be excluded in computing the time within which the trials must commence, pursuant to the Speedy Trial Act. (CR 804.)

7. On October 4, 2021, the Court denied defendant's motion to dismiss all counts of the indictment. (CR 838.) On October 12, 2021, defendant filed his notice of appeal to the Court of Appeals for the Ninth Circuit ("Ninth Circuit") of the denial of his dismissal motion (CR 852) and argued that the Court was divested of jurisdiction during the pendency of the appeal (CR 861). The Court found it was divested of jurisdiction based on defendant's appeal (RT 10/15/21 at 4). Defendant's appeal sought the dismissal of all thirty-six counts in the Indictment, thus vacating both trial dates previously set by the Court.

8. On March 16, 2022, the Ninth Circuit filed and entered a memorandum opinion affirming this Court's denial of defendant's

1 motion to dismiss all counts of the indictment due to double
2 jeopardy, prosecutorial misconduct, contempt of this Court's January
3 25, 2021, order, and violations of defendant's right to due process.
4 (CR 917.)  On April 26, 2022, the Ninth Circuit denied defendant's
5 petition for rehearing and/or rehearing *en banc*.  (CR 920.)  The
6 Ninth Circuit issued its mandate on May 4, 2022, restoring
7 jurisdiction to this Court.  (CR 925.)  The Speedy Trial Act requires
8 that the trial in this matter commence on or before July 13, 2022.
9 18 U.S.C. § 3161(e) (trial following an appeal shall commence within
10 70 days from the date the action occasioning the retrial becomes
11 final).

12     9.   At a status conference on May 6, 2022, the Court set a
13 trial date of July 5, 2022, for Counts 1-10.  Defendant stated he
14 would waive his rights under the Speedy Trial Act and agree to a
15 later trial date, i.e., beyond the July 13, 2022, date required by
16 the Speedy Trial Act, due to his need to travel to and from the
17 Southern District of New York for his sentencing on a separate
18 criminal case pending in that district.  With respect to Counts 11-
19 36, the Court stated: "I will let [the parties] meet and confer.  I
20 think that the contemplation is basically a four to six-month gap
21 between Phase I and Phase II.  I want you to meet and confer and come
22 back to me with something.  If not, tell me that you are unable to
23 agree, and I will make the findings under the Speedy Trial Act."  (RT
24 5/6/22 at 12.)  The Court stated that it was "pretty clear" that the
25 time was excluded pursuant to the Speedy Trial Act on all counts
26 during defendant's interlocutory appeal.  (Id. at 13.)  Defendant

raised no objection, and only asked to be permitted to participate in the next status conference by video. (Id.)

10. On May 6, 2022, in compliance with the Court's directive to the parties to meet and confer regarding a trial date on Counts 11-36, the government emailed defendant through his stand-by counsel and paralegals proposing February 21, 2023, as a trial date on Counts 11-36. On May 9, 2022, one of the defense paralegals replied: "Thank you for the email. Mr. Avenatti kindly requests that you prepare a stipulation and send it to him for review." On May 12, 2022, the government sent defendant a proposed stipulation to continue the trial on Counts 1-10 to July 5, 2022, and on Counts 11-36 to February 21, 2023, and exclude time under the Speedy Trial Act, along with a proposed order including the appropriate findings. After receiving no response from defendant, the government sent a follow-up email on May 17, 2022. Defendant did not respond to the follow-up communication either.

11. On May 19, 2022, the Court held a status conference to address the trial date and motion hearing related to Counts 1-10, in light of defendant's June 2, 2022, sentencing in New York. With the consent of the parties, the Court continued the trial date for Counts 1-10 to July 26, 2022. (CR 939.)

12. On June 8, 2022, the government emailed defendant through his stand-by counsel and paralegals an updated proposed stipulation to continue the trial dates and exclude time under the Speedy Trial Act and corresponding proposed order incorporating the Court's determination at the May 19, 2022, status conference to continue the

5

trial on Counts 1-10 to July 26, 2022, and stipulating to a February 21, 2023, date for the trial on Counts 11-36.

13. On June 12, 2022,[1] Defendant provided the following position to be included in this *ex parte* application: "Mr. Avenatti will file his written response to the ex parte application as permitted under the rules. In his response, Mr. Avenatti will explain that (a) he has no objection to the trial on Counts 1-10 of the indictment proceeding on July 26, 2022 as previously set by the Court and (b) he opposes the setting of any trial date for Counts 11-36 because any such trial would be violative of Mr. Avenatti's rights under the Sixth Amendment and the Speedy Trial Act. Further, on or before June 24, 2022, Mr. Avenatti intends on filing a motion to dismiss Counts 11-36 based on defendant's rights under the Sixth Amendment and the Speedy Trial Act."

