TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RANEE A. KATZENSTEIN (Cal. Bar No. 187111)
Assistant United States Attorney
Chief, Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2432
     Facsimile: (213) 894-6269
     Email:     Ranee.Katzenstein@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:     Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 19-061-JVS |
|---|---|
| Plaintiff, | [PROPOSED] ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| MICHAEL JOHN AVENATTI, | **CONTINUED TRIAL DATES:** |
| Defendant. | July 26, 2022 (Counts 1-10) |
| | February 21, 2023 (Counts 11-36) |

The Court has read and considered the Government's *Ex Parte* Application Regarding (1) Continuance of Trial Dates and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, filed in this matter on June 15, 2022.

Regarding computing the date under the Speedy Trial Act by which defendant's trial on Counts 1 to 10 must commence, the Court finds that the time period of November 2, 2021, to July 13, 2022, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(C) because that is a period of delay resulting from an interlocutory appeal; and the period of May 4, 2022, to July 26, 2022, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(i) because the delay results from a continuance granted by the Court on its own motion, without objection from defendant or the government, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and the time period of September 29, 2021, to either June 27, 2022, or the prompt disposition of defendant's motions, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(D), because it constitutes a delay resulting from a pretrial motion, from the filing of the motion through the prompt resolution of the motion.

Regarding computing the date under the Speedy Trial Act by which defendant's trial on Counts 11 to 36 must commence, the Court finds that the time period of October 12, 2021, to July 13, 2022, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(C) because that is a period of delay resulting from an interlocutory appeal; the period of October 12, 2021, to February 21, 2023, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(ii) because the delay results from a

continuance granted by the Court on its own motion, without objection from defendant or the government, on the basis of the Court's finding that: (i) the ends of justice served by the continuances outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) the case is so unusual and so complex, due to the nature of the prosecution, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; the time period of May 4, 2022, to July 26, 2022, or the conclusion of the trial on Counts 1-10, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(B) because the delay results from trial with respect to other charges against defendant; and, to the extent the motions relate to Counts 11-36, the time period of September 29, 2021, to either June 27, 2022, or the prompt disposition of defendant's motions, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(D), because it constitutes a delay resulting from a pretrial motion, from the filing of the motion through the prompt resolution of the motion.

The continuances are not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorneys for the government or the defense, or failure on the part of the attorneys for the government to obtain available witnesses.

Accordingly, the Court finds that there are facts that support continuances of the trial dates in this matter, and there is good

cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial on Counts 1 to 10 of the Indictment is set for July 26, 2022, at 8:30 a.m., with the expectation that proceedings with respect to written jury questionnaires will be completed during the preceding week.

2. The trial on Counts 11 to 36 of the Indictment is continued from May 10, 2022, to February 21, 2023, at 8:30 a.m., with the expectation that proceedings with respect to written jury questionnaires will be completed during the preceding week.

3. With respect to Counts 1 to 10 of the Indictment, the time period of October 12, 2021, to July 13, 2022, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. § 3161(h)(1)(C); the time period of May 4, 2022, to July 26, 2022, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(1)(B), (h)(7)(A), and (h)(7)(B)(i); and the time period of September 29, 2021, to either June 27, 2022, or the prompt disposition of defendant's motions, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(D).

4. With respect to Counts 11 to 36 of the Indictment, the time period of October 12, 2021, to July 13, 2022, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. § 3161(h)(1)(C); the time period of October 12, 2021, to February 21, 2023, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(1)(B), (h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(ii); the time period of May 4,

2022, to July 26, 2022, or the conclusion of the trial on Counts 1-10, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(B); and the time period of September 29, 2021, to either June 27, 2022, or the prompt disposition of defendant's motions, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(D), to the extent the motions relate to Counts 11-36.

5.  Defendant shall appear in Courtroom 10C of the Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Santa Ana, California on July 26, 2022, at 8:30 a.m., and on February 21, 2023, at 8:30 a.m.

6.  Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

_____          _____
DATE                                     HONORABLE JAMES V. SELNA
                                         UNITED STATES DISTRICT JUDGE

Presented by:
    /s/
_____
BRETT A. SAGEL
RANEE A. KATZENSTEIN
Assistant United States Attorneys

5