Michael John Avenatti (Pro Se)

H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 497-6753

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL JOHN AVENATTI,<br><br>　　　　Defendant. | SA CR No. 19-061-JVS<br><br>DEFENDANT'S OPPOSITION TO THE GOVERNMENT EX PARTE APPLICATION FOR (1) CONTINUANCE OF TRIAL DATES, AND (2) FINDINGS EXCLUDABLE TIME PURSUANT TO THE SPEEDY TRIAL ACT |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his advisory counsel of record, H. Dean Steward, hereby files Defendant's opposition to the government's *ex parte* application for (1) continuance of trial dates and (2) findings of excludable time periods pursuant to the Speedy Trial Act. Defendant's filing is based on the attached memorandum of points and authorities; the evidence referenced in the attached; the files, records and transcripts in this case and the other cases cited herein; and such further evidence and argument as the Court may permit at a hearing on this matter.

Dated: June 17, 2022　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ Michael John Avenatti
　　　　　　　　　　　　　　　　　　MICHAEL JOHN AVENATTI

1

## I. INTRODUCTION

On June 15, 2022, the government filed an *ex parte* application for (1) continuance of trial dates and (2) findings of excludable time period pursuant to the Speedy Trial Act. [Dkt. 954]. Mr. Avenatti brings forth the instant opposition but also intends on filing a Motion to Dismiss Counts 11-18 and 20-36 pursuant to the Speedy Trial Act and the Sixth Amendment. Mr. Avenatti respectfully requests that the Court defer issuing an Order on the government's *ex parte* application until after the Court rules on defendant's soon to be filed, if necessary, motion to dismiss. In the government's application, it seeks the following relief.

First, the government asks that the trial date on Counts 1 through 10 be continued to July 26, 2022. The prosecution asks that the following periods be excluded for the purposes of calculating time under the Speedy Trial Act: (1) October 12, 2021[1], to July 13, 2022, pursuant to 18 U.S.C. § 3161(h)(1)(C) as a result of the interlocutory appeal; (2) May 4, 2022, to July 26, 2022, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(i); and, (3) September 29, 2021 to either June 27, 2022, or the prompt disposition of defendant's motions, pursuant to 18 U.S.C. § 3161(h)(1)(D).

Second, the government asks that the trial date on Counts 11 through 36 be set for February 21, 2023. The prosecution asks that the following periods be excluded for the purposes of calculating time under the Speedy Trial Act: (1) October 12, 2021, to July 13, 2022, pursuant to 18 U.S.C. § 3161(h)(1)(C) as a result of the interlocutory appeal; (2) October 12, 2021 to February 21, 2023, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(i), and (h)(7)(B)(ii) "because the delay results from a continuance granted by the Court's own motion, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the

---

[1] The government's application states October 12, 2021, through July 13, 2022, but the corresponding proposed order requests the period of November 2, 2021, through July 13, 2022. For the purposes of this Opposition, Mr. Avenatti assumes the November 2, 2021, date contained on the proposed order was typed in error.

2

proceeding impossible, or result in a miscarriage of justice; and (iii) the case is so unusual and so complex, due to the nature of the prosecution, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. . ." [Dkt. 954, p. 9-10]; (3) May 4, 2022, to July 26, 2022, or the conclusion of the trial on Counts 1-10, pursuant to 18 U.S.C. § 3161(h)(1)(B) "because the delay results from trial with respect to other charges against defendant. . ." [Dkt. 954, p. 10]; and, (4) September 29, 2021, to either June 27, 2022, or the prompt disposition of defendant's motions pursuant to 18 U.S.C. § 3161(h)(1)(D).

After the filing of the government's application, on June 16, 2022, Mr. Avenatti appeared before the Court and pled guilty to Counts 5, 8, 9, 10 and 19. [Dkt. 955]. During the change of plea hearing, the government indicated that it required additional time to determine how the prosecution intended to proceed on the remaining counts (Counts 1-4, 6-7, 11-18, 20-36). Mr. Avenatti then expressed a desire, and the government did not object, to a single trial on the remaining counts (as opposed to two severed trials), should the prosecution determine an additional trial is necessary. The Court expressed a willingness to grant this request. Following the hearing, the Court issued an Order vacating the trial date on Counts 1 through 10, which was previously scheduled for July 26, 2022. [Dkt. 955].

Mr. Avenatti respectfully requests that the Court schedule a single trial on the remaining counts, should the government seek to proceed on these counts. If so, Mr. Avenatti respectfully requests a trial date in November or December 2022 as to Counts 1-4 and 6-7. However, as described below, and described further by a Motion to Dismiss Pursuant to the Speedy Trial Act to be filed at a later date, Mr. Avenatti asserts that a trial on Counts 11-18 and 20-36 is barred by 18 U.S.C. § 3161 and the Sixth Amendment.

## II. LEGAL AUTHORITY

The Sixth Amendment guarantees that "the accused shall enjoy the right to a speedy and public trial." U.S. Const. Amend. VI. This Constitutional right "is somewhat

3

amorphous, [and] the remedy is severe: dismissal of the indictment." *United States v. Barela*, 2021 U.S. Dist. LEXIS 225307, *7 (D. N.M. 2021), quoting *United States v. Margheim*, 770 F.3d 1312, 1325 (10th Cir. 2014). To effectuate this Sixth Amendment right, "Congress enacted the Speedy Trial Act, which sets specified time limits after arraignment or indictment within which criminal trials must commence." *United States v. Olsen*, 21 F.4th 1036, 1040 (9th Cir. 2022). The pertinent part of the Speedy Trial Act ("the Act") has been codified into 18 U.S.C. § 3161.

The Act describes that "the district court may exclude from the 70-day calculation delay caused by a continuance ordered by the judge sua sponte or upon motion of either party 'if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *United States v. Engstrom*, 7 F.3d 1423, 1426 (9th Cir. 1993), quoting 18 U.S.C. § 3161(h)(8)(A). The Act also contains an extensive list "of automatic exclusions for certain narrowly defined delays resulting from necessary pretrial proceedings, interlocutory appeals, and other similar causes." *United States v. Frey*, 735 F.2d 350, 352 (9th Cir. 1984), citing 18 U.S.C. § 3161(h)(1)-(7). When the Act is violated, and the defendant not brought to trial within 70 days, the indictment must be dismissed.

Based on the following, Mr. Avenatti respectfully requests that the government's application be denied.

### III.  ARGUMENT

First, as to Counts 5, 8, 9, 10, and 19, the government's *ex parte* application should be denied as moot because Mr. Avenatti has now pled guilty to these charges.

Second, given Mr. Avenatti's request to consolidate the remaining counts into a single trial, the government's lack of objection to that request, and the Court's act of vacating the July 26, 2022, trial date, defendant respectfully requests that the remaining trial as to Counts 1-4, 6-7, 11-18, and 20-36 (should the Court overrule defendant's Speedy Trial Act challenges) be scheduled for November or December 2022. As a result, the

government's request to schedule Counts 1 through 10 for trial on July 26, 2022, as well as its corresponding calculations of excludable time, should be similarly denied as moot.

Third, Mr. Avenatti objects to the government's proposed exclusions of time for purposes of calculating time under the Speedy Trial Act related to Counts 1 through 10.

The period between October 12, 2021, and July 13, 2022, should not be excluded as a result of the interlocutory appeal. *See,* 18 U.S.C. 3161(h)(1)(c). Any excludable period of time as a result of the interlocutory appeal began on October 12, 2021, when the Notice of Appeal was filed [Dkt. 852] and ended when the Court retained jurisdiction on May 4, 2022. [Dkt. 925]. The government provides no reason why this period should be extended until July 13, 2022.

The government's requested exclusion of time between May 4, 2022, and July 26, 2022, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(i) is both improper and moot. The July 26, 2022, trial date has been vacated. Other than providing boilerplate language that parrots the verbiage of the Act, the prosecution provides no basis for this exclusion of time between the date the Court retained jurisdiction and the previously requested (and vacated) trial date for Counts 1 through 10.

Additionally, the government seeks to exclude the periods of September 29, 2021, through June 27, 2022, (or after the prompt disposition of defendant's motions) pursuant to 18 U.S.C. § 3161(h)(1)(D) as delay resulting from a pretrial motion. This request for an excludable period of time should similarly be denied. The government's request should be denied because the Court has issued an order that "vacates the status conference, motions in limine, and trial date." [Dkt. 955 (emphasis added)].

Fourth, Mr. Avenatti objects to the government's proposed exclusions of time for purposes of calculating time under the Speedy Trial Act related to Counts 11 through 36.

The period between October 12, 2021, and July 13, 2022, should not be entirely excluded as a result of the interlocutory appeal. *See,* 18 U.S.C. 3161(h)(1)(C). As described above, any excludable period of time as a result of the interlocutory appeal began on October 12, 2021, when the Notice of Appeal was filed [Dkt. 852] and ended

5

when the Court retained jurisdiction on May 4, 2022. [Dkt. 925]. The government provides no reason why this period should be extended until July 13, 2022.

The government argues that the period of October 12, 2021, through February 21, 2023, should be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(i), and (h)(7)(B)(ii). Other than providing boilerplate language that parrots the verbiage of the Act, the prosecution provides no basis for this retroactive exclusion of time between the filing of the Notice of Appeal and the requested trial date for Counts 11 through 36.

Further, the government asks that the Court determine that the periods of May 4, 2022, through July 26, 2022, be excluded pursuant to 18 U.S.C. § 3161(h)(1)(B) "because the delay results from trial with respect to other charges against defendant. . ." [Dkt. 954, p. 10]. This argument should be denied as moot because Mr. Avenatti has requested that any additional counts be consolidated into a single trial to take place in November or December 2022.

Additionally, the government seeks to exclude the periods of September 29, 2021, through June 27, 2022, (or after the prompt disposition of defendant's motions) pursuant to 18 U.S.C. § 3161(h)(1)(D) as a result of delay resulting from a pretrial motion "to the extent the motions relate to Counts 11-36[.]" [954-1, p. 3]. This request for an excludable period of time should similarly be denied because the Court has issued an Order that "vacates the status conference, <u>motions in limine</u>, and trial date." [Dkt. 955 (emphasis added)]. Further, the government has failed to establish with any specificity which motions relate to these counts.

<u>Finally</u>, Mr. Avenatti objects to any trial on Counts 11-18 and Counts 20-36. Mr. Avenatti intends on filing a Motion to Dismiss Counts 11-18 and 20-36 as a trial on these counts is violative of the Speedy Trial Act and the Sixth Amendment.

Prior to proceeding to trial on Counts 1 through 10, many days under the Speedy Trial Act had passed that were never found to be excluded for the purposes of calculating time under the Act. Following the mistrial on Counts 1 through 10, the procedural clock restarted only as to Counts 1 through 10. *See,* 18 U.S.C. § 3161(e). Thereafter, on

September 2, 2021, the parties entered into a written stipulation and the Court ordered a trial date of May 10, 2022, with excludable periods of time between October 12, 2021, through May 10, 2022, as to Counts 11 through 36. [Dkts. 802, 803]. When Mr. Avenatti filed a Notice of Appeal, the Speedy Trial Act clock was then paused, but not reset to zero. *See*, *United States v. Pitner*, 37 F.3d 1178 (9th Cir. 2002).

The Court retained jurisdiction on May 4, 2022, but had previously ordered (as to Counts 11 through 36) that time was excluded through May 10, 2022. As of the date of this filing, thirty-eight (38) days have passed since May 10, 2022. Cumulatively, more than seventy (70) non-excludable days have passed since the Indictment was filed charging Mr. Avenatti with Counts 11 through 36.

Mr. Avenatti respectfully requests that the Court postpone issuing an Order on the government's application until after Mr. Avenatti has had an opportunity to present the Court with his soon to be filed, if necessary, motion to dismiss.

For these reasons, the government's *ex parte* application should be denied in full.

Dated: June 17, 2022                                        Respectfully submitted,

                                                            /s/ Michael John Avenatti
                                                            MICHAEL JOHN AVENATTI

# CERTIFICATE OF SERVICE

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California. I am not a party to the above-entitled action. I have caused, on June 17, 2022 service of the:

DEFENDANT'S OPPOSITION TO THE GOVERNMENT EX PARTE APPLICATION FOR (1) CONTINUANCE OF TRIAL DATES, AND (2) FINDINGS EXCLUDABLE TIME PURSUANT TO THE SPEEDY TRIAL ACT

on the following party, using the Court's ECF system:

AUSA RANEE KATZENSTEIN AND AUSA BRETT SAGEL

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 17, 2022

/s/ H. Dean Steward
H. Dean Steward