1  TRACY L. WILKISON
   United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   RANEE A. KATZENSTEIN (Cal. Bar No. 187111)
4  Assistant United States Attorney
   Chief, Major Frauds Section
5       1100 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-2432
7       Facsimile: (213) 894-6269
        E-mail:   Ranee.Katzenstein@usdoj.gov
8
   BRETT A. SAGEL (Cal. Bar No. 243918)
9  Assistant United States Attorney
        Ronald Reagan Federal Building
10       411 West Fourth Street, Suite 8000
        Santa Ana, California 92701
11       Telephone:  (714) 338-3598
        Facsimile:  (714) 338-3708
12       Email:     Brett.Sagel@usdoj.gov

13 Attorneys for Plaintiff
   UNITED STATES OF AMERICA

14              UNITED STATES DISTRICT COURT

15           FOR THE CENTRAL DISTRICT OF CALIFORNIA

16 UNITED STATES OF AMERICA,        No. CR 19-061-JVS

17         Plaintiff,               GOVERNMENT'S POSITION RE FURTHER
                                    TRIAL PROCEEDINGS AND REPLY TO
18              v.                  DEFENDANT'S OPPOSITION TO
                                    GOVERNMENT'S *EX PARTE* APPLICATION
19 MICHAEL JOHN AVENATTI,           FOR (1) CONTINUANCE OF TRIAL DATES
                                    AND (2) FINDINGS OF EXCLUDABLE
20         Defendant.               TIME PERIODS PURSUANT TO SPEEDY
                                    TRIAL ACT
21
                                    **PROPOSED TRIAL DATE (Counts 11-18;
22                                  20-36):**
                                         Feb. 21, 2023
23

24

25 ///

26 ///

27 ///

28

I.    **BACKGROUND**

On June 15, 2022, plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Ranee A. Katzenstein, filed an *ex parte* application seeking entry of an order: (1) continuing the trial dates on Counts 1 to 10 of the Indictment to July 26, 2022, and on Counts 11 to 36 of the Indictment to February 21, 2023; and (2) finding excludable time from the otherwise applicable periods within which the Speedy Trial Act required the trials to begin. (CR 954.)

On June 16, 2022, defendant pleaded guilty to Counts 5, 8-10, and 19 of the Indictment. (CR 955.)  The Court set September 19, 2022, as the date for sentencing. (*Id.*)  The government stated that it did not intend to proceed to trial on Counts 1-4 and 6-7 and would promptly inform the Court of its position regarding trial on Counts 11-18 and 20-36.

On June 17, 2022, defendant filed an opposition to the government's *ex parte* application to continue the trial dates.  (CR 957.)

II.   **GOVERNMENT'S POSITION RE FURTHER TRIAL PROCEEDINGS**

The sentencing guidelines and the law pertaining to relevant conduct and the law addressing restitution for harms caused by scheme offenses, such as the wire fraud offenses to which defendant has pleaded guilty, will allow the Court to impose a sentence on Counts 5, 8-10 and 19 that addresses the full scope of defendant's criminal conduct.  Such a sentence would obviate the need for a trial on the remaining counts.  Accordingly, the government expects to move to dismiss the remaining counts of the Indictment after sentence is

2

imposed.  In the interim, however, the government requests that the Court grant the government's *ex parte* application to continue the trial on Counts 11-18 and 20-36 to February 21, 2023, and enter excludable time findings to support the continuance.

## III. REPLY TO DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S *EX PARTE* APPLICATION FOR CONTINUANCE OF THE TRIAL ON COUNTS 11-18, 20-36

Defendant contends that the Court should deny a continuance on Counts 11-18 and 20-36 because a trial on those counts is barred by the Speedy Trial Act. Defendant is wrong.

The Indictment was filed on April 10, 2019.  The Speedy Trial Act required trial to begin within 70 days, i.e., by June 19, 2019. The Court has already found that the period from June 4, 2019, through May 10, 2022, is excluded from the 70-day calculation. (CR 39, 66, 126, 171, 386, 804.)  The period of excludable time extends to June 17, 2022, the date on which the Court entered its order vacating the date for the trial of Counts 1-10, pursuant to 18 U.S.C. § 3161(h)(1)(B), because the delay results from trial with respect to other charges against defendant, and to the date upon which the Court disposes of defendant's pending pre-trial motions, pursuant to 18 U.S.C. § 3161(h)(1)(D), because it constitutes a delay resulting from a pretrial motion, from the filing of the motion through the prompt resolution of the motion.[1]

---

[1] On September 29, 2021, defendant filed a motion *in limine* to exclude expert testimony of John Drum and request for a *Daubert* hearing. (CR 833.) On October 11, 2021, defendant filed a motion for an order to show cause re civil contempt and finding of contempt; and motion to compel discovery, alleging failures to produce records relevant to, among other matters, John Drum and the finances of Eagan Avenatti. (CR 851.)  Both motions are relevant to Counts 11-18 and 20-36 in that that raise challenges to the government's financial analyst (John Drum) and the completeness of the government's

*(footnote cont'd on next page)*

Defendant's contention that the pending motions do not provide a basis for excludable time because the Court has vacated the hearing on the motions *in limine* (CR 957 at 6) is without merit.  To the extent defendant is suggesting that the Court has vacated the motions themselves rather than the hearing on the motions, defendant is incorrect.  The Court's intention only to suspend proceedings on the motions rather than to resolve them by vacating the motions themselves is clear from the Court's order that defendant's "[r]eply to contempt motion [CR 851] is suspended at this time."  (CR 955.) The on-going pendency of the motions results in excludable time.  *See United States v. Medina*, 524 F.3d 974, 979 (9th Cir. 2008) ("[T]he district court must exclude time while the motion is pending even if the court ultimately does not hold a hearing or rule on the motion."); *United States v. Gorman*, 314 F.3d 1105, 1115 (9th Cir. 2002) (holding that the district court properly excluded the nearly 10-month period between defendant's filing of a motion to exclude evidence and the defendant's entering of a guilty plea even though the court never ruled on the suppression motion).

The government's *ex parte* application also demonstrates that the period of October 12, 2021, to February 21, 2023, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(ii) because the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and the case is so unusual and so complex, due to the

---

disclosures of information pertaining to Eagan Avenatti, LLP's overall finances and financial position.

1  nature of the prosecution, that it is unreasonable to expect

2  preparation for pre-trial proceedings or for the trial itself within

3  the time limits established by the Speedy Trial Act.  Defendant's

4  objection -- that the government has only "provid[ed] boilerplate

5  language" (CR 957 at 6) -- again lacks merit.  The government's *ex*

6  *parte* application noted that over a million pages of discovery as

7  well as numerous digital devices have been produced in discovery, and

8  Counts 11-18 and 20-36 charge various tax fraud offenses arising in

9  connection with defendant's own individual tax obligations and the

10  tax obligations of various entities defendant controlled, which

11  offenses span approximately ten years and involve substantial

12  financial records and transactions; bankruptcy fraud charges; and

13  bank fraud and identity theft charges. (CR 956 at 7.)

14  ///

15  ///

16  ///

1    **IV.   CONCLUSION**

2          For all these reasons and the reasons set forth in the

3    government's *ex parte* application, the government respectfully

4    requests that the Court grant the *ex parte* application, continue the

5    trial on Counts 11-18 and 20-36 to February 21, 2023, and enter

6    excludable time findings to support the continuance.[2]

7     Dated: June 21, 2022                    Respectfully submitted,

8                                             TRACY L. WILKISON
                                              United States Attorney
9
                                              SCOTT M. GARRINGER
10                                            Assistant United States Attorney
                                              Chief, Criminal Division
11

12

13    _____/s/_____
                                              BRETT A. SAGEL
14                                            RANEE A. KATZENSTEIN
                                              Assistant United States Attorneys
15
                                              Attorneys for Plaintiff
16                                            UNITED STATES OF AMERICA

17

18

19

20

21

22

23

24

25

26

27    _____
            [2] The proposed order lodged with the government's *ex parte*
28    application was submitted before defendant entered his guilty pleas
      and includes findings relevant to Counts 1-4 and 6-7. The government
      will submit a revised proposed order upon request by the Court.