Michael John Avenatti (Pro Se)

H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 497-6753

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
| Plaintiff, | |
| | NOTICE OF MOTION AND MOTION TO DISMISS COUNTS 11-18 AND 20-36 PURSUANT TO THE SIXTH AMENDMENT AND THE SPEEDY TRIAL ACT |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti"), by and through his advisory counsel of record, H. Dean Steward, hereby files the instant Notice of Motion and Motion to Dismiss Counts 11-18 and 20-36 of the Indictment pursuant to the Sixth Amendment and the Speedy Trial Act.

///
///
///

Defendant's filing is based on the attached memorandum of points and authorities; the evidence referenced in the attached; the files, records and transcripts in this case and the other cases cited herein; and such further evidence and argument as the Court may permit at a hearing on this matter.

Dated: June 24, 2022                    Respectfully submitted,

/s/ Michael John Avenatti
MICHAEL JOHN AVENATTI

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ iv

**MEMORANDUM OF POINTS AND AUTHORITIES** ..................................... 1

I.    INTRODUCTION & FACTUAL BACKGROUND ............................ 1

II.   LEGAL STANDARD ........................................................................ 4
      A. Sixth Amendment Right to a Speedy Trial ................................ 4
      B. Speedy Trial Act ....................................................................... 5
      C. The *Ends of Justice* Exclusion of Time................................... 6
      D. Interlocutory Appeal ................................................................. 7
      E. Pretrial Motions........................................................................ 8
      F. Other Charges............................................................................ 8
      G. Remedy ..................................................................................... 9

III.  ARGUMENT .................................................................................... 9

IV.   CONCLUSION ................................................................................ 15

# TABLE OF AUTHORITIES

## CASES:                                                           Page

*Barker v. Wingo,*
407 U.S. 514 (1972)……………………………………………………...5

*Doggett v. United States,*
505 U.S. 647 (1992)……………………………………………………...5

*Furlow v. United States,*
644 F.2d 764 (9th Cir. 1981)………………………………….………...4

*Henderson v. United States,*
476 U.S. 321 (1986)…………………………………………..……….8

*Klofer v. State of N.C.,*
386 U.S. 213 (1967)…………………………………..……..……….4

*United States v. Arellano-Ochoa,*
461 F.3d 1142 (9th Cir. 2006)………………………………….……..9

*United States v. Barela,*
2021 U.S. Dist. LEXIS 225307 (D. N.M. 2021)…………………………….…..4

*United States v. Crooks,*
804 F.2d 1441 (9th Cir. 1986)...……………………………………..……...7, 8

*United States v. Daychild,*
357 F.3d 1082 (9th Cir. 2004)………….……………………………..…...5, 6

*United States v. Engstrom,*
7 F.3d 1423 (9th Cir. 1993)…...………………………….……..………...6

*United States v. Ferris,*
751 F.2d 436 (1st Cir. 1984)………………………………………………..8

*United States v. Gregory,*
322 F.3d 1157 (9th Cir. 2003)………...……………………………..……..……...5

*United States v. Henning,*
513 F. Supp. 3d 1193 (C.D. Ca. 2021)…………………………….…………4, 6

*United States v. Hickey*,
580 F.3d 922 (9th Cir. 2009)……………………………………..……...….…..…..7

*United States v. Lewis*,
611 F.3d 1172 (9th Cir. 2010)……….....……………………………..……7, 13

*United States v. Lloyd*,
125 F.3d 1263 (9th Cir. 1997)……….....……………………………………..7

*United States v. Lopez-Espindola*,
632 F.2d 107 (9th Cir. 1980)…………………………………….…….9, 14

*United States v. Margheim*,
770 F.3d 1312 (10th Cir. 2014)……....………………………..….….……4

*United States v. Medina*,
524 F.3d 974 (9th Cir. 2008)…………………………………….…….8, 9

*United States v. Myers*,
930 F.3d 1113 (9th Cir. 2019)…………………………..….….……….4, 5

*United States v. Nance*,
666 F.2d 353 (9th Cir. 1982)……..…………………………….…….…..7

*United States v. Olsen*,
21 F.4th 1036 (9th Cir. 2022)……………………………….…….…..5

*United States v. Pena-Carillo*,
46 F.3d 879 (9th Cir. 1995)…..……..………………………….….……9

*United States v. Pitner*,
307 F.3d 1178 (9th Cir. 2002)…………………………………..…….7, 8

*United States v. Winans*,
2018 U.S. Dist. LEXIS 211011 (E.D. La. 2018)………………………...…..14

**STATUTES, CODE SECTIONS AND OTHER SOURCES:**

U.S. Const. Amend. VI……………………………………4, 5, 9, 14, 15

18 U.S.C. § 3161…………..……………………...……………2, 3, 5, 6, 7, 8, 10, 12, 13, 14

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION & FACTUAL BACKGROUND

An Indictment was filed on April 10, 2019. [Dkt. 16]. Accordingly, the Speedy Trial Act required that trial commence on or before June 19, 2019. On April 29, 2019, a status conference was held and the Court set a jury trial within seventy (70) days of April 10, 2019 (*i.e.*, June 4, 2019). [Dkt. 23]. On May 17, 2019, the Court issued an Order continuing the trial from June 4, 2019, to August 27, 2019. [Dkt. 34]. The Court made a finding that the period of June 4, 2019, through August 27, 2019, was excluded for the purposes of computing time for the Speedy Trial Act.[1] [*Id.*, p. 2]. At this point, fifty-four (54) days had passed since April 10, 2019 (*i.e.*, April 10, 2019, through June 3, 2019). After being presented with multiple stipulations, the Court issued Orders continuing the trial from June 4, 2019, through July 13, 2021, and found that the interim period was excluded in computing time for Speedy Trial Act purposes. [Dkt. 34, 66, 126, 171, 386, 407]. Ultimately, the trial on Counts 1 through 10 began on July 13, 2021, and the trial on Counts 11 through 36 was scheduled to commence on October 12, 2021. [Dkt. 553, 386].

The trial on Counts 1 through 10 resulted in a mistrial on August 24, 2021. [Dkt. 780]. Shortly thereafter, on September 2, 2021, the parties entered into a stipulation and the Court ordered that the second jury trial on Counts 1 through 10 would commence on November 2, 2021, and the trial on Counts 11 through 36 would begin on May 10, 2022. [Dkt. 804.]. The following periods of time were excluded as justifiable delay under the Speedy Trial Act: (1) Counts 1 through 10 – July 13, 2021, through November 2, 2021; and, (2) Counts 11 through 36 – October 12, 2021, through May 10, 2022.

On October 12, 2021, the defendant filed a Notice of Appeal after the Court denied his Motion to Dismiss the Case Due to Double Jeopardy, Prosecutorial Misconduct,

---

[1] This motion is filed out of an abundance of caution because relief by way of the Speedy Trial Act and the Sixth Amendment requires a defendant to move the Court for dismissal. Provided Counts 11-18 and 20-36 are dismissed, it will obviate the need for further briefing and a hearing on the motion. Mr. Avenatti requests that this motion be held in abeyance until after sentencing on Counts 5, 8, 9, 10, and 19.

Contempt of this Court's January 25, 2021 Order [Dkt. 408], and Violations of Defendant's Right to Due Process. [Dkt. 838, 852]. The Court did not retain jurisdiction until the Ninth Circuit mandate was issued and received on May 4, 2022. [Dkt. 925].

On May 6, 2022, a status conference was held wherein the Court set the jury trial on July 5, 2022, for Counts 1 through 10. [Dkt. 926]. During that hearing, the government alerted the Court, "We previously set a trial date for Counts 11 through 36 for May 10, next Tuesday. I'm assuming those dates are vacated. I guess the question is how you want us to go about setting a trial date for that, if you want to set one and do a speedy trial -- " [5/6/22, Tr., p. 12]. The Court responded, "Well, I will let you meet and confer. I think that the contemplation is basically a four to six-month gap between Phase I and Phase II. I want you to meet and confer and come back to me with something. If not, tell me that you are unable to agree, and I will make the findings under the Speedy Trial Act." [*Id.*]. After the government inquired as to whether it was defendant's belief that the Speedy Trial Act was stayed during his appeal, the Court replied, "Well, I mean, that's pretty clear." [*Id.* at 13]. The Court also noted, "I mean, in theory, worst case is the Speedy Trial Act clock starts with respects to all counts. . ." as of May 4, 2022. [*Id.*]. The trial on Counts 11-36 did not proceed on May 10, 2022, and no findings were previously made regarding the exclusion of time relevant to those counts. As of the date of this filing, forty-five (45) days have passed since the trial was scheduled to commence on May 10, 2022.

On June 15, 2022, the government filed an *ex parte* application for (1) continuance of trial dates and (2) findings of excludable time periods pursuant to the Speedy Trial Act. [Dkt. 954]. The prosecution requested that the Court continue the trial date for Counts 11-36 to February 21, 2023. The government also asked that the Court make the following findings regarding the exclusion of time under the Speedy Trial Act: (1) October 12, 2021, to July 13, 2022, pursuant to 18 U.S.C. § 3161(h)(1)(C) as a result of the interlocutory appeal; (2) October 12, 2021, to February 21, 2023, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(i), and (h)(7)(B)(ii) "because the delay results from a continuance granted by the Court's own motion, on the basis of the Court's finding that: (i) the ends of justice

served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) the case is so unusual and so complex, due to the nature of the prosecution, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. . ." [Dkt. 954, p. 9-10]; (3) May 4, 2022, to July 26, 2022, (or the conclusion of the trial on Counts 1-10), pursuant to 18 U.S.C. § 3161(h)(1)(B) "because the delay results from trial with respect to other charges against defendant. . ." [Dkt. 954, p. 10]; and, (4) September 29, 2021, to either June 27, 2022, or the prompt disposition of defendant's motions pursuant to 18 U.S.C. § 3161(h)(1)(D).

Subsequently, on June 16, 2022, Mr. Avenatti pled guilty to Counts 5, 8, 9, 10, and 19. [Dkt. 955]. On June 17, 2022, defendant filed an opposition to the government's *ex parte* application objecting to the government's proposed trial date and the exclusions of time. [Dkt. 957]. On June 21, 2022, the prosecution submitted, "Government's Position Re Further Trial Proceedings and Reply to Defendant's Opposition to Government's *Ex Parte* Application for (1) Continuance of Trial Dates and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act." [Dkt. 959]. The prosecution described that ". . . the government expects to move to dismiss the remaining counts of the Indictment after sentence is imposed." [Dkt. 959, p. 2-3]. Nevertheless, the government requested a trial date on Counts 11-18 and 20-36 be scheduled for February 21, 2023. [*Id.* at 3].

Subsequently, on June 21, 2022, the Court issued an Order continuing the trial on Counts 11-18 and 20-36 to February 21, 2023. [Dkt. 960]. The Court made the following findings regarding the excludable periods of time: (1) May 10, 2021[2], through June 17,

---

[2] One portion of the Court's Order refers to the period of May 10, 2022, through June 17, 2022 [Dkt. 960, p. 2] while another references May 4, 2022, through June 17, 2022. [Dkt. 960, p. 3]. For the purposes of this analysis, Mr. Avenatti will refer to the May 10, 2022, date due to the defendant's prior stipulation excluding time until that date. *See,* [Dkt. 804]. Mr. Avenatti agrees that the period of May 4, 2022, through May 10, 2022, was previously excluded pursuant to a written Order.

3

2022, excluded pursuant to 18 U.S.C. § 3161(h)(1)(B), (D); and (2) October 12, 2021, through February 21, 2023, excluded pursuant to 18 U.S.C. § 3161(h)(1)(B), (h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(ii).[3]

Based on the following, Mr. Avenatti respectfully requests that the Court dismiss Counts 11-18 and 20-36. Proceeding on these counts is violative of the Sixth Amendment and the Speedy Trial Act.

## II.   LEGAL STANDARD

### A. <u>Sixth Amendment Right to a Speedy Trial</u>

The Sixth Amendment guarantees that "the accused shall enjoy the right to a speedy and public trial." U.S. Const. Amend. VI. The right to a speedy trial "has roots at the very foundation of our English law heritage" and "is one of the most basic rights preserved by our Constitution." *United States v. Henning*, 513 F.Supp.3d 1193, 1202 (C.D. Ca. 2021), *quoting Klofer v. State of N.C.*, 386 U.S. 213, 224 (1967). Except for the right to a fair trial before an impartial jury, "no mandate of our jurisprudence is more important" than the right to a speedy trial. *Furlow v. United States*, 644 F.2d 764, 769 (9th Cir. 1981). In furtherance of the Sixth Amendment protections, "[c]ourts must always be vigilant to protect and enforce it." *Henning*, 513 F.Supp. 3d at 1203. This Constitutional right "is somewhat amorphous, [and] the remedy is severe: dismissal of the indictment." *United States v. Barela*, 2021 U.S. Dist. LEXIS 225307, *7 (D. N.M. 2021), *quoting United States v. Margheim*, 770 F.3d 1312, 1325 (10th Cir. 2014).

In order "to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay. . . ." *United States v. Myers*, 930 F.3d 1113, 1119 (9th

---

[3] It should be noted that the Court also included the following statement in its Order: "Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which the trial must commence. . . ." For the purposes of this Motion to Dismiss, Mr. Avenatti relies on the provisions of the Speedy Trial Act specifically referenced by the Court.

Cir. 2019), *quoting Doggett v. United States*, 505 U.S. 647, 651-52 (1992). The Ninth Circuit has previously determined that a delay of twenty-two (22) months between when the defendant was indicted and brought to trial was sufficient to raise a presumption of prejudice. *Myers*, 930 F.3d at 1122. Although there is no *bright-line* rule, district courts have typically "found that delays approaching one year are presumptively prejudicial." *Id.* at 1119, *quoting United States v. Gregory*, 322 F.3d 1157, 1161-62 (9th Cir. 2003). Then, the district court looks at the reason for the delay, the purpose behind the delay, and "the reason the government assigns to justify the delay." *Id.* at 1119, *citing Barker v. Wingo*, 407 U.S. 514, 531 (1972). Courts should then balance "whether the defendant asserted his right to a speedy trial." *Id.* at 1120. Finally, the trial court is required to determine "whether the defendant was prejudiced by the law." *Id.* In looking to whether the defendant is prejudiced the Ninth Circuit directs district courts to evaluate the three interests the Constitutional right was designed to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and, (3) to limit the possibility that the defense will be impaired. *Id.*

### B. Speedy Trial Act

To effectuate this Sixth Amendment right, "Congress enacted the Speedy Trial Act, which sets specified time limits after arraignment or indictment within which criminal trials must commence." *United States v. Olsen*, 21 F.4th 1036, 1040 (9th Cir. 2022). The Speedy Trial Act ("the Act") "is designed to ensure that justice is not impaired by unnecessary delay between arraignment and trial. A criminal defendant's trial must commence within seventy days of the filing of the indictment or the defendant's initial court appearance, whichever is later." *United States v. Daychild*, 357 F.3d 1082, 1090 (9th Cir. 2004). Pursuant to 18 U.S.C. § 3161(c)(1): "the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days form the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court, in which such charge is pending, whichever date last occurs." If a defendant is not brought to trial

5

"within the time limit required by section 3161(c) [18 U.S.C. § 3161(c)] as extended by section 3161(h) [18 U.S.C. § 3161(h)], the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2).

The Act recognizes "that legitimate needs of the government and of a criminal defendant may cause permissible delays. Numerous statutory exclusions, reflecting the need for orderly and fair procedures, call for time to be excluded from the calculation of the seventy-day limit." *Daychild*, 357 F.3d at 1090. The Act contains an extensive list "of automatic exclusions for certain narrowly defined delays resulting from necessary pretrial proceedings, interlocutory appeals, and other similar causes." *United States v. Frey*, 735 F.2d 350, 352 (9th Cir. 1984), *citing* 18 U.S.C. § 3161(h)(1)-(7). In the government's *ex parte* application seeking the exclusion of time for the purposes of calculating time under the Act [Dkt. 954], the prosecution relied on the following provisions to justify the delay: (1) 18 U.S.C. § 3161(h)(1)(C), interlocutory appeal; (2) 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(ii), ends of justice; (3) 18 U.S.C. § 3161(h)(1)(B), delay from trial on other charges; and, (4) 18 U.S.C. § 3161(h)(1)(D), delay as a result of motions.

## C. The *Ends of Justice* Exclusion of Time

The Act describes that "the district court may exclude from the 70-day calculation delay caused by a continuance ordered by the judge sua sponte or upon motion of either party 'if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *United States v. Engstrom*, 7 F.3d 1423, 1426 (9th Cir. 1993), *quoting* 18 U.S.C. § 3161(h)(7)(A). The Act has delineated several factors that the "judge shall consider to determining whether to grant a [ends of justice] continuance. . ." 18 U.S.C. § 3161(h)(7)(B). Here, the Court relied on (i) the potential for a miscarriage of justice; and, (ii) the unusual nature/complexity of the case. The *ends of justice* category of excludable delay is "a sort of catchall category allowing exclusion of time. . . ." *Henning*, 513 F.Supp. 3d 1193, 1203. However, the Ninth Circuit has previously determined that Congress intended for the *ends of justice* provision to be "rarely used. . ." *United States v.*

*Nance*, 666 F.2d 353, 355 (9th Cir. 1982). To grant an *ends of justice* continuance, a district court must satisfy two requirements: (1) the continuance must be specifically limited in time; and, (2) it must be justified on the record with reference to the facts related to the time of delay. *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010), *quoting United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). The "ends of justice" exclusion of time under the Act requires the court to set forth "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by granting such continuance outweigh the best interests of the public and the defendant in a speedy trial." *United States v. Hickey*, 580 F.3d 922, 928 (9th Cir. 2009), *quoting* 18 U.S.C. § 3161(h)(7)(A). The Ninth Circuit law is clear: "<u>The Act's carefully-crafted exclusions would be rendered wholly irrelevant if a district court could invoke the 'ends of justice' provision *retroactively*, to validate any delay that occurred prior to trial</u>." *United States v. Clymer*, 25 F.3d 824, 829 (9th Cir. 1994)(emphasis in original & added); *see also, United States v. Pitner*, 307 F.3d 1178, 1182 (9th Cir. 2002)("We have held that, when a district judge mistakenly continues a trial beyond the Speedy Trial Act deadline and only later considers whether the 'ends of justice' required a continuance, the Act is violated and the indictment must be dismissed." (internal citation omitted)); *Frey*, 735 F.2d at 352 ("…the district court erred by making *nunc pro tunc* findings to accommodate its unwitting violation of the Act…").

### D. Interlocutory Appeal

Delay resulting from an interlocutory appeal is a period of delay that "shall be excluded in computing the time" within which the trial must commence. 18 U.S.C. § 3161(h)(1)(C). The Ninth Circuit has repeatedly and unambiguously determined that the effect of an interlocutory appeal "was to *interrupt*, not to restart, the running of the 70-day clock." *Pitner*, 307 F.3d at 1182 (emphasis in original), *citing* 18 U.S.C. § 3161(h)(1); *see also, United States v. Crooks*, 804 F.2d 1441 (9th Cir. 1986)("interlocutory appeals interrupt the seventy day period; they do not start it running."). During the interlocutory appeal, "the district court retains jurisdiction to address aspects of the case that are not

subject to the appeal. [] The district court thus, can make arrangements for prompt trial after remand [] and possibly can anticipate proper grounds for continuance." *Pitner*, 307 F.3d at n. 5 (citation omitted).

The Ninth Circuit has also determined that "the action which occasions the trial following an unsuccessful interlocutory appeal is the receipt of the appellate court's mandate by the district. . ." *Crooks*, 804 F.2d at 1445; *see also, United States v. Ferris*, 751 F.2d 436, 439-41 (1st Cir. 1984)(interlocutory appeal time is excludable until the mandate is received by district court clerk); *Pitner*, 307 F.3d at 1183 ("the date of issuance, not the receipt, of the mandate [is] the crucial point at which the interrupted Speedy Trial clock started running again.")

### E.  Pretrial Motions

The Act also allows for the exclusion of time, from "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). If a pretrial motion does not require a hearing, "the period from the date the motion was taken under advisement until the court rules on the motion, but no more than 30 days, may be excluded." *United States v. Medina*, 524 F.3d 974, 978-79 (9th Cir. 2008); *citing Henderson v. United States*, 476 U.S. 321, 329-20 (1986). Alternatively, if a pretrial motion requires a hearing, "a district court must exclude the following periods of delay: (i) the period from the date the motion was filed to the conclusion of the hearing; (ii) the period from the conclusion of the hearing until the date the district court 'receives all the submissions by counsel it needs to decide that motion,' and (iii) the period from the last day of the period described in (i) or (ii), as applicable, until the court rules on the motion, but no more than 30 days." *Id.*, *citing Henderson*, 476 at 329-32.

### F.  Other Charges

Delays resulting "from trial with respect to other charges against the defendant" is a period of delay that "shall be excluded in computing the time" within which the trial must commence. 18 U.S.C. § 3161(h)(1)(C). The Ninth Circuit has determined that delay

from other charges is not "expressly or impliedly limited to that delay arising from the actual trial." *United States v. Lopez-Espindola*, 632 F.2d 107, 111 (9th Cir. 1980)(the relevant periods of delay include not only the trial itself but pretrial preparations).

G. <u>Remedy</u>

Both the Sixth Amendment and the Speedy Trial Act demand dismissal of the indictment upon the appropriate showing. When the Act is violated, the indictment must be dismissed. If the defendant is not brought to trial within the seventy (70) day period, outside of the days properly excluded, "then the defendant may move for a dismissal of the indictment." *Medina,* 524 F.3d at 980, *citing* 18 U.S.C. § 3162(a)(2). However, the question that remains is "whether the indictment should be dismissed with or without prejudice." *United States v. Clymer*, 25 F.3d 824, 831 (9th Cir. 1994). Should the district court establish that the Act has been violated and dismissal is appropriate, the Court must consider the following factors to determine whether the dismissal should be with or without prejudice: (1) seriousness of the offense, (2) circumstances leading to the dismissal, and (3) the impact of re-prosecution on administration of the Speedy Trial Act and of justice. *United States v. Arellano-Ochoa*, 461 F.3d 1142, 1147 (9th Cir. 2006), *citing United States v. Pena-Carillo*, 46 F.3d 879 (9th Cir. 1995).

As described herein, Counts 11-18 and 20-36 should be dismissed.

## III.   ARGUMENT

Mr. Avenatti respectfully requests that the Court dismiss Counts 11-18 and 20-36. Proceeding on these counts is violative of the Sixth Amendment and the Speedy Trial Act.

<u>First</u>, Mr. Avenatti submits the instant calculation of time under the Speedy Trial Act as to Counts 11-18 and 20-36. On April 10, 2019, the Indictment was filed. [Dkt. 16]. The Court made several findings excluding the period of June 4, 2019, through May 10, 2022, for the purpose of the Speedy Trial Act. [Dkt. 34, 66, 126, 171, 386, 804]. On October 12, 2021, a Notice of Appeal was filed, depriving the Court of jurisdiction to proceed with the case until the mandate was issued on May 4, 2022. [Dkts. 852, 925]. The

Notice of Appeal tolled the excludable time period, rather than started the clock anew. Between the time the Indictment was docketed and the previously scheduled trial date of May 10, 2022, <u>fifty-four (54) non-excludable days</u> passed in connection with Counts 11-18 and 20-36.

Once the mandate was issued, the trial on Counts 11-36 was scheduled to commence on May 10, 2022. This date was never formally vacated. Mr. Avenatti did not enter into a stipulation with the government to continue the trial on these outstanding counts. He then filed a formal objection to the government's *ex parte* application. [Dkt. 957]. On June 16, 2022, Mr. Avenatti also informed the Court that it was his intent to file the instant motion to dismiss. Between May 10, 2022, and the date of this filing (June 24, 2022), <u>forty-five (45) non-excludable days</u> have passed. It is Mr. Avenatti's position that as of the day of this filing, <u>one hundred five (105)</u>, non-excludable days have passed since the Indictment was filed.

<u>Second</u>, Mr. Avenatti respectfully disagrees with the Court's calculation of time and findings of excludable time between May 10, 2022, and June 17, 2022. In justifying the period of delay, the Court relied on the following sections (1) 18 U.S.C. § 3161(h)(1)(B); and, (2) 18 U.S.C. § 3161(h)(1)(D). Each provision is addressed individually.

i.  *Delay from Pretrial Motions – 18 U.S.C. § 3161(h)(1)(D)*

On September 29, 2021, several motions in limine were filed in anticipation of the retrial on Counts 1 through 10, which was scheduled to begin November 2, 2021. The following motions were timely filed four weeks prior to the final, pretrial conference on October 27, 2021: (1) Motion in Limine to Exclude Evidence and Argument Related to the First Trial, the Mistrial, and the Reasons for the Mistrial Pursuant to Federal Rules of Evidence 401, 402, and 403 [Dkt. 830]; (2) Motion in Limine to Limit Cross-Examination [Dkt. 831]; (3) Motion in Limine to Exclude Questions, Evidence, and Arguments about Andrew Stolper [Dkt. 832]; and, (4) Motion to Exclude Expert Testimony of John Drum and Request for a *Daubert* Hearing [Dkt. 833]. On October 6, 2021, the government also filed a Motion in Limine to Admit Trial Exhibits Previously Admitted. [Dkt. 845]. On

October 11, 2022, Mr. Avenatti filed a Motion for Order to Show Cause Re Civil Contempt and Finding of Contempt [Dkt. 851].

It is beyond apparent that the first five motions[4] referenced above had nothing to do with Counts 11-18 and 20-36. These motions were filed in connection with the preparation for the underline first trial. The government's motion to exclude evidence of, and argument from, first trial specifically related to Counts 1 through 10 and had no plausible connection to Counts 11-18 and 20-36. The motion to limit cross-examination was similarly specifically related to Mr. Avenatti's ability to cross-examine witnesses during the retrial. In its motion, the government recounted the lengthy examinations performed by defendant during the first trial in an effort to prevent Mr. Avenatti from doing so again in the retrial.

The government also filed a motion to exclude reference to Andrew Stolper. In that motion, the government made repeated reference to the "first trial" and focused its inquiry on Mr. Stolper's relevance to the client counts. *See, e.g.,* Dkt. 832, p. 10 ("This case is about whether defendant stole his client's money and Mr. Stolper has nothing to do [with] that."). Mr. Avenatti also filed a renewed motion to exclude the testimony of John Drum. The government argues that this motion was relevant to Counts 11-18 and 20-36 because it raised "challenges to the government's financial analyst (John Drum) and the completeness of the government's disclosures of information pertaining to Eagan Avenatti, LLP's overall finances and financial position." [Dkt. 959, p. 3, n. 1]. The contents of the motion and the timing of its filing, make it clear that the motion was focused on Counts 1 through 10. The motion detailed Mr. Drum's expert testimony at the first trial, his Rule 1006 summaries presented at the first trial, and his incomplete testimony due to his lack of access to all data (*i.e.*, complete QuickBooks and Tabs data). It is very apparent from the content of the motion that this motion was exclusively related to the

---

[4] In the government's June 21, 2022 *ex parte* application, the prosecution argued that the filing of pretrial motions supported a finding of excludable delay. In doing so, the government relied exclusively on the Motion to Exclude Expert Testimony of John Drum [Dkt. 833] and Motion for an Order to Show Cause Re Civil Contempt [Dkt. 851], seemingly conceding that the others have no apparent relevance to Counts 11-18 and 20-36. [Dkt. 959, p. 3, n. 1].

client counts. The government's motion to admit the government's trial exhibits that the Court previously ruled on during the first trial asked specifically for an Order to "admit the government's trial exhibits previously admitted at the first trial at the second trial without further foundational questions." [Dkt. 845, p .8]. This motion is inherently unrelated to Counts 11-18 and 20-36.

Finally, on October 11, 2021, Mr. Avenatti filed a Motion for Order to Show Cause Re Civil Contempt and Finding of Contempt. [Dkt. 851]. The government argued that this motion is relevant "to Counts 11-18 and 20-36 in that [it] raise[d] challenges to the government's financial analyst (John Drum) and the completeness of the government's disclosures of information pertaining to Eagan Avenatti, LLP's overall finances and financial position." [Dkt. 959, p. 3, n. 1]. Again, it is apparent from the substance of the motion that the inquiry focused on the client counts. In Mr. Avenatti's motion, he alerted the Court to several items of discovery that had not been produced. The demand for discovery was made in preparation for the first trial: invoices for Mr. Drum that remained outstanding and were a subject of cross-examination during the first trial; slides/decks/presentations from Mr. Drum that were revealed to the defense in the middle of the first trial; financial information relating to the clients in the Indictment; cost expense and invoice information relating to the clients identified in the Indictment; financial information relating to the firm and its financial position ("all topics explored by the government during its case-in-chief in the first trial" [Dkt. 851, p. 19]); financial reports relating to the clients and the firm, etc. The timing of the request also makes clear that the defense pursued this motion, ahead of the retrial, in order to make sufficient use of those materials. All six motions were made in connection with the trial on Counts 1 through 10 and should not be used to justify excludable time as to the severed counts.

ii.    *Delay from Other Charges - 18 U.S.C. § 3161(h)(1)(B)*

Mr. Avenatti objects to the period of May 10, 2022, through June 17, 2022, being retroactively excluded for the purposes of calculating time under the Speedy Trial Act. This finding was made *after* Mr. Avenatti pled guilty to Counts 5, 8, 9, 10 and 19, and the

prosecution made it clear that it expects to dismiss the remaining counts of the Indictment. Further, is unclear why the day of June 17, 2022, is excluded for the purposes of calculating time when Mr. Avenatti pled guilty to several client counts the previous day, June 16, 2022.

For these reasons, Mr. Avenatti respectfully objects to the pretrial motions and delay from other charges being used to justify the delay between the period of May 10, 2022, and June 17, 2022.

Third, Mr. Avenatti respectfully disagrees with the Court's calculation of time and the excluded period of October 12, 2021, through February 21, 2023, pursuant to 18 U.S.C. § 3161(h)(1)(B), (h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(ii).

       i.    *Ends of Justice - 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), & (ii)*

Mr. Avenatti objects to the lengthy period of October 12, 2021, through February 21, 2023, being excluded for the purposes of calculating time under the Speedy Trial Act. As described above, the *ends of justice* provision of the Speedy Trial Act was meant to be rarely employed and must satisfy two conditions: (1) it must be limited in time, and (2) it must be justified on the record with reference to facts related to the time of the delay. *Lewis*, 611 F.3d at 1176, *see also Clymer*, 25 F.3d at 829 ("We take this opportunity once again to emphasize that the 'ends of justice' exclusion . . . is not to be routinely applied.").

Here, the exclusion of time spanning sixteen (16) months is not sufficiently limited in time and the record does not justify such a delay. In fashioning the Order, the Court described that the exclusion of time was made after it considered the following factors: (1) "Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice."; and, (2) "Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(i), (ii). The *ends of justice* findings regarding October 21, 2021, through February 21, 2023, are

13

retroactive findings, which have specifically been rejected by the Ninth Circuit. *See, e.g., Clymer, supra,* 25 F.3d at 829.

        ii.    *Delay from Other Charges - 18 U.S.C. § 3161(h)(1)(B)*

In excluding the period of October 12, 2021, through February 21, 2023, the Court also determined that the timeframe was justifiable delay as a result of the other charges. Mr. Avenatti respectfully objects to this finding. On June 16, 2022, Mr. Avenatti pled guilty to Counts 5, 8, 9, 10, and 19. During this hearing, Mr. Avenatti requested that any additional trial on the remaining counts (Counts 1-4, 6-7, 11-18, and 20-36) proceed together. The government did not object to the counts being tried together and the Court expressed willingness to have one remaining trial as opposed to two severed proceedings. Thereafter, the Court issued an Order vacating the trial date of July 26, 2022, and set a sentencing date of September 19, 2022. [Dkt. 955].

Because the government has expressed that it will not proceed to trial on the remaining client counts, it is clear that delay resulting from the trial on the client counts is no longer applicable. Any reliance on this excludable delay expired on either June 16, 2022 (date of guilty plea) or at the latest June 21, 2022 (when the government filed with the Court its statement regarding other charges). There will no longer be trial preparation or a trial on these counts, which removes the need for a delay as a result of trial preparation. *See, e.g., Lopez-Espindola*, 632 F.3d at 109 (Speedy Trial Act calculation excused time based on delay from other trial until acquittal was found in other state case). In *Betterman v. Montana*, 578 U.S. 437, 448-49 (2016), the Supreme Court determined that "[t]he Sixth Amendment speedy trial right, however, does not extend beyond conviction, which terminates the presumption of innocence." However, when the Court severs the counts (as it did here), the trial on the remaining count cannot be indefinitely put on hold while defendant awaits sentencing on other counts. *See, e.g., United States v. Winans*, 2018 U.S. Dist. LEXIS 211011, at *16 (E.D. La. 2018)("An indefinite delay would undermine the purpose of the Speedy Trial Act, which is 'designed to protect a criminal defendant's constitutional right to a speedy trial, and also to serve the public's interest in prompt

14

criminal proceedings.' Accordingly, the Court concludes that the 70-day limit to bring [defendant] to trial on Count One started to run when trial on Counts Two through Ten ended. . . .''). At the latest, it is unclear how the time after sentencing (September 19, 2022) through February 21, 2023, can be justified as delay resulting from trial on other charges.

For these reasons, Mr. Avenatti respectfully objects to the *ends of justice* and delay from other charges provisions being used to justify the delay between the period of October 12, 2021, and February 21, 2023.

<u>Fourth</u>, Mr. Avenatti objects to trial of Counts 11-18 and 20-36 on February 21, 2023 as untimely pursuant to the Sixth Amendment right a speedy trial. Should Mr. Avenatti be subjected to trial on Counts 11-18 and 20-36 on February 21, 2023, it will result in a delay of forty-six (46) months since the Indictment was filed on April 10, 2019. Mr. Avenatti submits that this delay crosses the threshold between ordinary delay and *presumptively prejudicial* delay. As described herein, the reasons underlying the delay do not justify such a lengthy continuance and Mr. Avenatti has asserted his right to a Speedy Trial. Finally, Mr. Avenatti has and will be prejudiced by a delay on these counts. Looking to the spirit of the Sixth Amendment, the lengthy delay will enhance the anxiety and concern of the accused and limit his ability to prepare for trial.

<u>Finally</u>, Mr. Avenatti has made a prima facie showing of both a Sixth Amendment speedy trial violation as well as a violation of the Act. Accordingly, he asks that the Court dismiss Counts 11-18 and 20-36 with prejudice.

## IV.   CONCLUSION

Based on the foregoing, Mr. Avenatti asks that the Court dismiss Counts 11 through 18 and 20 through 36 with prejudice pursuant to the Speedy Trial Act and the Sixth Amendment.

Dated: June 24, 2022                               Respectfully submitted,

                                                   /s/ Michael John Avenatti
                                                   MICHAEL JOHN AVENATTI

## **CERTIFICATE OF SERVICE**

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California. I am not a party to the above-entitled action.  I have caused, on June 24, 2022 service of the:

NOTICE OF MOTION AND MOTION TO DISMISS COUNTS 11-18 AND 20-36
PURSUANT TO THE SIXTH AMENDMENT AND THE SPEEDY TRIAL ACT

on the following party, using the Court's ECF system:

AUSA RANEE KATZENSTEIN AND AUSA BRETT SAGEL

I declare under penalty of perjury that the foregoing is true and correct.


Executed on June 24, 2022

/s/ H. Dean Steward

H. Dean Steward