Michael John Avenatti (Pro Se)

H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 497-6753

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
| Plaintiff, | |
| | DEFENDANT'S *EX PARTE* APPLICATION FOR AN ORDER CONTINUING SENTENCING HEARING AND ASSOCIATED DEADLINES |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti"), by and through his advisory counsel of record, H. Dean Steward, hereby files this *Ex Parte* Application for an Order Continuing the Sentencing Hearing and Associated Deadlines.

Dated: July 7, 2022                    Respectfully submitted,

                                       /s/ Michael John Avenatti
                                       MICHAEL JOHN AVENATTI

## DECLARATION OF MICHAEL J. AVENATTI

1. I am the defendant in this case and appearing *pro se*. I make this declaration in support of Defendant's *Ex Parte* Application for an Order Continuing Sentencing Hearing and Associated Deadlines.

2. On June 16, 2022, defendant pled guilty to Counts 5, 8, 9, 10 and 19 of the Indictment. [Dkt. 955]. The Court scheduled the sentencing on these counts for September 19, 2022. [*Id.*]. The Court ordered that the presentence report ("PSR") shall be prepared and disclosed to the parties no later than six (6) weeks prior to the date of sentencing. [*Id.*]. Each party was ordered to file either (a) its initial sentencing pleading, containing its objections to the PSR (if any) together with its position regarding sentencing; or (b) a notice that the party has no objections to the PSR and has elected not to file a position regarding sentencing no later than three (3) weeks after disclosure of the PSR. [*Id.*]. Further, the Court ordered that each party shall file, no later than one (1) week after the date of filing the initial sentencing pleadings, either (a) its response to the other party's pleadings; or (b) notice that the party has elected to not file a response. [*Id.*]. Finally, no later than one (1) week after the filing of the parties' responses to the initial sentencing pleadings, the U.S. Probation Officer shall prepare and provide to the parties and the Court the final PSR with an addendum addressing any objections to the PSR and the parties' sentencing positions. [*Id*].

3. The Court ordered that "any request for a continuance shall be submitted on or before the parties' initial position papers are due . . . Any proposed order for continuance shall state the specific continued date on which initial papers are due, which shall reflect the same interval of time between the date initial positions were original due and the original date of sentencing." [955 (emphasis from original omitted)].

4. Currently, the PSR is ordered to be disclosed on or before August 8, 2022 (six weeks prior to September 19, 2022). Assuming that the PSR is not disclosed early, the initial sentencing positions are currently due three (3) weeks thereafter on August 29, 2022. The parties' objections to the corresponding sentencing positions are to be filed one

(1) week later on September 5, 2022.

5. Defendant requests that the Court continue the sentencing hearing and associated deadlines. As the Court is aware, each party's sentencing memorandum will likely address a broad number of fact-intensive and technical legal issues in this complex case. The Court has already permitted the parties to file oversize briefs of 50 pages each. Defendant needs adequate time to prepare his presentence submissions, which includes significant time researching the law on a myriad of issues likely to impact sentencing (*e.g.*, loss amount, criminal history, the scope of relevant conduct, and the required burden of proof). Defendant also requests the continuance because he needs additional time to gather materials for his sentencing memorandum. Defendant also requests the continuance because he needs additional time to gather materials and evidence for his sentencing submissions. These items include, but are not limited to, letters of support and evidence in support of mitigation.[1]

6. Defendant proposes that the sentencing hearing be continued to October 26, 2022. According to the Court's prior Order and the associated time intervals, the PSR shall be disclosed to the parties on or before September 14, 2022. The parties initial sentencing positions shall be due three weeks after the disclosure of the PSR on or before October 5, 2022. Within one week, the parties would then be required to submit its responsive position to the opposing party's pleadings by October 12, 2022. Finally, no later than one (1) week after filing of parties' responses to the initial sentencing pleadings, the U.S. Probation Officer shall prepare and provide to the parties and the Court the final PSR with an addendum addressing any objections to the PSR and the parties' sentencing positions.

7. On July 6, 2022, a representative for defendant contacted the government to obtain its position on the instant request. The government responded requesting that the

---

[1] The defendant has made a written demand to the government for the production of all *Brady* material relevant to sentencing and mitigation, including a substantial number of awards, honors, client letters, cards and thank yous understood to have been in the possession of Ms. Judy Regnier, defendant's Office Manager, at the time of defendant's arrest and the government's execution of its search warrant at her home. See Exhibit A. The government has not yet responded to the request.

following position be included in the defendant's *ex parte* application: "Because defendant does not provide any explanation as to why he cannot prepare for sentencing within the approximately two and a half months that remain before the currently scheduled sentencing date of September 19, the government objects to the requested continuance of more than five weeks to October 26. That said, the government does not object to a brief two-week continuance of the sentencing date to October 3 and a proposed briefing schedule as follows: disclosure of the PSR by August 22; parties' objections to the PSR and sentencing positions by September 5; parties' responses to the other party's objections to the PSR and sentencing position by September 19; PSR Addendum addressing parties' objections to the PSR by September 26. The government will file an opposition to this ex parte application, if necessary, by July 11."

The government's proposed dates should be rejected as they do not "reflect the same interval of time between the date initial position papers were originally due and the original date of sentencing" as required by the Court's June 16, 2022 Order. [Dkt. 955]. Further, for the reasons set forth herein, defendant has made a sufficient showing as to why he requests the continuance of his sentencing. Among other things, defendant is presently incarcerated, which significantly impacts his ability to adequately prepare for sentencing. Defendant also notes that there is no prejudice to the government if the sentencing is continued as requested. Indeed, had the case proceeded to trial, the sentencing likely would have occurred well after the end of October.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  July 7, 2022

                                    /s/ Michael John Avenatti
                                     MICHAEL JOHN AVENATTI

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

H. Dean Steward
ATTORNEY AT LAW

17 Corporate Plaza Drive
Suite 254
Newport Beach, CA 92660
949-481-4900

June 27, 2022

Ranee Katzenstein
Brett Sagel

U.S. Attorney's Office

Re: Discovery for Sentencing- *U.S. v. Avenatti*

*Via Email*

Dear Ms. Katzenstein & Mr. Sagel-

   Mr. Avenatti has asked me to contact you regarding *Brady* and
other mitigating materials in your possession relating to sentencing,
including but not limited to materials that were seized in
connection with your various search warrants and/or grand jury
subpoenas. Mr. Avenatti believes that these materials include notes,
cards, letters, and other communications from former clients and
other counsel thanking him for his efforts on their behalf, and
describing his excellent legal work, his pro bono efforts and other
good deeds. Many of these materials were in the possession of Ms.
Regnier when your agents executed the search warrant at her
residence.

   These, of course, are mitigating materials to which he is
entitled under *Brady* and similar case law. See: *Brady v. Maryland*,
373 U.S. 83, 87 (1963) unambiguously applies at sentencing (due
process requires government disclosure of favorable evidence where

• Admitted-California & Hawaii •Fellow-American College of Trial Lawyers •
fax: 949-706-9994 • e-mail: deansteward7777@gmail.com

1

it "is material to guilt or punishment"); *U.S. v. Weintraub* 871 F.2d 1257 (5th Cir. 1989), (sentence reversed for *Brady* violation) *East v. Scott*, 55 F.3d 996, 1002–04 (5th Cir.1995), (*Brady* decision clearly applies at sentencing).

Mr. Avenatti request copies of this important information as soon as possible.

Sincerely,

H. Dean Steward
Advisory Counsel to Mr. Avenatti

Cc: Michael Avenatti

2

# **CERTIFICATE OF SERVICE**

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California. I am not a party to the above-entitled action.  I have caused, on July 7, 2022 service of the:

DEFENDANT'S *EX PARTE* APPLICATION FOR AN ORDER CONTINUING
SENTENCING HEARING AND ASSOCIATED DEADLINES

on the following party, using the Court's ECF system:

AUSA RANEE KATZENSTEIN AND AUSA BRETT SAGEL

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 7, 2022

/s/ H. Dean Steward
H. Dean Steward