STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RANEE A. KATZENSTEIN (Cal. Bar No. 187111)
Assistant United States Attorney
Chief, Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2432
     Facsimile: (213) 894-6269
     Email: Ranee.Katzenstein@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone:  (714) 338-3598
     Facsimile:  (714) 338-3708
     Email:      Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION FOR AN ORDER CONTINUING SENTENCING HEARING AND ASSOCIATED DEADLINES (CR 969) |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Ranee A. Katzenstein, hereby submits the following opposition to defendant's ex parte application for an Order continuing sentencing hearing and associated deadlines (CR 969).

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 11, 2022                Respectfully submitted,

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


           /s/
BRETT A. SAGEL
RANEE A. KATZENSTEIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I. INTRODUCTION**

On June 16, 2022, this Court set September 19 as the date for defendant's sentencing hearing. Defendant agreed to the date, which provided more than three months to prepare for sentencing. Even though more than two months still remain, defendant seeks to continue the sentencing hearing and the associated briefing schedule by more than five additional weeks to October 26, 2022, without any particularized showing of why he needs the additional time. Although defendant asserts that his request will result in no prejudice to the government, he fails to recognize the prejudice to the victims, who -- having waited years for justice -- strongly object to the delay. The government objects to the five-week-plus continuance defendant requests as unnecessary and because the victims deserve a prompt and final conclusion to this case. The government, however, would agree to a two-week continuance of the sentencing hearing to October 3, 2022, and a commensurate adjustment of the briefing deadlines, which is the schedule the government would have agreed to at the change of plea hearing before defendant stated that a September 19, 2022, date for sentencing was acceptable to him. (RT 6/16/22 at 34.)

### **II. ARGUMENT**

Defendant's application seeks a continuance of his sentencing hearing to October 26, 2022,[1] which he asserts is necessary to afford him "adequate time" to gather information and prepare his sentencing submissions. (CR 969 at 3, 4.) Defendant provides no specific

---

[1] Defendant does not state why he has chosen a Wednesday for the sentencing hearing rather than a Monday, as customary for sentencing hearings for the Court. As described below, government counsel is in trial starting on Tuesday, October 25, 2022.

1  explanation as to why he cannot prepare for sentencing by the
2  currently scheduled sentencing date.
3      Although defendant asserts that the additional time is needed
4  research the law, primarily on issues relating the United States
5  Sentencing Guidelines (CR 969 at 3), defendant stated under oath at
6  his change of plea hearing that he had considered the guidelines in
7  the case, discussed them with his advisory counsel, considered the
8  elements and factors that the Court will consider in sentencing
9  defendant under the advisory guidelines (as well as under the Section
10 3553 factors), and had had discussions with his advisory counsel and
11 other lawyers in his other cases about a potential sentence.  (RT
12 6/16/22 at 16, 19.)  Moreover, defendant stated in his notice of his
13 intent to change his plea that he made repeated efforts over the last
14 year and "substantial" efforts in the prior thirty days to resolve
15 the case via plea agreement.  (CR 945 n.1.)  Defendant has known for
16 several years the government's position regarding the appropriate and
17 relevant sentencing guideline provisions; he offers no reason that he
18 needs more than the over two months that still remain before the
19 September 19 sentencing date to consider any "technical legal issues"
20 relevant to his sentencing.  (CR 969 at 3.)
21     The same is true about the "fact-intensive" issues defendant
22 claims he needs more time to address.  (Id.)  Defendant has had the
23 discovery in this case for years and used it to craft his lengthy
24 cross-examinations at trial.  Again, defendant does not explain why
25 he needs more than the three months provided by the original
26 sentencing date to address any facts that may be relevant for
27 sentencing.
28

Likewise, it is hard to credit defendant's claim that he needs more time to gather "letters of support and evidence in mitigation." (Id.) The sentencing in this case will be defendant's third federal sentencing in the last year.[2] Presumably, defendant already gathered any available letters of support in connection with his other sentencings.

Without any particularized showing, defendant states that his incarceration "impacts his ability to adequately prepare for sentencing." (CR 969 at 4.) But seven weeks still remain until defendant's initial sentencing position is due and over two months until his sentencing date. (CR 955.) Defendant still has stand-by counsel and three paralegals (one of whom is a licensed attorney) who are available to assist him in preparing for sentencing.[3]

Most significantly, although defendant claims that his requested continuance would not prejudice the government, he completely ignores the victims and the prejudice they would suffer. The victims of defendant's crimes have, among other rights, "[t]he right to proceedings free from unreasonable delay." 18 U.S.C. §3771(a)(7). The victims here strenuously object to the continuance requested by defendant and are eager to obtain some closure and attempt to put the victimization they suffered due to defendant's crimes behind them.

---

[2] Defendant was sentenced in U.S. v. Avenatti, CR 19-373-PGG (SDNY) on July 8, 2021; and in U.S. v. Avenatti, CR 19-374-JMF (SDNY) on June 2, 2022.

[3] In addition, at defendant's request, the Court ordered defendant returned to Terminal Island as defendant stated it would facilitate his access to his materials, his attorneys, and his emails to prepare for sentencing. (RT 6/16/22 at 36-37.)

Finally, a continuance to October 26, 2022, as requested by defendant, also conflicts with government counsel's schedule. AUSA Brett Sagel is set to begin a multi-week trial on October 25, 2022, in United States v. Pham and Nguyen, SA CR 19-10-JLS, and AUSA Ranee Katzenstein expects a trial to which she is assigned, United States v. Ze'shawn Stanley Campbell, CR 21-99-MCS, to be continued to October 25, 2022.

After the Court accepted defendant's guilty pleas, the Courtroom Clerk announced September 19, 2022, for the sentencing hearing -- more than three full months after the change of plea, and three more weeks than the standard ten weeks out from the guilty plea. Defendant initially asked for an additional one or two weeks, which Government Counsel noted the following week would conflict with a Jewish Holiday. While the government was confirming whether October 3, 2022, would work, defendant stated, "Your Honor, we can make it the 19th. If the Court has enough time on the 19th for sentencing, the 19th is fine." (RT 6/16/22 at 33-34.) Although the government is ready to proceed on September 19, 2022, the government is willing to accommodate a two-week continuance to October 3, 2022.[4]

If the Court does grant a two-week continuance of the sentencing hearing to October 3, 2022, the government submits that the following deadlines should apply: the presentence report ("PSR") shall be prepared and disclosed to the parties no later than six weeks prior

---

[4] Defendant does not claim that October 3, 2022, is insufficient time to prepare for sentencing, but only appears to object to this date because the briefing schedule proposed by the government did not include the same time intervals as the Court's prior order. (CR 969 at 4.) In its correspondence with defendant, the government incorrectly listed September 5, 2022, rather than September 12, 2022, as the date for the initial sentencing filings, which the government now corrects.

4

(August 22, 2022) to the October 3, 2022, sentencing hearing; the parties initial objections to the PSR, if any, and its sentencing position shall be due three weeks after the disclosure of the PSR (September 12, 2022, if the PSR is not disclosed early); the parties' responses, if any, to the other party's initial sentencing pleadings shall be due no later than one week after the other party's initial sentencing pleading (September 19, 2022, if the prior documents are not filed or disclosed early); and the Probation Office's final PSR shall be disclosed no later than one week following the parties' responses (September 26, 2022, if the prior documents are not filed or disclosed early).

**III. CONCLUSION**

This Court should deny defendant's request, or alternatively, only continue the sentencing date until October 3, 2022, and reset the briefing schedule accordingly.