STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RANEE A. KATZENSTEIN (Cal. Bar No. 187111)
Assistant United States Attorney
Chief, Major Frauds Section
DAN G. BOYLE (Cal. Bar No. 332518)
  1400 United States Courthouse
  312 North Spring Street
  Los Angeles, CA 90012
  Telephone: (213) 894-2426
  Facsimile: (213) 894-0142
  E-mail: Daniel.Boyle2@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
  Assistant United States Attorney
  Ronald Reagan Federal Building
  411 West Fourth Street, Suite 8000
  Santa Ana, California 92701
  Telephone: (714) 338-3598
  Facsimile: (714) 338-3708
  Email: Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case CR. 19-061-JVS |
| Plaintiff, | GOVERNMENT'S APPLICATION FOR PRELIMINARY ORDER OF FORFEITURE |
| v. | No hearing requested |
| MICHAEL JOHN AVENATTI, | Sentencing Date: 10/03/2022 |
| Defendant. | Sentencing Time: 9:00 a.m. |

Plaintiff United States of America hereby applies for issuance of a Preliminary Order of Forfeiture pursuant to Rule 32.2(b) of the Fed. R. Crim. P. and the guilty plea of defendant Michael John

Avenatti ("defendant") (ECF No. 955), as to all right, title, and interest in the following:

i.   One Honda aircraft, registration number N227WP, aircraft serial number 42000029, together with its tools and appurtenances, including any and all logbooks (hard copy and/or electronic) documenting engine and airframe maintenance, flights, number of hours flown, number of landings, and types and frequency of instrument approaches made by the aircraft (collectively, the "Forfeitable Property").

This application, which deals solely with the specific property as to which forfeiture is sought (as described in detail above) is supported by the evidence in this case including testimony at defendant's trial, defendant's guilty plea, the factual basis stated during defendant's change of plea proceeding, the accompanying Memorandum of Points and Authorities, and the accompanying Declaration of AUSA Dan Boyle and the exhibit thereto.

DATED: August 1, 2022          Respectfully submitted,

                               STEPHANIE S. CHRISTENSEN
                               Acting United States Attorney

                               SCOTT M. GARRINGER
                               Assistant United States Attorney
                               Chief, Criminal Division

                               _____/s/_____
                               DAN G. BOYLE
                               BRETT A. SAGEL
                               RANEE A. KATZENSTEIN
                               Assistant United States Attorneys

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

On June 16, 2022, defendant Michael John Avenatti ("defendant") pled guilty to, *inter alia*, Counts Five, Eight, Nine, and Ten of the Indictment in this action, which charged defendant with Wire Fraud in violation of 18 U.S.C. § 1343. <u>See</u> ECF No. 955.

Pursuant to Rule 32.2(b), the government now applies for entry of a Preliminary Order of Forfeiture of the Forfeitable Property (the proposed order is lodged contemporaneously herewith).

The government requests that the forfeiture of the Forfeitable Property be stated orally at defendant's sentencing and set forth in defendant's Judgment and Commitment Order.

## II.   ARGUMENT

### A.   The Nexus Between Defendant's Crime and the Specific Property to be Forfeited

#### a. *Legal Standard*

Rule 32.2 of the Federal Rules of Criminal Procedure provides, in pertinent part:

> As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. ... The court's determination may be based on evidence already in the record ... and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable.

Fed. R. Crim. P. 32.2(b)(1)(A-B). The Advisory Committee Notes for this provision explain that for the preliminary order of forfeiture, the court must determine "if the property was subject to forfeiture

1    under the applicable statute, e.g., whether the property . . . was

2    used to facilitate the offense . . . ." See Advisory Committee Notes

3    to Rule 32.2, subdivision (b) (2000 Adoption).

4        The standard of proof regarding the forfeitability of property

5    in a criminal case is preponderance of the evidence. See United

6    States v. Shryock, 342 F.3d 948, 991 (9th Cir. 2003); see also

7    Advisory Committee Notes to Rule 32.2, subdivision (b) (2000

8    Adoption) ("[C]riminal forfeiture is a sentencing matter … criminal

9    trials therefore should be bifurcated so that the jury first returns

10   a verdict on guilt or innocence and then returns to hear evidence

11   regarding the forfeiture.  In the second part of the bifurcated

12   proceeding, the jury is instructed that the government must establish

13   the forfeitability of the property by a preponderance of the

14   evidence.")

15       The only question before the Court in connection with

16   the requested entry of the proposed Preliminary Order is whether

17   the evidence before the Court is enough to establish by a

18   preponderance of the evidence that there is a nexus between the

19   specific property to be forfeited, and the offense(s) to which

20   defendant pled guilty.  See Rule 32.2(b)(1).

21       The existence or extent of third-party interests in the

22   specific property are determined after the entry of any preliminary

23   order.  See United States v. Lazarenko, 476 F.3d 642, 648 (9th Cir.

24   2007) ("Upon a finding that the property involved is subject to

25   forfeiture, a court must promptly enter a preliminary order of

26   forfeiture without regard to a third party's interests in the

27   property.").  The preliminary order should be entered promptly in

28

1   order to avoid unnecessary delay in the forfeiture process and

2   resolve potential third-party rights.  United States v. Yeje-Cabrera,

3   430 F.3d 1, 15 (1st Cir. 2005).  The defendant need not be present

4   when the preliminary order is entered.  United States v. Segal, 495

5   F.3d 826, 837-38 (7th Cir. 2007).

6        The government is not required to establish the defendant's

7   ownership of the property to obtain a preliminary order of

8   forfeiture.  Almeida v. United States, 459 F.3d 377, 381 (2d Cir.

9   2006); 18 U.S.C. § 1963(i).  As explained in the Advisory Committee

10  Notes to Rule 32.2 (2000), the Rule was revised with the intent to

11  eliminate confusion over whether the extent of the defendant's

12  ownership interest should be determined by the finder of fact.  The

13  new rule clarified that the only question upon conviction or a guilty

14  plea is whether there is a nexus between the violation of which the

15  defendant has been convicted (or to which he has pled) and the

16  property sought.  If there is, the court should enter an order

17  forfeiting "whatever interest a defendant may have in the property

18  without having to determine exactly what that interest is."[1]  See

19  Advisory Committee Notes to Rule 32.2, subdivision (b) (2000

20  Adoption) ("The new rule resolves these difficulties by postponing

21  the determination of the extent of the defendant's interest until the

22  ancillary proceeding.").  As such, under the current version of Rule

23

24       [1] Criminal forfeiture is part of the defendant's sentence, so it
    is available only if the defendant is convicted of the underlying
25  substantive offense.  Lazarenko, supra.  If the defendant is
    convicted, his interest in the property must be forfeited regardless
26  of what that interest is, so it is not necessary to determine the
    extent of the interest.  The only issues left to be determined
27  concerning ownership are those of non-defendant third parties, whose
    interests are determined in the ancillary process.  Only after that
28  process is complete does the government obtain a Final Order of
    Forfeiture.

1   32.2, a defendant cannot object to the entry of a preliminary order

2   of forfeiture on the grounds that the property at issue may not

3   belong to him.  United States v. Schlesinger, 396 F. Supp. 2d 267,

4   273 (E.D.N.Y. 2005); see also Advisory Committee Notes to Rule 32.2,

5   subdivision (b) (2000 Adoption) ("The defendant would have no

6   standing to object to the forfeiture on the ground that the property

7   belonged to someone else.").

8                b. *Defendant Has Admitted the Required Nexus*

9        Here, all the proof that is necessary is contained in the

10  defendant's own admissions.[2]  Defendant pled guilty to Counts Five,

11  Eight, Nine, and Ten of the Indictment, which charged defendant with

12  a broad wire fraud scheme to embezzle from clients of his legal

13  practice.  As alleged in the Indictment, one such execution of this

14  scheme was the embezzlement of funds from "Client 2," and

15  specifically, that defendant "caused $2,500,000 of [Client 2's]

16  $2,750,000 settlement payment to be transferred to an attorney trust

17  account for another law firm ('Law Firm 1').  That same day,

18  defendant AVENATTI caused Law Firm 1 to transfer the entire

19  $2,500,000 to Honda Aircraft Company, LLC, to purchase a private

20  airplane for defendant AVENATTI's company, Passport 420."  See ECF No.

21  16 (Indictment), ¶ 7(p).  During his change of plea colloquy,

22  defendant admitted that he represented Client 2 (see Ex. A[3], 6-16-22

23  Hearing Tr., at 20:2-5), admitted that he misappropriated Client 2's

24  settlement funds (id., at 20:6-10), and in response to the Court's

26      [2] A defendant's admissions are sufficient to establish
forfeitability.  See United States v. Ken Int'l Co., Ltd., 113 F.3d
1243, 1997 WL 229114, at *3 (9th Cir. 1997).

      [3] All exhibit citations refer to the Exhibits to the
28  accompanying Declaration of AUSA Dan Boyle.

1  inquiry, admitted that he executed wire transfers in furtherance of a

2  scheme to defraud Client 2 (id., at 21:9-18). As such, defendant

3  admitted the gravamen of the allegations in the Indictment with

4  respect to his misuse of Client 2's funds.

5      The nexus between the Forfeitable Property and defendant's

6  guilty plea is supported by additional evidence outside defendant's

7  plea admissions: on or about July 8, 2022, defendant attempted to

8  file a document titled "Notice of Forfeiture of Right, Title, and

9  Interest in One Honda Aircraft" in parallel civil proceeding

10 regarding the Forfeitable Property.  See Case No. 19-cv-1988-JVS.

11 Defendant was unable to file that document, however, and instead

12 served the document on government counsel though his Advisory

13 Counsel.  See Ex. B.  In that notice, defendant acknowledged his

14 guilty plea, and stated that he "does not object to the Court's entry

15 of an Order of Forfeiture" related to the Forfeitable Property.  See

16 Ex. B, at 2-3.

17     The defendant's admissions more than meet the preponderance

18 standard required here.  Therefore, the requirements of Rule 32.2(b)

19 have been met and the proposed Preliminary Order should be entered.

20     **B.   The Mechanics of the Criminal Forfeiture**

21     The Preliminary Order of Forfeiture becomes final as to the

22 defendant at the time of sentencing (or before sentencing if

23 defendant consents).  See Rule 32.2(b)(4)(A).  After entry of the

24 preliminary order, the ancillary proceedings may begin, in order to

25 determine whether any third-party rights exist in the specific

26 Forfeitable Property.  Fed. R. Crim. P. 32.2(c)(1).

27     Accordingly, the government respectfully requests that the

28

7

Court enter the proposed Preliminary Order of Forfeiture lodged contemporaneously herewith, authorizing the government to seize the property subject to forfeiture (to the extent it has not already done so) and to commence proceedings governing third-party rights.  Fed. R. Crim. P. 32.2(b)(3).  The government will publish notice generally.  Following such notification and completion of any necessary ancillary proceedings, the government will submit, as appropriate, a final order of forfeiture pursuant to Fed. R. Crim. P. 32.2(c).

**III.  FORFEITURE MUST BE PRONOUNCED AT SENTENCING**

At sentencing, pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure, the "order of forfeiture becomes final as to the defendant" and the "court must also include the forfeiture order, directly or by reference, in the judgment."

The government recommends the following language be read to the defendant and modified as necessary for inclusion in the judgment and commitment order at the time of his sentencing:

> Pursuant to 18 U.S.C. § 981(a)(1)(A) and 28 U.S.C. § 2461(c), defendant MICHAEL JOHN AVENATTI has forfeited all of his right, title, and interest in the specific property more particularly described in the Preliminary Order of Forfeiture entered on [date].

//

//

//

**IV.   CONCLUSION**

     For the foregoing reasons, the government respectfully requests that the Court forthwith enter the proposed Preliminary Order of Forfeiture lodged herewith.

DATED: August 1, 2022        Respectfully submitted,

                               STEPHANIE S. CHRISTENSEN
                               Acting United States Attorney

                               SCOTT M. GARRINGER
                               Assistant United States Attorney
                               Chief, Criminal Division

                                 /s/
                               DAN G. BOYLE
                               BRETT A. SAGEL
                               RANEE A. KATZENSTEIN
                               Assistant United States Attorneys

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA

### DECLARATION OF AUSA DAN G. BOYLE

I, DAN G. BOYLE, declare and state as follows:

1.    I am an Assistant United States Attorney in the Office of the United States Attorney for the Central District of California in Los Angeles, California, and am responsible for the representation of Plaintiff United States of America in this matter.  I have personal and first-hand knowledge of the facts set forth in this Declaration and, if called to testify, I could and would testify competently thereto.

2.    Attached as Exhibit A to this declaration is a true and correct portion of a transcript of proceedings before this Court which took place in this matter on June 16, 2022.

3.    Attached as Exhibit B to this declaration is a true and correct copy of a document sent by e-mail from H. Dean Steward, advisory counsel to defendant Michael John Avenatti, to government counsel on or about July 8, 2022.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 1, 2022, at Los Angeles, California.


/s/ _____
        DAN G. BOYLE

# EXHIBIT "A"

1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

- - -

THE HONORABLE JAMES V. SELNA, JUDGE PRESIDING

```
UNITED STATES OF AMERICA,      )CERTIFIED TRANSCRIPT
                  Plaintiff,  )
     vs.                       )
                               )   SACR-19-00061-JVS
MICHAEL JOHN AVENATTI,         )
                  Defendant.  )
-----------------------------)
```

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Santa Ana, California

June 16, 2022

SHARON A. SEFFENS, RPR
United States Courthouse
411 West 4th Street, Suite 1-1053
Santa Ana, CA  92701
(612) 804-8655

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

**EXHIBIT "A"**

2

1 | APPEARANCES OF COUNSEL:

2 | For the Plaintiff:

3 | NICOLA T. HANNA
United States Attorney
4 | BRANDON D. FOX
Assistant United States Attorney
5 | Chief, Criminal Division
RANEE KATZENSTEIN
6 | Assistant United States Attorney
**OFFICE OF U.S. ATTORNEY**
7 | Major Frauds Section
312 North Spring Street, 11th Floor
8 | Los Angeles, CA  90012
(213) 894-2432
9 |
BRETT A. SAGEL
10 | Assistant United States Attorney
Ronald Reagan Federal Building
11 | 411 West Fourth Street, Suite 8000
Santa Ana, CA  92701
12 | (714) 338-3598

13 | For the Defendant:

14 | MICHAEL JOHN AVENATTI, PRO SE

15 | **H. DEAN STEWARD, ADVISORY COUNSEL**
H. DEAN STEWARD LAW OFFICES
16 | 107 Avenida Miramar, Suite C
San Clemente, CA  92672
17 | (949) 481-4900

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

1    the wire fraud counts.  I was licensed to practice law in

2    the state of California from June of 2000 through 2020.  I

3    represented thousands of clients during that time, including

4    the clients who are identified as Clients 1, 2, 3, and 4 in

5    the Indictment.

6            As to Clients 1, 2, 3, and 4, I

7    misappropriated and misused certain of their settlement

8    funds to effectuate a plan, and I effectuated wire transfers

9    in pursuit of that plan and in carrying out that plan as

10   referenced in Counts 5, 8, 9, and 10 of the Indictment.

11           In particular, those wire transfers that I caused

12   to be effectuated as part of the plan were a $60,000 wire

13   transfer sent on or about January 10, 2018, from CNB account

14   5566 -- CNB is City National Bank -- to California Bank &

15   Trust account ending in 3714.

16           In addition, on March 20, 2018 -- and, Your Honor,

17   I'm reading from Exhibit 457 that was submitted into

18   evidence just for the record during the first trial.  On

19   March 20, 2018, I caused a $200,000 wire transfer to be sent

20   from City National Bank account ending in 4705 to California

21   Bank & Trust account ending in 4613.  That related to Client

22   4.

23           The first wire, Your Honor, I should also note

24   related to Client 3.

25           On or about June 18, 2018, I caused a $16,000 wire

1  to be sent from California Bank & Trust account ending in

2  4613 to a J.P. Morgan Chase Bank account in the name of

3  Client 2.

4  　　　　On July 13, 2018 -- this would be Count 10 -- I

5  caused a $1,900 wire to be sent from California Bank & Trust

6  account ending in 4613 to a Bank of America account in the

7  name of Client 1.  That is the factual basis for those four

8  wire fraud accounts.

9  　　　　THE COURT:  Did you understand that in making

10  those transfers you were carrying out a scheme to defraud

11  each of your Clients 1, 2, 3, and 4?

12  　　　　THE DEFENDANT:  Yes.

13  　　　　THE COURT:  Did you understand that you were not

14  authorized to make those transfers by your client?

15  　　　　THE DEFENDANT:  Yes.

16  　　　　THE COURT:  Did you make those transfers

17  voluntarily?

18  　　　　THE DEFENDANT:  Yes.

19  　　　　THE COURT:  Okay.  Let's go on to the tax count.

20  　　　　THE DEFENDANT:  In connection with the tax count,

21  Count 19, I previously served as the CEO of a company by the

22  name of Global Baristas U.S., LLC.  The Internal Revenue

23  Service obtained liens on various property and undertook

24  collection efforts to collect taxes due the Internal Revenue

25  Service from Global Baristas U.S., LLC.

38

1

2

3

4                              **CERTIFICATE**

5

6           I hereby certify that pursuant to Section 753,

7   Title 28, United States Code, the foregoing is a true and

8   correct transcript of the stenographically reported

9   proceedings held in the above-entitled matter and that the

10  transcript page format is in conformance with the

11  regulations of the Judicial Conference of the United States.

12

13  Date:  June 23, 2022

14

15

16                         /s/   Sharon A. Seffens  6/23/22
                           _____
17                         SHARON A. SEFFENS, U.S. COURT REPORTER

18

19

20

21

22

23

24

25

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

# EXHIBIT "B"

# H. Dean Steward

ATTORNEY AT LAW

17 Corporate Plaza Drive
Suite 254
Newport Beach, CA 92660
949-481-4900

July 8, 2022

To: The Court and all parties in *U.S. v. One Honda Aircraft*
CV-19-1988-JVS

From: H. Dean Steward
Advisory Counsel for Mr. Avenatti in
SA-CR-19-61-JVS

Re: Notice of Forfeiture on interest in the Honda Aircraft

At the request of Mr. Avenatti, I attempted to file the attached
pleading in the above-captioned case. Because Mr. Avenatti has not
appeared as a party, I was unable to file it.

As I understand it, Mr. Avenatti has or may have an interest in the
aircraft the subject of the lawsuit. By the attached waiver, he gives
up any and all rights he may have in regard to said aircraft.

H. Dean Steward

Cc: See attached list

• Admitted-California & Hawaii • Fellow-American College of Trial Lawyers •
fax: 949-706-9994 • e-mail: deansteward7777@gmail.com

**EXHIBIT "B"**

Michael John Avenatti (Pro Se)

H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 497-6753

Advisory Counsel for Defendant
in Related Criminal Action 19-Cr-061-JVS,
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 19-Cv-1988-JVS |
| Plaintiff, | |
| | CLAIMANT MICHAEL AVENATTI'S NOTICE OF FORFEITURE OF RIGHT, TITLE, AND INTEREST IN ONE HONDA AIRCRAFT |
| v. | |
| ONE HONDA AIRCRAFT, | |
| Defendant. | |

Claimant Michael Avenatti, appearing *pro se* in the instant matter, hereby files his Claimant Michael Avenatti's Notice of Forfeiture of Right, Title, and Interest in One Honda Aircraft.

On October 18, 2019, a civil forfeiture action was initiated pursuant to 18 U.S.C. §§ 981(a)(1)(C) and (a)(1)(A). The defendant was named as "one Honda aircraft, registration number N227WP, aircraft serial number 42000029, together with its tools and appurtenances, including any and all logbooks (hard copy and/or electronic)

1

documenting engine and airframe maintenance, flights, number of hours flown, number of landings, and types and frequency of instrument approaches made by the aircraft." [Dkt. 1, p. 2]. Mr. Avenatti was named as an individual whose "interests . . . may be adversely affected by these proceedings." [*Id.*]. The aircraft was seized pursuant to a federal seizure warrant on April 10, 2019. [*Id.*].

The instant civil forfeiture action seeks two forms of relief. First, the government alleges that "the defendant aircraft is traceable to proceeds of one or more violations of 18 U.S.C. § 1343 (wire fraud), a specified unlawful activity ("SUA"" [sic]), as defined at 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), rendering it subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(A)(1)(C)." [Dkt. 1, p. 7]. Second, the government claimed that "the defendant aircraft was acquired with proceeds of SUA, including but not limited to one or more violations of 18 U.S.C. § 1343, and was involved in one or more financial transactions that were in violation of 18 U.S.C. § 1956 and/or 1957 (money laundering), rendering it subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A)." [*Id.* at 7-8]. The allegations contained in the complaint have substantial overlap with several allegations made against Mr. Avenatti in the criminal indictment filed in case number 19-Cr-061-JVS. [Dkt. 16]. Accordingly, on June 30, 2020, the government filed an *ex parte* application to stay the action pending the conclusion of Mr. Avenatti's related criminal matter. [Dkt. 45]. On July 30, 2020, the government's application was granted. [Dkt. 49].

On June 16, 2022, Mr. Avenatti pled guilty to Counts 5, 8, 9, 10, and 19 of the Indictment in criminal case number 19-Cr-061-JVS. In a subsequent filing, prosecutors described that ". . . the government expects to move to dismiss the remaining counts of the Indictment after sentence is imposed." [Criminal Case Dkt. 959, p. 2-3].

Mr. Avenatti hereby expressly, freely and voluntarily forfeits all right, title, and interest in the One Honda aircraft, registration number N227WP, aircraft serial number 42000029, together with its tools and appurtenances, including any and all logbooks (hard copy and/or electronic) documenting engine and airframe maintenance, flights,

2

number of hours flown, number of landings, and types of frequency of instrument approaches made by the aircraft. Mr. Avenatti does not object to the Court's entry of an Order of Forfeiture related to One Honda aircraft.


Dated: July 7, 2022                                  Respectfully submitted,

                                                      /s/ Michael John Avenatti

                                                     MICHAEL JOHN AVENATTI

3

Service List Via Email

U.S. v. One Honda Aircraft

CV-19-1988-JVS

**Lawrence J Conlan**
Capello and Noel LLP
831 State Street
Santa Barbara, CA 93101-3227
805-564-2444
805-965-5950 (fax)
lconlan@cappellonoel.com

**Jonathan Galatzan**
AUSA - US Attorneys Office
Asset Forfeiture Section
312 North Spring Street 14th Floor
Los Angeles, CA 90012
213-894-2727
213-894-0142 (fax)
jonathan.galatzan@usdoj.gov

**Thomas Edward Gray**
The X-Law Group PC
625 Fair Oaks Avenue Suite 390
South Pasadena, CA 91030
213-599-3380
213-559-3370 (fax)
tg@xlawx.com

**Filippo Marchino**
The X-Law Group PC
625 Fair Oaks Avenue Suite 390
South Pasadena, CA 91030-5817
213-599-3380
213-599-3370 (fax)
fm@xlawx.com


**Jack Andrew Reitman**
Landau Law LLP
2338 Manning Avenue
Los Angeles, CA 90064
310-557-0050
jareitman@landaufirm.com


**Damon Rogers**
The X Law Group PC
625 Fair Oaks Avenue Suite 390
South Pasadena, CA 91030-5817
213-599-3380
213-599-3370 Email: (fax)
damon@rogersbeltran.com


**Scott Howard Sims**
Frank Sims and Stolper LLP
19800 MacArthur Boulevard Suite 855
Irvine, CA 92612
949-201-2400
949-201-2405 (fax)
ssims@lawfss.com

**Andrew D. Stolper**
Frank Sims and Stolper LLP
19800 MacArthur Boulevard Suite 855
Irvine, CA 92612
949-201-2400
949-201-2405 (fax)
astolper@lawfss.com


**Brent A. Whittlesey**
AUSA - Office of US Attorney
Asset Forteiture Section
312 North Spring Street 14th Floor
Los Angeles, CA 90012
213-894-5421
213-894-0142 (fax)
brent.whittlesey@usdoj.gov

**Chambers Copy to Hon. James V. Selna**
411 W. 4th St., Courtroom 10 C
Santa Ana, CA 92701
JVS_chambers@cacd.uscourts.gov