1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                        WESTERN DIVISION

11  UNITED STATES OF AMERICA,        Case SACR 19-061-JVS

12        Plaintiff,
                                     PRELIMINARY ORDER OF
13            v.                     FORFEITURE

14  MICHAEL JOHN AVENATTI,
                                     No hearing requested
15        Defendant.
                                     Sentencing Date: 10/03/2022
16                                   Sentencing Time: 9:00 a.m.

17

18       Upon consideration of the application of Plaintiff, United

19  States of America, for a preliminary order of forfeiture

20  pursuant to the guilty plea to Counts Five, Eight, Nine, and Ten

21  of the Indictment, entered into by defendant MICHAEL JOHN

22  AVENATTI and, good cause appearing thereon, IT IS HEREBY

23  ORDERED:

24  //

25  //

26

27

28

## I. FORFEITABLE PROPERTY

For the reasons set out below, all right, title and interest of defendant MICHAEL JOHN AVENATTI ("defendant") in the following described property (hereinafter, the "Forfeitable Property") is hereby forfeited to the United States.  The Court finds that the government has established the requisite nexus between the Forfeitable Property and the offenses described in Counts Five, Eight, Nine, and Ten of the Indictment.  The Forfeitable Property is more particularly described as:

i.   One Honda aircraft, registration number N227WP, aircraft serial number 42000029, together with its tools and appurtenances, including any and all logbooks (hard copy and/or electronic) documenting engine and airframe maintenance, flights, number of hours flown, number of landings, and types and frequency of instrument approaches made by the aircraft (collectively, the "Forfeitable Property").

## II. IMPLEMENTATION

IT IS FURTHER ORDERED as follows:

A.   Upon the entry of this Order, and pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853, the United States Attorney General (or a designee) is authorized to seize the Forfeitable Property.

B.   Upon entry of this Order, the United States is further authorized to conduct any discovery for the purpose of identifying, locating, or disposing of the Forfeitable Property subject to forfeiture pursuant to this Order, 21 U.S.C. § 853(m) and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.

"Any discovery" shall include all methods of discovery permitted under the Federal Rules of Civil Procedure.

C.   Upon entry of this Order (and at any time in the future after amendment of the applicable order of forfeiture in this matter), the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this and any other Order affecting specific property. The following paragraphs shall apply to any ancillary proceeding conducted in this matter:

(1)   Pursuant to 21 U.S.C. § 853(n)(1) and Supplemental Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the government shall forthwith publish for at least thirty (30) consecutive days on an official government website notice of this order and any other Order affecting the Forfeitable Property, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court within thirty (30) days of the publication of notice or receipt of actual notice, whichever is earlier.  The United States shall also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Forfeitable Property.

(2)   Any person other than defendant asserting a legal interest in the Forfeitable Property may, within thirty days of the publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property,

and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(2).

(3)   Any petition filed by a third party asserting an interest in the Forfeitable Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in such property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. 21 U.S.C. § 853(n)(3).

(4)   The United States shall have clear title to the Forfeitable Property following the Court's disposition of all third-party interests or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

D.   Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to defendant at the time of sentencing and shall be made part of his sentence and included in his judgment.

//
//

E.   The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

DATED: August 09, 2022    _____
HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

  /s/
_____
DAN G. BOYLE
BRETT A. SAGEL
RANEE A. KATZENSTEIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA