1  STEPHANIE S. CHRISTENSEN
   Acting United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   RANEE A. KATZENSTEIN (Cal. Bar No. 187111)
4  Assistant United States Attorney
   Chief, Major Frauds Section
5       1100 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-2432
7       Facsimile: (213) 894-6269
        Email: Ranee.Katzenstein@usdoj.gov
8
   BRETT A. SAGEL (Cal. Bar No. 243918)
9  Assistant United States Attorney
        Ronald Reagan Federal Building
10      411 West Fourth Street, Suite 8000
        Santa Ana, California 92701
11      Telephone:  (714) 338-3598
        Facsimile:  (714) 338-3708
12      Email:      Brett.Sagel@usdoj.gov

13 Attorneys for Plaintiff
   UNITED STATES OF AMERICA

14                    UNITED STATES DISTRICT COURT

15            FOR THE CENTRAL DISTRICT OF CALIFORNIA

16 UNITED STATES OF AMERICA,        SA CR No. 19-061-JVS

17          Plaintiff,              GOVERNMENT'S RESPONSE TO
                                    DEFENDANT'S *EX PARTE* APPLICATION
18               v.                 FOR AN ORDER CONTINUING SENTENCING
                                    HEARING AND ASSOCIATED DEADLINES
19 MICHAEL JOHN AVENATTI,           (CR 980)

20          Defendant.

21

22

23      Plaintiff United States of America, by and through its counsel

24 of record, the Acting United States Attorney for the Central District

25 of California and Assistant United States Attorneys Brett A. Sagel

26 and Ranee A. Katzenstein, hereby submits the following response to

27 defendant's ex parte application for an Order continuing sentencing

28 hearing and associated deadlines (CR 980).

1       This Response is based upon the attached memorandum of points

2   and authorities, the files and records in this case, and such further

3   evidence and argument as the Court may permit.

4    Dated: September 2, 2022          Respectfully submitted,

5                                      STEPHANIE S. CHRISTENSEN
                                       Acting United States Attorney
6
                                       SCOTT M. GARRINGER
7                                      Assistant United States Attorney
                                       Chief, Criminal Division
8

9                                           /s/
                                       BRETT A. SAGEL
10                                     RANEE A. KATZENSTEIN
                                       Assistant United States Attorneys
11
                                       Attorneys for Plaintiff
12                                     UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

## MEMORANDUM OF POINTS AND AUTHORITIES

On June 16, 2022, with agreement of defendant, this Court set defendant's sentencing hearing for September 19, 2022, which provided defendant with more than three months to prepare for sentencing.  On July 7, 2022, defendant sought to continue the sentencing hearing until October 26, 2022, without any particularized showing of why he needed the additional time. (CR 969.)  The government opposed defendant's request but agreed to a two-week continuance to October 3, 2022.  (CR 971.)  The Court denied defendant's requested continuance and set the sentencing hearing for October 3, 2022, at 9:00 a.m., which gave defendant two additional weeks to prepare.  (CR 972.)

On August 31, 2022, one of defendant's paralegals sent the government an email that stated, in part: "Defendant intends on moving *ex parte* tomorrow for a 28-day extension of the sentencing briefing deadlines and a 28 day continuance of the sentencing hearing to October 31, 2022, in order to afford him adequate time to prepare."  Only after defendant filed the current *ex parte* application did the government learn of the primary basis for the requested continuance, namely defendant's claim that he has not had sufficient time to prepare pursuant to Federal Rule of Criminal Procedure 32 due to a COVID-19 outbreak at FCI Terminal Island starting on July 27, 2022.

Upon receiving defendant's filing yesterday, government counsel contacted counsel for the Bureau of Prisons to determine the current circumstances at FCI Terminal Island, and in particular, within defendant's housing unit.  Although defendant's characterization of

the circumstances is somewhat exaggerated,[1] it appears that

programming has been limited as a result of the quarantine, thus

presumably limiting the amount of time defendant has had access to

the electronic law library.

The government and the victims oppose any further continuances,

and the government believes defendant will have had sufficient time

to prepare for a sentencing hearing on the currently scheduled date,

and the current briefing schedule complies with Rule 32.  That said,

Rule 32 also permits the Court, for good cause, to change the time

limits prescribed in the rule.  Fed. R. Crim. P. 32(b)(2).

The government defers to the Court regarding whether the current

situation at FCI Terminal Island warrants a continuance of the

sentencing hearing.  If the Court were to grant defendant's requested

continuance of the sentencing hearing to October 31, 2022,[2] the

government notes defendant's requested modifications of the briefing

schedule are inappropriate.  Namely, defendant seeks a due date for

the opening sentencing briefs of October 10, 2022, with the parties'

reply briefs being due two weeks later on October 24, 2022.

Defendant then states that Probation would have one week to file its

---

[1] For example, defendant asserts that he and his unit have remained in "lockdown and quarantine since July 27, 2022 (over five weeks)."  Defendant argues that this "quarantine" has made it impossible to adequately prepare for sentencing.  BOP counsel has informed us that quarantine began in defendant's housing unit on July 28, 2022; BOP uses a "test in-test out" protocol for quarantine, meaning that all inmates are tested at the start of the quarantine period and again on day 10 and the quarantine period restarts only if and when any inmate tests positive; and the current quarantine period began on August 22.  The unit will be retested on September 6 and, if there are no positive tests, the quarantine period for the housing unit will end.

[2] As noted in the government's prior opposition (CR 971), government counsel will likely be in trial starting on October 25, 2022, but will coordinate with both courts to alleviate any conflicts.

2

1   response to the parties' position papers, but this would be

2   insufficient pursuant to Rule 32(g) and would not provide adequate

3   time for the Court and parties to review the responses and any PSR

4   addendum prior to the October 31, 2022, sentencing hearing defendant

5   proposes.  Either the initial briefing schedule would need to remain,

6   with four additional weeks added to each deadline, or the initial

7   position papers would need to be due on October 3, 2022.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28