Michael John Avenatti (Pro Se)

H. Dean Steward, SBN 85317
17 Corporate Plaza, Suite 254
Newport Beach, California 92660
Tel (949) 481-4900
Fax (949) 706-9994
Email: DeanSteward7777@gmail.com

Advisory Counsel for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
|---|---|
| Plaintiff, | DEFENDANT'S *EX PARTE* APPLICATION FOR AN ORDER GRANTING PERMISSION TO FILE AN OVERSIZE BRIEF |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Defendant MICHAEL JOHN AVENATTI ("Mr. Avenatti") by and through his advisory counsel of record, H. Dean Steward, hereby files his *ex parte* application for an Order granting permission to file an oversize brief in connection with Defendant's Sentencing Memorandum and Objections to the PSR. The requested relief is based on the attached declaration, the files and records in this case, and any other information that the Court may consider.

Dated:  October 11, 2022        Respectfully submitted,

                                /s/ Michael J. Avenatti

                                Defendant
                                MICHAEL JOHN AVENATTI

## DECLARATION OF MICHAEL J. AVENATTI

1. I am the defendant in *United States v. Michael John Avenatti* (CDCA Case No. SA CR No. 19-061-JVS) and am appearing in this complex matter *pro se*. I make this declaration in support of the Defendant's *Ex Parte* Application for an Order Granting Permission to File an Oversize Brief in connection with Defendant's Sentencing Memorandum and Objections to the PSR.

2. On June 16, 2022, after I entered my guilty plea to Counts 5, 8, 9, 10 and 19, the Court indicated, "I'm going to allow 50 pages of briefing on each side. I think 50 pages despite the complexity ought to be sufficient." [Tr. 6/16/22, Vol. 1, p. 34]; *See, also* [Dkt. 976]. For the reasons set forth below, I respectfully request leave to file Defendant's Sentencing Memorandum and Objections to the PSR, which is 70 pages total.

3. On August 22, 2022, Probation filed a Presentence Investigation Report totaling 62 pages and a letter to the Court consisting of 12 pages. First, this PSR is far longer than those typically presented to district courts. Second, in the PSR, the Probation Department recommended that the Court apply 32 levels of enhancements beyond the base offense level of 7 for fraud offenses. The PSR then performed a lengthy analysis of the law and facts alleged relevant to each of these enhancements: (a) loss amount, (b) obstruction of justice, (c) substantial financial hardship, (d) sophisticated means, (e) misrepresentation during bankruptcy proceedings, as well as (f) vulnerable victims. Third, included in the PSR is a 15 page recitation of alleged facts relating to the offense conduct that appear to have been taken verbatim from the government, with no verification and no input from the defense. As a result, the PSR contains many incomplete or plainly inaccurate statements.

As a result, defendant is required to perform a lengthy discussion, which itemizes each objection to the PSR. The objections alone account for approximately 15 pages of the brief. In addition, the Sentencing Memorandum also describes the law and relevant facts in connection with two separate categories of offenses (*i.e.*, wire fraud and obstruction of the IRS). As a result, the brief is required to perform a comprehensive

analysis of issues and facts unique to both the wire fraud counts and the tax-related offense. Finally, because of the nature of the open plea, there is no agreement on a number of factors: the applicable enhancements, criminal history category, acceptance of responsibility, the loss amount, etc. There is also no agreed upon factual basis aside from the facts stated by defendant at the June 16, 2022, guilty plea hearing. As a result, my sentencing submission requires a detailed recitation of facts and discussion of complex legal issues, most of which are in dispute.

4. I, alongside my defense team, have worked diligently on the sentencing position for many weeks. However, I have been unable to condense the complex legal arguments in the memorandum to 50 pages due to the extensive factual and legal analysis necessary for a determination of a proper sentence. Based upon the critical nature of these pleadings and complexity of the issues, I ask that the Court find that good cause has been shown to allow for a memorandum in excess of the 50-page limit. Specifically, I ask that the Court permit the defense to file the memorandum, which totals 70 pages.

5. On October 10, 2022, a representative for defendant contacted the government to obtain its position on the instant request. The government responded with the following position: "The government opposes the filing of any brief over 50 pages (twice the normal limit). (If defendant seeks to file a supplement under ex parte 1, those pages would count towards the fifty page limit)."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 11, 2022              /s/ Michael John Avenatti
                                     MICHAEL JOHN AVENATTI

3

## **CERTIFICATE OF SERVICE**

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 17 Corporate Plaza, Suite 254 in Newport Beach, California. I am not a party to the above-entitled action. I have caused, on October 11, 2022, service of the:

DEFENDANT'S *EX PARTE* APPLICATION FOR AN ORDER GRANTING PERMISSION TO FILE AN OVERSIZE BRIEF

on the following party, using the Court's ECF system:

AUSA RANEE KATZENSTEIN AND AUSA BRETT SAGEL

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 11, 2022

/s/ H. Dean Steward
H. Dean Steward