# SENTENCING EXHIBIT 22

Message

___

**From**: Michael J. Avenatti [mavenatti@eaganavenatti.com]
**Sent**: 12/21/2016 7:01:14 PM
**To**: Vitaliy Shved [/O=TULLYS COFFEE/OU=Tullys.com/cn=Recipients/cn=VitaliyS]
**Subject**: Re: Check made out to cash for Dept of Treasury pmt $7,949

Vitally:

I am the chairman and CEO and owner of the company. Please book it as I have asked and we will get you backup.  Thanks.

Michael J. Avenatti, Esq.
Eagan Avenatti, LLP
520 Newport Center Drive, Ste. 1400
Newport Beach, CA  92660
Tel:  (949) 706-7000
Fax: (949) 706-7050
Cell: (949) 887-4118
mavenatti@eaganavenatti.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

On Dec 21, 2016, at 11:00 AM, Vitaliy Shved <█████████████████████> wrote:

> I need an invoice as back-up for payment.
>
> -Vitaliy
>
> ___
>
> **From:** Michael J. Avenatti [mailto:mavenatti@eaganavenatti.com]
> **Sent:** Wednesday, December 21, 2016 10:54 AM
> **To:** Vitaliy Shved <████████████████████>
> **Subject:** Re: Check made out to cash for Dept of Treasury pmt $7,949
>
> It is for 2015 q3 payroll taxes for Global.  Please book accordingly.
>
>
>
> Michael J. Avenatti, Esq.
> Eagan Avenatti, LLP

520 Newport Center Drive, Ste. 1400
Newport Beach, CA 92660
Tel: (949) 706-7000
Fax: (949) 706-7050
Cell: (949) 887-4118
mavenatti@eaganavenatti.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

On Dec 21, 2016, at 10:49 AM, Vitaliy Shved <████████████████> wrote:

<image001.gif>
Michael-

How should this be booked, as an expense to GB or as a loan reduction?

If an expense please send me the back-up to properly record the Invoice and payment, thanks.

<image002.png>

-Vitaliy

**Vitaliy Shved** | Controller
**Tully's Coffee** | Global Baristas US, LLC

2003 Western Ave. Ste 660 | Seattle, WA 98121
T: ████████████ | F: 206.770.6417
████████████   www.TullysCoffeeShops.com

●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●

🌎 *Please consider the environment before printing this email.*
"Strive for perfection in everything. Take the best that exists and make it better. If it doesn't exist, create it. Accept nothing nearly right or good enough."
*Sir Henry Royce, co-founder of Rolls Royce*

# SENTENCING EXHIBIT 23

Message

| From: | Sandy Funkhouser [/o=Tullys Coffee/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=Sandy Funkhouser77b] |
|---|---|
| Sent: | 9/1/2017 7:02:38 PM |
| To: | Michael Avenatti [MAvenatti@eaganavenatti.com] |
| CC: | Vitaliy Shved [█████████████] |
| Subject: | IRS visit today |
| Attachments: | 20170901114141544.pdf |

Hello,

David Lee from the IRS stopped in the office looking to speak with Magdalene, Tod and Anne. I let him know that none of them worked for us any longer and he wanted to know who was in charge. I gave him your name. He asked for my title and I gave it to him. He wanted to speak with whomever was in charge of payroll and I let him know that no one was here that could assist him. He mentioned that it was odd that we have an office where no one was in charge. I told him that if the purpose of his visit was to deliver anything needing a signature that no one in the office was authorized to sign for anything and that he would have to direct it to your attention. He told me that he wasn't here for any signatures as he needed to drop off a letter and wanted to contact Magdalene, Tod and Anne so he could interview them. I was given the letter (attached) and he said that he must point out bullet point three as the intent is to seek criminal charges. He then gave me his card and left.

Please let me know if there's anything else I should do or should have done.

Thank you,

Sandy Funkhouser | AP Manager | Franchise/Licensee Division Manager
Tully's Coffee | Global Baristas US LLC
2003 Western Avenue, Suite 660 | Seattle, WA 98121
T: █████████████  F: (206) 770-6417
█████████████ | www.TullysCoffeeShops.com
AP@GlobalBaristas.com

USAO_00197653

**Internal Revenue Service**
915 2ND AVE
MS W216
**IRS** SEATTLE, WA 98174-1009

**Department of the Treasury**

**Date:**
08/24/2017
**Person to contact:**
DAVID LEE
**Employee ID number:**

GLOBAL BARISTAS US LLC
2003 WESTEM AVENUE SUITE 660
SEATTLE, WA 98121

**Contact telephone number:**

**Contact fax number:**

**Taxpayer ID number: (last 4 digits)**
XX-XXX8099

Our records show that you haven't deposited federal employment taxes as required by law (Treasury Regulation Section 31.6302). **If you do not bring your account current with the required deposits within 30 days of the date of this letter, we will consider stricter civil or criminal enforcement procedures.**

We may:

- **File a Notice of Federal Tax Lien (NFTL) to protect the government's interest**

  By filing this notice, we are making a legal claim to your property as security for the payment of your tax debt. An NFTL is a public notice to your creditors that we have a claim against all your property, including property you acquire after we file the lien. An NFTL can have a negative effect on your credit rating. We may also seize (levy) your property. A levy is a legal seizure of property to satisfy a tax debt.

- **Assess a trust fund recovery penalty under Internal Revenue Code Section 6672 for the unpaid trust fund taxes.**

  We can assess a trust fund recovery penalty against anyone who is responsible for, and willfully fails to, collect, account for, or pay to the IRS income and employment taxes the law requires to be withheld. Willfulness exists if a person allows payment of net wages when the employer has insufficient funds to pay the taxes or uses withheld taxes for other purposes. Willfulness also exists if a person who knows of a previous failure to pay taxes allows payment to others (including payment of additional wages) rather than using available funds to pay the tax delinquency.

- **Refer the matter to the Department of Justice (DOJ) to institute a civil suit or to seek criminal prosecution**

  In a civil suit, the DOJ can seek an injunction that requires the employer to comply with the federal employment tax laws and prohibits the employer from paying any amounts until the employer pays the correct amounts to the IRS. The DOJ may also ask the court to appoint a receiver to take control of the business to ensure tax compliance.

**Letter 903 (Rev. 3/2016)**
Catalog No. 10737Q

The DOJ can also pursue criminal charges based on the willful failure to report and pay over withheld taxes (Section 7202 of the Internal Revenue Code). Willfulness is evident if an employer paid net wages and didn't leave enough funds to make the required tax payments or used withheld trust fund taxes for other purposes. **Convictions may result in imprisonment and other penalties. Other criminal statutes may also apply.**

I encourage you to comply with the federal employment tax deposit rules and to file your returns on time. I am enclosing Notice 931, *Deposit Requirements for Employment Taxes*, which explains the deposit rules.

Thank you for your cooperation.

Sincerely,

Dennis M. Minor

DENNIS M MINOR
MANAGER

Enclosure:
    Notice 931

Letter 903 (Rev. 3/2016)
Catalog No. 10737Q

Message

| | |
|---|---|
| **From:** | Michael J. Avenatti [mavenatti@eaganavenatti.com] |
| **Sent:** | 9/1/2017 7:07:34 PM |
| **To:** | Sandy Funkhouser [/O=TULLYS COFFEE/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=Sandy Funkhouser77b] |
| **CC:** | Vitaliy Shved [/O=TULLYS COFFEE/OU=Tullys.com/cn=Recipients/cn=VitaliyS] |
| **Subject:** | Re: IRS visit today |

I will handle and have our counsel contact him.  Thank you.

Michael J. Avenatti, Esq.
Eagan Avenatti, LLP
520 Newport Center Drive, Ste. 1400
Newport Beach, CA  92660
Tel:  (949) 706-7000
Fax: (949) 706-7050
Cell: (949) 887-4118
mavenatti@eaganavenatti.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

On Sep 1, 2017, at 12:03 PM, Sandy Funkhouser <                                            > wrote:

Hello,

David Lee from the IRS stopped in the office looking to speak with Magdalene, Tod and Anne.  I let him know that none of them worked for us any longer and he wanted to know who was in charge.  I gave him your name.  He asked for my title and I gave it to him.  He wanted to speak with whomever was in charge of payroll and I let him know that no one was here that could assist him.  He mentioned that it was odd that we have an office where no one was in charge.  I told him that if the purpose of his visit was to deliver anything needing a signature that no one in the office was authorized to sign for anything and that he would have to direct it to your attention.  He told me that he wasn't here for any signatures as he needed to drop off a letter and wanted to contact Magdalene, Tod and Anne so he could interview them.  I was given the letter (attached) and he said that he must point out bullet point three as the intent is to seek criminal charges.  He then gave me his card and left.

Please let me know if there's anything else I should do or should have done.

Thank you,

Sandy Funkhouser | AP Manager | Franchise/Licensee Division Manager
Tully's Coffee | Global Baristas US LLC
2003 Western Avenue, Suite 660 | Seattle, WA 98121
T:                      | F: (206) 770-6417
                                        www.TullysCoffeeShops.com
AP@GlobalBaristas.com

<20170901114141544.pdf>

USAO_00219910

Message

| | |
|---|---|
| **From**: | Michael J. Avenatti [mavenatti@eaganavenatti.com] |
| **Sent**: | 9/1/2017 7:42:18 PM |
| **To**: | Sandy Funkhouser [/O=TULLYS COFFEE/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=Sandy Funkhouser77b] |
| **CC**: | Vitaliy Shved [/O=TULLYS COFFEE/OU=Tullys.com/cn=Recipients/cn=VitaliyS] |
| **Subject**: | Re: IRS visit today |

And obviously, the below information is not be shared outside the three of us until further notice.  Meaning it is not to be discussed or communicated to any other current or former employees.

We will have counsel contact Mr. Lee and resolve this.  Thanks.

Michael

Michael J. Avenatti, Esq.
Eagan Avenatti, LLP
520 Newport Center Drive, Ste. 1400
Newport Beach, CA  92660
Tel:  (949) 706-7000
Fax: (949) 706-7050
Cell: (949) 887-4118
mavenatti@eaganavenatti.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

On Sep 1, 2017, at 12:07 PM, Michael J. Avenatti <mavenatti@eaganavenatti.com> wrote:

> I will handle and have our counsel contact him.  Thank you.
>
> Michael J. Avenatti, Esq.
> Eagan Avenatti, LLP
> 520 Newport Center Drive, Ste. 1400
> Newport Beach, CA  92660
> Tel:  (949) 706-7000
> Fax: (949) 706-7050
> Cell: (949) 887-4118
> mavenatti@eaganavenatti.com
>
> The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.
>
> On Sep 1, 2017, at 12:03 PM, Sandy Funkhouser <​                                        ​> wrote:

Hello,

David Lee from the IRS stopped in the office looking to speak with Magdalene, Tod and Anne.  I let him know that none of them worked for us any longer and he wanted to know who was in charge.  I gave him your name.  He asked for my title and I gave it to him.  He wanted to speak with whomever was in charge of payroll and I let him know that no one was here that could assist him.  He mentioned that it was odd that we have an office where no one was in charge.  I told him that if the purpose of his visit was to deliver anything needing a signature that no one in the office was authorized to sign for anything and that he would have to direct it to your attention.  He told me that he wasn't here for any signatures as he needed to drop off a letter and wanted to contact Magdalene, Tod and Anne so he could interview them.  I was given the letter (attached) and he said that he must point out bullet point three as the intent is to seek criminal charges.  He then gave me his card and left.

Please let me know if there's anything else I should do or should have done.

Thank you,

Sandy Funkhouser | AP Manager | Franchise/Licensee Division Manager
Tully's Coffee | Global Baristas US LLC
2003 Western Avenue, Suite 660 | Seattle, WA 98121
T: ▮▮▮▮▮▮▮▮▮ F: (206) 770-6417
▮▮▮▮▮▮▮▮▮▮▮▮▮ | www.TullysCoffeeShops.com
AP@GlobalBaristas.com


<20170901114141544.pdf>

# SENTENCING EXHIBIT 24

Message

---

**From:**     Michael J. Avenatti [mavenatti@eaganavenatti.com]
**Sent:**      9/29/2017 6:00:05 PM
**To:**          Vitaliy Shved [/O=TULLYS COFFEE/OU=Tullys.com/cn=Recipients/cn=VitaliyS]
**Subject:**   Re: Levies

We need to discuss this.

Michael J. Avenatti, Esq.
Eagan Avenatti, LLP
520 Newport Center Drive, Ste. 1400
Newport Beach, CA  92660
Tel:  (949) 706-7000
Fax: (949) 706-7050
Cell: (949) 887-4118
mavenatti@eaganavenatti.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

On Sep 29, 2017, at 10:57 AM, Vitaliy Shved <████████████████> wrote:

<image001.gif>

IRS took as additional $23,763.02 from tsys yesterday.

|           | CBT          | Tsys         |
|-----------|--------------|--------------|
| 9.25.17   |              | $ 22,135.19  |
| 9.27.17   | $ 10,212.80  |              |
| 9.28.17   |              | $ 23,763.02  |
|           | $ 10,212.80  | $ 45,898.21  |
|           |              | $ 56,111.01  |

-Vitaliy

**Vitaliy Shved**  | Controller
**Tully's Coffee** | Global Baristas US, LLC

2003 Western Ave. Ste 660 | Seattle, WA 98121
T: ▮▮▮▮▮▮▮▮ | F: 206.770.6417
▮▮▮▮▮▮▮▮ | www.TullysCoffeeShops.com

....................................................................................

*Please consider the environment before printing this email.*

"Strive for perfection in everything. Take the best that exists and make it better.  If it doesn't exist, create it.  Accept nothing nearly right or good enough."
*Sir Henry Royce, co-founder of Rolls Royce*

USAO_00222497

# SENTENCING EXHIBIT 25

Message

___

| | |
|---|---|
| **From**: | Michael J. Avenatti [mavenatti@eaganavenatti.com] |
| **Sent**: | 10/2/2017 7:21:43 PM |
| **To**: | Vitaliy Shved [/O=TULLYS COFFEE/OU=Tullys.com/cn=Recipients/cn=VitaliyS] |
| **Subject**: | Re: Tully's Coffee Corp --- Name Change " Global Baristas LLC" [Synergy] |

Agreed - please confirm.

Michael J. Avenatti, Esq.
Eagan Avenatti, LLP
520 Newport Center Drive, Ste. 1400
Newport Beach, CA  92660
Tel:  (949) 706-7000
Fax: (949) 706-7050
Cell: (949) 887-4118
mavenatti@eaganavenatti.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

On Oct 2, 2017, at 12:20 PM, Vitaliy Shved <░░░░░░░░░░░░░░░░░░░░> wrote:

> See below request for approval, thanks.
>
> CC  billing@synergyworld.com
>
>
>
> **From:** Sandy Funkhouser
> **Sent:** Monday, October 02, 2017 12:02 PM
> **To:** Vitaliy Shved <░░░░░░░░░░░░░░░░░░>
> **Subject:** FW: Tully's Coffee Corp --- Name Change " Global Baristas LLC"
>
> Are you able to confirm the name change as indicated in the email below?
>
> Sandy Funkhouser | AP Manager | Franchise/Licensee Division Manager
> Tully's Coffee | Global Baristas US LLC
> 2003 Western Avenue, Suite 660 | Seattle, WA 98121
> T: ░░░░░░░░ | F: (206) 770-6417
> ░░░░░░░░░░░░░░░░░  www.TullysCoffeeShops.com
> AP@GlobalBaristas.com
>
>
> **From:** Billing Synergy World [mailto:billing@synergyworld.com]
> **Sent:** Monday, October 02, 2017 11:43 AM
> **To:** Sandy Funkhouser <░░░░░░░░░░░░░░░░░>
> **Cc:** Billing Synergy World <billing@synergyworld.com>
> **Subject:** Tully's Coffee Corp --- Name Change " Global Baristas LLC"

USAO_00220073

Hello Sandy,

We received an email with the following request from **Tsys** in regards to a name Change for Tully's.

" This will only be a change in LLC.  Current is:  Global Baristas US LLC.

Changing to:  Global Baristas, LLC  (*No "US").  Same ownership contacts.  Nothing else is
changing.  I confirmed with Tully's that no credit cards are ran through the Verifone terminals so
we will NOT need to change anything on them."

Can you please confirm so we can do all the necessary changes in our system.  This will also
change our invoicing, and moving forward all documents will be under *" Global Baristas LLC
"* instead of Global Barista US LLC.

Thank you,

Norma Ramos
Accounting
Synergy World Inc.
billing@synergyworld.com

# SENTENCING EXHIBIT 26

Message

---

**From:** Judy K. Regnier [jregnier@eaganavenatti.com]
on behalf of   Judy K. Regnier
**Sent:** 10/3/2017 7:39:45 PM
**To:** Ben Venuto [█████████████]
**CC:** Michael Avenatti [mavenatti@eaganavenatti.com]; Vitaliy Shved [███████████████]
**Subject:** RE: Bank Accounts
**Attachments:** Agreement.pdf

Mr. Venuto –


Attached is the agreement. I will forward the bank letter as soon as received.


Judy


**From:** Ben Venuto [mailto █████████████]
**Sent:** Tuesday, October 03, 2017 11:54 AM
**To:** Judy K. Regnier
**Cc:** Michael J. Avenatti; Vitaliy Shved
**Subject:** RE: Bank Accounts


Thank you Judy. Can you please send a bank letter? We also need the signed agreement back from Michael.


The bank should know what's needed on the bank letter, but in case it should state something on the lines of:


"Global Baristas, DBA Tully's Coffee, has a current and open account with California Bank & Trust. It can accept debits and credits. The account # is _____ and the routing # is _____." It needs to be on bank letterhead and signed by a rep of the bank.


We need that and the signed agreement before I can get anything moving on my end. Thanks,


Ben Venuto

O: █████████████

USAO_00198374

C: ███████████

F: 866 740 0832

E: ███████████

---

**From:** Judy K. Regnier [mailto:jregnier@eaganavenatti.com]
**Sent:** Tuesday, October 3, 2017 1:48 PM
**To:** Ben Venuto <███████████>
**Cc:** Michael J. Avenatti <mavenatti@eaganavenatti.com>; Vitaliy Shved <███████████>
**Subject:** Bank Accounts

Mr. Venuto –

The new account has been opened as follows:

Best,

Judy K. Regnier, CLA
Eagan Avenatti, LLP
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
(949) 706-7000
(949) 706-7050 fax

jregnier@eaganavenatti.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

---

-------------------------------------- **The information contained in this communication (including any attachments hereto) is confidential and is intended solely for the personal and confidential use of the**

individual or entity to whom it is addressed. The information may also constitute a legally privileged confidential communication. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this communication in error and that any review, dissemination, copying, or unauthorized use of this information, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message. Thank you

USAO_00198376

Principal/Bank: _____   Associate/Group: 253000 ___   Chain/Association: 253002 ___   MID#: _____   MCC Code: 5814 ___

## MERCHANT TRANSACTION PROCESSING AGREEMENT — MERCHANT APPLICATION

201610 Merchant Application SBS Pass Through                                                                CONFIDENTIAL

### BUSINESS INFORMATION

| | |
|---|---|
| Business Legal Name (must match name on tax return): ("MERCHANT") Global Baristas, LLC | Business D/B/A: Tully's Coffee 01034 |

Location Street Address: (No P.O. Boxes)  746 19th Ave E | City: Seattle | State: WA | Zip: 98112

| Contact Name: Vitaliy Shved | Phone: | Fax: (206) 770-6417 | Email: |

Mailing/Billing Address: (If different from Location)  2003 Western Avenue, Suite 660 | City: Seattle | State: WA | Zip: 98121 | Phone:

### BUSINESS PROFILE AND ASSUMPTIONS

| # of Locations: 35 | Fed. Tax ID: 1301 | Annual Visa/MasterCard/Discover/American Express Volume ($): 15,000,000.00 | Location Volume ($): 435,000.00 | Business Open Date: 12/12/2012 |

| Average Ticket ($): 9.00 | Highest Ticket ($): 1,000.00 | Avg. monthly Vol. ($): 40,000.00 | Length of Ownership: 5 Yr   Mo | Visa/MasterCard/Discover/American Express Currently Accepted?  ☑ Yes  ☐ No |

| # of Employees: 350 | Ownership Type: LLC – Private | % of Goods/Services Cash and Carry: 100 | |

| Type of Business: Retail | Pricing Method: Retail | Type of Goods/Services sold: (Please include a copy of your return/refund policy) Coffee Shops |

| Previous Processor: (Please Include copy of statements)  TSYS | Business Website: www.tullyscoffee.com |

| Card Present 95 % + Card Not Present 5 % = TOTAL: 100%  If CNP Choose one: | Sales to: Consumer 95 % + Business ____ % = TOTAL: 100% Card Swipe ____ % + Imprint ____ % = TOTAL Card Present % |

| Application Type: Ownership Change | Addl. Location LOC/Old MID: 84870052228005 | Dun & Bradstreet #: (If available) | Have you or your business ever declared bankruptcy?  ☐ Yes  ☐ No |

| Do you use any third party fulfillment houses?  ☐ Yes  ☑ No  If Yes, please provide a contact list of all third party fulfillment houses. | Do you work with any third parties or software vendors who have access to cardholder data?  ☐ Yes  ☑ No  If yes, please provide a contact list of all third parties and software vendors who have access to cardholder data. |

| When is cardholder billed for goods/services? | ☐ On Order | ☐ On Shipment  Average number of days between order and shipment? |

| Expected date of first transaction? | Do you operate as a Seasonal Merchant?  ☐ Yes  ☑ No |

| If seasonal, indicate operating months: | ☐ Jan  ☐ Feb  ☐ Mar  ☐ Apr  ☐ May  ☐ Jun  ☐ Jul  ☐ Aug  ☐ Sep  ☐ Oct  ☐ Nov  ☐ Dec |

### REFERENCES

| Bank Reference Name: California Bank and Trust | Contact: | Phone: | Account Number: 5791082240 |
| Trade/Supplier 1 Name: | Contact: | Phone: | Account Number: |
| Trade/Supplier 2 Name: | Contact: | Phone: | Account Number: |

### VISA DISCLOSURE

| MEMBER BANK (ACQUIRER) INFORMATION  First National Bank of Omaha 1620 Dodge Street Omaha, NE 68197 800-833-9586 | IMPORTANT MEMBER BANK (ACQUIRER) RESPONSIBILITIES  1. A Visa member is the only entity approved to extend acceptance of Visa products directly to a merchant.  2. A Visa member must be a principal (signer) to the Merchant Agreement.  3. The Visa member is responsible for and must provide settlement funds to the merchant.  4. The Visa member is responsible for all funds held in reserve that are derived from settlement.  5. The Visa member is responsible for educating merchants on pertinent *Visa International Operating Regulations* with which merchants must comply. | IMPORTANT MERCHANT RESPONSIBILITIES  1. Ensure compliance with cardholder data security and storage requirements.  2. Maintain fraud and chargebacks below thresholds.  3. Review and understand the terms of the Merchant Agreement.  4. Comply with *Visa International Operating Regulations*. |

The responsibilities listed above do not supersede terms of the Merchant Agreement and are provided to ensure the merchant understands some important obligations of each party and that the Visa Member (acquirer) is the ultimate authority should the merchant have any problems.

| Merchant Legal Name: Global Baristas, LLC | Authorized Signature: X |
| Address: 746 19th Ave E  Seattle   WA  98112 | Print Name: Michael J. Avenatti |
| Title: CEO | Date: 10/02/2017 |

USAO_00198377

201610 Merchant Application SBS Pass Through                                          CONFIDENTIAL

## FEES

### VISA/MC/DISCOVER/AMERICAN EXPRESS OPTBLUE

| | | | |
|---|---|---|---|
| Pass through pricing: 0.000 | % DISCOUNT[1] on SALES + $ **0.0200** | per item on gross items (SALES plus Credits) |
| TMS AMEX Support Fee*: 1.140 | % DISCOUNT[1] on SALES + $ **0.0000** | per item on gross items (SALES plus Credits) |
| *Applies in addition to Pass through pricing above | | |

Visa Rewards, Visa Signature, Visa Premium, MasterCard World, MasterCard Enhanced, MasterCard Premium and Discover Premium cards will be assessed an additional _____ to the applicable rate tier. Please review the Rate Descriptions under the Documents tab online at www.tsystransactionsummary.com or contact TMS at 800.228.2443 for additional information on which interchange programs qualify.

| | | | | | |
|---|---|---|---|---|---|
| Merchant Setup | $ 50.00 | per MID | Authorizations "or" | $ 0.0200 per V/MC/Disc/AMEX Opt Blue Auth | |
| Monthly Maintenance | $ 0.00 | per MID | Excessive Electronic Authorizations | $ | per V/MC/Disc Auth over 100% of SALES & per AMEX OptBlue Auth |
| Minimum Discount Billing | $ 0.00 | per month/MID | Non V/MC/Disc/AMEX Opt Blue Authorizations | $ 0.0200 | each |
| Chargebacks | $ 10.00 | each | Voice Authorizations | $ 0.6500 | each |
| Retrievals | $ 5.00 | each | Voice AVS | $ 0.0000 | each |
| Batch Capture | $ 0.00 | each | Paper Statement ☐Yes ☑No | $9.95 per month/MID | |
| Insufficient Funds Fee | $35 per unsuccessful debit of DESIGNATED Account | | Wireless Monthly Wireless Set Up | $ $ | per device per device |
| Annual Seasonal | $ | per MID | Unauthorized ACH Return Fee | $4.50 each | |
| Regulatory and Compliance | $ | per month/MID | OTHER | $ | |
| OTHER | $ | | OTHER | $ | |

| | | |
|---|---|---|
| ATM/DEBIT ☐Yes ☑No | | PCI VALIDATION FEE |
| Setup $ _____ per MID | PCI Validation Fee $ 129.00 | per year /MID OR $ 0.00 per month/MID |
| Transactions $ _____ each | | |
| Monthly per MID $ _____ | PCI Non-validation Fee: $ 20.00 per month/MID if MERCHANT is not validated for compliance with | |
| Network Fees **Pass thru** | TMS's vendor, beginning 75 days after signing. | |

### ACCOUNT CLOSURE FEE

If the AGREEMENT is terminated early during the INITIAL TERM or any RENEWAL TERM for any reason other than set out in paragraph 5.1, 5.2A, or 5.2B, then MERCHANT agrees to pay TMS an account closure fee ("ACCOUNT CLOSURE FEE") in accordance with the following: $399 per MID during the first 12 months of the INITIAL TERM; $299 per MID during the second 12 months of the INITIAL TERM; $199 per MID during the third 12 months or any time thereafter of the INITIAL TERM; $149 per MID during any RENEWAL TERM. MERCHANT agrees that the ACCOUNT CLOSURE FEE shall also be due to TMS in accordance with this schedule if MERCHANT discontinues submitting SALES for processing during the INITIAL TERM or any RENEWAL TERM of the AGREEMENT. MERCHANT agrees that this fee is a not a penalty, but rather a reasonable estimation of the actual damages TMS would suffer if TMS were to fail to receive the processing business for the then current term. Paragraph references and capitalized terms not defined in this paragraph are defined in the attached Terms and Conditions. Pursuant to Section 4.1 of the Terms and Conditions the INITIAL TERM shall be for 3 years.

### TSYS MERCHANT INSIGHTS^SM ESSENTIALS

60 day free trial period. Billed at $29.99 per location per month if not cancelled during free trial period. This product or service is not being offered by BANK. BANK has no obligation or liability for this product or service.

### TMS CARD COMPROMISE ASSISTANCE PLAN (CCAP)

CCAP Fee (PCI Validated): $ 7.95 per month/MID, if MERCHANT is validated for PCI Compliance with TMS's vendor.

CCAP Fee (PCI Non-Validated): $ 34.95 per month/MID, if MERCHANT is not validated for PCI Compliance with TMS's vendor, beginning 75 days after signing.

Refer to the TMS Card Compromise Assistance Plan Agreement for applicable terms. BANK is not a party to this agreement and has no obligation or liability under such agreement.

### TMS CARD COMPROMISE ASSISTANCE PLAN (CCAP) OPT OUT

MERCHANT may only opt out if MERCHANT validates PCI Compliance with TMS vendor within 75 days of signing. If at any time MERCHANT is not validated for compliance, MERCHANT will be automatically enrolled in CCAP until such time that MERCHANT restores validation, at which point MERCHANT will again be opted out. MERCHANT declines to participate in the Card Compromise Assistance Plan ("CCAP"). MERCHANT understands that under the terms of the AGREEMENT, MERCHANT is responsible for all expenses, fines, assessments, and penalties that arise in the event that a data breach is suspected or occurs at one or more of MERCHANT's locations. Further, MERCHANT understands and agrees that CCAP assistance will not be available to help pay any of the above mentioned expenses, fines, assessments, or penalties in the event of a suspected or actual data breach at one or more of MERCHANT's locations. MERCHANT acknowledges that despite opting out of CCAP, MERCHANT will still be assessed a PCI Validation Fee. Refer to the TMS Card Compromise Assistance Plan Agreement for applicable terms. BANK is not a party to this agreement and has no obligation or liability under such agreement.

| | |
|---|---|
| Merchant Name: Global Baristas, LLC | Authorized Signature: X |
| Title: CEO | Date: 10/02/2017 |

[1] Discount is a FEE charged as a percentage of gross SALES submitted by MERCHANT, which generally includes "Processing," "Authorizations," "Assessments," and "Interchange."

Merchant Initials: X 

USAO_00198378

201610 Merchant Application SBS Pass Through                                                                     CONFIDENTIAL

## TMS EQUIPMENT/SOFTWARE

| Brand/Model USAePay | Brand/Model | Brand/Model |
|---|---|---|
| Equipment Option Prev Owned | Equipment Option | Equipment Option |
| Fee $ 0    Quantity 2   Total $ 0.00 | Fee $    Quantity    Total $ 0.00 | Fee $    Quantity    Total $ 0.00 |
| Payment Option | Payment Option | Payment Option |
| Software Vendor | Payment Application | Version |

Refer to the TMS Equipment Agreement for applicable terms. BANK is not a party to this agreement and has no obligation or liability under such agreement.

## AMERICAN EXPRESS

☑ New American Express OptBlue                                    ☐ Existing American Express ESA

ESA SE _____        Merchant CAP _____

## CARD BRAND FEES
All fees listed in this section are fees charged by the Card Brands to TMS. TMS is then charging these fees to the merchant.

| MasterCard Kilobyte Fee: | MasterCard Acquirer License Fee: |
|---|---|
| $0.0014 per each settled MasterCard transaction | 0.0125% of gross MasterCard SALES dollar volume |

Visa Base II: $0.0018 per Visa transaction

The following fees will be passed through at Card Brand's rate: Interchange, Assessments, Visa Exception Item Fee, Visa Network Acquirer Processing Fee, Visa International Acquirer Fee (including High Risk), Visa Partial Authorization Non-participation Fee, Visa International Service (including cash advance), Visa Misuse, Visa Debit Transaction Integrity, Visa Fixed Acquirer Network Fee, Visa LAC International Acquirer Fee (IAF) Local Currency, Visa LAC International Acquirer Fee (IAF) Non-Local Currency, Visa Domestic Authorization Verification Fee, Visa International Authorization Verification Fee, Visa Zero Floor Limit, MasterCard NABU Fee: $0.0195 per each authorized MasterCard transaction (except collection and refund transactions which will be assessed this fee upon settlement), Master-Card CVC2 Transaction Fee: $0.0025 per each transaction that receives a CVC2 response value of "M" (match) or "N" (no match), MasterCard AVS Fee - Card Present: $0.01 on all transactions processed at Card Present merchant locations where AVS was performed, MasterCard AVS Fee - Card Not Present: $0.01 on all transactions processed at Card Not Present merchant locations where AVS was performed, MasterCard Cross-Border U.S.: $0.006 per each dollar of transaction processed at a U.S. location on a non-U.S. issued card, MasterCard Cross-Border U.S.-PR: $0.006 per each dollar of transaction processed at a Puerto Rico location on a non-Puerto Rico issued card, MasterCard Cross-Border Non-U.S.: $0.01 per each dollar of transaction processed in foreign currency at a non-U.S. location on a U.S. issued card, MasterCard Cross-Border Non-U.S.-PR: $0.01 per each dollar of transaction processed in foreign currency at a non-Puerto Rico location on a Puerto Rico issued card, MasterCard Processing Integrity Fee - Card Present: $0.045 per each approved MasterCard authorization without a reversal request within 24 hours of the initial card-present authorization, MasterCard Processing Integrity Fee - Card Not Present: $0.045 per each approved MasterCard authorization without a reversal request within 72 hours of the initial card-not-present authorization, MasterCard Processing Integrity Fee - T&E: $0.045 per each approved MasterCard authorization without a reversal request within 20 days of the initial T&E authorization, MasterCard Processing Integrity Fee > 120 Days: $0.045 per each approved Master-Card authorization without a corresponding settled transaction or reversal within 120 days of the approved authorization, MasterCard Preauthorization Processing Integrity Fee (Effective April 21, 2017): $0.045 per each approved MasterCard Preauthorization without a corresponding settled transaction or reversal within 30 days of the approved Preauthorization, MasterCard Undefined Authorization Processing Integrity Fee (Effective May 14, 2017): $0.045 per each approved MasterCard Undefined Authorization without a corresponding settled transaction or reversal within 7 days of the approved Undefined Authorization, MasterCard Final Authorization Processing Integrity Fee (Effective June 4, 2017): 0.25% or $0.04, whichever is higher per each approved MasterCard Final Authorization without a corresponding settled transaction within 7 days of the approved Final Authorization, MasterCard Interregional Account Status Inquiry: $0.03 per each $0 Account Status Inquiry performed on a card not issued in the same country as the merchant's location, MasterCard Intraregional Account Status Inquiry: $0.025 per each $0 Account Status Inquiry performed on a card issued in the same country as the merchant's location, MasterCard Digital Enablement Fee: 0.01% per cardholder not present transaction, MasterCard Annual Merchant Location Fee: $15.00 per each merchant location per year, MasterCard Annual Payment Facilitator Location Fee: $3.00 per each Pay-ment Facilitator per year, MasterCard Ineligible FNS Chargeback Blocking Fee: $3.00 per each fraud-related chargeback blocked via MasterCard's Fraud Notification Service (FNS), Discover International Processing Fee, Discover International Service Fee, Discover Data Usage Fee, Discover Network Authorization Fee, American Express CNP Downgrade: 0.30%, American Express Inbound Fee: 0.40% on Cross Border Transactions, All Other Applicable Card Brand Fees.

## FUNDS TRANSFER

In accordance with the terms set out in the Terms and Conditions, transfer funds will be made to/from the account set forth in the enclosed voided check or bank letter.

☐ Standard        ☑ Premium

Please attach voided check here.

Merchant Initials: X _____ ⌐ X

USAO_00198379

201610 Merchant Application SBS Pass Through                                                                    CONFIDENTIAL

## SALES PROFESSIONAL VERIFICATION

By the signature below, the Sales Professional verifies that that the information stated in this Agreement is correct to the best of his/her knowledge and is as represented to him/her by  MERCHANT.

| Sales Professional Signature: | Sales Professional Name Printed: Ben Venuto |
|---|---|

| Sales Organization: TSYS Merchant Solutions | Application Date: 10/02/2017 | Physical Site Inspection Conducted By Sales Professional  ☐ Yes  ☐ No |
|---|---|---|

## PERSONAL GUARANTY

THIS general, absolute, and unconditional continuing Guaranty ("GUARANTY") by the undersigned (collectively "GUARANTOR" or "my" or "I" or "me"), is for the benefit of TSYS Merchant Solutions, LLC and/or First National Bank of Omaha (Collectively the "Guaranty Parties").  For value received, and in consideration of the mutual  undertakings contained in the Merchant Transaction Processing Agreement and allied agreements ("AGREEMENT") between the Guaranty Parties and ("MERCHANT") as set forth below, I absolutely and unconditionally guarantee the full performance of all MERCHANT's obligations to the Guaranty Parties, together with all costs, expenses, and attorneys' fees incurred by any the Guaranty Party in connection with any actions, inactions, or defaults of MERCHANT.  I waive any right to require the Guaranty Parties to proceed against other entities  or MERCHANT.  There are no conditions attached to the enforcement of this GUARANTY.  I authorize the Guaranty Parties, their respective agents or assigns to make from time to time any personal credit or other inquiries and agree to provide, at the request of either of the Guaranty Parties, financial statements and/or tax returns.  I agree that this GUARANTY shall be governed and  construed in accordance with the laws of the state of Nebraska, and that the courts of the state of Nebraska shall have and be vested with personal jurisdiction over me.  This is a continuing GUARANTY and shall remain in effect until one hundred eighty (180) days after receipt by the Guaranty Parties of written notice by me terminating or  modifying the same.  The termination of the AGREEMENT or GUARANTY shall not release me from liability with respect to any obligations incurred before the  effective date of termination.  No termination of this GUARANTY shall be effected by any change in my legal status or any change in the relationship between MERCHANT and me.  This GUARANTY shall bind and inure to the benefit of the personal representatives, heirs, administrators, successors and assigns of GUARANTOR and the Guaranty Parties.

PERSONAL GUARANTOR: (Signature-No Titles) _____     Print Name: (No Titles) _____

MERCHANT: (Business Legal Name) Global Baristas, LLC          Social Security Number: _____

Home Address: _____          Home Phone: _____     Work Phone: _____

## AGREEMENT ACCEPTANCE

By their execution below the undersigned parties agree to abide by the Merchant Transaction Processing Agreement (the "AGREEMENT").  The AGREEMENT consists of the Merchant Application and the Terms and Conditions (a separate attachment hereto), and MERCHANT acknowledges it has received and read the Terms and Conditions at the time of signing.  MERCHANT warrants that the information provided on the Merchant Application is complete and accurate.  MERCHANT authorizes TMS and/or BANK to provide a copy of this Merchant Application to any third party for the services requested.  MERCHANT, its signing officer, owner, partner and any Personal Guarantor authorize TMS, BANK or their agents or assigns, to make from time to time, business or personal credit inquiries and other inquiries in connection with this Merchant Application or the Agreement.  By executing this Merchant Application, MERCHANT, its signing officer, owner, partner and any Personal Guarantor acknowledge that TMS and/or BANK has a legitimate business need for the information contained in any personal credit report that may be obtained in connection with this Merchant Application or the Agreement, and that this Application is a business transaction that was initiated by the MERCHANT and/or any Personal Guarantor identified above.  If applicable, MERCHANT agrees by its signature below to the TMS Equipment Agreement, the TMS Card Compromise Assistance Plan Agreement, and the American Express OptBlue Program Agreement.  BANK is not a party to these agreements and has no obligation or liability under such agreements.  In witness whereof the parties hereto have caused this AGREEMENT to be executed by their duly authorized representatives effective on the date signed or approved by BANK.

| Principal's Name (Please Print): Michael J. Avenatti | | Title: CEO | |
|---|---|---|---|

| Equity Ownership (%) | Home Phone No: | Date of Birth: | Principal's Soc See No: 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 | |
|---|---|---|---|---|

| Principal's Home Address: | City: | State: | Zip: |
|---|---|---|---|

| MERCHANT (PRINCIPAL / OFFICER / OWNER) Signature: X | Name (Please Print): Michael Avenatti | Title: CEO | Date: 10/02/2017 |
|---|---|---|---|
| TSYS Merchant Solutions, LLC ("TMS") Signature: | Name: | Title: CEO | Date: 10/02/2017 |
| First National Bank of Omaha ("BANK") Signature: | Name: | Title: | Date: |

USAO_00198380

# SENTENCING EXHIBIT 27

Message

| | |
|---|---|
| **From:** | "Michael J. Avenatti" [mavenatti@eaganavenatti.com] |
| **on behalf of** | Michael J. Avenatti [/o=First Organization/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=Michael J. Avenatti] |
| **Sent:** | 12/1/2017 7:58:34 PM |
| **To:** | Judy K. Regnier |
| **CC:** | Melissa Grice [ ▉▉▉▉▉▉▉▉▉ ]; Beth Cravener [ ▉▉▉▉▉▉▉▉▉ ]; Vitaliy Shved [ ▉▉▉▉▉▉▉▉ ] |
| **Subject:** | Re: Chase - Please complete and sign your application ***ACTION REQUIRED - Deadline 11/27/17*** |

Yes

Michael J. Avenatti, Esq.

Eagan Avenatti, LLP

520 Newport Center Drive, Ste. 1400

Newport Beach, CA  92660

Tel:  (949) 706-7000

Fax: (949) 706-7050

Cell: (949) 887-4118

mavenatti@eaganavenatti.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

On Dec 1, 2017, at 11:58 AM, Judy K. Regnier <jregnier@eaganavenatti.com> wrote:

> Being nothing was filled out on these forms – I am assuming that all of the deposits are going to the CBT accounts – correct?

> **From:** Michael J. Avenatti
> **Sent:** Friday, December 01, 2017 11:56 AM
> **To:** Melissa Grice
> **Cc:** Judy K. Regnier; Beth Cravener; Vitaliy Shved

USAO_00625210

**Subject:** Re: Chase - Please complete and sign your application ***ACTION REQUIRED - Deadline 11/27/17***

Melissa:

As we just discussed, there is nothing untoward about Doppio.  It has been in place for over four years and has always held the ownership interest in GB.

In any event, we will handle it.

Thanks,

Michael

Michael J. Avenatti, Esq.

Eagan Avenatti, LLP

520 Newport Center Drive, Ste. 1400

Newport Beach, CA  92660

Tel:  (949) 706-7000

Fax: (949) 706-7050

Cell: (949) 887-4118

mavenatti@eaganavenatti.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

USAO_00625211

On Dec 1, 2017, at 11:44 AM, Melissa Grice <███████████████████> wrote:

Good morning,

After sharing this information with the team, we are uncomfortable with this change. I have never heard of Doppio, and while I assume it is an entity that Michael is behind, I am not aware of us ever using this in the set-up of services. Given the recent questioning by the IRS, I am hesitant to take action on things I don't know much about. I am happy to provide contact information for Chase for you.

Regretfully,

Melissa Grice | Director Retail Operations
Tully's Coffee | Global Baristas US, LLC
2003 Western Ave. Suite 660 | Seattle, WA 98121
T: ████████████████
███████████████████ | www.TullysCoffeeShops.com

**From:** Judy K. Regnier [mailto:jregnier@eaganavenatti.com]
**Sent:** Thursday, November 30, 2017 9:36 AM
**To:** Michael Avenatti <MAvenatti@eaganavenatti.com>; Melissa Grice
<███████████████████>
**Subject:** RE: Chase - Please complete and sign your application ***ACTION REQUIRED - Deadline 11/27/17***
**Importance:** High

There are over 30 pages that have not been completed so are not ready for signature. Additionally these are set up for Michael as "Individual/Sole Proprietor" and asking for his SS and information – shouldn't this information be the "Parent Company"? I've attached a sample – the information is essentially the same on each.

**From:** Michael J. Avenatti
**Sent:** Wednesday, November 29, 2017 11:23 PM
**To:** Melissa Grice; Judy K. Regnier
**Subject:** RE: Chase - Please complete and sign your application ***ACTION REQUIRED - Deadline 11/27/17***
**Importance:** High

We need to ensure this gets done tomorrow am please.

Michael J. Avenatti, Esq.
Eagan Avenatti, LLP
520 Newport Center Drive, Ste. 1400

Newport Beach, CA  92660
Tel: (949) 706-7000
Fax: (949) 706-7050
Cell: (949) 887-4118
mavenatti@eaganavenatti.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

**From:** Melissa Grice [⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛]
**Sent:** Tuesday, November 28, 2017 1:49 PM
**To:** Michael J. Avenatti; Judy K. Regnier
**Subject:** FW: Chase - Please complete and sign your application ***ACTION REQUIRED - Deadline 11/27/17***

Resending Chase documents. First set up via link below, remaining applications attached.

Melissa Grice | Director Retail Operations
Tully's Coffee | Global Baristas US, LLC
2003 Western Ave. Suite 660 | Seattle, WA 98121
T: ⬛⬛⬛⬛⬛⬛⬛
⬛⬛⬛⬛⬛⬛⬛⬛⬛ | www.TullysCoffeeShops.com

**From:** Melissa Grice
**Sent:** Wednesday, November 22, 2017 3:52 PM
**To:** Michael Avenatti <MAvenatti@eaganavenatti.com>
**Cc:** Vitaliy Shved <⬛⬛⬛⬛⬛⬛⬛⬛⬛>
**Subject:** FW: Chase - Please complete and sign your application ***ACTION REQUIRED - Deadline 11/27/17***

Good afternoon,

A PDF copy of the pricing sheet is attached. If you are happy with the fees and wish for us to proceed, please initial page one and sign page two. Return to ⬛⬛⬛⬛⬛@chase.com.

Given the small time window for change, we have moved forward with getting the applications ready for signature. If you approve:

Step One:

Complete online application by following the below DocuSign instructions.  This is setup for store 11003.

Step Two:

Complete and sign the Word doc attachments for remaining store locations, Corporate and Webstore.

**The current setup for banking is as follows:**

All stores depositing to CBT account ending xxx3730 (GL 1070)

Corporate – 11111 depositing to CBT account ending xxx2240 (GL 1060)

Webstore – 11114 depositing to Key Bank account ending xxx6193 (GL 1055) (Note:  This is what is keeping this account active and allowing stores to use Key for change / till funds)

**All completed forms need to be sent to our Chase contact:**

Randall Nixon | Sr. Business Development Specialist | **Chase** | Merchant Services | 14221 Dallas Parkway | Dallas, TX  75254 **T**: ▮▮▮▮▮▮  **F**:1.855.864.6509 | ▮▮▮▮▮@chase.com

Timing – TSYS ends processing as of 12/7/17.  Applications for Chase should be completed no later than COB 11/27/17.  This allows Chase 2-5 business days for setup.  Once we have confirmation these are sent to Chase, Beth will reach out to Revel and USAePay to schedule processor changeover and provide details to Operations for stores.

**Please note Beth will be confirming setup as follows with Chase / USAePay / Revel once applications are submitted and MID's completed by Chase:**

Daily Fees – deducting from CBT account xxx3730 (please advise if this should change to xxx2240)

Batching – Auto Settle at 11:00pm PST.

Thank you,

Melissa Grice | Director Retail Operations
Tully's Coffee | Global Baristas US, LLC
2003 Western Ave. Suite 660 | Seattle, WA 98121
T: ▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮ | www.TullysCoffeeShops.com

**From:** DocuSign System [mailto:dse_na2@docusign.net]
**Sent:** Tuesday, November 21, 2017 11:56 PM
**To:** Beth Cravener
**Subject:** Reminder: Please complete and sign your application

**COMMERCE SOLUTIONS**

**Please complete and sign your application**

Hello Michael Avenatti,

Thank you for choosing us as your payments partner. We value your business and want you to succeed.

Click the link below to begin. Please complete all the information carefully, sign it and submit it. We'll respond as soon as we can.

**View Application**

Here's another way to complete the application:

1. Visit DocuSign.com
2. Click **Access Documents**
3. Use this Security Code: 44C91466B2674D0D9410E1882835ECE32

If you have questions, just reply to this email.

Randall Nixon sent you this application using the DocuSign Electronic Signature Service. To stop receiving emails from this sender, please reply with your request.

Chase provides the compilations, summaries and other information contained herein to serve as general guidelines. While we strive to make sure this information is accurate, Chase does not warrant the completeness, timeliness or suitability of this information for your specific needs. In addition, the compilations, summaries and information contained within this document do not substitute for the Payment Brand Rules, which are part of your contract with Chase.

Copyright & Privacy Policy Info: Chase | Privacy Policy | Terms of Use

©2016, Paymentech, LLC ("Chase"). All Rights Reserved.

# SENTENCING EXHIBIT 28

Message

**From:** Melissa Engel [█████████████████]
**Sent:** 10/27/2016 7:00:27 PM
**To:** Michael J. Avenatti
**CC:** Vitaliy Shved [█████████████]
**Subject:** Q3 Tax Filing Review
**Attachments:** 941 Form 2016 Q3.pdf; Schedule B 941 Form 2016 Q3.pdf

Hi Michael,

See below for following information on Q3 tax filing.

| Vendor | Quarter | Amount | Due Date | Notes | Column1 |
|---|---|---|---|---|---|
| Dept of Labor and Industries WA | 2015 Q2 | $ 62,134.83 | ASAP | *Includes Penalties/interest | **Filed |
| Dept of Labor and Industries WA | 2015 Q4 | $ 55,007.72 | ASAP | *Includes Penalties/interest | **Filed |
| Dept of Labor and Industries WA | 2016 Q1 | $ 57,828.76 | ASAP | *Includes Penalties/interest | **Filed |
| Dept of Labor and Industries WA | 2016 Q2 | $ 48,918.97 | ASAP | *Includes Penalties/interest | **Filed |
| Dept of Labor and Industries WA | 2016 Q3 | $ 43,759.36 | 10/31/2016 | | **Filed |
| | | | | | |
| **Total Due for Dept of L & I** | | $ 267,649.64 | | | |
| | | | | | |
| Employment Security Department WA | 2015 Q4 | $ 21,330.16 | ASAP | *Include Penalties/interest | **Filed |
| Employment Security Department WA | 2016 Q1 | $ 13,234.28 | ASAP | *Include Penalties/interest | **Filed |
| Employment Security Department WA | 2016 Q2 | $ 11,793.88 | ASAP | *Include Penalties/interest | **Filed |
| Employment Security Department WA | 2016 Q3 | $ 9,189.65 | 10/31/2016 | | **Filed |
| | | | | | |
| **TOTAL Due for ESD** | | $ 55,547.97 | | | |
| | | | | | |
| EDD Employment Development CA | 2016 Q2 | $ 7,148.47 | ASAP | *Include Penalties/interest | **Filed |
| EDD Employment Development CA | 2016 Q3 | $ 5,861.93 | 10/31/2016 | | **Filed |
| | | | | | |
| **Total Due for EDD** | | $ 13,010.40 | | | |
| | | | | | |
| IRS(Federal Payroll Taxes) | 2015 Q4 | $ 466,214.84 | ASAP | | **Not filed |
| IRS(Federal Payroll Taxes) | 2016 Q1 | $ 554,098.07 | ASAP | | **Not filed |
| IRS(Federal Payroll Taxes) | 2016 Q2 | $ 437,344.61 | ASAP | | **Not Filed |
| IRS(Federal Payroll Taxes) | 2013 Q3 | $ 487,296.40 | ASAP | | **Not filed |
| IRS(FUTA Unemployment Tax) | 2015 | $ 8,896.45 | ASAP | | **Not filed |
| | | | | | |
| **Total due IRS** | | $ 1,953,850.37 | | | |

**Melissa Engel** | HR Director
**Tully's Coffee** | Global Baristas US, LLC

2003 Western Ave, Suite 660| Seattle, WA 98121
T: █████████████| F: 206.770.6417
████████████████████ | www.TullysCoffeeShops.com

USAO_00339495

# SENTENCING EXHIBIT 29

Message

---

**From:**      Judy K. Regnier [/O=FIRST ORGANIZATION/OU=EXCHANGE ADMINISTRATIVE GROUP
                (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=JUDY K. REGNIER]
**Sent:**      10/30/2017 5:40:10 PM
**To:**        Michael J. Avenatti
**Subject:**   FW: Federal Taxes

---

**From:** Melissa Engel [mailto: ███████████████]
**Sent:** Monday, October 30, 2017 10:30 AM
**To:** Judy K. Regnier
**Subject:** Federal Taxes

Good morning Judy,

Below is the Federal Taxes owed for each pay period:

9/5     $68,964.61
9/18   $67,498.25
10/2   $74,693.26
10/16  $68,975.02
10/30  $52,493.72

Please let me know if you need anything else.

Thanks!

**Melissa Engel** | HR Director
**Tully's Coffee** | Global Baristas US, LLC

2003 Western Ave, Suite 660| Seattle, WA 98121
M: ███████████        O: ███████████
███████████████ , www.TullysCoffeeShops.com

# SENTENCING EXHIBIT 30

Message

| | |
|---|---|
| **From**: | Vitaliy Shved [/O=TULLYS COFFEE/OU=TULLYS.COM/CN=RECIPIENTS/CN=VITALIYS] |
| **Sent**: | 12/5/2017 8:51:46 PM |
| **To**: | Michael Avenatti [MAvenatti@eaganavenatti.com]; 'Judy K. Regnier' [jregnier@eaganavenatti.com] |
| **Subject**: | FW: IRS mail picked up 17-12-04 |
| **Attachments**: | 17-12-04 IRS Form 941 Tax.pdf; 17-12-04 IRS Form 940 Tax.pdf; 17-11-21 First National Bank IRS Levy Notice.pdf |

**From:** Sandy Funkhouser
**Sent:** Tuesday, December 05, 2017 11:40 AM
**To:** Vitaliy Shved <▮▮▮▮▮▮▮▮▮▮▮>
**Subject:** IRS mail picked up 17-12-04

Sandy Funkhouser | AP Manager | Franchise/Licensee Division Manager
Tully's Coffee | Global Baristas US LLC
▮▮▮▮▮▮▮▮▮▮▮▮▮▮  www.TullysCoffeeShops.com
AP@GlobalBaristas.com



Department of the Treasury
Internal Revenue Service
Ogden UT 84201-0039

| Notice | CP161 |
|---|---|
| Tax period | December 31, 2016 |
| Notice date | December 4, 2017 |
| Employer ID number | ▇▇▇8099 |
| To contact us | Phone 1-800-829-0115 |
| Page 1 of 5 | |

006671.665535.71342.7308 1 AB 0.403 864
|l|l|·|l|·|l·l·ₙ·ₙ|l·l||llₙ·|·ₙ|·l|||l|··ₙ|||l|l·ₙl·ₙ|·ₙ|·l·ll



GLOBAL BARISTAS US LLC
MICHAEL J AVENATTI MBR
2003 WESTERN AVE STE 660
SEATTLE WA 98121-2177

006671

You have unpaid taxes for December 31, 2016

# Amount due: $576,499.48

Our records show you have unpaid taxes for the tax period ending on December 31, 2016 (Form 941).

## Billing Summary

| | |
|---|---|
| Tax you owed | $405,439.50 |
| Payments you made | 0.00 |
| Failure-to-file penalty | 91,223.89 |
| Failure-to-pay penalty | 22,299.17 |
| Failure to make a proper federal tax deposit penalty | 40,543.94 |
| Interest charges | 16,992.98 |
| **Amount due by December 14, 2017** | **$576,499.48** |

## What you need to do immediately

### Pay immediately

- You must pay the unpaid tax of $405,439.50 by December 14, 2017, and the full balance by December 18, 2017, to avoid additional interest charges on the unpaid balance and additional penalty charges on any unpaid tax.

Continued on back...



GLOBAL BARISTAS US LLC
MICHAEL J AVENATTI MBR
2003 WESTERN AVE STE 660
SEATTLE WA 98121-2177

| Notice | CP161 |
|---|---|
| Notice date | December 4, 2017 |
| Employer ID number | ▇▇▇8099 |

# Payment

- Make your check or money order payable to the United States Treasury.
- Write your Employer ID number (46-1848099), the tax period (December 31, 2016), and the form number (941) on your payment and any correspondence.

INTERNAL REVENUE SERVICE
OGDEN UT 84201-0039

**Amount due by**
**December 14, 2017**

| $576,499.48 |
|---|

||·ₙ||l|ₙ|·ₙ|·|·l|l|ₙ·ₙ|·ₙ|·l·|·ₙ|·ₙₙₙ||·ₙ|·l||l|·|·ₙ|·|l|||

461848099 ZI GLOB 01 2 201612 670 00057649948

USAO_00224709

| Notice | CP161 |
|---|---|
| Tax period | December 31, 2016 |
| Notice date | December 4, 2017 |
| Employer ID number | ▮▮▮▮8099 |
| Page 2 of 5 | |

---

| What you need to do immediately—**continued** | **Pay immediately—continued**<br><br>• If you're enrolled in the Electronic Federal Tax Payment System (EFTPS), you can use that method of payment instead of paying by check or money order.<br>• If you can't pay the amount due, pay as much as you can now and call us at 1-800-829-0115 to discuss your options for paying the remaining balance.<br><br>**If you think there's been a mistake**<br><br>• Call 1-800-829-0115. Have your payment information and a copy of your tax return available to review with us. You can also contact us by mail. Fill out the Contact information section, detach, and send it to us with any correspondence or documentation. |
|---|---|
| **If we don't hear from you** | You are likely to be subject to a 10% failure-to-deposit penalty that we haven't assessed yet. If you don't pay the unpaid tax of $405,439.50 by December 14, 2017, we will assess the penalty at 15% instead of 10%.<br><br>If you don't pay the full balance of $576,499.48 by December 18, 2017, interest will increase and an additional failure-to-pay penalty may apply. |



**IRS**

**Contact information**

INTERNAL REVENUE SERVICE
OGDEN UT 84201-0039

GLOBAL BARISTAS US LLC
MICHAEL J AVENATTI MBR
2003 WESTERN AVE STE 660
SEATTLE WA 98121-2177

| Notice | CP161 |
|---|---|
| Notice date | December 4, 2017 |
| Employer ID number | ▮▮▮▮8099 |

If your address has changed, please call 1-800-829-0115 or visit www.irs.gov.

☐ Please check here if you've included any correspondence. Write your Employer ID number (46-1848099), the tax period (December 31, 2016), and the form number (941) on any correspondence.

| | | | |
|---|---|---|---|
| | ☐ a.m.<br>☐ p.m. | | ☐ a.m.<br>☐ p.m. |
| Primary Phone | Best time to call | Secondary Phone | Best time to call |

461848099 ZI     01 2 201612

| Notice | CP161 |
|---|---|
| Tax period | December 31, 2016 |
| Notice date | December 4, 2017 |
| Employer ID number | ████8099 |
| Page 3 of 5 | |



## Payments credited to your account for the tax period ending on December 31, 2016

Our records show no payments, deposits, or credits for this account.  Please call 1-800-829-0115 if our information is incorrect.

006671 ## Penalties

We are required by law to charge any applicable penalties.

### Failure-to-file

| Date received | Months Late | Unpaid amount | Penalty rate | Amount |
|---|---|---|---|---|
| 06/30/2017 | 05 | 405,439.50 | 4.50% | 91,223.88 |
| **Total failure-to-file** | | | | **$91,223.89** |

We assess a 5% monthly penalty for filing your return late for each month or part of a month the return is late, for up to 5 months.

When a penalty for paying late applies for the same month, the amount of the penalty for filing late for that month is reduced by the amount of the penalty for paying late for that month. The penalty for paying late is 1/2% for each month or part of a month. We base the monthly penalty for filing late on the tax required to be shown on the return that you didn't pay by the original return due date, without regard to extensions. We base the monthly penalty for paying late on the net unpaid tax at the beginning of each penalty month following the payment due date for that tax.
(Internal Revenue Code section 6651)

### Failure to make a proper federal tax deposit

| Due date | Payment date | Days late | Payment type | Rate | Amount due | Penalty |
|---|---|---|---|---|---|---|
| 10/13/2016 | Not Paid | | | 10% | 65,991.30 | 6,599.13 |
| 10/28/2016 | Not Paid | | | 10% | 68,308.25 | 6,830.82 |
| 11/04/2016 | Not Paid | | | 10% | 203.87 | 20.39 |
| 11/14/2016 | Not Paid | | | 10% | 66,050.51 | 6,605.05 |
| 11/28/2016 | Not Paid | | | 10% | 75,961.54 | 7,596.15 |
| 12/07/2016 | Not Paid | | | 10% | 115.08 | 11.51 |
| 12/09/2016 | Not Paid | | | 10% | 62,965.33 | 6,296.53 |
| 12/23/2016 | Not Paid | | | 10% | 65,843.62 | 6,584.36 |
| **Total failure to make a proper federal tax deposit** | | | | | | **$40,543.94** |

We charged a penalty because you did not make a proper tax deposit.  Common reasons why we charge this penalty are:

- You did not deposit your tax on time
- You did not deposit enough tax
- You paid your tax directly to the IRS
- You did not deposit your tax electronically, as required by law

For information about depositing taxes, see the Employer's Tax Guide (Publication 15) or the Agricultural Employer's Tax Guide (Publication 51).  (Internal Revenue Code section 6656)

### Failure-to-pay

| Date | Months Late | Unpaid amount | Penalty rate | Amount |
|---|---|---|---|---|
| 12/31/2017 | 11 | 405,439.50 | 0.50% | 22,299.17 |

Continued on back...

| Notice | CP161 |
|---|---|
| Tax period | December 31, 2016 |
| Notice date | December 4, 2017 |
| Employer ID number | ▮8099 |
| Page 4 of 5 | |

---

**Total failure-to-pay**                                                           **$22,299.17**

We assess a 1/2% monthly penalty for not paying the tax you owe by the due date. We base the monthly penalty for paying late on the net unpaid tax at the beginning of each penalty month following the payment due date for that tax. This penalty applies even if you filed the return on time. We charge the penalty for each month or part of a month the payment is late; however, the penalty can't be more than 25% in total.

- The due date for payment of the tax shown on a return generally is the return due date, without regard to extensions.
- The due date for paying increases in tax is within 21 days of the date of our notice demanding payment (10 business days if the amount in the notice is $100,000 or more).

If we issue a Notice of Intent to Levy and you don't pay the balance due within 10 days of the date of the notice, the penalty for paying late increases to 1% per month. For sole proprietors who filed on time, the penalty decreases to 1/4% per month while an approved installment agreement with the IRS is in effect for payment of that tax.

(Internal Revenue Code Section 6651)

---

**Designation of deposit**

The law allows you to tell the IRS where to apply your deposits within the tax return period with a deposit penalty.  You have 90 days from the date of the correspondence you received showing the deposit penalty to contact the IRS if you want to specify where to apply your deposits.

The law also allows the IRS to remove the deposit penalty if: (1) the penalty applies to the first required deposit after a required change to your frequency of deposits, and (2) you file your employment tax returns by the due date.

---

**Removal or reduction of penalties**

We understand that circumstances—such as economic hardship, a family member's death, or loss of financial records due to natural disaster—may make it difficult for you to meet your taxpayer responsibility in a timely manner.

If you would like us to consider removing or reducing any of your penalty charges, please do the following:

- Identify which penalty charges you would like us to reconsider (e.g., 2005 late filing penalty).
- For each penalty charge, explain why you believe it should be reconsidered.
- Sign your statement and mail it to us with any supporting documents.

We'll review your statement and let you know whether we accept your explanation as reasonable cause to reduce or remove the penalty charge(s).

| Notice | CP161 |
|---|---|
| Tax period | December 31, 2016 |
| Notice date | December 4, 2017 |
| Employer ID number | ███████8099 |
| Page 5 of 5 | |



006671

## Penalties—continued

**Removal of penalties due to erroneous written advice from the IRS**

If you were penalized based on written advice from the IRS, we will remove the penalty if you meet the following criteria:

- If you asked the IRS for written advice on a specific issue
- You gave us complete and accurate information
- You received written advice from us
- You relied on our written advice and were penalized based on that advice

To request removal of penalties based on erroneous written advice from us, submit a completed Claim for Refund and Request for Abatement (Form 843) to the IRS service center where you filed your tax return. For a copy of the form or to find your IRS service center, go to www.irs.gov or call 1-800-829-0115.

## Interest charges

We are required by law to charge interest when you do not pay your liability on time. Generally, we calculate interest from the due date of your return (regardless of extensions) until you pay the amount you owe in full, including accrued interest and any penalty charges. Interest on some penalties accrues from the date we notify you of the penalty until it is paid in full. Interest on other penalties, such as failure to file a tax return, starts from the due date or extended due date of the return. Interest rates are variable and may change quarterly. (Internal Revenue Code section 6601)

We multiply your unpaid tax, penalties, and interest (the amount due) by the interest rate factor to determine the interest due each quarter.

| Period | Days | Interest rate | Interest rate factor | Amount due | Interest charge |
|---|---|---|---|---|---|
| 01/31/2017 - 06/30/2017 | 150 | 4.0% | 0.016573294 | 496663.39 | 8231.35 |
| 06/30/2017 - 12/04/2017 | 157 | 4.0% | 0.017353387 | 504894.74 | 8761.63 |
| **Total interest** | | | | | **$16,992.98** |

## Additional Interest Charges

If the amount you owe is $100,000 or more, please make sure that we receive your payment within 10 business days from the date of this notice. If the amount is less than $100,000, please make sure that we receive your payment within 21 calendar days from the date of this notice. If we don't receive full payment within these time frames, the law requires us to charge additional interest until you pay the full amount you owe.

## Additional information

- Visit www.irs.gov/cp161.
- For tax forms, instructions, and publications, visit www.irs.gov or call 1-800-TAX-FORM (1-800-829-3676).
- If you believe your small business has experienced excessive compliance or enforcement actions from any federal agency, you have the right to file a complaint with the Small Business Administration ombudsman. To learn more about your options and the Small Business Regulatory Enforcement Fairness Act, visit www.sba.gov and search for keyword: "ombudsman."
- Keep this notice for your records.

If you need assistance, please don't hesitate to contact us.

USAO_00224714



Department of the Treasury
Internal Revenue Service
Ogden UT   84201-0039

**IRS**

| Notice | CP101 |
|---|---|
| Tax period | December 31, 2016 |
| Notice date | December 4, 2017 |
| Employer ID number | ▮▮▮▮8099 |
| To contact us | Phone 1-800-829-0115 |
| Page 1 of 6 | |

006674.665535.71342.7308 1 AB 0.403 864
|||ıl|ı|ıll|ılıılıı|ılıılıılıllı|ıl|ı|ıllılı|ıll||lıılıı|lı|ı|l||ıl

GLOBAL BARISTAS US LLC
MICHAEL J AVENATTI MBR
2003 WESTERN AVE STE 660
SEATTLE  WA  98121-2177



006674

## We made changes to your December 31, 2016 Form 940
# Amount due: $28,637.34

We believe there's a miscalculation on your
December 31, 2016 Form 940, which affects the
following area of your return:
• credit computation

We made changes to your return that correct this
error.  As a result, you owe $28,637.34.

### Billing Summary

| Tax you owe | $20,140.02 |
|---|---|
| Failure-to-file penalty | 4,531.50 |
| Failure-to-pay penalty | 1,107.70 |
| Failure to make a proper tax deposit penalty | 2,014.00 |
| Interest charges | 844.12 |
| **Amount due by December 14, 2017** | **$28,637.34** |

Continued on back...

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -



**IRS**

GLOBAL BARISTAS US LLC
MICHAEL J AVENATTI MBR
2003 WESTERN AVE STE 660
SEATTLE  WA  98121-2177

| Notice | CP101 |
|---|---|
| Notice date | December 4, 2017 |
| Employer ID number | ▮▮▮8099 |

# Payment

INTERNAL REVENUE SERVICE
OGDEN UT  84201-0039

• Make your check or money order payable to the United States Treasury.
• Write your Employer ID number (46-1848099), the tax period (December 31, 2016),
  and the form number (940) on your payment and any correspondence.

**Amount due by
December 14, 2017**

**$28,637.34**

||ı|ıll|ıdıılı|ılıılıılıılı|ılılıılıılıımılııl|ılılıll||||

461848099 ZI GLOB 10 2 201612 670 00002863734

| Notice | CP101 |
|---|---|
| Tax period | December 31, 2016 |
| Notice date | December 4, 2017 |
| Employer ID number | ███████B099 |
| Page 2 of 6 | |

## What you need to do immediately

Review this notice, and compare our changes to the information on your tax return.

**If you agree with the changes we made**

- Pay the amount due of $28,637.34 by December 14, 2017, to avoid any additional penalty and interest charges.
- If you're enrolled in the Electronic Federal Tax Payment System (EFTPS), you may use that method of payment instead of paying by check or money order.
- If you can't pay the amount due, pay as much as you can now and call us at 1-800-829-0115 to discuss your options for paying the remaining balance.
- You must pay the unpaid tax of $20,140.02 by December 14, 2017 and the full amount by December 26, 2017, to avoid additional interest charges on the unpaid balance and additional penalty charges on any unpaid tax.

**If you don't agree with the changes**

- Call 1-800-829-0115. Have your account information available to review with us. You can also contact us by mail. Fill out the Contact information section, detach, and send it to us with any correspondence or documentation.
- If we don't hear from you, we'll assume you agree with the information in this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


IRS

GLOBAL BARISTAS US LLC
MICHAEL J AVENATTI MBR
2003 WESTERN AVE STE 660
SEATTLE WA 98121-2177

| Notice | CP101 |
|---|---|
| Notice date | December 4, 2017 |
| Employer ID number | ███████B099 |

## Contact information

If your address has changed, please call 1-800-829-0115 or visit www.irs.gov.

☐ Please check here if you've included any correspondence. Write your Employer ID number (46-1848099), the tax period (December 31, 2016), and the form number (940) on any correspondence.

| | ☐ a.m. | | | ☐ a.m. |
|---|---|---|---|---|
| | ☐ p.m. | | | ☐ p.m. |
| Primary Phone | Best time to call | Secondary Phone | Best time to call | |

INTERNAL REVENUE SERVICE
OGDEN UT 84201-0039

||ᙏ|||ᐧ|ᐧ|ᐧᙏᐧᐧᙏᐧᐧ|ᐧ|ᐧ|ᐧᙏᐧᐧᐧᙏ|ᐧᙏ|ᐧ|ᙏᙏ||ᐧ|ᐧ|ᐧᙏ||||

461848099 ZI     10 2 201612

| Notice | CP101 |
|---|---|
| Tax period | December 31, 2016 |
| Notice date | December 4, 2017 |
| Employer ID number | ████8099 |
| Page 3 of 6 | |

## If we don't hear from you

If you don't pay the unpaid tax of $20,140.02 by December 14, 2017, we will charge an additional 5% failure-to-deposit penalty.

If you don't pay the full balance of $28,637.34 by December 26, 2017, interest will increase, and an additional failure-to-pay penalty may apply.

## Changes to your December 31, 2016 tax return

Information was changed because of the following:

• We found an error in the computation of the credit reduction amount.

## Tax calculation

| Description | IRS calculations |
|---|---|
| Total taxes before adjustments | $20,140.02 |

## Credits and payments

| Description | IRS calculations |
|---|---|
| Total tax after adjustment | 20,140.02 |

## Payments credited to your account for tax period ending December 31, 2016

Our records show no payments, deposits, or credits for this account.  Please call 1-800-829-0115 if our information is incorrect.

## Penalties

We are required by law to charge any applicable penalties.

### Failure-to-file

| Date received | Months Late | Unpaid amount | Penalty rate | Amount |
|---|---|---|---|---|
| 06/30/2017 | 05 | 20,140.02 | 4.50% | 4,531.50 |
| **Total failure-to-file** | | | | **$4,531.50** |

We assess a 5% monthly penalty for filing your return late for each month or part of a month the return is late, for up to 5 months.

When a penalty for paying late applies for the same month, the amount of the penalty for filing late for that month is reduced by the amount of the penalty for paying late for that month. The penalty for paying late is 1/2% for each month or part of a month. We base the monthly penalty for filing late on the tax required to be shown on the return that you didn't pay by the original return due date, without regard to extensions. We base the monthly penalty for paying late on the net unpaid tax at the beginning of each penalty month following the payment due date for that tax. (Internal Revenue Code section 6651)

### Failure to make a proper federal tax deposit

| Due date | Payment date | Days late | Payment type | Rate | Amount due | Penalty |
|---|---|---|---|---|---|---|
| 05/02/2016 | Not Paid | | | 10% | 10,577.42 | 1,057.74 |
| 08/01/2016 | Not Paid | | | 10% | 4,321.65 | 432.16 |
| 10/31/2016 | Not Paid | | | 10% | 2,764.71 | 276.47 |
| 01/31/2017 | Not Paid | | | 10% | 4,025.70 | 402.57 |

Continued on back...

006674

| Notice | CP101 |
|---|---|
| Tax period | December 31, 2016 |
| Notice date | December 4, 2017 |
| Employer ID number | ████████099 |
| Page 4 of 6 | |

---

**Total failure to make a proper federal tax deposit**                                    **$2,014.00**

We charged a penalty because you did not make a proper deposit.  Common reasons why we charge this penalty are:
- You did not deposit your tax on time
- You did not deposit enough tax
- You paid your tax directly to the IRS
- You did not deposit your tax electronically, as required by law

For information about depositing taxes, see the Employer's Tax Guide (Publication 15) or the Agricultural Employer's Tax Guide (Publication 51).  (Internal Revenue Code section 6656)

---

**Failure-to-pay**

| Date | Months Late | Unpaid amount | Penalty rate | Amount |
|---|---|---|---|---|
| 12/31/2017 | 11 | 20,140.02 | 0.50% | 1,107.70 |
| **Total failure-to-pay** | | | | **$1,107.70** |

We assess a 1/2% monthly penalty for not paying the tax you owe by the due date. We base the monthly penalty for paying late on the net unpaid tax at the beginning of each penalty month following the payment due date for that tax. This penalty applies even if you filed the return on time. We charge the penalty for each month or part of a month the payment is late; however, the penalty can't be more than 25% in total.
- The due date for payment of the tax shown on a return generally is the return due date, without regard to extensions.
- The due date for paying increases in tax is within 21 days of the date of our notice demanding payment (10 business days if the amount in the notice is $100,000 or more).

If we issue a Notice of Intent to Levy and you don't pay the balance due within 10 days of the date of the notice, the penalty for paying late increases to 1% per month. For sole proprietors who filed on time, the penalty decreases to 1/4% per month while an approved installment agreement with the IRS is in effect for payment of that tax.

(Internal Revenue Code Section 6651)

---

**Designation of deposit**

The law allows you to tell the IRS where to apply your deposits within the tax return period with a deposit penalty.  You have 90 days from the date of the correspondence you received showing the deposit penalty to contact the IRS if you want to specify where to apply your deposits.

The law also allows the IRS to remove the deposit penalty if:  (1)  the penalty applies to the first required deposit after a required change to your frequency of deposits, and (2) you file your employment tax returns by the due date.

| Notice | CP101 |
|---|---|
| Tax period | December 31, 2016 |
| Notice date | December 4, 2017 |
| Employer ID number | ████8099 |
| Page 5 of 6 | |



006674

## Penalties—continued

### Removal or reduction of penalties

We understand that circumstances—such as economic hardship, a family member's death, or loss of financial records due to natural disaster—may make it difficult for you to meet your taxpayer responsibility in a timely manner.

If you would like us to consider removing or reducing any of your penalty charges, please do the following:
- Identify which penalty charges you would like us to reconsider (e.g., 2005 late filing penalty).
- For each penalty charge, explain why you believe it should be reconsidered.
- Sign your statement and mail it to us with any supporting documents.

We'll review your statement and let you know whether we accept your explanation as reasonable cause to reduce or remove the penalty charge(s).

### Removal of penalties due to erroneous written advice from the IRS

If you were penalized based on written advice from the IRS, we will remove the penalty if you meet the following criteria:
- If you asked the IRS for written advice on a specific issue
- You gave us complete and accurate information
- You received written advice from us
- You relied on our written advice and were penalized based on that advice

To request removal of penalties based on erroneous written advice from us, submit a completed Claim for Refund and Request for Abatement (Form 843) to the IRS service center where you filed your tax return.  For a copy of the form or to find your IRS service center, go to www.irs.gov or call 1-800-829-0115.

### Interest charges

We are required by law to charge interest when you do not pay your liability on time. Generally, we calculate interest from the due date of your return (regardless of extensions) until you pay the amount you owe in full, including accrued interest and any penalty charges.  Interest on some penalties accrues from the date we notify you of the penalty until it is paid in full.  Interest on other penalties, such as failure to file a tax return, starts from the due date or extended due date of the return.  Interest rates are variable and may change quarterly.  (Internal Revenue Code section 6601)

We multiply your unpaid tax, penalties, and interest (the amount due) by the interest rate factor to determine the interest due each quarter.

| Period | Days | Interest rate | Interest rate factor | Amount due | Interest charge |
|---|---|---|---|---|---|
| 01/31/2017 - 06/30/2017 | 150 | 4.0% | 0.016573294 | 24671.52 | 408.89 |
| 06/30/2017 - 12/04/2017 | 157 | 4.0% | 0.017353387 | 25080.41 | 435.23 |
| **Total interest** | | | | | **$844.12** |

### Additional Interest Charges

If the amount you owe is $100,000 or more, please make sure that we receive your payment within 10 business days from the date of this notice.  If the amount is less than $100,000, please make sure that we receive your payment within 21 calendar days from the date of this notice.  If we don't receive full payment within these time frames, the law requires us to charge additional interest until you pay the full amount you owe.

Continued on back...

USAO_00224719

| Notice | CP101 |
|---|---|
| Tax period | December 31, 2016 |
| Notice date | December 4, 2017 |
| Employer ID number | ████8099 |
| Page 6 of 6 | |

---

Interest—**continued**

---

**Additional information**

- Visit www.irs.gov/cp101
- For tax forms, instructions, and publications, visit www.irs.gov or call 1-800-TAX-FORM (1-800-829-3676).
- Keep this notice for your records.

If you need assistance, please don't hesitate to contact us.

USAO_00224720

 **First National Bank**

1620 Dodge Street
Omaha, NE 68197
402.341.0500

## Notice of Legal Process Served

First National Bank of Omaha ("First National") is the sponsoring bank for your merchant
processor, TSYS Merchant Solutions ("TMS") or one of its Independent Sales Organizations
("ISO"). First National was served with a garnishment, levy or other legal attachment
("Attachment") against one or more of your merchant accounts with us. A copy of the legal
document served is enclosed for your records.

If you are receiving this notice, it is because one or more of your merchant accounts may have
been debited or frozen to comply with the Attachment, in accordance with all applicable State
and/or Federal laws.

Please read the enclosed document carefully. If you have any questions regarding it, you
should consult with an attorney, or contact the court, agency, or attorney listed on the
document. If you have any questions regarding your accounts, please contact TMS or your
ISO.

First National Bank of Omaha
Legal Department, Garnishment Unit
1620 Dodge St., Stop 3292
Omaha, NE  68197-3292
Ph:  (402) 602-6520
Fax: (402) 602-8352

USAO_00224722

| Form **668-A(ICS)** (January 2015) | Department of the Treasury – Internal Revenue Service **Notice of Levy** |
|---|---|

DATE: **11/21/2017**

REPLY TO: **Internal Revenue Service**
　　　　　**DAVID LEE**
　　　　　**915 2ND AVE**
　　　　　**MS W216**
　　　　　**SEATTLE, WA 98174-1009**

RECEIVED
NOV 2 2 2017
By_____

TELEPHONE NUMBER OF IRS OFFICE: [redacted]

NAME AND ADDRESS OF TAXPAYER:
**GLOBAL BARISTAS US LLC**
**MICHAEL J AVENATTI MBR**
**2003 WESTEM AVENUE SUITE 660**
**SEATTLE, WA 98121**

TO:　**FIRST NATIONAL BANK OF OMAHA**
　　　**FNN LEGAL DEPT - GARNISHMENT UNIT**
　　　**1620 DODGE STREET, MS3292**
　　　**OMAHA, NE 68197-3270000**

IDENTIFYING NUMBER(S): [redacted]8099

GLOB

LEVY ATTACH TO ANY SUBSIDIARY NAMED: GB AUTO SPORT LLC

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 941 | 12/31/2015 | $634,328.21 | $5,617.48 | $639,945.69 |
| 941 | 03/31/2016 | $862,175.85 | $27,678.81 | $889,854.66 |
| 941 | 06/30/2016 | $675,016.94 | $12,472.89 | $687,489.83 |
| 941 | 09/30/2016 | $611,257.52 | $27,692.45 | $638,949.97 |
| 940 | 12/31/2015 | $38,369.99 | $4,176.92 | $42,546.91 |

| This levy won't attach funds in IRAs, Self-Employed Individuals' Retirement Plans, or any other Retirement Plans in your possession or control, unless it is signed in the block to the right. ═══════════════════ ⇒ | Total Amount Due | $2,898,787.06 |
|---|---|---|

We figured the interest and late payment penalty to　**12/21/2017**

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have *(or are already obligated for)* when they would have paid you.

If you decide to pay the amount you owe now, please **bring** a guaranteed payment *(cash, cashier's check, certified check, or money order')* to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to **United States Treasury.** If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.　*Visit www.irs.gov to determine the closest IRS office that furnishes cash payment processing service.

| Signature of Service Representative **/S/ DAVID LEE** | Title **REVENUE OFFICER** |
|---|---|

**Part 2 –**　For Taxpayer

Form **668-A(ICS)** (1-2015)

USAO_00224723

USAO_00224724

## Excerpts from the Internal Revenue Code

\* \* \* \* \* \* \* \* \* \* \*

**Sec. 6331. LEVY AND DISTRAINT.**

(b) Seizure and Sale of Property.—The term "levy" as used in this title includes the power of distraint and seizure by any means. Except as otherwise provided in subsection (e), a levy shall extend only to property possessed and obligations existing at the time thereof. In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible).

(c) Successive Seizures.—Whenever any property or right to property upon which levy has been made by virtue of subsection (a) is not sufficient to satisfy the claim of the United States for which levy is made, the Secretary may, thereafter, and as often as may be necessary, proceed to levy in like manner upon any other property liable to levy of the person against whom such claim exists, until the amount due from him, together with all expenses, is fully paid.

**Sec. 6332. SURRENDER OF PROPERTY SUBJECT TO LEVY.**

(a) Requirement.—Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

(b) Special rule for Life Insurance and Endowment Contracts

(1) In general.—A levy on an organization with respect to a life insurance or endowment contract issued by such organization shall, without necessity for the surrender of the contract document, constitute a demand by the Secretary for payment of the amount described in paragraph (2) and the exercise of the right of the person against whom the tax is assessed to the advance of such amount. Such organization shall pay over such amount 90 days after service of notice of levy. Such notice shall include a certification by the Secretary that a copy of such notice has been mailed to the person against whom the tax is assessed at his last known address.

(2) Satisfaction of levy.—Such levy shall be deemed to be satisfied if such organization pays over to the Secretary the amount which the person against whom the tax is assessed could have had advanced to him by such organization on the date prescribed in paragraph (1) for the satisfaction of such levy, increased by the amount of any advance (including contractual interest thereon) made to such person on or after the date such organization had actual notice or knowledge (within the meaning of section 6323 (i)(1)) of the existence of the lien with respect to which such levy is made, other than an advance (including contractual interest thereon) made automatically to maintain such contract in force under an agreement entered into before such organization had such notice or knowledge.

(3) Enforcement proceedings.—The satisfaction of a levy under paragraph (2) shall be without prejudice to any civil action for the enforcement of any lien imposed by this title with respect to such contract.

(c) Special Rule for Banks.—Any bank (as defined in section 408(n)) shall surrender (subject to an attachment or execution under judicial process) any deposits (including interest thereon) in such bank only after 21 days after service of levy.

(d) Enforcement of Levy.

(1) Extent of personal liability.—Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the underpayment rate established under section 6621 from the date of such levy (or, in the case of a levy described in section 6331 (d)(3), from the date such person would otherwise have been obligated to pay over such amounts to the taxpayer). Any amount (other than costs) recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

(2) Penalty for violation.—In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property fails or refuses to surrender such property or rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1). No part of such penalty shall be credited against the tax liability for the collection of which such levy was made.

(e) Effect of honoring levy.—Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)), shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

**Sec. 6333. PRODUCTION OF BOOKS.**

If a levy has been made or is about to be made on any property, or right to property, any person having custody or control of any books or records, containing evidence or statements relating to the property or rights to property subject to levy, shall, upon demand of the Secretary, exhibit such books or records to the Secretary.

**Sec. 6343. AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.**

(a) Release of Levy and Notice of Release.—

(1) In general.—Under regulations prescribed by the Secretary, the Secretary shall release the levy upon all, or part of, the property or rights to property levied upon and shall promptly notify the person upon whom such levy was made (if any) that such levy has been released if—

(A) the liability for which such levy was made is satisfied or becomes unenforceable by reason of lapse of time,

(B) release of such levy will facilitate the collection of such liability,

(C) the taxpayer has entered into an agreement under section 6159 to satisfy such liability by means of installment payments, unless such agreement provides otherwise,

(D) the Secretary has determined that such levy is creating an economic hardship due to the financial condition of the taxpayer, or

(E) the fair market value of the property exceeds such liability and release of the levy on a part of such property could be made without hindering the collection of such liability.

For purposes of subparagraph (C), the Secretary is not required to release such levy if such release would jeopardize the secured creditor status of the Secretary.

(2) Expedited determination on certain business property.—In the case of any tangible personal property essential in carrying on the trade or business of the taxpayer, the Secretary shall provide for an expedited determination under paragraph (1) if levy on such tangible personal property would prevent the taxpayer from carrying on such trade or business.

(3) Subsequent levy.—The release of levy on any property under paragraph (1) shall not prevent any subsequent levy on such property.

(b) Return of Property.—If the Secretary determines that property has been wrongfully levied upon, it shall be lawful for the Secretary to return—

(1) the specific property levied upon,

(2) an amount of money equal to the amount of money levied upon, or

(3) an amount of money equal to the amount of money received by the United States from a sale of such property.

Property may be returned at any time. An amount equal to the amount of money levied upon or received from such sale may be returned at any time before the expiration of 9 months from the date of such levy. For purposes of paragraph (3), if property is declared purchased by the United States at a sale pursuant to section 6335(e) (relating to manner and conditions of sale), the United States shall be treated as having received an amount of money equal to the minimum price determined pursuant to such section or (if larger) the amount received by the United States from the resale of such property.

(d) Return of Property in Certain Cases.— If—

(1) any property has been levied upon, and

(2) the Secretary determines that—

(A) the levy on such property was premature or otherwise not in accordance with administrative procedures of the Secretary,

(B) the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which the levy was imposed by means of installment payments, unless such agreement provides otherwise,

(C) the return of such property will facilitate the collection of the tax liability, or

(D) with the consent of the taxpayer or the National Taxpayer Advocate, the return of such property would be in the best interests of the taxpayer (as determined by the National Taxpayer Advocate) and the United States, the provisions of subsection (b) shall apply in the same manner as if such property had been wrongly levied upon, except that no interest shall be allowed under subsection (c).

\* \* \* \* \* \* \* \* \* \* \*

**Applicable Sections of Internal Revenue Code**

6321. LIEN FOR TAXES.
6322. PERIOD OF LIEN.
6325. RELEASE OF LIEN OR DISCHARGE OF PROPERTY.
6331. LEVY AND DISTRAINT.
6332. SURRENDER OF PROPERTY SUBJECT TO LEVY.
6333. PRODUCTION OF BOOKS.
6334. PROPERTY EXEMPT FROM LEVY.
6343. AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.
7426. CIVIL ACTIONS BY PERSONS OTHER THAN TAXPAYERS.
7429. REVIEW OF JEOPARDY LEVY OR ASSESSMENT PROCEDURES.

For more information about this notice, please call the phone number on the front of this form.

Form **668-A(ICS)** (1-2015)

USAO_00224725



USAO_00224726

# SENTENCING EXHIBIT 31

Message

---

**From**:      Judy K. Regnier [/O=FIRST ORGANIZATION/OU=EXCHANGE ADMINISTRATIVE GROUP
              (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=JUDY K. REGNIER]
**Sent**:      12/15/2017 11:36:57 PM
**To**:        Michael J. Avenatti
**Subject**:   Global IRS Notice
**Attachments**: IRS from David Lee.pdf

USAO_00710338

**Internal Revenue Service**                    **Department of the Treasury**

Date:  12/6/17

                                                **Number of this Letter:**
                                                1153

MICHAEL J AVENATTI                              **Person to Contact:**
520 NEWPORT CENTER DR STE 1400                  DAVID LEE
NEWPORT BEACH, CA 92660-7020-503                **Employee Number:**
                                                ▮▮▮▮▮▮▮▮▮▮

                                                **IRS Contact Address:**
                                                INTERNAL REVENUE SERVICE
                                                915 2ND AVE M/S W216
                                                SEATTLE, WA 98174

                                                **IRS Telephone Number:**
                                                ▮▮▮▮▮▮▮▮▮▮

                                                **Employer Identification Number:**
                                                xx-xxx8099

                                                **Business Name and Address:**
                                                GLOBAL BARISTAS US LLC
                                                2003 WESTERN AVE STE 660
                                                SEATTLE, WA 98121-2177-606

Dear  MR MICHAEL J AVENATTI,

Our efforts to collect the federal employment or excise taxes due from the business named above have not resulted in full payment of the liability. We therefore propose to assess a penalty against you as a person required to collect, account for, and pay over withheld taxes for the above business.

Under the provisions of Internal Revenue Code section 6672, individuals who were required to collect, account for, and pay over these taxes for the business may be personally liable for a penalty if the business doesn't pay the taxes. These taxes, described in the enclosed Form 2751, consist of employment taxes you withheld (or should have withheld) from the employees' wages (and didn't pay) or excise taxes you collected (or should have collected) from patrons (and didn't pay), and are commonly referred to as "trust fund taxes."

The penalty we propose to assess against you is a personal liability called the Trust Fund Recovery Penalty. It is equal to the unpaid trust fund taxes which the business still owes the government. If you agree with this penalty for each tax period shown, please sign Part 1 of the enclosed Form 2751 and return it to us in the enclosed envelope.

If you don't agree, have additional information to support your case, and wish to try to resolve the matter informally, contact the person named at the top of this letter within ten days from the date of this letter.

You also have the right to appeal or protest this action. To preserve your appeal rights you need to mail us your written appeal within 60 days from the date of this letter (75 days if this letter is addressed to you outside the United States). The instructions below explain how to make the request.

1

                                                **Letter 1153 (DO) (Rev. 3-2002)**
                                                Catalog Number: 40545C

USAO_00710339

## APPEALS

You may appeal your case to the local Appeals Office. Send your written appeal to the attention of the Person to Contact at the address shown at the top of this letter. The dollar amount of the proposed liability for each specific tax period you are protesting affects the form your appeal should take.

| For each period you are protesting, if the proposed penalty amount is: | You should: |
|---|---|
| $25,000 or less | Send a letter listing the issues you disagree with and explain why you disagree. (Small Case Request). |
| More than $25,000 | Submit a formal Written Protest. |

One protest will suffice for all the periods listed on the enclosed Form 2751, however if any one of those periods is more than $25,000, a formal protest must be filed. Include any additional information that you want the Settlement Officer/Appeals Officer to consider. You may still appeal without additional information, but including it at this stage will help us to process your request promptly.

**A SMALL CASE REQUEST** should include:

1. A copy of this letter, or your name, address, social security number, and any information that will help us locate your file;

2. A statement that you want an Appeal's conference;

3. A list of the issues you disagree with and an explanation of why you disagree. Usually, penalty cases like this one involve issues of responsibility and willfulness. Willfulness means that an action was intentional, deliberate or voluntary and not an accident or mistake. Therefore, your statement should include a clear explanation of your duties and responsibilities; and specifically, your duty and authority to collect, account for, and pay the trust fund taxes. Should you disagree with how we calculated the penalty, your statement should identify the dates and amounts of payments that you believe we didn't consider and or/ any computation errors that you believe we made.

Please submit two copies of your Small Case Request.

A formal **WRITTEN PROTEST** should include the items below. Pay particular attention to item 6 and the note that follows it.

2

Letter 1153 (DO) (Rev. 3-2002)
Catalog Number: 40545C

USAO_00710340

1.  Your name, address, and social security number;

2   A statement that you want a conference;

3.  A copy of this letter, or the date and number of this letter;

4.  The tax periods involved (see Form 2751);

5.  A list of the findings you disagree with;

6.  A statement of fact, signed under penalties of perjury, that explains why you disagree and why you believe you shouldn't be charged with the penalty. Include specific dates, names, amounts, and locations which support your position. Usually, penalty cases like this one involve issues of responsibility and willfulness. Willfulness means that an action was intentional, deliberate or voluntary and not an accident or mistake. Therefore, your statement should include a clear explanation of your duties and responsibilities; and specifically, your duty and authority to collect, account for, and pay the trust fund taxes. Should you disagree with how we calculated the penalty, your statement should identify the dates and amounts of payments that you believe we didn't consider and/or any computation errors you believe we made;

    **NOTE:**

    To declare that the statement in item 6 is true under penalties of perjury, you must add the following to your statement and sign it:

    "Under penalties of perjury, I declare that I have examined the facts presented in this statement and any accompanying information, and, to the best of my knowledge and belief, they are true, correct, and complete."

7.  If you rely on a law or other authority to support your arguments, explain what it is and how it applies.

## REPRESENTATION

You may represent yourself at your conference or have someone who is qualified to practice before the Internal Revenue Service represent you. This may be your attorney, a certified public accountant, or another individual enrolled to practice before the IRS. If your representative attends a conference without you, he or she must file a power of attorney or tax information authorization before receiving or inspecting confidential tax information. Form 2848, Power of Attorney and Declaration of Representative, or Form 8821, Tax Information Authorization, may be used for this purpose. Both forms are available from any IRS office. A properly written power of attorney or authorization is acceptable.

**Letter 1153 (DO) (Rev. 3-2002)**
Catalog Number: 40545C

USAO_00710341

If your representative prepares and signs the protest for you, he or she must substitute a declaration stating:

1. That he or she submitted the protest and accompanying documents, and

2. Whether he or she knows personally that the facts stated in the protest and accompanying documents are true and correct.

## CLAIMS FOR REFUND AND CONSIDERATION BY THE COURTS

### CONSIDERATION BY THE COURTS

If you and the IRS still disagree after your conference, we will send you a bill. However, by following the procedures outlined below, you may take your case to the United States Court of Federal Claims or to your United States District Court. These courts have no connection with the IRS.

Before you can file a claim with these courts, you must pay a portion of the tax liability and file a claim for refund with the IRS, as described below.

### SPECIAL BOND TO DELAY IRS COLLECTION ACTIONS FOR ANY PERIOD AS SOON AS A CLAIM FOR REFUND IS FILED

To request a delay in collection of the penalty by the IRS for any period as soon as you file a claim for refund for that period, you must do the following within 30 days of the date of the official notice of assessment and demand (the first bill) for that period:

1. Pay the tax for one employee for each period (quarter) of liability that you wish to contest, if we've based the amount of the penalty on unpaid employment taxes; or pay the tax for one transaction for each period that you wish to contest, if we've based the amount of the penalty on unpaid excise tax.

2. File a claim for a refund of the amount(s) you paid using Form(s) 843, Claim for Refund and Request for Abatement.

3. Post a bond with the IRS for one and one half times the amount of the penalty that is left after you have made the payment in Item 1.

If the IRS denies your claim when you have posted this bond, you then have 30 days to file suit in your United States District Court or the United States Court of Federal Claims before the IRS may apply the bond to your trust fund recovery penalty and the interest accruing on this debt.

4

**Letter 1153 (DO) (Rev. 3-2002)**
Catalog Number: 40545C

USAO_00710342

**CLAIM FOR REFUND WITH NO SPECIAL BOND**

If you do not file a special bond with a prompt claim for refund, as described above, you may still file a claim for refund following above action items 1 and 2, except these action items do not have to be taken in the first 30 days after the date of the official notice of assessment and demand for the period.

If IRS has not acted on your claim within 6 months from the date you filed it, you can file a suit for refund. You can also file a suit for refund within 2 years after IRS has disallowed your claim.

You should be aware that if IRS finds that the collection of this penalty is in jeopardy, we may take immediate action to collect it without regard to the 60-day period for submitting a protest mentioned above.

For further information about filing a suit you may contact the Clerk of your District Court or the Clerk of the United States Court of Federal Claims, 717 Madison Place, NW, Washington, D.C. 20005.

If we do not hear from you within 60 days from the date of this letter (or 75 days if this letter is addressed to you outside the United States), we will assess the penalty and begin collection action.

Sincerely yours,

DAVID LEE
Revenue Officer

Enclosures:
Form 2751
Publication 1
Envelope

5

**Letter 1153 (DO) (Rev. 3-2002)**
Catalog Number: 40545C

USAO_00710343

| Form **2751** |  | Department of the Treasury-Internal Revenue Service |
|---|---|---|
| (Rev. 7-2002) |  | **Proposed Assessment of Trust Fund Recovery Penalty** |
|  |  | *(Sec. 6672, Internal Revenue Code, or corresponding provisions of prior internal revenue laws)* |

**Report of Business Taxpayer's Unpaid Tax Liability**

Name and address of business

GLOBAL BARISTAS US LLC
2003 WESTERN AVE STE 660
SEATTLE, WA 98121-2177-606

| Tax Return Form Number | Tax Period Ended | Date Return Filed | Date Tax Assessed | Identifying Number | Amount Outstanding | Penalty |
|---|---|---|---|---|---|---|
| 941 | 12/31/2015 | 02/09/2017 | 03/27/2017 | xx-xxx8099 | $632,372.99 | $324,799.39 |
| 941 | 03/31/2016 | 02/09/2017 | 03/27/2017 | xx-xxx8099 | $862,175.85 | $382,100.95 |
| 941 | 06/30/2016 | 02/09/2017 | 03/27/2017 | xx-xxx8099 | $675,016.94 | $297,791.48 |
| 941 | 09/30/2016 | 02/09/2017 | 03/27/2017 | xx-xxx8099 | $611,257.52 | $333,969.19 |
| Totals: |  |  |  |  | $2,780,823.30 | $1,338,661.01 |

**Agreement to Assessment and Collection of Trust Fund Recovery Penalty**

Name, address, and social security number of person responsible

MICHAEL J AVENATTI
xxx-xx-2479
520 NEWPORT CENTER DR STE 1400
NEWPORT BEACH, CA 92660-7020-503

I consent to the assessment and collection of the penalty shown for each period, which is equal either to the amount of federal employment taxes withheld from employees' wages or to the amount of federal excise taxes collected from patrons or members, and which was not paid over to the Government by the business named above. I waive the 60 day restriction on notice and demand set forth in Internal Revenue Code Section 6672(b).

| Signature of person responsible | Date |
|---|---|
|  |  |

**Part 1**— Please sign and return this copy to Internal Revenue Service      Catalog No. 21955U      www.irs.gov      Form **2751** (Rev. 7-2002)

USAO_00710344

Department of the Treasury-Internal Revenue Service

| Form **2751** (Rev. 7-2002) | **Proposed Assessment of Trust Fund Recovery Penalty** (Sec. 6672, Internal Revenue Code, or corresponding provisions of prior internal revenue laws) |
|---|---|

### Report of Business Taxpayer's Unpaid Tax Liability

Name and address of business

GLOBAL BARISTAS US LLC
2003 WESTERN AVE STE 660
SEATTLE, WA 98121-2177-606

| Tax Return Form Number | Tax Period Ended | Date Return Filed | Date Tax Assessed | Identifying Number | Amount Outstanding | Penalty |
|---|---|---|---|---|---|---|
| 941 | 12/31/2015 | 02/09/2017 | 03/27/2017 | xx-xxx8099 | $632,372.99 | $324,799.39 |
| 941 | 03/31/2016 | 02/09/2017 | 03/27/2017 | xx-xxx8099 | $862,175.85 | $382,100.95 |
| 941 | 06/30/2016 | 02/09/2017 | 03/27/2017 | xx-xxx8099 | $675,016.94 | $297,791.48 |
| 941 | 09/30/2016 | 02/09/2017 | 03/27/2017 | xx-xxx8099 | $611,257.52 | $333,969.19 |
| Totals: | | | | | $2,780,823.30 | $1,338,661.01 |

### Agreement to Assessment and Collection of Trust Fund Recovery Penalty

Name, address, and social security number of person responsible

MICHAEL J AVENATTI
xxx-xx-2479
520 NEWPORT CENTER DR STE 1400
NEWPORT BEACH, CA 92660-7020-503

I consent to the assessment and collection of the penalty shown for each period, which is equal either to the amount of federal employment taxes withheld from employees' wages or to the amount of federal excise taxes collected from patrons or members, and which was not paid over to the Government by the business named above. I waive the 60 day restriction on notice and demand set forth in Internal Revenue Code Section 6672(b).

| Signature of person responsible | Date |
|---|---|

| Part 2— Please keep this copy for your records | Catalog No. 21955U | www.irs.gov | Form **2751** (Rev. 7-2002) |
|---|---|---|---|

USAO_00710345

Department of the Treasury-Internal Revenue Service

Form **2751**
(Rev. 7-2002)

## Proposed Assessment of Trust Fund Recovery Penalty

*(Sec. 6672, Internal Revenue Code, or corresponding provisions of prior internal revenue laws)*

### Report of Business Taxpayer's Unpaid Tax Liability

Name and address of business

GLOBAL BARISTAS US LLC
2003 WESTERN AVE STE 660
SEATTLE, WA 98121-2177-606

| Tax Return Form Number | Tax Period Ended | Date Return Filed | Date Tax Assessed | Identifying Number | Amount Outstanding | Penalty |
|---|---|---|---|---|---|---|
| 941 | 12/31/2015 | 02/09/2017 | 03/27/2017 | xx-xxx8099 | $632,372.99 | $324,799.39 |
| 941 | 03/31/2016 | 02/09/2017 | 03/27/2017 | xx-xxx8099 | $862,175.85 | $382,100.95 |
| 941 | 06/30/2016 | 02/09/2017 | 03/27/2017 | xx-xxx8099 | $675,016.94 | $297,791.48 |
| 941 | 09/30/2016 | 02/09/2017 | 03/27/2017 | xx-xxx8099 | $611,257.52 | $333,969.19 |
| Totals: | | | | | $2,780,823.30 | $1,338,661.01 |

### Agreement to Assessment and Collection of Trust Fund Recovery Penalty

Name, address, and social security number of person responsible

MICHAEL J AVENATTI
xxx-xx-2479
520 NEWPORT CENTER DR STE 1400
NEWPORT BEACH, CA 92660-7020-503

I consent to the assessment and collection of the penalty shown for each period, which is equal either to the amount of federal employment taxes withheld from employees' wages or to the amount of federal excise taxes collected from patrons or members, and which was not paid over to the Government by the business named above. I waive the 60 day restriction on notice and demand set forth in Internal Revenue Code Section 6672(b).

| Signature of person responsible | Date |
|---|---|
| | |

USAO_00710346

# SENTENCING EXHIBIT 32

Message

---

**From:** Vitaliy Shved [████████████████]
**Sent:** 1/8/2018 7:45:48 PM
**To:** Michael J. Avenatti
**CC:** Judy K. Regnier
**Subject:** FW: Mail from 1/05
**Attachments:** 17-12-25 IRS Form 941 Notice.pdf; 18-01-01 IRS Form 940 Notice.pdf; 17-12-18 BofA Letter.pdf

---

**From:** Sandy Funkhouser
**Sent:** Monday, January 08, 2018 9:57 AM
**To:** Vitaliy Shved <████████████████████>
**Subject:** Mail from 1/05

Received in Friday mail.

Sandy Funkhouser | AP Manager | Franchise/Licensee Division Manager
Tully's Coffee | Global Baristas US LLC
8805 Points Drive NE
Clyde Hill, WA  98004
████████████████ | www.TullysCoffeeShops.com
AP@GlobalBaristas.com

USAO_00628629

**Bank of America** 

December 18, 2017

GLOBAL BARISTAS US LLC DBA TULLY'S COFFEE
2003 WESTERN AVE STE 660
SEATTLE, WA  98121-2177

Regarding reference number: D121517000751
Case name: GLOBAL BARISTAS US LLC/GB AUTO SPORT LLC
Case number: 8099

## We received a(n) IRS Levy in the amount of $2,943,380.14 which required us by law to debit and/or restrict access to your account(s).

## What you need to know
Your account(s) have been debited and/or restricted as follows:

| Account number ending in: | Amount attached: | Non-refundable processing fee: | Box number: |
|---|---|---|---|
| 3523 | $22.68 | $0.00 | |

We're holding the above funds/safe box(es) or both to satisfy this legal order. If funds in the deposited account(s) are attached, those funds will be remitted on 01/05/2018, unless we receive appropriate instructions to send them earlier.

Unless we receive a release  of the IRS Levy from the INTERNAL REVENUE SERVICE before 01/05/2018, we 're required to hold these funds for 21 days, after which they will be remitted to the INTERNAL REVENUE SERVICE.

Please note: In the event one of the above-listed accounts is a CD or IRA, you may incur early withdrawal penalties.

## Questions?
If you have any questions about the legal order, believe it should not apply to your account(s), or think the order contains an error, please contact the attaching party: INTERNAL REVENUE SERVICE at 206-946-3313. We're unable to return the funds to you unless we receive a release or court order before the funds are sent.

If you have any additional questions, please call us at 800.432.1000, Monday through Friday 7 a.m. to 10 p.m. or Saturday 8 a.m. to 5 p.m. local time. To speak with a Spanish-speaking associate please call us at 800.688.6086. For hearing impaired assistance, TTY or TDD, please call us at 800.288.4408. Global Clients, please call the customer service number located on your statement.

Legal Order Processing

USAO_00628631



December 18, 2017

GLOBAL BARISTAS US, LLC DBA TULLY'S COFFEE
2003 WESTERN AVE STE 660
SEATTLE, WA  98121-2177

Regarding reference number: D121517000751
Case name: GLOBAL BARISTAS US LLC/GB AUTO SPORT LLC
Case number: 8099

We received a(n) IRS Levy in the amount of $2,943,380.14 which required us by law to debit and/or restrict access to your account(s).

## What you need to know
Your account(s) have been debited and/or restricted as follows:

| Account number ending in: | Amount attached: | Non-refundable processing fee: | Box number: |
|---|---|---|---|
| 6799 | $10.05 | $125.00 | |

We're holding the above funds/safe box(es) or both to satisfy this legal order. If funds in the deposited account(s) are attached, those funds will be remitted on 01/05/2018, unless we receive appropriate instructions to send them earlier.

Unless we receive a release  of the IRS Levy from the INTERNAL REVENUE SERVICE before 01/05/2018, we 're required to hold these funds for 21 days, after which they will be remitted to the INTERNAL REVENUE SERVICE.

Please note: In the event one of the above-listed accounts is a CD or IRA, you may incur early withdrawal penalties.

## Questions?
If you have any questions about the legal order, believe it should not apply to your account(s), or think the order contains an error, please contact the attaching party: INTERNAL REVENUE SERVICE at 206-946-3313. We're unable to return the funds to you unless we receive a release or court order before the funds are sent.

If you have any additional questions, please call us at 800.432.1000, Monday through Friday 7 a.m. to 10 p.m. or Saturday 8 a.m. to 5 p.m. local time. To speak with a Spanish-speaking associate please call us at 800.688.6086. For hearing impaired assistance, TTY or TDD, please call us at 800.288.4408. Global Clients, please call the customer service number located on your statement.

Legal Order Processing

USAO_00628633



Department of the Treasury
Internal Revenue Service
Ogden UT 84201-0039

IRS

| Notice | CP161 |
| --- | --- |
| Tax period | March 31, 2017 |
| Notice date | December 25, 2017 |
| Employer ID number | ▇▇▇8099 |
| To contact us | Phone 1-800-829-0115 |
| Page 1 of 5 | |



006872.670872.92722.7819 1 AB 0.403 864

GLOBAL BARISTAS US LLC
MICHAEL J AVENATTI MBR
2003 WESTERN AVE STE 660
SEATTLE   WA   98121-2177



006872

You have unpaid taxes for March 31, 2017

# Amount due: $636,269.83

Our records show you have unpaid taxes for the tax period ending on March 31, 2017 (Form 941).

**Billing Summary**

| | |
| --- | --- |
| Tax you owed | $455,289.19 |
| Payments you made | 0.00 |
| Failure-to-file penalty | 102,440.07 |
| Failure-to-pay penalty | 18,211.57 |
| Failure to make a proper federal tax deposit penalty | 45,528.91 |
| Interest charges | 14,800.09 |
| **Amount due by January 4, 2018** | **$636,269.83** |

## What you need to do immediately

**Pay immediately**

- You must pay the unpaid tax of $455,289.19 by January 4, 2018, and the full balance by January 9, 2018, to avoid additional interest charges on the unpaid balance and additional penalty charges on any unpaid tax.

Continued on back...



IRS

GLOBAL BARISTAS US LLC
MICHAEL J AVENATTI MBR
2003 WESTERN AVE STE 660
SEATTLE   WA   98121-2177

| Notice | CP161 |
| --- | --- |
| Notice date | December 25, 2017 |
| Employer ID number | ▇▇▇8099 |

# Payment

- Make your check or money order payable to the United States Treasury.
- Write your Employer ID number (46-1848099), the tax period (March 31, 2017), and the form number (941) on your payment and any correspondence.

INTERNAL REVENUE SERVICE
OGDEN UT 84201-0039

**Amount due by**
**January 4, 2018**

$636,269.83

461848099 ZI GLOB 01 2 201703 670 0006362b983

| Notice | CP161 |
|---|---|
| Tax period | March 31, 2017 |
| Notice date | December 25, 2017 |
| Employer ID number | ███099 |
| Page 2 of 5 | |

| **What you need to do immediately—continued** | **Pay immediately—continued** |
|---|---|

**Pay immediately—continued**
- If you're enrolled in the Electronic Federal Tax Payment System (EFTPS), you can use that method of payment instead of paying by check or money order.
- If you can't pay the amount due, pay as much as you can now and call us at 1-800-829-0115 to discuss your options for paying the remaining balance.

**If you think there's been a mistake**
- Call 1-800-829-0115. Have your payment information and a copy of your tax return available to review with us. You can also contact us by mail. Fill out the Contact information section, detach, and send it to us with any correspondence or documentation.

**If we don't hear from you**

You are likely to be subject to a 10% failure-to-deposit penalty that we haven't assessed yet. If you don't pay the unpaid tax of $455,289.19 by January 4, 2018, we will assess the penalty at 15% instead of 10%.

If you don't pay the full balance of $636,269.83 by January 9, 2018, interest will increase and an additional failure-to-pay penalty may apply.

---



**IRS**

**Contact information**

INTERNAL REVENUE SERVICE
OGDEN UT 84201-0039

GLOBAL BARISTAS US LLC
MICHAEL J AVENATTI MBR
2003 WESTERN AVE STE 660
SEATTLE WA 98121-2177

| Notice | CP161 |
|---|---|
| Notice date | December 25, 2017 |
| Employer ID number | ███B099 |

If your address has changed, please call 1-800-829-0115 or visit www.irs.gov.
☐ Please check here if you've included any correspondence. Write your Employer ID number (46-1848099), the tax period (March 31, 2017), and the form number (941) on any correspondence.

| | ☐ a.m. | | | ☐ a.m. |
|---|---|---|---|---|
| | ☐ p.m. | | | ☐ p.m. |
| Primary Phone | Best time to call | Secondary Phone | Best time to call | |

ı||ıᵐ||ₒ|ₒ|ᵒ|ₒ|ᵗ|ᵗₒᵖ|ₒ|ᵖₒ|ᵗₒₒₙₙ|ᵃₗₐ|ᵐ|ᵗ|ₒ|ₗₚ|ₚ|ₗ|||

461848099 ZI        01 2 201703

USAO_00628635

| Notice | CP161 |
|---|---|
| Tax period | March 31, 2017 |
| Notice date | December 25, 2017 |
| Employer ID number | ████8099 |
| Page 3 of 5 | |



### Payments credited to your account for the tax period ending on March 31, 2017

Our records show no payments, deposits, or credits for this account. Please call 1-800-829-0115 if our information is incorrect.

006872

### Penalties

We are required by law to charge any applicable penalties.

#### Failure-to-file

| Date received | Months Late | Unpaid amount | Penalty rate | Amount |
|---|---|---|---|---|
| 09/30/2017 | 05 | 455,289.19 | 4.50% | 102,440.06 |
| **Total failure-to-file** | | | | **$102,440.07** |

We assess a 5% monthly penalty for filing your return late for each month or part of a month the return is late, for up to 5 months.

When a penalty for paying late applies for the same month, the amount of the penalty for filing late for that month is reduced by the amount of the penalty for paying late for that month. The penalty for paying late is 1/2% for each month or part of a month. We base the monthly penalty for filing late on the tax required to be shown on the return that you didn't pay by the original return due date, without regard to extensions. We base the monthly penalty for paying late on the net unpaid tax at the beginning of each penalty month following the payment due date for that tax. (Internal Revenue Code section 6651)

#### Failure to make a proper federal tax deposit

| Due date | Payment date | Days late | Payment type | Rate | Amount due | Penalty |
|---|---|---|---|---|---|---|
| 01/06/2017 | Not Paid | | | 10% | 65,479.44 | 6,547.94 |
| 01/23/2017 | Not Paid | | | 10% | 60,873.14 | 6,087.31 |
| 02/03/2017 | Not Paid | | | 10% | 71,195.41 | 7,119.54 |
| 02/10/2017 | Not Paid | | | 10% | 33,744.16 | 3,374.42 |
| 02/24/2017 | Not Paid | | | 10% | 69,429.32 | 6,942.93 |
| 03/10/2017 | Not Paid | | | 10% | 83,464.18 | 8,346.42 |
| 03/24/2017 | Not Paid | | | 10% | 71,103.54 | 7,110.35 |
| **Total failure to make a proper federal tax deposit** | | | | | | **$45,528.91** |

We charged a penalty because you did not make a proper tax deposit. Common reasons why we charge this penalty are:

- You did not deposit your tax on time
- You did not deposit enough tax
- You paid your tax directly to the IRS
- You did not deposit your tax electronically, as required by law

For information about depositing taxes, see the Employer's Tax Guide (Publication 15) or the Agricultural Employer's Tax Guide (Publication 51). (Internal Revenue Code section 6656)

#### Failure-to-pay

| Date | Months Late | Unpaid amount | Penalty rate | Amount |
|---|---|---|---|---|
| 12/31/2017 | 08 | 455,289.19 | 0.50% | 18,211.57 |

Continued on back...

| Notice | CP161 |
|---|---|
| Tax period | March 31, 2017 |
| Notice date | December 25, 2017 |
| Employer ID number | ██████8099 |
| Page 4 of 5 | |

---

**Total failure-to-pay**          **$18,211.57**

We assess a 1/2% monthly penalty for not paying the tax you owe by the due date. We base the monthly penalty for paying late on the net unpaid tax at the beginning of each penalty month following the payment due date for that tax. This penalty applies even if you filed the return on time. We charge the penalty for each month or part of a month the payment is late; however, the penalty can't be more than 25% in total.

- The due date for payment of the tax shown on a return generally is the return due date, without regard to extensions.
- The due date for paying increases in tax is within 21 days of the date of our notice demanding payment (10 business days if the amount in the notice is $100,000 or more).

If we issue a Notice of Intent to Levy and you don't pay the balance due within 10 days of the date of the notice, the penalty for paying late increases to 1% per month. For sole proprietors who filed on time, the penalty decreases to 1/4% per month while an approved installment agreement with the IRS is in effect for payment of that tax.

(Internal Revenue Code Section 6651)

---

**Designation of deposit**

The law allows you to tell the IRS where to apply your deposits within the tax return period with a deposit penalty.  You have 90 days from the date of the correspondence you received showing the deposit penalty to contact the IRS if you want to specify where to apply your deposits.

The law also allows the IRS to remove the deposit penalty if: (1) the penalty applies to the first required deposit after a required change to your frequency of deposits, and (2) you file your employment tax returns by the due date.

---

**Removal or reduction of penalties**

We understand that circumstances—such as economic hardship, a family member's death, or loss of financial records due to natural disaster—may make it difficult for you to meet your taxpayer responsibility in a timely manner.

If you would like us to consider removing or reducing any of your penalty charges, please do the following:

- Identify which penalty charges you would like us to reconsider (e.g., 2005 late filing penalty).
- For each penalty charge, explain why you believe it should be reconsidered.
- Sign your statement and mail it to us with any supporting documents.

We'll review your statement and let you know whether we accept your explanation as reasonable cause to reduce or remove the penalty charge(s).

| Notice | CP161 |
|---|---|
| Tax period | March 31, 2017 |
| Notice date | December 25, 2017 |
| Employer ID number | ████8099 |
| Page 5 of 5 | |

---

## Penalties—continued



006872

**Removal of penalties due to erroneous written advice from the IRS**

If you were penalized based on written advice from the IRS, we will remove the penalty if you meet the following criteria:
- If you asked the IRS for written advice on a specific issue
- You gave us complete and accurate information
- You received written advice from us
- You relied on our written advice and were penalized based on that advice

To request removal of penalties based on erroneous written advice from us, submit a completed Claim for Refund and Request for Abatement (Form 843) to the IRS service center where you filed your tax return. For a copy of the form or to find your IRS service center, go to www.irs.gov or call 1-800-829-0115.

---

## Interest charges

We are required by law to charge interest when you do not pay your liability on time. Generally, we calculate interest from the due date of your return (regardless of extensions) until you pay the amount you owe in full, including accrued interest and any penalty charges. Interest on some penalties accrues from the date we notify you of the penalty until it is paid in full. Interest on other penalties, such as failure to file a tax return, starts from the due date or extended due date of the return. Interest rates are variable and may change quarterly. (Internal Revenue Code section 6601)

We multiply your unpaid tax, penalties, and interest (the amount due) by the interest rate factor to determine the interest due each quarter.

| Period | Days | Interest rate | Interest rate factor | Amount due | Interest charge |
|---|---|---|---|---|---|
| 04/30/2017 - 06/30/2017 | 61 | 4.0% | 0.006706957 | 557729.26 | 3740.67 |
| 06/30/2017 - 12/25/2017 | 178 | 4.0% | 0.019697261 | 561469.93 | 11059.42 |
| **Total interest** | | | | | **$14,800.09** |

---

## Additional Interest Charges

If the amount you owe is $100,000 or more, please make sure that we receive your payment within 10 business days from the date of this notice. If the amount is less than $100,000, please make sure that we receive your payment within 21 calendar days from the date of this notice. If we don't receive full payment within these time frames, the law requires us to charge additional interest until you pay the full amount you owe.

---

## Additional information

- Visit www.irs.gov/cp161.
- For tax forms, instructions, and publications, visit www.irs.gov or call 1-800-TAX-FORM (1-800-829-3676).
- If you believe your small business has experienced excessive compliance or enforcement actions from any federal agency, you have the right to file a complaint with the Small Business Administration ombudsman. To learn more about your options and the Small Business Regulatory Enforcement Fairness Act, visit www.sba.gov and search for keyword: "ombudsman."
- Keep this notice for your records.

If you need assistance, please don't hesitate to contact us.

USAO_00628638



Department of the Treasury
Internal Revenue Service
Ogden, UT 84201-0030



9307 1107 5620 4691 8647 62

035875.670771.92650.7816 2 AB 0.403 1460

GLOBAL BARISTAS US LLC
MICHAEL J AVENATTI MBR
2003 WESTERN AVE STE 660
SEATTLE WA 98121-2177

035875

|  | SB |
| --- | --- |
| **Notice** | CP504B |
| **Tax Period** | 2016 |
| **Form Number** | 940 |
| **Notice date** | January 1, 2018 |
| **Employer ID number** | ____8099 |
| **To contact us** | Phone 1-800-829-0115 |
| **Your Caller ID** | 041684 |
| **Page 1 of 7** | |



*461848099221*

## Notice of intent to seize (levy) your property or rights to property
# Amount due immediately: $28,826.05

As we notified you before, our records show you have unpaid taxes for the tax period ending December 31, 2016 (Form 940). If you don't call us immediately to make payment arrangements or pay the amount due by January 11, 2018, we may levy your property or rights to property and apply it to the $28,826.05 you owe.

**Billing Summary**

| | |
| --- | --- |
| Amount you owed | $28,637.34 |
| Failure-to-pay penalty | 100.70 |
| Interest charges | 88.01 |
| **Amount due immediately** | **$28,826.05** |

Continued on back...



GLOBAL BARISTAS US LLC
MICHAEL J AVENATTI MBR
2003 WESTERN AVE STE 660
SEATTLE WA 98121-2177

| **Notice** | CP504B |
| --- | --- |
| **Notice date** | January 1, 2018 |
| **Employer ID number** | ___8099 |

## Payment

- Make your check or money order payable to the United States Treasury.
- Write your Employer ID number (46-1848099), the tax period (December 31, 2016), and the form number (940) on your payment and any correspondence.

| **Amount due immediately** | **$28,826.05** |
| --- | --- |

INTERNAL REVENUE SERVICE
OGDEN, UT 84201-0039

461848099 ZI GLOB 10 2 201612 670 00002882605

USAO_00628639

| | SB |
|---|---|
| **Notice** | CP504B |
| **Tax Period** | 2016 |
| **Notice date** | January 1, 2018 |
| **Employer ID number** | ████8099 |
| **Page 2 of 7** | |

## What you need to do immediately

**If you agree with the amount due and you're not working with an IRS representative**

- Pay the amount due of $28,826.05 immediately or we may file Notice of Federal Tax Lien, the amount of interest will increase, and additional penalties may apply.
- Pay online or by phone, or mail a check or money order with the attached payment stub. You can pay online now at www.eftps.gov.

**If you disagree with the amount due**

Call us at 1-800-829-0115 to review your account with a representative. Be sure to have your account information available when you call. We'll assume you agree with the information in this notice if we don't hear from you.

## What you need to know

**Notice of Intent to Levy**

This notice is your Notice of Intent to Levy (Internal Revenue Code Section 6331(d)). If you don't pay the amount due by January 11, 2018, we can levy your state tax refund or other property or rights to property. Property or rights to property includes:

- Accounts receivable and other income
- Bank accounts
- Business assets

**Rights to request an appeal**

If you don't agree, you have the right to request an appeal under the Collection Appeals Program. Please call 1-800-829-0115 or send us a Collection Appeals Request (Form 9423) to the address at the top of the notice by January 11, 2018.

USAO_00628640

| | SB |
|---|---|
| **Notice** | CP504B |
| **Tax Period** | 2016 |
| **Notice date** | January 1, 2018 |
| **Employer ID number** | ▮8099 |
| **Page 3 of 7** | |

What you need to know—**continued**

035875

**Denial or revocation of United States passport**

On December 4, 2015, as part of the Fixing America's Surface Transportation (FAST) Act, Congress enacted section 7345 of the Internal Revenue Code, which requires the Internal Revenue Service to notify the State Department of taxpayers certified as owing a seriously delinquent tax debt. The FAST Act generally prohibits the State Department from issuing or renewing a passport to a taxpayer with seriously delinquent tax debt.

Seriously delinquent tax debt means an unpaid, legally enforceable federal tax debt of an individual totaling more than $50,000 for which, a Notice of Federal Tax lien has been filed and all administrative remedies under IRC § 6320 have lapsed or been exhausted, or a levy has been issued. If you are individually liable for tax debt (including penalties and interest) totaling more than $50,000 and you do not pay the amount you owe or make alternate arrangements to pay, we may notify the State Department that your tax debt is seriously delinquent. The State Department generally will not issue or renew a passport to you after we make this notification. If you currently have a valid passport, the State Department may revoke your passport or limit your ability to travel outside of the United States. Additional information on passport certification is available at www.irs.gov/passports.

Continued on back...

USAO_00628641

| | SB |
|---|---|
| **Notice** | CP504B |
| **Tax Period** | 2016 |
| **Notice date** | January 1, 2018 |
| **Employer ID number** | ███8099 |
| **Page 4 of 7** | |

---

| | |
|---|---|
| **Payment options** | **Pay now electronically or by phone** |

The Electronic Federal Tax Payment System (EFTPS) is a free payment service for paying taxes online or by phone.  To use EFTPS, you must enroll online at www.eftps.gov (registration may take up to 7 business days to take effect).  When you use the EFTPS website, you can:

- Receive instant confirmation of your payment
- Access payment history to review previous payments
- Schedule payments up to 365 days in advance
- Cancel a payment before the scheduled date
- Make a payment 24 hours a day, 7 days a week
- Authorize your financial institution or authorized third party (such as an accountant or payroll provider) to schedule payments for you.

You may also be able to pay by debit or credit card for a small fee, depending on the type of tax you owe.  To see all of our payment options, visit www.irs.gov/payments.

**Payment plans**

If you can't pay the full amount you owe, pay as much as you can now and make arrangements to pay your remaining balance. Visit www.irs.gov/paymentplan for more information on how to apply for installment agreements and online payment agreements.  You can also call us at 1-800-829-0115 to discuss your options.

Small businesses that owe $25,000 or less in assessed tax, penalties, and interest can also apply online for an In-Business Trust Fund Express installment agreement at www.irs.gov/paymentplan.

**Offer in Compromise**

An offer in compromise allows you to settle your tax debt for less than the full amount you owe.  If we accept your offer, you can pay with either a lump sum cash payment plan or periodic payment plan.  For more information, visit www.irs.gov/offers.

**Payment history**

If you made payments through EFTPS, you can log on to your EFTPS account online to review payments you made by phone or online.  If you already paid your balance in full within the past 21 days or made payment arrangements, please disregard this notice.  If you think we made a mistake, call 1-800-829-0115 to review your account.

---

| | |
|---|---|
| **If we don't hear from you** | If you don't pay the amount due immediately or make payment arrangements, we can file a Notice of Federal Tax Lien on your property at any time or we may levy. |

If we file a lien, it may be difficult to sell or borrow against your property.  A tax lien will also appear on your credit report – which may harm your credit rating – and your creditors would also be publicly notified that the IRS has priority to seize your property.

| | SB |
|---|---|
| **Notice** | CP504B |
| **Tax Period** | 2016 |
| **Notice date** | January 1, 2018 |
| **Employer ID number** | ███8099 |
| **Page 5 of 7** | |



035875

| **Penalties** | We are required by law to charge any applicable penalties. |
|---|---|

**Failure-to-pay**

| Description | Amount |
|---|---|
| **Total failure-to-pay** | **$100.70** |

We assess a 1/2% monthly penalty for not paying the tax you owe by the due date. We base the monthly penalty for paying late on the net unpaid tax at the beginning of each penalty month following the payment due date for that tax.  This penalty applies even if you filed the return on time.

We charge the penalty for each month or part of a month the payment is late; however, the penalty can't be more than 25% in total.

- The due date for the payment of the tax shown on a return generally is the return due date, without regard to extensions
- The due date for paying increases in tax is within 21 days of the date of our notice demanding payment (10 business days if the amount in the notice is $100,000 or more)

If we issue a Notice of Intent to Levy and you don't pay the balance due within 10 days of the date of the notice, the penalty for paying late increases to 1% per month. For individuals who filed on time, the penalty decreases to 1/4% per month while an approved installment agreement with the IRS is in effect for payment of that tax. (Internal Revenue Code Section 6651)

For a detailed calculation of your penalty charges, call 1-800-829-0115.

**Removal or reduction of penalties**

We understand that circumstances—such as serious illness or injury, a family member's death, or loss of financial records due to natural disaster—may make it difficult for you to meet your taxpayer responsibility in a timely manner.

If you would like us to consider removing or reducing any of your penalty charges, please do the following:

- Identify which penalty charges you would like us to remove or reduce (e.g., 2005 late filing penalty).
- For each penalty charge, explain why you believe removal or reduction is appropriate.
- Sign your statement, and mail it to us with any supporting documents.

We'll review your statement and let you know whether we accept your explanation as reasonable cause to reduce or remove the penalty charge(s).

Continued on back...

USAO_00628643

| | SB |
|---|---|
| **Notice** | CP504B |
| **Tax Period** | 2016 |
| **Notice date** | January 1, 2018 |
| **Employer ID number** | ███099 |
| **Page 6 of 7** | |

---

## Penalties—continued

**Removal of penalties due to erroneous written advice from the IRS**

If you were penalized based on written advice from the IRS, we will remove the penalty if you meet the following criteria:

- If you sent a written request to the IRS for written advice on a specific issue
- You gave us complete and accurate information
- You received written advice from us
- You reasonably relied on our written advice and were penalized based on that advice

To request removal of penalties based on erroneous written advice from us, submit a completed Claim for Refund and Request for Abatement (Form 843) to the IRS service center where you filed your tax return. For a copy of the form or to find your IRS service center, go to www.irs.gov or call 1-800-829-0115.

---

## Interest charges

We are required by law to charge interest when you do not pay your liability on time. Generally, we calculate interest from the due date of your return (regardless of extensions) until you pay the amount you owe in full, including accrued interest and any penalty charges. Interest on some penalties accrues from the date we notify you of the penalty until it is paid in full. Interest on other penalties, such as failure to file a tax return, starts from the due date or extended due date of the return. Interest rates are variable and may change quarterly. (Internal Revenue Code Section 6601)

| Description | Amount |
|---|---|
| **Total interest** | **$88.01** |

The table below shows the rates used to calculate the interest on your unpaid amount due. For a detailed calculation of your interest, call 1-800-829-0115.

| Period | Interest Rate |
|---|---|
| October 1, 2016 through December 31, 2016 | 4% |
| January 1, 2017 through March 31, 2017 | 4% |

| SB | |
| --- | --- |
| Notice | CP504B |
| Tax Period | 2016 |
| Notice date | January 1, 2018 |
| Employer ID number | 8099 |
| Page 7 of 7 | |

## Additional information



035875

- Visit www.irs.gov/cp504b.
- You may find the following publications helpful:
  - Publication 1, Your Rights as a Taxpayer
- For tax forms, instructions, and publications, visit www.irs.gov or call 1-800-TAX-FORM (1-800-829-3676).
- Review the enclosed IRS Collection Process (Publication 594).
- Paying online is convenient, secure, and ensures timely receipt of your payment. To pay your taxes online or for more information, go to www.eftps.gov.
- You can contact us by mail at the following address. Be sure to include your employer ID number, the tax year, and the form number you are writing about.
  Internal Revenue Service
  Ogden, UT 84201-0039
- Generally, we deal directly with taxpayers or their authorized representatives. However, occasionally we need to speak with other people, such as employees, employers, banks, or neighbors to gather or verify account information. If we contact a third party, the law prohibits us from sharing any more information than is necessary to obtain or verify what we need to know. You have the right to request a list of individuals we contact about your account.
- Keep this notice for your records.

If you need assistance, please don't hesitate to contact us.

USAO_00628645

# SENTENCING EXHIBIT 33



# United States Department of Justice

## United States Attorney's Office
## Central District of California

*Julian L. André*                               *1100 United States Courthouse*
*Phone: (213) 894-6683*                         *312 North Spring Street*
*E-mail: Julian.L.Andre@usdoj.gov*              *Los Angeles, California  90012*

## **CONFIDENTIAL**

April 24, 2019

## **VIA E-MAIL**

John Littrell
Bienert Katzman, PLC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
jlittrell@bienertkatzman.com

      Re:    <u>United States v. Michael John Avenatti,</u>
              SA CR No. 19-061-JVS

Dear Counsel:

      We write to inform you that the government believes that your client, defendant MICHAEL JOHN AVENATTI ("defendant"), has recently violated the conditions of his pretrial release in <u>United States v. Avenatti</u>, SA CR No. 19-061.

      The conditions of defendant's pretrial release expressly state that defendant "must not violate federal, state, or local law while on release."  Additionally, defendant is precluded from contacting, directly or indirectly (other than in the presence of counsel), any person who is or may be a victim or witnesses in the government's investigation or prosecution.  Defendant has violated these conditions by threatening to publicly disclose confidential and personal information regarding a victim and government witness, namely, Alexis Gardner and Hassan Whiteside.

      Defendant and his law firm, Eagan Avenatti LLP ("EA LLP"), represented Gardner in connection with potential claims against Whiteside.  In January 2017, defendant negotiated a confidential settlement agreement between Gardner and Whiteside, which required Whiteside to make an initial $2,750,000 payment to Gardner and an additional $250,000 payment to Gardner at a later date. Defendant is accused of embezzling Gardner's portion of a $2,750,000 settlement payment that Whiteside transferred to one of EA LLP's attorney-client trust accounts.

      To protect Gardner's and Whiteside's right to privacy, the indictment refers to Gardner as "Client 2" and refers to Whiteside as "Individual 1."  On April 21, 2019, the <u>Los Angeles Times</u> published on its website an article publicly identifying for the first time the identities of Gardner and Whiteside (the "LA Times Article").  Michael Finnegan, <u>Avenatti accused of embezzling</u>

John Littrell
RE:  United States v. Avenatti
April 25, 2019
Page 2

nearly $1 million that NBA player paid ex-girlfriend, L.A. Times, Apr. 21, 2019, https://www.latimes.com/politics/la-na-pol-avenatti-hassan-whiteside-embezzlement-20190421-story.html.  In response to the LA Times Article, Gardner and Whiteside issued a joint statement which said, among other things, that "[i]t is unfortunate that something that was meant be kept private between us is now being publicly reported."  (Id.)  Defendant also sent a statement via email to the Los Angeles Times, which said:  "No monies were ever embezzled from anyone and I look forward to all of the relevant documents and facts being presented at trial."[1]  (Id.)

Defendant, however, did not stop with his statement to the Los Angeles Times in which he denied wrongdoing.  After the LA Times Article was posted online, defendant posted a number of statements on Twitter.com, including the following "Tweet" in which he threatened to expose personal and confidential information regarding Gardner and Whiteside:



Defendant has over 830,000 followers on Twitter, all of whom were able to view defendant's statement regarding the Whiteside settlement.  Moreover, shortly after defendant posted the above message on Twitter, numerous other news organization published articles directly quoting defendant's message, including the media in Miami where Whiteside is employed.  See, e.g., David J. Neal, Did Michael Avenatti steal $1.5 Million Heat's Hassan Whiteside sent to an ex?, Apr. 21, 2019, https://www.miamiherald.com/sports/nba/miami-heat/article229521234.html.

Defendant's threatening statement on Twitter constitutes a violation of defendant's pretrial release, a potential federal felony, and a breach of his ethical obligations as an attorney.

First, defendant's threatening statement is a clear violation of federal law, namely, witness tampering, in violation of 18 U.S.C. § 1512(b)(1), and retaliating against a witness or

---

[1]  The government has no objection to defendant's direct statements to the Los Angeles Times or other public statements denying wrongdoing.

John Littrell
RE:  United States v. Avenatti
April 25, 2019
Page 3

victim, in violation of 18 U.S.C. § 1513(e).  Prior to posting this message on Twitter, defendant knew that Gardner was an alleged victim and that Whiteside was a potential government witness, as both are specifically identified in the indictment.  Defendant was also aware of Gardner's and Whiteside's strong desire that the facts underlying the settlement agreement remain confidential.  Defendant himself drafted the settlement agreement, which contained an explicit confidentially provision and recognized the "irreparable harm" that Gardner and Whiteside could suffer if the confidentiality provision was breached.  Moreover, in February 2019, Gardner sent defendant an email in which she expressed concern that public disclosure of her dispute with Whiteside could harm her own reputation and negatively impact her future ambitions.

In light of these facts, defendant's public statement can only be interpreted as an attempt to intimidate and threaten Gardner and Whiteside in the hope of preventing them from further cooperating with the government's investigation and prosecution.  Defendant claimed that he "look[s] forward to ALL of the details" regarding the settlement agreement being publicly disclosed, including confidential information regarding "the reason why [Whiteside] paid the money."  This statement strongly implied that defendant possess personal and confidential information that could embarrass or damage the reputations of Gardner and Whiteside.  It is also an obvious threat to publicly disclose this personal and confidential information should the prosecution against defendant proceed and Gardner or Whiteside testify at trial.  Defendant also specifically threatened to harm Whiteside's reputation and professional career by tagging the NBA's Twitter account and asserting that the disclosure of such personal and confidential information regarding the settlement would lead to an "inquiry by the @NBA and its commissioner."

Additionally, the government understands that defendant's message did in fact intimidate Gardner.  Gardner saw defendant's message the same day that it was posted on Twitter.  Gardner was immediately upset, worried, and concerned that defendant would retaliate against her by publicly exposing her personal and confidential information.  Gardner felt threatened and intimidated, which is exactly what defendant intended to accomplish.

Moreover, there was no legitimate or lawful purpose for defendant's threatening message.  The facts underlying the settlement agreement between Gardner and Whiteside are irrelevant to the allegation that defendant embezzled Gardner's portion of the initial $2,750,000 settlement payment.  And even assuming arguendo that such information could be considered relevant at trial, defendant did not make this statement in connection with this prosecution or through counsel.  Indeed, we assume that had defendant consulted with you or your law firm prior to making such a statement, you would have strongly advised him against doing so.

John Littrell
RE:  United States v. Avenatti
April 25, 2019
Page 4

Second, defendant's statement constitutes indirect contact with a victim and witness and therefore is a violation of the no-contact provision of defendant's bond.  Given defendant's extensive experience dealing with the media and the high-profile nature of this prosecution, defendant must have known that Gardner and Whiteside would learn of his Twitter message through subsequent press reports.

Third, defendant's statement constitutes a breach of the State Bar of California's Rule of Professional Conduct.  Defendant still owes a duty of loyalty to Gardner, who is a former client.  See, e.g., Cal. Rule Prof. Conduct § 1.9.  The only reason defendant possesses any information regarding the dispute between Gardner and Whiteside is because he obtained that personal and confidential information during the course of his representation of Gardner.  Defendant's threat to publicly disclose Gardner's personal and confidential information and his claim that such information could be of a derogatory nature is therefore a breach of this ethical obligations.

Defendant was certainly aware of his ethical obligations when he made this statement on Twitter regarding the confidential settlement.  Defendant has repeatedly testified under oath in connection with federal bankruptcy proceedings, and state and federal judgment-debtor proceedings.  During such testimony, defendant has frequently used the confidentiality of settlement agreements as a basis to refuse to answer questions about his personal finances and EA LLP's finances.  Most recently, during a judgment debtor examination on March 22, 2019, in In re: Eagan Avenatti LLP, No. 8:18-CV-1644-VAP-KES, defendant was questioned regarding payments defendant received from a settlement agreement with the National Football League.  Defendant, however, refused to answer such questions by stating, among other things, that "the fact that the case was settled, everything else is confidential, pursuant to the settlement agreement, including that any monies were paid at all" and that "I have duties relating to my client that I have to protect."  Yet, now that defendant is accused of criminal conduct, defendant appears to have no issue publicly disclosing and/or threatening to publicly disclose personal and confidential client information relating to a confidential settlement agreement that defendant negotiated on Gardner's behalf.

In sum, defendant's recent conduct is completely inappropriate and likely constitutes a separate federal felony.  Although the government will not be seeking to revoke defendant's bond at this time, we have contacted defendant's pretrial services officer, who is copied on this letter, to discuss defendant's conduct and potential bond modifications.  In the meanwhile, please let your client know that if he violates the conditions of his release again, publicly discloses personal and confidential information regarding his current or former legal clients, or makes any further threatening comments regarding the victims and witnesses in this case, the government will seek immediate relief from the Court, including, potentially, the revocation of his bond.

John Littrell
RE:  United States v. Avenatti
April 25, 2019
Page 5


Similarly, please note that should defendant continue to violate his ethical obligations as a
member of the State Bar of California, we will likely seek to modify the conditions of his release
to preclude him from practicing law while this case is pending.

       Please let us know if you have any questions or would like to discuss these issues further.


Very truly yours,

*Julian André*

JULIAN L. ANDRÉ
Assistant United States Attorney
Major Frauds Section

cc:    United States Pretrial Services Officer Shakira Davis
      Assistant United States Attorney Brett A. Sagel

# SENTENCING EXHIBIT 34

Case 8:19-cr-00061-VJS Document 1023-3 Filed 12/14/22 Page 92 of 256 Page ID
Case 8:17-bk-01329-KRM Doc 85 Filed 04/05/17 Page 1 of 10 Page ID
Main Document Page 1 of 10
#:24825

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **Eagan Avenatti LLP** |
| United States Bankruptcy Court for the: | MIDDLE DISTRICT OF FLORIDA |
| Case number (if known) | **17-01329** |

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy
04/16

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1: Income

1. **Gross revenue from business**

☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From **1/01/2017** to **Filing Date** | ■ Operating a business<br>☐ Other | **$35,000.00** |
| **For prior year:**<br>From **1/01/2016** to **12/31/2016** | ■ Operating a business<br>☐ Other | **$7,770,000.00** |
| **For year before that:**<br>From **1/01/2015** to **12/31/2015** | ■ Operating a business<br>☐ Other | **$6,500,000.00** |

2. **Non-business revenue**
Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From **1/01/2017** to **Filing Date** | **Money Market Account Interest** | **$11.90** |
| **For prior year:**<br>From **1/01/2016** to **12/31/2016** | **Money Market Account Interest** | **$71.40** |
| **For year before that:**<br>From **1/01/2015** to **12/31/2015** | **Money Market Account Interest** | **$71.40** |

### Part 2: List Certain Transfers Made Before Filing for Bankruptcy

Debtor    **Eagan Avenatti LLP**                  Case number *(if known)*   **17-01329**

---

3. **Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None.

| | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|---|
| 3.1. | ADR<br>1900 Avenue of the Stars<br>Suite 250<br>Los Angeles, CA 90067 | 1/9/17<br>$12,090.92<br>2/22/17<br>$13,095.00 | $25,185.92 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.2. | Baker Keener & Nahra LLP<br>633 West Fifth Street<br>Suite 4900<br>Los Angeles, CA 90071 | 1/30/17<br>$55,000 | $55,000.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.3. | Anthem Blue Cross<br>PO Box 54630<br>Los Angeles, CA 90054-0630 | 12/30/16<br>$14,704.26<br>1/27/17<br>$12,097.42<br>3/2/17<br>$12,072.92 | $38,874.60 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.4. | First Insurance Funding Corp<br>PO Box 66468<br>Chicago, IL 60666-0468 | 1/13/17<br>$9,787.85 | $9,787.85 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.5. | KNJ Ventures<br>1106-A Broadway<br>Santa Monica, CA 90401 | 12/12/16<br>$19,354.09 | $19,354.09 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |

Debtor   **Eagan Avenatti LLP**                                                                Case number *(if known)*  **17-01329**

| | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|---|
| 3.6. | **The Irvine Company**<br>P.O. Box 844987<br>Los Angeles, CA 90084 | **12/12/16**<br>$1,332.00<br>12/12/16<br>$128.00<br>12/12/16<br>$48,845.00<br>1/27/17<br>$2,664.00<br>1/27/17<br>$256.00<br>1/27/17<br>$107,327.10<br>3/6/17<br>$1,332.00<br>3/6/17<br>$128.00<br>3/6/17<br>$50,710.00 | $212,722.10 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.7. | **California Bank and Trust**<br>PO Box 30833<br>Salt Lake City, UT 84130-0833 | **12/27/16**<br>$10,000<br>1/24/17<br>$10,000 | $20,000.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.8. | **Int'l Church of the Foursquare**<br>100 Bayview Circle<br>Suite 2600, Dept. 8<br>Newport Beach, CA 92660 | **1/15/17**<br>$10,436.34 | $10,436.34 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |

4.  **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

■ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5.  **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6.  **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

Case 8:19-cv-00661-JVS Document 1023-3 Filed 10/24/22 Page 95 of 256 Page ID
Case 8:17-bk-01329-ES Main Document #24828 Page 4 of 10
Main Document Page 4 of 10

| Debtor | Eagan Avenatti LLP | | Case number *(if known)* 17-01329 |
|---|---|---|---|

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:**    Legal Actions or Assignments

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| | Case title / Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | Authentic Entertainment Properties v. Royal<br>Case No. A-15-724305-B | lien for attorneys fees | lien of attorneys fees<br>District Court Clark County Nevada | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.2. | Birbrower v. Quorn<br>Case No. 2:16cv01346 | lien for attorneys fees | USDC | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.3. | Broadstone/Billon v. Bath & Body<br>Case No. 8:15cv0199 | lien for attorneys fees | USDC | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.4. | Broadstone v. Pacific Sunwear<br>Case No. BC594799 | lien for attorneys fees | LASC | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.5. | Callaway v. Mercedes-Benz<br>Case No. 8:14cv02011 | lien for attorneys fees | USDC | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.6. | Chaffee v. Rohrback<br>Case No. 15-2-30551-4 | lien for attorneys fees | Washington Superior Court King County | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.7. | Deehan v. Gap<br>Case No. 30-2015-00807155-CU-OE-CXC | lien for attorneys fees | OCSC | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.8. | Eldard v. Hewlett Packard<br>Case No. 30-2012-00537897-CU-BT-CXC | lien for attorneys fees | OCSC | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.9. | Jimenez (Dylan) (Wage & Hour) | lien for attorneys fees | | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.10. | Lagunas/Mendoza/Jung v. Abercrombie<br>Case 8:16cv00199 | lien for attorneys fees | USDC | ■ Pending<br>☐ On appeal<br>☐ Concluded |

Case 8:19-cr-00061-JVS Document 1023-3 Filed 12/14/22 Page 96 of 256 Page ID #:24829
Case 8:17-bk-01302-CB Doc 325-1 Filed 04/04/17 Page 39 of 200 Desc
Main Document Page 5 of 10

| Debtor | Eagan Avenatti LLP | Case number *(if known)* | 17-01329 |

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.11 | **Rasheed v. Gap (Banana Republic)** | lien for attorneys fees | | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.12 | **Robinson v. BCBG**<br>**Case No. BC597311** | lien for attorneys fees | LASC | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.13 | **Shine v. Williams Sonoma**<br>**Case No. BC598805** | lien for attorneys fees | LASC | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.14 | **Spound v. RFF**<br>**Case No. SC122054** | lien for attorneys fees | LASC | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.15 | **Ward v. Tilly's**<br>**Case No. BC595405** | lien for attorneys fees | LASC | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.16 | **Weaver v. Southern California Edison**<br>**BC617186** | lien for attorneys fees | LASC | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.17 | **Johannes "Hannes" Kuhn/Solar Millennium AG adv. Skadden, Arp** | lien for attorneys fees | | ■ Pending<br>☐ On appeal<br>☐ Concluded |

**8. Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

**Part 4:   Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5:   Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

Case 8:19-cr-00061-JVS Document 1023-3 Filed 10/24/22 Page 97 of 256 Page ID #:24830
Case 8:17-bk-01329-JMC Doc 83-1 Filed 04/04/17 Page 709f 2002 Desc
Main Document Page 6 of 10

Debtor **Eagan Avenatti LLP**                                      Case number *(if known)* **17-01329**

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
| --- | --- | --- | --- |

---

**Part 6:**   Certain Payments or Transfers

**11. Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

■ None.

| Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
| --- | --- | --- | --- |

**12. Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
| --- | --- | --- | --- |

**13. Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer?<br>Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
| --- | --- | --- | --- |

**Part 7:**   Previous Locations

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy<br>From-To |
| --- | --- |
| 14.1.   450 Newport Center Drive<br>Suite 200<br>Newport Beach, CA 92660 | |

**Part 8:**   Health Care Bankruptcies

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

---

Official Form 207          Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy                    page 6

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                          Best Case Bankruptcy

| Debtor | Eagan Avenatti LLP | Case number *(if known)* 17-01329 |

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |

## Part 9: Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

- ☐ No.
- ■ Yes. State the nature of the information collected and retained.

    Name, address and tax ID and/or SS

    Does the debtor have a privacy policy about that information?
    - ■ No
    - ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

- ☐ No. Go to Part 10.
- ■ Yes. Does the debtor serve as plan administrator?

    - ☐ No Go to Part 10.
    - ■ Yes. Fill in below:
    Name of plan
    Eagan Avenatti, LLP 401(k)

    Employer identification number of the plan
    EIN: 32-0210824

    Has the plan been terminated?
    - ■ No
    - ☐ Yes

## Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

- ■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

- ■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

Debtor  **Eagan Avenatti LLP**                                      Case number *(if known)*  **17-01329**

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

**Part 11:** **Property the Debtor Holds or Controls That the Debtor Does Not Own**

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

**Part 12:**  **Details About Environment Information**

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22.  Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■  No.
☐  Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■  No.
☐  Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

■  No.
☐  Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:**  **Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
|---|---|---|
| | | **Dates business existed** |

| Debtor | Eagan Avenatti LLP | Case number *(if known)* | 17-01329 |

## 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26a.1.  Marjorie Hendricks<br>Hendricks Company<br>11777 San Vicente Blvd.<br>Suite 601<br>Los Angeles, CA 90049 | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.  Debtor | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

Name and address

## 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

## 28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Michael Avenatti | 520 Newport Center Drive<br>Suite 1400<br>Newport Beach, CA 92660 | Managing Partner | |

## 29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

■ No
☐ Yes. Identify below.

## 30. Payments, distributions, or withdrawals credited or given to insiders

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

Debtor    **Eagan Avenatti LLP**                                         Case number *(if known)*  **17-01329**

☐ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

☐ No
☐ Yes. Identify below.

**Name of the parent corporation**                            **Employer Identification number of the parent corporation**

32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?

☐ No
☐ Yes. Identify below.

**Name of the parent corporation**                            **Employer Identification number of the parent corporation**

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    4-6-17

Signature of individual signing on behalf of the debtor      Printed name    *Michael Avenatti*

Position or relationship to debtor    **Managing Partner**

**Are additional pages to** *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* **(Official Form 207) attached?**
☐ No
☐ Yes

# SENTENCING EXHIBIT 35

Richard M. Pachulski (CA BAR NO. 90073)
Ira D. Kharasch (CA BAR NO. 109084)
Robert M. Saunders (CA BAR NO. 226172)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:   rpachulski@pszjlaw.com
              ikharasch@pszjlaw.com
              rsaunders@pszjlaw.com

[Proposed] Attorneys for Eagan Avenatti LLP,
Debtor and Debtor in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>EAGAN AVENATTI, LLP,<br><br>                              Debtor. | Case No.: 8:17-bk-11961-CB<br><br>Chapter 11<br><br>**DEBTOR'S CHAPTER 11 STATUS REPORT**<br><br>**[Relates To Docket No. 3]**<br><br>**Status Conference**<br><br>Date:    May 31, 2017<br>Time:    10:00 a.m.<br>Place:   Courtroom 5D<br>            411 West Fourth Street<br>            Santa Ana, CA  92701-4593<br><br>Judge:  Hon. Catherine E. Bauer |

Eagan Avenatti, LLP, the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Case"), hereby files its chapter 11 status report (the "Status Report"), in accordance with the Court's *Order Setting Scheduling and Case Management Conference* entered on May 17, 2017 [Docket No. 3] (the "Case Management Conference Order"), and respectfully represents the following:

## I.      General Background

The Debtor is a California law firm.  Its chapter 11 case travelled an unusual and circuitous path to this Court from Florida, leading to a delay in the Debtor's compliance with local

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  requirements, US Trustee guidelines, and requests for approvals.  The Debtor's compliance delay is

2  being remedied now with the assistance of newly-substituted counsel Pachulski Stang Ziehl & Jones

3  LLP ("PSZJ").

4  **A. Commencement of Involuntary Case and Transfer of Case to this Court**

5  The case began on March 1, 2017 with the filing of an involuntary chapter 11 petition (the

6  "Involuntary Petition") by a single creditor in the United States Bankruptcy Court for the Middle

7  District of Florida (the "Florida Bankruptcy Court").  In the involuntary case, the Debtor was

8  represented by BakerHostetler's Orlando office.

9  The Debtor consented to entry of an order for relief, which the Florida Bankruptcy Court

10  entered on March 10, 2017.  On April 13, 2017, the Office of United States Trustee ("US Trustee")

11  in Orlando filed its motion to transfer this case to this Court or dismiss it.  By its *Order Transferring*

12  *Case to the Central District of California, Santa Ana Division*, entered on April 21, 2017, the Florida

13  Bankruptcy Court transferred this case to this Court.

14  The case was then in limbo for nearly three weeks, when the Clerk of this Court opened case

15  no. 8:17-bk-11878-CB on May 10; however, the Clerk's office then closed the case the next day

16  (May 11) as a "duplicate case opened in error."  The case then returned to limbo for almost another

17  week, not resurfacing until May 16, 2017, when the Clerk of this Court issued a Notice of Transfer

18  of Case (Inter/Intra District Transfer), and assigned new case number 8:17-bk-1191-CB.  Then, the

19  first substantive entry on the new docket was on May 17, when the Court issued its Case

20  Management Conference Order, which required this Status Report.[1]

21  **B. Transition to New Counsel**

22  Today the Debtor filed its Substitution of Attorney, proposing that PSZJ be substituted for

23  BakerHostetler.  In anticipation of the substitution, PSZJ attorneys began discussions last week with

24  the US Trustee's office to prioritize compliance efforts.  Notably, there are some differences

25  between the US Trustee's compliance requirements in Orlando and the Central District.  Also, this

26  week, a PSZJ attorney began discussions with the attorney at the US Attorney's office, which led

27

28  _____

[1] The Debtor request that this Court take judicial notice of the three bankruptcy court dockets in this case, the orders
entered in such dockets, and the existence of the items filed in such dockets.

DOCS_LA:305978.10 20328/001

yesterday to a tentative agreement with the United States on behalf of the Internal Revenue Service ("<u>IRS</u>") regarding the use of cash collateral and adequate protection of its tax liens.  The same PSZJ attorney also contacted the Bankruptcy Specialist at the California Employment Development Department ("<u>EDD</u>") assigned to this case regarding the use of cash in light of its tax liens.

**II.  <u>Required Descriptions and Responses</u>**

**A.      Requirements for this Status Report**

Paragraph 2 of the Case Management Conference Order sets forth certain descriptions and information required in this report, and lists questions to be answered by the debtor in possession. The required descriptions, information and responses are set forth below.  The required evidence is the *Declaration of Michael J. Avenatti in Support of Debtor's Chapter 11 Status Report* (the "<u>Avenatti Declaration</u>") is attached hereto as **Exhibit A**, including (without limitation) its exhibit.

**B.      Debtor's Responses**

      **1.      <u>Debtor's Business and Operations</u>**

The Debtor is an Orange County, California-based law firm that focuses on the litigation of complex, often high-profile class action and contingency fee lawsuits nationally.  As an example, on April 7, 2017, class counsel Michael J. Avenatti, with the assistance of the Debtor, obtained an over $454 million jury verdict against Kimberly-Clark Corporation and Halyard Health, Inc. for damages resulting from defective surgical gowns.[2]

By their nature, these lawsuits do not pay out until litigation is concluded or settled, which often takes several years during which the Debtor routinely invests substantial dollars in investigating claims, conducting discovery, hiring experts and preparing for trial.  Therefore, the Debtor typically has outstanding obligations to trade and other creditors who have assisted the Debtor in preparing cases for trial.

      **2.      <u>Debtor's Principal Assets and Liabilities</u>**

Per the Debtor's Schedules filed in the Florida Bankruptcy Court, the Debtor had approximately $412,000.00 in scheduled assets (all personal property), and $19,444,130.56 in

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[2] *Bahamas Surgery Center, LLC v. Kimberly-Clark Corporation, et al.*, 2:14-cv-08390-DMG-PLA (C.D. Cal., Docket No. 529,  May 15, 2017).

DOCS_LA:305978.10 20328/001

scheduled liabilities, a portion of which is owed as a result of the work performed as described above. Per its Case Management Summary, which was filed in the Florida Bankruptcy Court, the Debtor's primary asset is its anticipated recoveries from pending class action and contingency litigation, which the Debtor presently values at approximately $45 million; it also has office furnishings and equipment which it estimates as being worth between $100,000 and $150,000. *Id.*, at ¶ 7.

Of its liabilities, it had $17,000,000 of secured claims, consisting of one unliquidated claim of The X Law Group for "Professional Services" (Schedule D), $1,591,656.77 of priority unsecured claims and $852,473.79 of nonpriority unsecured claims (Schedule E/F). Also, as mentioned above, the IRS and EDD filed tax liens and the IRS filed a proof of claim that includes a secured claim. Therefore, the Debtor plans to amend its Schedules within the next two weeks to (among other things) include secured tax claims.

### 3.      Events Leading to Bankruptcy Filing

Per Schedule E/F, Gerald Tobin, a private investigator believed to reside in the Orlando area, has an unliquidated and disputed general unsecured claim against the Debtor in the amount of $28,000 for "Professional Services." On March 1, 2018, Mr. Tobin filed his involuntary petition against the Debtor in the Florida Bankruptcy Court, alleging a "Lack of Payment" of $28,700.

As discussed in Response 5 below, the Debtor's primary dispute is with three former attorney employees of the firm, who left the firm and took substantial business with them, leaving the Debtor with sunk costs. By their action, these attorneys substantially jeopardized the Debtor's ability to meet its obligations. So, the Debtor consented to the entry of the Order for Relief on March 10, 2017.

### 4.      What Debtor Hopes to Accomplish in Ch. 11 Case

Confirmation of a chapter 11 plan of reorganization that preserves the Debtor as a going concern.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4

5.    **Principal Disputes Likely to be Encountered During the Course of the Debtor's Reorganization Efforts**

As mentioned in Section 3 above, the most significant dispute that the Debtor has is with three former attorney employees of the firm who, while employees of the Debtor, formed a new law firm with the intention of taking valuable lawsuits with them that had been initiated by the Debtor, without reimbursing the Debtor for sunk costs.  On March 2, 2015, Jason Frank Law, PLC (the "Frank Claimant"), which is believed to be owned by the Debtor's former employee Jason Frank ("Frank"), initiated JAMS Arbitration Reference No. 1220053114 (the "Arbitration") with the Debtor regarding an "Independent Contractor Agreement" for "Breach of Contract."  [Florida Docket No. 3-1, at 2-3].   As mentioned above, Frank started his new firm Frank Sims Stolper, LLP ("FSS") with two another former employees of the firm – Scott Sims and Andrew Stolper – while each was still an employee of the Firm, with the intention of taking clients and their valuable class action and contingency fee lawsuits from the Debtor without reimbursing the Debtor for its substantial expenditures.  The Frank Claimant sought but, on March 14, 2017, was denied by the Florida Bankruptcy Court, relief from the automatic stay to liquidate its claim in the Arbitration [Florida Docket No. 21].

As mentioned above, the IRS filed an amended proof of claim in the Florida Bankruptcy Court (Claim No. 1-2) asserting a secured claim of $677,410.24, an unsecured section 507(a)(8) unsecured priority claim of $322,395.46, and a general unsecured claim of $80,811.41.  In its Schedule E/F, the Debtor lists an unliquidated and disputed priority unsecured claim of the IRS in the amount of $1,146,255.45.

Also as mentioned above, EDD filed tax liens against the Debtor totaling $450,000.  The EDD has not yet filed a proof of claim.  In its Schedule E/F, the Debtor lists an unliquidated and disputed priority unsecured claim of EDD in the amount of $445,401.32.

The Debtor may have disputes with other law firms regarding the allocation of fees and expenses from certain class action and contingency fee litigations that are listed in Schedule B-74 (including FSS and its constituent partners), referenced in B-77 and shown in Schedule D (with The X-Law Group) as they settle or are otherwise favorably resolved.  The Case Management Summary, at its Section 6(ii), states that the Debtor "believes that it has no more than two or three creditors

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

5

claiming to have liens secured by potential proceeds of certain class action cases.  [The Debtor] is in

the process of investigating whether any such liens exist."

6. **How Debtor Recommends to Resolve Disputes**

The Debtor plans to resolves all claims against it, including any claim of the Frank Claimant,

by direct negotiations or in its claims reconciliation and objection process in its Case, which process

may occur prior to and/or after the confirmation of a chapter 11 plan.  As to tax claims, the Case

Management Summary states that the Debtor "disputes these claims, and intends to work with the

state and federal government to arrive at an agreement upon any actual amounts owing and to satisfy

any such agreed obligations in a chapter 11 plan."  In such summary, in its section 9, the Debtor also

states that "The federal government claims [that the Debtor] has certain payroll taxes owing, which

[the Debtor] disputes.  [The Debtor] will resolve this dispute in its Chapter 11 case and will pay any

amounts found to be due and owing in its Chapter 11 plan."

7. **Compliance with Duties Under 11 U.S.C. § § 521, 1006 and 1007 and All Applicable Guidelines of the Office of the United States Trustee**

As stated above, the Debtor's new counsel initiated discussions with the US Trustee

regarding compliance, and the US Trustee provided the Debtor with a list of compliance items that it

considered to be priorities.  The Debtor is currently endeavoring to comply in such order of priority.

8. **Description of Potential Avoidance Actions Pursuant to 11 U.S.C. § § 554-550**

The Debtor is investigating its potential avoidance actions, including potential avoidance

actions against FSS and each of its constituent partners.

9. **Parties Claiming Interest in Cash Collateral of the Debtor**

As the Debtor states in the Case Management Summary in section 10:  "Although [the

Debtor] does not believe there are any perfected liens on cash, in the abundance of caution, [the

Debtor] intends to file a motion to use cash collateral."  As stated above, however, the IRS claims a

lien on purported cash collateral, and the Debtor and the United States on behalf of the IRS, as of

yesterday, have a tentative agreement regarding the use of cash collateral and adequate protection.

Also as stated above, PSZJ contacted the  EDD to begin discuss entering into a stipulation for the

Debtor's use of cash collateral; however, it is not clear whether EDD, which filed tax liens, is

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

6

asserting a lien on purported cash collateral. So, the Debtor reserves all rights, including (but not limited to) denying that EDD has liens in cash of the Debtor.

**10.    Is the Debtor Using Cash that Any Party Claims as its Cash Collateral and, if so, on what date(s) did the Debtor obtain an order authorizing the use of such cash or the consent of such party?**

Since the filing of the involuntary petition, neither of the two insiders of the Debtor (who are its equity partners) have drawn any funds from the Debtor. Also, please see the Debtor's answer in Section 9 above.

**11.    Describe Status of Debtor's Pre-petition and Post-Petition Litigation**

The Arbitration with the Frank Claimant is described in Section 5 above.

**12.    Describe Status of Debtor's Post-Petition Operations and its Major Assets and Liabilities**

The Debtor continues to operate as a law firm. Its major assets and liabilities are described in Section 2 above.

**13.    Identity of Professionals to be Retained by the Estate**

PSZJ, as general insolvency counsel to the Debtor.

**14.    Projected Income/Expenses for the First Six Months of Case (if operating case)**

Please see projections attached as an exhibit to the Avenetti Declaration hereto.

**15.    Proposed Deadlines for Filing of Claims and Objections to Claims**

No deadline has been set for filing proofs of claims and objections to claims. The Debtor plans to file a motion for an order setting claims bar dates for general unsecured and other claims.

**16.    Proposed Deadline for Filing Avoidance Actions**

The Debtor plans to file any and all avoidance actions before the date established by section 546(a)(1)(A) of title 11 of the United States Code, which is two years after the entry of the Order for Relief.

**17.    Proposed Deadline for Filing a Plan and Disclosure Statement. If a Disclosure Statement cannot be filed within the first 120 days of this case, explain the reasons for delay.**

The Debtor intends to file a plan and disclosure statement in this Case, and, shortly, will begin the process of formulating the terms of its plan. The Debtor will endeavor to file its plan and

7

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

disclosure statement within the first 120 days of the transfer of the Case to this district, or explain the reasons for any significant delay.

**18.**   **Significant Unexpired Leases and Executory Contracts to Which Debtor is a Party and the Debtor's Intentions with Regard to those Leases/Contracts**

The Debtor currently plans to assume its office leases.

**19.**   **Is this a Small Business Case Within the Meaning of 11 U.S.C. § 101(51D)?**

No.

**20.**   **Is this a Single Asset Real Estate Case Within the Meaning of 11 U.S.C. § 101(51B)**

No.

*[Remainder of Page Left Blank]*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:305978.10 20328/001

Dated:   May 24, 2017

EAGAN AVENATTI, LLP, as
Debtor and Debtor in Possession

By: _____
       Michael Avenatti, its Managing Partner

# EXHIBIT A

DOCS_LA:305978.10 20328/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## **Declaration of Michael Avenatti**

I, Michael Avenatti, declare as follows:

1.     I am the managing partner of Eagan Avenatti, LLP, debtor and debtor in possession herein.

2.     If called upon to testify, I would testify to the facts set forth in this Declaration.

3.     The case began on March 1, 2017 with the filing of an involuntary chapter 11 petition (the "Involuntary Petition") by a single creditor, Gerald Tobin ("Tobin"), in the United States Bankruptcy Court for the Middle District of Florida (the "Florida Bankruptcy Court").  Tobin asserts an unliquidated and disputed general unsecured claim against the Debtor in the amount of $28,000 for "Professional Services."  In the involuntary case, the Debtor was represented by BakerHostetler's Orlando office.  The Debtor consented to entry of an order for relief, which the Florida Bankruptcy Court entered on March 10, 2017.  On April 13, 2017, the Office of United States Trustee ("US Trustee") in Orlando filed its motion to transfer this case to this Court or dismiss it.  By its *Order Transferring Case to the Central District of California, Santa Ana Division*, entered on April 21, 2017, the Florida Bankruptcy Court transferred this case to this Court.

4.     The case was then in limbo for nearly three weeks, when the Clerk of this Court opened case no. 8:17-bk-11878-CB on May 10; however, the Clerk's office then closed the case the next day (May 11) as a "duplicate case opened in error."  The case then returned to limbo for almost another week, not resurfacing until May 16, 2017, when the Clerk of this Court issued a Notice of Transfer of Case (Inter/Intra District Transfer), and assigned new case number 8:17-bk-1191-CB.  Then, the first substantive entry on the new docket was on May 17, when the Court issued its Case Management Conference Order, which required this Status Report.

5.     Today the Debtor filed its Substitution of Attorney, proposing that Pachulski Stang Ziehl & Jones LLP ("PSZJ") be substituted for BakerHostetler.  In anticipation of the substitution, PSZJ attorneys began discussions last week with the US Trustee's office to prioritize compliance efforts.  Notably, there are some differences between the US Trustee's compliance requirements in Orlando and the Central District.  Also, this week, a PSZJ attorney began discussions with the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

attorney at the US Attorney's office, which led yesterday to a tentative agreement with the United States on behalf of the Internal Revenue Service ("IRS") regarding the use of cash collateral and adequate protection of its tax liens. The same PSZJ attorney also contacted the Bankruptcy Specialist at the California Employment Development Department ("EDD") assigned to this case regarding the use of cash in light of its tax liens.

6.  The Debtor is an Orange County, California-based law firm that focuses on the litigation of complex, often high-profile class action and contingency fee lawsuits nationally. As an example, on April 7, 2017, I, as class counsel, with the assistance of the Debtor, obtained an over $454 million jury verdict against Kimberly-Clark Corporation and Halyard Health, Inc. for damages resulting from defective surgical gowns.[3] By their nature, these lawsuits do not pay out until litigation is concluded or settled, which often takes several years during which the Debtor routinely invests substantial dollars in investigating claims, conducting discovery, hiring experts and preparing for trial. Therefore, the Debtor typically has outstanding obligations to trade and other creditors who have assisted the Debtor in preparing cases for trial.

7.  Per the Debtor's Schedules filed in the Florida Bankruptcy Court, the Debtor had approximately $412,000.00 in scheduled assets (all personal property), and $19,444,130.56 in scheduled liabilities, a portion of which is owed as a result of the work performed as described above. Per its Case Management Summary, which was filed in the Florida Bankruptcy Court, the Debtor's primary asset is its anticipated recoveries from pending class action and contingency litigation, which the Debtor presently values at approximately $45 million; it also has office furnishings and equipment which it estimates as being worth between $100,000 and $150,000. Of its liabilities, it had $17,000,000 of secured claims, consisting of one unliquidated claim of The X Law Group for "Professional Services" (Schedule D), $1,591,656.77 of priority unsecured claims and $852,473.79 of nonpriority unsecured claims (Schedule E/F).

8.  The IRS and EDD filed tax liens and the IRS filed a proof of claim that includes a secured claim. The United States Department of Treasury – Internal Revenue Services ("IRS") filed

---

[3] *Bahamas Surgery Center, LLC v. Kimberly-Clark Corporation, et al.*, 2:14-cv-08390-DMG-PLA (C.D. Cal., Docket No. 529, May 15, 2017).

an amended proof of claim in the Florida Bankruptcy Court (Claim No. 1-2) asserting a secured

claim of $677,410.24, an unsecured section 507(a)(8) unsecured priority claim of $322,395.46, and a

general unsecured claim of $80,811.41.  In its Schedule E/F, the Debtor lists an unliquidated and

disputed priority unsecured claim of the IRS in the amount of $1,146,255.45. The EDD filed tax

liens against the Debtor totaling $450,000.  The EDD has not yet filed a proof of claim.  In its

Schedule E/F, the Debtor lists an unliquidated and disputed priority unsecured claim of EDD in the

amount of $445,401.32.  The Debtor plans to amend its Schedules within the next two weeks to

(among other things) include secured tax claims.  Further, the Debtor plans to file a motion for an

order setting claims bar dates for general unsecured and other claims.

9.     The most significant dispute that the Debtor has is with three former attorney

employees of the firm who, while employees of the Debtor, formed a new law firm with the

intention of taking valuable lawsuits with them that had been initiated by the Debtor, without

reimbursing the Debtor for sunk costs.  On March 2, 2015, Jason Frank Law, PLC (the "Frank

Claimant"), which is believed to be owned by the Debtor's former employee Jason Frank ("Frank"),

initiated JAMS Arbitration Reference No. 1220053114 (the "Arbitration") with the Debtor regarding

an "Independent Contractor Agreement" for "Breach of Contract."  [Florida Docket No. 3-1, at 2-3].

As mentioned above, Frank started his new firm Frank Sims Stolper, LLP ("FSS") with two another

former employees of the firm – Scott Sims and Andrew Stolper – while each was still an employee

of the Firm, with the intention of taking clients and their valuable class action and contingency fee

lawsuits from the Debtor without reimbursing the Debtor for its substantial expenditures.  The Frank

Claimant sought but, on March 14, 2017, was denied by the Florida Bankruptcy Court, relief from

the automatic stay to liquidate its claim in the Arbitration [Florida Docket No. 21].  By their action,

these attorneys substantially jeopardized the Debtor's ability to meet its obligations.  So, the Debtor

consented to the entry of the Order for Relief on March 10, 2017.  The Debtor is investigating its

potential avoidance actions, including potential avoidance actions against FSS and each of its

constituent partners.

10.    The Debtor may have disputes with other law firms regarding the allocation of fees

and expenses from certain class action and contingency fee litigations that are listed in Schedule B-

74 (including FSS and its constituent partners), referenced in B-77 and shown in Schedule D (with The X-Law Group) as they settle or are otherwise favorably resolved. The Case Management Summary, at its Section 6(ii), states that the Debtor "believes that it has no more than two or three creditors claiming to have liens secured by potential proceeds of certain class action cases. [The Debtor] is in the process of investigating whether any such liens exist."

11. The Debtor plans to resolves all claims against it, including any claim of the Frank Claimant, by direct negotiations or in its claims reconciliation and objection process in its Case, which process may occur prior to and/or after the confirmation of a chapter 11 plan. As to tax claims, the Case Management Summary states that the Debtor "disputes these claims, and intends to work with the state and federal government to arrive at an agreement upon any actual amounts owing and to satisfy any such agreed obligations in a chapter 11 plan." In such summary, in its section 9, the Debtor also states that "The federal government claims [that the Debtor] has certain payroll taxes owing, which [the Debtor] disputes. [The Debtor] will resolve this dispute in its Chapter 11 case and will pay any amounts found to be due and owing in its Chapter 11 plan." The Debtor intends to file a plan and disclosure statement in this Case, and, shortly, will begin the process of formulating the terms of its plan. The Debtor will endeavor to file its plan and disclosure statement within the first 120 days of the transfer of the Case to this district, or explain the reasons for any significant delay.

12. As the Debtor states in the Case Management Summary in section 10: "Although [the Debtor] does not believe there are any perfected liens on cash, in the abundance of caution, [the Debtor] intends to file a motion to use cash collateral." As stated above, however, the IRS claims a lien on purported cash collateral, and the Debtor and the United States on behalf of the IRS, as of yesterday, have a tentative agreement regarding the use of cash collateral and adequate protection. Also as stated above, PSZJ contacted the EDD to begin discuss entering into a stipulation for the Debtor's use of cash collateral; however, it is not clear whether EDD, which filed tax liens, is asserting a lien on purported cash collateral. So, the Debtor reserves all rights, including (but not limited to) denying that EDD has liens in cash of the Debtor.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

14

Case 8:19-cr-00061-JVS    Document #023    Filed 10/24/22    Page 117 of 256    Page ID
#:24850

13.     Since the filing of the Involuntary Petition, neither I nor Michael Eagan (the two insiders of the Debtor who are its equity partners) have drawn any funds from the Debtor.

14.     The Debtor currently plans to assume its office leases.

15.      Attached hereto as **Exhibit 1** are the projected income and expenses for the first six months of the case.

[*Remainder of Page Left Blank*]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of May, 2017 at Newport Beach, California.

Michael Avenatti, Declarant

# EXHIBIT 1

**Eagan Avenatti, LLP**
**24 Week Cash Flow Forecast**
($ in 000's)

| | CH11 | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | March | | April | | May | | June | | July | | August | Total |
| Week Ending | 15-Mar Actual | 31-Mar Actual | 15-Apr Actual | 30-Apr Actual | 15-May Forecast | 31-May Forecast | 15-Jun Forecast | 30-Jun Forecast | 15-Jul Forecast | 31-Jul Forecast | 15-Aug Forecast | Forecast 24 Weeks |
| **Cash Flows** | | | | | | | | | | | | |
| **Operating Receipts** | | | | | | | | | | | | |
| A/R | 125,000 | 97,530 | 16,659 | 109,500 | 59,930 | 439,424 | 200,000 | 200,000 | 200,000 | 200,000 | 450,000 | 2,098,043 |
| Other | | | | | | | | | | | | |
| Total Collections | 125,000 | 97,530 | 16,659 | 109,500 | 59,930 | 439,424 | 200,000 | 200,000 | 200,000 | 200,000 | 450,000 | 2,098,043 |
| | | | | | | | | | | | | |
| **Operating Disbursements** | | | | | | | | | | | | |
| Payroll & Benefits | 52,851 | 91,427 | 92,465 | 66,767 | 59,271 | 168,317 | 105,000 | 92,000 | 105,000 | 92,000 | 105,000 | 1,030,098 |
| Commissions | | | | | | | | | | | | |
| Rent | | | | | 5,218 | 121,907 | 61,435 | | 61,435 | | 61,435 | 311,430 |
| Corporate Insurance | | | 9,788 | | 9,322 | | 9,788 | | 9,788 | | | 38,686 |
| Capital Expenditures | | | | | | | | | | | | |
| Other Disbursements | 409 | | | 469 | 869 | 38,764 | | 26,000 | | 23,000 | | 89,511 |
| Adequate Protection - IRS* | | | | | | 7,588 | | 7,588 | | 7,588 | | 22,764 |
| Adequate Protection - EDD | | | | | | | | | | | | |
| Contingency | | | | | | | | | | | | |
| Subtotal | 53,260 | 91,427 | 102,253 | 67,236 | 74,680 | 336,576 | 176,223 | 125,588 | 176,223 | 122,588 | 166,435 | 1,492,489 |
| | | | | | | | | | | | | |
| **Operating Cash Flow** | 72,009 | 6,103 | -85,594 | 42,265 | -14,750 | 102,848 | 23,777 | 74,412 | 23,777 | 77,412 | 283,565 | 605,824 |
| | | | | | | | | | | | | |
| **Non-Operating Disbursements** | | | | | | | | | | | | |
| Legal Fees | | | | | | | | | | | | |
| Other Debtor Professionals | | | | | | | | | | | | |
| Restructuring Costs | | | | | | | | | | | | |
| Deposits | | | | | | | | | | | | |
| Creditors Committee Professionals | | | | | | | | | | | | |
| Fees to US Trustee | | | | | | | | 4,875 | | | | |
| Other Non-Operating Disb | | | | | | | | | | | | |
| Subtotal | | | | | | | | 4,875 | | | | |
| **Total Disbursements** | 53,260 | 91,427 | 102,253 | 67,236 | 74,680 | 336,576 | 176,223 | 130,463 | 176,223 | 122,588 | 166,435 | 1,497,364 |
| | | | | | | | | | | | | |
| **Net Cash Flow** | 72,009 | 6,103 | -85,594 | 42,265 | -14,750 | 101,223 | 23,777 | 72,787 | 23,777 | 77,412 | 283,565 | 602,574 |

*Tentative Agreement

Document Number: 189399   Version: 1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**


A true and correct copy of the foregoing document entitled (*specify*):  **DEBTOR'S CHAPTER 11 STATUS REPORT** will
be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the
manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**May 24, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- *Sara Chenetz     schenetz@perkinscoie.com, dlax@perkinscoie.com*
- *Michael J Hauser     michael.hauser@usdoj.gov*
- *Sheri Kanesaka     sheri.kanesaka@fnf.com, Christine.hipp@fnf.com*
- *Isaac Marcushamer*
- *Robert M Saunders     rsaunders@pszjlaw.com, rsaunders@pszjlaw.com*
- *Najah J Shariff     najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov*
- *David H Stein     dstein@wilentz.com*
- *United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov*

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **May 24, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **May 24, 2017**, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

**VIA FEDEX**
Honorable Catherine E. Bauer
United States Bankruptcy Court
Central District of California
411 West Fourth Street, Suite 5165
Santa Ana, CA 92701-4593

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 24, 2017 | Myra Kulick | /s/ Myra Kulick |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

2. **SERVED BY UNITED STATES MAIL**:

**Eagan Avenatti, LLP**
**Chapter 11**
**Case No. 8:17-bk-11961-CB**
**2002 Service List**

Debtor
Eagan Avenatti LLP
520 Newport Center Drive, #1400
Newport Beach, CA 92660

Former Attorneys for Debtor
Elizabeth A Green
Baker & Hostetler LLP
200 S Orange Ave
Suntrust Center Ste 2300
Orlando, Fl 32801

Former Attorneys for Debtor
Tiffany D Payne
Baker Hostetler
PO Box 112
Orlando, FL 32801

United States Trustee
Michael J Hauser
411 W Fourth St Suite 7160
Santa Ana, CA 92701-4593

**20 Largest**

Authentic Entertainment Properties
Development, LLC
c/o Andrew D. Stolper, Esq.
Frank Sims Stolper, LLP
19800 MacArthur Blvd., Suite 855
Irvine, CA 92612-8444

Phillip A. Baker, Esq.
Baker, Keener & Nahra LLP
633 West Fifth Street, Suite 5400
Los Angeles, CA 90071

California Bank & Trust
P.O. Box 30833
Salt Lake City, UT 84130-0833

Competition Economics, LLC
2000 Powell Street, Suite 510
Emeryville, CA 94608

David W. Stewart, PhD
13031 Villosa Pl., #121
Playa Vista, CA 90094

Department of the Treasury
Internal Revenue Service
Ogden, UT 84201-0039

Employment Development Department
P.O. Box 989061
West Sacramento, CA 95798-9061

FedEx
P.O. Box 7221
Pasadena, CA 91109-7321

Secured Creditor
Filippo Marchino
1910 West Sunset Blvd., Suite 450
Los Angeles, CA 90026

Gerald Tobin
2014 Edgewater Drive, #169
Orlando, FL 32804

Green Street Advisors
660 Newport Center Drive
Suite 800
Newport Beach, CA 92660

International Personnel Protection, Inc.
P.O. Box 92493
Austin, TX 78709

Jason M. Frank
Frank Sims Stolper, LLP
19800 MacArthur Blvd., Suite 855
Irvine, CA 92612

Jams
P.O. Box 845402
Los Angeles, CA 90084-5402

Judicate West
1851 East First Street
Suite 1600
Santa Ana, CA 92705

KNJ Ventures
1106-A Broadway
Santa Monica, CA 90401

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
DOCS_LA:305992.1 20328/001

**F 9013-3.1.PROOF.SERVICE**

Norell Consulting, Inc.
218 Catherine Park
Glendora, CA  91741

Personal Court Reporters, Inc.
14520 Sylvan Street
Van Nuys, CA  91411

Scott Sims
Frank Sims Stolper, LLP
19800 MacArthur Blvd., Suite 855
Irvine, CA  92612

The Montage Laguna Beach
Finance Department
30801 South Coast Highway
Laguna Beach, CA  90651

**Requests for Special Notice**

Innovative Computing Systems
3101 Bee Caves Rd Ste 305
Austin, TX 78746

David H. Stein, Esq.
Wilentz, Goldman & Spitzer, P.A.
90 Woodbridge Center Drive
Suite 900, Box 10,
Woodbridge, New Jersey 07095

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:305992.1 20328/001

**F 9013-3.1.PROOF.SERVICE**

# SENTENCING EXHIBIT 36

| Attorney or Party Name, Address, Telephone & FAX Nos.,State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Richard M. Pachulski (CA Bar No. 90073)<br>Ira D. Kharasch (CA Bar No. 109084)<br>Robert M. Saunders (CA Bar No. 226172)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: 310/277-6910<br>Facsimile: 310/201-0760<br>Email: rpachulski@pszjlaw.com;<br>ikharasch@pszjlaw.com; rsaunders@pszjlaw.com | |
| ☐ Individual appearing without attorney<br>☑ Attorney for Debtor | |

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| In re:<br><br>Eagan Avenatti, LLP<br><br><br><br>Debtor(s) | CASE NO.: 8:17-bk-11961-CB<br><br>CHAPTER: 11<br><br>SUMMARY OF AMENDED SCHEDULES,<br>MASTER MAILING LIST,<br>AND/OR STATEMENTS<br>[LBR 1007-1(c)] |
|---|---|

A filing fee is required to amend Schedules D, or E/F (see Abbreviated Fee Schedule on the Court's website www.cacb.uscourts.gov). A supplemental master mailing list (do not repeat any creditors on the original) is also required as an attachment if creditors are being added to the Schedule D or E/F. Are one or more creditors being added?  ☐ Yes ☒ No

The following schedules, master mailing list or statements (check all that apply) are being amended:

☐ Schedule A/B    ☐ Schedule C    ☐ Schedule D    ☐ Schedule E/F    ☐ Schedule G

☐ Schedule H    ☐ Schedule I    ☐ Schedule J    ☐ Schedule J-2    ☑ Statement of Financial Affairs

☐ Statement About Your Social Security Number(s)    ☐ Statement of Intentions    ☐ Master Mailing List

☐ Other (specify) _____

I/we declare under penalty of perjury under the laws of the United States that the amended schedules, master mailing list, and/or statements are true and correct.

Date:    July 13, 2017 _____

_____
Michael J. Avenatti
Debtor 1 Signature

_____
Debtor 2 (Joint Debtor) Signature (if applicable)

NOTE: It is the responsibility of the Debtor, or the Debtor's attorney, to serve copies of all amendments on all creditors listed in this Summary of Amended Schedules, Master Mailing List, and/or Statements, and to complete and file the attached Proof of Service of Document.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2015                    Page 1                    F 1007-1.1.AMENDED.SUMMARY

**Fill in this information to identify the case:**

Debtor name    **Eagan Avenatti, LLP**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)    **8:17-bk-11961-CB**

■ Check if this is an
amended filing

# Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/16

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:    Income**

1.  **Gross revenue from business**

☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From **1/01/2017** to **Filing Date** | ■ Operating a business<br>☐ Other _____ | **$525,542.19** |
| **For prior year:**<br>From **1/01/2016** to **12/31/2016** | ■ Operating a business<br>☐ Other _____ | **$7,693,582.00** |
| **For year before that:**<br>From **1/01/2015** to **12/31/2015** | ■ Operating a business<br>☐ Other _____ | **$6,997,741.00** |

2.  **Non-business revenue**
Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From **1/01/2017** to **Filing Date** | **Money Market Account Interest** | **$11.90** |
| **For prior year:**<br>From **1/01/2016** to **12/31/2016** | **Money Market Account Interest** | **$71.40** |
| **For year before that:**<br>From **1/01/2015** to **12/31/2015** | **Money Market Account Interest** | **$71.40** |

**Part 2:    List Certain Transfers Made Before Filing for Bankruptcy**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor | Eagan Avenatti, LLP | Case number *(if known)* | 8:17-bk-11961-CB |

---

3. **Certain payments or transfers to creditors within 90 days before filing this case**
List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| 3.1. ADR<br>1900 Ave of the Stars<br>Suite 250<br>Los Angeles, CA 90067 | 1/9/17:<br>$12,090.92<br>2/22/17:<br>$13,095.00 | $25,185.92 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.2. Baker, Keener & Nahra LLP<br>633 West Fifth Street<br>Suite 5400<br>Los Angeles, CA 90071 | 1/30/17:<br>$55,000.00 | $55,000.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.3. Anthem Blue Cross<br>PO Box 54630<br>Los Angeles, CA 90054-0630 | 12/30/16:<br>$14,704.26<br>1/27/17:<br>$12,097.42<br>3/2/17:<br>$12,072.92 | $38,874.60 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.4. First Insurance Funding Corp<br>PO Box 66468<br>Chicago, IL 60666-0468 | 1/13/17:<br>$9,787.85 | $9,787.85 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.5. KNJ Ventures<br>1106-A Broadway<br>Santa Monica, CA 90401 | 12/12/16:<br>$19,354.09 | $19,354.09 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |

Debtor    **Eagan Avenatti, LLP**                                              Case number *(if known)*  **8:17-bk-11961-CB**

| | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|---|
| 3.6. | The Irvine Company<br>PO Box 844987<br>Los Angeles, CA 90084 | 12/12/16:<br>$1,332.00<br>12/12/16:<br>$128.00<br>12/12/16:<br>$48,845.00<br>1/27/17:<br>$2,664.00<br>1/27/17:<br>$256.00<br>1/27/17:<br>$107,327.10<br>3/6/17:<br>$1,332.00<br>3/6/17:<br>$128.00<br>3/6/17:<br>$50,710.00 | $212,722.10 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.7. | California Bank & Trust<br>PO Box 30833<br>Salt Lake City, UT 84130 | 12/27/16:<br>$10,000.00<br>1/24/17:<br>$10,000.00 | $20,000.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.8. | Int'l Church of the Foursquare<br>100 Bayview Circle<br>Suite 2600, Dept 8<br>Newport Beach, CA 92660 | 1/15/17:<br>$10,436.34 | $10,436.34 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☐ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1.    See Attachments re Question 4 | | | |

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ☑ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                     Best Case Bankruptcy

| Debtor | **Eagan Avenatti, LLP** | | Case number *(if known)* | **8:17-bk-11961-CB** |
|---|---|---|---|---|

☐ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| **California Bank & Trust**<br>PO Box 30833<br>Salt Lake City, UT 84130 | **Bank froze the amount of $100,000**<br>Last 4 digits of account number: ___7849___ | **3/10/17** | **$96,275.98** |

<table>
<tr><td colspan="2">**Part 3:**   Legal Actions or Assignments</td></tr>
</table>

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | **Authentic Entertainment Properties v. Royal**<br>A-15-724305-B | **Lien for attorneys fees/costs** | **District Court - Clark County, Nevada** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.2. | **Birbrower v. Quorn**<br>2:16cv01346 | **Lien for attorneys fees/costs** | **USDC** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.3. | **Broadstone/Billon v. Bath & Body**<br>8:15cv0199 | **Lien for attorneys fees/costs** | **USDC** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.4. | **Broadstone v. Pacific Sunwear**<br>BC594799 | **Lien for attorneys fees/costs** | **LASC** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.5. | **Callaway v. Mercedes-Benz**<br>8:14cv02011 | **Lien for attorneys fees/costs** | **USDC** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.6. | **Chaffee v. Rohrback**<br>15-2-30551-4 | **Lien for attorneys fees/costs** | **Washington Superior Court - King County** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.7. | **Deehan v. Gap**<br>30-2015-00807155-CU-OE-CXC | **Lien for attorneys fees/costs** | **OCSC** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.8. | **Eldard v Hewlett Packard**<br>30-2012-00537897-CU-BT-CXC | **Lien for attorneys fees/costs** | **OCSC** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.9. | **Jimenez (Dylan) (Wage & Hour)** | **Lien for attorneys fees/costs** | | ■ Pending<br>☐ On appeal<br>☐ Concluded |

Debtor  **Eagan Avenatti, LLP**                                    Case number *(if known)*  **8:17-bk-11961-CB**

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.10 | Lagunas/Mendoza/Jung v. Abercrombie<br>8:16cv00199 | Lien for attorneys fees/costs | USDC | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.11 | Rasheed v. Gap (Banana Republic) | Lien for attorneys fees/costs | | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.12 | Robinson v. BCBG<br>BC597311 | Lien for attorneys fees/costs | LASC | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.13 | Shine v. Williams Sonoma<br>BC598805 | Lien for attorneys fees/costs | LASC | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.14 | Spound v. RFF<br>SC122054 | Lien for attorneys fees/costs | LASC | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.15 | Ward v. Tilly's<br>BC595405 | Lien for attorneys fees/costs | LASC | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.16 | Weaver v. Southern California Edison<br>BC61786 | Lien for attorneys fees/costs | LASC | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.17 | Johannes "Hannes" Kuhn/Solar Millennium AG adv. Skadden, Arps | Lien for attorneys fees/costs | | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.18 | Scott H. Sims | Breach of Fiduciary Duty, Fraud Theft | | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.19 | Jason M. Frank | Breach of Fiduciary Duty, Fraud Theft | | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.20 | Eagan Avenatti v. Paul Root and Madison Street Partners<br>30-2016-00893847 | Aiding and Abetting; Breach of Duty of Loyalty; Aiding and Abetting Fraud | OCSC | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.21 | Eagan Avenatti v. William Scott Callaway<br>30-2016-00892564 | Breach of Contract; Declaratory Relief | OCSC | ■ Pending<br>☐ On appeal<br>☐ Concluded |

| Debtor | **Eagan Avenatti, LLP** | | | Case number *(if known)* **8:17-bk-11961-CB** |
|---|---|---|---|---|

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.22 | Eagan Avenatti v. Kimberly Birbrower<br>Ref No.: 1200052061 | Breach of Contract;<br>Declaratory Relief | JAMS | ■ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

---

**Part 4:** **Certain Gifts and Charitable Contributions**

9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

---

**Part 5:** **Certain Losses**

10. All losses from fire, theft, or other casualty within 1 year before filing this case.

☐ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | Dates of loss | Value of property lost |
|---|---|---|---|
| Theft of laptop computer by Scott H. Sims | | | $1,000,000.00 |

---

**Part 6:** **Certain Payments or Transfers**

11. **Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

■ None.

| Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|

12. **Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include

Debtor   **Eagan Avenatti, LLP**                                    Case number *(if known)*   **8:17-bk-11961-CB**

both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7:**   **Previous Locations**

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | | Dates of occupancy From-To |
|---|---|---|
| 14.1. | 450 Newport Center Drive Suite 200 Newport Beach, CA 92660 | |

**Part 8:**   **Health Care Bankruptcies**

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

**Part 9:**   **Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.
■ Yes. Does the debtor serve as plan administrator?

   ☐ No Go to Part 10.
   ■ Yes. Fill in below:
   Name of plan
   **Eagan Avenatti, LLP 401(k)**              Employer identification number of the plan
                                                EIN:   **32-0210824**

   Has the plan been terminated?
   ■ No
   ☐ Yes

**Part 10:**   **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses,

| Debtor | Eagan Avenatti, LLP | Case number *(if known)* | 8:17-bk-11961-CB |
|---|---|---|---|

cooperatives, associations, and other financial institutions.

■ None

| | Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

## Part 11:   Property the Debtor Holds or Controls That the Debtor Does Not Own

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

## Part 12:   Details About Environment Information

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

Debtor   **Eagan Avenatti, LLP**                                                                       Case number *(if known)*   **8:17-bk-11961-CB**

---

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

---

**Part 13:**   **Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|

**26. Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
   ☐ None

| Name and address | Date of service<br>From-To |
|---|---|
| 26a.1.   **Marjorie Hendricks**<br>**Hendricks Company**<br>**11777 San Vicente Blvd.**<br>**Suite 601**<br>**Los Angeles, CA 90049** | |
| 26a.2.   **Judy K. Regnier**<br>**Eagan Avenatti, LLP1**<br>**520 Newport Center Drive**<br>**Suite 1400**<br>**Newport Beach, CA 92660** | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement
   within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are<br>unavailable, explain why |
|---|---|
| 26c.1.   **Eagan Avenatti, LLP**<br>**520 Newport Center Drive**<br>**Suite 1400**<br>**96220** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial
   statement within 2 years before filing this case.

■ None

---

Debtor   **Eagan Avenatti, LLP**                                    Case number *(if known)*  **8:17-bk-11961-CB**

Name and address

27. **Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■  No
☐  Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Michael J. Avenatti | 520 Newport Center Drive Suite 1400 Newport Beach, CA 92660 | Managing Partner | 75 |

29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

■  No
☐  Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐  No
■  Yes. Identify below.

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1 | See attachments re Question 30 | | | |
| | Relationship to debtor | | | |

31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

■  No
☐  Yes. Identify below.

Name of the parent corporation                    Employer Identification number of the parent corporation

32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?

■  No
☐  Yes. Identify below.

Name of the parent corporation                    Employer Identification number of the parent corporation

# SOFA

# QUESTION 4

EAGAN AVENATTI, LLP
CASE NO. 8:17-BK-11961-CB
STATMENT OF FINANCIAL AFFAIRS
QUESTION 4

| DATE | PAYEE | RELATIONSHIP | ADDRESS | AMOUNT | REASON |
|------|-------|--------------|---------|--------|--------|
| 5/23/2016 | Andrew Stolper | Partner* | 19800 MacArthur Blvd., Suite 855 Irvine, CA 92612 | $500,000.00 | Loan Repayment |
| 5/16/2006 | Andrew Stolper | Partner* | 19800 MacArthur Blvd., Suite 855 Irvine, CA 92612 | $824.61 | Expense Reimbursement |
| 5/20/2016 | Scott Sims | Partner* | 19800 MacArthur Blvd., Suite 855 Irvine, CA 92612 | $6,426.27 | Expense Reimbursement |
| 5/16/2016 | Jason Frank | Partner* | 19800 MacArthur Blvd., Suite 855 Irvine, CA 92612 | $597.79 | Expense Reimbursement |
| 4/22/2016 | People's Bank | Lender | 152 Lameuse St. Biloxi, MS 39530 | $331,000.00 | Loan Repayment (Personally Guaranteed by MJA) |
| 3/23/2016 | Michael Q. Eagan | Partner | 520 Newport Center Drive, Suite 1400 Newport Beach, CA 92660 | $1,262.71 | Expense Reimbursement |
| 6/10/2016 | Michael Q. Eagan | Partner | 520 Newport Center Drive, Suite 1400 Newport Beach, CA 92660 | $1,615.90 | Expense Reimbursement |
| 6/21/2016 | Michael Q. Eagan | Partner | 520 Newport Center Drive, Suite 1400 Newport Beach, CA 92660 | $946.13 | Expense Reimbursement |
| 9/13/2016 | Michael Q. Eagan | Partner | 520 Newport Center Drive, Suite 1400 Newport Beach, CA 92660 | $1,980.98 | Expense Reimbursement |

EAGAN AVENATTI, LLP
CASE NO. 8:17-BK-11961-CB
STATEMENT OF FINANCIAL AFFAIRS
QUESTION 4

| DATE | PAYEE | RELATIONSHIP | ADDRESS | AMOUNT | REASON |
|------|-------|--------------|---------|--------|--------|
| 11/3/2016 | Michael Q. Eagan | Partner | 520 Newport Center Drive, Suite 1400 Newport Beach, CA 92660 | $1,837.04 | Expense Reimbursement |
| 5/23/2016 | Michael J. Avenatti | Partner | 520 Newport Center Drive, Suite 1400 Newport Beach, CA 92660 | $220,000.00 | Loan Repayment |
| 8/1/2016 | Michael J. Avenatti | Partner | 520 Newport Center Drive, Suite 1400 Newport Beach, CA 92660 | $30,000.00 | Loan Repayment |
| 9/9/2016 | Michael J. Avenatti | Partner | 520 Newport Center Drive, Suite 1400 Newport Beach, CA 92660 | $545,000.00 | Loan Repayment |
| 11/3/2016 | Michael J. Avenatti | Partner | 520 Newport Center Drive, Suite 1400 Newport Beach, CA 92660 | $250,000.00 | Loan Repayment |
| 12/7/2016 | Michael J. Avenatti | Partner | 520 Newport Center Drive, Suite 1400 Newport Beach, CA 92660 | $247,000.00 | Loan Repayment |
| 12/23/2106 | Michael J. Avenatti | Partner | 520 Newport Center Drive, Suite 1400 Newport Beach, CA 92660 | $30,000.00 | Loan Repayment |

EAGAN AVENATTI, LLP
CASE NO. 8:17-BK-11961-CB
STATMENT OF FINANCIAL AFFAIRS
QUESTION 4

| DATE | PAYEE | RELATIONSHIP | ADDRESS | AMOUNT | REASON |
|------|-------|--------------|---------|--------|--------|
| 1/20/2017 | Michael J. Avenatti | Partner | 520 Newport Center Drive, Suite 1400 Newport Beach, CA 92660 | $2,680.00 | Expense Reimbursement |
| 1/20/2017 | Michael J. Avenatti | Partner | 520 Newport Center Drive, Suite 1400 Newport Beach, CA 92660 | $130,000.00 | Loan Repayment |

*Jason Frank, Andrew Stolper and Scott Sims held themselves out as "Partners" of the Debtor at all relevant times.  EA reserves all rights associated with this claim.

Case 8:17-bk-11961-CB   Doc 109   Filed 07/13/17   Entered 07/13/17 17:09:27   Desc
Main Document   Page 16 of 23

# SOFA

# QUESTION 30

EAGAN AVENATTI, LLP
CASE NO. 8:17-BK-11961-CB
STATEMENT OF FINANCIAL AFFAIRS
QUESTION 30

| DATE | PAYEE | RELATIONSHIP | ADDRESS | AMOUNT | REASON |
|------|-------|--------------|---------|--------|--------|
| 3/15/2016 | Jason Frank | Partner* | 19800 MacArthur Blvd., Suite 855 Irvine, CA 92612 | $14,583.33 | Compensation; Salary |
| 3/31/2016 | Jason Frank | Partner* | 19800 MacArthur Blvd., Suite 855 Irvine, CA 92612 | $14,583.33 | Compensation; Salary |
| 4/15/2016 | Jason Frank | Partner* | 19800 MacArthur Blvd., Suite 855 Irvine, CA 92612 | $14,583.33 | Compensation; Salary |
| 4/29/2016 | Jason Frank | Partner* | 19800 MacArthur Blvd., Suite 855 Irvine, CA 92612 | $14,583.33 | Compensation; Salary |
| 5/13/2016 | Jason Frank | Partner* | 19800 MacArthur Blvd., Suite 855 Irvine, CA 92612 | $14,583.33 | Compensation; Salary |
| 5/24/2016 | Jason Frank | Partner* | 19800 MacArthur Blvd., Suite 855 Irvine, CA 92612 | $14,583.33 | Compensation; Salary |
| 5/9/2016 | Jason Frank | Partner* | 19800 MacArthur Blvd., Suite 855 Irvine, CA 92612 | $4,151,000.00 | Fees From Spound Matter Due EA |
| 3/1/2016 | Blue Cross | Insurer | P.O. Box 54630  Los Angeles, CA 90054-0639 | $5,306.16 | Health Insurance March-June 2016 Frank (See Attached) |
| 3/1/2016 | Blue Cross | Insurer | P.O. Box 54630  Los Angeles, CA 90054-0639 | $4,891.00 | Health Insurance March-June 2016 Sims (See Attached) |
| 3/1/2016 | Blue Cross | Insurer | P.O. Box 54630  Los Angeles, CA 90054-0639 | $18,798.80 | Health Insurance March-December 2016 Avenatti |
| 1/1/2017 | Blue Cross | Insurer | P.O. Box 54630  Los Angeles, CA 90054-0639 | $5,437.83 | Health Insurance January-March 2017 Avenatti |
| 5/23/2016 | Andrew Stolper | Partner* | 19800 MacArthur Blvd., Suite 855 Irvine, CA 92612 | $35,000.00 | Compensation; Salary |

EAGAN AVENATTI, LLP
CASE NO. 8:17-BK-11961-CB
STATEMENT OF FINANCIAL AFFAIRS
QUESTION 30

| DATE | PAYEE | RELATIONSHIP | ADDRESS | AMOUNT | REASON |
|------|-------|--------------|---------|--------|--------|
| 8/15/2016 | Andrew Stolper | Partner* | 19800 MacArthur Blvd, Suite 855 Irvine, CA 92612 | $35,000.00 | Compensation; Salary |
| 3/15/2016 | Andrew Stolper | Partner* | 19800 MacArthur Blvd, Suite 855 Irvine, CA 92612 | $12,500.00 | Compensation; Salary |
| 3/31/2016 | Andrew Stolper | Partner* | 19800 MacArthur Blvd, Suite 855 Irvine, CA 92612 | $12,500.00 | Compensation; Salary |
| 4/15/2016 | Andrew Stolper | Partner* | 19800 MacArthur Blvd, Suite 855 Irvine, CA 92612 | $12,500.00 | Compensation; Salary |
| 4/29/2016 | Andrew Stolper | Partner* | 19800 MacArthur Blvd, Suite 855 Irvine, CA 92612 | $12,500.00 | Compensation; Salary |
| 5/13/2016 | Andrew Stolper | Partner* | 19800 MacArthur Blvd, Suite 855 Irvine, CA 92612 | $12,500.00 | Compensation; Salary |
| 5/31/2016 | Andrew Stolper | Partner* | 19800 MacArthur Blvd, Suite 855 Irvine, CA 92612 | $12,500.00 | Compensation; Salary |
| 3/15/2016 | Scott Sims | Partner* | 19800 MacArthur Blvd, Suite 855 Irvine, CA 92612 | $12,500.00 | Compensation; Salary |
| 3/31/2016 | Scott Sims | Partner* | 19800 MacArthur Blvd, Suite 855 Irvine, CA 92612 | $12,500.00 | Compensation; Salary |
| 4/15/2016 | Scott Sims | Partner* | 19800 MacArthur Blvd, Suite 855 Irvine, CA 92612 | $12,500.00 | Compensation; Salary |
| 4/29/2016 | Scott Sims | Partner* | 19800 MacArthur Blvd, Suite 855 Irvine, CA 92612 | $12,500.00 | Compensation; Salary |
| 5/13/2016 | Scott Sims | Partner* | 19800 MacArthur Blvd, Suite 855 Irvine, CA 92612 | $12,500.00 | Compensation; Salary |

EAGAN AVENATTI, LLP
CASE NO. 8:17-BK-11961-CB
STATEMENT OF FINANCIAL AFFAIRS
QUESTION 30

| DATE | PAYEE | RELATIONSHIP | ADDRESS | AMOUNT | REASON |
|------|-------|--------------|---------|--------|--------|
| 5/24/2016 | Scott Sims | Partner* | 19800 MacArthur Blvd., Suite 855 Irvine, CA 92612 | $5,769.23 | Compensation; Salary |
| 3/24/2016 | Michael J. Avenatti | Partner | 520 Newport Center Drive, Suite 1400 Newport Beach, CA 92660 | $22,000.00 | Compensation; Origination Fees |
| 3/29/2016 | Michael J. Avenatti | Partner | 520 Newport Center Drive, Suite 1400 Newport Beach, CA 92660 | $22,000.00 | Compensation; Origination Fees |
| 5/2/2016 | Michael J. Avenatti | Partner | 520 Newport Center Drive, Suite 1400 Newport Beach, CA 92660 | $40,000.00 | Compensation; Origination Fees |
| 5/3/2016 | Michael J. Avenatti | Partner | 520 Newport Center Drive, Suite 1400 Newport Beach, CA 92660 | $50,000.00 | Compensation; Origination Fees |
| 6/10/2016 | Michael J. Avenatti | Partner | 520 Newport Center Drive, Suite 1400 Newport Beach, CA 92660 | $718,000.00 | Compensation; Origination Fees; Repayment |
| 8/1/2016 | Michael J. Avenatti | Partner | 520 Newport Center Drive, Suite 1400 Newport Beach, CA 92660 | $50,000.00 | Compensation; Origination Fees |
| 12/23/2016 | Michael J. Avenatti | Partner | 520 Newport Center Drive, Suite 1400 Newport Beach, CA 92660 | $30,000.00 | Compensation; Origination Fees |
| 1/20/2017 | Michael J. Avenatti | Partner | 520 Newport Center Drive, Suite 1400 Newport Beach, CA 92660 | $130,000.00 | Compensation; Origination Fees |

EAGAN AVENATTI, LLP
CASE NO. 8:17-BK-11961-CB
STATEMENT OF FINANCIAL AFFAIRS
QUESTION 30

| DATE | PAYEE | RELATIONSHIP | ADDRESS | AMOUNT | REASON |
|------|-------|-------------|---------|--------|--------|
| 2/6/2017 | Michael J. Avenatti | Partner | 520 Newport Center Drive, Suite 1400 Newport Beach, CA 92660 | $37,000.00 | Compensation; Origination Fees |

*Jason Frank, Andrew Stolper and Scott Sims held themselves out as "Partners" of the Debtor at all relevant times. EA reserves all rights associated with this claim

## Judy K. Regnier

| | |
|---|---|
| **From:** | Judy K. Regnier |
| **Sent:** | Monday, June 06, 2016 7:04 AM |
| **To:** | jasonfranklaw@        jfrank@ |
| **Cc:** | Michael J. Avenatti |
| **Subject:** | Insurance |

Jason –

Good morning.  Just a head's up on a couple of insurance issues.

Michael had me keep the health insurance in place for you and Scott and your families through the end of June, which I did.  He also had me keep Maritza's in place.  But I have to notify them that it should be cancelled as of the end of this month.  They will then contact you about Cobra, etc. Wanted to make sure you were taking steps to get health coverage for you and the others.

I also have to notify the malpractice carrier that you, Scott and Andrew are no longer covered (but Andrew will be covered on the hours he works on KC).  You probably already put a policy in place but because of the bar rule on notifying clients when you do not have malpractice coverage, I wanted to make sure you knew this was happening.

Best,

Judy

Judy K. Regnier, CLA
Eagan Avenatti, LLP
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
(949) 706-7000
(877) 651-6134
(949) 706-7050 fax
jregnier@eaganavenatti.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

## GENERAL NOTES TO STATEMENT OF FINANCIAL AFFAIRS

     Eagan Avenatti, LLP, as debtor and debtor in possession (the "Debtor") submits its amended and restated Statement of Financial Affairs (the "Statement") pursuant to 11 U.S.C. § 521(a)(1)(B)(iii), Federal Rule of Bankruptcy Procedure 1007(b)(1)(D) and Local Bankruptcy Rule 1007-1(c).

     The Statement contains information as of March 10, 2017, the date the order for relief was entered in this chapter 11 case. The Statement has been prepared by the Debtor's management and is unaudited. While management of the Debtor has endeavored to ensure that the Statement is accurate and complete based on information that was available at the time of preparation, the subsequent receipt of information may result in material changes (both positive and negative) in data contained in the Statement, which would warrant further amendment of same. Additionally, while the Debtor has endeavored to file a complete and accurate Statement, inadvertent errors or omissions may exist. Accordingly, the Debtor reserves the right to further amend its Statement as necessary or appropriate and expects it will do so as information becomes available or corrections are found to be needed.

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Eagan Avenatti, LLP |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | 8:17-bk-11961-CB |

☒ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration    Amended Statement of Financial Affairs

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    July 13, 2017       X _____
                                    Signature of individual signing on behalf of debtor

                                    Michael J. Avenatti
                                    Printed name

                                    Managing Partner
                                    Position or relationship to debtor

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com

**SENTENCING EXHIBIT 37**

Case 8:17-bk-11961-CB   Doc 200   Filed 10/16/17   Entered 10/16/17 15:25:11   Desc
#24882   Page 1 of 39

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
CENTRAL DISTRICT OF CALIFORNIA

| In Re:<br><br>EAGAN AVENATTI, LLP<br><br>Debtor(s). | CHAPTER 11 (BUSINESS)<br><br>Case Number: 8:17-bk-11961-CB<br>Operating Report Number: 7<br>For the Month Ending: 9/1/2017 - 9/30/2017 |
|---|---|

## I. CASH RECEIPTS AND DISBURSEMENTS
## A. (GENERAL ACCOUNT*)

1. TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS — 1,472,254.55

2. LESS: TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL ACCOUNT REPORTS — 1,467,657.14

3. BEGINNING BALANCE: — 4,597.41

4. RECEIPTS DURING CURRENT PERIOD:
   Accounts Receivable - Post-filing — 829,635.28
   Accounts Receivable - Pre-filing
   General Sales
   Other (Specify)
   **Other (Specify)

   TOTAL RECEIPTS THIS PERIOD: — 829,635.28

5. BALANCE: — 834,232.69

6. LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
   Transfers to Other DIP Accounts (from page 2) — 234,500.00
   Disbursements (from page 2) — 356,323.00

   TOTAL DISBURSEMENTS THIS PERIOD:*** — 590,823.00

7. ENDING BALANCE: — 243,409.69

8. General Account Number(s): — 313

   Depository Name & Location: — California Bank & Trust
   Irvine, CA

---

* All receipts must be deposited into the general account.
** Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold,
   to whom, terms, and date of Court Order or Report of Sale.
***This amount should be the same as the total from page 2.

TOTAL DISBURSEMENTS FROM DIP GENERAL ACCOUNT 0313 FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee or DIP account | Purpose | *Amount Transfered | **Amount Disbursed | Amount |
|---|---|---|---|---|---|---|
| 9/1/2017 | ACH | Blue Cross | Insurance | | 12,488.93 | 12,488.93 |
| 9/7/2017 | 1049 | US Attorney's Office | Taxes | | 12,474.54 | 12,474.54 |
| 9/14/2017 | 1050 | Ace Parking | Rent | | 2,200.00 | 2,200.00 |
| 9/15/2017 | ACH | Verizon | Telephone | | 993.23 | 993.23 |
| 9/15/2017 | TRANS | DIP 0321 Payroll | Payroll | 48,000.00 | | 48,000.00 |
| 9/18/2017 | ACH | Cox | Telephone | | 3,934.40 | 3,934.40 |
| 9/18/2017 | ACH | Cox | Telephone | | 547.20 | 547.20 |
| 9/18/2017 | 9999 | The Irvine Company | Rent | | 105,000.00 | 105,000.00 |
| 9/19/2017 | ACH | Staples | Supplies | | 5,626.66 | 5,626.66 |
| 9/19/2017 | ACH | Cox | Telephone | | 1,983.01 | 1,983.01 |
| 9/19/2017 | ACH | Verizon | Telephone | | 1,022.04 | 1,022.04 |
| 9/19/2017 | ACH | Blue Cross | Insurance | | 12,488.93 | 12,488.93 |
| 9/19/2017 | 1051 | ADR | Case Related Costs | | 7,695.00 | 7,695.00 |
| 9/19/2017 | 1052 | Nationwide | Case Related Costs | | 10,000.00 | 10,000.00 |
| 9/19/2017 | 1053 | GMGS | Insurance | | 12,562.00 | 12,562.00 |
| 9/19/2017 | 1054 | Martindale | Office | | 1,279.00 | 1,279.00 |
| 9/19/2017 | 1055 | Ace Parking | Rent | | 1,790.00 | 1,790.00 |
| 9/19/2017 | 1057 | Alderson | Case Related Costs | | 25.00 | 25.00 |
| 9/19/2017 | 1058 | Allied Universal | Telephone | | 200.00 | 200.00 |
| 9/19/2017 | 1061 | Brocker | Case Related Costs | | 2,242.02 | 2,242.02 |
| 9/19/2017 | 1062 | Burlington | Case Related Costs | | 286.94 | 286.94 |
| 9/19/2017 | 1065 | Central | Telephone | | 318.00 | 318.00 |
| 9/19/2017 | 1066 | Citron | Case Related Costs | | 562.00 | 562.00 |
| 9/19/2017 | 1067 | Esner | Case Related Costs | | 1,555.43 | 1,555.43 |
| 9/19/2017 | 1068 | Gass Weber | Case Related Costs | | 1,219.02 | 1,219.02 |
| 9/19/2017 | 1069 | Hahn Bowersock | Case Related Costs | | 903.10 | 903.10 |
| 9/19/2017 | 1070 | iManage | Computer | | 1,481.31 | 1,481.31 |
| 9/19/2017 | TRANS | DIP 0339 Taxes | Payroll Taxes | 133,500.00 | | 133,500.00 |
| 9/20/2017 | 1071 | Competition | Case Related Costs | | 19,647.58 | 19,647.58 |
| 9/20/2017 | 1073 | Cynthia | Case Related Costs | | 50.00 | 50.00 |
| 9/20/2017 | 1074 | D.O.S. | Maintenance/Supplies | | 875.00 | 875.00 |
| 9/20/2017 | 1075 | International | Rent | | 5,364.06 | 5,364.06 |
| 9/20/2017 | 1076 | James Cameron | Case Related Costs | | 67.74 | 67.74 |
| 9/20/2017 | 1077 | Judy Regnier | Supplies | | 23.75 | 23.75 |
| 9/20/2017 | 1078 | KNJ | Case Related Costs | | 5,000.00 | 5,000.00 |
| 9/20/2017 | 1079 | LabCorp | Case Reated Costs | | 40.00 | 40.00 |
| 9/20/2017 | 1080 | Nationwide | Case Related Costs | | 3,912.82 | 3,912.82 |
| 9/20/2017 | 1082 | Paperstreet | Office | | 90.00 | 90.00 |
| 9/20/2017 | 1083 | Pitney Bowes | Office | | 1,138.25 | 1,138.25 |
| 9/20/2017 | 1084 | Personal Court | Case Related Costs | | 12,913.21 | 12,913.21 |
| 9/20/2017 | 1085 | Ricoh | Office | | 4,273.22 | 4,273.22 |
| 9/20/2017 | 1086 | Shred It | Office | | 1,354.72 | 1,354.72 |
| 9/20/2017 | 1087 | Tabs | Maintenance/Supplies | | 770.00 | 770.00 |
| 9/20/2017 | 1088 | Thomson West | Case Related Costs | | 5,660.46 | 5,660.46 |
| 9/20/2017 | 1089 | Veritext | Case Related Costs | | 1,231.10 | 1,231.10 |
| 9/20/2017 | 1090 | Ahmed Ibrahim | Case Related Costs | | 271.96 | 271.96 |
| 9/20/2017 | 1091 | AT&T | Telephone | | 67.22 | 67.22 |
| 9/20/2017 | 1092 | Bactes | Case Related Costs | | 433.51 | 433.51 |
| 9/20/2017 | 1093 | CCROLA | Case Related Costs | | 78.00 | 78.00 |
| 9/20/2017 | 1094 | Centext | Case Related Costs | | 354.20 | 354.20 |
| 9/20/2017 | 1095 | County of Orange | Taxes | | 1,821.66 | 1,821.66 |
| 9/20/2017 | 1096 | Pansky Marble | Case Related Costs | | 676.65 | 676.65 |
| 9/20/2017 | 1097 | Safina Motiwala | Case Related Costs | | 2,500.00 | 2,500.00 |
| 9/20/2017 | 1098 | Ryan E. Goble | Case Related Costs | | 275.00 | 275.00 |
| 9/20/2017 | 1099 | Personal Court | Case Related Costs | | 5,862.07 | 5,862.07 |
| 9/22/2017 | 1101 | Brocker | | | 3,877.50 | 3,877.50 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 9/22/2017 | 1102 | Collision and Injury | | | 1,368.00 | 1,368.00 |
| 9/22/2017 | 1103 | D.O.S. | Maintenance/Supplies | | 437.50 | 437.50 |
| 9/22/2017 | 1104 | First Insurance | Insurance | | 5,437.15 | 5,437.15 |
| 9/22/2017 | 1105 | Hahn Bowersock | | | 721.00 | 721.00 |
| 9/22/2017 | 1106 | JAG | | | 1,137.50 | 1,137.50 |
| 9/22/2017 | 1107 | Kelly | | | 3,650.00 | 3,650.00 |
| 9/22/2017 | 1108 | KNJ | | | 17,693.47 | 17,693.47 |
| 9/22/2017 | 1109 | Nationwide | | | 3,556.62 | 3,556.62 |
| 9/22/2017 | 1110 | Ricoh | Office | | 4,273.22 | 4,273.22 |
| 9/22/2017 | 1111 | Veritext | | | 608.00 | 608.00 |
| 9/22/2017 | 1112 | US Attorney's Office | Taxes | | 12,475.54 | 12,475.54 |
| 9/22/2017 | 1113 | Collision and Injury | | | 2,905.30 | 2,905.30 |
| 9/22/2017 | 1114 | Forensic Consultants | | | 1,352.50 | 1,352.50 |
| 9/22/2017 | 1115 | HSNO | | | 1,125.00 | 1,125.00 |
| 9/22/2017 | 1116 | Dr. Kawai | | | 10,100.00 | 10,100.00 |
| 9/22/2017 | 1117 | Rest Your Case | | | 1,350.00 | 1,350.00 |
| 9/22/2017 | 1118 | The Neurobehavorial | | | 1,417.00 | 1,417.00 |
| 9/22/2017 | 1119 | Veritext | | | 959.80 | 959.80 |
| 9/22/2017 | 1120 | International | Rent | | 5,900.46 | 5,900.46 |
| 9/22/2017 | TRANS | DIP 0321 Payroll | Payroll | 53,000.00 | | 53,000.00 |
| 9/30/2017 | ACH | CBT | Bank Service Charge | | 347.50 | 347.50 |
| | | | | | | 0.00 |
| | | | | | | 0.00 |
| | | TOTAL DISBURSEMENTS THIS PERIOD: | | 234,500.00 | 356,323.00 | $590,823.00 |

\* Fill in amounts in this column if they are TRANSFERS to another DIP account (e.g. Payroll or Tax); the "amount" column will
be filled in for you.

\*\* Fill in amounts in this column if they are DISBURSEMENTS to outside payees; the "amount" column will be filled in for you.

## GENERAL ACCOUNT DIP 0313
## BANK RECONCILIATION

| Bank statement Date: | 9/29/2017 | Balance on Statement: | $276,198.32 |
|---|---|---|---|

Plus deposits in transit (a):

| | Deposit Date | Deposit Amount | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

| TOTAL DEPOSITS IN TRANSIT | | | 0.00 |
|---|---|---|---|

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| 1057 | 9/19/2017 | 25.00 |
| 1062 | 9/19/2017 | 286.94 |
| 1067 | 9/19/2017 | 1,555.43 |
| 1069 | 9/19/2017 | 903.10 |
| 1073 | 9/20/2017 | 25.00 |
| 1079 | 9/20/2017 | 40.00 |
| 1092 | 9/20/2017 | 433.51 |
| 1093 | 9/20/2017 | 78.00 |
| 1094 | 9/20/2017 | 354.20 |
| 1098 | 9/20/2017 | 275.00 |
| 1102 | 9/22/2017 | 1,368.00 |
| 1105 | 9/22/2017 | 721.00 |
| 1112 | 9/22/2017 | 12,475.54 |
| 1113 | 9/22/2017 | 2,905.30 |
| 1114 | 9/22/2017 | 1,352.50 |
| 1117 | 9/22/2017 | 1,350.00 |

| TOTAL OUTSTANDING CHECKS: | | | 24,148.52 |
|---|---|---|---|

Bank statement Adjustments:
Explanation of Adjustments-

| |
|---|
| |

| ADJUSTED BANK BALANCE: | | | $252,049.80 |
|---|---|---|---|

\* It is acceptable to replace this form with a similar form
\*\* Please attach a detailed explanation of any bank statement adjustment

# I. CASH RECEIPTS AND DISBURSEMENTS
## B. (PAYROLL ACCOUNT)

| | | |
|---|---|---|
| 1. TOTAL RECEIPTS PER ALL PRIOR PAYROLL ACCOUNT REPORTS | | 352,610.00 |
| 2. LESS: TOTAL DISBURSEMENTS PER ALL PRIOR PAYROLL ACCOUNT REPORTS | | 351,933.10 |
| 3. BEGINNING BALANCE: | | 676.90 |
| 4. RECEIPTS DURING CURRENT PERIOD: (Transferred from General Account) | | 101,000.00 |
| 5. BALANCE: | | 101,676.90 |
| 6. LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD TOTAL DISBURSEMENTS THIS PERIOD:*** | | 98,085.83 |
| 7. ENDING BALANCE: | | 3,591.07 |

8. PAYROLL Account Number(s):    O321

Depository Name & Location:    California Bank & Trust
Irvine, CA

PAYROLL ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
| 9/1/2017 | ACH | CBT | Bank Account Charge | 108.00 |
| 9/12/2017 | ACH | Paychex | Payroll Expenses | 204.65 |
| 9/15/2017 | 52479 | Emily Abbinanti | Payroll | 669.08 |
| 9/15/2017 | 52480 | John N. Arden | Payroll | 6,048.29 |
| 9/15/2017 | 52481 | Natalia Bonilla | Payroll | 2,377.73 |
| 9/15/2017 | 52482 | Thomas Cassaro | Payroll | 2,023.99 |
| 9/15/2017 | 52483 | Carlos Colorado | Payroll | 6,464.39 |
| 9/15/2017 | 52484 | Alfredo Garcia | 1099 Payroll | 1,800.00 |
| 9/15/2017 | 52485 | Maria A. Garcia | Payroll | 3,881.08 |
| 9/15/2017 | 52486 | Thomas E. Gray | Payroll | 2,188.63 |
| 9/15/2017 | 52487 | Ahmed I. Ibrahim | Payroll | 8,321.80 |
| 9/15/2017 | 52488 | Judy K. Regnier | Payroll | 5,611.34 |
| 9/15/2017 | 52489 | Damon L. Rogers | Payroll | 2,540.00 |
| 9/15/2017 | 52490 | Katherine Sneddon | Payroll | 1,874.88 |
| 9/15/2017 | 52491 | Hillary Wollett | Payroll | 1,568.24 |
| 9/15/2017 | ACH | John Hancock | Employee 401k Contributions | 2,207.49 |
| 9/29/2017 | 52492 | Emily Abbinanti | Payroll | 607.78 |
| 9/29/2017 | 52493 | John N. Arden | Payroll | 6,261.15 |
| 9/29/2017 | 52494 | Natalia Bonilla | Payroll | 2,377.73 |
| 9/29/2017 | 52495 | Thomas Cassaro | Payroll | 2,024.01 |
| 9/29/2017 | 52496 | Carlos Colorado | Payroll | 6,464.39 |
| 9/29/2017 | 52497 | Michael A. Garcia | Payroll | 2,954.53 |
| 9/29/2017 | 52498 | Alfredo Garcia | 1099 Payroll | 1,800.00 |
| 9/29/2017 | 52499 | Maria A. Garcia | Payroll | 3,881.08 |
| 9/29/2017 | 52500 | Thomas E. Gray | Payroll | 2,188.62 |
| 9/29/2017 | 52501 | Ahmed I. Ibrahim | Payroll | 8,321.80 |
| 9/29/2017 | 52502 | Judy K. Regnier | Payroll | 5,611.35 |
| 9/29/2017 | 52503 | Damon L. Rogers | Payroll | 2,540.01 |
| 9/29/2017 | 52504 | Katherine Sneddon | Payroll | 2,012.56 |
| 9/29/2017 | 52505 | Hillary Wollett | Payroll | 1,457.55 |
| 9/29/2017 | ACH | John Hancock | Employee 401k Contributions | 1,693.68 |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 98,085.83 |

PAYROLL ACCOUNT
BANK RECONCILIATION

| Bank statement Date: | 9/29/2017 | Balance on Statement: | $34,903.33 |
|---|---|---|---|

Plus deposits in transit (a):

| | Deposit Date | Deposit Amount | |
|---|---|---|---|
| | | | |

| TOTAL DEPOSITS IN TRANSIT | | | 0.00 |
|---|---|---|---|

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| ACH | 9/29/2017 | 1,693.68 |
| 52492 | 9/29/2017 | 607.78 |
| 52496 | 9/29/2017 | 6,464.39 |
| 52497 | 9/29/2017 | 2,954.53 |
| 52500 | 9/29/2017 | 2,188.62 |
| 52501 | 9/29/2017 | 8,321.80 |
| 52502 | 9/29/2017 | 5,611.35 |
| 52504 | 9/29/2017 | 2,012.56 |
| 52505 | 9/29/2017 | 1,457.55 |

| TOTAL OUTSTANDING CHECKS: | | | 31,312.26 |
|---|---|---|---|

Bank statement Adjustments:
Explanation of Adjustments-

| ADJUSTED BANK BALANCE: | | | $3,591.07 |
|---|---|---|---|

* It is acceptable to replace this form with a similar form
** Please attach a detailed explanation of any bank statement adjustment

## I. CASH RECEIPTS AND DISBURSEMENTS
### C. (TAX ACCOUNT)

1.  TOTAL RECEIPTS PER ALL PRIOR TAX ACCOUNT REPORTS          92,440.00

2.  LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR TAX          92,398.08
ACCOUNT REPORTS

3.  BEGINNING BALANCE:          41.92

4.  RECEIPTS DURING CURRENT PERIOD:          133,500.00
    (Transferred from General Account)

5.  BALANCE:          133,541.92

6.  LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
    TOTAL DISBURSEMENTS THIS PERIOD:***          133,315.23

7.  ENDING BALANCE:          226.69

8. TAX Account Number(s):          O339

   Depository Name & Location:          California Bank & Trust
                                        Irvine, CA

TOTAL DISBURSEMENTS FROM TAX ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
| 9/19/2017 | ACH | EDD | State Payroll Tax | 4,352.42 |
| 9/19/2017 | ACH | EDD | State Payroll Tax | 4,371.32 |
| 9/19/2017 | ACH | EDD | State Payroll Tax | 4,448.00 |
| 9/19/2017 | ACH | EDD | State Payroll Tax | 4,464.18 |
| 9/19/2017 | ACH | EDD | State Payroll Tax | 4,467.41 |
| 9/19/2017 | ACH | EDD | State Payroll Tax | 4,709.37 |
| 9/19/2017 | ACH | EFTPS | Fed Payroll Tax | 16,086.12 |
| 9/19/2017 | ACH | EFTPS | Fed Payroll Tax | 16,219.52 |
| 9/19/2017 | ACH | EFTPS | Fed Payroll Tax | 17,357.21 |
| 9/19/2017 | ACH | EFTPS | Fed Payroll Tax | 17,736.82 |
| 9/19/2017 | ACH | EFTPS | Fed Payroll Tax | 19,086.90 |
| 9/19/2017 | ACH | EFTPS | Fed Payroll Tax | 20,005.96 |
| 9/29/2017 | ACH | CBT | Bank Fee | 10.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 133,315.23 |

# TAX ACCOUNT
# BANK RECONCILIATION

Bank statement Date:  _____9/29/2017  Balance on Statement:  _____$226.69

Plus deposits in transit (a):

| Deposit Date | Deposit Amount |
| --- | --- |
| | |
| | |
| | |
| | |
| | |

TOTAL DEPOSITS IN TRANSIT                                    0.00

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
| --- | --- | --- |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

TOTAL OUTSTANDING CHECKS:                                    0.00

Bank statement Adjustments:                        _____
Explanation of Adjustments-

ADJUSTED BANK BALANCE:                                    $226.69

\* It is acceptable to replace this form with a similar form
\*\* Please attach a detailed explanation of any bank statement adjustment

## I. D SUMMARY SCHEDULE OF CASH

### ENDING BALANCES FOR THE PERIOD:

(Provide a copy of monthly account statements for each of the below)

|  |  |
|---|---|
| General Account: | 276,198.32 |
| Payroll Account: | 34,903.33 |
| Tax Account: | 226.69 |

*Other Accounts:

*Other Monies:

| **Petty Cash (from below): | 0.00 |
|---|---|

### TOTAL CASH AVAILABLE:

| | 311,328.34 |
|---|---|

### Petty Cash Transactions:

| Date | Purpose | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

### TOTAL PETTY CASH TRANSACTIONS:

| | 0.00 |
|---|---|

* Specify the Type of holding (e.g. CD, Savings Account, Investment Security), and the depository name, location & account#
** Attach Exhibit Itemizing all petty cash transactions

II. STATUS OF PAYMENTS TO SECURED CREDITORS, LESSORS
AND OTHER PARTIES TO EXECUTORY CONTRACTS

| Creditor, Lessor, Etc. | Frequency of Payments (Mo/Qtr) | Amount of Payment | Post-Petition payments not made (Number) | Total Due |
|---|---|---|---|---|
| The Irvine Company | Mo | 1,332.00 | 0 | 0.00 |
| The Irvine Company | Mo | 128.00 | 0 | 0.00 |
| The Irvine Company | Mo | 51,931.00 | 0 | 0.00 |
| Ace Parking | Mo | 2,000.00 | 0 | 0.00 |
| Int'l Church of Foursquar | Mo | 4,845.29 | 0 | 0.00 |
| Ricoh | Mo | 2,136.61 | 0 | 0.00 |
| Pitney Bowes | Qtr | 421.26 | 0 | 0.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DUE: | 0.00 |

III. TAX LIABILITIES

FOR THE REPORTING PERIOD:

Gross Sales Subject to Sales Tax:  0.00
Total Wages Paid:  135,158.79

| | Total Post-Petition Amounts Owing | Amount Delinquent | Date Delinquent Amount Due |
|---|---|---|---|
| Federal Withholding | 12,107.63 | | |
| State Withholding | 4,726.46 | | |
| FICA- Employer's Share | 2,714.03 | | |
| FICA- Employee's Share | 2,826.52 | | |
| Federal Unemployment | | | |
| Sales and Use | | | |
| Real Property | | | |
| Other: | | | |
| TOTAL: | 22,374.64 | 0.00 | |

## IV. AGING OF ACCOUNTS PAYABLE AND RECEIVABLE

|  | *Accounts Payable Post-Petition | Accounts Receivable Pre-Petition | Accounts Receivable Post-Petition |
|---|---|---|---|
| 30 days or less | 21,215.18 | | |
| 31 - 60 days | 22,646.74 | | |
| 61 - 90 days | 5,496.72 | | |
| 91 - 120 days | 36,867.34 | | |
| Over 120 days | | | |
| TOTAL: | 86,225.98 | 0.00 | 0.00 |

## V. INSURANCE COVERAGE

|  | Name of Carrier | Amount of Coverage | Policy Expiration Date | Premium Paid Through (Date) |
|---|---|---|---|---|
| General Liability | The Hartford | | 8/20/2018 | 10/20/2017 |
| Worker's Compensation | The Hartford | | 8/20/2018 | 10/20/2017 |
| Malpractice | New York Marine | 3m | 8/20/2018 | 10/20/2017 |
| Vehicle | | | | |
| Others: | | | | |
|  | | | | |

## VI. UNITED STATES TRUSTEE QUARTERLY FEES
## (TOTAL PAYMENTS)

| Quarterly Period Ending (Date) | Total Disbursements | Quarterly Fees | Date Paid | Amount Paid | Quarterly Fees Still Owing |
|---|---|---|---|---|---|
| 31-Mar-2017 | 160,872.00 | 1,625.00 | | 1,625.00 | 0.00 |
| 30-Jun-2017 | 838,087.06 | 4,875.00 | | 4,875.00 | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | 6,500.00 | | | 6,500.00 | 0.00 |

* Some of these accounts payable were for goods or services obtained prior to March 10, 2017.

## VII SCHEDULE OF COMPENSATION PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | *Authorized Gross Compensation | Gross Compensation Paid During the Month |
|---|---|---|---|
| | | | NONE |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## VIII. SCHEDULE OF OTHER AMOUNTS PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | Description | Amount Paid During the Month |
|---|---|---|---|
| | | | NONE |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

* Please indicate how compensation was identified in the order (e.g. $1,000/week, $2,500/month)

## IX. PROFIT AND LOSS STATEMENT
### (ACCRUAL BASIS ONLY)

|  | Current Month | Cumulative Post-Petition |
|---|---|---|
| Sales/Revenue: | | |
| Gross Accounts Receivable | 829,635.28 | 19,019,059.83 |
| Other - Accrued Legal Fees | | 1,907,400.00 |
| Revenue | 829,635.28 | 20,626,459.83 |
| Cost of Goods Sold: | | |
| Beginning Inventory at cost | | |
| Purchases | | |
| Less: Ending Inventory at cost | | |
| Cost of Goods Sold (COGS) | 0.00 | 0.00 |
| Gross Profit | 829,635.28 | 20,626,459.83 |
| Other Operating Income (Itemize) | | |
| Operating Expenses: | | |
| Payroll - Insiders | 0.00 | 0.00 |
| Payroll - Other Employees | 97,449.85 | 775,311.96 |
| Payroll Taxes | 42,912.55 | 381,171.43 |
| Other Taxes (Personal Property - County of Orange) | 0.00 | 1,821.66 |
| Depreciation and Amortization | 0.00 | 0.00 |
| Rent Expense - Real Property | 60,236.29 | 424,074.43 |
| Lease Expense - Personal Property | 2,136.61 | 16,409.49 |
| Insurance | 17,926.08 | 130,662.81 |
| Real Property Taxes | 0.00 | 0.00 |
| Telephone and Utilities | 2,427.10 | 28,576.55 |
| Repairs and Maintenance | 437.50 | 8,493.51 |
| Office Supplies/Expense | 2,175.59 | 10,709.10 |
| Case Related Costs | 51,806.06 | 299,846.84 |
| Total Operating Expenses | 277,507.63 | 2,354,585.41 |
| Net Gain/(Loss) from Operations | 552,127.65 | 18,271,874.42 |
| Non-Operating Income: | | |
| Interest Income | | |
| Net Gain on Sale of Assets (Itemize) | | |
| Other (Itemize) | | |
| Total Non-Operating income | 0.00 | 0.00 |
| Non-Operating Expenses: | | |
| Legal and Professional (Baker/Hostetler) | 0.00 | 1,909.00 |
| Legal and Professional (PSZJ - May) | 0.00 | 188,432.03 |
| Legal and Professional (PSZJ - June) | 0.00 | 277,051.53 |
| Legal and Professional (PSZJ - July) | 0.00 | 239,107.04 |
| Legal and Professional (PSZJ - August) | 0.00 | 214,946.11 |
| Legal and Professional (PSZJ - Est. Sept) | 78,000.00 | 78,000.00 |
| Total Non-Operating Expenses* | 78,000.00 | 999,445.71 |
| NET INCOME/(LOSS) | 474,127.65 | 17,272,428.71 |

*Note: We have not received an invoice from counsel for the Creditor's Committee.

Page 14 of 16

(ACCRUAL BASIS ONLY)

| ASSETS | Current Month End | |
|---|---|---|
| Current Assets: | | |
| Unrestricted Cash | 311,328.34 | |
| Restricted Cash | 100,080.11 | |
| Accounts Receivable | | |
| Inventory | | |
| Notes Receivable | 100,000.00 | |
| Prepaid Expenses | | |
| Other (Itemize) | | |
| Total Current Assets | | 511,408.45 |
| Property, Plant, and Equipment | 150,000.00 | |
| Accumulated Depreciation/Depletion | | |
| Net Property, Plant, and Equipment | | 150,000.00 |
| Other Assets (Net of Amortization): | | |
| Fees/Costs Due From Contingency Cases* | 45,000,000.00 | |
| Other (Art) | 50,000.00 | |
| Total Other Assets | | 45,050,000.00 |
| TOTAL ASSETS | | 45,711,408.45 |
| LIABILITIES | | |
| Post-petition Liabilities: | | |
| Accounts Payable | 86,225.98 | |
| Taxes Payable | 22,374.64 | |
| Notes Payable | | |
| Professional fees | 999,445.71 | |
| Secured Debt | | |
| Other (Itemize) | | |
| Total Post-petition Liabilities | | 1,108,046.33 |
| Pre-petition Liabilities: | | |
| Secured Liabilities | 773,686.22 | |
| Priority Liabilities | 1,762,810.48 | |
| Unsecured Liabilities | 18,019,579.29 | |
| Other (Itemize) | | |
| Total Pre-petition Liabilities | | 20,556,075.99 |
| TOTAL LIABILITIES | | 21,664,122.32 |
| EQUITY: | | |
| Pre-petition Owners' Equity | 25,760,340.47 | |
| Post-petition Profit/(Loss) | (1,713,054.34) | |
| Direct Charges to Equity | | |
| TOTAL EQUITY | | 24,047,286.13 |
| TOTAL LIABILITIES & EQUITY | | 45,711,408.45 |

*This is an estimate; however, the firm's ability to provide an accurate estimate is severely hampered by the refusal of Jason Frank, Esq. to provide accurate and timely access to settlement information relating to certain cases he took from the firm.  On information and belief, a number of those cases have settled and the firm is entitled to millions in fees and costs from those cases. Despite repeated demands, Mr. Frank, without justification, refuses to provide the information necessary.

## XI. QUESTIONNAIRE

|  | No | Yes |
|---|---|---|
| 1. Has the debtor-in-possession made any payments on its pre-petition unsecured debt, except as have been authorized by the court?  If "Yes", explain below: | X | ___ |

_____

|  | No | Yes |
|---|---|---|
| 2. Has the debtor-in-possession during this reporting period provided compensation or remuneration to any officers, directors, principals, or other insiders without appropriate authorization?  If "Yes", explain below: | X | ___ |

_____

3. State what progress was made during the reporting period toward filing a plan of reorganization

_____

4. Describe potential future developments which may have a significant impact on the case:

5. Attach copies of all Orders granting relief from the automatic stay that were entered during the reporting period.

|  | No | Yes |
|---|---|---|
| 6. Did you receive any exempt income this month, which is not set forth in the operating report?  If "Yes", please set forth the amounts and sources of the income below. | X | ___ |

_____

I,   Michael J. Avenatti, Managing Partner,
    declare under penalty of perjury that I have fully read and understood the foregoing debtor-in-possession operating report and that the information contained herein is true and complete to the best of my knowledge.

10-16-17
_____
Date

Page 16 of 16

_____
Principal for debtor-in-possession

**CALIFORNIA BANK**
**TRUST**

P.O. Box 489, Lawndale, CA  90260-0489

**Statement of Accounts**
Page 1 of 10
This Statement: September 29, 2017
Last Statement: August 31, 2017

Account 5792780313

**DIRECT INQUIRIES TO:**
Customer Service  1 (800) 400-6080

0050865                    4273-06-0000-CBT-PC0023-00052

EAGAN AVENATTI LLP
DEBTOR-IN-POSSESSION CASE 8:17-
BK-11961-CB
GENERAL ACCOUNT
520 NEWPORT CENTER DR STE 1400
NEWPORT BEACH CA  92660-7034

Irvine Branch
1900 Main St.  Suite 100
Irvine, CA 92614-0000
(949) 223-7500

## SUMMARY OF ACCOUNT BALANCE

| Account Type | Account Number | Checking/Savings Ending Balance | Outstanding Balances Owed |
|---|---|---|---|
| Business Essentials Checking | 5792780313 | $276,198.32 | |

## BUSINESS ESSENTIALS CHECKING 5792780313

104    52

| Previous Balance | Deposits/Credits | Charges/Debits | Checks Processed | Ending Balance |
|---|---|---|---|---|
| 53,116.42 | 838,247.28 | 322,431.80 | 292,733.58 | 276,198.32 |

### 5 DEPOSITS/CREDITS

| Date | Amount | Description |
|---|---|---|
| 09/05 | 2,482.00 | ONLINE XFER |
| 09/05 | 6,130.00 | ONLINE XFER |
| 09/15 | 48,000.00 | ONLINE XFER |
| 09/18 | 372,394.00 | DEPOSIT 5353077608 |
| 09/22 | 409,241.28 | DEPOSIT 5353019006 |

### 13 CHARGES/DEBITS

| Date | Amount | Description |
|---|---|---|
| 09/01 | 48,500.00 | ONLINE XFER |
| 09/05 | 12,488.93 | ANTHEM BLUE I01O CORP P FL00853376 REF # 017248004773569  1108822224 |
| 09/15 | 48,000.00 | ONLINE XFER |
| 09/18 | 993.23 | ACHMA VISB BILL PYMNT REF # 017261004148482  1107937527 |
| 09/19 | 133,500.00 | ONLINE XFER |
| 09/20 | 5,626.66 | STAPLES COMPANY ZYO413Q 100000000021943REF # 017263005921357  1107633824 |
| 09/20 | 12,488.93 | ANTHEM BLUE I01O CORP P FL00875939 REF # 017263005936855  1107634345 |
| 09/20 | 547.10 | COX COMM ORG BANKDRAFT REF # 017262005254774  1107613549 |
| 09/20 | 3,934.40 | COX COMM ORG BANKDRAFT REF # 017262005254772  1107613548 |
| 09/21 | 347.50 | ANALYSIS SERVICE FEE |
| 09/21 | 1,022.04 | ACHMA VISB BILL PYMNT REF # 017263005966218  1107206174 |
| 09/21 | 1,983.01 | COX COMM ORG BANKDRAFT REF # 017263005988663  1107206770 |
| 09/22 | 53,000.00 | ONLINE XFER |

### 50 CHECKS PROCESSED

| Number | Date | Amount | Number | Date | Amount | Number | Date | Amount |
|---|---|---|---|---|---|---|---|---|
| 1038 | 09/01 | 15.00 | 1058* | 09/25 | 200.00 | 1075 | 09/21 | 5,364.06 |
| 1049* | 09/18 | 12,475.54 | 1061* | 09/27 | 2,242.02 | 1076 | 09/20 | 67.74 |
| 1050 | 09/19 | 2,200.00 | 1065* | 09/22 | 318.00 | 1077 | 09/20 | 23.75 |
| 1051 | 09/19 | 7,695.00 | 1066 | 09/25 | 562.00 | 1078 | 09/22 | 5,000.00 |
| 1052 | 09/19 | 10,000.00 | 1068* | 09/26 | 1,219.02 | 1080* | 09/21 | 3,912.82 |
| 1053 | 09/20 | 12,562.00 | 1070* | 09/26 | 1,481.31 | 1082* | 09/25 | 90.00 |
| 1054 | 09/21 | 1,279.00 | 1071 | 09/26 | 19,647.58 | 1083 | 09/28 | 1,138.25 |
| 1055 | 09/25 | 1,790.00 | 1074* | 09/29 | 875.00 | 1084 | 09/25 | 12,913.21 |

0050865-0000001-0121627

## An Easy Approach To Balancing Your Account

**To reconcile your checkbook balance to your statement balance:** Mark off each entry in your check register that has been charged to your account during the statement period. List the checks you have written, but are not yet charged to your account in the "Checks Outstanding" column below. Then, follow the instructions in lines 1 through 10.

| CHECKS OUTSTANDING | |
|---|---|
| Check Number | Check Amount |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| TOTAL: | |

*Transfer to Line 9.*

| CHECKBOOK BALANCE | |
|---|---|
| 1. LIST your checkbook balance. | |
| 2. ADD any deposits or other credits listed on the front of this statement which you have not recorded in your checkbook (such as payroll credits or other direct electronic deposits). | |
| 3. SUBTOTAL: | |
| 4. SUBTRACT any charges listed on the front of this statement which you have not recorded (such as service charges, automatic transfers, electronic transactions, etc). | |
| 5. ADJUSTED CHECKBOOK BALANCE: | |

*This balance should agree with line 10, below.*

| STATEMENT BALANCE | |
|---|---|
| 6. LIST your current statement balance as shown on the front of this statement. | |
| 7. ADD deposits made, but not shown on this statement. | |
| 8. SUBTOTAL: | |
| 9. SUBTRACT total from "Checks Outstanding." | |
| 10. ADJUSTED STATEMENT BALANCE: | |

*This balance should agree with line 5, above.*

**PROMPTLY EXAMINE YOUR STATEMENT AND REPORT ANY PROBLEM**
You must promptly examine your account statements and report any discoverable errors, unauthorized signatures, alterations, missing endorsements, or unauthorized transfers. Failure to do so may result in your loss of certain rights or remedies. For example, you must identify the discoverable alteration or forgery of a check within 30 days of us sending you, or making available to you, the statement reflecting that check, and you must also immediately report to us what you find. Businesses should check their account transactions daily, for which various online services are available. For additional information, please see your deposit account agreement and application service agreement(s) for details. See also the consumer disclosures below.

**CONSUMER ACCOUNTS: IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC TRANSFERS OR MONEY RESERVE TRANSACTIONS**
If you think your statement is wrong, or if you need more information about a transfer on this statement or on a receipt, please telephone or write us. Please use the telephone number or address listed on the front of this statement to contact us as you can. **We must hear from you no later than 60 days after we sent or made available the FIRST statement on which the problem or error appeared. The provisions in this paragraph do not apply to business or other non-personal accounts.** The owners of those accounts must settle all unauthorized transactions or errors within 24 hours of receipt of the item posting in order to be returned.

1. Tell us your name and account number.
2. Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
3. Tell us the dollar amount of the suspected error.

We will investigate your complaint and correct any error promptly. If we take more than 10 business days to do this, we will recredit your account for the amount you think is in error, so that you will have use of the money during the time it takes us to complete our investigation.

**FOR MONEY RESERVE ACCOUNTS:**

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR PERSONAL CREDIT LINE**
*(This is a Summary of Your Billing Rights).*
If you think your statement is wrong, or if you need more information about a transaction on your statement, write us at the address on the front of this statement as soon as possible. **We must hear from you no later than 60 days after we sent you the first statement on which the error or problem appeared.**

You can telephone us but doing so will not preserve your rights. In your letter, give us the following information.

1. Your name and account number.
2. The dollar amount of the suspected error.
3. Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question. You must notify us in writing. You can telephone us, but doing so will not preserve your rights. Contact us at California Bank & Trust, PO Box 25787, Salt Lake City, UT 84125-0787.

**Balance Subject to Interest Rate:** We use the method called "average daily balance", (including current transactions) to calculate the daily balance. If you have any further questions about the method and how resulting interest charges are determined, please feel free to contact us at 1-800-400-6080.

**We may report information about your Money Reserve account to credit bureaus.** Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

**Please notify us if we report any inaccurate information about your account(s) to a credit bureau.** Your written notice describing the specific inaccuracy should be sent to us at the following address: California Bank & Trust, PO Box 25787, Salt Lake City, UT 84125-0787.

*Thank you for banking with California Bank & Trust.*

**Become an Online Banking Customer for 24-hour account access.**

•Review account balances  •Review posted transactions  • Pay bills  • Transfer funds
**Sign up today at www.calbanktrust.com or call 888-217-1265.**



**CALIFORNIA BANK & TRUST**

P.O. Box 489, Lawndale, CA 90260-0489

Page 3 of 4
September 29, 2017
EAGAN AVENATTI LLP
5792780313

Continued ...

| Number | Date | Amount | Number | Date | Amount | Number | Date | Amount |
|---|---|---|---|---|---|---|---|---|
| 1085 | 09/22 | 4,273.22 | 1097 | 09/26 | 2,500.00 | 1110 | 09/25 | 4,273.22 |
| 1086 | 09/22 | 1,354.72 | 1099* | 09/25 | 5,862.07 | 1111 | 09/27 | 608.00 |
| 1087 | 09/25 | 770.00 | 1101* | 09/27 | 3,877.50 | 1115* | 09/26 | 1,125.00 |
| 1088 | 09/26 | 5,660.46 | 1103* | 09/29 | 437.50 | 1116 | 09/27 | 10,100.00 |
| 1089 | 09/25 | 1,231.10 | 1104 | 09/25 | 5,437.15 | 1118* | 09/26 | 1,417.00 |
| 1090 | 09/25 | 271.96 | 1106* | 09/25 | 1,137.50 | 1119 | 09/27 | 959.80 |
| 1091 | 09/25 | 67.22 | 1107 | 09/26 | 3,650.00 | 1120 | 09/26 | 5,900.46 |
| 1095* | 09/21 | 1,821.66 | 1108 | 09/25 | 17,693.47 | 9999* | 09/18 | 105,000.00 |
| 1096 | 09/26 | 676.65 | 1109 | 09/25 | 3,556.62 | | | |

*Not in check sequence*

.................................................................................................

**AGGREGATE OVERDRAFT AND RETURNED ITEM FEES**

| | Total for This Period | Total Year-to-Date |
|---|---|---|
| Total Overdraft Fees | $0.00 | $108.00 |
| Total Returned Item Fees | $0.00 | $36.00 |

To learn more about our other products and services that may lower the cost of managing account overdrafts or to discuss removing overdraft coverage from your account, please contact Customer Service or visit your local branch.

.................................................................................................

**DAILY BALANCES**

| Date | Balance | Date | Balance | Date | Balance |
|---|---|---|---|---|---|
| 09/01 | 4,601.42 | 09/20 | 66,004.14 | 09/26 | 316,083.97 |
| 09/05 | 724.49 | 09/21 | 50,274.05 | 09/27 | 298,296.65 |
| 09/15 | 724.49 | 09/22 | 395,569.39 | 09/28 | 277,510.82 |
| 09/18 | 254,649.72 | 09/25 | 339,713.87 | 09/29 | 276,198.32 |
| 09/19 | 101,254.72 | | | | |

A division of ZB, N.A. Member FDIC

This page intentionally left blank

California Bank & Trust



Ref# 53077608     $372394.00



Ref# 53019006     $409241.28



Ref# 53006062     $15.00     Ch# 1038



Ref# 53105338     $12475.54     Ch# 1049



Ref# 53005151     $2200.00     Ch# 1050



Ref# 53094743     $7695.00     Ch# 1051



Ref# 53070809     $10000.00     Ch# 1052



Ref# 53046778     $12562.00     Ch# 1053



Ref# 53045361     $1279.00     Ch# 1054

Ref# 53004135     $1790.00     Ch# 1055

**California Bank & Trust**

EAGAN AVENATTI LLP
1058

PAY TO THE ORDER OF  Allied Universal Security Systems    $ **200.00
Two Hundred and 00/100***
Allied Universal Security Systems
P.O. Box 732665
Dallas, TX 75373-2665
9/19/2017

Ref# 53110267    $200.00    Ch# 1058

EAGAN AVENATTI LLP
1061

PAY TO THE ORDER OF  Brocker Law Firm, P.A.    $ **2,242.02
Two Thousand Two Hundred Forty-Two and 02/100***
Brocker Law Firm, P.A.
5540 Centerview Drive
Suite 200
Raleigh, NC 27606
9/19/2017

Ref# 53002323    $2242.02    Ch# 1061

EAGAN AVENATTI LLP
1065

PAY TO THE ORDER OF  Central Communications    $ **318.00
Three Hundred Eighteen and 00/100***
Central Communications
11830 Pierce Street, Ste 100
Riverside, CA 92505
9/19/2017

Ref# 53080116    $318.00    Ch# 1065

EAGAN AVENATTI LLP
1066

PAY TO THE ORDER OF  Cicon & Associates    $ **562.00
Five Hundred Sixty-Two and 00/100***
Cicon & Associates
15636 Ventura Blvd #351
Sherman Oaks, CA 91423
9/19/2017

Ref# 53025674    $562.00    Ch# 1066

EAGAN AVENATTI LLP
1068

PAY TO THE ORDER OF  Gass Weber-Mullins LLC    $ **1,219.02
One Thousand Two Hundred Nineteen and 02/100***
GASS WEBER MULLINS LLC
241 N. BROADWAY
MILWAUKEE, WI 53202
9/19/2017

Ref# 53011199    $1219.02    Ch# 1068

EAGAN AVENATTI LLP
1070

PAY TO THE ORDER OF  iManage LLC    $ **1,481.31
One Thousand Four Hundred Eighty-One and 31/100***
iManage LLC
P.O. Box 71701
Chicago, IL 60694
9/19/2017

Ref# 53069199    $1481.31    Ch# 1070

EAGAN AVENATTI LLP
1071

PAY TO THE ORDER OF  Competition Economics    $ **19,647.58
Nineteen Thousand Six Hundred Forty-Seven and 58/100***
Competition Economics, LLC
2000 Powell Street, Suite 510
Emeryville, CA 94608
9/20/2017

Ref# 53044494    $19647.58    Ch# 1071

EAGAN AVENATTI LLP
1074

PAY TO THE ORDER OF  D.O.S. LLC    $ **875.00
Eight Hundred Seventy-Five and 00/100***
Developing Opportunities & Solutions LLC
611 South Main Street #400
Grapevine, TX 76051
9/20/2017

Ref# 53062091    $875.00    Ch# 1074



EAGAN AVENATTI LLP
1075

PAY TO THE ORDER OF  Int'l Church of the Foursquare    $ **5,364.06
Five Thousand Three Hundred Sixty-Four and 06/100***
Int'l Church of the Foursquare
100 Bayview Circle, Suite 2600
Dept. 8
Newport Beach, CA 92660
9/20/2017

Ref# 53081595    $5364.06    Ch# 1075



EAGAN AVENATTI LLP
1076

PAY TO THE ORDER OF  James Cameron    $ **67.74
Sixty-Seven and 74/100***
9/20/2017

Ref# 53059650    $67.74    Ch# 1076

Case 8:19-cr-00061-JVS   Document 1023-3   Filed 10/24/22   Entered 10/16/17 15:47:11   Page 172 of 256

This Statement:
September 29, 2017
Page 7 of 10

California Bank & Trust
ACCOUNT 4905 Page 24 of 39



Ref# 53058732    $23.75    Ch# 1077

Ref# 53072345    $5000.00    Ch# 1078

Ref# 53055835    $3912.82    Ch# 1080

Ref# 53097843    $90.00    Ch# 1082

Ref# 53058516    $1138.25    Ch# 1083

Ref# 53092519    $12913.21    Ch# 1084

Ref# 53052970    $4273.22    Ch# 1085

Ref# 53048318    $1354.72    Ch# 1086

Ref# 53105313    $770.00    Ch# 1087

Ref# 53069229    $5660.46    Ch# 1088

Case 8:19-cr-00061-JVS  Document 1022-30  Filed 10/24/22  Page 173 of 256  Page ID
Main Document #4900 Page 25 of 39



| Ref# 53029736 | $1231.10 | Ch# 1089 |
| Ref# 53121822 | $271.96 | Ch# 1090 |
| Ref# 53089648 | $67.22 | Ch# 1091 |
| Ref# 53058643 | $1821.66 | Ch# 1095 |
| Ref# 53006082 | $676.65 | Ch# 1096 |
| Ref# 53069481 | $2500.00 | Ch# 1097 |
| Ref# 53092518 | $5862.07 | Ch# 1099 |
| Ref# 53002322 | $3877.50 | Ch# 1101 |
| Ref# 53062040 | $437.50 | Ch# 1103 |
| Ref# 53137725 | $5437.15 | Ch# 1104 |

California Bank & Trust

**Check 1106**
EAGAN AVENATTI LLP
DEBTOR-IN-POSSESSION CASE 8:17-BK-11961-CB
520 NEWPORT CENTER DR STE 1400
NEWPORT BEACH, CA 92660
CALIFORNIA BANK & TRUST
IRVINE OFFICE
IRVINE, CALIFORNIA 92614
16-339/1220
9/22/2017
PAY TO THE ORDER OF Judicial Arbiter Group
$ **1,137.50
One Thousand One Hundred Thirty-Seven and 50/100 DOLLARS
Judicial Arbiter Group, Inc.
1601 Blake Street, Suite 400
Denver, CO 80202
MEMO

Ref# 53109483    $1137.50    Ch# 1106

**Check 1107**
EAGAN AVENATTI LLP
DEBTOR-IN-POSSESSION CASE 8:17-BK-11961-CB
520 NEWPORT CENTER DR STE 1400
NEWPORT BEACH, CA 92660
CALIFORNIA BANK & TRUST
IRVINE OFFICE
IRVINE, CALIFORNIA 92614
16-339/1220
9/22/2017
PAY TO THE ORDER OF KELLY NASSER, R.N., GNP
$ **3,650.00
Three Thousand Six Hundred Fifty and 00/100 DOLLARS
KELLY NASSER, R.N., GNP
29 WEST 85TH STREET #1F
NEW YORK, NY 10023
MEMO

Ref# 53055962    $3650.00    Ch# 1107

**Check 1108**
EAGAN AVENATTI LLP
DEBTOR-IN-POSSESSION CASE 8:17-BK-11961-CB
520 NEWPORT CENTER DR STE 1400
NEWPORT BEACH, CA 92660
CALIFORNIA BANK & TRUST
IRVINE OFFICE
IRVINE, CALIFORNIA 92614
16-339/1220
9/22/2017
PAY TO THE ORDER OF KNJ
$ **17,693.47
Seventeen Thousand Six Hundred Ninety-Three and 47/100 DOLLARS
KNJ
1106-A Broadway
Santa Monica, CA 90401
MEMO

Ref# 53056067    $17693.47    Ch# 1108

**Check 1109**
EAGAN AVENATTI LLP
DEBTOR-IN-POSSESSION CASE 8:17-BK-11961-CB
520 NEWPORT CENTER DR STE 1400
NEWPORT BEACH, CA 92660
CALIFORNIA BANK & TRUST
IRVINE OFFICE
IRVINE, CALIFORNIA 92614
16-339/1220
9/22/2017
PAY TO THE ORDER OF Nationwide Legal
$ **3,556.62
Three Thousand Five Hundred Fifty-Six and 62/100 DOLLARS
Nationwide Legal Express, LLC
1609 James M. Wood Blvd
Los Angeles, CA 90015
MEMO

Ref# 53119414    $3556.62    Ch# 1109

**Check 1110**
EAGAN AVENATTI LLP
DEBTOR-IN-POSSESSION CASE 8:17-BK-11961-CB
520 NEWPORT CENTER DR STE 1400
NEWPORT BEACH, CA 92660
CALIFORNIA BANK & TRUST
IRVINE OFFICE
IRVINE, CALIFORNIA 92614
16-339/1220
9/22/2017
PAY TO THE ORDER OF Ricoh USA, Inc
$ **4,273.22
Four Thousand Two Hundred Seventy-Three and 22/100 DOLLARS
Ricoh USA, Inc
PO Box 31001-0850
Pasadena, CA 91110-0850
MEMO

Ref# 53020556    $4273.22    Ch# 1110

**Check 1111**
EAGAN AVENATTI LLP
DEBTOR-IN-POSSESSION CASE 8:17-BK-11961-CB
520 NEWPORT CENTER DR STE 1400
NEWPORT BEACH, CA 92660
CALIFORNIA BANK & TRUST
IRVINE OFFICE
IRVINE, CALIFORNIA 92614
16-339/1220
9/22/2017
PAY TO THE ORDER OF Veritext Chicago
$ **608.00
Six Hundred Eight and 00/100 DOLLARS
Veritext Midwest
P.O. Box 71303
Chicago, IL 60694-1303
MEMO OC3010213

Ref# 53007109    $608.00    Ch# 1111

**Check 1115**
EAGAN AVENATTI LLP
DEBTOR-IN-POSSESSION CASE 8:17-BK-11961-CB
520 NEWPORT CENTER DR STE 1400
NEWPORT BEACH, CA 92660
CALIFORNIA BANK & TRUST
IRVINE OFFICE
IRVINE, CALIFORNIA 92614
16-339/1220
9/22/2017
PAY TO THE ORDER OF HSNO
$ **1,125.00
One Thousand One Hundred Twenty-Five and 00/100 DOLLARS
HSNO
P.O. BOX 51067
LOS ANGELES, CA 90051-5367
MEMO

Ref# 53096047    $1125.00    Ch# 1115

**Check 1116**
EAGAN AVENATTI LLP
DEBTOR-IN-POSSESSION CASE 8:17-BK-11961-CB
520 NEWPORT CENTER DR STE 1400
NEWPORT BEACH, CA 92660
CALIFORNIA BANK & TRUST
IRVINE OFFICE
IRVINE, CALIFORNIA 92614
16-339/1220
9/22/2017
PAY TO THE ORDER OF Sharon K. Kawai, M.D.
$ **10,100.00
Ten Thousand One Hundred and 00/100 DOLLARS
Sharon K. Kawai, M.D.
15775 Laguna Canyon Road
Suite 120
Irvine, CA 92618
MEMO Nadel Haleh

Ref# 53003847    $10100.00    Ch# 1116

**Check 1118**
EAGAN AVENATTI LLP
DEBTOR-IN-POSSESSION CASE 8:17-BK-11961-CB
520 NEWPORT CENTER DR STE 1400
NEWPORT BEACH, CA 92660
CALIFORNIA BANK & TRUST
IRVINE OFFICE
IRVINE, CALIFORNIA 92614
16-339/1220
9/22/2017
PAY TO THE ORDER OF The Neurobehavioral Clinic
$ **1,417.00
One Thousand Four Hundred Seventeen and 00/100 DOLLARS
The Neurobehavioral Clinic
13 Orchard Road, Suite 103
Lake Forest, CA 92630
MEMO Nadel Haleh

Ref# 53063151    $1417.00    Ch# 1118

**Check 1119**
EAGAN AVENATTI LLP
DEBTOR-IN-POSSESSION CASE 8:17-BK-11961-CB
520 NEWPORT CENTER DR STE 1400
NEWPORT BEACH, CA 92660
CALIFORNIA BANK & TRUST
IRVINE OFFICE
IRVINE, CALIFORNIA 92614
16-339/1220
9/22/2017
PAY TO THE ORDER OF Veritext Chicago
$ **959.80
Nine Hundred Fifty-Nine and 80/100 DOLLARS
Veritext West
P. O. Box 71303
Chicago, IL 60694-1303
MEMO OC3010213



Ref# 53007108    $959.80    Ch# 1119

California Bank & Trust
ACCOUNT NO.
Page 27 of 39

This Statement:
September 29, 2017
Page 10 of 10

**EAGAN AVENATTI LLP**
DEBTOR-IN-POSSESSION CASE 8:17-BK-11561-CB
520 NEWPORT CENTER DR STE 1400
NEWPORT BEACH, CA 92660

CALIFORNIA BANK & TRUST
IRVINE OFFICE
IRVINE, CALIFORNIA 92614
16-339/1220

1120

9/22/2017

PAY TO THE
ORDER OF   Int'l Church of the Foursquare          $ **5,900.46

Five Thousand Nine Hundred and 46/100**                                   DOLLARS

Int'l Church of the Foursquare
100 Bayview Circle, Suite 2600
Dept. 8
Newport Beach, CA 92660

MEMO

#00001120#  #122003396#  529278031311#

Ref# 53086959       $5900.46      Ch# 1120

---

NAME  Eagan Avenatti LLP
ACCOUNT NO. 529278031311
DATE  9-18-17

PAY TO THE
ORDER OF  Cash                                    $ 105000

One hundred five thousand _____ DOLLARS

CALIFORNIA BANK & TRUST
IRVINE OFFICE

MEMO

#122003396#           9999

Ref# 53125063      $105000.00     Ch# 9999

**CALIFORNIA BANK**
**TRUST**

P.O. Box 489, Lawndale, CA 90260-0489

**Statement of Accounts**
Page 1 of 7
This Statement: September 29, 2017
Last Statement: August 31, 2017

Account 5792780321

**DIRECT INQUIRIES TO:**
Customer Service  1 (800) 400-6080

0050866                    4273-06-0000-CBT-PC0023-00029

EAGAN AVENATTI LLP
DEBTOR-IN-POSSESSION CASE 8:17-
BK-11961-CB
PAYROLL ACCOUNT
520 NEWPORT CENTER DR STE 1400
NEWPORT BEACH CA  92660-7034

Irvine Branch
1900 Main St.  Suite 100
Irvine, CA 92614-0000
(949) 223-7500

---

## SUMMARY OF ACCOUNT BALANCE

| Account Type | Account Number | Checking/Savings Ending Balance | Outstanding Balances Owed |
|---|---|---|---|
| Business Essentials Checking | 5792780321 | $34,903.33 | |

---

## BUSINESS ESSENTIALS CHECKING 5792780321                    104    29

| Previous Balance | Deposits/Credits | Charges/Debits | Checks Processed | Ending Balance |
|---|---|---|---|---|
| -5,603.66 | 149,500.00 | 4,727.63 | 104,265.38 | 34,903.33 |

**3 DEPOSITS/CREDITS**

| Date | Amount | Description |
|---|---|---|
| 09/01 | 48,500.00 | ONLINE XFER |
| 09/15 | 48,000.00 | ONLINE XFER |
| 09/22 | 53,000.00 | ONLINE XFER |

**4 CHARGES/DEBITS**

| Date | Amount | Description |
|---|---|---|
| 09/01 | 108.00 | FEE-ITEM PD  1704201001 |
| 09/05 | 2,207.49 | JOHN HANCOCK ACH DEBIT 0077281 REF # 017248005497746  1108872022 |
| 09/13 | 204.65 | PAYCHEX EIB INVOICE X7289220000045 1REF # 017256001626162  1107332093 |
| 09/20 | 2,207.49 | JOHN HANCOCK ACH DEBIT 0077281 REF # 017262005674972 1107622133 |

**29 CHECKS PROCESSED**

| Number | Date | Amount | Number | Date | Amount | Number | Date | Amount |
|---|---|---|---|---|---|---|---|---|
| 52466 | 09/05 | 1,002.09 | 52479* | 09/18 | 669.08 | 52489 | 09/15 | 2,540.00 |
| 52467 | 09/01 | 6,048.30 | 52480 | 09/18 | 6,048.29 | 52490 | 09/20 | 1,874.88 |
| 52469* | 09/01 | 2,023.99 | 52481 | 09/15 | 2,377.73 | 52491 | 09/15 | 1,568.24 |
| 52470 | 09/05 | 6,464.40 | 52482 | 09/18 | 2,023.99 | 52493* | 09/29 | 6,261.15 |
| 52472* | 09/01 | 3,881.09 | 52483 | 09/18 | 6,464.39 | 52494 | 09/29 | 2,377.73 |
| 52473 | 09/01 | 2,188.63 | 52484 | 09/15 | 1,800.00 | 52495 | 09/29 | 2,024.01 |
| 52474 | 09/06 | 8,434.30 | 52485 | 09/15 | 3,881.08 | 52498* | 09/29 | 1,800.00 |
| 52475 | 09/05 | 5,555.44 | 52486 | 09/18 | 2,188.63 | 52499 | 09/29 | 3,881.08 |
| 52476 | 09/06 | 2,540.01 | 52487 | 09/18 | 8,321.80 | 52503* | 09/29 | 2,540.01 |
| 52477 | 09/08 | 1,873.70 | 52488 | 09/18 | 5,611.34 | | | |

* Not in check sequence

**An Easy Approach To Balancing Your Account**

**To reconcile your checkbook balance to your statement balance:** Mark off each entry in your check register that has been charged to your account during the statement period. List the checks you have written, but are not yet charged to your account in the "Checks Outstanding" column below. Then, follow the instructions in lines 1 through 10.

| CHECKS OUTSTANDING | |
|---|---|
| Check Number | Check Amount |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
| TOTAL: | |

*Transfer to Line 9.*

| CHECKBOOK BALANCE | |
|---|---|
| 1.  LIST your checkbook balance. | |
| 2.  ADD any deposits or other credits listed on the front of this statement which you have not recorded in your checkbook (such as payroll credits or other direct electronic deposits). | |
| 3.  SUBTOTAL: | |
| 4.  SUBTRACT any charges listed on the front of this statement which you have not recorded (such as service charges, automatic transfers, electronic transactions, etc). | |
| 5.  ADJUSTED CHECKBOOK BALANCE: | |

*This balance should agree with line 10, below.*

| STATEMENT BALANCE | |
|---|---|
| 6.  LIST your current statement balance as shown on the front of this statement. | |
| 7.  ADD deposits made, but not shown on this statement. | |
| 8.  SUBTOTAL: | |
| 9.  SUBTRACT total from "Checks Outstanding." | |
| 10.  ADJUSTED STATEMENT BALANCE: | |

*This balance should agree with line 5, above.*

**PROMPTLY EXAMINE YOUR STATEMENT AND REPORT ANY PROBLEM**
You must promptly examine your account statements and report any discoverable errors, unauthorized signatures, alterations, missing endorsements, or unauthorized transfers. Failure to do so may result in your loss of certain rights or remedies. For example, you must identify the discoverable alteration or forgery of a check within 30 days of us sending you, or making available to you, the statement reflecting that check, and you must also immediately report to us what you find. Businesses should check their account transactions daily, for which various online services are available. For additional information, please see your deposit account agreement and application service agreement(s) for details. See also the consumer disclosures below.

**CONSUMER ACCOUNTS: IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC TRANSFERS OR MONEY RESERVE TRANSACTIONS**
If you think your statement is wrong, or if you need more information about a transfer on this statement or on a receipt, please telephone or write us. Please use the telephone number or address listed on the front of this statement to contact us as you can. **We must hear from you no later than 60 days after we sent or made available the FIRST statement on which the problem or error appeared. The provisions in this paragraph do not apply to business or other non-personal accounts.** The owners of those accounts must settle all unauthorized transactions or errors within 24 hours of receipt of the item posting in order to be returned.

1.  Tell us your name and account number.
2.  Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
3.  Tell us the dollar amount of the suspected error.

We will investigate your complaint and correct any error promptly. If we take more than 10 business days to do this, we will recredit your account for the amount you think is in error, so that you will have use of the money during the time it takes us to complete our investigation.

**FOR MONEY RESERVE ACCOUNTS:**

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR PERSONAL CREDIT LINE**
*(This is a Summary of Your Billing Rights).*
If you think your statement is wrong, or if you need more information about a transaction on your statement, write us at the address on the front of this statement as soon as possible. **We must hear from you no later than 60 days after we sent you the first statement on which the error or problem appeared.**

You can telephone us but doing so will not preserve your rights. In your letter, give us the following information.

1.  Your name and account number.
2.  The dollar amount of the suspected error.
3.  Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question. You must notify us in writing. You can telephone us, but doing so will not preserve your rights. Contact us at California Bank & Trust, PO Box 25787, Salt Lake City, UT 84125-0787.

**Balance Subject to Interest Rate:** We use the method called "average daily balance", (including current transactions) to calculate the daily balance. If you have any further questions about the method and how resulting interest charges are determined, please feel free to contact us at 1-800-400-6080.

**We may report information about your Money Reserve account to credit bureaus.** Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

**Please notify us if we report any inaccurate information about your account(s) to a credit bureau.** Your written notice describing the specific inaccuracy should be sent to us at the following address: California Bank & Trust, PO Box 25787, Salt Lake City, UT  84125-0787.

*Thank you for banking with California Bank & Trust.*

**Become an Online Banking Customer for 24-hour account access.**

•Review account balances  •Review posted transactions  • Pay bills  • Transfer funds
**Sign up today at www.calbanktrust.com or call 888-217-1265.**

CALIFORNIA BANK
TRUST

C|B
TRUST

P.O. Box 489, Lawndale, CA  90260-0489

Page 3 of 4
September 29, 2017
EAGAN AVENATTI LLP
5792780321

..................................................................................................................................................

**AGGREGATE OVERDRAFT AND RETURNED ITEM FEES**

|                          | Total for This Period | Total Year-to-Date |
|--------------------------|----------------------:|-------------------:|
| Total Overdraft Fees     | $108.00               | $108.00            |
| Total Returned Item Fees | $0.00                 | $0.00              |

To learn more about our other products and services that may lower the cost of managing account
overdrafts or to discuss removing overdraft coverage from your account, please contact Customer
Service or visit your local branch.

..................................................................................................................................................

**DAILY BALANCES**

| Date  | Balance   | Date  | Balance   | Date  | Balance   |
|-------|-----------|-------|-----------|-------|-----------|
| 09/01 | 28,646.33 | 09/13 | 364.25    | 09/20 | 787.31    |
| 09/05 | 13,416.91 | 09/15 | 36,197.20 | 09/22 | 53,787.31 |
| 09/06 | 2,442.60  | 09/18 | 4,869.68  | 09/29 | 34,903.33 |
| 09/08 | 568.90    |       |           |       |           |

0050866-0000002-0121633

**California Bank & Trust**

This page intentionally left blank

0050866-0000002-0121633

Case 8:19-cr-00061-JVS   Document 1022-30 Filed 10/24/22   Page 180 of 256   Page ID #:24911
Main Document Page 32 of 39

This Statement:
September 29, 2017
Page 5 of 7




Ref# 53003471          $1002.09          Ch# 52466



Ref# 53061414          $6048.30          Ch# 52467



Ref# 53128433          $2023.99          Ch# 52469



Ref# 53007983          $6464.40          Ch# 52470

Ref# 53000796          $3881.09          Ch# 52472

Ref# 53005635          $2188.63          Ch# 52473



Ref# 53012783          $8434.30          Ch# 52474

Ref# 53161725          $5555.44          Ch# 52475



Ref# 53000431          $2540.01          Ch# 52476



Ref# 53083079          $1873.70          Ch# 52477

0050866-0000003-0121634

California Bank & Trust

This Statement:
September 29, 2017

Main Document Page 33 of 39

Page 6 of 7



Ref# 53143601        $669.08        Ch# 52479



Ref# 53093255        $6048.29        Ch# 52480



Ref# 53081112        $2377.73        Ch# 52481



Ref# 53026744        $2023.99        Ch# 52482



Ref# 53006135        $6464.39        Ch# 52483



Ref# 53051729        $1800.00        Ch# 52484



Ref# 53117083        $3881.08        Ch# 52485



Ref# 53004365        $2188.63        Ch# 52486



Ref# 53116733        $8321.80        Ch# 52487

Ref# 53016523        $5611.34        Ch# 52488

California Bank & Trust

Case 8:19-cr-00061-JVS   Document 1022-3   Filed 10/24/22   Entered 10/16/17 15:47:11   Page 182 of 256   Page ID #4914   Page 34 of 39

This Statement:
September 29, 2017

Page 7 of 7



Ref# 53117228     $2540.00     Ch# 52489          Ref# 53059460     $1874.88     Ch# 52490



Ref# 53086323     $1568.24     Ch# 52491          Ref# 53053372     $6261.15     Ch# 52493

Ref# 53054897     $2377.73     Ch# 52494          Ref# 53115624     $2024.01     Ch# 52495



Ref# 53049124     $1800.00     Ch# 52498          Ref# 53058892     $3881.08     Ch# 52499



Ref# 53059039     $2540.01     Ch# 52503

Case 8:17-bk-11961-CB   Doc 200   Filed 10/16/17   Entered 10/16/17 15:47:11   Desc
Main Document   Page 35 of 39

0050866-0000004-0121635


CALIFORNIA BANK
& TRUST

P.O. Box 489, Lawndale, CA 90260-0489

**Statement of Accounts**
Page 1 of 4
This Statement: September 29, 2017
Last Statement: August 31, 2017

Account 5792780339

0050867                    4273-06-0000-CBT-PG0023-00000

EAGAN AVENATTI LLP
DEBTOR-IN-POSSESSION CASE 8:17-
BK-11961-CB
TAX ACCOUNT
520 NEWPORT CENTER DR STE 1400
NEWPORT BEACH CA  92660-7034

**DIRECT INQUIRIES TO:**
Customer Service  1 (800) 400-6080

Irvine Branch
1900 Main St.  Suite 100
Irvine, CA 92614-0000
(949) 223-7500

## SUMMARY OF ACCOUNT BALANCE

| Account Type | Account Number | Checking/Savings Ending Balance | Outstanding Balances Owed |
|---|---|---|---|
| Business Essentials Checking | 5792780339 | $226.69 | |

## BUSINESS ESSENTIALS CHECKING 5792780339                    104    0

| Previous Balance | Deposits/Credits | Charges/Debits | Checks Processed | Ending Balance |
|---|---|---|---|---|
| 41.92 | 133,500.00 | 133,315.23 | 0.00 | 226.69 |

### 1 DEPOSIT/CREDIT

| Date | Amount | Description |
|---|---|---|
| 09/19 | 133,500.00 | ONLINE XFER |

### 14 CHARGES/DEBITS

| Date | Amount | Description |
|---|---|---|
| 09/19 | 4,352.42 | EMPLOYMENT DEVEL EDD EF 206139264 REF # 017262005184750  1107529092 |
| 09/19 | 4,371.32 | EMPLOYMENT DEVEL EDD EF 135253888 REF # 017262005184747  1107529089 |
| 09/19 | 4,448.00 | EMPLOYMENT DEVEL EDD EF 1789489024 REF # 017262005184752  1107529094 |
| 09/19 | 4,464.18 | EMPLOYMENT DEVEL EDD EF 497459072 REF # 017262005184749  1107529091 |
| 09/19 | 4,467.41 | EMPLOYMENT DEVEL EDD EF 1693962112 REF # 017262005184748  1107529090 |
| 09/19 | 4,709.37 | EMPLOYMENT DEVEL EDD EF 2068410240 REF # 017262005184751  1107529093 |
| 09/19 | 16,086.12 | IRS USATAXPYMT 270766233249804REF # 017262004956284  1107527651 |
| 09/19 | 16,219.52 | IRS USATAXPYMT 270766272805970REF # 017262004956286  1107527653 |
| 09/19 | 17,357.21 | IRS USATAXPYMT 270766250173295REF # 017262004956285  1107527652 |
| 09/19 | 17,736.82 | IRS USATAXPYMT 270766251329752REF # 017262004956281  1107527648 |
| 09/19 | 19,086.90 | IRS USATAXPYMT 270766272218051REF # 017262004956279  1107527646 |
| 09/19 | 20,005.96 | IRS USATAXPYMT 270766225571198REF # 017262004956278  1107527645 |
| 09/29 | 7.00 | MONTHLY MAINTENANCE FEE |
| 09/29 | 3.00 | PAPER STATEMENT FEE |

### 0 CHECKS PROCESSED

There were no transactions this period.

### AGGREGATE OVERDRAFT AND RETURNED ITEM FEES

| | Total for This Period | Total Year-to-Date |
|---|---|---|
| Total Overdraft Fees | $0.00 | $0.00 |
| Total Returned Item Fees | $0.00 | $0.00 |

To learn more about our other products and services that may lower the cost of managing account
overdrafts or to discuss removing overdraft coverage from your account, please contact Customer
Service or visit your local branch.

A division of ZB, N.A. Member FDIC                    0050867-00000001-0121636

## An Easy Approach To Balancing Your Account

Page 2 of 4

**To reconcile your checkbook balance to your statement balance:** Mark off each entry in your check register that has been charged to your account during the statement period. List the checks you have written, but are not yet charged to your account in the "Checks Outstanding" column below. Then, follow the instructions in lines 1 through 10.

| CHECKS OUTSTANDING | |
|---|---|
| Check Number | Check Amount |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| TOTAL: | |

*Transfer to Line 9.*

| CHECKBOOK BALANCE | |
|---|---|
| 1.  LIST your checkbook balance. | |
| 2.  ADD any deposits or other credits listed on the front of this statement which you have not recorded in your checkbook (such as payroll credits or other direct electronic deposits). | |
| 3.  SUBTOTAL: | |
| 4.  SUBTRACT any charges listed on the front of this statement which you have not recorded (such as service charges, automatic transfers, electronic transactions, etc). | |
| 5.  ADJUSTED CHECKBOOK BALANCE: | |

*This balance should agree with line 10, below.*

| STATEMENT BALANCE | |
|---|---|
| 6.  LIST your current statement balance as shown on the front of this statement. | |
| 7.  ADD deposits made, but not shown on this statement. | |
| 8.  SUBTOTAL: | |
| 9.  SUBTRACT total from "Checks Outstanding." | |
| 10. ADJUSTED STATEMENT BALANCE: | |

*This balance should agree with line 5, above.*

**PROMPTLY EXAMINE YOUR STATEMENT AND REPORT ANY PROBLEM**
You must promptly examine your account statements and report any discoverable errors, unauthorized signatures, alterations, missing endorsements, or unauthorized transfers. Failure to do so may result in your loss of certain rights or remedies. For example, you must identify the discoverable alteration or forgery of a check within 30 days of us sending you, or making available to you, the statement reflecting that check, and you must also immediately report to us what you find. Businesses should check their account transactions daily, for which various online services are available. For additional information, please see your deposit account agreement and application service agreement(s) for details. See also the consumer disclosures below.

**CONSUMER ACCOUNTS: IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC TRANSFERS OR MONEY RESERVE TRANSACTIONS**
If you think your statement is wrong, or if you need more information about a transfer on this statement or on a receipt, please telephone or write us. Please use the telephone number or address listed on the front of this statement to contact us as you can. **We must hear from you no later than 60 days after we sent or made available the FIRST statement on which the problem or error appeared.** The provisions in this paragraph do not apply to business or other non-personal accounts. The owners of those accounts must settle all unauthorized transactions or errors within 24 hours of receipt of the item posting in order to be returned.

1.  Tell us your name and account number.
2.  Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
3.  Tell us the dollar amount of the suspected error.

We will investigate your complaint and correct any error promptly. If we take more than 10 business days to do this, we will recredit your account for the amount you think is in error, so that you will have use of the money during the time it takes us to complete our investigation.

**FOR MONEY RESERVE ACCOUNTS:**

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR PERSONAL CREDIT LINE**
*(This is a Summary of Your Billing Rights).*
If you think your statement is wrong, or if you need more information about a transaction on your statement, write us at the address on the front of this statement as soon as possible. **We must hear from you no later than 60 days after we sent you the first statement on which the error or problem appeared.**

You can telephone us but doing so will not preserve your rights. In your letter, give us the following information.

1.  Your name and account number.
2.  The dollar amount of the suspected error.
3.  Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question. You must notify us in writing. You can telephone us, but doing so will not preserve your rights. Contact us at California Bank & Trust, PO Box 25787, Salt Lake City, UT 84125-0787.

**Balance Subject to Interest Rate:** We use the method called "average daily balance", (including current transactions) to calculate the daily balance. If you have any further questions about the method and how resulting interest charges are determined, please feel free to contact us at 1-800-400-6080.

**We may report information about your Money Reserve account to credit bureaus.** Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

**Please notify us if we report any inaccurate information about your account(s) to a credit bureau.** Your written notice describing the specific inaccuracy should be sent to us at the following address: California Bank & Trust, PO Box 25787, Salt Lake City, UT  84125-0787.

*Thank you for banking with California Bank & Trust.*

**Become an Online Banking Customer for 24-hour account access.**

•Review account balances  •Review posted transactions  • Pay bills • Transfer funds
**Sign up today at www.calbanktrust.com or call 888-217-1265.**

CALIFORNIA BANK
T R U S T

Page 3 of 4
September 29, 2017
EAGAN AVENATTI LLP
5792780339

P.O. Box 489, Lawndale, CA  90260-0489

**DAILY BALANCES**

| Date | Balance | | Date | Balance |
|------|---------|---|------|---------|
| 09/19 | 236.69 | | 09/29 | 226.69 |

A division of ZB, N.A. Member FDIC

0050867-0000002-0121637

This page intentionally left blank

0050867-0000002-0121637

# SENTENCING EXHIBIT 38

Case 8:17-bk-11961-LVS   Document 922  Filed 02/15/18   Entered 02/15/18 17:10:26   Desc
Main Document   Page 1 of 34

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
CENTRAL DISTRICT OF CALIFORNIA

| In Re:<br><br>EAGAN AVENATTI, LLP<br><br>Debtor(s). | CHAPTER 11 (BUSINESS)<br><br>Case Number: 8:17-bk-11961-CB<br>Operating Report Number: 11<br>For the Month Ending: 1/31/2018 |
|---|---|

## I. CASH RECEIPTS AND DISBURSEMENTS
## A. (GENERAL ACCOUNT*)

1. TOTAL RECEIPTS PER ALL PRIOR GENERAL ACCOUNT REPORTS      2,682,864.83

2. LESS: TOTAL DISBURSEMENTS PER ALL PRIOR GENERAL ACCOUNT REPORTS      2,673,854.29

3. BEGINNING BALANCE:      9,010.54

4. RECEIPTS DURING CURRENT PERIOD:
   Accounts Receivable - Post-filing      232,221.11
   Accounts Receivable - Pre-filing
   General Sales
   Other (Specify)
   **Other (Specify)

   TOTAL RECEIPTS THIS PERIOD:      232,221.11

5. BALANCE:      241,231.65

6. LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
   Transfers to Other DIP Accounts (from page 2)      91,500.00
   Disbursements (from page 2)      138,920.32

   TOTAL DISBURSEMENTS THIS PERIOD:***      230,420.32

7. ENDING BALANCE:      10,811.33

8. General Account Number(s):      313

   Depository Name & Location:      California Bank & Trust
                                    Irvine, CA

\*  All receipts must be deposited into the general account.
\** Include receipts from the sale of any real or personal property out of the ordinary course of business; attach an exhibit specifying what was sold,
    to whom, terms, and date of Court Order or Report of Sale.
\***This amount should be the same as the total from page 2.

TOTAL DISBURSEMENTS FROM DIP GENERAL ACCOUNT 0321 FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee or DIP account | Purpose | *Amount Transfered | **Amount Disbursed | Amount |
|---|---|---|---|---|---|---|
| 1/2/2018 | ACH | Cox | Phone | | 1,982.10 | 1,982.10 |
| 1/2/2018 | ACH | Cox | Phone | | 170.49 | 170.49 |
| 1/2/2018 | ACH | Blue Cross | Insurance | | 13,942.91 | 13,942.91 |
| 1/2/2018 | 1146 | US Attorney's Office | Taxes | | 12,475.54 | 12,475.54 |
| 1/3/2018 | 9999 | Cash | Supplies | | 3,000.00 | 3,000.00 |
| 1/5/2018 | 1147 | International Church | Rent | | 5,364.07 | 5,364.07 |
| 1/8/2018 | 1148 | Ace Parking | Rent | | 2,000.00 | 2,000.00 |
| 1/8/2018 | 1149 | The Irvine Company | Rent | | 1,332.00 | 1,332.00 |
| 1/8/2018 | 1150 | The Irvine Company | Rent | | 51,931.00 | 51,931.00 |
| 1/8/2018 | 1151 | The Irvine Company | Rent | | 128.00 | 128.00 |
| 1/10/2018 | ACH | First Insurance | Insurance | | 5,724.01 | 5,724.01 |
| 1/10/2018 | ACH | Verizon | Phone | | 6,743.13 | 6,743.13 |
| 1/10/2018 | 1152 | Natalia Bonilla | Reimbursement - Supplies | | 34.00 | 34.00 |
| 1/10/2018 | 1153 | Ahmed Ibrahim | Reimbursement - Case Related | | 1,288.74 | 1,288.74 |
| 1/10/2018 | 1154 | Allied | Office | | 150.00 | 150.00 |
| 1/10/2018 | 1155 | AT&T | Phone | | 45.29 | 45.29 |
| 1/10/2018 | 1156 | Central Communicati | Phone | | 159.00 | 159.00 |
| 1/10/2018 | 1157 | Cross Plans | Payroll/401k | | 460.00 | 460.00 |
| 1/10/2018 | 1158 | D.O.S. | Supplies | | 437.50 | 437.50 |
| 1/10/2018 | 1160 | John Arden | Reimbursement - Case Related | | 176.58 | 176.58 |
| 1/10/2018 | 1161 | James Cameron | Reimbursement - Case Related | | 358.39 | 358.39 |
| 1/10/2018 | 1162 | Judy Regnier | Reimbursement - Case/Office | | 6,392.82 | 6,392.82 |
| 1/10/2018 | 1163 | Martindale | Office | | 959.25 | 959.25 |
| 1/10/2018 | 1164 | Paperstreet | Office | | 270.00 | 270.00 |
| 1/10/2018 | 1165 | PB Purchase | Postage | | 337.91 | 337.91 |
| 1/10/2018 | 1166 | Rest Your Case | Case Related | | 630.00 | 630.00 |
| 1/10/2018 | 1167 | Suzy Garcia | Reimbursement - Case Related | | 125.49 | 125.49 |
| 1/10/2018 | 1168 | Shred-It | Office | | 269.52 | 269.52 |
| 1/11/2018 | ACH | California Bank & T | Bank Charges | | 144.00 | 144.00 |
| 1/11/2018 | ACH | Staples | Supplies | | 3,644.36 | 3,644.36 |
| 1/15/2018 | | DIP 0321 Payroll | Payroll | 47,000.00 | | 47,000.00 |
| 1/17/2018 | ACH | Staples | Supplies | | 424.24 | 424.24 |
| 1/21/2018 | ACH | California Bank & T | Bank Analysis Fee | | 507.50 | 507.50 |
| 1/22/2018 | 1169 | Rest Your Case | Case Related | | 498.50 | 498.50 |
| 1/25/2018 | 1170 | D.O.S. | Supplies | | 2,268.90 | 2,268.90 |
| 1/31/2018 | | DIP 0321 Payroll | Payroll | 44,500.00 | | 44,500.00 |
| 1/31/2018 | ACH | Blue Cross | Insurance | | 14,545.08 | 14,545.08 |
| | | | | | | |
| | | | | | | 0.00 |
| | | TOTAL DISBURSEMENTS THIS PERIOD: | | 91,500.00 | 138,920.32 | $230,420.32 |

* Fill in amounts in this column if they are TRANSFERS to another DIP account (e.g. Payroll or Tax); the "amount" column will be filled in for you.

** Fill in amounts in this column if they are DISBURSEMENTS to outside payees; the "amount" column will be filled in for you.

GENERAL ACCOUNT DIP 03
BANK RECONCILIATION

| Bank statement Date: | 1/31/2018 | Balance on Statement: | $65,854.48 |

Plus deposits in transit (a):

| | Deposit Date | Deposit Amount |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

TOTAL DEPOSITS IN TRANSIT                                          0.00

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| 1098 | 9/20/2017 | 275.00 |
| Transfer | 1/31/2018 | 44,500.00 |
| ACH | 1/31/2018 | 14,545.08 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

TOTAL OUTSTANDING CHECKS:                                         59,320.08

Bank statement Adjustments:
Explanation of Adjustments-



ADJUSTED BANK BALANCE:                                            $6,534.40

\* It is acceptable to replace this form with a similar form
\*\* Please attach a detailed explanation of any bank statement adjustment

## I. CASH RECEIPTS AND DISBURSEMENTS
## B. (PAYROLL ACCOUNT)

1. TOTAL RECEIPTS PER ALL PRIOR PAYROLL ACCOUNT REPORTS      739,210.00

2. LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR PAYROLL ACCOUNT REPORTS      738,388.39

3. BEGINNING BALANCE:      821.61

4. RECEIPTS DURING CURRENT PERIOD:
   (Transferred from General Account)      91,500.00

5. BALANCE:      92,321.61

6. LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
   TOTAL DISBURSEMENTS THIS PERIOD:***      88,708.54

7. ENDING BALANCE:      3,613.07

8. PAYROLL Account Number(s):      O321

     Depository Name & Location:      California Bank & Trust
                                    Irvine, CA

PAYROLL ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
| 1/11/2018 | ACH | Paychex | Payroll Expenses | 210.05 |
| 1/15/2018 | 52585 | Emily Abbinanti | Payroll | 1,091.29 |
| 1/15/2018 | 52586 | John N. Arden | Payroll | 5,317.09 |
| 1/15/2018 | 52587 | Natalia Bonilla | Payroll | 2,378.96 |
| 1/15/2018 | 52588 | Thomas Cassaro | Payroll | 2,026.01 |
| 1/15/2018 | 52589 | Carlos Colorado | Payroll | 5,778.61 |
| 1/15/2018 | 52590 | Maria A. Garcia | Payroll | 4,401.92 |
| 1/15/2018 | 52591 | Thomas E. Gray | Payroll | 2,189.31 |
| 1/15/2018 | 52592 | Ahmed I. Ibrahim | Payroll | 7,542.45 |
| 1/15/2018 | 52593 | Judy K. Regnier | Payroll | 5,063.68 |
| 1/15/2018 | 52594 | Alexendria M. Reyes | Payroll | 1,464.18 |
| 1/15/2018 | 52595 | Damon L. Rogers | Payroll | 2,540.05 |
| 1/15/2018 | 52596 | Hillary Wollett | Payroll | 1,679.41 |
| 1/15/2018 | ACH | John Hancock | Employee 401k Contributions | 1,807.54 |
| 1/31/2018 | 52598 | Emily Abbinanti | Payroll | 894.78 |
| 1/31/2018 | 52599 | John N. Arden | Payroll | 5,486.59 |
| 1/31/2018 | 52600 | Natalia Bonilla | Payroll | 2,449.41 |
| 1/31/2018 | 52601 | Thomas Cassaro | Payroll | 2,061.09 |
| 1/31/2018 | 52602 | Carlos Colorado | Payroll | 5,954.69 |
| 1/31/2018 | 52603 | Alfredo Garcia | Payroll | 1,291.88 |
| 1/31/2018 | 52604 | Maria A. Garcia | Payroll | 4,257.83 |
| 1/31/2018 | 52605 | Thomas E. Gray | Payroll | 2,276.35 |
| 1/31/2018 | 52606 | Ahmed I. Ibrahim | Payroll | 7,931.95 |
| 1/31/2018 | 52607 | Judy K. Regnier | Payroll | 5,298.53 |
| 1/31/2018 | 52608 | Alexendria M. Reyes | Payroll | 1,503.94 |
| 1/31/2018 | 52609 | Damon L. Rogers | Payroll | 2,545.86 |
| 1/31/2018 | 52610 | Hillary Wollett | Payroll | 1,457.55 |
| 1/31/2018 | ACH | John Hancock | Employee 401k Contributions | 1,807.54 |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 88,708.54 |

## BANK RECONCILIATION

| Bank statement Date: | 1/31/2018 | Balance on Statement: | ($9,362.66) |

Plus deposits in transit (a):

| | Deposit Date | Deposit Amount |
|---|---|---|
| | 1/31/2018 | 44,500.00 |

TOTAL DEPOSITS IN TRANSIT: **44,500.00**

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| ACH | 1/31/2018 | 1,807.54 |
| 52598 | 1/31/2018 | 894.78 |
| 52599 | 1/31/2018 | 5,486.59 |
| 52600 | 1/31/2018 | 2,449.41 |
| 52601 | 1/31/2018 | 2,061.09 |
| 52602 | 1/31/2018 | 5,954.69 |
| 52603 | 1/31/2018 | 1,291.88 |
| 52605 | 1/31/2018 | 2,276.35 |
| 52607 | 1/31/2018 | 5,298.53 |
| 52609 | 1/31/2018 | 2,545.86 |
| 52610 | 1/31/2018 | 1,629.73 |

TOTAL OUTSTANDING CHECKS: **31,696.45**

Bank statement Adjustments:

Explanation of Adjustments-

ADJUSTED BANK BALANCE: **$3,440.89**

\* It is acceptable to replace this form with a similar form
\*\* Please attach a detailed explanation of any bank statement adjustment

# 1. CASH RECEIPTS AND DISBURSEMENTS

## C. (TAX ACCOUNT)

1. TOTAL RECEIPTS PER ALL PRIOR TAX ACCOUNT REPORTS                 334,440.00

2. LESS:  TOTAL DISBURSEMENTS PER ALL PRIOR TAX                      334,423.20
ACCOUNT REPORTS

3. BEGINNING BALANCE:                                                     16.80

4. RECEIPTS DURING CURRENT PERIOD:                                         0.00
   (Transferred from General Account)

5. BALANCE:                                                               16.80

6. LESS: TOTAL DISBURSEMENTS DURING CURRENT PERIOD
   TOTAL DISBURSEMENTS THIS PERIOD:***                                    10.00

7. ENDING BALANCE:                                                         6.80

8. TAX Account Number(s):              O339

   Depository Name & Location:         California Bank & Trust
                                       Irvine, CA

## TOTAL DISBURSEMENTS FROM TAX ACCOUNT FOR CURRENT PERIOD

| Date mm/dd/yyyy | Check Number | Payee | Purpose | Amount |
|---|---|---|---|---|
| 1/31/2018 | ACH | CBT | Bank Fee | 10.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DISBURSEMENTS THIS PERIOD: | 10.00 |

## BANK RECONCILIATION

| Bank statement Date: | 1/31/2018 | Balance on Statement: | $6.80 |

Plus deposits in transit (a):

| | Deposit Date | Deposit Amount |
|---|---|---|
| | _____ | _____ |
| | _____ | _____ |
| | _____ | _____ |
| | _____ | _____ |
| | _____ | _____ |
| | _____ | _____ |

TOTAL DEPOSITS IN TRANSIT                                    | 0.00 |

Less Outstanding Checks (a):

| Check Number | Check Date | Check Amount |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

TOTAL OUTSTANDING CHECKS:                                    | 0.00 |

Bank statement Adjustments:                                  _____

Explanation of Adjustments-

> [                                                                    ]

ADJUSTED BANK BALANCE:                                       | $6.80 |

\* It is acceptable to replace this form with a similar form

\*\* Please attach a detailed explanation of any bank statement adjustment

I. D SUMMARY SCHEDULE OF CASH

## ENDING BALANCES FOR THE PERIOD:

<span style="font-size:smaller">(Provide a copy of monthly account statements for each of the below)</span>

|  |  |  |
|---|---|---|
| General Account: | | 6,534.40 |
| Payroll Account: | | 3,440.89 |
| Tax Account: | | 6.80 |
| *Other Accounts: | | |
| | | |
| *Other Monies: | | |
| **Petty Cash (from below): | | 0.00 |

## TOTAL CASH AVAILABLE: 

| | 9,982.09 |

## Petty Cash Transactions:

| Date | Purpose | Amount |
|------|---------|--------|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

## TOTAL PETTY CASH TRANSACTIONS: 

| | 0.00 |

<span style="font-size:smaller">* Specify the Type of holding (e.g. CD, Savings Account, Investment Security), and the depository name, location & account#</span>
<span style="font-size:smaller">** Attach Exhibit Itemizing all petty cash transactions</span>

## II. STATUS OF PAYMENTS TO SECURED CREDITORS, LESSORS
### AND OTHER PARTIES TO EXECUTORY CONTRACTS

| Creditor, Lessor, Etc. | Frequency of Payments (Mo/Qtr) | Amount of Payment | Post-Petition payments not made (Number) | Total Due |
|---|---|---|---|---|
| The Irvine Company | Mo | 1,332.00 | 0 | 0.00 |
| The Irvine Company | Mo | 128.00 | 0 | 0.00 |
| The Irvine Company | Mo | 51,931.00 | 0 | 0.00 |
| Ace Parking | Mo | 2,000.00 | 0 | 0.00 |
| Int'l Church of Foursquare | Mo | 4,845.29 | 0 | 0.00 |
| Ricoh | Mo | 2,136.61 | 0 | 0.00 |
| Pitney Bowes | Qtr | 421.26 | 0 | 0.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | TOTAL DUE: | 0.00 |

## III. TAX LIABILITIES

FOR THE REPORTING PERIOD:

Gross Sales Subject to Sales Tax: _____ 0.00
Total Wages Paid: _____ 127,384.69

| | Total Post-Petition Amounts Owing | Amount Delinquent | Date Delinquent Amount Due |
|---|---|---|---|
| Federal Withholding | 41,256.68 | | |
| State Withholding | 17,251.59 | | |
| FICA- Employer's Share | 15,270.11 | | |
| FICA- Employee's Share | 14,688.86 | | |
| Federal Unemployment | | | |
| Sales and Use | | | |
| Real Property | | | |
| Other: | | | |
| TOTAL: | 88,467.24 | 0.00 | |

## IV. AGING OF ACCOUNTS PAYABLE AND RECEIVABLE

|  | Accounts Payable Post-Petition | Accounts Receivable | |
|---|---|---|---|
|  |  | Pre-Petition | Post-Petition |
| 30 days or less | 36,582.57 | | |
| 31 - 60 days | 25,399.11 | | |
| 61 - 90 days | 24,629.30 | | |
| 91 - 120 days | 48,767.20 | | |
| Over 120 days | | | |
| TOTAL: | 135,378.18 | 0.00 | 0.00 |

## V. INSURANCE COVERAGE

|  | Name of Carrier | Amount of Coverage | Policy Expiration Date | Premium Paid Through (Date) |
|---|---|---|---|---|
| General Liability | The Hartford | | 8/20/2018 | 2/20/2018 |
| Worker's Compensation | The Hartford | | 8/20/2018 | 2/20/2018 |
| Malpractice | New York Marine | 3m | 8/20/2018 | 2/20/2018 |
| Vehicle | | | | |
| Others: | | | | |
|  | | | | |

## VI. UNITED STATES TRUSTEE QUARTERLY FEES
## (TOTAL PAYMENTS)

| Quarterly Period Ending (Date) | Total Disbursements | Quarterly Fees | Date Paid | Amount Paid | Quarterly Fees Still Owing |
|---|---|---|---|---|---|
| 31-Mar-2017 | 160,872.00 | 1,625.00 | 24-May-2017 | 1,625.00 | 0.00 |
| 30-Jun-2017 | 838,087.06 | 4,875.00 | 27-Jul-2017 | 4,875.00 | 0.00 |
| 30-Sep-2017 | 1,059,521.08 | 6,500.00 | 24-Oct-2017 | 6,500.00 | 0.00 |
| 31-Dec-2017 | 615,374.15 | 4,875.00 | | | 4,875.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | | | | 0.00 |
| | | 17,875.00 | | 13,000.00 | 4,875.00 |

## VII SCHEDULE OF COMPENSATION PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | *Authorized Gross Compensation | Gross Compensation Paid During the Month |
|---|---|---|---|
| | | | NONE |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## VIII.  SCHEDULE OF OTHER AMOUNTS PAID TO INSIDERS

| Name of Insider | Date of Order Authorizing Compensation | Description | Amount Paid During the Month |
|---|---|---|---|
| | | | NONE |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

* Please indicate how compensation was identified in the order (e.g. $1,000/week, $2,500/month)

IX. PROFIT AND LOSS STATEMENT
(ACCRUAL BASIS ONLY)

|  | Current Month | Cumulative Post-Petition |
|---|---|---|
| Sales/Revenue: | | |
| Gross Accounts Receivable | 232,221.11 | 19,507,150.94 |
| Other - Accrued Legal Fees | 270,000.00 | 3,387,400.00 |
| Revenue | 502,221.11 | 22,894,550.94 |
| Cost of Goods Sold: | | |
| Beginning Inventory at cost | | |
| Purchases | | |
| Less: Ending Inventory at cost | | |
| Cost of Goods Sold (COGS) | 0.00 | 0.00 |
| Gross Profit | 502,221.11 | 22,894,550.94 |
| Other Operating Income (Itemize) | | |
| Operating Expenses: | | |
| Payroll - Insiders | 0.00 | 0.00 |
| Payroll - Other Employees | 89,770.77 | 1,152,537.42 |
| Payroll Taxes | 47,260.06 | 554,485.73 |
| Other Taxes (Personal Property - County of Orange) | 0.00 | 2,335.98 |
| Depreciation and Amortization | 0.00 | 0.00 |
| Rent Expense - Real Property | 60,236.29 | 665,019.59 |
| Lease Expense - Personal Property | 2,136.61 | 24,955.93 |
| Insurance | 20,269.09 | 206,538.52 |
| Real Property Taxes | 0.00 | 0.00 |
| Telephone and Utilities | 3,931.20 | 40,098.19 |
| Repairs and Maintenance | 437.50 | 13,093.51 |
| Office Supplies/Expense | 844.70 | 25,504.71 |
| Case Related Costs | 11,507.52 | 378,605.71 |
| Total Operating Expenses | 236,393.74 | 3,071,940.88 |
| Net Gain/(Loss) from Operations | 265,827.37 | 19,822,610.06 |
| Non-Operating Income: | | |
| Interest Income | | |
| Net Gain on Sale of Assets (Itemize) | | |
| Other (Itemize) | | |
| Total Non-Operating income | 0.00 | 0.00 |
| Non-Operating Expenses: | | |
| Legal and Professional (Baker/Hostetler) | 0.00 | 1,909.00 |
| Legal and Professional (PSZJ - May) | 0.00 | 188,432.03 |
| Legal and Professional (PSZJ - June) | 0.00 | 277,051.53 |
| Committee's Fees/Expenses (July) | 0.00 | 19,062.79 |
| Legal and Professional (PSZJ - July) | 0.00 | 239,107.04 |
| Committee's Fees/Expenses (August) | 0.00 | 34,250.49 |
| Legal and Professional (PSZJ - August) | 0.00 | 214,946.11 |
| Committee's Fees/Expenses (Sept) | 0.00 | 4,173.19 |
| Legal and Professional (PSZJ - Sept Est.) | 0.00 | 78,000.00 |
| Committee's Fees/Expenses (October) | 0.00 | 6,804.13 |
| Legal and Professional (PSZJ - October) | 0.00 | 110,809.46 |

| | | |
|---|--:|--:|
| Committee's Fees/Expenses (November) | | 3,055.00 |
| Legal and Professional (PSZJ - Est. Nov.) | 0.00 | 96,732.09 |
| Committee's Fees/Expenses (December Est) | 0.00 | 6,750.00 |
| Legal and Professional (PSZJ - December) | 0.00 | 88,995.80 |
| Committee's Fees/Expenses (January) | 39,224.72 | 39,224.72 |
| Legal and Professional (PSZJ - January Est.) | 124,836.60 | 124,836.60 |
| Total Non-Operating Expenses | 164,061.32 | 1,534,139.98 |
| | | |
| NET INCOME/(LOSS) | 101,766.05 | 18,288,470.08 |

(ACCRUAL BASIS ONLY)

| ASSETS | Current Month End | |
|---|---|---|
| Current Assets: | | |
| Unrestricted Cash | 9,982.09 | |
| Restricted Cash | 110,120.91 | |
| Accounts Receivable | | |
| Inventory | | |
| Notes Receivable | 100,000.00 | |
| Prepaid Expenses | | |
| Other (Itemize) | | |
| Total Current Assets | | 220,103.00 |
| Property, Plant, and Equipment | 150,000.00 | |
| Accumulated Depreciation/Depletion | | |
| Net Property, Plant, and Equipment | | 150,000.00 |
| Other Assets (Net of Amortization): | | |
| Fees/Costs Due From Contingency Cases | 45,000,000.00 | |
| Other (Art) | 50,000.00 | |
| Total Other Assets | | 45,050,000.00 |
| TOTAL ASSETS | | 45,420,103.00 |
| LIABILITIES | | |
| Post-petition Liabilities: | | |
| Accounts Payable | 135,378.18 | |
| Taxes Payable | | |
| Notes Payable | | |
| Professional fees | 1,534,139.98 | |
| Secured Debt | | |
| Other (Itemize) | | |
| Total Post-petition Liabilities | | 1,669,518.16 |
| Pre-petition Liabilities: | | |
| Secured Liabilities | 773,686.22 | |
| Priority Liabilities | 1,762,810.48 | |
| Unsecured Liabilities | 18,019,579.29 | |
| Other (Itemize) | | |
| Total Pre-petition Liabilities | | 20,556,075.99 |
| TOTAL LIABILITIES | | 22,225,594.15 |
| EQUITY: | | |
| Pre-petition Owners' Equity | 25,760,340.47 | |
| Post-petition Profit/(Loss) | (2,565,831.62) | |
| Direct Charges to Equity | | |
| TOTAL EQUITY | | 23,194,508.85 |
| TOTAL LIABILITIES & EQUITY | | 45,420,103.00 |

|   |   | No | Yes |
|---|---|----|-----|
| 1. | Has the debtor-in-possession made any payments on its pre-petition unsecured debt, except as have been authorized by the court?  If "Yes", explain below: | X | ___ |

_____

|   |   | No | Yes |
|---|---|----|-----|
| 2. | Has the debtor-in-possession during this reporting period provided compensation or remuneration to any officers, directors, principals, or other insiders without appropriate authorization?  If "Yes", explain below: | X | ___ |

_____

3.  State what progress was made during the reporting period toward filing a plan of reorganization

_____

4.  Describe potential future developments which may have a significant impact on the case:

5.  Attach copies of all Orders granting relief from the automatic stay that were entered during the reporting period.

|   |   | No | Yes |
|---|---|----|-----|
| 6. | Did you receive any exempt income this month, which is not set forth in the operating report?  If "Yes", please set forth the amounts and sources of the income below. | X | ___ |

_____

I,  Michael J. Avenatti, Managing Partner,
declare under penalty of perjury that I have fully read and understood the foregoing debtor-in-possession operating report and that the information contained herein is true and complete to the best of my knowledge.

2-15-18
_____                    _____
Date                                    Page 16 of 16        Principal for debtor-in-possession



**CALIFORNIA BANK**
**TRUST**

P.O. Box 489, Lawndale, CA 90260-0489

**Statement of Accounts**
Page 1 of 8
This Statement: January 31, 2018
Last Statement: December 29, 2017

Account 5792780313

**DIRECT INQUIRIES TO:**
Customer Service  1 (800) 400-6080

0042036                    4032-06-0000-CBT-PC0023-00033

EAGAN AVENATTI LLP
DEBTOR-IN-POSSESSION CASE 8:17-
BK-11961-CB
GENERAL ACCOUNT
520 NEWPORT CENTER DR STE 1400
NEWPORT BEACH CA  92660-7020

Irvine Branch
1900 Main St.  Suite 100
Irvine, CA 92614-0000
(949) 223-7500

---

## SUMMARY OF ACCOUNT BALANCE

| Account Type | Account Number | Checking/Savings Ending Balance | Outstanding Balances Owed |
|---|---|---|---|
| Business Essentials Checking | 5792780313 | $65,854.48 | |

---

### BUSINESS ESSENTIALS CHECKING 5792780313                    104   33

| Previous Balance | Deposits/Credits | Charges/Debits | Checks Processed | Ending Balance |
|---|---|---|---|---|
| 17,484.15 | 232,221.11 | 80,282.74 | 103,568.04 | 65,854.48 |

#### 7 DEPOSITS/CREDITS

| Date | Amount | Description |
|---|---|---|
| 01/02 | 15,000.00 | DEPOSIT 5353133982 |
| 01/04 | 15,000.00 | DEPOSIT 5353077844 |
| 01/08 | 11,718.75 | DEPOSIT 5353145578 |
| 01/09 | 14.14 | DEPOSIT 5353079666 |
| 01/11 | 111,113.22 | DEPOSIT 5353011717 |
| 01/23 | 30,000.00 | DEPOSIT 5353021615 |
| 01/31 | 49,375.00 | DEPOSIT 5353059363 |

#### 11 CHARGES/DEBITS

| Date | Amount | Description |
|---|---|---|
| 01/02 | 13,942.91 | ANTHEM BLUE I01O CORP P FL00046604 REF # 018002002318247  1108344953 |
| 01/04 | 170.49 | COX COMM ORG BANKDRAFT REF # 018003004234442 1108107799 |
| 01/04 | 1,982.10 | COX COMM ORG BANKDRAFT REF # 018003004234441 1108107798 |
| 01/11 | 144.00 | INSUFFICIENT FUNDS FEE-ITEM PD  1704001512 |
| 01/12 | 3,644.36 | STAPLES COMPANY 29N6QT6 100000000026389REF # 018012000371779  1107935457 |
| 01/12 | 5,724.01 | FIRST INSURANCE INSURANCE REF # 018012000370981  1107940633 |
| 01/12 | 6,743.13 | ACHMA VISB BILL PYMNT REF # 018011009713592  1107913459 |
| 01/16 | 47,000.00 | ONLINE XFER |
| 01/18 | 424.24 | STAPLES COMPANY BFIHY6R 100000000026604REF # 018018003441531  1106930288 |
| 01/22 | 435.50 | ANALYSIS SERVICE FEE |
| 01/23 | 72.00 | INSUFFICIENT FUNDS FEE-ITEM PD  1703802093 |

#### 26 CHECKS PROCESSED

| Number | Date | Amount | Number | Date | Amount | Number | Date | Amount |
|---|---|---|---|---|---|---|---|---|
| 1138 | 01/17 | 12,475.54 | 1150 | 01/10 | 51,931.00 | 1155 | 01/16 | 45.29 |
| 1146* | 01/22 | 12,475.54 | 1151 | 01/10 | 128.00 | 1156 | 01/12 | 159.00 |
| 1147 | 01/08 | 5,364.07 | 1152 | 01/11 | 34.00 | 1157 | 01/22 | 460.00 |
| 1148 | 01/12 | 2,000.00 | 1153 | 01/16 | 1,288.74 | 1158 | 01/16 | 437.50 |
| 1149 | 01/09 | 1,332.00 | 1154 | 01/17 | 150.00 | 1160* | 01/11 | 176.58 |



## An Easy Approach To Balancing Your Account

Page 2 of 8

**To reconcile your checkbook balance to your statement balance:** Mark off each entry in your check register that has been charged to your account during the statement period. List the checks you have written, but are not yet charged to your account in the "Checks Outstanding" column below. Then, follow the instructions in lines 1 through 10.

| CHECKS OUTSTANDING | | CHECKBOOK BALANCE | |
|---|---|---|---|
| Check Number | Check Amount | 1. LIST your checkbook balance. | |
| | | 2. ADD any deposits or other credits listed on the front of this statement which you have not recorded in your checkbook (such as payroll credits or other direct electronic deposits). | |
| | | 3. SUBTOTAL: | |
| | | 4. SUBTRACT any charges listed on the front of this statement which you have not recorded (such as service charges, automatic transfers, electronic transactions, etc). | |
| | | 5. ADJUSTED CHECKBOOK BALANCE: | |
| | | *This balance should agree with line 10, below.* | |
| | | **STATEMENT BALANCE** | |
| | | 6. LIST your current statement balance as shown on the front of this statement. | |
| | | 7. ADD deposits made, but not shown on this statement. | |
| | | 8. SUBTOTAL: | |
| | | 9. SUBTRACT total from "Checks Outstanding." | |
| TOTAL: | | 10. ADJUSTED STATEMENT BALANCE: | |

*Transfer to Line 9.*          *This balance should agree with line 5, above.*

**PROMPTLY EXAMINE YOUR STATEMENT AND REPORT ANY PROBLEM**
You must promptly examine your account statements and report any discoverable errors, unauthorized signatures, alterations, missing endorsements, or unauthorized transfers. Failure to do so may result in your loss of certain rights or remedies. For example, you must identify the discoverable alteration or forgery of a check within 30 days of us sending you, or making available to you, the statement reflecting that check, and you must also immediately report to us what you find. Businesses should check their account transactions daily, for which various online services are available. For additional information, please see your deposit account agreement and application service agreement(s) for details. See also the consumer disclosures below.

**CONSUMER ACCOUNTS: IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC TRANSFERS OR MONEY RESERVE TRANSACTIONS**
If you think your statement is wrong, or if you need more information about a transfer on this statement or on a receipt, please telephone or write us. Please use the telephone number or address listed on the front of this statement to contact us as you can. **We must hear from you no later than 60 days after we sent or made available the FIRST statement on which the problem or error appeared. The provisions in this paragraph do not apply to business or other non-personal accounts. The owners of those accounts must settle all unauthorized transactions or errors within 24 hours of receipt of the item posting in order to be returned.**

1. Tell us your name and account number.
2. Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
3. Tell us the dollar amount of the suspected error.

We will investigate your complaint and correct any error promptly. If we take more than 10 business days to do this, we will recredit your account for the amount you think is in error, so that you will have use of the money during the time it takes us to complete our investigation.

**FOR MONEY RESERVE ACCOUNTS:**

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR PERSONAL CREDIT LINE**
*(This is a Summary of Your Billing Rights.)*
If you think your statement is wrong, or you need more information about a transaction on your statement, write us at the address on the front of this statement as soon as possible. We must hear from you no later than 60 days after we sent you the first statement on which the error or problem appeared.

You can telephone us but doing so will not preserve your rights. In your letter, give us the following information.

1. Your name and account number.
2. The dollar amount of the suspected error.
3. Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question. You must notify us in writing. You can telephone us, but doing so will not preserve your rights. Contact us at California Bank & Trust, PO Box 25787, Salt Lake City, UT 84125-0787.

**Balance Subject to Interest Rate:** We use the method called "average daily balance", (including current transactions) to calculate the daily balance. If you have any further questions about the method and how resulting interest charges are determined, please feel free to contact us at 1-800-400-6060.

We may report information about your Money Reserve account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

Please notify us if we report any inaccurate information about your account(s) to a credit bureau. Your written notice describing the specific inaccuracy should be sent to us at the following address: California Bank & Trust, PO Box 25787, Salt Lake City, UT 84125-0787.

*Thank you for banking with California Bank & Trust.*
**Become an Online Banking Customer for 24-hour account access.**
•Review account balances •Review posted transactions • Pay bills • Transfer funds
**Sign up today at www.calbanktrust.com or call 888-217-1265.**

Case 8:19-bk-00061-JVS    Document 1023-2 Filed 10/24/22    Page 208 of 256    Page ID
#:24941



Page 3 of 8
January 31, 2018
EAGAN AVENATTI LLP
5792780313

CALIFORNIA BANK
TRUST

P.O. Box 489, Lawndale, CA 90260-0489

Continued ...

| Number | Date | Amount | Number | Date | Amount | Number | Date | Amount |
|--------|------|--------|--------|------|--------|--------|------|--------|
| 1161 | 01/10 | 358.39 | 1165 | 01/17 | 337.91 | 1169 | 01/24 | 498.50 |
| 1162 | 01/11 | 6,392.82 | 1166 | 01/23 | 630.00 | 1170 | 01/29 | 2,268.90 |
| 1163 | 01/12 | 959.25 | 1167 | 01/10 | 125.49 | 9999* | 01/03 | 3,000.00 |
| 1164 | 01/16 | 270.00 | 1168 | 01/12 | 269.52 | | | |

* Not in check sequence

A division of ZB, N.A. Member FDIC

0042036-0000002-0114239

**California Bank & Trust**

This page intentionally left blank

0042036-0000002-0114239



| | |
|---|---|
| Ref# 53133982   $15000.00 | Ref# 53077844   $15000.00 |
| Ref# 53145578   $11718.75 | Ref# 53079666   $14.14 |
| Ref# 53011717   $111113.22 | Ref# 53021615   $30000.00 |
| Ref# 53059363   $49375.00 | Ref# 53069780   $12475.54   Ch# 1138 |



Ref# 53100254   $12475.54   Ch# 1146



Ref# 53172324   $5364.07   Ch# 1147



California Bank & Trust    ACCOUNT # 5792780313

This Statement:
January 31, 2018
Page 6 of 8

Ref# 53003655    $2000.00    Ch# 1148

Ref# 53091834    $1332.00    Ch# 1149

Ref# 53001956    $51931.00    Ch# 1150

Ref# 53001953    $128.00    Ch# 1151

Ref# 53061211    $34.00    Ch# 1152

Ref# 53184090    $1288.74    Ch# 1153

Ref# 53053716    $150.00    Ch# 1154

Ref# 53123899    $45.29    Ch# 1155

Ref# 53107267    $159.00    Ch# 1156

Ref# 53025830    $460.00    Ch# 1157

0042036-0000003-0114240

# California Bank & Trust

ACCOUNT # 5792780313



Ref# 53124359        $437.50        Ch# 1158

Ref# 53053706        $176.58        Ch# 1160

Ref# 53081547        $358.39        Ch# 1161

Ref# 53056901        $6392.82       Ch# 1162

Ref# 53005617        $959.25        Ch# 1163

Ref# 53137445        $270.00        Ch# 1164

Ref# 53070809        $337.91        Ch# 1165

Ref# 53052760        $630.00        Ch# 1166

Ref# 53058529        $125.49        Ch# 1167

Ref# 53053315        $269.52        Ch# 1168

# California Bank & Trust

ACCOUNT # 5792780313



Ref# 53073388      $498.50      Ch# 1169



Ref# 53081995      $2268.90      Ch# 1170

Ref# 53118885      $3000.00      Ch# 9999

0042036-0000004-0114241



CALIFORNIA BANK
TRUST

P.O. Box 489, Lawndale, CA  90260-0489

**Statement of Accounts**
Page 1 of 7
This Statement: January 31, 2018
Last Statement: December 29, 2017

Account 5792780321

**DIRECT INQUIRIES TO:**
Customer Service  1 (800) 400-6080

0042037                   4032-06-0000-CBT-PG0023-00023

EAGAN AVENATTI LLP
DEBTOR-IN-POSSESSION CASE 8:17-
BK-11961-CB
PAYROLL ACCOUNT
520 NEWPORT CENTER DR STE 1400
NEWPORT BEACH CA  92660-7020

Irvine Branch
1900 Main St.   Suite 100
Irvine, CA 92614-0000
(949) 223-7500

## SUMMARY OF ACCOUNT BALANCE

| Account Type | Account Number | Checking/Savings Ending Balance | Outstanding Balances Owed |
|---|---|---|---|
| Business Essentials Checking | 5792780321 | -$9,362.66 | |

## BUSINESS ESSENTIALS CHECKING 5792780321                                   104   25

| Previous Balance | Deposits/Credits | Charges/Debits | Checks Processed | Ending Balance |
|---|---|---|---|---|
| 39,559.11 | 47,000.00 | 2,911.03 | 93,010.74 | -9,362.66 |

### 1 DEPOSIT/CREDIT

| Date | Amount | Description |
|---|---|---|
| 01/16 | 47,000.00 | ONLINE XFER |

### 3 CHARGES/DEBITS

| Date | Amount | Description |
|---|---|---|
| 01/04 | 893.44 | JOHN HANCOCK ACH DEBIT 0077281 REF # 018003004773289  1108117020 |
| 01/12 | 210.05 | PAYCHEX EIB INVOICE X7457320000114REF # 018012000373658  1107935485 |
| 01/17 | 1,807.54 | JOHN HANCOCK ACH DEBIT 0077281 REF # 018016002274899  1108524281 |

### 25 CHECKS PROCESSED

| Number | Date | Amount | Number | Date | Amount | Number | Date | Amount |
|---|---|---|---|---|---|---|---|---|
| 52572 | 01/02 | 767.36 | 52583 | 01/04 | 2,012.57 | 52592 | 01/16 | 7,542.45 |
| 52573 | 01/02 | 6,535.96 | 52585* | 01/16 | 1,091.29 | 52593 | 01/16 | 5,063.68 |
| 52575* | 01/03 | 2,024.00 | 52586 | 01/16 | 5,317.09 | 52594 | 01/16 | 1,464.18 |
| 52576 | 01/03 | 6,378.15 | 52587 | 01/16 | 2,378.96 | 52595 | 01/16 | 2,540.05 |
| 52578* | 01/03 | 2,188.63 | 52588 | 01/17 | 2,026.01 | 52596 | 01/16 | 1,679.41 |
| 52579 | 01/03 | 8,321.80 | 52589 | 01/16 | 5,778.61 | 52604* | 01/31 | 4,257.83 |
| 52580 | 01/02 | 5,611.35 | 52590 | 01/16 | 4,401.92 | 52606* | 01/31 | 7,931.95 |
| 52581 | 01/02 | 1,464.23 | 52591 | 01/16 | 2,189.31 | 52608* | 01/31 | 1,503.94 |
| 52582 | 01/02 | 2,540.01 | | | | | | |

*\* Not in check sequence*

## An Easy Approach To Balancing Your Account

Page 2 of 7

**To reconcile your checkbook balance to your statement balance:** Mark off each entry in your check register that has been charged to your account during the statement period. List the checks you have written, but are not yet charged to your account in the "Checks Outstanding" column below. Then, follow the instructions in lines 1 through 10.

| CHECKS OUTSTANDING | |
|---|---|
| Check Number | Check Amount |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| TOTAL: | |

*Transfer to Line 9.*

| CHECKBOOK BALANCE | |
|---|---|
| 1. LIST your checkbook balance. | |
| 2. ADD any deposits or other credits listed on the front of this statement which you have not recorded in your checkbook (such as payroll credits or other direct electronic deposits). | |
| 3. SUBTOTAL: | |
| 4. SUBTRACT any charges listed on the front of this statement which you have not recorded (such as service charges, automatic transfers, electronic transactions, etc). | |
| 5. ADJUSTED CHECKBOOK BALANCE: | |

*This balance should agree with line 10, below.*

| STATEMENT BALANCE | |
|---|---|
| 6. LIST your current statement balance as shown on the front of this statement. | |
| 7. ADD deposits made, but not shown on this statement. | |
| 8. SUBTOTAL: | |
| 9. SUBTRACT total from "Checks Outstanding." | |
| 10. ADJUSTED STATEMENT BALANCE: | |

*This balance should agree with line 5, above.*

**PROMPTLY EXAMINE YOUR STATEMENT AND REPORT ANY PROBLEM**
You must promptly examine your account statements and report any discoverable errors, unauthorized signatures, alterations, missing endorsements, or unauthorized transfers. Failure to do so may result in your loss of certain rights or remedies. For example, you must identify the discoverable alteration or forgery of a check within 30 days of us sending you, or making available to you, the statement reflecting that check, and you must also immediately report to us what you find. Businesses should check their account transactions daily, for which various online services are available. For additional information, please see your deposit account agreement and application service agreement(s) for details. See also the consumer disclosures below.

**CONSUMER ACCOUNTS: IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC TRANSFERS OR MONEY RESERVE TRANSACTIONS**
If you think your statement is wrong, or if you need more information about a transfer on this statement or on a receipt, please telephone or write us. Please use the telephone number or address listed on the front of this statement to contact us as you can. **We must hear from you no later than 60 days after we sent or made available the FIRST statement on which the problem or error appeared. The provisions in this paragraph do not apply to business or other non-personal accounts. The owners of those accounts must settle all unauthorized transactions or errors within 24 hours of receipt of the item posting in order to be returned.**

1. Tell us your name and account number.
2. Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
3. Tell us the dollar amount of the suspected error.

We will investigate your complaint and correct any error promptly. If we take more than 10 business days to do this, we will recredit your account for the amount you think is in error, so that you will have use of the money during the time it takes us to complete our investigation.

**FOR MONEY RESERVE ACCOUNTS:**

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR PERSONAL CREDIT LINE**
*(This is a Summary of Your Billing Rights).*
If you think your statement is wrong, or you need more information about a transaction on your statement, write us at the address on the front of this statement as soon as possible. We must hear from you no later than 60 days after we sent you the first statement on which the error or problem appeared.

You can telephone us but doing so will not preserve your rights. In your letter, give us the following information.

1. Your name and account number.
2. The dollar amount of the suspected error.
3. Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question. You must notify us in writing. You can telephone us, but doing so will not preserve your rights. Contact us at California Bank & Trust, PO Box 25787, Salt Lake City, UT 84125-0787.

Balance Subject to Interest Rate: We use the method called "average daily balance", (including current transactions) to calculate the daily balance. If you have any further questions about the method and how resulting interest charges are determined, please feel free to contact us at 1-800-400-6080.

We may report information about your Money Reserve account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

Please notify us if we report any inaccurate information about your account(s) to a credit bureau. Your written notice describing the specific inaccuracy should be sent to us at the following address: California Bank & Trust, PO Box 25787, Salt Lake City, UT  84125-0787.

*Thank you for banking with California Bank & Trust.*
**Become an Online Banking Customer for 24-hour account access.**

*Review account balances *Review posted transactions • Pay bills * Transfer funds
**Sign up today at www.calbanktrust.com or call 888-217-1265.**



P.O. Box 489, Lawndale, CA 90260-0489

Page 3 of 7
January 31, 2018
EAGAN AVENATTI LLP
5792780321

**California Bank & Trust**

This page intentionally left blank

0042037-0000002-0114243



California Bank & Trust     ACCOUNT # 5792780321

This Statement:
January 31, 2018
Page 5 of 7

| | | |
|---|---|---|
| Ref# 53179749 | $767.36 | Ch# 52572 |
| Ref# 53109444 | $6535.96 | Ch# 52573 |
| Ref# 53061701 | $2024.00 | Ch# 52575 |
| Ref# 53062946 | $6378.15 | Ch# 52576 |
| Ref# 53005937 | $2188.63 | Ch# 52578 |
| Ref# 53069707 | $8321.80 | Ch# 52579 |
| Ref# 53019604 | $5611.35 | Ch# 52580 |
| Ref# 53106142 | $1464.23 | Ch# 52581 |
| Ref# 53008457 | $2540.01 | Ch# 52582 |
| Ref# 53084698 | $2012.57 | Ch# 52583 |

California Bank & Trust    ACCOUNT # 5792780321

This Statement:
January 31, 2018
Page 6 of 7



Ref# 53182069    $1091.29    Ch# 52585

Ref# 53122853    $5317.09    Ch# 52586

Ref# 53124064    $2378.96    Ch# 52587

Ref# 53008736    $2026.01    Ch# 52588

Ref# 53034643    $5778.61    Ch# 52589

Ref# 53022894    $4401.92    Ch# 52590

Ref# 53034600    $2189.31    Ch# 52591

Ref# 53157084    $7542.45    Ch# 52592

Ref# 53136984    $5063.68    Ch# 52593

Ref# 53136816    $1464.18    Ch# 52594

# California Bank & Trust

ACCOUNT # 5792780321



Ref# 53022905        $2540.05        Ch# 52595



Ref# 53016103        $1679.41        Ch# 52596



Ref# 53052545        $4257.83        Ch# 52604



Ref# 53074209        $7931.95        Ch# 52606



Ref# 53056872        $1503.94        Ch# 52608

0042037-0000004-0114245



CALIFORNIA BANK
TRUST

P.O. Box 489, Lawndale, CA  90260-0489

**Statement of Accounts**
Page  1 of 2
This Statement: January 31, 2018
Last Statement: December 29, 2017

Account 5792780339

**DIRECT INQUIRIES TO:**
Customer Service  1 (800) 400-6080

0042038           4032-06-0000-CBT-PG0023-00000

EAGAN AVENATTI LLP
DEBTOR-IN-POSSESSION CASE 8:17-
BK-11961-CB
TAX ACCOUNT
520 NEWPORT CENTER DR STE 1400
NEWPORT BEACH CA  92660-7020

Irvine Branch
1900 Main St.   Suite 100
Irvine, CA 92614-0000
(949) 223-7500

---

## SUMMARY OF ACCOUNT BALANCE

| Account Type | Account Number | Checking/Savings Ending Balance | Outstanding Balances Owed |
|---|---|---|---|
| Business Essentials Checking | 5792780339 | $6.80 | |

---

### BUSINESS ESSENTIALS CHECKING 5792780339                                              104    0

| Previous Balance | Deposits/Credits | Charges/Debits | Checks Processed | Ending Balance |
|---|---|---|---|---|
| 16.80 | 0.00 | 10.00 | 0.00 | 6.80 |

..............................................................................................................................

**0  DEPOSITS/CREDITS**

There were no transactions this period.

..............................................................................................................................

**2  CHARGES/DEBITS**

| Date | Amount | Description |
|---|---|---|
| 01/31 | 7.00 | MONTHLY MAINTENANCE FEE |
| 01/31 | 3.00 | PAPER STATEMENT FEE |

..............................................................................................................................

**0  CHECKS PROCESSED**

There were no transactions this period.

..............................................................................................................................



## An Easy Approach To Balancing Your Account

Page 2 of 2

**To reconcile your checkbook balance to your statement balance:** Mark off each entry in your check register that has been charged to your account during the statement period. List the checks you have written, but are not yet charged to your account in the "Checks Outstanding" column below. Then, follow the instructions in lines 1 through 10.

| CHECKS OUTSTANDING | | CHECKBOOK BALANCE | |
|---|---|---|---|
| Check Number | Check Amount | 1. LIST your checkbook balance. | |
| | | 2. ADD any deposits or other credits listed on the front of this statement which you have not recorded in your checkbook (such as payroll credits or other direct electronic deposits). | |
| | | 3. SUBTOTAL: | |
| | | 4. SUBTRACT any charges listed on the front of this statement which you have not recorded (such as service charges, automatic transfers, electronic transactions, etc.). | |
| | | 5. ADJUSTED CHECKBOOK BALANCE: | |
| | | *This balance should agree with line 10, below.* | |

| | | STATEMENT BALANCE | |
|---|---|---|---|
| | | 6. LIST your current statement balance as shown on the front of this statement. | |
| | | 7. ADD deposits made, but not shown on this statement. | |
| | | 8. SUBTOTAL: | |
| | | 9. SUBTRACT total from "Checks Outstanding." | |
| TOTAL: | | 10. ADJUSTED STATEMENT BALANCE: | |

*Transfer to Line 9.*                                         *This balance should agree with line 5, above.*

**PROMPTLY EXAMINE YOUR STATEMENT AND REPORT ANY PROBLEM**
You must promptly examine your account statements and report any discoverable errors, unauthorized signatures, alterations, missing endorsements, or unauthorized transfers. Failure to do so may result in your loss of certain rights or remedies. For example, you must identify the discoverable alteration or forgery of a check within 30 days of us sending you, or making available to you, the statement reflecting that check, and you must also immediately report to us what you find. Businesses should check their account transactions daily, for which various online services are available. For additional information, please see your deposit account agreement and application service agreement(s) for details. See also the consumer disclosures below.

**CONSUMER ACCOUNTS: IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC TRANSFERS OR MONEY RESERVE TRANSACTIONS**
If you think your statement is wrong, or if you need more information about a transfer on this statement or on a receipt, please telephone or write us. Please use the telephone number or address listed on the front of this statement to contact us as you can. We must hear from you no later than 60 days after we sent or made available the FIRST statement on which the problem or error appeared. The provisions in this paragraph do not apply to business or other non-personal accounts. The owners of those accounts must settle all unauthorized transactions or errors within 24 hours of receipt of the item posting in order to be returned.

1. Tell us your name and account number.
2. Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
3. Tell us the dollar amount of the suspected error.

We will investigate your complaint and correct any error promptly. If we take more than 10 business days to do this, we will recredit your account for the amount you think is in error, so that you will have use of the money during the time it takes us to complete our investigation.

**FOR MONEY RESERVE ACCOUNTS:**

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR PERSONAL CREDIT LINE**
*(This is a Summary of Your Billing Rights).*
If you think your statement is wrong, or you need more information about a transaction on your statement, write us at the address on the front of this statement as soon as possible. We must hear from you no later than 60 days after we sent you the first statement on which the error or problem appeared.

You can telephone us but doing so will not preserve your rights. In your letter, give us the following information.

1. Your name and account number.
2. The dollar amount of the suspected error.
3. Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question. You must notify us in writing. You can telephone us, but doing so will not preserve your rights. Contact us at California Bank & Trust, PO Box 25787, Salt Lake City, UT 84125-0787.

**Balance Subject to Interest Rate:** We use the method called "average daily balance", (including current transactions) to calculate the daily balance. If you have any further questions about the method and how resulting interest charges are determined, please feel free to contact us at 1-800-400-6080.

We may report information about your Money Reserve account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

**Please notify us if we report any inaccurate information about your account(s) to a credit bureau.** Your written notice describing the specific inaccuracy should be sent to us at the following address: California Bank & Trust, PO Box 25787, Salt Lake City, UT  84125-0787.

*Thank you for banking with California Bank & Trust.*
**Become an Online Banking Customer for 24-hour account access.**
*Review account balances  *Review posted transactions  * Pay bills * Transfer funds
**Sign up today at www.calbanktrust.com or call 888-217-1265.**

# SENTENCING EXHIBIT 39

**Sagel, Brett (USACAC)**

| | |
|---|---|
| **From:** | Morgenstern, Eli ███████████████████ > |
| **Sent:** | Thursday, September 1, 2022 8:25 AM |
| **To:** | Sagel, Brett (USACAC) |
| **Cc:** | Palacios, Kathi |
| **Subject:** | [EXTERNAL] FW: Respondent Michael Avenatti |

Brett- Courtney Cummings responded to my email.  It is attached below.   Eli

--
Eli Morgenstern
Senior Trial Counsel | Office of the Chief Trial Counsel
The State Bar of California | 845 S. Figueroa St. | Los Angeles, CA  90017
Direct Line: ████████████ | ███████████████████

***Working to protect the public in support of the mission of the State Bar of California.***
Please consider the environment before printing this email.

*This message may contain confidential information that may also be privileged.  Unless you are the intended recipient or are authorized to receive information for the intended recipient, you may not use, copy or disclose the message in whole or in part.  If you have received this message in error, please advise the sender by reply e-mail and delete all copies of the message.*

**From:** Courtney Cummings ██████████████████████ >
**Sent:** Thursday, September 1, 2022 8:16 AM
**To:** Morgenstern, Eli ████████████████ >
**Cc:** Palacios, Kathi ████████████████ >; Dean Steward <deansteward7777@gmail.com>
**Subject:** Re: Respondent Michael Avenatti

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good Morning Mr. Morgenstern,

I hope you are doing well. I will pass along your message to Mr. Avenatti and let you know his position as soon as possible.

Further, although I am happy to help with this matter, I do not represent Mr. Avenatti in the State Bar action. Additionally, Mr. Avenatti is pro se in the Central District of California case. H. Dean Steward (CC'd) has been appointed as advisory counsel in that case. I have been similarly appointed (in the capacity of a paralegal attorney) to assist the criminal defense.

Nevertheless, as soon as I have an update, I will promptly contact you.

Thank you,

Courtney Cummings Cefali

On Sep 1, 2022, at 7:52 AM, Morgenstern, Eli ███████████████████ > wrote:

Hello, Ms. Cummings- Good morning.

I am a Senior Trial Counsel with the Office of Chief Trial Counsel of the State Bar (State Bar).

I was referred to you by AUSA Brett Sagel.

I understand that you are communicating with the government as well as victims' counsel on behalf of Mr. Avenatti.

I'm sending this email to inquire whether Mr. Avenatti would be amenable to waiving finality of conviction with respect to any or all of his convictions in his three federal criminal matters: (1) the two matters in the Southern District of NY; and (2) the one matter in the Central District of California.

Were Mr. Avenatti to waive finality in any of the three matters, the State Bar would be able to file a petition for summary disbarment against Mr. Avenatti in what is called a conviction referral matter.  The only obstacle to the State Bar filing a petition for summary disbarment in any of the three conviction referral matters is that the convictions are not yet final.

The reason why I'm interested in expediting the filing of a petition is that the Client Security Fund (CSF) cannot begin the process of evaluating the CSF applications against Mr. Avenatti until the Supreme Court files its disbarment order.

The sooner Mr. Avenatti is ordered disbarred, the sooner the complaining witnesses can receive restitution, or at least partial restitution, from CSF.

So, again, I'm sending this email to inquire whether you could ask Mr. Avenatti if he is willing to send a letter to the State Bar waiving finality in any or all of his convictions for purposes of the State Bar's conviction referral matters.

If you would like to discuss this matter further with me, please call me at my direct office line, which is ███████████, anytime at your convenience.  You may also send me an email if it is easier for you.

Thank you for your assistance with this matter.

Eli


--
Eli Morgenstern
Senior Trial Counsel | Office of the Chief Trial Counsel
The State Bar of California | 845 S. Figueroa St. | Los Angeles, CA  90017
Direct Line:  ███████████ | ████████████████████

***Working to protect the public in support of the mission of the State Bar of California.***
Please consider the environment before printing this email.

*This message may contain confidential information that may also be privileged.  Unless you are the intended recipient or are authorized to receive information for the intended recipient, you may not use, copy or disclose the message in whole or in part.  If you have received this message in error, please advise the sender by reply e-mail and delete all copies of the message.*

**Sagel, Brett (USACAC)**

| | |
|---|---|
| **From:** | Morgenstern, Eli ███████████████████> |
| **Sent:** | Wednesday, September 7, 2022 2:20 PM |
| **To:** | Sagel, Brett (USACAC) |
| **Cc:** | Palacios, Kathi; Katzenstein, Ranee (USACAC) |
| **Subject:** | [EXTERNAL] FW: From Michael Avenatti |

Hello, Brett-

Attached below are: (1) Mr. Avenatt's response to my question concerning waiving finality of any of this federal criminal convictions; and (2) my response.

Eli

--
Eli Morgenstern
Senior Trial Counsel | Office of the Chief Trial Counsel
The State Bar of California | 845 S. Figueroa St. | Los Angeles, CA  90017
Direct Line: ██████████  ███████████████████

***Working to protect the public in support of the mission of the State Bar of California.***
Please consider the environment before printing this email.

*This message may contain confidential information that may also be privileged.  Unless you are the intended recipient or are authorized to receive information for the intended recipient, you may not use, copy or disclose the message in whole or in part.  If you have received this message in error, please advise the sender by reply e-mail and delete all copies of the message.*

**From:** Morgenstern, Eli
**Sent:** Wednesday, September 7, 2022 2:09 PM
**To:** emma hernandez ██████████████████>
**Cc:** Dean Steward <deansteward7777@gmail.com>; Palacios, Kathi ███████████████████>
**Subject:** RE: From Michael Avenatti

Ms. Hernandez-

Thank you for sending the attached email on behalf of Mr. Avenatti.

My response to the five items listed in the email are as follows:

1.  Mr. Avenatti's address is noted.

2.  Prior to receiving Mr. Avenatti's emails, I was never informed of Mr. Avenatti's  purported, recent  "written request made to the head of the State Bar" to "voluntarily relinquish"  his license.   In any event, California Rules of Court, rule 9.21, governs resignations with charges pending.

A resignation must be in the form required by Rule 9.21(b).  Charges are pending when, among other circumstances, the attorney has been convicted of a felony.   Resignation proceedings are also governed by Rules of Procedure of the State Bar, rules 5.420-5.427.

Please note that within 60 days of an attorney filing his or her resignation with the State Bar Court,  the State Bar must file a report with the Review Department of the State Bar Court indicating, among other things, whether the State Bar recommends that the resignation be accepted.  (Rules Proc. of the State Bar, rule 5.427(C).) Within 30 days service of the State Bar's report, the attorney may file a response with the Review Department and must serve it on the State Bar.  (Rules Proc. of the State Bar, rule 5.427(D).)  The Review Department of the State Bar Court must file an order pursuant to California Rules of Court, rule 9.21(c) recommending whether the attorney's resignation should be accepted by the Supreme Court.  (Rules Proc. of the State Bar, rule 5.427(E).)

Finally, please understand that It is the normal practice of  the State Bar to recommend that an attorney's resignation be rejected when, among other circumstances, the attorney has: (i) misappropriated funds from a client(s) and has failed to make restitution to the client(s)  or CSF; or (ii) been convicted of a felony criminal offense(s) involving moral turpitude.

3.  I understand that Mr. Avenatti has been advised to not waive finality of his federal convictions from the Southern District of New York.

4.  I understand that Mr. Avenatti may waive finality of conviction in his California, federal criminal matter within 14 days after sentencing.

5.  Mr. Avenatti may contact CSF in order to request copies of the requested documents.

--
Eli Morgenstern
Senior Trial Counsel | Office of the Chief Trial Counsel
The State Bar of California | 845 S. Figueroa St. | Los Angeles, CA  90017
Direct Line: ███████████  ████████████████████

***Working to protect the public in support of the mission of the State Bar of California.***
Please consider the environment before printing this email.

*This message may contain confidential information that may also be privileged.  Unless you are the intended recipient or are authorized to receive information for the intended recipient, you may not use, copy or disclose the message in whole or in part.  If you have received this message in error, please advise the sender by reply e-mail and delete all copies of the message.*

**From:** emma hernandez ██████████████████>
**Sent:** Wednesday, September 7, 2022 12:40 PM
**To:** Morgenstern, Eli ██████████████████████>
**Cc:** Dean Steward <deansteward7777@gmail.com>
**Subject:** From Michael Avenatti

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

In response to your inquiry directed to Ms. Cummings, please note the following:

1. Please direct all future correspondence regarding these issues or my licensing directly to my attention via U.S. mail at the address below. Neither Ms. Cummings, Mr. Steward nor Ms. Hernandez represent me in any matters relating to the State Bar.

Michael Avenatti
Reg. No. 86743-054
Federal Correctional Institution
Terminal Island
P.O. Box 3007
San Pedro, CA 90073

2. As you know, I offered three years ago to voluntarily relinquish my license to practice law in California but you rejected that offer without explanation. More recently, I voluntarily relinquished my license by way of a written request made to the head of the State Bar. Accordingly, any disbarment proceeding is unnecessary and a complete waste of resources.

3. I have been advised by my criminal defense counsel not to waive finality of conviction in either SDNY matter due to my pending appeals before the Second Circuit. As a result, I decline to waive finality of conviction in either of those two matters at this time.

4. Provided that there is no need for an appeal following the upcoming sentencing in the CDCA matter, I intend on promptly waiving finality of conviction in the CDCA matter within 14 days following the sentencing. I obviously cannot waive finality of conviction until the judgment is entered and I know whether the sentence imposed was reasonable and based on a correct calculation of the guidelines.

5. Please provide me copies of all CSF claims relating to my legal representation, together with all documents submitted in connection with those claims.

Thank you.
Michael Avenatti

--
Emma Hernandez, Paralegal

# SENTENCING EXHIBIT 40

## Sagel, Brett (USACAC)

| | |
|---|---|
| **From:** | Sagel, Brett (USACAC) |
| **Sent:** | Thursday, August 25, 2022 11:32 AM |
| **To:** | Dean Steward; Courtney Cummings; emma hernandez |
| **Cc:** | Katzenstein, Ranee (USACAC) |
| **Subject:** | Restitution |
| **Attachments:** | Draft JOHNSON PAYMENTS FOR RESTITUTION.pdf; DRAFT GARDNER PAYMENTS.pdf |

For Mr. Avenatti:

We are writing to see how Mr. Avenatti would want to handle restitution, specifically whether he would want it addressed at his sentencing hearing on October 3, 2022, or have a separate restitution hearing within 90 days of the sentencing pursuant to 18 U.S.C. § 3664(d)(5).  Moreover, the government would inquire whether Mr. Avenatti would want to attempt to stipulate to the restitution order.  Below are the government's initial calculations for restitution, please let us know if Mr. Avenatti has any questions.

WIRE FRAUD VICTIMS

Geoffrey Johnson- **$1,576,266**

- $4,000,000
- -$1,600,000 (40% fee)
- -$543,062 (costs and fees up to 1/29/15 – Trial Ex. 420)
- -$280,672 (payments made to Johnson directly or on his behalf for rent or other expenses after 1/29/15 – draft spreadsheet is attached)
    - (This spreadsheet includes amounts listed on defendant's Tabs records for Johnson, even if there is no corroborating record of such payments in bank statements or bank records.  In fact, the government has given defendant credit for all payments found in bank records that were not included in the Tabs records as well as amounts listed in the Tabs records, which may in some instances lead to giving defendant too much credit.  As one such example, on June 1, 2015, the Tabs records for Johnson lists a payment to Sunrise of West Hills for $6,112.01, even though there is no corresponding record of payment in any bank account for this amount around that time.  On June 4, 2015 (three days later), there is a payment to Sunrise of West Hills from EA LLP account ending in 2851 for $2,967.12.  The government included both the June 1 and June 4 amounts in being conservative in determining what defendant paid to Johnson.  The Tabs report also listed fed ex expenses for sending Johnson his lulling payments after 1/29/15, however, the government did not include these costs as they were not payments to Johnson nor proper expenses on Johnson's litigation).
- Total restitution due to Geoffrey Johnson: **$1,576,266**

Alexis Gardner- **$1,470,285**

- $2,750,000
- -$990,000 (33% fee (of the full $3,000,000 settlement))
- -$19,780 (Gardner's Tabs records)
- -$51,935 (rent and security deposit, Trial Ex. 147)
- -$218,000 (attached draft spreadsheet of payments to Gardner)
- Total restitution due to Alexis Gardner: **$1,470,285**

Gregory Barela- **$598,887**

- $1,600,000
- -$760,000 (40% fee (of the full $1,900,000 settlement))
- -$111,113 (Tabs records and withdrawal as total costs)
- -$130,000 (payments to Barela as "advances")
- +$34,453.80 (Of the remaining $300,000 due to Barela under the settlement agreement from Brock, Barela paid his new lawyers $34,453.80 in costs and fees to collect)
- Total restitution due to Gregory Barela: **$633,341**

Michelle Phan- **$4,000,000**

- Total restitution due to Michelle Phan: **$4,000,000**

**TOTAL RESTITUTION TO WIRE FRAUD VICTIMS**: **$7,679,892**

IRS

The Court can order restitution as a condition of supervised release to the victim of any criminal offense, including those in Title 26, for which supervised release is properly imposed, limited to the count of conviction.  United States v. Batson, 608 F.3d 630, 633-37 (9th Cir. 2010); see also USSG § 5E1.1(a)(2) (sentencing guidelines explicitly prescribing courts to order restitution as a condition of supervised release when a defendant has been found guilty of a tax crime under Title 26.  The restitution amount is limited to losses caused by the specific conduct underlying the offense of conviction and does not include relevant conduct, but prejudgment interest is permissible to make the victim whole.  See Batson, 608 F.3d at 637; United States v. Gordon, 393 F.3d 1044, 1058-59 (9th Cir. 2004), abrogated on other grounds by Lagos v. United States, 138 S.Ct. 1684 (2018).

- Restitution for Unpaid Payroll Taxes: **$3,207,144** (PSR ¶73)
- Although the Court could impose interest upon the restitution up to the date of sentencing, the government is only requesting the court impose restitution for the unpaid taxes related to Count 19.

**TOTAL RESTITUTION TO IRS: $3,207,144**

**TOTAL RESTITUTION TO BE ORDERED: $10,887,036**

PAYMENTS TO GEOFFREY JOHNSON

| Date | AMT | PAYEE | CKNO | ACCT | COMMENT |
|------|-----|-------|------|------|---------|
| 1/30/2015 | $5,050.38 | Sunrise of West Hills | 15060 | 5791082851 | From Bank Records |
| 2/2/2015 | $5,050.00 | Sunrise of West Hills | 15071 | 5791082851 | From Bank Records |
| 4/1/2015 | $5,982.00 | Sunrise of West Hills | 15157 | 5791082851 | From Bank Records |
| 5/1/2015 | $6,240.00 | Sunrise of West Hills | 15178 | 5791082851 | From Bank Records |
| 6/1/2015 | $6,112.01 | Sunrise of West Hills | | | From Tabs Data |
| 6/4/2015 | $2,967.12 | Sunrise of West Hills | 15205 | 5791082851 | From Bank Records |
| 7/1/2015 | $37,724.00 | New Start Home Health Care Inc | 15235 | 5791082851 | From Bank Records |
| 7/22/2015 | $1,000.00 | JOHNSON GEOFFREY | 15284 | 5791082851 | From Bank Records |
| 8/11/2015 | $1,000.00 | JOHNSON GEOFFREY | 15295 | 5791082851 | From Bank Records |
| 8/28/2015 | $1,000.00 | JOHNSON GEOFFREY | 15297 | 5791082851 | From Bank Records |
| 9/9/2015 | $1,900.00 | JOHNSON GEOFFREY | 15301 | 5791082851 | From Bank Records |
| 9/17/2015 | $1,500.00 | JOHNSON GEOFFREY | 15309 | 5791082851 | From Bank Records |
| 10/9/2015 | $1,100.00 | Freedom to Live | 15319 | 5791082851 | From Bank Records |
| 10/13/2015 | $1,900.00 | JOHNSON GEOFFREY | 15318 | 5791082851 | From Bank Records |
| 10/21/2015 | $1,900.00 | JOHNSON GEOFFREY | 15325 | 5791082851 | From Bank Records |
| 11/4/2015 | $1,900.00 | JOHNSON GEOFFREY | 15403 | 5791082851 | From Bank Records |
| 11/6/2015 | $1,500.00 | JOHNSON GEOFFREY | 15404 | 5791082851 | From Bank Records |
| 11/12/2015 | $1,900.00 | JOHNSON GEOFFREY | 15420 | 5791082851 | From Bank Records |
| 11/17/2015 | $1,900.00 | JOHNSON GEOFFREY | 15425 | 5791082851 | From Bank Records |
| 11/20/2015 | $1,900.00 | JOHNSON GEOFFREY | 15426 | 5791082851 | From Bank Records |
| 11/30/2015 | $1,100.00 | Freedom to Live | 15437 | 5791082851 | From Bank Records |
| 12/3/2015 | $1,900.00 | JOHNSON GEOFFREY | 15438 | 5791082851 | From Bank Records |
| 12/8/2015 | $1,500.00 | JOHNSON GEOFFREY | 15439 | 5791082851 | From Bank Records |
| 1/6/2016 | $1,500.00 | JOHNSON GEOFFREY | 15464 | 5791082851 | From Bank Records |
| 1/13/2016 | $1,900.00 | JOHNSON GEOFFREY | 15458 | 5791082851 | From Bank Records |
| 2/1/2016 | $1,100.00 | Freedom to Live | 15506 | 5791082851 | From Bank Records |
| 2/8/2016 | $1,900.00 | JOHNSON GEOFFREY | 15505 | 5791082851 | From Bank Records |
| 2/22/2016 | $1,100.00 | JOHNSON GEOFFREY | 15560 | 5791082851 | From Bank Records |
| 3/22/2016 | $1,900.00 | JOHNSON GEOFFREY | 15567 | 5791082851 | From Bank Records |
| 3/31/2016 | $1,100.00 | Freedom to Live | 15582 | 5791082851 | From Bank Records |
| 4/7/2016 | $1,900.00 | JOHNSON GEOFFREY | 15581 | 5791082851 | From Bank Records |
| 5/5/2016 | $1,900.00 | JOHNSON GEOFFREY | 15593 | 5791082851 | From Bank Records |
| 5/27/2016 | $1,000.00 | JOHNSON GEOFFREY | 15686 | 5791082851 | From Bank Records |

PAYMENTS TO GEOFFREY JOHNSON

| Date | Amount | | ID | Account | Source |
|------|--------|---|-----|---------|--------|
| 6/2/2016 | $1,100.00 | Freedom to Live | 15690 | 5791082851 | From Bank Records |
| 6/6/2016 | $1,900.00 | JOHNSON GEOFFREY | 15682 | 5791082851 | From Bank Records |
| 6/14/2016 | $1,900.00 | JOHNSON GEOFFREY | 15693 | 5791082851 | From Bank Records |
| 6/22/2016 | $1,000.00 | JOHNSON GEOFFREY | 15722 | 5791082851 | From Bank Records |
| 7/5/2016 | $1,900.00 | JOHNSON GEOFFREY | 15723 | 5791082851 | From Bank Records |
| 7/11/2016 | $1,900.00 | JOHNSON GEOFFREY | 15735 | 5791082851 | From Bank Records |
| 7/14/2016 | $1,900.00 | JOHNSON GEOFFREY | 15734 | 5791082851 | From Bank Records |
| 8/1/2016 | $1,100.00 | Freedom to Live | 15738 | 5791082851 | From Bank Records |
| 8/3/2016 | $1,900.00 | JOHNSON GEOFFREY | 15741 | 5791082851 | From Bank Records |
| 8/9/2016 | $1,900.00 | JOHNSON GEOFFREY | 15739 | 5791082851 | From Bank Records |
| 8/16/2016 | $1,900.00 | JOHNSON GEOFFREY | 15740 | 5791082851 | From Bank Records |
| 9/7/2016 | $1,900.00 | JOHNSON GEOFFREY | 15759 | 5791082851 | From Bank Records |
| 9/14/2016 | $1,900.00 | JOHNSON GEOFFREY | 15758 | 5791082851 | From Bank Records |
| 10/5/2016 | $1,900.00 | JOHNSON GEOFFREY | 15819 | 5791082851 | From Bank Records |
| 10/5/2016 | $1,100.00 | Freedom to Live | 15820 | 5791082851 | From Bank Records |
| 10/13/2016 | $1,900.00 | JOHNSON GEOFFREY | 15818 | 5791082851 | From Bank Records |
| 11/10/2016 | $1,900.00 | JOHNSON GEOFFREY | 15861 | 5791082851 | From Bank Records |
| 11/17/2016 | $1,900.00 | JOHNSON GEOFFREY | 15860 | 5791082851 | From Bank Records |
| 12/1/2016 | $1,100.00 | Freedom to Live | 15866 | 5791082851 | From Bank Records |
| 12/6/2016 | $1,900.00 | JOHNSON GEOFFREY | 15868 | 5791082851 | From Bank Records |
| 12/13/2016 | $1,900.00 | JOHNSON GEOFFREY | 15867 | 5791082851 | From Bank Records |
| 12/19/2016 | $1,900.00 | JOHNSON GEOFFREY | 15880 | 5791082851 | From Bank Records |
| 12/23/2016 | $1,900.00 | JOHNSON GEOFFREY | 15878 | 5791082851 | From Bank Records |
| 1/5/2017 | $1,900.00 | JOHNSON GEOFFREY | 15886 | 5791082851 | From Bank Records |
| 1/11/2017 | $1,900.00 | JOHNSON GEOFFREY | 15885 | 5791082851 | From Bank Records |
| 2/6/2017 | $1,900.00 | JOHNSON GEOFFREY | 15904 | 5791082851 | From Bank Records |
| 2/10/2017 | $1,900.00 | JOHNSON GEOFFREY | 15903 | 5791082851 | From Bank Records |
| 2/15/2017 | $1,900.00 | JOHNSON GEOFFREY | 15905 | 5791082851 | From Bank Records |
| 2/28/2017 | $1,100.00 | Freedom to Live | 15928 | 5791082851 | From Bank Records |
| 3/13/2017 | $1,900.00 | JOHNSON GEOFFREY | 15926 | 5791082851 | From Bank Records |
| 3/17/2017 | $1,900.00 | JOHNSON GEOFFREY | 15927 | 5791082851 | From Bank Records |
| 4/21/2017 | $1,900.00 | JOHNSON GEOFFREY | | | From Tabs Data |
| 6/8/2017 | $1,900.00 | JOHNSON GEOFFREY | | | From Tabs Data |
| 6/19/2017 | $1,900.00 | JOHNSON GEOFFREY | | | From Tabs Data |

PAYMENTS TO GEOFFREY JOHNSON

| Date | Amount | Payee | | Account | Source |
|------|--------|-------|---|---------|--------|
| 6/20/2017 | $1,450.00 | Freedom to Live | 1647 | 3648940661 | From Bank Records |
| 7/10/2017 | $1,900.00 | JOHNSON GEOFFREY | | | From Tabs Data |
| 7/13/2017 | $1,900.00 | JOHNSON GEOFFREY | | | From Tabs Data |
| 7/26/2017 | $800.00 | JOHNSON GEOFFREY | | | From Tabs Data |
| 8/14/2017 | $1,800.00 | JOHNSON GEOFFREY | | | From Tabs Data |
| 8/14/2017 | $1,450.00 | Freedom to Live | 1723 | 3648940661 | From Bank Records |
| 9/7/2017 | $2,000.00 | Blossom Properties | 1732 | 3648940661 | From Bank Records |
| 9/20/2017 | $2,065.00 | JOHNSON GEOFFREY | | | From Tabs Data |
| 9/20/2017 | $2,000.00 | JOHNSON GEOFFREY | | | From Tabs Data |
| 10/6/2017 | $1,900.00 | JOHNSON GEOFFREY | | | From Tabs Data |
| 10/16/2017 | $1,900.00 | JOHNSON GEOFFREY | | | From Tabs Data |
| 11/1/2017 | $1,450.00 | JOHNSON GEOFFREY | | | From Tabs Data |
| 11/13/2017 | $4,600.00 | JOHNSON GEOFFREY | | | From Tabs Data |
| 11/17/2017 | $1,900.00 | JOHNSON GEOFFREY | | | From Tabs Data |
| 11/21/2017 | $1,450.00 | Sian Welch | 1756 | 3648940661 | From Bank Records |
| 12/8/2017 | $1,900.00 | JOHNSON GEOFFREY | | | From Tabs Data |
| 12/13/2017 | $1,900.00 | JOHNSON GEOFFREY | Wire | 5794183714 | From Bank Records |
| 12/19/2017 | $2,615.00 | JOHNSON GEOFFREY | | | From Tabs Data |
| 1/5/2018 | $1,900.00 | JOHNSON GEOFFREY | Wire | 5794183714 | From Bank Records |
| 1/11/2018 | $1,900.00 | JOHNSON GEOFFREY | Wire | 5794183714 | From Bank Records |
| 1/19/2018 | $1,900.00 | JOHNSON GEOFFREY | Wire | 5794183714 | From Bank Records |
| 2/9/2018 | $1,900.00 | JOHNSON GEOFFREY | Wire | 5794184613 | From Bank Records |
| 2/15/2018 | $1,900.00 | JOHNSON GEOFFREY | Wire | 5794184613 | From Bank Records |
| 3/13/2018 | $1,900.00 | JOHNSON GEOFFREY | Wire | 5794184613 | From Bank Records |
| 3/19/2018 | $2,201.00 | Blossom Properties | 1618 | 3648940661 | From Bank Records |
| 3/19/2018 | $2,245.00 | Sian Welch | 1619 | 3648940661 | From Bank Records |
| 3/20/2018 | $1,900.00 | JOHNSON GEOFFREY | Wire | 5794184613 | From Bank Records |
| 4/9/2018 | $1,900.00 | JOHNSON GEOFFREY | Wire | 5794184613 | From Bank Records |
| 4/9/2018 | $2,385.00 | Blossom Properties | 1626 | 3648940661 | From Bank Records |
| 5/8/2018 | $1,900.00 | JOHNSON GEOFFREY | Wire | 5794184613 | From Bank Records |
| 6/8/2018 | $1,900.00 | JOHNSON GEOFFREY | Wire | 5794184613 | From Bank Records |
| 6/11/2018 | $2,385.00 | Blossom Properties | 1637 | 3648940661 | From Bank Records |
| 6/18/2018 | $1,800.00 | JOHNSON GEOFFREY | Wire | 5794184613 | From Bank Records |
| 7/2/2018 | $2,250.00 | Blossom Properties | 1801 | 3648940661 | From Bank Records |

PAYMENTS TO GEOFFREY JOHNSON
#:22083

| Date | Amount | Name | | ID | Source |
|---|---|---|---|---|---|
| 7/5/2018 | $1,900.00 | JOHNSON GEOFFREY | Wire | 5794184613 | From Bank Records |
| 7/13/2018 | $1,900.00 | JOHNSON GEOFFREY | Wire | 5794184613 | From Bank Records |
| 7/20/2018 | $1,900.00 | GEOFFREY JOHNSON | Wire | 270143512 | From Bank Records |
| 8/2/2018 | $1,900.00 | GEOFFREY JOHNSON | Wire | 5794184613 | From Bank Records |
| 8/10/2018 | $1,900.00 | GEOFFREY JOHNSON | Wire | 270143512 | From Bank Records |
| 8/15/2018 | $1,900.00 | GEOFFREY JOHNSON | Wire | 270143512 | From Bank Records |
| 8/23/2018 | $1,900.00 | GEOFFREY JOHNSON | Wire | 3648940661 | From Bank Records |
| 9/7/2018 | $1,900.00 | GEOFFREY JOHNSON | Wire | 3648940661 | From Bank Records |
| 9/17/2018 | $1,900.00 | GEOFFREY JOHNSON | Wire | 5794184613 | From Bank Records |
| 10/9/2018 | $1,900.00 | GEOFFREY JOHNSON | 1824 | 364890661 | From Bank Records |
| 10/12/2018 | $1,000.00 | GEOFFREY JOHNSON | Wire | 5794184613 | From Bank Records |
| 10/26/2018 | $1,500.00 | GEOFFREY JOHNSON | Wire | 3648940661 | From Bank Records |
| 11/16/2018 | $1,900.00 | GEOFFREY JOHNSON | Wire | 270143504 | From Bank Records |
| 11/23/2018 | $1,900.00 | GEOFFREY JOHNSON | Wire | 270143504 | From Bank Records |
| 12/7/2018 | $1,900.00 | GEOFFREY JOHNSON | Wire | 270143512 | From Bank Records |
| 12/20/2018 | $1,900.00 | GEOFFREY JOHNSON | Wire | 270143512 | From Bank Records |
| 1/8/2019 | $1,900.00 | GEOFFREY JOHNSON | Wire | 270143512 | From Bank Records |
| 1/23/2019 | $1,900.00 | GEOFFREY JOHNSON | Wire | 270143512 | From Bank Records |
| 1/31/2019 | $1,900.00 | GEOFFREY JOHNSON | Wire | 270148611 | From Bank Records |
| 2/20/2019 | $2,000.00 | GEOFFREY JOHNSON | Wire | 270148611 | From Bank Records |
| 3/1/2019 | $1,900.00 | GEOFFREY JOHNSON | Wire | 270148611 | From Bank Records |
| 3/4/2019 | $1,900.00 | GEOFFREY JOHNSON | Wire | 270143504 | From Bank Records |
| 3/12/2019 | $1,900.00 | GEOFFREY JOHNSON | Wire | 270148611 | From Bank Records |
| 3/18/2019 | $1,900.00 | GEOFFREY JOHNSON | Wire | 270148611 | From Bank Records |

Total Additional Payments From   $280,671.51
01/30/15 to Present

Total Fed-Ex Fees From            $488.00
01/30/15 to Present

AVENATTI PAYMENTS TO GARDNER (WHITESIDE)

| # | Date | AMT | PAYEE | CKNO | ACCT | COMMENT |
|---|------|-----|-------|------|------|---------|
| 1 | 3/15/2017 | $16,000.00 | ALEXIS GARDNER | | 3648940661 | CC 550550 |
| 2 | 4/14/2017 | $16,000.00 | ALEXIS GARDNER | | 3648940661 | CC#550621. REMITTER WHITESIDE |
| 3 | 5/15/2017 | $16,000.00 | ALEXIS GARDNER | | 3648940661 | CC#550689. REMITTER AVENATTI AND ASSOCIATES WHITESIDE |
| 4 | 8/17/2017 | $16,000.00 | ALEXIS GARDNER | | 3648940661 | CC#579804. REMITTER MICHAEL J AVENATTI |
| 5 | 9/18/2017 | $16,000.00 | ALEXIS GARDNER | 5085 | 270143504 | TO CC 30414879 |
| 6 | 10/16/2017 | $16,000.00 | ALEXIS GARDNER | 5097 | 270143504 | TO CC 30414895 |
| 7 | 1/3/2018 | $16,000.00 | A GARDNER | | 5794183714 | TO CC 573836 REMITTER WHITESIDE PAYEE A GARDNER. |
| 8 | 1/16/2018 | $16,000.00 | ALEXIS GARDNER | | 5794183714 | PURCHASE CASHIER'S CHECK 596228 REMITTER WHITESIDE PAYEE GARDNER ALEXIS. |
| 9 | 2/20/2018 | $16,000.00 | CASH FOR CC REMITTER WHITESIDE | | 5794184613 | PURCHASE CASHIER'S CHECK: REMITTER-WHITESIDE CHECK NUMBER: 596330 PURCHASER: ^ DATE WRITTEN: 2/20/18 |
| 10 | 4/17/2018 | $34,000.00 | ALEXIS GARDNER | | 5794184613 | PURCHASE CASHIER'S CHECK: REMITTER-AVENATTI EAGAN TO: GARDNER ALEXIS CHECK NUMBER: 596467 DATE: 4/17/18 AMOUNT: 34000.00. |
| 11 | 5/23/2018 | $16,000.00 | ALEXIS GARDNER | | 5794184613 | PURCHASE CASHIER'S CHECK: REMITTER-WHITESIDE TO: GARDNER ALEXIS CHECK NUMBER: 596559 DATE: 5/23/18 AMOUNT: 16000.00. |
| 12 | 6/18/2018 | $16,000.00 | ALEXIS GARDNER | WT | 5794184613 | WIRE/OUT-2018061800005930,BNF ALEXIS GARDNER 1304301667 |
| 14 | 2/7/2019 | $2,000.00 | ALEXIS GARDNER | WT | 270148611 | |
| 15 | 3/22/2019 | $6,000.00 | ALEXIS GARDNER | WT | 110211449 | |
| | | $218,000.00 | | | | |

| # | Date | AMT | PAYEE | CKNO | ACCT | COMMENT |
|---|------|-----|-------|------|------|---------|
| 13 | 10/29/2018 | $2,274.02 | ALEXIS GARDNER | | 5794184613 | CC. ALSO, DEPOSIT WRITTEN ON 10/4/18 (CLEARED 10/12/18 )FROM RACHEL DOUREC CHECK#1269 TO MICHAEL AVENATTI FOR ALEXIS GARDNER SECURITY DEPOSIT REFUND. |

**Sagel, Brett (USACAC)**

---

| | |
|---|---|
| **From:** | Sagel, Brett (USACAC) |
| **Sent:** | Thursday, September 1, 2022 8:51 AM |
| **To:** | Dean Steward |
| **Cc:** | Katzenstein, Ranee (USACAC) |
| **Subject:** | RE: [EXTERNAL] from Mr. Avenatti |

For Mr. Avenatti:

In response to your four categories, here are the government's replies:

(1) As to payments made by third-parties, the government is still trying to collect this information; however, these payments would not change the restitution amount to be ordered, just who the payments would be made to and in what order.  See 18 U.S.C. § 3664(j)(1).

(2) The government is unsure of how this is relevant to determining restitution owed.

(3) & (4) Although we think there is a basis for this amount to be included in restitution pursuant to 18 U.S.C. §§ 3663, 3663A, we would forego the argument for this to be included if there is an agreement between the parties.

Also, the below does not address the initial question the government asked Mr. Avenatti in its August 25, 2022, email, specifically: whether he would want restitution addressed at his sentencing hearing on October 3, 2022, or have a separate restitution hearing within 90 days of the sentencing pursuant to 18 U.S.C. § 3664(d)(5).  Thanks,

Brett Sagel

---

**From:** Dean Steward <deansteward7777@gmail.com>
**Sent:** Tuesday, August 30, 2022 3:53 PM
**To:** Sagel, Brett (USACAC) <BSagel@usa.doj.gov>
**Cc:** Katzenstein, Ranee (USACAC) <RKatzenstein@usa.doj.gov>
**Subject:** [EXTERNAL] from Mr. Avenatti

Mr. Sagel:

Thank you for your email of last week. So that I may fully consider your email and requests re restitution, please provide the following additional information relating to restitution as soon as possible:

(1) A list of all payments received by the four victims from any third party relating in any way to the alleged losses (including the date, amount and from whom received). This incldues, for instance, any monies Mr. Johnson received from Mr. Eagan and any monies Ms. Gardner received from Mr. Whiteside.

(2) Any documentation or correspondence relating to Ms. Gardner's efforts to obtain monies from the sale of the plane.

(3) All billing records, invoices, and backup substantiating the

$34,453.80 referenced in your email.

(4) The legal authority supporting Mr. Barela's ability to be reimbursed the $34,453.80 as restitution.

Thank you in advance.

Michael Avenatti



949-481-4900  www.deansteward.com

# SENTENCING EXHIBIT 41

**Michael Avenatti** ✓
@MichaelAvenatti

···

The letter from Dennis Ketterer is garbage - the GOP is desperate. The allegations he makes are false and without any basis. We demand that the FBI interview my client & him, and that anyone found to have submitted false info be prosecuted to the fullest extent of the law.

2:07 PM · Oct 2, 2018 · Twitter Web Client

**6,798** Retweets    **451** Quote Tweets    **23.4K** Likes




← **Tweet**



**Michael Avenatti** ✔
@MichaelAvenatti

**We are very pleased that due** to the efforts of CNN and law enforcement, this man has finally been taken into custody for his outrageous and criminal conduct directed at CNN, Don, me and others. We want him fully prosecuted and a firm message sent.



arkansasonline.com
Arkansan charged in threats to CNN

7:59 AM · 11/8/18 · Twitter for iPhone



 Michael Avenatti ✔
@MichaelAvenatti

···

Jacob Wohl is a complete dirtbag. Dishonest. Unethical. Criminal. He had no right to come after Mueller or me. He will learn a very hard lesson through the judicial system. Very.



hillreporter.com
Exclusive: Carolyne Cass Admits Mueller Rape Report Has False Information S...
In an exclusive interview with HillReporter, alleged Mueller rape accuser Carolyne Cass opens up and tells us that she does not know if Mueller was actually the ...

3:44 PM · Nov 19, 2018 · Twitter for iPhone

3,422 Retweets   200 Quote Tweets   13.3K Likes



**Michael Avenatti** ✔
@MichaelAvenatti

Jacob Wohl is a complete fraud who will ultimately be prosecuted for fabricating allegations against me and Mueller. He deserves to be incarcerated to the fullest extent of the law. And he will be. #Basta

4:59 AM · Nov 23, 2018 · Twitter for iPhone

**3,172** Retweets   **206** Quote Tweets   **17.5K** Likes



Michael Avenatti ✔
@MichaelAvenatti

•••

Criminal Cohen pled to 8 felonies and is now asking the sentencing judge to limit his punishment to the few hours he was in custody. What a complete joke. He lied to the courts and the American people for months. All in an effort to help Trump. He deserves real jail time. #Basta

6:29 AM · Dec 2, 2018 · Twitter for iPhone

1,925 Retweets    154 Quote Tweets    11.4K Likes



**Michael Avenatti** ✓
@MichaelAvenatti

· · ·

It will be interesting next Wednesday to see if Michael Cohen is immediately taken into custody to begin serving a lengthy prison sentence for his multiple federal felonies. The judge is not a push over and will likely appreciate that he can cooperate with Mueller from prison.

9:31 AM · Dec 3, 2018 · Twitter for iPhone

**492** Retweets   **32** Quote Tweets   **3,189** Likes

 **Michael Avenatti** ✔
@MichaelAvenatti

We are happy to see Michael Cohen is in a lot of trouble re sentencing. We agree with the govt that he should serve a substantial term of imprisonment. He lied to my client, the American people and investigators for years. He is a thug and deserves to be severely punished. #Basta

1:56 PM · Dec 7, 2018 · Twitter for iPhone

**691** Retweets  **54** Quote Tweets  **4,960** Likes

Tweet

This Tweet was deleted by the Tweet author. Learn more



**Michael Avenatti** ✔
@MichaelAvenatti

···

This woman is a complete nut case who deserves to be prosecuted to the fullest extent of the law.

1:50 PM · Jan 14, 2019 · Twitter for iPhone

**430** Retweets    **20** Quote Tweets    **4,471** Likes





**Albert F Support Dem** @support_dem · Sep 26, 2019

Michael Cohen has Ukraine info he wants to reveal to Congress: Lanny
Davis rawstory.com/2019/09/michae...

$\heartsuit$ 15          $\rightleftarrows$ 66          $\heartsuit$ 116          $\uparrow$

**Michael Avenatti** ✓ @MichaelAvenatti · Sep 26, 2019          •••

Lanny Davis is forever attempting to turn Cohen into John Dean.  And it will
never happen.  Cohen is a thug and a criminal who only "found religion"
when he had no other options.

$\heartsuit$ 13          $\rightleftarrows$ 4          $\heartsuit$ 24          $\downarrow$          $\uparrow$



Tweet

**Michael Avenatti** ✓
@MichaelAvenatti

All parties trafficking in explicit photos of Katie Hill should be prosecuted and held liable to the fullest extent of the law. This includes all GOP operatives.

9:08 AM · Oct 28, 2019 · Twitter for iPhone

**672** Retweets   **23** Quote Tweets   **4,571** Likes

# SENTENCING EXHIBIT 42

**Christopher Ayres**

| | |
|---|---|
| **From:** | Michael J. Avenatti <mavenatti@eaganavenatti.com> |
| **Sent:** | Monday, May 15, 2017 2:26 PM |
| **To:** | Christopher Ayres; Shamar D'Shawn Davis |
| **Cc:** | Keith Braley |
| **Subject:** | RE: Wire Plans |

Shamar:

Following up on Chris' email below, in addition to the $188,281.73 transfer requested by Chris, please complete the following additional two wires when the monies are received:

**$408,723.70 to the following account:**

Bank Info:    California Bank & Trust

Irvine Center Office

1900 Main Street, Suite 100

Irvine, CA 92614

(949) 223-7500

Routing/ABA No.:  122232109

Beneficiary Acct No.: ████2851

Beneficiary Name:    Eagan Avenatti LLP

520 Newport Center Dr., Ste. 1400

Newport Beach CA 92660

**$952,994.57 to the following account:**

City National Bank

500 Newport Center Drive Ste. #150

**Ayres - 33**

USAO_00111016

Exhibit 311
Page 1 of 4

Newport Beach, Ca 92660

ABA: 122016066

Account in the name of :

                Attorney Client Trust Account

                520 Newport Center Dr. Ste. 1400

                Newport Beach, Ca. 92660

Account number #  3512

Thank you.  Please call Chris with any questions.

Best,

Michael

Michael J. Avenatti, Esq.
Eagan Avenatti, LLP
520 Newport Center Drive, Ste. 1400
Newport Beach, CA 92660
Tel: (949) 706-7000
Fax: (949) 706-7050
Cell: (949) 887-4118
mavenatti@eaganavenatti.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

**From:** Christopher Ayres                                                    ]
**Sent:** Wednesday, May 10, 2017 11:56 AM
**To:** Shamar D'Shawn Davis
**Cc:** Keith Braley; Michael J. Avenatti
**Subject:** Re: Wire Plans

2

**Ayres - 34**

USAO_00111017

Exhibit 311
Page 2 of 4

Thanks for the right info. Please keep these figures confidential. Thanks for you help.

Sincerely,

Chris Ayres
Ayres Law Office, P.C.
Office: ▮▮▮▮-2222
Cell: ▮▮▮2729

-- Sent via handheld --

On May 10, 2017, at 1:37 PM, Shamar D'Shawn Davis ▮▮▮▮▮▮▮▮> wrote:

Afternoon Chris,

I have received your request between the 17th and 18th. The wiring instructions are correct, although the routing number for wires will be 071000152. The other aba number is more or less for deposits. No worries though Chris I'll keep an eye out for the transfer and you will receive a call shortly after.

<image001.png>

*Shamar Davis* | Client Service Represenative |
5540 Preston Rd Dallas, TX 75205 | phone ▮▮▮▮▮6 fax:214-559-4123 | ▮▮▮▮▮
Please visit northerntrust.com
CONFIDENTIALITY NOTICE: This communication is confidential, may be privileged and is meant only for the intended recipient. If you are not the intended recipient, please notify the sender ASAP and delete this message from your system.          NTAC 3NS-
20

IRS CIRCULAR 230 NOTICE: To the extent that this message or any attachment concerns tax matters, it is not intended to be used and cannot be used by a taxpayer for the purpose of avoiding penalties that may be imposed by law. For more information about this notice, see
http://www.northerntrust.com/circular230

 Please consider the environment before printing this e-mail.

**From:** Christopher Ayres ▮▮▮▮▮▮▮▮▮▮ ]
**Sent:** Wednesday, May 10, 2017 1:09 PM
**To:** Keith Braley; Shamar D'Shawn Davis
**Cc:** Michael J. Avenatti (mavenatti@eaganavenatti.com)
**Subject:** [EXT] Wire Plans

Gentlemen:

As you saw in a previous email, we should receive a wire on the 17th or 18th in the amount of $1.55 million dollars. The following needs to occur ASAP after receipt of the wire. Please transfer those funds out of the Trust account as follows:

- $188,281.73 should be transferred to your Ayres Law Office Operating Account;

3

**Ayres - 35**

USAO_00111018

Exhibit 311
Page 3 of 4

- The balance of $1,361,718.27 should be transferred to an account designated by Eagan Avenatti LLP. Mr. Avenatti's firm will send you their wiring instructions.

(Michael, please confirm you agree with these wires.)

Thank you and let me know if for some reason you are unwilling to give direct credit on the funds, as we normally do.

Sincerely,

Christopher S. Ayres

*Board Certified - Civil Trial Law and Personal Injury Trial Law,*
*Texas Board of Legal Specialization*
*Board Certified - Civil Trial Advocacy,*
*National Board of Trial Advocacy*

AYRES LAW OFFICE P.C.
4350 Beltway Drive | Addison, Texas 75001
▇▇▇▇ -2222 telephone
(972) 386-0091 facsimile
▇▇▇▇ 2729 cell phone
www.ayreslawoffice.com

*********************************************************

IMPORTANT/CONFIDENTIAL: This message contains information which may be privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee, or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately at our telephone number (972) 991-2222.

4

**Ayres - 36**

USAO_00111019

Exhibit 311
Page 4 of 4