E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RANEE A. KATZENSTEIN (Cal. Bar No. 187111)
Assistant United States Attorney
Chief, Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2432
     Facsimile: (213) 894-6269
     E-mail:    Ranee.Katzenstein@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3708
     Email:     Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 19-061-JVS |
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR EVIDENTIARY HEARING PRIOR TO SENTENCING [CR 1024] |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Ranee A. Katzenstein, hereby files its opposition to defendant's Motion for Evidentiary Hearing Prior to Sentencing [CR 1024].

//

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 31, 2022             Respectfully submitted,

                                    E. MARTIN ESTRADA
                                    United States Attorney

                                    SCOTT M. GARRINGER
                                    Assistant United States Attorney
                                    Chief, Criminal Division


                                          /s/
                                    _____
                                    BRETT A. SAGEL
                                    RANEE A. KATZENSTEIN
                                    Assistant United States Attorneys

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Defendant MICHAEL JOHN AVENATTI's Motion for an Evidentiary Hearing Prior to Sentencing [CR 1024] ("Motion") should be denied. Defendant has had ample opportunity to address the findings of the Presentence report ("PSR") through his sentencing submissions, which total approximately 67 pages of briefing and 489 pages of exhibits, and will have a further opportunity to do so at the sentencing hearing. The Court has already heard testimony from numerous witnesses and received many documents into evidence during the five-week trial over which the Court presided. Defendant has not identified any additional evidence that he believes would be developed at the requested evidentiary hearing or explained how the Court would be unable to determine the facts relevant to the Court's sentencing decision based on the current record. Indeed, defendant's sentencing arguments, including in the instant motion, are based on inferences from testimony and documents that have already been received into evidence, and defendant identifies no specific additional evidence to be presented at the requested hearing that he believes is necessary to address his arguments. It is well within the Court's discretion to decline to hold an evidentiary hearing in these circumstances.

**II. LEGAL STANDARDS**

"There is no general right to an evidentiary hearing at sentencing." United States v. Laurienti, 731 F.3d 967, 972 (9th Cir. 2013) (alteration omitted) (quoting United States v. Real-Hernandez, 90 F.3d 356, 362 (9th Cir. 1996)). A district court may refuse to

hold one as long as the defendant is allowed an opportunity to rebut the findings and recommendations of a PSR through oral or written submissions. United States v. Sarno, 73 F.3d 1470, 1502-03 (9th Cir. 1995) (citing United States v. Baker, 894 F.2d 1083, 1084-85 (9th Cir. 1990)); see also United States v. Stein, 127 F.3d 777 (9th Cir. 1997) (district court did not abuse its discretion by declining to hold an evidentiary hearing where defendant objected to the PSR's loss determination both in writing and at the sentencing hearing, defendant was allowed to introduce an IRS audit summary, and the district court considered defendant's objections based on the audit summary and possible restitution to the victims).[1]

---

[1] Defendant fails to address these Ninth Circuit authorities and none of the cases he does cite (Motion at 1-2) presents a scenario remotely like the situation here -- where the Court presided over a multi-week trial addressing the very matter at issue and defendant has submitted lengthy briefs and copious exhibits for the Court's review and consideration in connection with sentencing -- much less requires the Court to hold an evidentiary hearing. See United States v. Jimenez Martinez, 83 F.3d 488, 494 (1st Cir 1996) (remanding for an evidentiary hearing regarding the reliability of an affidavit from a cooperating co-conspirator, where the affidavit was the crucial evidence establishing a drug quantity triggering a 10-year mandatory minimum sentence, the government did not contest defendant's assertion that a language barrier raised an important doubt about the reliability of the affidavit, and the court failed to articulate any reason why the affidavit was reliable); United States v. Roberts, 14 F.3d 502 (10th Cir. 1993) (remanding for an evidentiary hearing regarding drug quantities that were not charged in the indictment and bore no resemblance to the trial evidence, where none of the sources mentioned as corroboration supplied the requisite factual basis to permit review, and the government's evidence on its face was "so impossible to quantify in the first instance"); United States v. Williams, 41 F.3d 496, 501 (n.7) (9th Cir. 1994) (remanding for an evidentiary hearing regarding reliability of government's evidence, where that evidence was the hearsay statement of a very young child reported by his mother's hearsay statement, and the court refused to consider the defendant's information about the circumstances surrounding the mother's report of the child's statement, namely a letter from the county juvenile court service officers serving as Guardians ad litem for the child, that the mother was erratic and unstable and "would stop at nothing to insure that [defendant] be erased from any scenario involving their mutual child"); United

(footnote cont'd on next page)

District courts have broad discretion to "consider information relevant to the sentencing determination . . . provided that the information has sufficient indicia of reliability to support its probable accuracy.'" United States v. Berry, 258 F.3d 971, 976 (9th Cir.2001) (quoting USSG § 6A1.3(a)). Trial testimony, given under oath and subject to cross-examination, bears such indicia of reliability. See United States v. Vought, 69 F.3d 1498, 1503 (9th Cir. 1995) (court properly based drug amount used at sentencing on trial testimony).

**III. AN EVIDENTIARY HEARING IS UNNECESSARY**

Defendant seeks an evidentiary hearing "to determine the proper loss amount, including the credits against loss that should be credited to defendant, inclusive of the attorneys' fees he was entitled to take upon receipt of the settlement proceeds, as well as all costs, expenses, advances, and time spent for the benefit of the clients (on both the settlements at issue and on other matters)." (Motion at 2.) But these were exactly the issues that were explored at trial and about which the Court has already heard extensive testimony. Defendant's opening statement makes clear that these matters were the focus of defendant's case at the trial:

> Ladies and gentlemen of the jury . . . you are going to get tired of seeing me refer to this sheet that I just

---

States v. Waknine, 543 F.3d 546, 561-63 (9th Cir. 2008) (concurrence, noting that it "may" be error to decline a request for an evidentiary hearing when the evidentiary basis of the sentencing decision is of questionably reliability (citing Jimenez-Martinez 83 F.3d at 494-95), but concluding that "because the defendants could have developed evidence that would contradict the victim affidavits and failed to do so, it is difficult to discern how the majority could arrive at a 'definite and firm conviction that a mistake has been committed'"); United States v. Gordon, 393 F.3d 1044, 1049-50) (9th Cir. 2004) (involving a hearing regarding restitution, not disputed sentencing guidelines); United States v. Green, 940 F.3d 1038, 1044 (9th Cir. 2019) (recognizing that an evidentiary hearing may be appropriate in "some circumstances").

3

>     wrote at the top, calculation, because this is what this
>     case is all about.
>
>         . . . This case is about how you calculate what a
>     client is due after their settlement is received.
>
>         And the evidence will show that you calculate that in
>     the following manner. First, you have the settlement
>     amount [listed as item 1 on "calculation" sheet displayed
>     to the jury].
>
>         . . . But that's not the end of the story. What gets
>     deducted from the settlement amount? One thing that gets
>     deducted are the Attorney's fees, the percentage of fees
>     due my firm and me [listed as item 2 on "calculation"
>     sheet].
>
>         Two other things that get deducted are out-of-pocket
>     expenses associated with the case [] as well as moneys
>     advanced for the clients [listed together with other
>     identified deductions as items 3 through 6 on "calculation"
>     sheet]. . . .
>
>         And what does this calculation result in? It results
>     in number 7, the net amount paid to the client.  Now, the
>     government spent a lot of time in its opening talking about
>     number one and number seven. We're going to spend a lot of
>     time in this case talking about one through seven because
>     that is the only way that you can determine whether I am
>     guilty of anything.

(RT 7/21/2021 vol. I at 67-69.)  At trial, defendant cross-examined the victim-clients at length about these very matters.  See, e.g., RT 7/22/2021 Vol. I at 92-93, 102, 105-106, 109 & Vol. II at 32, 46-47 (cross-examination of Johnson); RT 7/30/2021 Vol. II at 66-74, RT 8/3/2021 Vol. I at 17, 31-55 (cross-examination of Gardner) & RT 8/03/2021 Vol. II at 25-28 (redirect of Gardner); RT 8/6/2021 Vol. I at 47-53, 79 (cross-examination of Barela); see also id. RT 8/6/2021 Vol. I at 93-94 & Vol. II at 12-18 (redirect of Barela), 20-25 (recross of Barela).  Defendant also explored his asserted entitlement to fees and costs from his clients during his cross-examinations of his office manager Judy Regnier and forensic accountant John Drum.  Defendant has not shown what additional

evidence would be adduced at a further evidentiary hearing or why, assuming defendant could identify any such evidence, the current record is insufficient to allow the Court to resolve the factual disputes without it.[2]

In fact, defendant's own motion addresses <u>legal</u> issues, not factual ones.[3] For example, defendant makes legal arguments about the scope of the credits against loss that he is entitled to; he makes no argument disputing the underlying facts, <u>e.g.</u>, the amount of the fees, costs, advances, etc. (<u>See</u> Motion at 2-5 (discussing Ninth Circuit case law regarding credits against loss and California case law regarding <u>quantum meruit</u>).) To the extent defendant's representations about his work for the four victims is relevant to these arguments, he supports his factual recitation with citations to evidence that is already in the record. (<u>See</u> Motion at 7-13.)

Defendant's request for an evidentiary hearing on five other enhancements (substantial financial hardship to one or more victims; misrepresentation or other fraudulent action during the course of a bankruptcy proceeding; sophisticated means; vulnerable victim; and

---

[2] Although defendant complained at trial that the Tabs records were missing, he does not claim that an evidentiary hearing is necessary regarding those records. Nor could he; those records have been available to defendant since September 2021, when a complete forensic copy of the servers from his former law firm was provided to him. If defendant thought the Tabs records were necessary to resolve any factual issues prior to sentencing, he could have submitted them with his sentencing position. He submitted none.

[3] Almost the entirety of defendant's motion repeats, virtually verbatim, the legal arguments that defendant presented in his original sentencing brief but omitted in the revised, shorter brief that defendant was required to file after the Court rejected the original brief as oversized. (<u>Compare</u> CR 1024 at 2-13 <u>with</u> CR 996 at 31-48). For this reason, and because defendant already requested an evidentiary hearing in his sentencing brief (CR 1016 at 33), the instant Motion appears to be a transparent effort to circumvent the Court's page limits for the sentencing briefs, and the Court should strike it for this reason.

obstruction of justice) (Motion at 13) should also be denied. Defendant has had an opportunity to address these enhancements at length in his sentencing submissions and to present his arguments against their application, and he has not identified any additional evidence that he believes would be developed at the requested evidentiary hearing or explained how the Court would be unable to determine the facts relevant to these enhancements based on the current record. In these circumstances, an evidentiary hearing is unnecessary and unwarranted.

In sum, defendant has had an opportunity to rebut the findings of the PSR with which he disagrees, and the current record is sufficient to allow the Court to make a fully informed sentencing determination. Under these circumstances, no evidentiary hearing is necessary or required.

**IV. CONCLUSION**

For the reasons set forth above, the government respectfully submits that the Court should deny defendant's Motion for Evidentiary Hearing Prior to Sentencing.

Dated: October 31, 2022          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

         /s/
BRETT A. SAGEL
RANEE A. KATZENSTEIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

6