E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RANEE A. KATZENSTEIN (Cal. Bar No. 187111)
Assistant United States Attorney
Chief, Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2432
     Facsimile: (213) 894-6269
     Email: Ranee.Katzenstein@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone:  (714) 338-3598
     Facsimile:  (714) 338-3708
     Email:      Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL JOHN AVENATTI, <br><br> Defendant. | SA CR No. 19-061-JVS <br><br> GOVERNMENT'S OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION TO STRIKE THE GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING POSITION (CR 1031) |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Ranee A. Katzenstein, hereby submits the following opposition to defendant's *ex parte* application to strike the government's response to defendant's sentencing position (CR 1031).

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 31, 2022         Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

           /s/
BRETT A. SAGEL
RANEE A. KATZENSTEIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant applies *ex parte* for an order striking the government's response to defendant's sentencing position (CR 1023), claiming the government's response exceeds this Court's fifteen-page limit. (CR 1031 ("Application"), citing CR 976.)  Defendant's Application is not based on the brief, nor could it be, but rather on the appendix attached to the government's brief, which contains a chart setting out defendant's objections to the Presentence Report ("PSR"), the paragraphs of the PSR to which the objections pertain, and the government's shorthand response to the objection (e.g., "No ruling necessary: Matter will not affect sentencing" or relevant record citations).  (CR 1023 Appendix.)  The government addressed defendant's objections generally in its brief (CR 1023 at 15) and attached the chart comprising the appendix to assist the Court's ability to comprehensively review and address defendant's sixty-one specific objections to the PSR.  Because the Court's page limit pertains to the sentencing briefs and the government's fifteen-page brief complies with the limit, the Court should deny defendant's Application to strike the government's response.

**II.   THE GOVERNMENT'S RESPONSE COMPLIES WITH THE COURT'S ORDER**

Defendant contends that the government's response is "non-conforming" with the Court's August 18, 2022, minute order (CR 976). (Application at 3.)_ Docket Number 976 is a "Minute Order re Clarification of Sentencing Briefs" and sets a fifteen page limit for reply briefs.

The government's fifteen-page response (CR 1023), unlike defendant's sixteen-page response (CR 1026), complies with the

Court's order regarding page limits. The appendix to which defendant objects is simply that -- an appendix to the brief containing a chart to facilitate the Court's consideration of defendant's sixty-one specific objections to the PSR.

Such an appendix is no different than the charts and other "exhibits" that defendant has attached to his sentencing briefs. (See, e.g., CR 1016 Ex A (defendant's one-page "Criminal Conduct, Offense and Guideline Chart"); Ex B (defendant's nine-page, single-spaced chart setting forth defendant's own descriptions of other cases and the sentences imposed, provided in connection with his Section 3553(a)(6) argument (see CR 1016 at 4)); Ex Q (eight pages of "the sentencing brief submitted in the Southern District of New York detailing the horrendous conditions defendant faced while in custody at MCC in New York," provided in connection with his variance argument based on custody conditions (see CR 1016 at 8)); Ex CC (defendant's annotated objections to seven pages of the PSR); CR 1026 Ex EE (defendant's chart setting forth defendant's "Comparison of Layfield v. Avenatti," provided in connection with his argument about what would constitute a reasonable sentence (CR 1026 at 2)); Ex HH (defendant's chart of "High Profile Fraud Cases: Correlation Between Loss and the Resultant Sentence, ranked most severe to less severe," provided in connection with his argument about sentencing disparity (CR 1026 at 2)); Ex LL (defendant's chart re loss amounts and "additional restitution reductions," provided in connection with his argument about loss (CR 1026 at 5 (n.10)); Ex QQ (defendant's attachment of the government's sentencing brief "with highlighted portions representing irrelevant and/or unproven 'facts'," provided in connection with defendant's argument about relevant conduct (CR

1026 at 13)); Ex RR (defendant's chart of "Comparison of Ohanian v. Avenatti," provided in connection with defendant's argument about sentencing disparity (CR 1026 at 2 (n.2)). Although defendant now contends that it would be "inequitable to require that the defendant adhere to the page length requirements" and then allow the government to file the appendix to its brief (Application at 2), the facts show that defendant has been able to file substantial materials amounting to many more pages than the limits for sentencing briefs set by the Court.[1]

**III. CONCLUSION**

For the reasons set forth above, the government respectfully requests that the Court deny defendant's Application.

---

[1] Even though the Court gave the parties 50 pages to file their initial sentencing memoranda, defendant initially filed 76 pages, between his sentencing memorandum (CR 996) and his under seal supplement (CR 998). After the Court struck defendant's initial sentencing memorandum, defendant's revised 45-page sentencing memorandum (CR 1016) together with his six-page supplement (CR 998) still exceeded the page limit. Defendant then filed a 12-page motion simply copying the portion of his initial sentencing brief that was struck seeking a "remedy" that he already sought in his filing, clearly trying again to skirt the Court's page limits. (Compare CR 1024 at 2-13 with CR 996 at 31-48.)

3