E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RANEE A. KATZENSTEIN (Cal. Bar No. 187111)
Assistant United States Attorney
Chief, Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2432
    Facsimile: (213) 894-6269
    Email: Ranee.Katzenstein@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
    Ronald Reagan Federal Building
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3598
    Facsimile: (714) 338-3708
    Email:    Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>MICHAEL JOHN AVENATTI,<br><br>    Defendant. | SA CR No. 19-061-JVS<br><br><u>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE THE VICTIM IMPACT STATEMENT OF LONG TRAN (CR 1025)</u> |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Ranee A. Katzenstein, hereby submits the following opposition to defendant's Motion to Strike the Victim Impact Statement of Long Tran (CR 1025).

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 31, 2022          Respectfully submitted,

                                            E. MARTIN ESTRADA
                                            United States Attorney

                                            SCOTT M. GARRINGER
                                            Assistant United States Attorney
                                            Chief, Criminal Division

                                                /s/
                                            BRETT A. SAGEL
                                            RANEE A. KATZENSTEIN
                                            Assistant United States Attorneys

                                            Attorneys for Plaintiff
                                            UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant moves to strike the victim-impact statement of Long Tran ("Tran"), the business manager for Michelle Phan on the grounds that Tran purportedly testified that he was not a victim, the government did not identify Tran as a victim in its opening statement, and the four wire fraud counts to which defendant pleaded guilty did not relate to Tran. (CR 1025 ("Motion") at 1.) Defendant claims it is improper for the Court to receive or consider Tran's victim-impact statement "under well-settled law." (Id.) Defendant's motion is factually and legally baseless, and the Court should reject defendant's attempt to limit the Court's ability to hear of the harmful effects of defendant's criminal conduct as well as to properly assess defendant's background, character, and conduct.

**II.   TRAN IS A VICTIM AND THE COURT MAY AND SHOULD CONSIDER HIS STATEMENT**

The factual predicates of defendant's motion all fail. First, Tran simply testified that he was owed no further money from defendant (RT 8/10/21 at 68-69); he did not testify that he was not a victim. Second, the government's opening statement was an overview of the evidence, not an exhaustive description of defendant's crimes and their impacts. Third, as discussed below, there is no question that Tran was harmed by defendant's conduct underlying Count Eight. As Tran has explained, defendant's conduct destroyed Tran's relationship with Phan, and had devastating effects on Tran's career and personal life. (CR 1015 Attach D).

Defendant's conclusory assertion that Tran is not a victim "under well-settled law"[1] also fails. Defendant deceived Tran by telling him countless lies and giving him bogus documentation in his attempt to conceal his fraud. Tran's statement describes the harms he suffered from defendant's conduct (CR 1015 Attach. D). Enduring these harms qualifies Tran as a victim under the law. See 18 U.S.C. § 3771(e)(2)(A)[2] ("The term 'crime victim' means a person directly and proximately harmed as a result of the commission of a Federal offense. . . ."); see also In re Wild, 994 F.3d 1244, 1261 (11th Cir. 2021) ("An individual who has been 'directly and proximately harmed' as a result of the conduct charged by the government is entitled to CVRA protection and may assert her rights in court accordingly."); In re Stewart, 552 F.3d 1285, 1288-89 (8th Cir. 2008) ("If the criminal behavior causes a party direct and proximate harmful effects, the party is a victim under the CVRA" and "a party may qualify as a victim, even though [he] may not have been the target of the crime, as long as [he] suffers harm as a result of the crime's commission"). Defendant provides no legal authority for his assertion that victims are limited to only those suffering financial harm, because this is contrary to the law. See Fed. R. Crim. Proc. 32(d)(2)(B) ("The presentence report must also contain the following: information that assesses any financial, social, psychological, and medical impact on any victim.").

Even if the Court determines that Tran is not a "victim" under the CVRA, that would only affect the need to afford Tran the rights

---

[1] Notably, defendant cites zero cases to support his claim.
[2] The Crime Victim Rights Acts ("CVRA") was codified as 18 U.S.C. § 3771.

2

outlined in the statute; it would not preclude the Court's ability to receive and review Tran's statement, which would still be entirely appropriate. As the Ninth Circuit has instructed:

> [A] sentencing judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come. . . . By statute, there is no limitation on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

United States v. Christensen, 732 F.3d 1094, 1102 (9th Cir. 2013) (cleaned up) (quoting Nichols v. United States, 511 U.S. 738, 747 (1994), and 18 U.S.C. § 3661). The Christensen court specifically found it was appropriate, pursuant to Rule 32 and 18 U.S.C. § 3661, for the district court to consider impacts on victims even if they were not tied to the losses the defendant caused. Christensen, 732 F.3d at 1104-05 ("These 'life-destroying impacts,' supported by victim statements, provide greater insight into [defendant's] 'background, character, and conduct' that the district court was entitled to rely on in determining that for a specified loss resulting from criminal conduct, the Guidelines did not adequately account for the seriousness of [defendant's] offense, provide adequate deterrence, or sufficiently protect the public . . . from the infliction of further harm at the hands of [defendant]."); see also Pepper v. United States, 562 U.S. 476, 489 (2011) ("Both Congress and the Sentencing Commission thus expressly preserved the traditional discretion of sentencing courts to conduct an inquiry broad in scope, largely unlimited either as to the kind of information they may consider, or the source from which it may come.") (internal citations and quotations omitted); id. at 490-91

("Congress could not have been clearer in directing that no limitation be placed on the information concerning the background, character, and conduct of a defendant that a district court may receive and consider for the purpose of imposing an appropriate sentence.") (internal citation and quotation omitted).

In sum, Tran is a victim of defendant's criminal conduct and the deleterious impact and proximate harm that conduct caused to Tran to suffer is completely appropriate for the Court to consider.[3]  At trial, the Court heard testimony regarding the numerous lies defendant told to Tran, and it is relevant and appropriate for the Court to hear Tran's description of the entirely foreseeable and harmful consequences resulting from defendant's lies.

**III. CONCLUSION**

For the reasons set forth above, the government respectfully submits that the Court should deny defendant's Motion to Strike the Victim Impact Statement of Long Tran.

Dated: October 31, 2022          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

        /s/
BRETT A. SAGEL
RANEE A. KATZENSTEIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

---

[3] Defendant's sentencing submissions are replete with references to his conduct as a lawyer with clients other than Johnson, Gardner, Barela, and Phan.  He should not be heard to complain when the government offers information about his conduct as a lawyer with Tran.

4