UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

- - -

THE HONORABLE JAMES V. SELNA, JUDGE PRESIDING

```
UNITED STATES OF AMERICA,     )CERTIFIED TRANSCRIPT
                  Plaintiff,  )
     vs.                      )
                              )   SACR-19-00061-JVS
MICHAEL JOHN AVENATTI,        )
                  Defendant.  )
------------------------------)
```

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Santa Ana, California

May 17, 2021


SHARON A. SEFFENS, RPR
United States Courthouse
411 West 4th Street, Suite 1-1053
Santa Ana, CA  92701
(605) 804-8655

```
 1  APPEARANCES OF COUNSEL:

 2  For the Plaintiff:

 3  NICOLA T. HANNA
    United States Attorney
 4  BRANDON D. FOX
    Assistant United States Attorney
 5  Chief, Criminal Division
    ALEXANDER WYMAN
 6  Assistant United States Attorney
    Major Frauds Section
 7  1100 United States Courthouse
    312 North Spring Street
 8  Los Angeles, CA  90012
    (213) 894-6683
 9
    BRETT A. SAGEL
10  Assistant United States Attorney
    Ronald Reagan Federal Building
11  411 West Fourth Street, Suite 8000
    Santa Ana, CA  92701
12  (714) 338-3598

13  For the Defendant:

14  H. DEAN STEWARD, ADVISORY COUNSEL
    H. DEAN STEWARD LAW OFFICES
15  107 Avenida Miramar, Suite C
    San Clemente, CA  92672
16  (949) 481-4900

17

18

19

20

21

22

23

24

25
```

|       |    |                                                                              |
|-------|----|------------------------------------------------------------------------------|
|       | 1  | SANTA ANA, CALIFORNIA; MONDAY, MAY 17, 2021; 10:00 A.M.                      |
| 10:00 | 2  | THE CLERK:  Item No. 2, SACR-19-00061-JVS, United                            |
| 10:00 | 3  | States of America versus Michael John Avenatti.                              |
| 10:00 | 4  | Appearances on behalf of the government, please.                             |
| 10:00 | 5  | MR. SAGEL:  Good morning, Your Honor.  Brett Sagel                           |
| 10:00 | 6  | and Alexander Wyman on behalf of the United States.                          |
| 10:00 | 7  | THE COURT:  Good morning.                                                    |
| 10:00 | 8  | MR. STEWARD:  And, Your Honor, Dean Steward on                               |
| 10:00 | 9  | behalf of Mr. Avenatti, and he's got a waiver on file.  He's                 |
| 10:01 | 10 | not present, but he's joining us by phone.                                   |
| 10:01 | 11 | THE COURT:  Very good.  Good morning.                                        |
| 10:01 | 12 | MR. STEWARD:  Good morning.                                                  |
| 10:01 | 13 | MR. AVENATTI:  Good morning.                                                 |
| 10:01 | 14 | THE COURT:  I want to discuss the various                                    |
| 10:01 | 15 | pleadings that were filed last week.  I already sent out a                   |
| 10:01 | 16 | minute order with regard to the voir dire proposals.                         |
| 10:01 | 17 | Are there any questions about what the Court wants                           |
| 10:01 | 18 | there?                                                                       |
| 10:01 | 19 | MR. SAGEL:  No, Your Honor.  And probably about                              |
| 10:01 | 20 | ten minutes before Your Honor took the bench, I filed a new                  |
| 10:01 | 21 | joint proposed questionnaire from the parties, and there's                   |
| 10:01 | 22 | only really one question left for the Court other than the                   |
| 10:01 | 23 | Court's discretion on the questionnaire itself.                              |
| 10:01 | 24 | THE COURT:  Right.                                                           |
| 10:01 | 25 | MR. SAGEL:  A new joint questionnaire was filed at                           |

```
10:01   1    probably about 9:50 this morning.
10:01   2              THE COURT:  Okay.  Thank you.
10:01   3              With regard to the jury instructions, it appears
10:01   4    that the parties did have some discussions, and there are
10:01   5    proposals from each side, but it also appears to me that you
10:01   6    really didn't have time to have a full discussion and to
10:01   7    organize that pleading in a way that makes sense to the
10:01   8    Court.  The government points out a number of proposed
10:02   9    instructions by Mr. Avenatti.  Are they alternates,
10:02  10    stand-alones, or what?
10:02  11              What I want is a packet that goes from beginning
10:02  12    to end with all of the alternates right there with respect
10:02  13    to the relevant instruction, so I'm going to ask you to go
10:02  14    back and take another cut and get it better organized.
10:02  15              MR. SAGEL:  Date certain, Your Honor, when is
10:02  16    that?
10:02  17              THE COURT:  Can you do it in a week?
10:02  18              MR. SAGEL:  We believe so.
10:02  19              MR. STEWARD:  I'm sure we can, Your Honor.
10:02  20              THE COURT:  Okay.  Very good.
10:02  21              With regard to the potential motion, Mr. Steward,
10:02  22    you've indicated that you wanted four days to reply once the
10:02  23    government filed its opposition.
10:02  24              MR. STEWARD:  Correct, Your Honor.
10:02  25              THE COURT:  Why don't we put that over for hearing
```

```
10:02    1   on that until next Monday.
10:03    2               MR. STEWARD:  That's fine, Your Honor.
10:03    3               (Court and clerk conferring)
10:03    4               THE COURT:  11:00, would that work for everyone?
10:03    5               MR. STEWARD:  That's fine, Your Honor.
10:03    6               MR. SAGEL:  That's okay with the government, Your
10:03    7   Honor.
10:03    8               THE COURT:  With regard to the summary of the
10:03    9   case, I've got competing versions.  I'll work through those.
10:03   10   With respect to all these pleadings that are going to
10:03   11   require editing on the Court's part, I need WordPerfect
10:03   12   copies.  You can find a way.
10:03   13               MR. SAGEL:  We'll do our best.
10:03   14               THE COURT:  Well, best is not good enough.  I know
10:03   15   Mr. Steward knows how to deal with WordPerfect.
10:04   16               MR. STEWARD:  I do, Your Honor.
10:04   17               THE COURT:  Okay.  With regard to the form of the
10:04   18   jury verdict, the principal complaint on defense's part is
10:04   19   that the jury is instructed as to what the underlying
10:04   20   transactions are.  I don't see how we avoid that.  One, I
10:04   21   never send the Indictment back there, so they won't have an
10:04   22   Indictment to reference what Count 1 is, Count 2, et cetera.
10:04   23   Thus far, the statement of the case doesn't go count by
10:04   24   count, and I don't believe that the jury instructions give
10:04   25   the jurors that kind of guidance.
```

|  |  |
|---|---|
| 10:04 | 1 |          So it seems to me we need to give the jury the
| 10:04 | 2 | tools to figure out what the substantive issue is for each
| 10:04 | 3 | count.  Maybe you can put that in the jury instructions, but
| 10:05 | 4 | absent doing that, I don't see any solution short of
| 10:05 | 5 | submitting some modified form of what the government
| 10:05 | 6 | proposes.

```
10:04   1              So it seems to me we need to give the jury the
10:04   2    tools to figure out what the substantive issue is for each
10:04   3    count.  Maybe you can put that in the jury instructions, but
10:05   4    absent doing that, I don't see any solution short of
10:05   5    submitting some modified form of what the government
10:05   6    proposes.
10:05   7              Mr. Steward.
10:05   8              MR. STEWARD:  Well, that would be over our
10:05   9    objection, Your Honor.  The problem is, is that it gives
10:05  10    them in my view a roadmap to a conviction.  It tracks what
10:05  11    the government hopes to prove, and I have never seen a
10:05  12    verdict form like that ever in any case, cases more complex
10:05  13    than this one.
10:05  14              THE COURT:  Well, that's why I suggested that that
10:05  15    information can be put in the description of the -- the
10:05  16    counts can be put in the jury instruction telling the jury
10:05  17    they're going to have a verdict form.  I mean, someplace
10:05  18    they've got to know what Count 1 is about.
10:05  19              MR. STEWARD:  Understood, and I think that in the
10:05  20    jury instructions is far superior than in a verdict form.
10:05  21              THE COURT:  That's fine.
10:05  22              MR. STEWARD:  We'll see if we can work that out.
10:05  23              THE COURT:  Okay.  We are on track for July 17.  I
10:06  24    believe --
10:06  25              THE CLERK:  13th.
```

```
10:06   1              THE COURT:  The 13th.  The 17th is something else.
10:06   2   I believe Ms. Bredahl had indicated that the parties wanted
10:06   3   to do the questionnaires and the preliminary work a week
10:06   4   before.
10:06   5              Mr. Steward, you had some difficulty with that?
10:06   6              MR. STEWARD:  Only, Your Honor, that I would hope
10:06   7   to have dedicated that time to continue trial preparation
10:06   8   and that we could really start things in earnest on the
10:06   9   13th.
10:06  10              THE COURT:  Well, I think we can only handle 52
10:06  11   people at a time, and the thought would be to -- we can
10:06  12   discuss which dates -- but morning and afternoon or plus
10:06  13   another morning or afternoon, we'd get 150 in here and get
10:06  14   them to fill out the questionnaires.  We would probably do
10:07  15   this down in the jury assembly area.  They'd be sworn at
10:07  16   that point, and I'd read them the summary of the case.
10:07  17              Now, you can be there if you want, but I'm not
10:07  18   going to require you to be there.  If nobody's there, I
10:07  19   think the jury will just understand that this is a
10:07  20   preliminary process of the Court.
10:07  21              MR. STEWARD:  Understood, Your Honor.  I think my
10:07  22   option or my preference would be to be present for that.
10:07  23   I've been thinking back, and I don't remember whether it was
10:07  24   the Michael's case or another one where it was very similar
10:07  25   to this with a questionnaire --
```

```
10:07   1          THE COURT:  Right.
10:07   2          MR. STEWARD:  -- and I think we sent down a
10:07   3  representative of the defense team.  Since I'm it, I think I
10:07   4  would want to be there.
10:07   5          THE COURT:  But we won't get 150 people here at
10:07   6  once, so --
10:07   7          MR. STEWARD:  Understood.
10:07   8          THE COURT:  We'll probably do the voir dire in
10:07   9  Judge Staton's courtroom, so there wouldn't be a problem
10:07  10  with having simultaneous proceedings down in the jury room
10:08  11  here.  It would just be one point, and it's not going to
10:08  12  require much of a time commitment for counsel to be here.  I
10:08  13  go down to the jury assembly area.  It takes me five minutes
10:08  14  to read the agreed statement or joint statement and five
10:08  15  minutes to make my usual welcoming remarks.
10:08  16          MR. SAGEL:  No objection from the government.
10:08  17  Obviously, it's easier for us to walk down nine floors than
10:08  18  Mr. Steward, but whatever decision defense counsel wants to
10:08  19  make, we'll do the same.  So if he decides he doesn't want
10:08  20  to be present, we won't be so it's not one-sided.  If he is
10:08  21  present, we'll make sure a representative is there.
10:08  22          THE COURT:  What do you want to do, Mr. Steward?
10:08  23          MR. STEWARD:  I'd like to be present, Your Honor.
10:08  24          THE COURT:  Okay.  Well, we'll probably do it that
10:08  25  Thursday and Friday.  It'll be brief, so you'll have plenty
```

```
10:08   1    of time to work through the balance of the day.  And we'll
10:09   2    bring the second group, the afternoon people, in at 1:30,
10:09   3    and you'll be out of here by 2:00 at least.  So I don't
10:09   4    think it will chop the day up that much.
10:09   5              MR. SAGEL:  I might be saying what Ms. Bredahl's
10:09   6    eyes are saying, but I think it might be necessary to bring
10:09   7    them earlier in the week so the parties have a chance to say
10:09   8    who does not need to come back the following week, because
10:09   9    if they all fill them out Thursday and Friday, they're all
10:09   10   basically going to come back, even though there might be
10:09   11   agreement between the parties which jurors could be struck
10:09   12   based on their answers to the questionnaire.
10:09   13             THE COURT:  All right.  I'll push it earlier in
10:09   14   the week in anticipation we'd have a session with the Court.
10:09   15   We'll have a lot to discuss with the substance of the --
10:09   16             (Court and clerk conferring)
10:09   17             THE COURT:  Is the government going to copy the
10:09   18   questionnaires?
10:09   19             MR. SAGEL:  We can if that's the order of the
10:09   20   Court.
10:09   21             THE COURT:  I think you've got the most resources.
10:10   22             Let me stress that while this has been a highly
10:10   23   litigated case with strong feelings on both sides, there
10:10   24   needs to be cooperation in putting this case in order for
10:10   25   trial, and I expect the parties to exhibit greater
```

```
10:10    1    cooperation as we go forward so we get these things resolved
10:10    2    and the trial runs smoothly.
10:10    3              Is there anything else anyone would like to take
10:10    4    up this morning?
10:10    5              MR. SAGEL:  Briefly, Your Honor, and I'm not sure
10:10    6    if Your Honor has ruled on this or if we've decided, but in
10:10    7    our joint status report when Your Honor asked questions
10:10    8    about the questionnaire and voir dire and so forth, I think
10:11    9    the government's position is if we have a very thorough
10:11   10    questionnaire, which is what the parties have now jointly
10:11   11    proposed.  So I don't think we need as much time for general
10:11   12    voir dire.
10:11   13              I don't know what kind of length Your Honor was
10:11   14    thinking, but I guess our position would be if we're still
10:11   15    going to have a general voir dire, then our questionnaire
10:11   16    shouldn't be as thorough as it currently stands or the
10:11   17    alternative.  I don't think we should have both.
10:11   18              THE COURT:  I think the thought is that the
10:11   19    completed questionnaires will eliminate the need for a lot
10:11   20    of questioning.  We need to have follow-up questions, but I
10:11   21    don't see that the two are inconsistent.
10:11   22              MR. SAGEL:  Okay.  Thank you, Your Honor.
10:11   23              THE COURT:  As I've indicated previously, I would
10:11   24    anticipate doing voir dire individually just on the issue of
10:11   25    Mr. Avenatti, any juror who indicated that he had knowledge
```

```
10:11   1    or feelings about Mr. Avenatti, which is going to take a
10:11   2    while.
10:11   3              MR. SAGEL:  Agreed, Your Honor.
10:12   4              THE COURT:  Okay.  Anything else for this morning?
10:12   5              Mr. Steward.
10:12   6              MR. STEWARD:  No, Your Honor.  I'm a little
10:12   7    curious just about the mechanics of all of this.  But
10:12   8    fortunately, I have a trial in Judge Carter's in two weeks,
10:12   9    and I'll get to try it there, so I'll wait.
10:12   10             THE COURT:  Well, I think we're all learning.  We
10:12   11   haven't had a criminal trial since we've reinstituted jury
10:12   12   trials.  I'd say I think in terms of mechanics we're all
10:12   13   learning.  I would expect to learn at trial and from two
10:12   14   others that I will have before we commence this case.
10:12   15             MR. SAGEL:  Does Your Honor want Pretrial Services
10:12   16   here next Monday?
10:12   17             THE COURT:  I think it probably is a good idea.
10:12   18             THE CLERK:  I've let her know, and I have a new
10:12   19   report.  She was going to appear telephonically today, but
10:13   20   since it wasn't going forward, so --
10:13   21             MR. SAGEL:  As long as she's aware.
10:13   22             THE CLERK:  She is aware.
10:13   23             MR. SAGEL:  Thank you, Your Honor.
10:13   24             THE COURT:  Okay.  Thank you very much.  We will
10:13   25   be adjourned.
```

| | | |
|---|---|---|
| 10:13 | 1 | MR. STEWARD:  Thank you, Your Honor. |
| 10:13 | 2 | MR. SAGEL:  Thank you, Your Honor. |
| 10:13 | 3 | (Whereupon, the proceedings were concluded.) |
| 10:13 | 4 | *   *   * |
| 10:13 | 5 | |
| 10:13 | 6 | |
| 10:13 | 7 | |
| 10:13 | 8 | |
| 10:13 | 9 | |
| 10:13 | 10 | |
| 10:13 | 11 | |
| 10:13 | 12 | |
| 10:13 | 13 | |
| 10:13 | 14 | |
| 10:13 | 15 | |
| 10:13 | 16 | |
| 10:13 | 17 | |
| 10:13 | 18 | |
| 10:13 | 19 | |
| 10:13 | 20 | |
| 10:13 | 21 | |
| 10:13 | 22 | |
| 10:13 | 23 | |
| 10:13 | 24 | |
| 10:13 | 25 | |

SHARON A. SEFFENS, U.S. DISTRICT COURT REPORTER

**CERTIFICATE**

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date:  February 4, 2023


/s/   Sharon A. Seffens  2/4/23
_____
SHARON A. SEFFENS, U.S. COURT REPORTER