CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
MARGARET A. FARRAND (Bar No. 235295)
(E-Mail: Margaret_Farrand@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
MICHAEL JOHN AVENATTI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | Case No. 19-CR-61-JVS<br><br>**DEFENDANT'S OPPOSITION TO GOVERNMENT'S *EX PARTE* APPLICATION FOR AN ORDER DIRECTING THE CLERK OF COURT TO DISBERSE FUNDS FROM THE IRS** |

# OPPOSITION TO GOVERNMENT'S *EX PARTE* APPLICATION FOR AN ORDER DIRECTING THE CLERK OF THE COURT TO DISBURSE FUNDS FROM THE INTERNAL REVENUE SERVICE

This Court should deny the government's *Ex Parte* Application for an Order Directing the Clerk of the Court to Disburse Certain Funds from the IRS to victim Michelle Phan. (Docket No. 1087.) *Ex parte* applications are reserved for extraordinary relief, as this Court's website clearly states. *See* Court's Procedures and Schedules, paragraph 6 ("Ex Parte applications are for extraordinary relief only.")[1] But the government identifies nothing extraordinary about the relief it is requesting here. Nor does it identify any urgency about this request that could justify dispensing with the ordinary briefing schedule required by this Court's Local Rules. *See* C.D. Cal. L.R. 6-1 ("The notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing.") Indeed, Ms. Phan has—by the government's admission—already received over $27 million in funds as a result of Mr. Avenatti's work on her behalf. (*See* Docket No. 1000-1 ¶¶ 19-21.) Nothing suggests she has such immediate need of the additional approximately $1.5 million from the IRS that the Court cannot even take the ordinarily-required twenty-eight days required for an ordinary briefing schedule to complete.

The government states that the reason it filed its request as an *ex parte* application was that the IRS's payment "could happen any day now." (Docket No. 1087 at 5 n.3.) But even assuming that is the case, the government fails to explain why the Clerk of the Court could not simply hold the funds pending this Court's resolution of a noticed motion to disburse them. Indeed, courts have discretion to stay restitution or disbursement of restitution funds under Federal Rule of Criminal Procedure 38(e)(1), and Mr. Avenatti has already filed a regularly-noticed motion for that precise relief

---

[1] https://www.cacd.uscourts.gov/honorable-james-v-selna (last visited February 9, 2023).

1

here, that is currently pending. (Docket No. 1088.)[2]

Mr. Avenatti further objects to the government's requested relief for the reasons stated in his separately-filed motion to stay this Court's restitution award pending appeal or, in the alternative, to stay distribution of restitution funds by the Clerk of Court. (Docket No. 1088.) As Mr. Avenatti's motion explains, substantial questions exist as to the amount of restitution, if any, due to Ms. Phan. Indeed, Mr. Avenatti's pleadings and evidence show Ms. Phan is not due any restitution—and the government failed to meet its burden to show she was—because the legal work Mr. Avenatti performed for her included arranging for her acquisition of additional assets as to which Mr. Avenatti was contractually entitled to a 7.5 percent contingency fee that more than offsets the $4 million in restitution to which the Court determined she was entitled. (*See* Docket 1088 at 3-8 and documents cited therein.) Although this Court rejected that argument at sentencing after finding the additional assets unrelated to the legal work Mr. Avenatti did for Ms. Phan that underlies his conviction, Mr. Avenatti's contract with Ms. Phan in fact included the acquisition of those additional assets in the same definition of "Recovery" as the cash payments to which the government and Court have already concluded Mr. Avenatti's 7.5 contingency fee provision applied. (*See* Docket 1088 at 6.) The assets and cash payments were obtained in connection with the same representation. (*Id.*)

---

[2] *See also United States v. Alvarez*, 2015 WL 13187313 (S.D. Cal. 2015) (granting defendant's motion to stay restitution pending appeal); *see also United States v. Singh*, 2022 WL 16855789 (E.D.N.Y. Nov. 10, 2022) (granting a limited stay of forfeiture with respect to defendant's home); *United States v. Yalincak*, 2015 WL 6456537 at *2 (D. Conn. Oct 26. 2015) (granting stay of restitution pending appeal despite doubts as to whether the defendant was likely to prevail on appeal, in light of possibility of irreparable harm if a stay were denied); *United States v. Gonzales*, 2022 WL 3082530 at *2 (D. Ariz. August 2, 2022) (denying motion to stay restitution pending appeal, but granting motion to have payments deposited into the Court's registry and held until disposition of the appeal).

1    At minimum, whether Mr. Avenatti's contingency fee applies to the value of the
2  assets is a substantial question that bears heavily on the appropriate restitution award as
3  to Ms. Phan. If he prevails on that issue on appeal, the result would be that Ms. Phan
4  would not be due any restitution. Disbursing $1.5 million to her at this point is
5  premature and could result in those assets being dissipated before the appeal resolves.
6    Because the government's *ex parte* application was not properly brought on an *ex*
7  *parte* basis, and because Mr. Avenatti has separately moved to stay restitution and
8  disbursement of restitution amounts from the Clerk of Court pending resolution of his
9  appeal, he asks that the Court deny the government's *ex parte* application.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: February 9, 2023    By  */s/ Margaret A. Farrand*
MARGARET A. FARRAND
Deputy Federal Public Defender
Attorney for MICHAEL AVENATTI