E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
RANEE A. KATZENSTEIN (Cal. Bar No. 187111)
Assistant United States Attorney
Chief, Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2432
     Facsimile: (213) 894-6269
     Email: Ranee.Katzenstein@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone:  (714) 338-3598
     Facsimile:  (714) 338-3708
     Email:      Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR No. 19-061-JVS |
| Plaintiff, | GOVERNMENT'S NOTICE OF ACTION BY THE IRS RETURNING STOLEN FUNDS TO VICTIM MICHELLE PHAN |
| v. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Ranee A. Katzenstein, hereby gives notice that the Internal Revenue

Service ("IRS") has returned stolen funds it received directly to the individual, Michelle Phan, from whom the funds were stolen.

On February 9, 2023, the government informed the Court that the IRS had determined that money it received, namely $1,508,422.30 that defendant MICHAEL JOHN AVENATTI caused to be paid to the IRS as required to dismiss Eagan Avenatti LLP's bankruptcy case, had been stolen from Ms. Phan and the IRS would disgorge the money and return it to her (CR 1087). The government attempted to direct the funds to the Clerk of the Court as the likely most efficient mechanism for the Clerk to credit the restitution order and to benefit defendant (CR 1087). The Court denied the government's *ex parte* application and ordered the Clerk to stay distribution of any funds it received from the IRS (CR 1092).

The IRS has informed the government of an independent action it has taken regarding these funds and, in view of the prior application and Order, the government is informing the Court of this action. Specifically, the IRS has determined independently to return these funds directly to Ms. Phan (*i.e., to* not route the funds through the Clerk of the Court) and advised the government of its decision to use this alternative procedure -- a procedure that, as the government had noted in its *ex parte* application, the IRS always recognized was available to it.

The IRS's payment does not affect defendant's restitution order. If the restitution order is affirmed on appeal, the government will seek a revised restitution schedule at the appropriate time providing for the defendant to owe the remainder of the restitution due to Ms. Phan (the victim) first, and then the $1,508,422.30 to the IRS, as a third-party that paid on a restitution award, pursuant to 18 U.S.C.

§§ 3664(f)(1)(B), (j)(1).  If the restitution order is vacated on appeal, the payment by the IRS directly to Ms. Phan would not be implicated because the IRS was going to disgorge this money to Ms. Phan regardless of defendant's restitution obligation, and the money did not belong to defendant -- the money was stolen from Ms. Phan to pay a tax obligation of an entity over which defendant has no ownership or control.

Dated: March 16, 2023                Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

       /s/
BRETT A. SAGEL
RANEE A. KATZENSTEIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA