E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
RANEE A. KATZENSTEIN (Cal. Bar No. 187111)
Assistant United States Attorney
Chief, Major Frauds Section
DAN G. BOYLE (Cal. Bar No. 332518)
JAMES E. DOCHTERMAN (Ca. Bar No. 256396)
Asset Forfeiture and Recovery Section
   1400 United States Courthouse
   312 North Spring Street
   Los Angeles, CA 90012
   Telephone: (213) 894-2426/2686
   Facsimile:  (213) 894-0142
   E-mail:    Daniel.Boyle2@usdoj.gov
             James.Dochterman@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
   Assistant United States Attorney
   Ronald Reagan Federal Building
   411 West Fourth Street, Suite 8000
   Santa Ana, California 92701
   Telephone: (714) 338-3598
   Facsimile: (714) 338-3708
   Email: Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>         v.<br><br>MICHAEL JOHN AVENATTI,<br><br>         Defendant. | Case SA CR 19-061-JVS<br><br>GOVERNMENT'S STATUS UPDATE AND APPLICATION REGARDING ANCILLARY PROCEEDINGS |

Plaintiff United States of America hereby submits this Status Update Regarding Ancillary Proceedings in this matter and, as detailed herein, requests that the Court either (1) set a briefing schedule for all Petitioners, or (2) if necessary, refer this ancillary proceeding to a Magistrate Judge for fact-finding and recommendation. This application also addresses the procedural requirements for an ancillary hearing, pursuant to the guilty plea of defendant Michael John Avenatti ("defendant") (ECF No. 955), for the purpose of determining the disposition of all right, title, and interest in the following:

i. One Honda aircraft, registration number N227WP, aircraft serial number 42000029, together with its tools and appurtenances, including any and all logbooks (hard copy and/or electronic) documenting engine and airframe maintenance, flights, number of hours flown, number of landings, and types and frequency of instrument approaches made by the aircraft (collectively, the "Disputed Property").

The undersigned contacted all Petitioners' counsel regarding this application, and provided the proposed briefing schedule. Counsel for Petitioners Alexis Gardener and Spring Creek Research LLC responded requesting modifications to the proposed schedule, which the government has attempted to accommodate in the attached proposed order. Counsel to Petitioner Richard Marshak as trustee of the Chapter 7 bankruptcy estate of Eagan Avenatti LLP stated that counsel is unavailable between May 20, 2023 and June 3, 2023.

///

This application is supported by the files and records in this case, including the factual basis stated during defendant's change of plea proceeding, the evidence and testimony at trial, and the accompanying Memorandum of Points and Authorities.

DATED: April 19, 2023                    Respectfully submitted,

                                              E. MARTIN ESTRADA
                                              United States Attorney

                                              MACK E. JENKINS
                                              Assistant United States Attorney
                                              Chief, Criminal Division

                                              */s/ James E. Dochterman*
                                              RANEE A. KATZENSTEIN
                                              BRETT A. SAGEL
                                              DAN G. BOYLE
                                              JAMES E. DOCHTERMAN
                                              Assistant United States Attorneys

                                              Attorneys for Plaintiff
                                              UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On June 16, 2022, defendant Michael John Avenatti ("defendant") pled guilty to, *inter alia*, Counts Five, Eight, Nine, and Ten of the Indictment in this action, which charge defendant with Wire Fraud, in violation of 18 U.S.C. § 1343. *See* ECF No. 955. Defendant did not oppose an application to forfeit the Disputed Property[1] following his plea of guilty, which the Court granted. *See* ECF Nos. 974-975.

This application deals solely with the Disputed Property. Multiple petitioners have now come forward each asserting unique arguments seeking full title to the Disputed Property. The government has reviewed the petitions and acknowledges that petitioner Alexis Gardner is a victim of the crimes to which defendant pled guilty, and thus has an interest in the Disputed Property superior to the government. However, the remaining petitioners base their claims on differing interpretations of California law regarding the primacy of property interests in the Disputed Property, both vis-à-vis Petitioner Gardner and each other. While the government acknowledges that it does not have a superior interest in the Disputed Property – and thus the property cannot be forfeited to the government – an open question remains as to the relative position of each petitioner's claim. Put another way: to whom should the government return the Disputed Property, and if the property is sold, how should the proceeds be allocated?

To answer these questions, the government requests that the Court either (1) set a briefing schedule for all Petitioners to address their competing interests or (2) to the extent the Court believes further fact-finding will be necessary, refer this matter to a magistrate judge who may permit limited discovery in accordance with Rule 32.2, and address petitioners' competing arguments in a recommendation to the Court regarding

---

[1] The "Disputed Property" is one Honda aircraft, registration number N227WP, aircraft serial number 42000029, together with its tools and appurtenances, including any and all logbooks (hard copy and/or electronic) documenting engine and airframe maintenance, flights, number of hours flown, number of landings, and types and frequency of instrument approaches made by the aircraft.

the primacy and distribution of interests to the Disputed Property.[2] Upon the Court's determination of the final disposition of the Disputed Property, the government may dispose of the Disputed Property and, if needed, distribute any proceeds accordingly.

## II. BACKGROUND

### A. The Defendant's Guilty Plea and Forfeiture Agreement

On June 16, 2022, defendant Michael John Avenatti ("defendant") pled guilty to, *inter alia*, Counts Five, Eight, Nine, and Ten of the Indictment in this action, which charge defendant with Wire Fraud, in violation of 18 U.S.C. § 1343. *See* ECF No. 955. Pursuant to Criminal Rule 32.2(b)(1)(A), on August 1, 2022, the government applied for entry of a Preliminary Order of Forfeiture (the "POF"), pursuant to defendant's guilty plea to Counts Five, Eight, Nine, and Ten of the Indictment. ECF 974.[3] On August 9, 2022, the Court entered a POF. ECF 975. The POF ordered that all right, title and interest of defendant in the Disputed Property is hereby forfeited to the United States. The order included a finding that that the government had established the requisite nexus between the Disputed Property and the offenses described in Counts Five, Eight, Nine, and Ten of the Indictment.

The government then published notice of the forfeiture pursuant to Rule 32.2(b)(6) commencing on August 11, 2022, and served direct notice by mail to known potential

---

[2] The government notes that the Hon. Karen E. Scott and the Hon. Autumn D. Spaeth have previously been recused from this matter.

[3] Defendant did not oppose the POF. *See* ECF 974, at 7. Although defendant has appealed and disputes the amounts owed in restitution, including to Petitioner Alexis Gardner, restitution and forfeiture are separate issues, and the calculation of any restitution amount is not effected by any forfeiture. *See United States v. Newman*, 659 F.3d 1235, 1241 (9th Cir. 2011) ("Criminal forfeiture is also separate from restitution, which serves an entirely different purpose. . . . [T]he district court may not reduce forfeiture because of an order of restitution to a victim or because the victim already has been made whole."); *see also United States v. Baras*, 624 F. App'x 560, 562 (9th Cir. 2015) ("[T]his court has held that 'defendants may be required to pay restitution and forfeit the same amounts.'" (citing *Newman*)). Accordingly, defendant's pending appeal does not prevent the Court from resolving matters pertaining to the Disputed Property.

claimants. *See* ECF No. 983.

Following notice, two parties submitted claims and two parties submitted petitions seeking an ancillary hearing to adjudicate their purported ownership interests in the Disputed Property as follows:

- On September 9, 2022, Spring Creek Research LLC ("Spring Creek") filed a petition. ECF 986;
- On September 13, 2022, Jason Frank Law, PLC ("Jason Frank") filed a claim. ECF 984;
- On September 15, 2022, Richard Marshak filed a claim in his capacity as trustee of the Chapter 7 bankruptcy estate of Eagan Avenatti LLP ("EA LLP"). ECF 989;
- On September 15, 2022, Alexis Gardner filed a petition. ECF 991

(collectively "the Petitioners"). Each of these four Petitioners previously filed claims regarding the Disputed Property in related proceedings parallel to the instant criminal proceedings. The various claims and petition bases for the instant ancillary proceedings are described below.

**B.     Prior Proceedings Regarding the Disputed Property**

Three weeks after the March 22, 2019, criminal complaint was filed in this matter, the government, on April 10, 2019, seized the Disputed Property pursuant to a federal seizure warrant bearing case number 8:19-MJ-00103-DFM. On October 18, 2019, the government filed a civil forfeiture complaint against the Disputed Property in which it alleged that defendant's acquisition of the Disputed Property was part of a fraud scheme by which he misappropriated funds of one or more clients and/or associates.

The government further alleged in the civil forfeiture complaint that the interests of the following persons may be adversely affected by the civil forfeiture proceedings: defendant; Lisa Storie-Avenatti; William Parish; Spring Creek Research, LLC; EA LLP; Brian Weiss, Receiver; Avenatti & Associates, APC; a law firm identified as Law Firm 1; Passport 420, LLC; Jason Frank; and an individual identified therein as Client 2. The

government duly provided direct notice of the proceedings to each of the above-mentioned affected parties, however, only four potential claimants, Jason Frank, EA LLP, Alexis Gardner, and Spring Creek filed claims and answers in the civil forfeiture case. Those same parties are the four Petitioners in the instant matter, and are discussed below in the order they filed their civil claims.

1. Jason Frank

Jason Frank filed a civil claim on December 18, 2019, stating that he was owed compensation as an independent contractor with EA LLP for work he performed between November 1, 2013, to May 20, 2016. Jason Frank's instant claims allege that he recorded judgment liens against EA LLP's assets with the California Secretary of State for $10,008,465.75 on June 7, 2018, and for $5,054,287.75 on December 6, 2018. Jason Frank further alleges that defendant used EA LLP funds to acquire the Disputed Property in transfers made on October 11, 2006; June 2, 2014; January 20 and 26, 2017; and June 28, 2017.

2. EA LLP

EA LLP filed a civil claim on December 27, 2019. EA LLP's instant claims allege that between June 2, 2014, and June 28, 2018, defendant transferred a total of $1,367,500 of EA LLP's money to Honda for lease or purchase of the Disputed Property.

3. Alexis Gardner

Alexis Gardner[4] filed a civil claim on December 30, 2019. Alexis Gardner's instant claim and petition allege that she was to receive funds pursuant to a January 7, 2017, settlement negotiated by defendant. Gardner further states that defendant falsely represented to Gardner that the payor party would fulfill the settlement agreement by making approximately 96 equal monthly payments to Gardner over the course of the next eight years, with a lump sum payment within the first year to pay EA's attorney fees and costs. However, under the terms of the actual settlement agreement, which

---

[4] Alexis Gardner is identified in the civil forfeiture complaint as Client 2.

7

defendant concealed from Gardner, defendant received an initial payment of $2,750,000 on January 25, 2017. Gardner alleges that on or about January 26, 2017, defendant caused $2,500,000 of Gardner's settlement funds to be transferred from EA's trust account to Honda Aircraft to purchase the Disputed Property. Gardner's claim and petition assert that EA's attorneys' fees, costs, and expenses should not be deducted from the $2,750,000 settlement.

4. <u>Spring Creek</u>

Mr. William Parrish filed a civil claim on December 30, 2019, on behalf of Spring Creek, an entity he owns and controls. Spring Creek's claim and petition allege that Spring Creek is the majority owner of Passport 420, LLC, *i.e.* the entity that Mr. Parrish and defendant formed on July 11, 2016, for the purpose of buying and owning the Disputed Property. Per the Passport 420 operating agreement, Passport 420 would exclusively lease the Disputed Property to its members, and the members' interests would be as tenants-in-common to the aircraft. Contributions to the Passport 420 would be as follows: Spring Creek would pay $350,000 and $1,950,000 (for a total of $2,300,000) for its share, and Avenatti & Assoc. would pay: $1,000 and $1,831,105 (for a total of $1,832,105) for its share. Spring Creek alleges that it wired $350,000 on July 7, 2016, and $1,985,000 on January 18, 2017, towards the purchase of the Disputed Property and on that basis owns a 52.7% interest.

C. **The Purchase Agreement**

On or about December 20, 2016, Passport 420 appears to have entered into an agreement with Honda Aviation to purchase the Disputed Property. Each of the four Petitioners puts forth information that each believes shows funds they claim were purportedly paid to Honda Aircraft. A sales receipt dated January 17, 2017, from Honda Aviation records a deposit of $600,000 towards the purchase of the Disputed Property.[5]

---

[5] The government has obtained sales and wire transfer records pertaining to the purchase of the Disputed Property, and is prepared to produce such records as ordered.

8

### III. APPLICABLE LAW REGARDING ANCILLARY HEARINGS

"Under the relation back doctrine, which is codified at 21 U.S.C. § 853(c), the Government's interest in the property vests at the time of the act giving rise to the forfeiture, unless a third party acquired the property some time thereafter as a bona fide purchaser for value." *See* Stefan D. Cassella, *Asset Forfeiture Law in the United States* (2d ed. 2013) ("Cassella"), § 23-15. Federal Rule of Criminal Procedure 32.2(c) allows third parties to file petitions asserting interests in any property that has been found to be subject to forfeiture in a POF. Where a third party asserts an interest in property subject to forfeiture, the court must hold an ancillary proceeding to determine the ownership of the property, as set forth in 21 U.S.C. § 853(n). See Rule 32.2.(c); *see also* Cassella, § 23-2 ("[T]he one and only purpose of the ancillary proceeding is to determine the ownership of the property.").

The ancillary proceeding is governed by 21 U.S.C. § 853, and the petitioner bears the burden of proving his interest. *See United States v. Nava*, 404 F.3d 1119, 1125 (9th Cir. 2005).[6] "Congress chose to place the burden of proof on the third-party during the ancillary proceeding, since the government would necessarily have carried its burden of proving that the defendant's interest in the property was subject to forfeiture during the criminal trial." *Id*. (*quoting United States v. Gilbert*, 244 F.3d 888, 911 (11th Cir. 2001)).

A third party's petition asserting an interest in the property subject to forfeiture must "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." *Nava*, 404 F.3d at 1125 (*quoting* 21 U.S.C. § 853(n)(3)).

Rule 32.2(c)(1)(B) provides that the Court may permit limited discovery in an

---

[6] The standard under § 853(n)(6) is a preponderance. *See* 21 U.S.C. § 853(n)(6) ("If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that…").

9

ancillary proceeding in accordance with the Federal Rules of Civil Procedures, "if the court determines that discovery is necessary or desirable to resolve factual issues." "When discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56." *Id*.

As the Ninth Circuit held in *United States v. 101 Houseco, LLC*, "a third party in a criminal forfeiture proceeding may not relitigate the antecedent forfeitability question, but is instead restricted to the two avenues for relief that § 853(n)(6) confers." 22 F.4th 843, 845 (9th Cir. 2022). These two avenues of relief are set forth in § 853(n)(6):

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the Preliminary Order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant, or was superior to any right, title, or interest of the defendant at the time of the commission of the acts that gave rise to the forfeiture of the property under section 853; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property that arose after the conduct that gave rise to the forfeiture, and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under section 853.

21 U.S.C. § 853(n)(6)(A-B); *see also 101 Houseco*, 22 F.4th at 847 (petitioner "could only challenge the forfeiture order on the grounds that 21 U.S.C. § 853(n)(6) permits, namely, that 101 Houseco had either a superior or bona fide interest in the forfeited property").

In other words, "[i]f the property really belongs to the third party, he will prevail and recover his property whether there were defects in the criminal trial or the forfeiture process or not; and if the property does not belong to the third party, such defects in the finding of forfeitability are no concern of his." *United States v. Andrews*, 530 F.3d 1232, 1236–37 (10th Cir. 2008) (cleaned up).

//

## III. ARGUMENT

The government does not seek to retain the Disputed Property or, should an interlocutory sale be ordered, the proceeds of any sale of the same. The government's sole interest here is to see victims compensated in accordance with the applicable law. To that end, the government acknowledges that Petitioner Alexis Gardner's interest, as a victim of defendant's fraud scheme, likely supersedes the government's interest in the Disputed Property – because the government has effectively inherited defendant's interest.[7] Although the government acknowledges Petitioner Gardner's superior interest, the government is not in a position, at this time, to determine the primacy of interests between and among the Petitioners, each of whose claims raise competing issues of California state property law. The government submits that this issue can most efficiently be resolved by directing all Petitioners to brief the question of their asserted interests vis-à-vis each other – not as to defendant or the government – for the Court's consideration. A proposed order setting a briefing schedule accompanies this Application.

Alternately, to the extent that determining the primacy of the interests asserted in Petitioners' competing claims requires the adjudication of disputed facts, such that discovery is necessary, any discovery and related issues would be best resolved by referral to a Magistrate Judge pursuant to Rule 32.2(c)(1)(B). In addition, if the Petitioners agree to a stipulated interlocutory sale, a Magistrate Judge is well situated to oversee that process for the purpose of preserving the Disputed Property's value at current market rates, which in turn would afford the prevailing petitioner(s) fair value.

---

[7] The government's interest actually vests at the time of the commission of the offense giving rise to forfeiture pursuant to the relation back doctrine. *See* Cassella, §25-15(a) ("Under the relation back doctrine, which is codified at 21 U.S.C. § 853(c), the Government's interest in the property vests at the time of the act giving rise to the forfeiture, unless a third party acquired the property some time thereafter as a bona fide purchaser for value.").

## IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court either (1) set a briefing schedule for all Petitioners as set forth in the accompanying proposed order, or (2) refer this matter to a Magistrate Judge for the purpose of conducting any required discovery regarding Petitioners' competing arguments and recommending to the Court a final disposition of the Disputed Property.

DATED: April 19, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

/s/ *James E. Dochterman*
RANEE A. KATZENSTEIN
BRETT A. SAGEL
DAN G. BOYLE
JAMES E. DOCHTERMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA