JOHN P. REITMAN (State Bar No. 80579)
jreitman@landaufirm.com
MONICA RIEDER (State Bar No. 263250)
mrieder@landaufirm.com
LANDAU LAW LLP
141 S. Windsor Blvd.
Los Angeles, California 90004
Telephone: (310) 557-0050
              (310) 691-7737
Facsimile: (310) 557-0056

Special Litigation Attorneys for
Plaintiff Richard A. Marshack,
Chapter 7 Trustee for Eagan Avenatti, LLP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 8:19-cr-00061-JVS |
|---|---|
| Plaintiff, | **BRIEF OF RICHARD A. MARSHACK, IN HIS CAPACITY AS THE TRUSTEE OF THE CHAPTER 7 BANKRUPTCY ESTATE OF EAGAN AVENATTI, LLP, REGARDING ESTATE'S INTEREST IN HONDA JET; SUPPORTING DECLARATION OF MONICA RIEDER** |
| vs. | |
| MICHAEL JOHN AVENATTI, | |
| Defendant. | **Hearing Date, Time, and Location:**<br>Date:  June 26, 2023<br>Time:  9:00 a.m.<br>Place:  Courtroom 10C<br>            411 West 4th Street<br>            Santa Ana, CA 92701 |

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

# TABLE OF CONTENTS

I.    STATEMENT OF FACTS ................................................................................2

    A.    First Transfer of EA Funds to Honda ($425,000) ....................................2

    B.    Second Transfer of EA Funds to Honda ($138,800) .................................3

    C.    Third Transfer of EA Funds to Honda ($832,500) ...................................4

    D.    Fourth Transfer of EA Funds to Honda ($10,000) ...................................5

    E.    Respective Contributions of the Estate and Gardner to the Purchase of the Honda Jet ....................................................................................................5

    F.    Avenatti's Conviction .............................................................................6

    G.    Distribution of Any Funds Received by the Trustee ...............................6

II.    ANALYSIS ..................................................................................................6

    A.    A Trust Interest That Arose Before, or Relates Back to a Property Interest That Arose Before, the Commission of the Crime Is Superior to the Government's Interest ...............................................................................7

    B.    Avenatti Breached His Fiduciary Duties to EA and Its Creditors When He Transferred EA's Funds to Honda ...........................................................8

    C.    The Honda Jet Is Subject to the Estate's Trust Interest in the Amount of $1,406,300 ..............................................................................................9

    D.    The Honda Jet Should Be Sold and the Proceeds Should Be Distributed Pro Rata Between the Estate and Gardner .....................................................11

III.    CONCLUSION ..........................................................................................12

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

i

1

**TABLE OF AUTHORITIES**

2

CASES

3

*Berg & Berg Enters., LLC v. Boyle,*
178 Cal. App. 4th 1020 (2009)...................................................................8, 9

4

*Commons v. Schine,*
35 Cal. App. 3d 141 (1973)............................................................................9

5

*Heller Ehrman LLP v. Davis Wright Tremaine LLP,*
4 Cal. 5th 467 (2018)......................................................................................8

6

7

*Martin v. Kehl,*
145 Cal. App. 3d 228 (1983)........................................................................10

8

*McCosker v. McCosker,*
122 Cal. App. 2d 498 (1954)........................................................................10

9

10

*United States v. $ 4,224, 958.57,*
392 F.3d 1002 (9th Cir. 2004)......................................................................10

11

*United States v. Kealoha,*
2021 U.S. Dist. LEXIS 80753 (D. Haw. Apr. 26, 2021) ................................7, 11

12

13

*United States v. Semones,*
2021 U.S. Dist. LEXIS 124575 (D. Idaho June 30, 2021) ............................7, 10

14

*United States v. Wilson,*
659 F.3d 947 (9th Cir. 2011)................................................................7, 8, 11

15

16

STATUTES

17

11 U.S.C. § 726............................................................................................................6

18

21 U.S.C. § 853(n)(6) ............................................................................7, 8, 9

19

Cal. Civ. Code § 2224.................................................................................10

20

Cal. Civ. Code § 3439.02(b)........................................................................9

21

Cal. Corp. Code § 16404(b)(1) ...................................................................8

22

23

24

25

26

27

28

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  **TO THE HONORABLE COURT AND ALL PARTIES IN INTEREST AND**

2  **THEIR RESPECTIVE ATTORNEYS OF RECORD:**

3     Richard A. Marshack (the "Trustee"), the trustee of the chapter 7 bankruptcy

4  estate (the "Estate") of Eagan Avenatti LLP ("EA"), hereby respectfully submits his

5  brief regarding the Estate's interest in the Honda aircraft and associated property that

6  is the subject of the Court's August 9, 2022 *Preliminary Order of Forfeiture*

7  (collectively, the "Honda Jet").

8     As set forth below, the Honda Jet is subject to a constructive trust to the extent

9  of the consideration that EA's former managing partner, Michael J. Avenatti

10  ("Avenatti"), caused EA to pay to Honda Aircraft Company, LLC ("Honda") for the

11  purchase of the Honda Jet, in violation of the fiduciary duties Avenatti owed to EA

12  and its creditors; that interest is superior to the interest of the government in the

13  Honda Jet, and to any other interest save that of former EA client Alexis Gardner

14  ("Gardner"); and the Honda Jet should be sold and the proceeds distributed pro rata

15  between the Estate (for the benefit of EA's creditors, including multiple victims of

16  the crimes of which Avenatti has been convicted) and Gardner, according to the

17  respective amounts paid to Honda from funds belonging to the Estate and Gardner.

18  **I.    STATEMENT OF FACTS**

19     As set forth below and in the Estate's previously filed claim against the Honda

20  Jet [Docket No. 989], Avenatti caused $1,406,300 of EA's funds to be transferred to

21  Honda for the purchase of the Honda Jet, via four transfers that were all made at

22  times when EA owed millions of dollars to its legitimate creditors and was not

23  paying its debts as they became due.

24     **A.    First Transfer of EA Funds to Honda ($425,000)**

25     On June 2, 2014, Avenatti caused EA to transfer $525,000 of its funds to

26  Honda (the "First Transfer").  Docket No. 989, ECF pages 62 & 193.  On January 27,

27  2017, the parties agreed that $425,000 of that amount would be applied to the

28  purchase of the Honda Jet.  Docket No. 989, ECF pages 235-236.

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2

As of June 2, 2014, EA owed at least the following debts and was not paying at least those debts as they became due:  $5,465,314 owed to Stoll, Nussbaum & Polakov APC (the "Stoll Firm"), EA's former co-counsel, based on the Stoll Firm's share of fees that were received by EA and that Avenatti caused EA wrongfully to retain, which debt arose in May 2011 and remains unpaid through today;[1] $3,000,000 owed to former EA partner John C. O'Malley, which debt arose by no later than July 2011 and was not paid until at least August 2015;[2] at least $992,036 owed to Jason Frank Law, PLC ("JFL"), the professional law corporation of EA partner Jason Frank, which debt arose on February 15, 2014, and remains unpaid through today;[3] and approximately $169,246.30 owed to the Internal Revenue Service (the "IRS"), which currently holds a claim of $1,796,953.31 against the Estate.[4]

## B.    Second Transfer of EA Funds to Honda ($138,800)

On January 20, 2017, Avenatti caused EA to transfer $138,800 of its funds to Honda (the "Second Transfer").  Docket No. 989, ECF pages 154 & 215-218.

As of January 20, 2017, EA owed at least the following debts and was not paying at least those debts as they became due:  $5,465,314 owed to the Stoll Firm, which debt arose in May 2011 and remains unpaid through today;[5] at least $10,000,000 owed to JFL, which debt arose between 2014 and 2016 and remains unpaid through today;[6] approximately $372,292.49 owed to the IRS, which currently

---

[1]  United States Bankruptcy Court for the Central District of California ("USBC") Case No. 8:19-bk-13560-SC ("EA Bankruptcy Case"), Docket Nos. 187, 202, & 235 and Proof of Claim ("POC") No. 12.

[2]  USBC Adversary Proceeding ("Adv.") No. 8:20-01051-SC, Docket No. 50, ECF pages 4-16.

[3]  USBC Adv. No. 8:20-01049-SC, Docket No. 114, ECF pages 4-5 and 11; EA Bankruptcy Case POC No. 14.

[4]  USBC Adv. No. 8:20-01150-SC, Docket No. 63, ECF pages 6-7 and 13; EA Bankruptcy Case POC No. 10.

[5]  EA Bankruptcy Case, Docket Nos. 187, 202, & 235 and POC No. 12.

[6]  USBC Adv. No. 8:20-01051-SC, Docket No. 52, ECF pages 1-7, 19-25, and 92-108; EA Bankruptcy Case POC No. 14.

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

holds a claim of $1,796,953.31 against the Estate;[7] approximately $460,000 owed to the California Employment Development Department, which debt arose in 2015 and 2016 and remains unpaid through today;[8] approximately $170,000 owed to Baker, Keener & Nahra LLP, which debt arose in 2015 and 2016 and remains unpaid through today;[9] approximately $245,000 owed to Competition Economics, LLC, which debt arose in 2016;[10] approximately $33,000 owed to Personal Court Reporters, Inc., which debt arose in 2016 and remains unpaid through today;[11] $40,000 owed to Green Street Advisors, which debt arose in 2016;[12] approximately $8,000 owed to the California Franchise Tax Board, which debt arose between 2012 and 2016 and remains unpaid through today;[13] $200,000 owed to Mark Calvert, which debt arose in January 2017 and remains unpaid through today;[14] and a multimillion dollar debt owed to former EA client Geoffrey Johnson ("Johnson"), which debt arose as a result of Avenatti's misappropriation of Johnson's portion of the settlement proceeds received by EA in 2015, and remains unpaid through today.[15]

### C.    Third Transfer of EA Funds to Honda ($832,500)

On January 26, 2017, Avenatti caused EA to transfer $832,500 of its funds to Honda (the "Third Transfer"), through conduit The X-Law Group, PC.  The Third Transfer was part of a total transfer of $2,500,000, which constituted settlement proceeds received by EA in connection with a settlement EA negotiated on behalf of Gardner.  Docket No. 989, ECF pages 23-30.  Of that $2,500,000, at least $832,5000

---

[7] USBC Adv. No. 8:20-01150-SC, Docket No. 63, ECF pages 6-7 and 14; EA Bankruptcy Case POC No. 10.
[8] EA Bankruptcy Case, POC No. 19.
[9] EA Bankruptcy Case, POC No. 11.
[10] USBC Case No. 8:17-11961-CB, POC No. 13.
[11] EA Bankruptcy Case, POC No. 15.
[12] USBC Case No. 8:17-11961-CB, POC No. 15.
[13] EA Bankruptcy Case, POC No. 17.
[14] EA Bankruptcy Case, POC No. 3.
[15] EA Bankruptcy Case, POC No. 33.

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  constituted the contingency fee owed to EA pursuant to the fee agreement between

2  EA and Gardner, and therefore constituted EA's funds; the remainder of the

3  $2,500,000 ($1,667,500) belonged to Gardner.  *See* Docket No. 16, page 11, lines 23-

4  26 ("[Gardner] was entitled to receive the initial $2,750,000 settlement payment, less

5  EA LLP's attorneys' fees (i.e., 33 percent of the total $3,000,000 settlement amount),

6  costs, and expenses.").

7       As of January 26, 2017, EA owed and was not paying as they became due at

8  least all of the debts described in Section I.B.

9       **D.**    **Fourth Transfer of EA Funds to Honda ($10,000)**

10       On or around June 28, 2018, Avenatti transferred $10,00 of EA's funds to

11  Honda (the "Fourth Transfer").  On June 18, 2018, Avenatti received in a personal

12  account a deposit of $17,000,000, representing settlement funds received in

13  connection with a settlement for EA's clients.  Of that money, EA was entitled to

14  $1,700,000 as its contingency fee.  Avenatti wired the clients' share of $15.3 million

15  to the clients on June 25, 2018, and wired $10,000 of the funds remaining (which

16  belonged to EA) to Honda on June 28, 2018.  Docket No. 989, ECF pages 124-126 &

17  238.

18       As of June 28, 2018, EA owed and was not paying as they became due at least

19  all of the debts described in Section I.B.

20       **E.**    **Respective Contributions of the Estate and Gardner to the Purchase**

21                 **of the Honda Jet**

22       As detailed in Sections I.A through I.D, Avenatti wrongfully caused a total of

23  $1,406,300 of EA's funds to be transferred to Honda for the purchase of the Honda

24  Jet.  As set forth in Section I.C, $1,667,500 of funds belonging to Gardner were also

25  transferred to Honda for the purchase of the Honda Jet.

26       Collectively, therefore, the Estate and Gardner contributed $3,073,800 to the

27  Honda Jet, with the Estate contributing 45.75% of that amount and Gardner

28  contributing 54.25% of that amount.

### F.      Avenatti's Conviction

Avenatti has pled guilty to and been convicted of, among other things, (1) wire fraud in connection with a wire transfer of $16,000 made to Gardner on June 18, 2018 (Count 9), (2) wire fraud in connection with a wire transfer of $1,900 made to Johnson on July 13, 2018 (Count 10), and (3) endeavoring to obstruct the administration of the Internal Revenue Code.  Docket No. 16, pages 7-21 & 28-35; Docket No. 961, pages 19-21; Docket No. 1054.

The crime that apparently forms the basis of the government's forfeiture claim is Count 9, wire fraud in connection with Gardner.  Docket No. 974, pages 6-7.  As noted above, the wire transfer forming the basis of the conviction occurred on June 18, 2018.

### G.      Distribution of Any Funds Received by the Trustee

Any funds received by the Trustee from the proceeds of the Honda Jet will be distributed to the creditors of the Estate in accordance with the provisions of the Bankruptcy Code.  *See* 11 U.S.C. § 726.  The Estate's creditors include Gardner, Johnson, the IRS, and numerous other parties who were victims, in one way or another, of Avenatti's wrongful acts.  Given the magnitude of the claims against the Estate, there is no chance that any of the funds recovered by the Trustee would ever be paid to Avenatti.  Declaration of Monica Rieder ("Rieder Declaration"), ¶ 2.

As of the date this brief is filed, the Trustee has not recovered any portion of the EA funds paid to Honda.  The Trustee has asserted claims against Honda for recovery of the transfers from EA to Honda under Bankruptcy Code section 544 and the California Uniform Voidable Transactions Act, in USBC Adv. No. 8:20-01150-SC; however, that case is still in the discovery phase, and there is no guarantee that the Trustee will ever receive any funds from Honda in that case.  Rieder Declaration, ¶ 3.

## II.      ANALYSIS

For the reasons set forth below, the trust interest held by the Estate in the

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   Honda Jet is superior to the interest of the government in the Honda Jet and to the

2   interest of any party except Gardner, and accordingly the Honda Jet should be sold

3   and the proceeds distributed pro rata between the Estate and Gardner, according to

4   the respective amounts paid to Honda from funds belonging to the Estate and

5   Gardner.

6       **A.      A Trust Interest That Arose Before, or Relates Back to a Property**

7               **Interest That Arose Before, the Commission of the Crime Is**

8               **Superior to the Government's Interest**

9           When forfeited property is subject to a trust interest that arose before, or

10   relates back to a property interest that arose before, the commission of the crime

11   giving rise to the forfeiture, that trust interest is superior to the government's interest

12   in the forfeited property.  Under the statute dealing with forfeited property, the court

13   must make appropriate amendments to the forfeiture order if it determines that a

14   claimant "has a legal right, title, or interest in the property . . . [that] was vested in the

15   [claimant] rather than the defendant or was superior to any right, title, or interest of

16   the defendant at the time of the commission of the acts which gave rise to the

17   forfeiture of the property under this section."  21 U.S.C. § 853(n)(6).  An interest

18   arising pursuant to a constructive trust constitutes a "legal right, title, or interest" in

19   property for purposes of 21 U.S.C. § 853(n)(6).  *See, e.g., United States v. Wilson*,

20   659 F.3d 947, 954 (9th Cir. 2011) (holding that a claimant's constructive trust

21   interest was superior to the government's under § 853(n)(6)); *United States v.*

22   *Semones*, 2021 U.S. Dist. LEXIS 124575, at *15 (D. Idaho June 30, 2021) ("A

23   constructive trust can serve as a superior legal interest under section 853(n)(6)(A) . .

24   .") (internal quotation marks, punctuation, and citation omitted); *United States v.*

25   *Kealoha*, 2021 U.S. Dist. LEXIS 80753, at *13 (D. Haw. Apr. 26, 2021) ("[T]he

26   Ninth Circuit has repeatedly found that a party's interest in a constructive trust is a

27   'legal right, interest, or title' for the purposes of § 853.").  A constructive trust

28   interest will be superior to the government's if it arose prior to the commission of the

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1 crime giving rise to the forfeiture or relates back to a property interest that arose prior

2 to the commission of the crime. *Wilson*, 659 F.3d at 953-54 ("Immediately before

3 the transfer of funds, Gray owned his own money.  At the time of transfer, a

4 constructive trust arose . . . . Also at the same time, the Government's interest

5 attached.  So, the district court was correct that these two interests arose

6 simultaneously. . . . [A] petitioner's interest, *or a related interest derived from the*

7 *petitioner's original interest*, must have existed prior to the event that gave rise to the

8 Government's interest.  Under § 853(n), Gray's interest is greater than [the

9 Government's].") (emphasis in original).  Accordingly, a claimant who owned

10 property that was wrongfully transferred under circumstances giving rise to a

11 constructive trust before or at the same time as the commission of the crime giving

12 rise to the government's interest has a superior interest to the government's in that

13 property and the proceeds of that property.

14         **B.**      **Avenatti Breached His Fiduciary Duties to EA and Its Creditors**

15                 **When He Transferred EA's Funds to Honda**

16         Because Avenatti used EA's partnership funds for his personal benefit when

17 he caused EA to make the transfers at Honda, and caused EA to make those transfers

18 at times when EA was not paying its substantial debts to legitimate creditors as they

19 became due, the transfers breached Avenatti's fiduciary duties both to EA and to its

20 creditors.  Under California law, a partner of a law firm owes a duty to the

21 partnership and the other partners to "hold as trustee for [the partnership] any

22 property, profit, or benefit derived by the partner in the conduct . . . of the partnership

23 business or derived from a use by the partner of partnership property or information."

24 Cal. Corp. Code § 16404(b)(1); *see also Heller Ehrman LLP v. Davis Wright*

25 *Tremaine LLP*, 4 Cal. 5th 467, 474-75 (2018) (applying Cal. Corp. Code § 16404 to

26 law firm limited liability partnerships).  When a partnership is insolvent, the partners

27 also owe a fiduciary duty to the partnership's creditors not to dissipate partnership

28 assets that could be used to pay creditors' claims.  *See, e.g., Berg & Berg Enters.,*

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   *LLC v. Boyle*, 178 Cal. App. 4th 1020, 1041 (2009) (holding that the controllers of an

2   insolvent company in California owe a duty to the company's creditors not to

3   "divert, dissipate, or unduly risk corporate assets that might otherwise be used to pay

4   creditors claims"); *Commons v. Schine*, 35 Cal. App. 3d 141, 145 (1973) ("[When a]

5   limited partnership is insolvent, the . . . general partner . . . is liable to creditors of the

6   partnership."). A company is presumed to be insolvent when it is not paying its

7   debts as they become due.  *See, e.g.,* Cal. Civ. Code § 3439.02(b) ("A debtor that is

8   generally not paying the debtor's debts as they become due other than as a result of a

9   bona fide dispute is presumed to be insolvent.").  Avenatti therefore owed a duty to

10  both EA and its creditors not to unilaterally divert EA's funds for his own personal

11  benefit when EA was not paying its debts as they became due.  The transfers to

12  Honda were solely for Avenatti's personal benefit, because only Avenatti, not EA,

13  acquired an ownership interest in the Honda Jet, and, as set forth in Sections I.A

14  through I.D above, the transfers were all made at times when EA was not paying its

15  debts as they became due.  Accordingly, Avenatti breached his fiduciary duties to

16  both EA and its creditors when he caused EA to make the transfers to Honda.

17  **C.**      **The Honda Jet Is Subject to the Estate's Trust Interest in the**

18           **Amount of $1,406,300**

19           Since EA had a property interest in the $1,406,300 of its funds that were

20  transferred to Honda, that property interest arose before the commission of the crime

21  giving rise to the forfeiture, and the breach of Avenatti's fiduciary duties in

22  connection with the transfers imposed a constructive trust on the Honda Jet in the

23  amount of EA's funds paid toward its purchase, the Estate has a constructive trust

24  interest in the amount of $1,406,300 in the Honda Jet that is superior to the

25  government's interest in the Honda Jet.  As set forth in Section II.A above, a

26  constructive trust interest that arises before, or relates back to a property interest that

27  arose before, the commission of the crime, constitutes a "legal right, title, or interest"

28  in forfeited property that is superior to the government's under § 853(n)(6).

"Whether a party is entitled to a constructive trust is a matter of state law." *Semones, supra,* 2021 U.S. Dist. LEXIS 124575, at *15. Under California law, a constructive trust is created whenever property is acquired by "fraud, . . . the violation of a trust, or other wrongful act." Cal. Civ. Code § 2224. The constructive trust arises by operation of law immediately upon the wrongful acquisition of the property. *United States v. $ 4,224, 958.57*, 392 F.3d 1002, 1004 (9th Cir. 2004). As set forth in section II.B above, the transfers of EA's funds to Honda violated Avenatti's fiduciary duties to EA and its creditors, and therefore the property interest in the Honda Jet that Avenatti acquired with those funds is subject to a constructive trust in favor of EA's Estate.[16] EA's property interest in those funds arose prior to the commission of the crime giving rise to the forfeiture: the First Transfer occurred on June 2, 2014, the Second Transfer Occurred on January 20, 2017, the Third Transfer occurred on January 26, 2017, and the Fourth Transfer occurred on June 28, 2018[17]; while the wire transfer forming the basis of Avenatti's wire fraud conviction with respect to Gardner occurred on June 18, 2018. Accordingly, the Estate has a constructive trust interest of $1,406,300 in the Honda Jet that is superior to the government's interest.[18]

---

[16] The use of EA's funds to acquire an interest in the Honda Jet that would be held in the name of a non-EA party may also have created a "resulting trust" to the extent of EA's $1,406,300 paid towards the Honda Jet. *See, e.g., Martin v. Kehl*, 145 Cal. App. 3d 228, 238 (1983) ("[A] resulting trust arises in favor of the payor of the purchase price of the property where the purchase price, or a part thereof, is paid by one person and the title is taken in the name of another."); *McCosker v. McCosker*, 122 Cal. App. 2d 498, 499-502 (1954) (affirming award of one-half interest in both real and personal property based on the existence of a resulting trust).

[17] Although the Fourth Transfer occurred 10 days after the wire transfer to Gardner, EA's property interest in the $10,000 arose no later than June 18, 2018 – the same day as the wire transfer to Gardner – which was the date on which Avenatti received $1.7 million belonging to EA (as described in Section I.D above).

[18] Even if the "commission of the crime" could be antedated to January 26, 2017, the date on which Gardner's share of the settlement funds was transferred to Honda as part of the same transfer in which the Third Transfer occurred, EA still had a property interest in the funds covered by the First Transfer, Second Transfer, and Third Transfer (totaling $1,406,290) prior to the commission of the crime, and

**D.**     **The Honda Jet Should Be Sold and the Proceeds Should Be**
**Distributed Pro Rata Between the Estate and Gardner**

To provide the most equitable recovery to the victims of Avenatti's wrongdoing, the Honda Jet should be sold and the proceeds should be distributed pro rata between the Estate and Gardner.  Where more than one claimant has an interest superior to the government's, the court should ensure that the forfeited property or its proceeds are distributed equitably among such claimants.  *See, e.g., Wilson, supra*, 659 F.3d at 956 (directing the district court, on remand, to perform an "equitable analysis" and "take steps to ensure that no claimant obtains more than his or her fair share"); *Kealoha, supra,* 2021 U.S. Dist. LEXIS 80753 at *14 ("[A]n equitable analysis accords with the congressional mandate that the court should apply the statute's provisions 'liberally' to effectuate the statute's 'remedial purposes.' Because Congress declined to prioritize one type of claim over another within the § 853 framework, it is necessary for the court to turn to equitable principles in order to follow Congress' mandate and craft an appropriate remedy.").  In the present case, because there is more than one claimant with an interest superior to the government's, and the Honda Jet is not divisible in its present state, the Honda Jet should be sold and the proceeds distributed.  The claims of the Estate and of Gardner against the Honda Jet both arise from the directly traceable, and wrongful, use of their funds to purchase the Honda Jet, and accordingly any equitable distribution of the proceeds must include distributions to both the Estate and Gardner to redress the harms EA's creditors and Gardner suffered.  However, distribution to Gardner beyond her pro rata share of the funds paid to Honda would be inappropriate because it would (a) disregard the substantial sums of EA's money that were used to purchase the Honda Jet, without which there would be no proceeds available for distribution, and (b) work an injustice on Johnson, the IRS, and the other victims of Avenatti's

therefore EA has a constructive trust interest superior to the government's in at least that amount.

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   wrongdoing who are creditors of the Estate, who were equally harmed by Avenatti

2   (including by the commission of the crimes of which Avenatti has been convicted)

3   but who would suffer simply because the funds Avenatti withheld from them cannot

4   be traced to the purchase of the Honda Jet.  Accordingly, the proceeds of the sale of

5   the Honda Jet should be distributed pro rata between the Estate and Gardner, with the

6   Estate receiving 45.75% of the proceeds and Gardner receiving 54.25% of the

7   proceeds.

8   **III.    CONCLUSION**

9          For the foregoing reasons, the Trustee respectfully requests that the Court

10  order the government to sell the Honda Jet and distribute the proceeds of the sale pro

11  rata to the Estate and Gardner, with the Estate receiving 45.75% of the proceeds and

12  Gardner receiving 54.25% of the proceeds.

13

14

15  DATED: June 12, 2023                    Respectfully Submitted,
                                            Landau Law LLP

16

17                                          By:  _____/s/ John P. Reitman_____

18                                          John P. Reitman, Special Litigation Attorneys
                                            for Richard A. Marshack, Trustee of the

19                                          Chapter 7 Bankruptcy Estate of Eagan
                                            Avenatti, LLP

20

21

22

23

24

25

26

27

28

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

12

# DECLARATION OF MONICA RIEDER

I, Monica Rieder, hereby declare as follows:

1.      I am a limited liability partner in Landau Law LLP, which serves as special litigation counsel to Richard A. Marshack (the "Trustee") in his capacity as the Chapter 7 trustee for the bankruptcy estate (the "Estate") of Eagan Avenatti, LLP ("EA").  The facts set forth in this declaration are true of my own personal knowledge and, if called as a witness, I could and would competently testify thereto under oath.

2.      Any funds received by the Trustee from the proceeds of the Honda aircraft and associated property that is the subject of the Court's August 9, 2022 *Preliminary Order of Forfeiture* will be distributed to the creditors of the Estate in accordance with the provisions of the Bankruptcy Code.  The Estate's creditors include former EA client Alexis Gardner, former EA client Geoffrey Johnson, the Internal Revenue Service, and numerous other parties who were victims, in one way or another, of Avenatti's wrongful acts.  Given the magnitude of the claims against the Estate, there is no chance that any of the funds recovered by the Trustee would ever be paid to Avenatti.

3.      As of today, the Trustee has not recovered any portion of the EA funds paid to Honda Aircraft Company, LLC ("Honda").  The Trustee has asserted claims against Honda for recovery of the transfers from EA to Honda under Bankruptcy Code section 544 and the California Uniform Voidable Transactions Act, in USBC Adv. No. 8:20-01150-SC; however, that case is still in the discovery phase, and there is no guarantee that the Trustee will ever receive any funds from Honda in that case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 12, 2023, at Sonora, California.

_____
Monica Rieder

13

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this case.  My business address is:
**Landau Law LLP, 141 South Windsor Blvd., Los Angeles, California 90004.**

A true and correct copy of the foregoing document entitled (*specify*): ___***Brief of***___
___***Richard A. Marshack, in His Capacity as the Trustee of the Chapter 7 Bankruptcy***___
___***Estate of Eagan Avenatti, LLP, Regarding Estate's Interest in Honda Jet;***___
___***Supporting Declaration of Monica Rieder***___ will be served or was served in the
manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC**
**FILING (NEF)**:  The foregoing document will be served by the court via NEF and
hyperlink to the document.  On **June 12, 2023,** I checked the CM/ECF docket for
this case and determined that the following persons are on the Electronic Mail Notice
List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL**:  On _____, I served the
following persons and/or entities at the last known addresses in this case by placing a
true and correct copy thereof in a sealed envelope in the United States mail, first
class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a
declaration that mailing to the judge will be completed no later than 12:00 noon on
the following business day.

☐ Service information continued on attached page

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE**
**TRANSMISSION OR EMAIL** (state method for each person or entity served): On
**June 12, 2023**, I served the following persons and/or entities by personal delivery,
overnight mail service, or (for those who consented in writing to such service
method) facsimile transmission and/or email as follows.  Listing the judge here
constitutes a declaration that personal delivery on, or overnight mail to, the judge
will be completed no later than 12:00 noon on the following business day.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the
foregoing is true and correct.


| June 12, 2023 | Hannah Richmond | */s/ Hannah Richmond* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

1   **1.** <u>**SERVED BY THE COURT VIA NEF (continued):**</u>

2   • **Daniel G. Boyle**
3   daniel.boyle2@usdoj.gov,gabriela.arciniega@usdoj.gov,USACAC.Criminal@
usdoj.gov,caseview.ecf@usdoj.gov,Tarleen.Khauv@usdoj.gov,shatera.taylor
4   @usdoj.gov,Jonathan.Wettstein@usdoj.gov
    • **A Barry Cappello**
5   abc@cappellonoel.com,jorta@cappellonoel.com,mduong@cappellonoel.com.
com,adickerson@cappellonoel.com,mmiller@cappellonoel.com,rlloyd@cappe
6   llonoel.com,krodriguez@cappellonoel.com
    • **Carlos X Colorado**
7   cc@xlawx.com
    • **Lawrence J Conlan**
8   lconlan@cappellonoel.com,mduong@cappellonoel.com,adickerson@cappello
noel.com,mmiller@cappellonoel.com,acohen@cappellonoel.com,krodriguez
9   @cappellonoel.com,jorta@cappellonoel.com,rlloyd@cappellonoel.com
10   • **James Edmund Dochterman**
11   james.dochterman@usdoj.gov,USACAC.Criminal@usdoj.gov,Luis.Chaves@
usdoj.gov,cecilia.anderson@usdoj.gov,Paul.Read@usdoj.gov,CaseView.ECF
12   @usdoj.gov
    • **Margaret A. Farrand**
13   Margaret_Farrand@fd.org,zzCAC_FPD_Document_Receiving@fd.org,cac_a
14   ppointments@fd.org
    • **Patrick R Fitzgerald**
15   USACAC.Criminal@usdoj.gov,patrick.fitzgerald@usdoj.gov,CaseView.ECF
@usdoj.gov
16   • **Thomas Edward Gray**
17   tg@xlawx.com,TC@xlawx.com,MR@xlawx.com
    • **Ranee Katzenstein**
18   ranee.katzenstein@usdoj.gov,USACAC.Criminal@usdoj.gov,CaseView.ECF
@usdoj.gov
19   • **Richard Lloyd**
20   rlloyd@cappellonoel.com
    • **Filippo Marchino**
21   fm@xlawx.com,TG@xlawx.com,CC@xlawx.com,TC@xlawx.com,SG@xlaw
x.com,DB@xlawx.com
22   • **Jack Andrew Reitman**
jareitman@gmail.com,elange@kdvlaw.com
23   • **John P Reitman**
24   jreitman@landaufirm.com,srichmond@landaufirm.com,hrichmond@landaufir
m.com,vrichmond@landaufirm.com,amendes@landaufirm.com
25   • **Brett A. Sagel**
brett.sagel@usdoj.gov,USACAC.SACriminal@usdoj.gov,CaseView.ECF@us
26   doj.gov
27   • **H. Dean Steward**
deansteward7777@gmail.com,courtneycummingsesq@outlook.com,workingw
28   itheh@gmail.com,deansteward@fea.net

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

- **Andrew D. Stolper**
  astolper@lawfss.com,mnowowiejski@lawfss.com,astolper@ecf.courtdrive.com

## 3.  <u>SERVED BY PERSONAL DELIVERY (continued)</u>:

Honorable James V. Selna
Ronald Reagan Federal Building and United States Courthouse
411 West Fourth Street, Courtroom 10C
Santa Ana, CA 92701-4516

LANDAU LAW LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3