Andrew D. Stolper (SBN 205462)
astolper@lawfss.com
FRANK SIMS STOLPER, LLP
19800 MacArthur Blvd., Suite 855
Irvine, California 92612
Telephone: (949) 201-2400
Facsimile: (949) 201-2405

Attorneys for Claimant,
JASON FRANK LAW, PLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | Case No. 8:19-CR-00061-JVS<br><br>**DECLARATION OF JASON M. FRANK IN SUPPORT OF CLAIMANT JASON FRANK LAW, PLC'S BRIEF RE PRIMACY POSITION IN DISPUTED PROPERTY**<br><br>Date: June 26, 2023<br>Time: 9:00 a.m.<br>Courtroom: 10C |

**DECLARATION OF JASON M. FRANK**

I, Jason M. Frank, declare as follows:

1. I am the owner and president of the judgment creditor, Jason Frank Law, PLC ("JFL"), a professional law corporation. I am admitted to practice law before all federal and state courts in the State of California, and I am a member in good standing of the State Bar of California. I am currently an equity partner at Frank Sims & Stolper LLP ("FSS"). I am making this declaration in support of JFL's Brief Re: Primacy Position in Disputed Property. I have personal knowledge of the facts set forth herein, unless stated on information and belief, and if called as a witness, I

-1-

could and would competently testify thereto.

## JFL's Secured Judgment Lien Against Michael Avenatti

2. I worked at the law firm known as Eagan Avenatti, LLP ("EA") from February 15, 2009 through May 20, 2016. I was a W-2 salaried employee at EA until November 1, 2013. After that date, I worked at EA pursuant to an Independent Contractor Agreement ("ICA"), between EA, on the one hand, and my professional law corporation, JFL, and me (Jason Frank), on the other hand. A copy of the ICA is attached as **Exhibit 1.**

3. According to the ICA, and my understanding at the time, EA was owned by its two equity partners, Michael Avenatti ("Avenatti") and Michael Eagan ("Eagan"). See Exhibit 1, § 3(B)(ii)(b). Avenatti was the managing partner of the firm and held that position since January 1, 2011.[1]

4. Under the ICA, in exchange for my agreement to continue to work at the firm, JFL was entitled to a compensation package that included, among other things, a percentage of the net attorneys' fees collected by EA on cases I brought to the firm and lawsuits relating to Eden Memorial Park Cemetery. See Exhibit 1, § 3(B). EA failed to pay the money owed under the ICA beginning on February 15, 2014, and defaulted on other payment obligations due on February 15, 2015 and February 15, 2016.

5. I learned years later -- through a review of EA's bank records obtained during judgment collection efforts -- that Avenatti stole the money that was owed to JFL under the ICA by routinely transferring money from the firm to his personal corporation, Avenatti & Associates, APC as well as using the firm's money to pay for Avenatti's personal expenses.

---

[1] The previous managing partner was John O'Malley, who left the firm on or about December 31, 2010. The name of the firm was changed from Eagan O'Malley & Avenatti LLP ("EOA") to Eagan Avenatti, LLP ("EA") at that time.

6. On behalf of JFL, I filed an arbitration demand against EA in February 2016 for the money owed under the ICA. The arbitration was scheduled to go forward on March 13, 2017. On March 10, 2017, Avenatti placed EA into voluntary bankruptcy, thereby staying the litigation.

7. The JFL claims against EA were settled during the bankruptcy proceedings in December 2017, pursuant to which EA agreed, among other things, that JFL had an approved claim of $10 million against the firm. See In re Eagan Avenatti, LLP, Case No. 8:17-bk-11961-CB, Dkt. 412, ¶ 5. The settlement was approved by the Bankruptcy Court on March 15, 2018. A copy of the Bankruptcy Court's Order Granting Motion Approving Settlement and Dismissing Case and Related Relief (the "Settlement Approval Order") is attached as **Exhibit 2**.

8. In order to induce JFL to enter into the bankruptcy settlement, Avenatti issued a personal guarantee, whereby he agreed to personally pay JFL the sum of $4,850,000 if EA failed to pay the amounts owed under the bankruptcy settlement (the "Guaranty"). A copy of the Guaranty is attached as **Exhibit 3**.

9. In May 2018, EA failed to pay the amounts owed to JFL under the settlement. Accordingly, the Bankruptcy Court entered a final judgment in favor of JFL and against EA in the amount of $10,000,000, not including interest or attorney fees or costs. See In re Eagan Avenatti, LLP, Case No. 8:17-bk-11961-CB, Dkt. 445. A copy of the Final Judgment against EA (the "Judgment Against EA") is attached as **Exhibit 4**.

10. In May 2018, Avenatti failed to pay the money owed under the Guaranty. Accordingly, JFL filed a lawsuit against Avenatti in the Los Angeles County Superior Court for the State of California for breach of the Guaranty (the "Guaranty Lawsuit").

11. On November 20, 2018, JFL obtained a money judgment in the Guaranty Lawsuit against Avenatti in the amount of $5,054,287.75 – which consisted of the Guaranty's principal amount of $4,850,000 plus prejudgment interest of

$204,287.75 (the "Judgment Against Avenatti"). A true and correct copy of the Judgment Against Avenatti is attached as **Exhibit 5.**

12. On or about December 6, 2018, JFL filed a Notice of Judgment Lien against Avenatti with the California Secretary of State in the amount of $5,076,443.53, which included post-judgment interest that had accrued since the date of the judgment. (the "Notice of Judgment Lien"). A true and correct copy of the JFL's Notice of Judgment Lien is attached as **Exhibit 6**.

13. JFL is not aware of any judgment liens that were filed against Avenatti prior to the filing of JFL's Notice of Judgment Lien on December 6, 2018.

14. On or about April 22, 2019, the court clerk for Los Angeles County Superior Court affixed attorney fees and costs to the Judgment Against Avenatti, yielding a total judgment of $5,115,984.23. A true and correct copy of JFL's Judgment Against Avenatti with the affixed attorney fees and costs is attached as **Exhibit 7**.

15. The full amount of the Judgment Against Avenatti is still due and owing to JFL by Avenatti, not including the post-judgment interest that has accrued since April 22, 2019.

### The Purchase of the Disputed Property

16. In connection with judgment enforcement proceedings, JFL subpoenaed bank records for various business and personal accounts opened by Avenatti, including accounts for EA, Avenatti & Associates, APC and Passport 420, LLC, among others. JFL also subpoenaed records from the Honda Aircraft Company, LLC ("Honda") relating to the purchase of the Disputed Property.

17. The Disputed Property is a Honda aircraft, registration number N227WP, aircraft serial number 42000029. See U.S. v One Honda Aircraft, Case No. 8:19-CV-1988, Dkt. 1, ¶ 5.

18. In response to JFL's subpoena, Honda produced a copy of the HondaJet Retail Purchase Agreement for the Disputed Property, including the Amendments to

the Agreement (the "Purchase Agreement"). A true and correct copy of the Purchase Agreement produced by Honda (bates number HACI 186-193) and its amendments (bates numbers HACI 470-508) are attached as **Exhibit 8**.

19. The Disputed Property was originally contracted for purchase by Avenatti through his company Avenatti & Associates, APC on October 11, 2006. See Exhibit 8 (HACI 186-193).

20. Avenatti was the sole shareholder of Avenatti & Associates, APC. A certified copy of Avenatti's testimony attesting to this fact – which was taken during a judgment debtor examination on January 30, 2019 in the matter of Michael Avenatti v. Lisa Storie Avenatti, Case No. 17D0-99-30 -- is attached as **Exhibit 9.**

21. On or about July 13, 2016, Avenatti and Honda amended the Purchase Agreement so that the purchaser would be listed as "Passport 420, LLC" which was identified as an affiliated company. See Exhibit 8 (HACI 507-508). Avenatti signed the amendment as both the President of Avenatti & Associates, APC and the Manager of Passport 420, LLC. Id. (HACI 508)

22. In response to JFL's subpoena, Honda produced a copy of the Limited Liability Operating Agreement of Passport 420, LLC that was provided to Honda as part of the purchase of the Disputed Property (the "Passport 420 Operating Agreement"). A true and correct copy of the Passport 420 Operating Agreement produced by Honda (bates number HACI 531 – 548) is attached as **Exhibit 10.** Honda also produced the Certificate of Formation of Passport 420, LLC that was filed with Delaware Secretary of State on April 14, 2016 (the "Passport 420 Certificate of Formation"). A true and correct copy of the Passport 420 Certificate of Formation produced by Honda (bates number HACI 530) is attached as **Exhibit 11.**

23. According to the Passport 420 Operating Agreement, Avenatti, through Avenatti & Associates, APC, has a 50% ownership interest in the Disputed Property. See Exhibit 10, HACI 532 ("Whereas each Member's ownership interest in the

1  Aircraft will be according to and the same as their ownership interest in the Company
2  as set forth on Exhibit A"), Exhibit A, HACI 547 (showing that Avenatti &
3  Associates, APC has a 50% "Ownership Interest").

4       24.   In response to JFL's subpoena, Honda produced an invoice indicating
5  that the total purchase price of the Disputed Property was approximately
6  $4,383,605.00  A true and correct copy of the invoice produced by Honda (bates
7  number HACI 445) is attached as **Exhibit 12.**

8       25.   In response to JFL's subpoena, Honda produced a "Wire Transfer Detail
9  Report" indicating that Honda received a wire transfer from EA in the amount of
10 $525,000 on June 2, 2014 that was applied toward the purchase of the Disputed
11 Property.  This occurred prior to the formation of Passport 420 in 2016. A true and
12 correct copy of the redacted Wire Transfer Detail Report (bates number HACI 450)
13 is attached as **Exhibit 13.**

14      26.   In response to JFL's subpoena, California Bank & Trust ("CBT")
15 produced the June 2014 bank statement for EA's operating account (account number
16 8461) indicating a wire transfer to Honda in the amount of $525,000 on June 2, 2014.
17 A true and correct copy of the redacted June 2014 bank statement for EA Account
18 8641 produced by CBT is attached as **Exhibit 14.**

19      27.   In response to JFL's subpoena, CBT produced the May 2014 bank
20 statement for EA's operating account (8461) which indicated that on May 23, 2014
21 and May 27, 2014, EA received a wire for $3,376,119.45 and $16,699,850 for the
22 class action lawsuit entitled Scott v. Service Corp. Int. et al.  As one of the lead
23 lawyers on this case, I recognize this amount was paid to satisfy a $23.5 million
24 award of fees and costs to EA as part of a class action settlement concerning Eden
25 Memorial Park Cemetery.  Under the ICA, JFL was entitled to a percentage of this
26 fee award, as well as 25% of the firm's "profits" in 2014 from this case (based on a
27 formula set forth in the ICA). See Exhibit 1, § 3(B).  A review of the bank statements
28 confirms that Avenatti used EA's fee award from this case to pay the $525,000

downpayment for the Disputed Property (i.e., approximately 12% of the purchase price of $4,383,605). A true and correct copy of the redacted May 2014 bank statement for EA Account 8641 produced by CBT is attached as **Exhibit 15.**

28. In response to JFL's subpoena, CBT produced the January 2017 bank statement for EA's business account (account number 2851) indicating that EA wired another $138,000 to Honda for the Disputed Property on January 20, 2017. A true and correct copy of the redacted January 2017 bank statement for EA Account 2851 produced by CBT is attached as **Exhibit 16.**

29. A review of the bank records for Avenatti & Associates, APC demonstrates that the company is the alter ego of Avenatti and an injustice would result from the recognition of it as a separate corporate entity. Avenatti regularly used the company to pay for his personal expenses, including spousal and child support payments to his ex-wife Christine Carlin, and commingled the money with his other personal and business ventures. Avenatti was also unable to identify or produce any evidence that Avenatti & Associates, APC followed regular corporate formalities during judgment debtor discovery. If requested and necessary, I will be able to present the evidence necessary to establish that Avenatti & Associates, APC is the alter ego of Avenatti.

I declare under penalty of perjury under the laws of the United States of America that the foregoing this true and correct. Executed this 12th day of June 2023 in Irvine, California.

                                                */s/ Jason M. Frank*
                                                JASON M. FRANK