# Exhibit 2

| | |
|---|---|
| 1 | Richard M. Pachulski, SBN 90073 |
| 2 | Ira D. Kharasch, SBN 109084 |
|   | Robert M. Saunders, SBN 226172 |
| 3 | Pachulski Stang Ziehl & Jones LLP |
|   | 10100 Santa Monica Blvd., 13th Floor |
| 4 | Los Angeles, CA 90067 |
|   | Tel: 310-277-6910 |
| 5 | Fax: 310-201-0760 |
|   | rpachulski@pszjlaw.com |
| 6 | ikharasch@pszjlaw.com |
|   | rsaunders@pszjlaw.com |

**FILED & ENTERED**

**MAR 15 2018**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mccall DEPUTY CLERK

Attorneys for Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:17-bk-11961-CB |
| EAGAN AVENATTI, LLP, | Chapter 11 |
| Debtor. | **ORDER GRANTING MOTION APPROVING SETTLEMENT AND DISMISSING CASE AND RELATED RELIEF** |
| | Hearing: |
| | Date: February 28, 2018 |
| | Time: 10:00 a.m. |
| | Courtroom: 5D |
| | Address: 411 West Fourth Street |
| | Santa Ana, CA 92701-4393 |

A hearing was held on February 28, 2018, at 10:00 a.m., before the Honorable Catherine E. Bauer, United States Bankruptcy Judge for the Central District of California, in Courtroom 5D located at 411 West Fourth St., Santa Ana, CA, on Debtor's Motion Approving Settlement and Dismissing Case filed January 30, 2018 as Docket #343 ("Motion"). Capitalized terms which are not defined in this Order shall have the same meanings as provided to such terms in the Motion. Appearances were made as noted on the record.

A declaration from SulmeyerKupetz, APC ("Sulmeyer Declaration") was filed March 15, 2018 as Docket #408, stating that it has received into its trust account the Initial Payment (as defined in IRS Payment Stipulation at Docket #341), and the allowed amounts of the fees and expenses of Pachulski Stang Ziehl & Jones LLP and Dinsmore & Shohl, LLP. A declaration from Dinsmore &

1

| | |
|---|---|
| 1 | Shohl, LLP (together with the Sulmeyer Declaration, "Declarations") was filed March 15, 2018 as |
| 2 | Docket #409, stating that it has received the Debtor's California confessions of judgment for certain |
| 3 | identified claims ("Identified Claims"). |
| 4 | The Court having read and considered the Motion and pleadings filed in support of the |
| 5 | Motion, heard the statements of counsel at the Hearing, considered and overruled the opposition of |
| 6 | unsecured creditor Stoll Nussbaum & Polakov, read and considered the Declarations, and with good |
| 7 | cause shown: |
| 8 | **IT IS ORDERED:** |
| 9 | 1. Except as otherwise set forth in this order, the Motion is granted, the JFL Settlement |
| 10 | is approved, the Debtor is authorized and directed to take all steps necessary to implement and |
| 11 | effectuate the Settlement Agreement, and the Case is dismissed. |
| 12 | 2. SulmeyerKupetz, APC is authorized and directed to pay from its client trust account |
| 13 | the Initial Payment to the United States on or before the tenth calendar day following the entry of |
| 14 | this order pursuant to the terms set forth in the IRS Payment Stipulation at Docket #341, regardless |
| 15 | of whether there is a stay pending appeal. |
| 16 | 3. SulmeyerKupetz, APC is authorized and directed to pay from its client trust account |
| 17 | the allowed fees and costs of Pachulski Stang Ziehl & Jones and Dinsmore & Shohl, LLP, on the |
| 18 | tenth calendar day after this order is entered, except if there is a stay pending appeal. |
| 19 | 4. Dinsmore & Shohl, LLP is authorized to release each confession of judgment at the |
| 20 | request from a holder of an Identified Claim per the below. |
| 21 | 5. Claim 8-1, filed in this case by Jason Frank Law PLC, is allowed in the amount of |
| 22 | $10,000,000.00 ("Compromised Claim Amount"), and additionally to the extent such claim asserts a |
| 23 | claim for indemnification, contribution, and insurance coverage brought against JFL related to the |
| 24 | performance of services at Eagan Avenatti, LLP. |
| 25 | 6. If Jason Frank Law, PLC timely and fully receives the Settlement Payments set forth |
| 26 | in paragraph 3.2 of the Settlement Agreement, the Compromised Claim Amount will be deemed |
| 27 | satisfied in full on the date set forth in paragraph 3.5 of the Settlement Agreement. |
| 28 | // |

1    7.    Claims 6-1, 7-1 and 9-1 are each allowed only to the extent such claims assert a claim for indemnification, contribution and insurance coverage for any claims brought against Jason M. Frank, Scott Sims or Andrew Stolper related to the performance of services at Eagan Avenatti, LLP.

8.    Holders of Identified Claims shall be paid the liquidated, non-contingent prepetition amount set forth in their proofs of claim, or as set forth in the Debtor's Schedules if no proof of claim was filed prior to the filing of the Motion. Such amounts shall be paid in nine equal monthly installments, without interest, beginning 91 days after the date of entry of this order. If the Debtor fails to timely remit any installment, then the Debtor shall have ten days after written notice is mailed by the holder to the Debtor to cure such payment default. If the payment default is not timely cured, then the holder, without further notice to the Debtor, may accelerate the balance due and submit to the Superior Court of the State of California the confession of judgment provided by the Debtor to Dinsmore & Shohl, LLP prior to the entry of this order. Any postpetition portion of an Identified Claim shall be paid in the Debtor's ordinary course of business. Disputed claims, which are general unsecured claims that are not Identified Claims or ride-through claims (as identified in the Motion), shall be entitled to pursue all remedies available under applicable non-bankruptcy law on entry of this order.

9.    Any and all claims of ZB, N.A. d/b/a California Bank & Trust that remain outstanding as of the dismissal of the Case shall ride-through the dismissal of the Case unimpaired, with all legal, equitable and contractual rights, including any related security interests, unaltered, and shall be enforceable against the Debtor on and after the dismissal of the Case. The Debtor reserves all legal, equitable and contractual defenses, including offset and recoupment rights to such claims.

//
//
//

3

10. The Court retains post-dismissal jurisdiction pursuant to LBR 1017-2(f) and as set forth in the Motion.

### 

Date: March 15, 2018

Catherine Bauer
United States Bankruptcy Judge

4