Andrew D. Stolper (SBN 205462)
astolper@lawfss.com
FRANK SIMS STOLPER, LLP
19800 MacArthur Blvd., Suite 855
Irvine, California 92612
Telephone: (949) 201-2400
Facsimile: (949) 201-2405

Attorneys for Claimant,
  JASON FRANK LAW, PLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | Case No. 8:19-CR-00061-JVS<br><br>**DECLARATION OF ANDREW D. STOLPER IN SUPPORT OF CLAIMANT JASON FRANK LAW, PLC'S <u>REPLY</u> BRIEF RE PRIMACY POSITION IN DISPUTED PROPERTY**<br><br>Date:   June 26, 2023<br>Time:   9:00 a.m.<br>Courtroom: 10C |

## **<u>DECLARATION OF ANDREW D. STOLPER</u>**

I, Andrew D. Stolper, declare as follows:

1. I am a partner in the law firm of Frank Sims & Stolper, LLP, counsel of record for judgment creditor, Jason Frank Law, PLC ("JFL"). I am admitted to practice law before all federal and state courts in the State of California, and I am a member in good standing of the State Bar of California. I am making this declaration in support of JFL's <u>Reply</u> Brief Re: Primacy Position in Disputed Property. I have personal knowledge of the facts set forth herein, unless stated on information and

belief, and if called as a witness, I could and would competently testify thereto.

2. On or about May 28, 2019, Assistant U.S. Attorney Steve Welk, Chief of the Asset Forfeiture Section, sent an email to all of the potential real parties in interest with respect to the Disputed Property, including all of the Claimants. A true and correct copy of his email is attached as **Exhibit 1.**

3. In his email, Mr. Welk indicated that his initial impression was that the Government was unlikely to retain any of the realized value of the Disputed Property in the event of a forfeiture beyond the Government's out of pocket costs associated with the retention and maintenance of the plane. He further indicated that the question of how that value would be distributed to potential interested parties was likely going to be a complicated process and would not be resolved quickly due to the pending criminal case against Michael Avenatti ("Avenatti").

4. Mr. Welk proposed that the Disputed Property be sold by stipulation of all real parties in interest, with the net proceeds of the sale held by the Government as a "substitute res" pending resolution of the competing claims. This would cut off all further costs associated with the storage and maintenance of the plane. It would also end any further diminution of the plane's value over time as an aging asset. The Government agreed that the proposed sale could be completed as a private sale conducted by a qualified licensed broker on terms that would be mutually acceptable to the parties, so long as the proposed terms were commercially reasonable and the Government's out-of-pocket costs were reimbursed out of the gross sale proceeds. Mr. Welk offered to permit the parties to select the broker to market the plane. He indicated that this was the most preferable option compared to the alternative "auction on the courthouse steps" or "fire sale" that would result if the parties refused to stipulate to the sale of the Disputed Property.

5. All of the Claimants agreed to Mr. Welk's proposal, with the exception of Spring Creek, LLC ("Spring Creek") and its owner William Parrish. During a joint conference call, Lawrence Conlan, counsel for Spring Creek and Mr. Parrish, stated that his clients would not agree to the sale of the Disputed Property unless all of the interested parties agreed that his clients would receive fifty percent (50%) of the proceeds. Unless all of the other Claimants agreed to waive any of their challenges to Spring Creek and Parrish's claims to the Dispute Property, then Spring Creek and Parrish would not stipulate to the sale.

6. The other Claimants did not agree to Spring Creek and Parrish's demands, so the sale by stipulation could not go forward. As a result, the Government has incurred an additional four years of out-of-pocket storage and maintenance costs for which it will be seeking reimbursement from the sale proceeds. And the Disputed Property likely also incurred the normal loss in value associated with an aging piece of equipment like an aircraft.

I declare under penalty of perjury under the laws of the United States of America that the foregoing this true and correct. Executed this 19th day of June 2023 in Irvine, California.

                                                     */s/ Andrew D. Stolper*
                                                     ANDREW D. STOLPER