# Exhibit 1

On May 28, 2019, at 4:48 PM, Welk, Steven (USACAC) <Steven.Welk@usdoj.gov> wrote:

Gentlemen,

Good afternoon.  While I have talked with most of you individually about the proposed interlocutory sale of the seized plane involved in the *Avenatti* matter, I wanted to conduct this next stage in writing.  The plane has been stored since seizure by the government with a third-party contractor who is knowledgeable about this type of property.  I have confirmed that the contractor is familiar with the aircraft and will take the steps necessary to preserve its value.  That being said, maintaining the plane during the course of forfeiture proceedings promises to be an expensive proposition, and one that I would like very much to avoid.

I believe the recipients of this email represent all of the potential real parties in interest with respect to the plane, although one or more of your clients may, in fact, disclaim any interest.  Further, given the underlying circumstances, my initial impression of this matter is that the government is unlikely ultimately to retain any of the realized value of the plane in the event of forfeiture beyond its out of pocket costs associated with retention and maintenance.  However, how that value will be distributed is probably going to be a complicated process, and the pending criminal matter means that that the forfeiture is not likely to be resolved quickly.

My proposal is that the plane be sold by stipulation of all the real parties in interest, with the net proceeds of the sale held by the government pending resolution of the competing claims.  I think we all agree that airplanes are particularly volatile assets, requiring a lot of maintenance.  It generally is always best to sell aircraft and then litigate over the proceeds of sale. Interlocutory sales of property that has been seized for purposes of federal forfeiture proceedings are governed by Rule G(7)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  Such sales may be ordered by the Court where (1) the property is perishable or otherwise subject to waste or depreciation because of its nature; (2) the costs associated with retaining the property are excessive or disproportionate to the value; (3) the property is subject to liens or taxes that are in default; or (4) other good cause.  Here, I suggest that the first and second categories apply.

A Rule G interlocutory sale must be conducted in one of two ways.  The preferable method is by stipulation, requiring that "all parties, with the Court's

approval, agree to the sale, aspects of the sale, or different procedures." This option gives the parties the ability to determine all of the terms of sale, so long as they can all agree. The far less preferable option is where the government moves for an interlocutory sale over the objection of one or more real parties in interest. In that setting, "the sale is governed by 28 U.S.C. sections 2001, 2002 and 2004." Those sections set out what is commonly referred to as "auction on the courthouse steps," since that it exactly what happens. The plain language of the Rule is clear, however, that in the absence of the agreement of all of the real parties in interest, the Court has no choice but to order the sale under Title 28, which results in a substantially lower sale price.

My request is that all of you get together and come up with terms for an interlocutory sale that will result in the net proceeds being paid to the government to be held pending the formal resolution of the forfeiture. The funds would act as a substitute res for the plane and will cut off all costs associated with retention and maintenance. The sale can be handled as an auction or as a private sale. The government will require that it vet the proposed buyer and the source of funds to be used to make the purchase. Otherwise, so long as the proposed terms are commercially reasonable and the government's actual out-of-pocket costs are reimbursed out of the gross sales proceeds, I can draft the stipulation and order and file them with the Court to complete the sale. I do not think it's necessary that I be directly involved in the negotiation of terms, but I am happy to do so if you would like. My guess is that if all of you can agree on a set of terms, I will be satisfied with the proposal.

Please let me know if this sounds like a workable plan. If everyone thinks that it makes sense to get on a conference call, I'd be happy to host, maybe June 4 or 5 in the afternoon.

AUSA Steve Welk
Chief, Asset Forfeiture Section

--
David W. Gammill, Esq.
Gammill Law APC
www.gammill.law

310.750.4149
1500 Rosecrans Ave. Suite 500
Manhattan Beach, CA  90266

801.203.4877
9 Exchange Pl.  Suite 600
Salt Lake City, UT  84111

-----------------------------------------------
This email, including attachments, contains information that is confidential and it may be protected by the attorney-client privilege. If you are not the intended recipient, please delete this email, including attachments, and notify me by email, or phone at (310) 750-4149.