A. Barry Cappello (CSB No. 037835)
abc@cappellonoel.com
Lawrence J. Conlan (CSB No. 221350)
lconlan@cappellonoel.com
Wendy D. Welkom (CSB 156349)
wwelkom@cappellonoel.com
**CAPPELLO & NOËL LLP**
831 State Street
Santa Barbara, CA 93101-3227
Telephone: (805) 564-2444
Facsimile: (805) 965-5950

Attorneys for Petitioner
Spring Creek Research LLC and William Parrish

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | Case No. 8:19-cr-0061-JVS<br><br>**PETITIONER SPRING CREEK RESEARCH LLC'S REPLY BRIEF REGARDING PRIMACY OF INTEREST IN HONDA AIRCRAFT**<br><br>Date: June 26, 2023<br>Time: 9:00 a.m.<br>Courtroom: 10C |

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................ 4

II. LEGAL ARGUMENT .................................................................................................. 5

    A.    Eagan Avenatti LLP cannot show it has an interest arising before or superior to that of Spring Creek. ................................................................. 5

    B.    Jason Frank Law, PLC is an unsecured general creditor. ........................... 8

    C.    Alexis Gardner's restitution award has been set by the Court and should be limited to that amount. ............................................................................ 8

    D.    The Court may also substitute property. .................................................... 10

III. CONCLUSION ........................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Board of Trustees for Laborers Health & Welfare Tr. Fund for N. California v. Hill*, 2009 WL 774093 (N.D. Cal. 2009) .............................................................. 10

*Commodity Futures Trading Com'n v. Hudgins*, 620 F.Supp.2d 790 (E.D. Tex 2009) ..................................................................................................................... 10

*Cox v. Hughes*, 10 Cal.App. 553 (Ct. App. 1909) ........................................................ 6

*Gintel v. Green*, 165 Cal.App.2d 723 (Ct. App. 1958) ................................................ 6

*Juranek v. Juranek*, 29 Cal.App.2d 276, 281 (Ct. App. 1938 .................................... 8

*Lezinsky v. Mason Malt Whisky Distilling Co.*, 185 Cal. 240 (Ct. App. 1921) .......... 8

*U.S. v. Gettel*, 2017 WL 3966635, at *5-6 (S.D. Cal. 9/7/2017) ........................... 5, 8

*U.S. v. Nava*, 404 F.3d 1119 (9th Cir. 2005) ............................................................. 5

*United States v. Catala*, 870 F.3d 6 (1st Cir. 2017) .................................................... 9

*United States v. Gutierrez*,
   734 Fed.Appx. 441 (2018) ...................................................................................... 8

*United States v. Hernandez-Escobar*, 911 F.3d 952 (9th Cir. 2018) ..................... 8, 9

*United States v. Holmes*, No. 5:18-CR-00258 EJD, 2023 WL 3489320 (N.D. Cal. May 16, 2023) ....................................................................................................... 10

*United States v. Kokoszka*, No. 2:13-cv-00419-JAD-PAL, 2015 WL 5990205 (D. Nev. Oct. 14, 2015) ............................................................................................ 8, 9

*United States v. Wilson*, 659 F.3d 947 (9th Cir. 2011) ............................................... 7

**Federal Statutes**

21 U.S.C. § 853(n)(6) .................................................................................................. 5

21 U.S.C. § 853(p) .................................................................................................... 11

21 U.S.C. 853(n)(6)(A) ............................................................................................... 8

**Civil Code**

Cal. Civil Code § 2223 ................................................................................................ 6

Cal. Civil Code § 2224 ................................................................................................ 6

## I. INTRODUCTION

Spring Creek Research, LLC ("Spring Creek") is the only claimant to explain that the criminal forfeiture statute only operates to forfeit an interest of the criminal defendant, not innocent parties. *U.S. v. Nava*, 404 F.3d 1119, 1124 (9th Cir. 2005) ["because the principal criminal forfeiture statute . . . acts *in personam*, it permits the forfeiture of the defendant's interests only, not the property of innocent parties."]. So here, the key question must be, what did Michael Avenatti own?

If he is considered the controlling member of Avenatti & Associates ("A&A") [likely a stretch], the answer is that he only "owned," at best, a portion of the Honda Jet under the Passport 420 LLC ("Passport") Operating Agreement, and Spring Creek owned the remainder. That portion of the jet is all that is subject to forfeiture, since a defendant cannot establish legal or equitable title by his plea agreement. *Nava, supra,* 404 F.3d at 1133. Spring Creek, as a member of Passport, is a co-owner, co-tenant, and co-lessee. It paid for its share in legitimate funds, took possession, and operated the jet until the aircraft was seized from its possession.

The other requirement of 21 U.S.C. § 853(n)(6) is that the petitioner must trace the funds to the *specific* property of the defendant. *U.S. v. Gettel*, 2017 WL 3966635, at *5-6 (S.D. Cal. 9/7/2017) [applying constructive trust theory, only one victim traced losses to specific funds]. That specific property is the Honda Jet. Here, assuming Avenatti "owned" his portion of the jet and Spring Creek owned the rest, Spring Creek provided the original funds which were earmarked for Spring Creek's purchase of its portion of the property. Not one of the other claimants can so trace their funds.

Here, the Court should determine that Spring Creek is entitled to 52.7% of the jet, and limit the other petitioners to the remaining 47.3% of the jet.

/ / /

/ / /

## II. LEGAL ARGUMENT

The Department of Justice ("DOJ") has stated that it disclaims any interest in the Honda Jet: "The government does not seek to retain the Disputed Property or, should an interlocutory sale be ordered, the proceeds of any sale of the same." Dkt. 1098, at 11:2-3. That leaves the four petitioners. As set forth below, Spring Creek's interest is superior.

### A. Eagan Avenatti LLP cannot show it has an interest arising before or superior to that of Spring Creek.

Remarkably, rather than attempt to explain how EA's interest is superior to Spring Creek, EA's brief simply ignores Spring Creek. As previously explained, Spring Creek made its first payment of $350,000 directly to Honda on July 7, 2016, and then formed Passport on July 11, 2016. As of that time, Spring Creek became a member of Passport, and Passport owed Spring Creek a co-owner, co-tenant, and co-lessee interest in the jet. The Passport Operating Agreement established Spring Creek's ownership interest, subject to its payment. Spring Creek made its second payment of $1,985,000 on January 18, 2017 directly into the Passport bank account, to purchase the jet. It did so with clean money, pre-paying for its legal interest in the specific property at issue. See, *Gintel v. Green*, 165 Cal.App.2d 723, 725 (Ct. App. 1958) [present contract becomes operative as soon as the future right to which the assignment refers has ripened into existence]; *Cox v. Hughes*, 10 Cal.App. 553, 560-561 (Ct. App. 1909) [same].

In contrast, Eagan Avenatti LLP ("EA") asserts an interest in the jet based on fraudulent transfers to Honda made by Michael Avenatti after Spring Creek's payments. For example, EA points to alleged transfers on January 20, 2017 ($138,000 – the "Second Transfer") and on January 26, 2017 ($832,000 – the "Third Transfer" [through X-Law Group, Gardner's attorneys in this proceeding]), both of which post-date Spring Creek's payments. EA also points to an alleged

transfer in 2014 ($525,000, the "First Transfer"), but EA's own evidence shows that $425,000 of that was applied to the jet on <u>January 27, 2017, also after Spring Creek's payments.</u>  Finally, EA points to a "Fourth Transfer" of $10,000, which occurred on <u>June 28, 2018, long after the jet had been purchased.</u>  EA simply cannot show that its interest pre-dates that of Spring Creek.  As confirmed by the dates, EA's alleged payments made for the jet at issue here were made *after* Spring Creek's second payment on January 18, 2017.

EA relies on constructive trust and resulting trust theory, but neither of those doctrines show it has an ownership interest in the jet.  Constructive trust would require that EA trace its funds to a time before Spring Creek made its payments for the jet.  Cal. Civil Code §§ 2223, 2224; *United States v. Wilson*, 659 F.3d 947, 954 (9th Cir. 2011).  But here, all the bank statements EA relies on are to the contrary.

The bank statements also confirm that EA can only speculate about the original source of the funds it sent to Honda in 2018 (Dkt. 989, at page 19 of 262, page ID #:23250) or 2014 (*id*. at page 58, 62 of 262, page IDs #: 23289, 23293). EA simply looks at the funds in its accounts and goes forward from there, rather than presenting admissible evidence tracing backward to see where the original funds came from.

On the other hand, the bank statements also show that Spring Creek's funds for EA's second payment of $1,985,000 originated from the Parrish Family Trust and were sent to Passport to purchase the jet on behalf of Spring Creek.  Some of the funds then were apparently by Avenatti *moved* from Passport into EA's or A&A's bank accounts, further to X-Law Group, and further to Honda (see, Dkt. 989, pages 16, 17, 23, 28, 31, 39, 81 of 262, page IDs #:23247, 23248, 23254, 23259, 23262, 23270 and 23312).  This co-mingling by Avenatti does not demonstrate a constructive trust for the benefit of EA, but rather for Spring Creek whose funds, not EA's, were used for the purchase of the jet.  This is confirmed by the receipt for the wire transfer sent by Mr. Parrish to Passport.   Parrish Decl. (June

12, 2023) Exh. B. While EA alleged fraud and/or breach of fiduciary duty, that criminal conduct occurred when Avenatti moved the funds away from Passport's bank account and *not* into Honda. *Gettel*, *supra*, 2017 WL 3966635, at *5 [to prevail using a constructive trust theory, a petitioner typically must show that the forfeited property is directly traceable to the fraud]. EA's constructive trust theory is therefore without merit.

A resulting trust may arise when one party purchases the property for another who takes title. *United States v. Gutierrez*, 734 Fed.Appx. 441, 445 (2018), quoting *Juranek v. Juranek*, 29 Cal.App.2d 276, 281 (Ct. App. 1938). However, a resulting involved "the natural presumption in such a case that it was [the parties'] intention that the ostensible purchaser should acquire and hold the property for the one with whose means it was acquired." *Lezinsky v. Mason Malt Whisky Distilling Co.*, 185 Cal. 240, 251 (Ct. App. 1921). EA has proffered no evidence whatsoever that it intended to become a member in Passport; that it wanted to purchase the jet; or that the purchase was for its benefit.

In this proceeding, EA is an unsecured general creditor which cannot establish an interest in the seized jet under 21 U.S.C. 853(n)(6)(A). See also, *United States v. Hernandez-Escobar*, 911 F.3d 952, 959 (9th Cir. 2018) [general creditor would not be entitled to forfeited property]; see also, *United States v. Kokoszka*, No. 2:13-cv-00419-JAD-PAL, 2015 WL 5990205, at *4 (D. Nev. Oct. 14, 2015) [bank which secured a judgment had not perfected a lien against a particular item and could not point to legal interest in the seized funds].

Moreover, under any analysis, EA has simply failed to meet its burden. While EA states that "Avenatti used EA's partnership funds for his personal benefit" and that the "transfers to Honda were solely for Avenatti's personal benefit" (EA Br. at 8:16 and 9:11-12, Dkt. 1102), EA also asserts that Avenatti "was the 75% direct or indirect owner and managing partner of EA." Dkt 989, page 8 of 262, page ID #23239. If Avenatti was indeed the 75% owner of EA, it is

extremely likely that EA actually benefitted considerably from A&A having access to and use of the Honda Jet. Accordingly, EA's argument is both conclusory and speculative.

### B. Jason Frank Law, PLC is an unsecured general creditor.

Jason Frank Law, PLC ("JFL") contends that it has a judgment lien on Avenatti's interest in the Honda Jet by virtue of its Notice of Judgment Lien filed on December 6, 2018 against Michael Avenatti. JFL is wrong.

First, JFL's judgment lien post-dates January 26, 2017, the date of the conduct on which the government based its seizure of the Honda Jet. As a result, JFL's lien does not create priority over Spring Creek.

Second, JFL's judgment lien gives it a general creditor interest, only, not a specific interest in the defendant Michael Avenatti's portion of the Honda Jet, if any. See, *United States v. Hernandez-Escobar*, 911 F.3d 952, 959 (9th Cir. 2018) [general creditor would not be entitled to forfeited property]; see also, *United States v. Kokoszka*, No. 2:13-cv-00419-JAD-PAL, 2015 WL 5990205, at *4 (D. Nev. Oct. 14, 2015) [bank which secured a judgment had not perfected a lien against a particular item and could not point to legal interest in the seized funds]; *United States v. Catala*, 870 F.3d 6, 11 (1st Cir. 2017) [general creditor does not have sufficient interest to accord it priority].

### C. Alexis Gardner's restitution award has been set by the Court and should be limited to that amount.

Alexis Gardner claims to have a restitutionary interest and/or constructive trust in the Honda Jet and claims $2,500,000 plus pre-judgment interest. This assertion, made by her lawyers at the X-Law Group who actually wired that amount to Honda in cooperation with Michael Avenatti, is wrong.

First, this Court already found that Ms. Gardner's restitutionary interest is $1,432,585. Sentencing Hearing Tr., Dec. 5, 2022, at p. 84, Dkt. 1072. That

1  should be the maximum sum she could be awarded, at best.

2      Second, even if Ms. Gardner can establish a claim to the jet, it is subordinate
3  to Spring Creek's. That is because Ms. Gardner's interest only attached on January
4  26, 2017, when Avenatti stole settlement funds related to the case in which she was
5  jointly represented by Eagan Avenatti LLP and the X-Law Group. That date is later
6  than both of Spring Creek's payments for the jet. Even under the constructive trust
7  theory she espouses, her interest could not be prior to that of Spring Creek, whose
8  interest was established on January 18, 2017.

9      Gardner also asserts that the dollar amount of her money should not be
10 decreased, but the authorities she relies on are inapplicable here. For example,
11 *Board of Trustees for Laborers Health & Welfare Tr. Fund for N. California v.*
12 *Hill*, 2009 WL 774093 (N.D. Cal. 2009) does not address either 21 U.S.C. § 853 or
13 Federal Rule of Criminal Procedure section 32.2. Rather, it is a civil case which
14 does not consider any potential criminal ramifications. *Commodity Futures*
15 *Trading Com'n v. Hudgins*, 620 F.Supp.2d 790 (E.D. Tex 2009) is similarly inapt.
16 That case considered whether a Florida homestead exemption was applicable – a
17 non-issue in this personal property case. Moreover, the court there also applied an
18 equitable lien against the interests of the innocent condo owner, and ordered the
19 property to become a Receiver's asset and sold.

20     As to Gardner's claim for prejudgment interest, this Court had discretion to,
21 but did not, award such interest when awarding restitution. *United States v.*
22 *Holmes*, No. 5:18-CR-00258 EJD, 2023 WL 3489320, at *9 (N.D. Cal. May 16,
23 2023) [court may exercise its discretion to waive interest on the final restitution
24 award].

25     Ms. Gardner is unable to demonstrate priority over Spring Creek's interest.
26 Moreover, her interest should be capped in the amount of her restitution award; that
27 interest should not reduce Spring Creek's interest; and should only be drawn from
28 any interest Michael Avenatti had in the jet.

### D. The Court may also substitute property.

As an alternative, this Court may order the forfeiture of substitute property. 21 U.S.C. section 853(p). In this case, the most likely substitute would be the membership interest of A&A in Passport. In the Court wants to consider that possibility, the Court could release the jet to Spring Creek, or to a third-party broker, with appropriate directions on selling and interpleading any funds for further Court review and approval. Spring Creek is one potential proper entity for such an order: its principal regularly used and piloted the aircraft; the jet was in its possession at the time of seizure; and it repeatedly attempted to give the Government information to ensure the jet was cared for.

### III. CONCLUSION

For the reasons set forth above, Petitioner Spring Creek respectfully requests that this Court enter an order: (1) providing that Spring Creek's interest is superior to that of Defendant Avenatti or any other claimant; (2) amending the Forfeiture Order to reflect that finding; and (3) denying the claims of other claimants to the extent they reduce Spring Creek's ownership percentage to less than 53% of the value of the jet.

DATED: June 19, 2023           CAPPELLO & NOËL LLP

                               By: */s/ Lawrence J. Conlan*
                                   A. Barry Cappello
                                   Lawrence J. Conlan
                                   Wendy D. Welkom
                                   Attorneys for
                                   Spring Creek Research, LLC

## **CERTIFICATE OF SERVICE**

I, Lawrence J. Conlan, hereby certify that on June 19, 2023, I caused the foregoing **PETITIONER SPRING CREEK RESEARCH LLC'S REPLY BRIEF REGARDING PRIMACY OF INTEREST IN HONDA AIRCRAFT** to be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Lawrence J. Conlan*
Lawrence J. Conlan