JOHN P. REITMAN (State Bar No. 80579)
jreitman@landaufirm.com
MONICA RIEDER (State Bar No. 263250)
mrieder@landaufirm.com
LANDAU LAW LLP
141 S. Windsor Blvd.
Los Angeles, California 90004
Telephone: (310) 557-0050
            (310) 691-7737
Facsimile: (310) 557-0056

Special Litigation Attorneys for
Plaintiff Richard A. Marshack,
Chapter 7 Trustee for Eagan Avenatti, LLP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | Case No. 8:19-cr-00061-JVS<br><br>**BRIEF OF RICHARD A. MARSHACK, IN HIS CAPACITY AS THE TRUSTEE OF THE CHAPTER 7 BANKRUPTCY ESTATE OF EAGAN AVENATTI, LLP, REGARDING LIEN OF JASON FRANK LAW, PLC**<br><br>**Hearing Date, Time, and Location (Post-Hearing Supplemental Briefing):**<br>Date: June 26, 2023<br>Time: 9:00 a.m.<br>Place: Courtroom 10C<br>       411 West 4th Street<br>       Santa Ana, CA 92701 |

Richard A. Marshack (the "Trustee"), the trustee of the chapter 7 bankruptcy estate (the "Estate") of Eagan Avenatti, LLP ("EA"), hereby respectfully submits his brief regarding the issue of whether the recorded judgment lien of Jason Frank Law, PLC ("JFL") against the assets of EA's former managing partner Michael Avenatti ("Avenatti") trumps the constructive trust interest of EA in the funds wrongfully diverted from EA by Avenatti and in the Honda aircraft purchased with those funds (the "Honda Jet").

For the reasons set forth below, under California law (including the directly applicable case of *Richion v. Mahoney*, 62 Cal. App. 3d 604 (1976)), because EA's constructive trust interest arises from Avenatti's wrongful taking of funds belonging to EA, Avenatti never acquired more than "naked title" to the interest in the Honda Jet purchased with EA's funds, and JFL's judgment lien could not attach to that interest at all.

A. **Under California Law, A Constructive Trust Can Be Either an Automatically Arising Equitable Ownership Interest or a Post Hoc Remedy Imposed to Satisfy a Claim for Money Damages**

The case law regarding constructive trusts under California law is complicated by the fact that there are two conceptually distinct types of constructive trust recognized by California law. As recently explained by the California Court of Appeal,

> The case law distinguishes between two subtypes of constructive trust claims. First, there are constructive trust claims that are akin to fraudulent conveyance claims because they seek a constructive trust on real property that was itself wrongfully taken and, if successful on the merits, plaintiffs would regain title to or possession of the same property. On the other hand, there are claims seeking a constructive trust or equitable lien on different property, merely as a means to secure collection of a debt.

1

*Shoker v. Superior Court*, 81 Cal. App. 5th 271, 282-83 (2022); *see also, e.g., La Paglia v. Superior Court*, 215 Cal. App. 3d 1322, 1327 (1989) ("Although constructive trusts may be imposed in cases where a claim arises out of the very property upon which the plaintiff seeks to impose the trust . . . a constructive trust may also be imposed where the claim arises out of facts unconnected with the property upon which the plaintiff seeks to impose the trust and the trust is in essence sought to secure collection of damages."). In other words, under California law, a constructive trust can be either an automatic equitable ownership interest in property to which another party has wrongfully obtained title (as described in greater detail below), or a remedy imposed on property that never belonged to the plaintiff for the purpose of satisfying the plaintiff's claim for money damages. Since these two types of constructive trust are conceptually distinct, they are treated differently under California law – for example, the assertion of the former type of constructive trust will support the recording of a lis pendens, while the assertion of the latter type of constructive trust will not. *See Shoker, supra,* 81 Cal. App. 5th at 283 (approving lis pendens for constructive trust based on wrongful taking); *La Paglia, supra,* 215 Cal. App. 3d at 1329 (rejecting lis pendens where "the purpose of the constructive trust [was] only to secure payment of a debt"). Accordingly, the effect of a constructive trust under California law depends on which type of constructive trust is at issue, which in turn depends on the circumstances giving rise to the constructive trust.

### B. **A Constructive Trust Created by a Wrongful Taking of Property Arises Automatically Upon the Taking and Prevents the Wrongful Taker from Acquiring More than Naked Title to the Property as a Trustee for the Original Owner**

Under California law, where property is wrongfully taken, the taker never acquires full ownership rights in the property but instead holds only naked title as a constructive trustee for the true owner. The California statute governing the creation of this type of constructive trust itself provides that the wrongful taker never acquires

2

more than the interest of a trustee, holding the property for the benefit of the true owner: "One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is . . . an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." Cal. Civ. Code § 2224; *see also, e.g., Bainbridge v. Stoner*, 16 Cal. 2d 423, 427-29 (1940) (where a corporate director wrongfully obtained title to corporate property, he immediately became a constructive trustee holding that property for the benefit of the corporation and its stockholders); *Warren v. Merrill*, 143 Cal. App. 4th 96, 113-14 (2006) (where real estate broker and her daughter obtained title to a condominium by inducing broker's client Warren to make the down payment by falsely promising they would convey title to Warren, "because of her fraud [the broker] through [her daughter] acquired only bare legal title which she held as constructive trustee for Warren, who, based on the equities, held superior title"). As recognized by the Ninth Circuit in the context of criminal forfeiture proceedings, this type of constructive trust arises automatically upon the taking by operation of law. *See United States v. $4,224, 958.57*, 392 F.3d 1002, 1004 (9th Cir. 2004); *United States v. Wilson*, 659 F.3d 947, 953-56 (9th Cir. 2011); *see also, e.g., Sanguinetti v. Rossen*, 12 Cal. App. 623, 629 (Dist. Ct. App. 1906) (holding that, at the moment of the wrongful conveyance of title, "a constructive trust was created, by operation of law," and the recipient "took the bare, naked legal title . . . in trust for [the original owners'] use and benefit"). Accordingly, under California law, a party who wrongfully takes property is automatically rendered a constructive trustee for the original owner of the property, and never acquires more than bare legal title to the property.

### C. A Judgment Lien Does Not Attach to Property That the Judgment Debtor Holds in Constructive Trust

Under well-established principles of California law, a judgment lien does not attach to property that the judgment debtor holds in trust, including wrongfully acquired property that is subject to a constructive trust.

A judgment lien attaches only to whatever interest is held by the judgment debtor. *See, e.g., McGee v. Allen*, 7 Cal. 2d 468, 473 (1936) ("An attachment or judgment is a lien only on the interest of the judgment debtor."); *Juarez v. Ward*, 88 Cal. App. 5th 730, 740-41 (2023) ("A judgment creditor's interest is derivative of the judgment debtor's interest: The creditor acquires only the interest a judgment debtor has in personal property at the time of the levy."). Under California law, a judgment creditor's interest in property is subordinate to any pre-existing equitable interests in the property (including involuntary trust interests), regardless of whether such interests are recorded. *See, e.g., McGee, supra*, 7 Cal. 2d at 473 ("Latent equities, such as arise upon a resulting trust, may be asserted against [the judgment debtor's] attachment or judgment creditor, who as to such equities does not have the status of a *bona fide* purchaser."); *Juarez, supra*, 88 Cal. App. 5th at 740-41 ("Because a judgment is a lien only on the interest of the judgment debtor, latent equities against the debtor may be asserted against his judgment creditor, who is subject to all prior interests in the property, whether known or unknown, recorded or unrecorded.") (internal quotation marks and citations omitted); *In re Destro*, 675 F.2d 1037, 1041 (9th Cir. 1982) ("California law holds that the interest of the attaching or judgment lien creditor is subject to any prior interests, including unknown equitable interests, whether or not the prior interest is recorded."). Where the judgment debtor holds only bare legal title to property as a trustee, the judgment lien does not attach to the trust property at all. *See, e.g., Wheeler v. Trefftzs*, 228 Cal. App. 2d 271, 274 (1964) ("It is the law in California that the lien of a judgment does not attach to a naked title, but only to the judgment debtor's interest in the real estate, and if he has no interest, though possessing the naked title, then no lien attaches and a court of equity will permit the real owner to show that the apparent ownership of another is not real."); *Siegel v. Bos. (In re Sale Guar. Corp.)*, 220 B.R. 660, 669 (B.A.P. 9th Cir. 1998), *aff'd*, 199 F.3d 1375 (9th Cir. 2000) ("An unbroken line of California cases holds that a judgment lien creditor cannot reach property that the judgment debtor holds in

trust for another. . . . Unlike a bona fide purchaser of real property, a judgment lien creditor cannot acquire property held in trust by the judgment debtor.").

Accordingly, a judgment lien does not attach to funds that are subject to a constructive trust because they were wrongfully acquired by the judgment debtor – even where the judgment lien attaches prior to entry of a court order acknowledging the existence of the constructive trust. The case of *Richion v. Mahoney*, 62 Cal. App. 3d 604 (1976), is directly on point. In that case, a company called New Life wrongfully took funds from the Mahoneys, who filed suit in 1973 seeking, among other things, the imposition of a constructive trust on a bank account holding the wrongfully taken funds. *Richion*, 62 Cal. App. 3d at 606-07. Later in 1973, Richion obtained a judgment against New Life, and in January 1974 Richion obtained a writ of execution and levied on the bank account. The funds from the bank account were held in interpleader and, in February 1975, the Mahoneys obtained a judgment against New Life. The trial court ordered that the funds be paid to the Mahoneys, and Richion appealed, arguing that its interest in the funds was superior to the Mahoneys' because its judgment lien attached before the Mahoneys received their judgment. The Court of Appeal rejected Richion's argument, stating that "the controlling question is whether judgment creditors may take property standing in the name of the judgment debtor which he holds merely as trustee for another." *Id.* at 609. Based on the principles of law stated above, and on the "judgment of the superior court that funds in the New Life account did not belong to that company but were held on constructive trust for the Mahoneys," the Court of Appeal held that the funds had always been held in trust by New Life for the benefit of the Mahoneys, and accordingly Richion's judgment lien never attached to those funds. *Id.* at 609. Accordingly, the Court of Appeal affirmed the order directing that all of the funds be paid to the Mahoneys. *Id.*[1]

---

[1] *See also Majewsky v. Empire Constr. Co.*, 2 Cal. 3d 478, 489 (1970) (Tobriner, J., dissenting) (noting that "[a]ll three opinions begin with the premise that if, during

5

### D. JFL's Cases Are Inapplicable Because They Relate to the Collection-Mechanism Type of Constructive Trusts

The primary cases on which JFL relies for the proposition that a constructive trust interest is subordinate to a judgment lien that is obtained before entry of a court order imposing the constructive trust are inapplicable because they relate to constructive trusts that are imposed by a court as an aid to collection, rather than constructive trusts that arise automatically from the wrongful taking of property.

In *CHoPP Comput. Corp. v. United States*, 5 F.3d 1344 (9th Cir. 1993), the plaintiff, CHoPP, was seeking the imposition of a constructive trust on funds held in an investment account owned by Laurins. ChoPP was not asserting, however, that those funds had ever belonged to CHoPP. Instead, "CHoPP [had] sued Laurins and others . . . contending that they had engaged in a scheme to disparage CHoPP and thereby drive down the price of CHoPP's stock, so that Laurins and others could profit from short sales of that stock." *Id.* at 1345. CHoPP sought, and eventually obtained, an order imposing a constructive trust on the account as a means of collecting the money damages awarded to CHoPP. The Ninth Circuit's ruling that CHoPP did not own the funds in the account prior to the entry of the order imposing the constructive trust turned on the fact that the constructive trust was imposed as a collection mechanism rather than to return property to its rightful owner: "It is essentially a fraud action seeking money damages with additional allegations urged to support the equitable remed[y] of a constructive trust . . . . Real party does not claim any ownership or possessory interest in the subject property . . . . Where, as here, the purpose of the constructive trust is only to secure payment of a debt, the plaintiff, like other creditors must rely upon prejudgment attachment procedures."

---

that scintilla of time when the Waughs held legal title to the property in question, the Majewskys owned equitable title, then the liens of the Waughs' judgment creditors cannot attach," and differing from the majority only in finding that the Waughs' conduct was sufficiently wrongful to impose a constructive trust on the property while the Waughs held title).

1  *Id.* at 1348-1349 (internal quotation marks and citations omitted).

2  Likewise, the court's holding in *In re Charlton*, 389 B.R. 97 (Bankr. N.D. Cal. 2008) (which actually dealt with an "order retroactively dividing marital property" rather than a constructive trust), that the property interest obtained by a subsequent court order was inferior to a prior judgment-lien-type interest, turned on the fact that the interest was awarded as a collection mechanism rather than as a recognition of rightful ownership: "The state court's retroactive award of the Painting to Consuelo was not based upon the determination that she had been the equitable owner, or that James had obtained ownership from her by theft, fraud, [or] mistake . . . . Rather, the state court awarded Consuelo the Painting for a remedial purpose—to leave her with an appropriate amount of wealth." *Id.* at 104.

Accordingly, these cases (and any others following them or addressing similar fact patterns) are inapplicable to the relationship between the Estate's constructive trust interest and JFL's judgment lien, which instead is governed by *Richion*.

### E. Conclusion

For the reasons set forth above, JFL's judgment lien did not attach to Avenatti's interest in the Honda Jet to the extent that interest was purchased with EA's funds, and the Estate's $1,350,000 constructive trust interest in the Honda Jet must be satisfied in full before JFL receives any payment from the proceeds of the Honda Jet.

DATED: July 3, 2023

Respectfully Submitted,
Landau Law LLP

By:     /s/ John P. Reitman
John P. Reitman, Special Litigation Attorneys for Richard A. Marshack, Trustee of the Chapter 7 Bankruptcy Estate of Eagan Avenatti, LLP

7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this case. My business address is:
**Landau Law LLP, 141 South Windsor Blvd., Los Angeles, California 90004.**

A true and correct copy of the foregoing document entitled (*specify*): **<u>Brief of Richard A. Marshack, in his Capacity as the Trustee of the Chapter 7 Bankruptcy Estate of Eagan Avenatti, LLP, Regarding Lien of Jason Frank Law, PLC</u>** will be served or was served in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: The foregoing document will be served by the court via NEF and hyperlink to the document. On **July 3, 2023,** I checked the CM/ECF docket for this case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**: On _____, I served the following persons and/or entities at the last known addresses in this case by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 12:00 noon on the following business day.

☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): On **<u>July 3, 2023</u>**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method) facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 12:00 noon on the following business day.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 3, 2023 | Hannah Richmond | /s/ Hannah Richmond |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1

1. **SERVED BY THE COURT VIA NEF (continued):**

- **Daniel G. Boyle**
  daniel.boyle2@usdoj.gov,gabriela.arciniega@usdoj.gov,USACAC.Criminal@usdoj.gov,caseview.ecf@usdoj.gov,Tarleen.Khauv@usdoj.gov,shatera.taylor@usdoj.gov,Jonathan.Wettstein@usdoj.gov
- **A Barry Cappello**
  abc@cappellonoel.com,jorta@cappellonoel.com,mduong@cappellonoel.com.com,adickerson@cappellonoel.com,mmiller@cappellonoel.com,rlloyd@cappellonoel.com,krodriguez@cappellonoel.com
- **Carlos X Colorado**
  cc@xlawx.com
- **Lawrence J Conlan**
  lconlan@cappellonoel.com,mduong@cappellonoel.com,adickerson@cappellonoel.com,mmiller@cappellonoel.com,acohen@cappellonoel.com,krodriguez@cappellonoel.com,jorta@cappellonoel.com,rlloyd@cappellonoel.com
- **James Edmund Dochterman**
  james.dochterman@usdoj.gov,USACAC.Criminal@usdoj.gov,Luis.Chaves@usdoj.gov,cecilia.anderson@usdoj.gov,Paul.Read@usdoj.gov,CaseView.ECF@usdoj.gov
- **Margaret A. Farrand**
  Margaret_Farrand@fd.org,zzCAC_FPD_Document_Receiving@fd.org,cac_appointments@fd.org
- **Patrick R Fitzgerald**
  USACAC.Criminal@usdoj.gov,patrick.fitzgerald@usdoj.gov,CaseView.ECF@usdoj.gov
- **Thomas Edward Gray**
  tg@xlawx.com,TC@xlawx.com,MR@xlawx.com
- **Ranee Katzenstein**
  ranee.katzenstein@usdoj.gov,USACAC.Criminal@usdoj.gov,CaseView.ECF@usdoj.gov
- **Richard Lloyd**
  rlloyd@cappellonoel.com
- **Filippo Marchino**
  fm@xlawx.com,TG@xlawx.com,CC@xlawx.com,TC@xlawx.com,SG@xlawx.com,DB@xlawx.com
- **Jack Andrew Reitman**
  jareitman@gmail.com,elange@kdvlaw.com
- **John P Reitman**
  jreitman@landaufirm.com,srichmond@landaufirm.com,hrichmond@landaufirm.com,vrichmond@landaufirm.com,amendes@landaufirm.com
- **Brett A. Sagel**
  brett.sagel@usdoj.gov,USACAC.SACriminal@usdoj.gov,CaseView.ECF@usdoj.gov
- **H. Dean Steward**
  deansteward7777@gmail.com,courtneycummingsesq@outlook.com,workingwitheh@gmail.com,deansteward@fea.net

- **Andrew D. Stolper**
  astolper@lawfss.com,mnowowiejski@lawfss.com,astolper@ecf.courtdrive.com

3. <u>**SERVED BY PERSONAL DELIVERY (continued)**</u>:

Honorable James V. Selna
Ronald Reagan Federal Building and United States Courthouse
411 West Fourth Street, Courtroom 10C
Santa Ana, CA 92701-4516

3