Andrew D. Stolper (SBN 205462)
astolper@lawfss.com
FRANK SIMS STOLPER, LLP
19800 MacArthur Blvd., Suite 855
Irvine, California 92612
Telephone:  (949) 201-2400
Facsimile:   (949) 201-2405

Attorneys for Claimant,
 JASON FRANK LAW, PLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | Case No.  8:19-CR-00061-JVS<br><br>**SECOND SUPPLEMENTAL DECLARATION OF JASON M. FRANK IN SUPPORT OF JASON FRANK LAW, PLC'S SUPPLEMENTAL BRIEF RE: PRIMACY**<br><br>**Date:          TBD**<br>**Time:          TBD**<br>**Courtroom:      10C** |

**SECOND SUPPLEMENTAL DECLARATION OF JASON M. FRANK**

I, Jason M. Frank, declare as follows:

1.　　I am the owner and president of the judgment creditor, Jason Frank Law, PLC ("JFL"), a professional law corporation.  I have personal knowledge of the facts set forth herein, unless stated on information and belief, and if called as a witness, I could and would competently testify thereto.

2.　　As noted in my previous declarations, during judgment collection efforts, JFL subpoenaed and obtained bank statements for various accounts opened by Michael Avenatti ("Avenatti") and his companies, including but not limited to Avenatti & Associates, APC ("AA"), Eagan Avenatti, LLP ("EA") and Passport 420, LLC ("Passport 420").

3.　　The bank statements were scanned and uploaded into a computer database called Valid8.  The Valid8 program allows users to, among other things: (a) create a table showing the opening and closing balances for each account on a monthly basis, including the increases and decreases in those accounts; (b) conduct a keyword search of persons or entities that received payments from these accounts; and (c) create tables showing the amounts of each payment, the date of those payments and the total amount, among other information.

4.　　Attached as **Exhibit 29** are screenshots of a chart produced by the Valid8 program showing the beginning and ending balances of AA's operating account (0661) at California Bank & Trust ("CBT") on monthly basis from June 1, 2012 through October 31, 2018.  JFL's bank record discovery was limited to this time period per an order by U.S. Magistrate Judge Karen E. Scott who was overseeing JFL's judgment collection efforts in federal court.  The chart shows how Avenatti would deposit large sums of money in the AA account on a monthly basis (typically hundreds of thousands to millions of dollars) and then would *immediately* deplete the account each month so that only a small amount of money remained.  For this reason,

the AA bank statements typically will have "insufficient fund" charges imposed by the bank every month.  See Exhibit 31.

5.      Attached as **Exhibit 30** is a screenshot of a chart produced by the Valid8 program showing the beginning and ending balances of Passport 420's operating account at CBT on monthly basis from the date it was opened on October 11, 2016 through October 31, 2018.  It likewise shows how Avenatti would deposit money in the account and deplete the account each month.

6.      A review of AA's bank records shows that Avenatti routinely used AA's money to pay for his personal expenses.

7.      For example, between September 2012 through October 2018, AA made 70 separate payment to Avenatti's ex-wife, Christine Carlin, for a total of **$908,840**.  Avenatti testified these were for spousal and child support payments during a judgment debtor exam.  Attached as **Exhibit 31** are the AA bank records reflecting these payments.  Avenatti would also make similar spousal and child support payments from the EA bank accounts to Christine Carlin, examples of which are attached as **Exhibit 32.**

8.      Conducting key word searches with the Valid8 program, I identified the following payments from the AA account that are clearly personal and not related to any corporate business.  These are just illustrative examples.  Virtually every AA bank statement has personal, and not corporate charges.

   a. 33 separate payments to Lisa-Storie Avenatti (who was Avenatti's wife at the time) for a collective total of over $1,061,000.  This total does not include $802,000 of payments into a joint account held by Avenatti and Lisa-Storie Avenatti.

   b. 17 separate payments to the Ten Thousand Building totaling $243,606.97.  I know from JFL's judgment collection efforts that

Avenatti was living in an apartment at the Ten Thousand Building during the period of these charges.

c. 16 separate payments to Dr. Sean Breen totaling over $10,068. According to his website (breencenter.com), Dr. Breen works at the Breen Center for Optimal Health in Irvine California which specializes in private male health issues.

d. Over $297,091 in payments related to Avenatt's Porsche.

e. Over $65,532 in payments to Jewelers On Time and Traditional Jewelers Newport Beach.

9. At the Court's request, I can produce the AA bank statements reflecting the charges in the previous paragraph. Notably, many of these charges are already reflected in Exhibit 31, along with other charges that are clearly personal in nature. I did not want to inundate the Court with all of AA's bank statements for a six-year period – but each of those statements demonstrate how Avenatti used the AA account as his personal "piggy bank."

10. I am also aware that Avenatti used AA as a means to avoid his creditors. For example, after JFL obtained a $10 million judgment against EA, JFL sought an Assignment Order requiring the contingency fees on EA's cases to be directly paid to JFL until the judgment was satisfied. In response, Avenatti began listing AA as the counsel of record on pleadings filed by EA (rather than EA), but continued to use the same address, telephone number, email address and attorneys as EA.

11. I contacted the State Bar of California to inquire if AA had ever been certified to act as a law firm in this state. Under California law, professional corporations like AA are required to register with the State Bar before they can practice law. See Cal. Corp. Code § 13404; Cal. Bus. & Prof. Code §§ 6160, 6161. The State Bar confirmed that AA had never been registered as a law corporation and

Second Supp. Decl. of Jason M. Frank

was not authorized to practice law in this State.  Attached as **Exhibit 33** is my email exchange with Nina Hester from the California State Bar's "Law Corporations Program" confirming this information in writing.  Attached as **Exhibit 34** is a true and correct copy of the "No Record" certification from the State Bar confirming that AA has never been registered in California.

12.    I have previously attached the Honda Purchase Agreement which indicated that AA was required to place a downpayment of $75,000 upon signing. Dkt. 1104-9 (HACI 186), ¶ 2.  As the documents produced by Honda indicate, AA originally contracted to purchase two separate planes each requiring a $75,000 down payment for a collective total of $150,000.  Years later, AA terminated the second contract and had the downpayment money applied to the purchase of the Jet at issue in this lawsuit.  Attached as **Exhibit 35** are two Honda invoices for the original two jets (Contract Number 4000021 and 4000022) showing that AA paid a $75,000 down on both jets (totaling $150,000) on October 11, 2006.

13.    Based on the Court's Tentative, it is my understanding that the Court is reluctant to rely on Honda's invoices because they do not identify the source of the payments.  I am not aware of any parties who are claiming that Avenatti used stolen funds to pay these two $75,000 downpayments back in October 2006.  This is almost a decade before Avenatti was accused of stealing any party's money.  As noted above, JFL's subpoena of AA's bank records only went back to June 1, 2012 during judgment collection efforts.  If the Court requires further evidence that AA paid these funds to Honda prior to stealing Garnder's money, and that these amounts were applied to the purchase of the Jet, then JFL requests the opportunity to subpoena AA's bank records for October 2006, and, if necessary, take the deposition of Honda to confirm those funds were paid and applied toward the Jet.

1

2        I declare under penalty of perjury under the laws of the United States of

3   America that the foregoing this true and correct.  Executed this 3rd day of July 2023

4   in Irvine, California.

5

6                                              */s/ Jason M. Frank*
                                       JASON M. FRANK

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28