E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
JAMES E. DOCHTERMAN (Cal Bar. No. 256396)
Assistant United States Attorney
Asset Forfeiture & Recovery Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2686
    Facsimile: (213) 894-0142
    E-mail: James.Dochterman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL AVENATTI,<br><br>    Defendant.<br><br>ALEXIS GARDNER; JASON FRANK LAW, PLC; SPRING CREEK RESEARCH, LLC; AND RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE FOR EAGAN AVENATTI, LLP,<br><br>    Petitioners. | NO. 8:19-CR-00061-JVS (KESx)<br><br>**JOINT APPLICATION FOR 60-DAY EXTENSION TO SUBMIT A PROPOSED ORDER ESTABLISHING PROCEDURES GOVERNING THE SALE OF ONE HONDA JET.** |

The Plaintiff United States of America (the "government") and petitioners submit the following Joint Application for 60-day Extension to Submit a Proposed Order Establishing Procedures Governing the Sale of One Honda Aircraft.

On July 25, 2023, the Court ordered that the parties meet and confer and submit a proposed order for procedures governing the sale within seven days. ECF 1125. The Court further ordered that if the parties have alternative views, they shall be reflected in a single proposed order. Following the Court's order, the petitioners exchanged email messages discussing each party's views:

- Spring Creek Research, LLC, represented by Lawrence J. Conlan;
- Alexis Gardner, represented by Filippo Marchino;
- Richard A. Marshack as Chapter 7 trustee for Eagan Avenatti, represented by John P. Reitman;
- Jason Frank Law LLC, represented by Andrew D. Stolper (collectively the "petitioners"); and
- The United States, represented by AUSA James E. Dochterman.

**Concerns Raised by the Private Parties**

The petitioners' main concern is that the sale be held in a manner that would achieve the highest and best price for the Honda Jet. For this reason, several petitioners suggested use of a private broker who specializes in the sale of aircraft to locate a buyer and Mr. Stolper proffered language that would provide for a private sale. These same petitioners were opposed to the sale of the aircraft at a government auction. However, Mr. Dochterman cautioned that he needed to hear from the government custodian of the Honda Aircraft, the Internal Revenue Service ("IRS"), to determine whether a privately brokered sale were even possible.

**The Government's Position**

The IRS point of contact for this asset is Special Agent Bryan Starek, Asset Forfeiture Coordinator for IRS – Criminal Investigation. Special Agent Starek, who was unavailable until August 1, 2023, conferred with the Treasury Executive Office for Asset

Forfeiture ("TEOAF"), the agency within the United States Department of the Treasury that administers the Treasury Forfeiture Fund ("TFF"), which is the receipt account for deposit of non-tax forfeitures made pursuant to laws enforced or administered by Treasury and Department of Homeland Security agencies. Special Agent Starek reported to AUSA Dochterman that a TEOAF representative stated that the Treasury Department was contractually prohibited from having an outside brokerage sell the aircraft, and that the Treasury Department's standard procedure is to sell seized assets through a government auction.

**Request for Additional Time**

At this juncture, the government and petitioners request additional time to allow the government to confer with the IRS and TEOAF to determine procedures for a sale of the aircraft. Specifically, the government wishes to have TEOAF and IRS clarify the specific contractual and regulatory obligations which prohibit sales by a broker, and to explore whether an exception might be considered to satisfy the court and parties' mutual interests. The parties propose a sixty-day (60) period during which the parties can take the following steps:

- The government will arrange with IRS for petitioners to inspect the aircraft and review the maintenance records;
- The government will obtain from IRS, and provide to petitioners, further information on storage costs and the payment process (the amounts of which have been requested but not yet made available to the government); and
- The government will engage with IRS and TEOAF representatives to determine how to accommodate the court and petitioners' goals in consideration of the Treasury Department's newly raised contractual obligations, and present a conclusive determination of permissible sales procedures.

1     The government and petitioners believe that an extension will afford the parties sufficient time to conclusively determine the property disposition and the government to engage in more meaningful discussions about how to achieve their mutual goals of realizing the highest and best price for the Honda Jet within the constraints presented by IRS and TEOAF requirements.

DATED: August 1, 2023

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section

  */s/ James E. Dochterman*
JAMES E. DOCHTERMAN
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA