E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
JAMES E. DOCHTERMAN (Cal Bar. No. 256396)
Assistant United States Attorney
Asset Forfeiture & Recovery Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2686
    Facsimile: (213) 894-0142
    E-mail:    James.Dochterman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL AVENATTI,<br><br>    Defendant.<br><br>ALEXIS GARDNER; JASON FRANK LAW, PLC; SPRING CREEK RESEARCH, LLC; AND RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE FOR EAGAN AVENATTI, LLP,<br><br>    Petitioners. | NO. 8:19-CR-00061-JVS (KESx)<br><br>**RESPONSE TO REQUEST FOR PROCEDURES FOR THE SALE OF ONE HONDA JET.** |

On July 25, 2023, the Court ordered that the parties meet, confer, and submit a proposed order within seven days for procedures governing the sale of the seized HondaJet. ECF 1125. The Court further ordered that if the parties have alternative views, they shall be reflected in a single proposed order. Following the Court's order, the petitioners exchanged email messages discussing each party's views.

On August 1, 2023, the parties filed a joint application seeking additional time to develop a proposal for the sale, in part because the government needed time to confer with Special Agent Bryan Starek and officials of the Internal Revenue Service – Criminal Investigation ("IRS-CI") and officials in the Treasury Executive Office for Asset Forfeiture ("TEOAF") regarding the feasibility of petitioners' request to have a private broker sell the HondaJet (the "aircraft").[1] On August 2, 2023, the Court entered an order giving the parties until September 1, 2023, to file a proposed order for procedures governing the sale. ECF 1128. On August 28, 2023, government counsel shared with the four petitioners' counsel a draft of this Response to Request for Procedures for the Sale of One Honda Jet and supporting materials. As of this filing, no petitioner has noted its opposition to this response.

**Discussions with IRS-CI and TEOAF**

In the weeks following the Court's order, government counsel engaged with IRS-CI and TEOAF representatives to determine the Treasury Department's contractual obligations and administrative concerns. During these discussions, government counsel shared the petitioners' opinion that a third-party private broker who specialized in the sale of jet aircraft would be better positioned to realize the highest sales price for the Honda Jet, rather than by the third-party contractor already storing and maintaining it. *See* Declaration of James E. Dochterman attached hereto as Exhibit A. The government requested, and was provided, a description of the third-party contractor's sales plan, so

---

[1] TEOAF is the agency within the United States Department of the Treasury that administers the Treasury Forfeiture Fund ("TFF"). The TFF is the receipt account for deposit of non-tax forfeitures made pursuant to laws enforced or administered by Treasury and Department of Homeland Security agencies.

as to present it to petitioners and consider the relative merits of a standard governmental sale versus sale by a third-party private broker. *See* Sales Plan, Exhibit C.

The IRS-CI response is set forth in the Declaration of Mr. Frank Castillo. *See* Declaration of Mr. Frank Castillo, Exhibit B. Mr. Castillo is the Director of the Asset Recovery and Investigation Services ("ARIS") section of IRS-CI in Washington, D.C., and in this capacity he is responsible for actively participating in the formulation and development of IRS-CI programs and policies affecting national and field office operations relating to ARIS.

As Mr. Castillo states, when investigations result in the seizure of certain real and personal property assets, IRS-CI utilizes TEOAF contractors, managed by ARIS, to store, maintain, and dispose of those assets in its normal course of business. However, IRS-CI does not utilize outside brokers to dispose of personal property. Mr. Castillo adds that given the TEOAF contractors' proven track record and IRS-CI's extensive experience with facilitating the management and disposition of seized property, his office found no compelling reason why IRS-CI should deviate from its standard practice, and incur the possible additional costs, delays, interference with contractual obligations, or other possible unforeseen consequences to the government that could potentially arise from this change in its standard practice. Therefore, the IRS-CI requests that it not be ordered to release the aircraft for sale by a private broker.

Concurrently, Special Agent Bryan Starek provided government counsel with materials prepared by Amentum and CWS Marketing Group, the third-party contractors for the aircraft. Exhibit C. The provided materials include a detailed advertising and sales plan. Amentum also provided current *estimated* storage and maintenance costs, in the amount of $185,525.47, which will be due to Amentum at the conclusion of the sale. The marketing plan includes a six to eight week pre-sale marketing campaign during which Amentum would strategically target business-class and luxury aircraft dealers, corporate charter services, aircraft enthusiasts, industry news sources, and use select print advertising, news media auction announcements and press releases. Amentum will

seek to advertise the aircraft in publications such as Business Air, JetNet, AV Buyer, Trade-A-Plane and Global Air.

Based on a review of the third-party marketing plan and discussions with IRS-CI and TEOAF, the government asserts that sale of the aircraft by an as-yet-unnamed broker of unknown reliability and reputation does not guarantee a sale price reasonably expected to exceed the sale price of an already contracted and experienced third party who has to this point maintained the aircraft well, and demonstrated its intent to seek a favorable outcome. Furthermore, pursuing a sale through an unknown third party could create unnecessary and avoidable burdens that would be shouldered entirely by the government. As such, the government proposes that the Court authorize the government to instruct the current third-party TEOAF contractor to initiate the proposed advertising and sales plan, the sale to be completed within 120 days.

DATED: September 1, 2023

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section

  /s/ James E. Dochterman
JAMES E. DOCHTERMAN
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA