## DECLARATION OF FRANK DEL CASTILLO

I, FRANK DEL CASTILLO , pursuant to the provisions of 28 U.S.C. §1746, declare and say:

1. I am the Director of the Asset Recovery and Investigation Services (ARIS) section of Internal Revenue Service - Criminal Investigation (CI).  I have been employed with the Internal Revenue Service (Service) since May 2001 and assumed my present position in March 2021.

2. I am familiar with this investigation and related seized assets, including the 2016 HondaJet HA-420 seized in April 2019 (Jet).

3. In my role as a Director, I am responsible for actively participating in the formulation and development of CI programs and policies affecting national and field office operations. My duties deal exclusively with nationwide criminal investigative and enforcement activities of the Service relating to Asset Recovery and Investigative Services.

4. Investigations are CI's primary unit of work.  Each investigation may result in one or more seizures, and each seizure may result in one or more assets being seized for evidence or forfeiture.  CI's investigative jurisdiction includes tax and related financial crimes (title 26), money laundering and related offenses (title 18), and Bank Secrecy Act violations (title 31).  CI investigations may be conducted using administrative (internal to CI) and/or grand jury (in conjunction with the United States' Attorneys' Office (USAO)) processes.

5. When investigations result in seizure of certain assets (including real and personal property), CI utilizes Treasury Executive Office for Asset Forfeiture (TEOAF) contractors to store, maintain and dispose of those assets. In limited situations, if seized property is liable to perish, waste, or greatly depreciate in value during pendency of the forfeiture proceedings or if the expenses of keeping the property are const-prohibitive, the property may be sold, and the proceeds of the sale treated as a substitute for the original property in the ensuing forfeiture.

6. As part of this investigation, the seized jet is in the custody of a contractor that TEOAF has been working with for several years.

7. The claimant in this case would like the Government to use an outside broker to conduct the sale of the jet, which would require CI to transfer the seized asset from the Government's custody to an unknown and unproven third party.

8. Further, claimant's request would require us to deviate from our normal course of business.

9. The claimant's assertion of receiving more revenue from the sale if they were to use an outside broker does not warrant the government to deviate from their normal business practice. ARIS does not utilize an outside broker to sell personal property. Accordingly, ARIS has concluded that given the contractor's proven track record and CI's extensive experience with facilitating the management and disposition of seized property, the agency finds no compelling reason why it should be necessary to deviate from its standard practice, and incur the possible additional costs, delays, contractual obligations, or other possible unforeseen consequences to the government that could potentially arise from this change in practice.

10. I declare under penalty of perjury that to the best of my knowledge and belief, the foregoing is true and correct.

Executed on August 23, 2023, in Washington, D.C.

*Frank Del Castillo*
Frank Del Castillo
Director
Asset Recovery & Investigative Services
IRS – Criminal Investigation