CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
ADITHYA MANI (Bar No. 301880)
(E-Mail: Adithya_Mani@fd.org)
Deputy Federal Public Defender
411 West Fourth Street, Suite 7110
Santa Ana, CA 92701
(714) 338-4500
(714) 338-4520 (fax)

MARGARET A. FARRAND (Bar No. 235295)
(E-Mail: Margaret_Farrand@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
MICHAEL J. AVENATTI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 8:19-CR-61-JVS |
| Plaintiff, | |
| v. | **DEFENDANT'S STATUS REPORT FILED IN ADVANCE OF DECEMBER 9, 2024 STATUS CONFERENCE** |
| MICHAEL J. AVENATTI, | |
| Defendant. | |

Defendant Michael Avenatti, by and through his counsel of record, Deputy Federal Public Defenders Adithya Mani and Margaret A. Farrand, respectfully submits this status report in advance of the status conference scheduled in this matter to take place on December 9, 2024.

On October 23, 2024, the Ninth Circuit issued a memorandum disposition vacating Michael Avenatti's sentence and remanding for resentencing. *United States v. Avenatti*, 9th Cir. case no. 22-50301, Docket no. 52-1 (Attached as Exhibit A.)

This resentencing is required to be conducted de novo, with all issues subject to potential redetermination. *United States v. Tat*, 97 F.4th 1155, 1161 (9th Cir. 2024) ("When we remand for de novo resentencing, it is a "settled principle" that vacating an appellant's original sentence "legally 'wipe[s] the slate clean,'" *United States v. Merrell*, 37 F.4th 571, 576 (9th Cir. 2022) (quoting *Pepper v. United States*, 562 U.S. 476, 507 (2011)), and that on remand in such a case, "the defendant is placed in the same position as if he [or she] had never been sentenced," *id.* (quoting *United States v. Maldonado*, 996 F.2d 598, 599 (2d Cir. 1993) (per curiam)); *see also United States v. Handa*, 122 F.3d 690, 692 (9th Cir. 1997), as amended on reh'g (Aug. 4, 1997) (holding that remand to the district court begins "the sentencing process afresh"). Generally, therefore, the district court is "free to consider any matters relevant to sentencing, even those that may not have been raised at the first sentencing hearing, as if it were sentencing de novo." *United States v. Matthews*, 278 F.3d 880, 885-86 (9th Cir. 2002) (citations omitted).") *See* Exhibit B, *United States v. Tat*, 97 F.4th 1155 (9th Cir. 2024).

Although the sentencing is de novo, the Ninth Circuit's memorandum disposition provides guidance to this Court on how to conduct several aspects of the loss calculation under U.S.S.G. § 2B1.1. Specifically, it requires this Court to calculate the value of Mr. Avenatti's legal fees and services provided to clients, and deduct those amounts (plus any other amounts paid by Mr. Avenatti to the clients before the fraud was discovered) from the loss amount. The Ninth Circuit's opinion states, among other

1

things, that:

- In calculating the loss amount under U.S.S.G. § 2B1.1, "the district court should have accounted for the value of [Mr. Avenatti's] legal services and costs, as well as the value of certain payments he made to victims;" (*Id.* at 3);

- "By finding that Avenatti's victims "lost" the full settlement value without accounting for Avenatti's fees and costs, the district court enhanced Avenatti's sentence based on pecuniary harm that did not occur, and did not "result[] from [Avenatti's] offense." (*Id.* at 4);

- It was "remand[ing] and direct[ing] the district court to account for the fair market value of Avenatti's legal services and costs in its 'actual loss' calculation, without any reliance on forfeiture." (*Id.* at 4-5);

- "The district court erred in finding Avenatti's work related to Em Cosmetics was "not associated with" the other services he rendered to Phan. The record is clear that the acquisition of Em Cosmetics was central to Phan's divestment from Ipsy, and Avenatti's retainer agreement with Phan entitled him to a fee of 7.5% of the value of Em Cosmetics. Such services rendered to the victim must be deducted from the restitution owed." (*Id.* at 5)

- "On remand, the district court is directed to determine the value of Em Cosmetics and reduce Avenatti's restitution amount by any fees he is owed in connection with its acquisition. To the extent the district court requires an evidentiary hearing to determine that amount, it may decide, in its discretion, to hold such a hearing." (*Id.* at 6.)

(*See* Exhibit A, Memorandum Disposition (relevant portions highlighted).)

The Ninth Circuit's conclusion that "Avenatti's retainer agreement with Phan entitled him to a fee of 7.5% of the value of Em Cosmetics"—and that "Avenatti's fees

2

and costs" could not be included in loss—as well as its requirement to "determine the value of Em Cosmetics and reduce Avenatti's restitution amount by any fees he is owed in connection with its acquisition," require that this Court determine the value of Em Cosmetics and account for it in calculating loss and restitution.

Indeed, the Ninth Circuit determined that this Court cannot include in "loss" fees and costs that Mr. Avenatti's clients would not have received even if the fraud had not occurred. (*Id.* at 3-4) (holding that the clients "hired Avenatti on a contingency fee basis and agreed, by contract, to pay him a portion of any settlement as his fees and to reimburse him for his costs. Thus, even if Avenatti acted lawfully, his clients would not have received the full settlement amounts. By finding that Avenatti's victims "lost" the full settlement value without accounting for Avenatti's fees and costs, the district court enhanced Avenatti's sentence based on pecuniary harm that did not occur, and did not 'result[] from [Avenatti's] offense.' U.S.S.G. § 2B1.1 cmt. n.3(A)(i).") That ruling comports with the Guidelines' well-established definition of "loss" as embodying a "but-for" standard. *United States v. Lonich*, 23 F.4th 881, 916 (9th Cir. 2022) (the Ninth Circuit has not hesitated to "vacate[] sentences when the government failed to produce sufficient evidence to show proximate or but-for cause for asserted loss amounts.")

Because the proper loss and restitution calculations must account for the value of Em Cosmetics and Mr. Avenatti's services to the clients at issue in this case, under the terms of the Ninth Circuit's memorandum disposition, no recalculation of the loss or restitution amounts is possible until Mr. Avenatti obtains a valuation of Em Cosmetics and all other services Mr. Avenatti provided to the clients. Mr. Avenatti intends to submit evidence on that issue, and needs time to work with a valuation expert to conduct that valuation analysis.

To reliably value Em Cosmetics and Mr. Avenatti's other services to the clients at issue, it will be necessary for Mr. Avenatti's valuation expert to obtain information about Em Cosmetics and Phan's financial situation, earnings, assets, and other relevant

topics.[1] Mr. Avenatti will require time to serve subpoenas on Em Cosmetics and Phan for this information and—if the parties refuse to provide the requested material voluntarily—file and litigate a motion to compel in this Court. Assuming the motion to compel is successful, Mr. Avenatti's expert will then need time to review the information received as a result, conduct a valuation analysis, and prepare a report summarizing any conclusions. After that point, Mr. Avenatti intends to move for an evidentiary hearing on the issue of the value of Em Cosmetics and his other services.

In order to accomplish all of these steps, Mr. Avenatti proposes the following schedule:

- January 31, 2025: Deadline for Motion to Compel Discovery
- February 28, 2025: Hearing on Motion to Compel Discovery
- March 31, 2025: Deadline for Motion for Evidentiary Hearing
- April 28, 2025: Evidentiary Hearing/submission of material to Probation for preparation of Amended PSR
- June 30, 2025: Sentencing

//
//
//

---

[1] The agreement relating to the acquisition of Em Cosmetics also conferred on Phan "full rights to her trademarks, likeness and image." (Def. Sent. Memorandum and Objs. to the PSR, Docket No. 1016, Ex. W (under seal).)

4

Mr. Avenatti believes that sentencing and restitution should be determined at the same time, rather than at different points, because—under the Ninth Circuit's order—Mr. Avenatti' fees bear on both calculations and Em Cosmetics's value, in turn, impacts the amount of his fees.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: December 5, 2024       By  /s/ Margaret A. Farrand
                              MARGARET A. FARRAND
                              ADITHYA MANI
                              Deputy Federal Public Defender

                              Attorney for Defendant
                              MICHAEL AVENATTI