Andrew D. Stolper (SBN 205462)
astolper@lawfss.com
FRANK SIMS STOLPER, LLP
19800 MacArthur Blvd., Suite 855
Irvine, California 92612
Telephone:  (949) 201-2400
Facsimile:   (949) 201-2405

Attorneys for Claimant,
 JASON FRANK LAW, PLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL JOHN AVENATTI,<br><br>Defendant. | Case No.  8:19-CR-00061-JVS<br><br>**CLAIMANT JASON FRANK LAW, PLC'S OPPOSITION TO HONDA AIRCRAFT COMPANY LLC'S MOTION FOR ORDER ALLOWING FILING OF PETITION ASSERTING INTEREST IN FORFEITED PROPERTY AND PETITION ASSERTING INTEREST IN FORFEITED PROPERTY; DECLARATION OF ANDREW D. STOLPER**<br><br>**Date:**         April 28, 2025<br>**Time:**         9:00 a.m.<br>**Courtroom:**   10C** |

Claimant Jason Frank Law, PLC ("JFL") hereby opposes the Motion for Order Allowing Filing of Petition Asserting Interest in Forfeited Property and Petition Asserting Interest in Forfeited Property (collectively, the "Petition") filed by Honda Aircraft Company LLC ("Honda").

*First*, the Petition is not timely.  Pursuant to 21 U.S.C. § 853(n), any person asserting a legal interest in forfeited property must file a petition with the Court within 30 days after the publication notice.  [DSI Associates LLC v. U.S., 496 F.3d 175, 182 n. 8 (9th Cir. 2007).]  The Court's preliminary forfeiture order was filed on August 8, 2022 and directed the United States to publish notice that any person "having or claiming a legal interest in the property must file a petition with the Court within thirty (30) days of the publication of the notice or receipt of actual notice, whichever is earlier."  [Dkt. 975, § C.(1).]   The government published public notice of the forfeiture on "www.forfeiture.gov" for at least 30 consecutive days from August 11, 2022 through September 9, 2022.  [Dkt. 983.]  Honda concedes it did not file its Petition within the requisite 30-day period.  [Dkt. 1143, p. 13.[1]]

*Second*, Honda contends its two-year delay in filing its Petition should be excused under Rule 60(b)(6)'s catch-all provision allowing relief from a court order for "any other reason that justifies relief."  [Dkt. 1143, pp. 12-14.]  Specifically, Honda contends it did not have any "interest" in the Jet until it decided to settle the fraudulent transfer lawsuit that was concurrently being litigated in this courthouse by the Bankruptcy Trustee for the Estate of Eagan Avenatti, LLP ("EA" or the "Estate").  [See In re Eagan Avenatti, LLP, Case No. 8:19-bk-13560-SC, Dkt. 225 (Oct. 20, 2020).]

Honda does not provide any case authority for this proposition.  Further, Honda does not explain how such a rule would work in practice.  For example, what would have happened if this Court had already adjudicated the other claimants' rights to the forfeited property *before* the resolution of the fraudulent transfer litigation?  Would the claimants be required to return the property, or a portion of the proceeds from the sale of the Jet?

---

[1] All page references are to the docket page number, not the internal page number.

What if Honda had decided to appeal the summary judgment ruling against it in the fraudulent transfer litigation and the appeal went on for years? Could Honda wait until the resolution of the appeal and then claim it suddenly acquired an "interest" in the property that needed to be adjudicated in this forfeiture action?

What these questions demonstrate is that Honda's current claim that it has an "equitable interest" in the forfeited property could have been raised before Honda decided to settle the fraudulent transfer litigation. Honda was well aware of the allegations and evidence that a portion of the money used to purchase the Jet was embezzled from EA and its client, Alexis Gardner. The allegations were set forth in detail in the Estate's adversary complaint filed against Honda on October 20, 2020, including an exhibit showing the flow of the money. [See In re Eagan Avenatti, LLP, Case No. 8:19-bk-13560-SC, Dkt. 225 (Oct. 20, 2020).] This was two years *before* the petition deadline in the present matter. [Dkt. 975.]

For example, Honda contends it has a "constructive trust interest" in the Jet because Michael Avenatti acquired title to the Jet under "false pretense." [Dkt. 1143, p. 8.] Honda further claims this "constructive trust interest" "immediately arose in favor of Honda upon [Mr. Avenatti's] commission of the wrongful conduct" and "[t]his conduct occurred, at the latest, on January 26, 2017." [Id., pp. 14:25 – 15:3.] In other words, under Honda's *own* theory, it admits it had an "interest" in the Jet *before* the petition deadline in 2022. [Id.] This interest did not suddenly come into existence when Honda settled the fraudulent transfer litigation in 2024. Under Honda's *own* theory, Honda has had this "constructive trust interest" in the Jet since 2017 "at the latest." [Id.] Moreover, as set forth above, Honda was on notice of the facts supporting this interest *before* the petition deadline via the 2020 adversary complaint in the fraudulent transfer litigation. [See In re Eagan Avenatti, LLP, Case No. 8:19-bk-13560-SC, Dkt. 225 (Oct. 20, 2020).] In sum, Honda could have raised its "constructive trust theory" prior to the petition deadline, and there is no reason under Rule 60 that Honda should be excused for its two-year delay.

*Third*, Honda's interest is <u>not</u> superior to the other claimants, in particular JFL. "Under California law, the rights of a judgment lien creditor are superior to those of a party that later obtains an order retroactively imposing a constructive trust." [<u>In re Charlton</u>, 389 B.R. 97, 104 (N.D. Cal. 2008).] The Ninth Circuit has specifically held that the imposition of a retroactive constructive trust may not be used to "interfere with a third party's prior claim that has been reduced to judgment and levied upon." [<u>CHoPP Computer Corp. v. U.S.</u>, 5 F.3d 1344, 1348-49 (9th Cir. 1993).] This was the issue the Court requested supplemental briefing on, and why this Court did <u>not</u> adopt its prior tentative after the hearing on June 26, 2023. [Dkt. 1110.]

Since that time, JFL has only strengthened its rights as a judgment creditor. Specifically, on **September 11, 2024**, the Superior Court for the State of California, County of Los Angeles, amended JFL's judgment against Michael Avenatti to add Avenatti's personal corporation, Avenatti & Associates, APC ("A&A") as an alter ego and additional judgment debtor, *nunc pro tunc* (meaning it applies retroactively to JFL's original judgment against Avenatti and JFL's judgment liens.) [<u>See</u>, <u>e.g.</u>, <u>Butler America. LLC v. Aviation Assurance Co., LLC</u>, 55 Cal.App.5th 136, 145 (2020) (explaining that adding an additional judgment debtor under California Code of Civil Procedure § 187 as the alter ego of the existing judgment debtor does <u>not</u> constitute a new judgment; instead, "the court is amending the judgment to add the real judgment debtor.").] A copy of the order is attached as **Exhibit A**.

On **September 12, 2024,** JFL filed an Amended Notice of Judgment Lien with the California Secretary of State adding A&A as an additional judgment debtor and obtained and personally served a judgment debtor examination order on A&A, thereby further securing its judgment liens on A&A and its business property and interests. [Cal. Civ. Proc. Code §§ 697.510(a); 708.110(d); <u>In re Imagine Fulfillment Servs., LLC</u>, 489 B.R. 136, 144 (C.D.Cal. 2013).] A copy of Amended Notice of Judgment Lien and Examination Order are attached as **Exhibit B and C.**

On **September 16, 2024**, JFL filed a Motion for a Charging Order on A&A's interest in Passport 420, LLC ("Passport 420") -- which is the title owner of the Jet. [Cal. Civ. Proc. Code § 708.310.]   This motion was served on Passport 420, LLC on **September 18, 2024**, thereby creating a lien on A&A's interest in Passport 420 and its property.  [Cal. Civ. Proc. Code § 708.320; MDQ LLC v. Gilbert, Kelly Crowley & Jennett LLP, 32 Cal.App.5th 702, 711 (2019).]  The California Superior Court thereafter granted the motion and issued the charging order on **March 25, 2025**.  A copy of the Motion, Proof of Service, and Charging Order are attached as **Exhibits D, E** and **F.**

In sum, Honda's Petition is not only untimely, but it is also without merit because a constructive trust cannot interfere with JFL's superior lien rights as a judgment creditor. For the same reasons, the Government's position that it or Alexis Gardner have a higher priority position than JFL is likewise without merit (as addressed in the prior briefing).

For the foregoing reasons, Honda's Petition should be denied.

Dated:  April 7, 2025                         FRANK SIMS & STOLPER LLP

                                              By:   /s/ Andrew D. Stolper
                                                   Andrew D. Stolper
                                                   Attorneys for Claimant
                                                   Jason Frank Law, PLC

### DECLARATION OF ANDREW D. STOLPER

I, Andrew D. Stolper, declare as follows:

1.    I am a partner in the law firm of Frank Sims & Stolper, LLP, counsel of record for judgment creditor, Jason Frank Law, PLC ("JFL").  I am admitted to practice law before all federal and state courts in the State of California, and I am a member in good standing of the State Bar of California.  I am making this declaration in support of JFL's Opposition to Honda Aircraft Company LLC's Motion for Order Allowing Filing of Petition Asserting Interest in Forfeited Property and Petition Asserting Interest in Forfeited Property.  I have personal knowledge of the facts set forth herein, unless stated on information and belief, and if called as a witness, I could and would competently testify thereto.

2.    Attached hereto as **Exhibit A** is a true and correct copy of the Amended Judgment filed on September 11, 2024 in Jason Frank Law PLC v. Michael J. Avenatti, Los Angeles Superior Court Case Number BC706555.

3.    Attached hereto as **Exhibit B** is a true and correct copy of the Amended Notice of Judgment Lien filed on September 12, 2024 with the California Secretary of State.

4.    Attached hereto as **Exhibit C** is a true and correct copy of the Application and Order for Appearance and Examination filed on September 12, 2024 in Jason Frank Law PLC v. Michael J. Avenatti, Los Angeles Superior Court Case Number BC706555.

5.    Attached hereto as **Exhibit D** is a true and correct copy of JFL's Notice of Motion and Motion for Order Charging Membership Interest of Judgment Debtor Avenatti & Associates APC in Passport 420, LLC filed on September 16, 2024 in Jason Frank Law PLC v. Michael J. Avenatti, Los Angeles Superior Court Case Number BC706555.

6.      Attached hereto as **Exhibit E** is a true and correct copy of the Proof of Service on Passport 420, LLC of JFL's Notice of Motion and Motion for Order Charging Membership Interest of Judgment Debtor Avenatti & Associates APC in Passport 420, LLC filed on September 16, 2024 in Jason Frank Law PLC v. Michael J. Avenatti, Los Angeles Superior Court Case Number BC706555, personally served on September 18, 2024.

7.      Attached hereto as **Exhibit F** is a true and correct copy of the Notice of Entry of Order Charging Membership Interest of Judgment Debtor Avenatti & Associates APC in Passport 420, LLC filed on March 25, 2025, in Jason Frank Law PLC v. Michael J. Avenatti, Los Angeles Superior Court Case Number BC706555.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 7th day of April, 2025 at Irvine, California.

    _/s/ Andrew D. Stolper_
    Andrew D. Stolper

**CLAIMAINT JASON FRANK LAW, PLC'S OPPOSITION TO HONDA'S MOTION & PETITION**