# EXHIBIT P

```
STATE BAR COURT OF THE STATE OF CALIFORNIA

-------------------------X

IN THE MATTER OF:

    STATE BAR OF CALIFORNIA,

                    Petitioner,
                                          Case No.:
                                          19TE30259
        Vs.

    MICHAEL J. AVENATTI,

                    Respondent.

-------------------------X

                    January 14, 2020

HELD AT:            845 S. Figueroa Street
                    Los Angeles, CA 90017

BEFORE:             HONORABLE YVETTE D. ROLAND,
                    Judge

APPEARANCES:        ELI MORGENSTERN, ESQ.
                    Attorney for the Petitioner
                    OFFICE OF THE CHIEF TRIAL COUNSEL
                    The State Bar of California

                    TOM WARREN, ESQ.
                    DALE DUGAN, ESQ.
                    Attorneys for the Respondent
                    PIERCE BAINBRIDGE BECK PRICE & HECHT
                    LLP

                    ELLEN PANSKY, ESQ.
                    Attorney for the Respondent
                    PANSKY, MARKEL

TRANSCRIBER:        JOYCE A. WASER
```

INDEX

W I T N E S S E S

| PETITIONER: WITNESS | DIRECT | CROSS | RE DIRECT | RE CROSS | V.D. | J |
|---|---|---|---|---|---|---|
| M. Avenatti | 4 | | | | | |

| RESPONDENT: WITNESS | DIRECT | CROSS | RE DIRECT | RE CROSS | V.D. | J |
|---|---|---|---|---|---|---|

E X H I B I T S

PETITIONER:
| IDENTIFICATION | DESCRIPTION | I.D. | IN EV. |
|---|---|---|---|

RESPONDENT:
| IDENTIFICATION | DESCRIPTION | I.D. | IN EV. |
|---|---|---|---|

```
 1                THE COURT:  Okay, your next witness, Mr.
 2   Morgenstern?
 3                MR. ELI MORGENSTERN:  The State calls
 4   Respondent, Michael Avenatti.
 5                COURT OFFICER:  [unintelligible] just
 6   [unintelligible].  Do you state that the testimony
 7   you are about to give, in the matter now pending
 8   before this Court, will be the truth, the whole
 9   truth, and nothing but the truth?
10                MR. MICHAEL J. AVENATTI:  I do.
11                COURT OFFICER:  Thank you.  Go ahead and
12   have a seat, and state - I'm sorry.  Spell your first
13   and last name, for the record please.
14                MR. AVENATTI:  Yes.  Michael, middle name
15   John, last name Avenatti, A-V-E-N-A-T-T-I.
16                COURT OFFICER:  Thank you.
17                THE COURT:  Good afternoon, Mr. Avenatti.
18                MR. AVENATTI:  Good afternoon, Your Honor.
19                THE COURT:  Mr. Morgenstern, Mr. Warren,
20   would you like to have a seat?
21                MR. TOM WARREN:  Yes, Your Honor.  I just
22   wanted to know if Mr. Avenatti wanted some water, or
23   something.  I don't know if there is some up there
24   for you.
25                THE COURT:  There should be.
```

1     that issue would have arisen in the context of
2     exhibits 1015 or 1016.  But the issue here is whether
3     or not Exhibit 1004, that everyone has, these
4     exhibits were served some time back, whether that
5     exhibit contains an email, from Mr. Avenatti, or
6     anyone at his firm, advising Mr. Berella about Mr.
7     Avenatti, or the firm's receipt of the settlement
8     funds, the Berella settlement funds.
9         Q:   And there isn't one, isn't that correct, Mr.
10    Avenatti?
11        A:   Mr. Morgenstern, that's the third time – I have
12    answered this question three times.
13        Q:   Let me – is there a reason why you haven't
14    reviewed your own exhibits?
15              MR. WARREN:  Your Honor, are we going to do
16        this again?  Objection—
17              THE COURT:  [Interposing] Objection as to?
18              MR. WARREN:  Argue – argumentative.
19              THE COURT:  Mr. Avenatti, have you reviewed
20        Exhibit 1004, for the purpose of determining whether
21        or not there is an email, in that exhibit, that
22        references your receipt, or the firm's receive of the
23        Berella settlement funds?
24              MR. AVENATTI:  Your Honor, I'm sorry.  I
25        have reviewed the exhibits.  I have not reviewed the

1      Exhibit 1004 for that purpose.

2      Q:   Well, in your review, for whatever purpose, you

3  didn't find an email where you notified Mr. Berella of the

4  receipt of his – of the initial 1.6 million dollar

5  settlement payment, isn't that correct, Mr. Avenatti?

6              MR. WARREN:  Objection, asked and answered.

7              THE COURT:  Overruled.

8      A:   Sir, I don't recall finding that email in this

9  exhibit.  But I wasn't looking for that email.

10     Q:   The answer is—

11     A:   [Interposing] But I would like to see all the

12  emails, frankly.

13             THE COURT:  Okay.  Mr. Avenatti, do you

14  recall generating an email or a text message, or any

15  form of communication that informed Mr. Berella about

16  the receipt of the 1.6 million dollars in settlement

17  funds?

18             MR. AVENATTI:  Mr. Berella was fully

19  informed of the receipt of those monies, Your Honor.

20  I don't recall how he was informed.

21             THE COURT:  Okay.  Mr. Morgenstern?

22     Q:   Mr. Avenatti, if you had informed him, let's say

23  first by text message, don't you think that would be an

24  important text message to provide the State Bar?

25             MR. WARREN:  Objection, Your Honor,

1      the stand.  Because Mr. Berella specifically
2      testified that he provided all of the documents,
3      texts and emails, that related to Mr. Avenatti's
4      representation to them.  And yet, we have received
5      barely anything, from – from the State Bar.
6      Compounded by the fact that we now know that there
7      was at least two documents, at least one of which was
8      specifically—
9              THE COURT:  [Interposing] Okay, Mr. Warren,
10     is it your understanding that the Exhibit 1004
11     documents are documents that Respondent has produced,
12     from materials provided to him, by the U.S.
13     Attorney's Office?
14             MR. WARREN:  That is correct, Your Honor.
15             THE COURT:  Okay.  Let's – let's move on.
16             MR. WARREN:  Thank you, Your Honor.
17             THE COURT:  Mr. Morgenstern?
18     Q:   The bottom line is, just so it is abundantly
19  clear, you didn't—
20             THE COURT:  [Interposing] Let's not repeat
21     anything that we have already covered.
22             MR. MORGENSTERN:  All right.
23             THE COURT:  It is abundantly clear.
24     Q:   If you had a document, in your possession, a
25  written document, that showed that you notified Mr.

1    Berella that you received his funds, on or about January

2    5th, 2018, you would have produced that document, wouldn't

3    you have, Mr. Avenatti?

4        A:   Sir, we produced whatever documents we had

5    access to, relating to the issues here today.  But that is

6    a small subset of the totality of the documents.

7        Q:   But none of the documents, that you produced,

8    demonstrated that you notified Mr. Berella, of the receipt

9    of the initial 1.6 million dollar settlement payment,

10   isn't that correct?

11       A:   I - I disagree with that assertion, sir.

12       Q:   Well, time is very valuable here, but you can't

13   point to one - to one exhibit, written exhibit, that you

14   launched, that demonstrated that you notified him, in

15   writing, of the receipt of his initial 1.6 million dollar

16   settlement payment, can you, Mr. Avenatti?

17       A:   I disagree with that, sir—

18       MR. WARREN:  [Interposing] Hang on a

19       second.  Objection to the form of the question -

20       argumentative, asked and answered.

21       THE COURT:  Okay, overruled.

22       A:   ==Sir, I disagree with that, for the following==

23   ==reason.  If you read through the text messages, the litany==

24   ==of text messages and other documents relating to my==

25   ==communications with Mr. Berella, and you compare that to==

1    the testimony that he has provided in this hearing, the
2    last two days, you can easily conclude that Mr. Berella,
3    number one is lying about being notified.  And number two,
4    his behavior and his communications were not consistent
5    with what he is claiming in this matter.  That is my
6    testimony, sir.
7                MR. MORGENSTERN:  Your Honor, move to
8        strike as non-responsive.
9                THE COURT:  Okay, overruled.  However, Mr.
10       Avenatti, I understood Mr. Morgenstern's question to
11       relate to a specific document.  If you are aware of
12       any document that reflects that Mr. Berella was
13       notified, of the receipt of—
14               MR. AVENATTI:  [Interposing] I am not aware
15       of a specific document that has been produced to
16       date, reflecting that.
17               THE COURT:  Okay.  Mr. Morgenstern?
18       Q:   Upon receiving Mr. Berella's initial 1.6 million
19   dollar settlement payment, from the settling party, as an
20   attorney of 18 years' experience, at the time, you were
21   aware that you were required to provide Mr. Berella an
22   accounting of those funds, correct?
23       A:   I was aware that there was an obligation to
24   provide an accounting, a general accounting, to the
25   client, at some point, yes.  I don't know what the time

1    Q:   You also left a voicemail message, for Mr.
2    Berella, on November 17th, 2018, isn't that right?
3    A:   Consistent with my regular communications, with
4    Mr. Berella, I left a voicemail message, I sent a text
5    message, I emailed him.  He never called.
6    Q:   But you never sent an accounting, either, isn't
7    that right?
8         MR. WARREN:  Objection, asked and answered.
9    A:   I have already answered—
10        MR. WARREN:  [Interposing] Objection, asked
11   and answered.
12        THE COURT:  Overruled.  You can answer it.
13   Does your answer differ from your prior answers?
14        MR. AVENATTI:  No, it is the same answer,
15   Your Honor.
16        THE COURT:  Okay.  Mr. Morgenstern—
17   Q:   [Interposing] Inviting your attention to State
18   Bar Exhibit 44, this is a letter that Mr. Bledsoe sent to
19   you, on December 3rd, 2018, via email, isn't that right?
20        MR. WARREN:  Objection, foundation.
21        THE COURT:  Overruled.
22   A:   Mr. Morgenstern, that is what the document says.
23   I don't have a recollection of receiving this, and I can't
24   confirm or deny it, without access to the entirety of my
25   documents.

1   Q:   In this – in this letter, among other things,
2   Mr. – Mr. Bledsoe, once again, asks that you provide an
3   immediate accounting, in the event that the settling party
4   made the initial 1.6 million dollar payment provided for
5   in the settlement agreement.  Do you see that?
6            MR. WARREN:  Mr. Morgenstern, where on this
7       page are you referencing?
8            MR. MORGENSTERN:  I am looking at the first
9       paragraph, and then it is numbered 3, within the
10      first paragraph.
11  A:   I see the words on the page, sir.
12  Q:   All right.  You never provided an accounting, in
13  response to this letter, isn't that right?
14  A:   Sir, I am going to stand on my prior answer.
15           MR. WARREN:  And a belated asked and
16      answered.
17           MR. MORGENSTERN:  It is a different
18      document number; I am referring to.
19           MR. WARREN:  The question is about whether
20      he ever provided an accounting.
21           THE COURT:  Okay.  You can answer the
22      question, Mr. Avenatti.
23  A:   I don't have a recollection of providing an
24  accounting, after this letter.
25  Q:   In fact, you don't have a recollection of ever

```
 1    providing Mr. Berella, with an accounting, isn't that
 2    right?
 3         A:   No, that is completely false.
 4              MR. WARREN:  Objection.  Objection.
 5         A:   That is completely—
 6              MR. WARREN:  [Interposing] Hang on, there
 7    is an objection.
 8              THE COURT:  Mr. Avenatti, allow your
 9    counsel to state his objection.
10              MR. WARREN:  Misstates the testimony; asked
11    and answered.
12              THE COURT:  Overruled.
13         A:   No, that is completely false, Mr. Morgenstern.
14    I would happy to put my credibility up against Mr.
15    Berella's at any point in time, on this issue, or any
16    other issue.
17              MR. MORGENSTERN:  Move to strike as non-
18    responsive, every—
19              THE COURT:  [Interposing] Sustained, as to
20    the last sentence, regarding credibility.
21         Q:   Even though you claim to have provided an
22    accounting, once again, not one of your exhibits consists
23    of an accounting to Mr. Berella, isn't that right?
24              MR. WARREN:  Objection.
25              THE COURT:  That has been asked and
```

C E R T I F I C A T E

I, Joyce A. Waser certify that the foregoing transcript of proceedings in the State Bar Court of the State of California, Case No. 19TE30259 was prepared using the required transcription equipment and is a true and accurate record of the proceedings to the best of my ability. I further certify that I am not connected by blood, marriage or employment with any of the parties herein nor interested directly or indirectly in the matter transcribed.

Signature: *Jawaser*

Date: April 16, 2020