14. The following facts demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged in a 36-count indictment with: ten counts of wire fraud, in violation of 18 U.S.C. § 1343; eight counts of willful failure to collect and pay over withheld taxes, in violation of 26 U.S.C. § 7202; one count of endeavoring to obstruct the administration of the Internal Revenue Code, in violation of 26 U.S.C. § 7212(a); ten counts of willful failure to file tax returns,

---

[1] On June 12, 2022, at 1:53 p.m., defendant filed a notice of his intent to change his plea to "multiple counts" of the indictment claiming he wished to plead "to be accountable; accept responsibility; avoid his former clients being further burdened; save the Court and the government significant resources; and save his family further embarrassment." (CR 945.) Approximately one hour later, at 2:56 p.m., defendant informed the government that he opposed the proposed continuation of the trial date for Counts 11-36 and intended to move to dismiss Counts 11-36.

in violation of 26 U.S.C. § 7203; two counts of bank fraud, in violation of 18 U.S.C. § 1344(1); one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1); three counts of false declaration in bankruptcy, in violation of 18 U.S.C. § 152(3); and one count of false testimony under oath in bankruptcy, in violation of 18 U.S.C. § 152(2).

      b.    The trial estimate on Counts 1-10 is approximately four to six weeks and on Counts 11-36 is approximately six weeks.

      c.    The Prosecution Team has produced over a million pages in discovery as well as numerous digital devices. Pursuant to a Court Order, the government produced a copy of the Eagan Avenatti LLP servers to defendant in September 2021, which contains approximately 15 Terabytes of data. Due to the nature of the prosecution, this case is so unusual and complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits for the following reasons, among others: First, Counts 11-36 charge various tax fraud offenses arising in connection with defendant's own individual tax obligations and the tax obligations of various entities defendant controlled, which offenses span approximately ten years and involve substantial financial records and transactions; bankruptcy fraud charges; and bank fraud and identity theft charges; second, the government has produced to defendant voluminous discovery regarding these charges, including extensive financial, bank and tax records.

      d.    On September 29, 2021, defendant filed a motion *in limine* to exclude expert testimony of John Drum and request for a *Daubert* hearing. (CR 833.) On October 11, 2021, defendant filed a

motion for an order to show cause re civil contempt and finding of contempt; and motion to compel discovery. (CR 851.) The motions remain pending before the court and are scheduled to be heard on June 27, 2022.

   e. Failure to continue the trial dates would likely make a continuation of the proceeding impossible or result in a miscarriage of justice.

   f. The requested continuances are not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government, or failure on the part of the attorney for the government to obtain available witnesses.

   g. The government is requesting an Order excluding time through and including July 26, 2022, from the period within which the trial on Counts 1 to 10 must commence, but understand that the trial, or at least the jury selection process, may begin the week prior to July 26, 2022.

   h. The government is requesting an Order excluding time through and including February 21, 2023, from the period within which the trial on Counts 11 to 36 must commence, but understand that the trial, or at least the jury selection process, may begin the week prior to February 21, 2023.

 15. For purposes of computing the date under the Speedy Trial Act by which defendant's trial on Counts 1 to 10 of the Indictment must commence, the government submits and defendant does not dispute that the time period of October 12, 2021, to July 13, 2022, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(C) because that is a period of delay resulting from an interlocutory

appeal; the period of May 4, 2022, to July 26, 2022, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(i) because the delay results from a continuance granted by the Court on its own motion, without objection from defendant or the government, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and the time period of September 29, 2021, to either June 27, 2022, or the prompt disposition of defendant's motions, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(D), because it constitutes a delay resulting from a pretrial motion, from the filing of the motion through the prompt resolution of the motion.

16. For purposes of computing the date under the Speedy Trial Act by which defendant's trial on Counts 11 to 36 of the Indictment must commence, the government submits that the time period of October 12, 2021, to July 13, 2022, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(C) because that is a period of delay resulting from an interlocutory appeal; the period of October 12, 2021, to February 21, 2023, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(ii) because the delay results from a continuance granted by the Court on its own motion, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding

impossible, or result in a miscarriage of justice; and (iii) the case is so unusual and so complex, due to the nature of the prosecution, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; the time period of May 4, 2022, to July 26, 2022, or the conclusion of the trial on Counts 1-10, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(B) because the delay results from trial with respect to other charges against defendant; and, to the extent the motions relate to Counts 11-36, the time period of September 29, 2021, to either June 27, 2022, or the prompt disposition of defendant's motions, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(D), because it constitutes a delay resulting from a pretrial motion, from the filing of the motion through the prompt resolution of the motion.

///

17. Nothing in this ex parte application shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

Dated: June 15, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

             /s/
_____
BRETT A. SAGEL
RANEE A. KATZENSTEIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA